MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF REVISED ORDER (I) APPROVING DISCLOSURE
STATEMENT, (II) ESTABLISHING PROCEDURES FOR SOLICITATION
AND TABULATION OF VOTES TO ACCEPT OR REJCT THE PLAN
PROPONENTS' JOINT CHAPTER 11 PLAN, (III) APPROVING THE
FORM OF BALLOTS, (IV) SCHEDULING A HEARING ON CONFIRMATION
OF THE PLAN, (V) APPROVING PROCEDURES FOR NOTICE OF THE
CONFIRMATION HEARING AND FOR FILING OBJECTIONS TO
CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on July 3, 2013, the debtors and debtors in possession in

the above-captioned cases (collectively, the "Debtors") and the Official Committee of Unsecured

Creditors therefor (the "Creditors' Committee," and together with the Debtors, the "Plan

Proponents") filed the *Plan Proponents' Motion for an Order (I) Approving Disclosure*

*Statement, (II) Establishing Procedures For Solicitation and Tabulation of Votes to Accept or*

*Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV)*

*Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the*

*Confirmation Hearing and For Filing Objections to Confirmation of the Plan, and (VI) Granting*

*Related Relief* [Docket No. 4152] (the "Motion").

**PLEASE TAKE NOTICE** that the Debtors hereby submit the revised Disclosure

Statement Approval Order (as defined in the Motion) (the "Revised Disclosure Statement

Approval Order"), annexed hereto as Exhibit 1 including revised forms of all exhibits thereto.  A

comparison of the initial Disclosure Statement Approval Order filed with the Motion and the

Revised Disclosure Statement Approval Proposed Order is attached hereto as Exhibit 2.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion and the Revised

Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the

Debtors' restructuring website at www.kccllc.net/rescap.


Dated: August 16, 2013
      New York, New York

<div style="margin-left:50%">

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*

</div>

ny-1104907

**<u>EXHIBIT 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                          )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,        )        Chapter 11
)
                                    Debtors.    )        Jointly Administered
---------------------------------------------------------------  )

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT
OR REJECT THE PLAN PROPONENTS' JOINT CHAPTER 11 PLAN,
(III) APPROVING THE FORM OF BALLOTS, (IV) SCHEDULING A HEARING ON
CONFIRMATION OF THE PLAN, (V) APPROVING PROCEDURES FOR NOTICE OF
THE CONFIRMATION HEARING AND FOR FILING OBJECTIONS TO
<u>CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors and Creditors' Committee

(together, the "<u>Plan Proponents</u>"), for an order (this "<u>Disclosure Statement Order</u>"), pursuant to

Bankruptcy Code sections 1125, and 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules

2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 3017-1, 3018-1, and 3020-1 (a)

approving the Disclosure Statement as providing "adequate information" within the meaning of

section 1125(a); (b) authorizing certain procedures for the solicitation of votes on the Plan (the

"<u>Solicitation Procedures</u>") and procedures for the tabulation of such votes (the "<u>Tabulation</u>

<u>Procedures</u>"); (c) authorizing the form of ballots, notices, and certain other documents to be

distributed in connection with the solicitation of the Plan as set forth in <u>Exhibits A through F</u>

hereto; (d) approving certain key dates described herein relating to the confirmation of the Plan

(the "<u>Plan Confirmation Schedule</u>"), and the deadlines contained Solicitation Procedures; and

(e) approving procedures for notice of the confirmation hearing and filing objections to

---

[1]    Capitalized terms used but not defined herein shall have the meanings set forth in the Plan, the Disclosure
Statement, or the Motion, as applicable.

confirmation of the Plan, all as more fully set forth therein; and due and proper notice of the

Motion and the deadline for objecting thereto having been provided; and a hearing having been

held on August 21, 2013 to consider the relief requested in the Motion (the "Hearing"); and upon

the record of the Hearing and all of the proceedings had before the Court; and the Court having

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and all objections to the Motion

being overruled or withdrawn; and after due deliberation and sufficient cause appearing therefor,

it is

FOUND AND DETERMINED THAT:

**I.**    **Jurisdiction and Venue**

A.    Consideration of the Motion and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

C.    The Court has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated January 31, 2012 (Preska, C.J.).

**II.**    **The Disclosure Statement**

D.    As to each of the Debtors, the Disclosure Statement contains adequate

information within the meaning of section 1125 of the Bankruptcy Code, and no further

information is necessary.

E.    The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third party release) provisions contained in the Plan.

F.    The Disclosure Statement complies with all applicable Local Rules.

## III.    Disclosure Statement Hearing Notice

Actual notice of the Hearing and the deadline for filing objection or responses to the Disclosure Statement was provided to: (a) the United States Trustee; (b) counsel to the Creditors' Committee; (c) all persons or entities that have requested notice of the proceedings in the Chapter 11 cases; (d) all persons or entities that have filed claims as of the date hereof; (e) all known creditors or known holders of prepetition claims as of the date of this Order, including all persons or entities listed in the Schedules at the addresses stated therein; (f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (g) all parties to litigation with the Debtors; (h) all parties to litigation with Ally relating to the Debtors' businesses, regardless of whether such parties are entitled to vote on the Plan; (i) all known members of potential class action lawsuits; (j) the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Southern District of New York and any other required governmental units; (k) the parties listed on the Special Service List and the General Service List (each as defined in the Case Management Procedures Order); (l) known potential creditors with claims unknown by the Debtors; (m) all holders of Claims and Equity Interests regardless of whether such holders are entitled to vote on the Plan; and (n) such additional persons and entities as deemed appropriate by the Plan Proponents. Further, such notice was published in the national edition of *The Wall Street Journal* on July 12,

2013 and in *USA Today* on July 15, 2013.  Such notice constitutes good and sufficient notice to all interested parties, and no further notice is necessary.

G.    The form and manner of notice of the time set for filing objections or responses to, and the time, date, and place of, the Hearing to consider the approval of the Disclosure Statement was adequate and complies with due process.

H.    All notices to be provided pursuant to the procedures hereby approved constitute good and sufficient notice to all parties in interest as to all matters relating to the Disclosure Statement Hearing and the Confirmation Hearing and no other or further notice need be provided.

**IV.    Solicitation and Tabulation Procedures**

I.    The Solicitation and Tabulation Procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with sections 1125 and 1126 of the Bankruptcy Code.

J.    The form of ballots and master ballots attached hereto as Exhibits A-1 through A-9 (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of these Chapter 11 Cases, and provide adequate information and instructions for each entity entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

K.    Claims in Classes **R-4, R-5, R-6, R-7, R-8, R-11, R-12, GS-4A, GS-4B, GS-5, GS-6, GS-7, GS-10, RS-4, RS-5, RS-6, RS-7, RS-8, RS-11, and RS-12**, along with certain sub-Classes of Claims in Classes **R-3, GS-3 and RS-3**, are impaired and, accordingly, holders of such claims are entitled to vote on account of such claims (collectively, the "Voting Creditors" and the classes containing such Voting Creditors defined as, collectively, "Voting Classes").

4

L.      Claims in Classes **R-1, R-2, GS-1, GS-2, RS-1, and RS-2**, along with certain sub-Classes of Claims in Classes **R-3, GS-3 and RS-3**, are unimpaired under the Plan and, accordingly, holders of such Claims are presumed to have accepted the Plan and are not entitled to vote on account of such Claims (collectively, the "Unimpaired Creditors" and the classes containing such Unimpaired Creditors defined as, collectively, "Unimpaired Classes").

M.      Claims in Classes **R-9, R-10, GS-8, GS-9, RS-9, and RS-10** will not receive or retain any property and, accordingly, holders of such Claims and Equity Interest are deemed to have rejected the Plan and are not entitled to vote on account of such Claims or Equity Interests (collectively, the "Rejecting Creditors," and with the Unimpaired Creditors, the "Non-Voting Creditors," and the classes containing such Rejecting Creditors defined as, collectively, "Rejecting Classes," and with the Unimpaired Class, the "Non-Voting Classes").

N.      The Notice of Non-Voting Status – Impaired Classes, substantially in the form annexed hereto as Exhibit B and the Notice of Non-Voting Status – Unimpaired Classes, substantially in the form annexed hereto as Exhibit C complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and, together with the Confirmation Hearing Notice, provides adequate notice to holders of claims and equity interests in the Non-Voting Classes of their non-voting status and of the Confirmation Hearing.  No further notice is necessary.

O.      The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002, 3017, and Local Rule 3017(b), and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

P.      The period, set forth below, during which the Debtors may solicit acceptances of the Plan, is a reasonable and sufficient time for Voting Creditors to make an

informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

## V.     The Confirmation Hearing

Q.     The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and for filing objections or responses to the Plan, provide due, proper and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is granted as provided herein.

## I.     Disclosure Statement

2.     The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and is **APPROVED**.

3.     All objections to the Disclosure Statement that have not been withdrawn or resolved previously or at the Hearing hereby are overruled.

## II.     Approval of Plan Confirmation Schedule

4.     The following dates and deadlines in connection with the Solicitation Procedures, the Tabulation Procedures, and the Confirmation Hearing are hereby **APPROVED**.

### A.     Voting Record Date

5.     The Voting Record Date shall be **August 16, 2013 at 5:00 p.m.**

6.     The transferee of a Transferred Claim will be entitled to receive a Solicitation Package and cast a Ballot on account of such Transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by 5:00 p.m. (Eastern time) one (1) business day prior to the Voting Record Date

or (b) the transferee files one (1) business day prior to the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

**B.    Voting Deadline**

7.    The Voting Deadline shall be **October 21, 2013 at 7:00 p.m.**

**C.    Plan Objection Deadline**

8.    The Plan Objection Deadline shall be **October 21, 2013 at 4:00 p.m**.

**D.    Confirmation Hearing**

9.    The Confirmation Hearing shall commence on **November 19, 2013 at 10:00 a.m.**.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

**E.    Other Dates**

10.    Any and all other dates and deadlines requested to be approved in the Motion are hereby approved.

**III.    Approval of Solicitation Procedures**

**A.    Parties Entitled to Vote**

11.    Each holder of a Claim in the Voting Classes shall be entitled to vote to accept or reject the Plan, unless such a claim meets the following criteria (the "Voting Non-Eligibility Criteria")—

> (a) as of the Voting Record Date, the outstanding amount of such claim is not greater than zero ($0.00);
>
> (b) as of the Voting Record Date, such claim has been disallowed or expunged;

(c) the Debtors scheduled such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or

(d) such claim is subject to an objection by September 20, 2013.

## B.    Temporary Allowance of Claims for Voting Purposes

12.    For voting purposes, each claim within the Voting Classes will be counted for voting purposes in an amount equal to the amount of the claim as set forth in (i) the Schedules or (ii) the filed proof of claim as reflected in the claims register maintained by KCC as of the Voting Record Date, subject to the following exceptions:

(a) If a claim meets any of the Voting Non-Eligibility Criteria, such claim will be disallowed for voting purposes;

(b) If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan against each Debtor at which the claimant has filed a claim in the applicable Debtor Group;

(c) If a claim is deemed allowed in accordance with an order of the Court or a stipulated agreement between the parties, such claim is allowed for voting purposes in the deemed allowed amount set forth in the order of the Court or the stipulated agreement between the parties;

(d) Each of the RMBS Trustees, Wilmington Trust Company, and Citibank, N.A. (collectively, the "Voting RMBS Trustees") solely in its capacity as Voting RMBS Trustee, indenture trustee, or separate trustee, will vote to accept the Plan on behalf of all the RMBS Trusts for which it acts, *except that*, in compliance with the Plan Support Agreement, solely with respect to any RMBS Trust for which an RMBS Trustee has accepted a valid direction under the relevant governing agreements to withdraw from the Plan Support Agreement, such RMBS Trustee shall vote as directed with respect to such RMBS Trust;

(e) If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in a liquidated amount, such claim will be temporarily allowed in the amount set forth in the proof of claim, unless such claim is contingent on its face (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) or disputed as set forth in subparagraph (j) below;

(f) If a claim for which a proof of claim has been timely filed is (i) contingent or unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Plan Proponents), or (ii) does not otherwise specify a fixed or liquidated amount, the claimant will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(g) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes;

(h) If a claim is represented by a timely filed proof of claim and determined by the Plan Proponents (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) to be contingent or unliquidated in part, such claim will be temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only;

(i) Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant will only be entitled to vote the unsecured claim in the applicable unsecured Plan class and will not be entitled to vote the secured claim in the otherwise applicable secured Plan class;

(j) If the Plan Proponents have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim will be temporarily disallowed for voting purposes, except as otherwise ordered by the Court pursuant to a Temporary Allowance Request Motion; *provided, however,* that if the Plan Proponents' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim will be temporarily allowed for voting purposes in the reduced amount and/or reclassified, except as otherwise ordered by the Court before the Voting Deadline pursuant to a Temporary Allowance Request Motion;

(k) If a claim is allowed pursuant to an order of the Court on or before October 23, 2013 in connection with a Temporary Allowance Request Motion, then such claimant will be entitled to vote to accept or reject the Plan in accordance with the terms of such order; and

(l) If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

C.      **Objection to Claims for Voting Purposes Only**

13.      The Voting Purposes Objection Deadline is **September 20, 2013**. The Voting Purposes Objection Deadline is a deadline solely for the purpose of determining whether a claim meets the Voting Non-Eligibility Criteria and shall not be a deadline by which the Plan Proponents or any other party must file objections to the allowance of any Claim or Equity Interest for any other purpose.

D.      **Filing of Temporary Allowance Request Motions**

14.      If any claimant elects to challenge the disallowance or classification or its claim for voting purposes, such claimant shall file with the Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim solely for voting purposes. The claimant's Ballot will not be counted, unless temporarily allowed by an order entered on or before **October 23, 2013** or as otherwise ordered by the Court. The following sets forth the proposed briefing schedule for the filing of a Temporary Allowance Request Motion:

(a) All Temporary Allowance Request Motions must be filed and served on or before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than **September 30, 2013**;

(b) All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **October 14, 2013 at 12:00 p.m.**;

(c) A claimant may file a reply to any objection or response to its motion on or before **October 18, 2013 at 4:00 p.m.**; and

(d) Any order temporarily allowing such claims must be entered on or before **October 23, 2013** or as otherwise ordered by the Court.

15.     Notwithstanding the foregoing, the Plan Proponents and a claimant may agree and stipulate to treatment of specific claims for voting purposes pursuant to a notice of presentment that is filed with the Court on no less than three (3) days' notice.

16.     Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the claimant(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name(s) of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Order, in each case so as to be received by the following parties (the "Notice Parties") (with a copy to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge) no later than **September 30, 2013**:

(a)    the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn: Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com;

(b)    the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com;

(c)    Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and

(d)    the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street,

Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

17.     Temporary Allowance Request Motions not compliant with the foregoing will not be considered by the Court and deemed denied except as otherwise ordered by the Court.

18.     Any claimant timely filing and serving a Temporary Allowance Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a determination of such motion by the Court.  No later than two (2) business days after the filing and service of such Temporary Allowance Request Motion, KCC will send the movant a Solicitation Package, and the movant shall be required to return its ballot to KCC by the Voting Deadline.

19.     If the Plan Proponents and such claimant are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such Temporary Allowance Request Motion shall be considered by the Court at such time as it shall direct.  At such hearing, the Court shall determine whether the provisional Ballot should be allowed to the extent for voting purposes and the amount(s) of the claim(s) that may be voted.

IV.     **Approval of Solicitation Packages and Solicitation Procedures**

A.     **Solicitation Packages**

20.     The Solicitation Packages are **APPROVED**.

21.     The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by **August 29, 2013**, or as soon thereafter as reasonably practicable.

22.     In accordance with Rule 3017(d), each Solicitation Package shall contain a copy of –

(a) this Disclosure Statement Order (without any of the exhibits hereto);

(b) if the recipient is a Voting Creditor or Voting Nominee, (i) the Confirmation Hearing Notice, (ii) the Disclosure Statement, including the Plan as an attachment, (iii) a Ballot, (iv) a letter explaining the Creditors' Committee's recommendation that the creditor vote in favor of the Plan, in the form attached to this Disclosure Statement Order as <u>Exhibit D</u>, and, (v) as appropriate, a postage-prepaid envelope; **<u>OR</u>**

(c) if the recipient is a holder of a claim or equity interest is a Non-Voting Class, **only** a Notice of Non-Voting Status – Unimpaired Classes or a Notice of Non-Voting Status – Impaired Classes; and

(d) such other materials as may be ordered or permitted by the Court.

23.     For the avoidance of doubt, holders of Junior Secured Notes Claims in Classes **<u>R-3, GS-3 and RS-3</u>** will receive Ballots for all of the Debtors at which they have Claims regardless of whether the Junior Secured Noteholder Claims at such Debtor are unimpaired and deemed to have accepted the Plan.  Holders of Junior Secured Notes Claims shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline with respect to each Debtor against which they have Claims, *provided that* votes cast in classes in which holders of Junior Secured Notes Claims are unimpaired shall not be counted for voting purposes.

24.     Each lead plaintiff or class representative in a class action lawsuit filed against the Debtors that has been settled, resolved prior to, or in connection with, confirmation of the Plan, or as otherwise allowed for voting purposes, shall receive a Ballot which will be tabulated as provided for in the Tabulation Procedures.

25.     To avoid duplication and reduce expenses, the KCC is authorized (but not directed) to provide creditors who have filed multiple Claims against the Debtors (whether against the same or multiple Debtors) with only one Solicitation Package and the appropriate number of Ballots (if applicable) for voting their Claims with based on the nature of the claims held and the Debtors against which such Claims are held.

26.     Copies of the Disclosure Statement and the Plan included in the Solicitation Package shall be provided in PDF format on an optical disc, such as a CD-ROM (with the exception of the Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copies) instead of printed hard copies.

27.     For Confirmation Hearing Notices and/or Solicitation Packages returned as undeliverable, the Debtors are excused from mailing Confirmation Hearing Notices and/or Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before **August 27, 2013**, and failure to mail Confirmation Hearing Notices and/or Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

**B.      Ballots**

28.     The forms of Ballots are **APPROVED**.

29.     To be counted as a vote to accept or reject the Plan, each General Ballot, Secured Claim Ballot, the RMBS Trustee Ballot, the FHFA Ballot, and Master Ballot must be properly executed, completed and delivered to KCC by (a) mail, (b) courier, or (c) personal delivery, so that it is <u>actually received</u> by KCC no later than the Voting Deadline.  Ballots submitted by facsimile, email, or other electronic means of transmission shall not be accepted, except in the sole absolute discretion of the Plan Proponents.

30.     Holders of Junior Secured Notes Claims in Classes **R-3, GS-3, and RS-3** and holders of Senior Unsecured Notes Claims in Class **R-4** (together, the "<u>Notes Claims</u>"), shall receive Ballots to record holders of such Claims including the bank, brokerage firm, or other agent or nominees (the "<u>Voting Nominee</u>").  Each Voting Nominee shall be entitled to receive

reasonably sufficient copies of beneficial owner Ballots for holders of Notes Claims in substantially the form annexed hereto as Exhibit A-1 with respect to the Junior Secured Notes Claims and Exhibit A-3 with respect to Senior Unsecured Notes Claims, and Solicitation Packages to distribute to the beneficial owners of the Notes Claims for whom such Voting Nominee holds such Notes Claims. The Debtors shall be responsible for each such Voting Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Owner Ballots and Solicitation Packages to the beneficial owners of the Notes Claims and tabulation of the Beneficial Owner Ballots. Additionally each Voting Nominee shall receive returned Beneficial Owner Ballots from the beneficial owners, tabulate the results, and return, inter alia, such results to KCC, in a ballot in the form annexed hereto in Exhibit A-2 with respect to the Junior Secured Notes Claims and Exhibit A-4 with respect to the Senior Unsecured Notes Claims, by the Voting Deadline, or arrange for beneficial holders to receive "prevalidated" Ballots for direct return for KCC before the Voting Deadline.

31.     Ballots shall be distributed to Voting Nominees together with the Solicitation Packages to be forwarded by them to the beneficial owners. Solicitation Packages will be distributed to beneficial owners approximately seven (7) days after the initial distribution of Solicitation Packages to the Voting Nominee.

32.     The Plan Proponents shall transmit an electronic copy of the Solicitation Package to Euroclear Bank S.A./N.V. ("Euroclear") and to Clearstream Banking, société anonyme ("Clearstream") to transmit the Solicitation Package to Voting Nominees who hold the Junior Secured Notes or Senior Unsecured Notes through Euroclear or Clearstream, respectively, as of the Voting Record Date. The Voting Nominees will then forward the Solicitation Package to beneficial owners of Junior Secured Notes or Senior Unsecured Notes who hold such Junior

Secured Notes or Senior Unsecured Notes through them, for voting pursuant to the procedures described below. The Voting Nominee will also instruct Euroclear or Clearstream, as applicable, to disclose their Voting Record Date position to KCC. Transmittal of Solicitation Packages to any holders of Junior Secured Notes or Senior Unsecured Notes held exclusively through Euroclear or Clearstream shall be deemed good, adequate, and sufficient notice if it is delivered by electronic mail on **August 29, 2013**, or as soon thereafter as reasonably practicable on Euroclear and Clearstream.

33.     Holders of Claims in Classes **R-4 (other than holders of Senior Unsecured Notes Claims), GS-4A, GS4-B, and RS-4** shall receive a Ballot substantially in the form annexed hereto as <u>Exhibit A-5</u> ("<u>General Ballot A</u>"), which may include non-substantive modifications and will be identified to the specific class of claimant.

34.     For the Allowed Claims of the RMBS Trusts classified in Classes GS-4 and RS-4, each respective Voting RMBS Trustee will receive Ballots substantially in the form annexed hereto as <u>Exhibit A-6</u> (the "<u>RMBS Trustee Ballot</u>") which may include non-substantive changes and will be identified to a specific class. Each respective Voting RMBS Trustee will vote all of its RMBS Trusts' Claims against each of the Debtor Groups on separate RMBS Trustee Ballots and each respective Voting RMBS Trustee will provide appropriate annexes to each RMBS Trustee Ballot listing all of the RMBS Trusts for which each Voting RMBS Trustee is voting and each RMBS Trust's vote.

35.     Holders of Claims in Classes **R-5, R-6, R-7, R-8, GS-5, GS-6, GS-7, RS-5, RS-6, RS-7, and RS-8** shall receive a Ballot substantially in the form annexed to the Disclosure Statement Approval Order as <u>Exhibit A-7</u> ("<u>General Ballot B</u>", and together with

General Ballot A, the "<u>General Ballot</u>"), which may include non-substantive modifications and will be identified to the specific class of claimant.

36.      Holders of Claims in Classes **R-11 and RS-11** shall receive a ballot substantially in the form annexed hereto as Exhibit A-8 (the "FHFA Ballot") which may include non-substantive modifications and will be identified to the specific class of claimant.

37.      Holders of Claims in Classes **R-12, GS-10, and RS-12** shall receive a ballot substantially in the form annexed hereto as Exhibit A-9 (the "Secured Claim Ballot"), which may include non-substantive modifications and will be identified to the specific class of claimant.

### C.      Notices of Non-Voting Status

38.      The Notices of Non-Voting Status are **APPROVED**.

39.      The Debtors shall distribute a Notice of Non-Voting Status – Unimpaired Class, substantially in the form annexed hereto as Exhibit B to the holders of claims in **R-1, R-2, GS-1, GS-2, RS-1, and RS-2** as of the close of business on the Voting Record Date, which classes are unimpaired and therefore not entitled to vote to accept or reject the Plan.

40.      The Debtors shall distribute a Notice of Non-Voting Status – Impaired Class, substantially in the form annexed hereto as Exhibit C to the holders of claims in **R-9, R-10, GS-8, GS-9, RS-9, and RS-10** as of the close of business on the Voting Record Date, which classes will not receive or retain any property under the Plan and will not be entitled to vote to accept or reject the Plan.

41.      The Notices of Non-Voting Status satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors therefore are not required to distribute copies of the Plan, the Disclosure Statement, and the Confirmation Hearing Notice to any holder of Claims and Interests in Classes **R-1, R-2, R-9, R-10, GS-1, GS-2, GS-8, GS-9,**

**RS-1, RS-2, RS-9, and RS-10**.   Such documents shall also be posted on the Debtors' restructuring website, www.kccllc.net/rescap.

## V.   Approval of Notice of Filing the Plan Supplement

42.   The Plan Supplement Notice in the form annexed hereto as Exhibit E is **APPROVED**.

43.   The Plan Proponents shall serve the Plan Supplement by **October 11, 2013** or such later date as may be approved by the Court, on those parties receiving the Solicitation Package.

44.   The Plan Proponents shall file the Assumption Schedule no later than twenty-one (21) days before the commencement of the Confirmation Hearing, on **October 29, 2013**, or such later date as may be approved by the Court.

## VI.   Approval of Tabulation Procedures

### A.   Tabulation Procedures

45.   The following Tabulation Procedures are **APPROVED**.

(a) Whenever a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b) The following Ballots will not be counted: (i) any Ballot that is properly completed, executed, and timely returned to KCC, but does not indicate either an acceptance or rejection of the Plan; (ii) any Ballot submitted for which the holder of a Claim entitled to vote to accept or reject the Plan votes to both accept and reject the Plan; (iii) in the absence of any extension of the Voting Deadline granted by the Plan Proponents, any Ballot received after the Voting Deadline; (iv) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (v) any Ballot cast by a person or entity that does not hold a Claim that is entitled to vote to accept or reject the Plan; (vi) any unsigned Ballot; or (vii) any Ballot transmitted to KCC by fax, e-mail, other electronic means of transmission, unless otherwise agreed to by the Plan Proponents;

(c) If no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class;

(d) In the event there are no creditors in a given sub-Class for a particular Debtor, such sub-Class will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that sub-Class;

(e) Ballots cast by lead plaintiff(s) or class representative(s) in a class action lawsuit filed against the Debtors that has been settled, otherwise resolved prior to, or in connection with, confirmation of the Plan, or otherwise allowed for voting purposes shall be: (i) counted as a separate vote for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) counted as one vote either to accept or reject the Plan as directed by such lead plaintiff(s) or class representative(s), in each case on a collective basis, in the aggregate amount of the allowed claim pertaining to such class action lawsuit forth in the Plan or as otherwise ordered by the Court, for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code; and

(f) RMBS Trustee Ballots will be counted for voting purposes: (i) as one separate vote for each of RMBS Trust listed on such ballot for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) in the amount that is deemed allowed pursuant to paragraph 12 hereof for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code.

46.    Notwithstanding subsection (c) of paragraph 45 above, the rights of all parties to argue that the "deemed acceptance" of votes contemplated therein is not permissible under applicable law are preserved for confirmation.

47.    The following additional Tabulation Procedures with respect to tabulating Master Ballots are **APPROVED**:

(g) Votes cast by holders of Notes Claims through Voting Nominees will be applied to the applicable positions held by such Voting Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Voting submitted by a Voting Nominee shall not be counted in excess of the amount of Notes Claims held by such Voting Nominee as of the Record Date;

(h) If conflicting votes or "over-votes" are submitted by a Voting Nominee, the Plan Proponents shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(i) If over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Voting Record Date position in the Junior Senior Notes and/or Senior Unsecured Notes.

(j) For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its Notes Claims; any principal amounts thus voted will be thereafter adjusted by the KCC, on a proportionate basis with a view to the amount of Junior Secured Notes and/or Senior Unsecured Notes actually voted, to reflect the corresponding claim amount, including, in the case of the Junior Secured Notes, any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(k) A single Voting Nominee may complete and deliver to KCC multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted, except to the extent that they are duplicative of another Master Ballot.  If two or more Master Ballots are inconsistent, the latest dated validly executed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede, and revoke any prior Master Ballot.

48.     The Plan Proponents may, either before or after the Voting Deadline, (i) extend the Voting Deadline and (ii) waive any defects or irregularities as to any particular Ballot at any time; *provided, however*, that (a) any such extension or waiver shall be documented in the Voting Certification, and (b) neither the Plan Proponents, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

49.     Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by KCC and the Plan Proponents, which determination shall be final and binding.

### B.     Withdrawal of Vote

50.     Any creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw such Ballot, subject to any rights of the Plan Proponents to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to KCC, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification by KCC.  A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented in such claims(s), (b) be executed by the withdrawing creditor, (c) contain a certification that the withdrawing creditor owns the claim(s) and possesses the right to withdraw the Ballot, and (d) be received by KCC prior to the Voting Deadline.  The Plan Proponents expressly reserve the right to contest the validity of any withdrawals of votes on the Plan

### C.     Changing of Votes

51.     Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and will supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Plan Proponents to object to the validity or allowance for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by KCC for all purposes; *provided,*

*however*, that as to any instance in which a vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by KCC shall indicate the changing of the particular vote.

### D.    No Division of Claims or Votes

52.    Except as set forth below and as it may relate to the procedures applicable to Master Ballots or as set forth in paragraphs 66-68 of the Motion and as set forth herein with respect to the Voting RMBS Trustees, each claimant who votes must vote the full amount of each claim in any one class either to accept or reject the Plan and may not split its vote within such class, and, therefore: (a) separate claims held by a single creditor in any one class will be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim against the Debtors in such class, (ii) such creditor will receive a single Ballot with respect to all of its claims in such class; and (iii) the votes related to such claims will be treated as a single vote to accept or reject the Plan.    Notwithstanding anything to the contrary herein, separate ballots will be provided, and the votes of creditors will not be aggregated, in the event that separate Ballots are requested by a creditor in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 47 of the Motion for filing any such motion and such motion is approved by the Court prior to the Voting Deadline.

53.    KCC is authorized (but not required) to contact parties that submit incomplete or otherwise deficient Ballots in order to cure such deficiencies and allow the Plan Proponents to waive such deficiencies in their discretion and without further order of the Court.

### E.    Certification of Votes

54.    KCC will process and tabulate Ballots and Master Ballots for each Class entitled to vote to accept or reject the Plan and, prior to the Confirmation Hearing, will file the voting certification (the "Voting Certification") no later than (7) seven days prior to the

Confirmation Hearing as required by Local Rule 3018-1 (the "Voting Certification Deadline") (on or about November 5, 2013 at 8:00 p.m.).

55.    Such Voting Certification shall list, inter alia, all instances in which (a) Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the Voting Deadline was extended, and (d) every irregular Ballot and Master Ballot including, without limitation, those Ballots and Master Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile, e-mail, or any other means.  With regard to section (d) of this paragraph, the Voting Certification shall indicate the Plan Proponents' intentions with regard to such irregular Ballots and Master Ballots.

56.    The Voting Certification shall be served on (a) all Notice Parties, (b) all parties entitled to notice pursuant to Case Management Procedures Order; (c) all known holders of claims listed on the Schedules (as amended or supplemented from time to time) at the addresses stated therein; (d) all parties who filed proofs of claim against any of the Debtors' estates that have not been expunged and disallowed by final order; and (e) all parties who have requested notice pursuant to Bankruptcy Rule 2002.

## VII.    Approval of the Confirmation Procedures

### A.    Confirmation Hearing Notice

57.    The Confirmation Hearing Notice substantially in the form annexed hereto as Exhibit F is **APPROVED**.

58.    The Plan Proponents shall mail a copy of the Confirmation Hearing Notice (to the extent not already provided in the distributions above) to: (a) the United States Trustee; (b) counsel to the Creditors' Committee; (c) all persons or entities that have requested notice of the proceedings in the Chapter 11 cases; (d) all persons or entities that have filed claims as of the

date hereof; (e) all known creditors or known holders of prepetition claims as of the date of this

Order, including all persons or entities listed in the Schedules at the addresses stated therein; (f)

all counterparties to the Debtors' executory contracts and unexpired leases listed on the

Schedules at the addresses stated therein; (g) all parties to litigation with the Debtors; (h) all

parties to litigation with Ally relating to the Debtors' businesses, regardless of whether such

parties are entitled to vote on the Plan; (i) all known members of potential class action lawsuits;

(j) the Internal Revenue Service, the Securities and Exchange Commission, the United States

Attorney for the Southern District of New York and any other required governmental units;

(k) the parties listed on the Special Service List and the General Service List (each as defined in

the Case Management Procedures Order); (l) known potential creditors with claims unknown by

the Debtors; (m) all holders of Claims and Equity Interests regardless of whether such holders

are entitled to vote on the Plan; (n) individual borrowers whose loans were serviced by the

Debtors as of September 20, 2012; and (o) such additional persons and entities as deemed

appropriate by the Plan Proponents.

59.    The Plan Proponents shall serve the Confirmation Hearing Notice upon

individual borrowers whose loans were serviced by the Debtors as of September 20, 2012 on or

about September 6, 2013.

60.    The Plan Proponents shall publish the Confirmation Hearing Notice in

each of the national editions of *The Wall Street Journal* and *USA Today* within seven (7)

business days after entry of the Disclosure Statement Approval Order (on or about August 29,

2013).

**B.    Objections to Confirmation of the Plan**

61.    Objections and responses, if any, to confirmation of the Plan, must (a) be

in writing, (b) conform to the Bankruptcy Rules, the Local Rules and the Case Management

Procedures Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objection party/(ies) against the Debtors, (e) state with particularity the legal and factual bases relied upon for the objection or response, (f) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures Order; and (g) be served General Order M-399 (which can be found at www.nysb.uscourts.gov) upon the Notice Parties on or prior to the Plan Objection Deadline.

62.     Any objections or responses must also be served upon and received by the Notice Parties no later than the Plan Objection Deadline

63.     Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and are denied and overruled unless otherwise ordered by the Court.

64.     The Plan Proponents may file and serve (i) as appropriate, replies or an omnibus reply to objections or responses that may be served and filed, and (ii) a memorandum in support of confirmation of the Plan, on or before November 12, 2013.

65.     Subject to the terms of the Plan Support Agreement, the Plan Proponents may make non-substantive changes to the Solicitation Package (including the Plan, Disclosure Statement, Ballots and Master Ballots), the Confirmation Hearing Notice, the Notices of Non-Voting Status, the Plan Supplement Notice, the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other

materials in the Solicitation Package, the Confirmation Hearing Notice, the Notices of Non-

Voting Status, and/or the Plan Supplement Notice, prior to distribution of such materials.

66.      This Court shall retain jurisdiction to hear and determine all matters

arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: August __, 2013
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit A-1**

Junior Secured Notes Claim (Beneficial Owner Ballot)

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------- | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS [GS-3] — JUNIOR SECURED NOTES CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KCC BY OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013].  The Plan is Exhibit A to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Class [GS-3] Junior Secured Notes Claims that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class [GS-3] Junior Secured Notes Claims.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class [GS-3] Junior Secured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A. as Junior Secured Notes Indenture Trustee.

- 2 -

materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

**VOTING INSTRUCTIONS**

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.  To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that were included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.  **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)  <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

    (ii)  <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.  If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

- 3 -

    (i)    Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

    (ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)    any unsigned Beneficial Owner Ballot or Master Ballot; and/or

    (vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.    If multiple Beneficial Owner Ballots are received from the same holder of a Class [GS-3] Junior Secured Notes Claim with respect to the same Class [GS-3] Junior Secured Notes Claim prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8.    If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

10.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

ny-1097774

12.   <u>Please be sure to sign and date your Ballot.</u>  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>(877) 833-4150</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS [GS-3] JUNIOR SECURED NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class [GS-3] Junior Secured Notes Claim in the below amount:

Claim Amount:  _____

ITEM 2.        **Vote.**  The holder of the Class [GS-3] Junior Secured Notes Claim that relates to this Ballot votes:

☐    **to ACCEPT the Plan.**            ☐    **to REJECT the Plan.**

**<u>IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:</u>**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE**

AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

ITEM 3.    **Certifications as to Class [GS-3] Junior Secured Notes Claims.** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class [GS-3] Junior Secured Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class [GS-3] Junior Secured Notes Claims for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS [GS-3] JUNIOR SECURED NOTES CLAIMS ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class [GS-3] Junior Secured Notes Claims Voted |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

ITEM 4.    **Certification.**   By signing this Ballot, the holder of the Class [GS-3] Junior Secured Notes Claims certifies that it:

　　a.   is the holder of the Class [GS-3] Junior Secured Notes Claims to which this Ballot pertains;

　　b.   has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

　　c.   has not submitted any other Ballots relating to the Class [GS-3] Junior Secured Notes Claims that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

- 6 -

Name of Claim Holder (Print or Type): _____

Nominee: _____

Social Security or Federal Tax I.D. No. _____
(Optional):

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of _____
Agent:

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address (if any): _____

Date Completed: _____


This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with this Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.


**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT ACTUALLY RECEIVE THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
OR THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL NOT BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

ny-1097774

# **Exhibit A-2**

Junior Secured Notes Claim (Master Ballot)

> NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------ | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS [GS-3] — JUNIOR SECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
> **FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
> **COMPLETING THIS BALLOT.**

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013]. The Plan is Exhibit A to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class [GS-3] Junior Secured Notes Claims under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class [GS-3] Junior Secured Notes Claims and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A., as indenture trustee or successor indenture trustee under the Junior Secured Notes Indenture, together with its respective successors and assigns.

(1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class [GS-3] Junior Secured Notes Claims and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

<u>If you are both the record holder and a Beneficial Owner of any Class [GS-3] Junior Secured Notes Claims and you wish to vote the Class [GS-3] Junior Secured Notes Claims for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class [GS-3] Junior Secured Notes Claims.</u>

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

<div style="border:1px solid">

<u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

</div>

## <u>VOTING INSTRUCTIONS</u>

1. All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2. You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class [GS-3] Junior Secured Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3. If you are both the record holder and the Beneficial Owner of any principal amount of the Class [GS-3] Junior Secured Notes Claims and you wish to vote any Class [GS-3] Junior Secured Notes Claims on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4. If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in <u>either</u> paragraph (5) <u>or</u> paragraph (6) apply (but not both).

5. **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class [GS-3] Junior Secured Notes Claims voted the amount of the Class [GS-3] Junior Secured Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must <u>immediately</u>:  (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

(i)     the pre-validated Beneficial Owner Ballot;

(ii)    a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

(iii)   clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually** **received** by KCC on or before 7:00 pm (Eastern Time) on October 21, 2013 (the "Voting Deadline").

6.     **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do <u>NOT</u> choose to pre-validate individual Beneficial Owner Ballots, you must:

(i)     immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually** **received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

(ii)    upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

    a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

    b.    execute the Master Ballot;

    c.    transmit such Master Ballot to KCC by the Voting Deadline; and

    d.    retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.     If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

(i)     Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)    Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)   any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)   any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

- 3 -

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.    The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.    **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.    No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

ny-1097776

> **If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
> the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
> Owners' votes transmitted hereby will not be counted.**

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), the undersigned (please check the applicable box):

❑   is a Nominee for the Beneficial Owners of the aggregate amount of Class [GS-3] Junior Secured Note Claims listed in Item 2 below and is the registered holder of the Class [GS-3] Junior Secured Note Claims represented by any such Class [GS-3] Junior Secured Note Claims;

❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class [GS-3] Junior Secured Note Claims listed in Item 2 below; or

❑   has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class [GS-3] Junior Secured Note Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class [GS-3] Junior Secured Note Claims described in Item 2 below.

ITEM 2.    **Vote With Respect to Class [GS-3] Junior Secured Notes Claims.**

<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class [GS-3] Junior Secured Notes Claims.  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class [GS-3] Junior Secured Notes Claims and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class [GS-3] Junior Secured Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class [GS-3] Junior Secured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class [GS-3] Junior Secured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| TOTALS: | $ | $ |

## IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

ny-1097776

ITEM 3.          **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class [GS-3] Junior Secured Notes Claims Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class [GS-3] Junior Secured Notes Claims for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM [ITEM 4] OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class [GS-3] Junior Secured Note Claims Voted | Principal Amount of Other Class [GS-3] Junior Secured Note Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.          **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.    it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.    it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.    it is the registered holder of the Class R-3 Junior Secured Notes Claims being voted, or an agent therefor;

- 7 -

4.    it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.    it has properly disclosed:

   (i)    the number of Beneficial Owners who completed Beneficial Owner Ballots;

   (ii)    the respective amounts of the Class R-3 Junior Secured Notes Claims by each Beneficial Owner who completed a Beneficial Owner Ballot;

   (iii)    each such Beneficial Owner's respective vote concerning the Plan;

   (iv)    each such Beneficial Owner's certification as to other Class R-3 Junior Secured Notes Claims voted; and

   (v)    the customer account or other identification number for each such Beneficial Owner;

6.    each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.    it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| ☐    Name of Proxy Holder or Agent for Nominee: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the beneficial owners of the Junior Secured Notes Claims and tabulation of the Beneficial Owner Ballots. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this

- 8 -

time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER
BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

---

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

---

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

- 9 -

ny-1097776

# **Exhibit A-3**

Senior Unsecured Notes Claim (Beneficial Owner Ballot)

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------- | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR
REJECTING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

- 1 -

ny-1098057

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KCC BY OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013]. The Plan is Exhibit A to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of in each voting class that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012, (b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due 2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

---

[1]  "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

- 2 -

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

> ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2. To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3. **If you hold Senior Unsecured Notes Claims on account of Senior Unsecured Notes denominated in Euros (i.e., the €750,000,000 5.125% Notes due 2012) or Great Britain Pounds (i.e., the £400,000,000 6.375% Notes due 2013 and the £400,000,000 7.875% Notes due 2014), you must convert the face amount of your euro-denominated or sterling denominated Senior Unsecured Note Claim to U.S. Dollars for purposes of calculating the claim amount in Item 1 of this Ballot in accordance with the following conversion rate, which is the rate in effect as of the commencement date of the Chapter 11 Cases: Great Britain Pounds spot rate of 1.6116 US Dollars and Euro spot rate of 1.2847 US Dollars.**

4. **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

   (i) <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

ny-1098057

(ii)    Not pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot directly to your Nominee in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

5.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

(i)    Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

(ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

(iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Beneficial Owner Ballot or Master Ballot; and/or

(vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

6.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

7.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

8.    If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

9.    If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

10.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

12.    <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such

- 4 -

holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877) 833-4150.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.        Claim Amount on account of dollar-denominated Senior Unsecured Notes:

$_____

b.        Claim Amount on account of euro-denominated Senior Unsecured Notes (convert to U.S dollars):

$ _____

c.        Claim Amount on account of sterling-denominated Senior Unsecured Notes (convert to U.S dollars):

$ _____

**Total Claim Amount (add a + b + c above): $_____**

ITEM 2.        **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐        **to ACCEPT the Plan.**                    ☐        **to REJECT the Plan.**

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER**

- 5 -

**ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

ITEM 3.        **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

</div>

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

ITEM 4.        **Certification.**  By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims)  certifies that it:

       a.  is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

       b.  has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

       c.  has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Nominee:                                 _____

Social Security or Federal Tax I.D. No.   _____
(Optional):

Signature:                               _____

Name of Signatory:                       _____

If Authorized Agent of Claimant, Title of  _____
Agent:

Street Address:                          _____

City, State, and Zip Code:               _____

Telephone Number:                        _____

Email Address (if any):                  _____

Date Completed:                          _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

- 7 -

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

ny-1098057

# **Exhibit A-4**

Senior Unsecured Notes Claim (Master Ballot)

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------
|  |  |
| --- | --- |
| In re: | ) |
|  | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
|  | ) |
| Debtors. | ) |
|  | ) |

)    Case No. 12-12020 (MG)

)    Chapter 11

)    Jointly Administered

--------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013]. The Plan is Exhibit A to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

Solicitation Package should include a return envelope addressed only to KCC.  With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

<u>If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).</u>

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE X OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2. You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3. If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4. If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in <u>either</u> paragraph (5) <u>or</u> paragraph (6) apply (but not both).

5. **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's

holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must <u>immediately</u>: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

(i)    the pre-validated Beneficial Owner Ballot;

(ii)    a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

(iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.    <u>**NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**</u>:    If you do <u>NOT</u> choose to pre-validate individual Beneficial Owner Ballots, you must:

(i)    immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

(ii)    upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

b.    execute the Master Ballot;

c.    transmit such Master Ballot to KCC by the Voting Deadline; and

d.    retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.    If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

(i)    Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)    Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

- 3 -

(iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.    The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.    **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.    No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B)**

ny-1098053

TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.

---

> **If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
> the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
> Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "<u>**Voting Record Date**</u>"), the undersigned (please check the applicable box):

❑   is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims);

❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑   has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.        **Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

        <u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

        <u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

## IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE

**HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

ITEM 3.     **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM  ITEM 3 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.     **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1. it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

- 7 -

2.  it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.  it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4.  it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.  it has properly disclosed:

    (i)      the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)     the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) by each Beneficial Owner who completed a Beneficial Owner Ballot;

    (iii)    each such Beneficial Owner's respective vote concerning the Plan;

    (iv)     each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

    (v)      the customer account or other identification number for each such Beneficial Owner;

6.  each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.  it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

ny-1098053

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| ☐        Name   of   Proxy   Holder   or Nominee: | |
| | (Print or Type) |
| Social   Security   or   Federal   Tax   Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Nominee) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with a Master Ballot. Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS
MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT _ACTUALLY_ _RECEIVE_ THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF
THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

- 9 -

ny-1098053

## **Exhibit A-5**

General Ballot A

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY
REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR
OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT
CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] — [DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL
RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE
<u>OCTOBER 21, 2013 AT 7:00 P.M.</u> (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR
OVERNIGHT COURIER</u>. BALLOTS TRANSMITTED BY OTHER MEANS
(INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF
TRANSMISSION) WILL NOT BE ACCEPTED.**

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013]. The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of a [*Insert Debtor-Class and Designation Information*] under the Plan. If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class. Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A** [*Insert Debtor-Class and Designation Information*] **AS FOLLOWS:**

DEBTOR:_____

AMOUNT:_____

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.**  Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

**ITEM 1.**        **Claim Amount for Voting Purposes.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount: _____

**ITEM 2.**        **Vote.**  The holder of the [*Insert Debtor-Class and Designation Information*] identified in Item 1 votes:

☐    **to ACCEPT the Plan.**                 ☐    **to REJECT the Plan.**

ny-1097771

**ITEM 3.**          **Optional Election to be Treated as a [*Insert Debtor-Class and Designation Information*] Convenience Class**.

By checking the box below, regardless of the amount of your [*Insert Debtor-Class and Designation Information*], you elect to have your Claim treated as a [*Insert Debtor-Class and Designation Information*].  Holders of Allowed General Unsecured Convenience Claims in Class [*Insert-Debtor Class*] shall receive a distribution in Cash equal to 9% of such holder's Allowed Claim.

> ☐
> **The undersigned elects to have its Claim treated as a [*Insert Debtor-Class and Designation Information*] and acknowledges that any holder of an Allowed Claim will receive a distribution in Cash equal to 9% of such holder's Allowed Claim**

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

ny-1097771

**ITEM 4.        Certification.**

By signing this Ballot, the holder certifies that it:

       a.  is the holder of the Claim in Item 1 to which this Ballot pertains;

       b.  has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

       c.  has the full power to vote to accept or reject the Plan; and

       d.  has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No.    _____
(Optional):

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**<u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.</u>**

<u>KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.</u>

ny-1097771

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.  The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.  The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3.  In order for your vote to count, you must:

    (i)    Complete and certify the amount of your Claim in Item 1;

    (ii)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    (iii)  Review Item 3, the Plan provisions relating to the ability to elect to be treated as a General Unsecured Convenience Claim, and follow the instructions therein;

    (iv)   Review and sign the certifications in Item 4;

    (v)    Return your <u>original</u> Ballot in order for your vote to count;

    (vi)   If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    (vii)  Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**

ResCap Balloting Center, c/o KCC

2335 Alaska Ave

El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise. The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service. **In all cases, holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.**

6.  If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

- 5 -

7.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**"). A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief. In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion.

9.     This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.    If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.    If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.


## PLEASE MAIL YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1097771

## **Exhibit A-6**

RMBS Trustee Ballot

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMAITON OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
| | ) (MG) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |

**RMBS TRUSTEE BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] —[DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE <u>OCTOBER 21, 2013 AT 7:00 P.M.</u> (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR OVERNIGHT COURIER</u>.  BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.**

---

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013].  The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to trustees, indenture trustees and separate trustees of RMBS Trusts as holders of [*insert Debtor-Class and Designation Information*] under the Plan. If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class. Please use this Ballot to cast your vote to either accept or reject the Plan.

> **YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD** [*Insert Debtor-Class and Designation Information*] **CLAIMS ON BEHALF OF CERTAIN RMBS TRUSTS**

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

> ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

If you received the Solicitation Package in CD—ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC (**"KCC"**) (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

**ITEM 1.        RMBS Trusts Voting to Accept the Plan.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan on behalf of each RMBS Trust listed on Annex I attached hereto in the amounts listed therein for voting purposes, and that each such RMBS Trust listed on Annex I votes to accept the Plan.

**ITEM 2.**        **RMBS Trusts Voting to Reject the Plan.**

The undersigned certifies that as of August 16, 2013, it held a *[Insert Debtor-Class and Designation Information]* under the Plan on behalf of each RMBS Trust listed on Annex II attached hereto in the amounts listed therein for voting purposes, and that each such RMBS Trust listed on Annex II votes to reject the Plan.

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**ITEM 3.**        **Certification.**

By signing this Ballot, the holder certifies that it:

    1.        is the holder of the Claims in Item 1 and Item 2 to which this Ballot pertains;

    2.        has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set

forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

3.      has the full power to vote to accept or reject the Plan; and

4.      except as otherwise authorized in the Disclosure Statement Order, has not submitted any other Ballots relating to the Claims in Item 1 and Item 2 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type): _____

Social Security or Federal
Tax I.D. No. (Optional): _____

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of Agent: _____

Street Address: _____

City, State, and Zip Code: Telephone Number: _____

Email Address (if any): Date Completed: _____

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

**KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.    The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the **"Ballot Instructions"**) but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3.    In order for your vote to count, you must:

    (i)    Complete and certify the amount of each RMBS Trust Claim and cast **ONE** vote to accept or reject the Plan for each RMBS Trust by listing such RMBS Trust pursuant to Item 1 or Item 2 in Annex I or Annex II;

    (ii)    Review and sign the certifications in Item 3;

    (iii)    Return your <u>original</u> Ballot in order for your vote to count;

    (iv)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    (v)    Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**
ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.    If you are a party to the Plan Support Agreement, you must vote all of your RMBS Trust Claims to accept the Plan except for those RMBS Trusts that have validly opted out of the Plan Support Agreement, in which case you shall vote all of such opting-out RMBS Trust Claims as directed. An RMBS Trustee Ballot that partially rejects and partially accepts the Plan will not be counted. With respect to each RMBS Trustee Ballot, the Plan Proponents may not aggregate the Claims of any RMBS Trusts within a Class for the purpose of counting votes.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise. The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or h**and** or hand delivery service**. In all cases, holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.**

6.       If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.       The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.       If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the **"Temporary Allowance Request Motion").** A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion.

9.       This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.     If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11.     The following Ballots shall not be counted in determining the acceptance or rejection of the Plan in respect of any RMBS Trust, as applicable:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim or an RMBS Trust; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) with respect to any RMBS Trust, any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan for such RMBS Trust; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.     If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

### **PLEASE MAIL YOUR BALLOT PROMPTLY!**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

<u>**ANNEX I TO RMBS TRUSTEE BALLOT**</u>

<u>**RMBS TRUSTS VOTING TO ACCEPT THE PLAN**</u>

| <u>Name of RMBS Trust</u> | <u>Claim Pursuant to RMBS Trust Allocation Protocol</u> |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**ANNEX II TO RMBS TRUSTEE BALLOT**

**RMBS TRUSTS VOTING TO REJECT THE PLAN**

| Name of RMBS Trust | Claim Amount Allocable Pursuant to the RMBS Trust Allocation Protocol for Recognized Original R+W Claims, Recognized Additional R+W Claims, and Recognized Unsecured Servicing Claims |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## **Exhibit A-7**

General Ballot B

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY
REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR
OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------
                                              )
In re:                                        )      Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )      Chapter 11
                                              )
                              Debtors.        )      Jointly Administered
                                              )
--------------------------------------------------------------

BALLOT FOR ACCEPTING OR REJECTING THE JOINT
CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

[DEBTOR-CLASS] — [DESIGNATION]

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.

THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL
RETURNED SO THAT IT IS ACTUALLY RECEIVED BY KCC ON OR BEFORE
OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").

THIS BALLOT MUST BE TRANSMITTED BY MAIL, HAND DELIVERY OR
OVERNIGHT COURIER.  BALLOTS TRANSMITTED BY OTHER MEANS
(INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF
TRANSMISSION) WILL NOT BE ACCEPTED.

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013].  The Plan is Exhibit A to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*Insert Debtor-Class and Designation Information*] under the Plan.  If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class.  Please use this Ballot to cast your vote to either accept or reject the Plan.

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED
THAT YOU HOLD A** [*Insert Debtor-Class and Designation Information*] **AS FOLLOWS:**

DEBTOR: _____

AMOUNT: _____

**Your rights are described in the Plan and the Disclosure Statement, which were included in the
Solicitation Package.** Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS
FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES
WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR
REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION,
AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN
CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER*.*

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**
The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

**ITEM 1.**      **Claim Amount for Voting Purposes.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount: _____

**ITEM 2.**      **Vote.** The holder of the [*Insert Debtor-Class and Designation Information*] identified in Item 1 votes:

☐      **to ACCEPT the Plan.**            ☐      **to REJECT the Plan.**

- 2 -

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**ITEM 3.**     **Certification.**

By signing this Ballot, the holder certifies that it:

      a.   is the holder of the Claim in Item 1 to which this Ballot pertains;

      b.   has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

      c.   has the full power to vote to accept or reject the Plan; and

      d.   has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

ny-1098015

Name of Claim Holder (Print or Type):                    _____

Social Security or Federal Tax I.D. No.                   _____
(Optional):

Signature:                                               _____

Name of Signatory:                                       _____

If Authorized Agent of Claimant, Title of                _____
Agent:

Street Address:                                          _____

City, State, and Zip Code:                               _____

Telephone Number:                                        _____

Email Address (if any):                                  _____

Date Completed:                                          _____


This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.


**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

[[BELOW LEGEND ONLY FOR CLASS R-6, CLASS GS-6 AND CLASS RS-6 BALLOTS]]

---

**ATTENTION BORROWERS:**

**SILVERMANACAMPORA LLP HAS BEEN APPROVED AS SPECIAL BORROWER COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND IS AVAILABLE TO ANSWER ANY QUESTIONS YOU MAY HAVE AS A BORROWER WHOSE LOAN WAS ORIGINATED, SOLD, CONSOLIDATED, PURCHASED, AND/OR SERVICED BY RESIDENTIAL CAPITAL LLC OR ANY OF ITS SUBSIDIARIES.**

**PLEASE CALL 866-259-5217 IF YOU HAVE QUESTIONS REGARDING ANY NOTICE YOU RECEIVED FROM RESIDENTIAL CAPITAL, LLC OR ANY OF ITS SUBSIDIARIES.**

---

ny-1098015

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.      The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**<u>Ballot Instructions</u>**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.      The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.      In order for your vote to count, you must:

      (i)      Complete and certify the amount of your Claim in Item 1;

      (ii)     Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

      (iii)    Review and sign the certifications in Item 3;

      (iv)     Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

      (v)      If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

      (vi)     Return the completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

<div style="border:1px solid black; padding:10px;">

**<u>Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline</u>:**
ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

</div>

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **<u>In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors, and if so sent will not be counted.</u>**

6.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments

- 5 -

representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**"). A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief. In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12. If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1098015

# **Exhibit A-8**

FHFA Ballot

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------

)

In re:                                                    )          Case No. 12-12020 (MG)

                                                          )

RESIDENTIAL CAPITAL, LLC, et al.,                         )          Chapter 11

                                                          )

                                   Debtors.               )          Jointly Administered

------------------------------------------------------------------

)

BALLOT FOR ACCEPTING OR REJECTING THE JOINT
CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

[R-11 / RS-11] — [FHFA CLAIMS]

---

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS ACTUALLY RECEIVED BY KCC ON OR BEFORE OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").

THIS BALLOT MUST BE TRANSMITTED BY MAIL, HAND DELIVERY OR OVERNIGHT COURIER.  BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.

---

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "Court") signed an order (the "Disclosure Statement Order") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "Disclosure Statement") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "Plan") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtors, the "Plan Proponents") on [August __, 2013].  The Plan is Exhibit A to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "Solicitation Package"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "Ballot") is being sent to the holders of [*R-11 / RS-11 FHFA Claim*] under the Plan.  If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class.  Please use this Ballot to cast your vote to either accept or reject the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED
THAT YOU HOLD A** [*Insert Debtor-Class and Designation Information*] **AS FOLLOWS:**

   **DEBTOR:**_____

   **AMOUNT:**_____

---

           **Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

           **IN ACCORDANCE WITH ARTICLE III OF THE PLAN, AS A HOLDER OF A** [*R-11 / RS-11 FHFA Claim*] **YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN; PROVIDED, THAT IF THE BANKRUPTCY COURT DETERMINES THAT THE FHFA CLAIMS ARE SUBJECT TO SUBORDINATION UNDER SECTION 510((b) OF THE BANKRUPTCY CODE SUCH THAT HOLDERS OF ALLOWED FHFA CLAIMS AGAINST THE APPLICABLE DEBTOR GROUP ARE NOT ENTITLED TO RECEIVE A DISTRIBUTION UNDER THE PLAN, THEN HOLDERS OF SUCH FHFA CLAIMS WILL BE DEEMED TO REJECT THE PLAN AND SUCH VOTES WILL NOT BE COUNTED.**

           <u>**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**</u>

---

<u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION,
AND INJUNCTION PROVISIONS, AND **<u>ARTICLE IX.D CONTAINS A THIRD
PARTY RELEASE</u>**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY
BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

           If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

           **If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

ny-1104092

**ITEM 1.**        **Claim Amount for Voting Purposes.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*R-11 / RS-11 FHFA Claim*] Amount _____

**ITEM 2.**        **Vote.**  The holder of the [*R-11 / RS-11 FHFA Claim*] identified in Item 1 votes:

☐    **to ACCEPT the Plan.**        ☐    **to REJECT the Plan.**

**ITEM 3.**        **Certification.**

By signing this Ballot, the holder certifies that it:

    a.    is the holder of the Claim in Item 1 to which this Ballot pertains;

    b.    has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

    c.    has the full power to vote to accept or reject the Plan; and

    d.    has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type): _____

Social Security or Federal Tax I.D. No. (Optional): _____

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address (if any): _____

Date Completed: _____

- 3 -

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**<u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.</u>**

<u>KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.</u>

ny-1104092

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.      The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **<u>Exhibit A</u>** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**<u>Ballot Instructions</u>**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.      The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.      In order for your vote to count, you must:

> (i)      Complete and certify the amount of your Claim in Item 1;

> (ii)     Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

> (iii)    Review and sign the certifications in Item 3;

> (iv)     Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

> (v)      If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

> (vi)     Return the completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

> ### Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:
> ResCap Balloting Center, c/o KCC
> 2335 Alaska Ave
> El Segundo, CA 90245

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors, and if so sent will not be counted.**

6.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments

representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

9.  This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.  If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

11.  The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.  If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1104092

# **Exhibit A-9**

Secured Claim Ballot

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ )
                                                                   )
In re:                                                             )    Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, et al.,                                  )    Chapter 11
                                                                   )
                                              Debtors.             )    Jointly Administered
                                                                   )
------------------------------------------------------------------ )

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT
CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] — [DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL
RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE
OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR
OVERNIGHT COURIER</u>.  BALLOTS TRANSMITTED BY OTHER MEANS
(INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF
TRANSMISSION) WILL NOT BE ACCEPTED.**

---

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [August __], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [August __, 2013].  The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*Insert Debtor-Class and Designation Information*] under the Plan.  If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class.  Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

## IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

**ITEM 1.**        **Principal Amount of Class [*Insert Debtor-Class*] – Revolving Credit Facility Claims.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class*] – Revolving Credit Facility Claims under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount:  _____

**ITEM 2.**        **Vote.**  The holder of the Claim identified in Item 1 votes:

☐        **to ACCEPT the Plan.**            ☐        **to REJECT the Plan.**

## IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:

THE RELEASE IN ARTICLE IX OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER**

- 2 -

12-12020-mg    Doc 4739    Filed 08/16/13    Entered 08/16/13 18:12:42    Main Document
Pg 100 of 152

ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

**ITEM 3.**     **Certification.**

By signing this Ballot, the holder certifies that it:

a.   is the holder of the Claim in Item 1 to which this Ballot pertains;

b.   has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

c.   has the full power to vote to accept or reject the Plan; and

d.   has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):     _____

Social Security or Federal Tax I.D. No. (Optional):     _____

Signature:     _____

Name of Signatory:     _____

If Authorized Agent of Claimant, Title of Agent:     _____

Street Address:     _____

- 3 -

City, State, and Zip Code:            _____

Telephone Number:                    _____

Email Address (if any):              _____

Date Completed:                      _____


This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.


**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

## INSTRUCTIONS FOR COMPLETING BALLOTS

1. The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2. The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3. In order for your vote to count, you must:

    (i)    Complete and certify the amount of your Claim in Item 1;

    (ii)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    (iii)    Review and sign the certifications in Item 3;

    (iv)    Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

    (v)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    (vi)    Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

<u>**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline**</u>:

ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise. The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service. **In all cases, holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.**

6. If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments

representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").    A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.    In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.    The Court will schedule a hearing on such motion.

9.    This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.    If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.    Each Ballot votes only your Claims indicated on that Ballot.    Please complete and return each Ballot you received.

11.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.    If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1098127

## **Exhibit B**

Notice of Non-Voting Status – Unimpaired Class

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
)
In re:                                                                   )          Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,            )          Chapter 11
)
                                            Debtors.          )          Jointly Administered
)
-------------------------------------------------------------

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE PLAN PROPONENTS' PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       **APPROVAL OF DISCLOSURE STATEMENT**.   By order dated August __, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated [August __, 2013] (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.       **NOTICE OF NON-VOTING STATUS.**  You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired.  Pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are therefore, <u>not entitled to vote on the Plan</u>.  Accordingly, this notice is being sent to you for informational purposes only.

3.       **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES**. If you have timely filed a proof of claim and you disagree with the  classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013.  Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4.     <u>**CONFIRMATION HEARING**</u>.   A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408.   The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

5.     <u>**INJUNCTIONS, RELEASES, AND EXCULPATION**</u>.   The Plan contains certain injunction, release, and exculpation provisions, including **third party releases**, that are subject to approval by the Bankruptcy Court and may be found at Article IX of the Plan and Article V of the Disclosure Statement.

---

<u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

6.     <u>**THIRD PARTY RELEASES**</u>.   Article IX of the Plan provides for the following Third Party Release:

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

- 2 -

7.     **OBJECTIONS TO CONFIRMATION**.  Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (prevailing Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:  Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:   Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

8.     ADDITIONAL INFORMATION.  Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap Restructuring website at /www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If you have any questions related to this notice,
please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

Dated:  New York, New York
      August __, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104

*Counsel for Debtors and Debtors in Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036

*Counsel for the Official Committee of
Unsecured Creditors*

**<u>Exhibit C</u>**

Notice of Non-Voting Status – Impaired Class

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
                                                )
In re:                                          )        Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,        )        Chapter 11
                                                )
                                   Debtors.      )        Jointly Administered
                                                )
------------------------------------------------------------

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO IMPAIRED**
**CLASSES DEEMED TO REJECT THE PLAN PROPONENTS' PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

      1.    **APPROVAL OF DISCLOSURE STATEMENT**. By order dated August __, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated [August __, 2013] (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**"). Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

      2.    **NOTICE OF NON-VOTING STATUS**. You are receiving this notice because, under the terms of Article III of the Plan your Claim(s) against the Debtors are Impaired and you will receive no distribution on account of such Claim(s) under the Plan. Accordingly, pursuant to section 1126(g) of the Bankruptcy Code, you are deemed to have rejected the Plan and are, therefore, <u>not entitled to vote on the Plan</u>. Accordingly, this notice is being sent to you for informational purposes only.

      3.    **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES**. If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013. Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4.    **CONFIRMATION HEARING**.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held **on November 19, 2013 at 10:00 a.m. (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

5.    **INJUNCTIONS, RELEASES, AND EXCULPATION**.  The Plan contains certain injunction, release, and exculpation provisions, including **third party releases**, that are subject to approval by the Bankruptcy Court and may be found at Article IX of the Plan and Article V of the Disclosure Statement.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

6.    **THIRD PARTY RELEASES**.  Article IX of the Plan provides for the following Third Party Release:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED**

PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

7. **OBJECTIONS TO CONFIRMATION**. Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:    Gary Lee, Lorenzo Marinuzzi, and Todd Goren;   (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:   Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

8. **ADDITIONAL INFORMATION**.  Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap Restructuring website at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If you have any questions related to this notice,
please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

---

## ATTENTION BORROWERS:

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

Dated: New York, New York
　　　　August __, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104

*Counsel for Debtors and Debtors in Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036

*Counsel for the Official Committee of Unsecured Creditors*

ny-1097780

## **Exhibit D**

Recommendation Letters

(To Be Submitted)

**<u>Exhibit E</u>**

Plan Supplement Notice

| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & |
|---|---|
| Gary S. Lee | FRANKEL LLP |
| Lorenzo Marinuzzi | Kenneth H. Eckstein |
| Todd M. Goren | Douglas H. Mannal |
| Jennifer L. Marines | Stephen D. Zide |
| Daniel J. Harris | 1177 Avenue of the Americas |
| 1290 Avenue of the Americas | New York, New York 10036 |
| New York, New York 10104 | Telephone:    (212) 715-3280 |
| Telephone:    (212) 468-8000 | Facsimile:    (212) 715-8000 |
| Facsimile:    (212) 468-7900 | |

*Counsel for the Debtors and*            *Counsel for the Official Committee of*
*Debtors in Possession*                 *Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                          )
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                         Debtors.         )    Jointly Administered
                                          )
---------------------------------------------------------

**NOTICE OF FILING OF EXHIBITS TO THE PLAN**
**SUPPLEMENT FOR THE DEBTORS' JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE** that the undersigned hereby file certain exhibits to the

Plan Supplement for the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and*

*the Official Committee of Unsecured Creditors* dated _____, 2013 [Docket No. ____] (the

"**Plan**")[1]:

- **Exhibit A** – Assumption Schedule

- **Exhibit B** – Liquidating Trust Agreement

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

- **Exhibit C** – Borrower Claims Trust Agreement

- **Exhibit D** – Private Securities Claims Trust Agreement

- **Exhibit E** – Stipulated amounts of Allowed Fee Claims in accordance with Article IV.B of the Plan

- **Exhibit F** – Identities of the Initial Liquidating Trust Board

- **Exhibit G** – Identities of the Initial Liquidating Trust Management

- **Exhibit H** – Identity of the Borrower Claims Trustee and the initial members of the Borrower Claims Trust Committee

- **Exhibit I** – Identity of the Securities Claims Trustee

- **Exhibit J** – Amount of Borrower Trust True-Up

- **Exhibit K** – Cooperation Agreement by and between the Liquidating Trustee and the Kessler Settlement Class

- **Exhibit L** – Policy numbers for the GM Policies

- **Exhibit M** – the Liquidating Trust Causes of Action

- **Exhibit N** – the stipulated amounts of the Allowed Fee Claim

- **Exhibit O** – the Borrower Trust Causes of Action

- **Exhibit P** – updated RMBS Trust Claims Schedules

- **Exhibit Q** – estimated Ally Contract Claims

- **Exhibit R** – the identity of the RMBS Claims Trust Trustees

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that the undersigned reserves the right to alter,

amend, modify or supplement any document in the Plan Supplement as provided by the Plan;

*provided that* if any document in the Plan Supplement is altered, amended, modified or

supplemented in any material respect, the Debtors will file a blackline of such document with the

Bankruptcy Court.

Dated: October __, 2013

_____
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of
Unsecured Creditors*

## **Exhibit F**

Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )        Chapter 11
                                                    )
                              Debtors.              )        Jointly Administered
                                                    )
---------------------------------------------------------------

**NOTICE OF (I) APPROVAL OF DISCLOSURE**
**STATEMENT, (II) DEADLINE FOR VOTING ON PLAN,**
**(III) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND**
<u>**(IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN**</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      **APPROVAL OF DISCLOSURE STATEMENT**.   By order dated August [__], 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, dated July 3, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.      **RECORD DATE FOR VOTING PURPOSES**.  Only creditors who hold Claims on August 16, 2013 (the "Voting Record Date") are entitled to vote on the Plan.

3.      **VOTING DEADLINE**.  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Kurtzman Carson Consultants, LLC ("**KCC**") by no later than **7:00 p.m. (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.  Ballots received by facsimile or e-mail, or any other means other than by mail, hand delivery or overnight courier, <u>**will not**</u> be counted.

4.      **ENTITLEMENT TO VOTE ON PLAN**.  Holders of Claims in the following classes are entitled to vote to accept or reject the Plan: <u>**R-3, R-4, R-5, R-6, R-7, R-8, R-11, R-12, GS-3, GS-4, GS-5, GS-6, GS-7, GS-10, RS-3, RS-4, RS-5, RS-6, RS-7, RS-8, RS-11, and RS-12**</u>.

The following creditors are <u>**not**</u> entitled to vote on the Plan: (i) holders of Claims in the following classes: <u>**R-1, R-2, R-9, R-10, GS-1, GS-2, GS-8, GS-9, RS-1, RS-2, RS-9, and RS-10**</u>; (ii) holders of Claims that are the subject to filed objections by September 20, 2013, (iii) holders of Claims with an outstanding amount of not greater than zero ($0.00) as of the Voting Record Date, (iv) holders of Claims that have been disallowed or expunged as of the Voting Record Date, (v) holders of Claims scheduled by the Debtors as contingent, unliquidated, or disputed when a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Bankruptcy Court at least five (5) business days prior to the Voting Deadline, and (vi) creditors who are not included in the Schedules and who have not filed a Proof of Claim by the General Bar

- 1 -

Date.

5.       **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES.**  If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013.  Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

6.       **CONFIRMATION HEARING**.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

7.       **INJUNCTIONS, RELEASES, AND EXCULPATION**.  The Plan contains certain injunction, release, and exculpation provisions, including **third party releases**, that are subject to approval by the Bankruptcy Court and may be found at Article IX of the Plan and Article V of the Disclosure Statement.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION,
AND INJUNCTION PROVISIONS, AND **ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE**.
THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR
RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

8.       **THIRD PARTY RELEASES**.  Article IX.D of the Plan provides for the following Third Party Release:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE**

CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

**OBJECTIONS TO CONFIRMATION**. Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:    Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:    Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

ny-1097772

9.    **ADDITIONAL INFORMATION**.    Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap restructuring website at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**IF YOU HAVE ANY QUESTIONS RELATED TO THIS NOTICE,
PLEASE CALL THE DEBTORS' BANKRUPTCY HOTLINE AT (888) 251-2914.**

**PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE,
LEGAL ADVICE.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
August ____, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104


*Counsel for Debtors and Debtors in Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036


*Counsel for the Official Committee of Unsecured Creditors*

ny-1097772

**EXHIBIT 2**

ny-1104907

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------  )
                                                                     )
In re:                                                               )     Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                             )     Chapter 11
                                                                     )
                                           Debtors.                  )     Jointly Administered
                                                                     )
-------------------------------------------------------------------  )

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT
OR REJECT THE PLAN PROPONENTS' JOINT CHAPTER 11 PLAN, (III)
APPROVING THE FORM OF BALLOTS, (IV) SCHEDULING A HEARING ON
CONFIRMATION OF THE PLAN, (V) APPROVING PROCEDURES FOR NOTICE OF
THE CONFIRMATION HEARING AND FOR FILING OBJECTIONS TO
<u>CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[1] of the Debtors and Creditors' Committee

(together, the "<u>Plan Proponents</u>"), for an order (this "<u>Disclosure Statement Order</u>"), pursuant to

Bankruptcy Code sections 1125, and 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules

2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 3017-1, 3018-1, and 3020-1 (a)

approving the Disclosure Statement as providing "adequate information" within the meaning of

section 1125(a); (b) authorizing certain procedures for the solicitation of votes on the Plan (the

"<u>Solicitation Procedures</u>") and procedures for the tabulation of such votes (the "<u>Tabulation</u>

<u>Procedures</u>"); (c) authorizing the form of ballots, notices, and certain other documents to be

distributed in connection with the solicitation of the Plan as set forth in <u>Exhibits A through F</u>

hereto; (d) approving certain key dates described herein relating to the confirmation of the Plan

(the "<u>Plan Confirmation Schedule</u>"), and the deadlines contained Solicitation Procedures; and

(e) approving procedures for notice of the confirmation hearing and filing objections to

confirmation of the Plan, all as more fully set forth therein; and due and proper notice of the

Motion and the deadline for objecting thereto having been provided; and a hearing having been

held on [_____],August 21, 2013 to consider the relief requested in the Motion (the "Hearing");

and upon the record of the Hearing and all of the proceedings had before the Court; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and all objections to the Motion being

overruled or withdrawn; and after due deliberation and sufficient cause appearing therefor, it is

FOUND AND DETERMINED THAT:

**I.    Jurisdiction and Venue**

A.    Consideration of the Motion and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    The Court has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated January 31, 2012 (Preska, C.J.).

**II.    The Disclosure Statement**

D.    As to each of the Debtors, the Disclosure Statement contains adequate

information within the meaning of section 1125 of the Bankruptcy Code, and no further

information is necessary.

---

[1]    Capitalized terms used but not defined herein shall have the meanings set forth in the Plan, the Disclosure
Statement, or the Motion, as applicable.

E.     The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third party release) provisions contained in the Plan.

F.     The Disclosure Statement complies with all applicable Local Rules.

## III.    <u>Disclosure Statement Hearing Notice</u>

Actual notice of the Hearing and the deadline for filing objection or responses to the Disclosure Statement was provided to: (a) the United States Trustee; (b) counsel to the Creditors' Committee; (c) all persons or entities that have requested notice of the proceedings in the Chapter 11 cases; (d) all persons or entities that have filed claims as of the date hereof; (e) all known creditors or known holders of prepetition claims as of the date of this Order, including all persons or entities listed in the Schedules at the addresses stated therein; (f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (g) all parties to litigation with the Debtors; (h) all parties to litigation with Ally relating to the Debtors' businesses, regardless of whether such parties are entitled to vote on the Plan; (i) all known members of potential class action lawsuits; (j) the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Southern District of New York and any other required governmental units; (k) the parties listed on the Special Service List and the General Service List (each as defined in the Case Management Procedures Order); (l) known potential creditors with claims unknown by the Debtors; (m) all holders of Claims and Equity Interests regardless of whether such holders are entitled to vote on the Plan; and (n) such additional persons and entities as deemed appropriate by the Plan Proponents.  Further, such notice was published on [July 9], 2013 in each of the national editionsedition of *The Wall Street Journal* on

July 12, 2013 and in *USA Today*. on July 15, 2013. Such notice constitutes good and sufficient notice to all interested parties, and no further notice is necessary.

G.    The form and manner of notice of the time set for filing objections or responses to, and the time, date, and place of, the Hearing to consider the approval of the Disclosure Statement was adequate and complies with due process.

H.    All notices to be provided pursuant to the procedures hereby approved constitute good and sufficient notice to all parties in interest as to all matters relating to the Disclosure Statement Hearing and the Confirmation Hearing and no other or further notice need be provided.

## IV.    **Solicitation and Tabulation Procedures**

I.    The Solicitation and Tabulation Procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with sections 1125 and 1126 of the Bankruptcy Code.

J.    The form of ballots and master ballots attached hereto as Exhibits A-1-through A-7 9 (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of these Chapter 11 cases Cases, and provide adequate information and instructions for each entity entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

K.    Claims in Classes **R-4, R-5, R-6, R-7, R-8, R-11, R-12, GS-4,4A, GS-4B, GS-5, GS-6, GS-7, GS-10, RS-4, RS-5, RS-6, RS-7, RS-8, RS-11, and RS-12**, along with certain sub-Classes of Claims in Classes **R-3, GS-3**[2] **and RS-3**,[3] are impaired and, accordingly, holders of

---

[2]    The holders of Junior Secured Notes Claims are impaired and entitled to vote on the Plan at the following GMACM Debtors: GMACM.

such claims are entitled to vote on account of such claims (collectively, the "Voting Creditors" and the classes containing such Voting Creditors defined as, collectively, "Voting Classes").

L.    Claims in Classes **R-1, R-2, GS-1, GS-2, RS-1, and RS-2**, along with certain sub-Classes of Claims in Classes **R-3, GS-3[4] and RS-3**,[5] are unimpaired under the Plan and, accordingly, holders of such Claims are presumed to have accepted the Plan and are not entitled to vote on account of such Claims (collectively, the "Unimpaired Creditors" and the classes containing such Unimpaired Creditors defined as, collectively, "Unimpaired Classes").

M.    Claims in Classes **R-9, R-10, R-11, GS-8, GS-9, RS-9, RS-10, and RS-11 10** will not receive or retain any property and, accordingly, holders of such Claims and Equity Interest are deemed to have rejected the Plan and are not entitled to vote on account of such Claims or Equity Interests   (collectively, the "Rejecting Creditors," and with the Unimpaired Creditors, the "Non-Voting Creditors," and the classes containing such Rejecting Creditors defined as, collectively, "Rejecting Classes," and with the Unimpaired Class, the "Non-Voting Classes").

N.    The Notice of Non-Voting Status – Impaired Classes, substantially in the form annexed hereto as Exhibit B and the Notice of Non-Voting Status – Unimpaired Classes, substantially in the form annexed hereto as Exhibit C complies with the Bankruptcy Code, the

---

[3]    The holders of Junior Secured Notes Claims are impaired and entitled to vote on the Plan at the following RFC Debtors: RFC and Homecomings Financial, LLC.

[4]    The holders of Junior Secured Notes Claims are unimpaired and deemed to accept the Plan at the following GMACM Debtors:  Passive Asset Transactions, LLC; Residential Mortgage Real Estate Holdings, LLC; Home Connects Lending Services, LLC; GMACR Mortgage Products, LLC; ditech, LLC; Residential Consumer Services, LLC; and GMAC Mortgage USA Corporation.

[5]    The holders of Junior Secured Notes Claims are unimpaired and deemed to accept the Plan at the following RFC Debtors:  GMAC Model Home Finance I, LLC; DOA Holding Properties, LLC; RFC Asset Holdings II, LLC; RFC Construction Funding, LLC; Residential Funding Real Estate Holdings, LLC; Homecomings Financial Real Estate Holdings, LLC; Residential Funding Mortgage Securities I, Inc.; RFC Asset Management, LLC; RFC SFJV-2002, LLC; and RCSFJV2004, LLC.

Bankruptcy Rules, and the Local Rules and, together with the Confirmation Hearing Notice, provides adequate notice to holders of claims and equity interests in the Non-Voting Classes of their non-voting status and of the Confirmation Hearing ~~(defined below)~~.  No further notice is necessary.

0.    The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002, 3017, and Local Rule 3017(b), and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

P.    The period, set forth below, during which the Debtors may solicit acceptances of the Plan, is a reasonable and sufficient time for Voting Creditors to make an informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

## V.    The Confirmation Hearing

Q.    The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and for filing objections or responses to the Plan, provide due, proper and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is granted as provided herein.

## I.    Disclosure Statement

2.    The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and is **APPROVED**.

3.      All objections to the Disclosure Statement that have not been withdrawn or resolved previously or at the Hearing hereby are overruled.

## II.    __Approval of Plan Confirmation Schedule__

4.      The following dates and deadlines in connection with the Solicitation Procedures, the Tabulation Procedures, and the Confirmation Hearing are hereby **APPROVED**.

### A.    **Voting Record Date**

5.      The Voting Record Date shall be **[August ~~16],~~16, 2013 at 5:00 p.m.**

6.      The transferee of a Transferred Claim will be entitled to receive a Solicitation Package and cast a Ballot on account of such Transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by 5:00 p.m. (~~prevailing~~ Eastern time) one (1) business day prior to the Voting Record Date or (b) the transferee files one (1) business day prior to the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

### B.    **Voting Deadline**

7.      The Voting Deadline shall be **[October ~~10],~~21, 2013 at 7:00 p.m.** ~~(Eastern Time).~~

### C.    **Plan Objection Deadline**

8.      The Plan Objection Deadline ~~is~~ **[shall be October ~~10],~~21, 2013 at 4:00 p.m.** ~~(Eastern Time).~~

### D.    **Confirmation Hearing**

9.      The Confirmation Hearing shall ~~be held at~~ **[commence on November ~~6],~~19, 2013 at [10:00 a.m.** ~~(Eastern Time)]~~.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments

announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

### E. Other Dates

10. Any and all other dates and deadlines requested to be approved in the Motion are hereby approved.

## III. Approval of Solicitation Procedures

### A. Parties Entitled to Vote

11. Each holder of a Claim in the Voting Classes shall be entitled to vote to accept or reject the Plan, unless such a claim meets the following criteria (the "Voting Non-Eligibility Criteria")—

(a) as of the Voting Record Date, the outstanding amount of such claim is not greater than zero ($0.00);

(b) as of the Voting Record Date, such claim has been disallowed or expunged;

(c) the Debtors scheduled such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or

(d) such claim is subject to an objection by [September 10],20, 2013.

### B. Temporary Allowance of Claims for Voting Purposes

12. For voting purposes, each claim within the Voting Classes will be counted for voting purposes in an amount equal to the amount of the claim as set forth in (i) the Schedules or (ii) the filed proof of claim as reflected in the claims register maintained by KCC as of the Voting Record Date, subject to the following exceptions:

(a) If a claim meets any of the Voting Non-Eligibility Criteria, such claim will be disallowed for voting purposes;

(b) If a claim is deemed allowed in accordance with the Plan, an order of the Court or a stipulated agreement between the parties, such claim is allowed

for voting purposes in the deemed allowed amount set forth in the Plan against each Debtor at which the claimant has filed a claim in the applicable Debtor Group;

(c) If a claim is deemed allowed in accordance with an order of the Court or a stipulated agreement between the parties, such claim is allowed for voting purposes in the deemed allowed amount set forth in the order of the Court or the stipulated agreement between the parties;

(d) Each of the RMBS Trustees, Wilmington Trust Company, and Citibank, N.A. (collectively, the "Voting RMBS Trustees") solely in its capacity as Voting RMBS Trustee, indenture trustee, or separate trustee, will vote to accept the Plan on behalf of all the RMBS Trusts for which it acts, *except that*, in compliance with the Plan Support Agreement, solely with respect to any RMBS Trust for which an RMBS Trustee has accepted a valid direction under the relevant governing agreements to withdraw from the Plan Support Agreement, such RMBS Trustee shall vote as directed with respect to such RMBS Trust;

(e) (e) If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in a liquidated amount, such claim will be temporarily allowed in the amount set forth in the proof of claim, unless such claim is contingent on its face (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) or disputed as set forth in subparagraph (hj) below;

(f) (d) If a claim for which a proof of claim has been timely filed is (i) contingent or unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Plan Proponents), or (ii) does not otherwise specify a fixed or liquidated amount, the claimant will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(g) (e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes;

(h) (f) If a claim is represented by a timely filed proof of claim and determined by the Plan Proponents (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) to be contingent or unliquidated in part, such claim will be temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only;

(i) (g) Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a

reservation of a right of setoff, the claimant will only be entitled to vote the unsecured claim in the applicable unsecured Plan class and will not be entitled to vote the secured claim in the otherwise applicable secured Plan class;

(j) (h) If the Plan Proponents have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim will be temporarily disallowed for voting purposes, except as otherwise ordered by the Court pursuant to a Temporary Allowance Request Motion; *provided, however*, that if the Plan Proponents' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim will be temporarily allowed for voting purposes in the reduced amount and/or reclassified, except as otherwise ordered by the Court before the Voting Deadline pursuant to a Temporary Allowance Request Motion;

(k) (i) If a claim is allowed pursuant to an order of the Court on or before [October 9],23, 2013 in connection with a Temporary Allowance Request Motion, then such claimant will be entitled to vote to accept or reject the Plan in accordance with the terms of such order; and

(1) (j) If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

**C.    Objection to Claims for Voting Purposes Only**

13.    The Voting Purposes Objection Deadline is [**September 10**],**20, 2013**.  The Voting Purposes Objection Deadline is a deadline solely for the purpose of determining whether a claim meets the Voting Non-Eligibility Criteria and shall not be a deadline by which the Plan Proponents or any other party must file objections to the allowance of any Claim or Equity Interest for any other purpose.

**D.    Filing of Temporary Allowance Request Motions**

14.    If any claimant elects to challenge the disallowance or classification or its claim for voting purposes, such claimant shall file with the Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim solely for voting

purposes.  The claimant's Ballot will not be counted, unless temporarily allowed by an order entered on or before [October 9],**23, 2013** or as otherwise ordered by the Court.  The following sets forth the proposed briefing schedule for the filing of a Temporary Allowance Request Motion:

    (a) All Temporary Allowance Request Motions must be filed and served on or before the [10th] day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than [September 20],**30, 2013**;

    (b) All objections and responses to Temporary Allowance Request Motions must be filed and served on or before [October 1],**14, 2013 at 12:00 pm p.m.**;

    (c) A claimant may file a reply to any objection or response to its motion on or before [October 3],**18, 2013 at 4:00 p.m.**; and

    (d) Any order temporarily allowing such claims must be entered on or before [October 9],**23, 2013** or as otherwise ordered by the Court.

15.    Notwithstanding the foregoing, the Plan Proponents and a claimant may agree and stipulate to treatment of specific claims for voting purposes pursuant to a notice of presentment that is filed with the Court on no less than three (3) days' notice.

16.    Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the claimant(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name(s) of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Order, in each case so as to be received by the following parties (the "Notice Parties") (with a copy to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge) no later than [September 20],**30, 2013**:

(a) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn: Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com,                glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com;

(b) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com;

(c) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and

(d) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

17.     Temporary Allowance Request Motions not compliant with the foregoing will not be considered by the Court and deemed denied except as otherwise ordered by the Court.

18.     Any claimant timely filing and serving a Temporary Allowance Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a determination of such motion by the Court.  No later than two (2) business days after the filing and service of such Temporary Allowance Request Motion, KCC will send the movant a Solicitation Package, and the movant shall be required to return its ballot to KCC by the Voting Deadline.

19.     If the Plan Proponents and such claimant are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such Temporary Allowance Request Motion shall be considered by the Court at such time as it shall

direct.  At such hearing, the Court shall determine whether the provisional Ballot should be allowed to the extent for voting purposes and the amount(s) of the claim(s) that may be voted.

## IV.     Approval of Solicitation Packages and Solicitation Procedures

### A.     Solicitation Packages

20.     The Solicitation Packages are **APPROVED**.

21.     The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by [**August 29**],**29, 2013**, or as soon thereafter as reasonably practicable.

22.     In accordance with Rule 3017(d), each Solicitation Package shall contain a copy of –

(a) this Disclosure Statement Order (without any of the exhibits hereto);

(b) if the recipient is a Voting Creditor or Voting Nominee, (i) the Confirmation Hearing noticeNotice, (ii) the Disclosure Statement, including the Plan as an attachment, (iii) a Ballot, and (iv) lettersa letter explaining the Plan Proponents'Creditors' Committee's recommendation that the creditor vote in favor of the Plan, in the form attached to thethis Disclosure Statement Order as <u>Exhibit D</u>, and, (v) as appropriate, a postage-prepaid envelope;[6] **OR**

(c) if the recipient is a holder of a claim or equity interest is a Non-Voting Class, **only** a Notice of Non-Voting Status – Unimpaired Classes or a Notice of Non-Voting Status – Impaired Classes; and

(d) such other materials as may be ordered or permitted by the Court.

23.     For the avoidance of doubt, holders of Junior Secured Notes Claims in Classes **R-3, GS-3 and RS-3** will receive Ballots for all of the Debtors at which they have Claims regardless of whether the Junior Secured Noteholder Claims at such Debtor isare unimpaired and

---

[6]   Consistent with securities industry practice in bankruptcy solicitations, Ballots shall be distributed to Voting Nominees together with the Solicitation Packages to be forwarded by them to the beneficial owners.  Solicitation Packages will be distributed to beneficial owners approximately seven (7) days after the initial distribution of Solicitation Packages to the Voting Nominee.

deemed to have accepted the Plan. Holders of Junior Secured Notes Claims shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline with respect to each Debtor against which they have Claims, *provided that* votes cast in classes in which holders of Junior Secured Notes Claims are unimpaired shall not be counted for voting purposes.

24.    Each lead plaintiff or class representative in a class action lawsuit filed against the Debtors that has been settled, resolved prior to, or in connection with, confirmation of the Plan, or as otherwise allowed for voting purposes, shall receive a Ballot which will be tabulated as provided for in the Tabulation Procedures.

25.    To avoid duplication and reduce expenses, the KCC is authorized (but not directed) to provide creditors who have filed multiple Claims against the Debtors (whether against the same or multiple Debtors) with only one Solicitation Package and the appropriate number of Ballots (if applicable) for voting their Claims with based on the nature of the claims held and the Debtors against which such Claims are held.

26.    Copies of the Disclosure Statement and the Plan included in the Solicitation Package shall be provided in PDF format on an optical disc, such as a CD-ROM (with the exception of the Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copies) instead of printed hard copies.

27.    For ~~Disclosure Statement~~Confirmation Hearing Notices and/or Solicitation Packages returned as undeliverable, the Debtors are excused from mailing ~~Disclosure Statement~~Confirmation Hearing Notices and/or Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before **[August 28]27, 2013**, and failure to mail Confirmation Hearing Notices and/or Solicitation Packages or any other materials

related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

**B.     Ballots**

28.     The forms of Ballots are **APPROVED**.

29.     To be counted as a vote to accept or reject the Plan, each General Ballot, Secured Claim Ballot, the RMBS Trustee Ballot, the FHFA Ballot, and Master Ballot must be properly executed, completed and delivered to KCC by (a) mail, (b) courier, or (c) personal delivery, so that it is <u>actually received</u> by KCC no later than the Voting Deadline. ~~Ballot~~Ballots submitted by facsimile, email, or other electronic means of transmission shall not be accepted, except in the sole absolute discretion of the Plan Proponents.

30.     Holders of Junior Secured Notes Claims in Classes **R-3, GS-3, and RS-~~3, 3~~ and holders of Senior Unsecured Notes Claims in Class R-4 (together, the "Notes Claims"),** shall receive Ballots to record holders of such Claims including the bank, brokerage firm, or other agent or nominees (the "<u>Voting Nominee</u>").[7] Each Voting Nominee shall be entitled to receive reasonably sufficient copies of beneficial owner Ballots for holders of ~~holding~~ Notes Claims in substantially the form annexed hereto as <u>Exhibit A-1</u> with respect to the Junior Secured Notes Claims and Exhibit A-3 with respect to Senior Unsecured Notes Claims, and Solicitation Packages

---

[7]  ~~The Plan Proponents shall transmit an electronic copy of the Solicitation Package to Euroclear Bank S.A./N.V. ("Euroclear") and to Clearstream Banking, société anonyme ("Clearstream") to transmit the Solicitation Package to Voting Nominees who hold the Junior Secured Notes or Senior Unsecured Notes through Euroclear or Clearstream, respectively, as of the Voting Record Date.  The Voting Nominees will then forward the Solicitation Package to beneficial owners of Junior Secured Notes or Senior Unsecured Notes who hold such Junior Secured Notes or Senior Unsecured Notes through them, for voting pursuant to the procedures described below.  The Voting Nominee will also instruct Euroclear or Clearstream, as applicable, to disclose their Voting Record Date position to KCC.  Transmittal of Solicitation Packages to any holders of Junior Secured Notes or Senior Unsecured Notes held exclusively through Euroclear or Clearstream shall be deemed good, adequate, and sufficient notice if it is delivered by electronic mail on or before [August 29], 2013 on Euroclear and Clearstream.~~

to distribute to the beneficial owners of the Notes Claims for whom such Voting Nominee holds

such Notes Claims.  The Debtors shall be responsible for each such Voting Nominee's requested

reasonable, documented costs and expenses associated with the distribution of copies of Beneficial

Owner Ballots and Solicitation Packages to the beneficial owners of the Notes Claims and

tabulation of the Beneficial Owner Ballots.  Additionally each Voting Nominee shall receive

returned Beneficial Owner Ballots from the beneficial owners, tabulate the results, and return,

inter alia, such results to KCC, in a ballot in the form annexed hereto in Exhibit A-2 with respect to

the Junior Secured Notes Claims and Exhibit A-4 with respect to the Senior Unsecured Notes

Claims, by the Voting Deadline, or arrange for beneficial holders to receive "prevalidated" Ballots

for direct return for KCC before the Voting Deadline.

31.    Ballots shall be distributed to Voting Nominees together with the

Solicitation Packages to be forwarded by them to the beneficial owners.  Solicitation Packages will

be distributed to beneficial owners approximately seven (7) days after the initial distribution of

Solicitation Packages to the Voting Nominee.

32.    The Plan Proponents shall transmit an electronic copy of the Solicitation

Package to Euroclear Bank S.A./N.V. ("Euroclear") and to Clearstream Banking, société anonyme

("Clearstream") to transmit the Solicitation Package to Voting Nominees who hold the Junior

Secured Notes or Senior Unsecured Notes through Euroclear or Clearstream, respectively, as of

the Voting Record Date.  The Voting Nominees will then forward the Solicitation Package to

beneficial owners of Junior Secured Notes or Senior Unsecured Notes who hold such Junior

Secured Notes or Senior Unsecured Notes through them, for voting pursuant to the procedures

described below.  The Voting Nominee will also instruct Euroclear or Clearstream, as applicable,

to disclose their Voting Record Date position to KCC.  Transmittal of Solicitation Packages to any

holders of Junior Secured Notes or Senior Unsecured Notes held exclusively through Euroclear or Clearstream shall be deemed good, adequate, and sufficient notice if it is delivered by electronic mail on **August 29, 2013**, or as soon thereafter as reasonably practicable on Euroclear and Clearstream.

33.        Holders of Claims in Classes **R-4 (other than holders of Senior Unsecured Notes Claims), GS-4A, GS4-B, and RS-4** shall receive a Ballot substantially in the form annexed hereto as Exhibit A-5 ("General Ballot A"), which may include non-substantive modifications and will be identified to the specific class of claimant.

34.        31. Holders of Claims in Classes **R-4,[8] GS-4, and RS-4** shall receive a Ballot substantially in the form annexed hereto as Exhibit A-5 ("General Ballot A"), which may be non-substantively marked and identified to the specific class of claimant. For the Allowed Claims of the RMBS Trusts classified in Classes GS-4 and RS-4, theeach respective Voting RMBS Trustees will receive a conformed copy General Ballot A as marked and identified to theTrustee will receive Ballots substantially in the form annexed hereto as Exhibit A-6 (the "RMBS Trustee Ballot") which may include non-substantive changes and will be identified to a specific class. TheEach respective Voting RMBS Trustees will vote on behalf of the RMBS Trusts via a consolidated Ballot substantially in the form of General Ballot A (collectively, the "RMBS Trustee Ballots"), to which theTrustee will vote all of its RMBS Trusts' Claims against each of the Debtor Groups on separate RMBS Trustee Ballots and each respective Voting RMBS TrusteesTrustee will provide an annexappropriate annexes to each RMBS Trustee Ballot listing all of the RMBS Trusts with an Allowed Claim for which each Voting RMBS Trustee is voting and each RMBS Trust's vote.

---

[8]   With respect to the Ballots that will be sent to holders of Senior Unsecured Notes Claims in Class **R-4**, the Plan Proponents shall send Ballots to Voting Nominees in the form attached hereto as Exhibits A-3 and A-4.

35.    32. Holders of Claims in Classes **R-5, R-6, R-7, R-8, GS-5, GS-6, GS-7, RS-5, RS-6, RS-7, and RS-8**[9] shall receive a Ballot substantially in the form annexed to the Disclosure Statement Approval Order as Exhibit A-67 ("General Ballot B", and together with General Ballot A, the "General Ballot"), which may be non-substantively marked include non-substantive modifications and will be identified to the specific class of claimant.

36.    Holders of Claims in Classes **R-11 and RS-11** shall receive a ballot substantially in the form annexed hereto as Exhibit A-8 (the "FHFA Ballot") which may include non-substantive modifications and will be identified to the specific class of claimant.

37.    33. Holders of Claims in Classes **R-12, GS-10, and RS-12** shall receive a ballot substantially in the form annexed hereto as Exhibit A-79 (the "Secured Claim Ballot"), which may be non-substantively marked include non-substantive modifications and will be identified to the specific class of claimant.

C.    Notice Notices of Non-Voting Status

38.    34. The Notices of Non-Voting Status are **APPROVED**.

39.    35. The Debtors shall distribute a Notice of Non-Voting Status – Unimpaired Class, substantially in the form annexed hereto as Exhibit B to the holders of claims in **R-1, R-2, GS-1, GS-2, RS-1, and RS-2** as of the close of business on the Voting Record Date, which classes are unimpaired and therefore not entitled to vote to accept or reject the Plan.

40.    36. The Debtors shall distribute a Notice of Non-Voting Status – Impaired Class, substantially in the form annexed hereto as Exhibit C to the holders of claims in **R-9, R-10, R-11, GS-8, GS-9, RS-9, RS-10, and RS-11 10** as of the close of business on the Voting Record

---

[9]    Holders of Borrower Claims, Private Securities Claims, and NJ Carpenters Claims may not elect to be placed into a convenience class and are only entitled to receive recoveries from the Borrower Claims Trust, the Private Securities Claims Trust, and the NJ Carpenters Claims Distribution, as applicable.

Date, which classes will not receive or retain any property under the Plan and will not be not

entitled to vote to accept or reject the Plan.

41.    37. The Notices of Non-Voting Status satisfy the requirements of the

Bankruptcy Code and the Bankruptcy Rules, and the Debtors therefore are not required to

distribute copies of the Plan, the Disclosure Statement, and the Confirmation Hearing Notice to

any holder of Claims and Interests in Classes **R-1, R-2, R-9, R-10, R-11, GS-1, GS-2, GS-8,**

**GS-9, RS-1, RS-2, RS-9, RS-10, and RS-11 10.**  Such documents shall also be posted on the

Debtors' restructuring website, www.kccllc.net/rescap.

**V.    Approval of Notice of Filing the Plan Supplement**

42.    38. The Plan Supplement Notice in the form annexed hereto as Exhibit E

is **APPROVED**.

43.    39. The Plan Proponents shall serve the Plan Supplement by [**October**

1],**11, 2013** or as soon as practicable thereafter such later date as may be approved by the

Court, on those parties receiving the Solicitation Package.

44.    40. The Plan Proponents will shall file the Assumption Schedule no later

than twenty-one (21) days before the commencement of the Confirmation Hearing, and the

remainder of the substantially complete versions of the materials comprising the Plan

Supplement no later than ten (10) days prior to the Voting Deadline on **October 29, 2013**, or

such later date as may be approved by the Court, except as otherwise provided under the Plan.

**VI.    Approval of Tabulation Procedures**

**A.    Tabulation Procedures**

45.    41. The following Tabulation Procedures are **APPROVED**.

(a) Whenever a creditor casts more than one Ballot voting the same claim(s)
before the Voting Deadline, the last properly completed Ballot received

before the Voting Deadline will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b) The following Ballots will <u>not</u> be counted: (i) any Ballot that is properly completed, executed, and timely returned to KCC, but does not indicate either an acceptance or rejection of the Plan; (ii) any Ballot submitted for which the holder of a Claim entitled to vote to accept or reject the Plan votes to both accept and reject the Plan; (iii) in the absence of any extension of the Voting Deadline granted by the ~~Debtor~~Plan Proponents, any Ballot received after the Voting Deadline; (iv) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (v) any Ballot cast by a person or entity that does not hold a Claim that is entitled to vote to accept or reject the Plan; (vi) any unsigned Ballot; or (vii) any Ballot transmitted to KCC by fax, e-mail, other electronic means of transmission, unless otherwise agreed to by the Plan Proponents;

(c) If no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class;

(d) In the event there are no creditors in a given sub-Class for a particular Debtor, such sub-Class will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that sub-Class;

(e) Ballots cast by lead plaintiff(s) or class representative(s) in a class action lawsuit filed against the Debtors that has been settled, otherwise resolved prior to, or in connection with, confirmation of the Plan, or otherwise allowed for voting purposes shall be: (i) counted as a separate vote for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) counted as one vote either to accept or reject the Plan as directed by such lead plaintiff(s) or class representative(s), in each case on a collective basis, in the aggregate amount of the allowed claim pertaining to such class action lawsuit forth in the Plan or as otherwise ordered by the Court, for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code; and

(f) RMBS Trustee Ballots will be counted for voting purposes: (i) as ~~a~~one separate vote ~~per~~for each of ~~the allowed claims~~RMBS Trust listed on such ballot for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) in the

amount ~~of such claim(s) set forth in the Plan for each of the Allowed Claims listed on such ballot~~ that is deemed allowed pursuant to paragraph 12 hereof for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code.

46.    Notwithstanding subsection (c) of paragraph 45 above, the rights of all parties to argue that the "deemed acceptance" of votes contemplated therein is not permissible under applicable law are preserved for confirmation.

47.    ~~42.~~ The following additional Tabulation Procedures with respect to tabulating Master Ballots are **APPROVED**:

(g) Votes cast by holders of Notes Claims through Voting Nominees will be applied to the applicable positions held by such Voting Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Voting submitted by a Voting Nominee shall not be counted in excess of the amount of Notes Claims held by such Voting Nominee as of the Record Date;

(h) If conflicting votes or "over-votes" are submitted by a Voting Nominee, the Plan Proponents shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(i) If over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Voting Record Date position in the Junior Senior Notes and/or Senior Unsecured Notes.

(j) For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its Notes Claims; any principal amounts thus voted will be thereafter adjusted by the KCC, on a proportionate basis with a view to the amount of Junior Secured Notes and/or Senior Unsecured Notes actually voted, to reflect the corresponding claim amount, including, in the case of the Junior Secured Notes, any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(k) A single Voting Nominee may complete and deliver to KCC multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be

counted, except to the extent that they are duplicative of another Master Ballot.  If two or more Master Ballots are inconsistent, the latest dated validly executed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede, and revoke any prior Master Ballot.

48.    43. The Plan Proponents may, either before or after the Voting Deadline, (i) extend the Voting Deadline and (ii) waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however,* that (a) any such waivers extension or waiver shall be documented in the Voting Certification, and (b) neither the Plan Proponents, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

49.    44. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by KCC and the Plan Proponents, which determination shall be final and binding.

**B.    Withdrawal of Vote**

50.    45. Any creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw such Ballot, subject to any rights of the Plan Proponents to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to KCC, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification by KCC. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented in such claims(s), (b) be executed by the withdrawing creditor, (c) contain a certification that the withdrawing creditor owns the claim(s) and possesses the right to withdraw the Ballot, and (d) be received by

KCC prior to the Voting Deadline.  The Plan Proponents expressly reserve the right to contest the validity of any withdrawals of votes on the Plan

### C.    Changing of Votes

51.        46.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and will supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Plan Proponents to object to the validity or allowance for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by KCC for all purposes; *provided, however*, that as to any instance in which a vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by KCC shall indicate the changing of the particular vote.

### D.    No Division of Claims or Votes

52.        47.  Except as set forth below and as it may relate to the procedures applicable to Master Ballots or as set forth in paragraphs 66-68 of the Motion and as set forth herein with respect to the Voting RMBS Trustees, each claimant who votes must vote the full amount of each claim in any one class either to accept or reject the Plan and may not split its vote within such class, and, therefore: (a) separate claims held by a single creditor in any one class will be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim against the Debtors in such class, (ii) such creditor will receive a single Ballot with respect to all of its claims in such class; and (iii) the votes related to such claims will be treated as a single vote to accept or reject the Plan.  Notwithstanding anything to the contrary herein, separate ballots will be provided, and the votes of creditors will not be

aggregated, in the event that separate Ballots are requested by a creditor in a Temporary

Allowance Request Motion prior to the deadline set forth in paragraph 47 of the Motion for filing

any such motion and such motion is approved by the Court prior to the Voting Deadline.

53. 48. KCC is authorized (but not required) to contact parties that submit

incomplete or otherwise deficient Ballots in order to cure such deficiencies and allow the Plan

Proponents to waive such deficiencies in their discretion and without further order of the Court.

**E.     Certification of Votes**

54. 49. KCC will process and tabulate Ballots and Master Ballots for each Class

entitled to vote to accept or reject the Plan and, prior to the Confirmation Hearing, will file the

voting certification (the "Voting Certification") no later than (7) seven days prior to the

Confirmation Hearing as required by Local Rule 3018-1 (the "Voting Certification Deadline") (on

or about [October 25],November 5, 2013 at 58:00 p.m.).

55. 50. Such Voting Certification shall list, inter alia, all instances in which

(a) Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the

Voting Deadline was extended, and (d) every irregular Ballot and Master Ballot including, without

limitation, those Ballots and Master Ballots that are late or (in whole or in material part) illegible,

unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile,

e-mail, or any other means.  With regard to section (d) of this paragraph, the Voting Certification

shall indicate the Plan Proponents' intentions with regard to such irregular Ballots and Master

Ballots.

56. 51. The Voting Certification shall be served on (a) all Notice Parties, (b) all

parties entitled to notice pursuant to Case Management Procedures Order; (c) all known holders of

claims listed on the Schedules (as amended or supplemented from time to time) at the addresses

stated therein; (d) all parties who filed proofs of claim against any of the Debtors' estates that have

not been expunged and disallowed by final order; and (e) all parties who have requested notice

pursuant to Bankruptcy Rule 2002.

## VII.    **Approval of the Confirmation Procedures**

### A.    **Confirmation Hearing Notice**

57.    52. The Confirmation Hearing Notice substantially in the form annexed

hereto as Exhibit F is **APPROVED**.

58.    53. The Plan Proponents shall mail a copy of the Confirmation Hearing

Notice (to the extent not already provided in the distributions above) to: (a) the United States

Trustee; (b) counsel to the Creditors' Committee; (c) all persons or entities that have requested

notice of the proceedings in the Chapter 11 cases; (d) all persons or entities that have filed claims

as of the date hereof; (e) all known creditors or known holders of prepetition claims as of the date

of this Order, including all persons or entities listed in the Schedules at the addresses stated

therein; (f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the

Schedules at the addresses stated therein; (g) all parties to litigation with the Debtors; (h) all parties

to litigation with Ally relating to the Debtors' businesses, regardless of whether such parties are

entitled to vote on the Plan; (i) all known members of potential class action lawsuits; (j) the

Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney

for the Southern District of New York and any other required governmental units;

(k) the parties listed on the Special Service List and the General Service List (each as defined in the

Case Management Procedures Order); (l) known potential creditors with claims unknown by the

Debtors; (m) all holders of Claims and Equity Interests regardless of whether such holders are

entitled to vote on the Plan; (n) individual borrowers whose loans were serviced by the Debtors as

of September 20, 2012; and (o) such additional persons and entities as deemed appropriate by the

Plan Proponents.

59.     The Plan Proponents shall serve the Confirmation Hearing Notice upon individual borrowers whose loans were serviced by the Debtors as of September 20, 2012 on or about September 6, 2013.

60.     54. The Plan Proponents shall publish the Confirmation Hearing Notice in each of the national editions of *The Wall Street Journal* and *USA Today* within ten seven (10 7) business days after entry of the Disclosure Statement Approval Order (on or about [August 29, 2013]).

**B.     Objections to Confirmation of the Plan**

61.     55. Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules and the Case Management Procedures Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objection party/(ies) against the Debtors, (e) state with particularity the legal and factual bases relied upon for the objection or response, (f) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures Order; and (g) be served General Order M-399 (which can be found at www.nysb.uscourts.gov) upon the Notice Parties on or prior to the Plan Objection Deadline.

62.     56. Any objections or responses must also be served upon and received by the Notice Parties no later than the Plan Objection Deadline

63.     57. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and are denied and overruled unless otherwise ordered by the Court.

64.     58. The Plan Proponents may file and serve, (i) as appropriate, replies or an omnibus reply on or before [October 30], 2013 to objections or responses that may be served and

12-12020-mg   Doc 4739   Filed 08/16/13   Entered 08/16/13 18:12:42   Main Document
Pg 151 of 152

filed, and (ii) a memorandum in support of confirmation of the Plan, on or before November 12, 2013.

65. 59. Subject to the terms of the Plan Support Agreement, the Plan Proponents may make non-substantive changes to the Solicitation Package (including the Plan, Disclosure Statement, Ballots and Master Ballots), the Confirmation Hearing Notice, the Notices of Non-Voting Status, the Plan Supplement Notice, the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package, the Confirmation Hearing Notice, the Notices of Non-Voting Status, and/or the Plan Supplement Notice, prior to distribution of such materials.

66. 60. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: August , 2013
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

Document comparison by Workshare Professional on Friday, August 16, 2013
3:16:18 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1102719/1 |
| Description | NEW YORK-#1102719-v1-ResCap:_AMENDED_Disclosure_Statement_Order |
| Document 2 ID | PowerDocs://NEW YORK/1102719/3 |
| Description | NEW YORK-#1102719-v3-ResCap:_AMENDED_Disclosure_Statement_Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 118 |
| Deletions | 163 |
| Moved from | 6 |
| Moved to | 6 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 293 |