Hearing Date and Time: September 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: September 9, 2013 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------- ) | |
| In re:                                          ) | Case No. 12-12020 (MG) |
|                                                 ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,        ) | Chapter 11 |
|                                                 ) | |
| Debtors.                ) | Jointly Administered |
| ------------------------------------------------- ) | |

### NOTICE OF DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Twenty-Eighth Omnibus Objection to Claims (No Liability Claims – Books and Records)*

(the "<u>Omnibus Objection</u>"), which seeks to alter your rights by disallowing and

expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **September 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before

the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern

District of New York, Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**September 9, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the

Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office

of the United States Trustee for the Southern District of New York, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope

Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States

Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW,

Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.);

(d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-

0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S.

Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY

10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland

& Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri

and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin

Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:

Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC,

Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: August 19, 2013                  Respectfully submitted,
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- )
                                                         )
In re:                                                   )    Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,                        )    Chapter 11
                                                         )
                                         Debtors.        )    Jointly Administered
                                                         )
-------------------------------------------------------- )

**DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON EXHIBIT A ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.    The Debtors file this twenty-eighth omnibus objection to claims (the "Twenty-Eighth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Twenty-Eighth Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Twenty-Eighth Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

2.    The Debtors have examined the proofs of claim identified on Exhibit A to the Proposed Order as well as the books and records the Debtors maintain in the ordinary course of business, and determined that the proofs of claim listed on Exhibit A (collectively, the "No Liability Claims") are not liabilities of the Debtors.  Accordingly, the Debtors seek entry of the Proposed Order disallowing and expunging the No Liability Claims from the claims register.

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1103799

3.       The Debtors expressly reserve all rights to object on any other basis to any

No Liability Claim as to which the Court does not grant the relief requested herein.

4.       No Borrower Claims (as defined in the Procedures Order) are included in

this Twenty-Eighth Omnibus Claims Objection.

## JURISDICTION

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.       On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

7.       On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.       On June 20, 2012, the Court directed that an examiner be appointed (the

"Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner

[Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket

Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public

[Docket No. 4099].

9.       On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by*

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.

4153] (the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by*

3

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 16, 2013, the Debtors filed a revised Disclosure Statement, which includes a revised copy of the Plan [Docket No. 4733]. The hearing on the Disclosure Statement is scheduled for August 21, 2013.

10.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). Bar Date Order ¶¶ 2, 3. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

12.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

ny-1103799

13.    To date, approximately 6,870 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims register.

**THE NO LIABILITY CLAIMS SHOULD BE
DISALLOWED AND EXPUNGED**

14.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that their books and records do not reflect any basis for the No Liability Claims identified on Exhibit A annexed to the Proposed Order under the headings *"Claims to be Disallowed and Expunged."*    Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.    If the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases. See Horst Declaration ¶ 4.

15.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."    11 U.S.C. § 502(a).    If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.    See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."    11 U.S.C. 502(b)(1).

16.    The Debtors diligently analyzed the No Liability Claims and compared the claims set forth therein to their books and records and determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such claim for the reasons set forth on Exhibit A to the Proposed Order under the heading titled *"Reason for Disallowance."*

5

<u>See</u> Horst Declaration ¶¶ 3-4.  Accordingly, to avoid the possibility that the parties that filed the No Liability Claims receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Claims.  Further, the Debtors reserve the right to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

## <u>NOTICE</u>

17.     The Debtors have served notice of this Twenty-Eighth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## <u>NO PRIOR REQUEST</u>

18.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank.]*

ny-1103799

Dated:  August 19, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

7

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(NO LIABILITY CLAIMS – BOOKS AND RECORDS)**</u>

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.    I  am  authorized  to  submit  this  declaration  (the

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

1

"Declaration") in support of the *Debtors' Twenty-Eighth Omnibus Objection to Claims (No Liability Claims – Books and Records)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.   Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.   I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1103821

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the No Liability Claims at issue, the Debtors determined that each of the proofs of claim listed under the heading *"Claims to be Disallowed and Expunged"* on <u>Exhibit A</u> to the Proposed Order is asserted against a Debtor that does not have liability for such claim for the reasons set forth in the corresponding column under the heading *"Reason for Disallowance."*  If the No Liability Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection and <u>Exhibit A</u> to the Proposed Order, I have determined that each No Liability Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 19, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

ny-1103821

## Exhibit 2

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

### ORDER GRANTING DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)

Upon the twenty-eighth omnibus claims objection, dated August 19, 2013 (the "<u>Twenty-Eighth Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No Liability Claims on the basis that such claims fail to articulate any legal or factual justification for asserting a claim against the Debtors, all as more fully described in the Twenty-Eighth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Twenty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Twenty-Eighth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Twenty-

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Eighth Omnibus Claims Objection.

Eighth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Twenty-Eighth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Twenty-Eighth Omnibus Objection to Claims (No Liability Claims – Books and Records), annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Twenty-Eighth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Eighth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Eighth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "No Liability Claims") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to disallow and expunge the No Liability Claims identified on the attached Exhibit A hereto so that such claims are no longer maintained on the Debtors' claim register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twenty-Eighth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23,

2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and all party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on Exhibit A, annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
     New York, New York


            _____
            THE HONORABLE MARTIN GLENN
            UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Cogent Economics, Inc.<br>Hakki Etem<br>Cogent QC Systems<br>160 Spear St Ste 1640<br>San Francisco, CA 94105 | 1610 | 10/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$150,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Contract between claimant and non-debtor (Ally Financial).  Claim basis and amount is for 2 years of license and maintenance of Servicing QC System. |
| 2 | GEA Seaside Investment, Inc.<br>c/o Melissa B. Murphy.<br>Cobb Cole<br>150 Magnolia Ave.<br>Daytona Beach, FL 32114 | 4695 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$70,229.41 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim basis is that Debtor did not comply with the confirmed plan of reorganization; however, such confirmed plan does not exist.  Both the state court lawsuit and bankruptcy case at issue in claimant's proof of claim were voluntarily dismissed.  Debtors' examination of its books and records found no record of amounts owed to claimant by debtor entities. |
| 3 | Gleason Personnel<br>Angela Gleason<br>50 North Beverwyck Road, Suite 6<br>Lake Hiawatha, NJ 07034 | 4688 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$161,020.34 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors' examination of its books and records found no record of invoices or amounts owed to claimant. |
| 4 | Ohio Department of Taxation<br>Ohio Department of Taxation, Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 356 | 08/02/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 5 | Ohio Department of Taxation<br>Ohio Department of Taxation, Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 357 | 08/02/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 6 | Ohio Department of Taxation<br>Ohio Department of Taxation, Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 358 | 08/02/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMACR Mortgage Products, LLC | 12-12037 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 7 | Ohio Department of Taxation<br>Ohio Department of Taxation, Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 360 | 08/02/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ditech, LLC | 12-12021 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to Be Disallowed and Expunged | | | |
| 8 | Ohio Department of Taxation<br>Ohio Department of Taxation, Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 361 | 08/02/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Ally Financial became a bank holding company on January 1, 2009. As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 9 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 365 | 08/03/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 | Ally Financial became a bank holding company on January 1, 2009. As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 10 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 373 | 08/03/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Ladue Associates, Inc. | 12-12043 | Ally Financial became a bank holding company on January 1, 2009. As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 11 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 374 | 08/03/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 | Ally Financial became a bank holding company on January 1, 2009. As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 12 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 375 | 08/03/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | RFC Asset Holdings II, LLC | 12-12065 | Ally Financial became a bank holding company on January 1, 2009. As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 13 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 376 | 08/03/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Accredit Loans, Inc. | 12-12052 | Ally Financial became a bank holding company on January 1, 2009. As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 14 | Ohio Department of Taxation<br>Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 377 | 08/03/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Ally Financial became a bank holding company on January 1, 2009. As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to Be Disallowed and Expunged | | | |
| 15 | Ohio Department of Taxation Bankruptcy Division P.O. Box 530 Columbus, OH 43216 | 378 | 08/03/2012 | $0.00 $0.00 $0.00 $4,886,158.00 $649,878.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 16 | Ohio Department of Taxation Bankruptcy Division P.O. Box 530 Columbus, OH 43216 | 379 | 08/03/2012 | $0.00 $0.00 $0.00 $4,886,158.00 $649,878.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Consumer Services of Alabama, LLC | 12-12055 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 17 | Ohio Department of Taxation Bankruptcy Division P.O. Box 530 Columbus, OH 43216 | 380 | 08/03/2012 | $0.00 $0.00 $0.00 $4,886,158.00 $649,878.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Passive Asset Transactions, LLC | 12-12044 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 18 | Ohio Department of Taxation Bankruptcy Division P.O. Box 530 Columbus, OH 43216 | 381 | 08/03/2012 | $0.00 $0.00 $0.00 $4,876,158.00 $659,878.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Management, LLC | 12-12066 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 19 | Ohio Department of Taxation Bankruptcy Division P.O. Box 530 Columbus, OH 43216 | 382 | 08/03/2012 | $0.00 $0.00 $0.00 $4,886,158.00 $649,878.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 20 | Ohio Department of Taxation Ohio Department of Taxation, Bankruptcy Division P.O. Box 530 Columbus, OH 43216 | 383 | 08/03/2012 | $0.00 $0.00 $0.00 $4,886,158.00 $649,878.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 21 | Ohio Department of Taxation Ohio Department of Taxation, Bankruptcy Division P.O. Box 530 Columbus, OH 43216 | 384 | 08/03/2012 | $0.00 $0.00 $0.00 $4,886,158.00 $649,878.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to Be Disallowed and Expunged | | | |
| 22 | Ohio Department of Taxation<br>Ohio Department of Taxation, Bankruptcy Division<br>P.O. Box 530<br>Columbus, OH 43216 | 385 | 08/03/2012 | $0.00<br>$0.00<br>$0.00<br>$4,886,158.00<br>$649,878.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Consumer Services of Ohio, LLC | 12-12056 | Ally Financial became a bank holding company on January 1, 2009.  As a result, Ally and its subsidiaries (including the applicable Debtor) were not subject to the Commercial Activity Tax for the claimed period ending 3/31/2009. |
| 23 | SHAWNA T. BRYANT<br>4130 NORTHRIDGE DR<br>CUMMING, GA 30040-1754 | 990 | 10/05/2012 | $0.00<br>$0.00<br>$0.00<br>$11,280.83<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Statute of limitations for FLSA claims is 2 years unless the violation is willful.  Claimant terminated due to staff reductions in October 2007, and action against Debtor was not timely commenced. |
| 24 | TALX Corporation<br>11432 Lackland Road<br>St Louis, MO 63146 | 1208 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$385.86 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors' examination of its books and records found no record of amounts owed to claimant by debtor entities. |
| 25 | Verint Americas Inc<br>Paige Honeycutt - Verint Systems<br>Six Concourse Parkway, Fl 31<br>Atlanta, GA 30328 | 293 | 07/18/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$57,548.05 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors' examination of its books and records found no record of amounts owed to claimant by debtor entities. |
| 26 | Wendy Knode<br>PO Box 74<br>Plainfield, IA 50666 | 2018 | 10/30/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Debtors' books and records indicate that a settlement was reached regarding claimant's workman's compensation claim.  Under the settlement, claimant released and discharged Debtors and the insurance carrier for all liability under the Iowa Workers' Compensation Law. |