JAMES D. DEROUIN

16552 Coving Dr.

Clinton Twp, MI  48038


12304 Glovers Lake.Rd; Manistee, Bear Lake, MI.

Phone (313) 538-1706...FAX....


CASE NUMBER 1: 12-bk-12032 New York Southern Bankruptcy Court

case# 12-12020

claim# 4750


Claimants / Defendants

James David Derouin

Deborah Lee Derouin

Mortgage Account Number     065598769

GMAC Law Firm  Acc. Number   190-FTW-195


Proof of claim


Proof of criminal acts that the claimants objections; being harassed by GMAC through their law firm Orlans. The note. Giving their full address.


1. Wayne country prosecutor Kim worthy's letter asking for criminal content chargers against GMAC Orlans law firm of coarse with Wayne county having no money and/or Jurisdiction.

1

RECEIVED

AUG 1 5 2013

KURTZMAN CARSON CONSULTANTS

2. Gmac and their law firm  Orlans and  these criminal acts must send to the US Attorney General's office and should be investigated.

3. For false accounting with false fillings,  knowingly with false filing statements to include Orlan's law firm filing federal documents with Judge Wirth without serving those federal documents, Judge Martin Glen orders to the defendants.

4. The hard proof of criminal acts and false filing. Gmac was paid by the defendants, through the defendant federal bankruptcy. When they are claiming $13,000 in arrears.

 Please see all documents attached for the following criminal acts to include but not limited to:

Getting a false sheriff deed without notifying the defendants by filing false documents

Filing with another person's bankruptcy file.

Very Truly Yours,

James David Derouin

case# 12-12020

claim# 4750

ResCap claims

c/o KCC

2335 Alask ave

El Segundo, CA 90245

2



**KYM L. WORTHY**
PROSECUTING ATTORNEY

**RICHARD P. HATHAWAY**
CHIEF ASSISTANT

**DONN FRESARD**
CHIEF OF STAFF

COUNTY OF WAYNE
OFFICE OF THE PROSECUTING ATTORNEY
DETROIT, MICHIGAN

1200 FRANK MURPHY HALL OF JUSTICE
1441 ST. ANTOINE STREET
DETROIT, MICHIGAN 48226-2302

TEL: (313) 224-5777
FAX: (313) 224-0974

January 25, 2013

James David Derouin
17690 Norborne
Redford, Michigan 48240

Dear Mr. Derouin,

Your letter dated January 18, 2013, and enclosures totaling 80 pages was received and reviewed.

The material indicates that you are a defendant in Michigan's 17th District Court (civil case no. 1256448 LT). You believe that a false payment history was filed by the plaintiff as part of the pre-trial proceedings in a foreclosure action and that this constitutes a criminal act.

In response, please understand that in matters of this type a complaint and subsequent police investigation by a police agency is necessary before the Wayne County Prosecutor's Office will review the allegations. Our investigative staff is not funded to investigate allegations of this type.

On the other hand a quicker solution may be to ask the Judge to initiate a "criminal contempt" charge against the alleged offender.

Finally, please note that criminal charges brought by the Wayne County Prosecutor's Office must be proven "beyond a reasonable doubt" to a unanimous jury. On the other hand, "civil" cases and contempt of court cases only require "a preponderance of the evidence"; a much less burdensome hurdle. If you believe that a false allegation harmed you, consultation with an attorney may help you decide whether it merits further legal action.

Hopefully this information will be useful as you litigate your case in the 17th District Court.

Sincerely,

James Q. Bivens

James Bivens
Chief of Investigations



PRINTED ON
RECYCLED PAPER

FEDERAL BANKRUPTCY JUDGE MARTIN GLENN
CASE NUMBER 1: 12-bk-12032 New York Southern Bankruptcy Court

## PROOF OF CLAIM ORDER, CHAPTER 11 BANKRUTCY
## GMAC, DITEC and RECAP

Claimants / Defendants
James David Derouin
Deborah Lee Derouin
Mortgage Account Number      065598769
GMAC Law Firm Acc. Number   190-FTW-195

*I must notify this Federal Court that this Case is still in State Court.*
State of Michigan 17th Judicial District Court  Case No. 1256448 LT
Judge Charlotte L. Wirth      "Eviction Hearing is still ongoing"
Therefore, James D. Derouin and Deborah L. Derouin Filed their Motions
with this State Court and now Filed it as PROOF OF CLAIM GMAC Recap
But not Limited to only these Motions and Arguments at this time.
Discover Period. *The said court documents are attached to Proof of Claim*

## PROOF OF CLAIM FORM, CHAPTER 11 FEDERAL BANKRUTCY

*NOW COMES Claimants*, JAMES DAVID DEROUIN and DEBORAH LEE
DEROUIN,  and moves this Honorable Court to have the *Defendants,* GMAC RESCAP,
CHRISTINE M. RICHTER, ORLANS ASSOCIATES, PC  show *JUST CAUSE* in the
foreclosure, seizer, sale and eviction of the property in Redford Township, Michigan,
described as the Lot Number 8 of Otis Acres Subdivision, a part of the East ½ section 7,
Tract 1 North, Range 10 East, Redford Township, Wayne County, Michigan, as recorded
in Liber 72, page  of Plats Wayne County Records, Tax# 79-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-000 cka 17690
Norborne, Redford Twp. Michigan 48240. Further the Claimants contest to the unlawful
Seizer and Sale of this property in February of 2012, when GMAC was getting paid from
Bankruptcy Court, with the GMAC letter stating they have received no monies since June
of 2011. Thus granting GMAC ORLANS  the foreclosure seizer and sale of the said
property unlawfully. When the hard evidence, payment statements from the Bankruptcy
Trustee proves GMAC last payment was made in January of 2012. Thus making the
eviction hearing  also unlawful. There were no more GMAC Lawful Arrears, for monies.

Now the Claimants just received a letter from GMAC ResCap  October 01, 2012

That GMAC is in Bankruptcy Chapter 11. "Proof of Claim Document"  .

Document Exhibit A1 A2

For the Claimants  MOTION, and arguments, states as follows

1.  GMAC November 17, 2011 letter states "No Payments" monies since June, of 2011

    which granted GMAC Orlans the Foreclosure, Seizer, and Sale in February of 2012

    of the foregoing property mentioned. CKA 1790 Norborne Redford Twp. Michigan.

    Using a False Statement for the Foreclosure, Seizer, and Sale in February of 2012.

    Also Granting GMAC with Orlans and now the Federal Agency HUD,  the tax

        payers paying about $93,000 sight unseen with this Eviction Hearing is a new

        chapter of thee unbelievable, Bankers setting the prices way above the values.

    Document Exhibit: A. GMAC November 17, 2011 Letter.

2.  The Claimants  Letters dated December 07, 2011 with repeated updating and faxing,

        asking, then demanding that GMAC responds to their letter, that GMAC has

        received no monies since June 2011 and  demanding about $6,200 when GMAC

        received about $32,995.07 from  Bankruptcy. That forgoing letter was mailed to

        GMAC and faxed to the forgoing parties:

    Bankruptcy Trustee Krispen Carroll,  Governor Snyder, Attorney General Schuette,

    U.S. Senator Carl Levin and many other parties, to include GMAC Personal Law Firm

        Faxing  GMAC Personal Law Firm everyday after I taped the calls to GMAC in

        December of 2011.    Document Exhibit: B. Claimants  December 07, 2011 Letters

3.  The Trustee of Chapter 13th Letter dated: 04/26/2012, Trustee Summary of Trustee's

    final report and account in Chapter 13th.proving that GMAC accepted payments on the

    date of 1/5/2012. (not to include all of the escrow). Then proceed to sell the house on

    2/23/2012 thus violating time limitations. With out response and notice to the Claimants

. Exhibit: C  Claimants letters

4.  GMAC along with the "No Payments of June 2011 Letter" also removed, took all the

Escrow Monies, about three thousands dollars, for property taxes and insurance.

5.  Claimants MOTION,  that  for all thee unlawful removal of all the Escrow Monies

must be returned to Claimants, that was taken  while in Bankruptcy Chapter 13.

6.  The property was not legally assessed. As proof of FBI investigations of 2004-05

The hard evidence still stands at 17690, appraised at over $30k plus for GMAC.

7.  The Mortgage was rushed and pushed without the proper documents, try hard for a

more  Sub-prime Mortgage. Trying to get us to Borrow more monies, now we all

know why. ***Probate Mortgage without a Probate Judge. I Taped GMAC Calls***

Exhibit: D  Taped GMAC Calls on CD.

8.  Asking this Honorable Court to Adjudge and Decree that all   Defendants in this case

turn over all documents to include the ones their lawyers  don't want in court. For

GMAC has repeatedly refused to answer the demands of the  Claimants, to include

GMAC Personal Law Firm.   File Number 190-FTW-195

That being said and the very late GMAC letter of October 01, 2012, the Claimants make

the MOTION that they are not limit to just the forging MOTION at this time, until all the

Discovery of Documents come forth. For there are many other noted website and other

violations of robo signing, electronic filing, ect: thus the "Denial of Due Process of Law"

***Discover Period  and  Amendments to the Motions Filed in State Court***

***NOW AT THIS TIME  the Claimants / Defendants are adding the following Motions,***

***Statements and  Arguments, had to wait for the State Pretrial Hearing of Oct. 29, 2012***

9.  GMC Law Firm, Lawyers received a Sheriff's Deed without a Wayne County Circuit

Court Judge. Thus **Denied** the ***Claimants / Defendants*** their legal rights to a hearing,

***Therefore Denied Claimants / Defendants their legal rights to any counterclaims***

***against GMAC for using False Documents, Statements, False Accounting,***

***Overcharging Penalties and Fees, Cost and other Misc. Fees. Not to include***

***the removal of at least $3,447.06 of Escrow Monies while in Bankruptcy Court.***

***Violating "Time Limit Laws" Not wanting to False File a Circuit Court Hearing.***

***So this is why GMAC is in Chapter 11 Federal Bankruptcy and was so at this time,***

***to get Federal Protection on GMAC Unlawfulness and avoid further investigations.***

Which granted GMAC Orlans the Foreclosure, Seizer, and Sale in February of 2012

of the foregoing property mentioned. CKA 1790 Norborne Redford Twp. Michigan.

Using a False Statements for the Foreclosure, Seizer, and Sale in February of 2012.

Not complying with Michigan Advertisement Foreclosure nor Federal Foreclosure

Laws.  In this case, the Mortgage Laws are jurisdiction of the Federal Government.

The State of Michigan has no jurisdiction over the State of California in which the

Mortgage took place. Nor did the Sheriff post a foreclosure notice to the house,  Not

giving the defendant amply time to argue the case provided by law.  Let this case be

Heard in Federal Court. ***Motions, complaints and evidence, have now been filed***.

Even the State of Michigan can not do a Foreclosure, Seizer, without a  Show Cause

Hearing and Circuit Court Hearing in Order to get a Sheriff Deed.  ***Judge Signed***.

***Lawyers Major Problems***, they have to get ***Judges*** to go along with these dirty deed

works, false filings, foreclosure, seizer, ***and to order thee evictions***, thereof.

So, this is why GMAC and their Personal Law Firms refused to respond to the said

***Claimants / Defendants***  letters, with hard evidence, faxing everyday since Dec. 2011

***Why,*** so GMAC could received about $93 thousand dollars from HUD the Taxpayers.

When GMAC RECAP knows the Mortgage Values for the Midwest are still falling hard, Redford Home values are about 25k and still have room to fall 5 to15 percent. GM know the prices in Detroit and would be a fool not to slam dunk these properties. This case is clearly about Mortgage CDO's and Derivatives  and can not be sold to Investors anymore, and the hard need to get rid of **toxic bank assets**. *Toxic Fraud.*

*Therefore GMAC*, ORLANS ASSOCIATES, PC  GMAC's Lawyers *knowingly Acted in Fraud in the Sale of the said property to HUD, overcharging the People, Taxpayers. Bankers proving again and again over valuing, over charging monies, even when fined millions of dollars by the Government for such Fraud Acts. There is tons of monies to be made by Bankers and Lawyers willing to do fraud deeds. Federal Insurance Fraud, you can only claim your true losses, in this Fraud Case.*

Exhibit: D  Map of Redford properties under water, about 130k to 25k in dropped value.

10. *Therefore Claimants / Defendants* will be *Filling* their *Motions* in thee ongoing State Court Eviction Hearing, in November 2012, to *Remove the Eviction Hearing at this time*. Until the *Federal Bankruptcy Court  Ordered Proof of Claim  can be Heard*. For ORLANS ASSOCIATES, PC  GMAC's Lawyers now HUD's have also *Refused to answer the Motions and Arguments Filed on October 5th 2012. in this said State Court in writing, not Filed and Served  upon the Claimants/ Defendants for a Pretrial Hearing on  October 29, 2012. Also there is  No Doubt  that the Claimants/ Defendants did not received the  Federal Bankruptcy Court  Ordered Proof of Claim Letter  until  October 2012 for  Claimants/ Defendants  where  to be Evicted  in September 2012. Not wanting the  Claimants/ Defendants  with no other Options but the  Federal Bankruptcy Court  Ordered Proof of Claim. When GMAC ReCap  and ORLANS ASSOCIATES, PC  GMAC's Lawyers and all GMAC lawyers Knew GMAC  ReCap  were already in Federal Bankruptcy Protection. So there is No Doubt Why GMAC and their Lawyers were Not Responding to all the Claims, Calls, Letters  with Hard Evidence, Faxing everyday since December 2011 by the Claimants / Defendants . With GMAC and now HUD ORLANS ASSOCIATES, PC Refused to answer the Motions and Arguments Filed on October 5th 2012. in the said  State Court in writing, not Filed and Served  upon the Claimants/ Defendants*

PROOF OF CLAIM ORDER, CHAPTER 11 BANKRUTCY
GMAC, DITEC and RECAP

Claimants:
James David Derouin
Deborah Lee Derouin
Mortgage Account Number      065598769
GMAC Law Firm  Acc. Number   190-FTW-195


The Claimants:  James David Derouin and Deborah Lee Derouin Claims
                for Damages are as now stated as the following Claims.

1. Since GMAC have already been Paid for the Full Price of the stated
   Mortgage /HUD and not knowing about any investors who have been
   "Taken" on these Mortgage CDO's and Derivatives  on this Property.
2. The Claimants Claim the amount of Monies that GMAC have already
   Received from Claimants on the said Mortgage about $58,195.07
   Not to include others Legal Damages, Lawyer legal aid fees, stress and
   hardship, moving expenses just to mention a few examples. $1330.00
   Property Insurance paid by the Claimants for 2012 for GMAC, HUD.
        For the Claimant have not owned this property since 2/23/12
3. Claimant  James David Derouin has been in this property house/ home
   Since the 1950's and Deborah Lee Derouin wife, has been in this home
   Since 1984 raising two children fighting this case with their Parents.
        Not totally understanding and believing…
*This story of Greed and Fraud and the Bankers knew what they were doing*
I must add their partners and lawyers, not to mention government officials.


4. *Claimants/ Defendants  will not accept a Judge Signed Eviction in any Settlement.*

_____          _____
James David Derouin                      Deborah Lee Derouin
Dated: 8-14-2013                         Dated: 8-14-2013

*for a Pretrial Hearing on October 29, 2012. But not limited to just those Motions at this time, for Discovery is ongoing, and then must be Filed with all Mortgage and Deed Fraud Task Forces, Federal and State Attorney Generals also the DOJ.*

11. *Claimants/ Defendants also state the Motion and Argue that the Jurisdiction in this Case are now Legally in Federal Court, for any Counter Claims against GMAC and all Counter Parties to include Lawyers and ORLANS ASSOCIATES, PC have been totally removed in this ongoing State Court Eviction Hearing. Also Motion that the Claimants/ Defendants have the Legal Rights to stay in the forgoing property Stated without Bond, Escrows until a Settlement can be reached in the ongoing Federal Bankruptcy Court Ordered "Proof of Claim Documents" Claimants/ Defendants state at this time, that the Claimants/ Defendants will not accept a Judge Signed Eviction in any Settlement.*

*WHEREFORE* James D. Derouin and Deborah L. Derouin in Pro-Per, Prays that this Honorable Court Adjudge and Decree that the said above property, be withheld from eviction and granted a freeze. Until thee investigations of all documents can take place. In the name of Justice, Due process of law and granted a Fair Trial or Settlement allowing the *Claimants/ Defendants* their day in this said Federal Court.

James David Derouin
Dated: 8-14-2013

Deborah Lee Derouin
Dated: 8-14-2013

FEDERAL BANKRUPTCY JUDGE MARTIN GLENN
CASE NUMBER 1: 12-bk-12032 New York Southern Bankruptcy Court

# STATE OF MICHIGAN

## IN THE 17TH JUDICIAL DISTRICT COURT

THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

      Plaintiff,

Case No. 1256448 LT

Hon. Charlotte L. Wirth

v.

JAMES D. DEROUIN,
DEBORAH L. DEROUIN,
And all other occupants
17690 Norborne
Redford, MI 48240

      Defendants.

---

| | |
|---|---|
| ORLANS ASSOCIATES, P.C. | James David Derouin |
| By: Elizabeth M. Messing (P70667) | Deborah Lee Derouin |
| Attorneys for Plaintiff | Defendants in pro per |
| P.O. Box 5041 | 17690 Norborne |
| Troy, MI 48007 | Redford, MI 48240 |
| (248) 502-1360 | |

---

## PLAINTIFF'S WITNESS AND EXHIBIT LISTS

    NOW COMES Plaintiff, The Federal Home Loan Mortgage Corporation ("Freddie Mac" or "Plaintiff"), by and through its attorneys, Orlans Associates, P.C., and for its list of Witnesses/Exhibits submits the following:

### WITNESS LIST

    1.    Any and all current or former employees of and/or Keeper of Records for all parties to this action.

    2.    All individuals who are a party to this action.

    3.    Any and all witnesses listed on any other parties' Witness List.

# ORLANS

ORLANS
PO Box 5041
Troy, Michigan 48007-5041
P 248-502-1400  F 248-502-1401
www.orlans.com

December 10, 2012

Clerk of the Court
17th District Court
15111 Beech Daly
Redford, MI 48239

Re: FHLMC v. DEROUIN AND ALL OTHER OCCUPANTS
    Case No. 1256448-LT
    Our File No. 280.6775

Dear Clerk:

    Please find enclosed Plaintiff's Witness and Exhibit Lists and Proof of Service in regard to the above reference matter. Please file in your usual manner and return a filed copy in the enclosed self-addressed stamped envelope.

    Thank you for your attention to this matter. If you have any further questions or concerns please feel free to contact our office.

Very truly yours,

Melissa Babinski
Paralegal to Elizabeth M. Messing

Enclosures

cc:    James David Derouin
       Deborah Lee Derouin

**STATE OF MICHIGAN**

**IN THE 17TH JUDICIAL DISTRICT COURT**

THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

        Plaintiff,

v.

JAMES D. DEROUIN,
DEBORAH L. DEROUIN,
And all other occupants
17690 Norborne
Redford, MI 48240

        Defendants.

Case No. 1256448 LT

Hon. Charlotte L. Wirth

_____/

| ORLANS ASSOCIATES, P.C. | James David Derouin |
|---|---|
| By: Elizabeth M. Messing (P70667) | Deborah Lee Derouin |
| Attorneys for Plaintiff | Defendants in pro per |
| P.O. Box 5041 | 17690 Norborne |
| Troy, MI 48007 | Redford, MI 48240 |
| (248) 502-1360 | |

_____/

## PROOF OF SERVICE

    The undersigned certifies that Plaintiff's Answer to Defendants' Reasonable Requests for Documents, Evidence, Information, Names, Dates, And Any Other Material Having Potential Evidentiary Value to Plaintiff and this Proof of Service were served upon the Defendants, James D. Derouin and Deborah L. Derouin by mailing the same to them at their respective addresses as disclosed by the pleadings of record herein, with first-class postage fully prepaid thereon, on January 3, 2013, at Troy, Michigan.

    I declare under the penalty of perjury that the above statement is true to the best of my information, knowledge and belief.

                                  _____
                                  Melissa Babinski

## REASONABLE REQUESTS FOR DOCUMENTS, EVIDENCE, INFORMATION, NAMES DATES, AND ANY OTHER MATERIAL HAVING POTENTIAL EVIDENTIARY VALUE

1.      Furthemore the Defendants now must serious request all writings, documents and Evidence, that Orlans Lawyers for GMAC have received from GMAC with the Defendants Names on them, and any other material having potential evidentiary value.

**ANSWER:**    Plaintiff respectfully objects to this request as it seeks information that is protected by the attorney-client privilege and is overly broad, unduly burdensome and seeks information that is and unlikely to lead to discoverable information. As discovery continues or new information is obtained, Plaintiff reserves the right to amend, modify, withdraw or supplement this Response based upon result of further discovery and/or investigation and as permitted under the Michigan Court Rules which related to the supplementation of discovery.

2.      Is it Orlans intent to have that Filed Motion for a Hearing without a Hearing Date before the next Ordered Action in this Court, the Settlement Conference signed by Judge Wirth, for 2/4/13 at 9:15am.

**ANSWER:**    Plaintiff respectfully objects to this request as it is unclear as to what is being asked.  Plaintiff reserves the right to amend, modify, withdraw or supplement this Response based upon result of further discovery and/or investigation and as permitted under the Michigan Court Rules which related to the supplementation of discovery.

Respectfully submitted,

ORLANS ASSOCIATES, P.C.

Dated: January 3, 2013

Elizabeth M. Messing (P70667)
Attorneys for Plaintiff
P.O. Box 5041
Troy, MI 48007
(248) 502-1360

8.      Plaintiff objects to the request to the extent that it calls for information in which third parties may have a legitimate right or expectation of privacy pursuant to Michigan Statutes. Plaintiff will not provide such information.

9.      Plaintiff objects to the request to the extent it calls for information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, applicable regulatory privileges, or any other privilege. Plaintiff will not produce any such information.

10.     Plaintiff objects to the request as unduly burdensome and harassing to the extent that it calls for information equally, available or available by lesser intrusive means, to the Defendants.

11.     Plaintiff objects to the request to the extent that it calls for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

12.     Plaintiff objects to the request of trial preparation materials and information prepared in anticipation of litigation or trial by or on behalf of Plaintiff without the showing required by MCR 2.302(B)(3)(a) and to the extent Discovery requests seek disclosure of mental impressions, conclusions, or legal theories of the attorney or other representatives of Plaintiff concerning litigation.

13.     Plaintiff incorporates these general objections into each response herein as if fully set forth. Without waiving any of the foregoing objections, all of which are incorporated by reference in the responses below, Plaintiff specifically responds to the requests as follows:

4

C.     All rights to object on any ground to any further request or any other

discovery request involving or related to the requests in Defendants' requests; and

D.     All rights to object on any ground to any other discovery request involving

or related to any of the information requested in Defendants' Interrogatories.

3.     Defendants' use of the word "documents" is overbroad, over-extensive, unduly

burdensome, unreasonably cumulative and oppressive. Further, the use of this term seeks

information or identification of information so broad as to compromise or defeat rights under the

attorney/client privilege or work-product doctrine or other applicable privilege or doctrine.

4.     Plaintiff's Response to Defendants' Interrogatories is based upon information

presently known and reasonably available to Plaintiff.   As discovery is continuing or new

information is obtained, Plaintiff reserves the right to amend, modify, withdraw or supplement

these Responses based upon result of further discovery and/or investigation and as permitted

under the Michigan Court Rules which relate to the supplementation of discovery.

5.     Plaintiff objects to the breadth of certain of Defendants' Interrogatories as vague

insofar as they seek the identity or production of, for example, "any" or "all" information, as

Plaintiff may not know of "any" or "all" – or have access to-said information.

6.     Subject to each and every general objection and each and every specific objection

stated herein, Plaintiff responds to the requests as set forth below.   Plaintiff's statements in

response to the requests shall not be construed to be a waiver of any of the general or the specific

objections interposed herein.

7.     Plaintiff objects to the request to the extent that it seeks confidential, private or

proprietary business information.

insufficient opportunity to review all documents, interview all personnel, and otherwise obtain information which may prove relevant in this case, including, without limitation, through discovery of Defendants, third parties, or both. Consequently, Plaintiff's response is based upon information now known to Plaintiff which Plaintiff believes to be relevant to the subject matter covered by Defendants' interrogatories and request for production of documents. In the future, Plaintiff may acquire additional information or discover information currently in its possession that bears upon Defendants' request and Plaintiff's responses instanter. Plaintiff reserves the right to supplement its responses Defendants' First Interrogatories and Request for Production to Plaintiff. Furthermore, Plaintiff reserves the right to: (a) make subsequent revisions or amendments to this response based upon any information, evidence, documents, facts and things which hereafter may be discovered, or the relevance of which may be hereafter discovered; and (b) produce, introduce or rely on additional or subsequently acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held herein. Plaintiff incorporates this preliminary statement into each response herein as if fully set forth.

## GENERAL OBJECTIONS

Plaintiff object to Defendants' Discovery Requests for the following reasons:

1.    Defendants' Interrogatories are unduly burdensome, oppressive, unreasonably cumulative, duplicative, overbroad and/or seek information which is not directed to discovery of admissible evidence or information which may lead to admissible evidence. Furthermore, the Interrogatories seek information or identification of information so broad as to compromise or defeat rights under the attorney/client privilege, the work product doctrine, and potentially other applicable privileges and doctrines.

2.    In providing this Response to Defendants' Interrogatories, Plaintiff does not in any manner waive or intend to waive, but rather intends to preserve and is preserving:

A.    All objections as to competency, relevancy, materiality and admissibility;

B.    All rights to object on any ground to the use of any response or document produced herein in any subsequent proceeding, including the trial of this or any other action;

2

**STATE OF MICHIGAN**

**IN THE 17ᵀᴴ JUDICIAL DISTRICT COURT**

THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

      Plaintiff,

Case No. 1256448 LT

Hon. Charlotte L. Wirth

v.

JAMES D. DEROUIN,
DEBORAH L. DEROUIN,
And all other occupants
17690 Norborne
Redford, MI 48240

      Defendants.

---

ORLANS ASSOCIATES, P.C.
By: Elizabeth M. Messing (P70667)
Attorneys for Plaintiff
P.O. Box 5041
Troy, MI 48007
(248) 502-1360

James David Derouin
Deborah Lee Derouin
Defendants in pro per
17690 Norborne
Redford, MI 48240

---

**PLAINTIFF'S ANSWER TO DEFENDANTS' REASONABLE REQUESTS FOR
DOCUMENTS, EVIDENCE, INFORMATION, NAMES DATES, AND ANY OTHER
MATERIAL HAVING POTENTIAL EVIDENTIARY VALUE TO PLAINTIFF**

      NOW COMES Plaintiff, The Federal Loan Mortgage Corporation, by and through its

attorneys, Orlans Associates, P.C. and for its Answer to Defendants' Reasonable Requests for

Documents, Evidence, Information, Names Dates, and any other Material Having Potential

Evidentiary Value to Plaintiff, states as follows:

**PRELIMINARY STATEMENT**

      Plaintiff's response to these requests is based upon its investigation conducted during the
time available since service of the requests.  As of the date of this response, Plaintiff has had

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

Deborah L. Derouin
James L. Derouin

Chapter 13
Case No. 08-70841
Honorable Steven W. Rhodes

Debtors
_____/

NOTICE OF PAYMENT CHANGE

Please take notice that Orlans Associates, P.C. has been retained as Attorney for Creditor,
GMAC Mortgage, LLC

Please be advised that the mortgage payment in the above referenced case regarding
property 17690 Norbonne, Redford, MI 48240 has changed to:

$689.80 effective with the June 1, 2011 payment

Please update the records accordingly.

Respectfully Submitted,

By: /s/ Heather M. Dickow, Esq. P64757
   /s/ Heather D. McGivern, Esq. P49393
   /s/ Elizabeth M. Abood-Carroll, Esq. P46304
   Orlans Associates, P.C.
   Attorneys for Movant
   PO Box 5041
   Troy, MI 48007-5041

   Email: Hdickow@orlans.com
   File Number: 280.6775

Date:   April 7, 2011



INTERNET REPRINT

directed to, consummate said settlement in accordance with the Settlement Procedures set forth in this Order.

7.    Notwithstanding anything to the contrary contained herein, this Order shall not affect, impair, impede or otherwise alter the right of the Debtors to resolve any prepetition or postpetition controversy arising in the ordinary course of the Debtors' businesses, or resolve any controversy authorized by any other order of the Court.

8.    Nothing in this Order or the Motion shall constitute a determination or admission of liability or of the validity or priority of any claim against the Debtors, and the Debtors reserve their rights to dispute the validity or priority of any claim asserted.

9.    The authority granted in this Order shall not replace or obviate the need to comply with the Debtors' internal procedures, legal or otherwise, for authorizing the settlements contemplated in the Motion. All settlements made pursuant to the Settlement Procedures shall, to the extent applicable, be made in accordance with the Debtors' settlement protocol in effect as of the Petition Date (the "Internal Settlement Protocol") and as may be amended from time; provided, however, that the Debtors shall provide the Committee and the U.S. Trustee with notice of any material amendments to the Internal Settlement Protocol. The Debtors shall provide monthly reports to the Committee and the U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee, and such additional information as shall be reasonably requested by the Committee, in each case, concerning settlements of any Claims pursuant to the Settlement Procedures.

10.    Cash payments made by the Debtors under the Settlement Procedures during the period from the Petition Date through the date a final order granting the Motion is

FORMS TRAC ENTERPRISES, INC. (248) 524-0006/MICHIGAN & NATIONWIDE (800) 323-0687 **RE-ORDER FORM-NO. FTE 7777 X2HP

```
17TH DISTRICT COURT
15111 BEECH DALY ROAD
REDFORD, MI 48239

1256448          P01     01 CIVIL      CR3  A D121511
02/06/13 12:38                          CR3   MN
CASH TRANSCTN                           AMT PAID
THE FEDERAL HOME LOAN MORTGA     27.00
PHOTO COPIES                     27.00
TOTALS:                          27.00           27.00

TOTAL PAID:                                       27.00
CHANGE                                           25.00
CASH TENDERED                                    52.00

A 02/06/13 D121511.          27.00
```

LLP, One Battery Park Plaza, New York, New York 10004 (Attn: Ronald L Cohen); on or

before June 29, 2012 at 5:00 p.m. prevailing EST.

        29.     This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated:      June 15, 2012
            New York, New York

                                        **/s/Martin Glenn**
                                        MARTIN GLENN
                            United States Bankruptcy Judge

18

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

25.    Nothing in this Order shall discharge, release, or otherwise preclude any

setoff or recoupment right of the United States of America, its agencies, departments, or agents.

26.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

27.    Notwithstanding the possible applicability of Bankruptcy Rules

2002(a)(3), 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately

effective and enforceable upon its entry.

28.    The hearing to consider the Motion on a final basis is scheduled for

July 10, 2012 at 10:00 a.m. (prevailing Eastern Time) before the Court. Any objections or

responses to approval of the Motion on a final basis must be filed with the Clerk of the

Bankruptcy Court and served upon and received by (a) the Special Service List (as defined in the

*Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c),*

*2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case*

*Management And Administrative Procedures* (Docket No. 141)); (b) counsel to Wells Fargo

Bank, N.A., as securitization trustee, Alston & Bird LLP, 90 Park Ave, New York, New York

10016 (Attn: Martin G Bunin & William Hao); (c) counsel to The Bank of New York Mellon

Trust Company, N.A., as securitization trustee, Dechert LLP, 1095 Avenue of the Americas,

New York, New York 10036 (Attn: Glenn Siegel); (d) counsel to Deutsche Bank Trust Company

Americas and Deutsche Bank National Trust Company, as securitization trustee, Morgan Lewis

& Bockius LLP, 101 Park Ave, New York, New York 10178-0600 (Attn: James L Garrity, Jr.)

and (e) counsel to U.S. Bank, National Association, as securitization trustee, Seward & Kissell

21.    Nothing herein shall be deemed to limit the rights of the Debtors to operate their business in the ordinary course, and no subsequent order shall be required to confirm such rights.

22.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any contract or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their non-Debtor affiliates of any of their rights pursuant to any agreement by operation of law or otherwise.

23.    Notwithstanding anything to the contrary in this Order, any action to be taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral order or debtor in possession financing order entered in these chapter 11 proceedings. All amounts authorized to be paid pursuant to this Order are subject to the limitations and restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement). To the extent that there is any inconsistency between the terms of this Order and the terms of any order relating to postpetition financing or cash collateral, the terms of the orders relating to postpetition financing or cash collateral shall govern.

24.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

incurred postpetition by any of the Trustees relating to the performance of each of the Trustees' duties or the administration of the trusts or other agencies under the Agreements (the "Trustee Expenses"). All Trustee Expenses shall be entitled to administrative expense priority in the Debtors' Chapter 11 cases notwithstanding the entry of an order authorizing the assumption and assignment or rejection of any Agreement. However, the Debtors will not be responsible for any fees, costs and expenses incurred with respect to any Agreement after the entry of an order in the Debtors' Chapter 11 cases authorizing the rejection of such Agreement.

18.    If any or all of the provisions of this Order are hereafter reversed, modified, limited, vacated or stayed, such reversal, stay, modification or vacatur shall not affect the validity, priority or enforceability of any Trustee Expenses incurred prior to the actual receipt of written notice by the Trustees of the effective date of such reversal, stay, modification or vacatur (the "Notice Date"). Notwithstanding any such reversal, stay, modification or vacatur, the payment of any Trustee Expenses incurred prior to the Notice Date and reimbursed prior to or after the Notice Date by the Debtors shall be governed in all respects by the original provisions of this Order, and the Trustees shall be entitled to all of the rights, remedies, privileges and benefits granted in this Order with respect to payment of Trustee Expenses.

19.    Notwithstanding the Debtors' obligations set forth in paragraphs 16 and 17, nothing in this Order shall be deemed to limit, extinguish, or prejudice the Debtors' rights in any way to assume and assign or reject any Agreement in accordance with Bankruptcy Code section 365.

Other Relief

20.    The Debtors are authorized and empowered to take all actions and execute such documents as may be necessary or appropriate to carry out the relief granted herein.

or expense (including fees and disbursements of counsel or agents) incurred by any of the

Trustees in the performance of their duties or their administration of the trusts or other agencies

under the Agreements to the extent required by the Agreements.  For the avoidance of doubt, the

Debtors shall pay the reasonable, actual out-of-pocket costs and expenses of the Trustees in

connection with reviewing and analyzing the request by the Debtors to approve the MBS

Settlement Agreement, and in connection with reviewing and analyzing amendments to the

Agreements as necessary or appropriate in connection with any proposed Chapter 11 plan, the

MBS Settlement Agreement or the Platform Sale.  Notwithstanding the foregoing, nothing in this

paragraph 16 shall require any Debtor (i) to repurchase any mortgage loans on the basis of

alleged breaches of representations, warranties or other requirements of the Agreements, or make

any make-whole payments with respect to any mortgage loans pursuant to the Agreements; or

(ii) to enforce, as against any other Debtor entity or any non-Debtor affiliate, any provision of the

Agreements under which such other Debtor entity or non-Debtor affiliate are required to

repurchase any mortgage loans on the basis of alleged breaches of representations, warranties or

other requirements of the Agreements, or make any make-whole payments with respect to any

mortgage loans pursuant to the Agreements; and nothing in this paragraph 16 shall be deemed to

impose liability on any Debtor with respect to such alleged breaches or make-whole payment

requirements.

      17.    Within thirty (30) days after the submission of customary invoices by the

Trustees to (a) counsel to the Debtors, (b) counsel to the Committee, and (c) the U.S. Trustee,

and without further order from the Court, the Debtors are authorized and directed to pay all

reasonable fees, costs and expenses and all indemnity claims referred to in paragraph 16

(including without limitation, attorney, financial advisor, consultant and expert fees and costs)

14

clear and marketable title with respect to such property in connection with any sale,
foreclosure or other disposition of such property;

(f)     the Debtors shall retain the right, upon appropriate motion and
notice to any affected Third Party Claimant, to seek to impose any provision of section
362(a) of the Bankruptcy Code modified by the Order; and

(g)     nothing set forth herein shall preclude or limit any Third Party
Claimant from seeking relief from the automatic stay under section 362(a) of the
Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

Payment of Securitization Trustee Fees and Expenses

16.     The Debtors shall continue to perform all of their respective servicing
duties and servicing related duties, including, but not limited to, their duties as master servicer,
under all the governing agreements (including, without limitation, pooling and servicing
agreements, servicing agreements, or any other agreements concerning or relating to the Debtors'
obligations to reimburse and/or indemnify for reasonable fees, costs, expenses, liabilities, and/or
losses) (collectively, the "Agreements") relating to Debtor-sponsored securitization transactions
and non-Debtor sponsored securitization transactions to which any of The Bank of New York
Mellon Trust Company, N.A., Wells Fargo Bank, N.A., Deutsche Bank Trust Company
Americas, Deutsche Bank National Trust Company, or U.S. Bank National Association, or any
affiliate of such entities acts as trustee for which any Debtor performs servicing duties, in each of
their respective capacities as trustee (collectively, the "Trustees") and one or more of the Debtors
is a party, including but not limited to, making all principal, interest or other servicing advances
(including property protection advances) and reimbursing, indemnifying, defending and holding
harmless the Trustees and the securitization trusts for any liability, loss, or reasonable fees, cost

properties that are subject to mortgages owned or serviced by the Debtors ("Title Disputes") is hereby modified pursuant to the following terms and conditions:

(a)    except as otherwise set forth herein, a Third Party Claimant shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor in connection with any Title Dispute, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b)    absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Third Party Claimant direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action or collective action;

(c)    absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Third Party Claimant on behalf of any other Third Party Claimant or class of Third Party Claimants;

(d)    under no circumstances shall a Third Party Claimant be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of the Order;

(e)    the Debtors shall be entitled to take such actions as are necessary to clear title with respect to property that is subject to a Title Dispute or to otherwise ensure

12

servicer for the Senior Loan and also own (or for which the applicable public land records otherwise reflect that the Debtors hold an interest) the Junior Loan with respect to the underlying property (collectively, the "Junior Foreclosure Actions") is hereby modified pursuant to the following terms and conditions:

 (a) except as otherwise set forth herein, the Debtors shall be entitled to assert and prosecute Junior Foreclosure Actions, whether in a Judicial State or a Non-Judicial State;

 (b) the Debtors shall be entitled to take such actions as are necessary to extinguish the lien with respect to a Junior Loan or to otherwise ensure clear and marketable title with respect to the property underlying a Senior Loan in connection with any sale or other disposition of such property;

 (c) the Debtors shall be entitled to seek all appropriate relief with respect to a Senior Loan in connection with the bankruptcy cases of a Bankruptcy Borrower without further order of the Court; and

 (d) the Debtors shall provide monthly reports to the Committee and the U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee, and such additional information as shall be reasonably requested by the Committee, in each case, concerning Junior Foreclosure Actions.

D. *Actions Involving Amount, Validity Or Priority Of Liens*

 15. The stay imposed by section 362(a) of the Bankruptcy Code applicable to actions involving the amount, validity, and/or priority of liens commenced by third parties purporting to have a lien interest or other claim ("Third Party Claimants") with respect to

federal statute or other law in connection with the origination of the Bankruptcy

Borrower's loan; (iii) for relief that if granted, would have no effect on the amount,

validity or priority of the Debtors' claim or lien against a Bankruptcy Borrower or the

property of the Bankruptcy Borrower securing such claim or lien of the Debtors; or

(iv) asserted in the form of a class action or collective action;

   (d) absent further order of the Court, the automatic stay shall remain in

full force and effect with respect to any party seeking to intervene to assert related claims

against the Debtors or any class action or collective action brought by any Bankruptcy

Borrower on behalf of any other class of borrowers;

   (e) under no circumstances shall a Bankruptcy Borrower or Bankruptcy

Trustee be entitled to recoup, setoff or collect from the Debtors any judgment or award

related to any direct claim or counter-claim for which the automatic stay has been lifted by

the terms of this Order;

   (f) the Debtors shall retain the right, upon appropriate motion and

notice to any Bankruptcy Borrower or Bankruptcy Trustee, to seek to impose any

provision of section 362(a) of the Bankruptcy Code modified by this Order; and

   (g) nothing set forth herein shall preclude or limit any Bankruptcy

Borrower or Bankruptcy Trustee from seeking relief from the automatic stay under section

362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties

in interest.

*Foreclosures By The Debtors On Senior Loans*

   14. The stay imposed by section 362(a) of the Bankruptcy Code applicable to

pending and future foreclosure actions initiated by the Debtors in cases where they act as

"Bankruptcy Trustee") shall be entitled to:  (i) assert and prosecute or continue to prosecute an objection to the Debtors' proof of claim filed in the Bankruptcy Borrower's bankruptcy case; (ii) assert and prosecute or continue to prosecute an objection to the Debtors' motion for relief from the automatic stay filed in the Bankruptcy Borrower's bankruptcy case; (iii) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to determine the validity, priority or extent of a Debtor's lien against the Bankruptcy Borrower's property; (iv) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to reduce or fix the amount of the Debtors' claim or lien against the Bankruptcy Borrower's property; (v) seek an accounting from the Debtors with respect to the Bankruptcy Borrower's loan; and (vi) enter into, execute and consummate a written agreement of settlement with the Debtors where the Debtors elect to enter into such settlement in their sole discretion (but subject to the Settlement Procedures), to resolve items (i) through (v) above;

(b)      except as set forth herein, a Bankruptcy Borrower shall be entitled to (i) engage in court-supervised or court-authorized loss-mitigation programs regarding the Bankruptcy Borrower's loan; and (ii) engage in discussions with the Debtors and execute a modification of the Bankruptcy Borrower's loan or otherwise discuss, enter into and consummate settlements of claims and liens in accordance with the ordinary course of the Debtors' business and applicable law;

(c)      absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all Bankruptcy Trustee's and Bankruptcy Borrower's direct claims, counter-claims, motions or adversary proceedings: (i) for monetary relief of any kind and of any nature against the Debtors; (ii) for violation of any local, state or

9

completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action;

        (c)     absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Interested Party on behalf of any other Interested Party or class of Interested Parties;

        (d)     under no circumstances shall an Interested Party be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of this Order;

        (e)     the Debtors shall retain the right, upon appropriate motion and notice to any affected Interested Party, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by this Order; and

        (f)     nothing set forth herein shall preclude or limit any Interested Party from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

*Borrower Bankruptcy Proceedings*

        13.    The automatic stay imposed by section 362(a) of the Bankruptcy Code applicable against a borrower who currently has filed, or in the future files, for bankruptcy protection under any chapter of the Bankruptcy Code (a "<u>Bankruptcy Borrower</u>"), is hereby modified pursuant to the following terms and conditions:

        (a)     except as set forth herein, a Bankruptcy Borrower or a trustee duly appointed under the Bankruptcy Code in the Bankruptcy Borrower's bankruptcy case (a

entered shall not exceed $4,000,000 in the aggregate, absent consent of the Committee or further order of the Court.

11.    Any period prescribed or allowed by the Settlement Procedures shall be computed in accordance with Bankruptcy Rule 9006.

<u>Limited Relief from Automatic Stay</u>

*Borrower Foreclosure And Eviction Proceedings*

12.    The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or pending, is hereby modified pursuant to the following terms and conditions:

(a)    except as set forth herein, a borrower, mortgagor, or lienholder (each, an "<u>Interested Party</u>") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor, in defense of any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment permitting the foreclosure or eviction has not been awarded, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b)    absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims:  (i) for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that if granted, would not terminate or preclude the prosecution and

date the Notice Parties received written notice of such Tier II
Settlement (the "Settlement Objection Deadline"). Objections
should be addressed to the proposed attorneys for the Debtors,
Morrison & Foerster LLP, 1290 Avenue of the Americas, New
York, New York 10104, Attn: Larren M. Nashelsky
(LNashelsky@mofo.com) and Norman S. Rosenbaum
(NRosenbaum@mofo.com).

(c) If the Debtors receive a timely objection from a Notice
Party, the parties will confer and attempt to resolve any
differences. Failing that, the Debtors may petition the Court for
approval of the Tier II Settlement in accordance with any case
management orders entered in the Chapter 11 cases. An objection
by a Notice Party with respect to a given Tier II Settlement shall
not delay the finality or effectiveness of any other settlement to
which an objection has not timely been delivered.

(d) If the Debtors do not receive a written objection to a
Tier II Settlement from a Notice Party by the Settlement Objection
Deadline, then such Tier II Settlement shall be deemed approved
and the Debtors and Settling Parties may carry out the terms of
such Tier II Settlement without further notice or approval required.

4. The Debtors shall be required to seek approval from the Court in order to

enter into and consummate any proposed settlement of a Claim with a settlement amount in

excess of $100,000.

5. The Debtors are authorized in their sole discretion, but not directed, to

settle claims where some or all of the consideration is being provided by a third party and/or

where the Debtors are releasing claims against creditors or third parties provided the Debtors

otherwise comply with the Settlement Procedures.

6. The Settlement Procedures are without prejudice to the right of the

Debtors to seek an order of this Court approving additional or different procedures with respect

to specific claims or categories of claims. For claims relating to matters specified in paragraphs

12(a) and 13(a) of this Order that were resolved pursuant to a settlement prior to the Petition

Date, but where such settlement has not been consummated, the Debtors are authorized, but not

Settlement Procedures

      3.     The Debtors are authorized, but not directed to compromise and settle certain claims brought by the Debtors against any non-insider third parties in connection with foreclosure, eviction, or borrower bankruptcy proceedings (each a "Settling Party") or by a Settling Party against any of the Debtors (each, a "Claim") in accordance with the following two-tiered procedures (the "Settlement Procedures"):

> Tier I: The Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with respect to Claims that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed prepetition claims in amounts not to exceed $50,000 in full settlement of such Claim (each, a "Tier I Settlement").

> Tier II: The Debtors, in their sole discretion, may enter into, execute and consummate written agreements of settlement with respect to Claims that will be binding on the Debtors and their estates without further action by this Court or notice to any party and grant such Settling Parties cash payments or allowed prepetition claims in amounts exceeding $50,000 but less than $100,000 in full settlement of such Claims (each a "Tier II Settlement"); provided, that in each case:

>     (a) The Debtors must provide advance written notice (by formal or informal means, including by e-mail correspondence) of the terms of any Tier II Settlement to (x) the U.S. Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Brian S. Masumoto, (y) counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal; and (z) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attn: Kenneth S. Ziman and Jonathan H. Hofer (collectively the "Notice Parties")

>     (b) Those Notice Parties wishing to object to any proposed Tier II Settlement must serve a written objection (by formal or informal means, including by e-mail correspondence) on the Debtors, so that it is received by no later than 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days from the

4

"First Day" Motions And Related Relief [Docket. No. 254] (the "Reply"); and upon the record of

the hearing; and it appearing that the relief requested by the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon;

and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.     The Motion is GRANTED on an interim basis, as set forth herein, and the

NACBA Objection and any other objections to the Motion are hereby overruled;

Loss Mitigation Programs

2.     The Debtors are authorized, but not directed in their sole and absolute

discretion and subject to available funding, to continue developing and implementing loss

mitigation programs and procedures in the ordinary course of their businesses *nunc pro tunc* to

the Petition Date, including, but not limited to, making incentive payments to borrowers in

connection with the closing of short sales, or vacating properties in lieu of foreclosure or eviction

proceedings, or in the form of borrower rebates for loan payoffs (collectively, the "Loss

Mitigation Programs"); provided, however, that cash payments made by the Debtors to

individual borrowers under the Loss Mitigation Programs during the period from the Petition

Date through the date a final order granting the Motion is entered that are not recoverable by the

Debtors, whether as an Advance or otherwise, shall not exceed $2,000,000 in the aggregate,

absent consent of the Committee or further order of the Court.  The Debtors shall provide

monthly reports to the Committee and the Office of the United States Trustee for the Southern

District of New York (the "U.S. Trustee"), which reports shall be in a form agreed to by the

Debtors and the Committee and such additional information as shall be reasonably requested by

the Committee, in each case, concerning the Loss Mitigation Programs.

they service senior mortgage loans and own the junior mortgage loans on the underlying

property, and (z) third party lien holders to prosecute direct claims and counter-claims in actions

involving the amount, validity or priority of liens on properties subject to foreclosure

proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee

fees and expenses; and the Court having considered the Whitlinger Affidavit and the Bocresion

Declaration; and the Court having entered the Interim GA Servicing Order on May 15, 2012

granting the GA Servicing Motion on an interim basis; and the Court having entered the Interim

Non-GA Servicing Order on May 16, 2012 granting the Non-GA Servicing Motion on an interim

basis; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in

this district is proper pursuant to 28 U.S.C §§ 1408 and 1409; and it appearing that this

proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Debtors

having filed a motion to have the Motion heard on shortened notice [Docket No. 180]; and the

Court having entered an order shortening the time for notice of a hearing on the Motion [Docket

No. 183]; and sufficient notice of the Motion having been given and it appearing that no other or

further notice need be provided; and the National Association of Consumer Bankruptcy

Attorneys, on its own behalf and in a representative capacity, two individuals who are debtors

under Chapter 13, and Edward Boltz, counsel for those individuals, having filed jointly the

Limited Omnibus Objection To The Servicing Orders And Debtors' May 31, 2012 Motion For A

Supplemental Order [Docket No. 221] (the "NACBA Objection"); and the Committee having

filed the Omnibus Response And Reservation Of Rights Of The Official Committee Of

Unsecured Creditors To Certain Of The Debtors' First Day Motions [Docket No. 240]; and the

Debtors having filed the Omnibus Reply To Objections To Entry Of Final Orders For Specific

2

Docket #0391  Date Filed: 6/15/2012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL ORDER FOR INTERIM RELIEF UNDER BANKRUPTCY CODE
SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019
(I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS
MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE
AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF
ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE
AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE
DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE
DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its

affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a

supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and

Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation

programs; (ii) approving procedures for the compromise and settlement of certain claims,

litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting

limited stay relief to permit (w) borrowers or their tenants, as applicable, to prosecute direct

claims and counter-claims in foreclosure and eviction proceedings (including in states in which

non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower

bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
   Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief
   granted herein may refer to http://www.kccllc.net/rescap for additional information.



1212020120615000000000011

13Software

| Date | | | Check # | Description | Amount | Amount |
|---|---|---|---|---|---|---|
| 7/2/2009 | | | JOES3563 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 6/30/2009 | | | JOES3441 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/23/2009 | | | JOES3309 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/16/2009 | | | JOES3183 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/9/2009 | | | JOES3056 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/3/2009 | | | JOES2934 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/3/2009 | 2 | GMAC MORTGAGE | xx72245 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $822.26 |
| 6/3/2009 | | KRISPEN S. CARROLL | xx71531 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $38.75 |
| 6/2/2009 | | | 1657 | HOLD PERSONAL CHECK FROM DEBTOR/ONE DISBURSEMENT | $40.00 | |
| 6/2/2009 | | | 1658 | HOLD PERSONAL CHECK FROM DEBTOR/ONE DISBURSEMENT | $40.00 | |
| 5/27/2009 | | | JOES2807 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $184.75 | |
| 5/19/2009 | | | JOES2684 | EMPLOYER PAYROLL DEDUCTION CHECK | $220.45 | |
| 5/15/2009 | | | 1656 | PERSONAL CHECK FROM DEBTOR | $40.00 | |
| 5/12/2009 | | | JOES2465 | EMPLOYER PAYROLL DEDUCTION CHECK | $260.28 | |
| 5/7/2009 | | | 1655 | PERSONAL CHECK FROM DEBTOR | $40.00 | |
| 5/6/2009 | 0 | CHIMKO & ASSOCIATES | xx70782 | ATTORNEY FEE - MONTHLY DISBURSEMENTS | | $2,900.00 |
| 5/6/2009 | 2 | GMAC MORTGAGE | xx69650 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $507.83 |
| 5/6/2009 | | KRISPEN S. CARROLL | xx68829 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $150.58 |
| 5/5/2009 | | | JOES2351 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $260.28 | |
| 5/1/2009 | | | 1653 | HOLD PERSONAL CHECK FROM DEBTOR/ONE DISBURSEMENT | $40.00 | |
| 4/28/2009 | | | JOES2244 | EMPLOYER PAYROLL DEDUCTION CHECK | $260.28 | |
| 4/21/2009 | | | JOES2134 | EMPLOYER PAYROLL DEDUCTION CHECK | $260.28 | |
| 4/17/2009 | | | 1605 | PERSONAL CHECK FROM DEBTOR | $47.97 | |
| 4/15/2009 | | | JOES2022 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 4/14/2009 | | | 1646 | PERSONAL CHECK FROM DEBTOR | $47.97 | |
| 4/7/2009 | | | JOES1909 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 4/6/2009 | | | 1602 | PERSONAL CHECK FROM DEBTOR | $47.97 | |
| 3/31/2009 | | | JOES1800 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $212.31 | |
| 3/27/2009 | | | 1601 | HOLD PERSONAL CHECK FROM DEBTOR/ONE DISBURSEMENT | $47.97 | |
| 3/24/2009 | | | JOES1688 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 3/18/2009 | | | 1597 | HOLD PERSONAL CHECK FROM DEBTOR/ONE DISBURSEMENT | $47.97 | |
| 3/17/2009 | | | JOES1581 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 3/10/2009 | | | 1593 | PERSONAL CHECK FROM DEBTOR | $47.97 | |
| 3/10/2009 | | | JOES1472 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 3/3/2009 | | | JOES1363 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $212.31 | |
| 2/24/2009 | | | JOES1254 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 2/18/2009 | | | JOES1145 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 2/10/2009 | | | JOES1036 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 2/4/2009 | | | JOES0933 | EMPLOYER PAYROLL DEDUCTION CHECK | $212.31 | |
| 1/29/2009 | | | 1579 | HOLD PERSONAL CHECK FROM DEBTOR/ONE DISBURSEMENT | $212.31 | |
| 1/29/2009 | | | 1580 | HOLD PERSONAL CHECK FROM DEBTOR/ONE DISBURSEMENT | | |
| | | | | Totals: | $43,361.92 | $43,361.92 |

| Date | # | Creditor | Account | Description | Amount | Disbursed |
|------|---|----------|---------|-------------|--------|-----------|
| 6/8/2010 | | | JOES9513 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 6/2/2010 | | | JOES9383 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 5/25/2010 | | | JOES9254 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 5/18/2010 | | | JOES9128 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 5/12/2010 | | | JOES9000 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 5/5/2010 | 2 | GMAC MORTGAGE | xx99978 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 5/5/2010 | 3 | GMAC MORTGAGE | xx99978 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $407.86 |
| 5/5/2010 | 24 | GARY J CANJAR | xx99949 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $224.13 |
| 5/5/2010 | 25 | STATE OF MICHIGAN CD | xx00678 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $33.98 |
| 5/5/2010 | | KRISPEN S. CARROLL | xx99199 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $89.93 |
| 5/4/2010 | | | JOES8877 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 4/27/2010 | | | JOES8758 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 4/20/2010 | | | JOES8642 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 4/13/2010 | | | JOES8525 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 4/7/2010 | | | JOES8406 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 4/2/2010 | 2 | GMAC MORTGAGE | xx97656 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 4/2/2010 | 3 | GMAC MORTGAGE | xx97656 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $238.44 |
| 4/2/2010 | 24 | GARY J CANJAR | xx97624 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $131.03 |
| 4/2/2010 | 25 | STATE OF MICHIGAN CD | xx98340 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $19.88 |
| 4/2/2010 | | KRISPEN S. CARROLL | xx96886 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $72.27 |
| 3/30/2010 | | | JOES8288 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 3/23/2010 | | | JOES8163 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 3/18/2010 | | | JOES8042 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 3/9/2010 | | | JOES7927 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 3/3/2010 | 2 | GMAC MORTGAGE | xx95350 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 3/3/2010 | 3 | GMAC MORTGAGE | xx95350 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $62.77 |
| 3/3/2010 | 24 | GARY J CANJAR | xx95323 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $34.50 |
| 3/3/2010 | | KRISPEN S. CARROLL | xx94675 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $53.63 |
| 3/2/2010 | | | JOES7810 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 2/23/2010 | | | JOE7688 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 2/17/2010 | | | JOES7569 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 2/10/2010 | 2 | GMAC MORTGAGE | xx93303 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 2/10/2010 | 3 | GMAC MORTGAGE | xx93303 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $408.10 |
| 2/10/2010 | 24 | GARY J CANJAR | xx93274 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $224.27 |
| 2/10/2010 | 25 | STATE OF MICHIGAN CD | xx93970 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $33.60 |
| 2/10/2010 | | KRISPEN S. CARROLL | xx92542 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $89.92 |
| 2/8/2010 | | | JOES7443 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 2/2/2010 | | | JOES7324 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 2/1/2010 | | | JOES7268 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 1/20/2010 | | | JOES7067 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 1/13/2010 | | | JOES6964 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 1/8/2010 | 2 | GMAC MORTGAGE | xx90793 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 1/8/2010 | 3 | GMAC MORTGAGE | xx90793 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $418.50 |
| 1/8/2010 | 24 | GARY J CANJAR | xx90759 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $229.98 |
| 1/8/2010 | 25 | STATE OF MICHIGAN CD | xx81464 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $34.46 |
| 1/8/2010 | | KRISPEN S. CARROLL | xx89989 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $91.01 |
| 1/5/2010 | | | JOES6830 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 12/31/2009 | | | JOES6669 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/22/2009 | | | JOES6542 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/15/2009 | | | JOES6413 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/9/2009 | | | JOES6263 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/2/2009 | 2 | GMAC MORTGAGE | xx88076 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $1,110.08 |
| 12/2/2009 | | KRISPEN S. CARROLL | xx87323 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $70.66 |
| 11/29/2009 | | | JOES6170 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 11/24/2009 | | | JOES6049 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/17/2009 | | | JOES5928 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/10/2009 | | | JOES5809 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/4/2009 | 2 | GMAC MORTGAGE | xx85862 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $1,127.04 |
| 11/4/2009 | | KRISPEN S. CARROLL | xx85139 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 11/3/2009 | | | JOES5690 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 10/27/2009 | | | JOES5573 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/21/2009 | | | JOES5456 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/14/2009 | | | JOES5323 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/7/2009 | 2 | GMAC MORTGAGE | xx83450 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $1,408.83 |
| 10/7/2009 | | KRISPEN S. CARROLL | xx82669 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $89.92 |
| 10/6/2009 | | | JOES5200 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 9/29/2009 | | | JOES5073 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/22/2009 | | | JOPES4948 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/16/2009 | | | JOES4827 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/9/2009 | | | JOES4701 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/2/2009 | 2 | GMAC MORTGAGE | xx80691 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $1,127.06 |
| 9/2/2009 | | KRISPEN S. CARROLL | xx79958 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 9/1/2009 | | | JDE4579 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 8/25/2009 | | | JOES4454 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/19/2009 | | | JOES4336 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/11/2009 | | | JOES4211 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/5/2009 | | | JOES4056 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/5/2009 | 2 | GMAC MORTGAGE | xx78189 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $1,127.06 |
| 8/5/2009 | | KRISPEN S. CARROLL | xx77451 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 7/28/2009 | | | JOES3922 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/21/2009 | | | JOES3803 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/14/2009 | | | JOES3684 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/8/2009 | 2 | GMAC MORTGAGE | xx75524 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $1,684.14 |
| 7/8/2009 | | KRISPEN S. CARROLL | xx74692 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $79.36 |

| Date | # | Creditor | Check # | Description | | |
|------|---|----------|---------|-------------|---|---|
| 3/7/2011 | | | JOES9006 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 3/2/2011 | 2 | GMAC MORTGAGE | xx24027 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 3/2/2011 | 3 | GMAC MORTGAGE | xx24027 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $62.69 |
| 3/2/2011 | 24 | GARY J CANJAR | xx23982 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $34.45 |
| 3/2/2011 | | KRISPEN S. CARROLL | xx23236 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $53.62 |
| 2/25/2011 | | | JOES2161 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 2/23/2011 | | | JOES6468 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 2/15/2011 | | | JOES8401 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 2/8/2011 | | | JOES0537 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 2/1/2011 | 2 | GMAC MORTGAGE | xx21840 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 2/1/2011 | 3 | GMAC MORTGAGE | xx21840 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $235.11 |
| 2/1/2011 | 24 | GARY J CANJAR | xx21799 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $129.20 |
| 2/1/2011 | 25 | STATE OF MICHIGAN CD | xx22509 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $19.89 |
| 2/1/2011 | | KRISPEN S. CARROLL | xx21096 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 1/31/2011 | | | JOES5026 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 1/24/2011 | | | JOES6847 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 1/19/2011 | | | JOES2574 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 1/11/2011 | | | JOES9587 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 1/5/2011 | 2 | GMAC MORTGAGE | xx19039 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 1/5/2011 | 3 | GMAC MORTGAGE | xx19039 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $407.50 |
| 1/5/2011 | 24 | GARY J CANJAR | xx19001 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $223.94 |
| 1/5/2011 | 25 | STATE OF MICHIGAN CD | xx19781 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $34.53 |
| 1/5/2011 | | KRISPEN S. CARROLL | xx18223 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $89.92 |
| 1/4/2011 | | | JOESPRO4685 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 12/28/2010 | | | JOES3112 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/21/2010 | | | JOES5370 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/14/2010 | | | JOES8944 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/7/2010 | | | JOES1793 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 12/1/2010 | 2 | GMAC MORTGAGE | xx16656 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 12/1/2010 | 3 | GMAC MORTGAGE | xx16656 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $235.07 |
| 12/1/2010 | 24 | GARY J CANJAR | xx16626 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $129.18 |
| 12/1/2010 | 25 | STATE OF MICHIGAN CD | xx17275 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $19.95 |
| 12/1/2010 | | KRISPEN S. CARROLL | xx15886 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 11/29/2010 | | | JOES4726 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 11/19/2010 | | | JOES5518 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/15/2010 | | | JOES0214 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/8/2010 | | | JOES2554 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/5/2010 | 2 | GMAC MORTGAGE | xx14366 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 11/5/2010 | 3 | GMAC MORTGAGE | xx14356 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $235.04 |
| 11/5/2010 | 24 | GARY J CANJAR | xx14332 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $129.17 |
| 11/5/2010 | 25 | STATE OF MICHIGAN CD | xx19064 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $19.99 |
| 11/5/2010 | | KRISPEN S. CARROLL | xx13586 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 11/1/2010 | | | JOES6730 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 10/28/2010 | | | JOES6503 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/25/2010 | | | JOES0913 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/11/2010 | | | JOES4246 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/6/2010 | 2 | GMAC MORTGAGE | xx11880 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 10/6/2010 | 3 | GMAC MORTGAGE | xx11880 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $407.38 |
| 10/6/2010 | 24 | GARY J CANJAR | xx11847 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $223.87 |
| 10/6/2010 | 25 | STATE OF MICHIGAN CD | xx12607 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $34.72 |
| 10/6/2010 | | KRISPEN S. CARROLL | xx1090 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $89.92 |
| 10/4/2010 | | | JOES7015 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 9/27/2010 | | | JOES6793 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/20/2010 | | | JOE99652 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/14/2010 | | | JOES3666 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/8/2010 | | | JOES1963 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/1/2010 | 2 | GMAC MORTGAGE | xx09354 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 9/1/2010 | 3 | GMAC MORTGAGE | xx09354 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $243.19 |
| 9/1/2010 | 24 | GARY J CANJAR | xx09324 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $133.64 |
| 9/1/2010 | 25 | STATE OF MICHIGAN CD | xx10051 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $20.77 |
| 9/1/2010 | | KRISPEN S. CARROLL | xx08594 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $72.80 |
| 8/31/2010 | | | JOES6369 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 8/24/2010 | | | JOES6990 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/16/2010 | | | JOESPROD2138 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/9/2010 | | | JOES4984 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/4/2010 | 2 | GMAC MORTGAGE | xx07166 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $863.94 |
| 8/4/2010 | 3 | GMAC MORTGAGE | xx07166 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $161.16 |
| 8/4/2010 | 24 | GARY J CANJAR | xx07138 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $88.56 |
| 8/4/2010 | | KRISPEN S. CARROLL | xx06397 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.08 |
| 8/2/2010 | | | JOES9057 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 7/26/2010 | | | JOES6589 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/20/2010 | | | JOES8659 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/13/2010 | | | JOES2767 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/7/2010 | | | JOES6420 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/7/2010 | 0 | CHIRKO & ASSOCIATES | xx05735 | ATTORNEY FEE - MONTHLY DISBURSEMENTS | | $505.29 |
| 7/7/2010 | 2 | GMAC MORTGAGE | xx04726 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $621.78 |
| 7/7/2010 | | KRISPEN S. CARROLL | xx03909 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 6/28/2010 | | | JOES1212 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/21/2010 | | | JOES4487 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/9/2010 | 2 | GMAC MORTGAGE | xx02480 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 6/9/2010 | 3 | GMAC MORTGAGE | xx02480 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | -$235.30 |
| 6/9/2010 | 24 | GARY J CANJAR | xx02447 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $129.31 |
| 6/9/2010 | 25 | STATE OF MICHIGAN CD | xx03187 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $19.59 |
| 6/9/2010 | | KRISPEN S. CARROLL | xx01693 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |

| Date | # | Name | Reference | Description | | |
|---|---|---|---|---|---|---|
| 4/11/2012 | 24 | GARY J CANJAR | xx60661 | AMOUNT DISBURSED TO CREDITOR - INDIVIDUAL CLOSEOUTS | | $503.25 |
| 4/11/2012 | 25 | STATE OF MICHIGAN CD | xx60662 | AMOUNT DISBURSED TO CREDITOR - INDIVIDUAL CLOSEOUTS | | $75.94 |
| 4/11/2012 | | KRISPEN S. CARROLL | xx60992 | TRUSTEE FEE - INDIVIDUAL CLOSEOUTS | | $33.77 |
| 4/9/2012 | 2 | GMAC MORTGAGE | xx50138 | CANCELLED CONTINUING DEBT PAYMENT/PRINCIPLE | | ($580.19) |
| 4/9/2012 | | KRISPEN S. CARROLL | | TRUSTEE FEE REVERSAL/CONFIRMED CASE | | ($33.77) |
| 1/5/2012 | 8 | DEBORAH LEE DEROUIN | xx50139 | DEBTOR REFUND/CASE CLOSED - INDIVIDUAL CLOSEOUTS | | $599.50 |
| 1/5/2012 | 2 | GMAC MORTGAGE | xx50138 | AMOUNT DISBURSED TO CREDITOR - INDIVIDUAL CLOSEOUTS | | $580.19 |
| 1/5/2012 | | KRISPEN S. CARROLL | xx52738 | TRUSTEE FEE - INDIVIDUAL CLOSEOUTS | | $33.77 |
| 11/22/2011 | | | JOES3699 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/15/2011 | | | JOES8841 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/8/2011 | | | JOES5067 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 11/2/2011 | 8 | CHIMKO & ASSOCIATES | xx44662 | ATTORNEY FEE - MONTHLY DISBURSEMENTS | | $408.04 |
| 11/2/2011 | 2 | GMAC MORTGAGE | xx45159 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $689.80 |
| 11/2/2011 | 3 | GMAC MORTGAGE | xx45159 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $21.56 |
| 11/2/2011 | | KRISPEN S. CARROLL | xx44340 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $65.15 |
| 11/1/2011 | | | JOES7151 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 10/25/2011 | | | JOES5937 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/14/2011 | | | JOES9021 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/12/2011 | | | JOES8990 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 10/6/2011 | 2 | GMAC MORTGAGE | xx42405 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $689.80 |
| 10/6/2011 | 3 | GMAC MORTGAGE | xx42405 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $444.66 |
| 10/6/2011 | 24 | GARY J CANJAR | xx42340 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $244.36 |
| 10/6/2011 | 25 | STATE OF MICHIGAN CD | xx43263 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $37.49 |
| 10/6/2011 | | KRISPEN S. CARROLL | xx4157 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $82.43 |
| 10/3/2011 | | | JOES1595 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 9/27/2011 | | | JOES2827 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/19/2011 | | | JOES3791 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/13/2011 | | | JOES5360 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/7/2011 | | | JOES6527 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 9/1/2011 | 2 | GMAC MORTGAGE | xx39600 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $689.80 |
| 9/1/2011 | 3 | GMAC MORTGAGE | xx39600 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $296.96 |
| 9/1/2011 | 24 | GARY J CANJAR | xx39541 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $163.19 |
| 9/1/2011 | 25 | STATE OF MICHIGAN CD | xx40400 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $25.07 |
| 9/1/2011 | | KRISPEN S. CARROLL | xx30765 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $23.98 |
| 8/30/2011 | | | JOES8634 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 8/23/2011 | | | JOES9144 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/15/2011 | | | JOES1316 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/9/2011 | | | JOES396 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/2/2011 | | | JOES5610 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 8/2/2011 | 2 | GMAC MORTGAGE | xx37123 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $689.80 |
| 8/2/2011 | 3 | GMAC MORTGAGE | xx37123 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $267.59 |
| 8/2/2011 | 24 | GARY J CANJAR | xx37074 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $147.05 |
| 8/2/2011 | 25 | STATE OF MICHIGAN CD | xx37914 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $22.63 |
| 8/2/2011 | | KRISPEN S. CARROLL | xx36505 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 7/25/2011 | | | JOES5883 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/19/2011 | | | JOES9427 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/12/2011 | | | JOES0870 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/6/2011 | | | JOES 2877 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 7/1/2011 | 2 | GMAC MORTGAGE | xx34141 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $689.80 |
| 7/1/2011 | 3 | GMAC MORTGAGE | xx34141 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $439.98 |
| 7/1/2011 | 24 | GARY J CANJAR | xx34079 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $241.78 |
| 7/1/2011 | 25 | STATE OF MICHIGAN CD | xx34967 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $37.26 |
| 7/1/2011 | | KRISPEN S. CARROLL | xx33264 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $89.92 |
| 6/28/2011 | | | JOES4973 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/21/2011 | | | JOES 3995 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/14/2011 | | | JOES 8299 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/7/2011 | | | JOES2629 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/1/2011 | | | JOES 5298 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 6/1/2011 | 2 | GMAC MORTGAGE | xx31546 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $689.80 |
| 6/1/2011 | 3 | GMAC MORTGAGE | xx31546 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $267.54 |
| 6/1/2011 | 24 | GARY J CANJAR | xx31496 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $147.02 |
| 6/1/2011 | 25 | STATE OF MICHIGAN CD | xx32278 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $22.70 |
| 6/1/2011 | | KRISPEN S. CARROLL | xx30798 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 5/24/2011 | | | JOES 6195 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 5/16/2011 | | | JOES 9161 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 5/10/2011 | | | JOES 9599 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 5/4/2011 | 2 | GMAC MORTGAGE | xx29210 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 5/4/2011 | 3 | GMAC MORTGAGE | xx29210 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $235.05 |
| 5/4/2011 | 24 | GARY J CANJAR | xx29164 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $129.17 |
| 5/4/2011 | 25 | STATE OF MICHIGAN CD | xx30006 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $19.98 |
| 5/4/2011 | | KRISPEN S. CARROLL | xx28419 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $71.94 |
| 5/3/2011 | | | JOES3066 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 4/27/2011 | | | JOES3035 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 4/18/2011 | | | JOES 6600 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 4/12/2011 | | | JOES8472 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 4/6/2011 | 2 | GMAC MORTGAGE | xx26580 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $742.86 |
| 4/6/2011 | 3 | GMAC MORTGAGE | xx26580 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $583.90 |
| 4/6/2011 | 24 | GARY J CANJAR | xx26532 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $326.38 |
| 4/6/2011 | 25 | STATE OF MICHIGAN CD | xx27372 | AMOUNT DISBURSED TO CREDITOR - MONTHLY DISBURSEMENTS | | $49.65 |
| 4/6/2011 | | KRISPEN S. CARROLL | xx25732 | TRUSTEE FEE - MONTHLY DISBURSEMENTS | | $108.24 |
| 4/4/2011 | | | JOES 0424 | HOLD EMPLOYER PR DEDUCTION CHECK/ONE DISBURSEMENT | $299.75 | |
| 3/28/2011 | | | JOES3319 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 3/21/2011 | | | JOES 4934 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |
| 3/14/2011 | | | JOES7994 | EMPLOYER PAYROLL DEDUCTION CHECK | $299.75 | |

| | |
|---|---|
| Total Principal Paid | $40,354.02 |
| Total Principal Owed | $9,250.27 |
| Total Principal Due | $3,962.16 |
| Total Interest Paid | $0.00 |
| Total Interest Due | $0.00 |

**Claim Breakdown**

| | Priority | Secured | Unsecured | Other |
|---|---|---|---|---|
| Claimed | $3,813.32 | $13,794.78 | $25,777.47 | $0.00 |
| Scheduled | $3,813.32 | $16,816.27 | $39,988.57 | $0.00 |
| Principal Paid | $3,813.32 | $36,540.70 | $0.00 | $0.00 |
| Principal Owed | $0.00 | $9,250.27 | $0.00 | $0.00 |
| Principal Due | $0.00 | $3,962.16 | $0.00 | $0.00 |
| Interest Paid | $0.00 | $0.00 | $0.00 | $0.00 |
| Interest Due | $0.00 | $0.00 | $0.00 | $0.00 |
| Monthly Payment | $0.00 | $229.91 | $0.00 | $0.00 |
| Collateral | $0.00 | $0.00 | $0.00 | $0.00 |

**Claims Listing**

| Name (Addr) | Type | Level | Fil | Amt Proof | Prin Paid | Prin Owed | Clm Amt | Sched Amt | % Rate | Int Paid | Int Due | Cost Paid | No Clm | No Div | Stop Pmt | Spec Stmt | Prin Due |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| UNIT 5 CREDIT | S | 22 | | $139.99 | $3,96... | $3,69... | $11,995.00... | $2... | $0.00 | $0.00 | | | | | | $3,428.73 |
| STATE OF MICHIGAN CD (xxxxxxxx9085) | S | 12 | | $199.86 | $569.56 | $1,756.66 | $1,797.72 | $2,717.53 | 22.42% | $0.00 | $0.00 | | | | | | $323.44 |
| ROUNDUP FUNDING LLC (xxxxxxxx3413) | U | 32 | | $0.00 | $0.00 | $2,425.13 | $2,425.13 | | | $0.00 | $0.00 | | | | | | $0.00 |
| PORTFOLIO RECOVERY ASSOC (xxxxxxxx9205) | U | 32 | | $0.00 | $0.00 | $3,436.50 | $3,706.50 | | | $0.00 | $0.00 | | | | | | $0.00 |
| BANK OF AMERICA (xxxxxxxx7212) | U | 32 | | $0.00 | $0.00 | $0.00 | $4,717.01 | | | $0.00 | $0.00 | | | X | | | $0.00 |
| CAPITAL ONE (xxxxxxx4242) | U | 33 | | $0.00 | $0.00 | $0.00 | $4.05 | $3,463.94 | | $0.00 | $0.00 | | | C | | | $0.00 |
| PORTFOLIO RECOVERY ASSOC (xxxxxxx4998) | U | 32 | | $0.00 | $0.00 | $2,468.13 | $2,431.60 | | | $0.00 | $0.00 | | | | | | $9.30 |
| PORTFOLIO RECOVERY ASSOC (xxxxxxx9355) | U | 33 | | $0.00 | $0.00 | $0.00 | $3,827.22 | $3,822.12 | | $0.00 | $0.00 | | | | | | $9.99 |
| DISCOVER FINANCIAL (7319) | N | 33 | | $0.00 | $0.97 | $0.00 | $0.95 | $3,468.55 | | $0.05 | $0.07 | | | X | | | $0.00 |
| FOR YOU BY RECOVERY ASSOC (xxxxxxx53) | U | 32 | | $0.00 | $0.05 | $1,457.36 | $1,470.60 | | | $0.70 | $0.72 | | | | 1 | | $0.00 |
| JC PENNEY (xxxxxxx9611) | U | 32 | | $0.00 | $0.06 | $0.00 | $0.59 | $19.31 | | $0.00 | $0.07 | | | X | | | $0.00 |
| NCMLS COLLECTION AGENCY (xxxxxxx395) | U | 33 | | $0.00 | $0.06 | $0.00 | $0.00 | $280.20 | | $0.00 | $0.00 | | | X | | | $0.00 |
| REGIMENT CAPITAL (3741) | U | 33 | | $0.00 | $0.00 | $0.00 | $5,313.34 | $3,031.70 | | $0.00 | $0.00 | | | | T | | $9.90 |
| ROUNDUP FUNDING LLC (xxxxxxx3547) | U | 33 | | $0.00 | $0.00 | $0.00 | $3,987.56 | $3,408.33 | | $0.00 | $0.00 | | | | | | $0.00 |
| NCASF SETTLEMENT CORPORATION (xxxxxxx3471) | U | 33 | | $0.07 | $0.39 | $0.00 | $622.05 | $623.00 | | $0.00 | $0.00 | | | | | | $0.00 |
| PORTFOLIO RECOVERY ASSOC (xxxxxxx7137) | V | 33 | | $0.06 | $0.00 | $0.00 | $1,046.76 | $1,005.70 | | $0.00 | $0.00 | | | | | | $0.07 |
| TARGET NATIONAL BANK (6297) | U | 33 | | $0.00 | $0.00 | $0.00 | $0.00 | $4,701.56 | | $0.00 | $0.00 | | | X | | | $9.97 |
| WASHINGTON MUTUAL (xxxxxxx17) | U | 32 | | $0.00 | $0.00 | $0.00 | $0.00 | $34.95 | | $0.00 | $0.00 | | | X | | | $0.00 |
| CHARTER TOWNSHIP OF REDFORD (xxxxxxx9000) | R | 99 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 9.50% | $0.00 | $0.00 | | | R | | | $689.80 |
| GMAC MORTGAGE (xxxxxxx789) | A | 44 | | $809.40,26,601.74 | | $0.00 | $0.00 | $0.00 | 6.50% | $0.00 | $0.00 | V | | R | | | $0.00 |
| GMAC MORTGAGE (xxxxxxx789) | A | 44 | | $965.68 | $6,344.43 | $6,783.97 | $13,656.42 | $13,995.42 | 69.52% | | | | | R | | | $6,783.97 |
| HINCHCHEY EDWARD FRAKLE CORP (xxxxxxx0) | V | 95 | | $0.00 | $0.00 | $0.00 | $957.00 | $0.00 | | $0.00 | $0.00 | | | R | | | $0.00 |
| BANK OF AMERICA | N | 99 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 | | | X | | | $0.00 |
| CAPITAL ONE | N | 99 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 | | | X | | | $0.00 |
| CITIBANK | N | 99 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.06 | $0.00 | | | X | | | $0.00 |
| 36A DISTRICT COURT | N | 99 | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | | $0.00 | $0.00 | | | X | | | $0.00 |

**Attorney Listing**

| Name | Description | Level | Fee In Plan | Fee Paid Outside | Fee Paid to Date | Initial Amount | Monthly Payment | Fee Remaining |
|---|---|---|---|---|---|---|---|---|
| CHIPKO & ASSOCIATES | ATTORNEY FEE | 3 | $3,813.32 | $0.00 | $3,813.32 | $0.00 | $0.00 | $0.00 |

**Clerk Fees Listing**

No Clerk Names have been established for this case.

**Debtor Refund**

| Name | Description | Level | Refund Amount | Amount Paid | Amount Owed |
|---|---|---|---|---|---|
| DEBORAH LEE DEROUIN | DEBTOR REFUND | 0 | $0.00 | $0.00 | |
| DEBORAH LEE DEROUIN | DEBTOR REFUND | 0 | $593.50 | $593.50 | $0.00 |

**Claim Payout**

| Creditor Type | Cost | No Cost | SubTotal | Trustee | Total |
|---|---|---|---|---|---|
| Notice / Filing Fees | | | | | |
| Secured | $5,288.11 | | $5,288.11 | $278.32 | $5,566.43 |
| Secured Arrears | $10,746.13 | | $10,746.13 | $565.59 | $11,311.72 |
| Unsecured | | | | | |
| Priority | | | | | |
| Attorney | | | | | |
| Continuing Debt Arrears | $689.80 | | $689.80 | $36.31 | $726.11 |
| Totals | $16,724.04 | | $16,724.04 | $880.21 | $17,604.25 |
| | | | | Balance on Hand | |
| | | | Totals Less Balance on Hand | | $17,604.25 |
| Continuing Payments | $689.80 | | $689.80 | $36.31 | $726.11 |
| Regular Payments | $593.76 | | $593.76 | $31.25 | $625.01 |

The balance disclosed on this page is not the payoff figure and does not represent the funds needed to pay the case in full. An audit must be completed to ascertain the actual payoff amount.

**Financials**

| Date | Payee | Payee Name | Source / Check | Description | Receipts | Disbursements |
|---|---|---|---|---|---|---|
| | | | | | | |

| 17 | 5/2010 | $1,199.00 | $1,199.00 | $460.43 |
|----|--------|-----------|-----------|---------|
| 18 | 6/2010 | $1,199.00 | $1,199.00 | $460.43 |
| 19 | 7/2010 | $1,498.75 | $1,199.00 | $760.18 |
| 20 | 8/2010 | $1,199.00 | $1,498.75 | $460.43 |
| 21 | 9/2010 | $1,199.00 | $1,199.00 | $460.43 |
| 22 | 10/2010 | $1,498.75 | $1,199.00 | $760.18 |
| 23 | 11/2010 | $1,199.00 | $1,498.75 | $460.43 |
| 24 | 12/2010 | $1,498.75 | $1,199.00 | $760.18 |
| 25 | 1/2011 | $1,199.00 | $1,498.75 | $460.43 |
| 26 | 2/2011 | $1,199.00 | $1,199.00 | $460.43 |
| 27 | 3/2011 | $1,199.00 | $1,199.00 | $460.43 |
| 28 | 4/2011 | $1,498.75 | $1,199.00 | $760.18 |
| 29 | 5/2011 | $1,199.00 | $1,199.00 | $760.18 |
| 30 | 6/2011 | $1,199.00 | $1,498.75 | $460.43 |
| 31 | 7/2011 | $1,498.75 | $1,199.00 | $760.18 |
| 32 | 8/2011 | $1,199.00 | $1,498.75 | $460.43 |
| 33 | 9/2011 | $1,498.75 | $1,199.00 | $760.18 |
| 34 | (Closed: 11/11) 10/2011 | $1,199.00 | $1,199.00 | $760.18 |
| 35 | (Closed: 11/11) 11/2011 | $299.75 | $1,199.00 | ($139.07) |

**Total Delinquent Amount: ($139.07)**





**Payee Summary**

| Number of Claims | 27 |
|------------------|-----|
| Total Amount Claimed | $43,385.57 |
| Total Amount Scheduled | $60,538.16 |

| # | | | | Payment | Balance |
|---|---|---|---|---|---|
| 46 | 3/5/2010 | 3/11/2010 | | $299.75 | $13,788.50 |
| 47 | 3/12/2010 | 3/18/2010 | | $299.75 | $14,088.25 |
| 48 | 3/19/2010 | 3/25/2010 | | $299.75 | $14,388.00 |
| 49 | 3/26/2010 | 4/1/2010 | | $299.75 | $14,687.75 |
| 50 | 4/2/2010 | 4/8/2010 | | $299.75 | $14,987.50 |
| 51 | 4/9/2010 | 4/15/2010 | | $299.75 | $15,287.25 |
| 52 | 4/16/2010 | 4/22/2010 | | $299.75 | $15,587.00 |
| 53 | 4/23/2010 | 4/29/2010 | | $299.75 | $15,886.75 |
| 54 | 4/30/2010 | 5/6/2010 | | $299.75 | $16,186.50 |
| 55 | 5/7/2010 | 5/13/2010 | | $299.75 | $16,486.25 |
| 56 | 5/14/2010 | 5/20/2010 | | $299.75 | $16,786.00 |
| 57 | 5/21/2010 | 5/27/2010 | | $299.75 | $17,085.75 |
| 58 | 5/28/2010 | 6/3/2010 | | $299.75 | $17,385.50 |
| 59 | 6/4/2010 | 6/10/2010 | | $299.75 | $17,685.25 |
| 60 | 6/11/2010 | 6/17/2010 | | $299.75 | $17,985.00 |
| 61 | 6/18/2010 | 6/24/2010 | | $299.75 | $18,284.75 |
| 62 | 6/25/2010 | 7/1/2010 | | $299.75 | $18,584.50 |
| 63 | 7/2/2010 | 7/8/2010 | | $299.75 | $18,884.25 |
| 64 | 7/9/2010 | 7/15/2010 | | $299.75 | $19,184.00 |
| 65 | 7/16/2010 | 7/22/2010 | | $299.75 | $19,483.75 |
| 66 | 7/23/2010 | 7/29/2010 | | $299.75 | $19,783.50 |
| 67 | 7/30/2010 | 8/5/2010 | | $299.75 | $20,083.25 |
| 68 | 8/6/2010 | 8/12/2010 | | $299.75 | $20,383.00 |
| 69 | 8/13/2010 | 8/19/2010 | | $299.75 | $20,682.75 |
| 70 | 8/20/2010 | 8/26/2010 | | $299.75 | $20,982.50 |
| 71 | 8/27/2010 | 9/2/2010 | | $299.75 | $21,282.25 |
| 72 | 9/3/2010 | 9/9/2010 | | $299.75 | $21,582.00 |
| 73 | 9/10/2010 | 9/16/2010 | | $299.75 | $21,881.75 |
| 74 | 9/17/2010 | 9/23/2010 | | $299.75 | $22,181.50 |
| 75 | 9/24/2010 | 9/30/2010 | | $299.75 | $22,481.25 |
| 76 | 10/1/2010 | 10/7/2010 | | $299.75 | $22,781.00 |
| 77 | 10/8/2010 | 10/14/2010 | | $299.75 | $23,080.75 |
| 78 | 10/15/2010 | 10/21/2010 | | $299.75 | $23,380.50 |
| 79 | 10/22/2010 | 10/28/2010 | | $299.75 | $23,680.25 |
| 80 | 10/29/2010 | 11/4/2010 | | $299.75 | $23,980.00 |
| 81 | 11/5/2010 | 11/11/2010 | | $299.75 | $24,279.75 |
| 82 | 11/12/2010 | 11/18/2010 | | $299.75 | $24,579.50 |
| 83 | 11/19/2010 | 11/25/2010 | | $299.75 | $24,879.25 |
| 84 | 11/26/2010 | 12/2/2010 | | $299.75 | $25,179.00 |
| 85 | 12/3/2010 | 12/9/2010 | | $299.75 | $25,478.75 |
| 86 | 12/10/2010 | 12/16/2010 | | $299.75 | $25,778.50 |
| 87 | 12/17/2010 | 12/23/2010 | | $299.75 | $26,078.25 |
| 88 | 12/24/2010 | 12/30/2010 | | $299.75 | $26,378.00 |
| 89 | 12/31/2010 | 1/6/2011 | | $299.75 | $26,677.75 |
| 90 | 1/7/2011 | 1/13/2011 | | $299.75 | $26,977.50 |
| 91 | 1/14/2011 | 1/20/2011 | | $299.75 | $27,277.25 |
| 92 | 1/21/2011 | 1/27/2011 | | $299.75 | $27,577.00 |
| 93 | 1/28/2011 | 2/3/2011 | | $299.75 | $27,876.75 |
| 94 | 2/4/2011 | 2/10/2011 | | $299.75 | $28,176.50 |
| 95 | 2/11/2011 | 2/17/2011 | | $299.75 | $28,476.25 |
| 96 | 2/18/2011 | 2/24/2011 | | $299.75 | $28,776.00 |
| 97 | 2/25/2011 | 3/3/2011 | | $299.75 | $29,075.75 |
| 98 | 3/4/2011 | 3/10/2011 | | $299.75 | $29,375.50 |
| 99 | 3/11/2011 | 3/17/2011 | | $299.75 | $29,675.25 |
| 100 | 3/18/2011 | 3/24/2011 | | $299.75 | $29,975.00 |
| 101 | 3/25/2011 | 3/31/2011 | | $299.75 | $30,274.75 |
| 102 | 4/1/2011 | 4/7/2011 | | $299.75 | $30,574.50 |
| 103 | 4/8/2011 | 4/14/2011 | | $299.75 | $30,874.25 |
| 104 | 4/15/2011 | 4/21/2011 | | $299.75 | $31,174.00 |
| 105 | 4/22/2011 | 4/28/2011 | | $299.75 | $31,473.75 |
| 106 | 4/29/2011 | 5/5/2011 | | $299.75 | $31,773.50 |
| 107 | 5/6/2011 | 5/12/2011 | | $299.75 | $32,073.25 |
| 108 | 5/13/2011 | 5/19/2011 | | $299.75 | $32,373.00 |
| 109 | 5/20/2011 | 5/26/2011 | | $299.75 | $32,672.75 |
| 110 | 5/27/2011 | 6/2/2011 | | $299.75 | $32,972.50 |
| 111 | 6/3/2011 | 6/9/2011 | | $299.75 | $33,272.25 |
| 112 | 6/10/2011 | 6/16/2011 | | $299.75 | $33,572.00 |
| 113 | 6/17/2011 | 6/23/2011 | | $299.75 | $33,871.75 |
| 114 | 6/24/2011 | 6/30/2011 | | $299.75 | $34,171.50 |
| 115 | 7/1/2011 | 7/7/2011 | | $299.75 | $34,471.25 |
| 116 | 7/8/2011 | 7/14/2011 | | $299.75 | $34,771.00 |
| 117 | 7/15/2011 | 7/21/2011 | | $299.75 | $35,070.75 |
| 118 | 7/22/2011 | 7/28/2011 | | $299.75 | $35,370.50 |
| 119 | 7/29/2011 | 8/4/2011 | | $299.75 | $35,670.25 |
| 120 | 8/5/2011 | 8/11/2011 | | $299.75 | $35,970.00 |
| 121 | 8/12/2011 | 8/18/2011 | | $299.75 | $36,269.75 |
| 122 | 8/19/2011 | 8/25/2011 | | $299.75 | $36,569.50 |
| 123 | 8/26/2011 | 9/1/2011 | | $299.75 | $36,869.25 |
| 124 | 9/2/2011 | 9/8/2011 | | $299.75 | $37,169.00 |
| 125 | 9/9/2011 | 9/15/2011 | | $299.75 | $37,468.75 |
| 126 | 9/16/2011 | 9/22/2011 | | $299.75 | $37,768.50 |
| 127 | 9/23/2011 | 9/29/2011 | | $299.75 | $38,068.25 |
| 128 | 9/30/2011 | 10/6/2011 | | $299.75 | $38,368.00 |
| 129 | 10/7/2011 | 10/13/2011 | | $299.75 | $38,667.75 |
| 130 | 10/14/2011 | 10/20/2011 | | $299.75 | $38,967.50 |
| 131 | 10/21/2011 | 10/27/2011 | | $299.75 | $39,267.25 |
| | 10/28/2011 | 11/3/2011 | | $299.75 | $39,567.00 |
| Total | | | | | |

**Breakdown for Combined Schedules**

| Period | Date (Month/Year) | Payment Due | Payment Received | Forgive Amount | Amount Due |
|---|---|---|---|---|---|
| 1 | 1/2009 | $636.93 | $424.62 | | $212.31 |
| 2 | 2/2009 | $897.21 | $849.24 | | $47.97 |
| 3 | 3/2009 | $1,041.12 | $1,205.46 | | $95.94 |
| 4 | 4/2009 | $1,080.59 | $1,089.59 | | $87.64 |
| 5 | 5/2009 | $1,406.75 | $1,045.76 | | $540.43 |
| 6 | 6/2009 | $1,199.00 | $3,578.75 | | $160.64 |
| 7 | 7/2009 | $1,498.75 | $1,199.00 | | $460.43 |
| 8 | 8/2009 | $1,199.00 | $1,199.00 | | $460.43 |
| 9 | 9/2009 | $1,199.00 | $1,498.75 | | $1,108.68 |
| 10 | 10/2009 | $1,498.75 | $1,199.00 | | $460.43 |
| 11 | 11/2009 | $1,199.00 | $1,498.75 | | $160.68 |
| 12 | 12/2009 | $1,199.00 | $1,199.00 | | $160.68 |
| 13 | 1/2010 | $1,498.75 | $899.25 | | $760.18 |
| 14 | 2/2010 | $1,199.00 | $1,498.75 | | $490.43 |
| 15 | 3/2010 | $1,199.00 | $1,498.75 | | $160.68 |
| 16 | 4/2010 | $1,498.75 | $1,199.00 | | $460.43 |

| CREDITOR | BANK OF AMERICA | 1100 N KING ST | WILMINGTON | DE | 19884 | | |
|----------|----------------|----------------|------------|-----|-------|---|---|
| CREDITOR | BANK OF AMERICA | P O BOX 15726 | WILMINGTON | DE | 19886 | | |
| CREDITOR | CAPITAL ONE | P O BOX 30281 | SALT LAKE CITY | UT | 84130 | | |
| CREDITOR | CAPITAL ONE | P O BOX 30285 | SALT LAKE CITY | UT | 84130 | 174459 | |
| CREDITOR | CHARTER TOWNSHIP OF REDFORD | P O BOX 39401 | REDFORD | MI | 48239 | 416450 | |
| CREDITOR | CITIBANK | ATTN: CLAIMS DEPT MC2135 | SIOUX FALLS | SD | 57117 | 111259 | |
| CREDITOR | DISCOVER FINANCIAL | P O BOX 3008 | NEW ALBANY | OH | 43054 | 344303 | |
| CREDITOR | ECAST SETTLEMENT CORPORATION | P O BOX 7247-8971 | PHILADELPHIA | PA | 19170 | 432811 | |
| CREDITOR | GARY J CANJAR | 6810 SOUTH CEDAR SUITE 2-D | LANSING | MI | 48911 | | |
| CREDITOR | GMAC MORTGAGE | ATTN:PAYMENT PROCESSING | WATERLOO | IA | 50702 | 385401 | |
| CREDITOR | JC PENNEY | P O BOX 960001 | ORLANDO | FL | 32896 | 025528 | |
| CREDITOR | KOHLS COLLECTION AGENCY | P O BOX 2983 | MILWAUKEE | WI | 53201 | 674895 | |
| CREDITOR | PORTFOLIO RECOVERY ASSOC | P O BOX 12914 | NORFOLK | VA | 23541 | 252927 | |
| CREDITOR | PROVIDIAN WASHINGTON MUTUAL | P O BOX 15153 | WILMINGTON | DE | 19886 | | Yes |
| CREDITOR | RESURGENT CAPITAL | P O BOX 10587 | GREENVILLE | SC | 29603 | 593946 | |
| CREDITOR | ROUNDUP FUNDING LLC | MS550 | SEATTLE | WA | 98111 | 426341 | |
| CREDITOR | STATE OF MICHIGAN CD | MICHIGAN DEPT OF TREASURY/AG | LANSING | MI | 48909 | 010056 | |
| CREDITOR | TARGET NATIONAL BANK | P O BOX 660170 | DALLAS | TX | 75266 | | |
| CREDITOR | WASHINGTON MUTUAL | P O BOX 15153 | WILMINGTON | DE | 19886 | | |

## Debtor Pay Schedules

| Start Date | Number Periods | Amount | How Often | Who's Paying | Order Date | Action |
|-----------|----------------|--------|-----------|--------------|-----------|--------|
| 1/16/2009 | 6.00 | $212.31 | WEEKLY | JOE'S PRODUCE | 1/6/2009 | None |
| 2/27/2009 | 8.00 | $260.28 | WEEKLY | JOE'S PRODUCE | 3/9/2009 | None |
| 4/24/2009 | end of plan | $299.75 | WEEKLY | JOE'S PRODUCE | 4/25/2009 | None |

## Forgive Information

| Date | Amount | Description |
|------|--------|-------------|
| | | |

**Payments Expected for Step 1:**

| Period | Start Date | End Date | Payment Amount Expected | Total |
|--------|-----------|----------|------------------------|-------|
| 1 | 1/16/2009 | 1/22/2009 | $212.31 | $212.31 |
| 2 | 1/23/2009 | 1/29/2009 | $212.31 | $424.62 |
| 3 | 1/30/2009 | 2/5/2009 | $212.31 | $636.93 |
| 4 | 2/6/2009 | 2/12/2009 | $212.31 | $849.24 |
| 5 | 2/13/2009 | 2/19/2009 | $212.31 | $1,061.55 |
| 9 | 2/20/2009 | 2/26/2009 | $212.31 | $1,273.86 |
| Total | | | | $1,273.86 |

**Payments Expected for Step 2:**

| Period | Start Date | End Date | Payment Amount Expected | Total |
|--------|-----------|----------|------------------------|-------|
| 1 | 2/27/2009 | 3/5/2009 | $260.28 | $260.28 |
| 2 | 3/6/2009 | 3/12/2009 | $260.28 | $520.56 |
| 3 | 3/13/2009 | 3/19/2009 | $260.28 | $780.84 |
| 4 | 3/20/2009 | 3/26/2009 | $260.28 | $1,041.12 |
| 5 | 3/27/2009 | 4/2/2009 | $260.28 | $1,301.40 |
| 6 | 4/3/2009 | 4/9/2009 | $260.28 | $1,561.68 |
| 7 | 4/10/2009 | 4/16/2009 | $260.28 | $1,821.96 |
| 8 | 4/17/2009 | 4/23/2009 | $260.28 | $2,082.24 |
| Total | | | | $2,082.24 |

**Payments Expected for Step 3:**

| Period | Start Date | End Date | Payment Amount Expected | Total |
|--------|-----------|----------|------------------------|-------|
| 1 | 4/24/2009 | 4/30/2009 | $299.75 | $299.75 |
| 2 | 5/1/2009 | 5/7/2009 | $299.75 | $599.50 |
| 3 | 5/8/2009 | 5/14/2009 | $299.75 | $899.25 |
| 4 | 5/15/2009 | 5/21/2009 | $299.75 | $1,199.00 |
| 5 | 5/22/2009 | 5/28/2009 | $299.75 | $1,498.75 |
| 6 | 5/29/2009 | 6/4/2009 | $299.75 | $1,798.50 |
| 7 | 6/5/2009 | 6/11/2009 | $299.75 | $2,098.25 |
| 8 | 6/12/2009 | 6/18/2009 | $299.75 | $2,398.00 |
| 9 | 6/19/2009 | 6/25/2009 | $299.75 | $2,697.75 |
| 10 | 6/26/2009 | 7/2/2009 | $299.75 | $2,997.50 |
| 11 | 7/3/2009 | 7/9/2009 | $299.75 | $3,297.25 |
| 12 | 7/10/2009 | 7/16/2009 | $299.75 | $3,597.00 |
| 13 | 7/17/2009 | 7/23/2009 | $299.75 | $3,896.75 |
| 14 | 7/24/2009 | 7/30/2009 | $299.75 | $4,196.50 |
| 15 | 7/31/2009 | 8/6/2009 | $299.75 | $4,496.25 |
| 16 | 8/7/2009 | 8/13/2009 | $299.75 | $4,796.00 |
| 17 | 8/14/2009 | 8/20/2009 | $299.75 | $5,095.75 |
| 18 | 8/21/2009 | 8/27/2009 | $299.75 | $5,395.50 |
| 19 | 8/28/2009 | 9/3/2009 | $299.75 | $5,695.25 |
| 20 | 9/4/2009 | 9/10/2009 | $299.75 | $5,995.00 |
| 21 | 9/11/2009 | 9/17/2009 | $299.75 | $6,294.75 |
| 22 | 9/18/2009 | 9/24/2009 | $299.75 | $6,594.50 |
| 23 | 9/25/2009 | 10/1/2009 | $299.75 | $6,894.25 |
| 24 | 10/2/2009 | 10/8/2009 | $299.75 | $7,194.00 |
| 25 | 10/9/2009 | 10/15/2009 | $299.75 | $7,493.75 |
| 26 | 10/16/2009 | 10/22/2009 | $299.75 | $7,793.50 |
| 27 | 10/23/2009 | 10/29/2009 | $299.75 | $8,093.25 |
| 28 | 10/30/2009 | 11/5/2009 | $299.75 | $8,393.00 |
| 29 | 11/6/2009 | 11/12/2009 | $299.75 | $8,692.75 |
| 30 | 11/13/2009 | 11/19/2009 | $299.75 | $8,992.50 |
| 31 | 11/20/2009 | 11/26/2009 | $299.75 | $9,292.25 |
| 32 | 11/27/2009 | 12/3/2009 | $299.75 | $9,592.00 |
| 33 | 12/4/2009 | 12/10/2009 | $299.75 | $9,891.75 |
| 34 | 12/11/2009 | 12/17/2009 | $299.75 | $10,191.50 |
| 35 | 12/18/2009 | 12/24/2009 | $299.75 | $10,491.25 |
| 36 | 12/25/2009 | 12/31/2009 | $299.75 | $10,791.00 |
| 37 | 1/1/2010 | 1/7/2010 | $299.75 | $11,090.75 |
| 38 | 1/8/2010 | 1/14/2010 | $299.75 | $11,390.50 |
| 39 | 1/15/2010 | 1/21/2010 | $299.75 | $11,690.25 |
| 40 | 1/22/2010 | 1/28/2010 | $299.75 | $11,990.00 |
| 41 | 1/29/2010 | 2/4/2010 | $299.75 | $12,289.75 |
| 42 | 2/5/2010 | 2/11/2010 | $299.75 | $12,589.50 |
| 43 | 2/12/2010 | 2/18/2010 | $299.75 | $12,889.25 |
| 44 | 2/19/2010 | 2/25/2010 | $299.75 | $13,189.00 |
| 45 | 2/26/2010 | 3/4/2010 | $299.75 | $13,488.75 |

13Software

PRINT INQUIRY                          Close Window                          Click Here to Print this Page

| 08-70841-SWR | DEBORAH LEE DEROUIN (xxx-xx-6989) | 17690 NORBORNE • • REDFORD • MI • 48240 | $299.75 WK | Bar Date(s): | 4/30/2009 (has passed) 6/15/2009 (has passed) |
| | | | | Confirmed: | 4/25/2009 |
| | Trustee: Krispen S. Carroll | Attorney: CHIMKO & ASSOCIATES | | Case Status: | DISMISSED AFTER CONFIRMATION (11/9/2011) |

The data on these pages has not been audited and is provided for general information only.

## Case Profile

| Balance on Hand | $0.00 |
| Last Receipt Date | Tuesday, November 22, 2011 |
| Last Receipt Amount | $299.75 |
| Last Disburse Date | Wednesday, April 11, 2012 |
| 341 Meeting Date | Friday, January 30, 2009 10:00 AM |
| Date Petition Filed | Wednesday, December 17, 2008 |
| Total Paid Into the Plan | $43,361.92 |
| Total Disbursed | $43,361.92 |
| Attorney Payee / Level | CHIMKO & ASSOCIATES  (248) 284-1661 / S |
| Judge | STEVEN W RHODES |
| Plan Terms | 60 |
| Months Remaining | 32 (77 from Confirmation) |
| Percent to Unsecureds | 0.000% |
| Bar Check Status | Yes |
| Disburse Flag | Yes |
| Months Since Confirmation | 45 |
| Months Since Petition Filed | 49 |

### Receipts last 24 months



### Disbursements last 24 months



## CASE DETAIL

| Debtor Type | Individual |
| Trustee's Percentage | 5.00% |
| Total Paid to Trustee | $2,408.40 |
| Permanent Hold | $0.00 |
| Temporary Hold | $0.00 |
| Unsecured Interest | 0.00% |
| Attorney Percentage | 0.00% |
| Attorney Pay Level For Percentage | 0 |

## DATES AND TIMES

| Plan Filed Date | Friday, January 02, 2009 |
| Petition Filed Date | Wednesday, December 17, 2008 |
| First Meeting Date | Friday, January 30, 2009 10:00 AM |
| First Payment Due Date | Friday, January 16, 2009 |
| Confirmation Hearing Date | Wednesday, March 11, 2009 1:30 PM |
| Date Case Confirmed | Saturday, April 25, 2009 |
| Show Cause Date | |
| Probation Date | |
| Last Letter Date | |
| Closed Date | Wednesday, November 09, 2011 |
| Cleared Date | |
| Reinstate | Wednesday, January 21, 2009 |
| Plan Exp. Date | Friday, April 25, 2014 |
| Post Conf Review | Thursday, August 20, 2009 |
| Final Report Review Date | Friday, April 01, 2011 |
| Close Summary Date | Thursday, April 26, 2012 |
| Final Report Print Date | Friday, June 08, 2012 |
| Final Report ECF | Friday, June 08, 2012 |

## ADDITIONAL AMOUNTS

## DEBTOR PAY SCHEDULE

JOE'S PRODUCE paying $299.75 WEEKLY for DEBORAH LEE DEROUIN

## CODES AND FLAGS

| Region | 1 - Region 1 |
| District | 1 - Eastern District of Michigan |
| Division | 1 - Southern Division |
| Comp # | |
| Comp # | |
| Clients Register | |
| Post Flag | |
| Comment 1 | |
| Comment 2 | |
| End Digit | 41 |
| Tax Refund % | 100 |
| Incomplete Flag | |
| A/K/A | |
| To Transfer From | |
| 7017(b) | |
| TSF/ECF Date of Plan | |
| Base Flag | |
| Close Flag | |
| Final Report Flag | |
| Off Site | |
| 341 Meeting Room | |
| ACH | |
| Not Eligible for Discharge | |
| Notice of Completion | |
| Converted to Ch 13 | |
| Receiver Appointed | |
| DSO Letters | |
| Companion/Consolidated Case | |
| Objection to Notice of Completion Filed | |
| 2848 - Scanned | |
| 2848 - Faxed | |
| 2848 - Revoked | |
| Debtor Orientation Attended | |
| Hidden Case | |
| 2848 - Expiration Year | |
| Hoang Text Line 59 Amount | |
| Amount Required by the LDA | |
| Joint Debtor Removed From Case | |
| Debtor 1 or 2 Deceased - Enter 1 or 2 | |

## DEBTOR1 - DEBORAH LEE DEROUIN

| Address 1 | 17690 NORBORNE |
| Address 2 | |
| City, State | REDFORD MI |
| Zip Code | 48240-0000 |
| Phone | |
| SSN | xxx-xx-6989 |
| AKA | |
| DBA | |

## DEBTOR2 -

| Address 1 | |
| Address 2 | |
| City, State | |
| Zip Code | |
| Phone | |
| SSN | |
| AKA | |
| DBA | |

## Parties for this Case

| Type | Name | Address 1 | City | State | Zip | Short Cut | RO |
|---|---|---|---|---|---|---|---|
| DEBTOR1 | DEBORAH LEE DEROUIN | 17690 NORBORNE | REDFORD | MI | 48240 | | |
| DEBTOR2 | | | | | 00000 | | |
| ATTORNEY | CHIMKO & ASSOCIATES | 26212 WOODWARD AVE | ROYAL OAK | MI | 48067 | 002801 | |
| EMPLOYER | JOE'S PRODUCE | 33152 W 7 MILE RD | LIVONIA | MI | 48152 | | |
| CREDITOR | 54A DISTRICT COURT | CITY HALL 6TH FLOOR | LANSING | MI | 48933 | 870262 | |
| CREDITOR | AMERICAN HONDA FINANCE CORP | P O BOX 168088 | IRVING | TX | 75016 | 247979 | |

280.6775