# **Exhibit 11**

ny-1103982

**Exhibit 11**

## Professional Claims

The Plan provides that the Liquidating Trust will fund a Professional Fee Escrow Account with Cash equal to the Professional Fee Reserve Amount solely to pay all Allowed Professional Claims, which includes both fees and expenses incurred during the Chapter 11 Cases. Such Allowed Professional Claims may include Claims of the following retained Professionals, to the extent such parties have not been paid their Allowed Professional Claims in full prior to the Effective Date:

| APPLICANT | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|
| **DEBTORS' PROFESSIONALS** | |
| Bradley Arant Boult Cummings LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Carpenter Lipps & Leland LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Centerview Partners LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. In addition, the In-Court Transaction Fee, to be payable in full on the Effective Date, shall be subject to section 330 of the Bankruptcy Code and Court approval. |
| Curtis, Mallet-Prevost, Colt & Mosle LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Deloitte & Touche LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Dorsey & Whitney LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Ernst & Young LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Fortace LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| FTI Consulting, Inc. | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |

| APPLICANT | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|
| Hudson Cook, LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| KPMG LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Kurtzman Carson Consultants LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Leonard | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Locke Lord LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Mercer (US) Inc. | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Morrison Cohen LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Morrison & Foerster LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Orrick, Herrington & Sutcliffe LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Pepper Hamilton LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Perkins Coie LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| PricewaterhouseCoopers, LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Rubenstein Associates, Inc. | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |

ny-1103982

| APPLICANT | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|
| Severson & Werson P.C. | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Towers Watson Delaware Inc. | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Ordinary Course Professionals (collectively, "OCPs") [Docket Nos. 799, 1533] | Paid by the Debtors in accordance with OCP Order [Docket Nos. 799, 2857].  Debtors disclose payments to OCPs in each filed monthly operating report. |
| **CREDITORS' COMMITTEE'S PROFESSIONALS[1]** | |
| AlixPartners, LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Analytic Focus, LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Coherent Economics, LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Epiq Bankruptcy Solutions, LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| J.F. Morrow | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Kramer Levin Naftalis & Frankel LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Moelis & Company LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330.  In addition, the Restructuring Fee, to be payable in full on the Effective Date, shall be subject to section 330 of the Bankruptcy Code and Court approval. |
| Pachulski Stang Ziehl & Jones LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |

---

[1]    Professionals retained by individual members of the Creditors' Committee are not being paid under the Plan.

ny-1103982

| APPLICANT | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|
| San Marino Business Partners LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| SilvermanAcampora LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Wilmer Cutler Pickering Hale and Dorr LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| **EXAMINER'S PROFESSIONALS** | |
| Arthur J. Gonzalez, Examiner | Examiner submits interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Chadbourne & Parke LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Leonard, Street and Deinard Professional Association | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Mesirow Financial Consulting, LLC | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |
| Wolf Halderstein Adler Freeman & Herz LLP | Professional submits monthly and interim fee applications for payment of fees and expenses subject to Court approval pursuant to 11 U.S.C. § 330. |

Other pre- and post-petition fees and expenses sought by other parties and their respective professionals in connection with these Chapter 11 Cases shall not be funded by the Estates as part of the Professional Fee Escrow Account. These parties and their respective professionals are not required to submit monthly and interim fee applications for which Bankruptcy Court approval will be sought pursuant to section 330 of the Bankruptcy Code, or file applications for the payment of fees and actual and necessary expenses pursuant to section 503(b)(3) of the Bankruptcy Code.[2]  As an initial matter, section 503(b) of the Bankruptcy Code

---

[2] On the Effective Date, or as soon as practicable thereafter, the Private Securities Claims Trustee and Borrower Claims Trustee shall seek reasonable fees and actual and necessary expenses in connection with the administration of the Private Securities Claims Trust and Borrower Claims Trust, respectively.  The Private Securities Claims Trustee and Borrower Claims Trustee will also seek the payment of reasonable fees and actual and necessary expenses for retained professionals on terms not subject to Bankruptcy Court approval but as provided for in the Private Securities Claims Trust Agreement and the Borrower Claims Trust Agreement. Such agreements will be filed as part of the Plan Supplement, and the Plan Proponents will seek approval of such documents in connection with confirmation of the Plan.

ny-1103982

is inapplicable to these payments, as the Plan Proponents are not seeking to pay or allow them as expenses of the administration of these Chapter 11 Cases to be paid by the Estates.

The basis for the payment of such fees and expenses is grounded in either: (i) the global settlement set forth in the Plan Support Agreement, and embodied in the Plan, whereby fees and expenses shall be paid directly out of the distributions and/or settlement amounts allocated for certain claimants, and shall have no impact on any other party entitled to a distribution under the Plan;[3] (ii) right of payment pursuant to charging and other statutory liens; or (iii) the Bankruptcy Court's orders authorizing the Debtors to pay certain securitization trustee fees and expenses [Docket Nos. 774, 2246].

Thus, the following parties do not intend to submit fee applications for the payment of fees and actual and necessary expenses for which Court approval will be sought:

| APPLICANT | | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|---|
| **INSTITUTIONAL INVESTORS** | | |
| Gibbs & Bruns LLP | Counsel to Steering Committee Consenting Claimants | Professional shall receive a portion of the Allowed Fee Claim, whereby the Allowed Fee Claim equals 5.7% of the Allowed RMBS Trust Claims,[4] to be directly paid, in the form of Units, to the Institutional Investors' professionals on the Effective Date, or as soon as practicable thereafter, prior to the distribution of funds into the RMBS Claims Trust under the Plan from which Allowed RMBS Trust Claims will be paid. |
| Ropes & Gray LLP | Counsel to Steering Committee Consenting Claimants | See above. |
| Talcott Franklin, P.C. | Counsel to Talcott Franklin Consenting Claimants | See above. |

---

[3] The Debtors have entered into settlements with certain claimants, such as the NJ Carpenters Settlement and Kessler Settlement Agreement, whereby the fees and expenses of certain professionals will be paid out of reserved amounts to be distributed as recoveries to such claimants. Accordingly, the Estates will not be liable for any additional professionals' fees and expenses outside the distributions made to such claimants pursuant to the Plan.

[4] The stipulated amounts of the Allowed Fee Claim to be received by each of the Institutional Investors' professionals shall be disclosed and filed as part of the Plan Supplement.

ny-1103982

| APPLICANT | | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|---|
| Carter Ledyard & Milburn LLP | Counsel to Talcott Franklin Consenting Claimants | See above. |
| Miller Johnson | Advisor to Consenting Claimants | See above. |
| **WILMINGTON TRUST, N.A., AS SENIOR UNSECURED NOTES INDENTURE TRUSTEE** | | |
| Wilmington Trust, N.A. | Indenture Trustee | To be paid from the distributions to Senior Unsecured Noteholders pursuant to the Senior Unsecured Notes Indenture Trustee Charging Lien granted under the Senior Secured Notes Indenture,[5] whereby Wilmington Trust, as Indenture Trustee, shall receive payment of its own fees and expenses as well as payment for accrued fees and expenses of its professionals. |
| Seward & Kissel LLP | Counsel to Wilmington Trust | See above. |
| Loeb & Loeb LLP | Counsel to Wilmington Trust | See above. |
| Cleary Gottlieb Steen & Hamilton, LLP | Counsel to Wilmington Trust | See above. |
| Alvarez & Marsal, NA, LLC | Financial Advisor to Wilmington Trust | See above. |

---

[5] In accordance with the Senior Unsecured Notes Indenture, including Section 6.03 and 7.06 thereof, all monies collected by Wilmington Trust on account of the Senior Unsecured Notes Claims for distribution must first be applied to the payment of the Senior Unsecured Notes Indenture Trustee Fee Claim and remain subject to the Senior Notes Indenture Trustee Charging Lien before such funds may be distributed to the Senior Unsecured Noteholders.

ny-1103982

| APPLICANT | | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|---|
| **UMB BANK, N.A., AS JUNIOR SECURED NOTES INDENTURE TRUSTEE** | | |
| UMB Bank, N.A. | Successor Indenture Trustee | To be paid pursuant to the Junior Secured Notes Indenture Trustee Charging Lien, whereby UMB Bank, as successor Indenture Trustee, shall receive payment of its own fees and expenses, as well as payment for accrued fees and expenses of its attorneys and agents. |
| Kelley Drye & Warren LLP | Counsel to UMB Bank | See above. |
| **WELLS FARGO, N.A., AS JUNIOR SECURED NOTES COLLATERAL AGENT** | | |
| Wells Fargo, N.A. | Collateral Agent and Collateral Control Agent | To be paid pursuant to the Junior Secured Notes Indenture Trustee Charging Lien, whereby Wells Fargo, as Collateral Agent, shall receive payment of its own fees and expenses incurred under the Junior Secured Notes Security Agreement, as well as payment for accrued fees and expenses of its attorneys and agents. |
| Reed Smith LLP | Counsel to Wells Fargo | See above. |
| **RMBS TRUSTEES; HSBC BANK, N.A. AS A TRUSTEE** | | |
| U.S. Bank National Association | Trustee | RMBS Trustee fees and attorneys' fees and costs to be paid in full in Cash pursuant to Bankruptcy Court Orders [Docket Nos. 774, 2246].[6] Post-Effective Date, may seek reasonable fees and expenses pursuant to applicable pooling and servicing agreements. |
| Seward & Kissel LLP | Counsel to U.S. Bank | See above. |

---

[6] The orders referenced are the *Final Supplemental Order (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774], and the *Order under 11 U.S.C. §§ 105, 363, and 365, and Fed Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246].

| APPLICANT | | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|---|
| Wells Fargo Bank, N.A. | Trustee | See above. |
| Alston & Bird LLP | Counsel to Wells Fargo | See above. |
| Law Debenture Trust Company of New York | Trustee | See above. |
| Seward & Kissel LLP | Counsel to Law Debenture | See above. |
| Deutsche Bank Trust Company; Deutsche Bank Trust Company Americas | Trustees | See above. |
| Morgan, Lewis & Bockius LLP | Counsel to Deutsche Bank | See above. |
| Bank of New York Mellon; Bank of New York Mellon Trust Company, N.A. | Trustees | See above. |
| Dechert LLP | Counsel to Bank of New York Mellon | See above. |
| HSBC Bank USA, N.A. | Trustee | Fees and expenses of HSBC, in its role as a Trustee and as a Consenting Claimant, are to be paid pursuant to the Plan Support Agreement, which extends the application of the aforementioned orders to HSBC, and in settlement of HSBC's alleged cure claims. Additional authority for payment of such fees and expenses includes sections 1123(b)(6) and 1129(a)(4) of the Bankruptcy Code. |
| Allen & Overy LLP | Counsel to HSBC | See above. |

ny-1103982

| APPLICANT | | AUTHORITY PURSUANT TO WHICH PROFESSIONAL SEEKS PAYMENT OF FEES AND EXPENSES |
|---|---|---|
| Trustees of "Orphan" Trusts (*i.e.*, non-debtor sponsored trusts) | Trustees and counsel to Trustees | The following applies only where the Trustee of the "Orphan" Trust is one of the RMBS Trustees or an affiliate of such Trustee: RMBS Trustee fees and attorneys' fees and costs to be paid in full in Cash pursuant to Bankruptcy Court Orders [Docket Nos. 774, 2246]. Post-Effective Date, Applicant may seek reasonable fees and expenses pursuant to applicable pooling and servicing agreements. Where the Trustee of an "Orphan" Trust is not one of the RMBS Trustees or an affiliate of such Trustee, payments are made in settlement of alleged cure claims, and additional authority for payment of such fees and expenses includes sections 1123(b)(6) and 1129(a)(4) of the Bankruptcy Code. |