**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;**

**(at Manhattan)**

[12 U.S.C. sections 1709(a), 1709(b)(1), 1715(b), 1715(u) (1982);(24 CFR §§ 30.35(a)(10),(c), 203.604(b), 203.605, 3500.17, 35.1320(b)(2)(ii) soil-lead hazard)][18 USC §§ 2, 3, 241, 242, 245(b)(2)][23 USC § 109(h); 23 CFR §§ 200.1 et seq.][40 CFR § 3114; 40 CFR §§ 86, 87.6, 745.227 (d)(8) "Soil samples][42 U.S.C. §§ 2000d et seq., 3535(d)[1], 3601 et seq., 4621(c)(4), 4651(2), 7404(b)(4), 7571, 7573][49 USC §§ 40103, 40117(a)(3)(E), 44714, 47504(a)(2)(E), 46310(b), 48103(a); 14 CFR §§ 34.3, 34.6, 150 et seq., 158.3, 158.7][U.S. Exec. Order No. 11738, (38 FR 25161) Sept. 12, 1973][U.S. Exec. Order No. 12630[2], (53 Fed. Reg. 8859) March 15, 1988][52 FR 29601; 53 FR 2800; 62 FR 47528; 75 FR 22444; 77 FR 36342][5th, 13th & 14th Amendments of the U.S. Constitution][28 USC § 1927]

| | | |
|---|---|---|
| In Re: Residential Capital, LLC., et al. | ) | Case No. 12-12020 (MG) |
| | ) | (Ch.11 ) |
| Debtor | ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| | ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| | ) | JUDGE: GLENN, MARTIN |

<u>**NOTICE AND MOTION FOR SANCTIONS PURSUANT TO BR. RULE 9011**</u>

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO;**

**(at Columbus)**

| | | |
|---|---|---|
| In Re: SIDNEY T. LEWIS, pro se, | ) | Case No. <u>2:07-bk-57237</u> |
| | ) | (Ch.7 ) |
| Debtor | ) | (Related Bankr Case No. 2:05-bk-75111) |
| | ) | |
| Social Security No.: xxx-xx-5959 | ) | JUDGE: HOFFMAN, JOHN, Jr. |
| | | |
| In Re: YVONNE D. LEWIS, | )Case No. 2:05-bk-75111 | |

[1] "The language contained in the H.U.D. mortgage servicing requirements cited by the defendants in their affirmative defenses is mandatory and expressly requires compliance. These requirements also have the force and effect of law, having been adopted as regulations pursuant to the authority conferred on H.U.D. by the United States Congress in 12 U.S.C. sections 1709(a), 1709(b)(1), 1715(b), 1715(u) (1982); and 42 U.S.C. section 3535(d) (1976)." (See: Bankers Life Co. v. Denton, 120 Ill. App. 3d 576, 458 N.E.2d 203, 204-205 (Ill. App. Ct. 3d Dist. 1983);

[2] "Pursuant to a 1988 Executive Order, executive agencies must analyze the takings implications of certain actions ...: these reports are called **"Takings Implications Assessments."** See Cong. Budget Office, Regulatory Takings and Proposals for Change 45 (1998) (discussing Exec. Order No. 12630, 53 Fed. Reg. 8859 (1988)),***") (see: **Res. Invs., Inc. v. United States, 97 Fed. Cl. 545, 548, at fnt. 5, (Fed. Cl. 2011))**

| | |
|---|---|
| Debtor | )          (Ch.7 )<br>) (Related Case No. 2:07-bk-57237)<br>) |
| Social Security No.: xxx-xx-2390 | )     JUDGE: HOFFMAN, JOHN, Jr. |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO;
### (at Columbus)
**UNITED STATES of America, Ex Rel.,**

| | |
|---|---|
| Sidney T. Lewis, et al.,<br>          Plaintiffs<br>Vs.<br><br>Larry McClatchey, et al.,<br>          Defendants. | )     Action No. 2:08-cv-1042<br>(Related Cases 2:96-cv-494; 2:06-cv-312, 2:08-<br>)  cv-16; 2:08-cv-75; 2:09-cv-1792: 09-cv-179);<br>JUDGE: HOLSCHUH<br>)     Magistrate Judge: KING |

## NOTICE AND MOTION FOR SANCTIONS PURSUANT TO BR. RULE 9011

Plaintiffs Sidney T. Lewis and Yvonne D. Lewis, herein in case no. 12-bk-12020 as purported

creditors of Debtor GMAC, pursuant to BR. Rule 9011, move the court to impose sanctions

under Bankruptcy Rule 9011(b) and 28 USC § 1927 upon the defendant Debtor GMAC and/or

counsels, i.e., "Gary S. Lee", "Lorenzo Marinuzzi", "Todd M. Goren", "Samantha Martin" and

"Jennifer L. Marines" of the lawfirm MORRISON & FOERSTER LLP, and "Kenneth H.

Eckstein", "Douglas H. Mannal", "Rachael L. Ringer", "Stephen D. Zide" and "Brian Bowers"

of the lawfirm KRAMER LEVIN NAFTALIS & FRANKEL LLP., and in support states:

1. On **MAY 14, 2012**, subject to mandatory Bankruptcy "Notice Requirements" under

Bankruptcy Rule 2015(a)(4) (See: Rule § 2015(a)(4)), the Debtor GMAC fraudulently filed the

"at issue" Bankruptcy Petition, signed by Debtor's attorney(s), falsely implying that defendant

was the owner of certain Federal Housing Administration "FHA" insured mortgages [see 12

USC § 1710] and securitized notes on properties (i.e. Lots 11 & 17) in the Argyle Park

Subdivision of Columbus, Ohio, with plaintiffs Sidney T. Lewis and Yvonne D. Lewis, which

were alleged to be actively in default, i.e., Lot 11 on or about year 2003 and Lot 17 on

February 1, 2005, after the **JULY 28, 1987** effective date of the Federal Aviation

Administration "FAA" takings of uncompensated aviation easement to authorize the certified

"Noise Exposure Maps" and "Land Use Controls" under ASNA act of 1979 [See: **EXHIBIT 1**;

52 FR 29601 eff. **JULY 28, 1987**] without "Notice" of the Bankruptcy Action being served

upon the FHA as compliance with the mandatory "**Duty to mitigate**" (See: 24 CFR § 203.605)

and served upon the FAA which claims exclusive authority to tax, control the imposition or

collection of PFCs, or grant the use of PFC revenue as a public economic interest (See: 14 CFR

§ 158.7 PFC revenue).  The FAA's non-setoff of PFC/Tax (Id.) caused inaccurate FHA escrow

account balances (See: 24 CFR §§ 3500.17, 203.604(b)) upon the subject properties creating a

default causing the appearance of Claimants/Plaintiffs indebtedness to Debtor GMAC in sums

in excess of $80,000.00 in violation of Bankruptcy Rule 2015(a)(4).

> "The Eighth Circuit noted that a trustee following Bankruptcy Rule 2015(a)(4)
> is required "'as soon as possible' after a bankruptcy filing to notify 'every
> entity ..., the Trustee "would learn if an account balance reported by the
> debtor is inaccurate." 486 F.3d 423, 429-430."

(See: Rice v. Johnson (In re Johnson), 371 B.R. 380, pp390 (Bankr. E.D. Ark. 2007, 8th Cir.),
cited by **Vanco Trading v. Monheit (In re K Chem. Corp.), 188 B.R. 89 (Bankr. D. Conn.
1995, 2nd Cir.)** ("Fed.R.Bank.P. 2015(a)(4) requires "notice of the case as soon as possible
after the commencement of the case"...")))

USCS Bankruptcy Rule 2015(a)(4) reads in pertinent parts:

> "Rule 2015: Duty to Keep Records, Make Reports, and Give Notice of Case or
> Change of Status
> (a) Trustee or debtor in possession. A trustee or debtor in possession shall:
> ***;
>   (4) as soon as possible after the commencement of the case, give <u>notice</u> of
> the case to every entity known to be holding money or property subject to
> withdrawal or order of the debtor, including every bank, savings or building
> and loan association, <u>public utility</u> company, and landlord with whom the
> debtor has a deposit, and to every <u>insurance company</u> which has issued a
> policy having a cash surrender value payable to the debtor, except that notice
> need not be given to any entity who has knowledge or has previously been
> notified of the case;***")

(See: USCS Bankruptcy Rule 2015(a)(4))

It follows that since May 14, 2012 Debtor GMAC's counsel(s) have failed to give mandatory notice of the instant Bankruptcy Proceedings to parties necessary for just adjudication, i.e. The FAA and/or the City of Columbus for the aviation easement in connection with its *"utility* and aviation department" under ASNA of 1979 (Compare: **EXHIBIT 1**, 52 FR 29601; With: 53 FR 2800), nor gave Mandatory notice of the Bankruptcy filing to the FHA for its regulation of the insurable interest of the private insurer over said FHA insured mortgages as the *"insurance"* company subject to federal regulation of the inaccurate FHA escrow accounts (Id. §3500.17, supra). (see: In re K Chem. Corp., Supra.)

2. On or before **JULY 4, 2013**, subject to Bankruptcy Rule 9011(b)(1) Debtor GMAC's counsel filed the false Affidavit of Thomas Whitlinger, C.F.O. of Debtor GMAC [**Doc 6**], in which said affidavit supports said Debtor's 2013 Disclosure Statement [**Doc 4157**] for an improper purpose as to "delay" the United States payment of uncompensated easements and land acquisitions under the 5th Amend., of the U.S. Const., by concealing the FAA and U.S. EPA's public interest to Control the Leaded Air Pollution from Aircraft Engines (see: **EXHIBIT 2**; 75 FR 22440, at 22444, Lead Air Pollution) impacting the *"at issue"* private residential properties insured by the FHA and that Debtor owned the note when it had purportedly sold it to Fannie Mae for securitization on **APRIL 20, 2012** as omitted from the Disclosure Statement filed with this court on or about JULY 3, 2013. (See: fnt. 6, infra.)

> "Bankruptcy Rule 9011(b)(1) prohibits the filing of a pleading for an improper
> purpose, such as delay, harassment, or causing expense, even if the filing relates
> to a claim that is otherwise colorable. Am. Telecom, 319 B.R. at 867. Bankruptcy
> Rule 9011(b)(2)-(4) requires a party's attorney to perform a reasonable
> preliminary investigation of the facts and the applicable law before filing a paper
> in federal court. Id."

(See: **In re Outboard Marine Corp., 2011 Bankr. LEXIS 2295, pg.12 (Bankr. N.D. Ill. Apr. 27, 2011), 7th Cir.),(See Also: Robinson v. Lawrence (In re Lawrence), 2013 Bankr. LEXIS 2620, pg.11 (Bankr. E.D. Cal. Mar. 21, 2013))**

It follows that Debtor GMAC's attorney(s) failed to perform a reasonable preliminary investigation of the known facts from the underlying Ohio State court proceedings and the applicable law for "forbearance provisions as HUD regulations" on April 20, 2012 in case no. 05-CV-4555 nor applicable "Regulatory Takings Law" on May 28, 1998 in case no. 98-CV-3445 (i.e. See Fnt. 3 & 4, infra, "Regulatory Takings Law" and forbearance provisions of the HUD Handbook and regulations).

3. During the course of the instant bankruptcy proceedings, Debtor GMAC has unlawfully attempted to "Alter, Modify, Revise" its $25 Billion Dollar consent decree entered on APRIL 4, 2012 in a federal companion case no. 12-cv-361, USDC, D.C.,

> ""[a] consent decree must be modified if, as it later turns out, one or more of the obligations placed upon the parties has become impermissible under federal law." 502 U.S. at 388. Alternatively, "modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree is designed to prevent." Id. Also, "[w]hile a . . . clarifi[cation of] the law will not, in and of itself, provide a basis for modifying a decree, it could constitute a change in circumstances that would support modification if the parties based their agreement on a misunderstanding of the governing law." Id. at 390."

**(See: Northridge Church v. Charter Twp. of Plymouth, 647 F.3d 606, 614 (6th Cir. Mich. 2011))**

It follows that Debtor GMAC 'provides a basis for modifying its $25 Billion Dollar Consent Decree entered on APRIL 4, 2012, as it constitutes a change in circumstances to change the Date of Debtor's Possession and Assignment of *"property interest"* to Fannie Mae on APRIL 20, 2012 via a Sheriff's Sale of the "at issue" FHA Insured Mortgage, then subsequently change the Date of Debtor's Possession of *"private property interest"* on **JULY 18, 2012** via a Writ Habere Facias when the U.S. EPA executed on the U.S. Executive Order No. 11738 (See: **EXHIBIT 2,** at U.S. Exec. Order 11738) and amended its Federal Regulations 40 CFR § 87.6 for "Control of Air Pollution from Aircraft and Aircraft Engines" as effective on **JULY 18, 2012** (Compare: **EXHIBIT 3,** at 77 FR 36342 eff. **JULY 18, 2012;** With: **EXHIBIT 3,** at Writ Habere Facias on **JULY 18, 2012**), that would support modification if the parties based their consent decree/agreement on a misunderstanding of the governing law (Northridge, supra) or finding that on April 4, 2012 Debtor GMAC had engaged in "a deliberately planned and

*carefully executed scheme to defraud* not only the FAA, EPA, and FHA but the USDC, D.C. Court" (see 12 F.3d at 1086, infra.) demonstrating *Fraud upon the Court* which constitutes a void consent decree (i.e. "Void Judgment") that usurps authority from the Federal Agency and U.S. Exec. Order 11738 and Federal Agency Regulations 40 CFR § 87.6. as the Elements of Takings:

> "...the Supreme Court case of Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 88 L. Ed. 1250, 64 S. Ct. 997 (1944), which the 1946 Notes of the Advisory Committee cite as an illustration of *fraud upon the court* for purposes of Rule 60(b). In Hazel-Atlas, a patent attorney for Hartford-Empire falsely authored an article for the purpose of gaining allowance of a patent application. Hartford later brought suit against Hazel-Atlas for patent infringement and included the fraudulent article in the record before the district court. The district court found no infringement. On appeal to the Third Circuit, Hartford relied on the fraudulent article, and the court of appeals reversed, relying on and directly quoting from the article. Hazel-Atlas later discovered the fraud and brought an independent action in the Third Circuit for relief from the prior judgment. The court denied relief because the article was not a primary basis of its earlier decision. *The Supreme Court reversed, finding that Hartford had engaged in "a deliberately planned and carefully executed scheme to defraud not only the patent Office but the Circuit Court of Appeals,"* Id. at 245-46, in which "the trail of fraud continued without break [from the PTO] through the District Court and up to the Circuit Court of Appeals." Id. at 250. The Court concluded that the judgment should have been set aside."

(See: Broyhill Furniture ... v. Craftmaster Furntr. Corp., 12 F.3d 1080, 1086 (Fed. Cir. 1993) citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 88 L. Ed. 1250, 64 S. Ct. 997 (1944), overruled on different grounds.)

> "...while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." Pennsylvania Coal Co. v. Mahon (1922), 260 U.S. 393, 43 S. Ct. 158, 67 L. Ed. 322. However, it was not until 1978 that the United States Supreme Court formulated a test to help define when a regulation "goes too far" and results in a compensable taking. See Penn Cent. Transp. Co. v. New York City (1978), 438 U.S. 104, 98 S. Ct. 2646, 57 L. Ed. 2d 631. "Penn Central does not supply mathematically precise variables, but instead provides important guideposts that lead to the ultimate determination whether just compensation is required." (additional citation omitted). The three criteria that Penn Cent. identified to be examined in regard to a regulatory taking are (1) the nature of the governmental regulation, (2) the economic impact of the regulation on the claimant, and (3) the extent to which the regulation interfered with distinct investment-backed expectations. Penn Cent., 438 U.S. at 124, 438 U.S. 104, 98 S. Ct. 2646, 57 L. Ed. 2d 631."

1

(see: State ex rel. R.T.G., Inc. v. State, 98 Ohio St. 3d 1, pgs. 7-8 (Ohio 2002), citing Penn

2

Cent. Transp. Co. v. New York City (1978), 438 U.S. 104, 98 S. Ct. 2646, 57 L. Ed. 2d 631)

3

4

It follows that in regard to a regulatory taking before Debtor GMAC allegedly obtained interest

are (1) the nature of the **governmental regulation** (See: **EXHIBIT 2**, at 75 FR 22444); (2) the

5

**economic impact** of the regulation on the claimant (See: **EXHIBIT 1**, at 52 FR 29601); and

6

(3) the extent to which the regulation interfered with distinct **investment-backed expectations**

7

(See: **EXHIBIT 3**, at 77 FR 36342). Moreover, it appears that in the Consent Decree GMAC

8

admitted to fraudulent misconduct and false allegations in pre-bankruptcy Affidavits and

9

complaints in relation to its underlying "at issue" State Foreclosure Complaints supported by

10

Debtor GMAC false and misleading Affidavits ("Robo Signing"). Said Debtor further

11

fraudulently concealed from its Disclosure Statement that the U.S. Department of

12

Transportation DOT (See 49 USC § 102(a)) and the Federal Aviation Administration, FAA

13

DOT (See 49 USC § 106) had previously "seized" uncompensated private subdivision aviation

14

easements (uncompensated private property acquisitions, Id. §§ 40117(a)(3)(E),

15

47504(a)(2)(E), infra.) for noise and leaded av-gas emission pollution abatement effect on or

16

about **July 28, 1987** (See: 52 FR 29601, eff. date **July 28, 1987**). The prohibited

17

uncompensated property acquisitions are on various of the underlying properties in the Federal

18

Control Zone 6 mile zone west of Port Columbus International Airport, Columbus, Ohio on or

19

after **March 15, 1983** (See: 49 FR 371, eff. Date **March 15, 1983**) pursuant Federal Statutory

20

"eminent domain" powers under the Aviation Safety and Noise Abatement Act of 1979 (See:

21

49 USC §§ 40103, 40117(a)(3)(E), 44714, 47504(a)(2)(E), 46310(b), 48103(a); 14 CFR §§

22

34.3, 34.6, 150 et seq., 158.3, 158.7), subject to mandate of the Civil Rights Act of 1964 and

23

the Clean Air Act 42 U.S.C. §§ 2000d et seq., 3601 et seq., 4621(c)(4), 4651(2), 7404(b)(4),

24

7571 (See: 52 FR 29601). Aforesaid Federal Statutory "eminent domain" powers provides

25

both the FHA-insured mortgagor[3] as claimants (*the Creditor Lewis'*) and FHA insured

26

27

28

---

29

[3] "a *mortgagor of an FHA-insured mortgage* may raise as an equitable defense to foreclosure,
the mortgagee's deviation from compliance with the forbearance provisions of the HUD

30

Handbook and regulations." (See: **Fleet Real Estate Funding Corp. v. Smith, 530 A.2d 919,**

31

**923 (Pa. Super. Ct. 1987)**, followed by **BAC Home Loans Servicing v. Taylor, 986 N.E.2d**

32

**1028, pp. 1032-1033 (Ohio Ct. App., Summit County 2013)** citing **GMAC Mortgage of
Pennsylvania v. Gray, 10th Dist. No. 91AP-650, 1991 Ohio App. LEXIS 6004, 1991 WL**

Mortgagee as lienholders[4] (*the Debtor GMAC*) an economic entitlement under the "*just compensation clause*" of the 5th Amendment of the U.S. Constitution. (see fnt. 4)   On **AUGUST 15, 2013** Brian Bowers as counsel for the unsecured creditors informed the Lewis', by phone, that he denied plaintiff's allegations of FHA and FAA equity interest uncompensated private subdivision aviation easements for the "at issue" properties in Argyle Park on advice of GMAC's counsel in the joint disclosure statement; And that Counsel for the unsecured creditors would be responding to the Objections to the Disclosure Statement as being inaccurate so that the delay might induce plaintiff as owner[5] to compromise and settle this action in bankruptcy.

4. Defendant Mortgagee/Servicer/Debtor GMAC's Disclosure Statement was imposed for several improper purposes, i.e. (1) to assert a **FALSE STATEMENT OF FACT**[6] that Debtor[7]

---

268742, *6-7 (Dec. 10, 1991) (concluding that plaintiff's failure to comply with HUD regulations may be raised as an *affirmative defense* to a foreclosure action).");

[4] "The Fifth Amendment's guarantee that private property shall not be taken for a public use without *just compensation* was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole. A fair interpretation of this constitutional protection entitles these lienholders to just compensation here. Cf. Thibodo v. United States, 187 F.2d 249. The judgment is reversed and the cause is remanded to the Court of Claims for further proceedings to determine the value of the property taken." (See: **Armstrong v. United States, 364 U.S. 40, pp49 (U.S. 1960) followed by State ex rel. R.T.G., Inc. v. State, 98 Ohio St. 3d 1, pg. 7 (Ohio 2002))**;

[5] ".... For it is undisputed that "[since] compensation is due at the time of taking, the owner at that time, not the owner at an earlier or later date, receives the payment." Danforth v. United States, 308 U.S. 271, 284; cf. United States v. Dickinson, 331 U.S. 745." (See: UNITED STATES v. DOW, 357 U.S. 17, 20-21 (U.S. 1958), cited by Norton v. Town of Long Island, 883 A.2d 889, 897 (Me. 2005));

[6] "A. **False Statements of Fact**, The declaration filed by HSBC contained two important statements of fact relevant to this order to show cause. First, the declaration stated that HSBC was the owner of the note. Second, it stated that a true and correct copy of the note was attached. Both of these statements were false....V. Conclusion, The court finds that Counsel tried to deceive the court because, after learning that the client HSBC had submitted false evidence stating that it owned the note when it had sold it to Freddie Mac for securitization, Counsel failed to inform the court promptly of the false evidence and proceeded with trial without making disclosure. While the original submission of the false evidence may have been an inadvertent mistake, the failure to inform the court promptly thereof after discovery, and proceeding to trial without disclosing the false evidence, was sanctionable conduct." **(See: In re Lee, 408 B.R. 893,pp.898, 902 (Bankr. C.D. Cal. 2009))**;

GMAC owned the "Defaulted" 1968 and 1975 FHA notes after they were encumbered by the 1987 FAA's liens[8] when it had sold the alleged notes to Fannie Mae for securitization on **APRIL 20, 2012**; (2) to cause unnecessary delay on **MAY 14, 2012**; (3) to conceal the "borrower(s)" Affirmative Defenses (Id. 24 CFR) in State court proceeding on **APRIL 22, 2005** and on **JULY 18, 2004** to conceal the Mortgagee's[9] right to "Just Compensation" Defenses within the meaning of the Fifth Amendment (Id. 5th Am.); and (4) to cause plaintiffs/Creditors/Claimants increased costs of litigation based upon a frivolous *legal argument*[10] to violate Rule 9011. Plaintiff has attached hereto as **EXHIBIT A** an affidavit of extraordinary Damages, Cost, Fees and expenses incurred as a result of the conduct of defendant Debtor GMAC and Debtor GMAC's attorney.

---

[7] A debtor who is guilty of the concealment of assets, false oaths and claims, bribery, embezzlement against the estate, other forms of malfeasance in connection with matters relating to the estate or the preparation of a bankruptcy petition, and bankruptcy fraud is also subject to criminal prosecution. See 18 U.S.C.A. §§ 152, 153, 154, 156 and 157;

[8] "The nature of a mortgagee's interest is determined by state law." (See: **Murray et al., Appellants, v. The United States, 817 F.2d 1580, 1583; 1987 U.S. App. LEXIS 263; 87-1 U.S. Tax Cas. (CCH) P9310 (COA, Fed. Cir., Fed. Cl.Ct., May 5, 1987, Decided)**);

[9] "A mortgagee's lien is a property interest within the meaning of the Fifth Amendment. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 602, 79 L. Ed. 1593, 55 S. Ct. 854 (1935); *see Armstrong v. United States*, 364 U.S. 40, 48, 4 L. Ed. 2d 1554, 80 S. Ct. 1563 (1960) (materialmen's liens constitute property within the meaning of the Fifth Amendment); *Dames & Moore v. Regan*, 453 U.S. 654, 689-90, 69 L. Ed. 2d 918, 101 S. Ct. 2972 (1981) (attachment liens considered property within the meaning of the Fifth Amendment taking clause)." (See: James A. Murray, Justin L. Murray and Joan M. Murray, Appellants, v. The United States, 817 F.2d 1580, 1583; 1987 U.S. App. LEXIS 263; 87-1 U.S. Tax Cas. (CCH) P9310; 59 A.F.T.R.2d (RIA) 1043 (COA, Fed. Cir., Fed. Cl.Ct., May 5, 1987, Decided);

[10] "The Court finds that based on the evidence before it and the purposes of Rule 9011, Counsel and NAEIR violated Rule 9011. The Court orders that the Statement of Interest shall be stricken because it is based upon a frivolous legal argument. ... the Court finds that the sanctions found pursuant to Rule 9011 are sufficient to address the Trustee's concerns under § 1927." (See: **In re Outboard Marine Corp., 2011 Bankr. LEXIS 2295, pgs.24, 27-28 (Bankr. N.D. Ill. Apr. 27, 2011, 7th Cir.))**;(See Also: **James v. Silver Ridge Condo. Ass'n (In re James), 367 B.R. 259 (Bankr. D. Conn. 2007, 2d. Cir.)**("In order to determine that attorney Cushman violated rule 9011(b)(2), the court must "find that [he] has [advocated a position] that has no chance of success under existing precedents and that fails to advance a 'reasonable argument to extend, modify or reverse the law as it stands'". In re Cohoes, supra, 931 F.2d at 227 (quoting Mareno v. Rowe, 910 F.2d 1043, 1047 (2d. Cir. 1990), cert. denied, 498 U.S. 1028, 112 L. Ed. 2d 673, 111 S. Ct. 681 (1991))."); (see:**USCS Bankruptcy R 9011(b)(1-4))**;

WHEREFORE, the Creditors Lewis' request the court to order Debtor GMAC's and/or counsels, i.e., "Gary S. Lee", "Lorenzo Marinuzzi", "Todd M. Goren", "Samantha Martin" and "Jennifer L. Marines" of MORRISON & FOERSTER LLP, and "Kenneth H. Eckstein", "Douglas H. Mannal", "Rachael L. Ringer", "Stephen D. Zide" and "Brian Bowers" of KRAMER LEVIN NAFTALIS & FRANKEL LLP., to pay Creditors the sum of $1,000.000.00 for reasonable expenses, including fees, cost and consequential damages incurred by Creditors Lewis' because of the wrongful actions of defendant Debtor GMAC and/or Debtor GMAC's attorney(s) along with counsel(s) for the unsecured creditors committee involving the uncompensated private subdivision aviation easement rights[11] held under the 1968 & 1975 FHA insured Mortgages and encumbered by the **1987 FAA approval** of "land use controls" (Id. FR 2800) for abatement of leaded av-gas pollution and "collection of PFC's" to aid the abatement and allegedly sold to FNMA by the Debtor GMAC on or about **APRIL 20, 2012** before commencement of Bankruptcy Proceedings on **MAY 14, 2012**.

Respectfully Submitted,

Dated: 08-21-13                    Dated: 08-21-13
          Sidney T. Lewis, pro se            Yvonne D. Lewis, pro se
          1875 Alvason Avenue              1875 Alvason Avenue
          Columbus, Ohio 43219            Columbus, Ohio 43219
          (614-940-3306)                      (614-940-3306)


          Sidney T. Lewis, pro se            Yvonne D. Lewis, pro se
          P. O. Box 247916                   P. O. Box 247916
          Columbus, Ohio 43224            Columbus, Ohio 43224
          (614-940-3306)                      (614-940-3306)

---

[11] "There can be little doubt that *easement rights* are subject to compensation, as has been held, for example, in United States v. Sunset Cemetery Co., 7 Cir., 132 F.2d 163, and In re Public Beach, Borough of Queens, 269 N.Y. 64, 76, 199 N.E. 5. Here, as we have indicated, we think the rights are comparable, so far as occupancy of land is concerned, to at least railroad rights of way, [1] and these are clearly compensable. Western Union Tel. Co. v. Pennsylvania R. Co., 195 U.S. 540, 570, 25 S.Ct. 133, 49 L.Ed. 312, 1 Ann.Cas. 517; Village of Bradley v. New York Central R. Co., 296 Ill. 383, 129 N.E. 744.") **(See: BROOKLYN EASTERN DIST. TERMINAL v. CITY OF NEW YORK 139 F.2d 1007, pp. 1011-1012; 1944 U.S. App. LEXIS 4152; 152 A.L.R. 296, (COA2 Cir., January 6, 1944))**