# EXHIBIT 1

necessity to engage in interstate and overseas scheduled air transportation.

**DATE:** Persons wishing to file objections should do so no later than August 20, 1987.

**ADDRESSES:** Objections and answers should be filed in Docket 44887 and addressed to the Documentary Services Division, Department of Transportation, 400 7th Street, SW., Room 4107, Washington, DC. 20590, ans should be served on the parties listed in Attachment A to the order.

**FOR FURTHER INFORMATION CONTACT:**
Janet A. Davis, Air Carrier Fitness Division, P-56, U.S. Department of Transportation, 400 7th Street SW., Washington, DC 20590, (202) 366-2341.

Dated: August 4, 1987.

Matthew V. Scocozza,
*Assistant Secretary for Policy and International Affairs.*
[FR Doc. 87-18072 Filed 8-7-87; 8:45 am]
BILLING CODE 4910-62-M

[Order 87-8-9; Docket 44852]

**Application of Yutana Airlines for Certificate Authority Under Subpart Q; Order to Show Cause**

**AGENCY:** Office of the Secretary, DOT.
**ACTION:** Notice of Order to Show Cause, (Order 87-8-9), Docket 44852.

**SUMMARY:** The Department of Transportation is directing all interested persons to show cause why it should not issue an order finding Yutana Airlines fit and awarding it a certificate of public convenience and necessity to engage in interstate and overseas scheduled air transportation.

**DATE:** Persons wishing to file objections should do so no later than August 20, 1987.

**ADDRESSES:** Objections and answers to objections should be filed in Docket 44852 and addressed to the Documentary Services Division (C-55, Room 4107), U.S. Department of Transportation, 400 Seventh Street SW., Washington, DC 20590, and should be served upon the parties listed in Attachment A to the order.

**FOR FURTHER INFORMATION CONTACT:**
Ms. Carol A. Woods, Air Carrier Fitness Division, (P-56, Room 6420), U.S. Department of Transportation, 400 Seventh Street, SW., Washington, DC 20590, (202) 366-2340.

Dated: August 5, 1987.

Matthew V. Scocozza,
*Assistant Secretary for Policy and International Affairs.*
[FR Doc. 87-18075 Filed 8-7-87; 8:45 am]
BILLING CODE 4910-62-M

---

**Coast Guard**

[CGD-87-052]

**Public Hearing on the Norfolk and Southern Railway Bridge Across the Upper Mississippi River, Mile 309.9, at Hannibal, MO**

**AGENCY:** Coast Guard, DOT.
**ACTION:** Notice of public hearing.

**SUMMARY:** The U.S. Coast Guard announces a forthcoming public hearing for the presentation of views concerning the alteration of the Norfolk and Southern Railway Bridge.

**DATE:** The meeting will be held at 7:00 p.m., Thursday, September 17, 1987.

**ADDRESS:** The meeting will be held in the Tom Sawyer Room of the Holiday Inn, 4141 Market Street, Hannibal, Missouri 63401.

**FOR FURTHER INFORMATION CONTACT:**
Mr. Roger Wiebusch, Second Coast Guard District, 1430 Olive Street, St. Louis, Missouri, (314) 425-4607.

**SUPPLEMENTARY INFORMATION:**
Complaints have been received alleging that the bridge is unreasonably obstructive to navigation. Information available to the Coast Guard indicates that there were 17 marine collisions with the bridge since 1968. These collisions have caused moderate to heavy damage to the bridge. Based on this information, the bridge appears to be a hazard to navigation. This may require increasing the horizontal and vertical clearances on the bridge to meet the needs of navigation. All interested parties shall have full opportunity to be heard and to present evidence as to whether any alteration of this bridge is needed, and if so, what alterations are needed giving due consideration to the necessities of free and unobstructed water navigation. The necessities of rail traffic will also be considered.

Any person who wishes may appear and be heard at this public hearing. Persons planning to appear and be heard are requested to notify the Commander, Second Coast Guard District, 1430 Olive Street, St. Louis, Missouri 63103-2398, telephone (314) 425-4607, any time prior to the hearing indicating the amount of time required. Depending upon the number of scheduled statements, it may be necessary to limit the amount of time allocated to each person. Any limitations of time allocated will be announced at the beginning of the hearing. Written statements and exhibits may be submitted in place of c in addition to oral statements and will be made a part of the hearing record. Such written statements and exhibits may be delivered at the hearing or mailed in advance to the Commander, Second Coast Guard District. Transcripts of the hearing will be made available for purchase upon request.

Dated: August 4, 1987.

Martin H. Daniell,
*Rear Admiral, U.S. Coast Guard, Chief, Offic of Navigation.*
[FR Doc. 87-18135 Filed 8-7-87; 8:45 am]
BILLING CODE 4910-14-M

---

**Federal Aviation Administration**

**Noise Exposure Map; Receipt of Noise Compatibility Program and Request for Review; Port Columbus International Airport, Columbus, OH**

**AGENCY:** Federal Aviation Administration, DOT.
**ACTION:** Notice.

**SUMMARY:** The Federal Aviation Administration (FAA) announces its determination that the noise exposure maps submitted by the city of Columbus for Port Columbus International Airport (CMH) under the provisions of Title I of the Aviation Safety and Noise Abatement Act of 1979 (Pub. L. 96-193) and 14 CFR Part 150 are in compliance with applicable requirements. The FAA also announces that it is reviewing a proposed noise compatibility program that was submitted for CMH under Part 150 in conjunction with the noise exposure map, and that this program will be approved or disapproved on or before January 24, 1988.

**EFFECTIVE DATE:** The effective date of the FAA's determination on the noise exposure maps and of the start of its review of the associated noise compatibility program is July 26, 1987. The public comment period ends September 10, 1987.

**FOR FURTHER INFORMATION CONTACT:**
Henry A. Lamberts, Federal Aviation Administration, Great Lakes Region, Airports Division, AGL-610, 2300 East Devon Avenue, Des Plaines, Illinois 60018 (312) 694-7387.

Comments on the proposed noise compatibility program should also be submitted to the above office.

**SUPPLEMENTARY INFORMATION:** This notice announces that the FAA finds

that the noise exposure maps submitted for CMH are in compliance with applicable requirements of Part 150, effective July 28, 1987. Further, the FAA is reviewing a proposed noise compatibility program for that airport which will be approved or disapproved on or before January 24, 1988. This notice also announces the availability of this program for public review and comment.

Under section 103 of Title I of the Aviation Safety and Noise Abatement Act of 1979 (hereinafter referred to as "the Act"), an airport operator may submit to the FAA noise exposure maps which meet applicable regulations and which depict non-compatible land uses as of the date of submission of such maps, a description of projected aircraft operations, and the ways in which such operations will affect such maps. The Act requires such maps to be developed in consultation with interested and affected parties in the local community, government agencies and persons using the airport.

An airport operator who has submitted noise exposure maps that are found by FAA to be in compliance with the requirements of Federal Aviation Regulations, Part 150, promulgated pursuant to Title I of the Act, may submit a noise compatible program for FAA approval which sets forth the measures the operator has taken or proposes for the reduction of existing noncompatible uses and for the prevention of the introduction of additional noncompatible uses.

The city of Columbus submitted to the FAA on March 26, 1987, noise exposure maps, descriptions and other documentation which were produced during the FAA Part 150 Study conducted at CMH from May 3, 1985 to January 30, 1987. It was requested that the FAA review this material as the noise mitigation measures, to be implemented jointly by the airport and surrounding communities, be approved as a noise compatibility program under section 104(b) of the act.

The FAA has completed its review of the noise exposure maps and related descriptions submitted by the city of Columbus. The specific maps under consideration are depicted as Noise Exposure Map—1985 and Noise Exposure Map—1990 in the submissions. The FAA has determined that these maps for CMH are in compliance with applicable requirements. This determination is effective July 28, 1987. The FAA's determination on an airport operator's noise exposure maps is limited to a finding that the maps were developed in accordance with the procedures contained in Appendix A of FAR Part 150. Such determination does not constitute approval of the applicant's data, information or plans, or a commitment to approve a noise compatibility program or to fund the implementation of that program.

If questions arise concerning the precise relationship of specific properties to noise exposure contours depicted on a noise exposure map submitted under section 103 of the Act, it should be noted that the FAA is not involved in any way in determining the relative locations of specific properties with regard to the depicted noise contours, or in interpreting the noise exposure maps to resolve questions concerning, for example, which properties should be covered by the provisions of section 107 of the Act. These functions are inseparable from the ultimate land use control and planning responsibilities of local government. These local reponsibilities are not changed in any way under Part 150 or through the FAA's review of noise exposure maps. Therefore, the responsibility for the detailed overlaying of noise exposure contours onto the map depicting properties on the surface rests exclusively with the airport operator which submitted those maps, or with those public agencies and planning agencies with which consultation is required under section 103 of the Act. The FAA has relied on the certification by the airport operator, under section 150.21 of FAR Part 150, that the statutorily required consultation has been accomplished.

The FAA has formally received the noise compatibility program for CMH on March 26, 1987. Preliminary review of the submitted material indicates that it conforms to the requirements for the submittal of noise compatibility programs. But further review will be necessary prior to approval or disapproval of the program. The formal review period, limited by law to a maximum of 180 days, will be completed on or before January 24, 1988.

The FAA's detailed evaluation will be conducted under the provisions of 14 CFR Part 150, § 150.33. The primary considerations in the evaluation process are whether the proposed measures may reduce the level of aviation safety, create an undue burden on interstate or foreign commerce, or be reasonably consistent with obtaining the goal of reducing existing noncompatible land uses.

Interested persons are invited to comment on the proposed program with specific reference to these factors. All comments, other than those properly addressed to local land use authorities will be considered by the FAA to the extent practicable. Copies of the noise exposure maps, the FAA's evaluation of the maps, and the proposed noise compatibility program are available for examination at the following locations:

Federal Aviation Administration, 800 Independence Avenue, SW, Room 617, Washington, DC

Federal Aviation Administration, Great Lakes Region, Airports Division, 2300 East Devon, Des Plaines, IL 60018

Federal Aviation Administration, Detroit Airports District Office, East Willow Run Airport, 8800 Beck Road, Belleville, MI 48111

Port Columbus International Airport, 4600 East Seventeenth Avenue, Columbus, OH 43219

Questions may be directed to the individual named above under the heading, **FOR FURTHER INFORMATION CONTACT.**

Issued in Des Plaines, Illinois, July 28, 1987.

Peter A. Serini,

*Acting Manager, Airports Division Great Lakes Region.*

[FR Doc. 87-18113 Filed 8-7-87; 8:45 am]

**BILLING CODE 4910-13-M**

## Maritime Administration

[Docket S-811]

### Application for Temporary Permission for Service to Hawaii; American President Lines, Ltd.

Notice is hereby given that American President Lines, Ltd. (APL) by letter dated July 30, 1987, has requested temporary written permission to permit its subsidized vessels operating in Line A service as set forth in its Operating-Differential Subsidy Agreement, Contract MA/MSB-417, to call weekly at Hawaii to provide service from California to Hawaii. The temporary authority is sourght by APL pending final decision in APL's application for permanent authority to serve Hawaii, Docket S-801, which is in the hearing process.

APL would perform weekly calls at Hawaii westbound with sailings in APL's subsidized Line A service en route to Guam and Taiwan. The service would be performed with three C8 and two C6 Pacesetter vessels. APL comments, for the period of the temporary service pending final decision in Docket S-801, that (1) it will adhere to the rate structure established by Matson Navigation Company, Inc., (2) it will not carry more westbound Hawaii cargo than approximately half of that which

49 FR 371

# FEDERAL REGISTER

14 CFR Part 71

Alternation of Control Zone; Columbus, Ohio

[Airspace Docket No. 83-AGL-11]

January 4, 1984

ACTION: Final rule.

SUMMARY: The nature of **this Federal action** is to alter the **Port Columbus International Airport, Columbus, Ohio, control zone** to revise/reduce **the airspace currently designated for the control zone**.

The intended effect of this action is to insure segregation of the aircraft using approach procedures in instrument weather conditions from other aircraft operating under visual weather conditions in controlled airspace.

EFFECTIVE DATE: **MARCH 15, 1983**.

FOR FURTHER INFORMATION CONTACT: Edward R. Heaps, Airspace, Procedures, and Automation Branch, Air Traffic Division, AGL-530, FAA, Great Lakes Region, 2300 East Devon Avenue, Des Plaines, Illinois 60018, telephone (312) 694-7360.

TEXT: SUPPLEMENTARY INFORMATION: This action revises the Port Columbus International Airport control zone to accommodate existing airspace requirements. A review of designated airspace in the Columbus area prompted a rewrite to better and more accurately describe the airspace in the area. The revised description is presented in the text of this notice.

Aeronautical maps and charts will reflect the defined areas which will enable other aircraft to circumnavigate the area in order to comply with applicable visual flight rule requirements.

History

On the page 49863 of the Federal Register dated October 28, 1983, the FAA proposed to amend § 71.171 of the Federal Aviation Regulations (14 CFR Part 71) so as to alter the Port Columbus International Airport, Columbus, Ohio, control zone. Interested parties were invited to participate in the rulemaking proceeding by submitting written comments on the proposal to the FAA. No objections were received as a result of the Notice of Proposed Rulemaking.

49 FR 371

Except for editorial changes, this amendment is the same as that proposed in the notice. Section 71.171 of Part 71 of the Federal Aviation Regulations was published in Advisory Circular AC 70-3A dated January 3, 1983.

List of Subjects in 14 CFR Part 71

Control zones/Aviation safety

Adoption of the amendment

§ 71.171 [Amended]

Accordingly, pursuant to the authority delegated to me, § 71.171 of Part 71 of the Federal Aviation Regulations (14 CFR Part 71) is amended, effective 0901 GMT, March 15, 1984, as follows:

Columbus, Port Columbus International Airport, OH

Within a 5-mile radius of Port Columbus International Airport (latitude 39 deg.59'42" N., longitude 82 deg.53'11" W.); within 1 mile each side of the 100 deg. bearing **from the center of the airport**, **extending** from **the 5-mile radius zone** to 6 miles east of the airport; within 1 mile each side of the 280 deg. bearing from the center of the airport, extending from the 5-mile radius zone **to 6 miles west of the airport.**

(Secs. 313(a), 314(a), 601 through 610, and 1102 of the Federal Aviation Act of 1958 *(49 U.S.C 1354*(a), 1421 through 1430, and 1502); *49 U.S.C. 106*(g) (Revised, Pub. L. 97-449, January 12, 1983))

The FAA has determined that this regulation only involves an established body of technical regulations for which frequent and routine amendments are necessary to keep them operationally current. Therefore, it is certified that this -- (1) is not a "major rule" under Executive Order 12291; (2) is not a "significant rule" under DOT Regulatory Policies and Procedures *(44 FR 11034;* February 26, 1979); and (3) does not warrant preparation of a regulatory evaluation as the anticipated impact is so minimal. Since this is a routine matter that will only affect air traffic procedures and air navigation, it is certified that this rule will not have a significant economic impact on a substantial number of small entities under the criteria of the Regulatory Flexibility Act.

Issued in Des Plaines, Illinois, on December 20, 1983.

Monte R. Belger,

Acting Director,

Great Lakes Region.

[FR Doc. 84-55 Filed 1-3-84; 8:45 am]

BILLING CODE 4910-13-M