**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) ) ) | Case No. 12-12020 (MG) |
| Debtors, | ) ) ) ) | Jointly Administered |

-----------------------------------------------------------

**ORDER PURSUANT TO RULES 7023 AND**
**9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**(1) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT BETWEEN**
**NAMED PLAINTIFFS, INDIVIDUALLY AND AS REPESENTATIVES OF THE**
**KESSLER SETTLEMENT CLASS, AND THE SETTLING DEFENDANTS;**
**(2) GRANTING CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT ONLY;**
**(3) APPROVING THE FORM AND MANNER OF NOTICE TO KESSLER**
**SETTLEMENT CLASS MEMBERS OF THE SETTLEMENT AGREEMENT;**
**(4) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL OF**
**THE SETTLEMENT AGREEMENT; AND**
<u>**(5) GRANTING RELATED RELIEF**</u>

Pending before the Court is the joint motion ("Joint Motion") of Plaintiffs, Rowena Drennen, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard (the Bankruptcy Litigation "Named Plaintiffs"), individually and as the proposed representatives of the "Kessler Settlement Class," as defined herein, and Debtor-Defendants Residential Funding Company, LLC ("RFC"), Residential Capital, LLC, and GMAC Residential Holding Company, LLC (collectively, the "Settling Defendants"), by and through their respective counsel of record, for an Order, among other things: (1) Preliminarily Approving the Kessler Settlement Agreement dated June 27, 2013 between Named Plaintiffs, individually and as the proposed representatives of the Kessler Settlement Class, and the Settling Defendants (the "Agreement"); (2) Granting Class Certification for Purposes of Settlement Only; (3) Approving the Form and Manner of Notice to

the Kessler Settlement Class; (4) Scheduling a Final Fairness Hearing for the Final Consideration and Approval of the Settlement Agreement; and (5) Granting Related Relief. The Court has considered the Joint Motion and has reviewed the Settlement Agreement. The Court now therefore grants the Joint Motion and Orders, Adjudges and Decrees as follows:

1. The Named Plaintiffs and Settling Defendants have executed the Agreement in order to settle and resolve the Litigation as between the Settling Defendants, subject to approval of the Court.

2. The definitions set forth in the Agreement are hereby incorporated by reference into this Order (with capitalized terms as set forth in the Agreement).

3. The Agreement is the result of serious, informed, arm's length and non-collusive negotiations. Based on the range of possible outcomes, the cost, delay and uncertainty associated with further litigation, the interest of the Debtors' estates and creditors and the support of the Committee, the Agreement is reasonable and cost-effective.

4. The terms of the Agreement and the Settlement as provided therein, are approved preliminarily as fair, reasonable and adequate to the Kessler Settlement Class, subject to further consideration at the Fairness Hearing described below.

5. The terms of the Agreement and the Settlement as provided therein, are also approved preliminarily as fair and equitable to the Debtors' bankruptcy estates and their creditors, subject to further consideration at the Fairness Hearing described below.

6. Accordingly, for the purpose of a settlement in accordance with the Agreement, this Court, pursuant to Bankruptcy Rule 7023, hereby preliminarily certifies the following classes of persons as settlement classes:

> All persons who obtained a second or subordinate, residential, federally related, non-purchase money, HOEPA qualifying mortgage loan from

2

Community Bank of Northern Virginia or Guaranty National Bank of Tallahassee, that was secured by residential real property used as their principal dwelling and that was assigned to GMAC-Residential Funding Corporation n/k/a Residential Funding Company, LLC, who was not a member of the class certified in the action captioned <u>Baxter v. Guaranty National Bank, et al.</u>, Case No. 01-CVS-009168 in the General Court of Justice, Superior Court Division of Wake County, North Carolina (the "Kessler Settlement Class") .

All persons who meet the above class-definition, whose loan closed prior to May 1, 2000 (the "Equitable Tolling Sub-Class").

All persons who meet the above class-definition, whose loan closed after May 1, 2000 ("Non-Equitable Tolling Sub-Class") .

7.  Pursuant to the Agreement, and for purposes of the Settlement only, the Court finds preliminarily that:

   a.  The Kessler Settlement Class, the Non-Equitable Tolling Sub-Class and the Equitable Tolling Sub-Class are each so numerous that joinder of all members is impracticable;

   b.  There are questions of law or fact common to: (i) the Kessler Settlement Class that predominate over questions affecting only individual members of the Kessler Settlement Class; (ii) the Non-Equitable Tolling Sub-Class that predominate over questions affecting only individual members of the Non-Equitable Tolling Sub-Class; and (iii) the Equitable Tolling Sub-Class that predominate over questions affecting only individual members of the Equitable Tolling Sub-Class;

   c.  The claims of the Named Plaintiffs are typical of those of the members of the Kessler Settlement Class, the claims of Rowena Drennen are typical of those of the members of the Non-Equitable Tolling Sub-Class and the claims of John Picard and Rebecca Picard are typical of those of the members of the Equitable Tolling Sub-Class;

  d. The Named Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the members of the Kessler Settlement Class;

  e. Rowena Drennen and Allocation Counsel for the Non-Equitable Tolling Sub-Class will fairly and adequately represent and protect the interests of the members of the Non-Equitable Tolling Sub-Class;

  f. John Picard and Rebecca Picard and Allocation Counsel for the Equitable Tolling Sub-Class will fairly and adequately represent and protect the interests of the members of the Equitable Tolling Sub-Class; and

  g. Certification of the Kessler Settlement Class, the Non-Equitable Tolling Sub-Class and the Equitable Tolling Sub-Class as proposed, is an appropriate method for the fair and efficient adjudication of the controversies between the Kessler Settlement Class and Settling Defendants.

  8. For the purpose of this preliminary approval, and for all matters relating to the Settlement and the Litigation, until further order of the Court, the Court: (a) appoints the Named Plaintiffs as Representatives of the Kessler Settlement Class and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the law firm Walters Bender Strohbehn & Vaughan, P.C. and Bruce Carlson and Gary Lynch of the law firm Carlson Lynch Ltd. PNC Park, 115 Federal Street, Suite 210, Pittsburgh, PA 15212 as Counsel for the Kessler Settlement Class ("Plaintiffs' Counsel" or "Class Counsel"); and (b) appoints Arthur H. Stroyd, Jr. as Allocation Counsel for the Non-Equitable Tolling Sub-Class for the purpose of allocation only; and (c) Richard H. Ralston as Allocation Counsel for the Equitable Tolling Sub-Class for the purpose of allocation only.

  9. By this Order, the Court hereby exercises subject matter and personal

jurisdiction over the Kessler Settlement Class for purposes of evaluating the final certification of the Kessler Settlement Class and the fairness and adequacy of the Settlement.

10. The Class Mail Notice, as set forth in Exhibit A to the Parties' Agreement, is hereby approved.

11. The Class Mail Notice in a form substantially the same as that set forth in Exhibit A to the Agreement shall be mailed by Class Counsel by first-class mail, postage prepaid, to all members of the Kessler Settlement Class identified on Exhibit D of the Agreement. Such mailing shall be made no later than September 3, 2013.

12. These notice methodologies (a) protect the interests of the Named Plaintiffs, the Kessler Settlement Class, and Settling Defendants, (b) are the best notice practicable under the circumstances, and (c) are reasonably calculated to apprise the Kessler Settlement Class of the proposed Settlement; the Agreement; the nature of the action; the definition of the Kessler Settlement Class; the class claims, issues or defenses; that a Kessler Class Member may enter an appearance through an attorney if the Kessler Class Member so desires; their right to opt out and exclude themselves from or object to the proposed Settlement and the time and manner for doing so; and the binding effect of a Kessler Settlement Class judgment on Kessler Settlement Class Members. In addition, the Court finds that the notice methodologies are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meet all applicable requirements of law, including, but not limited to, Fed.R.Bankr.P. 7023 and the Due Process Clause of the Fifth Amendment of the United States Constitution.

13. Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement of a person with knowledge, evidencing compliance with the provisions of this Order

concerning the mailing of the Class Mail Notice.

14. The Qualified Settlement Fund referenced in Section 6(c) of the Agreement is hereby approved and Class Counsel is authorized and directed to establish the Qualified Settlement Fund pursuant to this Order and the terms of this Agreement. All taxes, costs and expenses associated with the Qualified Settlement Fund and its administration shall be paid as provided in the Agreement.

15. Any member of the Kessler Settlement Class desiring exclusion from the Kessler Settlement Class shall mail a request for exclusion ("Request for Exclusion") to the Parties' respective counsel. To be valid, the Request for Exclusion must be **<u>received</u>** on or before **October 18, 2013**. Such Request for Exclusion must be in writing and include: (a) the name, address, telephone number and the last four digits of the social security number of the class member seeking to opt out; (b) a statement that the class member and all other borrowers named on the class member's promissory note are seeking exclusion; (c) the signature of each person who was a party to the promissory note made in connection with the class member's loan, unless such person is deceased or legally incompetent, in which event the opt out submission shall be signed by said deceased or legally incompetent person's personal representative or guardian; and (d) a reference to "In re Residential Capital, LLC, Case No. "12-12020 (MG)." Any member of the Kessler Settlement Class who does not properly and timely request exclusion from the Kessler Settlement Class in full compliance with these requirements shall be included in the Kessler Settlement Class and be bound by any judgment entered in this Action with respect to the Class.

16. Within seven (7) days after the deadline for submitting Requests for Exclusion,

ny-1096929

Class Counsel shall file with the Court a sworn statement to identify those persons, if any, who timely submitted a Request for Exclusion. The originals of all Requests for Exclusion shall be retained by the Parties. Class Counsel shall also identify those persons, if any, whose efforts to be excluded were rejected because they failed to comply with paragraph 13 above and shall provide the Court with all communications received from such individuals. A hearing (the "Fairness Hearing") shall be held at 10:00 a.m. on **November 19, 2013**, in United States Bankruptcy Court, Southern District of New York, One Bowling Green, Courtroom 501, New York, New York 10004-1408. At the Fairness Hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the entry of any final order or judgment in the Litigation with respect to the Kessler Settlement Class; (c) the application for incentive awards for the services rendered by the Named Plaintiffs; (d) the application for attorney's fees and for reimbursement of expenses by Class Counsel; and (e) other related matters. The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Kessler Settlement Class.

17.    To be considered at the Fairness Hearing, any Kessler Class Member desiring to file an objection or other comment on the Settlement shall be required to file all such objections and comments and all supporting pleadings on or before **October 18, 2013**, with service upon Class Counsel and Counsel for Settling Defendants. The objections of any Kessler Class Member must be in writing, and must specifically include the following: (a) the name, address, and telephone number of the class member filing the objection; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (e) if the objector is represented by counsel, a detailed description

of the legal authorities supporting each objection; (f) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (g) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (h) a statement of whether the objector intends to appear at the hearing; (i) a copy of any exhibits which the objector may offer during the hearing; and (j) a reference to "In re Residential Capital, LLC 12-12020 (MG)."

18.  Debtors shall provide notice of the Fairness Hearing to the insurers who issued insurance policies under the General Motors Combined Specialty Insurance Program 12/15/00 - 12/15/03 ("Insurers") on or before September 3, 2013. Any Insurer desiring to file an objection or other comment on the Settlement shall be required to file all such objections and comments and all supporting pleadings on or before October 18, 2013, with service upon Class Counsel and Counsel for Settling Defendants. The objections of any Insurer must be in writing, and must specifically include the following: (a) the identity of the Insurer or Insurers filing the objection; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) a detailed description of the legal authorities supporting each objection; (e) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (f) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (g) a statement of whether the objector intends to appear at the hearing; (h) a copy of any exhibits which the objector may offer during the

hearing; and (i) a reference to "In re Residential Capital, LLC "12-12020."

19. Unless otherwise ordered by the Court, no objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with the respective guidelines specified above. Class Counsel and Counsel for Settling Defendants shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

20. On or before September 3, 2013, the Debtors shall serve a copy of this Order upon those parties entitled to receive notice in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141]. For those parties not specifically covered in paragraphs 17 and 18 of this Order, parties shall serve any objections to the Settlement on or before October 18, 2013, with service upon Class Counsel and Counsel for Settling Defendants. Nothing in this paragraph shall supersede the obligations of those parties subject to paragraphs 17 and 18 of this Order.

21. Any objector who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the Settlement, including without limitation, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy or reasonableness of the Settlement.

22. Submissions of the Parties relative to the Settlement, including memoranda in support of the Settlement, applications for attorney's fees and reimbursement of expenses by Class Counsel, and any applications for the payment of services rendered by the Named Plaintiffs shall be filed with the Clerk of the Court on or before **November 4, 2013**.

23. Any attorney hired by any objector for the purpose of appearing and/or making

an objection shall file his or her entry of Appearance at the Class Member's expense on or before **October 18, 2013**, with service on Class Counsel and Counsel for Settling Defendants per the Federal Rules of Civil Procedure.

24. Any Kessler Settlement Class Member may appear at the Fairness Hearing in person, or by counsel if an appearance is filed and served as provided in the Class Mail Notice, and such person will be heard to the extent allowed by the Court. No person shall be permitted to be heard unless, on or before **October 18, 2013**, such person has (a) filed with the Clerk of the Court a notice of such person's intention to appear; and (b) served copies of such notice upon Class Counsel and Counsel for Settling Defendants.

25. All other events contemplated under the Agreement to occur after entry of this Order and before the Fairness Hearing shall be governed by the Agreement and the Class Mail Notice, to the extent not inconsistent herewith. Class Counsel and Counsel for Settling Defendants shall take such further actions as are required by the Agreement.

26. The Parties shall be authorized to make non-material changes to the Class Mail Notice so long as Class Counsel and Counsel for Settling Defendants agree and one of the Parties files a notice thereof with the Court prior to the Fairness Hearing. Neither the insertion of dates nor the correction of typographical or grammatical errors shall be deemed a change to the Class Mail Notice.

27. All claims against and motions involving Settling Defendants with respect to the "CBNV/GNBT Loans" are hereby stayed and suspended until further order of this Court, other than as may be necessary to carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto.

28. The claims of the Named Plaintiffs, the members of the Kessler Settlement

Class and/or the remaining members of the Litigation Class against any Defendant and/or person or entity other than Settling Defendants and other "Released Persons," are **not** stayed or suspended by the Agreement, this Order, or otherwise. Only the "Released Claims" of the "Releasors" as against the "Released Persons," as defined in the Agreement, are suspended and stayed.

29. If Final Approval of the Settlement does not occur, or if the Settlement does not become effective on or before the Effective Date as provided in the Agreement, or if the Settlement is rescinded or terminated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void and without prejudice to the rights of the Parties before the Settlement was executed and made, and this Order and all Orders issued pursuant to the Settlement shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" for purposes of Fed. R. Bankr. P. 9024, as provided in and subject to Paragraph 14 of the Agreement.

30. Neither this Order, the Agreement, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any action taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of (i) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion, (ii) the truth or relevance of any fact alleged by Plaintiffs, (iii) the existence of any class alleged by Plaintiffs, (iv) the propriety of class certification if the Litigation were to be litigated rather than settled, (v) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (vi) that the consideration to be given to Kessler Settlement Class Members

hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (vii) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any way be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, or factual or legal positions of Settling Defendants, and shall not be offered or received in evidence in the Litigation or any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as is necessary to enforce the terms of this Order and the Agreement; provided, however, that this Order and the Agreement may be filed by Settling Defendants in any action filed against or by Settling Defendants, or any other Released Person, to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim. Settling Defendants expressly reserve all rights and defenses to any claims and do not waive any such rights or defenses in the event that the Agreement is not approved for any reason.

SO ORDERED.

Dated: August 23, 2013
New York, New York

                                              **/s/ Martin Glenn**
                                                Martin Glenn
                                     United States Bankruptcy Judge

ny-1096929