**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------
)
In re:                                             )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,        )        Chapter 11
)
Debtors.               )        Jointly Administered
)
--------------------------------------------------------------

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT
OR REJECT THE PLAN PROPONENTS' JOINT CHAPTER 11 PLAN,
(III) APPROVING THE FORM OF BALLOTS, (IV) SCHEDULING A HEARING ON
CONFIRMATION OF THE PLAN, (V) APPROVING PROCEDURES FOR NOTICE OF
THE CONFIRMATION HEARING AND FOR FILING OBJECTIONS TO
CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the Debtors and Creditors' Committee

(together, the "Plan Proponents"), for an order (this "Disclosure Statement Order"), pursuant to

Bankruptcy Code sections 1125, and 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules

2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 3017-1, 3018-1, and 3020-1 (a)

approving the Disclosure Statement as providing "adequate information" within the meaning of

section 1125(a); (b) authorizing certain procedures for the solicitation of votes on the Plan (the

"Solicitation Procedures") and procedures for the tabulation of such votes (the "Tabulation

Procedures"); (c) authorizing the form of ballots, notices, and certain other documents to be

distributed in connection with the solicitation of the Plan as set forth in Exhibits A through F

hereto; (d) approving certain key dates described herein relating to the confirmation of the Plan

(the "Plan Confirmation Schedule"), and the deadlines contained Solicitation Procedures; and

(e) approving procedures for notice of the confirmation hearing and filing objections to

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Motion, as applicable.

confirmation of the Plan, all as more fully set forth therein; and due and proper notice of the

Motion and the deadline for objecting thereto having been provided; and a hearing having been

held on August 21, 2013 to consider the relief requested in the Motion (the "Hearing"); and upon

the record of the Hearing and all of the proceedings had before the Court; and the Court having

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and all objections to the Motion

being overruled or withdrawn; and after due deliberation and sufficient cause appearing therefor,

it is

FOUND AND DETERMINED THAT:

**I.    Jurisdiction and Venue**

A.    Consideration of the Motion and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

C.    The Court has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated January 31, 2012 (Preska, C.J.).

**II.    The Disclosure Statement**

D.    As to each of the Debtors, the Disclosure Statement contains adequate

information within the meaning of section 1125 of the Bankruptcy Code, and no further

information is necessary.

E.      The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third party release) provisions contained in the Plan.

F.      The Disclosure Statement complies with all applicable Local Rules.

## III.    Disclosure Statement Hearing Notice

Actual notice of the Hearing and the deadline for filing objection or responses to the Disclosure Statement was provided to: (a) the United States Trustee; (b) counsel to the Creditors' Committee; (c) all persons or entities that have requested notice of the proceedings in the Chapter 11 cases; (d) all persons or entities that have filed claims as of the date hereof; (e) all known creditors or known holders of prepetition claims as of the date of this Order, including all persons or entities listed in the Schedules at the addresses stated therein; (f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (g) all parties to litigation with the Debtors; (h) all parties to litigation with Ally relating to the Debtors' businesses, regardless of whether such parties are entitled to vote on the Plan; (i) all known members of potential class action lawsuits; (j) the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Southern District of New York and any other required governmental units; (k) the parties listed on the Special Service List and the General Service List (each as defined in the Case Management Procedures Order); (l) known potential creditors with claims unknown by the Debtors; (m) all holders of Claims and Equity Interests regardless of whether such holders are entitled to vote on the Plan; and (n) such additional persons and entities as deemed appropriate by the Plan Proponents. Further, such notice was published in the national edition of *The Wall Street Journal* on July 12,

2013 and in *USA Today* on July 15, 2013.  Such notice constitutes good and sufficient notice to all interested parties, and no further notice is necessary.

G.    The form and manner of notice of the time set for filing objections or responses to, and the time, date, and place of, the Hearing to consider the approval of the Disclosure Statement was adequate and complies with due process.

H.    All notices to be provided pursuant to the procedures hereby approved constitute good and sufficient notice to all parties in interest as to all matters relating to the Disclosure Statement Hearing and the Confirmation Hearing and no other or further notice need be provided.

## IV.    Solicitation and Tabulation Procedures

I.    The Solicitation and Tabulation Procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with sections 1125 and 1126 of the Bankruptcy Code.

J.    The form of ballots and master ballots attached hereto as Exhibits A-1 through A-9 (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of these Chapter 11 Cases, and provide adequate information and instructions for each entity entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

K.    Claims in Classes **R-4, R-5, R-6, R-7, R-8, R-11, R-12, GS-4A, GS-4B, GS-5, GS-6, GS-7, GS-10, RS-4, RS-5, RS-6, RS-7, RS-8, RS-11, and RS-12**, along with certain sub-Classes of Claims in Classes **R-3, GS-3 and RS-3**, are impaired and, accordingly, holders of such claims are entitled to vote on account of such claims (collectively, the "Voting Creditors" and the classes containing such Voting Creditors defined as, collectively, "Voting Classes").

L.      Claims in Classes **R-1, R-2, GS-1, GS-2, RS-1, and RS-2**, along with certain sub-Classes of Claims in Classes **R-3, GS-3 and RS-3**, are unimpaired under the Plan and, accordingly, holders of such Claims are presumed to have accepted the Plan and are not entitled to vote on account of such Claims (collectively, the "Unimpaired Creditors" and the classes containing such Unimpaired Creditors defined as, collectively, "Unimpaired Classes").

M.      Claims in Classes **R-9, R-10, GS-8, GS-9, RS-9, and RS-10** will not receive or retain any property and, accordingly, holders of such Claims and Equity Interest are deemed to have rejected the Plan and are not entitled to vote on account of such Claims or Equity Interests  (collectively, the "Rejecting Creditors," and with the Unimpaired Creditors, the "Non-Voting Creditors," and the classes containing such Rejecting Creditors defined as, collectively, "Rejecting Classes," and with the Unimpaired Class, the "Non-Voting Classes").

N.      The Notice of Non-Voting Status – Impaired Classes, substantially in the form annexed hereto as Exhibit B and the Notice of Non-Voting Status – Unimpaired Classes, substantially in the form annexed hereto as Exhibit C complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and, together with the Confirmation Hearing Notice, provides adequate notice to holders of claims and equity interests in the Non-Voting Classes of their non-voting status and of the Confirmation Hearing.  No further notice is necessary.

O.      The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002, 3017, and Local Rule 3017(b), and constitute sufficient notice to all interested parties of the Voting Record Date, the Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

P.      The period, set forth below, during which the Debtors may solicit acceptances of the Plan, is a reasonable and sufficient time for Voting Creditors to make an

informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

## V.    The Confirmation Hearing

Q.    The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and for filing objections or responses to the Plan, provide due, proper and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is granted as provided herein.

## I.    Disclosure Statement

2.    The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and is **APPROVED**.

3.    All objections to the Disclosure Statement that have not been withdrawn or resolved previously or at the Hearing hereby are overruled.

## II.    Approval of Plan Confirmation Schedule

4.    The following dates and deadlines in connection with the Solicitation Procedures, the Tabulation Procedures, and the Confirmation Hearing are hereby **APPROVED**.

### A.    Voting Record Date

5.    The Voting Record Date shall be **August 16, 2013 at 5:00 p.m.**

6.    The transferee of a Transferred Claim will be entitled to receive a Solicitation Package and cast a Ballot on account of such Transferred Claim only if (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by 5:00 p.m. (Eastern time) one (1) business day prior to the Voting Record Date

or (b) the transferee files one (1) business day prior to the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

**B.    Voting Deadline**

7.    The Voting Deadline shall be **<u>October 21, 2013 at 7:00 p.m.</u>**

**C.    Plan Objection Deadline**

8.    The Plan Objection Deadline shall be **<u>October 21, 2013 at 4:00 p.m</u>**.

**D.    Confirmation Hearing**

9.    The Confirmation Hearing shall commence on **<u>November 19, 2013 at 10:00 a.m.</u>**.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

**E.    Other Dates**

10.    Any and all other dates and deadlines requested to be approved in the Motion are hereby approved.

**III.    <u>Approval of Solicitation Procedures</u>**

**A.    Parties Entitled to Vote**

11.    Each holder of a Claim in the Voting Classes shall be entitled to vote to accept or reject the Plan, unless such a claim meets the following criteria (the "<u>Voting Non-Eligibility Criteria</u>")—

(a) as of the Voting Record Date, the outstanding amount of such claim is not greater than zero ($0.00);

(b) as of the Voting Record Date, such claim has been disallowed or expunged;

7

(c) the Debtors scheduled such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or

(d) such claim is subject to an objection by September 20, 2013.

**B.    Temporary Allowance of Claims for Voting Purposes**

12.    For voting purposes, each claim within the Voting Classes will be counted for voting purposes in an amount equal to the amount of the claim as set forth in (i) the Schedules or (ii) the filed proof of claim as reflected in the claims register maintained by KCC as of the Voting Record Date, subject to the following exceptions:

(a) If a claim meets any of the Voting Non-Eligibility Criteria, such claim will be disallowed for voting purposes;

(b) If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan against each Debtor at which the claimant has filed a claim in the applicable Debtor Group;

(c) If a claim is deemed allowed in accordance with an order of the Court or a stipulated agreement between the parties, such claim is allowed for voting purposes in the deemed allowed amount set forth in the order of the Court or the stipulated agreement between the parties;

(d) Each of the RMBS Trustees, Wilmington Trust Company, and Citibank, N.A. (collectively, the "Voting RMBS Trustees") solely in its capacity as Voting RMBS Trustee, indenture trustee, or separate trustee, will vote to accept the Plan on behalf of all the RMBS Trusts for which it acts, *except that*, in compliance with the Plan Support Agreement, solely with respect to any RMBS Trust for which an RMBS Trustee has accepted a valid direction under the relevant governing agreements to withdraw from the Plan Support Agreement, such RMBS Trustee shall vote as directed with respect to such RMBS Trust;

(e) If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in a liquidated amount, such claim will be temporarily allowed in the amount set forth in the proof of claim, unless such claim is contingent on its face (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) or disputed as set forth in subparagraph (j) below;

(f) If a claim for which a proof of claim has been timely filed is (i) contingent or unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Plan Proponents), or (ii) does not otherwise specify a fixed or liquidated amount, the claimant will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(g) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes;

(h) If a claim is represented by a timely filed proof of claim and determined by the Plan Proponents (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) to be contingent or unliquidated in part, such claim will be temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only;

(i) Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant will only be entitled to vote the unsecured claim in the applicable unsecured Plan class and will not be entitled to vote the secured claim in the otherwise applicable secured Plan class;

(j) If the Plan Proponents have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim will be temporarily disallowed for voting purposes, except as otherwise ordered by the Court pursuant to a Temporary Allowance Request Motion; *provided, however*, that if the Plan Proponents' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim will be temporarily allowed for voting purposes in the reduced amount and/or reclassified, except as otherwise ordered by the Court before the Voting Deadline pursuant to a Temporary Allowance Request Motion;

(k) If a claim is allowed pursuant to an order of the Court on or before October 23, 2013 in connection with a Temporary Allowance Request Motion, then such claimant will be entitled to vote to accept or reject the Plan in accordance with the terms of such order; and

(l) If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

C.    **Objection to Claims for Voting Purposes Only**

13.    The Voting Purposes Objection Deadline is **September 20, 2013**. The Voting Purposes Objection Deadline is a deadline solely for the purpose of determining whether a claim meets the Voting Non-Eligibility Criteria and shall not be a deadline by which the Plan Proponents or any other party must file objections to the allowance of any Claim or Equity Interest for any other purpose.

D.    **Filing of Temporary Allowance Request Motions**

14.    If any claimant elects to challenge the disallowance or classification or its claim for voting purposes, such claimant shall file with the Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim solely for voting purposes. The claimant's Ballot will not be counted, unless temporarily allowed by an order entered on or before **October 23, 2013** or as otherwise ordered by the Court. The following sets forth the proposed briefing schedule for the filing of a Temporary Allowance Request Motion:

(a) All Temporary Allowance Request Motions must be filed and served on or before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than **September 30, 2013**;

(b) All objections and responses to Temporary Allowance Request Motions must be filed and served on or before **October 14, 2013 at 12:00 p.m.**;

(c) A claimant may file a reply to any objection or response to its motion on or before **October 18, 2013 at 4:00 p.m.**; and

(d) Any order temporarily allowing such claims must be entered on or before **October 23, 2013** or as otherwise ordered by the Court.

15.    Notwithstanding the foregoing, the Plan Proponents and a claimant may agree and stipulate to treatment of specific claims for voting purposes pursuant to a notice of presentment that is filed with the Court on no less than three (3) days' notice.

16.    Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the claimant(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name(s) of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Order, in each case so as to be received by the following parties (the "Notice Parties") (with a copy to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge) no later than **September 30, 2013**:

(a) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:  Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to:  Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com;

(b) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com;

(c) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and

(d) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street,

Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

17.      Temporary Allowance Request Motions not compliant with the foregoing will not be considered by the Court and deemed denied except as otherwise ordered by the Court.

18.      Any claimant timely filing and serving a Temporary Allowance Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a determination of such motion by the Court.  No later than two (2) business days after the filing and service of such Temporary Allowance Request Motion, KCC will send the movant a Solicitation Package, and the movant shall be required to return its ballot to KCC by the Voting Deadline.

19.      If the Plan Proponents and such claimant are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such Temporary Allowance Request Motion shall be considered by the Court at such time as it shall direct.  At such hearing, the Court shall determine whether the provisional Ballot should be allowed to the extent for voting purposes and the amount(s) of the claim(s) that may be voted.

IV.    **Approval of Solicitation Packages and Solicitation Procedures**

A.    **Solicitation Packages**

20.      The Solicitation Packages are **APPROVED**.

21.      The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by **August 29, 2013**, or as soon thereafter as reasonably practicable.

22.      In accordance with Rule 3017(d), each Solicitation Package shall contain a copy of –

(a) this Disclosure Statement Order (without any of the exhibits hereto);

(b) if the recipient is a Voting Creditor or Voting Nominee, (i) the Confirmation Hearing Notice, (ii) the Disclosure Statement, including the Plan as an attachment, (iii) a Ballot, (iv) a letter explaining the Creditors' Committee's recommendation that the creditor vote in favor of the Plan, in the form attached to this Disclosure Statement Order as <u>Exhibit D</u>, and, (v) as appropriate, a postage-prepaid envelope; **<u>OR</u>**

(c) if the recipient is a holder of a claim or equity interest is a Non-Voting Class, **<u>only</u>** a Notice of Non-Voting Status – Unimpaired Classes or a Notice of Non-Voting Status – Impaired Classes; and

(d) such other materials as may be ordered or permitted by the Court.

23.      For the avoidance of doubt, holders of Junior Secured Notes Claims in Classes **<u>R-3, GS-3 and RS-3</u>** will receive Ballots for all of the Debtors at which they have Claims regardless of whether the Junior Secured Noteholder Claims at such Debtor are unimpaired and deemed to have accepted the Plan.  Holders of Junior Secured Notes Claims shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline with respect to each Debtor against which they have Claims, *provided that* votes cast in classes in which holders of Junior Secured Notes Claims are unimpaired shall not be counted for voting purposes.

24.      Each lead plaintiff or class representative in a class action lawsuit filed against the Debtors that has been settled, resolved prior to, or in connection with, confirmation of the Plan, or as otherwise allowed for voting purposes, shall receive a Ballot which will be tabulated as provided for in the Tabulation Procedures.

25.      To avoid duplication and reduce expenses, the KCC is authorized (but not directed) to provide creditors who have filed multiple Claims against the Debtors (whether against the same or multiple Debtors) with only one Solicitation Package and the appropriate number of Ballots (if applicable) for voting their Claims with based on the nature of the claims held and the Debtors against which such Claims are held.

26.     Copies of the Disclosure Statement and the Plan included in the Solicitation Package shall be provided in PDF format on an optical disc, such as a CD-ROM (with the exception of the Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copies) instead of printed hard copies.

27.     For Confirmation Hearing Notices and/or Solicitation Packages returned as undeliverable, the Debtors are excused from mailing Confirmation Hearing Notices and/or Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before **August 27, 2013**, and failure to mail Confirmation Hearing Notices and/or Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

**B.      Ballots**

28.     The forms of Ballots are **APPROVED**.

29.     To be counted as a vote to accept or reject the Plan, each General Ballot, Secured Claim Ballot, the RMBS Trustee Ballot, the FHFA Ballot, and Master Ballot must be properly executed, completed and delivered to KCC by (a) mail, (b) courier, or (c) personal delivery, so that it is <u>actually received</u> by KCC no later than the Voting Deadline.  Ballots submitted by facsimile, email, or other electronic means of transmission shall not be accepted, except in the sole absolute discretion of the Plan Proponents.

30.     The Debtors are authorized to send appropriate Ballots to holders of Junior Secured Notes Claims in Classes **R-3, GS-3, and RS-3** and holders of Senior Unsecured Notes Claims in Class **R-4** (together, the "<u>Notes Claims</u>") to beneficial owners through the record holders of such Notes Claims including banks, brokerage firms, or other agents or nominees (the

"Voting Nominee").  Each Voting Nominee shall be entitled to receive reasonably sufficient copies of beneficial owner Ballots for holders of Notes Claims in substantially the form annexed hereto as Exhibit A-1 with respect to the Junior Secured Notes Claims and Exhibit A-3 with respect to Senior Unsecured Notes Claims, and Solicitation Packages to distribute to the beneficial owners of the Notes Claims for whom such Voting Nominee holds such Notes Claims. The Debtors shall be responsible for each such Voting Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Owner Ballots and Solicitation Packages to the beneficial owners of the Notes Claims and tabulation of the Beneficial Owner Ballots.   Additionally each Voting Nominee shall receive returned Beneficial Owner Ballots from the beneficial owners, tabulate the results, and return, inter alia, such results to KCC, in a ballot in the form annexed hereto in Exhibit A-2 with respect to the Junior Secured Notes Claims and Exhibit A-4 with respect to the Senior Unsecured Notes Claims, by the Voting Deadline, or arrange for beneficial holders to receive "prevalidated" Ballots for direct return for KCC before the Voting Deadline.

31.    Ballots shall be distributed to Voting Nominees together with the Solicitation Packages to be forwarded by them to the beneficial owners.  Solicitation Packages will be distributed to beneficial owners approximately seven (7) days after the initial distribution of Solicitation Packages to the Voting Nominee.

32.    The Plan Proponents shall transmit an electronic copy of the Solicitation Package to Euroclear Bank S.A./N.V. ("Euroclear") and to Clearstream Banking, société anonyme ("Clearstream") to transmit the Solicitation Package to Voting Nominees who hold the Junior Secured Notes or Senior Unsecured Notes through Euroclear or Clearstream, respectively, as of the Voting Record Date.  The Voting Nominees will then forward the Solicitation Package

to beneficial owners of Junior Secured Notes or Senior Unsecured Notes who hold such Junior Secured Notes or Senior Unsecured Notes through them, for voting pursuant to the procedures described below.  The Voting Nominee will also instruct Euroclear or Clearstream, as applicable, to disclose their Voting Record Date position to KCC.  Transmittal of Solicitation Packages to any holders of Junior Secured Notes or Senior Unsecured Notes held exclusively through Euroclear or Clearstream shall be deemed good, adequate, and sufficient notice if it is delivered by electronic mail on **August 29, 2013**, or as soon thereafter as reasonably practicable on Euroclear and Clearstream.

33.    Holders of Claims in Classes **R-4 (other than holders of Senior Unsecured Notes Claims), GS-4A, GS-4B, and RS-4** shall receive a Ballot substantially in the form annexed hereto as Exhibit A-5 ("General Ballot A"), which may include non-substantive modifications and will be identified to the specific class of claimant.

34.    For the Allowed Claims of the RMBS Trusts classified in Classes GS-4 and RS-4, each respective Voting RMBS Trustee will receive Ballots substantially in the form annexed hereto as Exhibit A-6 (the "RMBS Trustee Ballot") which may include non-substantive changes and will be identified to a specific class.  Each respective Voting RMBS Trustee will vote all of its RMBS Trusts' Claims against each of the Debtor Groups on separate RMBS Trustee Ballots and each respective Voting RMBS Trustee will provide appropriate annexes to each RMBS Trustee Ballot listing all of the RMBS Trusts for which each Voting RMBS Trustee is voting and each RMBS Trust's vote.

35.    Holders of Claims in Classes **R-5, R-6, R-7, R-8, GS-5, GS-6, GS-7, RS-5, RS-6, RS-7, and RS-8** shall receive a Ballot substantially in the form annexed to the Disclosure Statement Approval Order as Exhibit A-7 ("General Ballot B", and together with

General Ballot A, the "<u>General Ballot</u>"), which may include non-substantive modifications and will be identified to the specific class of claimant.

36.    Holders of Claims in Classes **R-11 and RS-11** shall receive a ballot substantially in the form annexed hereto as <u>Exhibit A-8</u> (the "<u>FHFA Ballot</u>") which may include non-substantive modifications and will be identified to the specific class of claimant.

37.    Holders of Claims in Classes **R-12, GS-10, and RS-12** shall receive a ballot substantially in the form annexed hereto as <u>Exhibit A-9</u> (the "<u>Secured Claim Ballot</u>"), which may include non-substantive modifications and will be identified to the specific class of claimant.

### C.    Notices of Non-Voting Status

38.    The Notices of Non-Voting Status are **APPROVED**.

39.    The Debtors shall distribute a Notice of Non-Voting Status – Unimpaired Class, substantially in the form annexed hereto as <u>Exhibit B</u> to the holders of claims in **R-1, R-2, GS-1, GS-2, RS-1, and RS-2** as of the close of business on the Voting Record Date, which classes are unimpaired and therefore not entitled to vote to accept or reject the Plan.

40.    The Debtors shall distribute a Notice of Non-Voting Status – Impaired Class, substantially in the form annexed hereto as <u>Exhibit C</u> to the holders of claims in **R-9, R-10, GS-8, GS-9, RS-9, and RS-10** as of the close of business on the Voting Record Date, which classes will not receive or retain any property under the Plan and will not be entitled to vote to accept or reject the Plan.

41.    The Notices of Non-Voting Status satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors therefore are not required to distribute copies of the Plan, the Disclosure Statement, and the Confirmation Hearing Notice to any holder of Claims and Interests in Classes **R-1, R-2, R-9, R-10, GS-1, GS-2, GS-8, GS-9,**

**RS-1, RS-2, RS-9, and RS-10**.    Such documents shall also be posted on the Debtors' restructuring website, www.kccllc.net/rescap.

## V.    Approval of Notice of Filing the Plan Supplement

42.    The Plan Supplement Notice in the form annexed hereto as <u>Exhibit E</u> is **APPROVED**.

43.    The Plan Proponents shall serve the Plan Supplement by **October 11, 2013** or such later date as may be approved by the Court, on those parties receiving the Solicitation Package.

44.    The Plan Proponents shall file the Assumption Schedule no later than twenty-one (21) days before the commencement of the Confirmation Hearing, on **October 29, 2013**, or such later date as may be approved by the Court.

## VI.    Approval of Tabulation Procedures

### A.    Tabulation Procedures

45.    The following Tabulation Procedures are **APPROVED**.

(a) Whenever a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b) The following Ballots will <u>not</u> be counted: (i) any Ballot that is properly completed, executed, and timely returned to KCC, but does not indicate either an acceptance or rejection of the Plan; (ii) any Ballot submitted for which the holder of a Claim entitled to vote to accept or reject the Plan votes to both accept and reject the Plan; (iii) in the absence of any extension of the Voting Deadline granted by the Plan Proponents, any Ballot received after the Voting Deadline; (iv) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (v) any Ballot cast by a person or entity that does not hold a Claim that is entitled to vote to accept or reject the Plan; (vi) any unsigned Ballot; or (vii) any Ballot transmitted to KCC by fax, e-mail, other electronic means of transmission, unless otherwise agreed by the Plan Proponents;

(c) If no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class;

(d) In the event there are no creditors in a given sub-Class for a particular Debtor, such sub-Class will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that sub-Class;

(e) Ballots cast by lead plaintiff(s) or class representative(s) in a class action lawsuit filed against the Debtors that has been settled, otherwise resolved prior to, or in connection with, confirmation of the Plan, or otherwise allowed for voting purposes shall be: (i) counted as a separate vote for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) counted as one vote either to accept or reject the Plan as directed by such lead plaintiff(s) or class representative(s), in each case on a collective basis, in the aggregate amount of the allowed claim pertaining to such class action lawsuit forth in the Plan or as otherwise ordered by the Court, for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code; and

(f) RMBS Trustee Ballots will be counted for voting purposes: (i) as one separate vote for each of RMBS Trust listed on such ballot for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) in the amount that is deemed allowed pursuant to paragraph 12 hereof for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code.

46.    Notwithstanding subsection (c) of paragraph 45 above, whether the "deemed acceptance" of votes contemplated therein may be used to satisfy section 1129(a)(10) of the Bankruptcy Code is preserved for confirmation.

47.    The following additional Tabulation Procedures with respect to tabulating Master Ballots are **APPROVED**:

(g) Votes cast by holders of Notes Claims through Voting Nominees will be applied to the applicable positions held by such Voting Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Voting submitted by a Voting Nominee shall not be counted in excess of the amount of Notes Claims held by such Voting Nominee as of the Record Date;

(h) If conflicting votes or "over-votes" are submitted by a Voting Nominee, the Plan Proponents shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(i) If over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Voting Record Date position in the Junior Senior Notes and/or Senior Unsecured Notes.

(j) For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its Notes Claims; any principal amounts thus voted will be thereafter adjusted by the KCC, on a proportionate basis with a view to the amount of Junior Secured Notes and/or Senior Unsecured Notes actually voted, to reflect the corresponding claim amount, including, in the case of the Junior Secured Notes, any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(k) A single Voting Nominee may complete and deliver to KCC multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted, except to the extent that they are duplicative of another Master Ballot.  If two or more Master Ballots are inconsistent, the latest dated validly executed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede, and revoke any prior Master Ballot.

48.    The Plan Proponents may, either before or after the Voting Deadline, (i) extend the Voting Deadline and (ii) waive any defects or irregularities as to any particular Ballot at any time; *provided, however*, that (a) any such extension or waiver shall be documented in the Voting Certification, and (b) neither the Plan Proponents, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

49.      Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by KCC and the Plan Proponents, which determination shall be final and binding.

**B.      Withdrawal of Vote**

50.      Any creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw such Ballot, subject to any rights of the Plan Proponents to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to KCC, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification by KCC.  A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented in such claims(s), (b) be executed by the withdrawing creditor, (c) contain a certification that the withdrawing creditor owns the claim(s) and possesses the right to withdraw the Ballot, and (d) be received by KCC prior to the Voting Deadline.  The Plan Proponents expressly reserve the right to contest the validity of any withdrawals of votes on the Plan

**C.      Changing of Votes**

51.      Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and will supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Plan Proponents to object to the validity or allowance for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by KCC for all purposes; *provided,*

*however*, that as to any instance in which a vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by KCC shall indicate the changing of the particular vote.

### D. No Division of Claims or Votes

52. Except as set forth below and as it may relate to the procedures applicable to Master Ballots or as set forth in paragraphs 66-68 of the Motion and as set forth herein with respect to the Voting RMBS Trustees, each claimant who votes must vote the full amount of each claim in any one class either to accept or reject the Plan and may not split its vote within such class, and, therefore: (a) separate claims held by a single creditor in any one class will be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim against the Debtors in such class, (ii) such creditor will receive a single Ballot with respect to all of its claims in such class; and (iii) the votes related to such claims will be treated as a single vote to accept or reject the Plan. Notwithstanding anything to the contrary herein, separate ballots will be provided, and the votes of creditors will not be aggregated, in the event that separate Ballots are requested by a creditor in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 47 of the Motion for filing any such motion and such motion is approved by the Court prior to the Voting Deadline.

53. KCC is authorized (but not required) to contact parties that submit incomplete or otherwise deficient Ballots in order to cure such deficiencies and allow the Plan Proponents to waive such deficiencies in their discretion and without further order of the Court.

### E. Certification of Votes

54. KCC will process and tabulate Ballots and Master Ballots for each Class entitled to vote to accept or reject the Plan and, prior to the Confirmation Hearing, will file the voting certification (the "Voting Certification") no later than (7) seven days prior to the

Confirmation Hearing as required by Local Rule 3018-1 (the "Voting Certification Deadline")
(on or about November 5, 2013 at 8:00 p.m.).

55.     Such Voting Certification shall list, inter alia, all instances in which
(a) Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the
Voting Deadline was extended, and (d) every irregular Ballot and Master Ballot including,
without limitation, those Ballots and Master Ballots that are late or (in whole or in material part)
illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via
facsimile, e-mail, or any other means.  With regard to section (d) of this paragraph, the Voting
Certification shall indicate the Plan Proponents' intentions with regard to such irregular Ballots
and Master Ballots.

56.     The Voting Certification shall be served on (a) all Notice Parties, (b) all
parties entitled to notice pursuant to Case Management Procedures Order; (c) all known holders
of claims listed on the Schedules (as amended or supplemented from time to time) at the
addresses stated therein; (d) all parties who filed proofs of claim against any of the Debtors'
estates that have not been expunged and disallowed by final order; and (e) all parties who have
requested notice pursuant to Bankruptcy Rule 2002.

## VII.    Approval of the Confirmation Procedures

### A.    Confirmation Hearing Notice

57.     The Confirmation Hearing Notice substantially in the form annexed hereto
as Exhibit F is **APPROVED**.

58.     The Plan Proponents shall mail a copy of the Confirmation Hearing Notice
(to the extent not already provided in the distributions above) to: (a) the United States Trustee;
(b) counsel to the Creditors' Committee; (c) all persons or entities that have requested notice of
the proceedings in the Chapter 11 cases; (d) all persons or entities that have filed claims as of the

date hereof; (e) all known creditors or known holders of prepetition claims as of the date of this

Order, including all persons or entities listed in the Schedules at the addresses stated therein; (f)

all counterparties to the Debtors' executory contracts and unexpired leases listed on the

Schedules at the addresses stated therein; (g) all parties to litigation with the Debtors; (h) all

parties to litigation with Ally relating to the Debtors' businesses, regardless of whether such

parties are entitled to vote on the Plan; (i) all known members of potential class action lawsuits;

(j) the Internal Revenue Service, the Securities and Exchange Commission, the United States

Attorney for the Southern District of New York and any other required governmental units;

(k) the parties listed on the Special Service List and the General Service List (each as defined in

the Case Management Procedures Order); (l) known potential creditors with claims unknown by

the Debtors; (m) all holders of Claims and Equity Interests regardless of whether such holders

are entitled to vote on the Plan; (n) individual borrowers whose loans were serviced by the

Debtors as of September 20, 2012; and (o) such additional persons and entities as deemed

appropriate by the Plan Proponents.

59.     The Plan Proponents shall serve the Confirmation Hearing Notice upon

individual borrowers whose loans were serviced by the Debtors as of September 20, 2012 on or

about September 6, 2013.

60.     The Plan Proponents shall publish the Confirmation Hearing Notice in

each of the national editions of *The Wall Street Journal* and *USA Today* within seven (7)

business days after entry of the Disclosure Statement Approval Order (on or about August 29,

2013).

**B.      Objections to Confirmation of the Plan**

61.     Objections and responses, if any, to confirmation of the Plan, must (a) be

in writing, (b) conform to the Bankruptcy Rules, the Local Rules and the Case Management

Procedures Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objection party/(ies) against the Debtors, (e) state with particularity the legal and factual bases relied upon for the objection or response, (f) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures Order; and (g) be served General Order M-399 (which can be found at www.nysb.uscourts.gov) upon the Notice Parties on or prior to the Plan Objection Deadline.

62.     Any objections or responses must also be served upon and received by the Notice Parties no later than the Plan Objection Deadline

63.     Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and are denied and overruled unless otherwise ordered by the Court.

64.     The Plan Proponents may file and serve (i) as appropriate, replies or an omnibus reply to objections or responses that may be served and filed, and (ii) a memorandum in support of confirmation of the Plan, on or before **November 12, 2013**.

65.     Subject to the terms of the Plan Support Agreement, the Plan Proponents may make non-substantive changes to the Solicitation Package (including the Plan, Disclosure Statement, Ballots and Master Ballots), the Confirmation Hearing Notice, the Notices of Non-Voting Status, the Plan Supplement Notice, the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other

materials in the Solicitation Package, the Confirmation Hearing Notice, the Notices of Non-Voting Status, and/or the Plan Supplement Notice, prior to distribution of such materials.

66.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation as amended by that certain amendment dated July 26, 2013, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

67.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated:  August 23, 2013
        New York, New York

                                    _____/s/ Martin Glenn_____
                                          Martin Glenn
                                  United States Bankruptcy Judge