**Hearing Date: September 24, 2013 at 10:00 a.m.**
**Objection Deadline: September 3, 2013 at 4:00 p.m.**

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

**EXAMINER'S MOTION FOR ENTRY OF ORDER GRANTING DISCHARGE FROM DUTIES, IMMUNITY FROM DISCOVERY, APPROVAL OF DISPOSITION OF INVESTIGATIVE MATERIALS, AND EXCULPATION IN CONNECTION WITH DUTIES**

Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), hereby respectfully moves, pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)-(4), 1106(b), 1109(b) (the "Motion"), and the Court's Order Directing the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order"), for an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"): (1) discharging the Examiner; (2) granting the Examiner and his Professionals (as defined below) immunity from all discovery related to the Examiner Investigation (as defined below), the Examiner Report (as defined below), and the Chapter 11 Cases; (3) authorizing the disposition of certain materials related to the Examiner Investigation and the Examiner Report; and (4) exculpating the Examiner and his Professionals from all liability in connection with the Chapter 11 Cases, including as relating to the Examiner Investigation and the Examiner Report. In support thereof, the Examiner respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Examiner Order mandated that the Examiner conduct an investigation (the "Examiner Investigation"), covering the topics set forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner, dated July 27, 2012 (the "Scope Order"), and issue a written report reflecting the Examiner's findings (the "Examiner Report"). The scope of the Examiner Investigation was exceptionally broad. As part of the Examiner Investigation, which identified and evaluated myriad causes of action implicating a variety of transactions, the Examiner's professionals gathered and analyzed almost nine million pages of documents produced by 23 parties and conducted (and had transcribed) 99 formal interviews of 83 witnesses. In addition, the Examiner and his Professionals met dozens of times with various parties in interest, and solicited and reviewed multiple written submissions from numerous parties with respect to potential claims. The ten-month Examiner Investigation culminated on

May 13, 2013 in the filing of the 2,200-page Examiner Report, which was initially sealed pursuant to Court order and subsequently unsealed by the Court.

2. With the Examiner Investigation and the Examiner Report now completed, the work of the Examiner is done, and the Examiner believes that he should therefore be discharged from his duties. Further, the Examiner believes that the voluminous work product and investigative materials generated by the Examiner and his Professionals during the course of conducting the Examiner Investigation and preparing the Examiner Report should be protected from disclosure, and the Examiner and his Professionals should be immunized from all formal and informal discovery. The Examiner also proposes that custody of the document depository created in connection with the Examiner Investigation, and as to which interested parties have been granted access, be transferred to a specific interested party of the Court's designation (most logically an estate fiduciary such as the Debtors or the Creditors' Committee). The Examiner further proposes that he and his Professionals preserve, from among the materials generated or obtained by them in connection with the Examiner Investigation, for a circumscribed period only the witness interview transcripts and recordings. Finally, in order to prevent wasteful collateral litigation, the Examiner requests that he and his Professionals be exculpated from all liability in connection with the Chapter 11 Cases, the Examiner Investigation and the Examiner Report.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 105(a), 1106 and 1109(b) of Title 11, United States Code, as amended (the "Bankruptcy Code").

## BACKGROUND

4. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases.

5. On June 4, 2012, Berkshire Hathaway, Inc. filed a motion for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "Examiner Motion"). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision"). On June 28, 2012, the Court entered the Examiner Order.

6. On July 3, 2012, the United States Trustee for the Southern District of New York appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

7. On July 17, 2012, the Examiner filed the Application of the Examiner for Order Authorizing the Examiner to Employ and Retain Chadbourne & Parke LLP ("Chadbourne") as Counsel to the Examiner *Nunc Pro Tunc* to July 11, 2012, which was approved on August 9, 2012. On August 13, 2012, the Examiner filed the Application of the Examiner for Order Authorizing the Retention and Employment of Mesirow Financial Consulting, LLC ("Mesirow") as Financial Advisor to the Examiner *Nunc Pro Tunc* to July 24, 2012, which was approved on August 29, 2012 (Chadbourne and Mesirow, along with Wolf Haldenstein Adler Freeman & Herz LLP (conflicts counsel) and Leonard, Street and Deinard Professional Association (Minnesota counsel), collectively, the "Professionals").

8. Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner was directed to conduct the Examiner Investigation, which encompassed, among other things, the issues set forth in the Scope Order.

9. On August 20, 2012, the Court entered an Order (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to those Subpoenas, (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order, authorizing the Examiner, among other things, to establish and maintain a centralized document depository (the "Document Depository"), subject to protocols and procedures set forth in the Order. Virtually all the documents produced to the Examiner during the course of the Examiner Investigation were placed into the Document Depository, to which authorized interested parties had unfettered access.

10. In connection with the Examiner Investigation, the Examiner and his Professionals reviewed millions of pages of documents produced by numerous parties, conducted nearly 100 days of witness interviews, met regularly with representatives of interested parties, and reviewed multiple rounds of party submissions relating to potential estate and third-party claims. As part of the investigative process, the Examiner and his Professionals created documents protected by the attorney-client privilege, attorney work product doctrine, and/or other applicable protections and immunities. Such materials include factual, legal and financial analyses, interview transcripts and notes, internal correspondence, and drafts of the Examiner Report.

11. At the request of the Court-appointed mediator, the Honorable James M. Peck, with the consent of the parties to the mediation and authorization of the Court, the Examiner postponed the filing of the Examiner Report from May 10, 2013 to May 13, 2013. The Examiner Report was initially filed under seal, pursuant to Court order, on May 13, 2013. The Examiner Report was subsequently unsealed and made publicly available on June 26, 2013.

## RELIEF REQUESTED

12. By this Motion, the Examiner requests entry of the Proposed Order attached as Exhibit A. The Proposed Order would (i) discharge the Examiner from all further duties related to the Chapter 11 Cases, the Examiner Investigation, and the Examiner Report (except to the limited extent otherwise discussed herein); (ii) grant the Examiner and his Professionals relief and immunity from all discovery or process in any legal proceeding, thereby precluding any party, including all interested parties in these Chapter 11 Cases, from issuing or serving upon the Examiner or his Professionals any trial or hearing subpoenas, or any formal or informal discovery request, relating to (among other things) the Examiner Investigation, the Examiner Report or any documents obtained or created by the Examiner or his Professionals, including, but not limited to, any request for production of documents, requests for admissions, interrogatories, subpoenas duces tecum, deposition subpoenas, requests for testimony, or any other discovery of any kind related to the Chapter 11 Cases, the Examiner Investigation, and the Examiner Report; (iii) authorize the Examiner and his Professionals to transfer custody and control of the Document Depository to an interested party of the Court's designation; (iv) require the Examiner and his Professionals to preserve only witness interview transcripts and recordings for two years (or until further ordered by the Court); and (v) exculpate the Examiner and his Professionals from all actual or potential liability in connection with the Chapter 11 Cases, including as relating to the Examiner Investigation and the Examiner Report.

## BASIS FOR RELIEF

### Discharge From Duties

13. The Examiner has successfully completed all his duties pursuant to the Scope Order. The Examiner Report is fully available to all interested parties and to the public

generally. Having completed his duties mandated by the Scope Order, the Examiner should now be discharged from any obligations, duties, commitments and responsibilities with respect to his duties as Examiner or with respect to the Document Depository as of the date of entry of the order granting this Motion (except to the limited extent necessary to fulfill any continuing obligations as described herein).

**Immunity From Discovery**

14. The Examiner or his Professionals may receive requests from third parties for all or portions of documents or other materials that were obtained or created by the Examiner or his Professionals during the course of the Examiner Investigation and were not placed in the Document Depository. It is also possible that third parties may seek testimony from the Examiner or his Professionals. The Examiner respectfully requests that the Court prohibit and enjoin any and all such discovery.

15. Courts have recognized that "[t]he Examiner performs his duties at the request of the court, for the benefit of the debtor, its creditors and shareholders, and not to 'fuel the litigation fires of third-party litigants.'" In re New Century TRS Holdings, Inc., 407 B.R. 558, 566 (Bankr. D. Del. 2009) (quoting In re Baldwin United Corp., 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985)). The Examiner is therefore a fiduciary to the Court and 'amenable to no other person or interested party.' In re Hamiel & Sons, Inc., 20 B.R. 830, 832 (Bankr. S.D. Ohio 1982); Vietnam Veterans Found. v. Erdman, No. 84-0940, 1987 WL 9033 at *2 (D.D.C. Mar. 19, 1987). Requiring production of confidential and/or privileged materials obtained or created during conduct of the Examiner Investigation or preparation of the Examiner Report would allow parties to exploit the Examiner's fiduciary status, raising "grave concerns touching both the

integrity of the Bankruptcy Court's processes, as well as the integrity of the statutory position of the Examiner." Baldwin United, 46 B.R. at 316.

16. Accordingly, courts have prohibited third-party discovery of examiners' records absent extraordinary circumstances. See In re Apex Oil Co., 101 B.R. 92, 104 (Bankr. E.D. Mo. 1989); see also New Century TRS Holdings, 407 B.R. at 567 (an examiner's materials should be protected absent extraordinary circumstances); In re FiberMark, Inc., 330 B.R. 480, 505 (Bankr. D. Vt. 2005) (although a presumption of public access applies to the report, underlying documents relied on by examiner that have not been filed remain confidential); Air Line Pilots Ass 'n, Intl v. Am. Nat'l Bank & Trust Co. of Chi. (In re Ionosphere Clubs, Inc.), 156 B.R. 414, 435 (S.D.N.Y. 1993) (upholding denial of request for access to records supporting examiner report; "public interest is in the Report and the Examiner's conclusions, not in the Record upon [which] the conclusions are based"). "A contrary rule would allow the parties to use a bankruptcy examiner as a discovery short-cut and would only invite further demands on such officers, potentially leading to substantial encroachment on judicial integrity and efficiency." Vietnam Veterans Found., No. 84-0940, 1987 WL 9033 at *2.

17. The relief sought by the Examiner and his Professionals is consistent with the relief granted to other examiners and professionals in this and other Districts, *i.e.*, immunity from potential encroachments on the integrity of examiner investigations through orders precluding parties from pursuing discovery of any kind, absent specific extraordinary

circumstances.[2] Accordingly, the Examiner respectfully requests that the Court grant immunity from discovery, as the same considerations apply here as in prior examiner investigations.

**Disposition of Investigative Materials**

18. If the Court grants the relief requested, in whole or in part, the Examiner respectfully requests that he be authorized to transfer custody and control of the Document Depository to an interested party of the Court's designation for use in any future proceedings (or otherwise), and that the Examiner and his Professionals not be responsible for any ongoing duties or costs associated with such maintenance of the Document Depository. The Examiner's Professionals have conferred with counsel for the Creditors' Committee and for the Debtors, and neither party has volunteered to assume immediate custody and control of the Document Depository upon discharge of the Examiner and his Professionals.[3] We therefore request that the Court designate an interested party to whom custody and control of the Document Depository

---

[2] See Order Discharging Examiner and Granting Related Relief, in In re Dynergy Holdings, LLC, et al. (Case No. 11-38111) (Bankr. S.D.N.Y. Sept. 11, 2012) (attached hereto as Exhibit B); Order Discharging Examiner and Granting Related Relief, in In re Lehman Brothers Holdings, Inc., et al. (Case No. 08-13555) (Bankr. S.D.N.Y. July 13, 2010) (attached hereto as Exhibit C); Order Discharging Examiner and Establishing Related Procedures, in In re Refco Inc., et al. (Case No. 05-6006) (Bankr. S.D.N.Y. Aug. 16, 2007) (attached hereto as Exhibit D); Order Granting Motion of Neal Batson, the Enron Corp Examiner, with Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination, in In re Enron Corp., et al. (Case No. 01-16034) (Bankr. S.D.N.Y. Feb. 19, 2004) (attached hereto as Exhibit E); Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order Granting Relief from Third-Party Discovery, in In re Tribune Company, et al. (Case No. 08-13141) (Bankr. D. Del. Aug. 26, 2010) (attached hereto as Exhibit F); Order Discharging Michael J. Missal as Examiner and Granting Related Relief, in In re New Century TRS Holdings Inc. (Case No. 07-10416) (Bankr. D. Del. May 1, 2009) (attached hereto as Exhibit G).

[3] Debtors' counsel offered to assume custody of the Document Depository but only following the conclusion of the plan confirmation hearing. Such an arrangement would be incompatible with the Examiner's request to be discharged from his duties and to be freed from ongoing responsibilities related to the bankruptcy proceedings.

can be transferred upon discharge, and order that such designated interested party be responsible thereafter for maintaining and administering the Document Depository as needed.

19. Further, the Examiner respectfully requests that he and his Professionals be required to preserve, from among the materials generated or obtained by them in connection with the Examiner Investigation, only the witness interview transcripts and recordings. Such witness interview transcripts and recordings would be preserved by the Examiner and his Professionals for two years from the date of entry of the order granting this Motion or until such other time as the Court may direct.

**Exculpation of the Examiner and His Professionals**

20. The Examiner respectfully requests that he and his Professionals be exculpated from all possible liability in connection with the exercise of the Examiner's duties in the Chapter 11 Cases, including any liability with respect to any act, omission, statement, representation, finding or conclusion arising out of, relating to, or involving the Examiner Investigation, the Examiner Report, or any other pleading or submission filed by the Examiner or his Professionals in connection with the Chapter 11 Cases, or the maintenance or administration of the Document Depository.

21. A bankruptcy examiner is "considered a quasi-judicial officer similar to a trustee, receiver, referee, conservator, special master, magistrate or prosecutor – and thus is protected by absolute immunity." Kovalesky v. Carpenter, No. 95 CIV. 3700 (SAS), 1997 WL 630144, at *4 (S.D.N.Y. Oct. 9. 1997); see also In re Baldwin United Corp., 46 B.R. at 317 (bankruptcy examiner "is entitled to some immunity from the whirlwind of litigation commonly attendant to large Chapter 11 cases").

22. Exculpation of examiners and their professionals helps eliminate wasteful collateral litigation regarding the conduct of examiner investigations and issuance of findings, and facilitates the willingness of suitable persons to serve in such key roles as court fiduciaries. The Examiner respectfully requests that the Court grant exculpation, as the requested relief is consistent with relief granted to other examiners in this and other Districts.[4]

## NOTICE

23. Notice of this Motion has been provided in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2013 [Docket No. 141], and notice has been given to (i) the Office of the U.S. Trustee, (ii) the Debtors, (iii) the Creditors Committee, and (iv) other parties entitled to such notice.

## NO PRIOR REQUEST

24. No prior application for the relief requested herein has been made by the Examiner to this or any other court.

---

[4] See Order Discharging Examiner and Granting Related Relief, in In re Dynergy Holdings, LLC, et al. (Case No. 11-38111) (Bankr. S.D.N.Y. Sept. 11, 2012); Order Discharging Examiner and Granting Related Relief, in In re Lehman Brothers Holdings, Inc., et al. (Case No. 08-13555) (Bankr. S.D.N.Y. July 13, 2010); Order Approving Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq., for Order Granting Relief from Third-Party Discovery, in In re Tribune Company, et al. (Case No. 08-13141) (Bankr. D. Del. Aug. 26, 2010); Order Discharging Michael J. Missal as Examiner and Granting Related Relief, in In re New Century TRS Holdings Inc. (Case No. 07-10416) (Bankr. D. Del. May 1, 2009); Order Discharging Examiner and Establishing Related Procedures, in In re Refco Inc., et al. (Case No. 05-6006) (Bankr. S.D.N.Y. Aug. 16, 2007); Order Granting Motion of Neal Batson, the Enron Corp Examiner, with Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination, in In re Enron Corp., et al. (Case No. 01-16034) (Bankr. S.D.N.Y. Feb. 19, 2004).

WHEREFORE, the Examiner respectfully requests that this Court grant the Motion and enter an order, substantially in the form attached hereto as Exhibit A, (i) discharging the Examiner from all further duties (except as otherwise discussed herein); (ii) immunizing the Examiner and his Professionals from all discovery or process in any legal proceeding; (iii) authorizing the Examiner and his Professionals to transfer custody, control and maintenance of the Document Depository to an interested party of the Court's designation; (iv) requiring the Examiner and his Professionals to preserve only witness interview transcripts and recordings for two years (or until further ordered by the Court); and (v) exculpating the Examiner and his Professionals from all liability in connection with the Chapter 11 Cases, Examiner Investigation and Examiner Report.

Dated: New York, New York
August 23, 2013

**CHADBOURNE & PARKE LLP**

By: */s/ Howard Seife*
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*