**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
::
**In re:** : Chapter 11
: Case No. 11-38111 (CGM)
**DYNEGY HOLDINGS, LLC, et al.,**[1] : (Jointly Administered)
:
:
**Debtors.** :
-----------------------------------------------------------------x

### ORDER DISCHARGING EXAMINER AND GRANTING RELATED RELIEF

Upon consideration of the Motion Pursuant to 11 U.S.C. §§ 105(a), 1104(c) And 1106 For Order Discharging Examiner And Granting Related Relief (the "Motion"),[2] and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted.

2. Effective as of the date of this Order, the appointment of Susheel Kirpalani shall be terminated. The Examiner and his Professionals are discharged from any further obligations, duties, or responsibilities under the Examiner Approval Order, pursuant to other directions of the Court, or otherwise in these cases, except as specifically provided for in this Order. The discharge of the Examiner and his Professionals is without prejudice to the entry of an order, in

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are Dynegy Holdings, LLC (8415); Dynegy Northeast Generation, Inc. (6760); Hudson Power, L.L.C. (NONE); Dynegy Danskammer, L.L.C. (9301); and Dynegy Roseton, L.L.C. (9299). The location of the Debtors' corporate headquarters and the service address for Dynegy Holdings, LLC, Dynegy Northeast Generation, Inc. and Hudson Power, L.L.C. is 1000 Louisiana Street, Suite 5800, Houston, Texas 77002. The location of the service address for Dynegy Roseton, L.L.C. is 992 River Road, Newburgh, New York 12550. The location of the service address for Dynegy Danskammer, L.L.C. is 994 River Road, Newburgh, New York 12550.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

the future, reengaging the Examiner and his Professionals to provide such services as the Court deems necessary and appropriate.

3. Except as set forth in paragraph 4 below, the Examiner and his Professionals are relieved from any duty to respond, object or move for a protective order in response to any formal or informal discovery process upon the Examiner or his Professionals, including, without limitation, subpoenas, subpoenas duces tecum, requests for the production of documents, requests for admissions, interrogatories, requests for testimony (through subpoena, notice of deposition, request for Bankruptcy Rule 2004 Examination, or otherwise), letters rogatory, or any other discovery of any kind whatsoever, (a) in any way related to the Debtors, their non-debtor affiliates, the Bankruptcy Cases, the Investigation, the Report, the Mediation, or the Plan, and (b) with respect to any knowledge, information, documents, or materials in the possession, custody, or control of the Examiner or his Professionals (in their capacities as such), including, without limitation, the Investigative Materials or the Examiner's Privileged Materials.

4. The only two exceptions to the prohibition against serving discovery on the Examiner and his Professionals shall be: (a) documents, materials or information that the requesting party has demonstrated to this Court, upon notice to and an opportunity to object by the Examiner or his Professionals, cannot be reasonably obtained from any other source and that can be provided by the Examiner and the Professionals in a manner that is consistent with the Examiner Approval Order, the Rule 2004 Order, and the Protective Orders; and (b) production required in response to an order of a federal district court presiding over a criminal proceeding in which a party in interest is a defendant, which finds that the Examiner or his Professionals are obligated to produce documents or other materials to said defendants under the principals of Brady v. Maryland, 373 U.S. 83 (1963) as embodied in subsequent case law and the Federal

2

Rules of Criminal Procedure; provided that the discovery requests do not seek the production of documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection, including the Examiner's Privileged Materials; and provided further that the Examiner and his Professionals shall retain any and all rights, claims, and defenses to oppose any such requests for discovery pursuant to these exceptions; and provided further that the Examiner and his Professionals shall be entitled to reimbursement of any fees and expenses incurred (including professional fees and expenses) in objecting to, opposing, or otherwise responding to any such discovery request, with such fees and expenses to be submitted and paid in accordance with the provisions of this Order.

5. The Examiner and his Professionals shall maintain the Investigative Materials for six (6) months from the entry of this Order. Thereafter, absent the entry of an Order extending that 6-month period prior to its expiration, the Examiner shall be entitled to destroy the Investigative Materials; provided that the Examiner will return copies of documents produced to the Examiner on behalf of Dynegy Inc. and Dynegy Holdings LLC to counsel for those entities. The continued maintenance (or destruction) of the Examiner's Privileged Materials shall be at the Examiner's sole discretion.

6. None of the Examiner, or the Professionals, or any of their respective officers, directors, managers, equity holders, employees, agents, representatives, advisors, attorneys or successors and assigns shall have or incur any liability with respect to (a) any act or omission, (b) any statement or representation, or (c) any report, pleading, or other writing arising out of, relating to, in connection with, or involving in any way the Investigation, the Report, the Mediation, the Bankruptcy Cases, or the Plan. Nothing contained in this paragraph, however,

12-12020-mg Doc 4812-2 Filed 08/23/13 Entered 08/23/13 13:06:25 Exhibit R

shall be construed to limit the liability of the Examiner or his Professionals for any acts of willful misconduct or gross negligence as finally determined by a court of competent jurisdiction.

7. The Examiner and his Professionals shall be entitled to reimbursement of any reasonable fees and expenses incurred (including professional fees and expenses) in connection with any cooperation, assistance, or other services they provide pursuant to this Order including but not limited to (a) hosting for six months and disposing of the Investigative Materials; (b) responding to any formal or informal discovery requests to the extent those requests are served on the Examiner or the Professionals, notwithstanding the prohibitions established by the Court regarding that discovery; (c) the preparation and prosecution of interim and final fee applications; and (d) such other actions undertaken by the Examiner or his Professionals at the request or direction of the Court.

8. From and after the filing of the final fee application, the Examiner and his Professionals may submit invoices (if any) directly to the Debtors. Such invoices shall be reasonably detailed, shall indicate the nature of the services rendered and shall be calculated in accordance with the billing practices employed by the Examiner and his Professionals in this case. The Debtors shall be authorized to pay such invoices without further order of the Court. In the event that the Debtors dispute any such invoice, the Examiner and his Professionals may request, by motion, that such disputed fees or expenses be approved by this Court and shall not be required to file a fee application.

9. The final fee applications of the Examiner and the Professionals shall be filed within 45 days of entry of this order. A hearing to consider the final fee applications will be scheduled after the filing of the fee application. To the extent that the Examiner and/or any of his Professionals are unable to file their final fee applications within 45 days of entry of this

order, counsel shall contact the Court's Chambers to set a new filing deadline for any such applications.

10. In the event of a conflict between this Order and any provision of a chapter 11 plan confirmed in these cases, this Order shall control as it pertains to the rights, duties, and obligations of the Examiner and the Professionals.

11. This Court shall retain jurisdiction to resolve professional compensation issues for the Examiner or his Professionals in connection with the Bankruptcy Cases.

12. This Court shall retain jurisdiction as to all matters related to and arising from the implementation, interpretation and enforcement of this Order including, without limitation, any requested revision or modification thereof.

Dated: September 11, 2012

BY THE COURT:

/s/ Cecelia G. Morris
CHIEF UNITED STATES BANKRUPTCY JUDGE
FOR THE SOUTHERN DISTRICT OF NEW YORK
CECELIA G. MORRIS