UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
ENRON CORP., *et al.*,                    :    Case No. 01-16034 (AJG)
                                          :
                        Debtors.          :    Jointly Administered
                                          :
---------------------------------------------------------x

### ORDER GRANTING MOTION OF NEAL BATSON, THE ENRON CORP. EXAMINER, WITH RESPECT TO CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH THE TERMINATION OF THE ENRON CORP. EXAMINATION

Upon the Motion of Neal Batson, the Enron Corp. Examiner, With Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination (the "Motion"), and adequate and sufficient notice of the Motion having been provided to all parties in interest; and the Court having conducted a hearing during which interested parties were given the opportunity to be heard with respect to the Motion; and sufficient cause appearing therefore; and based on the representations of counsel for the Enron Corp. Examiner[1] as well as counsel for the Debtors, the Creditors' Committee and certain other parties at the hearing on the Motion, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.     The Motion is granted, in part, to the extent set forth in this Order;

2.     Effective as of December 31, 2003, the Enron Corp. Examiner, Neal Batson, shall be discharged from his duties as the Enron Corp. Examiner, under the terms of the Initial Examiner Order (as subsequently amended and supplemented), and any commitments or representations of Mr. Batson to the U. S. Trustee with respect to his

---

[1] The defined terms herein shall have the same meanings ascribed to them in the Motion.

duties as the Enron Corp. Examiner shall be considered terminated except as provided herein or by applicable law;

3.  Upon the Effective Date of any plan of reorganization for Enron Corp., neither the Enron Corp. Examiner nor the Enron Corp. Examiner's Professionals shall have any liability with respect to any act or omission, statement or representation arising out of, relating to, or involving in any way, the Enron Corp. Examination or any report, pleading or other writing filed by the Enron Corp. Examiner in connection with the bankruptcy cases; provided, however, that nothing contained in this decretal paragraph shall be construed to limit the liability of the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals for violation of any applicable disciplinary rule or code of professional responsibility or for any acts of willful misconduct or gross negligence or release the Enron Corp. Examiner or the Enron Corp. Examiner Professionals from compliance with any obligations arising under any confidentiality order, including the Confidentiality Order, under this Order or under any other Order entered by this Court relating to the Motion; and provided further that, in the event that estate fiduciaries and professionals receive lesser levels of exculpation in connection with a confirmed chapter 11 plan, any party in interest may, during the period up to ten (10) days following the entry of such confirmation order, seek to modify this provision, upon notice and hearing, and the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals may object thereto; and, provided, further, that nothing contained herein shall preclude the Fee Committee from filing advisory reports with respect to the fees incurred by the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals;

4. In the event of a conflict between this Order and any provisions of a plan of reorganization confirmed in these cases, this Order shall control as it pertains to the rights, duties and obligations of the Enron Corp. Examiner and the Enron Corp. Examiner Professionals; and

5. Except as specifically set forth therein, the balance of the relief requested in the Motion shall be reserved pending further order of this Court.

DATED: New York, New York
December 17, 2003

**s/Arthur J. Gonzalez**
HONORABLE ARTHUR J. GONZALEZ
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
ENRON CORP., et al.,                                :    Case No. 01-16034 (AJG)
                                                    :
                             Debtors.               :    Jointly Administered
                                                    :
---------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING MOTION OF NEAL BATSON, THE ENRON CORP. EXAMINER, WITH RESPECT TO CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH THE TERMINATION OF THE ENRON CORP. EXAMINATION

Upon the Motion of Neal Batson, the Enron Corp. Examiner, With Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination (the "Motion"), and adequate and sufficient notice of the Motion having been provided to all parties in interest; and the Court having conducted a hearing during which interested parties were given the opportunity to be heard with respect to the Motion; and sufficient cause appearing therefore; and based on the representations of counsel for the Enron Corp. Examiner[1] as well as counsel for the Debtors, the Creditors' Committee and certain other parties at the hearing on the Motion, and the Court having granted, in part, the requested relief by Order dated December 17, 2003 [Docket No. 14908]; and the Court having considered: (i) the "Report of Neal Batson, Court-Appointed Examiner, In Connection With the Examination of National Energy Production Corporation Pursuant to Court Order dated December 6, 2002" (the "NEPCO Report") [Docket No. 10105], filed by the Enron Corp. Examiner pursuant to the Court's "Order Approving the Supplemental Recommendation of Neal Batson, the Court-

---

[1] The defined terms herein shall have the same meanings ascribed to them in the Motion.

Appointed Examiner, With Respect to Scope and Time Frame of the Examination Pursuant to the Court's Order Dated October 7, 2002" dated December 6, 2002 [Docket No. 8235] and (ii) certain recommendations filed with respect to the NEPCO Report, including: (a) the "Recommendation of Banca Nazionale del Lavoro S.p.A., Pursuant to Court Order, Dated December 6, 2002, with Respect to Scope and Timing of Second Phase of Examination with Respect to NEPCO," dated April 28, 2003 [Docket No. 10468]; (b) the "Submission of TECO Power Services, Inc. With Respect to Further Examination of National Energy Production Corporation Pursuant to Court Order, Dated December 6, 2002," dated October 15, 2003 [Docket No. 13481]; (c) the "Response of Banca Nazionale del Lavoro S.p.A. to Direction from the Court Regarding Submission of Recommendations With Respect to the Examination of National Energy Production Corporation, Pursuant to Court Order Dated December 6, 2002," dated October 15, 2003 [Docket No. 13482]; (d) the "Recommendation of Official Committee of Unsecured Creditors With Respect to Any Further Examination of National Energy Production Corporation Pursuant to Court Order Dated December 6, 2002," dated October 15, 2003 [Docket No. 13485]; and (e) the "Recommendation of Enron Corp. and EPC Estate Services, Inc. f/k/a National Energy Production Corporation With Respect to Any Further Examination of National Energy Production Corporation," dated October 15, 2003 [Docket No. 13487]; it is hereby

ORDERED, that the Enron Corp. Examiner shall not conduct any further investigations into NEPCO, and it is further

ORDERED, that the Enron Corp. Examiner shall be discharged from his duties with respect to NEPCO consistent with all the terms of this Court's Order Granting

Motion Of Neal Batson, The Enron Corp. Examiner, With Respect To Certain Procedural Issues In Connection With The Termination Of The Enron Corp. Examination [Docket No. 14908], dated December 17, 2003.

DATED:  New York, New York
        December 18, 2003

                              **s/Arthur J. Gonzalez**
                              UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
In re:                                  :    Chapter 11
                                        :
ENRON CORP., *et al.*,                  :    Case No. 01-16034 (AJG)
                                        :
                    Debtors.            :    Jointly Administered
                                        :
---------------------------------------------------x

### ORDER GRANTING MOTION OF NEAL BATSON, THE ENRON CORP. EXAMINER, WITH RESPECT TO CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH THE TERMINATION OF THE ENRON CORP. EXAMINATION

Upon the Motion of Neal Batson, the Enron Corp. Examiner, With Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination (the "Motion"), and adequate and sufficient notice of the Motion having been provided to all parties in interest; and the Court having conducted hearings during which interested parties were given the opportunity to be heard with respect to the Motion; and having considered the Proposed Order submitted on behalf of the Enron Corp. Examiner; and having considered the Proposed Counter-Order submitted on behalf of the Merrill Lynch Defendants; and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.  The Motion is granted to the extent set forth in this Order;

2.  Any creditor or party in interest to these cases is hereby precluded from issuing or serving upon the Enron Corp. Examiner[1] or the Enron Corp. Examiner's Professionals any formal or informal discovery requests, including but not limited to, any

---

[1] The defined terms herein shall have the same meanings ascribed to them in the Motion.

subpoenas, requests for production of documents, requests for admissions, interrogatories, subpoenas *duces tecum*, requests for testimony, letters rogatory or any other discovery of any kind whatsoever in any way related to the Debtors, the nondebtor affiliates of the Debtors, the bankruptcy cases, or the Enron Corp. Examination with respect to any knowledge or documents (as defined by Bankruptcy Rule 7034(c)) or any other material in the possession, custody or control of the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals; provided, however:

    (i)    that in the event a party in interest affirms that it has been unable to obtain discovery of certain information from any other source, then such party in interest may request that the Court permit discovery of that information from the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals in a manner that is consistent with this Court's orders concerning the confidentiality of Rule 2004 materials. The Enron Corp. Examiner and the Enron Corp. Examiner's Professionals have the right to and may oppose any such request for discovery; and

    (ii)    that in the event a federal district court presiding over a criminal proceeding in which a party in interest is a defendant issues an order finding that the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals are obliged to produce documents or other materials to said defendant under the principles of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), as embodied in subsequent case law and the Federal Rules of Criminal Procedure,

this Order shall not preclude such production as the federal district court may require. The Enron Corp. Examiner and the Enron Corp. Examiner's Professionals have the right to and may oppose any efforts by a party in interest to to secure such an order from a federal district court;

3. Except as prohibited by any existing confidentiality order, including the Confidentiality Order, or other confidentiality agreement executed by the Enron Corp. Examiner, the Enron Corp. Examiner shall deliver to counsel for the Debtors (or their successors), one copy of each report filed by the Enron Corp. Examiner in the bankruptcy cases, all material cited in the footnotes of each report and all closing documents for the transactions analyzed by the Enron Corp. Examiner by March 1, 2004. Counsel for the Debtors shall maintain the confidentiality of the material in accordance with the Confidentiality Order. Without limiting the generality of the foregoing, any Highly Confidential Material comprised by the material shall be maintained as such notwithstanding the citation to such material or the publication of any non-highly confidential portion thereof by the Enron Corp. Examiner. Consistent with any provisions of any confidentiality order entered in the bankruptcy cases, the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals shall be authorized and are directed to retain copies of the reports filed in the bankruptcy cases, together with copies of all materials cited in the footnotes of the reports, along with the transcripts of all examinations taken with the voluntary cooperation of a witness or pursuant to Bankruptcy Rule 2004. Notwithstanding anything to the contrary contained herein, and notwithstanding any provision of any plan of reorganization that is or may be confirmed

in these cases, the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals shall not be required to produce to the Debtors (or any successor to the Debtors or any other party) any material comprising the work product of the Enron Corp. Examiner and/or the Enron Corp. Examiner's Professionals and/or any material protected by the attorney-client privilege or other applicable privileges. The Enron Corp. Examiner and the Enron Corp. Examiner's Professionals shall be entitled to reimbursement for the costs of disposition of the material under the terms of this provision, and matters related to the completion of the Enron Corp. Examination (including the prosecution of all fee applications), and all requests for payment of fees and expenses (including professional fees and any expenses) shall be submitted to the Debtors for payment consistent with the terms of the orders entered in these cases addressing the compensation of professionals and reimbursement of expenses;

4. In the event of a conflict between this Order and any provisions of a plan of reorganization confirmed in these cases, this Order shall control as it pertains to the rights, duties and obligations of the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals; and

5. Except as specifically set forth herein, the balance of the relief requested in the Motion, including the relief sought in paragraphs 24 through 27 of the Motion, shall be reserved pending further order of this Court.

DATED: New York, New York
February 19, 2004

                                       *s/ Arthur J. Gonzalez*
                                      THE HONORABLE ARTHUR J. GONZALEZ,
                                      UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re:                                          :      Chapter 11
                                                :
ENRON CORP., *et al.*,                          :      Case No. 01-16034 (AJG)
                                                :
                                     Debtors.   :      Jointly Administered
                                                :
------------------------------------------------------x

### ORDER GRANTING MOTION OF NEAL BATSON, THE ENRON CORP. EXAMINER, WITH RESPECT TO CERTAIN PROCEDURAL ISSUES IN CONNECTION WITH THE TERMINATION OF THE ENRON CORP. EXAMINATION

Upon the Motion of Neal Batson, the Enron Corp. Examiner, With Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination (the "Motion"), and adequate and sufficient notice of the Motion having been provided to all parties in interest; and the Court having conducted a hearing during which interested parties were given the opportunity to be heard with respect to the Motion; and the Court having granted the Motion to the extent set forth in that certain "Order Granting Motion of Neal Batson, the Enron Corp. Examiner, with Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination" dated December 17, 2003 [Docket No. 14908], that certain "Supplemental Order Granting the Motion of Neal Batson, the Enron Corp. Examiner, with Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination" dated December 18, 2003 [Docket No. 14927], and that certain "Order Granting Motion of Neal Batson, the Enron Corp. Examiner with Respect to Certain Procedural Issues in Connection with the Termination of the Enron Corp. Examination"

11581828

dated February 19, 2004 [Docket No. 16382]; and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is granted to the extent set forth in this Order;

2. With respect to disposition of documents and witness statements gathered by the Enron Corp. Examiner or the Enron Corp. Examiner's Professionals during the course of the examination, the Enron Corp. Examiner shall proceed as follows:

(a) With respect to documents produced to the Enron Corp. Examiner by the Debtors, the Enron Corp. Examiner shall return those documents to the Debtors and the Debtors shall preserve the documents in accordance with the terms and provisions of Section 42.12 of that certain Supplemental Modified Fifth Amended Joint Plan of the Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Court, dated July 2, 2004 (the "Plan") confirmed by Order dated and entered July 15, 2004;

(b) With respect to the documents produced to the Enron Corp. Examiner pursuant to Bankruptcy Rule 2004, the Enron Corp. Examiner is directed to return to each party that produced Bankruptcy Rule 2004 material to the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals all copies of all such materials produced by such party to the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals. Each party is hereby directed to preserve all documents returned to it until such time as this Court directs otherwise. The Enron Corp. Examiner is

further directed to enclose a copy of this Order with the documents that it returns to the producing party and to notify the producing party of its obligation to preserve those documents;

(c)     With respect to the documents produced voluntarily to the Enron Corp. Examiner by the Securities and Exchange Commission ("SEC") and the United States Senate, Permanent Subcommittee on Investigations ("PSI") that are subject to a private confidentiality agreement limiting access to the Enron Corp. Examiner, the Enron Corp. Examiner shall confer with the producing party and either return or destroy his copy set of those documents at the election of the producing party. If either party directs the Enron Corp. Examiner to destroy the documents produced to him, the Enron Corp. Examiner shall be authorized to do so; provided however, the Enron Corp. Examiner shall retain one electronic version of the documents produced to him by the SEC and PSI pending further order of this Court. With respect to all other documents provided voluntarily to the Enron Corp. Examiner that are subject to a private confidentiality agreement limiting access to the Enron Corp. Examiner, the Enron Corp. Examiner is directed to return to the producing party all copies of all such materials produced by such party to the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals. Each party is hereby directed to preserve all documents returned to it until such time as this Court directs otherwise. The Enron Corp. Examiner is further directed to enclose a copy of this Order with the documents that it returns to the producing

party and to notify the producing party of its obligation to preserve those documents;

(d) With respect to the documents produced to the Enron Corp. Examiner where an order has been entered restricting those documents to the Examiner because of litigation pending against the producing party or an order has been entered limiting access to the Enron Corp. Examiner because the producing parties are "affected by" pending litigation, the Enron Corp. Examiner is directed to return to the producing party all copies of all such materials produced by such party to the Enron Corp. Examiner and the Enron Corp. Examiner's Professionals. Each party is hereby directed to preserve all documents returned to it until such time as this Court directs otherwise. The Enron Corp. Examiner is further directed to enclose a copy of this Order with the documents that it returns to the producing party and to notify the producing party of its obligation to preserve those documents;

(e) The Enron Corp. Examiner shall not have any obligation to produce, compile or otherwise create any privilege log, or other index or indices of documents that the Enron Corp. Examiner is precluded from delivering to the Debtors and the Creditors' Committee either under the attorney-client privilege, the work-product immunity from discovery and/or any confidentiality agreement and/or any confidentiality order entered in the bankruptcy cases or in any other court relative to the

production of documents and information to the Enron Corp. Examiner by third parties; and

(f)    The Enron Corp. Examiner shall file a Notice of Intended Disposition with this Court with respect to any documents or witness statements that the Enron Corp. Examiner intends to return, disperse, or destroy. The Notice of Intended Disposition shall identify the party to whom the documents are proposed to be delivered, if any, and reasonably identify the documents. The Enron Corp. Examiner may not return, disperse or destroy any documents or witness statements until twenty (20) days after the filing of a Notice of Intended Disposition. The Enron Corp. Examiner may petition this Court for relief on notice to all parties in interest regarding the disposition of documents.

3.    In the event of a conflict between this Order and any provisions of the plan of reorganization confirmed in these cases, including, but not limited to, Section 33.3 of the Plan, the terms and provisions of this Order shall control as it pertains to the rights, duties and obligations of the Enron Corp. Examiner and the Enron Corp. Examiner's professionals.

DATED:  New York, New York
        October 5, 2004

                                s/Arthur J. Gonzalez
                                _____
                                THE HONORABLE ARTHUR J. GONZALEZ,
                                UNITED STATES BANKRUPTCY JUDGE