MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Samantha Martin
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000

Alexandra Steinberg Barrage
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1888
Telephone: (202) 887-1500

*Counsel for the Debtors and
Debtors in Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
Rachael L. Ringer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------------------

## NOTICE OF FILING OF APPROVED SOLICITATION MATERIALS IN CONNECTION WITH SOLICITATION OF THE DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN

**PLEASE TAKE NOTICE** that on August 23, 2013, the debtors and debtors in

possession in the above-captioned cases (collectively, the "**Debtors**") and the official committee

of unsecured creditors (the "**Creditors' Committee**" and together with the Debtors, the "**Plan**

**Proponents**") filed the solicitation versions of the *Disclosure Statement for the Joint Chapter 11*

*Plan Proposed by Residential Capital, LLC, <u>et al</u>. and the Official Committee of Unsecured*

*Creditors* (the "**Disclosure Statement**"), which includes the Plan Proponents' *Joint Chapter 11*

*Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* as <u>Exhibit 1</u> (the "**Plan**") [Docket No. 4811].

PLEASE TAKE FURTHER NOTICE that also on August 23, 2013, the Court entered the *Order (I) Approving Disclosure Statement, (II) Establishing Procedures For Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures For Notice of the Confirmation Hearing and For Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 4809] (the "**Disclosure Statement Order**").  The Disclosure Statement Order approves, among other things, the Disclosure Statement and the form and distribution of several ballots, notices and other materials (collectively, the "**Solicitation Materials**") relating to solicitation of the Disclosure Statement and Plan.

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that attached hereto as <u>Exhibit A</u> are final and

approved forms of the Solicitation Materials.

Dated: August 23, 2013                           Respectfully submitted,

                                                 /s/ Gary S. Lee
                                                 Gary S. Lee
                                                 Lorenzo Marinuzzi
                                                 Todd M. Goren
                                                 Jennifer L. Marines
                                                 Samantha Martin
                                                 MORRISON & FOERSTER LLP
                                                 1290 Avenue of the Americas
                                                 New York, New York 10104
                                                 Telephone: (212) 468-8000
                                                 Facsimile:  (212) 468-7900

                                                 *Counsel for the Debtors and
                                                 Debtors in Possession*

                                                 -and-

                                                 Kenneth H. Eckstein
                                                 Doughlas H. Mannal
                                                 Stephen D. Zide
                                                 Rachael L. Ringer
                                                 KRAMER LEVIN NAFTALIS &
                                                 FRANKEL LLP
                                                 1177 Avenue of the Americas
                                                 New York, New York 10036
                                                 Telephone: (212) 715-3280
                                                 Facsimile:  (212) 715-8000

                                                 *Counsel for the Official Committee of
                                                 Unsecured Creditors*

## Exhibit A

ny-1106054

# **Exhibit A-1**

Junior Secured Notes Claim (Beneficial Owner Ballot)

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------- ) | | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS [GS-3] — JUNIOR SECURED NOTES CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KCC BY OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is <u>Exhibit 1</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Class [GS-3] Junior Secured Notes Claims that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class [GS-3] Junior Secured Notes Claims.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class [GS-3] Junior Secured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A. as Junior Secured Notes Indenture Trustee.

- 2 -

Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1.  All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.  To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that were included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.  **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)  <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

- 3 -

(ii) <u>Not pre-validated Beneficial Owner Ballot</u>: If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4. If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted. Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

(i) Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

(ii) Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

(iii) any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(iv) any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v) any unsigned Beneficial Owner Ballot or Master Ballot; and/or

(vi) any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5. Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6. The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery.

7. If multiple Beneficial Owner Ballots are received from the same holder of a Class [GS-3] Junior Secured Notes Claim with respect to the same Class [GS-3] Junior Secured Notes Claim prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8. If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9. If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before <u>September 30, 2013 at 4:00 p.m.</u> (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**"). A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief. In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion.

- 4 -

10.  This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11.  If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

12.  <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877) 833-4150.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS [GS-3] JUNIOR SECURED NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.     **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class [GS-3] Junior Secured Notes Claim in the below amount:

Claim Amount: _____

ITEM 2.     **Vote.**  The holder of the Class [GS-3] Junior Secured Notes Claim that relates to this Ballot votes:

☐     **to ACCEPT the Plan.**          ☐     **to REJECT the Plan.**

<u>THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES</u>:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

ny-1097774

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ITEM 3.    **Certifications as to Class [GS-3] Junior Secured Notes Claims.** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class [GS-3] Junior Secured Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class [GS-3] Junior Secured Notes Claims for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">ONLY COMPLETE THIS SECTION IF YOU<br>HAVE VOTED OTHER CLASS [GS-3] JUNIOR SECURED NOTES CLAIMS ON A BENEFICIAL<br>OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.</div>

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class [GS-3] Junior Secured Notes Claims Voted |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

ny-1097774

ITEM 4.        **Certification.**  By signing this Ballot, the holder of the Class [GS-3] Junior Secured Notes Claims certifies that it:

        a.   is the holder of the Class [GS-3] Junior Secured Notes Claims to which this Ballot pertains;

        b.   has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

        c.   has not submitted any other Ballots relating to the Class [GS-3] Junior Secured Notes Claims that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type): _____

Nominee: _____

Social Security or Federal Tax I.D. No. (Optional): _____

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address (if any): _____

Date Completed: _____

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

ny-1097774

PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.

IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.

IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.

ny-1097774

# **Exhibit A-2**

Junior Secured Notes Claim (Master Ballot)

> NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY
> REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS
> BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS [GS-3] — JUNIOR SECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
> **FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
> **COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class [GS-3] Junior Secured Notes Claims under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class [GS-3] Junior Secured Notes Claims and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A., as indenture trustee or successor indenture trustee under the Junior Secured Notes Indenture, together with its respective successors and assigns.

return envelope addressed only to KCC.  With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class [GS-3] Junior Secured Notes Claims and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class [GS-3] Junior Secured Notes Claims and you wish to vote the Class [GS-3] Junior Secured Notes Claims for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class [GS-3] Junior Secured Notes Claims.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class [GS-3] Junior Secured Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class [GS-3] Junior Secured Notes Claims and you wish to vote any Class [GS-3] Junior Secured Notes Claims on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.    If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to

- 2 -

pre-validate Beneficial Owners Ballots, the instructions in <u>either</u> paragraph (5) <u>or</u> paragraph (6) apply (but not both).

5.  **<u>PRE-VALIDATED BENEFICIAL OWNER BALLOTS</u>**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class [GS-3] Junior Secured Notes Claims voted the amount of the Class [GS-3] Junior Secured Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must <u>immediately</u>:  (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

> (i)  the pre-validated Beneficial Owner Ballot;

> (ii)  a return envelope addressed to KCC as follows: ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

> (iii)  clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **<u>actually</u> <u>received</u>** by KCC on or before 7:00 pm (Eastern Time) on October 21, 2013 (the "Voting Deadline").

6.  **<u>NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS</u>**:  If you do <u>NOT</u> choose to pre-validate individual Beneficial Owner Ballots, you must:

> (i)  immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**<u>Return Date</u>**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **<u>actually</u> <u>received</u>** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

> (ii)  upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

>> a.  compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

>> b.  execute the Master Ballot;

>> c.  transmit such Master Ballot to KCC by the Voting Deadline; and

>> d.  retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.  If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

> (i)  Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

- 3 -

      (ii)        Master Ballots sent by facsimile, e-mail or any other electronic means;

      (iii)      any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

      (iv)      any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

      (v)        any unsigned Master Ballot;

      (vi)      any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

      (vii)     any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service. Facsimile or other electronic transmissions of this Master Ballot will not be accepted. In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.    **<u>Please be sure to properly execute your Master Ballot</u>**. You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.    No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan. The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

- 4 -

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.          **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑   is a Nominee for the Beneficial Owners of the aggregate amount of Class [GS-3] Junior Secured Note Claims listed in Item 2 below and is the registered holder of the Class [GS-3] Junior Secured Note Claims represented by any such Class [GS-3] Junior Secured Note Claims;

❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class [GS-3] Junior Secured Note Claims listed in Item 2 below; or

❑   has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class [GS-3] Junior Secured Note Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class [GS-3] Junior Secured Note Claims described in Item 2 below.

ITEM 2.          **Vote With Respect to Class [GS-3] Junior Secured Notes Claims.**

          <u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class [GS-3] Junior Secured Notes Claims.  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class [GS-3] Junior Secured Notes Claims and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

          <u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class [GS-3] Junior Secured Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

- 5 -

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class [GS-3] Junior Secured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF

- 6 -

THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;   (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED,

ny-1097776

**THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.          **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class [GS-3] Junior Secured Notes Claims Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class [GS-3] Junior Secured Notes Claims for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM  [ITEM 4] OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class [GS-3] Junior Secured Note Claims Voted | Principal Amount of Other Class [GS-3] Junior Secured Note Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

- 8 -

ny-1097776

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.    it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.    it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.    it is the registered holder of the Class R-3 Junior Secured Notes Claims being voted, or an agent therefor;

4.    it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.    it has properly disclosed:

     (i)      the number of Beneficial Owners who completed Beneficial Owner Ballots;

     (ii)      the respective amounts of the Class R-3 Junior Secured Notes Claims  by each Beneficial Owner who completed a Beneficial Owner Ballot;

     (iii)      each such Beneficial Owner's respective vote concerning the Plan;

     (iv)      each such Beneficial Owner's certification as to other Class R-3 Junior Secured Notes Claims voted; and

     (v)      the customer account or other identification number for each such Beneficial Owner;

6.    each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.    it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

ny-1097776

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| ☐    Name of Proxy Holder or Agent for Nominee: | |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Nominee) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |
| | |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the beneficial owners of the Junior Secured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER
BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT _ACTUALLY_ _RECEIVE_ THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF
THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

ny-1097776

## **Exhibit A-3**

Senior Unsecured Notes Claim (Beneficial Owner Ballot)

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------- | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

ny-1098057

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY KCC BY
<u>OCTOBER 21, 2013 AT 7:00 P.M.</u> (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE
WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH
THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO
PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE
VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE
IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT
TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST
RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY
RECEIVED** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is **Exhibit 1** to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of each voting class that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012, (b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

- 2 -

2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

       Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

<div style="border:1px solid">

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

</div>

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.    **If you hold Senior Unsecured Notes Claims on account of Senior Unsecured Notes denominated in Euros (i.e., the €750,000,000 5.125% Notes due 2012) or Great Britain Pounds (i.e., the £400,000,000 6.375% Notes due 2013 and the £400,000,000 7.875% Notes due 2014), you must convert the face amount of your euro-denominated or sterling denominated Senior Unsecured Note Claim to U.S. Dollars for purposes of calculating the claim amount in Item 1 of this Ballot in accordance with the following conversion rate,**

- 3 -

which is the rate in effect as of the commencement date of the Chapter 11 Cases: Great Britain Pounds spot rate of 1.6116 US Dollars and Euro spot rate of 1.2847 US Dollars.

4.   **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)   Pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before the Voting Deadline.

    (ii)   Not pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot directly to your Nominee in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

5.   If a Master Ballot or pre-validated Beneficial Owner Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will NOT be counted:

    (i)   Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

    (ii)   Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)   any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)   any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)   any unsigned Beneficial Owner Ballot or Master Ballot; and/or

    (vi)   any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

6.   Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

7.   The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

8.   If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

9.      If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

10.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

12.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.


PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.


**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>(877) 833-4150</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**


ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.      Claim Amount on account of dollar-denominated Senior Unsecured Notes:

$_____

b.      Claim Amount on account of euro-denominated Senior Unsecured Notes (convert to U.S dollars):

$ _____

c.      Claim Amount on account of sterling-denominated Senior Unsecured Notes (convert to U.S dollars):

$ _____


<u>**Total Claim Amount**</u> **(add a + b + c above): $_____**

- 5 -

ITEM 2.         **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐   **to ACCEPT the Plan.**                    ☐   **to REJECT the Plan.**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

**THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS**

FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

<u>THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES</u>:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ny-1098057

ITEM 3.    **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

</div>

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |
|  |  | $ |

ITEM 4.    **Certification.** By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) certifies that it:

    a.    is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

    b.    has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

    c.    has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

ny-1098057

Name of Claim Holder (Print or Type): _____

Nominee: _____

Social Security or Federal Tax I.D. No. _____
(Optional):

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of _____
Agent:

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address (if any): _____

Date Completed: _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

ny-1098057

# **Exhibit A-4**

Senior Unsecured Notes Claim (Master Ballot)

> NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------------

### MASTER BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

### CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return

---

[1] A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

        If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).

        Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

<div style="border:1px solid">

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

</div>

## VOTING INSTRUCTIONS

1.      All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.      You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.      If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

ny-1098053

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in <u>either</u> paragraph (5) <u>or</u> paragraph (6) apply (but not both).

5.      **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must <u>immediately</u>: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

> (i)      the pre-validated Beneficial Owner Ballot;

> (ii)     a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

> (iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually** **received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.      **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do <u>NOT</u> choose to pre-validate individual Beneficial Owner Ballots, you must:

> (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually** **received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

> (ii)     upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

>> a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

>> b.    execute the Master Ballot;

>> c.    transmit such Master Ballot to KCC by the Voting Deadline; and

>> d.    retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.      If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

(i)      Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)     Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)     any unsigned Master Ballot;

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)   any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.     Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.     The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.    **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.    No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

> If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
> the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
> Owners' votes transmitted hereby will not be counted.

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "<u>**Voting Record Date**</u>"), the undersigned (please check the applicable box):

❑    is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims);

❑    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.    **Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY

ny-1098053

UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT

**REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.　　**Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM  ITEM 3 OF THE BALLOTS: | | | |
| --- | --- | --- | --- | --- |
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ny-1098053

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1. it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2. it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3. it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4. it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5. it has properly disclosed:

   (i)      the number of Beneficial Owners who completed Beneficial Owner Ballots;

   (ii)     the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) by each Beneficial Owner who completed a Beneficial Owner Ballot;

   (iii)    each such Beneficial Owner's respective vote concerning the Plan;

   (iv)     each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

   (v)      the customer account or other identification number for each such Beneficial Owner;

6. each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7. it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

ny-1098053

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| ☐     Name of Proxy Holder or Nominee: | _____ |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS
MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT ACTUALLY RECEIVE THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

- 10 -

ny-1098053

# **Exhibit A-5**

General Ballot A

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT**
**CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.**
**AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] — [DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE <u>OCTOBER 21, 2013 AT 7:00 P.M.</u> (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR OVERNIGHT COURIER</u>. BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.**

---

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of a [*Insert Debtor-Class and Designation Information*] under the Plan. If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class. Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

ny-1097771

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED
THAT YOU HOLD A [*Insert Debtor-Class and Designation Information*] AS FOLLOWS:**

DEBTOR:_____

AMOUNT:_____

        **Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement—including the defined terms therein—carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS
FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES
WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR
REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND
INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY
SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD
PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION
PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION
CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS
CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS
CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS,
YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE
YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

        If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

        **If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**
The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

- 2 -

**ITEM 1.**        **Claim Amount for Voting Purposes.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount: _____

**ITEM 2.**        **Vote.**  The holder of the [*Insert Debtor-Class and Designation Information*] identified in Item 1 votes:

☐        **to ACCEPT the Plan.**                    ☐        **to REJECT the Plan.**

**ITEM 3.**        <u>**Optional Election to be Treated as a [*Insert Debtor-Class and Designation Information*] Convenience Class**</u>.

By checking the box below, regardless of the amount of your [*Insert Debtor-Class and Designation Information*], you elect to have your Claim treated as a [*Insert Debtor-Class and Designation Information*].  Holders of Allowed General Unsecured Convenience Claims in Class [*Insert-Debtor Class*] shall receive a distribution in Cash equal to 9% of such holder's Allowed Claim.

> ☐
> **The undersigned elects to have its Claim treated as a [*Insert Debtor-Class and Designation Information*] and acknowledges that any holder of an Allowed Claim will receive a distribution in Cash equal to 9% of such holder's Allowed Claim**

<u>THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES</u>:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE**

HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION

- 4 -

**ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

**ITEM 4.**          **Certification.**

By signing this Ballot, the holder certifies that it:

> a.   is the holder of the Claim in Item 1 to which this Ballot pertains;

> b.   has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

> c.   has the full power to vote to accept or reject the Plan; and

> d.   has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):          _____

Social Security or Federal Tax I.D. No.          _____
(Optional):

Signature:          _____

Name of Signatory:          _____

If Authorized Agent of Claimant, Title of Agent:          _____

Street Address:          _____

City, State, and Zip Code:          _____

Telephone Number:          _____

Email Address (if any):          _____

Date Completed:          _____

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.** <u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.</u>

<u>KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.</u>

ny-1097771

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.    The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit 1** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.    In order for your vote to count, you must:

      (i)    Complete and certify the amount of your Claim in Item 1;

      (ii)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

      (iii)    Review Item 3, the Plan provisions relating to the ability to elect to be treated as a General Unsecured Convenience Claim, and follow the instructions therein;

      (iv)    Review and sign the certifications in Item 4;

      (v)    Return your original Ballot in order for your vote to count;

      (vi)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

      (vii)    Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline**:
ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.**

6.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

ny-1097771

7.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.  If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

9.  This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.  If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11.  The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.  If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.


**PLEASE MAIL YOUR BALLOT PROMPTLY!**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

# **Exhibit A-6**

RMBS Trustee Ballot

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMAITON OR ADVICE, OR TO
MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE
MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY
THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Case No. 12-12020 |
| | ) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) |
| | ) (MG) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |

**RMBS TRUSTEE BALLOT FOR ACCEPTING OR REJECTING THE JOINT
CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] — [DESIGNATION]**

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.

THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO
THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE <u>OCTOBER 21, 2013 AT 7:00
P.M.</u> (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").

THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR
OVERNIGHT COURIER</u>.  BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING
FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT
BE ACCEPTED.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is <u>Exhibit 1</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to trustees, indenture trustees and separate trustees of RMBS Trusts as holders of [*insert Debtor-Class and Designation Information*] under the Plan. If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class. Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

> **YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD** [*Insert Debtor-Class and Designation Information*] **CLAIMS ON BEHALF OF CERTAIN RMBS TRUSTS**

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement—including the defined terms therein— carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

> <u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND <u>ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE</u>.
>
> **IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**
>
> **REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

If you received the Solicitation Package in CD-ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the

Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

**ITEM 1.**        **RMBS Trusts Voting to Accept the Plan.**

The undersigned certifies that as of August 16, 2013, it held a *[Insert Debtor-Class and Designation Information]* under the Plan on behalf of each RMBS Trust listed on Annex I attached hereto in the amounts listed therein for voting purposes, and that each such RMBS Trust listed on Annex I votes to accept the Plan.

**ITEM 2.**        **RMBS Trusts Voting to Reject the Plan.**

The undersigned certifies that as of August 16, 2013, it held a *[Insert Debtor-Class and Designation Information]* under the Plan on behalf of each RMBS Trust listed on Annex II attached hereto in the amounts listed therein for voting purposes, and that each such RMBS Trust listed on Annex II votes to reject the Plan.

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

**THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING,**

SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

<u>THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES</u>:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN

**APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

**ITEM 3.        Certification.**

By signing this Ballot, the holder certifies that it:

>    1.        is the holder of the Claims in Item 1 and Item 2 to which this Ballot pertains;

>    2.        has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

>    3.        has the full power to vote to accept or reject the Plan; and

>    4.        except as otherwise authorized in the Disclosure Statement Order, has not submitted any other Ballots relating to the Claims in Item 1 and Item 2 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Social Security or Federal
Tax I.D. No. (Optional):    _____

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code: Telephone Number:    _____

Email Address (if any): Date Completed:    _____

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**<u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.</u>**

<u>KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.</u>

ny-1103521

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.    The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit 1** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the **"Ballot Instructions"**) but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3.    In order for your vote to count, you must:

   (i)    Complete and certify the amount of each RMBS Trust Claim and cast **ONE** vote to accept or reject the Plan for each RMBS Trust by listing such RMBS Trust pursuant to Item 1 or Item 2 in Annex I or Annex II;

   (ii)    Review and sign the certifications in Item 3;

   (iii)    Return your <u>original</u> Ballot in order for your vote to count;

   (iv)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

   (v)    Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**
ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.    If you are a party to the Plan Support Agreement, you must vote all of your RMBS Trust Claims to accept the Plan except for those RMBS Trusts that have validly opted out of the Plan Support Agreement, in which case you shall vote all of such opting-out RMBS Trust Claims as directed. An RMBS Trustee Ballot that partially rejects and partially accepts the Plan will be counted, except to the extent that any single RMBS Trust votes to both accept and reject the Plan. With respect to each RMBS Trustee Ballot, the Plan Proponents may not aggregate the Claims of any RMBS Trusts within a Class for the purpose of counting votes.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise. The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot. Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or h**and** or hand delivery service**. In all cases, holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.**

6.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the **"Temporary Allowance Request Motion").** A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion.

9.    This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.    If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan in respect of any RMBS Trust, as applicable:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim or an RMBS Trust; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) with respect to any RMBS Trust, any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan for such RMBS Trust; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.    If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

<div align="center">

### <u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>

</div>

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1103521

## ANNEX I TO RMBS TRUSTEE BALLOT

## RMBS TRUSTS VOTING TO ACCEPT THE PLAN

| Name of RMBS Trust | Claim Pursuant to RMBS Trust Allocation Protocol |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

## ANNEX II TO RMBS TRUSTEE BALLOT

## RMBS TRUSTS VOTING TO REJECT THE PLAN

| Name of RMBS Trust | Claim Pursuant to RMBS Trust Allocation Protocol |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

# **Exhibit A-7**

General Ballot B

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

--------------------------------------------------------------------

### BALLOT FOR ACCEPTING OR REJECTING THE JOINT
### CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
### AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

### [DEBTOR-CLASS] — [DESIGNATION]

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS ACTUALLY RECEIVED BY KCC ON OR BEFORE OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").**

**THIS BALLOT MUST BE TRANSMITTED BY MAIL, HAND DELIVERY OR OVERNIGHT COURIER. BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.**

---

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*Insert Debtor-Class and Designation Information*] under the Plan. If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class. Please use this Ballot to cast your vote to either accept or reject the Plan.

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A** [*Insert Debtor-Class and Designation Information*] **AS FOLLOWS:**

DEBTOR: _____

AMOUNT: _____

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.**  Please read the Plan and Disclosure Statement—including the defined terms therein—carefully before submitting a Ballot.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.**  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

ny-1098015

**ITEM 1.**    **Claim Amount for Voting Purposes.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount: _____

**ITEM 2.**    **Vote.**  The holder of the [*Insert Debtor-Class and Designation Information*] identified in Item 1 votes:

☐    **to ACCEPT the Plan.**          ☐    **to REJECT the Plan.**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

**THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE**

- 3 -

CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

<u>THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:</u>

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ITEM 3.        Certification.

By signing this Ballot, the holder certifies that it:

      a.  is the holder of the Claim in Item 1 to which this Ballot pertains;

      b.  has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

ny-1098015

c. has the full power to vote to accept or reject the Plan; and

d. has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No. (Optional):    _____

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____


This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

ny-1098015

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

[[BELOW LEGEND ONLY FOR CLASS R-6, CLASS GS-6 AND CLASS RS-6 BALLOTS]]

---

**ATTENTION BORROWERS:**

**SILVERMANACAMPORA LLP HAS BEEN APPROVED AS SPECIAL BORROWER COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND IS AVAILABLE TO ANSWER ANY QUESTIONS YOU MAY HAVE AS A BORROWER WHOSE LOAN WAS ORIGINATED, SOLD, CONSOLIDATED, PURCHASED, AND/OR SERVICED BY RESIDENTIAL CAPITAL LLC OR ANY OF ITS SUBSIDIARIES.**

**PLEASE CALL 866-259-5217 IF YOU HAVE QUESTIONS REGARDING ANY NOTICE YOU RECEIVED FROM RESIDENTIAL CAPITAL, LLC OR ANY OF ITS SUBSIDIARIES.**

---

ny-1098015

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.    The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit 1** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.    In order for your vote to count, you must:

    (i)    Complete and certify the amount of your Claim in Item 1;

    (ii)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    (iii)  Review and sign the certifications in Item 3;

    (iv)   Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

    (v)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    (vi)   Return the completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**

ResCap Balloting Center, c/o KCC

2335 Alaska Ave

El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013.  Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors, and if so sent will not be counted.**

6.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments

- 7 -

representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").    A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.    In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.    The Court will schedule a hearing on such motion.

9.    This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.    If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.    Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.    If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1098015

## **Exhibit A-8**

FHFA Ballot

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------
|                                    )
In re:                              )     Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
                                    )
                    Debtors.        )     Jointly Administered
                                    )
-------------------------------------------------------------------

BALLOT FOR ACCEPTING OR REJECTING THE JOINT
CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

[R-11 / RS-11] — [FHFA CLAIMS]

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS ACTUALLY RECEIVED BY KCC ON OR BEFORE OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").

THIS BALLOT MUST BE TRANSMITTED BY MAIL, HAND DELIVERY OR OVERNIGHT COURIER.  BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.   The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*R-11 / RS-11 FHFA Claim*] under the Plan.  If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class.  Please use this Ballot to cast your vote to either accept or reject the Plan.

ny-1104092

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A** [*Insert Debtor-Class and Designation Information*] **AS FOLLOWS:**

DEBTOR:_____

AMOUNT:_____

       **Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement—including the defined terms therein—carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

       **IN ACCORDANCE WITH ARTICLE III OF THE PLAN, AS A HOLDER OF A** [*R-11 / RS-11 FHFA Claim*] **YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN; PROVIDED, THAT IF THE BANKRUPTCY COURT DETERMINES THAT THE FHFA CLAIMS ARE SUBJECT TO SUBORDINATION UNDER SECTION 510(b) OF THE BANKRUPTCY CODE SUCH THAT HOLDERS OF ALLOWED FHFA CLAIMS AGAINST THE APPLICABLE DEBTOR GROUP ARE NOT ENTITLED TO RECEIVE A DISTRIBUTION UNDER THE PLAN, THEN HOLDERS OF SUCH FHFA CLAIMS WILL BE DEEMED TO REJECT THE PLAN AND SUCH VOTES WILL NOT BE COUNTED.**

       **IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

       If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

       **If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either

- 2 -

accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

**ITEM 1.        Claim Amount for Voting Purposes.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*R-11 / RS-11 FHFA Claim*] Amount _____

**ITEM 2.        Vote.** The holder of the [*R-11 / RS-11 FHFA Claim*] identified in Item 1 votes:

☐    **to ACCEPT the Plan.**          ☐    **to REJECT the Plan.**

**ITEM 3.        Certification.**

By signing this Ballot, the holder certifies that it:

a.    is the holder of the Claim in Item 1 to which this Ballot pertains;

b.    has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

c.    has the full power to vote to accept or reject the Plan; and

d.    has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No.    _____
(Optional):

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____

- 3 -

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**<u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.</u>**

<u>KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.</u>

ny-1104092

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.    The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit 1** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.    In order for your vote to count, you must:

    (i)    Complete and certify the amount of your Claim in Item 1;

    (ii)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

    (iii)    Review and sign the certifications in Item 3;

    (iv)    Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

    (v)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

    (vi)    Return the completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**
ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors, and if so sent will not be counted.**

6.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments

representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

9.      This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.     If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.  Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11.     The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.     If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

# **Exhibit A-9**

Secured Claim Ballot

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | ) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
| | ) |
| Debtors. | ) |

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

---

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT**
**CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.**
**AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

**[DEBTOR-CLASS] — [DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR OVERNIGHT COURIER</u>. BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is <u>Exhibit 1</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*Insert Debtor-Class and Designation Information*] under the Plan. If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class. Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement—including the defined terms therein—carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

<u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND <u>ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE</u>.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

**ITEM 1.**        **Principal Amount of Class [*Insert Debtor-Class*] – Revolving Credit Facility Claims.**

The undersigned certifies that as of August 16, 2013, it held a [*Insert Debtor-Class*] – Revolving Credit Facility Claims under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount: _____

**ITEM 2.**        **Vote.** The holder of the Claim identified in Item 1 votes:

☐        **to ACCEPT the Plan.**                ☐        **to REJECT the Plan.**

ny-1098127

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, **PROVIDED**, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; **PROVIDED**, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

**ITEM 3.**     **Certification.**

By signing this Ballot, the holder certifies that it:

       a.   is the holder of the Claim in Item 1 to which this Ballot pertains;

       b.   has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

       c.   has the full power to vote to accept or reject the Plan; and

       d.   has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

ny-1098127

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No.    _____
(Optional):

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____


This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.


**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

- 5 -

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.    The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit 1** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.    In order for your vote to count, you must:

      (i)    Complete and certify the amount of your Claim in Item 1;

      (ii)    Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

      (iii)    Review and sign the certifications in Item 3;

      (iv)    Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

      (v)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

      (vi)    Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**<u>Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline</u>:**

ResCap Balloting Center, c/o KCC

2335 Alaska Ave

El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on October 21, 2013. Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **<u>In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.</u>**

6.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments

representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

9.    This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.    If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

11.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.    If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1098127

## **Exhibit B**


Notice of Non-Voting Status – Unimpaired Class

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE PLAN PROPONENTS' PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     **APPROVAL OF DISCLOSURE STATEMENT**.   By order dated August 23, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").   Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.     **NOTICE OF NON-VOTING STATUS.**   You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired.   Pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are therefore, not entitled to vote on the Plan.   Accordingly, this notice is being sent to you for informational purposes only.

3.     **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES**.  If you have timely filed a proof of claim and you disagree with the  classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013.   In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013.   Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4.    **CONFIRMATION HEARING**.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.**  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

5.    Article IX of the Plan provides for the following Third Party Release, Exculpation and Injunction Provisions:

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER**

DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, **PROVIDED**, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; **PROVIDED**, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND

**NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

6.    **OBJECTIONS TO CONFIRMATION**.  Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (prevailing Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:  Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:   Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

7.    ADDITIONAL INFORMATION.  Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap Restructuring website at /www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914

or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**If you have any questions related to this notice,**
**please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
        August __, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104


*Counsel for Debtors and Debtors in Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036


*Counsel for the Official Committee of*
*Unsecured Creditors*

## **Exhibit C**

Notice of Non-Voting Status – Impaired Class

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-----------------------------------------------------------------

<u>NOTICE OF NON-VOTING STATUS WITH RESPECT TO IMPAIRED</u>
<u>CLASSES DEEMED TO REJECT THE PLAN PROPONENTS' PLAN</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      **APPROVAL OF DISCLOSURE STATEMENT**.  By order dated August 23, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.      **NOTICE OF NON-VOTING STATUS**. You are receiving this notice because, under the terms of Article III of the Plan your Claim(s) against the Debtors are Impaired and you will receive no distribution on account of such Claim(s) under the Plan.  Accordingly, pursuant to section 1126(g) of the Bankruptcy Code, you are deemed to have rejected the Plan and are, therefore, <u>not entitled to vote on the Plan</u>.  Accordingly, this notice is being sent to you for informational purposes only.

3.      **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES**. If you have timely filed a proof of claim and you disagree with the  classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013.  Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

- 1 -

4.    **CONFIRMATION HEARING**.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held **on November 19, 2013 at 10:00 a.m. (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

5.    Article IX of the Plan provides for the following Third Party Release, Exculpation and Injunction Provisions:

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND**

- 2 -

EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO

- 3 -

**ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

6.    **OBJECTIONS TO CONFIRMATION**.  Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:    Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:    Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

7.    **ADDITIONAL INFORMATION**.  Copies of the Disclosure Statement and Plan may be

- 4 -

obtained (i) from KCC (a) at the ResCap Restructuring website at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**If you have any questions related to this notice,
please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
      August __, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104

*Counsel for Debtors and Debtors in Possession*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036

*Counsel for the Official Committee of Unsecured Creditors*

ny-1097780

## **Exhibit D**

Recommendation Letters

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
## RESIDENTIAL CAPITAL, LLC, ET AL.

TO:             Unsecured Creditors of Residential Capital, LLC and its subsidiaries (the
                "***Debtors***")

FROM:           The Official Committee of Unsecured Creditors of Residential Capital, LLC, et al.
                (the "***Creditors' Committee***")

---

You are receiving this letter because you are an unsecured creditor of the Debtors and are entitled to vote on the Joint Chapter 11 Plan proposed by the Debtors and the Creditors' Committee (the "***Plan***").  As further described in the Disclosure Statement accompanying the Plan (the "***Disclosure Statement***"), the Creditors' Committee believes the Plan provides the best possible recovery for unsecured creditors.  Accordingly, the Creditors' Committee, which represents the interests of all unsecured creditors in the Debtors' chapter 11 bankruptcy cases, recommends that you vote ***FOR*** the Plan by checking the box on your official Ballot that says:

## □ ACCEPT the Plan

and returning your Ballot in accordance with the voting instructions described in the Ballot.  **All ballots must be received by [_____] to be counted**.[1]  You should carefully read all materials that accompany this letter, including the instructions for completing and mailing your ballot.  A short summary of the Plan and certain key deadlines is set forth below.

### I.      The Plan Is Based on a Global Settlement which Maximizes Unsecured Creditor Recovery

The Plan incorporates a global compromise of numerous disputed issues among the Debtors, the Creditors' Committee, Ally Financial, Inc. ("***AFI***"), and the Debtors' major creditor constituencies.  The lynchpin of the global settlement is the agreement of AFI to contribute **$2.1 billion** (the "***AFI Contribution***") to fund distributions to creditors in exchange for a release of estate and third-party claims against AFI.  AFI's agreement to fund the AFI Contribution is conditioned upon confirmation of the Plan.  ***Without the AFI Contribution, creditors will likely receive a fraction of the distributions projected below.***

The global settlement incorporated into the Plan was achieved after months of extensive, good faith negotiations conducted pursuant to a court-ordered mediation led by the Honorable James M. Peck of the United States Bankruptcy Court for the Southern District of New York. The Creditors' Committee played an integral role in the outcome of these chapter 11 bankruptcy cases, and participated in all significant case matters to obtain the best possible recovery for unsecured creditors.  Among other things, the Creditors' Committee conducted an extensive investigation of the estates' claims against the Debtors' parent, AFI.  The Creditors' Committee has concluded that these claims, as well as certain additional claims against AFI identified by the court-appointed Examiner, could produce material recoveries for the estates.  As in any litigation, however, the claims will be costly to prosecute, subject to various defenses, and

---

[1]  Please note that bondholders may have an earlier deadline by which to return their ballot to their broker/nominee.

a recovery cannot be assured.[2]  In short, the Creditors' Committee believes the Plan provides the greatest recovery to all unsecured creditors in the fastest possible time.  The Plan also provides for extensive releases of the Debtors and AFI, including the release of claims you may have against AFI that relate to the Debtors.  Please refer to section [__] of the Plan and section [__] of the Disclosure Statement for more information regarding the releases.

Absent unsecured creditors' support and votes in favor of the Plan, there may not be any meaningful opportunity for a recovery.  ***Accordingly, the Creditors' Committee believes it is in the best interests of all unsecured creditors to vote in favor of the Plan.***

## II.     Distributions Under the Plan

On the effective date of the Plan, all of the Debtors' assets, including the AFI Contribution, will be transferred to a trust responsible for liquidating any non-cash assets and making distributions to creditors.  This trust is called the "***Liquidating Trust***."  Certain allowed claims, such as administrative expense claims, priority claims, and secured claims will be paid in cash from the Liquidating Trust.  The Liquidating Trust will issue units ("***Trust Units***") that entitle the holder to a share of the distributions from the Liquidating Trust.  Shortly after the effective date of the Plan, the Liquidating Trust will make an initial distribution of cash to the holders of Trust Units, and additional distributions from time to time thereafter as its non-cash assets are monetized.

The Trust Units will be distributed to the holders of allowed unsecured claims (and to a reserve for disputed claims) against the Debtors in the following manner.  The Plan consolidates the Debtors into the following three groups for purposes of making distributions to creditors: (i) the ResCap Debtors, (ii) the GMACM Debtors, and (iii) the RFC Debtors.  The Debtors estimate that total assets available for distribution to unsecured creditors will total approximately $[ ] billion.  Please consult page [] of the Disclosure Statement for a listing of each of the Debtors and their corresponding Debtor group.

Based on the Debtors' estimate of the ultimate value of each Debtor group, the Disclosure Statement projects that:

- Unsecured creditors of the ResCap Debtors will recover [__]% of their claims in Trust Units based on estimated allowed unsecured claims at the ResCap Debtors of approximately $[___].

- Unsecured creditors of the GMACM Debtors will recover [__]% of their claims in Trust Units based on estimated allowed unsecured claims at the GMACM Debtors of approximately $[___].

- Unsecured creditors of the RFC Debtors will recover [__]% of their claims in Trust Units based on estimated allowed unsecured claims at the RFC Debtors of approximately $[___]

---

[2] A complete description of the potential claims against AFI may be found in Article [_] of the Disclosure Statement.

ny-1105953

In addition to making distributions of Trust Units directly to certain unsecured creditors, the Liquidating Trust will also distribute a certain number of Trust Units, estimated to be worth $235 million, to a trust, called the "***Private Securities Claims Trust***."  The Private Securities Claims Trust will make distributions to certain holders of securities litigation claims against the Debtors.

The Liquidating Trust will also make distributions of cash (i) of $100 million to members of a class action entitled *New Jersey Carpenters Health Fund, et al. v. Residential Capital, LLC, et al.*, Civ. No. 08-8781 (HB), pending in the United States District Court for the Southern District of New York, and (ii) to a trust, called the "***Borrower Claims Trust***," that is specifically responsible for providing distributions to holders of allowed borrower claims, in an amount estimated to be $57.6 million.[3]  ***If you are a borrower and have received this letter, please refer to the Creditors' Committee's website at www.rescapcommittee.com for a letter specifically addressed to borrowers, or contact the Creditors' Committee's special borrower counsel at 866-259-5217.***

Please read the Disclosure Statement for a more detailed summary of the mechanics for distributions to unsecured creditors from the Liquidating Trust, the establishment of the Private Securities Claims Trust and the Borrower Claims Trust, the facts and assumptions behind these predictions and projections, and for information relating to the Debtors' chapter 11 bankruptcy cases.  Each estimate and projection in this letter is taken from the Disclosure Statement and qualified by all of the information in the Disclosure Statement.

### III.    Important Deadlines

The Disclosure Statement also contains a number of important ***record dates*** and ***deadlines***, including (but not limited to) the following:

- *[_____]* is the ***record date for voting***.  You can only vote claims you held on [___].

- *[_____]* is the ***deadline*** for the Debtors' balloting agent to receive ballots from all creditors.[4]

- *[_____]* is the date for the ***hearing on the confirmation*** of the Plan.[5]

Please review the Disclosure Statement for other dates and deadlines that may be important to you.

### IV.    Conclusion

**The Creditors' Committee urges each holder of a claim receiving this letter to vote to accept the Plan and return your ballot indicating your acceptance in accordance with the voting instructions described in the Disclosure Statement and ballot.  However, you must make your own decision whether to accept or reject the Plan and consult with**

---

[3] In the event that the estimated $57.6 million distribution to the Borrower Claims Trust is insufficient to provide borrowers with the same recovery percentage as other unsecured creditors at the same Debtor group, the Liquidating Trust will disclose no later than ten days prior to the voting deadline any additional distribution of cash to be made to the Borrower Claims Trust.

[4] Bondholders may have an earlier deadline by which to return their ballot to their broker/nominee.  Please consult any materials sent by your broker/nominee.

[5] The date of the confirmation hearing may be adjourned by the Debtors and the Creditors' Committee.

ny-1105953

**your own legal and/or financial advisor(s). The Creditors' Committee's recommendation that unsecured creditors vote for the Plan should not serve as a substitute for each unsecured creditor's own careful reading and consideration of the Disclosure Statement, the Plan and related documents disseminated therewith, and consultation with counsel or other professional advisors.**

**If you have questions, please contact us at the Creditors' Committee's website, _www.rescapcommittee.com_ or the Creditors' Committee hotline at (212) 715-3280.**

**Very truly yours,**

**The Official Committee of
Unsecured Creditors of
Residential Capital, LLC, et al.**

---

### ATTENTION BORROWERS:

**SilvermanAcampora LLP has been approved as special borrower counsel to the Creditors' Committee and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital, LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

4

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
## RESIDENTIAL CAPITAL, LLC, ET AL.

TO:         All holders of Borrower Claims against Residential Capital, LLC and its
            subsidiaries (the "***Debtors***")

FROM:       The Official Committee of Unsecured Creditors of Residential Capital, LLC, et al.
            (the "***Creditors' Committee***")

---

You are receiving this letter because you have filed a claim against the Debtors relating to a loan that was originated, sold, consolidated, purchased, and/or serviced by the Debtors, and therefore are entitled to vote on the Joint Chapter 11 Plan proposed by the Debtors and the Creditors' Committee (the "***Plan***").

The Creditors' Committee represents the interests of all unsecured creditors of the Debtors, including current and former borrowers of the Debtors that asserted claims. The United States Trustee appointed various creditors to sit on the Creditors' Committee, including a former borrower. The Creditors' Committee retained SilvermanAcampora LLP as its special counsel for borrower-related matters.

Based on the facts and circumstances summarized below and more fully described in the Disclosure Statement, ***the Creditors' Committee believes the Plan provides the best possible recovery for all unsecured creditors, including borrowers***. Accordingly, the Creditors' Committee, which represents the interests of all unsecured creditors in the Debtors' chapter 11 bankruptcy cases, recommends that you vote ***FOR*** the Plan by checking the box on your official Ballot (enclosed with this letter) that says:

## □ ACCEPT the Plan

and returning your Ballot in accordance with the voting instructions described in the Ballot. **All ballots must be signed and received by [_____] to be counted.**

You should carefully read all of the materials accompanying this letter, including the Disclosure Statement and the Plan, and the instructions for completing and mailing your ballot. The Disclosure Statement contains critical information regarding the Plan and the Debtors' bankruptcy cases that should inform your decision whether to vote in favor of the Plan. Information specific to borrowers can be found in [section] of the Disclosure Statement and [section] of the Plan. A short summary of the Plan and certain key deadlines is set forth below.

I.    **The Plan Is Based on a Global Settlement That Maximizes Unsecured Creditor Recovery**

The Plan incorporates a global compromise of numerous disputed issues among the Debtors, the Creditors' Committee, Ally Financial, Inc. ("**AFI**"), and the Debtors' major creditor constituencies. The lynchpin of the global settlement is the agreement of AFI, the Debtors' parent company, to contribute **$2.1 billion** (the "**AFI Contribution**") to fund distributions to creditors in exchange for a release estate and third-party claims against AFI. AFI's agreement to fund the AFI Contribution is conditioned upon confirmation of the Plan. ***Without the AFI Contribution, creditors, including borrowers will likely receive a fraction of the distributions projected below.***

The global settlement incorporated into the Plan was achieved after months of extensive, good faith negotiations conducted pursuant to a court-ordered mediation led by the Honorable James M. Peck of the United States Bankruptcy Court for the Southern District of New York. The Creditors' Committee played an integral role in the outcome of these chapter 11 bankruptcy cases, and participated in all significant case matters to obtain the best possible recovery for unsecured creditors. Among other things, the Creditors' Committee conducted an extensive investigation of the estates' claims against the Debtors' parent, AFI. The Creditors' Committee has concluded that these claims, as well as certain additional claims against AFI identified by the court-appointed Examiner, could produce material recoveries for the estates. As in any litigation, however, the claims will be costly to prosecute, subject to various defenses, and success cannot be assured.[1] As such, the Creditors' Committee believes the Plan provides the greatest recovery to all unsecured creditors in the fastest possible time. The Plan also provides for extensive releases of the Debtors and AFI, including the release of claims you may have against AFI that relate to the Debtors. Please refer to section [__] of the Plan and section [__] of the Disclosure Statement for more information regarding the releases.

Absent unsecured creditors' support and votes in favor of the Plan, there may not be any meaningful opportunity for a recovery. ***Accordingly, the Creditors' Committee believes it is in the best interests of all unsecured creditors, including borrowers, to vote in favor of the Plan.***

II.    **Distributions to Borrowers Under the Plan**

On the effective date of the Plan, all of the Debtors' assets, including the Ally Contribution, will be transferred to a trust responsible for liquidating any non-cash assets and making distributions to creditors. This trust is called the "***Liquidating Trust***." Certain allowed claims, such as administrative expense claims, priority claims, and secured claims will be paid in cash from the Liquidating Trust. The Liquidating Trust will transfer cash in the amount of at least $57.6 million to a trust called the "***Borrower Claims Trust***," that is specifically responsible for providing distributions to borrower claims. The Borrower Claims Trust will provide distributions of cash to borrowers with allowed claims pursuant to the Plan.

---

[1] A complete description of the potential claims against AFI may be found in Article [_] of the Disclosure Statement.

ny-1105960

The Plan consolidates the Debtors into the following three groups for purposes of making distributions to creditors (including borrowers): (i) the ResCap Debtors, (ii) the GMACM Debtors, and (iii) the RFC Debtors. Please consult page [] of the Disclosure Statement for a listing of each of the Debtors and their corresponding Debtor group.

Borrowers with allowed claims will receive the same recovery percentage as other unsecured creditors against each Debtor group. Based on the Debtors' estimate of the claims and assets of each Debtor group, the Disclosure Statement projects that:

- Borrowers and other unsecured creditors of the ResCap Debtors will recover [___]% of their claims.

- Borrowers and other unsecured creditors of the GMACM Debtors will recover [___]% of their claims.

- Borrowers and other unsecured creditors of the RFC Debtors will recover [___]% of their claims.

The following chart illustrates the projected recovery of unsecured creditors at each Debtor group based on a hypothetical claim of $1,000:

| Claim Amount | Debtor Group | Recovery Percentage | Recovery |
|---|---|---|---|
| $1,000 | ResCap Debtors | [___]% | $[___] |
| $1,000 | GMACM Debtors | [___]% | $[___] |
| $1,000 | RFC Debtors | [___]% | $[___] |

It is important to note that only "allowed claims" (*i.e.*, claims that are determined to be valid) will receive any recovery. The trustee of the Borrower Claims Trust is responsible for reviewing all borrower claims and, if necessary, contesting their validity. In addition, pursuant to an agreement between the Debtors and the Board of Governors of the Federal Reserve System (the "***FRB***") to modify the Debtors' obligations under a consent order with the FRB relating to the Debtors' foreclosure practices, the Debtors have agreed to fund approximately $230 million that will be paid directly certain borrowers. To the extent the holder of a borrower claim receives such a payment, its allowed claim will be reduced by a corresponding amount.

In the event that the estimated $57.6 million distribution from the Liquidating Trust to the Borrower Claims Trust is insufficient to provide borrowers with the same recovery percentage as other unsecured creditors at the same Debtor group, the Liquidating Trust will disclose no later than ten days prior to the voting deadline any additional distribution of cash to be made to the Borrower Claims Trust.

Please read the Disclosure Statement for a more detailed summary of the mechanics for distributions to unsecured creditors from the Liquidating Trust, the establishment of the Borrower Claims Trust, the facts and assumptions behind these estimates and projections, and for information relating to the Debtors' chapter 11 bankruptcy cases. Each estimate and projection in this letter is taken from the Disclosure Statement and qualified by all of the information in the Disclosure Statement.

3

### III.    **Important Deadlines**

The Disclosure Statement also contains a number of important ***record dates*** and ***deadlines***, including (but not limited to) the following:

- *[_____]* is the ***record date for voting***. You can only vote claims you held on [August 16, 2013].

- *[_____]* is the ***deadline*** for the Debtors' balloting agent to receive ballots from all creditors.

- *[_____]* is the date for the ***hearing on the confirmation*** of the Plan.[2]

Please review the Disclosure Statement for other dates and deadlines that may be important to you.

### IV.    **Conclusion**

**The Creditors' Committee urges each holder of a claim receiving this letter to accept the Plan and return your Ballot indicating your acceptance in accordance with the voting instructions described in the Disclosure Statement and Ballot. However, you must make your own decision whether to accept or reject the Plan and consult with your own legal and/or financial advisor(s). The Creditors' Committee's recommendation that unsecured creditors vote for the Plan should not serve as a substitute for each unsecured creditor's own careful reading and consideration of the Disclosure Statement, the Plan and related documents disseminated therewith, and consultation with counsel or other professional advisors.**

If you have questions, please contact us at the Creditors' Committee's website, ***www.rescapcommittee.com*** or contact SilvermanAcampora LLP, the Creditors' Committee's special counsel for borrower-related matters, at 866-259-5217.

Very truly yours,

The Official Committee of
Unsecured Creditors of
Residential Capital, LLC, <u>et</u> <u>al.</u>

---

[2] The date of the confirmation hearing may be adjourned by the Debtors and the Creditors' Committee.

ny-1105960

**<u>Exhibit E</u>**

Plan Supplement Notice

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 715-3280
Facsimile:    (212) 715-8000

*Counsel for the Debtors and
Debtors in Possession*

*Counsel for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

| | |
|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

-----------------------------------------------------------------------

**NOTICE OF FILING OF EXHIBITS TO THE PLAN
SUPPLEMENT FOR THE DEBTORS' JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE** that the undersigned hereby file certain exhibits to the

Plan Supplement for the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and

the Official Committee of Unsecured Creditors* dated _____, 2013 [Docket No. ____] (the

"**Plan**")[1]:

- **Exhibit A** – Assumption Schedule

- **Exhibit B** – Liquidating Trust Agreement

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

- 1 -

- **Exhibit C** – Borrower Claims Trust Agreement

- **Exhibit D** – Private Securities Claims Trust Agreement

- **Exhibit E** – Stipulated amounts of Allowed Fee Claims in accordance with
  Article IV.B of the Plan

- **Exhibit F** – Identities of the Initial Liquidating Trust Board

- **Exhibit G** – Identities of the Initial Liquidating Trust Management

- **Exhibit H** – Identity of the Borrower Claims Trustee and the initial members of
  the Borrower Claims Trust Committee

- **Exhibit I** – Identity of the Securities Claims Trustee

- **Exhibit J** – Amount of Borrower Trust True-Up

- **Exhibit K** – Cooperation Agreement by and between the Liquidating Trustee and
  the Kessler Settlement Class

- **Exhibit L** – Policy numbers for the GM Policies

- **Exhibit M** – the Liquidating Trust Causes of Action

- **Exhibit N** – the stipulated amounts of the Allowed Fee Claim

- **Exhibit O** – the Borrower Trust Causes of Action

- **Exhibit P** – updated RMBS Trust Claims Schedules

- **Exhibit Q** – estimated Ally Contract Claims

- **Exhibit R** – the identity of the RMBS Claims Trust Trustees

*[Remainder of Page Intentionally Left Blank]*

- 2 -

**PLEASE TAKE FURTHER NOTICE** that the undersigned reserves the right to alter,

amend, modify or supplement any document in the Plan Supplement as provided by the Plan;

*provided that* if any document in the Plan Supplement is altered, amended, modified or

supplemented in any material respect, the Debtors will file a blackline of such document with the

Bankruptcy Court.

Dated: October __, 2013

                             _____

                             Gary S. Lee
                             Lorenzo Marinuzzi
                             Todd M. Goren
                             Jennifer L. Marines
                             Daniel J. Harris
                             MORRISON & FOERSTER LLP
                             1290 Avenue of the Americas
                             New York, New York 10104
                             Telephone: (212) 468-8000
                             Facsimile:  (212) 468-7900

                             *Counsel for the Debtors and*
                             *Debtors in Possession*

                             -and-

                             Kenneth H. Eckstein
                             Douglas H. Mannal
                             Stephen D. Zide
                             KRAMER LEVIN NAFTALIS &
                             FRANKEL LLP
                             1177 Avenue of the Americas
                             New York, New York 10036
                             Telephone: (212) 715-3280
                             Facsimile:  (212) 715-8000

                             *Counsel for the Official Committee of*
                             *Unsecured Creditors*

## **Exhibit F**

Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|                                        |     |                              |
|----------------------------------------|-----|------------------------------|
|                                        | )   |                              |
| In re:                                 | )   | Case No. 12-12020 (MG)       |
|                                        | )   |                              |
| RESIDENTIAL CAPITAL, LLC, et al.,      | )   | Chapter 11                   |
|                                        | )   |                              |
|                       Debtors.         | )   | Jointly Administered         |
|                                        | )   |                              |

-------------------------------------------------------------------

**NOTICE OF (I) APPROVAL OF DISCLOSURE**
**STATEMENT, (II) DEADLINE FOR VOTING ON PLAN,**
**(III) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND**
**(IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     **APPROVAL OF DISCLOSURE STATEMENT**.  By order dated August 23, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter11 Plan of Reorganization Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.     **RECORD DATE FOR VOTING PURPOSES**.  Only creditors who hold Claims on August 16, 2013 (the "Voting Record Date") are entitled to vote on the Plan.

3.     **VOTING DEADLINE**.  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Kurtzman Carson Consultants, LLC ("KCC") by no later than **7:00 p.m. (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.  Ballots received by facsimile or e-mail, or any other means other than by mail, hand delivery or overnight courier, **will not** be counted.

4.     **ENTITLEMENT TO VOTE ON PLAN**.  Holders of Claims in the following classes are entitled to vote to accept or reject the Plan: **R-3, R-4, R-5, R-6, R-7, R-8, R-11, R-12, GS-3, GS-4, GS-5, GS-6, GS-7, GS-10, RS-3, RS-4, RS-5, RS-6, RS-7, RS-8, RS-11, and RS-12**.

The following creditors are **not** entitled to vote on the Plan: (i) holders of Claims in the following classes: **R-1, R-2, R-9, R-10, GS-1, GS-2, GS-8, GS-9, RS-1, RS-2, RS-9, and RS-10**; (ii) holders of Claims that are the subject to filed objections by September 20, 2013, (iii) holders of Claims with an outstanding amount of not greater than zero ($0.00) as of the Voting Record Date, (iv) holders of Claims that have been disallowed or expunged as of the Voting Record Date, (v) holders of Claims scheduled by the Debtors as contingent, unliquidated, or disputed when a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Bankruptcy Court at least five (5) business days prior to the Voting Deadline, and (vi) creditors who are not included in the Schedules and who have not filed a Proof of Claim by the General Bar

- 1 -

Date.

5.        **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES.** If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013.  Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

6.        **CONFIRMATION HEARING**.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408.  The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

7.        Article IX of the Plan provides for the following Third Party Release, Exculpation and Injunction Provisions:

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN**

- 2 -

OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

**EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

8.    **OBJECTIONS TO CONFIRMATION**.  Responses and objections, if any, to confirmation of the Plan **must**: (i) be **in** writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b)

Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:    Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:    Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

9.     **ADDITIONAL INFORMATION**.   Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap restructuring website at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**IF YOU HAVE ANY QUESTIONS RELATED TO THIS NOTICE, PLEASE CALL THE DEBTORS' BANKRUPTCY HOTLINE AT (888) 251-2914.**

**PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
August ___, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104

*Counsel for Debtors and Debtors in
Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036

*Counsel for the Official Committee
of Unsecured Creditors*

ny-1097772