**Hearing Date: To Be Scheduled Only If Required by the Court**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' RESPONSE TO ERLINDA ABIBAS ANIEL'S *CONTEST OF TRANSFER OF PLAINTIFF'S MORTGAGE TO OCWEN LOAN SERVICING* [DOCKET NO. 3869]**

ny-1101313

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. BACKGROUND ............................................................................................................ 2

    A. General Background ........................................................................................... 2

    B. The Ocwen Sale .................................................................................................. 2

    C. Events Giving Rise to the Objection ................................................................... 3

        1. The Loan .................................................................................................. 3

        2. The First Aniel Bankruptcy Case ............................................................ 4

        3. The California Action .............................................................................. 5

        4. The Second Aniel Bankruptcy Case and Adversary Proceeding ............. 7

        5. The Objection .......................................................................................... 8

III. RESPONSE ..................................................................................................................... 9

IV. RESERVATION OF RIGHTS ..................................................................................... 11

V. CONCLUSION ............................................................................................................ 11

TABLE OF AUTHORITIES ..................................................................................................... ii

APPENDIX OF EXHIBITS ...................................................................................................... iii

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Colo. River Water Conservation Dist. v. U.S.,
    368 F.3d 1320 (11th Cir. 2004) ........................................................................................10

Ambrosia Coal & Constr. Co. v. Morales,
    424 U.S. 800 (U.S. 1976) .................................................................................................10

Haines v. Kerner,
    404 U.S. 519 (1972) ...........................................................................................................9

Satchell v. Dilworth,
    745 F.2d 781 (2d Cir. 1984) ...............................................................................................9

**APPENDIX OF EXHIBITS**

| Exhibit 1 | Note |
|---|---|
| Exhibit 2 | Deed of Trust |
| Exhibit 3 | First Assignment of Deed of Trust |
| Exhibit 4 | Second Assignment of Deed of Trust |
| Exhibit 5 | Notice of Default |
| Exhibit 6 | Notice of Trustee's Sale |
| Exhibit 7 | First Aniel Bankruptcy Docket Report (Case No. 09-30452, Bankr. N.D. Cal.) |
| Exhibit 8 | Order Authorizing Abandonment of Property (Case No. 09-30452, Bankr. N.D. Cal.) |
| Exhibit 9 | Order Denying Debtors' Requested Certifications Regarding Effect Of Discharge On Secured Debts (Case No. 09-30452, Bankr. N.D. Cal.) |
| Exhibit 10 | Order Denying Motion to Vacate Order (Case No. 09-30452, Bankr. N.D. Cal.) |
| Exhibit 11 | Complaint (Case No. 4:12-cv-04201-SBA, N.D. Cal.) (excluding exhibits) |
| Exhibit 12 | California Action Docket Report (Case No. 4:12-cv-04201-SBA, N.D. Cal.) |
| Exhibit 13 | Second Aniel Bankruptcy Docket Report (Case No. 12-33117, Bankr. N.D. Cal.) |
| Exhibit 14 | GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation's Motion for Relief from the Automatic Stay (Case No. 12-33117, Bankr. N.D. Cal.) |
| Exhibit 15 | Order Granting Ocwen Loan Servicing, LLC Successor to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation Relief from the Automatic Stay (Case No. 12-33117, Bankr. N.D. Cal.) |
| Exhibit 16 | Complaint To Determine The Extent And Validity Of Lien On Real Property, For Quiet Title, For Declaratory Relief To Determine The Holder Of The Note, And A Conditional Action For An Accounting (Adv. No. 13-03017, Bankr. N.D. Cal.) |
| Exhibit 17 | Motion To Dismiss Complaint; Memorandum Of Points And Authorities In Support Thereof (Adv. No. 13-03017, Bankr. N.D. Cal.) |
| Exhibit 18 | Order On Ocwen Loan Servicing, LLC Successor To GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation Motion To Dismiss Complaint (Adv. No. 13-03017, Bankr. N.D. Cal.) |
| Exhibit 19 | Ninth Circuit BAP Docket Report (Case No. 13-1292) |

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") hereby submit this response to the *Contest of Transfer of Plaintiff's Mortgage to Ocwen Loan Servicing* [Docket No. 3869] (the "Objection"), filed on May 31, 2013 by *pro se* movant Erlinda Abibas Aniel ("Ms. Aniel").

## I. PRELIMINARY STATEMENT

1. Ms. Aniel is a borrower under a mortgage loan that was previously serviced by Debtor GMAC Mortgage, LLC ("GMACM"). By the Objection, Ms. Aniel apparently contests the transfer of the servicing rights with respect to her mortgage to Ocwen Loan Servicing, LLC ("Ocwen") and asks the Court to: (1) clarify whether the securitization trust that issued mortgage-backed securities backed by, among others, Ms. Aniel's loan was transferred to Ocwen, (2) declare that the Deed of Trust (defined below) securing the loan is null and void, and (3) direct the United States Trustee to conduct an investigation of the Debtors' conduct. As an initial matter, the deadline to object to the sale of the Debtors' mortgage servicing rights to Ocwen is well past, so Ms. Aniel's objection to the transfer of those rights is barred on timeliness grounds. Additionally, the Debtors respectfully assert that, at this juncture, this Court lacks the ability to grant her further requests for relief because they are not within this Court's jurisdiction. As the procedural history detailed below makes clear, the Objection represents the latest in a long line of efforts by Ms. Aniel and her family to avoid or delay foreclosure on the loan through the filing of meritless pleadings in several courts and actions. Accordingly, any request for relief within the Aniel Objection should be overruled.

## II.     BACKGROUND

### A.     General Background

2.     On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On the Petition Date, this Court entered an order jointly administering the Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these Chapter 11 cases. On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the Bankruptcy Court, as Examiner.

3.     The Debtors were formerly a leading residential real estate finance company. Prior to the closing of the Debtors' Court-approved asset sales to Ocwen (described below), the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

### B.     The Ocwen Sale

4.     On September 14, 2012, the Debtors filed a notice of public auction and sale hearing in connection with the proposed sale of their servicing and origination platform (the "Platform Assets"), which set October 29, 2012 as the deadline to file an objection to the sale.[1] Due to the

---

[1] *Amended Notice Of Public Auctions And Sale Hearing To Sell Certain Of Debtors' Assets Pursuant To Asset Purchase Agreements With Nationstar Mortgage LLC And Berkshire Hathaway Inc. And Related Relief And Dates* [Docket No. 1446].

closure of the Court on October 29, 30, and 31, 2012, that deadline was extended by operation of Rule 9006(a)(3)(A) of the Federal Rules of Bankruptcy Procedure to November 1, 2012. Ms. Aniel did not file an objection to the sale of the Platform Assets by that date.

5. On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the Platform Assets to Ocwen. At a hearing held on November 19, 2012, the Court approved the Debtors' motion to sell the Platform Assets to Ocwen[2] on the record. On November 21, 2012, the Court entered an order approving the sale to Ocwen (the "Ocwen Sale") [Docket No. 2246]. The Ocwen Sale closed on February 15, 2013.

### C. Events Giving Rise to the Objection

#### 1. The Loan

6. As of the Petition Date, Ms. Aniel was a borrower under a mortgage loan (the "Loan") evidenced by a note (the "Note") in the original principal amount of $2 million in favor of MortgageIt, Inc. ("Originator"), which was secured by a deed of trust (the "Deed of Trust") granting a security interest to Originator on her property located at 75 Tobin Clark Drive, Hillsborough, California 94010 (the "Property"). See Note, annexed hereto as **Exhibit 1**; Deed of Trust, annexed hereto as **Exhibit 2**.

7. Per the Deed of Trust, "Fermin Aniel and Erlinda Aniel, Husband and Wife and Marc Jason Aniel, a single man," (collectively, the "Aniels") are listed as "all joint tenants" and are all signatories to the Deed of Trust, although they are not all signatories to the Note. See Deed of Trust.

---

[2] *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bankr. P. 2002, 6004, 6006 and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61].

ny-1101313                                            3

8. Subsequently, the Note was endorsed in blank by Originator and the Deed of Trust was assigned from Originator to HSBC Bank USA, National Association ("HSBC") as Trustee for DALT 2007-OA5. See Assignment of Deed of Trust, annexed hereto as **Exhibit 3**.

9. GMACM began servicing the loan on or about June 13, 2007, and continued to service on behalf of HSBC until the closing of the Ocwen Sale, following which servicing of the Loan was transferred to Ocwen.

10. On February 1, 2011, the Deed of Trust was assigned from HSBC to GMACM in order to allow GMACM, as the servicer, to proceed with foreclosure. See Assignment of Deed of Trust, annexed hereto as **Exhibit 4**.

11. On April 27, 2012, GMACM caused a Notice of Default and Election to Sell ("Notice of Default") to be recorded, initiating foreclosure of the Deed of Trust. See Notice of Default, annexed hereto as **Exhibit 5**.

12. On August 1, 2012, GMACM caused a Notice of Trustee's Sale to be published and recorded, and a foreclosure sale was set for August 27, 2012. See Notice of Trustee's Sale, annexed hereto as **Exhibit 6**.

### 2.    The First Aniel Bankruptcy Case

13. On February 25, 2009, Ms. Aniel and her husband (together, the "Aniel Debtors") jointly filed for Chapter 11 relief in the United States Bankruptcy Court, Northern District of California, San Francisco Division (the "California Bankruptcy Court"), Case No. 09-30452 (the "First Aniel Bankruptcy"). See First Aniel Bankruptcy Docket Report, annexed hereto as **Exhibit 7**. The First Aniel Bankruptcy was converted to a Chapter 7 on August 2, 2010. Id.

14. The Chapter 7 trustee in the First Aniel Bankruptcy abandoned the Property to the Aniel Debtors, pursuant to an order entered on November 2, 2010. See *Order Authorizing Abandonment of Property*, annexed hereto as **Exhibit 8**.

15. On December 2, 2010, the Aniel Debtors received a discharge, and on February 4, 2011, the bankruptcy case was closed. See First Aniel Bankruptcy Docket Report.

16. On June 18, 2012, the Aniel Debtors submitted "several 'Certification[s] of Debtors' Discharge' for the [California Bankruptcy Court's] signature." See *Order Denying Debtors' Requested Certifications Regarding Effect Of Discharge On Secured Debts* (the "Order Denying Certification"), annexed hereto as **Exhibit 9**. These certifications purported, among other things, "to treat the debts secured by deeds of trust on Debtors' residence and other properties discharged and to determine those deeds of trust as void." Id. at 1. By the Order Denying Certification dated June 20, 2012, the California Bankruptcy Court denied the certifications, explaining that although the Aniel Debtors' "personal liability for any deficiency remaining after any foreclosure sale of the properties [including the Property] ha[d] been discharged … the deed of trust liens were unaffected by the discharge." Id. at 1.

17. The Aniel Debtors filed a motion to vacate the Order Denying Certification, which was denied by the California Bankruptcy Court by an order entered on July 3, 2012. See *Order Denying Motion to Vacate Order*, annexed hereto as **Exhibit 10**.

18. The Aniel Debtors filed a notice of appeal of the *Order Denying Motion to Vacate Order* on July 13, 2012 (see First Aniel Bankruptcy Docket Report), which, as of the date hereof, remained pending before the United States District Court, Northern District of California, San Francisco Division, Case No. C-12-03794 (JSW).

### 3. The California Action

19. On August 9, 2012, the Aniels filed a civil complaint (the "Complaint") against GMACM in the United States District Court, Northern District of California, Oakland Division

(the "District Court"), case number 4:12-cv-04201-SBA (the "California Action").³  See Complaint, annexed hereto as **Exhibit 11**.  In their Complaint, the Aniels alleged nine claims for relief in connection with the pending foreclosure.  Id.

20. On August 15, 2012, the Aniels filed an *Ex Parte Application for Temporary Restraining Order and Order to Show Cause* ("TRO Application") seeking an order to enjoin the trustee's sale of the Property.  See California Action Docket Report, annexed hereto as **Exhibit 12**.  On September 26, 2012 the District Court entered an *Order Denying the Aniels' TRO Application*.  Id.  In response, the Aniels filed a pleading titled *Plaintiffs' Leave to File a Motion for Reconsideration of the Court's Order Denying Plaintiffs' Application for Preliminary Injunction* ("Motion for Reconsideration") on October 4, 2012.  Id.  On October 30, 2012, the District Court entered an *Amended Order Denying the Aniels' Ex Parte TRO Application*.  Id.  On November 2, 2012, the Aniels' Motion for Reconsideration was denied.  Id.

21. On March 4, 2013, the Aniels filed a *Request for Preliminary Injunction*, again seeking an order to enjoin the trustee's sale of the Property, which was denied by the District Court on June 7, 2013.  Id.

22. As of the date hereof, the California Action was still pending.

---

³ Notwithstanding the imposition of the automatic stay upon the commencement of the Debtors' Chapter 11 cases, the Aniels' prosecution of the California Action was permitted pursuant to the relief granted in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774].  The Aniels have filed several proofs of claim against the Debtors relating to the California Action.  The Debtors reserve all rights in connection with those proofs of claim, which will be addressed in the ordinary course via the Debtors' claims reconciliation process.

ny-1101313                                            6

### 4. The Second Aniel Bankruptcy Case and Adversary Proceeding

23. On November 1, 2012, following the entry of the *Amended Order Denying the Aniels' Ex Parte TRO Application*, Marc Aniel, filed for Chapter 11 relief in the California Bankruptcy Court, Case No. 12-33117 (the "Second Aniel Bankruptcy"), in a further attempt to forestall the foreclosure. See Second Aniel Bankruptcy Docket Report, annexed hereto as **Exhibit 13**.

24. On November 29, 2012, GMACM filed a motion for relief from the stay in order to proceed with the foreclosure of the Property on the basis that it lacked adequate protection and the Property was not necessary to Marc Aniel's reorganization, because he is not a borrower under the Loan. See *GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation's Motion for Relief from the Automatic Stay*, annexed hereto as **Exhibit 14**.

25. After the closing of the Ocwen Sale, Ocwen replaced GMACM in the Second Aniel Bankruptcy as successor in interest. See Second Aniel Bankruptcy Docket Report. On May 24, 2013, the California Bankruptcy Court entered a final order granting stay relief to proceed with the foreclosure against the Property (the "Stay Relief Order").[4] See *Order Granting Ocwen Loan Servicing, LLC Successor to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation Relief from the Automatic Stay*, annexed hereto as **Exhibit 15**. Marc Aniel filed a motion for reconsideration, which was denied pursuant to an order entered on June 19, 2013. See Second Aniel Bankruptcy Docket Report.

26. On February 14, 2013, Marc Aniel commenced an adversary proceeding in the Second Aniel Bankruptcy against GMACM, Adv. No. 13-03017, (the "Adversary Proceeding") asserting claims similar to those raised in the California Action in connection with the pending

---

[4] The order granting stay relief in the Second Aniel Bankruptcy was amended on May 29, 2013 to correct typographical errors in the initial order. [ECF No. 127]. Id.

foreclosure against the Property.  See *Complaint To Determine The Extent And Validity Of Lien On Real Property, For Quiet Title, For Declaratory Relief To Determine The Holder Of The Note, And A Conditional Action For An Accounting*, annexed hereto as **Exhibit 16**.

27.     On March 18, 2013, Ocwen, as successor to GMACM filed a motion requesting that the California Bankruptcy Court dismiss the Adversary Proceeding, or, in the alternative, abstain from adjudicating the Adversary Proceeding in light of the nature of the relief requested and the pending California Action.  See *Motion To Dismiss Complaint; Memorandum Of Points And Authorities In Support Thereof*, annexed hereto as **Exhibit 17**.

28.     On April 23, 2013, the California Bankruptcy Court entered an order providing that it would abstain from all causes of action in the Adversary Proceeding pursuant to 28 U.S.C. § 1334(c).  See *Order On Ocwen Loan Servicing, LLC Successor To GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation Motion To Dismiss Complaint*, annexed hereto as **Exhibit 18**.

29.     On June 17, 2013, the California Bankruptcy Court entered an order converting the Second Aniel Bankruptcy case from Chapter 11 to Chapter 7.  See Second Aniel Bankruptcy Docket Report.

30.     On June 19, 2013, Marc Aniel filed a notice of appeal to the United States Bankruptcy Appellate Panel of the Ninth Circuit of the California Bankruptcy Court's denial of his motion for reconsideration of the Stay Relief Order, Case No. 13-1292.  Id.  As of the date hereof, that appeal was still pending.  See Ninth Circuit BAP Docket Report, annexed hereto as **Exhibit 19**.

### 5.     The Objection

31.     On May 31, 2013, just a few days after the entry of the Stay Relief Order and more than three months after the closing of the Ocwen Sale, Ms. Aniel, appearing *pro se*, filed the Objection.

ny-1101313                                    8

32. After the Objection was filed, at the Debtors' request, an attorney from Silverman Acampora LLP, in its capacity as special counsel to the Official Committee for Unsecured Creditors for borrower matters, contacted Ms. Aniel to better understand the basis for the Objection, and to determine whether a consensual resolution of the Objection was possible. The Debtors understand that the discussion with Ms. Aniel was not productive, and no resolution was reached.

### III.  RESPONSE

33. It is well established that *pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) (instructing that "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim"). Even under this flexible standard, however, the Objection fails to establish entitlement to any of the relief requested therein: (1) clarification as to whether the securitization trust that issued mortgage-backed securities backed by, among others, Ms. Aniel's loan was transferred to Ocwen,[5] (2) a declaratory judgment that the Deed of Trust securing Ms. Aniel's Loan is null and void, and (3) an investigation by the United State Trustee of the Debtors' purported misconduct.

34. To the extent Ms. Aniel's pleading is construed to be an objection to the Ocwen Sale, the November 1, 2012 deadline to object to the Ocwen Sale expired nearly eight months ago. The Ocwen Sale was approved by this Court following an extensive evidentiary hearing in November and has already closed. Thus, the Objection is untimely and should be overruled.

---

[5]  It is unclear from the Objection whether Ms. Aniel is contesting the transfer of the servicing rights for her Loan, or is asserting that the Ocwen Sale purported to effectuate the transfer of the Loan itself. See Objection, ¶ 28. To the extent it is the latter, the Objection is factually inaccurate, as the Platform Assets sold to Ocwen included only the Debtors' servicing rights, and not the loans to which those servicing rights related.

ny-1101313                                9

35. The remainder of the relief requested in the Objection appears to be last-ditch attempt to further forestall the foreclosure on the Property. However, at this point in time, this Court lacks jurisdiction to grant the requested relief. As the Court has noted in a recent order denying a similar objection by another borrower in these Chapter 11 cases:

> [T]his Court does not have jurisdiction to adjudicate a dispute over loan documents between [a borrower] and Ocwen; the sale of Debtors' Platform Assets to Ocwen concluded months ago, therefore this dispute would have no conceivable effect on the Debtors' estate. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1985) (holding that civil proceeding is related to bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.").

*Order Denying Julio Pichardo's Requests for Relief,* at 5 [Docket No. 3521]. Because the relief requested by Ms. Aniel with respect to her Loan would similarly have no conceivable impact on the Debtors' estates, this Court lacks the subject matter jurisdiction to enter it.

36. Even if this Court had jurisdiction over the pending foreclosure, the Aniels are already contesting the foreclosure in the California Action. Indeed, the Objection recites many of the same allegations raised in the Complaint. Compare Obj. ¶¶ 7, 12 (alleging fabrication of assignments of deed) with Complaint ¶ 7 (alleging same); Obj. ¶ 17 (alleging violations of pooling and servicing agreement resulting in ineffective transfer of title) with Complaint ¶ 33 (same); Obj. ¶¶ 25-27 (alleging wrongful denial of loan modification application) with Complaint ¶¶ 38-39). Because these claims are already being litigated by the Aniels in the California District Court, this Court's abstention is warranted. See, e.g., Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320, 1328 (11th Cir. 2004) ("[W]hen multiple federal district courts might contemporaneously litigate concurrent jurisdictions, although 'no precise rule has evolved, the general principle is to avoid duplicative litigation.'") (quoting Colo. River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (U.S. 1976)).

37. Ms. Aniel's request that the United States Trustee conduct an investigation of the Debtors' purported misconduct is also misplaced. Ms. Aniel's allegations that the Debtors are

continuing to act as servicer for her Loan and others and, in doing so, are violating unspecified state and federal laws, are vague, nonsensical, and without merit.  Nor do they provide a justification for an investigation by the United States Trustee, whose role is to oversee the administration of the Debtors' Chapter 11 Cases—not to monitor or investigate the Debtors' day-to-day business practices.

## IV.    RESERVATION OF RIGHTS

38.    The Debtors reserve all rights to seek the imposition of sanctions against Ms. Aniel pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9011, in connection with the Objection or otherwise, as they deem appropriate.

## V.    CONCLUSION

Because the relief Ms. Aniel seeks is untimely and outside the jurisdiction of this Court to grant, the Debtors request that the Court enter an order overruling the Objection in its entirety.

New York, New York  
Dated: August 23, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Melissa A. Hager  
Erica J. Richards  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*