# **EXHIBIT 10**

Entered on Docket
July 03, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed and Filed: July 2, 2012**



_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 09-30452DM |
| FERMIN SOLIS ANIEL and ERLINDA ABIBAS ANIEL, | ) |
| | ) Chapter 7 |
| | ) |
| Debtors. | ) |
| _____ | ) |

ORDER DENYING MOTION TO VACATE ORDER

Debtors in this converted Chapter 7 case filed a voluntary petition under Chapter 11 on February 25, 2009. Their case was converted to Chapter 7 on their motion on August 2, 2010. On December 2, 2010, the court entered Debtors' Discharge (Docket No. 263). The Chapter 7 trustee filed a Report of No Distribution on February 3, 2011, and on February 4, 2011, the court entered a Final Decree and the case was closed.

Sixteen months later, on June 18, 2012, Debtors submitted a Certification of Debtors' Discharge (Docket No. 272) ("Certification"). In the first paragraph of the Certification, Debtors repeated the substance of the court's December 2, 2010, Discharge, reciting that ". . . debtors are granted a discharge under section 727 of Title 11, United States Code, (the "Bankruptcy Code")." But the Certification went on to do much

-1-

more, namely to discharge and declare void a deed of trust securing a discharged debt on property they own in San Francisco. Debtors did not serve the Certification on any affected creditor or other parties in interest.

The purpose of the Certification plainly is to clear the deed of trust from the property, the equivalent of a quiet title action, yet Debtors did not pay a fee to reopen their case nor commence an adversary proceeding to determine the validity of any lien on their property (see Fed. R. Bankr. P. 7001(2) & (9)).

To dispose of this unusual and procedurally improper proceeding, the court simply issued an Order Denying Debtors' Requested Certifications Regarding Effect of Discharge On Secured Debts on June 21, 2012 (Docket No. 271) ("Order Denying Certification"). The court explained that under controlling United States Supreme Court precedents, liens survive discharge in Chapter 7 bankruptcy and, while in personam liability is eliminated, the subject property remains burdened by the lien, preserving for the holder a right to payment from the proceeds of any sale of the property.

Incredibly, Debtors responded on June 28, with their Motion To Vacate Sua Sponte Order On Certification Of Discharge (Docket No. 274). In that motion Debtors recite that they "never expected that this court in relation to debtors' prepared certificates would issue a public order." As the docket in this case reflects, Debtors are no strangers to bankruptcy process. More specifically, all of their requests throughout this long case have been dealt with by public responses on the court's docket. If they did not expect the court to issue a public order, it is not

clear what they in fact expected to do with the Certification had the court signed it.

    Audaciously, the Debtors now recite that the court lacks jurisdiction to issue the Order Denying Certification.  They do not explain how, if there was no jurisdiction to issue that order, there might have been jurisdiction to issue the Certification. Further, their motion to vacate is completely silent on the legal principles recited in the Order Denying Certification.  Instead, they contend that the court should vacate its order with the proposed Certification unsigned, leaving the debtors in the same position had they never submitted the Certification.  That is exactly the situation resulting from the court's Order Denying Certification, namely the deed of trust remains valid as against their property.  This episode of the Debtors' aggressive and legally unsupportable request, and the court's response, proves the adage "Be careful what you ask for."

    The Motion To Vacate Sua Sponte Order On Certification Of Discharge is DENIED.

**END OF ORDER**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Fermin Solis Aniel<br>75 Tobin Clark Drive |
| 3 | Hillsborough, CA 94010 |
| 4 | Erlinda Abibas Aniel<br>75 Tobin Clark Drive |
| 5 | Hillsborough, Ca 94010 |
| 6 | BAC Home Loans Servicing, LP fka Countrywide Home<br>7105 Corporate Drive |
| 7 | PTX-B-35<br>Plano, TX 75024 |
| 8 | |
| 9 | Litton Loan Servicing, L.P.<br>Bankruptcy Department<br>4828 Loop Central Drive |
| 10 | Houston, TX 77081-2226 |
| 11 | National City Bank<br>P.O. Box 94982 |
| 12 | Cleveland, OH 44101 |
| 13 | Aurora Loan Services, LLC<br>c/o McCarthy Holthus, LLP |
| 14 | 1770 Fourth Avenue<br>San Diego, CA 92101 |
| 15 | |
| 16 | OneWest Bank, FSB<br>7700 W. Palmer, Bldg. D<br>Austin, Texas 78729 |
| 17 | |
| 18 | American Home Mortgage Servicing Inc.<br>4875 Belfort Road Suite 130<br>Jacksonville, Florida 32256 |
| 19 | |
| 20 | GMAC Mortgage, LLC<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933 |
| 21 | San Diego, CA 92177-0933 |
| 22 | HSBC Bank USA, National Association<br>c/o Pite Duncan, LLP |
| 23 | 4375 Jutland Drive, Suite 200<br>P.O. Box 17933 |
| 24 | San Diego, CA 92177-0933 |
| 25 | |
| 26 | |
| 27 | |
| 28 | |