# **EXHIBIT 14**

1  ADAM N. BARASCH (State Bar No. 158220)
   THOMAS N. ABBOTT (State Bar No. 245568)
2  JOHN B. SULLIVAN (State Bar No. 96742)
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, California 94111
   Telephone: (415) 398-3344
5  Facsimile: (415) 956-0439
   anb@severson.com
6
7  Attorneys for Movant
   GMAC Mortgage, LLC f/k/a GMAC Mortgage
   Corporation
8

9              UNITED STATES BANKRUPTCY COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

| | |
|---|---|
| 12  In re | Case No. 12-33117 |
| 13  MARC JASON ANIEL, | Chapter 11 |
| 14       Debtor. | R.S. No.: ANB-1358 |
| 15  GMAC MORTGAGE, LLC f/k/a GMAC MORTGAGE CORPORATION, | **GMAC MORTGAGE, LLC f/k/a GMAC MORTGAGE CORPORATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| 16       Movant, | |
| 17  vs. | Date:    December 13, 2012 |
| 18  MARC JASON ANIEL, | Time:   9:30 AM  
Judge:  Hon. Dennis Montali |
| 19       Respondent. | Crtrm.: 235 Pine Street  
Courtroom 22  
San Francisco, CA 94104 |

GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation (hereinafter "Movant") hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause on the grounds that Movant's interest in the real property located at 75 Tobin Clark Drive, Hillsborough, CA 94010 ("real property") is not adequately protected. Furthermore, Marc Jason Aniel ("Debtor") has filed this bankruptcy to forestall Movant's foreclosure sale of the real property. Debtor is not the borrower under the Note, nor a party to the loan. The borrower is Erlinda Aniel.

1  Movant also seeks relief pursuant to 11 U.S.C. § 362(d)(2) on the grounds that there is no
2  equity in the real property for the Debtor or the estate, and the real property is not necessary for
3  the Debtor's effective reorganization.

4  This motion is brought pursuant to Local Bankruptcy Rule 4001-4 of the Local Rules of
5  Practice for the United States Bankruptcy Court, Northern District of California and is supported
6  by the concurrently filed notice and declaration, as well as all other papers and pleadings on file in
7  the Debtor's bankruptcy case, and such other evidence as may be filed prior to, or presented at, the
8  hearing(s) in this matter.

### STATEMENT OF FACTS

10  The factual allegations herein are supported by the concurrently filed declaration of Peter
11  Knapp ("Knapp declaration").

12  On June 4, 2007, Erlinda Aniel (hereinafter "Borrower") signed a Promissory Note
13  ("Note") in the original principal amount of $2,000,000.00 in favor of MortgageIt, Inc.
14  ("Originator"). Pursuant to the terms of the Note, Borrower was to make monthly payments until
15  the Note maturity date. The Note also provides that Borrower will pay collection costs, including
16  reasonable attorneys' fees and court costs. A copy of the Note is attached to the Knapp
17  declaration as Exhibit A and is incorporated herein by reference.

18  As security for the obligations under the Note, Borrower conveyed to Originator a Deed of
19  Trust on real property commonly known as 75 Tobin Clark Drive, Hillsborough, California 94010
20  ("real property"). Per the Deed of Trust, "Fermin Aniel and Erlinda Aniel, Husband and Wife and
21  Marc Jason Aniel, a single man," ("Debtor") are listed as "all joint tenants" and are all signatories
22  to the Deed of Trust. A copy of the Deed of Trust is attached to the Knapp declaration as Exhibit
23  B and is incorporated herein by reference. The Deed of Trust was assigned from MortgageIt, Inc.
24  to HSBC Bank USA, National Association as Trustee for DALT 2007-OA5. A copy of this
25  assignment is attached to the declaration of Knapp as Exhibit C and is incorporated herein by
26  reference. On February 1, 2011, the Deed of Trust was subsequently assigned to Movant. A
27  copy of this assignment is attached to the Knapp declaration as Exhibit D, and is incorporated
28  herein by reference.

1   Borrower, Erlinda Aniel, has previously filed for bankruptcy. On February 25, 2009,
2   Borrower and Fermin Solis Aniel filed for Chapter 11 relief in the United States Bankruptcy
3   Court, Northern District of California, San Francisco Division, Case Number 09-30452. This
4   bankruptcy case was later converted to a Chapter 7 on August 2, 2010. On December 2, 2010,
5   Borrower and Fermin Aniel received a discharge, and on February 4, 2011, the bankruptcy case
6   was closed. A copy of the bankruptcy docket report for Borrower's prior bankruptcy case is
7   attached to the Knapp declaration as Exhibit E and is incorporated herein by reference.
8   On April 27, 2012, Movant caused a Notice of Default and Election to Sell ("Notice of
9   Default") to be recorded, initiating foreclosure of the Deed of Trust. A copy of the Notice of
10  Default is attached to the Knapp declaration as Exhibit F and is incorporated herein by reference.
11  On August 1, 2012 Movant caused a Notice of Trustee's Sale to be published and
12  recorded, and a foreclosure sale was set for August 27, 2012. A copy of the Notice of Trustee's
13  Sale is attached to the Knapp declaration as Exhibit G and is incorporated herein by reference.
14  On August 9, 2012, Borrower, Erlinda Aniel, Fermin Aniel, and Debtor, or collectively
15  "the Aniels," filed a civil complaint against GMAC Mortgage, LLC, in the United States District
16  Court, Northern District of California, Oakland Division, case number 4:12-cv-04201-SBA. In
17  their complaint, they alleged nine claims for relief in connection with the pending foreclosure of
18  the real property located at 75 Tobin Clark Drive, Hillsborough, California 94010. On August 15,
19  2012, the Aniels filed an Ex Parte Application for Temporary Restraining Order and Order to
20  Show Cause ("TRO Application") seeking an order to enjoin the Trustee's Sale of the real
21  property. On September 26, 2012 the District Court entered an Order Denying the Aniels' TRO
22  Application. In response, the Aniels filed a Motion for Reconsideration on the Order on the TRO
23  Application ("Motion for Reconsideration") on October 4, 2012. On October 30, 2012, the
24  District Court entered an Amended Order Denying the Aniels' Ex Parte TRO Application. A copy
25  of the Amended Order Denying the Ex Parte TRO Application is attached to Knapp declaration as
26  Exhibit H and is incorporated herein by reference. On November 2, 2012, the Aniels' Motion for
27  Reconsideration was denied.
28  Following the entry of the Amended Order Denying the Aniels' Ex Parte TRO

1  Application, Debtor, Marc Aniel, filed this instant bankruptcy case on November 1, 2012.

2  As of November 1, 2012, Movant is owed $2,887,367.46 which is based on the principal

3  amount, late fees, default interest, and collection costs and fees.  A true and correct copy of the

4  payoff statement, with personal identifying information redacted, is attached to the Knapp

5  declaration as Exhibit I and is incorporated herein by reference.

## ARGUMENT

**Movant Is Entitled To Relief From The Automatic Stay For Cause, Including Lack Of Adequate Protection**

Movant is entitled to relief from stay for cause, due to lack of adequate protection.  11 U.S.C. §362(d)(1).  A debtor's failure to repay this loan in full as per the terms of the agreement is "cause" for granting relief from the automatic stay.  *In re Ellis* 60 B.R. 435 (9th Cir. BAP 1985). See also *In re Elmore* 94 B.R. 670 (Bankr. C.D. Cal 1988).  However, Debtor is not the borrower under the Note, and thus is not a party to the loan. The borrower is Erlinda Aniel.

There have been no payments made on this Loan since June 17, 2008. This account is due for the July 2008 payment.

In addition, Movant is not receiving adequate protection to which it is entitled.  Therefore, Movant is entitled to relief from stay for cause due to lack of adequate protection under 11 U.S.C. §362(d)(1).

**Movant Is Entitled To Relief From The Automatic Stay Because There Is No Equity In The Real Property For The Estate Of The Debtor And The Real Property Is Not Necessary For An Effective Reorganization**

Movant is also entitled to relief from stay for lack of equity.  11 U.S.C. §362(d)(2).

The encumbrances against the property total approximately $2,887,367.46.  Pursuant to Debtor's Schedule A, Debtor values the property at $525,000.00.  A copy of Debtor's Schedule A is attached to the Knapp declaration as Exhibit J and is incorporated herein by reference.

Given the lack of equity in this property, Movant is entitled to relief from the automatic stay under §362(d)(2) unless the debtor shoulders the burden of establishing that the property is necessary for effective reorganization. The issue then becomes whether there is a reasonable possibility of a successful reorganization within a reasonable time. *In re Bonner Mall*

1  *Partnership*, 2 F.3d 899, 902 (9th Cir. 1993).  This requires, "not merely a showing that if there is

2  conceivably to be an effective reorganization, this property will be needed for it; but that the

3  property is essential for an effective reorganization that is in prospect." *United Svgs. Ass'n of*

4  *Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 375-376, 108 S.Ct. 626, 632-

5  633 (1988).  Property is not necessary to an effective reorganization if there is no reasonable

6  likelihood the debtor can be successfully reorganized.  *In re Albany Partners, Ltd*., 749 F.2d 670,

7  673 (11th Cir. 1984).  Debtor bears the burden of proof that such a reorganization is in prospect.

8  11 U.S.C. §362(g)(2).

9        Any prospect for reorganization hinges on the Debtor's ability to either obtain post-petition

10  financing or to sell the subject property.  Here, as mentioned above, Debtor is not the borrower

11  under the Note, nor a party to the loan.  Because Debtor is not the borrower, there is no reasonable

12  likelihood of reorganization, and the property is not necessary to an effective reorganization.

13  **CONCLUSION**

14        For the reasons set forth above, Movant respectfully requests that this Court:

15        A.    Grant Movant, its agents, assigns, employees, and successors in

16  interest immediate relief from the automatic stay authorizing their right to seek all remedies under

17  applicable non-bankruptcy law pursuant to the Note and Deed of Trust, including but not limited

18  to foreclosing upon and obtaining possession of the subject real property;

19        B.    Waive the fourteen (14) day waiting period under Bankruptcy Rule 4001(a)(3);

20        C.    Award Movant its reasonable attorney's fee and costs incurred in

21  bringing this motion; and

22        D.    For such other and further relief as this Court deems necessary and proper.

23

24

25

26

27

28

19000.1358/2469689.1    -5-    MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 12-33117    Doc# 47    Filed: 11/29/12    Entered: 11/29/12 16:05:34    Page 5 of 6

|     |     |     |
| --- | --- | --- |
| 1   | DATED: November 29, 2012 | SEVERSON & WERSON<br>A Professional Corporation |
| 2   |     |     |
| 3   |     |     |
| 4   |     | By:     /s/ Adam N. Barasch |
|     |     |          Adam N. Barasch |
| 5   |     |     |
| 6   |     | Attorneys for Movant<br>GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation |
| 7   |     |     |

(Lines 8–28 blank)

19000.1358/2469689.1     -6-     MOTION FOR RELIEF FROM THE AUTOMATIC STAY