# **EXHIBIT 16**

Marc Jason Aniel (SBN: 282466)
75 TOBIN CLARK DRIVE
HILLSBOROUGH, CA 94010
Phone: 650-814-9478
Fax:    650-571-5829
Email: mj_aniel@me.com

DEBTOR IN PRO SE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of<br><br>MARC JASON ANIEL,<br><br>    Debtor.<br>——————————————<br>MARC JASON ANIEL,<br>DEBTOR AND PLAINTIFF<br><br>vs.<br><br>GMAC MORTGAGE, LLC f/k/a GMAC MORTGAGE CORPORATION | CHAPTER 11<br><br>Case No. 12-33117-DM<br><br>Petition Filing Date: November 01, 2012<br><br>**COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIEN ON REAL PROPERTY, FOR QUIET TITLE, FOR DECLARATORY RELIEF TO DETERMINE THE HOLDER OF THE NOTE, AND A CONDITIONAL ACTION FOR AN ACCOUNTING**<br><br>**Jury Trial Demanded**<br><br>Honorable Judge Dennis Montali |

    COMES NOW, Marc Jason Aniel, Debtor and Plaintiff, files this Complaint to Determine the Extent and Validity of Lien on Real Property, for Quiet Title, for Fees and Costs, for Declaratory Relief, Return of adequate protection payments, and a Conditional Action for an Accounting, and presents unto the Court as follows:

**JURISDICTION AND VENUE**

    1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157; 1334; 1652; 2201; FRCP 57, and B.R. 7001(1), (2), and (9), et seq. Pursuant to B.R. 3007(b), FRCP 57; an Objection to Claim may be included in an Adversary Proceeding. However, as of the date this

Complaint is filed, no Proof of Claim has been filed in this case. Venue is appropriate in this district pursuant to 28 U.S.C. §1408 and 1409.

2. This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. To the extent this proceeding is determined to be a non-core proceeding, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

**PARTIES**

3. Plaintiff is an individual, and debtor of the within-captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 01, 2012 ("the Bankruptcy Case").

4. Defendant, GMAC MORTGAGE, LLC, f/k/a GMAC MORTGAGE CORPORATION can be served through its Bankruptcy attorney of record, Adam N. Barasch, Esq., of SEVERSON & WERSON, A Professional Corporation, at the address of One Embarcadero Center, Suite 2600 San Francisco, California 94111.

5. The Property in question for this case (herein "subject property") is Plaintiff's residence and has the following legal description:

6. "Lot 15, as shown on that certain Map entitled, "TOBIN CLARK ESTATES UNIT NO. TWO, SAN MATEO COUNTY, CALIFORNIA", filed in the Office of the Recorder of the County of San Mateo, State of California on June 25, 1976 in Book 91 of Maps at Pages 17 and 18. APN: 038-352-040"

**FACTUAL BACKGROUND**

7. On or around June 4, 2007, Erlinda Abibas Aniel executed a Promissory Note (herein "Note") in favor of MortgageIT, Inc. for the refinance of the subject property.

8. On or around June 4, 2007, Erlinda Abibas Aniel, Fermin Solis Aniel, and Plaintff, Marc Jason Aniel, executed a Deed of Trust in favor of MortgageIT, Inc., to secure the Promissory Note that was executed on the same day by Erlinda Abibas Aniel. In the Deed of Trust, MortgageIT, Inc. was disclosed as the Lender. Mortgage Electronic Registration

Systems, Inc. was disclosed as the beneficiary, solely in its capacity as a nominee for the Lender. Fidelity National Title was disclosed as the Trustee. See Exhibit "A".

9. On information and belief, Plaintiff alleges that prior to them signing the Note and Deed, MortgageIT had already agreed to sell her loan to another entity or entities. And that shortly after the origination of her Loan, MortgageIT did in fact sell her loan to another entity or entities.

10. Plaintiff alleges that these unknown entities and Defendant were involved in an attempt to securitize their Note into the HSBC Bank, USA, National Association as Trustee for DALT2007-OA5 trust ("HSBC"). In order for the Note to be a part of the HSBC trust, the entities involved were required to follow various agreements and established laws, including the Trust Agreement that govern the creation of the Trust. Plaintiff alleges the entities involved in the attempted securitization of the Plaintiffs' Note failed to adhere to the requirements of the Trust. Under the DALT2007-OA5 Pooling and Servicing agreement, "PSA", "[t]he Depositor at the Closing Date is the owner of the Loans and the other property being conveyed by it to the Trustee for inclusion in the Trust Fund..." See Exhibit "B" page 7 of 149.[1] Under the "PSA", the closing date was July 31, 2007. *Id* at page 27 of 149. Under 2.7 of the "PSA", it states that all parties to the Trust must follow the "PSA". *Id* at page 63 of 149 ("The Depositor does hereby establish, pursuant to the further provisions of this Agreement and the laws of the State of New York, an express trust to be known, for convenience, as "Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5" and does hereby appoint HSBC Bank USA, National Association as Trustee in accordance with the provisions of this Agreement.").

Furthermore, Section 2.8 of the "PSA", "Purpose and Powers of the Trust" states:

> The purpose of the common law trust, as created hereunder, is to engage in the following activities:
> (b) acquire and hold the Loans and the other assets of the Trust Fund and the proceeds therefrom;
> (c) to issue the Certificates sold to the Depositor in exchange for the Loans;

---

[1] The "PSA" is available online at http://www.sec.gov/Archives/edgar/data/1407106/000116231807000776/m0777exhibit41.htm. Plaintiffs have attached the cited pages of the PSA in its Motion for Leave of Reconsideration Exhibit "B". Should the Court require the entire document of its review in paper form, Plaintiffs can provide the Court with the entire document at the Court's earliest request.

3

    (d) to make payments on the Certificates;
    (e) to engage in those activities that are necessary, suitable or convenient to accomplish the foregoing or are incidental thereto or connected therewith; and
    (f) subject to compliance with this Agreement, to engage in such other activities as may be required in connection with conservation of the Trust Fund and the making of distributions to the Certificateholders.
    The trust is hereby authorized to engage in the foregoing activities. The Trustee shall not cause the trust to engage in any activity other than in connection with the foregoing or other than as required or authorized by the terms of this Agreement while any Certificate is outstanding, and this Section 2.8 may not be amended without the consent of the Certificateholders evidencing 51% or more of the aggregate Voting Rights of the Certificates. *Id* at 63-64 of 149.

  11. As a result, Plaintiffs' Note was not properly transferred to the DALT-2007-AO5 asset/res. This became more apparent when on or around September of 2009, Erlinda Abibas Aniel called HSBC Bank, the trustee of the Trust, to confirm that her Note was in fact in the alleged Trust. A representative of HSBC Bank, named "Marianne", informed Erlinda Abibas Aniel that her subject property, loan number, her name, and the property address was no where to be found in their database, and that HSBC did not have that subject property in their records.

  12. This fatal defect renders Defendant as third-party strangers to the underlying debt obligation without the power or right to demand payment, declare default, negotiate the loan, file any Proof of Claim, and foreclose the subject property. Although Defendant was aware of this fact, they have and continue to act as if they have authority to demand payment, declare default, negotiate the loan, and foreclose on their property. Plaintiff specifically disputes this fact.

  13. Based on the findings, the Note and the Deed were not properly conveyed to the DALT-2007-AO5 because (1) the beneficial interest in the Plaintiffs' Note and Deed were not effectively assigned, granted, or transferred to the Sponsor or Depositor (who were supposed to convey Plaintiffs' Note and Deed into the Trust) prior to the closing date of the Trust and (2) HSBC failed to perfect the title to the Note and Deed by not strictly following the requirements of the PSA and other law, regulations, and agreements that govern the DALT-2007-AO5 when assigning the Deed of Trust. An assignment of beneficial interest in the Deed and endorsement of the Note after the closing date and not in compliance with the guidelines of the trust assignment was a violation of the PSA.

14. Plaintiff alleges that the Note was purportedly endorsed after the closing date of the DALT-2007-AO5, which was on July 31, 2007. This date was established in the PSA and is the date by which all of the Notes had to be transferred into the DALT-2007-AO5 in order for the Note to be part of the trust res.

15. On or around February 25, 2009, Plaintiff's parents and co-owners of the subject real property, Fermin Solis Aniel and Erlinda Abibas Aniel, filed for Bankruptcy under Chapter 11. See Case number 09-30452 DM. The case has since been converted to Chapter 7 and closed on February 02, 2011.

16. On or around August 08, 2009, "Janine Yamoah", a purported "Assistant Secretary" for MERS, executed a purported Assignment of the Deed of Trust. See Exhibit "C". The Assignment alleges that for "value received" MERS granted, assigned, and transferred to HSBC Bank USA, National Association as Trustee for DALT2007-OA5 all beneficial interest in the Deed, together with the Note "the money due and to become due thereon with interests, and all rights accrued or to accrue under said Deed of Trust." Plaintiff alleges that no such transfer ever occurred and that "Janine Yamoah" had no corporate authority to assign Plaintiffs' Note and Deed to HSBC and was not an employee of MERS, but was an employee of GMAC and a robo-signer.

17. HSBC as Trustee filed a Proof of Claim in this Court in relation to Fermin Solis Aniel and Erlinda Abibas Aniel's bankruptcy case on September 14, 2009, and amended twice on March 25, 2010, and May 21, 2010. On October 09, 2009, Fermin Solis Aniel and Erlinda Abibas Aniel, filed an objection to HSBC's Proof of Claim, which was later amended on October 13, 2009. See In Re: Aniel, 09-30452 DM, Doc. 78 and 80. The Aniels objected to HSBC's standing as a Secured Creditor to the subject property and objected to HSBC's purported secured debt amount. HSBC responded to Fermin Solis Aniel and Erlinda Abibas Aniel's objection on November 13, 2009. See In Re: Aniel, 09-30452 DM, Doc. 90. HSBC provided documents in support of its purported standing as the secured creditor and the purported secured debt.

18. On December 18, 2009, the Bankruptcy Court held a hearing and denied the Aniels their objection to the Proof of Claim with the exception of the disputed charges claimed by

HSBC. The Aniels were required to file and serve by January 15, 2010, an opposition to the charges and another status conference would be held on January 29, 2010.

19. On January 29, 2010, the Bankruptcy Court held another Status conference in regards to the Aniels' objection to HSBC's proof of claim. The Bankruptcy Court required Counsel for HSBC to amend its claim within 30 days. The Bankruptcy Court also required Counsel to file a declaration establishing that HSBC is the holder of the note. The Aniels were required to amend the objection on March 15, 2010. A continued status conference was scheduled March 26, 2010.

20. On March 24, 2010, HSBC filed a supplement declaration in support of their opposition to the Aniels' objection to HSBC's Proof of Claim.

21. On March 26, 2010, the Bankruptcy Court held another Status conference hearing and ordered that the Aniels and HSBC provide statement what discovery would be taken, what witnesses would be called, what would be presented and what facts will be proven at trial.

22. On April 23, 2010, the Bankruptcy Court held another Status conference hearing, where they required HSBC to file a declaration regarding the whereabouts of the original note and a declaration that explained why the proof of claim did not include the original endorsement by May 06, 2010. The Bankruptcy court required HSBC to amend its proof of claim by May 06, 2010, and was to serve the Aniels with a copy. Aniels were to respond to the amended proof of claim and the declarations by May 20, 2010. A continued status conference would be held on May 27, 2010, which was later continued to June 10, 2010.

23. On May 21, 2010, HSBC amended its Proof of Claim, attempting to comply with the Bankruptcy Court's request. On June 01, 2010, the Aniels objected to the supplemental documents and the amended Proof of Claim. On June 02, 2010, HSBC filed supplemental documents, purported an indorsment of the Note in blank, and an Assignment of the Deed.

24. On June 10, 2010, in a hearing, the Court overruled the Aniels' objection to HSBC's Proof of Claim to its standing. The Court determined that because HSBC brought the original Note with the endorsement that purports that HSBC owns the note, and purported an Assignment of the Deed of Trust, it has standing to file a Proof of Claim as the secured creditor.

25. On or around July 30, 2010, the Aniels converted their case to a chapter 7. On or around November 02, 2010, the Chapter 7 Trustee abandoned the subject property on the

request of the Aniels because the subject property had no value. Since November 02, 2010, the subject property has risen in market value and the second mortgage creditor, Chase Bank, subsequently removed the second mortgage debt and removed the second lien on the subject property.

26. On or around December 2, 2010, the Bankruptcy Court fully discharged the obligation to pay any debt on the subject property. On or around January 5, 2011, Erlinda Abibas Aniel and Fermin Solis Aniel—credit report disclosed that no debt was owed on the subject property. On or around February 4, 2011, the Aniels' bankruptcy case was closed.

27. On or around February 01, 2011, "Mira Smoot", a purported "Authorized Officer" for HSBC, executed a purported Assignment of the Deed of Trust. See Exhibit "D". The Assignment alleges that for "value received" HSBC granted, assigned, and transferred to GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION all beneficial interest in the Deed, together with the Note "the money due and to become due thereon with interests, and all rights accrued or to accrue under said Deed of Trust." Plaintiffs allege that no such transfer ever occurred and that "Mira Smoot" had no corporate authority to assign Plaintiffs' Note and Deed to GMAC and was not an employee of HSBC, but she is or was an employee of GMAC and a robo-signer. Also, the cut off date on this Trust was July 31, 2007. HSBC could not move or transfer asset in the Trust after the cut off date because it would be a violation of the PSA and be subject to taxation under REMIC. The Document was recorded on February 9, 2011. GMAC also did not obtain any endorsement of the Note prior to or concurrently with the assignment of the Deed of Trust. GMAC admits that HSBC purports an interest in the Note and that GMAC has no legal, equitable, or enforceable right under the note.

28. Sometime after February 9, 2011, GMAC associated account number "0713288492" as the loan number in relation to the subject property. This account number is different from the account number on Plaintiff's Deed of Trust and the Note on the subject property.

29. On or around April 21, 2012, Dee Ortega, a Trustee Sale Officer for ETS, as an agent for GMAC and purported Substituted Trustee, purported a Notice of Default on the subject property. See Exhibit "E". The Notice of Default purported that Plaintiffs owed $516,041.70 in a default amount. Plaintiffs allege that they do not owe any money on the

7

property. The document was recorded on April 27, 2012. The notice of default purports that GMAC, and GMAC only, was entitled to payment as the beneficiary of the Deed of Trust. Nowhere in the notice of default does it purport HSBC as the creditor or holder of the note.

30.    On or around July 27, 2012, Ileanna Peterson, a Trustee Sale Officer of ETS, purported a Notice of Trustee Sale on the subject property. See Exhibit "F". In that Notice, ETS scheduled a Trustee's Sale on the lien of the subject property for August 27, 2012. ETS purported that the total secured debt on the property under the Deed was $2,856,811.25, which is $856,811.25 more than the original loan amount of $2,000,000.00, and likely included the amount under the second deed of trust. GMAC, not as a loan servicer but as the purported creditor and beneficiary, has since continued and attempted to foreclose the subject property.

31.    Despite the fact that GMAC is attempting to foreclose the subject property, HSBC as Trustee for DALT-2007-OA5 is still claiming interest in the subject property. Currently, HSBC discloses, in its required monthly Remittance report, that they own the subject property under loan number "0115634254." See Exhibit "G". Under this report, HSBC AS TRUSTEE FOR DALT2007-OA5 is purporting that loan number under Plaintiffs' loan is "0115634254." *Id*. The loan number purported by HSBC AS TRUSTEE FOR DALT2007-OA5 is different from the loan number disclosed by Defendants in the Notice of Trustee Sale, which was "0713288492." Finally, GMAC, as subsidy of Residential Capital, LLC, filed for bankruptcy on May 14, 2012. See Case number 12012932, U.S. Bankruptcy Court, Southern District of New York. GMAC in its schedules list property they have an ownership interest in. No where in their schedules do they list the subject property or the underlying loan obligation as owned by GMAC as a beneficiary or noteholder. GMAC clearly misrepresented HSBC's continued interest in the subject property on the Notice of Trustee's Sale.

32.    GMAC admits to this fact in its declaration regarding its motion for relief from the automatic stay (See Doc. 77). GMAC employee, Peter Knapp, declared that the noteholder was still purportedly HSBC, whereas GMAC, as a servicer, obtained beneficial interest in the deed of trust for the sole purpose of foreclosing the property.

33.    Thus, HSBC is still claiming an interest in the subject property. However, at the same time GMAC is claiming to be the secured creditor when it attempted to foreclose the property and when it filed for a motion for relief from stay without filing a Proof of Claim. See

8

In Re: Marc Jason Aniel, 12-33117, Doc. 47. GMAC admits that it does not have any interest, legal or equitable, in the Promissory Note. GMAC purported employee, Peter Knapp, declared that HSBC still holds the Note and that GMAC is only the servicer of the loan. See Knapp declaration. This supplemental declaration directly contradicts the statements made in the Assignment of the Deed of Trust, where GMAC purports to have obtained beneficial interest, for value, together with the Note, in the Deed of Trust. See Exhibit "H". However, as it turns out, GMAC has no interest in the Promissory Note and is not entitled to payment under the Promissory Note. In summarize, HSBC purports to be the noteholder of the promissory note (the document that creates the obligation to pay), while a recorded assignment of the deed of trust purports that GMAC, for value, is the beneficiary of the deed of trust (the document that creates a secured interest in the obligation and the power to conduct a non-judicial foreclosure). Clearly, a separation of the note and deed has taken place with regards to the subject property.

34.  GMAC, purporting to be the Movant, without standing, filed a Motion for Relief from Stay. GMAC did not identify itself as the servicer or agent on behalf of HSBC, but rather as the Movant, in its own capacity as the beneficiary. GMAC purport that the Plaintiff owned them money as the Movant. This Court required Plaintiff to make two adequate protection payments of $7,500.00. GMAC agreed that if the Court determines that GMAC was not entitled to payment, that they would return the adequate protection payments.

**COUNT 1**

**DETERMINATION OF EXTENT AND VALIDITY OF LIEN AND QUIET TITLE WITH CORRESPONDING INJUNCTIVE RELIEF**

35.  Plaintiff seeks a determination of the extent and validity of a lien on Real Property pursuant to B.R. 7001(2), which provides for an adversary proceeding "to determine the validity, priority, or extent of a lien or other interest in property." In this regard, essentially GMAC asserted itself as the Secured Creditor/lien holder, holder of the Promissory Note, and beneficiary under the Deed of Trust. Plaintiff seeks a determination that GMAC does not hold any secure claim on the property as a beneficiary because it is not the noteholder of the note, which is held by HSBC. Plaintiff also seeks a determination that HSBC holds an unsecured claim against Erlinda Aniel because HSBC purported to assign the deed (without the note) to GMAC for the purposes of foreclosing the property.

36. The basis for the determination of the extent and validity of the lien claim in California State law is the Quiet Title Statute, Code Civ. Proc. §760.020, et seq. "An action may be brought under this chapter to establish title against adverse claims to real or personal property or any interest therein." Plaintiff is the co-owner of the Property and therefore has standing to bring such action. GMAC is a party that claims an interest, in the form of a purported lien claim that is adverse to Plaintiff's claim to clear title. This lien claim was recorded in the County of San Mateo under an Assignment of the Deed of Trust.

37. A quiet title complaint and judgment encompasses the right to a recordable judgment that effectively removes cloud upon title, and clears title for any subsequent purchaser of the property. Plaintiff alleges that the following documents create a cloud upon title that should be removed by the terms of the judgment in this case:

   A. Deed of Trust, recorded on June 08, 2007. Document number 2007-088561.
   B. Substitution of Trustee, recorded on September 29, 2008. Document number 2008-108476.
   C. Notice of Trustee Sale, recorded on January 02, 2009.
   D. Assignment of the Deed of Trust, recorded on September 21, 2009. Document number 2009-125757.
   E. Assignment of the Deed of Trust, recorded on February 09, 2011. Document number 2011-016800.
   F. Notice of Default, recorded on April 27, 2012. Document number 2012-058861.
   G. Substitution of Trustee, recorded on April 27, 2012. Document number 2012-058860.
   H. Notice of Trustee's Sale, recorded August 1, 2012. Document number 2012-108599.

38. Upon information and belief, GMAC is not the owner of the loan, holder of the Note, and beneficiary of the Deed of Trust. GMAC did not pay value for the Note and Deed to the party that previously owned the loan. GMAC is not the noteholder of the promissory note. Therefore, without a legal, equitable, or enforceable claim to the obligation of the debt, GMAC is not secured with a mortgage on the subject property.

39. GMAC admits they are not the holder of the Note. GMAC admits that it has no right to enforce the Note. Plaintiff denies the authenticity, validity and authority to make any

indorsements that appear on the original note. Plaintiff denies the validity and authority not to have the indorsement that were required to be signed or stamped upon the Note, pursuant to the terms of the Securitization Documents, including the lack thereof. Because Plaintiff has denied these matters in the pleadings, GMAC has the burden of proof on each of these allegations.

40. Upon information and belief, it is legally impossible for GMAC to ever have obtained ownership of the Loan, Note, and Deed of Trust. It is also legally and factually impossible for GMAC to have a perfected lien and be a Secured Creditor. It is also a legal impossibility for GMAC to be the holder of the Note. Throughout the foreclosure attempt and motion for relief from stay, GMAC has reclaimed to by the Movant and beneficiary entitled to payment of the debt and has not present any evidence of any agency relationship with HSBC.

41. Because of GMAC's false statement regarding its ownership of the loan, Plaintiff will have a difficult time selling the subject property as part of its anticipated Chapter 11 reorganization plan. Only the Bankruptcy Court may determine the validity of the adverse claims in order to clear title.

42. Despite GMAC admitting it has no legal, equitable, or enforceable interest in the Note, a recorded Assignment of the Deed of Trust was recorded in the County of San Mateo, which GMAC has used as evidence of its interest as the beneficiary of the trust and noteholder with standing to foreclose. However, without the possession or rights of the promissory note, GMAC may not enforce any secured interest in the deed and foreclose the property. See Carpenter v. Longan, 83 U.S. 271, 274-75 (1872) "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."); Orman v. North Alabama Assets Co., 204 F. 289, 293 (N.D. Ala. 12 1913); Rockford Trust Co. v. Purtell, 183 Ark. 918 (1931). Thus, at the very minimum, both GMAC and HSBC hold unperfected claims against the real property. "The deed and note must be held together because the holder of the note is only entitled to repayment, and does not have the right under the deed to use the property as a means of satisfying repayment." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1039 (9th Cir. 2011). "Conversely, the holder of the deed alone does not have a right to repayment and, thus, does not have an interest in foreclosing on the property to satisfy repayment." Id.

43. Therefore, Plaintiff seeks a determination of the validity of the lien on the subject property that GMAC is not secured creditor and that HSBC has an unperfected interest in the subject property. Plaintiff also seeks that it deny any claim made GMAC or HSBC under 11 USC § 502(b)(2).

**COUNT II**

**DECLARATORY RELIEF**

44. A Complaint for Declaratory Relief, pursuant to B.R. 7001(9), can provide the same relief as is available to Plaintiff pursuant to B.R. 7001(1), (2), and (7), because it provides that a declaratory judgment can include any of the relief available in any other type of adversary proceeding. It provides that an adversary proceeding includes "a proceeding to obtain a declaratory judgment relating to any of the foregoing, "i.e., the adversary proceeding types delineated in B.R. 7001(1) through (8)." Plaintiff seeks declaratory relief, such as is necessary to provide the same relief available pursuant to the California Quiet Title Statute and B.R. 7001(2) and (7).

45. Plaintiff alleges that he holds an interest in the Property free and clear of any interest of GMAC, in that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured, and that accordingly, the Deed of Trust is null and void.

46. Plaintiff seeks declaratory ruling, determined by the Court, as is necessary to carry out the purposes and intent of the relief request in this Complaint.

47. Plaintiff seeks declaratory rulings pertaining to the documents recorded that constitute a cloud upon Plaintiff's title. Plaintiff seeks a declaratory ruling as to GMAC's standing to enforce the Note, GMAC's standing as a Secured Creditor, and its standing as a beneficiary under the Deed of Trust. This determination by the Court is crucial to Plaintiff's efforts to sell the subject property as part of Plaintiff's reorganization plan, free of any adverse claims by the Defendant. GMAC did not and cannot legally claim to be the Note holder, or Owner of the loan. Since, under Cal. Civ. Code § 2936, assignment of the debt secured by a mortgage carries with it the security, and cannot be assigned independently thereof, GMAC cannot legally be the Note holder or owner of the loan. Finally, even if the transfer did occur, it would still not be valid as it would have taken place after the cut off date identified in the PSA.

48. Plaintiff request declaratory rulings that:

  A. GMAC is not the owner of the Loan and Note.

  B. GMAC is not the holder of Note;

  C. GMAC has no right to enforce the Note;

  D. Determine the authenticity, validity and authority to make any indosement on the original Note.

  E. GMAC has no legal, enforceable, or equitable security interest in the Property.

  F. No party owns a perfected lien on the subject property.

  G. No successor party to GMAC can be the owners of the Note and the Deed.

  H. GMAC is not the Secured Creditor.

49. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

50. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendant's interest in the Property.

**CONTINGENT CLAIM III SHOULD HSBC AS TRUSTEE FOR DALT-2007-OA5 BE DETERMINED AS THE UNSECURED CREDITOR FOR ACCOUNTING.**

51. The Bankruptcy Court spent several months determining the validity of HSBC's Proof of Claim. If, contrary to information and belief, it is proven that the Note had been successfully pooled into the DALT-2007-OA5 trust and in accordance to the PSA, New York law, and Uniform Commercial Code, and that HSBC still claims ownership of the Note and is the current Beneficial Interest holder in the Deed of Trust, then HSBC should show cause as to why it allowed its purported servicer, GMAC, to purport beneficial interest in the Deed of Trust on February 01, 2011, and subsequently attempt to foreclose the property without notifying Plaintiff that HSBC was still the owner of the loan and it was acting as an authorized agent for HSBC, and show cause as why their interest in the Plaintiff's subject property is not unsecured.

52. Plaintiff also seeks proper accounting as to all the debts HSBC may claim is due by the Plaintiff and the co-debtor/owners. Specifically, Plaintiff requests the following accounting:

1. All payments made to Lender since the inception of the loan.
2. All missed payments.
3. Who received each payment before and after HSBC "purchased" the loan?

    4. All late fees

    5. All property tax payments.

    52. Plaintiff also dispute the secured amount purported by GMAC. In GMAC's motion for relief from stay, they claim that the total debt on the property is $2,887,367.46. See Doc 47-1; 47-2; 47-11. However in a previous declaration made by Russell Calhoun, a purport GMAC employee, in a District Court matter, on September 12, 2012, claimed that the total debt was $2,051,922.93 plus about $145,272.35. See Exhibit "I". In another contradicting statement, GMAC sent a debt validation notice, as required by law, to the Plaintiff on April 30, 2012. In that statement, GMAC purports it's the creditor that is owed the money, and that the total amount of the entire debt was $2,117,458.81. See Exhibit "J". These three vastly difference amount within 8 months of each other present a serious question to the legitimate amount of debt claimed by GMAC. Thus, Plaintiff request proper accounting of the claim debt owned by the purport creditor, GMAC.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    1. That the Court determine the nature and extent and validity of Defendant's interest in the real property located at 75 Tobin Clark Drive, Hillsborough California;

    2. That the Court determine that the amount of the lien secured by the Deed of Trust is zero;

    3. That the Court determines that any claim owed to GMAC by Plaintiff is wholly unsecured;

    4. That the Court determines that the Deed of Trust is null and void;

    5. That the Court disallows any Proof of Claim and Secured Interest by Defendant.

    6. That Defendant is directed to take all actions necessary to have the security interest released and removed from the mortgage book in the County of San Mateo.

    7. That Defendant returns all adequate protection payments Plaintiff made to Defendant.

    7. For costs of suit incurred herein; and

    8. For such other and further relief as the court deems just and proper.

Respectfully submitted.

Dated: February 14, 2013                                     /s/ Marc Jason Aniel
                                                             _____
                                                             Marc Jason Aniel

15

# CERTIFICATE OF SERVICE

I certify that I am employed in the County of San Mateo, California, am over the age of eighteen years and not a party to the within action. My home address is 75 Tobin Clark Drive, CA 94010.

I hereby certify that a copy of the foregoing

**COMPLAINT TO DETERMINE THE EXTENT AND VALIDITY OF LIEN ON REAL PROPERTY, FOR QUIET TITLE, FOR DECLARATORY RELIEF TO DETERMINE THE HOLDER OF THE NOTE, AND A CONDITIONAL ACTION FOR AN ACCOUNTING**

was served on February 14, 2013, by first class mail, or ECF service, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Burlingame, California addressed as follows:

SEVERSON & WERSON
Adam N. Barasch, Esq.
One Embarcadero Center, Suite 2600
San Francisco, California 94111.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this February 14, 2013 at San Mateo, California.

/s/ Marc Jason Aniel
_____
Marc Jason Aniel