# **EXHIBIT 17**

ADAM N. BARASCH (State Bar No. 158220)
DONALD H. CRAM (State Bar No. 160004)
JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Email: anb@severson.com

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC successor to GMAC
MORTGAGE LLC f/k/a GMAC MORTGAGE
CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC JASON ANIEL,<br><br>    Debtor. | Case No. 12-33117-DM<br><br>Chapter 11 |
| MARC JASON ANIEL,<br><br>    Plaintiff,<br><br>    vs.<br><br>GMAC MORTGAGE, LLC f/k/a GMAC MORTGAGE CORPORATION,<br><br>    Defendant. | Adv. No. 13-03017<br><br>**OCWEN LOAN SERVICING, LLC successor to GMAC MORTGAGE LLC f/k/a GMAC MORTGAGE CORPORATION MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**(F.R.C.P. 12(b)(6) as incorporated by Bankruptcy Rule 7012)**<br><br>DATE:               April 19, 2013<br>TIME:               09:30 AM<br>COURTROOM:   22<br>                         235 Pine Street<br>                         San Francisco, CA 94104<br>JUDGE:             Hon. Dennis Montali<br><br>Complaint Filed:   February 14, 2013 |

1    PLEASE TAKE NOTICE that on April 19, 2013, at 09:30 AM, in Courtroom 22 of the

2    above-entitled United States Bankruptcy Court located at 235 Pine Street, San Francisco,

3    California, Defendant Ocwen Loan Servicing, LLC successor to GMAC Mortgage LLC f/k/a

4    GMAC Mortgage Corporation ("Defendant")[1], will move this Court to dismiss the claims asserted

5    by Plaintiff, Marc Jason Aniel ("Plaintiff" or "Aniel") in his Complaint ("Compl."), pursuant to

6    Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6) as incorporated by Bankruptcy Rule 7012.

7    As a preliminary matter, the Court should abstain from hearing this matter as the causes of

8    action are either state law claims, or non-bankruptcy law claims that are not related to the

9    bankruptcy case.

10    Plaintiff is also judicially estopped from asserting these claims because they were not

11    included on his schedule of assets with his bankruptcy petition.

12    Finally, Defendants seek dismissal of this action because Plaintiff has failed to state a

13    claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6).

14    This motion is based upon the following memorandum of points and authorities, the

15    accompanying notice of motion and the request for judicial notice, all filed concurrently herewith,

16    the pleadings and papers on file in this action and in the underlying bankruptcy case, and upon

17    such further evidence, both oral and documentary, as may be offered at the time of the hearing.

18

19

20

21

22

23

24

---

[1] On February 15, 2013, Ocwen Loan Servicing, LLC purchased certain assets and mortgage
25    servicing rights to mortgage loans from Residential Capital, LLC and its subsidiaries GMAC
Mortgage, LLC. The mortgage servicing rights of the above Plaintiff's loan were included in the
26    sale.  As a result, said loan is currently serviced by Ocwen Loan Servicing, LLC.  As a result of
the foregoing, Defendant will now be known as  "Ocwen Loan Servicing, LLC as successor
27    servicer to GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation."

28

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 13:28:58    Page 3 of
26

1 | DATED:  March 18, 2013

Respectfully submitted,

2

SEVERSON & WERSON
A Professional Corporation

3

4

5

By:      /s/ Adam N. Barasch
Adam N. Barasch

6

7

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC successor to
GMAC MORTGAGE LLC f/k/a GMAC MORTGAGE
CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 13:30:58    Page 3 of
26

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     PERTINENT FACTS ......................................................................................... 2

     A.      The Loan and Deed of Trust .................................................................... 2

     B.      Bankruptcy Case Filed by Fermin and Erlinda Aniel ............................ 3

     C.      Assignment to GMACM, Substitution of Trustee and Notice of Default ............... 3

     D.      Notice of Trustee Sale .............................................................................. 4

     E.      District Court Action ................................................................................ 4

     F.      Current Bankruptcy Case ......................................................................... 4

     G.      Adversary Complaint ............................................................................... 4

III.    ARGUMENT ...................................................................................................... 4

     A.      Legal Standard .......................................................................................... 4

     B.      The Court Should Abstain from Hearing this Case as the Claims Are Based
          in State Law or Non-Bankruptcy Law ..................................................... 5

     C.      Plaintiff Is Judicially Estopped From Asserting Any Causes of Action ................ 6

     D.      Standard for Motion to Dismiss Under F.R.C.P. 12(b)(6) ....................... 8

IV.     THE ADVERSARY COMPLAINT FAILS TO STATE A VIABLE CLAIM ................. 8

     A.      Plaintiff's Securitization and Violation of the PSA Arguments Fail ..................... 8

          1.      Securitization in General ............................................................... 9

          2.      Plaintiff's Contentions Regarding the PSA Fail ........................... 9

     B.      Plaintiff's First Cause of Action Fails .................................................... 11

          1.      Quiet Title .................................................................................... 11

          2.      GMAC Can Act As Beneficiary Without Having an Interest in the
               Note ............................................................................................... 12

          3.      Deed of Trust Can Be Assigned Without the Note ...................... 14

     C.      Plaintiff's Third Cause of Action Fails .................................................. 15

     D.      Declaratory Relief Fails ......................................................................... 16

V.      CONCLUSION ................................................................................................. 17

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 13:20:58    Page 4 of
26

1

## TABLE OF AUTHORITIES

2

**FEDERAL CASES**

3

*Alicea v. GE Money Bank*,
    2009 U.S. Dist. LEXIS 60813, 2009 WL 2136969 (N.D. Cal. July 16, 2009) ...................... 12

4

5

*Alperin v. Vatican Bank*,
    410 F.3d 532 (9th Cir. 2005) ........................................................................................ 2

6

*Armeni v. America's Wholesale Lender*,
    2012 WL 253967 (C.D. Cal. 2012) ............................................................................ 10

7

8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 8

9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 8

10

11

*Benham v. Aurora Loan Servs.*,
    2009 WL 2880232 (N.D. Cal. 2009) .......................................................................... 14

12

*Brillhart v. Excess Ins. Co. of America*,
    316 U.S. 491 (1942) ...................................................................................................... 6

13

14

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336 (9th Cir. 1997) .......................................................................................... 8

15

16

*Carpenter v. Logan*
    (1872) 83 U.S. 271 ...................................................................................................... 14

17

*Christopher v. First Franklin Fin. Corp.*,
    2010 WL 3895351 (S.D. Cal. Sept. 29, 2010) ........................................................... 10

18

19

*Commercial Union Ins. Co. v. Walbrook Ins. Co.*,
    41 F.3d 764 (1st Cir. 1994) ........................................................................................ 17

20

*Cox Commc'ns PCS, L.P. v. City of San Marcos*,
    204 F.Supp.2d 1272 (S.D. Cal. 2002) ....................................................................... 16

21

22

*Cusano v. Klein*,
    264 F.3d 936 (9th Cir. 2001) ........................................................................................ 7

23

*Deerinck v. Heritage Plaza Mortg. Inc.*,
    2012 WL 1085520 (E.D. Cal. 2012) .......................................................................... 10

24

25

*Fiedler v. Clark*,
    714 F.2d 77 (9th Cir. 1983) ........................................................................................ 17

26

27

28

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 13:30:58    Page 5 of
26

MOTION TO DISMISS; MPA ISO MOTION TO DISMISS

*Frazier v. Aegis Wholesale Corp.*,
    C-11-4850 EMC, 2011 WL 6303391 (N.D. Cal. Dec. 16, 2011) ............................ 9

*Hamilton v. State Farm Fire & Cas. Co.*,
    270 F.3d 778 (9th Cir. 2001) ........................................................................ 5, 7

*In re Ascher*,
    128 B.R. 639 (Bankr. N.D. Ill. 1991) ............................................................ 5

*In re Bottcher*,
    441 B.R. 1 (Bankr. D. Mass. 2010) ............................................................ 3

*In re Chapman*,
    132 B.R. 153 (Bankr. N.D. Ill. 1991) .......................................................... 6

*In re Consolidated Pioneer Mortg. Entities*,
    205 B.R. 422 (9th Cir.BAP 1997) .............................................................. 6

*In re First Alliance Mortg. Co.*,
    471 F.3d 977 (9th Cir. 2006) .................................................................... 9

*In re Holtzclaw*,
    131 B.R. 162 (E.D. Cal. 1991) .................................................................. 5

*In re Lenz*,
    448 B.R. 832 (Bankr. D. Or. 2011) ............................................................ 3

*In re Mohring*,
    142 B.R. 389 (Bankr. E.D. Cal. 1992) ........................................................ 7

*In re Tucson Estates, Inc.*,
    912 F.2d 1162 (9th Cir.1990) .................................................................. 6

*In re Veal*,
    450 B.R. 897 (B.A.P. 9th Cir. 2011) .......................................................... 10

*In re Verifone Secs. Litig.*,
    11 F.3d 865 (9th Cir. 1993) ...................................................................... 2

*Knievel v. ESPN*,
    393 F.3d 1068 (9th Cir. 2005) .................................................................. 2

*Kourtis v. Cameron*,
    419 F.3d 989 (9th Cir. 2005) .................................................................... 2

*Lane v. Vitek Real Estate Indus. Group*,
    713 F.Supp.2d 1092 (E.D. Cal. 2010) ................................................ 11, 13, 14

*Lucas v. Dep't of Corr.*,
    66 F.3d 245 (9th Cir. 1995) ...................................................................... 8

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 13:28:58    Page 6 of 26

*Lucia v. Wells Fargo Bank, N.A.,*
    798 F.Supp.2d 1059 (N.D. Cal. 2011) ................................................... 11

*Madrid v. J.P. Morgan Chase Bank, N.A,*
    (E. D. Cal. 2009) 2009 WL 3255880 ..................................................... 14

*Mir v. Little Co. of Mary Hosp.,*
    844 F.2d 646 (9th Cir. 1988) ..................................................................... 2

*Nat'l Union Fire Ins. Co. v. Karp,*
    108 F.3d 17 (2d Cir. 1997) ...................................................................... 17

*Nool v. HomeQ Servicing,*
    653 F.Supp.2d 1047(E.D. Cal. 2009) ...................................................... 14

*Periguerra v. Meridas Capital, Inc.,*
    2010 WL 395932 (N.D. Cal. 2010) .......................................................... 14

*Sami v. Wells Fargo Bank,*
    2012 WL 967051 (N.D. Cal. 2012) .......................................................... 10

*Skelly Oil Co. v. Phillips Petroleum Co.,*
    339 U.S. 667 (1950) ................................................................................ 17

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ..................................................................... 8

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) .................................................................................. 6

*Zivanic v. Washington Mutual Bankm*
    2010 WL 2354199 (N.D. Cal. 2010) ....................................................... 14

**STATE CASES**

*Aguilar v. Bocci,*
    39 Cal.App.3d 475 (1974) ....................................................................... 12

*Arabia v. BAC Home Loans Servicing, L.P.,*
    208 Cal.App.4th 462 (2012) .................................................................... 10

*Batt v. City & Cnty. of San Francisco,*
    155 Cal.App.4th 65 (2007) ...................................................................... 15

*Calvo v.HSBC Bank USA, N.A.,*
    199 Cal.App.4th 118 (2011) .................................................................... 14

*Connerly v. Schwarzenegger,*
    146 Cal.App.4th 739 (2007) .................................................................... 17

*Girard v. Delta Tower Joint Ventures*,
    20 Cal.App.4th 1741 (1993) ................................................................ 16

*Gomes v. Countrywide Home Loans, Inc.*,
    192 Cal.App.4th 1149 (2011), 132 S.Ct. 419 (U.S. 2011) ......................... 11, 13, 15

*Herbert v. Lankershim*,
    9 Cal.2d 409 (1937) ........................................................................ 16

*Herrera v. Federal Nat. Mortg. Assn.*,
    205 Cal.App.4th 1495,1510 (2012) ....................................................... 14

*I.E. Associates v. Safeco Title Ins. Co.*,
    39 Cal.3d 281 (1985) ....................................................................... 13

*Kim v. Sumitomo Bank*,
    17 Cal.App.4th 974 (1993) ................................................................ 16

*Lu v. Hawaiian Gardens Casino, Inc.*,
    50 Cal.4th 592 (2010) ..................................................................... 13

*McDowell v. Watson*,
    59 Cal.App.4th 1155 (1997) .............................................................. 16

*Mix v. Sodd*,
    126 Cal.App.3d 386 (1991) ............................................................... 12

*Moeller v. Lien*,
    25 Cal.App.4th 822 (1994) ......................................................... 11, 13, 15

*Moore v. Schneider*,
    196 Cal. 380 (1925) ....................................................................... 12

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
    231 Cal.App.3d 1089 (1991) ............................................................. 16

*Pittenger v. Home Sav. & Loan Ass'n*,
    166 Cal.App.2d 32 (1958) ................................................................ 17

*Price v. Wells Fargo Bank*,
    213 Cal.App.3d 465 (1989) ............................................................... 16

*Py v. Pleitner*,
    70 Cal.App.2d 576 (1945) ................................................................ 14

*Shell Oil Co. v. Richter*,
    52 Cal.App.2d 164 (1942) ................................................................ 15

*Shimpones v. Stickney*,
    219 Cal. 637 (1934) ....................................................................... 12

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 13:20:58    Page 8 of
26

*Stockwell v. Barnum*,
    7 Cal.App.413 (1908) .................................................................................... 14

*Teselle v. McLoughlin*,
    173 Cal.App.4th 156 (2008) ........................................................................ 16

**STATUTES**

United States Code
    Title 28
        § 1334 ............................................................................................ 4, 5
        § 2201 ............................................................................................... 17
        § 2202 ............................................................................................... 17

Ariz. Rev. Stat. Ann.
    § 47-1301 (2011) ......................................................................................... 10

Cal. Civil Code
    § 1559 .......................................................................................................... 10
    § 2924 ............................................................................................................ 9
    §§ 2924 – 2924k ............................................................................... 11, 12, 15
    § 2934 ............................................................................................................ 9

Cal. Code of Civil Procedure
    § 761.010 ...................................................................................................... 12
    § 761.020 ...................................................................................................... 11

Cal. Commercial Code
    § 1301 .......................................................................................................... 10
    § 3203 ............................................................................................................ 9

**RULES**

Federal Rules of Civil Procedure
    Rule 12 ....................................................................................................... 5, 8

Federal Rule of Evidence
    Rule 201 ........................................................................................................ 3

**OTHER AUTHORITIES**

10 Miller & Starr, *California Real Estate, Deeds of Trust*
    (3rd ed. 2010) § 10:38 ................................................................................. 10

5 Witkin, Cal. Procedure, *Pleading*
    (4th ed. 1997) § 819 ..................................................................................... 15

Jason Kravitt, Securitization of Financial Assets,
    § 1.01 (Aspen 2012) ...................................................................................... 9

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 13:20:58    Page 9 of
26

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The Complaint ("Compl.") filed by Plaintiff  Marc Aniel ("Plaintiff" or "Aniel") suffers from multiple defects and should be dismissed.  The Complaint is second attempt argue that Plaintiff should get his property free and clear due to some sort of argument pertaining to alleged violations pertaining to the securitization of the loan and the Pooling and Servicing Agreement ("PSA") by Defendant.[2]

However even prior to delving into the merits of Plaintiff's Complaint, Plaintiff's grounds for relief argued in his Complaint against Defendant are subject to non-bankruptcy or State Law violations only.  In addition, Plaintiff has a pending action against Defendant a similar action in Federal District Court. As such, the Court should abstain from hearing this Complaint.

Plaintiff is also judicially estopped from asserting these claims because they were not included on his schedule of assets with his bankruptcy petition.

However, even if Plaintiff is somehow able to overcome the procedural defects, he has failed to assert any cognizable cause of action. Aniel's causes of action are all premised his theory that somehow the securitization of the loan[3] and alleged violations of the Pooling and Servicing Agreement ("PSA") eliminates the obligation to make any payments to Defendant[4]. This is a common ground raised in recent complaints that fails. In his Complaint, Plaintiff asserts causes of action related to securitization and violation of the PSA against Defendant for quiet title, declaratory relief, and accounting.

Aniel's first claim fails as although identified as seeking nature, extent and validity of the lien in reality only seeks to quiet title against the property, which requires Plaintiff to tender. Plaintiff has failed to tender the amount owing so this cause of action fails.

---

[2] Plaintiff is a party to a lawsuit against Defendant that is currently pending in Federal District Court.

[3] It should be noted that Aniel's mother is the only party that signed the Note; Aniel is listed on the Deed of Trust.

[4] Ocwen is the loan servicer of the loan entitled to receive payments.

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 12:20:58    Page 10 of
26

1    Aniel's second claim fails as declaratory relief is a remedy, not a cause of action.

2    Aniel's final claim fails as accounting is not a cause of action.

3    As will be set forth below, these scatter-shot pleadings fail to state a claim as to the

4    Defendant.

5    For all of these reasons, Plaintiff's Complaint should be dismissed without leave to amend.

6    ## II.    PERTINENT FACTS

7    On a motion to dismiss, the Court accepts as true the facts properly pled in the Complaint,

8    but not conclusions of law. *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re*

9    *Verifone Secs. Litig*., 11 F.3d 865, 868 (9th Cir. 1993). It may also consider the contents of

10   documents on which plaintiff's claim depends that are mentioned in the Complaint and whose

11   authenticity no party questions, even if the documents are not attached to the Complaint.

12   *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Also, "it is proper for the district court to

13   'take judicial notice of matters of public record outside the pleadings' and consider them for

14   purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp*., 844 F.2d 646, 649 (9th Cir.

15   1988); *accord Kourtis v. Cameron*, 419 F.3d 989, 994 n.2 (9th Cir. 2005).

16   The facts are stated below in accordance with those rules even though Defendant denies

17   most, if not all, of Plaintiff's allegations.

18   **A.    The Loan and Deed of Trust**

19   Erlinda Aniel obtained a refinance of the property located at 75 Tobin Clark Drive,

20   Hillsborough, California ("Property") in 2007. (Compl., ¶ 8.) On or about June 4, 2007, Erlinda

21   Aniel executed a written Note for value and delivered it to MortgageIT, Inc. Per the terms of the

22   Note, Erlinda Aniel promised to pay MortgageIT, Inc the principal sum of $2,000,000.00,

23   beginning with payments on or about July 1, 2007, and continuing until paid in full. (Compl., ¶ 7.)

24   As security for the Note, on or about June 4, 2007, Plaintiff, Fermin and Erlinda Aniel, Plaintiff's

25   parents ("parents"), executed a Deed of Trust, which encumbered the Property and was recorded

26   on June 8, 2007. (Compl., ¶ 8.) (*See* Exhibit A attached to Plaintiff's Complaint ("Plaintiff's Ex.

27

28

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 12:20:58    Page 11 of 26

1   A")[5]  Mortgage Electronic Registration Systems, Inc. ("MERS") was listed as the beneficiary

2   under the Deed of Trust.  Fidelity National Title ("Fidelity") was listed as the Trustee.  (Compl.,

3   ¶ 8.) Defendant was the servicer of the loan.

4          On or about August 24, 2009, MERS executed an Assignment of Deed of Trust to HSBC

5   Bank USA, National Association as Trustee for DALT 2007-OA5 ("HSBC").  The Assignment

6   was recorded on September 21, 2009.  (Compl., ¶ 16, Plaintiff's Ex. C.)

7   **B.        Bankruptcy Case Filed by Fermin and Erlinda Aniel**

8          On February 25, 2009, Plaintiff's parents and co-owners of the subject property,  filed their

9   first bankruptcy case as a Chapter 11 in this Court, Case No. 09-30452.  (Request for Judicial

10  Notice ("RJN"), Ex. 1, Bky. Dkt. #1.)[6]  Subsequently this first case was converted to Chapter 7,

11  and Plaintiff's parents received their discharge on or around December 2, 2010 (Bky. Dkt. #263.)

12  **C.        Assignment to GMACM, Substitution of Trustee and Notice of Default**

13         On or about February 1, 2011, HSBC executed an Assignment of Deed of Trust to GMAC

14  Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC").  The Assignment was recorded

15  on February 9, 2011.  (Compl., ¶ 27; Plaintiff's Ex. D.)

16         On April 5, 2012, GMAC executed a Substitution of Trustee.  This document substituted

17  Executive Trustee Services, LLC dba ETS Services, LLC ("ETS"), as the new trustee for Fidelity

18  on the Deed of Trust.  The Substitution of Trustee was recorded on April 27, 2012.  (Compl., ¶ 29;

19  RJN, Ex. 2.)

20         On April 21, 2012, a Notice of Default was issued by ETS due to a default under the

21  Agreement.  The Notice of Default was recorded on April 27, 2012.  (Compl., ¶ 29; Plaintiff's

22  Ex. E.)

23

24  ────────────────

25  [5] In the interest of not duplicating documents already on file in this case, Defendant will reference
    Plaintiff's exhibits if already filed with the Court.

26  [6] A bankruptcy court, in adjudicating a motion to dismiss an adversary proceeding, may properly
    take judicial notice of any documents filed in the main bankruptcy case.  *In re Lenz*, 448 B.R. 832,
27  833 (Bankr. D. Or. 2011) (citations omitted); *In re Bottcher*, 441 B.R. 1, 4 (Bankr. D. Mass. 2010)
    (citations omitted); Fed. R. Evid. 201.

28

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 12:20:58    Page 13 of
26

**D.**     **Notice of Trustee Sale**

On August 1, 2012, Defendant caused a Notice of Trustee's Sale to be published and recorded, and a foreclosure sale was set for August 27, 2012. (Compl., ¶ 30; Plaintiff's Ex. F.)

**E.**     **District Court Action**

On August 9, 2012, Plaintiff and his parents filed a civil complaint against GMAC Mortgage, LLC and Executive Trustee Services, Inc., in the United States District Court, Northern District of California, Oakland Division, case number 4:12-cv-04201-SBA. ("first action") (RJN, Ex. 3, Dkt. #1.) In their complaint, they alleged nine claims for relief related to securitization and violation of the PSA in connection with the pending foreclosure of the real property located at 75 Tobin Clark Drive, Hillsborough, California 94010. On August 15, 2012, the Aniels' filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("TRO Application"), which the District Court entered an Order Denying the Plaintiff and his parents TRO Application. (RJN, Ex. 3, Dkt. #20.) In response, Plaintiff and his parents filed a Motion for Reconsideration on the Order on the TRO Application ("Motion for Reconsideration") on October 4, 2012, which was also denied by the District Court. (RJN, Ex. 3, Dkt. #23.)

**F.**     **Current Bankruptcy Case**

Due to the denial of the TRO and the Motion for Reconsideration, Plaintiff filed this current bankruptcy case as a Chapter 11 in this Court, Case No. 12-33117 on November 1, 2012, . (RJN, Ex. 4, Bky. Dkt. #1.)

**G.**     **Adversary Complaint**

On February 14, 2013, Plaintiff filed this adversary complaint. ("second action") (RJN, Ex. 5, Adv. Dkt. #1.)

### III.    ARGUMENT

**A.**     **Legal Standard**

A bankruptcy court is specifically allowed to abstain from a proceeding for an action "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 12:20:58    Page 13 of 26

1    Dismissal is also proper under the doctrine of judicial estoppel when a Plaintiff has asserted

2  inconsistent positions.  Here, Plaintiff's claims should be dismissed because he is estopped from

3  pursuing the instant claims because he failed to list this purported action as assets in his bankruptcy

4  schedules.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

5    A complaint that fails to state a claim upon which relief may be granted is also subject to

6  dismissal.  *See* F.R.C.P. 12(b)(6)[7].

7  **B.    The Court Should Abstain from Hearing this Case as the Claims Are Based in State
      Law or Non-Bankruptcy Law**

8

9    Plaintiff's Complaint only addresses state law claims and/or non-bankruptcy claims.  As

10  such, this matter is subject to abstention by this Court. Nothing prevents this Court, "in the interest

11  of justice, or in the interest of comity with State courts or respect for State law, from abstaining

12  from hearing a particular proceeding arising under title 11 or arising in or related to a case under

13  title 11."  28 U.S.C. § 1334(c)(1).

14    A bankruptcy court may abstain from any matter, no matter how closely the proceeding is

15  related to the bankruptcy process.  *In re Holtzclaw*, 131 B.R. 162, 164 (E.D. Cal. 1991) (*citing In*

16  *re Ascher*, 128 B.R. 639, 645 (Bankr. N.D. Ill. 1991)) ("discretionary abstention applies to both

17  core and noncore matters").  The Ninth Circuit has identified the following non-exclusive list of

18  factors to guide a court in determining if abstention is appropriate:

19    (1) the effect or lack thereof on the efficient administration of the
      estate if a Court recommends abstention, (2) the extent to which
20    state law issues predominate over bankruptcy issues, (3) the
      difficulty or unsettled nature of the applicable law, (4) the presence
21    of a related proceeding commenced in state court or other
      nonbankruptcy court, (5) the jurisdictional basis, if any, other than
22    28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the
      proceeding to the main bankruptcy case, (7) the substance rather
23    than form of an asserted "core" proceeding, (8) the feasibility of
      severing state law claims from core bankruptcy matters to allow
24    judgments to be entered in state court with enforcement left to the
      bankruptcy court, (9) the burden of [the bankruptcy court's] docket,
25    (10) the likelihood that the commencement of the proceeding in

26  ───────────────

27  [7] Here, and throughout this Motion, references or citations to the Federal Rules of Civil Procedure
    are as they are incorporated into the Rules of Bankruptcy Procedure.  Should the Rules of
    Bankruptcy Procedure differ, they will be referenced or cited directly.

28

Case: 13-03017   Doc# 10   Filed: 03/18/13   Entered: 03/18/13 12:20:58   Page 14 of
                                              26

1  bankruptcy court involves forum shopping by one of the parties,
   (11) the existence of a right to a jury trial, and (12) the presence in
2  the proceeding of nondebtor parties.

3  *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir.1990) (citations omitted).

4      Of the twelve *Tucson Estate* factors, factors (1), (2), (4), (5), (6), (7), (10) and (11) strongly

5  indicate that abstention is appropriate.  The other factors are either not applicable or are neutral to

6  the issue of abstention.

7      Yet another factor favoring abstention is that there is already a pending First Action, which

8  is currently in District Court where Plaintiff asserts similar claims.(*see* RJN Ex. 3.)  *In re*

9  *Chapman*, 132 B.R. 153, 158 (Bankr. N.D. Ill. 1991).  As the Bankruptcy Appellate Panel has

10  explained, regarding abstention where a court proceeding concerning the same issues is already

11  pending: "[P]riority [of jurisdiction] should not be measured exclusively by which complaint was

12  filed first, but rather in terms of how much progress has been made in the two actions."  In re

13  *Consolidated Pioneer Mortg. Entities*, 205 B.R. 422, 426 (9th Cir.BAP 1997) (*internal quotes,*

14  *citations omitted*).

15      Nothing has occurred in this action, while the First Action has already been active for

16  nearly eight months.  Further, the claims asserted in this adversary complaint are also addressed in

17  Plaintiff's first action claims in the District Court with the exception of the accounting cause of

18  action, involve the same parties, the same property and the same underlying allegations regarding

19  the loan and deed of trust and the nonjudicial foreclosure against the Subject Property.  (*See* Part

20  II(E) above; Compl.; RJN Ex. 3.)  Notwithstanding any other reasons for abstention, the Court

21  should abstain from adjudicating these causes of action on the principle that "where another suit

22  involving the same parties and presenting opportunity for ventilation of the same state law issues

23  is pending in state court, a district court might be indulging in '[g]ratuitous interference' [if] it

24  permitted the federal ... action to proceed."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)

25  (*quoting Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942).

26      This Court should exercise its discretionary right to abstain from hearing this matter.

27  **C.    Plaintiff Is Judicially Estopped From Asserting Any Causes of Action**

28      Plaintiff is also judicially estopped from asserting these causes of action.  In the underlying

1    bankruptcy case, Plaintiff did not schedule all his assets at the time of filing of his petition.

2    Debtor must take affirmative steps to make sure his schedules are accurate and provide interested

3    parties – such as the trustee and creditors – with notice.  "[T]he debtor has a duty to prepare

4    schedules carefully, completely, and accurately."  *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir.

5    2001) (quoting *In re Mohring*, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992)).  While there are "no

6    bright-line rules for how much itemization and specificity is required," a debtor still must be "as

7    particular as is reasonable under the circumstances."  *Cusano*, 264 F.3d at 946.

8         The Plaintiff's bankruptcy schedules and amended schedules that were filed did not list the

9    causes of action asserted in this Complaint as a Personal Property asset in Schedule B.  (RJN, Ex.

10   D; Bky. Dkt. #19, 57.)  "In the bankruptcy context, a party is judicially estopped from asserting

11   causes of action not raised in a reorganization plan or otherwise mentioned in the debtor's

12   schedules or disclosure statements."  *Hamilton*, *supra*, 270 F.3d at 783.  In *Hamilton*, the Court of

13   Appeals for the Ninth Circuit judicially estopped a plaintiff from pursuing claims post-discharge

14   because (1) the debtor clearly asserted inconsistent positions as he failed to list his claims against

15   State Farm as assets on his bankruptcy schedules, and later sued State Farm on the same claims;

16   (2) the bankruptcy court accepted the debtor's prior assertions in that the bankruptcy court granted

17   the debtor a discharge; and (3) Hamilton obtained an unfair advantage by obtaining all the benefits

18   of his Chapter 7 bankruptcy without complying with his affirmative duty to disclose all assets.  *Id.*

19   at 784-85.

20        The facts here parallel the *Hamilton* case and support judicial estoppel.  Plaintiff filed his

21   Chapter 11 case on November 1, 2011.  His Schedule B and Amended Schedule B did not list

22   Plaintiff's pre-petition claims against Defendant as an asset.  Now Plaintiff asserts an inconsistent

23   position.  He failed to properly schedule the claims against the Defendant as an asset of his

24   bankruptcy estate and is now pursuing the claims against Defendant post-petition.  For the same

25   reason the Ninth Circuit held in *Hamilton*, Plaintiff should be judicially estopped from pursuing on

26   his own behalf claims he did not disclose to creditors in his Bankruptcy schedules.

27        As such, Plaintiff is judicially estopped from asserting claims he has not provided for in his

28   schedules of his bankruptcy case, which cannot be asserted later, and this Complaint should be

1    dismissed.

2    **D.        Standard for Motion to Dismiss Under F.R.C.P. 12(b)(6)**

3    A complaint may be dismissed pursuant to Rule 12(b)(6) if a plaintiff fails to proffer

4    "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

5    550 U.S. 544, 570 (2007).  In ruling on a motion to dismiss under Rule 12(b)(6), material factual

6    allegations in the complaint are taken as true and construed in the light most favorable to the

7    nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1997).  However,

8    the Court need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable

9    inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Twombly*,

10    550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to

11    dismiss).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements

12    of a cause of action will not [survive a motion to dismiss].  Nor does a complaint suffice if it

13    tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662,

14    678 (2009) (internal quotations omitted).

15    In granting a motion under Rule 12(b)(6), leave to amend should not be granted where it is

16    clear that the complaint's deficiencies cannot be cured by amendment.  *See Lucas v. Dep't of*

17    *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

18    **IV.        THE ADVERSARY COMPLAINT FAILS TO STATE A VIABLE CLAIM**

19    This Court should dismiss the Plaintiff's claims under Federal Rule of Civil Procedure

20    12(b)(6), because the Complaint relies on baseless factual contentions and misinterpretations of

21    the law governing deeds of trust.  Plaintiff's allegations show that none of his claims are viable.

22    **A.        Plaintiff's Securitization and Violation of the PSA Arguments Fail**

23    All of Plaintiff's causes of action are premised on the argument that Defendant failed to

24    follow the proper mortgage securitization process invalidating  the loan on the subject property.

25    As such, Plaintiff should get his home for free. (Compl., ¶¶ 9-14.)  Further, he argues that

26    Defendant failed to adhere to the PSA. *(Id. at ¶ 10.)*For these reasons, Plaintiff believes no one is

27    obligated to make payments on this loan to Defendant.  These beliefs are erroneous and show a

28    misunderstanding of the loan contract, securitization in general, and the PSA specifically.

### 1.    Securitization in General

Securitization "involves the pooling and repackaging of loans into securities that are then sold to investors."  Jason Kravitt, Securitization of Financial Assets, at §1.01 (Aspen 2012).  This consolidation of loans for sale "is often used to market small loans that would be difficult to sell on a stand-alone basis."  *Id.*  The process was first employed First Boston in 1985 and 1986 and have been used in varying forms ever since.  *Id.*  Numerous courts have recognized that the procedure is a normal method for marketing of debt on the secondary market.  *See, e.g.*, *In re First Alliance Mortg. Co.*, 471 F.3d 977, 985-89 (9th Cir. 2006).  In short, it is a widely accepted (and legal) practice.  When a borrower's loan is sold by the originator to a third party that third party is entitled to the payments due under the note and to enforce any deed of trust securing the note. This is clearly allowed by California law.  *Frazier v. Aegis Wholesale Corp.*, C-11-4850 EMC, 2011 WL 6303391 (N.D. Cal. Dec. 16, 2011) ("the result of securitization does not free plaintiffs from the express terms of the deed of trust" (citation omitted)); Cal. Com. Code § 3203; Cal. Civ. Code §§ 2924, 2934. Aniel *agreed that he and his parents loan may be sold* on the secondary market *without notice to him* when he and his parents signed the loan documents.  (*See* Plaintiff's Ex. A, page 12.)  Elsewhere in the Deed of Trust it explains that the beneficiary is "MERS (solely as nominee for Lender and Lender's successors and assigns) *and the successors and assigns of MERS*."  (*See* Plaintiff's Ex. A, at p.2 (emphasis added).)  Erlinda Aniel agreed to these terms when she obtained his **$2,000,000 loan** from MortgageIT, Inc.  (*See* Plaintiff's Ex. A, p.14.)  It is perplexing why Aniel thinks that the existence of a securitized pool somehow relieves the obligor of the obligation to repay $2,000,000.00.  Plaintiff does not explain why securitization *per se* voids the loan, nor does he explain why the obligor should not have to repay the debt even if it did.

Plaintiff's argument that the loan has been securitized and thus no one is no longer is obligated to Defendant fails.

### 2.    Plaintiff's Contentions Regarding the PSA Fail

"Plaintiff alleges the entities involved in the attempted securitization of the Plaintiffs' Note failed to adhere to the requirements of the … DALT2007-OA5 Pooling and Servicing agreement."

1  (Compl. ¶ 10.)  Somehow this is deemed a violation of the PSA.  The problem with his theory is

2  that Plaintiff fails to identify how the alleged violations would entitle Plaintiff to relief.  *See*

3  *Christopher v. First Franklin Fin. Corp.*, 2010 WL 3895351, at *4 (S.D. Cal. Sept. 29, 2010).

4          Further, Plaintiff's attempt to invalidate the loan based on a violation of the PSA is both

5  factually and legally defective.  First, Plaintiff is not a party nor third-party beneficiary to the PSA.

6  In California, a third party may only enforce a contract if it was made expressly for the third

7  party's benefit.[8]  Cal. Civ. Code § 1559.  Therefore, he has no standing to seek relief based on a

8  purported violation of that agreement.

9          Second, the transfer of a promissory note is perfected against third parties on the execution

10  and delivery of an assignment of the note (not an assignment of the deed of trust) to the transferee.

11  10 Miller & Starr, *California Real Estate, Deeds of Trust* (3rd ed. 2010) § 10:38, p.128 (citations

12  omitted).  "Because the lien of the trust deed is merely an incident of the debt, the assignment by

13  endorsement and delivery of the promissory note accomplishes the transfer of the security without

14  the necessity of a formal assignment of the trust deed itself."  *Id.*

15          Finally, transfers of a loan or security instrument does not affect the ability to enforce the

16  Deed of Trust by non-judicial foreclosure.  *Sami v. Wells Fargo Bank*, 2012 WL 967051, *5

17  (N.D. Cal. 2012) (citing cases).  Viewed another way, securitization does not affect a promise to

18  repay the loan or prevent the beneficiary under the deed of trust from foreclosing in the event of a

19  default; rather, securitization only affects the rights and obligations of the parties to the

20  securitization transaction.  *Id.* at *6.  For this reason, borrowers have no standing to assert a claim

21  based on purported breaches of contracts governing the securitization process, such as a Pooling

22  and Servicing Agreement ("PSA").  *See Arabia v. BAC Home Loans Servicing, L.P.*, 208

23  Cal.App.4th 462, *6 (2012) (holding that borrower challenging foreclosure has no standing to

24  assert claims based on purported breach of PSA); *Sami*, *supra*, at *6 (no standing under PSA);

25

26

27

28

---

[8] The deed of trust explicitly contains a choice of law provision for the "jurisdiction in which the property is located," which is California.  The note does not contain a choice of law provision, but as the contract was made in California, California law applies.  *See In re Veal*, 450 B.R. 897, 921 n.42 (B.A.P. 9th Cir. 2011) (apply Arizona's identical UCC provision regarding choice of law. *Compare* Ariz. Rev. Stat. Ann. § 47-1301 (2011) *to* Cal. Com. Code § 1301.).

MOTION TO DISMISS; MPA ISO MOTION TO DISMISS

1   *Armeni v. America's Wholesale Lender*, 2012 WL 253967, *2 (C.D. Cal. 2012) (same); *Deerinck*

2   *v. Heritage Plaza Mortg. Inc.*, 2012 WL 1085520, *5 (E.D. Cal. 2012) (same); *see also Lucia v.*

3   *Wells Fargo Bank, N.A.*, 798 F.Supp.2d 1059, 1071 (N.D. Cal. 2011) (no third party standing for

4   borrowers under Servicer Participation Agreements under HAMP).

5           As one court observed: "[t]he argument that parties lose their interest in a loan when it is

6   assigned to a trust pool has also been rejected by many district courts." *Lane v. Vitek Real Estate*

7   *Indus. Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) (citing cases). This is because non-

8   judicial foreclosure pursuant to a deed of trust is comprehensively governed by the statutory

9   framework set forth in Civil Code sections 2924 – 2924k[9] and due to the exhaustive nature of the

10  scheme, "California appellate courts have refused to read any additional requirements into the

11  non-judicial foreclosure statute." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th

12  1149, 1154 (2011), rev. denied (May 18, 2011), cert. denied, 132 S.Ct. 419 (U.S. 2011).

13          Therefore despite spending nearly eight pages of his Complaint dissecting the alleged

14  failures of Defendant to adhere to the requirements under the trust through a violation of the PSA,

15  he fails. As each of Plaintiff's causes of action rely of the this failed argument, each of his cause of

16  action should be dismissed without leave to amend.

17  **B.      Plaintiff's First Cause of Action Fails**

18          Plaintiff's first cause of action seeks to quiet title based upon the theory "GMAC

19  does not hold any secure claim on the property as a beneficiary because it is not the noteholder of

20  the note." (Compl. ¶ 35.) Further, Plaintiff seeks a determination that the holder of the Note "holds

21  an unsecured claim against Erlinda Aniel because HSBC purported to assign the deed (without the

22  note) to GMAC for the purposes of foreclosing the property." (Compl., ¶ 35.)

23          **1.      Quiet Title**

24          California Code of Civil Procedure section 761.020 mandates that in an action seeking to

25  quiet title, the plaintiff must at a minimum allege the legal description for the property, the title of

26  the plaintiff and the basis of the title, the adverse claims against which title is sought, the date for

27  _____

[9]  *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994).

28

19000.1486/2599549.2

11

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 12:20:58    Page 30 of
26

1   the determination of title and a prayer for such a determination.  The plaintiff has the burden of

2   establishing a claim to the property.  Code Civ. Proc. § 761.010(b); *Moore v. Schneider*, 196 Cal.

3   380, 392-93 (1925).  Plaintiff has failed to allege all of the above.

4          Moreover, a trustor cannot "quiet title without discharging his debt.  The cloud upon his

5   title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974); *see also Mix*

6   *v. Sodd*, 126 Cal.App.3d 386, 390 (1991) (no quiet title action permitted without paying the debt

7   even where debt is otherwise unenforceable).  "It is settled in California that a mortgagor cannot

8   quiet title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219

9   Cal. 637, 649 (1934).  "When a debtor is in default of a home mortgage loan, and a foreclosure is

10  either pending or has taken place, the debtor must allege a credible tender of the amount of the

11  secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money*

12  *Bank*, 2009 WL 2136969 (N.D. Cal. July 16, 2009).  Simply stated, Plaintiff cannot re-acquire title

13  to the Property without paying or tendering what he borrowed.  Plaintiff asks for equitable relief,

14  but does not offer to do equity himself.  California law does not countenance such an inequitable

15  claim, as the above-cited authorities make clear.  Plaintiff has not offered to tender the amount

16  owed, a fundamental prerequisite to any action seeking to halt or reverse foreclosure.

17         Plaintiff asks for relief in equity, but does not offer to do equity himself.  Instead, he wants

18  a windfall:  the Property free of liens, while Erlinda Aniel also retains, without any obligation to

19  repay, the two millions dollars plus received.  California law does not countenance such an

20  inequitable result.

21         Therefore without even addressing the unsubstantiated arguments by Plaintiff, this quiet

22  title cause of action thus fails and should be dismissed without leave to amend. However in the

23  interest of completeness, Defendant will address Plaintiff's specific grounds for seeking quiet title.

24      **2.     GMAC Can Act As Beneficiary Without Having an Interest in the Note**

25         Plaintiff seeks to quiet title as to Defendant secured status as a beneficiary as it is not the

26  noteholder of the note. However, Plaintiff fails to cite any authority for this proposition; it is an

27  incorrect assertion as to the ability of Defendant to proceed with foreclosure under California law.

28         Civil Code Sections 2924 through 2924k "provide a comprehensive framework for the

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 12:20:58    Page 31 of
26

1   regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of

2   trust." *Moeller v. Lien*, 25 Cal.App.4th 822, 830 (1994).  "These provisions cover every aspect of

3   exercise of the power of sale contained in a deed of trust."  *I.E. Associates v. Safeco Title Ins. Co.*,

4   39 Cal.3d 281, 285 (1985).  "The purposes of this comprehensive scheme are threefold:  (1) to

5   provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a

6   defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and

7   (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona

8   fide purchaser."  *Moeller v. Lien*, *supra*, at 830.  "Because of the exhaustive nature of this scheme,

9   California appellate courts have refused to read any additional requirements into the non-judicial

10  foreclosure statute."  *Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092, 1098 (E.D.

11  Cal. 2010); *see also Moeller v. Lien*, *supra*, at 834 ("It would be inconsistent with the

12  comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate

13  another unrelated cure provision into statutory nonjudicial foreclosure proceedings.").

14      The Court in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011) was

15  presented with a similar argument.  The Court immediately rejected Gomes' contention:

16          By asserting a right to bring a court action to determine whether the
            owner of the Note has authorized its nominee to initiate the
17          foreclosure process, Gomes is attempting to interject the courts into
            this comprehensive nonjudicial scheme.  As Defendants correctly
18          point out, Gomes has identified no legal authority for such a lawsuit.
            Nothing in the statutory provisions establishing the nonjudicial
19          foreclosure process suggests that such a judicial proceeding is
            permitted or contemplated.  *Gomes*, *supra*, 192 Cal.App.4th at 1154.
20

21      The Court then concluded, "nowhere does the statute provide for a judicial action to

22  determine whether the person initiating the foreclosure process is indeed authorized and we see no

23  ground for implying such an action."  *Id.* (*citing Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal.4th

24  592, 596 (2010).).  The instant case is analogous to *Gomes*, and allowing it to proceed, "would

25  fundamentally undermine the nonjudicial nature of the process and introduce the possibility of

26  lawsuits filed solely for the purpose of delaying valid foreclosures."  *Id.*

27      In addition to the extent Plaintiff asserts that foreclosure activity is wrongful because the

28  promissory note was transferred to a securitized trust, he also fails to support a cause of action for

1   wrongful foreclosure. "The argument that parties lose their interest in a loan when it is assigned to

2   a trust pool [has] been rejected by many district courts." *Lane v. Vitek Real Estate Industries*

3   *Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010); *citing Benham v. Aurora Loan Servs.*, 2009

4   WL 2880232, *3 (N.D. Cal. 2009).

5         **3.**    **Deed of Trust Can Be Assigned Without the Note**

6         Lastly, Plaintiff seeks to quiet title by asserting that the failure to assign the deed of trust

7   without the note to Defendant makes the debt to HSBC unsecured. (Compl., ¶ 35.) This is not only

8   nonsensical but it is also irrelevant to the Defendant foreclosing on the subject property.

9         In support of his position, Plaintiff cites to a case from 1872, *Carpenter v. Logan.* But the

10   *Carpenter* case concerned a mortgage, not a deed of trust. (83 U.S. 271(1872) .) And the law

11   surrounding mortgages is significantly different from the law surrounding deeds of trust. (*See*,

12   *e.g.*, *Py v. Pleitner*, 70 Cal.App.2d 576, 578-579 (1945) (an obligation secured by a deed of trust

13   with the right of sale on default is not subject to the rules relating to mortgage foreclosures).)

14   Plaintiff's theory is without support.

15         Furthermore, any contention that Defendant is not the "owner of the loan" and thus lack

16   standing to foreclose, is misplaced. (Compl., ¶ 38.) Just as "[i]t is well-established that non-

17   judicial foreclosures can be commenced without producing the original promissory note." *Nool v.*

18   *HomeQ Servicing*, 653 F.Supp.2d 1047, 1053(E.D. Cal. 2009) (citations omitted), it is equally

19   well-established that one need not be the "holder in due course" to commence foreclosure. (*See*,

20   *e.g.*, *Zivanic v. Washington Mutual Bank*m 2010 WL 2354199 at *7 (N.D. Cal. 2010) (rejecting a

21   claim that only the "holder in due course" can foreclose as a "baseless legal assertion"); *Madrid v.*

22   *J.P. Morgan Chase Bank, N.A.*, 2009 WL 3255880 at *6 (E. D. Cal. 2009) (same); *see also*

23   *Periguerra v. Meridas Capital, Inc.*, 2010 WL 395932 at *3(N.D. Cal. 2010) .)

24         Specifically regarding assignments of a deed of trust, California law does not require the

25   foreclosing beneficiary to prove a chain of title. Indeed, assignments need not be recorded at all

26   and are only material "to mortgages that give a power of sale to the creditor, *not to deeds of trust*

27   *which grant a power of sale to the trustee*." *Herrera v. Federal Nat. Mortg. Assn.*, 205

28   Cal.App.4th 1495,1510 (2012) (italics added). This has been the law in California for more than

Case: 13-03017   Doc# 10   Filed: 03/18/13   Entered: 03/18/13 12:20:52   Page 33 of 26

1   100 years. *Calvo v.HSBC Bank USA, N.A.*, 199 Cal.App.4th 118, 123 (2011) (citing *Stockwell v.*

2   *Barnum*, 7 Cal.App.413, 416 (1908).) If an assignment need not be recorded or otherwise proven

3   to foreclose non-judicially, it follows that a borrower has no legal basis to challenge the

4   foreclosure based on an attack on the beneficiary's authority. Not surprisingly, this is exactly the

5   result reached by the Courts of Appeal when confronted with the issue. *See Gomes*, *supra*, at 1154

6   (holding that borrower has no legal basis for an action to determine whether the beneficiary has

7   authority to initiate foreclosure proceeding).

8          Finally as set forth in section II(A) above, Courts in this State have consistently held,

9   "sections 2924 through 2924k provide a comprehensive framework for the regulation of a

10  nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." (*Moeller v.*

11  *Lien, supra*, 25 Cal.App.4th at 830 (citations omitted).)  Plaintiff's contentions that other

12  principles or theories should control their foreclosure process are misplaced.  As such for the

13  reasons stated above, Plaintiff's cause of action seeking to quiet title should be dismissed without

14  leave to amend.

15  **C.      Plaintiff's Third Cause of Action Fails**

16         Plaintiff's third cause of action in his Complaint seeks to allege an accounting violation

17  should HSBC be determined as the unsecured creditor.  HSBC has not been named as a Defendant

18  in this second action, so this cause of action should be dismissed on that failure alone. However

19  even if the Court considers this cause of action, accounting "is not an independent cause of action

20  but merely a type of remedy and an equitable remedy at that." *Batt v. City & Cnty. of San*

21  *Francisco*, 155 Cal.App.4th 65, 82 (2007), citing *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168

22  (1942.  Therefore, Plaintiff cannot assert an independent cause of action for "accounting."

23         Furthermore, a request for an accounting is equitable in nature and may be brought to

24  compel the defendant to account to the plaintiff for money (1) where a fiduciary duty exists; or

25  (2) where no fiduciary duty exists, the accounts evidencing the balance due from the defendant to

26  the plaintiff are so complicated that an ordinary legal action demanding a fixed sum is impractical.

27  5 Witkin, Cal. Procedure, *Pleading* (4th ed. 1997) § 819, p. 236.  Plaintiff cannot satisfy either of

28  these requirements.

1    First, Defendant did not owe Plaintiffs a fiduciary duty.  A fiduciary relationship is a

2  "relation existing between two parties to a transaction wherein one of the parties to a transaction is

3  in duty bound to act with the utmost good faith for the benefit of the other party." *Herbert v.*

4  *Lankershim*, 9 Cal.2d 409, 483 (1937).  However, California courts have consistently refused to

5  extend the "'special relationship' doctrine to include ordinary commercial contractual relation-

6  ships …" or to debtor-creditor relationships in particular.  *Girard v. Delta Tower Joint Ventures*,

7  20 Cal.App.4th 1741, 1749 (1993) (citations omitted).  "The relationship between a lending

8  institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. Sav. & Loan*

9  *Ass'n* (1991) 231 Cal.App.3d 1089, 1093,  n.1.  "[B]etween a bank and its loan customers" there is

10  no fiduciary relationship.  *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989); see also

11  *Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 981 (1993).

12    In addition, a cause of action for accounting only exists when a plaintiff is owed an amount

13  that can only be determined through an accounting.  *Teselle v. McLoughlin,* 173 Cal.App.4th 156,

14  179 (2008).  Here, Defendant does not owe Plaintiff anything. In fact, it is Erlinda Aniel, the

15  borrower on the loan, that owes Defendant money.  (Notice of Default, Plaintiff's Ex. E.)  As there

16  are no amounts due from Defendant to Plaintiff, there can be no accounting claim

17  **D.    Declaratory Relief Fails**

18    Although Plaintiff's second cause of action is declaratory relief, it is addressed after his

19  other causes of action as his failure to prevail on those causes of action impacts the failure of his

20  declaratory relief cause of action.  Plaintiff contends there is "[a]n actual controversy exists

21  between Plaintiff and Defendants with regard to the validity, nature and extent of Defendant's

22  interest in the Property." (Compl., ¶ 49.)

23    However, Plaintiff attempt to seek declaratory relief fails as declaratory relief is not a

24  cause of action.  It is a remedy that must be tethered to some independent legal duty owed by the

25  defendants to the plaintiff.  *McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997); *Cox*

26  *Commc'ns PCS, L.P. v. City of San Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002).  The

27  declaratory relief claim, therefore, cannot stand on its own.  As has already been shown, Plaintiff's

28  other claims are defective.  Consequently, there is nothing to support Plaintiff's request for this

Case: 13-03017    Doc# 10    Filed: 03/18/13    Entered: 03/18/13 12:20:58    Page 35 of
26

1  claim, and it should be dismissed.

2      Where there is no justifiable controversy for a purported declaratory action, the proper

3  remedy is not to render judgment for one side or the other, but to dismiss.  *Connerly v.*

4  *Schwarzenegger*, 146 Cal.App.4th 739 (2007).  "An action for declaratory relief should be

5  dismissed where it appears that no justifiable controversy exists."  *Pittenger v. Home Sav. & Loan*

6  *Ass'n*, 166 Cal.App.2d 32, 36 (1958).

7      Further under federal law, declaratory relief is not an independent cause of action, but only

8  a remedy.[10]  Therefore for the reasons stated above, this cause of action should be dismissed

9  without leave to amend.

10                         **V.    CONCLUSION**

11      For the reasons stated above, the Court should dismiss Plaintiff's Complaint against

12  Defendants, without leave to amend.

13  DATED:  March 18, 2013              Respectfully submitted,

14                                     SEVERSON & WERSON

15                                     A Professional Corporation

16

17                                     By:    /s/ Adam N. Barasch
                                                Adam N. Barasch
18

19                                     Attorneys for Defendant

20                                     OCWEN LOAN SERVICING, LLC successor to
                                       GMAC MORTGAGE LLC f/k/a GMAC MORTGAGE
                                       CORPORATION
21

22

23

24
_____

25  [10] 28 U.S.C. §§ 2201, 2202; *see also Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir.

26  1997) ("The DJA is procedural in nature, and merely offers an *additional remedy* to litigants.");
    *Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 41 F.3d 764, 775 (1st Cir. 1994) ("A declaratory

27  judgment is not a theory of recovery."); *Fiedler v. Clark*, 714 F.2d 77 (9th Cir. 1983) (citing *Skelly
    Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

28