**ALSTON & BIRD LLP**

John C. Weitnauer (*pro hac vice*)
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as
Custodian for Certain Mortgage Backed
Securities Trusts*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** ) | |
| ) | **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, ) | |
| ) | **Chapter 11** |
| **Debtors.** ) | |
| ) | **Jointly Administered** |

**RESERVATION OF RIGHTS AND ASSERTION OF REJECTION DAMAGES BY
WELLS FARGO BANK, N.A., IN ITS CAPACITY AS CUSTODIAN**

Comes now Wells Fargo Bank, N.A. ("**Wells Fargo**"), solely in its capacity as custodian for certain mortgaged backed securities trusts (in such capacity, the "**Custodian**") and files this *Reservation of Rights and Assertion of Rejection Damages by Wells Fargo Bank, N.A., in its Capacity as Custodian* (the "**Reservation of Rights**").

**I.    BACKGROUND**

1.    On July 17, 2013, Debtors filed a *Notice of Rejection of Executory Contracts and Unexpired Leases* (Docket No. 4222) and on August 22, 2013 an *Amended Notice of Rejection of Executory Contracts and Unexpired Leases [Original Rejection Notice, Docket No. 4222]* (Docket No. 4804) (together, the "**Rejection Notice**").[1]

---

[1]    All pin citation references made to the Rejection Notice refer to Docket No. 4804.

2. The Rejection Notice states that it was submitted to the Court per that *Order Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554(a) and Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases* (Docket No. 2549) (the "**Rejection Procedures Order**"). *See* Rejection Notice at 1.

3. The Rejection Notice includes seven contracts with Wells Fargo as the contract counterparty (the "**Seven Contracts**").[2] Rejection Notice at 10–11; *see also* Exhibit B.

4. Based upon the limited description contained in the Rejection Notice, Wells Fargo believes that each of the Seven Contracts are Custodial Agreements, as that term is defined in the Rejection Procedures Order ("**Custodial Agreements**"). *See* Rejection Procedures Order at 4–5, ¶ 3; *see also* ¶ 6 below.

5. The Rejection Procedures Order provides the following:

> The Rejection Procedures **shall not apply to** (i) Servicing Agreements relating to securitizations for which any of the Respondents serve as master servicer or trustee, and (ii) **Custodial Agreements** for which any of the Respondents serve as custodian, each subject to the Debtors' right to seek similar relief by separate motion.

*Id.* (emphasis added and footnotes omitted).

6. The Rejection Procedures Order further provides:

> "Custodial Agreements" include agreements where the Respondents act as custodian for the purpose of receiving and holding certain documents and other instruments relating to residential mortgage loans delivered by the Debtors, in their capacity as servicer, master servicer, or owner with respect to such loans.

*Id.* at 5 n.7.

---

[2]   A list of the Seven Contracts is reproduced on <u>Exhibit B</u> attached hereto.

7.  By its terms the Rejection Procedures Order exempts the Seven Contracts from the procedures set forth in the Rejection Procedures Order and indicates that Debtors should instead seek to reject contracts such as the Seven Contracts by motion.

8.  Debtors' treatment of the Seven Contracts per the Rejection Procedures Order is therefore inappropriate and the purported rejection of the Seven Contracts by the Rejection Notice (and Rejection Procedures Order) is void.  Wells Fargo is not subject to any deadlines applicable per the Rejection Procedures Order for the Seven Contracts.

9.  Debtors must reject any Custodial Agreement by motion and the Court must enter an order rejecting any of Wells Fargo's Custodial Agreements.  Wells Fargo's related response deadlines are then governed by the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (Docket No. 1309) (the "**Bar Date Order**").

10. The Bar Date Order provides:

> Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim by the later of (a) the General Bar Date and (b) thirty *(30) days after the date of entry of an order of rejection* (unless the order of rejection provides otherwise).

Bar Date Order at 6 of 20 ¶ 8 (emphasis added).

11. However, out of an abundance of caution, Wells Fargo submits this Reservation of Rights.  Nothing in this Reservation of Rights shall constitute of waiver of Wells Fargo's rights under the Rejection Procedures Order, the Bar Date Order, or otherwise.

## II. RESERVATION OF RIGHTS AND ASSERTION OF REJECTION DAMAGES CLAIM

12. Wells Fargo submits this Reservation of Rights in a good faith attempt to provide Debtors notice of Wells Fargo's right to payment arising from any rejection of the Seven Contracts.

3

13. Accordingly, attached hereto as Exhibit A (and concurrently filed per the requirements of the Rejection Procedures Order) is Wells Fargo's proof of claim asserting Wells Fargo's right to payment arising from any rejection of the Seven Contracts (the "**Rejection Damages Proof of Claim**").

14. Wells Fargo's Rejection Damages Proof of Claim amends Claim No. 3581 filed November 10, 2012 (the "**Prepetition Proof of Claim**") per section 365(g) of the Bankruptcy Code[3] and the *Stipulation and Order Permitting Wells Fargo Bank, N.A., in its Capacity as Custodian for Certain Mortgage Backed Securities Trusts, to File Consolidated Proofs of Claim* (Docket No. 2180) (the "**Stipulation**").

15. As further described in the attachment to the Rejection Damages Proof of Claim, Wells Fargo's Rejection Damages Proof of Claim asserts Wells Fargo's right to payment arising from any rejection of the Seven Contracts, whatever those contracts may be. Wells Fargo is unable, at this time, to better articulate what those damages are because the Rejection Notice fails to identify adequately the executory contracts it purports to reject.

16. For all but one of the Seven Contracts, the only specific identifying information is its date. *See* Exhibit B; Rejection Notice at 10–11. The seventh of the Seven Contracts does not even contain a date. *Id.* As described in the Stipulation, Wells Fargo and Debtors were parties to approximately 1200 Custodial Agreements. *See* Stipulation at 2. The Rejection Notice provides no indication of which Custodial Agreements the Seven Contracts refer to.

17. Wells Fargo has reached out to Debtors' counsel in the hopes of identifying the contracts Debtors propose to reject and will amend its Rejection Damages Proof of Claim when

---

[3] 11 U.S.C. 365(g) (". . . [T]he rejection of an executory contract . . . of the debtor constitute a breach of such contract . . . (1) if such contract has not been assumed . . . immediately before the date of the filing of the petition . . . .").

4

Wells Fargo has been able to do so. As of the date of this filing Debtors have not provided Wells Fargo with information adequate to identify the contracts Debtors intend to reject.

18. Given Wells Fargo's inability to determine which contracts Debtors intend to reject, Wells Fargo reserves all rights to assert any right to payment that arises from such rejection once Debtors provide Wells Fargo with adequate notice of the same.

### III. CONCLUSION

WHEREFORE, Wells Fargo requests the Court (a) find that Debtors inappropriately treated the rejection of the Seven Contracts per the Rejection Procedures Order when the Seven Contracts are Custodial Agreements not subject to the Rejection Procedures Order; (b) enter an order requiring Debtors to reject the Seven Contracts, if at all, by motion and per the Bar Date Order; and (c) in the event the Court finds the Rejection Procedures Order applies, accept Wells Fargo's Rejection Damages Proof of Claim as timely filed per the Rejection Procedures Order and as an amendment to Wells Fargo's Prepetition Proof of Claim.

Respectfully submitted this 26th day of August, 2013.

**ALSTON & BIRD LLP**

By: /s/ John C. Weitnauer
John C. Weitnauer (*pro hac vice*)
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Custodian for Certain Mortgage Backed Securities Trust*