# EXHIBIT A

# [REJECTION DAMAGES PROOF OF CLAIM]

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|
| Name of Debtor and Case Number: **Residential Funding Company, LLC, Case No. 12-12019** | |

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Wells Fargo Bank, N.A., solely in its capacity as custodian for certain residential mortgage backed securities trusts, warehousing facilities, pools of mortgage loans, and other financing arrangements | ■ Check this box if this claim amends a previously filed claim. |
| Name and address where notices should be sent: Wells Fargo Bank, N.A., as Custodian 625 Marquette Avenue, 16th Floor, MAC N9311-161 Minneapolis, MN 55402 Attn: Mary L. Sohlberg, Vice President Telephone: (612)316-0737 Email: Mary.L.sohlberg@wellsfargo.com  John C. Weitnauer Alston & Bird LLP 1201 West Peachtree Street, NW Atlanta, GA 30309-3424, Telephone: (404)881-7000, Email: kit.weitnauer@alston.com  Telephone number:                                             email: | Court Claim Number: 3581 *(If known)*  Filed on: 11/10/2012 |
| Name and address where payment should be sent (if different from above): Wells Fargo, N.A., as Custodian 625 Marquette Avenue, 16th Floor, MAC N9311-161 Minneapolis, MN 55402  Telephone number: (612) 316-0737         email: Mary.L.Sohlberg@wellsfargo.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
| 1. Amount of Claim as of Date Case Filed: $ **(see attachment)** If all or part of the claim is secured, complete item 4. If all or part of the claim is entitled to priority, complete item 5. ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.** |
| 2. Basis for Claim: (see attachment) (See instruction #2) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| 3. Last four digits of any number by which creditor identifies debtor: ___ ___ ___ ___ | 3a. Debtor may have scheduled account as: (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| 4. Secured Claim (See instruction #4) Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.  Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other Describe: Value of Property: $_____   Annual Interest Rate_____% ☐ Fixed ☐ Variable (when case was filed) Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____                         Basis for perfection: _____  Amount of Secured Claim: $_____        Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).  ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).  ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| 6. Claim Pursuant to 11 U.S.C. § 503(b)(9): Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.             $_____ (See instruction #6) | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).  **Amount entitled to priority:** |
| 7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7) | $_____ |
| 8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, please explain: | * Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
| 9. Signature: (See instruction #9) Check the appropriate box. ■ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or   ☐ I am a guarantor, surety, (Attach copy of power of attorney, if any.)        their authorized agent.        indorser, or other codebtor. (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)  I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief. Print Name: Rebecca A. Romero Title: Assistant Vice President, Document Custody Company: Wells Fargo Bank Corporate Trust Services        *Rebecca A Romero*  8/23/13         (Signature)                                                   (Date) Address and telephone number (if different from notice address above): 1015 10th Avenue SE, N9332-011, Minneapolis, MN 55414  Telephone number: (612)667-5950       Email: rebecca.a.romero@wellsfargo.com | COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**:
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____**DEFINITIONS**_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____**INFORMATION**_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/ResCap.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

IN RE: RESIDENTIAL CAPITAL, LLC, *ET AL.*

Case Nos. 12-12019, 12-12020 (MG)

*DATE OF FILING: May 14, 2012 (the "Petition Date")*

**ATTACHMENT TO PROOF OF CLAIM AMENDING CLAIM NO. 3581**

Wells Fargo Bank, N.A. ("Wells Fargo"), solely in its capacity as custodian (in such capacity, the "Custodian") for certain residential mortgage backed securities trusts, warehousing facilities, pools of mortgage loans and/or other financing arrangements (each such trust, facility, pool or arrangement are for convenience purposes collectively referred to herein as a "Trust" and collectively, the "Trusts"),[1] files this amended proof of claim incorporating rejection damages (the "Amended Proof of Claim") against Residential Capital, LLC and its affiliated Chapter 11 debtors identified on Schedule II attached to claim no. 3581 (each, a "Debtor" and collectively, the "Debtors").[2] Wells Fargo asserts claims owed to it as Custodian on behalf of, or in connection with, the Trusts.

**I. The Trusts**

Prior to the Petition Date, one or more of the Debtors entered into custodial agreements with Wells Fargo (each, an "Agreement", and collectively, the "Agreements") whereby Wells Fargo agreed to act as custodian for the benefit of a trustee or indenture trustee, for the benefit of a third party investor, or for the benefit of one or more of the Debtors.

Pursuant to the terms of the Agreements, Wells Fargo is responsible for holding and safeguarding residential mortgage files, which files may include mortgage notes, mortgages, or deeds of trust, and title insurance policies, among other things. Wells Fargo is a party to hundreds of Agreements with the Debtors and such Agreements relate to approximately 850 separate Trusts.[3]

---

[1] The Custodian continues to work with the Debtors to reconcile the total number of Trusts implicated by the bankruptcy proceeding. Accordingly, the Custodian reserves its rights to amend Schedule I attached to claim no. 3581 to include additional Trusts as they may be subsequently identified by either the Custodian or the Debtors.

[2] Wells Fargo submits this Amended Proof of Claim in the Residential Funding Company, LLC Case No. 12-12019 because Residential Funding Company, LLC is the debtor entity identified in Debtors' Rejection Notice (term defined below). This Amended Proof of Claim amends claim no. 3581, which per the Stipulation (term defined below) is " . . . deemed to constitute the filing of such proof of claim in each of the applicable Debtors' cases . . . ." Stipulation at 3, ¶ 1. Accordingly this Amended Proof of Claim intended to conform to the Stipulation and "constitute the filing of such proof of claim in each of the applicable Debtors' cases . . . ." *Id.*

[3] The Trusts and Agreements referenced in this Proof of Claim span across both the Debtors' "Origination and Servicing" business as well as its "Legacy Portfolio", as such terms are described in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital,*

## II. Claims of the Custodian

Wells Fargo has actual and contingent claims against one or more of the Debtors based on, *inter alia*, (a) indemnification of the Custodian by one of the Debtors, and (b) the failure of the Debtor to reimburse the Custodian for certain fees and expenses.

## III. Description of Claims of Wells Fargo as Custodian

### A. *Custodian is Entitled to Indemnification from Debtors.*

Subject to the specific terms of each Agreement, the Debtors specified in Schedule III attached to claim no. 3581 (each a "Schedule III Debtor," and collectively the "Schedule III Debtors")[4] are generally obligated under the Agreements to indemnify and hold the Custodian harmless from and against all claims, liabilities, losses, actions, suits or proceedings at law or in equity, or any other expenses, fees or charges of any character or nature, which the Custodian may incur or with which the Custodian may be threatened by reason of its acting as Custodian under the Agreements, including indemnification of the Custodian against any and all expenses, including attorney's fees, and the cost of defending any action, suit or proceeding or resisting any claim.

Wells Fargo has incurred, and continues to incur, losses, claims, expenses, costs or liabilities (collectively, "Losses") as a result of the Debtors' filing for bankruptcy. Each Schedule III Debtor is expressly obligated to indemnify the Custodian for such Losses in accordance with the Agreements. The Losses incurred by the Custodian in connection with the Debtors' bankruptcy filing may include, but are not limited to, legal fees, internal administrative costs related to default management and administration, and travel expenses. As of the date immediately prior to the filing of this Amended Proof of Claim, Wells Fargo has a claim for the total dollar amount of such Losses incurred as reflected on Schedule IV attached to claim no. 3581. Such claim, however, is subject to adjustment and will likely increase during the pendency of the Debtors' bankruptcy case. Accordingly, the Custodian reserves the right to revise or amend this amount in the future.

### B. *Custodial Fees and Expenses*

Subject to the specific provisions of each Agreement, the Debtors specified on Schedule V attached to claim no. 3581 (each a "Schedule V Debtor," and collectively the "Schedule V

---

*LLC, in Support of Chapter 11 Petitions and First Day Pleadings*, filed on May 14, 2012 (Docket No. 6).

[4] The term "Schedule III Debtors" shall also include any other Debtors owing indemnification obligations to the Custodian pursuant to the Agreements that are not currently identified on Schedule. III attached to claim no. 3581. The Custodian hereby asserts any and all claims it may have against any Debtor not listed on Schedule III attached to claim no. 3581 where such Debtor indemnifies the Custodian under an Agreement for, *inter alia,* losses and expenses arising out of or in any way relating to the Custodian's duties under the Agreements. The Custodian reserves its rights to amend Schedule III attached to claim no. 3581 to include additional Debtors as Schedule III Debtors as they are identified.

2

Debtors")[5] are obligated to pay the Custodian reasonable compensation for all services rendered by it in the exercise and performance of any of the powers and duties under the Agreements, as well as the payment or reimbursement of all reasonable expenses, disbursements, and advances incurred or made by the Custodian in accordance with any of the provisions of the Agreements (including the reasonable compensation and the expenses and disbursements of its counsel and of all persons not regularly in its employ).

With the consent of the Debtors, the Custodian has historically submitted omnibus invoices to each applicable Schedule V Debtor covering numerous Trusts. Such invoices are calculated as of the last day of each calendar month based upon reports generated by the Custodian's internal record system. The custodial fees for each month are calculated in accordance with the relevant terms set forth in the Agreements. The invoices delivered to the Schedule V Debtors each month are generally categorized by Schedule V Debtor, and further classified by product type, which include securitizations, financing lines, and portfolio lines. Such categories were previously agreed to by the Schedule V Debtors.

The Custodian's records indicate that at least $159,166.78 of fees and expenses were outstanding and owed as of November 10, 2012 by the Schedule V Debtors to the Custodian under the Agreements. Such amount reflects fees and expenses incurred both prior to the Petition Date, as well as fees and expenses incurred after the Petition Date through November 10, 2012. Attached as Exhibit A to claim no. 3581 are copies of such invoices relating to fees and expenses due and payable under the Agreements that are unpaid or partially unpaid. Attached as Exhibit B to claim no. 3581 is a chart showing the calculation of, and related supporting detail related to, such outstanding amounts, including any partial payments made by the Debtor prior to the filing of this Amended Proof of Claim.

Such amounts continue to accrue each month and, if not paid by the Schedule V Debtors, the Custodian will, and hereby reserves the right to, revise or amend this amount in the future.

### C. Rejection Damages

To the extent Wells Fargo has actual and contingent claims against one or more of the Debtors[6] as described in Section II, III.A.–B. above, and Section III.D. below, as of the

---

[5] The term "Schedule V Debtors" shall also include any other Debtors that are obligated to pay the Custodian compensation and to reimburse the Custodian for expenses for all services rendered by it in the exercise and performance of any of the powers and duties under the Agreements but are not currently identified on Schedule V attached to claim no. 3581. The Custodian hereby asserts any and all claims it may have against any Debtor not listed on Schedule V attached to claim no. 3581 where such Debtor is obligated under any Agreement to pay compensation to the Custodian for all services rendered by it or to reimburse the Custodian for expenses incurred, in each case in connection with the exercise and performance of any of the powers and duties under the Agreements. The Custodian reserves its rights to amend Schedule V attached to claim no. 3581 to include additional Debtors as Schedule V Debtors as they are identified.

[6] *See* note 2 *supra*.

3

petition date, Wells Fargo likewise has actual and contingent claims arising out of any rejection of Agreements per the *Amended Notice of Rejection of Executory Contracts and Unexpired Leases [Original Rejection Notice, Docket No. 4222]* (Docket No. 4804) (together, the "Rejection Notice") and *Pursuant to 11 U.S.C. §§ 105(a), 365(a), and 554(a) and Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Approving Procedures Regarding the Future Rejection of Executory Contracts and Unexpired Leases* (Docket No. 2549) (the "Rejection Procedures Order").

In addition, Wells Fargo is entitled to payment for lost profits associated with the Agreements purportedly rejected by the Rejection Notice and the Rejection Procedures Order. Wells Fargo is also entitled to compensation for the disposition of any papers that Wells Fargo will be required to dispose of or transfer to a third party in light of such proposed rejection, if any.

As more fully explained in Wells Fargo's *Reservation of Rights and Assertion of Rejection Damages by Wells Fargo Bank, N.A. in its Capacity as Custodian*, concurrently filed, Debtors' treatment of the seven contracts (which based on the Rejection Notice's limited description Wells Fargo believes to be Agreements) per the Rejection Procedures Order is inappropriate and the purported rejection of the seven Agreements by the Rejection Notice (and Rejection Procedures Order) is void. However to the extent such purported rejection was successful, Wells Fargo hereby asserts its right to payment to all damages arising from rejection of the seven Agreements listed in the Rejection Notice.

### D. Other Claims

The Custodian may have other claims against Debtors arising under the Agreements that are contingent, unliquidated or have not otherwise been discovered on the date hereof. Further amounts may be owed by Debtors in the event Debtors elect to reject any of the Agreements (and to the extent the purported rejection of the seven Agreements referred to in Section III.C. above was successful, any further Agreements). If Debtors elect to reject any of the Agreements (and to the extent the purported rejection of the seven Agreements referred to in Section III.C. above was successful, any further Agreements), further claims and amounts may be determined.

The Custodian hereby includes in this Amended Proof of Claim such contingent and unliquidated claim amounts and reserves the right to amend or supplement this Amended Proof of Claim for any purpose, including but not limited to fixing or liquidating any such additional claim amounts, specifying claims for ongoing obligations of Debtors that are not expressly described herein, or asserting priority status for any portion of such claims.

### IV. Reservation of Rights

In addition to claims it has under the Agreements, Wells Fargo has or may have additional rights under applicable law related to its role as Custodian of each of the Trusts.

The description of any specific claims in this Amended Proof of Claim does not limit (and is not intended to limit) the generality of the claims asserted herein. Wells Fargo intends, by the filing of this Amended Proof of Claim, to assert any (i) right to payment it may have against the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, known, unknown,

secured, or unsecured, or (ii) right to an equitable remedy for breach of performance if such breach gives rise to a right topayment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, known, unknown, secured, or unsecured, arising from or related to Wells Fargo's role as Custodian or otherwise arising out of or related to the Agreements.

The Agreements supporting this Amended Proof of Claim and related documents and agreements, are confidential, voluminous in nature, and, upon information and belief, are already in the possession of the Debtor or, in some cases, may be publicly filed documents with the Securities and Exchange Commission. Wells Fargo will make any and all such documents available upon request by a party in interest with the appropriate confidentiality protections put in place and the agreements of the requesting party to reimburse Wells Fargo for costs related to such request. Pursuant to the *Stipulation and Order Permitting Wells Fargo Bank, N.A., in its Capacity as Custodian for Certain Mortgage Backed Securities Trusts, to File Consolidated Proofs of Claim* (Docket No. 2180) (the "Stipulation"), the Custodian is not required to file documents in support of this Amended Proof of Claim.

Nothing set forth in this Amended Proof of Claim or otherwise, including, without limitation, any later appearance, pleading, claim, or action, is intended or shall be deemed to be a waiver, release, or modification by Wells Fargo of its (a) right to have final orders in noncore matters entered after *de novo* review by a District Judge; (b) right to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to these cases; (c) right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (d) other rights, remedies, claims, actions, defenses, setoffs, or recoupments to which Wells Fargo is or may be entitled, all of which are hereby expressly reserved.

Wells Fargo specifically reserves all rights to supplement, amend, or modify this Amended Proof of Claim with any information, including, without limitation, updated amounts or to list other claims of liability relating to Wells Fargo's role as Custodian on behalf of each of the Trusts. Wells Fargo also reserves its rights to seek the allowance and payment of any administrative expense claim pursuant to 11 U.S.C. § 503 for any post-petition damages, Losses, or expenses arising out of any breach of any obligation by the Debtor under the Agreements or under other applicable law, including for post-petition liabilities, costs, losses, damages, or expense relating to or arising from Wells Fargo's role as Custodian for each of the Trusts.

This Amended Proof of Claim is filed without prejudice to the filing by Wells Fargo of additional proofs of claim with respect to any other liability or indebtedness of the Debtors. Wells Fargo specifically preserves all of its procedural and substantive defenses and rights with respect to any claim that may be asserted against Wells Fargo by the Debtors or any other party in interest in these bankruptcy cases, or any other person or entity whatsoever.