**SEWARD & KISSEL LLP**
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association,*
*as Trustee of Certain Mortgage-Backed*
*Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.,* | ) |
| | ) **Chapter 11** |
| **Debtors.** | ) |
| | ) **Jointly Administered** |

**RESERVATION OF RIGHTS IN RESPONSE TO DEBTORS' MOTION UNDER
SECTION 365 OF THE BANKRUPTCY CODE TO ASSUME AND
ASSIGN SERVICING-RELATED AGREEMENTS FOR TRUSTS INSURED
BY SYNCORA GUARANTEE INC. TO OCWEN LOAN SERVICING, LLC**

U.S. Bank National Association, solely in its capacity as indenture trustee (the

"**Trustee**") for the Greenpoint Mortgage Funding Trust 2006-HE1 (the "**Trust**") hereby files its

Statement in Response to the *Debtors' Motion under Section 365 of the Bankruptcy Code to*

*Assume and Assign Servicing-Related Agreements for Trusts Insured by Syncora Guarantee Inc.*

*to Ocwen Loan Servicing, LLC,* dated August 15, 2013 (Docket No. 4718) (the "**Motion**"), and

states as follows:

1.      In the Motion, the Debtors assert, among other things, that Syncora Guarantee

Inc. ("**Syncora**") did not timely file a cure claim in respect of the Trust and two other trusts for

which Syncora insured payment of principal and interest for the benefit of the holders of each

trust.  In part for such reason, the Debtors argue that any cure claim in respect of the trusts,

including the Trust, should be fixed at zero.

2.      The Debtors fail to note in the Motion that on April 16, 2013, the Trustee timely

filed its Notice of Cure Claim of U.S. Bank National Association and Certain of its Affiliates as

Trustee and Master Servicer (the "**Trustee Notice of Cure Claim**") (Docket No. 3453),

incorporated herein by this reference.[1]

3.      In the Trustee Notice of Cure Claim, the Trustee asserted a cure claim on behalf

of the Trust against GMAC Mortgage LLC (f/k/a GMAC Mortgage Corporation) ("**GMACM**"),

one of the Debtors, in an unliquidated amount.  Trustee Notice of Cure Claim, at Schedule A, p.

11.  The cure claim asserted in respect of the Trust in the Trustee Notice of Cure Claim is

asserted as an administrative priority claim and includes all obligations of GMACM as servicer

and otherwise that are outstanding as of the date of any closing of the assignment of the servicing

obligations with respect to the Trust, that become due and owing after such closing date, or that

become due and owing as a result of pre-closing actions of GMACM as servicer.  The Trustee

Notice of Cure Claim preserves the Trust's cure claim to the extent the Court grants the Motion

and the Debtors assume and assign the servicing relating to the Trust, and includes all servicing

damage claims through the effective date of the servicing transfer.

4.      The *Revised Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al.
and the Official Committee of Unsecured Creditors*, as filed on August 20, 2013 (Docket No.

4770) (the "**Plan**"), provides for the allowance and treatment of the claims of the Trust.  The

---

[1] Pursuant to the *Fourth Revised Omnibus Scheduling Order and Provisions for Other Relief Regarding Debtors Motion Pursuant to Fed .R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements*, dated December 27, 2012 at ¶ 15 (Docket No. 2528,), among other things, the Trustee along with the other RMBS Trustees (as defined therein) had until April 16, 2013 to file cure claims.

Trust's servicing claim is currently included on Schedule 4G to the Plan because as of July 1, 2013 the servicing for the Trust had not been assumed.  Under the Plan, the Schedules relating to the Trust's claims are subject to change, including to the extent the servicing is assumed and assigned and the claim becomes a cure claim in Schedule 1G.  However, with respect to trusts insured by an insurer that is currently performing, such as Syncora, absent application of an insurer exception, the claims of the Trust may be recognized at $0 for purposes of recovery under the Plan.  Plan, Article IV.C.3.(a) (iv) and Exhibit 9.  On June 26, 2013, the Trustee filed a Notice of Withdrawal of RMBS Trust from the Plan Support Agreement (Docket No. 4092) with respect to the Trust.

5.      In the event the Plan is not confirmed or the treatment of the Trust's cure claim is modified, the Trustee further reserves its right to amend the amount of the cure claim asserted on behalf of the Trust against GMACM in the Trustee Notice of Cure Claim.

6.      The Trustee reserves all its rights under the Transfer and Servicing Agreement dated as of August 1, 2006 among the Trust, as Issuer, Structured Asset Securities Corporation,

as Depositor, GMACM as Servicer, and the Trustee, as Indenture Trustee, and related

documents, including any insurance policies issued to the Trust by Syncora.  Nothing contained

herein shall prejudice the claims of any non-Debtor parties to the Trust, including, without

limitation, Syncora and the investors in the Trust.

Dated:  New York, New York
       August 26, 2013

                        **SEWARD & KISSEL LLP**
                        By: /s/ Ronald L. Cohen
                        Ronald L. Cohen
                        Arlene R. Alves
                        One Battery Park Plaza
                        New York, New York 10004
                        Telephone: (212) 574-1200
                        Facsimile: (212) 480-8421

                        *Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

SK 03687 0119 1408620