**Hearing Date:  August 28, 2013 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' TWENTY-SECOND**
**OMNIBUS CLAIMS OBJECTION TO BORROWER CLAIMS WITH**
**<u>INSUFFICIENT DOCUMENTATION</u>**

ny-1106174

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this reply (the "Reply") to the response and opposition (the "Response") of claimant George Davis ("Claimant") to the *Debtors' Twenty-Second Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 4199] (the "Objection"), and in further support of the Objection. In support hereof, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Debtors have received only one response and opposition to the Objection, the Response of Claimant; however, the Response offers no support for the claim and Claimant has not met the burden imposed upon him by the Objection. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010). Claimant has failed to provide sufficient documentation in support of his claim or any other explanation as to why the claim is valid. Accordingly, the relief sought in the Objection should be granted with respect to Claimant.

ny-1106174

## BACKGROUND

### A. General Background

2. In connection with the claims reconciliation process, the Debtors identified certain claims filed by Borrowers[1] that either (i) fail to identify the amount of the claim and the basis for the claim or (ii) identify the claim amount but do not provide any explanation or attach any supporting documentation to substantiate the claim amount (together, the "Insufficient Documentation Claims").

3. In May 2013, after consulting with SilvermanAcampora LLP, special Borrowers' counsel to the official committee of unsecured creditors ("Special Counsel"), the Debtors sent Request Letters to the Borrowers who filed the Insufficient Documentation Claims requesting additional documentation in support of such claims. The Request Letters state that the Borrowers must respond within 30 days with an explanation that states the legal and factual reasons why they believe they are owed money or are entitled to other relief from the Debtors, and the Borrowers must provide copies of any and all documentation that they believe supports the basis for their claims. The Request Letters further state that if the Borrowers do not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the Borrowers' claims, seeking to have the claims disallowed and permanently expunged.

4. The Debtors did not receive any response to the Request Letters from Borrowers who filed the Insufficient Documentation Claims after the 30-day response deadline passed. Accordingly, on July 10, 2013, the Debtors filed the Objection with respect to the Insufficient Documentation Claims.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1106174

### B.    The Davis Claim

5.    On November 7, 2012, Claimant filed a proof of claim (Claim No. 3443, the "Davis Claim") against Debtor GMAC Mortgage, LLC in the face amount of $357,546.89. The stated basis of the Davis Claim is "Mortgage Note. would not except any payments we sent to try to catch up our mortgage" [sic].  No supporting documentation is attached.  A copy of the Davis Claim is attached hereto as Exhibit 1.  Mr. Davis did not respond to the Debtors' Request Letter seeking more documentation in support of the Davis Claim.

6.    After the Debtors subsequently filed the Objection, Mr. Davis submitted the Response [Docket No. 4810], a copy of which is attached hereto as Exhibit 2.  The Response, which was filed on August 23, 2013, approximately two weeks after the Objection's August 9th response deadline, alleges a number of reasons why Claimant fell behind on his mortgage payments, including loss of work and personal and familial tragedies.  The Response also explains and documents Claimant's unsuccessful efforts to pay a portion of his mortgage arrears and to obtain a loan modification.  However, the Response provides no further explanation or evidence in support of the Davis Claim.

### REPLY

7.    Bankruptcy Rule 3001(c)(1) instructs that:

> [w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

8.    If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995),

3

ny-1106174

aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (J. Glenn).  Moreover, where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

9. Upon review of the Response, the Debtors have determined that the Response (i) fails to provide sufficient documentation in support of the Davis Claim and (ii) reveals that the Davis Claim is a claim for which the Debtors are not liable.  Accordingly, the Davis Claim should be disallowed and expunged.

## CONCLUSION

10. WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted.

| | |
|---|---|
| Dated: August 26, 2013<br>      New York, New York | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jonathan M. Petts<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors and Debtors in Possession* |