**Hearing Date: October 2, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEBTORS' OBJECTION TO PROOFS OF CLAIM**
**FILED BY ROBERT SWEETING AGAINST GMAC MORTGAGE, LLC**
**(CLAIM NOS. 1360 AND 1361) PURSUANT TO SECTION 502(b) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

**PLEASE TAKE NOTICE** that the undersigned have filed the *Debtors'*

*Objection to the Proofs of Claim filed by Robert Sweeting against GMAC Mortgage, LLC*

*(Claim Nos. 1360 and 1361) Pursuant to Bankruptcy Code Section 502(b) and*

*Bankruptcy Rule 3007* (the "Objection").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take

place on **October 2, 2013 at 10:00 a.m. (Eastern Time)** before the Honorable Martin

Glenn, at the United States Bankruptcy Court for the Southern District of New York,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 16, 2013 at 4:00 p.m. (Eastern Time)**, upon (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, Melissa A. Hager and Erica J. Richards) and Severson & Werson P.C., 19100 Von Karman Avenue, Suite 700, Irvine, California 92612 (Attention:  Jonathan D. Dykstra; (b) Robert Sweeting, 7071 Warner Ave., Suite F81, Huntington Beach, CA 92647; (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (e)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (f) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M.

Cieri and Ray Schrock); (h) counsel for the committee of unsecured creditors, Kramer

Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036

(Attention: Kenneth Eckstein and Douglas Mannal); (i) counsel for Ocwen Loan

Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019

(Attention: Jennifer C. DeMarco and Adam Lesman); (j) counsel for Berkshire Hathaway

Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071

(Attention:  Thomas Walper and Seth Goldman); (k) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (l) Securities and Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Objection, the Bankruptcy Court may deem

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated:  August 26, 2013
      New York, New York

 

/s/ Norman S. Rosenbaum
    Gary S. Lee
    Norman S. Rosenbaum
    Melissa A. Hager
    Erica J. Richards
    MORRISON & FOERSTER LLP
    1290 Avenue of the Americas
    New York, New York 10104
    Telephone: (212) 468-8000
    Facsimile: (212) 468-7900

    *Counsel for the Debtors and Debtors in*
    *Possession*

3

**Hearing Date: October 2, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

SEVERSON & WERSON P.C.
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile:  (949) 442-7118
Jonathan D. Dykstra *(pro hac admission pending)*

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------
                                                     )
In re:                                               )    Case No. 12-12020 (MG)
                                                     )
RESIDENTIAL CAPITAL, LLC, et al.,                    )    Chapter 11
                                                     )
                                  Debtors.           )    Jointly Administered
                                                     )
----------------------------------------------------------------------

**DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY ROBERT SWEETING
AGAINST GMAC MORTGAGE, LLC (CLAIM NOS. 1360 AND 1361) PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................. 2

JURISDICTION ......................................................................................................... 2

BACKGROUND ......................................................................................................... 2

    A.    Chapter 11 Cases.................................................................................... 2

    B.    Claimant's Relationship To The Debtors ............................................... 5

    C.    The First Sweeting Action ..................................................................... 5

    D.    The Second Sweeting Action.................................................................. 8

    E.    The Claims .............................................................................................. 9

RELIEF REQUESTED.............................................................................................. 10

OBJECTION.............................................................................................................. 10

    A.    Applicable Legal Standard.................................................................... 10

    B.    The Claims Fail To State A Basis For Liability Against The Debtors ................ 11

        1.    The First Sweeting Action Has Been Dismissed With Prejudice ............ 11

        2.    The Second Sweeting Action Has Been Dismissed With Prejudice........ 16

    C.    The Proofs of Claim Are Not Supported By Sufficient Documentation ............. 17

CONCLUSION........................................................................................................... 19

NOTICE..................................................................................................................... 19

NO PRIOR REQUEST .............................................................................................. 20

**EXHIBITS**

Exhibit 1-A:  Proof of Claim No. 1360

Exhibit 1-B:  Proof of Claim No. 1361

Exhibit 2:  Proposed Order

Exhibit 3:  Delehey Declaration

# TABLE OF AUTHORITIES

Page

CASES

*Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*,
178 B.R. 222 (B.A.P. 9th Cir. 1995), *aff'd sub nom.*, *Ashford v. Naimco, Inc. (In re
Consol. Pioneer Mortg. Entities)*, 91 F.3d 151 (9th Cir. 1996)................................17

*Burgos v. Hopkins*,
14 F.3d 787 (2d Cir. 1994)................................................................................12, 13

*Busick v. Workmen's Comp. Appeals Bd.*,
7 Cal.3d 967, 500 P.2d 1386 (Cal.1972)..............................................................12

*Cal-Micro, Inc. v. Cantrell (In re Cantrell)*,
329 F.3d 1119 (9th Cir. 2003) ...............................................................................13

*Dana Point Safe Harbor Collective v. Superior Court*,
51 Cal.4th 1 (2010) .................................................................................................12

*Dist. of Columbia Court Appeals v. Feldman*,
460 U.S. 462 (1983)................................................................................................14

*Done v. Wells Fargo Bank, N.A.*,
No. 08-CV-3040 (JFB)(ETB), 2009 U.S. Dist. LEXIS 84115, 2009 WL 2959619
(Sept. 14, 2009)........................................................................................................12

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
544 U.S. 280 (2005)...........................................................................................14, 15

*Feinberg v. Bank of N.Y. (In re Feinberg)*,
442 B.R. 215 (Bankr. S.D.N.Y. 2010) ..............................................................10, 18

*Hale v. Harney*,
786 F.2d 688 (5th Cir. 1986) .................................................................................16

*Harmon v. Kobrin (In re Harmon)*,
250 F.3d 1240 (9th Cir. 2001) ...............................................................................13

*Hoblock v. Albany Cnty. Bd. of Elections*,
422 F.3d 77 (2d Cir. 2005).................................................................................14, 15

*In re Abboud*,
237 B.R. 777 (10th Cir. B.A.P.1999) .....................................................................14

# TABLE OF AUTHORITIES
### (continued)

Page

*In re Adelphia Commc'ns Corp.*,
  No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) .................10

*In re Allegheny Int'l, Inc.*,
  954 F.2d 167 (3d Cir. 1992)......................................................................................................10

*In re Hess*,
  404 B.R. 747 (Bankr. S.D.N.Y. 2009) ......................................................................................11

*In re Minbatiwalla*,
  424 B.R. 104 (Bankr. S.D.N.Y. 2010) (Glenn, J.)............................................................17, 18

*In re Oneida Ltd.*,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co., L.P. v.
  Oneida Ltd.*, No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010) ........10

*In re Porter*,
  374 B.R. 471 (Bankr. D. Conn. 2007) ...............................................................................17, 19

*In re Robinson*,
  265 B.R. 722 (6th Cir. B.A.P. 2001).........................................................................................14

*In re Rockefeller Ctr. Props.*,
  272 B.R. 524 (Bankr. S.D.N.Y. 2000), *aff'd sub nom., NBC v. Rockefeller Ctr. Props.
  (In re Rockefeller Ctr. Props.)*, 266 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. App'x.
  40 (2d Cir. 2002).......................................................................................................................10

*In re W.R. Grace & Co.*,
  346 B.R. 672 (Bankr. D. Del. 2006) .........................................................................................11

*Niles v. Wilshire Inv. Grp., LLC*,
  859 F. Supp. 2d 308 (E.D.N.Y. 2012) ......................................................................................12

*People v. Mitchell Bros.' Santa Ana Theater*,
  101 Cal. App. 3d 296 (1980) ....................................................................................................16

*Reusser v. Wachovia Bank, N.A.*,
  525 F.3d 855 (9th Cir. Or. 2008) ..............................................................................................14

*Robert Sweeting v. GMAC Mortgage, LLC*,
  Case No. 30-2010-00410079 ............................................................................................ passim

*Robert Sweeting v. Jason Kishaba, et al.*,
  Case No. 30-2008-104237 ................................................................................................ passim

**TABLE OF AUTHORITIES**
(continued)

Page

*Rooker v. Fidelity Trust Co.*,
   263 U.S. 413 (1923) ........................................................................................14

*Wash. v. Wilmore*,
   407 F.3d 274 (4th Cir. 2005) ..........................................................................14

*Worldwide Church of God v. McNair*,
   805 F.2d 888 (9th Cir. 1986) ..........................................................................16

**STATUTES**

11 U.S.C.
   § 502(a) ...........................................................................................................10
   § 502(b) .................................................................................................1, 2, 10
   § 502(b)(1) ......................................................................................................11
   § 1107(a) ...........................................................................................................2
   § 1108 ................................................................................................................2

28 U.S.C.
   § 157 ..................................................................................................................2
   § 1334 ................................................................................................................2
   § 1408 ................................................................................................................2
   § 1409 ................................................................................................................2
   § 1738 ..............................................................................................................12

California Civil Code
   § 1785.25(a) ......................................................................................................9

Code Civ. Proc.
   § 577 ................................................................................................................12

**OTHER AUTHORITIES**

Fed. R. Bankr. P.
   Rule 1015(b) ......................................................................................................3
   Rule 3001(c) ....................................................................................................17
   Rule 3001(c)(1) ................................................................................................17
   Rule 3007 .........................................................................................................10
   Rule 3007(a) ...................................................................................................1, 2

-iv-

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"),[1] as debtors and debtors in possession (collectively, the "**Debtors**"),[2] hereby file this objection (the "**Objection**") seeking to disallow and expunge Proof of Claim No. 1360 (the "**First Proof of Claim**") and Proof of Claim No. 1361 (the "**Second Proof of Claim**" and, together with the First Proof of Claim, the "**Claims**," copies of which are attached hereto as Exhibits 1-A and 1-B, respectively), each filed by Robert Sweeting ("**Claimant**") against GMAC Mortgage, LLC ("**GMAC Mortgage**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on the grounds that the Claims: (a) fail to state a basis for liability against the Debtors, and (b) lack sufficient documentation in support of the alleged claims against the Debtors.[3]  The Debtors seek the entry of an order, substantially in the form attached hereto as Exhibit 2, granting the requested relief.  In support of the Objection, the Debtors rely upon and incorporate by reference the Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital, LLC, dated August 26, 2013 (the "**Delehey Decl.**"), attached hereto as Exhibit 3.  In further support of the Objection, the Debtors respectfully represent as follows:

---

[1]  Creditors and parties-in-interest with questions or concerns regarding the Debtors' chapter 11 cases or the relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[2]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[3]  The Debtors reserve all of their rights to object on any other basis to the Claims not set forth in this Objection, and the Debtors reserve all of their rights to amend this Objection should any further bases come to light.

## PRELIMINARY STATEMENT

1.      The Claims filed against GMAC Mortgage by Claimant, each of which alleges $79,170,000 in claims, should be disallowed and expunged pursuant to section 502(b) of the Bankruptcy Code on the grounds that Claimant fails to state a claim against any of the Debtors under applicable law.  As discussed in detail below, Claimant has fully litigated the matters at issue in the Claims in the Superior Court of the State of California, Orange County (the "**California Trial Court**"), which claims have been dismissed twice with prejudice. Claimant now seeks to prosecute the same claims through the bankruptcy process, notwithstanding the resolution on the merits in the earlier state court proceedings.  The Claims, which are based on the claims brought in the First Sweeting Action and Second Sweeting Action (each defined below), are without merit and fail to state any claim against the Debtors, much less a claim in excess of $79 million.  Accordingly, the Claims should be disallowed and expunged from the Debtors' claims register in their entirety.

## JURISDICTION

2.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are Bankruptcy Code section 502(b) and Bankruptcy Rule 3007(a).

## BACKGROUND

### A.      Chapter 11 Cases

4.      On May 14, 2012, each of the Debtors filed a voluntary petition with the Bankruptcy Court for the Southern District of New York (the "**Court**") under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").  The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

-2-

Bankruptcy Code.    These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in the Chapter 11 Cases.

5.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

6.    On June 20, 2012, the Court directed that an examiner (the "**Examiner**") be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket No. 3698] and on June 26, 2013, the Examiner's report was unsealed and made available to the public [Docket No. 4099].

7.    On July 3, 2012, the Debtors filed their Schedules of Assets and Liabilities (collectively, as amended, the "**Schedules**") and listed the claims of their known prepetition creditors therein.  The Second Sweeting Action (defined below) is scheduled as an unsecured claim on Schedule F-3 "General Litigation" for GMAC Mortgage and listed as contingent, unliquidated, and disputed in an unknown amount [Docket No. 685].

8.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.    Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 cases and (b) maintain an official claims register for the Debtors.

9.      On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "**Bar Date Order**").[4]

10.     On March 21, 2013, the Court entered an order (the "**Procedures Order**") [Docket No. 3294] approving, among other things, certain procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "**Borrower Claims**," and the procedures relating thereto, the "**Borrower Claims Procedures**").  Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("**Special Counsel**"), the Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claims Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "**Request Letter**").  (*See* Procedures Order at 4).

11.     The Debtors determined, in consultation with Special Counsel, that no Request Letter was required to be sent to Claimant under the Borrower Claims Procedures.

---

[4]     The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.  To date, approximately 6,890 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

### B.    Claimant's Relationship To The Debtors

12.    Claimant was a borrower under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $773,500.00 executed on December 8, 2006, in favor of Fremont Investment & Loan ("**Fremont**"), which was secured by a Deed of Trust (the "**Deed of Trust**") on Claimant's home located at 16077 Crete Lane, Huntington Beach, California (the "**Property**").  Delehey Decl. ¶ 4.

13.    On or about August 3, 2007, servicing of the Loan was transferred from Fremont to GMAC Mortgage.  Delehey Decl. ¶ 5.

14.    On or about September 22, 2008, as a result of Claimant's continuing default under the Loan, GMAC Mortgage caused the Property to be sold at a trustee's sale, at which GMAC Mortgage was the winning bidder.  Delehey Decl. ¶ 6.  The Property was later sold by GMAC Mortgage to a third party purchaser.  *Id.*

### C.    The First Sweeting Action

15.    On March 20, 2008, Claimant filed a complaint in the California Trial Court, against Debtor GMAC Mortgage and various non-Debtor defendants, thereby commencing an action captioned *Robert Sweeting v. Jason Kishaba, et al.*, Case No. 30-2008-104237 (the "**First Sweeting Action**").  Delehey Decl. ¶ 7.  The complaint alleged that the non-Debtor defendants had misled Claimant about the terms of the refinanced loans, which those defendants had originated and that was secured by the Deed of Trust on the Property.  The complaint further alleged that the Loan was later sold to GMAC Mortgage, which failed to properly account for and apply Claimant's payments on the Loan, and that GMAC Mortgage accepted a payment on a forbearance plan but later rejected the plan and returned two other payments to Claimant.

16.    On March 24, 2008, Claimant filed a first amended complaint (the "**First Amended 2008 Complaint**") that repeated these same allegations and asserted causes of action for:  (I) negligence, (II) common counts, (III) breach of fiduciary duty, (IV) misrepresentation, (V) reformation of contract, (VI & VII) two counts for breach of contract, (VIII) deceit, (IX) cancellation of written instrument, (X) wrongful foreclosure, (XI) quiet title, (XII) violations of the California Business and Professions Code, (XIII) violations of the Truth in Lending Act and Federal Reserve Regulation Z, (XIV) defamation and tortious interference with credit, and (XIV) an accounting (collectively, the "**Counts**").  Only the following Counts were asserted against GMAC Mortgage:  (V) reformation of contract, (VI) breach of contract (one count), (IX) cancellation of written instrument, (X) wrongful foreclosure, (XI) quiet title, and (XII) violations of the California Business and Professions Code.  Delehey Decl. ¶ 7.

17.    On October 28, 2009, the California Trial Court granted GMAC Mortgage's motion for summary judgment on the First Amended 2008 Complaint, and a judgment dismissing all of Claimant's claims against GMAC Mortgage was entered on December 3, 2009 (the "**Dismissal Judgment**") a copy of which is attached as Exhibit [B] to the Delehey Decl.  Delehey Decl. ¶ 8.

18.    On February 15, 2010, Claimant appealed the Dismissal Judgment (the "**First Appeal**") to the Court of Appeal for the State of California (the "**California Appellate Court**").  Delehey Decl. ¶ 9.  The First Appeal was dismissed on June 28, 2010, and the California Appellate Court issued its remittitur on July 20, 2010.  *Id*.  On August 27, 2010, the California Appellate Court denied Claimant's motion to recall the remittitur.  *Id*.

19.     While the First Appeal was pending, the California Trial Court sustained two co-defendants' demurrers to Claimant's First Amended Complaint with leave to amend. Delehey Decl. ¶ 10.

20.     On December 15, 2009, Claimant filed a second amended complaint (the "**Second Amended 2008 Complaint**") in the California Trial Court that again named GMAC Mortgage as a defendant and alleged the same facts as the prior complaints.  Delehey Decl. ¶ 11. The Second Amended 2008 Complaint also alleged that GMAC Mortgage had caused the Property to be sold at a non-judicial foreclosure sale in September 2008.  The Second Amended 2008 Complaint asserted identical causes of action to those stated in the First Amended 2008 Complaint, and added a new cause of action for defamation and tortious interference with credit, asserted against GMAC Mortgage.  This claim averred that, through credit reporting agencies, GMAC Mortgage had published false reports that Claimant "owes over $16 million as a result of the present foreclosure action."  Claimant sought damages in the total amount of $95,004,000, including $79,170,000 on account of punitive damages.

21.     On February 10, 2010, GMAC Mortgage filed a demurrer to the Second Amended 2008 Complaint (the "**Demurrer**").  Delehey Decl. ¶ 12.  The California Trial Court stayed the Demurrer pending the outcome of Claimant's First Appeal.  *Id*.

22.     After the First Appeal was dismissed by the California Appellate Court, GMAC Mortgage filed a motion to strike the Second Amended 2008 Complaint (the "**Motion to Strike**"), asserting that Claimant had not sought leave to amend the First Amended 2008 Complaint to rename GMAC Mortgage, and judgment had already been entered in GMAC Mortgage's favor when Claimant filed the Second Amended 2008 Complaint.  Delehey Decl. ¶ 13.  The motion to strike further argued that the Dismissal Judgment was now final and,

-7-

accordingly, Claimant's claims against GMAC Mortgage, including the new cause of action, were barred under *res judicata* and collateral estoppel.

23.    On September 15, 2010, the California Trial Court entered an order granting GMAC Mortgage's motion to strike without leave to amend (the "**Order Granting Motion to Strike**"), a copy of which is attached as <u>Exhibit H</u> to the Delehey Decl.  Delehey Decl. ¶ 14.

24.    Claimant did not appeal the Order Granting Motion to Strike, and his time to do so has now expired.[5]  Delehey Decl. ¶ 15.  As a result, that judgment is now final.

### D.    The Second Sweeting Action

25.    On September 21, 2010, one week after entry of the Order Granting Motion to Strike, Claimant filed a new complaint (the "**2010 Complaint**") in the California Trial Court against GMAC Mortgage thereby commencing an action captioned *Robert Sweeting v. GMAC Mortgage, LLC*, Case No. 30-2010-00410079 (the "**Second Sweeting Action**").  Delehey Decl. ¶ 16.  The Second Sweeting Action asserted claims for (1) defamation and tortuous interference with credit, (2) an accounting of the debt Sweeting owed on the debt secured by his Deed of Trust, and (3) an injunction directing GMAC Mortgage to "remove" its credit report.

26.    On February 7, 2011, GMAC Mortgage filed a demurrer to the 2010 Complaint, arguing that each of the claims asserted in the 2010 Complaint had already been adjudicated on the merits in the First Sweeting Action and were now barred under *res judicata* and collateral estoppel, and that such claims were preempted by the Fair Credit Reporting Act (the "**FCRA**").  Delehey Decl. ¶ 17.

---

[5]    *See* Rule 8.104 of the California Rules of Court, providing that a notice of appeal must be filed on or before 180 days after the entry of judgment.

27.    Claimant opposed the demurrer, arguing that his claim was not barred because it arose after the original action was filed and that he could amend to state an actionable claim under the FCRA and a claim under California Civil Code section 1785.25(a), which the FCRA would not preempt.  Delehey Decl. ¶ 18.

28.    After a hearing, the California Trial Court entered an order sustaining GMAC Mortgage's demurrer without leave to amend.  Delehey Decl. ¶ 19.  The California Trial Court sustained the demurrer on res judicata grounds, noting that Sweeting's claims in this suit arise from the same subject matter as his claims in the original action and that res judicata bars matters that could have been, as well as those that were, litigated in the prior action.  *Id.*

29.    Claimant moved for reconsideration, which was opposed by GMAC Mortgage.  Delehey Decl. ¶ 20.  The California Trial Court denied the motion for reconsideration and on April 29, 2011, the California Trial Court entered an order dismissing the Second Sweeting Action with prejudice, a copy of which is attached as Exhibit L to the Delehey Decl. (the "**Second Dismissal Judgment**").  *Id.*

30.    On May 4, 2011, Claimant appealed the Second Dismissal Judgment (the "**Second Appeal**") to the California Appellate Court.  Delehey Decl. ¶ 21.  The Second Appeal is fully briefed, but is currently stayed as a result of the imposition of the automatic stay arising under GMAC Mortgage's bankruptcy.

### E.    The Claims

31.    On October 16, 2012, Claimant filed the First Proof of Claim asserting a claim against GMAC Mortgage in the amount of $79,170,000.00, and the basis of the claim is "wrongful foreclosure/court action/judgement [*sic*]" and references the case number for the First Sweeting Action.  *See* Exhibit 1-A.  In support of the First Proof of Claim, Claimant attaches only the Second Amended 2008 Complaint.

-9-

32.    Also on October 16, 2012, Claimant filed the Second Proof of Claim asserting a claim against GMAC Mortgage in the amount of $79,170,000.00 and the basis for this claim is also "wrongful foreclosure/court action," but in this instance, references the case number for the Second Sweeting Action.  *See* Exhibit 1-B.  In support of the Second Proof of Claim, Claimant attaches his opening brief filed in the Second Appeal of the dismissal of the Second Sweeting Action.

## **RELIEF REQUESTED**

33.    The Debtors hereby file this Objection pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and seek the entry of an order, substantially in the form annexed hereto as Exhibit 2, disallowing and expunging the Claims from the claims register maintained in these Chapter 11 Cases.

## **OBJECTION**

### A.    **Applicable Legal Standard**

34.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co., L.P. v. Oneida Ltd.*, No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), *aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.)*, 266 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. App'x. 40 (2d Cir. 2002).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re*

*Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim").

35.    Further, Bankruptcy Code section 502(b)(1) provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. . . ." 11 U.S.C. § 502(b)(1). Whether a claim is allowable "generally is determined by applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006). "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *In re Hess*, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161 (1946)).

36.    Here, the Debtors object to the Claims on the basis that, after reviewing the Debtors' books and records and the supporting documentation attached to the Claims, (a) the Debtors do not have any liability with respect to the Claims, and (b) the Claims are not supported by sufficient documentation.

## B.    The Claims Fail To State A Basis For Liability Against The Debtors

### 1.    The First Sweeting Action Has Been Dismissed With Prejudice

37.    The First Proof of Claim asserts that it is based on the First Sweeting Action. However, that case has been dismissed with prejudice and the time to appeal the dismissal has now passed. The First Proof of Claim is an attempt to re-litigate issues that have already been judicially determined by the California Trial Court and consequently should be disallowed and expunged under the doctrines of *res judicata* and collateral estoppel, as well as the Rooker-Feldman doctrine.

-11-

### a.    Res Judicata

38.    Res judicata provides that "a final judgment on the merits of an action precludes

the parties or their privies from relitigating issues that were or could have been raised in that

action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449

U.S. 90 (1980)); *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012)

("In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment

has the same preclusive effect in federal court as the judgment would have had in state court.")

(internal quotation marks and citations omitted).   "All litigants, including pro se plaintiffs, are

bound by the principles of res judicata."   *Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040

(JFB)(ETB), 2009 U.S. Dist. LEXIS 84115, 2009 WL 2959619, at *3 (Sept. 14, 2009).

39.    A federal court asked to give res judicata effect to a state court judgment

must apply the res judicata principles of the law of the state whose decision is set up as a bar to

further litigation.   28 U.S.C. § 1738.   Under California law, res judicata bars a claim when:

(1) the prior litigation resulted in a final judgment on the merits;   (2) privity exists between the

parties in the prior action and the present action;   and (3) the present action or proceeding relates

to the same primary right as did the prior action.   *See, e.g.*, *Busick v. Workmen's Comp. Appeals

Bd.*, 7 Cal.3d 967, 974, 500 P.2d 1386 (Cal.1972).

40.    Each of the elements for res judicata exists here.   <u>First</u>, the Dismissal Judgment

and Order Granting Motion to Strike operate as final judgments on the merits in the First

Sweeting Litigation.[6]   <u>Second</u>, Claimant was the plaintiff in the First Sweeting Action and is the

party asserting the First Proof of Claim here; GMAC Mortgage was a named defendant in the

---

[6]    *See, e.g.*, *Dana Point Safe Harbor Collective v. Superior Court*, 51 Cal.4th 1, 5 (2010) ("A judgment is the final
determination of the rights of the parties (Code Civ. Proc., § 577) when it terminates the litigation between the
parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been
determined." (internal quotations omitted)).

ny-1096817

First Sweeting Action and is the party against whom the First Proof of Claim is asserted. And
<u>third</u>, the claims involved in the First Proof of Claim are identical to those at issue in the First
Sweeting Action—indeed, the only documentation supporting the First Proof of Claim is the
Second Amended 2008 Complaint that was filed in connection with the First Sweeting Action
and subsequently dismissed with prejudice. Accordingly, the First Proof of Claim should be
disallowed and expunged on grounds of res judicata.

### b.    Collateral Estoppel

41.    "Under collateral estoppel, once a court has decided an issue of fact or law
necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a
different cause of action involving a party to the first case." *Burgos v. Hopkins*, 14 F.3d at 789
(quoting *Allen v. McCurry*, 449 U.S. at 94). Under California law, collateral estoppel applies if
the following elements are met:  (1) The issue sought to be precluded from relitigation must be
identical to that decided in a former proceeding; (2) The issue must have been actually litigated
in the former proceeding; (3) The issue must have been necessarily decided in the former
proceeding; (4) The decision in the former proceeding must be final and on the merits; and
(5) The party against whom preclusion is sought must be the same as, or in privity with, the party
to the former proceeding. *See Cal-Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1123
(9th Cir. 2003) (citing *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001)).

42.    As noted above, the First Proof of Claim necessarily is based on the same issues
of fact and law that were at issue in the First Sweeting Action because the sole supporting
documentation for the Claim is the Second Amended 2008 Complaint that was filed in
connection with the First Sweeting Action and dismissed with prejudice by the California Trial
Court. Claimant was the plaintiff in the First Sweeting Action and is the party asserting the First
Proof of Claim here. The dismissal was final and on the merits, and a determination regarding

-13-

the validity of the claims asserted against GMAC Mortgage in the First Sweeting Action was necessary for the dismissal. Thus, Claimant had a full and fair opportunity to litigate the issues in the prior action. Accordingly, the First Proof of Claim should be disallowed and expunged on the basis of collateral estoppel.

### c.    The Rooker-Feldman Doctrine

43.    The Rooker-Feldman doctrine is premised upon two United States Supreme Court decisions:  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine bars the exercise of federal court jurisdiction where the claims are "inextricably intertwined" with the claims adjudicated in a state court.  *Feldman*, 460 U.S. at 483, n.16.  According to *Rooker*, *Feldman*, and their progeny, this Court cannot sit in the place of a court of appeal reviewing facts or determinations made by California state courts, particularly where there is a means of appeal expressly provided under state law.  *See Wash. v. Wilmore*, 407 F.3d 274, n.3 (4th Cir. 2005); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77 (2d Cir. 2005); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. Or. 2008).  *See also In re Robinson*, 265 B.R. 722 (6th Cir. B.A.P. 2001) (applying Rooker-Feldman doctrine in context of objection to proof of claim); *In re Abboud*, 237 B.R. 777 (10th Cir. B.A.P.1999) (same).  Rooker-Feldman also may apply "over a suit that is a d*e facto* appeal from a state court judgment" because in such circumstances, "the district court is in essence being called upon to review the state court decision."  *Reusser*, 525 F.3d at 858 (internal quotations omitted).

44.    In 2005, the United States Supreme Court squarely addressed the principles of the Rooker-Feldman doctrine for the first time since the *Feldman* decision.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005).  In *Exxon Mobil*, the U.S. Supreme Court set forth the following rule of application for the doctrine:  "The Rooker-

-14-

Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. Accordingly, the *Exxon Mobil* test for applying the Rooker-Feldman doctrine can be divided into the following four elements: "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Id*.; *Hoblock*, 422 F.3d 77.

45.     The First Proof of Claim at issue here satisfies all four elements in that Claimant filed the First Proof of Claim notwithstanding the dismissal of the First Sweeting Action against GMAC Mortgage, the Dismissal Judgment and Order Granting Motion to Strike were each entered prior to the Petition Date, and Claimant is now asserting the First Proof of Claim in the amount of $79,170,000 on account of the First Sweeting Action, in direct contrast to the state court rulings that dismissed the Second Amended 2008 Complaint against GMAC Mortgage with prejudice. By his First Proof of Claim, Claimant is simply attempting for this Court to review, reject, and overturn the results of the First Sweeting Action. However, the issue of GMAC Mortgage's liability has already been judicially established by the California Trial Court—<u>GMAC Mortgage is not liable</u>.

46.     The rights of the parties to the First Sweeting Action have become fixed—this is precisely the kind of litigation that is intended to be barred under Rooker-Feldman. Accordingly, the First Proof of Claim, which is based on the assertions made in the Second Amended 2008 Complaint that was dismissed with prejudice, does not state a claim for which any Debtor is liable.

ny-1096817

## 2. The Second Sweeting Action Has Been Dismissed With Prejudice

47.     The Second Proof of Claim purports to assert claims in connection with the Second Appeal, which remains pending.  Under California law, the Second Dismissal Judgment is not final and the doctrines of *res judicata* and collateral estoppel do not directly bar Claimant's prosecution of the Second Proof of Claim.[7]  However, the Second Proof of Claim asserts claims based on Claimant's 2010 Complaint, which the California Trial Court dismissed as barred under those doctrines as a result of the final adjudication of the First Sweeting Action.  Thus, the Second Proof of Claim is indirectly barred by virtue of the Dismissal Judgment and Order Granting Motion to Strike entered in the First Sweeting Order.  To find that the doctrines of *res judicata* and collateral estoppel do not apply to the Second Proof of Claim, which asserts claims that have already been determined by a court of competent jurisdiction to be barred under those doctrines, simply because there is an appeal pending would allow Claimant to circumvent the principles of finality both those doctrines and the Bankruptcy Code itself are designed to promote.

48.     Notwithstanding the foregoing, the Second Proof of Claim also satisfies all four elements of the Rooker-Feldman doctrine, which does not require that a judgment be final.[8]  Claimant filed the Second Proof of Claim against GMAC Mortgage even though the Second Sweeting Action was dismissed, the Second Dismissal Judgment was entered prior to the Petition

---

[7]     California state law follows the minority position denying *res judicata* effect to state court judgments on appeal, *see, e.g.*, *People v. Mitchell Bros.' Santa Ana Theater*, 101 Cal. App. 3d 296, 306 (1980).

[8]     Federal law favors application of the Rooker-Feldman doctrine even where a state court judgment is not final. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 (9th Cir. 1986) ("We agree with the Second and Fifth Circuits that the Feldman doctrine should apply to state judgments even though state court appeals are not final." (citing *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("We hold no warrant to review even final judgments of state courts, let alone those which may never take final effect because they remain subject to revision in the state appellate system."))).

Date, and Claimant is now asserting the Second Proof of Claim in the amount of $79,170,000 on

account of the Second Sweeting Action, in direct contrast to the state court ruling that dismissed

the 2010 Complaint against GMAC Mortgage with prejudice.  Accordingly, under the Rooker-

Feldman doctrine, the Second Proof of Claim, which is based on the claims asserted in the 2010

Complaint, which was dismissed with prejudice, does not state a claim for which any Debtor is

liable.

### C.    The Proofs of Claim Are Not Supported By Sufficient Documentation

49.    The Court should also expunge the Proofs of Claim because they do not

include adequate supporting documentation to demonstrate the validity of the claim.  Bankruptcy

Rule 3001(c)(1) instructs that:

> [W]hen a claim, or an interest in property of the debtor securing
> the claim, is based on a writing, the original or a duplicate shall be
> filed with the proof of claim. If the writing has been lost or
> destroyed, a statement of the circumstances of the loss or
> destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).  If a claim fails to comply with the documentation requirements of

Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  *See Ashford v. Consol.*

*Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd*

*sub nom.*, *Ashford v. Naimco, Inc. (In re Consol. Pioneer Mortg. Entities)*, 91 F.3d 151 (9th Cir.

1996); *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (Glenn, J.).

50.    Where creditors fail to provide adequate documentation supporting the

validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held

that such claims can be disallowed.  *See Minbatiwalla*, 424 B.R. at 119 (determining that "in

certain circumstances, claims can be disallowed for failure to support the claim with sufficient

evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the

objector to concede the validity of a claim"); *In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn.

-17-

2007); *see also Feinberg*, 442 B.R. at 220-22 (applying *Minbatiwalla* to analysis).  Each of the

Proofs of Claim lacks sufficient supporting documentation as to its validity and amount and has

no basis in the Debtors' books and records and should be disallowed and expunged.

51.    With respect to the First Proof of Claim, Claimant merely attached a copy of the

Second Amended 2008 Complaint with no additional explanation as to why Claimant is entitled

to recover on account of that complaint in these Chapter 11 Cases.  However, the Second

Amended 2008 Complaint was dismissed by the California Trial Court with prejudice upon

GMAC Mortgage's Motion to Strike on the basis that the claims asserted therein had already

been adjudicated and decided in GMAC Mortgage's favor in connection with the California Trial

Court's dismissal of the First Amended 2008 Complaint and were therefore barred by *res

judicata* and collateral estoppel.  The First Proof of Claim provides no additional explanation as

to why Claimant is entitled to recover on account of that dismissed complaint in these Chapter 11

Cases.

52.    With respect to the Second Proof of Claim, Claimant has attached a copy of his

briefing filed in the Second Appeal, which appeals the California Trial Court's dismissal of the

2010 Complaint.  The 2010 Complaint was summarily dismissed by the California Trial Court

with prejudice upon GMAC Mortgage's motion asserting that the claims asserted therein had

already been adjudicated on the merits in the First Sweeting Action and were therefore barred by

*res judicata* and collateral estoppel.  The Second Proof of Claim also provides no additional

explanation as to why Claimant is entitled to recover on account of the dismissed 2010

Complaint in these Chapter 11 Cases.

53.    Moreover, Claimant has not provided any explanation as to why he is entitled to

over $79 million from Debtor GMAC Mortgage, or any calculation of the $79 million claim

ny-1096817

amount other than an identical form "Statement of Damages" that Claimant attached to both Proofs of Claim. That form statement, which is intended to be used in actions for personal injury or wrongful death claims, sets forth various categories of damages inapplicable to the Counts set forth in the Second Amended 2008 Complaint or 2010 Complaint and attaches no support for the amounts indicated.

54.     The Debtors submit that, in light of the other objections to the Proofs of Claim raised above, the documentation provided by Claimant in support of each Proof of Claim is insufficient evidence of any liability of the Debtors to Claimant, much less over $79 million in claims. *In re Porter*, 374 B.R. 471, 482 (Bankr. D. Conn. 2007) ("[I]n many cases . . . an Insufficient Doc. Objection fairly can be read to object on the grounds that the proof of claim is insufficient (when taken together with the objector's then-existing knowledge base) for the objector to concede the validity of the claim asserted." (citations omitted)).

## CONCLUSION

55.     In light of the foregoing, the Debtors assert that the Claims do not establish any basis on which the Debtors would be liable to Claimant in connection with either the First Sweeting Action or the Second Sweeting Action. The Debtors also reviewed their Books and Records and have ascertained no other basis for which they are liable to Claimant. Unless the Claims are disallowed and expunged, Claimant—who does not hold a valid claim against the Debtors—would be entitled to recover from the Debtors' estates unjustifiably, to the detriment of other creditors in these Chapter 11 Cases. Accordingly, the Debtors object to the Claims and request that they be disallowed and expunged in their entirety.

## NOTICE

56.     The Debtors have provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

-19-

ny-1096817

## NO PRIOR REQUEST

57.    No previous request for the relief sought in this Objection has been made

by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially

in the form of Exhibit 2 attached hereto, (i) disallowing and expunging the Claims; and

(ii) granting such other and further relief as is just and proper.


Dated:  August 26, 2013
      New York, New York

/s/  Norman S. Rosenbaum

Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

-and-

SEVERSON & WERSON P.C.
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile:  (949) 442-7118
Jonathan D. Dykstra *(pro hac admission pending)*

*Counsel for the Debtors and Debtors in
Possession*