## Exhibit 3

**Delehey Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
|  )
In re:  |  )    Case No. 12-12020 (MG)
|  )
RESIDENTIAL CAPITAL, LLC, et al.,  |  )    Chapter 11
|  )
Debtors.  |  )    Jointly Administered
|  )
---------------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION
COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS'
OBJECTION TO PROOFS OF CLAIM FILED BY ROBERT SWEETING
AGAINST GMAC MORTGAGE, LLC (CLAIM NOS. 1360 AND 1361)**

I, Lauren Graham Delehey, declare as follows:

**A.    Background and Qualifications**

1.    I serve as In-House Litigation Counsel in the legal department at

Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "**Debtors**").  I have held this position since I joined

ResCap on August 1, 2011.

2.    In my role as In-House Litigation Counsel at ResCap, I am responsible for

the management of residential mortgage-related litigation, including class actions, mass actions

and multi-district litigation.  Additionally, as a result ResCap's Chapter 11 filing, my role has

significantly expanded to include assisting the Debtors and their professional advisors in

connection with the administration of the Chapter 11 Cases.  I am authorized to submit this

declaration (the "**Declaration**") in support of the *Debtors' Objection to Proofs of Claim Filed by*

*Robert Sweeting Against GMAC Mortgage, LLC (Claim Nos. 1360 and 1361) Pursuant to*

*Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "**Objection**").[1]

       3.      In my capacity as In-House Litigation Counsel, I am generally familiar

with the Debtors' litigation matters, including the California state court actions involving Mr.

Sweeting ("**Claimant**").  Except as otherwise indicated, all statements in this Declaration are

based upon my personal knowledge; information supplied or verified by personnel in

departments within the Debtors' various business units; my review of the Debtors' litigation case

files, books and records, as well as other relevant documents; my discussions with other

members of the Debtors' legal department; information supplied by the Debtors' consultants and

counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors'

litigation matters, financial condition and history.  In making these statements based on my

review of the Debtors' litigation case files, books and records, relevant documents, and other

information prepared or collected by the Debtors' employees, consultants or counsel, I have

relied upon these employees, consultants, and counsel accurately recording, preparing,

collecting, or verifying any such documentation and other information.  If I were called to testify

as a witness in this matter, I would testify competently to the facts set forth herein.

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the
Objection.

A.    **Claimant's Relationship to the Debtors**

4.    Claimant was a borrower under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $773,500.00 executed on December 8, 2006, in favor of Fremont Investment & Loan ("**Fremont**"), which was secured by a Deed of Trust (the "**Deed of Trust**") on Claimant's home located at 16077 Crete Lane, Huntington Beach, California (the "**Property**").

5.    On or about August 3, 2007, servicing of the Loan was transferred from Fremont to GMAC Mortgage.

6.    On or about September 22, 2008, as a result of Claimant's continuing default under the Loan, GMAC Mortgage caused the Property to be sold at a trustee's sale, at which GMAC Mortgage was the winning bidder.  The Property was later sold by GMAC Mortgage to a third party purchaser.

B.    **The First Sweeting Action**

7.    On March 20, 2008, Claimant filed a complaint in the California Trial Court, against Debtor GMAC Mortgage and various non-Debtor defendants, thereby commencing an action captioned *Robert Sweeting v. Jason Kishaba, et al.*, Case No. 30-2008-104237 (the "**First Sweeting Action**").  On March 24, 2008, Claimant filed a first amended complaint (the "**First Amended 2008 Complaint**").  A copy of the First Amended 2008 Complaint is annexed hereto as **Exhibit A-1**.

8.    On October 28, 2009, the California Trial Court granted GMAC Mortgage's motion for summary judgment on the First Amended 2008 Complaint, and a judgment dismissing all of Claimant's claims against GMAC Mortgage was entered on December 3, 2009 (the "**Dismissal Judgment**").  A copy of the Dismissal Judgment is annexed hereto as **Exhibit B**.

9.      On February 15, 2010, Claimant appealed the Dismissal Judgment (the "**First Appeal**") to the Court of Appeal for the State of California (the "**California Appellate Court**").  The First Appeal was dismissed on June 28, 2010, and the California Appellate Court issued its remittitur on July 20, 2010.  Copies of the dismissal and remittitur are annexed hereto as **Exhibits C** and **D**, respectively.  On August 27, 2010, the California Appellate Court denied Claimant's motion to recall the remittitur.  A copy of the denial is annexed hereto as **Exhibit E**.

10.      While the First Appeal was pending, the California Trial Court sustained two co-defendants' demurrers to Claimant's First Amended 2008 Complaint with leave to amend.

11.      On December 15, 2009, Claimant filed a second amended complaint (the "**Second Amended 2008 Complaint**") in the California Trial Court.  A copy of the Second Amended 2008 Complaint is attached to the First Proof of Claim and is annexed hereto as **Exhibit A-2**.  *See also* Obj. at Ex. 1-B.

12.      On February 10, 2010, GMAC Mortgage filed a demurrer to the Second Amended 2008 Complaint (the "**Demurrer**").  A copy of the Demurrer is annexed hereto as **Exhibit F**.  The California Trial Court stayed the Demurrer pending the outcome of Claimant's First Appeal.

13.      After the First Appeal was dismissed by the California Appellate Court, GMAC Mortgage filed a motion to strike the Second Amended 2008 Complaint, a copy of which is annexed hereto as **Exhibit G**.

14.      On September 15, 2010, the California Trial Court entered an order granting GMAC Mortgage's motion to strike without leave to amend (the "**Order Granting Motion to Strike**"), a copy of which is annexed hereto as **Exhibit H**.

15.     Claimant did not appeal the Order Granting Motion to Strike, and I have
been advised by outside counsel that his time to do so has now expired.

**C.      The Second Sweeting Action**

16.     On September 21, 2010, one week after entry of the Order Granting
Motion to Strike, Claimant filed a new complaint (the "**2010 Complaint**") in the California Trial
Court against GMAC Mortgage thereby commencing an action captioned *Robert Sweeting v.
GMAC Mortgage, LLC*, Case No. 30-2010-00410079 (the "**Second Sweeting Action**").  A copy
of the 2010 Complaint is annexed hereto as **Exhibit I**.

17.     On February 7, 2011, GMAC Mortgage filed a demurrer to the 2010
Complaint, a copy of which is annexed hereto as **Exhibit J**.

18.     Claimant opposed the demurrer, arguing that his claim was not barred
because it arose after the original action was filed and that he could amend to state an actionable
claim under the FCRA and a claim under California Civil Code section 1785.25(a), which the
FCRA would not preempt.

19.     After a hearing, the California Trial Court entered an order sustaining
GMAC Mortgage's demurrer without leave to amend, a copy of which is annexed hereto as
**Exhibit K**.

20.     Claimant moved for reconsideration, which was opposed by GMAC
Mortgage.  The California Trial Court denied the motion for reconsideration and on April 29,
2011, the California Trial Court entered an order dismissing the Second Sweeting Action with
prejudice (the "**Second Dismissal Judgment**"), a copy of which is annexed hereto as **Exhibit L**.

21.     On May 4, 2011, Claimant appealed the Second Dismissal Judgment (the
"**Second Appeal**") to the California Appellate Court.  The Second Appeal is fully briefed, but is
currently stayed as a result of the imposition of the automatic stay arising under GMAC

Mortgage's bankruptcy.  Copies of the briefing for the Second Appeal are annexed hereto as

**Exhibit M**.

D.      **The Debtors' Review of the Proofs of Claim**

22.      The Debtors, after reviewing the supporting documentation and their

books and records, have determined that they have no liability for the Proofs of Claim asserted

by Claimant.  The Proofs of Claim assert claims that have been asserted and dismissed with

prejudice in previous litigation.

23.      Based on my review of the Proofs of Claim, I believe that they fail to

attach adequate supporting documentation to demonstrate the validity or amount of the claims

against the Debtors in light of the prior dismissals of the First Sweeting Action and Second

Sweeting Action, and Claimant fails to provide any explanation why such documentation is

unavailable.  The Debtors made every effort to evaluate the documents attached to the Proofs of

Claim to determine whether the Debtors could discern any cognizable claim for "wrongful

foreclosure/court action/judgment" or otherwise against the Debtors, and were unable to discern

any such cognizable claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  August 26, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC