64. GMAC accepted over $3,500.00 in relation to one forbearance plan, but then rejected the forbearance agreement.

65. In two other instances, GMAC returned payments by the plaintiff in the approximate amounts of $3,000 and $7,500.

66. On or about February 26, 2008, GMAC sent plaintiff Notice of Trustee's Sale with the sale to take place on March 26, 2008. (See Notice of Trustee's Sale Dated February 26, 2008 attached hereto as "Exhibit K" and incorporated by reference.)

67. GMAC failed to properly calculate sums due by plaintiff in relation to the foreclosure of the Trust Deed, by failing to properly apply payments plaintiff made to FREMONT and to GMAC.

68. Plaintiff is now informed, believes, and thereon alleges, that KISHABA was not properly licensed in relation to the loan transaction.

69. Plaintiff is now informed, believes, and thereon alleges, that INTERNATIONAL, JAQUEZ, SAUERACKER, CHEN, knowingly aided KISHABA in acting as an unlicensed mortgage broker.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

(Against All Defendants)

70. Plaintiff repeats and realleges the allegations of paragraphs 1 through 69, above, as though fully set forth herein at length.

71. Defendants had a duty to plaintiff to act in accordance with accepted loan practices and procedures. GMAC had a further duty to follow legal process for Notice of a Trustee's Sale.

72. Defendants KISHABA, JAQUEZ, SAUERACKER, CHEN, AND INTERNATIONAL further breached their duties to plaintiff in failing to give plaintiff required disclosures and failing to properly advise the plaintiff as to the terms and conditions of the loan transaction.

73. Defendant's JAQUEZ, SAUERACKER, CHEN, AND INTERNATIONAL had a duty to plaintiff to ensure that all persons dealing with plaintiffs loan were properly licensed, which they breached.

74. Defendants JAQUEZ, SAUERACKER, CHEN, AND INTERNATIONAL breached its duty to plaintiff as his Escrow Agent by accepting, depositing, and retaining over $40,000 in funds belonging to the plaintiff without written instructions signed by the plaintiff.

75. Defendants JAQUEZ, SAUERACKER, CHEN, AND INTERNATIONAL breached its duty to plaintiff as by failing and refusing to account for funds, communicate with plaintiff, and provide documents as requested.

76. As a direct and proximate result of defendants' breach of duties, plaintiff has suffered damages in amounts

VERIFIED FIRST AMENDED COMPLAINT - 15

exceeding the jurisdictional limits of this court and, which will be proven at the time of trial.

## SECOND CAUSE OF ACTION

## MISREPRESENTATION

(Against All Defendants)

77. Plaintiff repeats and realleges the allegations of paragraphs 1 through 76, above, as though fully set forth herein at length.

78. Beginning in June 2006 KISHABA misrepresented the terms and conditions on the plaintiff's loan, as more fully alleged above. KISHABA further misrepresented his employment status and ability to legally act as a mortgage broker with INTERNATIONAL through CHEN'S license.

79. INTERNATIONAL, JAQUEZ, SAUERACKER, and KISHABA further misrepresented on multiple occasions, the amount of cash that plaintiff would receive from the refinance.

80. Plaintiff is informed believes and based thereon alleges that when defendants made the representation as alleged herein, defendants had no reasonable ground for believing them to be true. Defendants made these representations with the intention of inducing plaintiff to act in reliance on these representations in the manner alleged, or with the exception that plaintiff would so act.

81. Plaintiff, at the time these representations were made by defendants and at the time the plaintiff took the actions herein alleged, was ignorant of the falsity of defendants' representations and believed them to be true.

82. In reliance on the above-alleged false representations, plaintiff was induced to continue with the refinance, forgo other refinance options, and incur substantial penalties and fees on his existing mortgage.

83. Plaintiff would not have refinanced the SUBJECT PROPERTY with defendants if not for the above-alleged false representations by defendants.

84. Plaintiff's reliance on defendants' representations were justified because defendants were mortgage, escrow, and real estate professionals.

85. As a proximate result of defendants' negligence as herein alleged, plaintiff has been damaged in an amount to be determined at trial.

86. In doing the acts herein alleged above, defendants acted with oppression, fraud and malice, and plaintiffs are entitled to exemplary and punitive damages.

87. Plaintiff seeks compensation for costs of suit herein incurred, including but not limited to attorney's fees.

### THIRD CAUSE OF ACTION

### FRAUD - INTENTIONAL MISREPRESENTATION

(Against All Defendants)

VERIFIED FIRST AMENDED COMPLAINT - 17



88. Plaintiff repeats and realleges the allegations of paragraphs 1 through 87, above, as though fully set forth herein at length.

89. Plaintiff is informed, believes, and thereon alleges that KISHABA took documents from the three different document signings to create one fraudulent loan documentation package.

90. Plaintiff is informed, believes, and thereon alleges that KISHABA'S creation of one loan documentation package with documents signed on three different occasions with different terms amounts to forgery.

91. At the time defendants made the above alleged statements, defendants, and each of them, knew that the representations and documents were false.

92. Defendants have unlawfully used the falsified documents and fraudulent conduct in attempting to conduct a trustee's sale and obtain a non-judicial foreclosure and unlawful detainer action.

93. As a direct and proximate result of the reliance upon the truth of defendants' representations, Plaintiff has suffered damages in an amount unknown at this time but within the jurisdiction of this court. In addition to the funds already paid, plaintiff will be required to expend substantial additional funds to set aside the events derivative of defendants' conduct. Plaintiff does not know the full extent of such expenditures and other consequential damages at the present time, but will seek

VERIFIED FIRST AMENDED COMPLAINT - 18

leave of court to amend this pleading when that amount has been ascertained.

94. Defendants' conduct in making these intentional misrepresentations was done with oppression, fraud or malice, in that defendants willfully, consciously and despicably disregarded Plaintiffs' rights. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## CONSPIRACY TO COMMIT FRAUD

### (Against All Defendants)

95. Plaintiff repeats and realleges the allegations of paragraphs 1 through 94, above, as though fully set forth herein at length.

96. Defendants, and each of them, conspired together to orchestrate a scheme to forge loan documents and misrepresent the terms of the plaintiff's loan transaction.

97. Defendants further conspired together to steal funds from the plaintiff's refinance loan transaction.

98. As a proximate result of the wrongful conspiratory acts of the Defendants, plaintiffs have been damaged in amounts to be proven at trial.

99. Defendants' conduct was done with oppression, fraud or malice, in that defendants willfully, conscientiously and despicably disregarded plaintiff's rights. Plaintiff is therefore

VERIFIED FIRST AMENDED COMPLAINT - 19

entitled to punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### CANCELLATION OF WRITTEN INSTRUMENT

(Against All Defendants)

100. Plaintiff repeats and realleges the allegations of paragraphs 1 through 99, above, as though fully set forth herein at length.

101. There is an existence a certain written instrument dated December 20, 2006, which is the disputed trust deed (Exhibit "G") between plaintiff and defendant FREMONT.

102. The Trust Deed (Exhibit "G") was procured through defendants' fraud, misrepresentations, and fraudulent compilation of documents, as described hereinabove. If the disputed trust deed is left outstanding, Plaintiff will be subjected to serious and substantial injury in that the fraudulently procured document eliminating all of plaintiff's interest in the subject property.

103. The fraudulent conduct of defendants herein was oppressive and despicable and subjected Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights, and therefore Plaintiff seeks exemplary and punitive damages.

## SIXTH CAUSE OF ACTION

### TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIONS

(Against Defendant GMAC and DOES 1-25)

VERIFIED FIRST AMENDED COMPLAINT - 20

104. Plaintiff repeats and realleges the allegations of paragraphs 1 through 103, above, as though fully set forth herein at length.

105. As more particularly described herein, beginning on or about June 22, 2007, and continuing to the present time, defendants, and each of them, wrongfully and unlawfully are threatening plaintiff with the loss of his residence.

106. Defendants' threatened wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff in that he will lose his home, where they have sustained equity in excess of $100,000.

107. Plaintiff has no adequate legal remedy at law for the injuries that are being threatened, as shown by the facts set forth herein, and further, it will be impossible for Plaintiff to determine the precise amount of damages that he will suffer if he loses his home because of defendants' actions.

108. As a proximate result of defendants' wrongful conduct, Plaintiff has been damaged in an amount unknown at this time, and will continue to be damaged so long as defendants' conduct continues. The full amount of this damage is not now known to plaintiff, and plaintiff will amend this complaint to state the amount of damage when same becomes known to it or upon proof of damages.

109. Plaintiff seeks a court order restraining defendants, and each of them, from conducting a non-judicial foreclosure of

VERIFIED FIRST AMENDED COMPLAINT - 21

the SUBJECT PROPERTY during the pendency of this action or until plaintiff's rights in the SUBJECT PROPERTY have been determined by this court.

### SEVENTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
(Against All Defendants)

110. Plaintiff repeats and realleges the allegations of paragraphs 1 through 109, above, as though fully set forth herein at length.

111. As his Escrow agent, JAQUEZ and INTERNATIONAL, owed plaintiff a fiduciary duty.

112. As his Mortgage Broker, CHEN, KISHABA, SAUERACKER, and INTERNATIONAL owed plaintiff a fiduciary duty.

113. As his lenders and loan servicers, FREMONT and GMAC owed plaintiff a fiduciary duty.

114. Defendants breached their fiduciary duties to plaintiff through their negligent and fraudulent actions as more fully alleged above.

115. The fraudulent conduct of defendants herein was oppressive and despicable and subjected Plaintiff to cruel and unjust hardships in conscious disregard of Plaintiff's rights, and therefore Plaintiff seeks exemplary and punitive damages.

### EIGHTH CAUSE OF ACTION
### QUIET TITLE
(Against Defendants FREMONT, GMAC, and DOES 1-25)

VERIFIED FIRST AMENDED COMPLAINT - 22

116. Plaintiff repeats and realleges the allegations of paragraphs 1 through 115, above, as though fully set forth herein at length.

117. Plaintiff's title is based on the facts plead hereinabove, and incorporated by reference.

118. Plaintiff is seeking to quiet title against all adverse claims of defendants (the adverse claims) to wit:

a. The claims of the fictitiously named defendants described in paragraphs 13;

b. The claims of the unknown defendants described in paragraph 15, whether or not any such claim is known to plaintiff;

c. The unknown, uncertain or contingent claims, if any, of any defendant;

d. The claim of defendants, FREMONT and GMAC described hereinabove, the adverse claims are without any right whatever. Defendants have no right, title, estate, lien or interests whatever in the property adverse to plaintiff's title.

e. Plaintiff seeks to quiet title as of November 1, 2004.

## NINTH CAUSE OF ACTION

## BREACH OF CONTRACT

(Against Defendants INTERNATIONAL, FREMONT, GMAC, and DOES 1-25)

119. Plaintiff repeats and realleges the allegations of paragraphs 1 through 118, above, as though fully set forth herein at length.

120. Plaintiff and FREMONT entered into written contracts, namely the a promissory Note and Deed of Trust, regarding refinancing the SUBJECT PROPERTY. (See Exhibit G.)

121. As part of the eventual contract, FREMONT was to loan to plaintiff the sum of $773,500 with at least $65,605.36 in cash directly to the plaintiff.

122. FREMONT delivered only $25,128.44 to the plaintiff and breached the contract by failing to deliver over $40,476.92 in funds to the plaintiff.

123. FREMONT further breached the contract by attempting to collect payments on the $40,476.92 that was never delivered to the plaintiff.

124. As FREMONT'S successor in interest, GMAC stands in FREMONT'S shoes and is responsible for all past misdeeds of FREMONT.

125. GMAC through the purchase of the Note and Deed secured by the SUBJECT PROPERTY also are parties to those contracts with plaintiff.

126. GMAC breached those written contracts by failing to properly account for funds due to plaintiff, attempting to collect on debts secured by fraud, failing to properly post

1  payments by plaintiff to both FREMONT and GMAC, and by wrongfully
2  foreclosing on the Trust Deed.

3    127. INTERNATIONAL also had mortgage broker and a written
4  escrow contract with plaintiff.

5    128. INTERNATIONAL breached the mortgage broker contract
6  through misrepresentations, bait and switch, and failing to
7  complete the refinance on the promised terms.

8    129. For example, INTERNATIONAL through its agent KISHABA
9  initially promised to charge only one half broker point, which
10 would have culminated in a broker fee of $3,867.50. INTERNATIONAL
11 ended up charging over 3.128 points culminating in a $24,195.08
12 broker fee. On top of that, INTERNATIONAL ended up getting a
13 substantial Yield Spread Premium, which it failed to properly
14 disclose to plaintiff.

15   130. INTERNATIONAL actually ended up collecting more money
16 on plaintiff's refinance transaction than did the plaintiff.

17   131. Plaintiff has performed all conditions, covenants and
18 promises required on his part to be performed in accordance with
19 the terms and conditions of the contract or his performance is
20 excused by the material breaches of defendants.

21   132. On or about March 2007 and thereafter, Plaintiff
22 discovered that defendants were not performing their obligations
23 pursuant to the written contracts.

24   133. Plaintiff has requested that defendants perform their
25 obligations under the contract.

VERIFIED FIRST AMENDED COMPLAINT - 25

134. Plaintiff has suffered damages in an amount to be proven at trial.

135. Plaintiff seeks compensation for costs of suit herein incurred, including but not limited to attorneys fees.

## TENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200

(Against Defendants INTERNATIONAL, FREMONT, GMAC, and DOES 1-25)

136. Plaintiff repeats and realleges the allegations of paragraphs 1 through 135, above, as though fully set forth herein at length.

137. Defendants, and each of them, have committed acts of unfair business practices, as defined by *California Business & Professions Code* §17200 et seq., by engaging in acts which include but are not limited to, making loans based on made up information which defendants, and each of them, falsified; using bait and switch tactics; making loans without confirming or verifying borrower information; making loans without providing the borrower with sufficient, accurate and understandable information regarding the terms and conditions of the loan; making loans without providing the borrower with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower; and making loans without regard to the financial ability of the borrower to pay.

VERIFIED FIRST AMENDED COMPLAINT - 26

138. These acts all as alleged above violate *California Business & Professions Code* §17200 et seq., in the manner alleged above and, based on information and belief in the following further respects:

   a. Engaging in predatory lending practices in dealings with plaintiff, including but not limited to, the use of high pressure sales tactics and the falsification of plaintiff's loan application information;

   b. Failing to provide notices and disclosures required by TILA;

   c. Engaging in falsifying loan documents; and

   d. Other acts that plaintiffs are presently unaware of.

139. As a direct and proximate result of the aforementioned acts, defendants, and each of them, obtained unwarranted fees from plaintiff for brokering and servicing the loan. Predictably, plaintiff is now unable to refinance his loan to get out of the defendants' program and will incur even more damages to his equity and credit. Plaintiff has suffered injury as alleged herein.

140. Plaintiff individually and on behalf of the public, seeks an order of this court enjoining defendants and prohibiting each of the said defendants from predatory loan practices of the nature and kind herein alleged, as the public and plaintiff will be irreparably harmed if such order is not granted.

VERIFIED FIRST AMENDED COMPLAINT - 27

141. Defendants have been unjustly enriched at the expense of the plaintiff, who therefore is entitled to equitable restitution and disgorgement of profits realized by defendants as result of the unfair, unlawful, deceptive, untrue and/or misleading practices engaged in as describe above by defendants.

142. Moreover, because plaintiff brings this action on behalf of himself and on behalf of the general public he is entitled to reasonable attorneys fees pursuant to *California Code of Civil Procedure* §1021.5. Plaintiff has sustained damages, including attorney's fees and legal costs, and will sustain additional damages in prosecuting this action.

### ELEVENTH CAUSE OF ACTION

### BREACH OF GOOD FAITH AND FAIR DEALING

(Against All Defendants)

143. Plaintiff repeats and realleges the allegations of paragraphs 1 through 142, above, as though fully set forth herein at length.

144. The refinance loan, including the promissory note and deed of trust, imposed upon defendants a covenant of good faith and fair dealing in performing the terms and conditions of the loan agreement and carrying out its purpose and intent.

145. The procurement of the loan by defendants also imposed upon defendants a covenant of good faith and fair dealing in performing the terms and conditions of the procurement.