March 17, 2008

ROBERT SWEETING
16077 CRETE LANE
HUNTINGTON BEACH, CA. 92649

TO: EXECUTIVE TRUSTEE SERVICES, LLC., GMAC, FREMONT INVESTMENTS, INTERNATIONAL MORTGAGE, INTERNATIONAL ESCROW, JASON KISHABA, M&M AND ASSOCIATES, RAMSEY FINANCIAL, ROBBIE DE CAPUA, ET.AL.

RE: T.S. NO. GM-120181-C
LOAN NO. 0833009962

TO ALL CONCERNED;

UNDER THE FEDERAL TRUTH IN LENDING ACT, REGULATION Z, SECTION 32, OF FEDERAL AND STATE LAWS, THIS LOAN IS BEING CONVERTED TO A THREE YEAR RIGHT TO CANCEL. MY COPIES OF THE RIGHT TO CANCEL WERE NOT SIGNED AND DATED, AS REQUIRED BY TILA. THE CLOSING AGENT DID NOT LEAVE THE COPIES OF THE LOAN CONTRACT AT THE TIME OF SIGNING, AS REQUIRED. THIS LEFT NOTHING TO PROOF READ AND UNDERSTAND THE DETAILS OF THE LOAN CONTRACT. THIS MADE THE DECISION TO ENACT THE RIGHT TO CANCEL, IF, ANY DEFECTS WERE DISCOVERED IN THE LOAN CONTRACT, TO BE DELAYED, OR IMPOSSIBLE. THE TWO YEAR PREPAY PENALTY PAGE WAS HIDDEN, AND NEVER SIGNED BY ME. THE FEDERAL AND STATE REQUIRED DISCLOSURES WERE NEVER DELIVERED TIMELY, OR NOT AT ALL. THE HUD-1 STATEMENT WAS NOT DELIVERED AS REQUIRED, AND LATER, DISCOVERED TO BE ALTERED. THE SUM OF $40,000.00 WAS STOLEN FROM MY PROCEEDS, AND ALTERED ON THE HUD-1. THE LOAN DOCUMENTS WERE SIGNED ON THREE DIFFERENT OCCASIONS, BUT WERE NEVER COMPLETED. THE DOCUMENTS FROM THE THREE SIGNINGS WERE INTERMIXED. THIS AMOUNTS TO FORGERY. THE DOCUMENTS WERE NEVER DRAWN WITH THE CORRECT, QUOTED, AGREED FEES. THE ESCROW COMPANY HAS REFUSED TO INVESTIGATE THE MISSING FUNDS. ESCROW WAS ORDERED TO FUND THE FIRST PAYMENT OT FREMONT, BUT IT ENDED UP MISSING, AND NEVER POSTED. FREMONT DID NOT CORRECTLY POST THE PAYMENTS MADE ON MY ACCOUNT, AND THEN SOLD THE LOAN TO GMAC. GMAC HAS NOT BEEN ABLE TO POST PAYMENTS CORRECTLY, EITHER, AND HAS INITIATED FORECLOSURE, BECAUSE OF THE ILLEGAL ACTS PERPETRATED BY THE DEFENDENTS. NO "GOOD FAITH ESTIMATE" WAS EVER DELIVERED TIMELY, AND THE FEES AND RATES WERE EXCESSIVE, OVER AND ABOVE WHAT WAS QUOTED ORALLY. ALL FEDERAL AND STATE LAWS PERTAINING TO THIS LOAN CONTRACT WERE VIOLATED. THIS INCLUDES



EXHIBIT L

FRAUD, MISREPRESENTATIONS, THEFT OF PROCEEDS, CONVERSION OF PROPERTY, AND, MANY OTHER VIOLATIONS OF CIVIL AND CRIMINAL LAWS

    I HEREBY EXERCISE MY RIGHT TO CANCEL THIS LOAN, EFFECTIVE IMMEDIATELY. I DEMAND ALL EXPENSES, COSTS, PROCEEDS, INTEREST PAID, AND ANY OTHER FEES ASSOCIATED WITH THIS LOAN RETURNED TO ME IMMEDIATELY. THE FEDERAL LAWS INVOLVED CALL FOR TWICE THE AMOUNT OF THE FINANCE CHARGES, AS PENALTY FOR THESE WRONG DOINGS, PLUS, ALL FEES THAT WERE OVERCHARGED, IF PROVEN.

    THIS LOAN CANCELLATION ALSO CANCELS THE FORECLOSURE PROCEEDINGS, AS THE LOAN AGREEMENT IS DEFECTIVE. GMAC HAS NO RIGHT TO FORECLOSE ON THIS LOAN. IF YOU PROCEED WITH THE FORECLOSURE SALE, THEN, MY OTHER LEGAL RIGHTS, PERTAINING TO WRONGFUL FORECLOSURE, WILL BE EXERCISED IN COURT.

*Robert Sweeting* (signature)

ROBERT SWEETING

PHONE  562 436 4111
FAX      562 436 4115
CELL    562 394 8218

 

RECORDING REQUESTED BY
Executive Trustee Services, LLC

AND WHEN RECORDED MAIL TO:
Executive Trustee Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

T.S. No. GM-120181-C
Loan No. 0833009962

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/8/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR: ROBERT SWEETING, AN UNMARRIED MAN
Recorded 12/20/2006 as Instrument No. 2006000850787 in Book , page of
Official Records in the office of the Recorder of Orange County, California,
Date of Sale: 3/26/2008 at 2:00 PM

| Place of Sale: | At the North front entrance to the County Courthouse, 700 Civic Center Drive West, Santa Ana, California |
| --- | --- |
| Property Address is purported to be: | 16077 CRETE LANE HUNTINGTON BEACH, CA 92649 |

APN #: 178-741-30

The total amount secured by said Instrument as of the time of initial publication of this notice is $860,629.72, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

| Date: 2/26/2008 | EXECUTIVE TRUSTEE SERVICES, LLC<br>2255 North Ontario Street, Suite 400<br>Burbank, California 91504-3120<br>Sale Line: 714-259-7850<br><br>Beatriz Osorio, TRUSTEE SALE OFFICER |
| --- | --- |



662-436-4115    p.3    Power Brake Bob    Mar 17 08 04:02p

# EXHIBIT A2

```
1  Robert Sweeting, Pro Per
   16077 Crete Lane.
2  Huntington Beach, Ca. 92649
   Ph. 562-394-8218
3  Fax 714-846-8522
4
5  Plaintiff Robert Sweeting
6
7
8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9        FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER
10
```

| | |
|---|---|
| ROBERT SWEETING,<br><br>*Plaintiff,*<br><br>vs.<br><br>JASON KISHABA, an individual; SANDRA JAQUEZ, an individual, PETER SAUERACKER, an individual; INTERNATIONAL MORTGATGE, Inc.' CAITLIN CHEN, an individual; FREEMONT INVESTMENT AND LOAN, INC.; GMAC MORTGAGE LLC.; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto and DOES 1 through 25, inclusive,<br><br>*Defendants.* | CASE No.: 30-2008-104237<br><br>VERIFIED SECOND AMENDED COMPLAINT FOR:<br><br>1. FOR NEGLIGENCE<br>2. COMMON COUNTS<br>3. BREACH OF FIDUCIARY DUTY<br>4. MISREPRESENTATION<br>5. FOR REFORMATION OF CONTRACT<br>6. BREACH OF CONTRACT<br>7. BREACH OF CONTRACT<br>8. DECEIT<br>9. CANCELLATION OF WRITTEN INSTRUMENT<br>10. WRONGFUL FORECLOSURE<br>11. QUIET TITLE<br>12. BUSINESS AND PROFESSIONS CODE §17200<br>13. VIOLATION OF TRUTH AND LENDING ACT, 15 U.S.C. § 1601 ET SEQ., AND FEDERAL RESERVE REGULATION Z 12 C.F.R. § 226 ET SEQ.<br>14. DEFAMATION AND TORTIOUS INTERFERENCE WITH CREDIT<br>15. ACCOUNTING<br><br>Assigned for All Purposes to DEPT.: C25, the Hon Randell Wilkenson presiding |

SECOND AMENDED COMPLAINT                                                      Page 1

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Defendant, JASON KISHABA, (hereinafter alternatively "Defendant/KISHABA") is an individual residing in Orange County, California.

2. Defendant, SANDRA JAQUEZ, (hereinafter alternatively "Defendant/JAQUEZ") is an individual residing in Orange County.

3. Defendant, PETER SAUERACKER, (hereinafter alternatively "Defendant/SAUERACKER") is an individual residing in Orange County, California.

4. Defendant, INTERNATIONAL MORTGAGE, INC. (hereinafter alternatively "Defendant/INTERNATIONAL") is a business entity, form unknown, conducting business within the County of Orange, State of California.

5. Defendant INTERNATIONAL ESCROW is a business entity, form unknown, conducting business within the County of Orange, State of California.

6. Defendant ANTHONY HAWORTH, is sued individually and as owner and/or principal of International Escrow and International Mortgage. His principal place of business is in the County of Orange.

7. Defendant, CAITLIN CHEN, (hereinafter alternatively "Defendant/CHEN") is an individual residing in Orange County, California.

8. Defendant, FREMONT INVESTMENT AND LOAN, INC. (hereinafter alternatively "Defendant/FREMONT") is a business entity, form unknown, conducting business within the County of Orange, State of California.

9. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEM ("MERS") at all times relevant was a Delaware Corporation. Based on information and belief, MERS is currently a suspended from doing business in California. MERS transacts business in California and at all relevant times promoted, distributed, and/or purchased mortgage loans, an example of which is the subject of this Complaint throughout the United States, including Huntington Beach, California. The Note provides in part,

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and

SECOND AMENDED COMPLAINT                                          Page 2

|   |     |   |
|---|-----|---|
| 1 |     | Lender's successors and assigns. MERS is the beneficiary under this |
| 2 |     | Security Instrument." |
| 3 |     | The use of MERS obfuscates the chain of title, securitizing loans and hiding the true owner of said notes. Plaintiff contends that MERS is unlawful and deprives the County of tax revenue and is used for the purpose of facilitating foreclosures by hiding the ownership of property from the chain of title. |
| 7 | 10. | Defendant, GMAC MORTGAGE LLC, (hereinafter alternatively "Defendant/GMAC") is a business entity, form unknown, conducting business within the County of Orange, State of California. |
| 10 | 11. | Defendant TCIF REO GCM California, LLC (hereinafter referred to as "Truman Capital" or "Truman") is a Delaware Corporation with its principal place of business in Armonk, NY. |
| 13 | 12. | Defendant Island Source II LLC is a Delaware Limited Liability Company with its principal place of business unknown. |
| 15 | 13. | Defendant CHICAGO TITLE INSURANCE COMPANY is a California corporation with its principal place of business in Santa Ana, County of Orange, State of California. |
| 17 | 14. | Defendant G and Z Appraisers is a business entity of unknown form which conducts business in the County of Orange, State of California. |
| 19 | 15. | Nazeh Muayadazem is a licensed real estate broker whose principal place of business is in the County of Orange, State of California. He was a real estate appraiser and owner of G & Z Realty and G & Z Appraisers. |
| 22 | 16. | Plaintiff is informed, believes, and thereon alleges that INTERNATIONAL consisted of a mortgage brokerage and an escrow company that unlawfully secured the plaintiff's refinance loan and escrow related to the loan. |
| 25 | 17. | Plaintiff is informed and believes, and thereon alleges that SAUERACKER was an employee of INTERNATIONAL who was responsible for plaintiff's refinance loan. |
| 27 | 18. | Plaintiff is informed, believes, and thereon alleges that FREMONT was the lender on his refinance loan transaction. |

SECOND AMENDED COMPLAINT                                    Page 3

19. Plaintiff is informed, believes, and thereon alleges that JAQUEZ was an employee of INTERNATIONAL who was responsible for plaintiff's escrow.

20. Plaintiff is informed, believes, and thereon alleges that CHEN was the broker of record for INTERNATIONAL during the pendency of plaintiff's refinance loan and escrow.

21. Plaintiff is informed, believes, and thereon alleges, that at all times relevant hereto, defendants, and each of them, were agents, servants, and employees of each of the remaining co-defendants, and in doing the things herein alleged, were acting within the purpose and scope of such agency, service and employment, with the permission, consent, and knowledge of each of the remaining co-defendants.

22. The defendants herein named as "all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff.s title, or any cloud on plaintiff's title thereto" (hereinafter "UNKNOWN DEFENDANTS") are unknown to plaintiff. These UNKNOWN DEFENDANTS, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to plaintiff's title and their claims, and each of them, constitute a cloud on plaintiff's title to that property.

23. Plaintiff is ignorant of the true names and capacity of defendants sued in this complaint as DOES 1 through 25, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint once the true names and capacities are ascertained. The Plaintiff is informed, believes, and' thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that the plaintiff's damages as herein alleged were proximately caused by their conduct. Plaintiff is informed, believes, and thereon alleges that each of these fictitiously named defendants claim some right, title, estate, lien or interest in the hereinafter-described property adverse to plaintiff's title, and their claims, and each of them, constitute a cloud on plaintiff's title to that property.

24. At all times relevant hereto, the defendants CHICAGO TITLE COMPANY, KISHABA, SANDRA JAQUEZ, PETER SAUERACKER, INTERNATIONAL MORTGAGE, INC.,

SECOND AMENDED COMPLAINT                                   Page 4

1  INTERNATIONAL ESCROW, ANTHONY HAWORTH, CAITLIN CHEN, FREMONT
2  INVESTMENT AND LOAN, INC. GMAC MORTGAGE LLC, TCIF REO GCM
3  California, LLC, Island Source II LLC, Nazeh Muayadazem, and G and Z Appraisers and
4  Does 1 to 25 acting alone or as agents, or as employees, affiliates, or "nominees", or in
5  concert with one another or other defendants, in the ordinary course Of their business,
6  regularly extend or offered to extend consumer credit, for which a finance charge is
7  imposed or which, by written agreement, is payable in more than four installments and is
8  the person to whom the transaction which is the subject of this, action is initially payable,
9  making defendants a creditor within the meaning of TILA, 15 U.S.C. §1602(f) and
10 Regulation Z § 226.2(a)(17) or an assignee within the meaning of 15 U.S.C. §1641.
11 25. The real property that is the subject matter of this litigation is plaintiff's home of over
12     twenty-two (22) years and is located at 16077 Crete Lane, Huntington Beach, California
13     92649 and legally described as follows:
14     PARCEL 1
15     LOT 30 OF TRACT NO. 9924, IN THE CITY OF HUNTINGTON BEACH, COUNTY
16     OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 431
17     PAGES 22 AND 23 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE
18     COUNTY RECORDER OF SAID COUNTY.
19     PARCEL 2
20     AN EASEMENT FOR USE AND ENJOYMENT OF THE COMMON AREA, BEING
21     LOT 46 OF SAID TRACT NO. 9924, REFERRED TO IN PARCEL 1 ABOVE, AS SET
22     FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND
23     RESTRICTIONS RECORDED IN BOOK 12914 PAGE 929, ET SEQ., OF OFFICIAL
24     RECORDS OF ORANGE COUNTY, CALIFORNIA.
25     APN# 178-741-30
26     (hereinafter "SUBJECT PROPERTY").
27 26. Defendant GMAC, as "nominee for the lender" or any other person or entity held and/or
28     holds a security interest in the plaintiff's home located at 16077 Crete Lane, Huntington

SECOND AMENDED COMPLAINT                                                    Page 5

|   |     |   |
|---|-----|---|
| 1 |     | Beach, California 92649. |
| 2 | 27. | On or about May 2006, plaintiff began discussing refinancing the SUBJECT PROPERTY with one of his business clients, Mr. Robbie De Capua, who works for Ramsey Group Financial Services. |
| 5 | 28. | Mr. De Capua was unable to complete a refinance of the subject property, but brought in plaintiff KISHABA as a partner who worked for M&M and Associates Mortgage Brokers to complete the loan. |
| 8 | 29. | Mr. De Capua and KISHABA promised plaintiff to refinance the SUBJECT PROPERTY at a fixed annual percentage rate of 7.5%, with a one-half point broker fee, a one-year prepayment penalty, and one hundred five thousand dollars ($105,000) cash out. |
| 11 | 30. | Beginning approximately in June 2006, KISHABA would promise plaintiff that the refinance of the SUBJECT PROPERTY was going to be completed that week, but he would come up with an excuse for the failure to close and promise that it would close any day. |
| 15 | 31. | Based on KISHABA'S representations that the loan would close any day plaintiff stopped making his regular mortgage payments. |
| 17 | 32. | In or about November 2006, KISHABA informed plaintiff that KISHABA had changed employer and that he now worked for INTERNATIONAL. KISHABA also informed plaintiff that he would place the refinance of the SUBJECT PROPERTY with INTERNATIONAL as the mortgage broker. |
| 21 | 33. | Throughout the time that plaintiff dealt with KISHABA, regarding the refinance of the SUBJECT PROPERTY, KISHABA continually provided plaintiff documents that contradicted the terms promised by KISHABA. |
| 24 | 34. | In fact, KISHABA had three separate loan document signings for plaintiff which occurred on or about the beginning of November 2006, December 5, 2006, and December 8, 2006. |
| 26 | 35. | In early November 2006, plaintiff was in Akron, Ohio. KISHABA sent a notary public to plaintiff with loan documents to sign. At this point, plaintiff was placed in a severe financial bind by KISHABA'S prior representations that the loan would close any day. |

SECOND AMENDED COMPLAINT                                                Page 6

|   |   |
|---|---|
| 1 | When plaintiff looked over the documents that the notary brought, he noticed that the terms were not what KISHABA had promised and that there was a two-year prepayment penalty instead of the one-year prepayment penalty promised. |
| 36. | Plaintiff called KISHABA who said to just sign the documents for the notary and that KISHABA would fix the problems later. Plaintiff interlineated certain pages wherein he thought the terms were not as promised and simply unacceptable. Plaintiff handed the documents to the notary. |
| 37. | On or about December 5 2006, KISHABA sent another notary to plaintiff's business. Again, the documents included hidden terms that were contrary to KISHABA'S promised terms including a two-year prepayment penalty. Plaintiff refused to sign the page containing a two-year prepayment penalty, but signed the remaining pages. |
| 38. | On or about November 22, 2006, FREMONT sent plaintiff a letter and good faith estimate indicating an interest rate of 9.8% and broker fees of $24,155. (First page [Second page missing] of FREMONT Letter and Good Faith Estimate are attached hereto as "Exhibit A" and incorporated by reference.) |
| 39. | On or about November 30, 2006, INTERNATIONAL created a Borrower's Estimated Closing Costs document that indicated plaintiff was to receive $69,192.29 cash out on the refinance. (Borrower's Estimated Closing Costs drafted by INTERNATIONAL and dated November 30, 2006 is attached hereto as "Exhibit B" and incorporated by reference.) |
| 40. | On or about December 5, 2006, INTERNATIONAL created another Borrower's Estimated Closing Costs document that indicated plaintiff was to receive $65,605.36 cash out on the refinance. (Borrower's Estimated Closing Costs drafted by INTERNATIONAL and dated December 5, 2006 [First page shows letterhead that is cut off of second page] is attached hereto as "Exhibit C" and incorporated by reference.) |
| 41. | On or about December 8, 2006, KISHABA came to plaintiff's home with a notary to sign documents. At this point, KISHABA informed plaintiff that because of plaintiff's bad credit, which was directly related to the extended loan process and KISHABA'S promises that the loan was closing "any day," plaintiff would only receive $65,000 cash out. |

SECOND AMENDED COMPLAINT                                                           Page 7