## FOR WRONGFUL FORECLOSURE
(AS AGAINST FREMONT, GMAC, TCIF, ISLAND SOURCE and Does 1 to 25)

149. Plaintiff repeats and realleges the allegations in paragraphs 1 through 148 above as though fully set forth herein at length.

150. Based on the foregoing frauds, failure of Defendant Fremont to deliver monies under the subject Note secured by Deed of Trust, improper accounting by Fremont and GMAC, and illegal and usurious interest rate and unlawful/illegal fees and points, Plaintiff contends that at the time of the foreclosure sale, he was current on payments. He further contends that the forbearance agreement between Plaintiff and GMAC was without consideration. Plaintiff further contends that after striking the interest, he had paid nearly 8 years of payments at the time of the wrongful foreclosure.

151. Plaintiff contends that GMAC, TCIF and Island Source

152. Plaintiff requests the foreclosure sale be set aside and that all subsequent transfers of title be vacated.

## ELEVENTH CAUSE OF ACTION
## QUIET TITLE
(Against Defendants FREMONT, GMAC, TCIF, ISLAND SOURCE, and DOES 1-25)

153. Plaintiff repeats and realleges the allegations of paragraphs 1 through 152, above, as though fully set forth herein at length.

154. Plaintiff's title is based on the facts plead hereinabove, and incorporated by reference.

155. A notice of lis pendens was filed in January 2009. All title holders acquired title with actual or constructive knowledge that title was in question and thus are not purchasers for value without knowledge of the present litigation.

156. Plaintiff is seeking to quiet title against all adverse claims of defendants (the adverse claims) to wit:
   a. The claims of the fictitiously named defendants described in paragraphs 23;
   b. The claims of the unknown defendants described in paragraph 22, whether or not any such claim is known to plaintiff;

SECOND AMENDED COMPLAINT                                                                 Page 21

c. The unknown, uncertain or contingent claims, if any, of any defendant;

d. The claim of defendants, FREMONT, GMAC, TCIF and ISLAND SOURCE described hereinabove, as the adverse claims are without any right whatever. Defendants have no right, title, estate, lien or interests whatever in the property adverse to plaintiff's title.

e. Plaintiff seeks to quiet title as of November 1, 2004.

### TWELFTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200
(Against Defendants INTERNATIONAL, FREMONT, GMAC, and DOES 1-25)

157. Plaintiff repeats and realleges the allegations of paragraphs 1 through 135, above, as though fully set forth herein at length.

158. Defendants, and each of them, committed acts of unfair business practices, as defined by California Business & Professions Code §17200 et seq., by engaging in acts which include but are not limited to, making loans based on made up information which defendants, and each of them, falsified; using bait and switch tactics; making loans without confirming or verifying borrower information; making loans without providing the borrower with sufficient, accurate and understandable information regarding the terms and conditions of the loan; making loans without providing the borrower with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrower; and making loans without regard to the financial ability of the borrower to pay.

159. These acts all as alleged above violate California Business & Professions Code §17200 et seq., in the manner alleged above and, based on information and belief in the following further respects:

a. Engaging in predatory lending practices in dealing with plaintiff, including but not limited to, the use of high pressure sales tactics and the falsification of plaintiff's loan application information;

b. Failing to provide notices and disclosures require by TILA;

SECOND AMENDED COMPLAINT                                                                                   Page 22

      c.    Engaging in falsifying loan documents; and

      d.    Other acts that plaintiffs are presently unaware of.

160. As a direct and proximate result of the aforementioned acts, defendants, and each of them, obtained unwarranted fees from plaintiff for brokering and servicing the loan. Predictably, plaintiff is now unable to refinance his loan to get out of the defendants' program and will incur even more damages to his equity and credit. Plaintiff has suffered injury as alleged herein.

161. Plaintiff individually and on behalf of the public, seeks an order of this court enjoining defendants and prohibiting each of the said defendants from predatory loan practices of the nature and kind herein alleged, as the public and plaintiff will be irreparably harmed if such order is not granted.

162. Defendants breached the implied covenant of good faith and fair dealing as alleged above.

163. As a proximate result of the aforementioned acts and omissions by defendants, plaintiff has suffered loss of monies in a sum to be proven at the time of trial. It has also become reasonably, necessary for plaintiffs retain counsel to recover amounts due under the contract.

164. The aforementioned acts were performed by defendants maliciously, fraudulently and oppressively entitling plaintiffs to punitive damages in an amount appropriate to punish the defendants.

### THIRTEENTH CAUSE OF ACTION
### VIOLATION OF TRUTH AND LENDING ACT, 15 U.S.C. § 1601 ET SEQ., AND FEDERAL RESERVE REGULATION Z 12 C.F.R. § 226 ET SEQ.
### (Against FREMONT, Does 1 to 25)

165. Plaintiff repeats and realleges the allegations of paragraphs 1 through 163, above, as though fully set forth herein at length.

166. This consumer credit transaction is subject to the plaintiff's right of rescission as described by 15 U.S.C. §1635 and Regulation Z §226.23 (12 C.F.R. §226.23).

167. Defendants failed to provide TILA disclosures that reflect the terms of the legal obligation between the parties (as required by 15 U.S.C. §163(14) and Regulation Z

5226.17(c)(1).

168. In the course of this consumer credit transaction, defendants violated 15 U.S.C. §1635(a) and Regulation Z §226.17(c)(1) by failing to deliver to plaintiff two copies of a Notice of the Right to Rescind which correctly identified the transaction and contained the appropriate "material disclosures" required to reflect the true and correct terms of the legal obligation of the parties.

169. In the course of this consumer credit transaction, defendant creditor failed to deliver all "material disclosures" required by the Act and Regulation Z, including the following: a) A true and correct TIL disclosure showing the true and correct terms and legal obligation of the parties.

170. In the course of this consumer credit transaction, defendants failed to respond properly to the plaintiffs' consumer rescission notice as required by 15 U.S.C. §1635 and Regulation Z §226.15 and §226.23(d) by failing to rescind its security interest in the plaintiff's home.

171. Around March 17, 2008, the plaintiff rescinded the transaction by sending to each defendant creditor and/or assignee a Notice of Rescission by facsimile.

172. A true and correct copy of the Notice of Rescission is attached hereto as Exhibit "L" and by this referenced is incorporated herein.

173. Defendant creditors and assignees received copies of the plaintiff's Notice of Rescission on or about March 17, 2008.

174. Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, including the security interest, as required by 15 U.S.C. §1635(b) and Regulation Z §226.23(d)(2).

175. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. §1635(a), §1640(a), and S1641(c), defendants are liable to plaintiffs for:

    a. Rescission of this transaction.

    b. Termination of any security interest in plaintiffs' property created under the transaction.

    c. Return of any money or property given by t plaintiffs to anyone, including the

...

defendant, in connection with this transaction.

    d. Statutory damages of $2,000 for defendants' failure to respond properly to plaintiffs' rescission notice.

    e. The forfeiture of return of loan proceeds.

    f. Actual damages in an amount to be determined at trial.

    g. Reasonable attorneys fees.

    h. Any and all other remedies that may become applicable during discovery related to this complaint.

176. By the filing of this action, Plaintiff offers to return to Defendants all sums determined by this Court to be due from the proceeds of this action.

## FOURTEENTH CAUSE OF ACTION
## DEFAMATION AND TORTIOUS INTERFERENCE WITH CREDIT
## AS AGAINST GMAC, Does 1 to 25

177. Plaintiff repeats and realleges the allegations of paragraphs 1 through 175, above, as though fully set forth herein lat length.

178. Defendant GMAC has published false ports through various credit reporting agencies that he owes over $16 million as a result of the present foreclosure action.

179. Said publications are false.

180. Plaintiff has demanded of Defendant GMAC's xcdvxxz

181. Said publications were published with malice within the meaning of Civil Code § 3294.

182. Said publications have damaged Plaintiff's business in that he is unable to lease property to store his business and trade tools, inventory and perform automotive and break repair services. Further, he is unable to get a loan to purchase inventory. Plaintiff's business has been damaged in an amount subject to proof.

SECOND AMENDED COMPLAINT            Page 25

FIFTEENTH CAUSE OF ACTION
FOR AN ACCOUNTING
(As Against All Defendants)

183. Plaintiff repeats and realleges Paragraphs 1 through 187 as though fully set forth herein.

184. Plaintiff requests a complete accounting for all transactions related to the subject Note secured by Deed of Trust, including, without limitation, all disbursements, payments, fees, points, additions to principal, penalties, interest, etc.

WHEREFORE, plaintiff prays for, judgment as against Defendants, and each of them, as follows:

ON THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

1. For general damages according to proof;
2. For special damages according to proof;

ON THE SECOND CAUSE OF ACTION FOR COMMON COUNTS

3. For damages according to proof;
4. For consequential damages according to proof;

ON THE THIRD CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY

5. For general damages according to proof;
6. For special damages according to proof;
7. For punitive and exemplary damages in an amount appropriate to punish the Defendants and deter other from engaging in similar conduct.

ON THE FOURTH CAUSE OF ACTION FOR MISREPRESENTATION

8. For general damages according to proof;
9. For special damages according to proof;
10. For punitive and exemplary damages in an amount appropriate to punish the Defendants and deter other from engaging in similar conduct.

ON THE FIFTH CAUSE OF ACTION FOR REFORMATION OF CONTRACT

11. For a Declaration that the interest rate on the subject Note secured by Deed of Trust is unlawful and/or usurious;
12. For a Declaration that all fees, points and yield spread premiums paid to

SECOND AMENDED COMPLAINT                                                                 Page 26

| | | |
|---|---|---|
| 1 | | INTERNATIONAL are unlawful; |
| 2 | 13. | For a Declaration that all fees, premiums and points retained by INTERNATIONAL were |
| 3 | | monies which were not paid to Plaintiff pursuant to the terms of the subject Note secured |
| 4 | | by Deed of Trust; |
| 5 | 14. | Reformation of the Contract either striking the Note and Deed of Trust in their entirety |
| 6 | | based on the wilful and outrageous conduct of the Defendants and granting Plaintiff title |
| 7 | | free and clear of all encumbrances, or, in the alternative, for an order striking |
| 8 | | ON THE SIXTH CAUSE OF ACTION BREACH OF CONTRACT |
| 9 | 15. | For damages according to proof; |
| 10 | 16. | For incidental and consequential damages according to proof; |
| 11 | | ON THE SEVENTH CAUSE OF ACTION BREACH OF CONTRACT |
| 12 | 17. | For damages according to proof; |
| 13 | 18. | For incidental and consequential damages according to proof; |
| 14 | | ON THE EIGHTH CAUSE OF ACTION FOR DECEIT |
| 15 | 19. | For general damages according to proof; |
| 16 | 20. | For special damages according to proof; |
| 17 | 21. | For punitive and exemplary damages in an amount appropriate to punish the Defendants |
| 18 | | and deter other from engaging in similar conduct. |
| 19 | | ON THE NINTH CAUSE OF ACTION FOR CANCELLATION OF WRITTEN |
| 20 | | INSTRUMENT |
| 21 | 22. | That the court declare that (1) the Trust Deed (Exhibit G) is void and that it be |
| 22 | | surrendered to the clerk of the court for cancellation and destruction and (2) that |
| 23 | | defendants be ordered to pay plaintiffs the following sums: |
| 24 | 23. | The consideration paid by plaintiffs with interest thereon at 10% per annum from the date |
| 25 | | of filing this complaint; |
| 26 | 24. | Exemplary damages; |
| 27 | 25. | For reasonable attorney fees and costs. |
| 28 | | ON THE TENTH CAUSE OF ACTION FOR WRONGFUL FORECLOSURE |

| | |
|---|---|
| 1 | 26. For damages according to proof; |
| 2 | 27. For consequential damages according to proof; |
| 3 | 28. For punitive and exemplary damages in an amount appropriate to punish Defendants and |
| 4 | deter others from engaging in similar conduct; |
| 5 | ON THE ELEVENTH CAUSE OF ACTION FOR QUIET TITLE |
| 6 | 29. For a judicial-declaration setting aside and canceling the non-judicial foreclosure sale |
| 7 | deed; |
| 8 | 30. For a declaration that Plaintiff Robert Sweeting is the true owner of the subject property; |
| 9 | 31. For exemplary damages; |
| 10 | ON THE TWELFTH CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND |
| 11 | PROFESSIONS CODE §17200 |
| 12 | 32. For general damages according to proof; |
| 13 | 33. For special damages according to proof; |
| 14 | 34. For punitive and exemplary damages in an amount appropriate to punish Defendants and |
| 15 | deter others from engaging in similar conduct; |
| 16 | |
| 17 | ON THE THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF TRUTH AND |
| 18 | LENDING ACT, 15 U.S.C. § 1601 ET SEQ., AND FEDERAL RESERVE |
| 19 | REGULATION Z 12 C.F.R. § 226 ET SEQ. |
| 20 | 35. Rescission of this transaction. |
| 21 | 36. Termination of any security interest in plaintiffs' property created under the transaction. |
| 22 | 37. Return of any money or property given by the plaintiffs to anyone, including the |
| 23 | defendant, in connection with this transaction. |
| 24 | 38. Statutory damages of $2,000 for defendants' failure to respond properly to plaintiffs' |
| 25 | rescission notice. |
| 26 | 39. The forfeiture of return of loan proceeds |
| 27 | 40. Actual damages in an amount to be determined at trial. |
| 28 | 41. Reasonable attorneys fees. |

SECOND AMENDED COMPLAINT                                                                 Page 28

42. Any and all other remedies that may become applicable during discovery related to this complaint.

### ON THE FOURTEENTH CAUSE OF ACTION DEFAMATION AND TORTIOUS INTERFERENCE WITH CREDIT

43. For general damages according to proof;

44. For special and consequential damages according to proof;

45. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;

### ON THE FIFTEENTH CAUSE OF ACTION FOR ACCOUNTING

46. For a complete accounting for all transactions related to the subject Note secured by Deed of Trust, including, without limitation, all disbursements, payments, fees, points, additions to principal, penalties, interest, etc.

Respectfully submitted,

Dated: December 7, 2009

*/s/ Robert Sweeting*
Robert Sweeting

---

SECOND AMENDED COMPLAINT                                                                 Page 29

## VERIFICATION
[CCP §§ 446, 2015.5]

I, Robert Sweeting, declare as follows:

I am the Plaintiff in this action.

I have read and know the contents of the attached Second Amended Complaint and know the contents thereof. The facts set forth therein are true of my own personal knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on December 8, 2009 at Huntington Beach, California.

*/s/ Robert Sweeting*
Robert Sweeting

[C:\Documents and Settings\HP_Owner\My Documents\Second Amended Complaint (Working)[1].wpd]

**EXHIBIT A**

Fremont Investment & Loan
1065 N. Pacificenter Drive
Anaheim, CA 92806

11/22/2006

ROBERT SWEETING
16077 CRETE LANE
Huntington Beach, CA 92649

Dear ROBERT SWEETING

Your loan application with    INTERNATIONAL MORTGAGE COMPANY ESCROW
was recently submitted to us for consideration.    We are pleased that your broker has chosen us for your lending needs.

An important aspect of the mortgage financing process is the disclosure of information to you concerning your mortgage transaction.    Enclosed are the federal and/or state required disclosures related to your mortgage application.

The information on the Good Faith Estimate of Settlement Services reflects estimates of charges you may incur at settlement of your loan; actual charges may be more or less and will be reflected on the Settlement Statement you receive at closing. The Federal Truth in Lending Disclosures Statement shows the annual percentage rate, finance charge, payment schedule and other required information.    The annual percentage rate (APR), which is a measure of the cost of credit expressed as a yearly rate, is different from your interest rate since it takes into account other charges associated with your loan request including loan fees.    The initial disclosure is based on an initial interest rate of    9.600    %.
The payment schedule is based on the requested loan amount of $    773,500.00    .    All figures are estimates and subject to change.    You will receive a final disclosure statement when you sign your loan documents.

The enclosed documentation does not constitute a commitment.    Your loan application is being evaluated and we will notify your broker when the evaluation is complete.

From loan application to loan closing, we are dedicated to providing you the highest level of service. We are not satisfied with merely meeting basic requirements.    Fremont Investment & Loan's standard of quality is to exceed your expectations.    In order that we may process your application more quickly, we ask that you consult with your loan broker    INTERNATIONAL MORTGAGE COMPANY ESCROW
at    (818) 956-4600    with questions regarding loan status or the information we have provided.

WLCM-1 10/04                    Page 1 of 2

EXHIBIT A

Lender: Fremont Investment & Loan          Applicant(s): ROBERT SWEETIN

Address: 2727 East Imperial Highway
Brea, CA 92821

Date: 11/22/2006                           Property Address: 16077 CRETE LANE
Application: 30000000857459                                  Huntington Beach, CA 92649

## [X] GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimated – the actual charges may be more or less. Your transaction may not involve a fee for every item listed. Interest, late charges and prepayment penalties, if any, shall be governed by Federal and California law. If your loan is prepaid within the next 3 years, it may be subject to a prepayment penalty. If your loan is prepaid, the loan fees or other similar charges will not be subject to any refund.

The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

*(handwritten: $775,000)*

| Ref HUD-1 Statement | | | | PAID | DUE |
|---|---|---|---|---|---|
| 1000's | Amount paid on your account: | | | | |
| 1000's | Hazard Insurance Premium Reserves | mo @ $ | $ | | |
| 1000's | Flood Insurance Premium Reserves | mo @ $ | $ | | |
| 1000's | Tax & Assessment Reserves | mo @ $ | $ | | |
| 1000's | City Tax Reserves | mo @ $ | $ | | |
| 1000's | | mo @ $ | $ | | |
| 1000's | | mo @ $ | $ | | |
| 1000's | | mo @ $ | $ | | |
| | Amount paid to others on your behalf: | | | PAID | DUE |
| 800's | Appraisal Fees to Appraiser | | | | 475.00 |
| 800's | Credit Reporting Fees | | | | |
| 900's | Hazard Insurance Premiums to Insurance Agency | | | | 2,901.00 |
| 900's | Flood Insurance Premiums to Insurance Agency | | | | 0.00 |
| | Notary Fee to: | | | | |
| 1100's | Title Insurance Premiums to: Title Company | | | | 645.00 |
| 1200's | Filing Fees to Public Officials/ Recording Fees | | | | 60.00 |

*(handwritten: NEVER REC'D INSUR)*

| | | | | |
|---|---|---|---|---|
| | Loan Proceeds to: Title Company | | $ | 746,040.78 |
| | AMOUNT FINANCED | | $ | 744,100.78 |
| | Prepaid Finance Charge | | $ | 29,399.22 |

| | Itemization of Prepaid Finance Charge: | LENDER | BROKER | OTHER | POC |
|---|---|---|---|---|---|
| 800's | Lender Orig. Fee | 1,018.00 | | | |
| 800's | Loan Discount ( N/A %) | | | | |
| 900's | Prepaid Interest ( 4 Days) @ $ 207.68 per day | 830.72 | | | |
| 800's | Tax Service Fee - LandAmerica Tax and Flood Services | 48.00 | | | |
| 800's | Flood Cert Fee - LandAmerica Tax and Flood Services | 7.50 | | | |
| 800's | Processing Fee | | 925.00 | | |
| 800's | Broker Fee | | 24,155.00 | | |
| 1100's | Esc./Closing Agent Fee | | | 2,415.00 | |

LOAN AMOUNT:
$ 773,500.00

These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). If you are purchasing a home, additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender.

[X] All Disclosures are estimates

| Prepaid Finance Charge | 1,904.22 | 25,080.00 | 2,415.00 | 0.00 |
|---|---|---|---|---|
| Total Prepaid Finance Charge $ | 29,399.22 | | | |

[ ] Broker Yield Spread Premium: 0-3 % of Loan Amount

**THIS SECTION TO BE COMPLETED BY LENDER ONLY IF PARTICULAR PROVIDER OF SERVICE IS REQUIRED.**
Use of the particular provider is required and the estimate is based on charges of the provider.

| ITEM | NAME & ADDRESS OF PROVIDER | TELEPHONE NO. | NATURE OF RELATIONSHIP |
|---|---|---|---|
| Tax Service Contract and Flood Zone Certification | LandAmerica Tax and Flood Services 1123 PARKVIEW DR. COVINA, CA 91724 | (800) 537-3821 | Lender has repeatedly used or required borrowers to use the services of this provider. |

Neither you nor the creditor previously has become obligated to make or accept this loan, nor is any such obligation made by the delivery or signing of this disclosure. The undersigned acknowledges receipt of the booklet "Settlement Costs," and if applicable the "Consumer Handbook on Adjustable Rate Mortgages", and a copy of this disclosure.

ITGFAITH  0660186                          Page 1 of 2                    **FREMONT** INVESTMENT & LOAN

Lender: Fremont Investment & Loan
Address: 2727 East Imperial Highway
Brea, CA 92821

Applicant(s): ROBERT SWEETING

Date: 11/22/2006
Application: 300000000857459

Property Address: 16077 CRETE LANE
Huntington Beach, CA 92649

[X] **GOOD FAITH ESTIMATE OF SETTLEMENT CHARGES**

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - the actual charges may be more or less. Your transaction may not involve a fee for every item listed. Interest, late charges and prepayment penalties, if any, shall be governed by Federal and California law. If your loan is prepaid within the next 3 years, it may be subject to a prepayment penalty. If your loan is prepaid, the loan fees or other similar charges will not be subject to any refund.

The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

_____
Applicant ROBERT SWEETING

_____
Applicant

_____
Applicant

_____
Applicant

_____
Applicant

_____
Applicant

_____
Applicant

_____
Applicant

Page 2 of 2

ITGFAITH 01/2006

**FREMONT**
INVESTMENT & LOAN

# EXHIBIT B