# EXHIBIT "D"

ROBERT SWEETING,    )
    Plaintiff and Appellant,

Sup. Ct. No. 30-2008-00104237

v.

FREMONT REORGANIZING
CORPORATION et al.,
    Defendants and Respondents.

---

## * * REMITTITUR * *

I, Stephen M. Kelly, Clerk/Administrator of the Court of Appeal of the State of California, for the Fourth Appellate District, Division III, do hereby certify that the decision entered in the above-entitled cause on May 20, 2010, has now become final.

---

____Appellant  √ Respondent to recover costs

____Each party to bear own costs

____Costs are not awarded in this proceeding

____See decision for costs determination

Witness my hand and the Seal of the Court affixed at my office this July 20, 2010.

Stephen M. Kelly
Clerk/Administrator

By:_____
Deputy Clerk

cc: All Counsel (copy of remittitur only, Cal. Rules of Court, Rule 8.272(d).)

# EXHIBIT "E"

COURT OF APPEAL - STATE OF CALIFORNIA
FOURTH APPELLATE DISTRICT
DIVISION THREE

COURT OF APPEAL-4TH DIST DIV 3
FILED
AUG 27 2010

Deputy Clerk

ROBERT SWEETING,
    Plaintiff and Appellant,

v.

FREMONT REORGANIZING
CORPORATION et al.,
    Defendants and Respondents.

G043281

Sup. Ct. No. 30-2008-00104237

**ORDER**

Appellant's motion to recall the remittitur is DENIED.

RYLAARSDAM, J.

_____
Acting Presiding Justice

cc:    See attached list

COPY

G043281
Sweeting v. Fremont Reorganizing Corporation et al.


Superior Court of Orange County


Robert Sweeting
16077 Crete Lane
Huntington Beach, CA 92649


Timothy Matthew Ryan
The Ryan Firm APC
1100 N. Tustin Ave. Ste. 200
Anaheim, CA 92807-1861


Stuart B. Wolfe
Wolfe & Wyman, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614-5979

Received W & W / Irvine
____Client Doc ____Correspondence
____Discovery ____General

/          /

____Law & Motion ____Legal Research
Notes / Memos ____Pleadings
____Other

# EXHIBIT "F"

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**FEB 10 2010**

ALAN CARLSON, Clerk of the Court

*N. Dorfman*
BY N. DORFMAN

1    Stuart B. Wolfe, Esq. (SBN 156471)
     Samantha N. Lamm, Esq. (SBN 203094)
2    WOLFE & WYMAN LLP
     5 Park Plaza, Suite 1100
3    Irvine, California 92614-5979
     Telephone:  (949) 475-9200
4    Facsimile:   (949) 475-9203

5    Attorneys for Defendant
     GMAC MORTGAGE, LLC

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         COUNTY OF ORANGE, CENTRAL JUSTICE CENTER - UNLIMITED

10

| | |
|---|---|
| 11    ROBERT SWEETING, | Case No.: 30-2008-00104237 |
| 12            Plaintiff, | Assigned for all purposes to:<br>Judge: Hon. Randell L. Wilkinson |
| 13        v. | Dept. C-25 |
| 14    JASON KISHABA, an individual; SANDRA<br>JAQUEZ, and individual, PETER SAUERACKER, | **DEFENDANT GMAC MORTGAGE,**<br>**LLC'S NOTICE OF DEMURRER AND** |
| 15    an individual, INTERNATIONAL MORTGAGE,<br>INC.; CAITLIN CHEN, an individual; FREMONT | **DEMURRER TO PLAINTIFF'S SECOND**<br>**AMENDED COMPLAINT** |
| 16    INVESTMENT AND LOAN, INC.; GMAC<br>MORTGAGE LLC.; all persons unknown, claiming | Date:   March 24, 2010 |
| 17    any legal or equitable right, title, estate, lien or<br>interested in the property described in the complaint | Time:   1:30 p.m.<br>Dept.:  C-25 |
| 18    adverse to plaintiff's title, or any cloud on<br>plaintiff's title thereto and DOES 1 through 25, | Trial Date:            November 2, 2009 |
| 19    inclusive, | Discovery Cut-off:   October 5, 2009<br>Motion Cut-off:       October 5, 2009 |
| 20            Defendants. | Action Filed: March 20, 2008 |

21

22   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE that on **March 24, 2010 at 1:30 p.m.**, or as soon thereafter as the

24   matter may be heard in Department C-25 of the above-entitled Court, located at 700 Civic Center

25   West Drive, Santa Ana, California, Defendant GMAC Mortgage, LLC ("GMACM") will demur to

26   Plaintiff's Second Amended Complaint.  This Demurrer is brought on the grounds that the Second

27   Amended Complaint is uncertain and Plaintiff fails to state sufficient facts to constitute any causes

28   of action against GMACM.  (Cal. Civ. Code § 430.10(e-f).)

1

NOTICE OF DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1   This demurrer is based on this Notice, the attached Memorandum of Points and Authorities;

2   the Request for Judicial Notice, upon all papers and pleadings filed herein, and upon such other oral

3   and further materials as may be properly presented at or before the time of the hearing on the

4   Demurrer.

5

6   DATED: February 9, 2010                    WOLFE & WYMAN LLP

7

8                                              By: _Samantha Lamm_____
                                                   STUART B. WOLFE
9                                                  SAMANTHA N. LAMM
                                                   Attorneys for Defendant
10                                                 **GMAC MORTGAGE, LLC**

11   H:\Matters\GMAC Mortgage Corporation (1353)\089 (Sweeting)\Pleadings\Demurrer to P's SAC.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**NOTICE OF DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................1

II.   STATEMENT OF FACTS ...........................................................................................1

III.  THE COMPLAINT IS BARRED BY RES JUDICATA ..............................................3

    A.   Plaintiff Seeks to Relitigate the Same Causes of Action that This Court
Dismissed on Summary Judgment ................................................................3

    B.   Plaintiff Is Barred from Asserting Claims that Could Have Been Raised
Previously .......................................................................................................8

IV.   THE COMPLAINT IS BARRED BY COLLATERAL ESTOPPEL .............................9

V.    CONCLUSION ...........................................................................................................13

TABLE OF CONTENTS / TABLE OF AUTHORITIES

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

## TABLE OF AUTHORITIES

Cases

Abott v. The 76 Land and Water Co. (1911) 161 Cal. 42................................................. 8

Alpha Mechancial Heating & Air Conditioning, Inc. v.
    Travelers Casualty & Surety Co. of America (2005) 133 Cal.App.4th 1319.............. 4, 5

Bay Cities Paving & Grading, Inc. v.
    Lawyers Mutual Insurance Company (1993) 5 Cal.4th 854 .................................... 4

Burdette v. Carrier Corp. (2008) 158 Cal.App.4th 1668 ............................................. 8

Craig v. County of Los Angeles (1990) 221 Cal.App.3d 1294 ................................... 4, 8

Crowley v. Katleman (1994) 8 Cal.4th 666............................................................... 4

Duffy v. City of Loan Beach (1988) 201 Cal.App.3d 1352 ........................................ 8

Gates v. Superior Court (1986) 178 Cal.App.3d 301 ................................................ 8

Hamilton v. Carpenter (1940) 15 Cal.2d 130 .......................................................... 8

Hindin v. Rust (2004) 118 Cal.App.4th 1247, 1257................................................... 5

Lucas v. County of Los Angeles (1996) 47 Cal.App.4th 277...................................... 9

Mycogen Corp. v. Monsanto Co. (2002) 28 Cal.4th 888 ....................................... 3, 8

Olsen v. Breeze, Inc. (1996) 48 Cal.App.4th 608.................................................... 4

Olwell v. Hopkins (1946) 28 Cal.2d 147, 152......................................................... 3

Skrbina v. Fleming Companies (1996) 45 Cal.App.4th 1353..................................... 5

Slater v. Blackwood (1975) 15Cal.3d 791, 795....................................................... 4

Takahashi v. Board of Education (1988) 202 Cal.App.3d 1464.................................. 4

Tensor Group v. City of Glendale (1993) 14 Cal.App.4th 154 .................................. 5

Torrey Pines Bank v. Superior Court (2003) 216 Cal.App.4th 813 ........................... 8

Willson v. Security-First National Bank of Los Angeles (1943) 21 Cal.2d 705 ........... 3

Statutes

Business and Professions Code § 17200.............................................................. 1, 6, 7

Code of Civil Procedure § 430.10(e).................................................................... 1, 2

TABLE OF CONTENTS / TABLE OF AUTHORITIES

## DEMURRER TO COMPLAINT

Defendant GMAC Mortgage, LLC hereby demurs to the Second Amended Complaint by Plaintiff Robert Sweeting as set forth below:

### Demurrer to Fifth Cause of Action

### (Reformation of Contract)

1.    The fifth cause of action for reformation of contract fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

### Demurrer to Sixth Cause of Action

### (Breach of Contract)

2.    The sixth cause of action for breach of contract fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

### Demurrer to Ninth Cause of Action

### (Cancellation of Written Instrument)

3.    The ninth cause of action for cancellation of written instrument fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

### Demurrer to Tenth Cause of Action

### (Wrongful Foreclosure)

4.    The tenth cause of action for wrongful foreclosure fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

### Demurrer to Eleventh Cause of Action

### (Quiet Title)

5.    The eleventh cause of action for quiet title fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

1

DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

### Demurrer to Twelfth Cause of Action

#### (Business and Professions Code § 17200)

6.    The twelfth cause of action for violation of Business and Professions Code § 17200 fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

### Demurrer to Fourteenth Cause of Action

#### (Defamation and Tortious Interference with Credit)

7.    The fourteenth cause of action for defamation and tortious interference with credit fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

### Demurrer to Fifteenth Cause of Action

#### (Accounting)

8.    The fifteenth cause of action for accounting fails to state facts sufficient to constitute a cause of action against moving Defendant under California Code of Civil Procedure § 430.10(e).

WHEREFORE, Defendant prays for judgment as follows:

1.    That Defendant's Demurrer to the Second Amended Complaint is sustained without leave to amend;

2.    That judgment is rendered in Defendant's favor, and

3.    That Defendant is awarded costs of suit and such relief the Court deems just and proper.

DATED: February 9, 2010                    WOLFE & WYMAN LLP

By: _Samantha Lamm_____
STUART B. WOLFE
SAMANTHA N. LAMM
Attorneys for Defendant
GMAC MORTGAGE, LLC

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

2

DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

In the Second Amended Complaint, Plaintiff Robert Sweeting attempts to relitigate the same causes of action and issues that were adjudicated in the prior First Amended Complaint.  Since the Court granted summary judgment in Defendant GMAC Mortgage, LLC's ("GMACM") favor, the doctrine of res judicata and collateral estoppel bar Plaintiff from rehashing the same causes of action and issues in the Second Amended Complaint.

**II.   STATEMENT OF FACTS**

On March 24, 2008, Plaintiff filed a First Amended Complaint against GMACM and asserted the following causes of action against GMACM for:  (1) negligence, (2) negligent misrepresentation, (3) fraud / intentional misrepresentation, (4) conspiracy to commit fraud, (5) cancellation of written instrument, (6) temporary restraining order / preliminary and permanent injunction, (7) breach of fiduciary duty, (8) quiet title, (9) breach of contract, (10) violation of Business and Professions Code § 17200, (11) breach of good faith and fair dealing, (12) violation of Truth In Lending Act ("TILA"), and conversion.[1]  GMACM demurred to Plaintiff's complaint.  On June 25, 2008, the Court sustained GMACM's demurrer to the sixth cause of action for temporary restraining order / preliminary and permanent injunction, the seventh cause of action for breach of fiduciary duty, and the eleventh cause of action for breach of good faith and fair dealing without leave to amend.  The Court sustained the demurrer to the second cause of action for negligent misrepresentation, third cause of action for fraud / intentional misrepresentation, fourth cause of action for conspiracy to commit fraud, fifth cause of action for cancellation of written instrument, tenth cause of action for violation of Business and Professions Code § 17200, and thirteenth cause of action for conversion with 10 days leave to amend.  The Court over ruled the demurrer as the first cause of action for

[1] *See* Plaintiff's First Amended Complaint ("FAC"), which is attached to GMACM's Request for Judicial Notice as **Exhibit 1**.

1

**DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

1    negligence, the eight cause of action for quiet title, ninth cause of action for breach of contract, and

2    twelfth cause of action for TILA violation.[2]

3         GMACM subsequently filed a motion for summary judgment. On October 29, 2009, the

4    Court granted GMACM's motion for summary judgment and entered judgment in favor of GMACM

5    and against Plaintiff on December 3, 2009.[3] After judgment was entered in GMACM's favor,

6    Plaintiff filed a Second Amended Complaint and again named GMACM as a defendant in the

7    present action. The Second Amended Complaint is largely identical to the First Amended

8    Complaint. Both complaints arise from the same transaction and operative facts involving the

9    refinancing of Plaintiff's mortgage, servicing of the subject loan, and the subsequent foreclosure of

10   the subject property.

11        In both complaints, Plaintiff alleges that the broker/defendant, Jason Kishaba, misrepresented

12   the terms of the loan, used loan documents from different signings to complete the loan transaction,

13   and allegedly failed to provide him with copies of the loan documents.[4] Plaintiff alleges that

14   $40,476.92 was missing from the loan proceeds because he was suppose to receive $65,605.36, but

15   only received $25,128.44 of the loan proceeds.[5] Plaintiff alleges that Defendant Fremont Investment

16   and Loan, Inc. ("Fremont") failed to properly credit and apply his payments.[6] Plaintiff alleges that

17   Fremont then sold the loan to GMACM. Plaintiff alleges that when GMACM serviced the loan, it

18   also failed to properly credit and apply his payments to Fremont and GMACM.[7] Plaintiff alleges

19

20

21   [2] *See* June 25, 2008 Minute Order, which is attached to GMACM's Request for Judicial Notice as **Exhibit 2.**

22

23   [3] *See* October 29, 2009 Minute Order; December 3, 2009 Order Granting GMACM's Motion for Summary Judgment; and Judgment by the Court pursuant to CCP § 437c, which are attached to GMACM's Request for Judicial Notice as **Exhibits 3, 4, and 5.**

24

25   [4] *See* FAC, ¶¶ 20-44; *also see* Plaintiff's Second Amended Complaint ("SAC"), ¶¶ 27-51, which is attached to GMACM's Request for Judicial Notice as **Exhibit 6.**

26   [5] *See* FAC, ¶¶ 45-54; *also see* SAC, ¶¶ 52-59; 62-65.

27   [6] *See* FAC, ¶ 56; *also see* SAC, ¶ 66.

28   [7] *See* FAC, ¶¶ 57-62; *also see* SAC, ¶¶ 67-72.

**DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1   that GMACM sent Plaintiff a Notice of Default on October 23, 2007.   Plaintiff alleges that

2   GMACM allegedly accepted $3,500.00 for a forbearance plan, but then rejected the forbearance

3   agreement and returned Plaintiff's payments.  Plaintiff alleges that on February 26, 2008, GMACM

4   sent Plaintiff a Notice of Trustee's Sale.  In an attempt to invalidate the foreclosure proceedings,

5   Plaintiff alleges that "GMAC failed to properly calculate sums due by plaintiff in relation to the

6   foreclosure of the Trust Deed, by failing to properly apply payments plaintiff made to FREMONT

7   and GMAC."[8]  Based on these allegations, Plaintiff now asserts the following causes of action

8   against GMACM in the Second Amended Complaint for:  (1) breach of fiduciary duty, (2)

9   reformation of contract, (3) breach of contract, (4) cancellation of written instrument, (5) wrongful

10  foreclosure, (6) quiet title, (7) violation of Business and Professions Code § 17200, (8) defamation

11  and tortious interference with credit, and (9) accounting.

12          In the present action, there has been a final judgment on the merits.  GMACM demurs to

13  Plaintiff's Second Amended Complaint because it is barred by the doctrine of res judicata and

14  collateral estoppel.

15  **III.    THE COMPLAINT IS BARRED BY RES JUDICATA**

16          A.      **Plaintiff Seeks to Relitigate the Same Causes of Action that This Court**

17                  **Dismissed on Summary Judgment**

18          An action is subject to demurrer if it is barred by the doctrine of res judicata.  (Willson v.

19  Security-First National Bank of Los Angeles (1943) 21 Cal.2d 705, 710; Olwell v. Hopkins (1946)

20  28 Cal.2d 147, 152.)  The doctrine of res judicata has two features.  "[T]he first is claim preclusion,

21  otherwise known as res judicata, which 'prevents relitigation of the same cause of action in a second

22  suit between the same parties or parties in privity with them.'"  (Id., quoting Mycogen Corp. v.

23  Monsanto Co. (2002) 28 Cal.4th 888, 896-97.)  "'The second is issue preclusion, or collateral

24  estoppel, which 'precludes relitigation of issues argued and decided in prior proceedings.'"  (Id.,

25  quoting Mycogen at 896.)  Whether applied as a total bar to further litigation or as collateral

26

27

28  [8] See FAC, ¶¶ 63-67; also see SAC, ¶¶ 73-78.

**DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW