## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE       )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1100, Irvine, California 92614-5979.

On February 10, 2010, I served the document(s) described as **DEFENDANT GMAC MORTGAGE, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☒ **BY MAIL:** as follows:

☒ STATE - I am "readily familiar" with Wolfe & Wyman LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY EXPRESS MAIL** as follows: I caused such envelope to be deposited in the U.S. Mail at Irvine, California. The envelope was mailed with Express Mail postage thereon fully prepaid.

☐ **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ STATE    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 10, 2010, at Irvine, California.

_____
Rebecca Nichols

# SERVICE LIST
## Orange County Superior Court – Case No. 30-2008-104237
### Robert Sweeting v. Jason Kishaba et al.
W&W File No. 1353-089
[Revised: January 25, 2010]

Robert Sweeting, In Pro Per
16077 Crete Lane
Huntington Beach, CA 92649

T: (562) 394-8218
F: (714) 846-8522

Michael Gilligan, Esq.
Jacky P. Wang, Esq.
FIDELITY NATIONAL TITLE INSURANCE
17911 Von Karman Ave # 300
Irvine, CA 92614-6253

Attorneys for Chicago Title Company
T: (949) 622-4343
F: (949) 622-5793
mgilligan@fnf.com

Timothy M. Ryan, Esq.
Ross Scarberry, Esq.
THE RYAN FIRM
1100 N. Tustin Ave., Suite 200
Anaheim, CA 92807

Attorneys for Fremont Investment and Loan, Inc. now known as Fremont Reorganizing Corporation
T: (714) 666-1362
F: (714) 666-1443

Robin Prema Wright, Esq.
WRIGHT, FINLAY & ZAK
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660

Attorneys for TCIF REO GCM California LLC
T: (949) 477-5050
F: (949) 477-9200

Richard D. Simpson, Jr.
WRIGHT, FINLAY & ZAK
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660

Attorneys for Island Source II, LLC
T: (949) 477-5050
F: (949) 477-9200

David Endres, APC
THE ENDRES LAW FIRM
2121 2nd Street, Suite C105
Davis, CA 95616

Attorneys for Island Source II, LLC
(Unlawful Detainer Action)
T: (530) 601-5156

# EXHIBIT "G"

1  DANIEL A. SHAMA (State Bar No. 230420)
   das@severson.com
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Ave., Suite 700
4  Irvine, CA 92612
   Telephone:  (949) 442-7110
5  Facsimile:  (949) 442-7118

6  JOHN B. SULLIVAN (State Bar No. 96742)
   jbs@severson.com
7  REGINA J. MCCLENDON (State Bar No. 184669)
   rjm@severson.com
8  SEVERSON & WERSON
   A Professional Corporation
9  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
10 Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
11
   Attorneys for Defendant
12 GMAC Mortgage, LLC

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 20 2010

ALAN CARLSON, Clerk of the Court

BY: ____I. YU____, DEPUTY

13                  SUPERIOR COURT OF CALIFORNIA

14              COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| 15  ROBERT SWEETING, | Case No.: 30-2008-00104237 |
|                    | Hon. Randell L. Wilkinson |
| 16           Plaintiff, | Dept. C-25 |
| 17       vs. | **GMAC MORTGAGE, LLC'S NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF ROBERT SWEETING'S VERIFIED SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 18  JASON KISHABA, an individual; SANDRA JAQUEZ, an individual; PETER SAUERACKER, an individual; INTERNATIONAL MORTGAGE, INC.; CAITLIN CHEN, an individual; FREMONT INVESTMENT AND LOAN, INC.; GMAC MORTGAGE LLC.; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto; and DOES 1 through 25, inclusive, | |
| 19 | |
| 20 | Date:   September 15, 2010 |
| 21 | Time:   1:30 p.m. |
|    | Dept.:  C-25 |
| 22 | |
| 23 | [Filed concurrently with: Request for Judicial Notice and (Proposed) Order] |
| 24 | |
| 25           Defendants. | Complaint filed:  March 20, 2008 |

19000/0017/836312.1

1

MOTION TO STRIKE

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 15, 2010 at 1:30 p.m. or as soon thereafter as counsel may be heard in department C-25 of the Orange County Superior Court, Central Justice Center, located at 700 Civic Center Drive West, Santa Ana, California, defendant GMAC Mortgage, LLC will and hereby does move this Court for an order striking the Verified Second Amended Complaint ("SAC") of plaintiff Robert Sweeting ("Plaintiff").

Pursuant to Code of Civil Procedure sections 435 and 436, GMAC makes this motion on the grounds that the SAC is barred as a matter of law. In December, 2009, the Court entered Summary Judgment in favor of GMAC. Plaintiff's subsequent SAC was not filed in conformity with the laws of the State as the Court did not allow Plaintiff leave to amend. And, because it was the *second* amended pleading, Plaintiff is not entitled to amend as a matter of right.

The Motion is based on this Notice, the Memorandum of Points and Authorities, the Request for Judicial Notice, on all court records, and on such and other further argument and evidence the Court is willing to entertain at the time of hearing.

DATED: August 20, 2010

SEVERSON & WERSON
A Professional Corporation

By: _____
Daniel A. Shama

Attorneys for Defendant
GMAC Mortgage, LLC

2

MOTION TO STRIKE

## I.

## INTRODUCTION

GMAC prevailed on its Motion for Summary Judgment against Plaintiff Robert Sweeting's first amended complaint. Undaunted by the California Rules of Civil Procedure, as well as this Court's final ruling on the MSJ, Plaintiff filed a *second* amended complaint.

That is not allowed. Indeed, Plaintiff needed to – but did not -- seek leave of court to file his *second* amended pleading. The Court should strike the pleading on that ground alone. As if additional bases were needed, the principles of res judicata and collateral estoppel prevent the re-litigation of claims and issues that this Court has already adjudicated.

The Court should strike Plaintiff's second amended complaint.

## II.

## RELEVANT PROCEDURAL BACKGROUND

On March 20, 2008, Plaintiff filed his verified complaint against GMAC. (Req. for Jud. Notice, Ex. A.) On March 24, 2008, Plaintiff filed his verified first amended complaint against GMAC, alleging causes of action for negligence, misrepresentation, intentional misrepresentation, conspiracy to commit fraud, cancellation of written instrument, temporary restraining order/preliminary and permanent injunctions, breach of fiduciary duty, quiet title, breach of contract, violation of Business & Professions Code section 17200, breach of good faith and fair dealing, violation of Truth In Lending Act and Regulation Z, and conversion. (Req. for Jud. Notice, Ex. B.)

On August 4, 2008, GMAC answered. (Req. for Jud. Notice, Ex. C.) On July 17, 2009, GMAC moved for summary judgment, and on October 29, 2009, the Court granted GMAC's motion for summary judgment. An order entering summary judgment in GMAC's favor was signed on December 3, 2009. (Reqs. for Jud. Notice, Exs. D and E.)

On December 8, 2009, Plaintiff purported to file his verified second amended complaint, notwithstanding the Court's ruling on GMAC's summary judgment motion. (Req. for Jud. Notice, Ex. F.) Plaintiff alleged reformation of contract, cancellation of written instrument, quiet title, B&P section 17200, and defamation/tortious interference with credit against GMAC. (*Id.*)

1

MOTION TO STRIKE

On December 15, 2009, GMAC filed and served Notice of Entry of Judgment in its favor on its Motion for Summary Judgment. (Req. for Jud. Notice, Ex. G.)

Plaintiff appealed the judgment.[1] (Req. for Jud. Notice, Ex. H.)

In the interim, GMAC sought to dispose of the second amended complaint by filing on a demurrer. (Req. for Jud. Notice, Ex. I.) On March 24, 2010, the Court stayed the demurrer pending the outcome of Plaintiff's appeal. (Req. for Jud. Notice, Ex. J.)

On May 20, 2010, the Court of Appeal dismissed plaintiff's appeal and issued a remittitur about 60 days later, sending the case back to this Court. (Req. for Jud. Notice, Ex. K.) GMAC now[2] moves to strike the second amended verified complaint.

## III.

## A MOTION TO STRIKE IS PROPER WHERE A COMPLAINT MAKES IMPROPER ALLEGATIONS NOT IN CONFORMITY WITH THE LAW

A party may file and serve a motion to strike a pleading in whole or in part. (Code Civ. Proc., § 435(b)(1).) On such a motion, a court has discretion to strike out any irrelevant, false or improper matter inserted in a pleading. It may also strike "any part of a pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." (*Id.*, § 436.) The grounds for a motion to strike must appear on the face of the challenged pleading or from any matter of capable of judicial notice. (*Id.*, §437(a),(b).)

## IV.

## PLAINTIFF'S PURPORTED SECOND AMENDED COMPLAINT VIOLATES THE CALIFORNIA RULES OF CIVIL PROCEDURE FOR AMENDED PLEADINGS

After granting GMAC's motion for summary judgment, the Court entered judgment in GMAC's favor pursuant to Code of Civil Procedure section 437c. The Court's order stated "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that GMAC MORTGAGE, LLC's motion for summary judgment is granted. The Court orders that GMAC MORTGAGE, LLC have

---

[1] See Case No. G043281.

[2] Although GMAC initially demurred to the second amended complaint, it now believes a Motion to Strike is the more appropriate vehicle to dispose of Plaintiff's improper pleading.

- 2 -

MOTION TO STRIKE

1  judgment entered in its favor and against Plaintiff ROBERT SWEETING who shall take nothing
2  by way of his Complaint." The Court signed the order on December 3, 2009, and GMAC served
3  Notice of Entry of Judgment twelve days later.

4      Plaintiff disregarded the Order and purported to file his second amended complaint.
5  However, he did so without leave of court. Because Plaintiff had amended once as a matter of
6  right, leave was required. But, Plaintiff neither sought nor obtained such leave. Nor would such
7  leave have been proper, as the Court had already entered judgment against Plaintiff on his claims
8  against GMAC. His second amended verified complaint violates the rules on amended pleadings
9  codified in the California Code of Civil Procedure.

10      A party has a right to amend his pleading once "of course" without leave of court before the
11  defendant's answer or demurrer is filed. (Code Civ. Proc., §472; *Woo v. Sup.Ct.* (1999) 75
12  Cal.App. 4th 169, 175.) Plaintiff availed himself of this right by filing his *first* amended verified
13  complaint. Additional amendments, however, require a noticed motion for leave of court. (Code
14  Civ. Proc., §473(a)(1).) Plaintiff did not file a motion for leave of court. As a result, his second
15  amended complaint violates the California Code of Civil Procedure. GMAC moves to strike his
16  pleading on this ground.

17                                    V.
18  **RES JUDICATA AND COLLATERAL ESTOPPEL BAR THE SECOND AMENDED**
19  **COMPLAINT**

20      Res judicata and collateral estoppel also bar the claims asserted in the second amended
21  complaint. As such, the second amended complaint comprises irrelevant, false and improper
22  matters, and it is not drawn nor filed in conformity with the laws of the state. GMAC moves to
23  strike the second amended complaint on these independent grounds.

24      Res judicata bars "not only the reopening of the original controversy, but also subsequent
25  litigation of all issues which were or could have been raised in the original suit." (*Alpha*
26  *Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Company of*
27  *America* (2005) 133 Cal.App.4th 1319, 138.)
28

Plaintiff cannot reopen the controversy against GMAC. He already litigated the claims for cancellation of written instrument, quiet title, and Business & Professions Code section 17200, alleging those in the first amended complaint. The Court ruled in GMAC's favor with respect to those legal theories. Plaintiff cannot now resurrect those already-adjudicated causes of action. And, Plaintiff could have asserted the issues related to reformation of contract, as well as defamation/tortious interference with credit in the first amended complaint. He chose not to; res judicata forbids him from now doing so in the second amended complaint.

A party is collaterally estopped from relitigating an issue if (1) the issued decided in a prior adjudication is identical with that presented in the action in question, (2) there was a final judgment on the merits, and (3) the party against whom the plea is asserted was a party to or in privity with a party to the prior adjudication. (*Clemmer v. Hartford Insurance Company* (1978) 22 Cal.3d 865, 874.) In evaluating whether a second action or proceeding is barred by issue preclusion or collateral estoppel, the court looks to whether "the decision in the initial proceeding was final and on the merits and the issue sought to be precluded from relitigation is identical to that decided in the first action and was actually and necessarily litigated in that action. (*Alpha Mechanical, Heating & Air Conditioning, Inc. v. Travelers Casualty & Surety Co., supra,* 22 Cal.3d 1319 at 1327.)

Collateral estoppel applies. The Court decided the issues related to Plaintiff's first amended complaint. There was a final judgment on the merits, and the Plaintiff, of course, was (and is) a party to the prior adjudication.

- 4 -

MOTION TO STRIKE

## VI.

## CONCLUSION

For these reasons, GMAC respectfully requests the Court strike Plaintiff's second amended complaint.

DATED: August 20, 2010

SEVERSON & WERSON
A Professional Corporation

By: _____
Daniel A. Shama

Attorneys for Defendant
GMAC Mortgage, LLC

# PROOF OF SERVICE

*Sweeting v. Jason Kishaba, et al*
OCSC Case Number 30-2008-104237

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**GMAC MORTGAGE, LLC'S NOTICE OF MOTION AND MOTION TO STIRKE PLAINTIFF ROBERT SWEETING'S VERIFIED SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES,** on all interested parties in said case addressed as follows:

**SEE SERVICE LIST ATTACHED**

☐ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☒ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY FAX)** By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error. The attached transmission report, which sets forth the date and time for the transmission, was properly issued by the transmitting facsimile machine.

☐ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above document(s) via electronic transmission (e-mail) at _____ a.m./p.m. using e-mail address (____@severson.com) to the e-mail address designated for each party identified above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration is executed in Irvine, California, on August 26, 2010.

*Liz C. Roberts*
Liz C. Roberts

- 6 -

# SERVICE LIST

*Sweeting v. Jason Kishaba, et al*
**OCSC Case Number 30-2008-104237**

| | |
|---|---|
| Robert Sweeting<br>16077 Crete Lane<br>Huntington Beach, CA  92649 | Plaintiff in Pro Per<br><br>Telephone:  (562) 394-8218<br>Facsimile:   (714) 846-8522<br>Email:        powerbrakebob@msn.com |
| Michael J. Gilligan, Esq.<br>Jacky P. Wang, Esq.<br>FIDELITY NATIONAL TITLE INSURANCE<br>17911 Von Karman Avenue, Suite 300<br>Irvine, CA  92614-6253 | Attorneys for Defendant<br>CHICAGO TITLE COMPANY<br><br>Telephone:  (949) 622-4343<br>Facsimile:   (949) 622-5793<br>Email:        mgilligan@fnf.com |
| Richard D. Simpson, Jr.<br>WRIGHT, FINLAY & ZAK<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA  92660 | Attorneys for<br>ISLAND SOURCE II, LLC<br><br>Telephone:  (949) 477-5050 x1006<br>Facsimile:   (949) 477-9200<br>Email:        rsimpson@wrightlegal.net |
| David Endres, APC<br>THE ENDRES LAW FIRM<br>2121 Second St., Suite C105<br>Davis, CA  95616 | Attorneys for<br>ISLAND SOURCE II, LLC (Unlawful Detainer Action)<br><br>Telephone:  (530) 750-3700<br>Facsimile:<br>Email: |
| Timothy M. Ryan, Esq.<br>Mark S. Faulkner, Esq.<br>THE RYAN FIRM, APC<br>1100 N. Tustin Avenue, Suite 200<br>Anaheim, CA. 92807 | Attorneys for SIGNATURE GROUP HOLDINGS, INC., successor in interest to Fremont Reorganizing Corporation<br><br>Telephone:  (714) 666-1362<br>Facsimile:   (714) 666-1443<br>Email: |

- 7 -

# EXHIBIT "H"

```
                                              FILED
                                       SUPERIOR COURT OF CALIFORNIA
                                            COUNTY OF ORANGE
                                          CENTRAL JUSTICE CENTER

                                              SEP 15 2010

                                       ALAN CARLSON, Clerk of the Court
                                              K Palacios
                                            BY K PALACIOS
```

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ROBERT SWEETING,<br><br>　　Plaintiff,<br><br>vs.<br><br>JASON KISHABA, an individual; SANDRA JAQUEZ, an individual; PETER SAUERACKER, an individual; INTERNATIONAL MORTGAGE, INC.; CAITLIN CHEN, an individual; FREMONT INVESTMENT AND LOAN, INC.; GMAC MORTGAGE LLC.; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto; and DOES 1 through 25, inclusive,<br><br>　　Defendants. | Case No.: 30-2008-00104237<br>Hon. Randell L. Wilkinson<br>Dept. C-25<br><br>[~~PROPOSED~~] ORDER GRANTING GMAC MORTGAGE, LLC'S MOTION TO STRIKE PLAINTIFF ROBERT SWEETING'S VERIFIED SECOND AMENDED COMPLAINT<br><br>Date:　September 15, 2010<br>Time:　1:30 p.m.<br>Dept.:　C-25<br><br>[Filed concurrently with: Notice of Motion and Motion to Strike and Request for Judicial Notice]<br><br>Complaint filed: March 20, 2008 |

19000/0017/836661.1                           [PROPOSED] ORDER GRANTING GMAC'S MOTION TO STRIKE

1 |     Defendant GMAC Mortgage, LLC's Motion to Strike Plaintiff Robert Sweeting's Verified

2 | Second Amended Complaint came on for hearing in Department C-25 of the above-entitled Court

3 | on September 15, 2010. Having reviewed and considered the written submissions of the parties,

4 | the opposition to the Motion to Strike by Plaintiff, the arguments of counsel at the hearing, and

5 | good cause appearing,

6 | **IT IS HEREBY ORDERED THAT:**

7 |     GMAC Mortgage, LLC's Motion to Strike Plaintiff Robert Sweeting's Verified Second

8 | Amended Complaint is granted without leave to amend.

10 | **IT IS SO ORDERED.**

12 | Dated: 9-15-10

13 | ~~Hon. Randell L. Wilkinson~~
~~Judge of the Superior Court~~
STEVEN SIEFERT

14 | **TEMPORARY JUDGE**

18 | Submitted by:

20 | DANIEL A. SHAMA (State Bar No. 230420)
das@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
GMAC Mortgage, LLC

---

19000/0017/836661.1    [PROPOSED] ORDER GRANTING GMAC'S MOTION TO STRIKE