# PROOF OF SERVICE

*Sweeting v. Jason Kishaba, et al*
**OCSC Case Number 30-2008-104237**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**[PROPOSED] ORDER GRANTING GMAC MORTGAGE, LLC'S MOTION TO STRIKE PLAINTIFF ROBERT SWEETING'S VERIFIED SECOND AMENDED COMPLAINT**, on all interested parties in said case addressed as follows:

**SEE SERVICE LIST ATTACHED**

☐ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY FAX)** By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error. The attached transmission report, which sets forth the date and time for the transmission, was properly issued by the transmitting facsimile machine.

☐ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above document(s) via electronic transmission (e-mail) at _____ a.m./p.m. using e-mail address (____@severson.com) to the e-mail address designated for each party identified above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration is executed in Irvine, California, on August __, 2010.

_____
Liz C. Roberts

# SERVICE LIST

*Sweeting v. Jason Kishaba, et al*
**OCSC Case Number 30-2008-104237**

| | |
|---|---|
| Robert Sweeting<br>16077 Crete Lane<br>Huntington Beach, CA  92649 | Plaintiff in Pro Per<br><br>Telephone:  (562) 394-8218<br>Facsimile:   (714) 846-8522<br>Email:         powerbrakebob@msn.com |
| Michael J. Gilligan, Esq.<br>Jacky P. Wang, Esq.<br>FIDELITY NATIONAL TITLE INSURANCE<br>17911 Von Karman Avenue, Suite 300<br>Irvine, CA  92614-6253 | Attorneys for Defendant<br>CHICAGO TITLE COMPANY<br><br>Telephone:  (949) 622-4343<br>Facsimile:   (949) 622-5793<br>Email:         mgilligan@fnf.com |
| Richard D. Simpson, Jr.<br>WRIGHT, FINLAY & ZAK<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA  92660 | Attorneys for<br>ISLAND SOURCE II, LLC<br><br>Telephone:  (949) 477-5050 x1006<br>Facsimile:   (949) 477-9200<br>Email:         rsimpson@wrightlegal.net |
| David Endres, APC<br>THE ENDRES LAW FIRM<br>2121 Second St., Suite C105<br>Davis, CA  95616 | Attorneys for<br>ISLAND SOURCE II, LLC (Unlawful Detainer Action)<br><br>Telephone:  (530) 750-3700<br>Facsimile:<br>Email: |
| Timothy M. Ryan, Esq.<br>Mark S. Faulkner, Esq.<br>THE RYAN FIRM, APC<br>1100 N. Tustin Avenue, Suite 200<br>Anaheim, CA  92807 | Attorneys for SIGNATURE GROUP HOLDINGS, INC., successor in interest to Fremont Reorganizing Corporation<br><br>Telephone:  (714) 666-1362<br>Facsimile:   (714) 666-1443<br>Email: |

- 4 -

19000/0017/836661.1                    [PROPOSED] ORDER GRANTING GMAC'S MOTION TO STRIKE

# EXHIBIT "I"

```
FEES WAIVED $ 355 — GOV CODE 68511.3
```

Robert Sweeting, Pro Per
16077 Crete Lane
Huntington Beach, Ca. 92649
Ph. 562-394-8218
Fax 714-846-8522

Plaintiff Robert Sweeting

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 21 2010

ALAN CARLSON, Clerk of the Court
BY J. TRAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

30-2010

| ROBERT SWEETING, | CASE No.: 00410079 |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. FOR DEFAMATION/TORTIOUS INTERFERENCE WITH CREDIT |
| GMAC MORTGAGE LLC., DOES 1 through 25, inclusive, | 2. ACCOUNTING |
|  | 3. DECLARATORY AND INJUNCTIVE RELIEF |
| Defendants. | JUDGE RANDELL L. WILKINSON DEPT. C25 |

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, Robert Bruce Sweeting, is a competent adult and a resident of Huntington Beach, County of Orange, State of California.

2. Defendant, GMAC MORTGAGE LLC, (hereinafter alternatively "Defendant/GMAC") is a business entity, form unknown, conducting business within the County of Orange, State of California.

3. Plaintiff is ignorant of the true names and capacity of defendants sued in this complaint as DOES 1 through 25, inclusive, and therefore sues these defendants by these fictitious names. Plaintiff will amend this complaint once the true names and capacities are ascertained. The Plaintiff is informed, believes, and' thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein

COMPLAINT                                                                                     Page 1

1      alleged, and that the plaintiff's damages as herein alleged were proximately caused by
2      their conduct. Plaintiff is informed, believes, and thereon alleges that each of these
3      fictitiously named defendants claim some right, title, estate, lien or interest in the
4      hereinafter-described property adverse to plaintiff's title, and their claims, and each of
5      them, constitute a cloud on plaintiff's title to that property.
6   4.   At all times relevant hereto, the defendants GMAC MORTGAGE LLC and Does 1 to 25
7      acting alone or as agents, or as employees, affiliates, or "nominees", or in concert with
8      one another or other defendants.
9   5.   Plaintiff was the legal owner of the real property that is the subject matter of this
10     litigation is plaintiff's home of over twenty-two (22) years and is located at 16077 Crete
11     Lane, Huntington Beach, California 92649 and legally described as follows:
12     PARCEL 1
13     LOT 30 OF TRACT NO. 9924, IN THE CITY OF HUNTINGTON BEACH, COUNTY
14     OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 431
15     PAGES 22 AND 23 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE
16     COUNTY RECORDER OF SAID COUNTY.
17     PARCEL 2
18     AN EASEMENT FOR USE AND ENJOYMENT OF THE COMMON AREA, BEING
19     LOT 46 OF SAID TRACT NO. 9924, REFERRED TO IN PARCEL 1 ABOVE, AS SET
20     FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND
21     RESTRICTIONS RECORDED IN BOOK 12914 PAGE 929, ET SEQ., OF OFFICIAL
22     RECORDS OF ORANGE COUNTY,' CALIFORNIA.
23     APN# 178-741-30
24     (hereinafter "SUBJECT PROPERTY").
25   6.   In the second half of 2006, International Mortgage and International Escrow arranged a
26     loan with Fremont Investment and Loan. The loan closed on December 20, 2006.
27     International Mortgage and International Escrow had lost their license. The interest on
28

COMPLAINT                                                     Page 2

1     the loan was over 10% and, because International was unlicensed, the interest should be

2     sticken from the Note. The loan was in the amount of approximately $750,000.

3  7.    The property was foreclosed on by GMAC while related case 30-2008-104237 was

4     temporarily dismissed due to abandonment of Plaintiff by his attorney.

FIRST CAUSE OF ACTION
DEFAMATION AND TORTIOUS INTERFERENCE WITH CREDIT
AS AGAINST GMAC, Does 1 to 25

8. Plaintiff repeats and realleges the allegations of paragraphs 1 through 7, above, as though fully set forth herein at length.

9. Within the past two years, Defendant GMAC has published false ports through various credit reporting agencies that he owes over $16 million as a result of the present foreclosure action.

10. Said publications are false.

11. On or about June 14 2009, Plaintiff spoke with GMAC's counsel, Samantha Lamm of Wolfe and Wyman, LLP., and requested that the false credit report be removed. Counsel agreed to have GMAC remove the false credit report. GMAC has failed to comply.

12. Said publications have damaged Plaintiff's business in that he is unable to lease property to store his business and trade tools, inventory and perform automotive and brake repair services. Further, he is unable to get a loan to purchase inventory. Plaintiff's business has been damaged in an amount subject to proof. Plaintiff's business assets and possessions were lost to storage during this time.

13. Said publications were published with malice within the meaning of Civil Code § 3294.

COMPLAINT                                                    Page 3

**SECOND CAUSE OF ACTION**
**FOR AN ACCOUNTING**
(As Against All Defendants)

14. Plaintiff repeats and realleges Paragraphs 1 through 13 as though fully set forth herein at length.

15. Plaintiff requests a complete accounting for all transactions related to the subject Note secured by Deed of Trust, including, without limitation, all disbursements, payments, fees, points, additions to principal, penalties, interest, etc.

**THIRD CAUSE OF ACTION**
**FOR INJUNCTIVE RELIEF**
(As Against All Defendants)

16. Plaintiff incorporates paragraphs 1 through 15 as though fully set forth herein at length.

17. There presently exists a dispute between the parties as to the lawfulness of said credit reports.

18. Plaintiff requests the Court declare that Defendants' credit reports are false and unlawful and that the Court issue an injunction as against Defendants, and each of them, directing that they shall remove said credit report.

WHEREFORE, plaintiff prays for, judgment as against Defendants, and each of them, as follows:

ON THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

1. ON THE FIRST CAUSE OF ACTION DEFAMATION AND TORTIOUS INTERFERENCE WITH CREDIT

2. For general damages according to proof;

3. For special and consequential damages according to proof;

4. For punitive and exemplary damages in an amount appropriate to punish Defendants and deter others from engaging in similar conduct;

ON THE SECOND CAUSE OF ACTION FOR ACCOUNTING

5. For a complete accounting for all transactions related to the subject Note secured by Deed of Trust, including, without limitation, all disbursements, payments, fees, points, additions to principal, penalties, interest, etc.

ON THE THIRD CAUSE OF ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

6. For a declaration that Defendants' credit reports are unlawful and issue an injunction as against Defendants, and each of them, directing that they shall remove said credit report.

ON ALL CAUSES OF ACTION:

7. For costs of suit incurred herein; and

8. For such other and further relief as the court deems just and proper.

Respectfully submitted,

*Robert Sweeting*

Robert Sweeting

[C:\Users\POWERBRAKEBOB\Documents\Complaint.wpdGMAC DEFAMATION.wpd]

# EXHIBIT "J"

1  DANIEL A. SHAMA (State Bar No. 230420)
   SEVERSON & WERSON
2  A Professional Corporation
   The Atrium
3  19100 Von Karman Ave., Suite 700
   Irvine, CA 92612
4  Telephone: (949) 442-7110
   Facsimile: (949) 442-7118
5
   REGINA J. MCCLENDON (State Bar No. 54367)
6  SEVERSON & WERSON
   A Professional Corporation
7  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
8  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
9
   Attorneys for Defendant
10 GMAC MORTGAGE, LLC

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 07 2011

ALAN CARLSON, Clerk of the Court

BY B. LEA, DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ROBERT SWEETING,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE LLC., DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 30-2010-00410079<br>Hon. Thierry Colaw<br>Dept. C-25<br><br>**GMAC MORTGAGE, LLC'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT OF PLAINTIFF ROBERT SWEETING**<br><br>Date: March 11, 2011<br>Time: 10:00 a.m.<br>Dept.: C-25<br><br>[Filed Concurrently With Request For Judicial Notice]<br><br>Complaint Filed: September 21, 2010 |

19000/0000/886244.1                                    NOTICE OF DEMURRER AND DEMURRER

1      PLEASE TAKE NOTICE that on March 11, 2011 at 10:00 a.m. or as soon thereafter as counsel may be heard in Department C-25 of the Orange County Superior Court, Central District, located at 700 West Civic Center Drive, Santa Ana, California, a hearing will be held on the demurrer of Defendant GMAC Mortgage, LLC to the complaint of *pro per* Plaintiff Robert Sweeting.

    The demurrer is made under Code of Civil Procedure section 430.10(e) on the ground that the complaint does not state facts sufficient to constitute a cause of action.

    The demurrer is based on this notice, the demurrer, the memorandum of points and authorities, the complaint, the request for judicial notice, and all other papers on file in this action, as well as on any argument the Court entertains at the time of hearing.

DATED: February 7, 2011

SEVERSON & WERSON
A Professional Corporation

By: _____
DANIEL A. SHAMA

Attorneys for Defendant
GMAC Mortgage, LLC

19000/0000/886244.1

NOTICE OF DEMURRER AND DEMURRER

1

## DEMURRER

Defendant GMAC Mortgage, LLC demurs to the complaint on the following grounds:

1. The first cause of action for defamation/tortious interference with credit fails to state facts sufficient to constitute a cause of action because the doctrine of res judicata bars not only matters that were actually litigated but also those matters that could have been litigated. Plaintiff could have raised this claim against GMAC in the prior litigation, but he did not. GMAC prevailed in a final judgment on the merits. Plaintiff is now barred from suing for this claim. The first cause of action fails for the independent reason that the Fair Credit Reporting Act preempts Plaintiff's state law claim regulating a furnisher's liability in connection with its report to a credit reporting agency. Additionally, the first cause of action fails because FCRA creates no private right of action. Plaintiff therefore lacks standing to sue GMAC.

2. The second cause of action for accounting fails to state facts sufficient to constitute a cause of action because the doctrine of res judicata bars not only matters that were actually litigated but also those matters that could have been litigated. Plaintiff could have raised this claim against GMAC in the prior litigation, but he did not. GMAC prevailed in a final judgment on the merits. Plaintiff is now barred from suing for this claim. The second cause of action fails for the independent reason that the Fair Credit Reporting Act preempts Plaintiff's state law claim regulating a furnisher's liability in connection with its report to a credit reporting agency. Additionally, the second cause of action fails because FCRA creates no private right of action. Plaintiff therefore lacks standing to sue GMAC.

3. The third cause of action for declaratory and injunctive relief fails to state facts sufficient to constitute a cause of action because the doctrine of res judicata bars not only matters that were actually litigated but also those matters that could have been litigated. Plaintiff could have raised this claim against GMAC in the prior litigation, but he did not. GMAC prevailed in a final judgment on the merits. Plaintiff is now barred from suing for this claim. The third cause of action fails for the independent reason that the Fair Credit Reporting Act preempts Plaintiff's state law claim regulating a furnisher's liability in connection with its report to a credit reporting

-2-

19000/0000/886244.1    NOTICE OF DEMURRER AND DEMURRER

agency. Additionally, the third cause of action fails because FCRA creates no private right of action. Plaintiff therefore lacks standing to sue GMAC.

DATED: February 2, 2011

SEVERSON & WERSON
A Professional Corporation

By: [signature]
DANIEL A. SHAMA

Attorneys for Defendant
GMAC MORTGAGE, LLC

-3-

19000/0000/886244.1

NOTICE OF DEMURRER AND DEMURRER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

*Pro per* plaintiff Robert Sweeting, is no stranger to litigation. In fact, about fourteen months ago, he sued GMAC for supposed deficiencies with respect to the loan on his home. After several years of litigation, GMAC prevailed on the merits, first winning summary judgment and later striking Plaintiff's second amended complaint, filed without leave and after judgment was entered.

Unfortunately, history has seemingly repeated itself with the filing of this complaint. Indeed, in an overt attempt to delay the inevitable, Plaintiff sues GMAC again and again raises claims which could have been asserted in the prior litigation in GMAC. He cannot: The doctrine of res judicata, encompassing such potential claims, prevents Plaintiff from now litigating them. Further, the Fair Credit Reporting Act explicitly preempts Plaintiff's common-law claims and divests him of standing to sue.

On these bases, GMAC's demurrer should be sustained without leave to amend.

## II.

## STATEMENT OF FACTS

When any grounds for objection to a complaint appears on the face thereof, the objection on that ground may be taken by a demurrer. (Code of Civ. Proc., §430.30.) Grounds for objection by demurrer include that the pleading does not set forth sufficient facts to constitute a cause of action. (*Id.*, §430.10(e).)

A demurrer can be used only to challenge defects that appear on the face of the pleading under attack or from matters outside the pleading that are judicially noticeable. (Code of Civ. Proc., § 430.30(a); *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

On demurrer, a complaint's factual allegations are deemed true, but not its contentions, deductions, nor conclusions. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 (A court "treats the demurrer as admitting all material facts properly pleaded. ... The court does not, however, assume the truth of contentions, deductions or conclusions of law.").) Also, the court

may consider matters that can be judicially noticed. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 291.) Consistent with such rules, and without conceding for any other purpose the truth of Plaintiff's allegations, GMAC sets forth the facts pertinent to this demurrer.

Plaintiff sued GMAC in *Robert Sweeting v. Jason Kishaba, et al.*, Orange County Superior Court Case No. 30-2008-104237 for a variety of claims, including negligence, misrepresentation, fraud, conspiracy to commit fraud, cancellation of written instrument, temporary restraining order, breach of fiduciary duty, quiet title, breach of contract, violation of Business & Professions Code section 17200, breach of good faith and fair dealing, TILA, and conversion. (Req. Jud. Not., Ex. B.) Plaintiff claimed defects with respect to his loan for real property. (*Id.*)

GMAC prevailed on its Motion for Summary Judgment on these claims. Plaintiff responded by purporting to file his second amended complaint.[1] (Req. Jud. Not., Ex. C.) Because GMAC had prevailed and because Plaintiff filed without leave of Court, GMAC successfully moved to strike that pleading. (Req. Jud. Not., Ex. D.) The case concluded, it seemed, as to GMAC.

Undaunted, five months later, Plaintiff now files his "new" complaint to assert claims against GMAC. First, under a theory of defamation/tortious interference, he asserts that GMAC "published false reports through various credit reporting agencies that he owes over $16 million as a result of the present foreclosure action..." (Compl., ¶9) These supposed representations were false and damaged Plaintiff's business. (*Id.*, ¶12.) Second, Plaintiff requested an accounting for all transactions related to his loan, and third, an injunction. (*Id.*, ¶14-18.)

---

[1] Notably, the allegations of the stricken second complaint are very similar to those raised in this case. There, as here, Plaintiff asserts that GMAC "published false reports through various credit reporting agencies that he owes over $16 million as a result of the present foreclosure action..." (Req. Jud. Not., Ex. C., ¶178) There, as here, the supposed representations were false and damaged Plaintiff's business. (*Id.*, ¶182.) There, as here, Plaintiff also requested an accounting for all transactions related to his loan. (*Id.*, ¶184.)

-2-

19000/0000/886244.1                                    NOTICE OF DEMURRER AND DEMURRER