00/00/0000    08:57    FIRST LEGAL SUPPORT    714 541 8182

## III.

## THE DOCTRINE OF RES JUDICATA BARS PLAINTIFF'S LATEST
## COMPLAINT AS THE ASSERTED CLAIMS "COULD HAVE BEEN LITIGATED"
## AGAINST GMAC IN THE PRIOR MATTER.

The doctrine of res judicata precludes Plaintiff from now asserting new causes of action against GMAC which he could have, but did not, assert in the original suit. Consequently, GMAC's demurrer should to each of Plaintiff's three claims should be sustained without leave to amend.

Res judicata, or "claim preclusion," describes the preclusive effect of a final judgment on the merits. It prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. The doctrine prevents such parties or their privies from retrying "a cause of action that has been finally determined by a court of competent jurisdiction." (*Bernhard v. Bank of America* (1942) 19 Cal.2d 807, *810*; see *Martin v. Martin* (1970) 2 Cal.3d 752, 758.) Under the doctrine of res judicata, if a plaintiff prevails in an action, the cause is merged into the judgment and may not be asserted in a subsequent lawsuit. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888.) The purpose of res judicata is to preclude piecemeal litigation by splitting a single cause of action[2] or relitigation of the same cause of action on a different legal theory. (*Id.* at 897.)

Res judicata applies to bar a claim if (1) the judgment in the prior proceeding is final and on the merits, (2) the present proceeding is on the same cause of action as the prior proceeding, and (3) the parties in the present proceeding or parties in privity with them were parties in the prior proceeding. (*Boeken v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 1391; *Zevnik v. Sup.Ct.* (2008) 159 Cal.App.4th 76, 70.) Res judicata bars not only matters that were actually

---

[2] A cause of action is an "obligation sought to be enforced." (*Panos v. Great Western Packing Co.* (1943) 21 Ca.2d 636, 638.) "For purposes of res judicata, California applies the primary right theory to define cause of action as (1) a primary right possessed by the plaintiff, (2) a corresponding duty imposed on the defendant, and (3) a wrong done by the defendant which is a breach of such primary right and duty. Thus, a single cause of action is based on the harm suffered, rather than on the particular legal theory asserted or relief sought by the plaintiff." (*Balasubramanian v. San Diego Community College Dist.* (2000) 80 Cal.App.4th 977, 991.)

-3-

1  litigated but also those matters that could have been litigated. (*Busick v. Workmen's Comp.*

2  *Appeals Bd.* (1972) 7 Cal.3d 967, 972.) The doctrine "rests upon the ground that the party to be

3  affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate

4  the same matter in a former action in a court of competent jurisdiction, and should not be

5  permitted to litigate it again to the harassment and vexation of his opponent. Public policy and

6  the interest of litigants alike require that there be an end to litigation."[3] (*Panos v. Great Western*

7  *Packing Co.* (1943) 21 Cal.2d 636, 637.) The doctrine of res judicata gives certain conclusive

8  effect to a former judgment in subsequent litigation involving the same controversy." (4 Witkin,

9  Cal. Procedure (2d ed. 1971) Judgment, § 147, p. 3292.)

10  In the original suit, Plaintiff asserted roughly a dozen claims against GMAC for supposed

11  improprieties with respect to the loan on his home. (Req. Jud. Not., Ex. B.) Moreover, Plaintiff

12  could have, but did not, sue for defamation/tortious credit interference, account, and declaratory

13  relief. (*Id.*) Indeed, after filing the original complaint, Plaintiff liberally took advantage of the

14  ability to amend, filing at least three different iterations of his complaint in litigation which began

15  in March, 2008, and continued several years as against GMAC. None of the amended complaints

16  (as against GMAC) included these "new" claims – though Plaintiff could have, of course,

17  asserted them. Now is too late.

18  Because GMAC prevailed – first on its Motion for Summary Judgment and again on its

19  Motion to Strike the Verified Second Amended Complaint – these causes are "merged" into the

20  judgment and may not be asserted here. (Req. Jud. Notice, Ex. D.) Res judicata prevents him

21  from now doing so. GMAC's demurrer should therefore be sustained without leave.

---

25  [3] "Under such circumstances, in view of the rule and policy of the law which forbids a party to split his claim, the judgment is deemed to adjudicate, for purposes of the second action,
26  not only every matter which was, but also every matter which might have been urged in support of the cause of action or claim in litigation. Where the cause of action in the second action is the
27  same as that in the first action, a final judgment in the latter upon the merits is a complete bar to the maintenance of the second action." 2 Freeman on Judgments, p. 1425, sec. 676; Rest. of the
28  Law of Judgments, section 63, comment a.

-4-

NOTICE OF DEMURRER AND DEMURRER

[9000/0000/886244.1]

00/00/0000       08:37       FIRST LEGAL SUPPORT       714 541 8182

## IV.

## THE FAIR CREDIT REPORTING ACT PREEMPTS PLAINTIFF'S COMMON-LAW CLAIMS BASED ON IMPROPER REPORTING AND DIVESTS PLAINTIFF OF STANDING TO SUE GMAC

Plaintiff's claims fail for a second reason, preemption by the Fair Credit Reporting Act. The Act, additionally, divests Plaintiff of standing to sue. GMAC's demurrer should be sustained on this ground.

Suing for "defamation and tortuous interference with credit," Plaintiff contends GMAC published inaccurate reports "through various credit reporting agencies" that he owes over $16 million. (Compl., ¶ 16.) These reports, purportedly, have damaged Plaintiff's business. (Id., ¶ 12.) Plaintiff depends, in part, on these assertions for his accounting and declaratory relief claims. (Id., ¶¶ 14-18.) Regardless of legal theory, FCRA preempts Plaintiff's common-law claims.

### A. The Fair Credit Reporting Act Preempts Plaintiff's Common-Law Claims.

The Federal Fair Credit Reporting Act is a comprehensive enactment by Congress designed to govern the responsibilities of and relationships between consumers, furnishers and consumer reporting agencies. (15 U.S.C. §1681 et seq.) FCRA articulates two sets of duties upon furnishers of information to consumer reporting agencies. The first set of duties generally requires a furnisher to report accurately to the consumer reporting agencies. (15 U.S.C. §1681(s)(2)(a).) The second set of duties pertains to a furnisher's responsibility when it is informed of a consumer dispute by a credit reporting agency. (15 U.S.C. §1681(s)(2)(b).) Here, GMAC is arguably subject to the first set of duties only.

FCRA preempts all state laws[4] that regulate furnishers of information in connection with their reports to a credit reporting agency:

---

[4] This preemption applies to all common law claims, including defamation, even where a furnisher acts with malice. (Jaramillo v. Experian Information Solutions, Inc. (E.D.Pa. 2001) 155 F.Supp.2d 356, 361; Sana v. Saltz (2009) 170 Cal.App.4th 746, 773-774.)

19000/0000/886244.1    NOTICE OF DEMURRER AND DEMURRER

"Except as provided in subsections (b) and (c), this title does not annul, alter, affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency." (15 U.S.C. §1681(t)(emphasis added).)

   (b) *General exceptions. No requirement or prohibition may be imposed under the law of any State*
     (1) with respect to any subject matter regulated under
      (F) section 632 (1681s-2), relating to the *responsibilities of persons who furnish information to consumer reporting agencies,*
      except that this paragraph shall not apply
      (ii) with respect to section 1785.25(a) of the California Civil Code.

Under FCRA, Plaintiff cannot plead state law as it is expressly preempted with respect to the responsibilities of persons, like GMAC, who furnish information to consumer reporting agencies. (15 U.S.C. §1681(t)(b)(1)(F).) Indeed, FCRA provides that there may be no requirement or prohibition under state law "relating to the responsibilities of persons who furnish information ton consumer reporting agencies." (*Id.*)

Instead, Plaintiff must sue GMAC under FCRA. He cannot.

## B. FCRA Creates No Private Right of Action for Plaintiff.

As an individual, Plaintiff lacks standing to sue GMAC for its report to the credit reporting agency. With regard to enforcement of supposed violations of 15 U.S.C. §1681(s)(2), no private right of action lies as only the Federal Trade Commission and certain other governmental agencies have standing to bring an action:

"Compliance with the requirements imposed under this title shall be enforced...by the Federal Trade Commission with respect to consumer reporting agencies and all other persons subject thereto, except to the extent that enforcement of the requirements imposed under this title is specifically committed to some other government agency under subsection (b)[5] hereof."
(15 U.S.C. §1681(s)(a)(1).)

---

[5] This subsection provides that certain other agencies, such as the Office of the Comptroller of Currency, member banks of the Federal Reserve System, Director of the Office of Thrift Supervision, and Administrator of the National Credit Union Administration, have standing to sue to enforce violations. (15 U.S.C. §1681(b)(1).)

19000/0000/886244.1                                   NOTICE OF DEMURRER AND DEMURRER

00/00/0000        08:37        FIRST LEGAL SUPPORT        714 541 8182

The Court of Appeals for the Ninth Circuit explained why there is no private right of action:

> It can be inferred from the structure of the statute that Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies.

(*Nelson v. Chase Manhattan Mortgage Corp.* (9th Cir. 2002) 282 F.3d 1057, 1060.)

Moreover, the provision serves as a "filtering mechanism"[6]:

> liability on a furnisher is limited in that an individual consumer cannot state a FCRA claim against a furnisher unless the furnisher receives notice of the disputed information *from the CRA* and fails to comply with its duties. [Emphasis in Original.]

(*Johnson v. Wells Fargo Home Mortgage* (D. Nev. 2008) 2008 WL 2074001, *5.)

Plaintiff cannot assert *any* private cause of action against GMAC for furnishing its report to a credit reporting agency. GMAC's demurrer should be sustained without leave to amend.

## V.

## CONCLUSION

For the reasons, GMAC respectfully requests that the Court sustain its demurrer without leave to amend.

DATED: February 2, 2011

SEVERSON & WERSON
A Professional Corporation

By: _____
    DANIEL A. SHAMA

Attorneys for Defendant
GMAC MORTGAGE, LLC

---

[6] This filtering mechanism (the denial of a private right of action to enforce furnisher reporting) is strengthened by the FCRA preemption of 15 U.S.C. § 1681(t)(b).

19000/0000/886244.1                                    NOTICE OF DEMURRER AND DEMURRER

00/00/0000   08:37   GMAC LEGAL SUPPORT   714 541 8182

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**GMAC MORTGAGE. LLC'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT OF PLAINTIFF,** on all interested parties in said case addressed as follows:

ROBERT SWEETING                          Plaintiff, In Pro Per
16077 Crete Lane
Huntington Beach, CA  92649              Telephone:   (562) 394-8218
                                         Facsimile:   (714) 846-8522

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY FAX)** By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error. The attached transmission report, which sets forth the date and time for the transmission, was properly issued by the transmitting facsimile machine.

☐ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above document(s) via electronic transmission (e-mail) at _____ a.m./p.m. using e-mail address (____@severson.com) to the e-mail address designated for each party identified above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration is executed in Irvine, California, on February 7, 2011.

_Liz C. Roberts_
Liz C. Roberts

19000/0000/686244.1                                          Proof of Service

# EXHIBIT "K"

## SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 03/11/2011                 TIME: 10:00:00 AM     DEPT: C25

TEMPORARY JUDGE: Steven Siefert
CLERK:  P. Rief
REPORTER/ERM: Edward V. Serrano-7469 CSR# 7469
BAILIFF/COURT ATTENDANT: Servando Garcia, Jr

CASE NO: **30-2010-00410079-CU-DF-CJC**  CASE INIT.DATE: 09/21/2010
CASE TITLE: **Sweeting vs. GMAC Mortgage LLC**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Defamation

---

EVENT ID/DOCUMENT ID: 71166616,85691039

**EVENT TYPE:** Demurrer to Complaint
MOVING PARTY: GMAC Mortgage LLC
CAUSAL DOCUMENT/DATE FILED: Demurrer to Complaint, 02/07/2011

---

**APPEARANCES**
Robert Sweeting, self represented Plaintiff, present.
Daniel A. Shama, Esq., from SEVERSON & WERSON, present for Defendant(s).

---

DEMURRER OF DEFENDANT GMAC MORTGAGE LLP TO COMPLAINT OF PLAINTIFF ROBERT
SWEETING

Stipulation for Temporary Judge signed and filed.

Parties are given the Court's Tentative Ruling.

The Tentative Ruling is as follows: Defendant GMAC Mortgage's demurrer to plaintiff Sweeting's new
complaint is SUSTAINED, without leave to amend, because any such claims are barred under the
doctrine of res judicata based on the final judgment in favor of moving party in *Sweeting v. Kishaba, et
al.*, O.C.S.C. 30-2008-00104237. Res judicata bars not only matters that were actually litigated but
matters that could have been litigated. See, *Zevnik v. Superior Court* 2008) 159 Cal.App.4th 76, 82. In
addition, a party may not split his causes of action that arise from the same subject matter. See, *Wulfjen
v. Dolton* (1944) 24 Cal.2d 891, 894 to 895. The purported defamation and related claims in the present
action arises from the same subject matter as plaintiff Sweeting's earlier action of *Sweeting v. Kishaba*,
et al., O.C.S.C. 30-2008-00104237. Moving party to give notice.
Defendant GMAC Mortgage's Request for Judicial Notice: Defendant GMAC Mortgage requested that
the court take judicial notice of the following documents: Exhibit A, Plaintiff Sweeting's Verified
Complaint in *Sweeting v. Kishaba, et al.*, O.C.S.C. 30-2008-00104237, Exhibit B, Plaintiff Sweeting's
Verified First Amended Complaint in *Sweeting v. Kishaba, et al.*, O.C.S.C. 30-2008-00104237, Exhibit C,
Plaintiff Sweeting's Verified Second Amended Complaint in *Sweeting v. Kishaba, et al.*, O.C.S.C.
30-2008-00104237, and Exhibit D, Court's Order Granting Defendant GMAC Mortgage's Motion to Strike
Plaintiff's Verified Second Amended Complaint. Defendant GMAC Mortgage's request that court take
judicial notice of Exhibits A, B, C and D is GRANTED, but as to Exhibits A, B and C, such notice is

---

DATE: 03/11/2011                 MINUTE ORDER                           Page 1
DEPT: C25                                                           Calendar No.

CASE TITLE: Sweeting vs. GMAC Mortgage LLC          CASE NO: **30-2010-00410079-CU-DF-CJC**

limited to the filing of these complaints and not as to the claims and contentions set forth therein. See, *Day v. Sharp* (1975) 50 Cal.App.3d 904, 914.

The Court hears oral argument. The Tentative Ruling will be the ruling of the Court as indicated on the record.

The Demurrer to Complaint is sustained without leave to amend.

Court orders moving party to give notice.

00/00/0000        08:37        FIRST LEGAL SUPPORT              714 541 8182

1 | DANIEL A. SHAMA (State Bar No. 230420)
das@severson.com
2 | SEVERSON & WERSON
A Professional Corporation
3 | The Atrium
19100 Von Karman Ave., Suite 700
4 | Irvine, CA  92612
Telephone:  (949) 442-7110
5 | Facsimile:   (949) 442-7118

6 | JOHN B. SULLIVAN (State Bar No. 96742)
jbs@severson.com
7 | REGINA J. MCCLENDON (State Bar No. 184669)
rjm@severson.com
8 | SEVERSON & WERSON
A Professional Corporation
9 | One Embarcadero Center, Suite 2600
San Francisco, CA  94111
10 | Telephone:  (415) 398-3344
Facsimile:   (415) 956-0439

11 |

12 | Attorneys for Defendant
GMAC MORTGAGE, LLC

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 16 2011

ALAN CARLSON, Clerk of the Court

BY  J. TRAN

13 |              **SUPERIOR COURT OF CALIFORNIA**

14 |        **COUNTY OF ORANGE – CENTRAL JUSTICE CENTER**

15 | ROBERT SWEETING,                    | Case No.: 30-2010-00410079
                                          Hon. Randell L. Wilkinson
16 |        Plaintiff,                   | Dept. C-25
17 |   vs.                               | **NOTICE OF RULING ON**
18 | GMAC MORTGAGE LLC., DOES 1 through   | **DEFENDANT GMAC MORTGAGE,**
     25, inclusive,                        **LLC'S DEMURRER TO COMPLAINT**
19 |
        Defendants.
20 |
21 |
22 |                                       Complaint Filed:   September 21, 2010
23 |

24 |        The Demurrer of Defendant GMAC Mortgage, LLC came for hearing on March 11, 2011

25 | before the Honorable Steve Siefert, Judge Pro Tem of the Orange County Superior Court,

26 | Department C-25.  Daniel A. Shama of Severson & Werson, APC, appeared for the moving party,

27 | and Plaintiff Robert Sweeting appeared in *pro per*.

28 |

19000/0017/897305.1                    Notice of Ruling on Defendant GMAC's Demurrer to Complaint

00/00/0000          08:37          FIRST LEGAL SUPPORT          714 541 8182

1    Having considered the moving papers, the opposition thereto, as well as the argument of

2  counsel, the Court ruled as follows:

3    The Court adopts its tentative ruling and thereby sustains Defendant GMAC's Demurrer

4  to Complaint, without leave to amend.  A true and correct copy of the tentative is attached as

5  Exhibit A.

6

7  DATED: March *15*, 2011          SEVERSON & WERSON
                                    A Professional Corporation
8

9

10
                                    By: _____
11                                      DANIEL A. SHAMA

12                                  Attorneys for Defendant
                                    GMAC MORTGAGE, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

00/00/0000    08:37    FIRST LEGAL SUPPORT    714 541 8182

# EXHIBIT A

00/00/0000          08:37          FIRST LEGAL SUPPORT                714 541 8182

# TENTATIVE RULING

Case: *Sweeting v. GMAC Mortgage LLC* / 30-2010-00410079

Calendar No.: 5

---

**Defendant GMAC's Demurrer to Plaintiff Sweeting's Amended Complaint**

Defendant GMAC Mortgage's demurrer to plaintiff Sweeting's new complaint is SUSTAINED, without leave to amend, because any such claims are barred under the doctrine of res judicata based on the final judgment in favor of moving party in *Sweeting v. Kishaba, et al.*, O.C.S.C. 30-2008-00104237. Res judicata bars not only matters that were actually litigated but matters that could have been litigated. *See, Zevnik v. Superior Court* 2008) 159 Cal.App.4th 76, 82. In addition, a party may not split his causes of action that arise from the same subject matter. *See, Wulfjen v. Dolton* (1944) 24 Cal.2d 891, 894 to 895. The purported defamation and related claims in the present action arises from the same subject matter as plaintiff Sweeting's earlier action of *Sweeting v. Kishaba, et al.*, O.C.S.C. 30-2008-00104237. Moving party to give notice.

**Defendant GMAC Mortgage's Request for Judicial Notice:** Defendant GMAC Mortgage requested that the court take judicial notice of the following documents: Exhibit A, Plaintiff Sweeting's Verified Complaint in *Sweeting v. Kishaba, et al.*, O.C.S.C. 30-2008-00104237, Exhibit B, Plaintiff Sweeting's Verified First Amended Complaint in *Sweeting v. Kishaba, et al.*, O.C.S.C. 30-2008-00104237, Exhibit C, Plaintiff Sweeting's Verified Second Amended Complaint in *Sweeting v. Kishaba, et al.*, O.C.S.C. 30-2008-00104237, and Exhibit D, Court's Order Granting Defendant GMAC Mortgage's Motion to Strike Plaintiff's Verified Second Amended Complaint. Defendant GMAC Mortgage's request that court take judicial notice of Exhibits A, B, C and D is GRANTED, but as to Exhibits A, B and C, such notice is limited to the filing of these complaints and not as to the claims and contentions set forth therein. *See, Day v. Sharp* (1975) 50 Cal.App.3d 904, 914.

## PROOF OF SERVICE

*Sweeting v. GMAC Mortgae, LLC, et al*
**OCSC Case Number 30-2010-00410079**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):

**NOTICE OF RULING ON DEFENDANT GMAC MORTGAGE, LLC'S DEMURRER TO COMPLAINT**, on all interested parties in said case addressed as follows:

**SEE SERVICE LIST ATTACHED**

☑ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☐ **(BY HAND)** By placing the documents in an envelope or package addressed to the persons listed above and providing them to a professional messenger service for delivery.

☐ **(BY FEDERAL EXPRESS)** By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **(BY FAX)** By use of facsimile machine telephone number (949) 442-7118, I faxed a true copy to the addressee(s) listed above at the facsimile number(s) noted after the party's address. The transmission was reported as complete and without error. The attached transmission report, which sets forth the date and time for the transmission, was properly issued by the transmitting facsimile machine.

☐ **(BY ELECTRONIC TRANSMISSION)** By sending a file of the above document(s) via electronic transmission (e-mail) at _____ a.m./p.m. using e-mail address (___@severson.com) to the e-mail address designated for each party identified above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(STATE)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This declaration is executed in Irvine, California, on March 15, 2011.

Liz C. Roberts

- 1 -

00/00/0000          08:37          FIRST LEGAL SUPPORT          714 541 8182

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

*Sweeting v. GMAC Mortgage, LLC, et al*
**OCSC Case Number 30-2010-00410079**

Robert Sweeting                            Plaintiff in Pro Per
16077 Crete Lane
Huntington Beach, CA  92649          Telephone:  (562) 394-8218
                                     Facsimile:   (714) 846-8522
                                     Email:        powerbrakebob@msn.com

- 2 -

19000/0017/897305.1                                        Proof of Service