when there is only one primary right an adverse judgment in the first suit is a bar even though the second suit is based on a different legal theory (e.g., *Johnson v. American Airlines, Inc.*, 157 Cal.App.3d 427, 432 (1984)) or seeks a different remedy (e.g., *Stafford v. Yerge*, 129 Cal.App.2d 165, 171 (1954).

Here, the primary rights involved in the two lawsuit are different. The first case, OCSC Case No. 30-2008-104237, involved a contract for a loan entered allegedly into by Plaintiff and Fremont. It involved forged loan documents and theft of loan proceeds by an unlicensed escrow company and mortgage broker. This action arises from a false credit report complained of in the present action did not arise until well after the Complaint was filed and Plaintiff was still attempting to resolve the matter informally with Defendant's counsel when the trial court improperly granted GMAC's summary judgment motion in the first action.

The primary right which Plaintiff seeks to vindicate are different between the first action and the present action. The first case involves a fraudulent loan while the second involves a false credit report on a non-existent loan. While there is to some extent an overlap of facts, to wit, the false credit report may be (but is not

really) related to the underlying fraudulent loan, the causes of action here are two distinct claims such that even if Plaintiff loses the first case in its entirety, the present case would survive because GMAC either did not own the underlying fraudulent loan (and was merely a servicer or defrauded the Court into believing such) and the amounts GMAC reported Plaintiff owes are approximately 22 times the amount actually owed on the fraudulent loan and because the debt was not owed to GMAC. These claims are completely severable. In fact, GMAC won its summary judgment motion on the grounds Plaintiff did not owe them any money because they were merely servicing the loan.

### VII. PLAINTIFF WAS NOT REQUIRED TO AMEND HIS COMPLAINT IN THE FIRST CASE TO ALLEGE A CAUSE OF ACTION WHICH AROSE AFTER THE COMPLAINT WAS FILED

In its Demurrer, Defendant and Respondent GMAC asserts, that the doctrine of res judicata bars plaintiff's latest complaint as the asserted claims could have been litigated against GMAC in the prior matter. Citing *Busick v. Workmen's Comp Appeals. Bd.*, 7 Cal.3d 967 (1972). CTS: 25 - 26. This is nonsense.

"Res judicata is not a bar to claims that arise after the initial complaint is filed. These rights may be asserted in a supplemental pleading, but if such a pleading is not filed a plaintiff is not foreclosed from asserting the rights in a subsequent action. (Yager v. Yager (1936) 7 Cal.2d 213, 217 [60 P.2d 422].) The general rule that a judgment is conclusive as to matters that could have been litigated "does not apply to new rights acquired pending the action which might have been, but which were not, required to be litigated [citations]." *Kettelle v. Kettelle*, 110 Cal.App. 310, 312 (1930).

If a building contractor breaches a contract to perform work on your home and you sue for damages, you are not required to amend your complaint to allege a battery when he comes over to your home and hits you in the nose for suing him. You can bring a second lawsuit. This case is no different. GMAC did all sorts of bad acts in regard to processing the loan on Plaintiff's home. In fact, GMAC must have lied to the Court when it declared in two unlawful detainer actions that they were the owners of Appellant's home, and then declaring in the first case that they were never the owners of the property, that the Trustee's Sale inadvertently put title in their name and it was all a mistake. Appellant contends, and the facts will show,

that the false credit report complained of in the present action did not arise until well after the Complaint and First Amended Complaint were filed in the first case. In fact, Plaintiff was still attempting to resolve the matter informally with Defendant's counsel when the trial court improperly granted GMAC's unserved summary judgment motion.

### VIII. PLAINTIFF CAN AMEND HIS COMPLAINT TO STATE CAUSES OF ACTION UNDER THE FAIR CREDIT REPORTING ACT AND UNDER CIVIL CODE § 1785.25, SUBDIVISION (a)

It is an abuse of discretion for the court to deny leave to amend where there is any reasonable possibility that Plaintiff can state a good cause of action. *Goodman v Kennedy*, 18 C3d 335, 349 (1976). Code of Civil Procedure § 473's provisions "giving the courts the power to permit amendments in furtherance of justice has received a very liberal interpretation by the courts of this state; and that this position is clearly in accord with the modern theories of code pleading, which would permit amendment in the discretion of the court *unless an attempt is made to present an entirely different set of facts by way of the amendment.*" *Chatten v. Martell*, 166 Cal. App.

2d 545 (1958). In *Morgan v. Superior Court of Los Angeles County*, 172 Cal.App.2d 527, 530 (1959), the Court stated:

> "While a motion to permit an amendment to a pleading to be filed is one addressed to the discretion of the court, the exercise of this discretion must be sound and reasonable and not arbitrary or capricious. *(Richter v. Adams*, 43 Cal.App.2d 184, 187 [110 P.2d 486]; *Eckert V. Graham*, 131 Cal.App. 718, 721 [22 P.2d 44].) And it is a rare case in which "a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case." *(Guidery v. Green*, 95 Cal. 630, 633 [30 P. 786]; Marr *v. Rhodes*, 131 Cal. 267, 270 [63 P. 364].) If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion. *(Nelson v. Superior Court*, 97 Cal.App.2d 78 [217 P.2d 119]; Estate of *Herbst*, 26 Cal.App.2d 249 [79 P.2d 139]; *Norton v. Bassett*, 158 Cal. 425, 427 [111 p. 253].)

"Great liberality is indulged in matters of amendment to the end that lawsuits may be determined upon their merits." *Desny v. Wilder*, 46 Cal.2d 715, 751 (1956).

GMAC contends that Plaintiff is unable to state a cause of action because the FCRA preempts common law causes of action for tortious interference with credit and related common law actions. (CTS: 27 at fn. 4.) They further claim that Plaintiff has no cause of

action under FCRA because it creates private right. Appellant concurs that he failed to state a cause of action in the Complaint for tortious interference with credit. However, as set forth below, Plaintiff has private rights to sue under both federal and state causes of action.

A. **Plaintiff Can Allege Facts Sufficient to State a Cause of Action on Which Relief May Be Granted under the FCRA**

In *Sainai v. Saltz*, 170 Cal. App. 4th 746 (2009), the Court discussed a private party's right to bring a private cause of action for violation of the FCRA as follows:

> The FCRA (15 U.S.C. § 1681 et seq.) was adopted by Congress to ensure accuracy and fairness in credit reporting and to protect the rights of individual consumers. (See 15 U.S.C. § 1681(b); Jones v. Federated Financial Reserve Corp. (6th Cir. 1998) 144 F.3d 961, 965; Pinner v. Schmidt (5th Cir. 1986) 805 F.2d 1258, 1261.) With respect to furnishers of information to consumer credit reporting agencies, like UDR and First Advantage Corporation, section 623 of the FCRA imposes two general requirements: the duty to provide accurate information (15 U.S.C. § 1681s-2(a)) and the duty to investigate the accuracy of reported information upon receiving notice of a dispute (15 U.S.C. § 1681s-2(b)). To trigger the latter set of duties, however, notice to the furnisher of information must be given pursuant to section 611(a)(2) of the FCRA (15 U.S.C. § 1681i(a)(2)), which requires a consumer credit reporting agency to reinvestigate the current accuracy of information in its files after being notified by the consumer of a dispute and to notify the person who

furnished it with the information about the dispute. That is, to activate the duties imposed by section 623(b) of the FCRA, notice of the dispute must come to the furnisher of the information (UDR) from the credit reporting agency (Experian), not directly from the consumer (Mr. Sanai) himself. (Young v. Equifax Credit Information Services, Inc. (5th Cir. 2002) 294 F.3d 631, 639–640.) "This means that a furnisher of credit information ... has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Under the statutory language notification from a consumer is not enough." (Stafford v. Cross Country Bank (W.D.Ky. 2003) 262 F.Supp.2d 776, 784; accord, Rollins v. Peoples Gas Light and Coke Co. (N.D.Ill. 2005) 379 F.Supp.2d 964, 967; Elmore v. North Fork Bancorporation, Inc. (S.D.N.Y. 2004) 325 F.Supp.2d 336, 340.)

United States Code section 1681s-2(a)(3) provides, "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer."

United States Code section 1681s-2(b) provides, "(1) In general. [¶] After receiving notice pursuant to section 611(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—[¶] (A) conduct an investigation with respect to the disputed information; [¶] (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2); [¶] (C) report the results of the investigation to the consumer reporting agency; [¶] (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person

furnished the information and that compile and maintain files on consumers on a nationwide basis; and [¶] (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—[¶] (i) modify that item of information; [¶] (ii) delete that item of information; or [¶] (iii) permanently block the reporting of that item of information. [¶] (2) Deadline. [¶] A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) within which the consumer reporting agency is required to complete actions required by that section regarding that information."

.....

Although violations of section 623(a) of the FCRA may not be privately enforced, a private cause of action for consumers is generally recognized under section 623(b) of the FCRA (15 U.S.C. § 1681s-2(b)) against furnishers of credit information who fail to comply with the requirements of that provision. (See, e.g., Nelson v. Chase Manhattan Mortgage Corp., supra, 282 F.3d at pp. 1059–1060; Nelson v. Equifax Information Services, LLC (C.D.Cal. 2007) 522 F.Supp.2d 1222, 1229–1230; Pirouzian v. SLM Corp. (S.D.Cal. 2005) 396 F.Supp.2d 1124, 1127; Gordon v. Greenpoint Credit (S.D.Iowa 2003) 266 F.Supp.2d 1007, 1011–1012;

......

The allegation of notice sufficient to state a private cause of action under 15 United States Code section 1681s-2(b) has two aspects. First, [plaintiff] must allege

he informed [the credit reporting company] Experian of his dispute. ... Second, he must allege Experian contacted [the entity making the false credit report], as required by 15 United States Code section 1681i(a)(2), and requested [the reporting entity] reinvestigate the credit information it had provided.

........

Because Plaintiff requested Experian contact GMAC for a correction of the false report and GMAC failed to correct it, Plaintiff can state facts sufficient to state a cause of action under the FCRA.

### B. Civ. Code § 1785.25(a) is Not Subject to Preemption under the FCRA

The FCRA contains two preemption sections affecting state law claims that apply to persons who furnish information under the FCRA. First, 15 United States Code section 1681t(a) provides only state law claims inconsistent with the express provisions of the FCRA are preempted. "Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to

the extent of the inconsistency." (15 U.S.C. § 1681t(a).) Thus, there is no implied or field preemption: "Congress did not enact the FCRA with the goal of vitiating all state laws, but only those that are inconsistent with the federal law." *Lin v. Universal Card Services Corp.*, 238 F.Supp.2d 1147, 1151 (N.D.Cal. 2002)

Notwithstanding this general language preserving state laws that do not conflict with the FCRA, however, in 1996 Congress amended the FCRA to strictly limit the availability of consumer's state remedies against furnishers of credit information. As amended, 15 United States Code section 1681t(b) provides, "No requirement or prohibition may be imposed under the laws of any State—[¶] (1) with respect to any subject matter regulated under—[¶] … [¶] (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—[¶] (i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); [20] [¶] (ii) with respect to section 1785.25(a) of the California Civil Code (as in effect on the date of enactment (September 30, 1996) … ."

Section 1785.25, subdivision (a), involves the obligations of the furnishers of credit information to provide accurate information to credit reporting agencies.

Again, the information provided by GMAC is false. It continues to provide false information to Experian and other Credit Reporting Agencies. Accordingly, Plaintiff can state a cause of action under the California Credit Reporting Agencies Act.

## IX. CONCLUSION

Respondent GMAC relies on the doctrine of res judicata in its malicious attempt to continue to defame Appellant's credit in violation of the FCRA and California Civ. Code § 1785.25(a). What was determined by the trial court in the first action is that Plaintiff/Appellant does not owe any debt to GMAC. This is res judicata and is based on GMAC's own summary judgment motion in the first action. Each request by Appellant to credit reporting agencies to investigate and correct GMAC's false publication that Appellant owes it $16 million and which GMAC refuses to correct is a new violation of the FCRA and should give rise to a new cause of action. Yet, the trial court, once without jurisdiction, and now in this

action, has refused to act. Plaintiff was not required to amend his first action against GMAC to allege these causes of action because the did not accrue until over a year after the first action was filed. Nor does Appellant seek to relitigate the same causes of action as in the first case, to wit: usury, theft of proceeds of a home loan by an unlicensed and unbonded escrow company, fraud in the execution of the loan, improper handling of payments, bureaucratic misfeasance by GMAC in servicing the fraudulent loan on behalf of its principal, and wrongful foreclosure. Accordingly, this Court should reverse and remand.

Dated: November 28, 2011

*[signature]*
ROBERT SWEETING,
in pro per

## CERTIFICATION OF WORD COUNT

Pursuant to California Rules of Court, rule 8.504(d), petitioner provides the instant certificate certifying that the number of words contained in this brief (not including cover pages, this certificate or tables) as indicated by counsel's word processor is 6,110 words.

ROBERT SWEETING

On November 29, 2011, served the following entitled document(s):

**Opening Brief on Appeal**

I served said documents on GMAC by placing a true copy thereof in a sealed envelope addressed as set out below or as set out in the attached Service List incorporated herein by reference.

Severson & Werson
19100 Von karman Ave., Suite 700
Irvine, CA 92612

[ x ] **BY MAIL (C.C.P. §§ 1012, 1013, (a), 1013a)**
    [ ]    I deposited such sealed envelope(s) with postage thereon fully prepaid in the mail at Huntington Beach, California.
    [ ]    I placed the sealed envelope for collection and mailing following ordinary business practices. I am readily familiar with the firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service. Under the ordinary course of business, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Habra, California.

[ ] **BY PERSONAL SERVICE (C.C.P. § 1011)**
    [ ]    I caused to be personally delivered the above mentioned to the addresses set out above on this date.
    [ ]    By Special Messenger Service with specific instructions for same day delivery to the addresses set out above on this date.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 29, 2011, in Huntington Beach, California

_____
JASON P. GOLD

## RE: Case G045198, Submitted 11-29-2011 01:35 PM

From: **Ho, Evelyn** (Evelyn.Ho@jud.ca.gov)
Sent: Tue 11/29/11 1:39 PM
To:   powerbrakebob@msn.com (powerbrakebob@msn.com)

The following brief has been received:

The following Appellate Brief has been submitted.

Case Number: G045198

Case Name: Sweeting v GMAC Mortgage, LLC

Related Case Information: G043356, G043281,

Name of Party: Robert Sweeting

Type of Brief: Appellant's Opening Brief

Name of Attorney or Self-Represented Party Who Prepared Brief: Robert Sweeting