No. G045198
Prior Related Appeals Nos. G043924, G043281

# Court of Appeal
OF THE
## State Of California

## Fourth Appellate District, Division Three

ROBERT SWEETING,

*Plaintiff and Appellant,*

vs.

GMAC MORTGAGE, LLC,

*Defendant and Respondent.*

# Respondent's Brief

Appeal from a Judgment of the Orange County Superior Court
(No. 30-2010-00410079) After Sustaining a Demurrer Without Leave to Amend
Honorable Randall L. Wilkinson, Judge

JAN T. CHILTON 47582
SEVERSON & WERSON,
A Professional Corporation
One Embarcadero Center, 26th Floor
San Francisco, CA 94111-3600
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant and Respondent
**GMAC Mortgage, LLC**

19000/0017/2060739.1

# Court of Appeal
## State of California
## Fourth Appellate District, Division Three

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Court of Appeal Case Number: _____G045198_____

Case Name: _____Robert Sweeting v. GMAC Mortgage, LLC_____

Please check the applicable box:

☐ There are no interested entities or parties to list in this Certificate per California Rules of Court, Rule 8.208(d)(3).

☑ Interested entities or parties are listed below:

| Name of Interested Entity or Person | Nature of Interest |
|---|---|
| 1. Ally Financial, Inc. (formerly GMAC, Inc.) | Indirectly owns 10% or more of GMAC Mortgage, LLC. |

*Please attach additional sheets with Entity or Person Information if necessary.*

Signature of Attorney/Party Submitting Form

Printed Name: Jan T. Chilton

Address: Severson & Werson, A Professional Corporation,
One Embarcadero Center, 26th Floor
San Francisco, CA 94111

State Bar No: 47582
Party Represented: Defendant and Respondent GMAC Mortgage, LLC

**SUBMIT PROOF OF SERVICE ON ALL PARTIES WITH YOUR CERTIFICATE**

19000/0017/2060739.1

# TABLE OF CONTENTS

*Page*

I.   INTRODUCTION .................................................................................... 1

II.  STATEMENT OF FACTS ...................................................................... 2

    A.   The Original Action ....................................................................... 2

    B.   This Action ..................................................................................... 5

III. RES JUDICATA BARS THIS SUIT ...................................................... 7

    A.   This Suit Raises A Cause Of Action Identical
        To One Asserted In The Original Action ..................................... 8

    B.   The Order Striking The Second Amended Complaint
        Was A Final Judgment On The Merits ...................................... 10

IV.  SWEETING HAS NOT OFFERED
     A VIABLE AMENDMENT .................................................................. 12

    A.   Sweeting Has Not Shown That He Can Allege
        A Viable Claim Under The FCRA ............................................ 13

    B.   Sweeting Has Not Shown That He Can Allege
        A Viable Claim Under Civil Code Section 1785.25 ............. 14

V.   CONCLUSION ..................................................................................... 16

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Agarwal v. Johnson* (1979) 25 Cal.3d 932 ...................................................................8

*Armour v. Sallie Mae, Inc.* (D. N.J. 2010) 2010 WL 3724524 ....................13

*Blank v. Kirwan* (1985) 39 Cal.3d 311 ....................................................................12

*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788 ........................7, 8

*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981 ...............................2, 12

*Crowley v. Katleman* (1994) 8 Cal.4th 666 ..........................................................8

*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624 ...............11

*McKee v. Dodd* (1908) 152 Cal. 637 ........................................................................8

*McKinney v. County of Santa Clara*
    (1980) 110 Cal.App.3d 787 .................................................................................10

*Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715 ..................11

*People v. American Contractors Indemnity Co.*
    (2004) 33 Cal.4th 653 ............................................................................................11

*Pollock v. University of Southern California*
    (2003) 112 Cal.App.4th 1416 ............................................................................10

*Roden v. AmerisourceBergen Corp.*
    (2005) 130 Cal.App.4th 211 ...............................................................................10

*Sanai v. Saltz* (2009) 170 Cal.App.4th 746 ................................................ 2, 12-14

*Slater v. Blackwood* (1975) 15 Cal.3d 791 ...........................................................8

*State Compensation Ins. Fund v. WallDesign, Inc.*
    (2011) 199 Cal.App.4th 1525 ..............................................................................7

*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal. App.4th 737 ..............12

*Wall v. Donovan* (1980) 113 Cal.App.3d 122 ....................................................11

*Statutes*

United States Code
    Title 15
        Section 1681n .............................................................................................13, 14
        Section 1681o .............................................................................................13, 14
        Section 1681p ....................................................................................................14

# TABLE OF AUTHORITIES

*Page(s)*

*Statutes*

United States Code
    Title 15
        Section 1681s-2 .......................................................................... 12-14
        Section 1681t .................................................................................. 12

Civil Code
    Section 1785.25 ........................................................... 2, 6, 12, 14, 15
    Section 1785.31 ................................................................................ 14
    Section 1785.33 ................................................................................ 15

Code of Civil Procedure
    Section 904.1 .................................................................................... 10

# I

# INTRODUCTION

Robert Sweeting appeals from a judgment dismissing his complaint after the trial court sustained GMAC Mortgage, LLC's ("GMAC Mortgage's") demurrer to his complaint without leave to amend.

As Sweeting's own brief discloses, this is the fourth case between these parties, all arising from a home mortgage loan that Sweeting obtained from other entities. Sweeting defaulted. As successor lender or loan servicer, GMAC Mortgage foreclosed under Sweeting's deed of trust.

In an earlier suit ("original action"), Sweeting sued GMAC Mortgage, the originating lenders, and the successor owners of the property for a variety of purported wrongs.[1] GMAC Mortgage obtained summary judgment against Sweeting in that action.

Sweeting moved for reconsideration of the summary judgment, and while that motion was pending, filed a second amended complaint which alleged against GMAC Mortgage the same claim he reasserts in this action—one for furnishing false information to credit reporting agencies.

After the trial court denied reconsideration, Sweeting appealed from the summary judgment. That appeal was dismissed. GMAC Mortgage then moved to strike the second amended complaint, arguing, in part, that it was barred by res judicata. The motion was granted. Sweeting did not appeal. The time to appeal that post-judgment order has long since expired.

Instead of appealing the order striking his second amended complaint, Sweeting collaterally attacked it by filing this lawsuit on the same

---

[1] This Court recently affirmed dismissal of the successor owners of the property from the original action in an unpublished decision. (*Sweeting v. Island Source II* (G043924; Dec. 22, 2011).)

claim alleged in the stricken complaint. The trial court correctly sustained GMAC Mortgage's demurrer to this new action on res judicata grounds. The order striking the second amended complaint was a final, appealable "judgment" disposing of the exact same cause of action between the same two parties on a ground equally applicable to the new suit.

The demurrer was also correctly sustained because the federal Fair Credit Reporting Act preempted the common law claims that Sweeting's complaint alleged. (*Sanai v. Saltz* (2009) 170 Cal.App.4th 746, 773-774 ("*Sanai*").) Sweeting tacitly admits as much in his opening brief, but argues that the trial court abused its discretion in denying him leave to amend to state claims under the FCRA and Civil Code section 1785.25. (See A.O.B., 20-27.)

As shown below (pp. 12-15), Sweeting fails to bear his burden of proving an abuse of discretion. He does not show how his complaint could be amended to truthfully allege facts sustaining each element of a claim under the FCRA or under section 1785.25. (See *Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 992.)

Accordingly, the Court should affirm the judgment of dismissal.

## II

## STATEMENT OF FACTS

### A.  The Original Action

In March 2008, Sweeting sued GMAC Mortgage and a number of other defendants in the case entitled *Robert Sweeting v. Jason Kishaba, et al.*, no. 30-2008-00104237 in the Orange County Superior Court. (Motion to Augment ("MA"), 34.)

Sweeting's complaint alleged that the other defendants had misled him about the terms of a refinance loan, which those defendants originated

and which was secured by a deed of trust on Sweeting's home. (MA, 39-46.)

According to Sweeting's complaint, the loan was later sold to GMAC Mortgage which failed to properly account for and apply funds that Sweeting paid on the loan. (MA, 47:7-10.) The complaint also averred that GMAC Mortgage accepted a payment on a forbearance plan but later rejected the plan and returned two other payments to Sweeting. (MA, 47:17-18.) In late December 2008, GMAC Mortgage sent Sweeting a notice of trustee's sale under his deed of trust. (MA, 47:22-26.)

Sweeting later filed a first amended complaint that repeated these same allegations. (MA, 116, 121-129.)

GMAC Mortgage moved for summary judgment. Its motion was heard and granted on October 28, 2009. An order granting GMAC Mortgage summary judgment was entered. On December 3, 2009, the trial court entered a judgment dismissing Sweeting's claims against GMAC Mortgage.

On February 15, 2010, Sweeting filed a notice of appeal from the judgment. (No. G043281.) Sweeting's appeal was dismissed on June 28, 2010, and this Court issued its remittitur on July 20, 2010. On August 27, 2010, the Court denied Sweeting's motion to recall the remittitur.

Meanwhile, on December 9, 2009, the trial court sustained two co-defendants' demurrers to Sweeting's first amended complaint with leave to amend. Later that month, Sweeting filed a second amended complaint. (MA, 211.)

The second amended complaint again named GMAC Mortgage as a defendant. (MA, 211.) It alleged the same facts as the earlier complaints (MA, 215-222.) In addition, it alleges that GMAC Mortgage caused the property to be sold at a nonjudicial foreclosure sale in September 2008. (MA, 221:25-28.) GMAC was the winning bidder at the sale. (MA,

221:25-28.) Later, it sold the property to a third party which resold the property to another. (MA, 222:7-8.)

The second amended complaint also alleged a completely new 14th cause of action for "defamation and tortious interference with credit." (MA, 235:12-13.) This claim averred that, through credit reporting agencies, GMAC Mortgage had published false reports that Sweeting "owes over $16 million as a result of the present foreclosure action." (MA, 235:16-17.) Sweeting claimed that these reports damaged his business, prevented him from renting property to store his inventory and tools and kept him from performing his automotive and break repair services. (MA, 235:21-24.)

Initially, GMAC Mortgage demurred to the second amended complaint. The trial court stayed the demurrer pending the outcome of Sweeting's appeal from the judgment in GMAC Mortgage's favor.

After the appeal was dismissed, GMAC Mortgage filed a motion to strike Sweeting's second amended complaint. (GMAC Mortgage Motion for Judicial Notice ("GMAC RJN"), Ex. A.) The motion was made on two grounds: First, Sweeting had not sought leave to amend to re-name GMAC Mortgage, and judgment had already been entered in GMAC Mortgage's favor when Sweeting filed his second amended complaint. (*Id.*, at pp. 2-3.) Second, the now-final judgment operated as res judicata and collateral estoppel barring Sweeting's claims against GMAC Mortgage, including the new 14th cause of action. (*Id.*, at pp. 3-4.)

Sweeting opposed the motion to strike, raising, among other arguments, the assertion, repeated at pages 18-20 of his opening brief on this appeal; namely, that he should be allowed to proceed on the new 14th cause of action because it arose after he filed the first amended complaint. (GMAC RJN, Ex. B, pp. 3-4.)

GMAC Mortgage's reply reiterated its stance that the judgment barred all of Sweeting's claims under the doctrines of res judicata and collateral estoppel. (GMAC RJN, Ex. C, pp. 2, 3.)

Before the hearing on GMAC Mortgage's motion to strike, the trial court entered a tentative ruling, not mentioning the res judicata/collateral estoppel argument, but tentatively granting GMAC Mortgage's motion on the ground that judgment had already been entered in GMAC Mortgage's favor before the second amended complaint was filed. (GMAC RJN, Ex. D.)

After the hearing, the trial court entered a formal order granting the motion to strike without leave to amend. (GMAC RJN, Ex. E.) The order does not state any reason for the ruling. The order was entered on September 15, 2010. (*Ibid.*) Sweeting did not appeal from it. More than 180 days have passed since the order was entered.

### B.    This Action

Sweeting filed this action on September 21, 2010, a week after the trial court had stricken his second amended complaint in the original action. (MA, 1.) The complaint alleges that Sweeting owned the property at issue in the original action and had obtained a $750,000 loan on it from Fremont Investment. (MA, 2:9-3:2.) The complaint also alleges that GMAC foreclosed on the loan. (MA, 3:3-4.)

In addition, the complaint makes the following three factual allegations:

> Within the past two years, Defendant GMAC has published false [re]ports through various credit reporting agencies that he owes over $16 million as a result of the present foreclosure action.
>
> On or about June 14, 2009, Plaintiff spoke with GMAC's counsel, Samantha Lamm of Wolfe and Wyman, LLP., and requested that the false credit re-

port be removed. Counsel agreed to have GMAC remove the false credit report. GMAC failed to comply.

Said publications have damaged Plaintiff's business in that he is unable to lease property to store his business and trade tools, inventory and perform automotive and brake repair services. Further he is unable to get a loan to purchase inventory. Plaintiff's business has been damaged in an amount subject to proof. Plaintiff's business assets and possessions were lost to storage during this period.

(MA, 3:10-21.)

Based on these factual allegations, Sweeting's complaint sought to state three causes of action for (1) defamation and tortuous interference with credit, (2) an accounting of the debt Sweeting owed on the debt secured by his deed of trust, and (3) an injunction directing GMAC Mortgage to "remove" its credit report. (MA, 3:5-4:15.)

GMAC Mortgage demurred to the complaint, arguing that Sweeting's claims were barred by the res judicata and collateral estoppel effect of the judgment in the original action and that they were preempted by the FCRA. (MA, 19-29.)

Sweeting opposed the demurrer, arguing that his claim was not barred because it arose after the original action was filed and that he could amend to state an actionable claim under the FCRA and a claim under Civil Code section 1785.25(a), which the FCRA would not preempt. (MA, 279-285.)

GMAC Mortgage replied. (MA, 287-290.) Before hearing argument on the demurrer, the trial court issued a tentative ruling sustaining the demurrer on res judicata grounds, noting that Sweeting's claims in this suit arise from the same subject matter as his claims in the original action and that res judicata bars matters that could have been, as well as those that were, litigated in the prior action. (MA, 292.)

After the hearing, the trial court entered its order, adopting its tentative ruling and sustaining GMAC Mortgage's demurrer without leave to amend. (MA, 296-299.)

Sweeting moved for reconsideration. (MA, 302-304.) GMAC Mortgage opposed the motion. (MA, 307-309.) The motion was denied. (MA, 318-319.)

A judgment of dismissal was entered on April 29, 2011. (MA, 320-321.) Sweeting filed his notice of appeal on May 4, 2011. (MA, 322.)

## III

## RES JUDICATA BARS THIS SUIT

Res judicata accords conclusive effect to a prior judgment. It has two aspects: claim preclusion and issue preclusion (also known as collateral estoppel). (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797.)

This appeal involves the claim preclusion aspect of res judicata. For a claim to be precluded by a prior judgment, (1) the claim raised in the present action must be the same as a claim in a prior suit; (2) a final judgment on the merits must have concluded the prior suit; and (3) the party against whom the doctrine is asserted must have been a party to the prior suit. (*Ibid.*)

Here, Sweeting was and is the plaintiff in both this suit and the original action, so the third of these elements is unquestionably met. For the reasons stated below, the other two elements are also present, and the trial court therefore did not err in dismissing this action on res judicata grounds.[2]

---

[2] Since the appeal arises from a judgment following the sustaining of a demurrer, the Court reviews this issue de novo. (*State Compensation Ins. Fund v. WallDesign, Inc.* (2011) 199 Cal.App.4th 1525, 1529.)