### A.    This Suit Raises A Cause Of Action Identical To One Asserted In The Original Action

California courts apply the primary rights theory in determining whether the cause of action asserted in the current suit is the same as one raised in a prior action. (*Boeken v. Philip Morris USA, Inc., supra,* 48 Cal.4th at p. 797; *Slater v. Blackwood* (1975) 15 Cal.3d 791, 795.)

"Under this theory, '[a] cause of action ... arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. :Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term....' " (*Boeken v. Philip Morris USA, Inc., supra,* 48 Cal.4th at pp. 797-798, quoting *McKee v. Dodd* (1908) 152 Cal. 637, 641.)

"[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right" even if the present action raises different legal theories or seeks different remedies. (*Boeken v. Philip Morris USA, Inc., supra,* 48 Cal.4th at p. 798, citing *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 954.) Stated another way, "the primary right is simply the plaintiff's right to be free from the particular injury suffered." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681.)

Here, Sweeting argues that his current suit is brought on a different cause of action than the one he pursued in the original action. In his words, the original action "involved a contract for a loan entered into by Plaintiff and Fremont. It involved forged loan documents and theft of loan proceeds by an unlicensed escrow company and mortgage broker." (A.O.B., 17.) By contrast, this action "arises from a false credit report" which did not "arise until well after" the original action was filed. (*Ibid.*) Stated more succinctly, Sweeting claims that the original action "involves a fraudulent loan

while [this action] involves a false credit report on a non-existent loan." (*Ibid.*)

Sweeting's argument fails because it does not take into account the second amended complaint he filed in the original action. His first amended complaint may have been confined to injury he allegedly incurred due to a fraudulent loan. But the 14th cause of action of the second amended complaint unquestionably sought relief for the same injury on which Sweeting sues in this action.

The 14th cause of action alleged the same wrong as the complaint in this action—namely, false credit reports stating that Sweeting owes GMAC $16 million as a result of the foreclosure of his deed of trust. (Compare MA, 3:10-12 with MA, 235:16-17.) The 14th cause of action also alleged the same injuries. Both the 14th cause of action and the complaint in this action allege:

> Said publications have damaged Plaintiff's business in that he is unable to lease property to store his business and trade tools, inventory and perform automotive and brake repair services. Further he is unable to get a loan to purchase inventory. Plaintiff's business has been damaged in an amount subject to proof.

(MA, 3:17-20, 235:21-24.)[3]

As the 14th cause of action and the current complaint allege both the same wrong—false credit reports—and the same injury—various business losses due to Sweeting's alleged inability to obtain a lease or loan—they state the identical cause of action.

---

[3] The current complaint adds: "Plaintiff's business assets and possessions were lost to storage during this period." (MA, 3:20-21.)

### B. The Order Striking The Second Amended Complaint Was A Final Judgment On The Merits

The order striking the second amended complaint in the original action establishes the final element required for application of res judicata's claim preclusion aspect.

The order was final and appealable as an order entered after final judgment. (Code Civ. Proc., § 904.1(a)(2).) The order decided a different issue than the original judgment and enforced that judgment by precluding Sweeting's attempt to reopen the litigation and assert new claims against GMAC Mortgage. (See *Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211, 215-216.)

Like a judgment after a demurrer is sustained without leave to amend, an appealable order striking a complaint may be a judgment on the merits entitled to claim preclusive effects.

> [A] judgment on a general demurrer will have the effect of a bar in a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer or, notwithstanding differences in the facts alleged, when the ground on which the demurrer in the former action was sustained is equally applicable to the second one.

(*McKinney v. County of Santa Clara* (1980) 110 Cal.App.3d 787, 794; citations omitted; accord: *Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1428.)

Here, two grounds were offered in support of the motion to strike, one procedural (filing after judgment was entered in GMAC Mortgage's favor) and the other substantive (res judicata). (GMAC RJN, Ex. A, pp. 2-4.) The order granting the motion does not specify the ground or grounds

on which the motion was granted.[4] (GMAC RJN, Ex. E.) So it is deemed to have been based on both.

> "[A]n alternative ground upon which a decision is based should be regarded as 'necessary' for purposes of determining whether the plaintiff is precluded by the principles of res judicata or collateral estoppel from relitigating in a subsequent lawsuit any of those alternative grounds."

(*Wall v. Donovan* (1980) 113 Cal.App.3d 122, 126; citation omitted.)

Here, Sweeting's current complaint alleges the same facts as his second amended complaint's 14th cause of action in the original action. The substantive ground (res judicata) for granting the motion to strike is equally applicable to Sweeting's complaint in this case—as shown by the trial court's sustaining GMAC Mortgage's demurrer on that ground.[5]

Accordingly, all three elements of claim preclusion are satisfied in this action. The trial court properly sustained GMAC Mortgage's demurrer on res judicata grounds. The ensuing judgment of dismissal should be affirmed.

---

[4]  As already noted, the trial court did issue a tentative ruling addressing only the procedural ground for the motion to strike. (GMAC RJN, Ex. D.) But "whatever its initial impression may have been[, c]ourts are not bound by their tentative rulings," and those rulings "may never be used to impeach the final order." (*Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 633.)

[5]  If Sweeting thought that ground of decision was incorrect (see A.O.B., 11-13), his remedy lay in appealing the order striking his second amended complaint, not in collaterally attacking that order by filing a new suit realleging the original action's 14th cause of action. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661; *Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 727.)

# IV

# SWEETING HAS NOT OFFERED A VIABLE AMENDMENT

The trial court's order sustaining GMAC Mortgage's demurrer was also correct on the alternative ground that Sweeting's complaint failed to allege facts constituting a viable cause of action. The FCRA preempts the common law claims alleged in Sweeting's complaint. (15 U.S.C. § 1681t(b)(1); *Sanai* (2009) 170 Cal.App.4th at pp. 773-774.)

Sweeting's opening brief tacitly concedes the demurrer was properly sustained on this ground, but argues that Sweeting should have been granted leave to amend to state claims under the FCRA (15 U.S.C. § 1681s-2(b)) and Civil Code section 1785.25(a). (A.O.B., 20-27.)

This Court reviews the trial court's denial of leave to amend for abuse of discretion. (*Vaca v. Wachovia Mortgage Corp.* (2011) 198 Cal.App.4th 737, 744.) "When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. The burden of proving such reasonable possibility is squarely on the plaintiff." (*Buller v. Sutter Health, supra,* 160 Cal.App.4th at p. 992; citations and internal quotation marks omitted; see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"To show abuse of discretion, plaintiff must show in what manner the complaint could be amended and how the amendment would change the legal effect of the complaint, i.e., state a cause of action." (*Buller v. Sutter Health, supra,* 160 Cal.App.4th at p. 992.) Moreover, when a plaintiff has a past track record, as Sweeting does,[6] of meritless pleadings, the Court

---

[6]    GMAC Mortgage obtained summary judgment against Sweeting in the original action. This Court recently affirmed dismissal of his claims
(Fn. cont'd)

may view with some suspicion his belated assertion of an ability to plead a cause of action. (*See Sanai*, 170 Cal.App.4th at pp. 769-770.)

### A.  Sweeting Has Not Shown That He Can Allege A Viable Claim Under The FCRA

The elements of a cause of action against a furnisher of credit information under the FRCA are (1) the plaintiff sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, (3) the furnisher failed to conduct a reasonable investigation of the disputed information and modify or delete information it finds to be inaccurate, and (4) the plaintiff suffered actual damage as a result or the furnisher willfully violated the FCRA. (*Sanai,* 170 Cal.App.4th at pp. 764-765; *Armour v. Sallie Mae, Inc.* (D. N.J. 2010) 2010 WL 3724524, at *2; 15 U.S.C. §§ 1681n, 1681o, 1681s-2(b)(1).)

Sweeting's opening brief does not show that he can truthfully allege each of these elements. Instead, it says only that "Plaintiff requested Experian contact GMAC for a correction of the false report and GMAC failed to correct it." (A.O.B., 25.)

At best, Sweeting's brief shows only that Sweeting can allege the first element of an FCRA claim against a furnisher—i.e., that he sent notice of disputed information to a credit reporting agency, Experian.

Sweeting's brief does *not* suggest, however, that he can truthfully allege the next, and crucial element; namely, that Experian sent GMAC Mortgage "notice pursuant to section 611(a)(2) [15 U.S.C. § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information"

---

(Fn. cont'd)
against two other defendants in that suit. (*Sweeting v. Island Source II* (G043924; Dec. 22, 2011).) The trial court correctly viewed his assertions and allegations with suspicion.

GMAC Mortgage had furnished. (15 U.S.C. § 1681s-2(b)(1); see *Sanai*, 170 Cal.App.4th at p. 765.)

Nor does Sweeting's brief set forth any facts that he could truthfully allege to prove that GMAC Mortgage failed to conduct a reasonable investigation of any dispute of which it received the required notice.

Sweeting's complaint alleges damage purportedly caused by inaccurate credit reports. (See MA, 3:17-21.) However, all the alleged damage was loss suffered by Sweeting's business; none of it was incurred by Sweeting personally. Sweeting cites no authority for the proposition that the FCRA—a consumer protection statute, making a furnisher who violates that act "with respect to any *consumer* is liable to that *consumer*"—permits recovery of business losses. (15 U.S.C. §§ 1681n, 1681o; emphasis added.)

Sweeting also fails to show that he can truthfully allege that his damages flow from a purported violation of the FCRA that occurred within that statute's two-year limitations period preceding the filing of this action. (See 15 U.S.C., § 1681p.)

In short, Sweeting has not shown that he can truthfully allege all the facts needed to state a viable FCRA cause of action. Hence, he has not borne his burden of demonstrating that the trial court abused its discretion in sustaining GMAC Mortgage's demurrer without leave to amend.

### B. Sweeting Has Not Shown That He Can Allege A Viable Claim Under Civil Code Section 1785.25

The elements of a claim under Civil Code section 1785.25(a) appear to be (1) the defendant furnished inaccurate information about the plaintiff to a consumer credit reporting agency, (2) at the time it did so, the defendant knew or should have known the information was inaccurate, and (3) the plaintiff suffered damage as a result. (Civ. Code, §§ 1785.25(a), 1785.31(a); *Sanai*, 170 Cal.App.4th at pp. 770-771.)

The only "facts" Sweeting's brief suggests he can allege to satisfy these elements are that "the information provided by GMAC is false," and that GMAC "continues to provide false information" to Experian and other credit reporting agencies. (A.O.B., 27.)

Those "facts" might satisfy the first element but the other two. Sweeting does not state facts to show GMAC Mortgage knew or should have known the information it provided was inaccurate—or when it learned or should have learned of the inaccuracy.

As mentioned above, Sweeting's complaint alleges only business loss as damages. (See MA, 3:17-21.) He again cites no authority for recovery of that type of loss under Civil Code section 1785.25, which like the FCRA, is a statute designed to protect consumers, not businesses. Section 1785.31(a) allows recovery only by a "consumer" damaged by a violation of section 1785.25, not a person injured in his or her business capacity.

Moreover, Sweeting fails to tie all these elements together and show that a violation within section 1785.33's two-year limitations period caused him damage. That is, he does not say he can allege facts to show that his business losses (all of which appear to have occurred in a single incident or short period of time) were caused by GMAC Mortgage's furnishing information, which it then knew or should have known to be inaccurate, to a credit reporting agency less than two years before September 21, 2010.

Sweeting's brief does not show that he can truthfully allege all the facts needed to state a viable cause of action under Civil Code section 1785.25. Hence, he has not borne his burden of demonstrating that the trial court abused its discretion in sustaining GMAC Mortgage's demurrer without leave to amend.

# V

# CONCLUSION

For all of these reasons, the Court should affirm the judgment of dismissal.

Dated: December __, 2011.

        SEVERSON & WERSON
        A Professional Corporation


        By_____
                Jan T. Chilton

        Attorneys for Defendant and Respondent
        GMAC Mortgage, LLC

- 1 -

## CERTIFICATE OF BRIEF LENGTH

[California Rules of Court, rule 8.204(c)(1)]

Pursuant to California Rules of Court, rule 8.204(c)(1), I certify that the foregoing brief contains 4,220 words, as shown by the word count function of the computer program used to prepare the brief.

Dated: December __, 2011.

_____
Jan T. Chilton

# PROOF OF SERVICE
**California Court of Appeal, Fourth Appellate District, Division Three**
**Case No. G045198**
(San Diego County Sup. Ct. Case No.: 30-2010-00410079)

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the **Respondent's Brief** on all interested parties in said case addressed as follows:

| | |
|---|---|
| CALIFORNIA SUPREME COURT<br>350 McAllister Street<br>San Francisco, CA 94102 | Four copies |
| ORANGE COUNTY SUPERIOR COURT<br>700 Civic Center Dr. West<br>Santa Ana, CA 92701<br>Attn.: Honorable Randell L. Wilkinson, Judge | Case No. 30-2010-00410079 |
| Robert Sweeting<br>7071 Warner Ave., Unit F81<br>Huntington Beach, CA 92647 | *Plaintiff and Appellant* |

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed in San Francisco, California, on December ___, 2011.

                                                           Marilyn Li