**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

Writer's Direct Contact
212.506.7341
NRosenbaum@mofo.com

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court for the
Southern District of New York
One Bowling Green
New York, New York 10004

Re:   *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) [Docket No. 4200]

Dear Judge Glenn:

As Your Honor is aware, we represent the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases. We write with respect to the *Debtors' Objection to Proofs of Claim Filed by Certain Plaintiffs in California Litigation* [Docket No. 4200] (the "Objection") set for hearing for August 28, 2013 (the "Hearing"). The deadline to respond to the Objection was August 9, 2013 (the "Objection Deadline"). More specifically, we write to inform Your Honor of what we perceive as opposing counsel's recent efforts to avoid the claims resolution process to the detriment of the Debtors' estates and other creditors. As discussed in greater detail herein, since the Objection has now become a contested matter, the Debtors request that the Court hold a status conference with respect to the Objection on August 28, 2013 and adjourn the Hearing to September 24, 2013.

As set forth in detail in the Objection, sixty-one individuals, each represented by purported counsel, Brookstone Law P.C. ("Purported Counsel"), collectively filed 549 claims (the "Initial Claims") prior to passage of the bar date on November 9, 2012. The Initial Claims were filed against <u>nine</u> Debtor entities and, generally speaking, arise from allegations made in an action dismissed in January 2013 by Purported Counsel that was previously pending in the United States District Court, Central District of California—Western Division ("California Action"). The Initial Claims—comprised of a proof of claim form and a single page describing the purported basis for the claims—each assert a claim against the Debtors in the amount of $1.3 million and collectively, aggregate $713.7 million. On July 10, 2013, the Debtors filed the Objection seeking to expunge the Claims from the Debtors' claims register pursuant to Bankruptcy Code section 502(b) on, among others, the ground that the Initial Claims fail to state a single, colorable claim against any of the Debtors under applicable law. The Objection sets out detailed information regarding the procedural history of the California Action.

**MORRISON | FOERSTER**

August 26, 2013
Page Two

Rather than timely respond to the Objection by the Objection Deadline and defend the validity of the Initial Claims, Purported Counsel, without seeking leave from this Court, instead filed sixty new claims against only Residential Capital, LLC on August 9, 2013 in what appears to be an effort to remedy the deficiencies identified by the Debtors in the Objection (the "Late-Filed Claims").[1]  The Late-Filed Claims—filed well after the passage of the bar date—attach an "Amended Complaint in Support of Amended Proof of Claim" (the "Amended Complaint") to support the notion that the Debtors are somehow liable to the claimants to the tune of approximately $79 million (down from the originally asserted $713.7 million).  The Amended Complaint appears to raise several new issues of fact and law and, on its face, asserts eighteen additional claims against the Debtors not previously raised in the California Action or the Initial Claims.  Notwithstanding the submission of the Late-Filed Claims, on August 20, 2013—eleven days after passage of the Objection Deadline—Purported Counsel then filed an opposition to the Objection, alleging, in sum and substance, that the Objection should be overruled because Purported Counsel filed the Late-Filed Claims and the Amended Complaint [Docket No. 4758] (the "Response").

The Debtors assert that the Late-Filed Claims are improper post-bar date amendments and such claims should be expunged without addressing the assertions raised therein.  *See Midland Cogeneration Venture Limited P'ship v. Enron Corp., et al. (In re Enron)*, 419 F.3d 115 (2d Cir. 2005) ("[A]mendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe a claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim.  However, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment."); *see also In re Barquet Group, Inc.*, 477 B.R. 454 (Bankr. S.D.N.Y. 2012).  Even a cursory review of the Late-Filed Claims, when compared against the Initial Claims, reveals their attempt to assert new allegations against the Debtors.  By filing these new claims and designating them as mere amendments approximately nine months after passage of the bar date, sixteen months after commencement of these chapter 11 cases, and just as the Debtors are beginning to solicit creditors support for the joint Chapter 11 plan, Purported Counsel's actions prejudice the Debtors and all of the Debtors' creditors.  The Debtors believe that Purported Counsel's actions are a clear and improper attempt to avoid the defense of his meritless claims, which he voluntarily dismissed in the California Action and now presses in the Bankruptcy Court for a *second* time.  Such conduct should not be permitted.

We are available to answer any questions Your Honor may have.

Very truly yours,

Norman S. Rosenbaum

/DJH

---

[1]      Annexed to this letter is one of the Late-Filed Claims.