**Hearing Date: October 2, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY
SHANE M. HAFFEY AGAINST RESIDENTIAL CAPITAL, LLC
(CLAIM NOS. 2582 AND 4402) PURSUANT TO SECTION 502(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

**PLEASE TAKE NOTICE** that the undersigned have filed the *Debtors'*

*Objection to the Proofs of Claim filed by Shane M. Haffey against Residential Capital,*

*LLC (Claim Nos. 2582 and 4402) Pursuant to Bankruptcy Code Section 502(b) and*

*Bankruptcy Rule 3007* (the "Objection").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take

place on **October 2, 2013 at 10:00 a.m. (Eastern Time)** before the Honorable Martin

Glenn, at the United States Bankruptcy Court for the Southern District of New York,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 16, 2013 at 4:00 p.m. (Eastern Time)**, upon (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, Melissa A. Hager and Erica J. Richards); (b) counsel to Shane M. Haffey, McKeever Law Offices PLLC, P.O. Box, 1181, Isle of Palms, SC 29451 (Attention: Heather Boone McKeever, Esq.); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (f) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (h) counsel for the

2

committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas

Mannal); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand

Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman);

(k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by

overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

5016); and (l) Securities and Exchange Commission, New York Regional Office, 3

World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S.

Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Objection, the Bankruptcy Court may deem

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated:  August 26, 2013
      New York, New York

                        /s/ Norman S. Rosenbaum
                        Gary S. Lee
                        Norman S. Rosenbaum
                        Melissa A. Hager
                        Erica J. Richards
                        MORRISON & FOERSTER LLP
                        1290 Avenue of the Americas
                        New York, New York 10104
                        Telephone: (212) 468-8000
                        Facsimile: (212) 468-7900

                        *Counsel for the Debtors and Debtors in Possession*

**Hearing Date: October 2, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------
)
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,        )    Chapter 11
                                                          )
                                     Debtors.       )    Jointly Administered
                                                          )
--------------------------------------------------------------------------

**DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY SHANE M. HAFFEY**
**AGAINST RESIDENTIAL CAPITAL, LLC (CLAIM NOS. 2582 AND 4402) PURSUANT**
**TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007**

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ............................................................................................ 1

II. JURISDICTION, VENUE, AND STATUTORY PREDICATE ............................................ 3

III    BACKGROUND

    A.    Chapter 11 Cases ......................................................................................... 3

    B.    Claimant's Prior Litigation ......................................................................... 5

        1.    Facts Giving Rise to Prior Litigation ........................................... 5

        2.    The MERS Action ......................................................................... 6

        3.    The Declaratory Judgment Action ............................................... 8

        4.    The Haffey–GMACM Action ....................................................... 9

        5.    The Bluegrass Action .................................................................. 10

        6.    The Foreclosure Action ............................................................... 10

        7.    The Qui Tam Action .................................................................... 13

        8.    Only Appeals Remain Pending ................................................... 13

    C.    Motion for Clarification of Stay ............................................................... 14

    D.    The Proofs of Claim ................................................................................. 15

IV. RELIEF REQUESTED .................................................................................................... 16

V. OBJECTION ..................................................................................................................... 16

    A.    Applicable Legal Standard ........................................................................ 16

    B.    The Proofs Of Claim Are Not Properly Asserted Against Debtor ResCap ......... 17

    C.    The Claims Raised In Each Of The Actions Have All Been Resolved In The Debtors' Favor On The Merits .................................................................. 18

        1.    Res Judicata ................................................................................. 18

        2.    Collateral Estoppel ...................................................................... 20

    D.    Claimant Is A Vexatious Litigant ............................................................. 21

VI. CONCLUSION .................................................................................................................. 22

VII. NOTICE; NO PRIOR REQUEST .................................................................................. 22

## TABLE OF CONTENTS
(continued)

**Page**

**EXHIBITS**

Exhibit 1-A:  Proof of Claim No. 2582

Exhibit 1-B:  Proof of Claim No. 4402

Exhibit 2:  Proposed Order

Exhibit 3:  Delehey Declaration

Exhibit 4:  Objection to Motion for Clarification of Stay [Docket No. 2679]

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. McCurry*,
    449 U.S. 90 (1980)........................................................................................................18, 19

*Burgos v. Hopkins*,
    14 F.3d 787 (2d Cir. 1994).........................................................................................18, 20

*Consolidated Television Cable Serv., Inc. v. City of Frankfort*,
    857 F. 2d 354, 357 (6th Cir. 1988). .................................................................................19

*Denton v. Hyman (In re Hyman)*,
    502 F.3d 61 (2d Cir. 2007) ........................................................................................19, 20

*Done v. Wells Fargo Bank, N.A.*,
    No. 08-CV-3040 (JFB)(ETB), 2009 U.S. Dist. LEXIS 84115, 2009 WL 2959619
    (Sept. 14, 2009)...............................................................................................................18

*Feinberg v. Bank of New York (In re Feinberg)*,
    442 B.R. 215 (Bankr. S.D.N.Y. 2010)............................................................................16

*Huron Holding Corp. v. Lincoln Mine Operating Co.*,
    312 U.S. 183 (1941).........................................................................................................19

*In re Adelphia Communications Corp.*,
    Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ........16

*In re Allegheny International, Inc.*,
    954 F.2d 167 (3d Cir. 1992).............................................................................................16

*In re Hess*,
    404 B.R. 747 (Bankr. S.D.N.Y. 2009).............................................................................17

*In re Oneida Ltd.*,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v.
    Oneida Ltd., Case No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,
    2010) ................................................................................................................................16

*In re Rockefeller Center Properties*,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
    Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
    App'x. 40 (2d Cir. 2002) .................................................................................................16

*In re W.R. Grace & Co.*,
    346 B.R. 672 (Bankr. D. Del. 2006) ...............................................................................17

*NAACP, Detroit Branch v. Detroit Police Officers Ass'n*,
    821 F.2d 328, 330 (6th Cir. 1987). ........................................................................................20

*Newman v. Newman*,
    451 S.W.2d 417, 419 (Ky. 1970) ...........................................................................................19

*Niles v. Wilshire Investment Group, LLC*,
    859 F. Supp. 2d 308 (E.D.N.Y. 2012) ...................................................................................18

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979) ...............................................................................................................20

*Stoll v. Gottlieb*,
    305 U.S. 165 (1938)................................................................................................................19

*Vanston Bondholders Protective Committee v. Green*,
    329 U.S. 156 (1946)................................................................................................................17

**STATUTES**

11 U.S.C. § 101(5) ..........................................................................................................................17

11 U.S.C. § 502(a) ..........................................................................................................................16

11 U.S.C. 502(b)(1) ...................................................................................................................16, 17

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC ("**ResCap**") and its affiliated debtors in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"),[1] as debtors and debtors in possession (collectively, the "**Debtors**"),[2] hereby file this objection (the "**Objection**") seeking to disallow and expunge Claim Nos. 2582 (the "**First Proof of Claim**") and 4402 (the "**Second Proof of Claim**" and, collectively, the "**Proofs of Claim**," copies of which are attached hereto as Exhibit 1-A and 1-B, respectively) each filed by Shane M. Haffey ("**Claimant**") against ResCap pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on the grounds that the Proofs of Claim: (a) are not properly asserted against ResCap, and (b) fail to state a basis for liability against the Debtors.[3]   The Debtors seek the entry of an order, substantially in the form annexed hereto as Exhibit 2, granting the requested relief.  In support of the Objection, the Debtors rely upon and incorporate by reference the Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital, LLC, dated August 26, 2013 (the "**Delehey Decl.**"), annexed hereto as Exhibit 3.  In further support of the Objection, the Debtors respectfully represent as follows:

## I.   PRELIMINARY STATEMENT

1.   By the Objection, the Debtors seek to disallow and expunge the Proofs of Claim filed by Claimant, each alleging at least $5 million in claims against Debtor ResCap, as to

---

[1]   Creditors and parties-in-interest with questions or concerns regarding the Debtors' chapter 11 cases or the relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[2]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[3]   The Debtors reserve all of their rights to object on any other basis to the Proofs of Claim not set forth in this Objection, and the Debtors reserve all of their rights to amend this Objection should any further bases come to light.

which the Debtors have no liability.  The Proofs of Claim identify the basis for the claims as "Document Fraud, forgery, fraud on the court" and "QUI TAM Document Fraud, Document Forgery, Slander of Title, Quiet title, Fraud on the Court" and attach in support various documents and pleadings from other cases.  Each of the causes of action asserted in the Proofs of Claim arise out of the 2007 refinancing of a $1 million mortgage loan by Claimant and his wife and counsel, Heather Boone McKeever ("**McKeever**" and together with Claimant, "**Borrowers**"), which loan was serviced by GMAC Mortgage LLC ("**GMACM**") in its capacity as servicer.

2.     Beginning in 2008, Borrowers have filed four separate lawsuits against various Debtor and non-debtor entities in Kentucky State Court.  All of the actions were eventually removed to the United States District Court for the Eastern District of Kentucky (the "**District Court**"), and several are now on appeal to the United States Court of Appeals for the Sixth Circuit (the "**Sixth Circuit**").  These actions seek to quiet title and prevent any number of entities from enforcing the terms of the mortgage loan against Borrowers.  Additionally, GMACM, on behalf of itself or others, has filed two lawsuits in the District Court, one in response to Borrowers' various actions, and the other seeking to foreclose the mortgage on behalf of Deutsche Bank Trust Company Americas ("**Deutsche Bank**"), as trustee.

3.     To date, all of Borrowers' claims asserted against the Debtors have been conclusively resolved in the Debtors' favor.  Despite his inability to assert <u>any</u> viable claims, as established by the dispositive rulings of the District Court in six separate lawsuits (collectively, the "**Actions**"), Claimant filed the Proofs of Claim asserting $5 million in claims based on the very same failed legal theories.  The claims asserted in the Proofs of Claim are barred by the doctrines of res judicata and collateral estoppel, and do not establish any liability of the Debtors

to Claimant.  Moreover, the filing of these meritless Proofs of Claim by Claimant, who has an

established history as a vexatious litigant, appear to be yet another attempt to harass the Debtors

through abusive legal tactics.  Accordingly, the Proofs of Claim should be disallowed and

expunged in their entirety.

## II.    JURISDICTION, VENUE, AND STATUTORY PREDICATE

4.    This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.

Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

5.    The statutory predicates for the relief requested herein are Bankruptcy

Code section 502(b) and Bankruptcy Rule 3007(a).

## III.    BACKGROUND

### A.    Chapter 11 Cases

6.    On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition with the Bankruptcy Court for the Southern District of New York (the

"**Court**") under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**").

Since the Petition Date, the Debtors have operated their businesses and managed their properties

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These

cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been

appointed in the Chapter 11 Cases.

7.    On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors (the "**Creditors**

**Committee**").

8.    On June 20, 2012, the Court directed that an examiner (the "**Examiner**")

be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner

[Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket No.

-3-

3698] and on June 26, 2013, the Examiner's report was unsealed and made available to the public [Docket No. 4099].

9.      On July 3, 2012, the Debtors filed their Schedules of Assets and Liabilities (collectively, as amended, the "**Schedules**") and listed the claims of their known prepetition creditors therein.  The Qui Tam Action (defined below) and the Deutsche Bank Action (defined below) are both listed as unsecured claims on GMACM's Schedule F-3 "General Litigation" and scheduled as contingent, unliquidated, and disputed in an unknown amount [Docket No. 685].

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 cases and (b) maintain an official claims register for the Debtors.

11.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "**Bar Date Order**").[4]

12.     On March 21, 2013, the Court entered an order (the "**Procedures Order**") [Docket No. 3294] approving, among other things, certain procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "**Borrower Claims**," and the procedures relating thereto, the "**Borrower Claims Procedures**").  Based on

---

[4]      The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.  To date, approximately 6,890 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

ny-1097079

substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("**Special Counsel**"), the Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claims Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "**Request Letter**"). (*See* Procedures Order at 4).

13.    The Debtors determined, in consultation with Special Counsel, that no Request Letter was required to be sent to Claimant under the Borrower Claims Procedures.

### B.    Claimant's Prior Litigation[5]

#### 1.    Facts Giving Rise to Prior Litigation

14.    Borrowers are borrowers under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $1,000,000, which was executed on May 18, 2007, in favor of Bank of the Bluegrass & Trust Company (the "**Bank of the Bluegrass**"), and was secured by a mortgage (the "**Mortgage**") on property located at 3250 Delong Road in Lexington, Kentucky (the "**Property**"). Delehey Decl. ¶ 5. The Mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Bank of the Bluegrass. *Id*. GMACM began servicing the Loan on July 1, 2007, and continued to service the Loan until the sale and transfer of GMACM's loan servicing rights to Ocwen Loan Servicing, LLC on February 15, 2013. *Id*.

---

[5]    The procedural history described below was initially provided to the Court in the Debtors' objection to Claimant's Motion for Clarification of Stay (defined below), filed on January 22, 2013 [Docket No. 2679] (the "**Objection to Motion for Clarification of Stay**"). Copies of the relevant pleadings were attached thereto and the Objection to Motion for Clarification of Stay, including exhibits, is reattached as **Exhibit 4** hereto.

15.     On or about October 15, 2008, Borrowers sent a letter to GMACM, MERS, and Bank of the Bluegrass purporting to rescind the Loan and Mortgage pursuant to the Truth-in-Lending Act ("**TILA**").  Delehey Decl. ¶ 6.  Borrowers have made no payments on the Loan after that date.  *Id*.

16.     On November 7, 2008, GMACM notified Borrowers that, based on its review of the Borrowers' Loan file, the purported rescission was baseless and GMACM would not rescind the Loan.  Delehey Decl. ¶ 7.

17.     On September 25, 2009, MERS assigned its interest in the Note and Mortgage to Deutsche Bank Trust Company, which assignment was recorded on October 7, 2009.  Delehey Decl. ¶ 8.

18.     The Loan, including the assignment of the Mortgage to MERS has been the subject of no less than six cases in the District Court, several of which are now on appeal to the Sixth Circuit.  A chart summarizing the status of each of the Actions, including a description of the parties thereto and any appeals, is attached as <u>Exhibit A</u> to the Delehey Decl.  On October 14, 2009, the District Court consolidated several of those related cases.  *See McKeever v. Mortg. Elec. Registration Sys., Inc.*, No. 08-cv-456-JBC-JBT (E.D. Ky. Oct. 14, 2009), ECF Nos. 27-29.  Although the Debtors are only party to two of the related cases, each of the cases is described separately below, as the Proofs of Claim appear to assert claims that have already been addressed (or could, and should, have been addressed) in each of those cases.

### 2.     The MERS Action

19.     On or about October 21, 2008, Borrowers filed a complaint (the "**MERS Complaint**") in the Kentucky State Court, commencing an action against MERS, captioned *McKeever, et al. v. Mortg. Elec. Registration Sys., Inc., et al.*, No. 08-CI-5375 (the "**MERS Action**").  Delehey Decl. ¶ 9.  The MERS Action sought to quiet title to prevent MERS and any

unknown defendants from enforcing the Mortgage on the Property. *See* MERS Complaint. Although the MERS Complaint did not name any Debtor entities as defendants, it alleges claims based on the Loan (*see id.*), which was serviced by GMACM, and the MERS Action was eventually procedurally consolidated with a number of other related actions, two of which did name Debtor defendants, as set forth below.

20.    On November 7, 2008, defendant MERS removed the MERS Action to the District Court. Delehey Decl. ¶ 10. The MERS Action was docketed at Case No. 08-cv-456-JBC-JBT. *Id.*

21.    On March 16, 2010, the MERS Action was dismissed with prejudice and, on April 16, 2010, Borrowers appealed the order of dismissal to the Sixth Circuit. Delehey Decl. ¶ 11. The appeal, Case No. 10-5999 (the "**Consolidated Appellate Docket**"), was referred to mediation and ultimately consolidated, for briefing purposes, with other two appeals described below (Case Nos. 10-6249 and 12-5802). *Id.*

22.    As of the date hereof, the appeal of the MERS Action remains pending.[6] Delehey Decl. ¶ 12. Under a briefing schedule set by the Sixth Circuit on June 19, 2013, briefing is due to be completed no later than September 20, 2013. *Id.*

---

[6]    Notwithstanding the imposition of the automatic stay upon the commencement of the Debtors' Chapter 11 cases, each of the Actions involving Debtors, including the appeals, have continued post-petition pursuant to the relief granted in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] and the *Order Granting in Part and Denying in Part Scheduled Creditor's Motion for the Clarification/Enforcement of the Automatic Stay Against the Debtors, Co-Creditor Deutsche Bank Americas and Counsel* [Docket No. 3647].

ny-1097079

### 3.    The Declaratory Judgment Action

23.    On November 7, 2008, GMACM filed a complaint (the "**Declaratory Complaint**") against Borrowers in the District Court on behalf of Deutsche Bank, as trustee, captioned *GMAC Mortg., LLC v. McKeever, et al.*, No. 08-cv-459-JBC-REW (E.D. Ky. Nov. 7, 2008) (the "**Declaratory Judgment Action**").  Delehey Decl. ¶ 13.  Although the Declaratory Judgment Action was originally brought in GMACM's name, Deutsche Bank, as trustee, was substituted as the plaintiff on May 14, 2010.  *Id.*  Borrowers did not object to or appeal the substitution of Deutsche Bank, as plaintiff in the Declaratory Judgment Action.  *Id.*

24.    The Declaratory Judgment Action sought a determination that the October 15, 2008 letter from Borrowers to GMACM purporting to rescind the Mortgage was ineffective, and that the Mortgage remained enforceable against Borrowers and the Property.  *See* Declaratory Complaint.

25.    On January 23, 2012, the District Court granted Deutsche Bank's motion for summary judgment filed in the Declaratory Judgment Action.  Delehey Decl. ¶ 14.

26.    On June 1, 2012, Borrowers' motion for reconsideration of the grant of summary judgment in Deutsche Bank's favor was denied and, on the same day, a Final Judgment was entered in favor of Deutsche Bank, as trustee.  Delehey Decl. ¶ 15.  On June 30, 2012, Borrowers filed a notice of appeal of the Final Judgment.  *Id.*  The appeal has been docketed in the Sixth Circuit at Case No. 12-5802.  *Id.*

27.    On October 3, 2012, this appeal was consolidated for briefing purposes under Case No. 10-5999.  Delehey Decl. ¶ 16.

28.    On June 19, 2013, this appeal was severed from the other pending Sixth Circuit appeals and briefing is being held in abeyance pending a ruling on Deutsche Bank's motion to remand or dismiss the appeal (the "**Motion to Dismiss Appeal**"), in order to allow the

-8-

District Court to enter a final judgment in the Foreclosure Action (defined below).  Delehey
Decl. ¶¶ 17-18; ¶¶ 44-46 *infra*.

### 4.    The Haffey–GMACM Action

29.    On November 21, 2008, Borrowers filed a complaint (the "**Haffey-
GMACM Complaint**") in the Kentucky State Court, commencing an action against MERS and
GMACM, captioned *Haffey, et al. v. Mortg. Elec. Registration Sys., Inc., et al.*, No. 08-CI-5970
(Cir. Ct. Fayette Cnty. Nov. 21, 2008).  Delehey Decl. ¶ 19.  On December 15, 2008, that case
was removed to the District Court and is docketed under Case No. 08-cv-510-JBC (E.D. Ky.
Dec. 15, 2008). (the "**Haffey-GMACM Action**").  *Id*.  The Haffey–GMACM Complaint
asserted twelve causes of action against GMACM and certain non-debtor parties including
MERS, ranging from violations of the federal TILA, RESPA, HOEPA, FDCPA, and RICO
statutes, to fraud and violations of Kentucky state consumer protection laws.  *See* Haffey-
GMACM Complaint.

30.    On September 4, 2009, the District Court granted GMACM's motion to
dismiss and, later, on June 29, 2010, the District Court granted MERS' motion for summary
judgment.  Delehey Decl. ¶ 20.  These orders were embodied by a judgment, entered on June 29,
2010, dismissing the Haffey–GMACM Complaint with prejudice.  *Id*.

31.    On July 26, 2010, Borrowers filed a motion for reconsideration, which
was denied on September 13, 2010.  Delehey Decl. ¶ 21.

32.    On October 12, 2010, Borrowers filed a notice of appeal from the District
Court's orders (a) granting MERS' motion for summary judgment and (b) denying Borrowers'
motion for reconsideration.  Delehey Decl. ¶ 22.  The appeal is pending in the Sixth Circuit at
Case No. 10-6249.  *Id*.

33.     On December 6, 2010, the Sixth Circuit consolidated this appeal, for briefing purposes, with Case No. 10-5999.  Delehey Decl. ¶ 23.

34.     As of the date hereof, the appeal remains pending.  Delehey Decl. ¶ 24. Under a briefing schedule set by the Sixth Circuit on June 19, 2013, briefing is due to be completed no later than September 20, 2013.  *Id.*

### 5.     The Bluegrass Action

35.     On July 6, 2009, Borrowers filed yet another complaint (the "**Bluegrass Complaint**") related to the Mortgage (the "**Bluegrass Action**") in the Kentucky State Court, captioned *Haffey v. Allen* (Cir. Ct. Fayette Cnty. July 6, 2009). Delehey Decl. ¶ 25.   The Bluegrass Action was removed to the District Court on July 27, 2009 and was docketed at Case No. 09-cv-255-JBC (E.D. Ky. July 27, 2009).  *Id.*  The Bluegrass Action did not name any of the Debtors as defendants.  *See* Bluegrass Complaint.  The Bluegrass Complaint was nearly identical to the Haffey-GMACM Complaint, except that it included an additional cause of action for breach of contract and rescission.  *Compare* Bluegrass Complaint *with* Haffey-GMACM Complaint.

36.     The Bluegrass Action was dismissed without prejudice on May 24, 2010. Delehey Decl. ¶ 26.

### 6.     The Foreclosure Action

37.     On November 12, 2009, Deutsche Bank, as trustee, commenced a foreclosure action against the Borrowers in the District Court, captioned *Deutsche Bank Trust Co. Ams. v. Haffey, et. al.*, No. 09-cv-362-JBC (E.D. Ky. Nov. 12, 2009) (the "**Foreclosure Action**"), seeking to enforce the Mortgage against Borrowers and the Property.  Delehey Decl. ¶ 27.

38.    On February 9, 2010, McKeever (but not Claimant) filed a counter-claim and third-party complaint (the "**Counter-complaint**") in the Foreclosure Action naming Deutsche Bank, GMACM, Debtor Residential Accredit Loans, Inc. ("**RALI**"), Debtor Residential Funding Company, LLC ("**RFC**"), Bank of the Bluegrass and several of its employees individually, MERS, and MERSCORP as defendants. Delehey Decl. ¶ 28. The counter-complaint asserted counterclaims and third-party claims—including third-party claims against GMACM—many of which were identical to those asserted in the Haffey-GMACM Action. *Compare* Counter-complaint *with* Haffey-GMACM Complaint.

39.    A motion to dismiss filed by Deutsche Bank, as trustee, and GMACM and its affiliated defendants, RALI and RFC, was granted on June 22, 2010. Delehey Decl. ¶ 29.

40.    After the District Court dismissed the third party claims against four other codefendants, Borrowers filed a motion for reconsideration. Delehey Decl. ¶ 30. On September 13, 2010, the District Court granted the motion for reconsideration as to certain third-party RESPA claims against GMACM, but denied the motion for reconsideration as to the rest of the counterclaims and third-party claims. *Id*.

41.    On October 12, 2010, Borrowers filed a notice of appeal of the District Court's initial order dismissing all but one of their third-party claims against GMACM, as well as the District Court's partial denial of Borrowers' motion for reconsideration. Delehey Decl. ¶ 31. The appeal has been docketed with the Sixth Circuit under case number 10-6249. *Id*. As of the date hereof, this appeal from the Foreclosure Action remains pending. *Id*.

42.    On November 8, 2010, the District Court granted GMACM's motion to dismiss the sole remaining third-party RESPA claim that was still pending against GMACM

after the District Court granted in part Borrowers' motion for reconsideration. Delehey Decl. ¶ 32.

43.     On January 23, 2012, the District Court granted Deutsche Bank's motion for summary judgment on its affirmative foreclosure claim. Delehey Decl. ¶ 33. Thereafter, on June 1, 2012, the District Court denied Borrowers' motion to reconsider its order granting Deutsche Bank summary judgment and entered what was designated a final judgment in the lead case—the Declaratory Judgment Action (Case No. 08-459). *Id.* The judgment, however, did not specifically reference the Foreclosure Action. *Id.*

44.     On June 28, 2012, Deutsche Bank, as trustee, filed a Motion for Judgment, Order of Sale, Appointment of Master, and Attorneys' Fees (the "**Motion for Judgment**"), seeking to obtain entry of a final judgment in the Foreclosure Action that incorporated, among other things, a specific judgment amount. Delehey Decl. ¶ 34.

45.     As noted above, Borrowers filed a notice of appeal in the Declaratory Judgment Action on June 30, 2012. Delehey Decl. ¶¶ 15, 35. Although it does not appear that the notice of appeal filed by Borrowers applies to the Foreclosure Action,[7] the District Court determined that it lacked jurisdiction to address the Motion for Judgment during the pendency of the appeal and denied it without prejudice on September 27, 2012. *Id.* at ¶ 35.

46.     On June 11, 2013, Deutsche Bank filed the Motion to Dismiss Appeal, seeking dismissal or remand of the Declaratory Judgment Action in order to allow the District Court to enter a final judgment on the Motion for Judgment in the Foreclosure Action. Delehey Decl. ¶ 36.

---

[7]    The notice purports to have been filed under the docket number for the Declaratory Judgment Action; it does not reference the Foreclosure Action, and the docket for the Foreclosure Action does not reflect an appeal from that action.

### 7.    The Qui Tam Action

47.    On or about May 10, 2011, Claimant filed a complaint (the "**Qui Tam Complaint**") against Deutsche Bank, Gentry Mechanical Systems, Inc., State Farm Bank, F.S.B., and individual Patricia Kelleher (a former GMACM employee) in the Kentucky State Court, commencing an action captioned *Haffey, et al. v. Gentry Mech. Sys., Inc., et al.*, No. 11-CI-2480.  Delehey Decl. ¶ 37.  On June 3, 2011, that action was removed to the District Court and assigned Case No. 5:11-cv-188 (the "**Qui Tam Action**").  *Id*.  No Debtor was a party to the Qui Tam Action.  *Id*.

48.    The Qui Tam Complaint, like each of the other actions commenced by Borrowers, asserted claims arising out of the Mortgage assignment from MERS to Deutsche Bank relating to the Property.  *See* Qui Tam Complaint.  Specifically, the Qui Tam Complaint asserted causes of action for quiet title to the Property, as well as damages for various fraud-based claims.  *Id*.

49.    On January 12, 2012, the District Court dismissed the claims asserted against Ms. Kelleher.  Delehey Decl. ¶ 38.

50.    On March 2, 2012, the District Court granted a motion of Deutsche Bank, as trustee, for judgment on the pleadings, and dismissed the Qui Tam Action with prejudice. Delehey Decl. ¶ 39.  On October 3, 2012, the District Court denied Borrowers' motion to alter or amend the judgment, and entered judgment in favor of Deutsche Bank, as trustee.  *Id*.

### 8.    Only Appeals Remain Pending

51.    As of the date hereof, the only remnants of the Actions against GMACM and numerous other defendants are appeals.  Delehey Decl. ¶ 40.  In each of the Actions filed by Borrowers, (a) all claims have been dismissed or (b) judgment has been entered against

Borrowers.  Borrowers have filed four appeals in connection with the various adverse rulings by the District Court and those appeals are pending in the Sixth Circuit.

52.    The only Actions on appeal in which the Debtors are named as parties are the Foreclosure Action and the Haffey–GMACM Action.  Delehey Decl. ¶ 40.  Of those two Actions, Claimant is not a party to the Counter-complaint that is the subject of the appeal in the Foreclosure Action.  *Id.*

53.    The appeals of the MERS Action and Haffey-GMACM Action have been consolidated for briefing purposes.  Delehey Decl. ¶¶ 16, 23.  The appeals of the Declaratory Judgment Action and Foreclosure Action were previously consolidated with the other Sixth Circuit appeals, but have been severed and held in abeyance pending a decision on Deutsche Bank's Motion to Dismiss Appeal.  *Id.* at ¶¶ 16, 18.

54.    On October 3, 2012, the Sixth Circuit denied a motion by Borrowers to the extent that the motion requested to hold the cases in abeyance pending the completion of the Debtors' bankruptcy cases.  *GMAC Mortg., LLC v. McKeever*, No. 12-5802 (6th Cir. Oct. 3, 2012).  Delehey Decl. ¶ 41.

### C.    Motion for Clarification of Stay

55.    On August 17, 2012, Claimant, through McKeever, as his attorney, filed the *Scheduled Creditor's Motion for the Clarification/Enforcement of the Automatic Stay Against the Debtors, Co-Creditor Deutsche Bank Americas and Counsel,* filed by Claimant in these Chapter 11 cases, [Docket No. 1227] (the "**Motion for Clarification of Stay**").  By the Motion for Clarification of Stay, Claimant sought a declaratory judgment of the Court that the automatic stay applied to each of the pending Actions, or, in the alternative, the issuance of an injunction enjoining their continuation.

-14-

56.    On May 8, 2013, the Court entered an order [Docket No. 3647] granting in part and denying in part the Motion for Clarification of Stay, pursuant to which the Court modified the automatic stay for the limited purpose of allowing each of the Actions and the Sixth Circuit appeals to proceed to completion, including permitting Deutsche Bank to seek remand of the Foreclosure Action for the purpose of obtaining a final judgment and order of sale.

**D.    The Proofs of Claim**

57.    On or about November 8, 2012, Claimant, through McKeever, as his attorney and purported authorized agent, filed the First Proof of Claim asserting a claim solely against ResCap in the amount of "$5,000,000.00+" and asserting the basis for claim to be "Document Fraud, forgery, fraud on the Court."  See Exhibit 1-A.  In support, the First Proof of Claim attaches the Motion for Clarification of Stay, including the exhibits appended thereto, which consisted of the following:

- "*Declaration of Shane Haffey*" dated December 12, 2011 and initially filed in the Declaratory Judgment Action;

- "*Declaration of Creditor*'s *Counsel Heather Boone McKeever, Esq.*" dated August 16, 2012;

- Documentation relating to Claimant's Loan and initially filed in the Foreclosure Action; and

- A March 9, 2012, press release regarding a settlement between the United States Attorney for the District of South Carolina and certain mortgage loan servicers of certain claims arising under the South Carolina False Claims Act.

58.    On or about November 8, 2012, Claimant, through McKeever, as his attorney and purported authorized agent, also filed the Second Proof of Claim asserting a claim solely against ResCap in the amount of "$5,000,000.00+" and asserting the basis for claim to be "QUI TAM Document Fraud, Document Forgery, Slander of Title, Quiet title, Fraud on the Court."  See Exhibit 1-B.  In support, the Second Proof of Claim attaches page 9 of the Motion

-15-

for Clarification of Stay, which was apparently intended to be a summary of causes of action asserted in the Qui Tam Action, and the exhibits to the Motion for Clarification of Stay.

## IV.    RELIEF REQUESTED

59.    The Debtors file this Objection pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and seek the entry of an order, substantially in the form annexed hereto as Exhibit 2, disallowing and expunging the Proofs of Claim from the claims register maintained in these Chapter 11 Cases.

## V.    OBJECTION

### A.    Applicable Legal Standard

60.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom.*, *Peter J. Solomon Co., L.P. v. Oneida Ltd.*, No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), *aff'd sub nom.*, *NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.)*, 266 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. App'x. 40 (2d Cir. 2002).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

61.    Further, Bankruptcy Code section 502(b)(1) provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

-16-

property of the debtor, under any agreement or applicable law. . . ." 11 U.S.C. § 502(b)(1).

Whether a claim is allowable "generally is determined by applicable nonbankruptcy law." *In re*

*W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006). "What claims of creditors are

valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question

which, in the absence of overruling federal law, is to be determined by reference to state law."

*In re Hess*, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting *Vanston Bondholders Protective*

*Comm. v. Green*, 329 U.S. 156, 161 (1946)).

62.     Here, the Debtors object to the Proofs of Claim on the basis that, after reviewing

the Debtors' books and records, the supporting documentation attached to each of the Proofs of

Claim, and the orders entered in each of the Actions, (a) the Proofs of Claim are not properly

asserted against Debtor ResCap, and (b) even if the Proofs of Claim were filed against a Debtor

that was a party to one of the Actions, no liability exists against such Debtors with respect to the

Proofs of Claim.  Delehey Decl. ¶ 42.  For the reasons set forth below, the Proofs of Claim fail to

state a claim against any of the Debtors under applicable law and should be disallowed and

expunged in their entirety.

### B.    The Proofs Of Claim Are Not Properly Asserted Against Debtor ResCap

63.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a

bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability.  See

11 U.S.C. § 101(5).  Likewise, section 502(b)(1) of the Bankruptcy Code provides, in relevant

part, that the Court shall allow a claim except to the extent that "such claim is unenforceable

against the debtor and property of the debtor, under any agreement or applicable law for a reason

other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

-17-

64.     Claimant filed each of the Proofs of Claim for $5 million solely against Debtor ResCap.  However, the supporting documentation annexed to each Proof of Claim relates to some or all of the Actions.  ResCap was not a party to any of the Actions.  There is no explanation whatsoever as to why the Proofs of Claim are properly asserted against Debtor ResCap.  The Debtors believe the Proofs of Claim are not enforceable against Debtor ResCap under any applicable law or agreement.  Additionally, the Debtors' books and records reflect no liability due and owing to Claimant by ResCap.

### C.     The Claims Raised In Each Of The Actions Have All Been Resolved In The Debtors' Favor On The Merits

65.     Even if the Proofs of Claim had been filed against GMACM, RALI, or RFC, the only Debtors party to any of the Actions, the Proofs of Claim are an attempt to re-litigate issues that have already been judicially determined by the District Court and consequently should be disallowed and expunged under the doctrines of *res judicata* and collateral estoppel.

### 1.     *Res Judicata*

66.     *Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90 (1980)); *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012) ("In applying the doctrine of res judicata, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court.") (internal quotation marks and citations omitted).  "All litigants, including pro se plaintiffs, are bound by the principles of res judicata."  *Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040 (JFB)(ETB), 2009 U.S. Dist. LEXIS 84115, 2009 WL 2959619, at *3 (Sept. 14, 2009).

-18-

67.     Under both federal common law and Kentucky state law,[8] r*es judicata*
applies where (1) there is a previous adjudication on the merits; (2) the previous action involved
the party against whom *res judicata* is invoked or its privy; and (3) the claims involved were or
could have been raised in the previous action.  *Allen v. McCurry*, 449 U.S. at 94; *Newman v.
Newman*, 451 S.W.2d 417, 419 (Ky. 1970).

68.     Each of the elements for *res judicata* exists here.  <u>First</u>, each of the prior
judgments in the Debtors' favor in the Actions operate as a final judgment on the merits in the
respective cases, notwithstanding the fact that certain of those judgments are now on appeal.
*See, e.g.*, *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) ("[I]n
the federal courts the general rule has long been recognized that while appeal with proper
supersedeas stays execution of the judgment, it does not—until and unless reversed—detract
from its decisiveness and finality. . . ." (citations omitted)).  <u>Second</u>, Claimant is a named party
in each of the Actions and the Proofs of Claim.  And <u>third</u>, the claims involved in the Proofs of
Claim arise from the same transactions at issue in the Actions—Claimants' purported rescission
of the Mortgage and the subsequent foreclosure on the Loan.  Indeed, the only documentation
supporting the Proofs of Claim are documents:   (a) describing causes of action previously
asserted in certain of the Actions, (b) previously filed in certain of the Actions, (c) previously
filed in this Court as attachments to the Motion for Clarification of the Stay, which sought
clarification of the automatic stay as it related to the Sixth Circuit appeals and that have no

---

[8]     The preclusive effect of a judgment issued by a federal court exercising federal question jurisdiction is
determined by federal preclusion law.  *Stoll v. Gottlieb*, 305 U.S. 165 (1938).  When a federal court exercises
diversity of citizenship jurisdiction, however, some jurisdictions follow the rule that the preclusive effect of its
judgment should be determined by the preclusion law of the state in which the court is located.  The Sixth Circuit
has not distinguished between the two types of federal jurisdiction in analyzing preclusion issues, but has noted that
Kentucky courts and the Sixth Circuit define the doctrine of res judicata, also known as claim preclusion, in
essentially the same way.  *Consolidated Television Cable Serv., Inc. v. City of Frankfor*t, 857 F. 2d 354, 357 (6th
Cir. 1988).

bearing on the Debtors' liability to Claimant under the Proofs of Claim, and (c) a press notice

that has no bearing on the Debtors' liability to Claimant under the Proofs of Claim. Accordingly,

the claims set forth in the Proofs of Claim are barred on the basis of *res judicata*.

### 2.    Collateral Estoppel

69.    "Under collateral estoppel, once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first case." *Burgos v. Hopkins*, 14 F.3d at 789

(quoting *Allen v. McCurry*, 449 U.S. at 94). Federal common law allows the application of the

doctrine where (1) the issue at stake is identical to the one involved in the prior litigation; (2) the

issue has been actually litigated in the prior litigation; and (3) the determination of the issue in

the prior litigation has been a critical and necessary part of the judgment in that earlier action.

*See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Similarly, under Kentucky law,

collateral estoppel requires that (1) the precise issue raised in the present case must have been

raised and actually litigated in the prior proceeding; (2) determination of the issue must have

been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have

resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought

must have had a full and fair opportunity to litigate the issue in the prior proceeding. *NAACP,

Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th Cir. 1987).

70.    As noted above, the Proofs of Claim necessarily are based on the same issues of

fact and law that were at issue in the Actions because all of the supporting documentation for the

Proofs of Claim relate to the Actions, each of which were decided in the Debtors' favor by the

District Court. Claimant was a party in each of the Actions and is the party asserting the Proofs

of Claim here. Thus, Claimant had a full and fair opportunity to litigate the issues in the prior

cases.  Accordingly, the claims set forth in the Proofs of Claim are barred on the basis of collateral estoppel.

### D.    Claimant Is A Vexatious Litigant

71.    As described above, Claimant has been engaged in various state law litigation matters with certain of the Debtors for approximately the last five years, during which time, Claimant has filed various motions, objections, notices, and other filings aimed at the Debtors.  On one occasion, both Claimant and McKeever have been found to be in violation of Federal Rule of Civil Procedure 11 (“**Rule 11**”).  Specifically, Borrowers have asserted identical claims/counterclaims against the Debtors and/or MERS/Deutsche Bank in five separate cases (excluding only the Declaratory Judgment Action).  Delehey Decl. ¶ 43.  The District Court first dismissed Borrowers’ claims in the Haffey-GMACM Action on September 4, 2009 (Dkt. No. 17).  *Id*.  Thereafter, each and every one of Borrowers’ other claims were dismissed under the *res judicata* and law of the case doctrines.  *Id*.  Following each such dismissal, Borrowers filed meritless and nonsensical motions to reconsider and motions to vacate or amend, which substantially increased the cost of defending these claims.  *Id*.  A detailed summary of Borrowers’ vexatious tactics is set forth in GMACM’s motion for costs pursuant to Rule 11, which was filed on April 5, 2010 in the Declaratory Judgment Action.  *See* GMAC Mortgage, LLC’s Motion for Costs, Case 08-459, ECF No. 40, a copy of which is annexed to the Delehey Decl. as <u>Exhibit F</u>.  This motion was granted by the District Court and a sanctions award entered against Borrowers upon the District Court’s finding that Borrowers intended to use the litigation to harass GMACM.  <u>See</u> Memorandum Opinion and Order, Case 08-459, ECF No. 115, a copy of which is annexed to the Delehey Decl. as <u>Exhibit G</u>.  These tactics forced the Debtors to continue to expend substantial attorneys’ fees and costs in responding to each of Borrowers’

-21-

meritless filings in order to ensure that their position was documented and that their interests remained adequately protected. Delehey Decl. ¶ 43.

72.     The Debtors believe that Claimant is a vexatious litigant who is misusing the judicial process in an effort to recover significant funds from the Debtors to which he is not entitled. The Proofs of Claim were filed in furtherance of these improper tactics, which should not be countenanced by this Court, and should be disallowed and expunged.

## VI.    CONCLUSION

73.     In light of the foregoing, the Debtors have determined that the Proofs of Claim do not establish any basis on which the Debtors would be liable to Claimant in connection with any of the Actions. The Debtors also reviewed their books and records and have ascertained no other basis for which they are liable to Claimant. Unless the Proofs of Claim are disallowed and expunged, Claimant—who does not hold a valid claim against the Debtors—would be entitled to recover from the Debtors' estates unjustifiably, to the extreme detriment of other creditors in these Chapter 11 Cases. Accordingly, the Debtors object to each of the Proofs of Claim and request that it be disallowed and expunged in its entirety.

## VII.    NOTICE; NO PRIOR REQUEST

74.     The Debtors have provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

75.     No previous request for the relief sought in this Objection has been made by the Debtors to this or any other court

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially in the form of <u>Exhibit 2</u> attached hereto, (i) disallowing and expunging the Proofs of Claim; and (ii) granting such other and further relief as is just and proper.

Dated:  August 26, 2013
      New York, New York

<div style="margin-left:40%">

/s/  Norman S. Rosenbaum
_____
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

</div>

-23-