## **Exhibit 1-B**

**Proof of Claim No. 4402**

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY **COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Shane M. Haffey**

Name and address where notices should be sent:

Heather Boone McKeever
MCKEEVER LAW OFFICES PLLC
P.O. Box 1181
Isle of Palms, SC 29451

Telephone number: 843-323-1174     email: foreclosurefraud@insightbb.com

Name and address where payment should be sent (if different from above):

Telephone number:          email:

RECEIVED
NOV 15 2012
KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:** $ **5,000,000.00+**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** QUI TAM Document Fraud, Document Forgery, Slander of Title, Quiet title, Fraud on the Court
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: Haffey QUI TAM v. Gentry 11-cv-188 (See instruction #3a) | 3b. Uniform Claim Identifier (optional): GMAC KY QUI TAM SLANDER OF TITLE (See instruction #3b) |
|---|---|---|
| __ __ __ __ | | |

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____     Basis for perfection: _____

Amount of Secured Claim: $_____     Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☐ I am the creditor.   ☑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Heather Boone McKeever
Title: Attorney
Company: MCKEEVER LAW OFFICES PLLC
Address and telephone number (if different from notice address above):

(Signature)   11-5-12   (Date)   NOV - 8 2012

Telephone number:          Email:

**Check this box if this claim** amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Residential Capital LLC c/o KCC PRF: HAFFEY, ON BEHALF OF HIMSELF & AS A RELATOR QUI TAM ON BEHALF OF FAYETTE COUNTY CLERK VS GENTRY MECHANICAL SYS ET AL 11-cv-188.**

a.) *Qui Tam* Slander of Title against Deutsche and GMAC Mortgage LLC employee, Patricia Kelleher.

b.) Quiet Title as to robo signed Assignment of Mortgage to Deutsch generically with no MBS reference.

c.) Fraud and forgery under common law and Kentucky's recording and forgery statutes in the drafting, execution, notary and recording of a 2009 post-foreclosure Assignment of Mortgage from MERS to Deutsche Bank as Trustee. (There is no Trust Corpus or MBS listed on the Assignment of Mortgage.)

d.) Fraud on the Court by GMAC Mortgage LLC and counsel of record BABC.

e.) The case challenges for the first time, the legality of every Assignment of Mortgage ever recorded in the State of Kentucky wherein a GMAC Mortgage LLC employee has executed such posing as a MERS employee.

f.) Treble and punitive damages requested in excess of five million dollars ($5,000,000.00.)
  - The Assignment of Mortgage has been deemed a fraud and forgery by the Expert Witness Affidavit, of Hon. Lynn Szymoniak.
  - The Assignment of Mortgage is in the possession of the Department of Justice and is in the evidentiary file in relation to the Federal *Qui Tam* case,
  - GMAC Mortgage LLC employee, Patricia Kelleher is a named Defendant in her individual capacity and as an employee of MERS.
  - Counsel for GMAC Mortgage LLC, BABC is simultaneously representing Deutsche Bank as the recorded lien holder, Patricia Kelleher as a GMAC employee and MERS.
  - Liability for all damages will be the sole responsibility of the Debtors.



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

CIVIL ACTION 5:08-459-JBC

GMAC MORTGAGE LLC                              Plaintiff

v.                      **DECLARATION OF SHANE HAFFEY**

HEATHER BOONE MCKEEVER, *et al.*              Defendants

* * * * * * * * * * *

I, Shane Haffey, pursuant to 28 U.S.C. § 1746, in opposition to the substituted

Plaintiff Deutsche Bank's Motion for Summary Judgment and in support of my own

Motion for Summary Judgment declare and state:

1.  Unless otherwise stated herein, I have personal knowledge of the facts stated in

    this declaration and when called upon by a court of law to do so, I will testify

    competently to them.

2.  Since 2003, I have been the owner as a tenant by the entirety of the family

    farm which is the subject matter of these actions.   The farm has been at all

    times relevant hereto, my principle residence where my family resides.

3.  My sole source of income is through the farm.

4.  On the afternoon of May 18, 2007, I executed a Mortgage lien relating to the

    farm to complete the construction of my farm house, barn and paddocks.

5.  The Mortgage I signed replaced a  February 21, 2007 renewal Note which

    was set to renew on February 21, 2008.  Exhibit (1.)

6.  I did not execute a Promissory Note in relation to the Mortgage.

EXHIBIT A

7. When I arrived to sign the Mortgage on May 18, 2007, the document was turned to the signature page with a post-it arrow pointing to the signature line. I was alone when I executed the mortgage. There was no witness.

8. I did not see any dates on the Mortgage.

9. I did not review the Mortgage document prior to signing it.

10. I believed that the Mortgage was a re-financing with the Bank of the Bluegrass for a private in-house loan. I had executed several Mortgages over the years with the Bank of the Bluegrass prior to this Mortgage. All prior loans were private and held in-house.

11. The loan and Mortgage I signed was not really with the Bank of the Bluegrass, but was in turn, a Mortgage relating to a loan made to my wife by GMAC Bank. Bank of the Bluegrass had nothing to do with the loan and acted merely as an agent for GMAC.

12. GMAC Bank reported to me that the insurance policy put in place at the loan's inception was for the benefit of GMAC not the Bank of the Bluegrass. The Insurance Declaration page as provided to me by GMAC Bank is attached as Exhibit (2.)

13. The fact that the loan was funded through a wire transfer from GMAC Bank was confirmed to me through the Bank of the Bluegrass's President, Mr. Bill Allen.

14. The February 21, 2007, loan was stamped paid in full on May 24, 2007 with funds sent by GMAC Bank, not the Bank of the Bluegrass.

15. The true identity for the lender relating to the Mortgage I signed was concealed and unknown to me.

16. If I had known the true identity of the lender for the loan was not the Bank of the Bluegrass, I would have never signed the Mortgage.

17. There were no other documents presented to me with the Mortgage nor were there any other pieces of paper or documents with the Mortgage. In other words, there were no other documents, including but not limited to the Promissory Note, any Truth in Lending documents or a Notice to Right to Cancel on the table with the Mortgage.

18. I was not given any documentation upon my departure. I did not receive a copy of the Mortgage upon departure.

19. The date typed "May 14, 2007," on the signature page did not exist when I executed the Mortgage. The date is a lie.

20. Any statement in the record of this case asserting that this Mortgage was signed on May 14, 2007, is a lie.

21. I have never signed any documents in relation to the loan except the Mortgage.

22. The Notice of Right to Cancel, dated May 14, 2007, presented to the Court as Exhibit to the Motion for Summary Judgment is a lie and based in fraud.

23. The fraudulently presented Notice to Right to Cancel was executed by me in relation to a Mortgage Loan which never took place; the loan having been rejected by my wife and myself at approximately 5:30pm on May 14, 2007.

24. The terms and interest rate for the May 14, 2007 rejected loan were completely different to the Promissory Note given to my wife to sign on May 18, 2007 in relation to the Mortgage I executed on May 18, 2007.

25. The fraudulently presented May 14, 2007, Notice to Right to Cancel was presented and executed in relation to the May 14, 2007, unconsummated loan closing.

26. It was my understanding upon departing from the May 14, 2007 unconsummated loan closing that all documents relating to the unconsummated loan would be shredded.

27. The Clerk's records for my farm indicate that a Mortgage was Assigned to Mortgage Electronic Registration Systems from the Bank of the Bluegrass on May 14, 2007.

28. The Assignment of Mortgage is dated four (4) days before I signed the Mortgage on the afternoon of May 18, 2007.

29. The May 14, 2007, Assignment of Mortgage relates to a Mortgage which never existed.

30. On October 15, 2008, the May 18, 2007, Mortgage I executed was rescinded by me under TILA Regulation Z.   Notice was sent to the Bank of the Bluegrass, GMAC Bank and Mortgage Electronic Registration Systems as it was unclear as to which entity would claim a valid recorded Mortgage.

31. Although the Mortgage was not released by either the Bank of the Bluegrass GMAC or Mortgage Electronic Registration Systems, a written tender offer of

the "value" of the property was made in November 2008.   The tender offer
was not accepted.

32. Since the tender offer was made in November 2008, my wife and I have
attempted to  work in good faith the settle these matters by a tender offer of
the value of the property to the real owner of the underlying debt and
through consistent offers to attend  mediation.

33. Attempts at settlement or mediation have continually been rejected by the
lawyers for GMAC on behalf of the Plaintiff, Deutsche Bank.

34.  In spite of the fact that I have been trying to settle this matter since 2008, I
have never been contacted by any party connected to the Mortgage loan in
relation to a loan modification, or any other Government sponsored loan
program or as ordered and dictated by the Office of the Comptroller or
F.D.I.C.

35. It is my understanding that GMAC Bank, although the original lender, is no
longer making a claim in the underlying debt attached to the Mortgage I
signed.   According to the records of the Fayette County Clerk, GMAC Bank
has never filed a lien on my farm.  An Assignment of Mortgage was signed
from Bank of the Bluegrass to Mortgage Electronic Registration Systems four
days before I ever signed the Mortgage.

36. It is my understanding that GMAC Bank and its Servicer, GMAC Mortgage LLC
are entities whose majority shareholder is the United States Treasury.
GMAC is the sole entity funding the attempted foreclosure of my family farm,
and is the sole entity controlling the attorneys prosecuting the foreclosure.

37. Although GMAC is not owed any money by my wife or ever held a mortgage in my farm, it is my understanding that GMAC intends to keep any and all proceeds of the foreclosure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the forgoing is true and correct.

Executed this 12th day of December 2011

_Shane Haffey_

Shane Haffey

| | | |
|---|---|---|
| LEXINGTON, KY 40515 | LEXINGTON, KY 40507 | Date 02-21-2007 |
| | 'FEB 24 2007 | Maturity Date 02-21-2008 |
| | BANK Jr .. | Loan Amount $ 935,000.00 |
| **BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, jointly and severally. | **LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | Renewal Of 24130-15 |

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of **NINE HUNDRED THIRTY FIVE THOUSAND AND NO/100**

_____ Dollars $ 935,000.00

☐ **Single Advance:** I will receive all of this principal sum on _____ . No additional advances are contemplated under this note.

☒ **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On **02-21-2007**

_____ I will receive the amount of **$882,538.20** _____ and future principal advances are contemplated.

**Conditions:** The conditions for future advances are _____

_____

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____ .

☒ **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from **02-21-2007** at the rate of **8.250** % per year until **02-22-2007**

☒ **Variable Rate:** This rate may then change as stated below.

  ☒ **Index Rate:** The future rate will be **EQUAL TO** the following index rate: **THE BASE RATE ON CORPORATE LOANS POSTED BY AT LEAST 75% OF THE NATION'S 30 LARGEST BANKS KNOWN AS THE WALL STREET JOURNAL PRIME RATE. THE RESULT OF THIS CALCULATION WILL BE ROUNDED TO THE NEAREST 0.125**

  ☐ **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

  ☒ **Frequency and Timing:** The rate on this note may change as often as **EVERY DAY BEGINNING 02-22-2007**

    A change in the interest rate will take effect **ON THE SAME DAY** _____

  ☒ **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than **24.000** % or less than **0.000** %. The rate may not change more than _____ % each _____

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:

  ☒ The amount of each scheduled payment will change.    ☒ The amount of the final payment will change.

  ☐ _____

**ACCRUAL METHOD:** Interest will be calculated on a _____ **ACTUAL/365** _____ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:

  ☒ on the same fixed or variable rate basis in effect before maturity (as indicated above).

  ☐ at a rate equal to _____

☒ **LATE CHARGE:** If a payment is made more than **10** days after it is due, I agree to pay a late charge of **5.000% OF THE PAYMENT AMOUNT WITH A MAX OF $25.00**

☒ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☐ are ☐ are not included in the principal amount above: _____

**PAYMENTS:** I agree to pay this note as follows:

ON DEMAND, BUT IF NO DEMAND IS MADE THEN MONTHLY PAYMENTS OF ACCRUED INTEREST CALCULATED ON THE AMOUNT OF CREDIT OUTSTANDING BEGINNING ON 03-01-2007 AND PRINCIPAL DUE ON 02-21-2008. THIS IS A VARIABLE RATE LOAN AND THE PAYMENT AMOUNTS MAY CHANGE. THE FINAL PAYMENT MAY ALSO CHANGE.

**ADDITIONAL TERMS:**

EXHIBIT 1

☒ **SECURITY:** This note is separately secured by (describe separate document by type and date):

1ST RE MTG. 3250 DELONG RD, LEXINGTON, DATED 02/21/07

(This section is for your internal use. Failure to list a separate security document does not mean the agreement will not secure this note.)

**PURPOSE:** The purpose of this loan is **CONSUMER: COMPLETE RENOVATION AND INCREASE LINE OF CREDIT PURS TO KRS CH.280**

**SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2). I have received a copy on today's date.**

Signature for Lender _____

_____
BILL ALLEN, PRESIDENT

_____
SHANE HUFFEY

_____
HEATHER HUFFEY

05/14/2007 06:54 FAX 8600719295                                    @002

## DECLARATIONS

We will provide the
insurance described in
this policy in return for the premium
and compliance with all applicable
provisions of this policy.

Coverage afforded by this policy is
provided by:

STATE FARM FIRE AND CASUALTY COMPANY
2500 MEMORIAL BOULEVARD
MURFREESBORO TN 37131

A Stock Company with Home Offices in
Bloomington, Illinois.

17-EE-7661-4     Policy Number

Named Insured and Mailing Address
HAFFEY, HEATHER & SHANE
3250 DELONG RD
LEXINGTON, KY 40515-8531

The Policy Period begins and ends at
12:01 a.m. Standard Time at the residence
premises.

09/29/2006   Effective Date
             12 months-Policy Period
09/29/2007   Expiration of Policy Period

Limit of Liability - Section 1

$ 1,089,000 Coverage A Dwelling

Policy Type
Homeowners Policy
  Dwell Repl Cost - Similar Construction
  Increase Dwlg Up to $217,800 - Option ID

Location of Premises
3250 DELONG RD
LEXINGTON, KY 40515-8531

Automatic Renewal - If the Policy
Period is shown as 12 months, this
policy will be renewed auto-
matically subject to the premiums,
rules and forms in effect each
succeeding policy period. If this
policy is terminated, we will give
you and the Mortgagee/Lienholder
written notice in compliance with
the policy provisions or as
required by law.

Deductibles - Section 1 $2000
(ALL LOSSES  In case of loss under
this policy, the deductible will be
applied per occurrence and will be
deducted from the amount of the
loss. Other deductibles may apply
- refer to your policy.

Policy Premium    $3,119.91

Forms, Options, & Endorsements
FP-7955.KY      HOMEOWNERS POL
LSP A1          SMLR CONST-A
LSP B1          INT RPLC COST-B
OPT ID          COV A-INCR DWLG
OPT OL          BLD ORD/LAW-10%

Mortgagee                          Agent Name & Address
GMAC BANK WHOLESALE                MCCARTY, C. DWIGHT
MORTGAGE LENDING                   3620 WALDEN DRIVE
ITS SUCCESSORS AND/OR ASSIGNS      SUITE 211
PO BOX 4025                        LEXINGTON, KY
CORAOPOLIS, PA 15108-6942          40517-2066  (859)571-0266

Loan Number: 601745572

Prepared:    May 14, 2007                          2158
                                               Agent's Code
559-916.5                                      MORTGAGEE COPY

EXHIBIT 2

GMAC 0221



05/14/2007 08:55 FAX 8590710296

PREMIUM NOTICE
STATE FARM INSURANCE COMPANIES
AGENT ISSUED DECLARATIONS

| POLICY NUMBER | BILLING PERIOD | AGENT CODE |
|---|---|---|
| 766...-4 | FROM 09/29/2006 | TO 09/29/2007 | 2158 |

LOCATION
3250 DELONG RD
LEXINGTON, KY 40515-8531

INSURED
HAFFEY, HEATHER & SHANE
3250 DELONG RD
LEXINGTON, KY 40515-8531

PREMIUM $ 3,119.91

AMOUNT PAID        SFPP

AMOUNT DUE         SFPP

DATE DUE

MORTGAGEE
GMAC BANK WHOLESALE
MORTGAGE LENDING
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 4025
CORAOPOLIS, PA 15108-6942
Loan Number: 601745572

AGENT NAME & ADDRESS
MCCARTY, C. DWIGHT
3620 WALDEN DRIVE
SUITE 211
LEXINGTON, KY
40517-2066    (859)971-0266

This is the only notice you will receive.  Please make check payable
to STATE FARM and return it with this notice to the address shown below.
Your canceled check is your receipt.  Thanks for letting us serve you.

STATE FARM INSURANCE COMPANIES
2500 MEMORIAL BOULEVARD
MURFREESBORO TN  37131

GMAC  0220

**MCKEEVER LAW OFFICES PLLC**
Heather Boone McKeever, Esq.
P.O. Box 1181
Isle of Palms, South Carolina 29451
Telephone:  843-323-1174
Facsimile:   859-327-3277

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

<u>**DECLARATION OF CREDITOR'S COUNSEL**</u>
<u>**HEATHER BOONE MCKEEVER, ESQ.**</u>

Under penalty of perjury the undersigned states the following:

1.    I represent the Creditor farm owner, Shane M. Haffey  and am a joint tenant by entirety in the family farm in question.

2.    Prior to 2006, I practiced in the area of corporate and insurance defense. Since 2006, I have devoted my practice exclusively to consumer and commercial mortgage and banking fraud litigation.

3.    I have been a regular practicing attorney in the state of Kentucky since 1990. I am admitted and have practiced before the United States District Court for the Eastern and Western Districts of Kentucky, the 6th Circuit Court of Appeals and the United States Supreme Court.

4.    I will be serving as counsel of record in at least six Proofs of Claim for my Kentucky and South Carolina clients against the Debtors; two of which are Class

1

EXHIBIT B

Actions.

5.     In relation to my other clients, I have previously filed a RICO class action against the Debtors, MERS and the Debtors attorneys, *Foster v. MERS, GMAC Mortgage LLC, et al.* 3:10-cv-611, United States District Court Western District of Kentucky Louisville Division, (filed September 28, 2010.)

6.     I am counsel for record for two cases currently listed on the schedules of the Debtors Chapter 11 as unsecured claims.

7.     The cases are consolidated in both the District Court and the 6th Circuit Court of Appeals and involve five separate cases.

8.     One of the five cases, 09-362, (a lien enforcement,)  names as the Plaintiff, Deutsche Bank Americas Trustee for an alleged Mortgage Security REMIC, 2007 QS-10.

9.     2007 QS-10 is not registered with the SEC or the IRS as a Mortgage Backed Security or a IRS REMIC.

10.    The alleged Promissory Note at the center of the lien enforcement case was never purchased by the named Deutsche MBS Plaintiff.

11.    The Note is not on the collateral list of the named 2007 Deutsche MBS Plaintiff.

12.    The copy of the Note attached to the lien enforcement Complaint is specifically endorsed to GMAC Bank.

13.    Upon information and belief, the Debtor's law firm, Bradley Arant Boult Cummings, ("BABC,) while counsel of record for GMAC Mortgage LLC, has prosecuted a lien enforcement on behalf of a 2007 Deutsche MBS Trust without

authority or a retainer agreement from the named Deutsche Bank Trust.

14. Upon information and belief, BABC, has invoiced GMAC Mortgage LLC for its legal fees in its representation of Deutsche Bank.

15. The records of the Fayette County Clerk reveals the recording of a May 14, 2007, Mortgage to the Bank of the Bluegrass and Trust and a May 14, 2007, Assignment of Mortgage from the Bank of the Bluegrass to Mortgage Electronic Registration Systems, Inc. (MERS.)

16. The authenticity of the May 14, 2007, Note, the recorded Mortgage, and the May 14, 2007 Assignment of Mortgage to MERS, and the signatures thereto, have been challenged; the Note and Mortgage having been executed on May 18, 2007, four days subsequent to the dates affixed to the Note and Mortgage. *See also. Haffey Dec.*

17. MERS was the grantee of the Assignment of Mortgage in its own right, not as a nominee of any lender.

18. The Assignment of Mortgage to MERS was executed four days before any legitimate mortgage ever existed, a Mortgage having been executed on May 18, 2007.

19. The Note was never assigned to MERS and MERS has admitted that it has never made a pecuniary claim to the Note.

*20.* The owners' signatures to both the Note and the Mortgage were not witnessed or notarized in relation to the Note and Mortgage executed between the farm owners and the bank of the Bluegrass and Trust Company on May 18, 2007. *See also. Haffey Dec.*

21. Upon information and belief, the original of both the Note and Mortgage do not exist.

22. In 2009, the public record shows that an employee of GMAC Mortgage LLC,

3

Patricia Kelleher, executed an Assignment of Mortgage posing as an employee of MERS.

23.    The Assignment was made two years after the named Deutsche 2007 MBS REMIC Plaintiff was allegedly formed and closed as an IRS REMIC for the purposes of purchasing mortgage loans.

24.    The 2009 Assignment from MERS was executed and recorded while a Slander/ Quiet Title against MERS was pending.

25.    There is no named grantee to the Assignment of Mortgage from MERS is Deutsche Bank Americas as Trustee.    There is no Trust Corpus listed.

26.    Under Kentucky law, a Trustee must be registered with the Kentucky Secretary of State and may not record deeds or mortgages in its own name without a Trust corpus specifically referenced.

27.    The Assignment of Mortgage from MERS to Deutsche Bank, executed by an employee of GMAC Mortgage LLC, has been deemed a forgery by expert witness Hon. Lynn Szymoniak.

28.    The Creditor's Expert Witness, Hon. Lynn Szymoniak is a Relator and Expert Witness for the Department of Justice in regards to the Quit Tam mortgage document fraud, case, which is incorporated into the 2012  Federal and Attorney General multi-billion dollar settlement with the Debtors.

29.    Based on the Department of Justice's web site, the DOJ has deemed the acts of drafting and executing of fraudulent and forged Assignments of Mortgage, mortgage fraud, calling forgeries "robo signing," and the forgers, "robo signers."

30.    In April 2012, at the request of the Department of Justice, undersigned counsel

4

met with and was interviewed by, United States Attorney, Hon. Fran Trapp, at the Department of Justice in Charleston, South Carolina.

31.    United States Attorney Fran Trapp is the prosecutor in charge of the *Qui Tam* foreclosure fraud prosecution, *United States ex. Rel. Szymoniak v. GMAC/RESCAP, et al.,* which led to the 95 million dollar settlement with four of the five Defendants. *See Ms. Trapp's Press Release.*

http://www.justice.gov/usao/sc/LivePressReleases/3.12.12%20Szymoniak.pdf.

32.    The Szymoniak Settlement is part of the universal Consent Judgment reached with both the Federal Government and the 50 Attorney Generals in regards to robo signing and other accusations of mortgage fraud.

33.    The GMAC debtors are parties to and are currently bound by the Federal multi-billion dollar, Universal Settlement.

34.    At the time of undersigned counsel's interview with the Department of Justice, and upon information and belief, the GMAC debtors, had not settled with the Department of Justice in the Szymoniak case and the prosecution against the GMAC debtors was moving forward.

35.    Upon information and belief, the Expert witness Affidavit of Hon. Lynn Szymoniak and the GMAC robo signed Assignment of Mortgage from MERS to Deutsche Bank, in the Creditor's cases are in the possession of the Department of Justice and are part of the evidentiary record to be used in the prosecution of GMAC Mortgage LLC and the other debtors by the Department of Justice.

36.    Upon information and belief, the Department of Justice Settlement only concerns the payment of funds to the US and State Treasuries, and in no way

compensates or precludes claims by the individual taxpayers and their families who actually suffered the damages. The potential damages for homeowners exceed 95 million.

37.    Upon information and belief, and relying on information given directly by the Department of Justice, the Debtors' Settlement with the DOJ does not include claims against the law firms retained by the Debtors in regards to both their role as co-conspirators with the Debtors and the remittance and payment of improper legal fees by the Debtors to the Debtor's individual litigation firms, such as BABC.   This includes both private pay invoices to Mortgage Servicers and files invoiced to and/or ultimately paid by the GSE, Fannie Mae.

38.    Upon information and belief, Debtors' law firms, such as BABC, and the individual files for which the firms are counsel of record are currently being investigated and audited by the Department of Justice.

39.    Upon information and belief, as special counsel to the Debtors in the Federal and Attorney General prosecutions and Consent Judgment, attorneys for BABC, had unique and specific knowledge as to the specific loan files flagged for fraud and those for which Expert Witness Lynn Szymoniak had audited for the Department of Justice; as well as those for which she had previously testified as an expert witness. (Such as the Creditor's cases at hand.)

40.    The law firm, BABC is a potential Third party Defendant to the cases, and a potential Class Action Co-Defendant in the Proofs of Claim in this Bankruptcy.

41.    BABC has had Notice of such claims from the onset, while serving as simultaneous counsel of record for Co-Creditor, Deutsche Bank of Americas and the

6

GMAC entities.

42.    Upon information and belief, BABC has litigated these cases in bad faith and for its own benefit; in order to a.) artificially inflate legal fees paid exclusively by the Debtors on behalf of the Debtors and for third parties (Deutsche an MERS) and b.) protect itself from the multi-million dollar potential liability the firm is exposed to for its unique role as an active player and willing partner in the Debtors' systemic mortgage fraud.

43.    In January 2011, in relation to the Creditor's cases, undersigned counsel and Hon. Christopher Thorsen of BABC, agreed to attend Mediation in order to obtain a universal settlement of the claims contained in all five lawsuits.

44.    The Mediation was scheduled for April 2011, in Christopher Thorsen's home base of Nashville, Tennessee, with the Mediator of his choice.

45.    The parties agreed to suspend discovery pending mediation.

46.    Less than 2 weeks before the scheduled Mediation, Mr. Thorsen informed undersigned counsel that he had made the unilateral decision that the Mediation would not take place.

47.    A second Mediation was scheduled and a contract signed with a Mediator in Lexington, Kentucky.

48.    Less than 2 weeks before the second scheduled Mediation, Mr. Thorsen, for the second time, informed undersigned counsel that he had made the unilateral decision that the Mediation would not take place.

7

49.  It was at this point that undersigned counsel confirmed what she had already suspected; that she had been the victim of Mr. Thorsen's "dirty pool" and that she had been fraudulently induced into delaying discovery.

50.  No documents, including the originals of the Note and Mortgage, were produced by Mr. Thorsen, pursuant to the initial Rule 26 Discovery Order.

51.  Upon information and belief, Mr. Thorsen never intended to attend mediation or attempt to settle the matter.

52.  Upon information and belief, Mr. Thorsen and BABC are not working in the best interest of the Debtors, but in the best interest of "the firm" in milking files for the sole financial gain of the firm and to protect the firm from multi-million dollar liability as a Co-Defendant and/or Co-Conspirator of the Debtors.

53.  The legal fees invoiced to the Debtors in this case are in excess of $119,000.00; which equates to nearly 40% of the net present value of the farm.

54.  The legal fees of BABC in relation to the best case scenario recovery for the Debtors, and the usually required cost vs. benefit analysis, shocks the conscious and is unprecedented in undersigned counsel's experience as a large corporate defense litigator.

55.  Upon information and belief, there is no check whatsoever on BABC's litigation fees in this or any other cases for which BABC is counsel of record for the Debtors.

56.  Upon information and belief, there are no repercussions for BABC's unabated actions, due to the fact that the Debtors are 74% owned by the citizens of the United States; the Debtors having been "bought out" by the United States Treasury.

57. Unlike all other of the major private investment Banks, such as Bank of America and JP Morgan Chase, who answer to private shareholders, it has become apparent that since the tax payers fund BABC's fees, there is no limit to the fees.

58. Quite simply, the foxes are watching the legal fee hen house.

59. Since 2007, I have dealt with over two dozen different law firms, both regional and national counsel, for different mortgage "creditors" in regards to my consumer practice; including attorneys for Bank of America, JP Morgan Chase, Aurora, US Bank, Citi, American Home Mortgage, Wells Fargo, Regions, Nationstar, MERS and IndyMac.

60. Although, many of the firms were guilty of sins of both omission and commission, under Rule 11 due to ignorance of the law, Mr. Thorsen and BABC's are uniquely educated as to the fraud involved in the individual cases they currently litigate for the debtors. BABC's level of arrogance and dishonesty is unprecedented in my twenty years as a litigator.

61. Upon information and belief, the US taxpayers also fund individual BABC attorneys salaries as registered Lobbyists for the Debtors.

62. Under the Kentucky Revised Statutes, the acts of GMAC employee Patricia Kelleher in regards to both the execution and recording of the Assignment of Mortgage and based on the expert witness Affidavit could be charged by the Fayette County Attorney as criminal felonies.

63. Under the Kentucky Revised Statutes, those who have knowledge and conspire with forgers, can be charged with the crime of conspiracy and in some cases be charged with both criminal and civil RICO claims simultaneously.

9

Further, the Declarant sayeth not.

Dated: August 16, 2012

Respectfully submitted,

/s/ Heather Boone McKeever

MCKEEVER LAW OFFICES PLLC
P.O. Box 1181
Isle of Palms, SC 29451
Tel. 843-323-1174
Fax. 859-327-3277
COUNSEL FOR CREDITOR
SHANE M. HAFFEY

10

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that Bank of the Bluegrass & Trust Company, a Kentucky corporation, whose address is 101 E. High Street, Lexington, Kentucky 40507, hereby grants, for good and valuable consideration, the receipt of which is hereby acknowledged, does hereby sell, transfer, assign, set over and deliver unto MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., P.O. Box 2026, Flint, Michigan 48501-2026 (Assignee), its successors and assigns forever, that certain mortgage from Heather M. Haffey and Shane M. Haffey, wife and husband, to Bank of the Bluegrass & Trust Company, 101 E. High Street, Lexington, Kentucky 40507, dated May 14, 2007, of record in Mortgage Book _____, Page_____, in the Fayette County Clerk's Office, on 3250 Delong Road, Lexington, Fayette County, Kentucky 40515 and the Promissory Note described in and secured by the Mortgage.

TO HAVE AND TO HOLD the same unto said Assignee, its successors and assigns forever.

IN WITNESS THEREOF said Bank of the Bluegrass & Trust Company has executed this Assignment of Note and Mortgage, by its duly authorized officer, this May 14, 2007.

MERS #:    100037506017455727

PHONE #:    1 (888) 679-6377

                    BANK OF THE BLUEGRASS & TRUST COMPANY

                    By:
                    Its:        VP

STATE OF KENTUCKY)
                          )
COUNTY OF FAYETTE)

The foregoing Assignment of Mortgage was acknowledged, subscribed and sworn to before me this 14th day of May, 2007, by Robert B. Jones _____, as Vice President of BANK OF THE BLUEGRASS & TRUST COMPANY. a Kentucky corporation, on behalf of the corporation.

My Commission Expires: 11-24-09

                    Notary Public, Kentucky, State-at-Large

This instrument prepared by

Joseph E. Mainous, Jr. of
Mainous & Grant
201 West Vine Street
Lexington, KY  40507
(859) 231-8004

# EXHIBIT C

BOTB 041

# INTEREST-ONLY PERIOD FIXED RATE NOTE

MAY 14, 2007                                                    LEXINGTON           , KENTUCKY
[Date]                                                            [City]               [State]

3250 DELONG ROAD, LEXINGTON, KENTUCKY 40515
[Property Address]

### BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $1,000,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is BANK OF THE BLUEGRASS AND TRUST COMPANY. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.875%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### PAYMENTS

(A)  Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first 120 months, and then will consist of principal and interest.

I will make my monthly payment on the 1ST day of each month beginning on JULY 1, 2007. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on JUNE 1, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 101 EAST HIGH STREET, LEXINGTON, KENTUCKY 40507 or at a different place if required by the Note Holder.

(B)  Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $5,729.17 for the first 120 months of this Note, and thereafter will be in the amount of U.S. $7,678.14. The Note Holder will notify me prior to the date of change in monthly payment.

### BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

### LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

MULTISTATE INTEREST-ONLY PERIOD FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3271  1/01 (rev. 9/05)
(page 1 of 3)



EXHIBIT
A

BOTB 024

**BORROWER'S FAILURE TO PAY AS REQUIRED**

()    Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be 5.000% of my overdue payment of interest and/or principal and interest.  I will pay this late charge promptly but only once on each late payment.

()    Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

()    Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount.  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

()    No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

()    Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.

**GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Note Holder may enforce its rights under this Note against each person individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note.

**WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor.  "Presentment" means the right to require the Note Holder to demand payment of amounts due.  "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**MULTISTATE INTEREST-ONLY PERIOD FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT**    Form 3271   1/01 (rev. 9/06)
(page 2 of 3)

BOTB 025

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
HEATHER M. HAFFEY                           - Borrower

_____ (Seal)
                                            - Borrower

_____ (Seal)
                                            - Borrower

[Sign Original Only]

WITHOUT RECOURSE, PAY TO THE ORDER OF:

GMAC BANK

BANK OF THE BLUEGRASS & TRUST COMPANY

BY:
ITS:

Jennifer J. Frye, Assistant Vice President

MULTISTATE INTEREST-ONLY PERIOD FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3271   1/01 (rev. 9/05)
                                                                                                              (page 3 of 3)

BOTB 026

RECORD AND RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLE
RECORD SERVICES
3451 HAMMOND AVE
WATERLOO IA 50702

GMAC # 0601745572/HAFFEY
MERS #100037506017455727
MERS PHONE 1-888-679-6377

This Space Reserved for Recording Information

## ASSIGNMENT OF MORTGAGE

For value received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. at 1595 SPRING HILL RD STE 310, VIENNA VA 22182, hereby sells, assigns, and transfers to DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE, 1761 EAST ST. ANDREW PLACE, SANTA ANA CA, its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

| | |
|---|---|
| EXECUTION DATE: | 5/14/2007 |
| ORIGINAL BORROWER: | HEATHER M. HAFFEY AND SHANE M. HAFFEY, WIFE AND HUSBAND |
| ORIGINAL LENDER: | BANK OF THE BLUEGRASS AND TRUST COMPANY |
| COUNTY: | FAYETTE |
| STATE: | KENTUCKY |
| RECORDING DATE: | 5/25/2007 |
| DOC/INST NUMBER: | 200705250199 |
| BOOK: | 6084 |
| PAGE: | 140 |
| PROPERTY ADDRESS: | 3250 DELONG ROAD, LEXINGTON KY 40515 |

September 25, 2009

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

*Patricia Kelleher*

PATRICIA KELLEHER, LIMITED SIGNING OFFICER

State of Iowa
County of Black Hawk

On this September 25, 2009, before me, a Notary Public in and for the above county and state, personally appeared PATRICIA KELLEHER, who being by me known to be the LIMITED SIGNING OFFICER of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

*Sally Nelson*

SALLY NELSON
Notary in and for said County and State
My Commission expires:  4/20/2011

SALLY NELSON
Notarial Seal - Iowa
Commission # 222056
My Commission Expires 4-20-11

Prepared by:  HELEN KAYLE  *Helen Kayle*
GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702

EXHIBIT
E

Return to
D & S

MISCELLANEOUS BOOK   479   PAGE   24

I, Donald W Blevins Jr, County Court Clerk
of Fayette County, Kentucky, hereby
certify that the foregoing instrument
has been duly recorded in my office.

By:          DOUG BRADLEY

200910070077

October 7, 2009          10:26:48   AM

Fees        $13.00   Tax        $.00

Total Paid        $13.00

THIS IS THE LAST PAGE OF THE DOCUMENT

2     Pages

23   -   24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - LEXINGTON

LEAD CIVIL ACTION NO. 5:08-cv-459-JBC
(To be Filed in all related and Consolidated Cases
5:08-cv-456, 5:08-cv-510, 5:09-cv-255, and 5:09-cv-362)

HEATHER McKEEVER and
SHANE HAFFEY,

        PLAINTIFFS

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, et al.

        DEFENDANTS

### AFFIDAVIT OF LYNN E. SZYMONIAK, ESQ.,

### AS PLAINTIFFS' EXPERT

STATE OF FLORIDA

COUNTY OF PALM BEACH

LYNN E. SZYMONIAK, Esq., having been duly sworn, does state the following:

1. I am an adult citizen of the United States, and have resided in Palm Beach
County, Florida since 1979.

EX. F

2. I am an attorney and was admitted to the Florida Bar in 1960.

3. For the past twenty years, my practice has primarily in cases involving white-collar crime allegations, particularly, in representing major insurance companies in claims that they have been defrauded by large policyholders.

4. In the last ten years, I have also served as an expert witness in civil and criminal cases. In criminal cases, I have served as an expert witness for the United States of America and the State of California. I have testified at trial in two federal court cases in Jacksonville, Florida, where the allegations involved false and fabricated documents including fabricated insurance policies and certificates of insurance. The two cases were United States v. Thomas King, Case No. 3:05-cr-52-J-99MMH, Middle District of Florida, Jacksonville Division and United States v. Donald Touchet, et al., Case No. 3:2007cr00090, Middle District of Florida, Jacksonville Division. I also submitted an expert opinion for the government in a New York Northern District federal case that ended in a guilty plea: United States v. James Keman, Case No. 5:2008cr00061. I have also submitted an expert opinion in a criminal case currently pending in the Middle District of Florida and in a state case currently pending in California, both involving fraudulent insurance documents.

5. I was formerly a Certified Fraud Examiner, and have had nine hours training by the National Association of Certified Fraud Examiners in identifying forged and fabricated documents, in a course taught by retired agents of the FBI.

6. I have examined a copy of the Assignment of Mortgage in the foreclosure action presently before this Court, a copy of which is attached hereto. In the upper left-hand corner of this document, the following statement appears:
Record and Return To:
GMAC Mortgage, LLC

2

Record Services
3451 Hammond Avenue
Waterloo, IA 50702

7. I have examined over 2,000 other Mortgage Assignments, including at least 200 from GMAC Mortgage.

8. On at least 1,000 of these Assignments, the information is false and/or inaccurate and outright fraudulent. The fraudulent assignments occur most frequently when the grantee is a mortgage-backed securitized trust as in the present case.

9. In the vast majority of securitized trusts, the transfer from the original lender to the trust occurs within 10 days of the original loan. If done properly, the loan is transferred from the original lender, to a depositor (the entity that gathers a group of loans), to the securities company to the trust. (This process is described in a recent bankruptcy case involving fraudulent assignments, *In re Silvia Nuer*, Case No. 08-17106 (REG), in a Memorandum of Law of the United States Trustee in Support of Sanctions against J.P.Morgan Chase Bank National Association, filed January 4, 2010.)

10. Each such trust is governed by a Pooling & Servicing Agreement and each such Agreement includes a closing date, the date by which the transfer of the properties to the trust must be completed. This closing date is usually within the first six weeks of the origination of the trust.

11. Each trust also includes a provision that specifies that the mortgages, notes, and ASSIGNMENTS IN RECORDABLE FORM, be delivered to the trustee. The Assignments are not actually recorded, but remain with the documents custodian of the trust in the event they are needed for a foreclosure if the borrower defaults.

3

12. In the rush to create securitized trusts, many trusts were created without conforming to the Trust Agreement. In these trusts, the Mortgage Assignments were never obtained. Years later, when a borrower with a property in such trust defaults, the trust cannot produce the Assignment needed to establish standing to foreclose. In such cases, instead of admitting to the court and the borrower that the Assignments are missing, or obtaining a replacement assignment from the original lender, a fraudulent replacement assignment is often created.

13. These replacement assignments often are prepared in the name of MERS even though MERS never had an ownership interest in the properties and is not correctly named as wither a grantor or grantee in an assignment. Most recently, Fannie Mae had issued a rule change (copy attached) stating that MERS shall not be named in Assignments and that foreclosures should not be brought in the name of MERS.

14. In the present case, the following are indicators that this Assignment may be fraudulent:

• the assignment was prepared by GMAC Mortgage, LLC, but signed by an officer of MERS and only MERS is identified as the grantor, with no indication of whether MERS is acting as nominee for the original lender or for an intervening assignee;

• on other Assignments, this same individual, Patricia Kelleher, signs as an officer of GMAC mortgage (see attached example), but if Kelleher signed as a GMAC officer, there would be an obvious problem with the chain-of-title as no documents has been filed showing GMAC as grantee;

• the grantee is "Deutsche Bank Trust Company Americas as Trustee" but the name of the actual trust is not set forth in the Assignment – this is critical information as Deutsche Bank Trust Company Americas acts as Trustee for many different securitized trusts;

4

Case 5:09-cv-00362-KKC BOOK Document 1 PAGE Filed 12/31/2009   Page 1 of 2

RECORD AND RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLE
RECORD SERVICES
3451 HAMMOND AVE
WATERLOO IA 50702

GMAC # 0601745572/HAFFEY
MERS #100037506017455727
MERS PHONE 1-888-679-6377

This Space Reserved for Recording Information

## ASSIGNMENT OF MORTGAGE

For value received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. at 1595 SPRING HILL RD STE 310, VIENNA VA 22182, hereby sells, assigns, and transfers to DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE, 1761 EAST ST. ANDREW PLACE, SANTA ANA CA, its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

EXECUTION DATE:            5/14/2007
ORIGINAL BORROWER:         HEATHER M. HAFFEY AND SHANE M. HAFFEY, WIFE AND HUSBAND
ORIGINAL LENDER:           BANK OF THE BLUEGRASS AND TRUST COMPANY
COUNTY:                    FAYETTE
STATE:                     KENTUCKY
RECORDING DATE:            5/25/2007
DOC/INST NUMBER:           200705250199
BOOK:                      6084
PAGE:                      140
PROPERTY ADDRESS:          3250 DELONG ROAD, LEXINGTON KY 40515

September 25, 2009

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

_Patricia Kelleher_
PATRICIA KELLEHER, LIMITED SIGNING OFFICER

State of Iowa
County of Black Hawk

On this September 25, 2009, before me, a Notary Public in and for the above county and state, personally appeared PATRICIA KELLEHER, who being by me known to be the LIMITED SIGNING OFFICER of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

_Sally Nelson_
SALLY NELSON
Notary in and for said County and State
My Commission expires:  4/20/2011

SALLY NELSON
Notarial Seal - Iowa
Commission # 222056
My Commission Expires 4-20-11

Prepared by:  HELEN KAYLE  _Helen Kayle_
GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702

EXHIBIT
C

Return to
D & S





2009 00069741
Bk: 23598 Pg: 177  Page: 1 of 1
Recorded: 11/24/2009 02:08 PM

GMAC# ░░░░7279/SEMETER
MIN 100037506007572796
MERS 888-679-6377

## STATUTORY ASSIGNMENT OF MORTGAGE

For value received, CORNERSTONE MORTGAGE CORPORATION, 75 CRESCENT ST, WALTHAM MA 02453, hereby sells, assigns, and transfers to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., at 1595 SPRING HILL RD, STE 310, VIENNA VA 22182, its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

| | |
|---|---|
| EXECUTION DATE: | 9/17/2003 |
| ORIGINAL BORROWER: | PATRICIA A. SEMETER, JOINTLY WITH SPOUSE AND THOMAS J. SEMETER, JOINTLY WITH SPOUSE |
| ORIGINAL LENDER: | CORNERSTONE MORTGAGE CORPORATION |
| COUNTY: | MIDDLESEX |
| STATE: | MASSACHUSETTS |
| RECORDING DATE: | 9/25/2003 |
| DOC/INST NUMBER: | 0011639 |
| BOOK: | 16269 |
| PAGE: | 208 |
| PROPERTY ADDRESS: | 2 PRIMROSE LANE, WESTFORD, MA |

Signed November 9, 2009

CORNERSTONE MORTGAGE CORPORATION

CAROL CHAPMAN, ASSISTANT SECRETARY
State of Iowa
County of Black Hawk

*U91006575*
5655  11/16/2009  76077583/1

On this November 9, 2009, before me, a Notary Public in and for the above county and state, personally appeared CAROL CHAPMAN, who being by me known to be the ASSISTANT SECRETARY of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

SALLY NELSON
Notary in and for said County and State
My Commission Expires:  4/20/2011

SALLY NELSON
Notarial Seal - Iowa
Commission # 222056
My Commission Expires: 4-20-11

Prepared by:  PAT KELLEHER, GMAC MORTGAGE LLC

Recordings Requested by &
When Recorded Return To:
    US Recordings, Inc.
    2925 Country Drive Ste 201
    St. Paul, MN 55117

PLAINTIFF'S EXHIBIT C

Bk: 44686 Pg: 80    Doc: AFF
Page: 1 of 1    03/19/2009 07:01 AM

Francis M. Roache
Register of Deeds

## (MORTGAGEE'S AFFIDAVIT DESIGNATING MORTGAGE IDENTIFICATION NUMBER MIN)

State of IOWA
County of BLACK HAWK

GMAC #0600923382/BERMAN

RECORD & RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLE/CRT DEPT
3451 HAMMOND AVE
WATERLOO IA 50704

The undersigned, PATRICIA KELLEHER, does hereby depose and say as follow:

1.  That I am an authorized officer of the mortgagee, Mortgage Electronic Registration Systems, Inc.

2.  That this affidavit refers to the Mortgage (or assignment), from ANDREA R. BERMAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. as nominee for RELIANT MORTGAGE COMPANY LLC, in relation to property located at 287 RICE AVE, REVERE MA 02151, and recorded in SUFFOLK, County Recorder's office in BOOK 33887 PAGE 181 MORTGAGE DATED 2/25/2004 IN THE AMOUNT OF $217,000.00.

3.  That the mortgage has designated a Mortgage Identification Number (MIN), which will act as the permanent reference number with respect to the mortgage (or assignment) identified in Paragraph 2.

4.  That any MIN previously referenced with respect to the mortgage (or assignment) identified in Paragraph 2 is invalid.

5.  That the correct MIN for the mortgage (or assignment) identified in Paragraph 2 is MIN 100037506000233827 and that the MERS telephone number to call for information when using this MIN is (888) 679-6377.

Signed MARCH 10, 2009

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

*Patricia Kelleher*

PATRICIA KELLEHER, LIMITED SIGNING OFFICER

On this MARCH 10, 2009, before me, a Notary Public in and for the above said county and state, personally appeared PATRICIA KELLEHER, who being by me know to be the LIMITED SIGNING OFFICER of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

*Sally Nelson*

SALLY NELSON, Notary
My Commission Expires:  4/20/2011

SALLY NELSON
Notarial Seal  - Iowa
Commission # 220856
My Commission Expires: 4-20-11

Prepared By:
HELEN KAYLE
GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702









9870-10-0364

**SATISFACTION OF SECURITY INSTRUMENT**

GMAC MORTGAGE, LLC - CONSUMER 9429912912 'PLAUE' Lender ID:910/9429912912 Orange, North Carolina PIF:
12/13/2007
MERS #: 100059729912912 VRU #: 1-888-679-6377

THE UNDERSIGNED corporation certifies that it is the owner of the indebtedness secured by the hereafter described Deed of Trust and that the debt or other obligation in the original amount of $90,000.00 secured by the Deed of Trust executed by DAVID C PLAUE GINA M. PLAUE, Grantors, to RANDY WARLICK AND AMY E JOHNSON, Trustee, for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"), Beneficiary, and Recorded in Orange County, State of North Carolina on 12/14/2004 in Book/Reel/Liber: RB5831 Page/Folio: 299 as Instrument No.: 2004121-4660441670, was satisfied on 12/13/2007.

Property Address: 100 COMMONS WAY, CHAPEL HILL, NC 27516

The undersigned corporation requests that this certificate of satisfaction be recorded and the above-referenced security instrument be cancelled of record.

Mortgage Electronic Registration Systems, Inc. ("MERS")
On December 24th, 2007

By: _____
PATRICIA KELLEHER, Assistant Secretary

STATE OF Iowa
COUNTY OF Black Hawk

On December 24th, 2007, before me, H DAHLGREN, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared PATRICIA KELLEHER, Assistant Secretary being by me duly sworn and duly executed of Mortgage Electronic Registration Systems, Inc. ("MERS"), personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal on December 24th, 2007

_____
H DAHLGREN
Notary Expires: 08/23/2010 #748557

> H. DAHLGREN
> NOTARIAL SEAL - STATE OF IOWA
> COMMISSION NUMBER 748557
> MY COMMISSION EXPIRES AUG. 23, 2010

(This area for notarial seal)

Prepared By: Bell, GMAC MORTGAGE, LLC 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA 50704-0780
1-800-256-9522
Recording Requested By: GMAC MORTGAGE, LLC
When Recorded Return To: DAVID C PLAUE, 100 COMMONS WAY, CHAPEL HILL, NC 27516





9789-67-2834

### SATISFACTION OF SECURITY INSTRUMENT

GMAC MORTGAGE, LLC 0.0000700000 "BOZYMSKI"  Lender ID:00000000000000  Orange, North Carolina FIP: 02/19/2008
MERS ®: 0000070000070000002  VRU ®: 1-888-679-6377

THE UNDERSIGNED corporation certifies that it is the owner of the indebtedness secured by the hereafter
described Deed of Trust and that the debt or other obligation in the original amount of $483,500.00 secured by the
Deed of Trust executed by DAVID S BOZYMSKI NATA K. BOZYMSKI, Grantors, to KENNETH R EMBREE, Trustee,
for BRADFORD MORTGAGE COMPANY LLC, Beneficiary, and Recorded in Orange County, State of North Carolina
on 06/03/2003  in Book/Reel/Liber: 3079 Page/Folio: 294 as Instrument No.: NA,  was satisfied on 02/19/2008 .

Property Address: 122 PORTER PLACE, CHAPEL HILL, NC  27514

The undersigned corporation requests that this certificate of satisfaction be recorded and the above-referenced
security instrument be cancelled of record.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")
On February 29th, 2008

By:
PATRICIA KELLEHER, Assistant Secretary

STATE OF Iowa
COUNTY OF Black Hawk

On February 29th, 2008, before me, H DAHLGREN, a Notary Public in and for Black Hawk in the State of Iowa,
personally appeared PATRICIA KELLEHER, Assistant Secretary being by me duly sworn and duly executed of
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), personally known to me (or proved to me
on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal on February 29th, 2008

H DAHLGREN
Notary Expires: 08/23/2010  #748557

| H. DAHLGREN |
| NOTARIAL SEAL - STATE OF IOWA |
| COMMISSION NUMBER 748557 |
| MY COMMISSION EXPIRES AUG. 23, 2010 |

(This area for notarial seal)

Prepared By:    Bell,  GMAC MORTGAGE, LLC 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA  50704-0780
1-888-766-4622
Recording Requested By: GMAC MORTGAGE, LLC
When Recorded Return To:  DAVID S BOZYMSKI, 122 PORTER PLACE, CHAPEL HILL, NC  27514







**(MORTGAGEE'S AFFIDAVIT DESIGNATING MORTGAGE IDENTIFICATION NUMBER (MIN))**

State of IOWA
County of BLACK HAWK

GMAC #0692321767/MERRITT

RECORD & RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLE/CRT DEPT
3451 HAMMOND AVE, P.O. Box 780
WATERLOO IA 50704

The undersigned, PATRICIA KELLEHER, does hereby depose and say as follow:

1. That I am an authorized officer of the mortgagee, Mortgage Electronic Registration Systems, Inc.

2. That this affidavit refers to the Mortgage (or assignment), from MICHAEL H. MERRITT to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS NOMINEE FOR FIRST FINANCIAL SERVICES INC., in relation to property located at 118 SHADOW RIDGE PLACE, CHAPEL HILL, NC 27516, and recorded in ORANGE County Recorder's office in the State of NORTH CAROLINA, recorded on 5/28/2009 as BOOK RB4747 PAGE 495 DOC NO 2009052800126996, Mortgage dated 5/27/2009 in the amount of $204,000.00.

PARCEL: 9860-81-3265

3. That the mortgagee has designated a Mortgage Identification Number (MIN), which will act as the permanent reference number with respect to the mortgage (or assignment) identified in Paragraph 2.

4. That any MIN previously referenced with respect to the mortgage (or assignment) identified in Paragraph 2 is invalid.

5. That the correct MIN for the mortgage (or assignment) identified in Paragraph 2 is MIN 100133296023227672, and that the MERS telephone number to call for information when using this MIN is (888) 679-6377.

Signed MAY 12, 2010

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

_Patricia Kelleher_
PATRICIA KELLEHER, ASST. SECRETARY

On this MAY 12, 2010, before me, a Notary Public in and for the above said county and state, personally appeared PATRICIA KELLEHER, who being by me know to be the ASST. SECRETARY of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

_Kathy Goulden_
KATHY GOULDEN, Notary
My Commission Expires:  4/17/2011
Commission #752348
Prepared By: HELEN KAYLE
GMAC MORTGAGE LLC, 3451 HAMMOND AVE, WATERLOO IA 50702

KATHY GOULDEN
Iowa Notarial Seal
Commission Number: 752348
My Commission Expires: 04/17/2011

RECORD AND RETURN TO:
GMAC MORTGAGE LLC
ATTN HELEN KAYLECKT DEPT
3451 HAMMOND AVE
WATERLOO IA 50702

CFN  20100345443
OR BK 24077 PG 0095
RECORDED 07/15/2010 16:20:35
Palm Beach County, Florida
Sharon R. Bock,CLERK & COMPTROLLER
Pgs 0095 - 96; (2pgs)

GMAC # _____ WILLIAMS

*This Space Reserved for Recording Information*

## CORRECTIVE ASSIGNMENT OF MORTGAGE

*** THIS CORRECTIVE ASSIGNMENT IS BEING RECORDED TO CORRECT AND REPLACE THE ASSIGNMENT RECORDED ON _____ IN BK 23800 PG 1779 DOC NO 20090_____ FROM MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. TO RESIDENTIAL FUNDING COMPANY LLC FKA RESIDENTIAL FUNDING CORPORATION TO CORRECT THE ASSIGNORS NAME***

For value received, GMAC MORTGAGE LLC at 3451 HAMMOND AVE, WATERLOO IA, hereby sells, assigns, and transfers to RESIDENTIAL FUNDING LLC FKA RESIDENTIAL FUNDING CORPORATION at 1100 VIRGINIA DR. FT WASHINGTON PA 19034, its successors and assigns all its right, title and interest to a certain Mortgage described as follows:

EXECUTION DATE:
ORIGINAL BORROWER:                _____ A SINGLE PERSON
ORIGINAL LENDER:                  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION

COUNTY:                           PALM BEACH
STATE:                            FLORIDA
RECORDING DATE:
DOC/INST NUMBER:
OFF. REC.:
PAGE:                             1639
LEGAL:                            SEE ATTACHED LEGAL DESCRIPTION
Signed AUGUST 31, 2010

Witness:

_Heather Rindels_
HEATHER RINDELS

GMAC MORTGAGE LLC

_Patricia Kelleher_
PATRICIA KELLEHER, LIMITED SIGNING OFFICER

_Nicci Brown_
NICCI BROWN

State of Iowa
County of Black Hawk

On this AUGUST 31, 2010, before me, a Notary Public in and for the above county and state, personally appeared PATRICIA KELLEHER, who being by me known to be the LIMITED SIGNING OFFICER of said company that the seal affixed to the said instrument is the seal of said company by authority of its board of directors, and they acknowledged the execution of said instrument to be the voluntary act and deed of said company, by it voluntarily executed.

_Sally Nelson_
SALLY NELSON
Notary in and for said County and State
My Commission Expires:  4/20/2011

Sally Nelson
Notarial Seal State of Iowa
# 222056
My Commission Expires: 4-20-2011

Prepared by:  HELEN KAYLE
GMAC MORTGAGE LLC
3451 HAMMOND AVE
WATERLOO IA 50702



# PRESS NOTICE

### BILL NETTLES
### UNITED STATES ATTORNEY
### DISTRICT OF SOUTH CAROLINA

*1441 Main Street, Suite 500 * Columbia, SC 29201 * (803) 929-3000*

---

**March 9, 2012**

**FOR IMMEDIATE RELEASE**
**CONTACT PERSON:**    **Fran Trapp**
                          **(803) 929-3000**
                          **Fran.Trapp@usdoj.gov**

### $95 MILLION SETTLEMENT WITH THE NATION'S
### FIVE LARGEST MORTGAGE SERVICERS PARTIALLY RESOLVES
### SOUTH CAROLINA FALSE CLAIMS ACT LAWSUIT

COLUMBIA, South Carolina —— A $95 million settlement with the nation's four largest mortgage servicers was announced today by United States Attorney Bill Nettles. Bank of America Corporation, J.P. Morgan Chase & Co., Wells Fargo & Company, and Citigroup Inc. agreed to the settlement to address allegations that the defendants participated in a nationwide practice of failing to obtain required mortgage assignments which resulted in servicing misconduct, and using false assignments to submit Federal Housing Administration mortgage insurance claims, all in violation of the federal False Claims Act, 31 U.S.C. § 3729. This is the largest False Claims Act settlement ever obtained by the District of South Carolina. The settlement was reached as part of the $25 billion dollar global resolution between the same defendants, the United States of America, the state attorneys general, and others.

EXHIBIT G

The United States and the state attorneys general filed today in the U.S. District Court in the District of Columbia proposed consent judgments with Bank of America Corporation, J.P. Morgan Chase & Co., Wells Fargo & Company, Citigroup Inc. and Ally Financial Inc., to resolve violations of state and federal law.    Included in the proposed settlement agreements, is the partial settlement for four of the defendants of allegations that the United States Attorney's Office for the District of South Carolina began investigating in the Spring of 2010.  In particular, the government investigated allegations that the defendants participated in a pervasive nationwide scheme involving the wholesale fabrication of mortgage assignments and other servicing abuses.

The False Claims Act allows the government to bring civil actions against entities that knowingly use or cause the use of false documents to obtain money from the government or to conceal an obligation to pay money to the government.  The lawsuit in this case was initially filed by Lynn Szymoniak under the qui tam or whistleblower provision of the False Claims Act.    This provision entitles a private person to bring a lawsuit on behalf of the United States, where the private person has information that the named defendant has knowingly violated the False Claims Act.  Under the False Claims Act, the private person, also known as a "whistleblower," is entitled to a share of the government's recovery.  In this matter, the whistleblower will receive $18 million from the proceeds of the settlement.

"Whistleblowers play an important role in protecting taxpayer funds from fraud and abuse," said U.S. Attorney Nettles.  "Settlements like this one help maintain the integrity of the federal mortgage servicing process."

"By this agreement we are making an important first step to hold mortgage servicers accountable for fraudulent and abusive practices not only in South Carolina but nationwide. I am proud of the tireless work of this office to investigate this case across the country," said U.S. Attorney Nettles.

"We see this historic settlement as one of national importance as our success in this case marks a precedent setting application of the False Claims Act to complex financial fraud," said U.S. Attorney Nettles. "It also demonstrates the role that whistleblowers can play in working with the government to return dollars to the federal treasury and to expose wrongdoing."

"We are very pleased by this settlement but at the same time our investigation is ongoing as we continue to ascertain the full magnitude of wrong doing and to seek redress for the United States Government," said U.S. Attorney Nettles.

This settlement was the result of a coordinated effort by Assistant United States Attorneys Fran Trapp and Jennifer Aldrich of the U.S. Attorney's Office for the District of South Carolina along with the Commercial Litigation Branch of the Justice Department's Civil Division, the U.S. Attorney's Office for the Western District of North Carolina and the Offices of Inspector General and legal counsel departments for HUD, the Treasury and the Federal Reserve in investigating the allegations.

Lynn Szymoniak, the whistleblower, was represented by South Carolina attorney Richard Harpootlian along with the firm of Grant & Eisenhofer (G&E) including firm partner Reuben Guttman, of the Washington, DC office, who heads the G&E False Claims Litigation Group and firm partner James Sabella of the New York office, who is a senior member of the G&E Securities Fraud Litigation Group. Kenneth Suggs and

Howard Janet of Janet, Jenner, & Suggs in Maryland and South Carolina also represented Ms. Szymoniak.

The allegations contained in the complaint against the Defendants are merely accusations and do not constitute a determination of liability.

###