## **Exhibit 3**

**Delehey Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY SHANE M. HAFFEY AGAINST <u>RESIDENTIAL CAPITAL, LLC (CLAIM NOS. 2582 AND 4402)</u>**

I, Lauren Graham Delehey, declare as follows:

**A.    Background and Qualifications**

1.    I serve as In-House Litigation Counsel in the legal department at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**").  I have held this position since I joined ResCap on August 1, 2011.

2.    In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions

ny-1103036

and multi-district litigation.  Additionally, as a result ResCap's Chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases.  I am authorized to submit this declaration (the "**Declaration**") in support of the *Debtors' Objection to Proofs of Claim Filed by Shane M. Haffey Against Residential Capital, LLC (Claim Nos. 2582 and 4402) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "**Objection**").[1]

3. In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the various actions involving Mr. Haffey.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history.  In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

4. Unless otherwise noted herein, each of the unpublished pleadings and documents referenced herein (identified by title of each Action as defined in the Objection and

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Objection.

ECF number), without exhibits, is attached to the Objection to Motion for Clarification of Stay, which is <u>Exhibit 4</u> to the Objection.  For the Court's convenience, a chart summarizing the current status of each of the Actions is annexed hereto **Exhibit A**.

A.     **Facts Giving Rise to Claimant's Prior Litigation**

5.     Borrowers are borrowers under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $1,000,000, which was executed on May 18, 2007, in favor of Bank of the Bluegrass & Trust Company (the "**Bank of the Bluegrass**"), and was secured by a mortgage (the "**Mortgage**") on property located at 3250 Delong Road in Lexington, Kentucky (the "**Property**").  The Mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Bank of the Bluegrass.  GMACM began servicing the Loan on July 1, 2007, and continued to service the Loan until the sale and transfer of GMACM's loan servicing rights to Ocwen Loan Servicing, LLC on February 15, 2013.

6.     On or about October 15, 2008, Borrowers sent a letter to GMACM, MERS, and Bank of the Bluegrass purporting to rescind the Loan and Mortgage pursuant to the Truth-in-Lending Act ("**TILA**").  Borrowers have made no payments on the Loan after that date.

7.     On November 7, 2008, GMACM notified Borrowers that, based on its review of the Borrowers' Loan file, the purported rescission was baseless and GMACM would not rescind the Loan.

8.     On September 25, 2009, MERS assigned its interest in the Note and Mortgage to Deutsche Bank Trust Company, which assignment was recorded on October 7, 2009.

B.     **The MERS Action**

9.     On or about October 21, 2008, Borrowers filed a complaint (the "**MERS Complaint**") in the Kentucky State Court, commencing an action against MERS, captioned

ny-1103036                                          3

*McKeever, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, No. 08-CI-5375 (the "**MERS Action**"). *See* MERS Action, ECF No. 1, Exhibit 1.

10. On November 7, 2008, Defendant MERS removed the MERS Action to the District Court. *See id*. The MERS Action was docketed at Case No. 08-cv-456-JBC-JBT.

11. On March 16, 2010, the MERS Action was dismissed with prejudice and, on April 16, 2010, Borrowers appealed the order of dismissal to the Sixth Circuit. MERS Action, ECF Nos. 58, 64. The appeal, Case No. 10-5999 (the "**Consolidated Appellate Docket**"), was referred to mediation and ultimately consolidated, for briefing purposes, with the other two appeals described below (Case Nos. 10-6249 and 12-5802).

12. As of the date hereof, the appeal of the MERS Action remains pending. Under a briefing schedule set by the Sixth Circuit on June 19, 2013, briefing is due to be completed no later than September 20, 2013. *See* **Exhibit B**, annexed hereto.

C.    **The Declaratory Judgment Action**

13. On November 7, 2008, GMACM filed a complaint (the "**Declaratory Complaint**") against Borrowers in the District Court on behalf of Deutsche Bank, as trustee, captioned <u>GMAC Mortgage, LLC v. McKeever, et al.</u>, Case No. 08-cv-459-JBC-REW (E.D. Ky. Nov. 7, 2008) (the "**Declaratory Judgment Action**"). Declaratory Judgment Action, ECF No. 1. Although the Declaratory Judgment Action was originally brought in GMACM's name, Deutsche Bank, as trustee, was substituted as the plaintiff on May 14, 2010. Borrowers did not object to or appeal the substitution of Deutsche Bank, as plaintiff in the Declaratory Judgment Action.

14. On January 23, 2012, the District Court granted Deutsche Bank's motion for summary judgment filed in the Declaratory Judgment Action. *Id*., ECF No. 135.

15. On June 1, 2012, Borrowers' motion for reconsideration of the grant of summary judgment in Deutsche Bank's favor was denied and, on the same day, a Final Judgment was entered in favor of Deutsche Bank, as trustee. On June 30, 2012, Borrowers filed a notice of appeal of the Final Judgment. Declaratory Judgment Action, ECF Nos. 157-58. The appeal has been docketed in the Sixth Circuit at Case No. 12-5802.

16. On October 3, 2012, this appeal was consolidated for briefing purposes under Case No. 10-5999. Consolidated Appellate Docket (Oct. 3, 2012).

17. On June 11, 2013, Deutsche Bank filed a motion to remand or dismiss the appeal of the Declaratory Judgment Action (the "**Motion to Dismiss Appeal**") in order to allow the District Court to enter a final judgment in the Foreclosure Action (defined below). *See* **Exhibit C**, annexed hereto; ¶¶ 34-36, *infra*.

18. Pursuant to an order issued by the Sixth Circuit on June 19, 2013, this appeal was severed from the other pending Sixth Circuit appeals and briefing is being held in abeyance pending a ruling on Deutsche Bank's Motion to Dismiss Appeal. *See* **Exhibit D**, annexed hereto.

**D.    The Haffey-GMACM Action**

19. On November 21, 2008, Borrowers filed a complaint (the "**Haffey-GMACM Complaint**") in the Kentucky State Court, commencing an action against MERS and GMACM, captioned *Haffey, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*, No. 08-CI-5970 (Cir. Ct. Fayette Cnty. Nov. 21, 2008). On December 15, 2008, that case was removed to the District Court and is docketed under Case No. 08-cv-510-JBC (E.D. Ky. Dec. 15, 2008). (the "**Haffey-GMACM Action**"). Haffey-GMACM Action, ECF No. 1.

20. On September 4, 2009, the District Court granted GMACM's motion to dismiss and, later, on June 29, 2010, the District Court granted MERS' motion for summary

judgment. Haffey-GMACM Action, ECF Nos. 17, 31. These orders were embodied by a judgment, entered on June 29, 2010, dismissing the Haffey–GMACM Complaint with prejudice. *Id.*, ECF No. 32.

21. On July 26, 2010, Borrowers filed a motion for reconsideration, which was denied on September 13, 2010. *Id.*, ECF Nos. 33, 35.

22. On October 12, 2010, Borrowers filed a notice of appeal from the District Court's orders (a) granting MERS' motion for summary judgment and (b) denying Borrowers' motion for reconsideration. The appeal is pending in the Sixth Circuit at Case No. 10-6249. *See* Declaratory Judgment Action, ECF 93.

23. On December 6, 2010, the Sixth Circuit consolidated this appeal, for briefing purposes, with Case No. 10-5999. Consolidated Appellate Docket (Dec. 6, 2010).

24. As of the date hereof, the appeal remains pending. Under a briefing schedule set by the Sixth Circuit on June 19, 2013, briefing is due to be completed no later than September 20, 2013. *See* **Exhibit B**, annexed hereto.

**E.    The Bluegrass Action**

25. On July 6, 2009, Borrowers filed another complaint (the "**Bluegrass Complaint**") related to the Mortgage (the "**Bluegrass Action**") in the Kentucky State Court, captioned *Haffey v. Allen* (Cir. Ct. Fayette Cnty. July 6, 2009). The Bluegrass Action was removed to the District Court on July 27, 2009 and was docketed at Case No. 09-cv-255-JBC (E.D. Ky. July 27, 2009).

26. The Bluegrass Action was dismissed without prejudice on May 24, 2010. Bluegrass Action, ECF No. 17.

ny-1103036                                6

**F.     The Foreclosure Action**

27.     On November 12, 2009, Deutsche Bank, as trustee, commenced a foreclosure action against the Borrowers in the District Court, captioned *Deutsche Bank Trust Company Americas v. Haffey, et. al.*, Case No. 09-cv-362-JBC (E.D. Ky. Nov. 12, 2009) (the "**Foreclosure Action**"), seeking to enforce the Mortgage against Borrowers and the Property. Foreclosure Action, ECF No. 1 at 3-6.

28.     On February 9, 2010, McKeever (but not Claimant) filed a counter-claim and third-party complaint (the "**Counter-complaint**") in the Foreclosure Action naming Deutsche Bank, GMACM, Debtor Residential Accredit Loans, Inc. ("**RALI**"), Debtor Residential Funding Company, LLC ("**RFC**"), Bank of the Bluegrass and several of its employees individually, MERS, and MERSCORP as defendants. Foreclosure Action, ECF No. 17.

29.     A motion to dismiss filed by Deutsche Bank, as trustee, and GMACM and its affiliated defendants, RALI and RFC, was granted on June 22, 2010. Foreclosure Action, ECF No. 28.

30.     After the District Court dismissed the third party claims against four other codefendants, *see id.*, ECF 39, Borrowers filed a motion for reconsideration. Declaratory Judgment Action, ECF No. 81. On September 13, 2010, the District Court granted the motion for reconsideration as to certain third-party RESPA claims against GMACM, but denied the motion for reconsideration as to the rest of the counterclaims and third-party claims. *Id*., ECF No. 90.

31.     On October 12, 2010, Borrowers filed a notice of appeal of the District Court's initial order dismissing all but one of their third-party claims against GMACM, as well as the District Court's partial denial of Borrowers' motion for reconsideration. *Id*., ECF No. 93.

The appeal has been docketed with the Sixth Circuit under case number 10-6249. As of the date hereof, this appeal from the Foreclosure Action remains pending.

32. On November 8, 2010, the District Court granted GMACM's motion to dismiss the sole remaining third-party RESPA claim that was still pending against GMACM after the District Court granted in part Borrowers' motion for reconsideration. *Id.*, ECF No. 97.

33. On January 23, 2012, the District Court granted Deutsche Bank's motion for summary judgment on its affirmative foreclosure claim. *Id.*, ECF No. 135. Thereafter, on June 1, 2012, the District Court denied Borrowers' motion to reconsider its order granting Deutsche Bank summary judgment and entered what was designated a final judgment in the lead case—the Declaratory Judgment Action (Case No. 08-459). *Id.*, ECF No. 157-158.

34. On June 28, 2012, Deutsche Bank, as trustee, filed a Motion for Judgment, Order of Sale, Appointment of Master, and Attorneys' Fees (the "**Motion for Judgment**"), seeking to obtain entry of a final judgment in the Foreclosure Action that incorporated, among other things, a specific judgment amount and a final foreclosure sale order.

35. As noted above, Borrowers filed a notice of appeal in the Declaratory Judgment Action on June 30, 2012. Declaratory Judgment Action, ECF No. 164. Although it does not appear that the notice of appeal filed by Borrowers applies to the Foreclosure Action, the District Court determined that it lacked jurisdiction to address the Motion for Judgment during the pendency of the appeal and denied it without prejudice on September 27, 2012. *See* **Exhibit E**, annexed hereto.

36. On June 11, 2013, Deutsche Bank filed the Motion to Dismiss the Appeal of the Declaratory Judgment Action in order to allow the District Court to enter a final judgment on the Motion for Judgment in the Foreclosure Action. *See* **Exhibit C**, annexed hereto.

ny-1103036                                                8

G.   **The Qui Tam Action**

37.   On or about May 10, 2011, Claimant filed a complaint (the "**Qui Tam Complaint**") against Deutsche Bank, Gentry Mechanical Systems, Inc., State Farm Bank, F.S.B., and individual Patricia Kelleher (a former GMACM employee) in the Kentucky State Court, commencing an action captioned *Haffey, et al. v. Gentry Mechanical Systems, Inc., et al.*, No. 11-CI-2480.  On June 3, 2011, that action was removed to the District Court and assigned Case No. 5:11-cv-188 (the "**Qui Tam Action**").  No Debtor was a party to the Qui Tam Action.

38.   On January 12, 2012, the District Court dismissed the claims asserted against Ms. Kelleher.  Declaratory Judgment Action, ECF No. 133.

39.   On March 2, 2012, the District Court granted a motion of Deutsche Bank, as trustee, for judgment on the pleadings, and dismissed the Qui Tam Action with prejudice.  *Id.*, ECF No. 150.  On October 3, 2012, the District Court denied Borrowers' motion to alter or amend the judgment, and entered judgment in favor of Deutsche Bank, as trustee.  Qui Tam Action, ECF No. 46.

H.   **Only Appeals Remain**

40.   The only remnants of the Actions against GMACM and numerous other defendants that still remain are appeals; of those appeals, the only Actions on appeal in which the Debtors are named as parties are the Foreclosure Action and the Haffey–GMACM Action.  Of those two Actions, Claimant is not a party to the Counter-complaint that is the subject of the appeal in the Foreclosure Action.

41.   On October 3, 2012, the Sixth Circuit denied a motion by Borrowers to the extent that the motion requested to hold the cases in abeyance pending the completion of the Debtors' bankruptcy cases.  *GMAC Mortgage, LLC v. McKeever*, Case No. 12-5802 (6th Cir. Oct. 3, 2012).

ny-1103036                                    9

### I. The Debtors' Review of the Proofs of Claim

42. The Debtors, after reviewing the supporting documentation and their books and records, have determined that they have no liability for the Proofs of Claim asserted by Claimant. The claims, which are based on some or all of the Actions, are filed against ResCap, which has never been a party to any of the Actions. Moreover, each of the claims asserted by Claimant in each of the Actions has been conclusively resolved in the Debtors' favor. Accordingly, I believe that the Proofs of Claim should be disallowed and expunged because they fail to establish any legal basis supporting liability of a Debtor to Claimant in connection with the Actions.

### J. Claimant Is A Vexatious Litigant

43. Over the past five years, Borrowers have asserted identical claims/counterclaims against the Debtors and/or MERS/Deutsche Bank in five separate cases (excluding only the Declaratory Judgment Action). The District Court first dismissed Borrowers' claims in the Haffey-GMACM Action on September 4, 2009 (Dkt. No. 17). Thereafter, each and every one of Borrowers' other claims were dismissed under the *res judicata* and law of the case doctrines. Following each such dismissal, Borrowers filed meritless and nonsensical motions to reconsider and motions to vacate or amend, which substantially increased the cost of defending these claims. *See, e.g.,* GMAC Mortgage, LLC's Motion for Costs, Case 08-459, ECF No. 40, a copy of which is annexed hereto as **Exhibit F**. This motion was granted by the District Court and a sanctions award entered against Borrowers upon the District Court's finding that Borrowers intended to use the litigation to harass GMACM. See Memorandum Opinion and Order, Case 08-459, ECF No. 115, a copy of which is annexed hereto as **Exhibit G**. These tactics forced the Debtors to continue to expend substantial attorneys' fees and costs in

responding to each of Borrowers' meritless filings in order to ensure that their position was documented and that their interests remained adequately protected.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 26, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC