# EXHIBIT C

No. 12-5802

# In the
# United States Court of Appeals
# for the Sixth Circuit

♦

**GMAC MORTGAGE, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**

*Plaintiffs/Appellees*,

v.

**HEATHER BOONE MCKEEVER and SHANE M. HAFFEY,**

*Defendant/Appellants.*

♦

On Appeal from the United States District Court,
E.D. Kentucky, Central Division, Lexington
Civil Action No. 5:08-cv-00459 and 5:09-cv-00362

♦

**APPELLEE DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE'S, MOTION TO REMAND OR DISMISS
AS TO CASE NO. 5:09-CV-00362 (E.D. Ky.)**

♦

**COMES NOW** Deutsche Bank Trust Company Americas, As Trustee ("Deutsche Bank"), and moves that this Court to either remand or dismiss this appeal as to Case No. 5:09-cv-00362 (E.D. Ky.) (the "Foreclosure Action") for the purpose of allowing the district court to determine all issues that were open as of the time of appeal, including the amount of the judgment and the form of the order

of sale of the property that is the subject of the Foreclosure Action.  The grounds for this motion are set forth below.

I.   **INTRODUCTION**

This consolidated appeal follows several years of litigation across six separate civil actions in the United States District Court for the Eastern District of Kentucky.  In general, the district court litigation concerned whether Appellants Shane M. Haffey and Heather B. McKeever's (hereinafter, "Borrowers") purported rescission of a mortgage lien on their property was effective, and whether Deutsche Bank is entitled to judgment on Borrowers' note, which is in default, and to foreclose on Borrowers' property pursuant to the mortgage.

Ultimately, the district court entered final judgments in all six cases, uniformly rejecting a multitude of claims by Borrowers against Deutsche Bank and other third parties.  In the Foreclosure Action, Case No. 09-362, the district court dismissed all of Borrowers' counterclaims and held that Deutsche Bank is entitled to summary judgment on its claims for a judgment on the note and foreclosure of the property under the mortgage.   However, the Court has not yet determined the precise amount of the monetary judgment to be awarded Deutsche Bank and has not yet entered an order of sale of the subject property, which is a necessity to effectuate a foreclosure in Kentucky, a judicial foreclosure state.

Despite the fact that not all claims in the Foreclosure Action have been finally disposed of, the district court has declined to determine the remaining open issues, *i.e.*, the amount of the monetary judgment on the note and the entry of an order of sale of the property, out of a concern that the filing of a notice of appeal by Borrowers deprived the district court of jurisdiction. A dismissal of this appeal or a remand to district court would allow the district court to resolve the outstanding issues and enter a true final judgment within the meaning of Rule 54 of the Federal Rules of Civil Procedure.

## II.  PROCEEDINGS IN THE DISTRICT COURT

The history of the six district court actions, and how each was appealed, is somewhat complicated. For the benefit of the Court, Deutsche Bank offers the following summary, presented not necessarily in chronological order but in order of importance.

### A. 5:08-cv-00459 *Deutsche Bank v. Haffey ( the "Case 08-459")*

Case 08-459 served as the lead action for purposes of consolidation of the six cases in the district court.

The underlying case was a declaratory judgment action filed on November 7, 2008 by GMAC "on behalf of" Deutsche Bank. Deutsche Bank sought a declaration that a purported rescission by Borrowers of their loan was ineffective. Deutsche Bank was later substituted as the plaintiff for GMAC, at which point

- 3 -

GMAC was expressly terminated as a party.  (Case No. 5:08-cv-00459, ECF. Nos. 39, 60).  On January 23, 2012, the district court entered a summary judgment for Deutsche Bank, holding that Borrowers' purported rescission of their loan was ineffective.  (Case No. 5:08-cv-00459, ECF. No. 135).  Borrowers moved to reconsider the summary judgment order, but their motion was denied on June 1, 2012.  (Case No. 5:08-cv-00459, ECF. Nos. 137, 157).  That same day, the district court entered a "final judgment" in favor of Deutsche Bank on its declaratory judgment claim.  (Case No. 5:08-cv-00459, ECF. No. 158).

On June 30, 2012, Appellants filed a Notice of Appeal as to "the June 1, 2012, final Order granting the Appellees' Motion for Summary Judgment."  (Case No. 5:08-cv-00459, ECF. No. 164).

### B.  5:09-cv-00362 *Deutsche Bank v. Haffey*  (the "Foreclosure Action")

The Foreclosure Action is the subject of the instant motion to dismiss or remand.

Deutsche Bank filed the Foreclosure Action in the district court on November 12, 2009, seeking a judgment of foreclosure, a monetary judgment on Borrowers' indebtedness,[1] and an order that the property be sold.  (Kentucky is a judicial foreclosure state.)  Borrowers filed counterclaims against Deutsche Bank and asserted third-party claims against other defendants, including GMAC,

---

[1] Appellant Heather McKeever was the sole signor of the subject note, but both Appellants Heather McKeever and Shane Haffey signed the subject mortgage.

- 4 -

Residential Accredit Loans, Inc. ("RALI"), and Residential Funding Company, LLC ("RFC"). (Case No. 5:09-cv-00362, ECF No. 17.)

On June 22, 2010, the Court granted a motion by Deutsche Bank, GMAC, RALI and RFC to dismiss the counter- and third-party claims against them. (Case No. 5:08-cv-00459, ECF No. 70). On July 16, 2010, Borrowers moved to reconsider, which on September 13, 2010, was denied as except as to a single claim against GMAC, which the Court reinstated. (Case No. 5:08-cv-00459, ECF No. 90).

On October 12, 2010, Borrowers filed a notice of appeal. (Case No. 5:08-cv-00459, ECF No. 93). The consolidated appeal was assigned case number 10-6249. The Foreclosure Action was not ripe for appeal at that time, as the Court had neither adjudicated Deutsche Bank's foreclosure claims nor entered a final judgment pursuant to Fed. R. Civ. P. 54(b) as to any of the dismissed claims. Indeed, despite Borrowers' untimely notice of appeal, activity continued in the district court case for several additional months.

On November 8, 2010, the district court dismissed the sole remaining claim against GMAC. (Case No. 5:08-cv-00459, ECF No. 97). Thus, as of November 8, 2012, only Deutsche Bank's affirmative claims remained.

On January 23, 2012, the trial court granted a summary judgment to Deutsche Bank in both this matter as well as the 08-459 matter. (Case No. 5:08-

- 5 -

cv-00459, ECF No. 135; Case No. 5:09-cv-00362, ECF No. 44).  The Court did not enter specific relief, but merely held Deutsche Bank's summary judgment motion was "granted, pursuant to Fed. R. Civ. P. 56."  (Id. at 6.)  The borrowers moved for reconsideration of the judgment, which motion was denied on June 1, 2012.  (Case No. 5:08-cv-00459, ECF No. 157).

On June 1, 2012, the trial court entered a separate judgment that purportedly was "final and appealable".  (Case No. 5:08-cv-00459, ECF No. 158; Case No. 5:09-cv-00362, ECF No. 45).  Despite such a characterization, unresolved matters remained, and remain to this day in the 09-362 matter.  Specifically, the district court has yet to (a) determine the damages and costs to which Deutsche Bank is entitled and (b) enter an order of sale, which is required in a judicial-foreclosure state such as Kentucky.

The Borrowers have not appealed the Memorandum and Opinion and Order (Case No. 5:08-cv-00459, ECF No. 135; Case No. 5:09-cv-00362, ECF No. 44) granting Deutsche Bank's motion for summary judgment on its foreclosure claims or the separate judgment (Case No. 5:08-cv-00459, ECF No. 158; Case No. 5:09-cv-00362, ECF No. 45) entered in the Foreclosure Action on June 1, 2012.  The Borrowers did file a Notice of Appeal (Case No. 08-cv-459, ECF No. 164) from the "June 1, 2012, final Order Granting the Appellees' Motion for Summary Judgment" in Case No. 08-459.  However, Borrowers' Notice of Appeal (Case No.

- 6 -

08-cv-459, ECF No. 164) was filed only in Case No. 08-459 and does not state that Borrowers were also appealing the Court's final judgment entered in Case No. 09-362. In any event, Borrowers' notice of appeal, to the extent it pertains to the Foreclosure Action at all, seeks appellate review of an *interlocutory order* (*i.e.*, one not fully resolving all the parties' rights and liabilities), not of a final judgment.

### C. 5:08-cv-00510    *Haffey v. MERS (the "08-510 matter")*

The borrowers filed the 08-510 matter in state court on November 21, 2008, raising some twelve claims against GMAC and MERS. The matter was removed on December 15, 2008. On September 4, 2009, the district court dismissed all claims against GMAC. (Case No. 5:08-cv-00510, ECF. No. 17). On June 29, 2010, the Court dismissed all claims against MERS and entered a final judgment in the case "in favor of the defendants." (Case No. 5:08-cv-00459, ECF Nos. 70, 71). On July 26, 2010, the borrowers moved to reconsider the judgment, (Case No. 5:08-cv-00459, ECF No. 81), which motion was denied on September 13, 2010. (Case No. 5:08-cv-00459, ECF No. 91). As noted above, this was the same date on which the trial court also denied the borrowers' motion to reconsider in the 09-362 matter. On October 12, 2010, the borrowers filed a notice of appeal with respect to certain of the lower court's orders in both the 09-362 and 08-510

matters, but not as to all.² The appeal of those orders was assigned case number 10-6249.

**D. 5:08-cv-00456    *Haffey v. MERS* (the "08-456 matter")**

On November 21, 2008, the borrowers filed this quiet-title action against MERS only in state court, which was subsequently removed to the district court. The borrowers' claims were dismissed with prejudice on March 18, 2010. (Case No. 5:08-cv-00456, ECF. Nos. 58, 63). On April 6, the borrowers moved for reconsideration (Case No. 5:08-cv-00459, ECF. No. 41), but did not wait for a decision before appealing the dismissal on April 16, 2010. (Case No. 5:08-cv-00456, ECF. No. 64.) The motion for reconsideration was later denied (Case No. 5:08-cv-00456, ECF No. 68), after which borrowers filed a second motion for reconsideration (Case No. 5:08-cv-00459, ECF No. 61), which was also denied on July 12, 2010 (Case No. 5:08-cv-00459, ECF No. 67).

---

² In Case No. 08-510, the district court entered its order (Case No. 08-510, ECF No. 17) dismissing the claims against GMAC. The district court then granted co-defendant MERS' motion to dismiss on June 29, 2010 (Case No. 08-510, ECF No. 31; copy filed at Case No. 08-459, ECF No. 71) and entered a separate final judgment in favor of defendants GMAC and MERS on that same date (Case No. 08-510, ECF No. 32; copy filed at Case No. 08-459, ECF No. 72). The district court denied Borrowers' motion to reconsider on September 13, 2010 (Case No. 08-459, ECF No. 91). Borrowers filed a notice of appeal (Case No. 08-459, ECF No. 93) on October 12, 2010, wherein they specified that they were taking an appeal of the district court's orders "R. 26 and R. 70, entered on June 18, 2010, and R. 71 entered on June 29, 2010." Their notice of appeal did not specify either the district court's dismissal of the claims against GMAC (Case No. 08-510, ECF No. 17) or the final judgment in favor of GMAC (Case No. 08-459, ECF No. 91). Accordingly, Borrowers' have not appealed the judgment in favor of GMAC in Case No. 08-510. *See U.S. v. Paull*, 551 F.3d 516, 531 (6th Cir. 2009) ("if an appellant 'chooses to designate specific determinations in his notice of appeal – rather than simply appealing from the entire judgment – only the specific issues may be raised on appeal") (citations omitted).

Borrowers' notice of appeal was assigned case number 10-5577. Borrowers never pursued the appeal, however, and it was dismissed for want of prosecution. On August 11, 2010, after the second motion to reconsider was denied, the borrowers filed a new notice of appeal, again relating back to the March 18, 2010 dismissal. (Case No. 5:08-cv-00459, ECF. No. 82.) This appeal was assigned case number 10-5999.[3]

### E.  5:11-cv-00188 *Haffey v. Deutsche Bank (the "11-188 matter")*

Appellant Shane Haffey brought the 11-188 action in state court on May 10, 2011 against Deutsche Bank, which removed the action on June 3, 2011. (Case No. 5:11-cv-00188, ECF No. 1). Haffey also sued three other defendants, but no return of service was ever filed for the three additional defendants. On March 2, 2012, the district court entered a judgment on the pleadings in favor of Deutsche Bank. (Case No. 5:11-cv-00188, ECF No. 32). On April 2, 2012, Haffey moved to alter or amend the judgment. (Case No. 5:11-cv-00188, ECF No. 33). On November 3, 2012, the Court dismissed Haffey's motion and entered a final judgment in favor of Deutsche Bank. (Case No. 5:11-cv-00188, ECF Nos. 45, 46). Haffey subsequently moved for reconsideration (Case No. 5:11-cv-00188, ECF

---

[3] Obviously, the above timeline raises serious questions about the Court's jurisdiction over the issues raised in No. 10-5999. However, Deutsche Bank was not a party to Case No. 5:08-cv-00456, so those arguments will be left to MERS, who is represented by separate counsel.

- 9 -

No. 47), but that motion was denied on December 20, 2012, and Haffey has not filed a notice of appeal.

### F. 5:09-cv-00255 *Haffey v. Bank of the Bluegrass and Trust Co.*

This matter was consolidated with the others, but all claims were dismissed in 2010 and no appeal has been filed.

### III.  PROCEEDINGS IN THE APPELLATE COURT

The borrowers appealed the March 18, 2010 dismissal of MERS in the 08-456 action on or about August 11, 2010.  (No. 10-5999.)  On October 12, 2010, the borrowers appealed certain of the decisions in the 08-510 matter and a portion of the 09-362 matter.  (No. 10-6249.)  On December 6, 2010, this Court consolidated Nos. 10-5999 and 10-6249, and ordered that both be held in abeyance pending the resolution of the 08-459 matter.  Upon the filing of the notice of appeal (Case No. 08-459, ECF No. 164) on June 30, 2012, and its designation as Appeal No. 12-5802, the Court consolidated it with the previously consolidated cases.

### IV.  THIS COURT LACKS JURISDICTION OVER THE SUBJECT NON-FINAL JUDGMENT.

Under 28 U.S.C. § 1291, this Honorable Court enjoys jurisdiction to consider *final judgments* entered by a district court.  Here, impediments exist to the entry of a final judgment in the Foreclosure Action.  Although the district court in the Foreclosure Action purported to enter a final and appealable judgment, the district court has not yet adjudicated "all the parties' rights and liabilities," Fed. R.

Civ. P. 56, and therefore the subject judgment is not yet final and appealable.

First, the trial court has yet to enter a judgment awarding damages in Foreclosure Action. Second, the court has yet to enter an order commanding the sale of the property, which is required to completely adjudicate the matter, Kentucky being a judicial foreclosure state. *See* K.R.S. § 426.000 *et seq.* Deutsche Bank moved for the district court to an order resolving those remaining issues (Case No. 5:08-cv-00362, ECF No. 47). However, the district court denied Deutsche Bank's motion without prejudice, finding that it was without jurisdiction to conduct further proceedings given the instant appeal. (Case No. 5:08-cv-00362, ECF No. 48).

So that the district court may resolve the remaining issues in the Foreclosure Case, Deutsche Bank respectfully requests that the Court remand the Foreclosure Case to the district court or, as it has the authority to do, dismiss Borrower's appeal as to the Foreclosure Action as untimely. *See William G. Wilcox, D.O., P.C. Employee's Defined Benefit Pension Trust, et al. v. United States*, [No. 90-2014, Apr. 12, 1991] (available at 1991 WL 54898, at *1) 930 F.2d 919 (Table) (6th Cir. 1991); *United States v. Fischbach & Moore, Inc.*, [Nos. 89-6023 & 89-6024, Oct. 10, 1989] (available at 1989 WL 118739, at *1) 886 F.2d 1317 (Table) (6th Cir. 1989). In the meantime, Deutsche Bank has no objection to the remaining consolidated appeals moving forward pursuant to this Court's Order dated June 3,

2013, which removed the consolidated appeals from abeyance and directed that a briefing schedule be set.

> Respectfully submitted,
>
> s/ Jonathan D. Rose
> Jonathan D. Rose
> Christopher E. Thorsen
> BRADLEY ARANT BOULT CUMMINGS LLP
> 1600 Division Street, Suite 700
> Nashville, Tennessee 37203
> Telephone: (615) 252-2328
> Facsimile: (615) 252-6328
> E-Mail: jrose@babc.com
> E-Mail: cthorsen@babc.com
>
> *Attorneys for Deutsche Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent via the Court's Electronic Court Filing (ECF) system by the means stated below to:

Heather Boone McKeever
3250 Delong Road
Lexington, Kentucky 40515

On this the 11th day of June, 2013.

                                          s/ Jonathan D. Rose
                                          OF COUNSEL