# EXHIBIT F

12-12020-mg    Doc 4838-10    Filed 08/26/13    Entered 08/26/13 19:46:15    Exhibit F
to Declaration    Pg 2 of 9
Case: 5:08-cv-00459-JBC-REW   Doc #: 46   Filed: 04/05/10   Page: 1 of 8 - Page ID#: 354

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
**ELECTRONICALLY FILED**

| | | |
|---|---|---|
| **HEATHER MCKEEVER, et al.,** | : | Case No. 5:08-CV-459-JBC |
| | : | (Consolidated with Cases 5:08-CV-456, |
| | : | 5:08-CV-510, 5:09-CV-255, and |
| Plaintiffs, | : | 5:09-CV-362) |
| | : | |
| v. | : | Judge Jennifer B. Coffman |
| | : | |
| **MORTGAGE ELECTRONIC** | : | |
| **REGISTRATION SYSTEMS, INC. et al.,** | : | |
| | : | **GMAC MORTGAGE, LLC'S** |
| | : | **MOTION FOR COSTS** |
| Defendants. | : | |

Pursuant to Fed. R. Civ. P. 11 and the inherent power of the Court, Plaintiff GMAC Mortgage, LLC ("Plaintiff") hereby moves the Court for an order reimbursing Plaintiff for its costs and expenses associated with defending Defendants Heather Boone McKeever a/k/a Heather M. Haffey and Shane M. Haffey's (collectively, "the Haffeys") Motion For Sanctions, which was previously denied by this Court. This Motion is supported by the attached Memorandum In Support. A proposed order is also attached hereto.

Respectfully submitted,

*/s/ Robert M. Zimmerman*
MacKenzie M. Walter
David P. Fornshell
Robert M. Zimmerman
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax.:   (513) 977-8141
Email:  david.fornshell@dinslaw.com
        robert.zimmerman@dinslaw.com
**Attorneys for Plaintiff**
**GMAC Mortgage, LLC**

## MEMORANDUM IN SUPPORT

**I. INTRODUCTION**

Plaintiff is entitled to its costs and expenses associated with defending the Haffeys' Motion because Plaintiff is a prevailing party under Fed. R. Civ. P. 11(c), and more importantly, because the frivolous Motion is part of a disturbing pattern of abusive conduct by the Haffeys. First, the Court properly denied the Motion, and therefore Plaintiff is entitled to its costs as a prevailing party. Second, the Haffeys' Motion is the latest in a series of wasteful, baseless personal attacks brought by the Haffeys, both in this case and in numerous others. Plaintiff respectfully submits that the Court should take action to punish the Haffeys for their abuse of the judicial system and to deter further such conduct.

**II. FACTUAL BACKGROUND**

As the Court is aware, this is one of several consolidated cases arising out of a dispute regarding the Haffeys' mortgage loan. In September 2009, after more than a year of non-payment by the Haffeys on their mortgage, Plaintiff sent a Notice of Default, Acceleration and Foreclosure. In response, the Haffeys filed a Motion for Injunctive Relief and Sanctions. (*See* Document #33).

In their Motion, the Haffeys sought to enjoin Plaintiff from proceeding with its foreclosure action. The Haffeys also sought to sanction Plaintiff and the undersigned counsel for considering its options regarding foreclosure. The Haffeys' Motion for Sanctions referred to the undersigned counsel's conduct as "egregious," "grossly negligent," "intentional", "flagrant," "disreputable," "dishonest," and "fraudulent." (*See* Motion, pg. 7).

On October 23, Plaintiff filed a response to the Haffeys' Motion, and the Court held a hearing. After hearing argument of counsel, the Court denied the Haffeys' Motion for Injunctive Relief but allowed for further briefing on the Motion for Sanctions. (*See* Document #38). On

2

12-12020-mg    Doc 4838-10    Filed 08/26/13    Entered 08/26/13 19:46:15    Exhibit F
to Declaration    Pg 4 of 9
Case: 5.08-cv-00459-JBC-REW    Doc #: 46    Filed: 04/05/10    Page: 3 of 8 - Page ID#: 356

November 6, Plaintiff filed an additional response to the Haffeys' Motion for Sanctions. (*See* Document #41). The Haffeys then filed a Reply Brief. Finally, on February 11, 2010, the Court issued an order denying the Haffeys' Motion for Sanctions. (*See* Document #50). The Order stated "the Court finds that the plaintiffs have not stated a basis to support the contention that GMAC or its counsel acted improperly with respect to the potential filing of the foreclosure action."

### III.     LAW AND ARGUMENT

Pursuant to Fed. R. Civ. P. 11(c), when a Court considers a motion for sanctions, "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." In this case, there can be no dispute that Plaintiff is a prevailing party, as the Court denied the Haffeys' Motion, which was directed at Plaintiff. Thus, under Rule 11, Plaintiff is entitled to be reimbursed for its expenses.

However, Plaintiff believes that an order for costs is particularly important in this case given the repeated abuses of the judicial system committed by the Haffeys. First, the Haffeys' Motion (as with nearly every pleading in the consolidated cases) contains numerous *ad hominem* attacks on Plaintiff and Plaintiff's counsel. Characterizations of opposing counsel as "dishonest" and "disreputable" are impermissible under the Federal Rules, particularly when they are as baseless as the Haffeys'. *See* Fed. R. Civ. P. 11(b)(1) (pleading may not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.") *See also Kahre v. United States*, 2003-1 USTC P 50409, 91 AFTR 2d 1886 (2003, D.C. Nev.) (party's unsubstantiated, vituperative statements with regard to character and professional ethics of defense counsel plainly constituted violation of Fed. R. Civ. P. 11; court therefore sanctioned party, which sanction award covered defendants' fees and acted as deterrent to future harassment by party);

3

*Pigford v. Veneman*, 215 F.R.D. 2 (2003, D.C. Dist. Col.) (abusive language toward opposing counsel is one form of harassment prohibited by Fed. R. Civ. P. 11).

Furthermore, the Haffeys' use of a motion for sanctions to influence pending litigation or intimidate opposing counsel is par for the course. A sampling of the Haffeys' past conduct in the consolidated actions includes:

- Attempting to force Plaintiff's counsel to withdraw, supposedly because Mr. Fornshell is a necessary witness to this action; (*See* Document #24, Case No. 5:08-cv-459);

- Accusing Plaintiff's counsel of conduct "unbefitting of a large corporate firm representing one of the largest Finance Companies in the nation" but "leaving the ethical issues raised by this double dipping attempt and the waste of Court resources for the Court to resolve" (*See* Document #22, Case No. 5:08-cv-459);

- Previously requesting sanctions against Plaintiff's counsel for "unethical" references to a settlement agreement that Plaintiff is entitled to enforce; claiming that Plaintiffs were "misleading" a subpoena recipient; and suggesting that Plaintiff's counsel's actions "can rise to the level of criminal conduct" (*See* Document #21, Case No. 5:08-cv-459);

- Sending Plaintiff's counsel a 21-day notice letter under Fed. R. Civ. P. 11 and threatening sanctions for continuing to pursue the foreclosure matter, despite the Court's previous ruling against the Haffeys on this exact same issue. (*See* Document #37, Case No. 5:08-cv-459, pg. 7, footnote 3).

In addition, Ms. Haffey has employed similar tactics in other cases, including both cases where she is acting *pro se* and those in which she is representing homeowners as an attorney. In *Nationstar Mortgage, LLC v. Brian G. Mason, et al.*, Jessamaine Circuit Court Case No. 09-CI-362, Ms. Haffey represents a homeowner in a foreclosure proceeding. There, in response to a straightforward foreclosure complaint, Ms. Haffey filed a counterclaim and third-party complaint that is a near verbatim recitation of the claims asserted in this action. However, Ms. Haffey also named the Plaintiff's law firm as a third-party defendant, alleging that the law firm was part of a criminal conspiracy.

4

12-12020-mg    Doc 4838-10    Filed 08/26/13    Entered 08/26/13 19:46:15    Exhibit F
to Declaration    Pg 6 of 9
Case: 5:08-cv-00459-JBC-REW    Doc #: 40    Filed: 04/05/10    Page: 5 of 8 - Page ID#: 358

Similarly, in *Gentry Mechanical Systems, Inc. v. Shane M. Haffey and Heather Haffey*, Fayette Circuit Court Case No. 08-IC-3807, Ms. Haffey is representing herself in a mechanic's lien proceeding. Instead of answering or defending the routine collection complaint, Ms. Haffey filed a bar complaint against Plaintiff's counsel, Michael W. Troutman. Furthermore, Ms. Haffey threatened to sue Mr. Troutman's law firm as a third-party defendant.

Clearly, then, Ms. Haffey's conduct in this case is part of a broader litigation strategy that relies on harassment and intimidation rather than a vigorous exchange of competing arguments. When faced with a position with which Ms. Haffey disagrees, her response is not to cite to relevant cases law and evidence. Instead, it is to move for sanctions, file a bar complaint, or sue the opposing law firm. This wrongful conduct has now reached epidemic proportions, and should be punished.

Perhaps more importantly, as is evidenced by Mr. Haffey's recent Rule 11 letter, the Haffeys intend to file meritless, duplicative motions despite previous rulings by the Court on such issues. Even though the Court has previously found that there is no basis "to support the contention that GMAC or its counsel acted improperly with respect to the potential filing of the foreclosure action," the Haffeys intend to revisit that same issue with another motion. Thus, the Haffeys are not simply harassing opposing counsel; they are ignoring the Court's orders and wasting judicial resources.

District Courts also have the inherent power to punish the Haffeys for their conduct. This Court's ruling in *Sawyer v. Lexington-Fayette Urban County Government*, 05-CV-103-JBC is instructive. In that case, the Court faced a series of frivolous and harassing filings by a *pro se* litigant. The Court stated that it "has an obligation to protect the orderly and expeditious administration of justice." *See* Document # 11, pg. 1 (citing *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985)). Furthermore, "the court also has inherent authority to sanction a party

5

Case: 5:08-cv-00459-JBC-REW Doc #: 46 Filed: 04/05/10 Page: 6 of 8 - Page ID#: 359
12-12020-mg Doc 4838-10 Filed 08/26/13 Entered 08/26/13 19:46:15 Exhibit F
to Declaration Pg 7 of 9

who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

In the *Sawyer* case, the Court went on to say that "it has been held that a '[p]laintiff's *pro se* status does not grant him an unfettered license to wage an endless campaign of harassment against . . . defendants or to abuse the judicial process.'" *Id.* at pg. 2 (citing *Pfeifer v. Valukas, et al.*, 117 F.R.D. 420 (N.D. Ill., 1987)). Thus, the Court reminded the *pro se* litigant that "[n]o one, rich or poor, is entitled to abuse the judicial process." *Id.* (citing *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981)).

Unfortunately, the Haffeys are doing just that - abusing the judicial system. Their strategy is to intimidate opposing counsel so that any lawyer who dares oppose them faces not simply a costly litigation,[1] but bar complaints, sanctions, and personal liability. The Haffeys' bad faith conduct is harassment, pure and simple. In addition, the Haffeys have refused to acknowledge the Court's orders, and appear intent on wasting the Court's time by relitigating matters that have already been settled. Therefore, this Court has the inherent authority to sanction the Haffeys for their wasteful and wrongful conduct, and Plaintiff is entitled to its costs and expenses.

## IV. CONCLUSION

In sum, the Haffeys' Motion was nothing more than a wasteful personal attack on Plaintiff and its counsel that misused Rule 11 for purposes of harassment and intimidation. As detailed above, it was not the first such act. In order to ensure that it is the last, Plaintiff respectfully requests an order entitling it to its costs and expenses, including its attorneys' fees. Plaintiff can submit an affidavit detailing its costs following judgment by the Court.

---

[1] The Haffeys' repeated allegation that the undersigned counsel are only interested in generating fees is simply not true. The only reason Plaintiff has incurred the substantial fees it has to date is because of the repeated frivolous filings and delays by the Haffeys. Plaintiff's counsel would like nothing more than an efficient disposition of the consolidated cases. It is only the Haffeys who have prevented such a result.

6

Respectfully submitted,

*/s/ Robert M. Zimmerman*
MacKenzie M. Walter
David P. Fornshell
Robert M. Zimmerman
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax.:   (513) 977-8141
Email: david.fornshell@dinslaw.com
            robert.zimmerman@dinslaw.com

**Attorneys for Defendant
GMAC Mortgage, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system and ordinary mail, this 5th day of April, 2010, upon the following:

Heather Boone McKeever Haffey
Shane M. Haffey
3250 Delong Road
Lexington, Kentucky 40515
Email: h.mckeever@insightbb.com

**Pro Se Defendants (via email and mail)**

Matthew W. Breetz, Esq.
Cassandra J. Wiemken, Esq.
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky 40202
Phone: (502) 587-2073
Fax: (502) 779-6034
Email: mbreetz@stites.com
       cwiemken@stites.com

**Attorneys for Defendants**
**Bank of the Bluegrass, Bill Allen,**
**Mark Herron, and Jennifer Frye**

Mark S. Fenzel, Esq.
David Kellerman, Esq.
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky 40202-3410
Phone: (502) 625-2704
Fax: (502) 588-1936
E-mail: mfenzel@middreut.com

**Attorneys for Defendant**
**Mortgage Electronic Registration**
**Systems, Inc. and MERSCorp**

                                                */s/ Robert M. Zimmerman*

1750931v1