**Hearing Date: August 29, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS'
SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS
(MISCLASSIFIED BORROWER CLAIMS)**

ny-1106143

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this omnibus reply (the "Reply") to certain responses and objections (collectively, the "Responses")[1] interposed by those claimants (collectively, the "Respondents"), listed on Exhibit 1 annexed hereto, to the *Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* [Docket No. 4151] (the "Objection"), and in further support of the Objection. In support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.   The Debtors have examined each of the Responses and the statements and exhibits submitted in support thereof. Exhibit 1 contains a summary of each Respondent's purported justification, if provided,[2] for filing his or her proof of claim as a secured claim.

2.   Each of the Respondents has failed to demonstrate evidence of a security interest and perfection of a security interest in property of the Debtors, or provide documentary evidence proving that the claim at issue should be granted the status of a secured claim. Accordingly, the relief sought in the Objection should be granted with respect to the Respondents. However, if the Court is not prepared to rule on the Objection with respect to any of the Respondents, the Debtors reserve the right to take discovery from any such Respondent.

---

[1]   The *Response of Michelle R. Strickland to Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* [Docket No. 4338] is a Response that does not object to the Debtors' proposed reclassification of Ms. Strickland's Borrower Claim. Accordingly, this Reply is not directed at Ms. Strickland's Response.

[2]   For purposes of this Reply and the Objection, the Debtors have taken these statements at face value.

ny-1106143

## BACKGROUND

**I.    ENTRY OF THE BAR DATE ORDER AND NOTICE OF THE BAR DATE**

3.    On August 29, 2012, this Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").  The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.  The Bar Date Order provided that proofs of claim must, among other things, "include supporting documentation."  See Bar Date Order ¶ 5(e).

4.    In accordance with the Bar Date Order, on or before October 5, 2012, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served a copy of a form of notice regarding the Bar Date (the "Bar Date Notice") on each Respondent at the address for such Respondent reflected in the Debtors' books and records as of the Petition Date.[3]  See Affidavits of Kurtzman Carson Consultants, LLC [Docket Nos. 1412, 2179] reflecting service of the Bar Date Notice on each of the Respondents.

**II.    OBJECTIONS AND THE RESPONSES**

5.    Subsequent to the Debtors' filing of the Objection and prior to the August 29, 2013 omnibus hearing date scheduled for the Objection, each of the Respondents submitted a Response, as set forth on Exhibit 1 annexed hereto.  Upon their initial review of the Responses, the Debtors consulted with SilvermanAcampora LLP ("SilvermanAcampora"), special

---

[3]    The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, which additionally notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date.  See Bar Date Notice ¶¶ 1, 3; see also *Amended Affidavit of Publication re: Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today* [Docket No. 1660].  In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

borrowers' counsel to the official committee of unsecured creditors, to coordinate efforts in reaching out to the Respondents to address their Responses to the Objection.

## RESPONDENTS FAIL TO PROVIDE EVIDENCE THAT DEMONSTRATES THAT RESPONDENTS HAVE SECURED CLAIMS

6. Rule 3001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that if a claimant is asserting a security interest in property of the debtor, "the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). The Official Form B10 (the proof of claim form) ("Form B10"), consistent with Bankruptcy Rule 3001(c) and (d), clarifies to claimants that writings supporting a claim or evidencing perfection of a security interest must be attached to the Form B10. Specifically, Instruction 4 and Instruction 7 or 8 (depending on the version of Form B10 filled out by a claimant), respectively, direct claimants to provide evidence demonstrating the security interest asserted:[4]

> (4) Secured Claim: . . . If the claim is secured, check the box for the nature and value of property that secures the claim, **attach copies of lien documentation** . . . .
>
> (7) or (8) Documents: **Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest**. You may also attach a summary **in addition to** the documents themselves. FRBP 3001(c) and (d). . . .

Form B10 (emphasis added).

7. By their own terms, the Respondents' proofs of claim do not appear to be entitled to secured status under section 507(a) of the Bankruptcy Code. Both SilvermanAcampora and the Debtors reached out to the Respondents to understand the alleged

---

[4] If an original document has been destroyed, a statement setting forth the circumstances of the loss or destruction should be filed with the claim. Fed. R. Bankr. P. 3001(c).

3

ny-1106143

basis of the security interest asserted in each of their claims, and to request documentation in support of such asserted security interest.[5] The Debtors received no additional information from the Respondents, either in the Responses or through their communications with the Respondents, which would support the alleged security interest in the Debtors' property in connection with the Respondents' asserted claims. After consultation, the Debtors and SilvermanAcampora both concluded that in each case, the Respondents failed to provide evidence demonstrating that such claims should be granted secured status. Accordingly, SilvermanAcampora supports the Debtors' proposed treatment of the proofs of claim as set forth in the Objection.

8. If these claims are not reclassified as general unsecured claims, as set forth on <u>Exhibit A</u> to the Proposed Order to the Objection, the Borrower that filed the proof of claim will receive a distribution that it is not entitled to under the Bankruptcy Code, to the detriment of and ahead of other creditors in these Chapter 11 Cases. On this basis, the relief sought in the Objections should be granted.

[*Remainder of Page Intentionally Left Blank.*]

---

[5] SilvermanAcampora attempted to call Mr. Derouin a number of times, but his phone line is disconnected (the same number is provided on Mr. Derouin's proof of claim and Response). SilvermanAcampora has emailed Mr. Derouin, but has not received a response as of the date of this Reply.

WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted and any other relief that the Court finds reasonable and justified.

Dated: August 27, 2013  
      New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Meryl L. Rothchild  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the Debtors and Debtors in Possession*

## Exhibit 1

**Responses to the Seventeenth Omnibus Claims Objection**

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Perry Goerner (Claim No. 3515) | *Response of Perry Goerner to Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* | 4469 | According to the proof of claim, Response and backup documents, claimant asserts that Debtor engaged in fraud by, among other things, falsely signing and/or altering copies of a promissory note and loan closing documents. Claimant states that he was not mentally capable of signing the requisite closing loan documents, and asserts that due to GMACM's fraudulent and predatory mortgage servicing practices, such mortgage note is allegedly void and unenforceable. In the proof of claim, claimant lists the full amount of claimant's mortgage as a secured claim, and attaches documents on a number of subjects, including; statement of disability; notice of intention to foreclose (dated 11/02/10); certain mortgage statements; mortgage; and a land title schedule.<br><br>There are no documents appended to either the proof of claim or Response purporting to show that claimant has a lien against or has a valid security interest in any of the Debtors' assets. Claimant does not explain why he is entitled to a secured claim.<br><br>Based on the documents included in support of the proof of claim and in the Response, there is no basis for a secured claim. |

ny-1106143

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Anthony Davide (Claim No. 482) | *Objection of Creditor Anthony Davide to the Reclassification of Claim from Secured to Unsecured* | 4651 | The Response states that claimant paid funds to GMACM, pursuant to the Monroe County, Florida court's direction, in connection with an action involving claimant's belief that certain payments made to GMACM should have gone towards a new trial modification plan instead of allegedly towards paying down amounts past due and owing on claimant's loan. Claimant believes GMACM applied funds to claimant's mortgage account as loan or escrow payments, and did not segregate these funds pursuant to the purported arrangement set by the Florida court. In addition, in the response, claimant asserts that he was assured by the Florida court that the funds would be refunded to claimant in their entirety in the event of a disagreement between claimant and GMACM, which claimant states still exists. Claimant attaches to the proof of claim certain correspondence between claimant and GMACM evidencing claimant's alleged dispute of application of payments. In certain letters, GMACM states that, subsequent to approving a traditional loan modification (claimant did not qualify for a certain trial modification plan), GMACM applied payments received from claimant to the most outstanding payment due. Claimant does not attach any judgments, orders, or transcripts from the action before the Monroe County, Florida court.<br><br>There are no documents appended to either the proof of claim or Response purporting to show that claimant has a lien against or has a valid security interest in any of the Debtors' assets. Claimant does not explain why claimant believes he is entitled to a secured claim.<br><br>Based on the documents included in support of the proof of claim and in the Response, there is no basis for a secured claim. |

2

ny-1106143

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| James D. Derouin and Deborah Lee Derouin (Claim No. 4750) | *Response of James D. Derouin to Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* | 4752 | According to the proof of claim, Response and backup documents, claimants assert claims against GMACM, ditech, and ResCap relating to the alleged unlawful seizure and sale of claimant's property in February of 2012 to HUD. Claimants have an action pending in Michigan state court and filed their proof of claim to preserve their claims against the Debtors.  In this action, claimants brought suit against GMACM and Orlans Associates, PC, GMACM's and/or Freddie Mac's counsel, to contest the Debtors' purported use of false statements and documents and failure to comply with foreclosure, seizure and sale laws to accomplish eviction of claimants and the sale of claimants' property.  Claimants attach to their proof of claim numerous documents, including: filings from the Michigan state court action; letters from GMACM stating claimants are delinquent in loan payments; the bar date notice in these Chapter 11 Cases; documents evidencing Chapter 13 case of Deborah Derouin (filed on 12/17/2008 and dismissed after confirmation on 4/26/2012); documents relating to lawsuit between plaintiff Freddie Mac and defendant claimants; sheriff's deed and affidavit of purchaser; articles; and many others.<br><br>There are no documents appended to either the proof of claim or Response purporting to show that claimants have a lien against or has a valid security interest in any of the Debtors' assets.  Claimants do not explain why claimants believe they are entitled to a secured claim.<br><br>Based on the documents included in support of the proof of claim and in the Response, there is no basis for a secured claim. |

3

ny-1106143