UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------------------------

### STIPULATION RESOLVING THE DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (REDUNDANT CLAIMS) AGAINST THE WOLF FIRM (CLAIM NOS. 3896, 5875)

This stipulation ("Stipulation") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and Mr. Alan Steven Wolf, on behalf of The Wolf Firm, A Law Corporation (the "Wolf Firm" and together with the Debtors, the "Parties") to resolve the Debtors' Objection (defined below) to Claim No. 3896 that was filed by the Wolf Firm in the above-referenced chapter 11 cases (the "Chapter 11 Cases") and the Wolf Firm's Response (defined below) thereto.

WHEREAS, on May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

WHEREAS, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date"). The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012;

WHEREAS, on or about November 9, 2012, the Wolf Firm filed a proof of claim designated as Claim No. 3896 in Residential Capital, LLC's ("ResCap") claims register asserting a claim in the amount of $273,944.83 in connection with legal services performed. The Claims and Noticing Agent noted Claim No. 3896 as a secured claim, as the figure of $273,944.83 was noted in both the secured and unsecured sections of the proof of claim form;

WHEREAS, on or about November 21, 2012, the Claims and Noticing Agent entered Claim No. 5875 on the claims register. Claim No. 5875 also lists the Wolf Firm as the claimant, asserts a claim against ResCap in the amount of $273,944.83 in connection with legal services performed, and appears identical to Claim No. 3896. The Claims and Noticing Agent noted Claim No 5875 as a general unsecured claim;

WHEREAS, on March 7, 2013, the Debtors filed the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) for Approval of (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* [Docket No. 3123] (the "Claims Procedure Motion");

WHEREAS, on March 21, 2013, the Court entered an order approving the Claims Procedure Motion [Docket No. 3294];

ny-1105055

**WHEREAS**, on July 3, 2013, the Debtors filed the *Debtors' Sixteenth Omnibus Objection to Claims (Redundant Claims)* [Docket No. 4150] (the "Objection"), asserting, among other things, that the Wolf Firm's Claim No. 3896 was substantially similar to, and thus redundant of, Claim No. 5875, whereby Claim No. 3896 should be disallowed and expunged from the claims register;

**WHEREAS**, on or about July 26, 2013, the Wolf Firm filed a Response to the Objection [Docket No. 4502] (the "Response").  In the Response, the Wolf Firm stated that it intended to only file one proof of claim on the claims register against ResCap, Claim No. 3896, and that such claim was intended to be filed as a general unsecured claim rather than a secured claim and that the Claims and Noticing Agent made a clerical error in entering the same Claim twice;

**WHEREAS**, subsequent to the filing of the Objection and the Response, the Parties conferred in an effort to amicably resolve the Objection and the Response.  As a result of those discussions, the Parties have negotiated the terms of this Stipulation in good faith and at arms' length and agreed to enter into this Stipulation;

**WHEREAS**, the Debtors have determined that entering into this Stipulation is in the best interest of the Debtors, their estates, the Debtors' creditors, and other parties in interest.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1.      The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2.      Upon the Parties' entry into this Stipulation, Claim No. 3896 filed by Wolf Firm shall be reclassified on the claims register as a general unsecured claim in the amount

of $273,944.83 against GMAC Mortgage, LLC.   The Claims and Noticing Agent is hereby

authorized and directed to reflect this treatment of Claim No. 3896 on the claims register.

3.       Upon the Parties' entry into this Stipulation, Claim No. 5875 shall be

considered withdrawn and may be expunged from the claims register.  The Claims and Noticing

Agent is hereby authorized and directed to expunge Claim No. 5875 from the claims register.

4.       Both the Debtors and the Wolf Firm reserve all rights in connection with

the surviving claim, Claim No. 3896, such that the Debtors may object to the surviving claim on

any basis in the future, and the Wolf Firm retains the right to respond or contest the Debtors'

objection(s), if any, to the surviving claim.

5.       This Stipulation shall not to be construed as an admission by any of the

Debtors or their estates of any liability or wrongdoing.

6.       The Parties represent and warrant that each has full power and authority to

enter into and perform under this Stipulation.

7.       This Stipulation constitutes the entire agreement and understanding

between the Parties with regard to the matters addressed herein, and supersedes all prior and

contemporaneous discussions, negotiations, understandings and agreements, whether oral or

written, express or implied, between and among the Parties hereto regarding the subject matter of

this Stipulation.

8.       This Stipulation may be executed in any number of counterparts by the

Parties, all of which taken together shall constitute one and the same agreement.  Any of the

Parties may execute this Stipulation by signing any such counterpart, and each such counterpart,

including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to

be an original.

ny-1105055

9.     This Stipulation shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

10.    This Stipulation shall be binding upon the Parties as well as any successor, trustee appointed in the Chapter 11 Cases.  No provision in any plan of liquidation or reorganization subsequently confirmed in the Chapter 11 Cases shall contain any provisions inconsistent with the terms of this Stipulation.

11.    No other or further notice to creditors or parties in interest, or further approval by the Court is required to effectuate the terms and conditions of this Stipulation.

12.    The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation.

13.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

[*Remainder of Page Intentionally Left Blank.*]

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed

and delivered this Stipulation as of the date set out below.


Dated:  August 27, 2013                         /s/ Norman S. Rosenbaum
                                                Norman S. Rosenbaum
                                                Jordan A. Wishnew
                                                Meryl L. Rothchild
                                                **MORRISON & FOERSTER LLP**
                                                1290 Avenue of the Americas
                                                New York, New York 10104
                                                Telephone:  (212) 468-8000
                                                Facsimile:  (212) 468-7900

                                                *Counsel for the Debtors and*
                                                *Debtors in Possession*



Dated:  August 27, 2013                         /s/ Alan Steven Wolf
                                                Alan Steven Wolf
                                                The Wolf Firm, A Law Corporation
                                                2955 Main Street, 2nd Floor
                                                Irvine, California  92614
                                                Telephone: (949) 720-9200

                                                *Counsel for the Wolf Firm*