**Hearing Date:  September 24, 2013 at 10:00 a.m. (ET)**
**Objection Deadline:  September 13, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Stefan W. Engelhardt
Lorenzo Marinuzzi

*Counsel for*
*the Debtors and Debtors in Possession*

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler

*Counsel for*
*Ally Financial Inc. and Ally Bank*

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
Telephone:    (212) 725-9100
Facsimile:    (212) 715-8000
Kenneth H. Eckstein
Douglas H. Mannal

*Counsel for*
*the Official Committee of Unsecured Creditors*

KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, D.C.  20005
Telephone:    (202) 879-5000
Facsimile:    (202) 879-5200
Jeffrey S. Powell
Daniel T. Donovan
Judson D. Brown

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**JOINT MOTION FOR AN ORDER EXTENDING**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§**
**362(A) AND 105(A) TO ENJOIN PROSECUTION OF CLAIMS**
**AGAINST DEBTORS' NON-DEBTOR AFFILIATES IN THE PUTATIVE**
**CLASS ACTION ENTITLED *ROTHSTEIN, ET AL. v. GMAC MORTGAGE, LLC, ET AL.***

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

JURISDICTION AND VENUE ............................................................................................3

FACTS ..................................................................................................................................3

I.      THE ROTHSTEIN ACTION AND ALLY MOTION .................................................3

II.     SHARED INSURANCE AND THE DEBTORS' INDEMNIFICATION
        OBLIGATIONS....................................................................................................5

RELIEF REQUESTED..........................................................................................................6

ARGUMENT .......................................................................................................................6

I.      THE AUTOMATIC STAY OF SECTION 362 SHOULD BE EXTENDED TO
        STAY THE ROTHSTEIN ACTION AGAINST THE ALLY DEFENDANTS................7

II.    CONTINUED PROSECUTION OF THE ROTHSTEIN ACTION AS AGAINST
        THE ALLY DEFENDANTS SHOULD BE ENJOINED UNDER SECTION 105..........10

        A.      There is a likelihood of successful reorganization in these chapter 11
                 cases. ................................................................................................10

        B.      There will be imminent irreparable harm to the estates if the Court does
                 not enjoin prosecution of the Rothstein Action against the
                 Ally Defendants. ...............................................................................11

        C.      The balance of harms tips in favor of the Movants. ...............................12

        D.      The public interest weighs in favor of the limited injunction requested
                 herein................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.H. Robins Co., Inc. v. Piccinin*,
  788 F.2d 994 (4th Cir. 1986) ............................................................................. 7

*E. Refractories Co. v. Forty Eight Insulations Inc.*,
  157 F.3d 169 (2d Cir. 1998)............................................................................... 6

*Fisher v. Apostolou*,
  155 F.3d 876 (7th Cir. 1998) ............................................................................. 7

*Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., Inc.*,
  No. 06-CIV-5358 (PKC), 2006 WL 3755175 (S.D.N.Y. Dec. 20, 2006) ........................ 10

*In re Am. Film Techs.*,
  175 B.R. 847 (Bankr. D. Del. 1994) ................................................................. 13

*In re Calpine Corp.*,
  354 B.R. 45 (Bankr. S.D.N.Y. 2006) ................................................................. 7

*In re Calpine Corp.*,
  365 B.R. 401 (S.D.N.Y. 2007)............................................................. 10, 11, 12, 13

*In re Chateaugay Corp., Reomar, Inc.*,
  93 B.R. 26 (S.D.N.Y. 1988) ............................................................................. 10

*In re Granite Partners, L.P.*,
  194 B.R. 318 (Bankr. S.D.N.Y. 1996) .............................................................. 10

*In re Ionosphere Clubs, Inc.*,
  922 F.2d 984 (2d Cir. 1990)............................................................................... 7

*In re Johns-Manville Corp.*,
  26 B.R. 420 (Bankr. S.D.N.Y. 1983) ................................................................. 6

*In re Madoff*,
  2012 WL 990829 (S.D.N.Y. Mar. 26, 2012) ..................................................... 6

*In re MF Global Holdings Ltd.*,
  --- B.R. ---, 2012 WL 1191892 (Bankr. S.D.N.Y. Apr. 10, 2012) ................... 9

*In re N. Star Contracting Corp.*,
  125 B.R. 368 (S.D.N.Y. 1991)........................................................................... 7

**Page(s)**

*In re Omc, Inc.*,
 No. 10-14864 (MG), 2010 WL 4026097 (Bankr. S.D.N.Y. Oct. 13, 2010) .................... 13

*In re The 1031 Tax Grp., LLC*,
 397 B.R. 670 (Bankr. S.D.N.Y. 2008) ............................................................................ 10

*MacArthur Co. v. Johns-Manville Corp.*,
 837 F.2d 89 (2d Cir. 1988) .............................................................................................. 9

*Midlantic Nat'l Bank v. N.J. Dept. of Envtl. Prot.*,
 474 U.S. 494 (1986) ......................................................................................................... 6

*Queenie, Ltd. v. Nygard Int'l*,
 321 F.3d 282 (2d Cir. 2003) ............................................................................................ 7

*Rothstein, et al. v. GMAC Mortgage, LLC, et al.*,
 No. 1:12-cv-03412 (AJN) (S.D.N.Y.) ............................................................................. 1

*Teachers Ins. & Annuity Ass'n of Am. v. Butler*,
 803 F.2d 61 (2d Cir. 1986) .............................................................................................. 7

**Statutes**

11 U.S.C. § 105(a) ................................................................................................................ 10

12 U.S.C. § 2601 .................................................................................................................... 2

18 U.S.C. § 1961 .................................................................................................................... 2

28 U.S.C. § 1334 .................................................................................................................... 3

28 U.S.C. § 1408 .................................................................................................................... 3

28 U.S.C. § 1409 .................................................................................................................... 3

28 U.S.C. § 157 ...................................................................................................................... 3

28 U.S.C. § 157(b)(2) ............................................................................................................ 3

**Legislative History**

S. Rep. No. 989, 95th Cong. 2d Sess. (1978) ....................................................................... 7

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC ("*ResCap*") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "*Debtors*"), the Official Committee of Unsecured Creditors (the "*Creditors' Committee*"), and Ally Financial Inc. ("*AFI*") and Ally Bank (together with AFI and its direct and indirect non-debtor subsidiaries and affiliates "*Ally*") submit this motion pursuant to Sections 362(a) and 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*")[1] for entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the automatic stay and enjoining the prosecution of claims against Ally in the putative class action entitled *Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, No. 1:12-cv-03412 (AJN) (S.D.N.Y.) (the "*Rothstein Action*") until the earlier of the effective date of the Plan (defined below) and December 31, 2013.[2]  In support hereof, the Debtors, joined by the Creditors' Committee and Ally (collectively, the "*Movants*"), respectfully state as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.    The Movants submit that extending the automatic stay to AFI, Ally Bank, and an unnamed subsidiary of AFI (collectively, the "*Ally Defendants*"), who are named as defendants

---

[1]    Unless otherwise specified herein, references to "Section ___" mean the applicable section of the Bankruptcy Code.

[2]    At the status conference held on July 10, 2013, the Court granted Ally's request for leave to file an amendment to the *Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3) By (1) Enjoining Prosecution of Alter Ego And Veil Piercing Claims in the Class Action Entitled Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al., and (2) Declaring Such Claims Void Ab Initio* (the "*Ally Motion*") [ECF No. 2511].  *See* ResCap Hr'g Tr. 73:24–25, July 10, 2013 ("THE COURT:  So, Mr. Schrock, I am going to permit you to amend your motion.").  After consultation, the Movants believe, based on the relief requested, that this motion is the most appropriate method to resolve the instant dispute.  For the avoidance of doubt, this motion expressly amends the Ally Motion and should be considered to have been filed on December 21, 2012.  Should the Court direct, the Movants are prepared to initiate an adversary proceeding pursuant to Bankruptcy Rule 7001(7) for the relief sought herein.

in the second amended complaint (the "*Second Amended Complaint*") in the Rothstein Action, clearly is warranted.[3]

2.      Confirmation of the Debtors' and Creditors' Committee's joint chapter 11 plan (the "*Plan*"),[4] which provides Ally with plenary third-party releases that, if approved, will dispose of the Rothstein Action as to the Ally Defendants, is less than three months away.[5] Between now and the scheduled confirmation hearing, the Debtors, Creditors' Committee, Ally, and their respective professionals will be completely engaged in the steps necessary to ensure confirmation of the Plan. Thus, permitting prosecution of the Rothstein Action, which is still in its infancy, at this stage in the cases will cause an unwarranted distraction and, potentially, will lead to the unnecessary incurrence of costs by the parties.

3.      Additionally, though the Debtors have been voluntarily dismissed in the Rothstein Action, prosecution against the Ally Defendants is *de facto* prosecution against the Debtors. The Amended Complaint asserts claims for damages arising under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("*RICO*"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("*RESPA*"), and applicable state law, for the alleged wrongful conduct of GMAC Mortgage, LLC ("*GMACM*") in its capacity as servicer of the Plaintiffs' mortgage loans.[6] The claims asserted against the Ally Defendants are either estate

---

[3]    *See* Amended Compl., ¶ 26 [ECF No. 3343, Ex. 2].

[4]    *See Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [ECF No. 4819].

[5]    *See Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* (the "*Disclosure Statement Order*") [ECF No. 4809].

[6]    *Id.* at ¶ 1.

2

claims or claims based on the Debtors' conduct, thus resolution of the claims against the Ally

Defendants necessarily means resolving the underlying claims asserted against the Debtors.

And, Ally is entitled to indemnification from the Debtors in connection with the claims asserted

in the Rothstein Action.  Accordingly, it threatens the property of the Debtors' Estates.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this

district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

## I.     THE ROTHSTEIN ACTION AND ALLY MOTION

5.      A single plaintiff, Landon Rothstein ("*Rothstein*"), commenced the Rothstein

Action on April 30, 2012, in the United States District Court for the Southern District of New

York (the "*District Court*") against GMACM, two insurance companies unrelated to GMACM

(the "*Insurance Defendants*"), and several other defendants.  Rothstein alleged that GMACM

received "kickbacks" from the Insurance Defendants in the form of phony commissions that had

the effect of artificially inflating premiums charged to borrowers on mortgages serviced by

GMACM for "force-placed" or "lender-placed" insurance.[7]

6.      On May 14, 2012 (the "*Petition Date*"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of Bankruptcy Code.

7.      On September 28, 2012, Rothstein, joined by other plaintiffs, Robert and Jennifer

Davidson and Ihor Kobryn (collectively, the "*Plaintiffs*"), filed a first amended class action

---

[7]    *See* Class Action Compl. ¶¶ 4–7 (the "*Complaint*") [ECF No. 2512, Ex. A].

complaint.  Through the first amended complaint, the Plaintiffs voluntarily dismissed GMACM

(thus sidestepping the automatic stay) as a defendant and instead named the Ally Defendants.[8]

8.     On December 13, 2012, counsel to the Ally Defendants and counsel to the

Plaintiffs in the Rothstein Action executed a stipulation, whereby the parties agreed that:

> [t]he deadline for Ally to respond to the Amended Complaint is
> hereby extended until twenty days after the later of (a) a final and
> non-appealable Order of the Bankruptcy Court on any Stay
> Enforcement Motion or (b) a final and non-appealable Order of the
> Bankruptcy Court on any Stay Extension Motion, provided such
> motions(s) are filed on or before December 21, 2012.

9.     On December 21, 2012, the Ally Motion was filed.

10.     On January 22, 2013, the Plaintiffs filed the Second Amended Complaint, which

is now the operative complaint.[9]  In it, the Plaintiffs allege, among other things, agency and

breach of contract theories of liability against Ally Bank as well as alter-ego and veil-piercing

claims against AFI.[10]

11.     On February 1, 2013, the Debtors joined the Ally Motion in full.[11]  And, on

April 2, 2013, the Creditors' Committee filed a response to the Ally Motion, arguing that the

---

[8]     *See* First Am. Compl. (the "*Amended Complaint*"), ¶¶ 32, 66 [ECF No. 2512, Ex. B].

[9]     *See* SAC [ECF No. 3343, Ex. 2].

[10]     *Id.* at ¶¶ 141–43, 147, 281, 314–32.

[11]     *See  Debtors' Joinder to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic
Stay Pursuant to 11 U.S.C. § 362(a)(3) By (1) Enjoining Prosecution of Alter Ego And Veil Piercing Claims in
the Class Action Entitled Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al., and (2) Declaring Such
Claims Void Ab Initio* [ECF No. 2793]; *see also* the *Debtors' Amended Joinder to Motion by Ally Financial Inc.
and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3) By (1) Enjoining
Prosecution of Alter Ego And Veil Piercing Claims in the Class Action Entitled Landon Rothstein, et al. v.
GMAC Mortgage, LLC, et al., and (2) Declaring Such Claims Void Ab Initio* [ECF No. 2834].

Court should enjoin the prosecution of the Rothstein Action under Section 105(a) of the Bankruptcy Code.[12]

12.      Presently, the Insurance Defendants have filed motions to dismiss the Second Amended Complaint, which are fully briefed and awaiting determination by the District Court.[13] Limited discovery has progressed against Balboa, but not against the Ally Defendants because of the stipulation mentioned above.[14]

13.      The Plaintiffs have filed proofs of claim in these chapter 11 cases, asserting claims in the amount of $1,000,000,000 against GMACM and ResCap, respectively.[15]    In support of their claims against the Debtors, the Plaintiffs annexed the Complaint and First Amended Complaint to their proofs of claim.[16]

## II.    SHARED INSURANCE AND THE DEBTORS' INDEMNIFICATION OBLIGATIONS

14.      The Debtors share insurance coverage with AFI (and other non-debtor affiliates). A copy of the shared insurance policy that may cover the Rothstein Action was previously submitted to the Court in connection with the Debtors' motion to extend the automatic stay in the adversary proceeding entitled *Residential Capital, LLC v. Allstate Ins. Co.*, AP No. 12-ap-01671.[17]    That policy provides entity coverage to AFI and its subsidiaries, including the Debtors,

---

[12]      *See Response of the Official Committee of Unsecured Creditors to the Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. § 362(a)(3) By (1) Enjoining Prosecution of Alter Ego And Veil Piercing Claims in the Class Action Entitled Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al., and (2) Declaring Such Claims Void Ab Initio*  [ECF No. 3345].

[13]      *See* ResCap Hr'g Tr. 66:17–67:11, July 10, 2013.

[14]      *Id.*

[15]      *See* Decl. of Richard Haddad (the "*Haddad Decl.*") [ECF No. 2512, Exs. C and D].

[16]      *Id.*

[17]      *See* Decl. of James Whitlinger (the "*Whitlinger Decl.*") [ECF No. 7, Ex. C].

5

and it is a wasting policy.  Thus, every dollar of policy proceeds spent on defense costs in connection with the Rothstein Action reduces the amount available for claims by the Debtors.[18]

15.    The Debtors also have contractual indemnification obligations to the Ally Defendants arising from their operating agreements.  Specifically, the Amended and Restated Operating Agreement between ResCap and AFI (the "*Operating Agreement*") provides for indemnification to non-debtor affiliate entities for losses arising out of the business operations of ResCap.[19]  This agreement requires the Debtors to pay defense costs as incurred on an ongoing basis.[20]

## RELIEF REQUESTED

16.    The Movants respectfully amend the Ally Motion and request an order, pursuant to Sections 362(a) and 105(a) enjoining the prosecution of the Rothstein Action against the Ally Defendants until the Court has entered a final, non-appealable Order confirming the Debtors' Plan.

## ARGUMENT

17.    The automatic stay of Section 362(a) is "one of the fundamental debtor protections provided by the bankruptcy laws."  *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986); *accord E. Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998); *In re Madoff*, 2012 WL 990829, at *7 (S.D.N.Y. Mar. 26, 2012); *In re Johns-Manville Corp.*, 26 B.R. 420, 425 (Bankr. S.D.N.Y. 1983).  A primary purpose of the automatic stay is to "provide[] the debtor with 'a breathing spell from his creditors'" so that its restructuring efforts can proceed in an efficient, coordinated manner.  *Teachers Ins. & Annuity*

---

[18]    *See id.*

[19]    *See id.*, at Exs. A and B.

[20]    *See id.*

6

*Ass'n of Am. v. Butler*, 803 F.2d 61, 64 (2d Cir. 1986) (quoting S. Rep. No. 95-989, at 54–55 (1978)); *accord In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990); *In re Calpine Corp.*, 354 B.R. 45, 49 (Bankr. S.D.N.Y. 2006).

18.    This Court should stay or enjoin the continuation of the Rothstein Action against the Ally Defendants pursuant to Sections 362 and 105 of the Bankruptcy Code to effectuate the purpose of the automatic stay and provide the Debtors the protections it affords.

## I.    THE AUTOMATIC STAY OF SECTION 362 SHOULD BE EXTENDED TO STAY THE ROTHSTEIN ACTION AGAINST THE ALLY DEFENDANTS

19.    The automatic stay of Section 362(a) of the Bankruptcy Code does not apply to non-debtor entities by its terms.  Nonetheless, it "can apply to non-debtors . . . when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003).  Such an extension of the automatic stay is warranted if "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) (cited favorably by the Second Circuit in *Queenie*, 321 F.3d at 287); *see also Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998) ("The jurisdiction of the bankruptcy court to stay actions in other courts extends beyond claims by and against the debtor, to include suits . . . which may affect the amount of property in the bankrupt estate, or the allocation of property among creditors.") (internal quotations and citations omitted); *In re N. Star Contracting Corp.*, 125 B.R. 368, 370 (S.D.N.Y. 1991) (stating that "*Robins* and other courts have recognized that an identity of interest exists between a debtor and a third party non-debtor when a right to indemnification exists").

7

20.    The Court should extend the automatic stay to the Ally Defendants.  *First*, there is an identity between the Ally Defendants and GMACM whereby GMACM may be said to be the actual defendant.   The Plaintiffs' allegations in the Second Amended Complaint primarily involve alleged wrongful conduct by GMACM, which allegedly serviced the Plaintiffs' mortgage loans that are the subject of the Plaintiffs' claims.  *See* Second Am. Compl., ¶¶ 1–10, 21–23.   The claims against the Ally Defendants are derivative of claims against GMACM, and resolution of the claims against the Ally Defendants — for, among others, agency liability, breach of contract, breach of fiduciary duties, alter ego, and veil piercing — will necessarily involve resolving claims asserted against GMACM.

21.    *Second*, the Debtors are contractually obligated to indemnify the Ally Defendants for losses incurred in defending against the claims asserted in the Rothstein Action.   In particular, ResCap's Operating Agreement states that "ResCap will, to the fullest extent permitted by law, indemnify, defend and hold harmless" the Ally Defendants "from and against any losses related to ResCap Indemnifiable Liabilities," which are "Liabilities that relate to, arise out of or result principally from [the] businesses and operations . . . of ResCap or its Subsidiaries."  Operating Agreement §§ 1, 3(c).   In light of these contractual indemnification obligations to the Ally Defendants, and because the claims alleged against the Ally Defendants arise from the Debtors' business operations, the Plaintiffs' claims will affect the *res* of the Debtors' Estates — and the Court therefore should extend the automatic stay to enjoin prosecution of the Rothstein Action against the Ally Defendants.

22.    *Third*, the Debtors and the Ally Defendants share entity insurance coverage.  As this Court has already found, those shared policies and proceeds are assets of the Debtors'

8

estates. *See* July 10, 2012 Hr'g Tr. at 125:19–21. As this Court further held, the shared insurance "is a wasting policy, meaning that every dollar spent of policy proceeds reduces the amount available for claims by the debtors." *Id.* at 138:7, 8–10; *see also In re Quigley*, 676 F.3d at 53, 58. If the Plaintiffs' claims against the Ally Defendants are not stayed, the shared insurance policies and proceeds would be depleted, in turn reducing an asset of the Debtors' estates. *See* July 10, 2012 Hr'g Tr. at 125:19-21; *see also In re Quigley*, 676 F.3d at 53, 58. Like the Debtors' indemnification obligations, such reduction impacts the property of the Debtors' Estates. *See*, *e.g.*, *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 92 (2d Cir. 1988) (agreeing with the "[n]umerous courts [that] have determined that a debtor's insurance policies are property of the estate"); *In re MF Global Holdings Ltd.*, --- B.R. ---, 2012 WL 1191892, at *9 (Bankr. S.D.N.Y. Apr. 10, 2012) ("[I]t is well-settled that a debtor's liability insurance is considered property of the estate."); *In re The 1031 Tax Grp.*, 397 B.R. 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008) (recognizing that shared Errors & Omissions policy was property of estate). Accordingly, the Plaintiffs' claims against the Ally Defendants should be stayed.

23. And in any event, the Debtors will likely be flooded with burdensome discovery requests in connection with the Rothstein Action. Notwithstanding that GMACM has been dismissed from the Rothstein Action, the Debtors will be the subject of extensive discovery because the Second Amended Complaint is riddled with allegations concerning GMACM. *See generally* Second Am. Compl. Distraction at this stage of the chapter 11 cases is unwarranted and unnecessary, especially because, if approved, the Plan will conclusively resolve the Plaintiffs' claims. For these reasons, the Court should extend the stay under Section 362(a) to enjoin prosecution of the Rothstein Action.

## II.   CONTINUED PROSECUTION OF THE ROTHSTEIN ACTION AS AGAINST THE ALLY DEFENDANTS SHOULD BE ENJOINED UNDER SECTION 105.

24.     Additionally, the Court should enjoin prosecution of the Rothstein Action pursuant to Section 105(a) of the Bankruptcy Code, which provides that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

25.     As this Court has stated, "Section 105 authorizes a bankruptcy court to exercise power outside the bounds of the automatic stay." *In re The 1031 Tax Grp., LLC*, 397 B.R. at 684; *see also Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp., Inc.*, No. 06-CIV-5358 (PKC), 2006 WL 3755175, at *4 (S.D.N.Y. Dec. 20, 2006) ("Section 105 may support the issuance of an injunction to parties who do not fall within the scope of section 362(a)."); *In re Chateaugay Corp., Reomar, Inc.*, 93 B.R. 26, 32 (S.D.N.Y. 1988) (upholding a bankruptcy court's decision to enjoin preliminarily an action against non-debtors).

26.     Courts in this district evaluate a motion to extend the automatic stay under Section 105 according to the following factors, none of which is dispositive: "(1) whether there is a likelihood of successful reorganization; (2) whether there is an imminent irreparable harm to the estate in the absence of an injunction; (3) whether the balance of harms tips in favor of the moving party; and (4) whether the public interest weighs in favor of an injunction." *In re Calpine Corp.*, 365 B.R. 401, 409 (S.D.N.Y. 2007); *see also The 1031 Tax Grp., LLC*, 397 B.R. at 684 (citing *In re Granite Partners, L.P.*, 194 B.R. 318, 337 (Bankr. S.D.N.Y. 1996).

### A.     There is a likelihood of successful reorganization in these chapter 11 cases.

27.     Given the monumental progress made in these chapter 11 cases over the past six months, there is a substantial likelihood of a successful reorganization here.  On May 13, 2013, after months of formal and informal negotiations, and with the able assistance of the

Court-appointed mediator, the Honorable James M. Peck, the Debtors, Creditors' Committee, Ally, and certain other supporting parties (including most of the Debtors' largest creditors) agreed to the terms of a plan support agreement (the "*Plan Support Agreement*"). Shortly thereafter, on June 26, 2013, this Court approved the Debtors' entry into the Plan Support Agreement.[21] The Debtors and Creditors' Committee then jointly filed the Plan and Disclosure Statement on July 3, 2013, with the support of the parties to the Plan Support Agreement. And, this Court approved the Debtors' Disclosure Statement on August 23, 2013, and a confirmation hearing is set to commence on November 19, 2013.[22] Accordingly, these chapter 11 cases are on track to culminate in confirmation of the Plan before the end of calendar year 2013.

**B.** **There will be imminent irreparable harm to the estates if the Court does not enjoin prosecution of the Rothstein Action against the Ally Defendants.**

28.    When evaluating the irreparable-harm factor, courts in this district have reasoned that the following harms could sustain an injunction pursuant to Section 105(a): (1) risks of collateral estoppel or evidentiary prejudice; (2) indemnification obligations arising from the underlying lawsuit; and (3) the distraction of a debtor's key employees from the tasks necessary to reorganize. *See Calpine*, 365 B.R. at 410.

29.    The Movants can show irreparable harm. *First*, as discussed above, GMACM allegedly performed the wrongful conduct at issue in the Second Amended Complaint. *See*, *e.g.*, Second Am. Compl., ¶¶ 1–10. To determine the liability, if any, of the Ally Defendants, the District Court will necessarily have to find facts regarding the conduct of GMACM. These findings could amount to severe evidentiary prejudice to GMACM and the Debtors, generally.

---

[21]    *See Order Granting Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter into a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants* [ECF No. 4098].

[22]    *See generally* Disclosure Statement Order [ECF No. 4809].

Accordingly, irreparable harm will befall the Debtors' estates if the Rothstein Action is not enjoined.

30.     *Second*, as discussed *supra*, the Debtors and the Ally Defendants share common insurance that likely provides coverage for the alleged wrongful conduct in the Rothstein Action, the proceeds of which are property of the Debtors' Estates.     Moreover, the Ally Defendants would have claims against GMACM for contribution and/or indemnification because the wrongful conduct complained of relates to the Debtors' business operations.  *See, e.g.*, Second Am. Compl., ¶¶ 1–10.

31.     *Third*, if the Plaintiffs are permitted to continue prosecution of the Rothstein Action, the Debtors' key employees will be distracted from the monumental tasks at hand in these chapter 11 cases — *e.g.*, solicitation and tabulation of votes, confirmation of the Plan, and a host of related tasks.  It is beyond dispute that these tasks are "necessary to reorganize."  *See Calpine*, 365 B.R. at 410.  For these reasons, there will be imminent irreparable harm to the Debtors' Estates if the Court does not enjoin prosecution of the Rothstein Action against the Ally Defendants.

### C.     The balance of harms tips in favor of the Movants.

32.     The balance of harms weighs in favor of issuing an injunction.  As set forth above, the harm to the Debtors would be irreparable if this Court does not enjoin the Rothstein Actions against the Ally Defendants.  Among other things, the Debtors would face a significant risk of rulings that would be used against them, the estate's resources would be depleted, and the Debtors' efforts to restructure would be impaired.

33.     By contrast, there would be only *de minimis* harm to the Plaintiffs if the Rothstein Action is enjoined.  The parties will know in three short months whether or not the Plan is

12

approved.   The Rothstein Action is in the early stages of litigation.   And even if an injunction were to delay a final decision on the merits in the Rothstein Action, mere delay is insufficient to overcome the potential harm to the Debtors:   "The inability of [the defendant] to obtain a hypothetical recovery sooner . . . is not a harm — and is certainly not an irreparable harm sufficient to outweigh the irreparable harm that [the debtors] will suffer if the . . . litigation were permitted to proceed."   *Id.* at 413; *accord In re Am. Film Techs.*, 175 B.R. 847, 849 (Bankr. D. Del. 1994) (same).   Accordingly, the risk of irreparable injury to the Debtors weighs in favor of an injunction.

> **D.**      **The public interest weighs in favor of the limited injunction requested herein.**

34.      Finally, the public interest is served by the limited extension of the automatic stay sought herein.   This Court has stated that "[i]n the context of bankruptcy proceedings, the 'public interest' element means 'the promoting of a successful reorganization.'"   *In re OMC, Inc.*, No. 10-14864 (MG), 2010 WL 4026097, at *5 (Bankr. S.D.N.Y. Oct. 13, 2010) (citing *Am. Film Techs.,* 175 B.R. at 849).   As discussed above, the Debtors, Creditors' Committee, Ally and certain other parties in interest are presently engaged in the culminating events of these chapter 11 cases.   The Movants submit, therefore, that promotion of a successful reorganization is best achieved if the parties in interest can devote their full attention to the monumental task of obtaining confirmation of the Plan.

*[Remainder of this page intentionally left blank.]*

WHEREFORE, the Movants respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

New York, NY
Dated:  August 28, 2013

/s/ *Gary S. Lee*
Gary S. Lee
Stefan W. Engelhardt
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

/s/ *Ray C. Schrock*
Richard M. Cieri
Ray C. Schrock
Judson Brown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel for Ally Financial Inc. and Ally Bank*

/s/ *Kenneth H. Eckstein*
Kenneth H. Eckstein
Douglas H. Mannal
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
Telephone:    (212) 725-9100
Facsimile:    (212) 715-8000

*Counsel to the Official Committee
of Unsecured Creditors*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING JOINT MOTION FOR AN ORDER EXTENDING**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(A) AND 105(A)**
**TO ENJOIN PROSECUTION OF CLAIMS AGAINST**
**DEBTORS' NON-DEBTOR AFFILIATES IN THE PUTATIVE CLASS ACTION**
**ENTITLED *ROTHSTEIN, ET AL. v. GMAC MORTGAGE, LLC, ET AL.***

Upon consideration of the joint motion (the "*Motion*") of the above-captioned debtors and debtors in possession (collectively, the "Debtors" and each, a "Debtor"), the Official Committee of Unsecured Creditors of Residential Capital, LLC (the "*Creditors' Committee*"), and Ally Financial Inc. ("*AFI*") and Ally Bank (together with AFI and its direct and indirect non-debtor subsidiaries and affiliates, collectively, "*Ally*") for entry of an order enjoining the prosecution of the Rothstein Action pursuant to Sections 362(a) and/or 105(a) of the Bankruptcy Code;[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Joint Motion is in the best

---

[1]    Capitalized terms used but not defined herein have the meanings provided to such terms in the Joint Motion.

interests of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefor,

## IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    The Motion is GRANTED to the extent set forth below.

2.    The Plaintiffs and their counsel are hereby enjoined from the continued prosecution against, and the pursuit of any discovery from, the Ally Defendants in the Rothstein Action until the earlier of the effective date of the Plan and December 31, 2013.

3.    The Movants are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Joint Motion.

4.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.    All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

6.    To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

7.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

2

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

        8.     This Court shall retain jurisdiction with respect to all matters arising or

related to the implementation of this Order.


Dated: _____
New York, NY

 

                                            _____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE