**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY**
**WITH RESPECT TO LeBLANC PERSONAL INJURY ACTION**

This Stipulation and Order (the "<u>Stipulation and Order</u>") is made and entered into by, between and among GMAC Mortgage, LLC ("<u>GMAC Mortgage</u>") and Patricia LeBlanc ("<u>Plaintiff</u>"), and, together with GMAC Mortgage, the "<u>Parties</u>" and each, a "<u>Party</u>"), by their respective undersigned counsel.

**WHEREAS**:

A.    On May 14, 2012 (the "<u>Petition Date</u>"), each of the debtors in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), including GMAC Mortgage, filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

B.    The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.    On June 13, 2011, Plaintiff filed a complaint (as amended, the "<u>Complaint</u>") commencing an action (the "<u>Personal Injury Action</u>") against Federal National Mortgage Association, Nationwide REO Brokers, Inc. ("<u>Nationwide</u>"), and Brendave Corporation (collectively, the "<u>Defendants</u>") in Superior Court of the Commonwealth of Massachusetts, County of Middlesex (the "<u>State Court</u>"), captioned *Patricia LeBlanc v. Federal National*

*Mortgage Association, et al.*, (Case No. MICV2011-0267), asserting personal injury claims arising out of a house fire that occurred on December 6, 2009 at 18 Phoenix Street, Shirley, MA (the "Property"). The Property was foreclosed on by GMAC Mortgage and transferred to Federal National Mortgage Association ("FNMA") prior to the fire. Upon information and belief, FNMA assigned management of the Property to Nationwide, also prior to the fire.

      D.      On or about October 23, 2012, Nationwide filed a third party complaint in the Personal Injury Action (the "Third Party Complaint") asserting claims against Maria Tolman.

      E.      On or about May 8, 2013, without seeking relief from the automatic stay imposed by section 362(a) of Bankruptcy Code upon the commencement of the Debtors' chapter 11 cases (the "Automatic Stay"), Nationwide moved for leave to amend the Third Party Complaint to assert claims against GMAC Mortgage, which was granted by the State Court on or about May 23, 2013.

      F.      On May 29, 2013, in anticipation that Nationwide would file an amended Third Party Complaint, GMAC Mortgage filed a *Notice of Bankruptcy and Limited Relief from Automatic Stay* in the Personal Injury Action.

      G.      On May 31, 2013, the State Court entered an *Order on Suggestion of Defendant's Bankruptcy* (the "Stay Order"), staying the Personal Injury Action in its entirety as a result of the Automatic Stay.

      H.      On or about June 13, 2013, notwithstanding the entry of the Stay Order and the imposition of the Automatic Stay, Nationwide filed an amended Third Party Complaint (the "Amended Third Party Complaint") adding GMAC Mortgage as a named defendant and seeking indemnification and contribution from GMAC Mortgage. Nationwide has not filed a proof of

claim in the Debtors' chapter 11 cases on account of the claims asserted against GMAC Mortgage in the Amended Third Party Complaint.

    I.    On June 28, 2013, Plaintiff filed the *Motion of Patricia LeBlanc to Modify the Automatic Stay and Sever Claims Involving GMAC Mortgage, LLC and Proceed with Personal Injury Claims Involving Others* [Docket No. 4131] (the "Motion for Stay Relief"), pursuant to which Plaintiff sought relief from the Automatic Stay in order to prosecute the Personal Injury Action solely against the Defendants.

    J.    GMAC Mortgage has conferred with Plaintiff and has agreed to a limited modification of the Automatic Stay pursuant to the terms and subject to the conditions set forth in this stipulation and order (the "Stipulation and Order").

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, as follows:

**AGREEMENT**:

1.    Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362 of the Bankruptcy Code shall, to the extent applicable, be modified solely for the limited purpose of permitting Plaintiff to prosecute any claims asserted in the Personal Injury Action against the non-Debtor Defendants, but neither Plaintiff nor any other party to the Personal Injury Action shall be permitted to prosecute any claims against GMAC Mortgage, which claims shall remain stayed.

2.    Upon entry of this Stipulation and Order by the Court, Plaintiff shall be deemed to have withdrawn the Motion for Stay Relief.

3.    Except as provided in paragraph 1 hereof, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection

3

of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. This Stipulation and Order shall not become effective unless and until it is entered by the Bankruptcy Court.

5. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Bankruptcy Court.

6. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

7. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

10. The Court shall retain jurisdiction to resolve all disputes relating to the implementation of this Stipulation and Order.

Dated: August 20, 2013
      New York, New York

| GMAC MORTGAGE, LLC | PATRICIA LeBLANC |
|---|---|
| */s/ Norman S. Rosenbaum* | */s/ William J. Doyle, Jr* |
| Gary S. Lee | William J. Doyle, Jr. (BBO # 134240) |
| Norman S. Rosenbaum | LEAVIS AND REST P.C. |
| Erica J. Richards | 83 Central Street |
| MORRISON & FOERSTER LLP | Boston, Massachusetts, 02109 |
| 1290 Avenue of the Americas | Telephone:  (617) 742-1700 |
| New York, New York 10104 | |
| Telephone:  (212) 468-8000 | *Counsel for Patricia LeBlanc* |
| Facsimile:  (212) 468-7900 | |
| *Counsel for GMAC Mortgage, LLC* | |

APPROVED AND SO ORDERED

this 29th day of August, 2013 in New York

                                                                           **/s/Martin Glenn**
                                                                           MARTIN GLENN
                                          United States Bankruptcy Judge