MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Anthony Princi
Charles L. Kerr
J. Alexander Lawrence

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' REPLY TO THE JOINT LIMITED OBJECTION OF THE AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS AND THE NOTES TRUSTEE TO DEBTORS' MOTION PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 7026 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO ESTABLISH AND IMPLEMENT PROTOCOL IN CONNECTION WITH DISCOVERY RELATED TO PLAN CONFIRMATION**

The Debtors[1] hereby submit this reply (the "**Reply**") to the objection[2] of the Ad Hoc Group of Junior Secured Noteholders and UMB Bank, N.A., as successor Indenture Trustee (collectively, the "**Objecting Parties**"), to the Debtors' motion [Dkt. No. 4765] (the "**Motion**")

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Motion.

[2] The Joint Limited Objection of the Ad Hoc Group of Junior Secured Noteholders and the Notes Trustee to Debtors' Motion Pursuant to Section 105 of the Bankruptcy Code and Rule 7026 of the Federal Rules of Bankruptcy Procedure for Authorization to Establish and Implement Procedures in Connection with Discovery Related to Plan Confirmation (the "**JSN Obj.**") [Dkt. No. 4852].

ny-1106530

for authorization to establish and implement procedures in connection with discovery related to plan confirmation in these Chapter 11 Cases, and seeking entry of the proposed order (the "**Proposed Order**") annexed therein. In support of this Reply, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Debtors, after consultation with the Creditors' Committee, have put forward an eminently reasonable protocol for Plan Confirmation Discovery designed to create an organized and efficient process that, in the absence of such a protocol, could devolve into chaos. The proposed Plan Confirmation Discovery Protocol provides fair and reasonable procedures to conduct and complete Plan Confirmation Discovery in conformance with the schedule set by the Court. *See* Order (setting October 21, 2013 Plan Objection Deadline and November 19, 2013 Confirmation Hearing) [Dkt. No. 4809]. The proposed Plan Confirmation Discovery Protocol will further provide immediate access to any Participant in the confirmation process to a Repository of over fourteen million pages of materials already collected and produced by the Debtors in these proceedings and provide those Participants the right, upon a showing of good cause, to seek additional documents.

2. Of all of the thousands of claimants in these cases, only one set of objectors opposes the proposed Plan Confirmation Discovery Protocol. Once again, the Ad Hoc Group of Junior Secured Noteholders seeks to object to reasonable proposals that otherwise received no objection in an effort to disrupt and delay these proceedings.

3. Nonetheless, the Debtors reviewed the issues identified by the Objecting Parties and have proposed revisions to the proposed Plan Confirmation Discovery Protocol to address a number of the objections. A copy of the proposed Amended Plan Confirmation Discovery

Protocol is attached hereto as Exhibit 1, with a blackline from the filed version attached hereto as Exhibit 2.[3] Other than the issues addressed by these changes, the objections lack any merit and should be overruled. The Debtors will respond to each of the objections below.

### WHERE NOT ADDRESSED IN THE PROPOSED AMENDED PLAN CONFIRMATION DISCOVERY PROTOCOL, THE OBJECTIONS LACK MERIT AND SHOULD BE OVERRULED

**A.    Requiring a Showing of Good Cause to Obtain Discovery of Documents Not Available in the Repository Is Fair and Reasonable.**

4.    The principal objection raised by the Objecting Parties is that the Plan Confirmation Discovery Protocol requires a Participant to make a good cause showing to obtain new and additional document discovery beyond the over fourteen million pages of documents in the Repository. "[T]he Court has the discretion to impose conditions on any discovery it orders." *Capitol Records, Inc., v. MP3tunes, LLC*, 261 F.R.D. 44 (S.D.N.Y. 2009); *see also* Fed. R. Civ. P. 26(b)(1) (defining the general scope of discovery "[u]nless otherwise limited by court order"), as incorporated by Bankruptcy Rule 7026; . Moreover, there is nothing unreasonable or unfair about requiring that Participants make a threshold showing of good cause to seek such new and additional discovery.

5.    To date, the Debtors have searched for, collected and produced an immense and broad-ranging collection of documents regarding virtually all aspects of the Debtors' operations. (*See* Proposed Order ¶ 3(a) (listing the productions in the Repository). The Plan Confirmation Discovery Protocol simply provides a reasonable requirement that a party seeking new and additional document discovery beyond these more than fourteen million pages of material demonstrate "good cause." (Proposed Order ¶ 3(e).)

---

[3] The documents bates labeled "ResCap (SEC)" were not produced in connection with these bankruptcy proceedings and have been removed from the list of documents to be included in the Repository.

6.  The Objecting Parties inexplicably persist in their objection to the Motion on the grounds that they lack sufficient discovery and that the proposed "good cause" standard represents too heavy a burden to seek new and additional discovery.  (*See* JSN Obj. ¶ 8-15.)  Notably, the Objecting Parties fail to identify what additional types of documents they would require to prosecute a claim objection.  The Objecting Parties further claim that they cannot "reasonably be expected to identify the relevant custodians or 'specific' date range for each request," as required by the Plan Confirmation Discovery Protocol for additional discovery.  (*See* JSN Obj. ¶ 14-15.)[4]

7.  The Objecting Parties' argument speaks volumes about how they plan to continue to abuse the discovery process in connection with plan confirmation in the absence of the Plan Confirmation Discovery Protocol.  The Objecting Parties want free range to serve new, burdensome and open-ended document demands lacking the requisite specificity and without any showing of need for the requested discovery.

8.  Finally, the Objecting Parties claim that, because the proposed Plan Confirmation Discovery Protocol does not replicate all aspects of the plan discovery protocols adopted in *In re Enron Corp.*[5] and *In re Lehman Brothers Holdings, Inc.*,[6] the Court should not grant the Motion.  The protocols adopted in *In re Enron Corp.* differ substantially from the protocols adopted in *In*

---

[4] The Objecting Parties also seek to tie their objections to the Plan Confirmation Discovery Protocol, which addresses discovery in connection with the plan confirmation hearing, to their separate Adversary Proceeding with the Debtors.  The Plan Confirmation Discovery Protocol does not apply to that Adversary Proceeding.  To the extent, however, the Objecting Parties have raised what are in fact plan confirmation issues, this Court has recognized that those issues are properly addressed as part of the plan confirmation hearing (*see* July 3, 2013 Hr'g Tr. at 16:11-18:5, 22:4-19), and, therefore, should be subject to this Protocol.

[5] *In re Enron Corp. et al.*, Ch. 11 Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb 13, 2004), *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* [Dkt. No. 16233]

[6] *In re Lehman Bros. Holdings Inc., et al.*, Ch. 11 Case No. 08-13555 (JPM) (Bankr. S.D.N.Y. Apr. 14, 2011), *Order Establishing Schedule and procedures in Connection with Discovery Related to Plan Confirmation and Other Issues* [Dkt. No. 16003]

*re Lehman Brothers Holdings, Inc*. Nonetheless, the common denominator between the protocols in those two cases and the proposed protocol in this case is the effort to bring order to the plan discovery process and to avoid needless and duplicative discovery. In the context of this case and in light of the extensive discovery that has already taken place—including in connection with the Examiner's investigation, the Creditors' Committee's investigation, the Objecting Parties' Adversary Proceeding, the RMBS 9019 Proceeding, and the FGIC 9019 Proceeding— the proposed Plan Confirmation Discovery Protocol proposed here is fair and reasonable.

### B. The Debtors Propose to Amend the Plan Confirmation Discovery Protocol to Address the Objection Regarding the Process for Identification of Witnesses.

9.  The Objecting Parties also argue that they will not have sufficient time to identify witnesses after the Repository is made available. (*See* JSN Obj. ¶ 17.) Specifically, the Objecting Parties complain that they will have access to the Repository for only four days prior before having to identify their witnesses. (*See Id.*) Although this objection is not well-founded, the Debtors have nonetheless proposed certain revisions to the Plan Confirmation Discovery Protocol that should resolve the objection.

10. As a threshold matter, the Objecting Parties have already had access to a vast number of the documents that will be compiled in the Repository. Based on their previous involvement in these cases, they have had access to broad categories documents, including but not limited to: (a) all documents produced to the Examiner, (b) all documents produced in their Adversary Proceeding, and (c) millions of documents produced to the Creditors' Committee. In fact, the Objecting Parties have had long had access to approximately six million pages of the documents that will make up the Repository. The Objecting Parties have also had access to both the Plan Support Agreement [Dkt. No. 3814], and the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors [Dkt. No.

4819-2] (the "**Plan**") for weeks.  Thus, the claim that the Objection Parties do not have enough information to formulate an initial witness list is baseless.

11. Moreover, as set forth in the proposed Amended Plan Confirmation Discovery Protocol, the Debtors have provided an additional three (3) business days after the initial identification of witnesses for all parties to re-evaluate their respective witness lists and add additional witnesses in response to the lists proposed by other parties.  In addition to providing these three (3) additional business days to update witness lists, the Debtors will make every effort to make the Repository available in advance of the ten (10) days currently provided in the Plan Confirmation Discovery Protocol so that Participants can review that material as soon as possible.

    **C.    The Plan Confirmation Discovery Protocol Need Not Require That the Debtors Identify Plan Confirmation Issues.**

12. The Objecting Parties argue that the Plan proponents have "not identified sufficiently those Phase II (or other) issues they anticipate litigating in connection with confirmation."  (*See* JSN Obj. ¶ 6.)  This objection has no merit.

13. The Plan has been on file for weeks, and the specific showings that the Debtors must make for approval of the Plan are well known to everyone in these proceedings.  At the confirmation hearing, the Plan Proponents intend to establish that the Plan complies with the requirements of the Bankruptcy Code, and as part of that showing, will demonstrate that the compromises and settlements that form the basis of the Plan satisfy the requirements of Bankruptcy Rule 9019.

14. The Objecting Parties are fully aware of those compromises, and have been for months. In fact, the Objecting Parties have already lodged objections to the Plan compromises in the context of:  (a) the Debtors' motion for approval to enter into the Plan Support Agreement,

(b) the Debtors' motion for approval of the FGIC Settlement Agreement, and (c) the Adversary Proceeding relating to the extent, validity, and perfection of the Objecting Parties' pre-petition security interests. Moreover, the Joint Statement of Issues in the Objecting Parties' Adversary Proceeding clearly sets forth the issues that are reserved for confirmation. *See* Statement of Issues [Dkt. No. 45].

15. To the extent that the Debtors must respond at the plan confirmation hearing to specific, discrete issues raised in objections to the Plan, those issues may not be known until after the close of discovery. *See* Order (setting October 21, 2013 Plan Objection Deadline) [Dkt. No. 4809] The Debtors cannot reasonably be required to identify those issues before receiving the objections.

### D.    The Plan Confirmation Discovery Protocol Can Be Amended to Provide Access to Any Available Previously Produced Privilege Logs.

16. The Objecting Parties contend that the Plan Confirmation Discovery Protocol is flawed insofar as "it does not require the Debtors . . . to produce privilege logs as required under the rules." (*See* JSN Obj. ¶ 16.) This objection is easily addressed. The Debtors will include in the Repository copies of all available privilege logs produced in connection with the productions of documents included in the Repository.

### E.    The Plan Confirmation Discovery Protocol Can Be Amended to Provide Access to Any Available Document Demands and Responses and Objections Thereto Served in these Cases That Relate to the Documents in the Repository.

17. In a footnote the Objecting Parties further suggest that the Debtors should produce information about the document requests and written responses and objections thereto related to the documents that are included in the Repository. (*See* JSN Obj. ¶ 5 n.8.) In response to this comment and, to the extent they can be located, the Debtors will include all formal document

7

ny-1106530

demands and responses and objectors thereto that were served in these proceedings in connection with the production of documents that are being placed in the Repository.

### F. The Objecting Parties Recognize that the Debtors Have Agreed to Modify the Plan Confirmation Discovery Protocol with Respect to Expert Discovery.

18. Finally, as the Objecting Parties recognize, the Debtors have agreed to adjust the proposed Plan Confirmation Discovery Protocol as it pertains to expert discovery. (*See* JSN Obj. ¶ 20.) Those revisions are set forth in the proposed Amended Plan Confirmation Discovery Protocol.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court overrule the Objection and enter an order, substantially in the form of the Amended Plan Confirmation Discovery Protocol, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: August 29, 2013 | /s/  Gary S. Lee<br>Gary S. Lee<br>Anthony Princi<br>Charles L. Kerr<br>J. Alexander Lawrence<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* |