**Hearing Date and Time:  October 9, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: September 30, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-----------------------------------------------------------------

## NOTICE OF DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Omnibus Objection"), which seeks to alter your rights by disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **October 9, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 30, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071

(Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) special

counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300,

Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  August 29, 2013
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Hearing Date and Time:  October 9, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  September 30, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|                          | )  |                           |
|--------------------------|----|---------------------------|
| In re:                   | )  | Case No. 12-12020 (MG)    |
|                          | )  |                           |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|                          | )  |                           |
| Debtors.                 | )  | Jointly Administered      |
-------------------------------------------------------------------

**DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS**
**<u>(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this thirtieth omnibus objection to claims (the "Thirtieth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 5, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Thirtieth Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Thirtieth Omnibus Claims Objection (the "Horst Declaration," attached hereto as Exhibit 1), the Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Debtors (the "Rosenbaum Declaration," attached hereto as Exhibit 2) and the declaration of Robert D. Nosek of SilvermanAcampora LLP as Special Counsel ("Special Counsel") to the Creditors' Committee for Borrower Issues (the "Nosek Declaration," attached hereto as Exhibit 3).

2.      The Debtors, in consultation with Special Counsel, have examined the proofs of claim identified on Exhibit A to the Proposed Order as well as the books and records

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

the Debtors maintain in the ordinary course of business, and determined that the proofs of claim

listed on Exhibit A (collectively, the "No Liability Borrower Claims") are not liabilities of the

Debtors.  Such determination was made after the respective holders of the No Liability Borrower

Claims were given an opportunity under the Procedures Order to supply additional

documentation to substantiate their claim.  Accordingly, the Debtors seek entry of the Proposed

Order disallowing and expunging the No Liability Borrower Claims from the claims register.

3.       The proofs of claim identified on Exhibit A annexed to the Proposed

Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower

Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person

who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold

by one or more of the Debtors.[2]

4.       The Debtors expressly reserve all rights to object on any other basis to any

No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.       On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

---

[2]      The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1103818

Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.    On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697]. On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.    On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 16, 2013, the Debtors filed a revised Disclosure Statement, which includes a revised copy of the Plan [Docket No. 4733], which was further revised on August 20, 2013 [Docket No. 4770].

10.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

4

1309] (the "Bar Date Order").    The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

        12.    To date, approximately 6,950 proofs of claim have been filed in the

Chapter 11 Cases as reflected on the Debtors' claims register.

        13.    On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

        14.    Based on substantial input from counsel to the Creditors' Committee and

Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth

a process for the Debtors to follow before objecting to certain categories of Borrowers Claims

(the "Borrower Claim Procedures").

        15.    The Borrower Claim Procedures generally provide, *inter alia*, that prior to

objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide

Special Counsel with a list of the claims at issue, and (ii) review their books and records to

determine if any amounts are owed to such Borrowers.  For Borrower Claims filed with no or

insufficient documentation, prior to filing an objection, the Debtors, in cooperation with Special

Counsel, must also send each such Borrower claimant a letter, with notice to Special Counsel,

5

requesting additional documentation in support of the purported claim (the "Request Letter").

See Procedures Order at 4.

16.     In connection with the claims reconciliation process, the Debtors identified the No Liability Borrower Claims as claims filed by Borrowers that (i) contradict the information in the Debtors' books and records and/or (ii) fail to establish a liability reflected in the Debtors' books and records.

17.     In May 2013, after consulting with Special Counsel, the Debtors sent Request Letters, substantially in the form as those attached as Exhibit 4, to the Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of such claims.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  Id.

18.     The Response Deadline has passed, and the Debtors either have not received any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable No Liability Claims.  See Horst Declaration at ¶ 4; Nosek Declaration at ¶¶ 5, 8.

## THE NO LIABILITY BORROWER CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

19.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, and after consulting with Special Counsel and complying with the Borrower Claims Procedures, the Debtors determined that their books and records do not reflect any basis for the No Liability Borrower Claims identified on Exhibit A annexed to the Proposed Order under the heading *"Claims to be Disallowed and Expunged."*    Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.    If the No Liability Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases.    See Horst Declaration ¶ 7.

20.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."    11 U.S.C. § 502(a).    If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.    See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."    11 U.S.C. 502(b)(1).

21.    The Debtors diligently analyzed the No Liability Borrower Claims and compared the claims set forth therein to their books and records.    See Horst Declaration at ¶¶ 4-6.    In addition, the Debtors proceeded to contact those Borrowers who filed the No Liability Borrower Claims whose claims were filed with insufficient or no supporting documentation and request that they provide additional information so that the Debtors could reconcile such

7

claimants' filed claims with their books and records; however, the Borrowers who received the

Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient

information to establish a basis for liability.  See id. at ¶ 4.  Consequently, the Debtors, for the

reasons set forth on Exhibit A to the Proposed Order under the heading titled "Reason for

Disallowance," have determined that their books and records do not reflect any present liability

due and owing in relation to each of the No Liability Borrower Claims  See id. at ¶¶ 4-6.

22.    More specifically, and as identified on Exhibit A to the Proposed Order

under the heading titled "Reason for Disallowance," the Debtors' objections to the No Liability

Borrower Claims are generally based on one of the following categories:

(i)    General No Liability.  This category includes No Liability
Borrower Claims based on issues that do not constitute a valid, legal
obligation on the part of the Debtors to the Borrowers, including, without
limitation, claims relating to Borrowers' requests to reduce loan balances,
reduce interest rates and forgive outstanding loan balances (the "General
No Liability Claims").  With respect to the General No Liability Claims,
the Debtors examined their books and records to determine whether any
obligations exist as to these claimants.  See Horst Declaration at ¶ 6(i).  To
the extent that the "Reason for Disallowance" on Exhibit A to the
Proposed Order indicates that the applicable No Liability Borrower Claim
is a General No Liability Claim, the Debtors determined that none of the
Debtor entities recognize any existing obligation to these claimants.  See
id.

(ii)    Originations Issues.  This category includes No Liability Borrower
Claims based on origination issues (the "Origination Issues Claims"),
which include, without limitation, claims relating to interest rates, rights of
rescission and defective title exam.  With respect to the Origination Issues
Claims, the Debtors examined their books and records, including the
Borrower's executed Mortgage Note, to determine whether any of the
Debtor entities were involved in the origination of the applicable loans.
See id. at ¶ 6(ii).  To the extent that the "Reason for Disallowance" on
Exhibit A to the Proposed Order indicates that the applicable No Liability
Borrower Claim is an Origination Issues Claim, the Debtors determined
that none of the Debtor entities were involved in the origination of the
applicable loan, and thus have no liability to the claimants in relation to
their respective Origination Issues Claims.  See id.

(iii)    Escrow Issues.  This category includes No Liability Borrower
Claims based on the application or calculation of escrow amounts (the

ny-1103818

"Escrow Issues Claims"). For the Escrow Issues Claims, the Debtors examined their books and records to verify whether the escrow payments received by the Debtors were applied correctly and whether the Debtors' records contained any information to support or refute the bases for the Escrow Issues Claims. See id. at ¶ 6(iii). Such examination included a review of the Debtors' escrow receipts and payments, the annual escrow analysis sent to borrowers and any servicing notes and written communication with the applicable borrower(s). See id.

To the extent that the *"Reason for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is an Escrow Issues Claim: (a) in cases where a claimant asserted that the mortgage payments increased significantly to cover an escrow shortfall, the Debtors determined that the mortgage payments received were all correctly applied; (b) in cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Debtors determined that they have no liability as long as all amounts received from the borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property; and (c) in cases where a claimant asserted that it was owed a refund, the Debtors determined that any refunds due were previously paid. See id. Moreover, to the extent that the Debtors' books and records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Debtors concluded that they had no liability with respect to the claim. See id.

(iv)    Wrongful Foreclosure. This category includes No Liability Borrower Claims based, either directly or indirectly, on allegations of wrongful foreclosure (the "Wrongful Foreclosure Claims"). For the Wrongful Foreclosure Claims, the Debtors examined their books and records to verify that the Debtors foreclosed properly and took the appropriate loss mitigation steps. Such examination of the Debtors' books and records included a review of the claimants' payment histories and the Debtors' internal servicing notes, as well as, when appropriate, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents. See id. at ¶ 6(iv). In addition, where a claimant asserted that he or she did not execute the mortgage note, the Debtors also examined their internal servicing notes to determine whether any previous identity theft claims were alleged, the signatures on other executed documents in the claimant's file, the payment history and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage. See id. Moreover, where a Wrongful Foreclosure Claim was based on short sale related issues, the Debtors further reviewed its records to determine whether a short sale approval had

9

been requested, and, if so and if such request was denied, whether the reason for denial was proper.  See id.  Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the requirements of the investor.  See id.

To the extent that the *"Reason for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Wrongful Foreclosure Claim, the Debtors, based on the information in their books and records, have determined that they do not have any liability regarding such claims because (a) the applicable Debtor foreclosed properly and took the appropriate loss mitigation steps; (b) there was no evidence of identity theft; or (c) the Debtor's reason for denying a claimant's short sale request was appropriate.  See id.  Furthermore, to the extent that a non-debtor entity foreclosed on a claimant's property, such foreclosure is beyond the control and responsibility of the Debtors, and the Debtors are not liable for any claims resulting from such actions.  See id.

(v)     Credit Reporting Issues.  This category includes No Liability Borrower Claims that are based, either directly or indirectly, on alleged errors by the Debtors in how they reported the Borrower's loan performance to the credit reporting agencies as well as claims alleging that mortgage payments were not applied (the "Credit Reporting Issues Claims").  With respect to the Creditor Reporting Issues Claims, the Debtors examined their books and records for evidence that the alleged payments were made, which included reviewing payment histories and the Debtors' internal servicing notes containing information reported to the credit bureaus, as well as any supporting documentation attached to the Credit Reporting Issues Claims.  See id. at ¶ 6(v).  To the extent that the *"Reason for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Credit Reporting Issues Claim, the Debtors found no evidence of the alleged errors and determined that the Debtors have no liability with respect to such claim. See id.

(vi)    Loan Modification Issues.  This category includes No Liability Borrower Claims alleging that the Debtors either failed to provide a loan modification or provided a loan modification with terms that were not as favorable to the claimant as the claimant believed he or she was entitled to (the "Loan Modification Issues Claims").  With respect to the Loan Modification Issues Claims, the Debtors examined their books and records to verify that the Debtors followed the appropriate guidelines and policies regarding loan modifications.  See id. at ¶ 6(vi).  Such examination included a review of the claimants' payment histories and the Debtors' internal servicing notes, and, where applicable, loan modification applications, loan modification denial letters, loan modification approval

letters, compliance with modifications (trial and/or permanent) and any investor guidelines and/or direction. See id. To the extent that the *"Reason for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Loan Modification Issues Claim, the Debtors determined that they had no liability with respect to the claim because the Debtors complied with the appropriate guidelines and policies governing the loan modification process. See id.

(vii)    Litigation Dismissed with Prejudice.[3] This category includes No Liability Borrower Claims based on claims for damages related to litigation against the Debtors that was previously dismissed with prejudice (the "Litigation Dismissed with Prejudice Claims"). To the extent that the *"Reason for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Litigation Dismissed with Prejudice Claim, the Debtors reviewed their books and records and determined that the Debtor entities have no liability to the Borrowers because the litigation between the Debtors and the Borrower has been dismissed with prejudice as to the Debtors and such dismissal has not been appealed by the Borrower. See id. at ¶ 6(vii).[4]

(viii)    Litigation Settled with Release. This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously settled by the parties and included a release of claims by the Borrower against the Debtor entity (the "Litigation Settled with Release Claims"). Accordingly, to the extent that the *"Reason for Disallowance"* on Exhibit A to the Proposed Order indicates that the No Liability

---

[3]    To the extent that a No Liability Claim is classified as a Litigation Dismissed with Prejudice Claim (defined below), a Litigation Settled with Release Claim (defined below) or a Litigation Voluntarily Dismissed Claim (defined below), the relevant litigation was initiated prior to the Petition Date and was resolved (through dismissal or settlement) either prepetition in the ordinary course of business or postpetition pursuant to the relief provided by this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order"). See Horst Declaration ¶ 6(viii), n.3. Under the Supplemental Servicing Order, this Court granted limited stay relief to permit Borrowers to, among other things, assert claims and counterclaims to the extent they constitute defenses to a pending foreclosure or eviction proceeding, in connection with prosecuting objections to proofs of claim or motions for stay relief filed by a Debtor in a Borrower's bankruptcy case, and prosecuting adversary proceedings in a Borrower's bankruptcy case to determine the validity, priority or extent of a Debtor's lien or claim against such Borrower's property. See Supplemental Servicing Order, ¶ 14.

[4]    In those circumstances where litigation commenced by a Borrower has been dismissed with prejudice and the Borrower has appealed the decision, the pendency of the appeal may not otherwise effect the preclusive effect of the underlying judgment under principles of res judicata, and collateral estoppel and under the Rooker-Feldman doctrine. The Debtors expressly reserve all rights to object to any proof of claim in which related litigation may be the subject of an appeal. In connection with the Litigation Dismissed with Prejudice Claims, the Debtors have determined that no related appeals are pending.

11

Borrower Claim is a Litigation Settled with Release Claim, the Debtors reviewed their books and records and determined that the Debtor entities have no outstanding liability to the Borrowers because the relevant litigation has been settled. See id. at ¶ 6(viii).

(ix)    <u>Litigation Voluntarily Dismissed</u>.  This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously voluntarily dismissed by the Borrower (the "<u>Litigation Voluntarily Dismissed Claims</u>").  A review of the Debtors' books and records reflect that (a) the Debtors filed dispositive motions in the litigation matters and (b) the applicable claimant dismissed the litigation without prejudice, rather than respond to the Debtors' motions. See id. at ¶ 6(ix).  Therefore, to the extent that the *"Reason for Disallowance"* on <u>Exhibit A</u> to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Litigation Voluntarily Dismissed Claim, the Debtors have determined that no amounts are owed to the claimant by the Debtor entities because the relevant litigation was voluntarily dismissed. See id.

(x)    <u>Miscellaneous</u>.  Certain of the No Liability Borrower Claims are based on unique issues that are not captured by the above categories (the "<u>Miscellaneous Claims</u>").  To the extent that the *"Reason for Disallowance"* on <u>Exhibit A</u> to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Miscellaneous Claim, the Debtors reviewed their books and records and determined that no amounts are owed to the claimant by the Debtor entities for the reasons more fully set forth on <u>Exhibit A</u>. See id. at ¶ 6(x).

23.    Accordingly, to avoid the possibility that the parties that filed the No Liability Borrower Claims receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Borrower Claims.  Further, the Debtors reserve the right to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

**<u>NOTICE</u>**

24.    The Debtors have served notice of this Thirtieth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

12

## NO PRIOR REQUEST

25.    No previous request for the relief sought herein as against the holders of the No Liability Borrower Claims has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  August 29, 2013
        New York, New York

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

13

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
In re:                                              )          Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )          Chapter 11
                                                    )
                                        Debtors.    )          Jointly Administered
-------------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**THIRTIETH OMNIBUS OBJECTION TO CLAIMS**
<u>**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**</u>

I, Deanna Horst, hereby declare as follows:

1.       I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am authorized to submit this declaration (the

---
[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

"Declaration") in support of the *Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1103822

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  The Debtors diligently evaluated any information provided by the claimants who filed the No Liability Borrower Claims, listed on Exhibit A to the Proposed Order, and, in accordance with the Borrower Claim Procedures, the Debtors proceeded to contact those Borrowers who filed the No Liability Borrower Claims whose claims were filed with insufficient or no supporting documentation and request that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records.  In May 2013, the Debtors sent Request Letters, substantially in the form as those attached at Exhibit 4 to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective No Liability Borrower Claims.  The Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

5.      The Debtors, based on a thorough review of the No Liability Borrower Claims listed under the heading *"Claims to be Disallowed and Expunged"* on Exhibit A to the Proposed Order, cannot find any evidence in the Books and Records that reflects any present liability due and owing to such claimants and thus have determined that the Debtor do not have liability for such claims for the reasons set forth in the corresponding column under the heading *"Reason for Disallowance."*

6.      More specifically, and as identified on Exhibit A to the Proposed Order under the heading titled *"Reason for Disallowance,"* the Debtors' objections to the No Liability Borrower Claims are generally based on one of the following categories:

(i)      General No Liability Issues.  This category includes those claims relating to Borrowers' requests to reduce loan balances, reduce interest

3

rates and forgive outstanding loan balances (the "General No Liability Claims").  With respect to the General No Liability Claims, the Debtors examined the Books and Records to determine whether any obligations exist as to these claimants and found that none of the Debtor entities recognize any existing obligations to these claimants.

(ii)    Originations Issues.  This category includes No Liability Borrower Claims based on origination issues (the "Origination Issues Claims"), which include, without limitation, claims relating to interest rates, rights of rescission and defective title exam.  With respect to the Origination Issues Claims, the Debtors examined their books and records, including the Borrower's executed Mortgage Note, to determine whether any of the Debtor entities were involved in the origination of the applicable loans. The Debtors found that none of the Debtor entities were involved in origination of the applicable loans, and thus have no liability to the claimants in relation to their respective Origination Issues Claims.

(iii)   Escrow Issues.  This category includes No Liability Borrower Claims based on the application or calculation of escrow amounts (the "Escrow Issues Claims").  For the Escrow Issues Claims, the Debtors examined the Books and Records to verify whether the escrow payments received by the Debtors were applied correctly and whether the Debtors' records contained any information to support or refute the bases for the Escrow Issues Claims.  Such examination included a review of the Debtors' escrow receipts and payments, the annual escrow analysis sent to borrowers and any servicing notes and written communication with the applicable borrower(s).

In cases where a claimant asserted that the mortgage payments increased significantly to cover an escrow shortfall, the Debtors determined that the mortgage payments received were all correctly applied.  In addition, in cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Debtors determined that they have no liability as long as all amounts received from the borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property.  Moreover, in cases where a claimant asserted that it was owed a refund, the Debtors determined that any refunds due were previously paid.  Furthermore, to the extent that the Books and Records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Debtors concluded that they had no liability with respect to the claim.

(iv)    Wrongful Foreclosure.  This category includes No Liability Borrower Claims based, either directly or indirectly, on allegations of wrongful foreclosure (the "Wrongful Foreclosure Claims").  For the Wrongful Foreclosure Claims, the Debtors examined the Books and Records to verify that the Debtors foreclosed properly and took the

4

appropriate loss mitigation steps. Such examination of the Debtors' books and records included a review of the claimants' payment histories and the Debtors' internal servicing notes, as well as, when appropriate, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents. Additionally, where a claimant asserted that he or she did not execute the mortgage note, the Debtors also examined their internal servicing notes to determine whether any previous identity theft claims were alleged, the signatures on other executed documents in the claimant's file, the payment history and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage. Moreover, where a Wrongful Foreclosure Claim was based on short sale related issues, the Debtors further reviewed its records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper. Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the requirements of the investor.

The Debtors, based on the information in the Books and Records, determined that they do not have any liability with respect to the Wrongful Foreclosure Claims because (a) the applicable Debtor foreclosed properly and took the appropriate loss mitigation steps; (b) there was no evidence of identity theft; or (c) the Debtor's reason for denying a claimant's short sale request was appropriate. Furthermore, to the extent that a non-debtor entity foreclosed on a claimant's property, such foreclosure is beyond the control and responsibility of the Debtors, and the Debtors are not liable for any claims resulting from such actions.

(v)     Credit Reporting Issues. This category includes No Liability Borrower Claims that are based, either directly or indirectly, on alleged errors by the Debtors in the way they reported the Borrower's loan performance to the credit reporting agencies as well as claims alleging that mortgage payments were not applied (the "Credit Reporting Issues Claims"). With respect to the Creditor Reporting Issues Claims, the Debtors examined the Books and Records for evidence that the alleged payments were made, which included reviewing payment histories and the Debtors' internal servicing notes containing information reported to the credit bureaus, as well as any supporting documentation attached to the Credit Reporting Issues Claims. The Debtors found no evidence of the alleged errors and determined that the Debtors have no liability with respect to such claims.

5

(vi)    <u>Loan Modification Issues</u>.  This category includes No Liability Borrower Claims alleging that the Debtors either failed to provide a loan modification or provided a loan modification with terms that were not as favorable to the claimant as the claimant believed he or she deserved (the "<u>Loan Modification Issues Claims</u>").  With respect to the Loan Modification Issues Claims, the Debtors examined their books and records to verify that the Debtors followed the appropriate guidelines and policies regarding loan modifications.  Such examination included a review of the claimants' payment histories and the Debtors' internal servicing notes, and, where applicable, loan modification applications, loan modification denial letters, loan modification approval letters, compliance with modifications (trial and/or permanent) and any investor guidelines and/or direction.  The Debtors determined that they had no liability with respect to such claims because the Debtors complied with the appropriate guidelines and policies governing the loan modification process.

(vii)    <u>Litigation Dismissed with Prejudice</u>.[3]  This category includes No Liability Borrower Claims based on claims for damages related to litigation against the Debtors that was previously dismissed with prejudice (the "<u>Litigation Dismissed with Prejudice Claims</u>").  The Debtors reviewed the Books and Records and determined that the Debtor entities have no liability to the Borrowers because the litigation between the Debtor and the Borrower has been dismissed with prejudice as to the Debtors.  In addition, such dismissal has not been appealed by the Borrower.

(viii)    <u>Litigation Settled with Release</u>.  This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously settled by the parties and included a release of claim by the Borrower against the Debtor entity (the "<u>Litigation Settled with Release Claims</u>").  The Debtors reviewed the Books and Records and determined that the Debtor entities have no outstanding liability to the Borrowers because the relevant litigation has been settled.

(ix)    <u>Litigation Voluntarily Dismissed</u>.  This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously voluntarily dismissed by the Borrower (the "<u>Litigation Voluntarily Dismissed Claims</u>").  A review of the Debtors' Books and

---

[3]    To the extent that a No Liability Claim is classified as a Litigation Dismissed with Prejudice Claim (defined below), a Litigation Settled with Release Claim (defined below) or a Litigation Voluntarily Dismissed Claim (defined below), the relevant litigation was initiated prior to the Petition Date and was resolved (through dismissal or settlement) either <u>prepetition</u> in the ordinary course of business or <u>postpetition</u> pursuant to the relief provided by this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "<u>Supplemental Servicing Order</u>").

6

Records reflect that (a) the Debtors filed dispositive motions in the litigation matters and (b) the applicable claimant dismissed the litigation without prejudice, rather than respond to the Debtors' motions. Accordingly, the Debtors determined that no amounts are owed to the claimant by the Debtor entities because the relevant litigation was voluntarily dismissed.

(x)    <u>Miscellaneous</u>.  Certain of the No Liability Borrower Claims are based on unique issues that are not captured by the above categories (the "<u>Miscellaneous Claims</u>").  The Debtors reviewed the Books and Records and determined that no amounts are owed to the claimant by the Debtor entities for the reasons more fully set forth on <u>Exhibit A</u> to the Proposed Order.

7.    If the No Liability Borrower Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

8.    Before filing this Objection, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as to the scope of the Objection.

9.    Accordingly, based upon this review, and for the reasons set forth in the Objection and <u>Exhibit A</u> to the Proposed Order, I have determined that each No Liability Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 29, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

## Exhibit 2

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                                                      )
In re:                                                                )   Case No. 12-12020 (MG)
                                                                      )
RESIDENTIAL CAPITAL, LLC, et al.,                                     )   Chapter 11
                                                                      )
                                            Debtors.                  )   Jointly Administered
                                                                      )
-------------------------------------------------------------------- )

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.       I am a partner in the law firm of Morrison & Foerster LLP ("M&F"). M&F

maintains offices for the practice of law, among other locations in the United States and

worldwide, at 1290 Avenue of the Americas, New York, New York 10104. I am an attorney

duly admitted to practice before this Court and the courts of the State of New York. By this

Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital,

LLC and its affiliated debtors (the "Debtors").

2.       I submit this declaration (the "Declaration") in support of the Debtors' Thirtieth

Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order

entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objection Procedures Order").

3.        It is my understanding that in connection with the filing of the Objection, the Debtors have complied with the Claim Objection Procedures.  I have been advised by M&F attorneys under my supervision that in accordance with the Claims Objection Procedures Order, prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel") with a preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List"); and (ii) conferred with Special Counsel to ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim List.  In arriving at the final Objection Claim List, I am further advised that the Debtors first reviewed that list and the corresponding proofs of claim to determine if such claims actually contradicted the information in the Debtors' books and records, and thereafter, the Debtors conferred with Special Counsel and agreed that each claimant on the Objection Claim List should receive a request letter.

4.        I am further advised that the Debtors also conferred with Special Counsel in drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and Special Counsel agreed should receive a Request Letter,

---

[1]        Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objection Procedures Order.

with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and Special Counsel have fully complied with all other relevant terms of the Claims Objection Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on August 29, 2013

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

ny-1104042

## Exhibit 3

**Nosek Declaration**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert D. Nosek

*Special Counsel for Borrower Issues to the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al. | |
| | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------------x

## DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.  I am duly admitted to practice law before this Court and the courts of the State of New York.  By this Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "Debtors") for borrower issues.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Thirtieth Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy

Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii)

Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the

"Claims Objections Procedures Order").

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the

facts hereinafter set forth and, if called as a witness, I could and would testify competently

thereto.

4.      Pursuant to the Claims Objections Procedures Order, prior to filing the Objection,

the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List,[1] which

included each proof of claim that the Debtors intended to include in the Objection (the

"Objection Claim List").

5.      I or my designee at my direction reviewed the Objection Claim List, conferred

with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the

Debtors on a final Objection Claim List.

6.      In arriving at the final Objection Claim List with the Debtors, I or my designee at

my direction first reviewed that list and the corresponding proofs of claim as well as the process

carried out by the Debtors to determine if such claims actually contradicted the Debtors' books

and records.  Thereafter, I or my designee at my direction conferred with the Debtors and agreed

upon which claimants on the Objection Claim List should receive a Request Letter.

7.      I or my designee at my direction also conferred with the Debtors in drafting the

Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those

borrowers that the Debtors and SilvermanAcampora agreed should receive a Request Letter, with

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims
Objections Procedures Order.

the Debtors providing copies of such letters to SilvermanAcampora.

8.      For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim and the additional documents provided by such borrower in response to the Request Letters, if any, and SilvermanAcampora does not object to the Debtors' determination and reasoning for filing the Objection.

9.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and SilvermanAcampora have fully complied with all other relevant terms of the Claims Objections Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Jericho, New York on August 29, 2013

/s/ Robert D. Nosek
Robert D. Nosek

## Exhibit 4

**Request Letters**



MORRISON | FOERSTER

Claim Number:

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. We are unable to determine from the Proof of Claim form and the document(s), if any, you submitted why you believe you are owed money or other relief from one of the Debtors. In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you must respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe that one of the Debtors owed you money as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim. Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested explanation and supporting documentation by no later than June 17, 2013, the Debtors may file a formal objection to your Proof of Claim, and your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Note**: The Debtors previously provided notices about their bankruptcy filings and the claim process to current customers and mortgage loan applicants. You may have received one or more of those notices.

Nothing in those notices and nothing in this letter changes your obligations under your mortgage loan agreement (i.e. if you were obligated to make, or were making, mortgage loan payments before the ResCap bankruptcy case commenced, you should continue to make mortgage loan payments). However, if the only reason you filed a Proof of Claim was because you received a notice from the Debtors and you do not believe that ResCap, GMAC Mortgage or any of the other Debtors owes you money or other relief, please reply to us via email or letter stating so.  This information is necessary to evaluate your claim.

**Questions:**

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

(i)     **Claims.Management@gmacrescap.com, or**
(ii)    **Residential Capital, LLC**
        **P.O. Box 385220**
        **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1]     Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

MORRISON | FOERSTER



**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

 **The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the

information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

    (i)       **Claims.Management@gmacrescap.com, or**
    (ii)     **Residential Capital, LLC**
            **P.O. Box 385220**
            **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1]    Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**<u>Exhibit 5</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                              Debtors.              )    Jointly Administered
                                                    )
---------------------------------------------------------------------

### ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

Upon the thirtieth omnibus claims objection, dated August 29, 2013 (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims on the basis that such claims have no basis in the Debtors' books and records, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the Declaration of

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirtieth Omnibus Claims Objection.

Deanna Horst, the Declaration of Norman S. Rosenbaum and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "No Liability Borrower Claims") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to disallow and expunge from the claims register the No Liability Borrower Claims identified on the attached Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ny-1103820

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto, and any claim that is listed on Exhibit A to the extent this Court grants any claimant leave to amend its No Liability Borrower Claim under section 502(d) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A, annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | | | |
| 1 | Adrian Alvarado & Vilma Morales<br>6552 Aura Ave<br>Reseda, CA 91335 | 1910 | 10/29/2012 | $100,000.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 2 | Amy Delmore<br>7224 Santa Lucia Cir<br>Buena Park, CA 90620 | 4166 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$400,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 3 | Anthony E. Fisher<br>8523 Beresford Lane<br>Jacksonville, FL 32244 | 1972 | 10/29/2012 | $38,835.00<br>$0.00<br>$282,222.93<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 4 | Anthony P Caramanno & Doreen M Caramanno<br>Anthony Caramanno<br>135 Northpoint Dr<br>Olyphant, PA 18447 | 2475 | 11/06/2012 | $0.00<br>$0.00<br>$209,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Credit Reporting Issues Claim | 10 |
| 5 | Barry B. Eskanos and Ami B. Eskanos<br>3122 Pine Tree Drive<br>Miami Beach, FL 33140 | 19 | 05/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$264,500,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 6 | Ben & Patricia Butler<br>1703 SE 59th Ave<br>Portland, OR 97215 | 1463 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,733.59 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 8-9 |
| 7 | Bryan K Lang<br>Hood & Lay, LLC<br>1117 22nd Street South, Ste. 101<br>Birmingham, AL 35205 | 4783 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Claims to be Disallowed and Expunged** | | | | |
| 8 | Cail Morris and Sharon M. Morris 7004 Del Oso Court NE Albuquerque, NM 87109 | 3709 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 $455,663.18 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 9 | Caley Coleff Attn Marc E. Dann Dann, Doberdruk & Harshman, LLC 4600 Prospect Ave Cleveland, OH 44103 | 4331 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 10 | Caren Wilson Caren, Beneficiary for the Estate of Caren (Karen) Wilson 633 Sunset Lane Culpeper, VA 22701 | 4754 | 11/14/2012 | $0.00 $0.00 $5,050,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 11 | CHARITY DEBORAH A V GMAC MORTGAGE LLC 15 Wildfern Dr Youngstown, OH 44505 | 2784 | 11/07/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 12 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2312 | 11/02/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 | Litigation Dismissed with Prejudice Claim | 11 |
| 13 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2313 | 11/02/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 | Litigation Dismissed with Prejudice Claim | 11 |
| 14 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2314 | 11/02/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 | Litigation Dismissed with Prejudice Claim | 11 |
| 15 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2315 | 11/02/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Securities II, Inc. | 12-12061 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Claims to be Disallowed and Expunged** | | | | |
| 16 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2316 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Litigation Dismissed with Prejudice Claim | 11 |
| 17 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2317 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Litigation Dismissed with Prejudice Claim | 11 |
| 18 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2318 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Litigation Dismissed with Prejudice Claim | 11 |
| 19 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2319 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Litigation Dismissed with Prejudice Claim | 11 |
| 20 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2320 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Litigation Dismissed with Prejudice Claim | 11 |
| 21 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2321 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Litigation Dismissed with Prejudice Claim | 11 |
| 22 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2322 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Litigation Dismissed with Prejudice Claim | 11 |
| 23 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2323 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| | Claims to be Disallowed and Expunged | | | | | | | |
| 24 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2324 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Litigation Dismissed with Prejudice Claim | 11 |
| 25 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2325 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Litigation Dismissed with Prejudice Claim | 11 |
| 26 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2326 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Litigation Dismissed with Prejudice Claim | 11 |
| 27 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2327 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 | Litigation Dismissed with Prejudice Claim | 11 |
| 28 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2328 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Litigation Dismissed with Prejudice Claim | 11 |
| 29 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2329 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Litigation Dismissed with Prejudice Claim | 11 |
| 30 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2330 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Consumer Services, LLC | 12-12058 | Litigation Dismissed with Prejudice Claim | 11 |
| 31 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2331 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 32 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2332 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Consumer Services, LLC | 12-12058 | Litigation Dismissed with Prejudice Claim | 11 |
| 33 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2333 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Consumer Services, LLC | 12-12058 | Litigation Dismissed with Prejudice Claim | 11 |
| 34 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2334 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 | Litigation Dismissed with Prejudice Claim | 11 |
| 35 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2335 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Litigation Dismissed with Prejudice Claim | 11 |
| 36 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2336 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 37 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2337 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 38 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2338 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 | Litigation Dismissed with Prejudice Claim | 11 |
| 39 | Charles B. and Candace B. Van Duzer 23617 Sanders Cemetery Road Magnolia, TX 77355 | 2339 | 11/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 40 | Charles B. and Candace B. Van Duzer<br>23617 Sanders Cemetery Road<br>Magnolia, TX 77355 | 2340 | 11/02/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 | Litigation Dismissed with Prejudice Claim | 11 |
| 41 | Charles B. and Candace B. Van Duzer<br>23617 Sanders Cemetery Road<br>Magnolia, TX 77355 | 2341 | 11/02/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 | Litigation Dismissed with Prejudice Claim | 11 |
| 42 | Charles B. and Candace B. Van Duzer<br>23617 Sanders Cemetery Road<br>Magnolia, TX 77355 | 2342 | 11/02/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 43 | Charles B. and Candace B. Van Duzer<br>23617 Sanders Cemetery Road<br>Magnolia, TX 77355 | 2343 | 11/02/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Consumer Services, LLC | 12-12058 | Litigation Dismissed with Prejudice Claim | 11 |
| 44 | Constantino and Sybil Acevedo<br>15587 Carrera Drive<br>Fontana, CA 92337 | 2552 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$197,839.61 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 45 | Deborah Charity, Pro Se<br>CHARITY, DEBORAH A. V. GMAC MORTGAGE INVESTMENTS, INC., DITECH, AND RESIDENTIAL CAPITAL, LLC<br>15 Wildfren Drive<br>Youngstown, OH 44505 | 3439 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Settled with Release Claim | 11-12 |
| 46 | Dennis Klein<br>105 Conifer Lane<br>Dingmans Ferry, PA 18328 | 6329 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$95,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 47 | DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2007QS6 VS Owmwatie Chowdhury<br>THE LAW OFFICES OF JULIO C MARRERO and ASSOCIATES<br>3850 BIRD RD PENTHOUSE ONE<br>CORAL GABLES, FL 33146 | 5295 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$200,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 48 | Diane Clark, Successor Trustee of the Linda C. Clark Family Living Trust<br>Attn Marc E. Dann<br>Dann, Doberdruk & Harshman, LLC<br>4600 Prospect Ave<br>Cleveland, OH 44103 | 4362 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |
| 49 | Douglas & Patricia Stelten<br>17483 Sunset Trail SW<br>Prior Lake, MN 55372 | 4624 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$430,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 50 | Edward Halatin<br>Daniel R. Bevere, Esq.<br>Piro Zinna Cifelli Paris & Genitempo<br>360 Passaic Avenue<br>Nutley, NJ 07110 | 3749 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$500,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Credit Reporting Issues Claim and Loan Modification Issues Claim | 10-11 |
| 51 | Elizabeth J. Meyer<br>25498 T 75 Road<br>Cedaredge, CO 81413 | 2522 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$170,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 52 | ERIC AND RUTH CALDWELL<br>8230 BEA LN<br>GREENWOOD, LA 71033 | 3760 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$15,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 53 | Eric D. Siegel<br>Home Team Law Offices, PLLC<br>1800 Crooks Road, Suite C<br>Troy, MI 48084 | 367 | 08/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$520,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 54 | Felix Cruz<br>39 Brabent Street<br>Staten Island, NY 10303 | 1734 | 10/26/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$60,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 55 | Flannigan, Ryan K and Lorraine M.<br>Kenneth L. Olsen, Esq.<br>502 E. Tyler Street<br>Tampa, FL 33602 | 2344 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |

**Claims to be Disallowed and Expunged**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 56 | Gary A. Barney, Chapter 7 Trustee, State of Wyoming<br>Brad T. Hunsicker<br>Winship & Winship, PC<br>PO Box 548<br>Casper, WY 82602 | 5542 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Miscellaneous Claim. Chapter 7 bankruptcy trustee filed suit to avoid lien against its debtor's real property. GMACM serviced loan. Loan transferred to Ocwen, which completed foreclosure of property after obtaining stay relief in trustee's chapter 7 proceeding. GMACM does not hold proceeds from foreclosure sale, and GMACM does not have power to alter pre-existing lien. GMACM cannot provide Trustee with any remedy, and Trustee must look to third parties for any relief. | 12 |
| 57 | Glenn Michael Prentice / Douglas Bennett et al<br>37655 Palmar<br>Clinton Township, MI 48036 | 429 | 08/21/2012 | $0.00<br>$0.00<br>$400,000.00<br>$0.00<br>$3,600,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 58 | GMAC Mortgage LLC Mortgage Electronic Registration Systems Inc Wells Fargo Bank NA As trustee for Harborview et al<br>LAW OFFICES OF MICHAEL YESK<br>70 DORAY DR STE 16<br>PLEASANT HILL, CA 94523 | 993 | 10/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$272,300.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 59 | GMAC Mortgage LLC Mortgage Electronic Registration Systems Inc Wells Fargo Bank NA As trustee for Harborview et al<br>LAW OFFICES OF MICHAEL YESK<br>70 DORAY DR STE 16<br>PLEASANT HILL, CA 94523 | 4997 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$875,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 60 | GMAC Mortgage LLC vs Florence Thicklin United States of America Secretary of Housing and Urban Development Unknown et al<br>LAW OFFICES OF AL HOFELD JR LLC<br>1525 E 53RD ST STE 832<br>CHICAGO, IL 60615 | 5384 | 11/16/2012 | $0.00<br>$0.00<br>$75,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 61 | Grant, Demitrius<br>DEMITRUS L. GRANT V. THE BANK OF NEW YORK, GREGORY A. STOUT<br>5344 N. Kenmore Road<br>Indianapolis, IN 46226 | 2026 | 11/01/2012 | $0.00<br>$0.00<br>$127,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 62 | GREGOIRE, WILLIAM<br>WILLIAM & FRANCES GREGOIRE VS SANDY BROUGHTON ASSISTANT SECRETARY FOR MERS & ROSALIE SOLANO ASSISTANT SECRETARY FOR MER ET AL<br>2429 N PALO HACHA DR<br>TUCSON, AZ 85745-1098 | 912 | 10/01/2012 | $0.00<br>$0.00<br>$100,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 63 | Gwendell L Philpot<br>503 Ferry St NE<br>PO Box 1088<br>Decatur, AL 35602-1088 | 5067 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$630,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | **Claims to be Disallowed and Expunged** | |
| 64 | Hector Rodriguez and Patricia Rodriguez<br>8001 N.Mesa Suite E #274<br>El Paso, TX 79932 | 2016 | 10/31/2012 | $0.00<br>$0.00<br>$41,542.40<br>$0.00<br>$7,257.60 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 65 | Helen A Esquilin vs GMAC Mortgage Inc andor its successors and assignees Corstar Financial Inc First American Title et al<br>8904 N 15th Ln<br>Phoenix, AZ 85201 | 3144 | 11/09/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$440,013.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Executive Trustee Services, LLC | 12-12028 | Litigation Dismissed with Prejudice Claim | 11 |
| 66 | Helen A Esquilin vs GMAC Mortgage Inc andor its successors and assignees Corstar Financial Inc First American Title et al<br>8904 N 15th Ln<br>Phoenix, AZ 85201 | 3165 | 11/09/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$440,013.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 67 | Helen A. Esquilin vs. GMAC Mortgage et al<br>8904 N. 15th Lane<br>Phoenix, AZ 85021 | 3099 | 11/09/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$440,013.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 68 | Helen A. Esquilin vs. GMAC Mortgage et al<br>8904 N. 15th Lane<br>Phoenix, AZ 85021 | 3127 | 11/09/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$440,013.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 69 | Helen A. Esquin vs. GMAC Mortgage et al<br>8904 N. 15th Lane<br>Phoenix, AZ 85021 | 3156 | 11/09/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$440,013.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 70 | James Junge, Devin Ghequere & Lori Ghequere<br>404 Mormon Street<br>Folsom, CA 95630 | 4078 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |
| 71 | Jan B Ibrahim<br>22 Waltham Dr<br>Plainville, MA 02762 | 997 | 10/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$206,922.56 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Credit Reporting Issues Claim | 10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Claims to be Disallowed and Expunged** | | | | | |
| 72 | Jaunita Johnson<br>14394 Hubbell<br>Detroit, MI 48227 | 2223 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$20,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 73 | Javier Perez Rodriguez<br>8795 SW Bridletrail Avenue<br>Beaverton, OR 97008 | 4526 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$25,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Voluntarily Dismissed Claim | 12 |
| 74 | Jeffrey Suckow and Virginija Suckow<br>21999 North Ray Road<br>Lodi, CA 95242 | 4080 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |
| 75 | John M. Lynn and/or Jana C. Lynn<br>1529 S. Lewis Ave.<br>Tulsa, OK 74104-4919 | 4386 | 11/09/2012 | $0.00<br>$0.00<br>$77,173.73<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 76 | JOHN R BLANCHE VS AURORA LOAN SERVICES SPECIALIZED LOAN SERVICES BANK OF AMERICA GMAC MORTGAGE LLC and LITTON et al<br>2357 LAREDO RD<br>SACRAMENTO, CA 95825 | 1944 | 10/29/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$1,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 77 | Jorge Munguia and Michele Munguia<br>1219 Hartwell Avenue<br>Stockton, CA 95209 | 4311 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |
| 78 | Joyce M Landry v GMAC Mortgage MERS Homecomings Financial Network Inc Don Ledbetter Trustee and  John and Jane Does et al<br>Joyce Landry<br>16218 Corsair Rd<br>Houston, TX 77053 | 1117 | 10/09/2012 | $0.00<br>$0.00<br>$64,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 79 | Joyce M Landry v GMAC Mortgage MERS Homecomings Financial Network Inc Don Ledbetter Trustee and  John and Jane Does et al<br>Joyce Landry<br>16218 Corsair Rd<br>Houston, TX 77053 | 1124 | 10/09/2012 | $0.00<br>$0.00<br>$64,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 80 | Judith A. Winkler and James C. Winkler<br>c/o Law Offices of Patrick D. Boyle<br>222 South 9th Street, Suite 3220<br>Minneapolis, MN 55402 | 3582 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$298,682.96 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 81 | Karen Cole<br>Patricia Rodriguez, Esq No. 270639<br>739 E. Walnut Street, Ste 204<br>Pasadena, CA 99101 | 3884 | 11/09/2012 | $0.00<br>$0.00<br>$5,000,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 82 | Kathleen A. Magor<br>William D. Davis<br>Davis & Associates<br>PO Box 1093<br>Dripping Springs, TX 78620 | 5719 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$170,450.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 83 | Kathleen A. Magor<br>William D. Davis<br>Davis & Associates<br>PO Box 1093<br>Dripping Springs, TX 78620 | 5722 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$170,450.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Litigation Dismissed with Prejudice Claim | 11 |
| 84 | KEITH G TATARELLI ATTORNEY AT LAW<br>STEPHAN DIXON & ROSA MILLER V GMAC MRTG, LLC SPECIALIZED LOAN<br>SERVICING, LLC MRTG ELECTRONIC REGISTRATION SYS INC  F ET AL<br>1800 Crooks Road, Suite C<br>Troy, MI 48084 | 874 | 10/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$268,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 85 | KEITH G TATARELLI ATTORNEY AT LAW<br>ROBERT ADAMS V GMAC MRTG, LLC MRTG ELECTRONIC REGISTRATION SYS<br>MRTGIT INC HSBC BANK USA, NATL ASSOC AS TRUSTEE FOR D ET AL<br>1800 Crooks Road, Suite C<br>Troy, MI 48084 | 920 | 10/02/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$665,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 86 | Keith W. Hoyle<br>20623 Orange Poppy Dr.<br>Cypress, TX 77433 | 4472 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$9,599.69 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 8-9 |
| 87 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL<br>NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1113 | 10/09/2012 | $64,000.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | | |
| 88 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1114 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Litigation Dismissed with Prejudice Claim | 11 |
| 89 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1115 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Litigation Dismissed with Prejudice Claim | 11 |
| 90 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1116 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | RFC Asset Management, LLC | 12-12066 | Litigation Dismissed with Prejudice Claim | 11 |
| 91 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1118 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | RFC SFJV-2002, LLC | 12-12071 | Litigation Dismissed with Prejudice Claim | 11 |
| 92 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1119 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Litigation Dismissed with Prejudice Claim | 11 |
| 93 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1120 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | RAHI Real Estat | 12-12050 | Litigation Dismissed with Prejudice Claim | 11 |
| 94 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1121 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | GMAC RH Settlement Services, LLC | 12-12034 | Litigation Dismissed with Prejudice Claim | 11 |
| 95 | LANDRY, JOYCE JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC, DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL 16218 Corsair Road Houston, TX 77053 | 1122 | 10/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $64,000.00 Secured $0.00 Priority $0.00 General Unsecured | HFN REO Sub II, LLC | 12-12038 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 96 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1123 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Litigation Dismissed with Prejudice Claim | 11 |
| 97 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1125 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Passive Asset Transactions, LLC | 12-12044 | Litigation Dismissed with Prejudice Claim | 11 |
| 98 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1126 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Asset Securities Corporation | 12-12054 | Litigation Dismissed with Prejudice Claim | 11 |
| 99 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1127 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Litigation Dismissed with Prejudice Claim | 11 |
| 100 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1128 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Litigation Dismissed with Prejudice Claim | 11 |
| 101 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1129 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 | Litigation Dismissed with Prejudice Claim | 11 |
| 102 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1130 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | RFC-GSAP Servicer Advance, LLC | 12-12064 | Litigation Dismissed with Prejudice Claim | 11 |
| 103 | LANDRY, JOYCE<br>JOYCE M LANDRY V GMAC MRTG, MERS, HOMECOMINGS FINANCIAL NETWORK INC,<br>DON LEDBETTER, TRUSTEE & (JOHN & JANE DOES) AKA UN ET AL<br>16218 Corsair Road<br>Houston, TX 77053 | 1131 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$64,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | RFC Asset Holdings II, LLC | 12-12065 | Litigation Dismissed with Prejudice Claim | 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 104 | LAW OFFICES OF AL HOFELD JR LLC<br>GMAC MRTG,LLC VS FLORENCE THICKLIN UNITED STATES OF AMERICA -<br>SECRETARY OF HOUSING & URBAN DEVELOPMENT UNKNOWN OWNERS ET<br>AL<br>1525 EAST 53RD STREET, SUITE 832<br>CHICAGO, IL 60615 | 5396 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 105 | LEGRETTA HILL AND JACKIE<br>534 BROOKLYN WAY<br>MUCKELZANEY AND RANDALL K HUTCHINSON LLC<br>CROSS, SC 29436 | 1063 | 10/09/2012 | $0.00<br>$0.00<br>$62,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 106 | Len S. Villacorta and Mercedes O. Perlas<br>Len S. Villacorta<br>51 Los Cerros Place<br>Walnut Creek, CA 94598 | 4338 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$114,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 107 | Levon Brewer<br>3451 Hammond Ave<br>Waterloo, IA 50702 | 2759 | 11/07/2012 | $139,850.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 108 | Lili White<br>35 Johnson St<br>Taunton, MA 02780 | 2271 | 11/05/2012 | $0.00<br>$0.00<br>$75,000.00<br>$0.00<br>$140,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification Issues Claim | 10-11 |
| 109 | Lynn M. Gee<br>6428 44 Ave. N.<br>St. Petersburg, FL 33709 | 4844 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$156,416.42 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |
| 110 | M. Francine Modderno<br>17147 Needles Court<br>Leesburg, VA 20176-7181 | 4866 | 11/15/2012 | $0.00<br>$0.00<br>$720,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Litigation Dismissed with Prejudice Claim | 11 |
| 111 | Marlo Lawrence<br>c/o Underwood & Riemer, PC<br>P.O. Box 1206<br>Mobile, AL 36652 | 5412 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Claims to be Disallowed and Expunged** | | | | |
| 112 | Martha Vielma and Angelo Vivanco C/O NICK PACHECO LAW GROUP, APC 15501 SAN FERNANDO MISSION BLVD STE 110 MISSION HILLS, CA 91345 | 5473 | 11/16/2012 | $0.00 $0.00 $239,010.35 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 113 | Nadege Sully 180 Linden Avenue Malden, MA 02148 | 1285 | 10/15/2012 | $0.00 $0.00 $153,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim and Loan Modification Issues Claim | 8, 10-11 |
| 114 | Noelia Valdes v GMAC Mortgage LLC TRENT KENNETH 831 E OAKLAND PARK BLVD FORT LAUDERDALE, FL 33334 | 3846 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $122,886.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 115 | Pamela Z. Hill P.O. Box 665 Coupeville, WA 98239 | 2429 | 11/05/2012 | $0.00 $0.00 $0.00 $389,331.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 116 | Patrick OBrien Home Team Law Offices, PLLC 1800 Crooks Road, Suite C Troy, MI 48084 | 405 | 08/14/2012 | $0.00 $0.00 $0.00 $0.00 $455,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Voluntarily Dismissed Claim | 12 |
| 117 | PATTI KRISTOFEK 16420 OAK HILL DR FENTON, MI 48430-8358 | 1425 | 10/19/2012 | $0.00 $0.00 $270,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 118 | Paul Marge Pfunder 24993 Avenida Sombra Murrieta, CA 92563 | 1430 | 10/19/2012 | $0.00 $0.00 $435,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Issues Claim | 10-11 |
| 119 | POSEY JANET M V COMMUNITY HOME MORTGAGE LLC DBA COMMUNITY MORTGAGE GROUP LLC DECISION ONE MORTGAGE COMPANY LLC et al Mountain State Justice Inc 1031 Quarrier St Ste 200 Charleston, WV 25301 | 4749 | 11/14/2012 | $0.00 $0.00 $0.00 $0.00 $80,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Settled with Release Claim | 11-12 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | | |
| 120 | Randy L. Royal, Chapter 7 Trustee, State of Wyoming<br>Brad T. Hunsicker<br>Winship & Winship, PC<br>PO Box 548<br>Casper , WY 82602 | 5581 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Miscellaneous Claim.  Chapter 7 bankruptcy trustee filed suit to avoid lien against its debtor's real property.  GMACM serviced loan.  Loan transferred to Ocwen, which completed foreclosure of property after obtaining stay relief in trustee's chapter 7 proceeding.  GMACM does not hold proceeds from foreclosure sale, and GMACM does not have power to alter pre-existing lien.  GMACM cannot provide Trustee with any remedy, and Trustee must look to third parties for any relief. | 12 |
| 121 | Randy L. Royal, Chapter 7 Trustee, State of Wyoming<br>Brad T. Hunsicker<br>Winship & Winship, PC<br>PO Box 548<br>Casper , WY 82602 | 5585 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Miscellaneous Claim.  Chapter 7 bankruptcy trustee filed suit to avoid lien against its debtor's real property.  GMACM serviced loan.  Loan transferred to Ocwen, which completed foreclosure of property after obtaining stay relief in trustee's chapter 7 proceeding.  GMACM does not hold proceeds from foreclosure sale, and GMACM does not have power to alter pre-existing lien.  GMACM cannot provide Trustee with any remedy, and Trustee must look to third parties for any relief. | 12 |
| 122 | Robert and Jurell Mitchell<br>412 Clemson Ave<br>Chesapeake, VA 23324 | 1108 | 10/10/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$73,580.45 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 123 | Robert and Jurell Mitchell<br>412 Clemson Ave<br>Chesapeake, VA 23324 | 1949 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$173,530.15 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 124 | Robert D. House<br>2525 Banegher Way<br>Duluth, GA 30097 | 4578 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$225,100.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 125 | Robert E. Hall<br>1726 W 9th Street<br>Upland, CA 91786 | 133 | 06/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$4,800,000.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 126 | Robert James Hale and Amie Jo Hale<br>11900 Kenseth Street<br>Bakersfield, CA 93312 | 4573 | 11/13/2012 | $328,243.40 Administrative Priority<br>$0.00 Administrative Secured<br>$325,211.55 Secured<br>$0.00 Priority<br>$3,031.83 General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 8-9 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 127 | Robert Sliwka<br>John Peter Lee, Ltd.<br>830 Las Vegas Boulevard South<br>Las Vegas, NV 89101 | 2893 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$345,022.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 128 | Roger M Lauersdorf, Tina M. Trybula<br>4929 Pickard Ave<br>Abbotsford, WI 54405-9618 | 4156 | 11/09/2012 | $0.00<br>$0.00<br>$86,600.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | General No Liability Claim | 8 |
| 129 | Ron R Bejarano<br>7810 W 70th Dr<br>Arvada, CO 80004 | 604 | 09/17/2012 | $0.00<br>$0.00<br>$402,801.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |
| 130 | Steven Harry Poulos<br>9070 E. Desert Cove, Suite 105<br>Scottsdale, AZ 85260 | 1719 | 10/26/2012 | $0.00<br>$20,441,000.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Miscellaneous Claim.  All of the issues asserted in this Proof of Claim have been resolved.  One of the claimant's loans was satisfied via short sale and the claimant has become current on the other, which is now being serviced by Ocwen. | 12 |
| 131 | SU THANH NGUYEN HONGDAO THI VO VS GMAC MORTGAGE LLC<br>2104 RUSHING SPRING DR<br>PEARLAND, TX 77584 | 1093 | 10/10/2012 | $0.00<br>$0.00<br>$858,188.02<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 132 | SULLIVAN, JEFFREY, SULLIVAN, ELENITA<br>JEFFREY WAYNE & ELENITA STELLA SULLIVAN V. JAMES WOODALL, TRUSTEE & THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOC<br>84 S. Slant Road<br>Mapleton, UT 84664 | 643 | 09/24/2012 | UNLIQUIDATED<br>$0.00<br>$220,000.00<br>$0.00<br>$1,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |
| 133 | Susie J. Moore & Frank J. Moore<br>P.O. Box 598<br>Bethel, NC 27812 | 4673 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$121,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 134 | Tena Robinson<br>3350 Y Street<br>Sacramento, CA 95817 | 4079 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11 |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 135 | TODD WILLIAMS 2563 ALEXANDER FARMS DRIVE MARIETTA , GA 30064 | 1156 | 10/11/2012 | $0.00 $0.00 $250,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 136 | TuWana J. Roberts 22720 W. Chicago Rd. Detroit, MI 48239 | 4531 | 11/13/2012 | $45,000.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 137 | Valentina N. Semenenkova 874 Fern Drive PO Box 817 Crestline, CA 92325-0817 | 211 | 06/26/2012 | $0.00 $0.00 $0.00 $700.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Settled with Release Claim | 11-12 |
| 138 | WALLS, ALLEGRA BANK OF NEW YORK MELLON TRUST CO VS ALLEGRA D WALLS FELIX WALLS AMERICREDIT FINANCIAL SVCS TASHAN N MAY CITY OF MILWAUKEE 4213 N. 70th Street Milwaukee, WI 53216 | 3730 | 11/08/2012 | $153,877.86 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 139 | Walter Lee Dabbs 5632 Dartmoor Circle Oceanside, CA 92057 | 1165 | 10/11/2012 | $0.00 $0.00 $0.00 $0.00 $110,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 140 | WILLIAM and FRANCES GREGOIRE VS SANDY BROUGHTON ASSISTANT SECRETARY FOR MERS and ROSALIE SOLANO ASSISTANT SECRETARY FOR et al 2429 N Palo Hacha Dr Tucson, AZ 85745-1098 | 1896 | 10/29/2012 | $0.00 $0.00 $100,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11 |
| 141 | William Cherrington and Lynne Cherrington 5013 Susan Oak Drive Fair Oaks, CA 95628 | 3827 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim | 11-12 |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 142 | Yoel Atzmon<br>c/o10 Rita Place<br>Non-Domestic<br>Copiague, NY 11726 | 4155 | 11/09/2012 | $0.00<br>$0.00<br>$5,250,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Miscellaneous Claim.  In support of this claim, claimant attaches a series of irrelevant and incomprehensible documents, including, for example, a "Notice of Administrative Judgment,"  "Notice to Setoff Accounts, Mortgage Statement of Account/Money Order," "Notice of International Commercial Claim Administrative Remedy"  "Notice of Fault in Dishonor, Opportunity to Cure," "Substitution of Trustee," and "Deed of Full Reconveyance."  These documents are all legally meaningless and virtually indecipherable.  Mr. Atzmon's assertion appears to be that, by the delivery of these documents and because GMAC did not respond as he directed, Mr. Atzmon now claims to have unilaterally rescinded the loan, substituted a company called "Picture Perfect" as Trustee (purporting to unilaterally replace Deutsche Bank as Trustee), and reconveyed the property to himself.  These documents are without legal or factual basis or meaning and must be disregarded by this Court. | 12 |

Claims to be Disallowed and Expunged