Hearing Date: September 11, 2013 at 10:00 a.m.
Response Deadline: August 30, 2013 at 4:00 p.m.

**BALLARD SPAHR LLP**
Vincent J. Marriott (admitted *pro hac vice*)
Sarah Schindler-Williams
1735 Market St, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Counsel for PNC Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                                     : Chapter 11
                                                           :
Residential Capital, LLC, et al.,                          :
                                                           :
                                                           : Case No. 12-12020 (MG)
                   Debtors.                                :
                                                           :
                                                           : Jointly Administered
---------------------------------------------------------- x

**PNC BANK N.A.'S RESPONSE AND RESERVATION OF RIGHTS**
**TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 4760**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

PNC Bank, N.A. ("**PNC**"), by and through its undersigned counsel, submits this response and reservation of rights (the "**Response**") concerning the above-captioned Debtors' objection (the "**Objection**")[1] pursuant to sections 502(b) and (e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") filed in this Court on August 9, 2013 [Dkt. No. 4603]. In support of the Response, PNC respectfully states as follows:

---

[1]   Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Objection.

**RELEVANT FACTS**

1. On May 14, 2012 (the "**Petition Date**"), the above-captioned debtors and debtor-in-possession (the "**Debtors**") filed for bankruptcy protection in this Court.

2. Prior to the Petition Date, one of the Debtors, Residential Funding Company, LLC ("**RFC**") was participating as a named defendant, along with PNC, in multi-district litigation pending in the Western District of Pennsylvania under the caption, *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 051386 (the "**Litigation**" or the "**MDL**").

3. Following the Petition Date, the MDL was stayed solely as to RFC.

4. On November 14, 2012, PNC filed proof of claim number 4760 (the "**Proof of Claim**") in RFC's bankruptcy case concerning PNC's claims for contribution and indemnity against RFC that might result from the MDL.

5. On July 3, 2013, the Debtors filed a Joint Plan of Liquidation (the "**Plan**") and Disclosure Statement [Dkt. Nos. 4153, 4157] reflecting a "global settlement" reached with various parties in interest in these cases, including the Named Plaintiffs[2] and their counsel.

6. On July 31, 2013, the Debtors and the Named Plaintiffs filed a joint motion [Dkt. No. 4451] to approve on a preliminary and final basis the settlement agreement (the "**Settlement Agreement**") reached with respect to the filed claim of the putative class of borrowers. On August 14, 2013, PNC filed a limited objection to the Settlement Agreement (the "**Settlement Agreement Objection**") [Dkt. No. 4661], objecting to the proposed judgment reduction and other "bar order" provisions of the agreement and related form of order. The Settlement

---

[2] Upon information and belief, of the Named Plaintiffs involved in negotiating the Settlement Agreement, only Ms. Gaskin and Mr. and Mrs. Picard remain as parties to the MDL.

Agreement Objection remains pending, and will be heard at the final fairness hearing for the Settlement Agreement.

7. On August 9, 2013, the Debtors filed the Objection. The Objection asserts that the Proof of Claim should be disallowed based both on substantive objections to PNC's claims for contribution or indemnity, and pursuant to Section 502(e)(1) of the Bankruptcy Code, regardless of substantive merit, because PNC's claim "is contingent as of the time of allowance or disallowance of such for reimbursement or contribution." 11 U.S.C. § 502(e)(1)(B).

## RESPONSE

### I.   The Proof of Claim Is Contingent at This Time and Will be Withdrawn

8. PNC vigorously disputes that the claims asserted in the Proof of Claim are without substantive basis under applicable non-bankruptcy law, however, PNC acknowledges that the claims asserted in the Proof of Claim remain contingent and unliquidated as of the date hereof, and are therefore subject to disallowance under Section 502(e)(1). Accordingly, PNC does not object to disallowance solely under, and by operation of, such Section, and will withdraw the Proof of Claim on that basis.[3]

## RESERVATION OF RIGHTS

9. Notwithstanding that PNC has acknowledged that the Proof of Claim is subject to disallowance under Section 502(e)(1) of the Bankruptcy Code, PNC reserves (a) its rights to subrogation to distributions made on any proofs of claim filed in this proceeding by or on behalf of any named or putative class plaintiffs in the MDL as and when any such right shall arise, (b) its right to dispute any assertion that the claims asserted in the Proof of Claim are without

---

[3] To the extent the Court would still entertain argument on the merits of PNC's contribution or indemnity claims, PNC reserves its rights to present any other substantive responses to the arguments raised in the Objection at any hearing held before the Court.

3

substantive basis under applicable non-bankruptcy in any proceeding, if any, where such issue must be reached, and (c) all objections asserted in the Settlement Agreement Objection.[4]

WHEREFORE, and subject to the reservation of rights contained herein, PNC does not object to disallowance of the Proof of Claim solely under, and by operation of, Section 502(e)(1) of the Bankruptcy Code, and will withdraw the Proof of Claim on that basis.

Dated: August 30, 2013

        BALLARD SPAHR LLP

        /s/ *Vincent J. Marriott, III*
        Vincent J. Marriott, III (admitted *pro hac vice*)
        Sarah Schindler-Williams (SW-8179)
        1735 Market St, 51st Floor
        Philadelphia, PA 19103
        Telephone: (215) 665-8500
        Facsimile: (215) 864-8999
        marriott@ballardspahr.com
        schindlerwilliamss@ballardspahr.com

        *Counsel for PNC Bank, N.A.*

---

[4] As noted by the Court at the hearing on preliminary approval of the Settlement Agreement on August 22, 2013, the status of PNC's Proof of Claim and whether it may have a liquidated right to repayment for which the RFC estate will owe it a distribution subject to the Plan, has little bearing on whether the judgment credit provision contained in the final approval order to be entered on the Settlement Agreement is fair and equitable as to PNC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on or about August 30, 2013, I caused the foregoing document to be served by email on all parties registered for ECF service in these cases, Debtors' counsel, and the Monthly Service List, and by email and first class mail on all parties on the Debtors' Special Service List.

/s/ *Sarah Schindler-Williams*
Sarah Schindler-Williams, Esq.