**Hearing Date and Time: October 9, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: October 1, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**(LATE-FILED BORROWER CLAIMS)**

    **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* (the "Omnibus

Objection"), which seeks to alter your rights by disallowing and expunging your claim

against the above-captioned Debtors.

    **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **October 9, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 1, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

2

Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: August 30, 2013                 Respectfully submitted,
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

3

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------------

## DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION
## TO CLAIMS (LATE-FILED BORROWER CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## **RELIEF REQUESTED**

1.      The Debtors file this thirty-first omnibus claims objection (the "Thirty-First Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Thirty-First Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Thirty-First Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

2.      The Debtors have examined the proofs of claim identified on Exhibit A to the Proposed Order (collectively, the "Late-Filed Borrower Claims") and have determined that the Late-Filed Borrower Claims violate this Court's August 29, 2012 order setting forth the procedures and deadlines for filing proofs of claim in these Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"), as these claims were filed after the Bar Date (defined herein).  Because

---

[1]     Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

the Late-Filed Borrower Claims fail to comply with the terms of the Bar Date Order, the Debtors

request that they be disallowed and expunged in their entirety.

3.       The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed

Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower

Claims</u>" and each a "<u>Borrower Claim</u>").  As used herein, the term "Borrower" means a person

who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold

by one or more of the Debtors.[2]

4.       The Debtors expressly reserve all rights to object on any other basis to any

Late-Filed Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.       General**

6.       On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.   These Chapter 11 Cases are being jointly administered

pursuant to Bankruptcy Rule 1015(b).

---

[2]       The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket
No. 3294].

7.     On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.     On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.     On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

**B.     Proceedings Related to Proofs of Claim**

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

11.     On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General

3

Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

12.     In order to be timely-filed, proofs of claim must have been "actually received" on or before the applicable Bar Date.  (Bar Date Order ¶¶ 2, 3).  The Bar Date Order permitted the filing of proofs of claim with KCC and the Court in accordance with the deadlines established therein.  (Id. ¶¶ 1, 3).  The Bar Date Order also expressly provides that "any holder of a claim against one or more of the Debtors who is required, but fails, to file a proof of such claim in appropriate form in accordance with this Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) . . . ."  (Id. ¶ 11).

13.     In accordance with the Bar Date Order, potential claimants and other parties in interest received notice of the Bar Date Order via mail (each a "Bar Date Notice" and collectively, the "Bar Date Notices") at least thirty-five (35) days prior to the Bar Date.  (See Affidavits of Service of Notices of Deadlines for Filing Proofs of Claim [Docket Nos. 1412, 1461, 1482, 1522, 1523, 1528, 1543, 1660, 1666, 1754, 1764, 1783, 1805, 1815, 1822, 1907, 1917, 1983, 2009, 2048, 2133, 2179, 2242, 2283, 2328]).  KCC served Bar Date Notices on approximately 2.2 million borrowers and over 275,000 creditors.  The Bar Date Notice, which was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, notified claimants that proofs of claim against the Debtors must be received on or

4

before the Bar Date.  (Bar Date Notice ¶¶ 1, 3).  The Bar Date Notice prominently states the Bar

Date and, in bold-face type, notified recipients that "any holder of a claim that is not excepted

from the requirements of the Bar Date Order, as described in section 4 above, and that fails to

timely file a proof of claim in the appropriate form will be forever barred, estopped and enjoined

from asserting such claim against the debtors . . . ."  (Id. ¶ 5).

14.    While only 35 days' advance notice of a bar date is recommended by the

Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United

States Bankruptcy Court for the Southern District of New York, in this case, the Debtors

provided creditors with <u>at least 72 days' notice</u> of the Bar Date, which was subsequently

<u>extended an additional nine days</u> with respect to the General Bar Date. (Bar Date Order ¶ 15).

The General Bar Date occurred nearly six months after the Petition Date, and 81 days after the

entry of the Bar Date Order, thus providing ample time for creditors to determine, prepare and

file their claims against the Debtors.

15.    In addition, a copy of the Bar Date Order and other information regarding

the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

16.    On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order [Docket No. 3294].

17.    The Procedures Order also approved certain procedures to be applied in

connection with objections to Borrower Claims (the "<u>Borrower Claim Procedures</u>").  Based on

substantial input from the Creditors' Committee and Special Counsel to the Creditors'

Committee for Borrower Issues ("<u>Special Counsel</u>"), the Procedures Order includes specific

protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). (See Procedures Order at 4).

18.    However, if the Debtors' objection to a Borrower Claim is premised on certain non-substantive grounds, including that the Borrower's proof of claim was not timely filed, then the Debtors are not required to send a Request Letter to such Borrower before filing an objection to such Borrower's Claim. (See Procedures Order at 3).

19.    To date, approximately 7,160 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

## THE LATE-FILED BORROWER CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

20.    Based upon their review of the claims filed on the claims register in these Chapter 11 Cases maintained by KCC, the Debtors identified the Late-Filed Borrower Claims on Exhibit A, annexed to the Proposed Order, as claims that should be disallowed and expunged because they failed to comply with the terms of the Bar Date Order. (See Horst Declaration ¶¶ 3, 4).

21.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

22.     "Bar dates are 'critically important to the administration of a successful chapter 11 case.'"  Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); see also Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital, LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).  A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process."  In re Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize.  See In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit.  See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

23.     The Bar Date Order specifically requires proofs of claim to be actually received either by KCC or the Court on or before the Bar Date.  (Bar Date Order ¶¶ 2, 3).  Potential claimants were provided notice of the Bar Date Order, including the deadline to file proofs of claim and a warning that failure to comply with the Bar Date would result in their claims being barred.  (See Bar Date Notice ¶¶ 1, 3, 6).  In addition, the Debtors confirmed with KCC that each of these Borrowers who filed a Late-Filed Borrower Claim was timely served

7

with the Bar Date Notice.  (See Horst Declaration ¶ 4).  Nevertheless, these Borrowers filed their proofs of claim after the Bar Date.  (See Horst Declaration ¶ 4).  Moreover, these Late-Filed Borrower Claims do not amend any previously filed claims.  (See Horst Declaration ¶ 4).

24.     The Debtors submit that given the basis of their objection to the Late-Filed Borrower Claims is that such Borrower Claims were not timely filed, the Debtors are not required to send a Request Letter seeking additional information from such Borrowers with respect to the Late-Filed Borrower Claims, and are thus in compliance with the Borrower Claim Procedures set forth in the Procedures Order.  (See Horst Declaration ¶ 5).

25.     Because the Late-Filed Borrower Claims violate the terms of the Bar Date Order and are thus untimely, the Debtors request that the Court disallow and expunge in their entirety the Late-Filed Borrower Claims listed on Exhibit A to the Proposed Order.

## NOTICE

26.     The Debtors have served notice of this Thirty-First Omnibus Claims Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

27.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

8

Dated:  August 30, 2013
       New York, New York

                                        /s/  Norman S. Rosenbaum
                                   Gary S. Lee
                                   Norman S. Rosenbaum
                                   Jordan A. Wishnew
                                   **MORRISON & FOERSTER LLP**
                                   1290 Avenue of the Americas
                                   New York, New York 10104
                                   Telephone:  (212) 468-8000
                                   Facsimile:  (212) 468-7900

                                   *Counsel for the Debtors and*
                                   *Debtors in Possession*

9

# Exhibit 1

## Horst Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                                               )
In re:                                         )      Case No. 12-12020 (MG)
                                               )
RESIDENTIAL CAPITAL, LLC, et al.,              )      Chapter 11
                                               )
                              Debtors.         )      Jointly Administered
                                               )
-------------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'
### THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS
### (LATE-FILED BORROWER CLAIMS)

I, Deanna Horst, hereby declare as follows:

　　　　1.　　　I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am authorized to submit this declaration (the

---

[1]　　　The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

"Declaration") in support of the *Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* (the "Objection").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the Late-Filed Borrower Claims at issue, the Debtors have determined that each claim listed on Exhibit A annexed to the Proposed Order was received by the Court and/or KCC, after the General Bar Date passed.  Each proof of claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Borrower Claims included on Exhibit A to the Proposed Order were each date-and-time-stamped after the General Bar Date by which these claims were required to be filed.  The Debtors confirmed with KCC that all of the Borrowers who filed Late-Filed Borrower Claims and, if known, their counsel, were timely served with the Bar Date Notice, and/or were deemed to have notice of the Bar Dates via publication.  In addition, the Debtors confirmed that these Late-Filed Borrower Claims do not amend any previously filed claims.

5.      The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures.  In this instance, given the basis of the Objection, the Debtors have determined that they may object to these Late-Filed Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

6.      To my knowledge, none of the claimants who has a Late-Filed Borrower Claim included on Exhibit A to the Proposed Order has filed a motion with the Court, or contacted the Debtors, requesting permission to file a late proof of claim or has proffered to the Debtors or their counsel an excuse for such Late-Filed Borrower Claim.  If the Late-Filed

3

Borrower Claims are not disallowed and expunged, the claimants who filed the Late-Filed Borrower Claims may potentially receive distributions to the detriment of other creditors in these Chapter 11 Cases that they are not entitled to, because such claims were untimely.

7.    Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Late-Filed Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 30, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

--------------------------------------------------------------------

### ORDER GRANTING DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION
### TO CLAIMS (LATE-FILED BORROWER CLAIMS)

Upon the thirty-first omnibus claims objection, dated August 30, 2013 (the

"<u>Thirty-First Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors

in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the

"<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Late-Filed

Borrower Claims on the basis that they were filed after the applicable Bar Date, all as more fully

described in the Thirty-First Omnibus Claims Objection; and it appearing that this Court has

jurisdiction to consider the Thirty-First Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157

and 1334; and consideration of the Thirty-First Omnibus Claims Objection and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Thirty-First Omnibus Claims Objection having been provided, and it appearing that no other

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Debtors' Thirty-First Omnibus Claims Objection.

or further notice need be provided; and upon consideration of the Thirty-First Omnibus Claims

Objection and the Declaration of Deanna Horst in Support of the Debtors' Thirty-First Omnibus

Objection to Claims (Late-Filed Borrower Claims), annexed thereto as Exhibit 1; and the Court

having found and determined that the relief sought in the Thirty-First Omnibus Claims Objection

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Thirty-First Omnibus Claims Objection establish just

cause for the relief granted herein; and the Court having determined that the Thirty-First

Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the

Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-First Omnibus Claims Objection

is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto (collectively, the "Late-Filed Borrower Claims") are hereby

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Late-Filed Borrower Claims identified on

the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the

Debtors' official claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirty-First Omnibus Claims Objection as provided

therein shall be deemed good and sufficient notice of such objection, and the requirements of

Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket

2

No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Late-Filed Borrower Claims identified on Exhibit A, annexed hereto, as if each such Late-Filed Borrower Claim had been individually objected to; and it is further

ORDERED that the Debtors reserve all rights to object on any other basis to any Late-Filed Borrower Claim as to which the Court does not grant the relief requested herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
    New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 1 | Anaissa B Gerwald<br>12 Bluegrass Ln<br>Savannah, GA 31405 | 6866 | 06/19/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$469,098.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | BENNETT, SHELLI<br>10650 N FARM RD 141<br>BRIAN BENNETT<br>BRIGHTON, MO 65617 | 6853 | 05/28/2013 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 3 | Dwayne Shepherd and Selina Shepherd<br>Michael A. Alfred, Esq. (SBN 113716)<br>7220 Trade Street, Suite 101<br>San Diego, CA 92121 | 6885 | 07/08/2013 | $0.00<br>$0.00<br>$850,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | EUTON MCGREGOR<br>Attorney R. John Smith<br>P.O. Box 230839<br>New York, NY 10023-0014 | 7159 | 08/22/2013 | $0.00<br>$0.00<br>$210,000.00<br>$0.00<br>$241,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 5 | Frederick Green<br>9493 Night Harbor Drive<br>Leland, NC 28451-9596 | 6848 | 05/03/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | | | | **Claims to be Disallowed and Expunged** | | | |
| 6 | Kenneth Russo Jr. and Rayietta Hill Kenneth Russo Jr. 12230 Hondero Ct. Granada Hills, CA 91344 | 6843 | 04/22/2013 | $0.00 $0.00 $0.00 $29,742.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Octavio Corona and Angelina Corona 630 W. Gardena Blvd Gardena, CA 90247 | 6840 | 04/01/2013 | $0.00 $0.00 $0.00 $25,000.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | Paul Anthony Corrado 8018 Quartz Ave Winnetka, CA 91306 | 6855 | 06/03/2013 | $485,000.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 |
| 9 | Paul Anthony Corrado 8018 Quartz Ave Winnetka, CA 91306 | 6856 | 06/03/2013 | $485,000.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 |
| 10 | Tanya Barber 3941 NW 174 Street Miami Gardens, FL 33055 | 6881 | 07/26/2013 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | | | Claims to be Disallowed and Expunged | | | | |
| 10 | Vicki Dillard Crowe<br>PO Box 37137<br>Ft Worth, TX 76127 | 6846 | 05/02/2013 | UNLIQUIDATED | Administrative Priority | Residential Capital, LLC | 12-12020 |
| | | | | $0.00 | Administrative Secured | | |
| | | | | $0.00 | Secured | | |
| | | | | $0.00 | Priority | | |
| | | | | $0.00 | General Unsecured | | |