**Hearing Date and Time: October 2, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: September 20, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### NOTICE OF DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Thirty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims)* (the "Omnibus Objection"), which seeks to alter your rights by disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **October 2, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 20, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

ny-1106979

Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: August 30, 2013                Respectfully submitted,
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Hearing Date and Time:  October 2, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: September 20, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| --------------------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| --------------------------------------------------------------------- ) | | |

**DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**<u>(DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC ("ResCap") and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.       The Debtors file this thirty-second omnibus objection to claims (the "Thirty-Second Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as **Exhibit 2**, disallowing and expunging the claims listed on **Exhibit A**[1] annexed to the Proposed Order.  In support of the Thirty-Second Omnibus Claims Objection, the Debtors submit the *Declaration of Deanna Horst in Support of the Debtors' Thirty-Second Omnibus Claims Objection* (the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

2.       The Debtors have examined the proofs of claim identified on **Exhibit A** to the Proposed Order and have determined that each of the proofs of claim listed thereunder (collectively, the "Duplicate Debt Claims") is duplicative of the Master Surviving Claim (defined below) identified under the heading "*Reason for Disallowance*".  The Master Surviving Claim is the proof of claim filed by Wilmington Trust, National Association ("Wilmington

---

[1]      Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

Trust") in its capacity as indenture trustee (in such capacity, the "Indenture Trustee"), on the Indenture Trustee's own behalf and the holders of certain notes issued pursuant to the Indenture (defined below).  The Debtors seek the disallowance and expungement from the official claims register maintained for the Debtors in the Chapter 11 Cases of the Duplicate Debt Claims in their entirety and preservation of the Debtors' right to later object to the Master Surviving Claim on any basis.

3.    This Thirty- Second Omnibus Claims Objection does not affect the Master Surviving Claim and does not constitute any admission or finding with respect to the Master Surviving Claim.  Further, the Debtors expressly reserve all rights to object on any other basis to any Duplicate Debt Claim as to which the Court does not grant the relief requested herein.

4.    No Borrower Claims (as defined in the Procedures Order) are included in this Thirty- Second Omnibus Claims Objection.

## JURISDICTION

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### A.    General

6.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2

7.     On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.     On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the Examiner's report was unsealed and made available to the public [Docket No. 4099].

9.     On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

### B.     Proceedings Related to Proofs of Claim

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

11.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").  The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

3

form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").    (Bar Date Order, ¶¶ 2, 3).    On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was **not** extended.

12.    On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

13.    To date, approximately 7,160 proofs of claim have been filed in the

Chapter 11 Cases as reflected on the Debtors' claims register.

## THE INDENTURE TRUSTEE'S MASTER SURVIVING CLAIM

14.    The Bar Date Order specifically provides that "any person or entity whose

claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees

and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors

pursuant to an indenture (the "Debt Instruments")" need not file a proof of claim, but that "the

Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee") . . . shall be

**required to file one Proof of Claim**, on or before the General Bar Date, **with respect to all of**

**the Debt Claims on or under each of the applicable Debt Instruments**. . . ." (Bar Date Ord. at

¶ 6(i) (emphasis added).)  Accordingly, the Bar Date Order only requires an Indenture Trustee to

file a single proof of claim with respect to all claims against any and all Debtor entities under a

given Debt Instrument.

15.    Wilmington Trust, as successor indenture trustee to Deutsche Bank Trust

Company Americas, and ResCap, as issuer, are parties to that certain indenture dated as of

June 24, 2005 (as amended, modified and supplemented, the (the "Indenture"). The Indenture authorizes Wilmington Trust as Indenture Trustee to file a proof of claim on behalf of all holders of securities issued under the Indenture. (See Indenture, excerpts attached hereto as **Exhibit 3**, at § 6.02.) In accordance with Section 6.02 of the Indenture, paragraph 6(i) of the Bar Date Order, and the *Stipulation and Order Permitting Wilmington Trust, National Association, in its Capacity as Indenture Trustee for the Senior Unsecured Notes, to File Consolidated Proof of Claim* [Docket No. 2122], on November 15, 2012, Wilmington Trust, in its capacity as Indenture Trustee under the Indenture, filed a proof of claim (Claim No. 5256) (the "Master Surviving Claim") on behalf of itself and the holders of the notes issued under the Indenture.

### THE DUPLICATE DEBT CLAIMS
### SHOULD BE DISALLOWED AND EXPUNGED

16.      Based upon their review of the claims filed on the claims register in these Chapter 11 Cases maintained by KCC, the Debtors identified each Duplicate Debt Claim listed on **Exhibit A** annexed to the Proposed Order as duplicative of the Master Surviving Claim. Both the Duplicate Debt Claims and the Master Surviving Claim are claims that have been filed against the Debtors that relate to notes issued under the Indenture. (See Horst Declaration ¶ 4). In each case, the Duplicate Debt Claim was filed by an individual claimant/noteholder and the Master Surviving Claim was filed by Wilmington Trust, as Indenture Trustee, on behalf of the individual claimant/noteholder. Thus, each Duplicate Debt Claim seeks to recover on the same obligations and behalf of the same persons or entity as the Master Surviving Claim. Id. This is also true with respect to Duplicate Debt Claims that are filed against a Debtor other than Residential Capital, LLC, because, in accordance with paragraph 6(i) of the Bar Date Order, the Master Surviving Claim asserts Debt Claims against all applicable Debtors arising under the Indenture. Id.

17.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

18.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor.  See, e.g., In re Worldcom, Inc., Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); In re Drexel Burnham Lambert Group, Inc., 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

19.    Further, the Debtors cannot be required to pay on the same claim more than once.  See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

20.    The Duplicate Debt Claims should be disallowed as duplicative of the Master Surviving Claim because the Indenture Trustee was the only proper party to file a claim on behalf of the holders of notes in accordance with paragraph 6(i) of the Bar Date Order and the terms of the Indenture.  Moreover, the Federal Rules of Bankruptcy Procedure specifically provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders

6

of securities issued pursuant to the trust instrument under which it is the trustee." <u>See</u> Fed. R.

Bank. P. 3003(c)(5).

21.     Accordingly, to avoid the possibility of a creditor receiving multiple

recoveries on its claim, the Debtors request that the Court disallow and expunge in their entirety

the Duplicate Debt Claims listed on **<u>Exhibit A</u>**.  The Master Surviving Claim will remain on the

Debtors' claims register subject to further objections on any basis.

### NOTICE

22.     The Debtors have served notice of this Thirty-Second Omnibus Claims

Objection in accordance with the Case Management Procedures entered on May 23, 2012

[Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice

need be provided.

### NO PRIOR REQUEST

23.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

7

Dated:  August 30, 2013
          New York, New York

                                        /s/ Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF
### DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS
### (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,
LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the
state of Delaware and the parent of the other debtors and debtors in possession in the above-
captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of
ResCap since August of 2001, and in my current position since June of 2012.  I began my
association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with
managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the
Director of Quality Asset Management, managing Client Repurchase, QA and Compliance—a
position I held until 2006, at which time I became the Vice President of the Credit Risk Group,
managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice
President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in
this role.  In my current position, I am responsible for Claims Management and Reconciliation
and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1106132

the *Debtors' Thirty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims)* (the "<u>Objection</u>").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on <u>Exhibit A</u> to the Proposed Order.  In connection with this analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) the other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1106132

filed in these Chapter 11 Cases.  Based on a thorough review of the Duplicate Debt Claims and

the Master Surviving Claim at issue, the Debtors have determined that each claim listed in

Exhibit A annexed to the Proposed Order is duplicative of the Master Surviving Claim identified

in the column entitled "*Reason for Disallowance*".  Both the Duplicate Debt Claims and the

Master Surviving Claim are claims that have been filed against the Debtors that relate to notes

issued under the Indenture.  In each case, the Duplicate Debt Claim was filed by an individual

claimant/noteholder and the Master Surviving Claim was filed by Wilmington Trust, as

Indenture Trustee, on behalf of the individual claimant/noteholder.  Thus, each Duplicate Debt

Claim seeks to recover on the same obligations and behalf of the same individuals as the Master

Surviving Claim.  This is true even with respect to Duplicate Debt Claims that are filed against a

Debtor other than Residential Capital, LLC, because, in accordance with paragraph 6(i) of the

Bar Date Order, the Master Surviving Claim asserts Debt Claims against all applicable Debtors

arising under the respective Indenture.

5.      Accordingly, based upon this review, and for the reasons set forth in the

Objection, I have determined that each Duplicate Debt Claim that is the subject of the Objection

should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  August 30, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
                                            )
In re:                                      )    Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    )    Chapter 11
                                            )
                              Debtors.      )    Jointly Administered
                                            )
---------------------------------------------------------------------

### ORDER GRANTING DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the thirty-second omnibus objection to claims, dated August 30, 2013 (the

"Thirty-Second Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated

debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession

(collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and

expunging the Duplicate Debt Claims on the basis that each such claim is duplicative of the

Master Surviving Claim, all as more fully described in the Thirty-Second Omnibus Claims

Objection; and it appearing that this Court has jurisdiction to consider the Thirty-Second

Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the

Thirty-Second Omnibus Claims Objection and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirty-Second Omnibus Claims

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Second Omnibus Claims Objection.

Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Thirty-Second Omnibus Claims Objection and the *Declaration of Deanna Horst in Support of the Debtors' Thirty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims)*, annexed to the Thirty-Second Omnibus Claims Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Thirty-Second Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Second Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-Second Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Duplicate Debt Claims</u>") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Duplicate Debt Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Debtors' claims register; and it is further

ORDERED that the Master Surviving Claim will remain on the claims register, and such claim is neither allowed nor disallowed at this time; and is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ny-1106135

ORDERED that the disallowance and expungement of the Duplicate Debt Claims does not constitute any admission or finding with respect to the Master Surviving Claim; and it is further

ORDERED that notice of the Thirty-Second Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of the Master Surviving Claim, and all rights to object on any basis are expressly reserved with respect to the Master Surviving Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Duplicate Debt Claims identified on Exhibit A, annexed hereto, as if each such Duplicate Debt Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1106135

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-SECOND OMNIBUS OBJECTION - DUPLICATE DEBT CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Alben Realty Corp Retirement System Bernard Klevan 20191 E Country Club Dr Apt 708 Aventura, FL 33180 | 4424 | 11/12/2012 | $0.00 $0.00 $0.00 $14,000.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 2 | Arsalan Salamat 5445 N.Sheridan Rd, Apt 3202 Chicago, IL 60640 | 1143 | 10/10/2012 | $0.00 $0.00 $12,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 3 | Deirdre OConnor Trust 4615 Brookside Rd Toledo, OH 43615-2207 | 1098 | 10/10/2012 | $0.00 $0.00 $0.00 $0.00 $25,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 4 | Donald L. Solomon Trust 4615 Brookside Rd Toledo, OH 43615-2207 | 1099 | 10/10/2012 | $0.00 $0.00 $0.00 $0.00 $125,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 5 | Donald Solomon Supporting ORG. Trust 6465 Sylvania Avenue Sylvania, OH 43560 | 1424 | 10/19/2012 | $0.00 $0.00 $0.00 $0.00 $100,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 6 | Ellamae Brown 17319 Vollbrecht Drive South Holland , IL 60473-3646 | 2101 | 11/02/2012 | $0.00 $0.00 $0.00 $0.00 $2,065.83 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 7 | Gasser Edmund Oberrasen 19 Rasun Anterselva, BZ I-39030, Italy | 1892 | 10/29/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-SECOND OMNIBUS OBJECTION - DUPLICATE DEBT CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Louis Zatz<br>10215 N. Circlelake Dr. #201<br>Boynton Beach, FL 33437 | 1474 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$20,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 9 | Randolph T. Brown as custodian for the<br>Randolph T. Brown IRA<br>808 1st Ave SE<br>Long Prairie, MN 56347 | 1665 | 10/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$14,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 10 | W Jeanetta Medrud & Jerry K Medrud<br>14349 W Promise Lane<br>Pocatello, ID 83202-5330 | 2167 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50,346.75 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |
| 11 | W.J. Schneider<br>8080 Old Crow Court<br>West Chester, OH 45069 | 949 | 10/04/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$7,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim duplicative of the Master Proof of Claim 5256 filed by Wilmington Trust, National Association |

## **Exhibit 3**

**Indenture Excerpts**

```
<DOCUMENT>
<TYPE>EX-4.1
<SEQUENCE>4
<FILENAME>k96200exv4w1.txt
<DESCRIPTION>INDENTURE AMONG RESIDENTIAL CAPITAL CORP
<TEXT>
<PAGE>
```

EXHIBIT 4.1

RESIDENTIAL CAPITAL CORPORATION,

ANY GUARANTORS PARTY HERETO,

AND

DEUTSCHE BANK TRUST COMPANY AMERICAS,

AS TRUSTEE

INDENTURE

DATED AS OF JUNE 24, 2005

DEBT SECURITIES

```
<PAGE>
```

TABLE OF CONTENTS

```
<TABLE>
<CAPTION>

<S>
```

ARTICLE ONE.            DEFINITIONS............................................

        Section 1.01.    Definitions............................................
        Section 1.02.    Notice to Securityholders..............................

ARTICLE TWO.            ISSUE, EXECUTION, REGISTRATION AND EXCHANGE OF SECURITIES

        Section 2.01.    Amount Unlimited; Issuable in Series....................
        Section 2.02.    Form of Trustee's Certificate of Authentication........
        Section 2.03.    Form, Execution, Authentication, Delivery and Dating of
        Section 2.04.    Denominations; Record Date.............................
        Section 2.05.    Exchange and Registration of Transfer of Securities.....
        Section 2.06.    Temporary Securities...................................
        Section 2.07.    Mutilated, Destroyed, Lost or Stolen Securities........
        Section 2.08.    Cancellation...........................................
        Section 2.09.    Computation of Interest................................
        Section 2.10.    Securities in Global Form..............................
        Section 2.11.    Medium-Term Securities.................................

ARTICLE THREE.          REDEMPTION OF SECURITIES...............................

        Section 3.01.    Redemption of Securities; Applicability of Article......
        Section 3.02.    Notice of Redemption; Selection of Securities..........
        Section 3.03.    Payment of Securities Called for Redemption............

ARTICLE FOUR.                PARTICULAR COVENANTS OF THE COMPANY.....................

          Section 4.01.     Payment of Principal, Premium, Interest and Additional A
          Section 4.02.     Offices for Notices and Payments, etc...................
          Section 4.03.     Provisions as to Paying Agent..........................
          Section 4.04.     Luxembourg Publications.................................
          Section 4.05.     Statement by Officers as to Default.....................
          Section 4.06.     Existence..............................................
          Section 4.07.     Limitation on Liens....................................
          Section 4.08.     Guarantees of Significant Subsidiaries..................

ARTICLE FIVE.                SECURITYHOLDER LISTS AND REPORTS BY THE COMPANY AND THE T

          Section 5.01.     Securityholder Lists...................................
          Section 5.02.     Preservation and Disclosure of Lists...................
          Section 5.03.     Reports by the Company.................................
          Section 5.04.     Reports by the Trustee.................................

&lt;/TABLE&gt;

&lt;PAGE&gt;


                        TABLE OF CONTENTS
                            (CONT)


&lt;TABLE&gt;
&lt;CAPTION&gt;


&lt;S&gt;
ARTICLE SIX.                 REMEDIES ON DEFAULT.....................................

          Section 6.01.     Events of Default......................................
          Section 6.02.     Payment of Securities on Default; Suit Therefor.........
          Section 6.03.     Application of Moneys Collected by Trustee..............
          Section 6.04.     Proceedings by Securityholders.........................
          Section 6.05.     Remedies Cumulative and Continuing.....................
          Section 6.06.     Direction of Proceedings...............................
          Section 6.07.     Notice of Defaults.....................................
          Section 6.08.     Undertaking to Pay Costs...............................

ARTICLE SEVEN.               CONCERNING THE TRUSTEE.................................

          Section 7.01.     Duties and Responsibilities of Trustee.................
          Section 7.02.     Reliance on Documents, Opinions, etc...................
          Section 7.03.     No Responsibility for Recitals, etc....................
          Section 7.04.     Ownership of Securities or Coupons.....................
          Section 7.05.     Moneys to be Held in Trust.............................
          Section 7.06.     Compensation and Expenses of Trustee...................
          Section 7.07.     Officers' Certificate as Evidence......................
          Section 7.08.     Conflicting Interest of Trustee........................
          Section 7.09.     Eligibility of Trustee.................................
          Section 7.10.     Resignation or Removal of Trustee......................
          Section 7.11.     Acceptance by Successor Trustee........................
          Section 7.12.     Successor by Merger, etc...............................
          Section 7.13.     Limitations on Rights of Trustee as Creditor...........

ARTICLE EIGHT.               CONCERNING THE SECURITYHOLDERS.........................

          Section 8.01.     Action by Securityholders..............................
          Section 8.02.     Proof of Execution by Securityholders..................

Section 8.03.     Who Are Deemed Absolute Owners.........................
Section 8.04.     Company-Owned Securities Disregarded...................
Section 8.05.     Revocation of Consents; Future Securityholders Bound....
Section 8.06.     Securities in a Foreign Currency.......................

ARTICLE NINE.          SECURITYHOLDERS' MEETINGS................................

Section 9.01.     Purposes of Meetings...................................
Section 9.02.     Call of Meetings by Trustee............................
Section 9.03.     Call of Meetings by Company or Securityholders..........
Section 9.04.     Qualification for Voting...............................
Section 9.05.     Regulations............................................
</TABLE>

-ii-

<PAGE>

TABLE OF CONTENTS
(CONT)

<TABLE>
<CAPTION>


<S>
Section 9.06.     Voting.................................................

ARTICLE TEN.           SUPPLEMENTAL INDENTURES..................................

Section 10.01.    Supplemental Indentures Without Consent of Securityholde
Section 10.02.    Supplemental Indentures with Consent of Securityholders.
Section 10.03.    Compliance with Trust Indenture Act; Effect of Supplemen
Section 10.04.    Notation on Securities.................................

ARTICLE ELEVEN.        CONSOLIDATION, MERGER, SALE OR CONVEYANCE...............

Section 11.01.    Company May Consolidate, etc., on Certain Terms.........
Section 11.02.    Successor Corporation Substituted......................
Section 11.03.    Reliance by Trustee on Officers' Certificate and Opinion

ARTICLE TWELVE.        SATISFACTION AND DISCHARGE OF INDENTURE; UNCLAIMED MONEYS

Section 12.01.    Discharge of Indenture.................................
Section 12.02.    Satisfaction, Discharge and Defeasance of Securities of
Section 12.03.    Deposited Moneys to be Held in Trust by Trustee.........
Section 12.04.    Paying Agent to Repay Moneys Held......................
Section 12.05.    Return of Unclaimed Moneys.............................

ARTICLE THIRTEEN.      IMMUNITY OF INCORPORATORS, STOCKHOLDERS, OFFICERS AND DIR

Section 13.01.    Indenture and Securities Solely Corporate Obligations...

ARTICLE FOURTEEN.      GUARANTEE...............................................

Section 14.01.    Unconditional Guarantee................................
Section 14.02.    Severability...........................................
Section 14.03.    Limitation of Guarantor's Liability....................
Section 14.04.    Release of Guarantor...................................
Section 14.05.    Contribution...........................................
Section 14.06.    Waiver of Subrogation..................................

Confidential

Section 14.07.        Execution of Guarantee...................................
Section 14.08.        Waiver of Stay, Extension or Usury Laws.................

ARTICLE FIFTEEN.         MISCELLANEOUS PROVISIONS.................................

Section 15.01.        Benefits of Indenture Restricted to Parties and Security
Section 15.02.        Provisions Binding on Company's Successors..............
Section 15.03.        Addresses for Notices, etc.............................
</TABLE>

-iii-

<PAGE>

TABLE OF CONTENTS
(CONT)

<TABLE>
<CAPTION>


<S>
Section 15.04.        Evidence of Compliance with Conditions Precedent........
Section 15.05.        Legal Holidays.........................................
Section 15.06.        Trust Indenture Act to Control.........................
Section 15.07.        Execution in Counterparts..............................
Section 15.08.        New York Contract.....................................
Section 15.09.        Judgment Currency......................................
Section 15.10.        Severability of Provisions.............................
Section 15.11.        Company Released From Indenture Requirements Under Certa
</TABLE>

-iv-

<PAGE>

     THIS INDENTURE, dated as of the day of June 24, 2005 between RESIDENTIAL
CAPITAL CORPORATION, a corporation duly organized and existing under the laws of
the State of Delaware (hereinafter sometimes called the "COMPANY"), the
Guarantors (as defined herein), and DEUTSCHE BANK TRUST COMPANY AMERICAS, a
banking corporation duly incorporated and existing under the laws of the State
of New York, as trustee hereunder (hereinafter sometimes called the "TRUSTEE,"
which term shall include any successor trustee appointed pursuant to Article
Seven).

                              WITNESSETH:

     WHEREAS, the Company deems it necessary to issue from time to time for its
lawful purposes securities (hereinafter called the "SECURITIES" or, in the
singular, "SECURITY") evidencing its unsecured indebtedness and has duly
authorized the execution and delivery of this Indenture to provide for the
issuance of the Securities in one or more series, unlimited as to principal
amount, to bear such rates of interest, to mature at such time or times and to
have such other provisions as shall be fixed as hereinafter provided; and

     WHEREAS, the Company represents that all acts and things necessary to
constitute these presents a valid indenture and agreement according to its
terms, have been done and performed, and the execution of this Indenture has in
all respects been duly authorized, and the Company, in the exercise of legal
rights and power in it vested, is executing this Indenture;

     NOW, THEREFORE:

Confidential

payable, and before any judgment or decree for the payment of the moneys due
shall have been obtained or entered as hereinafter provided, the Company shall
pay or shall deposit with the Trustee a sum sufficient to pay all matured
installments of interest, if any, and all Additional Amounts, if any, due upon
all the Securities of such series or of all the Securities, as the case may be,
and the principal of (and premium, if any, on) all Securities of such series or
of all the Securities, as the case may be (or, with respect to Original Issue
Discount Securities, such lesser amount as may be specified in the terms of such
Securities), which shall have become due otherwise than by acceleration (with
interest, if any, upon such principal and premium, if any, and, to the extent

                                    30

<PAGE>

that payment of such interest is enforceable under applicable law, on overdue
installments of interest and Additional Amounts, if any, at the same rate as the
rate of interest specified in the Securities of such series, as the case may be
(or, with respect to Original Issue Discount Securities at the rate specified in
the terms of such Securities for interest on overdue principal thereof upon
maturity, redemption or acceleration of such series, as the case may be), to the
date of such payment or deposit), and such amount as shall be payable to the
Trustee pursuant to Section 7.06, and any and all defaults under the Indenture
shall have been remedied, then and in every such case the Holders of a majority
in aggregate principal amount of the Securities of such series (or of all the
Securities, as the case may be) then outstanding, by written notice to the
Company and to the Trustee, may waive all defaults with respect to that series
or with respect to all Securities, as the case may be and rescind and annul such
declaration and its consequences; but no such waiver or rescission and annulment
shall extend to or shall affect any subsequent default or shall impair any right
consequent thereon. If the principal of all Securities shall have been declared
to be payable pursuant to this Section 6.01, in determining whether the Holders
of a majority in aggregate principal amount thereof have waived all defaults and
rescinded and annulled such declaration, all series of Securities shall be
treated as a single class and the principal amount of Original Issue Discount
Securities shall be deemed to be the amount declared payable under the terms
applicable to such Original Issue Discount Securities.

     In case the Trustee shall have proceeded to enforce any right under this
Indenture and such proceedings shall have been discontinued or abandoned because
of such recession and annulment or for any other reason or shall have been
determined adversely to the Trustee, then and in every such case the Company,
Trustee and the Holders of Securities, as the case may be, shall be restored
respectively to their former positions and rights hereunder, and all rights,
remedies and powers of the Company, the Trustee and the Holders of Securities,
as the case may be, shall continue as though no such proceedings had been taken.

     Section 6.02. Payment of Securities on Default; Suit Therefor. The Company
covenants that (1) in case default shall be made in the payment of any
installment of interest, if any, on any of the Securities of any series or any
Additional Amounts payable in respect of any of the Securities of any series, as
and when the same shall become due and payable, and such default shall have
continued for a period of thirty days or (2) in case default shall be made in
the payment of the principal of (or premium, if any, on) any of the Securities
of any series, as and when the same shall have become due and payable, whether
upon maturity of such series or upon redemption or upon declaration or
otherwise, then upon demand of the Trustee, the Company will pay to the Trustee,
for the benefit of the Holders of the Securities of such series, and the
Coupons, if any, appertaining to such Securities, the whole amount that then
shall have become due and payable on all such Securities of such series and such
Coupons, for principal (and premium, if any) or interest, if any, or Additional

Amounts, if any, as the case may be, with interest upon the overdue principal (and premium, if any) and (to the extent that payment of such interest is enforceable under applicable law) upon overdue installments of interest, if any, and Additional Amounts, if any, at the same rate as the rate of interest specified in the Securities of such series (or, with respect to Original Issue Discount Securities, at the rate specified in the terms of such Securities for interest on overdue principal thereof upon maturity, redemption or acceleration); and, in addition thereto, such further amounts as shall be payable pursuant to Section 7.06.

31

<PAGE>

        In case the Company shall fail forthwith to pay such amounts upon such demand, the Trustee, in its own name and as trustee of an express trust, shall be entitled and empowered to institute any action or proceedings at law or in equity for the collection of the sums so due and unpaid, and may prosecute any such action or proceedings to judgment or final decree, and may enforce any such judgment or final decree against the Company or other obligor upon such Securities and collect in the manner provided by law out of the property of the Company or other obligor upon such Securities wherever situated the moneys adjudged or decreed to be payable.

        In case there shall be pending proceedings for the bankruptcy or for the reorganization of the Company or any other obligor upon Securities of any series under Title 11 of the United States Code or any other applicable law, or in case a receiver or trustee shall have been appointed for the property of the Company or such other obligor, or in case of any other judicial proceedings relative to the Company or such other obligor, or to the creditors or property of the Company or such other obligor, the Trustee, irrespective of whether the principal of the Securities of such series shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Trustee shall have made any demand pursuant to the provisions of this Section, shall be entitled and empowered, by intervention in such proceedings or otherwise, to file and prove a claim or claims for the whole amount of principal (or, with respect to Original Issue Discount Securities, such portion of the principal amount as may be specified in the terms of that series), and premium, if any, interest, if any, and Additional Amounts, if any, owing and unpaid in respect of the Securities of such series, and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Trustee under Section 7.06 and of the Holders of the Securities and Coupons of such series allowed in any such judicial proceedings relative to the Company or other obligor upon the Securities of such series, or to the creditors or property of the Company or such other obligor, and to collect and receive any moneys or other property payable or deliverable on any such claims, and to distribute all amounts received with respect to the claims of the Securityholders of such series and of the Trustee on their behalf; and any receiver, assignee or trustee in bankruptcy or reorganization is hereby authorized by each of the Holders of the Securities and Coupons of such series to make payments to the Trustee and, in the event that the Trustee shall consent to the making of payments directly to the Securityholders of such series, to pay to the Trustee such amount as shall be sufficient to cover reasonable compensation to the Trustee, its agents, attorneys and counsel, and all other reasonable expenses and liabilities incurred, and all advances made, by the Trustee except as a result of its negligence or bad faith.

        Nothing herein contained shall be deemed to authorize the Trustee to authorize or consent to or accept or adopt on behalf of any Holder any plan of reorganization, arrangement, adjustment or composition affecting the Securities or the rights of any Holder thereof, or to authorize the Trustee to vote in

Confidential

respect of the claim of any Holder in any such proceeding.

All rights of action and of asserting claims under this Indenture, or under any of the Securities, may be enforced by the Trustee without the possession of any of the Securities or Coupons appertaining to such Securities, or the production thereof on any trial or other proceedings relative thereto, and any such action or proceedings instituted by the Trustee shall be brought in its own name and as trustee of an express trust, and any recovery of judgment shall be for the ratable benefit of the Holders of the Securities or Coupons appertaining thereto.

32

<PAGE>

In case of a default hereunder the Trustee may in its discretion proceed to protect and enforce the rights vested in it by this Indenture by such appropriate judicial proceedings as the Trustee shall deem most effectual to protect and enforce any of such rights, either at law or in equity or in bankruptcy or otherwise, whether for the specific enforcement of any covenant or agreement contained in this Indenture or in aid of the exercise of any power granted in this Indenture, or to enforce any other legal or equitable right vested in the Trustee by this Indenture or by law.

Section 6.03. Application of Moneys Collected by Trustee. Any moneys collected by the Trustee pursuant to Section 6.02 shall be applied in the order following, at the date or dates fixed by the Trustee and, in case of the distribution of such moneys on account of principal (or premium, if any) or interest, if any, upon presentation of the several Securities and Coupons in respect of which moneys have been collected, and stamping thereon the payment, if only partially paid, and upon surrender thereof, if fully paid:

FIRST: To the payment of the amounts payable to the Trustee pursuant to Section 7.06;

SECOND: In case the principal of the Securities in respect of which moneys have been collected shall not have become due, to the payment of interest, if any, and Additional Amounts, if any, on the Securities of such series in the order of the maturity of the installments of such interest, with interest (to the extent that such interest has been collected by the Trustee) upon the overdue installments of interest at the same rate as the rate of interest, if any, and Additional Amounts, if any, specified in the Securities of such series (or, with respect to Original Issue Discount Securities, at the rate specified in the terms of such Securities for interest on overdue principal thereof upon maturity, redemption or acceleration), such payments to be made ratably to the Persons entitled thereto, without discrimination or preference; and

THIRD: In case the principal of the Securities in respect of which moneys have been collected shall have become due, by declaration or otherwise, to the payment of the whole amount then owing and unpaid upon the Securities of such series for principal (and premium, if any), interest, if any, and Additional Amounts, if any, and (to the extent that such interest has been collected by the Trustee) upon overdue installments of interest, if any, and Additional Amounts, if any, at the same rate as the rate of interest specified in the Securities of such series (or, with respect to Original Issue Discount Securities, at the rate specified in the terms of such Securities for interest on overdue principal thereof upon maturity, redemption or acceleration); and in case such moneys shall be insufficient to pay in full the whole amount so due and unpaid upon the Securities of such series, then to the payment of such principal (and premium, if any), interest, if any, and Additional Amounts, if any, without preference or priority of principal (and premium, if any), over interest, if any, and

Confidential