**Hearing Date:  September 3, 2013 at 11:00 a.m. (Eastern Time)**

MILBANK, TWEED, HADLEY
& M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
Gerard Uzzi
Dennis C. O'Donnell
Atara Miller
Daniel M. Perry

    - and -

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
J. Christopher Shore
Harrison L. Denman

*Attorneys for Ad Hoc Group and UMB Bank, N.A.*

AKIN GUMP STRAUSS HAUER
& FELD LLP
One Bryant Park
Bank of America Tower
New York, New York
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Daniel H. Golden
David Zensky
Deborah J. Newman

*Attorneys for UMB Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) ) ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) ) | Case No. 12-12020 (MG) |
| Debtors. | ) ) | Jointly Administered |
| | ) | Re:  Docket Nos. 4765, 4852, 4880 |

**NOTICE OF FILING OF AD HOC GROUP OF JUNIOR SECURED**
**NOTEHOLDERS AND NOTES TRUSTEE OF PROPOSED ORDER**
**ESTABLISHING AND IMPLEMENTING PROCEDURES IN CONNECTION**
<u>**WITH DISCOVERY RELATED TO PLAN CONFIRMATION**</u>

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

**PLEASE TAKE NOTICE** that on August 20, 2013, Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned cases (each a "Debtor" and, collectively, the "Debtors") filed a motion (the "Motion"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to establish and implement procedures in connection with discovery related to plan confirmation (the "Debtors Proposed Order") [Docket No. 4765].

**PLEASE TAKE FURTHER NOTICE** that on August 27, 2013, the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group"),[1] and UMB Bank, N.A, as successor Indenture Trustee (the "Notes Trustee" and together with the Ad Hoc Group, the "JSN Parties"), submitted a joint limited objection (the "Limited Objection") [Docket No. 4852] to the Motion.

**PLEASE TAKE FURTHER NOTICE** that on August 29, 2013 the Debtors filed a reply to the Limited Objection [Docket No. 4880], including an amended proposed order establishing a discovery protocol in connection with discovery relating to plan confirmation (the "Debtors' Amended Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that the JSN Parties hereby submit, as Exhibit 1 hereto, a comparison of the Debtors' Amended Order and the form of Order proposed

---

[1]      The Ad Hoc Group is comprised of certain entities (the "Junior Secured Noteholders" or the "JSNs") that hold or manage holders of 9.625% Junior Secured Guaranteed Notes due 2015 issued under that certain Indenture dated as of June 6, 2008.  Following the Debtors' $800 million paydown and $300 million paydown, the outstanding amount of principal and pre-petition interest on the Junior Secured Noteholders' claim now equals $1.122 billion and the amount of post-petition interest accrued through August 27, 2013 equals approximately $297 million (collectively, the "JSN Claims").  The aggregate amount of outstanding continues to increase by virtue of the ongoing accrual of post-petition interest at the rate of approximately $153 million per year.

by the JSN Parties, which comparison reflects the issues that remain in dispute beween the

Debtors and the JSN Parties.

Dated:    New York, New York
          August 30, 2013

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

/S/ Gerard Uzzi
Gerard Uzzi
Daniel M. Perry
Atara Miller
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
guzzi@milbank.com
amiller@milbank.com
dperry@milbank.com
dodonnell@milbank.com

- and –

**WHITE & CASE LLP**
J.  Christopher Shore
Harrison L. Denman
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113
cshore@whitecase.com
harrison.denman@whitecase.com

*Attorneys for the Ad Hoc Group and UMB Bank, N.A.*

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Daniel H. Golden
David Zensky
Deborah J. Newman
One Bryant Park
Bank of America Tower
New York, New York 10036-6745
Telephone: (212) 872-1000
Facsimile: (212)872-1002
dgolden@akingump.com
dzensky@akingump.com
djnewman@akingump.com

*Attorneys for UMB Bank, N.A.*

Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ~~AMENDED~~ PROPOSED ORDER ESTABLISHING A DISCOVERY PROTOCOL IN CONNECTION WITH DISCOVERY RELATING TO PLAN CONFIRMATION

WHEREAS, Residential Capital, LLC and its affiliated Debtors (collectively, the "Debtors") filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 4153] (the "Plan"); and

WHEREAS, the Plan may present contested issues of fact and law (hereinafter, "Plan Issues"); and

WHEREAS, the Debtors have brought before this Court their Motion for Entry of an Order Establishing a Discovery Protocol in Connection with Discovery Related to Plan Confirmation; and

WHEREAS, the Debtors have provided extensive discovery to various parties-in-interest over the course of these Chapter 11 Cases, including the production of over 14 million pages of documents; and

~~WHERAS~~WHEREAS, the Court finds that it would be in the best interests of the Debtors and all interested parties that discovery in connection with Plan Issues arising out of objections to and/or the prosecution of the Plan be conducted in an efficient, expeditious, and orderly manner; it is hereby ORDERED:

1.    Scope of Order.    Except as otherwise ordered by the Court, this Order shall

control any and all discovery by any Debtor, the Official Committee of Unsecured Creditors (the "Committee"), the United States Trustee (the "UST"), and any creditor, ~~party in interest~~party-in-interest, or group of creditors or parties in interest in connection with Plan Issues arising in connection with the prosecution of or objections to the Plan (hereinafter, "Plan Discovery"). This Order, however, shall not affect the rights of the Debtor, the Committee, the UST, any creditor or party-in-interest, or group of creditors or ~~parties in interest~~parties in interest to such discovery in connection with any other contested matters or adversary proceedings (even if related to, or to be heard contemporaneously with, Plan confirmation).

a)      All Plan Discovery sought must be sought in connection with Plan Issues only, and no discovery, or any information contained therein, may be used in connection with any other matter or proceeding.

b)      This Order shall not apply to the Consolidated Adversary Proceedings styled *Residential Capital, LLC et al. v. UMB Bank, N.A. et al.*, Adv. Proceeding No 13-01343 (MG); and *Official Committee of Unsecured Creditors v. UMB Bank, N.A. et al.*, Adv. Proceeding No. 13-01277 (MG) (collectively, the "JSN Adversary Proceedings").

c)      A preliminary statement of issues identifying those "Phase II" issues identified in the Statement of Issues Ordered by this Court in the JSN Adversary Proceedings [Docket No. 84] that Debtors intend to have resolved in connection with confirmation is annexed hereto as Exhibit A.  No later than five (5) days after entry of the Order, Participants may serve upon Debtors any responses, objections, or proposed amendments to the Joint Notice.  Participants and the Debtors shall meet and confer to resolve any disputes regarding a final list of issues to be submitted jointly to the Court.  Any disputes regarding a joint issues

list that are not resolved during the foregoing meet and confer process may be brought to the Court's attention no later than September 13, 2013.

     2.      Participation in Plan Discovery.

     a)      Any creditor, ~~party-in-interest~~party-in- interest, or group of creditors or ~~parties-in-interest~~parties -in –interest seeking to participate in Plan Discovery (a "Proposed Participant") shall serve on the attorneys for the Debtors and the Committee a completed "Notice of Intent," the form of which is attached hereto as Exhibit ~~A~~B. Each Notice of Intent must contain: (i) the name and address of the creditor or party-in-interest (or in the case of a group, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such creditor(s), group(s) or party-in-interest; and (ii) a list of all proof(s) claim filed either individually or by the group. Any Notice of Intent must be filed no later than seven (7) days following the entry of this Order (the "Notice of Intent Deadline"), unless upon application to the Court good cause is shown that, notwithstanding reasonable best efforts to comply, additional time is needed to file a Notice of Intent. In the absence of an order of the Court sustaining an objection to a Notice of Intent, a Proposed Participant timely serving a Notice of Intent shall be deemed a "Participant." For purposes of Plan Discovery, "Participant" shall include the attorneys and any advisors for any Participant identified on a Participant's Notice of Intent, and the "Debtors" and the "Committee" shall include the attorneys and any advisors or other professionals for the Debtors and the Committee, respectively. The Debtors shall make available to counsel for all Participants copies of all Notices of Intent served upon them.

     b)      The Debtors, Creditors Committee, Ally Financial, Inc. and each of its non-debtor affiliates and subsidiaries ("AFI") ~~and~~, the UST, UMB Bank, N.A., and the Ad Hoc Group of Junior Secured Noteholders shall each be deemed a Participant in Plan Discovery

without the need to serve a Notice of Intent.

c)    Any creditor, party-in-interest, or group of creditors or parties-in-interest that has filed or hereinafter files an objection to the Plan (each a "Plan Objector") shall be entitled to serve a Notice of Intent on or prior to the later of the Notice of Intent Deadline and the date of filing of such an objection and, upon such filing of a Notice of Intent, and shall be deemed a Participant as to the earlier date of the filing of such objection or the serving of such Notice of Intent.

d)    The Debtors and the Committee shall have the right to object to a Notice of Intent on any and all grounds, including but not limited to those that are harassing, served by persons that are not parties-in-interest, do not comply with the terms of this Order, or do not demonstrate a legally cognizable interest in participating in Plan Discovery. After service by the Debtors or the Committee of an objection to a Notice of Intent, the Proposed Participant may make an application to the Court seeking to overrule the objection. Such application shall be made by letter brief not to exceed three pages single-spaced. Any responses to such an application shall be made by letter brief not to exceed three pages single-spaced and must be served and filed with the Court within three (3) business days of service of the application.  No hearing on such an application will be held unless requested by the Court.

e)    Within three (3) business days following the Notice of Intent Deadline, the Debtors shall file with the Court a list of all Participants and their attorneys (including e-mail addresses), which will be the official service list for Plan Discovery.  The Debtors shall amend the Official Service List as necessary and will file such amended service lists with the Court. Service in connection with Plan Discovery shall be by electronic mail.

f)    Except as provided in Paragraph 2(a) and (b), any creditor, party-in-

interest, or group of creditors or parties-in-interest that does not timely serve a Notice of Intent, or that serves a Notice of Intent to which the Debtors or the Committee successfully object, shall not be permitted to participate in Plan Discovery absent leave of the Court. All Participants, including those who become Participants after the Notice of Intent Deadline has passed, must comply with all discovery deadlines set forth in this Order and shall not be allowed to reopen any discovery deadlines that have already passed, without leave of the Court.

        g)    All Plan Discovery shall be subject to and shall be conducted in accordance with the terms of the Protective Order, attached hereto as Exhibit BC, and approved by the Court in its entirety. In order to be eligible to participate in Plan Discovery, each Participant and each Participant's attorneys and advisors must read and agree to be bound by and abide by the Protective Order. Each Participant and a representative of each Participant's attorneys and advisors must sign the Agreement to Abide by the Protective order, attached hereto as Exhibit CD, and serve such a copy upon the attorneys for the Debtors. Such representative must provide the Protective Order to any person that it employs or engages who is given access to Plan Discovery. Any Participant (or the attorneys or advisors for any Participant that are involved in the Chapter 11 Cases) that does not sign the Agreement to Abide by the Protective Order shall not be permitted to engage in Plan Discovery.

        3.    <u>Document Discovery from the Debtors</u>.

        a)    Document discovery shall be allowed of the Debtors through Participant access to a document repository (the "Repository"). The Repository shall house the following document productions that have been made over the course of these Chapter 11 Cases;

| Bates Prefix | Production |
|---|---|
| EXAM0 | Non-custodial production to Examiner |
| EXAM1 | Production to Examiner (primarily custodial emails) |
| EXAM2 | Supplemental production to Examiner (documents removed from privilege logs) |
| EXAM3 | Production to Examiner (discovery Phase 3 custodians) |
| EXAM4 | Production to Examiner (custodial supplemental paper files) |
| RC0 | Production to Committee (productions later made to Examiner repository, to which the Committee had access) |
| RC4 | Production to Committee (productions later made to Examiner repository, to which the Committee had access) |
| RC-9019 | Production in connection with RMBS 9019 motion |
| RCES | Production in connection with motion to extend stay |
| RC-FGIC | Production in connection with FGIC 9019 motion |
| RCUW | Production of underwriting guidelines |
| RESCAP-RMBS- | Independent director production |
| RC1 | Custodian data previously produced in *New Jersey Carpenters Health Fund*, et. al. v. *Residential Capital*, *LLC*, et. al. |
| RC-144A | Private placement loan files |
| RC2 | Reproduction of *MBIA v. RFC* litigation production |
| RC3 | Reproduction of Allstate litigation production |
| RCCCCM | Production in connection with the cash collateral motion |
| RC-LOAN0 | Loan file productions to Trustee and Committee in RMBS 9019 motion |
| RC-LOAN1 | Loan file productions to Trustee and Committee in RMBS 9019 motion |
| RCS | Production in connection with Sale Discovery motion |
| RCUSB | Production in response to US Bank subpoena |
| RSSUN | Production to SUNs |

b)      The Debtors shall populate the Repository with these productions within ten (10) days of the date of entry of this Order, or at an earlier date if available. When populated, the Repository shall contain documents and data from the custodians listed in Exhibit ~~D~~E attached hereto.  The search terms used by the Debtors for its productions to the

Examiner and for its production in the JSN Adversary Proceedings are set forth in Exhibit ~~E~~F attached hereto.

c)    The Debtors shall also add to the Repository all documents produced by the Debtors in the JSN Adversary Proceeding, with the exception of those produced from custodian FTI Consulting, Inc. produced with a "Professional Eyes Only" designation.

d)    The Debtors will include in the Repository all formal and informal document ~~demands and~~requests, responses and ~~objectors~~objections thereto ~~that were served in these proceedings in connection with~~, and correspondence regarding the scope of discovery provided in response to such requests, that relate to the production of documents that are being placed in the Repository.

e)    The Debtors will include in the Repository copies of all available privilege logs produced in connection with the productions of documents included in the Repository.

f)    The Debtors shall, in good faith, meet and confer with any Participant seeking to identify a specific document or category of documents within the Repository that Participant and/or Debtors believe was previously produced.

g)    ~~f)~~ The Repository shall be housed in a Relativity review database and shall be maintained in a searchable form. The database review tool shall also provide basic functions and features such as tagging, printing, and downloading. The Debtors shall be responsible for the costs of housing the Repository. Each Participant shall be responsible for the cost of its respective seat license(s) and downloading from the Repository.

h)    ~~g) Document production requests to the Debtors~~ pursuant to Rule ~~7034~~ of the Federal Rules of Bankruptcy Procedure ~~shall not be allowed without good~~

cause shown by any Plan Participant seeking document discovery from the Debtors in addition to those documents housed in the Repository.  Such showing of good cause must include:  (a) a description of the custodian(s) for whom the requesting Participant seeks additional document discovery; (b) the specific date ranges for such additional document discovery; (c) a list of reasonably crafted and specific search terms that Within five (5) days of Debtors providing access to the Repository, a Participant may serve on the Debtors requests for the production of documents that it has a reasonable basis to believe are not duplicative of the search terms set forth in Exhibit E for such additional document discovery; and (d) a detailed explanation why the documents and data housed already available in the Repository do not constitute adequate document and that are likely to lead to the discovery of the Debtors for purposes of Plan confirmation admissible evidence. The Debtors and the Participant requesting additional document discovery from the Debtors shall meet and confer in good faith to resolve any disputes regarding the necessity for, and scope of, additional document discovery from the Debtors. To the extent any disputes regarding any additional document discovery from Debtors cannot be resolved in the meet and confer process, the Participant may make an application matter shall be submitted to the Court seeking such additional document discovery. Such application must be made by September 23, 2013, and shall be made by letter brief not to exceed three pages single-spaced.  Any objections to an application for additional document discovery from the Debtors shall be made by letter brief not to exceed three pages single-spaced and must be served and filed with the Court within three (3) business days of service of the application.  No hearing on any application for additional document discovery from the Debtors will be held unless requested by the Court. for resolution by the simultaneous submission of letter briefs within five days of Participant and Debtors agreeing that they are at

an impasse, and in no event later than September 20, 2013.

    i)  The Debtors shall begin searching for documents responsive to such non-duplicative document requests as expeditiously as reasonably practicable after being served with the requests, and shall begin producing documents as soon as reasonably practicable after being served with the requests, resolving any disputes regarding the discovery, or after being order by the Court to produce the requested materials.  Such production shall be on a rolling basis and uploaded to the Repository.  Debtors must certify substantial completion of such production on or before October 4, 2013 and shall certify completion of such production on or before October 11, 2013.

    4.  <u>Document Discovery From Participants Other Than the Committee and the U.S. Trustee</u>.

    a)  Within seven (7) days of the submission of a Participant's Initial Witness List (defined below), the Debtors or the Committee may serve on such Participant a document production request pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure.

    5.  <u>Document Discovery from Non-Participants</u>.

    a)  Participants that seek to obtain documents from  Non-Participants pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014 and 9016, shall do so in a timely manner.  In order to avoid the service upon  Non-Participants of multiple and/or duplicative document requests and/or subpoenas (a "Non-Participant Request") and the attendant burdens of Non-Participants in responding to them, any Participant wishing to serve a Non-Participant Request shall make available to Participants within seven (7) days of the entry of this Order a preliminary suggested Non-Participant Request directed to each  Non-Participant from which such Participant intends to seek

document discovery, and a preliminary suggested list of proposed search terms and strings that, in the reasonable ~~examination~~estimation of the Participant, is reasonably calculated to lead to the discovery of admissible evidence without being overly broad or unduly burdensome to the Non-Participant.   Within ~~seven~~five (~~7~~5) days after a Participant serves a preliminary suggested ~~Non-Participant~~Non- Participant Request, all Participants seeking discovery from the Non-Participant shall reasonably and in good faith meet and confer to discuss whether to amend the preliminary Non-Participant Request.   Nothing in this Paragraph, however, is intended to or shall limit any Participant's right to request, after good faith review of the Non-Participant Requests, ~~non-duplicative~~non- duplicative documents relating to Plan issues from any Non-Participant.   Any such ~~non-duplicative~~non- duplicative document production request to a Non-Participant must be served before September ~~30~~23, 2013.  A copy of this Order and the Protective Order shall be provided to  Non-Participants as part of any Non-Participant Request.

   b)    No later than ~~fourteen~~seven (~~14~~7) days following service of any Non-Participant Request, the Non-Participant shall serve written responses and objections to the ~~Non-Participant~~Non- Participant Request.  In addition, the Non-Participant shall review the Non-Participant Request, along with the proposed search terms and strings, and will in good faith generate a responsive list of search terms and strings that are reasonably calculated to lead to the discovery of admissible evidence.  The Non-Participant shall make the search terms and strings, along with a statement of the reason(s) for rejecting any proposed search terms and strings, available to Participants contemporaneously with its response and objections.

   c)    If necessary, Non-Participants that have been served with a Non-Participant Request shall meet and confer with applicable Participants regarding any disputes

concerning a Non-Participant Request and responses thereto within three (3) business days following the service of responses and objections.  To the extent any disputes regarding a Non-Participant Request cannot be resolved through the meet and confer process, the dispute shall be submitted to the Court for resolution by the simultaneous submission of letter briefs not to exceed ~~three~~five (~~3~~5) single-spaced pages.  ~~No hearing on any dispute regarding a Non-Participant Request shall be held unless requested by the Court.~~

   d) Non-Participants shall begin searching for and producing documents as expeditiously as reasonably practicable after being served a Non-Participant Request. Such production shall be on a rolling basis and produced in electronic form. The Non-Participants making such production shall provide a copy of all documents produced pursuant to a ~~Non-Participant~~Non- Participant Request to the Debtors for uploading to the Repository. The Non-Participants making such production must certify substantial completion on or before October 11, 2013, and must certify completion of such production on or before October 18, 2013.

   6. <u>Document Discovery from Ally Financial, Inc. and/or the Committee</u>.

   a) Participants that seek to obtain documents from AFI pursuant to Rule 45 of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rules 9014 and 9016, or from the Committee, shall do so in a timely manner. In order to avoid the service upon AFI and/or the Committee of multiple and/or duplicative document requests and/or subpoenas (an "AFI or Committee Request") and the attendant burdens of AFI and/or the Committee in responding to them, any Participant wishing to serve an AFI or Committee Request shall make available to Participants within seven (7) days of the entry of this order a preliminary suggested AFI or Committee Request directed to AFI and/or the Committee, and a preliminary suggested list of proposed search terms and strings that, in the reasonable ~~examination~~estimation of the

Participant, is reasonably calculated to lead to the discovery of admissible evidence without being overly broad or unduly burdensome to AFI and/or the Committee. Within ~~seven~~three (~~7~~3) days after a Participant serves a preliminary suggested AFI or Committee Request, all Participants seeking discovery from AFI and/or the Committee shall reasonably and in good faith meet and confer to discuss whether to amend the preliminary AFI or Committee Request. Nothing in this Paragraph, however, is intended to or shall limit any Participant's right to request, after good faith review of the AFI or Committee Request, non-duplicative documents relating to Plan issues from AFI and/or the Committee. Any such non-duplicative document production request to ~~a~~ AFI or the Committee must be served before September ~~30~~23, 2013. The Debtors shall serve upon AFI a copy of this Order and the Protective Order upon its entry by the Court.

b)      No later than ~~fourteen~~seven (~~14~~7) days following service of an AFI or Committee Request, AFI and/or the Committee shall serve written responses and objections to the AFI or Committee Request. In addition, AFI and/or the Committee shall review the AFI or Committee Request, along with the proposed search terms and strings, and will in good faith generate a responsive list of search terms and strings that are reasonably calculated to lead to the discovery of admissible evidence. AFI and/or the Committee shall make the search terms and strings, along with a statement of the reason(s) for rejecting any proposed search terms and strings, available to Participants contemporaneously with its response and objections.

c)      If necessary, AFI and/or the Committee shall meet and confer with applicable Participants regarding any disputes concerning an AFI or Committee Request and responses thereto within three (3) business days following the service of responses and objections. To the extent any disputes regarding an AFI or Committee Request cannot be

resolved through the meet and confer process, the dispute shall be submitted to the Court for resolution by the simultaneous submission of letter briefs not to exceed ~~three~~five (~~3~~5) single-spaced pages. ~~No hearing on any dispute regarding an AFI or Committee Request shall be held unless requested by the Court.~~

d)      AFI and/or the Committee shall begin searching for and producing documents as expeditiously as reasonably practicable after being served an AFI or Committee Request.  Such production shall be on a rolling basis and produced in electronic form. AFI and/or the Committee shall provide a copy of all documents produced pursuant to an AFI or Committee Request to the Debtors for uploading to the Repository. AFI and/or the Committee must certify substantial completion on or before October 11, 2013, and must certify completion of such production on or before October 18, 2013.

7.      Privilege Logs.      All Participants and Non-Participants shall prepare and produce privilege logs respecting any documents withheld from a production made in accordance with this Order within seven (7) days of certifying substantial completion of production, and in no event later than October 18, 2013. The parties shall meet and confer respecting the extent to which category privilege logs and/or document by document privilege logs shall be utilized (and the timing, form, content, terms and conditions thereto), and any Party may seek relief from the Court in the event agreement cannot be reached. In the event that the Parties agree to a category log with respect to a certain group of documents, and a Party subsequently determines that the category log for those documents is insufficient, the Parties shall meet and confer respecting the request for additional information with respect to those documents.  In the event that a consensual resolution cannot be reached, the Participant or Non-Participant seeking additional information may seek relief from the Court. To the

extent that a Participant or Non-Participant needs more time to complete its privilege log it may apply to the Court for such relief or so stipulate with the Participant that served the request.  The Privilege Log shall be posted in the Repository.  In the event that a Participant objects to the designation of a document as "privileged," such objection shall be submitted to the Court for resolution by simultaneous letter brief.

8.    7. Depositions of Debtor Witnesses.

a)    Within seven (7) days of the Notice of Intent Deadline, the Debtors shall serve upon the Participants a list of those witnesses the Debtors intend to call as a fact witness at the Plan confirmation hearing (the "Debtors' Initial Witness List"), along with a proposed schedule for the depositions of those witnesses. Within three (3) days of receiving an Initial Witness List from a Participant, the Debtors may serve a revised list that adds additional fact witnesses to their Initial Witness List. The Debtors and Participants shall meet and confer in good faith to resolve any scheduling issues with regard to the depositions of the Debtors' witnesses.

b)    Should a Participant or Participants seek to depose any Debtor witnesses in addition to those witnesses appearing on the Debtors' Initial Witness List, the Participant(s) shall meet and confer with the Debtors in an effort to reach agreement on the identity of additional Debtor deponents, if any.  To the extent that agreement cannot be reached regarding the identity of additional Debtor deponents, a Participant seeking to depose any Debtor witness(es) not listed on the Debtors' Initial Witness List may make an application to the Court seeking leave to depose additional Debtor witnesses.  Such application shall be before September 30, 2013, and shall be made by letter brief not exceeding three (3) single-spaced pages. Any opposition to such an application shall be made the matter shall be submitted to the

Court for resolution by simultaneous letter brief within three (3) business days following the service of the application, and such opposition shall be made by letter brief not exceeding three (3) single-spaced pages. No hearing on any dispute regarding leave to depose additional Debtor witnesses shall be held unless requested by the Court., and in no event, however, shall the later than October 19, 2013. Debtors shall have anyan obligation to make available for deposition more than the 10 witnesses prescribed by, in accordance with the Federal Rules of Bankruptcy Procedure, including witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Bankruptcy procedure., unless additional witness depositions are ordered by the Court. These 10 witnesses shall be in addition to depositions of witnesses identified by Debtors as anticipated hearing witnesses.

c)    Depositions shall be conducted in accordance with the Federal Rules of Civil Procedure. Examination of the witness shall be limited to seven (7) hours, including any depositions taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. All depositions of Debtor witnesses shall be conducted in New York City, New York.

9.    8. Participant Initial Witness List.

a)    Within seventen (710) days of the Notice of Intent Deadline, a Participant other thanservice of the Debtors or the Committee shall serve upon the Debtors its initial list of witnesses (the "' Initial Witness List") that such, each Participant shall serve upon Debtors and the Participants, a list of those witnesses Participant intends to call as a fact witness at the Plan confirmation hearing. Within three (3) days of receiving (an "Initial Witness List from the Debtors, a Participant may serve a revised list that adds additional fact witnesses to its Initial Witness List"). A Participant serving an Initial Witness List shall meet and confer with the Debtors to establish a schedule for the depositions of any witnesses appearing on an Initial Witness List.

b)        Depositions of witnesses on an Initial Witness List shall be conducted in accordance with the Federal Rules of Civil Procedure. Depositions of such witnesses shall be limited to seven (7) hours, including any depositions taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

10.       9. Expert DiscoveryFinal Witness Lists.

a)        On or before November 1, 2013, Debtors and each Participant intending to call fact witnesses at the Plan confirmation hearing shall serve upon the Participants and Debtors a final list of those witnesses each intends to call as a witness at the Plan confirmation hearing (the "Final Witness List").

b)        If a witness not previously identified as a hearing witness and/or deposed in this matter is included on a Final Witness List, such witness shall be made available for deposition no later than November 8, 2013.  Debtors and Participants shall meet and confer regarding the scheduling of any such depositions.  Debtors shall be obligated to make available for deposition ten (10) witnesses in accordance with the Federal Rules of Bankruptcy Procedure, including witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Bankruptcy Procedure, unless the Court orders that additional witnesses be made available.

11.       Expert Discovery.

a)        The Debtors, the Committee, and all Participants intending to rely upon the testimony of an expert witness at the Plan confirmation hearing, shall identify all such proposed testifying experts and serve all disclosures required by Federal Rule of Civil Procedure 26(a)(2), including expert reports, by October 18, 2013.

b)        Rebuttal Reports.   The Debtors and the Committee, and any Plan Participant may serve and file rebuttal expert reports above within tenfourteen (1014) days of the deadline for service of initial expert reports.

c)    <u>Expert Depositions</u>.  All expert depositions shall be completed no less than ten (10) days after service of rebuttal expert reports.  Only Participants may attend and participate in the depositions of experts.  Expert depositions shall be conducted pursuant to the Federal Rules of Civil Procedure and shall be limited to seven hours in length.  Participants shall reasonably and in good faith confer in advance of each expert deposition concerning the order of examination of the deponent and allocations of time for questioning the deponent.  All expert depositions shall be conducted in New York City, New York.

~~10.~~ 12. <u>Interrogatories and Requests for Admission</u>.  Without leave of this Court upon a specific showing of good cause, interrogatories pursuant to Federal Rule of Civil Procedure 33, and Requests for Admissions pursuant to Federal Rules of Civil Procedure 32, shall not be allowed during Plan Discovery.

~~11.~~ 13. <u>Non-Waiver of Privilege</u>.  The inadvertent production by any Participant or Non-Participant of any privileged document or information, or any other document or information otherwise precluded or protected from disclosure, in response to any discovery requests shall not be deemed a waiver of any applicable privilege or immunity with respect to such document or information (or the contents or subject matter thereof) or with respect to any other document or discovery.  Any such produced privileged or protected document must immediately be destroyed or returned (whether or not the receiving Participant disputes the claim of privilege or protection) to the producing Participant or Non-Participant or its attorneys on request or upon discovery of such inadvertent production by the receiving Participant, and the receiving Participant(s) shall certify that all copies of such produced or privileged document have been destroyed or returned.

~~12.~~ 14. <u>Use of Materials Produced~~.~~</u>.  Participants and  Non-Participants shall have the right to object to any request for documents or information on the ground that such request appears to be calculated to lead to discovery for use in matters or proceedings other than those related to Plan

Issues. In addition, absent further order of the Court, no discovery or information obtained pursuant to this Order may be introduced in evidence or otherwise disclosed in any other matter or proceeding unless properly obtained through discovery or otherwise in such other matter or proceeding.

13. 15. General Dispute Resolution:.  To the extent any dispute arises under this Order, including but not limited to any relief regarding the provisions or deadlines set forth in this Order, the parties to such dispute shall meet and confer in a good faith attempt to resolve such dispute. To the extent that agreement cannot be reached regarding the dispute, the Debtor, the Committee, or a Participant may make an application to the Court seeking a resolution of the dispute. Such application shall be made by letter brief not exceeding three five (35) single-spaced pages. Any opposition to such an application shall be made within three (3) business days following the service of the application, and such opposition shall be made by letter brief not exceeding three (3) single-spaced pages. No hearing on any dispute regarding leave to depose additional Debtor witnesses shall be held unless requested by the Court.

14. 16. Jurisdiction.  The court shall retain jurisdiction over any matters that relates relating to or arising from the implementation of this Order.

Dated: September————____, 2013
  New York, New York

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE