UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK



Chapter 11
Case No. 12-12012 (MG)
Jointly Administered

In: re:

Residential Capital, LLC, et al;
Debtors

---

Erlinda Abibas Aniel
    Plaintiff/Creditor, Pro se

vs.

GMAC Mortgage, LLC; Executive Trustee Services, LLC et al;
    Debtors/Defendants

---

## PLAINTIFF/CREDITOR'S REPLY TO DEBTOR'S RESPONSE TO CONTEST OF TRANSFER OF PLAINTIFF'S MORTGAGE TO OCWEN LOAN SERVICING [DOCKET NO. 3869]

Plaintiff/Creditor, Erlinda Abibas Aniel, hereby replies to Residential Capital, LLC and its affiliated debtors and debtors in possession in the above- captioned Chapter 11 cases (collectively, the "Debtors") Response to Debtor's Contest of the Transfer of Plaintiff's Mortgage to Ocwen Loan Servicing. Debtor is of the belief that Plaintiff is seeking to void or contest the transfer of servicing rights from GMAC to Ocwen. However, this is not the Plaintiff's position. Plaintiff seeks to clarify whether GMAC transferred the servicing rights for HSBC Bank USA, National Association ("HSBC") as Trustee for DALT 2007-OA5 to Ocwen.

1

**A. Clarification of the Record**

Debtors made statements with attached exhibits that Plaintiff would like to clarify and/or correct the record. Debtor claimed that the Note was endorsed in blank to HSBC from the originator MortgageIT. See Debtor's Response ¶ 8. However, in Debtor's Exhibit 1, the attached Promissory Note did not include an endorsement in blank. Plaintiff continues to receive different versions of her promissory note throughout her litigations in various courts. Debtors alleged that they are the Beneficiary of Plaintiff's deed of trust and owns the note by recordation of the assignment of deed on February of 2011, which HSBC Bank USA, National Association (HSBC") as Trustee for DALT 2007-OA5 purported to grant the beneficial interest together with the note to the Debtor. However, Debtors have no evidence to prove that the transferred occur between HSBC and GMAC on February of 2011. For example, the assignment of deed on September 2009 from Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for MortgageIT, to HSBC is void. Even if we assume that the assignment of deed from MERS, as an agent for MortgageIt, is legitimate, it was not effective because of a defective notarization of the document. The assignment of deed was notarized in the State of Pennsylvania, County of Montgomery, by Zahirah Y. Sweet, who was also an employee of GMAC Mortgage, LLC. Janine Yamoah purported to execute an assignment of the deed from MERS, as nominee for MortgageIT, to HSBC on August 24, 2009, as an assistant secretary of MERS in the State of Pennsylvania, County of Montgomery, and she was also an employee of GMAC Mortgage, LLC in Pennsylvania at the time of the execution of the document. The notary public, Zahirah Y. Sweet,

certified under penalty of perjury and under the laws of the State of California that the statements made in the document was true and correct. See Debtor's Exhibit 3. The notary public was not allowed to declare under penalty of perjury in the State of California when the acknowledgment took place in Pennsylvania. See also Debtor's Exhibit 4. Therefore, since the first assignment of deed in 2009 was defective, the Assignment is VOID for that reason alone. The second assignment of deed in 2011, from HSBC to GMAC is also VOID because no transfer occurred and nothing was assigned because the first assignment of deed is null and void. Mrs. Aniel reserves the right to disputes the Debtor's exhibits 1 to 6.

Debtor stated that Mrs. Aniel's appeal of the Order Denying Motion to Vacate Order on July 13, 2012 was, as of the date hereof, still pending before the United States District Court, Northern District of California, San Francisco Division, Case No. C-12-03794 (JSW). However, the United States District Court denied Mrs. Aniel's appeal on February 22, 2013. Plaintiff filed a notice of appeal to United States Court of Appeals for the Ninth Circuit on March 22, 2013. That appeal is currently pending, Case No. 13-15528.

Finally, Debtor made a claim that the discussion between an attorney from Silverman Acampora LLP, in its capacity as special counsel to the Official Committee for Unsecured Creditors for borrower matters and Mrs. Aniel was not productive, and no resolution was reached. However, Plaintiff was of the belief that a resolution could be reached after attorney, Brian Powers, from Silverman Acampora LLP promised to call back to continue discussions about a possible resolution. There was no good faith effort from Silverman Acampora LLP, to settle the matter without the

bankruptcy court's involvement. Mrs. Aniel spoke to Brian Powers after he initiated the call, on or around June of 2013. Mrs. Aniel told Brian that GMAC cannot settle because GMAC alleged that the servicing of Mrs. Aniel's charged off loan was transferred to Ocwen, and that she was contesting the transfer because the Asset Purchase Agreement did not identify HSBC as Trustee for DALT 2007-OA5 as an eligible Trust, of which the servicing rights to that trust was sold to Ocwen. Mr. Powers commented to Mrs. Aniel that there is nothing he could do but he promised he would call back Mrs. Aniel to find out more about her concerns, but there was never a call back from Silverman Acampora LLP.

**B. Debtor has not proven that GMAC sold the Plaintiff's servicing rights to Ocwen.**

Plaintiff seeks clarification as to whether Ocwen purchased the servicing rights to her loan from GMAC. HSBC purports to hold interest in the Promissory Note and GMAC purports to be the holder of the deed of trust. While Plaintiff objects to these statements as being true, Plaintiff does not know whether Ocwen is the servicer of her loan. This was the basis for her contesting the transfer of servicing rights to Ocwen. Although Debtor argues that Plaintiff lacks standing to object to the transfer because the transfer had already taken place, the fact of the matter is that Plaintiff only seeks to clarify whether the servicing rights to her loan was part of that transfer.

The basis for this contention is when Plaintiff read the Asset Purchase Agreement, under Schedule T "Eligible trusts", the DALT-2007-OA5 trust was not included as an eligible trust. See Exhibit 1, Attached Schedule T of Asset Purchase

Agreement. Therefore, the only conclusion Plaintiff can make is that DALT-2007-OA5 is not an eligible trust and that Ocwen is not the valid servicer of Mrs. Aniel's loan. Debtor in its response to the Plaintiff did not provide any evidence to rebut Plaintiff's presumption about the status of her loan. Instead, Debtor seeks to place Plaintiff in a bad light by falsely accusing the Plaintiff for delay tactics in the attempted foreclosure of her home. Whether Plaintiff's loan is part of the asset purchase agreement schedules is important because GMAC is claiming to be the beneficial holder of the Deed of Trust and the creditor of the loan. Because the sale took place in this Court, the Court does have jurisdiction to determine the Creditor's rights. Debtor claims that only the servicing rights was transferred to Ocwen, but they make no claim with evidence that Ocwen also purchased beneficial interest in the Deed of Trust from GMAC and whether Plaintiff's loan was part of that sale. Ocwen is also listed as the client in special counsel Severson and Werson's request for compensation from GMAC.

**C. Conclusion**

Plaintiff is not objecting or contesting to the transfer of the servicing rights from GMAC to Ocwen. Plaintiff is contesting Debtor's claim that her loan was part of the Assets that Ocwen acquired through its purchase. Plaintiff makes this accusation based on the attached document where her purported noteholder, HSBC, was not included as an eligible trust the Asset Purchase Agreement schedule "T", "Deemed Eligible Trusts". Therefore, Plaintiff requests that the Court determine whether Plaintiff's loan was part of the platform assets that Ocwen purchased from

GMAC. The remaining issues regarding Plaintiff's claim are not related to the purpose of Plaintiff's contest of GMAC's transfer of servicing rights to Ocwen.

Respectfully submitted.

Erlinda Abibas Aniel
Creditor/Plaintiff
75 Tobin Clark Dr.
Hillsborough, CA 94010

## Service List

### United States Trustee
Office of the U.S. Trustee for the Southern District of New York
Attn: Tracy Hope Davis, Linda A Rifkin and Brian S. Masumoto
33 Whitehall Street, 21st Floor
New York, NY 10004

### Office of the United States Trustee
Attn: Eric J. Small, Esq.
355 Main Street—First Floor
Poughkeepsie, NY 12601

### Counsel for Debtors
Morrison & Foerster LLP
Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY 10104

### Counsel for Creditor's Committee
Kramer Levin Naftalis & Frankel LLP
Attn: Kenneth H. Eckstein and Douglas H. Mannal
1177 Avenue of the Americas
New York, NY 10005

### Silverman Acampora, LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753