**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER GRANTING MOTION TO IMPLEMENT DISCOVERY PROTOCOL**
**RELATED TO PLAN CONFIRMATION**

Pending before the Court is the Debtors' motion to establish a discovery protocol (the "Discovery Protocol") related to the contested plan confirmation process. ("Motion," ECF Doc. # 4765). The Motion proposes procedures designed to create an organized and efficient process for parties to seek targeted discovery, which would be in addition to the large quantity of discovery already provided by the Debtors in this case. One limited objection to the Motion was filed by the Ad Hoc Group of Junior Secured Noteholders ("JSNs") and the Notes Trustee ("JSN Objection," ECF Doc. # 4852), objecting to the procedures as they relate to the JSNs. The Debtors filed a reply to the JSN Objection. ("Debtor's Reply," ECF Doc. # 4880.) The JSNs and the Debtors submitted additional proposed modifications to the Discovery Protocol after the deadline for pleadings related to the Motion. For the following reasons, the Court overrules the JSN Objection and grants the Motion. A separate order will be entered providing the terms of the Discovery Protocol based on the amended form of order, subject to further consultation between the Debtors and JSNs regarding provisions in the Protocol relating to privilege logs. In the event the parties cannot resolve the remaining issue, the Court will do so.

On July 3, 2013, the Debtors, as co-proponents with the Creditors' Committee, filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official*

*Committee of Unsecured Creditors* (the "Plan," ECF Doc. # 4153) and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Disclosure Statement," ECF Doc. # 4157). On August 20, 2013, a Revised Disclosure Statement and Plan was filed (*see* ECF Doc. # 4770). On August 23, 2013, the Court entered an order approving the Revised Disclosure Statement.

The following are the highlights of the proposed Plan Confirmation Discovery Protocol:

- Primary reliance for document discovery upon a searchable document repository (the "Repository") established by the Debtors containing the over 14 million pages of documents already produced by the Debtors in these Chapter 11 Cases;

- Access to the Repository by those parties in interest that elect to become a Participant in Plan Confirmation Discovery and agree to be bound by an appropriate Confidentiality Order (submitted in connection with the Motion);

- For **good cause shown**, the ability of a Participant to seek additional, limited, and targeted document discovery from the Debtors;

- A coordinated procedure for discovery from the Creditors' Committee, and the Debtors' indirect parent, Ally Financial Inc. ("AFI" and together with its non-debtor subsidiaries and affiliates, "Ally") to prevent duplication and undue burden on those parties in responding to discovery requests in connection with Plan Confirmation Discovery;

- Procedures for the depositions of Debtor witnesses;

- A protective order designed to maintain any necessary confidentiality for the materials produced during Plan Confirmation Discovery; and

- Restrictions on interrogatories and requests for admissions during Plan Confirmation Discovery.

The Debtors argue there is good cause to approve the protocol, and that doing so will help minimize additional discovery expenses. *The Debtors have already produced over 14 million pages of documents in connection with adversary proceedings and the thorough Examiner investigation.* Those documents are available for discovery in connection with

2

preparation for a contested confirmation hearing. Similar discovery protocols were approved by judges on this Court in *In re Enron Corp.* and *In re Lehman Brothers Holding, Inc. See, e.g.*, *In re Lehman Bros. Holdings Inc., et al.*, Ch. 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Apr. 14, 2011), *Order Establishing Schedule and Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues*, (ECF Doc. # 16003); *In re Enron Corp. et al.*, Ch. 11 Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 13, 2004), *Order Establishing, Among Other Things, Procedures and Deadlines Concerning Objections to Confirmation and Discovery in Connection Therewith* (ECF Doc. # 16233). The Court finds and concludes that further extensive document discovery is unnecessary, unduly burdensome and expensive absent a showing of good cause by the parties seeking the discovery.

The JSNs object on the basis that the Discovery Protocol unnecessarily prejudices the rights of the JSNs to seek discovery in their adversary proceeding relating to post-petition interest. The Court will not recount here the ongoing disputes between the JSNs, on the one hand, and the co-proponents of the proposed chapter 11 plan (the Debtors and the Creditors' Committee), on the other hand. A Phase I trial of many issues between them is scheduled to begin on October 15, 2013, despite the JSNs efforts to delay that trial. A Phase II trial will be conducted, if necessary, as part of the plan confirmation hearing. Since the JSNs appear at this time to be the major objectors to plan confirmation, largely based on the issues that will be tried as part of the Phase I trial and the Phase II trial during the confirmation hearing, discovery for both the adversary proceeding and confirmation substantially overlap.

Suffice it to say, based on the conduct of the JSNs in this case, the Court concludes that the JSNs have been engaged in a scorched-earth effort to delay and derail confirmation of the Plan in this case at all costs. While there are *some* serious legal and factual issues that separate

the parties, the Court believes that the 14 million-plus pages of documents produced so far in this case in electronically-searchable form provide the JSNs (and any other parties) with the documents they are entitled to receive in discovery *unless the JSNs (or other parties) can establish good cause for further targeted discovery*.

The JSNs argue they should not have the burden of establishing good cause for further document discovery. They argue that the protocols in *Enron* and *Lehman* did not impose such a requirement. Perhaps so, but the record in this case regarding the volume of documents already produced and made available to the JSNs, *and* the JSNs conduct in this case to date, justifies imposing the good cause requirement here.[1] Virtually all of the issues raised by the JSNs have been the subjects of the extensive investigations by the Examiner and the Creditors' Committee. The Examiner's investigation resulted in the production by the Debtors of more than nine million pages of documents that are already available to the JSNs. The Debtors have produced millions of additional pages of documents—much of it resulting from blunder-buss discovery already undertaken by the JSNs. The proposed protocol certainly leaves open the possibility for additional targeted discovery upon a showing of good cause.

The JSNs also object that the proposed protocol requires the JSNs prematurely to identify witnesses who will testify at the confirmation hearing. But the confirmation issues already raised by the JSNs have been extensively vetted *by the JSNs* at numerous Court hearings and in discovery undertaken to date (in connection with the Examiner's investigation, the first proposed RMBS settlement, and the FGIC settlement discovery and trial) or being scheduled now in connection with the forthcoming Phase I trial. The Discovery Protocol provides that within 10

---

[1] The Debtors have agreed that the "good cause" requirement will not apply to the discovery requests previously propounded by the JSNs in the pending adversary proceeding relating to Phase II issues. The parties will meet and confer in an effort to resolve remaining discovery disputes arising from those requests. The "good cause" requirement applies to any new discovery requests.

4

days after entry of the order, the Debtors will populate a document repository with the 14 million-plus pages of documents produced in these cases so far (most of which have already been made available to the JSNs quite some time ago). The JSNs complain that they are required, within 14 days after the entry of the Discovery Protocol to identify the witnesses they intend to call.

The Debtors' Reply argues that the Discovery Protocol is reasonable, noting that out of all the creditors in this case, the JSNs are the only party to object. The Debtors argue that the "good cause" standard for new discovery is reasonable because of the 14 million-plus pages in discovery already produced. The Debtors argue that absent the Discovery Protocol, the JSNs will abuse the discovery process by requesting duplicative or inappropriate document requests. With respect to the requirements for witness identification, the Debtors have agreed to amend the Protocol to add more time. Lastly, the Debtors argue that the Discovery Protocol need not require that Debtors to identify plan confirmation issues, such as those to be tried in Phase II of the JSN trial.

The co-proponents' Plan has been on file for weeks. The Disclosure Statement has been approved, with may plan confirmation issues identified in objections to the Disclosure Statement by the JSNs and others. To the extent the objections to plan confirmation are pressed, it is the objectors who must timely come forward to identify the issues and the witnesses they expect to call at the confirmation hearing in support of their objections.

## CONCLUSION

The Court overrules the JSNs objection to the Discovery Protocol. The proposed amended order submitted by the Debtors addresses, to the extent necessary and appropriate, concerns raised by the JSNs. As in all cases, the Court expects and requires that the parties meet

and confer to resolve any discovery disputes. To the extent that no agreement is reached, and the JSNs believe they can establish good cause for further discovery,[2] they may apply to the Court for relief. The Court will await further efforts by the Debtors and the JSNs to resolve issues regarding privilege logs before entering an order imposing the Discovery Protocol.

For the reasons discussed above, the objections of the JSNs are **OVERRULED** and the Motion is **GRANTED.**

**IT IS SO ORDERED.**

Dated:  September 3, 2013.
        New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

---

[2] Unless the JSNs establish that they have conducted a review of the 14 million plus pages of documents already produced, and are unable to locate documents responsive to targeted document requests, it is hard to see how they can make a good cause showing, but obviously any decision on good cause will have to await future events if the parties cannot resolve the issues in mandatory meet and confer sessions.