Hearing Date and Time: September 11, 2013 at 10:00 a.m.
Objection Deadline: September 3, 2013 at 4:00 p.m.

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
*Counsel to Wells Fargo Bank, N.A., as*
*Trustee of Certain Mortgage Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| Debtors. | ) **Jointly Administered** |

**WELLS FARGO BANK, N.A.'S RESERVATION OF RIGHTS IN RESPONSE TO DEBTORS' MOTION UNDER SECTION 365 OF THE BANKRUPTCY CODE TO ASSUME AND ASSIGN SERVICING-RELATED AGREEMENTS FOR TRUSTS INSURED BY SYNCORA GUARANTEE INC. TO OCWEN LOAN SERVICING, LLC**

Wells Fargo Bank, N.A., ("**Wells Fargo**"), solely in its capacity as master servicer (the "**Master Servicer**") for Bear Stearns Second Lien Trust 2007-SV1 ("**BSSLT 2007-SV1A**") and SunTrust Acquisition Closed-End Seconds Trust, Series 2007-1 ("**STAC 2007-1**," together with BSSLT 2007-SV1A, the "**Trusts**"), by and through its undersigned counsel, hereby files its Reservation of Rights in Response (the "**Response**") to *Debtors' Motion under Section 365 of the Bankruptcy Code to Assume and Assign Servicing-Related Agreements for Trusts Insured by Syncora Guarantee Inc.* ("**Syncora**") *to Ocwen Loan Servicing, LLC* ("**Ocwen**") (Docket No. 4718; the "**Motion**"). In support of the Response, Wells Fargo respectfully submits as follows:

1.     Wells Fargo is Master Servicer for each of the Trusts, as to which Syncora issued financial guaranty insurance policies.

1

2. As described further below, the Master Servicer has asserted cure claims on behalf of both of the Trusts and the Master Servicer has negotiated proposed treatment for certain claims of each of the Trusts in the Plan (as defined below). Accordingly, the Master Servicer files this Response to ensure that any relief granted in connection with the Motion does not affect the claims asserted by the Master Servicer on behalf of the Trusts or the proposed treatment of such claims under the Plan.

3. On April 13, 2013, Wells Fargo filed the *Notice of Cure Claim of Wells Fargo, N.A., as Trustee and Master Servicer* (Docket No. 3454; the "**Cure Claim Notice**"). The Cure Claim Notice is incorporated herein by this reference.

4. Pursuant to the Cure Claim Notice, the Master Servicer asserted cure claims on behalf of both of the Trusts against Debtor servicers in an unliquidated amount. *See* Cure Claim Notice, at Schedule A, pp. 2, 9.[1] The cure claims asserted by the Master Servicer in the Cure Claim Notice included all obligations of the Debtor servicers of each of the Trusts "that were outstanding as of the date of the closing of the sale of the Debtors' servicing platform to Ocwen, that became due and owing after such closing date, or that become due and owing, as a result of the pre-closing actions of the Debtors as Servicers." Cure Claim Notice ¶ 19. Furthermore, pursuant to the **Sale Order**[2] and the **Scheduling Order**,[3] all such cure claims were asserted as

---

[1] Bear Stearns Second Lien Trust 2007-SV1 is referred to as "BSSLT 2007-SV1" and SunTrust Acquisition Closed-End Seconds Trust, Series 2007-1 is referred to as "STC 2007-1" on Schedule A to the Cure Claim Notice.
[2] **Sale Order** refers to the *Order under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9019(I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases thereto, (D) Related Agreements; and (II) Granting Related Relief* (Docket No. 2246).
[3] *Fourth Revised Joint Omnibus Scheduling Order and Provisions for other Relief Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements*, dated December 27, 2012 (Docket No. 2528, at ¶ 15) (the "**Fourth Scheduling Order**"), which amended the *Revised Scheduling Order* (Docket No. 928) (the "**First Scheduling Order**"), the *Second Revised Scheduling Order* (Docket No. 1551) and the *Third Revised Scheduling Order* (Docket No. 1926) (collectively with the Fourth Scheduling Order and the First Scheduling Order, the "**Scheduling Order**").

2

having administrative expense priority except to the extent that the cure claims exceed certain caps set forth in the Scheduling Order. *Id.*

5.  On August 20, 2013, the *Revised Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (Docket No. 4770; the "**Plan**") was filed. The Plan provides for, *inter alia*, the allowance and treatment of the cure claims of the Trusts in the event the Trusts' servicing agreements are assumed and assigned by the Debtors. The claims of the Trusts are not currently listed on Schedules 1G or 1R (the schedules of recognized cure claims) to the Plan because the servicing agreements relating to the Trusts had not been assumed as of July 1, 2013. Pursuant to the Plan, if servicing agreements relating to the Trusts are assumed and assigned, the claims of any such Trust are entitled to treatment as cure claims and will be added to Schedule 1G or 1R, as applicable. *See* Plan, Art. IV.C.3(a)(iv), & Ex. 9. However, with respect to trusts insured by an insurer that is currently performing, such as Syncora, absent application of the insurer exception, the claims of such trusts may be recognized as $0 for purposes of recovery under the Plan. *Id.* The Master Servicer notes that the schedules to the Plan indicate that the insurer exception applies to BSSLT 2007-SV1A. *See* Plan, Schedules 3R, 3G, 4R, 4G.

6.  In the event the Plan is not confirmed or the proposed treatment of the cure claims of either of the Trusts is modified, the Master Servicer reserves its right to amend the amount of the cure claims asserted on behalf of the Trusts against Debtors servicers in the Cure Claim Notice.

7.  The Master Servicer further reserves all of its rights under the applicable agreements relating to each of the Trusts, including any insurance policies issued to either of the

Trusts by Syncora.  Nothing contained herein shall prejudice the claims of any non-Debtor parties to the Trusts, including, without limitation, Syncora and the investors in the Trusts.

Dated: New York, New York
September 3, 2013

**ALSTON & BIRD LLP**

By: /s/ Michael E. Johnson
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*