Hearing Date and Time:  September 24, 2013 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Jamie A. Levitt

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- )
In re:                                                                          )     Case No. 12-12020 (MG)
                                                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,               )     Chapter 11
                                                                                    )
                                                    Debtors.           )     Jointly Administered
                                                                                    )
---------------------------------------------------------------

**DEBTORS' RESPONSE TO EXAMINER'S MOTION FOR ENTRY OF ORDER
GRANTING DISCHARGE FROM DUTIES, IMMUNITY FROM DISCOVERY,
APPROVAL OF DISPOSITION OF INVESTIGATIVE MATERIALS, AND
EXCULPATION IN CONNECTION WITH DUTIES**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] submit this response (the "Response") to the *Examiner's Motion for Entry of Order Granting Discharge From Duties, Immunity From Discovery, Approval of Disposition of Investigative Materials and Exculpation in Connection with Duties* [Docket No. 4812] (the "Examiner Discharge Motion").

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 6].

ny-1106202

**RESPONSE**

1.  As described in the Examiner Discharge Motion, the Examiner[2] and his Professionals conducted an extensive investigation over the course of ten months. Almost nine million pages of documents were produced to the Examiner by the Debtors as well as several non-Debtor parties and are housed in the Examiner's Document Depository. On May 13, 2013, the Examiner issued his 2,200-page Examiner Report.

2.  The Debtors recognize the vigorous efforts made by the Examiner and his Professionals throughout these cases. While the Debtors appreciate that the duties set forth in the Scope Order have been completed, the Debtors believe that granting the relief requested in the Examiner Discharge Motion regarding transfer of the Document Depository at this time may be disruptive to the Chapter 11 plan confirmation process that is currently underway.

3.  The Examiner Discharge Motion requests that the Court enter an order (i) discharging the Examiner; (ii) granting the Examiner and his Professionals immunity from all discovery related to the Examiner Investigation, the Examiner Report and the Chapter 11 Cases; (iii) authorizing the disposition of certain materials related to the Examiner Investigation and the Examiner Report; and (iv) exculpating the Examiner and his Professionals from all liability in connection with the Chapter 11 Cases.

4.  The Debtors generally do not oppose the relief requested by the Examiner Discharge Motion, except for the possible transfer of the Document Depository to them at this time. The Examiner Discharge Motion asks the Court to determine which party in interest should take custody and control over the Document Depository. The Debtors request that if the Court directs the Examiner to turn over the Document Depository to the Debtors (as opposed to

---

[2] Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Examiner Discharge Motion.

2

another party), that such turnover not take place until <u>after</u> the hearing on confirmation of the Plan, which is scheduled to commence on November 19, 2013.[3]

5.  A review of the orders attached to the Examiner Discharge Motion supports the Debtors' position.[4] The orders demonstrate that examiners do not normally transfer investigative materials to the debtor upon discharge of the examiner's duties. Additionally, the turnover of documents by examiners typically occurs <u>after</u> confirmation of a Chapter 11 plan. If a transfer is pre-confirmation, a process is put in place that utilizes a neutral vendor to manage the documents, or they are returned to the producing party.

6.  Here, the Examiner proposes a massive data transfer at a time while the Debtors expect to be engaged in extensive Plan discovery.[5] Requiring the Debtors to take custody of the Document Depository – including documents produced by third parties – could complicate Plan discovery.

7.  The Debtors' estates have timely compensated the Examiner and his Professionals for the work performed in these Chapter 11 Cases, including reimbursing the Examiner and his Professionals for all expenses incurred. Because the Debtors will continue to reimburse the

---

[3] On July 3, 2013, the Debtors and the Creditors' Committee filed (i) the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (the "<u>Plan</u>") and (ii) the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "<u>Disclosure Statement</u>"). The Court entered an order approving the Disclosure Statement on August 23, 2013 [Docket No. 4809].

[4] *See, e.g., In re Dynegy Holdings, LLC*, Case No. 11-38111 (CGM) (Bankr. S.D.N.Y. Sept. 11, 2012) [Docket No. 1031] (examiner discharge coincided with confirmation and examiner was required to maintain materials for six months); *In re Refco Inc.*, Case No. 05-60006 (RDD) (Bankr. S.D.N.Y. Aug. 16, 2007) [Docket No. 5748] (discharging examiner post-confirmation and requiring examiner to deliver materials to litigation trustee established under the plan); *In re New Century TRS Holdings Inc.*, Case No. 07-10416 (KJC) (Bankr. D. Del. May 1, 2009) [Docket No. 9623] (examiner received discharge post-confirmation and transferred materials to the liquidating trustee); *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 19, 2004) [Docket No. 16382] (materials were turned over to producing parties); *In re Tribune Co.*, Case No. 08-13141 (KJC) (Bankr. D. Del. Aug. 26, 2010) [Docket No. 5541] (examiner received discharge pre-confirmation, but was required to maintain documents for two years after his discharge).

[5] On September 3, 2013, the Court entered the *Order Granting Motion to Implement Discovery Protocol Related to Plan Confirmation* [Docket No. 2913].

Examiner for the costs associated with maintaining the Document Depository, there is no harm to the Examiner in continuing to maintain the Document Depository through confirmation of the Plan. On the contrary, the potential disruption to the Plan confirmation process is great if the Debtors are forced to accept transfer of the Document Depository including materials that were produced to the Examiner by third parties.

8. The Debtors advised counsel to the Examiner of the Debtors' willingness to take custody and control of the Document Depository after the hearing on confirmation of the Plan, which is scheduled to occur less than 2 months after that transfer date contemplated by the Examiner in the Examiner Discharge Motion. The Debtors respectfully submit that it is appropriate under the unique facts of these cases to maintain the status quo regarding the Document Depository until after the hearing on confirmation of the Plan.

## CONCLUSION

For the foregoing reasons, the Debtors request that to the extent the Court determines that the Document Depository shall be transferred to the Debtors that such transfer shall not occur until after the hearing on confirmation of the Plan.

Dated: September 3, 2013  
New York, New York

/s/ Gary S. Lee  
Gary S. Lee  
Jamie A. Levitt  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the Debtors and  
 Debtors in Possession*

4

ny-1106202