**EXHIBIT E**

Claim #5254  Date Filed: 11/16/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC Mortgage, LLC, Case No. 12-12032**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**HSBC Bank USA, N.A., as Trustee**

Name and address where notices should be sent:
HSBC Bank USA, N.A.
Attn: Fernando Acebedo, Structured Finance
8 East 40th Street
New York, NY 10016

Telephone number: 212-525-1309       email: fernando.acebedo@us.hsbc.com

RECEIVED
NOV 19 2012
KURTZMAN CARSON CONSULTANTS

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number:       email:

1. Amount of Claim as of Date Case Filed: $ **See attached.**
   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.
   ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **See attached.**
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
   ___ ___ ___ ___

3a. Debtor may have scheduled account as:
_____
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
_____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____     Annual Interest Rate_____ %  ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____              Basis for perfection: _____
Amount of Secured Claim: $_____        Amount Unsecured: $_____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
■ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or   ☐ I am a guarantor, surety,
                        (Attach copy of power of attorney, if any.)    their authorized agent.                  indorser, or other codebtor.
                                                                       (See Bankruptcy Rule 3004.)              (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: **ELENA ZHENG**
Title: **Assistant Vice President**             *(Signature)* Elena Zheng    11/16/12 (Date)
Company: **HSBC Bank USA, N.A.**
Address and telephone number (if different from notice address above):

Telephone number:       Email:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

\* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

FILED BANKRUPTCY COURT

COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.

12120321211160000000000182

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
*In re*:                                              : Chapter 11
                                                      :
RESIDENTIAL CAPITAL, LLC, *et al.*,                   : Case No. 12-12020 (MG)
                                                      :
                Debtors.                 : (Jointly Administered)
                                                      :
---------------------------------------------------------x
                                                      :
*In re*:                                              :
                                                      :
GMAC MORTGAGE, LLC,                                   : Case No. 12-12032 (MG)
                                                      :
                Debtors.                 :
                                                      :
---------------------------------------------------------x

### ANNEX TO PROOF OF CLAIM OF HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE

1.     <u>Claimant</u>. HSBC Bank USA, National Association, in its capacity as Trustee ("**HSBC**"), hereby files the accompanying proof of claim (the "**Proof of Claim**") against GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation), one of the debtors and debtors in possession in the above-referenced chapter 11 cases ("**GMAC**" or the "**Debtor**," and together with the other debtors, the "**Debtors**"). As described more fully below, HSBC holds and asserts claims (the "**Claim**"), on behalf of itself and the relevant Trust set forth below, against the Debtor arising prior to May 14, 2012 (the "**Petition Date**").

2.     <u>Background</u>. HSBC is the Trustee for numerous series of asset-backed certificates ("**Certificates**") issued by various trusts (the "**Trusts**") in connection with the securitization of residential mortgage loans (the "**Loans**"). The Trust that is the subject of this Claim, as well as the capacity or capacities in which the Debtor was involved with such Trust, is set forth in the attached **Schedule A**.

Such securitization involved a series of transactions in which the Loans were initially sold by mortgage loan originators ("**Originators**") to sponsors or sellers ("**Sellers**"), which then sold the Loans to bankruptcy-remote special purpose entities (the "**Depositors**"). The Depositors then pooled the Loans and further sold them to the Trusts, each of which issued one or more classes of Certificates supported by its particular pool of Loans. In the aggregate, the Certificates issued by each Trust represent the entire beneficial ownership interest in that Trust, and distributions on the Certificates are made from — and only from — payments received in connection with the Loans held by that Trust.

Each of these structures is governed by a number of transaction documents (the "**Transaction Documents**").[1] In particular, each Trust was the subject of a pooling and servicing agreement or analogous document or set of documents (a "**Servicing Agreement**") pursuant to which, among other things, the Trust was formed, Loans were transferred to the Trust, and a Servicer contracted to service and administer the transferred Loans. The duties and obligations of such Servicer included, but were not limited to: (i) the administration and service of the Loans in accordance with the provisions of the applicable Transaction Documents; (ii) the collection of payments due on the Loans or other assets of the Trust for the benefit of the Trust and the remittance of such payments to eligible bank accounts established for the Trust; and (iii) the provision of certain indemnification to HSBC and the Trust. Further, in the event of a material document deficiency or the breach of certain representations, warranties, or covenants under the Transaction Documents with respect to a particular Loan, the Seller — or, in some cases, another party — may be required to either remedy such deficiency or breach, purchase the relevant Loan from the Trust, or provide a qualifying substitute Loan. Certain of the Debtors

---

[1] The Transaction Documents are not attached to this Proof of Claim because they are voluminous and may contain proprietary information. Copies of the Transaction Documents may be provided to the Debtor and other appropriate parties in interest upon request, subject to appropriate protections to preserve confidentiality.

were involved with the Trusts in various capacities, including, but not limited to, as Originators, Sellers, and/or Servicers.

On the Petition Date, the Debtors commenced cases under chapter 11 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

3.   The Claim. Under the Transaction Documents and the Servicing Agreements for each of the Trusts, HSBC, on behalf of itself and the Trusts, may have a number of claims against the Debtors in one or more capacities, including but not limited to:

>   (i)   claims arising from the relevant Debtor's failure to perform its servicing obligations under the Transaction Documents;
>
>   (ii)  claims arising from the relevant Debtor's obligation to indemnity HSBC and the relevant Trust under the Transaction Documents;[2]
>
>   (iii) claims arising from the relevant Debtor's obligation to repurchase any of the Loans from any of the Trusts or provide a qualifying substitute Loan as a result of a material document deficiency or the Debtor's breach of a representation, warranty, or obligation under the Transaction Documents; and/or
>
>   (iv)  all other claims arising from the relevant Debtor's breach of any of its other representations, warranties, covenants, or obligations under the Transaction Documents.

At this time, HSBC is not aware of and has not been informed of the existence of a material document deficiency with respect to any of the Loans or of any breach by the Debtor

---

[2] In particular, HSBC, in its capacity as a Trustee for various series of Notes, is currently a defendant in a number of mortgage loan litigations across the United States. Depending on the outcome of such litigations, HSBC may have, among other things, indemnification claims against the relevant Debtor as servicer of the relevant Loans.

of its representations, warranties, or obligations under the Transaction Documents. As such, HSBC's claims against the Debtor are contingent and/or unliquidated and their amounts cannot be determined at this time. However, HSBC will, and reserves the right to, amend and supplement this Proof of Claim as it becomes aware of additional facts relevant to the Claim.

4. <u>Security Interests and Priority Status</u>. The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of HSBC to assert otherwise in the event that it is determined that any portion of the Claim is secured, priority, or entitled to administrative priority under sections 503 and 507 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**")

5. <u>Claims, Counterclaims, Setoffs and Defenses</u>. The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor. HSBC reserves any and all rights of setoff and recoupment that HSBC or any of its affiliates may have against the Debtor or any related entities of the Debtor.

6. <u>Reservation of Rights</u>. The execution and filing of this Proof of Claim is not and shall not be deemed: (a) a waiver or release of HSBC's rights against any other entity or person liable for all or any part of the Claim asserted herein; (b) a consent by HSBC to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving HSBC; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving HSBC; (d) a waiver or release by HSBC of its right to trial by jury, or a consent by HSBC to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of HSBC, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of HSBC's rights to

assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of HSBC's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or affiliates of the Debtor.

7. <u>Amendments</u>. HSBC expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

## SCHEDULE A

### The Trust

| Trust | Originator | Servicer | Other | Basis for Claim |
|---|---|---|---|---|
| ACE Securities Corp Suntrust Acquisition 2007-1 | - | GMAC | - | Servicing Agreement |