# EXHIBIT F

# 6654

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>**In re Residential Capital, LLC**, *et al.* (all Debtors) | Case Number:<br><br>**12-12020 (MG)**, *et al.* (all Debtors) |
|---|---|

**RECEIVED**

MAR 0 4 2013

**KURTZMAN CARSON CONSULTANTS**

COURT USE ONLY

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Wells Fargo Bank, N.A. in its capacity as Master Servicer (as defined in the addendum hereto) for certain residential mortgage backed securities trusts, warehousing facilities, pools of mortgage loans and other financing arrangements.**

Name and address where notices should be sent:

Wells Fargo Bank, N.A., as Master Servicer
625 Marquette Avenue, 16th Floor
MAC N9311-161
Minneapolis, Minnesota 55402
Attn: Mary L. Sohlberg, Vice President
Telephone number: 612.316.0737
Email: mary.l.sohlberg@wellsfargo.com

Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Attn: John C. Weitnauer
Telephone number: 404.881.7780
Email: kit.weitnauer@alston.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
   (*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above): See above.

Telephone number:                              email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**          $_____ See Attachment _____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**          See Attachment _____
   (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>__ __ __ __ | **3a. Debtor may have scheduled account as:**<br><br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☑ Other
Describe: See Attachment

Value of Property: $ See Attachment _____

Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: See Attachment

Amount of Secured Claim:  $ See Attachment _____

Amount Unsecured:          $ See Attachment _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(2).

Amount entitled to priority:
$ See Attachment _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

B 10 (Official Form 10) (12/12)

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: **See Attachment.**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:     Mary L. Sohlberg
Title:          Vice President
Company:        Wells Fargo Bank, N.A.

*Mary L. Sohlberg*  2-27-13
(Signature)                (Date)

Address and telephone number (if different from notice address above):

See above.

Telephone number:               email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RECEIVED

MAR 0 4 2013

KURTZMAN CARSON CONSULTANTS

## ADDENDUM TO PROOF OF CLAIM OF
## WELLS FARGO BANK, N.A., AND CERTAIN OF ITS AFFILIATES,
## IN ITS CAPACITY AS MASTER SERVICER

  1. This proof of claim ("**Proof of Claim**") is asserted by Wells Fargo Bank, N.A., and certain of its affiliates in their capacities as master servicer, securities administrator, trust administrator, paying agent, certificate registrar, REMIC administrator and/or other similar agencies (in any such capacity, the "**Master Servicer**") in respect of certain RMBS Trusts (hereinafter defined) for itself as Master Servicer and on behalf of such RMBS Trusts (collectively, the "**Claimant**"), against one or more of the debtors in these jointly administered cases (collectively, the "**Debtors**"), as set forth on Schedules A and B attached hereto (the "**Schedules**").

  2. The obligations of the various Debtors to the Claimant are set forth in, and arise out of, one or more pooling and servicing agreements, highly integrated sets of "servicing agreements," mortgage loan purchase agreements, deposit trust agreements, trust agreements, indentures, asset sale agreements, depositor sale agreements, administration agreements, yield maintenance agreements and other ancillary transaction documents (collectively, the "**Claimant Transaction Documents**"). Pursuant to the Claimant Transaction Documents, one or more of the Debtors acts in various capacities, including as originator, seller, purchaser, company and similar capacities (collectively and in any such capacity, the "**Seller**"), and as servicer, back-up servicer, HELOC back-up servicer, subservicer, and similar capacities (collectively and in any such capacity, the "**Servicer**").

# I. Chapter 11 Case Background

A.    *Bar Date Order*

3.    Pursuant to the **General Bar Date Order**,[1] the Bankruptcy Court set November 9, 2012 as the general deadline for filing proofs of claim against the Debtors (the "**General Bar Date**"). The Bankruptcy Court subsequently extended the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing eastern time).[2]  Pursuant to paragraph 8 of the General Bar Date Order, proofs of claim asserting claims resulting from the Debtors' rejection of executory contracts and unexpired leases must be filed by the later of the General Bar Date and thirty (30) days after the entry of an order of rejection (unless the order of rejection provides otherwise).

B.    *Claims Stipulations*

4.    Pursuant to the **Claims Stipulations**,[3] Deutsche Bank National Trust Association, Deutsche Bank Trust Company Americas, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., U.S. Bank National Association, Wells Fargo Bank, N.A. and Law Debenture Trust Company of New York (in their respective capacities as trustees, indenture trustees, securities administrators, and/or master servicers and other agency capacities, collectively, the "**RMBS Claimants**"), each generally in respect of certain mortgage-backed securities trusts, whole loan servicing agreements, other trusts, net interest margin trusts, and similar arrangements for which at least one of the RMBS Claimants acts (collectively, the "**RMBS Trusts**") agreed with the Debtors that all claims of each RMBS Claimant on behalf of

---

[1]    *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* dated August 29, 2012 (Docket No. 1309) (the "**General Bar Date Order**").

[2]    *Order Extending Deadline for Filing Proofs of Claim* (Docket No. 2093).

[3]    *Stipulation and Order Permitting Certain Parties to File Proofs of Claim After the Bar Date* dated November 6, 2012, (Docket No. 2095) and the *Stipulation and Order Permitting Law Debenture Trust Company of New York to File Proofs of Claim after the Bar Date* dated November 16, 2012 (Docket No. 2194) (together, the "**Claims Stipulations**").

itself and on behalf of the applicable RMBS Trusts could be asserted by each of the RMBS Claimants in a single proof of claim. Pursuant to the Claims Stipulations, each RMBS Claimant's single proof of claim would constitute the filing of proofs of claim in each of the applicable Debtors' cases so long as each proof of claim sets forth against each specific Debtor, on a trust-by-trust basis, the amount of such claim (or whether the claim is contingent and/or unliquidated), and the capacity in which the RMBS Claimant is acting in asserting the claim. The Claims Stipulations further provide that no documentation in support of each proof of claim need be filed, and that each proof of claim must be filed on or before March 1, 2013.

C.    *Sale Order*

5.    On November 21, 2012, the Bankruptcy Court entered the **Sale Order**,[4] pursuant to which the Court approved the sale (the "**Sale**") of the Debtors' servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**"), including the Debtors' Servicing Obligations (as defined below) with respect to the RMBS Trusts. Among other things, the Sale Order authorizes the Debtors to assume and assign to Ocwen only the Debtors' Servicing Obligations under any applicable contracts (the "**Servicing Agreements**"), but not any obligations of the Debtors to the RMBS Trusts with respect to the origination and sale of mortgage loans including, but not limited to, provisions containing Buyback Claims (as defined below) (the "**Origination-Related Provisions**").

6.    Paragraph 22 of the Sale Order provides that any cure claims that the RMBS Trusts may have relating to pooling and servicing agreements, mortgage loan purchase

---

[4]    *Order under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9019(I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases thereto, (D) Related Agreements; and (II) Granting Related Relief* (Docket No. 2246) (the "**Sale Order**").

agreements, indentures, servicing agreements and/or trust agreements assumed and assigned in connection with the Sale (including, without limitation, any claim arising from any argument that the Debtors did not effectively sever the Origination-Related Provisions or that such provisions are not otherwise severable in accordance with applicable law in either case solely as it relates to such claims (the "**RMBS Trust Cure Claims**")) shall be reserved, and to the extent allowed, shall have administrative expense priority, subject to the terms and conditions provided in the Scheduling Order (as defined below).

7.      Paragraph 36 of the Sale Order provides that, subject to the terms of the Scheduling Order, the Debtors shall not be relieved of any liability for, and the RMBS Claimants in their capacities as master servicers of any of the RMBS Trusts may assert claims against the Debtors for, any losses or liability suffered by such RMBS Trusts prior to the date of the closing of the Sale (the "**Sale Closing Date**"), or which may be suffered after the Sale Closing Date, as a result of any acts or omissions of the Debtors before the Sale Closing Date (any such claims that may be asserted against the Debtors pursuant to paragraph 36 of the Sale Order, the "**Servicing Loss Claims**"). Servicing Loss Claims must be asserted by master servicers within the time period for the assertion of cure claims as provided by the Scheduling Order.

8.      Paragraph 36 of the Sale Order further provides that the Debtors shall be obligated to pay the master servicers' expenses, in each case as an administrative expense, subject to the terms of the Scheduling Order ("**Master Servicer Expense Claims**").

9.      RMBS Trust Cure Claims, Servicing Loss Claims, Master Servicer Expense Claims, Other Servicing Claims (defined below) and any other claims that have arisen or may arise by virtue of the Debtor's breach of any of its Servicing Obligations (as that term is defined below) are referred to herein collectively as "**Servicing Claims**."

D.    *Scheduling Order*

10.    The **Scheduling Order**[5] provides, among other things, that the RMBS Trusts must file a notice of any alleged cure claims no later than sixty (60) days after the Sale Closing Date (the "**Cure Claim Deadline**").[6]

11.    Pursuant to the Scheduling Order, any cure claims shall have administrative expense priority except to the extent they exceed the proceeds of the Sale that are attributable to (a) the mortgage servicing rights under the transaction documents related to the RMBS Trusts (collectively with the Claimant Transaction Documents, the "**RMBS Trust Transaction Documents**") for each RMBS Trust (*i.e.*, each RMBS Trust's allocable portion of the mortgage servicing rights included in the price of the servicing platform) and (b) any reimbursement of unpaid servicer advances owing to the Debtors arising under an RMBS Trust Transaction Document that are subject to an RMBS Trust's valid rights of setoff or recoupment;[7] and any excess amount shall be treated as general unsecured claims.

---

[5]    *Fourth Revised Joint Omnibus Scheduling Order and Provisions for other Relief Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements*, dated December 27, 2012 (Docket No. 2528), which amended the *Revised Scheduling Order* (Docket No. 928), the *Second Revised Scheduling Order* (Docket No. 1551) and the *Third Revised Scheduling Order* (Docket No. 1926) (collectively, the "**Scheduling Order**"). The Scheduling Order also provides, at paragraph 15, that, "if an order has not been entered with respect to the 9019 Motion on or before the Sale Closing Date, the Settlement Trusts, whether or not they have accepted or rejected the Repurchase Settlements, shall have until sixty (60) days (the "**9019 Cure Claim Deadline**") after the entry of an order approving or disapproving the 9019 Motion to assert cure claims solely related to any Origination-Related Provisions (the "**Origination Related Cure Claims**")."

[6]    The Sale Closing Date occurred on February 15, 2013 and pursuant to the Scheduling Order, the Cure Claim Deadline is April 16, 2013.

[7]    The Scheduling Order contains an additional limitation relating to "Cure Claims of the RMBS Trusts Relating to Origination-Related Provisions."

E.    *Final DIP Financing Order*

12.    Pursuant to the **Final DIP Order,**[8] the RMBS Claimants were granted a superpriority administrative claim pursuant to Bankruptcy Code Section 507(b) to the extent of any diminution in value in their valid setoff rights under Section 553 of the Bankruptcy Code caused by the satisfaction of any amounts the RMBS Trusts owed to the Debtors (the "**Debtor Receivables**") in respect of unpaid reimbursements for advances made by the Debtors as of the filing dates of the Debtors' chapter 11 cases (the "**Petition Date**"). With respect to the RMBS Claimants' rights of setoff against Debtor Receivables generated post-petition and rights of recoupment, the RMBS Claimants' rights are preserved, with the exercise of any such rights postponed until the full repayment of the DIP Obligations (as defined in the Final DIP Order).

## II.    Background

A.    *Debtors as Sellers*

13.    The RMBS Trusts in respect of which this Proof of Claim is filed hold assets that are comprised of, among other things, pools of mortgage loans.

14.    Typically, under the RMBS Trust Transaction Documents, an originator or seller (in some instances, one or more of the Debtors) sells mortgage loans that it originated or otherwise acquired to a sponsor (in some instances, one of the Debtors). The sponsor then sells the mortgage loans to a depositor (in some instances, one of the Debtors) under a mortgage loan purchase agreement or other similar document. Under transactions involving pooling and servicing agreements and similar agreements, the depositor then pools the mortgage loans and

---

[8]    *Final Order Pursuant to 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and Bankruptcy Rules 4001 and 6004 (I) Authorizing Debtors (A) to Enter Into and Perform Under Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables and (B) to Obtain Post Petition Financing on a Secured Superpriority Basis, and (ii) Granting Related Relief* dated June 25, 2012 (Docket No. 490) (the "**Final DIP Order**").

transfers them into one or more RMBS Trusts. With respect to transactions represented by an indenture, the interest in the pools of mortgage loans and related agreements are transferred to another trust ("**Other Trust**") acting as a special purpose vehicle.

15.    Each trustee of the applicable RMBS Trust holds all right, title and interest to the pool of mortgage loans under the RMBS Trust Transaction Documents for the benefit of the applicable holders of the RMBS Certificates (the "**RMBS Holders**").

16.    Each indenture trustee of the applicable RMBS Trust is granted a lien on the Other Trust's assets, which includes contract rights and mortgage loan pools, for the benefit of the holders of the debt securities issued pursuant to the indenture (the "**Debt Securities Holders**," and together with the RMBS Holders, the "**Securities Holders**").

17.    With regard to the mortgage loans that it transfers to the depositor, the Seller makes numerous representations, warranties and covenants (the "**Mortgage Loan Representations and Warranties**"), provides indemnities to the depositor and agrees to reimburse the expenses of certain transaction parties, including the trustee or as indenture trustee. When the depositor transfers the pools of mortgage loans to the RMBS Trust or Other Trust, it also assigns all of its rights in the mortgage loans and under the mortgage loan purchase agreements and other applicable agreements, including the Mortgage Loan Representations and Warranties and indemnities to the trustee or indenture trustee on behalf of the Trusts.

18.    In addition, the Debtor as Seller or Servicer makes other representations and warranties including, but not limited to representations and warranties related to the Debtors' due authorization and corporate authority (the "**Other Representations and Warranties**," and together with the Mortgage Loan Representations and Warranties, the "**Representations and Warranties**").

19.    Mortgage Loan Representations and Warranties vary based on the specific RMBS Trust Transaction Documents, but typically pertain to, among other things: (a) the standards and practices used in underwriting each mortgage loan; (b) the creditworthiness of the borrowers on the mortgage loans; (c) the percentage of a mortgage pool which has certain characteristics, such as owner-occupancy and documentation type; (d) the disclosure of information on the mortgage loan tapes; (e) the completeness of each mortgage loan file; (f) the origination of the loans in accordance with applicable federal and state laws; and/or (g) various characteristics of each specific mortgage loan such as loan-to-value ratio, debt-to-income ratio, lien position and whether the property mortgaged is owner-occupied.    Generally, if a breach of Mortgage Loan Representations and Warranties is discovered that may adversely affect the value of the related mortgage loan, the interests of the trustee or indenture trustee (as legal owner or pledgee of the mortgage loans) or the interests of the Securities Holders, one or more of Debtors, acting as Seller is required to cure such defect, repurchase the defective mortgage loan, or substitute a complying mortgage loan for the defective mortgage loan.    For purposes of this Proof of Claim, the term "**Buyback Claims**" refers to claims against the Seller for such cure, repurchase or substitution.

20.    Breaches by one or more of the Debtors of the Mortgage Loan Representations and Warranties have given rise to Buyback Claims, Indemnification Claims (as defined below) and reimbursement rights for, *inter alia*, fees and expenses incurred by the RMBS Trusts.    In addition, such breaches may in the future give rise to claims for breaches of the Other Representations and Warranties (the "**Other Representations and Warranties Claims**", and together with the Buyback Claims, the "**Representations and Warranties Claims**") by the RMBS Trusts.

B.   *Debtors as Servicers*

21.    Pursuant to the Claimant Transaction Documents, one or more Debtor entities

acts, or has acted, as servicer for some or all of the mortgage loans held by the RMBS Trusts. As

such, the applicable Debtor or Debtors were responsible for servicing and administering the

mortgage loans on behalf of such RMBS Trusts (**"Servicing Obligations"**).

22.    Under the Claimant Transaction Documents, the Servicing Obligations include,

but are not limited to, the following:

A. to provide monthly servicer reports to the RMBS Claimants which
   include notification of any defaults in the underlying mortgage
   loans;

B. to properly advance funds, including to pay all applicable taxes
   and assessments to the appropriate taxing authority on the entire
   pool of mortgage loans and to cover any shortfalls from delinquent
   payments, deposits, reimbursements, remittances, credits,
   allocations and appropriations;

C. to enforce all terms and conditions of the mortgage loans, which
   includes foreclosure;

D. to give notice of and assert Buyback Claims and Other
   Representations and Warranties Claims;

E. to repurchase or substitute defective loans;

F. to perform all indemnification obligations and defense obligations
   covering all of the RMBS Trust's and the RMBS Claimant's
   liability, loss, cost and expense arising from or related to breaches
   of the servicing or reporting obligations – including fees and
   expenses, including but not limited to the RMBS Claimant's legal
   fees, and other costs relating to any transfer of the Debtors'
   obligations to a successor servicer or otherwise;

G. to execute, deliver, file and record the necessary documents with
   respect to the satisfaction and discharge of mortgages, and
   registrations with MERS (Mortgage Electronic Registration
   Systems, Inc., a system utilized in connection with the registration
   and tracking of mortgage loans);

H. to coordinate and monitor mortgage loan remittances from mortgagors and other remittances relating to the assets, segregating such funds and avoiding any commingling of funds;

I. to maintain proper levels of coverage on hazard insurance, flood insurance, mortgage insurance, title insurance, fidelity bonds and errors and omissions insurance policies;

J. to maintain all required licenses, approvals, registrations, permits or other authorizations granted by the applicable Governmental Authority or Mortgage Program Sponsor, such as HUD, Fannie Mae, Freddy Mac, Ginnie Mae;

K. to provide accurate loan data, remittance advances, reports on defaulted trust assets, mortgage loans, certificates and any necessary supporting documentation, as applicable, maintain appropriate records and files, and provide notice of any event (including defaults) that will adversely affect the RMBS Claimants, the RMBS Trusts or the Holders;

L. to supervise any and all subservicers that it may contract with, remain obligated and liable for its own conduct or the conduct of subservicers;

M. to perform obligations related to leases of mortgage loans;

N. to satisfy any reporting requirements to the SEC and other agencies and to the extent necessary under the Servicing Agreements, provide data to the SEC and other agencies;

O. to make any and all credits, allocations, remittances, reimbursements of funds according to the procedures set forth in the Servicing Agreements;

P. to act in good faith and comply with the applicable servicing standard of care as set forth in the Servicing Agreements;

Q. to comply with all terms of the Servicing Agreements and compensate the RMBS Trusts for any breach of the Servicing Agreements; and

R. to comply with the requirements for assumption and assignment set forth in the Servicing Agreements, pay for costs associated with the transfer of Servicing Agreements and cooperate in any transfer of the Servicing Agreements.

23.    Pursuant to the Sale Order, the Debtors that performed such Servicing Obligations with respect to such RMBS Trusts will be assuming and assigning to Ocwen all of their rights

and obligations as Servicer with respect to substantially all of the RMBS Trusts. While certain of the Servicing Agreements in respect of certain RMBS Trusts were assumed and assigned to Ocwen on the Sale Closing Date, to date, none of the Servicing Agreements that were not assumed and assigned to Ocwen have been rejected.

24.     The Servicing Obligations have given, and may give, rise to claims by such RMBS Trusts as a result of the Debtors' failure to comply with the Servicing Obligations (the **"Other Servicing Claims"**).

### III.  Claims

25.     The Claimant is authorized to file this Proof of Claim against one or more of the Debtors for claims (as that term is defined by the Bankruptcy Code), including the Servicing Claims and the Indemnification Claims, arising under the applicable Claimant Transaction Documents, applicable law, and equity. Other claims of the RMBS Trusts against one or more of the Debtors – in particular, those claims that arise out of Debtors' actions as Seller, including but not limited to, any Buyback Claims, and Origination-Related Claims as described *infra* – are claims that, pursuant to the Claimant Transaction Documents, are to be asserted by the trustee or indenture trustee for the RMBS Trust. To the extent that any Claimant Transaction Document provides, or could be construed to provide, that the Master Servicer shall assert any claims other than the Servicing Claims and Indemnification Claims, including but not limited to Buyback Claims or the Origination-Related Claims, the Master Servicer hereby asserts such claims by incorporating by this reference any proof of claim filed by the applicable trustee or indenture trustee for the RMBS Trusts and any addendums or schedules attached thereto.[9]

---

[9] Certain RMBS Trusts are insured by monoline insurers, including but not limited to those listed on Schedule C attached hereto. For RMBS Trusts that are insured by monoline insurers, this Proof of Claim includes additional claims, if any, that Claimant may assert under the Claimant Transaction Documents relating to monoline insurance.

A.    *Servicing Claims*

26.    All Servicing Claims under the assumed Servicing Agreements are to be paid as an expense of administration (except to the extent otherwise provided in the Scheduling Order). Because the Cure Claim Deadline has not yet occurred, the Claimant does not set forth such amounts herein, but makes reference to them as set forth on a trust-by-trust basis in the Schedules hereto.    Claimant hereby asserts such Servicing Claims as claims having administrative expense priority, and, to the extent any of the Servicing Claims are subject to and exceed the caps set forth in the Scheduling Order, as general unsecured claims.

27.    Prior to the filing of the Debtors' Chapter 11 cases or during the pendency of the Chapter 11 cases one or more of the Servicers may have ceased servicing functions with respect to certain RMBS Trusts as a result of (i) such Debtors' having transferred their Servicing Obligations to successor servicers, (ii) the mortgage loans serviced by the Debtors having been paid off or charged off, (iii) the Debtors' rejection of Servicing Agreements, or (iv) other reasons (such certain RMBS Trusts, the **"Non-Active Debtor Servicing Trusts"**).    Pursuant to the Claimant Transaction Documents governing the Non-Active Debtor Servicing Trusts, the Servicer may have outstanding Servicing Obligations to the Claimant in connection with such Servicing Agreements (the **"Non-Active Servicing Claims"**).    For the avoidance of doubt, Non-Active Servicing Claims include all liabilities of the Servicer, including, but not limited to Servicing Claims, Indemnification Claims, Other Representations and Warranties Claims, and Other Claims (all as defined below).    Claimant hereby asserts Non-Active Servicing Claims as claims having administrative expense priority to the extent such claims arose during these Chapter 11 cases, and, to the extent any of the Non-Active Servicing Claims only arose prior to these Chapter 11 cases, or are subject to and exceed the caps set forth in the Scheduling Order, as general unsecured claims.

28.    Further, to the extent that the Servicers may in the future reject certain Servicing Agreements with respect to the RMBS Trusts, the Claimant may have both administrative priority and unsecured claims for damages caused by such rejection. Upon the rejection, if any, of the Servicing Agreements related to the RMBS Trusts, the Claimant will amend this Proof of Claim to assert any such damages.

B.    *Indemnification Claims*

29.    Claimant has incurred, and will continue to incur, legal and other expenses arising out of or related to the performance of its duties and/or the exercise of its rights as Master Servicer.

30.    Pursuant to certain of the Claimant Transaction Documents, the Debtors as Servicers have agreed to indemnify and hold harmless the Claimant against any losses, claims, expenses or damages, including legal fees and related costs (including fees and expenses of Claimant's counsel), suffered by the Master Servicer arising out of or based upon different circumstances including but not limited to (i) the performance and exercise by the Claimant of their obligations and rights under the Claimant Transaction Documents, (ii) any transfer by the Servicer to a third party of its servicing rights, including the Sale, and (ii) any Representations and Warranties Claims or Servicing Claims (collectively, the **"Indemnification Claims"**).

31.    In addition, pursuant to paragraph 36 of the Sale Order, the Debtors are obligated to pay the Master Servicer Expense Claims as administrative expense claims under section 503(b) of the Bankruptcy Code, subject to the terms of the Final Servicing Order.[10]

---

[10] *Final Supplemental Order under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases,*

32.     Indemnifications Claims and Master Servicer Expense Claims have accrued and will continue to accrue. The Master Servicer will submit invoices for the payment of such amounts in accordance with the Final Servicing Order. However, should the Debtors fail to pay any such invoices, Claimant hereby asserts an administrative expense claim for such amounts.

C.     *Alter Ego and Veil Piercing Claims*

33.     Claimant asserts claims against Residential Capital LLC ("**Holdco**") and other Debtors based on theories of alter ego, "piercing the corporate veil," or any similar theories in amounts equal to the amounts of the claims asserted against the Debtors as set forth the Schedules hereto (the "**Alter Ego Claims**").

D.     *Setoff and Recoupment Rights*

34.     Claimant has setoff rights under New York common and statutory law (which governs substantially all of the Claimant Transaction Documents) (N.Y. DEBT & CRED. LAW § 151) which are preserved under Section 553(a) of the Bankruptcy Code. Pursuant to such setoff rights, Claimant may setoff the claims of the RMBS Trusts for which the Master Servicer acts (which are indebtedness of the Debtors to those RMBS Trusts) against reimbursements for advances (which are indebtedness of those RMBS Trusts to the Debtors) or any other amounts the RMBS Trusts owe to the Debtors, including servicing fees.

35.     Claimant also has rights of recoupment under New York law whereby cross demands arising out of the same transaction between a RMBS Trust for which the Master Servicer acts and a Debtor are applied to offset one another with only the balance to be recovered by Claimant.

---

*and Title Disputes to Proceed, and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* dated July 13, 2012 (the "**Final Servicing Order**") (Docket No. 774).

36.    Pursuant to the Final DIP Order, the Claimant's setoff and recoupment rights have been preserved. By this claim, Claimant specifically asserts the right to exercise such setoff and recoupment rights (after obtaining relief from the automatic stay to the extent applicable to such rights) against the Debtors in order to satisfy the claims of each of the RMBS Trusts listed on the Schedules attached hereto.

E.    *Other Claims*

37.    Claimant may have additional claims arising under and relating to the Claimant Transaction Documents separate from the claims described herein (collectively, **"Other Claims"**) that are hereby preserved and asserted for each of the RMBS Trusts listed on the Schedules attached hereto.

### IV. Miscellaneous

38.    This proof of claim is based on the Debtors' obligations under the Claimant Transaction Documents with respect to the RMBS Trusts for which the Master Servicer acts and encompasses and includes all obligations and indemnities under the Claimant Transaction Documents and the RMBS Trusts, including those obligations, indemnities, and Debtors that are not specifically listed or referenced herein or in the Schedules, in connection with which Claimant is in the process of completing its due diligence.

39.    To date, the Debtors have not, to the best knowledge of the Claimant, rejected any of the Claimant Transaction Documents that are executory contracts. Accordingly, under the Bar Date Order and the Claims Stipulations, the bar date for filing a Proof of Claim in respect of damages owing as a result of the rejection of such contracts will be 30 days after the date after the entry of an order authorizing the rejection of such contracts (unless such order provides otherwise). Nothing asserted herein is intended to be, or shall be, a waiver of any claim against the Debtors for damages caused by rejection of executory contracts and Claimant reserves the

right to amend this Proof of Claim, including, without limitation, the right to add, supplement or amend any claims arising under such contracts.

40.      By executing and filing this Proof of Claim, Claimant does not waive any right to any security or any other right or rights with respect to any claim that Claimant has or may have against Debtors or any other person or persons. The filing of this Proof of Claim is not intended and should not be construed to be an election of remedies or waiver of any past, present or future defaults or events of default under the Claimant Transaction Documents.

41.      Except as set forth herein, the claims asserted herein are not subject to any setoff or counterclaim, and no judgment has been rendered on the claims. The amount of all payments made prior to the Petition Date, if any, have been credited and deducted.

42.      Claimant reserves its right to replace, amend and/or supplement this Proof of Claim and to assert any and all other claims or rights or remedies of whatever kind or nature that it currently has, or may have in the future against the Debtors at law or in equity, including but not limited to, administrative or other priority claims, the right to seek adequate protection, setoff and recoupment rights, lien rights, and the right to assert claims that are otherwise warranted in any related actions.  The filing of this Proof of Claim shall not be deemed a waiver of, or other limitation on, any such claims, rights or remedies and such claims, rights and remedies are expressly reserved.

43.      Nothing contained in this Proof of Claim shall be deemed or construed as: (a) a consent by Claimant to the jurisdiction of the Bankruptcy Court or any other court with respect to the subject matter of this Proof of Claim, any objection or other proceeding, if any, commenced in any case against, or otherwise involving Claimant, (b) a waiver or release of, or any limitation on Claimant's right to trial by jury in the Bankruptcy Court or any other court in any proceeding; (c) a waiver or release of, or any other limitation on, Claimant's or rights to

have any orders entered in non-core matters only after *de novo* review by the United States District Court; (d) a waiver of, or any other limitation on, Claimant's right to (i) move to withdraw the reference, or otherwise challenge the jurisdiction of this Court with respect to any matter, including any matter relating to this Proof of Claim or any objection or other proceeding commenced in this case against or otherwise involving Claimant, or (ii) assert that the reference has already been withdrawn with respect to the subject matter of this Proof of Claim, any objection or other proceeding commenced in this case against or otherwise involving Claimant, (e) a waiver of the rights and remedies against any person or entity who may be liable for all or a part of the claims set forth herein, whether an affiliate or guarantor of the Debtors or otherwise; or (f) a waiver or release of, or any other limitation on, Claimant's right to assert that any portion of the claims asserted herein are entitled to treatment as priority claims, including under sections 503(b) and 507(a)(1) of the Bankruptcy Code.

44.     Claimant specifically preserves all of its procedural and substantive defenses and rights with respect to any claim or counterclaim, including, but not limited to, with respect to jurisdictional issues, that may be asserted against Claimant by the Debtors, any of its successors or assigns or by any bankruptcy trustee for the Debtors' estates.

45.     The Securities Holders may make separate claims against the Debtors or their affiliates that are not indicated in this Proof of Claim and nothing contained herein shall prejudice such claims or be construed as a waiver of any rights or remedies of the Securities Holders under the Claimant Transaction Documents.

46.     Other non-Debtor parties to the RMBS Trusts for which the Master Servicer acts, including, without limitation, securities underwriters, depositors, loan servicers, certificate insurers and investors, may file proofs of claim in these cases relating to the Claimant Transaction Documents, that may be duplicative of, or supplemental to, the claims stated herein

(the "**Third Party Trust Related Claims**").  To the extent that such Third Party Trust Related

Claims are property of the related RMBS Trusts, Claimant incorporates such Third Party Trust

Related Claims herein by reference.

      47.     Notices regarding this Proof of Claim should be sent to:

Alston & Bird LLP
c/o John C. Weitnauer, Esq.
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309

-and-

Wells Fargo Bank, N.A.
c/o Mary L. Sohlberg, Vice President
Structured Products Services
625 Marquette Avenue, 16th Floor
Minneapolis, Minnesota 55402

## SCHEDULES

1.      All capitalized terms not defined in the Schedules shall have the meanings ascribed to them in the Addendum.

2.      For purposes of the Schedules, the following definitions apply: **"GMACM"** shall mean GMAC Mortgage, LLC (as successor by conversion to GMAC Mortgage Corporation); **"RFC"** shall mean Residential Funding Company, LLC (as successor by Conversion to Residential Funding Corporation); and **"HF"** shall mean Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.).  For the purposes of the Schedules, any predecessors to the Debtor entities listed on the Schedules are included in the definition for each Debtor..

3.      All claims are asserted as unliquidated, or contingent and unliquidated.

4.      To the extent Claimant has not yet completed its due diligence, Claimant reserves its right to amend the Schedules to add other Debtors, other RMBS Trusts, and additional claims.

5.      The term **"Pending"** as used in the Schedules shall mean that the Claimant has not been able to locate and review all of the potentially applicable documents, and Claimant is continuing to review the documents that have been located or made available.

6.      **"Bank of New York"** shall refer to The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. and their respective affiliates.

7.      **"Citibank"** shall refer to Citibank, N.A. and its affiliates.

8.      **"Deutsche Bank"** shall refer to Deutsche Bank National Trust Association, Deutsche Bank Trust Company Americas, and their respective affiliates.

9.      **"HSBC"** shall refer to HSBC Bank USA, National Association and its affiliates.

10.      **"U.S. Bank"** shall refer to U.S. Bank, National Association and its affiliates.

11.      **"Wilmington Trust"** Wilmington Trust, National Association and its affiliates.

12.      For purposes of Schedule C, **"Ambac"** shall refer to Ambac Assurance Corporation, Ambac Guaranty Corp, or Ambac Guaranty Municipal Corp. or any of their respective affiliates.

13.      For purposes of Schedule C, **"FGIC"** shall refer to Federal Guaranty Insurance Company and its affiliates.

14.    For purposes of Schedule C, "**MBIA**" shall refer to MBIA Insurance Corporation and its affiliates.

15.    For purposes of Schedule C, "**Syncora**" shall refer to Syncora Guarantee, Inc. (f/k/a XL Capital Assurance, Inc.) and its affiliates.

16.    For purposes of Schedule C, "**Assured**" shall refer to Assured Guaranty Municipal, Assured Guaranty Corp. or Assured Guaranty Re or any of their respective affiliates.

17.    For purposes of Schedule C, "**Radian**" shall refer to Radian Asset Assurance or its affiliates.

**SCHEDULE A**

Master Servicer incorporates the Addendum to the Proof of Claim by reference and asserts _Servicing Claims, Indemnification Claims, Other Representations and Warranties Claims, Alter Ego Claims, and Other Claims_ against the named Debtor(s) as Servicers identified for each RMBS Trust listed below.

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| ACE 2005-SL1 | GMACM | | | HSBC |
| ACE 2006-SL1 | GMACM | | | HSBC |
| ACE 2006-SL4 | GMACM | | | HSBC |
| ACE 2007-HE4 | GMACM | | | HSBC |
| ACE2007-SL1 | GMACM | RFC | | HSBC |
| ALLIANCE 2007-S1 | GMACM | | | HSBC |
| AMER HOME MTG 2005-1 | GMACM | | | Deutsche Bank |
| AMER HOME MTG 2005-2 | GMACM | | | Deutsche Bank |
| AMER HOME MTG 2005-4 | GMACM | | | US Bank (Indenture Trustee), Wilmington (Owner Trustee) |
| AMER HOME MTG 2006-2 | GMACM | | | Deutsche Bank |
| AMER HOME MTG 2007A-SD1 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| ARMT 2004-5 | GMACM | | | HSBC |
| ARMT 2005-1 | GMACM | | | HSBC |
| ARMT 2005-10 | GMACM | | | US Bank |
| ARMT 2005-11 | GMACM | | | US Bank |
| ARMT 2005-9 | GMACM | | | US Bank |
| BAFC 2005-3 | GMACM | RFC | HF | US Bank |
| BAFC 2005-4 | GMACM | RFC | HF | US Bank |
| BAFC 2005-5 | GMACM | RFC | HF | US Bank |
| BAFC 2005-6 | GMACM | RFC | HF | US Bank |
| BAFC 2005-7 | GMACM | RFC | HF | US Bank |
| BAFC 2005-8 | GMACM | RFC | HF | US Bank |
| BAFC 2006-1 | GMACM | RFC | HF | US Bank |
| BAFC 2006-2 | GMACM | RFC | HF | US Bank |
| BAFC 2006-4 | GMACM | RFC | HF | US Bank |
| BAFC 2006-5 | GMACM | RFC | HF | US Bank |
| BAFC 2007-3 | GMACM | RFC | HF | US Bank |
| BAFC 2007-4 | GMACM | RFC | HF | US Bank |
| BAFC 2007-7 | GMACM | RFC | HF | US Bank |
| BAYVIEW 2003-A | GMACM | | | US Bank (Indenture Trustee), Wilmington (Owner Trustee) |
| BAYVIEW 2004-A | GMACM | | | US Bank |
| BAYVIEW 2004-C | | RFC | | US Bank |
| BAYVIEW 2004-D | | RFC | | US Bank |
| BAYVIEW 2005-B | | RFC | | US Bank |
| BAYVIEW 2006-B | GMACM | | | US Bank |
| BAYVIEW 2006-D | GMACM | | | US Bank |
| BAYVIEW 2007-A | GMACM | | | US Bank |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| BAYVIEW 2007-B | GMACM | | | US Bank |
| BAYVIEW 2008-A | GMACM | | | US Bank |
| BEARWHSE | GMACM | Pending | Pending | |
| BS ABS 2003-AC3 | GMACM | | | Bank of New York |
| BS ABS 2003-AC4 | GMACM | | | Bank of New York |
| BS ABS 2004-AC1 | GMACM | | | US Bank |
| BS ABS 2004-AC2 | GMACM | | | US Bank |
| BS ABS 2004-AC7 | GMACM | | | US Bank |
| BS ABS 2005-AC7 | GMACM | | | US Bank |
| BS ABS 2006-SD2 | GMACM | | | Bank of New York |
| BS ABS 2007-SD2 | GMACM | | | Citibank |
| BS ABS 2007-SD3 | GMACM | | | Citibank |
| BS ALT A 2004-12 | GMACM | | | Bank of New York |
| BS ALT A 2004-4 | GMACM | | | Bank of New York |
| BS ALT A 2004-6 | GMACM | | | Bank of New York |
| BS ALT A 2005-10 | GMACM | | | Bank of New York |
| BS ALT A 2005-3 | GMACM | | | Bank of New York |
| BS ALT A 2005-4 | GMACM | RFC | | Bank of New York |
| BS ALT A 2005-5 | GMACM | | | Bank of New York |
| BS ALT A 2006-1 | GMACM | | | Bank of New York |
| BS ALTA 2006-3 | GMACM | | | US Bank |
| BS ALTA 2006-4 | GMACM | | | Citibank |
| BS ALTA 2006-5 | GMACM | | | Citibank |
| BS ALTA 2006-8 | GMACM | | | Citibank |
| BS ARM TRST 2002-11 | GMACM | | | Bank of New York |
| BS ARM TRST 2004-5 | GMACM | | | US Bank |
| BS ARM TRUST 2001-4 | GMACM | | | Bank of New York |
| BS ARM TRUST 2003-1 | GMACM | | | Bank of New York |
| BS ARM TRUST 2003-3 | GMACM | | | Bank of New York |
| BS ARM TRUST 2003-4 | GMACM | | | Bank of New York |
| BS ARM TRUST 2003-5 | GMACM | | | Bank of New York |
| BS ARM TRUST 2003-6 | GMACM | | | Bank of New York |
| BS ARM TRUST 2003-7 | GMACM | | | Bank of New York |
| BS ARM TRUST 2004-10 | GMACM | | | US Bank |
| BS ARM TRUST 2004-12 | GMACM | | | US Bank |
| BS ARM TRUST 2004-9 | GMACM | | | US Bank |
| BS ARM Trust 2005-11 | GMACM | | | US Bank |
| BS ARM Trust 2005-12 | GMACM | | | US Bank |
| BS ARM TRUST 2006-2 | GMACM | | | US Bank |
| BSSLT 2007-SV1 | GMACM | | | Citibank |
| CMLTI 2004-2 | GMACM | | | HSBC |
| CMLTI 2005-SHL1 | GMACM | | | HSBC |
| CMLTI 2007-SHL1 | GMACM | | | HSBC |
| CSFB 2003-23 | GMACM | | | Bank of New York |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| CSFB 2005-10 | GMACM | | | US Bank |
| CSFB 2005-11 | GMACM | | | US Bank |
| CSFB 2005-12 | GMACM | | | US Bank |
| CSFB 2005-3 | GMACM | | | US Bank |
| CSFB 2005-4 | GMACM | | | US Bank |
| CSFB 2005-5 | GMACM | | | US Bank |
| CSFB 2005-6 | GMACM | | | US Bank |
| CSFB 2005-8 | GMACM | | | US Bank |
| CSFB 2005-9 | GMACM | | | US Bank |
| CSMC 2006-1 | GMACM | | | US Bank |
| CSMC 2006-8 | GMACM | | | US Bank |
| CSMC 2006-9 | GMACM | | | US Bank |
| CSMC 2007-6 | GMACM | | | US Bank |
| CSMC 2007-7 | GMACM | | | US Bank |
| CW WAREHOUSE | GMACM | Pending | Pending | |
| DEUTSCHE ALT 03-2XS | GMACM | | | HSBC |
| DEUTSCHE ALT 03-4XS | GMACM | | | HSBC |
| DEUTSCHE ALT 2005-3 | GMACM | | | HSBC |
| DEUTSCHE ALT 2005-4 | GMACM | | | HSBC |
| DEUTSCHE ALT 2005-5 | GMACM | | | HSBC |
| DEUTSCHE ALT 2005-6 | GMACM | | | HSBC |
| DEUTSCHE ALT 2005-AR1 | GMACM | | | HSBC |
| DEUTSCHE ALT 2005-AR2 | GMACM | RFC | | HSBC |
| DEUTSCHE ALT 2006-AB1 | GMACM | | | HSBC |
| DEUTSCHE ALT 2006-AB2 | GMACM | | | HSBC |
| DEUTSCHE ALT 2006-AB3 | GMACM | | | HSBC |
| DEUTSCHE ALT 2006-AB4 | GMACM | | | HSBC |
| DEUTSCHE ALT 2006-AF1 | GMACM | RFC | | HSBC |
| DEUTSCHE ALT 2006-AR1 | GMACM | RFC | | HSBC |
| DEUTSCHE ALT 2006-AR2 | GMACM | | | HSBC |
| DEUTSCHE ALT 2006-AR3 | GMACM | RFC | | HSBC |
| DEUTSCHE ALT 2006-AR5 | GMACM | | | HSBC |
| DEUTSCHE ALT 2006-AR6 | GMACM | | | HSBC |
| DEUTSCHE ALT 2006-OA1 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-1 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-2 | GMACM | | | US Bank |
| DEUTSCHE ALT 2007-3 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-4 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-AB1 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-AR2 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-AR3 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-OA2 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-OA3 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-OA4 | GMACM | | | HSBC |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| DEUTSCHE ALT 2007-OA5 | GMACM | | | HSBC |
| DEUTSCHE ALT 2007-RAMP1 | | RFC | | HSBC |
| DEUTSCHE MSI 2004-1 | GMACM | | | HSBC |
| DEUTSCHE MSI 2004-2 | GMACM | | | HSBC |
| DEUTSCHE MSI 2004-4 | GMACM | | | HSBC |
| DEUTSCHE MSI 2004-5 | GMACM | | | HSBC |
| DYNEX WAREHOUSE | GMACM | Pending | Pending | |
| FIRST UNION NATL BANK 6610 | GMACM | Pending | Pending | |
| FNMA 2002-14 | GMACM | Pending | Pending | |
| FNMA 2002-33 | GMACM | Pending | Pending | |
| FNMA 2002-66 | GMACM | Pending | Pending | |
| FNMA 2002-80 | GMACM | Pending | Pending | |
| FNMA 2003-18 | GMACM | Pending | Pending | |
| FUNB - COSUB 0101 (6611) | GMACM | Pending | Pending | |
| FUNB - COSUB 3174 (6617) | GMACM | Pending | Pending | |
| GOLDMAN SACHS 2003-2 | GMACM | | | Bank of New York |
| GOLDMAN SACHS 2003-3 | GMACM | | | US Bank |
| GOLDMAN SACHS 2004-1 | GMACM | | | US Bank |
| GOLDMAN SACHS 2004-3 | GMACM | | | US Bank |
| GSAA HET 2005-9 | GMACM | | | HSBC |
| GSAMP TRUST 2005-RP1 | GMACM | | | HSBC |
| GSAMP TRUST 2006-RP2 | GMACM | | | US Bank |
| GSR 2005-9F | GMACM | | | US Bank |
| GSR 2005-AR3 | GMACM | | | US Bank |
| GSR 2005-AR7 | GMACM | RFC | | US Bank |
| GSR 2006-2F | GMACM | | | US Bank |
| GSR 2006-3F | GMACM | | | US Bank |
| GSR 2006-AR1 | GMACM | | | US Bank |
| GSR 2006-AR2 | GMACM | RFC | | Citibank |
| GSR 2007-AR1 | GMACM | RFC | HF | Deutsche Bank |
| GSR2007-4F | GMACM | | | US Bank |
| HALO 2007-AR2 | GMACM | RFC | | Deutsche Bank |
| HARBORVIEW 2003-1 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2004-10 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2004-4 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2004-5 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2004-6 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2004-7 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2004-8 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2005-11 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2005-15 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2005-4 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2005-6 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2005-7 | GMACM | | | Deutsche Bank |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| HARBORVIEW 2006-13 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2006-14 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2006-8 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2007-4 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2007-6 | GMACM | | | Deutsche Bank |
| HARBORVIEW 2007-7 | GMACM | RFC | | Deutsche Bank |
| HARBORVIEW 2007-A | GMACM | | | Deutsche Bank |
| JPM MGT 19948-0 | GMACM | Pending | Pending | |
| LBSO PURCHASED - BSM 6515 | GMACM | Pending | Pending | |
| LBSO PURCHASED - GBG 6516 | GMACM | Pending | Pending | |
| LBSO PURCHASED REIT 6517 | GMACM | Pending | Pending | |
| LMT 2006-7 | GMACM | | | HSBC |
| LUMINENT 2006-3 | | RFC | | HSBC |
| LUMINENT 2006-4 | GMACM | | | HSBC |
| LUMINENT 2006-5 | GMACM | RFC | | HSBC |
| MABS 2005-AB1 | GMACM | | | US Bank |
| MANA 2007-A2 | GMACM | RFC | | HSBC |
| MANA 2007-AF1-B | GMACM | RFC | | HSBC |
| MANA 2007-OAR3 | GMACM | RFC | | HSBC |
| MARM ARM TRST 2004-3 | GMACM | | | Bank of New York |
| MAST ALT TRST 2002-1 | GMACM | | | Bank of New York |
| MAST ALT TRST 2002-2 | GMACM | | | Bank of New York |
| MAST ALT TRST 2002-3 | GMACM | | | Bank of New York |
| MAST ALT TRST 2003-2 | GMACM | | | Bank of New York |
| MAST ALT TRST 2003-3 | GMACM | | | Bank of New York |
| MAST ALT TRST 2003-4 | GMACM | | | Bank of New York |
| MAST ALT TRST 2003-5 | GMACM | | | Bank of New York |
| MAST ALT TRST 2003-6 | GMACM | | | Bank of New York |
| MAST ALT TRST 2003-7 | GMACM | | | Bank of New York |
| MAST ALT TRST 2003-8 | GMACM | | | US Bank |
| MAST ALT TRST 2003-9 | GMACM | | | US Bank |
| MAST ALT TRST 2004-1 | GMACM | | | US Bank |
| MAST ALT TRST 2004-10 | GMACM | | | US Bank |
| MAST ALT TRST 2004-11 | GMACM | | | US Bank |
| MAST ALT TRST 2004-12 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2004-13 | GMACM | | | US Bank |
| MAST ALT TRST 2004-2 | GMACM | | | US Bank |
| MAST ALT TRST 2004-3 | GMACM | | | US Bank |
| MAST ALT TRST 2004-4 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2004-5 | GMACM | | | US Bank |
| MAST ALT TRST 2004-6 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2004-7 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2004-8 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2004-9 | GMACM | | | US Bank |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| MAST ALT TRST 2005-1 | GMACM | | | US Bank |
| MAST ALT TRST 2005-2 | GMACM | | | Bank of New York |
| MAST ALT TRST 2005-3 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2005-4 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2005-5 | GMACM | | | Wilmington Trust |
| MAST ALT TRST 2005-6 | GMACM | | | US Bank |
| MAST ALT TRST 2006-1 | GMACM | | | Citibank |
| MAST ALT TRST 2006-3 | GMACM | | | Bank of New York |
| MAST ALT TRST 2007-1 | GMACM | | | US Bank |
| MAST ALT TRST 2007-HF1 | GMACM | | | Citibank |
| MAST ARM TRST 2003-2 | GMACM | | | Bank of New York |
| MAST ARM TRST 2003-7 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-1 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-10 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-11 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-12 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-14 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-15 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-2 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-4 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-5 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-6 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-7 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-8 | GMACM | | | Bank of New York |
| MAST ARM TRST 2004-9 | GMACM | | | Bank of New York |
| MAST ARM TRST 2005-1 | GMACM | | | Bank of New York |
| MAST ARM TRST 2005-2 | GMACM | | | Bank of New York |
| MAST ARM TRST 2005-3 | GMACM | | | Bank of New York |
| MAST ARM TRST 2005-6 | GMACM | | | Bank of New York |
| MAST ARM TRST 2005-7 | GMACM | | | US Bank |
| MAST ARM TRST 2005-8 | GMACM | | | Bank of New York |
| MAST ARM TRST 2006-OA2 | GMACM | RFC | | US Bank |
| MAST ARM TRST 2007-1 | | RFC | | US Bank |
| MAST ARM TRST 2007-2 | GMACM | | | US Bank |
| MAST REPERF 2005-1 | GMACM | | | HSBC |
| MAST REPERF 2005-2 | GMACM | | | HSBC |
| MAST REPERF 2006-1 | GMACM | | | HSBC |
| MAST REPERF 2006-2 | GMACM | | | HSBC |
| MASTR SEC TR 2002-7 | GMACM | | | Citibank |
| MASTR SEC TR 2002-8 | GMACM | | | Bank of New York |
| MASTR SEC TR 2003-10 | GMACM | | | US Bank |
| MASTR SEC TR 2003-11 | GMACM | | | US Bank |
| MASTR SEC TR 2003-12 | GMACM | | | US Bank |
| MASTR SEC TR 2003-2 | GMACM | | | Bank of New York |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| MASTR SEC TR 2003-3 | GMACM | | | Bank of New York |
| MASTR SEC TR 2003-4 | GMACM | | | Bank of New York |
| MASTR SEC TR 2003-5 | GMACM | | | Deutsche Bank |
| MASTR SEC TR 2003-6 | GMACM | | | US Bank |
| MASTR SEC TR 2003-7 | GMACM | | | US Bank |
| MASTR SEC TR 2003-8 | GMACM | | | US Bank |
| MASTR SEC TR 2003-9 | GMACM | | | US Bank |
| MASTR SEC TR 2004-1 | GMACM | | | Citibank |
| MASTR SEC TR 2004-10 | GMACM | | | Wilmington Trust |
| MASTR SEC TR 2004-11 | GMACM | | | Wilmington Trust |
| MASTR SEC TR 2004-3 | GMACM | | | Wilmington Trust |
| MASTR SEC TR 2004-4 | GMACM | | | Citibank |
| MASTR SEC TR 2004-5 | GMACM | | | Wilmington Trust |
| MASTR SEC TR 2004-6 | GMACM | | | Wilmington Trust |
| MASTR SEC TR 2004-8 | GMACM | | | US Bank |
| MASTR SEC TR 2004-9 | GMACM | | | Wilmington Trust |
| MASTR SPEC LN TR 2004-2 | GMACM | | | Deutsche Bank |
| MASTR SPEC LN TR 2005-1 | GMACM | | | Deutsche Bank |
| MASTR SPEC LN TR 2005-2 | GMACM | | | Deutsche Bank |
| MASTR SPEC LN TR 2005-3 | GMACM | | | Deutsche Bank |
| MASTR SPEC LN TR 2006-1 | GMACM | | | Deutsche Bank |
| MASTR SPEC LN TR 2006-2 | GMACM | | | Deutsche Bank |
| MASTR SPEC LN TR 2006-3 | GMACM | | | Deutsche Bank |
| MERRILL LYNCH 2003-A2 | GMACM | | | Bank of New York |
| MERRILL LYNCH 2003-A4 | GMACM | | | Bank of New York |
| MLMI 2005-A6 | GMACM | | | US Bank |
| MORTGAGE IT 2004-1 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| MORTGAGE IT 2004-2 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| MORTGAGE IT 2005-1 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| MORTGAGE IT 2005-2 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| MORTGAGE IT 2005-3 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| MORTGAGE IT 2005-4 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| MORTGAGE IT 2005-5 | GMACM | | | Deutsche Bank (Indenture Trustee), Wilmington Trust (Owner Trustee) |
| MORTGAGE IT 2005-AR1 | GMACM | | | Deutsche Bank |
| MORTGAGE IT 2006-1 | GMACM | | | Deutsche Bank |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| MORTGAGE IT 2007-1 | GMACM | | | HSBC |
| MSSTR 2004-01 | GMACM | | | US Bank |
| MSSTR 2005-1 | GMACM | | | US Bank |
| MSSTR 2005-2 | GMACM | | | Wilmington Trust |
| NAAC 2004-AP3 | GMACM | | | HSBC |
| NAAC 2005-AP1 | GMACM | | | HSBC |
| NAAC 2005-AP2 | GMACM | | | HSBC |
| NAAC 2005-AP3 | GMACM | | | HSBC |
| NAAC 2005-S2 | GMACM | | | HSBC |
| NAAC 2005-S3 | GMACM | | | HSBC |
| NAAC 2005-S4 | GMACM | | | HSBC |
| NAAC 2006-AR3 | GMACM | | | HSBC |
| NAAC 2006-AR4 | GMACM | | | HSBC |
| NAAC 2006-S1 | GMACM | | | HSBC |
| NAAC 2006-S2 | GMACM | | | HSBC |
| NAAC 2007-1 | GMACM | | | HSBC |
| NAAC 2007-2 | GMACM | | | HSBC |
| NAAC 2007-3 | GMACM | | | HSBC |
| NAAC 2007-S2 | GMACM | | | HSBC |
| NHEL 2007-1 | GMACM | | | HSBC |
| NMIMWHSE | GMACM | Pending | Pending | |
| PNC WAREHOUSE | GMACM | RFC | Pending | |
| PRIME 2003-3 | GMACM | | | US Bank |
| PRIME 2004-1 | GMACM | | | US Bank |
| PRIME 2004-CL1 | GMACM | | | US Bank |
| PRIME 2004-CL2 | GMACM | | | US Bank |
| PRIME 2005-2 | GMACM | | | US Bank |
| PRIME 2005-4 | GMACM | | | US Bank |
| PRIME 2005-5 | GMACM | | | US Bank |
| PRIME 2006-1 | GMACM | | | US Bank |
| PRIME 2006-CL1 | GMACM | | | US Bank |
| RBSCG 2007-B | GMACM | | | Deutsche Bank |
| RBSGC 2005-A | GMACM | | | US Bank |
| REDWOOD TRST WH 2011 | GMACM | Pending | Pending | |
| RMSC 1991-15 | GMACM | | | Bank of New York |
| RMSC 1991-16 | GMACM | | | Bank of New York |
| ROOSEVELT BANK 93-4R | GMACM | Pending | Pending | |
| SACO 2007-1 | GMACM | | | Citibank |
| SAIL 2005-5 | GMACM | | | US Bank |
| SAIL 2005-9 | GMACM | | | US Bank |
| SAIL 2006-2 | GMACM | | | US Bank |
| SAIL 2006-3 | GMACM | | | US Bank |
| SAMI 2003-AR1 | GMACM | | | Bank of New York |
| SAMI 2004-AR6 | GMACM | | | Bank of New York |

| Name of RMBS Trust | GMACM | RFC | HF | Applicable Trustee |
|---|---|---|---|---|
| SAMI 2005-AR1 | GMACM | | | Bank of New York |
| SARM 2004-4 | GMACM | | | HSBC |
| SASCO 1995-02 | GMACM | | | Bank of New York |
| SASCO 2001-9 | GMACM | | | Bank of New York |
| SASCO 2002-9 | GMACM | RFC | | Bank of New York (Indenture Trustee) Wilmington Trust (Owner Trustee) |
| SASCO 2006-BC2 | GMACM | | | US Bank |
| SASCO 2008-RF1 | GMACM | | | HSBC |
| SASI 1993-006 | GMACM | RFC | | |
| SEQUOIA MORTGAGE TRUST 2004-10 | GMACM | RFC | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-11 | GMACM | RFC | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-12 | GMACM | RFC | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-3 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-4 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-5 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-6 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-7 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-8 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2004-9 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2005-1 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2005-2 | GMACM | RFC | | HSBC |
| SEQUOIA MORTGAGE TRUST 2005-3 | GMACM | RFC | | HSBC |
| SEQUOIA MORTGAGE TRUST 2005-4 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2007-1 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2007-2 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2007-3 | GMACM | | | HSBC |
| SEQUOIA MORTGAGE TRUST 2007-4 | GMACM | | | HSBC |

| Schedule B - Non-Active Debtor Servicing Trusts. | | |
|---|---|---|
| Master Servicer incorporates the Addendum to the Proof of Claim by reference and asserts **_Non-Active Servicing Claims and Alter Ego Claims_** against the named Debtor(s) as Servicers identified for each RMBS Trust listed below. | | |
| **Name of RMBS Trust** | **Debtor(s)** | **Applicable Trustee** |
| ACE 2007-SL2 | GMACM and RFC | HSBC |
| ALLIANCE 2007-OA1 | GMACM | Deutsche Bank |
| BS ABS 2001-2 | GMACM | |
| BS ABS 2005-AC4 | GMACM | US Bank |
| BS ABS 2005-AC5 | GMACM | US Bank |
| DEUTSCHE ALT 2006-AR4 | GMACM | HSBC |
| DEUTSCHE ALT 2007-AR1 | GMACM and RFC | HSBC |
| DEUTSCHE ALT 2007-BAR1 | GMACM | HSBC |
| DEUTSCHE ALT 2007-OA1 | RFC | HSBC |
| GSR 2007-OA2 | RFC | Deutsche Bank |
| HARBORVIEW 2003-2 | GMACM | Deutsche Bank |
| HARBORVIEW 2004-1 | GMACM | Deutsche Bank |
| HARBORVIEW 2007-2 | GMACM and RFC | Deutsche Bank |
| LUMINENT 2006-6 | GMACM and RFC | HSBC |
| LUMINENT 2007-2 | RFC | HSBC |
| MANA 2007-OAR2 | GMAC | HSBC |
| MANA 2007-OAR4 | RFC | HSBC |
| MORGAN STANLEY 2005-10 | GMACM | Deutsche Bank |
| MORGAN STANLEY 2005-11AR | GMACM | Deutsche Bank |
| MORGAN STANLEY 2005-3AR | GMACM | Deutsche Bank |
| MORGAN STANLEY 2005-5AR | GMACM | Deutsche Bank |
| MORGAN STANLEY 2005-6AR | GMACM | Deutsche Bank |
| MORGAN STANLEY 2005-7 | GMACM | Deutsche Bank |
| MORGAN STANLEY 2005-9AR | GMACM | Deutsche Bank |
| Morgan Stanley 2007-1XS | GMACM | US Bank |
| MORTGAGE IT 2007-2 | GMACM | HSBC |
| NAAC 2005-AR3 | GMACM | HSBC |
| NAAC 2005-AR4 | GMACM | HSBC |
| NAAC 2005-AR5 | GMACM | HSBC |
| NAAC 2005-AR6 | GMACM | HSBC |
| NAAC 2006-AF1 | GMACM | HSBC |
| NAAC 2006-AF2 | GMACM | HSBC |
| NAAC 2006-AP1 | GMACM | HSBC |
| NAAC 2006-AR1 | GMACM | HSBC |
| NAAC 2006-AR2 | GMACM | HSBC |
| NAAC 2006-S3 | GMACM | HSBC |
| NAAC 2006-S4 | GMACM | HSBC |
| NAAC 2006-S5 | GMACM | HSBC |
| NAAC 2007-S1 | GMACM | HSBC |

| Name of RMBS Trust | Debtor(s) | Applicable Trustee |
|---|---|---|
| NHEL 2006-AF1 | GMACM | HSBC |
| SOUNDVIEW 2007-1 | GMACM | Deutsche Bank |

| Schedule C - Monolines | |
|---|---|
| **Name of RMBS Trust** | **Monoline(s)** |
| ACE 2007-SL1 | Ambac |
| ACE 2007-SL2 | Ambac |
| AHM 2005-1 | FGIC |
| AHM 2005-1 | FGIC and Ambac |
| AHM 2005-2 | FGIC |
| AHM 2005-4 | FGIC |
| BAFC 2005-4 | Ambac |
| BAYVIEW 2005-B | FGIC |
| BS ABS 2005-AC5 | FGIC and Ambac |
| BS ABS 2007-SD3 | FGIC |
| BSSLT 2007-SV1 | Syncora |
| DBALT 2003-4XS | MBIA |
| DBALT 2005-AB2 | Ambac |
| DBALT 2006-AB1 | Assured |
| DBALT 2006-AB2 | Ambac |
| DBALT 2006-AB3 | Assured |
| DBALT 2006-AB4 | Assured |
| DBALT 2007-1 | MBIA |
| DBALT 2007-AR3 | MBIA |
| DMSI 2004-5 | FGIC |
| HARBORVIEW 2005-11 | Syncora |
| HARBORVIEW 2005-15 | Syncora |
| MABS 2005-AB1 | FGIC |
| MAST ALT TRST 2002-3 | MBIA |
| MAST ARM TRST 2007-1 | Assured |
| MASTR 2006-OA2 | Ambac |
| NAAC 2007-1 | Assured |
| NAAC 2007-3 | Ambac |
| NAAC 2007-S2 | Ambac |
| NAAC 2007-S2 | Syncora |
| PRIME 2003-3 | MBIA |
| PRIME 2004-1 | Radian |
| STC 2007-1 | Syncora |