MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK, NY  10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

September 4, 2013

Writer's Direct Contact
212.468.8043
CKerr@mofo.com

**By Email**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

        Re:    In re Residential Capital, LLC, *et al*., Chapter 11 Case No. 12-12020 (MG)

Dear Judge Glenn:

        We are counsel to Residential Capital, LLC and its debtor affiliates in the above-
captioned cases (the "Debtors").  We write in connection with the *Order Granting Motion to
Implement Discovery Protocol Related to Plan Confirmation*, dated September 3, 2013 [Dkt.
No. 4913] ("Order").  In accordance with the Order, the Debtors, the Creditors' Committee,
the Ad Hoc Group and UMB Bank, N.A. have met and conferred regarding privilege logs as
described in Section 7 of the *Amended Proposed Order Establishing a Discovery Protocol in
Connection with Discovery Relating to Plan Confirmation* [Dkt. No. 4911-1] ("Discovery
Protocol").  *See* Order at 1.

        At the hearing on September 3, 2013, the principal objections expressed by the Ad
Hoc Group regarding privilege logs related to Subsections 7(v) and 7(vi) of the Discovery
Protocol.  In an effort to resolve those objections, the Debtors have amended those
subsections to track language to which the Debtors and the Ad Hoc Group have already
agreed in connection with discovery in the Adversary Proceeding.   Specifically, the parties
had previously agreed in the Adversary Proceeding that they would not log "communications
solely between attorneys and clients in which no other party is in the to or cc line" or
"communications between FAs (financial advisors) and the respective law firms."  The
replacement language in subsections (v) and (vi) tracks this previously agreed to carve-out
language.

        During the meet and confer, the Ad Hoc Group sought two additional changes to
Section 7 of the Discovery Protocol which the Debtors do not believe are appropriate.

ny-1107287

MORRISON | FOERSTER

The Honorable Martin Glenn
September 4, 2013
Page Two

First, the Ad Hoc Group requested that the Debtors provide an explanation as to which documents would be covered by Subsection 7(vii) of the Discovery Protocol. That subsection provides that parties will not be required to undertake the extremely burdensome task of logging "[d]ocuments protected by the confidentiality requirements imposed by this Court's Order Appointing Mediator, entered December 26, 2012 [Dkt. No. 2519] (the "Mediation Confidentiality Order"), and General Order M-390." In the Debtors' view, the terms of this Court's Mediation Confidentiality Order and General Order M-390 are clearly expressed therein and do not require reiterating or summarizing in the body of the Discovery Protocol.

Second, the Ad Hoc Group has taken the position that the Debtors should be required to log all documents that may otherwise fall within one of the exceptions set forth in Subsections 7(i) through (vii) of the Discovery Protocol that relate to intercompany claims. The Ad Hoc Group has taken the position that any attorney-client communications regarding intercompany claims could not be protected by the attorney-client privilege because of the Debtors' counsels' alleged conflicts of interest. In the Debtors' view, the Ad Hoc Group's position reflects yet another attempt to re-litigate issues that have already been decided against them. *See* Order Denying JSNs' Conflicts Motion [Dkt. No. 4415]; *see also* July 30, 2013 Hr'g Tr. at 68 ("[I]t is standard practice to allow one law firm to represent multiple debtors even when intercompany claims exist, in order to conserve estate assets.").

A clean copy of a further revised Discovery Protocol is attached hereto as Exhibit 1, with a blackline, attached hereto as Exhibit 2, showing the changes from the version filed as Dkt. No. 4911-1. We note that, by agreement, there was also one additional typographical change to Subsections 3(h) and 10(b) of the Discovery Protocol. The Debtors respectfully request that the Court enter the Discovery Protocol attached hereto.

Respectfully submitted,

/s/Charles L. Kerr

Charles L. Kerr

cc:    J. Christopher Shore, Esq. (by electronic delivery)
       Gerard Uzzi, Esq. (by electronic delivery)
       Kenneth H. Eckstein (by electronic delivery)
       Phillip S. Kaufman (by electronic delivery)
       Gregory Horowitz (by electronic delivery)

ny-1107287