**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------
                                                        )
   In re:                                               )    Case No. 12-12020 (MG)
                                                        )
   RESIDENTIAL CAPITAL, LLC, et al.,                    )    Chapter 11
                                                        )
                                       Debtors.         )    Jointly Administered
                                                        )
----------------------------------------------------------------------------

**AMENDED PROPOSED ORDER ESTABLISHING A DISCOVERY PROTOCOL**
**IN CONNECTION WITH DISCOVERY RELATING TO PLAN CONFIRMATION**

WHEREAS, Residential Capital, LLC and its affiliated Debtors (collectively, the "Debtors") filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 4153] (the "Plan"); and

WHEREAS, the Plan may present contested issues of fact and law (hereinafter, "Plan Issues"); and

WHEREAS, the Debtors have brought before this Court their Motion for Entry of an Order Establishing a Discovery Protocol in Connection with Discovery Related to Plan Confirmation; and

WHEREAS, the Debtors have provided extensive discovery to various parties-in-interest over the course of these Chapter 11 Cases, including the production of over 14 million pages of documents; and

WHEREAS, the Court finds that it would be in the best interests of the Debtors and all interested parties that discovery in connection with Plan Issues arising out of objections to and/or

1

ny-1100227

d)      The Debtors will include in the Repository all formal document demands and responses and objectors thereto that were served in these proceedings in connection with the production of documents that are being placed in the Repository.

e)      The Debtors will include in the Repository copies of all available privilege logs produced in connection with the productions of documents included in the Repository.

f)      The Debtors shall, in good faith, meet and confer with any Participant seeking to identify a specific document or category of documents within the Repository.

g)      The Repository shall be housed in a Relativity review database and shall be maintained in a searchable form. The database review tool shall also provide basic functions and features such as tagging, printing, and downloading. The Debtors shall be responsible for the costs of housing the Repository. Each Participant shall be responsible for the cost of its respective seat license(s) and downloading from the Repository.

h)      Document production requests to the Debtors pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure shall not be allowed without good cause shown by any ~~Plan~~ Participant seeking document discovery from the Debtors in addition to those documents housed in the Repository. Such showing of good cause must include: (a) a description of the custodian(s) for whom the requesting Participant seeks additional document discovery; (b) the specific date ranges for such additional document discovery; (c) a list of reasonably crafted and specific search terms that are not duplicative of the search terms set forth in Exhibit E for such additional document discovery; and (d) a detailed explanation why the documents and data housed in the Repository do not constitute adequate document discovery of the Debtors for purposes of Plan confirmation. The Debtors and the Participant requesting additional document

7

Request, along with the proposed search terms and strings, and will in good faith generate a responsive list of search terms and strings that are reasonably calculated to lead to the discovery of admissible evidence. AFI and/or the Committee shall make the search terms and strings, along with a statement of the reason(s) for rejecting any proposed search terms and strings, available to Participants contemporaneously with its response and objections.

      c)      If necessary, AFI and/or the Committee shall meet and confer with applicable Participants regarding any disputes concerning an AFI or Committee Request and responses thereto within three (3) business days following the service of responses and objections. To the extent any disputes regarding an AFI or Committee Request cannot be resolved through the meet and confer process, the dispute shall be submitted to the Court for resolution by the simultaneous submission of letter briefs not to exceed three (3) single-spaced pages. No hearing on any dispute regarding an AFI or Committee Request shall be held unless requested by the Court.

      d)      AFI and/or the Committee shall begin searching for and producing documents as expeditiously as reasonably practicable after being served an AFI or Committee Request. Such production shall be on a rolling basis and produced in electronic form. AFI and/or the Committee shall provide a copy of all documents produced pursuant to an AFI or Committee Request to the Debtors for uploading to the Repository. AFI and/or the Committee must certify substantial completion on or before October 11, 2013, and must certify completion of such production on or before October 18, 2013.

      7.      <u>Privilege Logs</u>. All Participants and Non-Participants shall prepare and produce privilege logs respecting any documents withheld from any new production made in accordance with this Order within seven (7) days of certifying completion of production, and in no event

later than October 25, 2013. Participants and Non-Participants shall not be required to search, produce, or identify on any log, documents from the following categories of privileged documents, regardless of when the documents were created:

 i) Hard copy files of in-house and outside counsel;

 ii) Documents and communications solely between in-house counsel and outside counsel;

 iii) Internal documents and communications solely within an outside counsel's law firm;

 iv) Documents and communications solely between or among outside counsel law firms for a single client;

 v) Documents and communications solely between ~~or among client and inside counsel or outside counsel~~ <ins>attorneys and their clients, provided that no other party is listed in the "to" "from" or "cc" line</ins>;

 vi) ~~To the extent a request seeks documents prepared or dated after the date of filing of the Debtors' chapter 11 petitions, internal documents~~ <ins>Documents</ins> and communications ~~solely within~~ <ins>that are between</ins> a Participant or Non-Participant's ~~outside advisor~~ <ins>financial advisors and the attorneys for that Participant or Non-Participant, provided that no other party is listed in the "to" "from" or "cc" line</ins>;

 vii) Documents protected by the confidentiality requirements imposed by this Court's Order Appointing Mediator, entered December 26, 2012 [Dkt. No. 2519] (the "Mediation Confidentiality Order"), and General Order M-390.

The parties shall meet and confer respecting the extent to which category privilege logs and/or document by document privilege logs shall be utilized (and the timing, form, content, terms and conditions thereto), and any Party may seek relief from the Court in the event agreement cannot be reached. In the event that the Parties agree to a category log with respect to a certain group of

13

ny-1100227

documents, and a Party subsequently determines that the category log for those documents is insufficient, the Parties shall meet and confer respecting the request for additional information with respect to those documents. In the event that a consensual resolution cannot be reached, the Participant or Non-Participant seeking additional information may seek relief from the Court. To the extent that a Participant or Non-Participant needs more time to complete its privilege log, it may apply to the Court for such relief or so stipulate with the Participant that served the request. The Privilege Log shall be posted in the Repository. In the event that a Participant objects to the designation of a document as "privileged," such objection shall be submitted to the Court for resolution by simultaneous letter brief.

8. <u>Depositions of Debtor Witnesses</u>.

a) Within seven (7) days of the Notice of Intent Deadline, the Debtors shall serve upon the Participants a list of those witnesses the Debtors intend to call as a fact witness at the Plan confirmation hearing (the "Debtors' Initial Witness List"), along with a proposed schedule for the depositions of those witnesses. Within seven (7) days of receiving an Initial Witness List from a Participant, the Debtors may serve a revised list that adds additional fact witnesses to their Initial Witness List. The Debtors and Participants shall meet and confer in good faith to resolve any scheduling issues with regard to the depositions of the Debtors' witnesses.

b) Should a Participant or Participants seek to depose any Debtor witnesses in addition to those witnesses appearing on the Debtors' Initial Witness List, the Participant(s) shall meet and confer with the Debtors in an effort to reach agreement on the identity of additional Debtor deponents, if any. To the extent that agreement cannot be reached regarding the identity of additional Debtor deponents, a Participant seeking to depose any Debtor witness(es) not listed on the Debtors' Initial Witness List may make an application to the Court seeking leave to

b) Depositions of witnesses on an Initial Witness List shall be conducted in accordance with the Federal Rules of Civil Procedure. Depositions of such witnesses shall be limited to seven (7) hours, including any depositions taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

10. Expert Discovery.

a) The Debtors, the Committee, and all Participants intending to rely upon the testimony of an expert witness at the Plan confirmation hearing, shall identify all such proposed testifying experts and serve all disclosures required by Federal Rule of Civil Procedure 26(a)(2), including expert reports, by October 18, 2013.

b) Rebuttal Reports. The Debtors and the Committee, and any ~~Plan~~ Participant may serve and file rebuttal expert reports above within fourteen (14) days of the deadline for service of initial expert reports.

c) Expert Depositions. All expert depositions shall be completed no less than ten (10) days after service of rebuttal expert reports. Only Participants may attend and participate in the depositions of experts. Expert depositions shall be conducted pursuant to the Federal Rules of Civil Procedure and shall be limited to seven hours in length. Participants shall reasonably and in good faith confer in advance of each expert deposition concerning the order of examination of the deponent and allocations of time for questioning the deponent. All expert depositions shall be conducted in New York City, New York.

11. Interrogatories and Requests for Admission. Without leave of this Court upon a specific showing of good cause, interrogatories pursuant to Federal Rule of Civil Procedure 33,

16

ny-1100227