**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER GRANTING DEBTORS' TWENTY-THIRD OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY – BOOKS AND RECORDS CLAIMS)

Upon the twenty-third omnibus objection to claims, dated July 25, 2013 (the

"Twenty-Third Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated

debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession

(collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and

expunging the No Liability Claims on the basis that such claims fail to articulate any legal or

factual justification for asserting a claim against the Debtors, all as more fully described in the

Twenty-Third Omnibus Claims Objection; and it appearing that this Court has jurisdiction to

consider the Twenty-Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Twenty-Third Omnibus Claims Objection and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Twenty-

Third Omnibus Claims Objection having been provided, and it appearing that no other or further

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Debtors' Twenty-Third Omnibus Claims Objection.

notice need be provided; upon consideration of the Twenty-Third Omnibus Claims Objection

and the *Declaration of Deanna Horst in Support of the Debtors' Twenty-Third Omnibus*

*Objection to Claims (No Liability – Books and Records Claims)*, annexed to the Twenty-Third

Omnibus Claims Objection as Exhibit 1; and the Court having found and determined that the

relief sought in the Twenty-Third Omnibus Claims Objection is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the Twenty-Third Omnibus Claims Objection establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Third Omnibus Claims

Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit A** annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "No Liability Claims") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the No Liability Claims identified on the

schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the

Debtors' claims register; and it is further

ORDERED that the Twenty-Third Omnibus Claims Objection solely as it relates

to the claim filed by Ross Thayer (Claim No. 956) has been adjourned to the omnibus hearing

scheduled for September 11, 2013; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twenty-Third Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on **Exhibit A**, and all rights to object on any basis are expressly reserved with respect to any other claim not listed on **Exhibit A**; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on **Exhibit A**, annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED:**

Dated:  September 4, 2013
          New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

3

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | AMABILE KOENIG<br>8625 JAMESTOWN DRIVE<br>WHITE LAKE, MI 48386 | 2782 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$940,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant is ineligible to receive severance under terms of employment contract, and claims for unpaid severance and damages for alleged emotional distress are therefore invalid. |
| 2 | Clark J. Gebman<br>8686 Sheridan Dr<br>Buffalo, NY 14221 | 5643 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,000,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim seeks damages for alleged tortious interference by Debtors; however, the claim is not based on any identified contract, business relationship or valid business expectancy that would form the predicate to support a finding against any Debtor. |
| 3 | Ivy Le<br>Michael J. Studenka, Esq.<br>Newmeyer & Dillion, LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach, CA 92660 | 3532 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 4 | Ivy Le<br>Michael J. Studenka, Esq.<br>Newmeyer & Dillion, LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach, CA 92660 | 3534 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 5 | Jenkins Teneka vs GMAC Mortgage LLC<br>Erin Patrick Lyons<br>Dutton Braun Staack and Hellman<br>PO Box 810<br>Waterloo, IA 50704 | 2871 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$130,179.55 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Complaint seeking alleged disability discrimination by Debtors was filed prepetition by claimant against GMAC Mortgage, LLC with the Iowa Civil Rights Commission ("ICRC"), Case No. 26A-2012-00351C (EEOC), Case No. 1-12-62002 (ICRC); however, ICRC dismissed the complaint, closed the matter on May 3, 2012, and accordingly, there is no legal basis for liability of any Debtor to claimant. |
| 6 | M Nawaz Raja et al v Indy Mac Bank FSB GMAC Mortage LLC GMAC LLC et al no other Ally or ResCap entities named<br>42907 Parkbrooke Ct<br>Broadlands, VA 20148 | 1276 | 10/12/2012 | $91,662,688.32<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant has never been a borrower under a mortgage loan owned or serviced by Debtors and, accordingly, there is no legal basis for liability of any Debtor to claimant. |
| 7 | M. Nawaz Raja vs Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al<br>42907 Parkbrooke Court<br>Broadlands, VA 20148 | 1511 | 10/22/2012 | $0.00<br>$0.00<br>$91,662,688.32<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant has never been a borrower under a mortgage loan owned or serviced by Debtors and, accordingly, there is no legal basis for liability of any Debtor to claimant. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | Claims to Be Disallowed and Expunged | | | | |
| 8 | Neelum Nawaz Raja vs. Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al 42907 Parkbrooke Court Broadlands, VA 20148 | 1510 | 10/22/2012 | $0.00 $0.00 $91,662,688.32 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant has never been a borrower under a mortgage loan owned or serviced by Debtors and, accordingly, there is no legal basis for liability of any Debtor to claimant. |
| 9 | Nicholas Hagar Michael J. Studenka, Esq. Newmeyer & Dillion, LLP 895 Dove Street, Fifth Floor Newport Beach, CA 92660 | 3522 | 11/09/2012 | $0.00 $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Debtors are not liable to claimant for payment of wages, salaries or commissions because claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions, in connection with claimant's termination of employment. |
| 10 | Nicholas Hagar Michael J. Studenka, Esq. Newmeyer & Dillion, LLP 895 Dove Street, Fifth Floor Newport Beach, CA 92660 | 3530 | 11/09/2012 | $0.00 $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors are not liable to claimant for payment of wages, salaries or commissions because claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions, in connection with claimant's termination of employment. |
| 11 | RONALD WAGNER 464 ROSLYN AVE GLENSIDE, PA 19038 | 1095 | 10/10/2012 | $0.00 $0.00 $0.00 $11,692.41 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 12 | SUNCOAST MORTGAGE CORPORATION 4129 CHURCH RD MOUNT LAUREL, NJ 08054 | 2774 | 11/07/2012 | $0.00 $0.00 $0.00 $0.00 $2,400,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Management, LLC | 12-12066 | As alleged claims for breach of contract and tortious interference with contract are based on allegations that Ally Bank stopped lending to claimant, there is no basis for liability of any Debtor to claimant on account of claims arising from such act. |
| 13 | The S.E. Farris Law Firm 116 East Lockwood St. Louis, MO 63119 | 2242 | 11/05/2012 | $0.00 $0.00 $0.00 $0.00 $200,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim seeks payment of attorneys' fees in a foreclosure-related case in which claimant is plaintiff's counsel and GMAC Mortgage, LLC is a defendant; Debtors have determined that plaintiff is not entitled to attorneys' fees under any applicable statute. |
| 14 | Tony Bolton Michael J. Studenka, Esq. Newmeyer & Dillion, LLP 895 Dove Street, Fifth Floor Newport Beach, CA 92660 | 3535 | 11/09/2012 | $0.00 $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to Be Disallowed and Expunged | | | |
| 15 | Tony Bolton<br>Michael J. Studenka, Esq.<br>Newmeyer & Dillion, LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach, CA 92660 | 3537 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 16 | William Lyon & Associates INC.<br>2261 River Plaza Dr #398<br>Sacramento , CA 95833 | 3657 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$217,310.82 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors are not liable to claimant for reimbursement of expenses because such amounts were already paid and claims were released under a settlement agreement executed by claimant. |