**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel   + 1 212 819 8200
Fax  + 1 212 354 8113
whitecase.com

Direct Dial + 212-819-8394     cshore@whitecase.com

September 4, 2013

BY EMAIL

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

Re:  In re Residential Capital LLC, et al., Case No. 12-12020 (MG) (the "Cases"); Official Comm. Of Unsecured Creditors v. UMB Bank, N.A., et al., Adv. Pro No. 13-01277; Residential Capital LLC,et al. v. UMB Bank, N.A., et al., Adv. Pro. No. 13-01343 (MG) (together, the "Consolidated Adversary Proceeding")

Dear Judge Glenn:

We write on behalf of the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group") and UMB Bank, N.A. as successor indenture trustee for the Junior Secured Notes (the "Notes Trustee" and together with the Ad Hoc Group, the "JSNs") to respond to the letter (the "Debtors' Letter") sent to chambers and filed earlier today by Charles L. Kerr of Morrison & Foerster LLP ("Mofo") with that certain Amended Proposed Order Establishing a Discovery Protocol in Connection with Discovery Relating to Plan Confirmation (ECF No. 4930-1) (the "Amended Proposed Order").

In accordance with the Court's direction at yesterday's hearing, counsel for the JSNs and the plan proponents participated in a telephonic meet and confer last night.  During that call, the JSNs raised three issues with respect to the Debtors' version of the Amended Proposed Order filed with the Court yesterday:  (i) the need to revise section 7 to require that any privilege log include a schedule of those documents being withheld that relate to inter-Debtor claims and causes of action; (ii) the need for further clarification as to those categories of documents the Debtors contend are protected by the mediation privilege and thus will be exempt from privilege logs pursuant to section 7(vii) of the Amended Proposed Order; and (iii) whether the Debtors intended to eliminate paragraph 1(b) of the Amended Proposed Order which provides that "this order shall not apply to the Consolidated Adversary Proceeding," and if so, that the JSN's would have additional minor revisions relating to Phase 2 procedures.

ABU DHABI  ALMATY  ANKARA  BEIJING  BERLIN  BRATISLAVA  BRUSSELS  BUCHAREST  BUDAPEST  DOHA  DÜSSELDORF  FRANKFURT  GENEVA
HAMBURG  HELSINKI  HONG KONG  ISTANBUL  JOHANNESBURG  LONDON  LOS ANGELES  MEXICO CITY  MIAMI  MILAN  MONTERREY  MOSCOW  MUNICH
NEW YORK  PARIS  PRAGUE  RIYADH  SÃO PAULO  SHANGHAI  SILICON VALLEY  SINGAPORE  STOCKHOLM  TOKYO  WARSAW  WASHINGTON, DC

With respect to the first issue, the Disclosure Statement discloses the existence of certain post-petition memoranda concerning inter-Debtor claims and causes of action. See Disclosure Statement for Joint Chapter 11 Plan (ECF No. 4770-1) at 40-42. The Debtors have not argued in their letter, and the JSNs do not expect, that the logging of those and other like documents, if withheld, would be burdensome. Instead, in their letter, the Debtors argue that this request "reflects yet another attempt to re-litigate issues that have already been decided against them." Debtors' Letter p. 2. The issue of whether a privilege attaches to documents concerning inter-Debtor claims and causes of action, or whether such privilege has been waived, has not yet been determined by the Court. On the contrary, the Court expressly noted that "if and when the issue [of the applicability of privilege to legal advice related to intercompany claims which was referenced in the disclosure statement] arises in discovery, I'll deal with it at that time." (July 30, 2013 Hr'g Tr. 60:18-19). In light of these facts, the Debtors should be required to log at least this specific category of documents so as to preserve the right of parties to object and have the issue resolved.

With respect to the second issue, the JSNs expressed their concern on last night's call that the Debtors have in the past adopted an extremely expansive view with respect to the scope of the mediation privilege -- specifically, that any communications with any settling party on any topic during the period of the mediation is shielded from disclosure by the mediation privilege. (July 15, 2013 Hr'g Tr. 24:3-12). On the call, counsel for the Committee acknowledged the existence of a potential issue on the scope of the mediation privilege and indicated they would revert back to the JSNs on this point. In today's letter, however, the Debtors have refused to commit to any qualifying language. So as again to preserve any ability to object to what may be an overly expansive reading of prior orders, at the very least, the Amended Proposed Order should require the Debtors to log those communications among, or documents shared between, the settling parties that do not pertain directly to the substantive disputes being resolved in the mediation.

Finally, with respect to the applicability of the Amended Proposed Order to the Consolidated Adversary Proceeding, section 1(b) of the Amended Proposed Order submitted today to the Court continues to explicitly disclaim any applicability of the order to the Consolidated Adversary Proceeding, whether Phase 2 or otherwise. Despite last night's call, the Debtors made no changes to the order on this point, rendering unnecessary any further objections beyond those stated above.

We thank the Court for its consideration of these matters.

2

Respectfully submitted,

*/s/ J. Christopher Shore*

J. Christopher Shore



cc (by e-mail):

Lorenzo Marinuzzi
Todd Goren
Jamie Levitt
Kenneth Eckstein
Douglas Mannal
Gregory Horowitz
Daniel Golden
David Zensky
Gerard Uzzi