**Hearing Date: October 9, 2013 at 10:00 a.m. (ET)**
**Response Deadline: September 25, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP

1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

WOLFE & WYMAN LLP

11811 N. Tatum, Suite 3031
Phoenix, Arizona 85028-1621
Telephone: (602) 953-0100
Facsimile:  (602) 953-0101
Colt B. Dodrill

*Litigation Counsel to the Debtors*
 *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------------------

## DEBTORS' OBJECTION TO PROOF OF CLAIM
## FILED BY PAUL N. PAPAS II

# TABLE OF CONTENTS

jurisdiction, Venue And Statutory Predicate ...................................................................................1

Preliminary Statement ........................................................................................................................2

Background...........................................................................................................................................2

    A.    The Chapter 11 Cases ...........................................................................................2

    B.    The Proof Of Claim ..............................................................................................4

    C.    Claimant's Prior Participation In These Chapter 11 Cases ...............................4

    D.    The Arizona Litigation .........................................................................................6

Relief Requested..................................................................................................................................9

Objection .............................................................................................................................................9

I.    The Claim Is Not Properly Asserted Against Rescap........................................................10

II.    The Claim Is Not Supported By Sufficient Documentation..............................................11

III.    The Claim Should Be Disallowed And Expunged On Grounds Of Res Judicata,
Collateral Estoppel, And Rooker Feldman: The Arizona Litigation Has Been
Dismissed With Prejudice And The Lis Pendens Has Been Quashed .............................13

    A.    *Res Judicata*.......................................................................................................14

    B.    Collateral Estoppel .............................................................................................15

    C.    The Rooker-Feldman Doctrine...........................................................................15

IV.    Claimant Is A Vexatious Litigant ......................................................................................18

Notice ..................................................................................................................................................19

Conclusion..........................................................................................................................................20

ny-1096262

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Ashby v. Polinsky,
    No. 06-CV-6778 (DLI), 2007 U.S. Dist. LEXIS 12692 (E.D.N.Y. Feb. 22, 2007),
    aff'd, 328 Fed. Appx. 20 (2d Cir. 2009) ................................................................. 17

Buckeye Check Cashing of Ariz., Inc. v. Lang,
    No. 06-cv-792, 2007 U.S. Dist. LEXIS 12746 (S.D. Ohio Feb. 23, 2007) ............................ 14

D.C. Court of Appeals v. Feldman,
    460 U.S. 462 (1983) ................................................................................. 15, 16

DiSorbo v. Hoy,
    343 F.3d 172 (2nd Cir. 1996) ....................................................................... 14

Done v. Wells Fargo Bank, N.A.,
    08-cv-3040, 2009 U.S. Dist. LEXIS 84114 (Sept. 14, 2009) ..................................... 17

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
    544 U.S. 280 (2005) ................................................................................. 16

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ............................................................. 10

Hale v. Harney,
    786 F.2d 688 (5th Cir. 1986) ....................................................................... 17

Hoblock v. Albany Cnty. Bd. of Elections,
    422 F.3d 77 (2d Cir. 2005) ......................................................................... 16

In re Adelphia Commc'ns Corp.,
    No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ................. 10

In re Allegheny Int'l, Inc.,
    954 F.2d 167 (3d Cir. 1992) ....................................................................... 10

In re Depugh,
    409 B.R. 125 (Bankr. S.D. Tex. 2009) ............................................................. 12

Hawkins v. State, Dep't of Econ. Sec.,
    900 P.2d 1236 (App. Ct. Ariz. 1995) ............................................................. 15

ii

In re Hight,
   393 B.R. 484 (Bankr. S.D. Tex. 2008) ..................................................................... 12

In re Lehman Brothers Holdings Inc.,
   No. 08-13555 (JMP), 2010 Bankr. LEXIS 4147 (Bankr. S.D.N.Y. Nov. 10, 2010) .............. 13

In re Lundberg,
   No. 02–34542(LMW), 2008 WL 4829846 (Bankr. D. Conn. 2008) ...................................... 12

In re Minbatiwalla,
   424 B.R. 104 (Bankr. S.D.N.Y. 2010) ..................................................................... 12

In re Oneida Ltd.,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v.
   Oneida Ltd., No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010) .... 9, 10

In re Porter,
   374 B.R. 471 (Bankr. D. Conn. 2007) ..................................................................... 12

In re Rockefeller Ctr. Props.,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
   Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
   Appx. 40 (2d Cir. 2002) ..................................................................................... 10

Migra v. Warrant City Sch. Dist. Bd. of Educ.,
   465 U.S. 75 (1984) ........................................................................................... 14

Murphy v. Bd. of Med. Examiners,
   949 P.2d 530 (Ariz. Ct. App. 1998) ....................................................................... 14

Niles v. Wilshire Inv. Group, LLC,
   859 F. Supp. 2d 308 (E.D.N.Y. 2011) ..................................................................... 17

Reusser v. Wachovia Bank, N.A.,
   525 F.3d 855 (9th Cir. 2008) ............................................................................... 16

Rooker v. Fidelity Trust Co.,
   263 U.S. 413 (1923) ........................................................................................... 15

State v. Ariz. Navigable Stream Adjudication Comm'n,
   229 P.2d 242 (Ariz. Ct. App. 2010) ....................................................................... 15

State v. Powell,
   2-CA-CR 2010-0139, 2011 Ariz. App. Unpub. LEXIS 474 (Ariz. Ct. App. 2011) ................ 14

Ward v. Bankers Trust Co. of Cal., N.A.,
   No. 09-CV-1943 (RRM)(LB), 2011 U.S. Dist. LEXIS 32796, 2011 WL 1322205
   (E.D.N.Y. Mar. 29, 2011) ..................................................................................... 17

iii

Washington v. Wilmore,
    407 F.3d 274 (4th Cir. 2005) ............................................................................................. 16

Worldwide Church of God v. McNair, 805 F.2d 888, 893 (9th Cir. 1986) .................................. 17

**STATUTES**

11 U.S.C. § 101(5) ..................................................................................................................... 11

11 U.S.C. § 502(a) ....................................................................................................................... 9

11 U.S.C. § 502(b)(1) ............................................................................................................. 10,11

ny-1096262

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC and its affiliated debtors in the above-captioned Chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), hereby file this objection (the "Objection") seeking to disallow and expunge proof of

claim no. 242 (the "Claim") filed against Debtor Residential Capital, LLC ("ResCap") by Paul N.

Papas II ("Claimant") pursuant to section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") on the grounds that (i) the Claim is not properly asserted against Debtor

ResCap, and (ii) even if the Claim had been filed against Debtor GMAC Mortgage, LLC

("GMACM"), the Claim (a) lacks sufficient supporting documentation, (b) fails to assert a

cognizable claim against GMACM and (c) is barred by *res judicata*, collateral estoppel, and the

Rooker-Feldman doctrine.[1]  The Debtors seek entry of an order substantially in the form annexed

hereto as Exhibit 1 (the "Proposed Order") granting the requested relief.  In support of the

Objection, the Debtors submit the Declaration of Lauren Graham Delehey (annexed hereto as

Exhibit 2, the "Delehey Declaration") and respectfully represent as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.  This

matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court under

28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested herein is section 502(b) of the

Bankruptcy Code and Bankruptcy Rule 3007(a).

---

[1]     The Debtors reserve all their rights to amend this Objection should any further bases come to light.

ny-1096262

## PRELIMINARY STATEMENT

3.      The Claim filed by Claimant, alleging $10 billion in secured claims against

ResCap, should be disallowed and expunged pursuant to section 502(b) of the Bankruptcy Code

on the grounds that Claimant fails to state a claim against any of the Debtors under applicable

law.  As discussed in detail below, Claimant has fully litigated the matters at issue in the Claim

in the Arizona Court (defined below), and on January 8, 2013, the Arizona Court dismissed

Claimant's complaint with prejudice and quashed the Lis Pendens (defined below) that he filed

in connection therewith.  Claimant now prosecutes these identical claims through the bankruptcy

process, notwithstanding the resolution on the merits of these same claims in the earlier state

court proceeding.  Claimant's conduct in the Arizona Court and filings in these Chapter 11 Cases

speaks volumes to the Claim's lack of merit and Claimant's purported motives.  As discussed

below, Claimant has appealed to the Second Circuit his motion to convert these Chapter 11

Cases.  First, the Claim, which is based on the claims brought in the Arizona Litigation (defined

below), is not properly asserted against Debtor ResCap.  Second, even if the Claim had been

filed against Debtor GMACM, the Claim (a) is inadequately described and documented, (b) fails

to assert a cognizable claim against GMACM and (c) is barred by *res judicata*, collateral

estoppel, and the Rooker-Feldman doctrine.  Accordingly, the Claim should be disallowed and

expunged in its entirety.

## BACKGROUND

A.      **The Chapter 11 Cases**

4.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for

relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their

businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On May 16, 2012, the United States Trustee for the Southern District of New

York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the

"Committee").

6.      On July 13, 2012, this Court entered the Final Supplemental Order Under

Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019

(I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving

Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action;

(III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower

Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the

Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 774] (the "Supplemental

Servicing Order").

7.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 cases and (b) maintain official

claims registers for reach of the Debtors.

8.      On August 29, 2012, this Court entered an order approving the Debtors' motion to

establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the

3

"Bar Date Order").[2]  On March 21, 2013, the Court entered an order, *inter alia*, establishing

procedures for filing objections to proofs of claim [Docket No. 3294] (the "Procedures Order").

### B.    The Proof of Claim

9.        On July 2, 2012, Claimant filed the Claim against ResCap, asserting a secured

claim in the amount of **$10 billion** (a copy of the Claim is annexed hereto as Exhibit 3).  The

Claim is the largest claim (by filed amount) filed against any of the Debtors' estates by an

individual.  See Delehey Decl. at ¶ 3.  The Claim's statement of its basis is abbreviated, at best.

Box 2 of the Claim indicates that the Claim is "Based on the Fraudulent Transfers of Title By

The Debtor."   However, the only documentation supporting the Claim is the Lis Pendens, which

has a further (and telling) description, albeit also a limited one.

### C.    Claimant's Prior Participation in These Chapter 11 Cases

10.       The Debtors, with the assistance of their professionals, are engaged in an

extensive process to evaluate each of the claims filed in these Chapter 11 Cases on their

individual merits and have done so with respect to the Claim.  Nonetheless, the Debtors' submit

that Claimant's conduct in these Chapter 11 Cases sheds light on the utterly frivolous nature of

the Claim.  Indeed, asserting a $10 billion dollar secured claim in and of itself evidences utter

contempt for this Court and the bankruptcy process.

11.       On September 14, 2012, Claimant filed the *Renewed Motion to Convert Debtor to*

*Chapter 7 Bankruptcy* (the "Motion to Convert Cases") [Case No. 12-12020, Docket No. 1472],

---

[2]     The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern
Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date")
and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing
Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  (Bar
Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to
November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was
**not** extended.  To date, approximately 6,870 proofs of claim have been filed in these Chapter 11 Cases as reflected
on the Debtors' claims registers.

ny-1096262

and on September 21, 2012, the Appellant filed the *Memorandum in Support of Motion to Convert Debtor ResCap to Chapter 7* [Case No. 12-12020, Docket No. 1547] (together, the "Motion to Convert Cases").[3]

12. The Debtors and the Committee objected to the Claimant's Motion to Convert Cases on October 1, 2012 and October 3, 2012, respectively [Docket Nos. 1687, 1708], and Claimant submitted a reply on October 5, 2012 [Docket No. 1731].

13. On October 19, 2012, the Bankruptcy Court entered an order denying the Motion to Convert Cases [Docket No. 1873].

14. On October 22, 2012, Claimant filed a Notice of Appeal and Request for 8005 Stay Pending Appeal (the "Appeal") [Docket No. 1933], seeking an appeal to the United States District Court for the Southern District of New York (the "District Court").

15. Following the Debtors' and Claimant's submission of briefs in the Appeal, the District Court entered a judgment denying the Appeal. *See Memorandum and Order* [Case No. 12-08606, Docket No. 14]; *Judgment*, dated April 17, 2013.

16. On May 14, 2013, Claimant filed a notice of appeal to appeal the District Court's judgment that denied the Appeal (the "Second Circuit Appeal"). On May 21, 2013, the appeal record was transmitted to the U.S. Court of Appeals, Second Circuit (the "Second Circuit").

17. On June 18, 2013, the Second Circuit Appeal was dismissed due to Claimant's failure to pay the filing fee. [Case No. 13-2023, Docket No. 7].

18. On July 2, 2013, Claimant filed a motion to reinstate the Second Circuit Appeal, and on July 16, 2013, Claimant's motion was granted. [Case No. 13-2023, Docket Nos.12 and

---

[3] Claimant had previously filed a motion to convert the Chapter 11 cases to cases under Chapter 7 on July 20, 2012, but that motion was subsequently withdrawn. [Docket Nos. 880, 1015].

ny-1096262

20].  The Second Circuit Appeal currently is pending, and no dispositive motions have been filed.

### D.    The Arizona Litigation

19.      Claimant is not a borrower of any of the Debtors.  Claimant alleges that he is a real estate investor who holds a recorded option to purchase real property (the "Property") owned by individuals, Kathrina H. Tobias and Derek D. Moss ("Moss").  See e.g., Complaint, Case No. 2012-051622, Superior Court of Arizona, Maricopa County ¶ 3 (a copy of which is annexed to the Delehey Declaration as Exhibit 1, the "Complaint").  See Delehey Decl. at ¶ 4.

20.      In connection with financing the Property, Moss executed a Deed of Trust in favor of non-debtor Peoples Mortgage Company ("Peoples") on April 25, 2006.  See Deed of Trust, recorded on May 1, 2006 (a copy of which is annexed to Delehey Declaration as Exhibit 2).  On May 25, 2010, the Deed of Trust was assigned to GMACM by Mortgage Electronic Registration Systems, Inc., solely as nominee for Peoples.  See Assignment of Deed of Trust recorded on June 15, 2010 (a copy of which is annexed to the Delehey Declaration as Exhibit 3).  See Delehey Decl. at ¶ 5.  On November 18, 2011, GMACM filed a Notice of Trustee's Sale (a copy of which is annexed to the Delehey Declaration as Exhibit 4), indicating that the Property was to be sold on February 23, 2012.  See Delehey Decl. at ¶ 5.

21.      On March 2, 2012, Claimant recorded a document purporting to be a Notice of Option Contract for Sale and Purchase in the Official Records of Maricopa County (a copy of which is annexed to the Delehey Declaration as Exhibit 5).  See Delehey Decl. at ¶ 6.

22.      On March 8, 2012, Claimant filed the Complaint against non-debtor defendant Peoples and Debtor GMACM (together, the "Defendants"), commencing Case No. 2012-051622 (the "Arizona Litigation") in the Superior Court of Arizona, Maricopa County (the "Arizona

6

<u>Court</u>").  ResCap is not a defendant to the Arizona Litigation.  The Complaint asserted various

causes of action against the Defendants relating to wrongful foreclosure and sought: (i)

temporary and permanent  injunctive relief to enjoin Defendants from attempting to transfer the

property and initiating the non-judicial foreclosure, (ii) to quiet title, (iii) monetary relief,

including court costs, expenditures, and reasonable attorneys' fees, (iv) declaratory relief that (a)

the Defendants have no legal standing to maintain the non-judicial foreclosure, (b) there is no

legal conveyance of the note or the deed of trust from the original lender to GMACM or any

party conducting non-judicial foreclosure, (c) there is no legal appointment of a successor

trustee, and (d) the attempt by Defendants to conduct a non-judicial foreclosure sale is legally

defective and *void ab initio*, and (v) trial by jury.  <u>See</u> Delehey Decl. at ¶ 7.

23.    Also on March 8, 2012, Claimant filed a Notice of Lis Pendens in the Arizona

Court (a copy of which is annexed to Delehey Declaration as Exhibit 6, the "<u>Lis Pendens</u>") to

notify parties that the Complaint had been filed and that the Arizona Litigation was pending in

the Arizona Court.  <u>See</u> Delehey Decl. at ¶ 8.  The Lis Pendens employs the Arizona Litigation

caption naming Peoples and GMACM as the defendants and specifically refers to the case

number for the Arizona Litigation, CV 2012-05162, thus tying the Lis Pendens to the claims

made in the Arizona Litigation.

24.    As noted above, the Lis Pendens briefly elaborates on the grounds for the Claim

identified in Box 2 of the Claim.  Specifically, it says:

> The Plaintiff seeks a Declaratory Judgment, Injunctive Relief, and to Quiet
> Title and has a claim pursuant to the Uniform Fraudulent Transfer Act
> ARS 44-1001, *et seq* concerning 8025 East Krail Street, Scottsdale,
> Arizona 85250  APN 174-11-130-8 in which he seeks to set aside the
> fraudulent transfers.  He also holds an Option to Purchase the property.
>
> Plaintiff seeks to have his lien adjudged a first and prior lien against
> premises, superior to the interests and liens of all defendants joined in this
> action, and that upon foreclosure of plaintiffs [sic] lien, all of the

7

defendants and all persons claiming by, through or under them, be barred
and foreclosed of all their right, title, interest or claim of lien against the
premises, except only their rights of redemption as by law provided.

25.      On March 23, 2012, GMACM filed a Motion to Dismiss (a copy of which is

annexed to Delehey Declaration as Exhibit 7, the "Motion to Dismiss") the Complaint on the

grounds that, among other things, (i) title cannot be quieted in Claimant's favor because

Claimant did not allege that the debt had been extinguished, and (ii) Claimant's claims for

wrongful foreclosure fail as a matter of law.  [Case No. CV 2012-05162].[4]  See Delehey Decl. at

¶ 9.

26.      On April 2, 2012, Claimant filed an objection to the Motion to Dismiss, and on

April 9, 2013, GMACM filed a reply to Claimant's objection (the "Reply").  [Case No. CV

2012-05162].  See Delehey Decl. at ¶ 10.

27.      On May 11, 2012, the Arizona Court entered a Minute Entry dismissing the

Complaint without prejudice on the merits [Case No. CV 2012-05162] (a copy of which is

annexed to Delehey Declaration as Exhibit 8, the "Arizona Order") ("For the reasons set forth in

Defendant's Motion to Dismiss and its Reply, the Court finds that Plaintiffs' Complaint fails to

state a claim for which relief may be granted.").[5]  See Delehey Decl. at ¶ 11.

28.      Despite the dismissal of the Complaint, on July 23, 2012, Claimant filed an

emergency request for an injunction to enjoin the Defendants and the purchaser of the property

from evicting him from the property following the trustee's sale.[6]  On July 26, 2012, the Arizona

---

[4] Docket numbers are not available for the filings in the Arizona Court.

[5] On June 12, 2013, Claimant filed a Notice of Bankruptcy, informing the Court of the Debtors' commencement of
these Chapter 11 cases.  See Notice of Bankruptcy   [Case No. CV 2012-05162] (a copy of which is annexed to
Delehey Declaration as Exhibit 13).

[6] From the record, it appears that Claimant rented space in the Property from the owners.

Court entered a Minute Entry denying Claimant's request.  [Case No. CV 2012-05162] (a copy of which is annexed to Delehey Declaration as Exhibit 9).  See Delehey Decl. at ¶ 12.

29.      On July 26, 2012, Claimant filed a motion for reconsideration, and on August 1, 2012, the Arizona Court entered a Minute Entry denying the motion for reconsideration.  [Case No. CV 2012-05162] (a copy of which is annexed to Delehey Declaration as Exhibit 10).  See Delehey Decl. at ¶ 13.

30.      Because the Arizona Litigation falls within the purview of the Supplemental Servicing Order, on December 12, 2012, GMACM moved to quash the Lis Pendens and lodged a Judgment of Dismissal with Prejudice.  On January 8, 2013, the Arizona Court entered a Judgment of Dismissal with Prejudice over Claimant's objections [Case No. CV 2012-05162] (a copy of which is annexed to Delehey Declaration as Exhibit 11, the "Judgment"), which dismissed the Arizona Litigation with prejudice and quashed the Lis Pendens filed by Claimant. See Delehey Decl. at ¶ 14.

31.      On February 15, 2013, Claimant filed an appeal of the Judgment in the Arizona Court of Appeals Division One, Case No. CV-13-0114 (the "Appeal").  That appeal is pending, and GMACM is defending the Appeal.  See Delehey Decl. at ¶ 15.

## RELIEF REQUESTED

32.      The Debtors file this Objection pursuant to section 502(b) of the Bankruptcy Code to disallow and expunge the Claim from the Debtors' claims register in its entirety.

## OBJECTION

33.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida

Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v.

Oneida Ltd., No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re

Adelphia Commc'ns Corp., No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr.

S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y.

2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R.

52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

34.    The burden of persuasion is on the holder of a proof of claim to establish a valid

claim against a debtor.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also

Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010)

(stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

Further, Bankruptcy Code section 502(b)(1) provides, in relevant part, that a claim may not be

allowed to the extent that "such claim is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law. . . ."  11 U.S.C. § 502(b)(1).

35.    Here, the Debtors object to the Claim on the basis that, after reviewing the

Debtors' books and records and the supporting documentation attached to the Claim, (i) the

Claim is not properly asserted against ResCap, and (ii) even if the Claim were asserted against

GMACM, the defendant in the Arizona Litigation, (a) the Claim is not supported by sufficient

documentation and is not supported by the Debtors' books and records, and (b) no liability exists

with respect to the Claim.

36.    For the reasons set forth below, the Claim fails to state a claim against any of the

Debtors under applicable law and should be disallowed and expunged in its entirety.

## I.    THE CLAIM IS NOT PROPERLY ASSERTED AGAINST RESCAP

37.    Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a

bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability.  See

ny-1096262

11 U.S.C. § 101(5).  Likewise, section 502(b)(1) of the Bankruptcy Code provides, in relevant

part, that the Court shall allow a claim except to the extent that "such claim is unenforceable

against the debtor and property of the debtor, under any agreement or applicable law for a reason

other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

38.    Claimant filed the Claim for $10 billion solely against ResCap.  The only

supporting document annexed to the Claim is the Lis Pendens that was filed against Peoples and

GMACM in connection with the Arizona Litigation.  There is no explanation whatsoever as to

why the Claim is properly asserted against ResCap.  Indeed, based on the Lis Pendens annexed

to the Claim, which specifically refers to the Arizona Litigation against GMACM and Peoples

but makes no reference to ResCap, the Claim should not have been filed against ResCap.  The

Debtors believe that the Claim is not enforceable against ResCap under any applicable law or

agreement.  Additionally, the Debtors' books and records reflect no liability due and owing to

Claimant.

39.    Accordingly, the Debtors assert that the Claim should be disallowed and

expunged in its entirety.

## II.    THE CLAIM IS NOT SUPPORTED BY SUFFICIENT DOCUMENTATION

40.    Even though the Debtors believe that the failure of Claimant to file the Claim

against GMACM is by itself sufficient grounds to disallow the Claim, in the interest of judicial

efficiency, the Debtors will assume for the remainder of this Objection that the Claim was so

filed and will state the objections that would be appropriate.  There are several grounds for

disallowing the Claim, even had it been filed against GMACM.

41.    The Debtors have determined that the Claim should be disallowed and expunged because it lacks sufficient documentation and is not supported by the Debtors' books and records.

42.    Although a properly filed proof of claim constitutes *prima facie* evidence of the validity of the claim, Fed. R. Bankr. P. 3001(f), failure to attach the documentation required by Bankruptcy Rule 3001 will result in the loss of the *prima facie* validity of the claim,  In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010), citing In re Lundberg, No. 02–34542(LMW), 2008 WL 4829846, at *2 (Bankr. D. Conn. 2008); In re Hight, 393 B.R. 484, 493 (Bankr. S.D. Tex. 2008).   See also Bar Date Order ¶ 5(e).[7]

43.    Failure to attach sufficient documentation to a proof of claim can result in disallowance of the claim under appropriate circumstances because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim.  Minbatiwalla, 424 B.R. at 119, citing In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("under some circumstances lack of [documentation required by Rule 3001(c)] followed by a creditor's failure to appear or otherwise respond to an objection ... made on the grounds of insufficient annexed documentation may result in a disallowance of the claim on procedural (i.e., default) grounds"); see also In re Depugh, 409 B.R. 125, 137-8 (Bankr. S.D. Tex. 2009) (holding that insufficient documentation is a valid basis for disallowing a claim as "unenforceable against the debtor under applicable law" under 11 U.S.C. § 502(b)(1) because of a lack of compliance with Bankruptcy Rule 3001).

---

[7] Paragraph 5(e) of the Bar Date Order provides that "Proofs of claim must (i) be signed by the claimant or by an authorized agent of the claimant; (ii) *include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available*; (iii) be written in the English language; and (iv) be denominated in lawful currency of the United States." (emphasis added).

44.     The Claim here lacks sufficient supporting documentation as to its validity and

amount and has no basis in the Debtors' books and records.  Claimant only attached a two page

Lis Pendens to the Claim, without any additional explanation as to why he is entitled to recover

in either the Arizona Litigation or these Chapter 11 Cases.  Further, Claimant neither provides

any explanation as to why he is entitled to a $10 billion claim, nor any calculation of the $10

billion claim amount.  For these reasons, the Claim is not prima facie valid.  See In re Lehman

Brothers Holdings Inc., No. 08-13555 (JMP), 2010 Bankr. LEXIS 4147, at *8 (Bankr. S.D.N.Y.

Nov. 10, 2010) (determining that the claims were "so lacking in supporting evidence and logical

linkage to the Debtors' cases, they are not entitled to any presumption that they are *prima facie*

valid, and the burden of proof has shifted to claimant," and further disallowing such claims,

noting that they were "founded on pure speculation").

45.     Unless the Claim is disallowed and expunged, Claimant—who does not hold a

valid claim against the Debtors—would be entitled to recover from the Debtors' estates

unjustifiably to the extreme detriment of other creditors in these Chapter 11 Cases.

46.     Accordingly, the Debtors request that the Court disallow and expunge the Claim

in its entirety.

### III.    THE CLAIM SHOULD BE DISALLOWED AND EXPUNGED ON GROUNDS OF RES JUDICATA, COLLATERAL ESTOPPEL, AND ROOKER FELDMAN: THE ARIZONA LITIGATION HAS BEEN DISMISSED WITH PREJUDICE AND THE LIS PENDENS HAS BEEN QUASHED

47.     Even if the Claim had been filed against GMACM, the Claim is an attempt to re-

litigate anew issues that have already been judicially determined by the Arizona Court and

consequently should be disallowed and expunged under the doctrines of *res judicata* and

collateral estoppel, as well as the Rooker-Feldman doctrine, which deprives federal courts of

subject matter jurisdiction to collaterally attack a state court judgment.

13

A.    *Res Judicata*

48.    The dismissal with prejudice of the Arizona Litigation is *res judicata* as to the

Claim.  Federal courts look to state law for the preclusive effects of a state court judgment.  See,

e.g., Migra v. Warrant City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); DiSorbo v. Hoy,

343 F.3d 172. 182-83 (2nd Cir. 1996).  In Arizona,

> "Under the doctrine of res judicata, a judgment on the merits in a
> prior suit involving the same parties or their privies bars a second
> suit based on the same cause of action." *Gilbert v. Board of Med.
> Exam'rs,* 155 Ariz. 169, 174, 745 P.2d 617, 622 (App.1987).

Murphy v. Bd. of Med. Examiners, 949 P.2d 530, 538 (Ariz. Ct. App. 1998).  A judgment that is

on appeal is a judgment on the merits for purposes of *res judicata*.  Buckeye Check Cashing of

Ariz., Inc. v. Lang, No. 06-cv-792, 2007 U.S. Dist. LEXIS 12746 (S.D. Ohio Feb. 23, 2007)

("under Arizona law, a judgment is final for the purposes of applying *res judicata* even though it

may be appealed"); State v. Powell, 2-CA-CR 2010-0139, 2011 Ariz. App. Unpub. LEXIS 474,

at *4 (Ariz. Ct. App. 2011) ("for purposes of *res judicata* or collateral estoppel, a judgment is

final even if an appeal has been filed").  Each of the elements for *res judicata* has been met here.

First, the Arizona Order and Judgment operate as a final judgment on the merits in the Arizona

Litigation.  *See id.*  Second, the parties are the same.[8]  And third, the matters at issue in the Claim

arise from the same transaction or series of events at issue in the Arizona Litigation—indeed, the

only documentation supporting the Claim is the Lis Pendens that was filed in connection with the

Arizona Litigation, and subsequently quashed by the Judgment.  *See* Judgment ("IT IS

FURTHER ORDERED quashing the lis pendens filed by Plaintiffs").  By attaching the Lis

---

[8] As noted above, this discussion assumes that the Claim is deemed filed against GMACM.  If it not, then as
explained earlier, the Claim must be disallowed because it was not filed against GMACM.  The same holds true in
the collateral estoppel and Rooker-Feldman discussions to follow.

Pendens, Claimant incorporates by reference into the Claim the Arizona Litigation, claim for

claim.  Accordingly, the Claim should be disallowed and expunged on grounds of *res judicata*.

**B.    Collateral Estoppel**

49.    In Arizona,

> The doctrine of 'collateral estoppel' is a doctrine of issue
> preclusion. It bars a party from relitigating an issue identical to one
> he has previously litigated to a determination on the merits in
> another action. The elements necessary to invoke collateral
> estoppel are: the issue is actually litigated in the previous
> proceeding, there is a full and fair opportunity to litigate the issue,
> resolution of such issue is essential to the decision, there is a valid
> and final decision on the merits, and there is a common identity of
> the parties.

State v. Ariz. Navigable Stream Adjudication Comm'n, 229 P.2d 242, 256 (Ariz. Ct. App. 2010)

(quoting Hawkins v. State, Dep't of Econ. Sec., 900 P.2d 1236, 1239 (App. Ct. Ariz. 1995)).

50.    As noted above, the Claim necessarily is based on the same issues of fact and law

that were at issue in the Arizona Litigation because the sole supporting documentation for the

Claim is the Lis Pendens that was filed in connection with the Arizona Litigation and quashed by

the Judgment.  Claimant was the plaintiff in the Arizona Litigation and is the party asserting the

Claim here.  Thus, Claimant had a full and fair opportunity to litigate the issues in the prior

action.  Accordingly, the Claim should be disallowed and expunged on the basis of collateral

estoppel.

**C.    The Rooker-Feldman Doctrine**

51.    The Rooker-Feldman doctrine is premised upon two United States Supreme Court

decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and D.C. Court of Appeals v.

Feldman, 460 U.S. 462 (1983).  The doctrine bars the exercise of federal court jurisdiction where

the claims are "inextricably intertwined" with the claims adjudicated in a state court.  Feldman,

460 U.S. at 483, n.16.  According to Rooker, Feldman, and their progeny, this Court lacks

15

subject matter jurisdiction to sit in the place of an Arizona state court of appeal reviewing facts

or determinations made by Arizona state courts, particularly where there is a means of appeal

expressly provided under state law.  See Washington v. Wilmore, 407 F.3d 274, n.3 (4th Cir.

2005).  See also Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77 (2d Cir. 2005); Reusser

v. Wachovia Bank, N.A., 525 F.3d 855, 858 (9th Cir. 2008).  Rooker-Feldman also may apply

"over a suit that is a de facto appeal from a state court judgment" because in such circumstances,

"the district court is in essence being called upon to review the state court decision." Reusser v.

Wachovia Bank, N.A., 525 F.3d at 858 (internal quotations omitted).

52.     In 2005, the United States Supreme Court squarely addressed the principles of the

Rooker-Feldman doctrine for the first time since the Feldman decision.  Exxon Mobil Corp. v.

Saudi Basic Indus. Corp., 544 U.S. 280, 287 (2005).  In Exxon Mobil, the Court set forth the

following rule of application for the doctrine: "The *Rooker-Feldman* doctrine, we hold today, is

confined to cases of the kind from which the doctrine acquired its name: cases brought by state-

court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those

judgments."  Id. at 284.  The Exxon Mobil test for the application of the Rooker-Feldman

doctrine can be divided into the following four elements: "[1] cases brought by state-court losers

[2] complaining of injuries caused by state-court judgments [3] rendered before the district court

proceedings commenced and [4] inviting district court review and rejection of those judgments."

Id.; Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77.

16

53.     The Claim at issue here satisfies all four elements of the Rooker-Feldman

doctrine, which does not require that a judgment be final.[9]   Claimant filed the Claim

notwithstanding the dismissal of the Arizona Litigation with prejudice.  The Arizona Order was

entered prior to the Petition Date and the Bar Date.[10]   Finally, Claimant seeks the allowance of a

Claim in the amount of $10 billion, presumably relating to the Arizona Litigation and Lis

Pendens in direct contrast to the state court rulings that dismissed the Complaint with prejudice

and quashed the Lis Pendens.  By the Claim, Claimant is using this federal court to collaterally

attack the Arizona Judgment by asking it to review, reject, and overturn the results of the

Arizona Litigation.  However, the issue of the GMACM's liability has already been judicially

established by the Arizona Court—GMACM is not liable.

54.     In addition, to the extent the Arizona Litigation is considered a defense to a

foreclosure action, "courts in this Circuit have consistently held that any attack on a judgment of

foreclosure is clearly barred by the *Rooker-Feldman* doctrine."  Niles v. Wilshire Inv. Group,

LLC, 859 F. Supp. 2d 308, 318 (E.D.N.Y. 2011) (citing Ashby v. Polinsky, No. 06-CV-6778

(DLI) 2007 U.S. Dist. LEXIS 12692 (E.D.N.Y. Feb. 22, 2007) (internal quotation marks and

citation omitted), aff'd, 328 Fed. Appx. 20 (2d Cir. 2009); Done v. Wells Fargo Bank, N.A., 08-

cv-3040, 2009 U.S. Dist. LEXIS 84114 (Sept. 14, 2009); and Ward v. Bankers Trust Co. of Cal.,

N.A., No. 09-CV-1943 (RRM)(LB), 2011 U.S. Dist. LEXIS 32796, 2011 WL 1322205, at *5

(E.D.N.Y. Mar. 29, 2011).

---

[9]   Federal law favors application of the Rooker-Feldman doctrine even where a state court judgment is not final.
Worldwide Church of God v. McNair, 805 F.2d 888, 893 (9th Cir. 1986) ("We agree with the Second and Fifth
Circuits that the Feldman doctrine should apply to state judgments even though state court appeals are not
final." (citing Hale v. Harney, 786 F.2d 688, 691 (5th Cir. 1986) ("We hold no warrant to review even final
judgments of state courts, let alone those which may never take final effect because they remain subject to
revision in the state appellate system.")).

[10]   The Arizona Order dismissing the Arizona Litigation without prejudice was entered on May 11, 2012, before
the Petition Date and the Bar Date; the Judgment dismissing the Arizona Litigation with prejudice and quashing the
Lis Pendens was entered on January 8, 2013, after the Petition Date and the Bar Date.

55.    The rights of the parties to the Arizona Litigation have become fixed—this is precisely the kind of litigation that is intended to be barred under Rooker-Feldman.  Accordingly, the Claim, which is based on the assertions made in the Complaint that was dismissed with prejudice, should be disallowed and expunged in its entirety.

## IV.    CLAIMANT IS A VEXATIOUS LITIGANT

56.    Claimant has been engaged in various litigation matters with the Debtors for over three years, during which time, Claimant has filed various motions, objections, notices, and other filings aimed at the Debtors that blatantly violated Arizona Rule of Civil Procedure 11.  Most notably, in an unrelated case, Claimant made numerous unfounded statements, attempted to continue to litigate certain of his cases with no regard for the court's rulings against him, egregiously accused the Debtors' local counsel of criminal conduct with absolutely no justification or evidence of same, and harassed the Debtors with continuing discovery and settlement demands more than one year after his claims were decided against him by the Superior Court for the State of Arizona.  See generally, Case No. CV-2010-050038, Superior Court of Arizona, Maricopa County (the "Wiggins Property Action").  Meanwhile, the Debtors have been forced to continue to expend attorneys' fees and costs in responding to each of these filings in order to ensure that their position was documented and that their interests remained adequately protected.

57.    These matters are in addition to repeated filings made by Claimant in these Chapter 11 cases, both before this Court and on appeal.  See ¶¶ 9-16 above.

58.    In the Wiggins Property Action, the Superior Court of Arizona ultimately (i) sanctioned Claimant by ordering him to pay GMACM's reasonable attorneys' fees in the amount of $13,255.00 as a sanction for his repeated violations of Arizona Rule of Civil Procedure 11, and (ii) prohibited Claimant from making any future filings against GMACM and

18

from serving any additional discovery requests on GMACM in that matter without prior Court approval.  Claimant has never paid any portion of the sanctions ordered by the Arizona Court. Copies of the relevant Court orders are annexed to the Delehey Declaration as <u>Exhibit 12</u>.  <u>See</u> Delehey Decl. at ¶ 18.

59.    Claimant is a vexatious litigant who is misusing the judicial process in an effort to recover enormous sums from the Debtors to which he is not entitled.  For the reasons set forth above, the Claim should be disallowed and expunged in its entirety.

## <u>NOTICE</u>

60.    The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

19

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request entry of the Proposed Order

granting the relief requested herein and such other and further relief as the Court may deem

proper.

Dated:  September 4, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

WOLFE & WYMAN LLP
11811 N. Tatum, Suite 3031
Phoenix, Arizona 85028-1621
Telephone: (602) 953-0100
Facsimile:  (602) 953-0101
Colt B. Dodrill

*Litigation Counsel for the Debtors
and Debtors in Possession*

ny-1096262