# **EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
In re:                                                           )   Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )   Chapter 11
                                                                 )
                                        Debtors.                 )   Jointly Administered
                                                                 )
---------------------------------------------------------------- )

### DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' OBJECTION TO PROOF OF CLAIM FILED BY PAUL N. PAPAS II

I, Lauren Graham Delehey, hereby declare as follows:

1. I serve as In-House Litigation Counsel in the Legal Department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors").[1] I have held this position since I joined ResCap on August 1, 2011. In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions and multi-district litigation. I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Objection to Proof of Claim Filed by Paul N. Papas II* (the "Objection").

2. In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the Arizona Litigation (defined below). Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge;

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1098587

information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records as well as other relevant documents; my discussions with other members of the Legal Department; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making my statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

3. On July 2, 2012, Claimant filed the Claim against ResCap, asserting a secured claim in the amount of **$10 billion**. The Claim is the largest claim (by filed amount) filed against any of the Debtors' estates by an individual. A copy of the Claim is annexed to the Objection as Exhibit 3.

  **A.** **The Arizona Litigation**

4. Claimant is not a borrower of any of the Debtors. Claimant alleges that he is a real estate investor who holds a recorded option to purchase real property (the "Property") owned by individuals, Kathrina H. Tobias and Derek D. Moss ("Moss"). See e.g., Complaint, Case No. 2012-051622, Superior Court of Arizona, Maricopa County ¶ 3 (a copy of which is annexed hereto as Exhibit 1, the "Complaint").

5. In connection with financing the Property, Moss executed a Deed of Trust in favor of non-debtor Peoples Mortgage Company ("Peoples") on April 25, 2006. See Deed of Trust, recorded on May 1, 2006 (a copy of which is annexed hereto as Exhibit 2). On May 25, 2010, the Deed of Trust was assigned to GMACM by Mortgage Electronic Registration Systems,

-2-

ny-1098587

Inc., solely as nominee for Peoples. See Assignment of Deed of Trust, recorded on June 15, 2010 (a copy of which is annexed hereto as Exhibit 3). On November 18, 2011, GMACM filed a Notice of Trustee's Sale (a copy of which is annexed hereto as Exhibit 4), indicating that the Property was to be sold on February 23, 2012.

6. On March 2, 2012, Claimant recorded a document purporting to be a Notice of Option Contract for Sale and Purchase in the Official Records of Maricopa County (a copy of which is annexed hereto as Exhibit 5).

7. On March 8, 2012, Claimant filed the Complaint against non-debtor defendant Peoples and Debtor GMACM (together, the "Defendants"), commencing Case No. 2012-051622 (the "Arizona Litigation") in the Superior Court of Arizona, Maricopa County (the "Arizona Court"). ResCap is not a defendant to the Arizona Litigation. The Complaint asserted various causes of action against the Defendants relating to wrongful foreclosure.

8. Also on March 8, 2012, Claimant filed a Notice of Lis Pendens in the Arizona Court (a copy of which is annexed hereto as Exhibit 6, the "Lis Pendens").

9. On March 23, 2012, GMACM filed a Motion to Dismiss (a copy of which is annexed hereto as Exhibit 7, the "Motion to Dismiss") the Complaint on the grounds that, among other things, (i) title cannot be quieted in Claimant's favor because Claimant did not allege that the debt had been extinguished, and (ii) Claimant's claims for wrongful foreclosure fail as a matter of law. [Case No. CV 2012-05162].

10. On April 2, 2012, Claimant filed an objection to the Motion to Dismiss, and on April 9, 2013, GMACM filed a reply to Claimant's objection (the "Reply"). [Case No. CV 2012-05162].

-3-

ny-1098587

11. On May 11, 2012, the Arizona Court entered a Minute Entry dismissing the Complaint <u>without</u> <u>prejudice</u> on the merits [Case No. CV 2012-05162] (a copy of which is annexed hereto as <u>Exhibit 8</u>, the "<u>Arizona Order</u>") ("For the reasons set forth in Defendant's Motion to Dismiss and its Reply, the Court finds that Plaintiffs' Complaint fails to state a claim for which relief may be granted.").[2]

12. On July 23, 2012, Claimant filed an emergency request for an injunction to enjoin the Defendants and the purchaser of the property from evicting him from the property following the trustee's sale.[3] On July 26, 2012, the Arizona Court entered a Minute Entry denying Claimant's request. [Case No. CV 2012-05162] (a copy of which is annexed hereto as <u>Exhibit 9</u>).

13. On July 26, 2012, Claimant filed a motion for reconsideration, and on August 1, 2012, the Arizona Court entered a Minute Entry denying the motion for reconsideration. [Case No. CV 2012-05162] (a copy of which is annexed hereto as <u>Exhibit 10</u>).

14. On December 12, 2012, GMACM moved to quash the Lis Pendens and lodged a Judgment of Dismissal with Prejudice. On January 8, 2013, the Arizona Court entered a Judgment of Dismissal with Prejudice over Claimant's objections [Case No. CV 2012-05162] (a copy of which is annexed hereto as <u>Exhibit 11</u>, the "<u>Judgment</u>"), which dismissed the Arizona Litigation <u>with</u> <u>prejudice</u> and quashed the Lis Pendens filed by Claimant.

15. On February 15, 2013, Claimant filed an appeal of the Judgment in the Arizona Court of Appeals Division One, Case No. CV-13-0114 (the "<u>Appeal</u>"). That appeal is pending, and GMACM is defending the Appeal.

---

[2] On June 12, 2012, Claimant filed a Notice of Bankruptcy, informing the Court of the Debtors' commencement of these Chapter 11 cases. <u>See</u> Notice of Bankruptcy [Case No. CV 2012-05162] (a copy of which is annexed hereto as <u>Exhibit 13</u>).
[3] From the record, it appears that Claimant rented space in the Property from the owners.

-4-

ny-1098587

### B.    Debtors' Books and Records and History With Claimant

16.    The Debtors' books and records reflect no liability due and owing to Claimant from either ResCap or GMACM.

17.    Claimant has been engaged in various litigation matters with the Debtors for over three years, during which time, Claimant has filed various motions, objections, notices, and other filings aimed at the Debtors.

18.    In the Wiggins Property Action, the Superior Court of Arizona ultimately (i) sanctioned Claimant by ordering him to pay GMACM's reasonable attorneys' fees in the amount of $13,255.00 as a sanction for his repeated violations of Arizona Rule of Civil Procedure 11, and (ii) prohibited Claimant from making any future filings against GMACM and from serving any additional discovery requests on GMACM in that matter without prior Court approval.  Claimant has never paid any portion of the sanctions ordered by the Arizona Court. Copies of the relevant Court orders are annexed hereto as Exhibit 12.

19.    Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 4, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for Residential
Capital, LLC