# **EXHIBIT 13**

Paul N. Papas II
4727 E Bell Rd., #45 PMB 350
Phoenix, AZ 85032
602-493-2016

Superior Court of Arizona
in Maricopa County

Paul N. Papas II, et al                                             CV 2012-051622

                                                                    **PLAINTIFF'S**
                                                                    **NOTICE OF**
VS                                                                  **BANKRUPTCY**
                                                                    **FILING**

Peoples Mortgage Company
                                                                    Honorable Michael McVey

GMAC

## PLAINTIFF'S NOTICE OF BANKRUPTCY FILING

Plaintiff, Paul N. Papas II, *pro se*, and Plaintiff Kathrina H. Tobias, *pro se*, present an official Notice from United States Bankruptcy Court in the Southern District of New York in the case of Residential Capital, LLC No. 12-12020-mg in which the Plaintiff are Creditors actively participating in the case and GMAC is the Debtor:

1. The Debtor voluntarily filed for protection under Chapter 11 in the Bankruptcy Court.

2. The Debtor has already received at least two bailouts from the United States Government.

3. The history of the Debtor, attached and incorporated by reference as EXHIBIT One, is helpful to understand some of the names the Debtor has used. More names are listed in the Debtor's bankruptcy filing as listed in the Notice from the Bankruptcy Court.

4. GMAC counsel has previously filed Court documents that the Debtor is solvent, which is not supported by the evidence.

5. The Plaintiffs renew their DEMAND for a trial by Jury on all triable issues and requests a trial date be set.

6. This becomes more important *because GMAC failed to disclose to the Plaintiff OR this Court that they filed for Chapter 11 Bankruptcy protection*. It is probable that this Court was in want of jurisdiction when it authored its order dated May 18, 2012.

Dated this 11th day of June 2012.

Paul N. Papas II, pro se
4727 E Bell Rd
Suite 45-350
Phoenix, AZ 85032
602-493-2016

Kathrina H. Tobias, pro se
8025 East Krail Street
Scottsdale, AZ 85250

## Affidavit In Support

I, Paul N. Papas II state and depose the following based upon personal information, knowledge, and belief. The facts stated above are true. Signed under the pains and penalties of perjury on
June 11, 2012

Paul N. Papas II

## Certificate of Service

I have served a copy of this upon Colt B. Dodrill, Wolfe & Wyman, LLP, 11811 N. Tatum Blvd, Suite 3031, Phoenix, AZ 85028-1621 and Robert G. Anderson, PO Box 87945, Phoenix, AZ 85080 by first class mail.
June 11, 2012

Kathrina H. Tobias

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG) (Jointly Administered) |

### NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

If you have any questions regarding this notice, please call the ResCap Restructuring Hotline Hotline at (888) 251-2914. You may also submit an inquiry online at www.kccllc.net/rescap.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

| Debtor | Case No. | EIN |
|---|---|---|
| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SPJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| | |
|---|---|
| **Proposed Attorneys for Debtors**<br>Larren M. Nashelsky<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>June 25, 2012 at 1:00 p.m. (ET)<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**
None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| | |
|---|---|
| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

001KC0001_49277_DOMESTIC_720/008017/016034/1

| | |
|---|---|
| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.<br><br>The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

3

ny-1041611

10/6/2010

Print

F
To: realfundingsolutions@yahoo.com;
Date: Tue, October 5, 2010 9:34:05 PM
Cc:
Subject: History of GMAC

EXIHIBIT One

Log On | Site Map | Contact Us

# GMAC Mortgage

Skip navigation

SEARCH

Home   Purchase   Refinance   Check Rates   Contact us   Calculators   Resource Center   My Account

About Us
Company Information
Privacy & SSN Policies
Disclosures
Licensing

## History

GMAC Mortgage came into existence in 1985 when it acquired the mortgage loan operations of the Colonial Mortgage Service companies and the servicing arm of the former Norwest Mortgage, Inc.

**1985:** GMAC acquires Colonial Mortgage Service Company as well as the loan administration and servicing portfolio of Norwest Mortgage and becomes GMAC Mortgage.

**1990:** GMAC Mortgage acquires Residential Funding Corporation

**1998:** Purchased 1st mortgage servicing rights from Wells Fargo

**1998:** GMAC Mortgage announces formation of GMAC Home Services and acquisition of Better Homes and Gardens? Real Estate Service

**1998:** Purchased 400,000 conforming loans from Capstead making it the largest servicing-only acquisition in the company's history.

**1999:** Acquired primarily all the assets of DiTech Funding Corp. (now known as ditech.com, LLC) to increase the company's e-commerce presence on the Internet.

**2000:** GMAC Residential was given conditional approval to form GMAC Bank.

**2003:** GMAC Mortgage announces the formation of CalDirect, the premiere mortgage lender for California homeowners.

**2004:** GMAC Mortgage converts servicing to single platform (DSU), acquires Pacific Republic Mortgage to grow business in the West, and achieves second best earnings ever with $262 million and $89 billion in lending production.

**2005:** GMAC Residential celebrates its 20th year with GMAC. GMAC also announced the official launch and initial funding of our new parent holding company, Residential Capital, or ResCap, a global real estate finance business created from the combined strength and experience of GMAC Residential and GMAC-RFC.

**2006:** GMAC Residential and GMAC-RFC continue the integration process and form the Residential Finance Group (RFG) under GMAC ResCap.

**2007:** The home offices of GMAC Mortgage and GMAC Bank relocate from its Horsham, Pa. headquarters to a brand new GMAC facility in Fort Washington, PA.

**2009:** GMAC Bank becomes Ally Bank

**2010:** GMAC Inc. is rebranded to Ally Financial Inc.

us.mg3.mail.yahoo.com/dc/blank.html?...

1/1