**Hearing Date and Time:** September 24, 2013 at 10:00 a.m.
**Objection Deadline:** September 17, 2013 at 4:00 p.m.

STORCH AMINI & MUNVES PC
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Tel. (212) 490-4100
Noam M. Besdin, Esq.
nbesdin@samlegal.com
*Counsel for Simona Robinson*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et. al., | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |

## NOTICE OF MOTION OF SIMONA ROBINSON FOR RELIEF FROM STAY

**PLEASE TAKE NOTICE THAT** the Motion of Simona Robinson ("Robinson") for Relief from Stay (the "Motion") was filed on September 4, 2013.

**PLEASE TAKE FURTHER NOTICE THAT** a hearing on the Motion will be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Room 501, New York, NY 10004 (the "Bankruptcy Court") on September 24, 2013 at 10:00 a.m. (EST).

**PLEASE TAKE FURTHER NOTICE THAT** unless a written objection to the Motion is filed with the Bankruptcy Court, served on counsel for Robinson at the address listed below, and served upon all other parties required by the Order Establishing Certain Notice, Case Management and Administrative Procedures (Dec. No. 141) on or before September 17, 2013 (the "Objection Deadline"), the Bankruptcy Court may grant the relief requested in the Motion without conducting a hearing.

Dated: New York, New York
        September 4, 2013

/s/ *Noam M. Besdin*
Noam M. Besdin
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Tel. (212) 490-4100
Fax (212) 490-4208
nbesdin@samlegal.com

**Hearing Date and Time:** September 24, 2013 at 10:00 a.m**.**
**Objection Deadline:** September 17, 2013 at 4:00 p.m.

STORCH AMINI & MUNVES PC
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, New York 10017
Tel. (212) 490-4100
Noam M. Besdin, Esq.
nbesdin@samlegal.com

*Counsel for Simona Robinson*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et. al., | ) | |
| | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | Jointly Administered |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

1

**Hearing Date and Time:** September 24, 2013 at 10:00 a.m.
**Objection Deadline:** September 17, 2013 at 4:00 p.m.

Simona Robinson ("Robinson"), by and through her undersigned counsel, respectfully moves this Court for an Order, pursuant to section 105 and 362 of Title 11 of the United States Code (the "Bankruptcy Code") and 4001(a)(1) and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001-1, determining that (i) the automatic stay does not stay Robinson's claims against non-debtor Ocwen Loan Servicing, LLC ("Ocwen"), currently pending in the United States District Court for the Eastern District of Pennsylvania (the "District Court"), or alternatively, (ii) modifying the automatic stay to allow Robinson to proceed with her claims. In support of this Motion, Robinson respectfully states as follows:

## BACKGROUND

1.      On May 28, 1999, Robinson's subject mortgage loan was made by a then national mortgage lender with federal Truth in Lending disclosures delivered to her in connection with the loan's origination.

2.      On January 12, 2012, Robinson filed an action in the District Court against her mortgage servicer GMAC Mortgage ("GMAC," or the "Debtor"), and GMAC's foreclosure law firm, Phelan, Hallinan & Schmieg LLP ("Phelan"), for violations of the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and abuse of process in prosecuting a wrongful foreclosure against Robinson after refusing her attempts to fully reinstate her home mortgage loan (Case No. 12-cv-151) (the "Mortgage Litigation").

3.      On May 14, 2012 (the "Petition Date"), GMAC filed a voluntary bankruptcy petition in this Court.  On or about May 22, 2012, GMAC filed notice of its bankruptcy filing with the District Court (the "Stay Notice").  *See* Exhibit A.  On or about August 13, 2012, the District Court placed the Mortgage Litigation in suspense in light of the Debtor's bankruptcy filing.  *See* Exhibit B.

4.      On or about November 21, 2012, this Court approved the sale of GMAC's mortgage servicing rights to Ocwen Loan Servicing LLC ("Ocwen") pursuant to that certain *Order (I) Approving*

*(A) Sale of Debtors' Assets Pursuant To Asset Purchase Agreement With Ocwen Loan Servicing, LLC;*

*(B) Sale of Purchased Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests;*

*(C) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Thereto; (D)*

*Related Agreements; AND (II) Granting Related Relief* (Docket No. 2246) (the "Sale Order").

Pursuant to the Sale Order, the Debtor's assets were transferred to Ocwen free and clear of all interests,

except for certain liabilities assumed by Ocwen and "as otherwise provided by section 363(o) of the

Bankruptcy Code," *See* Sale Order, p. 20, which states that a purchaser such as Ocwen remains

"subject to all claims and defenses that are related" to consumer credit transactions related to the Truth

in Lending Act. *See* 11 U.S.C. §363(o).

5.      On January 10, 2013, as a result of the Sale Order, which substituted Ocwen for the

Debtor as Robinson's mortgage servicer, Robinson moved the District Court to remove the Mortgage

Litigation from suspense and grant her leave to file an amended complaint that would substitute

Ocwen for GMAC.  On February 28, 2013 the District Court denied Robinson's motion, on the

grounds that it deferred to this Court's jurisdiction over the issues in the instant bankruptcy proceeding

regarding the substitution of Ocwen for GMAC.  *See* Exhibit C.

### RELIEF REQUESTED

6.      Pursuant to sections 105 and 362(a) of the Bankruptcy Code, and Federal Rules

of Bankruptcy Procedure 4001(a) and 9014, Robinson hereby seeks an order of this Court: (i)

determining that the automatic stay does not prohibit the Mortgage Litigation from proceeding

solely between Robinson and Ocwen, or, alternatively, (ii) modifying the automatic stay to

permit the Mortgage Litigation to proceed solely between Robinson and Ocwen.

### JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## ARGUMENT

### A.  The Automatic Stay Does Not Stay The Mortgage Litigation As To Ocwen

9.      First, section 362(a) of the Bankruptcy Code provides that the automatic stay operates to stay judicial actions or proceedings "against the debtor…" 11 U.S.C. § 362(a).  It is well settled that the automatic stay is limited to debtors and does not encompass non-debtors in pending lawsuits.  *See e.g., Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986).

10.      Here, Robinson seeks to replace the Debtor with a non-debtor entity in the Mortgage Litigation, and does not seek leave to commence any actions against any Debtor in this or any other court.  Section 362 is simply inapplicable to Robinson's attempt to pursue claims against non-debtor Ocwen.

11.      Further, Robinson's subject loan is a consumer credit transaction involving a mortgage upon her primary residence.  To the extent that her claims relate to an asset once belonging to, and now sold out of, the Debtor's estate, those claims are no longer governed by the Bankruptcy Code:

> "Notwithstanding subsection (f), if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, *to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section."*

11 U.S.C. §363(o) *(emphasis added).*

12.      Therefore, Ocwen being the purchaser of an interest in Robinson's loan transaction, section 363(o)'s application to the instant facts dictates that Ocwen's successor liability be determined as if Ocwen's interest in her loan servicing rights had "been purchased at a sale not under this section

[of the Bankruptcy Code]".  In other words, pursuant to section 363(o), Ocwen's successor liability for Robinson's claims against GMAC are to be addressed outside the context of the bankruptcy proceeding.  Because Robinson's mortgage loan was subject to Truth in Lending disclosures, she is entitled to assert her claims against Ocwen as the successor in interest to the loan's servicing rights.  The Bankruptcy Code specifically addresses Ocwen's liability with regard to the assets it purchased, and quite clearly assigns such claims and defenses to Ocwen "to the same extent as [Ocwen] would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section."  *See* 11 U.S.C. §363(o).

13.    Simply put, pursuant to both the Sale Order and the Bankruptcy Code, Robinson's loan and the associated servicing rights are no longer property of the Debtor's estate.  It is for this reason that Robinson has not filed a proof of claim in the instant bankruptcy proceeding: the Bankruptcy Code directs her instead to Ocwen.  Because Robinson's claims are no longer being asserted against any of the Debtors, any successor liability by Ocwen will not impact the Debtor's estate or these bankruptcy proceedings.  Accordingly, GMAC no longer has standing to oppose the substitution of Ocwen based on the sale of its servicing rights and section 363(o).

12.    Nowhere in the Sale Order does it state that consumer claims surviving under section 363(o) are within the Bankruptcy Court's retained jurisdiction for further decision.  Indeed, this would contradict the reason for section 363(o)'s existence, i.e. to preserve consumer claims arising from Truth In Lending related credit contracts as if the sale of those contracts had not taken place in the Bankruptcy Court.  Robinson therefore requests that this Court enter an order stating that the automatic stay does not stay the Mortgage Litigation from proceeding as to Ocwen.

**Hearing Date and Time:** September 24, 2013 at 10:00 a.m.
**Objection Deadline:** September 17, 2013 at 4:00 p.m.

### B. To The Extent Applicable, The Automatic Stay Should Be Modified To Allow The Mortgage Litigation To Proceed

14.    Alternatively, if this Court determines that the automatic stay does apply to the

Mortgage Litigation between Robinson and non-debtor Ocwen, then the Court should modify the

automatic stay to permit the Mortgage Litigation to proceed against Ocwen in place of GMAC,

pursuant to the express language of the Sale Order and section 363(o) of the Bankruptcy Code.

15.    Pursuant to section 362(d)(1) of the Bankruptcy Code, on the request of a party in

interest and after notice and a hearing, the court shall grant from the automatic stay "for cause,

including lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1). While the

Bankruptcy Code does not define the term "cause," the Second Circuit has guided courts to consider a

delineated list of factors in considering whether to lift the stay in light of prepetition litigation. *See In

re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir.1990).

16.    These factors include: "(1) whether relief would result in a partial or complete

resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3)

whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with

the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer

has assumed full responsibility for defending it; (6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the

judgment claim arising from the other action is subject to equitable subordination; (9) whether

movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10)

the interests of judicial economy and the expeditious and economical resolution of litigation; (11)

whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties

and the balance of harms." *Sonnax*, 907 F.2d. 1280 *quoting In re Curtis,* 40 B.R. 795, 799-800

(Bankr.D.Utah 1984).

6

17.     Cause is a broad and flexible concept to be determined on a case-by-case basis, and not all of the "Sonnax Factors" are relevant in each case. *See In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir.2002); (citing *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir.1999)). The court need not give equal weight to each of the Sonnax Factors. *See In re Burger Boys, Inc.,* 183 B.R. 682, 688(S.D.N.Y.1994)). Rather, "in deciding whether to lift a stay to allow a creditor to continue litigation in another forum, a bankruptcy court should consider the particular circumstances of the case and 'ascertain what is just to the claimants, the debtor and the estate.'" *In re Watkins,* 2008 WL 708413 *4 (E.D.N.Y. Aug. 23, 2005) (citing *In re Touloumis,* 170 B.R. 825, 828 (Bankr.S.D.N.Y.1994)).

18.     Here, five of the Sonnax Factors are relevant, and each favors lifting the stay to permit the Mortgage Litigation to proceed against Ocwen. First, all of Robinson's claims are set forth in her complaint, and the disposition of the Mortgage Litigation would resolve all of the outstanding claims in the Mortgage Litigation. The only obstacle to the claims' complete resolution is the suspension of the Mortgage Litigation due to the District Court's deference to this Court's jurisdiction regarding the automatic stay, which would be irrelevant if Ocwen were substituted for GMAC. Robinson has not filed any proofs of claim against the Debtor, given the sale of the servicing rights to Ocwen, and, upon information and belief, neither has Ocwen.

19.     Second, the Mortgage Litigation does not involve the Debtor as a fiduciary, and in fact, were Robinson permitted to replace the Debtor with Ocwen, would not involve the Debtor at all. The Mortgage Litigation would only involve non-debtor third parties but for the fact that the District Court has suspended the case out of deference for this Court's jurisdiction on this issue. Robinson has been placed in the novel position of seeking this Court's relief from the stay to *remove* the Debtor from the Mortgage Litigation, not vice versa.

20.     Third, the automatic stay should be modified in the interest of judicial economy and the expeditious and economical resolution of the Mortgage Litigation, given that the proceedings were

**Hearing Date and Time:** September 24, 2013 at 10:00 a.m**.**
**Objection Deadline:** September 17, 2013 at 4:00 p.m.

moving ahead in the District Court expeditiously until the Petition Date and subsequent stay.  With the stay in place, and the District Court's deference to this Court's jurisdiction, the litigation has been frozen, and the inevitable—the substitution of Ocwen for GMAC pursuant to the APA—has been needlessly deferred.

21.     Finally, modifying the stay to allow the Mortgage Litigation to proceed would harm no one: it would allow Robinson to pursue her claims in the District Court by substituting Ocwen for GMAC, and would not in any way harm the Debtor; if anything, it would assist the Debtor by removing it from ongoing litigation against it.

**Hearing Date and Time:** September 24, 2013 at 10:00 a.m.
**Objection Deadline:** September 17, 2013 at 4:00 p.m.

**WHEREFORE,** Simona Robinson respectfully requests that this Court enter an Order:

A.   Determining that the automatic stay imposed by section 362 of the Bankruptcy Code does not stay the Mortgage Litigation as to non-debtor Ocwen;

B.   Alternatively, to the extent the automatic stay does apply to the Mortgage Litigation, modifying and/or lifting the automatic stay for the sole purpose of allowing the Mortgage Litigation to proceed as to non-debtor Ocwen;

C.   Waiving the provision of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure so that Robinson can proceed with the Mortgage Litigation immediately; and

D.   For such other and further relief as to this Court may seem just and proper.


Dated:  New York, New York
        September 4, 2013

Respectfully submitted,


___/s/ _Noam M. Besdin____
Noam M. Besdin
STORCH AMINI & MUNVES PC
140 East 45th Street
New York, New York 10017
Tel: (212) 490-4100
nbesdin@samlegal.com

*Counsel for Simona Robinson*