# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA ROBINSON,<br>　　　　　Plaintiff,<br>v.<br><br>GMAC MORTGAGE, and<br>PHELAN HALLINAN & SCHMIEG, LLP,<br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 12-151 |

## ORDER

**AND NOW**, this 28th day of February 2013, upon consideration of Plaintiff's Motion to Remove Case from Suspense and for Leave to Amend the Complaint to Substitute Defendant (Doc. No. 44), Defendant Phelan Hallinan & Schmieg, LLP's Response in Opposition thereto (Doc. No. 46), and Defendant GMAC Mortgage's Notice (Doc. No. 45), it is hereby **ORDERED** that the Motion is **DENIED**.[1]

This matter shall **REMAIN** in stay and suspense pending resolution of the related bankruptcy proceeding or until further order of the Court.

It is so **ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　/s/ Cynthia M. Rufe
　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　**CYNTHIA M. RUFE, J.**

---

[1] By Order dated August 9, 2012, the Court placed this matter in suspense in light of Defendant GMAC Mortgage's filing for bankruptcy. The Court found that though it was not *required* to stay the matter as to Defendant Phelan Hallinan & Schmieg, LLP as a non-debtor co-defendant, given the relationship of the parties and the nature of the claims alleged in the Amended Complaint, 11 U.S.C. § 362's protection should be extended to the entire action. See Doc. No. 39.
　　Plaintiff now requests that the Court remove this case from suspense and grant her leave to file a second amended complaint to substitute Ocwen Loan Servicing LLC for Defendant GMAC. Plaintiff argues that Ocwen is Defendant GMAC's successor in interest by virtue of the bankruptcy court's November 21, 2012 order, and therefore, that Ocwen is a proper party in this action. Plaintiff asserts that once Ocwen is named as the proper party the case may proceed without violating the automatic stay. The Court disagrees.
　　The bankruptcy court has not determined whether Plaintiff's claims are properly asserted against Ocwen or whether GMAC has retained liability. Should this Court grant Plaintiff's Motion, this ruling has the potential of being inconsistent with rulings of the bankruptcy court and interfering with the bankruptcy court's jurisdiction. Further, a favorable ruling on this issue could impair the rights of GMAC, which cannot be compelled to participate in the action at this time. The Court finds that judicial economy and equity do not favor removing this case from suspense. Accordingly, Plaintiff's Motion is denied.