IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR - 4 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

12 0361

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Civil Action No. _____ |
| BANK OF AMERICA CORP. *et al.*, | ) ) |
| Defendants. | ) ) ) ) ) ) ) ) |

### CONSENT JUDGMENT

WHEREAS, Plaintiffs, the United States of America and the States of Alabama, Alaska,

Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii,

Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota,

Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico,

New York, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, South

Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming,

the Commonwealths of Kentucky, Massachusetts, Pennsylvania and Virginia, and the District of

Columbia filed their complaint on March 12, 2012, alleging that Residential Capital, LLC, Ally

Financial, Inc., and GMAC Mortgage, LLC (collectively, "Defendant") violated, among other

laws, the Unfair and Deceptive Acts and Practices laws of the Plaintiff States, the False Claims

Act, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, the

Servicemembers Civil Relief Act, and the Bankruptcy Code and Federal Rules of Bankruptcy

Procedure;

WHEREAS, the parties have agreed to resolve their claims without the need for

litigation; ꞏ

WHEREAS, Defendant, by its attorneys, has consented to entry of this Consent Judgment

without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent

Judgment is entered as submitted by the parties;

WHEREAS, Defendant, by entering into this Consent Judgment, does not admit the

allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this

Court;

WHEREAS, the intention of the United States and the States in effecting this settlement

is to remediate harms allegedly resulting from the alleged unlawful conduct of the Defendant;

AND WHEREAS, Defendant has agreed to waive service of the complaint and summons

and hereby acknowledges the same;

NOW THEREFORE, without trial or adjudication of issue of fact or law, without this

Consent Judgment constituting evidence against Defendant, and upon consent of Defendant, the

Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is

therefore ORDERED, ADJUDGED, AND DECREED:

## I.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. §§ 1331, 1345, 1355(a), and 1367, and under 31 U.S.C. § 3732(a) and (b), and over

Defendant.  The Complaint states a claim upon which relief may be granted against Defendant.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) and 31 U.S.C. § 3732(a).

2

## II.    SERVICING STANDARDS

2.    Defendant shall comply with the Servicing Standards, attached hereto as Exhibit A, in accordance with their terms and Section A of Exhibit E, attached hereto.

## III.    FINANCIAL TERMS

3.    *Payment Settlement Amounts.*  Defendant shall pay into an interest bearing escrow account to be established for this purpose the sum of $109,628,425, which sum shall be added to funds being paid by other institutions resolving claims in this litigation (which sum shall be known as the "Direct Payment Settlement Amount") and which sum shall be distributed in the manner and for the purposes specified in Exhibit B.  Defendant's payment shall be made by electronic funds transfer no later than seven days after the Effective Date of this Consent Judgment, pursuant to written instructions to be provided by the United States Department of Justice.  After Defendant has made the required payment, Defendant shall no longer have any property right, title, interest or other legal claim in any funds held in escrow.  The interest bearing escrow account established by this Paragraph 3 is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1 of the U.S. Internal Revenue Code of 1986, as amended.  The Monitoring Committee established in Paragraph 8 shall, in its sole discretion, appoint an escrow agent ("Escrow Agent") who shall hold and distribute funds as provided herein.  All costs and expenses of the Escrow Agent, including taxes, if any, shall be paid from the funds under its control, including any interest earned on the funds.

4.    *Payments to Foreclosed Borrowers.*  In accordance with written instructions from the State members of the Monitoring Committee, for the purposes set forth in Exhibit C, the Escrow Agent shall transfer from the escrow account to the Administrator appointed under

3

Exhibit C $1,489,813,925.00 (the "Borrower Payment Amount") to enable the Administrator to

provide cash payments to borrowers whose homes were finally sold or taken in foreclosure

between and including January 1, 2008 and December 31, 2011; who submit claims for harm

allegedly arising from the Covered Conduct (as that term is defined in Exhibit G hereto); and

who otherwise meet criteria set forth by the State members of the Monitoring Committee. The

Borrower Payment Amount and any other funds provided to the Administrator for these purposes

shall be administered in accordance with the terms set forth in Exhibit C.

5.    *Consumer Relief.* Defendant shall provide $185,000,000 of relief to consumers

who meet the eligibility criteria in the forms and amounts described in Paragraphs 1-8 of Exhibit

D, and $15,000,000 of refinancing relief to consumers who meet the eligibility criteria in the

forms and amounts described in Paragraph 9 of Exhibit D, to remediate harms allegedly caused

by the alleged unlawful conduct of Defendant. Defendant shall receive credit towards such

obligation as described in Exhibit D.

## IV. ENFORCEMENT

6.    The Servicing Standards and Consumer Relief Requirements, attached as Exhibits

A and D, are incorporated herein as the judgment of this Court and shall be enforced in

accordance with the authorities provided in the Enforcement Terms, attached hereto as Exhibit E.

7.    The Parties agree that Joseph A. Smith, Jr. shall be the Monitor and shall have the

authorities and perform the duties described in the Enforcement Terms, attached hereto as

Exhibit E.

8.    Within fifteen (15) days of the Effective Date of this Consent Judgment, the

participating state and federal agencies shall designate an Administration and Monitoring

Committee (the "Monitoring Committee") as described in the Enforcement Terms. The

4

Monitoring Committee shall serve as the representative of the participating state and federal
agencies in the administration of all aspects of this and all similar Consent Judgments and the
monitoring of compliance with it by the Defendant.

## V.    RELEASES

9.      The United States and Defendant have agreed, in consideration for the terms
provided herein, for the release of certain claims, and remedies, as provided in the Federal
Release, attached hereto as Exhibit F.  The United States and Defendant have also agreed that
certain claims, and remedies are not released, as provided in Paragraph 11 of Exhibit F.  The
releases contained in Exhibit F shall become effective upon payment of the Direct Payment
Settlement Amount by Defendant.

10.     The State Parties and Defendant have agreed, in consideration for the terms
provided herein, for the release of certain claims, and remedies, as provided in the State Release,
attached hereto as Exhibit G.  The State Parties and Defendant have also agreed that certain
claims, and remedies are not released, as provided in Part IV of Exhibit G.  The releases
contained in Exhibit G shall become effective upon payment of the Direct Payment Settlement
Amount by Defendant.

## VI.    SERVICEMEMBERS CIVIL RELIEF ACT

11.     The United States and Defendant have agreed to resolve certain claims arising
under the Servicemembers Civil Relief Act ("SCRA") in accordance with the terms provided in
Exhibit H.  Any obligations undertaken pursuant to the terms provided in Exhibit H, including
any obligation to provide monetary compensation to servicemembers, are in addition to the
obligations undertaken pursuant to the other terms of this Consent Judgment.  Only a payment to

5

an individual for a wrongful foreclosure pursuant to the terms of Exhibit H shall be reduced by

the amount of any payment from the Borrower Payment Amount.

## VII.    OTHER TERMS

12.    The United States and any State Party may withdraw from the Consent Judgment

and declare it null and void with respect to that party if the Defendant does not make the

Consumer Relief Payments (as that term is defined in Exhibit F (Federal Release)) required

under this Consent Judgment and fails to cure such non-payment within thirty days of written

notice by the party.

13.    This Court retains jurisdiction for the duration of this Consent Judgment to

enforce its terms.  The parties may jointly seek to modify the terms of this Consent Judgment,

subject to the approval of this Court.  This Consent Judgment may be modified only by order of

this Court.

14.    The Effective Date of this Consent Judgment shall be the date on which the

Consent Judgment has been entered by the Court and has become final and non-appealable.  An

order entering the Consent Judgment shall be deemed final and non-appealable for this purpose if

there is no party with a right to appeal the order on the day it is entered.

15.    This Consent Judgment shall remain in full force and effect for three and one-half

years from the date it is entered ("the Term"), at which time the Defendants' obligations under

the Consent Judgment shall expire, except that, pursuant to Exhibit E, Defendants shall submit a

final Quarterly Report for the last quarter or portion thereof falling within the Term and

cooperate with the Monitor's review of said report, which shall be concluded no later than six

months after the end of the Term.  Defendant shall have no further obligations under this

Consent Judgment six months after the expiration of the Term, but the Court shall retain

6

jurisdiction for purposes of enforcing or remedying any outstanding violations that are identified in the final Monitor Report and that have occurred but not been cured during the Term.

16.     Except as otherwise agreed in Exhibit B, each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

17.     Nothing in this Consent Judgment shall relieve Defendant of its obligation to comply with applicable state and federal law.

18.     The parties further agree to the additional terms contained in Exhibit I hereto.

19.     The sum and substance of the parties' agreement and of this Consent Judgment are reflected herein and in the Exhibits attached hereto. In the event of a conflict between the terms of the Exhibits and paragraphs 1-18 of this summary document, the terms of the Exhibits shall govern.

SO ORDERED this _4_ day of _April_____, 2012

UNITED STATES DISTRICT JUDGE

For the United States:

_____

TONY WEST
Acting Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Tel.:    202-514-9500
Fax:    202-514-0238

For the Department of the Treasury:

For the Department of Housing and Urban
Development:

_____

GEORGE W. MADISON
General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Tel.:        202-622-0283
Fax:        202-622-2882

_____

HELEN R. KANOVSKY
General Counsel
U.S. Department of Housing and Urban
Development
451 7th Street, S.W.
Washington, DC 20410
Tel.:    202-402-5023
Fax:    202-708-3389

For the Federal Trade Commission
(as to Exhibit F only):

For the Consumer Financial Protection Bureau
(as to Exhibit F only):

_____

Amanda Basta
Attorney
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20058
Tel:    202-326-2340
Fax:    202-326-2558

_____

Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau
1500 Pennsylvania Avenue, NW
(Attn: 1801 L Street)
Washington, DC 20220
Tel:    202-435-7154

8

For the Department of the Treasury:

_____
GEORGE W. MADISON
General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Tel.:    202-622-0283
Fax:     202-622-2882


For the Federal Trade Commission
(as to Exhibit F only):



_____
Amanda Basta
Attorney
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20058
Tel:    202-326-2340
Fax:    202-326-2558

For the Department of Housing andUrban
Development:

_____
HELEN R. KANOVSKY
General Counsel
U.S. Department of Housing and Urban
Development
451 7th Street, S.W.
Washington, DC  20410
Tel.:    202-402-5023
Fax:    202-708-3389


For the Consumer Financial Protection Bureau
(as to Exhibit F only):



_____
Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau
1500 Pennsylvania Avenue, NW
(Attn:  1801 L Street)
Washington, DC  20220
Tel:    202-435-7154

For the Department of the Treasury:

_____
GEORGE W. MADISON
General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Tel.:        202-622-0283
Fax:        202-622-2882


For the Federal Trade Commission
(as to Exhibit F only):




_____
Amanda Basta
Attorney
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20058
Tel:    202-326-2340
Fax:    202-326-2558

For the Department of Housing andUrban
Development:

_____
HELEN R. KANOVSKY
General Counsel
U.S. Department of Housing and Urban
Development
451 7th Street, S.W.
Washington, DC 20410
Tel.:    202-402-5023
Fax:    202-708-3389


For the Consumer Financial Protection Bureau
(as to Exhibit F only):




_____
Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau
1500 Pennsylvania Avenue, NW
(Attn:  1801 L Street)
Washington, DC 20220
Tel:    202-435-7154

8

For the Department of the Treasury:

_____

GEORGE W. MADISON
General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Tel.:        202-622-0283
Fax:        202-622-2882

For the Department of Housing and Urban Development:

_____

HELEN R. KANOVSKY
General Counsel
U.S. Department of Housing and Urban Development
451 7th Street, S.W.
Washington, DC  20410
Tel.:    202-402-5023
Fax:    202-708-3389

For the Federal Trade Commission
(as to Exhibit F only):

_____

Amanda Basta
Attorney
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20058
Tel:    202-326-2340
Fax:    202-326-2558

For the Consumer Financial Protection Bureau
(as to Exhibit F only):

_____

Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau
1500 Pennsylvania Avenue, NW
(Attn:  1801 L Street)
Washington, DC  20220
Tel:    202-435-7154

8

For the Department of the Treasury:

_____

GEORGE W. MADISON
General Counsel
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220
Tel.:        202-622-0283
Fax:        202-622-2882


For the Federal Trade Commission
(as to Exhibit F only):


_____

Amanda Basta
Attorney
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20058
Tel:    202-326-2340
Fax:    202-326-2558

For the Department of Housing and Urban
Development:

_____

HELEN R. KANOVSKY
General Counsel
U.S. Department of Housing and Urban
Development
451 7th Street, S.W.
Washington, DC  20410
Tel.:   202-402-5023
Fax:   202-708-3389


For the Consumer Financial Protection Bureau
(as to Exhibit F only):


_____

Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau
1500 Pennsylvania Avenue, NW
(Attn:  1801 L Street)
Washington, DC  20220
Tel:    202-435-7154

8

For the State of Alabama:

For the Alabama State Banking
Department:

LUTHER STRANGE
Attorney General
State of Alabama
501 Washington Avenue
Montgomery, AL  36130
Tel.:  334-242-7335
Fax:  334-242-2433

JOHN D. HARRISON
Superintendent of Banks
Alabama State Banking Department
401 Adams Avenue, Suite 680
P.O. Box 4600
Montgomery, AL  36103-4600
Tel.:  334-242-3452
Fax:  334-242-3500

For the State of Alaska:

_____
CYNTHIA C. DRINKWATER
Assistant Attorney General
Alaska Attorney General's Office
1031 W. 4th Avenue, Ste. 200
Anchorage, AK  99501
Tel.:   907-269-5200
Fax:   907-264-8554

For the Alaska Division of Banking and Securities:

_____
Lorie L. Hovanec
Director
Alaska Division of Banking and Securities
Department of Commerce, Community and Economic Development
550 W. 7th Ave., Ste 1940
Anchorage, AK  99501
Tel.:   907-269-8140
Fax:   907-465-1231

For the State of Alaska:

For the Alaska Division of Banking and Securities:

_____

_Lorie L. Hovanec_

CYNTHIA C. DRINKWATER
Assistant Attorney General
Alaska Attorney General's Office
1031 W. 4th Avenue, Ste. 200
Anchorage, AK  99501
Tel.:   907-269-5200
Fax:    907-264-8554

LORIE L. HOVANEC
Director
Alaska Division of Banking and
Securities
Department of Commerce,
Community and Economic
Development
550 W. 7th Ave., Ste. 1940
Anchorage, AK  99501
Tel.:   907-269-8140
Fax:    907-465-1231

For the State of Arizona:

For the Arizona Department of
Financial Institutions:


THOMAS C. HORNE
Arizona Attorney General
by Carolyn R. Matthews
Assistant Attorney General
1275 W. Washington
Phoenix, AZ  85007
Tel.:   602-542-7731
Fax:   602-542-4377

LAUREN W. KINGRY
Superintendent
Arizona Department of Financial
Institutions
2910 N. 44th Street, suite #310
Phoenix, AZ  85018
Tel.:   602-771-2772
Fax:   602-381-1225

11

For the State of Arizona:

For the Arizona Department of
Financial Institutions:

_____

THOMAS C. HORNE
Arizona Attorney General
by Carolyn R. Matthews
Assistant Attorney General
1275 W. Washington
Phoenix, AZ  85007
Tel.:   602-542-7731
Fax:   602-542-4377

LAUREN W. KINGRY
Superintendent
Arizona Department of Financial
Institutions
2910 N. 44th Street, suite #310
Phoenix, AZ  85018
Tel.:   602-771-2772
Fax:   602-381-1225

For the State of Arkansas

By: _____

James B. DePriest, Ark. Bar No. 80038
Deputy Attorney General
Office of the Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201

A. Heath Abshure
Securities Commissioner
201 East Markham, Suite 300
Little Rock, AR 72201
Tel: 501-324-9260
Fax: 501-324-9268

1

For the State of Arkansas:

For the Arkansas Securities
Department:

_____
JAMES B. DEPRIEST
Ark. Bar No. 80038
Deputy Attorney General
Office of the Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas  72201
Tel.: 501-682-5028
Fax: 501-682-8118

A. HEATH ABSHURE
Securities Commissioner
201 East Markham, Suite 300
Little Rock, AR  72201
Tel: 501-324-9260
Fax: 501-324-9268

For the State of California:

For the California Department of
Corporations:

_____

MICHAEL A. TRONCOSO
Senior Counsel to the Attorney General
455 Golden Gate Avenue, Ste. 14500
San Francisco, CA 94102-7007
Tel.:  415-703-1008
Fax:   415-703-1016

_____

JAN LYNN OWEN
Commissioner
1515 K Street, Suite 200
Sacramento, CA  95814-4052
Tel.:  916-445-7205
Fax:  916-322-1559

For the State of California:

For the California Department of
Corporations:

_____

MICHAEL A. TRONCOSO
Senior Counsel to the Attorney General
455 Golden Gate Avenue, Ste. 14500
San Francisco, CA 94102-7007
Tel.:  415-703-1008
Fax:   415-703-1016

JAN LYNN OWEN    3-9-2012
Commissioner
1515 K Street, Suite 200
Sacramento, CA  95814-4052
Tel.:  916-445-7205
Fax:  916-322-1559

13

For the State of Colorado, *ex. rel.* John W. Suthers,
Attorney General, and On behalf of the Administrator
of the Colorado Uniform Consumer Credit Code, Laura E. Udis:


ANDREW P. MCCALLIN
First Assistant Attorney General
Consumer Protection Section
Colorado Attorney General's Office
1525 Sherman Street – 7th Floor
Denver, Colorado 80203
Tel.:   303- 866-5134
Fax:    303- 866-4916

For the State of Connecticut and the
Connecticut Department of Banking:


MATTHEW J. BUDZIK
JOSEPH J. CHAMBERS
Assistant Attorneys General
Office of the Connecticut Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  860-808-5270
Fax:  860-808-5385

For the State of Connecticut and the
Connecticut Department of Banking:

For the Connecticut
Department of Banking:



_____

MATTHEW J. BUDZIK
JOSEPH J. CHAMBERS
Assistant Attorneys General
Office of the Connecticut Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  860-808-5270
Fax:  860-808-5385

HOWARD F. PITKIN
Banking Commissioner
Connecticut Department of Banking
260 Constitution Plaza
Hartford, CT  06103-1800
Tel:  860-240-8100
Fax:  860-240-8178

For the State of Delaware:

IAN R. McCONNEL
Deputy Attorney General
Delaware Department of Justice
Attorney General's Office
820 N. French Street
Wilmington, DE 19801
Tel.:    302-577-8533
Fax:    302-577-8426

For the Office of the State Bank Commissioner:

ROBERT A. GLEN
State Bank Commissioner
Suite 210
555 East Lookerman Street
Dover, DE 19901
Tel.:    302-739-4235
Fax:    302-739-3609