**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---

**ORDER AUTHORIZING THE PAYMENT OF FEES TO RUST CONSULTING, INC. AS PAYING AGENT UNDER THE AMENDMENT TO THE CONSENT ORDER**

Upon the Court's request stated on the record of the hearing held on July 26, 2013; and in connection with the *Debtors' Motion Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under an Amendment to the Consent Order* [Docket No. 4228] (the "**Motion**");[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having approved the Motion by order dated July 26, 2013 [Docket No. 4365]; and the Court having determined that just cause exists for the relief granted herein; and the Court having further determined that the relief granted herein is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. Debtors GMAC Mortgage, LLC ("**GMAC Mortgage**") and Residential Capital, LLC ("**ResCap**") are hereby authorized to satisfy, pay, and reimburse Rust Consulting, Inc. ("**Rust Consulting**") all fees for services rendered as Paying Agent under the Amendment.

2. Rust Consulting shall not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. Rust Consulting will, however, file with the Court, and provide notice to the U.S. Trustee and the Creditors' Committee, reports of compensation earned and expenses incurred on at least a quarterly basis, and parties in interest in these Chapter 11 cases shall have the right to object to fees paid and expenses reimbursed to Rust Consulting within 20 days after Rust Consulting files such reports.

3. Such reports shall summarize the services provided, identify the compensation earned and itemize the expenses incurred. Such compensation and expenses will be subject to Court review.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

6. The Bankruptcy Court shall retain jurisdiction with respect to all matters arising out of or related to the implementation of this Order.

Dated: September 9, 2013　　　　　　　　　　　　　　　**/s/Martin Glenn**
　　　　New York, New York　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge