Hearing Date: **September 11, 2013 at 10:00 a.m.**

| | |
|---|---|
| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**<br>101 Park Avenue<br>New York, New York 10178-0061<br>Telephone: (212) 696-6000<br>Facsimile: (212) 697-1559<br>Steven J. Reisman<br>Michael A. Cohen<br>Jonathan J. Walsh<br>Maryann Gallagher<br><br>*Conflicts Counsel for the Debtors*<br>*and Debtors in Possession* | **BRYAN CAVE LLP**<br>560 Mission Street, 25th Floor<br>San Francisco, California 94105<br>Telephone: (415) 675-3400<br>Facsimile: (415) 675-3434<br>K. Lee Marshall<br><br>One Metropolitan Square<br>211 North Broadway, Suite 3600<br>St. Louis, Missouri 63102-2750<br>Telephone: (314) 259-2000<br>Facsimile: (314) 259-2020<br>Michael G. Biggers<br>Darci F. Madden<br><br>*Litigation Counsel for the Debtors*<br>*and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

---

# REPLY IN FURTHER SUPPORT OF THE DEBTORS' OBJECTION TO PROOF OF CLAIM OF PNC BANK, N.A. (CLAIM NO. 4760)

16207955

Residential Funding Company, LLC ("RFC"), along with Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively with RFC, the "Debtors")[1] hereby file this reply (the "Reply") to *PNC Bank N.A.'s Response and Reservation of Rights to Debtors' Objection to Proof of Claim No. 4760*, filed Aug. 30, 2013 [Dkt. No. 4894] (the "Response") filed by PNC Bank, N.A. ("PNC") to the *Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)*, filed Aug. 9, 2013 [Dkt. No. 4603] (the "Objection").[2] The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), disallowing and expunging Proof of Claim No. 4760 (the "PNC Claim"), pursuant to section 502(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Although the Debtors believe the PNC Claim should be disallowed, to the extent that the Court permits PNC to withdraw the PNC Claim, the Debtors request that any withdrawal of the PNC Claim be ordered without reservation and with prejudice, as provided in the form of order attached hereto as **Exhibit 2** (the "Alternative Proposed Order").  The Debtors respectfully represent as follows:

**PRELIMINARY STATEMENT**

1.     On August 9, 2013, the Debtors filed the Objection to the PNC Claim in accordance with the claims procedures applicable in the Chapter 11 Cases pursuant to the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007, and 9019(b) Approving (i) Claim Objection Procedures, (ii) Borrower Claim Procedures, (iii) Settlement Procedures, and (iv) Schedule Amendment Procedures* [Dkt. No. 3294] (the "Claims

---

[1]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Dkt. No. 6].

[2]   Unless otherwise specified, all capitalized terms used but not defined herein shall have the meaning ascribed to them in the Objection.

-1-

16207955

Objection Procedures"). Through the Objection, the Debtors seek disallowance of the PNC Claim pursuant to section 502(b) of the Bankruptcy Code because there is no legal basis for PNC to assert a claim against the Debtors for indemnification or contribution. The Objection also seeks disallowance of the PNC Claim pursuant to section 502(e)(1)(B) of the Bankruptcy Code in the unlikely event that the Court disagrees with the substantive bases of the Objection. PNC's Response did not address the primary objection levied by Debtors—that PNC lacks any basis for the rights it asserts in the PNC Claim. Instead, PNC attempted to elect disallowance and conditional withdrawal of the PNC Claim pursuant to section 502(e)(1) of the Bankruptcy Code, and purported to reserve its right with respect to the PNC Claim and matters not currently before this Court (such as PNC's alleged rights to subrogation from the plaintiffs in the Class Action (defined below)). PNC seeks to have it both ways—to evade responding to the substantive bases justifying disallowance and expungement of the PNC Claim while preserving its right to re-assert the meritless claim at a later date. Granting PNC this unprecedented relief would delay final judgment on the PNC Claim indefinitely, interfere with the Debtors' efforts to emerge from bankruptcy, and result in the unnecessary expenditure of estate resources. The Court can and should avoid this outcome by (a) denying PNC's proposed conditional withdrawal, and (b) disallowing and expunging the PNC Claim.

2. In light of the Response, the factual and legal bases for the Objection are undisputed. As set forth in the Objection, PNC has no right of contribution or indemnity against RFC or any of the Debtors for any of the claims asserted in the litigation captioned, *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, and 05-1386 (the "Class Action").[3]

---

[3] The Class Action was referred to as the "Putative Class Action" in the Objection. However, the MDL Court recently certified the class in the litigation.

3. Should the Court allow PNC to withdraw the PNC Claim, it is beyond dispute that the withdrawal should be with prejudice and without reservation of rights, because the deadline for filing proofs of claim passed on ***November 16, 2012*** (the "Bar Date"). See *Order Extending Deadline for Filing Proofs of Claim*, filed Nov. 7, 2012 [Dkt. No. 2093].

## ARGUMENT

### I. THE PNC CLAIM IS UNENFORCEABLE PURSUANT TO SECTION 502(b)(1)

4. In the Response, PNC failed to argue that the PNC Claim is based on any agreement or applicable law entitling PNC to contribution or indemnification from a Debtor. This is not surprising because PNC has no rights to contribution or indemnity from the Debtors under contract or applicable federal law. Moreover, PNC waived its right to make substantive arguments that the PNC Claim is enforceable when it failed to timely raise such arguments in the Response.

### A. PNC Has No Right to Contribution and/or Indemnity

5. Under section 502(b)(1) of the Bankruptcy Code, a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). As set forth in detail in the Objection, there is no contractual basis for PNC's claim of contribution or indemnity against RFC. Objection at 8. Both RFC and PNC previously acknowledged that the relationship between RFC and PNC's predecessor-in-interest, CBNV, was governed by the "Client Contract." See Marshall PNC Decl., ¶ 9 and Ex. 4; PNC Claim at 2. The Client Contract incorporated the terms of RFC's July 1, 1997 AlterNet Seller Guide. See Marshall PNC Decl., ¶ 9 and Exs. 4 & 5. While the Client Contract and AlterNet Seller Guide required CBNV/PNC to indemnify RFC in certain circumstances, ***it does not require RFC to provide contribution or indemnity to***

-3-

16207955

*CBNV/PNC under any circumstances*. Id. ¶ 10 & its Ex. 5 § 274.  PNC has never asserted otherwise.  Thus, PNC has no contractual claim to indemnification under any agreement.

6. Further, PNC has no right to statutory or implied contribution or indemnity under applicable law.  Objection at 8-13.  The claims asserted in the Class Action for violations of RICO, TILA, HOEPA, and RESPA for which PNC seeks contribution are federal statutory causes of action.  PNC's eligibility for contribution pursuant to those claims is governed by federal law.  See Donovan v. Robbins, 752 F.2d 1170, 1179 (7th Cir. 1984).  As detailed in the Objection, there is no federal right to statutory or implied contribution or indemnity for claims arising under RICO (see Objection at 9-10), TILA/HOEPA (see id. at 10), or RESPA (see id. at 11).  Thus, PNC has no legitimate claim for contribution under applicable law.  Because the PNC Claim is unenforceable, it must be disallowed pursuant to section 502(b).

### B. PNC Has Waived Its Right to Raise Substantive Arguments

7. Moreover, the PNC Claim should be disallowed because PNC has waived any arguments to the contrary.  In the Objection, the Debtors successfully rebutted the presumption of validity of the PNC Claim.  PNC now bears the ultimate burden of proving the validity of the PNC Claim.  In re Greene, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987) ("If the objecting party rebuts the claimant's *prima facie* case, 'it is for the claimant to prove his claim, not for the objector to disprove it.'").

8. But, PNC has failed to meet its burden of proof.  Though PNC purports in the Response to "vigorously dispute[ ] that the claims asserted in the [PNC Claim] are without substantive basis under applicable non-bankruptcy law", PNC offered no substantive basis for its protest by the response date to the Objection.  Response at 3.  PNC's failure to make substantive arguments in a timely manner should be considered an intentional waiver because PNC, a

-4-

sophisticated party who is represented by reputable counsel, was on notice of the requirement that all arguments be timely raised or deemed waived.

9. It is black letter law that "stating an issue without advancing an argument" does not suffice to preserve arguments. See Vargas Realty Enters., Inc. v. CFA W. 111 Street, LLC (In re Vargas Realty Enters., Inc.), 440 B.R. 224, 242 (S.D.N.Y. 2010) ("Appellants' mere passing mention of the issue is completely devoid of analysis, and is thus deemed a waiver of it."). This is particularly clear where a claimant is on notice that a failure to timely respond may result in a disposition of the matter without notice or hearing. See, e.g., Spencer Cent. Developers, LLC v. Sterling Rubber Prods. Co. (In re Sterling Rubber Prods. Co.), No. 04-8090, 2006 WL 348143, at *4 (6th Cir. Feb. 15, 2006) (upholding claim disallowance resulting from a claimant's failure to timely respond to an objection, where "the consequences of failing to timely respond to the Debtor's objection should have been obvious . . . if they had read the notice").

10. PNC was on notice that a failure to timely respond to the Objection could result in a waiver of further argument and an adjudication of the Objection without further notice or hearing. Specifically, the Claims Objection Procedures require that a claimant respond to the Debtors' individual claim objections within twenty-one (21) calendar days or be subject to the possibility that "the Court may sustain the . . . Objection with respect to such Claim *without further notice or a hearing*." See Claims Objection Procedures at 8-9 (emphasis added). Moreover, the Debtors provided additional notice that upon PNC's failure to "timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing." *Notice of Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)* [Dkt. No. 4603].

-5-

16207955

11. Notwithstanding the clear notice of potential waiver, PNC purposefully elected not to state a single reason why the PNC Claim should not be disallowed pursuant to section 502(b) of the Bankruptcy Code. Instead, PNC attempted to reserve the right to "present any other substantive responses to the arguments raised in the Objection at any hearing held before the Court." Response at n.3. Both PNC's cursory statement that it "vigorously disputes" that the PNC Claim is without substantive merit, and its attempted reservation of rights are insufficient in light of the procedures established by the Court and carried out by the Debtors. See In re Vargas Realty Enters., Inc., 440 B.R. at 242; In re Sterling Rubber Prods. Co., 2006 WL 348143, at*3-4. Because PNC knowingly failed to respond with substantive arguments to the Objection pursuant to section 502(b), any potential arguments relevant to the applicability of section 502(b) should be deemed waived, and the right to pursue them should be extinguished.

## II.  PNC'S REQUEST FOR WITHDRAWAL CONDITIONED ON A RESERVATION OF RIGHTS MUST FAIL

12. In the Response, PNC states that the PNC Claim is subject to disallowance under section 502(e)(1), and attempts to unilaterally and conditionally withdraw its PNC Claim on that basis. But, the Bankruptcy Rules bar unilateral withdrawal of a proof of claim where an objection to a proof of claim has been filed. Fed. R. Bankr. P. 3006.

13. Under Bankruptcy Rule 3006, where an objection to a proof of claim is filed, that proof of claim may be withdrawn by "order of the court after a hearing on notice". Fed. R. Bankr. P. 3006. Further, "[t]he order of the court shall contain such terms and conditions as the court deems proper." See id. This is because "the filing of an objection to the claim initiates a contest that must be disposed of by the court." Fed. R. Bankr. P. 3006 Advisory Committee Note.

14. Even if PNC were permitted to withdraw the PNC Claim as of right, the range of rights it has attempted to reserve in the Response is simply impermissible, and far beyond the scope of the Objection. According to the Response, PNC intends to reserve:

(a) its right to subrogation to distributions made on any proofs of claim filed in this proceeding *by or on behalf of any named or putative class plaintiffs in the MDL as and when any such right shall arise*,

(b) its right to dispute any assertion that the claims asserted in the Proof of Claim are without substantive basis under applicable non-bankruptcy [law] [sic] *in any proceeding* where such issue must be reached, and

(c) all objections asserted in the Settlement Agreement Objection.

Response at 3-4 (emphasis added). These so-called reservations are inappropriate, overbroad and relate, in large part, to matters not currently before the Court and potentially not within the Court's jurisdiction. All that is before the Court now is the Objection.

15. **First**, with regard to PNC's alleged right to subrogation, the rights to claims of the plaintiffs in the Class Action are not currently before this Court. Nor is the issue ripe for litigation. If PNC wishes to bring an action for declaratory judgment, it may do so, and then prove that the matter is ripe for adjudication. See Bank of New York v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.), 307 B.R. 432, 438 (Bankr. S.D.N.Y. 2004) ("courts should not endeavor to resolve contingencies that may or may not occur as expected or may not happen at all" (citing Dow Jones & Co. v. Harrods, Ltd., 237 F.Supp.2d 394, 407 n.39 (S.D.N.Y. 2002)). PNC's reservation of rights related to this issue is inappropriate.

16. **Second**, a holding that PNC may dispute the arguments of the Objection at "any" hearing at which those arguments are raised would also be beyond the purview of this Court. PNC remains a defendant in the Class Action. While PNC's right to contribution from another party may be raised in connection with that litigation, any adjudication of the right to

-7-

argue before that court is beyond the jurisdiction of this Court. Therefore, PNC's reservation is also inappropriate and should be denied.

17. **Third**, PNC's attempt to reserve its rights related to "objections asserted in the Settlement Agreement Objection" is equally inappropriate. As this Court observed at the August 22, 2013 hearing regarding the joint motion seeking preliminary approval of the settlement agreement between the Class Action plaintiffs and the Debtors, whether the PNC Claim is expunged is separate from the issues at stake in the Debtors' settlement with respect to the Class Action. Aug. 22, 2013 Hg. Tr. [Dkt. No. 4817] at 11:9-12:8. Accordingly, this reservation of rights is unnecessary and again, should be denied.

18. In contrast, as set forth in the Objection and in this Reply, PNC's alleged claim for contribution and indemnification from the Debtors is currently ripe for determination. PNC filed the PNC Claim in these cases with this Court, and this Court should adjudicate the matter. PNC may not simply decide to reserve its rights with respect to the Objection in order to present these issues, at PNC's convenience and to the detriment of the Debtors, to a court of its choosing.

### III. IN THE ALTERNATIVE, THE PNC CLAIM SHOULD BE WITHDRAWN WITH PREJUDICE

19. If this Court determines that withdrawal of the PNC Claim is appropriate, then withdrawal of the PNC Claim should be made without reservation and with prejudice so that PNC is barred from re-asserting the PNC Claim and prejudicing the Debtors' estates, especially since the Bar Date passed more than ten months ago.

20. A bar date "does not 'function merely as a procedural gauntlet' . . . but as an integral part of the reorganization process." In re Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991) (quoting United States v. Kolstad (In re Kolstad), 928 F.2d 171, 173 (5th Cir. 1991)). The purpose of a bar date is to enable debtors to "identify with reasonable promptness the

identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." See id. The administration of the bankruptcy estate would be undermined if creditors were allowed to disregard bar dates, or indefinitely postpone the effect of a bar order. See id. As a result, bar dates are enforced strictly. See In re Best Prods. Co., 140 B.R. 353, 360 (Bankr. S.D.N.Y. 1992).

21. Where withdrawal of a claim occurs after passage of the bar date, the withdrawal should be made with prejudice. See The Academy, Inc. v. James, Hoyer, Newcomer and Smiljanich, P.A. (In re The Acad., Inc.), 289 B.R. 230, 234 (Bankr. M.D. Fla. 2003) (allowing withdrawal with prejudice, because "[t]he claims bar date in the bankruptcy case has long since run, and the interests of finality mandate that the defendants keep no strings attached to their withdrawal such that they could attempt to revive their claims against the plaintiff in the future"); see also In re TMG Liquidation Co., No. 11-03216, 2012 Bankr. LEXIS 2575, at *9-10 (Bankr. D.S.C. June 6, 2012) ("Any withdrawal of the Proof of Claim is with prejudice to National Patent since the bar date . . . has passed. . . [and] the Proof of Claim cannot hereafter be timely filed or asserted." (citing In re The Acad., Inc., 289 B.R. at 234)).

22. This makes good sense, because a claimant who withdraws its claim after the bar date has no right to re-assert it. It is a particularly sensible outcome here, where PNC was afforded ample opportunity to defend the PNC Claim and, nevertheless, chose not to do so. To provide PNC with an opportunity to later re-assert the PNC Claim at a later date would transform the withdrawal into a mere adjournment. Because of the passage of the Bar Date, and

because the Debtors' estates could be prejudiced by the possible reassertion of the PNC Claim in the future, the PNC Claim, if withdrawn, must be withdrawn ***with prejudice and without reservation of rights***.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order disallowing and expunging the PNC Claim, and such other and further relief as the Court may deem proper. In the event the Court allows PNC to withdraw the PNC Claim, the Debtors respectfully request that the Court order the withdrawal of the PNC Claim with prejudice, as set forth in the Alternative Proposed Order.

Dated: September 9, 2013
      New York, New York

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: /s/ Steven J. Reisman
Steven J. Reisman
Michael A. Cohen
Jonathan J. Walsh
Maryann Gallagher
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Conflicts Counsel for the Debtors
and Debtors in Possession*

BRYAN CAVE LLP

By: /s/ K. Lee Marshall
K. Lee Marshall
560 Mission Street, 25th Floor
San Francisco, California 94105
Telephone: (415) 675-3400
Facsimile: (415) 675-3434

One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
Michael G. Biggers
Darci F. Madden

*Litigation Counsel for the Debtors and
Debtors in Possession*

16207955

Exhibit 1

Proposed Order

16192698

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------- )
                                                                                )
In re:                                                                          )    Case No. 12-12020 (MG)
                                                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                                        )    Chapter 11
                                                                                )
                                    Debtors.                                    )    Jointly Administered
                                                                                )
------------------------------------------------------------------------------- )

**ORDER SUSTAINING DEBTORS' OBJECTION TO**
**PROOF OF CLAIM OF PNC BANK, N.A. (CLAIM NO. 4760)**
**PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE**
**AND DISALLOWING AND EXPUNGING**
**<u>PNC BANK, N.A. PROOF OF CLAIM (CLAIM NO. 4760)</u>**

Upon the *Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)* [Docket No. 4603] (the "<u>Objection</u>"),[1] of Residential Funding Company, LLC, along with Residential Capital, LLC and their affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), disallowing and expunging the PNC Claim on the basis that the PNC Claim fails to articulate any legal or factual justification for asserting a claim against the Debtors, as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided in accordance with the requirements of Bankruptcy Rule 3007(a), the Local Bankruptcy Rules of this Court, the Case Management Procedures entered on May 23,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

16192698

2012 [Docket No. 141] (the "Case Management Procedures"), and the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) Approving (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* [Docket No. 3294] (the "Claims Objection Procedures"), and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the *Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims* [Docket No. 2338] (the "First Marshall Declaration"), and the *Declaration of K. Lee Marshall in Support of Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)*, annexed to the Objection as Exhibit 1 (and together with the First Marshall Declaration, the "Declarations"), the PNC Claim, the *PNC Bank N.A.'s Response and Reservation of Rights to Debtors' Objection to Proof of Claim No. 4760* [Docket. No. 4894] and the *Reply in Further Support of the Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)* [Docket No. ___] (the "Reply"); and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual basis set forth in the Objection, the Reply, and the Declarations establish just cause for the relief requested therein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection is granted to the extent provided therein; and it is further

ORDERED that, pursuant to section 502(b)(1) of the Bankruptcy Code, the Objection is sustained and the PNC Claim is disallowed and expunged and that all rights related to the PNC Claim should be extinguished; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the PNC Claim so that such claim is no longer maintained on the Debtors' claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures, the Claims Objection Procedures, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
     New York, New York

                                                  _____
                                                  THE HONORABLE MARTIN GLENN
                                                  UNITED STATES BANKRUPTCY JUDGE

Exhibit 2

Alternative Proposed Order

16192707

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
)
In re: ) Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al., ) Chapter 11
)
Debtors. ) Jointly Administered
)
---------------------------------------------------------------------------

**ORDER AUTHORIZING WITHDRAWAL WITH PREJUDICE**
**THE PNC BANK, N.A. PROOF OF CLAIM (CLAIM NO. 4760)**

Upon (a) the *Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)* [Docket No. 4603] (the "Objection"),[1] of Residential Funding Company, LLC, along with Residential Capital, LLC and their affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure ( the "Bankruptcy Rules") disallowing and expunging of Proof of Claim No. 4760 filed by PNC (the "PNC Claim"); (b) the *PNC Bank N.A.'s Response and Reservation of Rights to Debtors' Objection to Proof of Claim No. 4760*, filed Aug. 30, 2013 [Docket. No. 4894] (the "PNC Response"); and (c) the *Reply in Further Support of the Debtors' Objection to the Proof of Claim of PNC Bank, N.A. (Claim 4760)* [Docket No. ___] (the "Reply"); and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection. the PNC Response and the Reply having been provided in accordance with the

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

16192707

requirements of Bankruptcy Rules 3006 and 3007(a), the Local Bankruptcy Rules of this Court, the case management procedures applicable to these Chapter 11 Cases entered on May 23, 2012 [Docket No. 141] (the "Case Management Procedures"), and the claims objection procedures applicable to these Chapter 11 Cases entered on March 21, 2013 [Docket No. 3294] (the "Claims Objection Procedures"), and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the *Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims*, dated December 3, 2012 [Docket No. 2338], the *Declaration of K. Lee Marshall in Support of Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)*, annexed to the Objection as Exhibit 1, the PNC Claim, the PNC Response, and the Reply; and the Court having found and determined that, after due deliberation and sufficient cause appearing therefore, it is

ORDERED that, pursuant to Bankruptcy Rule 3006, the PNC Claim is withdrawn with prejudice, and that all rights related to the PNC Claim should be extinguished and may not be re-asserted by PNC at any time; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to withdraw and expunge the PNC Claim so that such claim is no longer maintained on the Debtors' claims register; and it is further

ORDERED that the Debtors and PNC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection and the PNC Response as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rules

-2-

16192707

3006 and 3007(a), the Case Management Procedures, the Claims Objection Procedures, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

-3-

16192707