Hearing Date:  **September 11, 2013 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:      (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------

**MORRISON & FOERSTER LLP'S REPLY TO OMNIBUS OBJECTION OF
THE UNITED STATES TRUSTEE REGARDING FEE APPLICATIONS
FOR THIRD INTERIM AWARDS OF COMPENSATION AND
<u>REIMBURSEMENT OF OUT-OF-POCKET EXPENSES</u>**

ny-1106914

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Morrison & Foerster LLP ("M&F"), bankruptcy counsel to the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), submits this reply (the "Reply") to the *Omnibus Objection of the United States Trustee* (the "U.S. Trustee") *Regarding Fee Applications for Third Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses* [Docket No. 4869] (the "Objection").[1]  In further support of the *Third Interim Application of Morrison & Foerster LLP as Bankruptcy Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period January 1, 2013 Through April 30, 2013* [Docket No. 4551] (the "Application"), M&F states as follows:

## BURDEN OF PROOF

1.    The applicant bears the initial burden of proof on its claim for compensation.  See, e.g., Houlihan Lokey Howard & Zukin Capital v. High River Ltd. P'Ship, 369 B.R. 111, 115 (S.D.N.Y. 2007) (citing In re Keene Corp., 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997)). However, "[o]bjectors have the responsibility to challenge this information and to produce evidence controverting that produced by the applicant.  In re Hunt's Health Care, 161 B.R. 971, 981 (Bankr. N.D. Ind. 1993).    M&F submits that, except as otherwise noted herein, the Application is sufficient to establish the reasonableness of its requested compensation and expenses.  Set forth below are additional disclosures and information that respond to each of the points raised in the U.S. Trustee's Objection.

## BACKGROUND

2.    Throughout the course of these Chapter 11 cases (the "Chapter 11 Cases"), M&F endeavors to provide complete and accurate time records sufficient to enable the U.S. Trustee

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection or the Application, as applicable.

and the Court to ascertain the reasonableness of the fees being requested, and devotes a notable amount of (unbilled) time ensuring that time entry and disbursement descriptions are simultaneously comprehensive and succinct in order to facilitate the U.S. Trustee's and the Court's review.

3.      As the Court is well-aware, the Chapter 11 Cases are unquestionably complex. Despite that complexity, during the Fee Period, the Debtors reached, and even exceeded an unprecedented and undeniably significant accomplishment in the Chapter 11 Cases—they closed the Court-approved sales of approximately $4.5 billion of assets, consisting of the Debtors' mortgage loan origination and servicing business as a going concern, as well as their whole loan portfolio.  Managing the Debtors' bankruptcy cases, including in this Fee Period alone, has also entailed, among other activities performed by M&F, preparing for and attending numerous omnibus hearings with agendas for a number of those hearings that ran to dozens of pages, addressing a multitude of issues arising therefrom, working with the Creditors' Committee and other key constituents to reach a framework in which these parties could formulate a consensual Chapter 11 Plan, continuing the review and reconciliation of thousands of proofs of claim filed in the cases, including attending to various borrower-related matters with the Creditors' Committee and SilvermanAcampora LLP, working to secure approval of the proposed settlements with RMBS litigation plaintiffs, conducting extensive negotiations with various parties in interest regarding the Debtors' obligations under the DOJ/AG Settlement and FRB Consent Order, and ensuring continuing compliance and cooperation with the Examiner in completing his investigation.  These efforts have required reliance on many attorneys at M&F with various areas of expertise, many of whom worked on multiple aspects of the Debtors' cases.

2

4.      In light of the extraordinary accomplishments achieved in the Debtors'
Chapter 11 Cases to date, M&F submits that the fees and expenses requested in the Application
were incurred in connection with services that provided a clear benefit to the Debtors' estates.
M&F further submits that its Application, including the time records appended thereto, as
supplemented by this Reply, provides sufficient information to ascertain the reasonableness of
the fees for which M&F seeks allowance, which were incurred in furtherance of those
accomplishments.   Accordingly, M&F requests that the Court overrule the U.S. Trustee's
Objection except as otherwise agreed herein, and approve M&F's Application on an interim
basis.

## GENERAL RESPONSES

5.      M&F notes that as part of its efforts to minimize the costs to the Debtors' estates,
M&F has staffed the matter as efficiently as possible, as described in greater detail below.
Moreover, M&F believes that all time billed to the matter provided a direct benefit to the
Debtors' estates in that it was incurred in the furtherance of the Debtors' fiduciary obligations
pursuant to sections 1106 and 1107 of the Bankruptcy Code.

6.      M&F believes that its requested compensation and expenses are reasonable and
appropriate.  Nevertheless, in the interest of avoiding the unnecessary expense and delay for the
Debtors' estates that would be incurred if M&F were to engage in protracted litigation regarding
the fees that are the subject of the Objection, M&F has proposed aggregate reductions of
$39,526.50 in fees, as set forth in more detail below.[2]

---

[2]     To the extent the proposed reductions are not acceptable to the U.S. Trustee, M&F reserves its right to contest
any additional reductions recommended by the U.S. Trustee at the hearing to approve the Application.

3

**SPECIFIC RESPONSES**

**A. Vague Time Entries**

7.        The U.S. Trustee asserts that time entries totaling $19,735.50 are impermissibly vague, and that the Court should disallow those fees in their entirety.  (Obj. at 33.)  M&F respectfully suggests that no further detail would be necessary for many of these entries if they were reviewed in the context of surrounding time entries (including in particular reference to the project code under which the entry is found) and/or by individuals familiar with the Debtors' Chapter 11 Cases.

8.        Nonetheless, M&F agrees to reduce its requested compensation by $19,735.50 as proposed by the U.S. Trustee in order to expeditiously resolve this objection.

**B. Excessive Attorney Time**

9.        The U.S. Trustee objects to $174,830.50 for services rendered by Kenneth Kohler, Senior Of Counsel in MoFo's corporate department, for 217 hours on consecutive days billing over 8.0 billable hours per day in the month of January 2013 in the absence of "additional information on the need for the significant billing by this individual."  (Obj. at 33-34.)

10.       Mr. Kohler is one of the principal MoFo attorneys responsible for documenting and successfully closing the Debtors' whole loan sale (the "Whole Loan Sale") with Berkshire Hathaway Inc. ("Berkshire") and mortgage servicing and origination business sale (the "Platform Sale" and together with the Whole Loan Sale, the "Sales") with Ocwen Loan Servicing, LLC ("Ocwen") and Walter Investment Management Corporation ("Walter"), respectively.   The transactions comprising the Debtors' Platform Sale closed in two parts: a sale to Walter that closed on January 31, 2013, and a sale to Ocwen that closed on February 15, 2013.  The Whole Loan Sale to Berkshire closed on February 5, 2013.  Taken together, these Sales brought in approximately $4.5 billion in sale proceeds, providing a clear benefit to the Debtors' estates.

4

11.    Mr. Kohler has approximately twenty-five (25) years of practice experience in the areas of corporate transactions, mergers and acquisitions, compliance, finance, and financial services.  In addition to this broad experience, Mr. Kohler has specific expertise in the mortgage lending and servicing industry, including familiarity with servicing agreements, transfer agreements, and other mortgage, securitization, and corporate finance matters.  This experience was critical to the drafting, negotiating, and finalizing of the Sales' requisite asset purchase agreements and related amendments thereto.  In addition, Mr. Kohler provided necessary and irreplaceable services relating to the drafting, negotiating, and finalizing of the essential ancillary Sale documents, including the Estate Transfer Agreements, Ocwen Subservicing Agreement, Ocwen Servicing Transfer Agreement, and various other servicing agreements, transfer agreements, and custodial agreements, as well as assisting with closing preparations that were necessary for each of the Sales to close successfully.

12.    Given the complexity of each of the Sale transactions and the timing of each of their closings, the time expended by Mr. Kohler, including all hours in the month of January 2013, which is the subject of the Objection, was necessary in order to successfully close the Sales.  Further, taking into account Mr. Kohler's specialized expertise, he was uniquely situated to provide those services in an efficient and cost-effective manner.  Therefore, all fees incurred by Mr. Kohler are reasonable and fully merited.

13.    Given that the Debtors' estates and parties in interest greatly benefited from Mr. Kohler's professional services, for which there was no other MoFo attorney who could provide comparable services, M&F respectfully requests that the full amount of $174,240.00 in fees incurred for Mr. Kohler's services for the month of January 2013 be allowed in full and not reduced in any amount.

### C.  Multiple Attendees at Court Hearings

14.      The U.S. Trustee objects to fees in the amount of $146,352.00 for certain services under the project category "Hearings (013)," asserting that such fees should be disallowed, absent demonstration of the necessity of the same, because M&F time records indicate that multiple M&F professionals attended various court hearings.  (Obj. at 34-35.)  The Objection on this point should be overruled for several reasons.  First, the Objection seeks to disallow the total fees billed by certain timekeepers to this project category for each hearing date on a wholesale basis, such that the Objection includes a requested reduction of fees not only for attorneys' time spent attending hearings, but also attorneys' time spent preparing for such hearings and other related tasks on the date of the particular hearing.  Second, the Objection seeks to disallow fees for <u>all</u> attendees, rather than all but the lead attorney or attorneys in attendance for a particular matter.

15.      Furthermore, as noted above, the Debtors' Chapter 11 Cases are extremely complex, and require the efforts of many attorneys working on a number of discrete workstreams.  At any given omnibus hearing, motions involving many, if not most, of those matters may be before the Court.  In order to ensure that the individuals with the most complete and accurate knowledge of such matters are available to address motions and objections (including matters as to which an agreement in principle was reached prior to the hearing but no order had yet been entered) and to provide timely responses to issues raised by the Court or other parties in interest, it is M&F's policy that the attorneys working on the motions scheduled to be heard attend the applicable hearings.  Rather than being excessive or unnecessarily duplicative, this practice helps to ensure that hearings—which are the only opportunity for the Court, as well as many parties in interest, to raise questions and receive answers from the Debtors'

6

representative on a "real time" basis—are as efficient and productive as possible. Moreover, to the extent attorneys were required to attend an omnibus hearing in connection with a discrete matter or matters, in many instances and to the extent practicable, those attorneys excused themselves once that matter was complete.

16.    M&F professionals abided by the Court's directive in connection with attendance at court hearings, where "no more than three lawyers per firm [charged] for the entire length of the hearing. Other lawyers for the firm, who are arguing or appearing, or specifically supported work on particular matters, [charged] for the time in connection with those matters." Hr'g Tr. 51:7-12 (Apr. 11, 2013). M&F has prepared supplemental materials based on a review of hearing transcripts, hearing agendas, and time detail, setting forth each of the matters addressed at the omnibus hearings identified in the Objection and which attorney(s) presented (or were prepared to present) each matter, attached as **Exhibit 1** hereto.[3]

17.    While M&F believes that all the time subject to this particular objection was reasonable, M&F is willing to forego a portion of its fees in the interest of saving the estates the expense that would be incurred in trying to provide an even more detailed analysis of the original time entries, and suggests that a lesser reduction of $15,000.00 of the aggregate fees in the Hearings task code is appropriate to address this objection.

### D. Responding to Fee Objection

18.    The U.S. Trustee objects to $4,791.00 in fees charged by MoFo to the Debtors' estates relating to the review and response to the U.S. Trustee's objection to the Second Interim Fee Application. The Debtors submit that these fees were incurred in connection with MoFo's

---

[3]    The Objection also noted multiple attendees at the April 11, 2013 omnibus hearing. However, that hearing was conducted in three separate sessions. As reflected in the supplemental chart, attendance at each session was limited to the attorneys directly involved with the matters being presented, which included only two attorneys for the last two sessions, and four attorneys at the main session.

compilation of a chart to track the resolution of the U.S. Trustee's objections to the second interim fee applications filed by various retained professionals. These services were provided to assist both the U.S. Trustee and the Court to prepare for the hearing on second interim fee applications. MoFo has not billed for any time expended on "responding to inquiries or objections from the United States Trustee regarding professional fees" (Obj. at 35) and accordingly, should not be penalized by being required to reduce compensation sought by $4,791.00. However, in an effort to resolve this objection without further litigation, MoFo agrees to reduce the amount of fees requested by this amount.

## <u>CONCLUSION</u>

In light of the points made above, M&F submits that an aggregate reduction of $39,526.50 in fees is appropriate. Accordingly, M&F proposes to seek interim compensation for the Fee Period in the amount of $22,750,816.10, and reimbursement for expenses for the Fee Period in the amount of $350,910.44.

WHEREFORE, M&F respectfully requests that the Court enter an order: (a) approving interim compensation in the sum of $22,750,816.10 and interim reimbursement of expenses in the sum of $350,910.44 for the Fee Period, (b) authorizing the release of Applicant's 20% holdback in the sum of $4,518,542.02 in connection with the Application, and the remaining 10% holdback with respect to the First Interim Fee Application and the Second Interim Fee Application in the sum of $1,454,385.85 and $2,062,217.72, respectively, (c) approving and directing prompt payment of all compensation and expenses not previously paid, and (d) granting to M&F such other and further relief as the Court may deem proper.

ny-1106914

Dated: September 9, 2013
     New York, New York

/s/ Lorenzo Marinuzzi

Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
Meryl L. Rothchild
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Exhibit 1**

| HEARING DATE/NO. OF PAGES OF AGENDA | M&F ATTENDEE | SPOKE ON RECORD | TIME† | COST | HEARING ITEMS | RESPONSIBLE ATTORNEY(S) (NAME OF PERSON SPEAKING ON RECORD IS IN BOLD) |
|---|---|---|---|---|---|---|
| 1/16/2013* | ALEXANDRA S. BARRAGE | N | 1.2 | 864.00 | Motion  Approving Sale Procedures for the Sale of FHA loans and Cure objections to  Platform Sale | A. Barrage |
| 13 pages | MELISSA M. CRESPO | N | 1.9 | 864.50 | Motion  Approving Sale Procedures for the Sale of FHA loans and Cure objections to  Platform Sale | M. Crespo |
| | NORMAN S. ROSENBAUM | Y | 1.3 | 1,105.00 | Joint Motion of Basic Life Resources and Pamela Z. Hil for Findings of Fact, Conclusions at Law Judgment and Order; Burnett v. GMAC Mortgage adversary pre-trial, Motion  for the Sale of FHA loans; Cure objections to  Motion Approving Sale Procedures | **N. Rosenbaum** |
| | STEFAN W. ENGELHARDT | Y | 1.5 | 1,312.50 | Cure objections to  Platform Sale | **S. Engelhardt** |
| | JORDAN A. WISHNEW | N | 1.6 | 1,152.00 | Cure objections to  Platform Sale | J. Wishnew |
| | JENNIFER L. MARINES | Y | 2.0 | 1,380.00 | Motion  Approving Sale Procedures for the Sale of FHA loans and Cure objections to  Platform Sale | **J. Marines** |
| | TODD M. GOREN | Y | 2.5 | 1,987.50 | Cure objections to  Platform Sale; Report on platform and whole loan sale; Update on mediation process; Motion for Annual Incentive Plan | **T. Goren** |
| | | | | | | |
| 1/29/2013* | ALEXANDRA S. BARRAGE | Y | 3.0 | 2,160.00 | Motion to Assume and Assign Executory Contracts; Second Motion to Assume and Assign Executory Contracts | **A. Barrage** |
| 16 pages | NORMAN S. ROSENBAUM | Y | 2.2 | 1,870.00 | Pre-trial conferences for Burnett, Jenkins, Williams, Van Wagner Adversary Proceedings; Kral and Rode Motions for Relief from Stay; Motion to Assume and Assign Executory Contracts; Wells Fargo and First Niagra Motions for Relief from Stay | **N. Rosenbaum** |
| | STEFAN W. ENGELHARDT | Y | 2.5 | 2,187.50 | Status of Digital Lewisville Lease | **S. Engelhardt** |
| 2.3 hrs | TODD M. GOREN | Y | 3.5 | 2,782.50 | Status update on Cure objections to  Platform Sale | **T. Goren** |
| | LORENZO MARINUZZI | Y | 2.5 | 2,362.50 | Status update on Cure objections to  Platform Sale | **L. Marinuzzi** |
| | ERICA J. RICHARDS | Y | 3.0 | 1,980.00 | Pre-trial conferences for Williams and Van Wagner Adversary Proceedings; Rode Motion for Relief from Stay | **E. Richards** |
| | SAMANTHA MARTIN | N | 2.3 | 1,518.00 | Motion to assume and assign executory contracts; Cure objections to  Platform Sale | S. Martin |

| HEARING DATE/NO. OF PAGES OF AGENDA | M&F ATTENDEE | SPOKE ON RECORD | TIME† | COST | HEARING ITEMS | RESPONSIBLE ATTORNEY(S) (NAME OF PERSON SPEAKING ON RECORD IS IN BOLD) |
|---|---|---|---|---|---|---|
| | JAMES A. NEWTON | Y | 4.0 | 2,120.00 | Pre-trial conferences for Burnett and Jenkins Adversary Proceedings | **J. Newton** |
| | | | | | | |
| 2/7/2013* | LORENZO MARINUZZI | N | 1.2 | 472.50 | Attend status conference to discuss examiner role (.7) and attend omnibus hearing (.5) | L. Marinuzzi |
| 12 pages | STEFAN W. ENGELHARDT | Y | 1.5 | 1,312.50 | Update Court on the Assumption and Assignment of the Digital Lewisville Lease to Ocwen | **S. Engelhardt** |
| | MELISSA M. CRESPO | N | 0.7 | 318.50 | Cure objections to Platform Sale; Wheeler Motion for Relief from Stay; Update on Allstate Adversary Proceeding | M. Crespo |
| | NORMAN S. ROSENBAUM | Y | 2.2 | 1,870.00 | JP Morgan Motion for Relief from Stay; Cure objections to Platform Sale; Update on Allstate Adversary Proceeding | **N. Rosenbaum** |
| | SAMANTHA MARTIN | Y | 1.5 | 990.00 | Wheeler Motion for Relief from Stay | **S. Martin** |
| | TODD M. GOREN | Y | 2.5 | 1,987.50 | Status update on Cure objections to Platform Sale | **T. Goren** |
| | JAMES A. NEWTON | Y | 2.0 | 1,060.00 | Pre-trial conference for Jenkins Adversary Proceeding | **J. Newton** |
| | | | | | | |
| 2/28/2013* | JENNIFER L. MARINES | N | 0.7 | 483.00 | Attend omnibus hearing telephonically on: Status update on Sale; Motion to Appoint Lewis Kruger as CRO; Motion to Extend Exclusivity | J. Marines |
| 18 pages | NORMAN S. ROSENBAUM | N | 1.0 | 850.00 | Pre-trial Conferences for Dixon and DeMustchine Adversary Proceedings; MED&G and Aribal Motions for Relief from Stay | N. Rosenbaum |
| | LORENZO MARINUZZI | Y | 3.0 | 2,835.00 | Attend chambers conference on foreclosure review; status update on PWC motion | **L. Marinuzzi** |
| | ERICA J. RICHARDS | Y | 1.5 | 990.00 | Pre-trial Conferences for Dixon and DeMustchine Adversary Proceedings and Aribal Motion for Relief from Stay | **E. Richards** |
| | NAOMI MOSS | N | 0.5 | 287.50 | Attend omnibus hearing telephonically on: Motion to Appoint Lewis Kruger as CRO; Motion to Extend Exclusivity. | N. Moss |
| | GARY S. LEE | Y | 3.3 | 3,382.50 | Status update on: Sale; Mediation; Motion to Appoint Lewis Kruger as CRO; Motion to Extend Exclusivity; FRB Foreclosure Review Process | **G. Lee** |

| HEARING DATE/NO. OF PAGES OF AGENDA | M&F ATTENDEE | SPOKE ON RECORD | TIME† | COST | HEARING ITEMS | RESPONSIBLE ATTORNEY(S) (NAME OF PERSON SPEAKING ON RECORD IS IN BOLD) |
|---|---|---|---|---|---|---|
| | | | | | | |
| 3/1/2013 | ANTHONY PRINCI | N | 0.9 | 922.50 | Telephonic appearance at RMBS Settlement Status Conference | A. Princi |
| 3 pages | DARRYL P. RAINS | **Y** | | | RMBS Settlement Status Conference (Speaker at hearing but no time entry) | **D. Rains** |
| | | | | | | |
| 3/5/2013 | LORENZO MARINUZZI | Y | 2.7 | 2,551.50 | Motion to Appoint Lewis Kruger as CRO; Motion to Extend Exclusivity;  FTI retention application | **L. Marinuzzi** |
| 11 pages | GARY S. LEE | Y | 2.5 | 2,562.50 | Status update on Motion to Appoint Lewis Kruger as CRO and Motion to Extend Exclusivity | **G. Lee** |
| | ALEXANDRA S. BARRAGE | N | 1.5 | 1,080.00 | Motion to Appoint Lewis Kruger as CRO; Motion to Extend Exclusivity | A. Barrage |
| | NAOMI MOSS | N | 2.0 | 1,150.00 | Motion to Appoint Lewis Kruger as CRO; Motion to Extend Exclusivity | N. Moss |
| | JENNIFER L. MARINES | N | 2.9 | 2,001.00 | Motion to Appoint Lewis Kruger as CRO; Motion to Extend Exclusivity | J. Marines |
| | | | | | | |
| 3/15/2013 | JAMIE LEVITT | Y | 1.5 | 1,350.00 | Motion of Examiner for Order Modifying Uniform Protective Order for Examiner Discovery | **J. Levitt** |
| 2 pages | | | | | | |
| | | | | | | |
| 3/21/2013* | LORENZO MARINUZZI | Y | 3.5 | 3,307.50 | Motion to amend terms of FTI Retention | **L. Marinuzzi** |
| 21 pages | STEFAN W. ENGELHARDT | N | 2.5 | 2,187.50 | Motion to Approve Supplement to Case Management Order; Cure objections to  Platform Sale | S. Engelhardt |
| | NORMAN S. ROSENBAUM | Y | 1.8 | 1,530.00 | Motion to Approve Supplement to Case Management Order; Motion to Approve Claims Objection Procedures; Jenkins and Kimber  Pre-trial conferences for Adversary Proceedings; Cure objections to  Platform Sale | **N. Rosenbaum** |
| | TODD M. GOREN | Y | 3.1 | 2,464.50 | Motion to Approve Supplement to Case Management Order; Cure objections to  Platform Sale | **T. Goren** |
| | JAMES A. NEWTON | Y | 2.8 | 1,484.00 | Jenkins Pre-trial conference for Adversary Proceeding | **J. Newton** |

| HEARING DATE/NO. OF PAGES OF AGENDA | M&F ATTENDEE | SPOKE ON RECORD | TIME† | COST | HEARING ITEMS | RESPONSIBLE ATTORNEY(S) (NAME OF PERSON SPEAKING ON RECORD IS IN BOLD) |
|---|---|---|---|---|---|---|
| | MERYL L. ROTHCHILD | N | 1.3 | 747.50 | Motion to Approve Supplement to Case Management Order. | M. Rothchild |
| | NAOMI MOSS | N | 3.1 | 1,782.50 | Motion to Approve Supplement to Case Management Order; Cure objections to Platform Sale | N. Moss |
| | ALEXANDRA S. BARRAGE | N | 2.2 | 1,584.00 | Motion to Approve Supplement to Case Management Order; Cure objections to Platform Sale | A. Barrage |
| | OLIVER I. IRELAND | Y | 2.5 | 2,300.00 | ResCap foreclosure review motion | **O. Ireland** |
| | DARRYL P. RAINS | Y | 2.5 | 2,562.50 | ResCap foreclosure review motion | **D. Rains** |
| | GARY S. LEE | Y | 2.0 | 2,050.00 | Motion to Approve Supplement to Case Management Order; Cure objections to Platform Sale | **G. Lee** |
| | ERICA J. RICHARDS | Y | 4.1 | 2,706.00 | Kimber Pre-trial conference for Adversary Proceeding; Motion to amend terms of FTI Retention | **E. Richards** |
| | | | | | | |
| **4/11/2013 - First Session*** | LORENZO MARINUZZI | Y | 3.5 | 3,307.50 | First and Second Interim Fee Applications; Motion for Implementation of Key Employee Retention Plan | **L. Marinuzzi** |
| 33 pages | NORMAN S. ROSENBAUM | Y | 2.2 | 1,870.00 | Harris and Pruitt Motions for Relief from Stay | **N. Rosenbaum** |
| | SAMANTHA MARTIN | N | 2.5 | 1,650.00 | Harris and Pruitt Motions for Relief from Stay | S. Martin |

| HEARING DATE/NO. OF PAGES OF AGENDA | M&F ATTENDEE | SPOKE ON RECORD | TIME† | COST | HEARING ITEMS | RESPONSIBLE ATTORNEY(S) (NAME OF PERSON SPEAKING ON RECORD IS IN BOLD) |
|---|---|---|---|---|---|---|
| | ERICA J. RICHARDS | Y | 3.1 | 2,046.00 | First and Second Interim Fee Applications; Pre-trial conference on DeMustchine Adversary Proceeding | **E. Richards** |
| | | | | | | |
| 4/11/2013 - Second Session* | DARRYL P. RAINS | Y | 3.3 | 3,382.50 | Motion on RMBS 9019 reliance on counsel hearing; Committee preclusion motion | **D. Rains** |
| | ANTHONY PRINCI | N | 2.1 | 2,152.50 | Committee preclusion motion | A. Princi |
| | | | | | | |
| 4/11/2013 - Third Session* | LORENZO MARINUZZI | Y | 3.5 | 3,307.50 | Motion for Implementation of Key Employee Retention Plan | **L. Marinuzzi** |
| | JORDAN A. WISHNEW | N | 1.5 | 1,080.00 | Motion for implementation of Key Employee Retention Plan | J. Wishnew |
| | | | | | | |
| 4/30/2013* | SAMANTHA MARTIN | Y | 2.5 | 1,650.00 | Kinworthy Motion for Relief from Stay | **S. Martin** |
| 25 pages | STEFAN W. ENGELHARDT | N | 0.7 | 612.50 | Status conference on Motion to permit Debtors to continue using cash collateral | S. Engelhardt |
| | NORMAN S. ROSENBAUM | Y | 1.0 | 850.00 | Solano and MED&G Group to file late proofs of claim; Haffey motion to lift stay | **N. Rosenbaum** |
| | TODD M. GOREN | Y | 2.0 | 1,590.00 | Status conference on Motion to permit Debtors to continue using cash collateral; JSN matters; First Interim Fee Applications | **T. Goren** |
| | JAMES A. NEWTON | Y | 0.7 | 371.00 | Solano and MED&G Group motions to file late proofs of claim; Haffey Motion to Lift Stay | **J. Newton** |
| | | | | | | |
| | **TOTAL:** | | **130.6** | **102,678.00** | | |
| | | | | | | |
| * Denotes hearing that was subject of U.S. Trustee's objection for multiple attendees. | | | | | | |
| | | | | | | |
| † Time in chart may be less than that listed in U.S. Trustee's objection, as only time expressly allocated to hearing attendance | | | | | | |
| has been included, and time related to the hearing, such as hearing preparation, has been excluded. | | | | | | |