Hearing Date: **September 11, 2013 at 10:00 a.m. (ET)**
Objection Deadline: **August 21, 2013 at 4:00 p.m. (ET)**

SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Duane M. Geck (Admitted *Pro Hac Vice*)
dmg@severson.com
Donald H. Cram (Admitted *Pro Hac Vice*)
dhc@severson.com

*Special California Litigation Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC, et al.,,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**STATEMENT OF RESOLUTION OF OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE REGARDING SEVERSON & WERSON, P.C.'S THIRD APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD JANUARY 1, 2013 THROUGH APRIL 30, 2013 AND REPLY TO OBJECTION OF CREDITOR, ERLINDA ABIBAS ANIEL**

Severson & Werson, P.C. ("**Applicant**"), Special California Litigation Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), submits this statement of resolution to the omnibus objection of the United States Trustee ("**UST**") regarding the fee applications for third interim compensation and reimbursement of expenses, including the application submitted by Applicant, and a reply to the objection filed by creditor, Erlinda Abibas Aniel, respectfully showing as follows:

19000.9997/2859050.1

## RELEVANT BACKGROUND

1. On July 25, 2012, the Court entered the *Order Under Section 327(c) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Severson & Werson PC as Special California Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 905], approving Applicant's retention.

2. In general, Applicant has represented the Debtors in connection with litigation in California where Applicant:

   (a) defended claims brought in California by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to pre-foreclosure requirements, breach of alleged oral modification, breach of promises to forebear from foreclosing, quiet title and partition actions, unfair business practices act claims and other mortgage lending issues;

   (b) defended class action claims regarding alleging improprieties with loan origination and/or servicing;

   (c) defended mass tort actions and qui tam actions raising document recording issues and relating to the utilization of Mortgage Electronic Registration Systems services; and

   (d) defended claims objections, contested relief from stay motions and adversary proceedings related to consumer lending issues brought by individual borrowers in their respective bankruptcy cases pending in California;

On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 198 different litigation matters in California for each month of the Application period.

3. Pursuant to the terms of the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered July 17, 2012 (the "**Interim Compensation Order**") [Docket No. 797], Applicant, among others, filed its third application for compensation and reimbursement of expenses incurred for the time period

between January 1, 2013 and April 30, 2013 (the "**Application**") [Docket No. 4458] on August 1, 2013.

4.  On July 24, 2013, the Debtors filed a *Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period between January 1, 2013 and April 30, 2013* (the "**Notice of Hearing**") [Docket No. 4326]. The Notice of Hearing provided interested parties notice of the hearing date on the Application of September 11, 2013 and also provided interested parties with notice of the deadline within which to object to the Application of August 21, 2013.

5.  On August 28, 2013, the UST filed its Omnibus Objection of the United States Trustee Regarding Fee Applications for Third Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses ("**Objection**") [Docket No. 4869]. In its Objection, the UST objects to the allowance of $4,867.20 in fees Applicant requests in its Application and $21.29 in expenses. The basis for the UST's objections are: 1) $4,867.20 are fees charged by 6 attorneys that have billed fewer than 5 hours; and 2) expenses of $21.29 that may be duplicate entries. The objection also raises concerns regarding time records that include entries for work performed in a prior fee period and invoices addressed to Ocwen Financial Corporation ("Ocwen").

6.  On August 5, 2013, creditor, Erlinda Abibas Aniel, filed an objection to the Application [Docket No. 4514]. In her objection, Ms. Aniel raises concerns regarding invoices addressed to Ocwen, as well as Applicant's internal procedures for billing related to the various district court and bankruptcy court litigation matters involving Ms. Aniel, her husband and her son.

## RESOLUTION OF UST OBJECTION

Applicant and the UST have resolved the UST objections on the following terms:

1. The UST has accepted Applicant's explanation of the concerns raised by the UST regarding time records that include entries for work performed in a prior fee period and invoices addressed to Ocwen;

2. Applicant has agreed to the entire reduction of $4,867.20 in fees; and

3. Applicant has agreed to the entire reduction of $21.29 in expenses.

## RESPONSE TO CREDITOR'S OBJECTIONS

The crux of Ms. Aniel's objection is that there is a concern that the estate is paying for work performed for Ocwen. The sale of servicing assets to Ocwen was consummated effective February 15, 2013. In transitioning files from the debtor to Ocwen, Applicant retained its internal billing numbers (19000 series) for Ocwen matters and reassigned a new internal billing number for debtor matters (24064 series). The 19000 series matters invoices were billed to ResCap for work performed up to February 15, 2013. Work performed on these matters after that date was billed to Ocwen. Based upon this explanation, Applicant would request that the Court overrule Ms. Aniel's objection.

## CONCLUSION

For the reasons stated above, Applicant respectfully requests that the creditor's Objection to the Application be overruled, that the Court approval the resolution of the UST's Objection to the Application and subject to the terms of the resolution with the UST, approve the Application.

DATED: September 9, 2013          SEVERSON & WERSON
                                  A Professional Corporation


                                  By:  /s/ Donald H. Cram
                                       Donald H. Cram
                                       *Special California Litigation Counsel for*
                                       *Residential Capital, LLC, et al.*