Troutman Sanders LLP
222 Central Park Avenue
Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
Jason E. Manning

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**STATEMENT OF RESOLUTION OF OMNIBUS OBJECTION
OF THE UNTIED STATES TRUSTEE REGARDING
TROUTMAN SANDERS LLP'S THIRD FEE APPLICATION FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Troutman Sanders LLP ("Applicant"), an Ordinary Course Professional, hereby submits its Statement of Resolution of Omnibus Objection of the United States Trustee ("Trustee") (ECF No. 4869) regarding Applicant's third interim application for an award of compensation and reimbursement of expenses (ECF No. 4547), for the period from January 1, 2013 through April 30, 2013 (the "Fee Period").  Applicant respectfully states as follows:

**I.    RELEVANT BACKGROUND**

1.    On August 14, 2012, the Debtors filed the Affidavit of Disinterestedness sworn to by John C. Lynch, a partner of Applicant, on August 7, 2012 (the "Applicant Affidavit"), along with the accompanying Retention Questionnaire (ECF No. 1127).  Pursuant to the Applicant

Affidavit, the Debtors sought to retain Applicant as an ordinary course professional under the OCP Order to provide legal services to the Debtors, including regarding defense of claims brought by individual borrowers pertaining to consumer lending issues, *nunc pro tunc* to the Petition Date.  Because no objections to the employment of Applicant as an ordinary course professional were filed, under the OCP Order, the retention of Applicant was deemed approved.

2. During the Interim Period, Applicant performed work defending the Debtors in litigation in various jurisdictions including Virginia, West Virginia, and Georgia.  In general, Applicant defended Debtor against claims brought by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to foreclosure requirements, breach of alleged oral modification, breach of promises to forbear from foreclosing, quiet title, partition actions, unfair business practices claims, state statutory consumer protection violations, loan origination claims, loan servicing claims, and other claims related to mortgage lending and servicing.

3. On August 7, 2013, Applicant, pursuant to Sections 327, 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), and the Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date (ECF No. 799), dated July 17, 2012 (the "OCP Order"), filed its third application for compensation and reimbursement of expenses incurred during the Fee Period (ECF No. 4547) (the "Application").  By way of its Application, Applicant seeks

compensation in the amount of $333,753.00 and reimbursement of $4,115.63 in expenses for services rendered during the Fee Period.

4.  On July 24, 2013, the Debtors filed a Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period Between January 1, 2013 and April 30, 2013 (the "Notice of Hearing").  The Notice of Hearing advised the interested parties that the hearing on the third interim fee applications would occur on September 11, 2013.  (ECF No. 4326).

5.  Based upon past fee applications, Applicant anticipated that the Trustee may make certain objections to the Application.  Prior to the date on which the Trustee's Omnibus Objections were due, Applicant contacted the Trustee to resolve the anticipated objections.  As a result, the Trustee's anticipated objections were resolved prior the Trustee's objection deadline, and the Trustee did not file objections to the Application.

## II.    ARGUMENT

### A.    Transitory Timekeepers

The Application included $1,898.00 in fees charged by timekeepers who billed fewer than five hours during the fee period.  In anticipation of the Trustee's objection, Applicant has agreed to reduce these fees by $949.00.  As a result, the Trustee's anticipated objection has been resolved.

### B.    Services Rendered Prior to Fee Period

In anticipation that the Trustee may object to certain fees for periods prior to the fee period,  Applicant explained to the Trustee that it is not seeking compensation for any fees previously requested in its First and Second Interim Fee Applications.  The fees requested in the Third Application are not duplicative of the fees sought in the First and Second Applications.

The invoices attached as exhibits to Applicant's Third Application are the same invoices that were submitted with each Monthly Statement for the Third Interim Period.  Applicant did not receive any objections to any of the fees sought in each Monthly Statement.

The delay between time entries and finalized invoice submissions is caused by several factors.  Per client billing guidelines, Applicant has approximately 90 days to submit invoices, but sometimes invoices are submitted later due to various issues, such as timekeeper and file issues particularized to each file.  Also, each bill goes through a detailed pre-billing process, in which each entry is reviewed and adjusted as needed to insure that the client is being billed in an accurate and fair manner.  Further, each bill is submitted through an e-billing site for submission to the client.  There are occasional delays in having a particular file set up on the e-billing site.  Additionally, delays sometimes occur when necessary follow-up work is performed on files that have been previously closed to future billing (such as, for example, when a plaintiff submits a motion for reconsideration of a final judgment or appeal, or when a plaintiff files a new action to delay foreclosure).

Given the inherent delays in the billing process, Applicant selected the date of the finalized invoice for use in its monthly and interim submissions.  Using the date of the finalized invoice is the surest and most effective method to insure that duplicate entries are not submitted for approval.

The Trustee is satisfied with Applicant's explanation of the invoicing process.  The Trustee's anticipated objection has been resolved.

### III.    CONCLUSION

For the reasons set forth above, Applicant respectfully requests that the Court grant Applicant's Third Interim Fee Application, subject to the terms of the above resolution with the Trustee.

Dated:  September 9, 2013

                                    TROUTMAN SANDERS LLP

                                    By:       /s/ Jason E. Manning
                                         Jason E. Manning (NY Bar #4207288)
                                         TROUTMAN SANDERS LLP
                                         222 Central Park Avenue
                                         Suite 2000
                                         Virginia Beach, VA  23462
                                         Telephone: (757) 687-7500
                                         Facsimile: (757) 687-7510
                                         Email:  jason.manning@troutmansanders.com

                                         **Ordinary Course Professional For The Debtors
                                         and Debtors in Possession**