**Hearing Date: September 11, 2013 at 10:00 a.m. (ET)**

Thomas R. Fawkes
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
tfawkes@freeborn.com
deggert@freeborn.com

*Counsel for Mercer (US) Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------

**SUPPLEMENT TO THIRD INTERIM APPLICATION OF MERCER (US) INC. AS COMPENSATION CONSULTANT TO THE DEBTORS FOR THE PERIOD FROM JANUARY 1, 2013 THROUGH APRIL 30, 2013**

Mercer (US) Inc. ("*Mercer*"), compensation consultant for Residential Capital, LLC ("*ResCap*") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby submits this Supplement (the "*Supplement*") to the Third Interim Application (the "*Application*") for interim allowance of compensation for professional services rendered by Mercer to the Debtors for the period from January 1, 2013 through April 30, 2013 (the "*Fee Application Period*") and reimbursement for expenses incurred for that same period.

1

### Relevant Factual and Procedural History

On August 7, 2013, Mercer filed the Application (Docket No. 4558), seeking interim allowance of compensation in the amount of $135,661.17 for services rendered, and $14,951.86 in reimbursement of expenses incurred, during the Fee Application Period.

On August 28, 2013, the Office of the United States Trustee (the "*U.S. Trustee*") filed the Omnibus Objection Regarding Fee Applications for Third Interim Awards of Compensation and Reimbursement of Out-Of-Pocket Expenses (Docket No. 4869) (the "*Objection*"). With respect to the Mercer Application, the Objection challenged the allowance of $7,203.40 in fees and $418.95 in expenses.[1]

Mercer submitted additional information to the U.S. Trustee in response to the Objection, and thus files this Supplement to disclose the additional information that was provided to the U.S. Trustee. A summary of the specific U.S. Trustee objections and additional information Mercer provided is set forth below.

### U.S. Trustee Objections to Fees Requested

o  **UST Objection**: Three entries, totaling $1,792.00, contained lumped time entries.

- Mercer Response: Mercer provided additional detail for the three entries in question (dated January 7, January 8 and February 6, 2013), which is set forth in Exhibit 1.

o  **UST Objection:** Certain entries, totaling $4,663.20, were incomplete.

- Mercer Response: The original exhibits to the Application contained the entire narrative for the entries in question in the searchable Excel spreadsheets provided to the U.S. Trustee and the Court, but the Excel rows in question were not expanded so that the entire narrative could be seen. Exhibit 1 contains expanded rows for the entries at issue.

---

[1] The introductory section of the U.S. Trustee's Objection to Mercer's Application references an objection to $11,296.85 in expenses, but the specific objections total only $418.95. The U.S. Trustee's office confirmed that it was only objecting to $418.95 of Mercer's expenses in the Application.

2

- o **UST Objection:** John Dempsey's January 25, 2013 entry is listed for 5 hours, but the time description only totals 4 hours.  The fees should thus be reduced by one hour ($748.20).

    - Mercer Response: Mercer merely miscalculated the detailed task hours associated with the entry, and Exhibit 1 provides detail for the additional time.  Generally, when the task hours do not sum to the aggregate hours for the entry as a whole, the hours listed for the entry as a whole control.  This is true even if the result would reduce Mercer's compensation (*i.e.,* if the entry is listed as 5 hours, but the time description totaled 6 hours, the correct amount would be the 5 hours for the entire entry).

### U.S. Trustee Objections to Expenses

- o **UST Objection:** Unexplained Airfare charges totaling $410.72.

    - Mercer Response:

        - The largest expense of $264.72 on April 5, 2013 was for a January 16, 2013 flight for John Dempsey.  Mr. Dempsey flew to New York for a contested issue that was then resolved shortly after he arrived, so instead of staying the night, he changed his flight and returned home immediately.

        - The balance of these expenses are from Mercer's travel agent for booking airfare.

- o **UST Objection:** Mercer seeks reimbursement for $8.23 in meal charges that are in excess of the $20 per meal limit.

    - Mercer Response: Mercer agreed to waive the additional $8.23.

### Settlement with U.S. Trustee

After submitting the foregoing information, Mercer and the U.S. Trustee agreed to settle the Objection for a $719.92 reduction in the fees requested and the agreed upon $8.23 reduction for expenses.  Accordingly, Mercer seeks approval of $134,941.25 for services rendered and reimbursement of $14,943.63 in expenses incurred during the Fee Application Period.

Dated:  September 9, 2013               **MERCER (US) INC.**

By: /s/ Devon J. Eggert
 One of Its Attorneys

Thomas R. Fawkes
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
tfawkes@freeborn.com
deggert@freeborn.com