Hearing Date: September 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: September 11, 2013 at 4:00 p.m. (Prevailing Eastern Time)

Katherine S. Parker-Lowe
Attorney at Law
35 Miss Elecia Lane, Suite 101
Post Office Box 730
Ocracoke, North Carolina 27960
252-928-1000
Attorney for Rex T. Gilbert, Jr. and Daniela L. Gilbert

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: **Residential Capital, LLC,** *et.als*. ) | **Case No.: 1:12-BK-12020(MG)** |
| ) | Chapter 11 |
| Debtors.  ) |  |
| ) | Jointly Administered |

RESPONSE OF REX T. GILBERT, JR. AND DANIELA GILBERT AND
KATHERINE PARKER-LOWE TO THE DEBTORS' OBJECTION
TO PROOFS OF CLAIM

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND......................................................................................................3

RESPONSE TO DEBTORS' OBJECTION ...........................................................................5

I. THE GILBERTS' ORIGINAL PROOF OF CLAIM IS VALID AND PROPER ..................5

    A.    The Gilberts' Proof of Claim is Supported by a Complaint ............................6
           Which the Fourth Circuit Found Stated Claims for Relief

    B     Neither the Debtors' Books and Records nor its Declaration ..........................7
           Present Substantial Evidence to Rebut the Presumption
           of Validity of the Gilberts' Claim

    C.    The Debtors' Cases Fail to Provide Substantial Evidence ...............................10
           Sufficient to Rebut the Presumption of Validity of the
           Gilberts' Claim

II. PARKER-LOWE'S ORIGINAL CLAIM IS VALID AND PROPER................................10

CONCLUSION   .........................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

Cases

In re 20/20 Sport, Inc., 200 B.R. 972, 978 (Bankr.S.D.N.Y.1996) ............................................. 6

In re DePugh, 409 B.R. 125 (Bankr. S.D. Tex. 2009) ................................................................ 10

In re Djk Residential LLC, 416 B.R. 100 (Bankr. S.D.N.Y., 2009) ............................................ 6

In re Enron Creditors' Recovery Corp., Case No. 01-16034 (Bankr. S.D.N.Y., 2007) ................ 6

In re Hemingway Transp., Inc., 993 F.2d 915 (1st Cir. 1993) ..................................................... 6

In re Hight, 393 B.R. 484 (Bankr. S.D. Tex. 2008) ..................................................................... 10

In re Minbatiwalla, 424 B.R. 104 (Bankr. S.D.N.Y. 2010) ......................................................... 10

In re Rockefeller Ctr. Props., 272 B.R. at 542 n. 17 .................................................................... 6

In re Porter, 374 B.R. 471 (Bankr. D. Conn. 2007) ..................................................................... 10


Statutes and Rules

11 U.S.C. § 502(b)(1) ................................................................................................................... 10
15 U.S.C. § 160 .............................................................................................................................. 1
15 U.S.C. § 1635 ............................................................................................................................ 3

Fed. R. Bankr. P.
    Rule 3001(f) ............................................................................................................................. 6

Fed. R. Evid.
    Rule 803(6) ............................................................................................................................... 8

Fed. R. Civ. P.
    Rule 12(b)( ......................................................................................................................... 1,2,7

N.C. Gen. Stat. § 24-1 .................................................................................................................... 1
N.C. Gen. Stat. § 45-21.34 ............................................................................................................. 1
N.C. Gen. Stat. § 75-1.1 ................................................................................................................. 1
N.C. Gen. Stat. § 75-50 .................................................................................................................. 1
N.C. Gen. Stat. § 25-3-204 ............................................................................................................. 5

Other Authorities

3 Am.Jur.2d, *Affidavits* § 13 ...........................................................................................................8
3 Am.Jur.2d, *Affidavits* § 14 ...........................................................................................................8

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

Rex T. Gilbert, Jr. and Daniela L. Gilbert (the "Gilberts") submit this response to the Debtors' Objection to Proofs of Claim No. 1991 and Proof of Claim No. 1984 (the "Objection") [Dkt 4767], along with the Amended Proof of Claim No. 1991 annexed thereto ("Parker-Lowe Dec."). For their response the Gilberts state as follows:

## PRELIMINARY STATEMENT

1.  The Gilberts' original proof of claim # 1991 (the "Proof of Claim") filed prior to the applicable deadline, asserts claims against GMAC Mortgage, LLC ("GMACM"), Residential Funding, LLC and others arising from an equitable action filed pursuant to N.C. Gen. Stat. § 45-21.34 in the Superior Court of Hyde County, North Carolina, removed to the United States District Court for the Eastern District of North Carolina, dismissed on defendants' 12(b)(6) motion, appealed to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), reversed in part and reinstated in part, and stayed as a result of the Debtors' Chapter 11 Bankruptcy (the "Federal Suit").

2.  Accordingly, the Gilberts' original proof of claim asserts rescission and monetary damages for violations of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et. seq*.; the North Carolina Unfair and Deceptive Acts and Practices Act, N.C. Gen. Stat. § 75-1.1, *et. seq*. (UDAP); usury, N.C. Gen. Stat. § 24-1, *et. seq*.; Acts Prohibited by Debt Collectors, N.C. Gen. Stat. § 75-50, *et. seq*.; breach of contract; and wrongful foreclosure. Because the Gilberts' Federal Suit is stayed at the Fourth Circuit at the pleading stage, the Proof of Claim states the Gilberts' claim generally, much like other ResCap creditors possessing a contingent, unliquidated claim.

1

3. Were the Federal Suit not stayed by the Debtors' chapter 11 bankruptcy, the Gilberts would move to amend their initial Complaint to add claims against the non-bankrupt defendants and the two debtor-defendants for, *inter alia*, conspiring to commit wrongful foreclosure through the introduction of fraudulent affidavits of employee, Jeffrey Stephan, in the Foreclosure Suit; conspiring to create a new endorsement appended to the Gilberts' note signed by an employee of Residential Funding LLC purportedly establishing ownership of the Gilberts' obligation with defendant Deutsche; repeated collection contacts with the Gilberts attempting to collect a debt defendants do not own; repeated false representations of ownership of the note by defendants; and breach of the implied duty of good faith and fair dealing which hindered the Gilberts' ability to receive the benefits of their existing loan service contract with defendant-debtors.

4. Contrary to the Debtors' mischaracterizations, the Gilberts' claims against GMACM and others are not "meritless." The trial court's 12(b)(6) dismissal was reversed by the by the Fourth Circuit. The Debtors are collaterally estopped from revisiting the merit of the Federal Suit. Indeed, the Gilberts' claims against GMACM are based upon GMACM's legal duties to the Gilberts as both functional holder and servicer as well as GMACM's express obligations under the relevant consumer protection statutes. Notwithstanding GMACM's attempts to shuffle responsibility for its actions onto the original lender, Deutsche, Ocwen Loan Servicing, LLC, and others, GMACM is independently responsible for its actions. Despite the declaration of in-house counsel, the Debtors' Objection fails to offer competent evidence in rebuttal to the substance of the Gilberts' proof of claim. Therefore, Debtors' fail to offer evidence "equal in force" to the evidence presented by the Gilberts as is required under the Code.

2

5. Notwithstanding the foregoing, any lack of documentation or other defect claimed by the Debtors has been remedied further by the Gilberts' formal amendment of their Proof of Claim, which is being filed concurrently with and is annexed to this Response to the Debtors' Objection as Exhibit A ("Amended Proof of Claim") The amended Proof of Claim plainly relates back to the Proof of Claim at issue and for the reasons discussed herein should equitably be allowed.

6. The Gilberts leave to the discretion of the Court the need for discovery in advance of an evidentiary hearing on the Gilberts' proof of claim. The Gilberts are amenable to mediation should the Court so order in this matter. Further, the Gilberts renew their request for relief from stay [Dkt. 274] so that this matter may be returned to the district court for trial in an expeditious manner.

## FACTUAL BACKGROUND

7. Contrary to Debtors' assertion in ¶ B. 11, the Gilberts refinanced their home loan on May 5, <u>2006</u> not 2009.

8. On April 5, 2009, the Gilberts exercised their extended right to rescind their home loan granted to them under the federal Truth in Lending Act, 15 U.S.C. § 1635, by sending written notice addressed to "Holder of Loan #xxxxxx2713" in care of then counsel for Petitioner in the Foreclosure Suit. On April 24, 2009, an Associate Counsel for defendant-debtor GMACM responded to the Gilberts' notice of rescission advising that GMACM would not rescind. By refusing to identify the holder and responding to the Gilberts' notice of rescission, GMACM held itself out as the "functional holder" with authority over rescission and is estopped from claiming the protected status as "only [the] loan servicer" exempt from Truth in Lending liability.

3

9. Notwithstanding the Debtors' assertion that GMACM was not a party to the Gilbert Foreclosure Suit, an employee of GMACM, Jeffrey Stephan, supplied the Affidavit of Default offered by (petitioner) defendant Deutsche at both the clerk of court hearing and the hearing de novo before the Hyde County Superior Court as evidence of Deutsche's status as holder and the Gilberts' default. In the fall of 2010, during the pendency of the appeal of the Foreclosure Suit and the appeal of the Federal suit, evidence surfaced in the national media of Stephan's deposition testimony and admissions, *inter alia,* that he robo-signed as many as 6000 to 10,000 documents a month, that he did not have any personal knowledge of the contents of the documents which he signed, that he did not have any personal knowledge of the system used to create and maintain the records of GMACM, and that he did not sign affidavits in front of a notary public.

10. Accordingly, on October 11, 2010, the Gilberts motioned the North Carolina Court of Appeals for a remand of the Foreclosure Suit to the trial court based on the newly discovered evidence of fraudulent testimony of Stephan offered in evidence by defendant (petitioner) Deutsche in the Foreclosure Suit. Defendants aggressively sought to strike the Gilberts' motion and to have the undersigned sanctioned for filing a frivolous motion. Although the remand motion and the motion to strike were denied, the Gilberts' motion for the Court to take judicial notice of Stephan's fraudulent testimony was allowed. When the North Carolina Court of Appeals rendered its decision in the Foreclosure Suit reversing the order of foreclosure, the Court noted with disapproval the fraudulent testimony of Stephan, the United States District of Maine's conclusion of bad faith by GMACM, and its imposition of sanctions against GMACM for such conduct. (See *In the Matter of the Foreclosure by David A. Simpson*, COA10-361, p. 19., appended to Gilbert Proof of Claim #1991)

4

11. Likewise, on December 7, 2010, in the Federal Suit appeal, the Gilberts' motioned the district court for an order indicating its inclination to grant a motion for relief based upon the newly discovered fraudulent testimony proffered by the defendants in the form of the Stephan affidavit in the Gilbert Foreclosure Suit. The Defendants aggressively asserted that the Gilberts' motion was futile. GMAC, in particular, asserted it would be unfairly prejudiced by having to defend the Gilberts' motion and further that the Gilberts' motion was completely without merit. The district court indicated that it would be inclined to grant the Gilberts' motion for relief; however, the Fourth Circuit refused to return jurisdiction of the case to the district court.

12. On August 22, 2011, three and one half months after the North Carolina Court of Appeals opined that defendant Deutsche, Petitioner in the Foreclosure Suit, failed to establish its ownership of the Gilberts' note, the defendants including GMACM contacted the Gilberts by letter asserting ownership of the note, attempting to collect the debt, and threatening to foreclose. Defendants including GMACM asserted possession of the note "which now contains the full endorsement to Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Series 2006-QA6." Defendants, including debtor GMACM, had created a new indorsement after the fact. See N.C. Gen. Stat. § 25-3-204.

13. Moreover, Debtors, while acknowledging the decision of the Fourth Circuit reinstating the Gilberts' Federal Suit, urge this Court to overrule the decisions of a state court of appeals and a higher federal court substituting the Debtors "wants" for the law of the land. Most if not all of Debtors' arguments are barred by res judicata and collateral estoppel.

## RESPONSE TO DEBTORS' OBJECTION

### I.    THE GILBERTS' ORIGINAL PROOF OF CLAIM IS VALID AND PROPER

14. Rule 3001(f) provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." An objecting party must provide "substantial evidence" to rebut the prima facie presumption of validity of a proof of claim. *In re Enron Creditors' Recovery Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y., 2007) (quoting *In re Hemingway Transp., Inc.,* 993 F.2d 915, 925 (1st Cir. 1993).

15. In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure. *In re Djk Residential LLC*, 416 B.R. 100 (Bankr. S.D.N.Y., 2009) (quoting *In re Rockefeller Ctr. Props.,* 272 B.R. at 542 n. 17 (applying the requirements of Rule 8 and Rule 9 of the Federal Rules of Civil Procedure to proofs of claims); *In re 20/20 Sport, Inc.,* 200 B.R. 972, 978 (Bankr.S.D.N.Y.1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint [and] a trustee's objection to an answer....")).

### A. The Gilberts' Proof of Claim is Supported by a Complaint Which the Fourth Circuit Found Stated Claims for Relief

16. In the case at bar, the Gilberts' timely and properly completed and submitted their proof of claim on Form B 10 Modified (Official Form 10). The Gilberts attached to Claim 1991, *inter alia,* a 21-page Complaint evidencing claims for the tort of wrongful foreclosure, breach of contract, refusal to honor rescission under the federal Truth in Lending Act, damages under Truth in Lending, usury; unfair acts and practices, and debt collection violations.

17. The Gilberts attached to Claim 1991 the published decision of the North Carolina Court of Appeals which reversed the underlying foreclosure providing additional support for their claims for wrongful foreclosure, unfair acts and practices and debt collection violations on the part of GMACM and the other defendants in the Federal Suit.

6

18. The Gilberts attached to Claim 1991 the published decision of the United States Court of Appeals for the Fourth Circuit which reversed the district court 12(b)(6) dismissal and reinstated the Gilberts' claims against GMACM and the other defendants.

19. Contrary to the assertion of the Debtors, the Gilberts' proof of claim does not suffer from insufficient documentation. The Gilberts provided the Debtors with documentation which has been found by a higher federal court to meet the pleading requirements of the Federal Rules of Civil Procedure. The Debtors are collateral estopped to argue that the Gilberts' claims are meritless.

20. To the extent that the Debtors devote most of their objection to describing the Gilberts' claims as "meritless" and attempting to re-litigate the merits of the decision of the Fourth Circuit, this Court should find the Debtors are collaterally estopped and have failed to meet their burden to produce "substantial evidence" to rebut the prima facie presumption of validity of a proof of claim.

    **B.** **Neither the Debtors' Books and Records nor its Declaration Present Substantial Evidence to Rebut the Presumption of Validity of the Gilberts' Claim**

21. The Court should reject the Debtors' attempts to rebut the *prima facie* validity of the Gilberts' claim by stating that it "has no basis in the Debtors' books and records." See *In re Enron Creditors' Recovery Corp.*, Case No. 01-16034 p. 8 (Bankr. S.D.N.Y., 2007) Unidentified "books and records" are not substantial evidence sufficient to rebut the presumption.

22. Likewise, the Declaration of a in-house litigation counsel in the legal department of Residential Capital, LLC is not substantial evidence to establish that the proofs of claim "lack sound legal basis."

7

23.     Declarations are, like affidavits, grounded in personal knowledge. It is a general legal principle that affidavits must be based upon personal knowledge. As stated in 3 Am.Jur.2d, *Affidavits* § 13,

> An affidavit must be based on personal knowledge, and its allegations should be of the pertinent facts and circumstances, rather than conclusions. Although an affidavit must be verified by a person with personal knowledge of the facts, the court may rely on reasonable inferences drawn from the facts stated. An affidavit may be considered, even if conclusions are intermingled with facts. When an affiant makes a conclusion of fact, it must appear that the affiant had an opportunity to observe and did observe matters about which he or she testifies.

As stated in 3 Am.Jur.2d, *Affidavits* § 14,

> Generally, affidavits must be made on the affiant's personal knowledge of the facts alleged in the petition. The affidavit must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. The personal knowledge of the facts asserted in an affidavit is not presumed from a mere positive averment of facts but rather the court should be shown how the affiant knew or could have known such facts and if there is no evidence from which an inference of personal knowledge can be drawn, then it is presumed that such does not exist. However, where it appears that an affidavit is based on the personal knowledge of the affiant and reasonable inference is that the affiant could competently testify to the contents of the affidavit at trial, there is no requirement that the affiant specifically attest to those facts.

24.     Delehey's personal knowledge of this matter comes from a review of the Debtors' books and records. Knowledge gained from a review of books and records must satisfy the business records exception to the hearsay rule in order to constitute personal knowledge. See Fed. R. Evid. 803(6). Delehey fails to identify what books and records she reviewed. Delehey fails to identify in whose possession and custody these nameless books and records are kept. Delehey fails to describe the method used to create and maintain these nameless books and records. Delehey does not identify who made these nameless books and records. Delehey does

8

not state when these nameless books and records were made or whether they were made by persons with the requisite authority to make them.

25. Further, Delehey fails to proffer any facts which would allow the Court to determine she has any personal knowledge, skill, and experience sufficient to opine regarding how interest is calculated, how interest is applied, in general, and more specifically, with respect to the Gilberts' loan obligation

26. Whether "GMACM was only the servicer of the Gilberts' loan" as stated by Delehey in paragraph 4 is a legal conclusion. Delehey provides no facts to support this conclusory statement. Likewise, the statement "GMACM never owned the note underlying the Gilberts' loan obligation" is a legal conclusion. Delehey provides no facts to support this conclusory statement. These two unsupported statements are directly contradicted by the correspondence in which GMACM rejects the Gilberts' notice of rescission which was addressed to the holder of the obligation as required by law.... not to the "servicer."

27. In paragraph 12, Delehey states that the Gilberts' "Interest-Only Addendum provided for "payments of $3,226.57 each month 'for the next 240 payments.'" While it is appears that Delehey confuses the "Interest-Only Addendum to the Adjustable Rate Rider" to the deed of trust with the "Interest-Only Addendum to Adjustable Rate Promissory Note", it is clear that neither Addendum provides for "payments of $3,226.57 each month for the next 240 payments." This statement is in direct contradiction to the Truth in Lending Disclosure Statement which provides a Payment Schedule disclosure, in part, of "84 payments of $3226.57." Contrary to the Debtors' argument, these statements support the Gilberts' claim for the underlying disclosure violation giving support to their exercise of the extended right to rescind the loan obligation.

9

28. Moreover, the Delehey declaration is not unlike the Stephan affidavit proffered by (petitioner) defendant Deutsche in the Gilberts' underlying Foreclosure Suit. Judge Hunter writing for the North Carolina Court of Appeals effectively and firmly determined that Stephan's affidavit was not competent evidence of the identity of the holder of the Gilberts' obligation. Stephen failed to support his conclusory statements with sufficient factual allegations. This Court should find the Delehey declaration is not competent evidence to rebut the presumption of the validity of the Gilberts' proof of claim.

    C. **The Debtors' Cases Fail to Provide Substantial Evidence Sufficient to Rebut the Presumption of Validity of the Gilberts' Claim.**

29. Of the cases cited by the debtors in support of disallowance and expungement based upon insufficient documentation, none is factually on point with the case at bar. *In re Minbatiwalla*, 424 B.R. 104 (Bankr. S.D.N.Y. 2010) and *In re Hight*, 393 B.R. 484 (Bankr. S.D. Tex. 2008) both involved the claims of mortgage holders. *In re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007) and *In re DePugh*, 409 B.R. 125 (Bankr. S.D. Tex. 2009) both involved credit card claimants. In all four cases, the claimants were not the party that contracted originally with the consumer debtor. Unlike the case at bar, the proofs of claim were not supported by a Complaint which has survived a motion to dismiss; hence, the need for additional supporting documentation.

**II.     PARKER-LOWE'S ORIGINAL CLAIM IS VALID AND PROPER**

30. Under the very wording of 11 U.S.C. § 502(b)(1), Parker-Lowe is not prohibited from submitting a claim simply because it is "contingent or unmatured."

31. As previously addressed, GMACM held itself out as the functional holder of the Gilberts' obligation when it responded to their letter of rescission. GMACM is, therefore,

estopped from claiming the protections provided to a party solely acting as a servicer. As previously addressed, GMACM by virtue of its involvement in the underlying Foreclosure Suit through the Stephan affidavit is estopped from claiming it was not involved in the Foreclosure Suit. Based upon the foregoing, the Fees Claim can not be impermissibly vague and overstated.

49. GMACM has failed to present substantial evidence to rebut the presumption of validity of the Parker-Lowe Fee Claim.

## CONCLUSION

The Gilberts respectfully request that the Court deny the relief requested by the Debtors, order a period of discovery in its discretion, grant the Gilberts' request for relief from stay, or order the parties to mediate the manner, and such other and further relief as the court deems just and proper.

Dated: September 10, 2013                /s/ Katherine S. Parker-Lowe
                                         Katherine S. Parker-Lowe
                                         Attorney for Gilberts
                                         NC State Bar #13318
                                         35 Miss Elecia Lane, Suite 101
                                         Post Office Box 730
                                         Ocracoke, North Carolina 27960
                                         katherine@ocracokelaw.com
                                         252-928-1000

**EXHIBIT A**

B 10 (Official Form 10) (12/11)

EXHIBIT A

Amended

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
GMAC MORTGAGE, INC

Case Number:
12-12032

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Gilbert IN THE MATTER OF THE FORECLOSURE BY DAVID A SIMPSON, PC SUBSTITUTE

Name and address where notices should be sent:
KATHERINE S. PARKER-LOWE ATTORNEY AT LAW
35 MISS ELECIA LANE, SUITE 101/PO BOX 730
OCRACOKE, NC 27960

Telephone number: (252) 928-1000    email: katherine@ocracokelaw.com

COURT USE ONLY

☑ Check this box if this claim amends a previously filed claim.

Court Claim Number: 1991
*(If known)*

Filed on: 10/30/2012

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $ 5,948,900.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: resicssion and money damages under TILA, usury, wrongful foreclosure, UDAP, debt collection violations
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
   5 1 0 7

3a. Debtor may have scheduled account as:
   _____
   (See instruction #3a)

3b. Uniform Claim Identifier (optional):
   _____
   (See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim:    $_____

Amount Unsecured:    $ 5,948,900.00

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)                                                                                                                                          2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* See Attachment

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                         (Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Katherine S. Parker-Lowe
Title:       Attorney for Claimant
Company:
Address and telephone number (if different from notice address above):    _Katn A. Parker-Lowe_    9-10-2013
                                                                          (Signature)              (Date)

Telephone number:              email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

Attachment to Gilbert Amended Proof of Claim-#1991
Summary of Damages
Page 1 of 2

1.     TILA rescission damages

                 85,780.49
                  4,000.00
   =       89,780.49

2.     Usury/breach of contract claim

       GMACM payment records reveal payments made between September, 2007 and September 2009-$37,076.92 in actual damages x 2 for statutory penalty = 74,153.84

       In the alternative,

       Breach of contract damages calculated at the difference of the undisclosed interest $ This claim requires further documentation.

3.     Attempted Wrongful Foreclosure and Conspiracy to Commit Wrongful Foreclosure

       525,000.00 x 10 = 5,250,000.00

4.     Debt collection violations-

     a.     Fraudulent affidavits in a legal proceeding --clerk's hearing/superior court trial de novo/ appeal to COA =actual damages and statutory penalty of 2000.00 x 2 = 4000.00

     b.     Fraudulent affidavits in a legal proceeding-Federal Suit=actual damages and statutory penalty of 4000 for each violations proven

     c.     Fraudulent representations by representatives of GMACM that Deutsche is the holder of the note including, but not limited to, letter from counsel dated August 22, 2011, letter from counsel dated March 22, 2013, placement of foreclosure notice on the courthouse bulletin board on or about March 23, 2012 after the reversal by the NC COA and with no pending order for sale= actual damages and statutory penalty for each violation proved

     d.     Telephone calls by representatives of GMACM directly to the Gilberts the week of the hearing for the preliminary injunction in what became the Federal Suit as follows:

         9/12/2009  8:39am
         9/15/2009  6:41pm

1

        9/16/2009 1:20pm
        9/17/2009 3:13pm
        9/18/2009 2:02pm
        9/19/2009 11:35 am

        Actual damages and
        2000 statutory penalty for each violation proven

5. UDAP violations

    a. Willful refusal to honor rescission/TILA is an act designed to protect the consuming public/unfair/unethical/immoral to refuse comply with the law/on-going willful refusal to settle

       $85,780.49 in actual damages, actual damages are trebled = 257,341.47 + 85,780.49 = 343,121.96

    b. TILA disclosure violation actual damages 4000 + 4000 x 3=12,000.00= 16,000.00

    c. Fraudulent affidavits provided to Deutsche and used in the state foreclosure suit – actual damages are costs and expenses to date, lost use of $13,000.00 bond held by the court to stay the foreclosure 3000 posted in April 2009 and released in May, 2011; 10,000.00 bond posted in September 2009 and released April 17, 2013; actual damages trebled

    d. Breach of contract claim resulting in the excessive charging of interest –actual damages are the difference between what was charged and the agreed rate of interest x 3 = _____ unfair and deceptive/misleading

    e. Usury 37, 076.92 + (37, 076.92 x 3) = 111,230.76

    f. Creation of a new indorsement to the Note outside the chain of title together with threats to reinstitute foreclosure using said false indorsement

6. Breach of covenant of good faith and fair dealing-needs discovery.

2