**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER RESOLVING THE DEBTORS' OBJECTION
TO PROOFS OF CLAIM (CLAIM NOS. 23 AND 25) FILED BY
<u>PALM BEACH COUNTY TAX COLLECTOR</u>**

This stipulation and order (the "<u>Stipulation and Order</u>") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "<u>Debtors</u>") and the Palm Beach County Tax Collector ("<u>Palm Beach County</u>" and together with the Debtors, the "<u>Parties</u>"), through their respective counsel, to resolve the Debtors' objection to the Proof of Claim (defined below) that was filed in the above-referenced chapter 11 cases (the "<u>Chapter 11 Cases</u>"), and fix and allow the Proof of Claim as set forth below.

**WHEREAS**, on May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, in connection with certain relief requested by the Debtors at the inception of these Chapter 11 Cases, pursuant to the Court's order authorizing the Debtors, among other things, to pay taxes and related obligations to certain governmental entities [Docket No. 108], the Debtors have the authority to remit such payment of taxes in the ordinary course of business during these Chapter 11 Cases;

**WHEREAS**, on or about May 29, 2012, Palm Beach County filed two proofs of claim, designated as Claim Nos. 23 and 25, against Debtor Residential Capital, LLC (collectively, the "Palm Beach Claims"). With respect to Claim No. 23 ("Proof of Claim No. 23"), Palm Beach County asserted a secured claim in the amount of $855.32 plus 18% statutory interest in connection with a claim for outstanding real property taxes for the 2011 tax year;

**WHEREAS**, on March 7, 2013, the Debtors filed the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) for Approval of (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* [Docket No. 3123] (the "Claims Procedure Motion");

**WHEREAS**, on March 21, 2013, the Court entered an order approving the Claims Procedure Motion [Docket No. 3294]. Pursuant to the settlement procedures set forth therein, the Debtors are authorized to settle any and all Claims[1] without prior approval of the Court or any other party in interest if the allowed amount for an individual Claim qualifies as a De Minimis Settlement Amount, including, but not limited to, secured amounts less than $50,000. Order Approving Claims Procedure Motion at 10;

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to such term in the Claims Procedure Motion.

**WHEREAS**, on July 3, 2013, the Debtors filed the *Debtors' Thirteenth Omnibus Objection to Claims (No Liability – Books and Records Tax Claims)* [Docket No. 4147] (the "Objection"), asserting, among other things, that the Palm Beach Claim should be disallowed and expunged because the liabilities were not reflected in the Debtors' books and records;

**WHEREAS**, on or about July 26, 2013, Palm Beach County submitted a response to the Objection [Docket No. 4370] (the "Response");

**WHEREAS**, subsequent to the filing of the Objection and the Response, the Parties conferred in an effort to resolve the Objection and the Response. Palm Beach County agreed to withdraw Claim No. 25 from the claims register, and the Debtors, upon a further review of their books and records with respect to Proof of Claim No. 23, determined that they presently own the real property that is the subject of property taxes reflected in Proof of Claim No. 23;

**WHEREAS**, the Debtors have determined that entering into this Stipulation and Order is in accordance with Rule 3006 of the Federal Rules of Bankruptcy Procedure and in the best interest of the Debtors, their estates, the Debtors' creditors, and other parties in interest.

NOW, THEREFORE, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. The Recitals form an integral part of this Stipulation and Order and are incorporated fully herein.

2. Upon the Parties' entry into this Stipulation and Order, the Debtors recognize Proof of Claim No. 23 as a valid secured claim in the amount of $1,058.68 against Debtor Residential Capital, LLC. Within thirty (30) days of the Parties' execution of this

Stipulation and Order, the Debtors will tender a payment of $1,058.68 to Palm Beach County (the "Payment").

3. The Payment will be in full and final satisfaction of Proof of Claim No. 23.

4. At such time the Debtors make the Payment to Palm Beach County, the Debtors will notify Kurtzman Carson Consultants, LLC, their claims and noticing agent ("KCC"), at which point KCC will be authorized and directed to reflect on the claims register that Proof of Claim No. 23 has been paid and satisfied in full.

5. Upon entry of this Stipulation and Order, Claim No. 25 shall hereby be deemed withdrawn with prejudice against Residential Capital, LLC and the Debtors' estates. KCC is hereby authorized and directed to expunge the Claim No. 25 from the claims register.

6. Upon the Parties' entry into this Stipulation and Order, the Objection is hereby withdrawn against Claim No. 25 as moot.

7. This Stipulation and Order is the result of a compromise and shall not be construed as an admission by any of the Debtors or their estates of any liability or wrongdoing.

8. The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation and Order.

9. This Stipulation and Order constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation and Order.

10. This Stipulation and Order may be executed in any number of counterparts

by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

11. This Stipulation and Order shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

12. This Stipulation and Order shall be binding upon the Parties as well as any successor trustee appointed in the Chapter 11 Cases. No provision in any plan subsequently confirmed in the Chapter 11 Cases shall contain any provisions inconsistent with the terms of this Stipulation and Order.

13. No other or further notice to creditors or parties in interest, or further approval by the Court is required to effectuate the terms and conditions of this Stipulation and Order.

14. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation and Order.

15. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

[*Remainder of Page Intentionally Left Blank.*]

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed and delivered this Stipulation and Order as of the date set out below.

Dated: September 10, 2013

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

Dated: September 10, 2013

/s/ James M. Brako
James M. Brako
General Counsel, Legal Services
Palm Beach County
West Palm Beach, Florida 33401
Telephone: (561) 355-2141
Facsimile: (561) 355-1110

*Counsel for Palm Beach County Tax Collector*

SO ORDERED.

Dated: September 11, 2013
       New York, New York

                    /s/Martin Glenn
                  MARTIN GLENN
            United States Bankruptcy Judge