**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM NO. 3515**

Pending before the court is the *Debtors' Seventeenth Omnibus Claims Objection to Claims (Misclassified Borrower Claims)* ("Objection," ECF Doc. # 4151). Through the Objection the Debtors are seeking to reclassify as general unsecured claims the claim filed by Perry Goerner (Claim No. 3515). In support of the Objection, the Debtors submitted the Declaration of Deanna Horst (Objection, Ex. 1). Perry Goerner filed two responses ("Goerner Responses," ECF Docs ## 4469, 4579). The Debtors filed a reply (ECF Doc. # 4843). On September 11, 2013, the Court held a hearing and Mr. Goerner appeared telephonically. The Court reserved decision on the Objection.

Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims and seek their disallowance where such claims "assert priority in an amount that exceeds the maximum amount under § 507 of the Code." FED. R. BANKR. P. 3007(d)(8). *See also In re WorldCom, Inc.*, 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because it was based on a lapsed lien). Rule 3001(d) provides that if a claimant is asserting a security interest in property of the debtor, "the

proof of claim shall be accompanied by evidence that the security interest has been perfected." FED. R. BANKR. P. 3001(d).  The Official Form B10 (the proof of claim form) ("Form B10"), consistent with Bankruptcy Rule 3001(c) and (d), clarifies to claimants that writings supporting a claim or evidencing perfection of a security interest must be attached to the Form B10.

      Mr. Goerner may have a valid claim against the Debtors, but he has not submitted any evidence that such claim is a secured claim, as required by the Federal Rules of Bankruptcy Procedure.  Therefore, the Objection is sustained as to Mr. Goerner's claim, and his claim will be reclassified as a general unsecured claim.  It is hereby

      **ORDERED** that the Objection is sustained as to Claim No. 3515 and that such claim is reclassified as a general unsecured claim.

Dated: September 12, 2013
       New York, New York

                                 **/s/Martin Glenn**
                                 MARTIN GLENN
                     United States Bankruptcy Judge