# RESCAP                MORRISON | FOERSTER

## Claim Information

| Claim Number | 4673 |
|---|---|
| **Basis of Claim**<br><br>**Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 ( the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim.** | See Attached Basis of Claim with documentation exhibits.<br><br>FILED<br>U.S. BANKRUPTCY COURT<br>2013 JUN 19 P 4: 55<br>S.D. OF N.Y. |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: 3218018417 | | |
|---|---|---|
| Address of property related to the above loan number: 179 Martin Street | | |
| City: Bethel | State: NC | ZIP Code: 27812 |

**Additional resources may be found at – http://www.kccllc.net/rescap**

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN 55438

Claim Number: 4673
Susie J. Moore & Frank J. Moore

# RESCAP

**MORRISON | FOERSTER**

## Claim Information

| Claim Number | 2770 |
| --- | --- |
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 ( the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim. | See Attached Basis of Claim with documentation exhibits.  This Claim is joined with Claim 4673 – Frank J. Moore & Susie J. Moore, Claimants. |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors please be sure to include the following loan information, so that we can effectively  search our records for information on your property and loan, and evaluate your claim.

| Loan Number: 3218018417 | | |
| --- | --- | --- |
| Address of property related to the above loan number: 179 Martin Street | | |
| City: Bethel | State: NC | ZIP Code: 27812 |

**Additional resources may be found at – http://www.kccllc.net/rescap**

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN 55438

Claim Number: 2770
Susie J. Moore & Frank J. Moore

Claim Numbers 2770 & 4673
CLAIMANTS: Frank J. Moore & Susie J. Moore

U.S. Bankruptcy Court for the Southern District of NY, Case No. 12020 (MG)
DEBTORS: Residential Capital, LLC GMAC Mortgage LLC et al

## CLAIMANT'S BASIS OF CLAIM

### I.  BACKGROUND

Frank J. Moore and Susie J. Moore ("Claimants") are North Carolina residents who resided at 179 Martin Street (originally 233 Martin Street), Bethel, NC since March 1992, more than 21 years. After renting the home with option to purchase for six years, the Claimants obtained mortgage loan #0262588 from CitiMortgage on July 31, 1998, for a term of 360 months and a principal amount of $64,259.99.   With an interest rate of 11.49%, the monthly payments were $635.87. (See Exhibit 1 – CitiMortgage Disclosure & Settlement Statement)

Ten years later, while our loan was in good standing with CitiMortgage, Quicken Loans ("Quicken") contacted and pursued Claimants about achieving a lower interest rate on our mortgage with the promise that the monthly payments would reduce significantly.  By that time, the Pitt County, North Carolina government had renumbered residences, and changed the Claimants' home address to from 233 Martin Street to 179 Martin Street.  Quicken loan #3218018417 was effected for the property on October 30, 2008 for a term of 240 months and a principle amount of $75,025.00.  With an interest rate of 7.399%, the monthly payments were $658.24, including principle and interest. The loan amount was slightly higher than the original mortgage, but due to family health problems, Claimants were engaged in medical appointments and not fully aware of the ramifications of the loan.  It ultimately caused Claimants severe hardship because the principle was higher than expected, there were unexpected fees and the monthly payments increased.  Furthermore, there was no 1) notice of rescission, 2) attorneys or real estate agents, 3) formal closing date, and 4) Quicken employees or sales representatives present at the signing.  A third party brought the settlement statement to our home for us to sign.   (See Exhibit 2 – Quicken Loans – Settlement Statement)

Claim Numbers 2770 & 4673          U.S. Bankruptcy Court for the Southern District of NY, Case No. 12020 (MG)
CLAIMANTS: Frank J. Moore & Susie J. Moore          DEBTORS: Residential Capital, LLC GMAC Mortgage LLC et al

## CLAIMANT'S BASIS OF CLAIM

### I.  BACKGROUND

Frank J. Moore and Susie J. Moore ("Claimants") are North Carolina residents who resided at 179 Martin Street (originally 233 Martin Street), Bethel, NC since March 1992, more than 21 years.  After renting the home with option to purchase for six years, the Claimants obtained mortgage loan #0262588 from CitiMortgage on July 31, 1998, for a term of 360 months and a principal amount of $64,259.99.   With an interest rate of 11.49%, the monthly payments were $635.87. (See Exhibit 1 – CitiMortgage Disclosure & Settlement Statement)

Ten years later, while our loan was in good standing with CitiMortgage, Quicken Loans ("Quicken") contacted and pursued Claimants about achieving a lower interest rate on our mortgage with the promise that the monthly payments would reduce significantly.  By that time, the Pitt County, North Carolina government had renumbered residences, and changed the Claimants' home address to from 233 Martin Street to 179 Martin Street.  Quicken loan #3218018417 was effected for the property on October 30, 2008 for a term of 240 months and a principle amount of $75,025.00.   With an interest rate of 7.399%, the monthly payments were $658.24, including principle and interest. The loan amount was slightly higher than the original mortgage, but due to family health problems, Claimants were engaged in medical appointments and not fully aware of the ramifications of the loan.  It ultimately caused Claimants severe hardship because the principle was higher than expected, there were unexpected fees and the monthly payments increased.  Furthermore, there was no 1) notice of rescission, 2) attorneys or real estate agents, 3) formal closing date, and 4) Quicken employees or sales representatives present at the signing.  A third party brought the settlement statement to our home for us to sign.   (See Exhibit 2 – Quicken Loans – Settlement Statement)

1

Claim Numbers 2770 & 4673
CLAIMANTS: Frank J. Moore & Susie J. Moore

U.S. Bankruptcy Court for the Southern District of NY, Case No. 12020 (MG)
DEBTORS: Residential Capital, LLC GMAC Mortgage LLC et al

Abruptly in December 2008, a little more than 30 days later, Quicken transferred the loan to their "trusted partner" GMAC Mortgage ("GMAC"), a subsidiary of Residential Capital, LLC ("ResCap"). Quicken informed Claimants that effective December 9, 2008 our monthly payments would be $659.51 at 6.5% interest. The transfer was drafted by Quicken, and Claimants were given no opportunity to negotiate. (See Exhibit 3 – Quicken Notice of Transfer)

## II. BASIS OF CLAIM

We were concerned that although the interest rate was lower, the monthly payment was higher. Due to Claimant, Frank J. Moore's chronic health problems in 2008, and medical emergencies, it was virtually impossible to scrutinize the mortgage process while focusing on his life threatening illnesses. Quicken, and its partners ResCap & GMAC engaged in predatory lending, misrepresentation and fraud while Claimants were at a vulnerable state. They led Claimants to believe that a lower interest rate would lower the payments, when in fact their excessive fees and increased monthly payments caused Claimant's severe emotional trauma, stress and undue financial burdens.

Claimant's have already paid $13,000 as renters with the option to buy, $76,293.60 to CitiMortgage, $658.24 to Quicken, plus $38,836.16 to GMAC and ResCap for a total of $128,788.00 in property payments for the home presently valued at $63,865. ResCap and GMAC, its subsidiaries, partners and successors actions represent 1) fraud and misrepresentation, 2) predatory lending and 3) abusive mortgage practices. Their bankruptcy action is an attempt to skirt the law and cover up their mortgage scams. ResCap and GMAC's collective actions constitute common law breach of contract, tortuous interference with contractual relations, unjust enrichment, fraud, misrepresentation, negligence, reckless and

wanton misconduct, and intentional infliction of emotional distress. Given these actions of ResCap and GMAC, Claimants assert that the $128,788 already paid for the home, represents fair and sufficient payment for the property and no further payments are owed. Therefore, Claimants seek complete cancellation of the mortgage loan, plus compensatory and punitive damages or other costs the court deems properly for mental anguish, pain and suffering.

### III.    Quicken's No Document Loan in 2008 and Quick Transfer to ResCap

Claimants believe the loan with Quicken, ResCap and GMAC constitute premeditated predatory lending. Quicken provided little to no documentation, misrepresented the benefits to the Claimants, hid fees and did not provide the Claimants with a good-faith estimate. The HUD-1 statement provided to Claimants was inaccurate. After signing the contract to refinance the mortgage, we did not receive a notice of rescission explaining our rights to cancel. Quicken, ResCap and GMAC jointly deceived Claimants into believing that a lower interest rate would decrease their monthly payments. Unscrupulous lenders will say they can lower your monthly payment but they're actually just omitting taxes and escrow payments from their projections. We did not receive the proper documentation, nor did the lenders disclose this information as required by the Real Estate Settlement Procedures Act. The Claimant's original loan with CitiMortgage commenced in 1998 for $64,259.99, and after ten years, we had paid $76,293.60. When the loan was paid off in 2008, post interest was not to be capitalized into the new loan. The outstanding balance at that time was $32,170.80. Quicken, the trusted partner of ResCap and GMAC provided Claimants with a loan for $75,025 that exceeded the balance by $42,881.20 using a fraudulent good-faith estimate.

The Claimants unknowingly relied on the estimate because they were overly focused on Claimant Frank J. Moore's severe medical challenges, and extremely concerned with stabilizing his health issues. Primarily diagnosed with a severe case of diabetes, Claimant Frank J. Moore required a series of eye surgeries and foot surgery that year. (See Exhibit 4 – East Carolina University Physicians Report dated August 19, 2008) Quicken, ResCap and GMAC were aware of Claimants stress related and time consuming medical challenges, but still used the opportunity to defraud them. Quicken was used to effect the loan and within 40 days quickly transferred the loan to ResCap and GMAC to hide the fraud and prevent Claimants from holding them culpable for damages.

## IV.    Quicken's Predatory Lending Lawsuit & Settlement

In 2008, Quicken as ResCap's "trusted partner" had already been a defendant in several lawsuits for fraudulent lending. Wells Fargo sued Quicken over blatantly ignoring underwriting standards. In the 2009 Monique Brown vs. Quicken Loans case, the Court found the lending practices of Quicken to be unconscionable and that Quicken Loans defrauded homeowners by misleading them into paying excessive loan origination fees, falsely promising to favorably refinance the loan, and concealing an enormous balloon payment from its own borrowers. Quicken was held liable for $2.7 million dollars in damages to this customer. This demonstrated that Quicken's actions are unfair and deceptive as a matter of law. Quicken's partnership with ResCap and GMAC was simply a cover-up for fraud as evidenced by Claimant's loan being transferred to ResCap and GMAC within a matter of days. ResCap and GMAC are the main beneficiary of this fraud because Quicken only received one mortgage payment before making the transfer. The remaining payments went to ResCap and GMAC. Their actions forced

4

Claimants into a sort of subprime treadmill that is hard to get off.  It is a cycle of bad loans, and to get out of it, you have to get into another bad loan with their partners.

## VI.    Claimant Frank J. Moore Health Challenges & Disability

The timing of the loan in 2008 from ResCap and GMAC was completely advantageous to them, but detrimental to the Claimants due to the deteriorating health of Claimant Frank J. Moore that year.  He became officially disabled on October 21, 2008, after battling a series of health crises and medical procedures throughout the years.  (See Exhibit 5 – Letter from Social Security Administration)  The health challenges were emotionally draining for Claimants.  In October 2008, Claimant Frank J. Moore was also pre-scheduled for a vitrectomy OD (eye surgery) after already having several laser surgeries earlier within the year.  (See Exhibit 6 - East Carolina University Physicians Reports dated May 9, 2008, May 30, 2008, June 20, 2008 and Exhibit 7 - East Carolina University Physicians Report dated October 10, 2008)   By November 2008, in addition to chronic diabetes, Claimant Frank J. Moore was diagnosed with Gout, Hypercholesterolemia, Hypertension, Prostrate Malignancy, Erectile Dysfunction, Eczema, Hyperlipidemia, Dysuria, Groin Strain, Infected Ingrown Toenail (side effect of diabetes) and Obesity, which required constant medical appointments and several medications, including insulin, Vasotec and Lipitor.  (See Exhibit 8 - East Carolina University Physicians Report dated November 4, 2008)  Claimants were not in sound mind and body to create the contract with Quicken, ResCap and GMAC.

## VII.    Claimants' Financial Burdens and Due Process Challenges

The medical health of Claimant Frank J. Moore led to a serious reduction of income for the family.  His disability rendered him unable to work.  In the same year (2008), the Claimants

first grandchild, Donte Moore had been born autistic contributing to more family emotional and financial stress. (See Exhibit 9 – Speech Pathologist report)  Both the health of the Claimant Frank J. Moore and their only grandchild prevented them from recognizing the fraud of ResCap and GMAC.  The financial burdens prevented Claimants from being able to afford legal representation with a fair chance at receiving compensatory damages.  In 2008, the Claimants joint income was $54,623 and has significantly decreased since then.  In 2009, the income decreased to $46,969.  In 2010, the income again decreased to $34,945.  In 2011, the income was $47,284.  In 2012, the income decreased to $41,777.

Over the years, the Claimant's son Jeffery Donte Moore, father of Donte Moore became unemployed and now relies on Claimants for financial assistance.  Claimant Susie J. Moore's elderly, widowed mother is 91 years and vision impaired relies on also Claimants for assistance. These extra dependencies, plus the financial obligations of paying off a fraudulently obtained mortgage is a severe burden on Claimants.  (See Exhibit 10 – Tax Returns for years 2008-2012) The asset protection of ResCap and GMAC through bankruptcy courts is unfair and releases them from their financial obligations but leaves their mortgage holders in unnecessary debt. The ResCap and GMAC bankruptcy case is a blatant disrespect to the families they have defrauded, and the dodging of responsibilities by transferring loans is a subversion of due process.

## VIII.    Ocwen's Legal Challenges

The mortgage has now again been transferred to another predatory mortgage company, Ocwen Financial ("Ocwen").  Customer complaints about loan servicing at Ocwen Federal, which was a wholly owned subsidiary of Ocwen, resulted in the U.S. Office of Thrift

Claim Numbers 2770 & 4673
CLAIMANTS: Frank J. Moore & Susie J. Moore
U.S. Bankruptcy Court for the Southern District of NY, Case No. 12020 (MG)
DEBTORS: Residential Capital, LLC GMAC Mortgage LLC et al

Supervision's ("OTS") April 2004 enforcement action against the bank. Ocwen Federal signed a written agreement with the OTS, in which it agreed to improve its compliance with the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act and the Fair Credit Reporting. In June 2005, the OTS approved Ocwen Financial's request for voluntary dissolution of Ocwen Federal but Ocwen continued their fraud and deception. In 2006, Ocwen was slammed with a $1.8 million judgment due to hundreds of cases alleging fraud. A review of court filings shows Ocwen and affiliates were defendants in more than 500 civil suits filed in federal courts between years 2002 and 2006. In one case, the jury believed that Ocwen had a scheme of stealing homes by classifying timely payments as late and then beginning a foreclosure proceeding. The attorney against Ocwen prepared about 100 lawsuits for Texas residents who claimed Ocwen falsified mortgage payments then began foreclosure proceedings. The sale of ResCap and GMAC mortgages to Ocwen almost guarantees that loan payments will never end. It is highly speculative that the debtors are sure to get a kickback through back-end deals with Ocwen.

IX.   **Summary Judgment and Conclusion**

A. ResCap and GMAC, its partners and subsidiaries engaged in a sequence of events or course of conduct, and otherwise agreed and conspired to violate the statutory and common law rights of Claimants and the class they represent.

B. ResCap and GMAC, its partners and subsidiaries conspired with one another to induce Claimants to purchase their deceptive mortgages, pay unwarranted service charges, engaged in unfair debt collection practices, and tortuously interfered with Claimant's contractual relations with their original mortgage lender CitiFinancial.

7