*Yvonne D. Harris-Johnson*

*56 Texas Avenue*

*Lawrenceville, NJ  08648*

*(609) 620-1878 (home)*

*(609)433-6947 (cell)*

*September 5, 2013*

Account number: 0602005173



To:  United States Bankruptcy Court for the

   Southern District of New York

   : Kramer Levin Naftalis & Frankel LLP

   : ResCap/GMAC,

I am writing this letter out of pure desperation.  Hoping someone will take the time and listen and look into this matter to ensure I will not lose my home through the Complaint for Foreclosure Court System, which I received August 5, 2013.

I started the process of a Loan Modification before July 2011, I wrote a hardship letter to GMAC (at the time my mortgage company) explaining That upon retiring from the United States Air Force Reserve for 25 years my annual income has decrease $20,000.00. The lost of this income put me in a financial hardship. It was at that time I requested a Loan Modification that would reduce my 6% interest rate and due to the housing market my home was "under the water" (see attach #1) therefore, I requested a reduction of my Principal Balance as well.

GMAC was fully aware that I had a FHA Loan and I paid a PMI.  They informed me that since my monthly payment was current, they could not help me.  Yes, I stop paying my mortgage so I could talk to someone regarding my hardship because before that time, they would not speak to me regarding a Loan Modification.

Once my mortgage payments were three months behind, they (GMAC) started with the Loan Modification nightmare. This cat and mouse game went on until GMAC, collected my mortgage payment from my PMI, and was collecting mortgage payments from me; however I could not see where either payment was being applied to my mortgage payment.

I have had several approved Loan Modification from GMAC, but none of them have been honored by GMAC. (Attach # 2)

Once they had collected the PMI and my payments, they sold or transferred my mortgage to Ocwen who disregarded all of the past Loan Modification agreements and I had to start all over again. However the same man that signed my letters under GMAC was the same person that was with Ocwen... I did not understand.  But now my home is in foreclosure.

What has happen to me should be against the law.  GMAC has drained the FHA Loan and PMI (both are government programs) and me for everything they could possibly get and to make matters worse they sold or transferred my mortgage with an additional $32,000.00 to my mortgage Principal Balance.

I would hate to think our court system would allow GMAC Mortgage, who has found a way to cheat the government by taking advantage of the people that have FHA Loans and are involved in the PMI system. These systems were put into place, to help a person, like myself, that could not put down 20% when buying their home.

For 10 years my mortgage payments were never late, it was due to my financial hardship, that I was requesting assistance.  They (GMAC) saw it as an opportunity to fill their pockets and give my home to the next guy. Ocwen also saw it as an opportunity to just take my home and call it foreclosure.

I am requesting your help to correct this wrong.


Sincerely,


Yvonne D. Harris-Johnson

GMAC Mortgage
3451 Hammond Ave
PO·Box 780
Waterloo, IA 50704-0780

**GMAC Mortgage**

February 15, 2012

05/11/11 10:15 3  0000104 20120216 H83FB101 GMACDUPL 1 OZ DOM H83FB10000* 160275  DM

YVONNE HARRIS-JOHNSON
56 TEXAS AVENUE
LAWRENCEVILLE NJ  08648-3709

RE:    Account Number         0602005173
       Property Address       56 TEXAS AVENUE
                              LAWRENCE TOWNSHIP    NJ 08648

Dear YVONNE HARRIS-JOHNSON:

Thank you for submitting your request for assistance. We are currently processing your modification request and will notify you within 30 days of the outcome of our review or if additional documentation is required.

After receipt of all requested documentation, we will determine if you are eligible based on your situation.  If you are eligible, we will look at your monthly income and housing costs, including any past due payments, and determine an affordable mortgage payment.

If you qualify, we will provide you with a new, affordable monthly payment on your mortgage loan for a trial period.  If you timely make all of those trial payments, fulfill any other trial period conditions, and provided you meet all other eligibility requirements of the program, we will permanently modify your mortgage loan.

The modification may involve some or all of the following changes to your mortgage loan:
1)  Bringing your account current;
2)  Reducing the interest rate on your loan;
3)  Extending the term of the loan, and/or delaying your repayment of a portion of the mortgage principal until the end of the loan term.

To be considered for the Home Affordable Modification Program **all** required documentation must be received no later than 7 business days prior to any scheduled foreclosure sale date.  We will not refer the account to foreclosure or conduct a foreclosure sale if already referred while it is being reviewed for the Home

(Continued on next page)



February 15, 2012
Account Number 0602005173
Page Two

Affordable Modification Program. If we notify you that additional documentation is required, the review will not begin until all required documentation is received.

At times like these, we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (1.888.995.HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

If you have any questions, please contact your Relationship Manager, HOPE BELDEN at 877-928-4622 extension 2368275 between the hours of 8:00 a.m. and 9:00 p.m. Monday through Friday central standard time. If your agent is not available one of their team members will assist you.

HOPE BELDEN
Loan Servicing

**Notice Regarding Bankruptcy:** If you are currently involved in an open bankruptcy case or if you have been discharged of your personal liability for repayment of this debt; this notice is being provided for informational purposes only and is not an attempt to collect a pre-petition or discharged debt. Furthermore, any action that we may take is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally.

**Note:** If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with your Chapter 13 Plan and disregard this notice.

4:16

# GMAC Mortgage

PO Box 780
Waterloo, IA 50704-0780

July 06, 2012

YVONNE HARRIS-JOHNSON
56 TEXAS AVENUE
LAWRENCEVILLE NJ  08648

Loan number:    0602005173

Property Address:  56 TEXAS AVENUE
                   LAWRENCE TOWNSHIP NJ 08648

Dear YVONNE HARRIS-JOHNSON:

You recently contacted our offices to request assistance.  Unfortunately, we are unable to finalize your modification without the required documentation.

Modification documents were mailed to you to be executed and returned to our office within 10-days.  The timeframe allowed to return your signed modification agreement has been extended; therefore, it is very important you return the documents to our office immediately or your modification request will be canceled.

Please act now, we want to help you save your home. In the event you have not received your original documents, you must contact us immediately for new documents to be generated.

If you have any questions, please contact your Relationship Manager, BRIAN WERNER at 1-877-928-4622 extension 2368499 between the hours of 8 a.m. and 5 p.m. central time Monday through Friday.  If your agent is not available one of their team members will assist you.

Loss Mitigation
Loan Servicing

As we understand that you filed for bankruptcy and have received an Order of Discharge in a Chapter 7 proceeding, this letter is being sent to you for informational purposes only, it is not an attempt to collect a discharged debt and applies only to our lien interest on your property.

00031

*Lt Col Yvonne D. Harris-Johnson*

*56 Texas Avenue*

*Lawrenceville, NJ 08648*

*(609) 620-1878 (home)*

*(609)433-6947 (cell*

July 12, 2011

**To: Congressman Rush Holt**

**Senator Frank Lautenberg**

**Senator Robert Menendez**

This letter is to explain a hardship including what happened, why and how you can help.

I was in the United States Air Force Reserved for over 25 years. However due to base closing and military downsizing I had to retire before my 60th birthday, before I can obtain my retirement pay. The $20,000.00 yearly income I earned as I served the United States in the Reserve was terminated as of June 2010. The reduction of my yearly income caused my entire house budget to fall delinquent. However, I continue to pay high gas and electric bills, dental bills, college tuition and the upward cost of living has put me in a financial emergency.

I have completed an application with the Neighborhood Assistance Corporation of America, (NACA); they have assisted me with a budget that consists of an affordable mortgage payment that I can afford over a long term. NACA will advocate for me an affordable solution with GMAC Mortgage. A NACA Restructure is to achieve an affordable mortgage payment by permanently reducing my interest rate and the principal balance for the remaining term of the loan. (*Due to the housing market my mortgage payment and the total worth of my home is now totally over price.*

If I can obtain a lower interest and a lower monthly mortgage payment for the life of my loan, my hardship would be temporary and I can afford to maintain my current property. I am currently working and under contract however I need NACA and GMAC to reach an agreement that will allow me to remain in my home.

*I am asking your assistance to ensure NACA remains the most effective organization in obtaining a permanent affordable payment for homeowners with an unaffordable mortgage. NACA has achieved this for tens of thousands of homeowners.*

*I am also requesting you to encourage banks and mortgage companies to work with NACA so people such as I can maintain their property by: Lower monthly mortgage payment, by lowering the interest rate and principal of the mortgage.*

Your attention to this matter would be greatly appreciated.

Sincerely Yours,

Yvonne D. Johnson

*Yvonne D. Harris-Johnson*

*56 Texas Avenue*

*Lawrenceville, NJ  08648*

*(609) 620-1878 (home)*

*(609)433-6947 (cell)*

*July 12, 2011*

**Account number: 0602005173**

**GMAC Mortgage, Attn: Customer Care**

**P.O. Box 1330**

**Waterloo, LA 50704-1330**

To whom it may concern,

Enclosed is a letter to my Congressman requesting assistance to ensure an agreement is made with me regarding my mortgage loan.

I hope you understand the situation that I am currently facing and will do all you can to ensure I am able to keep my home.

I have filed an application with Neighborhood Assistance Corporation of America (NACA) requesting their assistance in lowering my interest rate and my principal. This program ensures there is no out of pocket expense.

I sincerely hope you will help.


Sincerely


Yvonne D. Johnson

*Yvonne Harris-Johnson*

*56 Texas Avenue*

*Lawrenceville, NJ  08648*

*(609) 620-1878 (home)*

*(609)433-6947 (cell)*

*December 13, 2011*

Account number: 0602005173

GMAC Mortgage, Attn: Customer Care

P.O. Box 1330

Waterloo, LA 50704-1330

To whom it may concern,

This request for assistance is in regards to my monthly mortgage payment.  As I have reviewed my house whole budget, and have enclosed a copy for your review it is almost impossible for me to maintain my current monthly payment. I am requesting a reduction in my monthly payment by reducing my interest rate and possible reducing my total loan balance.

I have also enclosed the latest market value of my home. If I wanted to sell my home today, to pay off my loan, I would not be able to sell it at a price to pay off my current loan amount. I am therefore pleading with you to review my current situation by taking into consideration that I lost over $15,000.00 of yearly income. As a teacher that has always been able to work during the summer, those summer jobs are no longer available. To combine the total lost of yearly income is well over$20,000.00. I have also had some major financial setbacks which have cause me to be economically insecure.

In view of the above information, I am requesting again that you review my current situation and provide a monthly payment that we both can survive in this not so sure economy.

I look forward to hearing from you with a workable solution.

Sincerely,

Yvonne Harris-Johnson

C. Carol L. Knowlton

PORTFOLIO PERFORMANCE
REPORTING. FIND OUT HOW
YOU'RE REALLY DOING.
✓ Measure against a personalized benchmark relative to your goals
✓ Help determine whether you're taking on an appropriate amount of risk for your personal risk tolerance
VIEW A DEMO NOW
TALK TO CHUCK
charles SCHWAB



**About.com** Financial Planning

## BUDGET WORKSHEET
From Financial Planning at About.com
(http://financialplan.about.com)

*% cost*

| CATEGORY | BUDGET AMOUNT | ACTUAL AMOUNT | DIFFERENCE |
|---|---|---|---|
| **INCOME:** | | | |
| Wages and Bonuses | 8859.30 | 5869.64 | |
| Interest Income | | | |
| Investment Income | | | |
| Miscellaneous Income | | | |
| **Income Subtotal** | | | |
| **INCOME TAXES WITHHELD:** | | | |
| Federal Income Tax | | | |
| State and Local Income Tax | | | |
| Social Security/Medicare Tax | | | |
| **Income Taxes Subtotal** | | | |
| **Spendable Income** | | | |
| **EXPENSES:** | | | |
| **HOME:** | | | |
| Mortgage or Rent | | 3094. | 32.9% |
| Homeowners/Renters Insurance | | 2464.00 | |
| Property Taxes | | 180.00 | |
| Home Repairs/Maintenance/HOA Dues | | N/A — | |
| Home Improvements | | 450.00 | |
| **UTILITIES:** | | 200.00 | |
| Electricity | | 1,381.00 | 4.0% |
| Water and Sewer | | 290.00 | |
| Natural Gas or Oil | | 175.00 | |
| Telephone (Land Line, Cell) | | 155.00 | |
| **FOOD:** | | 270.00 | |
| Groceries | | 410.00 | 13.1% |
| Eating Out, Lunches, Snacks | | 310.00 | |
| **FAMILY OBLIGATIONS:** | | 100.00 | |
| Child Support/Alimony | O | O | |
| Day Care, Babysitting | | N/A | |
| **HEALTH AND MEDICAL:** | | N/A | |
| Insurance (medical,dental,vision) | | 117.72 | 5.9% |
| Out-of-Pocket Medical Expenses | | 17.72 | |
| Fitness (Yoga,Massage,Gym) | | 50.00 | |
| **TRANSPORTATION:** | | 50.00 | |
| | | 594.00 | 19.1% |

http://financialplan.about.com/library/n_budget.htm

11/16/2011

| | | | |
|---|---|---|---|
| Gasoline/Oil | | 389.00 | |
| Auto Repairs/Maintenance/Fees | | 160.00 | 3.3% |
| Auto Insurance | | 75.00 | 4.0% |
| Other (tolls, bus, subway, taxi) | | 330.00 | |
| **DEBT PAYMENTS:** | | 10.00 | .25% |
| Credit Cards | | 475.00 | 3.4% |
| Student Loans | | 225.00 | |
| Other Loans | | NA | |
| **ENTERTAINMENT/RECREATION:** | | 250.00 | |
| Cable TV/Videos/Movies | | 330.00 | 5% |
| Computer Expense | | 215.00 | |
| Hobbies | | 25.00 | |
| Subscriptions and Dues | | 5.00 | |
| Vacations | | 60.00 | |
| **PETS:** | | 25.00 | |
| Food | | 25.00 | |
| Grooming, Boarding, Vet | | 25.00 | |
| **CLOTHING:** | | N/A — | |
| **INVESTMENTS AND SAVINGS:** | | 100.00 | |
| 401(K) or IRA | | 139.00 | 9.9% |
| Stocks/Bonds/Mutual Funds | | N/A | |
| College Fund | | 139.00 | |
| Savings | | 0/ | |
| Emergency Fund | | 125.00 | |
| **MISCELLANEOUS:** | | 125.00 | |
| Toiletries, Household Products | | 145 | 1.3% |
| Gifts/Donations | | 75.00 | |
| Grooming (Hair, Make-up, Other) | | 15.00 | 3.4% |
| Miscellaneous Expense | | 50.00 | |
| **Total Investments and Expenses** | | 2000 | |
| **Surplus/Shortage (Spendable income minus expenses & investments)** | | | |

For expenses incurred more or less often than monthly, convert the payment to a monthly amount when calculating the monthly budget. For instance, convert auto expense that's billed every six months to a monthly amount by dividing the six-month premium by six. This money should be kept separate from your other money so it's available when the bill becomes due.

http://financialplan.about.com/library/n_budget.htm

11/16/2011

| | | | |
|---|---|---|---|
| Other Transportation (tolls, bus, subway, taxis) | | 275.00 | |
| **DEBT PAYMENTS:** | | | |
| Credit Cards | | 10.00 | |
| Student Loans | | | |
| Other Loans | | 200.00 | |
| **ENTERTAINMENT/RECREATION:** | | | |
| Cable TV/Videos/Movies | | 250.00 | |
| Computer Expense | | | |
| Hobbies | | | |
| Subscriptions and Dues | | 25.00 | |
| Vacations | | 10.00 | |
| **PETS:** | | 10.00 | |
| Food | | | |
| Grooming, Boarding, Vet | | 50.00 | |
| **CLOTHING:** | | 30.00 | |
| **INVESTMENTS AND SAVINGS:** | | | |
| 401(K)or IRA | | 35.00 | |
| Stocks/Bonds/Mutual Funds | | 199.00 | |
| College Fund | | N/A | |
| Savings | | N/A | |
| Emergency Fund | | N/A | |
| **MISCELLANEOUS:** | | N/A | |
| Toiletries, Household Products | | 125.00 | |
| Gifts/Donations | | | |
| Grooming (Hair, Make-up, Other) | | 50.00 | |
| Miscellaneous Expense | | 15.00 | |
| **Total Investments and Expenses** | | 25.00 | |
| **Surplus or Shortage (Spendable income minus total expenses and investments)** | | 10.00 | |

For expenses incurred more or less often than monthly, convert the payment to a monthly amount when calculating the monthly budget. For instance, convert auto expense that's billed every six months to a monthly amount by dividing the six-month premium by six. This money should be kept separate from your other money so it's available when the bill becomes due.



1970 Route 33
Hamilton Square, NJ  08690
609-890-0007 Phone
609-584-1247 Fax

Yvonne Harris Johnson
56 Texas Avenue
Lawrence, NJ  08648

June 27, 2010

Dear Yvonne,

My best price opinion, in today's market, for your properties are as follows:

56 Texas Avenue, Lawrence, NJ          $ 210,000.00

If I can be of further assistance to you, please do not hesitate to contact me.

Regards,

Gina Piazza, ABR
Licensed NJ Realtor/ Sales Associate
Gloria Nilson Realtors, Real Living
609-890-2053 ext. 123 Direct
609-865-0925 Cell

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

**GMAC Mortgage**

June 29, 2012

YVONNE HARRIS-JOHNSON
56 TEXAS AVENUE
LAWRENCEVILLE, NJ 08648

RE: Account Number 0602005173
Property Address 56 TEXAS AVENUE
LAWRENCE TOWNSHIP, NJ 08648

Dear YVONNE HARRIS-JOHNSON:

Congratulations! You have successfully completed the FHA Home Affordable Modification Program trial period.

Enclosed you will find a Subordinate Mortgage, a Subordinate Note, and a Loan Modification Agreement to execute. Once these documents have been properly executed and returned to us, your loan modification will be completed. Please sign these documents in the presence of a notary and return them to our office by July 09, 2012. *July 30, 2012*

The Loan Modification Agreement and the Subordinate Mortgage documents must be signed in the presence of a notary and <u>two witnesses</u> for each signature is required on the Subordinate Mortgage document. Please return all documents to our office by July 09, 2012.

The Subordinate Mortgage and Subordinate Note are in the amount of $13,600.06. This amount   Ins. represents:

The January 01, 2012 through June 01, 2012 mortgage payments in the amount of $14,871.48
Foreclosure fees and costs in the amount of                                    $0.00
Principal balance reduction, if applicable, in the amount of                    $0.00

We are requesting an advance from FHA for this amount which will be applied to your account to bring the loan current and/or reduce the principal balance if there was a principal balance reduction. Repayment of the Subordinate Mortgage will not be required until the first mortgage is satisfied or paid in full. FHA will assume the responsibility for servicing this Note.

The Loan Modification Agreement is modifying the terms of the loan. The interest rate is 3.750%, the new unpaid principal balance is $329,939.37, the term is 360 months and the maturity date is June 01, 2042.

The first modified payment begins July 01, 2012. *July 30, 2012* All payments that are due must also be included when you return the signed/executed document to us in order for the process to be completed.

Principal and Interest        $1,528.00
Escrow                        $291.48
Total                         $1,819.48



February 15, 2012

06/11/11 10:15 3  0000104 20120216 HB3FB101 GMACDUPL 1 OZ DOM HB3FB10000* 160275  DM

YVONNE HARRIS-JOHNSON
56 TEXAS AVENUE
LAWRENCEVILLE NJ  08648-3709



RE:    Account Number        0602005173
       Property Address      56 TEXAS AVENUE
                             LAWRENCE TOWNSHIP    NJ 08648

Dear YVONNE HARRIS-JOHNSON:

Thank you for submitting your request for assistance. We are currently processing your modification request and will notify you within 30 days of the outcome of our review or if additional documentation is required.

After receipt of all requested documentation, we will determine if you are eligible based on your situation. If you are eligible, we will look at your monthly income and housing costs, including any past due payments, and determine an affordable mortgage payment.

If you qualify, we will provide you with a new, affordable monthly payment on your mortgage loan for a trial period. If you timely make all of those trial payments, fulfill any other trial period conditions, and provided you meet all other eligibility requirements of the program, we will permanently modify your mortgage loan.

The modification may involve some or all of the following changes to your mortgage loan:
1) Bringing your account current;
2) Reducing the interest rate on your loan;
3) Extending the term of the loan, and/or delaying your repayment of a portion of the mortgage principal until the end of the loan term.

To be considered for the Home Affordable Modification Program **all** required documentation must be received no later than 7 business days prior to any scheduled foreclosure sale date. We will not refer the account to foreclosure or conduct a foreclosure sale if already referred while it is being reviewed for the Home

(Continued on next page)



February 15, 2012
Account Number 0602005173
Page Two

Affordable Modification Program. If we notify you that additional documentation is required, the review will not begin until all required documentation is received.

At times like these, we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (1.888.995.HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

If you have any questions, please contact your Relationship Manager, HOPE BELDEN at 877-928-4622 extension 2368275 between the hours of 8:00 a.m. and 9:00 p.m. Monday through Friday central standard time. If your agent is not available one of their team members will assist you.

HOPE BELDEN
Loan Servicing

**Notice Regarding Bankruptcy:** If you are currently involved in an open bankruptcy case or if you have been discharged of your personal liability for repayment of this debt; this notice is being provided for informational purposes only and is not an attempt to collect a pre-petition or discharged debt. Furthermore, any action that we may take is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally.

**Note:** If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with your Chapter 13 Plan and disregard this notice.

4:16

Recording Requested By:
GMAC Mortgage, LLC

When Recorded Return to:

GMAC Mortgage, LLC
Attention: Loss Mitigation
3700 J Street SW
Suite 555
Cedar Rapids, IA 52404

Loan Number: **0602005173**

FHACaseNo. **FR_3515059602703**

-------------------------------- {Space above this line for recording data} --------------------------

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **June 29, 2012**. The Mortgagor is YVONNE HARRIS-JOHNSON, whose address is **56 TEXAS AVENUE LAWRENCE TOWNSHIP NJ 08648** ("Borrower"). This Security is given to the Secretary of Housing and Urban Development, whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **THIRTEEN THOUSAND SIX HUNDRED DOLLARS AND SIX CENTS (U.S. $13,600.06).** This debt is evidenced by Borrower's note dated the same date as this Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **June 01, 2042**. This Security Instrument secures Lender: (a) the repayment of all the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums with interest advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with power of sale the following described property located in **MERCER** County, NJ:

See attached Legal Description

Which has the address of **56 TEXAS AVENUE LAWRENCE TOWNSHIP NJ 08648** ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

- 14 -

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal. Borrower shall pay when due the principal of the debt evidenced by the Note.
2. Borrower Not Released: Forbearance By Lender Not a Waiver. Extension of the time of payment of the sum secured by this Security Instrument granted by Lender to any successor in the interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in the interest. Lender shall not be required to commence proceedings against any successors in the interest or refuse to extend time for payment of otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in the interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.
3. Successors and Assigns Bound; Joint and Several Liability: Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note; (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sum secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument of the Note without that Borrower's consent.
4. Notices. Any notices to Borrower provided for in this Security Instrument shall be given by delivering it by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC, 20410 or any address Lender designates by notice to Borrower or Lender when given as provided in this paragraph.
5. Governing Law: Severability. This Security Instrument shall be governed by Federal Law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.
6. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7.    Acceleration: Remedies.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 7 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.

481793 000007

BY SIGNING, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witness

Signature _C Mc Coy L_

Print _Christe McCoy-Lawrence_

_____ (Seal)
YVONNE HARRIS-JOHNSON
Borrower

Signature _____

Print _____

Witness

Signature _____

Print _____

_____ (Seal)
Borrower

Signature _____

Print _____

Witness

Signature _____

Print _____

_____ (Seal)
Borrower

Signature _____

Print _____

Witness

Signature _____

Print _____

_____ (Seal)
Borrower

Signature _____

Print _____

- 17 -

481793-000007

Authorization Agreement for Electronic Funds Payment Processing (ACH)

GMAC Mortgage, LLC

Account No.  0602005173

(ABA) Routing Number _____    Bank Account No._____

As a convenience to me/us, I/we hereby request and authorize you to pay and charge my/our account, drafts drawn on my/our account by GMAC Mortgage, LLC, account number 0602005173, provided I/we agree that your rights regarding each such draft shall be the same as if it were a check drawn on my/our account and signed personally by me/us.

I/we understand that this account must be current to enroll in the program and remain current at all times or the program will be canceled.

I/we understand that this authorization will include any payment increase due to escrow analysis or interest rate changes and/or principal and interest changes (if applicable) throughout the life of the loan. I/we also understand that I/we will receive notification of any such change made prior to the effective date of the change.

The date I/we would like the funds drafted is _____.  Any applicable late charges will be assessed if the date selected is beyond the grace days of the loan.

I/we further agree that if any draft not be honored, whether with or without cause and whether intentionally or unintentionally, you shall be under no liability whatsoever.

Signature(s) – Depositor(s)

_____

Date Signed

_____

***** ATTACH A VOIDED CHECK OR SAVINGS DEPOSIT SLIP HERE *****

**BORROWER ACKNOWLEDGMENT**

State of ___NJ___

County of ___Mercer___

On this 27th day of _July_, 20 12, before me, the undersigned, a Notary Public in and for said county and state, personally appeared YVONNE HARRIS-JOHNSON, personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: ___2/9/2015___

LILY PETRANGELI
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 9, 2015
I.D.# 2393323

The enclosed documents must be signed (in black ink) in the presence of a Notary, and if applicable, other witnesses. We have marked the documents to indicate specifically where they must be signed. All of the documents must be executed and the signatures must match the name exactly as printed.

The loan modification will not be completed until we receive the properly executed documents. We will continue to enforce our lien until the modification is complete. If the conditions outlined above are not satisfied the modification will be withdrawn.

All outstanding late charges will be waived when the loan modification is completed.

For loans with mortgage insurance, the mortgage insurance premium may be subject to change as a result of this modification. Any change would be proportionate to the modified loan amount, including any deferred balance, and will be reflected in your next escrow analysis.

We are required to report factual information to the credit reporting agencies. Upon completion of the modification, when we next report your loan to the credit agencies, we will report your loan as modified under a federal government plan. If you fail to successfully complete the modification and your loan is not permanently modified, accurate reporting will continue including any adverse reporting.

If you have any questions, please contact your Relationship Manager, BRIAN WERNER at 1-877-928-4622 extension 2368499 between the hours of 8:00 a.m. and 9:00 p.m. central standard time Monday through Friday. If your agent is not available, one of their team members will assist you.

Loss Mitigation Department
Loan Servicing
Enclosures

M006

**Note:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Notice Regarding Bankruptcy:** If you are currently involved in a bankruptcy proceeding or have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only and is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice.

**Note:** If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with your Chapter 13 Plan and disregard this notice.

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also

have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name: Equifax Information Services LLC,
Address: P.O. Box 740241, Atlanta, GA 30374-0241
[Toll-free] Telephone number: 800-685-1111    www.equifax.com

*If you have any questions regarding this notice, you should contact:*

Creditor's name: GMAC Mortgage, LLC
Creditor's address: 3451 Hammond Avenue Waterloo, IA 50702
Creditor's telephone number: 1-877-928-4622

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

Investor Loan # 200005187
Custodian ID: A1
This document was prepared by GMAC Mortgage, LLC

**After Recording Return To:**
GMAC Mortgage, LLC
Attention: Loss Mitigation
3700 J Street SW
Suite 555
Cedar Rapids, IA 52404

_____[Space Above This Line For Recording Data]_____

# HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"): YVONNE HARRIS-JOHNSON
Lender/Servicer or Agent for Lender/Servicer ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): March 21, 2008
Loan Number: 0602005173
Property Address ("Property"): 56 TEXAS AVENUE LAWRENCE TOWNSHIP NJ 08648

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on April 04, 2008 with Instrument Number in Book 10081 and/or Page number 0968 of the real property records of MERCER County, NJ. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 56 TEXAS AVENUE LAWRENCE TOWNSHIP NJ 08648, which real property is more particularly described as follows. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender/Servicer or Agent for Lender/Servicer. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

**(Legal Description – Attached as Exhibit if Recording Agreement)**

- 4 -

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.    **My Representations.**  I certify, represent to Lender and agree:

A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

B.  I live in the Property as my principal residence, and the Property has not been condemned;

C.  There has been no change in the ownership of the Property since I signed the Loan Documents;

D.  I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents);

E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and,

F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and,

G.  I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

H.  If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents.  Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2.    **Acknowledgements and Preconditions to Modification.**  I understand and acknowledge that:

A.  TIME IS OF THE ESSENCE under this Agreement;

B.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate.  In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

C.  I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.  I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.    **The Modification.**  If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on July 01, 2012 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived.  The Loan Documents will be modified and the first modified payment will be due on July 01, 2012, *July 30, 2012*

A.  The new Maturity Date will be: June 01, 2042,

B.  The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not

- 5 -

481793-000007

previously credited to my Loan. The new Principal balance of my Note will be $329,939.37 (the "New Principal Balance").

C.   Interest at the rate of 3.750% will begin to accrue on the New Principal Balance as of June 01, 2012 and the first new monthly payment on the New Principal Balance will be due on July 01, 2012. My payment schedule for the modified Loan is as follows:   *July 30*

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 3.750% | June 01, 2012 | $1,528.00 | $291.48, may adjust periodically | $1,819.48, may adjust periodically | July 01, 2012 | June 01, 2042 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step interest rate or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D.   I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.   If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.   **Additional Agreements.** I agree to the following:

A.   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower or co-borrower are divorced and the property has been transferred to one spouse in the divorce decree which was recorded, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents; (iii) the Lender has waived this requirement in writing.

B.   That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

- 6 -

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. **Funds for Escrow Items.** I will pay to the Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments the Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lenders may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its right under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimate of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to

me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

F.  That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

G.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I.  That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer or assumption of the Loan, including this Agreement to a transferee of my property permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. Except as noted herein, this Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer or transferee of the Property.

J.  That, as of the Modification Effective Date, any provision in the Note, as amended for the assessment of a penalty for full or partial prepayment of the Note is null and void.

K.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in the first lien position and/or is fully enforceable upon modification and that if, under any circumstances and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), then the terms of this Agreement will not become effective on Modification Effective Date and the Agreement will be null and void.

L.  That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I

- 8 -

understand that either a corrected Agreement or letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

M. Mortgage Electronic Registration Systems, Inc. (MERS) is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679 MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the Borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

N. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosures of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v)any HUD certified housing counselor.

O. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this section 4.N. shall be referred to as "Documents". I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

P. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

7/27/12
Date   YVONNE HARRIS-JOHNSON

_____
Date

_____
Date

_____
Date

## BORROWER ACKNOWLEDGMENT

State of NJ

County of mercer

On this 27th day of July, 2012, before me, the undersigned, a Notary Public in and for said county and state, personally appeared YVONNE HARRIS-JOHNSON, personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _2/9/2015_

LILY PETRANGELI
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 9, 2015
I.D.# 2393323

Mortgage Electronic Registration Systems, Inc- Nominee for Lender

By: _____

    Authorized Officer

Date: _____

## LENDER ACKNOWLEDGMENT

State of IOWA
County of _____

On this ___ day of _____, _____, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____, personally known to me or identified to my satisfaction to be the person who executed the within instrument as _____ of Mortgage Electronic Registration Systems, Inc- Nominee for Lender, said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

                                _____
                                Notary Public
                                My Commission Expires: _____

FHA Case No. FR_3515059602703

# SUBORDINATE NOTE

June 29, 2012

56 TEXAS AVENUE LAWRENCE TOWNSHIP NJ 08648

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.

"Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and/or assigns.

## 2. BORROWER'S PROMISE TO PAY INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of THIRTEEN THOUSAND SIX HUNDRED DOLLARS AND SIX CENTS (U.S. $13,600.06), to the order of Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

On June 01, 2042, or if earlier, when the first of the following events occur:

(i) Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii) The maturity date of the primary Note has been accelerated, or

(iii) The Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary, or

(iv) The property is not occupied by the purchaser as his or her principal residence.

### (B) Place

Payment shall be made at the Office of the Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

- 12 -

481702 000007

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING, Borrower accepts and agrees to the terms and covenants contained in this Note.


_7/27/12_    _[signature]_ _____ (Seal)
Date                  YVONNE HARRIS-JOHNSON


_____    _____ (Seal)
Date


_____    _____ (Seal)
Date


_____    _____ (Seal)
Date

am subject to punishment.

YVONNE D. HARRIS-JOHNSON

**Dated:  September _____, 2010**

# GMAC Mortgage

May 23, 2012

Yvonne Harris-Johnson
56 Texas Avenue
Lawrence Township NJ  08648

RE:    Account Number        0602005173
       Property Address      56 Texas Avenue
                             Lawrence Township NJ  08648

Dear Yvonne Harris-Johnson:

This letter is in response to the inquiry regarding the above-referenced account dated May 7, 2012 and received in our office on May 14, 2012.

Based on your request for assistance with your monthly mortgage payments, GMAC Mortgage, LLC reviewed your financial documentation to determine your eligibility for participation in the Government's loan modification program (Home Affordable Modification Program or HAMP).

The goal of this program is to reduce your monthly mortgage payment to 31% of the gross monthly household income.  Loan modifications are designed to assist a borrower in obtaining an "affordable" monthly payment based on their financial situation.

Your account has been approved for a HAMP trial modification.  The final trial payment is due June 1, 2012 in the amount of $2,288.65.  Once the final trial payment is received we will review your account for a permanent modification.  This payment is based on the financial information we received.  If you do not believe this information is accurate, please contact your relationship manager at the number below.

We appreciate the opportunity to partner with you.  If you have any further questions regarding the account, please contact your relationship manager, Hope Belden, at 877-928-4622, select option 5, and extension number 2368275, during the hours of 8:00 am to 4:30 pm CT, Monday through Friday.

Customer Care
Loan Servicing/BD

www.gmacmortgage.com
3451 Hammond Ave
Waterloo, IA 50702

Tel: (800) 766-4622

## Fax Cover Sheet

This page should be returned to us with your completed financial analysis form.
*** please include the account number on every page of your returned package.***

To: Loss Mitigation
From: Yvonne Harris-Johnson
Fax to: 1-866-709-4744

Account Number: 0602-005173
or mail to: Loss Mitigation
233 Gibraltar Road Suite 600
Horsham, PA 19044

### All of the following information is required to determine eligibility if keeping or selling the property:

| | |
|---|---|
| ☐ Financial Analysis Form (Section 1) | ☐ Documentation to verify all of the income of each borrower. (Please see the Income Validation chart in section 5 for the type of documentation required for each type of income) |
| ☐ Hardship Affidavit (Section 8) | |
| ☐ A signed and dated Dodd-Frank/Rental Certification (if applicable) (Section 9 & 10) | ☐ A signed and dated Acknowledgement and Agreement (Section 11) |
| ☐ Documentation verifying expenses for Homeowner or Condominium Association Dues for condominiums and Co Ops on all properties. (if applicable) | ☐ Documentation confirming occupancy on your primary residence – for example, a recent utility bill in your name at the property address. |
| | ☐ A Signed and dated IRS Form 4506T-EZ (Request for transcript of Tax Return). Borrowers who filed their tax returns jointly may send in one IRS Form 4506T-EZ signed and dated by both the joint filers. This form is required even if you have not filed or are not required to file tax returns. |

### If you want to sell the property, please also include:

| | |
|---|---|
| ☐ Copy of the listing agreement | |
| ☐ Copy of the estimated Settlement Statement (HUD1), if available | ☐ Copy of the sales contract, if available |
| | ☐ Signed Third Party Authorization Form (if applicable) |

### Section 1: Borrower Information (Required)

| Borrower | Co-Borrower |
|---|---|
| Borrowers Name: Yvonne Harris-Johnson | Co-Borrowers Name: n/a |
| Social Security Number: 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  Date of Birth: 03-11-1955 | Social Security Number: n/a  Date of Birth: n/a |
| Home Phone Number With Area Code: (609) 620-1878 | Home Phone Number With Area Code: n/a |
| Cell or Work Phone Number With Area Code: (609) 433-6947 | Cell or Work Phone Number With Area Code: n/a |
| Email Address: yjohnson@trenton.k12.nj.us | Email Address: n/a |
| Mailing Address: 56 Texas Ave, Lawrenceville, NJ 08648 | |

Property Address (If Same As Mailing Address, Write Same): Same

How many single family properties other than your primary residence you or any co-borrower(s) own individually, jointly, or with others? _____
Has the mortgage on your primary residence ever had a HAMP trial period plan or permanent modification? ☐ Yes  ☐ No
Has the mortgage on any other property that you or any co-borrower own had a permanent HAMP modification? ☐ Yes  ☐ No  If "Yes" how many _____
Are you or any co-borrower currently in or being considered for a HAMP trial period plan on a property other than your primary residence? ☐ Yes  ☐ No

I want to: ☑ Keep the Property    ☐ Not Keep the Property          The property is my: ☑ Primary Residence  ☐ Second Home  ☐ Rental
The property is:  ☐ Owner Occupied    ☐ Renter Occupied    ☐ Vacant
If Owner Occupied include a recent utility bill in your name at the property address. If Renter Occupied, include a copy of the current lease agreement.
Is the property listed for sale? ☐ Yes  ☑ No If yes, Date listed: _____
Is the property for sale by owner?  ☐ Yes  ☑ No
Real Estate Agent Name: n/a                         Real Estate Agent Phone Number: n/a
Have you received an offer on the property? ☐ Yes  ☐ No If yes, Date of Offer: _____  Amount of Offer: _____
Have you filed for bankruptcy? ☑ Yes  ☐ No  If yes, what chapter did you file? ? ☑ Chapter 7  ☐ Chapter 13  Filing Date: _____
Bankruptcy Case Number: Carol Knowlton (609)-890-1500     Has your bankruptcy been discharged? ? ☑ Yes  ☐ No
If there are additional Liens/Mortgages or Judgments on this property, please name the person(s), company or firm and their telephone numbers

| Lien Holder's Name/Servicer | Balance | Contact Phone Number | Loan Number |
|---|---|---|---|
| GMAC | n/a | | |

Page 1

V050212

Borrower's Name _Yvonne Harris-Johnson_    Account Number _060200 5173_

## Section 2: Income/Expenses for Household (Required)

Include combined expenses from the borrower and co-borrower (if any).
If you include income and expenses from a household member who is not a borrower, please specify using a separate page if necessary.
If additional space is needed, please include an additional page.

### Monthly Household Income for Borrower 1 and Borrower 2

****ALL INCOME MUST BE DOCUMENTED****

You will be required to provide supporting documentation for any income you claim in this section. To determine what supporting documentation is required for each income type, please refer to the supporting documentation column below. Match the number listed in the supporting documentation column to the number listed in the Income Validation section (section 5) of this package.

| | Supporting Documentation | Borrower 1 | Borrower 2 |
|---|---|---|---|
| Gross Salary/Wages | 1 | ☐ Employed ☐ Unemployed | ☐ Employed ☐ Unemployed |
| Gross/Salary Wages = total monthly income before any tax withholding or employer deductions including part-time income. | | **Income Frequency**<br>☐ Bi-weekly ☐ Weekly<br>☐ Semi-monthly ☐ Monthly<br>☐ Other _____<br>$ _____ /monthly | **Income Frequency**<br>☐ Bi-weekly ☐ Weekly<br>☐ Semi-monthly ☐ Monthly<br>☐ Other _____<br>$ _____ /monthly |
| Tips, commissions, housing allowance and/or bonus income. | 2 | **Income Frequency**<br>☐ Bi-weekly ☐ Weekly<br>☐ Semi-monthly ☐ Monthly<br>☐ Other _____ | **Income Frequency**<br>☐ Bi-weekly ☐ Weekly<br>☐ Semi-monthly ☐ Monthly<br>☐ Other _____ |
| Self Employed | 3 | $ /monthly | $ /monthly |
| Unemployment Income | 4 | $ /monthly | $ /monthly |
| Child Support Income/Alimony Income<br>*You are not required to disclose Child Support, Alimony, or Separate Maintenance Income, unless you choose to have it considered. | 5 | $ /monthly | $ /monthly |
| Social Security, Disability, Death Benefits, or Pension | 6<br>For short term disability use 7 | $ /monthly<br>If entering income for disability select one of the following<br>☐ Long Term ☐ Short Term | $ /monthly<br>If entering income for disability select one of the following<br>☐ Long Term ☐ Short Term |
| Other monthly income from Pensions, annuities, or Retirement plans. | 6 | $ /monthly | $ /monthly |
| Rental income from investment property | 8 | $ /monthly | $ /monthly |
| Rental income from room rent of primary residence | 9 | $ /monthly | $ /monthly |
| Contribution income from person(s) residing at the property. | 10 | $ /monthly | $ /monthly |
| Public assistance (Food Stamps, Welfare, etc.) | 10 | $ /monthly | $ /monthly |
| Other (Investment income, royalties, interest, dividends, trusts, etc) | 11 | $ /monthly | $ /monthly |
| **Total Income (Gross)** | | $ /monthly | $ /monthly |

### Monthly Living Expenses (Primary Residence Expenses Only)

****Please make sure that all monthly expenses are broken down to a monthly amount.****

| | Borrower 1 | Borrower 2 | | Borrower 1 | Borrower 2 |
|---|---|---|---|---|---|
| Primary First Mortgage Payment | $ | $ | Medical Expenses | $ | $ |
| Primary Second Mortgage Payment | $ | $ | Out of pocket medical insurance premiums (not deducted from your paycheck) | $ | $ |
| Other Mortgage Payments | $ | $ | HOA/Condo Fees | $ | $ |
| Alimony Payments | $ | $ | Credit Card(s)/Installment Loans | $ | $ |
| Child Support Payments | $ | $ | Food/Household Supplies | $ | $ |
| Dependant Care Payment | $ | $ | Utilities/Water/Sewer/Phone(s)/Cable | $ | $ |
| Liens/Rents | $ | $ | Donations | $ | $ |
| Personal Loans/Student Loans | $ | $ | Property Taxes (if not escrowed) | $ | $ |
| Auto Loans/Lease | $ | $ | Insurance – Hazard, wind, flood, etc. (if not escrowed) | $ | $ |
| Auto Expenses (gas, maintenance, insurance, etc.) | $ | $ | Other | $ | $ |
| **Please add columns 1 & 2 together for each borrower) Total Debt/Expenses** | | | | $ | $ |

### Household Assets

| | | | |
|---|---|---|---|
| Estimated Value of your primary property | $ | IRA/Keogh | $ |
| Estimated Value of Other Real Estate Owned | $ | 401K/ESOP Account(s) Balance | $ |
| Checking Account Balance | $ | Stocks/Bonds/CDs Balance | $ |
| Savings Account Balance | $ | Other Investments | $ |
| Life Insurance Cash Value | $ | **Total Assets** | $ |

V050212

Borrower's Name _Yvonne Harris-Johnson_    Account Number _0602005173_

## Section 3: 3 Month Self Employment Income Statement (Profit and Loss Form)
### (Required only if you are self-employed or a 1099 wage earner)

For each borrower who is self-employed a Profit and Loss Statement is required for each business.  If a Borrower has more than one business, we require a Profit and Loss Form for each business.  The example document may be used to supply the required information.

Company Name _____

| Month and Year must be indicated. Use most recent consecutive months. | Month 1 Month____ Year____ | Month 2 Month____ Year____ | Month 3 Month____ Year____ | Percentage of ownership (if left blank, we will consider it 100% ownership.) Total Month____ Year____ |
|---|---|---|---|---|
| Gross Profit | $ | $ | $ | $ |
| Operating Expenses | | | | |
| Advertising | $ | $ | $ | $ |
| Amortization | $ | $ | $ | $ |
| Auto Expenses | $ | $ | $ | $ |
| Bank Charges | $ | $ | $ | $ |
| Depreciation | $ | $ | $ | $ |
| Dues & Subscriptions | $ | $ | $ | $ |
| Employed Benefits | | $ | | $ |
| Insurance | $ | $ | $ | $ |
| Interest | $ | $ | $ | $ |
| Office Expenses | $ | $ | $ | $ |
| Payroll Taxes | $ | $ | $ | $ |
| Rent | $ | $ | $ | $ |
| Repairs & Maintenance | $ | $ | $ | $ |
| Salaries & Wages for Yourself | $ | $ | | $ |
| Salaries & Wages for Employees | $ | $ | $ | $ |
| Supplies | | $ | | $ |
| Taxes & Licenses | $ | $ | $ | $ |
| Telephone | $ | $ | $ | $ |
| Utilities | $ | $ | $ | $ |
| Other | $ | $ | $ | $ |
| Total Operating Expenses | | | | $ |
| Income Taxes | $ | $ | $ | $ |
| Net Profit | $ | $ | $ | $ |

## Section 4: Investment Property Schedule (Required only if you have investment (rental) properties)

For each borrower who receives rental income from an investment property an Investment Property Schedule is required.  If additional space is needed, please include an additional page with the same information listed below.

| Property Number | Property Street Address | Property City, Sate, and Zip Code | Number of Units (1,2,3,4, or 5+) | Status Circle All That Apply R- Rented V- Vacant PS- Pending Sale F- Foreclosure | Gross Monthly Rental Income | Monthly Mortgage Payment ( excluding taxes and insurance) | Monthly Insurance | Monthly Taxes | Monthly HOA/ Condo Dues (if applicable) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | R  V  PS  F | | | | | |
| 2 | | | | R  V  PS  F | $ | $ | $ | $ | $ |
| 3 | | | | R  V  PS  F | $ | $ | $ | $ | $ |
| 4 | | | | R  V  PS  F | $ | $ | $ | $ | $ |
| 5 | | | | R  V  PS  F | $ | $ | $ | $ | $ |
| Totals | | | | | $ | $ | $ | $ | $ |

V050212

| REQUEST FOR MORTGAGE ASSISTANCE (RMA) page 3 | COMPLETE ALL FOUR PAGES OF THIS FORM |

## DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). **You are required to furnish this information.** The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program, authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 et seq.), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I/we certify under penalty of perjury that I/we have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction:

   (a) felony larceny, theft, fraud, or forgery,
   (b) money laundering or
   (c) tax evasion.

I/we understand that the servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I/we have not been convicted of such crimes. I/we also understand that knowingly submitting false information may violate Federal law.

This certification is effective on the earlier of the date listed below or the date received by your servicer.

## ACKNOWLEDGEMENT AND AGREEMENT

*In making this request for consideration under the Making Home Affordable Program, I certify under penalty of perjury:*

1.   That all of the information in this document is truthful and the event(s) identified on page 1 is/are the reason that I need to request a modification or forbearance of the terms of my mortgage loan, short sale or deed-in-lieu of foreclosure.

2.   I understand that the Servicer, the U.S. Department of the Treasury, or their agents may investigate the accuracy of my statements, and may require me to provide supporting documentation. I also understand that knowingly submitting false information may violate Federal law.

3.   I understand the Servicer will pull a current credit report on all borrowers obligated on the Note.

4.   I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this document, the Servicer may cancel any Agreement under Making Home Affordable and may pursue foreclosure on my home.

5.   That I have not received a condemnation notice, there has been no change in the ownership of the Property since I signed the documents for the mortgage that I want to modify, and:

   (a)   for consideration for the Home Affordable Modification Program (HAMP) or unemployment assistance, my property is owner-occupied and I intend to reside in this property for the next twelve months, or

   (b)   for consideration for the Home Affordable Foreclosure Alternatives Program (HAFA), my property has been owner-occupied within the last twelve months.

6.   I am willing to provide all requested documents and to respond to all Servicer questions in a timely manner.

7.   I understand that the Servicer will use the information in this document to evaluate my eligibility for a loan modification or forbearance or short sale or deed-in-lieu of foreclosure, but the Servicer is not obligated to offer me assistance based solely on the statements in this document.

8.   I am willing to commit to credit counseling if it is determined that my financial hardship is related to excessive debt.

9.   I understand that the Servicer will collect and record personal information, including, but not limited to, my name, address, telephone number, Social Security Number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of any Making Home Affordable Agreement by Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services in conjunction with Making Home Affordable; and (e) any HUD-certified housing counselor.

The undersigned certifies/y under penalty of perjury that all statements in this document are true and correct.

| _Borrower Signature_ | 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 | 03/11/1955 | 06/19/2012 |
| | Social Security Number | Date of Birth | Date |

| Co-borrower Signature | | | |
| | Social Security Number | Date of Birth | Date |

Borrower's Name _Yvonne Harris-Johnson_

Account Number _0602005173_

## Section 8: Hardship Affidavit (Required)

I am having difficulty making my monthly payment because of financial difficulties created by (Please check all that apply):

Please do not send medical information. As required by law, we are prohibited from obtaining or using medical information (e.g. diagnosis, treatment or prognosis) in connection with your eligibility or continued eligibility for credit. We will not use it when evaluating your request and it will not be retained.

| | | | | | |
|---|---|---|---|---|---|
| ☐ Borrower Death | ☐ Death of Family Member | ☑ Military Service | ☑ Payment Adjustment |
| ☐ Illness of Borrower | ☐ Illness of Family Member | ☐ Inability to Sell Property | ☐ Inability to Rent Property |
| ☐ Tenant not Paying | ☑ Reduction of Income | ☐ Bankruptcy Filed | ☐ Unemployment |
| ☐ Marital Difficulties (Examples include going through a legal separation or filing for divorce) | ☐ Excessive Financial Obligations (Examples may be large medical expenses, credit card debt, or college tuition payments) | ☐ Business Failure (Examples would be loss of business income) | ☐ Ownership Transfer is Pending (If the home is in the process of being sold) |
| ☐ Incarceration (Sentenced to a city, county, state, or federal jail) | ☑ Property Problem (Anything that may be defective about the property such as a costly repair that needs to be made) | ☐ Casualty Loss (Unexpected event such as hurricane, flood, or earthquake that damages the property) | ☐ Other |

If selecting more then one of the boxes above, indicate the primary hardship. _Reduction of Income_

Has the reason for your hardship been resolved? (circle one) Yes/No

We understand that times are tough. For us to better understand your current situation please explain your hardship in detail in the lines provided below. An explanation is required.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

If additional space is needed for explanation, please include an additional page

V050212

Borrower's Name *Yvonne Harris-Johnson*       Account Number *0602005173*

## Section 11. Acknowledgement and Agreement (Required)

In making this request for consideration to review my loan terms I/we certify under penalty of perjury

1. That all of the information in this document is truthful and the event(s) identified is/are the reason that I/we need to request a modification of the terms of my/our mortgage loan, short sale, or deed-in-lieu of foreclosure.

2. I/we understand that the Servicer, the U.S. Department of the Treasury, owner or guarantor of my mortgage, or its agents may investigate the accuracy of my/our statements and /or may require me/us to provide supporting documentation. I/we also understand that knowingly submitting false information may violate Federal law.

3. I/we understand the servicer will obtain a current credit report on all borrowers obligated on the Note.

4. I/we understand that if I/we have intentionally defaulted on my/our existing mortgage or any mortgage relief granted and my pursue foreclosure on my/our home. document, the servicer may cancel any Agreement under Making Home Affordable or any mortgage relief granted and my pursue foreclosure on my/our home.

5. I/we understand any fee to validate the value of the property will be assessed to the account.

6. I/we have not received a condemnation notice, and there has been no change in the ownership of the Property since I/we signed the documents for the mortgage that I/we want to modify.

7. I/we certify that I/we will obtain credit counseling if it is determined that my/our financial hardship is related to excessive debt. For purposes of the Making Home Affordable program "excessive debt" means that our debt-to-income ratio after the modification would be greater than or equal to 55%.

8. If I am eligible for a trial period plan, repayment plan, or forbearance plan, and I accept and agree to all terms of such plan, I also agree that the terms of the determination and notification of my eligibility or prequalification for a trial period plan, repayment plan, or forbearance plan (when applicable) will serve as Acknowledgement and Agreement are incorporated into such plan by reference as if set forth in such plan in full. My first timely payment following my Servicer's acceptance of the terms set forth in the notice sent to me that sets forth the terms and conditions of the trial period plan, repayment plan ,or forbearance plan.

9. I/we agree that when the Servicer accepts and posts a payment during the term of any repayment plan, trial period plan, or forbearance plan it will be without prejudice to, and will not be deemed a waiver of, the acceleration of my loan or foreclosure action and related activities shall not constitute a cure of my default under my loan unless such payments are sufficient to completely cure my entire default under my loan.

10. I/we am willing to provide all requested documents and to respond to all Servicers questions in a timely manner.

11. I/we understand that the Servicer will use the information in this document to evaluate my/our eligibility for a loan modification or short sale or deed-in-lieu of foreclosure, but the Servicer is not obligated to offer me/us assistance based solely on the statements in this document.

12. I/we agree that my rightful waiver as to payment of escrow items in connection with my/our loan has been revoked.

13. I/we agree to the establishment of an escrow account and the payment of escrow items if an escrow account never existed on the loan.

14. I/we understand that the Servicer will collect and record personal information, including, but not limited to, my/our name, address, telephone number, social security number, credit score, income payment history, government monitoring information, and information about account balances and activity. I/we understand and consent to the disclosure of my/our personal information and the terms of any Making Home Affordable Agreement by Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner affordability and Stability Plan; (c) any investor, insurer, guarantor, or servicer that owns, insures, guarantees or services my/our first lien on subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services in conjunction with Making Home Affordable; and (e) any HUD certified housing counselor.

15. I/we agree that to be considered for the Making Home Affordable program , or any other program, all required documentation must be received no later than 7 business days prior to the scheduled foreclosure sale date.

16. NOTICE TO TEXAS BORROWERS: If the loan you are requesting to modify is a Texas Home Equity Loan or Line of Credit, your loan does not qualify to be modified. However, please proceed with submitting your final information so that we can examine your financials situation and determine if there is a repayment program available to you in order to prevent foreclosure.

17. I/we understand the Servicer will not refer the account to foreclosure or conduct the foreclosure sale if already referred, while it is being reviewed for the Making Home Affordable program unless required by your investor. The review will not begin until all required documentation is received.

18. I/we consent to being contacted, concerning this request for mortgage assistance at any cellular or mobile telephone number I have provided to the Lender. This includes text messages and telephone calls to my cellular or mobile telephone.

Please check one of the following before signing:

☐ My/Our property is owner occupied/we intend to reside in this property for the next twelve months.
☐ My/Our property is not owner occupied.



888-995-HOPE
Homeowner's HOPE Hotline

**← SIGN/DATE HERE →**

*Yvonne D. Harris Johnson*  6/22/12
Primary Borrower Signature       Date

_____   _____
Secondary Borrower Signature       Date

If you have questions about this document or the modification process, please call us at the phone number listed on your monthly account statement. If you need further counseling, you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.

NOTICE TO BORROWERS

Be advised that you are signing the following documents under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy in your home, hardship circumstances, and/or income will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution.

By signing the enclosed documents you certify, represent and agree that:
"Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.

V050212

Yvonne D. Harris-Johnson

56 Texas Ave

Lawrenceville, NJ 08648

(609)620-1878

June 10, 2012

RE: GMAC Mortgage

  Account Number: 0602005173:

  NACA ID: N1319235N

Dear GMAC Mortgage Supervisor,

As of June 8, 2012, I have not received a response to my concerns regarding the March 22, 2012 letter directed to Hope Belden, GMAC Mortgage Relationship Manager;

Due to the seriousness of my issues for; "Home Affordable Modification Program and the fact my home is considered to be "Under the Water", Hope Belden have not answered any of my concerns, and therefore I **am requesting a new assign, GMAC Mortgage Relationship Manager.**

I have sent all the required documentation for the "Home Affordable Modification Program". I have also sent a few letters questioning, (the "Workout Plan"), which as of this date have **not** been answered. I continue to wait for a reply from Consumer Protection, which Ms. Belden has not responded.

I feel a new person assigned to my case will give me the support and answers to move forward to an affordable mortgage. It is my hopes and prayers that I can remain in my home, which I have maintain the mortgage with no late payments for the past 10 years. It has only been in the last year that I have experienced financial hardship.

I am including the last requested information for your review. I would greatly appreciate a response within the next (7) seven to (10) ten business days. I do not want to sound pushy; however time is at the essence.

I look to you for answers and a new assigned, **GMAC Mortgage Relationship Manager.**

Sincerely,

Yvonne D. Harris-Johnson

CC: NACA

  C. Knowlton. Esq.

Consumers Protection

President Obama, Home Keeper Program

Investor Loan # 200005187

# HOME AFFORDABLE MODIFICATION PROGRAM
# LOAN WORKOUT PLAN
# (Step One of Two-Step Documentation Process)

Loan Workout Plan Effective Date: April 01, 2012
Borrower ("I") : YVONNE HARRIS-JOHNSON
Lender ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): March 21, 2008
Loan Number: 0602005173
Property Address ("Property"): 56 TEXAS AVENUE  LAWRENCE TOWNSHIP, NJ 08648



If I am in compliance with this Loan Workout Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Loan Modification Agreement ("Modification Agreement"), Subordinate Mortgage and Subordinate Note, as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents."

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return the Plan to the Lender, I will be notified if I do not qualify for the Offer.

1.   **My Representations.** I certify, represent to Lender and agree:



   A.   I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am in default, and (ii) I do not have access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B.   I live in the Property as my principal residence, and the Property has not been condemned;

   C.   There has been no change in the ownership of the Property since I signed the Loan Documents;

   D.   I am providing or already have provided documentation for **all** income that I receive (except that I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);

   E.   Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and

   F.   If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Plan.

2.   **The Loan Workout Plan.** On or before each of the following due dates, I will pay the Lender the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

(where not prohibited by law), including real estate taxes, insurance premiums and other fees, if any, of U.S. $291.48.

| | | |
|---|---|---|
| 1. | April 01, 2012 | $2,288.65 |
| 2. | May 01, 2012 | $2,288.65 |
| 3. | June 01, 2012 | $2,288.65 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period (the "Trial Period") commencing on the date of this Plan and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A.  TIME IS OF THE ESSENCE under this Plan;

B.  Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived unless prohibited by law;



C.  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the lender may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;

D.  The Lender will hold the payments received during the Trial Period in a non-interest bearing account. If there is any remaining money after such payment is applied, it will be credited to reduce the amount past due;

E.  If prior to the Modification Effective Date, (i) the Lender does not provide the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

F.  I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, and (ii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

3.  **The Modification, Subordinate Mortgage and Subordinate Note.** I understand that once Lender is able to determine the final amounts of unpaid principal and interest and any other delinquent amounts (except late charges) to be included in the Subordinate Mortgage and Subordinate Note and after deducting any remaining money held at the end of the Trial Period under Section 2.D. above, the Lender will determine the new payment amount. If I comply with the requirements in Section 1 and my representations in Section 1 continue to be true in all material respects, the Lender will send me a Modification Agreement, Subordinate Mortgage and Subordinate Note for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date.



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-8000

OFFICE OF HOUSING

Yvonne D. Harris-Johnson                    JUL - 6 2012
56 Texas Avenue
Lawrenceville, NJ 08648-3709

Dear Ms. Harris-Johnson:

Thank you for your recent letter of May 7, 2012 in which you requested assistance with a Home Affordable Modification Program (HAMP) loan from GMAC Mortgage LLC.

The Department has been in communication with GMAC Mortgage LLC (GMAC) regarding your loan. The loan is currently due for the payments from December 1, 2011 (7 months). Federal Housing Administration (FHA) HAMP trial payments were due April 1, 2012, May 1, 2012 and June 1, 2012. The mortgage company reports that you have successfully completed the third payment on the FHA HAMP trial in the amount of $2,288.65. At this time the file is pending the preparation of the Partial Claim and Loan Modification documents to finalize your application under the program.

FHA HAMP is designed to help FHA-insured borrowers who meet HAMP eligibility requirements to avoid foreclosure by permanently reducing their monthly mortgage payment through the use of a Partial Claim. Under the partial claim option, lenders are authorized to advance funds on behalf of a borrower, to reinstate a delinquent loan that is up to 12 months delinquent, bringing the mortgage current. The Partial Claim defers the repayment of mortgage principal through an interest-free subordinate mortgage that is due in full to the U.S. Department of Housing and Urban Development when the loan is paid off.

HAMP will allow HUD to bring eligible FHA borrowers' payments down to an affordable level of 31% of their gross monthly income. This will be accomplished by, buying down the loan by up to 30 percent of the unpaid principal balance and deferring these amounts in a Partial Claim.

The Loan Modification portion takes the new principal balance after the Partial Claim has been applied and reduces the current interest rate to market rate as outlined in regulations, and extends the loan back out to a 30-year note.

If you have any questions, you may contact Jena Jackson, Executive Account Manager with GMAC at (800) 627-0128. Please let me know if you need any additional information.

The Department hopes that this information is helpful to you.

Sincerely,

Elliott M. Johnson, Jr.
Housing Program Officer
Single Family Asset Management & Disposition Division

140352
ZUCKER, GOLDBERG & ACKERMAN
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

| | |
|---|---|
| **Ocwen Loan Servicing, LLC** | : **SUPERIOR COURT OF NEW JERSEY** |
| Plaintiff | : **CHANCERY DIVISION** |
| **vs.** | : **MERCER** COUNTY |
| | : DOCKET NO. **F-027529-13** |
| **Yvonne Harris-Johnson; et al** | : |
| Defendant | : |
| | : _Civil Action_ |
| | : |
| | : **SUMMONS** |
| | : |

**FROM THE STATE OF NEW JERSEY**
To Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The **Complaint** attached to this summons states the basis for this lawsuit. If you dispute this **Complaint** you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within **35** days from the date you received this summons, not counting the date you received it. A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within **35** days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_Elisabeth Ann Strom_
ELISABETH ANN STROM, ACTING CLERK OF THE
SUPERIOR COURT OF NEW JERSEY

DATED : 08/08/2013
Yvonne Harris-Johnson
56 TEXAS AVENUE  LAWRENCE TOWNSHIP  LAWRENCEVILLE, NJ 08648

262 BELLEVUE AVENUE  TRENTON, NJ 08618

1-1 CARRIAGE STOP PLACE   FLORENCE, NJ 08518

RECEIVED 12-12020-mg   Doc 5034   Filed 09/09/13   Entered 09/12/13 15:16:49   Main Document
MONDAY 8/5/2013 3:25:21 PM 10783847 Pg 47 of 70

FILED Aug 05, 2013

XCZ-140352/swo
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | |
|---|---|
| Ocwen Loan Servicing, LLC | : SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION |
| | : MERCER COUNTY |
| Plaintiff, | : DOCKET NO. |
| vs. | : |
| | : |
| Yvonne Harris-Johnson and Joseph Johnson, her | : |
| husband, each of their heirs, devisees, and personal | : Civil Action |
| representatives, and his, her, their or any of their | : |
| successors in right, title and interest; Midland | : COMPLAINT F-027529-13 |
| Funding LLC; United States of America; | : FOR |
| | : FORECLOSURE |
| Defendant(s) | |

Ocwen Loan Servicing, LLC, (hereinafter "plaintiff"), located at 1000 Virginia Drive, Fort Washington, PA 19034 says:

## FIRST COUNT

1.    On March 21, 2008, Yvonne Harris-Johnson executed to Atlantic Pacific Mortgage Corporation a Note (hereinafter "Note") securing the sum of $356,772.00, payable on April 1, 2038 with the initial interest rate of 6.000% per annum. The Plaintiff is the holder of the Note.

2.    To secure the payment of the Note, Yvonne Harris-Johnson, single woman, executed to Mortgage Electronic Registration Systems, Inc. as nominee for Atlantic Pacific Mortgage Corporation, a Mortgage (hereinafter "Mortgage") dated March 21, 2008, and thereby mortgaged to Mortgage Electronic Registration Systems, Inc. as nominee for Atlantic Pacific Mortgage Corporation in fee the land hereinafter described (hereinafter "Mortgaged Premises"). Said Mortgage was duly recorded on April 4, 2008, in the Office of the Clerk of Mercer County, in Mortgage Book 10081, Page 968. The Mortgage is not a Purchase Money Mortgage.

3.    The legal description of the Mortgaged Premises is described on the Schedule annexed hereto and made a part hereof.

140352

ZUCKER, GOLDBERG & ACKERMAN
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

| | |
|---|---|
| Ocwen Loan Servicing, LLC | : SUPERIOR COURT OF NEW JERSEY |
|   Plaintiff | : CHANCERY DIVISION |
| vs. | : MERCER COUNTY |
| | : DOCKET NO. F-027529-13 |
| Yvonne Harris-Johnson; et al | : |
|   Defendant | : |
| | : _Civil Action_ |
| | : |
| | : SUMMONS |

**FROM THE STATE OF NEW JERSEY**
**To Defendant(s) Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The **Complaint** attached to this summons states the basis for this lawsuit. If you dispute this **Complaint** you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

_Elisabeth Ann Strom_

ELISABETH ANN STROM, ACTING CLERK OF THE
SUPERIOR COURT OF NEW JERSEY

ATED : 08/08/2013
vonne Harris-Johnson
3 TEXAS AVENUE  LAWRENCE TOWNSHIP  LAWRENCEVILLE, NJ 08648

i2 BELLEVUE AVENUE  TRENTON, NJ 08618

-1 CARRIAGE STOP PLACE  FLORENCE, NJ 08518

FILED Aug 05, 2013

XCZ-140352/swo
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | |
|---|---|
| Ocwen Loan Servicing, LLC | : SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION |
| | : MERCER COUNTY |
| Plaintiff, | : DOCKET NO. |
| vs. | : |
| | : |
| Yvonne Harris-Johnson and Joseph Johnson, her | : Civil Action |
| husband, each of their heirs, devisees, and personal | : |
| representatives, and his, her, their or any of their | : COMPLAINT F-027529-13 |
| successors in right, title and interest; Midland | : FOR |
| Funding LLC; United States of America; | : FORECLOSURE |
| | : |
| Defendant(s) | |

Ocwen Loan Servicing, LLC, (hereinafter "plaintiff"), located at 1000 Virginia Drive, Fort Washington, PA 19034 says:

**FIRST COUNT**

1.      On March 21, 2008, Yvonne Harris-Johnson executed to Atlantic Pacific Mortgage Corporation a Note (hereinafter "Note") securing the sum of $356,772.00, payable on April 1, 2038 with the initial interest rate of 6.000% per annum.  The Plaintiff is the holder of the Note.

2.      To secure the payment of the Note, Yvonne Harris-Johnson, single woman, executed to Mortgage Electronic Registration Systems, Inc. as nominee for Atlantic Pacific Mortgage Corporation, a Mortgage (hereinafter "Mortgage") dated March 21, 2008, and thereby mortgaged to Mortgage Electronic Registration Systems, Inc. as nominee for Atlantic Pacific Mortgage Corporation in fee the land hereinafter described (hereinafter "Mortgaged Premises").  Said Mortgage was duly recorded on April 4, 2008, in the Office of the Clerk of Mercer County, in Mortgage Book 10081, Page 968.  The Mortgage is not a Purchase Money Mortgage.

3.      The legal description of the Mortgaged Premises is described on the Schedule annexed hereto and made a part hereof.

140352
ZUCKER, GOLDBERG & ACKERMAN
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

| | |
|---|---|
| Ocwen Loan Servicing, LLC | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | : CHANCERY DIVISION |
| vs. | : **MERCER** COUNTY |
| | : DOCKET NO. **F-027529-13** |
| Yvonne Harris-Johnson; et al | : |
| Defendant | : |
| | : <u>Civil Action</u> |
| | : |
| | : **SUMMONS** |
| | : |

**FROM THE STATE OF NEW JERSEY**
**To Defendant(s) Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The **Complaint** attached to this summons states the basis for this lawsuit. If you dispute this **Complaint** you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within **35** days from the date you received this summons, not counting the date you received it. A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf. If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within **35** days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Elisabeth Ann Strom*
ELISABETH ANN STROM, ACTING CLERK OF THE
SUPERIOR COURT OF NEW JERSEY

DATED : 08/08/2013
Yvonne Harris-Johnson
56 TEXAS AVENUE  LAWRENCE TOWNSHIP  LAWRENCEVILLE, NJ 08648

262 BELLEVUE AVENUE  TRENTON, NJ 08618

1-1 CARRIAGE STOP PLACE  FLORENCE, NJ 08518

RECEIVED    MONDAY 8/5/2013 3:25:21 PM 10763847

FILED Aug 05, 2013

XCZ-140352/swo
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | | |
|---|---|---|
| Ocwen Loan Servicing, LLC | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CHANCERY DIVISION |
| | : | MERCER COUNTY |
| Plaintiff, | : | DOCKET NO. |
| vs. | : | |
| | : | Civil Action |
| Yvonne Harris-Johnson and Joseph Johnson, her husband, each of their heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest; Midland Funding LLC; United States of America; | : | COMPLAINT 087529-13 |
| | : | FOR |
| | : | FORECLOSURE |
| | : | |
| Defendant(s) | | |

Ocwen Loan Servicing, LLC, (hereinafter "plaintiff"), located at 1000 Virginia Drive, Fort Washington, PA 19034 says:

## FIRST COUNT

1.    On March 21, 2008, Yvonne Harris-Johnson executed to Atlantic Pacific Mortgage Corporation a Note (hereinafter "Note") securing the sum of $356,772.00, payable on April 1, 2038 with the initial interest rate of 6.000% per annum. The Plaintiff is the holder of the Note.

2.    To secure the payment of the Note, Yvonne Harris-Johnson, single woman, executed to Mortgage Electronic Registration Systems, Inc. as nominee for Atlantic Pacific Mortgage Corporation, a Mortgage (hereinafter "Mortgage") dated March 21, 2008, and thereby mortgaged to Mortgage Electronic Registration Systems, Inc. as nominee for Atlantic Pacific Mortgage Corporation in fee the land hereinafter described (hereinafter "Mortgaged Premises"). Said Mortgage was duly recorded on April 4, 2008, in the Office of the Clerk of Mercer County, in Mortgage Book 10081, Page 968. The Mortgage is not a Purchase Money Mortgage.

3.    The legal description of the Mortgaged Premises is described on the Schedule annexed hereto and made a part hereof.

## SCHEDULE A- Legal Description

ALL the following described property located in the Township of Lawrence, County of Mercer, State of New Jersey:

COMMONLY known as 56 Texas Avenue, Lawrence, NJ  08648, with a mailing address of 56 Texas Avenue, Lawrenceville, NJ 08648.

BEING also known as Lot 17 fka 4, Block 2005 fka 193 on the tax map of the Township of Lawrence.

The following is a metes and bounds legal description as found in the Mortgage:

ALL THAT CERTAIN tract or parcel of land and premises lying, being and situate in Lawrence Township, County of Mercer, and State of New Jersey being more particularly described as follows:

BEGINNING at a point at the northerly right of way line of Texas Avenue (50 feet (S)-Tax Map), said point distant easterly 25 feet as measured along the aforesaid line extended from the intersection of the extended right of way line of Glen Avenue (30 feet from centerline -Tax Map) and running;

1) In a easterly direction, 70 feet along the northerly right of way line of Texas Avenue to a point;

2) In a northerly direction and forming an interior angle of 90 degrees from the last mentioned line, 100 feet to a point;

3) In a westerly direction and forming an interior angle of 90 degrees from the last mentioned line , 95 feet to the easterly right of way line of Glen Avenue;

4) In a southerly direction and forming an interior angle of 90 degrees from the last mentioned line, 75 feet to an angle point;

5) In a southeasterly direction and forming an interior angle of 135 degrees from the last mentioned line, 35.35 feet to the point of beginning.

BEING premises No. 56 Texas Avenue.

Block: 2005, Lot: 17

4.    The Mortgage has been assigned as follows:

a.    By assignment of mortgage dated October 9, 2012 from Mortgage Electronic Registration Systems, Inc. as nominee for Atlantic Pacific Mortgage Corporation, its successors and assigns to GMAC Mortgage, LLC. Said assignment was duly recorded on October 12, 2012 in the Office of the Clerk of Mercer County in Assignment Book A1157 at Page 1508.

b.    By assignment of mortgage dated March 19, 2013 from GMAC Mortgage, LLC to Ocwen Loan Servicing, LLC Plaintiff herein Said assignment was recorded on March 27, 2013 in the Office of the Clerk of Mercer County in Assignment Book A1159 at Page 1220.

5.    The Note contains a provision that says that if the obligor commits an act of default the entire amount due on the Note may be demanded. After the default herein the entire amount due on the loan has been accelerated.

6.    The obligor(s) has/have failed to make the installment payment when same became due and payable. Therefore the loan is in default as of March 1, 2012.

7.    As a result of said default, plaintiff hereby elects and declares that the whole unpaid principal sum due on the Note and Mortgage, along with all unpaid interest, advances, fees and costs, shall be accelerated and is now due and payable.

8.    The Note and Mortgage do not contain a prepayment penalty.

9.    The following defendants are joined herein because they are either the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises, or because they are the holder of a legal and equitable interest in the Mortgaged Premises which is subordinate to plaintiff's Mortgage lien:

a.    On 02/24/2010 Yvonne D. Harris-Johnson conveyed the property to **Joseph Johnson and Yvonne D. Harris-Johnson**. Said Deed was recorded on 02/24/2010 in Deed Book 6041 Page 719 Mercer County records.

b.    **Midland Funding LLC** is made a party defendant to this foreclosure action by reason of the following judgment(s) entered in the Office of the Clerk of the Superior Court of New Jersey, recovered against plaintiff's mortgagor(s) and/or record owners of the property.

13.    Plaintiff has complied with the Fair Foreclosure Act N.J.S.A. 2A:50-53, et seq., by serving the required Notice of Intention to Foreclose at least 30 days in advance of filing of this complaint.

**WHEREFORE**, the plaintiff demands judgment:

(a)    Fixing the amount due on the Mortgage;

(b)    Barring and foreclosing the defendants and each of them of all equity of redemption in and to the Mortgaged Premises;

(c)    Directing that plaintiff be paid the amount due as provided in the Mortgage, together with interest, fees, costs and advances;

(d)    Adjudging that the Mortgaged Premises be sold according to law to satisfy the amount due to plaintiff on the Mortgage; and

(e)    Appointing a receiver of the rents, issues and profits of the Mortgaged Premises.

## SECOND COUNT

1.    Plaintiff hereby repeats, re-alleges, and incorporates the allegations set forth in the First Count of the Complaint, as if set forth herein at length.

2.    By the terms of the Note and Mortgage, plaintiff is entitled to possession of the Mortgaged Premises and all appurtenances.

3.    The Mortgagor(s) and Obligor(s) named herein has or may claim to have certain rights in the Mortgaged Premises, and by reason thereof, has or have deprived plaintiff of possession of the Mortgaged Premises.

**WHEREFORE**, plaintiff demands judgment against the defendants, except those protected by N.J.S.A. 2A:18-61.1, et. seq.:

(a)    for possession of the Mortgaged Premises in favor of plaintiff or its assignee or designee, which right to possession shall be transferred to the successful purchaser at the foreclosure sale;

(b)    for costs.

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

By: *Monika S. Pundalik*

MONIKA S. PUNDALIK, ESQ.
FOR THE FIRM

Dated: May 22, 2013

EXHIBIT A

MERCER COUNTY CLERK'S OFFICE

RETURN TO:                              Index    FED TX LIEN & RELS
        IRS                             Book     00208    Page    0202
        P O BOX 145595                  No. Pages    0002
        CINCINNATI        OH 45250      Instrument    FEDL TAX LIEN
                                        Date :    7/09/2010
                                        Time :    10:34:34
HARRIS                                  Control #    261997026261
YVONNE                                  INST#        FD 2010 015514
LKS                       v

                                        Employee ID    REKAU

FILED DOC      $        8.00
FILED DOC      $       12.00
DASH #3        $        3.00
MIPRPA         $        2.00
               $         .00
               $         .00
               $         .00
               $         .00
Total:         $       25.00
STATE OF NEW JERSEY
MERCER COUNTY CLERK'S OFFICE
*********PLEASE NOTE*************************
* DO NOT REMOVE THIS COVER SHEET ^         *
*IT CONTAINS ALL RECORDING INFORMATION     *
********************************************
            Paula Sollami-Covello
            County Clerk

Form 668 (Y)(c)
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #2
(201) 555 Phone: (800) 829-3903

Serial Number
871625418

For Optional Use by Recording Office

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  EVERNS V HARRIS

Residence  PO BOX 1358
PRINCETON, NJ 08542-1358

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2000 | XXX-XX-2201 | 02/14/2005 | 03/18/2015 | 453.39 |
| 1040 | 12/31/2002 | XXX-XX-2201 | 02/27/2005 | 03/09/2015 | 659.22 |
| 1040 | 12/31/2004 | XXX-XX-2201 | 03/02/2009 | 04/01/2019 | 30626.90 |
| 1040 | 12/31/2005 | XXX-XX-2201 | 12/14/2009 | 01/13/2020 | 3848.07 |
| 1040 | 12/31/2006 | XXX-XX-2201 | 12/14/2009 | 01/13/2020 | 4388.89 |

Place of Filing

Office of the County Clerk
Mercer
TRENTON, NJ 08650-0068

Total $  42185.39

This notice was prepared and signed at   DETROIT, MI   on this,

the   25th   day of   June   2010

Signature  R A Mitchell                                    END OF DOCUMENT
SGT MICHAEL M. COX
(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 2 C.B. 409)

Title  REV        (800) 829-3903                          22-00-0003

Part 1 - Kept By Recording Office

Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION PRACTICES ACT, (the act),
15 U.S.C. SECTION 1601 AS AMENDED

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.**

1. The amount due on the debt, as of December 13, 2012, is the sum of $350,960.66. This sum does not include foreclosure fees and costs or any payments received or advances made after that date.

2. The debt described in the complaint attached hereto and evidenced by the copy of the mortgage and note, will be assumed to be valid by the creditor's law firm, unless debtors, within thirty (30) days after receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof.

3. If the debtor notifies the creditor's law firm in writing within thirty (30) days of the receipt of this Notice, that the debt or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

4. If the creditor who is named as plaintiff in the attached summons and complaint, is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty (30) days from the receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

5. Written request should be addressed to ZUCKER, GOLDBERG & ACKERMAN, LLC, 200 Sheffield Street, Suite 101, P.O. Box 1024, Mountainside, New Jersey 07092-0024. Please refer to our file number, which is **XCZ-140352.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# FORECLOSURE
## CASE INFORMATION STATEMENT
### (FCIS)

Use for Initial Chancery Division - General Equity
foreclosure pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6 (c),
if information is not furnished or if attorney's signature
is not affixed.



**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☒ CK ☒ CG ☒ CA ☒ MO

RECEIPT NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

BATCH DATE:

---

**SECTION A: TO BE COMPLETED BY ALL PARTIES**

CAPTION
**Ocwen Loan Servicing, LLC**
vs.
**Yvonne Harris-Johnson, et al.**

NAME OF FILING PARTY (e.g., John Doe, Plaintiff)
**Ocwen Loan Servicing, LLC, Plaintiff**

ATTORNEY NAME (if applicable)
**Monika S. Pundalik, Esq.**
**XCZ- 140352**

MAILING ADDRESS
**200 Sheffield Street, Suite 101**
**Mountainside, NJ 07092**

COUNTY OF VENUE
**Mercer**

DOCKET NUMBER (When available)

DOCUMENT TYPE
☒ COMPLAINT   ☐ ANSWER   ☐ OTHER

FIRM NAME (if applicable)
**Zucker, Goldberg & Ackerman, LLC**

TELEPHONE NUMBER
**(908) 233-8500**

---

**SECTION B: TO BE COMPLETED BY PLAINTIFF TO INITIAL COMPLAINT**

FORECLOSURE CASE TYPE NUMBER

☐ 088   IN PERSONAM TAX FORECLOSURE
☐ 089   IN REM TAX FORECLOSURE
☒ ORF   RESIDENTIAL MORTGAGE FORECLOSURE
☐ OCF   COMMERCIAL MORTGAGE FORECLOSURE
☐ OCD   CONDOMINIUM OR HOMEOWNER'S ASSOCIATION
          LIEN FORCLOSURE
☐ 091   STRICT FORECLOSURE
☐ OFP   OPTIONAL FORECLOSURE PROCEDURE (NO SALE)

FULL PHYSICAL STREET ADDRESS OF PROPERTY:
**56 Texas Avenue, Lawrence, NJ**

MAILING ADDRESS: **56 Texas Avenue, Lawrenceville, NJ**
ZIP CODE: **08648**   COUNTY: **Mercer**

IS THIS A HIGH RISK MORTGAGE PURSUANT TO P.L. 2009
c.84 AND P.L. 2008, c.127

[ ]     YES      [ X ]     NO

PURCHASE MONEY MORTGAGE?   [ ] YES   [ X ] NO

RELATED PENDING CASE?   [ ] YES   [ X ] NO

IF YES, LIST DOCKET NUMBERS:

MUNICIPALITY CODE (*)  **1107**

MUNICIPAL BLOCK: **2005 fka 193**

(LOTS): **17 fka 4**

---

**ALL FILING PARTIES MUST SIGN AND PRINT NAME(S) AND DATE THE FORM BELOW**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be
redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY/SELF REPRESENTED SIGNATURE

*Monika S. Pundalik*

PRINT ATTORNEY/SELF REPRESENTED NAME
Monika S. Pundalik, Esq.

DATE
May 22, 2013

Revised Effective 9/2009, CN 10169

XCZ-140352/swo
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | |
|---|---|
| Ocwen Loan Servicing, LLC | : SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION |
| | : MERCER COUNTY |
| Plaintiff, | : DOCKET NO. |
| vs. | : |
| | : |
| Yvonne Harris-Johnson and Joseph Johnson, her | : Civil Action |
| husband, each of their heirs, devisees, and personal | : |
| representatives, and his, her, their or any of their | : **RULE 4:5-1 CERTIFICATION** |
| successors in right, title and interest; Midland | : |
| Funding LLC; United States of America; | : |
| | : |
| Defendant(s) | |

Monika S. Pundalik, Esq., hereby certifies that:

1.    I am an attorney licensed to practice in the state of New Jersey and an attorney with the law firm of Zucker, Goldberg & Ackerman, L.L.C. I make this certification pursuant to the Rules of Court and in support of the complaint filed in this matter.

2.    To the best of my knowledge and belief, the matter in controversy is not the subject of any other action or arbitration proceeding pending or contemplated.

3.    To the best of my knowledge and belief there are no other non-parties that need to be joined at this time.

4.    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

By: _Monika S. Pundalik_____
MONIKA S. PUNDALIK, ESQ.
FOR THE FIRM

Dated: May 22, 2013

XCZ-140352/egar
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | |
|---|---|
| Ocwen Loan Servicing, LLC | : SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION |
| | : MERCER COUNTY |
| Plaintiff, | : GENERAL EQUITY |
| vs. | : |
| | : DOCKET NO. |
| Yvonne Harris-Johnson; et al | : |
| Defendant. | : <u>Civil Action</u> |

**CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINT PURSUANT TO RULE 1:5-6(c)(1)(E) AND RULES 4:6-1(a)(2) AND (a)(3)**

Michael S. Ackerman, Esq. of full age, hereby certifies and says:

1.    On July 31, 2013, I communicated electronically with the following named employee(s) of Ocwen Loan Servicing, LLC , who stated that he/she personally reviewed the complaint to be filed with the court and that he/she confirmed compliance with *Rule 4:64-1(b)(1) through (b)(10) and (b)(12) through (b)(13).*

2.    The name, title and responsibilities of the plaintiff's employee(s) with whom I communicated are:

Name of plaintiff's employee:

*Megan Paolucci*

Title of plaintiff's employee:

*Authorized Signer*

Responsibilities of plaintiff's employee:

*Receive and review foreclosure pleadings and ensure their accuracy based on the books and records of the plaintiff*

3.    Based on my communication with the above-named employee(s) of plaintiff, as well as my own inspection of the loan information supplied by plaintiff and other diligent inquiry, I executed this certification to comply with the requirements of Rules 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (a)(3).

4.       I am aware that I have a continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 1, 2013

ZUCKER, GOLDBERG & ACKERMAN, LLC

By: _____
                    MICHAEL ACKERMAN, ESQ.

XCZ-140352/swo
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | |
|---|---|
| Ocwen Loan Servicing, LLC | : SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION |
| | : MERCER COUNTY |
| Plaintiff, | : DOCKET NO. |
| | : |
| vs. | : |
| | : |
| Yvonne Harris-Johnson and Joseph Johnson, her | : Civil Action |
| husband, each of their heirs, devisees, and personal | : |
| representatives, and his, her, their or any of their | : RULE 4:64-1 CERTIFICATION |
| successors in right, title and interest; Midland | : |
| Funding LLC; United States of America; | : |
| | : |
| Defendant(s) | |

Monika S. Pundalik, Esq., hereby certifies that:

1.      I am an attorney licensed to practice in the state of New Jersey and an attorney with the law firm of Zucker, Goldberg & Ackerman, L.L.C. I make this certification pursuant to the Rules of Court and in support of the complaint filed in this matter.

2.      Prior to the filing of this Complaint, a title search of the public record was received and reviewed.

3.      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

By: *Monika S. Pundalik*
MONIKA S. PUNDALIK, ESQ.
FOR THE FIRM

Dated: May 22, 2013

XCZ-140352/swo
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 101
Mountainside, NJ 07092-0024
1-908-233-8500

| | | |
|---|---|---|
| Ocwen Loan Servicing, LLC | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CHANCERY DIVISION |
| | : | MERCER COUNTY |
| Plaintiff, | : | DOCKET NO. |
| vs. | : | |
| | : | |
| Yvonne Harris-Johnson and Joseph Johnson, her | : | Civil Action |
| husband, each of their heirs, devisees, and personal | : | |
| representatives, and his, her, their or any of their | : | RULE 1:38-7(c) CERTIFICATION |
| successors in right, title and interest; Midland | : | |
| Funding LLC; United States of America; | : | |
| | : | |
| Defendant(s) | | |

Monika S. Pundalik, Esq., hereby certifies that:

1.      I am an attorney licensed to practice in the state of New Jersey and an attorney with the law firm of Zucker, Goldberg & Ackerman, L.L.C. I make this certification pursuant to the Rules of Court and in support of the complaint filed in this matter.

2.      I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from documents submitted in the future in accordance with Rule 1:38-7(c).

3.      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff

By: _Monika S. Pundalik_
MONIKA S. PUNDALIK, ESQ.
FOR THE FIRM

Dated: May 22, 2013

SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-126247-2011                        CASE NUMBER: L  006180  10
DATE ENTERED: 05/03/11    DATE SIGNED: 04/26/11
TYPE OF ACTION: BOOK ACC
VENUE: PASSAIC
                                                    DEBT: $    18,419.70
                                                    COSTS: $      269.00

CREDITOR(S):
    MIDLAND FUNDING LLC
            ATTORNEY: PRESSLER & PRESSLER LLP
DEBTOR(S):
    JOSEPH JOHNSON
        (No Address)

                         *** End of Abstract ***

c.    The **United States of America** is a party defendant to this foreclosure action by reason of the following notice of federal tax lien entered in the Office of the Clerk of Mercer County recovered against plaintiff's mortgagor(s), Yvonne Harris-Johnson, single woman:

Amount: $42,185.38, Recorded July 9, 2010, in Book 206 at Page 202 as filed by the Detroit, MI Office of the Internal Revenue Service.

-See EXHIBIT A

10.    The following defendants are joined herein because they are the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises which has been paid in full but have not been discharged of record:

                                NONE

11.    In the event plaintiff is unable to determine the present whereabouts of defendant(s) Yvonne Harris-Johnson, Joseph Johnson,  or ascertain if he/she/they is/are presently alive, and as a precaution, plaintiff has joined the following persons as party defendants to this foreclosure action for any lien, claim or interest they may have in, to, or against the mortgaged premises:

**Yvonne Harris-Johnson; Joseph Johnson; his/her/their heirs, devisees and personal representatives, and his/her/their or any of their successors in right, title and interest.**

12.    Pursuant to the terms of the Note and Mortgage, plaintiff (or its predecessors, successors or servicing agent), reserved the right to pay taxes, municipal charges, or other liens affecting the Mortgaged Premises, which charges or liens are superior to the lien of the Mortgage. When paid by plaintiff (or its predecessors, successors, or servicing agent), these taxes, municipal charges, or other liens, together with interest thereon, are to be added to the amount due plaintiff, whether such advances were made prior to the filing of this action or during its pendency.

# GMAC Mortgage

PO Box 780
Waterloo, IA 50704-0780

July 06, 2012

YVONNE HARRIS-JOHNSON
56 TEXAS AVENUE
LAWRENCEVILLE NJ  08648

Loan number:      0602005173
Property Address:  56 TEXAS AVENUE
                              LAWRENCE TOWNSHIP NJ 08648

Dear YVONNE HARRIS-JOHNSON:

You recently contacted our offices to request assistance.  Unfortunately, we are unable to finalize your modification without the required documentation.

Modification documents were mailed to you to be executed and returned to our office within 10-days.  The timeframe allowed to return your signed modification agreement has been extended; therefore, it is very important you return the documents to our office immediately or your modification request will be canceled.

Please act now, we want to help you save your home. In the event you have not received your original documents, you must contact us immediately for new documents to be generated.

If you have any questions, please contact your Relationship Manager, BRIAN WERNER at 1-877-928-4622 extension 2368499 between the hours of 8 a.m. and 5 p.m. central time Monday through Friday.  If your agent is not available one of their team members will assist you.

Loss Mitigation
Loan Servicing

As we understand that you filed for bankruptcy and have received an Order of Discharge in a Chapter 7 proceeding, this letter is being sent to you for informational purposes only, it is not an attempt to collect a discharged debt and applies only to our lien interest on your property.

00031

GMAC Mortgage
3451 Hammond Ave 12-12020-mg    Doc 5034    Filed 09/09/13    Entered 09/12/13 13:43:49    Main Document
PO Box 780                          Pg 69 of 70
Waterloo, IA 50704-0780



8/9/2012

06/12/12 13:00 3   0000054 20120809 HH2NJ101 GMACOUPL 1 OZ DOM HH2U10000' 160275 DM



|••••|•|||••|•||•••|••|••••|••|•||•••|••|••|•|||••|•|||•••|

YVONNE HARRIS-JOHNSON
56 TEXAS AVENUE
LAWRENCEVILLE NJ   08648-3709

RE:     Account Number       0602005173
        Property Address       56 TEXAS AVENUE
                               LAWRENCE TOWNSHIP NJ 08648

Dear YVONNE HARRIS-JOHNSON:

We recently received your request for a loan modification. We are not able to fulfill your request at this time for the following reason(s):

We have not received the properly signed and executed agreement prior to the expiration date.

At this time, you may want to seek advice regarding your next steps. We suggest you call 1.800.CALL.FHA (1.800.225.5342) to locate a HUD-certified housing counseling agency. You may also want to call 1.888.995.HOPE (1.888.995.4673) to request assistance from a HUD-approved housing counselor.

We will continue to work with you to explore options that may be available. If you have any questions, please contact your Relationship Manager, BRIAN WERNER at 1-877-928-4622 extension 2368499, between the hours of 8:00 a.m. and 9:00 p.m. Monday through Friday central standard time. If your agent is not available, one of their team members will assist you.

In addition, you may have your concerns reviewed by an independent advocate in our Executive Escalation Team. They may be reached at 866-924-8409 Monday through Friday from 8am to 5pm CT or via email at homeowner.help@mortgagebanksite.com.

BRIAN WERNER
Loan Servicing

**Notice Regarding Bankruptcy:** As we understand that you have filed for bankruptcy and have received an Order of Discharge in a Chapter 7 proceeding, this letter is being sent to you for informational purposes only, it is not an attempt to collect a discharged debt and applies only to our lien interest in your property.



8/9/2012
Account Number 0602005173
Page 2

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name:  Equifax Information Services LLC,
Address: P.O. Box 740241, Atlanta, GA 30374-0241
Phone: 800-685-1111    Web: www.equifax.com

*If you have any questions regarding this notice, you should contact:*
Creditor's name: GMAC Mortgage, LLC
Creditor's address: PO Box 780, Waterloo IA 50704-0780
Creditor's telephone number: 1-877-928-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

M020