**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

**EXAMINER'S REPLY TO DEBTORS' RESPONSE TO EXAMINER'S
MOTION FOR ENTRY OF ORDER GRANTING
DISCHARGE FROM DUTIES, IMMUNITY FROM DISCOVERY,
APPROVAL OF DISPOSITION OF INVESTIGATIVE MATERIALS,
AND EXCULPATION IN CONNECTION WITH DUTIES**

Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), respectfully submits this reply (the "Reply") to the Debtors' response (the "Response") [Docket No. 4920] to the Examiner's Motion for Entry of Order Granting

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

CPAM: 5772510.3

Discharge From Duties, Immunity from Discovery, Approval of Disposition of Investigative Materials, and Exculpation in Connection with Duties (the "Discharge Motion") [Docket No. 4812], and in further support of the Discharge Motion respectfully states as follows:

**REPLY**

1. The Debtors do not oppose the relief requested in the Discharge Motion other than the possible transfer of the Document Depository[2] to the Debtors at this time. They contend that current transfer of the Document Depository "may be disruptive to the Chapter 11 plan confirmation process that is currently underway." Response at 2. Accordingly, the Debtors request that any such transfer to the Debtors not occur until after the plan confirmation hearing. Id. at 3. The Debtors' contention reflects an illusory concern.

2. The Response is grounded on the misconception that transfer of the Document Depository from the Examiner's Professionals to an interested party with a continuing role in the proceedings will somehow be a "massive" undertaking that "could complicate Plan discovery." Id. In reality, transfer of the Document Depository will be akin to handing over the keys to a car, and will involve hardly any more complicated or cumbersome a process.

3. If the interested party assuming custody of the Document Depository opts to maintain the same vendor currently administering the Document Depository, then the transfer will merely require that administrator rights be given to the transferee interested party and terminated for the Examiner's Professionals. And even if, for some reason, the transferee interested party opts to use a different administrative vendor for the Document Depository, the

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Discharge Motion.

2

transfer will be conducted as between the old and new vendors, and will require only minimal administrative effort to re-register the database's users. This custody transfer process will not require the movement, copying or transport of any physical documents, as the Examiner is simply requesting Court authorization to transfer the electronic Document Depository.

4. Further, tying the transfer of the Document Depository to consummation of the plan confirmation hearing, or (later yet) to confirmation of the proposed plan, is unwarranted. The Response states that "turnover of documents by examiners typically occurs after confirmation of a Chapter 11 plan." Id. The Debtors' simplistic rule is rebutted by the most recent of the large examiner cases, In re Lehman Brothers,[3] but also generally misses the point. The appropriate timing for transfer of examiner materials depends on the specific circumstances of each case and is subject to the Court's discretion. Here, the timing of transfer of custody of the Document Depository is, and should be kept, independent of the plan confirmation process.

5. Where there is a continuing role either for an examiner or for the documents collected by an examiner, it may be appropriate to delay transfer of the examiner's materials.[4] Here, there is no such anticipated continuing role and thus no justification for delayed transfer.

---

[3] See Order Discharging Examiner and Granting Related Relief, In re Lehman Brothers Holdings, Inc., Case No. 08-13555, ECF No. 10169, at 7 (Bankr. S.D.N.Y. July 13, 2010) (attached to Discharge Motion as Ex. C) (providing that, before plan confirmation, the examiner and debtors shall jointly negotiate with external vendors for the transfer and maintenance of the document database assembled by the examiner).

[4] See, e.g., Debtors' Response to Motion of Court-Appointed Examiner, Kenneth N. Klee, Esq. for Order (I) Discharging Examiner; (II) Granting Relief from Third-Party Discovery; (III) Approving the Disposition of Certain Documents and Information; and (IV) Granting Certain Ancillary Relief, In re Tribune Company, Case No. 08-13141, ECF No. 5382, at 6, 8 (Bankr. D. Del. Aug. 13, 2010) (attached as Exhibit A hereto) (examiner's documents were of ongoing relevance because a potential settlement and plan were under active negotiation); Order Discharging Michael J. Missal as Examiner and Granting Related Relief, In re New Century TRS Holdings Inc., Case No. 07-10416, ECF No. 9623, at 2–3 (Bankr. D. Del. May 1, 2009) (attached to Discharge Motion as Ex. G) (examiner directed to cooperate with governmental agencies, U.S. Trustee, and liquidating trustee).

3

No interested party has suggested that the Examiner should have an ongoing role in these Chapter 11 Cases, and the Proposed Order – to which the Debtors do not otherwise object – does not contemplate any such continuing role. In addition, prolonging the Examiner's Professionals' custody of the Document Depository will needlessly create a continuing role for those Professionals where none would otherwise exist. The attendant costs of such a continuing role for the Examiner's Professionals would seem to be more cost effectively managed for the Debtors' estates if transferred to the services of professionals who otherwise have ongoing involvement in the proceedings.

6. Further, the Document Depository apparently has limited or no ongoing relevance in these proceedings, as the Court has already approved the creation of a document "repository" to be used in connection with plan confirmation discovery. Indeed, Debtors' counsel have informed the Examiner's Professionals that there is no actual or contemplated connection between the plan confirmation document repository and the Examiner's Document Depository. Accordingly, and logically, the timing of transfer of custody of the Document Depository should be kept separate from the unrelated schedule of plan confirmation. The two issues have nothing in common, and therefore one should have no bearing on the other.[5]

7. The Debtors concede that the Examiner's "duties set forth in the Scope Order have been completed." Response at 2. With completion of those duties, and with no ongoing

---

[5] The Court has already expressed skepticism that the plan confirmation hearing will actually proceed in November as currently scheduled. See Hr'g Tr., Aug. 21, 2013, at 117:17–20, 118:11–12 ("I'll tell you right now that the commencement of the confirmation for November 19th, I don't know whether it's really going to happen then or not. . . . I'll agree to this schedule, but everybody be on notice this schedule may not hold."). The possible delay of the confirmation hearing, which would prolong the plan confirmation process, is further reason to sever the timing of the transfer of custody of the Document Depository from that of plan confirmation.

4

role in these proceedings for the Examiner or for the documents he collected, there is no rationale for delaying transfer to an interested party of custody of the Document Depository.

### REVISED PROPOSED ORDER

Separately from the Debtors' Response, the U.S. Trustee and the U.S. Attorney's Office (together, the "Government") informally raised issues regarding certain provisions in the Proposed Order. After discussion with the Government, the Examiner was able to resolve those issues through certain revisions to the Proposed Order. Attached hereto as Exhibit B is a clean version of the revised Proposed Order. Attached hereto as Exhibit C is a blacklined version of the revised Proposed Order, showing the changes to the initial Proposed Order filed with the Court on August 23, 2013 (as Exhibit A to the Discharge Motion) that resulted from the Examiner's discussion with the Government.

### CONCLUSION

For the foregoing reasons and those reflected in the Discharge Motion, the Examiner respectfully requests that the Court grant the relief requested in the Discharge Motion, in the form of the revised Proposed Order attached hereto.

Dated: September 12, 2013
  New York, New York

**CHADBOURNE & PARKE LLP**

By:   */s/ Howard Seife*
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*

CPAM: 5772510.3