# **EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                                                              :    Chapter 11
                                                                                         :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                       :    Case No. 12-12020 (MG)
                                                                                         :
                    Debtors.                                                  :    Jointly Administered
---------------------------------------------------------------- x

### ORDER APPROVING EXAMINER'S MOTION FOR ENTRY OF ORDER GRANTING DISCHARGE FROM DUTIES, ~~IMMUNITY~~ <u>RELIEF</u> FROM DISCOVERY, APPROVAL OF DISPOSITION OF INVESTIGATIVE MATERIALS, AND EXCULPATION IN CONNECTION WITH DUTIES

Upon the motion (the "<u>Motion</u>")[2] of Arthur J. Gonzalez, the Court-appointed Examiner (the "<u>Examiner</u>") for Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)-(4), 1106(b), 1109(b), for the entry of an order granting the Examiner and his professionals Chadbourne & Parke LLP, Mesirow Financial Consulting, LLC, Wolf Haldenstein Adler Freeman & Herz LLP, and Leonard, Street and Deinard Professional Association (collectively, "<u>Professionals</u>") various forms of relief; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper before this Court ~~pursuant to 28 U.S.C. §§ 1408 and 1409~~; and after due deliberation, and good and sufficient cause appearing therefor; it is hereby:

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that effective as of the date of this Order, the appointment of the Examiner shall be terminated. The Examiner and his Professionals are discharged from any further obligations, duties, commitments and responsibilities under the Scope Order, pursuant to other directions of the Court, or otherwise in the Chapter 11 Cases, except as specifically provided for in this Order~~. The discharge of the Examiner and his Professionals is without prejudice to the entry of a future order re-engaging the Examiner and his Professionals to provide such services as the Court deems necessary and appropriate~~; and it is further

ORDERED that the Examiner and his Professionals are relieved ~~and immunized~~ from any duty to respond, object or move for a protective order in response to any formal or informal discovery requests issued by any party, including but not limited to any subpoenas, requests for production of documents, requests for admissions, interrogatories, requests for testimony (through subpoena, notice of deposition, request for Bankruptcy Rule 2004 examination, or otherwise), letters rogatory, or any other discovery of any kind related to the Chapter 11 Cases, the Examiner Investigation and/or the Examiner Report. This prohibition against discovery shall not apply to (i) requests for documents, materials, or information that the requesting party has demonstrated to this Court, upon notice to and an opportunity to object by the Examiner and/or his Professionals, cannot be obtained from any other source and that can be reasonably provided by the Examiner and/or his Professionals, so long as such requests do not seek production of documents protected by the attorney-client privilege, the work product doctrine or any other applicable privilege,

protection or immunity, ~~and~~ (ii) production required in response to an order of a federal district court presiding over a criminal proceeding in which a party-in-interest is a defendant, which finds that the Examiner or his Professionals are obliged to produce documents or other materials to said defendant under the principles of Brady v. Maryland, 373 U.S. 83 (1963), as embodied in subsequent case law and the Federal Rules of Criminal Procedure**, and (iii) any claims, suits, actions or other proceedings by or on behalf of the United States of America, its agencies, departments, or agents (collectively, the "United States"), acting pursuant to its police or regulatory powers**.  However, the Examiner and his Professionals shall retain any and all rights, claims, defenses, and objections to oppose any such request for discovery pursuant to these exceptions and shall be entitled to reimbursement of any fees and expenses incurred (including professional fees and expenses) in objecting to, opposing or otherwise responding to any such discovery request; and it is further

ORDERED that the Examiner and his Professionals are authorized to transfer custody and control of the Document Depository to an interested party of the Court's designation, which shall maintain and administer the Document Depository from the date of such transfer, and the Examiner and his Professionals shall not be responsible for any ongoing duties or costs associated with such maintenance and administration of the Document Depository; and it is further

ORDERED that the Examiner and his Professionals shall be required to preserve, from among the materials generated or obtained by them in connection with the Examiner Investigation, only witness interview transcripts and recordings, for a period of two years from the date of entry of this Order or until further ordered by the Court; and it is further

ORDERED that none of the Examiner, the Professionals, or any of their respective officers, directors, managers, equity holders, employees, agents, representatives, advisors,

attorneys, or successors and assigns shall have or incur any liability with respect to any act, statement, representation, omission, pleading, report or writing arising out of, relating to, or involving ~~in any way the Chapter 11 Cases~~ **the Examiner's role as Examiner**, the Examiner Investigation, the Examiner Report, ~~or~~ the Document Depository**, or arising out of, relating to, or involving the Chapter 11 Cases to the extent related to the foregoing**.  Nothing in this paragraph, however, shall be construed to limit the liability of the Examiner or his Professionals for any acts of willful misconduct**, recklessness,** or gross negligence as finally determined by a court of competent jurisdiction**; and it is further**

**ORDERED that nothing in this Order shall be construed to bar any claims, suits, actions, or other proceedings by or on behalf of the United States pursuant to its police or regulatory powers; and it is further**

**ORDERED that this Court shall retain jurisdiction to resolve professional compensation issues for the Examiner or his Professionals in connection with the Chapter 11 Cases**; and it is further

**ORDERED that the Examiner and his Professionals shall file final applications for compensation and reimbursement of expenses incurred prior to the entry of this Order, as well as interim applications for compensation and reimbursement of expenses, if the Examiner so chooses; and it is further**

**ORDERED that nothing in this Order shall be construed to bar the United States Trustee from fulfilling her duties pursuant to 28 U.S.C. § 586, including, but not limited to her review of applications for compensation and reimbursement of expenses pursuant to any applicable provision of the Bankruptcy Code; and it is further**

ORDERED that the Examiner and his Professionals shall be entitled to reimbursement of any reasonable fees and expenses (including professional fees and expenses) in connection with any cooperation, assistance, responses (to discovery requests or otherwise), or other services they provide pursuant to or relating to this Order**, which reimbursement shall be sought pursuant to an application to the Court for services performed prior to the effective date of any plan of reorganization**; and it is further

ORDERED that in the event of a conflict between this Order and any provision of a plan of reorganization confirmed in the Chapter 11 Cases, this Order shall control as it pertains to the rights, obligations, duties, commitments, and responsibilities of the Examiner and his Professionals, and that this Order shall survive confirmation of any plan in the Chapter 11 Cases; and it is further

~~ORDERED that this Court shall retain jurisdiction to resolve professional compensation issues for the Examiner or his Professionals in connection with the Chapter 11 Cases; and it is further~~

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order, including its implementation, interpretation, enforcement, or requested modification.

Dated: September __, 2013
      New York, New York

 

                                          THE HONORABLE MARTIN GLENN
                                          UNITED STATES BANKRUPTCY JUDGE