UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
)
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                          Debtors.        )    Jointly Administered
                                          )
---------------------------------------------------------

**ORDER SUSTAINING DEBTORS' OBJECTION TO
PROOF OF CLAIM OF PNC BANK, N.A. (CLAIM NO. 4760)
AND DISALLOWING AND EXPUNGING PROOF OF CLAIM (CLAIM NO. 4760)**

Upon the *Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)* [Docket No. 4603] (the "Objection"),[1] of Residential Funding Company, LLC, along with Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to sections 502(b)(1) or, in the alternative, 502(e)(1)(B) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), disallowing and expunging the claim asserted by PNC Bank, N.A. in Proof of Claim No. 4760 submitted in the Chapter 11 Cases (the "PNC Claim") on the basis that the PNC Claim failed to articulate any legal or factual justification for asserting a claim against the Debtors, as more fully described in the Objection, or, in the alternative, on the basis that such claim is contingent; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided in accordance with the requirements of Bankruptcy Rule

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

3007(a), the Local Bankruptcy Rules of this Court, the Case Management Procedures entered on May 23, 2012 [Docket No. 141] (the "Case Management Procedures"), and the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) Approving (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures*, entered on March 21, 2013 [Docket No. 3294] (the "Claim Objection Procedures"), and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the *Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims*, dated December 3, 2012 [Docket No. 2338], the *Declaration of K. Lee Marshall in Support of Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)*, annexed to the Objection as Exhibit 1, the PNC Claim, the *PNC Bank N.A.'s Response and Reservation of Rights to Debtors' Objection to Proof of Claim No. 4760* [Docket. No. 4894] and the *Reply in Further Support of the Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760)* [Docket No. 4978]; and a hearing having been held on September 11, 2013 to consider the Objection; and the Court having found and determined that the relief sought in the Objection to the extent provided herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual basis set forth in the Objection establish just cause for the relief granted to the extent provided herein; and after due deliberation and sufficient cause appearing therefore, it is

       ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

       ORDERED that, pursuant to section 502(e)(1)(B) of the Bankruptcy Code, the PNC Claim is disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the PNC Claim so that such claim is no longer maintained on the Debtors' claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures, the Claim Objection Procedures, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: September 13, 2013
      New York, New York

    **/s/Martin Glenn**
    MARTIN GLENN
    United States Bankruptcy Judge