**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**AMENDED SUPPLEMENTAL ORDER GRANTING DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED BORROWER CLAIMS)**

Upon the seventeenth omnibus claims objection, dated July 3, 2013 (the "Seventeenth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), reclassifying the Misclassified Borrower Claims to reflect their proper classification as general unsecured claims, all as more fully described in the Seventeenth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Seventeenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Seventeenth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Seventeenth Omnibus Claims Objection having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Seventeenth Omnibus Claims Objection.

no other or further notice need be provided; and upon consideration of the Seventeenth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims), annexed thereto as Exhibit 1; and upon consideration of the objections and responses filed by (i) Anthony Davide [Docket No. 4651], relating to Claim No. 482, (ii) Michelle R. Strickland [Docket No. 4338], relating to Claim No. 2371, and (iii) Mr. and Mrs. James D. Derouin [Docket No. 4752], relating to Claim No. 4750 and as subsequently withdrawn [Docket No. 4964], all in connection with the Seventeenth Omnibus Claims Objection (collectively, the "Responses"); and upon consideration of the *Debtors' Omnibus Reply in Support of Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* [Docket No. 4843] (the "Reply"); and the Court having found and determined that the relief sought in the Seventeenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventeenth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Seventeenth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Seventeenth Omnibus Claims Objection is granted to the extent provided herein and the Responses are overruled; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Claim Nos. 2371, 482, and 4750 (each a "Misclassified Borrower Claim") are hereby reclassified as general unsecured non-priority claims; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to reclassify the Misclassified Borrower Claims pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Seventeenth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Misclassified Borrower Claims that are reclassified pursuant to this Order, all rights to object on any basis are expressly reserved with respect to such reclassified claims; and it is further

ORDERED that this Order shall be a final order with respect to each of the Misclassified Borrower Claims as if each such Misclassified Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: September 13, 2013
      New York, New York

                                               /s/Martin Glenn
                                               MARTIN GLENN
                                        United States Bankruptcy Judge