# EXHIBIT "3"

MARY LYNN WEBER

*Real Property Located:*
84 CHAPMAN HEIGHTS
LAS VEGAS, NEVADA
89138

)
)
)
)
)
)

**AFFIDAVIT OF WILLIAM McCAFFREY**

I William McCaffrey, declare as follows:

1. I am over the age of 18 years and qualified to make this AFFIDAVIT. I am a resident of the State of Arizona and formulate this AFFIDAVIT based on my own personal knowledge. I have no direct or indirect interest in the outcome of the case at bar for which I offer my observations, analysis, opinions and testimony.

2. My experience in the Banking industry encompasses over 30 years employment for federally insured institutions. I was formerly Business Development Manager with Indy Mac Bank FSB, for over ten years and currently employed as Consultant for Housing Mortgage Consultants Inc.

3. I have personal knowledge and experience to render opinions in the topic areas related to the securitization of mortgage loans, derivative securities, the securities industry, Uniform Commercial Code practices, predatory lending practices, Truth in Lending Act requirements, loan origination and underwriting, accounting in the context of securitization and pooling and servicing of securitized loans, assignment and assumption of securitized loans, creation of trusts under deeds of trust, and issuance of asset backed securities and specifically mortgage-backed securities by special purpose vehicles in which an entity is named as trustee for holders of certificates of mortgage backed securities, the economics of securitized residential mortgages during the period of 2001-2008, appraisal fraud, and its effect on APR disclosure, usury and foreclosure of securitized and non-securitized residential mortgages.

AFFIDAVIT of William McCaffrey

4. I have been qualified to testify in Maricopa County Superior Court, and US District Court. In the past few years, I have served as Expert Witness in numerous civil cases. I have testified at trial in Federal and Superior Court including Nevada and Arizona. Superior Court Cases include *Marshall and Isley Bank v. Izzo, Slikker v. Kondaur, Brokalakis v. National City Mortgage, and Wells Fargo Bank v. Dutson.* Superior Court Judges' Ronan, Garcia, and Budoff, as well as Commissioners' Davis, Ellis, and Hamner have affirmed my expert testimony.

5. I am also a Securitization Analyst and use specialty-licensed software, which permits investors and licensed users to access any "named Trust-Entity" which are The Corporate/Trust Documents officially filed with the Securities and Exchange Commission. I can find each Mortgage Note that is held by this named Trust-Entity, and I can verify its status at any given time. I have the knowledge and experience to perform these searches with accuracy. At the request of MS. WEBER I submit this Affidavit and have personal first hand knowledge of the following facts:

6. ON or about, January 22, 2007, the property located at 84 CHAPMAN HEIGHTS, LAS VEGAS, NEVADA 89138 was secured by a Deed of Trust in favor of OHIO SAVINGS BANK with a loan number of 2268723 and a MIN number of 1001652500022687231 listed on the said DEED OF TRUST. The subject loan number was originally placed in RFM SI SERIES 2007-SA2 Trust.

7. RFM SI SERIES 2007-SA2 Trust is a REAL ESTATE MORTGAGE INESTMENT CONDUIT (REMIC) within the meaning of section 860D of the Internal Revenue Code as amended in 1986 (The Code) per the Pooling and Servicing Agreement (PSA) which governs the rules of the subject trust.

8. US BANK NA, (US BANK) acted as trustee under the pooling and servicing agreement for the RFM SI Series 2007-SA2 Trust and was responsible for performing certain calculations relating to distributions on the certificates, making payments on the certificates, acting as certificate Registrar and transfer agent for the trust, making payments to the swap provider under the swap agreement and holding the trust accounts on behalf of the certificate holders, or investors of the Trust.

9. After review, the Trustee US BANK required original lender OHIO SAVINGS BANK (OSB) to repurchase the loan out of the Trust for violations of representations and warranties.

10. It was then transferred back to Ohio Savings Bank approximately 60 days later.

11. On December 4, 2009 Ohio Savings Bank was taken over by the Federal Deposit Insurance Corporation (FDIC). At that point it became an asset of the FDIC. New York Community Bank (NYCB) has a shared loss agreement with the FDIC allowing NYCB to obtain the loan **servicing** rights only of failed Ohio Savings Bank including (Ms. Weber's loan) while remaining an FDIC asset.

12. In the securitization of the loan, the rights of various named Trustees such as the Trustee on the Deed of Trust ended with the subject Trustee of the RFM SI Series 2007-SA2 Trust on behalf of the holders of mortgage-backed securities. The Trustees powers are limited to ONLY what actions the certificate holders authorize them to take.

13. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the

AFFIDAVIT of William McCaffrey

claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

14. The loan has been securitized which is the procession of aggregating a large number of Notes in what is called a mortgage pool and then selling security interests in that pool of mortgages to investors. The sales that took place in this case would have fractionalized possession of the Note over many different investors. The only potential holder in due course of a note falls within one or more of the following classifications:

(1) Investors who purchased asset backed securities in which ownership of the loans were described with the intent to convey ownership of the obligation as evidenced by the promissory note and an interest in real property consisting of a security interest held by an entity that was described as the beneficiary of a Trust created by an instrument entitled Deed of Trust;

(2) Insurers that paid some party on behalf of said investors;

(3) Counterparties on credit default swaps;

(4) Conveyances or constructive trusts arising by operation of law through cross collateralization and over-collateralization within the aggregate asset pools or later within the Special Purpose Vehicle tranches "tranches" is an industry term of art referring to the types of division within a Special Purpose Vehicle);

(5) Any other party that has traded in mortgage backed securities from the aggregated pools or securitized tranches containing interests in the loans.

15. Nevada is a non-judicial foreclosure state; therefore, the only course of action available to challenge such foreclosure is a judicial lawsuit brought by the borrower/obligor. The "election" of non-judicial process by the foreclosing parties shifts the burden of proof to the borrowers in the loans to allege facts that are solely within the knowledge of the lenders, and which facts that are intentionally withheld from the borrowers.

16. Ms. Weber has no knowledge and has requested information from the loan servicers and done due diligence to determine whether the note, security interest, or obligation has been extinguished or paid in whole or in part by co-obligors, insurers and/or federal bailout funds.

17. All factual testimony or statements made in this AFFIDAVIT are true and correct to the best of my knowledge. All opinions stated herein are based upon a reasonable degree of probability or a high likelihood of probability, pursuant to the decades of relevant experience within the banking industry.

FURTHER AFFIANT SAYETH NAUGHT.

_____
William McCaffrey

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, this ___ day of _May_ 2012.

_____
Notary Public

My commission expires:

3/27/2015

Alfredo I. Peralta
Notary Public
Maricopa County, Arizona
My Comm. Expires 03-27-15

AFFIDAVIT of William McCaffrey