**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER RESOLVING CERTAIN RMBS SERVICING CLAIMS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), and the parties listed on Exhibit 1 (collectively, the "Parties"), attached hereto, by and through their respective counsel, respectfully submit this stipulation (the "Stipulation") and agree and state as follows:

**RECITALS**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**WHEREAS**, prior to the Petition Date from 2004 to 2007, the Debtors issued residential mortgage backed securities ("RMBS") in 392 separate private label securitizations with an aggregate original principal balance of more than $26 billion. In these RMBS securitizations, the Debtors pooled together mortgage loans and conveyed them to trusts in exchange for certificates that were sold to investors. The RMBS certificates entitle holders to receive a share of the principal and interest collected on the mortgage loans held by the issuing trust.

**WHEREAS**, various individual Debtor entities played different roles in the securitization process, including "servicing" the mortgages underlying the trusts.

**WHEREAS**, for each RMBS securitization, the Debtors and the trustees for each of the RMBS trusts (the "Trustees") entered into a pooling and servicing agreement (collectively, the "PSAs") governing the operations of the securitization, including the Debtors' rights and obligations as servicers.

**WHEREAS**, on August 29, 2012, the Court issued an *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date.

**WHEREAS**, on November 7, 2013, the Court issued an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093] (the "Extended Bar Date Order"), establishing November 16, 2012 as the general claims bar date.

**WHEREAS**, prior to the bar date, certain holders of the certificates in certain of the Debtors' RMBS securitizations (the "Claimants") filed a total of 151 separate claims in the Chapter 11 cases, as set forth on Exhibit 1, against the Debtors (the "Claims").

**WHEREAS**, each of the Claimants has authorized and directed the Trustees of the trusts in which the Claimants hold interests to settle the claims against the Debtors;

**WHEREAS**, on May 23, 2013 the Debtors filed a *Motion for an Order Under Bankruptcy Code Sections 105(A) and 363(B) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditor's Committee, and Certain Consenting Claimants* [Docket No.3814] (the "PSA Motion"). Attached to that motion is a plan support agreement and supplemental term sheet (the "Supplemental Term Sheet")

embodying the terms of a Chapter 11 plan to be jointly filed by the Debtors and the committee of unsecured creditors appointed in these cases (the "Creditors' Committee").

**WHEREAS**, on June 27, 2013, the Court entered the *Memorandum Opinion Approving the Plan Support Agreement* [Docket No. 4102].

**WHEREAS**, on July 3, 2013, the Debtors and the Creditors' Committee filed the *Joint Proposed Chapter 11 Plan by Residential Capital LLC, et al. and the Official Committee of Unsecured Creditors* (the "Proposed Chapter 11 Plan") [Docket No. 4153] and the *Plan Proponents' Motion for An Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitations and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on the Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 4152].

**WHEREAS**, the Supplemental Term Sheet and the Proposed Chapter 11 Plan incorporate a settlement with the Trustees resolving all claims asserted by the RMBS securitization trusts against the Debtors.

**WHEREAS**, if the Proposed Chapter 11 Plan is confirmed and if the effective date of the Proposed Chapter 11 Plan occurs, the RMBS trusts (the "Trusts") shall have allowed as non-subordinated unsecured claims ("RMBS Trust Settlement") in the amount of $209.8 million against GMACM Debtors (as defined in the Proposed Chapter 11 Plan) and $7,091.2 million against the RFC Debtors (as defined in the Proposed Chapter 11 Plan). In exchange for these allowed claims, the RMBS Trusts shall be deemed to provide a full and complete discharge of the Debtors from any and all RMBS Trust claims.

**WHEREAS**, pursuant to the terms of the RMBS Trust Settlement, holders of certificates in the Debtors' RMBS securitizations will receive their share of the RMBS Trust Settlement through the Trusts.

**WHEREAS**, the parties acknowledge that the Claims are duplicative of the claims asserted by the Trusts and subject to resolution through the RMBS Trust Settlement.

**WHEREAS**, the Debtors are prepared to file an objection (the "Objection") to the Claims on the basis that the Claimants lacked standing to bring the Claims and that the causes of action underlying the Claims are reserved for the Trustees of each RMBS trust to bring on behalf of all certificateholders.

**WHEREAS**, the Debtors have not yet filed the Objection.

**WHREAS**, the Debtors have discussed with counsel to the Claimants a resolution of the Claims thereby obviating the need for the filing of the Objection.

NOW THEREFORE, it is hereby stipulated and agreed as between the parties to this *Stipulation and Order Regarding Certain RMBS Servicing Claims* (the "Stipulation"), by and through their undersigned counsel, that:

1. This Stipulation shall become effective upon the date it is "So Ordered" by the Bankruptcy Court.

2. Should the Proposed Joint Chapter 11 Plan, which contains the RMBS Trust Settlement, be approved by the Court, on the effective date (the "Plan Effective Date") of the Proposed Chapter 11 Plan, the Claims shall be disallowed and expunged in their entirety and Kurtzman Carson Consultants LLC, the Debtors' claims and notice agent in these Chapter 11 cases, is authorized to expunge the Claims from the Debtors' official claims registers. Upon the Plan Effective Date, the terms of the Proposed Joint Chapter 11 Plan shall be binding on the Claimants in all respects.

3. In the event the Plan Effective Date does not occur, then the Debtors, Claimants, and all other parties in interest reserve all rights regarding the Claims and the disposition thereof.

4. Nothing herein shall be construed or deemed to constitute an admission of liability by the Debtors, with respect to the Claims or otherwise.

5. This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties in respect of the subject matter hereof.

6. This Stipulation may be executed in counterparts, each of which will deemed an original, but all of which together will constitute one and the same agreement.

7. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

8. This Stipulation shall not be modified, altered, amended or vacated without prior written consent of the Parties hereto. Any such modification, altercation, amendment or vacation, in whole or in part, shall be subject to the approval of the Court.

9. The Court shall retain jurisdiction (and the Parties consent to such retention of jurisdiction) to resolve any disputes or controversies arising from or related to this Stipulation and the Claims. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with relevant Bankruptcy Rules and Local Bankruptcy Rules.

(*concluded on the following page*)

| | |
|---|---|
| /s/ Thomas P. Sarb | /s/   Joel C. Haims |
| Thomas P. Sarb | Gary S. Lee |
| Robert D. Wolford | Joel C. Haims |
| MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C. | Jonathan C. Rothberg |
| | MORRISON & FOERSTER LLP |
| Calder Plaza Building | 1290 Avenue of the Americas |
| 250 Monroe Avenue NW Suite 800 | New York, New York 10104 |
| Grand Rapids, Michigan  49503-2250 | Telephone:  (212) 468-8000 |
| Telephone:  (616) 831-1700 | Facsimile:  (212) 468-7900 |
| Facsimile:  (616) 988-1748 | |
| | *Counsel for the Debtors and Debtors in Possession* |
| *Bankruptcy Counsel for the Claimants* | |

**SO ORDERED**

Dated:  September 16, 2013
         New York, New York

                                             **/s/Martin Glenn**
                                            MARTIN GLENN
                                 United States Bankruptcy Judge