UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING MOTION OF SIDNEY T. LEWIS AND YVONNE D. LEWIS
FOR SANCTIONS**

Pending before the Court is the *Motion For Sanctions Pursuant to BR Rule 9011* (the "Motion"). (ECF Doc. # 4792). The Motion was filed by Sidney and Yvonne Lewis (the "Lewises") in this Court and also in the Bankruptcy Court for the Southern District of Ohio (where the Lewises have had personal bankruptcy cases) and in the District Court for the Southern District of Ohio (where they also had litigation pending). The Lewises are no strangers to this Court, or for that matter, to many other courts in which the Lewises have been determined to be vexatious litigators.

On November 1, 2012, this Court granted the Debtors' motion for summary judgment dismissing Yvonne Lewis's adversary complaint (Adv. Pro. No. 12-01731, ECF Doc. # 20), and on January 24, 2013, an order was entered closing that case. On January 9, 2013, the Court denied the *Emergency Motion by Sidney T. Lewis and Yvonne D. Lewis for Order Issued To Debtor's Claims Administrator To Distribute Payment of Statutorily Allowed Claim Nos. 932 and 933 Under 11 U.S.C.A. §§ 502(a), (g)(1), 510(b) Instanter; Grounded on Debtor's Lack of Inconsistent Position for Consent Judgments Under Doc. 13, USDC, D.C., Case No. 1:12-CV-361; FRB Docket No. 11-020-B-HC; and "Uncured" Executor Contracts Under 11 U.S.C.A. §§ 365(b)(1)(A), (c)(2), see Debtor's Motion (Doc. 61 and 61-1), Interim Order (Doc. 81), and FNMA's Obj. (Doc. 2102)* (ECF Doc. # 2348).

Numerous orders have been entered against the Lewises finding their pleadings to be frivolous or declaring them to be vexatious litigants.[1] The most recent sanctions Motion, filed in three separate courts, is just a continuation of the Lewises pattern of frivolous filings. In so far as the Debtors are concerned, the Motion seeks to impose sanctions on the "Debtor GMAC and/or [counsel to the Debtors and the Creditors Committee]." Like so many of the other filings by the Lewises, this one is incomprehensible. It is sufficient here to say that the Court has reviewed the Motion and concludes that Motion is without merit.

---

[1] *See, e.g.,* Order, *Lewis v. Holbrook*, Case No. 08-3357 (6th Cir. Aug. 14, 2008) ("Upon review, the motion is denied because any appeal by the Lewises would be frivolous."); Order Denying Debtor's Motion to Show Cause why Lindsey Sessile should not be Held in Contempt and Punished for Criminal Obstruction of Justice, *In re Sidney T. Lewis*, Case No. 07-57237 (Chapter 7) (Bankr. S.D. Ohio Apr. 27, 2009) ("In addition to being largely incomprehensible, the Motion is frivolous."); Omnibus Order Striking Notices of Removal and Denying Accompanying Motions to Proceed in Forma Pauperis, *In re Sidney T. Lewis*, Case No. 07-57237 (Chapter 7) (Bankr. S.D. Ohio Apr. 27, 2009) (characterizing the multiple removal notices filed by the Lewises as "frivolous" and determining that "[t]his Court will entertain no further notices by the Debtor or his spouse to remove actions to this Court"); Order Denying the Lewises' Motion to Proceed in Forma Pauperis on Appeal, *Lewis v. McLatchy*, Case No. 2:09-CV-936 (S.D. Ohio Jan. 5, 2010) ("For essentially the same reasons set forth in [previous Court orders] finding Mr. and Mrs. Lewis to be vexatious litigators, the Court cannot certify this appeal. Any argument raised on appeal would appear to be frivolous."); Order (1) Denying Motions to Proceed in Forma Pauperis; (2) Denying Motion to Reopen Case; and (3) Striking Notices of Removal, *In re Sidney T. Lewis,* Case No. 07-57237 (Chapter 7) (Bankr. S.D. Ohio Mar. 23, 2012) (finding that "[e]nough is enough" and noting that "[s]ince the filing of this case five years ago, the Court has expended far more of its scarce resources on Lewis's repetitious and frivolous filings than is justified"); Order Denying Motion to Reopen Closed Bankruptcy Case, *In re Yvonne Decarol Lewis,* Case No. 05-75111 (Chapter 7) (Bankr. S.D. Ohio Sept. 19, 2006) ("Debtor . . . has been cautioned against filing groundless pleadings in closed cases or adversary proceedings . . . . Further filings of baseless pleadings will result in the Court conducting a hearing to show cause why monetary sanctions should not be imposed."); Order Declaring Sidney T. Lewis and Yvonne D. Lewis to be Vexatious Litigators, *Lewis v. North Am. Specialty Ins. Co.,* Case No. 2:09-cv-179 (S.D. Ohio June 5, 2009) ("Plaintiffs are hereby warned that Rule 11 sanctions will be imposed if they continue to file frivolous lawsuits . . . . Furthermore, it is ORDERED that plaintiffs are barred from filing any action in this Court without submitting a certification from an attorney that their claims are warranted."); Order Denying the Lewises' Motion to Vacate and for Supplemental Leave to File, *Lewis v. North Am. Specialty Ins. Co.,* Case No. 2:09-cv-179 (S.D. Ohio Dec. 16, 2009) (denying the Lewises' motion to vacate after they filed the motion in violation of the anti-filing bar in place against them); Order Denying the Lewises' Motion to Proceed on Appeal in Forma Pauperis, *Lewis v. North Am. Specialty Ins. Co.,* Case No. 2:09-cv-179 (S.D. Ohio October 4, 2012) ("On June 5, 2009, before entering judgment, the Court declared Sidney T. Lewis and Yvonne D. Lewis to be vexatious litigators and ordered that they would not be permitted to proceed *in forma pauperis* in the future without first submitting a certificate from an attorney certifying that their claims were warranted.")

The Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:   September 16, 2013
         New York, New York

                                                                   ___*Martin Glenn*_____
                                                                   MARTIN GLENN
                                                                   United States Bankruptcy Judge

3