**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, *et al.* <br><br> Debtors. | Case No. 12-12020 (MG) <br><br> Jointly Administered |

## ORDER DENYING "CONTEST" OF ERLINDA ABOBAS ANIEL

Pending before the Court is the *Contest of Transfer of Plaintiff's Mortgage to Ocwen Loan Servicing* (the "Contest"). (ECF Doc. # 3869. The "Contest" was filed *pro se* by Erlinda Abibas Aniel ("Aniel"), an individual who resides in California and is no stranger to the federal courts. The "Contest" was filed as a pleading in the Debtors' main bankruptcy case; it was not commenced as an adversary proceeding. The Debtors filed a response (ECF Doc. # 4816), and Aniel filed a reply (ECF Doc. # 4912). The Court is deciding the matter based on the pleadings without scheduling a hearing. For the reasons explained below, the request for relief in the "Contest" is **DENIED** and it is **DISMISSED**.

The relief sought in the "Contest" purports, in part, to seek a "clarification" of a prior *final* order of this Court approving the sale of Debtors' loan servicing business to Ocwen. The sale to Ocwen closed on February 15, 2013. Aniel did not file a timely objection to the sale of the loan servicing business, and there is nothing about the order approving the sale that requires "clarification."

Aniel's $2 million loan on property located in Hillsborough, California is secured by a deed of trust that has been the subject of the loan servicer's efforts to foreclose for non-payment. While one of the Debtors previously serviced the loan, the Debtors never owned the loan and

mortgage. Ocwen is now the loan servicer and, in that capacity, is apparently continuing efforts to foreclose.

What Aniel really seeks is to have this Court declare the deed of trust that secures her mortgage to be "null and void." Aniel and her husband have been seeking and have been denied that relief in several different proceedings in federal courts in California. The history of the efforts by Erlinda Aniel and/or her husband to avoid foreclosure need not be recounted here in any detail. It is enough to say that they are or have been parties to several bankruptcy proceedings filed in the United States Bankruptcy Court for the Northern District of California, as well as appeals from orders of that bankruptcy court to the district court and, now, to the Ninth Circuit, as well as actions filed in the first instance in the United States District Court for the Northern District of California. All or most of these proceedings appear to have been filed in an effort to stop the foreclosure of Aniel's property. All of the Aniels' efforts so far to stop the foreclosure have been unsuccessful. One of the prior chapter 7 bankruptcy cases resulted in the personal liability for the mortgage loan to be discharged, but as Judge Montali of the Northern District of California Bankruptcy Court has made clear in several orders, while the personal liability has been discharged, the mortgage lien remains unaffected and may be enforced through foreclosure. *See Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Even if any of the Debtors asserted a lien on Aniel's property (which they do not), relief declaring the lien to be null and void could not, in any event, be granted in Debtors' main bankruptcy case where the "Contest" has been filed; but it is equally clear that such relief could not and would not be granted by this Court if the "Contest" had been filed as an adversary proceeding; the Debtors do not assert any lien on the property to declare null and void. If Aniel is going to continue to litigate her claims, Aniel is going to have to do so in one of the still pending California federal

court proceedings. Because Ocwen rather than the Debtors is currently servicing the Aniel mortgage, the outcome of the pending California cases will not have any conceivable effect on the Debtors' pending bankruptcy case so this Court would not have subject matter jurisdiction over the dispute if it was filed as an adversary proceeding.

　　The pleadings in this Court are another effort to obtain relief from the orders already entered by the federal courts in California permitting the foreclosure to move forward. This Court cannot review the decisions of any of the federal courts in California.

　　For the foregoing reasons the relief requested in the "Contest" is **DENIED** and the "Contest" is **DISMISSED**. Any further efforts to obtain similar relief from this Court may well be frivolous. Aniel is warned that further filings may lead to the imposition of sanctions, including the costs and expenses of Debtors' counsel in responding to any further pleadings.

　　**IT IS SO ORDERED.**

Dated:　　September 17, 2013
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　___*Martin Glenn*___
　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge