Robert Sweeting, Pro Per
7071 Warner Ave., Unit F-81
Huntington Beach, CA 92647
Ph. 562-394-8218

Claimant Robert Sweeting in Pro Per

UNITED STATES BANKRUPTCY CO8URT

SOUTHERN DISTRICT OF NEW YORK

| In re: | Case No.: 12-12020 (MG) |
|---|---|
| RESIDENTIAL CAPITAL, LLC., et al., | Chapter 11 |
| | Jointly Administered |
| *Debtors.* | OBJECTIONS TO DECLARATION OF LAUREN GRAHAM DELEHEY. |

Objections to Delaney Declaration:

1.  Plaintiff objects to ¶ 4 where the Declarant states,

"Claimant was a borrower under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $773,500.00 executed on December 8, 2006 in favor of Fremont Investment & Loan ("**Fremont**") which was secured by a Deed of Trust (the "**Deed of Trust**") on Claimant's home located at 16077 Crete Lane, Huntington Beach, California (the "**Property**").

OBJECTIONS

**Insufficient foundation.** The admissibility or inadmissibility of proposed evidence depends on proof of a preliminary fact. A witness declaration is admissible unless a foundation is laid showing that the declaration falls within an exception to the hearsay rule. Specifically, the

preliminary fact is the personal knowledge of the declarant. Claimant further objects on the grounds of hearsay. Declarant has no personal knowledge of the facts set forth in the alleged Loan and Note. While the Court may take judicial notice of the filing of these documents with the Orange County Recorder's Office, it may not take judicial notice of the facts set forth in those documents.

2. Paragraph 5 where the declarant states,

"On or about August 3, 2007, servicing of the Loan was transferred from Fremont to GMAC Mortgage."

OBJECTIONS

**Insufficient foundation**. The admissibility or inadmissibility of proposed evidence depends on proof of a preliminary fact. A witness declaration is admissible unless a foundation is laid showing that the declaration falls within an exception to the hearsay rule. Specifically, the preliminary fact is the personal knowledge of the declarant. **Hearsay**. The declarant is not the custodian of records for debtor and has no personal knowledge of the facts set forth in this paragraph.

3. Paragraph 6 where the declarant states,

"On or about September 22, 2008, as a result of Claimant's continuing default under the Loan, GMAC Mortgage caused the Property to be sold at a trustee's sale, at which GMAC Mortgage was the winning bidder. The Property was later sold by GMAC Mortgage to a third party purchaser.

OBJECTIONS

**Insufficient foundation**. The admissibility or inadmissibility of proposed evidence depends on proof of a preliminary fact. A witness declaration is admissible unless a foundation is laid showing that the declaration falls within an exception to the hearsay rule. Specifically, the

preliminary fact is the personal knowledge of the declarant. **Hearsay**. The declarant is not the custodian of records for debtor and has no personal knowledge of the facts set forth in this paragraph.

4.    Exhibits A1 through M

Claimant objects on the grounds Counsel for Debtors and Debtors in Possession has failed to properly request Judicial Notice of these documents as is required by FRE § 201(c)(2) which provides, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Counsel has failed to request judicial notice and has failed to place before the Court certified copies of the subject exhibits, all of which were allegedly filed in the California Courts. Counsel has placed these documents for consideration of the Court on the grounds of Counsel's alleged personal knowledge of the underlying cases. To that extent, counsel has laid an **Insufficient foundation**. A witness declaration is admissible unless a foundation is laid showing that the declaration falls within an exception to the hearsay rule. Specifically, the preliminary fact is the personal knowledge of the declarant. **Hearsay**. The declarant is not the custodian of records for debtor and has no personal knowledge of the facts set forth in support of these exhibits.

Dated: September 16, 2013

By: /s/ Robert Sweeting

Robert Sweeting, In Pro Per

[C:\document\Hertz, Steven\Sweeting, Robert\GMAC BK\Objections to Delaney Declaration.wpd]