Exhibit "1"

FROM : BERGKVIST_BERGKVIST-&-CARTER       FAX NO. :562-495-4255          Mar. 20 2008 09:11AM P2/66

**SUM-100**

## SUMMONS
### (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT**
*(AVISO AL DEMANDADO):*
JASON KISHABA, an individual; SANDRA JAQUEZ, an
individual, PETER SAUERACKER, an individual,
INTERNATIONAL MORTGAGE, INC.; (See attachment)

☐ DOES _____ TO ___

**YOU ARE BEING SUED BY PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT SWEETING

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAR 20 2008**

ALAN SLATER, Clerk of the Court

BY M. LAU

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.* 30-2008

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de a corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West<br><br>Santa Ana, CA. 92701 | CASE NUMBER:<br>*(Número del Caso):* 00104237<br><br>JUDGE RANDELL L. WILKINSON<br>DEPT. C25 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard J. Cowles, Esq. BBN (36715)
Bergkvist, Bergkvist & Carter, LLP
400 Oceangate, Suite 800
Long Beach, CA. 90802

CALIFORNIA STATE BAR NO.: TELEPHONE NO. (562) 495-1426    FACSIMILE NO. (562) 495-4255

DATE: **MAR 20 2008**
*(Fecha)*

ALAN SLATER    Clerk, by NORRI M. LAU    , Deputy
*(Secretario)*                           *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

SWEETING

MacForms (909) 535-4302

**30-2008** SUM-200(A)

| SHORT TITLE: | ROBERT SWEETING | CASE NUMBER: |
|---|---|---|
| —vs— | JASON KISHABA, an individual; | **00104237** |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

*GMAC MORTGAGE LLC.;*

CAITLIN CHEN, an individual; FREMONT INVESTMENT AND LOAN, INC.; all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaintiff's title thereto and DOES 1 through 25, inclusive,

*information per phone call w/ county recorder on 3/30/08.*

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]
MacForms (509) 535-4382

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

SWEETING

1  Paul J. Carter, Esq. (SBN #189780)
   Richard J. Cowles, Esq. (SBN #236785)
2  BERGKVIST, BERGKVIST & CARTER, LLP
   400 Oceangate, Suite 800
3  Long Beach, California 90802
   Telephone: (562) 435-1426
4  Facsimile: (562) 495-4255

5  Attorneys for Plaintiff
   ROBERT SWEETING
6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF ORANGE

10  ROBERT SWEETING            )    Case No.
11                            )
               Plaintiff,     )    VERIFIED COMPLAINT FOR:
12                            )
               v.             )    1.  NEGLIGENCE;
13                            )    2.  NEGLIGENT
    JASON    KISHABA,    an   )        MISREPRESENTATION;
14  individual;      SANDRA   )    3.  FRAUD/INTENTIONAL
    JAQUEZ,   an   individual,)        MISREPRESENTATION;
15  PETER    SAUERACKER,   an )    4.  CONSPIRACY TO COMMIT
    individual, INTERNATIONAL )        FRAUD;
16  MORTGAGE,  INC.;  CAITLIN )    5.  CANCELLATION OF
    CHEN,    an    individual;)        WRITTEN INSTRUMENT;
17  FREMONT   INVESTMENT  AND )    6.  TEMPORARY RESTRAINING
    LOAN,  INC.;  GMAC MORTGAGE)       ORDER/PRELIMINARY AND
18  LLC.;    all    persons   )        PERMANENT INJUNCTION;
    unknown,   claiming   any )    7.  BREACH OF FIDUCIARY
19  legal or equitable right, )        DUTY;
    title,  estate,  lien  or )    8.  QUIET TITLE;
20  interest in the property  )    9.  BREACH OF CONTRACT;
    described       in    the )    10. VIOLATION OF BUSINESS
21  complaint   adverse    to )        & PROFESSIONS CODE
    plaintiff's title, or any )        §17200;
22  cloud   on   plaintiff's  )    11. BREACH OF GOODFAITH
    title thereto and DOES 1  )        AND FAIR DEALING;
23  through 25, inclusive,    )    12. VIOLATION OF TRUTH
                              )        AND LENDING ACT; and
24                            )    13. CONVERSION.
25             Defendants.    )
                              )
26                            )

27  ─────────────────────────────

28        Plaintiff, ROBERT SWEETING, (hereinafter alternatively

    "Plaintiff/SWEETING") alleges as follows:

                        VERIFIED COMPLAINT - 1

**EXHIBIT 1**

*Exhibit #1*

Exhibit "2"

**SUM-130**

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER-EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE-DESALOJO)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** ROBERT SWEETING, and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** GMAC MORTGAGE, LLC

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUPERIOR COURT ... CALIFORNIA

NOV 12 2008

ALAN CARLSON, Clerk of the Court

BY _____ DEPUTY

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.)   A letter or phone call will not protect you.  Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito).  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| 1.  The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court-West Justice Center<br>8141 13th Street, Westminster, CA 92683 | CASE NUMBER:<br>*(Número del caso):*<br>00221178 |

2.  The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   ROBERT J. JACKSON (SBN 53809)
   DOUG V. PHAM (SBN 216482)                                                    Telephone No. (949) 854-2244
   Jackson & Associates, Inc., 4199 Campus Drive, Suite 700, Irvine, CA 92612

3.  *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400-6415)  [X]  did **not** [ ]  did
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

| | | | |
|---|---|---|---|
| Date:<br>*(Fecha)* NOV 12 2008 | ALAN CARLSON | Clerk, by _____ L. Mendez _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4.  **NOTICE TO THE PERSON SERVED:** You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)             [ ] other *(specify):*

5.  [ ] by personal delivery on *(date):*

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. ... 2004]

**SUMMONS-UNLAWFUL DETAINER-EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ROBERT J. JACKSON (Bar No. 53809)
DOUG V. PHAM (Bar No. 216482)
Jackson & Associates, Inc., 4199 Campus Drive, Suite 700, Irvine, CA 92612

TELEPHONE NO.: (949) 854-2244       FAX NO. *(Name)*: (949) 854-4752

ATTORNEY FOR *(Name)*: GMAC

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 8141 13th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Westminster 92683
BRANCH NAME: West

CASE NAME: GMAC v. ROBERT SWEETING; et al.

SUPERIOR COURT OF CALIFORNIA

NOV 12 2008

ALAN CARLSON, Clerk of the Court

BY: _____ DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2008 |
|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) ☒ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: 00221170 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☒ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*: One (1)
5. This case ☐ is ☒ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2008

DOUG V. PHAM
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | GRCA495 | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|---|

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here an you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name)*:

**NAME OF COURT:** Orange County Superior Court-West Justice Center

STREET ADDRESS:
MAILING ADDRESS: 8141 13th Street
CITY AND ZIP CODE: Westminster, CA 92683
BRANCH NAME: West

PLAINTIFF: GMAC MORTGAGE, LLC

DEFENDANT: ROBERT SWEETING; et al.

30-2008

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

CASE NUMBER:
00221178

Complete this form only if ALL of these statements are true:
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer eviction) Complaint was filed
3. You still occupy the premises

*(To be completed by the process server)*
DATE OF SERVICE: 11/15/2008
*(Date that this form is served or delivered, and posted, and mailed by the officer of process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:
1. My name is *(specify)*:

2. I reside at *(street address, unit No., city and ZIP code)*:

3. The address of "the premises" subject to this claim is *(address)*:

4. On *(insert date)*: _____ , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make the claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ _____ or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [New January 1, 1991]
GRCA495

**PREJUDGMENT CLAIM OF RIGHT
TO POSSESSION**

Code of Civil Procedure § 415.46,
715.010, 715.020, 1174.25

ROBERT J. JACKSON
Attorney Bar No. 53809
DOUG V. PHAM
Attorney Bar No. 216482
Jackson & Associates, Inc.
4199 Campus Drive, Suite 700
Irvine, California 92612
(949) 854-2244

Attorney for Plaintiff

SUPER~~~~~~~~~~~~~~~~~FORNIA

~~~~~~~~~~~~~~~

ALAN CARLSON, C~~~~~~ Court

BY ~~~~~~~~~~~~~~~~ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

ORANGE COUNTY – WEST JUSTICE CENTER

30-2003

00221178

|  |  |
|---|---|
| GMAC MORTGAGE, LLC | CASE NO.: |
| Plaintiff, | **COMPLAINT IN UNLAWFUL DETAINER** |
| vs. | LIMITED CIVIL JURISDICTION |
| | POST-FORECLOSURE EVICTION |
| ROBERT SWEETING; and DOES 1 through 100, inclusive | AMOUNT DEMANDED DOES NOT EXCEED $10,000 |
| Defendant. | Property Address: |
| | 16077 CRETE LN HUNTINGTON BEACH, CA 92649 |

Plaintiff GMAC MORTGAGE, LLC ("GMAC") alleges as follows:

1. GMAC is now and at all times relevant was an entity qualified to commence this action.

2. The names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, are unknown to Plaintiff at this time. These defendants will be served pursuant to *Code of Civ. Proc.* § 415.46.

3. The property of which Plaintiff seeks possession is located at 16077 CRETE LN, HUNTINGTON BEACH, CA 92649 (the "Premises"). Said Premises is located within this Superior Court Judicial District.

4. Possession of the Premises is sought pursuant to *Code of Civ. Proc.* § 1161a. Plaintiff obtained

title to the Premises and right to possession thereof by its purchase at a foreclosure sale validly held in compliance with *Civil Code* § 2924, the particulars of which are as follows:

    A. ROBERT SWEETING executed as Trustor(s) a Deed of Trust, with power of sale, recorded on or about 12/20/2006 in the Official Records of Orange County as Instrument Number 2006000850787, which Deed of Trust encumbered the Premises.

    B. Pursuant to the foreclosure and sale of the Premises, under the power of sale contained in the Deed of Trust and in compliance with *Civil Code* § 2924, the Trustee of said Deed of Trust sold and conveyed title to the Premises to GMAC, pursuant to a Trustee's Deed Upon Sale recorded on or about 10/28/2008 in the Official Records of Orange County as Instrument Number 2008000495073.

5.  Title is and has been perfected in GMAC on 10/28/2008.

6.  Plaintiff is informed, believes, and thereon alleges that Defendants ROBERT SWEETING and DOES 1 through 50 were in possession of the Premises at the time of sale, and that said Defendants and DOES 51 through 100 remained in possession after the sale.

7.  On or about 11/05/2008, Plaintiff caused to be served on Defendants ROBERT SWEETING and DOES 1 through 100 a written Notice to Vacate Property pursuant to *Code of Civ. Proc.* § 1162, a copy of which Notice is attached hereto as Exhibit 'A' and incorporated herein by reference.

8.  The Notice expired at midnight on 11/10/2008, and since 11/11/2008 Plaintiff is and has been entitled to immediate possession of the Premises.

9.  Defendants and each of them failed and refused to surrender possession within or since the notice period, and continue in possession of the Premises without Plaintiff's consent.  Unnamed Defendants shall be served pursuant to *Code of Civ. Proc.* § 415.46.

10. Plaintiff is informed, believes, and thereon alleges that the reasonable rental value of the Premises is $22.00 per day, and that damages to the Plaintiff proximately caused by Defendants' unlawful detention of the Premises have accrued at that rate since 11/11/2008 and will continue to accrue at that rate so long as Defendants remain in possession of the Premises.

WHEREFORE, Plaintiff requests judgment as follows:

1.  For possession of the Premises;

2. For damages for the unlawful detention of the Premises at the rate of $22.00 per day from 11/11/2008 until the entry of judgment;

3. For costs of suit; and

4. For such other and further relief as the Court deems appropriate.

Date:  November _12_, 2008

Jackson & Associates, Inc.

By:

_____

DOUG V. PHAM
Attorney for Plaintiff

EXHIBIT "A"

# NOTICE TO VACATE PROPERTY

TO:    ROBERT SWEETING &
       All occupants residing at
       16077 CRETE LN
       HUNTINGTON BEACH, CA 92649

NOTICE IS HEREBY GIVEN THAT GMAC MORTGAGE, LLC ("GMAC"), or its predecessor in interest, purchased the property located at 16077 CRETE LN, HUNTINGTON BEACH, CA 92649 (the "Premises") at a foreclosure sale held in accordance with Civil Code § 2924 and pursuant to the power of sale contained in a Deed of Trust recorded on 12/20/2006 as Instrument Number 2006000850787 in the Official Records of ORANGE County, and that title to the Premises is duly perfected in GMAC.

NOTICE IS FURTHER GIVEN THAT:

1. Within **three (3) days** after service on you of this Notice, in the event you are the Trustor(s) of the Deed of Trust described above, a successor in interest to said Trustor(s), or a family member of said Trustor(s); **or,**

2. Within **sixty (60) days** after service on you of this Notice, in the event you are tenant or a subtenant of the Trustor(s) of the Deed of Trust described above, or a tenant or a subtenant of a successor in interest to said Trustor(s):

You are required to vacate and surrender possession of the Premises, or the portion in which you reside, to GMAC through TOM MOON, its agent, who can be reached at (714) 465-9969 X 224 from 9:00 a.m. to 5:00 p.m. on all business days.

If you fail to vacate and surrender possession within the applicable period as set forth above, GMAC will commence eviction proceedings against you to recover possession of the Premises and for damages caused by your unlawful detention of the Premises.

This Notice is given pursuant to the provisions of Code of Civil Procedure §§ 1161a and 1161b. If you have any questions about this Notice, please fax your inquiry to Jackson & Associates, Inc., attorney for GMAC, at (949) 892-1325.

Dated: November 5 , 2008

Jackson & Associates, Inc.

By:

DOUG V. PHAM
Attorney for GMAC,
its assignees and/or successors
GRCA495

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br><br>Jackson & Associates<br>4199 Campus Dr Ste 700<br><br>Irvine          CA          92612<br>ATTORNEY FOR (Name | TELEPHONE NO<br>(949) 854-2244 | FOR COURT USE ONLY |
|---|---|---|
| Insert of Court Name of Judicial District and Branch Court if any | | |
| SHORT TITLE OF CASE | | |
| 1539029          (HEARING) Date          Time          Dept | | Case Number<br><br>REFERENCE NO.<br>GRCA495 |

## PROOF OF SERVICE

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED THE:

3/60 DAY NOTICE TO VACATE PROPERTY

BY SERVING SAID NOTICE AS AUTHORIZED BY C.C.P. 1162(2,3)

TO THE TENANT:      Robert Sweeting

ON:    11/5/2008        TIME OF DELIVERY:  3:11:00 PM

BY POSTING A COPY OF SAID NOTICE IN A CONSPICUOUS PLACE ON THE PROPERTY THEREIN DESCRIBED, THERE BEING NO PERSON OF SUITABLE AGE OR DISCRETION TO BE FOUND AT ANY KNOWN PLACE OF RESIDENCE OR BUSINESS OF SAID TENANT; AND MAILING A COPY TO SAID TENANT BY DEPOSITING SAID COPIES IN THE UNITED STATES MAIL IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID, ADDRESSED TO THE TENANT AT:

ADDRESS:  16077 Crete Ln                                          ON  11/5/2008
               Huntington Beach          CA          92649

| 7a. Person Serving:      Linelle          Northcott | d. The fee for service was          $127.00<br>e. I am: |
|---|---|
| .. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626<br><br>.. (714) 662-5555 | (1)      not a registered California process server:<br>(3) X    registered California process server:<br>(i) Independent Contractor<br>(i) Registration No.<br>(i) County:    ORANGE                    2164 |

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.      Linelle          Northcott

11/7/2008

X _____
                              SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

**PROOF OF SERVICE**                                                          CRC 982(A)(23)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| Jackson & Associates<br>4199 Campus Dr Ste 700<br><br>Irvine            CA          92612 | (949) 854-2244 | |

ATTORNEY FOR (Name

Insert of Court Name of Judicial District and Branch Court if any

SHORT TITLE OF CASE

| 1540569        (HEARING) Date | Time | Dept | Case Number |
|---|---|---|---|
| | | | REFERENCE NO.<br>GRCA495 |

### PROOF OF SERVICE

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS
ACTION, AND I SERVED THE:

3/60 DAY NOTICE TO VACATE PROPERTY

BY SERVING SAID NOTICE AS AUTHORIZED BY C.C.P. 1162(2,3)

TO THE TENANT:    All Occupants

ON:  11/5/2008        TIME OF DELIVERY:  3:11:00 PM

BY POSTING A COPY OF SAID NOTICE IN A CONSPICUOUS PLACE ON THE PROPERTY
THEREIN DESCRIBED, THERE BEING NO PERSON OF SUITABLE AGE OR DISCRETION TO
BE FOUND AT ANY KNOWN PLACE OF RESIDENCE OR BUSINESS OF SAID TENANT; AND
MAILING A COPY TO SAID TENANT BY DEPOSITING SAID COPIES IN THE UNITED STATES
MAIL IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID, ADDRESSED TO THE
TENANT AT:

ADDRESS:  16077 Crete Ln
              Huntington Beach          CA          92649          ON  11/5/2008

7a. Person Serving:        Linelle        Northcott

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

c. (714) 662-5555

i. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct.    Linelle        Northcott

11/7/2008

d. The fee for service was            $0.00
e. I am:

(1)        not a registered California process server:
(3) X      registered California process server:
   (i) Independent Contractor
   (i) Registration No:                          2164
   (i) County:    ORANGE

X _____
                    SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

### PROOF OF SERVICE

CRC 982(A)(23)

VERIFICATION

I, DOUG V. PHAM, declare:

    1.  I am an attorney duly licensed to practice before this court.

    2.  My office is located in Orange County, CA, and Plaintiff has no officers in said county who have any personal knowledge of this matter.

    3.  I have read the foregoing Complaint and know the contents thereof.  I am informed and believe the matters therein to be true and on that ground allege that the matters stated therein are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12 day of _November_ , 20 08 at Irvine, California.

_____
DOUG V. PHAM

Exhibit "3"

SUM-130

# SUMMONS
## (CITATION JUDICIAL)
### UNLAWFUL DETAINER – EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE – DESALOJO)

| |
|---|
| FOR COURT USE ONLY |
| (SOLO PARA USO DE LA CORTE) |
| **FILED** |
| SUPERIOR COURT OF CALIFORNIA |
| COUNTY OF ORANGE |
| WEST JUSTICE CENTER |
| **AUG 21 2009** |
| ALAN CARLSON, Clerk of the Court |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ROBERT SWEETING, and DOES 1-5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ISLAND SOURCE II LLC, A DELAWARE LIMITED LIABILITY COMPANY

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last days falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | CASE NUMBER |
|---|---|
| | (Número del caso): |
| | 30-2009 |
| | 00295347 |

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
   8141 13TH STREET
   WESTMINSTER, CA 92683
   WEST JUSTICE CENTER     LIMITED CIVIL CASE

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   DAVID R. ENDRES, APC (CA Bar No. 123564)     (530) 750-3700
   THE ENDRES LAW FIRM, A PROFESSIONAL CORPORATION     (530) 750-3344
   2121 2ND STREET, SUITE C105
   DAVIS, CA 95618

3. *(Must be Answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§6400-6415) ☒ did not ☐ did
   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: AUG 21 2009     ALAN CARLSON     Clerk, by _____ Lisa Armstrong, Deputy
*(Fecha)* _____ *(Secretario)* _____ *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | 4. NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| | a. ☐ as an individual defendant. |
| | b. ☐ as the person sued under the fictitious name of *(specify):* |
| | c. ☒ as an occupant |
| | d. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) |
| | ☐ CCP 416.46 (occupant) ☐ other *(specify):* |
| | 5. ☐ by personal delivery on *(date):* |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20,41
5.458.1 107
www.courtinfo.ca.gov



```
 1   DAVID R. ENDRES, APC (CA Bar No. 123564)
     THE ENDRES LAW FIRM
 2   A PROFESSIONAL CORPORATION
     2121 2ⁿᵈ STREET, SUITE C105
 3   DAVIS, CA 95618
     TELEPHONE: 530-750-3700
 4   FACSIMILE: 530-750-3366
     dendres@dre-apc.com
 5
 6   Attorney for Plaintiff
     ISLAND SOURCE II LLC, A DELAWARE LIMITED LIABILITY COMPANY
 7
```

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
WEST JUSTICE CENTER

**AUG 21 2009**

ALAN CARLSON, Clerk of the Court

BY:_____DEPUTY

BY FAX

```
 8                  SUPERIOR COURT OF CALIFORNIA
 9                     COUNTY OF ORANGE
10                    WEST JUSTICE CENTER
11                    LIMITED CIVIL CASE        30-2009
12   ISLAND SOURCE II LLC, A DELAWARE )  Case No.   0 0 2 9 5 3 4 7
     LIMITED LIABILITY COMPANY,       )
13                                     )
14        Plaintiff,                   )
                                       )  VERIFIED COMPLAINT FOR
15   v.                                )  UNLAWFUL DETAINER
                                       )
16   ROBERT SWEETING, and DOES 1-5,    )  AMOUNT DEMANDED DOES NOT
                                       )  EXCEED $10,000
17        Defendants.                  )
                                       )
18
```

Plaintiff alleges:

      1.    Plaintiff is a Delaware corporation having its principal offices in the City of Minnetonka, State of Minnesota, and is and was at all times mentioned herein qualified to do business in California.

      2.    The real property, possession of which is sought in this action, is situated in Orange County, California, in the above-named judicial district, and is commonly described as: 16077 Crete Lane, Huntington Beach, California 92649. Assessor's Parcel Number 178-741-30 ("the Property").

      3.    The true names and capacities of Does 1 through 5, inclusive, are presently unknown to plaintiff, who therefore sues such defendants under such fictitious names pursuant to

---

1

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

1  Section 474 of the California Code of Civil procedure. Plaintiff is informed and believes, and on

2  such information and belief alleges, that each such "Doe" defendant is in possession of the Property,

3  without the permission or consent of plaintiff, and plaintiff will amend this complaint to state the

4  true names and capacities of said defendants when the same have been ascertained.

5          4.      On September 22, 2008, the Property was sold to plaintiff's predecessor in

6  interest at a trustee's sale in accordance with Civil Code Sections 2923.5 and 2924 *et seq.* under a

7  power of sale contained in a Deed of Trust dated December 8, 2006, executed by ROBERT

8  SWEETING, an unmarried man, as trustor(s).

9          5.      Plaintiff is the owner of the Property by virtue of a subsequent Grant Deed

10 from the purchaser at the trustee's sale, dated May 19, 2009, which was duly recorded in the office

11 of the recorder of Orange County on May 27, 2009, as Instrument No. 2009000266048.   Plaintiff

12 is entitled to immediate possession of the property. Plaintiff purchased the Property without notice

13 of any claims by Defendant of any defects or irregularities in the said trustee's sale and is thus a good

14 faith purchaser for value of the Property. A copy of said Grant Deed is attached hereto, marked as

15 Exhibit "A", and incorporated herein by this reference.

16         6.      On June 17, 2009, in the manner provided by law, plaintiff caused to be served

17 on defendant a written notice requiring defendants to vacate and deliver up possession of the

18 Property to plaintiff within 3 days after service of said notice. A copy of said Notice is attached

19 hereto, marked as Exhibit "B", and made a part hereof. The Notice was served in the manner

20 provided by law and as more particularly described in the attached Proof of Service, marked as

21 Exhibit "C", which is incorporated herein by this reference.

22         7.      More than 3 days have elapsed since the service of said Notice, but defendants

23 have failed and refused to deliver up possession of the Property.

24         8.      Defendants continue in possession of the Property without plaintiff's

25 permission or consent.

26         9.      The reasonable value for the use and occupancy of the Property is the sum of

27 $90.00 per day, and damages to plaintiff caused by defendants' unlawful detention thereof have

28 accrued at said rate since June 22, 2009, and will continue to accrue at said rate so long as defendants

**2**

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

1  remain in possession of the Property.

2        10.     Pursuant to California Evidence Code Section 453, Plaintiff states that at the

3  time of trial it will request judicial notice be taken of certified copy of the recorded document

4  referred to in paragraph 4 hereof and all proofs of service then on file herein.

5       WHEREFORE, plaintiff prays judgment against defendants as follows:

6        1.    For restitution and possession of the Property;

7        2.    For damages in the amount of $90.00 per day from June 22, 2009, and for

8        each day that defendants continue in possession of the Property through the

9        date of entry of judgment; and

10        3.    For costs and for such other and further relief as the court may deem just and

11        proper.

12

13                    THE ENDRES LAW FIRM

14

15  Dated: August 18, 2009           By: _____

16                    David R. Endres, APC
                  Attorney for Plaintiff

17                    ISLAND SOURCE II LLC, A DELAWARE
                  LIMITED LIABILITY COMPANY

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

**VERIFICATION**

I, the undersigned, declare:

I have read the foregoing Verified Complaint For Unlawful Detainer and know its contents.

I am the attorney or one of the attorneys for ISLAND SOURCE II LLC, A DELAWARE LIMITED LIABILITY COMPANY, a party to this action. Such is absent from the county where I or such attorneys have their offices and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of that party. I am informed and believe and on that basis allege that the matters stated in said document are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of August, 2009, at Davis, California.

By: _____
David R. Endres, Attorney at Law

4

**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

**LEGAL DESCRIPTION**

Real property in the City of Huntington Beach, County of Orange, State of California, described as follows:

PARCEL 1: LOT 30 OF TRACT NO. 9924, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 431, PAGE(S) 22 AND 23 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
PARCEL 2: AN EASEMENT FOR USE AND ENJOYMENT OF THE COMMON AREA, BEING LOT 46 OF SAID TRACT NO. 9924, REFERRED TO IN PARCEL 1 ABOVE, AS SET FORTH IN THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS RECORDED IN BOOK 12914, PAGE(S) 929, ET SEQ., OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

APN: 178-741-30

Order No.:  **91402-934713-09**

## NOTICE TO OCCUPANT(S) TO VACATE PREMISES

### Located At:

### 16077 CRETE LANE
### HUNTINGTON BEACH, CA 92649

**TO ALL PERSONS WHO ARE IN THE POSSESSION OF AND OCCUPY THE REAL PROPERTY AT THE ABOVE ADDRESS:**

**YOU ARE HEREBY NOTIFIED** that your right to occupy the real property at the above address has been terminated as the result of the sale of said property by the Trustee under a power of sale contained in a Deed of Trust which appeared of record against said property.

You are required to quit and deliver up possession of the above real property to the undersigned, as agent for the owner, within the notice period specified below. In the event you fail to do so you will be deemed to be unlawfully detaining the premises, which will result in commencement of court proceedings against you by the owner to recover possession of the premises, together with court costs and the reasonable rental value of the property for each day of your continued occupancy thereof.

### NOTICE

To avoid a lawsuit and the associated expense, it is necessary for you to vacate the above property within THREE (3) Days after service upon you of this Notice, unless (1) you obtained possession of the property as a "tenant or subtenant" under a "lease or rental agreement" as those terms are used in California Code of Civil Procedure section 1161b, in which event it will be necessary for you to vacate the premises within SIXTY (60) DAYS after service upon you of this Notice; or (2) you obtained possession of the property as a "bona fide tenant" under a "bona fide lease" as those terms are used in the Protecting Tenants at Foreclosure Act of 2009, in which event it will be necessary for you to vacate the premises within NINETY (90) days after service upon you of this Notice; or (3) you obtained possession of the property as a Section 8 tenant, in which event it will be necessary for you to vacate the premises within NINETY (90) days after service upon you of this Notice.

You must contact the undersigned by telephone within **72 HOURS** in the event you occupy the property as a tenant or subtenant, and be able to provide proof of tenancy or subtenancy.

This Notice is authorized pursuant to the provisions of Section 1161a(b)(3) of the California Code of Civil Procedure.

DATED: 6/17/2009

GMAC's
U D DATE

Authorized Agent For Owner:
THE ENDRES LAW FIRM

David R. Endres, APC
(530) 601-5166

CaseID 94394

# EXHIBIT B

Exhibit "4"

STATE OF CALIFORNIA – BUSINESS, TRANSPORTATION AND HOUSING AGENCY      ARNOLD SCHWARZENEGGER, *Governor*

# DEPARTMENT OF CORPORATIONS
*California's Investment and Financing Authority*

Preston DuFauchard
**California Corporations Commissioner**
Los Angeles, California
April 14, 2008





Richard J. Cowles
BERGKVIST, BERGKVIST & CARTER LLP
400 OCEANGATE, STE. 750
LONG BEACH,  CA 90802-4307

Dear Richard:

Reference: **INTERNATIONAL MORTGAGE COMPANY INC**
**INTERNATIONAL ESCROW COMPANY**

On 4-1-2008, the Department of Corporations received your request dated 3-28-2008. Certified copies of the documents from our files on the above referenced company has been reproduced and are enclosed.

The following charges for this service are due and payable:

Copies ($1.00 min)  38@$.30                    $11.40
Certification        2@ $2.00                   $4.00
**FAXED Copies**         @ $1.00              $
**Amount Received**                             $
**Balance Due**                                 $15.40

Please send check or money order and copy of this letter to the Los Angeles office.

Note: The complaints filed in the Department Of Corporations regarding the escrow company and Anthony Haworth are not available for the public. However, I am sending you a copy of the Notice Of Intent and Order Barring Anthony Haworth that was issued by the Department Of Corporations. Thank you.

Sincerely,

*ROCaia*

Rosario Caia
Department of Corporations
Program Support Section

♦ Securities ♦ Franchises ♦ Off-Exchange Commodities ♦ Investment and Financial Services ♦
♦ Independent Escrows ♦ Consumer and Commercial Finance Lending ♦ Residential Mortgage Lending ♦

SACRAMENTO 95814-4052          SAN FRANCISCO 94105-2980          LOS ANGELES 90013-2344          SAN DIEGO 92101-3697
1515 K STREET, SUITE 200      71 STEVENSON STREET, SUITE 2100   320 WEST 4TH STREET, SUITE 750   1350 FRONT STREET, ROOM 2034
    (916) 445-7205                  (415) 972-8559                  (213) 576-7500                   (619) 525-4233

 1-866-ASK-CORP                     www.corp.ca.gov                                          1-866-275-2677
                                                                                      COPYWORK RECIEPT
                                                                                          CTC352

STATE OF CALIFORNIA
DEPARTMENT OF CORPORATIONS

In the matter of

INTERNATIONAL MORTGAGE
COMPANY, INC.
450 NORTH BRAND BOULEVARD, SUITE
150
GLENDALE, CA 91203
Respondent

License under the
California Finance Lenders Law

)
) ORDER
) REVOKING CALIFORNIA FINANCE LENDERS LICENSE
) PURSUANT TO SECTION 22107
) FINANCIAL CODE
)
)
)         File No. 6039663
)
)
)
)

The Commissioner finds that the annual assessment as required by Section 22107 of the Finance Code has not been filed, although notification to the Respondent to pay the assessment was duly sent on or about August 13, 2007.

THEREFORE, GOOD CAUSE APPEARING, Respondent's California Finance Lenders License is revoked effective November 6, 2007 pursuant to Section 22107 of the Financial Code, unless the annual assessment is received in good funds by the Department of Corporations Accounting Office located on 1515 K. Street, Suite 200, Sacramento, California 95814, no later than the close of business on November 5, 2007. On the effective date of this Revocation Order, if the annual assessment has not been paid, you are hereby ordered and directed to discontinue the making or brokering of any loan made pursuant to the California Finance Lenders Law. You are also ordered and directed to discontinue all activity conducted pursuant to Section 22340 and Section 22600 of the Financial Code within 60 days of the effective date of this Order.

This ORDER is to remain in full force and effect until the further written order of the Commissioner of Corporations.

Section 22107 (d) of the Financial Code provides as follows:

If a licensee fails to pay the assessment on or before the 30th day of June following the day upon which payment is due, the commissioner may by order summarily suspend or revoke the certificate issued to the licensee. If, after an order is made, a request for hearing is filed in writing within 30 days, and a hearing is not held within 30 days thereafter, the order is deemed rescinded as of its effective date. During any period when its certificate is revoked or suspended, a licensee shall not conduct business pursuant to this division except as may be permitted by order of the commissioner. However, the revocation, suspension or surrender of a certificate shall not affect the powers of the commissioner as provided in this division.

Dated:        Los Angeles, California
              October 12, 2007

Effective:    November 6, 2007

PRESTON DUFAUCHARD
California Corporations Commissioner

By
PATRICIA R. SPEIGHT
Special Administrator
California Finance Lenders Law

*UB*

1  PRESTON DuFAUCHARD
   California Corporations Commissioner
2  WAYNE STRUMPFER
   Deputy Commissioner
3  ALAN S. WEINGER (CA BAR NO. 86717)
   Lead Corporations Counsel
4  JUDY L. HARTLEY (CA BAR NO. 110628)
   Senior Corporations Counsel
5  Department of Corporations
   320 West 4th Street, Ste. 750
6  Los Angeles, California 90013-2344
   Telephone: (213) 576-7604  Fax: (213) 576-7181
7
   Attorneys for Complainant
8
9              BEFORE THE DEPARTMENT OF CORPORATIONS
10                  OF THE STATE OF CALIFORNIA
11
12  In the Matter of the Accusation of THE      )  Case No.: 963-2089
    CALIFORNIA CORPORATIONS                     )
13  COMMISSIONER,                               )  ORDER REVOKING ESCROW AGENT'S
                                                )  LICENSE
14           Complainant,                       )
                                                )
15                                              )
       vs.                                      )
16                                              )
                                                )
17  INTERNATIONAL ESCROW COMPANY and )
    ANTHONY HAWORTH,                            )
18                                              )
             Respondents.                       )
19  _____)
20      The California Corporations Commissioner finds:
21      1.    Respondent International Escrow Company ("International") is, and was at all times

22  relevant, an escrow agent licensed by the California Corporations Commissioner ("Commissioner"

23  or "Complainant") pursuant to the Escrow Law of the State of California (California Financial Code

24  Section 17000 et seq.).  International has its principal place of business located at 144 South Beverly

25  Drive, Suite 100, Beverly Hills, California 90212.

26      2.    Respondent Anthony Haworth ("Haworth") is, and was at all times relevant, the sole

27  shareholder and president of International.

28

eTC354

State of California – Department of Corporations

1      3.      International Mortgage Company, Inc. ("IMC") is, and was at all times relevant, an

2  affiliate of International, and wholly owned by Haworth.

3      4.      On October 4, 2006, the Commissioner commenced a regulatory examination of the

4  books and records of International.  The regulatory examination disclosed that International (i) had

5  commingled trust funds in violation of Financial Code section 17409 or otherwise made

6  unauthorized disbursements of trust funds in violation of Financial Codes section 17414(a)(1); (ii)

7  had a trust account shortage in violation of California Code of Regulations, title 10, section 1738.1;

8  and (iii) had failed to maintain and/or provide books and records to the Commissioner in violation of

9  Financial Code section 17404 and California Code of Regulations, title 10, sections 1732.2, 1732.3,

10  and 1737.3.

11      5.      The books and records violations can be described as follows:

12      a.      At the commencement of the regulatory examination, International was requested to

13  provide numerous books and records including trust account reconciliations for October 2005

14  through September 2006.  International was unable to provide the trust account reconciliations

15  except for the top sheets for December 2005 and July 2006, which disclosed numerous adjusting

16  items with no explanation.

17      b.      A further demand was made upon International to provide the trust account

18  reconciliations along with supporting documentation for all adjustments no later than November 13,

19  2006.  As of November 13, 2006, International was unable to provide any further trust account

20  reconciliations other than the top sheet for September 2006 and some documentation regarding

21  adjusting items.  The top sheet for the September 2006 trust account reconciliation revealed

22  numerous electronic transfers in and out of the International trust account to other non-trust

23  International accounts and/or IMC bank accounts starting in February 2006 and continuing through

24  September 2006 (See Section III for a discussion of these transfers).  Accordingly, on November 13,

25  2006, a twenty-four ("24") hour demand for documents was made to International to include trust

26  reconciliations from October 2005 through September 2006 with all adjusting items cleared, bank

27  account statements for all bank accounts involved in the electronic transfers revealed on the

28  September 2006 trust account reconciliation top sheet, supporting documentation for all trust

GTC355

1    reconciliation adjusting items, and replacement of any trust account shortage.

2            c.        On November 14, 2006, International was still unable to provide (i) the trust account

3    reconciliations for October and November 2005 and the reconciliations for December 2005 through

4    September 2006 were not properly reconciled; (ii) all bank statements and reconciliations for the

5    bank accounts involved in the trust account electronic transfers for the relevant periods; and (iii)

6    correction of the trust account shortage noted in the September 2006 trust account reconciliation

7    and/or any shortage possibly caused by the electronic transfers out of the trust account. From

8    December 2006 through June 2007, numerous written requests were made to International to provide

9    the books and records, with no response.

10            d.        On August 7, 2007, a further written demand was made upon International to provide

11    trust account reconciliations from October 2006 through July 2007 along with other books and

12    records. International has failed to comply with that further demand.

13            e.        On October 16, 2007, a final written demand was made upon International to provide

14    trust account reconciliations from October 2006 through April 2007 along with other books and

15    records. International has failed to comply with this final demand continuing in its violations of

16    Financial Code section 17404 and California Code of Regulations, title 10, sections 1732.2, 1732.3,

17    and 1737.3.

18            f.        Based upon the condition of the books and records as described above, the

19    Commissioner had been unable to determine the exact extent of the shortage in the trust account, if

20    any, although it appears that a possible shortage of $105,443.12 exists. The Commissioner has made

21    demands upon International to cure the trust account shortage or submit documentation evidencing

22    that no shortage exists, but International has failed to either cure the trust account shortage or

23    evidence that no shortage exists.

24            6.        The regulatory examination further revealed that trust funds in the amount of

25    $663,863.12 had been wrongfully transferred from the trust account of International ("trust

26    account") into the general and/or payroll accounts of International or numerous accounts of IMC in

27    violation of Financial Code section 17405 and/or Financial Code section 17414(a)(1) from February

28    2006 through September 2006.

-3-

GTC356

State of California – Department of Corporations

7.    During the time described in paragraph 6 above, certain of these trust funds were used for the general operations of International or for the business purposes of ICM. The commingling of trust funds is prohibited because of the serious risk of misuse and loss. The commingling of trust funds by International resulted in a trust account shortage and numerous ongoing debit balances in violation of California Code of Regulations, title 10, section 1738.1. It is unknown whether International has corrected the trust account shortage as International has failed to provide books and records to the Commissioner as described in above.

8.    The unlawful transfers discovered during the regulatory examination of International are described as follows:

a.    On February 15, 2006, Respondents transferred, and/or caused to be transferred, the sum of $88,263.51 from the trust account to an IMC trust account ("IMC Account 1"), which was then immediately transferred from IMC Account 1 to another trust account of IMC ("IMC Account 2"). This transfer was in violation of Financial Code section 17414(a)(1), which prohibits the disbursement of trust funds except in accordance with the instructions of the escrow parties. This transfer further caused a $88,263.51 shortage (debit balance) to exist in the trust account in violation of California Code of Regulations, title 10, section 1738.1. According to the documentation provided by International or otherwise obtained by the Commissioner to date, these trust funds have never been returned to the trust account.

b.    On April 10, 2006, Respondents transferred, and/or caused to be transferred, the sum of $25,000.00 from the trust account to IMC Account 1. This transfer was in violation of Financial Code section 17414(a)(1), which prohibits the disbursement of trust funds except in accordance with the instructions of the escrow parties. This transfer caused a further shortage of $25,000.00 to exist in the trust account in violation of California Code of Regulations, title 10, section 1738.1. According to the documentation provided by International or otherwise obtained by the Commissioner to date, at least $17,179.61 of these trust funds have never been returned to the trust account.

c.    On April 11, 2006, Respondents transferred, and/or caused to be transferred, the sum of $34,000.00 from the trust account to IMC Account 2. This transfer was in violation of Financial

-4-

CFC357

1  Code section 17414(a)(1), which prohibits the disbursement of trust funds except in accordance with

2  the instructions of the escrow parties.  This transfer caused a further shortage of $34,000.00 to exist

3  in the trust account in violation of California Code of Regulations, title 10, section 1738.1.

4  According to the documentation provided by International or otherwise obtained by the

5  Commissioner to date, these funds were not fully returned to the trust account until November 20,

6  2006.

7          d.       On April 18, 2006, Respondents transferred, and/or caused to be transferred, the sum

8  of $29,000.00 from the trust account to IMC Account 2.  This transfer was in violation of Financial

9  Code section 17414(a)(1), which prohibits the disbursement of trust funds except in accordance with

10  the instructions of the escrow parties.  This transfer caused a further shortage of $29,000.00 to exist

11  in the trust account in violation of California Code of Regulations, title 10, section 1738.1.

12  According to the documentation provided by International or otherwise obtained by the

13  Commissioner to date, these funds were not fully returned to the trust account until August 30, 2006.

14          e.       On April 24, 2006, Respondents transferred, and/or caused to be transferred, the sum

15  of $25,000.00 from the trust account to IMC Account 2.  This transfer was in violation of Financial

16  Code section 17414(a)(1), which prohibits the disbursement of trust funds except in accordance with

17  the instructions of the escrow parties.  This transfer caused a further shortage of $25,000.00 to exist

18  in the trust account in violation of California Code of Regulations, title 10, section 1738.1.

19  According to the documentation provided by International or otherwise obtained by the

20  Commissioner to date, these funds were not fully returned to the trust account until August 29, 2006.

21          f.       On May 15, 2006, Respondents transferred, and/or caused to be transferred, the sum

22  of $247.00 from the trust account to IMC Account 1.  This transfer was in violation of Financial

23  Code section 17414(a)(1), which prohibits the disbursement of trust funds except in accordance with

24  the instructions of the escrow parties.  This transfer caused a further shortage of $247.00 to exist in

25  the trust account in violation of California Code of Regulations, title 10, section 1738.1.  According

26  to the documentation provided by International or otherwise obtained by the Commissioner to date,

27  these funds were not fully returned to the trust account until August 29, 2006.

28

State of California – Department of Corporations

-5-

GTC358

State of California – Department of Corporations

1   g.  On June 19, 2006, Respondents transferred, and/or caused to be transferred, the sum

2 of $200,000.00 from the trust account to a general account of IMC ("IMC Account 3"). This

3 transfer was in violation of Financial Code section 17414(a)(1), which prohibits the disbursement of

4 trust funds except in accordance with the instructions of the escrow parties. This transfer caused a

5 further shortage of $200,000.00 to exist in the trust account in violation of California Code of

6 Regulations, title 10, section 1738.1. According to the documentation provided by International or

7 otherwise obtained by the Commissioner to date, these funds were not returned to the trust account

8 until June 20, 2006, and were returned from an unknown account of International ("Unknown

9 International Account").

10   h.  On June 21, 2006, Respondents transferred, and/or caused to be transferred, the sum

11 of $200,000.00 from the trust account to IMC Account 3. This transfer was in violation of Financial

12 Code section 17414(a)(1), which prohibits the disbursement of trust funds except in accordance with

13 the instructions of the escrow parties. This transfer caused a further shortage of $200,000.00 to exist

14 in the trust account in violation of California Code of Regulations, title 10, section 1738.1.

15 According to the documentation provided by International or otherwise obtained by the

16 Commissioner to date, these funds were not fully returned to the trust account until June 27, 2006.

17   i.  On June 30, 2006, Respondents transferred, and/or caused to be transferred, the sum

18 of $50,000.00 from the trust account to a further general account of IMC ("IMC Account 4"). This

19 transfer was in violation of Financial Code section 17414(a)(1), which prohibits the disbursement of

20 trust funds except in accordance with the instructions of the escrow parties. This transfer caused a

21 further shortage of $50,000.00 to exist in the trust account in violation of California Code of

22 Regulations, title 10, section 1738.1. According to the documentation provided by International or

23 otherwise obtained by the Commissioner to date, these funds were not returned to the trust account

24 until August 29, 2006.

25   j.  On September 1, 2006, Respondents transferred, and/or caused to be transferred, the

26 sum of $3,000.00 from the trust account to the payroll account of International ("Payroll Account").

27 This transfer was in violation of Financial Code section 17409, which prohibits commingling of trust

28 funds with non-trust funds. This transfer caused a further shortage of $3,000.00 to exist in the trust

CTC359

State of California – Department of Corporations

1   account in violation of California Code of Regulations, title 10, section 1738.1.  According to the

2   documentation provided by International or otherwise obtained by the Commissioner to date, these

3   funds were not returned to the trust account until November 8, 2006.

4          k.       On September 29, 2006, Respondents transferred, and/or caused to be transferred, the

5   sum of $4,500.00 from the trust account to the Payroll Account.  This transfer was in violation of

6   Financial Code section 17409, which prohibits commingling of trust funds with non-trust funds.

7   This transfer caused a further shortage of $4,500.00 to exist in the trust account in violation of

8   California Code of Regulations, title 10, section 1738.1.  According to the documentation provided

9   by International or otherwise obtained by the Commissioner to date, these funds were not returned to

10  the trust account until November 7, 2006.

11         l.       On September 29, 2006, Respondents transferred, and/or caused to be transferred, the

12  sum of $4,852.61 from the trust account to a third trust account at IMC ("IMC Account 5").  This

13  transfer was in violation of Financial Code section 17414(a)(2), which prohibits the disbursement of

14  trust funds except in accordance with the instructions of the escrow parties.  This transfer caused a

15  further shortage of $4,852.61 to exist in the trust account in violation of California Code of

16  Regulations, title 10, section 1738.1.  According to the documentation provided by International or

17  otherwise obtained by the Commissioner to date, these funds were not returned to the trust account

18  until November 7, 2006.

19         9.       A review of the bank account records of International and IMC for the period of

20  February 1, 2006 through September 30, 2006 disclosed that a significant portion of the International

21  trust funds unlawfully transferred to the payroll account of International or accounts of the affiliate,

22  IMC, were used for the general operations of International and/or business purposes of IMC in

23  violation of California Financial Code section 17414(a)(1) as follows:

24         a.       During February 2006, the amount of trust funds on deposit in IMC Account 2 was

25  $88,263.51 beginning on February 15, 2006 and continuing through the end of February 2006.  The

26  balance in IMC Account 2 was only $23,728.03 on February 28, 2006 indicating that IMC was using

27  at least $64,535.48 in trust funds for its business operations in February 2006.

28

CTC360

State of California – Department of Corporations

1    b.    As of April 1, 2006, the amount of trust funds on deposit in IMC Account 2 was

2    $88,263.51 until April 10, 2006 when a further $25,000.00 in trust funds was wrongfully transferred

3    to IMC Account 2. On April 11, 18 and 24, 2006, a further $34,000.00, $29,000.00 and $25,00.00 in

4    trust funds, respectively, were wrongfully transferred into IMC Account 2, at which point the

5    amount of trust funds on deposit in IMC Account 2 totaled $201,263.51. The balance in IMC

6    Account 2 was $492.26 just prior to the transfer of $25,000.00 in trust funds made on April 10, 2006

7    and was $7,394.45 on April 28, 2006 indicating that IMC was using trust funds of at least

8    $193,869.06 in April 2006 for its business operations.

9    c.    During May 2006, the amount of trust funds on deposit in IMC Account 1 was

10    $247.00 beginning on May 15, 2006 and continuing through the end of May 2006. The balance in

11    IMC Account 1 was negative $246.57 prior to the May 15, 2006 wrongful transfer of trust funds

12    indicating that IMC was using at least $246.57 in trust funds for its business operations in May 2006.

13    d.    During June 2006, the amount of trust funds on deposit in IMC Account 3 was

14    $400,000.00 beginning on June 19, 2006 with a wrongful transfer of $200,00.00 in trust funds and

15    reaching $400,000.00 with a further wrongful transfer of $200,000.00 in trust funds on June 21,

16    2006. On June 21, 2006, the balance in IMC Account 3 was $166,227.90 indicating that IMC was

17    using at least $233,772.10 in trust funds for its business operations as of June 21, 2006. Between

18    June 23 and June 27, 2006, trust funds in the amount of $200,000.00 were transferred from IMC

19    Account 3 back to the trust account leaving $200,000.00 in trust funds on deposit in IMC Account 3.

20    On June 30, 2006, the balance in IMC Account 3 was $27,571.32 indicating that IMC was still using

21    at least $172,428.68 in trust funds for its business operations as of June 30, 2006.

22    e.    During June 2006, the amount of trust funds on deposit in IMC Account 4 was

23    $50,000.00 beginning on June 30, 2006 with a wrongful transfer of $50,000.00 in trust funds into the

24    account. On June 29, 2006, the balance in IMC Account 4 was negative $7,159.00 and was

25    $38,341.00 on June 30, 2006 indicating that IMC was using at least $11,659.00 in trust funds for its

26    business operations in June 2006.

27    f.    During September 2006, the amount of trust funds on deposit in the Payroll Account

28    was $3,000.00 beginning on September 1, 2006 with a wrongful transfer of $3,000.00 in trust funds

CTC361

1  and reached $7,500.00 with a further wrongful transfer of $4,500.00 in trust funds on September 29,

2  2006.  On September 30, the balance in the Payroll Account was $344.02 indicating that

3  International was using at least $7,155.98 in trust funds for its general operations in September 2006.

4      g.      During September 2006, the amount of trust funds on deposit in IMC Account 5 was

5  $4,852.61 beginning on September 29, 2006 with a wrongful transfer of $4,852.61 in trust funds.

6  The balance in IMC Account 5 was negative $12,686.87 on October 3, 2006 indicating that IMC

7  was using at least $4,852.61 in trust funds for its business operations in October 2006.

8      10.    Pursuant to Financial Code section 17210, International is required to maintain a

9  tangible net worth of $50,000.00 and liquid assets of $25,000.00 at all times.  During the regulatory

10  examination, International was requested to provide the Commissioner with a balance sheet for the

11  period ended September 30, 2006.  The balance sheet provided by International disclosed that

12  International had a tangible net worth deficiency of $4,421.00 and a liquid asset deficiency of

13  $29,421.00.  International has not submitted any more recent financial statements and or other

14  documentation that evidences that International meets the tangible net worth and liquid asset

15  requirements of Financial Code section 17210.

16      11.    Pursuant to Financial Code section 17202, International was required to maintain a

17  surety bond in the minimum amount of $25,000.00.  The surety bond of International expired on

18  November 18, 2006, and no replacement bond was obtained by International. On November 20,

19  2006, the Commissioner issued an Order to Discontinue Escrow Activities against International

20  pursuant to Financial Code section 17415 for failure to maintain the required surety bond.  This

21  Order was served on International on November 20, 2006.  International has yet to obtain a

22  replacement surety bond in violation of Financial Code section 17202.

23      12.    Commingling trust funds or otherwise making unauthorized disbursements of trust

24  funds; causing a trust account shortage; failure to maintain and/or provide books and records; failure

25  to maintain the required tangible net worth and liquid asset; and failure to maintain a surety bond are

26  grounds under Financial Code section 17608 for the revocation of an escrow agent's license.

27      13.    On November 7, 2007, the Commissioner issued a Notice of Intention to Issue Order

28  Revoking Escrow Agent's License, Accusation and accompanying documents against International

State of California – Department of Corporations

CTC362

State of California – Department of Corporations

1    based upon the above.  International was served with those documents on November 7, 2007 via

2    certified, return-receipt mail at its licensed location on file with the California Department of

3    Corporations.  The Department has received no request for a hearing from International and the time

4    to request a hearing has expired.

5        NOW GOOD CAUSE APPEARING THEREFORE, it is hereby ordered that the escrow

6    agent's license of International Escrow Company be revoked.

7    Dated: December 12, 2007
8            Los Angeles, CA                          PRESTON DuFAUCHARD
                                                       California Corporations Commissioner
9
10                                                     By _____
                                                          Alan S. Weinger
11                                                        Lead Corporations Counsel



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-