# **EXHIBIT 2**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Adam A. Lewis
Naomi Moss

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------
                                                         )
In re:                                                   )    Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,                        )    Chapter 11
                                                         )
                            Debtors.                     )    Jointly Administered
                                                         )
------------------------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' OBJECTION TO PROOF OF CLAIM FILED BY CORLA JACKSON (CLAIM NO. 4443)**

I, Lauren Graham Delehey, declare as follows:

**A.    Background and Qualifications**

1.    I serve as In-House Litigation Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have held this position since I joined ResCap on August 1, 2011.

2.    In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions

ny-1106955

and multi-district litigation. Additionally, as a result ResCap's Chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases. I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Objection to Proof of Claim Filed by Corla Jackson* (the "Objection").[1]

3.  In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the actions involving Ms. Jackson ("Ms. Jackson"). Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

**B. Loan History & Prepetition Litigation**

4.  I understand that, on May 26, 2004, Ms. Jackson obtained a home mortgage loan (the "Loan") from Option One Mortgage Corporation ("Option One") and

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Objection.

executed a note (the "Note") in the amount of $240,000.00. A true and correct copy of the Note is attached hereto as Exhibit A. GMACM was the servicer on the Loan. The Note was secured by a mortgage on property, which is located at 13230 Tom Gaston Road, Mobile, Alabama 36695-8658. In June 2008, Option One assigned (the "Assignment") the Note to GMACM. A true and correct copy of the Assignment is attached hereto as Exhibit B.

5. In June 2005, Ms. Jackson filed the first of three successive Chapter 13 bankruptcy cases[2] (the "First Jackson Bankruptcy") in the United States Bankruptcy Court for the Southern District of Alabama (the "Alabama Bankruptcy Court").

6. On June 8, 2006, and again on August 29, 2006, GMACM sent Ms. Jackson Notices of Default for missed mortgage payments, which were never cured.[3] In accordance with the First GMACM Stay Relief Order, the automatic stay imposed by section 362(a) of the Bankruptcy Code terminated with respect to the Property. As a result of that relief, and because GMACM was entitled to begin foreclosure proceedings against the Property, GMACM did not oppose the Chapter 13 trustee's objections to Claim Nos. 1 and 7, and the claims were disallowed.

7. The First Jackson Bankruptcy was closed on January 20, 2010 [Docket No. 111].

8. On October 15, 2010, Ms. Jackson filed a second voluntary petition for relief in the Alabama Bankruptcy Court under Chapter 13 of the Bankruptcy Code (the "Second

---

[2] In re Jackson, No. 05-13142-WSS-13 (Bankr. S.D. Ala., filed June 1, 2005). A copy of the docket maintained in the First Jackson Bankruptcy is attached hereto as Exhibit C.

[3] See Notices of Default, dated June 8 and August 29, 2006, which are attached hereto as Exhibit D.

3

ny-1106955

Jackson Bankruptcy").[4] On December 20, 2010, less than two months later, the Alabama Bankruptcy Court dismissed the Second Jackson Bankruptcy [Docket No. 13].

9. On April 18, 2011, Ms. Jackson filed a third voluntary petition for Chapter 13 relief in the Alabama Bankruptcy Court (the "Third Jackson Bankruptcy").[5] She was represented by counsel in the case.

10. Ms. Jackson did not list any potential claims or causes of action against GMACM or Option One in her Schedules and Statement of Financial Affairs (together, the "SSFA") filed in the Third Jackson Bankruptcy or in any amendments to them. The SSFA is attached hereto as Exhibit G. Ms. Jackson did, however, list an unliquidated claim against Farmers Insurance Company ("Farmers Insurance") in Item 20 of her Statement of Financial Affairs valued at $1.

11. On July 25, 2011, GMACM filed a motion for relief from the automatic stay in the Third Jackson Bankruptcy on the basis that the Loan was in default.[6] On August 29, 2011, the Alabama Bankruptcy Court entered an order conditionally denying such request, subject to Ms. Jackson's compliance with continued payment terms substantially similar to those set forth in the First GMACM Stay Relief Order (the "Second GMACM Stay Relief Order").[7] On October 11, 2011, GMACM filed a notice of the termination of the automatic stay because Ms. Jackson had defaulted under the terms of the Second GMACM Stay Relief Order.[8] On December 8, 2011,

---

[4] In re Corla R. Jackson, No. 10-04820 (Bankr. S.D. Ala. Oct. 15, 2010). A copy of the docket maintained in the Second Jackson Bankruptcy is attached hereto as Exhibit E.
[5] See Chapter 13 Voluntary Petition, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Apr. 18, 2011) [Docket No. 1]. A copy of the docket maintained in the Third Jackson Bankruptcy is attached hereto as Exhibit F.
[6] See Motion for Relief From Automatic Stay Filed by GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Jul. 25, 2011) [Docket No. 42].
[7] See Second Order Conditionally Denying Motion to Reinstate the Stay as to GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545(Bankr. S.D. Ala. Aug. 29, 2011) [Docket No. 59].
[8] See Notice of Termination of the Automatic Stay by GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Oct. 11, 2011) [Docket No. 70].

4

ny-1106955

the Alabama Bankruptcy Court denied Ms. Jackson's motion to re-impose the automatic stay. [Docket No. 89].

12. On October 5, 2011, Ms. Jackson filed a Summary of Amendments to her Chapter 13 Plan in the Third Jackson Bankruptcy. A true and correct copy of this pleading is attached hereto as Exhibit H. Among other things, this document amended question seven concerning curing defaults and maintaining direct payment to reflect that the GMAC Mortgage "monthly note [was] contested and protected." Ms. Jackson did not otherwise elaborate on this statement. She did not disclose any alleged affirmative claims against GMACM.

13. On March 7, 2012, Ms. Jackson filed another Summary of Amendments to her Chapter 13 Plan in the Third Jackson Bankruptcy. A true and correct copy of this pleading is attached hereto as Exhibit I. This document deleted her previous amendment.

C. **The District Court Action**

14. On January 18, 2012, Ms. Jackson filed a complaint against GMACM (the "Complaint") in Mobile County Circuit Court. A true and correct copy of the Complaint is attached to the Objection as Exhibit J. GMACM removed the case to the United States District Court for the Southern District of Alabama based on diversity jurisdiction.

15. On June 1, 2012, GMACM foreclosed upon the Property and purchased it at a non-judicial foreclosure sale.[9] At the time of the foreclosure, GMACM was both the servicer and the owner of the Note. In June 2012, GMACM sent a notice of demand for possession of the Property in accordance with Alabama state law.

16. On March 8, 2012, GMACM filed a Motion to Dismiss Ms. Jackson's claims in the District Court Action based on judicial estoppel, and failure to comply with minimum pleading standards. A true and correct copy of that motion is attached hereto as Exhibit

---

[9] See Notice of Acceleration of Promissory Note and Mortgage, which is attached hereto as Exhibit K.

L.  That motion remains pending because it was not decided before the Debtors filed these Chapter 11 Cases in May of 2012.

17.    The Debtors filed a Notice of Bankruptcy in the District Court Action on May 25, 2012 and the Alabama District Court issued a May 31, 2012 Order placing the case on its administrative docket.

18.    To the best of my knowledge, as of the date hereof, the District Court Action is still pending, and no determination has been made as to the liability of GMACM.

A.    **The Debtors' Review of the Proofs of Claim**

19.    On November 9, 2012, Claimant filed the Claim, asserting a claim in the amount of $100 million.  A true and correct copy of the claim is attached hereto as Exhibit M and incorporated herein by reference.

20.    The Debtors, after reviewing the supporting documentation and their books and records, have determined that they have no liability for the Claim and do not otherwise have any liability to Ms. Jackson.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 18, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC