# Exhibit L

12-12020-mg    Doc 5100-15    Filed 09/18/13    Entered 09/18/13 14:29:59    Exhibit L
to Declaration    Pg 2 of 19
Case 1:12-cv-00111-KD-B    Document 6    Filed 03/08/12    Page 1 of 18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CORLA JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:12-cv-00111-KD-B |
| ) | |
| GMAC MORTGAGE ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' BRIEF IN SUPPORT OF ITS
## RULE 12(b)(6) MOTION TO DISMISS /
## MOTION FOR MORE DEFINITE STATEMENT

**COMES NOW** GMAC Mortgage, LLC ("GMAC") by and through its counsel of record, and submits this Brief in Support of its Rule 12(b)(6) Motion to Dismiss the Complaint of Plaintiff Corla Jackson ("Jackson") because:

- Jackson's claims are barred by the doctrine of judicial estoppel.

- Jackson's Complaint is incoherent, and does comply with minimum pleading requirements.

- Jackson's Complaint is a debt elimination scheme.

- At a minimum, Jackson must provide a more definite statement of her claims against GMAC because the Complaint is too vague and ambiguous to formulate a response.

12-12020-mg    Doc 5100-15    Filed 09/18/13    Entered 09/18/13 14:29:59    Exhibit L
Case 1:12-cv-00111-KD-B    Document 7    Filed 03/08/12    Page 2 of 18
to Declaration    Pg 3 of 19

## Statement of Undisputed Facts / Procedural History

1.  Jackson executed a $240,000.00 Note on May 26, 2004. A true and correct copy is attached hereto.[1]

2.  The Note was secured by a Mortgage on real property located at 13230 Tom Gaston Road, Mobile, Alabama 36695-8658.[2] The security instrument was duly recorded on June 10, 2004, in the Official Real Property Records of Mobile County, Alabama.[3]

3.  On or about April 13, 2011, Jackson filed a voluntary chapter 13 bankruptcy petition under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 1301-1330 (the "Bankruptcy Code"), before the United States Bankruptcy Court for the Southern District of Alabama. *See In re Jackson*, No. 11-

---

[1] *See* Note, attached as Exhibit A. In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider documents referred to in the Complaint that are central to the parties' claims. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). The Court may "disregard allegations in a complaint if contradicted by facts established in documents exhibited to or referenced in the complaint, or documents that are central to a plaintiff's claim even though not referenced." *Pierce v. Ocwen Loan Servicing*, 2006 WL 1994571, at *2 (M.D.N.C. Jul. 14, 2006) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)). Here, Jackson's' Complaint repeatedly references the loan transaction, Note, and debt; thus, the Note and Mortgage and Assignment of Mortgage are properly before the Court. Even were the Court to disregard those documents, however, the Motion to Dismiss is still due to be granted.

[2] *See* Mortgage, attached as Exhibit B (and attached to Jackson's Complaint).

[3] *Id.*

01545-WSS-13 (Bankr. S.D. Ala., filed April 18, 2011) (hereinafter "the Bankruptcy Case").[4]

4.  As of the date of the filing of this motion, Jackson's Bankruptcy Case remains pending.

5.  On or about June 21, 2011, Jackson filed her required Schedules and Statement of Financial Affairs in the Bankruptcy Case, listing various assets and claims.[5]

6.  Jackson failed to list any of the claims or causes of action set forth in her Complaint against GMAC or any other entity in her Schedules and Statement of Financial Affairs filed in the Bankruptcy Case.[6]

7.  On July 25, 2011, GMAC, as a creditor, filed in the Bankruptcy Case a Motion for Relief from Automatic Stay, requesting that the Bankruptcy Court

---

[4] *See* Bankruptcy Petition, attached as Exhibit C. The consideration of and citation to an earlier case will not turn a motion to dismiss into a Rule 56 motion. *Friedman v. U.S.*, 927 F.2d 259 (6th Cir. 1991) (Where district court permissibly considered state court documents and orders attached to a motion to dismiss, where the property owner made reference in his complaint to previous cases in which he litigated this controversy, and the defendants maintained that the claims were barred by *res judicata*); *Mavrovich v. Vanderpool*, 427 F.Supp. 2d 1084 (D. Kan. 2006) (where matters contained in an exhibit are purely matters of public record, the court's consideration of the exhibit would not compel the conversion of a motion to dismiss into one for summary judgment); *see also Hamilton v. U.S.*, 85 Fed. Cl. 206 (Fed. Cl. 2008), *aff'd* 2009 WL 6409401 (Fed. Cir. 2009).

[5] *See* Schedules and Statement of Financial Affairs, attached as Exhibit D.

[6] *Id.*

allow GMAC to proceed with foreclosure or liquidate GMAC's collateral – the mortgage lien on Jackson's' property.[7]

8. On or about January 18, 2012, Plaintiff Corla Jackson ("Plaintiff") commenced an initial action by filing her "Injunction & Quiet Title" ("Complaint") against GMAC.[8]

9. The Bankruptcy Case is still pending as of the date of this motion.

### Standard of Review

It is well-established that a plaintiff's petition must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."[9] Further, the factual allegations in a petition "must be enough to raise a right to relief above the speculative level."[10] In practice, "a [petition] . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[11] Pleading merely conclusory allegations and legal conclusions will not suffice.[12]

---

[7] *See* Motion for Relief from Automatic Stay, attached as Exhibit E.

[8] *See* Complaint, generally, Doc. 1-2.

[9] FED. R. CIV. PROC. 8(a)(1); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007).

[10] *Twombly*, 550 U.S. at 555.

[11] *Twombly*, 550 U.S. at 562.

[12] *Iqbal*, 129 S. Ct. at 1949-50.

12-12020-mg    Doc 5100-15    Filed 09/18/13    Entered 09/18/13 14:29:59    Exhibit L
to Declaration    Pg 6 of 19
Case 1:12-cv-00111-KDB Document 6 Filed 03/08/12    Page 5 of 18

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must provide grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level."[13] *Pro se* parties are required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure.[14]

## Law and Argument

The claims in Jackson's Complaint, to the extent they can be deciphered, should be dismissed in their entirety based on the doctrine of judicial estoppel, their general lack of factual foundation, and failure to comply with minimum pleading requirements. Jackson's Complaint seeks, *inter alia*, judgment for: "securitization fraud" under "state and federal laws; "hate crime" violations under "state and federal laws;" and "breach of contract and bad faith" claims under "state and federal laws."[15] Jackson also asserts violations of her "civil human and constructional (sic.) rights as a citizens (sic.) of the United States."[16] Finally, Jackson appears to allege damages from GMAC and/or    Farmer's    Insurance

---

[13] *Villareal v. JP Morgan Chase Bank, N.A., et. al.,* 720 F.Supp.2d 806, 808 (S.D. Tex. July 6, 2010).

[14] *Twombly*, 550 U.S. at 555, (Quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[15] Complaint, generally, Doc. 1-2.

[16] *Id.*, p. 2.

5

Company's failure to repair the subject property after it suffered hurricane damage.[17]

Jackson's complaint was apparently "cut and pasted" from various sources, and lacks logical coherence. Jackson also included many pages of irrelevant, impertinent and objectionable exhibits, including, among other things, home repair estimates, internet search results, pleadings from unrelated cases, medical reports, and periodicals. While Jackson does not provide any reference to the timing of the facts underlying her myriad of allegations, – or any facts at all – most or all allegations appear to predate the filing of Jackson's most recent bankruptcy petition.

### I. *Jackson's claims are barred by the doctrine of judicial estoppel.*

Jackson's Complaint is due for dismissal based on the equitable doctrine of judicial estoppel. Jackson's claims arose pre-petition because, as best as can be deciphered, they relate to a real estate transaction and loan in 2004, hurricane damage in 2005, and an on-going default on the subject Note. Jackson may not recover because she failed to disclose her claims as a potential asset of her bankruptcy estate in her bankruptcy Schedules and Statement Of Financial Affairs.[18]

---

[17] Complaint, Doc. 1-2, ¶ 13.

[18] Exhibit D.

12-12020-mg    Doc 5100-15    Filed 09/18/13    Entered 09/18/13 14:29:59    Exhibit L
to Declaration    Pg 8 of 19
Case 1:12-cv-00111-KD-B    Document 8 Filed 03/08/12    Page 7 of 18

Under Section 521 of the Bankruptcy Code, a debtor must disclose all assets, or potential assets, to the bankruptcy court.[19] The duty to disclose is a continuing one that does not end once the bankruptcy schedules are filed; rather, a debtor must amend his schedules to disclose subsequently discovered assets.[20] Courts have specifically held that a debtor must disclose any litigation likely to arise in a non-bankruptcy context.[21] The failure to disclose such claims triggers application of the doctrine of estoppel against future attempts to prosecute such claims.[22] Notably, the rule of judicial estoppel applies equally in Chapter 13 and Chapter 7 bankruptcy cases.[23]

Judicial estoppel is applicable where (1) allegedly inconsistent positions are made under oath, and (2) such inconsistencies are shown to have been calculated to make a mockery of the judicial system.[24] Stated alternatively, judicial estoppel is applicable where a party asserts a position in a proceeding but thereafter assumes a contrary position, and such inconsistencies create the perception that the court was

---

[19] *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002); *Oneida Motor Freight, Inc. v United Jersey Bank*, 848 F.2d 414, 416-17 (3rd Cir. 1988).

[20] *See De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289, 1291-1292 (11th Cir. 2003); *Burnes*, 291 F.3d at 1286.

[21] *See Oneida*, 848 F.2d at 417-418.

[22] *Id.* at 418 (debtor's failure to disclose claim against bank precludes it from litigating the cause of action); *In re Galerie Des Monnaies of Geneva, Ltd.*, 55 B.R. 253 (Bankr. S.D.N.Y. 1985).

[23] *De Leon*, 321 F.3d at 1291.

[24] *See Burnes*, 291 F.3d at 1285.

misled.[25] Judicial estoppel applies in situations of intentional contradictions.[26] The Eleventh Circuit has held that a debtor's failure to disclose claims is construed as unintentional only when "the debtor lacks knowledge of the undisclosed claims or has no motive for their concealment."[27]

Judicial estoppel is warranted here, because Jackson knew of the claims and had motive for concealment. First, Jackson has taken a position in the Complaint that is inconsistent with the position she took, under oath, in the pending Bankruptcy Case. Namely, Jackson failed to disclose her claims against GMAC in her schedules and statement of financial affairs.[28] The claims were potential assets of the bankruptcy case, and Jackson had a duty to disclose them in the first instance, and has a continuing duty to disclose them upon subsequent discovery. She did neither.[29]

Second, Jackson's failure to disclose the claims creates the perception that the bankruptcy court was misled. The timeline of the present action and the record in the Bankruptcy Case provide evidence that Jackson was aware of the claims

---

[25] See *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *Barger v. City of Cartersville, Georgia*, 348 F.3d 1289, 1293-94 (11th Cir. 2003); *Oneida*, 848 F.2d at 416-17; *In the Matter of Huggins*, 305 B.R. 63 (Bankr. N.D. Ala. 2004)

[26] See *Burnes*, 291 F.3d at 1286.

[27] *Id.* at 1287.

[28] Exhibit D, p.17.

[29] See *Burnes*, 291 F.3d at 1286 (citing 11 U.S.C. §§ 521(1) and 547(a)(7)); *Oneida*, 848 F.2d at 416-17.

against GMAC when she filed bankruptcy, and indicate that Jackson intentionally misled the Bankruptcy Court by failing to disclose the claims, thereby making a mockery of the judicial system. Indeed, Jackson included with her instant Complaint a notice of Discharge of Debtor, dated January 20, 2010, discharging Jackson from a *previous* bankruptcy action.[30] Jackson certainly knew of the facts undergirding her claims well in advance of filing instant litigation as evidenced by extensive prior litigation both in this Court and Alabama state courts.[31]

Moreover, Jackson had every motive to conceal her interest in the instant litigation from the Bankruptcy Court to allow Jackson to recover funds that may have otherwise been paid to creditors. Deliberate and intentional manipulation can also be inferred from the record because a debtor's failure to satisfy the statutory disclosure duty is only inadvertent when debtor lacks knowledge of the undisclosed claims or has no motive for concealment.[32] Jackson clearly had knowledge of the instant claim because the underlying events occurred well before

---

[30] Complaint, Doc. 1-2, p. 7.

[31] *See Jackson v. Farmers Ins. Group/Fire. Ins. Exch.*, 26 So. 2d 1276 (Ala Civ. App. 2008); *cert. denied*, 41 So. 2d 843 (Ala. 2008); *see also Jackson v. Farmers Ins. Group/Fire Ins. Exch.*; 2009 WL 3381003 (S.D. Ala. 2009), aff'd, 391 Fed. Appx. 854 (11th Cir. 2010) (all related to an alleged failure to properly repair the subject property following hurricanes Katrina and Ivan).

[32] *See Burnes*, 291 F.3d at 1287.

the bankruptcy filing. Moreover, even if she later discovered the claim, she was under a continuing duty to supplement the bankruptcy schedules.[33]

This Court should, therefore, estop Jackson from bringing the claims in this Court (or in any other court) based on her failure to disclose the claims in her bankruptcy Schedules and Statement of Financial Affairs.

## II. Jackson's Complaint is largely incoherent, and does meet minimum pleading requirements.

Even assuming Jackson's claims are not estopped, the Complaint should be dismissed because it fails to fairly place GMAC on notice of the pending claims.

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[34] Each claim for relief must be presented in a separate count.[35] A complaint should also contain such clarity and precision that the defendant will be able to discern what the plaintiff is claiming.[36] This is so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."[37] Thus, the factual allegations in a complaint "must be enough to raise a right to relief

---

[33] *De Leon*, 321 F.3d at 1291-1292.

[34] FED. R. CIV. PROC. 8(a).

[35] FED. R. CIV. PROC. 10(b).

[36] *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996).

[37] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-51 (2009).

above the speculative level."[38] In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."[39] Conclusory allegations and legal conclusions do not suffice.[40]

While *pro se* pleadings are construed more liberally, "the Court is not permitted to serve as a '*de facto* counsel' and 'rewrite an otherwise deficient pleading in order to sustain an action.'"[41] Even *pro se* plaintiffs are "required to follow the minimum pleading standards set forth in the Federal Rules of Civil Procedure."[42] Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"[43]

---

[38] *Twombly*, 550 U.S. at 555.

[39] *Id.* at 562.

[40] *Iqbal*, 129 S. Ct. at 1949-50.

[41] *Gonzalez v. Asset Acceptance, LLC*, 308 F. App'x 429, 430 (11th Cir. 2009) (citing *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

[42] *McMahon v. Hunter*, 2007 WL 1952906, at *6 (M.D. Fla. July 2, 2007) (citations omitted). See also *Mott v. Fuhrman*, 2010 WL 3385338, at *1 (N.D. Fla. Aug. 23, 2010) ("It cannot be assumed that a [*pro se*] Plaintiff will prove facts which have not been alleged.") (citations omitted).

[43] *Labes v. Ocwen Loan Servicing, Inc.*, 2009 WL 3748291, at *1 (E.D. Cal. Nov. 5, 2009) (citing cases); *Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999) (dismissing a *pro se* complaint that contained "hundreds of pages" of "gibberish or nonsensical rambling"); *Fernandez v. Supreme Ct. of Ill.*, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002) (dismissing complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law").

The only allegations in the Complaint that can even conceivably be characterized as alleged "facts" include the allegations that:

(1) Jackson was discharged from bankruptcy on January 20, 2010[44] (which is a half truth);

(2) GMAC did not own the Note;[45]

(3) The "HUD settlement statement form [] guaranteed [Jackson] help on conventional uninsured notes/or other assets. . . . ;"[46]

(4) "'They' (presumably GMAC and Jackson's insurer) lied about saying repairs were completed in writing when they were not and was told (sic.) by government officials and structural engineers."[47]

Under the heading "factual evidence through the courts" Jackson discusses the standard for overturning a final judgment under rule Alabama Rule of Civil Procedure 59(b) and 60, and makes no actual factual allegations.[48] Indeed, Jackson's Complaint otherwise contains conclusory, vague allegations, which are

---

[44] Complaint, Doc. 1-2, p. 3.

[45] *Id.*, pp. 2, 10, 13.

[46] *Id.*, ¶ 2.

[47] *Id.*, p. 13.

[48] *Id.*, pp. 3-4. GMAC notes that to the extent this section can be construed as a relief from final judgment, this Court cannot vacate the prior state Court judgment, which is time-barred in any event under Alabama's four-month (4) period for seeking relief from final judgment. *See* ALA R. CIV. PROC. 60(b).

internally inconsistent and unsupported. Moreover, in several places, Jackson appears to refer to unspecified parties other than GMAC.[49]

The Complaint clearly lacks the required "direct or inferential allegations respecting all the material elements necessary to sustain recovery."[50] In essence, the Complaint fails to allege any specific harm to Jackson and reads as a "shot gun pleading." Such pleadings "harm the court by impeding its ability to administer justice. [W]ast[ing] scarce judicial and parajudicial resources . . . imped[ing] the due administration of justice . . ."[51]

Additionally, Jackson's fraud claim should be dismissed because it fails to satisfy the general pleading requirements of Rule 8(a), much less the heightened pleading requirements of Rule 9(b).[52] Under Rule 9(b), for allegations involving fraud, "a party must state with particularity the circumstances constituting the fraud or mistake."[53] In *Ziemba v. Cascade Intern. Inc.*, the Eleventh Circuit reiterated that in order to satisfy the heightened pleading requirements of Rule 9(b), a cause of action for fraud must set forth the following:

---

[49] *See. e.g. Id.*, p. 13

[50] *See Twombly*, 550 U.S. at 562.

[51] *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001).

[52] FED. R. CIV. PROC. 9(b).

[53] *Id.*; *Ziemba v. Cascade Intern. Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).

12-12020-mg    Doc 5100-15    Filed 09/18/13    Entered 09/18/13 14:29:59    Exhibit L
to Declaration    Pg 15 of 19
Case 1:12-cv-00111-KD-B    Document 9    Filed 05/08/12    Page 14 of 18

(1) precisely what statements were made in what documents or oral representations or what omissions were made; and

(2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

(3) the content of such statements and the manner in which they misled the plaintiff, and

(4) what the defendant obtained as a consequence of the fraud.[54]

"The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'"[55] Jackson's Complaint fails to set forth any of the information required under either rule 9(b) or 8(a), and as such should be dismissed.

### III. Jackson's claims are simply a debt elimination scheme.

Jackson claims to be the victim of a fraud, but is actually the one attempting to perpetrate a fraud. Jackson's allegations reveal that she is simply attempting to avoid foreclosure and avoid her debt by improperly burdening the court system with baseless allegations. Jackson vaguely alleged that "Defendants (sic.) did not own the notes (sic.) by law,"[56] and that GMAC engaged in "a (sic.) underground

---

[54] *Ziemba*, 256 F.3d at 1202.

[55] *Id.* (internal citations omitted).

[56] Complaint, Doc. 1-2, pp. 2, 10.

black market currency ring robbing victims of tem (sic.) home and assets under false pretences."[57]

A federal court in Georgia dismissed similar arguments at their inception. Specifically, in *Buckley v. Bayrock Mortgage Corp.*, 2010 WL 476673 (N.D. Ga. Feb. 5, 2010), the Court dismissed a similar Complaint after noting that the Complaint "was largely nonsensical and provide[d] mere 'labels and conclusions.'"[58] Jackson's allegations in this case are just like those in *Buckley* and other frivolous cases in which plaintiffs have simply sought to delay foreclosure and avoid their debt by contesting the defendant's authority to foreclose, and denying that any entity has standing to foreclose . . . [59] Just as in *Buckley* and these

---

[57] *Id.*

[58] *Buckley v. Bayrock Mortgage Corp.*, 2010 WL 476673 *6 (N.D. Ga. Feb. 5, 2010).

[59] *See, e.g., McGrue v. Saxon Mortgage Servs., Inc.*, 2010 WL 2838403, at *1-2 (N.D. Ga. Jul. 19, 2010) (noting the dismissal of the *pro se* mortgagor's allegations that the defendant loan servicer had no legal interest in the property and that it must produce "the original wet ink signature" of the mortgage documents); *Sundell-Bahrd v. Tiffany & Bosco, P.A.*, 2010 WL 2595083, at *1-2 (D. Ariz. Jun. 24, 2010) (denying *pro se* mortgagor's motion for temporary restraining order where she alleged that the mortgagee "did not have the requisite 'equity,' 'interest,' or 'standing' concerning [her] promissory mortgage note to initiate non-judicial foreclosure proceedings"); *McLaughlin v. CitiMortgage, Inc.*, 2010 WL 2377108, at *1-18 (D. Conn. Jun. 11, 2010) (dismissing *pro se* mortgagor's claims for fraud and allegations that no debt actually existed); *Rogers v. Cal. State Mortgage Co.*, 2010 WL 144861, at *16-19 (E.D. Cal. Jan. 11, 2010) (dismissing the mortgagors' complaint which appeared to have been brought "in absence of good faith . . . [and to] exploit the court system solely for delay or to vex [the] defendants"); *see also Mother: Vertis-Mae v. Argent Mortgage Co., LLC*, 2008 WL 1995363, at *1-3 (N.D. Ga. May 5, 2008); *Candelo v. NDEX West, LLC*, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008); *Putkurri v. Recontrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); *Labes v. Ocwen Loan Servicing, Inc.*, 2009 WL 3748291, at *4-6 (E.D. Cal. Nov. 5, 2009); *Demmler v. Bank One N.A.*, 2006 WL 640499, at *4 (S.D. Ohio Mar. 9, 2006); *Agee v. Wells Fargo Bank*, 2010 WL 1981047, at *1-2 (E.D. Mich. Apr. 15, 2010); *Smith v. Nat'l City Mortgage*, 2010 WL 3338537, at *2-17 (W.D. Tex. Aug. 23, 2010).

12-12020-mg    Doc 5100-15    Filed 09/18/13    Entered 09/18/13 14:29:59    Exhibit L
       to Declaration    Pg 17 of 19
Case 1:12-cv-00111-KD-B Document 69 Filed 05/08/12   Page 16 of 18

other cases, Jackson's allegations have no basis in fact or law, and her Complaint should be dismissed.

### IV. At a minimum, Jackson should be required to provide a more definite statement concerning her claims against GMAC.

A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[60] A motion for more definite statement "is intended to provide a remedy for an unintelligible pleading. . . ."[61]

Jackson's complaint is too vague and ambiguous to allow GMAC to formulate a meaningful response. Jackson's complaint rambles at length about perceived injustices and includes irrelevant misstatements of law. The Complaint contains almost no factual allegations substantiating the vague assertions. The Complaint also contains unexplained exhibits, the significance of which Jackson leaves to speculation. More importantly, Jackson makes no clear claim for relief and does not indicate what laws, if any, GMAC allegedly violated. In the unlikely event that Jackson's Complaint does not utterly fail to comply with basic pleading standards, at the very least, clarification is warranted.

---

[60] FED. R. CIV. PROC. 12(e).

[61] *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels, etc., in rem,* 352 F.Supp.2d 1218, 1221 (S.D. Ala. 2005) (citations omitted)

12-12020-mg    Doc 5100-15    Filed 09/18/13    Entered 09/18/13 14:29:59    Exhibit L
Case 1:12-cv-00111-RDP Document 17-1 Filed 03/08/12   Page 17 of 18
to Declaration    Pg 18 of 19

## Conclusion

GMAC requests that this Court dismiss all of Jackson's claims with prejudice because they are barred by judicial estoppel, and Jackson's Complaint utterly fails to meet minimum pleading requirements. Alternatively, GMAC requests that this Court order Jackson to provide a more definite statement of her claims.

Respectfully submitted this the 8th day of March, 2012

/s/ Jon H. Patterson
Jon H. Patterson (PAT066)
jpatterson@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 488-6403

*ATTORNEY FOR DEFENDANT GMAC MORTGAGE, LLC*

## CERTIFICATE OF SERVICE

    I certify that on the <u>8th</u> day of March, 2012, I filed the foregoing document with the United States District Court for the District for the Southern District of Alabama using the ECF system. I also deposited a copy of the above and foregoing in the United States Mail, postage prepaid to following:

Corla Jackson<br>
13230 Tom Gaston Road<br>
Mobile, Alabama 36695<br>
<i>Pro Se Plaintiff</i>

/s/ Jon H. Patterson
OF COUNSEL