**Hearing Date: November 7, 2013 at 2:00 p.m. (ET)**
**Objection Deadline: October 10, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# DEBTORS' OBJECTION TO PROOF OF CLAIM
# NO. 3835 FILED BY BECKY SPENCE

ny-1101992

## **TABLE OF CONTENTS**

Page

JURISDICTION, VENUE AND STATUTORY PREDICATE ....................................................2

PRELIMINARY STATEMENT .................................................................................................2

BACKGROUND ..........................................................................................................................3

    A.    Facts Specific to this Dispute ................................................................................5

    B.    Homecoming's Ability to Foreclose on the Loans .................................................6

    C.    The Proof of Claim .................................................................................................7

RELIEF REQUESTED .................................................................................................................7

OBJECTION .................................................................................................................................7

I.    THE CLAIM IS NOT SUPPORTED BY SUFFICIENT DOCUMENTATION .............9

II.    THE CLAIM IS DEFECTIVE AS A PLEADING ..........................................................10

    A.    Federal Pleading Rules Apply ..............................................................................10

    B.    The Claim Fails to Satisfy Rule 8(a)(2) ................................................................11

III.    THE DEBTORS HAVE NO LIABILITY ARISING FROM "WRONGFUL FORECLOSURE" ..........................................................................................................12

NOTICE ......................................................................................................................................13

CONCLUSION ...........................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Ascroft v. Iqbal
   556 U.S. 662 (2009) .................................................................................................................11

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) .................................................................................................................11

Hobson v. Wells Fargo Home Mortg.,
   Case No. 1:11CV00010, 2011 WL 3704815 (E.D. Mo. Aug. 24, 2011) ................................13

In re Box,
   Case No. 10-20086, 2010 WL 2228289 (Bankr. W.D. Mo. 2010) .........................................12

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
   398 B.R. 736 (Bankr. S.D.N.Y. 2008) .....................................................................................11

Forman v. Salazano (In re Norvergence, Inc.),
   405 B.R. 709 (Bankr. D.N.J. 2009) .........................................................................................11

In re DePugh,
   409 B.R. 125 (Bankr. S.D. Tex. 2009) ....................................................................................10

In re DJK Residential LLC,
   416 B.R. 100 (Bankr. S.D.N.Y. 2009) .....................................................................................10

In re Hess,
   404 B.R. 747 (Bankr. S.D.N.Y. 2009) .......................................................................................9

In re Hight,
   393 B.R. 484 (Bankr. S.D. Tex. 2008) ......................................................................................9

In re MF Global Holdings, Ltd.,
   Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847 (Bankr. S.D.N.Y.
   Nov. 13, 2012) ...........................................................................................................................8

In re Minbatiwalla,
   424 B.R. 104 (Bankr. S.D.N.Y. 2010) ..................................................................................9, 10

In re Oneida Ltd.,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009) .......................................................................................8

In re Porter,
   374 B.R. 471 (Bankr. D. Conn. 2007) .....................................................................................10

**Page**

Regis Techs., Inc. v. Oien (In re Oien)
 404 B.R. 311 (Bankr. N.D. Ill. 2009) ................................................................................11

In re Rockefeller Ctr. Props.,
 272 B.R. 529 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
 Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
 App'x 40 (2d Cir. 2002) ....................................................................................................10

In re Smith,
 No. 12-10142, 2013 WL 665991 (Bankr. D. Vt. Feb. 22, 2013) ........................................8

In re W.R. Grace & Co.,
 346 B.R. 672 (Bankr. D. Del. 2006) ..............................................................................9, 12

Vanston Bondholders Protective Comm. v. Green,
 329 U.S. 156 (1946) ............................................................................................................9

**STATUTES**

11 U.S.C. § 502(b)(1) ..............................................................................................................9, 12

**OTHER AUTHORITIES**

4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012) ........................................................8

FED. R. BANKR. P. 3001(f) ................................................................................................................8

R.S. Mo. § 400.3-301 .....................................................................................................................12

R.S. Mo. § 443.290 ..........................................................................................................................5

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),[1] as debtors and debtors in possession (collectively, the "Debtors")[2] hereby file this objection (the "Objection"), seeking to disallow and expunge Proof of Claim No. 3835 (the "Claim," a copy of which is attached hereto as Exhibit 1) filed by Becky Spence ("Claimant") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the grounds that it: (a) lacks sufficient documentation, (b) fails to make a "short and plain statement" of grounds for relief in violation of Federal Rule of Civil Procedure ("Rule") 8(a)(2), and (c) fails to state a claim against the Debtors.[3]  The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit 2 (the "Proposed Order"), granting the requested relief.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Lauren Graham Delehey (the "Delehey Decl."), attached hereto as Exhibit 3, the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Debtors (the "Rosenbaum Declaration," attached hereto as Exhibit 4), and the declaration of Robert D. Nosek of SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues (the "Nosek Declaration," attached hereto as Exhibit 5).  In further support of the Objection, the Debtors respectfully represent as follows:

---

[1] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 Cases or the relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

[3] The Debtors reserve all of their rights to object on any other basis to the Claim not set forth in this Objection, and the Debtors reserve all of their rights to amend this Objection should any further bases come to light.  Further, to the extent necessary, the Debtors reserve the right to seek discovery from Ms. Spence.

1

ny-1101992

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Code section 502(b) and Bankruptcy Rule 3007(a).

## PRELIMINARY STATEMENT[4]

3. The Claim asserted by Ms. Spence for nearly $5.8 million against the Debtors should be disallowed and expunged on the grounds that the Claim lacks sufficient supporting information, fails under applicable pleadings standards, and fails to state a claim against the Debtors under applicable law. Claimant filed a single piece of paper alleging a claim against Debtor Homecomings Financial, LLC ("Homecomings") for "wrongful foreclosure" without attaching any supporting documentation. The Debtors presume that the Claim against Homecomings purportedly arises from an action pending in Missouri state court wherein Claimant has asserted damages of approximately $400,000. However, nothing in the Claim references the underlying action or gives any indication why Claimant believes she is entitled to claims against the Debtors of more than $5 million.

4. Even if the Court finds that the documentation in support of the Claim is sufficient, Claimant has not met her burden of establishing that she is entitled to a claim against Homecomings for "wrongful foreclosure" under applicable law. The allegation that Homecomings purportedly lacked the authority to foreclose on seven properties owned by the Claimant because it was not in possession of the original promissory notes in issue at the time of

---

[4] Capitalized terms used in this Preliminary Statement shall have the meanings ascribed to such terms below.

the foreclosure is incorrect. As set forth below, Homecomings was permitted to foreclose on the properties pursuant to the Servicing Contract and had actual possession of the promissory notes at the time of the foreclosures. For these reasons, the Claim should be disallowed and expunged in its entirety.

## BACKGROUND

5. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors Committee").

7. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner") [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal and, on June 26, 2013, the Court entered an order unsealing the report [Docket Nos. 3698, 4099].

8. On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain an official claims register for the Debtors.

9. On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[5]

10. On March 21, 2013, the Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), which approved certain procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "Borrower Claims," and the procedures relating thereto, the "Borrower Claim Procedures"). Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). See Procedures Order at 4.

11. A Request Letter was sent to Ms. Spence on June 11, 2013 requesting a response by July 11, 2013 and advising Ms. Spence that her failure to respond could result in the filing of an objection to the Claim. As reflected in a letter dated July 12, 2013 (the "Extension Letter"), the Debtors granted Ms. Spence an extension to provide additional information to July

---

[5] The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was **not** extended. To date, approximately 7,100 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

4

ny-1101992

25, 2013. A copy of the Request Letter is attached hereto as <u>Exhibit 6</u> and a copy of the <u>Extension Letter</u> is attached hereto as <u>Exhibit 7</u>. To date, Ms. Spence has not responded to the Request Letter or the Extension Letter. See Delehey Decl. ¶ 12.

### A.    Facts Specific to this Dispute

12.    Between June 11, 2008 and July 25, 2008, Homecomings, as servicer of loans owned by Deutsche Bank Trust Company Americas, Trustee ("<u>Deutsche Bank</u>"), foreclosed on loans (the "<u>Loans</u>") secured by seven properties owned by Claimant (the "<u>Properties</u>"). Each of the Properties is located in Springfield, Missouri.[6] Each of the foreclosures on the Properties was a non-judicial foreclosure conducted under applicable law.[7] See Delehey Decl. ¶ 4.

13.    On the dates of foreclosure of each of the Loans, Deutsche Bank was the owner and holder of the Notes and the deeds of trust on the Properties and Homecomings had actual possession of the Notes on the Properties. See Delehey Decl. ¶ 5. A copy of each of the promissory notes relating to the Properties is attached to the Delehey Decl. as <u>Exhibit A</u> (collectively, the "<u>Notes</u>").

14.    On April 11, 2011, almost three years after the foreclosures in issue, Claimant filed an action against Homecomings styled <u>Becky Spence v. Homecomings Financial, L.L.C.</u>, Case No. 1131-CV-05115 (the "<u>State Court Action</u>") in The 31st Judicial Circuit Court, Greene County, Missouri (the "<u>State Court</u>"). Claimant sought damages from Homecomings in the amount of approximately $411,800 arising from Homecomings' alleged "wrongful

---

[6]    The Properties are located at 3871 S. Cottage, 1061 E. Gaslight, 1413 W. Glenwood, 3877 S. Homewood, 2770 W. Lasalle, 3864 S. Cottage, and 3870 S. Cottage, each in Springfield, Missouri.

[7]    See R.S. Mo. § 443.290 ("All mortgages of real property or security agreements provided for a security interest in personal property, or both, with powers of sale in the mortgagee or secured party . . . shall be valid and binding by the laws of this state upon the mortgagors and debtors. . . .").

foreclosure" on the Properties. See Delehey Decl. ¶ 6. A copy of the Petition For Wrongful Foreclosure (the "Complaint") is attached to the Delehey Decl. as Exhibit B.

15. Claimant's sole allegation against Homecomings in the State Court Action is that the foreclosures on the Properties were wrongful because Homecomings was not in possession of the original promissory notes at the time of the foreclosure. See Delehey Decl. ¶ 7.

16. On November 23, 2011, Homecomings sought summary judgment in the State Court Action on the grounds that it was: (i) in possession of the original promissory notes at the time of the foreclosure, and (ii) authorized to foreclose on Deutsche Bank's behalf pursuant to the Servicing Contract (as defined below) (the "Summary Judgment Motion"). On January 2, 2012, Ms. Spence responded to the Summary Judgment Motion. Homecomings did not file a reply prior to the commencement of these Chapter 11 Cases. To date, the State Court Action remains pending. See Delehey Decl. ¶ 8.[8]

### B. Homecoming's Ability to Foreclose on the Loans

17. Pursuant to the *Standard Terms of Pooling and Servicing Agreement* as between RFC and Deutsche Bank dated as of March 1, 2006 (the "Servicing Contract"), Residential Funding Corporation ("RFC") became the servicer and authorized agent of Deutsche Bank for purposes of servicing the loans on the Properties. See Delehey Decl. ¶ 9. A copy of the Servicing Contract is attached to the Delehey Decl. as Exhibit C.

---

[8] The State Court Action is not covered by the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774], as Ms. Spence seeks only monetary damages against Homecomings.

18. Section 3.01 of the Servicing Contract provides RFC with the authority to foreclose on the Properties. See Servicing Contract § 3.01 ("[RFC] shall service and administer the Mortgage Loans in accordance with the terms of this Agreement and the respective Mortgage Loans and shall have full power and authority . . . to do any and all things which it may deem necessary or desirable in connection with such servicing and administration."). Section 3.02 of the Servicing Contract also permits RFC to appoint Homecomings as subservicer to administer all or some of the mortgage loans covered by the Servicing Contract. See Servicing Contract § 3.02. See Delehey Decl. ¶ 10.[9]

### C.   The Proof of Claim

19. On November 9, 2012, Claimant filed the Claim against Homecomings Financial, LLC asserting a claim of $5,876,900 described cursorily in Box 2 of the Claim as arising from "wrongful foreclosures" but the Claim provides no bases for the alleged claim. The Claim also fails to attach any supporting documentation, but lists "Becky Spence vs. Homecomings Financial LLC" as the "Name of Creditor" and the "Name and address where notices should be sent."

### RELIEF REQUESTED

20. The Debtors file this Objection pursuant to Bankruptcy Code section 502(b), seeking to disallow and expunge the Claim from the Debtors' claims register in its entirety.

---

[9] Pursuant to a *Seller/Servicer Contract* dated September 15, 1999 among Residential Funding Corporation ("RFC") and Homecomings, *RFC* authorized Homecomings to service loans on RFC's behalf. See Delehey Decl. ¶ 11. A copy of this agreement is attached to the Delehey Decl. as Exhibit D.

**OBJECTION**

21. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A properly completed proof of claim is *prima facie* evidence of validity and amount of a claim. See FED. R. BANKR. P. 3001(f). A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded. See 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012).

22. Although Bankruptcy Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof "[r]ests on different parties at different times." In re Smith, No. 12-10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (citation omitted). The party objecting to the proof of claim "bears the initial burden of providing evidence to show that the proof of claim should not be allowed." In re MF Global Holdings, Ltd., Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012). If the objecting party satisfies its initial burden and "the presumption of *prima facie* validity is overcome—e.g., the objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside of bankruptcy." Id. (citing In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion. The burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.")). Once the burden is shifted back to the claimant, "it must prove its claim by a preponderance of the evidence." Id. (citations omitted).

8

ny-1101992

23. Bankruptcy Code section 502(b)(1) provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Whether a claim is allowable "generally is determined by applicable nonbankruptcy law. . . ." In re W.R. Grace & Co., 346 B.R. 672, 673 (Bankr. D. Del. 2006). "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." In re Hess, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting Vanston Bondholders Protective Comm. v. Green, 329 U.S. 156, 161 (1946)).

24. Here, the Debtors object to the Claim on the basis that, after reviewing the Claim, (a) it is not supported by sufficient documentation, (b) it fails to make a "short and plain statement" of grounds for relief in violation of Rule 8(a)(2), and (c) the Debtors have no liability to Ms. Spence for "wrongful foreclosure."

I.   **THE CLAIM IS NOT SUPPORTED BY SUFFICIENT DOCUMENTATION**

25. The Debtors have determined that the Claim should be disallowed and expunged because it lacks sufficient documentation. Although a properly filed proof of claim constitutes *prima facie* evidence of the validity of the claim, Fed. R. Bankr. P. 3001(f), failure to attach the documentation required by Bankruptcy Rule 3001 will result in the loss of the *prima facie* validity of the claim. See In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (citation omitted); In re Hight, 393 B.R. 484, 493 (Bankr. S.D. Tex. 2008).

26. Failure to attach sufficient documentation to a proof of claim can result in disallowance of the claim under appropriate circumstances because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the

9

claim. Minbatiwalla, 424 B.R. at 119 (citing In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("under some circumstances lack of [documentation required by Rule 3001(c)] followed by a creditor's failure to appear or otherwise respond to an objection . . . made on the grounds of insufficient annexed documentation may result in a disallowance of the claim on procedural (i.e., default) grounds")); see also In re DePugh, 409 B.R. 125, 137-38 (Bankr. S.D. Tex. 2009) (holding that insufficient documentation is a valid basis for disallowing a claim as "unenforceable against the debtor under applicable law" under 11 U.S.C. § 502(b)(1) because of a lack of compliance with Bankruptcy Rule 3001).

27. The Claim here lacks sufficient supporting documentation as to its validity and amount. Specifically, Claimant fails to attach any supporting documentation relating to the State Court Action, and fails to provide any explanation as to why Claimant is entitled to recover either in the State Court Action or these Chapter 11 Cases. Further, Claimant has not provided an explanation as to why she is entitled to a $5.9 million claim against the Debtors when she has only asserted a claim of $411,800 in the State Court Action. The Debtors sent Ms. Spence a Request Letter and an Extension Letter and did not receive a response containing further information or support for the claims asserted. See Delehey Decl. ¶ 12.

## II. THE CLAIM IS DEFECTIVE AS A PLEADING

### A. Federal Pleading Rules Apply

28. Several courts, including those in this district, have applied the federal pleadings standards when assessing the validity of a proof of claim. See In re DJK Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr. Props., 272 B.R. 529, 542, n.17 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller

10

ny-1101992

Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. App'x 40 (2d Cir. 2002); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss. . . ") (citation omitted).

29. Accordingly, the adequacy of the Claim, which is purportedly based on the assertions made in the Complaint, should be judged by Rule 8(a)(2).

**B. The Claim Fails to Satisfy Rule 8(a)(2)**

30. Under Rule 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ascroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). It is insufficient for a complaint to simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007). Rather, it must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). The purpose of Rule 8(a)(2) is to ensure that the complaint "give[s] enough detail to illuminate the nature of the claims *and allow defendants to respond.*" Regis Techs., Inc. v. Oien (In re Oien), 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009) (emphasis added) (citations and internal quotation marks omitted). In other words each defendant must know what he is charged with. See, e.g., Forman v. Salazano (In re Norvergence, Inc.), 405 B.R. 709, 736-37 (Bankr. D.N.J. 2009) (complaint's setoff allegations inadequate because, among other things, it did not identify specific defendants with specific transactions).

31. Assessed as filed, the Claim plainly fails the test of Rule 8(a)(2). Though the Claim asserts damages arising from the Debtors' purported "wrongful foreclosure," it fails to describe the grounds for the claim or put the Debtors on notice regarding what conduct it has alleged to have engaged in that would make Homecomings liable to Ms. Spence. As discussed below, even if Ms. Spence had attached, referenced and/or incorporated the Complaint, the Claim fails on the merits.

### III. THE DEBTORS HAVE NO LIABILITY ARISING FROM "WRONGFUL FORECLOSURE"

32. Even if the Court determines that the Claim should be deemed augmented by the Complaint, the Claim fails to establish that Claimant is entitled to a claim against the Debtors for "wrongful foreclosure" under applicable law. See 11 U.S.C. § 502(b)(1); In re W.R. Grace & Co., 346 B.R. at 673.

33. Under Missouri law, a party may enforce a promissory note if it is either the holder of the promissory note or a non-holder in possession of the instrument who has the right of a holder. See R.S. Mo. § 400.3-301. Pursuant to R.S. Mo. § 400.3-301, a "Person entitled to enforce instrument" means "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 400.3-309 or 300.3-418(d)." See also In re Box, Case No. 10-20086, 2010 WL 2228289, at *4-5 (Bankr. W.D. Mo. 2010).

34. Assuming that the Claim arises from the Complaint filed in the State Court Action, Claimant alleges that the Debtors did not have the right to foreclose on the Properties because Homecomings was not the holder of the original promissory notes. See Compl. ¶ 10. However, as set forth in the Delehey Declaration, Homecomings had possession of the

12

ny-1101992

promissory notes at the time of the foreclosures. See Delehey Decl. ¶ 5. Moreover, pursuant to the Servicing Contract, Homecomings, as servicer of the Loans, was authorized to foreclose on the Properties on behalf of Deutsche Bank as Trustee. See Delehey Decl. ¶ 13. Accordingly, Homecomings was authorized to enforce the Notes pursuant to R.S. Mo. § 400.3-301 and Claimant has not stated a claim for "wrongful foreclosure" under applicable law. See, e.g., Hobson v. Wells Fargo Home Mortg., Case No. 1:11CV00010, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011) ("Under Missouri law, non-judicial foreclosure is a contractual right established by a power of sale clause in a deed of trust."). Accordingly, the Claim should be disallowed and expunged from the Debtors' claims register. In addition, the Proposed Order directs Claimant to withdraw the State Court Action with prejudice.

## NOTICE

35.    The Debtors have provided notice of this Motion in accordance with the Procedures Order and the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

13

ny-1101992

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: September 18, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*