# **EXHIBIT 2**

ny-1101992

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE DEBTORS' OBJECTION TO**
**PROOF OF CLAIM NO. 3835 FILED BY BECKY SPENCE**

Upon the Objection to the Proof of Claim Filed by Becky Spence (the "Objection")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 8(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging proof of claim no. 3835 filed by Becky Spence (the "Claim"); and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the Declaration of Lauren Graham Delehey, the Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 3-5, respectively; the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1108151 v1

Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that Claim is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the Claim pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Claim; and it is further

ORDERED that Claimant is hereby directed to withdraw the State Court Action with prejudice within sixty (60) days following entry of this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: November __, 2013
      New York, New York

                                                                           _____
                                                                           UNITED STATES BANKRUPTCY JUDGE