# United States Bankruptcy Court
## Southern District of New York
## Manhatten Division

|  | Debtor Case No. <u>10-43723-MSH</u> |
|---|---|
| In Re RESIDENTIAL CAPITAL, LLC, et al, | Chapter <u>11</u> |
| Debtors | Adversary No. <u>10-04145-MSH</u> |

### **OPPOSITION TO OBJECTION TO CLAIM[#4635]**

Comes now THOMAS JAMES LA CASSE, by and through his attorney <u>Laird J. Heal, Esq.</u>, and moves this Honorable Court allow until September 16, 2013 to file his response to the Objection[#4635] to his Claims, respectfully representing the following good reasons to <u>deny</u> the Objection and <u>allow</u> his Claims[#3852, #3856 and #3860]:

## Table of Contents

I. PRELIMINARY STATEMENT ................................................................................. 4

II. JURISDICTION, VENUE, AND STATUTORY PREDICATE ............................. 5

III. BACKGROUND ......................................................................................................... 5

    A. Chapter 11 Cases Background ........................................................................ 5

    B. Claimant's Prior Litigation ............................................................................... 6

        1. The Aurora Action .................................................................................. 6

        2. The Foreclosure Action .......................................................................... 7

    C. The Proofs of Claim ......................................................................................... 9

        1. The Homecomings Proof of Claim ........................................................ 9

        2. The First RFC Proof of Claim ................................................................ 9

        3. The Second RFC Proof of Claim ........................................................... 9

IV. RELIEF REQUESTED ............................................................................................... 9

V. OBJECTION ................................................................................................................ 9

    A. Applicable Legal Standard ............................................................................... 9

    B. The Homecomings Proof of Claim and Second RFC Proof Of Claim ..... 10

    C. The First RFC Proof Of Claim Fails To State A Valid Claim Against Any Debtor ............................................................................................................ 10

        1. The [...] Claimant Failed to Diligently Seek Relief In State Court ................................................................................................................ 11

        2. As The Servicer Of The Note, RFC Was Not Entitled To Foreclose On The Valley Forge Property ..................................................... 12

        3. Claimant's Allegation That The Stephan Affidavit Is Fraudulent Is [...]supported By Evidence ............................................................. 14

    D. The Proofs Of Claim Are [...] Supported By Sufficient Documentation .. 15

VI. NOTICE; NO PRIOR REQUEST ......................................................................... 16

## Index of Authorities

Chase Home Finance, LLC v. Fequiere, 989 A.2d 606, 119 Conn.App. 570 (Conn.App. 2010)..................................................................................................................13

Chase Home Finance, LLC v. Fequiere, 989 A.2d 606, 119 Conn.App. 570, 578 (Conn.App. 2010)..................................................................................................12

Citibank, N.A. v. Lindland, No. SC 18885 (Conn., Sept. 17, 2013)................................12

Connecticut General Statutes Ch. 846, Sec. 49-15(b)........................................................11

Fleet Nat. Bank v. Nazareth, 818 A.2d 69, 71-72, 75 Conn.App. 791, 795 (Conn.App. 2003)..................................................................................................................13

I.  **PRELIMINARY STATEMENT**

1. This is an omnibus objection relating to three Proofs of Claim[1] filed in this case. The Objection[#4635] at p. 11 aberrantly states "the Proofs of Claim are based on claims arising under two foreclosure-related actions filed in Connecticut state court ". The Homecomings claim and second Residential Funding Company, LLC, claim do relate to a civil action for lending fraud filed by Mr. La Casse in the Stamford Superior Court, but the liability only became apparent during the litigation when a copy of the Note was introduced there that was materially different from that submitted in Mr. La Casse's Chapter 11 Bankruptcy case[2], meaning that <u>one or both of the images had been altered</u>, as by Adobe Photoshop or similar. The uncertainty is obviously easy to resolve, by an inspection of the document, but otherwise, Mr. La Casse should file his claim against Homecomings, as the original lender, and Residential Funding, as apparent transferee, as either entity may bear ultimate liability, if only a loss on the underlying obligation, as even a discharge in Bankruptcy should not be protection against a recoupment. The first Residential Funding Company, LLC, claim regards the foreclosure action filed by that entity regarding a Connecticut property, also in Stamford Superior Court. The Objection says "Claimant fails to articulate a valid legal basis that would give rise liability[sic] on the part of any Debtor." However, a Proof of Claim is itself prima facie evidence of the amount owed and the supporting documents provided make the nature and extent of the debts clear. Debtors did not, as they admit in Paragraph 10 of the

---

1  The claims are identified in the Objection as Claim No. 3852, against Homecomings Financial, LLC, Claim No. 3856, against Residential Funding Company, LLC, fka Residential Funding Corporation. and Claim No. 3860, also against Residential Funding.
2  *In Re Thomas J. La Casse*, 10-30088-HJB, District of Massachusetts.

Objection[#4635], ask for further supporting documentation. Indeed, given the extensive litigation about these matters already, Debtors and their counsel are well aware of the bases of the claims. However, to counter their portrayal, With respect to the 'first' Residential Funding claim regarding the judicial foreclosure, Mr. La Casse obtained an expert's report which showed that "Residential Funding Company, LLC fka Residential Funding Corporation" , was not the owner of that obligation. However, this is not acceptable under Connecticut law, as discussed in Paragraph 41. Furthermore, the actions taken to 'secure' the property instead resulted in a great deal of damage to the property in Connecticut, which was looted of any valuables and otherwise vandalized in an attempt to make it appear a burglary, except that burglars do not purposefully make it impossible for a homeowner to continue to reside at a property. However, if the foreclosing entity chooses to secure the property, it becomes responsible for such damage anyway.

## II. JURISDICTION, VENUE, AND STATUTORY PREDICATE

2. Admitted.

## III. BACKGROUND

### A. Chapter 11 Cases Background

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted that Homecomings indorsed the Note to Residential Funding Corporation. Denied that the Valley Forge Note was indorsed in blank, as in 2010, in the Claimant's Bankruptcy case[3] after it was converted to Chapter 7, the Motion for Relief from Stay included a copy of the Note, <u>without</u> an allonge, showing only the indorsement to Residential Funding Corporation . Residential Funding is thus judicially estopped to claim that the Note bore an allonge prior to September 17, 2010. If, as alleged, Residential Funding had possession of the original, there is no possibility that filing the Note without including its allonge is an error. Thus, the court records contradict the assertion that the Note was indorsed in blank in 2006. unless counsel in the Massachusetts Bankruptcy case deliberately chose to omit the allonge, which is supposed, by definition, to be permanently affixed and a physical part of the Note. The "custodial agreement" referred to is included among the exhibits filed with the Stamford Superior Court, and names Wells Fargo Bank, National Association, as "Custodian" on its Page 19 of 835 (page 236 of the Exhibit).

### B. **Claimant's Prior Litigation**

#### 1. **The Aurora Action**

11. Admitted that Mr. La Casse took a loan to purchase the property at 270 Park Drive, Longmeadow, Massachusetts, but two materially different copies of the Note were filed in two different courts, the first in July, 2010, in the Bankruptcy Court for the District of Massachusetts, indorsed to Residential Funding Company, LLC, the second, filed February, 2012, in the Stamford Superior Court, showing indorsement in blank but an allonge by Residential Funding Company, LLC, also in blank. The Note has not been

---

[3] District of Massachusetts, Case. No. 10-30088-HJB, *In re Thomas J. La Casse*.

produced so that this conflict can be reconciled.  Mr. La Casse cannot assume that the loan was transferred from Homecomings given that the attorneys for Aurora Loan Services, LLC, the putative transferee, cannot even agree on which is the correct copy of the Note.  It is entirely possible that neither is an accurate image.

12.     Denied.  The September 15, 2009, judgment of the Land Court is not relevant, as a case under the Servicemembers Civil Relief Act, as amended, says nothing about any right to foreclose a mortgage, only that the mortgagor may not claim the protections offered by that Act, but the foreclosure sale in question is the subject of litigation and the summary judgment motion of the defendants in that case was denied, even after reargument.[4]

13.     Admitted, and further alleged that Mr. La Casse has not as yet filed an amended complaint related to those matters.

14.     Denied that "no determination has been made as to the liability of Aurora or MERS" inasmuch as the motion for summary judgment has been denied.

### 2. The Foreclosure Action

15.     Denied that Residential Funding Corporation has any right to possession or control of the Note regarding the mortgage on 153 Valley Forge Road, Weston, Connecticut.  The Report of Marie McDonnell, of McDonnell Analytics, Inc., submitted in that case and based on public records, shows that the loan was packaged as a collateral for a security by being made a part of a trust corpus, which Residential Funding could never be an owner of.  Furthermore, this disability was and is well-known to all concerned, and the use of Residential Funding as a plaintiff in a judicial foreclosure action was a fraud, making it difficult or impossible to discover the real party in interest

---

[4] See Exhibit D, Docket Sheet of the case *Thomas J. La Casse v. Aurora Loan Services, LLC*.

unless the borrower were to take the unlikely step of retaining an expert for that purpose.

16. Admitted.

17. Admitted, but it is unclear if Mr. La Casse had notice of the items mentioned.

18. Admitted.

19. Admitted.

20. Denied. Mr. La Casse filed a case in Chapter 11 on January 19, 2010, which was converted to one under Chapter 7 on June 24, 2010. Mr. La Casse received his discharge of debts on May 22, 2012, and the case closed on November 6, 2012. Admitted that the Order of Relief entered November 4, 2010, but Judge Henry J. Boroff noted in the margin, "effective 12/4/10. The Debtor waives no defenses against the movant under state or federal law".

21. Admitted that the Motion filed November 30, 2010, thus violated the Automatic Stay and is a void act. Hence, the Debtors come to this Court with their unclean hands seeking further relief.

22. Admitted, and further alleged that this is all in accordance with Connecticut law regarding MERS assignments and foreclosures.

23. Admitted.

24. Admitted.

25. Denied. The State Court advised the parties to settle their dispute.

26. Admitted.

27. Admitted.

### C.  The Proofs of Claim

### 1. The Homecomings Proof of Claim

28. Admitted.

### 2. The First RFC Proof of Claim

29. Admitted.

### 3. The Second RFC Proof of Claim

30. Admitted.

## IV. RELIEF REQUESTED

31. Claimant asks that the claims be retained in the Claims Register as they were a) timely filed and b) Debtors, by their own admission, have not followed the claims objections procedures set out by the Court. Furthermore, these matters will be decided by the state court, coincidentally the Stamford Superior Court in Connecticut in each case, and the filing of the claim is merely the formality to permit their identification in the claims register.

## V. OBJECTION

### A. Applicable Legal Standard

32. While the Claim Objection has moved from assertions of fact to legal argument, retaining the numbered paragraphs is the preferred format of the undersigned, and the principle that once an objection to a proof of claim is raised, the claimant bears the burden of persuasion is not disputed. There may be exceptions, however, not mentioned by the Debtors, depending upon who is in control of the information needed.

33. Also undisputed.

34. A crux of dispute is raised with the assertions here, which do not derive from any argument raised before, except which was itself bare assertion. Another

problem is that the Debtors have created an omnibus objection to three claims in the guise of a single Objection to Claims. Furthermore, the fact that the claims may be borne out in state court, as mentioned above, is itself a stark contradiction to the Debtor's assertion that their books may be relied upon as the basis for allowing or denying a claim.

### B. The Homecomings Proof of Claim and Second RFC Proof Of Claim

35. Unfortunately, the evidence that the mortgage note in question was properly negotiated is contradictory, and the proof positive, namely the production of the original so that it may be compared against the various and inconsistent copies presented as true copies, has not come to pass. Although not named, both Homecomings and Residential Funding are obvious co-defendants should Mr. La Casse amend his Complaint regarding 270 Park Drive, Longmeadow, Massachusetts. Even so, there is no suggestion that the claim is somehow unenforceable against all Debtors in this consolidated case. There is only the suggestion that the wrong defendant may have been sued, and given the copies of the Note bearing different indorsements, as well as the securitization history, the answer is far from obvious, and probably far from easy to decide.

### C. The First RFC Proof Of Claim Fails To State A Valid Claim Against Any Debtor

36. It is incorrect that "The First RFC Proof of Claim is based entirely on the claims asserted in the Claimant's Motion to Vacate, " as stated on page 21 of the Objection[#4635]. Instead, it is based on an agreement in principle to settle the fraudulent foreclosure. Furthermore, as stated in the record transcript of the first hearing on the Motion to Vacate, the factual basis to be presented to the state court was being developed, in the form of an expert's report and her testimony, but that the preliminary

opinion was such that counsel in Connecticut had filed the motion.

37. Debtors state, without citation, that "Connecticut courts have already rejected Claimant's arguments regarding MERS' ability to hold and assign mortgages." One problem with this topic is, as established by Ms. McDonnell's report, that the mortgage assignment was done as a part of the securitization of the loan, and MERS was by the time of the execution of the document no longer the mortgagee. Paragraph 37 of the Objection[#4635] then asserts "standing" Residential Funding purportedly had to commence a foreclosure. It is equally clear, given both the securitization report and the response to the Qualified Written Request also a part of the state court record, written by the mortgage servicer, that Residential Funding did not have the necessary standing. The discussion of Connecticut law is found below in Paragraph 41. The response to the Qualified Written Request states that Residential Funding is the master servicer, but that the loan has been transferred to HSBC Bank, NA, as Trustee. This statement is supported by documents in the public record, as detailed by Ms. McDonnell in her report. Any suggestion to the contrary can only be an attempt to perpetrate a fraud.

   1. **The [...] Claimant Failed to Diligently Seek Relief In State Court**

38. The statement "The Judgment of Strict Foreclosure entered by the State Court has not been vacated, and the State Court should refuse to hear the merits of the Motion to Vacate due to Claimant's failure to diligently seek relief" appears directed at a state court, and not this Bankruptcy Court. It is also incorrect as a matter of law, because by operation of Connecticut General Statutes Ch. 846, Sec. 49-15(b), which reopens any such judgment upon the filing of bankruptcy. Debtors also make an argument with a simple fallacy in this Paragraph 38. That is, the Bankruptcy Court has directed that the

matter be decided in state court, and these arguments are directed to the state court – but this is not the state court. This Court should not entertain the attempt by Debtors to take a second bite at the apple. Debtors do quite correctly note that the problem with their judgment of strict foreclosure is that it was procured by a fraud, in that the plaintiff did not and could not own the obligation as it represented to the state court. Their citations to case law do not mention the special character of foreclosure proceedings in Connecticut. For instance, in *Citibank, N.A. v. Lindland*, No. SC 18885 (Conn., Sept. 17, 2013), the Supreme Court of Connecticut directed that a foreclosure be reopened on equitable grounds even after the sale had occurred and title had passed to the subsequent seller. The decision does recognize that whether to reopen the proceeding is a matter of the trial court's discretion, but where the plaintiff in a foreclosure case does not have the power to initiate the case, the Connecticut courts treat the error as jurisdictional. *Chase Home Finance, LLC v. Fequiere*, 989 A.2d 606, 119 Conn.App. 570, 578 (Conn.App. 2010). In the state court matter, the Superior Court judge urged the parties to settle; and rather than take that lump of coal as medicine, GMAC unrepentantly returns to the court most likely to give it some solace – despite having once already sent it to the proper forum.

39.   Debtors continue with an argument better presented to the court of competent jurisdiction, given that the Bankruptcy Court has indicated that the matter should proceed there. As to whether Mr. La Casse has proceeded diligently, he had brought his motion which was abruptly halted by the Debtors' bankruptcy, and was prepared to go forth on evidence but for the state court judge's ruling that the matter was still covered by the bankruptcy stay. The state court has not yet rescheduled that hearing.

### 2. As The <u>Servicer</u> Of The Note, RFC Was <u>Not</u> Entitled To Foreclose On The Valley Forge Property

40.     Debtors recite a principle of law but the problem is that they are not the note holder, as the obligation was securitized. GMAC/Residential Funding even admits that no Debtor was the holder of the note. There can be only one holder, and as its response to the Qualified Written Request of Mr. La Casse states, that is "HSBC Bank USA, N.A., as Trustee, 452 Fifth Avenue, New York, NY 10018."[5] The expert report of Ms. Marie McDonnell is more specific: HSBC Bank USA, National Association as Trustee for the Certificateholders of the Luminent Mortgage Trust 2006-3.[6]

41.     Again, the problem with Debtors' argument is that the Plaintiff is not the holder of the note as required by Connecticut law. *Fleet Nat. Bank v. Nazareth*, 818 A.2d 69, 71-72, 75 Conn.App. 791, 795 (Conn.App. 2003). Also see *Chase Home Finance, LLC v. Fequiere*, 989 A.2d 606, 119 Conn.App. 570 (Conn.App. 2010), where a defendant filed a motion to reopen a judgment of strict foreclosure and the disability of the Plaintiff was treated as a jurisdictional matter. A bearer "of a note indorsed in blank [has the prima facie right to enforce the note unless the makers] "set up and prove facts which limit or change the bearer's rights." *Id*. at 578. This has been done here, by showing that the loan was sold, pooled, and placed into a trust which is still reporting the loan as an asset, even well after the judicial foreclosure case was filed. The Note is also not indorsed in blank. It is made payable to "Residential Funding Corporation", or so the copy presented to the Massachusetts Bankruptcy Court in 2010 reads. The copy filed with the Stamford Superior Court in 2012 has an allonge attached, but Debtors are judicially estopped from claiming that the note, as of 2010, and thus any date prior, had such an allonge attached.

---

5   See the Answers to Questions 14 and 15 of the Qualified Written Request, Exhibit B, p. 10.
6   Exhibit A, p. 6, also pp. 13-17.

42. This paragraph 42 states a principle of law which is inapplicable, as mentioned above; the Note is not indorsed in blank. However even if the allonge showing indorsement in blank is applicable, Residential Funding is not the owner of the obligation so that it may proceed with foreclosure. *Id.*

43. This Paragraph 43 continues discussion of a negotiable instrument indorsed in blank when the Note, as of the date of filing, bore no such allonge, and was also sold as a part of the securitization of the loan in 2006. Exhibit B, Report of Marie McDonnell, pp. 13-17.

44. Paragraph 44 of the Objection[#4635] continues the discussion of law regarding an instrument indorsed in blank, unnecessary because the Note as of 2010 did not bear an allonge, and inapplicable because the loan was securitized in 2006 and thus no longer the property of Residential Funding. Furthermore, the original note has not been produced as proof that the state court plaintiff is in possession, despite the claims of the attorneys.

45. Denied. The expert report of Marie McDonnell, based on the required filings with the SEC, which are public records, show that Mr. La Casse's loan was securitized on or before April 28, 2006, and continues to be reported as an asset of the Luminent Mortgage Truste 2006-3. According to Ms. McDonnell, the owner of the obligation is HSBC Bank USA, National Association as Trustee for the Certificateholders of the Luminent Mortgage Trust 2006-3. This report was filed with the Court and instead of proceeding with an evidentiary hearing, the parties reached an agreement in principle to settle.

   3. **Claimant's Allegation That The Stephan Affidavit Is Fraudulent Is [...]supported By Evidence**

46. The report of Ms. McDonnell addresses the matter of affidavits signed by Jeffrey Stephan. See, e.g., her Report, page 18, part (36) v. and page 20, Section III.

47. Debtors ignore that instead of simply filing a court case to foreclose a mortgage, Residential Funding entered the property and left it in ruins. Anything of value was stolen, and what was too large or not valuable enough was vandalized. The scorched earth policy of making a property uninhabitable to the homeowner fully merits punitive damages in the amount claimed. The deceptive acts of attempting to gain title to Mr. La Casse's home when the attempt was so palpably contrary to law, and the continued damages to the property caused by Residential Funding, fully merit the enhanced and punitive damages from civil RICO.

48. Denied. Mr. La Casse will have his opportunity to cross-examine the witness, and the time worn phrase "Claimant does not claim, nor can he" may have a place in summary judgment but as to the nature of whether a claim should be allowed, as stated above and in the Objection[#4635] even admitted in its Paragraph 48, the matter belongs in the state court to be decided there; although the state court had decided that the parties should reach their own settlement.

D. **The Proofs Of Claim Are [...] Supported By Sufficient Documentation**

49. Denied that the Debtor's books and records are dispositive of the disputes. Denied that the attached documentation are insufficient to permit Debtors or their counsel to understand the nature, basis and extent of the claim. Furthermore, it is not stated in this paragraph of the Objection[#4635] just what might be missing, merely it is alleged that the documentation is insufficient. Considering the voluminous discussion in the preceding paragraphs, the argument rings hollow.

50. Denied that the items attached, namely itemized lists of dollar amounts and categories, are insufficient to apprise the Debtors of the nature and extent of claims. The settlement letter of Donald Brown, Esq., for instance, memorializes the parties' awarness of the gravity of the omissions by Residential Funding.

51. Denied that the documentation provided was insufficient. If Debtors would be more accurate with the copies of the respective Notes they have filed against Mr. La Casse, some of the apparent confusion would be lessened; but since that is not the case, we have the situation where, on the one hand, Debtors argue that despite the securization of the underlying obligation, by dint of a defective indorsement, one of the Debtors is still empowered to foreclose a mortgage; but on the other hand, despite a similarly defective indorsement, another of the Debtors is not liable for the lending practice violations and ultimate foreclosure of a different mortgage.

## VI. NOTICE; NO PRIOR REQUEST

52. Admitted.

53. Admitted.

WEHREFORE, Thomas J. La Casse, creditor, asks that his Proofs of Claim be <u>allowed</u>, that the matters be referred to the state court for adjudication, and for such other and further relief as the Court should find merited in the interests of justice.

Dated:  September 18, 2013

                                                Respectfully Submitted for
                                                Thomas J. La Casse

                                                <u>/s/ Laird J. Heal</u>
                                                Laird J. Heal
                                                120 Chandler Street, Suite 2 R
                                                Worcester, MA 01609
                                                508-459-5095

508-459-5320 (facsimile)

*Counsel to Thomas J. La Casse*

<u>/s/ Laird J. Heal</u>
Laird J. Heal, Esq. BBO# 553901
120 Chandler Street, Suite 2 R
Worcester, MA 01609
508-459-5095
508-459-5320 facsimile
LairdHeal@LH-Law-Office.com

Dated:  September 18, 2013

# CERTIFICATE OF SERVICE

I hereby certify that immediately upon receipt of the Notice of Electronic Filing, I will immediately cause service of the within included Motion to Extend Time by first class mail, together with this Certificate of Service, upon any party not shown here as receiving electronic service, namely:

### *By Electronic Service*

| | |
|---|---|
| Gary S. Lee | Richard E. Briansky |
| Norman S. Rosenbaum | PRINCE LOBEL & TYE LLP |
| Melissa A. Hager | 100 Cambridge Street, Suite 2200 |
| Erica J. Richards | Boston, Massachusetts 02114 |
| MORRISON & FOERSTER LLP | |
| 1290 Avenue of the Americas | |
| New York, New York 10104 | |

### *By First-Class Mail*

/s/ Laird J. Heal
Laird J. Heal