**Hearing Date and Time: November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time:  October 10, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

### DEBTORS' THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
### (NO LIABILITY–EMPLOYEE CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

**RELIEF REQUESTED**

1.      The Debtors file this thirty-fourth omnibus objection to claims (the

"Thirty-Fourth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing

of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures

Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form

substantially similar to that attached hereto as Exhibit 2, to disallow and expunge the claims

listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Thirty-Fourth Omnibus

Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the

Debtors' Thirty-Fourth Omnibus Claims Objection (the "Horst Declaration"), attached hereto as

Exhibit 1 and filed concurrently herewith.

2.      The Debtors examined the proofs of claim identified on Exhibit A to the

Proposed Order filed by certain claimants (collectively, the "Employee Claimants"), and

determined that the proofs of claim listed under the heading "*Claims to be Disallowed and

Expunged*" (collectively, the "Employee Claims") are not valid because they assert claims for

which the Debtors are not liable, as discussed in greater detail below.  Accordingly, the Debtors

---

[1]     Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

seek entry of the Proposed Order disallowing and expunging the Employee Claims from the claims register.

3.    The Debtors expressly reserve all rights to object on any other basis to any Employee Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.    General**

5.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7.    On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

8.    On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.

2

ny-1107854

4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

### B.    Proceedings Related to Proofs of Claim

9.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

10.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

11.    On March 21, 2013, the Court entered the Procedures Order [Docket No. 3294], which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

ny-1107854

12.     To date, approximately 7,160 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims register.

13.     No Borrower Claims (as defined in the Procedures Order) are included in

this Thirty-Fourth Omnibus Claims Objection.

**THE EMPLOYEE CLAIMS SHOULD BE DISALLOWED AND EXPUNGED**

14.     Based upon their review of the proofs of claim filed on the claims register

maintained by KCC, the Debtors determined that they have no liability for any of the Employee

Claims identified on Exhibit A annexed to the Proposed Order.  Accordingly, these claims do not

represent valid prepetition claims against the Debtors.  If the Employee Claims are not

disallowed and expunged, the Employee Claimants who filed these proofs of claim may

potentially receive a wholly improper recovery to the detriment of other creditors in these

Chapter 11 Cases.  (See Horst Declaration ¶ 4).

15.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  11 U.S.C. 502(b)(1).  The

Debtors diligently analyzed the proofs of claim identified on Exhibit A to the Proposed Order,

and determined that nearly all of the Employee Claims are based on claims for pension benefits

under the Employees' Retirement Plan for GMAC Mortgage Group LLC, as amended and

4

restated on January 1, 2012 (the "Retirement Plan").[2]  (See Horst Declaration ¶ 4).  As of the

Petition Date, the Retirement Plan was sponsored by non-Debtor GMAC Mortgage Group LLC.

The party liable for pension benefits under the terms of a tax-qualified pension plans, such as the

Retirement Plan, is the Retirement Plan itself, and not the plan sponsor.  See 29 USC

1132(a)(1)(B) and (d)(2).[3]   In addition, GMAC Mortgage Group LLC is a wholly-owned

subsidiary of Ally Financial Inc. and is not one of the Debtor entities.  (See Horst Declaration ¶

4).  The Debtors are not liable for the benefits to be paid to participants and beneficiaries of the

Retirement Plan because only the Retirement Plan itself is liable for such benefits.

17.    In addition, certain Employee Claims listed on Exhibit A to the Proposed

Order have no basis in the Debtors' books and records, as noted in the "*Reason for

Disallowance*" column of Exhibit A.  (See id. ¶ 5).  Thus, the Debtors are not liable for the

Employee Claims asserted by such Employee Claimants.

18.    Accordingly, under the terms of the Retirement Plan and pursuant to their

books and records, the Debtors have no liability for the Employee Claims.  If the Employee

Claims remain on the claims register, the Employee Claimants, as parties without valid claims

against the Debtors, may potentially receive an improper recovery to the detriment of claimants

with valid claims.  Therefore, the Debtors request that the Court disallow and expunge in their

entirety the Employee Claims.

## **NOTICE**

19.    The Debtors have served notice of this Thirty-Fourth Omnibus Claims

Objection in accordance with the Case Management Procedures entered on May 23, 2012

---

[2] Pursuant to an amendment dated June 24, 2013 (the "Amendment"), Ally Financial Inc. replaced GMAC
Mortgage Group LLC as plan sponsor.  Copies of the Retirement Plan and the Amendment are attached to the
Horst Declaration as Exhibit A.

[3] "Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the
plan as an entity and shall not be enforceable against any other person unless liability against such person is
established in his individual capacity under this subchapter."  29 USC 1132(d)(2).

[Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

20.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.


Dated:  September 19, 2013
          New York, New York


                                           /s/ Norman S. Rosenbaum
                                          Gary S. Lee
                                          Norman S. Rosenbaum
                                          Jordan A. Wishnew
                                          MORRISON & FOERSTER LLP
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Telephone:  (212) 468-8000
                                          Facsimile:  (212) 468-7900

                                          *Counsel for the Debtors and*
                                          *Debtors in Possession*

ny-1107854