Exhibit 6

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG


June 26, 2013

Writer's Direct Contact
212.336.8638
ALawrence@mofo.com

**By Email**

Randall R. Rainer
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110

Re:   In re Residential Capital, LLC, *et al*., Chapter 11 Case No. 12-12020 (MG)

Dear Mr. Ranier:

We are counsel to Residential Capital, LLC and its debtor affiliates in the above-captioned cases (the "Debtors").  We write regarding the claims of Syncora Guarantee Inc. ("Syncora").

Specifically, we are writing to follow up on the request set forth in the email dated June 13, 2013, from my colleague Alexandra Barrage to you requesting that Syncora finally disclose the nature and amount of its claims.  For months, the Debtors have been asking that Syncora describe the nature and quantify the amount of its claims.  Regrettably, the Debtors have never received a response.

On November 7, 2012, Syncora filed proof of claim number 2781 seeking an unliquidated amount from GMAC Mortgage, LLC ("GMACM") based on three trusts that own loans serviced by GMACM, specifically Bear Stearns Second Lien Trust 2007-SV1; Greenpoint Mortgage Funding Trust 2006-HE1; and Suntrust Acquisition Closed-End Second Trust, Series 2007-1 (the "Syncora-Related Trusts").  The Debtors sponsored none of these trusts.[1]

On June 19, 2013, Syncora filed its Objection to the *Debtors' Motion for an Order under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter into*

---

[1] We understand that some of these trusts were formerly (or are currently) subject to ancillary breach of representation and warranty litigation in which Syncora seeks to recover its alleged losses from third parties. *See*, e.g., *U.S. Bank National Ass'n v. Greenpoint Mortgage Funding, Inc.*, No. 600352/2009 (Sup. Ct. N.Y. Cnty.) (Greenpoint Mortgage Funding Trust 2006-HE1).

ny-1097038

**MORRISON | FOERSTER**

Randall R. Rainer
June 26, 2013
Page Two

*and Perform under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee and Certain Consenting Claimants* [Docket No. 4082] (the "Syncora Objection"). In that objection, Syncora claims that it "has paid insurance claims totaling nearly $750 million, including paying $148,914,678 in claims for STACS 2007-1 and $74,816,151 in claims for Residential Accredit Loans Inc. Series 2006-Q04 ("RALI 2006-Q04")." Syncora further states that it "has paid insurance claims on the Syncora Transactions totaling nearly $750 million, thereby giving Syncora a subrogation claim for such amounts under the Operative Documents."

The Syncora Objection reflects the first time that Syncora has ever referenced any possible claim against the Debtors arising out of the RALI 2006-Q04 trust. As you know, this is a trust governed by certain agreements entered into in April 2006, for which Residential Funding Corporation ("RFC")—against which Syncora has filed no proof of claim—was the master servicer and sponsor.[2]

Please provide the following information: (1) each securitization for which Syncora asserts any claim against any debtor entity; (2) the amount of each claim asserted in connection with each such securitization; (3) each debtor entity against which Syncora asserts that claim; (4) the basis for Syncora's assertion that it is entitled to recover those amounts against each specific debtor entity, including the specific contractual provisions that Syncora claims govern its alleged rights to recover; and (5) the identity of each third party from which Syncora has asserted a claim, whether in formal litigation or otherwise, in connection with each such securitization.

Please provide this information by Friday, June 28, 2013 at 5:00 pm, so that the Debtors can finally understand the nature and amount of the claims that Syncora asserts and make a determination as to whether to object and seek to disallow Syncora's claims.

Sincerely,

/s/J. Alexander Lawrence

J. Alexander Lawrence

cc: Paul R. DeFilippo

---

[2] In no other filing in these proceedings has Syncora made any reference to any transaction other than the three Syncora-Related Trusts set forth in its proof of claim. *See, e.g.*, Supplement to Syncora Gurantee Inc.'s Limited Objection to Debtor's Sale Motion, dated October 29, 2012 [Docket No. 1996]; Syncora Guarantee Inc.'s Request for Clarification on October 17, 2012 Hearing and Reservation of Rights Regarding Early Consideration of Objections to Treatment of Mortgage Servicing Contracts Pursuant to Debtors' Sale Motion, dated October 16, 2012 [Docket No. 1827 ]; and Syncora Guarantee Inc.'s Limited Objection to Debtors' Sale Motion, dated September 28, 2012 [Docket No. 1657].

ny-1097038