Exhibit 10

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

July 16, 2013

Writer's Direct Contact
212.336.8638
ALawrence@mofo.com

Randall R. Rainer
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110

Re:  In re Residential Capital, LLC, *et al.*, Chapter 11 Case No. 12-12020 (MG)

Dear Mr. Rainer:

We are counsel to Residential Capital, LLC and its debtor affiliates in the above-captioned cases (the "Debtors"). We write in further response to your letter dated July 3, 2013.

On June 26, 2013, we wrote to you requesting that Syncora Guarantee Inc. ("Syncora") describe the nature and quantify the amount of its claims. On July 3, 2013, Syncora responded with a discussion of its purported claims with respect to the Residential Accredit Loans Inc. Series 2006-Q04 Trust, a trust as to which Syncora has filed no proof of claim.

On August 29, 2012, the Bankruptcy Court set November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim against the Debtors (the "Bar Date") pursuant to the Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "General Bar Date Order") [Docket No.1309]. The General Bar Date Order provides:

> Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of such claim in appropriate form in accordance with the terms of this Order **shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim**, and such holder shall not be permitted to vote to accept or reject any plan of reorganization filed in these Chapter 11 cases, or participate in any distribution in the Debtors' Chapter 11 cases on account of such claim or to receive further notices regarding such claim.

ny-1099451

MORRISON | FOERSTER

Randall R. Rainer
July 16, 2013
Page Two

(General Bar Date Order at ¶ 11) (emphasis added.) The General Bar Date Order further provides:

> Proofs of claim must specify by name and case number the Debtor against which the claim is filed. **If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim Form must be filed with respect to each Debtor**.

(General Bar Date Order at ¶ 5(f)) (emphasis added.) On November 7, 2012, the Bankruptcy Court entered an order further extending the Bar Date to November 16, 2012 at 5:00 p.m. est [Docket No. 2093].

On November 6, 2012, Syncora's counsel at Weil, Gotshal & Manges LLP ("Weil Gotshal") forwarded to the ResCap Claim Processing Center claim number 2781 ("Proof of Claim"), which seeks an unliquidated amount from GMAC Mortgage, LLC ("GMACM") based on three trusts that were structured, marketed, and sold by non-debtor third parties but that own loans serviced by GMACM. In its Proof of Claim, Syncora specifically identified the following three trusts: (1) Bear Stearns Second Lien Trust 2007-SV1 ("BSSLT 2007-SV1"); (2) Greenpoint Mortgage Funding Trust 2006-HE1 ("GMFT 2006-HE1"); and (3) Suntrust Acquisition Closed-End Second Trust, Series 2007-1 ("STACS 2007-1" and collectively, the "Syncora-Related Trusts").

Nowhere in the Proof of Claim does Syncora make any reference to the RALI 2006-QO4 Trust. Syncora filed no separate proof of claim against Residential Funding Company. Indeed, although Syncora has been represented by highly competent bankruptcy counsel throughout these proceedings, the first time that Syncora made any reference to the RALI 2006-QO4 Trust was on June 19, 2013, more than seven months after the Bar Date, when it filed its objection to the Debtors' Motion to Approve the Plan Support Agreement.

In short, Syncora has asserted no claim based on the RALI 2006-QO4 Trust, and Syncora cannot assert any claim based on that trust.

        Sincerely,

        /s/J. Alexander Lawrence

        J. Alexander Lawrence

cc:  Paul R. DeFilippo

ny-1099451