Exhibit 13



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE BANK, ALLSTATE INSURANCE COMPANY, ALLSTATE LIFE INSURANCE COMPANY, ALLSTATE NEW JERSEY INSURANCE COMPANY, ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK, AGENTS PENSION PLAN, and ALLSTATE RETIREMENT PLAN,<br><br>    Plaintiffs,<br><br>    -against-<br><br>JPMORGAN CHASE BANK, N.A.; J.P. MORGAN MORTGAGE ACQUISITION CORPORATION; J.P. MORGAN SECURITIES LLC; J.P. MORGAN ACCEPTANCE CORPORATION I; WM ASSET HOLDINGS CORPORATION; WAMU ASSET ACCEPTANCE CORPORATION; WAMU CAPITAL CORPORATION; WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION; LONG BEACH SECURITIES CORPORATION; DAVID BECK; DIANE NOVAK; THOMAS LEHMANN; EMC MORTGAGE CORPORATION; STRUCTURED ASSET MORTGAGE INVESTMENTS II INC.; BEAR STEARNS ASSET BACKED SECURITIES I LLC; and SACO I INC.<br><br>    Defendants. | No. 11-CV-01869 (DAB)<br><br>**AMENDED COMPLAINT** |

Case 1:11-cv-05369-DAB   Document 53   Filed 05/10/12   Page 3 of 5

### Exhibit P:  Misrepresentations in the Offering Materials for BSSLT 2007-SV1

1.       Collateral type:  Primarily, fixed rate, conventional, closed-end, sub-prime and prime mortgage loans that are secured by second liens on one- to four-family residential properties and certain other assets with terms to maturity of not more than 30 years.

2.       Initial number of mortgage loans:  37,535.

3.       For this offering, PHH Mortgage Corporation, Decision One Mortgage Company, LLC, and Wilmington Finance originated the mortgage loans in the aggregate collateral pool.

4.       **Untrue and misleading statements concerning owner occupancy statistics in the BSSLT 2007-SV1 Offering Materials:**

   a.       Bear Stearns Defendants make the following representations concerning the percentage of owner-occupied properties securing mortgage loans in the aggregate collateral pool:

**Aggregate Pool**  (BSSLT 2007-SV1 Priv. Place. Memo. at AX-6.)

| Occupancy Type | Number of Mortgage Loans | Percentage Based on Outstanding Principal Balance of Mortgages in Pool | Percentage Based on Number of Loans in Pool[48] |
|---|---|---|---|
| Primary Residence (Owner-Occupied Property) | 37,453 | 99.82% | 99.78% |
| Secondary Residence | 49 | 0.10% | 0.13% |
| Investment Properties | 33 | 0.08% | 0.09% |
| Total Mortgaged Properties | 37,535 | 100% | 100% |

   b.       Based on Allstate's analysis of 9,596 loans originated, acquired, and securitized by Bear Stearns Defendants at the same time using similar disclosures as those

---

[48]   "Percentage Based on Number of Loans" is not a direct representation made in the prospectus supplement, but data calculated by Allstate based on information provided in the prospectus supplement.  It is presented here for comparative purposes only.

BSSLT 2007-SV1

found in the BSSLT 2007-SV1 Offering Materials, on information and belief the
BSSLT 2007-SV1 Offering Materials overstate the percentage of owner
occupancy by 9.73%.

c.      Bear Stearns Defendants' statements concerning owner occupancy statistics are
untrue and misleading for the reasons set forth in Sections I and IV of the
Complaint.

**5.      Untrue and misleading statements concerning CLTV ratios in the BSSLT 2007-SV1
Offering Materials:**

a.      The private placement memorandum provides a statistical overview of the
mortgage loans that collateralized the Offering, including a chart in Schedule A
regarding the CLTV ratios of the loans.  (BSSLT 2007-SV1  Priv. Place. Memo.
at AX-4.)  These statistics are incorrect because many of the CLTV ratios for the
individual loans were miscalculated.

b.      The information in Annex A presents the following untrue and misleading
statements regarding LTV ratios for the mortgage loans in the aggregate collateral
pool:

i.      the weighted average initial CLTV ratio is 97.06%; and

ii.     only 908 loans (1.80% of the initial mortgage loans in the pool) have a
CLTV ratio greater than 100%.

c.      Bear Stearns Defendants' statements concerning CLTVs are untrue and
misleading for the reasons set forth in Sections I and IV of the Complaint.

**6.      Untrue and misleading statements concerning credit ratings in the BSSLT 2007-SV1
Offering Materials:**

P-2

BSSLT 2007-SV1

Case 1:11-cv-01869-DAB    Document 53    Filed 05/30/12    Page 389 of 503

a.  "It is a condition of the issuance of the offered certificates that each class of

offered certificates be assigned at least the ratings designated below by Standard

& Poor's and Moody's:

| Class | Standard & Poor's | Moody's |
|-------|-------------------|---------|
| A-1 | AAA | Aaa |
| A-2 | AAA | Aaa |
| A-3 | AAA | Aaa" |

(BSSLT 2007-SV1 Priv. Place. Memo. at 153.)

b.  The ratings history for Allstate's Certificates – including those in the BSSLT

2007-SV1 – is set forth in Exhibit C to the Complaint.  The severe downgrades

show that the Certificates did not deserve their originally high ratings.

c.  Bear Stearns Defendants' statements concerning credit ratings are untrue and

misleading for the reasons set forth in Sections I and IV of the Complaint.

**7.  Untrue and misleading statements regarding the assignment of mortgage loans in

the BSSLT 2007-SV1 Offering Materials:**

a.  "At the time of issuance of the certificates, the depositor will cause the mortgage

loans, together with all principal and interest due with respect to such mortgage

loans after the cut-off date to be sold to the trust.  The mortgage loans will be

identified in a schedule appearing as an exhibit to the pooling and servicing

agreement (referred to in this private placement memorandum as the Pooling and

Servicing Agreement). Such schedule will include information as to the principal

balance of each mortgage loan as of the cut-off date, as well as information

including, among other things, the mortgage rate, the borrower's monthly

payment and the maturity date of each mortgage note.  In addition, the depositor

will deposit with Wells Fargo Bank, National Association, as custodian on behalf

P-3

of the trustee, for the benefit of the certificateholders and the Certificate Insurer, the following documents with respect to each mortgage loan:  (a) the original mortgage note, endorsed without recourse in the following form:  'Pay to the order of Citibank, N.A., as trustee for certificateholders of Bear Stearns Second Lien Trust 2007-SV1, Mortgage-Backed Certificates, Series 2007-SV1' or in blank with all intervening endorsements that show a complete chain of endorsement from the originator to the seller or, if the original mortgage note is unavailable to the depositor, a photocopy thereof, if available, together with a lost note affidavit; (b) the original recorded mortgage or a photocopy thereof, to the extent provided in the Pooling and Servicing Agreement; (c) a duly executed assignment of the mortgage in blank or without recourse to 'Citibank, N.A., as trustee for certificateholders of Bear Stearns Second Lien Trust 2007-SV1, Mortgage-Backed Certificates, Series 2007-SV1'; in recordable form or, for each mortgage loan subject to the Mortgage Electronic Registration Systems, Inc. (the "MERS® System"), evidence that the mortgage is held for the trustee as described in the Pooling and Servicing Agreement; (d) all interim recorded assignments of such mortgage, if any; and (e) except in the case where only title searches were conducted on the related mortgaged property, the original mortgagee policy of title insurance, including riders and endorsements thereto, or if the policy has not yet been issued, (a) a written commitment or interim binder for title issued by the title insurance or escrow company dated as of the date the mortgage loan was funded, with a statement by the title insurance company, or closing attorney that the priority of the lien of the related mortgage during the

period between the date of the funding of the related mortgage loan and the date

of the related title policy (which title policy shall be dated the date of recording of

the related mortgage) is insured or (b) a preliminary title report issued by a title

insurer in anticipation of issuing a title insurance policy which evidences existing

liens and gives a preliminary opinion as to the absence of any encumbrance on

title to the mortgaged property, except liens to be removed on or before purchase

by the mortgagor or which constitute customary exceptions acceptable to lenders

generally."  (BSSLT 2007-SV1 Priv. Place. Memo. at 42.)

b.    Bear Stearns Defendants' statements concerning the assignment of mortgage

loans are untrue and misleading for the reasons set forth in Sections I and IV of

the Complaint.

P-5

BSSLT 2007-SV1