September 11, 2013

Honorable Martin Glenn

United States Bankruptcy Court Southern District

One Bowling  Green

New York, New York  10004

Court Room 501

Re:    Case # 12-12020 (MG)   Chapter 11   Residential Capital , LLC

Dear Judge Glenn,

I am a borrower with a claim against Residential Capital. I have had an exhausting ongoing dispute with them since the May 2009 related to a successful loan modification in which they inaccurately overcharged my principle balance several thousand dollars.

My dilemma is that I received this opportunity to object to their proposal to disallow /expunge my claim via regular postal mail "after " the  August 5 2013 deadline.

I have been diligently awaiting a response to this bankruptcy matter since I have untold hours dealing with GMAC/Homecomings to no avail.

 The Debtors  are claiming I have not included supporting documents.  I have provide documents to my claim on several occasions to any requestor including  Homecomings financial, GMAC, Res Cap,  and several congressmen I was seeking assistance from.

My claim is of critical importance to me as I will be forced to pay principal and interest several years on this disputed dollar amount they added to my principal balance incorrectly.

I live in a very rural area of northern Michigan. The rural postal carrier is not always reliable. Please don't allow a postal carrier's delivery mistake to cost me.

 I beg that you allow my objection.

I have included a partial file  of my claim here for your consideration.

Sincerely,

Timothy McHugh

3471 Co. Rd. 571 N.E.

Kalkaska, Mi 49646

GMAC acct# 7438661076



RECEIVED

SEP 1 9 2013

U.S. BANKRUPTCY COURT, SDNY

Daniel J. Harris

Morrison& Foerster  LLP

1290 Avenue of the Americas

New York, New York 10104


RE:    United States Bankruptcy Court Southern District of New York

Case # 12-12020 (MG) Chapter 11

Residential Capital LLC et al. Debtors


GMAC Mortgage loan# 7438661076

Property Address   3471 Co. Rd.571 N.E.

Kalkaska, Mi 49646


Please acknowledge my objection to the proposed disallowance and expungement of my claim.


Borrower Claim:  Following a successful loan modification that began December 2008 and completed May 2009, Homecomings incorrectly overcharged the principal owing balance to the sum of $8300.

I was not credited for payments made during the modification process.

Violating the modification agreement, Homecomings held a foreclosure sale within the first 90 days of the  modification process while the borrower was successfully following the terms of modification set forth by Homecomings.  Subsequently, I was incorrectly charged substantial miscellaneous foreclosure sale and legal fees etc.


Thank You Sincerely,

Timothy M. McHugh

2843 East Shore Drive

Green Bay, Wi.  54302

# Homecomings Financial

*A GMAC Company*
P.O. Box 205
Waterloo, IA 50704-0205

# GMAC Mortgage

P.O. Box 780
Waterloo, IA 50704-0780

June 10, 2009

**Homecomings and GMAC Mortgage**
Account Number: 7438661076

**Property Address**
3471 CTY RD 571 NE
KALKASKA, MI 49646

06/04/09 15:00    0035831 2009010 EF3R1109 BrandCH 1 OZ DOM EF3R110000* 146316 LT

TIMOTHY MICHAEL MCHUGH
3471 COUNTY ROAD 571
KALKASKA MI  49646-9594



Dear Timothy Michael McHugh:

We are writing to notify you that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold, or transferred from Homecomings Financial, LLC ("Homecomings Financial") to GMAC Mortgage, LLC (GMAC Mortgage), effective July 1, 2009.

**Please note that GMAC Mortgage and Homecomings Financial are affiliated companies. The only change to your mortgage account will be the name of your loan servicer.** Your new loan payments will be made payable to GMAC Mortgage instead of Homecomings Financial. Your account number, place for payments, and all other information relating to your mortgage loan remains the same.

*The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.*

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after this effective date. In this case, all necessary information is combined in this one notice.

As of June 4, 2009 your current principal balance is $158,772.38, your current escrow balance is -$20.64, your current interest rate is 9.650%, your total monthly payment is $1,465.78, and your next due date is 11/1/2008.

**Your present servicer is Homecomings Financial.**
Prior to July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call Homecomings Financial's Customer Care Department toll free at 1-800-206-2901 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.

**Your new servicer will be GMAC Mortgage.**
Beginning July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call GMAC Mortgage's Customer Care Department toll free at 1-800-766-4622 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.

**For GMAC Mortgage Customer Inquiries**
Beginning July 1, 2009, written inquiries regarding your account should be directed to GMAC Mortgage's Customer Care Correspondence Department at the following address:

> **GMAC Mortgage**
> **PO Box 4622**
> **Waterloo, IA  50704-4622**

**For GMAC Mortgage Customer Payments**
The mailing address for payments will not change. Payments will be processed by Homecomings Financial if received prior to July 1, 2009 and will be processed by GMAC Mortgage if received after July 1, 2009. Please send all payments due on or after that date to GMAC Mortgage at the following address:

> **GMAC Mortgage**
> **PO Box 780**
> **Waterloo IA  50704-0780**

**or the address provided on your GMAC Mortgage billing statement.**

**For Homecomings Financial Website Customer Payments**
If you have been utilizing the bill-pay service on Homecomings Financial's website, this service will be transitioned to the GMAC Mortgage Website, at www.gmacmortgage.com, via secure transfer in the near future. Your user-name and password will not change and you will not need to re-register or re-enroll in your current payment program.

**Other Important Information**
Please see the back side of this letter for additional information about Automatic Payment Deductions, Government Allotment/Bill Pay

---

## DEBT VALIDATION LETTER

June 10, 2009

06/04/09 15:00   0035631 20090610 EF3R1109 BrandCH 1 OZ DGM EF3R110000 146316 LT

TIMOTHY MICHAEL MCHUGH
3471 COUNTY ROAD 571
KALKASKA MI  49646-9594



RE:      Account Number:   7438661076
         Property Address:   3471 CTY RD 571 NE
                             KALKASKA,MI 49646

Dear Timothy Michael McHugh:

You should have recently received a letter advising you that the servicing of your account has been transferred to GMAC Mortgage.  As a result of this transfer, Federal law requires that we provide you with the following information.

GMAC Mortgage is servicing your account on behalf of RESIDENTIAL FUNDING CORP, which currently owns the interest in your account.  As of June 4, 2009, the total amount of the debt is $174,174.00.  Interest, late charges, legal costs and fees and other charges may also be included in the total amount of the debt.  Please note that because interest, late charges, and other charges may continue to accrue on this debt, the total amount you pay may be greater than the amount indicated above.

Federal law provides that you have thirty (30) days after you receive this letter to dispute the validity of this debt or any part of it.  If you DO NOT wish to dispute this debt or any portion of it within this thirty-day period, we will assume the debt is valid.  If you DO wish to dispute this debt, notify us in writing within the thirty-day period and verification of the debt or a copy of a judgment against you will be provided to you by mail.  In addition, we will provide you with the name and address of your original creditor if you request it in writing within the same thirty-day period. Please send all written requests to:

        GMAC Mortgage
        Attention: Customer Care
        P.O. Box 4622
        Waterloo, IA 50704-4622

This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you have been discharged of your personal liability for repayment of this debt, be advised that any action we may take, will be taken against the property only and not against you personally.

As required by law, you are hereby notified that:  We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

# GMAC ResCap

00539

February 23, 2009

Timothy Michael McHugh
3471 County Road 571 NE
Kalkaska, MI 49646-9594

*THIS TRANSPIRED WHILE I WAS IN THE TRIAL MODIFICATION PERIOD.*

Re: Loan Number                              7438661076

Property Address                             3471 CTY RD 571 NE
                                             KALKASKA MI 49646

Dear Timothy Michael McHugh:

As you are aware, a valid foreclosure sale was held on your property on 2/5/2009.
Homecomings Financial, LLC understands that this is a difficult transition for you and
although GMAC ResCap has become the legal owner of the property, we still want to help
you.  We have some options available to help you avoid the eviction process and/or reduce
the negative impact on your credit. You may qualify for one of these options.

**Full Payoff or Short Payoff**
You have the right to pay off your loan in full during the redemption period. If you have an
offer that is fair market value but is less than what you owe on the property, you may submit
the offer for a possible Short Pay Off.

**Cash for Right of Redemption and Possession**
A Cash for Right of Redemption and Possession results in your voluntarily surrendering of
your right of redemption and possession of your property in exchange for cash. The property
must be free and clear of all liens and encumbrances.

Please contact our office at 214-874-6197 as soon as possible to see if you qualify for one of
these options.

Sincerely,

Bryan Miller
Redemption Coordinator
GMAC ResCap

*This letter and all subsequent communication (written and/or oral) is an attempt to collect a debt and any
information obtained will be used for that purpose.*

Redemption Options

GMAC ResCap
2711 North Haskell Avenue, Suite 900, Dallas, TX 75204
Phone: 1.800.799.9250
Fax: 1.800.211.3561



73425-05-V001 - 0032795

FOR OFFICIAL USE ONLY

01

# Independent Foreclosure Review

## Request for Review Form

**It is important that you complete the form to the best of your ability; all information you provide may be useful.**

If the foreclosure process was active on your primary residence between January 1, 2009 and December 31, 2010, you are eligible to request an Independent Foreclosure Review that may result in compensation or other remedy.

If you think you may have been financially injured as a result of errors, misrepresentations, or other deficiencies made during the foreclosure process, you may complete and submit a Request for Review Form.

**Send this completed form to:**
Independent Review Administrator
PO Box 2592
Faribault, MN 55021-9816

Your form must be postmarked no later than
**April 30, 2012**

To find answers to your questions about the review process as well as information to help you complete the Request for Review Form, visit **IndependentForeclosureReview.com/GMACMortgage** or call **1-888-764-8867** Monday through Friday, 8:00 a.m.–10:00 p.m. ET or Saturday, 8:00 a.m.–5:00 p.m. ET

**Listed below are examples of situations that may have led to financial injury. This list does not include all situations.**

- The mortgage balance amount at the time of the foreclosure action was more than you actually owed

- You were doing everything the modification agreement required, but the foreclosure sale still happened

- The foreclosure action occurred while you were protected by bankruptcy

- You requested assistance/ modification, submitted complete documents on time, and were waiting for a decision when the foreclosure sale occurred

- Fees charged or mortgage payments were inaccurately calculated, processed, or applied

- The foreclosure action occurred on a mortgage that was obtained before active duty military service began and while on active duty, or within 9 months after the active duty ended

---

| Section 1: Property information | |
|---|---|
| GMAC Mortgage, LLC | Property address: |
| Mortgage loan number:<br>**7438661076** | 3471 Cty Rd 571 Ne<br>Kalkaska MI 49646 |
| Reference number:<br>**1001058243** | |







1001058243-0032795

## Section 2: Your information

First name: *Timothy*          Middle initial: *M*          Last name: *McHUGH*

Address: *3471 COUNTY ROAD 571 N.E.*

City: *KALKASKA*          State: *MI*          ZIP: *49646*

Phone (day): *231-384-1100*          (evening): *231-384-1100*

Email address: *HARTZ2C @ YAHOO.com*

**PREFERRED MAILING ADDRESS AND TELEPHONE NUMBERS**
This information will be used to contact you throughout the Independent Foreclosure Review process.

☐ Check here if same as above

Mailing address: *2843 E. SHORE DRIVE*

City: *GREENBAY*          State: *WI*          ZIP: *54302*

Phone (day): *231-384-1100*          (evening): *231-384-1100*

## Section 3: Background

| | | | |
|---|---|---|---|
| 1. | Was this property your primary residence? | ☒ YES | ☐ NO |
| 2. | Were you under bankruptcy protection or waiting for the final ruling on your bankruptcy case when the foreclosure action happened?<br>If yes, date your bankruptcy case was filed: ___ / ___ / ___ (if available) | ☐ YES | ☒ NO |
| 3. | Do you believe that the mortgage balance amount at the time of the foreclosure action was more than the amount you actually owed on the mortgage? | ☒ YES | ☐ NO |
| 4. | Do you believe that the foreclosure action was pursued because your mortgage payments were inaccurately processed or applied? | ☐ YES | ☒ NO |
| 5. | Do you believe you were protected by an insurance policy issued by the servicer or an affiliate that would have made your payments in the event of unemployment, disability, or illness, but did not do so? | ☐ YES | ☒ NO |
| 6. | Did you attempt through the court to have the decision to foreclose on your home reversed?<br>If yes, court date: ___ / ___ / ___ (if available) | ☐ YES | ☒ NO |
| 7. | Do you believe you provided all the necessary documents required to obtain payment assistance or a mortgage modification before the foreclosure action occurred? | ☒ YES | ☐ NO |

1001058243-0032795

**Section 3:** *continued*

8. Was a deficiency judgment obtained against you for an amount that included money that you should not have been required to pay?  ☒ **YES**  ☐ **NO**

9. Do you believe you were making on-time monthly payments in the required dollar amount on your mortgage or an approved loan modification, trial modification, or payment plan, yet the foreclosure action still occurred?  ☒ **YES**  ☐ **NO**

   *FEBRUARY 5, 2009*

10. Do you believe that you were denied a modification when you qualified under the applicable program rules?  ☐ **YES**  ☒ **NO**

    If possible, provide dates and details if you believe you were wrongly denied assistance:

    *I WAS GRANTED A MODIFICATION HOWEVER, I HAVE BEEN CHARGED MULTIPLE WRONGFUL & EXCESSIVE FEES AND MY PRINCIPLE BALANCE HAS INCREASED EXCESSIVELY, NOT REFLECTING PAYMENTS MADE DURING THE MODIFICATION PROCESS WHICH I HAVE GONE THROUGH TWICE. FEBRUARY 2009 AND AGAIN JULY 2010*

11. Do you believe you paid fees or charges that you should not have been required to pay in addition to your normally scheduled principal, interest, taxes, and insurance payments?  ☒ **YES**  ☐ **NO**

    If possible, provide dates, types of fees or charges, and amounts you paid:

    _____

    _____

    _____

    _____

    _____

    _____

**Important note: The questions below are specific to military servicemembers. If you or a co-borrower have not been in the military, go to question 13.**

12. Did you or a co-borrower have your mortgage loan before active duty military service began?  ☐ **YES**  ☒ **NO**

    If you responded yes to question number 12, complete the following:

    Name of servicemember: _____

    Date active duty began: _____ / _____ / _____

    Date active duty ended: _____ / _____ / _____   OR   ☐ Still on active duty as of today

**Section 3: continued**

**13) Describe any other way in which you believe you may have been financially injured as a result ot the mortgage foreclosure process.**

In October of 2008 I was wrongfully convinced by a Homecomings Financial (GMAC) representative that a loan modification was in my best interest when at that point I was not in default. I had simply called and inquired about the possibility of a loan payment deferment as I knew I would be out of work for 4 months. The representative informed me that there was no other available option for me and that a modification would actually benefit me by a lowering my interest rate while giving me the payment deferment I was seeking.  No mention of putting me in foreclosure was mentioned. No mention of destroying my credit rating was mentioned.

February 5, 2009, less that 4 months from my initial inquiry, my home wrongfully  went to foreclosure sale, while I was in the process of modification, which I was granted later that month. My first payment of $1150 was to be paid by March 1, 2009.  I made the first payment on February 27, 2009 and actually paid in excess by paying $1500 via western union.

After successful modification completion in May 2009 I called the GMAC Loss Mitigation disputing the principle balance they calculated. Payments made during the modification process were not credited to the balance. Wrongful foreclosure/legal charges and other miscellaneous fees were added to my principle balance. Appraisal fees for appraisal's that never happened were charged to my balance.

I repeatedly called Loss Mitigation in dispute for the next few months to no resolution.  I also indicated that I would not pay on this mortgage until accounting satisfaction was met. I had also received notification from Homecomings Financial (GMAC) that this modification was void as it did not meet the Obama Administration requirements. I stopped making payments which may have been the wrong thing to do but I could find no reasonable legal assistance available anywhere. This was apparently uncharted waters.

I wrote to several members of congress and copied GMAC Loss Mitigation . GMAC responded by having me resubmit modification application and entering the modification process again which I completed September 2010. I was again charged excessive foreclosure fees which have again been added to my principle balance.

I have remained current on all payments since however, I am still very much in dispute as to the several thousand dollar discrepancy there is in the principle balance, the foreclosure fees, legal fees, so-called " appraisal fees" and other miscellaneous fees that should have never happened.

1001058243-0032795

SUPPORTING
DOCUMENTS ENCLOSED.

**Section 3:** *continued*

13. Describe any other way in which you believe you may have been financially injured as a result of the mortgage foreclosure process. You may attach supporting documents.

1) IN OCTOBER 2008 I WAS WRONGFULLY CONVINCED BY A GMAC REPRESENTATIVE THAT A LOAN MODIFICATION WAS IN MY BEST INTEREST.

2) ON FEBRUARY 5, 2009, MY HOME WRONGFULLY WENT TO A FORCLOSURE SALE WHILE I WAS IN THE PROCESS OF A MODIFICATION.

3) AFTER SUCCESSFULL MODIFICATION COMPLETION IN MAY 2009, I WAS IN DISPUTE OF THE AMOUNT GMAC HAD-CHARGED ON MY PRINCIPAL BALANCE.

4) I REPEATEDLY ARGUED WITH GMAC AS TO THIS PRINCIPAL BALANCE ACCOUNTING BUT TO NO SATISFACTION AT WHICH POINT I TERMINATED PAYMENT OF THE MORTGAGE INSISTING ACCOUNTING SATISFACTION.

5) I FOLLOW UP WITH DOCUMENTATION & LETTERS TO LOSS MITIGATION & TO MEMBERS OF CONGRESS BUT FOUND MYSELF IN FORCLOSURE AGAIN.

6) IN THE MEANTIME, THIS MODIFICATION WAS VOIDED BY THE OBAMA ADMINISTRATION.

7) BY JULY 2010 I WAS AGAIN IN THE MODIFICATION PROCESS what that WAS GRANTED AND I AM CURRENT WITH HOWEVER, I STILL ARGUE MY PRINCIPLE BALANCE SECONDARY TO EXCESS FEES/NON CREDITED PAYMENTS IN THE PAST.

1001058243-0032795

## Section 4: Signature

I am submitting this "Request for Review" form to request an Independent Foreclosure Review of my foreclosure action by an independent consultant. This review is being required under orders by the Office of the Comptroller of the Currency and the Federal Reserve Board to identify customers who may have been financially injured as a result of errors or other deficiencies made during the foreclosure process on their loan. The Independent Review Administrator receiving this "Request for Review" is acting pursuant to the requirements of this order.

I understand that I have the ability to separately submit a "qualified written request" relating to the servicing of my mortgage loan under the Real Estate Settlement Procedures Act. If I wish to do so, I should write separately to my servicer in accordance with the instructions below. I understand that the Independent Review Administrator is not authorized to act as an agent to receive a "qualified written request" on behalf of my servicer.

By signing this document, I certify that all the information is truthful. I understand that knowingly submitting false information may constitute fraud. I affirm that I am the borrower or co-borrower of the mortgage loan on the property noted within this document, and I am authorized by all borrower(s) to have my signature grant permission to proceed with this request for review.

_____    2-5-12
Signature                             Date

_____
Timothy McHugh
Print name


Mail this completed form to:    **Independent Review Administrator**
**PO Box 2592**
**Faribault, MN 55021-9816**


"Qualified written request" instructions: To submit a "qualified written request," I must write separately to GMAC Mortgage, LLC, PO Box 1330, Waterloo, IA 50704-1330, which is the exclusive address for the receipt and handling of my request.

September 14, 2009


Loss Mitigation Dept.

GMAC(Homecomings Financial)

3451 Hammond Ave.

Waterloo, IA 50702

Re:    Home loan modification,  GMAC Account  #7438661076.

       Property Address 3471 Co. Rd. 571 Kalkaska, Mi. 49646


To Whom it concerns,

 In October 2008 I telephoned Homecomings financial, my home mortgage servicer, to inform them of my temporary job loss. I was seeking help with a loan deferment for 90 days.  I was informed that deferment was not an available option but that a loan modification was. I was then informed that a modification would lower my interest rate and reduce my monthly mortgage amount. This was very convincing so when I was told I would only eligible for modification if I was two or more months delinquent on my payments, I agreed to go into default.

A couple months later I was working with loss mitigation who informed me that an appraisal firm would be contacting me and I would need to schedule a time for them to view the property and that a packet was going to be sent  fed-ex   for my signature.

I received the packet but I had questions about the terms of this agreement. I felt extremely pressured when I read that I had only 21 days to respond.  My questions went unanswered for several weeks and an appraiser never contacted me. A second packet needed to be sent to me as the initial 21 days expired. I advised Loss mitigation that an appraiser finally contacted me but failed to show on the scheduled date and time. That happened twice. I was then phoned by Linda Dean who is a realtor from Real Estate One of Belaire, Michigan who informed me that she just that day received the appraisal request from GMAC.

That same week I was phoned by A neighbor who told me my property was listed in the local newspaper as having gone to foreclosure. I was out of town working at the time and I was Irate.  I was assured by Loss mitigation that foreclosure would not happen as I was in the process of modification. I was later told to disregard the foreclosure statement which I then insisted that I not be charged any legal expense.  I have repeatedly asked for documentation showing that I wasn't charged legal cost's yet that request has gone unanswered.

1

It should be noted that when I would call in to loan servicing or loan servicing would call me about my behind payment, I had great difficulty reaching the people in Loss Mitigation. A typical call would be followed by a request to prompt account info  into the phone then a recording indicating that the service reps were busy often taking 10 or 20 minutes on hold, followed then by lengthy questioning from a loan servicing representative asking  any number of questions  confirming my identity, the property address, asking why I was behind on my payment and warning me that the conversation was being recorded and that any answers could be used to collect a debt . These calls often seem to be serviced outside of the United States as many of the representatives have very difficult to understand English language.

It should also be noted that through all this intimidation, there are several times I am simply transferred to another department only to  go through the exact same  very lengthy process of questioning and detailed explanation of my dilemma only to be transferred again without ever being able to reaching the people I needed to reach in Loss Mitigation. After dozens of calls, I have never spoken with the same individual twice. I never get the returned phone that I am promised. I am told that they are e-mailing representatives I have spoken with prior that I identify with operator ID numbers and  I am assured a return call that again goes unanswered. When loan servicing calls me, they act as though my concerns are being expressed for the first time although ,when in reality, I have addressed these concerns by phone a dozen times.  " I can't overestimate my frustration. "

 THIS SAME CONSISTENT PROBLEM EXISTS AS OF THIS WRITING and is the basis for this letter.

February 27,2009 I made my first of three monthly payments by western union in accordance with the modification terms followed by two subsequent monthly payments (March, April).  April 15, 2009 I received an adjustable rate loan modification agreement to sign and return indicating the terms and principle balance.

Now to address my persistent and unanswered complaints.

Upon receiving my new modification agreement, I called Loan servicing to ask how they came to a principle balance of $168,245.55 when I had a principle balance of 158,772.38 in October, 2008,  I missed 4 payments , per their modification terms , totaling approx. $4500.00 for a difference of approx. $4973.00 unless they charged legal fees for a foreclosure that they assured me not would take place if I was in modification.  This loan should not have been charged any legal fees relating to foreclosure secondary to GMAC's lack of timeliness getting me a property appraisal , accurate loan modification documents and subsequent telephone communication.

Why does my August  28, 2009 Trans Union credit report reflect a consecutive (5 ) five months delinquent payment history when I paid as requested per the modification requirements thru April 2009, was then granted  modification with my first payment then due June 1,2009. Although my payment amount is $1150.22 the June payment of $1500.00 was made by mail July 10,2009 but  GMAC erroneously returned my payment citing that I was to pay by  certified funds which was only a requirement during the three month trial period.          2

Another call to loan servicing has apparently reversed that decision I have been told. A $2300.00 was then made by phone in August 2009. My credit report still shows 5 months of non-payment. A recent auto loan application was rejected by my credit union based on this GMAC/Trans-Union credit report. A call to loan servicing was again made. The loan servicing rep told me that it wasn't their problem and that I should take it up with the credit reporting agencies.

Pursuant to a GMAC letter I received and television news reports, I am now deeply concerned that my payments and phone conversations addressing my concerns are actually making it to GMAC and not to some scam artist's sitting in an apartment. I have missed my August ,September payments waiting for a response from Loss Mitigation. I have been promised on a least two separate very recent calls with lengthy explanations to loan servicing that I would receive a response but have not as of this writing. I am not even sure that it is actually loan servicing that I am talking to when they call me or when I call them.

I have since been informed by GMAC loan servicing that the President Obama loan modification is making my prior modification obsolete. I am assuming this to be correct and I have been instructed by GMAC to forward new documents including tax returns, paycheck stubs , hardship affidavits etc. which I am currently preparing to satisfy the current Obama modification requirements.

I have owned my home for 24 years and I now feel lost, at risk, and vulnerable. I need real help!


Sincerely,

Timothy McHugh

3471 co.rd.571 N.E.

Kalkaska, MI. 49646  231-384-1100


Cc:  Congresswoman  Maxine Waters  D- Ca

      Congressman  John Conyers  Michigan

      Congressman  Bart Stupak  Michigan

      Amy Cohen Staff Attorney, National Consumer Law Ctr.

# GMAC Mortgage

October 19, 2009

Timothy Michael McHugh
3471 County Road 571
Kalkaska MI 49646-9594

RE:   Account Number       7438661076
      Property Address     3471 County Road 571
                           Kalkaska MI 49646-9594

Dear Timothy Michael McHugh:

This is in response to your recent inquiry directed to Congressman Dave Camp's office. GMAC Mortgage, LLC received your letter dated September 14, 2009, from Congressman Camp's office on October 8, 2009. Specifically this is in response to your inquires regarding the foreclosure, loan modification and credit reporting.

The account was referred to foreclosure on December 23, 2008. At that time, the account was due for the October 1, 2008 and subsequent payments. Default processes will continue on the account until a workout program is executed on the account.

GMAC Mortgage, LLC approved a trial modification on December 29, 2008. On January 7, 2009, you contacted us and advised that the trial modification payment was still unaffordable for you. GMAC Mortgage, LLC advised we would review the account again; however, an Internal Broker's Price Opinion (IBPO) would have to be completed. An IBPO was ordered on January 12, 2009. We apologize for any delay in the scheduling of this request; however, this process is completed by a vendor and out of GMAC Mortgage, LLC's control.

On February 5, 2009, the account went to foreclosure sale as there has not been an executed workout program on the account. A foreclosure repayment agreement was sent February 20, 2009, and the executed agreement was received March 3, 2009. GMAC Mortgage, LLC rescinded the foreclosure sale in March 2009 due to the executed repayment agreement.

The trial modification did not change the monthly payment due, it only allowed for the acceptance of funds lower than the full monthly payment. Funds remitted while in the trial modification were placed in a holding account and applied as the October 1, 2008 payment and used to reduce the amount of interest capitalized with the permanent loan modification.

On April 3, 2009, a permanent modification agreement was sent to the mailing address on record. GMAC Mortgage, LLC received the executed permanent modification documents, along with the payment contribution on May 11, 2009. The benefits of the permanent modification are as follows:

3451 Hammond Ave
Waterloo, IA 50704

October 19, 2009
Account Number 7438661076
Page Two

*[handwritten: THIS MODIFICATION DEEMED "VOID" LATER BY THE OBAMA ADMINISTRATION!]*

- Reduced interest rate from 9.65% to 6.0% for 5 years.
- Due date updated to the June 1, 2009 payment (account was due for the November 1, 2008 and subsequent payments).
- Payment (including escrow) reduced from $1,465.78 to $1,150.22.
- Capitalized $9,473.17 to the unpaid principal balance ($158,772.38 to $168,245.55).
  - Interest capitalized        $7,130.30 (November 2008 – May 2008)
  - Foreclosure Fees            $1,591.25
  - Escrow Shortage             $558.62
  - BPO fees                    $193.00
  - Total                       $9,473.17

GMAC Mortgage, LLC did inadvertently return the June 1, 2009 payment, received on July 27, 2009. This occurred as the restriction for certified funds was not removed from the account upon the execution of the loan modification. You completed a payment over the phone on August 6, 2009, to complete the June 1, 2009 and July 1, 2009 payments. I have updated our records to reflect the June 1, 2008 payment as received on July 27, 2009, the date the returned check was received.

An account history is enclosed for your review. Payments reporting to the credit bureaus as paid outside the month due are August 1, 2008 and October 1, 2008 through September 1, 2009. Payments received outside the month due are considered late payments and are reported late, even during a trial or permanent modification program. Payments will be amended as described above; however, are still being reporting as received outside the month due.

Telephone calls placed to our published toll free telephone numbers are answered by representatives in our Customer Care, Collections or Loss Mitigation Departments. Telephone calls placed by GMAC Mortgage, LLC to you are also made by representatives within these departments.

GMAC Mortgage, LLC has no record of receiving the financial analysis package required to review the account for a loan modification under the Home Affordable Modification Program offered by the federal government. Enclosed is a copy of the financial package to be completed in its entirety and returned to our Loss Mitigation Department to initiate a review of the account.

If you have any further questions, please contact me at 800-627-0128 extension 2365373 or directly at 319-236-5373.

Sincerely,

Bryan Duggan
Advocacy Resolution Specialist
Executive Offices

Enclosures

*[handwritten: I WAS NOT CREDITED FOR THE FEBRUARY 27, 09 PAYMENT, MARCH 2d, 09 PAYMENT or APRIL 20, 09 PAYMENT]*

*[handwritten:*
1500
1150
1150
—
3800.00 *]*

February 2, 2010

Bryan Duggan

**Advocacy Resolution Specialist**

**Executive Offices**

**GMAC Mortgage**

3451 Hammond Ave.

**Waterloo, IA 50704**


Dear Mr. Duggan, please accept my apologies in not responding sooner to your letter dated October 19, 2009. I received that letter in November and I was in an assumed resolution process with Landen Huck of the loss mitigation department. I had communicated my several underlying issues to Mr. Huck regarding the loan modification I received in May 2009 and therefore felt it was probably redundant to reiterate these issues to you.

I did however, try on several occasions to reach you by phone through-out December, **only to get your answering service which I left several messages with my return number.**

**The purpose of this letter is to inform you that I am now working with Brandi Wolf of the Northwest Michigan Action Community Action Agency. In November, Mr. Landen Huck was communicating well with me and indicated he would develop a proposal for me and work out this mortgage modification dilemma. That was in mid December and for some reason, he has dropped my case without a proposal or any communication in that regard. He has since, also refused to reply to any of my attempted phone calls so I have turned to NMCAA.**

**Please know that this all started after I received my original modification in May, 2009. I have owned this home for 24 years. It is of utmost importance to me to find resolution!**

**As you know, My Credit Union informed me that GMAC incorrectly reported to the Credit Reporting Agencies that I had not made the February through July 2009 house payments when in fact I had made the payments. February, March and April payments were via western union in agreement with the modification terms. The first payment due post modification was due June 1, 2009. The June and July payments were paid but returned to me citing certified funds only which was incorrect and subsequently reversed.**

**My concern then was, have I been caught up in one of the modification scams that were being widely reported? I needed some proof that my payments were in fact making it to GMAC Mortgage. I wasn't getting convincing assurance from anyone I spoke with at GMAC and I wasn't even sure I was actually talking to anyone at GMAC when I called. My Credit report suggested otherwise.**

**My other concern was about the principle balance** on my mortgage post modification in May 2009.

This issue is still unresolved in my opinion although you did address this in your letter of October 19,2009.

The principle balance you have reported as $168,245.55 is an improvement over the $174,174.00 that was reported post modification of June 4, 2009.

However, I believe the Interest you report as capitalized at $7,130.30 for November 2008 through May, 2009 is incorrect as it does not reflect credit for interest paid February, March and April 2009 via the certified funds that were paid.

2009, February pmt.  $1500.00

2009, March pmt.   $1150.00

2009, April pmt.    $1150.00

Also, please know that my original request to GMAC in October 2008 was for a loan deferment . This was before I had gone late on even one month payment.

I knew I would be unemployed for approximately three months. I called GMAC about this problem. I was told by a GMAC Loan Modification specialist that a deferment was not an offered option but that a modification was. I was told that this would reduce my interest cost's by3% plus which it did.

I was told that since I was being pro-active, this would not go into foreclosure. This was of great concern to me. I was also assured and later, re-assured there would be no legal cost's.

This offer was very attractive and although the terms of not making three consecutive payments would damage my credit, I agreed to the terms.

Your letter acknowledges that I was approved for trial modification in December 2008 and therefore this home should have never gone to foreclosure sale.  I was told at that time, that within a few days I would have a Fed-x delivery of a packet to process and return and that an appraiser would be calling to schedule a viewing of the home.  I called after two or three weeks to report that I had not received a packet nor a call from an appraiser.

Upon receiving the packet, I completed the documents but ultimately, It was a phone call from a modification specialist and a verbal reporting of my assets/liabilities and budget that moved the modification forward.  He apologized for the prior delay with appraisal and modification packet information. This home should have never gone to foreclosure sale as I was originally promised.

I never said that trial modification was unaffordable as proved by the fact that I completed the trail modification. I did comment that the modification payment amounts were the same as my house payment amount and therefore this seemed very redundant except for the reduced interest rate.

I truly regret having made the decision to loan modification. I believe that if my concerns and questions would have been addressed long ago at my original request, we would not be in this situation again. None the less. I wish to move forward and resolve this dilemma that has mushroomed.

I am now convinced that my payments are/will reach GMAC MORTGAGE and I expect GMAC to accurately report such.

I now need resolution on the disputed Interest Capitalized crediting February, March and April 2009 payments. I am also disputing foreclosure and BPO fees.

As you probably know, I stopped making home payments in August 2009 seeking this resolution and assurance that payments were reaching GMAC.

Please know I fully intend to fulfill my obligations and continue to seek your assistance in this resolution.


Sincerely,


Timothy McHugh

PUBLIX #0476
14470 TAMIAMI TRL
NORTH PORT FL 34287

Oper ID: 418   Quick Collect
02/27/2009
555P EST        MTCN: 170-729-7018

Sender/Remitente: TIM MCHUGH
Receiver/Destinatario: B M A C MORTGAGE

Code City/Codigo de la ciudad: HOME IA
Account #/Numero de cuenta: 7438881076
Reference #/Numero de referencia: 7438881076
Attn/Atencion:

Amount/Cantidad:   $ 1500.00
/Cargos:
/Servicio:     12.99
al:        $ 1512.99

WESTERN UNION

Agent Signature/
Firma del Agente

Customer Signature /
Firma del Cliente

**IN ADDITION TO THE TRANSFER FEE, WESTERN UNION ALSO MAKES MONEY WHEN IT CHANGES YOUR DOLLARS INTO FOREIGN CURRENCY. PLEASE SEE REVERSE SIDE FOR MORE INFORMATION REGARDING CURRENCY EXCHANGE. IF THE EXCHANGE RATE FOR YOUR TRANSACTION WAS DETERMINED AT THE TIME YOU SENT THE MONEY, THE CURRENCY TO BE PAID OUT AND THE EXCHANGE RATE ARE LISTED ON YOUR RECEIPT. OTHERWISE, THE EXCHANGE RATE WILL BE SET WHEN THE RECEIVER RECEIVES THE FUNDS. CERTAIN TERMS AND CONDITIONS GOVERNING THIS TRANSACTION AND THE SERVICES YOU HAVE SELECTED ARE SET FORTH ON THE REVERSE SIDE. BY SIGNING THIS RECEIPT, YOU ARE AGREEING TO THOSE TERMS AND CONDITIONS.**

**ADEMÁS DE LOS CARGOS POR EL SERVICIO DE TRANSFERENCIA, WESTERN UNION TAMBIÉN GANA DINERO CUANDO CAMBIA SUS DÓLARES A MONEDA EXTRANJERA. POR FAVOR LEA AL REVERSO MÁS INFORMACIÓN SOBRE EL CAMBIO DE MONEDA. SI EL TIPO DE CAMBIO PARA SU TRANSACCIÓN FUE FIJADO EN EL MOMENTO EN EL QUE ENVIÓ EL DINERO, LA MONEDA EN LA QUE SE HARÁ EL PAGO Y EL TIPO DE CAMBIO SE INDICARÁN EN EL RECIBO. DE LO CONTRARIO, EL TIPO DE CAMBIO SE FIJARÁ CUANDO EL DESTINATARIO RECIBA LOS FONDOS. ALGUNOS TÉRMINOS Y CONDICIONES QUE RIGEN ESTA TRANSACCIÓN Y LOS SERVICIOS QUE USTED HA ELEGIDO SE ESTABLECEN EN LAS AL REVERSO. AL FIRMAR ESTE RECIBO, USTED DECLARA QUE ESTÁ DE ACUERDO CON ESOS TÉRMINOS Y CONDICIONES.**

WESTERN UNION

LIX #0266
10 TAMIAMI TRL STE 1129
PUNTA GORDA FL 33950

Oper ID: 426    Quick Collect
03/24/2009
600P EDT        MTCN: 415-499-4651

Sender/Remitente: TIMOTHY MCHUGH
Receiver/Destinatario: G M A C MORTGAGE

Code City/Codigo de la ciudad: HOME IA
Account #/Numero de cuenta: 7438661076
Reference #/Numero de referencia:
Attn/Atencion:

Amount/Cantidad:    $ 1150.00
Charge(s)/Cargos:
Service/Servicio:        12.99
Total/Total:        $ 1162.99

WESTERN UNION

can Western Union help you save up to 20% on your everyday
purchases? yes! start shopping at over 200 retailers, by visiting
westernunionperks.com to sign up for free today!

Agent Signature /
Firma del Agente

Customer Signature /
Firma del Cliente

IN ADDITION TO THE TRANSFER FEE, WESTERN UNION ALSO MAKES MONEY WHEN IT CHANGES YOUR DOLLARS INTO FOREIGN CURRENCY.
PLEASE SEE REVERSE SIDE FOR MORE INFORMATION REGARDING CURRENCY EXCHANGE. IF THE EXCHANGE RATE FOR YOUR TRANSACTION
WAS DETERMINED AT THE TIME YOU SENT THE MONEY, THE CURRENCY TO BE PAID OUT AND THE EXCHANGE RATE ARE LISTED ON YOUR RECEIPT.
OTHERWISE, THE EXCHANGE RATE WILL BE SET WHEN THE RECEIVER RECEIVES THE FUNDS. CERTAIN TERMS AND CONDITIONS GOVERNING THIS
TRANSACTION AND THE SERVICES YOU HAVE SELECTED ARE SET FORTH ON THE REVERSE SIDE. BY SIGNING THIS RECEIPT, YOU ARE AGREEING
TO THOSE TERMS AND CONDITIONS.

ADEMÁS DE LOS CARGOS POR EL SERVICIO DE TRANSFERENCIA, WESTERN UNION TAMBIÉN GANA DINERO CUANDO CAMBIA SUS DÓLARES A
MONEDA EXTRANJERA. POR FAVOR LEA AL REVERSO MÁS INFORMACIÓN SOBRE EL CAMBIO DE MONEDA. SI EL TIPO DE CAMBIO PARA SU
TRANSACCIÓN FUE FIJADO EN EL MOMENTO EN EL QUE ENVIÓ EL DINERO, LA MONEDA EN LA QUE SE HARÁ EL PAGO Y EL TIPO DE CAMBIO SE
INDICARÁN EN EL RECIBO. DE LO CONTRARIO, EL TIPO DE CAMBIO SE FIJARÁ CUANDO EL DESTINATARIO RECIBA LOS FONDOS. ALGUNOS
TÉRMINOS Y CONDICIONES QUE RIGEN ESTA TRANSACCIÓN Y LOS SERVICIOS QUE USTED HA ELEGIDO SE ESTABLECEN EN LAS AL REVERSO. AL
FIRMAR ESTE RECIBO, USTED DECLARA QUE ESTÁ DE ACUERDO CON ESOS TÉRMINOS Y CONDICIONES.

WESTERN UNION

www.westernunion.com

PUBLIX #0266
2310 TAMIAMI TRL STE 1129
PUNTA GORDA FL 33950

Oper ID: 426   Quick Collect
04/20/2009
229P EDT        MTCN: 471-223-6439

Sender/Remitente: TIM MCHUGH
Receiver/Destinatario: G M A C MORTGAGE

Code City/Codigo de la ciudad: HOME IA
Account #/Numero de cuenta: 7438661076
Reference #/Numero de referencia:
Attn/Atencion:

Amount/Cantidad:      $ 1150.00
Charge(s)/Cargos:
Service/Servicio:          12.99
Total/Total:          $ 1162.99

WESTERN UNION

can Western Union help you save up to 20% on your everyday
purchases? yes! start shopping at over 200 retailers, by visiting
westernunionperks.com to sign up for free today!

Agent Signature /
Firma del Agente

Customer Signature /
Firma del Cliente

IN ADDITION TO THE TRANSFER FEE, WESTERN UNION ALSO MAKES MONEY WHEN IT CHANGES YOUR DOLLARS INTO FOREIGN CURRENCY.
PLEASE SEE REVERSE SIDE FOR MORE INFORMATION REGARDING CURRENCY EXCHANGE. IF THE EXCHANGE RATE FOR YOUR TRANSACTION
WAS DETERMINED AT THE TIME YOU SENT THE MONEY, THE CURRENCY TO BE PAID OUT AND THE EXCHANGE RATE ARE LISTED ON YOUR RECEIPT.
OTHERWISE, THE EXCHANGE RATE WILL BE SET WHEN THE RECEIVER RECEIVES THE FUNDS. CERTAIN TERMS AND CONDITIONS GOVERNING THIS
TRANSACTION AND THE SERVICES YOU HAVE SELECTED ARE SET FORTH ON THE REVERSE SIDE. BY SIGNING THIS RECEIPT, YOU ARE AGREEING
TO THOSE TERMS AND CONDITIONS.

ADEMÁS DE LOS CARGOS POR EL SERVICIO DE TRANSFERENCIA, WESTERN UNION TAMBIÉN GANA DINERO CUANDO CAMBIA SUS DÓLARES A
MONEDA EXTRANJERA. POR FAVOR LEA AL REVERSO MÁS INFORMACIÓN SOBRE EL CAMBIO DE MONEDA. SI EL TIPO DE CAMBIO PARA SU
TRANSACCIÓN FUE FIJADO EN EL MOMENTO EN EL QUE ENVIÓ EL DINERO, LA MONEDA EN LA QUE SE HARÁ EL PAGO Y EL TIPO DE CAMBIO SE
INDICARÁN EN EL RECIBO. DE LO CONTRARIO, EL TIPO DE CAMBIO SE FIJARÁ CUANDO EL DESTINATARIO RECIBA LOS FONDOS. ALGUNOS
TÉRMINOS Y CONDICIONES QUE RIGEN ESTA TRANSACCIÓN Y LOS SERVICIOS QUE USTED HA ELEGIDO SE ESTABLECEN EN LAS AL REVERSO. AL
FIRMAR ESTE RECIBO, USTED DECLARA QUE ESTÁ DE ACUERDO CON ESOS TÉRMINOS Y CONDICIONES.

WESTERN UNION