## Exhibit 2

**The Disputed Claims**

Claim #1218 Date Filed: 10/15/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor: **RESIDENTIAL CAPITAL LLC**    Case Number: **12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

MERLYN H WEBSTER AND

Name and address where notices should be sent:    NameID: 10871279

MERLYN H WEBSTER AND
LINDA J WEBSTER
5200 SW JOSHUA ST
TUALATIN, OR 97062

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

Telephone number:                    email:

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ **12,000**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **MORTAGE NOTE PAYOFF & FEE EXCESS**
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

Value of Property: $_____    Annual Interest Rate_____% ☐Fixed ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____    (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☐ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or   ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)   their authorized agent.   indorser, or other codebtor.
(See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **MERLYN WEBSTER**
Title: **OWNER**
Company: _____
(Signature) *Merlyn Webster*    (Date) **10-12-12**

Address and telephone number (if different from notice address above):

Telephone number: **503 692 5147**    Email: **WEBWEB @ TELEPORT.COM**

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**

OCT 15 2012

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

001KC0002_51765-3_domestic_19/042116/252692    12120201208301746350018

Merlyn and Linda Webster
5200 SW Joshua St.
Tualatin, OR 97062
(503) 692-5147

August 17, 2008

GMAC Mortgage Corporation
3451 Hammond Ave.
Post Office Box 780
Waterloo, Iowa 50704-0780

Regarding:  Account Number ▬▬▬0951

To Whom It May Concern:

As of August 17, 2008 we still have not received the paperwork from you stating that our home
is paid for in full.  We would like to go to the County and deed place in our name, but until you
send us the paperwork we are not able to complete this task.

Also I believe you still owe us some funds.

Please reply as soon as possible.

Regards,


Linda J. Webster

GMAC Mortgage
P.O. Box 1448
Southeastern, PA. 19399

March 10, 2010

Subject: Request of Funds due the Webster's at the early completion of our Mortgage Contract

To whom it may concern:

    We as the homeowners of the house located at 5200 S.W. Joshua Street Tualatin, Oregon 97062; in Clackamas County have an outstanding issue with your company.

    The issue is our early completion of your purchased contract inevitable involved us in paying more then was rightfully due at final payout per our original contract. The original contract was set up with another bank, 1st Interstate, which happened to be located just up the street from us here in Tualatin, Oregon. Over the life of the contract it was sold a few times and in the end your company, which was located way back east, ended up with our contract. The internal cutoff times changed considerable in regards to received payments vs. when we continued to send payments and much of it your company controlled with no consideration as to the changes now imposed on the homeowners. These dates seemed to be controlled at will for the benefit of your businesses bottom line related to an increase in fees. Now the homeowner's contract was never modified, at least not with our knowledge or approval and the facts remain. We paid in full prior to the required contract date and subsequently your company had us paying too many dollars. Accordingly to date your company has failed to refund our overpayment or even the interests owed on the overpayment.

    It is agreed that if I have to engage in any type of legal proceedings against GMAC to enforce the terms of this agreement, GMAC will be responsible for all fees and costs incurred in such efforts including, but not limited to, my attorney's fees and costs.

    I feel you continue to owe us funds and I'd certainly like to know just when we can expect final payment in regards to your outstanding past due account? Please advise ASAP.

Regards,

Merlyn Webster P.E. CA.
5200 S.W. Joshua Street
Tualatin, Oregon 97062
Phone & Fax 503-692-5147

B 10 Modified (Official Form 10) (12/11)

Claim #2869 Date Filed: 11/7/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: RESIDENTIAL CAPITAL, LLC, et. al.,    Case No. 12-12020 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): Zenaida R. Valencia & Rolando H. Valencia

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
Zenaida R. Valencia
Rolando H. Valencia
4585 Pacific Rivera Way
San Diego, CA 92154

Telephone number: (619) 710-0697   email: zenaidarvalencia@gmail.com

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
Same As Above

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number: _____   email: _____

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

**1. Amount of Claim as of Date Case Filed: $** 127,257.19
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage Note
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 6502

**3a. Debtor may have scheduled account as:** N/A
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** N/A
(See instruction #3b)

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
**Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**
**Value of Property: $** 139,325.00 **Annual Interest Rate** 5.875 % ☐ Fixed ☒ Variable
(when case was filed)
**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $** N/A   **Basis for perfection:** Promissory Note/Mortgage/Account Statement
**Amount of Secured Claim: $** 127,257.19   **Amount Unsecured: $** N/A

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $ N/A   (See instruction #6)

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)( ).

**Amount entitled to priority:**

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

$ _____

**8. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**9. Signature:** (See instruction #9) Check the appropriate box.
☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)
(Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
**Print Name:** ZENAIDA R. VALENCIA   Zenaida R. Valencia 11/5/12
ROLANDO H. VALENCIA   Rolando H. Valencia 11/5/13
**Title:** _____
**Company:** _____   (Signature)   (Date)
**Address and telephone number (if different from notice address above):** _____

**RECEIVED**
**NOV 07 2012**
**KURTZMAN CARSON CONSULTANTS**
**COURT USE ONLY**

Telephone number: _____

*Penalty for presenting fraudulent claim: Fine of up to $500,0*

1212020121107000000000061

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | Zenaida R. Valencia |
| | Rolando H. Valencia |
| Account Number: | 6502 |
| Home Phone #: | (619)710-0697 |

**PROPERTY ADDRESS**

2356 TOCAYO AVENUE 106
SAN DIEGO      CA 92154

# GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

---

02/11/10 11-00 3   0000137 20120510 LE107102 GMREG   2 O2 DOM LE10710000* 146316   GM

ZENAIDA R. VALENCIA
ROLANDO H. VALENCIA
4585 PACIFIC RIVIERA WAY
SAN DIEGO CA  92154-4821



For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 6502 |
| Statement Date | May 09, 2012 |
| Maturity Date | January 01, 2033 |
| Interest Rate | 5.87500 |
| Interest Paid Year-to-Date | $3,134.34 |
| Taxes Paid Year-to-Date | $471.11 |
| Escrow Balance | $235.63 |
| Principal Balance(PB)* | $127,257.19 |

## Summary of Amount Due

| | |
|---|---|
| Principal and Interest | $887.31 |
| Subsidy/Buydown | $0.00 |
| Escrow | $78.51 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $965.82 |
| Account Due Date | June 01, 2012 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:    1-800-256-9962**
**For Payment Arrangements call:   1-800-850-4622**

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 05/01/12 | 05/09/12 | $965.82 | $262.99 | $624.32 | $78.51 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

**Now is a great time to buy a home! If you're in the market for your next home, our trained loan
agents will help you review all of the financing options available to you – call 877-528-3817 today!**

**See Reverse Side For Important Information And State Specific Disclosures**

# NOTE

▉▉▉▉6502

| December 20, 2002 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

2356 Tocayo Avenue, 106, San Diego, CA  92154
[Property Address]

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. **$ 150,000.00** (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **GMAC Mortgage Corporation DBA ditech.com**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.  INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **5.875** %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.  PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **First** day of each month beginning on **February 1 2003** . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **January 1** **,2033** , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at **17595 Harvard Ave C1002, Irvine, CA  92614**
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$ 887.31**

**4.  BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5.  LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**6.  BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac **BORROWER'S COPY** ~~rm 3200 12/83~~
CFI - 159007 (08/06/98)          Page 1 of 2          Initials: _____

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

    **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Zenaida R. Valencia_ _____ (Seal)
Zenaida R. Valencia                 -Borrower

_Rolando H. Valencia_ _____ (Seal)
Rolando H. Valencia               -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

*[Sign Original Only]*

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
| --- | --- |

Name of Debtor and Case Number: *RESIDENTIAL CAPITAL, LLC, et al.,*   Case No. 12-12020 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): *Zenaida R. Valencia + Rolando H. Valencia*

Name and address where notices should be sent:
*Zenaida R. Valencia*
*Rolando H. Valencia*
*4585 Pacific Riviera Way*
*San Diego, CA 92154*

Telephone number: (619) 710-0699  email: *zenaidarvalencia@gmail.com*

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
*Same As Above*

Telephone number: _____  email: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ *178,160.67*
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

**2. Basis for Claim:** *Mortgage Note*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 6880

**3a. Debtor may have scheduled account as:** *N/A*
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** *N/A*
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate ☐Motor Vehicle ☐Other
**Describe:**
**Value of Property:** $ *259,000.00*  **Annual Interest Rate** *5.875* % ☑Fixed ☐Variable
(when case was filed)
**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
if any: $ *N/A*   **Basis for perfection:** *Promissory Note / Mortgage Account Statement*

**Amount of Secured Claim:** $ *178,160.67*   **Amount Unsecured:** $ *N/A*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ *N/A*   (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: *ZENAIDA R. VALENCIA*
*ROLANDO H. VALENCIA*
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
_____

Signature: *Zenaida R. Valencia*  11/5/12
*Rolando H. Valencia*  11/5/12
(Signature)  (Date)

Telephone number: _____

*Penalty for presenting fraudulent claim: Fine of up to $500*

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

RECEIVED
NOV 07 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY


1212020121107000000000060

## GMAC Mortgage

**CUSTOMER INFORMATION**

Name:    Zenaida R. Valencia
    Rolando H. Valencia

Account Number:    ▮6880
Home Phone #:    (619)710-0697

**PROPERTY ADDRESS**

1661 PLANICIE WAY
SAN DIEGO    CA 92154

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

02/11/10 11:00-3    0000138 20120510 LE107102 GMREG    2-OZ DOM LE107100005* 146316    GM

ZENAIDA R. VALENCIA  ~ 9924
ROLANDO H. VALENCIA  ~ 4617
4585 PACIFIC RIVIERA WAY
SAN DIEGO CA 92154-4821



For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

### Account Information

| | |
|---|---|
| Account Number | ▮6880 |
| Statement Date | May 09, 2012 |
| Maturity Date | January 01, 2033 |
| Interest Rate | 5.87500 |
| Interest Paid Year-to-Date | $4,388.09 |
| Taxes Paid Year-to-Date | $946.06 |
| Escrow Balance | $622.81 |
| Principal Balance(PB)* | $178,160.67 |

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $1,242.23 |
| Subsidy/Buydown | $0.00 |
| Escrow | $207.57 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $1,449.80 |
| Account Due Date | June 01, 2012 |

**For Customer Care inquiries call:  1-800-766-4622**
**For Insurance inquiries call:        1-800-256-9962**
**For Payment Arrangements call:  1-800-850-4622**

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 05/01/12 | 05/09/12 | $1,449.80 | $368.18 | $874.05 | $207.57 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

**Now is a great time to buy a home! If you're in the market for your next home, our trained loan
agents will help you review all of the financing options available to you – call 877-528-3817 today!**

### See Reverse Side For Important Information And State Specific Disclosures

# NOTE

6880

| December 20, 2002 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

1661 Planicie Way, San Diego, CA  92154

[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 210,000.00          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is  GMAC Mortgage Corporation DBA ditech.com

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of  5.875          %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.   PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the First          day of each month beginning on February 1          , 2003          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on January 1          , 2033          . I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at  17595 Harvard Ave C1002, Irvine, CA  92614
          or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,242.23

## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000          % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument          Form 3200 12/83

CFI - 159007 (08/05/98)          Page 1 of 2 **BORROWER'S COPY**          Initials:

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Zenaida R. Valencia                                    -Borrower

_____ (Seal)
Rolando H. Valencia                                    -Borrower

_____ (Seal)
                                                       -Borrower

_____ (Seal)
                                                       -Borrower

*[Sign Original Only]*

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: *RESIDENTIAL CAPITAL, LLC, et al., Case No. 12-12020 (MG)*

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): *Zenaida R. Valencia + Rolando H. Valencia*

Name and address where notices should be sent:
*Zenaida R. Valencia*
*Rolando H. Valencia*
*4585 Pacific Riviera Way*
*San Diego CA 92154*

Telephone number: *(619) 710-0697*    email: *zenaidarvalencia@gmail.com*

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

*Same As Above*

**☒ Date Stamped Copy Returned**
**☐ No self addressed stamped envelope**
**☐ No copy to return**

Telephone number: _____    email: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ *260,308.94*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: *Mortgage Note*
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: *6479*

3a. Debtor may have scheduled account as: *N/A*
(See instruction #3a)

3b. Uniform Claim Identifier (optional): *N/A*
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ *458,400.00*  Annual Interest Rate *5.125* %  ☒ Fixed  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ *N/A*       Basis for perfection: *Promissory Note / Mortgage Act, Statement*

Amount of Secured Claim: $ _____       Amount Unsecured: $ _____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $ *N/A*
(See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: _____

9. Signature: (See instruction #9) Check the appropriate box.
☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)
(Attach copy of power of attorney, if any.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief. *ZENAIDA R. VALENCIA*  *Zenaida R. Valencia  11/5/12*
Print Name: *ROLANDO H. VALENCIA*  *Rolando H. Valencia  11-5-12*
Title: _____         (Signature)              (Date)
Company: _____
Address and telephone number (if different from notice address above):

Telephone number: _____    Email: _____

*Penalty for presenting fraudulent claim: Fine of up to $500,000*

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
NOV 0 7 2012
KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

12120201211070000000000059

# GMAC Mortgage Account Statement

## GMAC Mortgage

**CUSTOMER INFORMATION**

Name:      Zenaida R. Valencia
           Rolando H. Valencia

Account Number:    ▮▮6479
Home Phone #:    (619)710-0697

**PROPERTY ADDRESS**

4585 PACIFIC RIVERA WAY
SAN DIEGO     CA 92154

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

02/11/10 11:00 3   0000139 20120510 LE107102 GMREG   2 OZ DOM LE 107100007 116316   GM

ZENAIDA R. VALENCIA — 9924
ROLANDO H. VALENCIA — 4617
4585 PACIFIC RIVERA WAY
SAN DIEGO CA 92154-4821



For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | ▮▮▮▮6479 |
| Statement Date | May 09, 2012 |
| Maturity Date | May 01, 2033 |
| Interest Rate | 5.12500 |
| Interest Paid Year-to-Date | $5,598.69 |
| Taxes Paid Year-to-Date | $2,270.39 |
| Escrow Balance | $1,413.71 |
| Principal Balance(PB)* | $260,308.94 |

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $1,742.36 |
| Subsidy/Buydown | $0.00 |
| Escrow | $471.23 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $2,213.59 |
| Account Due Date | June 01, 2012 |

**For Customer Care inquiries call:**   1-800-766-4622
**For Insurance inquiries call:**      1-800-256-9962
**For Payment Arrangements call:**   1-800-850-4622

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 05/01/12 | 05/09/12 | $2,213.59 | $627.94 | $1,114.42 | $471.23 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

Now is a great time to buy a home! If you're in the market for your next home, our trained loan
agents will help you review all of the financing options available to you – call 877-528-3817 today!

## See Reverse Side For Important Information And State Specific Disclosures



# NOTE

████████6479

| April 25, 2003 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

Pacific
4585 Riviera Way, San Diego, CA  92154

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 320,000.00        (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **GMAC Mortgage Corporation DBA ditech.com**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **5.125**            %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **First**         day of each month beginning on **June 1** **2003**    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **May 1**         ,2033            , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at **17595 Harvard Ave C1002, Irvine, CA  92614**
                                         or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ **1,742.36**

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000**            % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

 

**8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.   UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

      **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

      If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Zenaida R. Valencia                                                -Borrower

_____ (Seal)
Rolando H. Valencia                                               -Borrower

_____ (Seal)
                                                                         -Borrower

_____ (Seal)
                                                                         -Borrower

*[Sign Original Only]*

Claim #2617   Date Filed: 11/7/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: *Residential Capital, LLC, etal, Case No. 12-12020 (MG), Chapter 11,*

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*WILLIAM J. WOOTTON / NORMA R. WOOTTON*

Name and address where notices should be sent:
*WILLIAM J. WOOTTON*
*NORMA R. WOOTTON*
*608 VISTA SAN JAVIER*
*SAN DIEGO, CA. 92154*

Telephone number: *619-424-7689*    email: *nwootton@ucsd.edu*

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____ *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

*(same as above)*

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ *47,788.15*

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: *mortgage Note*
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: *0931*

3a. Debtor may have scheduled account as: _____
(See instruction #3a)

3b. Uniform Claim Identifier (optional): _____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑ Real Estate ☐ Motor Vehicle ☐ Other
Describe:
Value of Property: $ *242,725*   Annual Interest Rate *5.250* % ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ *N/A*   Basis for perfection: *promissory note / mortgage acct statement*

Amount of Secured Claim: $ *47,788.15*   Amount Unsecured: $ *N/A*

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.   *N/A*   (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

9. Signature: (See instruction #9) Check the appropriate box.
☑ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: *WILLIAM J. WOOTTON*   *[signature] Wm Wootton*   *11/5/12*
*NORMA R. WOOTTON*   *[signature] Norma R. Wootton*   *11/5/12*
Title:
Company:   (Signature)   (Date)
Address and telephone number (if different from notice address above):

Telephone number:    Email:

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RECEIVED

NOV 0 7 2012

KURTZMAN CARSON CONSULTANTS

COURT USE ONLY

# NOTE

| December 21, 2002 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

2185 Madreselva Way, San Diego, CA   92154

[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 100,000.00             (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **GMAC Mortgage Corporation DBA ditech.com**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **5.250**             %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.   PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **First**            day of each month beginning on **February 1 2003**           . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **January 1                    .2018**             , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at **17595 Harvard Ave C1002, Irvine, CA  92614**

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ **803.88**

## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**         calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000**             % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.   GIVING OF NOTICES

Unless applicable law requires a different method,

## GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | William J. Wootton |
| | Norma R. Wootton |
| Account Number: | 0931 |
| Home Phone #: | (619)424-7689 |

**PROPERTY ADDRESS**
2185 MADRESELVA WAY
SAN DIEGO    CA 92154



## GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

031 V10 11 00.0   0022100 20120404 LDM50607 GMACN   1 CE DOM LDM530000P 148310   GM

WILLIAM J. WOOTTON
NORMA R. WOOTTON
608 VISTA SAN JAVIER
SAN DIEGO CA  92154-5669

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

### DO NOT PAY, AMOUNT WILL AUTOMATICALLY BE DRAFTED FROM YOUR ACCOUNT

| | | | | |
|---|---|---|---|---|
| Account Number | 0931 | Principal and Interest | $803.88 |
| Statement Date | April 02, 2012 | Subsidy/Buydown | $0.00 |
| Maturity Date | January 01, 2018 | Escrow | $190.66 |
| Interest Rate | 5.25000 | Amount Past Due | $0.00 |
| Interest Paid Year-to-Date | $862.08 | Outstanding Late Charges | $0.00 |
| Taxes Paid Year-to-Date | $875.49 | Other | $0.00 |
| Escrow Balance | $537.00 | Total Amount Due | $994.54 |
| Principal Balance(PB)* | $47,788.15 | Account Due Date | May 01, 2012 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:    1-800-256-9962**

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 04/01/12 | 04/02/12 | $998.02 | $592.22 | $211.66 | $194.14 | | | |
| County Tax Paid | 03/01/12 | 03/07/12 | $875.49 | | | $875.49 | | | |
| Escrow Disbursement | 03/01/12 | 03/06/12 | $115.75 | | | $135.75 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Interested in refinancing while interest rates are still near historic lows?  Our loan specialists
are here to help--call 877-528-3817 today to review all of your options.

Start saving with an Ally Bank Online Savings Account. You'll earn rates that are consistently among
the most competitive in the country. To learn more, call 1-877-247-ALLY (2559). Member FDIC.

### See Reverse Side For Important Information And State Specific Disclosures

### YOUR PAYMENT WILL AUTOMATICALLY BE DRAFTED

## Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Amount to Be Drafted | |
|---|---|---|---|---|
| 0931 | 05/01/12 | $994.54 | $994.54 | **GMAC** Mortgage |

WILLIAM J. WOOTTON

**Please assist GMAC Mortgage in applying your payment**

Extra Funds

| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 780
WATERLOO IA 50704-0780



Claim #2618   Date Filed: 11/7/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:** Residential Capital, LLC, et al. Case No. 12-12020(MG) Chapter 11

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): William J. Wootton / Norma R. Wootton

**Name and address where notices should be sent:**
William J. Wootton
Norma R. Wootton
608 Vista San Javier
San Diego, CA - 92154

Telephone number: 619-424-7689    email: nwootton@ucsd.edu

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

**Name and address where payment should be sent (if different from above):**

(Same as above)

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $** 270,858.37

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** mortgage note
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 8153

**3a. Debtor may have scheduled account as:**_____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**_____
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☒Real Estate ☐Motor Vehicle ☐Other
Describe:

**Value of Property: $** 360,000    **Annual Interest Rate** 5.125 % ☐Fixed ☐Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
if any: $ N/A

**Basis for perfection:** promissory note / mortgage Acct statement N/A

**Amount of Secured Claim: $** 270,858.37    **Amount Unsecured: $**_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ N/A    (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☒ I am the creditor.    ☐ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)

☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: WILLIAM J. WOOTTON
NORMA R. WOOTTON
Title:
Company:
Address and telephone number (if different from notice address above):

William Wootton  11/5/12
Norma R. Wootton  11/5/12
(Signature)    (Date)

Telephone number:    Email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

\* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

RECEIVED

NOV 0 7 2012

KURTZMAN CARSON CONSULTANTS

COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.

# NOTE

████8153

| | | |
|---|---|---|
| **April 19, 2003** | **Costa Mesa** | **California** |
| [Date] | [City] | [State] |

608 Vista San Javier, San Diego, CA   92154

[Property Address]

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 322,000.00          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is  GMAC Mortgage Corporation DBA ditech.com

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **5.125**                %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.  PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **First**          day of each month beginning on June 1 2003          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on May 1                   ,2033          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at **17595 Harvard Ave C1002, Irvine, CA  92614**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ **1,753.25**

### 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5.  LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6.  BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000**                % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.    UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

      **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

      If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
William J. Wootton                                                          -Borrower

_____ (Seal)
Norma R. Wootton                                                         -Borrower

_____ (Seal)
                                                                                       -Borrower

_____ (Seal)
                                                                                       -Borrower

*[Sign Original Only]*

## GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**          PROPERTY ADDRESS

**GMAC** Mortgage

Name:          William J. Wootton          608 VISTA SAN JAVIER
               Norma R. Wootton          SAN DIEGO    CA 92154
Account Number:          8153
Home Phone #:          (619)424-7889

Visit us at www.gmacmortgage.com for account information or to apply on-line.

MAY 2012

For information about your existing account, please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

WILLIAM J. WOOTTON
NORMA R. WOOTTON
608 VISTA SAN JAVIER
SAN DIEGO CA  92154-5669



Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

### DO NOT PAY, AMOUNT WILL AUTOMATICALLY BE DRAFTED FROM YOUR ACCOUNT

| | | | |
|---|---|---|---|
| Account Number | 8153 | Principal and Interest | $1,753.25 |
| Statement Date | April 02, 2012 | Subsidy/Buydown | $0.00 |
| Maturity Date | May 01, 2033 | Escrow | $598.11 |
| Interest Rate | 5.12500 | Amount Past Due | $0.00 |
| Interest Paid Year-to-Date | $4,652.42 | Outstanding Late Charges | $0.00 |
| Taxes Paid Year-to-Date | $3,083.08 | Other | $0.00 |
| Escrow Balance | $1,113.11 | Total Amount Due | $2,351.36 |
| Principal Balance(PB)* | $270,858.37 | Account Due Date | May 01, 2012 |

**For Customer Care inquiries call:** 1-800-766-4622
**For Insurance inquiries call:** 1-800-256-9962

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'L Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 04/01/12 | 04/02/12 | $2,336.52 | $593.92 | $1,159.33 | $583.27 | | | |
| County Tax Paid | 03/01/12 | 03/07/12 | $3,083.08 | | | $3,083.08 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Interested in refinancing while interest rates are still near historic lows? Our loan specialists are here to help—call 877-528-3817 today to review all of your options.

Start saving with an Ally Bank Online Savings Account. You'll earn rates that are consistently among the most competitive in the country. To learn more, call 1-877-247-ALLY (2559). Member FDIC.

### See Reverse Side For Important Information And State Specific Disclosures

## YOUR PAYMENT WILL AUTOMATICALLY BE DRAFTED

### Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Amount to Be Drafted | |
|---|---|---|---|---|
| 8153 | 05/01/12 | $2,351.36 | $2,351.36 | **GMAC** Mortgage |
| WILLIAM J. WOOTTON | | | | |

Sign here to enroll in monthly ACH. (See back for details.)

**Please assist GMAC Mortgage in applying your payment**

| | | |
|---|---|---|
| Full Payment(s) | $ | |
| ADDITIONAL Principal | $ | |
| ADDITIONAL Escrow | $ | |
| Late Charge | $ | |
| Other Fees (please specify) | $ | |

Extra Funds

GMAC MORTGAGE
PO BOX 780
WATERLOO IA 50704-0780



Claim #2619   Date Filed: 11/7/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:** Residential Capital, LLC, et al Case No. 12-12020 (MG) Chapter 11

**NOTE:** *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor (the person or other entity to whom the debtor owes money or property):** WILLIAM J. WOOTTON / NORMA R. WOOTTON

☐ Check this box if this claim amends a previously filed claim.

**Name and address where notices should be sent:**
WILLIAM J. WOOTTON
NORMA R. WOOTTON
608 VISTA SAN JAVIER
SAN DIEGO, CA. 92154

**Court Claim Number:** _____ (If known)

Filed on: _____

Telephone number: 619-424-7089   email: nwootton@ucsd.edu

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**Name and address where payment should be sent (if different from above):**
(same as above)

Telephone number:   email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

**1. Amount of Claim as of Date Case Filed:** $ 238,407.56

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** mortgage note
(See instruction #2)

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

**3. Last four digits of any number by which creditor identifies debtor:** 9335

**3a. Debtor may have scheduled account as:** _____

**3b. Uniform Claim Identifier (optional):** _____

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**
**Value of Property:** $ 336,500   **Annual Interest Rate** 5.875 % ☐ Fixed ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ N/A   **Basis for perfection:** promissory note / mo. mortgage Acct statement

**Amount of Secured Claim:** $ 238,407.56   **Amount Unsecured:** $ N/A

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the case against the Debtor, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.   $ N/A   (See instruction #6)

**Amount entitled to priority:**
$ _____

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**9. Signature:** (See instruction #9) Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
**Print Name:** WILLIAM J. WOOTTON / NORMA R. WOOTTON
**Title:**
**Company:**
**Address and telephone number (if different from notice address above):**

Signature: *William Wootton* 11/5/12
*Norma R. Wootton* 11/5/12

**RECEIVED**
NOV 07 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

Telephone number:   Email:

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.*

# NOTE

████████9335

| October 17, 2002 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

5954 Vista San Isidro, San Diego, CA   92154

[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **281,600.00**          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **GMAC Mortgage Corporation DBA ditech.com**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **5.875**          %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.   PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **First**          day of each month beginning on December 1 **2002**          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on November 1          ,2032          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at 17595 Harvard Ave C1002, Irvine, CA  92614

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ **1,665.78**

## 4.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000**          % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

MULTISTATE FIXED RATE NOTE - Single Family - Fannie Mae/Freddie Mac Uniform Instrument

CFI - 159007 (08/05/98)                          Page 1 of 2

Form 3200 12/83
Initials:

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_William J. Wootton_ _____ (Seal)
William J. Wootton                          -Borrower

_Norma R. Wootton_ _____ (Seal)
Norma R. Wootton                            -Borrower

_____ (Seal)
                                            -Borrower

_____ (Seal)
                                            -Borrower

*[Sign Original Only]*

## GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | William J. Wootton |
| | Norma R. Wootton |
| Account Number: | 9335 |
| Home Phone #: | (619)424-7689 |

**PROPERTY ADDRESS**

5954 VISTA SAN ISIDRO
SAN DIEGO      CA 92154

## GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

WILLIAM J. WOOTTON
NORMA R. WOOTTON
608 VISTA SAN JAVIER
SAN DIEGO CA 92154-5669

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

## DO NOT PAY, AMOUNT WILL AUTOMATICALLY BE DRAFTED FROM YOUR ACCOUNT

| | | | |
|---|---|---|---|
| Account Number | 9335 | Principal and Interest | $1,665.78 |
| Statement Date | April 02, 2012 | Subsidy/Buydown | $0.00 |
| Maturity Date | November 01, 2032 | Escrow | $497.81 |
| Interest Rate | 5.87500 | Amount Past Due | $0.00 |
| Interest Paid Year-to-Date | $4,692.99 | Outstanding Late Charges | $0.00 |
| Taxes Paid Year-to-Date | $2,519.32 | Other | $0.00 |
| Escrow Balance | $936.00 | Total Amount Due | $2,163.59 |
| Principal Balance(PB)* | $238,407.56 | Account Due Date | May 01, 2012 |

For Customer Care inquiries call:   1-800-766-4622
For Insurance inquiries call:        1-800-256-9962

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 04/01/12 | 04/02/12 | $2,152.73 | $496.15 | $1,169.63 | $486.95 | | | |
| County Tax Paid | 03/01/12 | 03/07/12 | $2,519.32 | | | $2,519.32 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Interested in refinancing while interest rates are still near historic lows?  Our loan specialists
are here to help--call 877-528-3817 today to review all of your options.

Start saving with an Ally Bank Online Savings Account. You'll earn rates that are consistently among
the most competitive in the country. To learn more, call 1-877-247-ALLY (2559). Member FDIC.

See Reverse Side For Important Information And State Specific Disclosures

## YOUR PAYMENT WILL AUTOMATICALLY BE DRAFTED

### Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Amount to Be Drafted | |
|---|---|---|---|---|
| 9335 | 05/01/12 | $2,163.59 | $2,163.59 | **GMAC** Mortgage |
| WILLIAM J. WOOTTON | | | | |

Please assist GMAC Mortgage
in applying your payment

| | | |
|---|---|---|
| Full Payment(s) | $ | |
| ADDITIONAL Principal | $ | |
| ADDITIONAL Escrow | $ | |
| Late Charge | $ | |
| Other Fees (please specify) | $ | |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 780
WATERLOO IA 50704-0780



B 10 Modified (Official Form 10) (12/11)

Claim #2620  Date Filed: 11/7/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: *Residential Capital, LLC, et al, Case No. 12-12020 (MG), Chapter 11*

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*WILLIAM J. WOOTTON / NORMA R. WOOTTON*

Name and address where notices should be sent:
*WILLIAM J. WOOTTON*
*NORMA R. WOOTTON*
*608 VISTA SAN JAVIER*
*SAN DIEGO, CA. 92154*

Telephone number: *619-424-7689*    email: *nwootton@ucsd.edu*

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

*(same as above)*

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ *169,323.87*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *mortgage note*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** *7820*

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** _____
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate  ☐Motor Vehicle  ☐Other
Describe:
Value of Property: $ *248,395*  Annual Interest Rate *5.875* % ☐Fixed ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ *N/A*  Basis for perfection: *promissory note / mortgage acct. statement*

Amount of Secured Claim: $ *169,323.87*  Amount Unsecured: $ *N/A*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ *N/A*  (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)

☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *WILLIAM J. WOOTTON*  *11/5/12*
*NORMA R. WOOTTON*  *11/5/12*

Title:
Company:  (Signature)  (Date)
Address and telephone number (if different from notice address above):

Telephone number:    Email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

RECEIVED
NOV 0 7 2012
KURTZMAN CARSON CONSULTANTS

COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.

# NOTE

▆▆▆7820

| October 17, 2002 | Costa Mesa | California |
|---|---|---|
| [Date] | [City] | [State] |

1734 Honestidad Road, San Diego, CA    92154

[Property Address]

### 1.    BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$ 200,000.00**          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is **GMAC Mortgage Corporation DBA ditech.com**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.    INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of **5.875**                %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3.    PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the **First**          day of each month beginning on **December 1 2002**          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on **November 1**                ,2032          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at **17595 Harvard Ave C1002, Irvine, CA  92614**

or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ **1,183.08**

### 4.    BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5.    LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6.    BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

·    If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen**        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  **5.000**              % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7.    GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.    UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
William J. Wootton                                                      -Borrower

_____ (Seal)
Norma R. Wootton                                                      -Borrower

_____ (Seal)
                                                                               -Borrower

_____ (Seal)
                                                                               -Borrower

*[Sign Original Only]*

## GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

Name: William J. Wootton
Norma R. Wootton

Account Number: 7820
Home Phone #: (619)424-7689

**PROPERTY ADDRESS**
1734 HONESTIDAD ROAD
SAN DIEGO    CA 92154

**GMAC Mortgage**

Visit us at www.gmacmortgage.com for account information or to apply on-line.

WILLIAM J. WOOTTON
NORMA R. WOOTTON
608 VISTA SAN JAVIER
SAN DIEGO CA  92154-5669



For information about your existing account, please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

## DO NOT PAY, AMOUNT WILL AUTOMATICALLY BE DRAFTED FROM YOUR ACCOUNT

| | | | |
|---|---|---|---|
| Account Number | 7820 | Principal and Interest | $1,183.08 |
| Statement Date | April 02, 2012 | Subsidy/Buydown | $0.00 |
| Maturity Date | November 01, 2032 | Escrow | $252.58 |
| Interest Rate | 5.87500 | Amount Past Due | $0.00 |
| Interest Paid Year-to-Date | $3,333.09 | Outstanding Late Charges | $0.00 |
| Taxes Paid Year-to-Date | $1,182.33 | Other | $0.00 |
| Escrow Balance | $631.53 | Total Amount Due | $1,435.66 |
| Principal Balance(PB)* | $169,323.87 | Account Due Date | May 01, 2012 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:     1-800-256-9962**

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 04/01/12 | 04/02/12 | $1,431.79 | $352.37 | $830.71 | $248.71 | | | |
| County Tax Paid | 03/01/12 | 03/07/12 | $1,182.33 | | | $1,182.33 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Interested in refinancing while interest rates are still near historic lows?  Our loan specialists are here to help—call 877-528-3817 today to review all of your options.

Start saving with an Ally Bank Online Savings Account.  You'll earn rates that are consistently among the most competitive in the country.  To learn more, call 1-877-247-ALLY (2559). Member FDIC.

**See Reverse Side For Important Information And State Specific Disclosures**

## YOUR PAYMENT WILL AUTOMATICALLY BE DRAFTED

### Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Amount to Be Drafted | |
|---|---|---|---|---|
| 7820 | 05/01/12 | $1,435.66 | $1,435.66 | **GMAC** Mortgage |

WILLIAM J. WOOTTON

**Please assist GMAC Mortgage in applying your payment**

| Extra Funds | | |
|---|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 780
WATERLOO IA 50704-0780



B 10 Modified (Official Form 10) (12/11)

Claim #1349  Date Filed: 10/19/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:
*Residential Capital, LLC  Case No. 12-12020 (MG)*

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*Joanne Goolsby*

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
*Joanne Goolsby
17641 Wiltshire Blvd
Lathrup Village, MI 48076*

Telephone number:                    email:

**Court Claim Number:**_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):
*Same*

Telephone number:                    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $** *13,608*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *For Interest Only*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** *8781*

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property: $**_____ **Annual Interest Rate**_____% ☐ Fixed ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $**_____ **Basis for perfection:** _____

**Amount of Secured Claim: $**_____ **Amount Unsecured: $**_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**9. Signature: (See instruction #9)** Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.  (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Joanne Goolsby*
Title:
Company:
Address and telephone number (if different from notice address above):
*513 729-3052*

*Joanne Goolsby  10/13/12*
(Signature)        (Date)

Telephone number: _____  Email: *jogoolsby@sbcglobal.net*

RECEIVED
OCT 19 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.*

1212020121019000000000027



**Equity Line**
by GMAC Mortgage

Mail Billing Inquiries, Payments
and Report Lost Checks to:

GMAC Mortgage
PO Box 4622
Waterloo IA 50704-4622

Customer Care Inquiries: 800-766-4622
Telephoning Does Not Protect Your Rights.

JOANNE GOOLSBY
17641 WILTSHIRE BLVD
LATHRUP VILLAGE MI 48076-2742

*(handwritten: Transfer Call Bankruptcy N I)*

| | |
|---|---|
| **ACCOUNT NUMBER** 4544 | **BEGINNING BALANCE** $43,901.85 |
| **CREDIT LIMIT** $41,000.00 | − **TOTAL PAYMENTS RECEIVED** $0.00 |
| **CREDIT AVAILABLE** $0.00 | + **TOTAL ADVANCES** $0.00 |
| **STATEMENT CLOSING DATE** 09/30/12  **DAYS IN CYCLE** 30 | +/− **TOTAL ADJUSTMENTS/CREDITS** $0.00 |
| | + **CURRENT FEES/SPECIAL CHARGES** $0.00 |
| | + **TOTAL FINANCE CHARGE** $182.59 |
| | = **NEW BALANCE** $44,084.44 |

| POSTING DATE | TRAN. DATE | TRANSACTION DESCRIPTION | ADVANCE DESCRIPTION | CHECK # | TRAN AMOUNT | PRINCIPAL | FINANCE CHARGE | OTHER | OUTSTANDING BALANCE |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

*(handwritten: Loan since 2006  Interest only)*

### SPECIAL MESSAGES

Our records indicate that you have filed for bankruptcy protection. This statement is being provided as a convenience and in connection with your post-petition payments being made in accordance with your bankruptcy plan. If you do not want us to send you mortgage account statements in the future, please contact us at the number listed above.

### See Reverse Side For Important Information And State Specific Disclosures

#### FINANCE CHARGE CALCULATION / RATE HISTORY

| DATE FROM | DATE TO | CORRESPONDING ANNUAL PERCENTAGE RATE | DAILY RATE | NO. OF DAYS DAILY RATE IN EFFECT | DAILY EARNING BAL. OUTSTANDING (BAL. SUBJECT TO FINANCE CHARGE) | FINANCE CHARGE | TOTAL FINANCE CHARGE | ANNUAL PERCENTAGE RATE |
|---|---|---|---|---|---|---|---|---|
| 09/01/12 | 10/01/12 | 5.50000 | 0.01507 | X 30 X | $40,390.12 = | $182.59 | $182.59 | 5.500 |

**Method P. Payment Disclosure:**

During the Draw Period, the Minimum Payment due will include (a) late charges and any other charges authorized by your Agreement, including, without limitation, any expenses or advances incurred by us under the Security Instrument; (b) accrued but unpaid interest for prior Billing Cycles; (c) premiums for any optional credit lift insurance you may decide to obtain through us; and (d) an amount equal to the amount by which your Loan Account Balance exceeds your Credit Limit. During the Draw Period the Minimum Payment will not reduce the principal outstanding on your Line of Credit. During the Repayment Period, the Minimum Payment will be an amount equal to the accrued and unpaid finance charges, late charges and other charges authorized by you Agreement, including, without limitation, any expenses or advances incurred by us under the Security Instrument, plus 0.83333% of the Loan Account Balance outstanding at the end of the Draw Period. During the Repayment Period, payment of the Minimum Payment only may not fully repay your Loan Account Balance. If paying the Minimum Payment will neither reduce nor fully repay your Loan Account Balance, you will then be required to pay the entire balance in a single balloon payment on the Maturity Date.

**Finance Charge Disclosure: The Daily Rate may vary, if this is a variable rate account.**

The FINANCE CHARGE begins to accrue on the day that your Account has been debited for each advance, and continues to so accrue until the day the outstanding Loan Account Balance is paid in full. To determine the FINANCE CHARGE for a Billing Cycle, we apply a daily periodic rate if FINANCE CHARGE to the balance of your Loan Account Balance each day ("Daily Balance") during the Billing Cycle. To determine the daily periodic rate, we divide the ANNUAL PERCENTAGE RATE (corresponding to a daily periodic rate) in effect for the Billing Cycle by 365. To obtain the Daily Balance, we take the unpaid balance of your Account at the beginning of each day, add any new advances and other debits, except late charges, credit insurance premiums and returned check fees, and subtract payment or credits and CHARGE for each day by multiplying the Daily Balance for such day by the daily periodic rate. These daily finance are added together to obtain the total periodic FINANCE CHARGE for the period covered by the Billing Cycle.

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | Claim #1091   Date Filed: 10/10/2012 |
|---|---|

**PROOF OF CLAIM**

Name of Debtor and Case Number: **HomeComings FINANCIAL  12-12042**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**HARRIS, MARCUS**

Name and address where notices should be sent:
**HARRIS MARCUS**
**637 CHAMBERS RD**
**FERGUSON, MO. 63135**

Telephone number **(314) 280-8102**    email: **SugAPuddlin30@yahoo.com**

Name and address where payment should be sent (if different from above):

Telephone number **(314) 280-8102**    email: **SugAPuddlin30@yahos.com**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ **31,500.00**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** **"Security instrument"**
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** **1234** | **3a. Debtor may have scheduled account as:** Alison Tearnen (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☑ Other
**Describe:**
Value of Property: $ **31,500.00**   Annual Interest Rate **10.7500** %  ☑ Fixed  ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____    Basis for perfection: _____

Amount of Secured Claim: $ **31,500.00**    Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____    (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or  ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)   their authorized agent.   indorser, or other codebtor.
(See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: **MARCUS HARRIS**
Title: **Grantor/3rd party Beneficery**
Company:_____   (Signature)   **10/4/12** (Date)
Address and telephone number (if different from notice address above):

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

RECEIVED
OCT 1 0 2012
KURTZMAN CARSON CONSULTANTS

Telephone number:_____    Email:_____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U

1212042121010000000000002

# NOTE

JULY 9TH, 2002        FLORISSANT        MISSOURI

[Date]                  [City]                  [State]

2728 JAMES COOL PAPA BELL AVENUE, ST LOUIS, MO 63106

[Property Address]


HF NOTE

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 31,500.00    (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is   HOMECOMINGS FINANCIAL NETWORK INC.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   10.7500   %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the FIRST day of each month beginning on SEPTEMBER 1ST, 2002. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on AUGUST 1ST, 2032 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 14850 QUORUM DRIVE, SUITE 450, DALLAS, TX 75254

or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $    294.05 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

Plaintiff's Exhibit B

**MULTISTATE FIXED RATE NOTE**-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

VMP -5N (0005).01    **Form 3200 1/01**
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3      Initials:     MFCD6054 - (12/01) / 041-426205-5



## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    15        calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.00        % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
MARCUS HARRIS                    -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                 -Borrower                                          -Borrower

Without Recourse
Pay to the Order of
_____ (Seal)          _____ (Seal)
                                 -Borrower                                          -Borrower

Joyce Franklin, Assistant Secretary
Homecomings Financial Network, Inc.
A Delaware Corporation
_____ (Seal)          _____ (Seal)
                                 -Borrower                                          -Borrower

*[Sign Original Only]*

