# Exhibit 3

**Supplemental Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**SUPPLEMENTAL DECLARATION OF DEANNA HORST WITH RESPECT TO**
**CLAIM NO. 1218 OF MERLYN H. WEBSTER**

Deanna Horst, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I am the Senior Director of Claims Management for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001, and have held my current position since June of 2012. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this supplemental declaration (the "<u>Supplemental Declaration</u>") in support of the *Debtors' Omnibus Reply in Support of*

*Debtors' Twenty-Sixth and Twenty-Seventh Omnibus Claims Objections to Borrower Claims with Insufficient Documentation* (the "Reply").[1]

2. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my familiarity with the Debtors' books and records, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, and/or the Debtors' professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply on that basis.

3. As stated in the Reply, proof of claim no. 1218 (the "Claim") of Merlyn H. Webster (the "Claimant") asserts a $12,000 unsecured claim against ResCap, the stated basis for which is "mortgage note payoff & fee excess." The proof of claim attaches a letter from the Claimant to Debtor GMAC Mortgage, LLC ("GMACM") dated March 10, 2010 stating that "We paid in full prior to the required contract date and subsequently your company had us paying too many dollars. Accordingly to date your company has failed to refund our overpayment or even the interests owed on the overpayment."

4. The Debtors' books and records reveal no evidence supporting the proposition that GMACM overcharged the Claimant in connection with the Claimant's payoff of the mortgage loan secured by his property located at 5200 S.W. Joshua Street, Tulatin, Oregon 97062 (the "Property"). According to a review of the payoff statement and related records, the total amount that was required to satisfy the Claimant's loan was $56,897.80. This payoff amount was comprised of:

    i. the unpaid principal balance of $49,507.80,

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

    ii. $7,727.26 in escrow shortfall,

    iii. $634.38 in interest,

    iv. $125.44 in late charges,

    v. $20 for a statement fee,

    vi. $31 for a recording fee, and

    vii. a credit of $1,148.08, which served to reduce the payoff amount.

5. With respect to item (ii) of the payoff amount, the Claimant's escrow account was a negative $7,727.26 for two reasons. First, the Claimant was past due on his 2003-2004 county taxes. GMACM paid the Claimant's taxes in the amount of $7,008.60 on February 25, 2005 in order to prevent a tax lien from being recorded on the Property. Second, GMACM determined that the Claimant did not have hazard insurance as required, so GMACM obtained lender-placed insurance for the Property and paid premiums of $718.66 on February 3, 2005. These actions were properly taken by GMACM, in its capacity as servicer of the loan, to preserve the security interest in the Property. Thus, the inclusion of the negative escrow balance in the Claimant's payoff amount was proper. In addition, with respect to items (iii)-(vii) of the payoff amount, GMACM has determined that all of the amounts are accurate and were charged or credited properly.

6. Accordingly, based upon this review, and for the reasons set forth in the Reply, the Claimant's allegations are not supported by the Debtors' books and records and the Claim should be disallowed and expunged.

Dated: September 20, 2013

                                            /s/ Deanna Horst
                                            Deanna Horst
                                            Senior Director of Claims Management for
                                            Residential Capital, LLC