| | |
|---|---|
| MORRISON & FOERSTER LLP | BRADLEY ARANT BOULT |
| 1290 Avenue of the Americas | CUMMINGS LLP |
| New York, New York 10104 | Bank of America Corporate Center |
| Telephone:    (212) 468-8000 | 100 N. Tryon Street, Suite 2690 |
| Facsimile:    (212) 468-7900 | Charlotte, NC 28202 |
| Gary S. Lee | Telephone: (704) 338-6005 |
| Norman S. Rosenbaum | Facsimile: (704) 338-6089 |
| Jordan A. Wishnew | Christian W. Hancock |
| *Counsel for the Debtors and* | *Special Litigation and Compliance Counsel* |
| *Debtors in Possession* | *for the Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' REPLY IN SUPPORT OF OBJECTION TO PROOF OF CLAIM
NO. 5677 FILED BY GALINA VALEEVA AND EVELINA OKOUNEVA**

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby submit this reply (the "Reply") to the *Motion to Quash Galina and Evelina Okouneva Written Response to Debtor's Objection* [Docket No. 4968] (the "Response") submitted by Galina Valeeva and Evelina Okouneva to the *Debtors' Objection to Proof of Claim No. 5677* [Docket No. 4688] (the "Objection").[1] In support hereof, the Debtors submit the Supplemental Declaration of Lauren Graham Delehey (the "Delehey Supp. Decl.") annexed hereto as Exhibit 1. In further support hereof, the Debtors respectfully state as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1109529

**PRELIMINARY STATEMENT**

1. Without adequate supporting documentation, Claimant asserts more than $3 million in unsecured and secured claims and a purported $3.7 million section 503(b)(9) claim against the Debtors. In the Objection, the Debtors submitted evidence to rebut the *prima facie* validity of the Claim and placed the burden back on Claimant to establish her claims against the Debtors by a preponderance of the evidence. However, Claimant's largely incoherent Response—in keeping with Claimant's past practices of filing incomprehensible pleadings in this and other courts—does not rebut the evidence set forth in the Objection. Accordingly, the Claim should be disallowed and expunged from the Debtors' claims register in its entirety.[2]

2. Though it has no bearing on the validity of the Claim, the Debtors have provided Claimant with information she appears to request in the Response. Attached to the Delehey Supp. Decl. are copies of the original promissory note and mortgage loan documents. Based on the purported request identified in the Response, the Debtors believe that they have adequately addressed Claimant's concerns in good faith, and, because the Claimant has failed to satisfy her burden of proof with respect to the Claim, the Claim should be disallowed and expunged.

**BACKGROUND**

3. The history of the Loan and Claimant's pattern of filing immaterial and incomprehensible pleadings in this and other courts was fully recited in the Objection. By way of a summary, Ms. Valeeva and her mother, Ms. Okouneva, have a $217,450.00 residential

---

[2] The Debtors, through counsel, sent a letter to the Claimant after the Response was filed in an attempt to resolve the issues raised therein and avoid a contested hearing on the Objection. However, as of the date hereof, no response was received from Claimant. See Delehey Supp. Decl. ¶ 11. A copy of this letter is attached to the Delehey Supp. Decl. as Exhibit D.

2

ny-1109529

mortgage loan, which is secured by real property located at 24837 Portofino Drive, Lutz, FL 33559.  See Delehey Supp. Decl. ¶ 4.

4. The Loan itself was acquired by Federal National Mortgage Association ("Fannie Mae") in 2005.  The mortgage servicing rights were subsequently assigned to GMAC Mortgage, LLC ("GMACM") and GMACM began to service the Loan in 2006 on behalf of Fannie Mae.  See Delehey Supp. Decl. ¶ 5.  Following this Court's approval of same, the servicing rights to the Loan were sold to Green Tree Mortgage Servicing, LLC ("Green Tree") in February 2013.  See Delehey Supp. Decl. ¶ 6.

5. The Loan was referred to foreclosure in August 2009, and GMACM commenced the foreclosure case styled GMAC Mortgage, LLC v. Galina Valeeva, Evelina Okouneva, et al., Case No. 09-CA-83121 in The Circuit Court of the Sixth Judicial Circuit In and For Pasco County, Florida.  Delehey Supp. Decl. ¶ 7.  In the foreclosure complaint, GMACM states that it is the "servicer for the owner and acting on behalf of the owner with authority to do so. . . ."  Id.  Although Clamant filed multiple pleadings and made a number of baseless and illogical claims against GMACM, Ms. Valeeva never filed any counterclaims against GMACM.  The Foreclosure Action remains pending.  See Delehey Supp. Decl. ¶ 8.

6. To the best of GMACM's knowledge, Fannie Mae remains the owner of the Loan and Green Tree is the entity prosecuting the Foreclosure Action on behalf of Fannie Mae.  See Delehey Supp. Decl. ¶ 9.

**REPLY**

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  A properly completed proof of claim is *prima facie* evidence of validity and amount of a claim.  See FED. R. BANKR. P. 3001(f).  A party in interest may object to

3

ny-1109529

a proof of claim, and once an objection is made, the court must determine whether the objection is well founded.  See 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012).

8. "Although Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof [r]ests on different parties at different times."  In re Smith, No. 12-10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (internal quotations omitted).  The objecting party "bears the initial burden of providing evidence to show that the proof of claim should not be allowed."  In re MF Global Holdings, Ltd., Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012).  If the objecting party satisfies its initial burden and "the presumption of *prima facie* validity is overcome—*e.g.*, the objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside of bankruptcy."  Id. (citing In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion.  The burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.")).  Once the burden is shifted back to the claimant, "it must prove its claim by a preponderance of the evidence." Id. (citations omitted).

9. Claimant fails to rebut any of the evidence submitted by the Debtors in the Objection that squarely placed the burden back on the Claimant to establish the validity of her Claim against the Debtors.  MF Global, 2012 WL 5499847, at *3.  For example, Claimant neither attaches documentation relating to the "Mortgage Note" that is the purported basis for her secured and unsecured claims, nor any invoices affidavits or other documentation proving that

4

ny-1109529

she is entitled to a section 503(b)(9) claim. (Objection ¶ 34.) Claimant also fails to rebut the Debtors' evidence that their books and records do not reflect any liability to Claimant. (Id. ¶ 35.) On this basis alone, the Claim should be disallowed and expunged in its entirety.

10. Even if the Court determines that the Response provides some evidence in support of the Claim, the Response appears only to focus on Ms. Valeeva's desire to identify the "TRUE PARTIES OF INTEREST" in her Loan and obtain information about the original promissory note and/or the "HOLDER OF DEBT." (Response at 3.) Notably, the Response provides that Ms. Valeeva will accept the objections to the Claim if "the party produces the original promissory note and mortgage deed for inspection." (Id.)

11. GMACM confirms herein that it transferred its servicing rights to Green Tree in February of 2013. Moreover, GMACM has never owned the loan, as it was owned by Fannie Mae. See Delehey Supp. Decl. ¶¶ 5-6. In addition, the originals of Ms. Valeeva's July 27, 2005 mortgage and promissory note were filed with the clerk of court in the Foreclosure Action in January 2011. See Delehey Decl. Supp. ¶ 10; see also Notice of Filing, a copy of which is annexed to the Delehey Supp. Decl. as Exhibit C. The original loan documents remain on file with the State Court and Ms. Valeeva may request access to them from the clerk of the State Court. See Delehey Supp. Decl. ¶ 10.

12. Accordingly, GMACM believes it has responded to Ms. Valeeva's concerns in good faith, and because the arguments set forth in the Objection have not been rebutted by the Claimant, the Debtors respectfully request that the Claim be disallowed and expunged from the Debtors' claims register.

WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted and any other relief that the Court finds reasonable and justified.

Dated: September 20, 2013  
      New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel for the Debtors and  
Debtors in Possession*

– and –

BRADLEY ARANT BOULT CUMMINGS LLP  
100 N. Tryon Street  
Suite 2690  
Charlotte, North Carolina 28202  
Telephone:   (704) 338-6000  
Facsimile:   (704) 332-8858  
Christian W. Hancock  

*Special Litigation and Compliance Counsel  
for the Debtors and Debtors in Possession*

ny-1109529