**Exhibit 1**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF LAUREN GRAHAM
DELEHEY, IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL
CAPITAL, LLC, IN SUPPORT OF DEBTORS' REPLY IN
SUPPORT OF OBJECTION TO PROOF OF CLAIM NO. 5677 FILED
BY GALINA VALEEVA AND EVELINA OKOUNEVA**

I, Lauren Graham Delehey, declare as follows:

**A.    Background and Qualifications**

1.    I serve as In-House Litigation Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). I have held this position since I joined ResCap on August 1, 2011.

2.    In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions

ny-1109637

and multi-district litigation. Additionally, as a result ResCap's Chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the *Debtors' Objection to Proof of Claim No. 5677 Filed by Galina Valeeva and Evelina Okouneva* (the "Objection") and the Reply.[1]

        3.     In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the Foreclosure Action involving Ms. Valeeva. Except as otherwise indicated, all statements in this Supplemental Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Objection.

ny-1109637

      **B.**      **Valeeva's Relationship to the Debtors**

      4.      On July 27, 2005, Ms. Valeeva and her mother, Evelina Okouneva, obtained a residential mortgage loan from Builders Affiliated Mortgage Services with a principal balance of $217,450.00, secured by real property located at 24837 Portofino Drive, Lutz, FL 33559.

      5.      The Loan itself was acquired by Federal National Mortgage Association ("Fannie Mae") in 2005. The mortgage servicing rights were subsequently assigned to GMAC Mortgage, LLC ("GMACM") and GMACM began to service the Loan in 2006 on behalf of Fannie Mae.

      6.      Following this Court's approval of same, the servicing rights to the Loan were sold to Green Tree Mortgage Servicing, LLC ("Green Tree") in February 2013.

      **C.**      **The Debtors' Foreclosure Action**

      7.      The Loan was referred to foreclosure in August 2009, and GMACM commenced the foreclosure case styled GMAC Mortgage, LLC v. Galina Valeeva, Evelina Okouneva, et al., Case No. 09-CA-83121 in The Circuit Court of the Sixth Judicial Circuit In and For Pasco County, Florida. In the foreclosure complaint, GMACM states that it is the "servicer for the owner and acting on behalf of the owner with authority to do so. . . ." A copy of the complaint in the Foreclosure Action is attached hereto as Exhibit A.

      8.      Although Claimant filed multiple pleadings and made a number of baseless and illogical claims against GMACM, Ms. Valeeva never filed any counterclaims against GMACM. The Foreclosure Action remains pending. A copy of the current docket in the Foreclosure Action is attached hereto as Exhibit B.

9. To the best of GMACM's knowledge, Fannie Mae remains the owner of the Loan and Green Tree is the entity prosecuting the Foreclosure Action on behalf of Fannie Mae.

10. According to the docket in the Foreclosure Action, the originals of Ms. Valeeva's July 27, 2005 mortgage and promissory note were filed with the clerk of court in the Foreclosure Action in January 2011. A copy of the Notice of Filing the original loan documents in the Foreclosure Action is attached hereto as <u>Exhibit C</u>. To the best of GMACM's knowledge, the original loan documents remain on file with the State Court and my understanding is that Ms. Valeeva may request access to them from the clerk of the State Court.

11. The Debtors, through counsel, sent a letter to the Claimant after the Response was filed[2] in an attempt to resolve the issues raised therein and avoid a contested hearing on the Objection. However, as of the date hereof, no response was received from Claimant. A copy of counsels' letter to Ms. Valeeva is attached hereto as <u>Exhibit D</u>.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC

---

[2] The letter was inadvertently dated September 13, 201<u>2</u>, when it was in fact sent on September 13, 201<u>3</u>.

-4-

ny-1109637