**Hearing Date and Time: November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------- ) | |
| ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ------------------------------------------------- ) | |

**NOTICE OF DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY – ASSIGNED CONTRACT CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Thirty-Fifth Omnibus Objection to Claims (No Liability – Assigned Contract Claims)* (the

"Omnibus Objection"), which seeks to alter your rights by disallowing your claim against

the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) counsel for the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); and (d) special counsel to the Committee, Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

ny-1109378

Dated:  September 20, 2013
        New York, New York

Respectfully submitted,

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Response Date and Time:  October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**

1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ——————————————————— ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| -------------------------------------------------------------------- ) | | |

## DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION
## TO CLAIMS (NO LIABILITY– ASSIGNED CONTRACT CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### RELIEF REQUESTED

1.      The Debtors file this thirty-fifth omnibus objection to claims (the "Thirty-

Fifth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket

No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to

that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1]

annexed to the Proposed Order.  In support of this Thirty-Fifth Omnibus Claims Objection, the

Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Thirty-Fifth

Omnibus Claims Objection (No Liability – Assigned Contract Claims) (the "Horst Declaration"),

attached hereto as Exhibit 1 and filed concurrently herewith.

2.      The Debtors examined the proofs of claim identified on Exhibit A to the

Proposed Order filed by certain claimants (collectively, the "Cure Claimants"), and determined

that the proofs of claim identified on Exhibit A (collectively, the "Assigned Contract Claims")

are not valid and enforceable against the Debtors because such claims are for cure obligations

related to contracts that were assumed by the Debtors and assigned to either Ocwen Loan

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

Servicing, LLC ("Ocwen") or Walter Investment Management Corporation ("Walter") in connection with the Platform Sale (described below). (See Horst Declaration ¶ 4). The Platform Sale Order (defined below), provides, in pertinent part, that the Debtors cured, or provided adequate assurance of cure, of any default existing prior to entry of the Platform Sale Order, and the Cure Claimants were provided with the requisite cure payment pursuant to section 365 of the Bankruptcy Code. The Assigned Contract Claims were satisfied in the manner set forth in the Platform Sale Order. (Horst Declaration ¶ 4) In addition, section 365(k) of the Bankruptcy Code relieves the Debtors' estates from any liability for defaults occurring after assignment of the relevant contracts to Ocwen or Walter, as applicable. Accordingly, the Debtors have no liability for the Assigned Contract Claims and seek entry of the Proposed Order disallowing and expunging the Assigned Contract Claims from the Debtors' claims register.

3.        The Debtors expressly reserve all rights to object on any other basis to any Assigned Contract Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## GENERAL BACKGROUND

5.        On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

8.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for the Debtors.

9.      On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").  The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

10.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150

3

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

11.    To date, approximately 7,160 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

12.    No Borrower Claims (as defined in the Procedures Order) are included in this Thirty-Fifth Omnibus Claims Objection.

## THE SALE OF THE DEBTORS' SERVICING PLATFORM

13.    On the Petition Date, the Debtors filed the *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion").

14.    On June 28, 2012, the Court entered the sale procedures order, which, among other things, established procedures for the assumption and assignment of contracts to be assumed by the Debtors and assigned to a purchaser, procedures for fixing cure amounts, and notice procedures relating to the same [Docket No. 538].

15.    On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the servicing platform (the "Platform Sale") at the conclusion of which, Ocwen emerged as the prevailing bidder.

4

16.     At a hearing held on November 19, 2012, the Court approved the Sale Motion on the record.

17.     On November 21, 2012, the Court approved the Platform Sale and related asset purchase agreement with Ocwen (the "Ocwen APA"), and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "Platform Sale Order").  Pursuant to the Ocwen APA and the Platform Sale Order, effective as of the closing of the Platform Sale, the Debtors had the right to "assign and transfer to [Ocwen] . . . all of [the Debtors'] right, title, and interest in, to and under" certain contracts and leases related to assets purchased through the Platform Sale (the "Ocwen Assigned Contracts").  (See Ocwen APA § 2.2).  Upon assignment, the Ocwen would assume the Ocwen Assigned Contracts "and be responsible for all of the Assumed Liabilities and the [Debtors] shall have no further obligations with respect thereto."  (See id. §§ 2.2, 2.7).  Pursuant to the Ocwen APA, the Debtors designated hundreds of contracts as Ocwen Assigned Contracts.

18.     The Ocwen APA contemplates Ocwen's "right to assign the [Ocwen APA] and any or all rights or obligations [thereunder]" to Walter solely with respect to certain assets and rights relating to residential mortgage loan originations and capital markets platforms.  (See Ocwen APA § 6.15).  Accordingly, the Debtors were able to effect such assignment of rights and obligations under the Ocwen APA in connection with those assets transferred to Walter ("Walter Assigned Contracts" and, together with the Ocwen Assigned Contracts, the "Assigned Contracts").

5

19.    The Platform Sale Order found and states that,

> "Except as provided in the Ocwen APA or this Order, after the Closing, the Debtors and their estates shall have no further liabilities or obligations with respect to any Assumed Contract other than certain Cure Amounts, and all holders of such claims arising from and after Closing under any Assumed Contract are forever barred and estopped from asserting any claims (other than for Cure Amounts) under any Assumed Contract against the Debtors, their successors or assigns, and their estates."  Platform Sale Order ¶ 19.

20.    The exceptions referred to in paragraph 19 of the Platform Sale Order do not relate to the Assigned Contract Claims.

21.    The Walter component of the Platform Sale closed on January 31, 2013, and on February 15, 2013, the Ocwen component of the Platform Sale closed.

22.    Following the closing of the Platform Sale, the Debtors satisfied any cure amounts they owed to the Cure Claimants pursuant to the Platform Sale Order.  See Horst Declaration ¶ 4.

## THE ASSIGNED CONTRACT CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

23.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that they have no liability for any of the Assigned Contract Claims identified on Exhibit A annexed to the Proposed Order.  Each of the Assigned Contract Claims relates to a cure claims satisfied in connection with the Platform Sale or which now constitutes an obligation of Ocwen or Walter.  Accordingly, these claims do not represent valid prepetition claims against the Debtors.  If the Assigned Contract Claims are not disallowed and expunged, the Cure Claimants who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases.  (See Horst Declaration ¶ 4).

6

24.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).    If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

25.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. 502(b)(1).    In addition, pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5).  The Debtors diligently analyzed the proofs of claim identified on Exhibit A to the Proposed Order, and determined that each Assigned Contract Claim, in addition to being based on an Assigned Contract that was assigned to either Ocwen or Walter pursuant to the Ocwen APA, has been cured by the Debtors.  Thus, pursuant to the Platform Sale Order, the Debtors are not liable for the Assigned Contract Claims asserted by the Cure Claimants.

26.    Pursuant to the Platform Sale Order, the Court expressly found that any obligations under any of the Assigned Contracts relating to pre-sale closing acts or omissions "shall be deemed cured or satisfied upon payment by the [Debtors] of the Cure Amount."[2] Platform Sale Order ¶ 18.  "The Cure Amounts reflect the sole amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under the [Assigned Contracts], and

---

[2]    "Cure Amount" is defined in the Ocwen APA as "the amount payable in order to cure all defaults on Assumed Contracts and effectuate the assumption by Sellers of an Assumed Contract and the assignment to Purchaser pursuant to section 365 of the Bankruptcy Code as provided in the Sale Approval Order or other Order of the Bankruptcy Court."

7

no other amounts are or shall be due to the non-debtor parties in connection with the assumption

by the Debtors and assignment to [Ocwen or Walter, as applicable,] of the [Assigned

Contracts]." Id.

27.    Section 365(k) of the Bankruptcy Code further establishes that the Debtors

do not have liability for the Assigned Contract Claims.  Section 365(k) relieves a debtor that

assigns an executory contract from liability for any default occurring after such assignment.

Accordingly, the Debtors are not liable for the Assigned Contract Claims pursuant to section

365(k) of the Bankruptcy Code.  The Platform Sale Order, specifically provides that the Debtors

do not have liability for the Assigned Contract Claims after the closing of the Platform Sale.[3]

28.    Accordingly, under the terms of the Ocwen APA and the Platform Sale

Order, and because the Debtors have satisfied any cure amounts owed to the Cure Claimants, the

Debtors have no liability in connection with the Assigned Contract Claims.  If the Assigned

Contract Claims remain on the claims register, the Cure Claimants, as parties without valid

claims against the Debtors, may potentially receive an improper recovery to the detriment of

claimants with valid claims.  Therefore, the Debtors request that the Court disallow and expunge

in their entirety the Assigned Contract Claims.

## NOTICE

29.    The Debtors have served notice of this Thirty-Fifth Omnibus Claims

Objection in accordance with the Case Management Procedures entered on May 23, 2012

[Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice

need be provided.

---

[3]    See Platform Sale Order ¶ 19.

ny-1099658

## NO PRIOR REQUEST

30.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  September 20, 2013
        New York, New York

<div style="margin-left:50%">

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

</div>

ny-1099658

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                          )       Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,       )       Chapter 11
)
Debtors.                )       Jointly Administered
)
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(NO LIABILITY – ASSIGNED CONTRACT CLAIMS)**</u>

I, Deanna Horst, hereby declare as follows:

   1.  I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am authorized to submit this declaration (the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1103150

"Declaration") in support of the *Debtors' Thirty-Fifth Omnibus Objection to Claims (No Liability – Assigned Contract Claims)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

2

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the proofs of claim at issue, the Debtors have determined that each claim listed in the rows below the column entitled "*Claim to be Disallowed and Expunged*" on Exhibit A annexed to the Proposed Order relate to Assigned Contracts, and to my knowledge, the Debtors satisfied all cure claims associated with such Assigned Contracts pursuant to the terms of the Platform Sale Order.  If the Assigned Contract Claims are not disallowed and expunged, the Cure Claimants may potentially receive a wholly improper recovery to the detriment of other creditors.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Assigned Contract Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                            )

In re:                       )     Case No. 12-12020 (MG)
                            )

RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,   )     Chapter 11
                            )

                 Debtors.   )     Jointly Administered
---------------------------------------------------------------   )

### ORDER GRANTING DEBTORS' THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY- ASSIGNED CONTRACT CLAIMS)

Upon the thirty-fifth omnibus claims objection, dated September 20, 2013 (the "<u>Thirty-Fifth Omnibus Claims Objection</u>") [Docket No.___],[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Assigned Contract Claims on the basis that such claims relate to contracts for which the Debtors do not have liability because they were assumed and assigned pursuant to the Platform Sale Order, all as more fully described in the Thirty-Fifth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Thirty-Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Thirty-Fifth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Fifth Omnibus Claims Objection.

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirty-Fifth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Thirty-Fifth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Thirty-Fifth Omnibus Objection to Claims (No Liability – Assigned Contract Claims), annexed to the Thirty-Fifth Omnibus Claims Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Thirty-Fifth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Fifth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-Fifth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Assigned Contract Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' official claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirty-Fifth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket

2

No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and all parties in interests' right to object on any basis are expressly reserved with respect to any claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Assigned Contract Claims identified on Exhibit A, annexed hereto, as if each such Assigned Contract Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
         New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - ASSIGNED CONTRACT  CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 1 | Cogent Economics Inc<br>160 Spear St., Suite 1640<br>San Francisco, CA 94105 | 486 | 09/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$150,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | EMC Corporation<br>c o Receivable Management Services RMS<br>P.O. Box 5126<br>Timonium, MD 21094 | 450 | 09/04/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$697.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | EMC Corporation<br>c o RMS Bankruptcy Services<br>P.O. Box 5126<br>Timonium, MD 21094 | 453 | 09/04/2012 | $25,979.40<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | Genesys Conferencing<br>130 New Boston St, Suite 301<br>Woburn, MA 01801 | 736 | 09/25/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$46,128.60 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | IBM Corporation<br>Attn Bankruptcy Coordinator<br>1360 Rene-Levesque W. Suite 400<br>Montreal, QC H3G 2W6, Canada | 102 | 06/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$326,910.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY - ASSIGNED CONTRACT  CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 6 | IBM Corporation<br>Attn Bankruptcy Coordinator<br>275 Viger East, Suite #400<br>Montreal, QC H2X 3R7, Canada | 638 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$331,860.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Mortgage Electronic Registration Systems, Inc. and MERSCORP Holdings, Inc.<br>Anne Braucher, Counsel<br>MERSCORP Holdings, Inc.<br>1818 Library Street, Suite 300<br>Reston, VA 20190 | 4691 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,417.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | MTM Technologies, Inc.<br>Attn Ro Milano<br>1200 High Ridge Rd<br>Stamford, CT 06905 | 409 | 08/17/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$38,326.98 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |