**Hearing Date and Time: November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ----------------------------------------------------------- ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ----------------------------------------------------------- ) | |

### NOTICE OF DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Debtors'*
*Thirty-Seventh Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower*
*Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your rights by reclassifying and
redesignating your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District
of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the

Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel

for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis &

Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth

Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the

Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite

1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian

S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100

Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  September 20, 2013                    Respectfully submitted,
        New York, New York


                                             /s/ Norman S. Rosenbaum
                                             Gary S. Lee
                                             Norman S. Rosenbaum
                                             Jordan A. Wishnew
                                             MORRISON & FOERSTER LLP
                                             1290 Avenue of the Americas
                                             New York, New York 10104
                                             Telephone: (212) 468-8000
                                             Facsimile: (212) 468-7900

                                             *Counsel for the Debtors and
                                             Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- )
                                                          )
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                         )    Chapter 11
                                                          )
                              Debtors.                    )    Jointly Administered
                                                          )
-------------------------------------------------------- )

**DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS)**

---

**THIS OBJECTION DOES NOT SEEK TO DISALLOW CLAIMS, BUT RATHER SEEKS TO
RECLASSIFY AND REDESIGNATE CLAIMS SO AS TO BE ASSERTED IN THE CORRECT
PRIORITY AND AGAINST THE PROPER DEBTOR.  CLAIMANTS RECEIVING THIS
OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A ATTACHED
TO THE PROPOSED ORDER.**

**THE DEBTORS EXPRESSLY RESERVE ALL RIGHTS TO OBJECT TO THE CLAIMS
LISTED ON EXHIBIT A ON ANY OTHER BASIS.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**RELIEF REQUESTED**

1. The Debtors file this thirty-seventh omnibus objection to claims (the "Thirty-Seventh Omnibus Claims Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in the Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as **Exhibit 2**, reclassifying and redesignating[1] the claims listed on **Exhibit A** attached to the Proposed Order.[2]  In support of the Thirty-Seventh Omnibus Claims Objection, the Debtors submit the *Declaration of Deanna Horst in Support of Debtors' Thirty-Seventh Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

2. The Debtors have examined the proofs of claim identified on **Exhibit A** attached to the Proposed Order and have determined that each of the proofs of claim listed thereon (collectively, the "Misclassified and Wrong Debtor Borrower Claims") (a) improperly

---

[1]    As used herein, the term "redesignate" (or "redesignating") means modify or modifying a proof of claim filed against the incorrect Debtor to accurately reflect the Debtor that is liable (to the extent such claim is ultimately allowed) on the claims register maintained in the Chapter 11 Cases.

[2]    Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

asserts a security interest against the Debtors and/or a priority claim under section 503 or 507 of the Bankruptcy Code and (b) was filed against the incorrect Debtor.

3.      The Misclassified and Wrong Debtor Borrower Claims do not meet the criteria required for entitlement to priority or secured status, and, therefore, are not entitled to priority or secured status as asserted in these proofs of claim.   In addition, as noted, the Misclassified and Wrong Debtor Borrower Claims were filed against the wrong Debtor. Accordingly, the Debtors seek to reclassify and redesignate the Misclassified and Wrong Debtor Borrower Claims, as indicated on **Exhibit A** attached to the Proposed Order, to accurately reflect on the claims register maintained in the Chapter 11 Cases (a) the nature and priority of the Misclassified and Wrong Debtor Borrower Claims as general unsecured claims and (b) the Debtor that is liable (to the extent such claim is ultimately allowed), and to preserve the Debtors' right to later object to the Misclassified and Wrong Debtor Borrower Claims (as reclassified and redesignated) on any other basis.

4.      The Debtors expressly reserve all rights to object on any other basis to any Misclassified and Wrong Debtor Borrower Claim as to which this Court does not grant the relief requested herein.

5.      The proofs of claim identified on **Exhibit A** attached to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim").   As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[3]

---

[3]      The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

## JURISDICTION

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.  General**

7.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered

pursuant to Bankruptcy Rule 1015(b).

8.      On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors (the "Creditors'

Committee") [Docket No. 102].

9.      On June 20, 2012, this Court directed that an examiner be appointed (the

"Examiner"), and on July 3, 2012, this Court approved Arthur J. Gonzalez as the Examiner

[Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket

Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public

[Docket No. 4099].

10.     On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by*

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.

4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et*

*al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure

Statement"). On August 23, 2013, this Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

**B. Proceedings Related to Claims**

11.    On July 17, 2012, this Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in the Chapter 11 Cases and (b) maintain official claims registers for the Debtors.

12.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, this Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was **not** extended.

13.    To date, approximately 7,160 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims register.

14.    On March 21, 2013, this Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

ny-1108962 v3

15.     The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures").  Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter").  (See Procedures Order at 4).

16.     However, if the Debtors' objection to a Borrower Claim is premised on certain non-substantive grounds, including that the Borrower's proof of claim was incorrectly classified or filed against the wrong Debtor, then the Debtors are not required to send a Request Letter to such Borrower before filing an objection to such Borrower's claim.  (See Procedures Order at 3).  Accordingly, the Debtors submit that they are in compliance with the Borrower Claim Procedures set forth in the Procedures Order.  (See Horst Declaration ¶ 6).

**THE MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS
SHOULD BE RECLASSIFIED AS GENERAL UNSECURED CLAIMS AND
REDESIGNATED AS CLAIMS FILED AGAINST THE CORRECT DEBTOR**

17.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

18.     Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims and seek their disallowance where such claims "assert priority in an amount that exceeds the maximum amount under § 507 of the Code." Fed. R. Bankr. P. 3007(d)(8).

19.     Moreover, the U.S. Supreme Court has held that conferring secured status "'to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.'" Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 667-68 (2006) (citation omitted); see also In re WorldCom, Inc., 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because it was based on a lapsed lien); Karakas v. Bank of New York (In re Karakas), Case No. 06-32961, Chapter 13, Adv. Pro. No. 06-80245, 2007 Bankr. LEXIS 1578, at *22-23 (Bankr. N.D.N.Y. May 3, 2007) (reclassifying purportedly secured claim as unsecured based on valuation of underlying property).

20.     Based upon their review of the proofs of claim filed on the claims register in the Chapter 11 Cases maintained by KCC, the Debtors determined that each Misclassified and Wrong Debtor Borrower Claim identified on **Exhibit A** attached to the Proposed Order improperly asserts secured and/or administrative priority status for all or a portion of such claim, including priority under section 503(b)(9) of the Bankruptcy Code, where such proofs of claim do not contain any valid basis for treatment as a secured and/or administrative priority claim. The Misclassified and Wrong Debtor Borrower Claims set forth on **Exhibit A** attached to the Proposed Order are claims for alleged prepetition general unsecured liabilities, and are therefore not entitled to secured status or priority status against the Debtors' estates under section 506 or

6

507 of the Bankruptcy Code.  To allow such claims to remain and be treated as secured and/or administrative priority claims would result in those claimants receiving a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly-situated claimants.  (See Horst Declaration ¶ 5).

21.    In addition, based on their review of the proofs of claim filed on the claims register in the Chapter 11 Cases maintained by KCC, the Debtors determined that each Misclassified and Wrong Debtor Borrower Claim identified on **Exhibit A** attached to the Proposed Order was filed against the incorrect Debtor.  (See Horst Declaration ¶¶ 3, 4, 5).

22.    The Debtor listed on **Exhibit A** attached to the Proposed Order under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the corresponding Misclassified and Wrong Debtor Borrower Claim, to the extent such claim is ultimately allowed, as reflected in the documentation provided by the claimant and the Debtors' books and records as of the Petition Date.  (See Horst Declaration ¶ 5).  The holders of the Misclassified and Wrong Debtor Borrower Claims should not be allowed to receive a recovery, if any, on their claims from the incorrect Debtor's estate.

23.    Accordingly, in order to properly reflect the Debtor against which these claims should be asserted, the Debtors request that this Court modify each Misclassified and Wrong Debtor Borrower Claim to reflect a claimed liability against the corresponding Debtor listed on **Exhibit A** attached to the Proposed Order under the column heading "*Modified Debtor Name*."

24.    Moreover, with respect to all Misclassified and Wrong Debtor Borrower Claims that are the subject of this Thirty-Seventh Omnibus Claims Objection, the Debtors further object to such claims pursuant to Bankruptcy Rule 3007(d)(6) on the grounds that the

7

Misclassified and Wrong Debtor Borrower Claims fail to provide documentation sufficient to support the classification asserted in such claims.

25.    In sum, in order to (a) preserve the intended order of priority of claims as set forth by the Bankruptcy Code and (b) properly reflect the Debtor against which the Misclassified and Wrong Debtor Borrower Claims should be asserted, and to prevent any improper recoveries, the Debtors request entry of the Proposed Order (x) reclassifying the Misclassified and Wrong Debtor Borrower Claims listed on **Exhibit A** attached to the Proposed Order as general unsecured claims in accordance with the Bankruptcy Code and (y) redesignating the Misclassified and Wrong Debtor Borrower Claims listed on **Exhibit A** attached to the Proposed Order as claims filed against the proper Debtor.  The Misclassified and Wrong Debtor Borrower Claims will remain on the claims register (as reclassified and modified) subject to further objections on any other basis.

## NOTICE

26.    The Debtors have served notice of this Thirty-Seventh Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

27.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  September 20, 2013
        New York, New York

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  )  |  |
| --- | --- | --- |
| In re: | )  | Case No. 12-12020 (MG) |
|  | )  |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )  | Chapter 11 |
|  | )  |  |
| Debtors. | )  | Jointly Administered |
|  | )  |  |

---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS)**</u>

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance -- a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.    I am authorized to submit this declaration (the

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1108966 v2

"Declaration") in support of the *Debtors' Thirty-Seventh Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Objection").[2]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in the Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** attached to the Proposed Order.  In connection with this analysis, where applicable, the Debtors and their professional advisors have reviewed (a) information supplied or verified by personnel in departments within the Debtors' various business units, (b) the Books and Records, (c) the Schedules, (d) other filed proofs of claim, and/or (e) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]        Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1108966 v2

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in the Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.      Based on a thorough review of the Misclassified and Wrong Debtor Borrower Claims at issue, as well as the relevant documentation, the claimants' supporting documentation, if any, and the Books and Records, the Debtors determined that each proof of claim listed on **Exhibit A** attached to the Proposed Order (a) should be reclassified as a non-priority, general unsecured claim and accorded the proposed treatment described in the Objection and (b) does not reflect a Debtor that is liable for the claim asserted therein to the claimant.  If the Misclassified and Wrong Debtor Borrower Claims are not reclassified accordingly, the claimants asserting such claims may potentially receive a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly-situated claimants.  In addition, the Debtors further determined based on a thorough review of the relevant documentation, the claimants' supporting documentation, if any, and the Books and Records, that the Debtor listed on **Exhibit A** attached to the Proposed Order under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Misclassified and Wrong Debtor Borrower Claims (to the extent ultimately allowed), as reflected in the Books and Records as of the Petition Date.  If the Misclassified and Wrong Debtor Borrower Claims are not modified as requested, the claimants who filed the Misclassified and Wrong Debtor Borrower Claims may receive a recovery from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

6.       The Debtors have taken steps in the Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures.  In this instance, given the basis of the Objection, the Debtors determined that they may object to the Misclassified and Wrong Debtor Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

7.       Accordingly, based upon these reviews, and for the reasons set forth in the Objection, I have determined that each Misclassified and Wrong Debtor Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- )
                                                                   )
In re:                                                             )    Case No. 12-12020 (MG)
                                                                   )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                           )    Chapter 11
                                                                   )
                                            Debtors.               )    Jointly Administered
                                                                   )
----------------------------------------------------------------- )

### ORDER GRANTING DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS)

Upon the thirty-seventh omnibus claims objection, dated September 20, 2013 (the

"<u>Thirty-Seventh Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated

debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession

(collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of

the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), reclassifying and

redesignating the Misclassified and Wrong Debtor Borrower Claims, all as more fully described

in the Thirty-Seventh Omnibus Claims Objection; and it appearing that this Court has

jurisdiction to consider the Thirty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§

157 and 1334; and consideration of the Thirty-Seventh Omnibus Claims Objection and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Thirty-Seventh Omnibus Claims Objection having been provided, and it appearing that no

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Seventh Omnibus Claims Objection.

other or further notice need be provided; and upon consideration of the Thirty-Seventh Omnibus

Claims Objection and the *Declaration of Deanna Horst in Support of Debtors' Thirty-Seventh*

*Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)*, annexed to

the Objection as **Exhibit 1**; and the Court having found and determined that the relief sought in

the Thirty-Seventh Omnibus Claims Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the

Thirty-Seventh Omnibus Claims Objection establish just cause for the relief granted herein; and

this Court having determined that the Thirty-Seventh Omnibus Claims Objection complies with

the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and

sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Thirty-Seventh Omnibus Claims

Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim

listed on **Exhibit A** attached hereto (collectively, the "Misclassified and Wrong Debtor Borrower

Claims") is hereby reclassified as a general unsecured non-priority claim and redesignated

against the Debtor set forth on **Exhibit A** under the column heading "*Modified Debtor Name*";

and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and

claims agent, is authorized and directed to reclassify the Misclassified and Wrong Debtor

Borrower Claims as set forth on **Exhibit A** attached hereto and to redesignate the Misclassified

and Wrong Debtor Borrower Claims against the Debtor set forth on **Exhibit A** under the column

heading "*Modified Debtor Name*"; and it is further

ny-1108965

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Misclassified and Wrong Debtor Borrower Claims that are reclassified and redesignated pursuant to this Order, all rights to object on any basis are expressly reserved with respect to such reclassified and redesignated claims as listed on **Exhibit A** attached to this Order, and the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** attached hereto; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirty-Seventh Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Misclassified and Wrong Debtor Borrower Claims identified on **Exhibit A** attached hereto, as if each such Misclassified and Wrong Debtor Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1108965

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED

THIRTY-SEVENTH OMNIBUS OBJECTION - MODIFY - RECLASSIFY AND REDESIGNATE CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 1 | William J. Ridge<br>Cypress<br>PO Box 1094<br>Santa Rosa Beach, FL 32459 | 2589 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$36,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$36,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | William J. Ridge<br>Glenway FL<br>PO Box 1094<br>Santa Rosa Beach, FL 32459 | 2590 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$12,800.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$12,800.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 3 | William J. Ridge<br>Moore OK<br>PO Box 1094<br>Santa Rosa Beach, FL 32459 | 2591 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$8,200.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,200.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 4 | William J. Ridge<br>Maliah Madras<br>PO Box 1094<br>Santa Rosa Beach, FL 32459 | 2592 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$13,500.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$13,500.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | William J. Ridge<br>Independence<br>PO Box 1094<br>Santa Rosa Beach, FL 32459 | 2593 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$14,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$14,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 6 | William J. Ridge<br>Tennyson<br>PO Box 1094<br>Santa Rosa Beach, FL 32459 | 2594 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$12,500.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$12,500.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | William Mask<br>PO Box 29735<br>Oakland, CA 94604 | 1196 | 10/12/2012 | $8,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | Yeon Lim<br>50650 Colchester<br>Canton, MI 48187 | 3876 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |