**Hearing Date and Time: November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- )
                                                                  )
In re:                                                            )    Case No. 12-12020 (MG)
                                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                                 )    Chapter 11
                                                                  )
                                        Debtors.                  )    Jointly Administered
                                                                  )
----------------------------------------------------------------- )

**NOTICE OF DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(WRONG DEBTOR BORROWER CLAIMS)**

     **PLEASE TAKE NOTICE** that the undersigned has filed the attached *Debtors'*
*Thirty-Ninth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)* (the
"Omnibus Objection"), which seeks to alter your rights by redesignating your claim
against the above-captioned Debtors.

     **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District
of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  September 20, 2013                        Respectfully submitted,
        New York, New York


                                                 /s/ Norman S. Rosenbaum
                                                 Gary S. Lee
                                                 Norman S. Rosenbaum
                                                 Jordan A. Wishnew
                                                 MORRISON & FOERSTER LLP
                                                 1290 Avenue of the Americas
                                                 New York, New York 10104
                                                 Telephone: (212) 468-8000
                                                 Facsimile: (212) 468-7900

                                                 *Counsel for the Debtors and
                                                 Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------ | ) | |

**DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(WRONG DEBTOR BORROWER CLAIMS)**

---

**THIS OBJECTION DOES NOT SEEK TO DISALLOW CLAIMS, BUT RATHER SEEKS TO REDESIGNATE CLAIMS SO AS TO BE ASSERTED AGAINST THE PROPER DEBTOR. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A ATTACHED TO THE PROPOSED ORDER.**

**THE DEBTORS EXPRESSLY RESERVE ALL RIGHTS TO OBJECT TO THE CLAIMS LISTED ON EXHIBIT A ON ANY OTHER BASIS.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this thirty-ninth omnibus objection to claims (the "Thirty-

Ninth Omnibus Claims Objection"), pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in the Chapter 11 Cases (the "Procedures Order") [Docket

No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to

that attached hereto as **Exhibit 2**, redesignating[1] the claims listed on **Exhibit A** attached to the

Proposed Order.[2]  In support of the Thirty-Ninth Omnibus Claims Objection, the Debtors submit

the *Declaration of Deanna Horst in Support of Debtors' Thirty-Ninth Omnibus Objection to*

*Claims (Wrong Debtor Borrower Claims)* (the "Horst Declaration"), attached hereto as **Exhibit**

**1** and filed concurrently herewith.

2.      The Debtors have examined the proofs of claim identified on **Exhibit A**

attached to the Proposed Order and have determined that each of the proofs of claim listed

thereon (collectively, the "Wrong Debtor Borrower Claims") was filed against the incorrect

Debtor.  Accordingly, the Debtors seek to redesignate the Wrong Debtor Borrower Claims as

---

[1]    As used herein, the term "redesignate" (or "redesignating") means modify or modifying a proof of claim filed
against the incorrect Debtor to accurately reflect the Debtor that is liable (to the extent such claim is ultimately
allowed) on the claims register maintained in the Chapter 11 Cases.

[2]    Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

indicated on **Exhibit A** attached to the Proposed Order to accurately reflect on the claims register maintained in the Chapter 11 Cases the Debtor that is liable (to the extent such claim is ultimately allowed), and to preserve the Debtors' right to later object to the Wrong Debtor Borrower Claims (as redesignated) on any other basis.

3.     The Debtors expressly reserve all rights to object on any other basis to any Wrong Debtor Borrower Claim as to which this Court does not grant the relief requested herein.

4.     The proofs of claim identified on **Exhibit A** attached to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[3]

## JURISDICTION

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### A.  General

6.     On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[3]     The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1108967 v2

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 102].

8.      On June 20, 2012, this Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, this Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.      On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 23, 2013, this Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

**B.  Proceedings Related to Claims**

10.     On July 17, 2012, this Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in the Chapter 11 Cases and (b) maintain official claims registers for the Debtors.

11.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").  The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

3

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the

form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, this Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was **not** extended.

12.     To date, approximately 7,160 proofs of claim have been filed in the

Chapter 11 Cases as reflected on the Debtors' claims register.

13.     On March 21, 2013, this Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

14.     The Procedures Order also approved certain procedures to be applied in

connection with objections to Borrower Claims (the "Borrower Claim Procedures").  Based on

substantial input from the Creditors' Committee and Special Counsel to the Creditors'

Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific

protections for Borrowers and sets forth a process for the Debtors to follow before objecting to

certain categories of Borrower Claims.  For example, the Borrower Claim Procedures require

that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the

individual Borrower with a letter, with notice to Special Counsel, requesting additional

documentation in support of the purported claim (the "Request Letter").  (See Procedures Order

at 4).

15.     However, if the Debtors' objection to a Borrower Claim is premised on

certain non-substantive grounds, including that the Borrower's proof of claim was incorrectly

filed against the wrong Debtor, then the Debtors are not required to send a Request Letter to such

Borrower before filing an objection to such Borrower's claim.  (<u>See</u> Procedures Order at 3).

Accordingly, the Debtors submit that they are in compliance with the Borrower Claim

Procedures set forth in the Procedures Order.  (<u>See</u> Horst Declaration ¶ 6).

## THE WRONG DEBTOR BORROWER CLAIMS SHOULD BE <br> <u>REDESIGNATED AS CLAIMS FILED AGAINST THE CORRECT DEBTOR</u>

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  <u>See</u>

<u>In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); <u>In re Adelphia Commc'ns Corp.</u>,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); <u>In re Rockefeller Ctr. Props.</u>, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).   Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b)(1).

17.     Based upon their review of the proofs of claim filed on the claims register

in the Chapter 11 Cases maintained by KCC, the Debtors determined that each Wrong Debtor

Borrower Claim identified on **<u>Exhibit A</u>** attached to the Proposed Order was filed against the

incorrect Debtor.  (<u>See</u> Horst Declaration ¶¶ 3, 4, 5).

18.     The Debtor listed on **<u>Exhibit A</u>** attached to the Proposed Order under the

column heading "*Modified Debtor Name*" represents the Debtor that is liable for the

corresponding Wrong Debtor Borrower Claim, to the extent such claim is ultimately allowed, as

reflected in the documentation provided by the claimant and the Debtors' books and records as

of the Petition Date.  (<u>See</u> Horst Declaration ¶ 5).   The holders of the Wrong Debtor Borrower

Claims should not be allowed to receive a recovery, if any, on their claims from the incorrect Debtor's estate.

19.     Accordingly, in order to properly reflect the Debtor against which these claims should be asserted, the Debtors request that this Court modify each Wrong Debtor Borrower Claim to reflect a claimed liability against the corresponding Debtor listed on **Exhibit A** attached to the Proposed Order under the column heading "*Modified Debtor Name*." The Wrong Debtor Borrower Claims will remain on the claims register (as modified) subject to further objections on any other basis.

## NOTICE

20.     The Debtors have served notice of this Thirty-Ninth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

21.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

6

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  September 20, 2013
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*

7

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|                                   |   |                          |
|-----------------------------------|---|--------------------------|
| In re:                            | ) | Case No. 12-12020 (MG)   |
|                                   | ) |                          |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11               |
|                                   | ) |                          |
| Debtors.                          | ) | Jointly Administered     |
|                                   | ) |                          |

---------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'
### THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS
### (WRONG DEBTOR BORROWER CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance -- a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am  authorized  to  submit  this  declaration  (the

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1108970 v2

"Declaration") in support of the *Debtors' Thirty-Ninth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)* (the "Objection").[2]

2.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.     In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.   Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in the Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.   I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** attached to the Proposed Order.  In connection with this analysis, where applicable, the Debtors and their professional advisors have reviewed (a) information supplied or verified by personnel in departments within the Debtors' various business units, (b) the Books and Records, (c) the Schedules, (d) other filed proofs of claim, and/or (e) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1108970 v2

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in the Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.      Based on a thorough review of the Wrong Debtor Borrower Claims at issue, as well as the relevant documentation, the claimants' supporting documentation, if any, and the Books and Records, the Debtors determined that each proof of claim listed on **Exhibit A** attached to the Proposed Order does not reflect a Debtor that is liable for the claim asserted therein to the claimant.  The Debtors further determined based on a thorough review of the relevant documentation, the claimants' supporting documentation, if any, and the Books and Records, that the Debtor listed on **Exhibit A** attached to the Proposed Order under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Wrong Debtor Borrower Claims (to the extent ultimately allowed), as reflected in the Books and Records as of the Petition Date.  If the Wrong Debtor Borrower Claims are not modified as requested, the claimants who filed the Wrong Debtor Borrower Claims may receive a recovery from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

6.      The Debtors have taken steps in the Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures.  In this instance, given the basis of the Objection, the Debtors determined that they may object to the Wrong Debtor Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

3

7.      Accordingly, based upon these reviews, and for the reasons set forth in the

Objection, I have determined that each Wrong Debtor Borrower Claim that is the subject of the

Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  September 20, 2013

   /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                              )    Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,    )    Chapter 11
)
Debtors.    )    Jointly Administered
)
---------------------------------------------------------------

### ORDER GRANTING DEBTORS' THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS (WRONG DEBTOR BORROWER CLAIMS)

Upon the thirty-ninth omnibus claims objection, dated September 20, 2013 (the "Thirty-Ninth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), redesignating the Wrong Debtor Borrower Claims, all as more fully described in the Thirty-Ninth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Thirty-Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Thirty-Ninth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirty-Ninth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Ninth Omnibus Claims Objection.

consideration of the Thirty-Ninth Omnibus Claims Objection and the *Declaration of Deanna Horst in Support of Debtors' Thirty-Ninth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)*, annexed to the Objection as **Exhibit 1**; and the Court having found and determined that the relief sought in the Thirty-Ninth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Thirty-Ninth Omnibus Claims Objection establish just cause for the relief granted herein; and this Court having determined that the Thirty-Ninth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Thirty-Ninth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit A** attached hereto (collectively, the "Wrong Debtor Borrower Claims") is hereby redesignated against the Debtor set forth on **Exhibit A** under the column heading "*Modified Debtor Name*"; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent, is authorized and directed to redesignate the Wrong Debtor Borrower Claims against the Debtor set forth on **Exhibit A** under the column heading "*Modified Debtor Name*"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Wrong Debtor Borrower Claims that are redesignated pursuant to this Order, all rights to object on any basis are expressly reserved with respect to such redesignated claims as listed on **Exhibit A** attached to this Order, and the Debtors' and all

parties in interests' rights to object on any basis are expressly reserved with respect to any claim

that is not listed on **Exhibit A** attached hereto; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirty-Ninth Omnibus Claims Objection, as

provided therein, shall be deemed good and sufficient notice of such objection, and the

requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23,

2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are

satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the

Wrong Debtor Borrower Claims identified on **Exhibit A**, attached hereto, as if each such Wrong

Debtor Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:_____, 2013
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1108968

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Philip H. Noser<br>6014 Kensington Way<br>Imperial, MO 63052 | 1682 | 10/25/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$943.81 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 2 | Preston Clark and Yolanda Clark<br>15393 Boulder Creek Dr.<br>Minnetonka, MN 55345 | 4099 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 3 | Raji Huff<br>Harding Huff, P.O.A. for Raji Huff<br>448 Rimer Pond Road<br>Blythewood, SC 29016 | 2015 | 11/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$45,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 4 | Ralph J Adams & Patricia S Adams<br>9 North Howard Lane<br>Hendersonville, NC 28792 | 2601 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 5 | Randall Eugene Frady<br>9712 Bragg Rd<br>Fort Worth, TX 76177 | 1242 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$250.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 6 | RAOUL SMYTH<br>11 ENSUENO EAST<br>IRVINE, CA 92620 | 3727 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ditech, LLC | 12-12021 |
| 7 | RAYMOND E WILLIAMS<br>PO BOX 1979<br>RIVERHEAD, NY 11901-0964 | 916 | 10/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$168,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 8 | Raymond JP Boisselle Jr and Doreen C Boisselle<br>PO Box 43<br>Tilton, NH 03276 | 2444 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,347.92 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 9 | Rebecca K. Stewart<br>18307 Powhatan Court<br>Gaithersburg, MD 20877 | 1577 | 10/23/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 10 | Rhonda C and Rolena N Williams<br>220 222 South Alexander St<br>New Orleans, LA 70119 | 3444 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,308.88 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 11 | Richard Todd and Debra Todd<br>Law Office of J. Patrick Sutton<br>1706 W 10th Street<br>Austin, TX 78703 | 4523 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$350,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 12 | Robert H and Lynda A. Ferguson<br>N85 W14931 Mac Arthur Drive<br>Menomonee Falls, WI 53051 | 6890 | 08/01/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 13 | Robert Keith Fligg<br>605 Harbison Canyon Road<br>El Cajon, CA 92019-1412 | 4498 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 14 | Ron & Sharon Angle<br>Box A<br>Portland , PA 18351 | 1515 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$11,900.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 15 | Rosario Mae Ramos<br>12 Akamai Loop<br>Hilo, HI 96720 | 3538 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$167,597.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 16 | Rozalynne Roelen Bowen<br>36 Bloomdale<br>Irvine, CA 92614 | 3526 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 17 | Ruth E. Hancock<br>c/o Boucher & Boucher Co., L.P.A.<br>12 W. Monument Ave., Suite 200<br>Dayton, OH 45402-1202 | 4481 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 18 | Scott J. Tinker<br>227 Main St<br>Moosup, CT 06354 | 4763 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$44,149.83 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 19 | Sharen Mumtaaj<br>8811 Glenwood Drive<br>Brooklyn, NY 11236 | 2579 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ditech, LLC | 12-12021 |
| 20 | Sigmund Zygelman<br>William D. Koehler, Esq.<br>Law Offices of William D. Koehler<br>12522 Moorpark Street, Suite 103<br>Studio City, CA 91604 | 3577 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,500,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 21 | Simon Hadley<br>175 W. Falls Street<br>Seneca Falls, NY 13148 | 4399 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$35,838.35 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 22 | STELLA H MONTOYA AND MARY MONTOYA 2271 E GLENN ST TUCSON, AZ 85719-2823 | 986 | 10/04/2012 | $0.00 $0.00 $0.00 $0.00 $52,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 23 | Stephen D. Pierce and Tamara Rae Pierce P.O. Box 2081 Redlands, CA 92373 | 1909 | 10/29/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Homecomings Financial, LLC | 12-12042 |
| 24 | Steve G. McElyea and Lisa J. McElyea 1525 E Hermosa Dr Highlands Ranch, CO 80126 | 3710 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 $12,039.72 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 25 | Susan and Lee Tager 52 Canton Rd West Simsbury, CT 06092 | 1185 | 10/12/2012 | $0.00 $0.00 $0.00 $0.00 $9,466.81 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 26 | Suzanne Koegler and Edward Tobias 75 Princeton Oval Freehold, NJ 07728 | 1466 | 10/22/2012 | $0.00 $0.00 $0.00 $0.00 $1,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 27 | Sylvia Essie Dadzie Shaev & Fleischman, LLP 350 Fifth Avenue Suite 7210 New York, NY 10118 | 5258 | 11/15/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 28 | Tamara Carlson 18505 Ballantrae Drive Arlington, WA 98223-5038 | 3887 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|
| 29 | Terrie L. Hedrick, formerly Terrie L. Huffman<br>Rt 1 Box 210B-1<br>Belington, WV 26250-9763 | 4558 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$50,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 30 | Terry Sweet<br>c/o James J. Stout, PC<br>419 S. Oakdale Ave.<br>Medford, OR 97501 | 1728 | 10/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$50,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 31 | The Estate of Dominick Lanzetta<br>Lanzetta & Assoc. PC<br>472 Montauk Hwy<br>E. Quogue, NY 11942 | 4405 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,250,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 32 | The Law Offices of Daniel M. Delluomo Esquire<br>GMAC MRTG, LLC VS LARRY G GOSS, PATTY D GOSS, JOHN DOE JANE DOE, & LARRY G GOSS, PATTY D GOSS, JOHN DOE JANE DOE, VS ET AL<br>5617 North Classen Blvd.<br>Oklahoma City, OK 73118 | 4027 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$50,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 33 | THEODORE R. SCHOFNER<br>MICHELLE H. SCHOFNER<br>2117 INDIAN ROCKS RD SOUTH<br>LARGO, FL 33774 | 768 | 09/27/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$125,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 34 | Thomas H. Martin and Catherine D. Martin<br>Thomas H. Martin<br>92 Moraine St.<br>Jamaica Plain, MA 02130-4330 | 4401 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,028.49 General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 35 | Thomas J Butler<br>1042 Banbury Court<br>Napa, CA 94559 | 4577 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 36 | Thomas Manning<br>PO Box 7212<br>Portland, ME 04112 | 2421 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 37 | Thomas Mccue<br>2157 Stockman Circle<br>Folsom, CA 95630 | 4755 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 38 | Timothy Phelps and Carol Phelps<br>400 Aragon Court<br>El Dorado Hills, CA 95762 | 3915 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Homecomings Financial, LLC | 12-12042 |
| 39 | Timothy W. Redford<br>6905 Steelhead Lane<br>Burlington, WA 98233 | 1304 | 10/12/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 40 | VALENCIA B JOHNSON AND<br>1610 MARTIN AVE<br>BIRMINGHAM, AL 35208 | 5072 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$25,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 41 | Velma R. Mitchell<br>1233 Seward Ave.<br>Akron , OH 44320 | 3645 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 42 | Victoria Godkin<br>1115 Third Street<br>Douglas, AK 99824-5314 | 3858 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$19,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 43 | W Dale Michael<br>61875 SE 27th Street<br>Bend, OR 97702 | 4594 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 44 | Wendy Rachel Olsen<br>634 Beaus Bay #1<br>Slinger, WI 53086 | 1522 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$45,789.24 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 45 | William & Janet Gibson<br>1619 Rio Vista Dr.<br>Dallas, TX 75208 | 2174 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,063.41 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 46 | William Barrett<br>8416 Mystic Night Avenue<br>Las Vegas, NV 89143 | 2253 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$89,514.89 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 47 | WILLIAM C FITHIAN III ATT AT LAW<br>111 N MAIN ST<br>MANSFIELD, OH 44902 | 1412 | 10/19/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$49,945.49 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 48 | William H. Harris and Carolyn E. Harris<br>3516 Riverchase Knoll<br>Decatur, GA 30034 | 1993 | 10/30/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,769.99 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 49 | William Popp<br>958 Orinoco E.<br>Venice, FL 34285 | 1140 | 10/10/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,763.25 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTY-NINTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE / WRONG DEBTOR CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 50 | William R Millard and Jamie M Millard<br>4492 S. Xeric Way<br>Denver, CO 80237 | 4649 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,417.67 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 51 | William Wyrough, Jr.<br>GMAC MORTGAGE LLC VS ROBERT E LEE IV TRUSTOR OF THE<br>LEE-DAY TRUST DATED 3/15/1997 ET AL<br>30 South Shore Drive<br>Miramar Beach, FL 32550 | 2534 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$19,538.45 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 52 | WIRTH, GLORIA<br>917 WEST STRAHAN DRIVE<br>TEMPE, AZ 85283 | 4469 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$86.34 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 53 | WJ Smith and Irma Smith<br>Nick Wooten, Esq.<br>PO Box 3389<br>Auburn, AL 36831 | 4825 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$40,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 54 | ZIMMERMAN KISER AND SUTCLIFFE PA<br>PO BOX 3000<br>ORLANDO, FL 32802 | 4260 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,726.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 55 | Zuzolo Law Offices on behalf of Ray & Lois Potter<br>Zuzolo Law Offices<br>POTTER - GMAC MORTGAGE, LLC V. RAY E. POTTER, ET. AL.<br>700 Youngstown-Warren Road<br>Niles, OH 44446 | 3763 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |