Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Response Date and Time: October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Michael A. Cohen
Maryann Gallagher

*Counsel for the Debtors and Debtors in*
*Possession With Respect to Everbank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
In re:

RESIDENTIAL CAPITAL, LLC, et al.,

                                        Debtors.
-------------------------------------------------------------------

)
)
)
)
)
)
)
)

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

### NOTICE OF DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS
### (NO LIABILITY – NON-DEBTOR AND
### AMENDED AND SUPERSEDED CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Fortieth Omnibus Objection to Claims (No Liability – Non-Debtor and Amended and*

*Superseded Claims)* (the "Omnibus Objection"), which seeks to alter your rights by

disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) counsel for the Debtors with respect to Everbank, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 (Attention: Steven J. Reisman, Michael A. Cohen, and Maryann Gallagher).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  September 20, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Michael A. Cohen
Maryann Gallagher
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for the Debtors and Debtors in
Possession With Respect to Everbank*

3

**Hearing Date and Time:** November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
**Response Date and Time:** October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST,** |
| 1290 Avenue of the Americas | **COLT & MOSLE LLP** |
| New York, New York 10104 | 101 Park Avenue |
| Telephone:  (212) 468-8000 | New York, New York  10178-0061 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 696-6000 |
| Gary S. Lee | Facsimile:  (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Michael A. Cohen |
| | Maryann Gallagher |
| *Counsel for the Debtors and* | |
| *Debtors in Possession* | *Counsel for the Debtors and Debtors in* |
| | *Possession With Respect to Everbank* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

## DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY – NON-DEBTOR AND AMENDED AND SUPERSEDED CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A OR EXHIBIT B ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON EXHIBIT A OR EXHIBIT B ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this fortieth omnibus objection to claims (the "Fortieth

Omnibus Claims Objection"), pursuant to section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in the Chapter 11 Cases (the "Procedures Order") [Docket

No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to

that attached hereto as **Exhibit 2**, disallowing and expunging the claims listed on **Exhibit A** and

**Exhibit B** attached to the Proposed Order.[1]   In support of the Fortieth Omnibus Claims

Objection, the Debtors submit the *Declaration of Deanna Horst in Support of Debtors' Fortieth*

*Omnibus Objection to Claims (No Liability – Non-Debtor and Amended and Superseded Claims)*

(the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

2.      The Debtors have examined the proofs of claim identified on **Exhibit A**

attached to the Proposed Order and have determined that each of the proofs of claim listed

thereon (collectively, the "Non-Debtor Claims") either (a) asserts claims against entities that are

not one of the Debtors in the Chapter 11 Cases or (b) asserts claims against a Debtor entity for

---

[1]      Claims listed on **Exhibit A** and **Exhibit B** are reflected in the same manner as they appear on the claims
register maintained by KCC (defined herein).

ny-1105986

liabilities of non-debtor entities.  Accordingly, the Debtors request that the Non-Debtors Claims

be disallowed and expunged in their entirety.

3.    The Debtors also have examined the proofs of claim identified on **Exhibit**

**B** attached to the Proposed Order and have determined that each of the proofs of claim listed on

that exhibit under the heading "*Claims to be Disallowed and Expunged*" (collectively, the

"Amended and Superseded Claims") has been amended and superseded by at least one

subsequently-filed, corresponding claim identified under the heading "*Surviving Claims*"

(collectively, the "Surviving Claims").  The Debtors seek the disallowance and expungement of

the Amended and Superseded Claims and the preservation of the Debtors' right to later object to

any Surviving Claim on any other basis.

4.    This Fortieth Omnibus Claims Objection does not affect any of the

Surviving Claims and does not constitute any admission or finding with respect to any of the

Surviving Claims.  Further, the Debtors expressly reserve all rights to object on any other basis

to any Surviving Claim and to any Amended and Superseded Claim or Non-Debtor Claim as to

which this Court does not grant the relief requested herein.

5.    No Borrower Claims (as defined in the Procedures Order) are included in

this Fortieth Omnibus Claims Objection.

## JURISDICTION

6.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

ny-1105986

## BACKGROUND

### A.  General

7.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 102].

9.      On June 20, 2012, this Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, this Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

10.     On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 23, 2013, this Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

### B.  Proceedings Related to Claims

11.     On July 17, 2012, this Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the Chapter 11

4

Cases.    Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in the Chapter 11 Cases and (b) maintain official claims registers for the Debtors.

12.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").    (Bar Date Order ¶¶ 2, 3).    On November 7, 2012, this Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].    The Governmental Bar Date was **not** extended.

13.    To date, approximately 7,160 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims register.

14.    On March 21, 2013, this Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## BASIS FOR RELIEF

15.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors have determined that: (a) the Non-Debtor Claims listed on **Exhibit A** attached to the Proposed Order should be disallowed and expunged because they

either (i) assert claims against entities that are not Debtors in the Chapter 11 Cases or (ii) assert

claims against a Debtor entity for liabilities of entities not involved in the Chapter 11 Cases; and

(b) the Amended and Superseded Claims listed on **Exhibit B** attached to the Proposed Order

should be disallowed and expunged because such claims have been amended and superseded by

subsequently-filed claims.  See Horst Declaration ¶¶ 5, 7.

16.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b)(1).

A.    **The Non-Debtor Claims Should Be Disallowed and Expunged**

17.    The Debtors diligently analyzed the Non-Debtor Claims and determined

that the Non-Debtor Claims are either asserted against entities that are not among the fifty-one

(51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the

Debtors, and do not set forth any valid legal justification for asserting a claim against a Debtor

entity in the Chapter 11 Cases.  See Horst Declaration ¶ 5.  The basis for objecting to each of the

Non-Debtor Claims is set forth in more detail on **Exhibit A** attached to the Proposed Order under

the heading titled *"Reason for Disallowance."*  Accordingly, the Debtors are not liable to the

claimants identified on **Exhibit A** attached to the Proposed Order.  See id.

18.    Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Debtors' estates, and to ensure that the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that this Court disallow and expunge in their entirety each of the Non-Debtor Claims.  See Horst Declaration ¶ 6.

**B.    The Amended and Superseded Claims Should Be Disallowed and Expunged**

19.    Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged.  See, e.g., In re Enron Corp., Ch. 11 Case No. 01-16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); In re Best Payphones, Inc., Ch. 11 Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

20.    The Debtors are not required to pay on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of the Amended and Superseded Claims also will enable the Debtors to maintain a claims register that more accurately reflects the claims asserted against the Debtors.

21.    Upon reviewing the proofs of claim that are the subject of this Fortieth Omnibus Claims Objection, the Debtors seek to disallow and expunge the Amended and Superseded Claims on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim filed by the same creditor.  See Horst Declaration ¶¶ 7, 8.

7

22.     Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Debtors request that this Court disallow and expunge in their entirety the Amended and Superseded Claims listed on **Exhibit B** attached to the Proposed Order.[2]  The Surviving Claims will remain on the claims register subject to further objections on any other basis.

### NOTICE

23.     The Debtors have served notice of this Fortieth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

### NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and granting such other relief as is just and proper.

[*Remainder of Page Intentionally Left Blank*]

---

[2]     Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

ny-1105986

Dated:  September 20, 2013
         New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Michael A. Cohen
Maryann Gallagher
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for the Debtors and Debtors in
Possession With Respect to Everbank*

9

**Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'
### FORTIETH OMNIBUS OBJECTION TO CLAIMS
### (NO LIABILITY – NON-DEBTOR AND AMENDED AND SUPERSEDED CLAIMS)

I, Deanna Horst, hereby declare as follows:

       1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance -- a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

Reconciliation and Client Recovery.   I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Fortieth Omnibus Objection to Claims (No Liability – Non-Debtor and Amended and Superseded Claims)* (the "Objection").[2]

2.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.       In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.   Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in the Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.   I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** and **Exhibit B** attached to the Proposed Order.  In connection with this analysis, where applicable, the Debtors have reviewed (a) information supplied or verified by personnel in departments within the Debtors' various business units, (b) the Books and Records, (c) the Schedules, (d) other filed proofs of claim, and/or (e) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]     Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

2

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in the Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

## A.      The Non-Debtor Claims

5.      The Non-Debtor Claims listed on **Exhibit A** attached to the Proposed Order are either asserted against entities that are not among the fifty-one (51) Debtor entities in the Chapter 11 Cases or are claims against parties unrelated to the Debtors.  Moreover, the Debtors diligently evaluated any information provided by the claimants in the Non-Debtor Claims and determined that the Non-Debtor Claims do not set forth any valid legal justification for asserting a claim against a Debtor entity in the Chapter 11 Cases.[3]  Therefore, the Debtors are not liable to the claimants identified on **Exhibit A** attached to the Proposed Order.

6.      If the Non-Debtor Claims are not disallowed and expunged, the claimants who filed the Non-Debtor Claims may potentially receive a wholly improper recovery to the detriment of other creditors.

## B.      The Amended and Superseded Claims

7.      Based on a thorough review of the Amended and Superseded Claims at issue, whether or not the Surviving Claims specifically state on their face that they are amendments of the corresponding Amended and Superseded Claims, the Debtors have determined that each claim listed in the rows below the column entitled *"Claim to be Disallowed"* on **Exhibit B** attached to the Proposed Order has been amended and superseded by a claim or claims subsequently filed by the same claimant, which the Debtors have determined

---

[3]      The basis for objecting to each of the Non-Debtor Claims is set forth in more detail on **Exhibit A** to the Proposed Order under the heading titled *"Reason for Disallowance."*

relate to the same subject matter.  The Debtors' examination of those claims revealed that the Surviving Claims were filed by the same claimant, and on account of the same obligations, as that creditor's corresponding claim previously filed with the Court and/or KCC.  If the Amended and Superseded Claims are not disallowed and expunged, the claimants who filed such claims may potentially receive a wholly improper recovery to the detriment of other creditors.

8.     Accordingly, based upon these reviews, and for the reasons set forth in the Objection, I have determined that each Non-Debtor Claim and Amended and Superseded Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

  /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

## Exhibit 2

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------
                                    )

In re:                           )       Case No. 12-12020 (MG)

                                    )

RESIDENTIAL CAPITAL, LLC, et al.,   )       Chapter 11

                                    )

                  Debtors.     )       Jointly Administered

-------------------------------------------------------------- )

### ORDER GRANTING DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY – NON-DEBTOR AND AMENDED AND SUPERSEDED CLAIMS)

        Upon the fortieth omnibus claims objection, dated September 20, 2013 (the "Fortieth Omnibus Claims Objection")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Non-Debtor Claims on the grounds that they assert claims against entities that are not Debtors in these jointly administered chapter 11 cases, and the Amended and Superseded Claims on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim, all as more fully described in the Fortieth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fortieth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fortieth Omnibus Claims Objection and the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fortieth Omnibus Claims Objection.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Fortieth Omnibus Claims Objection having been provided, and it appearing that no other or

further notice need be provided; and upon consideration of the Fortieth Omnibus Claims

Objection and the *Declaration of Deanna Horst in Support of Debtors' Fortieth Omnibus*

*Objection to Claims (No Liability – Non-Debtor and Amended and Superseded Claims)*, annexed

to the Objection as **Exhibit 1**; and the Court having found and determined that the relief sought

in the Fortieth Omnibus Claims Objection is in the best interests of the Debtors, their estates,

creditors, and all parties in interest, and that the legal and factual bases set forth in the Fortieth

Omnibus Claims Objection establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Fortieth Omnibus Claims Objection is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each Non-

Debtor Claim listed on **Exhibit A** attached hereto is hereby disallowed and expunged in its

entirety; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each

Amended and Superseded Claim listed on **Exhibit B** attached hereto under the heading "*Claims*

*to be Disallowed and Expunged*" is disallowed and expunged in its entirety; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and

claims agent, is authorized and directed to expunge from the claims register the Non-Debtor

Claims identified on the schedule attached as **Exhibit A** hereto and the Amended and

2

Superseded Claims identified on the schedule attached as **Exhibit B** hereto pursuant to this Order; and it is further

ORDERED that the claims listed on **Exhibit B** attached hereto under the heading *"Surviving Claims"* (collectively, the "Surviving Claims") will remain on the claims register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Amended and Superseded Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Claim or any claim not otherwise listed on **Exhibit A** or **Exhibit B** attached to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any Surviving Claim listed on **Exhibit B** attached hereto or any other claim not listed on **Exhibit A** or **Exhibit B**; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fortieth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Non-Debtor Claims identified on **Exhibit A** attached hereto and the Amended and Superseded Claims

3

identified on **Exhibit B** attached hereto, as if each such Non-Debtor Claim and Amended and

Superseded Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:_____, 2013
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4

## Exhibit A

**Non-Debtor Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTIETH OMNIBUS OBJECTION - NO LIABILITY - NON-DEBTOR (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Ajit Vasvani and Shakun Vasvani<br>P.O. Box 720941<br>San Diego, CA 92172 | 3550 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$55,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | This proof of claim relates to funds invested in The Residential Capital Mortgage Income Fund. The Debtor entities are not liable for funds invested in The Residential Capital Mortgage Income Fund. |
| 2 | Aspire Business Consulting, INC<br>220 Commerce Drive<br>Suite 200<br>Fort Washington, PA 19034 | 169 | 06/25/2012 | $0.00<br>$0.00<br>$0.00<br>$37,163.75<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Although the claim is filed in case number 12-12020, Ally Financial, Inc. is listed as the debtor on the proof of claim. Ally Financial, Inc. is not a debtor in these Chapter 11 cases. |
| 3 | JOANNE L. RANVILLE<br>1102 DEER CREEK TRAIL<br>GRAND BLANC, MI 48439 | 1149 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$14,760.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Although the claim is filed in case number 12-12020, GMAC LLC is listed as the debtor on the proof of claim and the basis for the claim is listed as GMAC LLC Senior Notes. GMAC LLC is not a debtor in these Chapter 11 cases and the Debtors are not liable for amounts owed in relation to GMAC LLC Senior Notes. |
| 4 | LAW OFFICE OF JACK LINTNER<br>28 S MONROE ST<br>COLDWATER, MI 49036 | 629 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The basis of the proof of claim is listed as amounts owed in relation to shares of GM stock. GM is not a debtor in these Chapter 11 cases and the Debtors are not liable for amounts owed in relation to GM stock. |
| 5 | Margaret Thompson<br>Box 10626<br>Zephyr Cove, NV 89448 | 4396 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | This proof of claim appears to relate to bonds issued by Sun Coast Health. The Debtors are not liable for bonds issued by Sun Coast Health. |
| 6 | Norfolk City Treasurer<br>Norfolk City<br>PO Box 3215<br>Norfolk, VA 23514 | 634 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$598.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Equity Investment I, LLC | 12-12025 | The supporting document to the proof of claim lists Equity Properties, which is not a Debtor in these Chapter 11 cases. |
| 7 | Phyllis Kaplan<br>61-26 220th St<br>Bayside, NY 11364 | 4917 | 11/15/2012 | $87,127.00<br>$0.00<br>$0.00<br>$0.00<br>$52,127.35 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | This proof of claim appears to relate to corporate bonds issued by Mastr Asset Securitization Trust MTGPC/Series 2003-9. The Debtors are not liable for bonds issued by Mastr Asset Securitization Trust MTGPC/Series 2003-9. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTIETH OMNIBUS OBJECTION - NO LIABILITY - NON-DEBTOR (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Rosa M. Blue<br>335 Washington Street<br>Geneva, NY 14456 | 5891 | 11/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | This proof of claim relates to notes purchased from American Business Financial Services.  American Business Financial Services is not a debtor in these Chapter 11 cases and the Debtors are not liable for notes issued by American Business Financial Services. |
| 9 | Thomas Fleishman and Harriet Fleishman Family Trust<br>5757 Ventura Canyon Avenue<br>Van Nuys, CA 91401 | 1294 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | This proof of claim relates to a trust account that appears to include General Motors Acceptance Corp. Smartnotes.  General Motors is not a debtor in these Chapter 11 cases and the Debtors are not liable for amounts owed in relation to General Motors Acceptance Corp. Smartnotes. |
| 10 | THOMAS W VAN HON ATT AT LAW<br>PO BOX N<br>FAIRFAX, MN 55332 | 3765 | 11/08/2012 | $0.00<br>$0.00<br>$32,917.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | This proof of claim is filed in case number 12-12020 and lists as the debtor both Residential Capital LLC et al and KH Funding.  The claim is based on notes issued by KH Funding.  KH Funding is not a debtor in these Chapter 11 cases and the Debtors are not liable for notes issued by KH Funding. |

## Exhibit B

### Amended and Superseded Claims

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTIETH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | County of San Bernardino<br>Office of the Tax Collector<br>172 West Third Street<br>San Bernardino, CA 92415 | 3774 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$97,493.72 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | County of San Bernardino<br>Office of the Tax Collector<br>172 West Third Street<br>San Bernardino, CA 92415 | 6839 | 04/03/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$368.44 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | Dallas CPT Fee Owner, L.P.<br>Attn Steven Lebowitz<br>c/o Barrow Street Capital LLC<br>300 First Stamford Place, 3rd Floor - East<br>Stamford, CT 06902 | 3878 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 | Dallas CPT Fee Owner, L.P.<br>Attn Steven Lebowitz<br>c/o Barrow Street Capital LLC<br>300 First Stamford Place, 3rd Floor - East<br>Stamford, CT 06902 | 6873 | 07/08/2013 | UNLIQUIDATED Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$4,142,136.53 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 3 | DOUGLAS COUNTY<br>ATTN STEPHANIE COOK<br>DOUGLAS COUNTY TREASURER<br>100 THIRD STREET<br>CASTLE ROCK, CO 80104 | 71 | 05/25/2012 | $16,434.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Douglas County<br>Attn Stephanie Cook<br>Douglas County Treasurer<br>100 Third Street<br>Castle Rock, CO 80104 | 269 | 07/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>W/D Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | EverBank<br>Andrea S. Hartley, Esq.<br>Akerman Senterfitt<br>One SE 3rd Avenue, 25th Floor<br>Miami, FL 33131 | 3632 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | EverBank<br>Andrea S. Hartley, Esq.<br>Akerman Senterfitt<br>One SE 3rd Avenue, 25th Floor<br>Miami, FL 33131 | 6851 | 05/16/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$847,474.59 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | GE Capital Information Technology Solutions Inc.<br>GECITS, Attn Bankruptcy Administration<br>PO Box 13708<br>Macon, GA 31208 | 4817 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,900.07 General Unsecured | Residential Capital, LLC | 12-12020 | GE Capital Information Technology Solutions, Inc.<br>Attn Bankruptcy Administration<br>PO Box 13708<br>Macon, GA 31208 | 6888 | 07/26/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,786.79 General Unsecured | Residential Capital, LLC | 12-12020 |
| 6 | Hernando County Tax Collector<br>20 N Main St Room 112<br>Brooksville, FL 34601-2892 | 1147 | 06/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Hernando County Tax Collector<br>20 N Main St Room 112<br>Brooksville, FL 34601-2892 | 314 | 07/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | EPRE LLC | 12-12024 |
| 7 | Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | 115 | 06/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$58,590.71 Secured<br>$6,729.01 Priority<br>$0.00 General Unsecured | Residential Company, LLC | 12-12019 | Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | 6834 | 03/19/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$58,590.36 Secured<br>$9,188.17 Priority<br>$0.00 General Unsecured | Residential Company, LLC | 12-12019 |
| 8 | Missouri Department of Revenue<br>Box 475<br>Jefferson City, MO 65105 | 4756 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$57,619.45 Priority<br>$48,582.30 General Unsecured | Residential Funding Company, LLC | 12-12019 | Missouri Department of Revenue<br>Box 475<br>Jefferson City, MO 65105 | 6854 | 05/29/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$33,273.64 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 9 | Orange County Tax Collector<br>Attn Bankruptcy Dept<br>P.O. Box 2551<br>Orlando, FL 32802 | 5943 | 11/27/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Orange County Tax Collector<br>Attn Bankruptcy Dept.<br>P.O. Box 2551<br>Orlando, FL 32802 | 6867 | 06/26/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$7,178.57 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTIETH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (NON-BORROWER CLAIMS)

| | | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 10 | State of New Jersey Division of Taxation Compliance Activity PO Box 245 Trenton, NJ 08695 | 520 | 09/17/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $50,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | State of New Jersey Division of Taxation Compliance Activity PO Box 245 Trenton, NJ 08695 | 6858 | 06/10/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $38,550.81 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 11 | State of New Jersey Division of Taxation Compliance Activity PO Box 245 Trenton, NJ 08695 | 521 | 09/17/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $3,230.22 General Unsecured | Residential Capital, LLC | 12-12020 | State of New Jersey Division of Taxation Compliance Activity PO Box 245 Trenton, NJ 08695 | 6859 | 06/10/2013 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $18,908.05 General Unsecured | Residential Capital, LLC | 12-12020 |