Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------- ) | |
| In re:                                          ) | Case No. 12-12020 (MG) |
|                                                 ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,         ) | Chapter 11 |
|                                                 ) | |
| Debtors.                 ) | Jointly Administered |
| ------------------------------------------------- ) | |

### NOTICE OF DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATE & AMENDED AND SUPERSEDED BORROWER CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Debtors' Forty-First Omnibus Objection to Claims (Duplicate & Amended and Superseded Borrower Claims)* (the "Omnibus Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  September 20, 2013                    Respectfully submitted,
        New York, New York


                                              /s/ Norman S. Rosenbaum
                                              Gary S. Lee
                                              Norman S. Rosenbaum
                                              Jordan A. Wishnew
                                              MORRISON & FOERSTER LLP
                                              1290 Avenue of the Americas
                                              New York, New York 10104
                                              Telephone: (212) 468-8000
                                              Facsimile: (212) 468-7900

                                              *Counsel for the Debtors and
                                              Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------

**DEBTORS' FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**(DUPLICATE & AMENDED AND SUPERSEDED BORROWER CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> OR <u>EXHIBIT B</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

      Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

      1.    The Debtors file this forty-first omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A and Exhibit B[1] to the Proposed Order.  In support of the Objection, the Debtors submit the Declaration of Deanna Horst, Senior Director of Claims Management for Residential Capital, LLC, (the "Horst Declaration"), attached hereto as Exhibit 1.

      2.    The Debtors have examined the proofs of claim identified on Exhibit A to the Proposed Order and have determined that the proof of claim listed under the heading "Claims to be Disallowed and Expunged" (the "Duplicate Claim") is a duplicate of the corresponding claim identified under the heading "Surviving Claims" (a "Surviving Claim").

      3.    The Debtors have also examined the proofs of claim identified on Exhibit B to the Proposed Order and have determined that the proofs of claim listed under the heading

---

[1]    Claims listed on Exhibit A and Exhibit B are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

          2

"Claims to be Disallowed and Expunged" (the "Amended and Superseded Claims") have been amended and superseded by the subsequently-filed, corresponding claims identified under the heading "Surviving Claims" (also "Surviving Claims").

4.      The Debtors seek the disallowance and expungement from the official claims register maintained for the Debtors in the Chapter 11 Cases of the Duplicate Claim and the Amended and Superseded Claims and preservation of the Debtors' right to later object to any Surviving Claim on any other basis.

5.      The proofs of claim identified on Exhibits A and B to the Proposed Order relate solely to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

6.      The Debtors expressly reserve all rights to object on any other basis to any Duplicate Claim or Amended and Superseded Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

8.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

---

[2]      The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

9.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 102].

10.    On June 20, 2012, the Court directed that an Examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674]. The Examiner's report was filed under seal on May 13, 2013 [Docket No. 3698]. The report was subsequently unsealed on June 26, 2013 [Docket No. 4099].

11.    On July 3, 2013, the Debtors and the Creditors' Committee filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157]. On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

12.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

13.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

14.     On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

15.     The Procedures Order also approved certain procedures to be applied in

connection with objections to Borrower Claims (the "Borrower Claim Procedures").  Based on

substantial input from the Creditors' Committee and Special Counsel to the Creditors'

Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific

protections for Borrowers and sets forth a process for the Debtors to follow before objecting to

certain categories of Borrower Claims.  For example, the Borrower Claim Procedures require

that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the

individual Borrower with a letter, with notice to Special Counsel, requesting additional

documentation in support of the purported claim (the "Request Letter").  (See Procedures Order

at 4).

16.     However, if the Debtors' objection to a Borrower Claim is premised on

certain non-substantive grounds, including that the Borrower's proof of claim duplicates another

proof of claim filed by such Borrower or was amended and superseded by a subsequently filed

proof of claim, then the Debtors are not required to send a Request Letter to such Borrower

before filing an objection to such Borrower's Claim.  (See Procedures Order at 3).  Accordingly,

the Debtors submit that they are in compliance with the Borrower Claim Procedures set forth in

the Procedures Order.  (See Horst Declaration ¶ 5).

17.     To date, approximately 7,160 proofs of claim have been filed in the

Chapter 11 Cases as reflected on the Debtors' claims register.

## THE DUPLICATE CLAIM AND THE AMENDED AND SUPERSEDED CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

18.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

19.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

Accordingly, courts in the Southern District of New York routinely disallow and expunge

duplicative claims filed by the same creditor against the same debtor. See, e.g., In re Worldcom,

Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005)

(expunging duplicate claim); In re Drexel Burnham Lambert Grp., Inc., 148 B.R. 993, 1001-02

(S.D.N.Y. 1992) (expunging duplicate claim).  Similarly, claims that are amended and

superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and

expunged.  See, e.g., In re Enron Corp., Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1

n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended

and superseded by the Amended Claim, it was disallowed and expunged . . . ."); In re Best

Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11,

2002) (expunging amended, duplicative claim).

20.    Based upon their review of the proofs of claim filed on the claims register

in these cases maintained by KCC, the Debtors determined that the Duplicate Claim identified on

Exhibit A to the Proposed Order was filed by the same claimant against the same Debtor, for the

same dollar amount, and on account of the same obligations, as the corresponding Surviving

Claim.  (See Horst Declaration ¶¶ 3, 4).

21.    Based upon their review, the Debtors also determined that the Amended

and Superseded Claims identified on Exhibit B to the Proposed Order have been amended and

superseded by the corresponding Surviving Claims that were subsequently filed by the same

creditors.  (See Horst Declaration ¶¶ 3, 4).

22.    Accordingly, to avoid the possibility of multiple recoveries by the same

creditor, the Debtors request that the Court disallow and expunge in their entirety the Duplicate

Claim and the Amended and Superseded Claims listed on Exhibits A and B, respectively, to the

Proposed Order.[3]  The Surviving Claims will remain on the claims register subject to further

objections on any other basis.

## NOTICE

23.    The Debtors have served notice of this Objection in accordance with the

Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures

Order.  The Debtors submit that no other or further notice need be provided.

---

[3]    To the extent a claimant has filed different documentation in support of his or her Duplicate Claim or Amended
and Superseded Claim and his or her corresponding Surviving Claim, the Debtors will treat all such
documentation as having been filed in support of the Surviving Claim.

## NO PRIOR REQUEST

24.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  September 20, 2013
        New York, New York

                                         /s/ Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel for the Debtors and
                                        Debtors in Possession*

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- )
                                                                )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                        )    Chapter 11
                                                                )
                                          Debtors.              )    Jointly Administered
                                                                )
--------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS**
**<u>(DUPLICATE & AMENDED AND SUPERSEDED BORROWER CLAIMS)</u>**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.  I am authorized to submit this declaration (the

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

"Declaration") in support of the *Debtors' Forty-First Omnibus Objection to Claims (Duplicate &
Amended and Superseded Borrower Claims)* (the "Objection").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are
based upon my personal knowledge of the Debtors' operations and finances, information learned
from my review of relevant documents and information I have received through my discussions
with other members of the Debtors' management or other employees of the Debtors, the
Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the
Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify
competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Senior Director of Claims Management, I am intimately
familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all
statements in this Declaration are based upon my familiarity with the Debtors' books and records
(the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of
financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and
reconciliation of claims, and/or my review of relevant documents.  I or my designee at my
direction have reviewed and analyzed the proof of claim forms and supporting documentation, if
any, filed by the claimants listed on Exhibit A and Exhibit B to the Proposed Order.  In
connection with this analysis, where applicable, the Debtors and their professional advisors have
reviewed (i) information supplied or verified by personnel in departments within the Debtors'
various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of
claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

4.      Based on a thorough review of the proofs of claim at issue, the Debtors determined that the claim listed under the column entitled "Claims to be Disallowed and Expunged" on Exhibit A to the Proposed Order (the "Duplicate Claim") is filed (i) by the same claimant, (ii) against the same Debtor, (iii) for the same dollar amount, and (iv) on account of the same obligations, as the claim listed under the column entitled "Surviving Claims" on Exhibit A. Based on their thorough review, the Debtors also determined that the claims listed under the column entitled "Claims to be Disallowed and Expunged" on Exhibit B to the Proposed Order (the "Amended and Superseded Claims") have been amended and superseded by later-filed claims by the same claimants that the Debtors have determined relate to the same subject matter. The Debtors' examination of the claims listed on Exhibit B revealed that the claims listed under the column entitled "Surviving Claims," were filed by the same claimants, and on account of the same obligations, as the Amended and Superseded Claims.  If the Duplicate Claim and the Amended and Superseded Claims are not disallowed and expunged, the claimants who filed these claims may potentially receive a wholly improper recovery to the detriment of other creditors.

5.      The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures.  In this case, given the basis of the Objection, the Debtors have determined that they may object to the Duplicate Claim and the Amended and Superseded Claims without first having to send a Request Letter to such Borrowers requesting additional information.

6.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Duplicate Claim and Amended and Superseded Claim

that is the subject of the Objection should be accorded the proposed treatment described in the

Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  September 20, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                   )
In re:                               )     Case No. 12-12020 (MG)
                                   )
RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
                                   )
                   Debtors.   )     Jointly Administered
                                   )
------------------------------------------------------------ )

**ORDER GRANTING DEBTORS' FORTY-FIRST OMNIBUS OBJECTION**
**TO CLAIMS (DUPLICATE & AMENDED AND SUPERSEDED BORROWER**
**CLAIMS)**

Upon the forty-first omnibus objection to claims (the "Objection")[1] of Residential

Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and

debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"),

disallowing and expunging the Duplicate Claim as a duplicate of a corresponding claim and

disallowing and expunging the Amended and Superseded Claims as having been amended and

superseded by subsequently-filed, corresponding claims, all as more fully described in the

Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to

28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection

having been provided, and it appearing that no other or further notice need be provided; upon

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

consideration of the Objection and the Declaration of Deanna Horst, annexed to the Objection as

Exhibit 1; and the Court having found and determined that the relief sought in the Objection is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

and the Court having determined that the Objection complies with the Borrower Claim

Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibits A and B annexed hereto under the heading "Claims to be Disallowed and

Expunged" are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Duplicate Claim and the Amended and

Superseded Claims identified on Exhibits A and B, respectively, so that such claims are no

longer maintained on the Debtors' claims register; and it is further

ORDERED that the claims listed on Exhibits A and B annexed hereto under the

heading "Surviving Claims" (collectively, the "Surviving Claims") will remain on the claims

register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Duplicate Claim and

Amended and Superseded Claims does not constitute any admission or finding with respect to

any of the Surviving Claims; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ny-1109205

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Claims, and the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any Surviving Claim listed on Exhibits A and B annexed hereto or any other claim not listed on such exhibits; and it is further

ORDERED that this Order shall be a final order with respect to the Duplicate Claim identified on Exhibit A, annexed hereto, and the Amended and Superseded Claims identified on Exhibit B, annexed hereto, as if each such claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
    New York, New York

 

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FIRST OMNIBUS OBJECTION - EXHIBIT A (DUPLICATE CLAIM)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
| 1 | Brackney, Charles THE BANK OF NEW YORK MELLON TRUST CO NATL ASSOC, FKA THE BANK OF NEW YORK TRUST CO NA, AS SUCCESSOR TO JP MORGAN CHASE ET AL 7732 Northwest 12th Street | 3830 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$142,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | | Residential Capital, LLC | 12-12020 | Brackney, Charles The Bank of New York Mellon Trust Co Natl Assoc, FKA the Bank of New York Trust Co na, as Successor to JP Morgan Chase et al 7732 Northwest 12th Street | 4032 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$142,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FIRST OMNIBUS OBJECTION - EXHIBIT B (AMENDED AND SUPERSEDED CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | DANIEL AND ANGELA BLANKS<br>6077 BRECKENRIDGE DR<br>SUMMER BUILDERS<br>MILTON, FL 32570 | 4044 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$110,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | DANIEL AND ANGELA BLANKS<br>6077 BRECKENRIDGE DR<br>SUMMER BUILDERS<br>MILTON, FL 32570 | 6889 | 07/30/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$10,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | LESTER DONNA F LESTER VS THE BANK OF<br>NEW YORK GMAC MORTGAGE LLC FKA<br>HOMECOMINGS FINANCIAL LLC<br>COMMUNITY HOME et al<br>Mountain State Justice Inc<br>1031 Quarrier St Ste 200 | 4914 | 11/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$142,600.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | LESTER DONNA F LESTER VS THE BANK OF<br>NEW YORK GMAC MORTGAGE LLC FKA<br>HOMECOMINGS FINANCIAL LLC<br>COMMUNITY HOME et al<br>Mountain State Justice Inc<br>1031 Quarrier St Ste 200 | 5063 | 11/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$142,600.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |