UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

Residential Capital, LLC *et al.*,                    Chapter 11
          Debtors                      Case No. 12-12020 (MG)
                                        Administratively Consolidated

---

**MOTION FOR EXTENSION OF TIME TO FILE
DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL
UNDER BANKRUPTCY RULE 8006**

---

    Wendy Alison Nora moves for an extension of time to file her Designation of Record and Statement of Issues on appeal from the Order Approving the Debtors' Disclosure Statement entered on August 23, 2013 and shows the Court:

    1.  On July 4, 2013, Debtors filed their Disclosure Statement [Doc. 4157].

    2.  On July 9, 2013, Notice of Disclosure Statement Hearing was filed, setting the hearing on the approval of Debtors' Disclosure Statement for August 21, 2013 at 10:00 a.m. Eastern Time; setting the deadline for objections to the approval of the Disclosure Statement to be filed no later than August 8, 2013 at 4:00 p.m. Eastern Time; and providing for replies and responses to the objections to be filed by August 16, 2013 [Doc. 4189].

    3.  Wendy Alison Nora timely objected to the Debtors' Disclosure Statement on July 28, 2013 [Doc. 4388].

    4.  Contrary to the Notice of Hearing, Debtors did not reply or respond to the Objection of Wendy Alison Nora nor did they reply or respond to the objections of any other objecting party on August 16, 2013, but rather, on August 16, 2013, Debtors filed their Amended Disclosure Statement [Doc. 4733.]

    5.  Contrary to Bankruptcy Rule 3017, 28 days notice was not provided to the interested parties prior to hearing on the Amended Disclosure Statement, nor was there adequate time given for interested parties to review and object to the Amended Disclosure Statement, prior to the hearing held on August 21, 2013.

    6.  Wendy Alison Nora has previously contended that the proceedings in the Bankruptcy Court violated her constitutional rights under the Fifth Amendment to the <u>Constitution of the United States</u>.

1

      7. These bankruptcy proceedings are massive, involving 51 subsidiaries of Ally Financial, Inc. and highly complex. There are dozens of record filings on the issue of the approval of the Disclosure Statement alone, all of which must be carefully reviewed in order to properly designate the record on appeal. The Disclosure Statement filed on July 4, 2013 [Doc. 4157] is 399 pages in length and the Chapter 11 Plan [4153] is 166 long. The Amended Disclosure Statement filed on August 16, 2013 with a second version of the Chapter 11 Plan attached [Doc. 4733] consists of 587 pages. The Report of the Examiner [Doc. 3689], who was appointed on June 20, 2012, filed his report on May 13, 2013 under seal and whose report was ordered to be unsealed on June 26, 2013, is 2246 and contains information critical to the analysis of the key and extraordinary feature of the Chapter 11 Plan–the Third Party Release of the nonbankrupt parent corporation, Ally Financial, Inc. (AFI)–the scope and application of which is not adequately disclosed.

      8. In order to designate the record and formulate the statement of issues on appeal, Wendy Alison Nora, must review over 4,000 pages of documents and select the relevant portions of documents 4153, 4157, 4733, and 3689, as well as selecting the pertinent objections to the Disclosure Statement to demonstrate the errors of law in the Order Approving the Disclosure Statement [Doc. 4809], which makes no findings of fact whatsoever despite an enormous factual record in these proceedings, which forms the basis for Mr. Papas' Objection.

      9. It is her to identify relevant portions of the specific documents of record to be designated rather than inflict thousands of pages of documents on the United States District Court and ask the Court to locate the specific sections relevant to the appeal. Even if the full text of the documents are designated, it will take some time for Mr. Papas to select the specific portions of the documents which support the statement of issues to be prepared herein.

      10. Any prejudice the Debtors and the proponents of the Chapter 11 Plan may claim from the granting of the extension requested herein is the result of their own attempt to substitute an Amended Disclosure Statement and (revised) Chapter 11 Plan on less than 5 days' notice prior to the hearing on their Motion to Approve the Disclosure Statement, without any consideration of the procedural and substantive rights of those who object to the inadequacy of the Disclosure Statement and its amendment and who have been denied hearing thereon.

      WHEREFORE, Wendy Alison Nora, respectfully moves for an additional 21 days in which to prepare his Designation of Record and Statement of Issues on Appeal.

Dated at Madison, Wisconsin this 20th day of September, 2013.

ACCESS LEGAL SERVICES

*/s/ Wendy Alison Nora*
Wendy Alison Nora
Attorney for Paul N. Papas II
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone (612) 333-4144
Facsimile (608) 497-1026
accesslegalservices@gmail.com

**UNSWORN DECLARATION OF SERVICE**

Wendy Alison Nora declares, under penalty of perjury, that she filed the above-captioned document with the United States Bankruptcy Court for the Southern District of New York on September 20, 2013 by CM/ECF and thereby served the same on all parties capable of service thereby.

*/s/ Wendy Alison Nora*
Wendy Alison Nora