**Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------- ) | |
| In re:                                          ) | Case No. 12-12020 (MG) |
|                                                 ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,        ) | Chapter 11 |
|                                                 ) | |
|                              Debtors.           ) | Jointly Administered |
| ------------------------------------------------- ) | |

### NOTICE OF DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW BORROWER CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Debtors'*
*Forty-Second Omnibus Objection to Claims (Reduce and Allow Borrower Claims)* (the
"<u>Omnibus Objection</u>"), which seeks to alter your rights by reducing and allowing your
claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District
of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  September 20, 2013                          Respectfully submitted,
             New York, New York


                                                   /s/ Norman S. Rosenbaum
                                                   Gary S. Lee
                                                   Norman S. Rosenbaum
                                                   Jordan A. Wishnew
                                                   MORRISON & FOERSTER LLP
                                                   1290 Avenue of the Americas
                                                   New York, New York 10104
                                                   Telephone: (212) 468-8000
                                                   Facsimile: (212) 468-7900

                                                   *Counsel for the Debtors and*
                                                   *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------)
                                                          )
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                  )    Chapter 11
                                                          )
                                  Debtors.                )    Jointly Administered
                                                          )
----------------------------------------------------------)

**DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
<u>**(REDUCE AND ALLOW BORROWER CLAIMS)**</u>

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
**CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.    The Debtors file this forty-second omnibus claims objection (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry

of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as

Exhibit 5, reducing and allowing the claims listed on Exhibit A[1] annexed to the Proposed Order.

In support of the Objection, the Debtors submit the declaration of Deanna Horst, Senior Director

of Claims Management for Residential Capital, LLC (the "Horst Declaration," attached hereto as

Exhibit 1), the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the

Debtors (the "Rosenbaum Declaration," attached hereto as Exhibit 2), and the declaration of

Robert D. Nosek of SilvermanAcampora LLP as Special Counsel ("Special Counsel") to the

Creditors' Committee for Borrower Issues (the "Nosek Declaration," attached hereto as Exhibit

3).

2.    The Debtors, in consultation with Special Counsel, have examined the

three proofs of claim identified on Exhibit A to the Proposed Order and have determined that

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

each of the proofs of claim listed therein (collectively, the "Reduce and Allow Claims") was filed in a greater amount than the amount for which the Debtors' estates are liable. This determination was made after the respective holders of the Reduce and Allow Claims were given an opportunity under the Procedures Order to supply supporting documentation in support of their asserted claim amounts. Accordingly, the Debtors seek to fix the Reduce and Allow Claims as set forth on Exhibit A to the Proposed Order.

3.  The Reduce and Allow Claims only include claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.

4.  The Debtors expressly reserve all rights to object on any other basis to any Reduce and Allow Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.  On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.      On June 20, 2012, the Court directed that an Examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674]. The Examiner's report was filed under seal on May 13, 2013 [Docket No. 3698].  The report was subsequently unsealed on June 26, 2013 [Docket No. 4099].

9.      On July 3, 2013, the Debtors and the Creditors' Committee filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157].  On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain an official claims register for the Debtors.

11.     To date, approximately 7,160 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims register.

12.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various

grounds, including that "the amount claimed contradicts the Debtors' books and records."  See

Procedures Order at 2, 3.

13.     Based on substantial input from counsel to the Creditors' Committee and

Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth

a process for the Debtors to follow before objecting to certain categories of Borrower Claims

(the "Borrower Claim Procedures").

14.     The Borrower Claim Procedures generally provide, *inter alia*, that prior to

objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide

Special Counsel with a list of the claims at issue, and (ii) review their books and records to

determine if any amounts are owed to such Borrowers.  For Borrower Claims whose claimed

amounts contradict the Debtors' books and records, prior to filing an objection, the Debtors, in

cooperation with Special Counsel, must also send each Borrower claimant a letter, with notice to

Special Counsel, requesting additional documentation in support of the purported claim (the

"Request Letter").  See Procedures Order at 4.

15.     In connection with the claims reconciliation process, the Debtors

identified the Reduce and Allow Claims as claims filed in an amount greater than the amount for

which the Debtors' estates are liable.

16.     After consulting with Special Counsel, the Debtors sent Request Letters,

substantially in the form as those attached as Exhibit 4, to the Borrowers who filed the Reduce

and Allow Claims requesting additional documentation in support of such claims.  The Request

Letters state that the claimant must respond within 30 days with an explanation that states the

legal and factual reasons why the claimant believes it is owed money by the Debtors and the

4

claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.

17.     The Debtors received responses to the Request Letters from each of the holders of the Reduce and Allow Claims.  However, the Debtors and Special Counsel have reviewed the additional information provided by the claimants and such information does not substantiate the filed amounts of the Reduce and Allow Claims.  (See Horst Declaration ¶ 4; Nosek Declaration ¶¶ 5, 8.)  Accordingly, the Debtors file this Objection seeking to modify and fix the Reduce and Allow Claims as set forth on Exhibit A to the Proposed Order.

### THE REDUCE AND ALLOW CLAIMS
### SHOULD BE REDUCED AND ALLOWED AS MODIFIED

18.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity and amount of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

19.     After a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that the Reduce and Allow Claims do not reflect the correct amounts owed to the claimants for the reasons set forth on Exhibit A under the column heading "Reason for Modification."  (Horst Declaration ¶ 4.)

20.     The amounts listed on Exhibit A under the column heading "Modified Claim Amount" represent the claim amounts reflected in the Debtors' books and records as of

the Petition Date, less any amounts already satisfied after the Petition Date.  (See Horst

Declaration ¶ 4.)  The holders of the Reduce and Allow Claims should not be allowed to recover

more than they are owed.  Accordingly, the Debtors request that the Court reduce each Reduce

and Allow Claim to the corresponding amount listed on Exhibit A under the column heading

"Modified Claim Amount" and allow each such claim only to the extent of such modified

amount.

## NOTICE

21.    The Debtors have served notice of the Objection in accordance with the

Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit

that no other or further notice need be provided.

## NO PRIOR REQUEST

22.    No previous request for the relief sought herein as against the holders of

the Reduce and Allow Claims has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

6

Dated:  September 20, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

7

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------  )
                                                               )
In re:                                                         )    Case No. 12-12020 (MG)
                                                               )
RESIDENTIAL CAPITAL, LLC, et al.,       )    Chapter 11
                                                               )
                                    Debtors.        )    Jointly Administered
---------------------------------------------------------------  )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(REDUCE AND ALLOW BORROWER CLAIMS)**

Deanna Horst, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").  I have been employed by affiliates of

ResCap since August of 2001, and have held my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.  I am authorized to submit this declaration (the

"Declaration") in support of the *Debtors' Forty-Second Omnibus Objection to Claims (Reduce and Allow Borrower Claims)* (the "Objection").[1]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[1]      Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

4.      The Debtors diligently evaluated information provided by the holders of the Reduce and Allow Claims in their proofs of claim and, in accordance with the Borrower Claim Procedures, the Debtors then contacted each of the claimants and requested that they provide additional information so that the Debtors could reconcile the filed claims with the Debtors' books and records.  After consulting with Special Counsel, the Debtors sent Request Letters, substantially in the form as those attached at Exhibit 4 to the Objection, to the claimants requesting additional documentation in support of the Reduce and Allow Claims.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that the Reduce and Allow Claims do not reflect the correct amounts owed to the claimants for the reasons set forth on Exhibit A to the Proposed Order under the column heading "Reason for Modification."  The amounts listed on Exhibit A under the column heading "Modified Claim Amount" represent the accurate amounts of the Reduce and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date.

5.      The Debtors have also confirmed that their books and records do not reflect any additional liabilities due and owing to the holders of the Reduce and Allow Claims.

6.      Before filing this Objection, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as to the scope of the Objection.

7.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Reduce and Allow Claim that is the subject of the Objection should be afforded the proposed treatment described in the Objection.

Dated:  September 20, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

**<u>Exhibit 2</u>**

**Rosenbaum Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|   |   |   |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
<u>**(REDUCE AND ALLOW BORROWER CLAIMS)**</u>

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.       I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "<u>Debtors</u>").

2.       I submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Forty-Second Omnibus Objection to Claims (Reduce and Allow Borrower Claims)* (the "<u>Objection</u>") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11 of the United States Code and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "<u>Claim Objection Procedures Order</u>").

3.       It is my understanding that in connection with the filing of the Objection, the

Debtors have complied with the Claim Objection Procedures. I have been advised by M&F attorneys under my supervision that in accordance with the Claim Objection Procedures Order, prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel") with a preliminary Borrower Claim List[1] that included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List"); and (ii) conferred with Special Counsel to ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim List. In arriving at the final Objection Claim List, I am further advised that the Debtors first reviewed that list and the corresponding proofs of claim to determine if such claims were actually filed in amounts greater than the amounts reflected in the Debtors' books and records, and thereafter, the Debtors conferred with Special Counsel and agreed that each claimant on the Objection Claim List should receive a request letter.

4.      I am further advised that the Debtors also conferred with Special Counsel in drafting the request letters. To the best of my knowledge, the Debtors sent a request letter to those Borrowers that the Debtors and Special Counsel agreed should receive a request letter, with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and Special Counsel have fully complied with all other relevant terms of the Claim Objection Procedures Order.

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claim Objection Procedures Order.

Dated: September 20, 2013
      New York, New York

                        /s/ Norman S. Rosenbaum
                        Norman S. Rosenbaum

**Exhibit 3**

**Nosek Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                                          Chapter 11
                                                                Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.
                                                                (Jointly Administered)
                                        Debtors.
-------------------------------------------------------------------x

### DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW BORROWER CLAIMS)

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.       I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.  I am duly admitted to practice law before this Court and the courts of the State of New York.  By this Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "Debtors") for borrower issues.

2.       I submit this declaration (the "Declaration") in support of the *Debtors' Forty-Second Omnibus Objection to Claims (Reduce and Allow Borrower Claims)* (the "Objection") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claim Objection Procedures Order").

3.       Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth and, if called as a witness, I could and would testify competently

thereto.

4.      Pursuant to the Claim Objection Procedures Order, prior to filing the Objection, the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List").

5.      I or my designee at my direction reviewed the Objection Claim List, conferred with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the Debtors on a final Objection Claim List.

6.      In arriving at the final Objection Claim List with the Debtors, I or my designee at my direction first reviewed that list and the corresponding proofs of claim.  Thereafter, I or my designee at my direction conferred with the Debtors and agreed that each claimant on the Objection Claim List should receive a request letter.

7.      I or my designee at my direction also conferred with the Debtors in drafting the request letters.  To the best of my knowledge, the Debtors sent a request letter to those borrowers that the Debtors and SilvermanAcampora agreed should receive a request letter, with the Debtors providing copies of such letters to SilvermanAcampora.

8.      For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim and the additional documents provided by such borrower in response to the request letters and SilvermanAcampora does not object to the Debtors' determination and reasoning for filing the Objection.

9.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claim Objection Procedures Order.

and SilvermanAcampora have fully complied with all other relevant terms of the Claim

Objection Procedures Order.


Dated: September 20, 2013
        Jericho, New York

                                        /s/   Robert D. Nosek
                                        Robert D. Nosek

## Exhibit 4

**Request Letters**



MORRISON | FOERSTER

**Claim Number:** ████

Dear Claimant: ████████████

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  We are unable to determine from the Proof of Claim form and the document(s), if any, you submitted why you believe you are owed money or other relief from one of the Debtors.  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 20, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you must respond to this letter by no later than June 20, 2013 with an explanation that states the legal and factual reasons why you believe that one of the Debtors owed you money as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim.  Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the requested explanation and supporting documentation by no later than June 20, 2013, the Debtors may file a formal objection to your Proof of Claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

B

**Note**: The Debtors previously provided notices about their bankruptcy filings and the claim process to current customers and mortgage loan applicants. You may have received one or more of those notices. Nothing in those notices and nothing in this letter changes your obligations under your mortgage loan agreement (i.e. if you were obligated to make, or were making, mortgage loan payments before the ResCap bankruptcy case commenced, you should continue to make mortgage loan payments). However, if the only reason you filed a Proof of Claim was because you received a notice from the Debtors <u>and</u> you do not believe that ResCap, GMAC Mortgage or any of the other Debtors owes you money or other relief, please reply to us via email or letter stating so. This information is necessary to evaluate your claim.

**Questions:**

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**<u>You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;</u>**

      (i)     **Claims.Management@gmacrescap.com, or**
      (ii)    **Residential Capital, LLC**
            **P.O. Box 385220**
            **Bloomington, Minnesota 55438**

**<u>Please mark each piece of correspondence with the Claim Number referenced above.</u>**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

    **MORRISON** | **FOERSTER**

June 21, 2013

**Claim Number:** ████

Dear Claimant: ████████████████████

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      **(i)**      **Claims.Management@gmacrescap.com; or**
      **(ii)**     **Residential Capital, LLC**
               **P.O. Box 385220**
               **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

    **MORRISON** | **FOERSTER**

June 21, 2013

**Claim Number:** ██

Dear Claimant: ████████████████████████

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        **(i)**        Claims.Management@gmacrescap.com**; or**
        **(ii)**      **Residential Capital, LLC**
            **P.O. Box 385220**
            **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**<u>Exhibit 5</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------  )
                                      )
In re:                             )     Case No. 12-12020 (MG)
                                        )
RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
                                        )
                    Debtors.    )     Jointly Administered
---------------------------------------------------------------  )

**ORDER GRANTING DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO**
**CLAIMS (REDUCE AND ALLOW BORROWER CLAIMS)**

Upon the forty-second omnibus claims objection (the "Objection")[1] of Residential

Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and

debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"),

reducing and allowing the Reduce and Allow Claims on the ground that each such claim was

filed in a greater amount than the amount for which the Debtors' estates are liable, all as more

fully described in the Objection; and it appearing that this Court has jurisdiction to consider the

Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Objection having been provided, and it appearing that no other or further notice need be

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

provided; and upon consideration of the Objection and the Declaration of Deanna Horst, the

Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the

Objection as Exhibits 1-3, respectively; the Court having found and determined that the relief

sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Objection establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that each Reduce and Allow Claim is hereby reduced and allowed as

set forth on Exhibit A to this Order, and shall be treated in the manner set forth in any plan

confirmed in these Chapter 11 Cases; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is authorized and directed to update the claims register pursuant to the terms of

this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed

good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order,

and the Debtors' and any party in interest's rights to object on any basis are expressly reserved

with respect to any such claim that is not listed on Exhibit A annexed hereto; and it is further

      ORDERED that this Order shall be a final order with respect to each of the

Reduce and Allow Claims identified on Exhibit A annexed hereto; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:_____, 2013
      New York, New York


                               _____
                               THE HONORABLE MARTIN GLENN
                               UNITED STATES BANKRUPTCY JUDGE

## Exhibit A to Proposed Order

### Reduce and Allow Claims

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SECOND OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Jason and Jennifer Schermerhorn<br>Kathleen A. Cashman-Kramer<br>Pyle Sims Duncan & Stevenson, APC<br>401 B Street, Suite 1500<br>San Diego, CA 92101 | 338 | 07/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$582,662.25 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$14,463.51 General Unsecured | The claim seeks (1) costs in the amount of $14,463.51 and (2) attorneys' fees in the amount of $568,198.74, arising out of mortgage-related litigation against GMAC Mortgage, LLC ("GMACM") and Executive Trustee Services, LLC ("ETS") in California state court. However, the California court ordered that the claimants are entitled to recover costs from GMACM and ETS -- not attorneys' fees. The claimants have not provided support as to why they are entitled to attorneys' fees. |
| 2 | James and Jennifer Schermerhorn<br>Kathleen A. Cashman- Kramer<br>Pyle Sims Duncan & Stevenson, APC<br>401 B Street, Suite 1500<br>San Diego, CA 92101 | 339 | 07/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$582,662.25 General Unsecured | Executive Trustee Services, LLC | 12-12028 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$14,463.51 General Unsecured | The claim seeks (1) costs in the amount of $14,463.51 and (2) attorneys' fees in the amount of $568,198.74, arising out of mortgage-related litigation against GMACM and ETS in California state court. However, the California court ordered that the claimants are entitled to recover costs from GMACM and ETS -- not attorneys' fees. The claimants have not provided support as to why they are entitled to attorneys' fees. |
| 3 | Preston Baker And Madelyn Soto<br>4325 215th Pl Apt 2<br>Bayside, NY 11361-2960 | 1089 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$16,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,000.00 General Unsecured | Under the terms of the pre-petition settlement agreement attached to the claim, the Debtors are only responsible for paying a total of $8,000 to the claimants, and the Debtors are not jointly and severally liable with other parties with respect to any other sums. |