**Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST,** |
| 1290 Avenue of the Americas | **COLT & MOSLE LLP** |
| New York, New York 10104 | 101 Park Avenue |
| Telephone:  (212) 468-8000 | New York, New York  10178-0061 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 696-6000 |
| Gary S. Lee | Facsimile:  (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Michael A. Cohen |
| | Maryann Gallagher |
| *Counsel for the Debtors and* | |
| *Debtors in Possession* | *Counsel for the Debtors and Debtors in* |
| | *Possession With Respect to* |
| | *CitiMortgage, Inc.* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------------- ) | | |

**NOTICE OF DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**(INSUFFICIENT DOCUMENTATION)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Debtors' Forty–Third Omnibus Objection to Claims (Insufficient Documentation)* (the

"<u>Omnibus Objection</u>"), which seeks to alter your rights by disallowing and expunging

your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) counsel for the Debtors with respect to CitiMortgage, Inc., Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 (Attention: Steven J. Reisman, Theresa A. Foudy, and Maryann Gallagher).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  September 20, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for the Debtors and
Debtors in Possession With Respect to
CitiMortgage, Inc.*

3

| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST,** |
|---|---|
| 1290 Avenue of the Americas | **COLT & MOSLE LLP** |
| New York, New York 10104 | 101 Park Avenue |
| Telephone: (212) 468-8000 | New York, New York  10178-0061 |
| Facsimile: (212) 468-7900 | Telephone: (212) 696-6000 |
| Gary S. Lee | Facsimile: (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Theresa A. Foudy |
| | Maryann Gallagher |

*Counsel for the Debtors and*
*Debtors in Possession*

*Counsel for the Debtors and Debtors in*
*Possession with Respect to*
*CitiMortgage, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------

**DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**<u>(INSUFFICIENT DOCUMENTATION)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
**CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON**
**<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

   Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### **RELIEF REQUESTED**

   1.  The Debtors file this forty-third omnibus claims objection (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry

of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as

**Exhibit 2**, disallowing and expunging the claims listed on **Exhibit A**[1] annexed to the Proposed

Order.  In support of the Objection, the Debtors submit the declaration of Deanna Horst, Senior

Director of Claims Management for Residential Capital, LLC (the "Horst Declaration"), attached

hereto as **Exhibit 1**.

   2.  The Debtors have examined the proofs of claim identified on **Exhibit A** to

the Proposed Order and determined that the proofs of claim listed on **Exhibit A** (collectively, the

"Insufficient Documentation Claims") lack sufficient supporting documentation as to their

validity and amount and have no basis in the Debtors' books and records.  Accordingly, the

Debtors request that the Insufficient Documentation Claims be disallowed and expunged in their

entirety.

---

[1] Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

3.    The Debtors expressly reserve all rights to object on any other basis to any

Insufficient Documentation Claim as to which the Court does not grant the relief requested

herein.

4.    No Borrower Claims (as defined in the Procedures Order) are included in

this Objection.

## JURISDICTION

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.    On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

7.    On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.    On June 20, 2012, the Court directed that an examiner be appointed (the

"Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner

[Docket Nos. 454, 674].  The Examiner's report was filed under seal on May 13, 2013 [Docket

No. 3698].  The report was subsequently unsealed on June 26, 2013 [Docket No. 4099].

9.    On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by

Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.

4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential

3

*Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the

"Disclosure Statement").  On August 23, 2013, the Court entered an order approving, *inter alia*,

the Disclosure Statement, as amended.

10.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise

administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official

claims register for the Debtors.

11.    On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").    The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").  Bar Date Order at ¶¶ 2, 3.  On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

12.    On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various

grounds, including that "the Claims do not include sufficient documentation to ascertain the

validity of the Claims[.]"  See Procedures Order at 2, 3.

13.    To date, approximately 7,160 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims register.

## THE INSUFFICIENT DOCUMENTATION CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

14.    Based upon their review of the proofs of claim filed on the claims register

maintained by KCC, the Debtors determined that the Insufficient Documentation Claims listed

on Exhibit A to the Proposed Order are claims that should be disallowed and expunged because

they lack sufficient documentation to substantiate the asserted claim and are unsupported by the

Debtors' books and records.  See Horst Declaration at ¶¶ 4, 5.

15.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion

is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny

Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re

Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden

of persuasion as to the allowance of [its] claim.").

16.    Bankruptcy Rule 3001(c)(1) instructs that:

> [W]hen a claim, or an interest in property of the debtor securing
> the claim, is based on a writing, a copy of the writing shall be filed
> with the proof of claim. If the writing has been lost or destroyed, a
> statement of the circumstances of the loss or destruction shall be
> filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

5

17.     If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).

18.     Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim"); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

19.     Additionally, several courts, including those in this district, have applied the federal pleadings standards when assessing the validity of a proof of claim.  See In re DJK Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr. Props., 272 B.R. 529, 542, n.17 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. App'x 40 (2d Cir. 2002); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss. . . "

6

(citation omitted).  Indeed, since a claim objection is a contested matter under Fed. R. Bankr. P. 9014(a), Rule 9(b) applies per Fed. R. Bankr. P. 9014(c).

20.     In this case, the claimants who filed the Insufficient Documentation Claims failed to attach any or adequate supporting documentation to demonstrate the validity of their claims, including evidence of perfected security interests where such claimants have asserted that they hold security interests in property of the Debtors as required under Bankruptcy Rule 3001(d).  See Horst Declaration at ¶ 4.  Certain of those claimants failed to provide any explanation as to why such documentation is unavailable, while others provided explanations that attempt to place the onus on the Debtors to provide evidence of the claims against the Debtors.  In each case, the Debtors diligently evaluated any information provided by the claimants in their proofs of claim; however, the information provided by the claimants did not provide adequate supporting documentation to substantiate the bases for a valid claim against the Debtors.  See id.  Moreover, to the extent the claimants provided information in their proofs of claim that allowed the Debtors to identify the claimants in the Debtors' books and records, the Debtors confirmed that their books and records do not reflect any present liability due and owing to the claimants identified in **Exhibit A** to the Proposed Order.  See id.

21.     Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety each of the Insufficient Documentation Claims.

## NOTICE

22.     The Debtors have served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein as against the holders of

the Insufficient Documentation Claims has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  September 20, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for the Debtors and
Debtors in Possession with Respect to
CitiMortgage, Inc.*

ny-1105756

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
                                                               )
In re:                                                         )    Case No. 12-12020 (MG)
                                                               )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                      )    Chapter 11
                                                               )
                                        Debtors.               )    Jointly Administered
-------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**(INSUFFICIENT DOCUMENTATION)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").  I have been employed by affiliates of

ResCap since August of 2001, and have held my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am  authorized  to  submit  this  declaration  (the

"Declaration") in support of the *Debtors' Forty-Third Omnibus Objection to Claims (Insufficient Documentation)* (the "Objection").[1]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[1]        Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.   In this case, the claimants who filed the Insufficient Documentation Claims, listed on **Exhibit A** to the Proposed Order, failed to attach any or adequate supporting documentation to demonstrate the validity of these claims, including evidence of perfected security interests where such claimants have asserted that they hold security interests in property of the Debtors.  The Debtors diligently evaluated any information provided by the claimants in their proofs of claim; however, the information provided by the claimants does not provide adequate supporting documentation to substantiate the bases for a valid claim against the Debtors.  Moreover, to the extent the claimants provided information in their proofs of claim that allowed the Debtors to identify the claimants in the Debtors' books and records, the Debtors confirmed that their books and records do not reflect any present liability due and owing to such claimants.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Insufficient Documentation Claim that is the subject of the Objection should be afforded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

----------------------------------------------------------------

### ORDER GRANTING DEBTORS' FORTY-THIRD
### <u>OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION)</u>

Upon the forty-third omnibus claims objection (the "<u>Objection</u>")[1] of Residential

Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and

debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"),

disallowing and expunging the Insufficient Documentation Claims on the grounds that each

Insufficient Documentation Claim lacks sufficient supporting documentation as to its validity

and amount and has no basis in the Debtors' books and records, all as more fully described in the

Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to

28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection

having been provided, and it appearing that no other or further notice need be provided; and

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

upon consideration of the Objection and the *Declaration of Deanna Horst In Support of Debtors'*

*Forty–Third Omnibus Objection to Claims (Insufficient Documentation)* annexed to the

Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the

Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest

and that the legal and factual bases set forth in the Objection establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that each Insufficient Documentation Claim listed on **<u>Exhibit A</u>**

annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is authorized and directed to expunge from the claims register the Insufficient

Documentation Claims identified on the schedule annexed as **<u>Exhibit A</u>** hereto pursuant to this

Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed

good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any claim not listed on **<u>Exhibit A</u>** annexed to this Order,

and the Debtors' and any party in interest's rights to object on any basis are expressly reserved

with respect to any such claim that is not listed on **Exhibit A** annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the

Insufficient Documentation Claims identified on **Exhibit A**, annexed hereto, as if each such

Insufficient Documentation Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:_____, 2013
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A to Proposed Order

**Insufficient Documentation Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-THIRD OMNIBUS OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Anthony Keller Law Office<br>Rebecca Keller<br>PO Box 16063<br>San Juan, PR 00908-6063 | 5866 | 11/19/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | BANGOR VILLAGE<br>206 16TH AVE N<br>BANGOR, WI 54614 | 1190 | 10/12/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al.<br>Ryan G. Foley, Authorized Representative<br>Chartis Inc.<br>180 Maiden Lane, 37th Floor | 2806 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 4 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al.<br>Ryan G. Foley, Authorized Representative<br>Chartis Inc.<br>180 Maiden Lane, 37th Floor | 2807 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al.<br>Ryan G. Foley, Authorized Representative<br>Chartis Inc.<br>180 Maiden Lane, 37th Floor | 2808 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ditech, LLC | 12-12021 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-THIRD OMNIBUS OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2809 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 7 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2810 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 8 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2811 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2812 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 |
| 10 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2813 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-THIRD OMNIBUS OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2814 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 12 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2815 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Consumer Services, LLC | 12-12058 |
| 13 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2816 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Exchange, LLC | 12-12059 |
| 14 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2817 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 15 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al. Ryan G. Foley, Authorized Representative Chartis Inc. 180 Maiden Lane, 37th Floor | 2818 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-THIRD OMNIBUS OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al.<br>Ryan G. Foley, Authorized Representative<br>Chartis Inc.<br>180 Maiden Lane, 37th Floor | 2819 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 |
| 17 | Chartis Insurance Company of Canada, Chartis Specialty Insurance Company, Commerce and Industry Insurance Company, et al.<br>Ryan G. Foley, Authorized Representative<br>Chartis Inc.<br>180 Maiden Lane, 37th Floor | 2820 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 |
| 18 | CitiMortgage, Inc.<br>Andrew J. Petrie & Sarah B. Wallace<br>Featherstone Petrie DeSisto LLP<br>600 17th Street, Suite 2400S<br>Denver, CO 80202 | 5360 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$5,010,321.60 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 19 | EMC Mortgage LLC (f/k/a EMC Mortgage Corporation)<br>Brian D. GlueckStein<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 | 3922 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 20 | European Capital Partners Inc.<br>8280 Florence Ave Suite 205<br>Downey, CA 90041 | 5415 | 11/16/2012 | $0.00<br>$0.00<br>$1,223,221.89<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-THIRD OMNIBUS OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 21 | EVERETT O MARTINDALE ATT AT LAW<br>902 W 2ND ST<br>LITTLE ROCK, AR 72201 | 591 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 22 | FERRY HILL CONDOMINIUM ASSOCIATION<br>169 FERRY ST<br>LAWRENCE, MA 01841 | 3834 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 23 | Independence VI CDO, Ltd.<br>Attn Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave., 29th Floor<br>New York, NY 10017 | 4353 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 24 | JIMMIE ROBINSON AND<br>JOYCE SAVAGE<br>1111 S BRAINTREE DRIVE<br>SCHAUMBURG, IL 60193-0000 | 2203 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 25 | PACKER, ROBERT C & PACKER, NARDIA E<br>5960 WENRICH DRIVE<br>SAN DIEGO, CA 92120-3715 | 1220 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-THIRD OMNIBUS OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 26 | REMAX EXECUTIVES<br>1901 S CTR<br>MARSHALLTOWN, IA 50158 | 1454 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 27 | ROBERT AND ANN MULLINS LACLAIR<br>9015 KERNEY RD<br>BUILDERS AND DUNCAN SYZMANSKI<br>WHITMORE LAKE, MI 48189 | 4102 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 28 | South Jersey Federal Credit Union<br>P.O. Box 5530<br>Deptford, NJ 08096 | 4376 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 29 | Steven J. Baum P.C..<br>David Kunkel<br>Pillar Processing LLC<br>170 Northpointe Parkway<br>Amherst, NY 14228 | 2789 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$34,082.06 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 30 | TITUS COUNTY CLERK<br>100 W 1 ST<br>2ND FLR STE 204<br>MOUNT PLEASANT, TX 75455 | 583 | 09/20/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-THIRD OMNIBUS OBJECTION - CLAIMS WITH INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 31 | TOWN OF HAMMONTON<br>100 CENTRAL AVE<br>HAMMONTON, NJ 08037 | 6015 | 11/29/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 32 | WILLIAM M MCCARTHY ATT AT LAW<br>60 S SWAN ST<br>ALBANY, NY 12210 | 706 | 09/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |