Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Response Date and Time: October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------
                                    )
In re:                              )    Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
                                    )
                        Debtors.    )    Jointly Administered
                                    )
-------------------------------------------------------

### NOTICE OF DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS ((A) LATE-FILED CLAIMS; (B) DUPLICATE CLAIMS; (C) REDESIGNATE AND ALLOW CLAIMS; (D) REDUCE AND ALLOW CLAIMS; (E) REDESIGNATE, REDUCE AND ALLOW CLAIMS; (F) RECLASSIFY, REDUCE AND ALLOW CLAIMS; AND (G) REDESIGNATE CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate And Allow Claims; (D) Reduce And Allow Claims; (E) Redesignate, Reduce And Allow Claims; (F) Reclassify, Reduce And Allow Claims; And (G) Redesignate Claims)* (the "Omnibus Objection"), which seeks to alter your rights by modifying, disallowing and expunging, and/or allowing your claim against the above-captioned Debtors.

PLEASE TAKE FURTHER NOTICE that a hearing on the Omnibus Objection will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto).

PLEASE TAKE FURTHER NOTICE that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

2

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  September 20, 2013
        New York, New York

                                    /s/ Norman S. Rosenbaum
                                    Gary S. Lee
                                    Norman S. Rosenbaum
                                    Jordan A. Wishnew
                                    MORRISON & FOERSTER LLP
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone:  (212) 468-8000
                                    Facsimile:  (212) 468-7900

                                    *Counsel for the Debtors and
                                    Debtors in Possession*

**Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------ ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------------ ) | | |

**DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS**
**((A) LATE-FILED CLAIMS; (B) DUPLICATE CLAIMS;**
**(C) REDESIGNATE AND ALLOW CLAIMS; (D) REDUCE AND ALLOW CLAIMS;**
**(E) REDESIGNATE, REDUCE AND ALLOW CLAIMS; (F) RECLASSIFY, REDUCE**
**<u>AND ALLOW CLAIMS; AND (G) REDESIGNATE CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO MODIFY AND/OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER.  A CLAIMANT MAY HAVE CLAIMS INCLUDED ON MORE THAN ONE EXHIBIT.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC ("ResCap") and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this forty-fourth omnibus objection to claims (the "Forty-Fourth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as **Exhibit 2**, (a) disallowing and expunging the claims listed on **Exhibits A** and **B** annexed to the Proposed Order, (b) modifying (by redesignating, reclassifying, and/or reducing) and allowing the claims listed on **Exhibits C**, **D**, **E** and **F** annexed to the Proposed Order, and (c) modifying (by redesignating) the claims listed on **Exhibit G** annexed to the Proposed Order.[1]  In support of the Forty-Fourth Omnibus Claims Objection, the Debtors submit the *Declaration of Deanna Horst in Support of the Debtors' Forty-Fourth Omnibus Claims Objection ((A) Late-Filed Claims; (B) Duplicate Claims; (C) Redesignate And Allow Claims; (D) Reduce And Allow Claims; (E) Redesignate, Reduce And Allow Claims; (F) Reclassify, Reduce and Allow Claims; And (G) Redesignate Claims)* (the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

---

[1]     Claims listed on **Exhibits A** through **G** are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

2.      The Debtors examined the proofs of claim identified on **Exhibit A** to the Proposed Order and have determined that each proof of claim listed thereunder (collectively, the "Late-Filed Claims") violates this Court's August 29, 2012 order setting forth the procedures and deadlines for filing proofs of claim in these Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"), as these claims were filed after the Bar Date (defined herein).  Because the Late-Filed Claims fail to comply with the terms of the Bar Date Order, the Debtors request that they be disallowed and expunged in their entirety.

3.      The Debtors examined the proofs of claim identified on **Exhibit B** to the Proposed Order and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicate Claims") are duplicates of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims").  The Debtors seek to disallow and expunge the Duplicate Claims from the Debtors' official claims register in these Chapter 11 Cases and preserve the Debtors' right to later object to any Surviving Claim on any other basis.

4.      The Debtors examined the proofs of claim identified on **Exhibit C** to the Proposed Order and have determined that each proof of claim listed therein (collectively, the "Redesignate and Allow Claims") was filed against the incorrect Debtor.  The Debtors seek to modify the Redesignate and Allow Claims to reflect a liability asserted against the corresponding Debtor set forth under the heading "*Modified Debtor Name*" and to allow each Redesignate and Allow Claim in the asserted amount against such modified Debtor.

5.      The Debtors examined the proofs of claim identified on **Exhibit D** to the Proposed Order and have determined that each proof of claim listed therein (collectively, the "Reduce and Allow Claims") was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable.  The Debtors seek to modify the Reduce and Allow Claims

2

by reducing them to the amounts set forth under the heading "*Modified Claim Amount*" and to

allow each Reduce and Allow Claim only to the extent of such modified amount.

6.      The Debtors examined the proofs of claim identified on **Exhibit E** to the

Proposed Order and have determined that each proof of claim listed therein (collectively, the

"Redesignate, Reduce and Allow Claims") was filed against the incorrect Debtor and in an

amount that is greater than the actual amount for which the Debtors' estates are liable.  The

Debtors seek to modify the Redesignate, Reduce and Allow Claims by reducing them to the

corresponding amounts set forth under the heading "*Modified Claim Amount*" and to allow each

Reduce and Allow Claim against the corresponding Debtor set forth under the heading "*Modified*

*Debtor Name*" only to the extent of such modified amount.

7.      The Debtors examined the proofs of claim identified on **Exhibit F** to the

Proposed Order and have determined that each of the proofs of claim listed therein (collectively,

the "Reclassify, Reduce and Allow Claims") improperly asserts against the Debtors a security

interest and/or a priority claim under section 503 or 507 of the Bankruptcy Code in an amount

that is greater than the actual amount for which the Debtors' estates are liable.  The Debtors seek

to modify the Reclassify, Reduce and Allow Claims by (a) reclassifying them to accurately

reflect them as general unsecured claims on the claims register maintained in the Chapter 11

Cases and (b)  reducing them to the corresponding amounts set forth under the heading

"*Modified Claim Amount*" and to allow each Reduce and Allow Claim only to the extent of such

modified amount.

8.      The Debtors examined the proofs of claim identified on **Exhibit G** to the

Proposed Order and have determined that each proof of claim listed therein (collectively, the

"Redesignate Claims" and, together with the Late-Filed Claims, the Duplicate Claims, the

Reduce and Allow Claims, the Redesignate, Reduce and Allow Claims, and the Reclassify,

3

Reduce and Allow Claims the "Claims") was filed against the incorrect Debtor.  The Debtors

seek to modify the Redesignate Claims to accurately reflect the Debtor that is liable (to the extent

such claim is ultimately allowed) on the claims register maintained in the Chapter 11 Cases, and

to preserve the Debtors' right to later object to the Redesignate Claims (as modified) on any

other basis.

9. The Debtors expressly reserve all rights to object on any other basis to any

Claim as to which the Court does not grant the relief requested herein.

10. No Borrower Claims (as defined in the Procedures Order) are included in

this Forty-Fourth Omnibus Claims Objection.

## JURISDICTION

11. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

A. **General**

12. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered

pursuant to Bankruptcy Rule 1015(b).

13. On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

14. 8. On June 20, 2012, the Court directed that an examiner be

appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the

4

Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal

[Docket Nos. 3677, 3697].  On June 26, 2013, the Examiner's report was unsealed and made

available to the public [Docket No. 4099].

15.    On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.

4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et

al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure

Statement").  On August 23, 2013, the Court entered an order approving, *inter alia*, the

Disclosure Statement, as amended [Docket No. 4809].

### B.    Proceedings Related To Claims

16.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official

claims registers for each of the Debtors.

17.    On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket

No. 1309] (the "Bar Date Order").   The Bar Date Order established, among other things,

(a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").  (Bar Date Order, ¶¶ 2, 3).   On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was **not** extended.

18.    In order to be timely-filed, proofs of claim must have been "actually received" on or before the applicable Bar Date. (Bar Date Order ¶¶ 2, 3). The Bar Date Order permitted the filing of proofs of claim with KCC and the Court in accordance with the deadlines established therein. (Id. ¶¶ 1, 3). The Bar Date Order also expressly provides that "any holder of a claim against one or more of the Debtors who is required, but fails, to file a proof of such claim in appropriate form in accordance with this Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) . . . ." (Id. ¶ 11).

19.    In accordance with the Bar Date Order, potential claimants and other parties in interest received notice of the Bar Date Order via mail (each a "Bar Date Notice" and collectively, the "Bar Date Notices") at least thirty-five (35) days prior to the Bar Date. (See Affidavits of Service of Notices of Deadlines for Filing Proofs of Claim [Docket Nos. 1412, 1461, 1482, 1522, 1523, 1528, 1543, 1660, 1666, 1754, 1764, 1783, 1805, 1815, 1822, 1907, 1917, 1983, 2009, 2048, 2133, 2179, 2242, 2283, 2328]). KCC served Bar Date Notices on approximately 2.2 million borrowers and over 275,000 creditors. The Bar Date Notice, which was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date. (Bar Date Notice ¶¶ 1, 3). The Bar Date Notice prominently states the Bar Date and, in bold-face type, notified recipients that "any holder of a claim that is not excepted from the requirements of the Bar Date Order, as described in section 4 above, and that fails to timely file a proof of claim in the appropriate form will be forever barred, estopped and enjoined from asserting such claim against the debtors . . . ." (Id. ¶ 5).

6

20.     While only 35 days' advance notice of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York, in this case, the Debtors provided creditors with <u>at least 72 days' notice</u> of the Bar Date, which was subsequently <u>extended an additional nine days</u> with respect to the General Bar Date. (Bar Date Order ¶ 15). The General Bar Date occurred nearly six months after the Petition Date, and 81 days after the entry of the Bar Date Order, thus providing ample time for creditors to determine, prepare and file their claims against the Debtors.

21.     In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *<u>http://www.kccllc.net/rescap</u>*.

22.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

23.     To date, approximately 7,160 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims register.

## OBJECTION

### A.     Applicable Legal Standard

24.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. <u>See In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); <u>In re Adelphia Commc'ns Corp.</u>, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); <u>In re Rockefeller Ctr. Props.</u>, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

7

B.    **The Late-Filed Claims Should Be Disallowed And Expunged**

25.    Based upon their review of the claims filed on the claims register in these Chapter 11 Cases maintained by KCC, the Debtors identified the Late-Filed Claims on **Exhibit A**, annexed to the Proposed Order, as claims that should be disallowed and expunged because they failed to comply with the terms of the Bar Date Order.  (See Horst Declaration ¶¶ 3-5).

26.    "Bar dates are 'critically important to the administration of a successful chapter 11 case.'"  Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); see also Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital, LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).  A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process."  In re Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991).  A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize.  See In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit.  See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

27.    The Bar Date Order specifically requires proofs of claim to be actually received either by KCC or the Court on or before the Bar Date.  (Bar Date Order ¶¶ 2, 3).  Potential claimants were provided notice of the Bar Date Order, including the deadline to file

8

proofs of claim and a warning that failure to comply with the Bar Date would result in their claims being barred.  (See Bar Date Notice ¶¶ 1, 3, 6).  In addition, the Debtors confirmed with KCC that each of these claimants who filed a Late-Filed Claim was timely served with the Bar Date Notice and/or were deemed to have notice of the Bar Dates via publication.  (See Horst Declaration ¶ 5).  Nevertheless, the holders of the Late-Filed Claims filed their proofs of claim after the Bar Date.  (See Horst Declaration ¶ 5).  Moreover, these Late-Filed Claims do not amend any previously filed claims.  (See Horst Declaration ¶ 6).

28.    Because the Late-Filed Claims violate the terms of the Bar Date Order and are thus untimely, the Debtors request that the Court disallow and expunge in their entirety the Late-Filed Claims listed on **Exhibit A** to the Proposed Order.

### C.    The Duplicate Claims Should Be Disallowed And Expunged

29.    Based upon their review of the proofs of claim filed on the claims register in these cases maintained by KCC, the Debtors determined that each Duplicate Claim identified on **Exhibit B** annexed to the Proposed Order was also filed by the same claimant against the same Debtor, for the same dollar amount, and on account of the same obligations, as the corresponding Surviving Claim.  (See Horst Declaration ¶¶ 3, 4, 7).

30.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."   11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtor.  See, e.g., In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); In re Drexel

ny-1106666

Burnham Lambert Grp., Inc., 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (expunging duplicate claim).

31.     The Debtors are not required to make a distribution to a creditor on the same claim more than once.   See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").   Moreover, elimination of the Duplicate Claims will enable the Debtors to maintain a claims register that more accurately reflects the proper claims asserted against the Debtors.

32.     Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Claims listed on **Exhibit B** to the Proposed Order.[2]   The Surviving Claims will remain on the claims register subject to further objections on any other basis.

**D.     The Redesignate And Allow Claims Should Be Redesignated And Allowed As Modified**

33.     Based upon their review of the proofs of claim filed on the claims register in these cases maintained by KCC, the Debtors determined that each Redesignate and Allow Claim identified on **Exhibit C** annexed to the Proposed Order was filed against the incorrect Debtor.  (See Horst Declaration ¶¶ 3, 4, 8).

34.     In their proofs of claim, holders of the Redesignate and Allow Claims have asserted liquidated claim amounts based on invoices for goods or services provided to the Debtors.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors have determined that each of the Redesignate and Allow Claims was filed

---

[2]     Where a creditor has filed different documentation in support of the Duplicate Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

ny-1106666

against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the claimed amounts.  (See Horst Declaration ¶ 8).

35.    The Debtor listed on **Exhibit C** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate and Allow Claims, as reflected in the Debtors' books and records as of the Petition Date.  (See Horst Declaration ¶ 9). The holders of the Redesignate and Allow Claims should not be allowed to recover on claims from the incorrect Debtor's estate to the detriment of other creditors with valid claims against such Debtor.  Accordingly, the Debtors request that the Court modify and allow each such Redesignate and Allow Claim against the corresponding Debtor listed on **Exhibit C** under the column heading "*Modified Debtor Name*."

> **E.    The Reduce And Allow Claims Should Be Reduced And Allowed As Modified**

36.    Based upon their review of the proofs of claim filed on the claims register in these cases maintained by KCC, the Debtors determined that each Reduce and Allow Claim identified on **Exhibit D** annexed to the Proposed Order was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable.  (See Horst Declaration ¶¶ 3, 4, 10).

37.    In their proofs of claim, holders of the Reduce and Allow Claims have asserted liquidated claim amounts based on invoices for goods or services provided to the Debtors.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that the Reduce and Allow Claims overstate the liability owed by the Debtors to the claimant.  As set forth on **Exhibit D** under the column heading "*Reason For Modification*", these claims need to be modified because the claimant:  (a) asserts claims for invoices not found in the Debtors' books and records; (b) fails to value the Reduce and Allow

ny-1106666

Claim as of the Petition Date; and/or (c) fails to take into account the Debtors' satisfaction of certain claimed liabilities.  (See 11 U.S.C. § 502(b); Horst Declaration ¶ 10.)

38.     The amounts listed on **Exhibit D** under the column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date.  (See Horst Declaration ¶ 11).  The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims.  Accordingly, in order to properly reflect the actual value of these claims, the Debtors request that the Court reduce each Reduce and Allow Claim to the corresponding amount listed on **Exhibit D** under the column heading "*Modified Claim Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

**F.      The Redesignate, Reduce And Allow Claims Should Be Redesignated, Reduced And Allowed As Modified**

39.     Based upon their review of the proofs of claim filed on the claims register in these cases maintained by KCC, the Debtors determined that each Redesignate, Reduce and Allow Claim identified on **Exhibit E** annexed to the Proposed Order was filed against the incorrect Debtor and in an amount that is greater than the actual amount for which the Debtors' estates are liable.  (See Horst Declaration ¶¶ 3, 4, 12).

40.     In their proofs of claim, holders of the Redesignate, Reduce and Allow Claims have asserted liquidated claim amounts based on invoices for goods or services provided to the Debtors.  After a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors have determined that the Redesignate, Reduce and Allow Claims do not reflect the correct amount of liability owed by the Debtors to the claimant because they fail to value the Redesignate, Reduce and Allow Claim as of the Petition Date, fail to take into account the Debtors' satisfaction of certain claimed liabilities, and/or assert claims for invoices

not found in the Debtors' books and records, as set forth on **Exhibit E** under the column heading

"*Reason For Modification*."  (See 11 U.S.C. § 502(b); Horst Declaration ¶ 12.)  The Debtors

have further determined based on their review of the claimants' supporting documentation and

the Debtors' books and records that each of the Redesignate, Reduce and Allow Claims was filed

against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is

liable for such claims in the reduced amounts.  (See Horst Declaration ¶ 12).

41.    The amounts listed on **Exhibit E** under the column heading "*Modified

Claim Amount*" represent the actual value of the Redesignate, Reduce and Allow Claims as

reflected in the Debtors' books and records as of the Petition Date, less any amounts already

satisfied after the Petition Date.  (See Horst Declaration ¶ 13).  The Debtor listed on **Exhibit E**

under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the

Redesignate, Reduce and Allow Claims, as reduced, as reflected in the Debtors' books and

records as of the Petition Date.  (See Horst Declaration ¶ 13).  The holders of the Redesignate,

Reduce and Allow Claims should not be allowed to recover more than the value of their claims,

or to recover on claims from the incorrect Debtor's estate.  Accordingly, in order to properly

reflect the actual value of these claims, the Debtors request that the Court reduce each

Redesignate, Reduce and Allow Claim to the corresponding amount listed on **Exhibit E** under

the column heading "*Modified Claim Amount*" and allow each such Redesignate, Reduce and

Allow Claim only to the extent of such modified amount and only against the corresponding

Debtor listed on **Exhibit E** under the column heading "*Modified Debtor Name*."

**G.    The Reclassify, Reduce And Allow Claims Should Be Reclassified, Reduced And Allowed As Modified**

42.    Based upon their review of the proofs of claim filed on the claims register

in these cases maintained by KCC, the Debtors determined that each Reclassify, Reduce and

Allow Claim identified on **Exhibit F** annexed to the Proposed Order improperly asserts secured

and/or administrative priority status for all or a portion of such claim, including priority under

section 503(b)(9) of the Bankruptcy Code, where such proofs of claim do not contain any valid

basis for treatment as a secured and/or administrative priority claim.  (See Horst Declaration

¶¶ 3, 4, 14).

43.     Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims

and seek their disallowance where such claims "assert priority in an amount that exceeds the

maximum amount under § 507 of the Code." Fed. R. Bankr. P. 3007(d)(8).  Moreover, the U.S.

Supreme Court has held that conferring secured status "'to a claimant not clearly entitled thereto

is not only inconsistent with the policy of equality of distribution; it dilutes the value of the

priority for those creditors Congress intended to prefer.'"  Howard Delivery Serv., Inc. v. Zurich

Am. Ins. Co., 547 U.S. 651, 667-68 (2006) (citation omitted); see also In re WorldCom, Inc., 362

B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured

because it was based on a lapsed lien); Karakas v. Bank of New York (In re Karakas), Case No.

06-32961, Chapter 13, Adv. Pro. No. 06-80245, 2007 Bankr. LEXIS 1578, at *22-23 (Bankr.

N.D.N.Y. May 3, 2007) (reclassifying purportedly secured claim as unsecured based on

valuation of underlying property).

44.     The Debtors have further determined that each Reclassify, Reduce and

Allow Claim identified on **Exhibit F** annexed to the Proposed Order is asserted in an amount

that is greater than the actual amount for which the Debtors' estates are liable.  (See Horst

Declaration ¶ 14).  In their proofs of claim, holders of the Reclassify, Reduce and Allow Claims

have asserted liquidated claim amounts based on invoices for goods or services provided to the

Debtors.  After a review of the claimants' supporting documentation and the Debtors' books and

records, the Debtors have determined that the Reclassify, Reduce and Allow Claims do not

reflect the correct amount of liability owed by the Debtors to the claimant because they fail to

take into account the Debtors' satisfaction of certain claimed liabilities and/or assert claims against non-Debtor entities, as set forth on **Exhibit F** under the column heading "*Reason For Modification*." (See 11 U.S.C. § 502(b); Horst Declaration ¶ 14.) The amounts listed on **Exhibit F** under the column heading "*Modified Claim Amount*" represent the actual value of the Reclassify, Reduce and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date. (See Horst Declaration ¶ 15).

45.     The holders of the Reclassify, Reduce and Allow Claims should not be allowed to recover more than the value of their claims. Additionally, to allow the Reclassify, Reduce and Allow Claim to be treated as secured and/or administrative priority claims would result in certain claimants receiving a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly situated claimants.

46.     Accordingly, in order to preserve the intended order of priority of claims as set forth by the Bankruptcy Code, and properly reflect the actual value of these claims, the Debtors request that the Court reduce each Reclassify, Reduce and Allow Claim to the corresponding amount listed on **Exhibit F** under the column heading "*Modified Claim Amount*" and allow each such Reclassify, Reduce and Allow Claim only to the extent of such modified amount and priority.

### H.     The Redesignate Claims Should Be Modified

47.     Based upon their review of the proofs of claim filed on the claims register in these cases maintained by KCC, the Debtors determined that each Redesignate Claim identified on **Exhibit G** annexed to the Proposed Order was filed against the incorrect Debtor. (See Horst Declaration ¶¶ 3, 4, 16).

15

48.     The Debtor listed on **Exhibit G** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the corresponding Redesignate Claim, to the extent such claim is ultimately allowed, as reflected in the documentation provided by claimants and the Debtors' books and records as of the Petition Date.  (See Horst Declaration ¶ 16).  The holders of the Redesignate Claims should not be allowed to receive a recovery, if any, on their claims from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

49.     Accordingly, in order to properly reflect the Debtor against whom these claims should be asserted, the Debtors request that the Court modify each Redesignate Claim to reflect a claimed liability against corresponding Debtor listed on **Exhibit G** under the column heading "*Modified Debtor Name*."  The Redesignate Claims will remain on the claims register as modified subject to further objections on any other basis.

## NOTICE

50.     The Debtors have served notice of this Forty-Fourth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

51.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

16

Dated:   September 20, 2013
         New York, New York

                              /s/ Norman S. Rosenbaum
                              Gary S. Lee
                              Norman S. Rosenbaum
                              Jordan A. Wishnew
                              MORRISON & FOERSTER LLP
                              1290 Avenue of the Americas
                              New York, New York 10104
                              Telephone:  (212) 468-8000
                              Facsimile:  (212) 468-7900

                              *Counsel for the Debtors and*
                              *Debtors in Possession*

17

## Exhibit 1

**Horst Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
                                                )
In re:                                          )    Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )    Chapter 11
                                                )
                              Debtors.          )    Jointly Administered
                                                )
---------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF
### DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
### ((A) LATE-FILED CLAIMS; (B) DUPLICATE CLAIMS;
### (C) REDESIGNATE AND ALLOW CLAIMS; (D) REDUCE AND ALLOW CLAIMS;
### (E) REDESIGNATE, REDUCE AND ALLOW CLAIMS; (F) RECLASSIFY, REDUCE
### AND ALLOW CLAIMS; AND (G) REDESIGNATE CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, QA and Compliance—a

position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1106827

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

the *Debtors' Forty-Fourth Omnibus Objection To Claims ((A) Late-Filed Claims; (B) Duplicate*

*Claims; (C) Redesignate And Allow Claims; (D) Reduce And Allow Claims; (E) Redesignate,*

*Reduce And Allow Claims; (F) Reclassify, Reduce And Allow Claims; And (G) Redesignate*

*Claims)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other members of the Debtors' management or other employees, the Debtors' professionals

and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and

claims agent.  If I were called upon to testify, I could and would testify competently to the facts

set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately

familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

(the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of

financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if

any, filed by the claimants listed on **Exhibits A**, **B**, **C**, **D**, **E**, **F** and **G** to the Proposed Order.  In

connection with this analysis, where applicable, the Debtors and their professional advisors have

reviewed (i) information supplied or verified by personnel in departments within the Debtors'

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

2

various business units, (ii) the Books and Records, (iii) the Schedules, (iv) the other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.    Based on a thorough review of the Late-Filed Claims at issue, the Debtors determined that each claim listed on **Exhibit A** annexed to the Proposed Order was received by the Court and/or KCC, after the General Bar Date passed.  Each proof of claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Claims included on **Exhibit A** to the Proposed Order were each date-and-time stamped after the General Bar Date by which these claims were required to be filed.  The Debtors confirmed with KCC that all of the claimants who filed Late-Filed Claims and, if known, their counsel, were timely served with the Bar Date Notice, and/or were deemed to have notice of the Bar Dates via publication. In addition, the Debtors confirmed that these Late-Filed Claims do not amend any previously filed claims.

6.    To my knowledge, none of the claimants who submitted a Late-Filed Claim included on **Exhibit A** to the Proposed Order has filed a motion with the Court, or contacted the Debtors, requesting permission to file a late proof of claim or has proffered to the Debtors or their counsel an excuse for such Late-Filed Claim. If the Late-Filed Claims are not disallowed and expunged, the claimants who filed the Late-Filed Claims may potentially receive distributions to the detriment of other creditors in these Chapter 11 Cases that they are not entitled to, because such claims were untimely.

3

7.     Based on a thorough review of the Duplicate Claims at issue, the Debtors determined that each claim listed in the rows below the column entitled "*Claim to be Disallowed*" on **Exhibit B** annexed to the Proposed Order duplicates at least one other claim filed (i) by the same claimant, (ii) against the same Debtor, (iii) for the same dollar amount, and (iv) on account of the same obligations as the corresponding Surviving Claim.  If the Duplicate Claims are not disallowed and expunged, the claimants who filed these Duplicate Claims would receive a wholly improper recovery to the detriment of other creditors.

8.     Based on a thorough review of the Redesignate and Allow Claims at issue, as well the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that each claim listed on **Exhibit C** annexed to the Proposed Order was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is responsible for such claims in the claimed amounts.

9.     The Debtors have determined that that the Debtor listed on **Exhibit C** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate and Allow Claims, as reflected in the Debtors' books and records as of the Petition Date.  If the Redesignate and Allow Claims are not modified as requested, the claimants who filed these Redesignate and Allow Claims would receive a recovery from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

10.     Based on a thorough review of the Reduce and Allow Claims at issue, as well the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that each claim listed on **Exhibit D** annexed to the Proposed Order overstates the liability owed by the applicable Debtor to the claimant because it (a) asserts claims for invoices not found in the Debtors' books and records; (b) fails to value the Reduce and Allow Claim as of

4

the Petition Date; and/or (c) fails to take into account the Debtors' satisfaction of certain claimed

liabilities.

11.     The Debtors determined that the amounts listed on **Exhibit D** under the

column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow

Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts

satisfied after the Petition Date.  If the Reduce and Allow Claims are not modified as requested,

the claimants who filed these Reduce and Allow Claims would receive a recovery in excess of

that to which they are legally entitled, to the detriment of other creditors.

12.     Based on a thorough review of the Redesignate, Reduce and Allow Claims

at issue, as well the claimants' supporting documentation and the Debtors' books and records,

the Debtors determined that each claim listed on **Exhibit E** annexed to the Proposed Order does

not reflect the correct amount of liability owed by the applicable Debtor to the claimant because

it fails to value the Redesignate, Reduce and Allow Claim as of the Petition Date, fails to take

into account the Debtors' satisfaction of certain claimed liabilities, and/or asserts claims for

invoices not found in the Debtors' books and records, as set forth on **Exhibit E** to the Proposed

Order under the column heading "*Reason For Modification*."   The Debtors have further

determined based on review of the claimants' supporting documentation and the Debtors' books

and records that each of the Redesignate, Reduce and Allow Claims was filed against a Debtor

that is not liable for the claims asserted therein, and that a different Debtor is responsible for such

claims in the reduced amounts.

13.     The Debtors determined that the amounts listed on **Exhibit E** under the

column heading "*Modified Claim Amount*" represent the actual value of the Redesignate, Reduce

and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any

ny-1106827

amounts already satisfied after the Petition Date.  The Debtors also determined that the Debtor

listed on **Exhibit E** under the column heading "*Modified Debtor Name*" represents the Debtor

that is liable for the Redesignate, Reduce and Allow Claims, as reduced, as reflected in the

Debtors' books and records as of the Petition Date.  If the Redesignate, Reduce and Allow

Claims are not modified as requested, the claimants who filed these Redesignate, Reduce and

Allow Claims would recover in excess of that to which they are legally entitled, to the detriment

of other creditors, and that such recovery would be paid from the incorrect Debtor's estate, to the

detriment of other creditors with valid claims against such Debtor.

14.    Based on a thorough review of the Reclassify, Reduce and Allow Claims

at issue, as well the claimants' supporting documentation and the Debtors' books and records,

the Debtors determined that each claim listed on **Exhibit F** annexed to the Proposed Order

should be reclassified as a non-priority, general unsecured claim and accorded the proposed

treatment described in the Objection.  The Debtors further determined based on review of the

claimants' supporting documentation and the Debtors' books and records that each of the

Reclassify, Reduce and Allow Claims does not reflect the correct amount of liability owed by the

applicable Debtor to the claimant because it fails to take into account the Debtors' satisfaction of

certain claimed liabilities, and/or asserts claims against non-Debtor entities, as set forth on

**Exhibit F** under the column heading "*Reason For Modification*."

15.    The Debtors determined that the amounts listed on **Exhibit F** under the

column heading "*Modified Claim Amount*" represent the actual value of the Reclassify, Reduce

and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any

amounts satisfied after the Petition Date.  The Debtors also determined that the Debtor listed on

**Exhibit F** under the column heading "*Modified Debtor Name*" represents the Debtor that is

6

liable for the Redesignate, Reduce and Allow Claims, as reduced, as reflected in the Debtors' books and records as of the Petition Date.  If the Reclassify, Reduce and Allow Claims are not modified as requested, the claimants who filed these Reclassify, Reduce and Allow Claims may potentially receive a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly situated claimants.

16.     Based on a thorough review of the Redesignate Claims at issue, as well the claimants' supporting documentation and the Debtors' books and records, the Debtors determined that each claim listed on **Exhibit G** annexed to the Proposed Order does not reflect a Debtor that is liable (to the extent ultimately allowed) for the claim asserted therein to the claimant.   The Debtors further determined based on review of the claimants' supporting documentation and the Debtors' books and records that the Debtor listed on **Exhibit G** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable (to the extent ultimately allowed) for the Redesignate Claims, as reflected in the Debtors' books and records as of the Petition Date.  If the Redesignate Claims are not modified as requested, the claimants who filed these Redesignate Claims may receive a recovery from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

17.     Accordingly, based upon these reviews, and for the reasons set forth in the Objection, I have determined that each Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

    /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

8

## **Exhibit 2**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------

### ORDER GRANTING DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS ((A) LATE-FILED CLAIMS; (B) DUPLICATE CLAIMS; (C) REDESIGNATE AND ALLOW CLAIMS; (D) REDUCE AND ALLOW CLAIMS; (E) REDESIGNATE, REDUCE AND ALLOW CLAIMS; (F) RECLASSIFY, REDUCE AND ALLOW CLAIMS; AND (G) REDESIGNATE CLAIMS)

Upon the forty-fourth omnibus objection to claims, dated September 20, 2013 (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), (i) disallowing and expunging the Late-Filed Claims and the Duplicate Claims, (ii) modifying and allowing the Redesignate and Allow Claims, the Reduce and Allow Claims, the Redesignate, Reduce and Allow Claims, and the Reclassify, Reduce and Allow Claims, and (iii) modifying the Redesignate Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Objection having been provided, and it appearing that no other or further notice need be

provided; upon consideration of the Objection and the *Declaration of Deanna Horst in Support*

*of the Debtors' Forty-Fourth Omnibus Objection to Claims ((A) Late-Filed Claims;*

*(B) Duplicate Claims; (C) Redesignate And Allow Claims; (D) Reduce And Allow Claims;*

*(E) Redesignate, Reduce And Allow Claims; (F) Reclassify, Reduce And Allow Claims; And*

*(G) Redesignate Claims)*, annexed to the Objection as Exhibit 1; and the Court having found and

determined that the relief sought in the Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit A** annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Late-Filed Claims identified on the

schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the

Debtors' claims register; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit B** annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicate Claims") are disallowed and expunged; and it is further

2

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Duplicate Claims identified on the schedule attached as **Exhibit B** hereto so that such claims are no longer maintained on the Debtors' claims register; and it is further

ORDERED that the claims listed on **Exhibit B** annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Duplicate Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Claims, and all rights to object on any basis are expressly reserved with respect to any Surviving Claim listed on **Exhibit B** annexed hereto or any other claim not listed on **Exhibit B**; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit C** annexed hereto (collectively, the "Redesignate and Allow Claims") is redesignated against the Debtor set forth on **Exhibit C** under the column heading "*Modified Debtor Name*" and allowed in the amount and priority set forth on **Exhibit C** under the column heading "*Claim Amount*"; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to allow the Redesignate and Allow Claims in the amount and priority set forth on **Exhibit C** hereto under the column heading "*Claim Amount*" against the Debtor set forth on **Exhibit C** under the column heading "*Modified Debtor Name*"; and it is further

ny-1106822

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit D** annexed hereto (collectively, the "Reduce and Allow Claims") is reduced and allowed in the amount and priority set forth on **Exhibit D** under the column heading "*Modified Claim Amount*" and any asserted amounts in excess of the reduced amount are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to allow the Reduce and Allow Claims in the amount and priority set forth on **Exhibit D** hereto under the column heading "*Modified Claim Amount*" and to disallow and expunge any asserted amounts in excess of the reduced amount; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit E** annexed hereto (collectively, the "Redesignate, Reduce and Allow Claims") is redesignated, reduced and allowed in the amount and priority set forth on **Exhibit E** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit E** under the column heading "*Modified Debtor Name*" and any asserted amounts in excess of the reduced amount are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to allow the Redesignate, Reduce and Allow Claims in the amount and priority set forth on **Exhibit E** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit E** under the column heading "*Modified Debtor Name*" and to disallow and expunge any asserted amounts in excess of the reduced amount; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit F** annexed hereto (collectively, the "Reclassify, Reduce and Allow Claims") is reduced and allowed in the amount and priority set forth on **Exhibit F** under the column heading

4

"*Modified Claim Amount*" against the Debtor set forth on **Exhibit F** under the column heading

"*Modified Debtor Name*" and any asserted amounts in excess of the reduced amount are

disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to allow the Reclassify, Reduce and Allow Claims in the amount and

priority set forth on **Exhibit F** under the column heading "*Modified Claim Amount*" against the

Debtor set forth on **Exhibit F** under the column heading "*Modified Debtor Name*" and to

disallow and expunge any asserted amounts in excess of the reduced amount; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim

listed on **Exhibit G** annexed hereto (collectively, the "Redesignate Claims") is redesignated

against the Debtor set forth on **Exhibit G** under the column heading "*Modified Debtor Name*";

and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to redesignate the Redesignate Claims against the Debtor set forth on

**Exhibit G** under the column heading "*Modified Debtor Name*"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any Redesignated Claims that are redesignated pursuant

to this Order, all rights to object on any basis are expressly reserved with respect to such

reclassified claims as listed on **Exhibit G** annexed to this Order, and the Debtors' and all parties

in interests' rights to object on any basis are expressly reserved with respect to any claim that is

not listed on **Exhibit G** annexed hereto; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ny-1106822

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Claims identified on **Exhibits A**, **B**, **C**, **D**, **E**, **F** and **G** annexed hereto, as if each such Claim had been individually objected to; and it is further

ORDERED that the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibits A**, **B**, **C**, **D**, **E**, **F** and **G** annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

6

## Exhibit A

**Late-Filed Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FOURTH OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | City of San Jose, Finance Department | 6892 | 08/08/2013 | $0.00 | Administrative Priority | Residential Capital, LLC | 12-12020 |
| | 200 E. Santa Clara Street, 13th Floor | | | $0.00 | Administrative Secured | | |
| | San Jose, CA 95113 | | | $0.00 | Secured | | |
| | | | | $0.00 | Priority | | |
| | | | | $4,432.19 | General Unsecured | | |
| 2 | Elevenhome Limited | 6841 | 04/17/2013 | $0.00 | Administrative Priority | GMAC Mortgage, LLC | 12-12032 |
| | Lawrence Kellogg and Amanda Frazer | | | $0.00 | Administrative Secured | | |
| | Levine Kellogg Lehman Schneider & Grossman, LLP | | | UNLIQUIDATED | Secured | | |
| | 201 S. Biscayne Blvd., 22nd Floor | | | $0.00 | Priority | | |
| | Miami, FL 33131 | | | UNLIQUIDATED | General Unsecured | | |
| 3 | Office of the State Controller of California | 6877 | 07/22/2013 | $0.00 | Administrative Priority | GMAC Mortgage USA Corporation | 12-12031 |
| | Attn Dave Brownfield | | | $0.00 | Administrative Secured | | |
| | 300 Capitol Mall, Suite 1850 | | | $0.00 | Secured | | |
| | Sacramento, CA 95814 | | | $0.00 | Priority | | |
| | | | | $600,677.66 | General Unsecured | | |
| 4 | Redwood Recovery Services, LLC | 6842 | 04/17/2013 | $0.00 | Administrative Priority | GMAC Mortgage, LLC | 12-12032 |
| | Lawrence Kellogg and Amanda Frazer | | | $0.00 | Administrative Secured | | |
| | Levine Kellogg Lehman Schneider & Grossman, LLP | | | UNLIQUIDATED | Secured | | |
| | 201 S. Biscayne Blvd., 22nd Floor | | | $0.00 | Priority | | |
| | Miami, FL 33131 | | | UNLIQUIDATED | General Unsecured | | |

## **Exhibit B**

**Duplicate Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FOURTH OMNIBUS OBJECTION - DUPLICATE CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | DONA ANA COUNTY<br>845 N MOTEL BLVD<br>TREASURER<br>LAS CRUCES, NM 88007 | 647 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | | DONA ANA COUNTY CLERK<br>845 N MOTEL BLVD<br>LAS CRUCES, NM 88007 | 836 | 09/27/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$4,008.49 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | DOUGLAS COUNTY<br>ATTN STEPHANIE COOK<br>DOUGLAS COUNTY TREASURER<br>100 THIRD STREET<br>CASTLE ROCK, CO 80104 | 72 | 05/25/2012 | $1,596.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 | | Douglas County<br>Attn Stephanie Cook<br>Douglas County Treasurer<br>100 Third Street<br>Castle Rock, CO 80104 | 268 | 07/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>W/D Secured<br>$0.00 Priority<br>$0.00 General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 |
| 3 | HARMONY TOWNSHIP<br>RD 3 BOX 220A<br>TAX COLLECTOR OF HARMONY TOWNSHIP<br>SUSQUEHANNA, PA 18847 | 2518 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>BLANK General Unsecured | Residential Capital, LLC | 12-12020 | | HARMONY TOWNSHIP<br>RD 3 BOX 220A<br>T C OF HARMONY TOWNSHIP<br>SUSQUEHANNA, PA 18847 | 5804 | 11/20/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>BLANK General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | HEARD COUNTY<br>PO BOX 519<br>COUNTY COURTHOUSE<br>FRANKLIN, GA 30217 | 1441 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | | HEARD COUNTY<br>TAX COMMISSIONER<br>PO BOX 519<br>COUNTY COURTHOUSE<br>FRANKLIN, GA 30217 | 1444 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | HEARD COUNTY<br>PO BOX 519<br>TAX COMMISSIONER<br>FRANKLIN, GA 30217 | 1442 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | | HEARD COUNTY<br>TAX COMMISSIONER<br>PO BOX 519<br>COUNTY COURTHOUSE<br>FRANKLIN, GA 30217 | 1444 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |

**<u>Exhibit C</u>**

**Redesignate and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FOURTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Aspire Business Consulting, INC. 220 Commerce Drive Suite 200 Fort Washington, PA 19034 | 170 | 06/25/2012 | $0.00 $0.00 $0.00 $37,163.75 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 2 | EED, a DTI Company DTI Two Ravinia Drive, Suite 850 Atlanta, GA 30346 | 362 | 08/03/2012 | $0.00 $0.00 $0.00 $0.00 $104,437.13 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 3 | Iron Mountain Information Management, Inc. Attn Joseph Corrigan, Esquire. 745 Atlantic Avenue, 10th Floor Boston , MA 02111 | 3460 | 11/07/2012 | $0.00 $0.00 $0.00 $0.00 $326.46 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 4 | LANGUAGE L 001 PO BOX 202564 DALLAS, TX 75320-2564 | 1492 | 10/22/2012 | $0.00 $0.00 $0.00 $0.00 $4,429.25 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | GMAC Mortgage, LLC | 12-12032 |

## **Exhibit D**

**Reduce and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FOURTH OMNIBUS OBJECTION - MODIFY -  REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | ISGN et al. 600-A N. John Rodes Blvd. Melbourne, FL 32934 | 5688 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $263,292.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $56,133.33 General Unsecured | Reduced claim due to post-petition invoices paid in ordinary course of business. |
| 2 | LAW OFFICES OF RICARDO NARVAIZ 1300 SPRING ST STE 500 SILVER SPRING, MD 20910 | 4945 | 11/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $24,107.29 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $23,571.04 General Unsecured | Claim reduced to reflect balance in the Debtors' books and records. |
| 3 | Level 3 Communications, LLC Attn Legal Department 1025 Eldorado Blvd Broomfield, CO 80021 | 513 | 09/17/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $70,870.94 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $64,688.92 General Unsecured | Reduced claim due to post-petition amounts paid but included by claimant in the claim amount. |
| 4 | Severson & Werson, P.C. Donald H. Cram One Embarcadero Center, Suite 2600 San Francisco, CA 94111 | 2553 | 11/06/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $216,197.57 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $28,025.00 General Unsecured | Claim reduced to reflect balance in the Debtors' books and records. |
| 5 | Zeichner Ellman & Krause LLP Attn Jantra Van Roy 575 Lexington Ave New York, NY 10022 | 4786 | 11/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $73,755.81 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $40,123.19 General Unsecured | Reduced claim due to (1) invoices not found in books and records and (2) claim reduced to reflect balance in the Debtors' books and records. |

## Exhibit E

**Redesignate, Reduce and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FOURTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE, REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | CSC - Corporation Service Company Attn Joanne Smith 2711 Centerville Road Suite 400 Wilmington, DE 19808 | 221 | 06/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,858.25 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,792.25 General Unsecured | Residential Funding Company, LLC | 12-12019 | Reduced claim due to total invoice amounts submitted do not equal claim amount. Claim asserted against the wrong debtor entity. |
| 2 | FedEx TechConnect, Inc. Attn Revenue Recovery/Bankruptcy As Assignee of Federal Express Corporation/FedEx Ground Package Systems Inc FedEx Freight, Inc/FedEx Office and Print Services 3965 Airways Blve. Module G, 3rd Floor Memphis, TN 38116 | 5546 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $620,504.15 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $565,887.01 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to (1) invoices not found in books and records, (2) different balances in the claim vs in books and records, and (3) invoices claimed were against non-debtor entities. |
| | | | | | | | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $6,080.31 General Unsecured | Executive Trustee Services, LLC | 12-12028 | |
| | | | | | | | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $5.18 General Unsecured | Residential Funding Company, LLC | 12-12019 | |
| 3 | Intercall Attn Melody Lohr 7171 Mercy Rd Ste 200 Omaha, NE 68106 | 220 | 06/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $46,174.88 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $45,864.23 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to (1) invoice not found in books and records and (2) different balances in the claim vs in books and records. |
| 4 | Iron Mountain Information Management, Inc. Attn Joseph Corrigan, Esquire. 745 Atlantic Avenue, 10th Floor Boston , MA 02111 | 3456 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $41,069.24 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $304.27 General Unsecured | Residential Funding Company, LLC | 12-12019 | Reduced amount of claim due to invoices paid or invoices claimed were against non-debtor entities. Claim asserted against the wrong debtor entity. |
| 5 | K&L Gates LLP fka Preston Gates & Ellis LLP David C. Neu 925 Fourth Avenue Suite 2900 Seatle , WA 98104-1158 | 3679 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $33,849.26 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $5,658.75 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced amount of claim due to invoices paid or disallowed for late submission. Claim asserted against the wrong debtor entity. |
| 6 | LOWE FELL AND SKOGG LLC - PRIMARY 1099 EIGHTEENTH STREET, SUITE 2950 DENVER, CO 80202 | 3625 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $47,986.60 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $42,964.10 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to (1) different balances in the claim vs in books and records, (2) invoices disallowed and (3) invoices paid. Claim asserted against the wrong debtor entity. |

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 7 | McKelvie DeLuca, P.C.<br>McKelvie DeLuca, P.C. ID #10841184<br>280 West Maple Road, Suite 300<br>Birmingham, MI 48009 | 4103 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$11,559.55 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$10,743.50 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to different balances in the claim vs in books and records. Claim asserted against the wrong debtor entity. |
| 8 | National Business Systems<br>2919 W SERVICE RD<br>EAGAN, MN 55121 | 875 | 10/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,928.19 General Unsecured | Residential Funding Company, LLC | 12-12019 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$7,739.08 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced claim due to post-petiton amounts paid in ordinary course of business. Claim asserted against the wrong debtor entity. |
| 9 | PARSONS<br>N.W. 9562<br>PO BOX 1450<br>MPLS, MN 55485-9562 | 923 | 10/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,767.67 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,667.86 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Reduced amount of claim due to invoices paid. Claim asserted against the wrong debtor entity. |
| 10 | Severson & Werson, P.C.<br>Donald H. Cram<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 | 2543 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$19,334.73 General Unsecured | RFC Construction Funding, LLC | 12-12069 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$10,726.32 General Unsecured | Residential Funding Company, LLC | 12-12019 | Reduced amount of claim due to invoices paid. Claim asserted against the wrong debtor entity. |
| 11 | Zeichner Ellman & Krause LLP<br>Attn Jantra Van Roy<br>575 Lexington Ave<br>New York, NY 10022 | 4780 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$73,755.81 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$20,158.89 General Unsecured | Residential Funding Company, LLC | 12-12019 | Reduced claim due to (1) invoices not found in books and records, (2) different invoice balances in the claim vs in books and records, (3) invoices disallowed and (4) invoices for a different debtor that are included in a separate claim.  Claim asserted against the wrong debtor entity. |

**<u>Exhibit F</u>**

**Reclassify, Reduce and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FOURTH OMNIBUS OBJECTION - MODIFY -  RECLASSIFY, REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Iron Mountain Information Management, Inc. Attn Joseph Corrigan, Esquire. 745 Atlantic Avenue, 10th Floor Boston , MA 02111 | 3463 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $83,254.53 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,188.90 General Unsecured | Reduced amount of claim due to (1) invoices paid and (2) invoices claimed were against non-debtor entities. |

## Exhibit G

**Redesignate Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FOURTH OMNIBUS OBJECTION - MODIFY -  REDESIGNATE / WRONG DEBTOR CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|
| 1 | Ardyce Reisenauer<br>Law Office of Randy E. Thomas<br>P.O. Box 717<br>Woodbridge, CA 95258 | 281 | 07/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$150,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |
| 2 | DIMSMORE & SHOHL, DR<br>P.O. BOX 640635<br>CINCINNATI, OH 45264-0635 | 1173 | 10/12/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$57.90 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Residential Capital LLC | 12-12020 |
| 3 | Gillis & Gillis, PC on behalf of Elroy Hall<br>Elroy Hall vs Deutsche Bank AG<br>265 Church St, Ste 203<br>New Haven, CT 06510 | 2870 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$45,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Residential Funding Company, LLC | 12-12019 |
| 4 | Los Angeles County Treasurer and Tax Collector<br>PO Box 54110<br>Los Angeles, CA 90054-0110 | 164 | 06/21/2012 | $0.00<br>$0.00<br>$591.62<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 | Executive Trustee Services, LLC | 12-12028 |
| 5 | Office Depot<br>6600 N. Military Trail - S401F<br>Boca Raton, FL 33496 | 459 | 09/04/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,569.03 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | GMAC Mortgage, LLC | 12-12032 |