**Hearing Date and Time: November 7, 2013 at 2:00 p.m. (ET)**
**Objection Deadline:  October 21, 2013 at 4:00 p.m. (ET)**

| | |
|---|---|
| MORRISON & FOERSTER LLP | LOCKE LORD LLP |
| 1290 Avenue of the Americas | 111 South Wacker Drive |
| New York, New York 10104 | Chicago, Illinois 60606 |
| Telephone:    (212) 468-8000 | Telephone:    (312) 443-0700 |
| Facsimile:    (212) 468-7900 | Facsimile    (312) 443-0336 |
| Gary S. Lee | Thomas J. Cunningham |
| Adam A. Lewis | P. Russell Perdew |
| Norman S. Rosenbaum | |
| Jordan A. Wishnew | *Litigation Counsel to the Debtors* |
| Samantha Martin | *and Debtors in Possession* |

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

### NOTICE OF DEBTORS' COMBINED OBJECTION TO PROOFS OF CLAIM NOS. 1 AND 440 FILED BY WENDY ALISON NORA AGAINST RESIDENTIAL CAPITAL, LLC AND RESIDENTIAL FUNDING COMPANY LLC PURSUANT TO BANKRUPTCY CODE SECTION 502(b) AND BANKRUPTCY RULE 3007

**PLEASE TAKE NOTICE** that the undersigned has filed the attached *Debtors'*

*Combined Objection to Proofs of Claim Nos. 1 and 440 Filed by Wendy Alison Nora*

*Against Residential Capital, LLC and Residential Funding Company LLC Pursuant to*

*Bankruptcy Code Section 502(b) and Bankruptcy Rule 3007* (the "<u>Objection</u>") which

seeks to alter your rights by disallowing your claims against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take

place on **November 7, 2013 at 2:00 p.m. (Eastern Time)** before the Honorable Martin

Glenn, at the United States Bankruptcy Court for the Southern District of New York,

Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-

1408, Room 501.

      **PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic

case filing system, and be served, so as to be received no later than **October 21, 2013 at**

**4:00 p.m. (Eastern Time)**, upon (a) counsel to the Debtors, Morrison & Foerster LLP,

1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S.

Rosenbaum and Jordan A. Wishnew); (b) the Office of the United States Trustee for the

Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite

1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian

S. Masumoto); (c) counsel for the committee of unsecured creditors, Kramer Levin

Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:

Kenneth Eckstein and Douglas Mannal); and (d) special borrowers counsel for the

committee of unsecured creditors, SilvermanAcampora LLP, 100 Jericho Quadrangle,

Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).


*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

Dated: September 20, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:    (312) 443-0700
Facsimile     (312) 443-0336
Thomas J. Cunningham
P. Russell Perdew

*Litigation Counsel to the Debtors
 and Debtors in Possession*

**Hearing Date:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: October 21, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin

LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:    (312) 443-0700
Facsimile    (312) 443-0336
Thomas J. Cunningham
P. Russell Perdew
*Litigation Counsel to the Debtors*
 *and Debtors in Possession*

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' COMBINED OBJECTION TO PROOFS OF CLAIM**
**NOS. 1 AND 440 FILED BY WENDY ALISON NORA AGAINST RESIDENTIAL**
**CAPITAL, LLC AND RESIDENTIAL FUNDING COMPANY LLC PURSUANT TO**
**BANKRUPTCY CODE SECTION 502(B) AND BANKRUPTCY RULE 3007**

# TABLE OF CONTENTS

JURISDICTION, VENUE AND STATUTORY PREDICATE ..................................................... 2

PRELIMINARY STATEMENT ...................................................................................... 2

BACKGROUND ........................................................................................................ 3

    A.   The Chapter 11 Cases .......................................................................................... 3

    B.   The Nora Claims ................................................................................................ 4

    C.   The Wisconsin State Court Litigation and Appeals ........................................... 5

    D.   The District Court Action and Seventh Circuit Appeal ..................................... 6

RELIEF REQUESTED ................................................................................................. 7

OBJECTION ............................................................................................................. 7

I.     CLAIM PRECLUSION:  THE CLAIMS ARE BARRED BY THE JUDGMENTS
      AGAINST NORA IN THE WISCONSIN LITIGATION .................................................. 10

    A.   Res Judicata and Collateral Estoppel Via the Wisconsin State Action ...................... 10

    B.   Res Judicata Via the District Court Action:  the *Rooker-Feldman* Doctrine .............. 11

II.    THE *ROOKER-FELDMAN* DOCTRINE APPLIES DIRECTLY IN THIS COURT ........ 12

III.   THE CLAIMS ARE DEFECTIVE AS PLEADINGS ...................................................... 14

    C.   Federal Pleading Rules Apply .......................................................................... 14

    D.   The Amended Complaint Fails to Satisfy Rule 8(a)(2) ............................................. 15

NOTICE .................................................................................................................. 16

CONCLUSION .......................................................................................................... 17

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)...........................................................................................................15

*Ashby v. Polinsky,*
  No. 06-CV-6778 (DLI), 2007 WL 608268 (E.D.N.Y. Feb. 22, 2007) ............................13, 14

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)...........................................................................................................15

*Deposit Bank of Frankfort v. Bd. of Councilmen of the City of Frankfort,*
  199 U.S. 499 (1903)...........................................................................................................11

*Disorbo v. Hoy,*
  343 F.3d 172 (2d Cir. 2003)................................................................................................10

*District of Columbia Court Appeals v. Feldman,*
  460 U.S. 462 (1983)...........................................................................................................12

*Done v. Wells Fargo Bank, NA,*
  No. 08-CV-3040 (JFB)(ETB), 2009 WL 2959619 (E.D.N.Y. Sept. 14, 2009) .....................14

*EDP Medical Computer Sys., Inc. v. United States,*
  480 F.3d 621 (2d Cir.2007).................................................................................................11

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
  544 U.S. 280 (2005)...........................................................................................................13

*Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),*
  398 B.R. 736 (Bankr. S.D.N.Y. 2008).................................................................................14

*Forman v. Salazano (In re Norvergence, Inc.),*
  405 B.R. 709 (Bankr. D.N.J. 2009) .....................................................................................15

*Hoblock v. Albany County Bd. of Elections,*
  422 F.3d 77 (2d Cir. N.Y. 2005).....................................................................................12, 13

*In re DJK Residential LLC,*
  416 B.R. 100 (Bankr. S.D.N.Y. 2009).................................................................................14

*In re Hess,*
  404 B.R. 747 (Bankr. S.D.N.Y. 2009)...................................................................................9

*In re MF Global Holdings, Ltd.*,
  Nos. 11-15059 (MG), 11-02790 (MG)(SIPA), 2012 WL 5499847 (Bankr. S.D.N.Y.
  Nov. 13, 2012) ................................................................................................................8, 9

*In re Oneida Ltd.*,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009) ...................................................................................9

*In re Rockefeller Center Props.*,
  272 B.R. 529 (Bankr. S.D.N.Y. 2000), *aff'd sub nom., NBC v. Rockefeller Ctr. Props.
  (In re Rockefeller Center Props.)*, 226 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. App'x
  40 (2d Cir. 2002) ................................................................................................................14

*In re Smith*,
  No. 12-10142, 2013 WL 665991 (Bankr. D. Vt. Feb. 22, 2013) ..........................................8

*In re Teltronics Servs., Inc.*,
  762 F.2d 185 (2d Cir.1985) ................................................................................................11

*In re W.R. Grace & Co.*,
  346 B.R. 672 (Bankr. D. Del. 2006) ......................................................................................9

*Jones v. Pollard-Buckinham*,
  348 F.3d 1072 (8th Cir. 2003) ...........................................................................................15

*Migra v. Warren City Sch. Dist.*,
  465 U.S. 75 (1984) ..............................................................................................................10

*Niles v. Wilshire Inv. Grp., LLC*,
  859 F. Supp. 2d 308 (E.D.N.Y. 2012) .................................................................................13

*Nora v. Residential Funding Co., LLC*,
  Case No. 13-1660 ............................................................................................................4, 6

*O'Brien v. Hessman*,
  16 Wis.2d 455, 114 N.W.2d 834 (1962) ............................................................................10

*Omernick v. LaRocque*,
  406 F. Supp. 1156 (1976) ...................................................................................................10

*Overview Books, LLC v. United States*,
  438 Fed.Appx. 31 (2d Cir.2011) ........................................................................................11

*Premke v. Pan Am. Motel, Inc.*,
  35 Wis.2d 258, 270 151 N.W.2d 122 (1967) .....................................................................10

*Regis Techs., Inc. v. Oien (In re Oien)*,
  404 B.R. 311(Bankr. N.D. Ill. 2009) ..................................................................................15

iii

*Reusser v. Wachovia Bank, N.A.*,
    525 F.3d 855 (9th Cir. 2008) ......................................................................12, 13

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923)...........................................................................................12

*Schmid v. Bank of Am., N.A.*,
    494 B.R. 737 (Bankr. W.D. Wis. 2013)..................................................10, 13, 14

*Sumter v. DPH Holdings Corp. (In re DPH Holdings Corp.)*,
    468 B.R. 603 (S.D.N.Y. 2012)...........................................................................11

*United States v. Int'l Brotherhood of Teamsters*,
    905 F.2d 610 (2d Cir. 1990)..................................................................................4

*Vanston Bondholders Protective Comm. v. Green*,
    329 U.S. 156 (1946)............................................................................................9

*Ward v. Bankers Trust Co. of Cal., N.A.*,
    No. 09-CV-1943 (RRM)(LB), 2011 WL 1322205 (E.D.N.Y. Mar. 29, 2011) .....14

*Washington v. Wilmore*,
    407 F.3d 274 (4th Cir. 2005) .............................................................................12

**STATUTES**

28 U.S.C. § 1738............................................................................................................10

11 U.S.C. § 502(a) ............................................................................................................8

11 U.S.C. 502(b)(1) ..........................................................................................................9

**OTHER AUTHORITIES**

FRBP 3001(f)....................................................................................................................8

4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012) ........................................8

18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL
    PRACTICE AND PROCEDURE § 4433 (West 2002) ...................................................11

Rule 8(a)(2)......................................................................................................................15

iv

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"),[1] hereby file this combined objection (the "Objection") seeking to disallow and expunge proof of claim No. 1 (the "ResCap Claim") filed against Debtor Residential Capital, LLC ("ResCap") in the face amount of $10 billion dollars and proof of claim no. 440, a secured claim of $119,000 (the "RFC Claim" and together with the ResCap Claim, the "Claims") filed against Debtor Residential Funding Company, LLC ("RFC" and together with ResCap, the "Subject Debtors") by Wendy Alison Nora ("Nora") pursuant to section 502(b) of title 11 of the United States Code (the "Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "FRBP").  Nora's alleged claims are barred by (i) the doctrines of *res judicata* and collateral estoppel due to the final judgments of a state court and a federal court, (ii) the *Rooker-Feldman* doctrine, which denies subject matter jurisdiction to federal courts to review final state court judgments; and (iii) failure to plead in accordance with federal pleading standards.  The Claims also should be dismissed and disallowed because they fail to meet the applicable standards for stating a claim for relief.[2]  The Debtors seek entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order") granting the relief they have requested.  In support of the Objection, the Debtors submit the Declaration of Lauren Graham Delehey (annexed hereto as Exhibit 2, the "Delehey Declaration") and respectfully represent as follows:

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[2] The Debtors reserve all their rights to amend this Objection should any further bases come to light.

1

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.  This

matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court under

28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested herein is section 502(b) of the

Code and the procedural predicate is FRBP 3007(a) ("Rule 3007(a)").

## PRELIMINARY STATEMENT

3.      The ResCap Claim seeks $10 billion and the RFC Claim is for $119,000.  The

Claims are barred by *res judicata*, collateral estoppel and the *Rooker-Feldman* doctrine (which

prohibits all federal courts save the Supreme Court from acting as an appellate court to review

final state court judgments).  Twice before Nora has made and lost the claims she is making here.

In the first instance, Nora defended and lost a foreclosure action brought by RFC in Wisconsin

state court; the judgment there is final.  She then raised the same claims that had been

adjudicated in the state court foreclosure in a lawsuit she commenced in federal court in

Wisconsin.  The court there dismissed the claims based on *Rooker-Feldman*.  That judgment,

too, is final.  She is now making those same claims yet again here.  The Wisconsin state court

judgment is *res judicata* and collateral estoppel on the merits as to her.  The federal court ruling

is *res judicata* as to the applicability of *Rooker-Feldman* to the claims.  And in any event,

*Rooker-Feldman* applies equally in this Court.  Finally, in violation of Rule 8(a)(2) ("Rule

8(a)(2)") of the Federal Rules of Civil Procedure (the "FRCP")  the Claims wholly fail to set

2

forth a "short and plan statement" (let alone an intelligible one) of Nora's alleged claims against the Subject Debtors.[3]

## BACKGROUND

### A.    The Chapter 11 Cases

4.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to FRBP 1015(b).

5.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.  (*See* Dkt. No. 2.)

6.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

7.      On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases (Dkt. No. 1309)  (the "Bar Date Order").[4] On March 21, 2013, the Court entered an order, *inter alia*, establishing procedures for filing objections to proofs of claim [Docket No. 3294] (the "Procedures Order").

---

[3] Because of the identity of Nora's allegations and legal issues, it is appropriate for the Debtors to file this combined objection against the Claims.

[4] The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was (Cont.'d)

sf-3306452

B.      **The Nora Claims**

8.      On May 18, Nora filed the ResCap Claim (Claim No. 1) in the amount of $10

billion as a general unsecured claim.  On August 29, 2012, Nora filed the RFC Claim (Claim No.

440) a secured claim for $119,000.  The ResCap claim states in Box 2 that the basis for the claim

is "contingent RICO claim in litigation – nondischargeable."  In Box 2 of the RFC claim, Nora

entered as the basis for her alleged claim, "in rem claim for real property illegally taken by

Debtor."  The ResCap Claim simply attached, without further explanation, a copy of Nora's

March 18, 2013 Amended Complaint against (the "District Court Amended Complaint") the

Subject Debtors, some of the other Debtors and some nondebtors in *Nora v. Residential Funding*

*Company, LLC*, United States District Court for the Western District of Wisconsin (the "District

Court"), Case No. 10-748 (the "District Court Action").  (Delehey Declaration ¶ 7.) [5]  There was

no attachment of any kind to the RFC Claim.  The Amended Complaint names 24 individual and

corporate defendants, is 19 pages long (plus some exhibits), has 129 paragraphs, and another 17

paragraphs of requested relief.  Its allegations are disorganized and meandering.[6]  Frequently, it

makes use of the term the GMAC Racketeering Enterprise" to refer in an undifferentiated

---

**not** extended.  To date, approximately 7,160 proofs of claim have been filed in these Chapter 11 Cases as reflected
on the Debtors' claims registers.

[5] Much of the requisite factual background can be found in the District Court's Opinion and Order (filed September
30, 2012, Dkt. No. 69) (the "Opinion") that granted the defendants' motion to dismiss the District Court Amended
Complaint in the District Court Action or in the District Court Amended Complaint itself.  Other facts are in the
Delehey Declaration.  Although Nora has appealed the Opinion and dismissal to the United States Court of Appeals
for the Seventh Circuit, *see Nora v. Residential Funding Co., LLC*, Case No. 13-1660 (the "Seventh Circuit
Appeal"), the District Court's judgment is final for purposes of *res judicata*, and collateral estoppel.  *See, e.g.,
United States v. Int'l Brotherhood of Teamsters*, 905 F.2d 610, 621 (2d Cir. 1990).  Thus, the doctrines of *res
judicata* and collateral estoppel apply to the Opinion and judgment of dismissal.  A true and correct copy of the
Opinion is attached to the Delehey Declaration as Exhibit F.   The Debtors request that the Court to take judicial
notice of the Opinion.

[6] Nora also has filed adversary proceeding no. 13-01208 before this Court.  The current First Amended Complaint
(the "Amended Adversary Complaint") in that action (Dkt. No. 3) names essentially the same defendants as the
Amended Complaint and makes essentially the same claims, but is longer.  The adversary proceeding is being
administered in accordance with the supplemental case management procedures approved by this Court for
adversary proceedings commenced by current and former borrowers [Dkt. # 3293].

4

manner to all the defendants.  (Opinion 4 n.4.)  Indeed, the District Court remarked on "the

confusing state of her pleading."  (Opinion 15.)

<strong>C.    The Wisconsin State Court Litigation and Appeals</strong>

9.    Nora is a practicing lawyer who is conversant with bankruptcy law.[7]  Some years

ago, Nora took out a mortgage on her home in Wisconsin   (*Id.* 1; Delehey Declaration ¶ 5.)  The

original mortgagee later assigned the mortgage to RFC.  (Opinion 1-2; Delehey Declaration ¶ 5.)

In 2009, RFC commenced a foreclosure action in Dane County, Wisconsin, Circuit Court

(*Residential Funding Co., LLC v. Nora*, Case No. 09-1096) (the "Wisconsin State Action").

Nora defended the Wisconsin State Action, but in February of 2010 the Wisconsin Circuit Court

granted RFC's summary judgment motion; shortly afterwards, it also denied Nora's pending

motion to dismiss.  The Circuit Court entered a judgment of foreclosure in March of 2010 (the

"Wisconsin State Court Judgment").  Nora did not appeal the Wisconsin State Court Judgment.

Instead, later on she filed an untimely motion to vacate the foreclosure.  The Circuit Court denied

that motion.  (Opinion 5; Delehey Declaration ¶ 5.)  Nora unsuccessfully took two appeals to the

Wisconsin intermediate appellate court, the Wisconsin Court of Appeals for the Fourth District

(the "Wisconsin State Appeals").  (Opinion 5-6; Delehey Declaration (Opinion 9; Delehey

Declaration ¶ 5.)   Although Nora petitioned the Wisconsin Supreme Court for review (Delehey

Declaration ¶ 5), the Wisconsin State Court Judgment is a final judgment notwithstanding the

appeal.  (Opinion 9-10; *see also infra* Section I.A, ¶ 18.)  RFC conducted the foreclosure sale

and bid in the property.  The Circuit Court confirmed the sale in March of 2011.[8]  (Opinion 5;

---

[7] A review of the United States PACER site discloses almost five pages of cases in which she has been counsel to consumer debtors.  *See* Delehey Declaration, Exhibit A.

[8] When Nora failed to abide by her promise to vacate the premises and remove her belongings by April 4, 2011 so that RFC could list the property for sale, RFC had to have her evicted in September of that year.  She left behind personal property and some water-damaged, moldy legal files.  RFC discarded the files and had her personal (Cont.'d)

5

Delehey Declaration ¶ 5).  The property was recently sold to a third party.  (Delehey Declaration ¶ 5.)

### D.    The District Court Action and Seventh Circuit Appeal

10.    On November 30, 2010, Nora commenced the District Court Action by filing her original complaint.  Before the defendants answered, she filed the Amended Complaint on March 1, 2011.  This is the very complaint that Nora has attached to the Claims to augment her cryptic descriptions of the basis for her claim in Box 2 of the ResCap Claim.  The District Court Amended Complaint asserts "an allegedly fraudulent scheme involving plaintiff's [Nora's] mortgage [that] violated provisions of the Racketeer Influenced and Corruptions Act . . . and the Fair Debt Collections Act . . . ."  (Opinion 1, 6.)  It focuses on "an alleged fraudulent assignment of the mortgage to . . . [RFC ]."  (*Id.* 3.)  Its gravamen is "the foreclosure proceeding generally, and specifically upon alleged misrepresentations, made by defendants during the course of the proceedings in furtherance of the alleged conspiracy."  (*Id.* 11.)

11.    The defendants filed motions to dismiss on April 5, 2011 alleging a variety of grounds, including *res judicata*, collateral estoppel and the *Rooker-Feldman* doctrine, which holds that a federal court lacks subject matter jurisdiction to review a final state court judgment.  (*Id.* 6 n.1; 16; Delehey Declaration ¶ 8.) [9] On September 30, 2012, the District Court granted the motions to dismiss based upon the *Rooker-Feldman* doctrine.  (Opinion 11-16.)  The District Court concluded that, "Since Nora is unquestionably attempting to challenge the 2010 state foreclosure judgment [in the Wisconsin State Action] against her by pursuing these federal

---

property placed in storage.  Only in May of 2013 was the stored personal property auctioned off.  As of that time, Nora had made no inquiry about her property or files.  (Delehey Declaration ¶ 6.)
[9] The Debtors later explain the *Rooker-Feldman* doctrine in detail, *infra* Section II.A.

claims, her complaint is barred by the *Rooker-Feldman* doctrine." (*Id.* 13.)[10] It entered its

judgment dismissing the District Court Action on October 2, 2012 (the "District Court

Judgment"). (Delehey Declaration, Exhibit G.) The District Court later denied Nora's motion

under FRCP 60 to vacate its judgment and her motion for reconsideration. (Delehey Declaration

Exhibit H.) On March 27, 2013, Nora appealed these latter rulings and the District Court

Judgment to the Seventh Circuit. (Delehey Declaration Exhibit I.) In that appeal, No. 13-1660,

Nora filed her opening brief and the appellees filed their opposition briefs. Nora's reply was due

on August 30, 2013, but she has not filed it. (*Id.* Dkt. Nos. 31-35.) Thus, briefing is closed and

the appeal is pending. As noted earlier, *supra* n.4, the District Court's judgment is final

notwithstanding the appeal for purposes of *res judicata*, collateral estoppel and *Rooker-Feldman*.

## RELIEF REQUESTED

12.     The Debtors file this Objection pursuant to Bankruptcy Code section 502(b) to

disallow and expunge the Claims from the Debtors' claims register in their entirety.

## OBJECTION

13.     Before turning to the Debtors' specific objections to the Claims, it is instructive to

appreciate the posture the Claims in light of the District Court Action and the Wisconsin State

Action. Here is the residue of essential facts for purposes of this Objection:

    A. The Wisconsin State Court Judgment for the Subject Debtors against Nora
       in the Wisconsin State Action is final.

    B. Nora's alleged claims in the District Court Action against the Subject
       Debtors and other defendants are essentially the same as they were in the
       Wisconsin State Action.

    C. The District Court Action was dismissed because the *Rooker-Feldman*
       doctrine prevents federal courts from entertaining a collateral attack by

---

[10] The District Court noted that its reliance on *Rooker-Feldman* meant that the other grounds to dismiss urged by the defendants were moot, but it noted that other theories of the defendants were "well-reasoned." (Opinion 2.)

sf-3306452

Nora on the Wisconsin State Court Judgment for the Subject Debtors and against her on essentially the same claims.

D. For purposes of *res judicata*, collateral estoppel and the *Rooker-Feldman* doctrine, the District Court Judgment is a final judgment.

E. The Claims assert claims against the Subject Debtors that are identical to those made in the District Court Action in which the District Court found that they were essentially the same as those made in the Wisconsin State Action.[11]

The applicability of every argument that the Debtors make in this Objection except regarding the adequacy of the pleadings (*see infra* section III) follows inexorably from these simple facts.

14.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." Code § 502(a).  A properly completed proof of claim is *prima facie* evidence of the validity and amount of a claim.  *See* FRBP 3001(f).  A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded.  *See* 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012).

15.     Although FRBP 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof "[r]ests on different parties at different times."  *In re Smith*, No. 12-10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (citation omitted).  The party objecting to the proof of claim "bears the initial burden of providing evidence to show that the proof of claim should not be allowed."  *In re MF Global Holdings, Ltd.,* Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012).  If the objecting party satisfies its initial burden and "the presumption of *prima facie* validity is overcome—e.g., the objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside

---

[11]  Actually, because the District Court Amended Complaint is not attached to the RFC Claim, the description of that claim is limited to what is in Box 2 of the proof of claim form.  However, in the interest of completely wrapping up the Claims in one proceeding, the Debtors will analyze the RFC Claim both as it stands and as though it also attached the District Court Amended Complaint.

sf-3306452

of bankruptcy." *Id.* (citing *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A

proof of claim is prima facie evidence of the validity and amount of a claim, and the objector

bears the initial burden of persuasion.  The burden then shifts to the claimant if the objector

produces evidence equal in force to the prima facie case . . . which, if believed, would refute at

least one of the allegations that is essential to the claim's legal sufficiency.")).  Once the burden

is shifted back to the claimant, "it must prove its claim by a preponderance of the evidence." *Id.*

(citations omitted).

16.    Code section 502(b)(1)  provides, in relevant part, that a claim may not be

allowed to the extent that "such claim is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law."  Whether a claim is allowable is "generally [ ]

determined by applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674

(Bankr. D. Del. 2006).  "What claims of creditors are valid and subsisting obligations against the

bankrupt at the time a petition is filed, is a question which, in the absence of overruling federal

law, is to be determined by reference to state law." *In re Hess*, 404 B.R. 747, 749 (Bankr.

S.D.N.Y. 2009) (quoting *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161

(1946)).

17.    Here, the Debtors object to the Claims on the basis that they (a) are barred by res

judicata and collateral estoppel arising from the Wisconsin State Action; (b) are barred by the

*Rooker-Feldman Doctrine*; and (c) fail to make a "short and plain statement" of grounds for

relief in violation of Rule 8(a)(2).

9

I.      **CLAIM PRECLUSION:  THE CLAIMS ARE BARRED BY THE
        JUDGMENTS AGAINST NORA IN THE WISCONSIN LITIGATION**

A.      **RES JUDICATA AND COLLATERAL ESTOPPEL VIA THE
        WISCONSIN STATE ACTION**

18.     The Wisconsin State Court Judgment for the Subject Debtors against Nora

in the Wisconsin State Action is *res judicata* and collateral estoppel as to the Claims.  Federal

courts look to state law for the preclusive effects of a state court judgment.  *See, e.g., Migra v.*

*Warren City Sch. Dist.*, 465 U.S. 75, 81 (1984); *Disorbo v. Hoy*, 343 F.3d 172. 182-83 (2d Cir.

2003); *Omernick v. LaRocque*, 406 F. Supp. 1156, 1159 (1976); *see also* 28 U.S.C. § 1738

(federal courts must afford state court decisions full faith and credit).  In Wisconsin,

> a (1) final judgment (2) on the merits precludes later assertion of
> (3) the same cause of action between (4) the same parties.
> *O'Brien v. Hessman*, 16 Wis.2d 455, 458-59, 114 N.W.2d 834
> (1962).  This is claim preclusion or, less descriptively, merger and
> bar.  In addition, an issue which is (1) actually litigated in another
> case where (2) determination of the issue was necessary to the
> judgment is conclusively determined in subsequent actions as
> against a party to the prior action by (3) a final judgment in the
> prior lawsuit.   *Premke v. Pan Am. Motel, Inc.*, 35 Wis.2d 258, 270
> 151 N.W.2d 122 (1967). This is issue preclusion or collateral
> estoppel.

*Omernick*, 405 F. Supp. at 1159; *See also Schmid v. Bank of Am., N.A.*, 494 B.R. 737, 746-47

(Bankr. W.D. Wis. 2013) (Wisconsin state court default judgment supports *res judicata,*

collateral estoppel and *Rooker-Feldman* in bankruptcy court).  A judgment that is on appeal is a

judgment on the merits for purposes of *res judicata*.  Omernick 405 F. Supp. at 1160.

19.     Each of the elements for res judicata has been met here.  First, the Wisconsin

State Court Judgment is a final judgment on the merits.  Second, Nora and the Subject Debtors

were opposing parties.  And third, the allegations made in the Claims arise from the same

transaction or series of events at issue in the Wisconsin State Action.  As the District Court

found, the claims in the District Court Amended Complaint were the same as the claims in the

10

Wisconsin State Action, and because the Claims are expressly based on the District Court

Amended Complaint, the Claims, too, are the same as in the Wisconsin State Action.

Accordingly, the Claim should be disallowed and expunged on grounds of *res judicata*.

20.    The Claims should be disallowed and expunged on the basis of collateral

estoppel, as well.  As noted above, the Claims necessarily are based on the same issues of fact

and law that were at issue in the Wisconsin State Action because the sole supporting

documentation for the Claims is the District Court Amended Complaint.  Moreover, Nora

defended and lost the Wisconsin State Action.  Hence, she had a full and fair opportunity to

litigate the facts at issue.

**B.    RES JUDICATA VIA THE DISTRICT COURT ACTION:  THE *ROOKER-FELDMAN* DOCTRINE**

21.    The federal doctrine of *res judicata* mirrors that of Wisconsin (and many other

jurisdictions):

> "'Under the doctrine of res judicata, or claim preclusion, [a] final
> judgment on the merits of an action precludes the parties or their
> privies from relitigating issues that were or could have been raised
> in that action.'" *Overview Books, LLC v. United States,* 438 Fed.
> Appx. 31, 33 (2d Cir. 2011) (quoting *EDP Med. Computer Sys.,
> Inc. v. United States,* 480 F.3d 621, 624 (2d Cir. 2007)). Res
> judicata bars the filing of a subsequent claim if the "earlier
> decision was (1) a final judgment on the merits, (2) by a court of
> competent jurisdiction, (3) in a case involving the same parties or
> their privies, and (4) involving the same cause of action." *EDP
> Med. Computer Sys.,* 480 F.3d at 624 (quoting *In re Teltronics
> Servs., Inc.,* 762 F.2d 185, 190 (2d Cir.1985)).

*Sumter v. DPH Holdings Corp. (In re DPH Holdings Corp.)*, 468 B.R. 603, 616 (S.D.N.Y.

2012).

22.    Moreover, as explained *supra* n.4, a federal judgment is final for purposes of *res

judicata* even if an appeal is pending.  *See also Deposit Bank of Frankfort v. Bd. of Councilmen

of the City of Frankfort*, 199 U.S. 487, 499 (1903); 18A CHARLES ALAN WRIGHT, ARTHUR R.

11

MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4433 at 78-79 (West

2002).  The District Court found that the District Court Amended Complaint was barred by

*Rooker-Feldman*.  The parties are the same and because the District Court Amended Complaint

is the express basis for the Claims, the claims are the same.  The Claims are therefore barred by

the *res judicata* effect of the District Court Judgment against Nora finding that under *Rooker-*

*Feldman* it lacked subject matter jurisdiction as a federal court to consider the claims in the

District Court Amended Complaint.

## II.    THE *ROOKER-FELDMAN* DOCTRINE APPLIES DIRECTLY IN THIS COURT

23.    Not only are the Claims barred indirectly by the *Rooker-Feldman* doctrine

through the *res judicata* effect of the District Court Judgment dismissing the Amended

Complaint based upon that principle, but the Claims are directly barred by the *Rooker-Feldman*

doctrine in this Court.

24.    The *Rooker-Feldman* doctrine is premised upon two United States Supreme Court

decisions: *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court Appeals*

*v. Feldman*, 460 U.S. 462 (1983).  The doctrine bars the exercise of federal court jurisdiction

where the claims are "inextricably intertwined" with the claims adjudicated in a state court.

*Feldman*, 460 U.S. at 483, n.16.  According to *Rooker-Feldman*, and their progeny, this Court

lacks subject matter jurisdiction to sit in the place of a Wisconsin state court of appeal reviewing

facts or determinations made by Wisconsin state courts, particularly where there is a means of

appeal expressly provided under state law.  *See Washington v. Wilmore*, 407 F.3d 274, 285 n.3

(4th Cir. 2005).  *See also Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77 (2d Cir. N.Y.

2005); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858 (9th Cir. 2008).  *Rooker-Feldman*

also may apply "over a suit that is a *de facto* appeal from a state court judgment" because in such

12

sf-3306452

circumstances, "the district court is in essence being called upon to review the state court

decision." *Id.*, 525 F.3d at 858-859 (internal quotations omitted).  *See generally Schmid*,

497 B.R. at 745-46.

25.    In 2005, the United States Supreme Court squarely addressed the principles of the

*Rooker-Feldman* doctrine for the first time since the *Feldman* decision.  *Exxon Mobil Corp. v.*

*Saudi Basic Indus. Corp.,* 544 U.S. 280, 287 (2005).  In *Exxon Mobil*, the Court set forth the

following rule of application for the doctrine: "The *Rooker-Feldman* doctrine, we hold today, is

confined to cases of the kind from which the doctrine acquired its name: cases brought by state-

court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those

judgments."  *Id.* at 284.  The *Exxon Mobil* test for the application of the *Rooker-Feldman*

doctrine can be divided into the following four elements: "[1] cases brought by state-court losers

[2] complaining of injuries caused by state-court judgments [3] rendered before the district court

proceedings commenced and [4] inviting district court review and rejection of those judgments."

*Id.*; *Hoblock*, 422 F.3d at 85.

26.    The Claims satisfy all four elements.   Nora filed the Claims notwithstanding the

dismissal of the Wisconsin State Action with prejudice.  The Wisconsin State Court Judgment

was final long before these Chapter 11 Cases were filed.   Finally, as the District Court found,

the claims in the District Court Amended Complaint, which is the express basis for the Claims,

are the same claims that Nora made in the Wisconsin State Action.

27.    The propriety of the application of *Rooker-Feldman* to the Claims is uncanny.

"[C]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is

clearly barred by the *Rooker-Feldman* doctrine."  *Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp.

sf-3306452

2d 308, 334 (citing *Ashby v. Polinsky*, No. 06-CV-6778 (DLI), 2007 WL 608268, at *1

(E.D.N.Y. Feb. 22, 2007) (internal quotation marks and citation omitted), *aff'd* 328 Fed. App'x

20 (2d Cir. 2009); *See Done v. Wells Fargo Bank, NA*, No. 08-CV-3040 (JFB)(ETB), 2009 WL

2959619, at *3 (E.D.N.Y. Sept. 14, 2009); *see also Ward v. Bankers Trust Co. of Cal., N.A.*, No.

09-CV-1943 (RRM)(LB), 2011 WL 1322205, at *5 (E.D.N.Y. Mar. 29, 2011)). *See also*

*Schmid*, 497 B.R. at 746.

28.    It follows, therefore, that *Rooker-Feldman* deprives this Court (and every other

federal court) of subject matter jurisdiction to consider the Claims. They therefore must be

disallowed and expunged.

### III.    THE CLAIMS ARE DEFECTIVE AS PLEADINGS

### C.    FEDERAL PLEADING RULES APPLY

29.    Several courts, including those in this district, have applied the federal pleadings

standards when assessing the validity of a proof of claim.  *See In re DJK Residential LLC*, 416

B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in

connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set

forth in the Federal Rules of Civil Procedure.") (citing *In re Rockefeller Ctr. Props.*, 272 B.R.

529, 542, n.17 (Bankr. S.D.N.Y. 2000), *aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re*

*Rockefeller Ctr. Props.)*, 226 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. App'x 40 (2d Cir. 2002);

*Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.)*, 398 B.R. 736, 748 (Bankr.

S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes

of a motion to disallow claims, like documents that are attached to or relied upon in a complaint

are treated on a Rule 12(b)(6) motion to dismiss. . . ") (citation omitted).

30.       Accordingly, the adequacy of the Claims, which are based on the assertions made

in the cursory entries in Box 2 and in the attached Amended Complaint, should be judged by

Rule 8(a)(2).

### D.       THE AMENDED COMPLAINT FAILS TO SATISFY RULE 8(A)(2)

31.       Under Rule 8(a)(2), a "pleading that states a claim for relief must contain . . . a

short and plain statement of the claim showing that the pleader is entitled to relief."). Rule

8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  It is insufficient for a complaint

to simply "le[ave] open the possibility that a plaintiff might later establish some 'set of

undisclosed facts' to support recovery."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007).

Rather, it must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,'

[which] requires more than labels and conclusions, and [for which] a formulaic recitation of a

cause of action's elements will not do."  *Id*. at 545 (citation omitted).  The purpose of Rule

8(a)(2) is to ensure that the complaint "give[s] enough detail to illuminate the nature of the

claims *and allow defendants to respond.*"  *Regis Techs., Inc. v. Oien (In re Oien)*, 404 B.R. 311,

317 (Bankr. N.D. Ill. 2009) (emphasis added) (citations and internal quotation marks omitted).

In other words each defendant must know what he is charged with.  *See, e.g., Jones v. Pollard-

Buckingham,* 348 F.3d 1072, 1073 (8th Cir. 2003) (though inartful, *pro se* complaint satisfied

Rule 8(a)(2) because it "clearly identified how each defendant was involved in the conduct [of]

which . . . [the plaintiff] complains."); *Forman v. Salzano (In re Norvergence, Inc.),* 405 B.R.

709, 736-37 (Bankr. D.N.J. 2009) (complaint's setoff allegations inadequate because, among

15

other things, it did not identify specific defendants with specific transactions).  The Amended

Complaint[12] fails to meet this standard in a variety of ways.

32.     Assessed as filed, that is, without any attachment, the RFC Claim plainly fails the

test of Rule 8(a).  In Box 2, Nora entered:  "in rem claim for real property illegally taken by

Debtor."  This is conclusion with any supporting facts alleged.  It tells RFC nothing about what

conduct it is alleged to have engaged in that would make it liable to Nora.  As discussed next,

even if Nora had attached the Amended Complaint to the RFC Claim, that claim would be as

inadequate as the ResCap Claim.

33.     As an initial matter, the District Court Amended Complaint fails to specify

sufficiently what which alleged wrongful conduct is attributable specifically to the Subject

Debtors.  Instead, although mentioning the Debtors on occasion, the District Court Amended

Complaint describes the conduct of numerous defendants, sometimes *en banc* as the "GMAC

Racketeering Enterprise".  Accordingly, the Subject Defendants are left to try to knit together

that of which they are accused.  Instead of simply slapping the District Court Amended

Complaint on to the claim forms as though she were making claims against all the defendants,

saying in effect to the Subject Debtors "go figure it out for yourself," Nora should have provided

allegations that relate specifically to the Subject Debtor against which the claim is being filed.

## NOTICE

34.     The Debtors have provided notice of this Motion in accordance with the Case

Management Procedures Order, approved by this Court on May 23, 2012(Dkt. No. 141) and the

Procedures Order.

---

[12] Henceforth, in this part of the Objection the Debtors will refer only to the Amended Complaint's allegations
rather than anything in Box 2 of the Claims since the latter entries are cryptic and uninformative.

sf-3306452

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request entry of the Proposed Order

granting the relief requested herein and such other and further relief as the Court may deem

proper.

Dated: September 20, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:    (312) 443-0700
Facsimile    (312) 443-0336
Thomas J. Cunningham
P. Russell Perdew
*Litigation Counsel to the Debtors
 and Debtors in Possession*

sf-3306452