# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------------------

### DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' OBJECTIONS TO PROOFS OF CLAIM NOS. 1 AND 440 FILED BY WENDY ALISON NORA AGAINST RESIDENTIAL CAPITAL, LLC AND RESIDENTIAL FUNDING COMPANY, LLC PURSUANT TO BANKRUPTCY CODE SECTION 502(b) AND BANKRUPTCY RULE 3007

I, Lauren Graham Delehey, hereby declare as follows:

1.    I serve as In-House Litigation Counsel in the Legal Department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors").[1]   I have held this position since I joined ResCap on August 1, 2011.   In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions and multi-district litigation.   I am authorized to submit this declaration (the "Declaration") in support of the Debtors' Objection to Proofs of Claim Nos. 1 and 440 Filed by Wendy Alison Nora against Residential Capital, LLC and Residential Funding Company, LLC

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 (the "Objection").[2]

2.      In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the Wisconsin State Action, the Wisconsin Appeal, the District Court Action and the Seventh Circuit Appeal (all defined below).  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records as well as other relevant documents; my discussions with other members of the Legal Department; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history.  In making my statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

A.      **The Nora Claims**

3.      On May 18, Nora filed the Claim No. 1 (the "Rescap Claim") against ResCap in the amount of $10 billion as a general unsecured claim.  On August 29, 2012, Nora filed Claim No. 440 (the "RFC Claim") against Residential Funding Company, LLC ("RFC") as a secured claim for $119,000.  Attached to the ResCap Claim is a copy of Nora's March 18, 2013 Amended Complaint against the Subject Debtors, some of the other Debtors and some

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Objection.

sf-3310152

nondebtors in *Nora v. Residential Funding Company, LLC*, United States District Court for the
Western District of Wisconsin (the "District Court"), Case No. 10-748 (the "District Court
Action"). There was no attachment of any kind to the RFC Claim.

> ### B.    The Wisconsin State Action and Wisconsin State Appeals

4.    Nora is a practicing lawyer who apparently is conversant with bankruptcy
law. A review of the United States Pacer site discloses almost five pages of cases in which she
has been counsel to consumer debtors. Attached hereto as Exhibit A is a true and correct copy of
the results of the United States PACER site search for the name "Nora, Wendy".

5.    Some years ago, Nora took out a mortgage on her home (the Property") in
Wisconsin. The original mortgagee later assigned the mortgage to RFC. In 2009, RFC
commenced a foreclosure action in Dane County, Wisconsin, Circuit Court (*Residential Funding
Co., LLC v. Nora*, Case No. 09-1096). Nora defended the Wisconsin State Action, but in
February of 2010 the Wisconsin Circuit Court granted RFC's summary judgment motion; shortly
afterwards, it also denied Nora's pending motion to dismiss. The Circuit Court entered a
judgment of foreclosure in March of 2010 (the "Wisconsin State Court Judgment"). Copies of
order granting RFC's summary judgment, denying Nora's motion to dismiss and the Wisconsin
State Court Judgment are annexed hereto as Exhibit B. Nora did not appeal the Wisconsin State
Court Judgment. Instead, later on she filed an untimely motion to vacate the foreclosure. The
Circuit Court denied that motion. Nora unsuccessfully took two appeals to the Wisconsin
intermediate appellate court, the Wisconsin Court of Appeals for the Fourth District. True and
correct copies of the docket sheets from those appeals are attached hereto as Exhibits C and D.
RFC then conducted the foreclosure sale and bid in the Property. The Circuit Court confirmed
the sale in March of 2011. Nora has petitioned the Wisconsin Supreme Court for review. The
Property was recently sold.

-3-

6.     When Nora failed to abide by her promise to vacate the premises and remove her belongings by April 4, 2011 so that RFC could list the Property for sale, RFC had to have her evicted in September of that year.  I understand that she left behind personal property and some water-damaged, moldy legal files, and that RFC discarded those files and had her personal property placed in storage.  Only in May of 2013 was Nora's stored personal property auction off.  As of that time, Nora had made no inquiry about her personal property or files.

### C.    The District Court Action and Seventh Circuit Appeal

7.     On November 30, 2010, Nora commenced the District Court Action by filing her original complaint.  A true and correct copy of the docket sheet in the District Court Action is attached hereto as Exhibit E.  Before the defendants answered, she filed the Amended Complaint on March 1, 2011.  This is the complaint that Nora attached to the ResCap Claim.

8.     The defendants filed motions to dismiss on April 5, 2011.  On September 30, 2012, the District Court granted the motions.  A true and correct copy of the District Court's Opinion and Order is attached hereto as Exhibit F.  It entered its judgment dismissing the District Court Action on October 2, 2012.  A true and correct copy of the District Court's Judgment is attached hereto as Exhibit G.  The District Court later denied Nora's motion under FRCP 60 to vacate its judgment and her motion for reconsideration.  A true and correct copy of the Opinion and Order is attached hereto as Exhibit H.  On March 27, 2013, Nora appealed these latter rulings and Opinion and the judgment to the Seventh Circuit.  A true and correct copy of the docket sheet in Seventh Circuit appeal (the "Appeal Docket") is attached hereto as Exhibit I.  In that appeal, No. 13-1660, the two parties have filed their opening briefs, but Nora failed to file her reply by the deadline.  Briefing is therefore closed and the appeal is pending.

-4-

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for Residential Capital, LLC

sf-3310152

## **Exhibit A**



**Bankruptcy Party Search**

Thu Jul 11 12:47:55 2013
245 records found

**User:** mf0071 P
**Client:** 99992-0000367-00407
**Search:** Bankruptcy Party Search Name nora, wendy All Courts Page: 1

| Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|
| 1 Nora, Wendy (intp) | wawbke | 3:03-bk-42198 | 13 | 02/28/2003 | 11/15/2005 | Dismissed for Other Reason 05/31/2005 |
| 2 Nora, Wendy (db) | wiwbke | 3:03-bk-14245 | 13 | 06/05/2003 | 10/23/2003 | Dismissed for Other Reason 07/02/2003 |
| 3 Nora, Wendy A. (aty) | wiwbke | 3:04-bk-14025 | 11 | 06/01/2004 | 11/30/2005 | Dismissed for Other Reason 10/25/2005 |
| 4 Nora, Wendy A. (aty) | wiwbke | 3:04-bk-14696 | 11 | 06/28/2004 | 01/04/2005 | Dismissed for Other Reason 12/10/2004 |
| 5 Nora, Wendy A. (cr) | wiwbke | 3:03-bk-17144 | 13 | 09/29/2003 | 05/27/2010 | Standard Discharge 05/19/2010 |
| 6 Nora, Wendy A. (db) | wiwbke | 3:03-bk-14245 | 13 | 06/05/2003 | 10/23/2003 | Dismissed for Other Reason 07/02/2003 |
| 7 Nora, Wendy Ali (db) | wiwbke | 3:03-bk-14245 | 13 | 06/05/2003 | 10/23/2003 | Dismissed for Other Reason 07/02/2003 |
| 8 Nora, Wendy Ali (db) | wiwbke | 3:04-bk-12610 | 13 | 04/12/2004 | 07/14/2004 | Dismissed for Other Reason 05/17/2004 |
| 9 Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-35553 | 7 | 12/15/2000 | 04/06/2001 | Standard Discharge 03/22/2001 |
| 10 Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-35555 | 7 | 12/15/2000 | 04/06/2001 | Standard Discharge 03/29/2001 |
| 11 Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-35556 | 7 | 12/15/2000 | 03/27/2001 | Standard Discharge 03/22/2001 |
| 12 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-30375 | 7 | 01/23/2001 | 05/09/2001 | Standard Discharge 05/03/2001 |
| 13 Nora, Wendy Alison (aty) | mnbke | 4:89-bk-42922 | 7 | 06/22/1989 | 04/03/1997 | Standard Discharge 10/31/1989 |
| 14 Nora, Wendy Alison (aty) | mnbke | 4:11-bk-43494 | 13 | 05/18/2011 | 08/30/2011 | Interdistrict Case Transfer |
| 15 Nora, Wendy Alison (aty) | mnbke | 3:11-bk-34550 | 7 | 07/13/2011 | | Standard Discharge 03/14/2012 |
| 16 Nora, Wendy Alison (aty) | wiwbke | 5:13-bk-50008 | 11 | 01/06/2013 | | Dismissed for Other Reason 06/05/2013 |
| 17 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-30376 | 7 | 01/23/2001 | 05/29/2001 | Standard Discharge 05/03/2001 |
| 18 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-31689 | 7 | 03/30/2001 | 07/10/2001 | Standard Discharge 07/05/2001 |
| 19 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-31690 | 7 | 03/30/2001 | 09/11/2001 | Standard Discharge 07/19/2001 |
| 20 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-33935 | 7 | 07/05/2001 | 11/05/2001 | Standard Discharge 10/18/2001 |
| 21 Nora, Wendy Alison (aty) | mnbke | 5:13-ap-05007 | | 03/01/2013 | 03/07/2013 | Remanded to State Court |
| 22 Nora, Wendy Alison (aty) | nysbke | 1:12-bk-12020 | 11 | 05/14/2012 | | |
| 23 Nora, Wendy Alison (aty) | nysbke | 1:13-ap-01208 | | 02/08/2013 | | |
| 24 Nora, Wendy Alison (pla) | nysbke | 1:13-ap-01208 | | 02/08/2013 | | |
| 25 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-30792 | 7 | 03/06/1992 | 05/11/1993 | Standard Discharge 04/14/1993 |
| 26 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-31014 | 7 | 03/23/1992 | 07/14/1992 | Standard Discharge 07/06/1992 |
| 27 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-31015 | 7 | 03/23/1992 | 07/21/1992 | Standard Discharge 07/06/1992 |
| 28 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-31017 | 7 | 03/23/1992 | 07/23/1992 | Standard Discharge 07/06/1992 |
| 29 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-33936 | 7 | 07/05/2001 | 10/23/2001 | Standard Discharge 10/11/2001 |
| 30 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-33938 | 7 | 07/05/2001 | 10/16/2001 | Standard Discharge 10/11/2001 |
| 31 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-34532 | 7 | 08/06/2001 | 11/30/2001 | Standard Discharge 11/15/2001 |
| 32 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-34533 | 7 | 08/06/2001 | 12/05/2001 | Standard Discharge 11/22/2001 |
| 33 Nora, Wendy Alison (unk) | nysbke | 1:12-bk-12020 | 11 | 05/14/2012 | | |
| 34 Nora, Wendy Alison (aty) | wiebke | 2:04-bk-22541 | 13 | 08/27/2004 | 05/24/2005 | Dismissed   02/08/2005 |
| 35 Nora, Wendy Alison (aty) | wiebke | 2:11-bk-35689 | 13 | 10/14/2011 | | |
| 36 Nora, Wendy Alison (aty) | wiebke | 2:12-bk-24747 | 13 | 04/12/2012 | 12/11/2012 | Dismissed for Other Reason 08/20/2012 |
| 37 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-31299 | 7 | 04/13/1992 | 07/31/1992 | Standard Discharge 07/23/1992 |
| 38 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-31373 | 7 | 04/20/1992 | 08/19/1992 | Standard Discharge 07/28/1992 |
| 39 Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-31529 | 13 | 05/01/1992 | 01/06/1993 | Dismissed for Other Reason |
| 40 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-32459 | 7 | 07/23/1992 | 11/03/1992 | Standard Discharge 10/28/1992 |
| 41 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-34414 | 7 | 07/31/2001 | 06/22/2004 | Standard Discharge 06/17/2004 |
| 42 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-35665 | 7 | 10/02/2001 | 01/24/2002 | Standard Discharge 01/10/2002 |
| 43 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-37146 | 7 | 12/14/2001 | 11/30/2005 | Standard Discharge 07/19/2002 |
| 44 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-37387 | 11 | 12/28/2001 | 06/14/2004 | Dismissed for Other Reason 12/18/2003 |
| 45 Nora, Wendy Alison (aty) | wiebke | 2:12-ap-02412 | | 06/17/2012 | | |
| 46 Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-30193 | 13 | 01/18/2000 | 03/13/2001 | Dismissed for Other Reason |
| 47 Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-30445 | 13 | 02/04/2000 | 02/25/2002 | Dismissed for Other Reason |
| 48 Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-30446 | 11 | 02/04/2000 | 04/29/2002 | Dismissed for Other Reason |
| 49 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-32460 | 7 | 07/23/1992 | 11/03/1992 | Standard Discharge 10/28/1992 |
| 50 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-33795 | 7 | 11/30/1992 | 05/27/1993 | Standard Discharge 03/12/1993 |
| 51 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-33949 | 7 | 12/21/1992 | 05/11/1993 | Standard Discharge 04/01/1993 |
| 52 Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-33950 | 7 | 12/21/1992 | 05/11/1993 | Standard Discharge 04/01/1993 |
| 53 Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-32110 | 7 | 06/17/1991 | 10/30/1991 | Standard Discharge 09/26/1991 |
| 54 Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-31399 | 7 | 04/22/1991 | 08/30/1991 | Standard Discharge 08/01/1991 |

**Receipt** 07/11/2013 12:47:56 66584163

**User** mf0071 P
**Client** 99992-0000367-00407
**Description** Bankruptcy Party Search
Name nora, wendy All Courts Page: 1
**Pages** 1 ($0.10)



**PACER**
Case Locator

**Bankruptcy Party Search**
Thu Jul 11 12:47:55 2013
245 records found

**User:**  mf0071 P
**Client:**  99992-0000367-00407
**Search:**  Bankruptcy Party Search Name nora, wendy All Courts Page: 2

| | Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|---|
| 55 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-32307 | 7 | 07/02/1991 | 10/17/1991 | Standard Discharge |
| 56 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-32564 | 7 | 07/26/1991 | 09/25/1991 | Discharge Not Applic |
| 57 | Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-30659 | 7 | 02/17/2000 | 05/31/2000 | Standard Discharge |
| 58 | Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-30660 | 13 | 02/17/2000 | 03/30/2004 | Standard Discharge ( |
| 59 | Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-32489 | 7 | 06/06/2000 | 09/29/2000 | Standard Discharge ( |
| 60 | Nora, Wendy Alison (aty) | wiwbke | 3:00-bk-32490 | 7 | 06/06/2000 | 09/27/2000 | Standard Discharge ( |
| 61 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-32687 | 7 | 07/31/1991 | 11/25/1991 | Standard Discharge |
| 62 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-33436 | 7 | 10/18/1991 | 02/13/1992 | Standard Discharge ( |
| 63 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-34028 | 7 | 12/09/1991 | 03/25/1992 | Standard Discharge ( |
| 64 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-34029 | 7 | 12/09/1991 | 06/06/1994 | Standard Discharge ( |
| 65 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-33797 | 7 | 08/01/1997 | 11/12/1997 | Standard Discharge |
| 66 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-34203 | 7 | 08/27/1997 | 12/09/1997 | Standard Discharge ( |
| 67 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-34204 | 7 | 08/27/1997 | 12/12/1997 | Standard Discharge ( |
| 68 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-35225 | 7 | 10/27/1997 | 02/10/1998 | Standard Discharge ( |
| 69 | Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-33160 | 7 | 10/05/1992 | 01/21/1993 | Standard Discharge ( |
| 70 | Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-33161 | 7 | 10/05/1992 | 05/11/1993 | Standard Discharge ( |
| 71 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-31181 | 7 | 05/04/1994 | 11/18/1994 | Standard Discharge |
| 72 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-30629 | 13 | 03/15/1994 | 08/11/1994 | Dismissed for Other |
| 73 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-35359 | 13 | 11/04/1997 | 03/20/2001 | Standard Discharge ( |
| 74 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-35681 | 7 | 11/21/1997 | 03/03/1998 | Standard Discharge ( |
| 75 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-35682 | 7 | 11/21/1997 | 03/05/1998 | Standard Discharge ( |
| 76 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-30319 | 13 | 01/22/1998 | 01/13/2000 | Dismissed for Other |
| 77 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-31601 | 7 | 06/02/1993 | 09/29/1993 | Standard Discharge ( |
| 78 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-31602 | 7 | 06/02/1993 | 09/29/1993 | Standard Discharge ( |
| 79 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-32728 | 7 | 09/27/1993 | 01/26/1994 | Standard Discharge ( |
| 80 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-32729 | 7 | 09/27/1993 | 01/24/1994 | Standard Discharge ( |
| 81 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-34030 | 7 | 12/09/1991 | 03/23/1992 | Standard Discharge ( |
| 82 | Nora, Wendy Alison (aty) | wiwbke | 3:91-bk-33215 | 7 | 09/27/1991 | 05/13/1994 | Standard Discharge ( |
| 83 | Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-30661 | 7 | 02/25/1992 | 06/10/1992 | Standard Discharge ( |
| 84 | Nora, Wendy Alison (aty) | wiwbke | 3:92-bk-30662 | 7 | 02/25/1992 | 06/10/1992 | Standard Discharge ( |
| 85 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-31288 | 13 | 05/13/1994 | 10/16/2000 | Standard Discharge ( |
| 86 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-31288 | 13 | 05/13/1994 | 10/16/2000 | Standard Discharge ( |
| 87 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-31476 | 7 | 06/01/1994 | 12/29/1994 | Standard Discharge ( |
| 88 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-32664 | 7 | 10/03/1994 | 12/27/1996 | Standard Discharge ( |
| 89 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-31894 | 7 | 07/01/1993 | 12/21/1993 | Standard Discharge |
| 90 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-31895 | 7 | 07/01/1993 | 05/16/1994 | Standard Discharge ( |
| 91 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-31896 | 7 | 07/01/1993 | 10/20/1994 | Standard Discharge ( |
| 92 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-32184 | 7 | 08/02/1993 | 11/18/1993 | Standard Discharge |
| 93 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-30391 | 7 | 01/26/1998 | 05/19/1998 | Standard Discharge ( |
| 94 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-30392 | 7 | 01/26/1998 | 06/02/1998 | Standard Discharge ( |
| 95 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-31238 | 7 | 03/11/1998 | 07/01/1998 | Standard Discharge ( |
| 96 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-31239 | 7 | 03/11/1998 | 06/26/1998 | Standard Discharge ( |
| 97 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-33188 | 7 | 11/22/1994 | 04/12/1995 | Standard Discharge ( |
| 98 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-33189 | 7 | 11/22/1994 | 04/12/1995 | Standard Discharge ( |
| 99 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-33190 | 7 | 11/22/1994 | 01/10/1997 | Dismissed for Other |
| 100 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-33304 | 13 | 12/05/1994 | 02/04/1997 | Dismissed for Other |
| 101 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-31543 | 7 | 04/18/1996 | 08/21/1996 | Standard Discharge ( |
| 102 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-31726 | 13 | 04/30/1996 | 04/16/2002 | Standard Discharge ( |
| 103 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-31910 | 7 | 05/10/1996 | 09/12/1996 | Standard Discharge ( |
| 104 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-32725 | 7 | 07/08/1996 | 11/20/1996 | Standard Discharge ( |
| 105 | Nora, Wendy Alison (aty) | wiwbke | 3:93-bk-33335 | 13 | 12/02/1993 | 05/12/1994 | Dismissed for Other |
| 106 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-30713 | 7 | 03/23/1994 | 08/23/1994 | Standard Discharge ( |
| 107 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-30714 | 7 | 03/23/1994 | 11/25/1994 | Standard Discharge ( |
| 108 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-31049 | 7 | 04/22/1994 | 08/18/1994 | Standard Discharge ( |

|  | Receipt 07/11/2013 12:48:27 66584448 |
|---|---|
| **User** mf0071 P | |
| **Client** 99992-0000367-00407 | |
| **Description** Bankruptcy Party Search | |
| Name nora, wendy All Courts Page: 2 | |
| You have previously been billed for this page. | |
| **Pages** 1 ($0.00) | |



**PACER**
Case Locator

**Bankruptcy Party Search**

Thu Jul 11 12:47:55 2013
245 records found

**User:** mf0071 P
**Client:** 99992-0000367-00407
**Search:** Bankruptcy Party Search Name nora, wendy All Courts Page: 3

| Party Name ▼ | | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|---|
| 109 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-31870 | 7 | 04/13/1998 | 08/04/1998 | Standard Discharge 07/23 |
| 110 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-31871 | 7 | 04/13/1998 | 08/14/1998 | Standard Discharge 07/23 |
| 111 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-15358 | 7 | 07/23/2004 | 12/05/2006 | Standard Discharge 11/30 |
| 112 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-15359 | 7 | 07/23/2004 | 11/02/2004 | Standard Discharge 10/28 |
| 113 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-34713 | 7 | 11/13/1996 | 03/19/1997 | Standard Discharge 02/20 |
| 114 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-34714 | 7 | 11/13/1996 | 03/11/1997 | Standard Discharge 02/20 |
| 115 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-34423 | 7 | 10/25/1996 | 02/21/1997 | Standard Discharge 01/30 |
| 116 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-31408 | 7 | 03/25/1997 | 07/23/1997 | Standard Discharge 07/03 |
| 117 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-33401 | 7 | 12/14/1994 | 04/13/1995 | Standard Discharge 03/23 |
| 118 | Nora, Wendy Alison (aty) | wiwbke | 3:95-bk-31415 | 7 | 05/02/1995 | 09/01/1995 | Standard Discharge 08/09 |
| 119 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-30708 | 7 | 02/26/1996 | 09/08/1997 | Standard Discharge 05/30 |
| 120 | Nora, Wendy Alison (aty) | wiwbke | 3:96-bk-30709 | 7 | 02/26/1996 | 06/17/1996 | Standard Discharge 05/30 |
| 121 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-15360 | 7 | 07/23/2004 | 11/04/2004 | Standard Discharge 10/28 |
| 122 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-15361 | 7 | 07/23/2004 | 11/02/2004 | Standard Discharge 10/28 |
| 123 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-15645 | 13 | 08/04/2004 | 12/13/2007 | Standard Discharge 08/01 |
| 124 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-16099 | 13 | 08/23/2004 | 08/24/2004 | Interdistrict Case Transfer |
| 125 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-31179 | 13 | 05/04/1994 | 10/02/1995 | Standard Discharge 08/21 |
| 126 | Nora, Wendy Alison (aty) | wiwbke | 3:94-bk-31180 | 7 | 05/04/1994 | 09/08/1994 | Standard Discharge 08/11 |
| 127 | Nora, Wendy Alison (aty) | wiwbke | 3:02-bk-18134 | 13 | 12/16/2002 | 10/23/2003 | Dismissed for Other Reas |
| 128 | Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-10591 | 7 | 01/28/2003 | 05/21/2003 | Standard Discharge 05/14 |
| 129 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-30663 | 7 | 02/13/1997 | 06/12/1997 | Standard Discharge 05/23 |
| 130 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-30664 | 7 | 02/13/1997 | 06/19/1997 | Standard Discharge 05/23 |
| 131 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-32570 | 7 | 05/20/1997 | 09/05/1997 | Standard Discharge 08/28 |
| 132 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-32571 | 7 | 05/20/1997 | 09/05/1997 | Standard Discharge 08/28 |
| 133 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-32103 | 13 | 04/23/1998 | 02/19/1999 | Dismissed for Other Reas |
| 134 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-33183 | 13 | 06/19/1998 | 05/15/2000 | Dismissed for Other Reas |
| 135 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-33201 | 7 | 06/22/1998 | 10/05/1998 | Standard Discharge 09/29 |
| 136 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-35068 | 7 | 10/09/1998 | 01/21/1999 | Standard Discharge 01/12 |
| 137 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-16148 | 7 | 08/26/2004 | 12/15/2004 | Standard Discharge 12/02 |
| 138 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-16152 | 7 | 08/26/2004 | 10/31/2007 | Standard Discharge 10/26 |
| 139 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-16410 | 7 | 09/07/2004 | 01/20/2006 | Standard Discharge 12/21 |
| 140 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-16411 | 7 | 09/07/2004 | 12/28/2004 | Standard Discharge 12/21 |
| 141 | Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-12553 | 7 | 04/08/2003 | 08/12/2003 | Standard Discharge 07/21 |
| 142 | Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-12555 | 7 | 04/08/2003 | 08/12/2003 | Standard Discharge 07/21 |
| 143 | Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-13943 | 13 | 05/23/2003 | 10/23/2003 | Dismissed for Other Reas |
| 144 | Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-14640 | 13 | 06/20/2003 | 07/13/2004 | Dismissed for Other Reas |
| 145 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-33591 | 13 | 07/18/1997 | 03/20/2003 | Standard Discharge 03/12 |
| 146 | Nora, Wendy Alison (aty) | wiwbke | 3:97-bk-33796 | 7 | 08/01/1997 | 01/29/1999 | Standard Discharge 11/13 |
| 147 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-10583 | 7 | 01/28/2004 | 05/11/2004 | Standard Discharge 05/06 |
| 148 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-10918 | 7 | 02/12/2004 | 02/03/2006 | Standard Discharge 01/12 |
| 149 | Nora, Wendy Alison (aty) | wiwbke | 3:98-bk-35069 | 7 | 10/09/1998 | 11/23/1999 | Standard Discharge 11/16 |
| 150 | Nora, Wendy Alison (aty) | wiwbke | 3:99-bk-32818 | 7 | 06/11/1999 | 09/20/1999 | Standard Discharge 09/15 |
| 151 | Nora, Wendy Alison (aty) | wiwbke | 3:99-bk-32819 | 7 | 06/11/1999 | 09/21/1999 | Standard Discharge 09/14 |
| 152 | Nora, Wendy Alison (aty) | wiwbke | 3:99-bk-32821 | 7 | 06/11/1999 | 09/20/1999 | Standard Discharge 09/13 |
| 153 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-18136 | 7 | 11/15/2004 | 03/22/2005 | Standard Discharge 03/17 |
| 154 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-18137 | 7 | 11/15/2004 | 03/18/2005 | Standard Discharge 03/07 |
| 155 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-18841 | 7 | 12/17/2004 | 04/05/2005 | Standard Discharge 03/29 |
| 156 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-18843 | 7 | 12/17/2004 | 04/05/2005 | Standard Discharge 03/29 |
| 157 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-11899 | 13 | 03/18/2004 | 01/07/2005 | Dismissed for Other Reas |
| 158 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-12124 | 13 | 03/25/2004 | 12/09/2004 | Dismissed for Other Reas |
| 159 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-12500 | 7 | 04/08/2004 | 08/25/2004 | Standard Discharge 08/11 |
| 160 | Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-12813 | 13 | 04/19/2004 | 05/13/2005 | Dismissed for Other Reas |
| 161 | Nora, Wendy Alison (aty) | wiwbke | 3:99-bk-33077 | 13 | 06/29/1999 | 02/16/2005 | Standard Discharge 01/05 |
| 162 | Nora, Wendy Alison (aty) | wiwbke | 3:99-bk-34504 | 7 | 10/01/1999 | 09/13/2000 | Standard Discharge 08/31 |

Receipt 07/11/2013 12:48:27 66584448

**User** mf0071 P
**Client** 99992-0000367-00407
**Description** Bankruptcy Party Search
          Name nora, wendy All Courts Page: 3

          You have previously been billed for this page.
**Pages** 1 ($0.00)

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2-1 of 1
Declaration of Lauren Graham Delehey    Pg 11 of 73

PACER Case Locator View    Page 1 of 1



**Bankruptcy Party Search**

Thu Jul 11 12:47:55 2013
245 records found

**User:** mf0071 P
**Client:** 99992-0000367-00407
**Search:** Bankruptcy Party Search Name nora, wendy All Courts Page: 4

| Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|
| 163 Nora, Wendy Alison (aty) | wiwbke | 3:02-bk-11940 | 13 | 03/28/2002 | 10/17/2002 | Dismissed for Other Reason C |
| 164 Nora, Wendy Alison (aty) | wiwbke | 3:02-bk-15481 | 7 | 08/29/2002 | 12/13/2002 | Standard Discharge 12/03/200 |
| 165 Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-15978 | 7 | 08/14/2003 | 12/16/2003 | Standard Discharge 11/24/200 |
| 166 Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-15980 | 7 | 08/14/2003 | 12/16/2003 | Standard Discharge 11/24/200 |
| 167 Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-16243 | 7 | 08/25/2003 | 11/06/2006 | Discharge Not Applicable 01/C |
| 168 Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-16406 | 13 | 08/29/2003 | 01/26/2004 | Dismissed for Other Reason C |
| 169 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-10046 | 13 | 01/04/2005 | 09/28/2005 | Dismissed for Other Reason C |
| 170 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-10584 | 13 | 01/29/2005 | 08/04/2006 | Dismissed for Other Reason C |
| 171 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-10664 | 13 | 02/02/2005 | 08/15/2005 | Dismissed for Other Reason C |
| 172 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-11510 | 7 | 03/07/2005 | 08/08/2005 | Standard Discharge 06/29/200 |
| 173 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14024 | 13 | 06/01/2004 | 11/10/2004 | Dismissed for Other Reason C |
| 174 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14025 | 11 | 06/01/2004 | 11/30/2005 | Dismissed for Other Reason 1 |
| 175 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14273 | 7 | 06/10/2004 | 09/21/2004 | Standard Discharge 09/16/200 |
| 176 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14274 | 7 | 06/10/2004 | 09/21/2004 | Standard Discharge 09/16/200 |
| 177 Nora, Wendy Alison (aty) | wiwbke | 3:02-bk-15482 | 7 | 08/29/2002 | 12/13/2002 | Standard Discharge 12/03/200 |
| 178 Nora, Wendy Alison (aty) | wiwbke | 3:02-ap-00133 | | 09/05/2002 | 03/14/2003 | Dismissed or Settled Without I |
| 179 Nora, Wendy Alison (aty) | wiwbke | 3:11-bk-11474 | 13 | 03/14/2011 | 09/14/2011 | Dismissed for Other Reason C |
| 180 Nora, Wendy Alison (aty) | wiwbke | 3:11-bk-14279 | 7 | 03/18/2011 | | Standard Discharge 08/28/20' |
| 181 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14696 | 11 | 06/28/2004 | 01/04/2005 | Dismissed for Other Reason 1 |
| 182 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14698 | 11 | 06/28/2004 | 01/04/2005 | Dismissed for Other Reason 1 |
| 183 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14822 | 7 | 07/02/2004 | 09/30/2004 | Discharge Not Applicable |
| 184 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-14869 | 13 | 07/06/2004 | 11/30/2005 | Standard Discharge 07/01/200 |
| 185 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-12025 | 13 | 03/23/2005 | 09/10/2008 | Standard Discharge 04/04/200 |
| 186 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-12119 | 7 | 03/25/2005 | 07/12/2005 | Standard Discharge 07/07/200 |
| 187 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-12122 | 7 | 03/25/2005 | 07/12/2005 | Standard Discharge 07/07/200 |
| 188 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-12218 | 7 | 03/29/2005 | 08/09/2005 | Standard Discharge 07/07/200 |
| 189 Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-16522 | 13 | 09/05/2003 | 06/08/2006 | Standard Discharge 05/01/200 |
| 190 Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-17144 | 13 | 09/29/2003 | 05/27/2010 | Standard Discharge 05/19/20' |
| 191 Nora, Wendy Alison (aty) | wiwbke | 3:03-bk-17181 | 7 | 09/30/2003 | 04/08/2004 | Standard Discharge 01/07/200 |
| 192 Nora, Wendy Alison (aty) | wiwbke | 3:04-bk-10581 | 7 | 01/28/2004 | 12/21/2004 | Standard Discharge 05/18/200 |
| 193 Nora, Wendy Alison (aty) | wiwbke | 1:11-bk-14415 | 7 | 07/12/2011 | | |
| 194 Nora, Wendy Alison (aty) | wiwbke | 3:11-bk-14476 | 7 | 07/14/2011 | | Standard Discharge 10/30/20' |
| 195 Nora, Wendy Alison (aty) | wiwbke | 3:11-bk-17126 | 13 | 11/28/2011 | | |
| 196 Nora, Wendy Alison (aty) | wiwbke | 1:11-ap-00328 | | 11/28/2011 | | |
| 197 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-12279 | 7 | 03/30/2005 | 12/18/2006 | Standard Discharge 07/07/200 |
| 198 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-13328 | 13 | 04/27/2005 | 08/19/2005 | Dismissed for Other Reason C |
| 199 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-13381 | 7 | 04/28/2005 | 08/16/2005 | Standard Discharge 08/09/200 |
| 200 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-13386 | 7 | 04/28/2005 | 07/21/2006 | Standard Discharge 08/11/200 |
| 201 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-22171 | 7 | 10/15/2005 | 04/28/2006 | Standard Discharge 03/31/200 |
| 202 Nora, Wendy Alison (aty) | wiwbke | 3:08-bk-13244 | 13 | 06/24/2008 | 10/29/2008 | Dismissed for Other Reason C |
| 203 Nora, Wendy Alison (aty) | wiwbke | 3:08-bk-15214 | 11 | 10/01/2008 | 07/14/2010 | Dismissed for Other Reason C |
| 204 Nora, Wendy Alison (aty) | wiwbke | 3:08-bk-16728 | 7 | 12/19/2008 | 04/28/2009 | Standard Discharge 04/23/200 |
| 205 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-13639 | 7 | 05/06/2005 | 08/24/2005 | Standard Discharge 08/18/200 |
| 206 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-14605 | 13 | 06/09/2005 | 08/29/2007 | Dismissed for Other Reason C |
| 207 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-14768 | 13 | 06/15/2005 | 08/29/2007 | Dismissed for Other Reason C |
| 208 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-15541 | 7 | 07/14/2005 | 11/08/2005 | Standard Discharge 11/01/200 |
| 209 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-13402 | 7 | 04/28/2005 | 11/29/2005 | Standard Discharge 09/16/200 |
| 210 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-13608 | 7 | 05/05/2005 | 05/26/2006 | Standard Discharge 04/04/200 |
| 211 Nora, Wendy Alison (aty) | wiwbke | 3:11-bk-17323 | 11 | 12/06/2011 | | |
| 212 Nora, Wendy Alison (aty) | wiwbke | 3:12-bk-11213 | 11 | 03/07/2012 | | |
| 213 Nora, Wendy Alison (aty) | wiwbke | 1:12-ap-00160 | | 08/15/2012 | | 04/24/2013 |
| 214 Nora, Wendy Alison (aty) | wiwbke | 1:12-bk-16616 | 11 | 12/07/2012 | | |
| 215 Nora, Wendy Alison (aty) | wiwbke | 3:09-bk-10078 | 13 | 01/08/2009 | 04/01/2010 | Standard Discharge 10/05/200 |
| 216 Nora, Wendy Alison (aty) | wiwbke | 3:09-bk-10079 | 13 | 01/08/2009 | 01/08/2009 | Discharge Not Applicable |

**Receipt** 07/11/2013 12:48:27 66584448

**User** mf0071 P
**Client** 99992-0000367-00407
**Description** Bankruptcy Party Search
Name nora, wendy All Courts Page: 4

You have previously been billed for this page.
**Pages** 1 ($0.00)



**PACER**
Case Locator

**Bankruptcy Party Search**

Thu Jul 11 12:47:55 2013
245 records found

**User:** mf0071 P
**Client:** 99992-0000367-00407
**Search:** Bankruptcy Party Search Name nora, wendy All Courts Page: 5

| Party Name ▼ | Court | Case | Ch | Date Filed | Date Closed | Disposition |
|---|---|---|---|---|---|---|
| 217 Nora, Wendy Alison (aty) | wiwbke | 3:09-bk-10809 | 11 | 02/17/2009 | 07/01/2009 | Dismissed for Failure to File Information 06/17/2009 |
| 218 Nora, Wendy Alison (aty) | wiwbke | 3:09-bk-13071 | 7 | 05/07/2009 | 05/26/2011 | Discharge Not Applicable |
| 219 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-15732 | 13 | 07/22/2005 | 03/03/2009 | Standard Discharge 12/31/2008 |
| 220 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-16554 | 7 | 08/19/2005 | 11/29/2005 | Standard Discharge 11/25/2005 |
| 221 Nora, Wendy Alison (aty) | wiwbke | 1:05-bk-20727 | 11 | 10/13/2005 | | |
| 222 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-21950 | 7 | 10/15/2005 | 02/14/2006 | Standard Discharge 02/09/2006 |
| 223 Nora, Wendy Alison (aty) | wiwbke | 1:13-ap-00042 | | 03/05/2013 | | |
| 224 Nora, Wendy Alison (aty) | wiwbke | 1:13-ap-00043 | | 03/05/2013 | | |
| 225 Nora, Wendy Alison (aty) | wiwbke | 3:13-bk-12984 | 13 | 06/13/2013 | | |
| 226 Nora, Wendy Alison (aty) | wiwbke | 3:01-bk-34414 | 7 | 07/31/2001 | 06/22/2004 | Standard Discharge 06/17/2004 |
| 227 Nora, Wendy Alison (aty) | wiwbke | 3:09-ap-00151 | | 07/24/2009 | 05/06/2010 | Other |
| 228 Nora, Wendy Alison (aty) | wiwbke | 3:09-bk-15320 | 13 | 08/08/2009 | 08/08/2012 | Dismissed for Other Reason 10/18/2010 |
| 229 Nora, Wendy Alison (aty) | wiwbke | 1:09-bk-16622 | 13 | 09/29/2009 | 02/20/2013 | Dismissed for failure to make plan payments 01/11/2013 |
| 230 Nora, Wendy Alison (aty) | wiwbke | 3:10-bk-10732 | 13 | 02/04/2010 | 10/10/2012 | Dismissed for Other Reason 06/08/2012 |
| 231 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-21954 | 7 | 10/15/2005 | 02/14/2006 | Standard Discharge 02/09/2006 |
| 232 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-21962 | 7 | 10/15/2005 | 02/14/2006 | Standard Discharge 02/09/2006 |
| 233 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-21966 | 7 | 10/15/2005 | 07/27/2006 | Standard Discharge 07/03/2006 |
| 234 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-21985 | 7 | 10/15/2005 | 03/31/2006 | Standard Discharge 02/16/2006 |
| 235 Nora, Wendy Alison (aty) | wiwbke | 1:10-bk-12142 | 13 | 03/23/2010 | | |
| 236 Nora, Wendy Alison (aty) | wiwbke | 1:10-bk-15242 | 7 | 07/09/2010 | 10/19/2010 | Standard Discharge 10/14/2010 |
| 237 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-21993 | 7 | 10/15/2005 | 02/01/2007 | Standard Discharge 06/30/2006 |
| 238 Nora, Wendy Alison (aty) | wiwbke | 3:05-bk-22005 | 7 | 10/15/2005 | 02/21/2006 | Standard Discharge 02/16/2006 |
| 239 Nora, Wendy Alison (cr) | wiwbke | 3:04-bk-14822 | 7 | 07/02/2004 | 09/30/2009 | Discharge Not Applicable |
| 240 Nora, Wendy Alison (db) | wiwbke | 3:94-bk-31288 | 7 | 05/13/1994 | 10/16/2000 | Standard Discharge 09/14/1999 |
| 241 Nora, Wendy Alison (db) | wiwbke | 3:03-bk-14245 | 13 | 06/05/2003 | 10/23/2003 | Dismissed for Other Reason 07/02/2003 |
| 242 Nora, Wendy Alison (db) | wiwbke | 3:04-bk-12610 | 13 | 04/12/2004 | 07/14/2004 | Dismissed for Other Reason 05/17/2004 |
| 243 Nora, Wendy Alison (db) | wiwbke | 1:09-bk-16622 | 13 | 09/29/2009 | 02/20/2013 | Dismissed for failure to make plan payments 01/11/2013 |
| 244 Nora, Wendy Alison (db) | wiwbke | 3:13-bk-12984 | 13 | 06/13/2013 | | |
| 245 Nora, Wendy Alison (pla) | wiwbke | 3:09-ap-00151 | | 07/24/2009 | 05/06/2010 | Other |

| | Receipt 07/11/2013 12:48:27 66584448 |
|---|---|
| **User** | mf0071 P |
| **Client** | 99992-0000367-00407 |
| **Description** | Bankruptcy Party Search |
| | Name nora, wendy All Courts Page: 5 |
| | You have previously been billed for this page. |
| **Pages** | 1 ($0.00) |

## Exhibit B

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 14 of 73

Mar. 3. 2010 11:21AM                                                    No. 1159    P. 1/6

STATE OF WISCONSIN          CIRCUIT COURT          DANE COUNTY
                              Branch 10

Residential Funding Co., LLC,

                    Plaintiff,                    Case No. 09CV1096

Wendy Alison Nora,

                    Defendant.



### DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

#### PROCEDURAL HISTORY

On June 29, 2009 defendant filed a "Motion to Dismiss Complaint With Prejudice For Fraud Upon The Court." She filed her brief in support of the motion on July 14, 2009, plaintiff responded on August 11, 2009 and defendant filed a reply brief on September 8, 2009. On September 29, 2009 defendant bankruptcy filing stayed further action in this case.

On January 6, 2010 plaintiffs filed an order entered on December 18, 2009 by the Bankrupcty Court granting plaintiff relief from the stay. On February 9, 2010 the court granted plaintiff's motion for summary judgment, implicitly denying or mooting defendant's motion to dismiss. By letter on February 19, 2010 plaintiff's counsel requested an explicit ruling on the motion to dismiss, as well as on plaintiff's motion for sanctions for defendant's filing of the motion to dismiss. On February 22, 2010 defendant filed a motion asking the court to delay acting on plaintiff's request for at least 45 days as an accommodation to a disability.

It is appropriate and will clarify the record for the court to issue a decision on the motion to dismiss. It is not necessary to delay the decision in order to accommodate defendant's disability, since all briefing on the matter was completed before defendant requested the accommodation and nothing remains but for the court to issue its decision. If the decision affects her proceedings before the Court of Appeals she may seek relief or accommodation from that court.

#### DECISION

1

414-228-6506

952-405-8691

Neither the motion to dismiss nor the brief in support of the motion were accompanied by supporting evidentiary affidavits, only by unauthenticated exhibits. Such exhibits and counsel's assertions of fact in a brief are not evidence. Consequently, there are no facts before the court on which the relief requested can be granted.

THEREFORE, the defendant's June 29, 2009 motion to dismiss is denied. Plaintiff's request for sanctions in connection with the motion is denied.

This order and the judgment of foreclosure executed this same date, are final orders under Wis. Stat. §808.03(1) and dispose of all matters in litigation between the parties for purposes of appeal.

Dated March 3, 2010.

BY THE COURT,

Juan B. Colás
Circuit Court Judge

Copies: Parties

## Exhibit C

case search    public domain citation search    citation of official publishers search    filed documents    WCCA    electronic filing    help

## Residential Funding Company LLC v. Wendy Alison Nora

Printable Version (PDF)

## Appeal Number 2011AP000879

Court of Appeals District 4

## CASE HISTORY

What is RSS?  RSS

| Status | Court | Filing Date | Anticipated Due Date | Activity |
|--------|-------|-------------|----------------------|----------|
| PEND | CA | | 09-17-2013 | Remittitur |

| | | | | |
|--|--|--|--|--|
| OCCD | CA | 05-21-2013 | | Attorney address updated |

Comment: Address changed for attorney: 10191 Wendy A. Nora

| | | | | |
|--|--|--|--|--|
| OCCD | SC | 05-10-2013 | | Fee Paid |

Comment: Receipt No: 13R 001189

| | | | | |
|--|--|--|--|--|
| OCCD | SC | 05-10-2013 | | Petition for Review |

Filed By: Wendy Nora
Submit Date: 5-24-2013
Decision: (D) Deny
Decision Date: 9-17-2013
ORD that the petition for review is denied, with $50 costs.
Motion Response
Filed By: David Potteiger
Submit Date: 5-24-2013

| | | | | |
|--|--|--|--|--|
| OCCD | CA | 04-05-2013 | | Motion for Reconsideration |

Filed By: Wendy Nora
Submit Date: 4-8-2013
Decision: (D) Deny
Decision Date: 4-10-2013
ORD that the motion for reconsideration is denied. Wis. Stat. Rule 809.24(2).

| | | | | |
|--|--|--|--|--|
| OCCD | CA | 03-18-2013 | | Opinion/Decision |

Judge Panel: Kloppenburg, Lundsten, Blanchard
Opinion: Summary Disposition
Decision: Affirmed Pages: 4
Order Text: IT IS ORDERED that the orders are summarily affirmed pursuant to Wis. Stat. Rule 809.21.

| | | | | |
|--|--|--|--|--|
| OCCD | CA | 10-12-2012 | | Submitted on Briefs |

| | | | | |
|--|--|--|--|--|
| OCCD | CA | 08-09-2012 | | Court Order |

IT IS ORDERED that, by September 7, 2012, respondent Residential Funding Company, LLC, shall file a response, as outlined above.

| | | | | |
|--|--|--|--|--|
| OCCD | CA | 08-01-2012 | | Sua Sponte |

Filed By: Unassigned District 4
Submit Date: 8-1-2012
Decision: (O) Other
Decision Date: 9-5-2012
ORD that this appeal may proceed.
Motion Response
Filed By: David Potteiger
Submit Date: 8-30-2012
Motion Response
Filed By: Wendy Nora
Submit Date: 8-31-2012
Comment: Letter from Wendy Nora

| | | | | |
|--|--|--|--|--|
| OCCD | CA | 05-25-2012 | | Briefs Received At State Law Library |

Comment: Not retained at law library

| | | | |
|---|---|---|---|
| OCCD | CA | 05-15-2012 | Record and Briefs Sent to District 4 |

OCCD  CA  05-11-2012  Reply Brief
Reply Brief

Filed By: Wendy Nora

---

OCCD  CA  05-09-2012  Motion for Relief
Filed By: Wendy Nora
Submit Date: 5-10-2012
Decision: (G) Grant
Decision Date: 5-11-2012
ORD that the reply brief is accepted despite its failure to conform to the rules, and shall be deemed timely filed as of the date of this order.
Comment: Relief from Order Granting Motion for Extension of Time to file BRY and Denying Motion for Judicial Notice and Leave to File
Supplemental Reply Appendix

---

OCCD  CA  04-30-2012  Motion for Miscellaneous Relief
Filed By: Wendy Nora
Submit Date: 5-1-2012
Decision: (D) Deny
Decision Date: 5-4-2012
ORD that the motions for judicial notice and to file a supplemental appendix are denied.
FRO that the time to file the reply brief is extended to May 7, 2012.
Comment: Motion for Leave to File Supplemental Reply Appendix

---

OCCD  CA  04-30-2012  Motion to Take Judicial Notice
Filed By: Wendy Nora
Submit Date: 5-1-2012
Decision: (D) Deny
Decision Date: 5-4-2012
ORD that the motions for judicial notice and to file a supplemental appendix are denied.
FRO that the time to file the reply brief is extended to May 7, 2012.

---

OCCD  CA  04-30-2012  Motion to Extend Time
Filed By: Wendy Nora
Submit Date: 5-1-2012
Decision: (G) Grant
Decision Date: 5-4-2012
ORD that the motions for judicial notice and to file a supplemental appendix are denied.
FRO that the time to file the reply brief is extended to May 7, 2012.
See BRY event due on 5-7-2012

---

OCCD  CA  04-13-2012  Brief of Respondent(s)
Brief of Respondent

Filed By: David Potteiger

Comment: Please note that the certification pursuant to Rule 809.19(12)(f) has been added. Please include this certification in all briefs.

---

OCCD  CA  03-20-2012  Rejected Electronic Document
Comment: Brief of Appellant: This e-file is being rejected since an "Amended Brief of Appellant" has been filed.

---

OCCD  CA  03-20-2012  Brief & Appx of Appellant(s)
Brief of Appellant

Filed By: Wendy Nora

Comment: Separate Appendix.

---

OCCD  CA  03-13-2012  Motion for Miscellaneous Relief
Filed By: Wendy Nora
Submit Date: 3-14-2012
Decision: (G) Grant
Decision Date: 3-20-2012
ORD that we will accept the appellant's brief as having been timely filed as of the date of this order, subject to her filing the appendix
within five business days. The time for the respondent to file its brief will also begin to run from the date of this order.
Comment: Motion to Accept BAP without Appendix and MXT to file Appendix

---

OCCD  CA  01-10-2012  Motion for Miscellaneous Relief
Filed By: Wendy Nora
Submit Date: 1-10-2012
Decision: (G) Grant
Decision Date: 1-25-2012
ORD that the appellant's medical records submitted in support of her latest extension motion shall remain under seal.

FRO that the time for the appellant to file her opening brief is extended to March 13, 2012.
Comment: Motion to File HIPAA-Protected Medical Information Under Seal

---

OCCD    CA    01-10-2012    Motion to Extend Time
Filed By: Wendy Nora
Submit Date: 1-10-2012
Decision: (G) Grant
Decision Date: 1-25-2012
ORD that the appellant's medical records submitted in support of her latest extension motion shall remain under seal.
FRO that the time for the appellant to file her opening brief is extended to March 13, 2012.
See BAP event filed on 3-20-2012

---

OCCD    CA    01-04-2012    Motion for Miscellaneous Relief
Filed By: Wendy Nora
Submit Date: 1-4-2012
Decision: (O) Other
Decision Date: 1-25-2012
ORD that the appellant's medical records submitted in support of her latest extension motion shall remain under seal.
FRO that the time for the appellant to file her opening brief is extended to March 13, 2012.
Comment: Statement Response to Order of 12/22/11

---

OCCD    CA    12-28-2011    Attorney address updated
Comment: Address changed for attorney: 10191 Wendy A. Nora

---

OCCD    CA    12-22-2011    Court Order
ORD that we will take no further action on Nora's email renewing her request to further extend her briefing deadline.

---

OCCD    CA    11-28-2011    Motion for Miscellaneous Relief
Filed By: Wendy Nora
Submit Date: 11-29-2011
Decision: (D) Deny
Decision Date: 12-1-2011
ORD that the motion for reconsideration is denied.
Comment: Objection to Order Pre-Emptively Ruling that Appellant is Entitled to No Further Extensions

---

OCCD    CA    11-28-2011    Attorney address updated
Comment: Address changed for attorney: 37060 David M. Potteiger

---

OCCD    CA    11-22-2011    Attorney address updated
Comment: Address changed for attorney: 37060 David M. Potteiger

---

OCCD    CA    11-02-2011    Motion to Take Judicial Notice
Filed By: Wendy Nora
Submit Date: 11-15-2011
Decision: (D) Deny
Decision Date: 11-17-2011
ORD that both Requests for Judicial Notice are denied.
FRO that the objection to our order, dated October 26, 2011, will not be acted upon until this court receives a signed copy of the document.

---

OCCD    CA    11-02-2011    Motion for Miscellaneous Relief
Filed By: Wendy Nora
Submit Date: 11-15-2011
Decision: (D) Deny
Decision Date: 11-17-2011
ORD that both Requests for Judicial Notice are denied.
FRO that the objection to our order, dated October 26, 2011, will not be acted upon until this court receives a signed copy of the document.
Comment: Objection to Order Pre-Emptively Ruling that Appellant is Entitled to No Further Extensions

---

OCCD    CA    10-19-2011    Motion for Miscellaneous Relief
Filed By: David Potteiger
Submit Date: 10-19-2011
Decision: (D) Deny
Decision Date: 10-26-2011
ORD that the motion for reconsideration is denied.
Comment: Opposition to Amended Motion to Extend Time to File Appellant's Brief

---

OCCD    CA    10-12-2011    Motion to Extend Time
Filed By: Wendy Nora
Submit Date: 10-12-2011
Decision: (G) Grant
Decision Date: 10-18-2011

ORD that the time to file the appellant's brief is extended to January 12, 2012.
See BAP event due on 1-12-2012

---

OCCD    CA    09-06-2011    Motion to Correct/Supplement Record
Filed By: Wendy Nora
Submit Date: 9-20-2011
Decision: (D) Deny
Decision Date: 9-27-2011
ORD that the motion to supplement the record is denied.
FRO that the motion to correct the record is denied.
FRO that the time to file the appellant's brief is extended to October 14, 2011.

---

OCCD    CA    08-22-2011    Motion to Extend Time
Filed By: Wendy Nora
Submit Date: 8-22-2011
Decision: (G) Grant
Decision Date: 8-24-2011
ORD that the time to file the appellant's brief is extended to September 6, 2011.
See BAP event due on 9-6-2011

---

OCCD    CA    08-15-2011    Fee Paid
Comment: Receipt No: 11R 002010

---

OCCD    CA    07-13-2011    Sealed Documents
Comment: SLD #101, 136-13, 146-5, 147-7

---

OCCD    CA    07-13-2011    Record
Comment: 1-2 to 167-1, separate box; SLD #101, 136-13, 146-5, 147-7

---

OCCD    CA    06-28-2011    Fee Paid
Comment: Receipt No: 11R 001595

---

OCCD    CA    06-23-2011    Court Reporter's Statement-Trans.
Court Reporter Name: (Manke, Deborah)

---

OCCD    CA    06-20-2011    Notif. Sent - Filing of NOP & Ct. Rec.

---

OCCD    CA    06-20-2011    Notice of Addtl/Amended (Other) Appeal
Comment: Add'l

---

OCCD    CA    06-20-2011    Transcript filed in Circuit Court

---

OCCD    CA    06-16-2011    Certificate of Service
Comment: filed by Atty. Nora that copies of notice of appeal, docketing statement and attachments were sent to Atty. Potteiger.

---

OCCD    CA    06-16-2011    Docketing Statement from Appellant

---

OCCD    CA    06-16-2011    Other Appeal Filed In Circuit Court
Comment: Add'l

---

OCCD    CA    06-01-2011    Statement on Transcript
Filed By: Wendy Nora
Status: Ordered

---

OCCD    CA    05-18-2011    Delinquent
Comment: New due date of connected SRT: 5-25-2011

---

OCCD    CA    04-22-2011    Case to proceed under RAP

---

OCCD    CA    04-19-2011    Notif. Sent-Filing of NAP & Ct. Record

---

OCCD    CA    04-19-2011    Docketing Statement Submitted

---

OCCD    CA    04-19-2011    Fee Paid
Comment: Receipt No: 11R 001002

| OCCD CA | 04-19-2011 | Notice of Appeal & Court Record |
| OCCD CA | 04-14-2011 | Notice of Appeal filed in Cir. Ct. |
| OCCD CA | 04-14-2011 | Docketing Statement from Appellant |
| OCCD CA | 03-24-2011 | Order of Circuit Court |
| OCCD CA | 03-18-2011 | Order of Circuit Court |
| OCCD CA | 03-01-2011 | Order of Circuit Court |

Return to Case
Printable Version (PDF)

Questions? Contact us.

terms of use | accuracy | briefs | rss

## Exhibit D

WSCCA Case History

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2    Pg 1 of 2
Declaration of Lauren Graham Delehey    Pg 23 of 73

case search    public domain citation search    citation of official publishers search    filed documents    WCCA    electronic filing    help

# Residential Funding Company LLC v. Wendy Alison Nora

Printable Version (PDF)

## Appeal Number 2012AP001720

Court of Appeals District 4

## CASE HISTORY

What is RSS? [RSS]

| Status | Court | Filing Date | Anticipated Due Date | Activity |
|--------|-------|-------------|---------------------|----------|
| PEND | CA | | 03-01-2013 | Brief & Appx of Appellant(s) |
| PEND | CA | | 07-11-2013 | Remittitur |
| | | | | Comment: SUA Motion Pending |
| RECV | CA | 06-17-2013 | | Sua Sponte |
| | | | | Filed By: Unassigned District 4 |
| | | | | Submit Date: 6-17-2013 |
| | | | | Comment: Notice of Bankruptcy |
| OCCD | CA | 06-14-2013 | | Rejected Electronic Document |
| | | | | Comment: Brief of Appellant: The e-file is rejected pursuant to CTO 6/11/13; brief fails to comply with the requirement for record citations. |
| OCCD | CA | 05-21-2013 | | Attorney Change |
| | | | | Comment: Address updated for Atty. Nora |
| OCCD | CA | 05-21-2013 | | Attorney address updated |
| | | | | Comment: Address changed for attorney: 10191 Wendy A. Nora |
| OCCD | CA | 05-01-2013 | | Motion for Miscellaneous Relief |
| | | | | Filed By: Wendy Nora |
| | | | | Submit Date: 5-1-2013 |
| | | | | Decision: (G) Grant |
| | | | | Decision Date: 5-6-2013 |
| | | | | ORD that the time to submit a replacement brief is extended to May 15, 2013. |
| | | | | Comment: MXT to file brief per CTO 4/9/13 |
| OCCD | CA | 04-09-2013 | | Court Order |
| | | | | ORD that the motion for reconsideration is held in abeyance. |
| | | | | FRO that the appellant may submit another brief within twenty-one days of the date of this order. |
| | | | | See MRC event filed on 3-26-2013 |
| OCCD | CA | 03-26-2013 | | Motion for Reconsideration |
| | | | | Filed By: Wendy Nora |
| | | | | Submit Date: 3-27-2013 |
| | | | | Decision: (D) Deny |
| | | | | Decision Date: 6-11-2013 |
| | | | | ORD that the motion for reconsideration is denied. |
| | | | | This motion contains court order(s). |
| OCCD | CA | 03-19-2013 | | Rejected Electronic Document |
| | | | | Comment: Brief of Appellant: The e-file is rejected because the appeal was dismissed for appellant's failure to file a brief that complies with applicable rules. |
| OCCD | CA | 03-06-2013 | | Opinion/Decision |
| | | | | Judge Panel: Lundsten, Higginbotham, Blanchard |
| | | | | Opinion: Memo Opinion |
| | | | | Decision: Dismissed Pages: 1 |
| | | | | Order Text: IT IS ORDERED that this appeal is dismissed for appellant's failure to file a brief that complies with applicable rules. |

| | | | |
|---|---|---|---|
| OCCD | CA | 03-04-2013 | Sua Sponte |

Filed By: Unassigned District 4
Submit Date: 3-4-2013
Decision: (M) Dismiss
Decision Date: 3-6-2013
ORD that this appeal is dismissed for appellant's failure to file a brief that complies with applicable rules.
Comment: accept BAP

| | | | |
|---|---|---|---|
| OCCD | CA | 02-07-2013 | Rejected Electronic Document |

Comment: Brief of Appellant: The e-file is rejected. The appellant's brief was rejected per Ct. App. order dated 2/6/13.

| | | | |
|---|---|---|---|
| OCCD | CA | 02-04-2013 | Sua Sponte |

Filed By: Unassigned District 4
Submit Date: 2-4-2013
Decision: (O) Other
Decision Date: 2-6-2013
ORD that the appellant's brief is rejected. The time to file the appellant's brief is extended to March 1, 2013.
Comment: accept brief

| | | | |
|---|---|---|---|
| OCCD | CA | 12-21-2012 | Motion to Extend Time |

Filed By: Wendy Nora
Submit Date: 12-21-2012
Decision: (G) Grant
Decision Date: 1-4-2013
ORD that , on our own motion, the time to file the appellant's brief is extended to February 1, 2013.
See BAP event due on 2-1-2013

| | | | |
|---|---|---|---|
| OCCD | CA | 11-30-2012 | Motion to Extend Time |

Filed By: Wendy Nora
Submit Date: 12-3-2012
Decision: (G) Grant
Decision Date: 12-5-2012
ORD that the time to file the appellant's brief is extended to December 21, 2012.
See BAP event due on 12-21-2012

| | | | |
|---|---|---|---|
| OCCD | CA | 11-27-2012 | Delinquent |

Comment: New due date of connected BAP: 12-4-2012

| | | | |
|---|---|---|---|
| OCCD | CA | 10-11-2012 | Record |

Comment: 168-4 to 188-1 (Documents 1 to 167 are filed under 11AP879)

| | | | |
|---|---|---|---|
| OCCD | CA | 09-20-2012 | Statement on Transcript |

Filed By: Wendy Nora
Status: Not Needed

| | | | |
|---|---|---|---|
| OCCD | CA | 09-12-2012 | Delinquent |

Comment: New due date of connected SRT: 9-19-2012

| | | | |
|---|---|---|---|
| OCCD | CA | 08-03-2012 | Notif. Sent-Filing of NAP & Ct. Record |

| | | | |
|---|---|---|---|
| OCCD | CA | 08-03-2012 | Fee Paid |

Comment: Receipt No: 12R 001829

| | | | |
|---|---|---|---|
| OCCD | CA | 08-03-2012 | Notice of Appeal & Court Record |

| | | | |
|---|---|---|---|
| OCCD | CA | 07-31-2012 | Docketing Statement from Appellant |

| | | | |
|---|---|---|---|
| OCCD | CA | 07-30-2012 | Notice of Appeal filed in Cir. Ct. |

| | | | |
|---|---|---|---|
| OCCD | CA | 05-01-2012 | Order of Circuit Court |

Return to Case
Printable Version (PDF)

Questions? Contact us.    terms of use | accuracy | briefs | rss

http://wscca.wicourts.gov/appealHistory.xsl;jsessionid=89DB3FAD91D0E403CC068A75...    7/11/2013

**<u>Exhibit E</u>**

APPEAL,CLOSED,PRO_SE

# U.S. District Court
## Western District of Wisconsin (Madison)
## CIVIL DOCKET FOR CASE #: 3:10-cv-00748-wmc

Wendy Alison Nora v. Residential Funding Company, LLC et al.
Assigned to: District Judge William M. Conley
Referred to: Magistrate Judge Stephen L. Crocker
Case in other court: 13-01660
Cause: 18:1961 Racketeering (RICO) Act

Date Filed: 11/30/2010
Date Terminated: 10/02/2012
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt Organization
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Wendy Alison Nora** | represented by | **Wendy Alison Nora** |

ACCESS LEGAL SERVICES
210 Second Street NE
Minneapolis, MN 55413
(612) 333-4144
Fax: (952) 405-8691
Email: accesslegalservices@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Residential Funding Company, LLC** *TERMINATED: 09/30/2012* | represented by | **Phillip Russell Perdew** |

Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606
312-443-1712
Fax: 312-896-6712
Email: rperdew@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
Locke Lord Bissell & Liddell LLP
111 South Wacker Drive
Chicago, IL 60606
312-443-1731
Fax: 312-896-6731
Email: tcunningham@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **RFC Trust 03 Loan Pool Number** | represented by | **Phillip Russell Perdew** |

**RASC2002KSSCONF**
*TERMINATED: 09/30/2012*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**GMAC-RFC Holding Company, LLC**
*TERMINATED: 09/30/2012*

represented by **Phillip Russell Perdew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Residential Capital, LLC**
*TERMINATED: 09/30/2012*

represented by **Phillip Russell Perdew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**GMAC Mortgage Group, LLC**
*TERMINATED: 09/30/2012*

represented by **Phillip Russell Perdew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**GMAC Mortgage, LLC**
*TERMINATED: 09/30/2012*

represented by **Phillip Russell Perdew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GMAC Financial Services**                      represented by    **Phillip Russell Perdew**
*TERMINATED: 09/30/2012*                                          (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Thomas J. Cunningham**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Mortgage Electronic Registration**            represented by    **Phillip Russell Perdew**
**Systems, Inc.**                                                 (See above for address)
*TERMINATED: 09/30/2012*                                          *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Thomas J. Cunningham**
                                                                  (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Aegis Mortgage Corporation**
*TERMINATED: 09/30/2012*

**Defendant**

**Gray & Associates, LLP**                      represented by    **Bryan Kenneth Nowicki**
*TERMINATED: 09/30/2012*                                          Reinhart Boerner Van Deuren, SC
                                                                  22 East Mifflin Street, Suite 600
                                                                  P.O. Box 2018
                                                                  Madison, WI 53701
                                                                  608-229-2200x2218
                                                                  Fax: 608-229-2100
                                                                  Email: bnowicki@reinhartlaw.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Jay Pitner**                                  represented by    **Bryan Kenneth Nowicki**
*TERMINATED: 09/30/2012*                                          (See above for address)
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Riley**                               represented by    **Bryan Kenneth Nowicki**
*TERMINATED: 09/30/2012*                                          (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William N. Foshag**
*TERMINATED: 09/30/2012*

represented by **Bryan Kenneth Nowicki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bass & Moglowsky, S.C.**
*TERMINATED: 09/30/2012*

represented by **David M. Potteiger**
Bass & Moglowsky, S.C.
501 West Northshore Drive
Suite 300
Milwaukee, WI 53217
414-228-6700
Email: david@basmog.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Arthur Moglowsky**
*TERMINATED: 09/30/2012*

represented by **David M. Potteiger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David M. Potteiger**
*TERMINATED: 09/30/2012*

represented by **David M. Potteiger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Penny M. Gentges**
*TERMINATED: 09/30/2012*

represented by **David M. Potteiger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey Stephan**
*TERMINATED: 09/30/2012*

represented by **Christopher R. Hall**
Saul Ewing LLP
Centre Square West
1500 Market Street
38th Floor
Philadelphia, PA 19102
215-972-7180
Fax: 215-972-1917
Email: chall@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory G. Schwab**
Saul Ewing LLP
Centre Square West

1500 Market Street
38th Floor
Philadelphia, PA 19102
215-972-7534
Fax: 215-972-4158
Email: gschwab@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kenneth Urgwuadu**                    represented by    **Phillip Russell Perdew**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas J. Cunningham**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Manish Verma**                        represented by    **Phillip Russell Perdew**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas J. Cunningham**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Amy Nelson**
*TERMINATED: 09/30/2012*

**Defendant**

**Unnamed Co-Conspirators**

**Defendant**

**Homecomings Financial, LLC**         represented by    **Phillip Russell Perdew**
*TERMINATED: 09/30/2012*                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Thomas J. Cunningham**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Ally Financial, Inc.**
*TERMINATED: 09/30/2012*

represented by **Phillip Russell Perdew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cerebus Capital Management, LP**
*TERMINATED: 09/30/2012*

represented by **Phillip Russell Perdew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas J. Cunningham**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2010 | 1 | Disregard - Complaint refiled as #4; (Filing Fee $350, receipt number 0758-663058) filed by Wendy Alison Nora. Modified on 12/1/2010. (mmo) (Entered: 11/30/2010) |
| 11/30/2010 | 2 | Disregard - Contacted attorney on 12/1/2010, asked that caption be corrected and request for issuance of summons re-filed. (arw) (Entered: 11/30/2010) |
| 11/30/2010 | 3 | Corporate Disclosure Statement by Plaintiff Wendy Alison Nora (Nora, Wendy Alison) (Entered: 11/30/2010) |
| 11/30/2010 | 4 | COMPLAINT *(CORRECTED FILING)* of Wendy Alison Nora for RICO and *FDCPA violations* against Aegis Mortgage Corporation, Bass & Moglowsky, S.C., Cerebus Affiliates, William N. Foshag, GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Penny M. Gentges, Gray & Associates, LLP, Arthur Moglowsky, Mortgage Electronic Registration Systems, Inc., Amy Nelson, Jay Pitner, David M. Potteiger, RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Capital, LLC, Residential Funding Company, LLC, Michael Riley, Jeffrey Stephan, Kenneth Urgwaudu, Manish Verma, Unnamed Co-Conspirators. (Filing Fee $350, receipt number 0758-663058) filed by Wendy Alison Nora. (Attachments: # 1 Exhibit A: Aegis Mortgage Corporation Notice of Bankruptcy Filing, # 2 Exhibit B: Fraudulent Assignment of Mortgage from Bankrupt Aegis and MERS to RFC signed by robo-signer Jeffrey Stephan and his trainer Kenneth Urgwaudu of GMAC Mortgage, LLC prepared by Jay Pitner for purposes of taking Plaintiff's home under false pretenses, # 3 Exhibit C-1: Deposition of Robo-signer Jeffrey Stephen in the Maine case |

ECF Western District of Wisconsin    Case: 12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 27    Page 27 of 17

Declaration of Lauren Graham Delehey    Pg 32 of 73

of GMAC v. Bradbury et al testifying to Stephan signing thousands of documents per day without reading them,

# 4 Exhibit C-2: Partial Deposition of Robo-signer Jeffrey Stephan in Florida case of GMAC v. Neu, et al in which Stephan testifies that he that and Kenneth Urgwuadu were not MERS but were GMAC employees pretending to be authorized to sign on behalf of MERS but were GMAC employees pretending to be authorized to sign on behalf of MERS,

# 5 Exhibit D: Copy of Plaintiff's promissory note endorsed Aegis Mortgage Corporation filed with the Dane County Register of Deeds and duplicated from that recording for filing in the Dane County Circuit Court in the racketeering enterprise's second attempt to foreclose on Plaintiff's home,

# 6 Exhibit E: Forged and fraudulently photo shopped copy of the promissory concocted from Exhibit D purporting to endorse the promissory note in favor of RFC and robo-signed by Amy Nelson, an employee of RFC, who was not Assistant Vice President Bank of New York nor Assistant Vice President of RFC and had no power of attorney from either entity and presented to Plaintiff by David Potteinger in Dane County Circuit Court proceedings and filed by Penny Gentges in the United States Bankruptcy Court for the Western District of Wisconsin in support of the Motion to Lift the Automatic Stay in Plaintiff's bankruptcy proceedings,

# 7 Exhibit F: MERS data which was deleted after Plaintiff attached it to a Motion to Dismiss in the state court foreclosure proceedings in order to conceal the true ownership of debt obligation by an unsecured loan pool fraudulently administered by RFC and not registered with the SEC) (Nora, Wendy Alison)

Modified on 12/1/2010; Exhibit C is depo. of J. Stephan; notified filer that depositions should be filed separately in the future. (mmo) (Additional attachment added on 12/6/2010:

# 8 JS-44 Civil Cover Sheet) (arw). (Entered: 11/30/2010)

| | | |
|---|---|---|
| 12/01/2010 | | Case randomly assigned to District Judge William M. Conley and Magistrate Judge Stephen L. Crocker. (arw) (Entered: 12/01/2010) |
| 12/01/2010 | | Standard attachments for Judge William M. Conley required to be served on all parties with summons or waiver of service: NORTC, Briefing Guidelines, Corporate Disclosure Statement. (arw) (Entered: 12/01/2010) |
| 12/03/2010 | 5 | Request for Issuance of Summons by Plaintiff Wendy Alison Nora. (Nora, Wendy Alison) (Entered: 12/03/2010) |
| 12/06/2010 | 6 | Summons Issued as to Residential Funding Company, LLC, Residential Capital, LLC, RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Aegis Mortgage Corporation, Ally Financial, Inc., Bass & Moglowsky, S.C., Cerebus Capital Management, LP, William N. Foshag, GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Penny M. Gentges, Gray & Associates, LLP, Homecomings Financial, LLC, Arthur Moglowsky, Mortgage Electronic Registration Systems, Inc., Amy Nelson, Jay Pitner, David M. Potteiger, Michael Riley, Jeffrey Stephan, Kenneth Urgwuadu, Manish Verma. (arw) (Entered: 12/06/2010) |

| 03/01/2011 | 7 | AMENDED COMPLAINT *dated March 1, 2011* against Aegis Mortgage Corporation, Ally Financial, Inc., Bass & Moglowsky, S.C., Cerebus Capital Management, LP, William N. Foshag, GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Penny M. Gentges, Gray & Associates, LLP, Homecomings Financial, LLC, Arthur Moglowsky, Mortgage Electronic Registration Systems, Inc., Amy Nelson, Jay Pitner, David M. Potteiger, RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Capital, LLC, Residential Funding Company, LLC, Michael Riley, Jeffrey Stephan, Unnamed Co-Conspirators, Kenneth Urgwuadu, Manish Verma, filed by Wendy Alison Nora. (Attachments:<br># 1 Exhibit A: Aegis Mortgage Corporation Notice of Bankruptcy Filing,<br># 2 Exhibit B: Fraudulent Assignment of Plaintiff's Mortgage from MERS to RFC, LLC,<br># 3 Exhibit C-1 Deposition of Robo-signer Jeffrey Stephen in the Maine case of GMAC v. Bradbury et al testifying to Stephan signing thousands of documents per day without reading them,<br># 4 Exhibit C-2 Deposition of Robo-Signor Jeffrey Stephan (excerpts) in Florida case of GMAC v. Neu admitting that he is not an employee or officer of MERS,<br># 5 Exhibit D: Plaintiff's Promissory Note Recorded with the Dane County Register of Deeds,<br># 6 Exhibit E: Forged Promissory Note without dates or warranties of authorities or attached claimed powers of attorney with allonge signed by RFC, LLC employee Amy Nelson purporting to be assistant vice-president of Bank of New York, successor in interest to JP Morgan Chase Bank, by power of attorney which also appears to make her Assistant Vice-President of RFC, LLC,<br># 7 Exhibit F: MERS record showing forged endorsements on Exhibit E) (Nora, Wendy Alison),(ps) Modified exhibit description on 3/2/2011 (mmo). (Entered: 03/01/2011) |
| 04/05/2011 | 8 | Notice of Appearance filed by Thomas J. Cunningham for Defendants Ally Financial, Inc., Cerebus Capital Management, LP, GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Homecomings Financial, LLC, Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Capital, LLC, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma (Cunningham, Thomas), (ps) (Entered: 04/05/2011) |
| 04/05/2011 | 9 | Notice of Appearance filed by Phillip Russell Perdew for Defendants Ally Financial, Inc., Cerebus Capital Management, LP, GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Homecomings Financial, LLC, Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Capital, LLC, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma (Perdew, Phillip),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 10 | **MOTION TO DISMISS** by Defendants Homecomings Financial, LLC, |

| | | |
|---|---|---|
| | | Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma. (Cunningham, Thomas),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 11 | Brief in Support of 10 Motion to Dismiss, by Defendants Homecomings Financial, LLC, Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma (Cunningham, Thomas),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 12 | Disregard-refiled as entry 18 ; (Cunningham, Thomas),(ps) Modified on 4/5/2011; asked to refile with exhibits descriptions. (mmo). (Entered: 04/05/2011) |
| 04/05/2011 | 13 | **MOTION TO DISMISS** by Defendants Ally Financial, Inc., GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Residential Capital, LLC. (Cunningham, Thomas),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 14 | Brief in Support of 13 Motion to Dismiss by Defendants Ally Financial, Inc., GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Residential Capital, LLC (Cunningham, Thomas),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 15 | **MOTION TO DISMISS** by Defendant Cerebus Capital Management, LP. (Cunningham, Thomas),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 16 | Brief in Support of 15 Motion to Dismiss by Defendant Cerebus Capital Management, LP (Cunningham, Thomas),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 17 | **MOTION TO DISMISS** by Defendants Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger. (Attachments: # 1 Exhibit Affidavit of Tammy Salvo, # 2 Exhibit Affidavit of David M. Potteiger) (Potteiger, David),(ps) Modified on 4/6/2011; asked to refile only affidavits as separate documents. (mmo). (Entered: 04/05/2011) |
| 04/05/2011 | 18 | Motion to Request Judicial Notice by Defendants Homecomings Financial, LLC, Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma. (Attachments: # 1 Exhibit 1 - Complaint filed in Circuit Court for Dane County, Wisconsin on 3/3/2009, # 2 Exhibit 2 - Motion to Dismiss filed by Nora on 4/7/2009, # 3 Exhibit 3 - Addendum to Motion to Dismiss filed by Nora on 5/11/2009, # 4 Exhibit 4 - Order Denying Motion to Dismiss entered on 6/5/2009, # 5 Exhibit 5 - Answer filed by Nora on 6/7/2009, # 6 Exhibit 6 - Motion to Dismiss filed by Nora on 6/28/2009, # 7 Exhibit 7 - Brief in Support of Motion to Dismiss filed by Nora on 7/14/2009, # 8 Exhibit 8 - Reply in Support of Motion to Dismiss filed by Nora on 9/8/2009, # 9 Exhibit 9 - Motion to Supplement Answer filed by Nora on 1/14/2010, |

| | | |
|---|---|---|
| | | # 10 Exhibit 10 - Supplemental Answer filed by Nora on 1/14/2010, <br> # 11 Exhibit 11 - Response to Motion for Summary Judgment filed by Nora on 1/14/2010, <br> # 12 Exhibit 12 - Motion to Require Production of Original Note filed by Nora on 1/15/2010, <br> # 13 Exhibit 13 - Amended Motion to Require Production of Original Note filed by Nora on 1/19/2010, <br> # 14 Exhibit 14 - Order Granting Summary Judgment entered on 2/9/2010, <br> # 15 Exhibit 15 - Order Denying Motion to Dismiss entered on 3/3/2010, <br> # 16 Exhibit 16 - Judgment entered on 3/3/2010) (Cunningham, Thomas),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 19 | Brief in Support of 17 Motion to Dismiss by Defendants Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger (Potteiger, David),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | | Set Deadlines as to 10 MOTION TO DISMISS, 13 MOTION TO DISMISS, 15 MOTION TO DISMISS, 17 MOTION TO DISMISS, 18 Motion to Request Judicial Notice. Plaintiff's Brief(s) in Opposition due 4/26/2011. Defendants' Brief(s) in Reply due 5/6/2011. (elc),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 20 | Notice of Appearance filed by David M Potteiger for Defendants Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger (Potteiger, David),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 21 | Notice of Appearance filed by Gregory G. Schwab for Defendant Jeffrey Stephan (Schwab, Gregory),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 22 | Notice of Appearance filed by Christopher R. Hall for Defendant Jeffrey Stephan (Hall, Christopher),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 23 | **MOTION TO DISMISS** by Defendant Jeffrey Stephan. (Schwab, Gregory), (ps) (Entered: 04/05/2011) |
| 04/05/2011 | 24 | Brief in Support of 23 Motion to Dismiss by Defendant Jeffrey Stephan (Schwab, Gregory),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | | Set Deadlines as to 23 MOTION TO DISMISS. Plaintiff's Brief in Opposition due 4/26/2011. Defendant's Brief in Reply due 5/6/2011. (elc),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 25 | Notice of Appearance filed by Bryan K. Nowicki for Defendants William N. Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley (Nowicki, Bryan), (ps) (Entered: 04/05/2011) |
| 04/05/2011 | 26 | **MOTION TO DISMISS** by Defendants William N. Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley. (Nowicki, Bryan),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 27 | Brief in Support of 26 Motion to Dismiss by Defendants William N. Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley (Nowicki, Bryan),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | 28 | Notice to Join 18 Motion to Request Judicial Notice by Defendants William N. |

ECF Western District of Wisconsin    12-1202-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 21    Page 21 of 17

Declaration of Lauren Graham Delehey    Pg 36 of 73

| | | Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley. (Nowicki, Bryan), (ps) Modified docket text on 4/6/2011 (mmo). (Entered: 04/05/2011) |
|---|---|---|
| 04/05/2011 | 29 | Certificate of Service by Defendants William N. Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley (Nowicki, Bryan),(ps) (Entered: 04/05/2011) |
| 04/05/2011 | | Set Deadlines as to 26 MOTION TO DISMISS. Plaintiff's Brief in Opposition due 4/26/2011. Defendants' Brief in Reply due 5/6/2011. (elc),(ps) (Entered: 04/05/2011) |
| 04/06/2011 | 30 | Affidavit of Tammy Salvo filed by Defendants Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger re: 17 MOTION TO DISMISS (Potteiger, David),(ps) (Entered: 04/06/2011) |
| 04/06/2011 | 31 | Affidavit of David Potteiger filed by Defendants Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger re: 17 MOTION TO DISMISS (Potteiger, David),(ps) (Entered: 04/06/2011) |
| 04/21/2011 | 32 | Motion for Extension of Time *to Respond to Motions to Dismiss and File Motions for Judicial Notice* by Plaintiff Wendy Alison Nora. Motions referred to Magistrate Judge Stephen L. Crocker. (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) (Entered: 04/21/2011) |
| 04/22/2011 | 33 | ** TEXT ONLY ORDER ** <br> Plaintiff's 32 motion for an extension is granted, and defendants' reply deadline is extended commensurately. The parties should not expect additional extensions of these deadlines. Plaintiff's brief(s) in opposition due 5/5/2011. Defendants' briefs in reply due 5/16/2011. Signed by Magistrate Judge Stephen L. Crocker on 4/22/2011. (jef),(ps) (Entered: 04/22/2011) |
| 05/02/2011 | 34 | Affidavit of Service by Plaintiff. Ally Financial, Inc. served on 3/15/2011, answer due 4/5/2011; GMAC Mortgage Group, LLC served on 3/15/2011, answer due 4/5/2011; GMAC Mortgage, LLC served on 3/15/2011, answer due 4/5/2011; GMAC-RFC Holding Company, LLC served on 3/15/2011, answer due 4/5/2011; Homecomings Financial, LLC served on 3/15/2011, answer due 4/5/2011; Mortgage Electronic Registration Systems, Inc. served on 3/15/2011, answer due 4/5/2011; Residential Capital, LLC served on 3/15/2011, answer due 4/5/2011; Residential Funding Company, LLC served on 3/15/2011, answer due 4/5/2011; Jeffrey Stephan served on 3/15/2011, answer due 4/5/2011; Kenneth Urgwuadu served on 3/20/2011, answer due 4/11/2011; Manish Verma served on 3/15/2011, answer due 4/5/2011. (Nora, Wendy Alison),(ps) (Entered: 05/02/2011) |
| 05/02/2011 | 35 | Affidavit of Service by Plaintiff. David M. Potteiger served on 3/15/2011, answer due 4/5/2011. (Nora, Wendy Alison),(ps) (Entered: 05/02/2011) |
| 05/02/2011 | 36 | Affidavit of Service by Defendants Bass & Moglowsky, S.C., William N. Foshag, Penny M. Gentges, Gray & Associates, LLP, Arthur Moglowsky, Jay Pitner, David M. Potteiger, Michael Riley (Nora, Wendy Alison),(ps) Modified docket text on 5/3/2011 (mmo). (Entered: 05/02/2011) |
| 05/04/2011 | 37 | Motion to Strike 17 MOTION TO DISMISS, 25 Notice of Appearance, Set Motion and R&R Deadlines/Hearings, 18 Motion to Request Judicial Notice, |

ECF Western District of Wisconsin  Case: 12-2020  Document: 5153-2  Filed 09/20/13  Entered 09/20/13 19:46:59  Exhibit 2  Page 2 of 17

Declaration of Lauren Graham Delehey  Pg 37 of 73

| | | |
|---|---|---|
| | | 14 Brief in Support, 10 MOTION TO DISMISS, 11 Brief in Support, 16 Brief in Support, Set Motion and R&R Deadlines/Hearings, 9 Notice of Appearance, 33 Text Only Order, 8 Notice of Appearance, 15 MOTION TO DISMISS, 28 Notice (Other), 26 MOTION TO DISMISS, 20 Notice of Appearance, 19 Brief in Support, 27 Brief in Support, Motion to Stay re 17 MOTION TO DISMISS, 25 Notice of Appearance, 3 Corporate Disclosure Statement, 18 Motion to Request Judicial Notice, 14 Brief in Support, 10 MOTION TO DISMISS, 11 Brief in Support, 13 MOTION TO DISMISS, 16 Brief in Support, 9 Notice of Appearance, 15 MOTION TO DISMISS, 28 Notice (Other), 26 MOTION TO DISMISS, 20 Notice of Appearance, 19 Brief in Support, 27 Brief in Support by Plaintiff Wendy Alison Nora. (Attachments: # 1 Exhibit Corporate Disclosure Statement filed by Defendant RFC, LLC in Seventh Circuit Court of Appeals/NO CORPORATE DISCLOSURE STATEMENT FILED BY ANY CORPORATE DEFENDANT UNDER FRCP 7.1 IN THIS ACTION, # 2 Exhibit Record of Withdrawal of Assumed Name of GMAC Financial Services dated February 2, 2011 (Michigan Secretary of State)) (Nora, Wendy Alison),(ps) (Entered: 05/04/2011) |
| 05/04/2011 | 38 | Certificate of Service by Plaintiff Wendy Alison Nora (Nora, Wendy Alison),(ps) (Entered: 05/04/2011) |
| 05/05/2011 | 39 | Brief in Opposition by Defendant Bass & Moglowsky, S.C. re: 37 Motion to Strike filed by Wendy Alison Nora (Potteiger, David),(ps) Modified text on 5/5/2011 (jef). (Entered: 05/05/2011) |
| 05/05/2011 | 40 | Corporate Disclosure Statement by Defendant Bass & Moglowsky, S.C. (Potteiger, David),(ps) (Entered: 05/05/2011) |
| 05/05/2011 | 41 | ** TEXT ONLY ORDER ** The court is in receipt of plaintiff's 37 motion to strike corporate defendants' pleadings for failure to comply with Federal Rule of Civil Procedure 7.1 and plaintiffs alternative motion to stay plaintiffs responses to corporate defendants pleadings. Plaintiffs 37 motion is DENIED. The court orders each corporate defendant to file a Corporate Disclosure Statement by Friday, May 13, 2011. (See Docket Entry for 12/01/2010 Standard Attachments for a blank form.) As plaintiff points out in her motion, the reason for the disclosure statement is to enable judges to evaluate possible disqualification or recusal. Although defendants should have filed disclosures with their motions to dismiss, the delay in filing does not prejudice plaintiff. Moreover, filing by the end of next week will provide ample time for the court to assess whether there are any interests at stake which would warrant recusal before consideration of the defendants' pending motions to dismiss. Signed by District Judge William M. Conley on 5/5/2011. (jef),(ps) (Entered: 05/05/2011) |
| 05/05/2011 | 42 | Corporate Disclosure Statement by Defendant Gray & Associates, LLP (Nowicki, Bryan),(ps) (Entered: 05/05/2011) |
| 05/05/2011 | 43 | Corporate Disclosure Statement by Defendants Ally Financial, Inc., GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Homecomings Financial, LLC, RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Capital, LLC, |

|  |  | Residential Funding Company, LLC (Perdew, Phillip),(ps) (Entered: 05/05/2011) |
|---|---|---|
| 05/05/2011 | 44 | Corporate Disclosure Statement by Defendant Mortgage Electronic Registration Systems, Inc. (Perdew, Phillip),(ps) (Entered: 05/05/2011) |
| 05/05/2011 | 45 | STIPULATION of Dismissal *of Defendant Stephan on terms set forth therein* (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) (Entered: 05/05/2011) |
| 05/05/2011 | 46 | Brief in Opposition by Plaintiff Wendy Alison Nora on grounds of issue and/or claim preclusion re: 17 Motion to Dismiss, 15 Motion to Dismiss, 26 Motion to Dismiss, 13 Motion to Dismiss, 10 Motion to Dismiss, (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) Modified docket text on 5/6/2011 (mmo). Modified text on 5/9/2011 (jef). (Entered: 05/05/2011) |
| 05/05/2011 | 47 | Requests for Judicial Notice by Plaintiff Wendy Alison Nora re 46 Brief in Opposition. (Attachments: # 1 Judicial Notice Document 1: State Court Order of March 24, 2011, # 2 Document 2: State Court Order of March 18, 2011, # 3 Document 3: State Court Order of March 1, 2011, # 4 Document 4: Notice of Appeal, Docketing Statement, Certificate of Service) (Nora, Wendy Alison),(ps) Modified text on 5/9/2011 (jef). (Entered: 05/05/2011) |
| 05/05/2011 | 48 | Brief in Opposition by Plaintiff Wendy Alison Nora on Rooker-Feldman and Abstention Doctrines re: 17 Motion to Dismiss, 15 Motion to Dismiss, 26 Motion to Dismiss, 23 Motion to Dismiss, 13 Motion to Dismiss, 10 Motion to Dismiss, (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) Modified docket text on 5/6/2011 (mmo). Modified text on 5/9/2011 (jef). (Entered: 05/05/2011) |
| 05/05/2011 | 49 | Certificate of Service by Plaintiff Wendy Alison Nora (Nora, Wendy Alison), (ps) (Entered: 05/05/2011) |
| 05/05/2011 | 50 | Amended Brief in Opposition by Plaintiff Wendy Alison Nora re: 17 Motion to Dismiss, 26 Motion to Dismiss, 23 Motion to Dismiss, 13 Motion to Dismiss, 10 Motion to Dismiss, *AMENDED to correct typographical error at page 1, line 2* (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) Modified docket text on 5/6/2011 (mmo). (Entered: 05/05/2011) |
| 05/05/2011 | 51 | Brief in Opposition by Plaintiff Wendy Alison Nora re: 17 MOTION TO DISMISS filed by Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) (Entered: 05/05/2011) |
| 05/05/2011 | 52 | Amended Brief in Opposition by Plaintiff Wendy Alison Nora re: 17 MOTION TO DISMISS filed by Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger, 15 MOTION TO DISMISS filed by Cerebus Capital Management, LP, 26 MOTION TO DISMISS filed by Michael Riley, Gray & Associates, LLP, Jay Pitner, William N. Foshag, 13 MOTION TO DISMISS filed by Ally Financial, Inc., Residential Capital, LLC, GMAC-RFC |

| | | |
|---|---|---|
| | | Holding Company, LLC, GMAC Mortgage, LLC, GMAC Financial Services, GMAC Mortgage Group, LLC, 10 MOTION TO DISMISS filed by RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Mortgage Electronic Registration Systems, Inc., Manish Verma, Homecomings Financial, LLC, Kenneth Urgwuadu, Residential Funding Company, LLC *AMENDED to Attach Affidavit of Service on David M. Potteiger by Michael Hardena* (Attachments: # 1 Affidavit of Service on David M. Potteiger, # 2 Certificate of Service) (Nora, Wendy Alison),(ps) Modified docket text on 5/6/2011 (mmo). (Entered: 05/05/2011) |
| 05/05/2011 | 53 | Motion to Stay re 15 MOTION TO DISMISS *and Provide 5 days to Provide Additional Respond to Cerberus Motion to Dismiss after FRCP 7.1 Filing* by Plaintiff Wendy Alison Nora. (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) (Entered: 05/05/2011) |
| 05/06/2011 | 54 | ** TEXT ONLY ORDER ** Plaintiff Wendy Alison Nora and defendant Jeffrey Stephan's 45 stipulation of dismissal of defendant Jeffrey Stephan is accepted and entered. Signed by District Judge William M. Conley on 5/6/2011. (jef),(ps) (Entered: 05/06/2011) |
| 05/06/2011 | | Set Briefing as to plaintiff's 53 Motion to Stay. Response due 5/11/2011. There will be no reply. (jef),(ps) (Entered: 05/06/2011) |
| 05/06/2011 | 55 | Brief in Opposition by Defendant Cerebus Capital Management, LP re: 53 Motion to Stay re 15 MOTION TO DISMISS *and Provide 5 days to Provide Additional Respond to Cerberus Motion to Dismiss after FRCP 7.1 Filing* filed by Wendy Alison Nora (Perdew, Phillip),(ps) Modified on 5/9/2011 (mmo). (Entered: 05/06/2011) |
| 05/09/2011 | 56 | ** TEXT ONLY ORDER ** The court is in receipt of plaintiff's 53 motion to stay determination of defendant Cerberus Capital Management, LP's motion to dismiss and for an extension of time of five days after Cerberus files its corporate disclosure statement to respond (or supplement her response) to Cerberus's 15 motion to dismiss. Cerberus moves to dismiss this plaintiff's action for lack of personal jurisdiction. Given that the information in its corporate disclosure statement may be relevant to plaintiff's opposition, the court GRANTS plaintiff's motion. A response to Cerberus's motion to dismiss is due within five days of the date Cerberus files its corporate disclosure statement. Signed by District Judge William M. Conley on 5/9/2011. (jef),(ps) (Entered: 05/09/2011) |
| 05/12/2011 | 57 | Brief in Reply by Defendants Bass & Moglowsky, S.C., Penny M. Gentges, Arthur Moglowsky, David M. Potteiger in Support of 17 Motion to Dismiss, (Potteiger, David),(ps) (Entered: 05/12/2011) |
| 05/12/2011 | 58 | Notice by Plaintiff Wendy Alison Nora re 57 Brief in Reply *re: concurrent state and federal jurisdiction.* (Nora, Wendy Alison),(ps) (Entered: 05/12/2011) |
| 05/13/2011 | 59 | Corporate Disclosure Statement by Defendant Cerebus Capital Management, LP (Perdew, Phillip),(ps) (Entered: 05/13/2011) |
| | | |

| 05/16/2011 | 60 | Brief in Reply by Defendants Homecomings Financial, LLC, Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma in Support of 10 Motion to Dismiss, (Perdew, Phillip),(ps) (Entered: 05/16/2011) |
| --- | --- | --- |
| 05/16/2011 | 61 | Brief in Reply by Defendants Ally Financial, Inc., GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Residential Capital, LLC in Support of 13 Motion to Dismiss (Perdew, Phillip),(ps) (Entered: 05/16/2011) |
| 05/16/2011 | 62 | Brief in Reply by Defendants William N. Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley in Support of 26 Motion to Dismiss (Nowicki, Bryan), (ps) (Entered: 05/16/2011) |
| 05/18/2011 | 63 | Brief in Opposition by Plaintiff Wendy Alison Nora re: 15 MOTION TO DISMISS filed by Cerebus Capital Management, LP (Attachments: # 1 Certificate of Service) (Nora, Wendy Alison),(ps) (Entered: 05/18/2011) |
| 05/18/2011 | 64 | Motion for Request for Judicial Notice of Documents Pertaining to Separate Motion to Dismiss of Cerberus Capital Management, LP re 54 Text Only Order, 59 Corporate Disclosure Statement, 15 MOTION TO DISMISS, 63 Brief in Opposition by Plaintiff Wendy Alison Nora. (Attachments: # 1 Exhibit Documents Numbered 5-10 for Judicial Notice, # 2 Certificate of Service) (Nora, Wendy Alison),(ps) (Entered: 05/18/2011) |
| 05/27/2011 | 65 | Brief in Reply by Defendant Cerebus Capital Management, LP in Support of 15 Motion to Dismiss (Perdew, Phillip),(ps) (Entered: 05/27/2011) |
| 05/27/2011 | 66 | Brief in Opposition by Defendant Cerebus Capital Management, LP re: 64 Motion for Request for Judicial Notice of Documents Pertaining to Separate Motion to Dismiss of Cerberus Capital Management, LP by Wendy Alison Nora. (Perdew, Phillip),(ps) Modified docket text on 6/1/2011. (arw) (Entered: 05/27/2011) |
| 01/07/2012 | 67 | Notice of Change of Address by Wendy Alison Nora (Nora, Wendy Alison), (ps) (Entered: 01/07/2012) |
| 05/15/2012 | 68 | Notice by Plaintiff Wendy Alison Nora *of Bankruptcy Filing of Defendants Bankruptcy Filing Notices for Residential Funding Company, LLC; GMAC-RFC Holding Company, LLC; Residential Capital, LLC; GMAC Mortgage, LLC; and Homecomings Financial, LLC on May 14, 2012.* (Attachments: # 1 Exhibit Bankruptcy Filing Notices for Residential Funding Company, LLC; GMAC-RFC Holding Company, LLC; Residential Capital, LLC; GMAC Mortgage, LLC; and Homecomings Financial, LLC in the Bankruptcy Court for the Southern District of New York, # 2 Certificate of Service) (Nora, Wendy Alison),(ps) (Entered: 05/15/2012) |
| 09/30/2012 | 69 | ORDER granting defendants' Motions to Dismiss under the Rooker-Feldman doctrine. Signed by District Judge William M. Conley on 9/30/2012. (mfh),(ps) Modified on 10/10/2012 (llj). (Entered: 09/30/2012) |
| 10/02/2012 | 70 | JUDGMENT entered dismissing this case without prejudice for lack of subject |

| | | matter jurisdiction. (PAO). (jef),(ps) (Entered: 10/02/2012) |
|---|---|---|
| 10/26/2012 | 71 | Motion for Reconsideration re 69 Order on Motion to Dismiss,, Order on Motion for Miscellaneous Relief, 70 Judgment by Plaintiff Wendy Alison Nora. (Nora, Wendy Alison),(ps) Modified docket text on 10/29/2012 (mmo). (Entered: 10/26/2012) |
| 10/26/2012 | 72 | Motion to Vacate 69 Order on Motion to Dismiss,, Order on Motion for Miscellaneous Relief, 70 Judgment by Plaintiff Wendy Alison Nora. (Attachments: # 1 Exhibit A: Plaintiff's Reply Brief in Wisconsin Court of Appeals Case No. 11-AP-879 dated May 10, 2012) (Nora, Wendy Alison),(ps) Modified docket text on 10/29/2012 (mmo). (Entered: 10/26/2012) |
| 11/13/2012 | 73 | Brief in Opposition by Defendants Ally Financial, Inc., Cerebus Capital Management, LP, GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Homecomings Financial, LLC, Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Capital, LLC, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma re: 71 Motion for Reconsideration filed by Wendy Alison Nora (Cunningham, Thomas),(ps) (Entered: 11/13/2012) |
| 11/13/2012 | 74 | Brief in Opposition by Defendants Ally Financial, Inc., Cerebus Capital Management, LP, GMAC Financial Services, GMAC Mortgage Group, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Homecomings Financial, LLC, Mortgage Electronic Registration Systems, Inc., RFC Trust 03 Loan Pool Number RASC2002KSSCONF, Residential Capital, LLC, Residential Funding Company, LLC, Kenneth Urgwuadu, Manish Verma re: 72 Motion to Vacate, filed by Wendy Alison Nora (Cunningham, Thomas),(ps) (Entered: 11/13/2012) |
| 11/15/2012 | 75 | Joinder by Defendants William N. Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley to 73 Brief in Opposition re: 71 Motion for Reconsideration filed by Wendy Alison Nora (Nowicki, Bryan),(ps) Modified docket text on 11/16/2012 (elc). (Entered: 11/15/2012) |
| 11/15/2012 | 76 | Joinder by Defendants William N. Foshag, Gray & Associates, LLP, Jay Pitner, Michael Riley to 74 Brief in Opposition re: 72 Motion to Vacate, filed by Wendy Alison Nora (Nowicki, Bryan),(ps) Modified docket text on 11/16/2012 (elc). (Entered: 11/15/2012) |
| 03/01/2013 | 77 | ORDER denying as moot 71 Motion for Reconsideration; denying 72 Motion to Vacate. Signed by District Judge William M. Conley on 3/1/2013. (jef),(ps) (Entered: 03/01/2013) |
| 03/27/2013 | 78 | NOTICE OF APPEAL by Plaintiff Wendy Alison Nora as to 69 Order on Motion to Dismiss, Order on Motion for Miscellaneous Relief, 77 Order on Motion for Reconsideration, Order on Motion to Vacate, 70 Judgment. Filing fee of $ 455, receipt number 0758-1150614 paid. No Docketing Statement filed. (Nora, Wendy Alison),(ps) Modified docket text on 3/27/2013 (mmo). (Entered: 03/27/2013) |
| | | |

ECF Western District of Wisconsin    12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 27    Page 47 of 17

Declaration of Lauren Graham Delehey    Pg 42 of 73

| 03/27/2013 | 79 | Appeal Information Packet (mmo),(ps) (Entered: 03/27/2013) |
|---|---|---|
| 03/27/2013 | 80 | Transmission of Notice of Appeal, Appeal Information Sheet, Docket Sheet and Judgment to Seventh Circuit Court of Appeals re 78 Notice of Appeal, (Attachments: # 1 Info sheet, # 2 Order #69, # 3 Judgment, # 4 Order #77, # 5 Docket sheet) (mmo),(ps) (Entered: 03/27/2013) |
| 03/28/2013 | | USCA Case Number 13-1660 for 78 Notice of Appeal, filed by Wendy Alison Nora. (elc),(ps) (Entered: 03/28/2013) |
| 04/09/2013 | 81 | Docketing Statement re: 78 Notice of Appeal. (Nora, Wendy Alison),(ps) (Entered: 04/09/2013) |
| 05/15/2013 | 82 | ORDER from USCA granting defendant Jeffrey Stephan's motion on non-involvement in appeal as to 78 Notice of Appeal, filed by Wendy Alison Nora. (elc),(ps) (Entered: 05/15/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/10/2013 14:18:18 | | | |
| **PACER Login:** | mf0071 | **Client Code:** | 99992-0000367-00407 |
| **Description:** | Docket Report | **Search Criteria:** | 3:10-cv-00748-wmc Start date: 1/1/2010 End date: 12/31/2013 |
| **Billable Pages:** | 14 | **Cost:** | 1.40 |

# Exhibit F

12-12020-mg   Doc 5153-2   Filed 09/20/13   Entered 09/20/13 19:46:59   Exhibit 2 -
Declaration of Lauren Graham Delehey   Pg 44 of 73
Case: 3:10-cv-00748-wmc   Document #: 69   Filed: 09/30/12   Page 1 of 16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA,

|  |  |  |
|---|---|---|
|  | Plaintiff, | OPINION AND ORDER |
| v. |  | 10-cv-748-wmc |

RESIDENTIAL FUNDING COMPANY, LLC,
RFC TRUST 03 LOAN POOL NUMBER
RASC2002KSSCONF, GMAC-RFC HOLDING
COMPANY, LLC, RESIDENTIAL CAPITAL, LLC,
GMAC MORTGAGE GROUP, LLC, GMAC
MORTGAGE, LLC, GMAC FINANCIAL SERVICES,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AEGIS MORTGAGE
CORPORATION, GRAY & ASSOCIATES, LLP,
JAY PITNER, MICHAEL RILEY, WILLIAM N.
FOSHAG, BASS & MOGLOWSKY, S.C., ARTHUR
MOGLOWSKY, DAVID M. POTTEIGER, PENNY
M. GENTGES, JEFFREY STEPHAN, MANISH
VERMA, AMY NELSON, HOMECOMINGS
FINANCIAL, LLC, ALLY FINANCIAL, INC.,
CERBERUS CAPITAL MANAGEMENT, LP,
KENNETH UGWUADU, and UNNAMED
CO-CONSPIRATORS,

Defendants.

---

In this lawsuit, plaintiff Wendy Alison Nora alleges that various entities and

individuals involved in an allegedly fraudulent scheme involving plaintiff's mortgage

violated provisions of the Racketeer Influenced and Corruptions Act ("RICO"), 18

U.S.C. §§ 1961-1968, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 45 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 2 of 16

§ 1692.[1]  Defendants have filed multiple motions to dismiss, asserting a number of well-reasoned arguments for dismissal of the action in its entirety or as to particular defendants or claims.  The court's analysis begins and necessarily ends with defendants' argument challenging this court's jurisdiction.[2]  Because Nora's complaint challenges a state court's foreclosure judgment, her claims are barred by the *Rooker-Feldman* doctrine.

## ALLEGATIONS OF FACT[3]

### A.  Overview of Parties and Claims

The amended complaint alleges that Nora secured a mortgage on her home from defendant Cerberus Capital Management, LP.  (Am. Compl. (dkt. #7) ¶ 28.)  Cerberus owns Aegis Mortgage Corporation, which is currently in Chapter 11 bankruptcy proceedings. *In re Aegis Mortgage Corporation, et al.*, No. 07-11119-BLS (Bankr. D. Del. filed Aug. 13, 2007).  (*See also* Am. Compl., Ex. A (dkt. #7-1).)  The complaint alleges that Cerberus "procured Plaintiff's promissory note payable to Aegis and created [Mortgage Electronic Registration Systems, Inc.] as its nominee for Plaintiff's mortgage." (*Id.*)

---

[1] The complaint incorrectly identifies a number of defendants.  The court has corrected the caption and identifies the defendants by their corrected names in this opinion.

[2] Defendants Bass & Moglowsky, S.C., Arthur Moglowsky, Penny Gentges and David Potteiger also challenge Nora's standing to bring claims that belong to the bankruptcy court.  However, a Chapter 13 debtor has standing to pursue claims of the estate.  *See, e.g.*, *Cable v. Ivy Tech State College*, 200 F.3d 467, 474 (7th Cir. 1999).

[3] The court accepts as true all well-pleaded facts and allegations in the complaint, drawing all reasonable inferences in favor of plaintiff.  *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010).

12-12020-mg   Doc 5153-2   Filed 09/20/13   Entered 09/20/13 19:46:59   Exhibit 2 -
Declaration of Lauren Graham Delehey   Pg 46 of 73
Case: 3:10-cv-00748-wmc   Document #: 69   Filed: 09/30/12   Page 3 of 16

The heart of plaintiff's complaint appears to be an alleged fraudulent assignment of the mortgage to defendant Residential Funding Company, LLC ("RFC"). (Am. Compl., Ex. B (dkt. #7-2).) The assignment of mortgage provides:

> Mortgage Electronic Registration Systems, Inc., as mortgagee of record, Assignor, for a valuable consideration, assigns to Residential Funding Company, LLC fka Residential Funding Corporation the mortgage executed by Wendy Alison Nora to Mortgage Electronic Registration Systems, Inc., as nominee for AEGIS Mortgage Corporation on the 5th day of June, 2002, together with the previously transferred note secured thereby, the aforementioned mortgage being assigned was recorded in the office of the Register of Deeds of Dane County, Wisconsin, on the 27th day of June, 2002 . . . together with the note and indebtedness it secures.

(*Id.*)

A number of parent and affiliate entities of Residential Funding, LLC are named as defendants to this action. Starting at the top, GMAC Financial Services, which adopted the name Ally Financial in 2010, is the parent company of GMAC Mortgage Group LLC and GMAC Mortgage LLC (collectively referred to as GMAC Mortgage). Individual defendants Jeffrey Stephan, Kenneth Ugwuadu, and Manish Verma are or were employees of GMAC Mortgage. GMAC Mortgage is the parent company of Homecomings Financial, LLC, who at one time allegedly serviced plaintiff's mortgage. GMAC Mortgage is also the parent company of Residential Capital, LLC, and Residential Capital is the parent company of GMAC-RFC Holding, which in turn is the parent company of Residential Funding LLC. The complaint alleges Stephan, Ugwuadu, and Verma were involved in this fraudulent assignment. The assignment was signed by Jeffrey Stephan as "Vice President" of Mortgage Electronic Registration Systems, Inc.

3

("MERS"), and Kenneth Ugwuadu as "Assistant Secretary" also of MERS.  (Am. Compl., Ex. B (dkt. #7-2).)  Residential Funding allegedly then bundled plaintiff's mortgage and placed it in the RFC Trust 03 Loan Pool Number RASC2002KSSCONF ("the RFC Trust").[4]

The complaint also alleges claims against two law firms and employees of those firms.  First, plaintiff alleges defendant Gray & Associates, LLP and its employees Jay Pitner, Michael Rules, and William Foshag were involved in the alleged fraudulent assignment.  The above-referenced assignment was drafted by Jay Pitner.  (Am. Compl., Ex. B (dkt. #7-2).)  Nora alleges that Pitner knew or should have known that AEGIS was in bankruptcy and could not have lawfully transferred any interest to RFC; MERS lacked authority to assign its interest; and Stephen and Ugwuadu were not employees of MERS, but rather of GMAC Mortgage.  (Am. Compl. (dkt. #7) ¶¶ 34-36.)

Second, plaintiff alleges defendant Bass & Moglowsky and two of its attorneys Arthur Moglowsky and David Potteiger presented a "fraudulently created promissory note" and drafted a "perjurious" affidavit in a foreclosure action in state court in order to defraud the state court and plaintiff.  (*Id.* at ¶¶ 61-70, 89.)  Plaintiff also alleges that defendant Potteiger prevented GMAC Mortgage, LLC from providing plaintiff with a

---

[4] In her complaint, Nora designates what the court assumed to be a subset of defendants as the "GMAC Racketeering Enterprise."  (Am. Compl. (dkt. #7) ¶ 23 (listing paragraph numbers for certain parties as belonging to the "GMAC Racketeering Enterprise" and stating that that enterprise conspired with "the remaining named and unnamed parties").  The court painstakingly followed Nora's numerous cross-references only to discover that Nora uses the short-hand "GMAC Racketeering Enterprise" to refer to *all* defendants.  The court opts to refer to the defendants collectively as "defendants."

12-12020-mg   Doc 5153-2   Filed 09/20/13   Entered 09/20/13 19:46:59   Exhibit 2 -
Declaration of Lauren Graham Delehey   Pg 48 of 73
Case: 3:10-cv-00748-wmc   Document #: 69   Filed: 09/30/12   Page 5 of 16

loan modification under the HAMP program, and that this action, too, was in furtherance of the larger conspiracy. (*Id.* at ¶¶ 92-96.)

## B. State Foreclosure Action

Plaintiff's home became the subject of a foreclosure action in the Circuit Court of Dane County, Wisconsin. *Residential Funding Company, LLC v. Nora*, No. 09CV1096 (Wis. Cir. Ct., Dane Cnty. filed Mar. 3, 2009). The parties here move the court to take judicial notice of certain documents filed in the foreclosure proceeding (dkt. ##18, 47), which the court will grant. The foreclosure action was filed on March 3, 2009. The court granted summary judgment to RFC on February 9, 2010, and entered judgment in favor of RFC on March 3, 2010, in the amount of $259,912.49, ordering the sale of plaintiff's home, with proceeds (after deducting for sheriff's fees and expenses of sale) to be applied first to the amount due RFC. (Dkt. ##18-14, 18-16.)

Nora did not appeal the March 3, 2010, judgment. Rather, a full year later, Nora filed motions on March 7, 2011, to vacate the court's grant of summary judgment to RFC and to vacate the judgment. The court denied the motion to vacate summary judgment on March 18, 2011, and denied the motion to vacate the foreclosure judgment on March 24, 2011. (Dkt. #47-1.) Nora is currently appealing those decisions, as well as the state court's order confirming the sheriff's sale dated March 1, 2011. (Dkt. #47-4.) From the Wisconsin Court of Appeals docket sheet, the appeal is currently awaiting

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 49 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 6 of 16

assignment. *Residential Funding Company LLC v. Wendy Alison Nora*, No. 2011 AP 000879

(Wis. Ct. App. filed Apr. 19, 2011). [5]

### C. Procedural Posture

Nora filed this federal action on November 30, 2010. (Dkt. #1.) Before any of

the defendants were required to answer or otherwise respond to her original complaint,

Nora filed an amended complaint on March 1, 2011, which is the subject of the present

motions. (Dkt. #7.)

OPINION[6]

The *Rooker-Feldman* doctrine deprives this court of jurisdiction to review a state

court decision. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v.

Fidelity Trust Co.*, 263 U.S. 413 (1923). The reason underlying the doctrine is that "no

matter how erroneous or unconstitutional the state court judgment may be, only the

---

[5] The court also notes that another notice of appeal involving the same underlying
foreclosure action was filed on July 30, 2012. *Residential Funding Company LLC v. Wendy
Alison Nora*, No. 2012 AP 001720.

[6] In addition to challenging subject matter jurisdiction under *Rooker-Feldman* and Nora's
standing to bring claims which belong to the bankruptcy estate, defendants move for
dismissal the following, additional grounds: (1) Nora's claims are subject to issue
preclusion because of the state court foreclosure judgment; (2) failure to plead sufficient
allegations to establish that the court has personal jurisdiction over certain defendants;
(3) lack of personal jurisdiction over  defendant Potteiger for failure to personally serve;
(4) failure to plead sufficient allegations under both Federal Rule of Civil Procedure 8
and Rule 9; (5) failure to adequately plead a RICO claim; and (6) failure to adequately
plead a violation of the FDCPA. (*See* Defs.' Motions to Dismiss (dkt. ##10, 13, 15, 17,
23, 26).)  Since this court lacks jurisdiction over this action, these other grounds are
moot.

12-12020-mg   Doc 5153-2   Filed 09/20/13   Entered 09/20/13 19:46:59   Exhibit 2 -
Declaration of Lauren Graham Delehey   Pg 50 of 73
Case: 3:10-cv-00748-wmc   Document #: 69   Filed: 09/30/12   Page 7 of 16

Supreme Court of the United States has jurisdiction to review it." *Brown v. Bowman*, 668

F.3d 437, 442 (7th Cir. 2012).

The doctrine applies to "cases brought by state-court losers complaining of injuries

caused by state court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments." *Exxon*

*Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).[7]

At the same time, the doctrine "does not prevent state-court losers from

presenting *independent* claims to a federal district court, even if the new claims involve

questions related to those in the original state court proceedings." *Crawford v.*

*Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011) (emphasis added)

(citing *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011)). "The determination of whether

a federal claim is 'inextricably intertwined' hinges on whether it alleges that the supposed

injury was caused by the state court judgment, or, alternatively, whether the federal claim

alleges an independent prior injury that the state court failed to remedy." *Brown*, 668

F.3d at 442.

---

[7] In *Exxon Mobile*, the Supreme Court voiced concern over lower court's overuse of this doctrine. 544 U.S. at 283 ("[T]he doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases."). Relying on *Exxon Mobile*, the focus of Nora's opposition is on the overuse of the doctrine. In fact, she quotes several pages of the case syllabus in her opposition brief, although she fails to explain how its application here stretches the doctrine beyond (or even near) the contours approved in *Exxon Mobile*. *See Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011) (criticizing the plaintiffs in that case for solely arguing that the doctrine is "over-applied," explaining that "the Supreme Court's general admonitions regarding frequent and inappropriate application of the *Rooker-Feldman* doctrine shed no light on its application given the procedural posture and facts of the [plaintiffs'] *particular* case") (internal citation omitted). In an abundance of caution, the court nevertheless will rely on the reasoning of cases applying the *Rooker-Feldman* doctrine post-*Exxon Mobile*.

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 51 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 8 of 16

## A. Effect of Pending Appeal

In their opening briefs, defendants represent that Nora failed to appeal from the state circuit court judgment. While not an inaccurate statement, it does not capture completely the procedural posture of the state court action. Nora did not appeal the state court's March 3, 2010 judgment in favor of RFC. Instead, Nora appealed the March 1, 2011 order confirming sheriff's sale and the March 24, 2011 order denying her motion to reopen the judgment. Still, this pending appeal calls into question whether Nora can be deemed a "state court loser and whether "state proceedings [have] ended." *Exxon Mobile*, 544 U.S. at 284, 291.[8]

As far as this court can tell, the Seventh Circuit has yet to address whether an appeal from post-judgment decisions implicates the application of the *Rooker-Feldman* doctrine. In *TruServe Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005), the Seventh Circuit considered whether the *Rooker-Feldman* doctrine precludes federal jurisdiction over an "interlocutory ruling." In that case, a hardware store, Flegles, sued its supplier, TruServ, in Kentucky state court, alleging a breach of contract claim. *Id.* at 588. TruServ filed a motion to dismiss, invoking the forum selection clause in the

---

[8] In *Exxon Mobile*, the Supreme Court noted that in both *Rooker* and *Feldman,* "the losing party in state court filed suit in federal court *after the state proceedings ended*, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." 544 U.S. at 291 (emphasis added). Some courts have latched onto this "after the state court proceedings have ended" language in determining whether an appeal of a state court judgment bars application of the *Rooker-Feldman* doctrine. *See, e.g., Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005) ("*Exxon Mobil* makes clear that the *Rooker/Feldman* doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended.").

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 52 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 9 of 16

parties' contract, which required that disputes be litigated in Illinois. *Id.* The Kentucky court disagreed, but before judgment in the Kentucky case had been entered, TruServe filed a lawsuit in the Northern District of Illinois. *Id.* Flegles challenged the federal court's jurisdiction, arguing that the *Rooker-Feldman* doctrine precludes review of decisions by state courts. *Id.* at 590. Noting that "[t]he state court judgment was rendered more than 14 months *after* the district court action began," the Seventh Circuit explained "the *Rooker-Feldman* doctrine is not applicable to this lawsuit because the Kentucky court's judgment was not rendered before the district court proceedings commenced." *Id.* at 590-91.

By contrast, at the time of Nora's filing of this federal action, the state court proceeding had ended. Specifically, the state court entered the judgment of foreclosure in favor of RFC and against Nora on March 3, 2010. Under Wisconsin law, a judgment of foreclosure and sale "dispose[d] of the entire matter in litigation," rendering it "final" and "appealable as a matter of right under Wis. Stat. § 808.03(1)." *Sweeney v. Petska*, 2010 WI App 62, ¶ 5 n.2, 324 Wis. 2d 581, 785 N.W.2d 687 (unpublished) (citing *Shiput v. Lauer*, 109 Wis. 2d 164, 172, 325 N.W.2d 321 (1982)).[9] Accordingly, the time for appeal of the state court foreclosure judgment had long since run by the time Nora filed this action on November 30, 2010. *See* Wis. Stat. § 808.04(1) ("An appeal . . . must be initiated within 45 days of entry of a final judgment or order appealed from if

---

[9] "The proceedings after the judgment of foreclosure (i.e., the sale itself, judicial confirmation, and the computation of deficiency) are analogous to the execution of a judgment and simply enforce the parties' adjudicated rights." *Sweeny*, 2010 WI App 62, ¶ 5 n.2 (quoting *Shiput*, 109 Wis. 2d at 173).

written notice of the entry . . . is given within 21 days of the final judgment or order . . . or within 90 days of entry if notice is not given.")

As much as Nora might hope to resuscitate the final judgment of foreclosure, her appeal of post-judgment orders denying Nora's motion to vacate judgment and confirming the sheriff's sale are limited to those specific orders. *See, Waterstone Bank SSB v. Panenka*, 2011 WI App 1, ¶ 18, 330 Wis. 2d 835, 794 N.W.2d 928 ("In this appeal from the order confirming the sale, Panenka is limited to challenging the regularity of the proceedings subsequent to the judgment of foreclosure and sale.") (unpublished); *Allstate Ins. Co. v. Brunswick Corp.* 2007 WI App 221, ¶ 5, 305 Wis.2d 400, 740 N.W.2d 888 (explaining that review of circuit court's denial of motion to vacate judgment is highly deferential and limited to whether the "decision contemplates a process of reasoning that depends on facts that are in the record, or reasonably derived by inference from facts of record, and a conclusion based on the application of the correct legal standard").

Moreover, common sense dictates that the remaining state appeal does not work a wholesale bar on the application of the *Rooker-Feldman* doctrine. A state court proceeding would never come to an end if a motion to vacate judgment, followed by an appeal of an order denying that motion, could alone operate as a basis for keeping an underlying action open (or permitting it to be reopened), leaving in a state of limbo whether plaintiff in a federal action could be adjudicated the "state court loser." Such a result would undermine the policy underlying the *Rooker-Feldman* doctrine: that the United States Supreme Court, not lower federal courts, should review state court decisions. *See Brown*, 668 F.3d at 442. As a result, this court finds that Nora's pending appeal of decisions

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 54 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 11 of 16

issued after the court entered judgment against her in state court lacks a judicial basis to proceed in light of the *Rooker-Feldman* doctrine.[10]

### B. Application of Doctrine to Plaintiff's Claims

Having found that the doctrine could theoretically apply to the Nora's claims, the court must examine the nature of her current federal claims to determine whether they directly challenge the state court foreclosure judgment or operate as such a challenge. In making this determination, the Seventh Circuit instructs courts to "look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff." *Crawford*, 647 F.3d at 646 (quoting *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)); *see Brown*, 668 F.3d at 443 ("[A]rtful pleading cannot get [plaintiff] around *Rooker-Feldman* when the gravamen of [the] complaint requires the district court to review the state judicial proceedings.").

Here, Nora's amended complaint focuses on the foreclosure proceeding generally, and specifically upon alleged misrepresentations made by defendants during the course of the proceedings in furtherance of the alleged conspiracy. (*See, e.g.*, Am. Compl. (dkt. #7) ¶ 23 (defendants "conspired to cause Plaintiff's injuries and damages and to procure hundreds of thousands of foreclosure titles to U.S. Home, with the attendant damages to

---

[10] Contrary to Nora's argument, this result is at least consistent with the Seventh Circuit's unpublished decision in *Auston v. North Carolina*, No. 96-1158, 1997 WL 312285, at *1-2 (7th Cir. June 5, 1997), where the court mentioned that plaintiff had filed a motion to vacate the state court judgments, which was pending at the time that the plaintiff filed his federal action, but still affirmed the district court's application of the *Rooker-Feldman* doctrine to bar plaintiff's federal claims.

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 55 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 12 of 16

each family thereby foreclosed"); ¶ 47 (defendants committed thousands of identical frauds throughout the nation for the purpose of taking homes in foreclosure using fraudulent[] documents"); ¶¶ 51-52 (plaintiff asked law firm defendants "to cease and desist from proceeding on the fraudulently procured Summary Judgment" and these defendants "have taken no action to dismiss the fraudulently documented foreclosure proceedings against the Plaintiff"); ¶¶ 64-65 (alleging defendant Moglowsky misrepresented the nature of a promissory note to the state trial court); ¶ 79 (alleging defendant Nelson made certain misrepresentations to the state trial court); ¶ 86 (alleging defendant Verma signed an affidavit in support of summary judgment in the state trial court proceeding, perpetuating defendants' fraud).)

Nora also seeks an order awarding her "title to her home free and clear of the fraudulent claim of the GMAC Racketeering Enterprise." (*Id.* at p.17.)    The Seventh Circuit has previously described such a request as "tantamount to a request to vacate the court's judgment of foreclosure," in affirming the district court's dismissal of a federal claim asserted by a foreclosed mortgagor against her creditors.  *See Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) ("The district court correctly determined that requesting the recovery of her home is tantamount to a request to vacate the court's judgment of foreclosure.").

The fact that Nora brings RICO and FDCPA claims -- as opposed to a declaratory judgment action seeking an order vacating the state court's judgment -- is of no import. The Seventh Circuit has repeatedly rejected plaintiffs' attempts to recast claims to circumvent the *Rooker-Feldman* doctrine. *See, e.g., Louis-Kenny-Reed: El v. Makowiecki*, No.

12

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 56 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 13 of 16

11-1799, 2011 WL 5149469, at *1 (7th Cir. Nov. 1, 2011) (rejecting plaintiff's

reference to § 1983 as an attempt to circumvent the *Rooker-Feldman* doctrine); *Wallis v.*

*Fifth Third Bank*, No. 11-1181, 2011 WL 4396973, at *2 (7th Cir. Sept. 21, 2011)

("Wallis cannot circumvent the *Rooker-Feldman* doctrine by recasting a request for the

district court to review state court rulings as a complaint about civil rights, due process,

conspiracy or RICO violations."); *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)

(finding it irrelevant that the plaintiff "characterized his grievance as a civil rights

claim"). Moreover, in pleading these specific claims, Nora alleges that defendants filed

"false, fraudulent and perjured documents" in support of the foreclosure action. (*See* Am.

Compl. ¶ 117 (RICO claim); ¶ 128 (FDCPA claim).

Since Nora is unquestionably attempting to challenge the 2010 state foreclosure

judgment against her by pursuing these federal claims, her complaint is barred by the

*Rooker-Feldman* doctrine. In the end, this result is hardly surprising. Indeed, cases in

which courts -- including this court and the Seventh Circuit -- have dismissed actions

challenging a state court foreclosure judgment are legion.[11]

---

[11] *See, e.g., Louis-Kenny-Reed: El v. Makowiecki*, No. 11-1799, 2011 WL 5149469, at *1 (7th Cir. Nov. 1, 2011) ("This lawsuit, seeking review of a state-court foreclosure judgment, squarely fits" within the description of the *Rooker-Feldman* doctrine in *Exxon Mobil*); *Wallis v. Fifth Third Bank*, No. 11-1181, 2011 WL 4396973, at *2 (7th Cir. Sept. 21, 2011) (affirming district court's decision dismissing federal claims because "some of Wallis's contentions -- such as his disagreement with the foreclosure judgment -- ask us to review and reject rulings that the state court made against him in the foreclosure suit"); *Taylor*, 374 F.3d at 536 ("Because Taylor's claims are all either de facto appeals of, or are inextricably intertwined with, the state court's judgment of foreclosure, and because she has failed to demonstrate any barriers preventing the consideration of her claims by the state court, the district court was correct that the *Rooker-Feldman* doctrine deprived it of subject matter jurisdiction over her suit."); *Wilkinson v. Wells Fargo Bank Minn.*, No. 06-C-1288, 2007 WL 1414888, at *4-5 (E.D. Wis. May 9, 2007) (finding

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 57 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 14 of 16

Still, this court has the discretion to find some claims barred by the *Rooker-Feldman* doctrine, while allowing other claims to proceed. *See Crawford*, 647 F.3d at 646-47 (affirming district court's finding that two of twenty-two claims were barred by the *Rooker-Feldman* doctrine). Accordingly, the court has considered whether plaintiff is attempting to complain of an injury that is not "inextricably intertwined" with the injury caused by the state court judgment itself.

Given that the foreclosure is the focus of all of Nora's claims, the candidates are few indeed. Nora does complain of alleged fraudulent activity occurring before her state court proceeding -- contending that an assignment of her mortgage recorded in the Dane Court Register of Deeds is fraudulent (Am. Compl. (dkt. #7) ¶ 41; *id.*, Ex. B (dkt. #7-2)) -- but even here, Nora has not explained, and the court cannot perceive, how this alleged assignment could function as an independent injury.

---

FDCPA and RICO barred under the *Rooker-Feldman* doctrine because claims require review of state court foreclosure judgment and ordering plaintiff to show cause why sanctions should not be awarded pursuant to Fed. R. Civ. P. 11); *Zanzie v. BAC Home Loans Servicing, L.P.*, No. 10-C-633, 2010 WL 4237308, at *1 (E.D. Wis. Oct. 21, 2010) (dismissing fraud action on *Rooker-Feldman* grounds, because "if a homeowner has a defense to a foreclosure action, she must generally raise it in that action and appeal through the state process rather than start an independent federal lawsuit"); *Schwoegler v. Am. Family Fin. Servs.*, No. 06-C-111-S, 2006 WL 6021148, at *2 (W.D. Wis. May 16, 2006) (dismissing FDCPA claim on *Rooker-Feldman* grounds because "[t]o rule in plaintiffs' favor the Court would have to find that the state court erred in entering its [foreclosure] judgment"); *Amaya v. Milwaukee Cnty.*, No. 04-C-1114, 2006 WL 335437, at *2 (E.D. Wis. Feb. 13, 2006 (dismissing various constitutional claims brought pursuant to § 1983 pursuant to the *Rooker-Feldman* doctrine because "[a]ll of [the plaintiff's] alleged injuries flow from the state court [foreclosure and eviction] judgment" or "are inextricably intertwined with the state court judgment"); *McMahon v. Wash. State Bank*, No. 05-C-122-S, 2005 WL 1648204, at *2 (W.D. Wis. July 13, 2005) (dismissing TILA claim for lack of jurisdiction because "[p]laintiff's claims are an effort to overturn the state court mortgage foreclosure by raising a claim which could have been resolved in the state court and which goes precisely to the validity of the lien foreclosed").

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 58 of 73
Case: 3:10-cv-00748-wmc    Document #: 69    Filed: 09/30/12    Page 15 of 16

Nora was not a party to the assignment; any injury caused by it did not materialize until RFC attempted to foreclose on her property. Indeed, the validity of the assignment and RFC's ability to foreclose on the subject property were central issues in the foreclosure action; Nora raised the same allegations in her complaint; and Nora made the same arguments in her briefs in opposition to the motions to dismiss in this court as as she did in state court. (*See* Certain Defs.' Opening Br. (dkt. #11) 4-5; State Court Order Denying Defendant's Motion to Dismiss Complaint With Prejudice For Fraud Upon The Court (dkt. #18-15).) *See also Brown*, 668 F.3d at 442 ("Once it is determined that a claim is inextricably intertwined, we must then inquire whether the plaintiff did or did not have a reasonable opportunity to raise the issue in state court proceedings." (internal citation, quotation marks and alterations omitted)).[12]    The court finds, therefore, that any injury caused by the alleged fraudulent assignment is inextricably intertwined with the state court foreclosure judgment.

To the extent plaintiff is attempting to plead some other injury, the court is unable to discern it given the confusing state of her pleading. Nor does this possibility give the court much pause given the likelihood that plaintiff's claims are otherwise legally barred. For example, Nora's claims may also be barred under the doctrine of claim preclusion. *See Taylor*, 374 F.3d at 533 n.1 ("Even though the *Rooker-Feldman* doctrine does not apply to claims that are neither *de facto* appeals nor are inextricably intertwined with a state court judgment, these claims may still be barred as claim-precluded under *res*

---

[12] Moreover, as Nora eventually concedes, she could have brought FDCPA and RICO claims in the state court. (Pl.'s Letter to Court (dkt. #58) (correcting argument made in opposition brief that state courts lack concurrent jurisdiction over RICO claims).)

*judicata* if the plaintiff litigated them (or could have litigated them) in state court proceedings.").

Lacking subject matter jurisdiction, the court need not -- and indeed cannot -- reach other likely grounds for dismissal.

ORDER

IT IS ORDERED that:

1) Defendants' motion to request judicial notice (dkt. #18) and plaintiff's requests for judicial notice (dkt. #47) are both GRANTED;

2) Plaintiff's motion for request for judicial notice of documents pertaining to separate motion to dismiss of Cerberus Capital Management (dkt. #64) is DENIED AS MOOT;

3) Defendants' motions to dismiss (dkt. ##10, 13, 15, 17, 23, 26) are GRANTED under the *Rooker-Feldman* doctrine and otherwise rendered moot;

4) Plaintiff Wendy Alison Nora's amended complaint is dismissed in its entirety without prejudice; and

5) the clerk of the court should close this case.

Entered this 30th day of September, 2012.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

## **Exhibit G**

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 61 of 73
Case: 3:10-cv-00748-wmc    Document #: 73    Filed: 10/02/12    Page 1 of 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WENDY ALISON NORA,

     Plaintiff,

v.

RESIDENTIAL FUNDING COMPANY, LLC,
RFC TRUST 03 LOAN POOL NUMBER
RASC2002KSSCONF, GMAC-RFC HOLDING
COMPANY, LLC, RESIDENTIAL CAPITAL, LLC,
GMAC MORTGAGE GROUP, LLC, GMAC
MORTGAGE, LLC, GMAC FINANCIAL
SERVICES, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AEGIS
MORTGAGE CORPORATION, GRAY &
ASSOCIATES, LLP, JAY PITNER, MICHAEL
RILEY, WILLIAM N. FOSHAG, BASS &
MOGLOWSKY, S.C., ARTHUR MOGLOWSKY,
DAVID M. POTTEIGER, PENNY M. GENTGES,
MANISH  VERMA, AMY NELSON,
HOMECOMINGS FINANCIAL, LLC, ALLY
FINANCIAL, INC.,  CERBERUS CAPITAL
MANAGEMENT, LP and KENNETH UGWUADU,

     Defendants.

JUDGMENT IN A CIVIL CASE

10-cv-748-wmc

---

    This action came for consideration before the court with Magistrate Judge William M.
Conley presiding.  The issues have been considered and a decision has been rendered.

---

    IT IS ORDERED AND ADJUDGED that judgment is entered dismissing this
case without prejudice for lack of subject matter jurisdiction.

*Peter Oppeneer*        10/2/12

Peter Oppeneer, Clerk of Court        Date

## **Exhibit H**

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 63 of 73
Case: 3:10-cv-00748-wmc    Document #: 77    Filed: 03/01/13    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA,

                Plaintiff,

    v.

RESIDENTIAL FUNDING COMPANY, LLC,
RFC TRUST 03 LOAN POOL NUMBER
RASC2002KSSCONF, GMAC-RFC HOLDING
COMPANY, LLC, RESIDENTIAL CAPITAL, LLC,
GMAC MORTGAGE GROUP, LLC, GMAC
MORTGAGE, LLC, GMAC FINANCIAL SERVICES,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AEGIS MORTGAGE
CORPORATION, GRAY & ASSOCIATES, LLP,
JAY PITNER, MICHAEL RILEY, WILLIAM N.
FOSHAG, BASS & MOGLOWSKY, S.C., ARTHUR
MOGLOWSKY, DAVID M. POTTEIGER, PENNY
M. GENTGES, JEFFREY STEPHAN, MANISH
VERMA, AMY NELSON, HOMECOMINGS
FINANCIAL, LLC, ALLY FINANCIAL, INC.,
CERBERUS CAPITAL MANAGEMENT, LP,
KENNETH UGWUADU, and UNNAMED
CO-CONSPIRATORS,

                Defendants.

OPINION AND ORDER

10-cv-748-wmc

---

Before the court is plaintiff Wendy Alison Nora's motion to vacate judgment
pursuant to Federal Rule of Civil Procedure 60. (Dkt. #72.) The court previously
dismissed her countless claims against defendants as barred by the *Rooker-Feldman*[1]
doctrine and entered judgment in defendants' favor. (9/30/12 Op. & Order (dkt. #69).)

---

[1] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263
U.S. 413 (1923).

12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2 -
Declaration of Lauren Graham Delehey    Pg 64 of 73
Case: 3:10-cv-00748-wmc    Document #: 77    Filed: 03/01/13    Page 2 of 4

Now, Nora seeks relief from that judgment in a seventeen-page rambling essay.  As far as the court can tell, Nora seeks an order vacating the judgment because (1) the state court was without jurisdiction to adjudicate the foreclosure and, therefore, she is not a "state court loser" under *Rooker-Feldman*; (2) because of her appeal of ancillary issues in the underlying state court action, she is also not a "state court loser"; and (3) there is new evidence to support Nora's allegation of racketeering activities and she was prevented from amending her complaint to add these allegations because of an automatic stay in effect by virtue of the filing of Ch. 11 bankruptcy proceedings by certain defendants.[2]

As for the first assertion, Nora already argued and the court previously rejected her argument that her claims against defendants were properly before this court because the state court foreclosure action is void.  Nora fails to cite any caselaw in support of this argument, and the policy underlying the *Rooker-Feldman* doctrine -- that "no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it," *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) -- contradicts it.  To the extent Nora's argument has any legs, it is up to the state courts to decide.

---

[2] Also before the court is Nora's motion for reconsideration (dkt. #71), in which she asks the court to correct a sentence in the motion to dismiss which states that, "Nora secured a mortgage on her home from defendant Cerberus Capital Management, L.P.  (Am. Compl. (dkt. #7) ¶ 28.)."  (9/30/12 Op. & Order (dkt. #69) 2.)  Nora contends that the complaint alleges that AEGIS was the original mortgagee.  The motion for reconsideration is denied as moot, but the court notes that ¶ 28 of plaintiff's complaint provides, "AEGIS participated in the GMAC RACKETEERING ENTERPRISE through CEREBUS [*sic*] as the original lender to Plaintiff and procured Plaintiff's promissory note payable to AEGIS and created MERS as its nominee for Plaintiff's mortgage.  MERS was formed for the purposes described at paragraph 27., above."  (Am. Compl. (dkt. #7) ¶ 28.)

12-12020-mg   Doc 5153-2   Filed 09/20/13   Entered 09/20/13 19:46:59   Exhibit 2 -
Declaration of Lauren Graham Delehey   Pg 65 of 73
Case: 3:10-cv-00748-wmc   Document #: 77   Filed: 03/01/13   Page 3 of 4

Second, Nora argues that as long as her appeal of the orders denying her motion to vacate judgment and confirming the sheriff's sale are pending, she is not a state court loser. Nora again offers no new analysis or reasoning to support this argument -- and certainly no new evidence or law that she could not have raised in her original briefing on the motions to dismiss. For all of the reasons already explained in this court's opinion on the motions to dismiss, therefore, the court rejects this basis for vacating the judgment.

Finally, Nora argues that the judgment should be vacated because certain defendants' bankruptcy filings deprived her of the "right to amend the Complaint on the discovery of new evidence." (Pl.'s Mot. (dkt. #72) ¶ 69.) Even if correct, this argument suggests the court has *no* authority to vacate its judgment pending completion of or referral back from the bankruptcy proceedings any more than it would to grant a motion to amend.[3]

If anything, Nora's motion may raise a basis for vacating the judgment with respect to certain defendants. Defendants Residential Funding Company, LLC, GMAC-RFC Holding Company, LLC, Residential Capital, LLC, GMAC Mortgage, LLC, and Homecomings Mortgage, LLC, filed for bankruptcy on May 15, 2012. Nora alerted the court to this fact, but the court failed to appreciate its import in issuing its September 30, 2012, opinion and order, and entering judgment in favor of all defendants. Even though

---

[3] In her motion, Nora describes this new evidence. These new allegations -- forgeries, robo-signing and the like -- simply reinforce the court's finding that Nora's causes of action concern "injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Indeed, if Nora had filed a motion for leave to amend her complaint based on this new evidence, the court would have denied the motion as futile.

12-12020-mg   Doc 5153-2   Filed 09/20/13   Entered 09/20/13 19:46:59   Exhibit 2 -
Declaration of Lauren Graham Delehey   Pg 66 of 73
Case: 3:10-cv-00748-wmc   Document #: 77   Filed: 03/01/13   Page 4 of 4

the purpose of the automatic stay is to protect the debtor, and here the court granted those debtor defendants' motion to dismiss and entered judgment in their favor, the judgment against those five defendants may be void or voidable. *See Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1082 (7th Cir. 2001) ("Actions taken in violation of an automatic stay ordinarily are void."). The determination of whether the judgment is voidable and, if so, whether to annul the stay pursuant to 11 U.S.C. § 362(d), however, is best left for the bankruptcy court.

ORDER

IT IS ORDERED that:

1) plaintiff Wendy Alison Nora's motion for reconsideration (dkt. #71) is DENIED AS MOOT; and

2) plaintiff's motion to vacate the judgment (dkt. #72) is DENIED.

Entered this 1st day of March, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

**<u>Exhibit I</u>**

**General Docket**
**Seventh Circuit Court of Appeals**

| | |
|---|---|
| **Court of Appeals Docket #:** 13-1660 | **Docketed:** 03/27/2013 |

**Nature of Suit:** 3470 Civil (Rico)
Wendy Nora v. Residential Funding Company,, et al
**Appeal From:** Western District of Wisconsin
**Fee Status:** Paid

**Case Type Information:**
    1) civil
    2) private
    3) -

**Originating Court Information:**
    **District:** 0758-3 : 3:10-cv-00748-wmc
    **Court Reporter:** Lynette Swenson, Court Reporter
    **Trial Judge:** William M. Conley, Chief District Court Judge
    **Date Filed:** 11/30/2010

| | |
|---|---|
| **Date Order/Judgment:** 03/01/2013 | **Date NOA Filed:** 03/27/2013 |

**Prior Cases:**
    10-3131    **Date Filed:** 09/13/2010    **Date Disposed:** 04/13/2011    **Disposition:** AFFIRMED

**Current Cases:**
    None

---

WENDY ALISON NORA
    Plaintiff - Appellant

v.

RESIDENTIAL FUNDING COMPANY, LLC
    Defendant - Appellee

GRAY & ASSOCIATES, LLP

---

Wendy Alison Nora
Direct: 952-405-8632
[NTC Pro Se]
ACCESS LEGAL SERVICES
Suite 141
310 Fourth Avenue South
Minneapolis, MN 55415

Phillip R. Perdew, Attorney
Direct: 312-443-1712
[COR LD NTC Retained]
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606-0000

Thomas Justin Cunningham, Attorney
Direct: 312-443-1731
[COR NTC Retained]
LOCKE LORD LLP
Suite 4100
111 S. Wacker Drive
Chicago, IL 60606-0000

Julia C. Webb, Attorney
Direct: 312-443-0404
[COR NTC Retained]
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606-0000

Bryan K. Nowicki, Attorney

13-1660 Docket
12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2    Page 2 of 6
Declaration of Lauren Graham Delehey    Pg 69 of 73

| | |
|---|---|
| Defendant - Appellee | Direct: 608-229-2218<br>[COR LD NTC Retained]<br>REINHART, BOERNER, VAN DEUREN<br>Suite 600<br>22 E. Mifflin Street<br>Madison, WI 53703-2020 |
| BASS & MOGLOWSKY, S.C.<br>Defendant - Appellee | David Matthew Potteiger, Attorney<br>Direct: 414-228-6700<br>[COR LD NTC Retained]<br>BASS & MOGLOWSKY, S.C.<br>Suite 300<br>501 W. Northshore Drive<br>Milwaukee, WI 53217-0000 |
| JEFFREY STEPHAN<br>**Terminated:** 05/15/2013<br>Defendant - Appellee | |
| RESIDENTIAL CAPITAL, LLC<br>Defendant - Appellee | Phillip R. Perdew, Attorney<br>Direct: 312-443-1712<br>[COR LD NTC Retained]<br>(see above) |
| | Thomas Justin Cunningham, Attorney<br>Direct: 312-443-1731<br>[COR NTC Retained]<br>(see above) |
| | Julia C. Webb, Attorney<br>Direct: 312-443-0404<br>[COR NTC Retained]<br>(see above) |
| ALLY FINANCIAL INCORPORATED<br>Defendant - Appellee | Thomas M. Schehr, Attorney<br>Direct: 313-568-6629<br>[COR LD NTC Retained]<br>DYKEMA GOSSETT PLLC<br>37th Floor<br>400 Renaissance Center<br>Detroit, MI 48243-0000 |
| GMAC MORTGAGE GROUP LLC<br>Defendant - Appellee | Thomas M. Schehr, Attorney<br>Direct: 313-568-6629<br>[COR LD NTC Retained]<br>(see above) |
| CERBERUS CAPITAL MANAGEMENT, LP<br>Defendant - Appellee | Phillip R. Perdew, Attorney<br>Direct: 312-443-1712<br>[COR LD NTC Retained]<br>(see above) |

---

WENDY A. NORA,
        Plaintiff - Appellant

v.

RESIDENTIAL FUNDING COMPANY, LLC, et al.,
        Defendants - Appellees

---

| 03/27/2013 | 📄 1<br>44 pg, 626 KB | Private civil case docketed. Fee paid. Docketing Statement due for Appellant Wendy A. Nora by 04/03/2013. Transcript information sheet due by 04/10/2013. Appellant's brief due on or before 05/06/2013 for Wendy A. Nora. [1] [6474516] [13-1660] (AM) |
| 03/27/2013 | 📄 | THIS CAUSE CONSISTS OF MORE THAN 5 PARTIES FOR EITHER SIDE. The following are those parties to this cause as reflected on the District Court docket, yet are not reflected on the Appellate docket/caption for administrative purposes: APPELLEES: RFC Trust 03 Loan Pool Number RASC2002KSSCONF; GMAC-RFC Holding Company, LLC; GMAC Mortgage, LLC; Homecomings Financial, LLC; Mortgage Electronic Registration Systems, Inc.; Kenneth Ugwuadu; and Manish Verma. APPELLEES: Jay Pitner; Michael Riley; and William N. Foshag. APPELLEES: Penny G. Gentges; David M. Potteiger; and Arthru M. Moglowsky. APPELLEES: GMAC Financial Services; Aegis Mortgage Corporation; Amy Nelson; and Unnamed Co-conspirators. [6474523-2] [6474523] [13-1660]--[Text edited 05/03/2013 by JR to realign additional appellees.]--[Edited 05/15/2013 by JAD removed Cerberus Capital Management, LP from this entry & added to the main docket.] (AM) |
| 03/28/2013 | 📄 2<br>1 pg, 20.57 KB | ORDER: A review of the short record reveals that this appeal involves more than one appellee represented by different counsel. Counsel for appellees are encouraged to file a joint brief and appendix or adopt parts of a co-appellee's brief. The parties are reminded that redundant and uncoordinated briefing will be stricken. See United States v. Torres, 170 F.3d 749 (7th Cir. 1999); United States v. Ashman, 964 F.2d 596 (7th Cir. 1992). [6474746] [2] [6474746] [13-1660] (ER) |
| 04/09/2013 | 📄 3<br>3 pg, 44.78 KB | Docketing statement filed by Appellant Wendy Alison Nora. Prior or Related proceedings: No. [3] [6477683] [13-1660] (AM) |
| 04/23/2013 | 📄 4<br>2 pg, 34.24 KB | Disclosure Statement filed by Attorney Bryan K. Nowicki for Appellee Gray & Associates, LLP. for Jay Pitner, Michael Riley, William Foshag. [4] [6480986] [13-1660] (Nowicki, Bryan) |
| 04/23/2013 | 📄 5<br>3 pg, 58.96 KB | Disclosure Statement filed by Attorney P. Russell Perdew for Appellees Residential Capital LLC and Residential Funding Company, LLC. for RFC Trust 03 Loan Pool Number RASC2002KSSCONF; GMAC-RFC Holding Co., LLC; GMAC Mortgage, LLC; Homecomings Financial, LLC; Mortgage Electronic Registration Systems, Inc.; Kenneth Ugwuadu; and Manish Verma. [5] [6481052] [13-1660] (Perdew, Phillip) |
| 04/23/2013 | 📄 6<br>3 pg, 59.19 KB | Disclosure Statement filed by Attorney Thomas J. Cunningham for Appellees Residential Capital LLC and Residential Funding Company, LLC. for RFC Trust 03 Loan Pool Number RASC2002KSSCONF; GMAC-RFC Holding Co., LLC; GMAC Mortgage, LLC; Homecomings Financial, LLC; Mortgage Electronic Registration Systems, Inc.; Kenneth Ugwuadu; and Manish Verma. Additional Parties: RFC Trust 03 Loan Pool Number RASC2002KSSCONF; GMAC-RFC Holding Co., LLC; GMAC Mortgage, LLC; Homecomings Financial, LLC; Mortgage Electronic Registration Systems, Inc.; Kenneth Ugwuadu; and Manish Verma. [6] [6481054] [13-1660] Date updated: 04/24/2013 Added Attorney(s) Thomas Justin Cunningham for party(s) Appellee Residential Funding Company, LLC Appellee Residential Capital LLC, in case 13-1660 per disclosure statement. Disclosure statement filed by Attorney(s) Thomas Justin Cunningham for party(s) Appellee Residential Funding Company, LLC Appellee Residential Capital LLC, in case 13-1660. [6] [6481054] [13-1660]--[Edited 04/24/2013 by CD to reflect addition of counsel.] (Cunningham, Thomas) |
| 04/23/2013 | | Docketing statement filed by Appellee ~~Residential Capital LLC~~ RFC TRUST 03 |

|  |  |  |
|---|---|---|
|  | 📄 7<br>8 pg, 29.88 KB | LOAN POOL NUMBER RASC2002KSSCONF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., KENNETH UGWUADU and MANISH VERMA . Prior or Related proceedings: No. [7] [6481059] [13-1660]--[Edited 04/23/2013 by JAD to reflect parties that are listed in this statement.] (Perdew, Phillip) |
| 04/23/2013 | 📄 8<br>3 pg, 59.22 KB | Disclosure Statement filed by Attorney Julia C. Webb for Appellees Residential Capital LLC and Residential Funding Company, LLC. for RFC Trust 03 Loan Pool Number RASC2002KSSCONF; GMAC-RFC Holding Co., LLC; GMAC Mortgage, LLC; Homecomings Financial, LLC; Mortgage Electronic Registration Systems, Inc.; Kenneth Ugwuadu; and Manish Verma. [8] [6481061] [13-1660] Date updated: 04/24/2013 Added Attorney(s) Julia C. Webb for party(s) Appellee Residential Funding Company, LLC Appellee Residential Capital LLC, in case 13-1660 per disclosure statement. Disclosure statement filed by Attorney(s) Julia C. Webb for party(s) Appellee Residential Funding Company, LLC Appellee Residential Capital LLC, in case 13-1660. [8] [6481061] [13-1660]--[Edited 04/24/2013 by CD to reflect addition of counsel.] (Webb, Julia) |
| 04/23/2013 | 📄 9<br>2 pg, 10.2 KB | Docketing statement filed by Appellee Gray & Associates, LLP. Prior or Related proceedings: No. [9] [6481066] [13-1660] (Nowicki, Bryan) |
| 04/24/2013 | 📄 10<br>2 pg, 76.48 KB | Disclosure Statement filed by Attorney David M. Potteiger for Appellee Bass & Moglowsky, S.C.. for Arthur M. Moglowsky, Penny G. Gentges, David M. Potteiger. [10] [6481148] [13-1660] (Potteiger, David) |
| 04/24/2013 | 📄 11<br>2 pg, 44.46 KB | Docketing statement filed by Appellee Bass & Moglowsky, S.C.. Prior or Related proceedings: No. [11] [6481149] [13-1660] (Potteiger, David) |
| 04/30/2013 | 📄 12<br>122 pg, 6.12 MB | Pro se motion filed by Appellant Wendy Alison Nora to dismiss this appeal as taken from nonfinal decisions and orders which have not been brought before this court on rule 54(b) certification from the United States District Court for the Western District of Wisconsin and alternative motion to extend the time for filing the initial brief of the plaintiff-appellant for good cause shown. [12] [6482843] [13-1660] (JK) |
| 05/01/2013 | 📄 13<br>1 pg, 52.22 KB | ORDER: "MOTION TO DISMISS THIS APPEAL AS TAKEN FROM NONFINAL DECISIONS AND ORDERS WHICH HAVE NOT BEEN BROUGHT BEFORE THIS COURT ON RULE 54(b) CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN AND ALTERNATIVE MOTION TO EXTEND THE TIME FOR FILING THE INITIAL BRIEF OF THE PLAINTIFF-APPELLANT FOR GOOD CAUSE SHOWN" Appellees are ordered to file, on or before May 15, 2013, a response to appellant's motion, addressing the jurisdictional issue raised in the motion. DW [13] [6483096] [13-1660] (SM) |
| 05/01/2013 | 📄 14<br>3 pg, 43.54 KB | Disclosure Statement filed by Attorney Michelle K. Schindler for Ally Financial Inc.. Additional Parties: Ally Financial Inc.. [14] [6483225] [13-1660] --[Edited 05/01/2013 by JAD to add attorney Michelle Schindler to the docket.] (Schindler, Michelle) |
| 05/01/2013 | 📄 15<br>3 pg, 43.56 KB | Disclosure Statement filed by Attorney Michelle K. Schindler for GMAC Mortgage Group LLC. Additional Parties: GMAC Mortgage Group LLC. [15] [6483229] [13-1660] --[Edited 05/01/2013 by JAD to add attorney Michelle Schindler to the docket.] (Schindler, Michelle) |
| 05/01/2013 | 📄 16<br>2 pg, 11.55 KB | Docketing statement filed by Appellees Ally Financial Incorporated and GMAC Mortgage Group LLC. Prior or Related proceedings: No. [16] [6483248] [13-1660] (Schindler, Michelle) |
| 05/15/2013 | 📄 17<br>27 pg, 639.32 KB | Filed Motion for Noninvolvement in Appeal by Jeffrey Stephan. [6486396] [13-1660] (Schwab, Gregory) |
| 05/15/2013 | 📄 18<br>1 pg, 95.49 KB | Order issued GRANTING motion for non-involvement, filed on May 15, 2013. The defendant Jeffrey Stephan is not involved in this appeal. The clerk shall modify the docket accordingly. [17] CMD [18] [6486498] [13-1660] (FP) |
| 05/15/2013 | 📄 19<br>2 pg, 92.22 KB | Disclosure Statement filed by Attorney P. Russell Perdew for Cerberus Capital Management, LP. [19] [6486512] [13-1660] (Perdew, Phillip) |

| Date | Doc | Description |
|---|---|---|
| 05/15/2013 | 20<br>37 pg, 468.86 KB | Filed Response by Appellee Cerberus Capital Management, LP to Appellant's Motion to Dismiss Appeal. [20][6486549] [13-1660] (Perdew, Phillip) |
| 05/15/2013 | 21<br>2 pg, 96.12 KB | Disclosure Statement filed by Attorney Thomas J. Cunningham for Appellee Cerberus Capital Management, LP. [21] [6486550] [13-1660] (Cunningham, Thomas) |
| 05/15/2013 | 22<br>2 pg, 95.97 KB | Disclosure Statement filed by Attorney Julia C. Webb for Appellee Cerberus Capital Management, LP. [22] [6486553] [13-1660] (Webb, Julia) |
| 05/15/2013 | 23<br>2 pg, 10.31 KB | Filed Response by Appellee Gray & Associates, LLP to Appellant's Motion to Dismiss Appeal. [23][6486564] [13-1660] (Nowicki, Bryan) |
| 05/15/2013 | 24<br>2 pg, 42.72 KB | Filed Response by Appellee Bass & Moglowsky, S.C. to Appellant's Motion to Dismiss. [24][6486567] [13-1660] (Potteiger, David) |
| 05/15/2013 | 25<br>3 pg, 12.66 KB | Filed Response in Opposition by Appellees Ally Financial Incorporated and GMAC Mortgage Group LLC Attorney Michelle K. Schindler to Appellant's Motion to Dismiss Appeal. [25][6486569] [13-1660] (Schindler, Michelle) |
| 05/30/2013 | 26<br>1 pg, 20.74 KB | ORDER: Plaintiff-appellant Wendy Alison Nora shall file, on or before June 7, 2013, a Statement informing the court whether she wants to unequivocally dismiss her appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. Appellant's Statement need not explain why she wants to dismiss her appeal if that is what she wants to do; she can just do it. (See order for details) DW [26] [6489747] [13-1660] (ER) |
| 06/07/2013 | 27<br>4 pg, 173.93 KB | Pro se motion filed by Appellant Wendy Alison Nora to reset briefing schedule. [27] [6491908] [13-1660] (EF) |
| 06/11/2013 | 28<br>6 pg, 267.22 KB | Filed Appellant Wendy Alison Nora statement in response to order of May 30, 2013. [28] [6492541] [13-1660] (EF) |
| 06/14/2013 | 29<br>2 pg, 9.87 KB | Appearance form filed by Attorney Thomas M. Schehr for Appellees Ally Financial Incorporated and GMAC Mortgage Group LLC. [29] [6493634] [13-1660]]--[Edited 06/14/2013 by ER - terminated attorney Michelle K. Schindler and added attorney Thomas M. Schehr] (Schehr, Thomas) |
| 07/02/2013 | 30<br>3 pg, 11.18 KB | Motion filed by Appellee Cerberus Capital Management, LP Requesting Entry of Briefing Schedule. [30] [6497641] [13-1660] (Perdew, Phillip) |
| 07/03/2013 | 31<br>2 pg, 22.48 KB | ORDER issued GRANTING the motion requesting briefing schdule. This appeal shall proceed to briefing. The briefing schedule is as follows: [30] 1. Appellant's brief due on or before 07/17/2013 for Wendy Alison Nora. 2. Appellees' respective briefs due on or before 08/16/2013 for Ally Financial Incorporated, Bass & Moglowsky, S.C., Cerberus Capital Management, LP, GMAC Mortgage Group LLC, Gray & Associates, LLP, Residential Capital, LLC and Residential Funding Company, LLC. 3. Appellant's reply brief, if any, is due on or before 08/30/2013 for Appellant Wendy Alison Nora. Counsel for appellees are encouraged to avoid unnecessary duplication by filing a joint brief or a joint appendix or by adopting parts of a co-appellee's brief. Duplicative briefing will be stricken and may result in disciplinary sanctions against counsel. (See order for further details). DW [6498157] [13-1660] (CD) |
| 07/19/2013 | 32<br>67 pg, 2.95 MB | 15 copies Appellant's brief filed by Appellant Wendy Alison Nora. Disk not required. [32] [6501872] [13-1660] (EF) |
| 08/16/2013 | 33<br>57 pg, 654.7 KB | Submitted joint brief by P. Russell Perdew for Appellees Ally Financial Incorporated, Bass & Moglowsky, S.C., Cerberus Capital Management, LP, GMAC Mortgage Group LLC and Gray & Associates, LLP. [33] [6508531] [13-1660] (Perdew, Phillip) |
| 08/16/2013 | 34<br>57 pg, 694 KB | Appellee's brief filed by Appellees Ally Financial Incorporated, Bass & Moglowsky, S.C., Cerberus Capital Management, LP, GMAC Mortgage Group LLC, Gray & Associates, LLP, Residential Capital, LLC and Residential Funding Company, LLC. Paper copies due on 08/23/2013 Electronically Transmitted. [34] [6508570] [13-1660] (BS) |

13-1660 Docket    12-12020-mg    Doc 5153-2    Filed 09/20/13    Entered 09/20/13 19:46:59    Exhibit 2    Page 6 of 6
Declaration of Lauren Graham Delehey    Pg 73 of 73


Clear All

◉ **Documents and Docket Summary**
◎ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0        **Selected Size:** 0 KB        **(Max: 10 MB)**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 7th Circuit Court of Appeals - 09/20/2013 10:29:55 | | | |
| **PACER Login:** | mf0071 | **Client Code:** | 99992-0000367-00407 |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 13-1660 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

https://ecf.ca7.uscourts.gov/cmecf/servlet/TransportRoom        9/20/2013