**Hearing Date and Time: November 19, 2013 at 10:00 p.m. (ET)**
**Objection Deadline: October 21, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Jennifer L. Marines

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' OBJECTION TO**
**CERTAIN PROOFS OF CLAIM FILED BY UMB BANK, N.A.**
**AS INDENTURE TRUSTEE FOR THE JUNIOR SECURED NOTES**

**PLEASE TAKE NOTICE** that on September 20, 2013, the undersigned filed the attached *Debtors' Objection to Certain Proofs of Claim Filed by UMB Bank, N.A. as Indenture Trustee for the Junior Secured Notes* (the "Objection").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **November 19, 2013 at 10:00 p.m. (Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

ny-1109882

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 21, 2013 at 4:00 p.m.** (**Eastern Time**), upon (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Lorenzo Marinuzzi, Norman S. Rosenbaum and Jennifer L. Marines); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (c) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal).

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem any opposition waived, treat the Objection as conceded, and enter an order granting the relief requested in the Objection without further notice or hearing.

Dated: September 20, 2013  
       New York, New York

Respectfully submitted,

  /s/ Lorenzo Marinuzzi  
Gary S. Lee  
Lorenzo Marinuzzi  
Norman S. Rosenbaum  
Jennifer L. Marines  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*

ny-1109882

**Hearing Date: November 19, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: October 21, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO CERTAIN PROOFS OF CLAIM FILED BY UMB BANK, N.A. AS INDENTURE TRUSTEE FOR THE JUNIOR SECURED NOTES**

ny-1108553

-i-

**TABLE OF CONTENTS**

                                                                                           **Page**

JURISDICTION, VENUE AND STATUTORY PREDICATE ...................................................... 1

PRELIMINARY STATEMENT ..................................................................................................... 2

BACKGROUND ............................................................................................................................. 3

      A.      The Junior Secured Notes ..................................................................................... 4

      B.      The Stipulation ...................................................................................................... 4

      C.      The Disclosure Statement Order, the Disclosure Statement and Ballots ............... 5

RELIEF REQUESTED .................................................................................................................... 6

OBJECTION .................................................................................................................................... 6

      A.      The Claims are Unenforceable Against the Non-Obligor Debtors ........................ 7

      B.      Reservation of Rights ............................................................................................ 8

NOTICE ........................................................................................................................................... 9

CONCLUSION ................................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Feinberg v. Bank of N.Y. (In re Feinberg),
 442 B.R. 215 (Bankr. S.D.N.Y. 2010) ...................................................................................7

In re Adelphia Commc'ns Corp.,
 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........7

In re Allegheny Int'l, Inc.,
 954 F.2d 167 (3d Cir. 1992) ...................................................................................................7

In re Oneida Ltd.,
 400 B.R. 384 (Bankr. S.D.N.Y. 2009),
 aff'd sub nom., Peter J. Solomon Co., L.P. v. Oneida Ltd., Case No. 09-CV-2229,
 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010) ..........................................................7

In re Rockefeller Ctr. Props.,
 272 B.R. 524 (Bankr. S.D.N.Y. 2000),
 aff'd sub nom., BC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.),
 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. App'x. 40 (2d Cir. 2002) ...................................7

LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.),
 53 F.3d 478 (2d Cir.1995) .......................................................................................................7

Ogle v. Fidelity & Deposit Co. of Md.,
 586 F.3d 143 (2d Cir.2009) .....................................................................................................7

**STATUTES**

11 U.S.C.
 § 502(a) ...................................................................................................................................6

Bankruptcy Code
 § 502(b) ...............................................................................................................................1, 6

Bankruptcy Rule
 3007(a) ....................................................................................................................................1

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),[1] as debtors and debtors in possession (collectively, the "Debtors")[2] hereby file this objection (the "Objection") seeking to disallow and expunge certain proofs of claim on the Debtors' claims register (the "Non-Obligor Claims," a list of which is attached hereto as Exhibit 1) filed by UMB Bank, N.A, in its capacity as Indenture Trustee[3] (the "Indenture Trustee") with respect to certain 9.625% Junior Secured Guaranteed Notes Due 2015 (the "Junior Secured Notes") issued by Residential Capital, LLC ("ResCap"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[4] The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit 2 (the "Proposed Order"), granting the requested relief. In support of the Objection, the Debtors respectfully represent as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.  This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

---

[1] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 Cases or the relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

[3] U.S. Bank National Association was the original indenture trustee under the Indenture. For the purposes of this Objection, the term "Indenture Trustee" shall include UMB Bank, N.A. and/or U.S. Bank National Association as applicable.

[4] The Debtors reserve all of their rights to object on any other basis to the Claim not set forth in this Objection, and the Debtors reserve all of their rights to amend this Objection should any further bases come to light.

1

ny-1108553

2. The statutory predicate for the relief requested herein is Bankruptcy Code section 502(b) and Bankruptcy Rule 3007(a).

## PRELIMINARY STATEMENT[5]

3. Pursuant to the Claims Filing Stipulation entered into prior to the General Bar Date between the Debtors and the Indenture Trustee, the filing of a single claim was deemed to be a claim filed against each of the 51 Debtors. However, only 23 of the Debtors have obligations as issuers, guarantors or pledgors under the Junior Secured Notes (the "Debtor Obligors").[6] The remaining 28 Debtor entities are not issuers, guarantors or pledgors (the "Non-Obligor Debtors") of the Junior Secured Notes and, as a result, have no liability to the Indenture Trustee or to the beneficial holders of the Junior Secured Notes (the "Beneficial Holders") and neither the Indenture Trustee nor the Beneficial Holders have valid claims at these entities. The Debtors therefore seek to disallow and expunge the Non-Obligor Claims filed by the Indenture Trustee.[7]

## BACKGROUND

4. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and

---

[5] Capitalized terms in this Preliminary Statement shall have the meanings ascribed to such terms elsewhere in this Objection.

[6] Such entities consist of: GMAC Mortgage, LLC, Residential Funding Company, LLC, Homecomings Financial, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, GMAC Model Home Finance I, LLC, DOA Holding Properties, LLC, RFC Asset Holdings II, LLC, Passive Asset Transactions, LLC, RFC Construction Funding, LLC, Residential Mortgage Real Estate Holdings, LLC, Residential Funding Real Estate Holdings, LLC, Homecomings Financial Real Estate Holdings, LLC, Home Connects Lending Services, LLC, GMACR Mortgage Products, LLC, ditech, LLC, ResCap, Residential Consumer Services, LLC, GMAC Mortgage USA Corporation, Residential Funding Mortgage Securities I, Inc., RFC Asset Management, LLC, RFC SFJV-2002, LLC, and RCSFJV2004, LLC.

[7] The Debtors, Creditors' Committee and the Ad Hoc Group of Junior Secured Noteholders are negotiating a stipulation to resolve the issues raised in this Objection. The Debtors and the Creditors' Committee are hopeful that parties can agree to a stipulation and avoid a hearing on this matter.

2

ny-1108553

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

6. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner") [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal and, on June 26, 2013, the Court entered an order unsealing the report [Docket Nos. 3698, 4099].

7. On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

8. On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[8]

---

[8] The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was **not** extended.  To date, approximately 7,100 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.  The Bar Date Order provides that if a claim is asserted against more than one of the Debtors, a separate proof of claim must be filed in each such Debtors' reorganization case, except for an Indenture Trustee who is required to file only one proof of claim.

3

ny-1108553

**A.    The Junior Secured Notes**

9.      The Junior Secured Notes were issued pursuant to that certain Indenture dated as of June 6, 2008 (the "Indenture"), guaranteed by, and secured by pledges from 23 Debtor Obligors.

10.     On June 25, 2012, the Court issued a *Final Order Under Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014(1) Authorizing the Debtors to Obtain Postpetition Financing on a Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* [Docket No. 491] (the "AFI DIP Order"). The AFI DIP Order provided that the Indenture Trustee was deemed to hold a timely-filed allowed claim and that the Indenture Trustee was not required to file a proof of claim either for the benefit of itself or for the benefit of the holders of the Junior Secured Notes.

**B.    The Claims Filing Stipulation**

11.     On October 12, 2012, the Court entered the *Stipulation and Order Permitting U.S. Bank National Association, as Indenture Trustee to File Consolidated Claims Under A Single Case Number* [Docket No. 1832], which provides that the filing of a proof of claim or proofs of claim by the Indenture Trustee on its own behalf or on behalf of the holders of the Junior Secured Notes in the jointly administered chapter 11 case, Case No. 12-12020 (MG) shall be deemed to constitute the filing of such proof of claim or proofs of claim in each of the Debtors' cases (the "Claims Filing Stipulation").

4

ny-1108553

12. The Claims Filing Stipulation was executed for administrative convenience only and was without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims.[9]

C. **The Disclosure Statement Order, the Disclosure Statement and Ballots**

13. On August 23, 2013, the Court entered the *Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of Plan, and (VI) Granting Related Relief* [Docket No. 4809] (the "Disclosure Statement Order").

14. Article I.D of the Disclosure Statement provides that the Junior Secured Notes Claims are impaired at certain Debtor Obligors where the Debtors have issued or guaranteed the Junior Secured Notes, and are unimpaired at certain other Debtor Obligors where the Debtors are not issuers or guarantors of the Junior Secured Notes, but rather have pledged specific assets as collateral, the value of which the holders of Junior Secured Notes will receive under the Plan. (See, e.g., Disclosure Statement at 11, n.21.)

15. The Junior Secured Noteholders dispute that they are unimpaired at any entity and believe that their claims are impaired at each entity. Because the Debtors believe this issue is more appropriately addressed at the Confirmation Hearing[10], the Disclosure Statement Order provides that holders of Junior Secured Notes Claims will receive ballots and be allowed

---

[9] The Claims Filing Stipulation provides as follows: "This Stipulation is entered into by the Debtors and the Trustee for administrative convenience only and is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims."

[10] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al.* and the Plan, as applicable.

5

ny-1108553

to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline with respect to each Debtor against which they have claims regardless of whether the Junior Secured Notes Claims at such Debtor are unimpaired and deemed to have accepted the Plan. (See Disclosure Statement Order ¶ 23.) The Disclosure Statement Order further provides that votes cast in classes in which holders of Junior Secured Notes Claims are unimpaired shall not be counted for voting purposes. (Id.)

16. On or about August 29, 2013, KCC, as balloting agent in these Chapter 11 Cases, distributed a master ballot (a "Master Ballot") to the nominees, or their agents, holding Junior Secured Notes on behalf of beneficial owners of Junior Secured Notes. The Master Ballot provides nominees, or their agents, with instructions to forward beneficial holder ballots (the "Beneficial Holder Ballots") to Beneficial Owners of the Junior Secured Notes. The Beneficial Holder Ballots provide beneficial owners of the Junior Secured Notes with the ability to vote to accept or reject the Plans at each of the 51 Debtors. The Indenture Trustee received notice of distribution of the Master Ballots and Beneficial Holder Ballots.

## RELIEF REQUESTED

17. The Debtors file this Objection pursuant to Bankruptcy Code section 502(b), seeking to disallow and expunge the Non-Obligor Claims from the Debtors' claims register in their entirety.

## OBJECTION

18. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon

6

ny-1108553

Co., L.P. v. Oneida Ltd., Case No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. App'x. 40 (2d Cir. 2002). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

**A.     The Claims are Unenforceable Against the Non-Obligor Debtors**

19.     Bankruptcy Code section 502(b)(1) provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. . . ." 11 U.S.C. § 502(b)(1).

20.     "[A] valid bankruptcy claim depends on (1) whether the claimant possessed a right to payment, and (2) whether that right arose before the filing of the petition." LTV Steel Co., Inc. v. Shalala (In re Chateaugay Corp.), 53 F.3d 478, 497 (2d Cir. 1995). The Second Circuit has recognized that "[a] claim will be deemed to have arisen pre-petition if the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation—a right to payment—under the relevant non-bankruptcy law." Ogle v. Fidelity & Deposit Co. of Md., 586 F.3d 143, 147 (2d Cir. 2009) (citation omitted).

21.     The Indenture Trustee has not satisfied its burden of establishing a "right to payment" on account of the claims asserted against the Non-Obligor Debtors. See Ogle, 586 F.3d at 147 (to have a "claim," a party must establish a "right to payment" under relevant non-bankruptcy law). As the Indenture makes clear, only the Debtor Obligors are liable for the

7

ny-1108553

underlying debt, and the Junior Secured Noteholders have no basis to recover from the Non-Obligor Debtors. Moreover, nothing in the Claims Filing Stipulation was intended to permit the Junior Secured Noteholders to vote at entities where they do not have a "claim" against the Debtors as such document was executed for administrative convenience only and expressly preserved the parties rights in this regard. Simply, the Junior Secured Noteholders are not creditors of the Non-Obligor Debtors, and the Non-Obligor Claims fail to establish any basis for the Debtors' liability at those Debtor entities. The Court should therefore disallow and expunge the Non-Obligor Claims.

**B.  Reservation of Rights**

22.  This Objection is without prejudice to, and expressly reserves, without limitation, the rights of all parties-in-interest to seek to establish or contest at the Confirmation Hearing the claims asserted by the holders of Junior Secured Notes Claims against the Debtor Obligors, and whether such claims are impaired or unimpaired. In addition, this Objection shall be without prejudice to, and expressly reserves, any claims that may be brought against the Junior Secured Noteholders in any adversary proceeding, including the adversary proceeding commenced against the Junior Secured Noteholders by the Creditors' Committee in the proceeding *Official Committee of Unsecured Creditors v. UMB Bank, N.A. et al.*, Case No. 13-01277 (MG) and the adversary proceeding commenced by the Debtors in the proceeding *Residential Capital, et al. v. UMB Bank, N.A.*, Case No. 13-01343 (MG).

# NOTICE

23.  The Debtors have provided notice of this Motion in accordance with the Procedures Order and Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

8

ny-1108553

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: September 20, 2013 | /s/ Lorenzo Marinuzzi <br> Gary S. Lee <br> Lorenzo Marinuzzi <br> Norman S. Rosenbaum <br> Jennifer L. Marines <br> MORRISON & FOERSTER LLP <br> 1290 Avenue of the Americas <br> New York, New York 10104 <br> Telephone: (212) 468-8000 <br> Facsimile: (212) 468-7900 <br><br> *Counsel for the Debtors and Debtors in Possession* |

# **EXHIBIT 1**

ny-1108553

**EXHIBIT 1**

|     | **Claim No.**[1] | **Non-Obligor Debtor Entity** |
| --- | --- | --- |
| 1.  | 6960 | Residential Consumer Services of Alabama, LLC |
| 2.  | 6961 | Residential Asset Securities Corporation |
| 3.  | 6962 | Residential Asset Mortgage Products, Inc. |
| 4.  | 6963 | Residential Accredit Loans, Inc. |
| 5.  | 6967 | RFC Borrower LLC |
| 6.  | 6968 | Residential Funding Mortgage Exchange, LLC |
| 7.  | 6970 | RAHI Real Estate Holdings LLC |
| 8.  | 6974 | RFC – GSAP Servicer Advance, LLC |
| 9.  | 6977 | Residential Funding Mortgage Securities II, Inc. |
| 10. | 6978 | Residential Consumer Services of Texas, LLC |
| 11. | 6980 | RAHI B, LLC |
| 12. | 6981 | RAHI A, LLC |
| 13. | 6982 | PATI Real Estate Holdings, LLC |
| 14. | 6983 | PATI B, LLC |
| 15. | 6984 | PATI A, LLC |
| 16. | 6986 | Ladue Associates, Inc. |
| 17. | 6990 | HFN REO SUB II, LLC |
| 18. | 6992 | GMACM REO LLC |
| 19. | 6993 | GMACM Borrower LLC |
| 20. | 6994 | GMACRH Settlement Services, LLC |
| 21. | 7000 | Executive Trustee Services, LLC |
| 22. | 7001 | ETS of Washington, Inc. |
| 23. | 7002 | ETS of Virginia, Inc. |
| 24. | 7003 | Equity Investment I, LLC |
| 25. | 7004 | EPRE LLC |
| 26. | 7005 | DOA Properties IX (Lots-Other), LLC |
| 27. | 7007 | Residential Consumer Services of Ohio, LLC |
| 28. | 7008 | RFC REO LLC |

---

[1] Notwithstanding the filing of a single claim by the Indenture Trustee, KCC has ascribed individual claim numbers for each of the 51 Debtors.

ny-1109868

# **EXHIBIT 2**

11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE DEBTORS' OBJECTION TO**
**CERTAIN PROOFS OF CLAIM FILED BY UMB BANK, N.A.**
**AS INDENTURE TRUSTEE FOR THE JUNIOR SECURED NOTES**

Upon the Objection to certain proofs of claim filed by UMB Bank, N.A. (the "<u>Objection</u>")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Rule 3007(a) of the Bankruptcy Rules, disallowing and expunging the Non-Obligor Claims; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ORDERED that the relief requested in the Objection is granted to the extent provided therein; and it is further

ORDERED that the Non-Obligor Claims are hereby disallowed and expunged; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that this Order shall be a final order with respect to the Non-Obligor Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: November __, 2013
      New York, New York

                                                                                         _____
                                                                                         UNITED STATES BANKRUPTCY JUDGE