Hearing Date and Time: November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Response Date and Time: October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY – PROPERTY TAX CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Forty-Fifth Omnibus Objection to Claims (No Liability – Property Tax Claims)* (the

"<u>Omnibus Objection</u>"), which seeks to alter your rights by modifying, disallowing and

expunging, and/or allowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); and (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated:  September 20, 2013
       New York, New York

              /s/ Norman S. Rosenbaum
              Gary S. Lee
              Norman S. Rosenbaum
              Jordan A. Wishnew
              MORRISON & FOERSTER LLP
              1290 Avenue of the Americas
              New York, New York 10104
              Telephone:  (212) 468-8000
              Facsimile:  (212) 468-7900

              *Counsel for the Debtors and*
              *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------ | ) | |

**DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION
TO CLAIMS (NO LIABILITY– PROPERTY TAX CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

   Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## **RELIEF REQUESTED**

   1. The Debtors file this forty-fifth omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as **Exhibit 2**, to disallow and expunge the claims listed on **Exhibit A**[1] annexed to the Proposed Order. In support of this Objection, the Debtors submit the *Declaration of Deanna Horst in Support of the Debtors' Forty-Fifth Omnibus Claims Objection (No Liability – Property Tax Claims)* (the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

   2. The Debtors have examined the proofs of claim identified on **Exhibit A** to the Proposed Order filed by certain taxing authorities (collectively, the "Taxing Authorities") as well as the books and records the Debtors maintain in the ordinary course of business, and determined that the proofs of claim listed on **Exhibit A** to the Proposed Order (collectively, the "No Liability Tax Claims") are not liabilities of the Debtors. Accordingly, the Debtors seek

---

[1] Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1108683

entry of the Proposed Order disallowing and expunging the No Liability Tax Claims from the claims register.

3.      The Debtors expressly reserve all rights to object on any other basis to any No Liability Tax Claim as to which the Court does not grant the relief requested herein.

4.      No Borrower Claims (as defined in the Procedures Order) are included in this Objection.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.      General**

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.   The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

3

9.     On November 21, 2012, the Court entered an order [Docket No. 2246] [2] approving the sale of the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing, LLC ("Ocwen") pursuant to the terms of that certain asset purchase agreement dated as of November 2, 2012.

10.     On February 15, 2013, the sale of the Debtors' mortgage loan servicing platform to Ocwen (the "Ocwen Sale") closed.

11.     On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

**B.     Proceedings Related to Claims**

12.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

13.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things,

---

[2]     See *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "**Sale Order**").

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

14.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

15.    To date, approximately 7,160 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

## THE NO LIABILITY TAX CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

16.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that their books and records do not reflect any basis for the No Liability Tax Claims identified on **Exhibit A** annexed to the Proposed Order under the heading "*Claims to be Disallowed and Expunged.*"  Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.  If the No Liability Tax Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases. (See Horst Declaration ¶ 4).

17.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. 502(b)(1).

18.    The Debtors diligently analyzed the proofs of claim identified on **Exhibit A** to the Proposed Order, as well as researched and compared the property and parcel information to the extent provided therein to the information contained within their books and records or, to the extent relevant, information provided by Ocwen held on loan servicing databases transferred as part of the Ocwen Sale.  (See Horst Declaration ¶ 4).  The liabilities set forth in certain of the No Liability Claims are not reflected in the Debtors' books and records, including their active and inactive servicing records.  Consequently, the Debtors, for the reasons set forth on **Exhibit A** to the Proposed Order under the heading titled *"Reason for Disallowance,"* have determined that their books and records do not reflect any present liability due and owing in relation to each of the No Liability Tax Claims.  (See id. at ¶¶ 3-4).

19.    More specifically, and as set forth on **Exhibit A** annexed to the Proposed Order under the under the heading "*Reason for Disallowance*", the Debtors' objections to the No Liability Tax Claims are generally based on one or more of the following categories:

### A.    Insufficient Documentation

20.    As set forth on **Exhibit A** annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors determined that, with respect to certain of the

No Liability Tax Claims, the claimants provided insufficient documentation to substantiate and

prove their claims. (See Horst Declaration ¶ 5).

21.    A proof of claim will lose its *prima facie* validity if the claimant fails to

attach the documentation required by Bankruptcy Rule 3001. In re Lundberg, No. 02-34542

(LMW), 2008 WL 4829846, at *2 (Bankr. D. Conn. 2008) ("If the claimant fails to allege facts

in the proof of claim that are sufficient to support the claim, e.g., by failing to attach sufficient

documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is . . . deprived of any prima

facie validity which it could otherwise have obtained."). The burden of persuasion is on the

holders of such proofs of claim to establish a valid claim against a debtor. In re Allegheny Int'l,

Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg),

442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of

persuasion as to the allowance of [its] claim."). If a claim fails to comply with each of the

requirements pursuant to the Bankruptcy Rules, it is not entitled to prima facie validity under

Bankruptcy Rule 3001. Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer

Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). Courts in

the Second Circuit have decided that claims can be disallowed for failure to include adequate

documentation supporting the validity of the claim. See In re Minbatiwalla, 424 B.R. 104, 119

(Bankr. S.D.N.Y. 2010) (J. Glenn) (determining that "in certain circumstances, claims can be

disallowed for failure to support the claim with sufficient evidence, even if [it] is not a

specifically enumerated reason for disallowance under 11 U.S.C. § 502(b), because absent

adequate documentation, the proof of claim is not sufficient for the objector to concede the

validity of a claim"); see also In re Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to

analysis).

7

22.     Claimants were specifically provided notice of the requirements for proofs

of claim, as set forth in the Bar Date Order, which included instructions on how to complete

proof of claim forms and a warning that failure to comply with those instructions would result in

claims being barred.  (Bar Date Order ¶ 11).  Nevertheless, certain of the Taxing Authorities

filed No Liability Tax Claims and failed to attach any or adequate supporting documentation to

demonstrate the validity of these claims, including evidence of perfected security interests where

such claimants have asserted that they hold security interests in property of the Debtors.  (See

Horst Declaration ¶ 5).  Those Taxing Authorities also did not include an explanation as to why

such documentation is unavailable.  Id.  The Debtors diligently evaluated any information

provided by the Taxing Authorities in their proofs of claim, and proceeded to contact each of

these Taxing Authorities and request that they provide additional property and tax-related

information so that the Debtors could reconcile the filed claims with their books and records.  Id.

Despite the Debtors' efforts, the Taxing Authorities failed to either respond to the Debtors'

requests or to provide the additional information needed by the Debtors to perform their

diligence of these claims.  Id.

23.     The No Liability Tax Claims in this category contain insufficient factual

support on which this Court could reasonably rely to accept such proofs of claim as *prima facie*

valid.  In addition, these No Liability Tax Claims fail to comply with the Bar Date Order's

specific requirements that claims include supporting documentation or an explanation for the

lack of such documentation.  Furthermore, by comparing the information contained on these No

Liability Tax Claims with the Debtors' books and records, the Debtors confirmed that the

Debtors' schedules do not reflect claims or amounts for claimants holding such No Liability Tax

Claims.  (See Horst Declaration ¶ 5). Because the No Liability Tax Claims in this category are

not sufficiently substantiated, no *prima facie* validity attaches to such claims.  See <u>Minbatiwalla</u>,

424 B.R. at 119.

        **B.**      <u>**General No Liability**</u>

      24.     As set forth on **<u>Exhibit A</u>** annexed to the Proposed Order under the

heading "*Reason for Disallowance*," the Debtors determined that certain of the No Liability Tax

Claims should be disallowed and expunged because such claims were not reflected in the

Debtors' Books and Records.  (<u>See</u> Horst Declaration ¶ 6).

      25.     Generally, when property taxes are assessed and/or have accrued, the

property owner is obligated to the taxing authority for the payment of all taxes ultimately

imposed for that given tax year because taxes create liens that run with the land.  See 85 C.J.S.

Taxation § 1114.  However, if an entity is a servicer of the loan secured by the underlying real

property, and not the owner of that property, the servicer may make the property tax payments on

behalf of the borrower or property owner, if so provided in the loan documents, but does not

incur an obligation to the taxing authority for the payment of such taxes.[3]  The servicer is not

liable to a taxing authority to make such tax payments; rather, the borrower or owner of the

property retains direct liability for the financial obligation to make tax payments to the taxing

authority.  Thus, the obligation of the servicer is only owed to the borrower or property owner.

      26.     With respect to certain of the No Liability Tax Claims, the property or

parcel information provided by the Taxing Authorities, or taxes purportedly owing to the Taxing

Authorities, do not correspond to liabilities in the Debtors' servicing databases.  (<u>See</u> Horst

Declaration ¶ 6).  For instance, some proofs of claim contained a tax parcel or property address,

---

[3]     In their capacities as mortgage loan servicers, the Debtors frequently made tax payments in connection with loans they serviced; however, the Debtors, as servicers, did not incur any obligation to the taxing authorities, but rather were contractually obligated solely to the borrower or property owner to pay property taxes on their behalf if, and to the extent, provided in the loan documents.

ny-1108683

but upon a search of their record management systems and servicing systems—active and inactive— the Debtors were unable to identify a Debtor as either a servicer[4] or owner of the underlying real property.  Id.  In other instances, the Debtors did locate the relevant parcel or property address information within their record management systems and servicing systems— active and inactive, but their Books and Records reflect that (i) the Debtor was only acting as servicer of the related loan, and was not the owner of the underlying real property, during the period of time for which the Taxing Authorities claim unpaid taxes, or (ii) the unpaid taxes cited within the proof of claim accrued for a period of time (a) after the loan was paid off, or (b) to the extent the Debtors actually owned a property for a period of time following a foreclosure as Real Estate Owned, after the property was sold.  Id.

### C.    Paid and Satisfied

27.    As set forth on **Exhibit A** annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors determined based on a review of their books and records that certain of the liabilities set forth in the No Liability Tax Claims have already been paid and satisfied.  (See Horst Declaration ¶ 7).

28.    Pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their disallowance where such claims "have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order." Fed. R. Bankr. P. 3007(d)(5).  The Debtors diligently analyzed the No Liability Tax Claims in combination with a review of their books and records, and determined that, as set forth on **Exhibit A** annexed to the Proposed Order under the under the heading "*Reason for Disallowance*," certain of the No Liability Tax Claims

---

[4]    As noted above, even if the Debtors determined they are or were a current or former servicer with respect to the loan, this would not give rise to a liability on the part of the servicer.

are no longer valid, as they have been fully satisfied by the Debtors in the ordinary course of business.  (See Horst Declaration ¶ 7).

### D.       Section 502(b)(3)

29.       As set forth on **Exhibit A** annexed to the Proposed Order under the under the heading "*Reason for Disallowance*," the Debtors determined that certain of the No Liability Tax Claims are subject to disallowance pursuant to Bankruptcy Code section 502(b)(3).  (See Horst Declaration ¶ 8).

30.       Bankruptcy Code section 502(b)(3) disallows *ad valorem* tax claims asserted against estate property to the extent the claims exceed the value of the property in order to "prevent the depletion of the debtor's estate by the payment of taxes assessed against property that has no value to the estate and is likely to be abandoned by the trustee" and thereby "prevent injustice to unsecured creditors and prevent a windfall to . . . lienors who would unfairly benefit from the payment of property taxes that would otherwise remain charges on the property."  See In re BH S&B Holdings LLC, 435 B.R. 153, 161 (Bankr. S.D.N.Y. 2010) (citing In re First Magnus Fin. Corp., 415 B.R. 416, 419, 427 (Bankr. D. Ariz. 2009); 4 COLLIER ON BANKRUPTCY ¶ 502.03[4][a], at 502-34 (15th ed. rev. 2008)).  As set forth on **Exhibit A** annexed to the Proposed Order under the under the heading "*Reason for Disallowance*," the Debtors determined that certain of the No Liability Tax Claims are for *in rem* ad valorem taxes on real property previously owned and now abandoned by the Debtors,[5] in which the Debtors' estates held interests with no value.  (See Horst Declaration ¶ 8).  Accordingly, pursuant to Bankruptcy Code section 503(b)(2), such claims are subject to disallowance in their entirety.

---

[5]     See *Order Under 11 U.S.C. §§ 105(a) and 554(a) Authorizing Abandonment of Certain Real Estate Owned by DOA Properties IX (Lots-Other), LLC* [Dkt. No. 4396].

ny-1108683

31.    For the reasons set forth above, the Debtors assert that they are not responsible for any of the No Liability Tax Claims.    (See Horst Declaration ¶¶ 5-9). Accordingly, to avoid the possibility that the Taxing Authorities receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Tax Claims.  Id. at ¶ 9.  Further, the Debtors reserve the right to object on any other basis to any No Liability Tax Claim as to which the Court does not grant the relief requested herein.

## NOTICE

32.    The Debtors have served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

33.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

12

Dated:  September 20, 2013
      New York, New York

                    /s/ Norman S. Rosenbaum

                    Gary S. Lee
                    Norman S. Rosenbaum
                    Jordan A. Wishnew
                    **MORRISON & FOERSTER LLP**
                    1290 Avenue of the Americas
                    New York, New York 10104
                    Telephone:  (212) 468-8000
                    Facsimile:  (212) 468-7900

                    *Counsel for the Debtors and*
                    *Debtors in Possession*

ny-1108683

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FORTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY – PROPERTY TAX CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.       I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am  authorized  to  submit  this  declaration  (the

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

1

"Declaration") in support of the *Debtors' Forty-Fifth Omnibus Objection to Claims (No Liability – Property Tax Claims) (the "Objection").*[2]

2.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.       In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, (v) information provided by Ocwen from the loan servicing databases that were transferred to Ocwen upon the

---

[2]       Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1108684

sale of the Debtors' mortgage loan servicing platform (the "Ocwen Sale"), and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Specifically, the Debtors reviewed the property and parcel information provided in the proofs of claim filed by the Taxing Authorities, and searched their active and inactive servicing records for corresponding information.  Before the Ocwen Sale, it was the Debtors' business practice to maintain property tax payment information in their loan servicing databases.  The Debtors searched both their active and inactive servicing records for any files corresponding to such real property and parcel information identified in the No Liability Tax Claims.  In addition, the Debtors requested and reviewed any information relating to the subject properties provided by Ocwen to the extent relevant records were transferred to Ocwen or were generated after the Ocwen Sale closed on February 15, 2013.

5.    Based on a thorough review of the proofs of claim at issue and the Debtors' Books and Records, as set forth on **Exhibit A** annexed to the Proposed Order under the heading "*Reason for Disallowance*," certain of the claimants who filed No Liability Tax Claims failed to attach any or adequate supporting documentation to demonstrate the validity of these claims, including evidence of perfected security interests where such claimants have asserted that they hold security interests in property of the Debtors.  The Debtors diligently evaluated any information provided by the claimants in their proofs of claim; however, the information provided by the claimants does not provide adequate supporting documentation to substantiate the bases for a valid claim against the Debtors.  Moreover, to the extent the claimants provided information in their proofs of claim that allowed the Debtors to identify the claimants in the

3

Debtors' books and records, the Debtors confirmed that their books and records do not reflect any present liability due and owing to such claimants.

6.      Based on a thorough review of the proofs of claim at issue and the Debtors' Books and Records, as set forth on **Exhibit A** annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors determined that certain of the No Liability Tax Claims should be disallowed and expunged because such claims were not reflected in the Debtors' Books and Records.  For instance, some proofs of claim contained a tax parcel or property address, but upon a search of their record management systems and servicing systems— active and inactive— the Debtors were unable to identify a Debtor as either having serviced or owned the underlying real property.  In other instances, the Debtors did locate the relevant parcel or property address information within their record management systems and servicing systems—active and inactive, but the Books and Records reflect that (i) the Debtor was only acting as servicer of the related loan, and was not the owner of the underlying real property, during the period of time for which the Taxing Authorities claim unpaid taxes, or the (ii) the unpaid taxes cited within the proof of claim accrued for a period of time (a) after the loan was paid off, or (b) to the extent the Debtors actually owned a property for a period of time following a foreclosure as Real Estate Owned, after the property was sold.

7.      Based on a thorough review of the proofs of claim at issue and the Debtors' Books and Records, as set forth on **Exhibit A** annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors determined that certain of the No Liability Tax Claims should be disallowed and expunged because these claims were satisfied in full during these Chapter 11 Cases pursuant to the authority granted to the Debtors by order of the Court.

ny-1108684

8.    As set forth on **Exhibit A** annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors have also determined that certain of the No Liability Tax Claims are for ad valorem taxes on real property previously owned and now abandoned by the Debtors in which the Debtors' estates interest in the property is now zero.

9.    Thus, based on a thorough review of the proofs of claim at issue and the Debtors' Books and Records, as set forth on **Exhibit A** annexed to the Proposed Order under the heading "*Reason for Disallowance*," the No Liability Tax Claims should be disallowed and expunged because such claims: (a) failed to include sufficient documentation to establish the validity of the claim; (b) were not reflected in the Debtors' Books and Records; (c) have been paid and satisfied by the Debtors; and/or (d) are subject to disallowance pursuant to Bankruptcy Code section 502(b)(3).

10.    If the No Liability Tax Claims are not disallowed and expunged, the Taxing Authorities asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.  Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each No Liability Tax Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------        )
                                                                    )
In re:                                                              )        Case No. 12-12020 (MG)
                                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                                  )        Chapter 11
                                                                    )
                                         Debtors.                   )        Jointly Administered
                                                                    )
------------------------------------------------------------        )
```

### ORDER GRANTING DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY– PROPERTY TAX CLAIMS)

Upon the forty-fifth omnibus claims objection, dated September 20, 2013 (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Tax Claims on the grounds that each No Liability Tax Claim represents a tax obligation for which the Debtors have no liability, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' [__] Omnibus Claims Objection.

*Declaration of Deanna Horst in Support of Debtors' Forty-Fifth Omnibus Objection to Claims (No Liability – Property Tax Claims)*, annexed to the Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that each No Liability Tax Claim listed on **Exhibit A** annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the No Liability Tax Claims identified on the schedule annexed as **Exhibit A** hereto; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on **Exhibit A** annexed to this Order, and the Debtors' and all party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on **Exhibit A** annexed hereto; and it is further

2

ORDERED that this Order shall be a final order with respect to each of the No

Liability Tax Claims identified on **Exhibit A**, annexed hereto, as if each such No Liability Tax

Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:_____, 2013
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

ny-1108685

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY PROPERTY TAX (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 5896 | 11/26/2012 | $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor was not a property owner. Debtors acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 2 | HARRISON COUNTY TREASURER HARRISON COUNTY 245 ATWOOD ST STE 213 CORYDON, IN 47112 | 7162 | 08/27/2013 | $0.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant provided insufficient documentation to establish validity of claim. |
| 3 | Hunt County Elizabeth Weller Linebarger Goggan Blair & Sampson, LLP 2323 Bryan Street, Ste 1600 Dallas, TX 75201 | 4880 | 11/16/2012 | $0.00 $0.00 $38,718.22 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; (ii) Debtor was not a property owner. Debtors acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 4 | Hunt County Elizabeth Weller Linebarger Goggan Blair & Sampson, LLP 2323 Bryan Street, Ste 1600 Dallas, TX 75201 | 6951 | 08/12/2013 | $0.00 $0.00 $36,770.99 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; (ii) taxes have been paid and satisfied by Debtors. |
| 5 | OAKLAND COUNTY TREASURER 1200 N TELEGRAPH RD DEPT. 479 PONTIAC, MI 48341 | 69 | 06/01/2012 | $0.00 $0.00 $50,927.78 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; (ii) Debtor was not a property owner. Debtors acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY PROPERTY TAX (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 6 | St. Johns County Tax Collector, Dennis W. Hollingsworth PO Box 9001 St Augustine, FL 32085-9001 | 146 | 06/21/2012 | $0.00 $0.00 $1,642,899.54 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Pursuant to Bankruptcy Code section 502(b)(3), the claim is disallowed in its entirety as the Debtors have abandoned the real property and the estates' interest in the property is therefore zero. |
| 7 | TOWN OF BUXTON 185 PORTLAND RD BUXTON, ME 04093 | 5910 | 11/26/2012 | $0.00 $0.00 $210,076.65 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |