**Hearing Date and Time: November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** |
| 1290 Avenue of the Americas | |
| New York, New York 10104 | 101 Park Avenue |
| Telephone: (212) 468-8000 | New York, New York 10178-0061 |
| Facsimile: (212) 468-7900 | Telephone: (212) 696-6000 |
| Gary S. Lee | Facsimile: (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Theresa A. Foudy |
| | Maryann Gallagher |

*Counsel for the Debtors and*
*Debtors in Possession*

*Counsel for the Debtors and*
*Debtors in Possession With Respect to*
*Oracle America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------ ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ------------------------------------------------ ) | |

### NOTICE OF DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION
### TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)

**PLEASE TAKE NOTICE** that the debtors and debtors in possession in the

above-captioned Chapter 11 cases (the "<u>Debtors</u>") by their undersigned counsel have

filed the attached *Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability*

*Claims – Books and Records)* (the "<u>Omnibus Objection</u>"), which seeks to alter your

rights by disallowing and expunging your claim against the Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the official committee of unsecured creditors appointed in the above-captioned Chapter 11 cases, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) counsel for the Debtors with respect to Oracle America, Inc., Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, NY 10178-0061 (Attention: Steven J. Reisman, Theresa A. Foudy, and Maryann Gallagher).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated: September 20, 2013                    Respectfully submitted,
      New York, New York

                                          /s/ Norman S. Rosenbaum
                                          Gary S. Lee
                                          Norman S. Rosenbaum
                                          Jordan A. Wishnew
                                          MORRISON & FOERSTER LLP
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Telephone:  (212) 468-8000
                                          Facsimile:  (212) 468-7900

                                          *Counsel for the Debtors and
                                          Debtors in Possession*

                                          -and-

                                          /s/ Steven J. Reisman
                                          Steven J. Reisman
                                          Theresa A. Foudy
                                          Maryann Gallagher
                                          **CURTIS, MALLET-PREVOST,
                                          COLT & MOSLE LLP**
                                          101 Park Avenue
                                          New York, New York 10178-0061
                                          Telephone:  (212) 696-6000
                                          Facsimile:  (212) 697-1559

                                          *Counsel for the Debtors and
                                          Debtors in Possession With Respect to
                                          Oracle America, Inc.*

**Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time:  October 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST,** |
| 1290 Avenue of the Americas | **COLT & MOSLE LLP** |
| New York, New York 10104 | 101 Park Avenue |
| Telephone:  (212) 468-8000 | New York, New York  10178-0061 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 696-6000 |
| Gary S. Lee | Facsimile:  (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Theresa A. Foudy |
| | Maryann Gallagher |

*Counsel for the Debtors and*
*Debtors in Possession*

*Counsel for the Debtors and Debtors in*
*Possession With Respect to Oracle*
*America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------ | ) | |

## DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION
## TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this forty-seventh omnibus objection to claims (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry

of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as

Exhibit 2, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed

Order.  In support of this Objection, the Debtors submit the Declaration of Deanna Horst in

Support of the Debtors' Forty-Seventh Omnibus Claims Objection (the "Horst Declaration"),

attached hereto as Exhibit 1.

2.      The Debtors have examined the proofs of claim identified on Exhibit A to

the Proposed Order as well as the books and records the Debtors maintain in the ordinary course

of business, and determined that the proofs of claim listed on Exhibit A (collectively, the "No

Liability Claims") are not liabilities of the Debtors.  Accordingly, the Debtors seek entry of the

Proposed Order disallowing and expunging the No Liability Claims from the Debtors' official

claims register.

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1107486

3.      The Debtors expressly reserve all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

4.      No Borrower Claims (as defined in the Procedures Order) are included in this Objection.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.      On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by*

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 16, 2013, the Debtors filed a revised Disclosure Statement, which included a revised copy of the Plan [Docket No. 4733], which was further revised on August 20, 2013 [Docket No. 4770]. On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended.

10.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). Bar Date Order ¶¶ 2, 3. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

12.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

4

13.     To date, approximately 7,160 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

**THE NO LIABILITY CLAIMS SHOULD BE
DISALLOWED AND EXPUNGED**

14.     Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that their books and records do not reflect any basis for the No Liability Claims identified on Exhibit A annexed to the Proposed Order under the headings *"Claims to be Disallowed and Expunged."*  See Horst Declaration ¶ 4.  Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.  If the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in the Chapter 11 Cases.  See id.

15.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. 502(b)(1).

16.     The Debtors diligently analyzed the No Liability Claims and compared the claims set forth therein to their books and records and determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such claim for the reasons set forth on Exhibit A to the Proposed Order under the heading titled *"Reason for Disallowance."*

5

See Horst Declaration ¶¶ 3-4.  Accordingly, to avoid the possibility that the parties that filed the No Liability Claims receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Claims.  Further, the Debtors reserve the right to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

## NOTICE

17.    The Debtors have served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

18.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank.]*

6

Dated:  September 20, 2013
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for the Debtors and
Debtors in Possession With Respect to
Oracle America, Inc.*

7

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
)
In re:                                                          )      Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                       )      Chapter 11
)
Debtors.                              )      Jointly Administered
)
---------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(NO LIABILITY CLAIMS – BOOKS AND RECORDS)**</u>

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am authorized to submit this declaration (the

"Declaration") in support of the *Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability Claims – Books and Records)* (the "Objection").[1]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.   Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[1]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

2

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the No Liability Claims at issue, the Debtors determined that each of the proofs of claim listed under the heading *"Claims to be Disallowed and Expunged"* on <u>Exhibit A</u> to the Proposed Order is asserted against a Debtor that does not have liability for such claim for the reasons set forth in the corresponding column under the heading *"Reason for Disallowance."*  If the No Liability Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection and <u>Exhibit A</u> to the Proposed Order, I have determined that each No Liability Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

**Exhibit 2**

**Proposed Order**

ny-1107486

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )    Chapter 11
                                                                 )
                                          Debtors.               )    Jointly Administered
---------------------------------------------------------------- )


## ORDER GRANTING DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)

Upon the forty-seventh omnibus claims objection (the "Objection"),[1] of

Residential Capital, LLC and its affiliated debtors in the above-captioned Chapter 11 Cases, as

debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order,

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Claims

on the basis that such claims fail to articulate any legal or factual justification for asserting a

claim against the Debtors, all as more fully described in the Objection; and it appearing that this

Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Objection having been provided, and it appearing that

no other or further notice need be provided; upon consideration of the Objection and the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1107489

Declaration of Deanna Horst in Support of Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability Claims – Books and Records), annexed to the Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto under the heading *"Claims to be Disallowed and Expunged"* (collectively, the "<u>No Liability Claims</u>") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to disallow and expunge the No Liability Claims identified on the attached <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Debtors' claim register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such Objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ny-1107489

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and all parties in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on Exhibit A, annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1107489

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SEVENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 1 | Basic Life Resources, a Washington State Non-Profit Corporation<br>P.O. Box 665<br>Coupeville, WA 98239 | 2427 | 11/05/2012 | $0.00<br>$0.00<br>$1,700,000.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant is not a Borrower and Debtors have no record of either a pre-existing commercial relationship with Claimant, or pre-existing litigation with Claimant. Claimant appears to assert that Debtor is responsible for a cloud on claimant's title. Claimant's explanation of basis and entitlement to damages is comprised of a series of arguments that lack merit and are without legal or factual basis. Debtor reviewed its books and records and did not find any information that supports claimant's allegations of "clouded title", or that suggests Debtor is otherwise liable to claimant. |
| 2 | Carrollton-Farmers Branch Independent School District<br>c/o Andrea Sheehan<br>Law Offices of Robert E. Luna, P.C.<br>4411 North Central Expressway<br>Dallas, TX 75205 | 1335 | 10/24/2012 | $0.00<br>$0.00<br>$2,534.66<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |
| 3 | HP Associates, Inc<br>31344 Via Colinas, Suite 101<br>Westlake Village , CA 91362 | 837 | 09/27/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim is for repairs on a property that is owned and serviced by non-debtors. |
| 4 | Law Offices of Marshall C. Watson, P.A.<br>c/o Scott Weiss, Esq.<br>1800 NW 49th Street<br>Suite 120<br>Fort Lauderdale, FL 33309 | 3748 | 11/08/2012 | $161,701.88<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Debtors have no records of a pre-existing commercial relationship with Claimant. Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |
| 5 | Liberty Property Limited Partnership<br>c/o Barry E. Bressler, Esquire<br>Schnader Harrison Segal & Lewis LLP<br>1600 Market Street, Suite 3600<br>Philadelphia, PA 19103 | 4040 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant is landlord for 1100 Virginia Drive, Fort Washington, PA 19034 and agreed to waive claim for damages pursuant to the Order Authorizing Rejection of Unexpired Lease and Abandonment of Personal Property [Docket No. 3275]. |
| 6 | MAHNAZ RAHBAR<br>748 PECAN WAY<br>CAMPBELL, CA 95008-4534 | 5811 | 11/20/2012 | $0.00<br>$0.00<br>$915,947.77<br>$0.00<br>$123,157.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant purchased real property in "as is" condition at a foreclosure sale. Claimant takes issue with amount of unpaid taxes on property at time of sale, but past due taxes at the time of sale is the responsibility of the purchaser, so no claim lies against debtor. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SEVENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 7 | Massachusetts Housing Finance Agency<br>Mass Housing<br>One Beacon St., 29th Floor<br>Boston, MA 02108 | 4773 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$219,428.84 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant acquired loan on March 28, 2006 and never submitted claim prior to commencement of Chapter 11 proceeding. Repurchase claim is barred by statute of limitations. |
| 8 | Oracle America, Inc.<br>c/o Amish R. Doshi, Esq.<br>Magnozzi & Kye, LLP<br>23 Green Street, Suite 302<br>Huntington , NY 11743 | 3906 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$16,000.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |
| 9 | Oracle America, Inc.<br>c/o Amish R. Doshi, Esq.<br>Magnozzi & Kye, LLP<br>23 Green Street, Suite 302<br>Huntington , NY 11743 | 3907 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$15,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ditech, LLC | 12-12021 | Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |
| 10 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2584 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 11 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2585 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 12 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2586 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SEVENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 13 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2587 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 14 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2588 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 15 | SPRING LAKE PROPERTY ASSN INC<br>6122 US HWY 98<br>SEBRING, FL 33876 | 1540 | 10/23/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found invoice amounts either paid or not owed to claimant by debtor. |
| 16 | WOLTERS KLUWER FINANCIAL<br>P O BOX 842014<br>BOSTON, MA 02284-2014 | 2122 | 11/02/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Books and records research found no record of invoices or amounts owed to claimant |
| 17 | Zeichner Ellman & Krause LLP<br>Attn Jantra Van Roy<br>575 Lexington Ave<br>New York, NY 10022 | 4781 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$73,755.81 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Books and records research found no record of invoices or amounts owed to claimant by debtor. |