Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ------------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ | ) | |

**NOTICE OF DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION TO
CLAIMS (BORROWER INSUFFICIENT DOCUMENTATION AND
<u>NO LIABILITY BOOKS AND RECORDS CLAIMS</u>)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Forty-Eighth Omnibus Objection to Claims (Borrower Insufficient Documentation and*

*No Liability Books and Records Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter

your rights by disallowing and expunging your claim against the above-captioned

Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

2

Dated:  September 20, 2013
       New York, New York

                                         /s/ Norman S. Rosenbaum

                                         Gary S. Lee
                                         Norman S. Rosenbaum
                                         Jordan A. Wishnew
                                         MORRISON & FOERSTER LLP
                                         1290 Avenue of the Americas
                                         New York, New York 10104
                                         Telephone:  (212) 468-8000
                                         Facsimile:  (212) 468-7900

                                         *Counsel for the Debtors and*
                                         *Debtors in Possession*

ny-1109314

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------- ) | | |

## DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
## (BORROWER INSUFFICIENT DOCUMENTATION AND
## <u>NO LIABILITY BOOKS AND RECORDS CLAIMS)</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> OR <u>EXHIBIT B</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.    The Debtors file this forty-eighth omnibus objection to claims (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry

of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as

Exhibit 5, to disallow and expunge the claims listed on Exhibit A and Exhibit B[1] annexed to the

Proposed Order.  In support of this Objection, the Debtors submit the Declaration of Deanna

Horst in Support of the Debtors' Forty-Eighth Omnibus Claims Objection (the "Horst

Declaration," attached hereto as Exhibit 1), the Declaration of Norman S. Rosenbaum of

Morrison & Foerster LLP, counsel to the Debtors (the "Rosenbaum Declaration," attached hereto

as Exhibit 2) and the declaration of Robert D. Nosek of SilvermanAcampora LLP as Special

Counsel ("Special Counsel") to the Creditors' Committee for Borrower Issues (the "Nosek

Declaration," attached hereto as Exhibit 3).

2.    The Debtors, in consultation with Special Counsel, have examined the

proofs of claim identified on Exhibit A to the Proposed Order as well as the books and records

---

[1]    Claims listed on Exhibit A and Exhibit B are reflected in the same manner as they appear on the claims register
maintained by KCC (defined herein).

ny-1108491

the Debtors maintain in the ordinary course of business, and determined that the Debtor that each of the proofs of claim listed on Exhibit A (collectively, the "No Liability Borrower Claims") was filed against has no liability for the obligation asserted.

3.    In addition, the Debtors, in consultation with Special Counsel, further determined that the proofs of claim identified on Exhibit B to the Proposed Order (collectively, the "Insufficient Documentation Borrower Claims" and together with the No Liability Borrower Claims, the "Affected Borrower Claims") lack sufficient supporting documentation as to their validity and amount and have no basis in the Debtors' books and records.

4.    These determinations were made after the holders of the Affected Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims. Accordingly, the Debtors seek entry of the Proposed Order disallowing and expunging the No Liability Borrower Claims and the Insufficient Documentation Borrower Claims from the claims register.

5.    The proofs of claim identified on Exhibit A and Exhibit B annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

6.    The Debtors expressly reserve all rights to object on any other basis to any No Liability Borrower Claim and Insufficient Documentation Borrower Claim as to which the Court does not grant the relief requested herein.

---

[2]    The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1108491

## JURISDICTION

7.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

8.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.   These Chapter 11 Cases are being jointly administered

pursuant to Bankruptcy Rule 1015(b).

9.      On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102]

(the "Creditors' Committee").

10.     On June 20, 2012, the Court directed that an examiner be appointed (the

"Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner

[Docket Nos. 454, 674].   On May 13, 2013, the Examiner filed his report under seal [Docket

Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public

[Docket No. 4099].

11.     On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by*

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.

4153] (the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by*

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.

4157] (the "Disclosure Statement").  On August 16, 2013, the Debtors filed a revised Disclosure

4

Statement, which included a revised copy of the Plan [Docket No. 4733], which was further revised on August 20, 2013 [Docket No. 4770].  On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended.

12.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

13.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").   Bar Date Order ¶¶ 2, 3.   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

14.     To date, approximately 7,160 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims register.

15.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

ny-1108491

16.     Based on substantial input from counsel to the Creditors' Committee and Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrowers Claims (the "Borrower Claim Procedures").

17.     The Borrower Claim Procedures generally provide, *inter alia*, that prior to objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide Special Counsel with a list of the claims at issue, and (ii) review their books and records to determine if any amounts are owed to such Borrowers.  For Borrower Claims filed with no or insufficient documentation, prior to filing an objection, the Debtors, in cooperation with Special Counsel, must also send each such Borrower claimant a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). See Procedures Order at 4.

18.     In connection with the claims reconciliation process, the Debtors identified: (a) the No Liability Borrower Claims as claims filed by Borrowers that fail to establish a liability reflected in the Debtors' books and records; and (b) the Insufficient Documentation Borrower Claims as claims filed by Borrowers that either (i) fail to identify the amount of the claim and the basis for the claim or (ii) identify the claim amount but do not provide any explanation or attach any supporting documentation to substantiate the claim amount.

19.     In May and June of 2013, after consulting with Special Counsel, the Debtors sent Request Letters, substantially in the form as those attached as Exhibit 4, to the Borrowers who filed the Affected Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of such claims.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline")

ny-1108491

with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  <u>See</u> Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  <u>Id</u>.

20.    The Response Deadline has passed, and the Debtors either have not received any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable No Liability Borrower Claims or Insufficient Documentation Borrower Claims.  <u>See</u> Horst Declaration at ¶ 4; Nosek Declaration at ¶ 8.

## BASIS FOR RELIEF

21.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that: (i) the No Liability Borrower Claims listed on <u>Exhibit A</u> to the Proposed Order should be disallowed and expunged because they are each filed against a Debtor that has no liability for the obligation asserted; and (ii) the Insufficient Documentation Borrower Claims listed on <u>Exhibit B</u> to the Proposed Order should be disallowed and expunged because they lack sufficient supporting documentation as to their validity and amount and have no basis in the Debtors' books and records.  <u>See</u> Horst Declaration at ¶¶ 5-8. Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors. If the Affected Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases.  <u>See</u> Horst Declaration ¶ 8.

7

22.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

A.    **The No Liability Borrower Claims Should Be Disallowed and Expunged**

23.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. 502(b)(1).

24.    The Debtors diligently analyzed the No Liability Borrower Claims and compared the claims set forth therein to their books and records.  See Horst Declaration at ¶ 5. In addition, the Debtors contacted the Borrower who filed the No Liability Borrower Claims, whose claims were filed with insufficient or no supporting documentation, and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with their books and records; however, the Borrower failed to provide sufficient information to establish a basis for liability.  See id. at ¶ 4.  Consequently, the Debtors determined that they have no liability due and owing in relation to each of the No Liability Borrower Claims set forth on Exhibit A to the Proposed Order.  See id. at ¶¶ 5-6.

25.     More specifically, the Debtors have identified the claims on Exhibit A to the Proposed Order as claims that identify all but one of the 51 Debtors in connection with a home equity line of credit.  In fact, a single claim, if any, may lie at GMAC Mortgage, LLC, as it apparently originated the home equity loan in issue.  See id. at ¶ 6.  Therefore, a claim is only properly asserted, if at all, against GMACM.  See id.  At this time, and subject to full reservation of rights, the claimant will continue to maintain a Claim against GMACM.  In each instance involving the No Liability Borrower Claims, the claimant has no valid legal justification for asserting a claim against the given Debtor.  See id.

26.     Accordingly, to avoid the possibility that the party that filed the No Liability Borrower Claims receives improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Borrower Claims.  Further, the Debtors reserve the right to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## B.     The Insufficient Documentation Borrower Claims Should Be Disallowed and Expunged

27.     Bankruptcy Rule 3001(c)(1) instructs that:

> [w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

28.     If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995),

aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y.

2010) (J. Glenn).

29.     Where creditors fail to provide adequate documentation supporting the

validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held

that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in

certain circumstances, claims can be disallowed for failure to support the claim with sufficient

evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the

objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn.

2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

30.     In this case, the claimants who filed the Insufficient Documentation

Borrower Claims initially failed to attach any or adequate supporting documentation to

demonstrate the validity of their claims and failed to provide any explanation as to why such

documentation is unavailable.  See Horst Declaration ¶ 7.  The Debtors diligently evaluated the

information provided by the claimants in their proofs of claim and, thereafter, contacted each of

the claimants to request additional information so that the Debtors could reconcile the filed

claims with their books and records.  See id.  The claimants either (i) failed to respond to the

Request Letters, or (ii) to the extent a claimant responded, failed to provide additional

information to substantiate its alleged claim, and the Debtors' books and records do not reflect

any present liability due and owing to the claimants identified in Exhibit B to the Proposed

Order.  See id.

31.     Therefore, to avoid the possibility that the claimants at issue receive

improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not

prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge

ny-1108491

in their entirety each of the Insufficient Documentation Borrower Claims on <u>Exhibit B</u> to the

Proposed Order.

## **NOTICE**

32.    The Debtors have served notice of this Objection in accordance with the

Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures

Order.  The Debtors submit that no other or further notice need be provided.

## **NO PRIOR REQUEST**

33.    No previous request for the relief sought herein as against the holders of

the No Liability Borrower Claims has been made by the Debtors to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  September 20, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                        )
In re:                                  )        Case No. 12-12020 (MG)
                                        )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, )        Chapter 11
                                        )
                            Debtors.    )        Jointly Administered
                                        )
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS' FORTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (BORROWER INSUFFICIENT**
**DOCUMENTATION AND NO LIABILITY BOOKS AND RECORDS CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am  authorized  to  submit  this  declaration  (the

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

"Declaration") in support of the *Debtors' Forty-Eighth Omnibus Objection to Claims (Borrower Insufficient Documentation and No Liability Books and Records Claims)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A and Exhibit B to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1109304

4. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases. The Debtors diligently evaluated any information provided by the claimants who filed the No Liability Borrower Claims, listed on Exhibit A to the Proposed Order, and the Insufficient Documentation Borrower Claims (together with the No Liability Borrower Claims, the "Affected Borrower Claims"), listed on Exhibit B to the Proposed Order. In accordance with the Borrower Claim Procedures, the Debtors contacted those Borrowers who filed the Affected Borrower Claims whose claims were filed with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records. In May and June of 2013, the Debtors sent Request Letters, substantially in the form as those attached at Exhibit 4 to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective Affected Borrower Claims. The Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

A.    **The No Liability Borrower Claims**

5. The Debtors, based on a thorough review of the No Liability Borrower Claims listed under the heading *"Claims to be Disallowed and Expunged"* on Exhibit A to the Proposed Order, cannot find any evidence in the Books and Records that reflects any present liability due and owing to the claimant and thus have determined that the Debtors do not have liability for such claims for the reasons set forth in the corresponding column under the heading *"Reason for Disallowance."*

6.     More specifically, the Debtors have identified the claims on Exhibit A to the Proposed Order as claims that identify all but one of the 51 Debtors in connection with a home equity line of credit.  In fact, only a single claim, if any, may lie at GMAC Mortgage, LLC, as it apparently originated the home equity loan in issue.  Therefore, a claim is only properly asserted, if at all, against GMACM.  In each instance involving the No Liability Borrower Claims, the claimant has no valid legal justification for asserting a claim against the given Debtor.

**B.     The Insufficient Documentation Borrower Claims**

7.     The claimants who filed the Insufficient Documentation Borrower Claims initially failed to attach any or adequate supporting documentation to demonstrate the validity of their claims and failed to provide any explanation as to why such documentation is unavailable. The Debtors diligently evaluated the information provided by the claimants in their proofs of claim and, thereafter, proceeded to contact each of the claimants to request additional information so that the Debtors could reconcile the filed claims with their books and records. The claimants either (i) failed to respond to the Request Letters, or (ii) to the extent a claimant responded, failed to provide additional information to substantiate its alleged claim.    The Debtors' books and records do not reflect any present liability due and owing to the claimants identified in Exhibit B to the Proposed Order.

8.     If the No Liability Borrower Claims and the Insufficient Documentation Borrower Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

9.      Before filing this Objection, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as to the scope of the Objection.

10.      Accordingly, based upon this review, and for the reasons set forth in the Objection and Exhibit A and Exhibit B to the Proposed Order, I have determined that each Affected Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

5

## Exhibit 2

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ————————————————— ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**
**(BORROWER INSUFFICIENT DOCUMENTATION AND**
**NO LIABILITY BOOKS AND RECORDS CLAIMS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F

maintains offices for the practice of law, among other locations in the United States and

worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney

duly admitted to practice before this Court and the courts of the State of New York.  By this

Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital,

LLC and its affiliated debtors (the "<u>Debtors</u>").

2.      I submit this declaration (the "<u>Declaration</u>") in support of the Debtors' Forty-

Eighth Omnibus Objection to Claims (the "Objection") and in compliance with this Court's

Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the

"Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy

Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii)

Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the

"Claims Objection Procedures Order").

     3.    It is my understanding that in connection with the filing of the Objection, the

Debtors have complied with the Claim Objection Procedures.  I have been advised by M&F

attorneys under my supervision that in accordance with the Claims Objection Procedures Order,

prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as

Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel") with a

preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended

to include in the Objection (the "Objection Claim List"); and (ii) conferred with Special Counsel

to ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim

List.  In arriving at the final Objection Claim List, I am further advised that the Debtors first

reviewed that list and the corresponding proofs of claim to determine if such claims contradicted

the information in the Debtors' books and records, and thereafter, the Debtors conferred with

Special Counsel and agreed that each claimant on the Objection Claim List should receive a

Request Letter.

     4.    I am further advised that the Debtors also conferred with Special Counsel in

drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to

---

[1]    Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims
Objection Procedures Order.

those Borrowers that the Debtors and Special Counsel agreed should receive a Request Letter,

with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors

and Special Counsel have fully complied with all other relevant terms of the Claims Objection

Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on September 20, 2013

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

## Exhibit 3

**Nosek Declaration**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert D. Nosek

*Special Counsel for Borrower Issues to the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

RESIDENTIAL CAPITAL, LLC, et al.

                                              Debtors.
-----------------------------------------------------------------x

Chapter 11
Case No. 12-12020 (MG)

(Jointly Administered)

### DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (BORROWER INSUFFICIENT DOCUMENTATION AND NO LIABILITY BOOKS AND RECORDS CLAIMS)

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I am duly admitted to practice law before this Court and the courts of the State of New York. By this Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "Debtors") for borrower issues.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Forty-Eighth Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy

Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objections Procedures Order").

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth and, if called as a witness, I could and would testify competently thereto.

4.      Pursuant to the Claims Objections Procedures Order, prior to filing the Objection, the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List,[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List").

5.      I or my designee at my direction reviewed the Objection Claim List, conferred with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the Debtors on a final Objection Claim List.

6.      In arriving at the final Objection Claim List with the Debtors, I or my designee at my direction first reviewed that list and the corresponding proofs of claim.  Thereafter, I or my designee at my direction conferred with the Debtors and agreed upon those claimants on the Objection Claim List who should receive a Request Letter.

7.      I or my designee at my direction also conferred with the Debtors in drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those borrowers that the Debtors and SilvermanAcampora agreed should receive a Request Letter, with the Debtors providing copies of such letters to SilvermanAcampora.

---

[1]     Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objections Procedures Order.

8.      For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim, and the additional documents provided by such borrower in response to the Request Letters, if any.  Prior to the Debtors' filing of the Objection, the Debtors provided SilvermanAcampora with a summary of their internal review of their books and records concerning the respective claimants subject to the Objection and the Debtors' conclusions that the Objection is warranted.    SilvermanAcampora reviewed that summary and conclusions and, as Special Counsel, has no objection to the Debtors' determination and reasoning for filing the Objection.

9.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and SilvermanAcampora have fully complied with all other relevant terms of the Claims Objections Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Jericho, New York on September 20, 2013

_/s/_ Robert D. Nosek_____
Robert D. Nosek

## Exhibit 4

**Request Letters**

                    MORRISON | FOERSTER

June 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either:**

      (i)     **Claims.Management@gmacrescap.com; or**
      (ii)    **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

June 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      **(i)**      **Claims.Management@gmacrescap.com; or**
      **(ii)**     **Residential Capital, LLC**
               **P.O. Box 385220**
               **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

    MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did not have any supporting documents attached to it.  In order to evaluate your claim, we need to specifically understand why you believe you are owed money or are entitled to other relief from one or more of the Debtors.  Although you may have stated the factual or legal basis for your claim on the first page of the Proof of Claim form, you have not provided any documentation to support this claim.  Therefore, we need you to provide us with documents that support the basis for your asserted claim.  A copy of your Proof of Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the supporting documentation by June 24, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim(s).

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim(s) on or before the date provided in this letter to either:**

       (i)     **Claims.Management@gmacrescap.com; or**
       (ii)    **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually, and therefore, cannot provide you with legal advice.

**<u>Exhibit 5</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------

### ORDER GRANTING DEBTORS' FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (BORROWER INSUFFICIENT DOCUMENTATION AND NO LIABILITY BOOKS AND RECORDS CLAIMS)

Upon the forty-eighth omnibus claims objection (the "Objection")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging (i) the No Liability Borrower Claims on the basis that such claims have no basis in the Debtors' books and records, and (ii) the Insufficient Documentation Borrower Claims on the basis that such claims fail to explain the basis for the claim or attach any supporting documentation sufficient to support the claim, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "No Liability Borrower Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit B annexed hereto (collectively, the "Insufficient Documentation Borrower Claims") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to disallow and expunge from the claims register the No Liability Borrower Claims identified on the attached Exhibit A hereto and the Insufficient Documentation Borrower Claims identified on the attached Exhibit B hereto pursuant to this Order; and it is further

ny-1109317

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A or Exhibit B annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A or Exhibit B annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A, annexed hereto, and to each of the Insufficient Documentation Borrower Claim identified on Exhibit B, annexed hereto, as if each such No Liability Borrower Claim or Insufficient Documentation Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1109317

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | |
|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 4984 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | RCSFJV2004, LLC | 12-12051 |
| 2 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 4995 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | RAHI Real Estate<br>Holdings, LLC | 12-12050 |
| 3 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5001 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | RAHI B, LLC | 12-12049 |
| 4 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5006 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding<br>Mortgage Exchange, LLC | 12-12059 |
| 5 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5014 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Consumer<br>Services, LLC | 12-12058 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | |
|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 6 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5021 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Consumer Services of Texas, LLC | 12-12057 |
| 7 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5026 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Consumer Services of Ohio, LLC | 12-12056 |
| 8 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5031 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Consumer Services of Alabama, LLC | 12-12055 |
| 9 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5034 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 10 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5037 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 11 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5040 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 12 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5047 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 13 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5051 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RAHI A, LLC | 12-12048 |
| 14 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5052 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 |
| 15 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5053 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | PATI B, LLC | 12-12046 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 16 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5055 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | PATI A, LLC | 12-12045 |
| 17 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5057 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Passive Asset Transactions, LLC | 12-12044 |
| 18 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5059 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC-GSAP Servicer Advance, LLC | 12-12064 |
| 19 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5062 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Holdings II, LLC | 12-12065 |
| 20 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5361 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Management, LLC | 12-12066 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | |
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 21 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5362 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Borrower LLC | 12-12068 |
| 22 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5363 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC REO LLC | 12-12070 |
| 23 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5364 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC SFJV-2002, LLC | 12-12071 |
| 24 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5365 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | RFC Construction Funding, LLC | 12-12069 |
| 25 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5366 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACR Mortgage Products, LLC | 12-12037 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | |
|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 26 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5367 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACM REO LLC | 12-12036 |
| 27 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5369 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMACM Borrower LLC | 12-12035 |
| 28 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5372 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC RH Settlement Services, LLC | 12-12034 |
| 29 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5374 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 |
| 30 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5378 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 31 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5379 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 32 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5380 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 |
| 33 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5381 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | ETS of Washington, Inc. | 12-12027 |
| 34 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5383 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | ETS of Virginia, Inc. | 12-12026 |
| 35 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5385 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Equity Investment I, LLC | 12-12025 |

**Claims to be Disallowed and Expunged**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | |
|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 36 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5386 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | DOA Properties IX (Lots-Other), LLC | 12-12023 |
| 37 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5387 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | EPRE LLC | 12-12024 |
| 38 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5388 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | DOA Holding Properties, LLC | 12-12022 |
| 39 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5390 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | ditech, LLC | 12-12021 |
| 40 | Robert and Erica Tannor 11 Patriots Farm Place Armonk, NY 10504 | 5391 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | | | | Claims to be Disallowed and Expunged | | |
|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 41 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5393 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 42 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5395 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 43 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5399 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 44 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5400 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 |
| 45 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5403 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Ladue Associates, Inc. | 12-12043 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 46 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5404 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 47 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5406 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 |
| 48 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5407 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Home Connects Lending Services, LLC | 12-12039 |
| 49 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5409 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | HFN REO Sub II, LLC | 12-12038 |
| 50 | Robert and Erica Tannor<br>11 Patriots Farm Place<br>Armonk, NY 10504 | 5410 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |

Claims to be Disallowed and Expunged

**Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-EIGHTH OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Eric S. Kaluqin, et al Class action law suits vs Ally Bank, ally Financial<br>Teddy Halstead<br>PO Box 985<br>New York, NY 10035-0306 | 2067 | 10/31/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | GOEBEL, JEFFREY D & GOEBEL, MARCIA L<br>190 ZANE GREY DR<br>SEDONA, AZ 86336-3947 | 880 | 10/01/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | TRANSAMERICA<br>c/o Espinoza, Esperanza<br>1239 Calle Picogordo<br>Rio Rico, AZ 85648-6629 | 708 | 09/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |