**Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------------

### NOTICE OF DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

 **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*
*Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims – Books and*
*Records)* (the "Omnibus Objection"), which seeks to alter your rights by disallowing and
expunging your claim against the above-captioned Debtors.

 **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District
of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

2

Dated:  September 20, 2013
        New York, New York

                                    /s/ Norman S. Rosenbaum
                                   Gary S. Lee
                                   Norman S. Rosenbaum
                                   Jordan A. Wishnew
                                   MORRISON & FOERSTER LLP
                                   1290 Avenue of the Americas
                                   New York, New York 10104
                                   Telephone:  (212) 468-8000
                                   Facsimile:  (212) 468-7900

                                   *Counsel for the Debtors and
                                   Debtors in Possession*

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------- ) | | |

**DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this forty-ninth omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 5, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Forty-Ninth Omnibus Claims Objection (the "Horst Declaration," attached hereto as Exhibit 1), the Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Debtors (the "Rosenbaum Declaration," attached hereto as Exhibit 2) and the declaration of Robert D. Nosek of SilvermanAcampora LLP as Special Counsel ("Special Counsel") to the Creditors' Committee for Borrower Issues (the "Nosek Declaration," attached hereto as Exhibit 3).

2.      The Debtors, in consultation with Special Counsel, have examined the proofs of claim identified on Exhibit A to the Proposed Order as well as the books and records

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1108903

the Debtors maintain in the ordinary course of business, and determined that the proofs of claim

listed on Exhibit A (collectively, the "No Liability Borrower Claims") are not liabilities of the

Debtors.   This determination was made after the holders of the No Liability Borrower Claims

who submitted insufficient documentation were given an opportunity under the Procedures Order

to supply additional documentation to substantiate their respective claims.   Accordingly, the

Debtors seek entry of the Proposed Order disallowing and expunging the No Liability Borrower

Claims from the claims register.

    3.    The proofs of claim identified on Exhibit A annexed to the Proposed

Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower

Claims" and each a "Borrower Claim").   As used herein, the term "Borrower" means a person

who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold

by one or more of the Debtors.[2]

    4.    The Debtors expressly reserve all rights to object on any other basis to any

No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

    5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

    6.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.   The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

---

[2]    The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1108903

Code sections 1107(a) and 1108.   These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.       On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.       On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.       On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 16, 2013, the Debtors filed a revised Disclosure Statement, which included a revised copy of the Plan [Docket No. 4733], which was further revised on August 20, 2013 [Docket No. 4770].  On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended.

10.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11.     On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").    The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

12.     To date, approximately 7,160 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims register.

13.     On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

14.     Based on substantial input from counsel to the Creditors' Committee and

Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth

a process for the Debtors to follow before objecting to certain categories of Borrowers Claims

(the "Borrower Claim Procedures").

15.     The Borrower Claim Procedures generally provide, *inter alia*, that prior to

objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide

Special Counsel with a list of the claims at issue, and (ii) review their books and records to

determine if any amounts are owed to such Borrowers.  For Borrower Claims filed with no or

5

ny-1108903

insufficient documentation, prior to filing an objection, the Debtors, in cooperation with Special Counsel, must also send each such Borrower claimant a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). See Procedures Order at 4.

16.     In connection with the claims reconciliation process, the Debtors identified the No Liability Borrower Claims as claims filed by Borrowers that (i) contradict the information in the Debtors' books and records and/or (ii) fail to establish a liability against any of the Debtors.

17.     In May and June of 2013, after consulting with Special Counsel, the Debtors sent Request Letters, substantially in the form as those attached as Exhibit 4, to those Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of such claims.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  Id.

18.     The Response Deadline has passed, and the Debtors either have not received any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable No Liability Claims.  See Horst Declaration at ¶ 4; Nosek Declaration at ¶ 8.

ny-1108903

## THE NO LIABILITY BORROWER CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

19.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, and after consulting with Special Counsel and complying with the Borrower Claims Procedures, the Debtors determined that their books and records do not reflect any basis for the No Liability Borrower Claims identified on Exhibit A annexed to the Proposed Order under the heading *"Claims to be Disallowed and Expunged."*    Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.    If the No Liability Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases.    See Horst Declaration ¶ 8.

20.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."    11 U.S.C. § 502(a).    If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.    See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."    11 U.S.C. 502(b)(1).

21.    The Debtors diligently analyzed the No Liability Borrower Claims and compared the claims set forth therein to their books and records.    See Horst Declaration at ¶¶ 4-7.    In addition, the Debtors contacted those Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with their

7

books and records; however, the Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability. <u>See id</u>. at ¶ 4. Consequently, the Debtors determined that they have no liability due and owing in relation to each of the No Liability Borrower Claims. <u>See id</u>. at ¶¶ 4-7.

22. More specifically, and as identified under the heading titled *"Reason(s) for Disallowance"* on <u>Exhibit A</u> to the Proposed Order, the No Liability Borrower Claims allege, among other things, that the Debtors either failed to provide a loan modification or provided a loan modification with terms that were not as favorable to the claimant as the claimant believed he or she was entitled to (the "<u>Loan Modification Claims</u>"). With respect to the Loan Modification Claims, the Debtors examined their books and records to verify that the Debtors followed the applicable guidelines and policies regarding loan modifications. <u>See id</u>. at ¶ 6. The Debtors reviewed the claimants' payment histories and the Debtors' internal servicing notes, and, where applicable, loan modification applications, loan modification denial letters, loan modification approval letters, the claimant's compliance with modifications (trial and/or permanent) and any instructions or guidelines provided by the investor. <u>See id</u>. Based on the Debtors' examination of their books and records, the Debtors determined that they had no liability with respect to the Loan Modification Claims because the Debtors complied with the applicable guidelines and policies governing the loan modification process. <u>See id</u>.

23. In addition to the loan modification basis for objecting to the No Liability Borrower Claims, and as further identified on <u>Exhibit A</u> to the Proposed Order under the heading

8

titled *"Reason(s) for Disallowance,"* the Debtors also object to certain of the No Liability

Borrower Claims for one or more of the following reasons:[3]

(i)    <u>General No Liability</u>.  This category includes No Liability Borrower Claims based on issues that do not constitute a valid, legal obligation on the part of the Debtors to the Borrowers, including, without limitation, claims relating to Borrowers' requests to reduce loan balances, reduce interest rates or forgive outstanding loan balances (the "<u>General No Liability Claims</u>").  With respect to the General No Liability Claims, the Debtors examined their books and records, including the claimant's payment history, the Debtors' internal servicing notes and other records as applicable, to determine whether any obligations exist as to these claimants.  <u>See</u> Horst Declaration at ¶ 7(i).  To the extent that the *"Reason(s) for Disallowance"* on <u>Exhibit A</u> to the Proposed Order indicates that the applicable No Liability Borrower Claim is a General No Liability Claim, the Debtors determined that none of the Debtor entities recognize any existing obligation to these claimants and none of the Borrowers are entitled to the claims being sought.  <u>See id</u>.

(ii)    <u>Originations Issues</u>.  This category includes No Liability Borrower Claims based on loan origination issues (the "<u>Origination Issues Claims</u>"), which include, without limitation, claims relating to disputes regarding loan terms, rights of rescission or a defective title exam.  With respect to the Origination Issues Claims, the Debtors examined their books and records to determine whether any Debtor was involved in the origination of the applicable loans.  See id. at ¶ 7(ii).  The executed mortgage note was also reviewed to verify this.  See id.  To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is an Origination Issues Claim, the Debtors determined that no Debtor entity was involved in the origination of the loan.  The claims asserted in the Origination Issues Claims cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan.

(iii)    <u>Wrongful Foreclosure</u>.  This category includes No Liability Borrower Claims based, either directly or indirectly, on allegations of wrongful foreclosure (the "<u>Wrongful Foreclosure Claims</u>").  For the Wrongful Foreclosure Claims, the Debtors examined their books and records to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps.  Such examination of the Debtors' books and records included a review of the claimant's payment history and the Debtors' internal servicing notes, as well as,

---

[3]    All of the claims listed on <u>Exhibit A</u> to the Proposed Order are classified as Loan Modification Claims; however, the Debtors also object to certain of the claims on one or more additional bases depending on the allegations set forth in the respective claims.

where applicable, the claimant's loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents.  See id. at ¶ 7(iii).  In addition, where a claimant asserted that he or she did not execute the mortgage note, the Debtors also examined their internal servicing notes to determine whether any previous identity theft claims were alleged, and compared the signatures on other executed documents in the claimant's file, as well as examining the payment history and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage.  See id.  Moreover, where a Wrongful Foreclosure Claim was based on issues related to a short sale, the Debtors further reviewed their records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper.  See id.  Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the investor's requirements.

Accordingly, to the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Wrongful Foreclosure Claim, the Debtors, based on the information in their books and records, have determined that they do not have any liability regarding such claims because (a) the applicable Debtor foreclosed properly and took the appropriate loss mitigation steps; (b) there was no evidence of identity theft; or (c) the Debtor's reason for denying a claimant's short sale request was appropriate.  See id.  Furthermore, to the extent that a non-debtor entity foreclosed on a claimant's property, such foreclosure is beyond the control and responsibility of the Debtors, and the Debtors are not liable for any claims resulting from the actions of a non-Debtor entity.

24.     Accordingly, to avoid the possibility that the parties that filed the No Liability Borrower Claims receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Borrower Claims.  Further, the Debtors reserve the right to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

ny-1108903

## NOTICE

25.     The Debtors have served notice of this Objection in accordance with the

Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures

Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein as against the holders of

the No Liability Borrower Claims has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  September 20, 2013
        New York, New York

                                            /s/ Norman S. Rosenbaum
                                            Gary S. Lee
                                            Norman S. Rosenbaum
                                            Jordan A. Wishnew
                                            MORRISON & FOERSTER LLP
                                            1290 Avenue of the Americas
                                            New York, New York 10104
                                            Telephone:  (212) 468-8000
                                            Facsimile:  (212) 468-7900

                                            *Counsel for the Debtors and
                                            Debtors in Possession*

ny-1108903

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )     Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )     Chapter 11
                                                                 )
                                        Debtors.                 )     Jointly Administered
                                                                 )
---------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am  authorized  to  submit  this  declaration  (the

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

"Declaration") in support of the *Debtors' Forty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed or supplied by the claimants listed on Exhibit A to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1108904

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  The Debtors diligently evaluated any information provided by the claimants who filed the No Liability Borrower Claims, listed on <u>Exhibit A</u> to the Proposed Order, and, in accordance with the Borrower Claim Procedures, the Debtors proceeded to contact those Borrowers who filed the No Liability Borrower Claims whose claims were filed with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records.  In May and June of 2013, the Debtors sent Request Letters, substantially in the form as those attached at <u>Exhibit 4</u> to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective No Liability Borrower Claims.  The Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

5.      The Debtors, based on a thorough review of the No Liability Borrower Claims listed under the heading *"Claims to be Disallowed and Expunged"* on <u>Exhibit A</u> to the Proposed Order, cannot find any evidence in the Books and Records that reflects any present liability due and owing to such claimants and thus have determined that the Debtors do not have liability for such claims for the reasons set forth in the corresponding column under the heading *"Reason(s) for Disallowance."*

6.      More specifically, and as identified under the heading titled *"Reason(s) for Disallowance"* on <u>Exhibit A</u> to the Proposed Order, the No Liability Borrower Claims allege that the Debtors either failed to provide a loan modification or provided a loan modification with terms that were not as favorable to the claimant as the claimant believed he or she was entitled to

3

(the "Loan Modification Claims").  With respect to the Loan Modification Claims, the Debtors

examined the Books and Records to verify that the Debtors followed the applicable guidelines

and policies regarding loan modifications.   I instructed employees under my supervision to

review the claimant's payment history and the Debtors' internal servicing notes, and, where

applicable, the claimant's loan modification applications, loan modification denial letters, and

loan modification approval letters in order to validate the accuracy of the claimant's allegations.

Moreover, I also asked my employees to check the extent to which the claimant complied with

modifications (trial and/or permanent) and any instructions or guidelines provided by the

investor.   Based on this examination of the Books and Records, the Debtors thoroughly

diligenced the claimants' assertions and determined that they have no liability with respect to the

Loan Modification Claims because the Debtors complied with the applicable guidelines and

policies governing the loan modification process.

        7.      In addition to the loan modification basis for objecting to the No Liability

Borrower Claims, and as further identified on Exhibit A to the Proposed Order under the heading

titled *"Reason(s) for Disallowance,"* the Debtors also determined that they are not liable for

certain of the No Liability Borrower Claims for one or more of the following reasons:[3]

> (i)     General No Liability Issues.  This category includes No Liability
> Borrower Claims for claims relating to Borrowers' requests to reduce loan
> balances, reduce interest rates or forgive outstanding loan balances (the
> "General No Liability Claims").  With respect to the General No Liability
> Claims, the Debtors examined the Books and Records, including the
> claimant's payment history, the Debtors' internal servicing notes and other
> records as applicable, to determine whether any obligations exist as to
> these claimants.  The Debtors found that none of the Debtor entities
> recognize any existing obligations to these claimants.

---

[3]    All of the claims listed on Exhibit A to the Proposed Order are classified as Loan Modification Claims;
however, the Debtors also object to certain of the claims on one or more additional bases depending on the
allegations set forth in the respective claims.

4

(ii)     Originations Issues.  This category includes No Liability Borrower Claims based on loan origination issues (the "Origination Issues Claims"), which include, without limitation, claims relating to disputes regarding loan terms, rights of rescission or a defective title exam.  With respect to the Origination Issues Claims, the Debtors examined their books and records to determine whether any Debtor was involved in the origination of the applicable loans.  The executed mortgage note was also reviewed to verify this.  The Debtors determined that no Debtor entity was involved in the origination of the loan.  The claims asserted in the Origination Issues Claims cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan.

(iii)     Wrongful Foreclosure.  Wrongful Foreclosure.  This category includes No Liability Borrower Claims based, either directly or indirectly, on allegations of wrongful foreclosure (the "Wrongful Foreclosure Claims").  For the Wrongful Foreclosure Claims, the Debtors examined the Books and Records to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps.  Such examination of the Debtors' Books and Records included a review of the claimant's payment history and the Debtors' internal servicing notes, as well as, where applicable, the claimant's loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents.  Additionally, where a claimant asserted that he or she did not execute the mortgage note, the Debtors also examined their internal servicing notes to determine whether any previous identity theft claims were alleged, and compared the signatures on other executed documents in the claimant's file, as well as examining the payment history and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage.  Moreover, where a Wrongful Foreclosure Claim was based on issues related to a short sale, the Debtors further reviewed their records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper.  Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the investor's requirements.

Accordingly, the Debtors, based on the information in the Books and Records, determined that they do not have any liability with respect to the Wrongful Foreclosure Claims because (a) the applicable Debtor foreclosed properly and took the appropriate loss mitigation steps; (b) there was no evidence of identity theft; or (c) the Debtor's reason for denying a

claimant's short sale request was appropriate.  Furthermore, to the extent that a non-debtor entity foreclosed on a claimant's property, such foreclosure is beyond the control and responsibility of the Debtors.

8.      If the No Liability Borrower Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

9.      Before filing this Objection, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as to the scope of the Objection.

10.     Accordingly, based upon this review, and for the reasons set forth in the Objection and Exhibit A to the Proposed Order, I have determined that each No Liability Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  September 20, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

6

## Exhibit 2

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ————————————————————— | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------- | ) | |

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.     I am a partner in the law firm of Morrison & Foerster LLP ("M&F").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "Debtors").

2.     I submit this declaration (the "Declaration") in support of the Debtors' Forty-Ninth Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order

entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objection Procedures Order").

3.      It is my understanding that in connection with the filing of the Objection, the Debtors have complied with the Claim Objection Procedures.  I have been advised by M&F attorneys under my supervision that in accordance with the Claims Objection Procedures Order, prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel") with a preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List"); and (ii) conferred with Special Counsel to ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim List.  In arriving at the final Objection Claim List, I am further advised that the Debtors first reviewed that list and the corresponding proofs of claim to determine if such claims contradicted the information in the Debtors' books and records, and thereafter, the Debtors conferred with Special Counsel and agreed as to those claimants on the Objection Claim List who should receive a Request Letter.

4.      I am further advised that the Debtors also conferred with Special Counsel in drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and Special Counsel agreed should receive a Request Letter,

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objection Procedures Order.

ny-1108909

with the Debtors providing copies of such letters to Special Counsel.

     5.     To the best of my knowledge, prior to the filing of the Objection, both the Debtors and Special Counsel have fully complied with all other relevant terms of the Claims Objection Procedures Order.

     I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on September 20, 2013

     /s/ Norman S. Rosenbaum
     Norman S. Rosenbaum

ny-1108909

## Exhibit 3

**Nosek Declaration**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert D. Nosek

*Special Counsel for Borrower Issues to the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al. | |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------------x

### DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.       I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.   I am duly admitted to practice law before this Court and the courts of the State of New York.   By this Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "Debtors") for borrower issues.

2.       I submit this declaration (the "Declaration") in support of the Debtors' Forty-Ninth Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy

Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objections Procedures Order").

3.    Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth and, if called as a witness, I could and would testify competently thereto.

4.    Pursuant to the Claims Objections Procedures Order, prior to filing the Objection, the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List,[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List").

5.    I or my designee at my direction reviewed the Objection Claim List, conferred with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the Debtors on a final Objection Claim List.

6.    In arriving at the final Objection Claim List with the Debtors, I or my designee at my direction first reviewed that list and the corresponding proofs of claim. Thereafter, I or my designee at my direction conferred with the Debtors and agreed upon those claimants on the Objection Claim List who should receive a Request Letter.

7.    I or my designee at my direction also conferred with the Debtors in drafting the Request Letter. To the best of my knowledge, the Debtors sent a Request Letter to those borrowers that the Debtors and SilvermanAcampora agreed should receive a Request Letter, with the Debtors providing copies of such letters to SilvermanAcampora.

---

[1]    Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objections Procedures Order.

ny-1108910

8.      For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim, and the additional documents provided by such borrower in response to the Request Letters, if any.  Prior to the Debtors' filing of the Objection, the Debtors provided SilvermanAcampora with a summary of their internal review of their books and records concerning the respective claimants subject to the Objection and the Debtors' conclusions that the Objection is warranted.   SilvermanAcampora reviewed that summary and conclusions and, as Special Counsel, has no objection to the Debtors' determination and reasoning for filing the Objection.

9.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and SilvermanAcampora have fully complied with all other relevant terms of the Claims Objections Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Jericho, New York on September 20, 2013

_/s/ Robert D. Nosek_____
Robert D. Nosek

**<u>Exhibit 4</u>**

**Request Letters**



MORRISON | FOERSTER

June 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        **(i)**        **Claims.Management@gmacrescap.com**; or
        **(ii)**       **Residential Capital, LLC**
                    **P.O. Box 385220**
                    **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

    **MORRISON** | **FOERSTER**

June 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

    **(i)**      **Claims.Management@gmacrescap.com; or**
    **(ii)**     **Residential Capital, LLC**
              **P.O. Box 385220**
              **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

Claim Number:

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did not have any supporting documents attached to it.  In order to evaluate your claim, we need to specifically understand why you believe you are owed money or are entitled to other relief from one or more of the Debtors.  Although you may have stated the factual or legal basis for your claim on the first page of the Proof of Claim form, you have not provided any documentation to support this claim.  Therefore, we need you to provide us with documents that support the basis for your asserted claim.  A copy of your Proof of Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the supporting documentation by June 24, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim(s).

<u>Questions</u>:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**<u>You must send the requested information and document(s) supporting your claim(s) on or before the date provided in this letter to either:</u>**

      **(i)**      **Claims.Management@gmacrescap.com; or**
      **(ii)**      **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**


**<u>Please mark each piece of correspondence with the Claim Number referenced above.</u>**


Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually, and therefore, cannot provide you with legal advice.

          MORRISON | FOERSTER

July 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information regarding the claim amount.  In order to evaluate your claim, we need you to reply using the attached form and provide a specific explanation of how you calculated the amount of your claim and also provide sufficient documentation to support the amount you have claimed.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases).  You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim.   A form is included with this letter to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      **(i)**      **Claims.Management@gmacrescap.com; or**
      **(ii)**     **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

          MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

        (i)     **Claims.Management@gmacrescap.com, or**
        (ii)    **Residential Capital, LLC**
               **P.O. Box 385220**
              **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**Exhibit 5**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )        Chapter 11
                                                    )
                                    Debtors.        )        Jointly Administered
                                                    )
---------------------------------------------------------------

### ORDER GRANTING DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

Upon the forty-ninth omnibus claims objection (the "<u>Objection</u>")[1] of Residential

Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and

debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section

502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"),

disallowing and expunging the No Liability Borrower Claims on the basis that such claims have

no basis in the Debtors' books and records, all as more fully described in the Objection; and it

appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157

and 1334; and consideration of the Objection and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided,

and it appearing that no other or further notice need be provided; upon consideration of the

Objection and the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum and

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively; and

the Court having found and determined that the relief sought in the Objection is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Objection establish just cause for the relief granted herein; and the

Court having determined that the Objection complies with the Borrower Claim Procedures set

forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor,

it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "No Liability Borrower Claims") are disallowed and expunged with prejudice;

and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is authorized and directed to disallow and expunge from the claims register the

No Liability Borrower Claims identified on the attached Exhibit A hereto pursuant to this Order;

and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed

good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1108908

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-NINTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | | | |
| 1 | BENEDICT, JENNIFER<br>411 W MAPLE AVE STE G<br>INDEPENDENCE, MO 64050 | 1076 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$164,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 2 | Cassius H. Gray<br>3420 Quito Place<br>Dulles, VA 20189-3420 | 2528 | 11/06/2012 | $424,783.45<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim; Loan Modification Claim | 8, 9 |
| 3 | Christy Lynn Spector<br>1031 Trinita Terrace<br>Davis, CA 95618 | 3442 | 11/07/2012 | $0.00<br>$0.00<br>$450,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 4 | Deborah Lee Wetzel<br>27348 McLemore Cir.<br>Harvest, AL 35749 | 2239 | 11/05/2012 | $0.00<br>$0.00<br>$205,000.00<br>$0.00<br>$50,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification Claim | 8 |
| 5 | Dennis D. Dunn<br>400 E. Park St<br>Harvard, IL 60033 | 4761 | 11/14/2012 | $0.00<br>$0.00<br>$130,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 6 | DOROTHY AND WAYNE HARVEY<br>2627 S 18TH<br>ASPEN CONTRACTING<br>KANSAS CITY, KS 66106 | 3886 | 11/09/2012 | $0.00<br>$0.00<br>$138,305.36<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 7 | DOUGLAS AND IRENE SCHMIDT<br>3608 WANDA LYNN DR<br>METAIRIE, LA 70002 | 2024 | 10/30/2012 | $245,241.48<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-NINTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 8 | Eunice Esparza<br>6530 W. Pershing<br>Berwyn, IL 60402 | 3946 | 11/09/2012 | $72,545.00<br>$0.00<br>$254,545.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 9 | Everado L. Velasco<br>22601 Baker Road<br>Bakersfield, CA 93314 | 1990 | 10/30/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$134,094.19 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim; Loan Modification Claim | 8, 9 |
| 10 | George M. Geeslin<br>Eight Piedmont Center, Suite 550<br>3525 Piedmont Road NE<br>Atlanta, GA 30305 | 2884 | 11/05/2012 | $0.00<br>$0.00<br>$335,000.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification Claim | 8 |
| 11 | Hope G. Sloan<br>9335 Rainbow Creek<br>San Antonio, TX 78245 | 2255 | 11/05/2012 | $0.00<br>$0.00<br>$148,346.68<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 12 | Ivan Norberg<br>15998 Cambrian Drive<br>San Leandro, CA 94578 | 4538 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim; Loan Modification Claim; Wrongful Foreclosure Claim | 8, 9-10 |
| 13 | James Ladd and Anne Ladd<br>c/o Daniel Daley, Esquire<br>MetroWest Legal Services<br>63 Fountain Street, Suite 304<br>Framingham, MA 01702 | 4722 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$289,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification Claim; Wrongful Foreclosure Claim | 8, 9-10 |
| 14 | Jason D. Emert<br>882 Castleman Branch Road<br>Shepherdsville, KY 40165 | 5996 | 11/20/2012 | $143,428.88<br>$0.00<br>$143,428.88<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-NINTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 15 | John E. Koerner<br>P.O. Box 24<br>Williston Park, NY 11596 | 1604 | 10/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$217,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim; Loan Modification Claim | 8, 9 |
| 16 | John Koerner<br>P.O. Box 24<br>Williston Park, NY 11596 | 4829 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$217,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim; Loan Modification Claim | 8, 9 |
| 17 | Loretta M. Badman<br>Thomas L Lightner, Esquire<br>4652 Hamilton Blvd.<br>Allentown, PA 18103 | 3844 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$148,092.30 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification Claim | 8 |
| 18 | Mary R. Biancavilla<br>341 Oak Dr.<br>New Cumberland, PA 17070 | 4397 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$144,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 19 | MICHAEL M KURBS AND<br>BAKER RESTORATION SVCS LLC & DALTON DIRECT FL COVE<br>291 HARMONY LAKE DR<br>HOLLY SPRINGS, GA 30115 | 1210 | 10/15/2012 | $0.00<br>$0.00<br>$375,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 20 | Pamela S. James Robin T. James<br>27701 James Road<br>Laurel, DE 19956 | 3800 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$244,223.19 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim; Wrongful Foreclosure Claim | 8, 9-10 |
| 21 | Ramiro Nafarrate<br>8836 Spring Canyon Dr<br>Spring Valley, CA 91977 | 3786 | 11/08/2012 | $0.00<br>$0.00<br>$147,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-NINTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claims to be Disallowed and Expunged | | | | |
| 22 | RAMONA M ROBERTS<br>424 TOWNSEND DR SE<br>HUNTSVILLE, AL 35811-8763 | 1948 | 10/29/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$245,458.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC<br>Mortgage, LLC | 12-12032 | General No Liability Claim; Loan Modification Claim | 8, 9 |
| 23 | Randall Branson<br>202 Archer Ave.<br>Marshall, IL 62441 | 2063 | 10/31/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$151,814.39 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 24 | Rodney Boone<br>7518 W. Ave A<br>Lancaster, CA 93536 | 2078 | 11/01/2012 | $0.00<br>$0.00<br>$190,401.19<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 25 | Rodrick Gillespie<br>10256 Carlotta Avenue<br>Buena Park, CA 90260 | 4728 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Origination Issues Claim; Loan Modification Claim; Wrongful Foreclosure Claim | 8, 9-10 |
| 26 | Roger J. and Karen Evans<br>9481 S. Johnson Ct<br>Littleton, CO 80127 | 3528 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$397,653.47 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 27 | Vanessa Livingston<br>175 Terrace Drive<br>Vista, CA 95084 | 4580 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Origination Issues Claim; Loan Modification Claim; Wrongful Foreclosure Claim | 8, 9-10 |
| 28 | Velma Irwin<br>2900 N Grove Place<br>Oklahoma City, OK 73127 | 4642 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Origination Issues Claim; Loan Modification Claim; Wrongful Foreclosure Claim | 8, 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-NINTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 29 | Virginia Mattson<br>906 White Pine Drive<br>Hendersonville, NC 28739 | 3453 | 11/07/2012 | $0.00<br>$0.00<br>$123,297.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 30 | William J Futrell<br>8391 N 550 W<br>Bryant, IN 47326 | 725 | 09/24/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Loan Modification Claim | 8 |
| 31 | William John Kaska Jr. & Amy Jo Lynn Showen-Kaska<br>206 Wood Duck Way<br>Springfield, GA 31329 | 4400 | 11/09/2012 | $0.00<br>$0.00<br>$182,029.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |
| 32 | William R. Fix<br>P.O. Box 297<br>Jackson, WY 83001 | 3897 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,860,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Loan Modification Claim | 8 |