**Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

### NOTICE OF DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Omnibus Objection"), which seeks to alter your rights by disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (d) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

2

Dated:  September 20, 2013
       New York, New York

                              /s/ Norman S. Rosenbaum
                              Gary S. Lee
                              Norman S. Rosenbaum
                              Jordan A. Wishnew
                              MORRISON & FOERSTER LLP
                              1290 Avenue of the Americas
                              New York, New York 10104
                              Telephone:  (212) 468-8000
                              Facsimile:  (212) 468-7900

                              *Counsel for the Debtors and*
                              *Debtors in Possession*

ny-1107717

**Hearing Date and Time:** November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
**Response Date and Time:** October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------ ) | | |

**DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**<u>(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

**RELIEF REQUESTED**

1.      The Debtors file this fiftieth omnibus objection to claims (the "Objection")

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed

in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order

(the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 5, to

disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support

of this Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors'

Fiftieth Omnibus Claims Objection (the "Horst Declaration," attached hereto as Exhibit 1), the

Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Debtors (the

"Rosenbaum Declaration," attached hereto as Exhibit 2) and the declaration of Robert D. Nosek

of SilvermanAcampora LLP as Special Counsel ("Special Counsel") to the Creditors' Committee

for Borrower Issues (the "Nosek Declaration," attached hereto as Exhibit 3).

2.      The Debtors, in consultation with Special Counsel, have examined the

proofs of claim identified on Exhibit A to the Proposed Order as well as the books and records

the Debtors maintain in the ordinary course of business, and determined that the proofs of claim

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

ny-1107700

listed on Exhibit A (collectively, the "No Liability Borrower Claims") are not liabilities of the

Debtors.  This determination was made after the holders of the No Liability Borrower Claims

who submitted insufficient documentation were given an opportunity under the Procedures Order

to supply additional documentation to substantiate their respective claims.  Accordingly, the

Debtors seek entry of the Proposed Order disallowing and expunging the No Liability Borrower

Claims from the claims register.

3.    The proofs of claim identified on Exhibit A annexed to the Proposed

Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower

Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person

who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold

by one or more of the Debtors.[2]

4.    The Debtors expressly reserve all rights to object on any other basis to any

No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

**JURISDICTION**

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

6.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

---

[2]    The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket
No. 3294].

Code sections 1107(a) and 1108.   These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].   On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].   On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.      On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").   On August 16, 2013, the Debtors filed a revised Disclosure Statement, which included a revised copy of the Plan [Docket No. 4733], which was further revised on August 20, 2013 [Docket No. 4770].   On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended.

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11.    On August 29, 2012, this Court entered an order approving the Debtors'
motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.
1309] (the "Bar Date Order").    The Bar Date Order established, among other things,
(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of
claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the
form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing
Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental
Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order
extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)
[Docket No. 2093].  The Governmental Bar Date was not extended.

12.    To date, approximately 7,160 proofs of claim have been filed in these
Chapter 11 Cases as reflected on the Debtors' claims register.

13.    On March 21, 2013, the Court entered the Procedures Order, which
authorizes the Debtors to, among other things, file omnibus objections to no more than 150
claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and
those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

14.    Based on substantial input from counsel to the Creditors' Committee and
Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth
a process for the Debtors to follow before objecting to certain categories of Borrowers Claims
(the "Borrower Claim Procedures").

15.    The Borrower Claim Procedures generally provide, inter alia, that prior to
objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide
Special Counsel with a list of the claims at issue, and (ii) review their books and records to
determine if any amounts are owed to such Borrowers.  For Borrower Claims filed with no or

5

insufficient documentation, prior to filing an objection, the Debtors, in cooperation with Special Counsel, must also send each such Borrower claimant a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). See Procedures Order at 4.

16.    In connection with the claims reconciliation process, the Debtors identified the No Liability Borrower Claims as claims filed by Borrowers that (i) contradict the information in the Debtors' books and records and/or (ii) fail to establish a liability against any of the Debtors.

17.    In May and June of 2013, after consulting with Special Counsel, the Debtors sent Request Letters, substantially in the form as those attached as Exhibit 4, to those Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of such claims. The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim. See Request Letters at 1. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. Id.

18.    The Response Deadline has passed, and the Debtors either have not received any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable No Liability Claims. See Horst Declaration at ¶ 4; Nosek Declaration at ¶ 8.

## THE NO LIABILITY BORROWER CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

19.      Based upon their review of the proofs of claim filed on the claims register

maintained by KCC, and after consulting with Special Counsel and complying with the Borrower

Claims Procedures, the Debtors determined that their books and records do not reflect any basis

for the No Liability Borrower Claims identified on Exhibit A annexed to the Proposed Order

under the heading *"Claims to be Disallowed and Expunged."*    Accordingly, these proofs of

claim do not represent valid prepetition claims against the Debtors.  If the No Liability Borrower

Claims are not disallowed and expunged, then the parties who filed these proofs of claim may

potentially receive a wholly improper recovery to the detriment of other creditors in these

Chapter 11 Cases.  See Horst Declaration ¶ 7.

20.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the

Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

"such claim is unenforceable against the debtor and property of the debtor, under any agreement

or applicable law."  11 U.S.C. 502(b)(1).

21.      The Debtors diligently analyzed the No Liability Borrower Claims and

compared the claims set forth therein to their books and records.  See Horst Declaration at ¶¶ 4-

6.  In addition, the Debtors contacted those Borrowers who filed the No Liability Borrower

Claims whose claims were filed with insufficient or no supporting documentation and requested

that they provide additional information so that the Debtors could reconcile such claimants' filed

7

claims with their books and records; however, the Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.  See id. at ¶ 4.  Consequently, the Debtors determined that they have no liability due and owing in relation to each of the No Liability Borrower Claims  See id. at ¶¶ 4-6.

22.     More specifically, and as identified on Exhibit A to the Proposed Order under the heading titled *"Reason(s) for Disallowance,"* the Debtors' objections to the No Liability Borrower Claims are generally based on one or more of the following categories:

(i)     General No Liability.  This category includes No Liability Borrower Claims based on issues that do not constitute a valid, legal obligation on the part of the Debtors to the Borrowers, including, without limitation, claims relating to Borrowers' requests to reduce loan balances, reduce interest rates or forgive outstanding loan balances (the "General No Liability Claims").  With respect to the General No Liability Claims, the Debtors examined their books and records, including the claimant's payment history, the Debtors' internal servicing notes and other records as applicable, to determine whether any obligations exist as to these claimants.  See Horst Declaration at ¶ 6(i).  To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a General No Liability Claim, the Debtors determined that none of the Debtor entities recognize any existing obligation to these claimants and none of the Borrowers are entitled to the claims being sought.  See id.

(ii)     Origination Issues.  This category includes No Liability Borrower Claims based on loan origination issues (the "Origination Issues Claims"), which include, without limitation, claims relating to disputes regarding loan terms, rights of rescission or a defective title exam.  With respect to the Origination Issues Claims, the Debtors examined their books and records to determine whether any Debtor was involved in the origination of the applicable loans.  See id. at ¶ 6(ii).  The executed mortgage note was also reviewed to verify this.  See id.  To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is an Origination Issues Claim, the Debtors determined that no Debtor entity was involved in the origination of the loan.  The claims asserted in the Origination Issues Claims cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan.

8

(iii)    Escrow Issues.  This category includes No Liability Borrower Claims based on the alleged improper application or calculation of escrow amounts (the "Escrow Issues Claims").  For the Escrow Issues Claims, the Debtors examined their books and records to verify whether the escrow payments received by the Debtors were applied correctly and whether the Debtors' records contained any information to support or refute the bases for the Escrow Issues Claims.  See id. at ¶ 6(iii).  Such examination of the books and records included a review of the Debtors' escrow receipts and payments, the annual escrow analysis sent to borrowers and any servicing notes and written communication between the Debtors and the applicable borrower(s).  See id.

To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is an Escrow Issues Claim: (a) in cases where a claimant asserted that the mortgage payments increased significantly to cover an escrow shortfall, the Debtors determined that the mortgage payments received were all correctly applied; (b) in cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Debtors reviewed the escrow statements issued to the claimant, which outlined the amounts paid that year compared to what was estimated, as well as account notes to the extent that there was an escrow account added to the loan, and determined that they have no liability as long as all amounts received from the borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property; and (c) in cases where a claimant asserted that it was owed a refund, the Debtors looked at (1) the escrow statement issued to the claimant to determine if there was a refund due, (2) the history of the loan to determine if a check was issued for the refund and (3) the internal account notes to determine if there were discussions with the claimant regarding an escrow refund not being received, and found that any refunds due were previously paid.  See id.  Moreover, to the extent that the Debtors' books and records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Debtors concluded that they had no liability with respect to the claim.  See id.

(iv)    Wrongful Foreclosure.  This category includes No Liability Borrower Claims based, either directly or indirectly, on allegations of wrongful foreclosure (the "Wrongful Foreclosure Claims").  For the Wrongful Foreclosure Claims, the Debtors examined their books and records to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps.  Such examination of the Debtors' books and records included a review of the claimant's payment history and the Debtors' internal servicing notes, as well as, where applicable, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications

and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents. See id. at ¶ 6(iv).  In addition, where a claimant asserted that he or she did not execute the mortgage note, the Debtors also examined their internal servicing notes to determine whether any previous identity theft claims were alleged, and compared the signatures on other executed documents in the claimant's file, as well as examining the payment history and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage. See id.  Moreover, where a Wrongful Foreclosure Claim was based on issues related to a short sale, the Debtors further reviewed their records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper. See id.  Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the investor's requirements. See id.

Accordingly, to the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Wrongful Foreclosure Claim, the Debtors, based on the information in their books and records, have determined that they do not have any liability regarding such claims because (a) the applicable Debtor foreclosed properly and took the appropriate loss mitigation steps; (b) there was no evidence of identity theft; or (c) the Debtor's reason for denying a claimant's short sale request was appropriate. See id.  Furthermore, to the extent that a non-debtor entity foreclosed on a claimant's property, such foreclosure is beyond the control and responsibility of the Debtors, and the Debtors are not liable for any claims resulting from the actions of a non-Debtor entity.

(v)     Standing Issues.  This category includes No Liability Borrower Claims alleging that the Debtors lacked standing to service or otherwise enforce the terms of the claimant's loan (the "Standing Issues Claims"). For the Standing Issues Claims, the Debtors examined their books and records to determine whether the Debtors had standing with regard to claimants' respective loans. See id. at ¶ 6(v).  Such examination included a review of the claimant's note, payment histories and the Debtors' internal servicing notes. See id.  To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Standing Issues Claim, the Debtors determined that they had no liability with respect to the claim because the Debtors had proper authority to (a) service the loan and (b) enforce the terms of the claimant's loan on behalf of the owner of the loan.

(vi)     Credit Reporting Issues.  This category includes No Liability Borrower Claims that are based, either directly or indirectly, on alleged errors by the Debtors in how they reported the Borrower's loan

performance to the credit reporting agencies, including claims alleging that the Debtors failed to apply or misapplied mortgage payments resulting in a negative report regarding the Borrower's loan performance (the "Credit Reporting Issues Claims").  With respect to the Creditor Reporting Issues Claims, the Debtors examined their books and records for evidence that the alleged payments were made, which included reviewing payment histories and the Debtors' internal servicing notes containing information reported to the credit bureaus, as well as any supporting documentation attached to the Credit Reporting Issues Claims.  See id. at ¶ 6(vi).  To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Credit Reporting Issues Claim, the Debtors found no evidence of the alleged errors and determined that the Debtors have no liability with respect to such claim.  See id.

(vii)    Interest Rates and Fees Collected.  This category includes No Liability Borrower Claims based on assertions that either (a) interest rates charged to the claimant were either incorrect, incorrectly adjusted or incorrectly not adjusted (the "Interest Rates Claims") or (b) the fees charged were incorrect or inappropriate (the "Fees Collected Claims" and together with the Interest Rates Claims, the "Interest Rates and Fees Collected Claims").  For the Interest Rates and Fees Collected Claims, the Debtors reviewed their books and records, including, (a) with respect to the Interest Rate Claims, the note, any adjustable rate rider or other related documents as well as notices and/or adjustment letters sent to the claimants and (b) with respect to the Fees Collected Claims, the payment history and fees charged.  See id. at ¶ 6(vii).  To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is an Interest Rates Claim or a Fees Collected Claim, the Debtors determined that they are not liable to the applicable claimants because either (a) the interest rates being charged were consistent and in accordance with the governing documents or (b) the fees charged by the Debtors were in accordance with the claimant's underlying loan documents and the Debtors' policies.  See id.

(viii)    Litigation Dismissed with Prejudice.[3]  This category includes No Liability Borrower Claims for damages related to prepetition litigation

---

[3]    To the extent that a No Liability Claim is classified as a Litigation Dismissed with Prejudice Claim (defined above), a Litigation Dismissed without Prejudice Claim (defined below), a Litigation Settled with Release Claim (defined below) or a Litigation Voluntarily Dismissed Claim (defined below), the relevant litigation was initiated prior to the Petition Date and was resolved (through dismissal or settlement) either prepetition in the ordinary course of business or postpetition pursuant to the relief provided by this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization*

(Footnote continues on next page.)

against the Debtors that has been dismissed with prejudice (the "Litigation Dismissed with Prejudice Claims"). To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Litigation Dismissed with Prejudice Claim, the Debtors reviewed their books and records and determined that the Debtor entities have no liability to the Borrowers because the litigation between the Debtors and the Borrower has been dismissed with prejudice as to the Debtors and such dismissal has not been appealed by the Borrower. See id. at ¶ 6(viii).

(ix)    Litigation Dismissed without Prejudice. This category includes No Liability Borrower Claims for damages related to litigation against the Debtors that was previously dismissed (the "Litigation Dismissed without Prejudice Claims"). To the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Litigation Dismissed without Prejudice Claim, the Debtors reviewed their books and records and determined that the Debtor entities have no liability to the Borrowers. See id. at ¶ 6(ix).

(x)    Litigation Settled with Release. This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously settled by the parties and included a release of claims by the Borrower against the Debtor entity (the "Litigation Settled with Release Claims"). Accordingly, to the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the No Liability Borrower Claim is a Litigation Settled with Release Claim, the Debtors reviewed their books and records and determined that the Debtor entities have no outstanding liability to the Borrowers because the relevant litigation has been previously settled without a claim remaining against a Debtor entity. See id. at ¶ 6(x).

(xi)    Litigation Voluntarily Dismissed. This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously voluntarily dismissed by the Borrower (the "Litigation Voluntarily Dismissed Claims"). A review of the Debtors' books and records reflect that (a) the Debtors filed dispositive motions in the litigation matters and (b) the applicable claimant dismissed the litigation without prejudice, rather than respond to the Debtors' motions. See id. at ¶ 6(xi). Therefore, to the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Litigation Voluntarily Dismissed Claim, the Debtors have determined, based on their review of the underlying claim, that no amounts are owed to the claimant by the Debtor entities. See id.

(Footnote continued from previous page.)

*Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order"). See Horst Declaration ¶ 6(viii), n.3.

ny-1107700

(xii)    <u>Wrong Debtor</u>.  Out of an abundance of caution, and in addition to the bases for disallowance set forth in one or more of the categories described in (i) – (xi) above, this category includes No Liability Borrower Claims that assert claims against one or more Debtors as the obligor when such claims are properly asserted, if at all, against another Debtor in the Chapter 11 Cases (the "<u>Wrong Debtor Claims</u>").  The Debtors diligently reviewed their books and records and determined that the Debtors that are the subject of the Wrong Debtor Claims do not have any present liability due and owing in relation to each of the Wrong Debtor Claims.  <u>See</u> <u>id</u>. at ¶ 6(xii).  Therefore, to the extent that the *"Reason(s) for Disallowance"* on <u>Exhibit A</u> to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Wrong Debtor Claim, the Debtors determined that the claimant has no valid legal justification for asserting a claim against the given Debtor.  <u>See</u> <u>id</u>.  Nevertheless, if a Wrong Debtor Claims is not expunged as a result of this objection, the Debtors reserve the right to redesignate the claim to the correct Debtor entity.

(xiii)    <u>Miscellaneous</u>.  Certain of the No Liability Borrower Claims are based on unique issues that are not captured by the above categories (the "<u>Miscellaneous Claims</u>").  To the extent that the *"Reason(s) for Disallowance"* on <u>Exhibit A</u> to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Miscellaneous Claim, the Debtors reviewed their books and records and determined that no amounts are owed to the claimant by the Debtor entities for the reasons more fully set forth on <u>Exhibit A</u>.  <u>See</u> <u>id</u>. at ¶ 6(xiii).

23.    Accordingly, to avoid the possibility that the parties that filed the No Liability Borrower Claims receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Borrower Claims.  Further, the Debtors reserve the right to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## **NOTICE**

24.    The Debtors have served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

ny-1107700

**NO PRIOR REQUEST**

25.     No previous request for the relief sought herein as against the holders of

the No Liability Borrower Claims has been made by the Debtors to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  September 20, 2013
        New York, New York

                                    /s/ Norman S. Rosenbaum
                                    Gary S. Lee
                                    Norman S. Rosenbaum
                                    Jordan A. Wishnew
                                    MORRISON & FOERSTER LLP
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone:  (212) 468-8000
                                    Facsimile:  (212) 468-7900

                                    *Counsel for the Debtors and*
                                    *Debtors in Possession*

ny-1107700

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                                                     )
In re:                                                               )    Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, et al.,                                    )    Chapter 11
                                                                     )
                                                     Debtors.        )    Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**

I, Deanna Horst, hereby declare as follows:

        1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.    I  am  authorized  to  submit  this  declaration  (the

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

"Declaration") in support of the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Objection").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed or supplied by the claimants listed on Exhibit A to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1107712

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  The Debtors diligently evaluated any information provided by the claimants who filed the No Liability Borrower Claims, listed on <u>Exhibit A</u> to the Proposed Order, and, in accordance with the Borrower Claim Procedures, the Debtors contacted those Borrowers who filed the No Liability Borrower Claims whose claims were filed with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records.  In May and June of 2013, the Debtors sent Request Letters, substantially in the form as those attached at <u>Exhibit 4</u> to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective No Liability Borrower Claims.  The Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

5.      The Debtors, based on a thorough review of the No Liability Borrower Claims listed under the heading *"Claims to be Disallowed and Expunged"* on <u>Exhibit A</u> to the Proposed Order, cannot find any evidence in the Books and Records that reflects any present liability due and owing to such claimants and thus have determined that the Debtors do not have liability for such claims for the reasons set forth in the corresponding column under the heading *"Reason(s) for Disallowance."*

6.      More specifically, and as identified on <u>Exhibit A</u> to the Proposed Order under the heading titled *"Reason(s) for Disallowance,"* the Debtors' objections to the No Liability Borrower Claims are generally based on one or more of the following categories:

(i)      <u>General No Liability Issues</u>.  This category includes No Liability Borrower Claims for claims relating to Borrowers' requests to reduce loan

3

balances, reduce interest rates or forgive outstanding loan balances (the "General No Liability Claims").  With respect to the General No Liability Claims, the Debtors examined the Books and Records, including the claimants' payment histories, the Debtors' internal servicing notes and other records as applicable, to determine whether any obligations exist as to these claimants.  The Debtors found that none of the Debtor entities recognize any existing obligations to these claimants.

(ii)    Origination Issues.  This category includes No Liability Borrower Claims based on loan origination issues (the "Origination Issues Claims"), which include, without limitation, claims relating to disputes regarding loan terms, rights of rescission or a defective title exam.  With respect to the Origination Issues Claims, the Debtors examined their books and records to determine whether any Debtor was involved in the origination of the applicable loans.  The executed mortgage note was also reviewed to verify this.  The Debtors determined that no Debtor entity was involved in the origination of the loan.  The claims asserted in the Origination Issues Claims cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan.

(iii)   Escrow Issues.  This category includes No Liability Borrower Claims based on the alleged improper application or calculation of escrow amounts (the "Escrow Issues Claims").  For the Escrow Issues Claims, the Debtors examined the Books and Records to verify whether the escrow payments received by the Debtors were applied correctly and whether the Debtors' records contained any information to support or refute the bases for the Escrow Issues Claims.  Such examination of the Books and Records included a review of the Debtors' escrow receipts and payments, the annual escrow analysis sent to borrowers and any servicing notes and written communication between the Debtors and the applicable borrower(s).

In cases where a claimant asserted that the mortgage payments increased significantly to cover an escrow shortfall, the Debtors determined that the mortgage payments received were all correctly applied.  In addition, in cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Debtors reviewed the escrow statements issued to the claimant, which outlined the amounts paid that year compared to what was estimated, as well as account notes to the extent that there was an escrow account added to the loan, and determined that they have no liability as long as all amounts received from the borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property.  Moreover, in cases where a claimant asserted that it was owed a refund, the Debtors looked at (a) the escrow statement issued to the claimant to determine if there was a refund due, (b) the history of the loan to determine if a check was issued for the refund and (c) the internal account notes to determine if there were

4

discussions with the claimant regarding an escrow refund not being received, and found that any refunds due were previously paid. Furthermore, to the extent that the Books and Records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Debtors concluded that they had no liability with respect to the claim.

(iv)    Wrongful Foreclosure.  This category includes No Liability Borrower Claims based, either directly or indirectly, on allegations of wrongful foreclosure (the "Wrongful Foreclosure Claims").  For the Wrongful Foreclosure Claims, the Debtors examined the Books and Records to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps.  Such examination of the Debtors' Books and Records included a review of the claimant's payment history and the Debtors' internal servicing notes, as well as, where applicable, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents.  Additionally, where a claimant asserted that he or she did not execute the mortgage note, the Debtors also examined their internal servicing notes to determine whether any previous identity theft claims were alleged, compared the signatures on other executed documents in the claimant's file, the payment history and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage. Moreover, where a Wrongful Foreclosure Claim was based on issues related to a short sale, the Debtors further reviewed their records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper. Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the investor's requirements.

Accordingly, the Debtors, based on the information in the Books and Records, determined that they do not have any liability with respect to the Wrongful Foreclosure Claims because (a) the applicable Debtor foreclosed properly and, where applicable, took the appropriate loss mitigation steps; (b) there was no evidence of identity theft; or (c) the Debtor's reason for denying a claimant's short sale request was appropriate.  Furthermore, to the extent that a non-debtor entity foreclosed on a claimant's property, such foreclosure is beyond the control and responsibility of the Debtors.

5

(v)    Standing Issues.  This category includes No Liability Borrower Claims alleging that the Debtors lacked standing to service or otherwise enforce the terms of the claimant's loan (the "Standing Issues Claims"). The Debtors examined the Books and Records to determine whether the Debtors had standing with regard to the claimants' respective loans, which included reviewing the claimant's note, payment histories and the Debtors' internal servicing notes.  The Debtors determined that they had no liability with respect to the Wrong Debtor Claims because the Debtors had proper authority to (a) service the loan and (b) enforce the terms of the claimant's loan on behalf of the owner of the loan.

(vi)    Credit Reporting Issues.  This category includes No Liability Borrower Claims that are based, either directly or indirectly, on alleged errors by the Debtors in how they reported the Borrower's loan performance to the credit reporting agencies, including claims alleging that the Debtors failed to apply or misapplied mortgage payments resulting in a negative report regarding the Borrower's loan performance (the "Credit Reporting Issues Claims").  The Debtors examined the Books and Records for evidence that the alleged payments were made, which included reviewing payment histories and the Debtors' internal servicing notes containing information reported to the credit bureaus, as well as any supporting documentation attached to the Credit Reporting Issues Claims. The Debtors found no evidence of the alleged errors and determined that the Debtors have no liability with respect to the Credit Reporting Issues Claims.

(vii)    Interest Rates and Fees Collected.  This category includes No Liability Borrower Claims based on assertions that either (a) interest rates charged to the claimant were either incorrect, incorrectly adjusted or incorrectly not adjusted (the "Interest Rates Claims") or (b) the fees charged were incorrect or inappropriate (the "Fees Collected Claims" and together with the Interest Rates Claims, the "Interest Rates and Fees Collected Claims").  The Debtors reviewed the Books and Records, including, (a) with respect to the Interest Rate Claims, the note, any adjustable rate rider or other related documents as well as notices and/or adjustment letters sent to the claimants and (b) with respect to the Fees Collected Claims, the payment history and fees charged.  The Debtors determined that they are not liable to the applicable claimants for the Interest Rates and Fees Collected Claims because either (a) the interest rates being charged were consistent and in accordance with the governing documents or (b) the fees charged by the Debtors were in accordance with the claimant's underlying loan documents and the Debtors' policies.

(viii)    <u>Litigation Dismissed with Prejudice</u>.[3]  This category includes No Liability Borrower Claims for damages related to prepetition litigation against the Debtors that has been dismissed with prejudice (the "<u>Litigation Dismissed with Prejudice Claims</u>").  The Debtors reviewed the Books and Records and determined that the Debtor entities have no liability to the Borrowers because the litigation between the Debtors and the Borrower has been dismissed with prejudice as to the Debtors.  In addition, such dismissal has not been appealed by the Borrower.

(ix)    <u>Litigation Dismissed without Prejudice</u>.  This category includes No Liability Borrower Claims for damages related to litigation against the Debtors that was previously dismissed (the "<u>Litigation Dismissed without Prejudice Claims</u>").  The Debtors reviewed the Books and Records and determined that the Debtor entities have no liability to the Borrowers.

(x)    <u>Litigation Settled with Release</u>.  This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously settled by the parties and included a release of claims by the Borrower against the Debtor entity (the "<u>Litigation Settled with Release Claims</u>").  The Debtors reviewed the Books and Records and determined that the Debtor entities have no outstanding liability to the Borrowers because the relevant litigation has been previously settled without a claim remaining against a Debtor entity.

(xi)    <u>Litigation Voluntarily Dismissed</u>.  This category includes No Liability Borrower Claims based on litigation against the Debtors that was previously voluntarily dismissed by the Borrower (the "<u>Litigation Voluntarily Dismissed Claims</u>").  A review of the Debtors' Books and Records reflect that (a) the Debtors filed dispositive motions in the litigation matters and (b) the applicable claimant dismissed the litigation without prejudice, rather than respond to the Debtors' motions.  Accordingly, the Debtors determined, based on their review of the underlying claim, that no amounts are owed to the claimant by the Debtor entities.

(xii)    <u>Wrong Debtor</u>.  Out of an abundance of caution, and in addition to the bases for disallowance set forth in one or more of the categories

---

[3]    To the extent that a No Liability Claim is classified as a Litigation Dismissed with Prejudice Claim (defined above), a Litigation Dismissed without Prejudice Claim (defined below), a Litigation Settled with Release Claim (defined below) or a Litigation Voluntarily Dismissed Claim (defined below), the relevant litigation was initiated prior to the Petition Date and was resolved (through dismissal or settlement) either <u>prepetition</u> in the ordinary course of business or <u>postpetition</u> pursuant to the relief provided by this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "<u>Supplemental Servicing Order</u>").

7

described in (i) – (xi) above, this category includes No Liability Borrower Claims that assert claims against one or more Debtors as the obligor when such claims are properly asserted, if at all, against another Debtor in the Chapter 11 Cases (the "Wrong Debtor Claims").  The Debtors diligently reviewed the Books and Records and determined that the Debtors that are the subject of the Wrong Debtor Claims do not have any present liability due and owing in relation to each of the Wrong Debtor Claims.  Accordingly, the Debtors determined that the claimant has no valid legal justification for asserting a claim against the given Debtor.

(xiii)    Miscellaneous.  Certain of the No Liability Borrower Claims are based on unique issues that are not captured by the above categories (the "Miscellaneous Claims").  The Debtors reviewed the Books and Records and determined that no amounts are owed to the claimant by the Debtor entities for the reasons more fully set forth on Exhibit A to the Proposed Order.

7.      If the No Liability Borrower Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

8.      Before filing this Objection, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as to the scope of the Objection.

9.      Accordingly, based upon this review, and for the reasons set forth in the Objection and Exhibit A to the Proposed Order, I have determined that each No Liability Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2013

                                        /s/ Deanna Horst
                                        Deanna Horst
                                        Senior Director of Claims Management for
                                        Residential Capital, LLC

ny-1107712

## Exhibit 2

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— )
                                                              )
In re:                                                     )    Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,     )    Chapter 11
                                                              )
                                        Debtors.      )    Jointly Administered
-------------------------------------------------------------- )

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.        I am a partner in the law firm of Morrison & Foerster LLP ("M&F").  M&F
maintains offices for the practice of law, among other locations in the United States and
worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney
duly admitted to practice before this Court and the courts of the State of New York.  By this
Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital,
LLC and its affiliated debtors (the "Debtors").

2.        I submit this declaration (the "Declaration") in support of the Debtors' Fiftieth
Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order

entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "<u>Bankruptcy Code</u>") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "<u>Claims Objection Procedures Order</u>").

3.      It is my understanding that in connection with the filing of the Objection, the Debtors have complied with the Claim Objection Procedures. I have been advised by M&F attorneys under my supervision that in accordance with the Claims Objection Procedures Order, prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues ("<u>Special Counsel</u>") with a preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended to include in the Objection (the "<u>Objection Claim List</u>"); and (ii) conferred with Special Counsel to ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim List. In arriving at the final Objection Claim List, I am further advised that the Debtors first reviewed that list and the corresponding proofs of claim to determine if such claims contradicted the information in the Debtors' books and records, and thereafter, the Debtors conferred with Special Counsel and agreed as to those claimants on the Objection Claim List that should receive a Request Letter.

4.      I am further advised that the Debtors also conferred with Special Counsel in drafting the Request Letter. To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and Special Counsel agreed should receive a Request Letter,

---

[1]     Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objection Procedures Order.

with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors

and Special Counsel have fully complied with all other relevant terms of the Claims Objection

Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on September 20, 2013

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

ny-1107715

## Exhibit 3

**Nosek Declaration**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert D. Nosek

*Special Counsel for Borrower Issues to the
Official Committee of Unsecured Creditors
of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

RESIDENTIAL CAPITAL, LLC, et al.

Debtors.
-----------------------------------------------------------------x

Chapter 11
Case No. 12-12020 (MG)

(Jointly Administered)

## DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.  I am duly admitted to practice law before this Court and the courts of the State of New York.  By this Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "Debtors") for borrower issues.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Fiftieth Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy

Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objections Procedures Order").

3.    Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth and, if called as a witness, I could and would testify competently thereto.

4.    Pursuant to the Claims Objections Procedures Order, prior to filing the Objection, the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List,[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List").

5.    I or my designee at my direction reviewed the Objection Claim List, conferred with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the Debtors on a final Objection Claim List.

6.    In arriving at the final Objection Claim List with the Debtors, I or my designee at my direction first reviewed that list and the corresponding proofs of claim.  Thereafter, I or my designee at my direction conferred with the Debtors and agreed upon those claimants on the Objection Claim List who should receive a Request Letter.

7.    I or my designee at my direction also conferred with the Debtors in drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those borrowers that the Debtors and SilvermanAcampora agreed should receive a Request Letter, with the Debtors providing copies of such letters to SilvermanAcampora.

---

[1]    Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objections Procedures Order.

8.     For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim, and the additional documents provided by such borrower in response to the Request Letters, if any.  Prior to the Debtors' filing of the Objection, the Debtors provided SilvermanAcampora with a summary of their internal review of their books and records concerning the respective claimants subject to the Objection and the Debtors' conclusions that the Objection is warranted.   SilvermanAcampora reviewed that summary and conclusions and, as Special Counsel, has no objection to the Debtors' determination and reasoning for filing the Objection.

9.     To the best of my knowledge, prior to the filing of the Objection, both the Debtors and SilvermanAcampora have fully complied with all other relevant terms of the Claims Objections Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Jericho, New York on September 20, 2013

 */s/* Robert D. Nosek_____
Robert D. Nosek

**Exhibit 4**

**Request Letters**

                    M O R R I S O N | F O E R S T E R

June 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed.  In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors.  Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases).  You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim.   A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**<u>For Those With a Mortgage Loan Originated or Serviced by One of the Debtors</u>**:

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**<u>Questions</u>**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**<u>You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;</u>**

> **(i)**    **<u>Claims.Management@gmacrescap.com</u>; or**
> **(ii)**    **Residential Capital, LLC**
> **P.O. Box 385220**
> **Bloomington, Minnesota 55438**

**<u>Please mark each document you send with the Claim Number referenced above.</u>**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

     MORRISON | FOERSTER

June 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  According to our records, you have filed a lawsuit against one or more of the Debtors.  Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors.  Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim.  If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim.  A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim.  If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

       **(i)**      **Claims.Management@gmacrescap.com; or**
       **(ii)**     **Residential Capital, LLC**
                **P.O. Box 385220**
                **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

 **MORRISON** | **FOERSTER**

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did not have any supporting documents attached to it.  In order to evaluate your claim, we need to specifically understand why you believe you are owed money or are entitled to other relief from one or more of the Debtors.  Although you may have stated the factual or legal basis for your claim on the first page of the Proof of Claim form, you have not provided any documentation to support this claim.  Therefore, we need you to provide us with documents that support the basis for your asserted claim.  A copy of your Proof of Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the supporting documentation by June 24, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim(s).

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim(s) on or before the date provided in this letter to either:**

        **(i)**       **Claims.Management@gmacrescap.com; or**
        **(ii)**      **Residential Capital, LLC**
                **P.O. Box 385220**
                **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually, and therefore, cannot provide you with legal advice.

 **MORRISON | FOERSTER**

July 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information regarding the claim amount. In order to evaluate your claim, we need you to reply using the attached form and provide a specific explanation of how you calculated the amount of your claim and also provide sufficient documentation to support the amount you have claimed.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

|       |                                                                 |
|-------|-----------------------------------------------------------------|
| (i)   | **Claims.Management@gmacrescap.com**; or                        |
| (ii)  | **Residential Capital, LLC**                                    |
|       | **P.O. Box 385220**                                             |
|       | **Bloomington, Minnesota 55438**                                |

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.



MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      **(i)**    **Claims.Management@gmacrescap.com, or**
      **(ii)**   **Residential Capital, LLC**
             **P.O. Box 385220**
            **Bloomington, Minnesota 55438**


**Please mark each piece of correspondence with the Claim Number referenced above.**


Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

## **Exhibit 5**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

---------------------------------------------------------------------

### ORDER GRANTING DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

Upon the fiftieth omnibus claims objection (the "<u>Objection</u>")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No Liability Borrower Claims on the basis that such claims have no basis in the Debtors' books and records, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum and

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

the Declaration of Robert D. Nosek, annexed to the Objection as <u>Exhibits 1-3</u>, respectively; and

the Court having found and determined that the relief sought in the Objection is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Objection establish just cause for the relief granted herein; and the

Court having determined that the Objection complies with the Borrower Claim Procedures set

forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor,

it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit A</u> annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice;

and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is authorized and directed to disallow and expunge from the claims register the

No Liability Borrower Claims identified on the attached <u>Exhibit A</u> hereto pursuant to this Order;

and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed

good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ny-1107716

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Claims to be Disallowed and Expunged** | | | | | |
| 1 | A. William Reid<br>T Wayne Williams, Esq<br>Williams De Loactch, PC<br>924 Professional Place, Suite B<br>Chesapeake, VA 23320 | 4565 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 9 |
| 2 | Albert A. Passaretti, Jr..<br>3660 Wilshire Blvd, Ste 1132<br>Los Angeles, CA 90010 | 5605 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 3 | Alejandrina Diaz<br>955 Andora Ave<br>Coral Gables, FL 33146 | 1998 | 10/30/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$192,587.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 4 | Alfred, Dionne<br>DIONNE ALFRED, CHARLES WILLIAMS & JANICE KELLY VS GREENPOINT MRTG MERS GMAC MRTG ETS SVCS, LLC US BANKS NA ARICO & ET AL<br>1414 1/2 West 132nd Street<br>Gardena, CA 90249 | 3551 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$17,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Settled with Release Claim | 12 |
| 5 | Alice Arant- Cousins and Richard F Cousins<br>1624 W Lewis Ave<br>Phoenix, AZ 85007 | 2400 | 11/05/2012 | $0.00<br>$0.00<br>$182,200.00<br>$0.00<br>$103,800.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 6 | Alicia D. Kates<br>5 Dartmouth Ave.<br>Somerdale, NJ 08083 | 1537 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$190,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | EPRE LLC | 12-12024 | General No Liability Claim | 8 |
| 7 | Allison L. Randle<br>83 Whitney Street<br>Northborough, MA 01532-1429 | 4199 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$234,200.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | General No Liability Claim | 8 |
| 8 | ANDREW D DUNAVANT JR AND MARY F DUNAVANT VS USAA FEDERAL SAVINGS BANK AND GMAC MORTGAGE LLC WOOLLEY EDGE and GRIMSLEY LLC<br>21 S SECTION ST<br>FAIRHOPE, AL 36532 | 4739 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11-12 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | | Claims to be Disallowed and Expunged | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
| 9 | Ann J Polk<br>PO Box 575<br>Salem, NJ 08079-0575 | 6441 | 02/01/2013 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 9 |
| 10 | Armstrong, Eugene, Peggy & Richard<br>John F. Wiley, Esquire<br>J Frederick Wiley PLLC<br>180 Chancery Row<br>Morgantown, WV 26505 | 4459 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$691,105.00 General Unsecured | | GMAC Mortgage, LLC | 12-12032 | General No Liability Claim | 8 |
| 11 | Audie Reynolds<br>PO Box 96<br>Scottsdale, AZ 85252 | 2607 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$156,798.53 General Unsecured | | Residential Capital, LLC | 12-12020 | Litigation Settled with Release Claim; Wrong Debtor Claim | 12, 13 |
| 12 | Audie Reynolds<br>PO Box 96<br>Scottsdale, AZ 85252 | 2608 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$156,798.53 General Unsecured | | Executive Trustee Services, LLC | 12-12028 | Litigation Settled with Release Claim | 12 |
| 13 | Audie Reynolds<br>PO Box 96<br>Scottsdale, AZ 85252 | 2609 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$156,798.53 General Unsecured | | GMAC Mortgage USA Corporation | 12-12031 | Litigation Settled with Release Claim; Wrong Debtor Claim | 12, 13 |
| 14 | Audie Reynolds<br>PO Box 96<br>Scottsdale, AZ 85252 | 2610 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$156,798.53 General Unsecured | | GMAC Mortgage, LLC | 12-12032 | Litigation Settled with Release Claim | 12 |
| 15 | Audie Reynolds<br>PO Box 96<br>Scottsdale, AZ 85252 | 2611 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$156,798.53 General Unsecured | | Homecomings Financial Real Estate Holdings, LLC | 12-12040 | Litigation Settled with Release Claim; Wrong Debtor Claim | 12, 13 |
| 16 | Audie Reynolds<br>PO Box 96<br>Scottsdale, AZ 85252 | 2612 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$156,798.53 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Litigation Settled with Release Claim; Wrong Debtor Claim | 12, 13 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 17 | Audie Reynolds<br>PO Box 96<br>Scottsdale, AZ 85252 | 2613 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$156,798.53 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Litigation Settled with Release Claim; Wrong Debtor Claim | 12, 13 |
| 18 | Becky A. Raskiewicz<br>PO Box 2303<br>Columbia Falls, MT 59912 | 2524 | 11/06/2012 | $0.00<br>$0.00<br>$445,673.91<br>$757.97<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 19 | Bert and April Walling<br>108 Laurel Drive<br>Weslaco, TX 78596 | 3440 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | General No Liability Claim | 8 |
| 20 | Bogdan Nykiel and Patrycja Nykiel<br>Jonathan Koyn<br>1038 Sterling Avenue, Suite 217<br>Flossmoor, IL 60422 | 4197 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Wrongful Foreclosure Claim | 9-10 |
| 21 | Candy Shively<br>Shore Line Realty & Associates, Inc<br>1407 Viscaya Pkwy # 2<br>Cape Coral, FL 33990 | 1714 | 10/25/2012 | $0.00<br>$0.00<br>$445,039.56<br>$0.00<br>$0.44 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 22 | Carol Ann Kocar<br>c/o Margulies Faith LLP<br>16030 Ventura Blvd, Ste 470<br>Encino, CA 91436 | 5069 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$437,298.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 23 | Ceceley Chapman<br>The Law Offices of Pamela M. Loughman<br>260 Haverford Avenue<br>Narberth, PA 19072 | 2375 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim; Wrong Debtor Claim | 9-10. 13 |
| 24 | Ceceley Chapman<br>The Law Offices of Pamela M. Loughman<br>260 Haverford Avenue<br>Narberth, PA 19072 | 2376 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Wrongful Foreclosure Claim; Wrong Debtor Claim | 9-10. 13 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 25 | Ceceley Chapman<br>The Law Offices of Pamela M. Loughman<br>260 Haverford Avenue<br>Narberth, PA 19072 | 2377 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wrongful Foreclosure Claim | 9-10 |
| 26 | Ceceley Chapman<br>The Law Offices of Pamela M. Loughman<br>260 Haverford Avenue<br>Narberth, PA 19072 | 2378 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 | Wrongful Foreclosure Claim; Wrong Debtor Claim | 9-10. 13 |
| 27 | Ceceley Chapman<br>The Law Offices of Pamela M. Loughman<br>260 Haverford Avenue<br>Narberth, PA 19072 | 2379 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Wrongful Foreclosure Claim; Wrong Debtor Claim | 9-10. 13 |
| 28 | Chadwick J. Dudley<br>10530 White Lake Court<br>Tampa, FL 33626 | 1582 | 10/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$838,500.00 Secured<br>$0.00 Priority<br>$490,191.43 General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 29 | CHIN HUANG LEE AND MAN LEI<br>95 WALNUT TREE HILL RD<br>HUANG AND BRUNETTI AND SONS PROPERTY<br>SANDY HOOK, CT 06482 | 4570 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$150,537.25 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | General No Liability Claim | 8 |
| 30 | Christopher R Greer And Ronna L Greer Husband and Wife<br>Christopher R Greer And Ronna L Greer<br>8040 Tuscarora Road NW<br>Albuquerque, NM 87114-5901 | 1987 | 10/30/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$161,166.42 General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim; General No Liability Claim | 8, 10 |
| 31 | Clifton Boyd Woods Sr.<br>C/O 213 Cottondale Drive<br>Brownsville, TN 38012 | 3536 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$180,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 32 | Corrine L. Cline<br>17001 Tennyson Pl.<br>Granada Hills, CA 91344 | 3621 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$469,859.30 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Claims to be Disallowed and Expunged** | | | | | |
| 33 | Courtney Alsobrook<br>c/o Bern A. Mortberg, Attorney at Law<br>3724 Norwich Lane<br>Plano, TX 75025 | 5590 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$350,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 34 | Darrylin Wenzel Young<br>Breeden Law Firm, LLC<br>Patrick D. Breeden & P Michael Breeden<br>830 Union St., Ste 300<br>New Orleans, LA 70112 | 2124 | 11/02/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$250,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed without Prejudice Claim | 12 |
| 35 | Dave Bellot<br>3827 Garden Way<br>Missouri City, TX 77459 | 4882 | 11/15/2012 | $0.00<br>$0.00<br>$112,400.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 36 | David L Smith & Cheryl A Smith<br>6090 E 100 S<br>Columbus, IN 47201 | 3902 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$231,719.43 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 9 |
| 37 | David Orwick<br>Richard F. Hussey, P.A.<br>PO Box 14333<br>Fort Lauderdale, FL 33302 | 4375 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 38 | Deborah Jinkerson<br>2662 Bonniebrook Dr<br>Maryland Heights, MO 63043-0000 | 1645 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 39 | Dennis G. Burgin & Marcene L. Burgin<br>Dennis Burgin<br>8759 Quail Valley Dr<br>Redding, CA 96002 | 4494 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$350,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 40 | Dennis Giannias<br>564 B Lowell Street<br>Peabody, MA 01960 | 4124 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$650,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| 41 | Dianna Neace<br>4343 Maycrest Ave.<br>Los Angeles, CA 90032 | 3965 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$278,000.00 Secured<br>$0.00 Priority<br>$222,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 42 | Dustin L Spangler<br>LGH<br>6788 South 1300 East<br>Cottonwood Heights, UT 84121 | 2211 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$407,236.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 43 | Edgar A. Soto & Sara Soto<br>210 S. 44th Ave.<br>Northlake , IL 60164 | 2865 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$229,525.00 General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 44 | Edmund James Ryan<br>6731 Stanley Ave.<br>Carmichael , CA 95608 | 2374 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$650,000.00 General Unsecured | Executive Trustee Services, LLC | 12-12028 | Standing Issues Claim | 10 |
| 45 | Edmund James Ryan<br>6731 Stanley Ave.<br>Carmichael , CA 95608 | 2395 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$650,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Standing Issues Claim | 10 |
| 46 | Edward A Morris and Jewell D Morris<br>7140 S. Sunnycrest Rd.<br>Seattle, WA 98178 | 1947 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$260,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 47 | Erickson Thorpe & Swainston Ltd Jean M. Gagnon<br>Longoni- Pamela D Longoni,<br>Individually & as Guardian AD Litem for Lacey Longoni,<br>& Jean M Gagnon, Vs GMAC MRTG, LLC, A ET AL<br>99 West Arroyo St, PO Box 3559<br>Reno, NV 89505 | 2293 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$600,000.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Miscellaneous Claim.  Debtor had no involvement in the loan modification or servicing of Borrower's loan. | 13 |
| 48 | Erickson Thorpe & Swainston Ltd Jean M. Gagnon<br>Longoni- Pamela D Longoni,<br>Individually & as Guardian AD Litem for Lacey Longoni,<br>& Jean M Gagnon, Vs GMAC MRTG, LLC, A ET AL<br>99 West Arroyo St, PO Box 3559<br>Reno, NV 89505 | 2296 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$600,000.00 General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 | Miscellaneous Claim.  Debtor had no involvement in the loan modification or servicing of Borrower's loan. | 13 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 49 | Erickson Thorpe & Swainston Ltd Pamela D. Longoni, Ind. & as GAL for Lacey Longini Longoni- Pamela D Longoni, Individually & as Guardian AD Litem for Lacey Longoni, & Jean M Gagnon, Vs GMAC MRTG, LLC, A ET AL 99 West Arroyo St, PO Box 3559 | 2292 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $600,000.00 General Unsecured | | Residential Funding Company, LLC | 12-12019 | Miscellaneous Claim. Debtor had no involvement in the loan modification or servicing of Borrower's loan. | 13 |
| 50 | Erickson Thorpe & Swainston Ltd Pamela D. Longoni, Ind. & as GAL for Lacey Longini Longoni- Pamela D Longoni, Individually & as Guardian AD Litem for Lacey Longoni, & Jean M Gagnon, Vs GMAC MRTG, LLC, A ET AL 99 West Arroyo St, PO Box 3559 | 2297 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $600,000.00 General Unsecured | | Residential Asset Mortgage Products, Inc. | 12-12053 | Miscellaneous Claim. Debtor had no involvement in the loan modification or servicing of Borrower's loan. | 13 |
| 51 | Evelyn Mearidy 5624 Robertson Ave Baton Rouge, LA 70805 | 4366 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $190,000.00 Secured $0.00 Priority $0.00 General Unsecured | | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 52 | Everett A Blakeley 2723 Janice Drive High Point, NC 27263 | 4922 | 11/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 9 |
| 53 | Faeze and Cyrus Shahrzad Denbeaux & Denbeaux 366 Kinderkamack Road Westwood, NJ 07675-1675 | 1107 | 10/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,500,000.00 General Unsecured | | Residential Capital, LLC | 12-12020 | General No Liability Claim; Wrong Debtor Claim | 8, 13 |
| 54 | FELICE AND CURTIS HUSKINS AND 4011 LUNAR DR #A FELICE HUSKINS SCHILLING ANCHORAGE, AK 99504 | 3499 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $423,000.00 Secured $0.00 Priority $0.00 General Unsecured | | GMAC Mortgage, LLC | 12-12032 | General No Liability Claim | 8 |
| 55 | Felix O. Abu 6999 Romanzo Way Elk Grove, CA 95758 | 241 | 07/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $121,125.00 Secured $0.00 Priority $0.00 General Unsecured | | Executive Trustee Services, LLC | 12-12028 | Litigation Dismissed with Prejudice Claim; Wrong Debtor Claim | 11-12, 13 |
| 56 | Felix O. Abu 6999 Romanzo Way Elk Grove, CA 95758 | 246 | 07/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $1,248,955.60 Secured $0.00 Priority $0.00 General Unsecured | | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim; Wrong Debtor Claim | 11-12, 13 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 57 | FLOYD GREEN<br>3 MISTLTOE LANE<br>NEWNAN, GA 30265 | 2578 | 11/06/2012 | $0.00<br>$0.00<br>$428,677.08<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 58 | Fricke, Richard<br>DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI<br>2005QS9 VS. RICHARD J. FRICKE, ET AL (NEED CAPTION FROM COMPLAINT)<br>700 Warren Road, APT 19-1-F<br>Ithaca, NY 14850 | 879 | 10/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$312,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 59 | Gary W. Smith<br>14010 Chamy Drive<br>Reno, NV 89521 | 3704 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$109,651.32 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed without Prejudice Claim | 12 |
| 60 | Genevieve K. Capozzoli<br>5 Tudor City Place #619<br>New York, NY 10017 | 4910 | 11/15/2012 | $75,000.00<br>$0.00<br>$189,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 61 | Gerald Gandrup<br>PO Box 67359<br>Scotts Valley, CA 95067 | 4167 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Voluntarily Dismissed Claim | 12-13 |
| 62 | GMAC Mortgage LLC Mortgage Electronic Registration Systems Inc Wells<br>Fargo Bank NA As trustee for Harborview et al<br>LAW OFFICES OF MICHAEL YESK<br>70 DORAY DR STE 16<br>PLEASANT HILL, CA 94523 | 994 | 10/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,802,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Voluntarily Dismissed Claim | 12-13 |
| 63 | GREGORY D. SCHROTH<br>NANCY K. SCHROTH<br>9465 RIDGE RD<br>GOODRICH, MI 48438 | 658 | 09/24/2012 | $0.00<br>$0.00<br>$350,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Interest Rates Claim | 11 |
| 64 | GUERRINO DEGLI ESPOSTI<br>196 LA VEREDA RD<br>SANTA BARBARA, CA 93108 | 2104 | 11/02/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 65 | HALL, MARTIN<br>GMAC MRTG,LLC VS MARTIN S HALL AKA MARTIN SCOTT HALL CHICAGO<br>TITLE LAND TRUST CO AS TRUSTEE UTA DATED 3/26/07 AKA TRUS ET AL<br>PO BOX 301<br>BARRINGTON, IL 60011-0301 | 872 | 10/01/2012 | $0.00<br>$0.00<br>$0.00<br>$14,000.00<br>$27,267.83 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed without Prejudice Claim | 12 |
| 66 | Henry DeLery<br>Reginald Roberts, Jr.<br>355 S. Grand Ave, Suite 2450<br>Los Angeles, CA 90071 | 564 | 09/19/2012 | $0.00<br>$0.00<br>$311,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 67 | Iso Gradjan<br>9429 Sayre Avenue<br>Morton Grove, IL 60053 | 4602 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$189,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 68 | Jacqueline A. Warner<br>PO Box 2414<br>Redwood City, CA 94064 | 3502 | 11/07/2012 | $0.00<br>$0.00<br>$1,049,290.15<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Origination Issues Claim | 8 |
| 69 | James Jackson<br>c/o Jessica Tovrov<br>Goodman Law Offices<br>105 West Madison St.<br>Suite 1500<br>Chicago, IL 60602 | 4664 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 70 | Jay Williams<br>5731 Post Rd.<br>Bronx, NY 10471 | 6295 | 12/03/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$595,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 71 | Jeanann Muckridge<br>856 Gina Lane<br>San Marcos, CA 92069 | 4627 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 72 | Jesse Olivarez and Anna M. Hernandez<br>4121 Merlet Dr<br>Pearland, TX 77584 | 2081 | 11/01/2012 | $0.00<br>$0.00<br>$204,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 73 | John and Anna Santos<br>R. Steven Geshell, Esq.<br>345 Queen Street, Suite #709<br>Honolulu, HI 46813 | 1239 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$150,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 74 | John D. and Leni Sweeney<br>P.O. Box 17387<br>Reno, NV 89511 | 2245 | 11/05/2012 | $0.00<br>$0.00<br>$296,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 75 | John Murrin<br>7045 Los Santos Dr<br>Long Beach, CA 90815 | 4670 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$300,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 76 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4588 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 77 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4897 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 78 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4898 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 79 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4900 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 80 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4901 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 81 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4903 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 82 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4941 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 83 | John Sprouse<br>1601 N Sepulveda Blvd., #631<br>Manhattan Beach, CA 90266 | 4943 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 84 | Jonathan Somera<br>118 Tamarack Dr<br>Hercules, CA 94547 | 5427 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$270,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Litigation Voluntarily Dismissed Claim | 12-13 |
| 85 | Joseph C. Maneri<br>113 Avenue A<br>Holbrook, NY 11741 | 1888 | 10/26/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,800,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim; Wrongful Foreclosure Claim | 8, 9 |
| 86 | Karen & Paul Six<br>4037 Compass Rose Way<br>Las Vegas, NV 89108 | 4932 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$104,263.71 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 87 | Karen Mobley Gunn Estate<br>C/O 2095 Exeter Road, Suite 80<br>Germantown, TN 38138 | 2372 | 11/05/2012 | $0.00<br>$0.00<br>$245,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Voluntarily Dismissed Claim | 12-13 |
| 88 | Keith Pelzel vs LSI Title Agency Inc GMAC Mortgage LLC Homecomings Financial Network Inc First American Title et al<br>Natural Resource Law Group<br>2217 NW Market St Ste 27<br>SEATTLE, WA 98107 | 4640 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$550,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Litigation Settled with Release Claim | 12 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 89 | Kenneth Scott Cousens and Jerry Lee Berneathy<br>Kenneth Cousens<br>27475 Ynez Rd. #438<br>Temecula, CA 92591 | 3790 | 11/08/2012 | $0.00<br>$0.00<br>$750,000.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 90 | Kevin C. Kovacs<br>1876 Highpoint Road<br>PO Box 413<br>Coopersburg, PA 18036 | 1275 | 10/15/2012 | $0.00<br>$0.00<br>$346,004.70<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 91 | Krista Dagmar Rector and Michael Clay Thompson<br>147 Healdsburg Avenue<br>Cloverdale, CA 95425 | 1166 | 10/11/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 92 | Leslie Gilliam<br>15832 S. 7th Drive<br>Phoenix, AZ 85045 | 5674 | 11/16/2012 | $127,743.80<br>$0.00<br>$17,000.00<br>$0.00<br>$110,743.80 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 93 | Lilia B. Medrano<br>2402 Ave Terrace NW<br>Winter Haven, FL 33880 | 3466 | 11/05/2012 | $0.00<br>$0.00<br>$128,000.00<br>$0.00<br>$183,111.11 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Standing Issues Claim | 10 |
| 94 | Lillie Young - Alexander<br>6356 Goral Court<br>Waldorf, MD 20603 | 3913 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$292,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 95 | Linda Marie McCarthy<br>120 Punakea Loop<br>Lahaina, HI 96761 | 1975 | 10/29/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$233,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 96 | Loretta V. Kelaher<br>123 Clermont Ave<br>Brooklyn, NY 11205 | 2484 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$152,179.22 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 9 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 97 | Louise M. Webb<br>6788 South 1300 East<br>Cottonwood Heights, UT 84121 | 2105 | 11/02/2012 | $0.00<br>$0.00<br>$132,500.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 98 | Maria Chavez<br>1881 Mitchell Avenue #70<br>Tustin, CA 92780 | 4608 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim; Wrongful Foreclosure Claim | 9, 10 |
| 99 | Martha G Lindelow<br>68 River Drive<br>Ormond Beach, FL 32176 | 5652 | 11/16/2012 | $0.00<br>$0.00<br>$85,000.00<br>$35,000.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim; Credit Reporting Issues Claim | 9, 10-11 |
| 100 | Mary Critchley<br>Mayer Morganroth, Esq.<br>344 North Old Woodward Ave., Suite 200<br>Birmingham, MI 48009 | 1576 | 10/26/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$970,917.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wrongful Foreclosure Claim | 9-10 |
| 101 | Mary Ellen Farrell<br>Law Office of Suzanne C. Quinonez, P.A.<br>P.O. Box 130<br>Middleburg, FL 32050 | 3485 | 11/07/2012 | $0.00<br>$0.00<br>$334,610.66<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 102 | Mary Luz-Johnsen<br>1510 SW 32nd Ter<br>Cape Coral, FL 33914 | 1852 | 10/26/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$297,074.78 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 103 | Mary Murphy<br>6622 Estate View Drive South<br>Blacklick, OH 43004 | 4663 | 11/13/2012 | $0.00<br>$0.00<br>$251,000.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 104 | Michael and Gloria McGuinty<br>8708 53rd Terrace East<br>Bradenton, FL 34211 | 5970 | 11/28/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 105 | Michelle and Dustin Bunker<br>1124 East Gadzooks Drive<br>Sandy, UT 84094 | 2132 | 11/02/2012 | $0.00<br>$0.00<br>$499,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 106 | Nancy A. Kisting<br>PO Box 127<br>Waunakee, WI 53597-0127 | 6426 | 01/07/2013 | $0.00<br>$0.00<br>$0.00<br>$395,844.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 107 | Natalie Santana<br>6214 Walnut Creek Road<br>Reno, NV 89523 | 2367 | 11/05/2012 | $0.00<br>$0.00<br>$125,600.00<br>$0.00<br>$128,339.34 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 108 | Natural Resource Law Group, PLLC - Jill Smith, Attorney<br>KEITH PELZEL VS LSI TITLE AGENCY INC GMAC MRTG, LLC HOMECOMINGS FINANCIAL<br>NETWORK INC FIRST AMERICAN TITLE INSURANCE ET AL<br>2217 NW Market Street, Suite 27, P.O. Box 17741<br>Seattle, WA 98127-1300 | 4685 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$60,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Litigation Settled with Release Claim | 12 |
| 109 | Neville Evans and Maribeth Evans<br>James B. Blackburn, Jr.<br>Wiseman, Blackburn & Futrell<br>PO Box 8996<br>Savannah, GA 31412 | 5267 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$850,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Wrongful Foreclosure Claim | 9-10 |
| 110 | Neville Evans and Maribeth Evans<br>James B. Blackburn, Jr.<br>Wiseman, Blackburn & Futrell<br>PO Box 8996<br>Savannah, GA 31412 | 5272 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$850,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Wrongful Foreclosure Claim | 9-10 |
| 111 | Orlando D. Taglienti<br>130 Big Sky Trail<br>Georgetown, TX 78633 | 3668 | 11/08/2012 | $0.00<br>$0.00<br>$163,959.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim;<br>Wrongful Foreclosure Claim | 8, 9 |
| 112 | Orlena Lawson<br>78 Cedar St 2nd Fl<br>Brooklyn, NY 11221 | 5801 | 11/20/2012 | $0.00<br>$0.00<br>$502,863.78<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | | |
| 113 | Patrick Farrell<br>2904NW14th Terrace<br>Cape Coral, FL 33993 | 1696 | 10/23/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 114 | Patrick Farrell<br>2904 NW14th Terrace<br>Cape Coral, FL 33993 | 4692 | 11/13/2012 | $0.00<br>$0.00<br>$400,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 115 | Patrick Lorne Farrell<br>2904 NW 14th Terrace<br>Cape Coral, FL 33993 | 283 | 07/16/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 116 | Patrick Lorne Farrell<br>2904 NW 14th Terrace<br>Cape Coral, FL 33993 | 6281 | 12/03/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 117 | Paul Joseph Powderly<br>522 South Helena Street<br>Anaheim, CA 92805-4530 | 5741 | 11/19/2012 | $0.00<br>$0.00<br>$280,000.00<br>$390,054.00<br>$390,054.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed without Prejudice Claim | 12 |
| 118 | Penny Sargent<br>c/o Boudreau Law Offices, PC<br>190 Riverside Steet, Unit 4A<br>Portland, ME 04103 | 2785 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$228,025.27 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 119 | Perry E. Goerner<br>12 Wantage School Road<br>Sussex, NJ 07461 | 3515 | 11/07/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>Created for Objection | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 120 | Peter Vidikan<br>1631 Cicero Drive<br>Los Angeles, CA 90026-1603 | 5285 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$123,865.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Escrow Issues Claim; Interest Rates and Fees Collected Claim | 9, 11 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 121 | Phillip G. Wright<br>268 Tockwotten Cove Road<br>Charlestown, RI 02813 | 4600 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC<br>Holding<br>Company, LLC | 12-12029 | Origination Issues Claim | 8 |
| 122 | R Laine Lee<br>6788 South 1300 East<br>Cottonwood Heights, UT 84121 | 2133 | 11/02/2012 | $0.00<br>$0.00<br>$239,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 123 | Rainer P. Warner<br>510 Entrada St. SE<br>Palm Bay, FL 32909 | 1574 | 10/23/2012 | $0.00<br>$0.00<br>$207,947.59<br>$0.00<br>$292,052.41 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 124 | Raleigh Bunker<br>9299 South Hidden Peak Drive<br>West Jordan, UT 84088 | 2136 | 11/02/2012 | $0.00<br>$0.00<br>$535,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 125 | Richard F. Cousins and Alice Arant-Cousins<br>1624 W. Lewis Avenue<br>Phoenix, AZ 85007 | 2356 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$104,458.78 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 126 | Robert A. Kirk<br>12 Atlantic Way<br>Rockaway Pt., NY 11697 | 1601 | 10/25/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$130,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 127 | Robert D. House<br>2525 Banegher Way<br>Duluth, GA 30097 | 4592 | 11/13/2012 | $0.00<br>$0.00<br>$37,006,313.76<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 128 | Robert Gregory Patrick<br>316 Elliott Road<br>Fort Walton Beach, FL 32548 | 3608 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$196,790.75 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC<br>Mortgage,<br>LLC | 12-12032 | Wrongful Foreclosure Claim | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 129 | ROSARIO ALESSI P.O. BOX 338 GILBERTSVILLE, NY 13776 | 1917 | 10/29/2012 | $0.00 $0.00 $117,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 | Standing Issues Claim | 10 |
| 130 | Ryan T. Zohner Lou Gehrig Harris, PC 6790 South 1300 East Cottonwood Heights, UT 84121 | 2138 | 11/02/2012 | $0.00 $0.00 $175,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 131 | Sarah R. Brandenburg PO Box 113 Malo, WA 99150 | 3729 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 $275,400.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 132 | Shomari Colver 1042 Olancha Dr Los Angeles, CA 90065 | 4216 | 11/09/2012 | $0.00 $0.00 $678,500.00 $0.00 $335,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 133 | Simone Braham SIMONE BRAHAM VS TROY PANTON 175 Athabasco Drive Kissimmee, FL 34759 | 3823 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $4,011.12 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 134 | Susan C. Schaper 409 Chandler Grant Dr. Cary, NC 27519 | 5692 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 $182,419.44 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Standing Issues Claim | 10 |
| 135 | Teelea Garbo Joseph A. Pfundstein, Esq. 21403 Chagrin Blvd. Suite 205 Beachwood, OH 44122 | 5558 | 11/16/2012 | $0.00 $0.00 $150,000.00 $0.00 $55,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | EPRE LLC | 12-12024 | General No Liability Claim; Wrongful Foreclosure Claim | 8, 9 |
| 136 | Thomas Gray 84 Tennis Plaza Rd Unit 15 Dracut, MA 01826 | 3719 | 11/08/2012 | $0.00 $0.00 $180,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Wrongful Foreclosure Claim | 9-10 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 137 | Tiempo Escrow II, a California Corporation<br>Steven Ray Garcia<br>Knapp, Petersen & Clarke<br>550 N. Brand Blvd., Suite 1500<br>Glendale, CA 91203 | 5635 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$70,808.56 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11-12 |
| 138 | Timothy Pratt<br>45 Cedar Street<br>San Anselmo, CA 94960 | 368 | 08/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$999,999.00 General Unsecured | Residential Capital, LLC | 12-12020 | Litigation Voluntarily Dismissed Claim | 12-13 |
| 139 | Tomas Diaz<br>5200 SW 122 Ave<br>Miami, FL 33175 | 5935 | 11/27/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$400,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | General No Liability Claim | 8 |
| 140 | Trust Company of America c/f Herb Rikelman<br>c/o Wilson Elsner Moskowitz Edelman & Dicker LLP<br>Attn David L. Tillem, Esq. (File No.12205.00011)<br>3 Gannett Drive<br>White Plains, NY 10604 | 1400 | 10/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$150,582.51 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Wrongful Foreclosure Claim | 9-10 |
| 141 | Tyree, Maurice<br>10025 Pointe Cove<br>Lakeland, TN 38002 | 1900 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$860,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Litigation Dismissed with Prejudice Claim | 11-12 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | | |
| 142 | Tyrone Valkanas vs Acqura Loan Services LLC formerly doing business as National City Mortgage a division of National et al 1446 Agate Creek Way Chula Vista, CA 91915 | 2577 | 11/06/2012 | $0.00 $0.00 $0.00 $0.00 $1,372,800.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Miscellaneous Claim. The proof of claim is based on claims that are identical or substantially similar to those asserted in prior litigation by the claimant against Debtor, Executive Trustee Services, LLC ("ETS"). ETS never serviced nor had any monetary interest in the claimant's loan or the related real property. ETS's only association with the applicable loan was as the foreclosing trustee. Claimant's previous litigation was dismissed without prejudice based on the ETS Declaration of Non-Monetary Status, and this claim should be disallowed for the same reason. | 13 |
| 143 | Tyrone Valkanas, pro se TYRONE VALKANAS VS ACQURA LOAN SVCS, LLC FORMERLY DOING BUSINESS AS NATL CITY MRTG, A DIVISION OF NATL CITY BANK OF IND ET AL 1446 Agate Creek Way Chula Vista, CA 91915 | 2569 | 11/06/2012 | $0.00 $0.00 $0.00 $0.00 $1,372,800.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Wrong Debtor; Miscellaneous Claim. The proof of claim is based on claims that are identical or substantially similar to those asserted in prior litigation by the claimant against Debtor, Executive Trustee Services, LLC ("ETS"). ETS never serviced nor had any monetary interest in the claimant's loan or the related real property. ETS's only association with the applicable loan was as the foreclosing trustee. Claimant's previous litigation was dismissed without prejudice based on the ETS Declaration of Non-Monetary Status, and this claim should be disallowed for the same reason. Claimant has asserted no other basis for a claim against Residential Capital, LLC. | 13 |
| 144 | Virginia Albertson 106 Lake Arrowhead Circle Bear, DE 19701 | 4198 | 11/09/2012 | $0.00 $0.00 $143,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | General No Liability Claim | 8 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| 145 | Vivian L. Ladson<br>309 Lafayette Avenue, Apt. 10F<br>Brooklyn , NY 11238 | 1258 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$200,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC<br>Holding<br><br>Company, LLC | 12-12029 | Origination Issues Claim; Escrow Issues | 8, 9 |
| 146 | Wayne S. Whiting, Sr.<br>80 Fairview Drive<br>Richmond Hill, GA 31324 | 2570 | 11/06/2012 | $0.00<br>$0.00<br>$212,700.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Origination Issues Claim | 8 |
| 147 | William C & Ruby Starling<br>556 Glens Ford Drive<br>Fayetteville, NC 28314 | 1145 | 10/10/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | General No Liability Claim | 8 |
| 148 | William Oden<br>7924 Briardale Dr.<br>Charlotte, NC 28212 | 1946 | 10/29/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$158,316.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Standing Issues Claim | 10 |
| 149 | William Shaughnessy<br>Law Office of Suzanne C. Quinonez, P.A.<br>P.O. Box 130<br>Middleburg, FL 32050 | 3507 | 11/07/2012 | $0.00<br>$0.00<br>$334,610.66<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential<br>Capital, LLC | 12-12020 | Standing Issues Claim | 10 |