Hearing Date and Time:  November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)
Response Date and Time: October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------

### NOTICE OF DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED AGAINST RESIDENTIAL CAPITAL, LLC BY (I) RUTH ASSORGI (CLAIM NO. 2580); (II) JOHN R. FOSTER AND ELIZABETH FOSTER (CLAIM NO. 2581) AND (III) MARK MOODY AND SHERRILL MOODY (CLAIM NO. 2583) PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors' Objection To Proofs Of Claim Filed Against Residential Capital, LLC By (I) Ruth Assorgi (Claim No. 2580); (II) John R. Foster And Elizabeth Foster (Claim No. 2581) And (III) Mark Moody And Sherrill Moody (Claim No. 2583) Pursuant To Section 502(b) Of The Bankruptcy Code And Bankruptcy Rule 3007* (the "<u>Objection</u>"), which seeks to alter your rights by disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem

ny-1109924

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated:  September 20, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

3

Hearing Date: **November 7, 2013 at 2:00 p.m. (Prevailing Eastern Time)**
Response Deadline: **October 23, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                    )
In re:                              )     Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,   )     Chapter 11
                                    )
                     Debtors.     )     Jointly Administered
-------------------------------------------------------------------- )

**DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED AGAINST**
**RESIDENTIAL CAPITAL, LLC BY (I) RUTH ASSORGI (CLAIM NO. 2580);**
**(II) JOHN R. FOSTER AND ELIZABETH FOSTER (CLAIM NO. 2581) AND**
**(III) MARK MOODY AND SHERRILL MOODY (CLAIM NO. 2583) PURSUANT TO**
**<u>SECTION 502(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3007</u>**

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ................................................................. 2

II.   JURISDICTION, VENUE, AND STATUTORY PREDICATE ...................... 3

III.  BACKGROUND .................................................................................... 3

    A.    General Chapter 11 Cases Background ................................... 3

    B.    Chapter 11 Proceedings Related To Claims ........................... 4

    C.    Litigation Involving Claimants ............................................... 6

        1.    The Putative Class Action ........................................... 6

        2.    The Assorgi Foreclosure Actions ................................ 7

        3.    The Foster Foreclosure Actions .................................. 8

        4.    The Moody Foreclosure Actions ................................. 8

    D.    The Claims ............................................................................. 9

        1.    The Assorgi Claim ...................................................... 9

        2.    The Foster Claim ........................................................ 10

        3.    The Moody Claim ....................................................... 10

IV.   RELIEF REQUESTED ........................................................................... 11

V.    BASIS FOR RELIEF ............................................................................. 11

    A.    The Claims Are Not Properly Asserted Against Debtor ResCap ....... 13

    B.    The Debtors Have No Liability With Respect To The Claims ........... 13

        1.    The Debtors Are Not Liable To Assorgi ...................... 13

        2.    The Debtors Are Not Liable To The Fosters ................ 14

        3.    The Debtors Are Not Liable To The Moodys................ 15

    C.    The Claims Are Not Supported By Sufficient Documentation ........... 15

    D.    The Class Complaint Fails To State A Claim ........................... 17

        1.    The Class Complaint Fails To Satisfy Rule 8(a) .................... 18

        2.    The Class Complaint's Fraud-Based Claims Fail To Satisfy Rule
            9(b) ........................................................................... 20

    E.    Because The Putative Class Has Not Been Certified And Thus No
        Authorized Class Agent Exists To File The Claims, The Claims Were
        Filed Improperly And Should Be Disallowed ................................... 21

VI.   NOTICE ............................................................................................... 24

VII.  NO PRIOR REQUEST ........................................................................... 24

# TABLE OF CONTENTS

(continued)

**Page**

**EXHIBITS:**

Exhibit 1:
      Exhibit 1-A: Assorgi Proof of Claim (Claim No. 2580)
      Exhibit 1-B: Foster Proof of Claim (Claim No. 2581)
      Exhibit 1-C: Moody Proof of Claim (Claim No. 2583)

Exhibit 2:  Proposed Order

Exhibit 3:  Delehey Declaration

Exhibit 4:  Rosenbaum Declaration

Exhibit 5:  Nosek Declaration

Exhibit 6:  Request Letters

# TABLE OF AUTHORITIES

**Page(s)**

Cᴀꜱᴇꜱ

*Ascroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................................18

*Feinberg v. Bank of N.Y. (In re Feinberg),*
    442 B.R. 215 (Bankr. S.D.N.Y. 2010)...............................................................12

*Foreman v. Salazano (In re Norvergence, Inc.),*
    405 B.R. 709 (Bankr. D.N.J. 2009) ..............................................................19, 20

*In re Adelphia Commc'ns Corp.,*
    Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ........11

*In re Allegheny Int'l, Inc.,*
    954 F.2d 167 (3d Cir. 1992)...............................................................................11

*In re Chateaugay Corp.,*
    104 B.R. 626 (S.D.N.Y. 1989)...........................................................................22

*In re DePugh,*
    409 B.R. 125 (Bankr. S.D. Tex. 2009) ..............................................................16

*In re DJK Residential LLC,*
    416 B.R. 100 (Bankr. S.D.N.Y. 2009)...............................................................17

*In re Ephedra Prods. Liability Litig.,*
    329 B.R. 1 (S.D.N.Y. 2005)...............................................................................22

*In re Hight,*
    393 B.R. 484 (Bankr.S.D.Tex.2008) ............................................................16, 24

*In re Lois/USA, Inc.,*
    264 B.R. 69 (Bankr. S.D.N.Y. 2001)..................................................................20

*In re Lundberg*, No. 02–34542 (LMW),
    2008 WL 4829846 (Bankr. D. Conn. Oct. 27, 2008).........................................16

*In re Minbatiwalla,*
    424 B.R. 104 (Bankr. S.D.N.Y. 2010)...............................................................16

## TABLE OF CONTENTS
(continued)

Page

*In re Musicland Holding Corp.*,
    362 B.R. 644 (Bankr. S.D.N.Y. 2007) ........................................................................................22

*In re Oneida Ltd.*,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009), ......................................................................................11

*In re Porter*,
    374 B.R. 471, 480 (Bankr. D. Conn. 2007) ..............................................................................16

*In re Rockefeller Ctr. Props.*,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) ......................................................................................11

*Jones v. Pollard-Buckinham*,
    348 F.3d 1072 (8th Cir. 2003) ...................................................................................................19

*Regis Technologies, Inc. v. Oien (In re Oien)*,
    404 B.R. 311 .............................................................................................................................19

*Swartz v. KPMG, LLP*,
    476 F.3d 756 (9th Cir. 2007) .....................................................................................................20

### STATUTES & RULES

11 U.S.C. § 502(a) .............................................................................................................................11, 22

11 U.S.C. § 502(b)(1) ...............................................................................................................................16

11 U.S.C. § 1109(b) ..................................................................................................................................23

28 U.S.C. § 157 .......................................................................................................................................1, 3

28 U.S.C. § 157(b) ..................................................................................................................................1, 3

28 U.S.C. § 1334 .....................................................................................................................................1, 3

28 U.S.C. §§ 1408 and 1409 ..................................................................................................................1, 3

Fed. R. Bankr. P. 1015(b) ..........................................................................................................................4

Fed. R. Bankr. P. 3001(f) ...................................................................................................................16, 21

Fed. R. Bankr. P. 3007 .....................................................................................................................1, 3, 11

Fed. R. Bankr. P. 7023 ..............................................................................................................................22

Fed. R. Bankr. P. 9014(c) ....................................................................................................................18, 22

## TABLE OF CONTENTS
(continued)

**Page**

Federal Rule of Civil Procedure 8(a)(2) ...............................................................................18, 19

Federal Rule of Civil Procedure 23(g)(3) ...................................................................................23

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")[1] hereby file this objection (the "**Objection**")[2] seeking to disallow and expunge the proofs of claim filed against Residential Capital, LLC ("**ResCap**") by: (i) Ruth Assorgi[3] ("**Assorgi**"), designated as Claim No. 2580 (the "**Assorgi Claim**"), a copy of which is annexed hereto as Exhibit 1-A; (ii) John R. Foster and Elizabeth Foster (the "**Fosters**") designated as Claim No. 2581 (the "**Foster Claim**"), a copy of which is annexed hereto as Exhibit 1-B; and (iii) Mark Moody and Sherrill Moody (the "**Moodys**" and, together with Assorgi and the Fosters, "**Claimants**"), designated as Claim No. 2583 (the "**Moody Claim**" and, together with the Assorgi Claim and the Foster Claim, the "**Claims**"), a copy of which is annexed hereto as Exhibit 1-C, in each case asserted individually and on behalf of one or more alleged putative classes (collectively, the "**Putative Class**"), pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on the grounds that the Claims: (a) are not properly asserted against ResCap; (b) fail to state a basis for liability against any of the Debtors; and (c) are improperly filed as class claims.[4]    The Debtors seek the entry of an order,

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[2]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' chapter 11 cases or the relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[3]    The Assorgi Claim lists the name of the creditor as "Ruth Asorgi" while the exhibit lists an action allegedly pending under the name "Allorgi". As set forth herein, the Debtors have searched their own books and records and various court records for both names, as well as variations of each. Based on that review, the Debtors believe that the correct spelling of the claimant's name is "Assorgi." The arguments in support of the disallowance of the Assorgi Claim set forth herein are applicable regardless of the spelling of the claimant's name.

[4]    The Debtors reserve all of their rights to object on any other basis to the Claims not set forth in this Objection, and to amend this Objection should any further bases to object to the Claims be discovered, as well as to seek discovery from the Claimants.

substantially in the form annexed hereto as Exhibit 2, granting the requested relief.  In support of

the Objection, the Debtors submit the declaration of Lauren Graham Delehey, In-House

Litigation Counsel in ResCap's Legal Department (the "**Delehey Declaration**," attached hereto

as Exhibit 3), the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to

the Debtors (the "**Rosenbaum Declaration**," attached hereto as Exhibit 4), and the declaration

of Robert D. Nosek (the "**Nosek Declaration**," attached hereto as Exhibit 5) of

SilvermanAcampora LLP as Special Counsel for Borrower Issues ("**Special Counsel**") to the

Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), and filed

contemporaneously herewith, and respectfully represent as follows:

## I.    PRELIMINARY STATEMENT

1.      By the Objection, the Debtors seek to disallow and expunge the Claims

filed by the Claimants against Debtor ResCap, each of which asserts $5 million in claims

individually and on behalf of the Putative Class, as improperly filed proofs of claim and claims

as to which the Debtors have no liability.  All of the Claims were filed by Heather Boone

McKeever ("**McKeever**") on behalf of the respective Claimants (although none of the Claims

attaches any supporting documentation establishing that the claimants authorized McKeever to

file the Claims).  Each Claim indicates that it is based on a class action lawsuit filed by the

respective Claimant against the Debtors.  No such class action is currently pending, and, in the

case of Assorgi, it appears that no such action was ever filed.

2.      The Fosters, the Moodys, and five other named plaintiffs (collectively, the

"**Named Plaintiffs**") commenced a class action litigation against Debtors GMAC Mortgage,

LLC ("**GMACM**"), Residential Accredit Loans, Inc. ("**RALI**"), and Residential Funding

Company, LLC ("**RFC**" and, together with GMACM and RALI, the "**Debtor Defendants**") and

more than a dozen non-Debtor defendants in the United States District Court for the Western

-2-

District of Kentucky (the "**District Court**") in September 2010 (the "**Putative Class Action**"). The Putative Class Action, which was never actively prosecuted, was voluntarily dismissed by the Named Plaintiffs in February 2011 and has not been re-filed. The Debtors have determined that Assorgi has not been a party to the Putative Class Action or any other litigation against a Debtor. Accordingly, the Putative Class Action does not give rise to any liability on the part of the Debtors to any Claimant.

3.        Additionally, the Putative Class described in the Putative Class Action was never certified. As a result, the Claimants' attempt to appoint themselves as authorized representatives to act on behalf of a "class" for purposes of filing the Claims against ResCap (or any other Debtor) is improper. Therefore, to the extent asserted on behalf of the Putative Class, the Claims are also invalid and improper.

4.        For the reasons set forth above and as described in more detail herein, the Claims should be disallowed and expunged in their entirety.

## II.        JURISDICTION, VENUE, AND STATUTORY PREDICATE

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are section 502 of the Bankruptcy Code and Bankruptcy Rule 3007.

## III.        BACKGROUND

### A.        General Chapter 11 Cases Background

6.        On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Bankruptcy Court for the Southern District of New York (the "**Court**") under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). Since the Petition Date, the Debtors have operated their businesses and managed their properties

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in the Chapter 11 Cases.

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed the nine member Creditors' Committee.

8.      On June 20, 2012, the Court directed that an examiner (the "**Examiner**") be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal [Docket No. 3698] and on June 26, 2013, the Examiner's report was unsealed and made available to the public [Docket No. 4099].

9.      On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

**B.      Chapter 11 Proceedings Related To Claims**

10.      On July 3, 2012, the Debtors filed their Schedules of Assets and Liabilities (collectively, the "**Schedules**") and listed the claims of their known prepetition creditors therein. None of the Claimants are listed as a creditor on the Schedules for ResCap or the Debtor Defendants.

11.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and

-4-

otherwise administer the proofs of claim filed in these Chapter 11 cases and (b) maintain an official claims register for the Debtors.

12.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "**Bar Date Order**").[5]

13.     On March 21, 2013, the Court entered an order (the "**Procedures Order**") [Docket No. 3294] approving, among other things, certain procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "**Borrower Claims**," and the procedures relating thereto, the "**Borrower Claims Procedures**").  Based on substantial input from the Creditors' Committee and Special Counsel, the Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claims Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "**Request Letter**").  *See* Procedures Order at 4.

14.     The Debtors determined, in consultation with Special Counsel, that a Request Letter was required to be sent to each Claimant under the Borrower Claims Procedures. *See* Delehey Decl. ¶ 17; Rosenbaum Decl. ¶ 3; Nosek Decl. ¶ 5.  The Claims did not include a

---

[5]     The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.  To date, approximately 7,160 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

ny-1105579

mailing address or contact information for the Claimants themselves.  Accordingly, a Request

Letter was sent to McKeever as counsel to each Claimant on July 10, 2013, requesting that each

Claimant provide supplemental information regarding the basis for the respective Claim by

August 10, 2013.  Copies of the Request Letters are attached hereto as <u>Exhibit 6</u>.  *See also*

Delehey Decl. ¶ 18; Rosenbaum Decl. ¶ 3; Nosek Decl. ¶ 4.  To date, no response to the Request

Letters has been received by the Debtors from any Claimant.  *See* Delehey Decl. ¶ 18; Nosek

Decl. ¶ 7.

### C. Litigation Involving Claimants

#### 1. The Putative Class Action

15.    On or about September 28, 2010, the Named Plaintiffs filed a class action

complaint (the "**Class Complaint**") commencing the Putative Class Action against the Debtor

Defendants, and fifteen other named defendants (collectively, the "**Defendants**") in the District

Court, captioned *Foster, et al. v. Mortgage Electronic Registration Systems, Inc., et al.*,

No. 3:10-cv-00611-CRS (W.D. Ky. Sept. 28, 2010).  *See* Delehey Decl. ¶ 4.  A copy of the Class

Complaint is attached to the Foster Claim, which is <u>Exhibit 1-B</u> hereto.

16.    The Class Complaint asserted the following fourteen causes of action

(each, a "**Count**"), although it is unclear in certain instances which Counts were asserted against

which Defendants:   (I): Violation of 18 U.S.C. § 1962 [Racketeer Influenced and Corrupt

Organizations Act ("**RICO**")]; (II): Conspiracy and Violation of [Kentucky Revised Statutes]

("**KRS**") 506.040 (Criminal Conspiracy); (III):  Violation of KRS 434.155 (Filing Illegal Liens);

(IV):  Common Law Fraud and Injurious Falsehood; (V): Slander/Defamation of Title and Quiet

Title KRS 411.120; (VI):  Fraud by Misrepresentation; (VII):  Fraud by Omission and

Inducement; (VIII):  Conspiracy to Commit Fraud by the Creation, Operation and Use of MERS

System; (IX):  Conspiracy to Commit Wrongful Foreclosure by the Creation, Operation and Use

of the MERS System; (X): Violations of the Kentucky Residential Mortgage Fraud Act (KRS 286.8-990); (XI): Unjust Enrichment; (XII): Violations of KRS 516.030 (Kentucky Forgery in the Second Degree); (XIII): Violations of KRS 516.060 (Criminal Possession of a Forged Instrument), and; (XIV): Violations of KRS 378.010 and 378.030 (Fraudulent Conveyance). *See* Class Complaint.

17.    The Named Plaintiffs sought, for themselves and on behalf of the Putative Class, actual and compensatory damages, punitive damages, costs and attorneys' fees, and various forms of equitable relief including clearing and quieting title of mortgaged properties and the issuance of an injunction preventing the filing or prosecution of foreclosure actions by any of the Defendants. *Id*. at p. 122-23. The Class Complaint defined the proposed class to consist of "all persons whose property has ever been encumbered by a mortgage in the name Mortgage Electronic Registration Systems." *Id*. at ¶ 216.

18.    The Class Complaint was never served on the Debtor Defendants, and no summons was ever issued. *See* Delehey Decl. ¶ 5.

19.    On February 3, 2011, the Named Plaintiffs voluntarily dismissed the Class Complaint without prejudice. *See* Delehey Decl. ¶ 6. Upon information and belief, the Class Complaint was never re-filed. *Id*.

### 2.    The Assorgi Foreclosure Actions

20.    Although the Assorgi Claim does not reference any foreclosure actions against Assorgi, a search of the online case records of the Court of Common Pleas for Beaufort County, South Carolina (the "**South Carolina State Court**") reveals that Assorgi is named as a defendant in four separate foreclosure proceedings (the "**Assorgi Foreclosure Actions**"),[6] three

---

[6]    Case Nos. 2010CP0706090; 2010LP0702976; 2012CP0703969; and 2012LP0701746.

of which are still pending as of the date of this Objection.  *See* Delehey Decl. ¶ 8.  No Debtor is a

party to any of the Assorgi Foreclosure Actions.  *Id.*

### 3.  The Foster Foreclosure Actions

21.   The Class Complaint attached to the Foster Claim identifies four separate

loans under which the Fosters are borrowers that are allegedly in "various stages of litigation" in

Hardin County Kentucky, Circuit Court (the "**Hardin County Court**").  *See* Class Complaint at

4-6.  The status of each of those foreclosure actions (the "**Foster Foreclosure Actions**"), which

were commenced by GMACM against the Fosters and three of which have been completed, is

summarized below:

- Case 10-CI-00862 – foreclosure complete; REO sold on June 28, 2012;

- Case 09-CI-02248 – original foreclosure sale was cancelled; foreclosure process was restarted on May 17, 2013; a new foreclosure sale date has not yet been set;

- Case 09-CI-0209 – foreclosure complete; REO sold on June 24, 2011; and

- Case 10-CI-01862 – foreclosure complete and property currently held as REO; eviction completed on July 2, 2013.

*See* Delehey Decl. ¶ 11.  The Debtors' books and records reflect no liability due and owing to the

Fosters in connection with the Foster Foreclosure Actions.  *Id.*

### 4.  The Moody Foreclosure Actions

22.   The Class Complaint attached to the Foster Claim identifies twelve

separate loans under which the Moodys are borrowers that are subject to foreclosure proceedings

(collectively, the "**Moody Foreclosure Actions**" and, collectively with the Assorgi Foreclosure

Actions and Foster Foreclosure Actions, the "**Foreclosure Actions**") in Madison County

Kentucky, Circuit Court (the "**Madison County Court**")[7] or the Fayette County Kentucky, Circuit Court (the "**Fayette County Court**").[8]  *See* Class Complaint at 8-13.  The descriptions of the Moody Foreclosure Actions in the Class Complaint contain no reference to any Debtor and, upon information and belief, no Debtor initiated any of the Moody Foreclosure Actions.[9]  *See id.*; Delehey Decl. ¶ 12.

> **D.    The Claims**
>
> > **1.    The Assorgi Claim**

23.    On or about November 8, 2012, Assorgi, purporting to act individually and on behalf of the Putative Class, filed the Assorgi Claim asserting a claim against ResCap in the amount of $5,000,000.00.  *See* Exhibit 1-A.

24.    The Assorgi Claim describes the basis of the claim as "SC Class Action GMAC Fraud/Forgery."  *Id.*  In support, the Assorgi Claim attaches only a statement (the "**McKeever Statement**") initially filed by McKeever in the Chapter 11 Cases on August 24, 2012 in support of her *Motion for an Order Appointing an Official Committee of Borrowers Pursuant to Section 1102(a)(2) of the Bankruptcy Code* [Docket No. 1264],[10] which lists, among others, an action allegedly captioned *Allorgi v. GMAC Mortgage LLC and MERS*, purportedly pending in the South Carolina State Court and asserting causes of action for "securitization fraud and forgery and slander of title."  *Id.*  Neither the Assorgi Claim nor the McKeever Statement

---

[7]    Case Nos. 09-CI-1323; 09-CI-1592; 09-CI-1522; 09-CI-1300; 09-CI-1293; 09-CI-1297; 09-CI-1410; and 09-CI-1922.

[8]    Case Nos. 09-CI-4463; 09-CI-4513; 09-CI-6675; and 09-CI-4465.

[9]    The Moody Claim did not reference loan numbers or property addresses, nor did the Moodys respond to the Request Letter requesting that information.  The Debtors searched their books and records based on the limited information provided and have determined that GMACM held or serviced three second-lien loans under which the Moodys are borrowers.  Delehey Decl. ¶ 13.  Accordingly, GMACM may have been named as a co-defendant in the foreclosure action brought by the servicer of the first-lien mortgage, although GMACM likely would not have entered an appearance.  *Id.*

[10]    The motion was denied pursuant to the Court's *Memorandum Opinion And Order Denying Motion For Order Appointing An Official Committee Of Borrowers* [Docket No. 1921], dated October 23, 2012.

ny-1105579

provides a case number for the class action described therein, nor is a copy of any complaint attached.

25.    The Debtors' records reflect that they have not been served with a complaint filed against them by Assorgi in any court.  The Debtors also performed a search of the online court records of the Court of Common Pleas for Beaufort County, South Carolina (the "**South Carolina State Court**"), which indicated that no lawsuit has been filed by Assorgi in that court.  *See* Delehey Decl. ¶ 10.  Accordingly, upon information and belief, Assorgi has never filed suit against ResCap, or any other Debtor.

26.    The Assorgi Claim did not reference loan numbers or property addresses, nor did Assorgi (or her counsel, McKeever) respond to the Request Letter requesting that information.  Delehey Decl. ¶ 18.  The Debtors searched their books and records based on the limited information provided and were unable to conclusively determine whether Assorgi is a borrower under any loan now or previously owned or serviced by the Debtors.  *Id*. at ¶ 9.

### 2.    The Foster Claim

27.    On or about November 8, 2012, the Fosters, purporting to act individually and on behalf of the Putative Class, filed the Foster Claim asserting a claim against ResCap in the amount of $5,000,000.00.  *See* Exhibit 1-B.

28.    The Foster Claim describes the basis of the claim as "Class action fraud and forgery RICO."  *Id*.  In support, the Foster Claim attaches only the dismissed Class Complaint.  *Id*.

### 3.    The Moody Claim

29.    On or about November 8, 2012, the Moodys, purporting to act individually and on behalf of the Putative Class, filed the Moody Claim asserting a claim against ResCap in the amount of $5,000,000.00.  *See* Exhibit 1-C.

-10-

30.     The Moody Claim describes the basis of the claim as "KY Class Action GMAC Fraud/Forgery."  *Id.*  In support, the Moody Claim attaches only the McKeever Statement, which lists, among others, a class action allegedly captioned *Moody v. Deutsche Bank, GMAC Mortgage LLC, RALI and MERS*, purportedly pending in the Fayette County Court and asserting causes of action for "violation of Kentucky's recording statutes, securitization and document fraud . . . ."  *Id.*

31.     The Debtors have been unable to locate records of any such action. Delehey Decl. ¶ 15.  For purposes of this Objection, the Debtors have assumed that the "class action" referenced is the Putative Class Action, which included the Moodys as Named Plaintiffs before the case was voluntarily dismissed.

## IV.     RELIEF REQUESTED

32.     The Debtors hereby file this Objection pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, and seek the entry of an order, substantially in the form annexed hereto as <u>Exhibit 2</u>, disallowing and expunging the Claims from the claims register maintained in these Chapter 11 Cases.

## V.     BASIS FOR RELIEF

33.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida Ltd.*, No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), *aff'd sub nom. NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.)*, 266 B.R. 52

-11-

(S.D.N.Y. 2001), *aff'd*, 46 Fed. App'x. 40 (2d Cir. 2002).  The burden of persuasion is on the

holder of a proof of claim to establish a valid claim against a debtor.  *In re Allegheny Int'l, Inc.*,

954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*,

442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of

persuasion as to the allowance of [its] claim").

34.     Further, Bankruptcy Code section 502(b)(1) provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law . . . ."  11 U.S.C. § 502(b)(1).

Whether a claim is allowable "generally is determined by applicable nonbankruptcy law."  *In re*

*W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).  "What claims of creditors are

valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question

which, in the absence of overruling federal law, is to be determined by reference to state law."

*In re Hess*, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting *Vanston Bondholders Protective*

*Comm. v. Green*, 329 U.S. 156, 161 (1946)).

35.     Here, the Debtors object to the Claims on the basis that, after reviewing

the Debtors' books and records and the supporting documentation attached to each of the Claims,

(a) the Claims are not properly asserted against Debtor ResCap, and (b) even if the Proofs of

Claim were filed against a Debtor that was a party to the Putative Class Action or any of the

Foreclosure Actions, no liability exists against such Debtors with respect to the Claims.  Delehey

Decl. ¶ 16.  For the reasons set forth below, each of the Claims fails to state a claim against any

of the Debtors and should be disallowed and expunged in its entirety.

-12-

36.    In addition, to the extent filed on behalf of the Putative Class, the Claims were improperly filed in the Debtors' Chapter 11 Cases and do not comply with applicable provisions of the Bankruptcy Rules and Federal Rules of Civil Procedure ("**FRCP**").

### A.    The Claims Are Not Properly Asserted Against Debtor ResCap

37.    Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. § 101(5). Likewise, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that the Court shall allow a claim except to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1).

38.    Claimants filed the Claims in an aggregate amount of $15 million solely against Debtor ResCap on account of various alleged class actions. ResCap was not a party to the Putative Class Action brought by the Moodys and Fosters, and Assorgi has never filed suit against ResCap. Delehey Decl. ¶¶ 4, 10. There is no explanation whatsoever as to why the Claims are properly asserted against Debtor ResCap. The Debtors believe the Claims are not enforceable against Debtor ResCap under any applicable law or agreement. Additionally, the Debtors' books and records reflect no liability due and owing to Claimants by ResCap.

### B.    The Debtors Have No Liability With Respect To The Claims

#### 1.    The Debtors Are Not Liable To Assorgi

39.    The Assorgi Claim asserts a $5 million claim arising under a "class action" allegedly filed in the South Carolina State Court. *See* Assorgi Claim; McKeever Statement, p. 1. That class action purportedly asserts causes of action for "securitization fraud and forgery and slander of title" committed by GMACM through its employees and agents. *Id.* The Assorgi Claim fails to provide a case number or other specific identifier for that alleged

-13-

class action.  *Id*.  The Debtors have not been served with a complaint filed against them by

Assorgi in any court.  *See* Delehey Decl. ¶ 10.  Moreover, a search of the online court records for

the South Carolina State Court indicates that no such lawsuit has been filed by Assorgi in that

court.  *Id*.  However, a search of those same records reveals that Assorgi is a defendant in four

separate foreclosure actions in that jurisdiction.  *Id* at ¶ 8.  The Debtors are not now, nor have

they ever been, a party to any of those actions.  *Id*.  Additionally, Assorgi failed to respond to the

Request Letter, which requested additional information regarding the basis for the Assorgi

Claim.  Delehey Decl. ¶ 18.

        40.    Based on the foregoing, the Assorgi Claim does not establish any liability

of the Debtors to Assorgi.  Accordingly, the Debtors object to the Assorgi Claim as one as to

which the Debtors have no liability and request that it be disallowed and expunged on such basis.

## 2.    The Debtors Are Not Liable To The Fosters

        41.    The Foster Claim asserts a $5 million claim arising under the Putative

Class Action.  *See* Foster Claim.  However, the Putative Class Action was voluntarily dismissed

by the Named Plaintiffs in February 2011 and never re-filed.  *See* Delehey Decl. ¶ 6.

Accordingly, that action cannot serve as the basis for any liability on the part of the Debtors.

        42.    To the extent the Foster Claim is deemed to assert claims arising in

connection with the Foster Foreclosure Actions, the Debtors' books and records reflect no

liability due and owing to the Fosters in connection with those actions.  *See* Delehey Decl. ¶ 11.

Additionally, the Fosters failed to respond to the Request Letter, which requested additional

information regarding the basis for the Foster Claim.  *Id*. at ¶ 18.

        43.    Based on the foregoing, the Foster Claim does not establish any liability of

the Debtors to the Fosters and has no merit.  Accordingly, the Debtors object to the Foster Claim

-14-

as one for which the Debtors have no liability and request that it be disallowed and expunged on such basis.

### 3.    The Debtors Are Not Liable To The Moodys

44.    The Moody Claim asserts a $5 million claim arising under a "class action" allegedly filed in the Fayette County Court.  *See* Moody Claim; McKeever Statement, p. 1.  That class action purportedly asserts causes of action for GMACM's "violation of Kentucky's recording statutes, securitization and document fraud. . . ."  *See* McKeever Statement, p. 1.  The Moody Claim appears to conflate several lawsuits—the Moody Foreclosure Actions, which were filed against the Moodys in the Fayette County Court and Madison County Court, and the Putative Class Action, which was filed by the Named Plaintiffs in the District Court.  No Debtor initiated any of the Moody Foreclosure Actions.[11]  *See* Delehey Decl. ¶ 12.  The Putative Class Action did assert claims against certain Debtors; however, it was voluntarily dismissed by the Named Plaintiffs in February 2011 and never re-filed.  *Id*. at ¶ 6.  Additionally, the Moodys failed to respond to the Request Letter, which requested additional information regarding the basis for the Moody Claim.  *Id*. at ¶ 18.

45.    Based on the foregoing, the Moody Claim does not establish any liability of the Debtors to the Moodys.  Accordingly, the Debtors object to the Moody Claim as one for which the Debtors have no liability and request that it be disallowed and expunged on such basis.

---

[11]    Moreover, the Debtors believe that the Moodys are not borrowers under any loans secured by a first lien that is or was serviced or owned by the Debtors (although the Debtors have determined that the Moodys are borrowers under three second-lien loans serviced or owned by the Debtors).  *See* Delehey Decl. ¶ 13.  However, in the absence of a loan number or property address, they have been unable to confirm this point.  Delehey Decl. ¶ 14.  As set forth herein, the Debtors requested such additional identifying information in the Request Letter sent to the Moodys but received no response.  *Id*. at ¶ 18.

### C.    The Claims Are Not Supported By Sufficient Documentation

46.    The Debtors have determined that each of the Claims should be disallowed and expunged because it lacks sufficient documentation and is unsupported by the Debtors' books and records.  Although a properly filed proof of claim constitutes *prima facie* evidence of the validity of the claim, Fed. R. Bankr. P. 3001(f), failure to attach the documentation required by Bankruptcy Rule 3001 will result in the loss of the *prima facie* validity of the claim,  *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010), citing *In re Lundberg*, No. 02–34542 (LMW), 2008 WL 4829846, at *2 (Bankr. D. Conn. Oct. 27, 2008); *In re Hight*, 393 B.R. 484, 493 (Bankr. S.D. Tex. 2008).  Failure to attach sufficient documentation to a proof of claim can result in disallowance of the claim under appropriate circumstances because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim.  *Minbatiwalla*, 424 B.R. at 119, citing *In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("under some circumstances lack of [documentation required by Rule 3001(c)] followed by a creditor's failure to appear or otherwise respond to an objection . . .  made on the grounds of insufficient annexed documentation may result in a disallowance of the claim on procedural (*i.e.*, default) grounds"); *see also In re DePugh*, 409 B.R. 125, 137-38 (Bankr. S.D. Tex. 2009) (holding that insufficient documentation is a valid basis for disallowing a claim as "unenforceable against the debtor under applicable law" under 11 U.S.C. § 502(b)(1) because of a lack of compliance with Bankruptcy Rule 3001).

47.    The Claims here lack sufficient supporting documentation as to their validity and amount and have no basis in the Debtors' books and records.  Specifically, each of the claims are based on alleged class action lawsuits, but only the Foster Claim attaches a copy of an actual complaint or a reference to case number, and that case was voluntarily dismissed more than a year before the Debtors filed these Chapter 11 Cases.  The Debtors have been unable

-16-

to identify or locate records related to any other class actions brought by Claimants as described in the Claims. *See* Delehey Decl. ¶¶ 10, 15. None of the Claims attaches copies of relevant mortgage documents, much less a reference to a property address or loan number, that would permit the Debtors to complete a thorough search of their books and records for any relationship or transaction that could potentially give rise to a liability to Claimants. Moreover, each of the Claimants failed to timely respond to the Request Letters, soliciting information that would allow the Debtors to fully evaluate the Claims. *Id*. at ¶ 18. The Debtors submit that, in light of the other objections to the Claims raised herein, the documentation purportedly provided by the Claimants in support of the Claims is insufficient evidence of any liability of the Debtors to the Claimants, much less $5 million in claims owed to each Claimant. *In re Porter*, 374 B.R. at 482 ("[I]n many cases . . . an Insufficient Doc. Objection fairly can be read to object on the grounds that the proof of claim is insufficient (when taken together with the objector's then-existing knowledge base) for the objector to concede the validity of the claim asserted." (citations omitted)).

48.     Because the Claimants have not provided adequate documentation supporting the validity or amount of their claims against the Debtors, the Debtors request that the Court disallow and expunge each the Claims in its entirety.

### D.     The Class Complaint Fails To State A Claim

49.     The Debtors seek to expunge in their entirety the Claims for the reasons set forth herein. Because the Foster Claim, and, presumably, the Moody Claim, incorporates by reference the Class Complaint, this Objection also addresses the merits of the Class Complaint, even though it is not currently pending before any court.

50.     Several courts, including those in this district, have applied the federal pleadings standards when assessing the validity of a proof of claim. *See In re DJK Residential*

-17-

*LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their

burden in connection with a proof of claim, bankruptcy courts have looked to the pleading

requirements set forth in the Federal Rules of Civil Procedure.") (citing *In re Rockefeller Ctr.*

*Props.*, 272 B.R. 529, 542, n.17 (Bankr. S.D.N.Y. 2000), *aff'd sub nom. NBC v. Rockefeller Ctr.*

*Props. (In re Rockefeller Ctr. Props.)*, 226 B.R. 52 (S.D.N.Y. 2001), *aff'd*, 46 Fed. App'x 40 (2d

Cir. 2002); *Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.)*, 398 B.R. 736,

748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated,

for purposes of a motion to disallow claims, like documents that are attached to or relied upon in

a complaint are treated on a Rule 12(b)(6) motion to dismiss . . . .") (citation omitted); *In re*

*Nortel Networks, Inc.*, 469 B.R. 478, 479 (Bankr. D. Del. 2012) (applying the standards of Rule

9(b) to a review of amended claims that asserted claims for, *inter alia*, breach of fiduciary duty,

aiding and abetting breach of fiduciary duty, civil conspiracy, unjust enrichment, and

subrogation). Indeed, since a claim objection is a contested matter under Fed. R. Bankr. P.

9014(a), Rule 9(b) applies per Fed. R. Bankr. P. 9014(c). Accordingly, the validity of the

Claims, which appear to be based wholly on the assertions made in the Class Complaint, should

be adjudged under the pleading standards applicable to the Class Complaint.

### 1.    The Class Complaint Fails To Satisfy Rule 8(a)

51.    Pursuant to Federal Rule of Civil Procedure 8(a)(2), a "pleading that states

a claim for relief must contain . . . a short and plain statement of the claim showing that the

pleader is entitled to relief."). Fed. R. Civ. P. 8(a)(2). Rule 8(a) "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ascroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citation omitted). It is insufficient for a complaint to simply "le[ave] open the

possibility that a plaintiff might later establish some 'set of undisclosed facts' to support

recovery." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007). Rather, it must plead

-18-

sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted).  The purpose of Rule 8(a)(2) is to ensure that the complaint "give[s] enough detail to illuminate the nature of the claims and allow defendants to respond."  *Regis Techs., Inc. v. Oien (In re Oien)*, 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009) (emphasis added) (citations and internal quotation marks omitted).  In other words each defendant must know what he is charged with.  *See, e.g.*, *Jones v. Pollard-Buckinham*, 348 F.3d 1072, 1073 (8th Cir. 2003) (though inartful, *pro se* complaint satisfied Rule 8(a)(2) because "it clearly identified how each defendant was involved in the conduct of which . . . [the plaintiff] complains"); *Forman v. Salazano (In re Norvergence, Inc.)*, 405 B.R. 709, 736-37 (Bankr. D.N.J. 2009) (complaint's setoff allegations inadequate because, among other things, it did not identify specific defendants with specific transactions).  The Class Complaint fails to meet this standard in a variety of ways.

52.     As an initial matter, the Class Complaint fails to identify what relationship, if any, any Debtor is alleged to have to the Moodys.  Further, the Class Complaint fails to specify what actions each individual defendant took or details of the omissions and/or misrepresentations each individual defendant made that would give rise to the claims asserted in the Class Complaint, but instead couches its allegations in rambling generalities about the illegality of the mortgage servicing business model over more than 120 pages, excluding exhibits.  In that regard, the Class Complaint violates the basic principle of Rule 8(a)(2), inasmuch as the Class Complaint does not set forth "a *short and plain* statement of the claim[s] . . . ." (emphasis added).  As a result, the Class Complaint fails to put the defendants on notice of any specific claim against them.

53.     Because the Moody Claim and Foster Claim are predicated on allegations that fail to comply with Rule 8(a)(2)'s basic pleading standards, they should be disallowed and expunged in their entirety on the basis above.

### 2.     The Class Complaint's Fraud-Based Claims Fail To Satisfy Rule 9(b)

54.     The Class Complaint similarly fails to meet the heightened standard of particularity that Rule 9(b) imposes on fraud-based claims. Pursuant to Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake" if making allegations of fraud. Fed. R. Civ. P. 9(b).

55.     "In order to meet the 'particularity' requirement of Rule 9(b), 'a plaintiff [must] allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Ind. State Dist. Council v. Omnicare, Inc.*, 719 F.3d 498 (6th Cir. 2013) (internal quotation marks and citation omitted).[12] "Essentially, [a complaint] should provide fair notice to Defendants and enable them to 'prepare an informed pleading responsive to the specific allegations of fraud.'" *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999). Further, Rule 9(b) "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Gowan v. Patriot Group, LLC (In re Dreier LLP)*, 452

---

[12]     With respect to the choice-of-law rules applicable to the determination of "conduct-relating" rules of law, courts look to the place of the tort. *See In re Lois/USA, Inc.*, 264 B.R. 69, 108 (Bankr. S.D.N.Y. 2001). "For actions sounding in fraud, the substantive law of the state in which the injury was suffered—rather that the state where the fraudulent conduct was initiated—usually governs." *Id.* (quoting *Sack v. V.T. Low*, 478 F.2d 360, 365 (2d Cir.1973) ("[W]hen a person sustains loss by fraud, the place of wrong is where the loss is sustained, not where fraudulent representations are made.")). Based on these "choice of law" principles, the appropriate law to apply to assess the validity of the Foster Claim and Moody Claim is Kentucky law.

B.R. 391, 408 (Bankr. S.D.N.Y. 2011); *In re Norvergence*, 405 B.R. at 726-27.  If the claim "sounds in fraud," plaintiffs must plead the whole claim with particularity against each defendant.  *Gowan v. Amaranth (In re Dreier LLP)*, 452 B.R. 451, 462 (Bankr. S.D.N.Y. 2011).

56.    Nine of the counts asserted against the Debtor Defendants in the Class Complaint are asserted fraud claims or are premised on the existence of fraud and are, therefore, subject to Rule 9(b).  (*See* Class Complaint ¶¶ 256-260 (RICO violations); ¶¶ 261-300 (conspiracy to commit fraud); ¶¶ 307-311 (common law fraud and injurious falsehood), ¶¶ 312-338 (slander/defamation of title); ¶¶ 339-340 (fraud by misrepresentation); ¶¶ 341-342 (fraud by omission and inducement); ¶¶ 343-397 (conspiracy to commit fraud); ¶¶ 432-434 (violations of the Kentucky Residential Mortgage Fraud Act) ¶¶ 454-458 (fraudulent conveyance).

57.    The allegations in the Class Complaint fail to meet Rule 9(b)'s heightened pleading standard with respect to each of these causes of action.  The Class Complaint fails to allege any specific misrepresentation, nondisclosure, or concealment by any specific defendant, let alone the Debtor Defendants.  Further, the Claimants have not identified the particular facts specific to each defendant (including the Debtor Defendants) and how that defendant's acts harmed each plaintiff.  The general allegations made by the Claimants, without distinguishing one defendant from another or alleging specific facts about each defendant's involvement in the loan process or the alleged fraud, are insufficient to sustain the causes of action—and the claims asserted by the Claimants against the Debtors—under Rule 9(b).

58.    Accordingly, the fraud-based counts in the Class Complaint should be disallowed because they do not state a claim in accordance with Rule 9(b).  Fed. R. Bankr. P. 9014(c) (rendering Rule 9(b) applicable in contested matters); *see also In re Nortel Networks, Inc.*, 469 B.R. at 479 (applying the standards of Rule 9(b) to a review of claims).

**E.    Because The Putative Class Has Not Been Certified And Thus No
Authorized Class Agent Exists To File The Claims, The Claims Were
Filed Improperly And Should Be Disallowed.**

59.    Bankruptcy Rule 3001 allows an <u>authorized</u> class representative to file a
class proof of claim as an agent of the class; however, a class representative becomes an
authorized agent only after the class is certified. *See In re Ephedra Prods. Liability Litig.*, 329
B.R. 1, 5 (S.D.N.Y. 2005) (following the court's findings in *American Reserve*, 840 F.2d 487
(7th Cir. 1988), regarding when a class representative becomes an effective and recognized agent
to file a class proof of claim); *In re Chateaugay Corp.*, 104 B.R. 626, 630-32 (S.D.N.Y. 1989)
(same).  If certification of the class is denied, then the prospective representative never becomes
an authorized agent and the individual class members will be responsible for filing their own
proofs of claim. *See Am. Reserve Corp.*, 840 F.2d 487, 493-94 (7th Cir. 1988).

60.    In expounding on this concept, the bankruptcy court in *Musicland*
explained that (a) a proof of claim properly filed in accordance with the Bankruptcy Rules is
*prima facie* evidence of the validity of the claim and (b) by certifying a class, the court is
effectively ratifying the representative's authority to file the claim. *See In re Musicland Holding
Corp.*, 362 B.R. 644, 651-52 (Bankr. S.D.N.Y. 2007).   However, until class certification is
granted by a court of competent jurisdiction, the claim is in limbo because "'[a] proof of claim
filed by a party who is not a creditor is not a properly filed proof of claim.'" *Id*. at 652 (citations
omitted).  Therefore, "[a] proof of claim, improperly filed or improperly signed, is not *prima
facie* evidence of the debt, and until class certification, may not even be a 'filed' claim within the
meaning of 11 U.S.C. § 502(a)." *Id*. (citation omitted).

61.    The Putative Class has not been certified in the Putative Class Action (nor
could it be) or in any other proceeding. *See* Delehey Decl. ¶ 7.  Moreover, to date, the Putative
Class has not requested that this Court exercise its discretion under Bankruptcy Rule 9014(c) to

-22-

apply Bankruptcy Rule 7023 in an effort to secure class certification.[13]  *Cf. Ephedra*, 329 B.R. at

7 (stating that as of the commencement of a bankruptcy case, class claimants have the right to

move for class certification by virtue of 11 U.S.C. § 1109(b), even before filing a proof of

claim).  Instead, Claimants, purporting to act on behalf of the Putative Class, opted to file the

Claims as purported class claims in spite of not having first obtained such certification.  In

addition, nothing on the face of, or attached to, the Claims provides evidence that the Putative

Class previously authorized any of Claimants to file the Claims on its behalf. [14]  *See* <u>Exhibits 1-</u>

<u>A</u>, <u>1-B</u>, <u>1-C</u>.  In the approximate ten months that have passed since the filing of the Claims, the

Claimants have not sought the requisite authority from this Court to file a class proof of claim.

62.    Accordingly, the Debtors respectfully submit that the Court should find

that, to the extent the Claims were filed on behalf of the Putative Class, it was improperly filed

because (a) the Putative Class did not have a valid class claim against any Debtor as it lacked

"certified" class status prior to the Petition Date, and (b) Claimants failed to seek such

---

[13]    The Debtors assert that if the Putative Class were to move for certification by the Court, then such a motion
must be brought as a separate contested matter and cannot be incorporated as a response to this Objection.  The
Debtors expressly reserve all rights to fully address any such request.

[14]    Indeed, McKeever was never authorized to act for the Putative Class under FRCP 23(g)(3).  FRCP 23(g)(3)
provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether
to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  No such order was entered by the District Court.
*See* Delehey Decl. ¶ 7.

Moreover, Bankruptcy Rule 3001(b) and (f) provides that a proof of claim must be executed by the creditor or
the creditor's "authorized agent" in order to constitute prima facie evidence of the validity and amount of the claim.
The Claims were executed by McKeever; however, no power of attorney or other evidence that counsel was
authorized by the Claimants to execute on their behalf was attached to the Claims.  An agent filing a proof of claim
on behalf of a creditor must "have express-and not merely implied-authority to do so."  *In re North Bay Gen. Hosp.,
Inc.*, 404 B.R. 443, 459 (Bankr. S.D. Tex. 2009).  Indeed, "[t]he proof of claim form itself requires evidence of
authority." 9 COLLIER ON BANKRUPTCY ¶ 3001.06 (16th ed. Rev. 2012); *but see In re Jensen*, Case No. 09-14830
(MG), 2010 WL 424690 (Bankr. S.D.N.Y. Feb. 3, 2010).  Accordingly, the Debtors reserve all rights to seek
discovery regarding the basis of McKeever's authority to file claims on behalf of the Claimants and, if warranted,
object based on the ground that counsel lacked standing and/or authority to assert such claims on behalf of the
Claimants.

ny-1105579

certification from this Court since the Petition Date and prior to filing the Claims.  As such, the

Claims should be disallowed and expunged from the Debtors' claims register.

63.    Therefore, for the reasons discussed herein, the Debtors object to and

request that the Claims be disallowed and expunged in their entirety.

**VI.    NOTICE**

64.    The Debtors have provided notice of this Objection in accordance with the

Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

**VII.    NO PRIOR REQUEST**

65.    No previous request for the relief sought in this Objection has been made

by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request entry of an order, substantially

in the form of <u>Exhibit 2</u> attached hereto, (i) disallowing and expunging the Claims; and

(ii) granting such other and further relief as is just and proper.

Dated:  September 20, 2013
      New York, New York

/s/  Norman S. Rosenbaum

Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in
Possession*

-24-