## NOTICE OF ACCOUNTABILITY AND RECORD
### This Document may be used for Private and Public Filing
### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

Sender:
Galina Valeeva
3204 Whitney Court
Bensalem, PA 19020



Recipient:
Christian W. Hancock
c/o BRADLEY ARANT BOULT CUMMINGS LLP
100 N Tryon Street, Suite 2690
Charlotte, NC 28202

RE; GMAC Mortgage, LLC v. Galina Valeeva

Case No: 51-2009-CA-008312-ES In the Circuit Court of the 6th Judicial Circuit in and for Pasco County, FL, 33523
Case No: 12-12020 in US Bankruptcy Court Southern District of New York, NY 10104

RE: RECORD UNDER CLAIMS: OPPORTUNITY TO PRESENT DEFINITIVE STATEMENTS and EVIDENCE

## NOTICE OF ACCOUNTABILITY AND RECORD

NOTICE: you being parties herewithin stated within this document are duly served Commercial Notice.

You are in possession of a Commercial Notice please conduct yourself accordingly.

Dear Christian W. Hancock, an individual; and doing business as CHRISTIAN W. HANCOCK for BRADLEY ARANT BOULT CUMMINGS LLP withstanding being Partnership, Associate, Agent or Assignee sever and jointly hereinafter Recipient;

I stand Galina Valeeva Sui Juris and am not an Attorney and being hereinafter 'Sender', and Sender being in possession of a letter dated September 13, 2013 with letterhead claim BRADLEY ARANT BOULT CUMMINGS LLP hereinafter 'LETTER' and being signed by Christy Hancock hereinafter' AGENT' and with Original LETTER and envelope being returned to Recipient, see enclosed, and copies being maintained for RECORD.

Thank you for the admissions contained within LETTER, being sever and jointly, relative to the parties of participation in the ongoing litigation dispute in which may create economic damages

## NOTICE OF ACCOUNTABILITY AND RECORD
### This Document may be used for Private and Public Filing
### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

to parties both public and private and as it would relate to the unverified *claims of persons* in which you are supporting, thusly maintaining liabilities to being **TRUE PARTIES OF INTEREST** relative to *REAL PROPERTY* and *SECURITY INTEREST* [both secured and unsecured] formed upon *REAL PROPERTY* which may carry liabilities to all parties.

Noting the liabilities of damages being created under performances, it is by the party's participation perhaps by faulting to verify FACT which creates damages, either by intent or neglect, gives occasion to the is response for opportunity to resolve.

The opportunities being presented to parties, is by the verification of FACT as they may relate to State statutes and Federal and State law, rules and regulations for operations of business enterprises within bank and banking and service providers, and those engaging in securitization of promissory notes and deeds of trust, whereas by such verification may result in preventing a miscarriage of Justice, especially when such miscarriages could have been avoided through simple production of evidence(s) and thereby, it is the election of parties to carry their course and maintain the liabilities of their action(s) if perhaps they elect not to verify their facts and continue a course which may create damages to persons, both public and private.

This document presents some considerations in which may be useful in remedy and being presented within a Commercial Notice, offers evidences in which one may not be so easily inclined to claim they were not made aware of the Sender Standing and Requests for VERIFICATION of FACT prior to a condition being created in which may result in damages to multiple parties.

The Sender is responding to AGENT specifically and Recipient jointly for principle of RECORD and being for Recipient OPPORTUNITY to provide definitive statements and evidence thusly clarifying the Recipient purpose for the seeming intent by LETTER to offset, mitigate or otherwise discharge their liabilities by their participation within the legal action(s), and whereby this COMMERCIAL NOTICE and LETTER may be used in public and private accountability filings and legal action for the assignment of liabilities in which actions taken by AGENT and Recipient may result in economic and *REAL PROPERTY* damages to the Sender, and perhaps others.

So there is no misunderstanding and being a *matter-for record* the litigation itself is being based by the Sender upon the identification of **TRUE PARTIES OF INTEREST** and this is being a known element to Recipient and AGENT and being evident within LETTER and if the participants within the legal actions standing opposed to the Sender are *in FACT* THE TRUE PARTIES OF INTEREST and/or parties in claim is **IN-FACT** in possession of **PERFECTED TITLE**, then there is no contest; and yet if the parties are not in possession of a **PERFECTED TITLE** or in possession of

## NOTICE OF ACCOUNTABILITY AND RECORD
### This Document may be used for Private and Public Filing
### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

**DEFECTIVE INSTRUMENTS** in which is being used by **AGENT** and Recipient, and others, for purposes of collections or enforcements or in the proceedings of discharge and thusly to inflict a damage under claim, mainly against the Sender, when an opportunity has presented itself for parties to **VERIFY THEIR FACTS**; and being the **Sender is being a party to the Original Contract and a TRUE SECURITY INTEREST HOLDER IN REAL PROPERTY** having made such requests of **AGENT** and Recipient for verification of **TRUE PARTIES OF INTEREST**; then

There may also be con-sequence(s) for the liabilities created upon damages created upon a parties standing being false, misleading or deceptive for the performance(s); and

If the instruments being used against the Sender is being *defective* or party (parties) are <u>without legitimate **STANDING**</u> and under such promotions and supporting staff as performances to circumvent standing rule and regulation for verifications of evidence and claims, which may result in **economic** and ***REAL PROPERTY*** damages to Sender upon a LOSS of REAL PROPERTY being the center of an originating contract agreement; and

The performance(s) of AGENT and Recipient, and others, then may constitute elements and degrees of fraudulent acts, especially when it is explicitly being known to the parties the Sender is demanding <u>**PROOF of parties identities for being TRUE PARTY OF INTEREST**</u> and Sender request for parties to stipulate to their OWNERSHIP TO THE NEGOTIABLE INSTRUMENT(S) and being an operation in law, it is only he TRUE PARTY OF INTEREST being the only authorized body being in possession of PERFECTED TITLE which may bring for an action, and thereby evident of being the TRUE PARTY OF INTEREST and this is being supported under proper ACCOUNTING STANDARDS become a paramount consideration as it relates to STANDING.

It is the Senders assertion all across this nation is being to the acts of MORTGAGE FRAUD being conducted by Banks and their Servicers; and

As of this NOTICE, none of the parties within the litigation in which AGENT, and others, have participated, have yet provided sufficient proof of claim by the presentation of the originating instruments of contract being the PROMISSORY NOTE and the MORTGAGE supporting a PERFECTED TITLE

and thusly being the TRUE PARTIES OF INTEREST and the Sender believes there is no other evidence contrary that exists.

THEREFORE:
The Sender is prepared to accept the AGENT and Recipient claims contained within LETTER and being relative to GMAC Mortgage, LLC 'GMAC M' and Federal National Mortgage Association

NOTICE OF ACCOUNTABILITY AND RECORD

# NOTICE OF ACCOUNTABILITY AND RECORD
## This Document may be used for Private and Public Filing
### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

"Fannie Mae" and Green Tree Mortgage Service "Green Tree" upon the proof of claim first being to the AGENT and Recipient under signed statement responding to the following, without being misleading and being signed whole, true and complete for the response:

1) The AGENT and Recipient Stipulate to the nature of their relationship [Ownership] of the Mortgage and the Promissory Note, knowing only the holders of the Originating Note and Deed can bring CLAIM(S) of enforcement or Collection(s) and are then the TRUE INTEREST HOLDERS; and

2) By for the disclosing of the party of beneficial interest is the claim of the party being in POSSESSION of the ORIGINAL PROMISSORY NOTE and the MORTGAGE being hereinafter 'NEGOTIABLE INSTRUMENTS'; and

3) The portfolio of the REAL PROPERTY is within POSSESSION of the TRUE PARTY OF INTEREST which holds the proper documentation of ACCOUNTING including the RELEASE OF INTEREST LETTER(s) FROM EACH ENDORSER BEING AN AUTHENTIC SIGNATURE REQUIRED AND SIGNED FOR THE LAND TRANSFER to the BUYER; and

4) The AGENT and Recipient states having KNOWLEDGE the ORIGINAL NEGOTIABLE INSTRUMENTS is maintained by PERFECTED TITLE during conveyances, transfers and SALES and shall produce a document for public and private use being supported by AGENT and Recipient via affidavit signed under the penalty of perjury to be held liable for the CLAIM(s) and damages, if any, for claiming having KNOWLEDGE of the PERFECTED TITLE if upon discovery **the NEGOTIABLE INSTRUMENTS IS BEING DEFECTIVE**; and

5) That Green Tree Servicing, LLC "Green Tree" is IN-FACT in possession of the ORIGINAL PROMISSORY NOTE and the MORTGAGE; and

6) GMAC Mortgage, LLC 'GMACM' maintained a PERFECTED TITLE; and

7) ORIGINAL NEGOTIABLE INSTRUMENTS were never BIFURCATED; and

8) Federal National Mortgage Association "Fannie Mae" never SECURITIZED the ORIGINAL PROMISSORY NOTE or the MORTGAGE ; and

9) No parties having engaged within the transfers, conveyances or sale(s) of the NEGOTIABLE INSTRUMENTS engaged in a REAL ESTATE MORTGAGE INVESTMENT CONDUIT TRANSFER(s); and

NOTICE OF ACCOUNTABILITY AND RECORD

# NOTICE OF ACCOUNTABILITY AND RECORD
## This Document may be used for Private and Public Filing
### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

10) The AGENT and Recipient asserts no parties stated within LETTER having engaged within the transfers, conveyances or sale(s) of the NEGOTIABLE INSTRUMENTS or otherwise participated within the MORTGAGE ELECTRONIC REGISTRATION SYSTEMS 'MERS' or MERS INC or MORTGAGE ELECTRONIC REGISTRATION SYSTEMS LLC or variations or derivatives thereof which resulted in SECURITIZATION of the NEGOTIABLE INSTRUMENTS; and

9) All Beneficial Interest Holders of the NEGOTIABLE INSTRUMENTS during the Conveyances, Transfers and SALES BETWEEN THE PARTIES having RECORDED their beneficial interest with the COUNTY RECORDER in which the REAL PROPERTY IS LOCATED on the MORTGAGE; and

10) Offer the NEGOTIABLE INSTRUMENTS FOR INSPECTION to the Sender to detail for proper endorsements and if the documents have been materially altered or otherwise modified or undergone a material-change of the existing contract or if there has been a change of the underlying assets value of the REAL PROPERTY or the SECURITY INTEREST, or the AGENT and Recipient clients are NOT in possession of **the Original NEGOTIABLE INSTRUMENTS** then AGENT and Recipient AGREES being in possession of DEFECTIVE INSTRUMENTS and maintain no STANDING, and

> The inspection is to the comparative having been formed within the originating contract between the parties of origination being stated **Builders Affiliated Mortgage Services , A FL GEN PTNRSHIP , 4102 WEST LINEBAUGH AVE, #100, TAMPA, FL 33624** standing as ORIGINAL LENDER and **Galina Valeeva and Evelina Okouneva** being ORIGINAL BORROWER and thusly being supported for a PERFECTED TITLE and with the beneficial interest holders having been maintained within the County Recorder office supporting the perfection during the conveyances, transference and sales of the *negotiable instruments.*

Hereby the Sender is offering the AGENT and the Recipient OPPORTUNITY to provide the Sender, and with consequence the Court, the proper catalog including and not being limited to the accounting records in which supports the claims maintained within the LETTER and being conjoined with the AGENT participation in previous litigation; and

WHEREFORE with OPPORTUNITY presented itself and whereby remedy is at hand by the simple production of the accounting and of the negotiable instruments *being perfected* and in the possession of the alleged parties of interest pursuant Federal and State law and being by rule and regulation for the operation of business affairs within the state for such collections and or enforcements and claims; and

NOTICE OF ACCOUNTABILITY AND RECORD

## NOTICE OF ACCOUNTABILITY AND RECORD
### This Document may be used for Private and Public Filing
### Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

WITHOUT the production of such instruments being supported in their original form and being offered for inspection to the Sender and to the Court then the act and/or actions of the AGENT and the Recipient may constitute an intentional act to mislead or misrepresent the facts in an effort to unjustly enrich their clients and their status which may in fact constitute in various degrees a performance being conducted either by intent or by neglect a fraudulent action.

Please respond to this COMMERCIAL NOTICE via verifiable United States Postal Service deposit "mailing" at the following address and within 10 days of the receipt of this COMMERCIAL NOTICE excluding the date of delivery;

Galina Valeeva<br>
3204 Whitney Court<br>
Bensalem, PA 19020

The Sender stands in appreciation to work and resolve the subject matter with AGENT and Recipient whereby no damage are created, or any damages existing may be mitigated, and the subject matter resolve to the benefit of all parties of interest.

DATED September 20, 2013

Respectfully,

*(signature)*

Galina Valeeva, Sui Juris<br>
3204 Whitney Court<br>
Bensalem, PA 19020<br>
Telephone: 215-703-1393

Rest of page and back of leafs intentionally blank

NOTICE OF ACCOUNTABILITY AND RECORD

**NOTICE OF ACCOUNTABILITY AND RECORD**
This Document may be used for Private and Public Filing
Notice to Agent is Notice to Principal; Notice to Principal is Notice to Agent

## Acknowledgment

STATE OF PENNSYLVANIA

COUNTY OF __Bucks__

On this, the __21st__ day of __September__, __2013__, before me __Matthew A. Lauderback__, the undersigned officer, personally appeared Galina Valeeva, known to me (or satisfactorily proven) to be the person whose name __Galina Valeeva__ subscribed to the within instrument, and acknowledged that __She__ (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

_Matthew A. Lauderback_
Notary Public

Printed Name: __Matthew A. Lauderback__

My Commission Expires: __02/15/17__

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MATTHEW A LAUDERBACK
Notary Public
BENSALEM TOWNSHIP, BUCKS COUNTY
My Commission Expires Feb 15, 2017

NOTICE OF ACCOUNTABILITY AND RECORD

**FindLaw** FOR LEGAL PROFESSIONALS

# N.Y. UCC. LAW § 9--210 : NY Code - Section 9--210: Request for Accounting; Request Regarding List of Collateral or Statement of Account

## Search N.Y. UCC. LAW § 9--210 : NY Code - Section 9--210: Request for Accounting; Request Regarding List of Collateral or Statement of Account

- Search by Keyword or Citation

[ Search ]

(a) Definitions in this section:
    (1) "Request" means a record of a type described in paragraph (2), (3), or (4).
    (2) "Request for an accounting" means a record authenticated by a debtor requesting that the recipient provide an accounting of the unpaid obligations secured by collateral and reasonably identifying the transaction or relationship that is the subject of the request.
    (3) "Request regarding a list of collateral" means a record authenticated by a debtor requesting that the recipient approve or correct a list of what the debtor believes to be the collateral securing an obligation and reasonably identifying the transaction or relationship that is the subject of the request.
    (4) "Request regarding a statement of account" means a record authenticated by a debtor requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligations secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request.
(b) Duty to respond to requests. Subject to subsections (c), (d), (e), and (f), a secured party, other than a buyer of accounts, chattel paper, payment intangibles, or promissory notes or a consignor, shall comply with a request within 14 days after receipt:
    (1) in the case of a request for an accounting, by authenticating and sending to the debtor an accounting; and
    (2) in the case of a request regarding a list of collateral or a request regarding a statement of account, by authenticating and sending to the debtor an approval or correction.
(c) Request regarding list of collateral; statement concerning type of collateral. A secured party that claims a security interest in all of a particular type of collateral owned by the debtor may comply with a request regarding a list of collateral by sending to the debtor an authenticated record including a statement to that effect within 14 days

after receipt.

(d) Request regarding list of collateral; no interest claimed. A person that receives a request regarding a list of collateral, claims no interest in the collateral when it receives the request, and claimed an interest in the collateral at an earlier time shall comply with the request within 14 days after receipt by sending to the debtor an authenticated record:

  (1) disclaiming any interest in the collateral; and
  (2) if known to the recipient, providing the name and mailing address of any assignee of or successor to the recipient's interest in the collateral.

(e) Request for accounting or regarding statement of account; no interest in obligation claimed. A person that receives a request for an accounting or a request regarding a statement of account, claims no interest in the obligations when it receives the request, and claimed an interest in the obligations at an earlier time shall comply with the request within 14 days after receipt by sending to the debtor an authenticated record:

  (1) disclaiming any interest in the obligations; and

  (2) if known to the recipient, providing the name and mailing address of any assignee of or successor to the recipient's interest in the obligations.

(f) Charges for responses. A debtor is entitled without charge to one response to a request under this section during any six-month period. The secured party may require payment of a charge not exceeding $25 for each additional response.

« Prev
Duties of Secured
Party If Account
Debtor Has Been
Notified of
Assignment

Up
RIGHTS AND
DUTIES

All rights reserved.

Copyright © 2013 FindLaw, a Thomson Reuters business.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                                    Case No. 12-12020

RESIDENTIAL CAPITAL, LLC   et all.,                       Chapter 11

Debtors                                                   Jointly Administered

# GALINA VALEEVA PETITION UNDER DEMAND FOR PARTIES PROOF OF CLAIM FOR STANDING

Now comes forth the [a] Creditor by name is being Galina Valeeva and is standing Sui Juris and is not an attorney presenting a plea to this Honorable Court during these bankruptcy proceedings and the dischargeability of debts as being defined under Case number 51-2009-CA-008312-ES   GMAC MORTGAGE, LLC v Galina Valeeva et al, in the CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA CIVIL ACTION.

While the subject matter of dischargeability of debt and the parties of interest presenting claims to this Honorable Court in an effort to offset, discharge or otherwise mitigate certain obligations;

**The paramount consideration being prior to any decisions made by the bench is being** first to the identification of the parties of interest and the being of TRUE PARTY OF INTEREST whereby their proof of claim is BY OWNERSHIP RIGHTS and thereby holding the legal and lawful merits in order to bring forth a claim being just and an operation in law under these proceedings.

Galina Valeeva is a known party of the originating contractual obligation and therefore **HOLDS STANDING WITHIN THIS COURT** for the protection and preservation of *REAL PROPERTY* and those interests of security and of securities having been formed <u>under contract and by contractual obligation</u> between the originating parties of interest and thereby holds real party of interest status on REAL PROPERTY located **24837 Portofino Drive, Lutz in the County of Pasco  in the State of FLORIDA**

Galina Valeeva declares and asserts STANDING to all parties of INTEREST, including this Honorable Court, for being an originating party of CONTRACT being evident by *authentic act* by signature and further asserts for any party to bring CLAIM <u>must</u> be a PARTY OF INTEREST being a matter of Law and defined for STANDING by Federal Rules of Civil Procedure Rule 17 ... being in part... "...an action must be pursued by a real party of interest." ... and Galina Valeeva believes no evidence contrary exists.

Page 1 of 5

Galina Valeeva asserts the present state of the preceding by those positioning themselves to be parties of interest before this Court may be misrepresenting facts or perhaps engaging in efforts to obfuscate the FACT of OWNERSHIP for the being in possession of DEFECTIVE INSTRUMENTS or not be the TRUE PARTY OF INTEREST; and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts STANDING is being presented by being **IN POSSESSION** of the ORIGINAL PROMISSORY NOTE and MORTGAGE DEED , and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts under the Uniform Commercial Code, a note is a one-of-a-kind negotiable instrument that has the only legally binding chain of assignment, and a photocopy of the NOTE is obscuring the fact of ownership and is objectionable for its production and the considerations given to Federal Rules of Evidence 1002 and 1003 stands within these proceedings and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts "blank assignments" do not stand for a PERFECTED TITLE and is a blatant violation and abuse of the law and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts THE ORIGINAL PROMISSORY NOTE AND MORTGAGE DEED must be perfected thusly given a title of PERFECTED TITLE and at no time during a transfer, conveyance or sale shall be bifurcated; and upon bifurcation of the ORIGINAL PROMISSORY NOTE AND MORTGAGE DEED voids the contract held with the original parties of interest and creates defective instruments in which cannot STAND within a court of competent jurisdiction for a collection or in enforcement and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts the law is very specific, the PROMISSORY NOTE as well as the MORTGAGE DEED must be together at all times and there must be always a clear and unambiguous chain of TITLE that is traceable in public records for all parties of interest in real estate and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts and hereby demands STANDING is paramount to these proceedings and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts a MORTGAGE DEED is perfected by record and <u>shall-be</u> maintained at the County Recorder's office within the County of the REAL PROPERTY whereby all real parties of interest in real property THAT must be recorded at the County and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts when a PROMISSORY NOTE is sold or assigned, it therefore must be recorded in public record to maintain perfected chain of TITLE for the security and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts if there is a break in a chain of TITLE, then bifurcation occurs where the MORTGAGE DEED indicates one party of interest and the PROMISSORY NOTE identifies a different party of interest and once bifurcation occurs than the security has been broken because State law has been violated and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts in every MORTGAGE DEED and PROMISSORY NOTE it states specifically that the instruments is subject to applicable State and Federal laws and GalinaValeeva believes no evidence contrary exists.

Galina Valeeva asserts in January 2011, the Massachusetts Supreme Court issued a decision in U.S. Bank National Association versus Antonio IBANEZ in which all of the Justices unanimously agreed, for there to be a TRUE PARTY OF INTEREST they must show a perfection of chain of title both in the MORTGAGE DEED and the PROMISSORY NOTE and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts A DEFECTIVE TITLE CANNOT BE FIXED and photocopies does not and cannot attest to who is the real and beneficial party of interest and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts all documentation as it relates to REAL PROPERTY must be demonstrated to be perfected at the time of the Notice of Default or any parties claim thereafter is without merit and holds no standing and Galina Valeeva believes no other evidence contrary exists.

Galina Valeeva asserts all parties having interest in these proceedings announce their standings if they are acting in a capacity of an original creditor or a debt collector and thereby stipulate to the nature and their relationship as being owner's or having ownership rights to the ORIGINAL PROMISSORY NOTE AND THE MORTGAGE DEED and this being a paramount consideration to these proceedings and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts the Fair Debt Collection Practices Act and being maintained under the United States code title 15 section 1692 is a consideration to this court being if the debt has been written off than the debt has been discharged and any parties in attendance have no standing within this court if they had in fact "repurchased" the note and Galina Valeeva believes no evidence contrary exists.

Galina Valeeva asserts TRUE PARTIES OF INTEREST are with possession of proper "accounting records" and it is by demand for their productions in these proceedings, being an operation in law, for the parties to show proof of claim as it relates to REAL PROPERTY for the transferals', conveyances and sales of the property and Galina Valeeva believes no evidence contrary exists.

Furthermore, Galina Valeeva asserts if the original PROMISSORY NOTE in the MORTGAGE DEED as entered into a REAL ESTATE MORTGAGE INVESTMENT CONDUIT 'REMIC' or has relationship with the MORTGAGE ELECTRONIC REGISTRATION SYSTEMS [MERS] it is highly likely the original PROMISSORY NOTE in the MORTGAGE DEED has been bifurcated and is voidable being a matter of law and no parties in attendance have claims to the REAL PROPERTY other than Galina being an originator of the agreement and maintaining rights by contractual agreement and obligations and Galina Valeeva believes no other evidence contrary exists.

WHEREFORE Galina Valeeva petitions this court to move all parties in attendance and having claims an interest to provide their proof of claim by answering to the production of the original PROMISSORY NOTE and the MORTGAGE DEED for material alterations of contract and for the proper endorsements;

Page 3 of 5

and furthermore answer to a debt validation letter being governed under USC title 15 section 1692 [g] and to suspend these proceedings for 30 days to provide the parties opportunity to dispute the debt or the admit to the default in which they have no standing within this court and may be dismissed from future proceedings.

DATED SEPTEMBER 20, 2013

*[signature]*

Galina Valeeva, sui juris
3204 Whitney Court
Bensalem, PA 19020
TELE: 215-702-1393

## Acknowledgment

STATE OF PENNSYLVANIA

COUNTY OF __Bucks__

On this, the __21st__ day of __September__, __2013__, before me __Matthew A. Lauderback__, the undersigned officer, personally appeared Galina Valeeva, known to me (or satisfactorily proven) to be the person whose name __Galina Valeeva__ subscribed to the within instrument, and acknowledged that __she__ (he/she/they) executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

*[signature]*
Notary Public

Printed Name: __Matthew A. Lauderback__

My Commission Expires: __02/15/2017__

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MATTHEW A LAUDERBACK
Notary Public
BENSALEM TOWNSHIP, BUCKS COUNTY
My Commission Expires Feb 15, 2017
```

## JURAT

"Subscribed and sworn to before me by Galina Valeeva this ____ day of September 2013."

Page 4 of 5

State of Pennsylvania

County of _Bucks_

Subscribed and sworn to (or affirmed) before me this 21st day of September, 2013, by _Galina Valeeva_.

_Matthew A. L[auderback]_
Notary Public

SEAL

```
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MATTHEW A LAUDERBACK
Notary Public
BENSALEM TOWNSHIP, BUCKS COUNTY
My Commission Expires Feb 15, 2017
```

Page 5 of 5