**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**TWELFTH INTERIM ORDER UNDER BANKRUPTCY CODE SECTION 363 AND BANKRUPTCY RULE 6004 (I) AUTHORIZING THE DEBTORS TO COMPENSATE PRICEWATERHOUSECOOPERS, LLP FOR FORCLOSURE REVIEW SERVICES IN FURTHERANCE OF THE DEBTORS' COMPLIANCE OBLIGATIONS UNDER FEDERAL RESERVE BOARD CONSENT ORDER AND (II) REAFFIRMING RELIEF GRANTED IN THE GA SERVICING ORDER**

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for an order (i) authorizing the Debtors to compensate PricewaterhouseCoopers LLP ("**PwC**") for services rendered in connection with the FRB Foreclosure Review and (ii) reaffirming relief granted in the GA Servicing Order; and upon the Whitlinger Affidavit, the English Affidavit, the Bocresion Declaration, and the Pensabene Declaration; and upon the Limited Objection of Wilmington Trust, National Association ("**Wilmington Trust**") to Debtors' Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465] (the "**Wilmington Objection**"), the Omnibus Objection of the Official Committee of Unsecured Creditors to (a) the Debtors Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Pepper Hamilton Retention Application, and (c) Hudson

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

Cook Retention Application [Docket No. 1493] (the "**Committee Objection**"), Ally Financial Inc.'s (a) Position Statement Regarding the Debtors' (i) PricewaterhouseCoopers Motion and (ii) Pepper Hamilton and Hudson Cook Retention Applications and (b) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573], and the Supplemental Objection of the Official Committee of Unsecured Creditors to (a) the Debtors Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Pepper Hamilton Retention Application, and (c) Hudson Cook Retention Application [Docket No. 1725] (the "**Supplemental Committee Objection**," collectively with the Wilmington Objection, Committee Objection and the Supplemental Committee Objection, the "**Objections**"); and upon the Debtors' Statement in Further Support of (a) Debtors' Motion for an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (c) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket 1749]; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest;  and the Court

having approved the Motion on an interim basis through and including September 24, 2013,[2] and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a further interim basis to the extent set forth below.

2. The Debtors are permitted to use estate funds, pursuant to Bankruptcy Code section 363, to compensate PwC in accordance with the terms of the FRB Engagement Letter and the FRB Consent Order. Such costs shall be allocable to GMAC Mortgage during the interim period. Nothing herein shall obligate ResCap to make payments to PwC.

3. Consistent with the GA Servicing Order, the Debtors are authorized to continue to honor their obligations under the FRB Consent Order, the Order of Assessment, and the DOJ/AG Settlement, and to use estate assets and take such actions as, in their reasonable business judgment, are necessary to comply with and adhere to the terms of the FRB Consent Order, Order of Assessment, and the DOJ/AG Settlement, and the Debtors shall not be required to seek approval of the Court to engage additional professionals, as needed, to comply with their obligations under the FRB Consent Order, Order of Assessment, and the DOJ/AG Settlement; provided, however, that the Debtors shall use reasonable efforts, in good faith, to obtain

---

[2] On October 11, 2012, the Court entered an order approving the Motion on an interim basis through and including January 14, 2013 [Docket No. 1799]. On January 14, 2013, the Court entered an order approving the Motion on a further interim basis through and including February 28, 2013 [Docket No. 2622]. On February 28, 2013, the Court entered an order approving the Motion on a further interim basis through and including March 21, 2013 [Docket No. 3062]. On March 21, 2013, the Court entered an order approving the Motion on a further interim basis through and including April 11, 2013 [Docket No. 3290]. On April 12, 2013, the Court entered an order approving the motion on a further interim basis through and including April 30, 2013 [Docket No. 3425]. On April 29, 2013, the Court entered an order approving the Motion on a further interim basis through and including May 14, 2013 [Docket No. 3543]. On May 14, 2013, the Court entered an order approving the Motion on a further interim basis through and including June 12, 2013 [Docket No. 3703]. On June 12, 2013, the Court entered an order approving the Motion on a further interim basis through and including July 10, 2013 [Docket No. 3961]. On July 10, 2013, the Court entered an order approving the Motion on a further interim basis through and including July 26, 2013 [Docket No. 4195]. On July 26, 2013, the Court entered an order approving the Motion on a further interim basis through and including August 21, 2013 [Docket No. 4377]. On August 21, 2013, the Court entered an order approving the Motion on a further interim basis through and including September 24, 2013 [Docket No. 4780].

agreement from additional professionals required to comply with these obligations that such professionals' fees will be subject to review by the Creditors' Committee and the U.S. Trustee under the reasonableness standard contained in Bankruptcy Code section 330; <u>provided</u>, <u>further, however</u>, that, in advance of engaging any such additional professionals or paying additional expenses other than those previously identified, the Debtors shall provide the Creditors' Committee and the U.S. Trustee with advance notice and a reasonable opportunity to object to the engagement of such professionals.

4. Notwithstanding anything to the contrary in the FRB Engagement Letter, the Motion, or the English Affidavit, to the extent that the Debtors request that PwC perform any services other than (a) those detailed in the FRB Engagement Letter and (b) such other services directly related to services detailed in the FRB Engagement Letter, the Debtors shall seek further approval by the Court, including any related modifications to the FRB Engagement Letter, and the motion seeking such approval shall set forth, in addition to the additional services to be performed, any additional fees sought to be paid.

5. In accordance with PwC's prepetition billing procedures, PwC shall submit weekly statements to the Debtors, but shall also contemporaneously transmit the weekly statements to the Creditors' Committee and the U.S. Trustee. The Creditors' Committee and the U.S. Trustee shall have twenty (20) days from the date of service of each weekly fee statement to object to any fees. Upon a timely objection by the Creditors' Committee or the U.S. Trustee, the Debtors shall withhold payment of any disputed amount until resolution of the dispute by the Court.

6. Pursuant to the terms of the FRB Engagement Letter, PwC is entitled to reimbursement by the Debtors for reasonable expenses incurred in connection with the

performance of its engagement under the FRB Engagement Letter, including, without limitation, the fees, disbursements and other charges of PwC's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise).

7.     The FRB Engagement Letter, including, without limitation, the Indemnification Provisions, are incorporated herein by reference and approved in all respects except as otherwise set forth herein.

8.     All requests by PwC and the Beneficiaries for the payment of indemnification as set forth in the FRB Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the FRB Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; _provided_, _however_, that in no event shall PwC or any of the Beneficiaries be indemnified to the extent that any loss or expense for which indemnification is sought resulted from the bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud of PwC or any of the Beneficiaries; _provided_, _further_, _however_, that, notwithstanding anything herein to the contrary, this Order shall not waive or foreclose and is without prejudice to any and all claims or causes of action that may be made by the Debtors, AFI, or any party-in-interest (including the Creditors' Committee), including any claims or causes of action against AFI or against any of the Debtors for contribution and/or indemnification arising directly or indirectly, by contract or under common law, through subrogation or otherwise, relating to the Indemnification Provisions in the FRB Engagement Letter.

9.     In the event that any of the Beneficiaries seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant

to the FRB Engagement Letter, the invoices and supporting time records from such attorneys shall be submitted to the Court and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

11. Notwithstanding anything herein or in the GA Servicing Order to the contrary, this Order shall not waive or foreclose and is without prejudice to (i) any and all claims, causes of action and defenses that may be asserted by the Debtors or any party-in-interest (including the Creditors' Committee) for any and all past or future costs of compliance with the FRB Consent Order, DOJ/AG Settlement, the Order of Assessment ("**Compliance Claims**") against any and all parties, including, without limitation, claims for contribution and/or indemnification arising directly or indirectly, by contract or under common law, through subrogation or otherwise, (ii) all rights of AFI to object to any Compliance Claim on any and all bases and bring

6

counterclaims against the Debtors for Compliance Claims, including asserting claims (x) that the costs of compliance in connection with the Compliance Claims are administrative expenses of the Debtors' estates pursuant to 11 U.S.C. § 503(b) and (y) that AFI is relying on the Debtors' costs of compliance in its decision to support operationally and financially the Debtors' efforts to sell the assets of the Debtors' estates on a going concern basis and maximize the value of the estates, and (iii) all rights of the Debtors or any party-in-interest (including the Creditors' Committee) to respond to any objections and contest any and all counterclaims asserted by AFI, <u>provided, however</u>, that in each case such claims shall not be resolved, waived or discharged by the Debtors without the consent of the Creditors' Committee or further order of the Court.

12. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Objections, and all reservations of rights contained therein, shall be preserved for the Final Hearing as the same may be modified by the Creditors' Committee and Wilmington Trust.

14. The Final Hearing to consider the Motion on a final basis is scheduled for October 9, 2013 at 10:00 a.m. before the Court.

15. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: September 23, 2013
      New York, New York

                                                                   /s/Martin Glenn
                                                                    MARTIN GLENN
                                                      United States Bankruptcy Judge