**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) WITH RESPECT TO CLAIM NO. 1899 OF THE HARLESTON LAW FIRM**

Upon the twenty-first omnibus claims objection, dated July 3, 2013 (the "<u>Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Insufficient Documentation Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively, and the *Supplemental Declaration of P. Joseph Morrow IV in Support of Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) with Respect to Claim No. 1899 of the Harleston Law Firm*, attached to this Order as Exhibit 1; and upon consideration of the response filed by the Harleston Law Firm (the "Response") [Docket No. 4663] relating to Claim No. 1899 (the "Harleston Claim"), all in connection with the Objection; and upon consideration of the *Debtors' Omnibus Reply in Support of Debtors' Eighteenth, Nineteenth, Twentieth, and Twenty-First Omnibus Claims Objections to Borrower Claims with Insufficient Documentation* [Docket No. 4842] (the "Reply"); and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein and the Response is overruled; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Harleston Claim is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the Harleston Claim pursuant to this Order; and it is further

2

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Harleston Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  September 24, 2013
              New York, New York

                                                                _____/s/Martin Glenn_____
                                                                        MARTIN GLENN
                                                                United States Bankruptcy Judge

## Exhibit 1 to Order

**Morrow Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) WITH RESPECT TO CLAIM NO. 1899 OF THE HARLESTON LAW FIRM**

I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1. I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants LLC ("KCC"), the claims agent and administrative agent retained by Residential Capital, LLC, et al., (collectively, the "Debtors") in the above-captioned Chapter 11 cases, pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

2. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the *Debtors' Twenty-First Omnibus Objection to*

ny-1108464

*Claims (Borrower Claims with Insufficient Documentation)* (the "Objection"),[1] with respect to the response filed by Shanell Kathleen Harleston, Esq. on behalf of the Harleston Law Firm (the "Response") [Docket No. 4663] relating to Claim No. 1899 (the "Harleston Claim"). True and correct copies of the Harleston Claim and the Response are attached hereto as Exhibits A and B, respectively.

3. All facts set forth in this Supplemental Declaration are based upon information learned from my review of relevant documents and information I have received through my discussions with KCC employees and the Debtors' professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

4. The Harleston Claim is a $250,000 unsecured claim against Debtors GMAC Mortgage, LLC and ResCap, the stated basis for which is "Tort/contract/civil action." Harleston Claim at Box 2. No explanation or supporting documentation is provided.

5. The Response states that the Harleston Claim should not be disallowed because it is timely filed and because "[o]n May 14, 2012, the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code and listed The Harleston Law Firm on their schedule of unpaid debts and did not list the debt as contingent, unliquidated, or disputed (See *Debtor's Chapter 11 Bankruptcy Petition, filed May 14, 2012*)." Response at ¶¶ 1-2. The Response provides no other explanation or supporting documentation for the Harleston Claim.

6. As the court-appointed claims agent and administrative agent, KCC maintains the register of filed proofs of claim and all claims resulting from the filing of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1108464

Debtors' Schedules D, E and F. KCC reviewed the official claims register, including Schedules D, E and F to the Schedules of Assets and Liabilities (as amended) filed by the Debtors. At the time of execution of this declaration, the Harleston Law Firm was not listed on the court filed versions of Schedules D, E, or F for any of the Debtor entities. The Harleston Law Firm was included in the Debtors' noticing matrix and therefore received notice of the bar date in these Chapter 11 Cases, along with a proof of claim form.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 23, 2013

/s/ P. Joseph Morrow IV
P. Joseph Morrow IV

# Exhibit A to Declaration

## The Harleston Claim

Claim #1899   Date Filed: 10/29/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor: Residential Capital, LLC et al.   Case Number: 12-12020 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
THE HARLESTON LAW FIRM

Name and address where notices should be sent:   NameID: 10704052
THE HARLESTON LAW FIRM
709 ORO AVE S
LEHIGH ACRES, FL 33974-5503

Telephone number: (443) 722-0377   email: shanell.harleston513@gmail.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
Shanell K. Harleston, Esq.
8865 Fawn Ridge Drive
Telephone number: Fort Myers, FL 33912   email: shanell.harleston513@gmail.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $250,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Tort/Contract/Civil action
(See instruction #2)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

3. **Last four digits of any number by which creditor identifies debtor:** 1157

3a. Debtor may have scheduled account as: unknown
(See instruction #3a)

3b. Uniform Claim Identifier (optional): _____
(See instruction #3b)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate ____% ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other -- Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____   (See instruction #6)

**Amount entitled to priority:**
$_____

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

9. **Signature:** (See instruction #9) Check the appropriate box.
☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or  ☐ I am a guarantor, surety,
   (Attach copy of power of attorney, if any.)     their authorized agent.     indorser, or other codebtor.
   (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Shanell K. Harleston
Title: _____
Company: _____   (Signature)   9/21/12 (Date)

Address and telephone number (if different from notice address above):
8865 Fawn Ridge Drive
Fort Myers, FL 33912
Telephone number: 443-722-0377   Email: shanell.harleston513@gmail.com

**RECEIVED**
**OCT 29 2012**
KURTZMAN CARSON CONSULTANTS

COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit B to Declaration**

**The Response**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

In re:                                                )    Case No. 12-12020 (MG)
                                                      )
RESIDENTIAL CAPITAL, LLC, et.al.,                     )    Chapter 11
                                                      )
                           Debtors.                   )    Jointly Administered
                                                      )

-------------------------------------------------------

### RESPONSE TO TWENTY-FIRST OMNIBUS OBJECTION TO CLAIM NO. 1899, FILED OCTOBER 29, 2012

NOW COMES, Shanell Kathleen Harleston, Esq., on behalf of The Harleston Law Firm (hereinafter referred to as the "Creditors"), and files this RESPONSE TO TWENTY-FIRST OMNIBUS OBJECTION TO CLAIM NO. 1899, FILED OCTOBER 29, 2012 and says:

1. On May 14, 2012, the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code and **listed The Harleston Law Firm on their schedule of unpaid debts and did not list the debt as contingent, unliquidated, or disputed** (See *Debtor's Chapter 11 Bankruptcy Petition, filed May 14, 2012*).

2. On October 29, 2012, The Harleston Law Firm timely filed a proof of claim.

**WHEREFORE,** the claim should not be disallowed or expunged for the seasons set forth in this Objection.

Respectfully Submitted,

_____
Shanell Kathleen Harleston, Esq.
THE HARLESTON LAW FIRM
8865 Fawn Ridge Drive
Fort Myers, FL 33912
(443) 722-0377

## Certificate of Service

I, Shanell Kathleen Harleston, Esq., do hereby certify that a true and exact copy of the foregoing Response to Objection was timely filed, and served upon the following recipients via first class mail, postage prepaid on this ___1st___ day of August 2013.

The Chambers of the Honorable Martin Glenn
One Bowling Green
Courtroom 501
New York, New York 10004

ATTN: Gary S. Lee, Esq, Norman S. Rosenbaum, Esq. and Jordan A. Wishnew, Esq.,
Attorneys for Debtors
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, New Yor 10104

ATTN: Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq. attorneys for the Official committee of Unsecured Creditors appointed in these cases.
Kramer Levin Naftalis & Frankel, LLP
1117 Avenue of the Americas
New York, NY 10036

Shanell Kathleen Harleston, Esq.