# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

<u>NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC STAY</u>

**Hearing Date**: August 28, 2013
**Time:** 10 a.m

In re:

Residential Capital, LLC, et al

Chapter 13

Debtors

Case No. 12-12020(MG)

(Jointly Administered)

Assigned To:
Honorable Martin Glenn
Bankruptcy Judge

TO ALL PARTIES AND TO THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on August 28, 2013, at 10 a.m., or as soon thereafter as the matter may be heard, before the Hon. Martin Glenn, at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004-1408, Movants, Charity Anyanwu, Noble Debamaka and Benjamin D. Anyanwu will, and hereby do, move for an Order for Relief from the Automatic Stay to allow them to proceed with their Breach of Contract/Lease agreement action now pending against one of the Debtors, GMAC Mortgage, LLC, at the Los Angeles Superior Court under Case No. BC 483320.

The motion will be made pursuant to 11 U.S.C §362(d)(1) and on the ground that the Movants' civil action is covered by insurance and will not interfere with the bankruptcy proceedings.

Dated this 11th day of July, 2013

/s/ Alaba Ajetunmobi
LAW OFFICE OF ALABA AJETUNMOBI
100 Oceangate, 12th Floor
Long Beach, CA 90802
Tel.: 562.628.5578
Fax: 562.628.5579
Alaba S. Ajetunmobi
Attorney for Movants

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Movants claim unliquidated demand against GMAC Mortgage, LLC, (the "Debtor") in an amount still to be determined but in excess of Nine Hundred Thousand Dollars ($900,000.00) as damages from Breach of Rental/Lease Contract over a premises owned by the Debtor in Los Angeles, California.

Movants' breach of rental/lease contract arose from injury suffered as a result of Debtor's failure to maintain its residential property, located at 212 West 107th Street, Los Angeles, California, and leased to Movants. Debtor foreclosed on the property from Movants' previous landlord on or before June 9, 2010. When Debtor took over the property, Movant Charity Anyanwu notified Debtor's agent that she was exercising the Purchase Option of the agreement she had with the previous landlord. By mid-June, 2010, Movant Charity Anyanwu started paying rent and some down-payment on the purchase option to Debtor's agent who accepted the payments on behalf of Debtor.

On or about June 14, 2010, Debtor's agent (Tenant Access) sent a representative over to inspect the property. An Occupancy Habitability Inspection report prepared by the agent showed that the property was in need of serious repairs. Despite the acknowledgment that the problems needed to be fixed immediately, Debtor took no action. Movants wrote several letters to Debtor,

through its agent, but no response was ever received from Debtor. An inspection by the City of Los Angeles on January 20, 2011 confirmed several violations of the City's Municipal Code. The city ordered Debtor to comply with its order for immediate rectification of the problems, particularly "lack of adequate heating." Debtor ignored the notice. Movants sent additional notices of immediate and urgent repairs to Debtor, none of which was attended to.

As a result of Debtor's negligence in making the repairs, Movants suffered damages which culminated in the lawsuit at the Los Angeles Superior Court, under Case No. BC 483320.

## II. ARGUMENT

On or about May 14, 2012, Debtor and certain of its affiliates filed voluntary petitions (the "Petitions") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York under the Case No. 12-12020.

By the provisions of section 362 of the Bankruptcy Code, all persons are enjoined and stayed from commencing any suit against Debtor. Movants' action constitutes a "judicial, administrative, or other action or proceeding" against Debtor because it is an act to obtain possession of Debtor's property, and/or an act to collect or recover on a claim against Debtor. (11 U.S.C §§ 362(a)(1), 362(a)3

4

and 362(a)(6)). Under this provision, Movants' action at the Los Angeles Court was stayed.

However, Bankruptcy Code section 362(d) authorizes Movants, as parties in interest, to seek relief from the automatic stay "such as by terminating, annulling, modifying, or conditioning such stay" The relief may be "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;"

In determining whether cause exists, courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groover Constr., LLC*, 411 B.R. 460, 463-64 (Bankr. N.D. Ga. 2008). Courts have considered numerous factors in carrying out this balancing test. These factors include:

(1) Whether relief would result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the other proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) Whether the debtor's insurer has assumed full responsibility for defending it;

(6) Whether the action primarily involves third parties;

(7) Whether litigation in another forum would prejudice the interests of other creditors;

(8) Whether the judgment claim arising from the other action is subject to equitable subordination;

(9) Whether movant's success in the other proceeding would result in a judicial lien available by the debtor;

(10) The interests of judicial economy and the expeditious and economical resolution of the litigation;

(11) Whether the parties are ready for trial in the other proceeding;

(12) The impact of the stay on the parties and the balance of harms.

Movants have cause for relief under 362(d)(1) for cause," which includes the lack of any connection with or interference with the pending bankruptcy case. *Elliot v. Hardison*, 53 B.R. 204, 208 (N.D. Ill. 1993). Debtor's attorney in the underlying Los Angeles Superior Court lawsuit has already assured Movants that Debtor is covered by liability insurance and that the insurer will be responsible for defending the action.

Upon this information, Movants believe that any judgment obtained against Debtor by Movants will not be enforced against Debtor or the Debtor's bankruptcy estate other than collecting against Debtor's insurance carrier. Furthermore,

Debtor's insurer will likely be responsible for the costs of the defense of Movants' claim and Debtor's estate will not incur any expense in this regard. Debtor will suffer little prejudice under than a declaration of liability to be paid by the Debtor's insurer.

### III.  PRAYER

WHEREFORE, Movants respectfully request that the automatic stay be lifted to allow Movants to pursue their rights and remedies in the Breach of Rental/Lease Contract case, under the condition that no judgment obtained by Movants will be enforced against Debtor except for and to the extent of Debtor's liability under any insurance policy applicable to Movants' claim.

Respectfully submitted,

Dated: July 12, 2013

LAW OFFICE OF ALABA
AJETUNMOBI
100 Oceangate, 12th Floor
Long Beach, CA 90802
Tel.: 562.628.5578
Fax: 562.628.5579
Alaba S. Ajetunmobi

20 DAY NOTICE

IF AN OBJECTION OR PLEADING IS NOT FILED WITH THE BANKRUPTCY CLERK WITHIN TWENTY (20) DAYS OF SERVICE OF THIS NOTICE UPON YOU, I WILL PRESENT FOR THE COURT'S APPROVAL AN ORDER GRANTING THE RELIEF REQUESTED.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon Office of the United States Trustee and other parties of interest and their attorneys at the addresses listed below;; this 12th day of July, 2013, by regular, postage pre-paid, U.S. Mail.

*[signature]*

Alaba S. Ajetunmobi (SBN 219228)
Attorney for Movants

*U.S. Trustee*
**United States Trustee**
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10004
(212) 510-0500

*Claims and Noticing Agent*
**Kurtzman Carson Consultants LLC, Claims Agent**
Attn: James Le
2335 Alaska Avenue
El Segundo, CA 90245
www.kccllc.com
310-823-9000

*Claims and Noticing Agent*
**Kurtzman Carson Consultants LLC**
2335 Alaska Avenue
El Segundo, CA 90245
310-823-9000

*Counter-Claimant*
**Philip Roger Flinn, II**
10401 Samantha Drive
Frisco, TX 75030
972-713-6133
SSN / ITIN: xxx-xx-2817

*Debtor*
**Residential Capital, LLC**
1177 Avenue of the Americas
New York, NY 10036
NEW YORK-NY
Tax ID / EIN: 20-1770738
*aka* **Residential Capital Corporation**

**Debtor's Attorney in Case No. BC 483320**
DAVID M. LIU
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612

```
            USPS SOUTH GARDENA STATION
               GARDENA, California
                    902479993
                 0544850462 -0098
07/12/2013       (800)275-8777          11:22:22 AM

                    Sales Receipt
Product          Sale    Unit
Description      Qty     Price          Final
                                        Price

EL SEGUNDO CA 90245
Zone-1 First-Class                      $0.66
Letter
1.50 oz.

    Issue PVI:                         ========
                                        $0.66

EL SEGUNDO CA 90245
Zone-1 First-Class                      $0.66
Letter
1.50 oz.

    Issue PVI:                         ========
                                        $0.66

NEW YORK NY 10004
Zone-8 First-Class                      $1.72
Large Env
4.20 oz.

    Issue PVI:                         ========
                                        $1.72

NEW YORK NY 10004
Zone-8 First-Class                      $0.66
Letter
1.50 oz.

    Issue PVI:                         ========
                                        $0.66

IRVINE CA 92612 Zone-1
First-Class Letter                      $0.66
1.50 oz.

    Issue PVI:                         ========
                                        $0.66

NEW YORK NY 10036
Zone-8 First-Class                      $0.66
Letter
1.50 oz.

    Issue PVI:                         ========
                                        $0.66

ROWLETT TX 75030 Zone-6
First-Class Letter                      $0.66
1.50 oz.

    Issue PVI:                         ========
                                        $0.66

Total:                                  ======
                                        $5.68
Paid by:
Cash
Change Due:                            $20.00
                                       -$14.32
******************************************
******************************************
BRIGHTEN SOMEONE'S MAILBOX. Greeting cards
available for purchase at select Post
Offices.
******************************************
******************************************

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.
```