**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION**
**TO CLAIMS (AMENDED AND SUPERSEDED BORROWER CLAIMS)**

Upon the twenty-fifth omnibus objection to claims, dated August 15, 2013 (the "Twenty-Fifth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Amended and Superseded Borrower Claims on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim, all as more fully described in the Twenty-Fifth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Twenty-Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Twenty-Fifth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Fifth Omnibus Claims Objection.

notice of the Twenty-Fifth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Twenty-Fifth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of the Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims), annexed to the Twenty-Fifth Omnibus Claims Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Twenty-Fifth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Fifth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Twenty-Fifth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Fifth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' claims register; and it is further

ORDERED that the claims listed on Exhibit A annexed hereto under the heading "Surviving Claims" (collectively, the "Surviving Borrower Claims") will remain on the claims register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Amended and Superseded Borrower Claims does not constitute any admission or finding with respect to any of the Surviving Borrower Claims; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twenty-Fifth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Borrower Claims, and the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any Surviving Borrower Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Borrower Claims identified on Exhibit A, annexed hereto, as if each such Amended and Superseded Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.



Dated: September 24, 2013
      New York, New York

/s/ Martin Glenn
_____
Martin Glenn
United States Bankruptcy Judge