**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------- )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,       )    Chapter 11
                                                                )
                             Debtors.              )    Jointly Administered
                                                                )

**ORDER GRANTING DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)**

Upon the twenty-eighth omnibus claims objection, dated August 19, 2013 (the "Twenty-Eighth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Claims on the basis that such claims fail to articulate any legal or factual justification for asserting a claim against the Debtors, all as more fully described in the Twenty-Eighth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Twenty-Eighth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Twenty-Eighth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Twenty-

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Eighth Omnibus Claims Objection.

Eighth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Twenty-Eighth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Twenty-Eighth Omnibus Objection to Claims (No Liability Claims – Books and Records), annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Twenty-Eighth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Eighth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Eighth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "No Liability Claims") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to disallow and expunge the No Liability Claims identified on the attached Exhibit A hereto so that such claims are no longer maintained on the Debtors' claim register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twenty-Eighth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23,

2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and all party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on Exhibit A, annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.



Dated: September 24, 2013
       New York, New York

/s/ Martin Glenn
_____
Martin Glenn
United States Bankruptcy Judge