**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' TWENTY-NINTH OMNIBUS**
**OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

Upon the twenty-ninth omnibus claims objection, dated August 23, 2013 (the "Twenty-Ninth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Late-Filed Claims on the basis that they were filed after the applicable Bar Date, all as more fully described in the Twenty-Ninth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Twenty-Ninth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Twenty-Ninth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Twenty-Ninth Omnibus Claims Objection having been provided, and it

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Ninth Omnibus Claims Objection.

appearing that no other or further notice need be provided; and upon consideration of the Twenty-Ninth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of the Debtors' Twenty-Ninth Omnibus Objection to Claims (Late-Filed Claims), annexed thereto as Exhibit 1; and the Court having found and determined that the relief sought in the Twenty-Ninth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twenty-Ninth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Ninth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "Late-Filed Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Late-Filed Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' official claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twenty-Ninth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23,

2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such claim that is not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Late-Filed Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such Late-Filed Claim had been individually objected to; and it is further

ORDERED that the Debtors reserve all rights to object on any other basis to any Late-Filed Claim as to which the Court does not grant the relief requested herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.



Dated: September 24, 2013
      New York, New York

/s/ Martin Glenn
_____
Martin Glenn
United States Bankruptcy Judge