# <u>Exhibit M</u>

| Name | NoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Broadridge | Receiving Dept | 51 Mercedes Way | | Edgewood | NY | 11717 |
| Mediant Communications | Stephanie Fitzhenry | 109 N 5th St | | Saddle Brook | NJ | 07663 |
| The Bank of New York Mellon | Beth Stiffler | 525 William Penn Pl | Rm 300 | Pittsburgh | PA | 15259 |
| The Depository Trust Co | Swabera Mohamed | 570 Washington Blvd | | Jersey City | NJ | 07310 |

# Exhibit N

| Issuer | Description | CUSIP | ISIN |
|--------|-------------|-------|------|
| Residential Capital | 6.875% Sr Unsecured Notes due on 6/30/2015 | 76113BAE9 | US76113BAE92 |
| Residential Capital | 6.5% Sr Unsecured Notes due on 4/17/2013 | 76113BAR0 | US76113BAR06 |
| Residential Capital | 6.5% Sr Unsecured Notes due on 6/1/2012 | 76114EAC6 | US76114EAC66 |
| Residential Capital | 5.125% Sr Unsecured Notes due on 5/17/2012 | none | XS0254758872 |
| Residential Capital | 6.375% Sr Unsecured Notes due on 5/17/2013 | none | XS0254759920 |
| Residential Capital | 7.875% Sr Unsecured Notes due on 7/1/2014 | none | XS0307841469 |

# **<u>Exhibit O</u>**

| Name | NoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Ameriprise | Mike Kohler | 2178 Ameriprise Financial Ctr | | Minneapolis | MN | 55474 |
| Banc of Americas Securities LLC | Reorg | 222 Broadway | 27th Fl | New York | NY | 10038 |
| Barclays Bank Inc LE | Giovanna Laurella | 70 Hudson St | 7th Fl | Jersey City | NJ | 07302-0000 |
| Barclays Capital Inc | Teresa Woo | 70 Hudson St | 7th Fl | Jersey City | NJ | 07302-0000 |
| Barclays Capital Inc / Barclays Capital | Nellie Foo | 200 Cedar Knolls Rd | | Whippany | NJ | 07981-0000 |
| BNP Paribas NY Branch | Dean Galli | 525 Washington Blvd | 9th Fl | Jersey City | NJ | 07310 |
| BNY Mellon | Enis Suljic | 525 William Penn Pl | Rm 300 | Pittsburgh | PA | 15259 |
| Brown Brothers Harriman & Co | Corporate Actions | 525 Washington Blvd | New Port Towers | Jersey City | NJ | 07302-0000 |
| Charles Schwab & Co Inc | Nancy Brim | 2423 E Lincoln Dr | PHX PEAK 02 K130 | Phoenix | AZ | 85016 |
| Citibank NA | Sandra Hernandez | 3800 Citibank Center B3 12 | | Tampa | FL | 33610 |
| Citigroup Global Markets Inc Salomon | Brian Cotton | 111 Wall St | 6th Fl | New York | NY | 10005 |
| Credit Suisse Securities USA LLC | Adam Miranda | 1 Madison Ave | 2nd Fl | New York | NY | 10010 |
| Custodial Trust Co | Adriana Laramore | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| David Lerner Associates Inc | Larry Kampf | 477 Jerico Turnpike | | Syosset | NY | 11791-9006 |
| Deutsche Bank Securities Inc | Ira Kovins | Harborside Financial Ctr | 100 Plaza One 2nd Fl - Corp Actions | Jersey City | NJ | 07311-0000 |
| Edward D Jones & Co | Nick Hummell | 12555 Manchester Rd | CADD Dept | St Louis | MO | 63131 |
| ETrade Clearing LLC | Matt Freifeld | 1981 Marcus Ave | Ste 100 | Lake Success | NY | 11042 |
| First Clearing LLC | Finessa Rosson | One North Jefferson | | St Louis | MO | 63103 |
| Goldman Sachs & Co | Gloria Lio | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Bank USA | Christine Hartwig | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Execution & Clearing | Andrew Warren | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Interactive Broker Retail Equity Clearing | Ken Hayden | 2 Pickwick Plz | 2nd Fl | Greenwich | CT | 06830-0000 |
| J P Morgan Clearing Corp | Proxy Dept Manager | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| Janney Montgomery Scott LLC | Michael Tse | 1717 Arch St | Dividend Reorg Dept 16th Fl | Philadelphia | PA | 19103 |
| JJB Hilliard WL Lyons Inc | Richard Gelles | 500 W Jackson St | Ste 700 | Louisville | KY | 40202 |
| JP Morgan Securities Inc Fixed | Jack Dickson | 14201 N Dallas Tollway | 12 th Fl | Dalls | TX | 75254 |
| JPMorgan Chase Bank NA | Reorg Dept | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| LPL Financial Corporation | Martha Strahan | 4828 Parkway Plaza Blvd | Attn Corporate Actions | Charlotte | NC | 28217 |
| Manufacturers and Traders Trust Co | Stephen Schmidt | 1 M & T Plz | 8th Fl | Buffalo | NY | 14203 |
| Merrill Lynch Pierce Fenner & Smith | Corp Actions Notifications Jax | 4804 Deer Lake Dr E | 4th Fl Bldg 3 | Jacksonville | FL | 32246 |
| Morgan Stanley & Co | Michelle Ford | 1300 Thames St | 7th Floor | Baltimore | MD | 21231 |
| Morgan Stanley Smith Barney | Suzanne Mundle | Harborside Financial Ctr | 230 Plaza Three 6th Fl | Jersey City | NJ | 07311 |
| National Financial Services | Lou Trezza | 200 Liberty St | | New York | NY | 10281 |
| Northern Trust Co | Stella Castaneda | 801 S Canal St | Attn Capital Structures  C1N | Chicago | IL | 60607 |
| Oppenheimer & Co Inc | Oscar Mazario | 125 Broad St | 15th Fl | New York | NY | 10004 |
| Optionsxpress Inc | Richard Trinh | 311 W Monroe St | Ste 1000 | Chicago | IL | 60606 |
| Pershing LLC Securities Corporation | Al Hernandez | 1 Pershing Plz | | Jersey City | NJ | 07399-0000 |
| Raymond James & Associates Inc | Mike Dillard | 880 Carillion Pkwy | PO Box 12749 | St Petersburg | FL | 33716 |
| RBC Capital Markets Corporation | Steve Schafer Jr | 60 S 6th St | P09 | Minneapolis | MN | 55402-4400 |
| Ridge Clearing & Outsourcing Solutions | Matt Freifeld | 1981 Marcus Ave | Ste 100 | Lake Success | NY | 11042 |
| Scottrade Inc | Terri Losche | 12855 Flushing Meadows Dr | | St Louis | MO | 63131 |
| State Street Bank and Trust Co | Sandra Polizio | Corp Actions JAB5E | 1776 Heritage Dr | North Quincy | MA | 02171-0000 |
| Stifel Nicolaus & Co Inc | Chris Wiegand | 501 N Broadway | 7th Fl | St Louis | MO | 63102 |
| TD Ameritrade Clearing Inc | Mandi Foster | 1005 Ameritrade Pl | | Bellevue | NE | 68005 |

In re Residential Capital, LLC
Case No. 12-12020 (MG)

8/29/2013

| Name | NoticeName | Address1 | Address2 | City | State | Zip |
|------|-----------|----------|----------|------|-------|-----|
| The Bank of New York Mellon/DBAG Lon | Donna Steinman | One Wall St | | New York | NY | 10286 |
| Timber Hill LLC | Maria Tardio | 1 Pickwick Plz | | Greenwich | CT | 06830-0000 |
| UBS Financial Services LLC | Jane Flood | 1200 Harbor Blvd | | Weehawken | NJ | 07086-0000 |
| UBS Securities LLC | Michael Marciano | 480 Washington Blvd | | Jersey City | NJ | 07310-0000 |
| US Bank NA | Tim Randall | MK WI S302 | 1555 N Rivercenter Dr | Milwaukee | WI | 53212 |
| Vanguard Marketing Corporation | Kevin Scully | 100 Vanguard Blvd | | Malvern | PA | 19355 |
| Wells Fargo Bank National Association | Kevin St Louis | 733 Marquette Ave | MAC N9306 057 5th Fl | Minneapolis | MN | 55402 |

# <u>Exhibit P</u>

| Company | Email |
|---|---|
| Bank of America DTC #773 | deborah.melendez@baml.com |
| Bank of America DTC #773 | john.dolan@ml.com |
| Bank of America DTC #2251 | tss.corporate.actions@bankofamerica.com |
| Barclays #229 | caeventcreations@barclays.com |
| Barclays #229 | nyvoluntary@barclays.com |
| BNP Paribas | NYK_DG_CORPORATE_ACTION@US.BNPPARIBAS.COM |
| BNY Mellon #954 | Beth.Stiffler@bnymellon.com |
| Bloomberg | release@bloomberg.net |
| Broadridge | SpecialProcessing@broadridge.com |
| Brown Brothers | nj.mandatory.inbox@bbh.com |
| Citi #908 | gts.caec.tpa@citi.com |
| Clearstream International SA | CA_Luxembourg@clearstream.com |
| Clearstream International SA | Carolyn.trebus@citi.com |
| Credit Suisse Securities (USA) LLC | list.nyevtintgrp@credit-suisse.com |
| Credit Suisse Securities (USA) LLC | raequel.packenham@credit-suisse.com |
| Credit Suisse Securities (USA) LLC | asset.servnotification@credit-suisse.com |
| Deutsche Bank Securities Inc | jaxca.notifications@db.com |
| Euroclear Bank S.A./N.V. | drit@euroclear.com |
| Foliofn Investments | proxyservices@folioinvesting.com |
| Goldman Sachs & Co | GS-as-ny-proxy@ny.email.gs.com |
| JPMorgan Chase Bank | JPMorganInformation.Services@JPMChase.com |
| Mediant Communications | documents@mediantonline.com |
| Mitsubishi UFJ Trust & Banking Corp #2932 | corporateactions-dl@us.tr.mufg.jp |
| Morgan Stanley | usproxies@morganstanley.com |
| Morgan Stanley | proxy.balt@morganstanley.com |
| Morgan Stanley | cavsdom@morganstanley.com |
| Morgan Stanley | Raquel.Del.Monte@morganstanley.com |
| Morgan Stanley | revolny@morganstanley.com |
| Morgan Stanley | john.falco@morganstanley.com |
| Morgan Stanley | robert.cregan@morganstanley.com |
| Northern Trust Company | cs_notifications@ntrs.com |
| PNC Bank NA #2616 | caspr@pnc.com |
| Royal Bank of Canada | donald.garcia@rbc.com |
| SEI PV/GWP #2663 | gwsusopsscaincome@seic.com |
| SIS SegaInterSettle AG | corpactionsoverseas.group@sisclear.com |
| SIS SegaInterSettle AG | CABO.group@sisclear.com |
| Southwest Securities | aclark@swst.com |
| Southwest Securities | proxy@swst.com |
| State Street Bank and Trust Company | rjray@statestreet.com |
| State Street Bank and Trust Company | scpolizio@statestreet.com |
| State Street Bank and Trust Company | jkkyan@statestreet.com |
| State Street Bank and Trust Company | USCAResearch@statestreet.com |
| The Bank of New York Mellon | pgheventcreation@bnymellon.com |
| The Bank of New York Mellon | justin.whitehouse@bnymellon.com |
| The Bank of New York Mellon | brian.marnell@bnymellon.com |
| The Depository Trust Co | gcabusiness.support@dtcc.com |
| The Depository Trust Co | cscotto@dtcc.com |
| The Depository Trust Co | lensnotices@dtcc.com |
| The Depository Trust Co | mandatoryreorgannouncements@dtcc.com |
| UBS Securities LLC | OL-EVENTMANAGEMENT@ubs.com |
| UBS Securities LLC | thomas.torrillo@ubs.com |

# **<u>Exhibit Q</u>**

| NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT. |
| --- |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
| --- | --- | --- |
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

| **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.** |
| --- |

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY KCC BY
<u>OCTOBER 21, 2013 AT 7:00 P.M.</u> (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE
WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH
THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO
PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE
VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE
IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT
TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST
RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **<u>ACTUALLY</u>
<u>RECEIVED</u>** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**")
signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as
the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**")
with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of
Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements
thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and
tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-
possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the
Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is **Exhibit 1** to the Disclosure Statement, which is part of
the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement
does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the
holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of in each voting class that were
voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section
1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may
confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate
against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the
Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims
(Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes
issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012,
(b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due

---

[1]      "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes
Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities
whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as
reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through
Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**VOTING INSTRUCTIONS**

1.     All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.     To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.     **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so

that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)    <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

    (ii)    <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

    (i)    Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

    (ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)    any unsigned Beneficial Owner Ballot or Master Ballot; and/or

    (vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.    If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8.    If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

10.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>(877) 833-4150</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.      **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.      Claim Amount on account of dollar-denominated Senior Unsecured Notes:

$_____

ITEM 2.      **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐     **to ACCEPT the Plan.**           ☐     **to REJECT the Plan.**

<u>THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES</u>:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

**ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.    **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">
ONLY COMPLETE THIS SECTION IF YOU<br>
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS<br>
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL<br>
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.
</div>

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | ISIN or CUSIP of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

CODE A                                          - 7 -                           CUSIP 76113B AE 9

ITEM 4.    **Certification.**  By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) certifies that it:

    a.  is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

    b.  has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

    c.  has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):     _____

Nominee:     _____

Social Security or Federal Tax I.D. No. (Optional):     _____

Signature:     _____

Name of Signatory:     _____

If Authorized Agent of Claimant, Title of Agent:     _____

Street Address:     _____

City, State, and Zip Code:     _____

Telephone Number:     _____

Email Address (if any):     _____

Date Completed:     _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with this Ballot. Moreover, this Ballot shall not constitute or deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

CODE A          - 8 -          CUSIP 76113B AE 9

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

# Exhibit R

| NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT. |
|---|

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------  )
                                                              )    Case No. 12-12020 (MG)
In re:                                                        )
                                                              )    Chapter 11
RESIDENTIAL CAPITAL, LLC, et al.,                             )
                                                              )
                              Debtors.                        )    Jointly Administered
                                                              )
------------------------------------------------------------  )

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR
REJECTING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

| **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.** |
|---|

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY KCC BY
OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE
WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH
THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO
PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE
VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE
IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT
TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST
RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY
RECEIVED** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is **Exhibit 1** to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of in each voting class that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012, (b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due

---

[1]     "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

        Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

**VOTING INSTRUCTIONS**

1.    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.    **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so

that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)    <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually** **received** by KCC on or before the Voting Deadline.

    (ii)    <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

    (i)    Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

    (ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)    any unsigned Beneficial Owner Ballot or Master Ballot; and/or

    (vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.    If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8.    If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

10.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.


**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>(877) 833-4150</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**


ITEM 1.     **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.     Claim Amount on account of dollar-denominated Senior Unsecured Notes:

$_____

ITEM 2.     **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐     **to ACCEPT the Plan.**          ☐     **to REJECT the Plan.**


<u>THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES</u>:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

**ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.    **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

</div>

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | ISIN or CUSIP of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

CODE B                                              - 7 -                                   CUSIP 76113B AR 0

ITEM 4.        **Certification.**  By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims)  certifies that it:

a.   is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

b.   has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

c.   has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):        _____

Nominee:        _____

Social Security or Federal Tax I.D. No. (Optional):        _____

Signature:        _____

Name of Signatory:        _____

If Authorized Agent of Claimant, Title of Agent:        _____

Street Address:        _____

City, State, and Zip Code:        _____

Telephone Number:        _____

Email Address (if any):        _____

Date Completed:        _____


The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

# <u>Exhibit S</u>

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------- | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

---

CODE C                                       - 1 -                           CUSIP 76114E AC 6

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KCC BY
OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE
WITH THE FOLLOWING:**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH
THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO
PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE
VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE
IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT
TO KCC.

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST
RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY
RECEIVED** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**")
signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as
the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**")
with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of
Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements
thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and
tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-
possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the
Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is Exhibit 1 to the Disclosure Statement, which is part of
the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement
does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the
holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of in each voting class that were
voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section
1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may
confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate
against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the
Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims
(Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes
issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012,
(b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes
Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities
whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as
reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through
Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

   Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2. To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3. **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so

that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)    <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

    (ii)    <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

    (i)    Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

    (ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)    any unsigned Beneficial Owner Ballot or Master Ballot; and/or

    (vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.    If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8.    If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

10.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>(877) 833-4150</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.     **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.     Claim Amount on account of dollar-denominated Senior Unsecured Notes:

$_____

ITEM 2.     **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐     **to ACCEPT the Plan.**          ☐     **to REJECT the Plan.**

<u>THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES</u>:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ITEM 3.    **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">
ONLY COMPLETE THIS SECTION IF YOU<br>
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS<br>
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL<br>
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.
</div>

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | ISIN or CUSIP of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

CODE C CUSIP 76114E AC 6

ITEM 4.        **Certification.**  By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims)  certifies that it:

a.   is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

b.   has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

c.   has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):      _____

Nominee:                                   _____

Social Security or Federal Tax I.D. No.    _____
(Optional):

Signature:                                 _____

Name of Signatory:                         _____

If Authorized Agent of Claimant, Title of  _____
Agent:

Street Address:                            _____

City, State, and Zip Code:                 _____

Telephone Number:                          _____

Email Address (if any):                    _____

Date Completed:                            _____


The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

# <u>Exhibit T</u>

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------- | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR
REJECTING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
> FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
> COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY KCC BY
<u>OCTOBER 21, 2013 AT 7:00 P.M.</u> (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE
WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH
THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO
PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE
VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE
IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT
TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST
RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS <u>**ACTUALLY
RECEIVED**</u> BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of in each voting class that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012, (b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.    **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so

that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

(i)  <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually** **received** by KCC on or before the Voting Deadline.

(ii)  <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.  If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

(i)  Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

(ii)  Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

(iii)  any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(iv)  any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)  any unsigned Beneficial Owner Ballot or Master Ballot; and/or

(vi)  any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.  Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.  The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.  If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8.  If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.  This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

10.  If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.  Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.


PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT +1 917 281-4800.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**


ITEM 1.  **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.  Claim Amount on account of euro-denominated Senior Unsecured Notes:

€_____

ITEM 2.  **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐  **to ACCEPT the Plan.**          ☐  **to REJECT the Plan.**


THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; **PROVIDED**, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ITEM 3.     **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | ISIN of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CODE D                                          - 7 -                              ISIN XS0254758872

ITEM 4.    **Certification.**  By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims)  certifies that it:

a.  is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

b.  has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

c.  has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Nominee:    _____

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

CODE D       ISIN XS0254758872

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT +1 917-281-4800.**

# <u>Exhibit U</u>

---

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

--------------------------------------------------------------

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR
REJECTING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

---

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY</u> <u>RECEIVED</u> BY KCC BY
<u>OCTOBER 21, 2013 AT 7:00 P.M.</u> (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE
WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH
THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO
PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE
VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE
IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT
TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST
RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY**
**RECEIVED** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**")
signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as
the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**")
with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of
Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements
thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and
tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-
possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the
Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is **Exhibit 1** to the Disclosure Statement, which is part of
the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement
does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the
holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of in each voting class that were
voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section
1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may
confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate
against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the
Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims
(Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes
issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012,
(b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes
Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities
whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as
reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through
Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.**  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.    **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so

that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

(i) <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually** **received** by KCC on or before the Voting Deadline.

(ii) <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4. If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

(i) Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

(ii) Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

(iii) any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(iv) any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v) any unsigned Beneficial Owner Ballot or Master Ballot; and/or

(vi) any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5. Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6. The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7. If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8. If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

10.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.    <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT +1 917-281-4800.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.    Claim Amount on account of sterling-denominated Senior Unsecured Notes:

£ _____

ITEM 2.    **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐    **to ACCEPT the Plan.**                    ☐    **to REJECT the Plan.**

<u>THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES</u>:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

CODE E                                      - 5 -                          ISIN XS0254759920

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ITEM 3.    **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | ISIN of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

ITEM 4.        **Certification.**   By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims)  certifies that it:

a.   is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

b.   has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

c.   has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):        _____

Nominee:        _____


Signature:        _____

Name of Signatory:        _____

If Authorized Agent of Claimant, Title of Agent:        _____

Street Address:        _____

City, State, and Zip Code:        _____

Telephone Number:        _____

Email Address (if any):        _____

Date Completed:        _____


The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT +1 917-281-4800.**

CODE E
ISIN XS0254759920

# **Exhibit V**

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------ | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR
REJECTING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
> FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
> COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE
COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY KCC BY
OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE
WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH
THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO
PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE
VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE
IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT
TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST
RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **<u>ACTUALLY
RECEIVED</u>** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**")
signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as
the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**")
with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of
Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements
thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and
tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-
possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the
Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is **Exhibit 1** to the Disclosure Statement, which is part of
the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement
does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the
holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of in each voting class that were
voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section
1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may
confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate
against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the
Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 ResCap Unsecured Claims
(Senior Unsecured Notes Claims).  The Senior Unsecured Notes Claims consist of the following Senior Unsecured Notes
issued under the Senior Unsecured Notes Indenture, dated as of June 24, 2005: (a) $1,250,000,000 6.5% Notes due 2012,
(b) $1,750,000,000 6.5% Notes due 2013, (c) $750,000,000 6.875% Notes due 2015, (e) €750,000,000 5.125% Notes due

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-4 Senior Unsecured Notes
Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities
whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as
reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through
Wilmington Trust as Senior Unsecured Notes Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital LLC.

2012, (f) £400,000,000 6.375% Notes due 2013, and (g) £400,000,000 7.875% Notes due 2014.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

**VOTING INSTRUCTIONS**

1.     All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.     To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that was included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.     **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so

that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

(i) <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

(ii) <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.      If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

(i) Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

(ii) Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

(iii) any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

(iv) any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v) any unsigned Beneficial Owner Ballot or Master Ballot; and/or

(vi) any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.      Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.      The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.      If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) with respect to the same Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

8.      If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

10.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.    <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.


**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>+1 917-281-4800</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS).  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**


ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), it held a Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claim) in the below amount:

a.    Claim Amount on account of sterling-denominated Senior Unsecured Notes:

£ _____

ITEM 2.    **Vote.**  The holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claim) that relates to this Ballot votes:

☐    **to ACCEPT the Plan.**              ☐    **to REJECT the Plan.**


<u>THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES</u>:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR

ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ITEM 3.    **Certifications as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) held in other accounts or other record names, or (2) it has provided the information specified in the following table for all other Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-4 RESCAP UNSECURED CLAIMS
(SENIOR UNSECURED NOTES CLAIMS) ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | ISIN of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes) Claims Voted |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

CODE F       ISIN XS0307841469

ITEM 4.       **Certification.**  By signing this Ballot, the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims)  certifies that it:

      a.   is the holder of the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) to which this Ballot pertains;

      b.   has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

      c.   has not submitted any other Ballots relating to the Class R-4 ResCap Unsecured Claim (Senior Unsecured Notes Claims) that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):      _____

Nominee:      _____

Signature:      _____

Name of Signatory:      _____

If Authorized Agent of Claimant, Title of Agent:      _____

Street Address:      _____

City, State, and Zip Code:      _____

Telephone Number:      _____

Email Address (if any):      _____

Date Completed:      _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT +1 917-281-4800.**

# <u>Exhibit W</u>

| Name | NoticeName | Address1 | Address2 | City | State | Zip |
|------|-----------|----------|----------|------|-------|-----|
| Ameriprise | Mike Kohler | 2178 Ameriprise Financial Ctr | | Minneapolis | MN | 55474 |
| Banc of Americas Securities LLC | Reorg | 222 Broadway | 27th Fl | New York | NY | 10038 |
| Barclays Bank Inc LE | Giovanna Laurella | 70 Hudson St | 7th Fl | Jersey City | NJ | 07302-0000 |
| Barclays Capital Inc | Teresa Woo | 70 Hudson St | 7th Fl | Jersey City | NJ | 07302-0000 |
| Barclays Capital Inc / Barclays Capital | Nellie Foo | 200 Cedar Knolls Rd | | Whippany | NJ | 07981-0000 |
| BNP Paribas NY Branch | Dean Galli | 525 Washington Blvd | 9th Fl | Jersey City | NJ | 07310 |
| BNY Mellon | Enis Suljic | 525 William Penn Pl | Rm 300 | Pittsburgh | PA | 15259 |
| Broadridge | Receiving Dept | 51 Mercedes Way | Job No Y09404 Y09405 | Edgewood | NY | 11717 |
| Brown Brothers Harriman & Co | Corporate Actions | 525 Washington Blvd | New Port Towers | Jersey City | NJ | 07302-0000 |
| Charles Schwab & Co Inc | Nancy Brim | 2423 E Lincoln Dr | PHX PEAK 02 K130 | Phoenix | AZ | 85016 |
| Citibank NA | Sandra Hernandez | 3800 Citibank Center B3 12 | | Tampa | FL | 33610 |
| Citigroup Global Markets Inc Salomon | Brian Cotton | 111 Wall St | 6th Fl | New York | NY | 10005 |
| Credit Suisse Securities USA LLC | Adam Miranda | 1 Madison Ave | 2nd Fl | New York | NY | 10010 |
| Custodial Trust Co | Adriana Laramore | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| David Lerner Associates Inc | Larry Kampf | 477 Jerico Turnpike | | Syosset | NY | 11791-9006 |
| Deutsche Bank Securities Inc | Ira Kovins | Harborside Financial Ctr | 100 Plaza One 2nd Fl - Corp Actions | Jersey City | NJ | 07311-0000 |
| Edward D Jones & Co | Nick Hummell | 12555 Manchester Rd | CADD Dept | St Louis | MO | 63131 |
| ETrade Clearing LLC | Matt Freifeld | 1981 Marcus  Ave | Ste 100 | Lake Success | NY | 11042 |
| First Clearing LLC | Finessa Rosson | One North Jefferson | | St Louis | MO | 63103 |
| Goldman Sachs & Co | Gloria Lio | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Bank USA | Christine Hartwig | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Execution & Clearing | Andrew Warren | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Interactive Broker Retail Equity Clearing | Ken Hayden | 2 Pickwick Plz | 2nd Fl | Greenwich | CT | 06830-0000 |
| J P Morgan Clearing Corp | Proxy Dept Manager | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| Janney Montgomery Scott LLC | Michael Tse | 1717 Arch St | Dividend Reorg Dept 16th Fl | Philadelphia | PA | 19103 |
| JJB Hilliard WL Lyons Inc | Richard Gelles | 500 W Jackson St | Ste 700 | Louisville | KY | 40202 |
| JP Morgan Securities Inc Fixed | Jack Dickson | 14201 N Dallas Tollway | 12 th Fl | Dalls | TX | 75254 |
| JPMorgan Chase Bank NA | Reorg Dept | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| LPL Financial Corporation | Martha Strahan | 4828 Parkway Plaza Blvd | Attn Corporate Actions | Charlotte | NC | 28217 |
| Manufacturers and Traders Trust Co | Stephen Schmidt | 1 M & T Plz | 8th Fl | Buffalo | NY | 14203 |
| Mediant Communications | Stephanie Fitzhenry | 109 N 5th St | | Saddle Brook | NJ | 07663 |
| Merrill Lynch Pierce Fenner & Smith | Corp Actions Notifications Jax | 4804 Deer Lake Dr E | 4th Fl Bldg 3 | Jacksonville | FL | 32246 |
| Morgan Stanley & Co Inc | Michelle Ford | 1300 Thames St | 7th Floor | Baltimore | MD | 21231 |
| Morgan Stanley Smith Barney | Suzanne Mundle | Harborside Financial Ctr | 230 Plaza Three 6th Fl | Jersey City | NJ | 07311 |
| National Financial Services | Lou Trezza | 200 Liberty St | | New York | NY | 10281 |
| Northern Trust Co | Stella Castaneda | 801 S Canal St | Attn Capital Structures  C1N | Chicago | IL | 60607 |
| Oppenheimer & Co Inc | Oscar Mazario | 125 Broad St | 15th Fl | New York | NY | 10004 |
| Optionsxpress Inc | Richard Trinh | 311 W Monroe St | Ste 1000 | Chicago | IL | 60606 |
| Pershing LLC Securities Corporation | Al Hernandez | 1 Pershing Plz | | Jersey City | NJ | 07399-0000 |
| Raymond James & Associates Inc | Mike Dillard | 880 Carillion Pkwy | PO Box 12749 | St Petersburg | FL | 33716 |
| RBC Capital Markets Corporation | Steve Schafer Jr | 60 S 6th St | P09 | Minneapolis | MN | 55402-4400 |
| Ridge Clearing & Outsourcing Solutions | Matt Freifeld | 1981 Marcus Ave | Ste 100 | Lake Success | NY | 11042 |
| Scottrade Inc | Terri Losche | 12855 Flushing Meadows Dr | | St Louis | MO | 63131 |
| State Street Bank and Trust Co | Sandra Polizio | Corp Actions JAB5E | 1776 Heritage Dr | North Quincy | MA | 02171-0000 |

In re Residential Capital, LLC
Case No. 12-12020 (MG)

8/29/2013

| Name | NoticeName | Address1 | Address2 | City | State | Zip |
|------|-----------|----------|----------|------|-------|-----|
| Stifel Nicolaus & Co Inc | Chris Wiegand | 501 N Broadway | 7th Fl | St Louis | MO | 63102 |
| TD Ameritrade Clearing Inc | Mandi Foster | 1005 Ameritrade Pl | | Bellevue | NE | 68005 |
| The Bank of New York Mellon | Beth Stiffler | 525 William Penn Pl | Rm 300 | Pittsburgh | PA | 15259 |
| The Bank of New York Mellon/DBAG Lon | Donna Steinman | One Wall St | | New York | NY | 10286 |
| The Depository Trust Co | Swabera Mohamed | 570 Washington Blvd | | Jersey City | NJ | 07310 |
| Timber Hill LLC | Maria Tardio | 1 Pickwick Plz | | Greenwich | CT | 06830-0000 |
| UBS Financial Services LLC | Jane Flood | 1200 Harbor Blvd | | Weehawken | NJ | 07086-0000 |
| UBS Securities LLC | Michael Marciano | 480 Washington Blvd | | Jersey City | NJ | 07310-0000 |
| US Bank NA | Tim Randall | MK WI S302 | 1555 N Rivercenter Dr | Milwaukee | WI | 53212 |
| Vanguard Marketing Corporation | Kevin Scully | 100 Vanguard Blvd | | Malvern | PA | 19355 |
| Wells Fargo Bank National Association | Kevin St Louis | 733 Marquette Ave | MAC N9306 057 5th Fl | Minneapolis | MN | 55402 |

# Exhibit X

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
)
In re:                                                    )       Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,        )       Chapter 11
)
Debtors.                     )       Jointly Administered
)
---------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING
THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL
CAPITAL, LLC, ET AL. AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return

---
[1]      A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.      **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

       (i)      the pre-validated Beneficial Owner Ballot;

       (ii)     a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

       (iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually** **received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.      **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

       (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually** **received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

       (ii)     upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

              a.     compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

              b.     execute the Master Ballot;

              c.     transmit such Master Ballot to KCC by the Voting Deadline; and

              d.     retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.      If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will NOT be counted:

    (i)       Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

    (ii)      Master Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)     any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

    (iv)     any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)      any unsigned Master Ballot;

    (vi)     any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

    (vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.     If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.     This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.     **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑    is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims);

❑    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.        **Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY

UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT

REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; **PROVIDED**, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

ITEM 3.        **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.  it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.  it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4.  it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.  it has properly disclosed:

    (i)        the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)        the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)  by each Beneficial Owner who completed a Beneficial Owner Ballot;

    (iii)        each such Beneficial Owner's respective vote concerning the Plan;

    (iv)        each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

    (v)        the customer account or other identification number for each such Beneficial Owner;

6.  each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.  it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| ☐     Name of Proxy Holder or Nominee: | |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Nominee) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with a Master Ballot. Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

### PLEASE COMPLETE, SIGN, AND DATE THIS
### MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
### OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:

### ResCap Balloting Center, c/o KCC,
### 599 Lexington Avenue, 39th Floor
### New York, NY 10022

---

**IF KCC DOES NOT _ACTUALLY_ _RECEIVE_ THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

---

# **<u>Exhibit Y</u>**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return

---

[1] A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1. All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2. You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3. If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.      **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

> (i)      the pre-validated Beneficial Owner Ballot;
>
> (ii)      a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and
>
> (iii)      clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually  received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.      **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

> (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually  received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and
>
> (ii)      upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:
>
>> a.      compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;
>>
>> b.      execute the Master Ballot;
>>
>> c.      transmit such Master Ballot to KCC by the Voting Deadline; and
>>
>> d.      retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.      If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will NOT be counted:

(i)        Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)        Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)        any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)        any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)        any unsigned Master Ballot;

(vi)        any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)        any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.        Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.        The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.        If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.        The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.        This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.        **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.        No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**


**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.      **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑   is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims);

❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑   has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.      **Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY

UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT

**REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.        **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

CODE MB-B                                    - 8 -                                    CUSIP 76113B AR 0

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.  it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.  it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4.  it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.  it has properly disclosed:

    (i)        the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)       the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) by each Beneficial Owner who completed a Beneficial Owner Ballot;

    (iii)      each such Beneficial Owner's respective vote concerning the Plan;

    (iv)      each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

    (v)       the customer account or other identification number for each such Beneficial Owner;

6.  each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.  it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____

                                                     (Print or Type)

Participant Number: _____

□        Name   of   Proxy   Holder   or
             Nominee: _____

                                                     (Print or Type)

Social   Security   or   Federal   Tax   Identification
Number: _____

Signature: _____

Name of Signatory: _____

                            (If other than Nominee)

Title: _____

Address: _____

             _____

             _____

Date Completed: _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

<u>PLEASE COMPLETE, SIGN, AND DATE THIS</u>
<u>MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,</u>
<u>OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:</u>

**ResCap Balloting Center, c/o KCC,**
**599 Lexington Avenue, 39th Floor**
**New York, NY 10022**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

# Exhibit Z

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------
                                                )
In re:                                          )        Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )        Chapter 11
                                                )
                        Debtors.                )        Jointly Administered
                                                )
-----------------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return

---

[1]       A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC.  With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.      **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

        (i)      the pre-validated Beneficial Owner Ballot;

        (ii)      a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

        (iii)      clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.      **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

        (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

        (ii)      upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

                a.      compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

                b.      execute the Master Ballot;

                c.      transmit such Master Ballot to KCC by the Voting Deadline; and

                d.      retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.      If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will NOT be counted:

(i)      Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)      Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)      any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)      any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)      any unsigned Master Ballot;

(vi)      any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)      any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.      If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.      The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.      This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.      **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.      No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑    is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims);

❑    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.    **Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

    <u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

    <u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

---

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY

UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT

**REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.        **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM  ITEM 3 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1. it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2. it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3. it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4. it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5. it has properly disclosed:

    (i)      the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)     the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)  by each Beneficial Owner who completed a Beneficial Owner Ballot;

    (iii)    each such Beneficial Owner's respective vote concerning the Plan;

    (iv)     each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

    (v)      the customer account or other identification number for each such Beneficial Owner;

6. each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7. it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____

(Print or Type)

Participant Number: _____

☐        Name    of    Proxy    Holder    or
              Nominee: _____

(Print or Type)

Social   Security   or   Federal   Tax   Identification
Number: _____

Signature: _____

Name of Signatory: _____

(If other than Nominee)

Title: _____

Address: _____

_____

_____

Date Completed: _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

<u>PLEASE COMPLETE, SIGN, AND DATE THIS
MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:</u>

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS **MASTER BALLOT BY** THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.

# **<u>Exhibit AA</u>**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING
THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL
CAPITAL, LLC, ET AL. AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return

---

[1]     A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.      **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

          (i)      the pre-validated Beneficial Owner Ballot;

          (ii)      a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

          (iii)      clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.      **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

          (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

          (ii)      upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

                    a.      compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

                    b.      execute the Master Ballot;

                    c.      transmit such Master Ballot to KCC by the Voting Deadline; and

                    d.      retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.      If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will NOT be counted:

(i)     Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)    Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)   any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)   any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

(vi)   any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)  any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.     Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.     The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.    <u>**Please be sure to properly execute your Master Ballot**</u>.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.    No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT +1 917 281-4800. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.        **Claim Amount for Voting Purposes.** The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑    is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured (Senior Unsecured Notes Claims);

❑    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.        **Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

        <u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

        <u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | € | € |
| 2. | € | € |
| 3. | € | € |
| 4. | € | € |
| 5. | € | € |
| 6. | € | € |
| 7. | € | € |
| 8. | € | € |
| 9. | € | € |
| 10. | € | € |
| **TOTALS:** | € | € |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY

UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

    THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

    EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT

REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; **PROVIDED**, **THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.      **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS: | | | |
| --- | --- | --- | --- | --- |
| | Account Number | Name of Holder | ISIN or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

CODE MB-D                                    - 8 -                              ISIN XS0254758872

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.  it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.  it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4.  it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.  it has properly disclosed:

    (i)      the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)     the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)  by each Beneficial Owner who completed a Beneficial Owner Ballot;

    (iii)    each such Beneficial Owner's respective vote concerning the Plan;

    (iv)     each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

    (v)      the customer account or other identification number for each such Beneficial Owner;

6.  each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.  it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____

(Print or Type)

Participant Number: _____

❑        Name   of   Proxy   Holder   or
                Nominee: _____

(Print or Type)

_____

Signature: _____

Name of Signatory: _____

(If other than Nominee)

Title: _____

Address: _____

_____

_____

Date Completed: _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS**
**MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,**
**OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,**
**599 Lexington Avenue, 39th Floor**
**New York, NY 10022**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

# **Exhibit BB**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY
REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS
BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------- ) | |
| In re:                                          ) | Case No. 12-12020 (MG) |
|                                                 ) | |
| RESIDENTIAL CAPITAL, LLC, et al.,               ) | Chapter 11 |
|                                                 ) | |
| Debtors.                     ) | Jointly Administered |
| ------------------------------------------------- ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

CODE MB-E                                                                                          ISIN XS0254759920

envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.      **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

> (i)      the pre-validated Beneficial Owner Ballot;

> (ii)      a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

> (iii)      clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.      **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

> (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

> (ii)      upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

>> a.      compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

>> b.      execute the Master Ballot;

>> c.      transmit such Master Ballot to KCC by the Voting Deadline; and

>> d.      retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.      If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will NOT be counted:

(i)      Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)      Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)      any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)      any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)      any unsigned Master Ballot;

(vi)      any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)      any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.      If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.      The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.      This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.      **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.      No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT +1 917-281-4800. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑    is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims);

❑    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.    **Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | £ | £ |
| 2. | £ | £ |
| 3. | £ | £ |
| 4. | £ | £ |
| 5. | £ | £ |
| 6. | £ | £ |
| 7. | £ | £ |
| 8. | £ | £ |
| 9. | £ | £ |
| 10. | £ | £ |
| **TOTALS:** | £ | £ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY

UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT

**REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.　　**Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

　　The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | ISIN or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.  it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.  it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4.  it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.  it has properly disclosed:

    (i)        the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)       the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)  by each Beneficial Owner who completed a Beneficial Owner Ballot;

    (iii)      each such Beneficial Owner's respective vote concerning the Plan;

    (iv)      each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

    (v)       the customer account or other identification number for each such Beneficial Owner;

6.  each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.  it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____

                                (Print or Type)

Participant Number: _____

❑      Name of Proxy Holder or Nominee: _____

                                (Print or Type)

Signature: _____

Name of Signatory: _____

                          (If other than Nominee)

Title: _____

Address: _____

        _____

        _____

Date Completed: _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with a Master Ballot. Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS
MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

# **<u>Exhibit CC</u>**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY
REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS
BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

--------------------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — RESCAP UNSECURED CLAIMS (SENIOR UNSECURED NOTES CLAIMS)**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and you wish to vote the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims), and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.      **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted the amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

      (i)      the pre-validated Beneficial Owner Ballot;

      (ii)     a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

      (iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before **7:00 pm (Eastern Time) on October 21, 2013** (the "**Voting Deadline**").

6.      **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

      (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

      (ii)     upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

            a.      compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

            b.      execute the Master Ballot;

            c.      transmit such Master Ballot to KCC by the Voting Deadline; and

            d.      retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.      If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will NOT be counted:

(i)      Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)     Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)     any unsigned Master Ballot;

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)   any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.    If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.    The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.    This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.    **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.    No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT +1 917-281-4800. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

<div style="border:1px solid black;">

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

</div>

ITEM 1.　　**Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑　is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and is the registered holder of the Class R-4 ResCap Unsecured (Senior Unsecured Notes Claims) represented by any such Class R-4 ResCap Unsecured (Senior Unsecured Notes Claims);

❑　is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

❑　has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) described in Item 2 below.

ITEM 2.　　**Vote With Respect to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).**

　　　　<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims).  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

　　　　<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims)** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | £ | £ |
| 2. | £ | £ |
| 3. | £ | £ |
| 4. | £ | £ |
| 5. | £ | £ |
| 6. | £ | £ |
| 7. | £ | £ |
| 8. | £ | £ |
| 9. | £ | £ |
| 10. | £ | £ |
| **TOTALS:** | £ | £ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY**

UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT

**REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.        **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted Through Other Beneficial Owner Ballots.**

        The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM ITEM 3 OF THE BALLOTS: | | | |
| --- | --- | --- | --- | --- |
| | Account Number | Name of Holder | ISIN or Description of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted | Principal Amount of Other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

CODE MB-F                                    - 8 -                         ISIN XS0307841469

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.  it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.  it is the registered holder of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) being voted, or an agent therefor;

4.  it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.  it has properly disclosed:

    (i)        the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)       the respective amounts of the Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) by each Beneficial Owner who completed a Beneficial Owner Ballot;

    (iii)      each such Beneficial Owner's respective vote concerning the Plan;

    (iv)       each such Beneficial Owner's certification as to other Class R-4 ResCap Unsecured Claims (Senior Unsecured Notes Claims) voted; and

    (v)        the customer account or other identification number for each such Beneficial Owner;

6.  each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.  it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | _____ |
| | (Print or Type) |
| Participant Number: | _____ |
| ❑    Name of Proxy Holder or Nominee: | _____ |
| | (Print or Type) |
| | _____ |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than Nominee) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Date Completed: | _____ |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the Beneficial Owners of the Senior Unsecured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

### PLEASE COMPLETE, SIGN, AND DATE THIS
### MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
### OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

# Exhibit DD

| Issuer | Description | CUSIP | ISIN |
|---|---|---|---|
| Residential Capital | 9.625% Third Lien Notes due on 5/15/2015 | 76114EAH5 | US76114EAH53 |

# **Exhibit EE**

| Name | NoticeName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Banc of Americas Securities LLC | Reorg | 222 Broadway | 27th Fl | New York | NY | 10038 |
| Barclays Bank Inc LE | Giovanna Laurella | 70 Hudson St | 7th Fl | Jersey City | NJ | 07302-0000 |
| Barclays Capital Inc / Barclays Capital | Nellie Foo | 200 Cedar Knolls Rd | | Whippany | NJ | 07981-0000 |
| BNP Paribas NY Branch | Dean Galli | 525 Washington Blvd | 9th Fl | Jersey City | NJ | 07310 |
| BNY Mellon | Enis Suljic | 525 William Penn Pl | Rm 300 | Pittsburgh | PA | 15259 |
| Brown Brothers Harriman & Co | Corporate Actions | 525 Washington Blvd | New Port Towers | Jersey City | NJ | 07302-0000 |
| Charles Schwab & Co Inc | Nancy Brim | 2423 E Lincoln Dr | PHX PEAK 02 K130 | Phoenix | AZ | 85016 |
| Citibank NA | Sandra Hernandez | 3800 Citibank Center B3 12 | | Tampa | FL | 33610 |
| Citigroup Global Markets Inc Salomon | Brian Cotton | 111 Wall St | 6th Fl | New York | NY | 10005 |
| Credit Suisse Securities USA LLC | Adam Miranda | 1 Madison Ave | 2nd Fl | New York | NY | 10010 |
| Custodial Trust Co | Adriana Laramore | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| Deutsche Bank Securities Inc | Ira Kovins | Harborside Financial Ctr | 100 Plaza One 2nd Fl - Corp Actions | Jersey City | NJ | 07311-0000 |
| ETrade Clearing LLC | Matt Freifeld | 1981 Marcus  Ave | Ste 100 | Lake Success | NY | 11042 |
| Goldman Sachs & Co | Gloria Lio | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Bank USA | Christine Hartwig | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Execution & Clearing | Andrew Warren | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| J P Morgan Clearing Corp | Proxy Dept Manager | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| JP Morgan Securities Inc Fixed | Jack Dickson | 14201 N Dallas Tollway | 12 th Fl | Dalls | TX | 75254 |
| JPMorgan Chase Bank NA | Reorg Dept | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| Manufacturers and Traders Trust Co | Stephen Schmidt | 1 M & T Plz | 8th Fl | Buffalo | NY | 14203 |
| Morgan Stanley & Co Inc | Michelle Ford | 1300 Thames St | 7th Floor | Baltimore | MD | 21231 |
| Morgan Stanley Smith Barney | Suzanne Mundle | Harborside Financial Ctr | 230 Plaza Three 6th Fl | Jersey City | NJ | 07311 |
| National Financial Services | Lou Trezza | 200 Liberty St | | New York | NY | 10281 |
| Northern Trust Co | Stella Castaneda | 801 S Canal St | Attn Capital Structures  C1N | Chicago | IL | 60607 |
| RBC Capital Markets Corporation | Steve Schafer Jr | 60 S 6th St | P09 | Minneapolis | MN | 55402-4400 |
| State Street Bank and Trust Co | Sandra Polizio | Corp Actions JAB5E | 1776 Heritage Dr | North Quincy | MA | 02171-0000 |
| The Bank of New York Mellon/DBAG Lon | Donna Steinman | One Wall St | | New York | NY | 10286 |
| UBS Securities LLC | Michael Marciano | 480 Washington Blvd | | Jersey City | NJ | 07310-0000 |
| US Bank NA | Tim Randall | MK WI S302 | 1555 N Rivercenter Dr | Milwaukee | WI | 53212 |
| Wells Fargo Bank National Association | Kevin St Louis | 733 Marquette Ave | MAC N9306 057 5th Fl | Minneapolis | MN | 55402 |

# **<u>Exhibit FF</u>**

THIS BOOKLET CONTAINS BENEFICIAL OWNER BALLOTS FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND THE OFFICIAL COMMITTEE OF UNSECURED CLREDITORS.  THE JUNIOR SECURED NOTE CLAIMS ARE BEING PROVIDED WITH A BOOKLET OF BALLOTS FOR VOTING AGAINST EACH DEBTOR ENTITY THAT, COLLECTIVELY, ARE BEING CONSOLIDATED FOR PURPOSES OF DISTRIBUTION UNDER THE PLAN INTO CLASSES GS-3, R-3 AND RS-3.

<u>PLEASE COMPLETE THE THREE BALLOTS</u> AND RETURN THIS BOOKLET IN ITS ENTIRETY IN ACCORDANCE WITH THE INSTRUCTIONS RECEIVED FROM YOUR NOMINEE OR THEIR AGENT TO ENSURE THAT YOUR VOTES ARE COUNTED.

> NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------- | ) | |

**BENEFICIAL OWNER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS GS-3 — JUNIOR SECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Code G                                                                 CUSIP 76114E AH 5

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KCC BY OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Class GS-3 Junior Secured Notes Claims that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class GS-3 Junior Secured Notes Claims. If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class GS-3 Junior Secured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A. as Junior Secured Notes Indenture Trustee.

materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

**VOTING INSTRUCTIONS**

1.    The Plan Proponents are soliciting votes on the Plan attached as Exhibit 1 to the Disclosure Statement. To this end, holders of Junior Secured Notes Claims may choose to accept or reject all 51 chapter 11 plans (a separate Plan for each of the Debtors), as indicated in Item 2 of the Beneficial Owner Ballot. Additionally, holders of Junior Secured Notes Claims may choose to accept some of the 51 chapter 11 plans, as indicated in Item 2 of the Beneficial Owner Ballot. A Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote. Any Beneficial Owner Ballot executed by a Beneficial Owner that does not indicate a clear acceptance or rejection of each of the 51 chapter 11 plans or that indicates both an acceptance and a rejection of each of the 51 chapter 11 plans will not be counted.

2.    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

3.    To ensure that your vote is counted, you must: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that were included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; and (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

- 3 -

4.  **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)  Pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before the Voting Deadline.

    (ii)  Not pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot directly to your Nominee in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

5.  If a Master Ballot or pre-validated Beneficial Owner Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will NOT be counted:

    (i)  Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

    (ii)  Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)  any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)  any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)  any unsigned Beneficial Owner Ballot or Master Ballot; and/or

    (vi)  any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

6.  Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

7.  The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

8.  If multiple Beneficial Owner Ballots are received from the same holder of a Class GS-3 Junior Secured Notes Claim with respect to the same Class GS-3 Junior Secured Notes Claim prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

9.  If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

- 4 -

10.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

13.    Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.


PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.


**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877) 833-4150.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**


**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS GS-3 JUNIOR SECURED NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

Code G                                                                                                    CUSIP 76114E AH 5

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class GS-3 Junior Secured Notes Claim in the below amount:

$_____

ITEM 2.        **Vote.**  The holder of the Class GS-3 Junior Secured Notes Claim that relates to this Ballot votes:

The holder of the Note Claims set forth in Item 1 votes to (please check **only** one box):

☐        **ACCEPT** ALL 51 PLANS

☐        **REJECT** ALL 51 PLANS

☐        ACCEPT **SOME** OF THE 51 PLANS AND REJECT **SOME** OF THE 51 PLANS, AS FOLLOWS:

|  | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|
| 1.    ditech, LLC | ☐ | ☐ |
| 2.    DOA Holding Properties, LLC | ☐ | ☐ |
| 3.    DOA Properties IX (Lots-Other), LLC | ☐ | ☐ |
| 4.    EPRE LLC | ☐ | ☐ |
| 5.    Equity Investment I, LLC | ☐ | ☐ |
| 6.    ETS of Virginia, Inc. | ☐ | ☐ |
| 7.    ETS of Washington, Inc. | ☐ | ☐ |
| 8.    Executive Trustee Services, LLC | ☐ | ☐ |
| 9.    GMAC-RFC Holding Company, LLC | ☐ | ☐ |
| 10.    GMAC Model Home Finance I, LLC | ☐ | ☐ |
| 11.    GMAC Mortgage USA Corporation | ☐ | ☐ |
| 12.    GMAC Mortgage, LLC | ☐ | ☐ |

- 6 -

| | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 13. | GMAC Residential Holding Company, LLC | ☐ | ☐ |
| 14. | GMACRH Settlement Services, LLC | ☐ | ☐ |
| 15. | GMACM Borrower LLC | ☐ | ☐ |
| 16. | GMACM REO LLC | ☐ | ☐ |
| 17. | GMACR Mortgage Products, LLC | ☐ | ☐ |
| 18. | HFN REO SUBII, LLC | ☐ | ☐ |
| 19. | Home Connects Lending Services, LLC | ☐ | ☐ |
| 20. | Homecomings Financial Real Estate Holdings, LLC | ☐ | ☐ |
| 21. | Homecomings Financial, LLC | ☐ | ☐ |
| 22. | Ladue Associates, Inc. | ☐ | ☐ |
| 23. | Passive Asset Transactions, LLC | ☐ | ☐ |
| 24. | PATI A, LLC | ☐ | ☐ |
| 25. | PATI B, LLC | ☐ | ☐ |
| 26. | PATI Real Estate Holdings, LLC | ☐ | ☐ |
| 27. | RAHI A, LLC | ☐ | ☐ |
| 28. | RAHI B, LLC | ☐ | ☐ |
| 29. | RAHI Real Estate Holdings, LLC | ☐ | ☐ |
| 30. | RCSFJV2004, LLC | ☐ | ☐ |
| 31. | Residential Accredit Loans, Inc. | ☐ | ☐ |

Code G

CUSIP 76114E AH 5

|  |  | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 32. | Residential Asset Mortgage Products, Inc. | ☐ | ☐ |
| 33. | Residential Asset Securities Corporation | ☐ | ☐ |
| 34. | Residential Capital, LLC | ☐ | ☐ |
| 35. | Residential Consumer Services of Alabama, LLC | ☐ | ☐ |
| 36. | Residential Consumer Services of Ohio, LLC | ☐ | ☐ |
| 37. | Residential Consumer Services of Texas, LLC | ☐ | ☐ |
| 38. | Residential Consumer Services, LLC | ☐ | ☐ |
| 39. | Residential Funding Company, LLC | ☐ | ☐ |
| 40. | Residential Funding Mortgage Exchange, LLC | ☐ | ☐ |
| 41. | Residential Funding Mortgage Securities I, Inc. | ☐ | ☐ |
| 42. | Residential Funding Mortgage Securities II, Inc. | ☐ | ☐ |
| 43. | Residential Funding Real Estate Holdings, LLC | ☐ | ☐ |
| 44. | Residential Mortgage Real Estate Holdings, LLC | ☐ | ☐ |
| 45. | RFC – GSAP Servicer Advance, LLC | ☐ | ☐ |
| 46. | RFC Asset Holdings II, LLC | ☐ | ☐ |
| 47. | RFC Asset Management, LLC | ☐ | ☐ |
| 48. | RFC Borrower LLC | ☐ | ☐ |

- 8 -

CUSIP 76114E AH 5

| | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 49. | RFC Construction Funding, LLC | ☐ | ☐ |
| 50. | RFC REO LLC | ☐ | ☐ |
| 51. | RFC SFJV-2002, LLC | ☐ | ☐ |

**THE PLAN CONSISTS OF SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS. THIS BENEFICIAL OWNER BALLOT REPRESENTS YOUR VOTE ON THE SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS.**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

**THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE**

CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

<u>THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:</u>

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE

**ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.        **Certifications as to Class GS-3 Junior Secured Notes Claims.** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class GS-3 Junior Secured Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class GS-3 Junior Secured Notes Claims for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS GS-3 JUNIOR SECURED NOTES CLAIMS ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class GS-3 Junior Secured Notes Claims Voted |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

ITEM 4.        **Certification.** By signing this Ballot, the holder of the Class GS-3 Junior Secured Notes Claims certifies that it:

a.    is the holder of the Class GS-3 Junior Secured Notes Claims to which this Ballot pertains;

b.    has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

c.    has not submitted any other Ballots relating to the Class GS-3 Junior Secured Notes Claims that are inconsistent with the votes as set h forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Code G                                                                                                          CUSIP 76114E AH 5

Name of Claim Holder (Print or Type): _____

Nominee: _____

Social Security or Federal Tax I.D. No. _____
(Optional):

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of _____
Agent:

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address (if any): _____

Date Completed: _____


This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with this Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.


**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

Code G                                                                                          CUSIP 76114E AH 5

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------- | ) | |

**BENEFICIAL OWNER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-3 — JUNIOR SECURED NOTES CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

- 1 -

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KCC BY OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY RECEIVED** BY THE VOTING DEADLINE.

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Class R-3 Junior Secured Notes Claims that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-3 Junior Secured Notes Claims. If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation

---

[1]    "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-3 Junior Secured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A. as Junior Secured Notes Indenture Trustee.

materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND
INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

**VOTING INSTRUCTIONS**

1.    The Plan Proponents are soliciting votes on the Plan attached as Exhibit 1 to the Disclosure Statement. To this end, holders of Junior Secured Notes Claims may choose to accept or reject all 51 chapter 11 plans (a separate Plan for each of the Debtors), as indicated in Item 2 of the Beneficial Owner Ballot. Additionally, holders of Junior Secured Notes Claims may choose to accept some of the 51 chapter 11 plans, as indicated in Item 2 of the Beneficial Owner Ballot. A Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote. Any Beneficial Owner Ballot executed by a Beneficial Owner that does not indicate a clear acceptance or rejection of each of the 51 chapter 11 plans or that indicates both an acceptance and a rejection of each of the 51 chapter 11 plans will not be counted.

2.    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

3.    To ensure that your vote is counted, you must: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that were included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; and (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

- 3 -

4.    **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

      (i)    Pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before the Voting Deadline.

      (ii)   Not pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot directly to your Nominee in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

5.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will NOT be counted:

      (i)    Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

      (ii)   Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

      (iii)  any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

      (iv)  any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

      (v)   any unsigned Beneficial Owner Ballot or Master Ballot; and/or

      (vi)  any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

6.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

7.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

8.    If multiple Beneficial Owner Ballots are received from the same holder of a Class R-3 Junior Secured Notes Claim with respect to the same Class R-3 Junior Secured Notes Claim prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

9.    If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

10.   If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before

                

<u>September 30, 2013 at 4:00 p.m.</u> (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

13.    <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.


PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.


**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>(877) 833-4150</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-3 JUNIOR SECURED NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

Code H                                                                                                            CUSIP 76114E AH 5

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class R-3 Junior Secured Notes Claim in the below amount:

$\boxed{\text{\$_____}}$

ITEM 2.    **Vote.**  The holder of the Class R-3 Junior Secured Notes Claim that relates to this Ballot votes:

The holder of the Note Claims set forth in Item 1 votes to (please check **only** one box):

☐    **ACCEPT** ALL 51 PLANS

☐    **REJECT** ALL 51 PLANS

☐    ACCEPT **SOME** OF THE 51 PLANS AND REJECT **SOME** OF THE 51 PLANS, AS FOLLOWS:

|  | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|
| 1.    ditech, LLC | ☐ | ☐ |
| 2.    DOA Holding Properties, LLC | ☐ | ☐ |
| 3.    DOA Properties IX (Lots-Other), LLC | ☐ | ☐ |
| 4.    EPRE LLC | ☐ | ☐ |
| 5.    Equity Investment I, LLC | ☐ | ☐ |
| 6.    ETS of Virginia, Inc. | ☐ | ☐ |
| 7.    ETS of Washington, Inc. | ☐ | ☐ |
| 8.    Executive Trustee Services, LLC | ☐ | ☐ |
| 9.    GMAC-RFC Holding Company, LLC | ☐ | ☐ |
| 10.    GMAC Model Home Finance I, LLC | ☐ | ☐ |
| 11.    GMAC Mortgage USA Corporation | ☐ | ☐ |
| 12.    GMAC Mortgage, LLC | ☐ | ☐ |

Code H                                              CUSIP 76114E AH 5

|  | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 13. | GMAC Residential Holding Company, LLC | ☐ | ☐ |
| 14. | GMACRH Settlement Services, LLC | ☐ | ☐ |
| 15. | GMACM Borrower LLC | ☐ | ☐ |
| 16. | GMACM REO LLC | ☐ | ☐ |
| 17. | GMACR Mortgage Products, LLC | ☐ | ☐ |
| 18. | HFN REO SUBII, LLC | ☐ | ☐ |
| 19. | Home Connects Lending Services, LLC | ☐ | ☐ |
| 20. | Homecomings Financial Real Estate Holdings, LLC | ☐ | ☐ |
| 21. | Homecomings Financial, LLC | ☐ | ☐ |
| 22. | Ladue Associates, Inc. | ☐ | ☐ |
| 23. | Passive Asset Transactions, LLC | ☐ | ☐ |
| 24. | PATI A, LLC | ☐ | ☐ |
| 25. | PATI B, LLC | ☐ | ☐ |
| 26. | PATI Real Estate Holdings, LLC | ☐ | ☐ |
| 27. | RAHI A, LLC | ☐ | ☐ |
| 28. | RAHI B, LLC | ☐ | ☐ |
| 29. | RAHI Real Estate Holdings, LLC | ☐ | ☐ |
| 30. | RCSFJV2004, LLC | ☐ | ☐ |
| 31. | Residential Accredit Loans, Inc. | ☐ | ☐ |

Code H                                                                 CUSIP 76114E AH 5

| | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 32. | Residential Asset Mortgage Products, Inc. | ☐ | ☐ |
| 33. | Residential Asset Securities Corporation | ☐ | ☐ |
| 34. | Residential Capital, LLC | ☐ | ☐ |
| 35. | Residential Consumer Services of Alabama, LLC | ☐ | ☐ |
| 36. | Residential Consumer Services of Ohio, LLC | ☐ | ☐ |
| 37. | Residential Consumer Services of Texas, LLC | ☐ | ☐ |
| 38. | Residential Consumer Services, LLC | ☐ | ☐ |
| 39. | Residential Funding Company, LLC | ☐ | ☐ |
| 40. | Residential Funding Mortgage Exchange, LLC | ☐ | ☐ |
| 41. | Residential Funding Mortgage Securities I, Inc. | ☐ | ☐ |
| 42. | Residential Funding Mortgage Securities II, Inc. | ☐ | ☐ |
| 43. | Residential Funding Real Estate Holdings, LLC | ☐ | ☐ |
| 44. | Residential Mortgage Real Estate Holdings, LLC | ☐ | ☐ |
| 45. | RFC – GSAP Servicer Advance, LLC | ☐ | ☐ |
| 46. | RFC Asset Holdings II, LLC | ☐ | ☐ |
| 47. | RFC Asset Management, LLC | ☐ | ☐ |
| 48. | RFC Borrower LLC | ☐ | ☐ |

Code H                                                                    CUSIP 76114E AH 5

| | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 49. | RFC Construction Funding, LLC | ☐ | ☐ |
| 50. | RFC REO LLC | ☐ | ☐ |
| 51. | RFC SFJV-2002, LLC | ☐ | ☐ |

**THE PLAN CONSISTS OF SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS.  THIS BENEFICIAL OWNER BALLOT REPRESENTS YOUR VOTE ON THE SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS.**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE

CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

<u>THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:</u>

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE

- 10 -

**ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.  **Certifications as to Class R-3 Junior Secured Notes Claims.** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class R-3 Junior Secured Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class R-3 Junior Secured Notes Claims for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-3 JUNIOR SECURED NOTES CLAIMS ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

</div>

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class R-3 Junior Secured Notes Claims Voted |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

ITEM 4.  **Certification.** By signing this Ballot, the holder of the Class R-3 Junior Secured Notes Claims certifies that it:

  a. is the holder of the Class R-3 Junior Secured Notes Claims to which this Ballot pertains;

  b. has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

  c. has not submitted any other Ballots relating to the Class R-3 Junior Secured Notes Claims that are inconsistent with the votes as set  h forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Code H                              CUSIP 76114E AH 5

Name of Claim Holder (Print or Type): _____

Nominee: _____

Social Security or Federal Tax I.D. No. _____
(Optional):

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of _____
Agent:

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address (if any): _____

Date Completed: _____

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with this Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT ACTUALLY RECEIVE THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
OR THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL NOT BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

Code H                                                                                          CUSIP 76114E AH 5

| NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT. |
|---|

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL OWNER BALLOT FOR ACCEPTING OR
REJECTING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS RS-3 — JUNIOR SECURED NOTES CLAIMS**

| PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT. |
|---|

- 1 -

CUSIP 76114E AH 5

---

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KCC BY OCTOBER 21, 2013 AT 7:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **ACTUALLY** **RECEIVED** BY THE VOTING DEADLINE.

---

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013.  The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**").  The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Class RS-3 Junior Secured Notes Claims that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class RS-3 Junior Secured Notes Claims. If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation

---

[1]  "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class RS-3 Junior Secured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A. as Junior Secured Notes Indenture Trustee.

Code I                                                                                              CUSIP 76114E AH 5

materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

## VOTING INSTRUCTIONS

1.    The Plan Proponents are soliciting votes on the Plan attached as Exhibit 1 to the Disclosure Statement.  To this end, holders of Junior Secured Notes Claims may choose to accept or reject all 51 chapter 11 plans (a separate Plan for each of the Debtors), as indicated in Item 2 of the Beneficial Owner Ballot.  Additionally, holders of Junior Secured Notes Claims may choose to accept some of the 51 chapter 11 plans, as indicated in Item 2 of the Beneficial Owner Ballot.  A Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote. Any Beneficial Owner Ballot executed by a Beneficial Owner that does not indicate a clear acceptance or rejection of each of the 51 chapter 11 plans or that indicates both an acceptance and a rejection of each of the 51 chapter 11 plans will not be counted.

2.    All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

3.    To ensure that your vote is counted, you must: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that were included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; and (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

- 3 -

CUSIP 76114E AH 5

4.    **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is October 21, 2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

       (i)    Pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

       (ii)    Not pre-validated Beneficial Owner Ballot:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot directly to your Nominee in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

5.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will NOT be counted:

       (i)    Beneficial Owner Ballots sent to any of the Debtors, the Committee, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), the Committee's agents, any indenture trustee or the financial or legal advisors to the Debtors, the Committee or the indenture trustee;

       (ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

       (iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

       (iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

       (v)    any unsigned Beneficial Owner Ballot or Master Ballot; and/or

       (vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

6.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

7.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

8.    If multiple Beneficial Owner Ballots are received from the same holder of a Class RS-3 Junior Secured Notes Claim with respect to the same Class RS-3 Junior Secured Notes Claim prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

9.    If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

10.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before

- 4 -

September 30, 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12.    If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

13.    Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.


PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877) 833-4150.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS RS-3 JUNIOR SECURED NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

Code I                                                                                          CUSIP 76114E AH 5

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**Voting Record Date**"), it held a Class RS-3 Junior Secured Notes Claim in the below amount:

$\boxed{\$_____}$

ITEM 2.    **Vote.**  The holder of the Class RS-3 Junior Secured Notes Claim that relates to this Ballot votes:

The holder of the Note Claims set forth in <u>Item 1</u> votes to (please check **only** one box):

☐    **ACCEPT** ALL 51 PLANS

☐    **REJECT** ALL 51 PLANS

☐    ACCEPT **SOME** OF THE 51 PLANS AND REJECT **SOME** OF THE 51 PLANS, AS FOLLOWS:

|  | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|
| 1.    ditech, LLC | ☐ | ☐ |
| 2.    DOA Holding Properties, LLC | ☐ | ☐ |
| 3.    DOA Properties IX (Lots-Other), LLC | ☐ | ☐ |
| 4.    EPRE LLC | ☐ | ☐ |
| 5.    Equity Investment I, LLC | ☐ | ☐ |
| 6.    ETS of Virginia, Inc. | ☐ | ☐ |
| 7.    ETS of Washington, Inc. | ☐ | ☐ |
| 8.    Executive Trustee Services, LLC | ☐ | ☐ |
| 9.    GMAC-RFC Holding Company, LLC | ☐ | ☐ |
| 10.    GMAC Model Home Finance I, LLC | ☐ | ☐ |
| 11.    GMAC Mortgage USA Corporation | ☐ | ☐ |
| 12.    GMAC Mortgage, LLC | ☐ | ☐ |

- 6 -

| | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 13. | GMAC Residential Holding Company, LLC | ☐ | ☐ |
| 14. | GMACRH Settlement Services, LLC | ☐ | ☐ |
| 15. | GMACM Borrower LLC | ☐ | ☐ |
| 16. | GMACM REO LLC | ☐ | ☐ |
| 17. | GMACR Mortgage Products, LLC | ☐ | ☐ |
| 18. | HFN REO SUBII, LLC | ☐ | ☐ |
| 19. | Home Connects Lending Services, LLC | ☐ | ☐ |
| 20. | Homecomings Financial Real Estate Holdings, LLC | ☐ | ☐ |
| 21. | Homecomings Financial, LLC | ☐ | ☐ |
| 22. | Ladue Associates, Inc. | ☐ | ☐ |
| 23. | Passive Asset Transactions, LLC | ☐ | ☐ |
| 24. | PATI A, LLC | ☐ | ☐ |
| 25. | PATI B, LLC | ☐ | ☐ |
| 26. | PATI Real Estate Holdings, LLC | ☐ | ☐ |
| 27. | RAHI A, LLC | ☐ | ☐ |
| 28. | RAHI B, LLC | ☐ | ☐ |
| 29. | RAHI Real Estate Holdings, LLC | ☐ | ☐ |
| 30. | RCSFJV2004, LLC | ☐ | ☐ |
| 31. | Residential Accredit Loans, Inc. | ☐ | ☐ |

Code I                                    CUSIP 76114E AH 5

| | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 32. | Residential Asset Mortgage Products, Inc. | ☐ | ☐ |
| 33. | Residential Asset Securities Corporation | ☐ | ☐ |
| 34. | Residential Capital, LLC | ☐ | ☐ |
| 35. | Residential Consumer Services of Alabama, LLC | ☐ | ☐ |
| 36. | Residential Consumer Services of Ohio, LLC | ☐ | ☐ |
| 37. | Residential Consumer Services of Texas, LLC | ☐ | ☐ |
| 38. | Residential Consumer Services, LLC | ☐ | ☐ |
| 39. | Residential Funding Company, LLC | ☐ | ☐ |
| 40. | Residential Funding Mortgage Exchange, LLC | ☐ | ☐ |
| 41. | Residential Funding Mortgage Securities I, Inc. | ☐ | ☐ |
| 42. | Residential Funding Mortgage Securities II, Inc. | ☐ | ☐ |
| 43. | Residential Funding Real Estate Holdings, LLC | ☐ | ☐ |
| 44. | Residential Mortgage Real Estate Holdings, LLC | ☐ | ☐ |
| 45. | RFC – GSAP Servicer Advance, LLC | ☐ | ☐ |
| 46. | RFC Asset Holdings II, LLC | ☐ | ☐ |
| 47. | RFC Asset Management, LLC | ☐ | ☐ |
| 48. | RFC Borrower LLC | ☐ | ☐ |

CUSIP 76114E AH 5

| | | **ACCEPT** THE PLAN FOR THE FOLLOWING DEBTOR(S): | **REJECT** THE PLAN FOR THE FOLLOWING DEBTOR(S): |
|---|---|---|---|
| 49. | RFC Construction Funding, LLC | ☐ | ☐ |
| 50. | RFC REO LLC | ☐ | ☐ |
| 51. | RFC SFJV-2002, LLC | ☐ | ☐ |

**THE PLAN CONSISTS OF SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS. THIS BENEFICIAL OWNER BALLOT REPRESENTS YOUR VOTE ON THE SEPARATE CHAPTER 11 PLANS FOR EACH OF THE DEBTORS.**

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

**THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE**

- 9 -

CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

<u>THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:</u>

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; <u>PROVIDED</u>, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE

- 10 -

**ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.          **Certifications as to Class RS-3 Junior Secured Notes Claims.** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class RS-3 Junior Secured Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class RS-3 Junior Secured Notes Claims for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

<div align="center">

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS RS-3 JUNIOR SECURED NOTES CLAIMS ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

</div>

| Account Number with other Nominee (if applicable) | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class RS-3 Junior Secured Notes Claims Voted |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

ITEM 4.          **Certification.**  By signing this Ballot, the holder of the Class RS-3 Junior Secured Notes Claims certifies that it:

        a.    is the holder of the Class RS-3 Junior Secured Notes Claims to which this Ballot pertains;

        b.    has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

        c.    has not submitted any other Ballots relating to the Class RS-3 Junior Secured Notes Claims that are inconsistent with the votes as set h forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

<div align="center">- 11 -</div>

Name of Claim Holder (Print or Type): _____

Nominee: _____

Social Security or Federal Tax I.D. No.
(Optional): _____

Signature: _____

Name of Signatory: _____

If Authorized Agent of Claimant, Title of
Agent: _____

Street Address: _____

City, State, and Zip Code: _____

Telephone Number: _____

Email Address (if any): _____

Date Completed: _____

This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with this Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-VALIDATED)
<u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS BENEFICIAL OWNER
BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT
EXTENDED), YOUR VOTE TRANSMITTED BY THIS BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE
COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU
NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR
OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877)-833-4150.**

Code I                                                                                          CUSIP 76114E AH 5

This Page Intentionally Left Blank

# **Exhibit GG**

| Name | NoticeName | Address1 | Address2 | City | State | Zip |
|------|-----------|----------|----------|------|-------|-----|
| Banc of Americas Securities LLC | Reorg | 222 Broadway | 27th Fl | New York | NY | 10038 |
| Barclays Bank Inc LE | Giovanna Laurella | 70 Hudson St | 7th Fl | Jersey City | NJ | 07302-0000 |
| Barclays Capital Inc / Barclays Capital | Nellie Foo | 200 Cedar Knolls Rd | | Whippany | NJ | 07981-0000 |
| BNP Paribas NY Branch | Dean Galli | 525 Washington Blvd | 9th Fl | Jersey City | NJ | 07310 |
| BNY Mellon | Enis Suljic | 525 William Penn Pl | Rm 300 | Pittsburgh | PA | 15259 |
| Broadridge | Receiving Dept | 51 Mercedes Way | | Edgewood | NY | 11717 |
| Brown Brothers Harriman & Co | Corporate Actions | 525 Washington Blvd | New Port Towers | Jersey City | NJ | 07302-0000 |
| Charles Schwab & Co Inc | Nancy Brim | 2423 E Lincoln Dr | PHX PEAK 02 K130 | Phoenix | AZ | 85016 |
| Citibank NA | Sandra Hernandez | 3800 Citibank Center B3 12 | | Tampa | FL | 33610 |
| Citigroup Global Markets Inc Salomon | Brian Cotton | 111 Wall St | 6th Fl | New York | NY | 10005 |
| Credit Suisse Securities USA LLC | Adam Miranda | 1 Madison Ave | 2nd Fl | New York | NY | 10010 |
| Custodial Trust Co | Adriana Laramore | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| Deutsche Bank Securities Inc | Ira Kovins | Harborside Financial Ctr | 100 Plaza One 2nd Fl - Corp Actions | Jersey City | NJ | 07311-0000 |
| ETrade Clearing LLC | Matt Freifeld | 1981 Marcus  Ave | Ste 100 | Lake Success | NY | 11042 |
| Goldman Sachs & Co | Gloria Lio | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Bank USA | Christine Hartwig | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| Goldman Sachs Execution & Clearing | Andrew Warren | 30 Hudson St | | Jersey City | NJ | 07302-4699 |
| J P Morgan Clearing Corp | Proxy Dept Manager | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| JP Morgan Securities Inc Fixed | Jack Dickson | 14201 N Dallas Tollway | 12 th Fl | Dalls | TX | 75254 |
| JPMorgan Chase Bank NA | Reorg Dept | 14201 Dallas Pkwy | | Dallas | TX | 75254 |
| Manufacturers and Traders Trust Co | Stephen Schmidt | 1 M & T Plz | 8th Fl | Buffalo | NY | 14203 |
| Mediant Communications | Stephanie Fitzhenry | 109 N 5th St | | Saddle Brook | NJ | 07663 |
| Morgan Stanley & Co Inc | Michelle Ford | 1300 Thames St | 7th Floor | Baltimore | MD | 21231 |
| Morgan Stanley Smith Barney | Suzanne Mundle | Harborside Financial Ctr | 230 Plaza Three 6th Fl | Jersey City | NJ | 07311 |
| National Financial Services | Lou Trezza | 200 Liberty St | | New York | NY | 10281 |
| Northern Trust Co | Stella Castaneda | 801 S Canal St | Attn Capital Structures  C1N | Chicago | IL | 60607 |
| RBC Capital Markets Corporation | Steve Schafer Jr | 60 S 6th St | P09 | Minneapolis | MN | 55402-4400 |
| State Street Bank and Trust Co | Sandra Polizio | Corp Actions JAB5E | 1776 Heritage Dr | North Quincy | MA | 02171-0000 |
| The Bank of New York Mellon | Beth Stiffler | 525 William Penn Pl | Rm 300 | Pittsburgh | PA | 15259 |
| The Bank of New York Mellon/DBAG Lon | Donna Steinman | One Wall St | | New York | NY | 10286 |
| The Depository Trust Co | Swabera Mohamed | 570 Washington Blvd | | Jersey City | NJ | 07310 |
| UBS Securities LLC | Michael Marciano | 480 Washington Blvd | | Jersey City | NJ | 07310-0000 |
| US Bank NA | Tim Randall | MK WI S302 | 1555 N Rivercenter Dr | Milwaukee | WI | 53212 |
| Wells Fargo Bank National Association | Kevin St Louis | 733 Marquette Ave | MAC N9306 057 5th Fl | Minneapolis | MN | 55402 |

# **Exhibit HH**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY
REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS
BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS GS-3 — JUNIOR SECURED NOTES CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**")
signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as
the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**")
with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of
Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements
thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and
tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-
possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the
Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is <u>Exhibit 1</u> to the Disclosure Statement, which is part of
the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement
does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a
broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of
Class GS-3 Junior Secured Notes Claims under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial
Owner Ballot, to each Beneficial Owner for whom you hold Class GS-3 Junior Secured Notes Claims and take any action
required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each
Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the
Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by
the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A., as indenture
trustee or successor indenture trustee under the Junior Secured Notes Indenture, together with its respective successors and assigns.

choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class GS-3 Junior Secured Notes Claims and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class GS-3 Junior Secured Notes Claims and you wish to vote the Class [GS-3] Junior Secured Notes Claims for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class GS-3 Junior Secured Notes Claims.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

<div style="border:1px solid black; padding:10px; text-align:center;">

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

</div>

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class GS-3 Junior Secured Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class GS-3 Junior Secured Notes Claims and you wish to vote any Class GS-3 Junior Secured Notes Claims on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

- 2 -

4.       If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in <u>either</u> paragraph (5) <u>or</u> paragraph (6) apply (but not both).

5.       **<u>PRE-VALIDATED BENEFICIAL OWNER BALLOTS</u>**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class GS-3 Junior Secured Notes Claims voted the amount of the Class GS-3 Junior Secured Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must <u>immediately</u>:  (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

 (i)  the pre-validated Beneficial Owner Ballot;

 (ii)  a return envelope addressed to KCC as follows: ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

 (iii)  clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually** **received** by KCC on or before 7:00 pm (Eastern Time) on October 21, 2013 (the "Voting Deadline").

6.       **<u>NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS</u>**:  If you do <u>NOT</u> choose to pre-validate individual Beneficial Owner Ballots, you must:

 (i)  immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**<u>Return Date</u>**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually** **received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

 (ii)  upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

  a. compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

  b. execute the Master Ballot;

  c. transmit such Master Ballot to KCC by the Voting Deadline; and

  d. retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

Code MB-G                                                                                                                    CUSIP 76114E AH 5

7.      If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

(i)      Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)     Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)     any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)      any unsigned Master Ballot;

(vi)     any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.     If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.     This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.     **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

- 4 -

14.    No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.


**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**


**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑    is a Nominee for the Beneficial Owners of the aggregate amount of Class GS-3 Junior Secured Note Claims listed in Item 2 below and is the registered holder of the Class GS-3 Junior Secured Note Claims represented by any such Class GS-3 Junior Secured Note Claims;

❑    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class GS-3 Junior Secured Note Claims listed in Item 2 below; or

❑    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class GS-3 Junior Secured Note Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class GS-3 Junior Secured Note Claims described in Item 2 below.

ITEM 2.        **Vote With Respect to Class GS-3 Junior Secured Notes Claims.**

            <u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class GS-3 Junior Secured Notes Claims.  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class GS-3 Junior Secured Notes Claims and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

            <u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class GS-3 Junior Secured Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

Code MB-G                                                                                                  CUSIP 76114E AH 5

**ITEM 2(A)**.    **For those holders of Junior Secured Notes Claims, if any, who chose to accept or reject all 51 chapter 11 plans, as indicated in Item 2 of the Beneficial Owner Ballot,** please indicate, in the appropriate column in the table below, the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each account of a Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote. Do not count any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate a clear acceptance or rejection of Plan or that indicates both an acceptance and a rejection of each of the 51 chapter 11 plans (you may include additional sheets as needed and attach them to this Master Ballot).

| VOTE(S) ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class GS-3 Junior Secured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

*[**Remainder of Page Intentionally Left Blank**]*

**Item 2B**.  **For those holders of Junior Secured Notes Claims, if any, who chose to accept <u>some</u> of the 51 chapter 11 plans and to reject <u>some</u> of the 51 chapter 11 plans, as indicated in <u>Item 2</u> of the Beneficial Owner Ballot**, please indicate, in the appropriate columns in the table below, the account number, aggregate principal amount, and vote to accept or reject the Plan *by Debtor entity*, or attach such information to this Master Ballot in the form of the following table.  Please note that each account of a Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote.  Do not count any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate a clear acceptance or rejection of a given Plan (you may include additional sheets as needed and attach them to this Master Ballot).

| **Debtor** | **Account Number #1:** _____ **Amount Being Voted by Account Number #1:** $_____ | | **Account Number #2:** _____ **Amount Being Voted by Account Number #2:** $_____ | | **Account Number #3:** _____ **Amount Being Voted by Account Number #3:** $_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 1.  ditech, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2.  DOA Holding Properties, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 3.  DOA Properties IX (Lots-Other), LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 4.  EPRE LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 5.  Equity Investment I, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 6.  ETS of Virginia, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 7.  ETS of Washington, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 8.  Executive Trustee Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 9.  GMAC-RFC Holding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 10.  GMAC Model Home Finance I, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 11.  GMAC Mortgage USA Corporation | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-G                                                                                                     CUSIP 76114E AH 5

| **Debtor** | **Account Number #1:** _____ **Amount Being Voted by Account Number #1:** $_____ | | **Account Number #2:** _____ **Amount Being Voted by Account Number #2:** $_____ | | **Account Number #3:** _____ **Amount Being Voted by Account Number #3:** $_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 12. GMAC Mortgage, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 13. GMAC Residential Holding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 14. GMACRH Settlement Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 15. GMACM Borrower LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 16. GMACM REO LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 17. GMACR Mortgage Products, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 18. HFN REO SUBII, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 19. Home Connects Lending Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 20. Homecomings Financial Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 21. Homecomings Financial, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 22. Ladue Associates, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 23. Passive Asset Transactions, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 24. PATI A, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

- 8 -

| **Debtor** | **Account Number #1:**<br>_____<br><br>**Amount Being Voted by Account Number #1:**<br>$_____ | | **Account Number #2:**<br>_____<br><br>**Amount Being Voted by Account Number #2:**<br>$_____ | | **Account Number #3:**<br>_____<br><br>**Amount Being Voted by Account Number #3:**<br>$_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 25. PATI B, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 26. PATI Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 27. RAHI A, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 28. RAHI B, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 29. RAHI Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 30. RCSFJV2004, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 31. Residential Accredit Loans, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 32. Residential Asset Mortgage Products, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 33. Residential Asset Securities Corporation | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 34. Residential Capital, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 35. Residential Consumer Services of Alabama, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 36. Residential Consumer Services of Ohio, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 37. Residential Consumer Services of Texas, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-G                                                                                                    CUSIP 76114E AH 5

| **Debtor** | **Account Number #1:** _____ **Amount Being Voted by Account Number #1:** $_____ | | **Account Number #2:** _____ **Amount Being Voted by Account Number #2:** $_____ | | **Account Number #3:** _____ **Amount Being Voted by Account Number #3:** $_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 38. Residential Consumer Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 39. Residential Funding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 40. Residential Funding Mortgage Exchange, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 41. Residential Funding Mortgage Securities I, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 42. Residential Funding Mortgage Securities II, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 43. Residential Funding Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 44. Residential Mortgage Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 45. RFC – GSAP Servicer Advance, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 46. RFC Asset Holdings II, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 47. RFC Asset Management, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 48. RFC Borrower LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 49. RFC Construction Funding, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Debtor** | **Account Number #1:**<br>_____<br><br>**Amount Being Voted by Account Number #1:**<br>$_____ | | **Account Number #2:**<br>_____<br><br>**Amount Being Voted by Account Number #2:**<br>$_____ | | **Account Number #3:**<br>_____<br><br>**Amount Being Voted by Account Number #3:**<br>$_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 50. RFC REO LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 51. RFC SFJV-2002, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

**THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION**

WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, PROVIDED, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; PROVIDED, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN

- 12 -

**APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.    **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class GS-3 Junior Secured Notes Claims Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class GS-3 Junior Secured Notes Claims for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM  [ITEM 4] OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class GS-3 Junior Secured Note Claims Voted | Principal Amount of Other Class GS-3 Junior Secured Note Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.    **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1. it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

- 13 -

2.     it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.     it is the registered holder of the Class R-3 Junior Secured Notes Claims being voted, or an agent therefor;

4.     it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.     it has properly disclosed:

       (i)     the number of Beneficial Owners who completed Beneficial Owner Ballots;

       (ii)     the respective amounts of the Class R-3 Junior Secured Notes Claims  by each Beneficial Owner who completed a Beneficial Owner Ballot;

       (iii)     each such Beneficial Owner's respective vote concerning the Plan;

       (iv)     each such Beneficial Owner's certification as to other Class R-3 Junior Secured Notes Claims voted; and

       (v)     the customer account or other identification number for each such Beneficial Owner;

6.     each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.     it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____

(Print or Type)

Participant Number: _____

❑      Name of Proxy Holder or Agent
         for Nominee: _____

(Print or Type)

Social Security or Federal Tax Identification
Number: _____

Signature: _____

Name of Signatory: _____

(If other than Nominee)

Title: _____

Address: _____

_____

_____

Date Completed: _____

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the beneficial owners of the Junior Secured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER
BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT _ACTUALLY_ _RECEIVE_ THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF
THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

Code MB-G                                                                                               CUSIP 76114E AH 5

# Exhibit II

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------- | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING
THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL
CAPITAL, LLC, ET AL. AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-3 — JUNIOR SECURED NOTES CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class R-3 Junior Secured Notes Claims under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-3 Junior Secured Notes Claims and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A., as indenture trustee or successor indenture trustee under the Junior Secured Notes Indenture, together with its respective successors and assigns.

envelope addressed only to KCC.  With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-3 Junior Secured Notes Claims and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-3 Junior Secured Notes Claims and you wish to vote the Class [R-3] Junior Secured Notes Claims for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-3 Junior Secured Notes Claims.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

---

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.    You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-3 Junior Secured Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.    If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-3 Junior Secured Notes Claims and you wish to vote any Class R-3 Junior Secured Notes Claims on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.    If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to

pre-validate Beneficial Owners Ballots, the instructions in <u>either</u> paragraph (5) <u>or</u> paragraph (6) apply (but not both).

5.  **<u>PRE-VALIDATED BENEFICIAL OWNER BALLOTS</u>**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-3 Junior Secured Notes Claims voted the amount of the Class R-3 Junior Secured Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must <u>immediately</u>:  (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

> (i)      the pre-validated Beneficial Owner Ballot;

> (ii)     a return envelope addressed to KCC as follows: ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

> (iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **<u>actually</u> <u>received</u>** by KCC on or before 7:00 pm (Eastern Time) on October 21, 2013 (the "Voting Deadline").

6.  **<u>NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS</u>**:  If you do <u>NOT</u> choose to pre-validate individual Beneficial Owner Ballots, you must:

> (i)      immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**<u>Return Date</u>**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **<u>actually</u> <u>received</u>** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

> (ii)     upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

>> a.   compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

>> b.   execute the Master Ballot;

>> c.   transmit such Master Ballot to KCC by the Voting Deadline; and

>> d.   retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.  If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

(i)       Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)      Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)     any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)     any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)      any unsigned Master Ballot;

(vi)     any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.     If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.     This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.     **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.    **Claim Amount for Voting Purposes.**  The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑    is a Nominee for the Beneficial Owners of the aggregate amount of Class R-3 Junior Secured Note Claims listed in Item 2 below and is the registered holder of the Class R-3 Junior Secured Note Claims represented by any such Class R-3 Junior Secured Note Claims;

❑    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-3 Junior Secured Note Claims listed in Item 2 below; or

❑    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-3 Junior Secured Note Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-3 Junior Secured Note Claims described in Item 2 below.

ITEM 2.    **Vote With Respect to Class R-3 Junior Secured Notes Claims.**

<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-3 Junior Secured Notes Claims.  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-3 Junior Secured Notes Claims and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-3 Junior Secured Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

**<u>ITEM 2(A)</u>.    For those holders of Junior Secured Notes Claims, if any, who chose to accept or reject <u>all</u> 51 chapter 11 plans, as indicated in <u>Item 2</u> of the Beneficial Owner Ballot,** please indicate, in the appropriate column in the table below, the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table.  Please note that each account of a Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote.  Do not count any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate a clear acceptance or

- 5 -

rejection of Plan or that indicates both an acceptance and a rejection of each of the 51 chapter 11 plans (you may include additional sheets as needed and attach them to this Master Ballot).

| VOTE(S) ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-3 Junior Secured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

*[**Remainder of Page Intentionally Left Blank**]*

Code MB-H                                                                            CUSIP 76114E AH 5

**Item 2B.  For those holders of Junior Secured Notes Claims, if any, who chose to accept <u>some</u> of the 51 chapter 11 plans and to reject <u>some</u> of the 51 chapter 11 plans, as indicated in <u>Item 2</u> of the Beneficial Owner Ballot**, please indicate, in the appropriate columns in the table below, the account number, aggregate principal amount, and vote to accept or reject the Plan *by Debtor entity*, or attach such information to this Master Ballot in the form of the following table.  Please note that each account of a Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote.  Do not count any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate a clear acceptance or rejection of a given Plan (you may include additional sheets as needed and attach them to this Master Ballot).

| **Debtor** | **Account Number #1:** _____ **Amount Being Voted by Account Number #1:** $_____ | | **Account Number #2:** _____ **Amount Being Voted by Account Number #2:** $_____ | | **Account Number #3:** _____ **Amount Being Voted by Account Number #3:** $_____ | |
|---|---|---|---|---|---|---|
|  | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 1.  ditech, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2.  DOA Holding Properties, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 3.  DOA Properties IX (Lots-Other), LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 4.  EPRE LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 5.  Equity Investment I, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 6.  ETS of Virginia, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 7.  ETS of Washington, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 8.  Executive Trustee Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 9.  GMAC-RFC Holding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 10.  GMAC Model Home Finance I, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 11.  GMAC Mortgage USA Corporation | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-H

CUSIP 76114E AH 5

| Debtor | Account Number #1: _____ Amount Being Voted by Account Number #1: $_____ | | Account Number #2: _____ Amount Being Voted by Account Number #2: $_____ | | Account Number #3: _____ Amount Being Voted by Account Number #3: $_____ | |
|---|---|---|---|---|---|---|
| | ACCEPT | REJECT | ACCEPT | REJECT | ACCEPT | REJECT |
| 12. GMAC Mortgage, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 13. GMAC Residential Holding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 14. GMACRH Settlement Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 15. GMACM Borrower LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 16. GMACM REO LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 17. GMACR Mortgage Products, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 18. HFN REO SUBII, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 19. Home Connects Lending Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 20. Homecomings Financial Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 21. Homecomings Financial, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 22. Ladue Associates, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 23. Passive Asset Transactions, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 24. PATI A, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-H                                                                 CUSIP 76114E AH 5

| **Debtor** | **Account Number #1:**<br>_____<br><br>**Amount Being Voted by Account Number #1:**<br>$_____ | | **Account Number #2:**<br>_____<br><br>**Amount Being Voted by Account Number #2:**<br>$_____ | | **Account Number #3:**<br>_____<br><br>**Amount Being Voted by Account Number #3:**<br>$_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 25.  PATI B, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 26.  PATI Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 27.  RAHI A, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 28.  RAHI B, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 29.  RAHI Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 30.  RCSFJV2004, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 31.  Residential Accredit Loans, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 32.  Residential Asset Mortgage Products, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 33.  Residential Asset Securities Corporation | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 34.  Residential Capital, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 35.  Residential Consumer Services of Alabama, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 36.  Residential Consumer Services of Ohio, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 37.  Residential Consumer Services of Texas, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 38.  Residential Consumer Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-H                                                                                              CUSIP 76114E AH 5

| **Debtor** | **Account Number #1:**<br><br>**Amount Being Voted by Account Number #1:**<br>$ | | **Account Number #2:**<br><br>**Amount Being Voted by Account Number #2:**<br>$ | | **Account Number #3:**<br><br>**Amount Being Voted by Account Number #3:**<br>$ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 39. Residential Funding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 40. Residential Funding Mortgage Exchange, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 41. Residential Funding Mortgage Securities I, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 42. Residential Funding Mortgage Securities II, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 43. Residential Funding Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 44. Residential Mortgage Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 45. RFC – GSAP Servicer Advance, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 46. RFC Asset Holdings II, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 47. RFC Asset Management, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 48. RFC Borrower LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 49. RFC Construction Funding, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 50. RFC REO LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 51. RFC SFJV-2002, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-H                                                                 CUSIP 76114E AH 5

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

**THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.**

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

**EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.    **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-3 Junior Secured Notes Claims Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-3 Junior Secured Notes Claims for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM  [ITEM 4] OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class R-3 Junior Secured Note Claims Voted | Principal Amount of Other Class R-3 Junior Secured Note Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1. it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2. it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3. it is the registered holder of the Class R-3 Junior Secured Notes Claims being voted, or an agent therefor;

4. it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5. it has properly disclosed:

    (i)      the number of Beneficial Owners who completed Beneficial Owner Ballots;

    (ii)      the respective amounts of the Class R-3 Junior Secured Notes Claims  by each Beneficial Owner who completed a Beneficial Owner Ballot;

- 13 -

(iii)     each such Beneficial Owner's respective vote concerning the Plan;

(iv)     each such Beneficial Owner's certification as to other Class R-3 Junior Secured Notes Claims voted; and

(v)     the customer account or other identification number for each such Beneficial Owner;

6.   each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.   it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| ☐     Name of Proxy Holder or Agent for Nominee: | |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Nominee) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the beneficial owners of the Junior Secured Notes Claims and tabulation of the Beneficial Owner Ballots.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

Code MB-H                                                                                          CUSIP 76114E AH 5

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER
BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT ACTUALLY RECEIVE THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF
THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

Code MB-H                                                                                          CUSIP 76114E AH 5

# <u>Exhibit JJ</u>

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
In re:                                                    )        Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                         )        Chapter 11
                                                          )
                              Debtors.                    )        Jointly Administered
                                                          )
-------------------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING**
**THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC, ET AL. AND THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS**

**CLASS RS-3 — JUNIOR SECURED NOTES CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS**
**FOR COMPLETING THIS BALLOT CAREFULLY BEFORE**
**COMPLETING THIS BALLOT.**

On August 23, 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated August 23, 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on August 23, 2013. The Plan is Exhibit 1 to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of a Beneficial Owner of Class RS-3 Junior Secured Notes Claims under the Plan as of August 16, 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class RS-3 Junior Secured Notes Claims and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A., as indenture trustee or successor indenture trustee under the Junior Secured Notes Indenture, together with its respective successors and assigns.

envelope addressed only to KCC.  With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class RS-3 Junior Secured Notes Claims and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

        If you are both the record holder and a Beneficial Owner of any Class RS-3 Junior Secured Notes Claims and you wish to vote the Class [RS-3] Junior Secured Notes Claims for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class RS-3 Junior Secured Notes Claims.

        Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.**  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

---

## VOTING INSTRUCTIONS

1.      All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.      You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class RS-3 Junior Secured Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.      If you are both the record holder and the Beneficial Owner of any principal amount of the Class RS-3 Junior Secured Notes Claims and you wish to vote any Class RS-3 Junior Secured Notes Claims on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.      If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to

- 2 -

pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.  **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class RS-3 Junior Secured Notes Claims voted the amount of the Class RS-3 Junior Secured Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately:  (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

> (i)    the pre-validated Beneficial Owner Ballot;

> (ii)    a return envelope addressed to KCC as follows: ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

> (iii)    clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before 7:00 pm (Eastern Time) on October 21, 2013 (the "Voting Deadline").

6.  **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

> (i)    immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the  Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

> (ii)    upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

>> a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

>> b.    execute the Master Ballot;

>> c.    transmit such Master Ballot to KCC by the Voting Deadline; and

>> d.    retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.  If a Master Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will NOT be counted:

(i)      Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)     Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)     any unsigned Master Ballot;

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)   any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.      Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.      The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.     If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.     This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.     **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

**PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

---

**If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
Owners' votes transmitted hereby will not be counted.**

---

ITEM 1.     **Claim Amount for Voting Purposes.** The undersigned certifies that as of August 16, 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

❑     is a Nominee for the Beneficial Owners of the aggregate amount of Class RS-3 Junior Secured Note Claims listed in Item 2 below and is the registered holder of the Class RS-3 Junior Secured Note Claims represented by any such Class RS-3 Junior Secured Note Claims;

❑     is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class RS-3 Junior Secured Note Claims listed in Item 2 below; or

❑     has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class RS-3 Junior Secured Note Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class RS-3 Junior Secured Note Claims described in Item 2 below.

ITEM 2.     **Vote With Respect to Class RS-3 Junior Secured Notes Claims.**

     <u>Number of Beneficial Owners</u>: The undersigned transmits the following votes of Beneficial Owners in respect of their Class RS-3 Junior Secured Notes Claims. The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class RS-3 Junior Secured Notes Claims and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

     <u>To Properly Complete the Following Table</u>: Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table). <u>Please note</u>: (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class RS-3 Junior Secured Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

**<u>ITEM 2(A)</u>.     For those holders of Junior Secured Notes Claims, if any, who chose to accept or reject <u>all</u> 51 chapter 11 plans, as indicated in <u>Item 2</u> of the Beneficial Owner Ballot,** please indicate, in the appropriate column in the table below, the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each account of a Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote. Do not count any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate a clear acceptance or

rejection of Plan or that indicates both an acceptance and a rejection of each of the 51 chapter 11 plans (you may include additional sheets as needed and attach them to this Master Ballot).

| VOTE(S) ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class RS-3 Junior Secured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

*[**Remainder of Page Intentionally Left Blank**]*

- 6 -

**Item 2B.  For those holders of Junior Secured Notes Claims, if any, who chose to accept <u>some</u> of the 51 chapter 11 plans and to reject <u>some</u> of the 51 chapter 11 plans, as indicated in <u>Item 2</u> of the Beneficial Owner Ballot**, please indicate, in the appropriate columns in the table below, the account number, aggregate principal amount, and vote to accept or reject the Plan *by Debtor entity*, or attach such information to this Master Ballot in the form of the following table.  Please note that each account of a Beneficial Owner must vote the full amount of such Beneficial Owner's Junior Secured Notes Claims to accept or reject the Plan and may not split the amount of such vote.  Do not count any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate a clear acceptance or rejection of a given Plan (you may include additional sheets as needed and attach them to this Master Ballot).

| **Debtor** | **Account Number #1:** _____ **Amount Being Voted by Account Number #1:** $_____ | | **Account Number #2:** _____ **Amount Being Voted by Account Number #2:** $_____ | | **Account Number #3:** _____ **Amount Being Voted by Account Number #3:** $_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 1.  ditech, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 2.  DOA Holding Properties, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 3.  DOA Properties IX (Lots-Other), LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 4.  EPRE LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 5.  Equity Investment I, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 6.  ETS of Virginia, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 7.  ETS of Washington, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 8.  Executive Trustee Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 9.  GMAC-RFC Holding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 10.  GMAC Model Home Finance I, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 11.  GMAC Mortgage USA Corporation | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-I                                                                                   CUSIP 76114E AH 5

| Debtor | Account Number #1: _____ Amount Being Voted by Account Number #1: $_____ | | Account Number #2: _____ Amount Being Voted by Account Number #2: $_____ | | Account Number #3: _____ Amount Being Voted by Account Number #3: $_____ | |
|---|---|---|---|---|---|---|
| | ACCEPT | REJECT | ACCEPT | REJECT | ACCEPT | REJECT |
| 12. GMAC Mortgage, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 13. GMAC Residential Holding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 14. GMACRH Settlement Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 15. GMACM Borrower LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 16. GMACM REO LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 17. GMACR Mortgage Products, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 18. HFN REO SUBII, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 19. Home Connects Lending Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 20. Homecomings Financial Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 21. Homecomings Financial, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 22. Ladue Associates, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 23. Passive Asset Transactions, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 24. PATI A, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

- 8 -

CUSIP 76114E AH 5

| **Debtor** | **Account Number #1:** _____ **Amount Being Voted by Account Number #1:** $_____ | | **Account Number #2:** _____ **Amount Being Voted by Account Number #2:** $_____ | | **Account Number #3:** _____ **Amount Being Voted by Account Number #3:** $_____ | |
|---|---|---|---|---|---|---|
| | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** | **ACCEPT** | **REJECT** |
| 25. PATI B, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 26. PATI Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 27. RAHI A, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 28. RAHI B, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 29. RAHI Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 30. RCSFJV2004, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 31. Residential Accredit Loans, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 32. Residential Asset Mortgage Products, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 33. Residential Asset Securities Corporation | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 34. Residential Capital, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 35. Residential Consumer Services of Alabama, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 36. Residential Consumer Services of Ohio, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 37. Residential Consumer Services of Texas, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 38. Residential Consumer Services, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-I                                                                 CUSIP 76114E AH 5

| Debtor | Account Number #1:<br>—————————<br>Amount Being Voted by Account Number #1:<br>$ ——————— | | Account Number #2:<br>—————————<br>Amount Being Voted by Account Number #2:<br>$ ——————— | | Account Number #3:<br>—————————<br>Amount Being Voted by Account Number #3:<br>$ ——————— | |
|---|---|---|---|---|---|---|
| | ACCEPT | REJECT | ACCEPT | REJECT | ACCEPT | REJECT |
| 39. Residential Funding Company, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 40. Residential Funding Mortgage Exchange, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 41. Residential Funding Mortgage Securities I, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 42. Residential Funding Mortgage Securities II, Inc. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 43. Residential Funding Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 44. Residential Mortgage Real Estate Holdings, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 45. RFC – GSAP Servicer Advance, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 46. RFC Asset Holdings II, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 47. RFC Asset Management, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 48. RFC Borrower LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 49. RFC Construction Funding, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 50. RFC REO LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| 51. RFC SFJV-2002, LLC | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Code MB-I                                                                                    CUSIP 76114E AH 5

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, <u>PROVIDED</u>, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; <u>PROVIDED</u>, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

**EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS;  (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; PROVIDED, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.**

ITEM 3.    **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class RS-3 Junior Secured Notes Claims Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class RS-3 Junior Secured Notes Claims for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

- 12 -

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM [ITEM 4] OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class RS-3 Junior Secured Note Claims Voted | Principal Amount of Other Class RS-3 Junior Secured Note Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.    **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.    it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.    it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.    it is the registered holder of the Class R-3 Junior Secured Notes Claims being voted, or an agent therefor;

4.    it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.    it has properly disclosed:

(i)    the number of Beneficial Owners who completed Beneficial Owner Ballots;

(ii)    the respective amounts of the Class R-3 Junior Secured Notes Claims  by each Beneficial Owner who completed a Beneficial Owner Ballot;

- 13 -

(iii)     each such Beneficial Owner's respective vote concerning the Plan;

(iv)     each such Beneficial Owner's certification as to other Class R-3 Junior Secured Notes Claims voted; and

(v)     the customer account or other identification number for each such Beneficial Owner;

6.   each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.   it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

| | |
|---|---|
| Name of Nominee: | |
| | (Print or Type) |
| Participant Number: | |
| ☐    Name of Proxy Holder or Agent for Nominee: | |
| | (Print or Type) |
| Social Security or Federal Tax Identification Number: | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Nominee) |
| Title: | |
| Address: | |
| | |
| | |
| Date Completed: | |

The Debtors will pay each Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of the Beneficial Owner Ballot and Solicitation Packages to the beneficial owners of the Junior Secured Notes Claims and tabulation of the Beneficial Owner Ballots. This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. KCC will not accept delivery of any such certificates surrendered together with a Master Ballot. Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

Code MB-I                                                             CUSIP 76114E AH 5

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER
BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

---

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

---

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF
THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

Code MB-I                                                                                              CUSIP 76114E AH 5