**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
)
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )        Chapter 11
                                                    )
                              Debtors.              )        Jointly Administered
                                                    )
------------------------------------------------------------

**AMENDED ORDER GRANTING DEBTORS' TWENTY-SIXTH OMNIBUS
OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT
DOCUMENTATION)**

Upon the twenty-sixth omnibus claims objection, dated August 16, 2013 (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Insufficient Documentation Claims on the grounds that each Insufficient Documentation Claim lacks sufficient supporting documentation as to its validity and amount and has no basis in the Debtors' books and records, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

no other or further notice need be provided; and upon consideration of the Objection, the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively, the response filed by Merlyn H. Webster (the "Response"), the *Debtors' Omnibus Reply in Support of Debtors' Twenty-Sixth and Twenty-Seventh Omnibus Claims Objections to Borrower Claims with Insufficient Documentation* (the "Reply"), and the Supplemental Declaration of Deanna Horst, annexed to the Reply as Exhibit 3; the Response having been overruled, the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that each Insufficient Documentation Claim listed on Exhibit A annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the Insufficient Documentation Claims identified on the schedule annexed as Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the following matters relating to the Insufficient Documentation Claims shall be adjourned to the omnibus hearing scheduled for October 9, 2013:

- Phenon Walker (Claim No. 5429);
- Fannie Kendrick Dietrich (Claim No. 1385); and
- Juana Cerna (Claim No. 3816); and it is further

ORDERED that the following matters relating to the Insufficient Documentation Claims shall be adjourned to the omnibus hearing scheduled for November 7, 2013:

- the Estate of Felecia Victoria Mitchell (Claim No. 5724); and

- Mary Lynn Weber (Claim No. 3474); and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Insufficient Documentation Claims identified on Exhibit A, annexed hereto, as if each such Insufficient Documentation Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated:  September 27, 2013
         New York, New York

                                                            _____/s/Martin Glenn_____
                                                            MARTIN GLENN
                                                United States Bankruptcy Judge

## Exhibit A to Order

**Insufficient Documentation Claims**