## THIS IS A NOTICE REGARDING YOUR CLAIM. YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

*Received Sept 4 2013*

### NOTICE OF HEARING ON DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

**Caren Wilson**

| Proposed Claim(s) to be Disallowed and Expunged | | | | Reason for Disallowance |
|---|---|---|---|---|
| Claim No(s); Date Filed | Debtor | Classification | Amount | |
| 4754<br><br>11/14/12 | Residential Capital, LLC | Administrative Priority | N/A | Liability Not Reflected in Debtors' Books and Records |
| | | Administrative Secured | N/A | |
| | | Secured | $5,050,000.00 | |
| | | Priority | N/A | |
| | | General Unsecured | N/A | |

PLEASE TAKE NOTICE that, on August 29, 2013, Residential Capital, LLC and certain of its affiliates (collectively, the "**Debtors**") filed their *Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[1] The basis for the claim objection applicable to you is identified in the table above in the column entitled "**Reason for Disallowance**".

The Objection requests that the Bankruptcy Court expunge and/or disallow one or more of your claims listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED on the ground that the claim(s) is a liability not reflected in the Debtors' books and records. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

If you do NOT oppose the expungement, and/or disallowance of your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the expungement, and/or disallowance of your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Objection that is received on or before **4:00 p.m. Prevailing Eastern Time** on **September 30, 2013** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, and/or expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Jordan A. Wishnew, Esq., attorneys for the Debtors; and (iii) Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036, Attn: Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on **October 9, 2013** to consider the Objection. The hearing will be held at **10:00 a.m. Prevailing Eastern Time** in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

Whether or not the Bankruptcy Court disallows, and/or expunges your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed). You will receive a separate notice of any such objections.

**You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.**

If you wish to view the complete Objection, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.kccllc.net/rescap. If you have any questions about this notice or the Objection, or if you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:    August 29, 2013
          New York, New York

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000010

PRF # 60653***
Case No.: 12-12020
Svc 1

PackID: 10
NameID: 11079536

Caren Wilson
Caren, Beneficiary for the Estate of Caren (Karen) Wilson
633 Sunset Lane
Culpeper, VA 22701

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE PLAN PROPONENTS' PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **APPROVAL OF DISCLOSURE STATEMENT.** By order dated August 23, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**"). Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. **NOTICE OF NON-VOTING STATUS.** You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired. Pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are therefore, not entitled to vote on the Plan. Accordingly, this notice is being sent to you for informational purposes only.

3. **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES.** If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013. Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4. **CONFIRMATION HEARING.** A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York; in Room 501, One Bowling Green, New York, New York 10004-1408. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

---

- 1 -

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

5. Article IX of the Plan provides for the following Third Party Release, Exculpation and Injunction Provisions:

THE RELEASE IN ARTICLE IX.D OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OF LIABILITY, CONTRIBUTION, INDEMNIFICATION, JOINT LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

THE EXCULPATION IN ARTICLE IX.G OF THE PLAN PROVIDES:

THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR, ANY LIABILITY TO ANY ENTITY FOR ANY PRE-PETITION OR POST-PETITION ACT OR OMISSION TAKEN IN CONNECTION WITH, OR RELATED TO, FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, SOLICITING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE CONSUMMATION OF ANY PREPETITION PLAN SUPPORT AGREEMENTS, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, THE KESSLER SETTLEMENT AGREEMENT, THE RMBS SETTLEMENT, OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN, **PROVIDED**, THAT THE FOREGOING PROVISIONS OF THIS EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT THAT IS DETERMINED IN A FINAL, NON-APPEALABLE ORDER TO HAVE CONSTITUTED GROSS

001KC0001_60572-2_DOMESTIC_12491/000071/000213/i

NEGLIGENCE OR WILLFUL MISCONDUCT; **PROVIDED**, FURTHER, THAT THE EXCULPATED PARTIES SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL AND FINANCIAL ADVISORS CONCERNING HIS, HER, OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, ANY PREPETITION PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT, THE PLAN, THE DISCLOSURE STATEMENT, THE FGIC SETTLEMENT AGREEMENT, AND THE RMBS SETTLEMENT.

THE INJUNCTION IN ARTICLE IX.H OF THE PLAN PROVIDES:

EXCEPT AS OTHERWISE PROVIDED IN THE CONFIRMATION ORDER OR HEREIN AND IN ACCORDANCE WITH ARTICLE IX.E HEREOF, ALL ENTITIES, INCLUDING INVESTORS, WHO HAVE HELD, HOLD OR MAY HOLD CLAIMS, EQUITY INTERESTS, CAUSES OF ACTION OR LIABILITIES THAT CONSTITUTE RELEASED CLAIMS, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE OF THE PLAN, FROM: (A) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (B) ENFORCING, ATTACHING, COLLECTING OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE OR ORDER AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (C) CREATING, PERFECTING OR ENFORCING ANY LIEN (OTHER THAN ANY CHARGING LIEN OF A TRUSTEE UNDER ITS RESPECTIVE INDENTURE), CLAIM OR ENCUMBRANCE OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; (D) ASSERTING ANY RIGHT TO SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE CONFIRMATION DATE, AND NOTWITHSTANDING ANY INDICATION IN A PROOF OF CLAIM OR EQUITY INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO SECTION 553 OF THE BANKRUPTCY CODE OR OTHERWISE; (E) COMMENCING OR CONTINUING IN ANY MANNER OR ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST ANY RELEASED PARTY ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY RELEASED CLAIMS; AND (F) SEEKING RELIEF OR COLLECTING JUDGMENTS ON AN INVESTOR-RELATED SECURITIES CLAIM IN A MANNER THAT FAILS TO CONFORM WITH THE TERMS OF THE JUDGMENT REDUCTION PROVISION SET FORTH IN THE PLAN AND THE CONFIRMATION ORDER; **PROVIDED**, THAT NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO PREVENT ANY ENTITY FROM OBJECTING TO CLAIMS OR DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF OR OTHERWISE TO THE EXTENT PERMITTED BY LAW. SUCH INJUNCTION SHALL EXTEND TO THE SUCCESSORS OF THE LIQUIDATING TRUST, IF ANY, AND TO THEIR RESPECTIVE PROPERTIES AND INTERESTS IN PROPERTY. ANY PERSON INJURED BY ANY WILLFUL VIOLATION OF THIS INJUNCTION SHALL BE ENTITLED TO RECOVER ACTUAL DAMAGES, INCLUDING COSTS AND ATTORNEYS' FEES AND, IN APPROPRIATE CIRCUMSTANCES, MAY RECOVER PUNITIVE DAMAGES FROM THE WILLFUL VIOLATOR.

6. **OBJECTIONS TO CONFIRMATION**. Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in



accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (prevailing Eastern Time) on October 21, 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn: Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

7.    ADDITIONAL INFORMATION. Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap Restructuring website at /www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**If you have any questions related to this notice,
please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
      August 23, 2013

| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
|---|---|
| Gary S. Lee | Kenneth H. Eckstein |
| Lorenzo Marinuzzi | Douglas H. Mannal |
| Todd M. Goren | Stephen D. Zide |
| Jennifer L. Marines | 1177 Avenue of the Americas |
| Daniel J. Harris | New York, New York 10036 |
| 1290 Avenue of the Americas | |
| New York, New York 10104 | |
| | |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |

Residential Capital,
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

PRF 60572   11079536

000071

Caren Wilson
Caren, Beneficiary for the Estate of Caren (Karen) Wilson
633 Sunset Lane
Culpeper VA 22701