# EXHIBIT 1

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                        )
In re:                                          )        Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,  )        Chapter 11
                                              )
                               Debtors.  )        Jointly Administered
---------------------------------------------------------------------------  )

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING AMENDMENT TO ENGAGEMENT LETTER WITH DEBTORS' CHIEF RESTRUCTURING OFFICER, LEWIS KRUGER**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code,[1] approving the Amendment to the Engagement Letter with Debtors' Chief Restructuring Office, Lewis Kruger, all as more fully described in the Motion; and upon consideration of the West Declaration, the Dempsey Declaration and the Nolan Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1110922

sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. In accordance with sections 105(a) and 363(b) of the Bankruptcy Code, the Amendment is approved.

3. The Debtors' employment of Mr. Kruger pursuant to the CRO Order is hereby amended in accordance with the Amendment.

4. In all other respects, the provisions of the CRO Order remain unchanged and in full force and effect.

5. To the extent that there may be any inconsistency between the terms of this Order and the CRO Order, the terms of this Order shall govern.

6. The Debtors, and any successors thereof, shall pay and distribute to Mr. Kruger the Success Fee, the allowance of which shall be based upon an application for allowance (a) served in accordance with the Case Management Order on not less than fourteen (14) days' notice and (b) subject to a reasonableness standard consistent with section 330 of the Bankruptcy Code.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

ny-1110922

9. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation as amended by that certain amendment dated July 26, 2013, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

New York, New York
Date: _____, 2013

                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE