**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------
)
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,                         )    Chapter 11
                                                          )
                          Debtors.                        )    Jointly Administered
---------------------------------------------------------------------------------    )

**DECLARATION OF PAMELA E. WEST IN SUPPORT OF**
**DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b)**
**OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING**
**AMENDMENT TO ENGAGEMENT LETTER WITH DEBTORS'**
**CHIEF RESTRUCTURING OFFICER, LEWIS KRUGER**

I, Pamela E. West, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a member of the Board of Directors (the "Board") of Residential Capital, LLC ("ResCap"), the parent debtor in the above-captioned Chapter 11 cases commenced on May 14, 2012 (the "Petition Date").  I have been a director and served on the Board of ResCap and its committees in various capacities since May 2009.  I received a BA in Political Science/History from Hiram College in 1967.  Beginning in 1975 and continuing through January 2005, I worked in the financial services industry and held senior executive positions at major financial institutions, including Bank of America and its predecessor banks, in which I oversaw teams of personnel charged with risk management, asset/liability planning, and cash management.  Since then, I have served as a director for financial service companies.

2.      Based on my service on the ResCap Board and in connection with my responsibilities as member of the Board's compensation committee and Chair of the audit

1

ny-1110909

committee, I am familiar with the businesses of ResCap and the other above-captioned debtors (collectively, the "Debtors").

3. I submit this declaration to support the relief requested in *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Amendment to Engagement Letter with Debtors' Chief Restructuring Officer, Lewis Kruger* (the "Motion"). Unless otherwise indicated, all facts set forth in this declaration are based upon (i) my personal knowledge of the Debtors' current operations, (ii) information learned from my review of relevant documents, and (iii) information that I received from the Debtors' management or advisors. I am authorized to submit this declaration on behalf of the Debtors, and if I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. In February 2013, the Board, in consultation with the independent directors' legal counsel (the "Independent Directors' Counsel"), the Debtor's professionals, and the Debtors' legal counsel, determined to hire a Chief Restructuring Officer. Following a search process, the Board resolved to retain Lewis Kruger as Chief Restructuring Officer ("CRO"). Mr. Kruger's performance in these cases has exceeded the Board's expectations in all measures. Mr. Kruger's reputation in the restructuring field and his objective lack of bias concerning the Debtors' pre-petition relationship with AFI made him uniquely qualified to lead the process for negotiating and confirming a plan of reorganization.

5. In considering the course of events following Mr. Kruger's appointment, the Board believes that it was Mr. Kruger's appointment as CRO that precipitated a renewed focus on resolving major issues facing all parties in interest. The Board believes that the tremendous progress made in resolving outstanding disputes and liabilities of major stakeholders, including the AFI Settlement, is due directly to Mr. Kruger's leadership. Not only did Mr. Kruger's

leadership make the AFI Settlement possible, which resulted in increased value for the Debtors' estates and creditors, since Mr. Kruger was retained as CRO, the progression and success of these cases has accelerated. Absent his appointment, the Debtors' estates would almost certainly have incurred additional professional fees.

6. The Board believes that Mr. Kruger's significant accomplishments to date warrant the provision of the Success Fee. As set forth in the application to retain Mr. Kruger, the Board always contemplated that Mr. Kruger's compensation as CRO of the Debtors would include a success fee. At various points following Mr. Kruger's appointment, the Board met to discuss the terms and amount of the Success Fee. The Board and the Debtors' advisors have had several discussions with the Creditors' Committee and its advisors regarding the Success Fee, ultimately culminating in an agreement in the $2.0 million Success Fee.

7. With assistance from the Debtors' professionals and the Independent Directors' Counsel, the Board performed a thorough analysis and determined that a Success Fee in the amount of $2.0 million, payable on the effective date of the Plan, is reasonable and appropriate. In arriving at this conclusion, the Board, among other things, considered that (i) Mr. Kruger's past and expected future services are and will be beneficial to the Debtors' estates, (ii) Mr. Kruger functioned in a capacity that was akin to a CEO, and his compensation should be calculated accordingly, and (iii) upon the review of the Fee Analyses provided by FTI and Mercer, $2.0 million as the Success Fee is reasonable considering the available market comparisons. Given Mr. Kruger's role as catalyst for the significant progress made in these cases, the Board believes that a $2.0 million Success Fee is reasonable, necessary, and appropriate.

ny-1110909

8. Accordingly, the Debtors, in the exercise of their business judgment, have determined that an amendment to the Engagement Letter that provides for payment of the Success Fee in the amount of $2.0 million is warranted at this time.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: September 27, 2013         /s/ Pamela E. West
       New York, New York         Pamela E. West

ny-1110909