**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**Title: Debtors' Thirtieth Omnibus Objection to Claims**
**(No Liability Borrower Claims – Books and Records)**

**CREDITOR/CLAIMANT:**
GWENDELL L. PHILPOT, Claim Number 5067, Date Filed: November 15, 2012

RECEIVED SEP 26 2013 U.S. BANKRUPTCY COURT, SDNY

**OPPOSITION TO OBJECTION, EXPUNGEMENT AND DISALLOWANCE OF CLAIM**

**(DOCKET # 4887)**

*OVERVIEW:* Simply, had the Debtors corrected their "Pay-by-Phone" "Payment Processing System" error as I diligently communicated to the Debtors in e-mails which were included in my "Proof of Claim" and are herein included in Exhibit 1A, there would not have been a foreclosure, but such failure by the Debtors along with the Debtors' erroneous methods of mortgage servicing were the causes of my financial loss and is the basis of this claim.

Objection of Debtors Exhibit A, Page 50, Line 63, Column (Reason(s) for Disallowance) erroneously states "Litigation Dismissed with Prejudice Claim." This claim or the basis of this claim has not been litigated nor has it been the basis of litigation despite that the basis, i.e., "Debtors Payment Processing Failure including Debtors refusal to correct its Homecomings Financial Payment Processing error, caused a Wrongful Foreclosure," or "Debtors failure to follow its own procedures or government procedures in processing a loan modification," may

have been cited as historical information or evidence in cases against the Debtors in other litigation based on claims other than this claim, not withstanding, <u>Debtors Objection is false.</u>

Objection of Debtors Notice Regarding this Claim, August 29, 2013, Page 1, Chart/Column, "Reason for Disallowance" states "Liability Not Reflected in Debtors' Books and Records" is inconsistent with above Exhibit referenced (Reason(s) for Disallowance), however, in such regard, Debtors have not included all records as cited in their Objections, Page 20, #5, including "Payment Processing" log files originally requested in my claim to this Court that the Debtors should provide as evidence and therefore erroneously asserts in declarations to this Court included in its Objection (Exhibits 1, 2 and 3) that "books and records" "the Debtors maintain in the ordinary course of business " have been reviewed, <u>such being either false or a failure of the Debtors to show "good faith" to this Court.</u> The potential lack of knowledge of Deanna Horst to understand such log file software code does not negate the fact that such records exist and can be reviewed by competent professionals employed by the Debtors at the direction of Deanna Horst with such records provided to this Court for review.  Claimant's diligent repeated reference to such September 30, 2008 log files of Debtor, Homecomings Finance, in claimant's e-mails to Debtor and as integral statements of this claim, Debtor is well aware of such log files being part of its "Records" still, Debtor having no such recording in its "Accounting" "Books" does not negate the fact that computer generated log files existed as an integral function of computer processing software development code used and maintained by Debtor in its ordinary course of business for its own "Pay-by-Phone" system on September 30, 2008 between the hours of 10:00 PM and midnight Central Time, and Debtor having been immediately notified of its "Payment Processing Failure" and so requested to rectify such failure, that Debtor would have such "Log

file RECORDS" in its possession for reference as evidence to this Court, not withstanding, Debtors Objection is false.

Objection of Debtors erroneously claims on Page 20, #4, to have delivered to myself a "Request for Additional Documentation, " Exhibit 4, such request was never delivered to me or any address of any record relating to any place or US Post office where I have been during 2013, not withstanding, Debtors Objection is false.

### CLAIM BASIS: $630,000.00

$350,000.00 of the claim is based on lost equity in the loss of property after the Debtor's actions stated in original filed proof of claim resulted in bankruptcy of creditor on May 21, 2009. Debtor has in its "Records" my request for a "Loan Modification" which contains financial data verifying the above amount.

$280,000.00 of the claim is based on a three and one half year loss at $80,000.00 per year in personal revenue based on creditor's inability to obtain an in-process business loan for a new business start-up for continued design and development of Alzheimer Caregiver's Support System, such loss being a direct result of "Debtors" incorrectly listing payment failure as a missed payment by creditor rather than a failure of the Debtor's payment processing system. Potential loss in total business revenue is not as yet determined, but portions of the need for such system has since been addressed by designers other than myself, and the United States Alzheimer's market has continued to grow from 5.0 million in 2008 to 5.3 million in 2010 and 5.4 million in 2012, yet my claim only was for a constant 2008 personal compensation level related to my salary from 2007 and 2008, "Records" of which my request for a "Loan

Modification" which contains financial data verifying such compensation only at a historical level of past employment.

On July 26, 2013 GMAC Mortgage, a Debtor in this action, reached an agreement with the Federal Reserve Board to pay $230 million in direct cash payments to eligible borrowers of which I am listed. The Federal Reserve Board issued enforcement actions against GMAC Mortgage in April 2011. Under those actions, GMAC Mortgage was required to retain an independent consultant to review foreclosures that were initiated, pending, or completed during 2009 or 2010. The review was intended to determine if borrowers suffered financial harm directly resulting from errors, misrepresentations, or other deficiencies that may have occurred during the foreclosure process. I am listed as a recipient in that process but Rust Consulting has not sent any portion of the $630,000.00 claim to me, and I have been informed that the amount to be paid to me is still not determined but will be finalized and paid by December 31, 2013. Therefore, my claim of $630,000.00 will be reduced by whatever amount that is conveyed to me by Rust Consulting regarding the independent review of the Federal Reserve Board action, a process which this Court is monitoring as integral to this bankruptcy case.

## DEFECT OF DEBTOR'S OBJECTION/REASON FOR DISALLOWANCE:

<u>Debtors do in error</u> state that liability is not reflected in their books and records, yet in several requests of past communications, including copies originally filed with my claim to this Court, <u>Debtors have refused to provide evidence</u> of Debtors' "Records" of September 30, 2008 "payment processing" log files including files I did request this Court to direct in the original "proof of claim" wherein I requested the Debtor provide said <u>"phone payment processing" computer log files</u> to creditor and also in addition requested the court to direct the phone log records of 256-280-9128 from PCL Cable/Knology/WOW, 2401 10th ST SW, Huntsville,

Alabama, parent Avista Capital Partners, Denver, Colorado, the company which serviced the telephone on which my September 30, 2008 call was made between the hours of 10:00 PM and midnight Central Time, all of which if provided to creditor/claimant, both sets of log records with time codes, would stand as factual evidence to creditor's claim, and such "payment processing" <u>computer log files of the Debtors'</u> "Electronic Funds Transfer", (EFT) system as managed by the Debtors using a EFT user interface approved by Debtors, are records of Debtors unless they have been destroyed by Debtor in an effort to hide evidence, not withstanding, <u>Debtor has not replied to its failure to provide the "Records" of such "Log Files" to this Court.</u> In addition, I, the creditor, have asserted and do herein assert I had an agreement with Debtors, which allowed me to be thirty (30) days late in my payment, and as long as I was not sixty (60) days late, there would be no action of foreclosure taken against me despite the normal thirty day notices. I affirm that I made a payment with auditory response over said phone from the Debtors' computer systems that payment had been received. Such claim was contained in the original "proof of claim" and reflected in copies of communications included in said original "proof of claim." Debtors' have not operated in "good faith" to resolve the error or my loss caused by their system error. Debtors accounting "Records" would affirm that Debtor accepted my payments during 2007 and 2008 in a manner as described above without taking any action to "Foreclose" and did not take any action to "Foreclose" until after the Debtors' "Payment Processing System Failure" on September 30, 2008. Debtors' computer log files would verify my actions taken and the Debtors' failure to properly process said September 30, 2008 payment or to properly repair my "Payment Records" based on said "Log Files," resulted in Debtors' wrongful foreclosure actions, all "Records" of which have been maintained by Debtors, having yet to provide such to this Court.

The Proof of Claim itself is prima facie evidence of the amount owed and included supporting documents with the claim make the extent and nature of the debts clear. Contrary to the statements in the Objection, Debtors never requested of me to provide additional supporting documents, and Debtors are well aware of the basis of the claim as evidenced in e-mails to Homecomings Financial immediately after the failure of its system to properly manage the payment I made on September 30, 2008, copies of which are in records of Debtors and were included with my original claim. In addition, the Debtors were provided with full financial records in my request for loan modification, such records included copies of bank statements showing the funds available for withdrawal as was normal in past payment transactions. Debtors never properly processed these loan modification requests, all evidence contained in the documents submitted to the independent consultant to review foreclosures as directed by the independent review of the Federal Reserve Board as described above.

## THE NO LIABILITY BORROWER CLAIMS SHOULD NOT BE DISALLOWED AND EXPUNGED

In December 2007 the Debtors' internet payment processing system failed. After my efforts to get a correction to my account did not get approval by them, I realized how difficult it would be to get any correction to their system's failure. I allowed that payment to be entered as late, and the Debtors' January 2008 records show they did not foreclose then, and my payments continued to be made within the agreed time of each month. However, that 2007 payment processing failure of the Debtors created a deficiency against my credit. On September 30, 2008 the Debtor's payment processing system failed again during a time I was in the process of obtaining a Small Business Administration, SBA, loan through a Federal Credit Union to start a new

business for Alzheimer's design and development, continuing a project I had started more than two years before. That additional inaccurate credit deficiency was detrimental to my credit. The system failure of the Debtors that night was never corrected to show the computer and phone log file history of my payment that was in fact executed on September 30, 2008, resulting in my inability to obtain the SBA business loan. The Debtor refused to verify the log files of my payment and instead started foreclosure rather than correcting its internal system failure, despite multiple communications to the Debtor's employees and corporate officers, Tony Renzi, Chief Operating Officer, Residential Capital, LLC, and James N. Young, Chief Financial Officer and Principal Accounting Officer, Residential Capital, LLC, pleading that they correct said error. The Debtors did not show "good faith" and stated in reply that they did not have a record of receiving said payment, yet they refused to verify said activity of their standard log files of the computer that processed communications and as such the Debtor's refusal to correct its payment processing system error caused the loss of my equity in said property, $350,000, and prevented the development of the Alzheimer's system and a minimal salary to myself of $80,000 per year, an amount below my past compensation as an industrial designer providing advanced technology design and engineering services to global high technology corporations.

Reply to myself at address below:

Dated: September 25, 2013

_____

GWENDELL L. PHILPOT, CREDITOR/CLAIMANT

PO BOX 667

Attalla, Alabama, 35954

Telephone: 256-309-9850