| | |
|---|---|
| MORRISON & FOERSTER LLP | SEVERSON & WERSON P.C. |
| 1290 Avenue of the Americas | 19100 Von Karman Avenue, Suite 700 |
| New York, New York 10104 | Irvine, California 92612 |
| Telephone:    (212) 468-8000 | Telephone: (949) 442-7110 |
| Facsimile:    (212) 468-7900 | Facsimile:  (949) 442-7118 |
| Gary S. Lee | Jonathan D. Dykstra *(pro hac vice application pending)* |
| Norman S. Rosenbaum | |
| Melissa A. Hager | *Counsel to GMAC Mortgage, LLC* |
| Erica J. Richards | |

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' REPLY IN FURTHER SUPPORT OF OBJECTION TO
PROOFS OF CLAIM FILED BY ROBERT SWEETING AGAINST
<u>GMAC MORTGAGE, LLC (CLAIM NOS. 1360 AND 1361)</u>**

ny-1110882

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ..................................................................................1

II. BACKGROUND ..........................................................................................................2

III. REPLY .........................................................................................................................3

    A. Applicable Legal Standard ..............................................................................3

    B. The First Proof of Claim (Claim No. 1360) ....................................................4

    C. The Second Proof of Claim (Claim No. 1361) ................................................6

IV. CONCLUSION ..........................................................................................................10

**EXHIBITS:**

Exhibit 1: Trustee's Deed Upon Sale

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby submit this reply (the "Reply") to the *Opposition to Debtor GMAC Mortgage, LLC's Objection to Proofs of Claim Filed by Robert Sweeting (Claim Nos. 1360 and 1361)* [Docket No. 5090] (the "Response") submitted by Robert Sweeting ("Claimant") to the *Debtors' Objection To Proofs Of Claim Filed By Robert Sweeting Against GMAC Mortgage, LLC (Claim Nos. 1360 And 1361) Pursuant To Bankruptcy Code Section 502(b) And Bankruptcy Rule 3007* [Docket No. 4832] (the "Objection").[1] In further support of the Objection, the Debtors respectfully state as follows:

I.   **PRELIMINARY STATEMENT**

1.   Without adequate supporting documentation, Claimant asserts nearly $160 million in claims against Debtor GMAC Mortgage, LLC ("GMAC Mortgage"). In the Objection, the Debtors submitted evidence to rebut the *prima facie* validity of the Claims and placed the burden back on Claimant to establish his claims against the Debtors by a preponderance of the evidence. Claimant's Response in support of his Claims is based on a single premise—that the California Trial Court erred. More specifically, (1) the California Trial Court erred when it dismissed the First Amended 2008 Complaint against GMAC Mortgage by granting GMAC Mortgage's motion for summary judgment, (2) the California Trial Court erred when it struck Claimant's Second Amended 2008 Complaint against GMAC Mortgage upon a determination that the claims asserted therein were barred under res judicata, and (3) the California Trial Court erred yet again when it dismissed Claimant's 2010 Complaint against GMAC Mortgage when it concluded, for the second time, that the claims asserted therein were barred under res judicata.

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1110882

2. Those arguments having been unsuccessful before the California Trial Court, Claimant now turns to this Court, asserting the same claims that have already been dismissed. It is precisely this type of second-guessing (and, in Claimant's case, third- and fourth-guessing) that the Rooker-Feldman doctrine and res judicata/collateral estoppel doctrines are intended to prevent.

3. Claimant's Response does not rebut the evidence set forth in the Objection. Accordingly, the Claims should be disallowed and expunged from the Debtors' claims register in their entirety.

## II. BACKGROUND

4. The history of the litigation underlying each of the Claims was fully recited in the Objection. Set forth below is additional detail salient to the Response, and, in particular, relevant to the First Proof of Claim, which Claimant asserts includes claims for wrongful eviction. (Response at p. 2.)

5. On or about September 22, 2008, GMAC Mortgage was the winning bidder at the trustee's sale of the Property, via a credit bid for $639,000. Pursuant to a Trustee's Deed Upon Sale recorded on October 28, 2008, GMAC Mortgage took title to the Property. See Trustee's Deed Upon Sale, attached as Exhibit 1.

6. On November 12, 2008, GMAC Mortgage filed an unlawful detainer action against Claimant in the California Trial Court (OCSC Case No. 30-2008-00221178) (the "Unlawful Detainer Action"). See Complaint, attached to the Response as Exhibit 2.

7. On January 9, 2009, an order (the "UD Judgment") granting judgment in GMAC Mortgage's favor was entered in the Unlawful Detainer Action although a writ of possession never issued.

2

ny-1110882

8. Pursuant to a Grant Deed dated March 20, 2009, GMAC Mortgage transferred title to the Property to the investor, TCIF REO GCM California, LLC. See Grant Deed, attached to Response as Exhibit 11

9. Pursuant to a Grant Deed recorded on May 27, 2009, TCIF REO GCM California, LLC transferred title to the Property to Island Source II LLC, a third party purchaser.

10. On January 13, 2011, GMAC Mortgage assigned the UD Judgment to Island Source II LLC.[2]

### III.   REPLY

#### A.   Applicable Legal Standard

11. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). A properly completed proof of claim is *prima facie* evidence of validity and amount of a claim. See FED. R. BANKR. P. 3001(f). A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded. See 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012).

12. "Although Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof [r]ests on different parties at different times." In re Smith, No. 12-10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (internal quotations omitted). The objecting party "bears the initial burden of providing evidence to show that the proof of claim should not be allowed." In re MF Global Holdings, Ltd., Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012). If the objecting party satisfies its initial burden and "the presumption of *prima facie* validity is overcome—*e.g.*, the

---

[2] Claimant's Response describes two additional unlawful detainer actions filed against him, one filed by GMACM on July 1, 2009 (OCSC Case No. 30-2009-00280569), and one filed by Island Source II LLC on August 21, 2009 (OCSC Case No. 30-2009-00295347) (see Verified Complaint for Unlawful Detainer, attached to the Response as Ex. 3). As it was determined that those two actions were unnecessary, they were both voluntarily dismissed.

3
ny-1110882

objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside of bankruptcy." Id. (citing In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion. The burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.")). Once the burden is shifted back to the claimant, "it must prove its claim by a preponderance of the evidence." Id. (citations omitted).

13. Claimant's Response raises no facts or claims against GMAC Mortgage that would support a determination by this Court that the Claims are not barred by the California Trial Court's prior rulings and subject to disallowance. Thus, Claimant has failed to demonstrate the validity of his Claims by the requisite preponderance of the evidence.

    **B.**    **The First Proof of Claim (Claim No. 1360)**

14. Claimant acknowledges that a judgment was rendered against him by the California Trial Court in the First Sweeting Action (Response at p. 8), but argues that his First Proof of Claim should nonetheless survive for several reasons, each of which fails for the reasons set forth below.

15. *First*, Claimant asserts that the order granting GMAC Mortgage's motion for summary judgment was procured through fraud and the action is still proceeding against third parties "which may allow claims against GMAC Mortgage to be reasserted on grounds of contempt of court." (Response at pp. 8-9.) This alleged "fraud" is based on Claimant's belief that the Delehey Declaration, which states that GMAC Mortgage was the winning bidder at the trustee's sale (see Delehey Declaration at ¶ 6), somehow contradicts prior statements of GMAC

4

ny-1110882

Mortgage made in connection with the First Sweeting Action, and, as such, provides grounds for reopening the First Sweeting Action. (Response at p. 9.) Claimant is incorrect on both counts. Claimant asserts that the declaration of Scott Zeitz, GMAC Mortgage's records custodian (the "**Zeitz Declaration**," attached to Response as Ex. 9), which was submitted in support of GMAC Mortgage's motion for summary judgment, stated that GMAC Mortgage "never had legal title of the property." (Sweeting Declaration, at ¶ 10, Response at Ex. 9.) What the Zeitz Declaration actually states is that GMAC Mortgage was not the foreclosing beneficiary (i.e., the investor), but that title to the Property was transferred to GMAC Mortgage under the Trustee's Deed Upon Sale, and was subsequently transferred to the investor. (Zeitz Declaration at ¶ 24.) This statement is in no way inconsistent with the Delehey Declaration. As detailed above, acting in its capacity as servicer, GMAC Mortgage purchased the Property at the trustee's sale in its own name, a common practice in the mortgage loan servicing industry. Following the foreclosure, the investor sold its interest in the Property to a third party purchaser, Island Source II, LLC, requiring that title be transferred first from GMAC Mortgage to the investor, and then to the third party purchaser. GMAC Mortgage held title for the entirety of the Unlawful Detainer Action, and Claimant never appealed the UD Judgment. Nothing in these facts constitutes fraudulent conduct or otherwise suggests that res judicata should not apply to the judgment in GMAC Mortgage's favor in the First Sweeting Action.

16. *Second*, Claimant contends that GMAC Mortgage abused the legal process by "allowing" a successor to evict Claimant using a "fraudulent judgment" in first Unlawful Detainer. (Response at p. 10.) Claimant's claim for "abuse of process" arises from his allegation that he was unlawfully evicted based on fraudulent foreclosure documents. That allegation was previously raised by Claimant in the First Amended 2008 Complaint as a claim

5

for fraud and intentional misrepresentation (see First Amended 2008 Complaint, attached as Exhibit A-1 to the Delehey Decl., at ¶¶ 88-94) and rejected by the California Trial Court when it granted GMAC Mortgage's motion for summary judgment. Accordingly, the claim is barred by res judicata, a result Claimant cannot avoid by restating the same claim under a different name.

17. *Third*, Claimant contends that he "recently discovered" that Executive Trustee Services ("ETS"), which he alleges performed the physical foreclosure on Claimant's property, is a subsidiary of GMAC Mortgage, and should have known there were "substantial problems with the Loan." (Response at pp. 11-13.) The fact that ETS is a subsidiary of GMAC Mortgage is irrelevant to the issue of whether GMAC Mortgage is directly liable to Claimant.

18. *Fourth*, Claimant asserts that MERS, which is still a defendant in the First Sweeting Action, has an indemnity agreement with GMAC Mortgage. (Response at p. 13.) Any indemnity between GMAC Mortgage and MERS would not give Claimant any rights against GMAC Mortgage, and is therefore irrelevant to the issue of whether GMAC Mortgage is directly liable to Claimant.

19. Claimant fails to rebut any of the evidence submitted by the Debtors in the Objection that squarely placed the burden back on the Claimant to establish the validity of the First Proof of Claim. MF Global, 2012 WL 5499847, at *3. Accordingly, the First Proof of Claim should be disallowed and expunged in its entirety.

C.    **The Second Proof of Claim (Claim No. 1361)**

20. Claimant implicitly acknowledges that a judgment was rendered against him by the California Trial Court in the Second Sweeting Action, but argues that his Second Proof of Claim should nonetheless survive for several reasons, each of which fails for the reasons set forth below.

6

ny-1110882

21. *First*, Claimant asserts that a decision is ready to issue in his appeal, which is currently pending before the California Appellate Court. (Response at pp. 13-14.) The Second Proof of Claim asserts a claim for over $79 million in damages based on the Second Sweeting Action, which has been dismissed with prejudice by the California Trial Court. The fact that an appeal of that dismissal is pending does not lessen the binding effect of the judgment entered by the California Trial Court. In the event Claimant obtains a favorable judgment in the appeal, an outcome that the Debtors believe is highly unlikely, such a judgment would not result in the liquidation of his claims or even a determination that Claimant holds any valid claims against GMAC Mortgage. It would merely vacate the California Trial Court's judgment (or some portion of it) holding that Claimant is barred from bringing the Second Sweeting Action by res judicata, requiring further proceedings on the merits. Moreover, as set forth in the Objection, the Second Proof of Claim is barred under the Rooker-Feldman doctrine. In circumstances such as these, where a trial court has already ruled on the preclusive effect of a prior judgment, application of the Rooker-Feldman doctrine is warranted and appropriate notwithstanding the appeal of the judgment dismissing the litigation underlying Claimant's hyper-inflated and meritless Second Proof of Claim.

22. With respect to this argument, Claimant embeds in his Response a request that the automatic stay be lifted to allow the appeal to be adjudicated. (Response at pp. 13-14.) In the first instance, such relief must be sought by separate motion filed in accordance with this Court's case management procedures order [Dkt. No. 141]. Moreover, the granting of such relief would not warrant delaying the disallowance of the Second Proof of Claim. Claimant's assertion that "a decision is ready to issue" assumes that there will be no further motion practice, and that the California Appellate Court is merely awaiting the lifting of the stay before issuing an

opinion. The Debtors anticipate that the California Appellate Court could take as long as six months to issue a judgment once the stay is lifted, and any decision could be subject to further appeals to the California Supreme Court. Moreover, as set forth above, even if a ruling were to be issued more quickly, a ruling by the California Appellate Court in Claimant's favor would not establish that Claimant holds a valid claim against GMAC Mortgage—it would simply vacate the California Trial Court's determination that Claimant is barred from bringing the Second Sweeting Action by res judicata, and remand the action for further proceedings on the merits. In such a case, this Court would be the proper venue for the liquidation of any claims that are found by the California Appellate Court not to be barred.

23.  *Second*, Claimant asserts that Claim 1361 is based on claims for willful and malicious injury and is therefore not dischargeable under Bankruptcy Code section 523(a)(6). (Response at pp. 14-15.) This argument confuses dischargeability of a debt with disallowance of a claim. Further, Bankruptcy Code section 523(a)(6) is limited to individual debtors, and is therefore inapplicable here. See 11 U.S.C. § 523(a) ("A discharge under . . . this title does not discharge an individual debtor from any debt . . . .") (emphasis added).

24.  *Third*, Claimant argues that he does not owe money to GMAC Mortgage, which was only the servicer for the loan rather than lender, and, therefore, GMAC Mortgage's reports to credit reporting agencies are false. (Response at p. 15.) Amounts due under the Loan were payable to GMAC Mortgage as servicer, even though GMAC Mortgage did not own the Loan. The credit report attached to Claimant's Response does not state that any debt is owed to GMAC Mortgage; it simply lists GMAC Mortgage as the party reporting the information, without any reference to GMAC Mortgage's capacity. (Response at Ex. 14.) Accordingly, this argument is irrelevant.

25.    *Fourth*, Claimant argues that the "single action rule" as embodied in sections 725a and 726a of the California Code of Civil Procedure means that his debt under the Loan has been extinguished and, by extension, the information reported by GMAC Mortgage to credit reporting agencies is false. (Response at pp. 15-16.)  This argument is merely a repetition of, and elaboration on, the claims stated by Claimant in the 2010 Complaint asserting causes of action against GMAC Mortgage for Defamation/Tortious Interference with Credit, which were dismissed by the California Trial Court on the grounds that they were barred under the doctrine of res judicata.  (See 2010 Complaint, attached as Exhibit I to the Delehey Declaration; Order Sustaining Demurrer to Complaint, attached as Exhibit K to the Delehey Declaration.) Accordingly, this argument fails to rebut the Objection to the Second Proof of Claim.

26.    As set forth above, Claimant fails to rebut the evidence submitted by the Debtors in the Objection that squarely placed the burden back on the Claimant to establish the validity of the Second Proof of Claim.  MF Global, 2012 WL 5499847, at *3.  Accordingly, the Second Proof of Claim should be disallowed and expunged in its entirety.

## IV. CONCLUSION

WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted together with such other relief that the Court finds reasonable and justified.

Dated: September 30, 2013
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

– and –

SEVERSON & WERSON P.C.
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile:  (949) 442-7118
Jonathan D. Dykstra *(pro hac vice application pending)*

*Counsel to GMAC Mortgage, LLC*

10

ny-1110882