Presentment Date and Time: October 4, 2013 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Jennifer L. Marines

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
CONCERNING VOTING BY UMB BANK, N.A., AS SUCCESSOR
INDENTURE TRUSTEE, AT CERTAIN DEBTOR ENTITIES**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Stipulation and Order Concerning Voting by UMB Bank, N.A., as Successor Indenture Trustee, at Certain Debtor Entities* (the "Stipulation"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **October 4, 2013 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to entry of the Stipulation must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and

ny-1109935

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **October 4, 2013 at 9:00 a.m. (Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attention: Gary S. Lee, Esq. & Lorenzo Marinuzzi, Esq.); (b) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein, Esq. & Douglas Mannal, Esq.); (c) counsel for the Ad Hoc Group, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attention: Gerard Uzzi, Esq. & Dennis O'Donnell, Esq.) and White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036-2787 (Attention: J. Christopher Shore, Esq. & Harrison L. Denman, Esq.); and (d) counsel for UMB Bank, N.A., Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attention: James S. Carr, Esq. & Eric Wilson, Esq.)

[*Remainder of Page Intentionally Left Blank*]

**PLEASE TAKE FURTHER NOTICE** that a copy of the Objection and Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: September 30, 2013
New York, New York

/s/    Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
Jennifer L. Marines
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

3

ny-1109935

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC., *et al.,*<br><br>　　　　　　　　Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**STIPULATION AND ORDER CONCERNING VOTING BY UMB BANK, N.A., AS SUCCESSOR INDENTURE TRUSTEE, AT CERTAIN DEBTOR ENTITIES**

　　　　This Stipulation (the "Stipulation") is entered into on September 30, 2013 by and between Residential Capital, LLC and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") and UMB Bank, N.A, in its capacity as successor indenture trustee[1] (the "Notes Trustee," and together with the Debtors, the "Parties") with respect to certain 9.625% Junior Secured Guaranteed Notes Due 2015 (the "Junior Secured Notes") issued by Residential Capital, LLC ("ResCap"), pursuant to that certain Indenture dated as of June 6, 2008 (the "Indenture"), guaranteed by, and secured by pledges from, the following Debtors:  GMAC Mortgage, LLC, Residential Funding Company, LLC, Homecomings Financial, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, GMAC Model Home Finance I, LLC, DOA Holding Properties, LLC, RFC Asset Holdings II, LLC, Passive Asset Transactions, LLC, RFC Construction Funding, LLC, Residential Mortgage Real Estate Holdings, LLC, Residential Funding Real Estate

---

[1] U.S. Bank National Association was the original indenture trustee under the Indenture.  For the purposes of this Stipulation, the term "Notes Trustee" shall include UMB Bank, N.A. and/or U.S. Bank National Association as applicable.

ny-1111239

Holdings, LLC, Homecomings Financial Real Estate Holdings, LLC, Home Connects Lending Services, LLC, GMACR Mortgage Products, LLC, ditech, LLC, Residential Consumer Services, LLC, GMAC Mortgage USA Corporation, Residential Funding Mortgage Securities I, Inc., RFC Asset Management, LLC, RFC SFJV-2002, LLC, and RCSFJV2004, LLC (collectively, with ResCap, the "Debtor Obligors").

WHEREAS, on May 14, 2012 (the "Petition Date"), ResCap and fifty (50) of its affiliates each filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on the Petition Date, the Bankruptcy Court procedurally consolidated the Debtors' cases (the "Chapter 11 Cases") and ordered that they be jointly administered under *In re Residential Capital, LLC,* Case No. 12-12020 (MG);

WHEREAS, on June 25, 2012, the Court issued a *Final Order Under Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014(1) Authorizing the Debtors to Obtain Postpetition Financing on a Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* (Docket Entry No. 491) (the "AFI DIP Order"). The AFI DIP Order provided that the Notes Trustee was deemed to hold a timely-filed allowed claim and that the Notes Trustee was not required to file a proof of claim either for the benefit of itself or for the benefit of the holders of the Junior Secured Notes;

WHEREAS, on August 29, 2012, the Bankruptcy Court issued an Order Establishing Deadline For Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (Docket No. 1309) (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date. The Bar Date Order provides that if a claim is asserted against more than one of the

2

Debtors, a separate proof of claim must be filed in each such Debtors' reorganization case, except for an identure trustee, who is required to file only one proof of claim;

WHEREAS, on October 12, 2012, the Bankruptcy Court entered the *Stipulation and Order Permitting U.S. Bank National Association, as Indenture Trustee to File Consolidated Claims Under A Single Case Number* [Docket No. 3839], which provides that the filing of a proof of claim or proofs of claim by the Notes Trustee on its own behalf or on behalf of the holders of the Junior Secured Notes (the "Junior Secured Noteholders") in the jointly administered chapter 11 case, Case No. 12-12020 (MG) shall be deemed to constitute the filing of such proof of claim or proofs of claim in each of the Debtors' cases (the "Claims Filing Stipulation");

WHEREAS, on July 3, 2013, the Debtors and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee," and together with the Debtors, the "Plan Proponents") filed their Proposed Joint Chapter 11 Plan (as amended and revised, the "Plan") and, on July 4, 2013, the Plan Proponents filed the accompanying Disclosure Statement (as amended and revised, the "Disclosure Statement");

WHEREAS, on August 23, 2013, the Bankruptcy Court entered the *Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of Plan, and (VI) Granting Related Relief* [Docket No. 4809] (the "Disclosure Statement Order"). The Disclosure

3

Statement Order provides that holders of Junior Secured Note Claims[2] will receive Ballots for all of the Debtors at which they have Claims regardless of whether the Junior Secured Notes Claims at such Debtor are unimpaired and deemed to have accepted the Plan. The Disclosure Statement Order further provides that holders of Junior Secured Notes Claims shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline with respect to each Debtor against which they have Claims, provided that votes cast in classes in which holders of Junior Secured Notes Claims are unimpaired shall not be counted for voting purposes;

WHEREAS, on or about August 29, 2013, Kurtzman Carson Consultants LLC, the Debtors' balloting agent in these Chapter 11 Cases (the "Balloting Agent"), distributed a master ballot (a "Master Ballot") to the nominees, or their agents, holding Junior Secured Notes on behalf of beneficial owners of Junior Secured Notes. The Master Ballot provides nominees, or their agents, with instructions to forward beneficial holder ballots (the "Beneficial Holder Ballots") to beneficial owners of the Junior Secured Notes. The Beneficial Holder Ballots provide beneficial owners of the Junior Secured Notes with the ability to vote to accept or reject each of the 51 plans; and

WHEREAS, notwithstanding the convenience provided by the Claim Filing Stipulation and consistent with the Disclosure Statement Order, the Debtors contest the ability of the Notes Trustee to submit votes on the Plan for Debtors other than the Debtor Obligors.

WHEREAS, on September 20, 2013, the Debtors filed the *Debtors Objection to Certain Proofs of Claim Filed by UMB Bank, N.A. as Indenture Trustee for the Junior Secured Notes*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al.* and the *Joint Chapter 11 Plan of Residential Capital, LLC, et al.*, as applicable.

4

ny-1111239

[Docket No. 5154] (the "Claims Objection"), seeking, among other things, to disallow and expunge the Claims filed by the Notes Trustee on behalf of the holders of the Junior Secured Notes against the Debtors other than the Debtor Obligors.

NOW THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. The Claims Objection shall be deemed withdrawn, without prejudice. Except as specifically set forth in this Stipulation, such withdrawal shall not constitute a waiver of any rights of the Plan Proponents and the Notes Trustee with respect to the Junior Secured Notes Claims.

2. Solely for the purposes of tabulating votes on the Plan and subject to Paragraph 3 hereof, votes on account of the Junior Secured Notes Claims shall be disregarded with respect to any of the Debtors other than the Debtor Obligors.

3. This Stipulation is without prejudice to the right of the Notes Trustee to argue in any objection that may be filed with respect to confirmation of the Plan, as well as the right of the Plan Proponents to object to such argument, that the Junior Secured Noteholders have claims against Debtors that are not Debtor Obligors and that such claims are impaired and, if so established, the ballots cast on account of the Junior Secured Notes Claims with respect to such Debtors shall be counted for purposes of voting on the Plan.

4. This Stipulation relates solely to the tabulation of votes on account of Junior Secured Notes Claims with respect to Debtors other than the Debtor Obligors, and the rights of the Notes Trustee and the Plan Proponents with respect to all other matters relating to the Junior

5

ny-1111239

Secured Notes Claims, including voting matters, are expressly preserved. In addition, this Stipulation shall not affect paragraph 23 of the Disclosure Statement Order.

Agreed to this 30th day of September, 2013:

| KELLEY DRYE & WARREN LLP | MORRISON & FOERSTER LLP |
|---|---|
| By: */s/* Eric R. Wilson<br>　　James S. Carr<br>　　Eric R. Wilson<br>101 Park Avenue<br>New York, New York 10178<br>Tel: (212) 808-7800<br>Fax: (212) 808-7987<br><br>*Counsel for UMB Bank, N.A.* | By: */s/* Lorenzo Marinuzzi<br>　　Lorenzo Marinuzzi<br>　　Jennifer L. Marines<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Tel: (212) 468-8000<br>Fax: (212) 468-7900<br><br>*Counsel for Residential Capital, LLC, et. al., Debtors and Debtors-in-possession* |

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: */s/* Douglas Mannal
　　Douglas Mannal
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100

*Counsel for the Official Committee of Unsecured Creditors*

**SO ORDERED:**

Dated: October __, 2013
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　HONORABLE MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

ny-1111239