**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### AFFIDAVIT OF DISINTERESTEDNESS

STATE OF NEW JERSEY  )
                     ) ss:
COUNTY OF ESSEX      )

**THOMAS B. SLOCUM**, being duly sworn, upon his/her oath, deposes and says:

1.    I am an **Attorney** of **Greenberg Dauber Epstein & Tucker, A Professional Corporation**, located at **One Gateway Center, Suite 600, Newark, New Jersey 07102** (the "<u>Firm</u>").

2.    The above-captioned debtors and debtors-in-possession (each a "<u>Debtor</u>" and collectively the "<u>Debtors</u>") have requested that the Firm provide legal services to the Debtors, and the Firm has consented to provide such services.

3.    The Firm may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to the above-captioned cases (the "<u>Chapter 11 Cases</u>"), for persons that are parties-in-interest in the Debtors' Chapter 11 Cases.  The Firm does not perform services for any such person in connection with these Chapter 11 Cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

ny-1050237

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Chapter 11 Cases,

5.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

7.      The Debtors owe the Firm **$3,136.86** for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. § 101, et seq.

8.      As of the Petition Date, the Firm was not party to an agreement for indemnification with certain of the Debtors.

9.      The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on _Sept. 30_ , 2013

_(signature)_

**THOMAS B. SLOCUM**

Sworn to and subscribed before me
this 30th day of _September_ , 2013

_____
Notary Public

MARIA LUZ F. LERIN
A Notary Public of New Jersey
My Commission Expires March 5, 2018

ny-1050237

*In re Residential Capital, LLC*, et al.
Chapter 11 Case No. 12-12020 (MG)

<u>RETENTION QUESTIONNAIRE</u>[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY RESIDENTIAL CAPITAL, LLC, et al. (the "<u>Debtors</u>")

<u>THIS QUESTIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF. PLEASE REMIT IT TO THE FOLLOWING ADDRESS</u>:

> Morrison & Foerster LLP
> 1290 Avenue of the Americas
> New York, New York 10104
> Attn: Norman S. Rosenbaum and Jordan A. Wishnew

All questions **must** be answered. Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

   Greenberg Dauber Epstein & Tucker

   A Professional Corporation

   One Gateway Center, Suite 600

   Newark, New Jersey 07102

2. Date of original retention: __March 29, 2011__

3. Brief description of legal services to be provided:

   _____See attached_____

---

[1] All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based upon the applicable exchange rate in effect on the Petition Date.

1

4.      Arrangements for compensation (hourly, contingent, etc.)

      (a) Average hourly rate (if applicable):  $412.50

      (b) Estimated average monthly compensation (based on prepetition retention if firm was employed prepetition):

          N/A - Variable

5.      Prepetition claims against any of the Debtors held by the firm:

      Amount of claim:   $3,136.86

      Date claim arose:  May 1, 2012 (date of last invoice)

      Source of claim:    See attached Exhibit A

6.      Prepetition claims against any of the Debtors held individually by any member, associate, or professional employee of the firm:

      Name:        N/A

      Status:

      Amount of Claim:

      Date claim arose:

      Source of Claim:

7.      Stock of any of the Debtors currently held by the firm:

      Kind of shares:     N/A

      No. of shares:

2

8.    Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name: _____N/A_____

Status: _____

_____

Kind of shares: _____

No. of shares: _____

9.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

_____N/A_____

_____

_____

10.    Amount of any retainer received from the Debtors held by the firm:

(a) As of May 14, 2012: _____N/A_____

(b) Balance remaining after application to invoices due and owing prior to May 14, 2012:

_____N/A_____

Name:  _Thomas B. Slocum_____

Title:  _Attorney_____

3

# EXHIBIT A

The law firm of Greenberg Dauber Epstein & Tucker was appointed by way of Consent Order to serve as Special Counsel to Special Master Judge Richard J. Williams, acting as Special Master to monitor the document preparation and execution practices and procedures of GMAC Mortgage/Residential Capital, LLC in its uncontested residential mortgage foreclosures in the State of New Jersey. GMAC Mortgage/Residential Capital, LLC agreed to pay the fees incurred by this law firm in acting as Special Counsel to Special Master Judge Williams. A copy of the March 29, 2011 Recommended Stipulation and Order entering same is attached.

4

CITY OF MERCER COURT

REC*****FILED

**PREPARED BY THE COURT**    MAR 2 9 2011

DEPUTY CLERK OF SUPERIOR COURT

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION –
GENERAL EQUITY PART
MERCER COUNTY

IN THE MATTER OF
RESIDENTIAL MORTGAGE
FORECLOSURE PLEADING AND
DOCUMENT IRREGULARITIES

DOCKET NO. F-59553-10

<u>CIVIL ACTION</u>

**ORDER APPROVING THE
RECOMMENDED STIPULATION
AND APPOINTING SPECIAL
MASTER**

The court having entered an Order to Show Cause on December 20, 2010, directing the

six foreclosure plaintiffs identified in the order (referred to hereinafter as "Respondents" to the

Order to Show Cause) to respond to the Order to Show Cause and establishing a schedule for the

filing of papers, and appointing Edward Dauber, Esquire,  Greenberg, Dauber, Epstein & Tucker,

as counsel to support the proposed relief outlined in the Order to Show Cause; and the

foreclosure plaintiffs having filed their oppositions to the relief sought in the Order to Show

Cause on January 5, 2011; and Mr. Dauber having requested and received several extensions of

time to respond to the oppositions in order to explore with the foreclosure plaintiffs the

possibility of their agreeing to the appointment of a Special Master and their agreeing to a

process for reviewing their foreclosure document preparation procedures for accuracy, reliability,

and compliance with applicable laws, court rules, and the business record requirements of the

New Jersey Rules of Evidence; and Mr. Dauber having reported the success of those negotiations

to this court in a letter of March 18, 2011; and Mr. Dauber having submitted a fully executed

Recommended Stipulation to the court for review on March 18, 2011; and the court having

scheduled a review hearing for the Recommended Stipulation for March 29, 2011, at 2 P.M.; and

the court having reviewed the Recommended Stipulation and the letter of Mr. Dauber of March

18, 2011; and the court having heard oral argument regarding the Recommended Stipulation on

March 29, 2011; and the court also having heard oral argument from proposed interveners whose

motions to intervene have been addressed in separate orders; and for good cause shown, for the

reasons set forth on the record on March 29, 2011:

IT IS on this 29th day of March, 2011, **HEREBY ORDERED** that:

1. The Recommended Stipulation is approved and shall be referenced as the "Stipulation
   of Settlement" or "Stipulation." The Respondents are directed to fulfill their
   responsibilities under the stipulation and cooperate with the Special Master and
   Special Counsel.

2. The court appoints the Honorable Richard J. Williams, J.S.C. (retired), as the Special
   Master, with the consent of the Respondents, to undertake the responsibilities of the
   Special Master set forth in the Stipulation. Judge Williams shall have the powers
   enumerated in the Stipulation and any power necessary or attendant to the powers
   explicitly set forth in the Stipulation to achieve the goals set forth in that document.

3. The process set forth in the Stipulation shall address only uncontested cases. Nothing
   in the Stipulation shall be construed as altering or interfering with the right of any
   party to a foreclosure action to contest the foreclosure by filing a contesting answer,
   by challenging an amount due on a mortgage in default submitted to the Office of
   Foreclosure with a final judgment package, or pursuing any right guaranteed by law
   or court rule to a party contesting a foreclosure. Nor shall anything in the Stipulation,
   or any action taken by the Special Master, be construed as altering or interfering with

the discretion of any Superior Court Judge of the State of New Jersey to adjudicate all issues raised by the parties in contested foreclosure matters.

4.    The court refers to the Special Master for his consideration the papers filed by Legal Services of New Jersey and The Seton Hall Law School Center for Social Justice in support of their motions for intervention, which motions have been denied by separate orders.

5.    The court refers to the Special Master for his consideration the documents submitted to the court and to Mr. Dauber by individuals who lodged the documents with the court out of concern for promoting the integrity of the foreclosure process. Attached to this order is a list of the individuals who filed papers with the court and the dates of their submissions.

6.    This Order resolves the Order to Show Cause entered by this court on December 20, 2011. The court retains jurisdiction to enforce the terms of the Stipulation and the terms of this Order.

7.    Mr. Dauber shall provide a copy of this order via facsimile to the attorneys on the attached service list and the order shall be filed in the electronic case jacket of the JEFIS system for foreclosure matters maintained by the Office of Foreclosure in the Superior Court Clerk's Office.


_Mary C. Jacobson, P.J.Ch._
MARY C. JACOBSON, P.J. Ch.

| Date Received | Filed By |
|---|---|
| 12/23/10 | William Pinilis |
| 12/28/10 | Ted Peterson & Madeline Ferreri |
| 12/29/10 | Rosa Sands |
| 12/30/10 | Jeffrey Lichtenstein |
| 1/11/11 | Lauri Gordon |
| 1/11/11 | Kerry Scott Lane, M.D. |
| 1/11/11 | Anthony D'Amato |
| 1/12/11 | Michael f. Olenick |
| 1/12/11 | Lisa Epstein |
| 1/13/11 | James McGuire |
| 1/18/11 | Janet-Linda Beddini |
| 1/24/11 | Anonymous |
| 1/31/11 | Ellen E. Nevins |
| 2/10/11 | Kevin M. Hurley |
| 2/14/11 | Harold Goldman, Esq. (Ansell, Grimm & Aaron) |
| 2/22/11 | Steve & Dawn Hodges |
| 3/1/11 | Katherine S. Galaida |
| 3/1/11 | Anthony D'Amato |
| 3/9/11 | Tracy T. Wilson |
| 3/15/11 | Collins Elumogo |

**FILED    Mar 18, 2011**

|  |  |
|---|---|
| IN THE MATTER OF RESIDENTIAL MORTGAGE FORECLOSURE PLEADING AND DOCUMENT IRREGULARITIES | ) ) ) ) ) ) ) ) ) ) |

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION-
GENERAL EQUITY PART
MERCER COUNTY

DOCKET NO. F-059553-10

<u>CIVIL ACTION</u>

RECOMMENDED STIPULATION

This Recommended Stipulation is entered into by and between Edward J. Dauber, Esq , as counsel appointed pursuant to the December 20, 2010 Order to Show Cause ("the OTSC") entered in this matter ("the Court appointed counsel") and BAC Home Loans Servicing. LP, Citibank, N.A , Citi Residential Lending, Inc., GMAC Mortgage, LLC, JPMorgan Chase Bank, N A , Chase Home Finance, LLC, OneWest Bank, FSB, Wells Fargo Bank, N.A. Wells Fargo Financial New Jersey, Inc. and Wells Fargo Financial America, Inc , and any affiliated entities which service any residential mortgage loan contained in the Servicer Portfolio (as defined in paragraph 5) (collectively the "Respondents").

WHEREAS the Honorable Mary C Jacobson, P J. Ch., of the Chancery Division, General Equity Part of the Superior Court, Mercer County ("Judge Jacobson"), entered the OTSC on December 20, 2010, directed to the Respondents and relating to the manner in which uncontested residential mortgage foreclosures are being conducted in the State of New Jersey;

WHEREAS the Superior Court seeks to ensure that documents filed with the Courts of New Jersey in currently pending or future filed uncontested residential mortgage foreclosures are accurate and comply with the Rules of Court;

WHEREAS the judiciary undertook additional actions on December 20, 2010, including the issuance of Administrative Order 01-2010, amended on January 31, 2011 (the "Administrative Order") and the Order of the Supreme Court, amended on January 31, 2011, adopting amendments to Rules of Court 1:5-6, 4:64-1, and 4:64-2 (the "Rule Adoption Order"),

WHEREAS the Supreme Court opened a period from January 31, 2011, to February 28, 2011 for comment from the public as to the amended Rules of Court 1:5-6, 4:64-1, and 4:64-2 ("the Rule Amendments"),

WHEREAS the Respondents responded to the OTSC with filings that contested both the legal and factual bases for the entry of the OTSC, including but not limited to arguments that these actions violated the Constitution of the United States of America, the Constitution of the State of New Jersey, the New Jersey Rules of Court and other federal and state laws and that the Judiciary lacked any evidentiary record to support the factual assumptions and presumptions underlying the OTSC and other judicial actions taken on December 20, 2010;

WHEREAS the Respondents each accompanied their responses with affidavits or certifications maintaining that even prior to December 20, 2010, Respondents had already strengthened their policies, procedures, training and auditing of uncontested residential mortgage foreclosure case processing, and describing the steps taken;

WHEREAS all Respondents share the goal of the Judiciary in assuring the accuracy and procedural compliance of any filings made in pending and future uncontested residential mortgage foreclosure proceedings in New Jersey;

WHEREAS the Judiciary and Respondents mutually recognize that new residential mortgage foreclosure filings are inevitable and unavoidable in 2011 and that an efficient, fully functional, accurate, transparent, and normalized foreclosure process is in the interests of the

- 2 -

Judiciary, the State of New Jersey and its citizens and communities, the residential housing market and the broader economy, as well as of the Respondents, so long as that residential mortgage foreclosure process moves forward consistent with all applicable laws and based upon verified facts;

WHEREAS the Judiciary will be impacted by the increase in residential mortgage foreclosure filings and supplemental filings pursuant to the Rule Amendments;

WHEREAS this Recommended Stipulation arises following a series of settlement conversations, discussions, and negotiations, between and among counsel for the Respondents and the Court appointed counsel,

IT IS THEREFORE STIPULATED and AGREED:

1.    With respect to each Respondent, this Recommended Stipulation governs their participation in the residential mortgage foreclosure process in their capacities as servicer, it being recognized that in most cases, it is the servicer that either has the information or has direct access to the information that is required to be provided under the Rules. Servicers manage, maintain, and handle the accounting for the mortgages that they service and, as such, in the case of default or non-payment on the part of a mortgagor, it is the servicer, and not necessarily the mortgagee or named plaintiff in the resulting mortgage foreclosure action, that either has the information or has direct access to the information concerning the default or non-payment. The Six Respondents, acting as servicers, account for a majority of the residential mortgage foreclosure matters pending in the Courts of the State of New Jersey, both contested and uncontested. As of the date of the entry of this Recommended Stipulation, each Respondent is responsible for servicing the mortgages being foreclosed in the actions set forth in its respective Servicer Portfolio as defined in Paragraph 5 herein  This Recommended Stipulation thus does

not apply to any residential mortgage foreclosure filed in the name of a Respondent or an affiliated entity solely in its capacity as trustee for a securitized trust, in that a securitized trust acts for the most part through its servicer and not through the trustee, whose name appears in style of the residential mortgage foreclosure action as the named plaintiff. However, nothing in this Recommended Stipulation shall diminish or affect the responsibilities of Respondents, acting in any other capacity, or otherwise as named plaintiff in any residential mortgage foreclosure action, to abide fully with all Rules of Court and other law.

2.    The Parties agree to the appointment of the Honorable Richard J. Williams, Ret. as special master (the "Special Master") pursuant to New Jersey Court Rule 4.41-1 for the specific purposes set forth in this Recommended Stipulation and for a period of 12 months from the date of the respective Respondent's resumption of prosecuting pending residential mortgage foreclosure actions pursuant to Paragraph 7. The powers of the Special Master shall be limited to those powers specifically enumerated in this Recommended Stipulation and anything necessary or attendant thereto.    The Special Master shall serve at the expense of the Respondents; provided however that the Master's fees and expenses shall be limited to those that are reasonable and reasonably necessary to carry out the powers specifically enumerated in the Recommended Stipulation, and the Respondents shall have the right to review and object to any fee applications submitted by the Special Master. Any objections to the Special Master's fee applications will be heard by Judge Jacobson

3.    Each Respondent will participate in the Special Master process set forth in Paragraphs 4 through 7 below ("the Special Master process") in its capacity as a servicer.

4.    After execution and entry of this Recommended Stipulation and on or before April April 1, 2011, each Respondent shall, through certifications or affidavits of an individual or

- 4 -

individuals having personal knowledge of the Respondent's foreclosure processes, answer the following two questions:

    A.    Does the servicer have processes and procedures in place which, if adhered to, will ensure that the information set forth in affidavits/certification submitted in foreclosure proceedings is personally reviewed by an affiant authorized to act on behalf of the plaintiff in the foreclosure action and that each affidavit or certification submitted is properly executed and is based upon knowledge gained through a personal review of records made in the regular course of business and it was the regular practice of that business to make it ("Business Records")?

    B.    Is the Respondent prepared to follow these processes and procedures upon the resumption of residential mortgage foreclosure activities in New Jersey?

This prima facie showing shall include responses and information on the following issues ("Prima Facie Showing"), with regard to the Servicer Portfolio:

    (a)    If the Respondent is acting on behalf of a mortgagee, but is not the mortgagee itself, provide examples of the source of the Respondent's authority to act, including providing representative samples of documentation evidencing the authority to act on behalf of mortgagees;

    (b)    Does the Respondent have a record keeping system of Business Records that provides accurate up to date information on the payment history and status of the loan? If so, describe the system;

    (c)    Describe the Respondent's case processing steps for the review of information contained in, and the execution of, affidavits/certifications submitted in support of foreclosure proceedings;

    (d)    Has the Respondent established specific procedures for staff to ensure that the information set forth in affidavits/certifications submitted in foreclosure proceedings is based on a personal review of Business Records? If so

    (i)    Describe the procedures;
    (ii)    Produce all documents evidencing establishment of the procedures;
    (iii)    Produce samples of all documents or screens reviewed by staff in the affidavit/certification of indebtedness process; and

- 5 -

(iv)    Provide the numerical range and average of how much time is spent per loan to review the Respondent's business records and complete an affidavit/certification of indebtedness.

(e)    Has the Respondent implemented a training program for its staff to review relevant Business Records and source documents and complete foreclosure affidavits/certifications based on a personal review of such materials? If so.

(i)    Describe the program;
(ii)    Produce copies of all written materials used and screen samples from any powerpoint or other presentations, and
(iii)    Produce a statement that all staff who are preparing affidavits/certifications have received this training

(f)    Has the Respondent established quality assurance procedures to insure that the established procedures for review of relevant source documents and completion of foreclosure affidavits/ certifications based on a personal review of Business Records are followed in each case? If so.

(i)    Describe the procedures; and
(ii)    Produce copies of all documents evidencing establishment of quality assurance procedures

(g)    Does the Respondent have a process for insuring effective and timely communication with foreclosure counsel in connection with the completion and execution of foreclosure affidavits/certifications? If so:

(i)    Describe the process; and
(ii)    Describe the procedures that will enable foreclosure counsel to comply with their duties concerning the completion and execution of foreclosure affidavits/certifications, under the Court Rules as they are finally adopted by the New Jersey Supreme Court.

In connection with the Prima Facie Showing, Respondents may incorporate by reference materials which were filed in this matter on January 5, 2011 in response to the OTSC, and additionally produce, to the extent each Respondent deems necessary: (1) written policies currently in place that govern the processes relating to uncontested residential mortgage foreclosures in New Jersey, and/or (2) the materials used to train employees in the processes

- 6 -

relating to uncontested residential mortgage foreclosures in New Jersey; and/or (3) samples of affidavits of indebtedness prepared using the Respondent's current process for the execution of same, together with the source documents or screen prints used to prepare and review the affidavits, and/or (4) whatever other evidence the respective Respondent wishes to submit in order to make the Prima Facie Showing.

5.     At the time of the Prima Facie Showing each Respondent shall provide a list, by caption and docket number, of all of its residential mortgage foreclosure matters pending in the Superior Court as of December 20, 2010 (the "Servicer Portfolio"). The Servicer Portfolio shall indicate whether the matter is contested or uncontested, as defined by Rule 4.64-1(c). Respondent shall provide an updated Servicer Portfolio when reasonably requested by the Special Master during the time of his appointment

6.     Within a reasonable time after each Respondent's written submission, or presentation if same is requested by the Special Master, if the Special Master determines that more data or information is necessary for the individual Respondent to make the required Prima Facie Showing, the Special Master may request that such additional information be provided Within a reasonable time after receipt of all information, the Special Master shall make a determination as to whether that Respondent has made the required Prima Facie Showing. A Respondent shall be permitted to resume prosecution of the uncontested residential mortgage foreclosure proceedings included in its Servicer Portfolio (including related proceedings such as obtaining writs of execution and writs of possession and completing Sheriff's sales) after, (a) the Special Master has made a proposed determination that the Respondent has made the Prima Facie Showing; (b) such determination has been accepted by Judge Jacobson; and (c) the Respondent has filed with the Special Master a certification that all uncontested residential

- 7 -

mortgage foreclosures set forth in the Servicer Portfolio will be prosecuted under the processes outlined in the Prima Facie Showing  Any objections to a negative determination made by the Special Master or any other action under this Paragraph will be heard by Judge Jacobson.

7.    At the time a Respondent files the certification described in Paragraph 6 herein, that Respondent will provide an updated Servicer Portfolio, irrespective of whether a Servicer Portfolio was previously provided. As to each Respondent, for a period of 12 months following the resumption of pending, uncontested residential mortgage foreclosure proceedings as described in paragraph 6, the Special Master may, in his discretion, review a reasonable sample of files from the Servicer Portfolio or new residential mortgage foreclosure filings made by that Respondent, as he deems necessary.  The sole purpose of such sampling will be to satisfy the Special Master that the processes described by any particular Respondent in the Prima Facie Showing are being followed.  If that sampling gives the Special Master a reasonable concern the processes outlined in the Prima Facie Showing were not followed, the Special Master will promptly notify the Respondent of his specific concerns and may request supplemental information from the Respondent to address those concerns; such supplemental information may include, at the Respondent's expense, the presentation in New Jersey of individuals who have personally reviewed the Business Records of the case(s) about which the Special Master has raised an issue.  Should the Special Master determine that the results of his sample review and the additional information from the Respondent establish that the foreclosure affidavit execution processes described by the Respondent in the Prima Facie Showing have not been implemented as promised, the Special Master may recommend to Judge Jacobson that the Respondent's prosecution of uncontested residential mortgage foreclosure matters be suspended until the Respondent confirms to the Special Master's satisfaction that the processes are in place and

- 8 -

operational.  Any objections to the Special Master's determinations or actions under this Paragraph will be heard by Judge Jacobson.

8.      During the process described in Paragraphs 4 through 7, each Respondent will be operating independently of the others.  More specifically, no Respondent's timetable for its written submission and/or presentation to the Special Master and its ability to resume prosecution of pending uncontested residential mortgage foreclosures pursuant to Paragraph 6, will be dependent upon or tied to the performance of any other Respondent.

9       All documents, materials and other information provided by Respondents under this Recommended Stipulation and to which no claim of confidentiality is being made, shall be filed with the Acting Clerk of the Superior Court, P.O. Box 971, 25 Market Street, Trenton, New Jersey 08625, with a copy to the Special Master, Richard J. Williams, JAD (Ret.) and a copy to the Special Counsel, Edward Dauber, Esquire.  With regard to any materials to which any Respondent is making a claim of confidentiality, that Respondent shall not submit the materials to the Special Master or Special Counsel, but shall first move on short notice and on an expedited basis before Judge Jacobson for an Order to seal such materials in accordance with Court Rule 1:38-11.  Should Judge Jacobson grant the motion to seal, such materials shall be separately submitted only to the Special Master and to the Special Counsel, Mr. Dauber, and shall be marked "confidential" and treated as such by the Special Master and the Special Counsel, Mr Dauber.  Should Judge Jacobson deny the motion to seal, the Respondent may choose whether to file the materials with the Acting Clerk of the Superior Court, with a copy to the Special Master and a copy to Special Counsel, or whether to proceed with an attempt to make the Prima Facie Showing without the information and materials which Respondent considers confidential, but for which the motion to seal has been denied

10    Nothing in this Recommended Stipulation will be deemed to prevent any one of the Respondents or its affiliates from making independent judgments concerning the best interests of its customers, shareholders and employees, without regard to those of its competitors, and nothing in this Stipulation shall be taken as evidence of any agreement or decision to act in concert.

11    Nothing in this Recommended Stipulation shall be construed to be an admission of liability or wrongdoing on the part of any Respondent

12.    Except as herein provided, nothing in this Recommended Stipulation shall constitute consent or an agreement by any or all of the Respondents or their affiliates to be the subject of examination, general oversight, inspection, regulation, supervision, enforcement, prosecution, requests for the production of documents, or other visitorial powers, including but not limited to the visitorial powers listed at 12 C F R 4.7000 (collectively, "Visitorial Powers"), regardless of whether the attempted invocation of Visitorial Powers is undertaken by the legislative, judicial or executive branches of New Jersey's state government and regardless of form or name given to the invocation, or attempted invocation, of Visitorial Powers. Furthermore, the Respondents and their affiliates do not waive, and expressly reserve, every procedural and substantive right and mechanism available under State and Federal law, but not limited to, the applicable rules of court and applicable rules of civil procedure, to challenge the invocation. or attempted invocation, of Visitorial Powers, whether such challenge is presented by any or all of the Respondents or their affiliates in State or Federal Court, or This reservation of rights includes, but is not limited to, the right of any or all of the Respondents and their affiliates to assert that actions by, or conduct of, the State of New Jersey, any of its branches of government, any State official, State governmental body, or State agent are

preempted, expressly preempted, and/or completely preempted by the National Bank Act, Home Owners Loan Act, Title 12 of the United States Code of Federal Regulations, interpretive case law, or other federal law

13.    Upon entry of an Order adopting this Recommended Stipulation as a resolution of the OTSC, the Court retains jurisdiction solely to enforce the terms of this Recommended Stipulation and the Order adopting same

14.    The Respondents shall pay the reasonable attorneys' fees and costs incurred through the date of the entry of this Recommended Stipulation by Edward J Dauber, Esq , and the law firm of Greenberg Dauber Epstein & Tucker in connection with their duties performed as the Court appointed counsel  Mr. Dauber and the law firm of Greenberg Dauber Epstein & Tucker shall remain as Special Counsel to the Special Master, and the Respondents shall pay the reasonable attorneys' fees and costs incurred by Mr Dauber and the law firm of Greenberg Dauber Epstein & Tucker in connection with their duties as Special Counsel to the Special Master  The Respondents shall have the right to review and object to any fee application submitted by Mr. Dauber or the law firm of Greenberg Dauber Epstein & Tucker

GREENBERG, DAUBER, EPSTEIN & TUCKER, P C.

BY _____
Edward J  Dauber
*Court Appointed Counsel*

KROVATIN KLINGEMAN LLC

By: _____
Gerald Krovatin, Esq
744 Broad Street, Suite 1903
Newark, New Jersey  07102
Tel. (973) 424-9777
Fax (973) 424-9779

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Theodore V. Wells, Jr., Esq.
Brad S. Karp, Esq.
Joyce S. Huang, Esq.
Liza M. Velazquez, Esq.
1285 Avenue of the Americas
New York, New York 10019-6064
Tel. (212) 373-3000
Fax (212) 757-3990
*Attorneys for Citibank, N.A. and Citi Residential Lending, Inc.*

- 12 -

O'MELVENY & MYERS LLP

By
Brian P. Brooks, Esq., *admitted pro hac vice*
1625 N.W. Eye St
Washington, D.C. 20006
Telephone (202) 383-5300
Facsimile (202) 383-5414

-and-

Elizabeth L. McKeen, Esq., admitted *pro hac vice*
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone, (949) 760-9600
Facsimile (949) 823-6994

-and-

Andrew Frackman, Esq.
Anthony DiLello, Esq.
Times Square Tower
7 Times Square
New York, NY 10036
Telephone· (212) 326-2000
Facsimile: (212) 326-2061
*Attorneys for OneWest Bank, FSB*

- 13 -

GREENBERG TRAURIG, LLP

By: _Ian S Marx_

Philip R. Sellinger, Esq.
Ian S. Marx, Esq.

200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932
sellingerp@gtlaw.com
marxi@gtlaw.com
(973) 360-7900
(973) 301-8410 (fax)

-and-

Robert R. Maddox, Esq. (admitted *Pro Hac Vice*)
F. Wendell Allen, Esq. (admitted *Pro Hac Vice*)
Marc James Ayers, Esq. (admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
One Federal Place
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 (fax)
rmaddox@babc.com
wallen@babc.com
mayers@babc.com
*Attorneys for GMAC Mortgage, LLC*

- 14 -

REED SMITH LLP
*Formed in the State of Delaware*
Mark S. Melodia, Esquire
Diane A. Bettino, Esquire
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540

By: _____
Mark S. Melodia, Esquire

K&L GATES
Rosemary Alito, Esquire
Joy Lindo, Esquire
One Newark Center, 10th Floor
Newark, New Jersey 07102

By: _____
Rosemary Alito, Esquire
*Co-Counsel for Wells Fargo Bank, N.A.*

- 15 -

GRAHAM CURTIN
A Professional Association


BY: _____
Thomas R. Curtin
*Attorneys for Bank of America, d/b/a BAC Home Loan Servicing, LP*

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP

By: _____
Richard P. Haber, Esq.

1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
Telephone: (973) 993-8100
Facsimile: (973) 425-0161

-and-

MORGAN LEWIS & BOCKIUS LLP

Jami Wintz McKeon, Esq., admitted *pro hac vice*

One Market, Spear Street Tower
San Francisco, California 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
*Attorneys for JPMorgan Chase Bank, N.A. and Chase Home Finance LLC*