# Exhibit 1

**Delehey Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

Alexandra Steinberg Barrage
2000 Pennsylvania Avenue, NW
Washington, DC 20006-1888
Telephone: (202) 887-1500

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION
COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS'
OBJECTION TO MOTION OF SIMONA ROBINSON FOR RELIEF FROM STAY**

I, Lauren Graham Delehey, declare as follows:

**A.     Background and Qualifications**

1.     I serve as In-House Litigation Counsel in the legal department at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). I have held this position since I joined ResCap on August 1, 2011.

1

2.  In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions and multi-district litigation. Additionally, as a result ResCap's Chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases. I am authorized to submit this declaration (the "**Declaration**") in support of the *Debtors' Objection To Motion Of Simona Robinson For Relief From Stay* (the "**Objection**").[1]

3.  In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including Robinson's Mortgage Litigation. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Objection.

### B.    GMACM's Servicing Of Robinson's Loan

4. On May 28, 1999, Robinson obtained a loan (the "**Loan**") from First Franklin Financial Corporation in the amount of $61,200.00 secured by a mortgage against the property located at 3029 South 70th Street, Philadelphia, Pennsylvania 19151 (the "**Property**").

5. GMACM became the servicer for the Loan in 2003, and remained servicer until February 15, 2013, when the servicing rights with respect to the Loan were transferred to Ocwen upon the closing of the Ocwen Sale.

6. As a result of Robinson's continuing default under the Loan, on or about December 31, 2003, GMACM commenced foreclosure proceedings against Robinson in the Pennsylvania Court of Common Pleas for Philadelphia County (the "**Pennsylvania State Court**"), Case No. 031204166 (the "**Foreclosure Action**").  See Docket Report, annexed hereto as **Exhibit A**.

7. On January 6, 2005, the Pennsylvania State Court entered a default judgment against Robinson in the Foreclosure Action (the "**Default Judgment**").  Id.

8. On September 2, 2005, Robinson filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "**Pennsylvania Bankruptcy Court**"), Case No. 05-31800 (the "**Robinson Bankruptcy Case**").  See Docket Report, annexed hereto as **Exhibit B**.

9. On November 9, 2005, the writ of execution on the Default Judgment was returned with a notice of Robinson's bankruptcy filing.  Execution on the Default Judgment in the Foreclosure Action was stayed due to the commencement of the Robinson Bankruptcy Case.

10. On January 20, 2006, Robinson submitted her First Modified Plan and Amended Plan Summary to the Bankruptcy Court.  See Chapter 13 Plan, annexed hereto as **Exhibit C**.

11. On March 9, 2006, the Honorable Jean K. FitzSimon entered an order confirming Robinson's Chapter 13 Plan (the "**Chapter 13 Plan**"). See Order Confirming Plan Under Chapter 13, annexed hereto as **Exhibit D**. The Chapter 13 Plan noted arrears to GMACM in the amount of $11,721.54, and required Robinson to make monthly Loan payments to GMACM. See Chapter 13 Plan.

12. On July 18, 2011, the Pennsylvania Bankruptcy Court entered an order granting Robinson a discharge. See Discharge Of Debtor After Completion Of Chapter 13 Plan, annexed hereto as **Exhibit E**.

13. On February 16, 2012, the Default Judgment was vacated by the Pennsylvania State Court. See Docket Report, annexed hereto as **Exhibit A**.

14. Ocwen has informed the Debtors that it discontinued foreclosure proceedings against Robinson, and, as of August 1, 2013, the last Loan payment Robinson remitted was for August 2010.

**2.    The Mortgage Litigation**

15. On January 12, 2012, Robinson filed a Complaint (the "**Complaint**") in the District Court commencing an action, Case No. 5:12-cv-00151 (the "**Mortgage Litigation**") against GMACM and Phelen Hallinan & Schmeig, LLP ("**PHS**"), GMACM's counsel in the Robinson Bankruptcy Case, arising out of GMACM's allegedly fraudulent collection efforts following Robinson's bankruptcy discharge. See Complaint at ¶¶ 35-47, annexed hereto as **Exhibit F**.

16. On February 22, 2012, Robinson filed a First Amended Complaint (the "**Amended Complaint**") in the Mortgage Litigation, asserting the same claims against GMACM and seeking the same relief as that set forth in the initial Complaint. See Amended Complaint, annexed hereto as **Exhibit G**.

4

ny-1110917

17. Both GMACM and PHS filed motions to dismiss the Mortgage Litigation [ECF ## 8, 3], which were opposed by Robinson [ECF ## 14, 22]. <u>See</u> Docket Report, annexed hereto as **Exhibit H**.

18. On May 22, 2012, GMACM filed a Notice of Bankruptcy and Effect of Automatic Stay with the District Court [ECF #31]. <u>See</u> Docket Report, annexed hereto as **Exhibit H**.

19. On June 27, 2012, the District Court entered an order staying the Mortgage Litigation as against GMACM pending resolution of the Debtors' Chapter 11 Cases or until the stay is otherwise lifted as to Robinson's claims by this Court [ECF # 35]. <u>See</u> Order, annexed hereto as **Exhibit I**.

20. On July 25, 2012, GMACM filed an Amended Notice of Bankruptcy and Effect of Automatic Stay with the District Court, which attached a copy of the Supplemental Servicing Order [ECF # 36]. <u>See</u> Docket Report, annexed hereto as **Exhibit H**.

21. On that same date, Robinson submitted a letter (the "**July 25, 2012 Letter**") to the District Court advising that she intended to file a motion for relief in GMACM's Chapter 11 Cases in order to determine a liquidated value of her claims in the Mortgage Litigation and file a Proof of Claim for that amount against the Debtors [ECF #37]. <u>See</u> July 25, 2012 Letter, annexed hereto as **Exhibit J**.

22. On August 9, 2012, the District Court entered an order extending the stay of the Mortgage Litigation to Robinson's claims against PHS, and placing the matter on administrative suspense pending resolution of the Debtors' Chapter 11 Cases or until the stay is otherwise lifted as to Robinson's claims by this Court [ECF #39]. <u>See</u> Order, annexed hereto as **Exhibit K**.

5

ny-1110917

23. On January 10, 2013, Robinson filed a motion (the "**Substitution Motion**") with the District Court seeking to lift the stay and substitute Ocwen as the defendant in the litigation [ECF #44]. See Substitution Motion, annexed hereto as **Exhibit L**.

24. On February 20, 2013, GMACM filed a notice with the District Court reminding the parties that the automatic stay remained in effect as to GMACM and, to the extent the Substitution Motion required a response from GMACM, it violated the automatic stay [ECF #45]. See Effect of Automatic Stay, annexed hereto as **Exhibit M**.

25. On February 27, 2013, PHS filed an opposition to the Substitution Motion, asserting that it should be denied because the issue of Ocwen's successor liability is a matter to be decided by this Court [ECF #46]. See Opposition to Substitution Motion, annexed hereto as **Exhibit N**.

26. On February 28, 2013, Robinson filed a reply in support of the Substitution Motion [ECF #47]. See Reply, annexed hereto as **Exhibit O**.

27. On February 28, 2013, the District Court entered an order denying the Substitution Motion, upon a determination that this Court had not determined whether Robinson's claims are properly asserted against Ocwen or whether GMACM has retained liability [ECF #48]. See Order, annexed hereto as **Exhibit P**.

28. On March 12, 2013, Robinson filed a motion for reconsideration of the order denying the Substitution Motion with the District Court [ECF #49] (the "**Reconsideration Motion**"), which was denied on March 27, 2013 [ECF #51]. See Reconsideration Motion, annexed hereto as **Exhibit Q**; Order, annexed hereto as **Exhibit R**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 2, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC