## **Exhibit A**

**Foreclosure Action Docket Report**

Civil Docket Report



The Philadelphia Courts
**Civil Docket Access**

No Items in Cart — **Logout** bfleische

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 031204166 |
| **Case Caption:** | GMAC MORTGAGE CORP VS ROBINSON ETAL |
| **Filing Date:** | Wednesday, December 31st, 2003 |
| **Court:** | MORTGAGE FORECLOSURE |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | FORECLOSURE |
| **Status:** | PRAECIPE TO DISCONTINUE |

## Related Cases

No related cases were found.

## Case Event Schedule

No case events were found.

## Case motions

No case motions were found.

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | FEDERMAN, FRANK |

| | | | |
|---|---|---|---|
| **Address:** ONE PENN CTR AT SUBURBAN STATI 1617 JOHN F. KENNEDY BLVD. SUITE 1400 PHILADELPHIA PA 19103-1814 (215)563-7000 | 1 | **Aliases:** none | GMAC MORTGAGE CORP OF PA PLAINTIFF |
| **Address:** 2 500 ENTERPRISE RD STE 150 HORSHAM PA 19044 | 1 | **Aliases:** none | PLAINTIFF |
| **Address:** 3 3029 S 70TH ST PHILADELPHIA PA 19151 | | **Aliases:** none | ROBINSON, SIMONA DEFENDANT |
| **Address:** 4 3029 S 70TH ST PHILADELPHIA PA 19151 | | **Aliases:** none | ROBINSON, DOUGLAS DEFENDANT |
| **Address:** 5 PHELAN, HALLINAN & SCHMIEG LLP 1617 J.F.K. BLVD. SUITE 1400 PHILADELPHIA PA 19103 (215)563-7000 | 1 | **Aliases:** none | WELLS, ALLISON F ATTORNEY FOR PLAINTIFF |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 31-DEC-2003 09:52 AM | COMMENCEMENT OF CIVIL ACTION | FEDERMAN, FRANK | $72,808.06 | 05-JAN-2004 12:00 AM |
| **Docket Entry:** none. | | | | |
| 31-DEC-2003 09:52 AM | COMPLAINT FILED NOTICE GIVEN | FEDERMAN, FRANK | | 05-JAN-2004 12:00 AM |
| **Docket Entry:** COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. DISCOVERY DEADLINE 13-SEP-2004. | | | | |
| 31-DEC-2003 09:54 AM | SHERIFF'S SURCHARGE 2 DEFTS | FEDERMAN, FRANK | | 05-JAN-2004 12:00 AM |
| **Docket Entry:** none. | | | | |
| 31-DEC-2003 02:20 PM | ACTIVE CASE | | | 31-DEC-2003 02:20 PM |
| **Docket Entry:** none. | | | | |
| 09-JAN-2004 09:45 AM | AFFIDAVIT OF SERVICE FILED | | | 06-JAN-2005 12:00 AM |

| | Docket Entry: | PERSONAL SERVICE OF COMPLAINT ON DOUGLAS AND SIMONA ROBINSON ON 1-9-04. | | |
|---|---|---|---|---|
| 06-JAN-2005 10:12 AM | | JUDGMENT BY DEFAULT/FINAL DISP | | $79,682.69 | 06-JAN-2005 12:00 AM |
| | Docket Entry: | PRAECIPE FOR ENTRY OF DEFAULT JUDGMENT FILED. JUDGMENT FOR PLAINTIFF(S) AGAINST DEFENDANT(S) FOR FAILURE TO FILE ANSWER WITHIN REQUIRED TIME. PRO-PROTHONOTARY NOTICE UNDER RULE 236 NOTICE UNDER RULE 237.5. AFFIDAVIT OF NON-MILITARY SERVICE FILED. DAMAGES ASSESSED $79,682.69 PRAECIPE FOR WRIT OF EXECUTION (RE) FILED. WRIT OF EXECUTION (RE) ISSUED. | | |
| 13-APR-2005 03:44 PM | | WRIT RETURN FILED | | | 13-APR-2005 12:00 AM |
| | Docket Entry: | BANKRUPTCY. | | |
| 18-AUG-2005 02:40 PM | | PRAECIPE TO ISSUE WRIT FILED | FEDERMAN, FRANK | | 19-AUG-2005 12:00 AM |
| | Docket Entry: | PRAECIPE FOR WRIT OF EXECUTION (RE) FILED. WRIT OF EXECUTION (RE) ISSUED.PREMISES: SEE WRIT. | | |
| 19-AUG-2005 10:02 AM | | CORRECTIVE ENTRY | | | 19-AUG-2005 12:00 AM |
| | Docket Entry: | PROTHONOTARY CORRECTIVE ENTRY: PLEASE DISREGARD THE DOCKET ENTRY OF 4-13-05 OF WRIT RETURN BANKRUPTCY, THE CORRECT ENTRY SHOULD READ AS WRIT RETURNED STAYED BY PLAINTIFF'S ATTORNEY....RFW | | |

Civil Docket Report

| | | | |
|---|---|---|---|
| 09-NOV-2005 03:29 PM | WRIT RETURN FILED | | 09-NOV-2005 12:00 AM |
| **Docket Entry:** | BANKRUPTCY. | | |
| 16-FEB-2012 08:49 AM | JUDGMENT VACATED | WELLS, ALLISON F | 16-FEB-2012 08:53 AM |
| **Documents:** | 🔍 Click link(s) to preview/purchase the documents 84849-prae to vacate jdmt.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | PRAECIPE VACATING JUDGMENT FILED. (FILED ON BEHALF OF GMAC MORTGAGE CORP OF PA) | | |
| 16-FEB-2012 08:50 AM | PRAECIPE TO DISCONTINUE | WELLS, ALLISON F | 16-FEB-2012 08:53 AM |
| **Documents:** | 🔍 Click link(s) to preview/purchase the documents 84849-prae to discontinue and end.pdf | | 🛒 Click HERE to purchase all documents related to this one docket entry |
| **Docket Entry:** | ORDER TO DISCONTINUE WITHOUT PREJUDICE FILED. (FILED ON BEHALF OF GMAC MORTGAGE CORP OF PA) | | |

Page 5 of 5

https://fjdefile.phila.gov/efsfid/zk_fid_public_qry_03.zp_dktrpt_docket_report?case_id=031204166&uid=&o=

3/7/2012

## Exhibit B

**Robinson Bankruptcy Case Docket Report**


**CASE_CLOSED, DISCHARGED, CLOSE_ORDER**

# U.S. Bankruptcy Court
## Eastern District of Pennsylvania (Philadelphia)
## Bankruptcy Petition #: 05-31800-jkf

*Assigned to:* Judge Jean K. FitzSimon
Chapter 13
Voluntary
Asset

| | |
|---|---|
| *Date filed:* | 09/02/2005 |
| *Date terminated:* | 07/21/2011 |
| *Debtor discharged:* | 07/18/2011 |
| *Plan confirmed:* | 03/09/2006 |

*Debtor disposition:*  Standard Discharge

**Debtor**
**Simona Robinson**
3029 S. 70th Street
Philadelphia, PA 19151
PHILADELPHIA-PA
SSN / ITIN: xxx-xx-0799

represented by **MICHAEL A. CATALDO2**
Cibik & Cataldo, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
215-735-1060
Email: ecf@ccpclaw.com

**MICHAEL A. CIBIK2**
Cibik & Cataldo, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
215-735-1060
Email: ecf@ccpclaw.com

**Debtor**
**Simona Robinson**
PO Box 33167
Philadelphia, PA 19142
PHILADELPHIA-PA
SSN / ITIN: xxx-xx-0799

represented by **MICHAEL A. CATALDO2**
(See above for address)

**Trustee**
**WILLIAM C. MILLER**
Chapter 13 Trustee
111 South Independence Mall
Suite 583
Philadelphia, PA 19106
215 627-1377

**U.S. Trustee**
**United States Trustee**
Office of the U.S. Trustee
833 Chestnut Street

Suite 500
Philadelphia, PA 19107
(215) 597-4411

| Filing Date | # | Docket Text |
|---|---|---|
| 09/02/2005 | 1<br>(29 pgs) | Chapter 13 Voluntary Petition. Fee Amount $194 Filed by Simona Robinson. Government Proof of Claim Deadline: 3/1/2006. (CIBIK2, MICHAEL) (Entered: 09/02/2005) |
| 09/02/2005 | 2<br>(3 pgs) | Chapter 13 Plan Filed by Simona Robinson. (CIBIK2, MICHAEL) (Entered: 09/02/2005) |
| 09/02/2005 | 3 | Statement of Social Security Number Received. Filed by MICHAEL A. CIBIK2 on behalf of Simona Robinson. (CIBIK2, MICHAEL) (Entered: 09/02/2005) |
| 09/02/2005 | 4 | Matrix Filed. Number of pages filed: 2, Filed by MICHAEL A. CIBIK2 on behalf of Simona Robinson. (CIBIK2, MICHAEL) (Entered: 09/02/2005) |
| 09/08/2005 | | Receipt of Voluntary Petition (Chapter 13)(05-31800) [misc,volp13a] ( 194.00) Filing Fee. Receipt number 3750578. Fee amount 194.00. (U.S. Treasury) (Entered: 09/08/2005) |
| 09/18/2005 | 5 | Meeting of Creditors. 341(a) meeting to be held on 10/17/2005 at 09:30 AM at b104 - Bourse Bldg #B104 Lower Level. Proofs of Claims due by 01/15/2006.Confirmation Hearing to be held on 01/19/2006 at 09:30 AM at nix3 - Courtroom #3. (MILLER2, WILLIAM) (Entered: 09/18/2005) |
| 09/18/2005 | 6<br>(5 pgs) | Certification of Service of Creditors Meeting Notice for Chapter 13. (MILLER2, WILLIAM) (Entered: 09/18/2005) |
| 10/18/2005 | 7 | First Meeting of Creditors Held *and concluded on 10/17/2005.* (MILLER, WILLIAM) (Entered: 10/18/2005) |
| 01/19/2006 | 8 | Hearing Continued on 5 Confirmation Hearing to be held on 3/9/2006 at 09:30 AM at nix3 - Courtroom #3. (G., Jeanette) (Entered: 01/19/2006) |

| | | |
|---|---|---|
| 01/20/2006 | [9](#)<br>(2 pgs) | Amended Schedules. *Amended Schedule J* Filed by MICHAEL A. CATALDO2 on behalf of Simona Robinson. (CATALDO2, MICHAEL) (Entered: 01/20/2006) |
| 01/20/2006 | [10](#)<br>(4 pgs; 3 docs) | First Amended Chapter 13 Plan *and Amended Summary* Filed by Simona Robinson. (Attachments: [1](#) 1st Modified Plan and Amended Summary[2](#) Certification of Service)(CATALDO2, MICHAEL) (Entered: 01/20/2006) |
| 01/23/2006 | [11](#)<br>(2 pgs; 2 docs) | Motion to Dismiss Case Filed by WILLIAM C. MILLER Represented by WILLIAM C. MILLER2 (Counsel). (Attachments: [1](#) Proposed Order) (MILLER2, WILLIAM) (Entered: 01/23/2006) |
| 01/23/2006 | [12](#)<br>(1 pg) | Notice of (related document(s): [11](#) Motion to Dismiss Case) Filed by WILLIAM C. MILLER. Hearing scheduled for 3/9/2006 at 09:30 AM at nix3 - Courtroom #3. (MILLER2, WILLIAM) (Entered: 01/23/2006) |
| 01/23/2006 | [13](#)<br>(1 pg) | Certificate of Service Filed by WILLIAM C. MILLER2 on behalf of WILLIAM C. MILLER (related document(s)[11](#), [12](#)). (MILLER2, WILLIAM) (Entered: 01/23/2006) |
| 03/09/2006 | 14 | Hearing Held and concluded on Confirmation. Order entered confirming plan (related document(s), 5 ). (G., Jeanette) (Entered: 03/09/2006) |
| 03/09/2006 | [15](#)<br>(1 pg) | Order Confirming Chapter 13 Plan. (G., Jeanette) (Entered: 03/09/2006) |
| 03/09/2006 | 16 | Hearing Held on [11](#) Motion to Dismiss Case Filed by WILLIAM C. MILLER Motion to dismiss withdrawn (G., Jeanette) (Entered: 03/09/2006) |
| 03/09/2006 | [17](#)<br>(6 pgs; 4 docs) | Application for Compensation for MICHAEL A. CATALDO1, Debtor's Attorney, Period: to, Fee: $2000.00, Expenses: $. Filed by MICHAEL A. CATALDO1 Represented by Self(Counsel). (Attachments: [1](#) Notice[2](#) Proposed Order [3](#) Certification of Service) (CATALDO1, MICHAEL) (Entered: 03/09/2006) |
| | [18](#) | BNC Certificate of Mailing - Order |

| | | |
|---|---|---|
| 03/11/2006 | (2 pgs) | ConfirmingChapter 13 Plan. Number of Notices Mailed: (related document(s) (Related Doc # 15)). No. of Notices: 4. Service Date 03/11/2006. (Admin.) (Entered: 03/12/2006) |
| 03/13/2006 | 19 | Trustee was duly appointed to serve as the Standing Trustee pursuant to Section 1302 of Title 11 U.S.C. A meeting of creditors has been held in this case pursuant to Section 341 of Title 11 U.S.C. and the meeting was concluded.The debtor(s) was/were examined by the Trustee and was/were available for examination by any creditor or party in interest. The Trustee examined the debtor(s) as to current income, monthly budget, real and personalexemptions claimed pursuant to Section 522 of Title 11 U.S.C. The Trustee is of the opinion that the latest Plan meets the requirements of Sections 1322 and 1325 of Title 11 U.S.C. and should be confirmed *03/09/2006*. (CHANDLER, JACQUELINE) (Entered: 03/13/2006) |
| 03/29/2006 | 20 (1 pg) | Certificate of No Response to *Application for Compensation* Filed by MICHAEL A. CATALDO1 on behalf of Simona Robinson (related document(s) 17). (CATALDO1, MICHAEL) (Entered: 03/29/2006) |
| 03/31/2006 | 21 (1 pg) | Order Granting Application For Compensation (Related Doc # 17) Granting for MICHAEL A. CATALDO1, fees awarded: $2000.00 (G., Jeanette) (Entered: 04/03/2006) |
| 04/05/2006 | 22 (2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 21)). No. of Notices: 10. Service Date 04/05/2006. (Admin.) (Entered: 04/06/2006) |
| 06/09/2006 | 23 (4 pgs; 3 docs) | Motion for Relief from Stay . Fee Amount $150.00, Filed by GMAC Mortgage Corporation Represented by PETER J. MULCAHY (Counsel). Objections due by 6/26/2006. (Attachments: 1 Certificate of Service2 Proposed Order) (MULCAHY, PETER) (Entered: 06/09/2006) |
| | 24 (2 pgs) | Notice of (related document(s): 23 Motion for Relief from Stay . Fee Amount $150.00,) *with Response Deadline and Hearing Date* Filed by GMAC Mortgage Corporation. Hearing scheduled for |

| | | |
|---|---|---|
| 06/09/2006 | | 6/27/2006 at 09:30 AM at nix3 - Courtroom #3. (MULCAHY, PETER) (Entered: 06/09/2006) |
| 06/11/2006 | | Receipt of Motion for Relief From Stay(05-31800-dws) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 4710494. Fee Amount $ 150.00. (U.S. Treasury) (Entered: 06/11/2006) |
| 06/26/2006 | 25 (11 pgs; 4 docs) | Response to Motion for Relief From Stay, filed by Creditor GMAC Mortgage Corporation Filed by Simona Robinson (related document(s)23). (Attachments: 1 Proposed Order 2 Exhibit A3 Certification of Service) (CATALDO2, MICHAEL) (Entered: 06/26/2006) |
| 06/27/2006 | 26 | Hearing Continued on 23 Motion for Relief from Stay filed by Creditor GMAC Mortgage Corporation. Hearing scheduled for 7/11/2006 at 09:30 AM at nix3 - Courtroom #3. (G., Jeanette) (Entered: 06/27/2006) |
| 07/11/2006 | 27 | Hearing Continued on 23 Motion for Relief from Stay filed by Creditor GMAC Mortgage Corporation. Hearing scheduled for 8/4/2006 at 10:30 AM at nix3 - Courtroom #3. (G., Jeanette) (Entered: 07/11/2006) |
| 08/04/2006 | 28 | Hearing Continued on 23 Motion for Relief from Stay . Fee Amount $150.00, Filed by GMAC Mortgage Corporation Represented by PETER J. MULCAHY (Counsel). Continued Hearing scheduled for 8/15/2006 at 09:30 AM at nix3 - Courtroom #3. (L, Linda) (Entered: 08/04/2006) |
| 08/15/2006 | 29 | Hearing Continued on 23 Motion for Relief from Stay filed by Creditor GMAC Mortgage Corporation. Hearing scheduled for 9/12/2006 at 09:30 AM at nix3 - Courtroom #3. (G., Jeanette) (Entered: 08/16/2006) |
| 09/12/2006 | 30 | Hearing Continued on 23 Motion for Relief from Stay filed by Creditor GMAC Mortgage Corporation. Hearing scheduled for 9/26/2006 at 09:30 AM at nix3 - Courtroom #3. (G., Jeanette) (Entered: 09/12/2006) |
| | 31 (30 pgs; 4 docs) | Motion for Relief from Stay . Fee Amount $150.00, Filed by Vesco Services LLC Represented by |

| | | |
|---|---|---|
| 09/20/2006 | | DOUGLAS M LEAVITT (Counsel). Objections due by 10/13/2006. (Attachments: 1 Proposed Order Granting Relief From Stay2 Notice of Motion3 Certificate of Service) (LEAVITT, DOUGLAS) (Entered: 09/20/2006) |
| 09/20/2006 | 32 (2 pgs) | Notice of (related document(s): 31 Motion for Relief from Stay Filed by Vesco Services LLC . Hearing scheduled for 10/17/2006 at 09:30 AM at nix3 - Courtroom #3. (G., Jeanette) (Entered: 09/20/2006) |
| 09/26/2006 | 33 | Hearing Held on Motion for Relief from Stay filed by Creditor GMAC Mortgage Corporation (related document(s),23). Settled - Stipulation to be filed (G., Jeanette) (Entered: 09/27/2006) |
| 10/16/2006 | 34 (5 pgs) | Certificate of No Response to *Motion for Relief from Stay* Filed by DOUGLAS M LEAVITT on behalf of Vesco Services LLC (related document(s)31). (LEAVITT, DOUGLAS) (Entered: 10/16/2006) |
| 10/17/2006 | 35 | Hearing Held on 31 Motion for Relief from Stay . Fee Amount $150.00, Filed by Vesco Services LLC Represented by DOUGLAS M LEAVITT (Counsel). Order entered (G., Jeanette) (Entered: 10/17/2006) |
| 10/17/2006 | 36 (2 pgs) | Order Granting Motion For Relief From Stay Filed by Vesco Services LLC(Related Doc # 31) (G., Jeanette) (Entered: 10/17/2006) |
| 10/19/2006 | 37 (3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 36)). No. of Notices: 11. Service Date 10/19/2006. (Admin.) (Entered: 10/20/2006) |
| 10/23/2006 | | Receipt of Motion for Relief From Stay(05-31800-dws) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 5073730. Fee Amount $ 150.00. (U.S. Treasury) (Entered: 10/23/2006) |
| 11/03/2006 | 38 (1 pg) | Notice of Change of Address *(Mailing Address)* Filed by MICHAEL A. CIBIK2 on behalf of Simona Robinson. (CIBIK2, MICHAEL) (Entered: 11/03/2006) |
| | 39 | Creditor Request for Notices Filed by GILBERT B. |

| | | |
|---|---|---|
| 05/18/2007 | (2 pgs) | WEISMAN on behalf of American Express Travel Related Services Co, Inc. (WEISMAN, GILBERT) (Entered: 05/18/2007) |
| 12/05/2007 | 40 (2 pgs; 2 docs) | Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER Represented by WILLIAM C. MILLER2 (Counsel). (Attachments: 1 Proposed Order) (MILLER2, WILLIAM) (Entered: 12/05/2007) |
| 12/05/2007 | 41 (1 pg) | Notice of (related document(s): 40 Motion to Dismiss Case for Failure to Make Plan Payments ) Filed by WILLIAM C. MILLER. Hearing scheduled for 1/10/2008 at 09:30 AM at nix3 - Courtroom #3. (MILLER2, WILLIAM) (Entered: 12/05/2007) |
| 12/05/2007 | 42 (2 pgs) | Certificate of Service Filed by WILLIAM C. MILLER2 on behalf of WILLIAM C. MILLER (related document(s)41, 40). (MILLER2, WILLIAM) (Entered: 12/05/2007) |
| 01/02/2008 | 43 (1 pg) | Praecipe to Re-list *the Motion for Relief from Stay* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation (related document(s)23). (MULCAHY, PETER) (Entered: 01/02/2008) |
| 01/02/2008 | 44 (2 pgs) | Notice of *Motion with Response Deadline and Hearing Date* Filed by GMAC Mortgage Corporation. Hearing scheduled for 1/29/2008 at 09:30 AM at nix5 - Courtroom #5. (MULCAHY, PETER) (Entered: 01/02/2008) |
| 01/02/2008 | 45 (1 pg) | Certificate of Service *for the Praecipe to Re-list the hearing on the Motion for Relief from Stay and the Notice of Motion* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation (related document(s)43, 44). (MULCAHY, PETER) (Entered: 01/02/2008) |
| 01/10/2008 | 46 | Hearing Continued on 40 Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER. Hearing scheduled for 2/28/2008 at 09:30 AM at nix3 - Courtroom #3. (G., Jeanette) (Entered: 01/10/2008) |
| 01/10/2008 | 47 | Hearing Continued on 23 Motion for relief from the automatic stay of GMAC Mortgage Corp. Hearing scheduled for 2/19/2008 at 09:30 AM at nix3 - |

| | | |
|---|---|---|
| 01/29/2008 | | Courtroom #3. (G., Jeanette) Modified on 2/12/2008 -See corrective entry.(K., Marie). (Entered: 01/30/2008) |
| 02/12/2008 | | Corrective Entry re: Hearing Continued on 23 Motion for relief from the automatic stay of GMAC Mortgage Corp. (related document(s) 47 ). Created document relationship to doc. #23 and Removed document relationship from doc.#40- Modified docket text from " Hearing Continued on Motion to Dismiss Case for failure to make plan payments filed by Trustee William Miller" TO "Hearing Continued on 23 Motion for relief from the automatic stay of GMAC Mortgage Corp." (K., Marie) (Entered: 02/12/2008) |
| 02/19/2008 | 48 | Hearing Continued on 43 Praecipe to Re-list *the Motion for Relief from Stay* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation (related document(s)23). Hearing scheduled for 3/18/2008 at 09:30 AM at nix3 - Courtroom #3. (K., James) (Entered: 02/20/2008) |
| 02/28/2008 | 49 | Hearing Held on 40 Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER Represented by WILLIAM C. MILLER2 (Counsel). Motion withdrawn (G., Jeanette) (Entered: 02/28/2008) |
| 03/18/2008 | 50 | Hearing Held on The Motion for Relief from Stay filed by Creditor GMAC Mortgage Corporation (related document(s),43). WITHDRAWN (G., Jeanette) (Entered: 03/18/2008) |
| 09/23/2008 | 51 (2 pgs; 2 docs) | Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER Represented by WILLIAM C. MILLER2 (Counsel). (Attachments: 1 Proposed Order) (MILLER2, WILLIAM) (Entered: 09/23/2008) |
| 09/23/2008 | 52 (1 pg) | Notice of (related document(s): 51 motion Motion to Dismiss Case for Failure to Make Plan Payments ) Filed by WILLIAM C. MILLER. Hearing scheduled 10/23/2008 at 09:30 AM at nix3 - Courtroom #3. (MILLER2, WILLIAM) (Entered: 09/23/2008) |
| | 53 (2 pgs) | Certificate of Service Filed by WILLIAM C. MILLER2 on behalf of WILLIAM C. MILLER |

| | | |
|---|---|---|
| 09/23/2008 | | (related document(s)52, 51). (MILLER2, WILLIAM) (Entered: 09/23/2008) |
| 10/23/2008 | 54 | Hearing Continued on 51 Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER. Hearing scheduled 12/4/2008 at 09:30 AM at nix3 - Courtroom #3. (Se., Joseph) (Entered: 10/24/2008) |
| 12/04/2008 | 55 | Hearing Held on Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER (related document(s),51). Motion withdrawn. (P., Paul) (Entered: 12/05/2008) |
| 02/27/2009 | 56 | Case reassigned to Judge Jean K. FitzSimon. Involvement of Judge Diane W. Sigmund Terminated . (M., Renee) (Entered: 02/27/2009) |
| 05/06/2009 | 57 (2 pgs; 2 docs) | Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER Represented by WILLIAM C. MILLER2 (Counsel). (Attachments: 1 Proposed Order) (MILLER2, WILLIAM) (Entered: 05/06/2009) |
| 05/06/2009 | 58 (1 pg) | Notice of (related document(s): 57 motion Motion to Dismiss Case for Failure to Make Plan Payments ) Filed by WILLIAM C. MILLER. Hearing scheduled 6/11/2009 at 09:30 AM at nix5 - Courtroom #5. (MILLER2, WILLIAM) (Entered: 05/06/2009) |
| 05/06/2009 | 59 (1 pg) | Certificate of Service Filed by WILLIAM C. MILLER2 on behalf of WILLIAM C. MILLER (related document(s)57, 58). (MILLER2, WILLIAM) (Entered: 05/06/2009) |
| 05/27/2009 | 60 (4 pgs; 3 docs) | Motion for Relief from Stay *Re: Property Address 3029 South 70th Street,*. Fee Amount $150.00, Filed by GMAC Mortgage Corporation Represented by PETER J. MULCAHY (Counsel). Objections due by 6/16/2009. (Attachments: 1 Certificate of Service2 Proposed Order) (MULCAHY, PETER) (Entered: 05/27/2009) |
| | 61 (2 pgs) | Notice of (related document(s): 60 motion Motion for Relief from Stay *Re: Property Address 3029 South 70th Street,*. Fee Amount $150.00,) *with Response Deadline and Hearing Date* Filed by GMAC Mortgage Corporation. Hearing scheduled |

| | | |
|---|---|---|
| 05/27/2009 | | 6/24/2009 at 09:30 AM at nix5 - Courtroom #5. (MULCAHY, PETER) (Entered: 05/27/2009) |
| 05/28/2009 | | Receipt of Motion for Relief From Stay(05-31800-jkf) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 8365039. Fee Amount $ 150.00. (U.S. Treasury) (Entered: 05/28/2009) |
| 06/11/2009 | 62 | Hearing Continued on 57 Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER. Hearing scheduled 7/9/2009 at 09:30 AM at nix5 - Courtroom #5. (G., Jeanette) (Entered: 06/12/2009) |
| 06/22/2009 | 63 (3 pgs; 3 docs) | Response to Motion for Relief From Stay filed by Creditor GMAC Mortgage Corporation Filed by Simona Robinson (related document(s)60). (Attachments: 1 Proposed Order 2 Certification of Service) (CATALDO2, MICHAEL) (Entered: 06/22/2009) |
| 06/24/2009 | 64 | Hearing Continued on 60 Motion for Relief from Stay *Re: Property Address 3029 South 70th Street,*. Filed by GMAC Mortgage Corporation Represented by PETER J. MULCAHY. Hearing scheduled 7/15/2009 at 09:30 AM at nix5 - Courtroom #5. (G., Eileen) (Entered: 06/24/2009) |
| 07/06/2009 | 65 (3 pgs; 2 docs) | Stipulation of Settlement By GMAC Mortgage Corporation and Between Simona Robinson and Michael A. Cataldo, Esquire *Motion for Relief from Stay* Filed by JAY B. JONES on behalf of GMAC Mortgage Corporation (related document(s)60). (Attachments: 1 Proposed Order) (JONES, JAY) (Entered: 07/06/2009) |
| 07/09/2009 | 66 | Hearing Continued on 57 Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER. Hearing scheduled 8/20/2009 at 09:30 AM at nix5 - Courtroom #5. (G., Jeanette) (Entered: 07/09/2009) |
| | 67 (3 pgs) | Order re: Stipulation of Settlement By GMAC Mortgage Corporation and Between Simona Robinson and Michael A. Cataldo, Esquire Motion for Relief from Stay Filed by JAY B. JONES on behalf of GMAC Mortgage Corporation(related document(s)65, 60). (G., Jeanette) (Entered: |

| 07/13/2009 | | 07/14/2009) |
|---|---|---|
| 07/15/2009 | 68 | Hearing Held on Motion for relief from stay re: Property address 3029 South 70th Street, filed by GMAC Mortgage Corporation - Motion settled - Stipulation filed. (G., Jeanette) (Entered: 07/16/2009) |
| 07/16/2009 | 69 (4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 67)). No. of Notices: 6. Service Date 07/16/2009. (Admin.) (Entered: 07/17/2009) |
| 08/14/2009 | 70 (1 pg) | Hearing Set 57 Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER. Hearing scheduled 8/24/2009 at 09:30 AM at nix5 - Courtroom #5. (G., Eileen) (Entered: 08/14/2009) |
| 08/16/2009 | 71 (2 pgs) | BNC Certificate of Mailing - Hearing Set. Number of Notices Mailed: (related document(s (Related Doc # 70)). No. of Notices: 18. Service Date 08/16/2009. (Admin.) (Entered: 08/17/2009) |
| 08/24/2009 | 72 | Hearing Held on Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER (related document(s),57). Motion to dismiss withdrawn (G., Jeanette) (Entered: 08/25/2009) |
| 02/01/2010 | 73 (7 pgs; 5 docs) | Certification of Default of *the Stipulation of Settlement* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation (related document(s)65, 60, 67). (Attachments: 1 Exhibit, Default Letter2 Proposed Order 3 Exhibit, Stipulation4 Certificate of Service) (MULCAHY, PETER) (Entered: 02/01/2010) |
| 02/09/2010 | 74 (1 pg) | Objection to Certification of Default filed by Creditor GMAC Mortgage Corporation Filed by Simona Robinson (related document(s)73). (CATALDO2, MICHAEL) (Entered: 02/09/2010) |
| | 75 (1 pg) | Hearing Set 73 Certification of Default of *the Stipulation of Settlement* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation filed by Creditor GMAC Mortgage Corporation. Hearing scheduled 3/10/2010 at 09:30 |

| | | |
|---|---|---|
| 02/16/2010 | | AM at nix5 - Courtroom #5. (G., Jeanette) (Entered: 02/16/2010) |
| 02/18/2010 | 76 (1 pg) | Hearing Set 74 Objection to Certification of Default filed by Creditor GMAC Mortgage Corporation Filed by Simona Robinson filed by Debtor Simona Robinson. Hearing scheduled 3/10/2010 at 09:30 AM at nix3 - Courtroom #3. (C., Amelia) (Entered: 02/18/2010) |
| 02/18/2010 | 77 (2 pgs) | BNC Certificate of Mailing - Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 75)). No. of Notices: 3. Service Date 02/18/2010. (Admin.) (Entered: 02/19/2010) |
| 02/20/2010 | 78 (2 pgs) | BNC Certificate of Mailing - Hearing Set. Number of Notices Mailed: (related document(s) (Related Doc # 76)). No. of Notices: 3. Service Date 02/20/2010. (Admin.) (Entered: 02/21/2010) |
| 03/10/2010 | 79 (2 pgs; 2 docs) | Praecipe to Withdraw *the Certification of Default* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation (related document(s)73). (Attachments: 1 Certificate of Service) (MULCAHY, PETER) (Entered: 03/10/2010) |
| 03/10/2010 | 80 | Hearing Held on 73 Certification of Default of *the Stipulation of Settlement* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation . Certification of Default Withdrawn (G., Jeanette) (Entered: 03/11/2010) |
| 07/02/2010 | 81 (2 pgs; 2 docs) | Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER Represented by WILLIAM C. MILLER2 (Counsel). (Attachments: 1 Proposed Order) (MILLER2, WILLIAM) (Entered: 07/02/2010) |
| 07/02/2010 | 82 (1 pg) | Notice of (related document(s): 81 motion Motion to Dismiss Case for Failure to Make Plan Payments ) Filed by WILLIAM C. MILLER. Hearing scheduled 8/12/2010 at 09:30 AM at nix3 - Courtroom #3. (MILLER2, WILLIAM) (Entered: 07/02/2010) |
| 07/02/2010 | 83 (1 pg) | Certificate of Service Filed by WILLIAM C. MILLER2 on behalf of WILLIAM C. MILLER (related document(s)82, 81). (MILLER2, WILLIAM) (Entered: 07/02/2010) |

| | | |
|---|---|---|
| 08/12/2010 | 84 | Hearing Continued on 81 Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER. Hearing scheduled 9/23/2010 at 09:30 AM at nix3 - Courtroom #3. (G., Jeanette) Modified on 8/26/2010 (R., Joan). (Entered: 08/12/2010) |
| 08/26/2010 | | Corrective Entry re:Continued hearing on Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER - changed hearing date from 9/3/10 to **9/23/2010** at 09:30 AM at nix3 - Courtroom #3 (related document(s) 84 ). (R., Joan) (Entered: 08/26/2010) |
| 09/23/2010 | 85 | Hearing Held on Motion to Dismiss Case for Failure to Make Plan Payments filed by Trustee WILLIAM C. MILLER (related document(s),81). Motion to dismiss withdrawn (G., Jeanette) (Entered: 09/24/2010) |
| 10/27/2010 | 86 (2 pgs; 2 docs) | Motion to Dismiss Case for Failure to Make Plan Payments Filed by WILLIAM C. MILLER Represented by WILLIAM C. MILLER2 (Counsel). (Attachments: 1 Proposed Order) (MILLER2, WILLIAM) (Entered: 10/27/2010) |
| 10/27/2010 | 87 (1 pg) | Notice of (related document(s): 86 motion Motion to Dismiss Case for Failure to Make Plan Payments ) Filed by WILLIAM C. MILLER. Hearing scheduled 12/30/2010 at 09:30 AM at nix3 - Courtroom #3. (MILLER2, WILLIAM) (Entered: 10/27/2010) |
| 10/27/2010 | 88 (1 pg) | Certificate of Service Filed by WILLIAM C. MILLER2 on behalf of WILLIAM C. MILLER (related document(s)86, 87). (MILLER2, WILLIAM) (Entered: 10/27/2010) |
| 12/30/2010 | 89 | Hearing Held on Trustee's Motion to Dismiss Case. Motion to dismiss withdrawn. (G., Jeanette) (Entered: 12/30/2010) |
| 03/30/2011 | 90 (7 pgs; 5 docs) | Certification of Default of *the Stipulation of Settlement* Filed by PETER J. MULCAHY on behalf of GMAC Mortgage Corporation (related document (s)65, 60, 67). (Attachments: 1 Exhibit, Default Letter2 Proposed Order 3 Exhibit, Stipulation4 Certificate of Service) (MULCAHY, PETER) (Entered: 03/30/2011) |

| | | |
|---|---|---|
| 04/07/2011 | 91<br>(1 pg) | Order Granting Motion For Relief From Stay Filed by GMAC Mortgage Corporation *9(Related Doc # 60) (G., Jeanette) (Entered: 04/07/2011) |
| 04/09/2011 | 92<br>(2 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 91)). No. of Notices: 7. Service Date 04/09/2011. (Admin.) (Entered: 04/10/2011) |
| 04/15/2011 | | Received Unclaimed Funds in the amount of $2.00 on receipt #233020 for Simona Robinson. (C., Denine) (Entered: 04/18/2011) |
| 05/26/2011 | 93<br>(2 pgs) | Chapter 13 Trustee's Final Report Closed Completed. Filed by WILLIAM C. MILLER. (MILLER2, WILLIAM) (Entered: 05/26/2011) |
| 05/27/2011 | 94<br>(1 pg) | Notice of Objection to Discharge (related document(s)93). Last day to oppose discharge or dischargeability is 6/26/2011. (G., Jeanette) (Entered: 05/27/2011) |
| 05/29/2011 | 95<br>(3 pgs) | BNC Certificate of Mailing - Notice of Objection to Discharge. Number of Notices Mailed: (related document(s) (Related Doc # 94)). No. of Notices: 21. Service Date 05/29/2011. (Admin.) (Entered: 05/30/2011) |
| 07/18/2011 | 96<br>(2 pgs) | Order Discharging Debtor. (G., Jeanette) (Entered: 07/18/2011) |
| 07/18/2011 | 97<br>(1 pg) | Order approving Trustee's Report, discharging trustee and closing case . (G., Jeanette) (Entered: 07/18/2011) |
| 07/20/2011 | 98<br>(3 pgs) | BNC Certificate of Mailing - Order of Discharge. Number of Notices Mailed: (related document(s) (Related Doc # 96)). No. of Notices: 17. Service Date 07/20/2011. (Admin.) (Entered: 07/21/2011) |
| 07/20/2011 | 99<br>(2 pgs) | BNC Certificate of Mailing -Order to Close Case. Number of Notices Mailed: (related document(s) (Related Doc # 97)). No. of Notices: 3. Service Date 07/20/2011. (Admin.) (Entered: 07/21/2011) |
| 07/21/2011 | | Bankruptcy Case Terminated for Statistical Purposes. (G., Jeanette) (Entered: 07/21/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/17/2013 10:02:02 | | | |
| **PACER Login:** | mf1354 | **Client Code:** | 2181-0000083-14078 |
| **Description:** | Docket Report | **Search Criteria:** | 05-31800-jkf Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 9 | **Cost:** | 0.90 |

## <u>Exhibit C</u>

**Chapter 13 Plan**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                     :        CHAPTER 13
Simona Robinson

         DEBTOR          :     BKY. NO.  05-31800DWS

### FIRST MODIFIED CHAPTER 13 PLAN- DATE – 01/20/2006

(a)     The Debtor(s) submits all or such portion of his future income to the control of the trustee as is, or may be, necessary for the execution of plan.  The debtor or debtor's employer shall pay to the trustee the sum of **$239.00 each month for a period of (5) months AND $299.00 each month for a period of 55 months** to be distributed by the trustee under the plan.

(b)     All claims entitled to priority under 11 U.S.C. 507 shall be paid in full in deferred cash payments as required by 11 U.S.C. 1322 (a)(2) in the manner indicated on the Claims Docket on file with the Clerk (Claims Register).

(c)     Other claims duly filed and allowed or deemed allowed shall be discharged by payment to the extent and in the manner indicated on the remarks and interlineation made thereon, is incorporated in and made a part of this plan as modified.

(d)     Specific or fixed monthly payments to certain creditors, if any, are noted opposite the name and address of creditor or creditors to receive such specific payment or payments.  The remaining funds shall be paid top all other creditors in a manner that provides the same treatment for each claim within a particular class. In no event shall the amount to be distributed to each creditor under the plan be less than the value (as of the effective date of the plan) of the property upon which such creditor had an enforceable lien, plus the amount if any, that would be paid such claim if the estate of the debtor were to be liquidated under Chapter 7 Title 11 of the United States Code.

(e)     With respect to each allowed secured claim:

        (i)     the holder of each such claim shall retain the lien securing such claim, and

(ii)     the holder of such claim shall be paid cash in such amounts as to have a value, as of the effective date of the plan, that is not less than the allowed amount of such claim, or the debtor may surrender the security.

(f)     The payments to the trustee shall be made in installments conforming to the debtor's pay periods over a period of 60 months in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. 507, the present value of all allowed secured claims.  The debtor's total payments to the trustee under the plan shall not be less than **$17,640.00.**

(g)     Debtor hereby avoids all liens avoidable under 522(f)1

(h)     Debtor intends to pay unsecured creditors a pro-rata distribution of balance, if any.

<u>CERTIFICATE</u>

_____ No Creditors are entitled to service of a copy of this modified plan.

__X__ Required Creditors and Parties of Interest have been served with a copy of this modified plan.

DATED: January 20, 2006                    _____/s/_____(DEBTOR)


                                           _____(DEBTOR)

Case 05-31800-jkf Doc 10-1 Filed 02/20/06 Entered 02/20/06 15:32:37 Desc 1st Modified Plan and Amended Summary Page 1 of 1

12-1202 amsc Doc 526-12-1 Filed 10/02/13 Entered 10/02/13 05:45:37 Exhibits A Ex to Declaration Pg 26 of 101

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              :         CHAPTER 13
Simona Robinson


DEBTOR                              :         BKY. NO.  05-31800DWS

### FIRST MODIFIED PLAN AND AMENDED PLAN SUMMARY

$239.00 X 5 AND $299.00 X 55 = $17,640.00 TOTAL BASE AMOUNT


(A)    CIBIK & CATALDO         $1,500.00

       IRS                      $3,037.11


(B)    GMAC                    Arrears of $11,721.54 with regular post petition.


(C)    Pro Rata Distribution to Unsecured Creditors


DATE:  January 20, 2006          _____s/_____
                                 MICHAEL A. CATALDO, ESQUIRE
                                 CIBIK & CATALDO, P.C.
                                 437 CHESTNUT STREET, STE. 1000
                                 PHILADELPHIA, PA 19106
                                 (215) 735-1060

**Exhibit D**

**Order Confirming Chapter 13 Plan**

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

---

In Re: Simona Robinson

        Debtor(s)

Case No: 05−31800−dws

Chapter: 13

---

### ORDER CONFIRMING PLAN UNDER CHAPTER 13

AND NOW, this March 9, 2006 , upon consideration of the plan submitted by the debtor under chapter 13 of title 11 U.S.C. and the standing trustee's report which has been filed; and it appearing that:

A. a meeting of creditors upon notice pursuant to 11 U.S.C. 341 (a) and a confirmation hearing upon notice having been held;

B. the plan complies with the provisions of 11 U.S.C. 1322 and 1325 and with other applicable provisions of title 11 U.S.C.;

C. any fee, charge or amount required under chapter 13 of title 28 or by the plan, to be paid before confirmation, has been paid;

D. the plan has been proposed in good faith and not by any means forbidden by law;

E. the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claims if the estate of the debtor were liquidated under chapter 7 of title 11 on such date;

F. with respect to each allowed secured claim provided for by the plan–

(1) the holder of such claims has accepted the plan;

(2) (a) the plan provides that the holder of such claim retain the lien securing such claim, and

(b) the value, as of the effective date of the plan, of property to be distributed under the plan on account of                     such claims is not less than the allowed amount of such claim; or

(3) the debtor has agreed to surrender or has surrendered the property securing such claim to such holder of               the claim; and

G. the debtor will be able to make all payments under the plan and to comply with the plan;

WHEREFORE, it is ORDERED:

1. that the plan is CONFIRMED

2. that pursuant to 11 U.S.C. 1327 the provisions of the confirmed plan bind the debtor and each of the creditors of the debtor, whether or not the claim of such creditor is provided for by the plan, and whether or not said creditor has objected to, has accepted or has rejected the plan; and

3. that all property of the estate, including any income, earnings, other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the plan shall revest in the debtor(s); provided, however, that no property received by the trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the plan.

Diane W. Sigmund
Chief Judge , United States Bankruptcy Court

15
Form 155

## **Exhibit E**

## **Chapter 13 Discharge Order**

B18W (Form 18W) (08/07)

# United States Bankruptcy Court

## Eastern District of Pennsylvania
### Case No. <u>05–31800–jkf</u>
### Chapter 13

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Simona Robinson                    Simona Robinson
3029 S. 70th Street                PO Box 33167
Philadelphia, PA 19151             Philadelphia, PA 19142

Social Security / Individual Taxpayer ID No.:
   xxx–xx–0799                                    xxx–xx–0799

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>7/18/11</u>                      <u>Jean K. FitzSimon</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

Form 18W (08/07)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

## Exhibit F

**Complaint**

12-12020-mg    Doc 5261-21    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 33 of 101
Case 5:12-cv-00181-CMR    Document 1    Filed 01/12/12    Page 1 of 11

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

_____

SIMONA ROBINSON                                    :
                      Plaintiff      :
             v.                          :
                          : Civil Action No.
GMAC MORTGAGE;                                     :
PHELAN HALLINAN & SCHMIEG, LLC,    :
                  Defendants.      :
_____ :

## COMPLAINT

### Introduction

    This is an action by a homeowner against a default servicing company seeking a proper accounting of her mortgage and statutory and actual damages under the Fair Debt Collection Practices Act and punitive and other damages under state law causes of action.


### Venue and Jurisdiction

    1.    Jurisdiction over this matter is conferred upon this Court by 15 U.S.C. §1692 and 28 U.S.C. §§ 1331.  The court has supplemental jurisdiction over her state law claims.

    2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.


### Parties

    3.    Plaintiff Simona Robinson is a natural person residing at 31 Clay Valley Rd., Fleetwood, Pennsylvania 19552.

    4.    GMAC is the servicer of the mortgage as of 2003.  GMAC acquired servicing rights to plaintiff's mortgage loan debt disputed herein when actually or asserted to be in default and

Case 5:12-cv-00181-CMR    Document 1    Filed 01/12/12    Page 2 of 11

therefore GMAC is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. §1692a(6)(F)(iii).  GMAC maintains principal offices at 1100 Virginia Dr., Fort Washington, PA 19034.

5.    Defendant Phelan, Hallinan & Schmieg, LLP ("Law Firm"), is a corporation and law firm engaged solely in the business of debt collection in the Commonwealth of Pennsylvania with principal offices at 1617 JFK Boulevard, Suite 1400, Philadelphia, PA 19103.  Law Firm regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

**Factual Allegations**

6.    Prior to the events hereinafter described, plaintiff fell into arrears on her mortgage loan sometime in early 2003.

7.    On or about July, 2003, Fairbanks filed a foreclosure action on behalf of the owner of the loan, unknown.

8.    Plaintiff and Fairbanks entered into a forbearance agreement for payment of roughly $1700 per month to catch up her arrears.

9.    Despite her best efforts, Plaintiff was unable to afford the forbearance payments and fell back into default.

10.    On or about December, 2003, GMAC sued plaintiff in foreclosure in the Philadelphia Court of Common Pleas, Docket No. 031204166.

11.    On or about September, 2005, Plaintiff filed a chapter 13 bankruptcy in the United Stated Eastern District Bankruptcy Court, No. 05-31800.

12.     On or about October, 2005, GMAC filed a proof of claim in plaintiff's bankruptcy alleging $11,721 for monthly payment arrears and other amounts due.

### 1st Motion for Relief by GMAC

13.     In June, 2006 GMAC filed a Motion for Relief alleging plaintiff had failed to pay $8,189.28 of post petition monthly mortgage payments.

14.     In August, 2006, plaintiff, through bankruptcy counsel, presented proof of payment of all post petition obligations monthly payment and insurance escrow allegedly owed by plaintiff.

15.     In September and October, 2006, plaintiff, through bankruptcy counsel, sent her monthly loan payments to GMAC.

16.     When plaintiff resumed monthly payments to GMAC directly, GMAC returned them in December and January forcing plaintiff to once again use her bankruptcy counsel to send the payments through GMAC's bankruptcy counsel.

17.     When plaintiff resumed monthly payments to GMAC directly in September, 2007, GMAC returned them forcing plaintiff to once again use her bankruptcy counsel to send the payments through GMAC's bankruptcy counsel.

18.     In March, 2008, after letter writing and documentation gathering on behalf of plaintiff by her bankruptcy counsel, GMAC finally withdrew its erroneous Motion.

19.     Throughout 2007 and 2008, plaintiff's bankruptcy counsel continually inquired of Law Firm when plaintiff could resume the standard practice in the Eastern District Bankruptcy Courts of a debtor like plaintiff paying her post petition mortgage payments directly to the mortgagee or its servicer.

20.     Law firm never responded to these queries from plaintiff's bankruptcy counsel.

**2nd Motion for Relief by GMAC**

21.     In 2009, plaintiff fell into arrears on her post petition monthly mortgage payments.

22.     In May, 2009, GMAC filed a 2nd Motion for Relief asserting payments due for January through June, 2009.

23.     The 2nd Motion for Relief was resolved by a stipulation of settlement between plaintiff and GMAC filed in the bankruptcy in July, 2009 by Law Firm.

24.     Although plaintiff paid all payments in compliance with the terms of the settlement, GMAC caused her payment history to reflect all of her 2nd Motion for Relief being applied to catch up arrears to only November, 2008.

**1st Stipulation of Default**

25.     In February, 2010, GMAC sought relief from the automatic stay to foreclose upon plaintiff alleging plaintiff defaulted on the July, 2009 stipulation of settlement terms by failing to pay over $3,000.00.

26.     Plaintiff's counsel filed an objection to GMAC's default pleading on the grounds that there was no factual basis to support any default by plaintiff.

27.     In March, 2010, GMAC withdrew its default pleading.

28.     As of March, 2010, plaintiff was current in her post petition monthly mortgage loan payments.

29.     GMAC failed to apply plaintiff's 3/3/10 payment in the amount of $766.75 or Law Firm lost said payment preventing its application by GMAC to her loan account.

4

Case 5:12-cv-00181-CWH   Document 1   Filed 01/22/13   Page 5 of 11

**2nd Stipulation of Default**

30.     In March, 2011, GMAC filed a stipulation of default alleging plaintiff was in arrears for her February and March, 2011, post-petition monthly mortgage payments.

31.     On or about March 17, 2011, Law Firm sent plaintiff a letter stating that her failure to pay the February and March, 2011 payments caused her to be in default of the July, 2009 2nd Motion for Relief.

32.     When plaintiff made the foregoing statement in its letter it knew or should have known it to be false insofar as the 2nd Motion for Relief addressed a delinquency in payments for the period of January through June, 2009.

33.     Plaintiff paid GMAC the February, March, and April 2011, payments after which time GMAC refused to accept any further payments from plaintiff.

34.     In July, 2011, plaintiff was granted a discharge by the bankruptcy court.

**Fraudulent Post Bankruptcy Collection Efforts**

35.     On or about September 8, 2011, GMAC returned to plaintiff's bankruptcy counsel thousands of dollars in payments made by plaintiff to GMAC in 2011 alleging in an accompanying letter that those payments were insufficient to cure plaintiff's mortgage loan arrears.

36.     GMAC stated in the aforesaid letter that a reinstatement quote should be sought from Law Firm who was handling plaintiff's foreclosure.

37.     In September, 2011, Law Firm sent to plaintiff a Reinstatement letter stating that the loan was due for her September, 2010 payment on.

38.     Law Firm demanded in the Reinstatement letter that plaintiff pay fourteen (14) monthly payments to bring the loan current.

5

39.    Law Firm knew or should have known at the time it prepared the letter that, if plaintiff's loan was due for the period September, 2010 to September, 2011, this would have constituted thirteen (13) payments due.

40.    In November, 2011, Law Firm sent to plaintiff a Reinstatement letter stating that the loan was due GMAC for her August, 2010 payment on demanding plaintiff pay sixteen (16) monthly payments.

41.    In fact, Plaintiff paid GMAC every post-petition monthly mortgage loan payment due until GMAC rejected plaintiff's payments due to its grossly false accounting of plaintiff's loan payments.

42.    Had GMAC accepted plaintiff's payments based on an accurate accounting of plaintiff's loan, plaintiff's loan would be current today.

43.    When defendants sent reinstatement letters in September and November, 2011, demanding monthly payments from September, 2010 and August, 2010, respectively, they knew or should have known that these reinstatement demands were in direct contradiction to its earlier representation to the plaintiff, her counsel, and the U.S. Bankruptcy Court that plaintiff's loan was due for February, 2011.

44.    Defendants maintain their foreclosure action of record against plaintiff, Philadelphia Court of Common Pleas No. 031204166, even though the foreclosure judgment has been satisfied by payments to the chapter 13 trustee in plaintiff's bankruptcy filing.

45.    Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendant's abusive collection conduct.

46.    GMAC's conduct with regards to its servicing of plaintiff's loan herein is part of a

6

pattern and practice of faulty servicing of loans including but not limited to its suspension of home evictions in 23 states after discovering that employees submitted affidavits containing information they did not personally verify, and in some cases not signed in the presence of a notary.

47.     Despite its public protestations of having remedied its servicing deficiencies, GMAC continues its wildly abusive servicing practices in this Commonwealth, e.g. *See* McBurrows v. GMAC, Phila CCP Docket No. 110500876.


**Cause of Action**

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

48.     Plaintiff incorporates the allegations all prior paragraphs by reference.

49.     Defendants are debt collectors within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, because, at the time it became the servicing agent for plaintiff's loan, it regularly collects debts owed to another, and the debt was contractually in default.

50.     Proper accounting by defendants for plaintiff's mortgage loan payments would have determined that plaintiff was not in arrears.

51.     Defendants have continually over nearly five (5) years until the present, both in sworn court filings and in out-of-court correspondence as described in detail herein, misstated to plaintiff the amounts due on Ms. Robinson's debt.

52.     Defendants violated §1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt in its described collection activities including but not limited to:

> a.     Falsely filing a motion for relief in June, 2006 when no post petition payments were due;

    b.   Falsely filing a stipulation of default in February, 2010, when no such default

occurred and no post petition payments were due;

    c.   Falsely creating a post petition default in payments from May, 2011 on in order to

take plaintiff's home in foreclosure.

    53.    Defendants violated §1692f by engaging in unfair or unconscionable means to collect

or attempt to collect a debt by the aforesaid conduct.

## COUNT II - RESPA

    54.    Plaintiff incorporates the allegations all prior paragraphs by reference.

    55.    GMAC is a servicer of a federally related mortgage loan within the meaning of the

Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605.

    56.    GMAC willfully violated the RESPA in one or more of the following ways, by

example only and without limitation:

    a)   By failing to properly and lawfully account for and apply payments made by

the Plaintiff;

    b)   By failing to make appropriate corrections in the Plaintiff's account and

transmit written notification of such correction to the Plaintiff (12 U.S.C.

§2605(e)(2)(A));

    c)   By failing to provide the Plaintiff with a written explanation or clarification

that includes a statement of the reasons that GMAC believed the Plaintiff's

account to be correct and the name and telephone number of an individual

employed by GMAC who could provide assistance to the Plaintiff (12 U.S.C.

§2605(e)(2)(B));

8

d) By failing to provide the Plaintiff with a written explanation or clarification that
included the information requested by the Plaintiff or an explanation of why the
information requested was unavailable or could not be obtained by GMAC and
the name and telephone number of an individual employed by GMAC who could
provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)(C));

e) By providing information regarding any overdue payment owed by the Plaintiff
and relating to the period described in the qualified written request to a consumer
reporting agency during the 60 day period which began on the date of GMAC's
receipt of the qualified written request. (12 U.S.C. §2605(e)(3)).

f) By failing to properly and lawfully investigate and act upon the disputes
enumerated in the Plaintiff's qualified written request (12 U.S.C.
§2605(e)(2)(C)); and

g) By continuing to report a derogatory payment history to the consumer reporting
agency while a response to the qualified written request was due and pending.

57.     As a result of the aforesaid violations of the RESPA, Plaintiff suffered damage to
her credit rating, frustration, aggravation, lost time and energy, and severe emotional distress.

58.     GMAC's abusive servicing practices towards Plaintiff in violation of RESPA are
part of a pattern and practice regarding such conduct entitling plaintiff to statutory damages.

**COUNT III- Abuse of Process**

59.     Plaintiff incorporates the allegations all prior paragraphs by reference.

60.     In order to force payment from plaintiff of more than a year's mortgage payments to

reinstate the loan, Defendants abused the legal process of a foreclosure action by continuing to the

keep the action active even after plaintiff had sent defendants sufficient funds to fully reinstate the

loan.

61.     Defendants' only purpose in continuing the foreclosure action of record is to

intimidate and harass plaintiff with the loss of their home to extort excessive loan payments by

artificially creating and maintaining a default by their continued wrongful refusal to accept funds

from the plaintiff  under the terms of the Note and Mortgage.

62.     Judicial foreclosure proceedings in this Commonwealth are not designed to permit

lenders to unlawfully gain title to and liquidate mortgaged collateral by the manufacture and

enforcement of false loan delinquencies.

63.     By their actions in the aforesaid regard, defendants' actions are extreme, outrageous

and beyond the bounds of civilized conduct entitling plaintiff to punitive damages.

**WHEREFORE**, Plaintiff requests that the Court find that defendants have committed abuse

of process and assess actual and punitive damages against defendants.

## COUNT IV - EQUITY

64.     Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

65.     Plaintiff is entitled to an accurate accounting of her mortgage loan by GMAC.

## JURY DEMAND

66.     Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

10

b.  Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d.  Statutory damages in the amount of $1,000.00 as per 12 U.S.C. §2605(f)(1)(B)
    plus attorney fees;

e.  Actual and Punitive damages for abuse of process;

f.  That the Court grant plaintiff equitable relief such other and further relief as may
    be just and proper.


Dated: <u>January 12, 2012</u>                <u>RC 935</u>
                                        ROBERT P. COCCO, P.C.
                                        Attorney for Plaintiff
                                        By:  Robert P. Cocco, Esquire
                                        Pa. Id. No. 61907
                                        1500 Walnut Street, Suite 900
                                        Philadelphia, PA 19102
                                        215-351-0200

                                        Matthew Weisberg, Esquire
                                        WEISBERG LAW, P.C.
                                        Pa. Id. No. 85570
                                        7 S. Morton Ave.
                                        Morton, PA 19070
                                        (610) 690-0801

## Exhibit G

**Amended Complaint**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

SIMONA ROBINSON        :
        Plaintiff   :
    v.          :
             : Civil Action No.
GMAC MORTGAGE;       :
PHELAN HALLINAN & SCHMIEG, LLC, :
        Defendants. :
             :

---

## FIRST AMENDED COMPLAINT

### I. Introduction

  This is an action by a homeowner against a default servicing company seeking a proper accounting of her mortgage and statutory and actual damages under the Fair Debt Collection Practices Act and punitive and other damages under state law causes of action.

### II. Venue and Jurisdiction

  1.  Jurisdiction over this matter is conferred upon this Court by 15 U.S.C. §1692 and 28 U.S.C. §§ 1331.  The court has supplemental jurisdiction over her state law claims.

  2.  Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### III. Parties

  3.  Plaintiff Simona Robinson is a natural person residing at 31 Clay Valley Rd., Fleetwood, Pennsylvania 19552.

  4.  GMAC is the servicer of the mortgage as of 2003.  GMAC acquired servicing rights to plaintiff's mortgage loan debt disputed herein when actually or asserted to be in default and therefore GMAC is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. §1692a(6)(F)(iii).  GMAC maintains principal offices at 1100 Virginia Dr., Fort Washington, PA

19034.

5.      Defendant Phelan, Hallinan & Schmieg, LLP ("Law Firm"), is a corporation and law

firm engaged solely in the business of debt collection in the Commonwealth of Pennsylvania with

principal offices at 1617 JFK Boulevard, Suite 1400, Philadelphia, PA 19103.  Law Firm regularly

attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C.

§1692a(6).

## IV.    Factual Allegations

6.      Prior to the events hereinafter described, plaintiff fell into arrears on her mortgage

loan sometime in early 2003.

7.      On or about July, 2003, Fairbanks filed a foreclosure action on behalf of the owner of

the loan, unknown.

8.      Plaintiff and Fairbanks entered into a forbearance agreement for payment of roughly

$1700 per month to catch up her arrears.

9.      Despite her best efforts, Plaintiff was unable to afford the forbearance payments and

fell back into default.

10.     On or about December, 2003, GMAC sued plaintiff in foreclosure in the Philadelphia

Court of Common Pleas, Docket No. 031204166.

11.     On or about September, 2005, Plaintiff filed a chapter 13 bankruptcy in the United

Stated Eastern District Bankruptcy Court, No. 05-31800.

12.     On or about October, 2005, GMAC filed a proof of claim in plaintiff's bankruptcy

alleging $11,721 for monthly payment arrears and other amounts due.

Case 5:12-cv-00181-CAR   Document 1   Filed 02/22/12   Page 8 of 12

**1st Motion for Relief by GMAC**

13.      In June, 2006 GMAC filed a Motion for Relief alleging plaintiff had failed to pay

$8,189.28 of post petition monthly mortgage payments.

14.      In August, 2006, plaintiff, through bankruptcy counsel, presented proof of payment of

all post petition obligations monthly payment and insurance escrow allegedly owed by plaintiff.

15.      In September and October, 2006, plaintiff, through bankruptcy counsel, sent her

monthly loan payments to GMAC.

16.      When plaintiff resumed monthly payments to GMAC directly, GMAC returned them

in December and January forcing plaintiff to once again use her bankruptcy counsel to send the

payments through GMAC's bankruptcy counsel.

17.      When plaintiff resumed monthly payments to GMAC directly in September, 2007,

GMAC returned them forcing plaintiff to once again use her bankruptcy counsel to send the

payments through GMAC's bankruptcy counsel.

18.      In March, 2008, after letter writing and documentation gathering on behalf of plaintiff

by her bankruptcy counsel, GMAC finally withdrew its erroneous Motion.

19.      Throughout 2007 and 2008, plaintiff's bankruptcy counsel continually inquired of

Law Firm when plaintiff could resume the standard practice in the Eastern District Bankruptcy

Courts of a debtor like plaintiff paying her post petition mortgage payments directly to the mortgagee

or its servicer.

20.      Law firm never responded to these queries from plaintiff's bankruptcy counsel.

**2nd Motion for Relief by GMAC**

21.      In 2009, plaintiff fell into arrears on her post petition monthly mortgage payments.

3

12-12020-mg    Doc 5261-21    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 48 of 101
Case 5:22-cv-00181-CMR    Document 1    Filed 02/22/12    Page 4 of 12

22.    In May, 2009, GMAC filed a 2nd Motion for Relief asserting payments due for
January through June, 2009.

23.    The 2nd Motion for Relief was resolved by a stipulation of settlement between
plaintiff and GMAC filed in the bankruptcy in July, 2009 by Law Firm.

24.    Although plaintiff paid all payments in compliance with the terms of the settlement,
GMAC caused her payment history to reflect all of her 2nd Motion for Relief being applied to catch
up arrears to only November, 2008.

**1st Stipulation of Default**

25.    In February, 2010, GMAC sought relief from the automatic stay to foreclose upon
plaintiff alleging plaintiff defaulted on the July, 2009 stipulation of settlement terms by failing to pay
over $3,000.00.

26.    Plaintiff's counsel filed an objection to GMAC's default pleading on the grounds that
there was no factual basis to support any default by plaintiff.

27.    In March, 2010, GMAC withdrew its default pleading.

28.    As of March, 2010, plaintiff was current in her post petition monthly mortgage loan
payments.

29.    GMAC failed to apply plaintiff's 3/3/10 payment in the amount of $766.75 or Law
Firm lost said payment preventing its application by GMAC to her loan account.

**2nd Stipulation of Default**

30.    In March, 2011, GMAC filed a stipulation of default alleging plaintiff was in arrears
for her February and March, 2011, post-petition monthly mortgage payments.

31.    On or about March 17, 2011, Law Firm sent plaintiff a letter stating that her failure to

4

pay the February and March, 2011 payments caused her to be in default of the July, 2009 2nd Motion for Relief.

32.      When plaintiff made the foregoing statement in its letter it knew or should have known it to be false insofar as the 2nd Motion for Relief addressed a delinquency in payments for the period of January through June, 2009.

33.      Plaintiff paid GMAC the February, March, and April 2011, payments after which time GMAC refused to accept any further payments from plaintiff.

34.      In July, 2011, plaintiff was granted a discharge by the bankruptcy court.

**False and Deceptive Post Bankruptcy Collection Efforts**

35.      On or about September 8, 2011, GMAC returned to plaintiff's bankruptcy counsel thousands of dollars in payments made by plaintiff to GMAC in 2011 alleging in an accompanying letter that those payments were insufficient to cure plaintiff's mortgage loan arrears.

36.      GMAC stated in the aforesaid letter that a reinstatement quote should be sought from Law Firm who was handling plaintiff's foreclosure.

37.      In September, 2011, Law Firm sent to plaintiff a Reinstatement letter stating that the loan was due for her September, 2010 payment on.

38.      Law Firm demanded in the Reinstatement letter that plaintiff pay fourteen (14) monthly payments to bring the loan current (Reinstatement 1).

39.      When defendants sent Reinstatement 1, they knew or should have known that it falsely stated arrears due by plaintiff in that:

      a.   The reinstatement amount was in direct contradiction to its earlier representation to the plaintiff, her counsel, and the U.S. Bankruptcy Court that plaintiff's loan was due

5

for February, 2011.

    b.    If plaintiff's loan was due for the period September, 2010 to September, 2011, this would have constituted thirteen (13) payments due and not fourteen (14) payments.

40.    On October 5, 2011, plaintiff's bankruptcy counsel emailed Law Firm ("the bankruptcy email") regarding the following issues:

    a.    Proof that all payments had been made by plaintiff March through August, 2011, but returned all payments from February through August, 2011 (see Ex. A, check copies attached thereto withheld from filing for privacy reasons).

    b.    That neither the foreclosure action docket nor the bankruptcy docket since the 2nd Motion for Relief reflected any activity to support the assessment of fees and costs in Reinstatement 1.

    c.    That Law Firm has received the majority of payments for GMAC in the bankruptcy, but had misstated a default in post petition payments by plaintiff five (5) times during the bankruptcy.

41.    In November, 2011, Law Firm sent to plaintiff a Reinstatement letter stating that the loan was due GMAC for her August, 2010 payment on demanding plaintiff pay sixteen (16) monthly payments (Reinstatement 2).

42.    On or about February 12, 2012, after the filing of the instant action, Defendants discontinued the foreclosure action at Philadelphia Court of Common Pleas Docket No. 031204166.

43.    GMAC and Law firm refused plaintiff's payments and falsely stated arrears and legal fees and costs to incorrectly create a default in plaintiff's loan to support continuing the foreclosure action of record as a means to intimidate plaintiff into paying amounts she did not owe.

6

Case 5:12-cv-00181-CMR    Document 1    Filed 02/22/12    Page 7 of 12

44.     Plaintiff has suffered severe emotional distress, anxiety, and embarrassment as a result of defendant's abusive collection conduct.

45.     GMAC's conduct with regards to its servicing of plaintiff's loan herein is part of a pattern and practice of faulty servicing of loans including but not limited to its suspension of home evictions in 23 states after discovering that employees submitted affidavits containing information they did not personally verify, and in some cases not signed in the presence of a notary.

46.     Despite its public protestations of having remedied its servicing deficiencies, GMAC continues its wildly abusive servicing practices in this Commonwealth, e.g. *See* <u>McBurrows v. GMAC</u>, Phila CCP Docket No. 110500876.

## V.    <u>Causes of Action</u>

### <u>COUNT I - FAIR DEBT COLLECTION PRACTICES ACT</u>

47.     Plaintiff incorporates the allegations all prior paragraphs by reference.

48.     Defendants are debt collectors within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, because, at the time it became the servicing agent for plaintiff's loan, it regularly collects debts owed to another, and the debt was contractually in default.

49.     Proper accounting by defendants for plaintiff's mortgage loan payments would have determined that plaintiff was not in arrears.

50.     Defendants have continually over nearly five (5) years until the present, both in sworn court filings and in out-of-court correspondence as described in detail herein, misstated to plaintiff the amounts due on Ms. Robinson's debt.

51.     Defendants violated §1692e(2)(A) by making a false representation of the character,

Case 5:12-cv-00181-CWR  Document 9  Filed 02/22/12  Page 8 of 12

amount, or legal status of any debt in its described collection activities including but not limited to:

    a.   Falsely filing a motion for relief in June, 2006 when no post petition payments were due;

    b.   Falsely filing a stipulation of default in February, 2010, when no such default occurred and no post petition payments were due;

    c.   Falsely creating a post petition default in payments from May, 2011 on in order to take plaintiff's home in foreclosure.

52.    Defendants violated §1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt by the aforesaid conduct.

## COUNT II - RESPA

53.    Plaintiff incorporates the allegations all prior paragraphs by reference.

54.    GMAC is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605.

55.    GMAC willfully violated the RESPA in one or more of the following ways, by example only and without limitation:

    a)   By failing to properly and lawfully account for and apply payments made by the Plaintiff;

    b)   By failing to make appropriate corrections in the Plaintiff's account and transmit written notification of such correction to the Plaintiff (12 U.S.C. §2605(e)(2)(A));

    c)   By failing to provide the Plaintiff with a written explanation or clarification that includes a statement of the reasons that GMAC believed the Plaintiff's

account to be correct and the name and telephone number of an individual employed by GMAC who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)(B));

d)  By failing to provide the Plaintiff with a written explanation or clarification that included the information requested by the Plaintiff or an explanation of why the information requested was unavailable or could not be obtained by GMAC and the name and telephone number of an individual employed by GMAC who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)(C));

e)  By providing information regarding any overdue payment owed by the Plaintiff and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of GMAC's receipt of the qualified written request. (12 U.S.C. §2605(e)(3)).

f)  By failing to properly and lawfully investigate and act upon the disputes enumerated in the Plaintiff's qualified written request (12 U.S.C. §2605(e)(2)(C)); and

g)  By continuing to report a derogatory payment history to the consumer reporting agency while a response to the qualified written request was due and pending.

56.    As a result of the aforesaid violations of the RESPA, Plaintiff suffered damage to her credit rating, frustration, aggravation, lost time and energy, and severe emotional distress.

57.    GMAC's abusive servicing practices towards Plaintiff in violation of RESPA are part of a pattern and practice regarding such conduct entitling plaintiff to statutory damages.

12-12020-mg    Doc 5261-1    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 54 of 101
Case 5:12-cv-00151-CMR    Document 5    Filed 02/22/13    Page 10 of 12

## COUNT III- Abuse of Process

58.    Plaintiff incorporates the allegations all prior paragraphs by reference.

59.    Insofar as plaintiff's bankruptcy had ended July, 2011, Law Firm remained involved
in the collection process regarding plaintiff's GMAC loan solely as foreclosure counsel of record.

60.    The bankruptcy email of October 2011 notified Defendants that there was no factual
or legal basis to maintain the foreclosure action and that the only reason for the default was their own
actions in refusing to accept plaintiff's payments and in concocting legal fees and costs there were
not, in fact, incurred or owed.

61.    Defendants abused the legal process of a foreclosure action by continuing to the keep
the action active even after plaintiff had sent defendants sufficient funds to fully reinstate the loan
and after plaintiff's bankruptcy attorneys had attempted to reinstate the loan.

62.    Defendants' only purpose in continuing the foreclosure action of record was to
intimidate and harass plaintiff with the prospect of loss of her home to extort excessive loan
payments from her by artificially creating and maintaining a default by their continued wrongful
refusal to accept funds from the plaintiff  under the terms of the Note and Mortgage.

63.    Judicial foreclosure proceedings in this Commonwealth are not designed to permit
lenders to unlawfully gain title to and liquidate mortgaged collateral by the manufacture and
enforcement of false loan delinquencies.

64.    By their actions in the aforesaid regard, defendants' actions are extreme, outrageous
and beyond the bounds of civilized conduct entitling plaintiff to punitive damages.

**WHEREFORE**, Plaintiff requests that the Court find that defendants have committed abuse
of process and assess actual and punitive damages against defendants.

10

## COUNT IV - EQUITY

65.    Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

66.    Plaintiff is entitled to an accurate accounting of her mortgage loan by GMAC.

## JURY DEMAND

66.    Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d.   Statutory damages in the amount of $1,000.00 as per 12 U.S.C. §2605(f)(1)(B)

plus attorney fees;

e.   Actual and Punitive damages for abuse of process;

f.    That the Court grant plaintiff equitable relief such other and further relief as may

be just and proper.


Dated: February 20, 2012                    RC 935
                                            ROBERT P. COCCO, P.C.
                                            Attorney for Plaintiff
                                            By:  Robert P. Cocco, Esquire
                                            Pa. Id. No. 61907
                                            1500 Walnut Street, Suite 900
                                            Philadelphia, PA 19102
                                            215-351-0200

                                            Matthew Weisberg, Esquire
                                            WEISBERG LAW, P.C.
                                            Pa. Id. No. 85570
                                            7 S. Morton Ave.

                        11

Morton, PA 19070
(610) 690-0801

## **Exhibit H**

**Mortgage Litigation Docket Report**

United States District Court Eastern District of Pennsylvania          Page 1 of 8
12-12020-mg   Doc 5261-2   Filed 10/02/13   Entered 10/02/13 15:45:27   Exhibits A -
R to Declaration   Pg 58 of 101

STAYED,A/R,STANDARD,SUSPENSE

# United States District Court
## Eastern District of Pennsylvania (Allentown)
## CIVIL DOCKET FOR CASE #: 5:12-cv-00151-CMR

| | |
|---|---|
| ROBINSON v. GMAC MORTGAGE et al | Date Filed: 01/12/2012 |
| Assigned to: HONORABLE CYNTHIA M. RUFE | Date Terminated: 08/13/2012 |
| Cause: 15:1692 Fair Debt Collection Act | Jury Demand: Plaintiff |
| | Nature of Suit: 890 Other Statutes: |
| | Other Statutory Actions |
| | Jurisdiction: Federal Question |

**Plaintiff**

**SIMONA ROBINSON**                    represented by    **ROBERT P. COCCO**
LAW OFFICES OF ROBERT P.
COCCO PC
1500 WALNUT ST., STE 900
PHILADELPHIA, PA 19102
215-351-0200
Fax: 215-922-3874
Email: rcocco@rcn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MATTHEW B. WEISBERG**
WEISBERG LAW PC
7 SOUTH MORTON AVE
MORTON, PA 19070
610-690-0801
Fax: 610-690-0880
Email:
mweisberg@weisberglawoffices.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**GMAC MORTGAGE**                    represented by    **BRIAN M. FLEISCHER**
FLEISCHER FLEISCHER &
SUIGLIA
PLAZA 1000 AT MAINSTREET
SUITE 208
VOORHEES, NJ 08043
856-489-8977
Email: bfleischer@fleischerlaw.com
*ATTORNEY TO BE NOTICED*

United States District Court Eastern District of Pennsylvania                    Page 2 of 8
12-12020-mg    Doc 5261-2    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 59 of 101

**Defendant**

PHELAN HALLINAN &                           represented by    **ALEXIS ARENA**
SCHMIEG, LLC                                               FLASTER/GREENBERG P.C.
                                                          1600 JOHN F. KENNEDY BLVD.
                                                          SUITE 200
                                                          PHILADELPHIA, PA 19103
                                                          215-279-9393
                                                          Email:
                                                          alexis.arena@flastergreenberg.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **KENNETH S. GOODKIND**
                                                          FLASTER GREENBERG PC
                                                          1810 CHAPEL AVE WEST, 3RD FL
                                                          CHERRY HILL, NJ 08001
                                                          856-661-2273
                                                          Fax: 856-661-1919
                                                          Email:
                                                          ken.goodkind@flastergreenberg.com
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/12/2012 | 1 | COMPLAINT against GMAC MORTGAGE, PHELAN HALLINAN & SCHMIEG, LLC ( Filing fee $ 350 receipt number 056082.) filed by SIMONA ROBINSON (Attachments: # 1 Civil Cover Sheet) (mima, ). (Entered: 01/13/2012) |
| 01/12/2012 |   | DEMAND for Trial by Jury by SIMONA ROBINSON. (mima, ) (Entered: 01/13/2012) |
| 01/12/2012 |   | Summons Issued as to GMAC MORTGAGE, PHELAN HALLINAN & SCHMIEG, LLC. Two Forwarded To: Counsel on January 13, 2012 (mima, ) (Entered: 01/13/2012) |
| 01/27/2012 | 2 | SUMMONS Returned Executed by SIMONA ROBINSON re: sean mapp served Summons and Complaint upon PHELAN HALLINAN & SCHMIEG, LLC by personal service. PHELAN HALLINAN & SCHMIEG, LLC served on 1/24/2012, answer due 2/14/2012. (COCCO, ROBERT) (Entered: 01/27/2012) |
| 02/14/2012 | 3 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by PHELAN HALLINAN & SCHMIEG, LLC.. (Attachments: # 1 Memorandum of Law, # 2 Text of Proposed Order)(ARENA, ALEXIS) (Entered: 02/14/2012) |
| 02/14/2012 | 4 | Disclosure Statement Form pursuant to FRCP 7.1 by PHELAN HALLINAN & SCHMIEG, LLC.(ARENA, ALEXIS) (Entered: 02/14/2012) |
| 02/15/2012 | 5 | Disclosure Statement Form pursuant to FRCP 7.1 by PHELAN HALLINAN & SCHMIEG, LLC.(ARENA, ALEXIS) (Entered: 02/15/2012) |

United States District Court Eastern District of Pennsylvania     Page 3 of 8
12-12020-mg   Doc 5261-2   Filed 10/02/13   Entered 10/02/13 15:45:27   Exhibits A -
R to Declaration   Pg 60 of 101

| 02/22/2012 | 6 | FIRST AMENDED COMPLAINT against GMAC MORTGAGE, PHELAN HALLINAN & SCHMIEG, LLC, filed by SIMONA ROBINSON., JURY TRIAL DEMAND, EXHIBITS(rf, ) (Entered: 02/23/2012) |
| 02/22/2012 | | 1 Summons Issued as to GMAC MORTGAGE.forwarded to Plaintiffs Counsel on 2/23/12 (rf, ) (Entered: 02/23/2012) |
| 02/28/2012 | 7 | NOTICE of Appearance by MATTHEW B. WEISBERG on behalf of SIMONA ROBINSON with Certificate of Service(WEISBERG, MATTHEW) (Entered: 02/28/2012) |
| 03/07/2012 | 8 | BRIEF in Support of MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by GMAC MORTGAGE.Brief, Certificate of Service. (Attachments: # 1 Exhibit Exhibits A-F, # 2 Text of Proposed Order, # 3 Certificate of Service)(FLEISCHER, BRIAN) Modified on 3/8/2012 (nd, ). (Entered: 03/07/2012) |
| 03/07/2012 | 9 | Disclosure Statement Form pursuant to FRCP 7.1 including Ally Financial, Inc. by GMAC MORTGAGE.(FLEISCHER, BRIAN) (Entered: 03/07/2012) |
| 03/08/2012 | 10 | Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by PHELAN HALLINAN & SCHMIEG, LLC.. (Attachments: # 1 Proposed order)(ARENA, ALEXIS) (Entered: 03/08/2012) |
| 03/09/2012 | 11 | ORDER THAT DEFENDANT PHELAN HALLINAN & SCHMIEG, LLCS MOTION TO DISMISS THE COMPLAINT (DOC. 3) IS DISMISSED AS MOOT.. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 3/9/12. 3/12/12 ENTERED AND COPIES EMAILED.(rf, ) (Entered: 03/12/2012) |
| 03/27/2012 | 12 | MOTION for Extension of Time to File Response/Reply as to 10 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by SIMONA ROBINSON.Certificate of Service.(COCCO, ROBERT) (Entered: 03/27/2012) |
| 03/28/2012 | 13 | ORDER THAT THE 12 MOTION IS GRANTED. PLAINTIFF SHALL FILE A RESPONSE TO THE MOTION TO DISMISS WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 3/28/12. 3/29/12 ENTERED AND COPIES E-MAILED. (mas, ) (Entered: 03/29/2012) |
| 04/10/2012 | 14 | RESPONSE in Opposition re 10 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by SIMONA ROBINSON. (COCCO, ROBERT) (Entered: 04/10/2012) |
| 04/13/2012 | 15 | MOTION to Amend/Correct 14 Response in Opposition to Motion *to Second Dismiss of Defendant PHS*, MOTION for Extension of Time to File Response/Reply as to 10 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *by Defendant PHS* filed by SIMONA ROBINSON.Memorandum, Certificate of Service.(COCCO, ROBERT) (Entered: 04/13/2012) |
| 04/13/2012 | 16 | Praecipe to Attach Exhibit to Motion Enlarge/Amend , *Rule 11 letter* by SIMONA ROBINSON. (Attachments: # 1 Exhibit)(COCCO, ROBERT) (Entered: 04/13/2012) |

United States District Court Eastern District of Pennsylvania    Page 4 of 8
12-12020-mg    Doc 5261-2    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 61 of 101

| 04/17/2012 | 17 | Statement *of Disclosure Pursuant to Rule 7.1* by PHELAN HALLINAN & SCHMIEG, LLC. (GOODKIND, KENNETH) (Entered: 04/17/2012) |
|---|---|---|
| 04/18/2012 | 18 | RESPONSE in Opposition re 15 MOTION to Amend/Correct 14 Response in Opposition to Motion *to Second Dismiss of Defendant PHS* MOTION for Extension of Time to File Response/Reply as to 10 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *by Defendant PHS* filed by PHELAN HALLINAN & SCHMIEG, LLC. (ARENA, ALEXIS) (Entered: 04/18/2012) |
| 04/18/2012 | 19 | ORDER THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS (DOC. NO. 15) IS GRANTED. PLAINTIFF SHALL FILE AN AMENDED RESPONSE TO THE MOTIONS WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 4/18/2012. 4/19/2012 ENTERED AND COPIES E-MAILED. (ems) (Entered: 04/19/2012) |
| 04/20/2012 | 20 | MOTION for Reconsideration re 19 Order, filed by PHELAN HALLINAN & SCHMIEG, LLC.. (Attachments: # 1 Memorandum of Law, # 2 Exhibit A, # 3 Text of Proposed Order)(GOODKIND, KENNETH) (Entered: 04/20/2012) |
| 04/24/2012 | 21 | ORDER THAT DEFENDANT PEHLAN, HALLINAN & SCHMIEG, LLP'S MOTION FOR RECONSIDERATION OF THE COURT'S 4/18/2012 ORDER (DOC. NO. 20) IS DENIED. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 4/24/2012. 4/24/2012 ENTERED AND COPIES E-MAILED. (ems) (Entered: 04/24/2012) |
| 05/02/2012 | 22 | RESPONSE in Opposition re 8 BRIEF in SUpport of DISMISS FOR FAILURE TO STATE A CLAIM , 10 Second MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , *amended omnibus* filed by SIMONA ROBINSON. (Attachments: # 1 Text of Proposed Order, # 2 cert of service) (COCCO, ROBERT) (Entered: 05/02/2012) |
| 05/09/2012 | 23 | MOTION for Leave to File *an Additional Memorandum* filed by GMAC MORTGAGE.Memorandum. (Attachments: # 1 Exhibit Reply to Plaintiff's Amended Omnibus Response in Opposition, # 2 Text of Proposed Order) (FLEISCHER, BRIAN) (Entered: 05/09/2012) |
| 05/09/2012 | 24 | CERTIFICATE OF SERVICE by GMAC MORTGAGE re 23 MOTION for Leave to File *an Additional Memorandum* (FLEISCHER, BRIAN) (Entered: 05/09/2012) |
| 05/10/2012 | 25 | ORDER THAT GMACM BE GRANTED LEAVE TO FILE THE ATTACHED PROPOSED REPLY TO PLAINTIFFS AMENDED OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT.. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 5/10/12. 5/11/12 ENTERED AND COPIES EMAILED.(rf, ) (Entered: 05/11/2012) |
| 05/10/2012 | 26 | DEFENDANT GMAC MORTGAGE LLCS REPLY TO PLAINTIFFS AMENDED OMNIBUS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT by GMAC |

United States District Court Eastern District of Pennsylvania          Page 5 of 8
12-12020-mg    Doc 5261-2    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 62 of 101

| | | |
|---|---|---|
| | | MORTGAGE. (rf, ) (Entered: 05/11/2012) |
| 05/14/2012 | 27 | MOTION for Leave to File *Reply Memorandum* filed by PHELAN HALLINAN & SCHMIEG, LLC.Reply Memorandum. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(ARENA, ALEXIS) (Entered: 05/14/2012) |
| 05/15/2012 | 28 | RESPONSE in Opposition re 27 MOTION for Leave to File *Reply Memorandum* filed by SIMONA ROBINSON. (WEISBERG, MATTHEW) (Entered: 05/15/2012) |
| 05/15/2012 | 29 | ORDER THAT DEFENDANT PEHLAN, HALLINAN & SCHMIEG, LLPS MOTION FOR LEAVE TO FILE A REPLY (DOC. 27) IS GRANTED. THE CLERK OF COURT IS DIRECTED TO DOCKET THE ATTACHED REPLY.. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 5/15/12. (Attachments: # 1 Exhibit) 5/16/12 ENTERED AND COPIES EMAILED.(rf, ) (Entered: 05/16/2012) |
| 05/15/2012 | 30 | DEFENDANT PHELAN HALLINAN & SCHMIEGS, LLPS REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT by PHELAN HALLINAN & SCHMIEG, LLC. (rf, ) (Entered: 05/16/2012) |
| 05/22/2012 | 31 | NOTICE by GMAC MORTGAGE *of Bankrutcy and Effect of Automatic Stay* (FLEISCHER, BRIAN) (Entered: 05/22/2012) |
| 05/22/2012 | 32 | MOTION for Leave to File Omnibus Sur-Reply to Defendants' Motion to Dismiss filed by SIMONA ROBINSON, Memorandum, Certificate of Service. (Attachments: # 1 Exhibit A)(SUR-REPLY ATTACHED)(COCCO, ROBERT) Modified on 5/23/2012 (md). (Entered: 05/22/2012) |
| 05/24/2012 | 33 | ORDER THAT PLAINTIFFS MOTION TO FILE SUR-REPLY TO DEFENDANTS REPLY TO OMNIBUS RESPONSE TO MOTION TO DISMISS HER FIRST AMENDED COMPLAINT IS GRANTED. THE CLERK IS DIRECTED TO FILE OF RECORD THE SUR-REPLY ATTACHED AS EXHIBIT "A" TO PLAINTIFFS MOTION.. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 5/24/12. 5/25/12 ENTERED AND COPIES EMAILED.(rf, ) (Entered: 05/25/2012) |
| 05/24/2012 | 34 | PLAINTIFFS OMNIBUS SUR-REPLY IN OPPOSITION TO DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT by SIMONA ROBINSON. (rf, ) (Entered: 05/25/2012) |
| 06/27/2012 | 35 | ORDER THAT THIS MATTER IS STAYED AS TO DEFENDANT GMAC MORTGAGE PENDING RESOLUTION OF THE BANKRUPTCY MATTER RELATED TO THIS CASE. FURTHER ORDERED THAT PARTIES SHALL EITHER INDIVIDUALLY OR JOINTLY FILE A WRITTEN REPORT ON OR BEFORE 7/25/12 UPDATING THE COURT ON THE STATUS OF THE RELATED BANKRUPTCY PROCEEDINGS.SIGNED BY HONORABLE CYNTHIA M. RUFE ON 6/27/126/27/12 ENTERED AND COPIES EMAILED (Entered: 06/27/2012) |
| 07/25/2012 | 36 | NOTICE by GMAC MORTGAGE *of Bankruptcy and Effect of Automatic Stay* |

United States District Court Eastern District of Pennsylvania    Page 6 of 8
12-12020-mg   Doc 5261-2   Filed 10/02/13   Entered 10/02/13 15:45:27   Exhibits A -
R to Declaration   Pg 63 of 101

| | | |
|---|---|---|
| | | *(Amended)* (Attachments: # 1 Exhibit)(FLEISCHER, BRIAN) (Entered: 07/25/2012) |
| 07/25/2012 | 37 | NOTICE by SIMONA ROBINSON re 35 Order, Terminate Deadlines and Hearings, Set/Clear Flags,,, *re intent to file motion for relief in GMAC ch 11 proceeding* (COCCO, ROBERT) (Entered: 07/25/2012) |
| 08/09/2012 | 38 | MOTION for Sanctions filed by PHELAN HALLINAN & SCHMIEG, LLC.. (Attachments: # 1 Brief in Support of Motion for Sanctions, # 2 Affidavit of Judith T. Romano, Esq. in Support of Motion for Sanctions, # 3 Text of Proposed Order, # 4 Certificate of Service)(GOODKIND, KENNETH) (Entered: 08/09/2012) |
| 08/09/2012 | 39 | ORDER THAT PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, 11 USC 362, THIS MATTER SHALL BE STAYED AS TO ALL DEFENDANTS, CLAIMS, AND MOTIONS PENDING RESOLUTION OF THE RELATED BANKRUPTCY MATTER CURRENTLY PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR UNTIL THE STAY IS OTHERWISE LIFTED AS TO THE CLAIMS AT ISSUE IN THIS CASE. FURTHER ORDERED THAT PARTIES SHALL, EITHER INDIVIDUALLY OR JOINTLY, FILE A WRITTEN REPORT ON OR BEFORE 9/25/12, UPDATING THE COURT ON THE STATUS OF THE RELATED BANKRUPTCY PROCEEDINGS.. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 8/9/12. 8/10/12 ENTERED AND COPIES EMAILED.(rf, ) (Entered: 08/10/2012) |
| 08/10/2012 | 40 | MOTION to Stay re 38 MOTION for Sanctions filed by SIMONA ROBINSON.Certificate of Service.(WEISBERG, MATTHEW) (Entered: 08/10/2012) |
| 08/13/2012 | 41 | ORDER THAT THE MOTIONS (DOC. NOS. 38 AND 40) ARE DISMISSED WITHOUT PREJUDICE IN LIGHT OF THE COURT'S 8/9/2012 ORDER STAYING THIS MATTER. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 8/13/2012. 8/14/2012 ENTERED AND COPIES E-MAILED. (ems) (Entered: 08/14/2012) |
| 08/13/2012 | 42 | ORDER THAT THE CLERK OF COURT MARK THIS ACTION CLOSED FOR STATISTICAL PURPOSES AND PLACE THE MATTER IN THE CIVIL SUSPENSE FILE. ORDER FURTHER OUTLINED WITHIN.SIGNED BY HONORABLE CYNTHIA M. RUFE ON 8/13/2012. 8/14/2012 ENTERED AND COPIES E-MAILED.(stwe, ) (Entered: 08/14/2012) |
| 09/25/2012 | 43 | STATUS REPORT *Regarding Effect of Automatic Stay* by GMAC MORTGAGE. (FLEISCHER, BRIAN) (Entered: 09/25/2012) |
| 01/10/2013 | 44 | MOTION to Substitute Party *GMAC, and remove matter from suspense status to active docket*, MOTION to Amend/Correct 42 Suspense Order, filed by SIMONA ROBINSON.memorandum, cert of service. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(COCCO, ROBERT) (Entered: 01/10/2013) |
| | | |

United States District Court Eastern District of Pennsylvania     Page 7 of 8
12-12020-mg    Doc 5261-2    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 64 of 101

| 02/20/2013 | 45 | NOTICE re Effect of Automatic Stay re 44 MOTION to Substitute Party *GMAC, and remove matter from suspense status to active docket* MOTION to Amend/Correct 42 Suspense Order, filed by GMAC MORTGAGE. (Attachments: # 1 Certificate of Service)(FLEISCHER, BRIAN) Modified on 2/21/2013 (lisad, ). (Entered: 02/20/2013) |
| 02/27/2013 | 46 | RESPONSE in Opposition re 44 MOTION to Substitute Party *GMAC, and remove matter from suspense status to active docket* MOTION to Amend/Correct 42 Suspense Order, filed by PHELAN HALLINAN & SCHMIEG, LLC. Certificate of Service. (Attachments: # 1 Exhibit A, # 2 Certificate of Service)(ARENA, ALEXIS) Modified on 2/28/2013 (ahf, ). (Entered: 02/27/2013) |
| 02/28/2013 | 47 | REPLY to Response to Motion re 44 MOTION to Substitute Party *GMAC, and remove matter from suspense status to active docket* MOTION to Amend/Correct 42 Suspense Order, filed by SIMONA ROBINSON. (COCCO, ROBERT) (Entered: 02/28/2013) |
| 02/28/2013 | 48 | ORDER THAT PLAINTIFFS MOTION TO REMOVE CASE FROM SUSPENSE AND FOR LEAVE TO AMEND THE COMPLAINT TO SUBSTITUTE DEFENDANT (DOC. 44) IS DENIED. THE MATTER SHALL REMIAN IN STAY AND SUSPENSE PENDING RESOLUTION OF THE RELATED BANKRUPTCY PROCEEEDING OR UNTIL FURTHER ORDER OF THE COURT. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 2/28/13. 3/1/13 ENTERED AND COPIES EMAILED.(rf, ) (Entered: 03/01/2013) |
| 03/12/2013 | 49 | MOTION for Reconsideration re 48 Order, Terminate Deadlines and Hearings,, *and for Leave to Amend* filed by SIMONA ROBINSON.Certificate of Service. (Attachments: # 1 Exhibit A)(WEISBERG, MATTHEW) (Entered: 03/12/2013) |
| 03/25/2013 | 50 | RESPONSE in Opposition re 49 MOTION for Reconsideration re 48 Order, Terminate Deadlines and Hearings,, *and for Leave to Amend* filed by GMAC MORTGAGE. (Attachments: # 1 Exhibit A, # 2 Certificate of Service) (FLEISCHER, BRIAN) (Entered: 03/25/2013) |
| 03/27/2013 | 51 | ORDER THAT PLAINTIFFS MOTION FOR RECONSIDERATION (DOC. 49) IS DISMISSED WITHOUT PREJUDICE. MATTER SHALL REMAIN IN STAY AND SUSPENSE PENDING RESOLUTION OF THE RELATED BANKRUPTCY PROCEEDING OR UNTIL FURTHER COURT ORDER.. SIGNED BY HONORABLE CYNTHIA M. RUFE ON 3/27/13. 3/28/13 ENTERED AND COPIES EMAILED.(rf, ) (Entered: 03/28/2013) |

| **PACER Service Center** | | | |
| **Transaction Receipt** | | | |
| 09/16/2013 18:30:08 | | | |
| **PACER Login:** | mfl354 | **Client Code:** | 21981-0000083-14078 |
| | Docket | **Search** | |

United States District Court Eastern District of Pennsylvania          Page 8 of 8
12-12020-mg    Doc 5261-2    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 65 of 101

| Description: | Report | Criteria: | 5:12-cv-00151-CMR |
|---|---|---|---|
| Billable Pages: | 5 | Cost: | 0.50 |

## <u>Exhibit I</u>

**Order Staying Claims Against GMACM**

12-12020-mg    Doc 5261-81    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 67 of 101
Case 5:12-cv-00151-CMR    Document 35    Filed 06/27/12    Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                      :
**SIMONA ROBINSON,**                  :
                        **Plaintiff,**    :    **CIVIL ACTION**
       **v.**                         :
                                      :    **NO. 12-151**
**GMAC MORTGAGE, et al.,**            :
                        **Defendants.**    :
_____:

### ORDER

**AND NOW**, this 27th day of June 2012, upon consideration of Defendant GMAC

Mortgage's Notice of Bankruptcy and Effect of Automatic Stay (Doc. No. 31) and pursuant to

Section 362 of the Bankruptcy Code, 11 U.S.C. § 362, it is hereby **ORDERED** that this matter

shall be **STAYED** as to Defendant GMAC Mortgage pending resolution of the bankruptcy

matter related to this case.  No motions or any related papers shall be filed as against GMAC

Mortgage by any party and those motions pending which involve claims asserted against GMAC

Mortgage are stayed pending resolution of the bankruptcy proceeding or until the stay is

otherwise lifted as to these claims.

It is **FURTHER ORDERED** that the parties shall, either individually or jointly, file a

written report on or before **July 25, 2012**, updating the Court on the status of the related

bankruptcy proceedings.

It is so **ORDERED.**

                                        **BY THE COURT:**

                                        **/s/ Cynthia M. Rufe**
                                        _____
                                        **CYNTHIA M. RUFE, J.**

## Exhibit J

**July 25, 2012 Letter**

# Weisberg Law, P.C.

*Attorneys at Law*

### 7 South Morton Avenue
### Morton, Pennsylvania 19070
### Ph: 610.690.0801
### Fax: 610.690.0880

Philadelphia County, Pennsylvania
1500 Walnut St., Ste. 1100
Philadelphia, PA 19102

Camden County, New Jersey
Two Aquarium Dr., Ste. 200
Camden, NJ 08103

Web-Site: **www.weisberglawoffices.com**
**E-Mail**: MWEISBERG@WEISBERGLAWOFFICES.COM

*Matthew B. Weisberg*∗^
Graham F. Baird^
Robert P. Cocco~+

∗NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

*Wednesday, July 25, 2012*

Hon. Cynthia Rufe
U.S. Eastern District Court of Pennsylvania

Re:  ROBINSON v. GMAC MORTGAGE et al. 12-cv-151

 Dear Judge Rufe:

Plaintiff intends to file a motion for relief in GMAC's chapter 11 bankruptcy in order to determine a liquidated value of her claims in this litigation and then file a Proof of Claim for said amount in that bankruptcy.

Sincerely,

*Bob Cocco*

For: Weisberg Law, P.C.

MBW/fes

## **Exhibit K**

### **Order Staying Claims Against PHS**

Case 5:12-cv-00151-CMR   Document 39   Filed 08/09/12   Page 1 of 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| SIMONA ROBINSON, | : |
| **Plaintiff,** | : |
| v. | : |
| | : |
| GMAC MORTGAGE, and | : |
| PHELAN HALLINAN & SCHMIEG, LLC, | : |
| **Defendants.** | : |

CIVIL ACTION

NO. 12-151

_____

## ORDER

**AND NOW**, this 9th day of August 2012, upon consideration of Defendant Phelan

Hallinan & Schmieg, LLC's ("PHS") Second Motion to Dismiss for Failure to State a Claim

(Doc. No. 10), Plaintiff's responses in opposition thereto (Doc. Nos. 14, 22), PHS's Reply (Doc.

No. 30), and Plaintiff's sur-reply (Doc. No. 34), and light of the nature of the claims alleged in

the First Amended Complaint, it is hereby **ORDERED** that, pursuant to Section 362 of the

Bankruptcy Code, 11 U.S.C. § 362, this matter shall be **STAYED** as to all Defendants, claims,

and motions pending resolution of the related bankruptcy matter currently pending in the United

States Bankruptcy Court for the Southern District of New York or until the stay is otherwise

lifted as to the claims at issue in this case.[1]

---

[1] By Order dated June 27, 2012, the Court stayed all proceedings as to Defendant GMAC Mortgage in light of GMAC's Notice of Bankruptcy and Effect of Automatic Stay (Doc. No. 31). Upon review of the pleadings in this matter, the Court finds that the nature of the claims as alleged in the First Amended Complaint and the nature of the relationship between Debtor-Defendant GMAC and Defendant PHS, as counsel to GMAC, require that the proceedings be stayed as to both Defendants pending resolution of the bankruptcy matter.

While a court is not required to stay proceedings against a non-debtor co-defendant such as PHS when its debtor co-defendant files for bankruptcy, courts have extended 11 U.S.C. § 362's protections to non-debtor parties when "there is such identity between the debtor and the [non-debtor co-defendant] that the debtor may be said to be the real party defendant and . . . a judgment against the [non-debtor co-defendant] will in effect be judgment or finding against the debtor." McCartney v. Integra Nat'l Bank N., 106 F.3d 506, 510 (3d Cir. 1997); see also In re Phila. Newspapers, LLC, 423 B.R. 98, 104 (E.D. Pa. 2010). Here, the claims asserted against PHS are simultaneously asserted against GMAC, and Plaintiff alleges that PHS acted at the direction of and as an agent for GMAC. Further, Plaintiff does not differentiate between the actions of GMAC and PHS in asserting claims against them; rather, Plaintiff alleges generally that "Defendants" acted unlawfully.

Given the nature of the claims, to allow Plaintiff to proceed against PHS would have the effect of encouraging GMAC to choose to either participate in the proceedings, or be inhibited in the future from adequately defending itself if a judgment has been rendered against PHS. See In re Loewen Grp., Inc. Sec. Litig., No. 98-6740,

It is **FURTHER ORDERED** that the parties shall, either individually or jointly, file a written report on or before **September 25, 2012**, updating the Court on the status of the related bankruptcy proceedings.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

---

2001 WL 530544, at *3 (E.D. Pa. May 16, 2001); Roberts v. We Love Country, Inc., No. 04-5631, 2005 WL 2094843, at *2-3 (E.D. Pa. Aug. 29, 2005). Additionally, to allow this litigation to proceed in a piecemeal fashion would "risk unnecessary duplication of issues and inconsistent relief in any subsequent action taken by plaintiffs against [GMAC], thereby undermining the interest of the courts in the complete, consistent, and efficient settlement of controversies." In re Loewen Group, 2001 WL 530544, at *3.

     Accordingly, consistent with the interest of Defendants in adequately defending themselves, and in the interest of the courts and the public in complete, consistent and efficient settlement of controversies, the Court hereby stays the proceedings as to all defendants, claims, and issues. See Roberts, 2005 WL 2094843, at *1.

## Exhibit L

**Substitution Motion**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____
SIMONA ROBINSON                                        :
                                        Plaintiff ,        :
                v.                                              :
                                                                 : Civil Action No. 12-cv-151
GMAC MORTGAGE;                                       :
PHELAN HALLINAN & SCHMIEG, LLC,        :
                                        Defendants.   :
_____:

**PLAINTIFF'S MOTION TO REMOVE CASE FROM SUSPENSE**
**AND FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE DEFENDANT**

Plaintiff, by and through her counsel, Robert P Cocco and Matthew B. Weisberg, hereby move this Honorable Court to remove this matter from suspense status and for leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 20(a)(2) to substitute for defendant GMAC, Ocwen Loan Servicing LLC, ("Ocwen").   In support thereof, plaintiff alleges as follows:

1. Plaintiff filed this action on January 12, 2013 against her mortgage servicer, GMAC, and GMAC's foreclosure law firm, Phelan Hallinan, for violations of FDCPA, RESPA, and abuse of process in prosecuting a wrongful foreclosure against plaintiff after refusing her attempts to fully reinstate her home mortgage loan.

2. On or about July 25, 2012, GMAC filed notice of its Chapter 11 bankruptcy in this action.

3. On August 25, 2012, this Honorable Court placed the instant matter in suspense pending disposition of the GMAC bankruptcy in regards to any actions taken by plaintiff regarding her claims herein.

4. On or about November 21, 2012, sale of GMAC's servicing rights to Ocwen Loan
Servicing LLC was approved by the bankruptcy court presiding in the Chapter 11
proceeding (Ex. "A" hereto).

5. Rather than file a proof of claim for assets that could not nearly, if at all, satisfy
her claims in this action, plaintiff now seeks by this motion to remove this matter
from suspense for purposes of continuing to prosecute its claims against PHS and
substituting and asserting its claims against the new owner of the servicing rights
to plaintiff's mortgage, Ocwen Loan Servicing LLC.

6. Under 11 U.S.C. §363(o) plaintiff's loan having been subject to Truth in Lending
disclosures, plaintiff is entitled to assert her claims against Ocwen as the
successor in interest to the loan's servicing rights.

WHEREFORE, Plaintiff respectfully requests leave of court to file a Second
Amended Complaint to allege matters as aforesaid (see the proposed amended complaint
attached as Ex. "B").


Dated: Jan. 10, 2013                          RC 935
                                              ROBERT P. COCCO, P.C.
                                              By:  Robert P. Cocco, Esquire
                                              Pa. Id. No. 61907
                                              1500 Walnut Street, Suite 900
                                              Philadelphia, PA 19102
                                              215-351-0200

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA ROBINSON | : |
| Plaintiff , | : |
| v. | : |
| | : Civil Action No. 12-cv-151 |
| GMAC MORTGAGE; | : |
| PHELAN HALLINAN & SCHMIEG, LLC, | : |
| Defendants. | : |
| | : |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION TO REMOVE CASE FROM SUSPENSE
## AND FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE DEFENDANT

### I. ARGUMENT

Pursuant to F.R.C.P. 15, and based on the foregoing Motion for Leave to Amend her First Amended Complaint ("the Motion"), plaintiff moves for leave to amend her allegations against Defendants to more fully set forth the scope of and parties involved in the disputed collection.

F.R.C.P. 15(a) states that "leave [to amend] shall be freely given when justice so requires". There is no statutory bar to amendment of plaintiff's complaint based on relation back doctrine and given Ocwen stepping into the shoes of GMAC as a successor entity.

Plaintiff's subject 1999 mortgage loan to purchase her home was made by a then national mortgage lender with federal Truth in Lending disclosures delivered to plaintiff in connection with the loan's origination (see Ex. "C"). The bankruptcy code, 11 U.S.C. §363(o), states in relevant part:

> **(o)** Notwithstanding subsection (f), if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of

title 16 of the Code of Federal Regulations (January 1, 2004), as amended
from time to time), and if such interest is purchased through a sale under
this section, then such person shall remain subject to all claims and
defenses that are related to such consumer credit transaction or such
consumer credit contract, to the same extent as such person would be
subject to such claims and defenses of the consumer had such interest been
purchased at a sale not under this section.

Ocwen having purchased the servicing rights to plaintiff's loan in an auction
administered by the U.S. bankruptcy court under section 363 as per plaintiff Motion Ex.
A, Ocwen is now "subject to all claims and defenses that are related to such consumer
credit transaction or such consumer credit contract, to the same extent as such person
would be subject to such claims and defenses of the consumer had such interest been
purchased at a sale not under this section."

## II.  **CONCLUSION**

Accordingly, plaintiff respectfully requests entry of an Order granting her Motion
to remove this matter from suspense for leave to amend her Complaint in accordance
with the proposed Second Amended Complaint attached hereto.

Dated: Jan. 10, 2013                                    RC 935
                                                        ROBERT P. COCCO, P.C.
                                                        WEISBERG LAW, P.C.
                                                        Attorneys for Plaintiff

<u>Certificate of Service</u>

    I, Robert P. Cocco, co-counsel for Plaintiffs, hereby certify that I filed the foregoing Motion to amend electronically and that all parties of record have been served electronically.

Dated: Jan. 10, 2013                 <u>/s/ Robert P. Cocco, Esquire</u>
                                       ROBERT P. COCCO, P.C.

## Exhibit M

**GMACM Notice Of Effect Of Automatic Stay**

12-12020-mg    Doc 5261-81    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 80 of 101
Case 5:12-cv-00151-CMR   Document 49   Filed 02/20/13   Page 1 of 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____

Simona Robinson                                    :
                                                   :
               Plaintiff,                          :
                                                   :
        v.                                         : CIVIL ACTION NO.: 5:12-cv-00151
                                                   :
GMAC Mortgage; Phelan, Hallinan &                  :
Schmieg, LLC                                       :
                                                   :
               Defendants.                         :

_____


## EFFECT OF AUTOMATIC STAY
## WITH RESPECT TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND
## SUBSTITUTE A PARTY


        Plaintiff Simona Robinson has filed a Motion to remove this matter from suspense and

for leave to amend the complaint and substitute defendant (the "Motion"). As Your Honor will

recall, Defendant GMAC Mortgage is a debtor in an active bankruptcy case being jointly

administered in the United States Bankruptcy Court for the Southern District of New York,

indexed as case number 12-12020.  As such, the automatic stay remains in effect with respect to

Defendant GMAC Mortgage.  To the extent that the Motion requires a response from Defendant

GMAC Mortgage, the same violates the automatic stay.



                                        By: _/s/ Brian M. Fleischer_
                                             Brian M. Fleischer, Esquire
                                             Fleischer, Fleischer & Suglia
                                             Attorneys for Defendant GMAC Mortgage


Date: February 20, 2013

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Simona Robinson | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO.: 5:12-cv-00151 |
| | : |
| GMAC Mortgage; Phelan, Hallinan & Schmieg, LLC | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Brian M. Fleischer, Esquire, hereby certify that a complete copy of Defendant GMAC Mortgage's letter concerning the Effect of the Automatic Stay with Respect to Plaintiff's Motion to Amend the Complaint and Substitute a party was filed electronically and is available for viewing and downloading from the ECF System.  The attorneys of record for all parties were served electronically on this 20th day of February 2013.


*/s/ Brian M. Fleischer*
Brian M. Fleischer, Esquire
Fleischer, Fleischer & Suglia
Attorneys for Defendant GMAC Mortgage

Date: February 20, 2013


G:\MyFiles\Clients\GMAC\Robinson\Motion to Substitute Defendant and Remove from Suspense\Cert of Service.doc

## <u>Exhibit N</u>

**PHS Opposition to Substitution Motion**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SIMONA ROBINSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 5:12cv00151-CMR |
| | : | |
| v. | : | |
| | : | |
| GMAC MORTGAGE and | : | |
| PHELAN HALLINAN & SCHMIEG, LLP, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**OPPOSITION TO PLAINTIFF'S MOTION TO REMOVE CASE FROM SUSPENSE DOCKET AND TO SUBSTITUTE DEFENDANT**

Defendant Phelan Hallinan, LLP (f/k/a Phelan Hallinan & Schmieg, LLP, and incorrectly identified by Plaintiff as Phelan, Hallinan & Schmeig, LLC in the Complaint; hereinafter "PH-PA") opposes Plaintiff's Motion to Remove this Case from the Suspense Docket and to Substitute Ocwen Loan Servicing, LLC ("Ocwen") for Defendant GMAC Mortgage ("GMAC"), which is undergoing reorganization in the United State Bankruptcy Court for the Southern District of New York.

1. **The Automatic Bankruptcy Stay of Actions Concerning GMAC Continues in Effect;  GMAC'S Bankruptcy Court Retains Exclusive Jurisdiction Over Matters Relating to the GMAC to Ocwen Sale.**

As noted in the Opposition brief of PH-PA's co-defendant GMAC, the automatic stay against GMAC has not been lifted and issues relating to GMAC's liability in this case, and the alleged relationship between GMAC and Ocwen, remain within the exclusive jurisdiction of the Bankruptcy Court.  In staying this action until the automatic stay against GMAC terminated, this Court properly recognized that judicial economy and equity would not be served by allowing the

1

same legal issues to proceed simultaneously before the Bankruptcy Court and before this Court.

Specifically, this Court's August 8, 2012 Order provides:

> [T]he nature of the claims as alleged in the First Amended Complaint and the nature of
> the relationship between Debtor-Defendant GMAC and Defendant PHS, as counsel to
> GMAC, require that the proceedings be stayed as to both Defendants pending resolution
> of the bankruptcy matter. ... Here, the claims asserted against PHS are simultaneously
> asserted against GMAC, and Plaintiff alleges that PHS acted at the direction of and as an
> agent for GMAC. Further, Plaintiff does not differentiate between the actions of GMAC
> and PHS in asserting claims against them; rather, Plaintiff alleges generally that
> 'Defendants' acted unlawfully. ...[T]o allow this litigation to proceed in a piecemeal
> fashion would 'risk unnecessary duplication of issues and inconsistent
> relief...undermining the interest of the courts in the complete, consistent, and efficient
> settlement of controversies.'

*See* August 8, 2012 Order, attached hereto as Exhibit A. The reasoning of the Order remains

applicable. In addition, if this litigation is allowed to proceed against PH-PA and Ocwen in

GMAC's absence, any ruling in this Court's holdings relating to the relationship between GMAC

and Ocwen and Ocwen's alleged succession of GMAC has the potential of interfering and being

inconsistent with Bankruptcy Court rulings and jurisdiction. For example, Plaintiff alleges in her

Motion that "[P]laintiff is entitled to assert her claims against Ocwen as the successor in interest

to the loan's servicing rights," pursuant to the Bankruptcy Court Order attached to her Motion.

However, the Bankruptcy Court's Order does not support that unsubstantiated allegation

by Plaintiff.[1] In any event, these questions are properly within the purview of the Bankruptcy

Court. With the Bankruptcy Automatic Stay in effect issues related to whether or not Ocwen is

GMAC's successor in interest must properly await determination by the Bankruptcy Court.

Similarly, Plaintiff's Motion alleges that she is opting to proceed against PH-PA and

Ocwen in this fashion "rather than filing a proof of claim for assets that could not nearly, if at all,

---

[1] The Bankruptcy Court's Order is to the contrary. Among other things, any liability that GMAC
had to Plaintiff would be a "Retained Liability" under the Bankruptcy Court's Order, which states
in § 2.8 that "[GMAC] shall retain and be responsible for all Retained Liabilities and [Ocwen]
shall not have any obligation of any nature or kind with respect thereto."

2

12-12020-mg   Doc 5261-81   Filed 10/02/13   Entered 10/02/13 15:45:27   Exhibits A -
R to Declaration   Pg 85 of 101
Case 5:12-cv-00181-CMR   Document 40-6   Filed 02/11/13   Page 3 of 4

satisfy her claims in this action" in the GMAC Bankruptcy case. It is a fundamental precept of bankruptcy law that creditors must submit their claims to the Bankruptcy Court for determination. The Bankruptcy Code prohibits the chaos of "every creditor for itself" in favor of an orderly distribution scheme. Plainly, the Bankruptcy Court, not this Court, is where the determinations should be made regarding Plaintiff's claims, how they would or would not be satisfied, and how GMAC's assets will be distributed. If Plaintiff elected not to file a proof of claim against GMAC in the bankruptcy proceeding due to her legally irrelevant belief that she was entitled to do so because she thinks GMAC did not have sufficient assets, she is hardly entitled to now subvert the Bankruptcy Code by prosecuting her claims elsewhere.

**2.     Since GMAC Is a Necessary Party and Plaintiff Has Not Obtained Relief from the Automatic Stay, Plaintiff's Motion Should Be Denied.**

This Court also previously recognized that "[g]iven the nature of the claims, to allow Plaintiff to proceed against [PH-PA] would have the effect of encouraging GMAC to choose to either participate in the proceedings, or to be inhibited in the future from adequately defending itself if a judgment has been rendered against [PH-PA]." See Exhibit. A. Likewise, the Court recognized PH-PA's right to have GMAC' participate in this case, expressly noting that ***both*** defendants have an interest in adequately defending themselves through the participation of all necessary parties to the proceeding. *Id*. Certainly, if Ocwen disputes that it is GMAC's successor in interest and that Ocwen assumed any liability of GMAC to Plaintiff, as Ocwen would presumably do because of the terms of the Bankruptcy Court's Order, then Ocwen will not and cannot adequately step into GMAC's shoes in this litigation. Granting Plaintiff's Motion and allowing the litigation to proceed without GMAC would impair PH-PA's right to adequately defend itself as to any claims asserted by Plaintiff, Ocwen, and/or GMAC. PH-PA has a right to have GMAC participate in this proceeding given the nature of Plaintiff's allegations which, as

this Court noted, just refer generally to the same unlawful conduct by "Defendants" GMAC and

PH-PA.

For the foregoing reasons, Defendant PH-PA respectfully requests that the Court deny

with Prejudice Plaintiff's Motion to Remove this Case from the Suspense Docket and to Amend

the Complaint to Substitute a Defendant, and  grant PH-PA such other relief as is just and proper,

including an award of its costs, including counsel fees..

Respectfully submitted,


By:   */s/Alexis Arena*
　　　Kenneth Goodkind, Esq.
　　　Alexis Arena, Esq.
　　　FLASTER/GREENBERG P.C.
　　　1600 John F. Kennedy Blvd., 2nd Floor
　　　Philadelphia, PA  19103
　　　*Attorneys for Defendant Phelan Hallinan, LLP*

Dated:  February 27, 2013

4

## **Exhibit O**

**Reply In Support Of Substitution Motion**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA ROBINSON<br><br>        v.<br><br>GMAC MORTGAGE;<br>PHELAN HALLINAN & SCHMIEG, LLC, | Civil Action No. 5:12-cv-151 |

### PLAINTIFF'S REPLY TO DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S MOTION TO REMOVE CASE FROM SUSPENSE AND FOR LEAVE TO AMEND COMPLAINT TO SUBSTITUTE DEFENDANT

**I.    Introduction**

Defendants, a default mortgage servicer, GMAC, and their collection law firm, PHS, contest substituting Ocwen Loan Servicing, purchaser of GMAC's servicing rights to plaintiff's loan in GMAC's chapter 11 filing, and further contest reinstating the instant action on such basis. Defendants argue, without foundation in fact or law, that the Delaware bankruptcy court presiding over GMAC's chapter 11 filing retains sole jurisdiction over the purchased servicing rights. Based thereon, defendants jointly contest this Court's ability to substitute Ocwen for GMAC and allow plaintiff to continue prosecution of this litigation.   To the contrary, the servicing assets having been sold out of the bankruptcy deprives the Bankruptcy Court of continued jurisdiction under the facts and the Bankruptcy Code.

Plaintiff is suing defendants under the FDCPA and RESPA for falsely alleging amounts due and failure to account as well as for abuse of process for failing to accept plaintiff's reinstatement payments and discontinue the foreclosure litigation.

**II.    Argument**

**A.  Ocwen's Successor Liability is Not Determined by the Bankruptcy Code**

GMAC's sole argument in its one (1) page motion response is that the automatic stay remains in effect as to the servicing assets sold out of the bankrupt estate to Ocwen. This argument is contradicted by the facts and the Bankruptcy Code itself.

Plaintiff's subject loan is a consumer credit transaction involving refinance of a pre-existing loan secured by a mortgage upon her primary residence. Defendants do not contest in their respective responses that the servicing rights to plaintiff's loan were sold by GMAC to Ocwen in the chapter 11 bulk sale of such rights. To the extent that plaintiff's claims relate to an Asset now sold out of the bankrupt estate of GMAC, those claims are no longer governed by the Bankruptcy Code as stated under 11 U.S.C. §363(o):

> (o) Notwithstanding subsection (f), if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, *to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section* [emphasis added].

Ocwen being the "person" who purchased an interest in plaintiff's loan transaction, 363(o)'s application to the instant facts dictates that the determination of Ocwen's successor liability claimed by plaintiff be made as if Ocwen's interest in plaintiff's loan servicing rights "been purchased at a sale <u>not</u> under this section [of the Bankruptcy Code]". Hence, 363(o) authorizes this Court to address the successor liability issue for plaintiff's claims outside the context of the bankruptcy or the bankruptcy sale.

### B. Defendant GMAC Does Not Have Standing to Dispute Ocwen's Successor Liability

Because Plaintiff's claims are no longer being asserted against any of the Rescap/GMAC debtors, any successor liability by Ocwen will not impact the Rescap/GMAC bankruptcy.

Accordingly, defendant GMAC no longer even has standing to oppose the substitution of Ocwen based on the sale of its servicing rights and 363(o).

### C. Defendant PHS Wrongly Argues the Asset Purchase Agreement ("APA") Prevents Ocwen's Successor Liability

Defendant PHS confuses the issue raised by plaintiff's motion - whether plaintiff can proceed against Ocwen as GMAC's successor under 363(o) - with the issue of whether Ocwen can seek indemnification from GMAC under the APA should plaintiff's claims be successful. More specifically, PHS argues in a footnote to its response that plaintiff's claims against GMAC are a retained liability of GMAC per the following clause from the APA:

> **Section 2.8 Retained Liabilities**.  Sellers shall retain and be responsible for all Retained Liabilities and Purchaser shall not have any obligation of any nature or kind with respect thereto.

Although not cited by PHS in its offhand argument in this regard, "Retained Liabilities" are defined by the APA Section 1.1 as "any and all Liabilities of …Seller arising under, in connection with or otherwise related to (a) any action, … including any Claim or defense that is not discharged in the Bankruptcy Case, as a result of the operation of Section 363(o) of the Bankruptcy Code…".  So GMAC must retain liability for any such consumer claims against GMAC relating to assets purchased by Ocwen that survive its chapter 11 bankruptcy by virtue of 363(o) exemption for such claims. Then, Ocwen, not defendants, can return to the Bankruptcy Court to seek indemnification from GMAC under the APA for any such liability assessed against should plaintiff's instant claims surviving under 363(o) be successful. However, nowhere in the APA or the Bankruptcy Court's Order approving the APA does it state that consumer claims surviving under 363(o) are within the Bankruptcy Court's retained jurisdiction for further decision. Indeed, this would contradict the reason for 363(o)'s existence, i.e. to preserve

consumer claims arising from TILA related credit contracts as if the sale of those contracts had not occurred at all in the Bankruptcy Court per the provision's express language to this effect.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to substitute Ocwen for GMAC and to reinstate this matter to the active docket should be granted.

Dated: February 28, 2013                          RC 935
                                                  ROBERT P. COCCO, P.C.
                                                  By:  Robert P. Cocco, Esquire
                                                  Pa. Id. No. 61907
                                                  1500 Walnut Street, Suite 900
                                                  Philadelphia, PA 19102
                                                  215-351-0200

                                                  WEISBERG LAW, P.C.
                                                  /s/Matthew B. Weisberg
                                                  7 SOUTH MORTON AVE.
                                                  MORTON, PA  19070
                                                  610-690-0801
                                                  Attorneys for Plaintiff

Certificate of Service


   I, Robert P. Cocco, counsel for Plaintiff, hereby certify that I filed the foregoing Reply brief electronically and that all parties of record have been served via ECF email.




Dated: Feb. 28, 2013                    /s/ Robert P. Cocco

## Exhibit P

**Order Denying Substitution Motion**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONA ROBINSON, | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 12-151** |
| GMAC MORTGAGE, and | : | |
| PHELAN HALLINAN & SCHMIEG, LLP, | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

**AND NOW**, this 28th day of February 2013, upon consideration of Plaintiff's Motion to Remove Case from Suspense and for Leave to Amend the Complaint to Substitute Defendant (Doc. No. 44), Defendant Phelan Hallinan & Schmieg, LLP's Response in Opposition thereto (Doc. No. 46), and Defendant GMAC Mortgage's Notice (Doc. No. 45), it is hereby **ORDERED** that the Motion is **DENIED.**[1]

This matter shall **REMAIN** in stay and suspense pending resolution of the related bankruptcy proceeding or until further order of the Court.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

---

[1] By Order dated August 9, 2012, the Court placed this matter in suspense in light of Defendant GMAC Mortgage's filing for bankruptcy. The Court found that though it was not *required* to stay the matter as to Defendant Phelan Hallinan & Schmieg, LLP as a non-debtor co-defendant, given the relationship of the parties and the nature of the claims alleged in the Amended Complaint, 11 U.S.C. § 362's protection should be extended to the entire action. See Doc. No. 39.

Plaintiff now requests that the Court remove this case from suspense and grant her leave to file a second amended complaint to substitute Ocwen Loan Servicing LLC for Defendant GMAC. Plaintiff argues that Ocwen is Defendant GMAC's successor in interest by virtue of the bankruptcy court's November 21, 2012 order, and therefore, that Ocwen is a proper party in this action. Plaintiff asserts that once Ocwen is named as the proper party the case may proceed without violating the automatic stay. The Court disagrees.

The bankruptcy court has not determined whether Plaintiff's claims are properly asserted against Ocwen or whether GMAC has retained liability. Should this Court grant Plaintiff's Motion, this ruling has the potential of being inconsistent with rulings of the bankruptcy court and interfering with the bankruptcy court's jurisdiction. Further, a favorable ruling on this issue could impair the rights of GMAC, which cannot be compelled to participate in the action at this time. The Court finds that judicial economy and equity do not favor removing this case from suspense. Accordingly, Plaintiff's Motion is denied.

## <u>Exhibit Q</u>

**Motion For Reconsideration**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

SIMONA ROBINSON                          :
                                         :
                    Plaintiff,           :      No.:   12-0151
                                         :
          v.                             :
                                         :
GMAC MORTGAGE, et al.                    :
                                         :
                    Defendants.          :      JURY TRIAL DEMANDED

## <u>ORDER</u>

    AND NOW this _____ day of _____, 2013, upon consideration of Plaintiff's

Motion for Reconsideration Re: Order denying Plaintiff's Motion to Remove Case from

Suspense Status and for Leave to Amend, and any response thereto, it is hereby ORDERED and

DECREED that Plaintiff's Motion for Reconsideration is GRANTED, this Honorable Court's

Order denying Plaintiff's Motion to Remove, et al., is VACATED, and Plaintiff's Motion to

Remove, et al., is GRANTED consistent with that Motion's proposed order.

    **AND IT IS SO ORDERED.**


                                   _____
                                   Cynthia M. Rufe                    ,J.

12-12020-mg   Doc 5260-1   Filed 10/02/13   Entered 10/02/13 15:45:27   Exhibits A -
R to Declaration   Pg 97 of 101
Case 5:12-cv-00151-CMR   Document 49   Filed 09/12/13   Page 2 of 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

SIMONA ROBINSON                          :
                                         :
                    Plaintiff,           :        No.:   12-0151
                                         :
          v.                             :
                                         :
GMAC MORTGAGE, et al.                    :
                                         :
                    Defendants.          :        JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS HONORABLE**
**COURT'S ORDER (DOCKET NO. 48) DENYING PLAINTIFF'S MOTION TO**
**REMOVE CASE FROM SUSPENSE AND FOR LEAVE TO AMEND**

Respectfully requesting reconsideration of this Honorable Court's Order (Docket No. 48)

denying Plaintiff's Motion to Remove Case from Suspense and for Leave to Amend:

1.      Dated February 28, 2013, this Honorable Court denied Plaintiff's Motion to Remove

from Suspense and for Leave to Amend the Complaint.  (Docket No. 48).

2.      Pursuant to FRCP 60, Plaintiff respectfully requests this Honorable Court's

reconsideration of the aforesaid order.

3.      Respectfully requesting reconsideration, it appearing the order was dated February 28,

2013, Plaintiff respectfully presumes that Order and accompanying memorandum drafted by this

Honorable Court *prior* to this Honorable Court's receipt and review of Plaintiff's Reply

Memorandum in support of Plaintiff's underlying Motion to Remove, et al.  To wit, this

Honorable Court's memorandum opinion accompanying its Order appears not to have reflected

that Reply's filing and review – specifically, the Reply's standing and §363(o) arguments.

4.      In any event, Plaintiff's Reply's aforestated arguments respectfully undermine this

Honorable Court's subject opinion; thus, reconsideration is respectfully warranted.

5.      Notwithstanding any of the foregoing, Plaintiff posits here additional concerns: (1) the

subject bankruptcy is complex and likely will last years which, without this Honorable Court

granting Plaintiff's underlying Motion to Remove, will effectively stay this matter

contemporaneous; and (2) the instant action's stay is in direct contrast to putative Defendant,

Ocwen's ongoing collection efforts.  (Exh. A).  Said differently, this Honorable Court's Order

will effectively stay the instant matter for years while Plaintiff will still be subject to Ocwen's

FDCPA violative collection efforts.

WHEREFORE, Plaintiff respectfully requests this Honorable Court reconsider its Order

denying Plaintiff's Motion to Remove from suspense and amend consistent with the attached

proposed order.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg_____
MATTHEW B. WEISBERG
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| SIMONA ROBINSON | : | | |
| | : | | |
| Plaintiff, | : | No.: | 12-0151 |
| | : | | |
| v. | : | | |
| | : | | |
| GMAC MORTGAGE, et al. | : | | |
| | : | | |
| Defendants. | : | JURY TRIAL DEMANDED | |

**CERTIFICATE OF SERVICE**

    I, Matthew B. Weisberg, Esquire, hereby certify that on this 12th day of March, 2012, a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration of this Honorable Court's Order (Docket No. 48) denying Plaintiff's Motion to Remove Case from Suspense and for Leave to Amend was served via ECF upon the following parties:

Brian M. Fleischer, Esq.
Fleischer Fleischer & Suiglia
Plaza 1000 at Mainstreet
Suite 208
Voorhees, NJ 08043

Alexis Arena, Esq.
Flaster Greenberg, P.C.
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103

Kenneth S. Goodkind, Esq.
Flaster Greenberg, P.C.
1810 Chapel Ave West, 3rd Floor
Cherry Hill, NJ 08001

                **WEISBERG LAW, P.C.**


                /s/ Matthew B. Weisberg
                MATTHEW B. WEISBERG
                Attorney for Plaintiff

## Exhibit R

**Order Denying Motion For Reconsideration**

12-12020-mg    Doc 5261-81    Filed 10/02/13    Entered 10/02/13 15:45:27    Exhibits A -
R to Declaration    Pg 101 of 101
Case 5:12-cv-00151-CMR    Document 51    Filed 03/27/13    Page 1 of 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____ :
                                      :
**SIMONA ROBINSON,**                    :
                       **Plaintiff,**      :      **CIVIL ACTION**
       **v.**                              :
                                        :      **NO. 12-151**
**GMAC MORTGAGE, and**            :
**PHELAN HALLINAN & SCHMIEG, LLP,**  :
                     **Defendants.**      :
_____ :

## ORDER

       **AND NOW**, this 27th day of March 2013, upon consideration of Plaintiff's Motion for

Reconsideration (Doc. No. 49) and Defendant GMAC Mortgage's Response in Opposition thereto, it is

hereby **ORDERED** that the Motion is **DISMISSED without prejudice**.[1]

       This matter shall **REMAIN** in stay and suspense pending resolution of the related bankruptcy

proceeding or until further order of the Court.

       It is so **ORDERED.**

                                          **BY THE COURT:**

                                          **/s/ Cynthia M. Rufe**
                                          _____
                                          **CYNTHIA M. RUFE, J.**

---

[1] By Order dated February 28, 2013, the Court denied Plaintiff's "Motion to Remove Case from Suspense and for
Leave to Amend Complaint to Substitute Defendant." The Court reasoned that judicial economy and equity did not favor
removing the case from suspense given that (1) the bankruptcy court has not determined whether Plaintiff's claims are
properly asserted against Ocwen or whether GMAC has retained liability," and thus, a ruling on the proper party would
have the potential of being inconsistent with a ruling of the bankruptcy court and interfering with the bankruptcy court's
jurisdiction, and (2) Defendant GMAC has an interest in the litigation, but due to the automatic stay cannot be compelled to
participate; equity does not favor litigation of these issues in GMAC's absence.
       Plaintiff now requests that the Court reconsider its decision arguing that her reply, which was filed the same day
the Court issued its ruling on the motion (without leave of Court as this Court's Policies and Procedures require), was not
considered by the Court in rendering its decision. In this reply, Plaintiff submits that 11 U.S.C. §363(o) "undermines" the
Court's ruling, and Plaintiff requests that the Court reconsider its decision in light of this argument contained in her reply
brief. These arguments do not provide the Court with a basis to alter its prior ruling. Plaintiff is advised that the stay will
remain in effect unless Plaintiff submits a certified order from the bankruptcy court lifting the stay as to the claims at issue
in this case or until further order of the Court.