**Hearing Date:  October 9, 2013 at 10:00 a.m. (ET)**
**Objection Deadline:  October 2, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jonathan M. Petts

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------
)
In re:                                            )        Case No. 12-12020 (MG)
                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                 )        Chapter 11
                                                  )
                              Debtors.            )        Jointly Administered
                                                  )
-------------------------------------------------------------------------

**DEBTORS' OBJECTION TO PHILLIP SCOTT'S *MOTION TO (1) DETERMINE***
***THAT BANKRUPTCY ESTATE OWNS TITLE TO NOTE, (2) VOID STATE COURT TITLE***
***TRANSFER, AND (3) ENJOIN POST PETITION STATE COURT PROSECUTION***

Residential Capital, LLC ("ResCap") and its affiliated debtors and debtors in possession

(collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases")

hereby submit this objection (the "Objection") to the *Motion to (1) Determine that Bankruptcy*

*Estate Owns Title to Note, (2) Void State Court Title Transfer, and (3) Enjoin Post Petition State*

*Court Prosecution* [Docket No. 4649] (the "Motion") of Phillip Scott (the "Movant").  In support

of the Objection, the Debtors submit the Declaration of Lauren Graham Delehey, dated October

2, 2013 (the "Delehey Declaration"), attached hereto as Exhibit 1, and respectfully represent:

### PRELIMINARY STATEMENT

1.      The Motion seeks (1) a declaratory judgment that the mortgage secured

against the Movant's residence is property of the Debtors' estates, (2) an injunction against the

continued prosecution of foreclosure proceedings against the Movant's residence, apparently

pursuant to the automatic stay of section 362(a) of title 11 of the United States Code (the

"Bankruptcy Code"), and (3) an order voiding a so-called "judicial lien" on the residence arising

from the same foreclosure proceedings.

2.      The Motion should be denied for three independent reasons.  First, the

Movant, who has not filed a proof of claim in the Chapter 11 Cases and is not otherwise a party

in interest, lacks standing to complain of violations of the automatic stay or to avoid liens against

purported property of the estate.  Second, the Motion is procedurally defective because its

requested declaratory relief requires the commencement of an adversary proceeding under Rule

7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Third, even if the

Movant had standing to bring the Motion and the Motion was procedurally proper, the Motion

would still fail on the merits.  The automatic stay does not apply to the foreclosure proceedings

on the Movant's residence because the Movant's mortgage is not property of the Debtors'

estates.  In addition, the purported "judicial lien" arising from the foreclosure proceedings, to the

1

extent it exists at all, cannot be voided by the Movant because that "lien" is not separate and distinct from the Movant's mortgage.

## BACKGROUND

### A.    General Chapter 11 Case Background

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in the Chapter 11 Cases.

4.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

5.      On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").  The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

6.      On September 14, 2012, the Debtors filed a notice of public auction and sale hearing in connection with the proposed sale of their servicing and origination platform (the "Platform Assets").  On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the Platform Assets to Ocwen Loan Servicing, LLC ("Ocwen").  At a hearing held on November 19, 2012, the Court approved the Debtors' motion to sell the Platform Assets to Ocwen on the record.  On November 21, 2012, the Court entered

ny-1110051

an order approving the sale to Ocwen (the "Ocwen Sale") [Docket No. 2246].  The Ocwen Sale

closed on February 15, 2013.

7.      On July 3, 2013, the Debtors and the Creditors' Committee filed the *Joint

Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of

Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11

Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured

Creditors* (the "Disclosure Statement") [Docket No. 4157].  On August 23, 2013, the Court

entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

**B.      The Foreclosure Action**

8.      On June 16, 2005, Barbara Campbell, Marlene Gaethers Langley and the

Movant (the "Defendants")[1] executed a $725,000 mortgage loan (the "Mortgage") encumbered

by the property located at 12 Inverness Road, Scarsdale, New York (the "Premises").  (Delehey

Declaration at ¶ 3.)  The Mortgage was given to Mortgage Electronic Registration Systems, Inc.

as nominee for the Mortgage's originator, Finance America, LLC ("Finance America").  (*Id.*)

The Mortgage was subsequently conveyed to Debtor Residential Asset Mortgage Products, Inc.

as Depositor, which, pursuant to a Pooling and Servicing Agreement dated September 1, 2005,

assigned the Mortgage to JPMorgan Chase as trustee for the residential mortgage-backed

securities trust, RAMP 2005 RZ3.  (*Id.*)  Since May of 2008, the Bank of New York Trust

Company, N.A. ("BONY") has served as trustee of the trust.  (*Id.*)

9.      The Mortgage was serviced by Debtor Residential Funding Corporation

and subserviced by Debtor GMAC Mortgage, LLC ("GMACM"), prior to the transfer of the

---

[1] The Debtors are unaware what relation, if any, the Movant shares with the other Defendants.

Mortgage's servicing rights to Ocwen in connection with the sale of the Debtors' Platform Assets.  (*Id.* at ¶ 4.)

10.    After the Defendants defaulted under the terms of their loan obligation, BONY, as trustee, filed a foreclosure complaint in the Supreme Court of New York (Westchester County) (the "State Court") on July 29, 2008 (the "Foreclosure Action").  (*Id.* at ¶ 5.)  The Defendants were served with the summons and complaint, but failed to appear.  (*Id.*)  A judgment of foreclosure was entered on March 25, 2009.  (*Id.*)  The Movant then brought three orders to show cause seeking to vacate the judgment of foreclosure.  (*Id.*)  All of the orders to show cause were denied.  (*Id.*)

11.    On or about May 6, 2013, the Movant filed a *Notice of Bankruptcy and Effect of Automatic Stay* with the State Court (the "Borrower Notice," attached to the Motion as Exhibit A.  The Borrower Notice provides that a foreclosure sale of the Premises would constitute, *inter alia*, "enforcement against property of the estate" of a pre-petition judgment and "an act to obtain possession of property of the estate …"  Borrower Notice at ¶ 11.

12.    The Borrower Notice further states that:

> In the event that the foreclosure sale [of the Premises] occurs, without the express directive of the bankruptcy court, Defendant will move the Bankruptcy court for an order for Violation of the Automatic Stay, in which Defendant will request that the Bankruptcy Court void the sale as if it had never occurred, and for costs, attorney's fees, sanctions, and/or contempt of court.

Borrower Notice at ¶ 19.

**C.    The Motion**

13.    On August 9, 2013, the Movant filed the Motion.  The Motion claims that the Mortgage was owned by "RAMP 2005 RZ3, a subsidiary of Debtor," whose assets, as of the Petition Date, "passed into the bankruptcy estate."  Motion at ¶¶ 6-7.  The Motion states that the assets of RAMP 2005 RZ3 were sold by the Debtors after the Petition Date and that the proceeds

from that asset sale were "caused to be placed in a liquidating trust" for creditors.  *Id.* at ¶ 9.

Though the Motion is unclear in this respect, the Motion apparently argues that because the

Mortgage was purportedly property of the bankruptcy estate, BONY's continued prosecution of

the Foreclosure Action would deprive the bankruptcy estate of the proceeds of the Mortgage's

sale.[2]  Based on this theory, the Motion apparently asserts that BONY's post-petition prosecution

of the Foreclosure Action violates the automatic stay in these Chapter 11 Cases.  *See id.* at ¶¶ 21-

22, 25.

        14.     The Motion seeks declaratory relief determining that the Mortgage is

property of the Debtors' estates, injunctive relief enjoining BONY's post-petition prosecution of

the Foreclosure Action, as well as costs, including attorneys' fees (apparently from BONY for its

purported violation of the automatic stay).  *Id.* at 7.

        15.     In addition, the Motion requests that this Court void a purported "judicial

lien" on the Premises held by BONY through the Foreclosure Action (*id.* at ¶ 20), apparently

under section 506(d) of the Bankruptcy Code, on the ground that the amount of debt on the

Premises ("about $900,000.00") far exceeds the purported appraised value of the Premises

("likely . . . $400,000.00").  *Id.* at ¶ 18; *see also id.* at ¶ 19 ("the negative equity renders Bank of

New York's junior lien wholly unsecured, and not an allowed secured claim.").

---

[2] *See* Motion at ¶¶ 25-26 ("Debtor sold the RMBS owned mortgage loans to third party purchaser(s) for a cash price based on the aggregate unpaid principal balance of the loans.  Facilitation of prosecution entirely outside the bankruptcy estate would require the Bank of New York not to include the amount of the note in the aggregate unpaid principal balance of the RMBS . . . Prosecution outside of the bankruptcy estate would deprive RMBS investors of the cash properly owed for the RMBS asset.")

ny-1110051

## **OBJECTION**

### A.    **The Movant Lacks Standing to Obtain the Requested Relief**

16.    As an initial matter, the Motion must be denied because the Movant lacks

standing to invoke the protections of the automatic stay or to avoid liens in these Chapter 11

Cases.

17.    The issue of standing "'is the threshold question in every federal case,

determining the power of the court to entertain the suit.'"  *In re Martin Paint Stores,* 199 B.R.

258, 263 (Bankr. S.D.N.Y. 1996), quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975).  "To

qualify as a party with standing to litigate, a person must show, first and foremost, 'an invasion

of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'"

*Arizonans for Official English v. Ariz.*, 520 U.S. 43, 64 (1997) (citations omitted).  A party must

assert its own legal rights and interests, and cannot rest its claim to relief on the legal rights or

interests of third parties.  *In re Caldor, Inc. NY,* 193 B.R. 182, 186 (Bankr. S.D.N.Y. 1996),

citing *Valley Forge Christian Coll. v. Americans United for Separation of Church and State,*

*Inc.,* 454 U.S. 464, 474 (1982).  Thus, a party asserting standing must show that he is a

beneficiary of the bankruptcy provision that he invokes.  *Caldor,* 193 B.R. at 186; *In re McLean*

*Indus., Inc.,* 96 B.R. 440, 444–45 (Bankr. S.D.N.Y. 1989).

18.    The Movant has not filed a proof of claim in these Chapter 11 Cases

(Delehey Declaration at ¶ 7), nor has he asserted any other interest in the Debtors' estates.[3]

Because the Movant lacks any interest in the Debtors' estates, he lacks standing to complain of

purported violations of the automatic stay against the Debtors' estates.  *See, e.g., In re Brooks,* 79

---

[3] The Debtors scheduled Mr. Scott's litigation claims against GMACM as disputed [Docket No. 685 at pp. 72, 229].
Because the Bar Date has long since expired, absent relief from the Court, it is too late for the Movant to file a proof
of claim in the Chapter 11 Cases even if the Movant had a valid claim against the Debtors' estates.

B.R. 479, 481 (B.A.P. 9th Cir. 1987), *aff'd* 871 F.2d 89 (9th Cir. 1989) ("[I]f the debtor or the

trustee chooses not to invoke the protections of § 362, no other party may attack any acts in

violation of the automatic stay."); *In re Fuel Oil Supply and Terminaling, Inc.,* 30 B.R. 360, 362

(Bankr. N.D. Tex. 1983) ("The automatic stay is for the benefit of the debtor and if it chooses to

ignore stay violations other parties cannot use such violations to their advantage.").  Similarly,

the Movant's lack of financial interest in the Debtors' estates means that he lacks standing to

request avoidance of a lien on purported property of the estate.

19.     Because the Movant cannot assert rights of the Debtors' estates, the

Motion should be denied.

**B.      The Motion Is Procedurally Defective**

20.     Even if the Movant had standing to seek his requested relief, the Motion

would still have to be denied because it is procedurally defective under Bankruptcy Rule 7001.

Bankruptcy Rule 7001(2) makes clear that "a proceeding to determine the validity, priority, or

extent of a lien or other interest in property" is an adversary proceeding.  Fed. R. Bankr. P.

7001(2); *In re Eastman Kodak Co.,* 2012 WL 2255719, at *2 (Bankr. S.D.N.Y. June 15, 2012).

Additionally, Bankruptcy Rule 7001(9) states that "a proceeding to obtain a declaratory

judgment relating to" proceedings described in Rule 7001(2) is also an adversary proceeding.

Fed. R. Bankr. P. 7001(9); *Kodak,* 2012 WL 2255719, at *2, citing *In re Teligent, Inc.*, 459 B.R.

190, 195 (Bankr. S.D.N.Y. 2011) ("[A] party seeking a declaratory judgment must do so by

commencing an adversary proceeding.").

21.     The Motion seeks a declaratory judgment that the Mortgage is property of

the Debtors' estates before requesting injunctive relief based on the automatic stay of the

Bankruptcy Code.  This declaratory relief can only be obtained through an adversary proceeding

pursuant to the plain language of Bankruptcy Rule 7001.  *Kodak,* 2012 WL 2255719, at *2.

7

Thus, the Motion should be denied this for reason alone, with respect to its request for declaratory and injunctive relief.[4]

### C.    The Motion Fails on the Merits Because the Mortgage Is Not Property of the Estate and the "Judicial Lien" Cannot Be Avoided

22.    Finally, even if this Court were to look past the Movant's lack of standing and the Motion's procedural defects, the Motion would still fail on the merits.

23.    The RAMP 2005 RZ3 trust that owns the Mortgage is not a debtor entity in these Chapter 11 Cases.  (Delehey Declaration at ¶ 6.)  Contrary to the Movant's assertion (Motion at ¶¶ 7, 9), the Debtors did not own the Mortgage as of the Petition Date, nor did the Debtors sell the Mortgage during the Chapter 11 Cases.  (Delehey Declaration at ¶ 6.)  Because the Mortgage is not property of the Debtors' estates, the automatic stay in these Chapter 11 Cases does not prevent BONY from proceeding with the Foreclosure Action.[5]  *See* 11 U.S.C. § 362(a)(2)-(a)(5);[6] *In re Tower Automotive, Inc.,* 356 B.R. 598, 603 n.5 (Bankr. S.D.N.Y. 2006) (automatic stay not implicated by litigation against non-debtor subsidiary of Chapter 11 debtor). Moreover, this Court lacks subject matter jurisdiction to enjoin the Foreclosure Action between

---

[4] For the avoidance of doubt, the Debtors are not suggesting that the Movant file an adversary proceeding in these Chapter 11 cases.  Were the Court to deny the Motion on the grounds, *inter alia*, that the Movant lacks standing to invoke the protections of the automatic stay and the Mortgage is not property of the Debtors' estates, the filing of an adversary proceeding seeking the relief sought in the Motion would be frivolous.

[5] Of course, based on the Motion's failure to establish the foregoing claim for relief, the Motion also fails to establish any entitlement to attorneys' fees resulting from a violation of the automatic stay.

[6] Section 362(a) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(2)-(5).

ny-1110051

BONY and the Movant, as that action would have no conceivable effect on the Debtors' estates. *See Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (holding that civil proceeding is related to bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"); *see also Tower Automotive,* 356 B.R. at 602-603 (suit between non-debtor third parties had no conceivable effect on bankruptcy estate).

24.    The argument that the purported "judicial lien" of BONY should be voided is similarly meritless and beyond the jurisdiction of this Court.  BONY has been assigned the Mortgage as trustee; BONY does not hold an additional "junior lien" on the Property, separate and apart from the Mortgage, based on the Foreclosure Action.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order denying the Motion and granting such other relief as the Court deems proper.

New York, New York
Dated: October 2, 2013

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jonathan M. Petts
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and*
*Debtors in Possession*