Kevin C. Kovacs
P.O. Box 413
Coopersburg, Pa. 18036

US Bankruptcy Court                                         9/14/2013
**ATTN: Clerk of the Bankruptcy Court**
One Bowling Green
New York, NY  10004-1408

Chambers of Martin Glenn
US Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY  10004

Residential Capital LLC
Lewis Kruger
CRO C/O Morrison & Foerster LLP
1290 Avenue of The Americas
New York, NY 10104

Morrison & Foerster LLP
Attn: Gary Lee
Attn: Lorenzo Marinuzzi
Attn: Todd Goren
1290 Avenue of The Americas
New York, NY  10104

Kramer Levin Naftalis & Frankel LLP
Attn: Kenneth H. Eckstein
Attn: Douglas H. Mannal
Attn: Stephen D Zide
1177 Avenue of The Americas
New York, NY  10036



Page 1 of 3

Ally Financial Inc.
Attn: William B. Solomon
Attn: Timothy Devine
1177 Avenue of The Americas
New York, NY  10036

Kirkland & Ellis LLP
Attn: Richard M. Cieri
Attn: Ray C Shrock

Office Of The United States Trustee
Southern District of New York
US Federal Office Building
Attn: Brian Masumoto
Attn: Michael Driscoll
201 Varick Street
Suite 1006
New York, NY  10014

RE: GMAC Bankruptcy Chapter 11 action – Case 12-12020(MG)
see copies attached as was received.
GMAC Account # 0601465497 as alleged by GMAC

Copies addressed and mailed/forwarded to all/each addressee as listed.

To all addressees listed,
    I object to any conformation order and require that I be reimbursed in full for all damages, actions, loss, and expenses required by me for the property listed at 1876 Highpoint Road, Coopersburg, Pennsylvania, 18036 located in Springfield Township, Bucks County.
    I am again placing the court on notice that GMAC has never produced documentation to me of a current valid mortgage on my property, as is stated GMAC has against me within this action.
    GMAC has also failed to provide documentation when I requested the same 8 times over the last 5 years. A Qualified Written Request was sent to GMAC three (3) times over the last 6 years, which was not proven or responded by to GMAC. The property listed is not an asset of GMAC and GMAC's actions have caused severe financial damage and duress to me.

Yours truly,

*[signature]*

CC: All addressees on pages 1 and 2
    Copy of Proponents Plan attached to each correspondence

Page 3 of 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                                    Debtors.                 )    Jointly Administered
                                                             )
------------------------------------------------------------ )

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) DEADLINE FOR VOTING ON PLAN, (III) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND (IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **APPROVAL OF DISCLOSURE STATEMENT.** By order dated August 23, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**"). Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. **RECORD DATE FOR VOTING PURPOSES.** Only creditors who hold Claims on August 16, 2013 (the "**Voting Record Date**") are entitled to vote on the Plan.

3. **VOTING DEADLINE.** All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Kurtzman Carson Consultants, LLC ("**KCC**") by no later than **7:00 p.m. (Eastern Time) on October 21, 2013** (the "**Voting Deadline**"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote. Ballots received by facsimile or e-mail, or any other means other than by mail, hand delivery or overnight courier, **will not** be counted.

4. **ENTITLEMENT TO VOTE ON PLAN.** Holders of Claims in the following classes are entitled to vote to accept or reject the Plan: **R-3, R-4, R-5, R-6, R-7, R-8, R-11, R-12, GS-3, GS-4A, GS-4B, GS-5, GS-6, GS-7, GS-10, RS-3, RS-4, RS-5, RS-6, RS-7, RS-8, RS-11, and RS-12**.

The following creditors are **not** entitled to vote on the Plan: (i) holders of Claims in the following classes: **R-1, R-2, R-9, R-10, GS-1, GS-2, GS-8, GS-9, RS-1, RS-2, RS-9, and RS-10**; (ii) holders of Claims that are the subject to filed objections by September 20, 2013, (iii) holders of Claims with an outstanding amount of not greater than zero ($0.00) as of the Voting Record Date, (iv) holders of Claims that have been disallowed or expunged as of the Voting Record Date, (v) holders of Claims scheduled by the Debtors as contingent, unliquidated, or disputed when a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Bankruptcy Court at least five (5) business days prior to the Voting Deadline, and (vi) creditors who are not included in the Schedules and who have not filed a Proof of Claim by the General Bar Date.

- 1 -

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

### NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE PLAN PROPONENTS' PLAN

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **APPROVAL OF DISCLOSURE STATEMENT.** By order dated August 23, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**"). Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. **NOTICE OF NON-VOTING STATUS.** You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired. Pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are therefore, not entitled to vote on the Plan. Accordingly, this notice is being sent to you for informational purposes only.

3. **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES.** If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013. Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4. **CONFIRMATION HEARING.** A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND
INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

---