**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**                     NOT FOR PUBLICATION

In re:

       Residential Capital, LLC, *et. al.*                Case No. 12-12020 (MG)

                           Debtors.

**MEMORANDUM OPINION AND ORDER SUSTAINING DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 5677 FILED BY GALINA VALEEVA AND EVELINA OKOUNEVA**

*A P P E A R A N C E S:*

MORRISON & FOERSTER
*Counsel for Residential Capital, LLC, et al.*
1290 Avenue of the Americas
New York, NY 10104
By: Gary S. Lee, Esq.
Norman S. Rosenbaum, Esq.
Jordan A. Wishnew, Esq.

GALINA VALEEVA
*Pro Se*
3204 Whitney Court
Bensalem, PA 19020

**MARTIN GLENN**
**UNITED STATED BANKRUPTCY JUDGE:**

Pending before the Court is the *Debtors' Objection to Proof of Claim No. 5677 Filed by Galina Valeeva and Evelina Okouneva* (the "Objection") (ECF Doc. #4688).  Residential Capital, LLC ("ResCap") and its affiliated debtors in the above captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors") seek an order to disallow and expunge Proof of Claim No. 5677 filed by Galina Valeeva and Evelina Okouneva (together, the "Claimants").  In support of their objection, the Debtors filed the Declaration of Lauren Graham Delehey (the "Delehey Decl.," ECF Doc. #4688 Ex. 3).

Claimants filed a *pro se* response (the "Claimants' Response," ECF Doc. #4968) and Debtors

filed a reply (the "Debtors' Reply," ECF Doc. #5131).  A hearing was held on September 24,

2013.

The Claimants, like many other homeowners, found themselves in the unenviable

position of facing a home foreclosure proceeding with respect to a second home in Florida.  The

Claimants' response to their plight has included bizarre pleadings in the Florida foreclosure

action, and perhaps more bizarre pleadings in this case—some apparently copied from the

internet—in opposing the objection to their claim.  None of Claimants' pleadings in this case

present genuine issues of fact or law supporting their claim.

For the reasons explained below, the Court **SUSTAINS** the Debtors' Objection.

## I. BACKGROUND

The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May

14, 2012, and the Court authorized joint administration of the cases.  The Debtors are managing

and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections

1107(a) and 1108.  On March 21, 2013, the Court entered an order approving the procedures for

the filing of objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures

Order," ECF Doc. #3294).  Before filing this Objection, Debtors complied with the Procedures

Order and sent Claimants a letter requesting additional support for their claim.  *See* Obj. at 5;

Delehey Decl. ¶ 18.

Claimants and the Debtors have been involved in on-going foreclosure litigation since

2009.  On July 25, 2005, the Claimants obtained a residential mortgage from Builders Affiliated

Mortgage Services in the amount of $217,450.00 (the "Loan"), secured by real property located

at 24387 Portofino Drive, Lutz, FL 33559 (the "Property").  *See* Delehey Delc. ¶ 4.  Ms. Valeeva

signed all the documents on behalf of herself and her mother (under a power of attorney). The

mortgage contained a second home rider, establishing that the home was not the borrowers'

primary residence. *Id.* ¶ 5. The loan itself was acquired by Federal National Mortgage

Association ("Fannie Mae"), and the mortgage servicing rights were subsequently assigned to

GMAC Mortgage, LLC ("GMACM"), which began to service the loan in 2006 on behalf of

Fannie Mae. *Id.*

In 2008, Ms. Valeeva inquired about a modification of the loan and submitted her last

loan payment to GMACM in May 2009. *Id.* ¶ 6. In August 2008, GMACM commenced a

foreclosure case in The Circuit Court of the Sixth Judicial Circuit In and For Pasco County,

Florida. *Id*. ¶ 7. Ms. Valeeva filed a *pro se* response on September 18, 2009 "denying all claims

in lawsuit" and "requesting a hearing to state my case in person." *Id.*¶ 8.

The Claimant sent a document to GMACM and the state court in September 2010 titled

"Reply to your demand Notice—1ˢᵗ Notice." In this document, the Claimant stated she was

accepting GMACM's offer (there is nothing in the record indicating there was any "offer" from

GMACM) and demanded $724,899 or a power of attorney to sell GMACM's property. *Id.* ¶ 9.

The Claimant continued to correspond with GMACM and the state court and on October 1, 2010

sent a letter titled "Reply to Your Demand or Notice—Second Notice." Delehey Decl., Ex. A.

The Claimant referred to herself and Ms. Okouneva as "an artificial entity, a limited liability

legal fiction trademark." *Id*. She then proceeded to inform GMACM that if GMACM failed to

produce proof of the claim, GMACM would have exhausted its remedies and would have no

further claim against her. *Id*.

On November 4, 2010, the Claimants filed a Motion to Dismiss for failure to state a

claim in the Foreclosure Action, which was denied in December 2010. Delehey Decl. ¶ 10. In

3

2011, Claimant filed a power of attorney for "Valeena, debtor and grantor" to "Valeeva, Secured

Party Creditor and Grantee," which claimed a "possessory lien" against GMACM. *Id.* ¶ 11. She

also filed an "Intentional Bill of Exchange" that she sent to the United States Treasury Secretary,

Tim Geithner. *See* Obj. Ex. 1.

On September 16, 2011, the Claimant sent a lengthy document consisting of a "Good

Faith Statement of Account" and a "Notice of Conditional Acceptance" ("NCA"). *See* Delehey

Decl., Ex. B. The Good Faith Statement of Account claimed that the borrowers' account was

$0.00 and purported to give GMACM 14 days to rebut that assertion. *Id.* The NCA stated the

borrowers were willing to pay $219,941.30 to discharge the note, however the rest of the NCA

attached conditions to that "offer." *Id.* These conditions included the requirement that GMACM

provide the original "unaltered note" and respond to approximately 70 questions, requests for

production and requests for admission. *Id.* The last section in the NCA apparently placed

conditions on GMACM if it chose to continue with the foreclosure proceedings. *Id.* These

conditions were the return of the promissory note and mortgage and the payment by GMACM of

$775,500.00. *Id.*

On March 16, 2012, Ms. Valeeva filed a "Notice of Default" stating that because

GMACM did not respond to any of the documents she had filed, the debt was discharged, the

mortgage was satisfied and the lien on the property was released. *See* Obj., Ex. 1. at 30. In June

2012, GMACM filed a Motion to Strike Valeeva's pleadings in the foreclosure action, which the

state court has not yet ruled on. *See* Delehey Decl. ¶ 15. Ms. Valeeva filed a second motion to

dismiss in June 2013, which was denied on July 1, 2013. *Id.* ¶ 17. That was the last activity in

the state foreclosure action. *Id.*

On September 9, 2011, Claimants filed Claim No. 5677 (attached to Objection as Ex. 1), asserting a secured claim of $241,633.00 (secured by real property with a mortgage note as the basis for the claim), an unsecured claim in the amount of $3,752,874, and a reclamation claim pursuant to section 503(b)(9) in the amount of $3,994,507.00.[1] Claimants attached numerous documents to the claim, but it is unclear how these documents support the claim.

One of the documents is a request by the Claimants to record a possessory lien. *See* Obj. Ex. 1, at 9. The document states GMACM "committed a tort against [Claimants] by denying their right to original contract, fraud, predatory lending, dishonor in commerce. Their denial has caused irreparable harm and financial distress to [Claimants] of which this claim of lien arises." *Id*. The document goes on to claim that GMACM owes Claimants $241,633.00 plus interest "for the loss of purchase of the property and the rights and benefits enjoined thereof pursuant to the dishonoring of right to contract for sale perpetrated upon Claimants." *Id.*

Claimants also included many of the papers they submitted in the state court foreclosure proceedings. All of these papers are documents signed by Galina Valeeva notifying the state court and GMACM that GMACM purportedly defaulted on payments and as a result, the mortgage was satisfied and the lien released. *See* Obj. Ex. 1, at 30–37. Also included in the proof of claim were numerous letters to Timothy F. Geithner and other government officials demanding satisfaction of supposed debts owed. *See id*. at 19.

In the Objection, filed on August 15, 2013, the Debtors interpret the Claimants documents as "intended to demonstrate that the Debtors purportedly released their lien on the Property and that the [l]oan had been discharged." Obj. ¶ 27. According to the Debtors, these documents "are incomprehensible and apparently, in large part, fabricated." *Id*. Debtors contend

---

[1]        Upon review of the Proof of Claim, it appears that Claimants added their purported unsecured ($3,752,874.00) and secured ($241,633.00) claims and entered the total amount ($3,994,507.00) on the line reserved for reclamation claims.

that the Court should expunge the Claim because it fails to attach any or adequate support

documentation to demonstrate the validity of the claims.  The Debtors also assert that the claim

should be expunged because they have searched their books and records and have determined

that they have no liability for the Claim.  In support of this Objection, Debtors offer the Delehey

Declaration.  *See* Delehey Decl. ¶ 19.  Finally, the Debtors also assert that the claim should be

expunged because it fails to state a basis for liability against the Debtors.

Claimants' response, filed September 5, 2013, is unclear and does not address the issues

raised in the Objection.  It appears that Claimants contest GMACM's purported interest in the

Property and request proof that GMACM has standing to bring an action based on the Property.

*See* Claimants' Resp. at 3.  Claimants also state that "[Claimants] conditionally accepts the

OBJECTIONS of Counsel upon the proof of claim the party produces the original promissory

note and mortgage deed for inspection for any material alteration of contract and for proper

endorsements . . . ." *Id*.  Nowhere in Claimants' response do they argue that they have a security

interest that would allow their Claim against the Debtors.

Debtors filed a reply in which they make many of the same arguments raised in the

Objection.  Debtors state that "Claimant's largely incoherent response . . . does not rebut the

evidence set forth in the Objection." *See* Debtors' Reply¶ 1.  Additionally, the Debtors respond

to Claimants' request for the note and mortgage by attaching those documents as exhibits.  The

Debtors also explain that GMACM never owned the loan and that the documents requested had

been filed in the state court foreclosure proceedings.  *See id*. ¶ 11.

A hearing was held on September 24, 2013, in which Ms. Valeeva appeared *pro se*.  The

Debtors reiterated their argument that there was insufficient documentation to support the Claim.

6

The Claimants focused on the argument made in their Response, claiming that the Debtors had

not provided the original mortgage and thus did not have standing.

## II. DISCUSSION

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of

claim." 11 U.S.C. § 501(a). A filed proof of claim is "deemed allowed, unless a party in

interest . . . objects." 11 U.S.C. § 502(a). If the claim is properly filed, it is *prima facie*

evidence that the claim is valid. *See* FED. R. BANKR.. P. 3001(f). A party in interest may object

to a proof of claim, and once an objection is made, the court must determine whether the

objection is well founded. *See* 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. 2013).

"Although Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the

burden of proof [r]ests on different parties at different times." *In re Smith*, No.12-10142, 2013

WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (internal quotations omitted)(modification in the

original). The party objecting to the proof of claim bears the burden of "providing evidence to

show that the proof of claim should not be allowed." *In re MF Global Holdings Ltd.*, Nos. 11-

15059, 11-02790, 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012). If the objecting

party satisfies its initial burden and "the presumption of *prima facie* validity is overcome—e.g.,

the objecting party establishes that the proof of claim lacks a sounds legal basis—the burden

shifts to the claimant to support its proof of claim unless the claimant would not bear that burden

outside of bankruptcy." *Id*. (citing *In re Oneida Ltd.*, 500 B.R. 384, 389 (Bankr. S.D.N.Y. 2009)

("A proof of claim is *prima facie* evidence of the validity and amount of a claim, and the

objector bears the initial burden of persuasion. The burden then shifts to the claimant if the

objector produces evidence equal in force to the prima facie case . . . which, if believed, would

refute at least one of the allegations that is essential to the claim's legal sufficiency.")).

Bankruptcy Rule 3001 requires a claimant to attach supporting documentation to the claim. See FED. R. BANKR. P. 3001(C). Rule 3001(c) states "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." FED. R. BANKR. P. 3001(c)(1). Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." FED. R. BANKR. P. 3001(d).

If the claimant fails to comply with the Rule 3001 documentation requirements, the claimant is not entitled to *prima facie* validity of the claim. *See In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010). "However, failure to attach the required documentation does not automatically render the claim invalid." *Id*. "[I]n certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim." *Id.* at 119. The Claimants are required to conform to these rules regardless of their *pro se* status. *See Powers v. Runyon*, 974 F. Supp. 693, 696 (S.D. Ind. 1997) ("Although the pleadings of *pro se* litigants are construed liberally, there is no lower standard when it comes to rules of evidence and procedure."); *In re Wright*, 223 B.R. 886, 893 (Bankr. E.D.Pa. 1998).

Claimants have not submitted sufficient documentation to support their proof of claim, and therefore have not met their *prima facie* burden. Indeed, Claimants have provided no evidence that can substantiate their claims against the Debtors, which total over $8 million. The documents submitted by Claimants—all signed by the Claimants and purporting to grant a security interest against the Debtors—are insufficient. These documents seem to have been

8

submitted in an attempt to defend the ongoing state court foreclosure action against the

Claimants, and have no bearing on a chapter 11 case.

At the hearing, Claimants continued to argue that the Debtors lack standing to bring a

foreclosure action.  This argument, however, is irrelevant to the determination of whether

Claimants hold a valid claim against any property of the Debtors.

**CONCLUSION**

For the reasons explained above, the Debtor's objection is **SUSTAINED** and the claim is

**EXPUNGED**.

**IT IS SO ORDERED.**

Dated: October 4, 2013
      New York, New York

_____/S/ *Martin Glenn*_____
      MARTIN GLENN
   United States Bankruptcy Judge