**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————  )
                                                    )
In re:                                          )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, *et al.*,   )    Chapter 11
                                                    )
                                    Debtors.   )    Jointly Administered
------------------------------------------------------------  )

### ORDER GRANTING DEBTORS' THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the thirty-second omnibus objection to claims, dated August 30, 2013 (the "Thirty-Second Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Duplicate Debt Claims on the basis that each such claim is duplicative of the Master Surviving Claim, all as more fully described in the Thirty-Second Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Thirty-Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Thirty-Second Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirty-Second Omnibus Claims

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Second Omnibus Claims Objection.

Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Thirty-Second Omnibus Claims Objection and the *Declaration of Deanna Horst in Support of the Debtors' Thirty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims)*, annexed to the Thirty-Second Omnibus Claims Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Thirty-Second Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-Second Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-Second Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Duplicate Debt Claims</u>") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Duplicate Debt Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Debtors' claims register; and it is further

ORDERED that the Master Surviving Claim will remain on the claims register, and such claim is neither allowed nor disallowed at this time; and is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that the disallowance and expungement of the Duplicate Debt Claims does not constitute any admission or finding with respect to the Master Surviving Claim; and it is further

ORDERED that notice of the Thirty-Second Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of the Master Surviving Claim, and all rights to object on any basis are expressly reserved with respect to the Master Surviving Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Duplicate Debt Claims identified on Exhibit A, annexed hereto, as if each such Duplicate Debt Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


**SO ORDERED.**

Dated:  October 4, 2013
       New York, New York


_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

## Exhibit A