**Hearing Date: October 9, 2013 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

WOLFE & WYMAN LLP
11811 N. Tatum, Suite 3031
Phoenix, Arizona 85028-1621
Telephone: (602) 953-0100
Facsimile:  (602) 953-0101
Colt B. Dodrill

*Litigation Counsel to the Debtors
 and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' REPLY TO RESPONSE OF PAUL N. PAPAS II
TO DEBTORS' OBJECTION TO PROOF OF CLAIM
<u>FILED BY PAUL N. PAPAS II</u>**

ny-1112084

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | BACKGROUND | 2 |
| | A. The Chapter 11 Cases | 2 |
| | B. The Claim and Arizona Litigation | 3 |
| | C. The Objection | 4 |
| | D. The Purported Amendment | 4 |
| | E. The Response | 5 |
| III. | ARGUMENT | 6 |
| | A. Applicable Legal Standards | 6 |
| | B. The Purported Amendment Is a Late-Filed Claim Because It Does Not Relate Back to the Claim and Is in any Case Prejudicial Even if Timely | 9 |
| | C. To The Extent that the Purported Amendment Is Linked to the Underlying Nucleus of Fact Asserted in the Claim and Arizona Litigation, It Is Barred by Res Judicata, Collateral Estoppel and the Rooker-Feldman Doctrine | 9 |
| | D. The Purported Amendment Is Deficiently Plead | 12 |
| IV. | CONCLUSION | 12 |

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ascroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................................... 7

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ............................................................................................................... 7

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
   398 B.R. 736 (Bankr. S.D.N.Y. 2008) ................................................................................... 6

Forman v. Salazano (In re Norvergence, Inc.),
   405 B.R. 709 (Bankr. D.N.J. 2009) ........................................................................................ 7

Hall v. Lalli,
   194 Ariz. 54, 57, ¶ 7, 977 P.2d 776, 779 (1999) ................................................................. 11

In re Asia Global Crossing, Ltd.,
   324 B.R. 503 (Bankr. S.D.N.Y. 2005) ................................................................................... 8

In re Barquet Grp. Inc.,
   477 B.R. 454 (Bankr. S.D.N.Y. 2012) ................................................................................... 9

In re DJK Residential LLC,
   416 B.R. 100 (Bankr. S.D.N.Y. 2009) ................................................................................... 6

In re Enron Creditors Recovery Corp.,
   370 B.R. 90 (Bankr. S.D.N.Y. 2007) ..................................................................................... 8

In re Integrated Resources, Inc.,
   157 B.R. 66 (S.D.N.Y. 1993) ................................................................................................. 9

In re Rockefeller Ctr. Props.,
   272 B.R. 529 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
   Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
   Appx. 40 (2d Cir. 2002) .......................................................................................................... 6

In re McLean Indus., Inc.,
   121 B.R. 704 (Bankr. S.D.N.Y. 1990) ................................................................................... 9

In re Keene Corp.,
   188 B.R. 903 (Bankr. S.D.N.Y. 1995) ................................................................................... 8

Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.),
   419 F.3d 115 (2d Cir. 2005) ................................................................................................... 9

Peterson v. Newton,
    No. 1 CA–CV 11–0797, , 2013 WL 4517222 (Ariz. App. Aug. 27, 2013) ............................ 11

Phoenix Newspapers, Inc. v. Dep't of Corr., State of Ariz.,
    188 Ariz. 237, 241, 934 P.2d 801, 805 (App.1997) ................................................................ 11

Regis Techs., Inc. v. Oien (In re Oien),
    404 B.R. 311 (Bankr. N.D. Ill. 2009) ........................................................................................ 7

Williams v. Williams,
    32 Ariz. 164, 168, 256 P. 356, 357 (1927) .............................................................................. 11

Ziemba v. Cascade Int'l Inc.,
    256 F.3d 1194 (11th Cir. 2001) ................................................................................................. 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ....................................................................................................................... 7

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

In support of the *Debtors' Objection to the Proof of Claim Filed by Paul N. Papas II* (filed September 4, 2013, Dkt. No. 4947) (the "<u>Objection</u>"), the Debtors hereby file this reply (the "<u>Reply</u>") to the *Response to Objection to Claim #242 in the Record of Kurtzman Carlson Consultants, LLC (KCC LLC) of Paul N. Papas II and Demand for Contested Proceeding Under Bankruptcy Rules 3007 and 9014 Upon Proper Objection, If Any* (filed September 25, 2013, Dkt. No. 5204) (the "<u>Response</u>") of Claimant Paul N. Papas II.[1]

### I.    PRELIMINARY STATEMENT

1.      The Objection asked this Court to disallow and expunge the Claim (proof of claim no. 242, filed on July 2, 2012) filed against Debtor ResCap by Claimant Paul N. Papas II on the grounds that (i) the Claim is not properly asserted against ResCap when it concerns conduct only of GMACM, and (ii) even if the Claim had been filed against Debtor GMACM, the Claim (a) lacks sufficient supporting documentation, (b) fails to plead a cognizable claim against GMACM and (c) is barred by *res judicata*, collateral estoppel, and the <u>Rooker-Feldman</u> doctrine.[2]

2.      In the Response, the Claimant asserts that the Objection is moot because six days *after* the Debtors filed the Objection he filed an amendment to the Claim on September 10, 2013 (the "<u>Purported Amendment</u>") that supersedes the Claim.  The Purported Amendment, also filed against ResCap, concerns 115 properties rather than the single property to which the Claim relates.  The Response then launches into a meandering litany of criticisms and accusations:  of the claim filing process as a violation of due process (though the Claimant does not say *why* or

---

[1] Capitalized terms not defined in this Reply shall have the meaning attributed to them in the Objection.
[2] As noted in the Objection at 1 n.1, the Debtors reserve all their rights to amend or supplement the Objection.

how he has been harmed), of the claim objection procedures used in these Chapter 11 Cases as violating Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (even though the procedures are those set by the Court and the Local Bankruptcy Rules (e.g., Local Bankruptcy Rule 9014-2(c) regarding when there will be testimony)), of the Debtors' Court-approved disclosure statement for its proposed plan of reorganization (which the Claimant has appealed and which is totally irrelevant to the objection), and of non-debtor Ally Financial, Inc. as the evil genius of nefarious plots (which again is totally irrelevant to the Objection).

3.      The Purported Amendment is, however, wholly ineffective to alter the picture for a number of equally-compelling reasons.  First, the test for whether an amendment is time barred is whether it arises from the same nucleus of facts that were or could have been included in the Claim.  By that test, at least the claims regarding the 114 additional properties are late-filed.  In the alternative, to the extent that the claims in the Purported Amendment may be considered timely filed because they do relate to the original underlying nucleus of facts, they are, just as the claims in the Claim, barred by res judicata, collateral estoppel and the <u>Rooker-Feldman</u> doctrine.

4.      Even were the Purported Amendment both timely and immune to the Debtors' preclusion and <u>Rooker-Feldman</u> theories, there is a second set of criteria it must satisfy to be recognized.  It fails this review too.

5.      Finally, as is the Claim, the Purported Amendment is deficient as a pleading.[3]

**II.     BACKGROUND[4]**

**A.      The Chapter 11 Cases**

---

[3] The Debtors reserve the right to object to Purported Amendment on all available bases.
[4] Most of the relevant background can be found in the Objection and accordingly, this Reply sets forth below only a few pertinent points and relevant developments.

2

6. The Bar Date Order as amended set the relevant bar date for the Claimant as November 16, 2012.

7. On August 23, 2013, the Court entered an order (the "Disclosure Statement Order") [Docket No. 4809] approving, *inter alia*, the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Disclosure Statement"), as amended, setting confirmation procedures and scheduling a confirmation hearing on the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Plan") to commence on November 19, 2013. On September 16, 2013, the Claimant appealed the Disclosure Statement Order [Docket. No. 4972], and on September 20, 2013, he moved for an additional 21 days to file his designation of the record and statement of the issues on appeal [Docket No. 5149].

### B. The Claim and Arizona Litigation

8. On July 2, 2012, Claimant filed the Claim against ResCap, asserting a secured claim in the amount of $10 billion. The Claim alleges that GMACM allegedly interfered with the Claimant's rights as the alleged holder of a purchase option on the property located at 8025 East Krail Street, Scottsdale, Arizona (the "Arizona Property"). The owner had mortgaged the Arizona Property to GMACM's predecessor, who assigned the mortgage to GMACM.

9. Ultimately, the Claim relates to the litigation (the "Arizona Litigation") that the Claimant brought against GMACM in Arizona in Case No. 2012-051622, Superior Court of Arizona, Maricopa County (the "Arizona Court"). On January 8, 2013, the Arizona Court dismissed the Arizona Litigation with prejudice and quashed the Lis Pendens that the Claimant

3

had filed. The Claimant appealed and that appeal is proceeding pursuant to the Supplemental Servicing Order.

### C. The Objection

10. In the Objection, served on the Claimant and his counsel, Wendy Allison Nora, on September 4, 2013, the Debtors argued that the Claim had to be disallowed because, *inter alia*:[5]

- The Complaint charges only GMACM, but not any of the other Debtors, with misconduct, but the Claimant filed the Claim against ResCap alone;

- Even if the Claimant had filed the Claim against GMACM, it is barred by *res judicata*, collateral estoppel and the Rooker-Feldman doctrine because it is based on the same nucleus of facts in the Arizona Litigation which was dismissed with prejudice by the Arizona Court; and

- The Claim is deficiently pleaded.

### D. The Purported Amendment

11. On September 10, 2013, the Claimant, now represented by counsel, filed the Purported Amendment physically with this Court's Clerk as claim no. 17. Kurtzman Carson Consultants, the Debtors' claims and noticing agent, added it to the claim register the same day at Claim 17-1. The Purported Amendment seeks $646,875,000 in damages. The Purported Amendment states in Box 2 that the basis of the claim is "conversion of collateral, RICO, fraud, interference [with] contract." This passage does not, however, describe what alleged conduct by what Debtor forms the basis of the Purported Amendment. The Purported Amendment concerns not the just the Arizona Property, but 114 additional properties (together with the Arizona Property, the "Properties").[6]

---

[5] Both the Claimant and his counsel, Wendy Allison Nora, were served with the Objection on September 4, 2013. [Docket No. 5029 at docket pages 11 of 75 and 14 of 75.]
[6] The Purported Amendment apparently suggests that the Purported Amendment should be treated as a "Borrower Claim." Debtors dispute this contention, but such issue has no relevance for purposes of the Objection.

4

12. The Purported Amendment is once again filed against ResCap. The Response purports to address this point by asserting that the Claimant had to file the Claim in the name of ResCap because the Chapter 11 Cases are consolidated administratively under the ResCap case number. Nonetheless, and regardless of the purported justification, the Claimant has chosen to blatantly disregard the clear dictates of the Bar Date Order. The Bar Date Order expressly requires that "[p]roofs of claim must specify by name and case number the Debtor against which the claim is filed. If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim Form must be filed with respect to each Debtor." [Bar Date Order, Dkt #1309, pp. 3-4]. In any event, the issue is moot with respect to the Purported Amendment because neither the Purported Amendment nor the Response either names or ascribes any specific conduct to ResCap *or* GMACM.

E.   **The Response**

13. The Claimant contends in the Response, that because he filed the Purported Amendment, the Objection is moot and the operative claim now is the Purported Amendment. (Response 1-2 ("By filing his Amended Proof of Claim as Claim No. 17, his previously filed claim in the private claim registry has been amended and KCC, LLC's Claim No. 242 *has been replaced and is no longer before the Court*.") (emphasis added).) That is really the sum and substance of the Response insofar as it is a response *to the Objection*. Thus, far from being moot, the Objection is effectively unopposed. For that reason alone, the Court should disallow the Claim.

14. Claimant's Response describes at length in general terms – again without any specific reference to any of the Debtors – an alleged national and even international scheme to victimize borrowers. But this material, even were it includable in the Claimant's filed claims, is

5

irrelevant to the Objection. So, too, are the Purported Amendment's complaints about the Disclosure Statement and the way in which its approval was obtained. (Separately, the Claimant both objected to the Disclosure Statement and appealed the Disclosure Statement Order.)

### III.  ARGUMENT

#### A.  Applicable Legal Standards

15. Initially, the Debtors wish to supplement the general standards concerning proofs of claim set forth in the Objection (at 9-13) with a review of the standards for assessing the adequacy of proofs of claim as pleadings and the criteria for assessing whether to permit post-bar date amendments to proofs of claim.

16. *Pleading Standards*. Several courts, including those in this district, have applied the federal pleadings standards when assessing the validity of a proof of claim. See In re DJK Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr. Props., 272 B.R. 529, 542, n.17 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) [of the Federal Rules of Civil Procedure ("Rule 12(b)(6)")] motion to dismiss. . . ") (citation omitted). Indeed, Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)") expressly applies in contested matters such as claim objections via Federal Rule of Bankruptcy Procedure 9014(c)'s importation of Federal Rule of Bankruptcy Procedure 7009. Accordingly, the adequacy of the Purported Amendment

should be judged by Rules 8(a)(2) ("Rule 8(a)(2)"), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

17.     Under Rule 8(a)(2), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ascroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). It is insufficient for a complaint to simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007). Rather, it must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). The purpose of Rule 8(a)(2) is to ensure that the complaint "give[s] enough detail to illuminate the nature of the claims and allow defendants to respond." Regis Techs., Inc. v. Oien (In re Oien), 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009) (emphasis added) (citations and internal quotation marks omitted). In other words each defendant must know with what he is charged. See, e.g., Forman v. Salazano (In re Norvergence, Inc.), 405 B.R. 709, 736-37 (Bankr. D.N.J. 2009) (complaint's setoff allegations inadequate because, among other things, it did not identify specific defendants with specific transactions).

18.     Under Rule 9(b), for allegations involving fraud, "a party must state with particularity the circumstances constituting the fraud or mistake." In Ziemba v. Cascade Int'l Inc., the Eleventh Circuit reiterated that in order to satisfy the heightened pleading requirements of Rule 9(b), a cause of action for fraud must set forth the following:

- precisely what statements were made in what documents or oral representations or what omissions were made; and

7

- the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

- the content of such statements and the manner in which they misled the plaintiff, and

- what the defendant obtained as a consequence of the fraud.

See Ziemba v. Cascade Int'l Inc., 256 F.3d 1194, 1202 (11th Cir. 2001).

19.    "The particularity rule serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" Id. (internal citations omitted).

20.    *Amendment to Proofs of Claim*.  Federal Rule of Bankruptcy Procedure 3003(c)(3) directs a bankruptcy court "to establish a bar date beyond which proofs of claim are disallowed in a chapter 11 case." In re Enron Creditors Recovery Corp., 370 B.R. 90, 94 (Bankr. S.D.N.Y. 2007).  The bar date "is critically important to the administration of a successful chapter 11 case for its intended to be a mechanism providing the debtor and its creditors with finality." Id. (internal quotations omitted).  Further, a bar date order, such as the one entered in the Debtors' case in August 2012, is "an integral part of the reorganization process," as it "serves the important purpose of enabling the parties to a bankruptcy case to identify with reasonable promptness the identity of those making claims against the bankruptcy estate and the general amount of the claims, a necessary step in achieving the goal of a successful reorganization. Enron, 370 B.R. at 94 (citing In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) (internal citations omitted)).  Where the bar date has passed, and a creditor seeks to file an amended proof of claim, "the decision to allow the amendment of the claim is committed to the discretion of the bankruptcy judge." In re Asia Global Crossing, Ltd., 324 B.R. 503, 507 (Bankr. S.D.N.Y. 2005) (internal citations omitted).

8

21. In the Second Circuit, courts apply a two-step inquiry when considering whether to allow late and amended proofs of claim. See Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005); In re Barquet Grp. Inc., 477 B.R. 454, 464 (Bankr. S.D.N.Y. 2012). First, the court must determine whether there was an "'assertion of a similar claim or demand evidencing an intention to hold the estate liable.'" Enron, 419 F.3d at 133 (quoting In re Integrated Res., Inc., 157 B.R. 66, 70 (S.D.N.Y. 1993)). A claim relates back to a timely filed claim if it: "1) corrects a defect of form in the original claim; 2) describes the original claim with greater particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim." Enron, 419 F.3d at 133 (quoting In re McLean Indus., Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).

22. If the "relation back" inquiry is satisfied, courts then examine whether it would be equitable to allow the amendment. Enron, 419 F.3d at 133; Integrated, 157 B.R. at 70. Courts consider the following five equitable factors in determining whether to allow an amendment:

> (1) undue prejudice to the opposing party; (2) bad faith or dilatory behavior on the part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed.

Integrated, 157 B.R. at 70 (internal citation omitted); Enron, 419 F.3d at 133. However, "the critical consideration is whether the opposing party will be unduly prejudiced by the amendment." Enron, 419 F.3d at 133 (citing Integrated, 157 B.R. at 70).

    **B.**    **The Purported Amendment Is a Late-Filed Claim Because It Does Not Relate Back to the Claim and Is in any Case Prejudicial Even if Timely**

23. The Purported Amendment was filed nearly a year after the Bar Date and even longer after the Claim. Accordingly, whether it is allowed must be judged by the two-step test of Enron, Integrated, and Barquet.

24. The Purported Amendment does not attempt to correct a defect of form or describe the original Claim with more particularity. Indeed, it says even less in substance than the Claim. It also does not plead new theories based in the original claim's facts. Clearly, the Purported Amendment could not do this as to the 114 additional properties. What it does do is purport to add claims regarding 114 additional properties. Consequently, based upon the analysis of the first step set forth in Enron, *et al.*, at least as to the 114 new properties, the Purported Amendment must be disregarded.

25. Even were the Purported Amendment timely because it related back to the Claim, the Court should disallow it by applying the second step of Enron's two-step analysis of whether to allow an amendment. If the Court recognizes the Purported Amendment, the Debtors, who have formulated their Plan, gotten their Disclosure Statement approved and set a hearing on confirmation of the Plan to begin next month will suddenly be facing claims of far greater scope than before, with the potential to entail costly litigation and delay. And while it might be easy to understand how the Claimant overlooked a property or two when he filed the Claim, his doing so for *all* of the 114 additional Properties is beyond explanation nor has any been proffered. There can be no excuse for his injecting them into the mix at this last, delicate juncture, more than 14 months after he filed the Claim and 10 months after the bar date.

   **C.**  **To The Extent that the Purported Amendment Is Linked to the Underlying Nucleus of Fact Asserted in the Claim and Arizona Litigation, It Is Barred by *Res Judicata*, Collateral Estoppel and the *Rooker-Feldman Doctrine***

26. In Arizona, *res judicata* applies:

> when a prior "judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, *or might have been, determined in the former action.*" *Hall v. Lalli,* 194 Ariz. 54, 57, ¶ 7, 977 P.2d 776, 779 (1999). In Arizona, the doctrine rests on the long-accepted principle that "[i]t is against public policy to split a cause of action and to make two or more suits of it when one is sufficient." *Williams v. Williams,* 32 Ariz. 164, 168, 256 P. 356, 357 (1927); *see also Phoenix Newspapers, Inc. v. Dep't of Corr., State of Ariz.,* 188 Ariz. 237, 241, 934 P.2d 801, 805 (App.1997) (noting that a purpose of the claim preclusion doctrine is "barring the splitting of claims").

Peterson v. Newton, No. 1 CA–CV 11–0797, 2013 WL 4517222, at *1 (Ariz. App. Aug. 27, 2013) (emphasis added). Thus, both *res judicata* and the standard for judging whether amendments are late-filed claims as set forth in *Enron, et al.*, have at their core whether the new and old claims relate to the same nucleus of facts. (See Objection 14-16.)

27.     In the Objection, the Debtors established that, being based on the Arizona Litigation and Complaint, the Claim was barred by *res judicata*. Accordingly, assuming the Purported Amendment somehow can be construed to set forth facts as to the Arizona Property, the sole subject of the Claim and Arizona Litigation,[7] the doctrine of *res judicata* applies equally to the Purported Amendment. Indeed, to the extent that *any* of the claims in the Purported Amendment meet the standard of *Enron* for relating back to the date of the filing of the Claim, they, too, are barred by *res judicata*.

28.     In summary, the claims in the Purported Amendment *necessarily* are either late-filed or subject to disallowance because of *res judicata*.

29.     By the same token, collateral estoppel, which as the Debtors explained in the Objection (at 15) is also based on whether the same core of facts was or could have been raised

---

[7] It is not even clear that the Purported Amendment can be construed to import the allegations of the Claim and Complaint since the Response says Claim "has been replaced and is no longer before the Court."

11

in the original litigation, also bars any alleged claims in the Purported Amendment that would relate back to the claim.

30. Finally, to the extent that any claim in the Purported Amendment relates back to the Claim because it is based upon the same underlying set of facts that were or could have been raised in the Arizona Litigation, it too must be disallowed because of the Rooker-Feldman doctrine, which depends on there having been a final judgment on all claims raised later in federal court that could have been raised in the original litigation. (See Objection 15-18.)

### D. The Purported Amendment Is Deficiently Plead

31. The Debtors argued in the Objection that the Claim failed to adequately plead any cognizable claims because it was filed against the wrong Debtor, did not attach appropriate documentation, and did not describe with sufficiently particularity what the relevant Debtor was supposed to have done that gave rise to a claim against it.

32. The Purported Amendment is equally defective. As noted, it does not describe at all what ResCap (or any of the Debtors, for that matter), is alleged to have done that constitutes grounds for a claim for relief. Since the Claim also had this deficiency, it will do the Claimant no good to try to relate the Purported Amendment to the Claim. Moreover, even if what is in the Response were somehow attributable to the Purported Amendment (or Purported Amendment and Claim), the result is the same since the Response fails to mention *any* of the Debtors, let alone ResCap or GMACM, by name, thus failing to link them to any of the alleged conduct the Response protests. In Iqbal's words, the Purported Amendment (and the claim) is no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Still less do any of these documents meet the heightened pleading standards of Rule 9(b) for fraud claims.

### IV. CONCLUSION

The Purported Amendment makes claims that either are late-filed claims that do

12

not relate back to the Claim and, therefore, are irrelevant to the Objection and these Chapter 11 Cases, or claims that, to the extent they may relate back to the Claim, are barred on every ground on which the Objection establishes the Claim is barred.  Both the Claim and Purported Amendment are inadequately plead.  Finally, both because the Response fails to address the Objection and because the grounds asserted in the Objection for disallowing the Claim are meritorious, the Court should sustain the Objection and disallows the Claim in its entirety.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested in the Objection and herein and such other and further relief as the Court may deem proper.

| | |
|---|---|
| Dated: October 7, 2013 | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Adam A. Lewis<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Samantha Martin<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Debtors and Debtors in Possession*<br><br>-and-<br><br>WOLFE & WYMAN LLP<br>11811 N. Tatum, Suite 3031<br>Phoenix, Arizona 85028-1621<br>Telephone: (602) 953-0100<br>Facsimile:  (602) 953-0101<br>Colt B. Dodrill<br><br>*Litigation Counsel for the Debtors and Debtors in Possession* |