# Exhibit 1

**The Responses**

## **Exhibit 1**

### **The Responses**

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| *Twentieth Omnibus Claims Objection* | | | |
| Mark Ragonese (Claim No. 4496) | *Response of Mark Ragonese to Debtors' Twentieth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | 4519 | The proof of claim asserts a $90,000 secured claim against ResCap, the stated basis of which is "Mortgage Note." No supporting documentation or further explanation is provided.<br><br>The Response states that the proof of claim seeks redress for GMAC Mortgage, LLC's ("GMACM") purportedly improper denial of the Claimant's application under the Home Affordable Refinance Program ("HARP"), resulting in Claimant having to pay mortgage payments at least $12,544.48 more than he should have paid. The Response states that the Claimant attained a loan refinancing under HARP from Green Tree in August 2013, shortly after the Mortgage was transferred to Green Tree. The Response does not explain the source of the remainder of the $90,000 sought in the proof of claim.<br><br>According to a review of the Debtors' books and records, the Claimant was denied a *loan modification* under the Home Affordable Modification Program ("HAMP"), not a *loan refinancing* under HARP. Supp. Decl. ¶ 6. The Claimant was denied a HAMP modification in June 2009 because the Claimant's stated income in his HAMP application was too low to support the mortgage. *Id.* A GMACM employee contacted the Claimant over the telephone on June 16, 2009 to inform him of the reason for the denial of his application. *Id.* The requirements for a HAMP loan modification differ markedly from the requirements for a HARP loan refinancing, which the Claimant was ultimately awarded by Green Tree. Indeed, in September 2011, GMACM actually advised the Claimant that he should apply for a HARP loan refinancing, but the Claimant never |

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | followed up with GMACM. *Id.* <br><br> The Debtors acted properly with regard to the Claimant's loan modification application and have no liability to the Claimant. The fact that the Claimant was able to obtain a loan refinancing four years later, as alleged, does not give rise to liability. |
| *Twenty-First Omnibus Claims Objection* | | | |
| Sonya Anthony Curry <br><br> (Claim No. 5288) | *Borrower Sonya Anthony Curry's Response to Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | 4668 | The proof of claim asserts a $50,435.32 secured claim against ResCap, the stated basis of which is "Mortgage Note." No supporting documentation or further explanation is provided. <br><br> The Response asserts that GMACM made an error in the Claimant's loan modification agreement, by which GMACM erroneously added an additional $50,435.32 to the mortgage balance. The Response attaches a copy of the loan modification agreement dated January 19, 2010 (the "LMA"). <br><br> As set forth in greater detail in the Supplemental Declaration, the LMA does contain a drafting error, but it is not the error identified by the Claimant. Supp. Decl. ¶ 10. The Claimant's construction of the LMA would mean that GMACM agreed to give the Claimant a principal forgiveness of $50,435.32 in the LMA. *Id.* at ¶ 11. However, GMACM's intention in entering into the LMA was to reduce the Claimant's monthly mortgage payments by making $50,435.31 of the principal on her mortgage non-interest bearing; GMACM never intended to forgive that amount. *Id.* at ¶ 12. Nothing in the Debtors' books and records supports the Claimant's interpretation of the drafting error, nor would the Claimant's interpretation be consistent with the Debtors' customary business practices. *Id.* |

2

ny-1111371

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | That the LMA was not intended as a mechanism for principal forgiveness is further supported by the "disclosure" page in the Claimant's loan modification package, which was signed by the Claimant and which states that "a 'Balloon Payment' for the entire amount of your remaining unpaid principal balance will be due when the Term of your loan expires, (the Maturity Date) . . ." <u>Exhibit B</u> to Suppl. Decl. at page 7 of 8.<br><br>Finally, had GMACM agreed to forgive $50,435.31 in debt to the Claimant, GMACM would have, pursuant to its duties under federal law, issued the Claimant a 1099 Tax Form documenting the Claimant's cancellation of indebtedness income, which GMACM never did. Supp. Decl. at ¶ 14. |
| *Twenty-Second Omnibus Claims Objection* | | | |
| George Davis<br><br>(Claim No. 3443) | *Response of George and Alicja Davis to Debtors' Twenty-Second Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | 4810 | The proof of claim asserts a $357,546.89 secured claim against GMACM, the stated basis of which is "Mortgage Note. would not [ac]cept any payments we sent to try to catch up our mortgage." No supporting documentation is attached.<br><br>The Response states that the Claimant attempted to pay a portion of his mortgage arrears to GMACM on numerous occasions without success. The Response also states that the Claimant was denied a loan modification from various parties.<br><br>The supporting documentation included in the Response only contains evidence that partial mortgage payments were returned to the Claimant by the successor servicer Green Tree, not by GMACM. The Debtors' books and records reveal a single instance in which the Claimant attempted to send a partial mortgage payment that GMACM refused because the loan was in foreclosure. Supp. Decl. ¶ 17. On February 8, 2012, GMACM refused to accept one payment from the Claimant in the amount of $4,000 |

3

ny-1111371

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | on the ground that such amount was not sufficient to the reinstate the mortgage. *Id.*<br><br>With respect to loan modification applications, GMACM mailed nine workout packages to the Claimant at his or his wife's request between June 5, 2009 and August 13, 2012. *Id.* at ¶ 18. The Claimant submitted six of these applications by mail between April 7, 2011 and November 23, 2011, as well as submitting a seventh application online on March 9, 2012. *Id.* The Claimant's second application was approved for a trial modification on June 27, 2011, but was cancelled on September 2, 2011 due to the Claimant's failure to make the first trial payment. *Id.* The Claimant's sixth application was denied on December 28, 2011 because GMACM could not reduce the Claimant's monthly mortgage payment enough to satisfy HAMP's requirement that the modified mortgage payment be no greater than 31% of the borrower's total income. *Id.* The Claimant's other five applications for a loan modification were denied because the Claimant provided an application with incomplete documentation and subsequently failed to provide the additional documents requested. *Id.* |
| William C. Walker & Keiran J. Walker<br><br>(Claim No. 5529) | *Response of William and Keiran Walker to Debtors' Twenty-Second Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | Not Docketed Yet | The proof of claim asserts a $402,433.20 unsecured claim against ResCap, the stated basis of which is "Mortgage Loan." No supporting documentation or further explanation is provided.<br><br>The Response alleges (without supporting documentation) that GMACM promised the Claimants a loan modification with a 2% interest rate and modified payments that would include their insurance and taxes, and the Claimants ultimately received a loan modification with a 4% interest rate, and modified payments not including insurance and taxes. The Response also alleges that GMACM wrongfully refused to use Mr. Walker's future projected earnings or Mrs. Walker's future social security income to calculate their loan modification. In addition, the Response states that GMACM made false promises that there would be other government |

4

ny-1111371

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | programs that the Claimants could qualify for in the near future, which the Claimants alleged caused them to sell "most of our personal property to stay in our home [in] hopes of [a] new plan as promised by GMAC." Response at 2. The Response revises the proof of claim's damage total to $330,012.15. All but $37,000 of this sum reflects the value of personal property that the Claimants sold and credit card debt that they incurred to make their mortgage payments. *See id.* at 3. The stated basis for the remaining $37,000 of damages ("Lose in Modification") is unclear. *See id.*<br><br>The Response fails to state a valid cause of action or basis for damages against the Debtors. In addition, the Response's allegations are unfounded. After completing a trial period, the Claimants were approved for a permanent HAMP modification on September 13, 2010, reducing their interest rate from ▇%[2] to ▇% (with an interest rate ceiling of ▇%) and reducing their monthly payments by more than $▇ so that the monthly payment was reduced by approximately 20%. Supp. Decl. ¶ 21. The Debtors' records do not contain any evidence that the Claimants were ever told that their interest rate would be reduced to 2% at any point. *Id.* In addition, the Claimants' mortgaged property is located in California, where state law does not allow a borrower's taxes and insurance to be paid by a mortgage company absent a borrower's request for the mortgage company to do so. *Id.* GMACM has no record of the Claimants asking for this to occur. GMACM was not allowed to use the Claimants' projected future income in calculating the modification, as only current income that is able to be proven can be used for purposes of a HAMP loan modification. *Id.*<br><br>The Claimants applied for additional HAMP loan modifications on May 16, 2011, and August 22, 2011. *Id.* at ¶ 22. The Claimants were denied modifications because the Claimants had already received HAMP |

---

[2] The Debtors have redacted certain sensitive information in this Reply. An unredacted copy has been furnished to the Court and the applicable Claimants.

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | modifications. *Id.* On both occasions, the Claimants received a letter regarding the modification denial and also spoke with a GMACM employee regarding the denial. *Id.* |
| **Twenty-Sixth Omnibus Claims Objection** | | | |
| Juana Cerna (Claim No. 3816) | *Response of Juana Cerna to Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | 5076 | The proof of claim asserts a $25,606 secured claim against GMACM and Residential Funding Corporation ("RFC"), the stated basis for which is "Settlement for second loan/ Account . . . overpayment[.]"<br><br>The Response alleges that after the Claimant executed a loan modification agreement with GMACM in January 2010, GMACM requested $12,803 from the Claimant, which amount the Claimant paid on February 26, 2010. The Claimant alleges that GMACM was not entitled to receive this $12,803 amount. The Response does not explain the source of the remainder of the Claimant's $25,606 claim.<br><br>The Claimant had two mortgage loans that were secured by her property at 14455 San Ardo, La Mirada, CA 90638 and serviced by GMACM: a first lien mortgage (Loan No. ▇▇▇▇▇▇▇▇) and a second lien mortgage (Loan No. ▇▇▇▇▇▇▇▇). Supp. Decl. at ¶ 25. The Claimant's loan modification of January 2010 solely addressed the Claimant's first lien mortgage (modifying its interest rate and deferring $▇▇▇▇▇▇ of the principal balance to make the interest bearing principal $▇▇▇▇▇▇). *Id.* On February 7, 2010, the Claimant wrote a letter to GMACM proposing to settle the second lien mortgage's outstanding principal balance of $85,348.03 for a payment of $12,803. *Id.* GMACM accepted the settlement proposal on February 26, 2010, wrote off the balance remaining on the second lien loan, and recorded a lien release of the second lien mortgage on or about March 2, 2010. *Id.* Thus, the $12,803 |

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | that the Claimant paid to GMACM was not an overpayment with respect to her loan modification, but rather was consideration for GMACM's release of the Claimant's second lien mortgage. *Id.* |
| Fannie Kendrick Dietrich (Claim No. 1385) | *Response of Fannie Kendrick Dietrich to Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | 5054 | The proof of claim asserts an unspecified amount against GMACM. The stated basis for the claim is "Expected refinancing completed online . . . reduced monthly payment."<br><br>The Response states that the Claimant "was taken through the entire loan modification . . . application process. At no time after supplying this information was I contacted as to the outcome." Response at 1. The Response alleges that GMACM never responded to several of the Claimant's phone calls and emails and states that "restitution of over 2 years with no refinance is what I want addressed." *Id.* at 3.<br><br>The Claimant's allegation that she was not contacted by GMACM is not accurate. Supp. Decl. at ¶ 28. The Claimant applied for a loan modification on November 2, 2011. The application was denied November 17, 2011 and a letter was sent to the Claimant communicating the denial of her application. In addition, a GMACM employee spoke with the Claimant over the telephone on November 21, 2011 and explained that the Claimant had included a large one-time expense in her application that severely increased her expenses relative to her income, which may have contributed to the denial of her application. *Id.* Accordingly, the Claimant re-applied for a loan modification on December 14, 2011. *Id.* The application was denied on January 17, 2012, however, and a letter was sent to the Claimant stating that "we service your loan on behalf of an investor or group of investors that has not given us authority to modify your loan." *Id.* This denial was due to the fact that the Claimant, who at the time was current on her mortgage payments, did not meet imminent default requirements (death, divorce, and/or disability) for modification of her Freddie Mac loan in the view of the investor group. *Id.* A GMACM employee also called the Claimant |

7

ny-1111371

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | on January 17, 2012 and informed her of the reason for the denial of her loan modification application. *Id.* |
| Phenon Walker (Claim No. 5429) | None | None | The proof of claim asserts a $143,931.01 unsecured claim against ResCap, the stated basis of which is "surplus check for 2011-money loan." The proof of claim attaches an escrow account statement from GMACM dated November 30, 2011. No other explanation or documentation is provided.<br><br>The Claimant's original response deadline to the Debtors' objection to her claim was September 16, 2013 at 4:00 p.m. On September 13, 2013, the Claimant faxed a letter to Debtors' counsel requesting a two-week adjournment of the response deadline and a 30 day adjournment of the hearing. *See* Letter annexed to Claimant's proofs of claim in Exhibit 2 of the Reply. On September 16, 2013, Debtors' counsel spoke with the Claimant over the telephone and granted her request, adjourning the objection to the October 9th omnibus hearing and adjourning her response deadline to September 30, 2013. The Claimant's new response deadline has passed and to date the Claimant has failed to provide supporting documentation or explanation to substantiate her claim.<br><br>A review of the Debtors' books and records reveals that there is currently a $▓▓▓▓▓▓ deficiency in the Claimant's escrow account based on her failure to pay property taxes and insurance on the mortgaged property since 2004. Thus, there is no escrow surplus (or any other amount) currently owing to the Claimant. Supp. Decl. at ¶ 31. |

8

ny-1111371

| | | | |
|---|---|---|---|
| *Twenty-Seventh Omnibus Claims Objection* | | | |
| Phenon Walker (Claim No. 4942) | None | None | The proof of claim asserts a $1,096,291.07 unsecured claim against ResCap, the stated basis of which is "monetary relief-foreclosure GMAC-MERS." No supporting documentation or further explanation is provided.<br><br>The Claimant's original response deadline to the Debtors' objection to her claim was September 16, 2013 at 4:00 p.m. On September 13, 2013, the Claimant faxed a letter to Debtors' counsel requesting a two-week adjournment of the response deadline and a 30 day adjournment of the hearing. *See* Letter annexed to Claimant's proofs of claim in <u>Exhibit 2</u> of the Reply. On September 16, 2013, Debtors' counsel spoke with the Claimant over the telephone and granted her request, adjourning the objection to the October 9th omnibus hearing and adjourning her response deadline to September 30, 2013. The Claimant's new response deadline has passed and to date the Claimant has failed to submit any supporting documentation or explanation to substantiate her claim.<br><br>According to the Debtors' books and records, foreclosure proceedings began on the Claimant's mortgage on April 29, 2013. Supp. Decl. ¶ 32. However, the Debtors are involved in no active litigation initiated by the Claimant, *id.*, and the Claimant has failed to substantiate a claim against the Debtors. |

9

ny-1111371

| | | | |
|---|---|---|---|
| Bettie Jean Yelder (Claim No. 2002) | *Response of Bettie Jean Yelder to Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* <br><br> *Motion to Allow Claims For Settlement in the amount of $100,000 Plus Any Damages That The Court Deems Appropriate* | 4919 & 5260 | The proof of claim asserts a $100,000 secured claim against ResCap, the stated basis for which is "Mortgage Note." <br><br> The Claimant's first Response states that "my claim should not be disallowed, because of the mental hardship and financial hardship cause[d] by" the Debtors. The first Response provides no supporting documentation apart from a letter from GMACM dated March 7, 2012, stating that a late fee was charged to Claimant's account for failure to timely pay her monthly mortgage payment. <br><br> The second Response (the "Motion to Allow") reiterates that the Claimant was caused "mental, physical, and financial hardship" by ResCap and attaches various medical records of the Claimant. <br><br> Nowhere in the proof of claim, the first Response, or the second Response does the Claimant explain how specific actions by the Debtors harmed the Claimant. A review of the Debtors' books and records reveals that there is no active litigation associated with this Claimant and the account is not currently in foreclosure. The Debtors' books and records reflect no liability due and owing to the Claimant. Supp. Decl. ¶ 35. |
| Freddie M. Scott (Claim No. 3751) | *Response of Freddie M. Scott to Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | 5099 | The proof of claim asserts a $208,250 unsecured claim against ResCap. The proof of claim has no stated basis, but attaches various loan-related documents. <br><br> The Response alleges, without any supporting documentation, that representatives of GMACM and RFC (1) overstated the income of the Claimant and her husband in their mortgage application (apparently causing them to obtain a mortgage that they would not otherwise have qualified for) and (2) misrepresented to the Claimant and her husband that their mortgage would have a fixed rate, when it actually had an adjustable rate, which subsequently caused the Claimant's interest payments to balloon. <br><br> As to the Debtors, these allegations are meritless because the Debtors |

10

ny-1111371

|  |  |  | were not involved with the origination of the Claimant's mortgage, which was originated by Stonecreek Funding Corporation, and was thereafter sold to RFC and serviced by Homecomings Financial, LLC. Supp. Decl. ¶ 38.<br><br>Apart from these two allegations, the Response also states a number of other allegations and legal theories, which (apart from being unsubstantiated) are unintelligible and fail to give the Debtors sufficient notice of the claims asserted. *See In re DJK Residential, LLC,* 416 B.R. at 106 (Bankr. S.D.N.Y. 2009) ("While the Claim 'does not need detailed factual allegations, ... [it] requires more than labels and conclusions....'"), quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). |
|---|---|---|---|

11