# Exhibit 2

## The Disputed Claims

## The Ragonese Claim

Claim #4496  Date Filed: 11/13/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):

JOINTLY ADMINISTERED

❏ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

MARK RAGONESE
1929 N PEPPER ST
BURBANK, CA 91505

Telephone number: 978-884-9420    email: markragonese@hotmail.com

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

MARK RAGONESE  1929 N PEPPER ST.  BURBANK, CA 91505

Telephone number: 978-884-9420    email: markragonese@hotmail.com

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 90000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** MORTGAGE NOTE
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 7938

**3a. Debtor may have scheduled account as:** MARK RAGONESE
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim** (See instruction #4)

Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ■ Real Estate ❏ Motor Vehicle ❏ Other

Describe:

**Value of Property:** $ 500000    **Annual Interest Rate** 6.14 % ■ Fixed ❏ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**

if any: $ 0    Basis for perfection: _____

**Amount of Secured Claim:** $ 90000.00    **Amount Unsecured:** $ 0

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$ _____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgment completed, and redacted copies of documents providing evid definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED I

If the documents are not available, please explain:

121120201211130000000000077

**9. Signature:** (See instruction #9) Check the appropriate box.

❏ I am the creditor.   ❏ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)

■ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)

❏ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: MARK RAGONESE
Title: DEBTOR
Company:
Address and telephone number (if different from notice address above):

x *Mark Ragonese* Nov 6 2012
(Signature)    (Date)

978 884 9420    Email: MARKRAGONESE@HOTMAIL.COM    markragonese@hotmail.com

Telephone number:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❏ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**

NOV 1 3 2012

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

## The Curry Claim

Claim #5288   Date Filed: 11/16/2012

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM**

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Sonya Anthony Curry**

Name and address where notices should be sent:

**1213 Summerside Drive, DeSoto, TX 75115**

Telephone number: 708-714-7077    email: sunqm@yahoo.com

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ **50,435.32**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage Note
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 4488 | **3a. Debtor may have scheduled account as:** GMAC (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** (See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $ 180,000    **Annual Interest Rate** 4.5 % ☑ Fixed ☐ Variable (when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $_____

**Basis for perfection:** Mortgage Loan Modification

**Amount of Secured Claim:** $ 50,435.32    **Amount Unsecured:** $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor. ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.) ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Sonya Anthony
Title:
Company:
Address and telephone number (if different from notice address above):

(Signature)    (Date)    11-09-2012

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:** $_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
**NOV 1 6 2012**
KURTZMAN CARSON CONSULTANTS

12120201211160000000000030

## **The Davis Claim**

B 10 Modified (Official Form 10) (12/11)    Claim #3443  Date Filed: 11/7/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC**    *Claim Number 12-12020 (MG)*

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**George Davis**

Name and address where notices should be sent:
**52 Poor Farm Road    Pennington, NJ 08534**
**(609) 712-6480**

Telephone number: **(609) 737-3868**    email:

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ **357,546.89**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** **Mortgage Note   Would not except any payments we sent to try to catch up our mortgage**
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** **1234 1467**

**3a. Debtor may have scheduled account as:** ~~Alison Tesman~~ *George Davis*
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☑ Other
**Describe:**

**Value of Property:** $ **570,500**    **Annual Interest Rate** **6** % ☐ Fixed ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
**if any:** $ **357,546.89**    **Basis for perfection:** **Want to sure my home**

**Amount of Secured Claim:** $ _____    **Amount Unsecured:** $ _____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ _____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **George Davis**
Title:
Company:
Address and telephone number (if different from notice address above):    X **George Davis**  (Signature)    **11/4/12** (Date)

Telephone number:    Email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**
**NOV 0 7 2012**
KURTZMAN CARSON CONSULTANTS
**COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*



1212020121107000000000056

## The William and Keiran Walker Claim

Claim #5529  Date Filed: 11/16/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020** " G m "

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**William C. Walker & Keiran J. Walker**

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

**William C. Walker & Keiran J. Walker**
**PO Box 2324**
**Antioch, CA 94531**

Telephone number: 925-625-3047      email: buzzwalk@comcast.net

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:      email:

**1. Amount of Claim as of Date Case Filed:** $   **402,433.20**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Mortgage Loan
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**  **8520**

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____  Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____      Basis for perfection: _____

Amount of Secured Claim: $_____      Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:  Documents to follow - in storage

**9. Signature:** (See instruction #9) Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)

☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: William C. Walker & Keiran J. Walker
Title: _____
Company: _____
Address and telephone number (if different from notice address above):

*(Signature)*   *(Date)*   Nov. 9, 2012

Telephone number:      Email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
**NOV 1 6 2012**
KURTZMAN CARSON CONSULTANTS

12120201211160000000000112

## **The Cerna Claim**

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC-RFC Holding Company, LLC, Case No. 12-12029**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Juana Cerna

Name and address where notices should be sent:

Juana Cerna
14455 San Ardo Drive
La Mirada, CA 90638

Telephone number: 562-242-8201            email: eli33777@sbcglobal.net

Name and address where payment should be sent (if different from above):

Telephone number:                email:

❑ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
(*If known*)

Filed on:_____

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 25,606.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Settlement for second loan /Account # 8359028838/overpayment
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** | **3b. Uniform Claim Identifier (optional):** |
|---|---|---|
| Account # 8838 | N/A (See instruction #3a) | N/A (See instruction #3b) |

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate ❑ Motor Vehicle ❑ Other
Describe:

Value of Property: $ 385,000.00    Annual Interest Rate 2 % ❑ Fixed ☑ Variable (when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ N/A    Basis for perfection: N/A

Amount of Secured Claim: $ 25,606.00    Amount Unsecured: $ 0

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$ 0 (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing ev... 'g definition of "*redacted*.")

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHE|

If the documents are not available, please explain:

‖‖‖‖‖‖‖‖‖ 12120291211090000000000002

**9. Signature: (See instruction #9)** Check the appropriate box.

☑ I am the creditor.    ❑ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ❑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ❑ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Juana Cerna
Title:
Company:                *(Signature)* Juana Cerna            *(Date)* 11-07-12
Address and telephone number (if different from notice address above):

Telephone number:                Email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❑ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

❑ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**

NOV 0 9 2012

**KURTZMAN CARSON CONSULTANTS**

**COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# GMAC Mortgage

December 15, 2011

Juana Cerna
14455 San Ardo Dr
La Mirada CA  90638

RE:    Account Number        ███████8838
       Property Address      14455 San Ardo Dr
                             La Mirada CA  90638

Dear Juana Cerna:

This letter is in response to your recent inquiry regarding the above-referenced purged account.

Our records reflect a charge off was completed on July 29, 2009.  Settlement was accepted for $12,803.00 on February 26, 2010, when you remitted funds.  The GMAC Mortgage tradeline reports paid in full for less than the full balance.

Enclosed for your review is a copy of the 2010 payment history.

If you have any further questions, please contact Customer Care at 1-800-766-4622 between the hours of 6:00 am to 10:00 pm Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

Enclosure

MR

**DATE:**        November 6, 2012
**TO:**          Residential Capital, LLC (ResCap)
**FROM:**        Juana Cerna – Currently with a GMAC Mortgage Account #█████1485
**SUBJECT:**     Charges and Acceptance of the amount of $12,803 by GMAC after the settlement
                 of a new contract (loan modification) associated with a new mortgage loan dated
                 January 29, 2010.

The amount of $12,803.00 was received by GMAC on February 26, 2010. GMAC loan
modification (new contract) was established on January 29, 2010. Why, I had to send that
amount of money, if a new contract (loan modification) with GMAC was approved on January
29, 2010.
The amount of $12,803.00 was sent as a wire transfer # 077777 to JP Morgan Chase Bank
(FW#████████0984) on February 26, 2010, after GMAC loan modification settlement.
GMAC knew that I had to borrow that amount of money; money that still I am making payments
and with interests.
I contacted GMAC several times over the phone, faxed letters, and mailed letters as well,
requesting back that amount of money.
I am sending two documents: The new contract dated January 29, 2010 and the GMAC letter
confirming that they received the $12,803.00 on February 26, 2010.

Respectfully,

*Juana Cerna*
Juana Cerna
14455 San Ardo Drive
La Mirada, CA 90638
(562) 242-8201
eli33777@sbcglobal.net

Date:  1/29/2010                     Loan# ████1485

Borrower's Name:       JUANA E CERNA


Lender's Name and Address:  GMAC Mortgage, LLC
                            3451 Hammond Avenue
                            Waterloo, IA 50702


## IMPORTANT INFORMATION ABOUT
## YOUR LOAN MODIFICATION WHICH FEATURE A BALLOON PAYMENT
### Please Read Carefully

This disclosure describes the features of your loan modification.


**How Is Your Interest Rate and Initial Payment Determined?**

- According to your mortgage payment calculated for long-term affordability, your modified loan will now be a balloon mortgage.
- The amount of the initial monthly payment on your modified loan will be based on three factors:

    - the interest rate reflected in the agreement;
    - the current balance of the loan; and
    - the remaining term \ amortization period of the loan.

Your new monthly payment of principal and interest will be calculated based on an extended amortization period of 480 months, and your loan will have a term of 443 months.  Although your new payment will substantially pay down your loan balance, a "Balloon Payment" for the entire amount of your remaining unpaid principal balance will be due when the Term of your loan expires, (the Maturity Date) or when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due, and the "Lender" will be under no obligation to refinance your loan.


**How Your Monthly Payment Can Change- Balloon Payment**

- You will be notified in writing at least 90 but not more than 120 days before the date the balloon payment is due.  This notice will be mailed to you at the most current mailing address you supply and will contain information about the amount of the balloon payment, the date it is due and the telephone number of the Lender's representative (or loan servicer's representative) available to answer questions you may have about the notice.

    THE MODIFIED TERM OF THE LOAN IS 443 MONTHS AS A RESULT, YOU WILL BE REQUIRED TO PAY THE ENTIRE REMAINING UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST OWING WHEN THE TERM OF YOUR LOAN EXPIRES, OR WHEN YOU PAY OFF THE MODIFIED LOAN, WHICH WILL BE WHEN YOU SELL OR TRANSFER AN INTEREST IN YOUR HOUSE, REFINANCE THE LOAN, OR WHEN THE LAST SCHEDULED PAYMENT IS DUE.

    THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

    ASSUMING THIS LENDER OR ANOTHR LENDER REFINANCES THE LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OF ALL OF THE CLOSING COSTS NORMALLY

ASSOCIATED WITH A NEW MORTGAGE LOAN.

Example of Balloon Payment

- The payment amount due at loan maturity can change substantially based upon amount of the loan, interest rate, and any principal payments you choose to make before loan maturity, among other factors.

| | |
|---|---|
| Unpaid Loan Balance at Time of Modification | $100,000 |
| Loan Balance That Does Not Accrue Interest (Amount Forborne) | $25,000 |
| Loan Balance That Does Accrue Interest | $75,000 |
| Interest Rate | 7.7500% |
| Remaining Loan Term | 20 years |
| Remaining Amortization Schedule | 40 years |
| Monthly Principal and Interest Payment | $498.55 |
| Balloon Payment Due | $94,115.71 |

In the example above, the outstanding loan balance of $94,115.71 would be due and payable at the end of 20 years, which represents the unpaid loan amount resulting from the extended amortization and the $25,000 of loan balance that did not accrue interest.

This summary is intended for reference purposes only. Important information relating specifically to your loan modification will be contained in the loan modification documents, which alone will establish your rights and obligations under the loan modification plan. This disclosure does not address any other payments that may be required under the terms of your loan, for example, monthly escrow payments

THE PURPOSE OF THIS DISCLOSURE IS TO PROVIDE VARIOUS DETAILS ON THE TYPE OF LOAN MODIFICATION FOR WHICH YOU HAVE EXPRESSED INTEREST. THE DISCLOSURE DOES NOT CONSTITUTE A COMMITMENT ON THE PART OF THE LENDER TO MODIFIY YOUR LOAN.

Receipt of a copy of this Disclosure is hereby acknowledged.

_02 - 12 - 10_
Date

_Juana E. Cerna_
JUANA E CERNA

_____
Date

_____

_____
Date

_____

_____
Date

_____

**<u>The Dietrich Claim</u>**

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC - ALLY Res Cap LLC 12-12020 (MG)**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Fannie Kendrick Dietrich**

Name and address where notices should be sent:
**Fannie Kendrick Dietrich
1902 Marjorie Lane
Kokomo Ind. 46902**

Telephone number: **7654532490**   email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:   email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ _____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** **Expected refinancing** **reduced monthly**
(See instruction #2) **completed online** **payment**

**3. Last four digits of any number by which creditor identifies debtor:**
**1234**

**3a. Debtor may have scheduled account as:**
Alison Tearnen
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
**Describe:**
**Value of Property:** $ _____   **Annual Interest Rate** _____ %☑Fixed ☐Variable
(when case was filed)
**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
**if any:** $ _____   **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____   **Amount Unsecured:** $ _____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ _____   (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or   ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)   their authorized agent.   indorser, or other codebtor.
(See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: **Fannie Kendrick Dietrich**   **Fannie K Dietrich**   **10-12-12**
Title: _____   (Signature)   (Date)
Company: _____
Address and telephone number (if different from notice address above): _____

Telephone number: _____   Email: _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**
OCT 1 8 2012

KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1212020121018000000000026

# BORROWER'S CERTIFICATION & AUTHORIZATION

APPLICANT(S):  **Fannie K. Dietrich**

PROPERTY:      **1902 Marjorie Ln, Kokomo, IN  46902**

By signing below, I agree to the following:

1. I certify that I have submitted a formal loan application to  GMAC Mortgage          for mortgage loan financing. In connection with this loan application, I acknowledge having provided  GMAC Mortgage          with various personal and financial information, including, but not limited to, the amount and source of any down payment, my employment and income information, and information on my assets and liabilities. I further acknowledge that this information will be used by Ally Bank Corp.          to determine my qualifications for the requested loan. I certify that all of the information I have provided is current, accurate, true and correct, that I have not made misrepresentations in the loan application or any other related document, and that I have not omitted any pertinent or material information.

2. If at any time before closing there is a material change in the information I have provided (including, for example, my receipt of any notice from my employer indicating a change to my employment and/or income status), I agree to promptly notify  Ally Bank Corp.                    of such material change due to its potential impact on my qualifications for the requested loan.

3. I understand that a married applicant may submit a formal loan request for separate mortgage loan financing in his/her own name.

4. I authorize Ally Bank Corp.          , its agents, successors and assigns, to

   a) order one or more consumer credit reports;

   b) to obtain, verify, and reverify any and all information, including, but not limited to, my income, assets, employment, and outstanding obligations, that Ally Bank Corp. may need (i) during loan processing in order to consider my loan application under Ally Bank Corp.          's loan program guidelines and (ii) if the loan application is approved, (A) in connection with any update, renewal, or extension of the loan  and (B) after loan closing as part of a post-closing audit review; and

   c) release any information regarding my loan application to third parties, including, but not limited to, title insurers, appraisers, credit reporting agencies and affiliates, in order to expedite the processing of my loan application and, if such loan application is approved, the closing of my mortgage loan.

0795
05/07/2012 05:04am

1368BCA2

010146:097441:984218::12343258
Signed by:  Fannie K Dietrich
Date: 2012-05-08 19:09:02 EDT
Digitally Certified by: eLynx

Fannie K. Dietrich

*Fannie K Dietrich*

Date

June 01, 2012
Date

_____

Date

_____

Date

NOTICE TO BORROWERS:  This is notice to you as required by the Right to Financial Privacy Act of 1978 that HUD/FHA and VA have a right of access to financial records held by financial institutions in connection with the consideration or administration of assistance to you. Financial records involving your transaction will be available to HUD/FHA or VA without further notice or authorization but will not be disclosed or released by this institution to another Government Agency or Department without your consent except as required or permitted by law.

## INTEREST RATE LOCK AGREEMENT
*Please Read Carefully*

Borrower Name:   Fannie K. Dietrich

Loan Agent Name:   Richard Anderson

Loan Agent Phone:  (215) 734-8186
Loan Agent Fax:    (866) 655-4536
Loan Agent Address: 1100 Virginia Drive
Fort Washington, PA 19034

Property Address:  1902 Marjorie Ln
Kokomo, IN  46902

Loan Number:    ████ 0795

Loan Agent Email:   Richard.Anderson@gmacm.com

Ally Bank Corp. Hereinafter referred to as "Lender".

Interest Rate Lock Agreement Date:  May 07, 2012

My interest rate and points are locked-in under the following terms:

| Interest Rate*: | 4.375 % | Lock Expiration Date: | 08/06/2012 |
|---|---|---|---|
| Total Points: | 0.375 % | Interest Rate Lock Date: | 05/07/2012 |
| *Each point is equal to 1.0% of the Loan Amount.* | | | |

My locked-in interest rate and points are based upon specific loan characteristics including, but not limited to, those outlined below. Any changes to these loan characteristics that impact my lock-in interest rate, total points, fees, and/or loan eligibility may result in this Interest Rate Lock Agreement ("Agreement") becoming null and void at the option of Lender.

LOAN AMOUNT: $ 160,291.00     LOAN TERM:  360   (months)

LOAN PROGRAM:  Fixed Rate Mortgage

LOAN TYPE: Conventional                DOCUMENTATION: Refi Plus

PROPERTY: One Family        PURPOSE: Refinance        OCCUPANCY: Primary Residence

ESCROW/IMPOUND ACCOUNT: Loan ☒ is / ☐ is not subject to a required escrow (impound) account.

LOAN TO VALUE:  105.00 %  COMBINED LOAN TO VALUE:  105.00 %  DEBT TO INCOME: 283.18 %

If my Lock-in Expiration Date needs to be extended, I must contact the Lender prior to the Lock-in Expiration Date to request an extension ("Extension"). Lender will communicate to me the Extension options and the associated costs and will determine if the Extension request will be granted. It is the Lender's policy not to set or extend the Lock-in Expiration Date more than ninety (90) calendar days past the Lock-in Date.

If I have the right to rescind my loan, my loan must close at least four (4) business days prior to the Lock-in Expiration Date. If my loan does not close and disburse by the Lock-in Expiration Date (as extended by any Extension), this Agreement shall terminate on the Lock-in Expiration Date (as extended by any Extension). If this Agreement terminates or expires before my loan closes and disburses, I agree that the interest rate, points and fees in connection with my loan shall be as set forth in the table in Section D, below.

* If I am applying for an adjustable rate mortgage loan, the Interest Rate is for the initial term only and is subject to change in accordance with the terms of the adjustable rate mortgage loan documents.

Interest Rate Lock Agreement (MultiState)

2460R2 (03/2011)              Page 1 of 8              ████ 0795
                                                      05/07/2012 05:04am

**A.    DELIVERY TO LENDER**
I must sign and send this Agreement to the Lender at the Loan Agent fax number, address, or e-mail listed above so that Lender receives it **within two (2) business days of the Interest Rate Lock Agreement Date** ("Signing Period"). If Lender receives this signed Agreement within the Signing Period, this Agreement will be enforceable by Lender and me. If Lender does not receive this signed Agreement within the Signing Period, Lender shall promptly decide whether to terminate or honor this Agreement. If Lender opts to terminate this Agreement, I agree that the interest rate, points and fees in connection with my loan shall be as set forth in the table in Section D, below.

**B.    LIMITATIONS AND RESTRICTIONS**
I understand that daily market changes may affect (1) the availability of Loan Programs and loan pricing, (2) my lock-in options, and/or (3) my eligibility for a loan. I acknowledge that Lender, in its sole and absolute discretion, but subject to applicable law,

## The Phenon Walker Claims and Letter

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:

**Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Phenon Walker**

Name and address where notices should be sent:

**Edgewater Trust**
c/o Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

Telephone number: (440) 779-0333            email: edgewatertrust@yahoo.com

Name and address where payment should be sent (if different from above):

Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

Telephone number:                         email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $ 1,096,291.07**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** monetary relief-foreclosure GMAC-MERS
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
_5673_

**3a. Debtor may have scheduled account as:**
$13,500.00
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☑ Other
Describe:

Value of Property: $_____   Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____        Amount Unsecured: $ **1,096,291.07**

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature: (See instruction #9)** Check the appropriate box.
☑ I am the creditor.   ☐ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor.
(See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Phenon Walker
Title:
Company:                                           _____  11/12/12
Address and telephone number (if different from notice above):    (Signature)           (Date)
13880 Edgewater Drive Lakewood Ohio 44107

13880 Edgewater Drive Lakewood Ohio 44107

Telephone number: (216) 221-8222    Email: edgewatertrust@yahoo.com

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**

NOV 1 5 2012

KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.

121202012111500000000027

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:

**Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Phenon Walker**

Name and address where notices should be sent:

**Edgewater Trust**
c/o Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

Telephone number: (440) 779-0333                email: edgewatertrust@yahoo.com

Name and address where payment should be sent (if different from above):

Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

Telephone number:                         email:

□ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

□ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $** 143,931.01

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** surplus check for 2011-money loan
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
5673

**3a. Debtor may have scheduled account as:**
$3500.00
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**

(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: □ Real Estate  □ Motor Vehicle  ■ Other
**Describe:**

Value of Property: $_____    Annual Interest Rate_____% □ Fixed □ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____                 Basis for perfection: _____

Amount of Secured Claim: $_____         Amount Unsecured: $ 143,931.01

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

□ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

□ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

□ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

□ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature: (See instruction #9)** Check the appropriate box.

■ I am the creditor.   □ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   □ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   □ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Phenon Walker
Title:
Company:
Address and telephone number (if different from notice address above):
13880 Edgewater Drive Lakewood Ohio 44107
13880 Edgewater Drive Lakewood Ohio 44107

*(Signature)*  Phenon Walker     11/12/12
*(Date)*

Telephone number: (216) 221-8222          Email: edgewatertrust@yahoo.com

**RECEIVED**
NOV 16 2012
KURTZMAN CARSON CONSULTANTS

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.

**Section 2:**

0181524

ANALYSIS TYPE: 1/6 AGGREGATE                                    ACCOUNT NUMBER: ████0477
PROJECTED ESCROW BALANCE AS OF: NOVEMBER 30, 2011        164,034.31 *

\*    Projected balance reflects all receipts and disbursements made prior to the date of analysis and all mortgagor payments and
      disbursements anticipated to be made prior to the effective date of analysis.

| DATE | RECEIPTS | PROJECTED DISBURSEMENTS | CUR. BAL. PROJECTIONS | REQ. BAL. PROJECTIONS |
|------|----------|------------------------|----------------------|----------------------|
| JECTED BALANCE | | | 164,034.31 | 20,103.30 |
| 01/11 | 2,871.90 | .00 | 166,906.21 | 22,975.20 |
| 01/12 | 2,871.90 | 17,231.40- | 152,546.71 | 8,615.70 |
| 01/12 | 2,871.90 | .00 | 155,418.61 | 11,487.60 |
| 01/12 | 2,871.90 | .00 | 158,290.51 | 14,359.50 |
| 01/12 | 2,871.90 | .00 | 161,162.41 | 17,231.40 |
| 01/12 | 2,871.90 | .00 | 164,034.31 | 20,103.30 |
| 01/12 | 2,871.90 | 17,231.40- | 149,674.81 | 5,743.80 L |
| 01/12 | 2,871.90 | .00 | 152,546.71 | 8,615.70 |
| 01/12 | 2,871.90 | .00 | 155,418.61 | 11,487.60 |
| 01/12 | 2,871.90 | .00 | 158,290.51 | 14,359.50 |
| 01/12 | 2,871.90 | .00 | 161,162.41 | 17,231.40 |
| 01/12 | 2,871.90 | .00 | 164,034.31 | 20,103.30 |

Current Escrow Balance: 2,116.60-

| Esc Rcpts to Eff Dt | | Esc Disb Prior to Eff Dt | |
|---------------------|--------|--------------------------|----------|
| Due Dt | Due Amt | Disb Date | Disb Amt |
| 07/04 | .00 | | |
| 08/04 | .00 | | |
| 09/04 | 66,150.91 * | | |

\*Indicates Sum of Remaining Escrow Payments
&/or Escrow Disbursements to Effective Date.

L    ANTICIPATED LOW POINT FOR ANALYSIS PERIOD:
149,674.81

MAXIMUM PERMITTED LOW-POINT: (EXCLUDING MIP)
5,743.80

---

**Section 3:** ➡    | SURPLUS | 143,931.01 |

---

ESCROW ACCOUNT ACTIVITY (DECEMBER 01, 2010 - NOVEMBER 30, 2011)

PHENON WALKER

GMAC Mortgage

THIS IS NOT A CHECK

| Account Number | Surplus Amount |
|----------------|----------------|
| ████0477 | 143,931.01 |

UNRELEASED SURPLUS NOTICE

## FAX COMMUNICATION

**Sept 13, 2013**

                                                   **Time: 4:44p**

**Morrison Foerster LLP**
**1290 Avenue of the Americas**
**New York, New York 10104**
**Ph. (212) 468-8000**
**Fax (212) 468-7900**
**Gary S. Lee, Esq.**
**Lorenzo Marinuzzi, Esq.**
**Jordon A. Wishnew, Esq.**
*Counsel for the Debtors and Debtors in Possession*


**FROM:**

**Phenon Walker**
**Claiment**
**PO Box 35596**
**Cleveland, Ohio 44135**
**PH. (440) 779-0333**
**FAX. 877-395-4449**


**ATTACHED:**

**REQUEST FOR EXTENSION OF TIME TO FILE RESPONSE AND CONTINUANCE OF SEPTEMBER HEARING**

Sept 13, 2013                                            Time: 4:44p

Morrison Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Ph. (212) 468-8000
Fax (212) 468-7900
Gary S. Lee, Esq.
Lorenzo Marinuzzi, Esq.
Jordon A. Wishnew, Esq.
    *Counsel for the Debtors and Debtors in Possession*

*RE: Claim # 4942, 4966, 5429 CASE NO. 12-12020 RESIDENTAIL CAPITAL LLC.*

## REQUEST FOR EXTENSION OF TIME TO FILE RESPONSE AND CONTINUANCE OF SEPTEMBER HEARING

On Thursday Sept 12, 2013 Attorney Craig Relman of Craig W. Relman Co. LPA (Ohio Counsel) left a message with your firm requesting an extension to file a response and move the hearing date back 30 days. There was no return call.

Just yesterday, it was recommendation that I obtain legal counsel in New York. This is Friday and the holiday weekend has proven to be virtually impossible to retain counsel to review the herein claims and file a written Objection with the Bankruptcy Court by 4:00p Monday Sept. 16, 2013.

Please consider this formal written request for an extension of time to file my objection opposing the expungement, and/or disallowance of my claim(s). I am requesting that the response deadline be moved to 2 weeks and the hearing date in 30 days.

Respectfully,

Phenon Walker
Claiment
PO Box 35596
Cleveland, Ohio 44135
PH. (440) 779-0333
FAX. 877-395-4449

1

**<u>The Yelder Claim</u>**

Claim #2002 Date Filed: 10/30/2012

12-12020

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:** 12-12020

NOTE: This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
RESIDENTIAL CAPITAL LLC

☐ Check this box if this claim amends a previously filed claim.

**Name and address where notices should be sent:**
Bettie Jean Yelder
2915 CanteLou Rd
Montgomery AL 36108

**Court Claim Number:** 12 12020
(If known)

**Filed on:** 10-26-12

**Telephone number:** (334) 228-2556    email: MJenking@RayCommedia @RayCommedia.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**Name and address where payment should be sent (if different from above):**
Same

**Telephone number:**    email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

**1. Amount of Claim as of Date Case Filed:** $ 100,000
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortage Note
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 9357
**3a. Debtor may have scheduled account as:** Alison Toumen Bettie Yelder
(See instruction #3a)
**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Value of Property:** $ 100,000    **Annual Interest Rate** 5/12 %  ☒ Fixed ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ 100,000    **Basis for perfection:**

**Amount of Secured Claim:** $ 100,000    **Amount Unsecured:** $

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $ 100,000 (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature: (See instruction #9)** Check the appropriate box.
☐ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or    ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)    their authorized agent.    indorser, or other codebtor.
(See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

**Print Name:** Bettie J. Yelder
**Title:**
**Company:**
**Address and telephone number (if different from notice address above):**
(Signature) B Yelder    (Date) 10-26-12

**5. Amount of Claim Entitled to Priority (right column):**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ 100,000

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
OCT 30 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

**Telephone number:**    **Email:**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1212020121030000000000027

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

01/03/12

BETTIE JEAN YELDER

2915 CANTELOU ROAD

MONTGOMERY        AL 36108

Loan Number:        ████6280
Property Address:    2915 CANTELOU ROAD

                    MONTGOMERY        AL 36108

Dear    BETTIE JEAN YELDER

We have not received your mortgage payments for the months of 10/21/11 through 12/21/11.
This means your account is now in default, and if you do not make these payments or reach
another resolution with us, we may soon begin proceedings for foreclosure of your home.

If you have already mailed these payments, please accept our thanks. Also, if you are already
working with GMAC Mortgage, LLC to avoid foreclosure, you can disregard this letter.

We are here to help. If you are experiencing financial difficulties, please contact us
immediately 800-850-4622 (weekdays, 8:00 a.m. - 11:00 p.m. CT; Saturday, 8:00
a.m. - 12:00 p.m.).

There are options available that may help you avoid foreclosure. These include the following:

* Repayment Plan: If you have experienced a temporary loss of income or increase in
  expenses but can now afford to make higher payments, we may be able to develop a
  repayment plan.

* Loan Modification: If you are not able to make higher monthly payments but can still
  afford your current mortgage payment, we may be able to modify your loan. Loan
  modification under the Home Affordable Modification Program (HAMP) may be
  available to you, subject to program requirements. You may contact us to receive
  application materials for HAMP and other available modification programs.

* Short Sale: If the value of your home has declined, you may be able to sell it for less
  than the full payoff amount to satisfy your debt.

01/03/12
Account Number ████6280
Page Two

* <u>Deed in Lieu of Foreclosure:</u> If you have tried to sell your property for 90 days, you may be able to voluntarily return the deed to GMAC Mortgage, LLC to satisfy your debt and avoid foreclosure.

To be considered for any of these options, you may be required to provide us with financial information. Collection activity will continue and your monthly mortgage payment will still be due while we evaluate your financial situation. Not all options may be available to you.

To discuss your available options, please contact us immediately at 800-850-4622.


Sincerely,

Collection Department
Loan Servicing


<u>Please Note:</u>
This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice.

If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with your Chapter 13 Plan and disregard this notice.

For additional information about options that may help you avoid foreclosure, as well as brochures to educate you about foreclosure rescue scams and telephone and internet referrals to legitimate mortgage counselors, please contact the FDIC at 1-877-ASK-FDIC (1-877-275-3342) or via the web at: http://www.fdic.gov/consumers/loans/prevention/index.htm.

For your information, you may contact a HUD Counseling Agent at 1-800-569-4287. The toll free TDD number for the HUD Counseling Agency is 1-800-877-8339.

Please do not send medical information. As required by law, we are prohibited from obtaining or using medical information (e.g., diagnosis, treatment or prognosis) in connection with your eligibility or continued eligibility for credit. We will not use it when evaluating your request and it will not be retained.

5:06 (062)
Enclosure

# GMAC
## Mortgage

3451 Hammond Avenue
Waterloo, IA 50702
1-800-766-4622/Follow the Prompts

**Important Note:** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

## INITIAL ESCROW ACCOUNT
## DISCLOSURE STATEMENT

ACCOUNT NUMBER: ▓▓▓6280

PROPERTY ADDRESS:
2915 CANTELOU ROAD
MONTGOMERY AL 36108

ANALYSIS DATE: DECEMBER 16, 2011

47512-0003731-002
BETTIE JEAN YELDER
2915 CANTELOU RD
MONTGOMERY AL   36108-6033

---

**PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.**

Section 1:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FIRE | JUNE 2012 | 1,437.00 | 0.00 |
| COUNTY | NOVEMBER 2012 | 226.82 | 0.00 |
| | TOTAL ANNUAL DISBURSEMENTS: | 1,663.82 | 0.00 |
| | TOTAL ESCROW PAYMENT: | 138.65 | 0.00 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

**NOTE:** If you pay the escrow shortage amount of $1,846.62, your new total payment will automatically be adjusted to $761.49 effective with your FEBRUARY 21, 2012 payment. If you do not pay the shortage, your total payment effective FEBRUARY 21, 2012 will be $915.37.

| Payment Change: | Now | Prior Analysis |
|---|---|---|
| Escrow | 138.65 | 0.00 |
| Surplus/Shortage | 153.88 | 0.00 |
| Escrow Shortage Spread 12 Months | | |
| Optional Ins | 12.99 | 0.00 |
| Total | 305.52 | 0.00 |
| Principal/Interest | 609.85 | 609.85 |
| Total Payment | 915.37 | 609.85 |

Depending on the timing of when your next billing notice is released, you may not see the payment change until the following billing notice.

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

**Any questions regarding changes in the "Estimated Amount of Next Disbursement"
should be directed to your Tax Authority and/or Insurance Company.
To reach our insurance department call: 1-800-256-9962.**

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

**<u>The Scott Claim</u>**

Claim #3751 Date Filed: 11/8/2012

B 10 Modified (Official Form 10) (12/11)

| United States Bankruptcy Court for the Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:
**Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**FREDDIE M. SCOTT**

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

**FREDDIE M. SCOTT & TIMOTHY W. SCOTT**
**14450 E. 50TH. AVE.**
**DENVER,COLORADO 80239**

Court Claim
Number:_____
*(If known)*

Filed on:_____

Telephone number: 303-371-8274       email: seamf52@msn.com

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:                    email:

**1. Amount of Claim as of Date Case Filed:** $ **208,250.00**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** MORTGAGE NOTE
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 1234 | **3a. Debtor may have scheduled account as:** Alison Tearnen (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ■Real Estate ☐Motor Vehicle ☐Other
**Describe:**
**Value of Property:** $ **208,250.00**   **Annual Interest Rate** **5** % ☐Fixed ■Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9).**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.                    $ **208,250.00**   (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
■ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Freddie M. Scott*
Title:
Company:                    *Freddie M. Scott*    *11-6-12*
                    (Signature)                    (Date)
Address and telephone number (if different from notice address above):

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

■ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(9).

**Amount entitled to priority:**
$ **208,250.00**

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**
**NOV 0 8 2012**
KURTZMAN CARSON CONSULTANTS

Telephone number: 303-371-8274       Email: seamf52@msn.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 1°*

1212020121108000000000105



# ATTN:   TITLE CLOSER

Please return the Original Note and a copy of the Deed of Trust with the attached Transfer and Allonge packet WITHIN 24 HOURS to:

> The Provident Bank (PCFS)
> Attn: Donna Futscher
> 309 Vine Street
> Cincinnati, Ohio 45202
> Mail Sop 227-D

Please also ensure that Stonecreek receives a copy of the Note and the Deed, along with THE REST OF OUR ORIGINAL DOCUMENTS to be returned as soon as possible to:

> Stonecreek Funding
> Attn: Wendi Giezentanner
> 36 Steele Street, Suite 210
> Denver, CO  80206

Thank you for your assistance in this matter, and please feel free to call me at (303) 355-1304 with any questions.

Sincerely,


Wendi Giezentanner
Stonecreek Funding

# AFFIDAVIT

## STATE OF COLORADO

## COUNTY OF DENVER

The undersigned, being duly sworn, deposes and says:

1.     We are over the age of eighteen years.

2.     We have reasonable knowledge of Account number ████0131.

3.     We did not knowingly or willingly sign any agreement obligating us to repay our own monies to **DEUTSCHE BANK TRUST COMPANY AMERICAS, RESIDENTIAL FUNDING CORPORATION or STONECREEK FUNDING CORPORATION.**

4.     We have not knowingly or willingly refused to pay **DEUTSCHE BANK TRUST COMPANY AMERICAS** through **HOMECOMING FINANCIAL** any monies belonging to it that it advance to us.

5.     The monies advanced to us by **STONECREEK FUNDING CORPORATION** and assigned/sold to **RESIDENTIAL FUNDING CORPORATION** and assigned/sold to **DEUTSCHE BANK TRUST COMPANY AMERICAS,** *fka* **BANKERS TRUST COMPANY** belonged to us.

6.     **DEUTSCHE BANK TRUST COMPANY AMERICAS, RESIDENTIAL FUNDING CORPORATION, and STONECREEK FUNDING CORPORATION** did not lend us any lawful money.

7.     **DEUTSCHE BANK TRUST COMPANY AMERICAS, RESIDENTIAL FUNDING CORPORATION, and STONECREEK FUNDING CORPORATION** used deceit and Fraud in the Factum and Fraud in the Inducement of the agreement.

Date: 01-28-08

_____
Signature of Affiant

_____
Signature of Affiant

Freddie Mae Scott
Printed Name of Affiant

Timothy Wayne Scott
Printed Name of Affiant

I HEREBY CERTIFY that on _____, before me, the subscriber, a Notary Public in and for the City & County aforesaid, personally appeared the above stated affiants, and made Oath in due form of law.

MIA B.
BALLENTINE
NOTARY PUBLIC
STATE OF COLORADO

_____
Notary
My Commission Expires: May 28 2011

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **11.250** % or less than **8.250** %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **ONE AND 000/1000** percentage points ( **1.000** %) from the rate of interest I have been paying for the preceding **6** month(s). My interest rate will never be greater than **14.250** %. My interest rate will never be less than 8.250%.

**(E). Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Rider.**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3 (A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

---

Document Systems, Inc.

Borrower Initials: _T.M.S._ _____ Page 2 of 3

Adjustable Rate Note (LIBOR Index-Rate Caps)
GMAC Residential Funding Form 1555 (10/91)

N15552.LSR

**11. UNIFORM SECURED NOTE** 

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_Freddie M. Scott_ _____ (Seal)      _____ (Seal)
FREDDIE M. SCOTT              Borrower                                 Borrower

_____ (Seal)      _____ (Seal)
                           Borrower                                 Borrower

_____ (Seal)      _____ (Seal)
                           Borrower                                 Borrower

Freddie M. Alton
14450 E. 50th. AVE.
Denver, Colorado 80239





# MAIL COVER SHEET

Please attach a separate
Mail Cover Sheet to each group of
Documents and mail to:
PCFS
309 VINE STREET
CINCINNATI, OH 45202
## MAIL STOP 227 D

## ENCLOSED IN THIS PACKAGE: (Circle One)

Please deliver this package to:
(Check One and Circle Subheading)

**WAREHOUSE/INVESTOR SETUP**          Charles Hunt
Warehouse Transmittal Packages          Fax: 1-888-222-7988
Complete Final Package Submissions      Ph: 1-800-838-9727 ext. 15451#
Credit Grades
New Closed Loan Submissions

**COLLATERAL/NOTES FOR PURCHASE**          Rhonda Jacobs

**PURCHASING CONDITIONS**          Bill Kiefer
Closing Packages                      Regional Buyer Name
Pre-funding Conditions          Fax: 1-888-513-8125
Clear to close conditions       Ph: 1-800-838-9727 ext. 11292#

**WAREHOUSE AGED LOANS**          Steve Ahlers

For PCFS to maintain our service level commitment to you this cover sheet is to be completed and attached to all correspondence sent to PCFS.

Failure to use this form and to fill it out completely may cause delays in processing your request.

This instrument was prepared by
And should be returned to:

# TRANSFER and ASSIGNMENT of MORTGAGE

This Transfer and Assignment is made this _26 th_ day of _October_ , 2001 by and
between  Stonecreek Funding_____ , whose address is    36  Steele  Street,  Suite  210,
Denver, a corporation organized and existing under the laws of the State of __Colorado___
(herein referred to as "Assignor") and THE PROVIDENT BANK, doing business as _____
_____ whose address is One East Fourth Street, Cincinnati, Ohio 45202, a corporation
organized and existing under the laws of the State of Ohio (hereinafter referred to as "Assignee").

For and in consideration of the sum of one dollar ($1.00) and other good and valuable
consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby
transfers and assigns unto Assignee it interest in and to that certain Mortgage, Deed of Trust, or
Security Deed ("The Mortgage") which is more fully described as follows:

MORTGAGER(s):    Freddie Scott

PRINCIPAL AMOUNT:    $ 208,250.⁰⁰

DATE OF EXECUTION:    10-26-01

LEGAL DESCRIPTION:        See attached Exhibit "A"

PARCEL IDENTIFICATION#:

DATE OF RECORDING:

BOOK:                    PAGE:

MICROFICHE or INSTRUMENT#:

COUNTY:            STATE:

Together with the rights of Assignor under the note or notes, any and all loan agreements, security
agreements, and all other documents executed in conjunction with the loan transaction including
the indebtedness, without recourse.

Evidenced by the Note and secured by the Mortgage conveying the property and all rights, privileges and powers of Assignor in, to or under the Note and the Mortgage.

IN WITNESS WHEREOF, Assignor has caused the Assignment to be executed by its duly authorized officer(s) and has caused its corporate seal to be affixed hereto on the date first above written.

Stonecreek Funding
"Assignor"

By: _____
Printed Name:  Scott Brooks
Its:        President

By: _____
Printed Name: _____
Its: _____

Witness _____

Witness _____

Witness _____

Witness _____

STATE OF ____COLORADO____

COUNTY OF ____DENVER____

The Foregoing instrument was acknowledged before me, a Notary Public, This 26th day of October, 2001 by____Scott Brooks____ its ____President____ and by _____ on behalf of the corporation. He/she/they is/are personally known to me or has produced satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument.

My commission expires:

June 8, 2005 _____

Notary Public _____
Printed Name   Wendi Giezentanner
Jurisdiction _____

*(Notary seal: NOTARY PUBLIC — WENDI GIEZENTANNER — STATE OF COLORADO)*

# ALLONGE TO PROMISSORY NOTE

Without recourse pay to the order of
RESIDENTIAL FUNDING CORPORATION

By: _____

Name:        Scott Brooks
Title:        President
Company:    Stonecreek Funding
              36 Steele St., Suite 210
              Denver, CO 80206

Loan Information

Borrower:    Freddie Scott

Address:     14450 E. 50th Ave
              Denver, CO 80239

Loan Amount:  $ 208,250.00

Loan Date:    10-26-01

PAY TO THE ORDER OF
Bankers Trust Company as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By _____
Judy Faber, Vice President

---

**ALLONGE TO PROMISSORY NOTE**

**FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE**

---

**POOL: 4559**          **LOAN ID:** ███8124          

**NOTE DATE: 10/26/2001     LOAN AMOUNT: $208250.00**

**BORROWER NAME: FREDDIE SCOTT**

**PROPERTY ADDRESS: 14450 EAST 50TH AVE, DENVER, CO 80239**

---

**PAY TO THE ORDER OF**

**RESIDENTIAL FUNDING COMPANY, LLC**

**WITHOUT RECOURSE**

Deutsche Bank Trust Company Americas as Trustee, f/k/a Bankers Trust Company as Trustee,
Residential Funding Corporation as Attorney in Fact

By: _____

John Hagebock, Vice President
Residential Funding Corporation

PAY TO THE ORDER OF
LaSalle Bank, N.A. as Trustee
WITHOUT RECOURSE
Residential Funding Company, LLC

By: _Judy Faber_

Judy Faber, Vice President

Recorded at
Reception No. _____ o'clock ____ M.,
                                        Recorder

### ASSIGNMENT OF DEED OF TRUST OR MORTGAGE DEED

OCTOBER 26, 2001        Date of Assignent
_____ Assignee
_____ Address

STONECREEK FUNDING        Assignor
CORPORATION
36 STEELE ST. #210        Address
DENVER, COLORADO 80206

OCTOBER 26, 2001          Date of Deed of Trust
                          Recording date of Deed of Trust
DENVER                    County of Recording
                          Loan Number: ████0109                        812□▢

Book No. _____  Page No. _____

Form No. _____  Reception No. _____

KNOW ALL MEN BY THESE PRESENTS THAT FREDDIE M. SCOTT AND TIMOTHY W. SCOTT                                                             did grant, bargain, sell and convey the property described in the Deed of Trust or Mortgage Deed herein referred to as Deed of Trust, to the Public Trustee*

In the County in which said Deed of Trust was recorded, to be held in trust to secure the payment of a Promissory Note for the original principal sum of $ 208,250.00              together with interest.
NOW THEREFORE, in consideration of the sum of TWO HUNDRED EIGHT THOUSAND TWO HUNDRED FIFTY AND 00/100
dollars, paid to the assignor, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the said assignee, the said Deed of Trust and Note secured thereby, together with all monies now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and promises therein contained, and the said assignor hereby grants and conveys unto the said assignee, the following described property, situated in the CITY AND                              ** County of                              DENVER
State of Colorado, to wit:
LOT 5, BLOCK 12, GATEWAY VILLAGE FILING NO. 3, CITY AND COUNTY OF DENVER, STATE OF COLORADO.
A.P.N. #: 66031871200S000

BANKERS TRUST COMPANY AS TRUSTEE
3 Park Plaza, Sixteenth Floor, Irvine, California 92714
recorded 11-13-2001 #2001191752 Denver County, CO.
also known by street and number as:

14450 EAST 50TH AVENUE, DENVER, COLORADO 80239

TO HAVE AND TO HOLD the said Deed of Trust and Note, and also the said property unto the said assignee forever, subject to the terms contained in said Deed of Trust and Note.
And the said assignor hereby covenants with the assignee that the said Deed of Trust and Note hereby assigned is a good and valid security and that the sum of TWO HUNDRED EIGHT THOUSAND TWO HUNDRED FIFTY AND 00/100 dollars remains unpaid on the said Note and that the said assignor has not done or permitted any act, matter or thing whereby the said Deed of Trust has been released or discharged, either partly or in entirety and has the right to assign said Deed of Trust and Note will upon request, do, perform and execute every act necessary to enforce the full performance of the covenants and agreements therein contained and that this assignment and the covenants herein shall inure to the benefit and extent to be binding upon the heirs, personal representatives, successors and assigns of the respective parties hereto.
IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written.

                                                          STONECREEK FUNDING CORPORATION,
                                                          A COLORADO CORPORATION

State of COLORADO
County of DENVER

The foregoing instrument was acknowledged before me in
DENVER                      County, State of
COLORADO
10-26-U                     (date) by
Scott Brooks President

10-8-2005       Date Commission Expires

_____
Notary Address

*If a Mortgage, have delete reference to Public Trustee and complete as applicable.
**If Denver, insert "City and."

After Recording Return To:
PEELLE MANAGEMENT CORPORATION
ASSIGNMENT JOB #90788
P.O. BOX 1710
CAMPBELL, CA 95009-1710
1-408-866-8868

CORPCO.AOD

STONECREEK FUNDING CORPORATION
36 STEELE ST. #210
DENVER, COLORADO 80206

2002075496 2002/04/23 15:22:00 1/ 2 ASN
DENVER COUNTY CLERK AND RECORDER  10.00      .00 JCZ
*****

After Recording Return To:

**PEELLE MANAGEMENT CORPORATION**
ASSIGNMENT JOB #90788
P.O. BOX 1710
CAMPBELL, CA 95009-1710
1-408-866-6868

RATION

RFC Loan Number: ████ 8/2c/      05-031

**CORPORATION ASSIGNMENT of MORTGAGE/DEED OF TRUST**

## NOTICE OF ELECTION AND DEMAND
## FOR SALE BY PUBLIC TRUSTEE
### Colorado
Public Trustee Sale No. 3556

**TO THE PUBLIC TRUSTEE FOR THE COUNTY OF DENVER, COLORADO:**
Pursuant to the terms of the Deed of Trust executed by Freddie M. Scott and Timothy W. Scott, Grantor(s), dated October 26, 2001 and recorded on November 13, 2001 in the County of Denver as reference number(s) Reception No. 2001191782 indicating Stonecreek Funding Corporation as the Original Beneficiary, of which Deutsche Bank Trust Company Americas, fka Bankers Trust Company As Trustee is the Current Owner of the Evidence of Debt, you are hereby notified that the undersigned, as attorney for the owner of the Evidence of Debt secured by the Deed of Trust described above, the original principal amount of which was $208,250.00, with a present outstanding principal balance due and owing of $204,953.95, declares a violation of the covenants of said Deed of Trust by the default in the payment of principal and interest payments and other payments required by said Deed of Trust.

The following described property is all of the property presently encumbered by said Deed of Trust:

   Lot 5, Block 12, Gateway Village Filing No. 3, City and County of Denver, State of Colorado.
   Purported Street Address:   14450 East 56th Avenue
                              Denver, CO  80239

### THE LIEN BEING FORECLOSED MAY NOT BE A FIRST LIEN

The undersigned, as the attorney and agent for the current owner of the Evidence of Debt secured by said Deed of Trust, elects to advertise the property therein described for sale, and hereby demands that you as Public Trustee named in said Deed of Trust give Notice, advertise for sale and sell said property for the purpose of paying the Evidence of Debt thereby secured by the above described Deed of Trust, and the expenses of making such sale, all as provided by law and the terms of said deed of trust.

THE LAW FIRM OF FRASCONA, JOINER, GOODMAN AND GREENSTEIN, P.C. ACTS AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Date:  February 13, 2004

         Deutsche Bank Trust Company Americas, fka Bankers Trust Company As Trustee
         Current Owner of the Evidence of Debt

By:   Frascona, Joiner, Goodman and Greenstein, P.C.
      Oliver E. Frascona, Esq.         Reg. No. 5742
      Janeen R. Hill, Esq.             Reg. No. 33680
      Attorney and Agent for the Current Owner of the Evidence of Debt
      4750 Table Mesa Drive  Boulder, CO 80305-5575
      Telephone: (303) 494-3000  Facsimile: (303) 494-6309

**2004056882**

City & County Of Denver

FJGG  7154-9890 HFN DBTCA/SCOTT, FREDDIE ████ 0131



**ADJUSTABLE RATE NOTE**   Loan Number ████0109
(LIBOR Index - Rate Caps)

3558

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

OCTOBER   26     ,2001 ,      DENVER                      COLORADO
                              [City]                      [State]

14450 EAST 50TH AVENUE, DENVER, COLORADO 80239
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $208,250.00   (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is STONECREEK FUNDING CORPORATION, A COLORADO CORPORATION
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of   8.250   %. The interest rate I will pay will change in accordance with Section 4 of this Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the   1st   day of each month beginning on DECEMBER   1   ,2001   . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on   NOVEMBER   1   ,2031   .I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
I will make my monthly payments at 36 STEELE ST. #210, DENVER, COLORADO 80206

or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $1,564.51   . This amount may change.

(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
(A) Change Dates
The interest rate I will pay may change on the first day of NOVEMBER   1   .2004   , and on that day every   6th   month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index
Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar deposits in the London market based on quotations of major banks, as published in The Wall Street Journal. The rate published in The Wall Street Journal on the date 45 days before each Change Date as being the London interbank offered rate on the preceding business day is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN AND 030/1000                   percentage points (   7.030   %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.
The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

---

Document Systems, Inc.                                     Adjustable Rate Note (LIBOR Index-Rate Caps)
                                                           GMAC Residential Funding Form 1555 (10/91)
                        Page 1 of 3
        Borrower Initials: F.M.S.

N1555J.LSR

## ADJUSTABLE RATE NOTE · Loan Number ████0109
### (LIBOR Index - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

OCTOBER   26       ,2001 ,         DENVER               COLORADO
                                   [City]                [State]

14450 EAST 50TH AVENUE, DENVER, COLORADO 80239
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
     In return for a loan that I have received, I promise to pay U.S. $208,250.00  (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is STONECREEK FUNDING CORPORATION, A COLORADO CORPORATION
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
     Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of   8.250    %. The interest rate I will pay will change in accordance with Section 4 of this Note.
     The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**
     **(A) Time and Place of Payments**
     I will pay principal and interest by making payments every month.
     I will make my monthly payments on the    1st    day of each month beginning on DECEMBER   1 ,2001       . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on NOVEMBER  1    ,2031    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."
     I will make my monthly payments at 36 STEELE ST. #210, DENVER, COLORADO 80206

                                   or at a different place if required by the Note Holder.

     **(B) Amount of My Initial Monthly Payments**
     Each of my initial monthly payments will be in the amount of U.S. $1,564.51      . This amount may change.

     **(C) Monthly Payment Changes**
     Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**4. INTEREST RATE AND MONTHLY PAYMENT CHANGES**
     **(A) Change Dates**
     The interest rate I will pay may change on the first day of NOVEMBER   1        , 2004      , and on that day every   6th      month thereafter. Each date on which my interest rate could change is called a "Change Date."

     **(B) The Index**
     Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar deposits in the London market based on quotations of major banks, as published in The Wall Street Journal. The rate published in The Wall Street Journal on the date 45 days before each Change Date as being the London interbank offered rate on the preceding business day is called the "Current Index."

     If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information. The Note Holder will give me notice of this choice.

     **(C) Calculation of Changes**
     Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN AND 030/1000            percentage points ( 7.030    %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.
     The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

---

Document Systems, Inc.                          Page 1 of 3        Adjustable Rate Note (LIBOR Index-Rate Caps)
                                                                  GMAC Residential Funding Form 1555 (10/91)

                              Borrower Initials: ____  ____        ____  ____  ____  ____

415551.LSR

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than   11.250 % or less than   8.250   %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than  ONE AND 000/1000                         percentage points ( 1.000     %) from the rate of interest I have been paying for the preceding   6      month(s). My interest rate will never be greater than   14.250   %. My interest rate will never be less than 8.250%.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY ** See attached Prepayment Rider.**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000  % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3 (A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

Document Systems, Inc.                         Page 2 of 3                Adjustable Rate Note (LIBOR Index-Rate Caps)
                                                                         GMAC Residential Funding Form 1555 (10/91)

Borrower Initials: _____  _____  _____   _____  _____  _____

N15552.LSR

4/4

**11. UNIFORM SECURED NOTE**

. This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

| | (Seal) | | (Seal) |
|---|---|---|---|
| Freddie Mae Scott    Settlor    Borrower | | | Borrower |
| EIN# 545904509    Prepaid | | | |
| | (Seal) | | (Seal) |
| Borrower | | | Borrower |
| | (Seal) | | (Seal) |
| Borrower | | | Borrower |

ACKNOWLEDGMENT

As a Notary Public for the City and County of Denver, State of Colorado, I do hereby certify that on this __27th__ day of __November__ , 2007 the above mentioned appeared before me and executed the foregoing. Witness my hand and seal: Notary Public _____

NOTARY PUBLIC
CLAUDIA SANCHEZ
STATE OF COLORADO

my comm. expires
June 14, 2010

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower" as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

| Mortgage Applied for: | ☐ V.A. | ☒ Conventional | ☐ Other. | Agency Case Number | Lender Case Number ████ 0082 |
|---|---|---|---|---|---|
| | ☐ FHA | ☐ FmHA | | | |

| Amount $ 160,316.00 | Interest Rate 8.250 % | No. of Months 300 | Amortization Type: | ☒ Fixed Rate | ☐ Other (explain): |
|---|---|---|---|---|---|
| | | | | ☐ GPM | ☐ ARM (type): 0 |

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

| Subject Property Address (street, city, state, ZIP) | No. of Units |
|---|---|
| 14450 50TH AVENUE DENVER COLORADO 80239 | 1 |

| Legal Description of Subject Property (attach description if necessary) | Year Built |
|---|---|
| LOT 5, BLK 12, GATEWAY SUBDIVISION | 2000 |

| Purpose of Loan | ☒ Purchase | ☐ Construction | ☐ Other (explain): | Property will be: |
|---|---|---|---|---|
| | ☐ Refinance | ☐ Construction-Permanent | | ☒ Primary Residence    ☐ Secondary Residence    ☐ Investment |

Complete this line if construction or construction-permanent loan.

| Year Lot Acquired | Original Cost | Amount Existing Liens | (a) Present Value of Lot | (b) Cost of Improvements | Total (a + b) |
|---|---|---|---|---|---|
| | | | | | |

Complete this line if this is a refinance loan.

| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe Improvements | ☐ made    ☐ to be made |
|---|---|---|---|---|---|
| | | | | Cost $ | |

| Title will be held in what Name(s) | Manner in which Title will be held | Estate will be held in: |
|---|---|---|
| TIMOTHY W. SCOTT AND FREDDIE M. SCOTT | JOINT TENANCY | ☒ Fee Simple |
| Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain) | | ☐ Leasehold (show expiration date) |
| Checking/Savings | | |

## III. BORROWER INFORMATION

| | Borrower | Co-Borrower | |
|---|---|---|---|
| Borrower's Name (include Jr. or Sr. if applicable) | TIMOTHY W. SCOTT | Co-Borrower's Name (include Jr. or Sr. if applicable) | FREDDIE M. SCOTT |

| Social Security Number ███-██-2026 | Home Phone (incl. area code) 303-371-8274 | Age 48 | Yrs. School 15 | Social Security Number ███-██-4509 | Home Phone (incl. area code) 303-371-8274 | Age 46 | Yrs. Sch 14 |
|---|---|---|---|---|---|---|---|

| ☒ Married    ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Co-Borrower) no. ____ ages | ☒ Married    ☐ Unmarried (include single, divorced, widowed) | Dependents (not listed by Borrower) no. ____ ages |
|---|---|---|---|
| ☐ Separated | | ☐ Separated | |

| Present Address (street, city, state, ZIP) ☒ Own ☐ Rent ____ No. Yrs. 7 mos. | Present Address (street, city, state, ZIP) ☒ Own ☐ Rent ____ No. Yrs. 7 mos. |
|---|---|
| 5490 CRYSTAL ST. DENVER, COLORADO 80239 | 5490 CRYSTAL ST. DENVER, COLORADO 80239 |

If residing at present address for less than two years, complete the following:

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. ____ mos. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. ____ mos. |
|---|---|
| | |

| Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. ____ mos. | Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ____ No. Yrs. ____ mos. |
|---|---|
| | |

## IV. EMPLOYMENT INFORMATION

| | Borrower | | Co-Borrower | |
|---|---|---|---|---|
| Name & Address of Employer | DISABLED VETERAN    ☐ Self Employed | Yrs. on this job 2/ | Name & Address of Employer    TURNER PROFESSIONAL SERVICES 26 OAKLAND ST. #7 AURORA, CO 80014    ☐ Self Employed | Yrs. on this job 8/9 |
| | | Yrs. employed in this line of work/profession | | Yrs. employed in this line of work/profession 8 |
| Position/Title/Type of Business / | Business Phone (incl. area code) 303-695-0587 | | Position/Title/Type of Business OFFICE MANAGER/APPRAISAL SERVI | Business Phone (incl. area code) 303-695-0587 |

If employed in current position for less than two years or if currently employed in more than one position, complete the following:

| Name & Address of Employer    ☐ Self Employed | Dates (from - to) | Name & Address of Employer    ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income | | Monthly Income |
| Position/Title/Type of Business / | Business Phone (incl. area code) | Position/Title/Type of Business / | Business Phone (incl. area code) |

| Name & Address of Employer    ☐ Self Employed | Dates (from - to) | Name & Address of Employer    ☐ Self Employed | Dates (from - to) |
|---|---|---|---|
| | Monthly Income | | Monthly Income |
| Position/Title/Type of Business / | Business Phone (incl. area code) | Position/Title/Type of Business / | Business Phone (incl. area code) |

| Borrower's Signature | Date | Freddie Mac Form 65 10/92 |
|---|---|---|
| X | | Fannie Mae Form 1003 10/92 |
| Co-Borrower's Signature | Date | |
| X | | |

Page 1 of 4

*Handwritten left margin:* THIS APPLICATION PROVIDED THE INFORMATION WHICH WAS FALSIFIED FOR THE APPLICATION AND CHANGED

*Right margin:* FILE COPY

**FILE COPY**

| Gross Monthly Income | Borrower | Co-Borrower | Total | Proposed Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ | 2,975.00 | $ 2,975.00 | Base | 663.00 | 1,264.02 |
| Overtime | | | | First Mortgage (P&I) | | |
| Bonuses | | | | Other Financing (P&I) | | 38.25 |
| Commissions | | | | Hazard Insurance | | 162.50 |
| Dividends/Interest | | | | Real Estate Taxes | | 28.06 |
| Net Rental Income | 162.00 | | 162.00 | Mortgage Insurance | | 4.58 |
| Other (before completing, see the notice in "other income," below) | 2,988.85 | | 2,988.85 | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | 3,150.85 | 2,975.00 | 6,125.85 | Total | 663.00 | 1,497.41 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

| Describe Other Income | Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan. | Monthly Amount |
|---|---|---|
| B/C | | |
| B | VA DISABILITY/DISBILITY | 2,419.60 |
| B | SOCIAL SECURITY/Social Securit | 569.25 |

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-Borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.     Completed [X] Jointly  [ ] Not Jointly

## ASSETS

| Description | Cash or Market Value |
|---|---|
| Cash deposit toward purchase held by: | $ |
| MEADON HOMES | < 2,000.00> |

**List checking and savings accounts below**

| Name and address of Bank, S&L, or Credit Union | |
|---|---|
| CITYWIDE BANK OF DENVER | |
| Acct. no. | $ 10,890.68 |
| US BANK | |
| Acct. no. | $ 3,063.76 |
| Name and address of Bank, S&L, or Credit Union | |
| FITSIMMONS FEDERAL C.U. | |
| Acct. no. | $ 30,401.29 |
| Name and address of Bank, S&L, or Credit Union | |
| Acct. no. | $ |
| Name and address of Bank, S&L, or Credit Union | |
| Acct. no. | $ |
| Stocks & Bonds (Company name/number & description) | $ |
| Life insurance net cash value | $ |
| Face amount $ | |
| Subtotal Liquid Assets | $ 44,355.73 |
| Real estate owned (enter market value from schedule of real estate owned) | $ 139,000.00 |
| Vested interest in retirement fund | $ |
| Net worth of business(es) owned (attach financial statement) | $ |
| Automobiles owned (make and year) 1990 DODGE DURANGO | $ 30,000.00 |
| Other Assets (itemize) Furniture | $ 30,000.00 |
| **Total Assets a.** | $ 243,355.73 |

**Liabilities and Pledged Assets.** List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property.

| LIABILITIES | Monthly Pmt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|
| Name and address of Company | $ Pmt./Mos. | 28,895.00 |
| CHRYS CRED | 600.00/48 | |
| Acct. no. █████9210 | | |
| Name and address of Company | $ Pmt./Mos. | 5,219.00 |
| CAPITAL ONE BANK | 299.00/18 | |
| Acct. no. █████5692 | | |
| Name and address of Company | $ Pmt./Mos. | 4,873.00 |
| AURORA NATIONAL BANK | 198.00/25 | |
| Acct. no. █████5961 | | |
| Name and address of Company | $ Pmt./Mos. | 3,179.00 |
| US BANK | 188.00/17 | |
| Acct. no. █████0801 | | |
| Name and address of Company | $ Pmt./Mos. | 2,568.00 |
| FCNB-SPIEGEL | 175.00/15 | |
| Acct. no. █████1737 | | |
| Name and address of Company | $ Pmt./Mos. | 2,063.00 |
| HFC | 44.00/47 | |
| Acct. no. █████9422 | | |
| Name and address of Company | $ Pmt./Mos. | 1,744.00 |
| CROSS COUNTRY BANK | 50.00/35 | |
| Acct. no. █████8492 | | |
| Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Job Related Expense (child care, union dues, etc.) | $ | |
| Total Monthly Payments | $ 1,746.00 | |
| **Total Liabilities b.** | | 138,342.00 |

| Net Worth (a minus b) | $ 105,013.73 | |

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

Fannie Mae Form 1003  10/92

**Schedule of Real Estate Owned** (If additional properties are owned, use continuation sheet.)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| SEE SCHEDULE OF REAL ESTATE OWNED | | $ | $ | $ | $ | $ | $ |
| Totals | | $ | $ | $ | $ | $ | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|

---

**VII. DETAILS OF TRANSACTION**

| | | **VIII. DECLARATIONS** | Borrower | | Co-Borrower | |
|---|---|---|---|---|---|---|
| | | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Yes | No | Yes | No |
| a. Purchase price | $ 191,304.00 | a. Are there any outstanding judgments against you? | | X | | X |
| b. Alterations, improvements, repairs | | b. Have you been declared bankrupt within the past 7 years? | | X | | X |
| c. Land (if acquired separately) | | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | | X | | X |
| d. Refinance (incl. debts to be paid off) | 939.75 | d. Are you a party to a lawsuit? | | X | | X |
| e. Estimated prepaid items | 2,111.75 | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | X | | X |
| f. Estimated closing costs | | | | | | |
| g. PMI, MIP, Funding Fee | | | | | | |
| h. Discount (if Borrower will pay) | | | | | | |
| i. Total costs (add items a through h) | 194,355.50 | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | | X | | X |
| j. Subordinate financing | | g. Are you obligated to pay alimony, child support, or separate maintenance? | | X | | X |
| k. Borrower's closing costs paid by Seller | | h. Is any part of the down payment borrowed? | | X | | X |
| l. Other Credits (explain) | 2,000.00 | i. Are you a co-maker or endorser on a note? | | X | | X |
| Earnest Money | | | | | | |
| | | j. Are you a U.S. citizen? | X | | X | |
| | | k. Are you a permanent resident alien? | | X | | X |
| | | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | X | | X | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 160,316.00 | m. Have you had an ownership interest in a property in the last three years? | | X | | X |
| n. PMI, MIP, Funding Fee financed | 160,316.00 | (1) What type of property did you own — principal residence (PR), second home (SH), or investment property (IP)? | PR | | PR | |
| o. Loan amount (add m & n) | | (2) How did you hold title to the home — solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | | SP | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | 32,039.50 | | | | | |

---

**IX. ACKNOWLEDGMENT AND AGREEMENT**

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns, will rely on the information contained in the application and I/we have a continuing obligation to amend and/or supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns, may, in addition to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to a successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property. Certification: I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of the information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation which I/we have made on this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

---

**X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES**

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER: Race/National Origin | CO-BORROWER: Race/National Origin |
|---|---|
| ☐ I do not wish to furnish this information | ☐ I do not wish to furnish this information |
| ☐ American Indian or Alaskan Native   ☐ Asian or Pacific Islander   ☐ White, not of Hispanic origin | ☐ American Indian or Alaskan Native   ☐ Asian or Pacific Islander   ☐ White, not of Hispanic origin |
| X Black, not of Hispanic origin | ☐ Black, not of Hispanic origin |
| ☐ Hispanic | ☐ Hispanic |
| ☐ Other (specify) | ☐ Other (specify) |
| Sex: ☐ Female   X Male | Sex: ☐ Female   ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | Name and Address of Interviewer's Employer |
|---|---|---|
| This application was taken by: | BILL FIRMIN | CTX MORTGAGE COMPANY |
| ☐ face-to-face interview | Interviewer's Signature   Date | 5600 SOUTH QUEBEC STREET, STE 100D |
| X by mail | Interviewer's Phone Number (incl. area code) | GREENWOOD VILLAGE, CO 80111 |
| ☐ by telephone | 303/741-1241 | |

Freddie Mac Form 65 10/92                                      Page 3 of 4                                      Fannie Mae Form 1003 10/92

~21 (5210.02)

FILE COPY

# Uniform Residential Loan Application    **FILE COPY**

This application is designed to be completed by the applicant(s) with the lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse will not be used as a basis for loan qualification, but his or her liabilities must be considered because the Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

## I. TYPE OF MORTGAGE AND TERMS OF LOAN

Mortgage Applied for: ☐ VA ☑ Conventional ☐ Other: ☐ FHA ☐ FmHA    Agency Case Number    Lender Case Number

Amount 208,150    Interest Rate 8.250 %    No. of Months 360/360    Amortization Type: ☑ Fixed Rate ☐ GPM ☐ Other (explain): ☐ ARM (type):

## II. PROPERTY INFORMATION AND PURPOSE OF LOAN

Subject Property Address (street, city, state, ZIP) 4450 EAST 50TH AVE, Denver, CO 80239  County: Denver    No. of Units 1

Legal Description of Subject Property (attach description if necessary)    Year Built

Purpose of Loan: ☐ Purchase ☐ Construction ☑ Refinance ☐ Construction-Permanent ☐ Other (explain):    Property will be: ☑ Primary Residence ☐ Secondary Residence ☐ Investment

Complete this line if construction or construction-permanent loan.
Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $

Complete this line if this is a refinance loan.
Year Acquired 000 | Original Cost 191,000 | Amount Existing Liens $ 158,300 | Purpose of Refinance Cash-Out/Debt Consolidation | Describe Improvements ☐ made ☐ to be made  Cost: $

Title will be held in what Name(s) FREDDIE M. SCOTT    Manner in which Title will be held Joint tenants    Estate will be held in: ☑ Fee Simple ☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain)

## III. BORROWER INFORMATION

**Borrower**
Borrower's Name (include Jr. or Sr. if applicable) REDDIE SCOTT
Social Security Number 4509 | Home Phone (incl. area code) 303-371-8274 | Age 48 | Yrs. School 14
☑ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no. ages
Present Address (street, city, state, ZIP) ☑ Own ☐ Rent 1.5 No. Yrs. 4450 EAST 50TH AVE. Denver, CO 8023?
Former Address (street, city, state, ZIP) ☑ Own ☐ Rent 10 Yrs. 1990 CRYSTAL STREET DENVER, CO 8023?
Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs.

**Co-Borrower**
Co-Borrower's Name (include Jr. or Sr. if applicable)
Social Security Number | Home Phone (incl. area code) | Age | Yrs. School
☐ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Borrower) no. ages
Present Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs.
Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs.
Former Address (street, city, state, ZIP) ☐ Own ☐ Rent No. Yrs.

## IV. EMPLOYMENT INFORMATION

**Borrower**
Name and Address of Employer ☐ Self Employed RESIDENTIAL APPRAISAL SPECIALIST 45 OAK STREET WHEATRIDGE, CO 80033 | Yrs. on this job 2  Yrs. employed in this line of work/profession 13
Position/Title/Type of Business PRAISER | Business Phone (incl. area code) 303-432-0809

**Co-Borrower**
Name and Address of Employer ☐ Self Employed | Yrs. on this job  Yrs. employed in this line of work/profession
Position/Title/Type of Business | Business Phone (incl. area code)

If employed in current position for less than two years or if currently employed in more than one position, complete the following:
Name and Address of Employer ☐ Self Employed | Dates (from-to) | Name and Address of Employer ☐ Self Employed | Dates (from-to)

✗ FALSIFIED APPLICATION

FILE COPY



## V. MONTHLY INCOME AND COMBINED HOUSING EXPENSE INFORMATION

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 10,000.00 | $ | $ 10,000.00 | Rent | $ | $ |
| Overtime | | | | First Mortgage (P&I) | 1,291.00 | 1,564.51 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | 46.00 | 39.83 |
| Dividends/Interest | | | | Real Estate Taxes | 170.00 | 134.92 |
| Net Rental Income | | | | Mortgage Insurance | | 100.00 |
| Other (before completing, see the notice in "Describe other income," below) | | | | Homeowner Assn. Dues | | |
| | | | | Other | | |
| Total | $ 10,000.00 | $ | $ 10,000.00 | Total | $ 1,507.00 | $ 1,839.26 |

*Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

**Describe Other Income**   Notice: Alimony, child support, or separate maintenance income need not be revealed if the
Borrower(B) or Co-Borrower(C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

## VI. ASSETS AND LIABILITIES

This statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise separate Statements and Schedules are required. If the Co-Borrower section was completed about a spouse, this Statement and supporting schedules must be completed about that spouse also.

Completed [✓] Jointly [ ] Not Jointly

| ASSETS | | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|---|
| Description | | | LIABILITIES | $ Payt./Mos. | $ |
| Cash deposit toward purchase held by: | | $ | Name and address of Company | | |
| | | | WASHINGTON MUTUAL HOME | | |
| **List checking and savings accounts below** | | | 324 W. EVANS STREET | | |
| Name and address of Bank, S&L, or Credit Union | | | FLORENCE, SC 29501 | | |
| FITZSIMMONS FEDERAL CREDIT UNION | | | | | |
| 13529 E. 17TH PL | | | | | |
| AURORA, CO 80010 | | | Acct. no.         6764 | * (1,480) /300 | 157,157 |
| | | | Name and address of Company | $ Payt./Mos. | |
| Acct. no.         4110 | | $ 500 | HOMESIDE LENDING INC. | | |
| Name and address of Bank, S&L, or Credit Union | | | 9601 MCALLISTER FWY | | |
| CITYWIDE BANKS | | | SAN ANTONIO, TX 78216 | | |
| P.O. BOX 128 | | | (RENTAL PROPERTY) | | |
| AURORA, CO 80040-0128 | | | Acct. no.         0000 | (675) /360 | 84,912 |
| | | | Name and address of Company | $ Payt./Mos. | |
| Acct. no.         7835 | | $ 1,000 | US BANK | | |
| Name and address of Bank, S&L, or Credit Union | | | 332 MINNESOTA ST. | | |
| | | | SAINT PAUL, MN 55101 | | |
| | | | (RENTAL PROPERTY) | | |
| | | | Acct. no.         0001 | (385) /180 | 32,906 |
| Acct. no. | | $ | Name and address of Company | $ Payt./Mos. | |
| Name and address of Bank, S&L, or Credit Union | | | CHRYS CRED | | |
| | | | 6025 S. QUEBEC STREET, SUITE 350 | | |
| | | | ENGLEWOOD, CO 80111 | | |
| | | | Acct. no.         3210 | 608 /072 | 19,958 |
| Acct. no. | | $ | Name and address of Company | $ Payt./Mos. | |
| Stocks & Bonds (Company name/ number & description) | | $ | FFCU | | |
| | | | P.O. BOX 6248 | | |
| | | | AURORA, CO 80045 | | |
| | | | Acct. no.         0144 | 276 /72 | 12,355 |
| Life insurance net cash value | | $ | Name and address of Company | $ Payt./Mos. | |
| Face amount: $ | | | DIRECT MERCHANTS BANK | | |
| | | | 17600 N PERIMETER DR. | | |
| Subtotal Liquid Assets | | $ 1,500 | SCOTTSDALE, AZ 85255 | | |
| Real estate owned (enter market value from schedule of real estate owned) | | $ 400,000 | Acct. no.         9269 | 220 /(0) | |
| Vested interest in settlement fund | | | | | |

FILE COPY

## VI. ASSETS AND LIABILITIES (cont.)

**Schedule of Real Estate Owned** (if additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 14450 EAST 50TH AVE. Denver, CO 80239 | SFR | $ 230,000 | $ 157,200 | $ | $ 1,291 | $ 216 | $ |
| 5480 CRYSTAL STREET DENVER, CO | R SFR | 170,000 | 118,382 | 1,100 | 1,030 | | (205) |
| Totals | | $ 400,000 | $ 275,582 | $ 1,100 | $ 2,321 | $ 216 | (205) |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):

| Alternate Name | Creditor Name | Account Number |
|---|---|---|
| | | |

## VII. DETAILS OF TRANSACTION

| | |
|---|---|
| a. Purchase price | $ |
| b. Alterations, improvements, repairs | |
| c. Land (if acquired separately) | |
| d. Refinance (incl. debts to be paid off) | 194,535.00 |
| e. Estimated prepaid items | 1,533.19 |
| f. Estimated closing costs | 5,577.00 |
| g. PMI, MIP, Funding Fee | |
| h. Discount (if Borrower will pay) | 2,070.00 |
| i. Total costs (add items a through h) | 203,715.19 |
| j. Subordinate financing | |
| k. Borrower's closing costs paid by Seller | |
| l. Other Credits (explain) | |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 208,250.00 |
| n. PMI, MIP, Funding Fee financed | |
| o. Loan amount (add m & n) | 208,250.00 |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | (4,534.81) |

## VIII. DECLARATIONS

If you answer "yes" to any questions a through i, please use continuation sheet for explanation.

| | Borrower Yes / No | Co-Borrower Yes / No |
|---|---|---|
| a. Are there any outstanding judgments against you? | ☐ ☑ | ☐ ☐ |
| b. Have you been declared bankrupt within the past 7 years? | ☐ ☑ | ☐ ☐ |
| c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☑ | ☐ ☐ |
| d. Are you a party to a lawsuit? | ☐ ☑ | ☐ ☐ |
| e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | ☐ ☑ | ☐ ☐ |
| f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ ☑ | ☐ ☐ |
| g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☑ | ☐ ☐ |
| h. Is any part of the down payment borrowed? | ☐ ☑ | ☐ ☐ |
| i. Are you a co-maker or endorser on a note? | ☐ ☑ | ☐ ☐ |
| j. Are you a U. S. citizen? | ☑ ☐ | ☐ ☐ |
| k. Are you a permanent resident alien? | ☐ ☑ | ☐ ☐ |
| l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ ☐ | ☐ ☐ |
| m. Have you had an ownership interest in a property in the last three years? | ☑ ☐ | ☐ ☐ |

(1) What type of property did you own—principal residence (PR), second home (SH), or investment property (IP)?  **PR**

(2) How did you hold title to the home—solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)?  **SP**

## IX. ACKNOWLEDGMENT AND AGREEMENT

The undersigned specifically acknowledge(s) and agree(s) that: (1) the loan requested by this application will be secured by a first mortgage or deed of trust on the property described herein; (2) the property will not be used for any illegal or prohibited purpose or use; (3) all statements made in this application are made for the purpose of obtaining the loan indicated herein; (4) occupation of the property will be as indicated above; (5) verification or reverification of any information contained in the application may be made at any time by the Lender, its agents, successors and assigns, either directly or through a credit reporting agency, from any source named in this application, and the original copy of this application will be retained by the Lender, even if the loan is not approved; (6) the Lender, its agents, successors and assigns will rely on the information contained in the application and I/we have a continuing obligation to amend and/or supplement the information provided in this application if any of the material facts which I/we have represented herein should change prior to closing; (7) in the event my/our payments on the loan indicated in this application become delinquent, the Lender, its agents, successors and assigns, may, in addition to all their other rights and remedies, report my/our name(s) and account information to a credit reporting agency; (8) ownership of the loan may be transferred to successor or assign of the Lender without notice to me and/or the administration of the loan account may be transferred to an agent, successor or assign of the Lender with prior notice to me; (9) the Lender, its agents, successors and assigns make no representations or warranties, express or implied, to the Borrower(s) regarding the property, the condition of the property, or the value of the property. Certification: I/We certify that the information provided in this application is true and correct as of the date set forth opposite my/our signature(s) on this application and acknowledge my/our understanding that any intentional or negligent misrepresentation(s) of the information contained in this application may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq. and liability for monetary damages to the Lender, its agents, successors and assigns, insurers and any other person who may suffer any loss due to reliance upon any misrepresentation which I/we have made on this application.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| | | X | |

## X. INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the Federal Government for certain types of loans related to a dwelling, in order to monitor the Lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may neither discriminate on the basis of this information, nor on whether you choose to furnish it. However, if you choose not to furnish it, under Federal regulations this Lender is required to note race and sex on the basis of visual observation or surname. If you do not wish to furnish the above information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the Lender is subject under applicable state law for the particular type of loan applied for.)

FILE COPY

## Continuation Sheet/Residential Loan Application

| | |
|---|---|
| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: **FREDDIE SCOTT** |
| | Co-Borrower: |
| | Agency Case Number: |
| | Lender Case Number: |

### VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **PROVIDIAN BP** P.O. BOX 9007 PLEASANTON, CA 94556 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████9963 | 31/(R) $ | 1,041 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **MBGA/JC PENEY** P.O. BOX 27570 ALBUQUERQUE, NM 87125 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████5299 | * 67/(R) $ | 1,349 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **LOWES/MBGA** P.O. BOX 103080 ROSWELL, GA 30076 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████3000 | 46/(R) $ | 1,629 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **AMEX** P.O. BOX 7871 FORT LAUDERDALE, FL 33329 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████3100 | 91/001 $ | 3,020 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **SEARS** 13200 SMITH ROAD CLEVELAND, OH 44130 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████2271 | * 29/(R) $ | 981 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **GECCCC/LENSCRAFTERS** P.O. BOX 276 DAYTON, OHN 45401 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████5858 | * 15/(R) $ | 711 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **NORDSTROM FSB** P.O. BOX 6555 ENGLEWOOD, CO 80155 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████1051 | * 11/(R) $ | 370 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **WAL-MART/MBGA** P.O. BOX 103027 ROSWELL, GA 30076 | $ Payt./Mos. | |
| Acct. no. | $ | Acct. No. ████4660 | * 34/(R) $ | 813 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **DILLARDS DEPT STORE** P.O. BOX 52005 PHOENIX, AZ 85072 | $ Payt./Mos. | |

## FILE COPY

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: FREDDIE SCOTT | Agency Case Number: |
|---|---|---|
| | Co-Borrower: | Lender Case Number: |

### VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company MBNA AMERICA BANK NA | $ Payt./Mos. | $ |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████5429 Name and address of Company CITIBANK MASTER CARD | $ Payt./Mos. 86 $ | 5,262 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████4527 Name and address of Company CROSS COUNTRY BANK | $ Payt./Mos. 97/(R) $ | 4,690 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████8492 Name and address of Company LOEWS | $ Payt./Mos. 57/(R) $ | 1,896 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████0917 Name and address of Company CITYWIDE BANKS | $ Payt./Mos. 46/(R) $ | 1,629 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████5961 Name and address of Company CHASE NA | $ Payt./Mos. 168 $ | 1,143 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████9822 Name and address of Company HHLD BANK | $ Payt./Mos. 26 $ | 1,302 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████9215 Name and address of Company NEXTCARD | $ Payt./Mos. 21 $ | 824 |
| Acct. no. Name and address of Bank, S&L, or Credit Union | $ | Acct. No. ████0871 Name and address of Company DISCOVER FINANCIAL | $ Payt./Mos. 15/(R) $ | 363 |

## FILE COPY

## Continuation Sheet/Residential Loan Application

| Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower. | Borrower: **FREDDIE SCOTT** | | Agency Case Number: |
|---|---|---|---|
| | Co-Borrower: | | Lender Case Number: |

### VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **WEISFIELD** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | 1,484 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **FAIR FINANCE** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 72 | 1,297 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **HRSI** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 20 | 792 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **GORDON** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | 630 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **TARGET** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 32/(R) | 628 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **EDDIE BAUER** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 20/(R) | 556 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **FOLEYS** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | * 65/(R) | 546 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **FIRST PREMIER** | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | 20/(R) | 443 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company **SPIEGEL** | $ Payt./Mos. | $ |

FILE COPY

## Continuation Sheet/Residential Loan Application

Use this continuation sheet if you need more space to complete the Residential Loan Application. Mark B for Borrower or C for Co-Borrower.

Borrower:
**FREDDIE SCOTT**

Co-Borrower:

Agency Case Number:

Lender Case Number:

### VI. ASSETS AND LIABILITIES

| ASSETS | Cash or Market Value | LIABILITIES | Monthly Payt. & Mos. Left to Pay | Unpaid Balance |
|---|---|---|---|---|
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company PROVIDIAN | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | * | 1,768 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company LOWES | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | * | 1,044 |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |
| Acct. no. | $ | Acct. No. | | |
| Name and address of Bank, S&L, or Credit Union | | Name and address of Company | $ Payt./Mos. | $ |

FILE COPY