| | |
|---|---|
| MORRISON & FOERSTER LLP | PRINCE LOBEL & TYE LLP |
| 1290 Avenue of the Americas | 100 Cambridge Street, Suite 2200 |
| New York, New York 10104 | Boston, Massachusetts 02114 |
| Telephone:    (212) 468 8000 | Telephone: 617-456-8000 |
| Facsimile:    (212) 468 7900 | Facsimile:  617-456-8100 |
| Norman S. Rosenbaum | Richard E. Briansky *(admitted pro hac vice)* |
| Melissa A. Hager | Andrew Baldwin *(admitted pro hac vice)* |
| Erica J. Richards | |
| *Counsel for the Debtors and* | *Counsel to Homecomings Financial, LLC* |
| *Debtors in Possession* | *and Residential Funding Company, LLC* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' REPLY IN FURTHER SUPPORT OF OBJECTION TO PROOFS OF CLAIM FILED BY THOMAS LA CASSE AGAINST HOMECOMINGS FINANCIAL, LLC (CLAIM NO. 3852) AND <u>RESIDENTIAL FUNDING COMPANY, LLC (CLAIM NOS. 3856 AND 3860)</u>**

ny-1110867

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ................................................................................................................... 1

REPLY ................................................................................................................................ 2

    A.    Applicable Legal Standard ................................................................................. 2

    B.    The Homecomings Proof Of Claim And Second RFC Proof Of Claim ................ 3

    C.    The First RFC Proof Of Claim ........................................................................... 3

        i.    No Settlement Agreement Exists ............................................................ 3

        ii.    The Claims Set Forth In The Motion To Vacate Lack Merit .................... 4

        iii.    This Court Should Decide The Merits Of The Claims Set Forth In
The Motion To Vacate .......................................................................... 8

    D.    Claimant's Procedural Objection Lacks Merit ..................................................... 9

CONCLUSION ..................................................................................................................... 9


Exhibit 1:    *Residential Funding Company, LLC's Supplemental Objection to Defendant's Motion to Vacate Judgment and Dismiss with Prejudice*

Exhibit 2:    *Chapter 7 Trustee's Final Account and Distribution Report*

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Chase Home Finance, LLC v. Fequiere,
   119 Conn. App. 570, 989 A.2d 606 (Conn. 2010)..............................................................4, 5, 6

Fleet National Bank v. Nazareth,
   75 Conn. App. 791 (Conn. 2003).......................................................................................5

HSBC Bank, N.A. v. Navin,
   129 Conn. App. 707 (Conn. 2011)......................................................................................5

In re MF Global Holdings, Ltd.,
   Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847,
   (Bankr. S.D.N.Y. Nov. 13, 2012) ................................................................................2, 3, 9

In re Oneida Ltd.,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009)...................................................................................2

In re Smith,
   No. 12-10142, 2013 WL 665991 (Bankr. D. Vt. Feb. 22, 2013)...............................................2

Morgan Chase Bank v. Rodrigues,
   109 Conn. App. 125, 952 A.2d 56 (Conn. 2008).....................................................................8

MTGLQ Investors, L.P. v. Baron,
   CV085023741S, 2010 WL 4722131 (Conn. Super. Ct., Oct. 26, 2010) ..................................8

RMS Residential Properties, LLC v. Miller,
   303 Conn. 224 (Conn. 2011)...........................................................................................4, 5

Tang v. Bou–Fakhreddine,
   75 Conn. App. 334, 815 A.2d 1276 (2003) ...........................................................................6

Town of Wallingford v. Glen Valley Associates, Inc.,
   190 Conn. 158, 459 A.2d 525 (Conn. 1983) ........................................................................8

U.S. Bank v. Curtis,
   CV095021948S, 2010 WL 3326976 (Conn. Super. Ct. July 23, 2010) ................................6, 7

**STATUTES**

11 U.S.C. § 502(a) ................................................................................................................2

# TABLE OF AUTHORITIES
(continued)

CONN. GEN STAT. § 49-15 .................................................................................................. 6

**OTHER AUTHORITIES**

Federal Rules of Bankruptcy Procedure 3001(f) ........................................................... 2

4 Collier on Bankruptcy ¶ 502.02[2] (16th ed. rev. 2012) ............................................ 2

Connecticut Practice Book, § 10-10 ............................................................................. 8

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby submit this reply (the "Reply") to the *Opposition to Objection to Claim [#4635]* [Docket No. 5106] (the "Response") submitted by Thomas James La Casse ("Claimant") to the *Debtors' Objection To Proofs Of Claim Filed By Thomas La Casse Against Homecomings Financial, LLC (Claim No. 3852) And Residential Funding Company, LLC (Claim Nos. 3856 And 3860) Pursuant To Bankruptcy Code Section 502(b) And Bankruptcy Rule 3007* [Docket No. 4635] (the "Objection").[1] In further support of the Objection, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.  Without adequate supporting documentation, Claimant asserts more than $5 million in claims against Homecomings and aggregate claims of over $31 million against RFC. In the Objection, the Debtors submitted evidence to rebut the *prima facie* validity of the Proofs of Claim and placed the burden back on Claimant to establish his claims against the Debtors by a preponderance of the evidence. Claimant's Response does not rebut the evidence set forth in the Objection. Accordingly, the Proofs of Claim should be disallowed and expunged from the Debtors' claims register in their entirety.

## BACKGROUND

2.  The history of the litigation underlying each of the Proofs of Claim was fully recited in the Objection.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1110867

## REPLY

### A.     Applicable Legal Standard

3.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  A properly completed proof of claim is *prima facie* evidence of the validity and amount of a claim.  See FED. R. BANKR. P. 3001(f).  A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded.  See 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. rev. 2012).

4.     "Although Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof [r]ests on different parties at different times."  In re Smith, No. 12-10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (internal quotations omitted).  The objecting party "bears the initial burden of providing evidence to show that the proof of claim should not be allowed."  In re MF Global Holdings, Ltd., Nos. 11-15059 (MG), 11-02790 (MG) (SIPA), 2012 WL 5499847, at *3 (Bankr. S.D.N.Y. Nov. 13, 2012).  If the objecting party satisfies its initial burden and "the presumption of prima facie validity is overcome—e.g., the objecting party establishes that the proof of claim lacks a sound legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant would not bear that burden outside of bankruptcy."  Id. (citing In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion.  The burden then shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.")).  Once the burden is shifted back to the claimant, "it must prove its claim by a preponderance of the evidence."  Id. (citations omitted).

      **B.**      **The Homecomings Proof Of Claim And Second RFC Proof Of Claim**

      5.      Claimant does not dispute that the Homecomings Proof of Claim and the Second RFC Proof of Claim assert claims against Homecomings and RFC, respectively, in connection with the Aurora Litigation. See Response at ¶ 1. Nor does Claimant disagree that no Debtor is a party to that action, which has been pending since December 2010. Response at ¶ 35. In response to the Debtors' argument that they can have no liability to Claimant with respect to the Aurora Litigation because they are not named as parties, Claimant merely asserts that "[a]lthough not named, both Homecomings and Residential Funding are obvious co-defendants should Mr. La Casse amend his Complaint . . . ." Response at ¶ 35. Claimant has not amended his Complaint, and cannot do so without leave of this Court. Claimant's hypothetical assertion that he could have named the Debtors in a pending lawsuit is not the equivalent of holding a valid claim against the Debtors on account of that lawsuit and does not support a finding of liability against the Debtors.

      6.      Claimant fails to rebut any of the evidence submitted by the Debtors in the Objection that squarely placed the burden back on the Claimant to establish the validity of these claims against the Debtors. MF Global, 2012 WL 5499847, at *3. Accordingly, the Homecomings Proof of Claim and the Second RFC Proof of Claim should be disallowed and expunged in their entirety.

      **C.**      **The First RFC Proof Of Claim**

          **i.**      **No Settlement Agreement Exists**

      7.      Claimant asserts that the First RFC Proof of Claim is not based on the claims asserted in Claimant's Motion to Vacate, but is instead "based on an agreement in principle to settle the fraudulent foreclosure." Response at ¶ 36. There is no such agreement attached to the First RFC Proof of Claim, because no such agreement exists. The First RFC Proof of Claim

attached only an "Offer of Settlement" sent to GMACM and RFC on May 15, 2012, attached thereto as Exhibit B. A unilateral offer of settlement does not constitute an agreement in principle or give rise to liability on the part of the Debtors. Nor do the vague and unsubstantiated assertions contained in the settlement offer regarding Claimant's "multitude of claims" against GMACM and RFC establish Claimant's entitlement to a $26.5 million claim by the requisite preponderance of the evidence.

### ii. The Claims Set Forth In The Motion To Vacate Lack Merit

8. Notwithstanding Claimant's declaration that the First RFC Proof of Claim is not entirely based on the Motion to Vacate (Response at ¶ 36), the Response reiterates the key argument set forth in the Motion to Vacate—that RFC did not have standing to foreclose on the Valley Forge Loan. Response at ¶ 37. Claimant ignores the detailed arguments and legal authority directly contradicting this position set forth in in the Objection. See Objection, at ¶¶ 40-45. In particular, Claimant has not presented any basis to refute that RFC, as the entity in possession of a note endorsed in blank, is a holder entitled to enforce the note under applicable Connecticut law. See RMS Residential Props., LLC v. Miller, 303 Conn. 224, 231 (Sup. Ct. 2011).[2]

9. In Miller, the Supreme Court of Connecticut stated that the "legislature, by adopting § 49-17, created a statutory right for the rightful owner of a note to foreclose on real property regardless of whether the mortgage has been assigned to him." RMS Residential Props., LLC v. Miller, 303 Conn. at 230. In Chase Home Fin., LLC v. Fequiere, the foreclosing entity possessed a copy of the promissory that was endorsed in blank by the original lender.

---

[2] The Claimant's purported "expert report" does not rebut RFC's right to foreclose on the Valley Forge Property and RFC has sought to preclude the testimony of Ms. McDonnell in the Foreclosure Action. See *Residential Funding Company, LLC's Supplemental Objection to Defendant's Motion to Vacate Judgment and Dismiss with Prejudice* filed in the Foreclosure Action annexed hereto as **Exhibit 1**.

Chase Home Fin., LLC v. Fequiere, 119 Conn. App. 570, 577 (2010). The defendant, who was appealing the trial court's denial of her motion to dismiss, failed to present evidence "demonstrating that the [foreclosing entity] was not in possession of the promissory note or contradicting its status as a bona fide holder of the note." Id. at 578. Thus, the court held that the production of the note established prima facie proof of the entity's entitlement to foreclose, which the defendant had failed to rebut. Id. See also RMS Residential Props., LLC v. Miller, 303 Conn. at 234-35 (affirming grant of summary judgment to foreclosing entity, who was holder of note endorsed in blank, because defendant failed to demonstrate that the foreclosing entity was not rightful owner of the note); HSBC Bank U.S.A., N.A. v. Navin, 129 Conn. App. 707, 712 (2011) (affirming order of summary judgment for foreclosing entity where defendant offered no evidence to counter the plaintiff's sworn statement that it was in possession of note endorsed in blank at the time it commenced the foreclosure action). Fleet Nat'l Bank v. Nazareth, 75 Conn. App. 791, 794 (2003)("It is undisputed that Fleet Mortgage is the holder of the note, while the plaintiff is the holder of the mortgage."). Here, in this case, it is undisputed that RFC held the Note at the time it began foreclosure proceedings.[3] Therefore, RFC has the right to foreclose under Section 49-17.

10. The claims against GMACM and RFC that are described in the Motion to Vacate are unliquidated, disputed, and contingent. Before Claimant can liquidate certain of those claims, which sound in wrongful foreclosure, he must first succeed in having the Judgment of Strict Foreclosure set aside, relief that is within the State Court's discretion. As set forth in the Objection, Claimant failed to diligently seek relief from the State Court following entry of default and the Judgment of Strict Foreclosure, and provides no explanation for the delay. See

---

[3] RFC continues to hold the Note and the original will be offered into evidence at the hearing in the Foreclosure Action and available for this Court to review at the hearing on the Objection.

Objection, at ¶¶ 38-39.  Instead, Claimant side-steps the argument by asserting that Conn. Gen. Stat. § 49-15 automatically opens the judgment of strict foreclosure, that the "special character" of foreclosure actions entitles him to relief, and asserting that this Court "has directed that the matter be decided in state court."  Response at ¶ 38.

11.    Claimant's contention that filing a voluntary bankruptcy petition "reopens" the Judgment of Strict foreclosure by operation of law is misleading.  Upon filing a bankruptcy petition, Conn. Gen. Stat. § 49-15 provides that the judgment of strict foreclosure is opened, "provided, the provisions of such judgment, other than the establishment of law days, **shall not be set aside** under this subsection . . . ." (emphasis added).  Thus, while the judgment is opened to extend the law days, the substance of the judgment remains in effect.  See Chase Home Fin., LLC v. Fequire, 119 Conn. App. 570, 573 n. 4, 989 A.2d 606 (2010) (noting that "although [ ] the court granted the motion to open the judgment of strict foreclosure, it did so only to the extent of extending law days.  Therefore, **in substance, the judgment of strict foreclosure is still in effect**.") (emphasis added).

12.    In addition, Claimant completely ignores the effect of the default entered in the Foreclosure Action, which is that it "admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant . . .  If the allegations of the plaintiff's complaint are sufficient on their face to make out a valid claim for the relief requested, the plaintiff, on the entry of a default against the defendant, need not offer evidence to support those allegations . . . ." Tang v. Bou–Fakhreddine, 75 Conn. App. 334, 337–38, (2003) (internal citations omitted).  As a result, "[w]hile the court may examine the question of subject matter jurisdiction upon its own recognizance regardless of the defendants' defaulted status, the court is not obliged to address the arguments of a defaulted

6

party as to issues of liability." U.S. Bank v. Curtis, No. CV095021948S, 2010 WL 3326976, at *3-4 (Conn. Super. Ct. July 23, 2010) (denying mortgagor's motion to dismiss for lack of standing where "[t]he defendants' defaulted status conclusively establishes the allegations of the complaint as true, and the complaint states that the plaintiff holds the note and the mortgage"). Here, as in Curtis, the RFC Complaint alleges that RFC was the holder of the Valley Forge Note and Mortgage at the time it filed the Foreclosure Action, and the default conclusively establishes these allegations as true.

13. Because Claimant cannot satisfy this initial hurdle before he is entitled to pursue the claims relating to wrongful foreclosure in the Motion to Vacate, the Debtors have no liability with respect to such claims.

14. The remaining claims set forth in the Motion to Vacate, relating to damaged or stolen property, cannot be asserted in the Foreclosure Action. Specifically, Claimant alleges that RFC "entered the property and left it in ruins." Response at ¶ 47. Claimant further argues that the "itemized lists of dollar amounts and categories" attached to the First RFC Proof of Claim are sufficient "to apprise the Debtors of the nature and extent of claims." Response at ¶ 50. These naked allegations are unsupported by any reliable documentary evidence and fail to satisfy minimal pleading standards. Unverified lists of property asserted to have been damaged or stolen are meaningless in the absence of any evidence that Claimant actually owned such property, that such property has in fact been damaged or stolen, and that RFC is liable for such loss. Significantly, in the *Chapter 7 Trustee's Final Account And Distribution Report* filed in the second La Casse bankruptcy case, Case No. 10-30088 (Bankr. D. Mass.), the Chapter 7 Trustee appointed in Claimant's bankruptcy case, included scheduled claims against GMAC Mortgage concerning alleged breaches of the automatic stay and improper possession (leading to the

7

burglary and vandalism) of the Valley Forge Property on the schedule of estate assets but valued them at $0. See ECF #274, Ex. 8, p. 1, annexed hereto as **Exhibit 2**.

15.     Further, Claimant's description of the motivation for such vandalism—that it was "intended to make [Claimant] give up and let GMACM proceed with an illegal foreclosure" (see Affidavit of Thomas James La Casse at ¶ 4, attached as Exhibit 3 to the Response) defies common sense. Such destruction would reduce the amount GMACM could recover in a foreclosure sale. Taken as a whole, Claimant's allegations lack veracity and fail to establish the validity of the claims set forth in the First RFC Proof of Claim by a preponderance of the evidence.

### iii.     This Court Should Decide The Merits Of The Claims Set Forth In The Motion To Vacate

16.     The claims asserted in the First RFC Proof of Claim cannot be asserted as counterclaims in the Foreclosure Action, even if the State Court grants the Motion to Vacate. *Connecticut Practice Book*, § 10-10 (counterclaims must "arise[] out of the transaction or one of the transactions which is the subject of the plaintiff's complaint"); see Morgan Chase Bank v. Rodrigues, 109 Conn. App. 125, (2008) ("In a foreclosure action, a counterclaim must relate to the making, validity or enforcement of the mortgage note in order properly to be joined with the complaint."). Connecticut courts have held that counterclaims based on property damage do not meet the "transaction test" under Connecticut Practice Book § 10-10. See, e.g., Town of Wallingford v. Glen Valley Assocs., Inc., 190 Conn. 158, 161 (1983) (striking counterclaim based on claim for property damage as a result of a surface water diversion because it did not arise out of plaintiff's sewer and tax lien foreclosure action); MTGLQ Investors, L.P. v. Baron, No. CV-08-5023741-S, 2010 WL 4722131 (Conn. Super. Ct. Oct. 26, 2010) (striking counterclaim in residential foreclosure action based on damages to mortgagor's personal

8

ny-1110867

property).  Thus, prior to the Debtors' bankruptcy filing, any claim for damaged or stolen property against the Debtors could only have been raised in a separate civil action.  No such action was commenced.  Instead, after the Petition Date, Claimant filed the First RFC Proof of Claim in this Court, thereby subjecting himself to this Court's jurisdiction and to the burden of proof as provided under the Bankruptcy Code and Rules regarding the validity of his claims against the Debtors.  He cannot now argue that this Court has no jurisdiction to rule on the merits of the First RFC Proof of Claim.

17.    As set forth above, Claimant fails to rebut the evidence submitted by the Debtors in the Objection that squarely placed the burden back on the Claimant to establish the validity of the First RFC Proof of Claim.  MF Global, 2012 WL 5499847, at *3.  Accordingly, the First RFC Proof of Claim should also be disallowed and expunged in its entirety.

### D.    Claimant's Procedural Objection Lacks Merit

18.    Finally, the Response asserts that the Objection improperly includes three proofs of claim.  Response at ¶ 34.  The Procedures Order expressly authorizes the Debtors to file omnibus objections to borrower claims.  See Procedures Order, p. 4, ¶ (iv).  Accordingly, this objection is also without merit.

### CONCLUSION

WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted together with any other relief that the Court finds reasonable and justified.

9

ny-1110867

| | |
|---|---|
| Dated: October 7, 2013<br>New York, New York | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Melissa A. Hager<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors and Debtors in Possession*<br><br>– and –<br><br>PRINCE LOBEL & TYE LLP<br>100 Cambridge Street, Suite 2200<br>Boston, Massachusetts 02114<br>Telephone: 617-456-8000<br>Facsimile: 617-456-8100<br>Richard E. Briansky *(admitted pro hac vice)*<br>Andrew Baldwin *(admitted pro hac vice)*<br><br>*Counsel to Homecomings Financial, LLC and Residential Funding Company, LLC* |

10

ny-1110867