**Hearing Date: October 9, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS'**
**THIRTY-FIRST OMNIBUS CLAIMS OBJECTION**
**TO LATE-FILED BORROWER CLAIMS**

ny-1111375

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ..................................................................................1

**BACKGROUND** ..........................................................................................................1

    I.    ENTRY OF THE BAR DATE ORDER AND NOTICE OF THE BAR DATE ........................................................................................................1

    II.    OBJECTIONS AND THE RESPONSES ...........................................................3

**ARGUMENT** ................................................................................................................3

    I.    SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT .....................3

    II.    EACH RESPONDENT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT ..........................................................................5

        A.    The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant ...........................................................7

        B.    The Danger of Prejudice to the Debtors ......................................................8

        C.    Whether the Respondents Acted in Good Faith ..................................10

        D.    The Length of Delay and its Potential Impact on Judicial Proceedings ................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Hagner v. United States,
 285 U.S. 427 (1932) ...................................................................................................................3

In re Alexander's Inc.,
 176 B.R. 715 (Bankr. S.D.N.Y. 1995) ........................................................................................3

In re BGI, Inc.,
 476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) ..................................................................6, 10

In re BH S & B Holdings LLC,
 435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ..............................................................6, 7, 8

In re Dana Corp.,
 No. 06–10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008)............................7

In re Enron Corp.,
 419 F.3d 115 (2d Cir. 2005) ........................................................................................6, 7, 8, 10

In re Lehman Brothers Holdings Inc.,
 433 B.R. 113 (Bankr. S.D.N.Y. 2010) .......................................................................................7

In re Kmart Corp.,
 381 F.3d 709, 714-15 (7th Cir. 2004)......................................................................................10

In re WorldCom, Inc.,
 No. 02-13533, 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) ...............3

Pioneer Investment Services Co. v. Brunswick Associates Limted Partnership,
 507 U.S. 380 (1993) ............................................................................................................passim

Riverhead Transit Mix Corp. v. Walsh Construction Co.,
 No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995)................................4

**OTHER AUTHORITIES**

Transcript of Hearing, *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr.
 S.D.N.Y. Apr. 30, 2013)..............................................................................................................8

Supplemental Order Granting Debtors' Fourth Omnibus Objection to Claims (Late-Filed
 Borrower Claims) [Docket No. 4410], *In re Residential Capital, LLC*, Case No. 12-
 12020 (Bankr. S.D.N.Y. July 30, 2013) .....................................................................................7

Supplemental Order Granting Debtors' Fifth Omnibus Objection to Claims (Late-Filed
 Borrower Claims) [Docket No. 4411], *In re Residential Capital, LLC*, Case No. 12-
 12020 (Bankr. S.D.N.Y. July 30, 2013) .....................................................................................8

Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy [Docket No. 3973], *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. June 13, 2013) ................................................................................................................................ 8

Stipulation and Order Resolving (I) Motions by Julio Solano for (A) for Relief from the Automatic Stay and (B) to file a Late Proof of Clam and (II) Adversary Proceeding Filed by Julio Solano [Docket No. 4236], *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. July 15, 2013) ................................................................ 9

Pg 5 of 15

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this omnibus reply (the "Reply") to certain statements and objections (collectively, the "Responses") interposed by those claimants (collectively, the "Respondents"), listed on Exhibit 1 annexed hereto, to the *Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* [Docket No. 4902] (the "Objection") and in further support of the Objection. The Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Debtors examined each of the Responses and the statements and exhibits submitted in support thereof. Exhibit 1 contains a summary of each Respondent's purported justification for filing his or her proof of claim after the Bar Date (defined below). For purposes of this Reply and the Objection, the Debtors take these statements at face value. If the Court is not prepared to rule on the Objection with respect to any of the Respondents, the Debtors reserve the right to take discovery from any such Respondent.

2. Each of the Respondents has failed to demonstrate that their respective circumstances satisfy the standards for excusable neglect applicable in this District so as to permit any of the Respondents to file an untimely proof of claim. The circumstances leading to each Respondent's failure to file a proof of claim form in a timely manner were within such Respondent's reasonable control. Accordingly, the relief sought in the Objection should be granted with respect to the Respondents.

## BACKGROUND

**I.    ENTRY OF THE BAR DATE ORDER AND NOTICE OF THE BAR DATE**

3. On August 29, 2012, this Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket

No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date"). The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

4. Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice"). The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date." Bar Date Notice ¶ 1. The Bar Date Notice further states:

> **ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

5. In accordance with the Bar Date Order, on or before October 5, 2012, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served a copy of the Bar Date Notice on each Respondent at the address for such Respondent reflected in the Debtors' books and records as of the Petition Date.[1] See Affidavits of Kurtzman Carson

---

[1] The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, which additionally notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date. See Bar Date Notice ¶¶ 1, 3; see also *Amended Affidavit of Publication re:*

2

ny-1111375

Consultants, LLC [Docket Nos. 1412, 2179] reflecting service of the Bar Date Notice on each of the Respondents, annexed hereto as Exhibit 2.[2]  In addition, KCC provided a declaration (the "KCC Declaration"), annexed hereto as Exhibit 3, attesting to the timely service of notices to the Respondents and/or their representatives.

## II.  OBJECTION AND THE RESPONSES

6.  Subsequent to the Debtors' filing of the Objection and prior to the October 9, 2013 omnibus hearing date scheduled for the Objection, each of the Respondents submitted a Response, as summarized on Exhibit 1 annexed hereto.  The Debtors reviewed the Responses and consulted with SilvermanAcampora LLP ("SilvermanAcampora"), special borrowers' counsel to the official committee of unsecured creditors.

## ARGUMENT

## I.  SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT

7.  Courts in this circuit support the view that "[a] rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed." See In re WorldCom, Inc., No. 02-13533, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that a claimant received notice of a bar date based on evidence demonstrating that notice was properly addressed and mailed); see also Hagner v. United States, 285 U.S. 427, 430 (1932)

---

Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today [Docket No. 1660]. In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

[2]  Respondent Paul Anthony Corrado ("Mr. Corrado") was served with the Bar Date Notice by and through his counsel, The Bridi Law Firm and Law Offices of Brian Andrews, on or before September 7, 2012 as part of the creditor matrix bar date mailing completed by KCC.  Respondents Kenneth Russo Jr. and Rayietta Hill ("Mr. Russo and Ms. Hill") were served with the Bar Date Notice on or before October 5, 2012 as part of the customer list mailing completed by KCC.  The notice sent to those Respondents on the customer list was not made publicly available, pursuant to KCC's practices, for privacy reasons (as borrower information is included therein) and due to the voluminous size of the exhibit to the affidavit of service for customers, which includes information for over two million parties.

3

("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."). See, e.g., In re Alexander's Inc., 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed to be received); Riverhead Transit Mix Corp. v. Walsh Const. Co., No. 091-7142-511, 1995 WL 1051649, at *11 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to raise a presumption of receipt by the party served").

        8.      Mr. Corrado states in his Response that it was his understanding that his counsel filed all documents relating to his proof of claim in these Chapter 11 Cases on a timely basis, a statement that suggests that Mr. Corrado was aware of, and/or received through his counsel, notice of the Chapter 11 Cases and the Bar Date Notice. While Mr. Corrado was not personally served with notice of the Bar Date, Mr. Corrado's counsel, The Bridi Law Firm and Law Offices of Brian C. Andrews, were each timely served with the Bar Date Notice in connection with pending litigation between their client, Mr. Corrado, and the Debtors, as scheduled on the Debtors' Schedule F ("General Litigation").[3] See Exhibit 2, KCC Declaration ¶¶ 7, 8. The Bar Date Notice mailed to one of Mr. Corrado's two representatives, The Bridi Law Firm, was returned as undeliverable.[4] See KCC Declaration ¶ 11. Nevertheless, the Law Offices of Brian C. Andrews, received proof of claim forms for each Schedule F on which this claim was

---

[3] With respect to The Bridi Law Firm, Mr. Corrado's claims were listed on Schedule F for Residential Funding Company, LLC [Docket No. 684] and Executive Trustee Services, LLC [Docket No. 561]. With respect to Law Offices of Brian Andrews, Mr. Corrado's claims were listed on Schedule F for Residential Funding Company, LLC [Docket No. 684], Executive Trustee Services, LLC [Docket No. 561], and GMAC Mortgage, LLC [Docket No. 685]. In all instances, Mr. Corrado's litigation claims were listed as contingent / unliquidated / disputed and the total amount of such claims as "unknown."

[4] The Debtors, too, were unsuccessful in their attemps to contact The Bridi Law Firm. On several occasions, the Debtors were met with a busy signal each time a call was placed to the number associated with the firm. The Debtors were also unable to find a website for this law firm.

4

ny-1111375

listed. See id. ¶ 10. Mr. Corrado provides no arguments or testimony to contradict the presumption that the Bar Date Notice was, in fact, received at his counsel's address to which KCC mailed it. The Respondent does not assert that the address used for mailing the notice was incorrect, or at one at which he or his counsel did or does not regularly receive mail.

9.    Mr. Russo and Ms. Hill assert, among other things, that they were "never officially notified by the debtor of any bankruptcy proceedings," let alone the Bar Date Notice, and only "found out about Case No. 12-12020 on April 17, 2013." See Response [Docket No. 5232]. Mr. Russo's and Ms. Hill's allegation is contradicted by KCC's Affidavits, which demonstrate that KCC timely served notices of both the commencement of the Chapter 11 Cases and Bar Date upon the Respondents, and such notices were not returned as undeliverable. See Exhibit 2, KCC Declaration ¶¶ 5, 6, 10. These Respondents do not proffer any arguments or testimony to contradict the presumption that the Bar Date Notice and the notice of the commencement of the Chapter 11 Cases were, in fact, received at the address to which KCC mailed them. The Respondents do not assert that their address used for mailing these notices was incorrect, or at one at which they do not regularly receive mail. In fact, the Respondents' Response includes the same address above their signatures at the conclusion of their Response, which indicates that the address was valid and used by the Respondents.

10.    Accordingly, the Debtors are entitled to the presumption that each Respondent timely received the Bar Date Notice. As reflected in Exhibit 2, the Debtors properly and timely notified the Respondents of the Bar Date. KCC mailed the Bar Date Notice to Respondents at the addresses reflected in the Debtors' records shortly before the service of the Bar Date Notice. Nothing in any of the Responses, summarized on Exhibit 1 annexed hereto, rebuts the presumption, which remains in favor of the Debtors. See Exhibit 1. Thus, the Debtors

5

ny-1111375

submit the presumption that the Respondents timely received the Bar Date Notice has not been, and cannot be, rebutted. Accordingly, the Debtors satisfied due process requirements and the requirements of the Bankruptcy Code and Bankruptcy Rules.

### II.   EACH RESPONDENT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

11.   The Supreme Court considered the test for determining whether a creditor may be permitted to file a late proof of claim in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993) ("<u>Pioneer</u>"). In <u>Pioneer</u>, the Court explained that Congress, in empowering "the courts to accept late filings 'where the failure to act was the result of excusable neglect,' plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." <u>Id.</u> at 388. The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (i) "the reason for the delay, including whether it was within the reasonable control of the movant," (ii) "the danger of prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the length of delay and its potential impact on judicial proceedings." <u>Id.</u> at 395.

12.   The Second Circuit takes a "hard line" approach in applying the <u>Pioneer</u> test. <u>In re Enron Corp.</u>, 419 F.3d 115, 122 (2d Cir. 2005); <u>see also</u> <u>In re BGI, Inc.</u>, 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.). The Second Circuit has observed that three of the <u>Pioneer</u> factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith. <u>In re Enron Corp.</u>, 419 F.3d at 122; <u>see also</u> <u>In re BH S & B Holdings LLC</u>, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.). As a result, the Second Circuit has focused on the fourth factor, "the reason for the delay, including whether it

was within the reasonable control of the movant." In re Enron Corp., 419 F.3d at 123 (internal quotations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (internal quotations omitted). Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." In re BH S & B Holdings LLC, 435 B.R. at 168 (quoting In re Northwest Airlines Corp., 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

13. Here, each Respondent has failed to meet his or her burden of showing excusable neglect. See In re PT-1 Commc'ns, Inc., 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that the late filer bears the burden of demonstrating excusable neglect); see also In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant). Each Respondent's failure, or in the case of Mr. Corrado, the Respondent's counsel's purported failure, to "follow the clear dictates of a court rule" and provide any justification or arguments as to why he or she should be permitted to file a late proof of claim in the Chapter 11 Cases simply cannot arise to the type of "unusual instance[]" in which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would] constitute excusable neglect." In re Enron Corp., 419 F.3d at 123; In re BH S & B Holdings LLC, 435 B.R. at 168. The Debtors and SilvermanAcampora analyzed the Responses and related proofs of claim submitted by each of the Respondents. After consultation, the Debtors and SilvermanAcampora both concluded that in each case, the Respondents failed to provide evidence to meet the excusable neglect standard.

7

Accordingly, SilvermanAcampora supports the Debtors' proposed treatment of the proofs of claim as set forth in the Objection.

  **A.** **The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant**

  14. The Debtors served the Bar Date Notice at correct addresses for the Respondents. Notwithstanding that timely service was made at valid addresses, the Respondents argue that they should be permitted to file late proofs of claim. Mistakes by the recipient of a bar date notice or the recipient's failure to comprehend the notice's importance despite the notice's clear mandates do not constitute excusable neglect. See In re Lehman Bros. Holdings Inc., 433 B.R. 113, 124 (Bankr. S.D.N.Y. 2010) (noting that individual creditor's failure to file proof of claim was within movant's reasonable control and "resulted from a failure to coordinate, a lack of supervision, or a mistake"); In re Dana Corp., No. 06–10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (lawyers' failure to comprehend significance of bar date notice was not sufficient reason for delay under Pioneer test). Indeed, this Court recently denied similar requests in these Chapter 11 Cases in instances where the claimant failed to rebut the presumption that the Bar Date Notice was received. See, e.g., Supplemental Order Granting Debtors' Fourth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 4410], *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. July 30, 2013); Supplemental Order Granting Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 4411], *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. July 30, 2013); Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy [Docket No. 3973], *In re Residential Capital, LLC*, No. 12-12020 (Bankr. S.D.N.Y. June 13, 2013) (finding that "[i]n light of the policy of strict observance of bar dates, and in looking to the standard for excusable neglect," pro se borrower who has "put forward no evidence to rebut the presumption"

and provided no viable reason to excuse the delay in filing a proof of claim failed to meet her burden and cannot have leave to file a late claim). See also Transcript of Hearing[5] at 36:17-20, *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. Apr. 30, 2013) (stating "[o]nly in unusual circumstances where ignorance of the rules or mistakes construing the rules constitute excusable neglect.") (citing In re BH S & B Holdings, LLC, 453 B.R. at 163. Accordingly, this factor weighs heavily in favor of denying the relief sought in the Responses and granting the relief sought in the Objection.

### B. The Danger of Prejudice to the Debtors

15. Although the size of each Respondent's purported claim is small in comparison to the aggregate claims filed in the Debtors' Chapter 11 Cases, the Debtors would be prejudiced if the Court grants the relief requested by any of the Respondents. Granting the relief sought in the Responses would negate the goal of finality that claims' bar dates are intended to instill. See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims). On this basis, the relief sought in the Objection should be granted.

16. The Debtors' concern that granting the relief requested in the Responses could open the floodgates to other similar requests is not unfounded. The Debtors are involved in thousands of lawsuits involving many active *pro se* and represented litigants, or were formerly parties to such actions. See, e.g., *Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital, LLC, in Support of Debtors' Objection to Plaintiffs' Motion to Lift Stay filed by Richard D. Rode [Docket Nos. 2153, 2154, and 2157]* [Docket No. 2682],

---

[5] Discussing *Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim* [Docket No. 3238] and denying the relief requested therein.

Exhibit 1, ¶ 3 (describing pending litigation involving the Debtors, as of January 21, 2013, including "tens of thousands of foreclosure actions and borrower bankruptcies"). Permitting any of the Respondents to file a late proof of claim could be construed as an invitation for other parties to make similar requests. Indeed, to date, three parties have filed requests seeking to file untimely claims. As noted above, this Court denied two of those requests.[6]

17.  Similarly, creating uncertainty regarding the ability of other potential claimants to file late proofs of claim, particularly at this stage of the Chapter 11 Cases, could impair the Debtors' ability to efficiently move forward with the process of confirming the plan proposed in these Chapter 11 Cases [Docket No. 4153] (the "Plan"). As with any Chapter 11 plan, the Debtors, as a co-proponent of the Plan along with the official committee of unsecured creditors, must ensure that similarly situated creditors are treated in a like manner under the terms of the Plan. Confirmation of the Plan will require finality as to the scope and magnitude of the general unsecured claims pending against the Debtors' estates, and to the extent that claimants are permitted to file untimely claims, the Plan proponents will be unnecessarily burdened with having to assess, reconcile and address claims that are otherwise untimely and not to be recognized in a Chapter 11 proceeding. Therefore, the Court should not open the door to untimely proofs of claim. See In re BGI, Inc., 476 B.R. at 824 (factors to consider in assessing the danger of prejudice include "the disruptive effect permitting the late claim would have on plan formation." (internal citations and quotations omitted)).

---

[6]  A third request was withdrawn by the movant. See Stipulation and Order Resolving (I) Motions by Julio Solano for (A) for Relief from the Automatic Stay and (B) to file a Late Proof of Clam and (II) Adversary Proceeding Filed by Julio Solano [Docket No. 4236], In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. July 15, 2013).

10

### C. Whether the Respondents Acted in Good Faith

18. The Debtors do not contend that the Respondents acted other than in good faith; although, the Debtors reserve the right to seek discovery from and depose any of the Respondents.

### D. The Length of Delay and its Potential Impact on Judicial Proceedings

19. Here, the delay between the Bar Date and the filing of the Respondents' proofs of claim ranges from approximately five (5) to seven (7) months. In light of the clear notice provided to all claimants, including the Respondents, and the time provided to all claimants to file proofs of claim in these Chapter 11 Cases, any length of delay, along with the lack of reasons for the delay and the circumstances justifying the delay, support a finding that this Pioneer factor is at best neutral to the Respondents, particularly given the juncture of the Chapter 11 Cases. See In re Enron Corp., 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing In re Kmart Corp., 381 F.3d 709, 714-15 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543 U.S. 1056 (2005)).

WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted and the Respondents be barred from asserting any claims against the estates.

| | |
|---|---|
| Dated: October 7, 2013<br>New York, New York | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Meryl L. Rothchild<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors and Debtors in Possession* |

ny-1111375