# **Exhibit 1**

## Exhibit 1

**Responses**

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Paul Anthony Corrado | *Statement Setting Forth the Reasons Why the Claim Nos. 6855 and 6856 Filed on June 3, 2013 Should Not Be Disallowed* | 5200 | The proofs of claim, Claim Nos. 6855 and 6856, were filed on 6/3/13.<br><br>According to the Response and proof of claim, this claimant believed that his attorney filed the proper proof of claim documents in a timely fashion on claimant's behalf. Claimant's claims was listed on Schedule F ("General Litigation") to Residential Funding Company, LLC [Docket No. 684], Executive Trustee Services, LLC [Docket No. 561], and GMAC Mortgage, LLC, under counsel's name, as having contingent / unliquidated / disputed litigation claims involving an action filed in May 2010 with an "unknown" value. Debtors' counsel contacted claimant's counsel to see if claimant's counsel could provide a copy of a timely filed proof of claim. No such documentation was provided. The response does not satisfy the claimant's burden of demonstrating that his alleged circumstances meet the applicable standard of excusable neglect. |
| Kenneth Russo Jr. and Rayietta Hill | *Response of Kenneth Russo Jr. and Rayietta Hill to Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* | 5232 | The proof of claim, Claim No. 6843, was filed on 4/22/13.<br><br>The Response includes a reference to the proof of claim against GMAC Mortgage, LLC for restitution for lost wages, salary and commissions and owed taxes and penalties to governmental units due to extreme mental anxiety and physical stress. Respondents make reference to Pioneer factors, and allege that they should be allowed to submit a late proof of claim because they did not receive any notice of the bankruptcy cases, the Bar Date Notice, or any related proceedings until April of 2013. KCC's affidavits of service contradict this allegation, and the address used in the Response is the same as that which was used by KCC. The Response does not satisfy the claimants' burden of demonstrating that their alleged circumstances meet the applicable standard of excusable neglect. |

ny-1111375