IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| WASHINGTON MUTUAL BANK, FA, | Case No.: 05-06570 CA 15 |
| Plaintiff, | Division: |
| -vs.- | |
| AMI B. ESKANOS; ET AL. | |
| Defendants. | |

### ANSWER TO COMPLAINT

Ami B. Eskanos and Barry B. Eskanos and Eskanos Enterprises, Defendants, by and through their attorney, Danny E. Eskanos, answer the complaint on file herein in the above-entitled action as follows:

1. These answering Defendants specifically and generally deny each and every allegation contained in the complaint.

These answering Defendants further assert as affirmative defenses the following:

1. These answering Defendants assert the prior breach of the Plaintiffs and therefore any duty to perform, if any there was, is suspended as a result.

2. The complaint fails to state facts sufficient to constitute a cause of action or any cause of action.

3. The complaint fails to assert facts sufficient for any remedy and therefore the plaintiff is barred from any relief sought.

4. The Plaintiff is barred from any equitable relief because the Plaintiff has unclean hands.

5. The Plaintiff is barred from any equitable relief because of the doctrine of laches.

6. The Plaintiff is equitably barred from any relief based on the doctrine of Eqitable Estoppel because it repeatedly accepted principal, interest and escrow payments from the Defendants before and after the alleged default and acceleration and after the institution of this action.

7. That Defendant is entitled to offsets and credits as a result of the allegations made in the counterclaim filed herewith, and incorporated herein, and as a result, the Plaintiff is barred from any recovery and owes the Defendants ten million dollars in actual damages; exemplary damages; and declaratory relief as sought in the counterclaim.



EXHIBIT A

51

8.  Pursuant to Florida Statute and Case Law the Counterclaim must severed from this action and equity requires that the Counterclaim be adjudicated fully prior to the continuation of this action so that any rights or credits of the Defendant and Counterclaimants can be submitted in a factual basis to this Court in this action.

9.  The Plaintiff is barred from recovery by the doctrines of illegality; unconscionability; undue influence, duress and fraud of the Plaintiff.

10. The Plaintiff is barred from any recovery because of their violation of state and federal banking laws as further set forth in the attached counter-complaint and according to proof.

11. The Plaintiff is barred from any recovery because Plaintiff does not have in its possession the Original Promissory Note or Original Deed or Trust or Mortgage.

Wherefore Defendants are entitled to dismissal of the Plaintiff's Complaint or Petition and further for recovery of Defendants' actual damages according to proof; exemplary damages; declaratory relief as sought in the counterclaim, and such other and further relief as the court deems just and proper.

## COUNTERCLAIM

Comes Now Counterclaim Plaintiffs Ami B. Eskanos and Barry B. Eskanos, by and through their attorney, Danny E. Eskanos, and hereby asserts the following counterclaims against the Counterclaim Defendants Washington Mutual Bank, FA Inc., Washington Mutual Bank, FA, ("Defendants"), and alleges as follows:

1.  Counterclaim Plaintiffs bring this case on behalf of themselves who were borrowers whose mortgage loans were or are serviced by the Counterclaim Defendants.

2.  Counterclaim Plaintiff alleges that Counterclaim Defendants improperly assessed property inspection fees and late fees in violation of contract and state and federal law.

3.  Counterclaim Defendants further violated 15 USC § 1601 et seq.: Truth in Lending requires that banks disclose all details of the transaction; 12 USC § 1831n(2)(A): Requires banks to follow "Uniform accounting principles consistent with GAAP"; 12 USC § 2605 RESPA: requires that banks acknowledge & respond to a "qualified written request"; 15 USC § 1611 Whoever willfully and knowingly (1) gives false or inaccurate information or fails to provide information which he is required to disclose under the provisions of this subchapter or any regulation; and said violations were intentional, wanton and willful and in reckless disregard of the rights of the Counterclaim Plaintiff.

4.  Counterclaim Defendants further committed unfair and deceptive business practices; were unjustly enriched; breached their fiduciary duty owed to the Counterclaim plaintiffs; committed conversion; negligence and various violations of the Florida Consumer Protection

52

Acts, as well as breached the covenants of good faith and fair dealing in failing to provide in a timely basis the payoff demand and reinstatement demands made upon them by the Counterclaim Plaintiff.

**PARTIES**

1. Counterclaim Plaintiffs, Ami B. Eskanos and Barry B. Eskanos are residents of the State of Florida.

2. Counterclaim Plaintiffs are informed, believe, and thereon allege, that Counterclaim Defendants Washington Mutual Bank, FA ("WMB") is incorporated in the State of Washington and maintains its principal place of business in Seattle, Washington and is currently doing business in the State of Florida, and in this county.

3. Washington Mutual, Inc. is also incorporated in the State of Washington and maintains its principal place of business in Seattle, Washington.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the breach of contract and unjust enrichment claims pled herein because they arise under the common law.

2. This Court has jurisdiction over the alleged violations of the Unfair and Deceptive Trade Practices Act pursuant Florida's Deceptive and Unfair Trade Practices Act (FDUTPA). Plaintiff, pursuant to that act, is seeking compensation for damages, attorney's fees and costs. Plaintiffs further seek injunctive relief and declaratory relief pursuant to that act.

3. Venue is proper in Miami-Dade County under the Florida Code of Civil Procedure because the subject property is located in this jurisdiction.

**FACTUAL ALLEGATIONS**

1. Washington Mutual operates one of the largest residential mortgage loan servicing businesses in the United States. It collects and applies loan payments from borrowers, collects funds for, and pays mortgage-related expenses, and forecloses on borrowers it deems to be in default.

2. During all relevant times herein, Washington Mutual serviced the loan that is the subject of this litigation. During all relevant times herein, Counterclaim Plaintiffs' loan was under Washington Mutual's servicing system; that Counterclaim Plaintiffs were instructed that communications regarding their loan should be directed to Washington Mutual's customer service department; and that payments on the loans should be made to Washington Mutual.

3. Washington Mutual services both conventional loans and loans guaranteed by the federal government.

53

**Defendants Assess Property Inspection Fees in Breach of Borrowers' Uniform Contracts and In Violation of Federal Regulations**

4.    Counterclaim Defendants subjected Counterclaim Plaintiffs, whose mortgage loans they serviced, to unlawful property inspection fees, in violation of federal regulations and the uniform terms of Counterclaim Plaintiff's mortgage contracts.

5.    Counterclaim Defendants further subjected Counterclaim Plaintiffs to pay for forced insurance premiums while, at the same time, Counterclaim Plaintiffs paid for private insurance and provided said proof of insurance to the Counterclaim Defendants.

6.    Counterclaim Defendants refused to acknowledge receipt of proof of insurance and further failed and refused to provide for reimbursement of the insurance premiums after said proof was received.

7.    Counterclaim Defendants only allowed communications via fax and telephone, and would fail and refuse to acknowledge receipt of correspondence from the Counterclaim Plaintiffs.

8.    This pattern of bad faith and unfair dealing occurred with any and all correspondence between Washington Mutual and the Counterclaim Plaintiffs.

9.    Counterclaim Defendants made it a pattern of their regular course of dealing to fail to timely communicate with the Counterclaim Plaintiffs; failed to timely respond to correspond with the Counterclaim Plaintiffs; failed to timely resolve any dispute with the Counterclaim Plaintiffs; and hired and retained third party calling companies that were known by the Counterclaim Defendants to be inadequate and inoperative.

10.   That contrary to the advertisements made by Visa, Counterclaim Defendants failed and refused to timely remove charges from Counterclaim Plaintiffs visa card tied to their home loan, entitled their home equity program, that the Cross-Defendant themselves acknowledged were fraudulently made by unknown third parties.

11.   That Counterclaim Defendants further failed to communicate with the Counterclaim Plaintiffs about the status of the credits for the fraudulent charges by maintaining a third party calling system that was inoperative.

12.   That Counterclaim Defendants were, in fact, responsible for the loss of the credit card information by revealing or allowing the credit card numbers to be revealed to the unknown third party.

13.   Counterclaim Defendants admitted to Counterclaim Plaintiffs having released a whole list of credit card numbers that were fraudulently copied and used by unknown third parties in France.

14. Counterclaim Defendants violated the rights of privacy of the Counterclaim Plaintiffs; violated the standards of a fiduciary and failed to protect the credit and personal information of the Counterclaim Plaintiffs.

15. Washington Mutual's continued attempts to collect forced insurance fees at a cost of insurance higher than private premiums is a breach of the fiduciary duty owed by Washington Mutual to its customers, including the Counterclaim Plaintiffs.

16. Counterclaim Plaintiffs are informed, believe, and thereon allege, that Counterclaim Defendant has some interest in the insurance that is being forced on the Counterclaim Plaintiffs and makes a monetary gain, hidden fee or kick back from the sale of said forced policy.

17. Counterclaim Defendants have engaged in a uniform pattern and practice of charging and collecting forced insurance fees from Counterclaim Plaintiffs, in violation of the law, banking regulations, and in breach of the uniform terms of the mortgage loan contracts.

**Defendants Assess "Late Charges" in Breach of Contract for Payments They Cannot Document as Late**

18. Counterclaim Defendants also engage in a uniform pattern and practice of improperly assessing late fees for payments received during the fifteen day grace period provided by uniform terms in the loan contracts of Counterclaim Plaintiffs. Counterclaim Defendants further imposed late fees and escrowed funds paid as a mortgage payment, but applied by Washington Mutual for monies allegedly owed for the forced insurance, failing to credit the Counterclaim Plaintiffs for their existing insurance.

19. Counterclaim Plaintiffs' loan contract sets the first day of each month as the due date for each monthly payment. The contract also states, "If Lender has not received the full monthly payment required [under the contract] by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of four percent (4%) of the overdue amount of each payment." Since the payments are "due" on the 1st, the end of "fifteen calendar days" expires at the end of the 16th day and the 17th day of each month is the earliest date that a late charge may be assessed. This language is the same or substantially similar for all Cross-defendants' mortgage loan contracts.

20. In addition, Counterclaim Plaintiffs' mortgage loan statements state that a payment will be considered late "if received after" the 16th day of the month. This language is the same or substantially similar for all Counterclaim Defendant's mortgage loan statements.

21. Even though the payments of Counterclaim Plaintiffs' were timely received, Defendants failed to post such payments in a timely manner, and improperly assessed late charges against Counterclaim Plaintiffs. Thus, Counterclaim Defendants benefit from a default they create.

22. Further, Counterclaim Defendant posted the payments as late because they refused to acknowledge credit for the forced insurance premiums and failed to timely resolve the insurance issue. Counterclaim Defendant would have a number of people in each department and none

were authorized to resolve the problem, thereby ensuring that Washington Mutual would continue to collect late fees and charges.

23.   In this manner, Counterclaim Defendants caused damages and injury to Counterclaim Plaintiffs and others who did business with Washington Mutual.

**Defendants' Policies Unduly Pressure Borrowers To Pay Improper Charges**

24.   On several occasions, Counterclaim Plaintiffs were forced to pay additional sums that were not owed to avoid further monetary harm and loss of the Counterclaim Plaintiffs home.

25.   When the payments were made, Counterclaim Defendant did not apply the payment according to the priorities set forth in the mortgage loan contract.

26.   Instead, Counterclaim Defendant paid itself miscellaneous fees from that payment without first applying the payment to mortgage insurance premiums, principal, interest, or taxes, as required by the mortgage loan contract.

27.   It then informed Counterclaim Plaintiffs were short and were being either returned, refused or escrowed, and were not properly credited by the Counterclaim Defendant.

28.   Attached hereto, and incorporated herein, is a history of payments from the date of origination to October, 2002.

29.   Late charges were assessed by the Counterclaim Defendants against the Counterclaim Plaintiffs on a monthly basis.

30.   Counterclaim Defendant lack of customer service made it virtually impossible for Counterclaim Plaintiffs to obtain proper credit in their account other than by paying all improper charges or filing suit.

31.   As with Counterclaim Plaintiffs, when Counterclaim Defendant's unlawful assessment of fees and improper application of payments reduces the balance of the payment tendered by Counterclaim Plaintiffs' below that which Counterclaim Defendants deem to be "due," Counterclaim Defendants' uniform practice is to either reject the payment or to place the balance in a "suspense account" and not apply the payment. Counterclaim Defendants then refuse to accept further payments unless all the amounts it claims as due, including its illegal assessment of fees, are paid in one lump sum.

32.   Counterclaim Defendants' improper assessment of fees and their misapplication of the payments of Counterclaim Plaintiffs and other bank customers endanger the property interests of Counterclaim Plaintiffs.

33.   The threat of foreclosure by Counterclaim Defendant unduly pressures borrowers to pay improper charges.

S6

**FIRST CLAIM FOR RELIEF - Breach of Contract**

34.  Counterclaim Plaintiffs, reallege as if fully set forth here, each and every allegation above.

35.  As the servicer of Counterclaim Plaintiffs' loans, Counterclaim Defendants are bound by the standardized terms of Counterclaim Plaintiffs' loan contracts. All such terms relevant to the claims set forth herein are identical in all material respects and have the same meaning in all jurisdictions.

36.  Counterclaim Plaintiffs have tendered performance and/or have substantially performed all their obligations under their loan contracts.

37.  As detailed above, Counterclaim Defendants have failed to perform in accordance with the loan contracts, thereby breaching standardized terms in Counterclaim Plaintiffs' contracts by assessing improper charges, authorizing property inspections without following procedural requirements, and failing to timely credit payments, by releasing credit card information to third parties; by failing to protect the security of the Counterclaim Plaintiffs credit information; by failing to properly and timely credit the Counterclaim Plaintiffs for charges that the Cross-defendant acknowledged were fraudulent and not belonging to the Cross-Defendant.

38.  Counterclaim Plaintiffs have suffered damages, in an amount yet to be determined, and their real property has been endangered as a result of Cross-defendants' breaches.

39.  In the event of the default judgment being entered against the Counterclaim Defendant, Counterclaim Plaintiffs are seeking compensatory damages in the sum of ten million dollars and exemplary damages for the Bad Faith Breach of Contract, and the breach of the implied covenants of good faith and fair dealing that is implied in every contract against Washington Mutual Bank in the sum of one hundred million dollars.

40.  Counterclaim Defendant's breaches are the actual and proximate cause of Counterclaim Plaintiffs' damages.

41.  Counterclaim Plaintiffs are entitled to a declaration that the forced insurance, late fees and inspection fees are assessed by Counterclaim Defendants as a penalty for a borrower's alleged breach of the obligations under the uniform contracts, and that all such fees are improper and beyond the terms of the applicable contracts.

42.  Counterclaim Plaintiffs are therefore entitled to damages in an amount to be determined at trial; to a declaration providing that they are not in default of their obligations; to an order requiring Counterclaim Defendants to accept and properly credit payments proffered by Counterclaim Plaintiffs; to credit all late payments and forced insurance received against any outstanding balance due under the loan, and to such other relief as the Court may deem proper.

**SECOND CLAIM FOR RELIEF - Breach of the Duty of Good Faith and Fair Dealing**

57

43. Counterclaim Plaintiffs re-allege as if fully set forth here, each and every allegation above.

44. Counterclaim Plaintiffs have tendered performance and/or have substantially performed all their obligations under their loan contracts.

45. The Counterclaim defendants' duty of good faith and fair dealing is implied in the subject loan contracts.

46. Under this implied term of the agreements, necessary to carry out the intent of the parties, Counterclaim Plaintiffs are entitled to have Defendants apply mortgage servicing procedures in a way that do not result in any charges assessed in breach of their contracts or in violation of federal banking laws.

47. By virtue of the conduct set forth above, Counterclaim Defendants deprived Counterclaim Plaintiffs of the benefit of their bargains, and breached the implied covenant of good faith and fair dealing inherent in their contracts.

48. Counterclaim Plaintiffs have suffered damages, in an amount yet to be determined, and their real property has been endangered as a result of Counterclaim Defendants' breaches.

49. Counterclaim Defendants' breach is the actual and proximate cause of Counterclaim Plaintiffs' damages.

50. In the event of a default judgment, Counterclaim Plaintiffs are seeking actual damages in the sum of ten million dollars, and exemplary damages for the bad faith breach of the implied covenants of good faith and fair dealing in the sum of one hundred million dollars.

51. Counterclaim Plaintiffs are therefore entitled to damages in an amount to be determined at trial, a declaration providing that they are not in default of their obligations, an order requiring Counterclaim Defendants to accept and properly credit payments proffered by Counterclaim Plaintiffs; to reinstate the loan after crediting all late charges and forced insurance charges, and such further relief as the Court may deem proper.

**THIRD CLAIM FOR RELIEF - Equitable Relief for Violations of Consumer Protection Acts**

52. Counterclaim Plaintiffs reallege as if fully set forth here, each and every allegation above.

53. Counterclaim Defendants' actions are unfair and/or deceptive within the meaning of the Unfair and Deceptive Trade Practices Act as defined by the applicable Florida Codes and applicable consumer protection statutes of other relevant states.

54. Counterclaim Defendants conduct commerce directly or indirectly affecting the people of the state of Florida, Washington, as well as the people of some or all of the other fifty States and the District of Columbia, through their mortgage loan servicing business.

55. Counterclaim Defendants' actions have the tendency or capacity to deceive Counterclaim Plaintiffs members about the amounts actually owed on their loan contracts.

56. Counterclaim Defendants' actions are unfair because Counterclaim Plaintiffs and other customers are assessed or otherwise obligated to pay improper property inspection fees and/or late fees and / or forced insurance fees.

57. Counterclaim Defendants' general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated and have been a pattern of conduct and continue to be a pattern of conduct found by the Counterclaim Defendants across the United States.

58. Counterclaim Defendants' conduct injured Counterclaim Plaintiffs' property and the property of others similarly situated.

59. Counterclaim Plaintiffs are therefore entitled to an order enjoining the conduct complained of herein; an order disgorging the profits received by Counterclaim Defendants as a result of their illegal actions; a declaration providing that Counterclaim Plaintiffs are not in default of their obligations; an order requiring Counterclaim Defendants to accept and properly credit payments proffered by Counterclaim Plaintiffs; an award of restitution; exemplary damages for their willful violations of the consumer protection statutes, an order revoking their lending license and thereby effectively putting an end to them doing any further illegal business in the future, an award of attorneys' fees and costs; and to such further equitable relief as the Court may deem proper.

**FOURTH CLAIM FOR RELIEF - Damages for Violations of Consumer Protection Acts)**

60. Counterclaim Plaintiffs reallege as if fully set forth here, each and every allegation above.

61. Counterclaim Defendants' actions are unfair and/or deceptive within the meaning of the Unfair and Deceptive Trade Practices Act as defined in the Florida Code, or the applicable consumer protection statutes of other states.

62. Counterclaim Defendants' conduct commerce directly or indirectly affecting the people of the State of Florida, State of Washington, as well as the people of some or all of the other fifty states and the District of Columbia, through their mortgage loan servicing business.

63. Counterclaim Defendants' actions have the tendency or capacity to mislead Counterclaim Plaintiffs about the amounts actually owed on their loan contract.

64. Counterclaim Defendants' actions are unfair because Counterclaim Plaintiffs are assessed or otherwise obligated to pay improper property inspection fees and/or late fees and forced insurance fees.

65.  Counterclaim Defendants' general course of conduct has an impact on the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

66.  Counterclaim Defendants' conduct injured Counterclaim Plaintiffs' property and the property of others similarly situated.

67.  Counterclaim Plaintiffs are therefore entitled to actual damages of ten million dollars; those actual damages to be trebled; a declaration providing that Counterclaim Plaintiffs are not in default of their obligations; a declaration that the Counterclaim Defendants first breached their obligations and contracts with the Counterclaim Plaintiffs and therefore suspends the obligation of the Counterclaim Plaintiffs from any further performance under the contract, an order requiring Counterclaim Defendants to accept and properly credit payments proffered by Counterclaim Plaintiffs, an award of attorneys' fees and costs; and to such further legal relief as the Court may deem proper.

**FIFTH CLAIM FOR RELIEF - Unjust Enrichment**

68.  Counterclaim Plaintiffs reallege as if fully set forth here, each and every allegation above.

69.  By paying Counterclaim Defendants' improperly assessed fees and/or by being obligated to pay Counterclaim Defendants' improperly assessed fees, Counterclaim Plaintiffs involuntarily conferred a benefit to Counterclaim Defendants where it is unjust for them to retain it.

70.  Counterclaim Defendants have been unjustly enriched by the benefit they received, and have retained the benefit they received.

71.  Counterclaim Plaintiffs seek restitution and/or disgorgement of the profit or the benefit Counterclaim Defendants derived from the unlawful conduct described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaim Plaintiffs respectfully requests of this Court the following relief:

A.  An order awarding Counterclaim Plaintiffs actual damages in the sum of ten million dollars or according to proof;

B.  An order that the Counterclaim Defendants be permanently enjoined from their improper activities and practices described herein;

C.  An order awarding declaratory relief as requested herein and as the Court deems appropriate;

D.  An order awarding restitution and/or disgorgement of profits;

60

E.   An order mandating that Counterclaim Defendants correct any negative reports about Counterclaim Plaintiffs provided by them to credit reporting bureaus relating to the allegations herein;

F.   An award of compensatory damages, exemplary damages in the sum of one hundred million dollars or according to proof; treble damages and any additional consequential and incidental damages and costs suffered by Counterclaim Plaintiffs due to Counterclaim Defendants' wrongful conduct;

G.   Prejudgment interest, attorney's fees, costs of suit, including expert witness fees; and;

H.   Such other and further legal and equitable relief, including exemplary relief, as this Court may deem proper.

The foregoing ANSWER and COUNTERCLAIM are Respectfully submitted this 5th day of May 2005 by:

_____
Danny E. Eskanos, Attorney at law
Attorney for Above named Defendants and Counter Plaintiffs

Attorney's Address:
16870 Lovaca Drive
Peyton, Colorado 80831
(719)749-2790, Fax (720) 528-8154
Florida Attorney Registration # 0239940

61

## CERTIFICATE OF MAILING

I hereby certify that on this 5TH day of MAY, 2005, a true and correct copy of the attached ANSWER and Counterclaim was mailed by United States Mail, postage prepaid and addressed to:

Attorneys for Plaintiffs:

Evonne Andris
Shapiro & Fishman, LLP
777 Yamato Rd.
Suite 200
Boca Raton, Florida 33431

And by Facsimile to Attorney for the Plaintiffs at (561) 998-6707

And by Federal Express overnight priority delivery to:

Clerk of the Court
11th Judicial Circuit of Florida in and For Miami-Dade County
73 West Flagler Street, Room 133
Miami, Florida 33130

_____
Danny Eskanos

62