UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 11-40292-BKC-AJC |
| BARRY B. ESKANOS and AMI B. ESKANOS, | Chapter 13 |
| Debtors. | |
| _____/ | |
| BARRY B. ESKANOS, AMI B. ESKANOS, | Adv. No. 11-03107-BKC-AJC |
| Plaintiffs, | |
| v. | |
| WASHINGTON MUTUAL BANK, F.A., | |
| Defendant. | |
| _____/ | |

**MOTION TO INTERVENE AND OBJECTION TO MOTION
FOR DEFAULT AND MOTION FOR DEFAULT JUDGMENT**

GMAC Mortgage, LLC ("GMAC"), servicing agent for Residential Funding Company, LLC ("RFC," together, the "GMAC Parties"), pursuant to Rule 24 of the Federal Rules of Civil Procedure, made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure, respectfully moves the Court for an Order permitting it to intervene in the above-styled action to protect its interest in certain real property made the basis of this action. In addition, GMAC objects to the Debtors' Motion for Default (ECF No. 25) and Motion for Default Judgment (ECF No. 27). In support hereof, GMAC states as follows:

## BACKGROUND

1. On or about March 29, 2005, Washington Mutual Bank, F.A. ("WaMu"), filed a complaint for foreclosure against Barry B. Eskanos and Ami B. Eskanos (together, the "Debtors") in the Circuit Court of the 11th Judicial Circuit of Florida, in and for Miami-Dade County (the "State Court Action"), seeking to foreclose its interest in the Debtors' real property located at 3122 Pine Tree Drive, Miami Beach, Florida 33140 (the "Property").

2. On or about May 5, 2005, the Debtors filed an answer and counterclaim to WaMu's complaint, asserting various defenses and claims against WaMu for, among other things, breach of contract, breach of duty of good faith and fair dealing, violations of the Consumer Protection Act, and unjust enrichment. The Debtors' claims related to WaMu's servicing of the mortgage loan on the Property (the "Mortgage Loan").

3. On or about September 21, 2005, the Debtor filed an amended counterclaim, adding claims against WaMu for violations of the federal Truth in Lending Act, the Florida RICO Statute, breach of fiduciary duty, and violation of the federal and state Fair Debt Collection Practices Acts.

4. On December 9, 2009, upon WaMu's filing of a Cross Motion for Summary Judgment, the State Court entered a Final Judgment of Foreclosure pursuant to which WaMu was entitled to foreclose on the Property (the "State Court Foreclosure Judgment").

5. Sometime after entry of the State Court Foreclosure Judgment, the Debtors appealed to the Florida District Court of Appeals, which appeal remains pending.

6. On October 27, 2011, GMAC acquired the servicing rights to the Mortgage Loan from Litton Loan Servicing LP. GMAC currently services the Mortgage Loan for RFC.

7.      On October 31, 2011, the Debtors filed with this Court a petition for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

8.      On December 20, 2011, the Debtors commenced this adversary proceeding by filing a complaint against WaMu pursuant to which the Debtors seek to have the State Court Foreclosure Judgment set aside, along with the recovery of damages against WaMu based on claims of fraud, violations of the federal and Florida Fair Debt Collection Practices Act, civil conspiracy, mail and wire fraud, bank fraud, and a host of other claims.  The Debtors did not name GMAC or RFC as a defendant in the complaint commencing this adversary proceeding.

**RELIEF REQUESTED**

9.      Rule 24(a)(2) of the Federal Rules of Civil Procedure, which governs intervention as a matter of right, provides that "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

10.     Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, GMAC is entitled to intervene in the present action as a matter of right because GMAC has a manifest interest in Property.  GMAC currently services the Mortgage Loan for RFC, the holder of the Mortgage Loan, and is obligated to protect RFC's interest in the Property.  Moreover, the interests of GMAC and RFC are not (and cannot be) adequately represented by the existing parties to this action, as WaMu, the only named defendant, has not appeared in this action.  As such, GMAC is entitled to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

3

11.     Alternatively, the Court should allow GMAC to permissively intervene in this action pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.  Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."  By way of GMAC's defenses to the relief sought by the Debtors, first, the *Rooker-Feldman*[1] doctrine "provides that federal courts, other than the United State Supreme Court, have no authority to review the final judgments of state courts."  *Mohorne v. Beal Bank, S.S.B.*, 419 B.R. 488, 497 (S.D. Fla. 2009) (quoting *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001); *Siegel v. Lepore*, 234 F.3d 1163, 1172 (11th Cir. 2000)).  Second, "'collateral estoppel bars relitigation of an issue previously decided if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate the issue in an earlier case.'"  *Mohorne*, 419 B.R. at 497 (quoting *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. 2006)).  Third, under res judicata, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  *Kaiser Aerospace & Elec. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1296 (11th Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

12.     With respect to the State Court Foreclosure Judgment, the *Rooker-Feldman* doctrine, at a minimum, prevents this Court from setting aside such judgment.  To the extent the Debtors' claims in this adversary proceeding were actually litigated or could have been litigated in the State Court Action, the Debtors' claims also are barred by the doctrines of collateral estoppel and res judicata, respectively.

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

4

13.     Accordingly, GMAC defenses share common questions of law or fact with the adversary proceeding in that the Court's consideration of any one of the defenses will determine the parties' rights and obligations with respect to the Property.

14.     Allowing GMAC to intervene in this action will not unduly delay or prejudice the adjudication of the rights of the Debtors. Rather, it will ensure the greatest efficiency and use of judicial resources while protecting the rights of interested parties.

15.     In addition, based on the foregoing, GMAC objects to the Debtors' Motion for Default and Motion for Default Judgment against WaMu (ECF Nos. 25 and 27).

WHEREFORE, premises considered, GMAC respectfully requests that the Court grant this Motion to Intervene, deny the Debtors' motions for default and default judgment, and grant such other and further relief to which GMAC may be entitled.

Dated: March 5, 2012.

Respectfully Submitted,

By: */s/ Dana R. Quick*
    Brett M. Amron, Esq. (FBN 148342)
    Dana R. Quick, Esq. (FBN 0074402)
**BAST AMRON LLP**
SunTrust International Center
One Southeast Third Avenue, Suite 1440
Miami, FL 33131
Telephone: (305) 379-7904
Facsimile: (305) 379-7905
Email: bamron@bastamron.com
Email: dquick@bastamron.com

-and-

Rashad Blossom, Esq. (ASB-7225-D66B)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: rblossom@babc.com

*Counsel to GMAC Mortgage, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by the Court's CM/ECF system, where available, and/or by first class U.S. Mail as indicated on the service list attached below, on this the 5th day of March, 2012.

By: */s/ Dana R. Quick*
Dana R. Quick, Esq.

**Via U.S. Mail:**

Ami B Eskanos
3122 Pine Tree Dr
Miami Beach, FL 33140

Barry B Eskanos
3122 Pine Tree Dr
Miami Beach, FL 33140