**Hearing Date and Time:  October 9, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS REGARDING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a)**
**AND 363(b) OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING**
**AMENDMENT TO ENGAGEMENT LETTER WITH DEBTORS' CHIEF**
**RESTRUCTURING OFFICER, LEWIS KRUGER**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-

captioned debtors and debtors-in-possession (collectively, the "**Debtors**") submits this statement

(the "**Statement**") regarding the Debtors' motion (the "**Motion**") for an order approving an

amendment to the Engagement Letter between the Debtors and Lewis Kruger, the Debtors' CRO

[Docket No. 5227].[1]  The Committee respectfully represents as follows:

_____

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Plan, as applicable.

**STATEMENT**

1.      After carefully considering and discussing the Success Fee with the Debtors, the Committee does not object to the Success Fee being proposed by the Motion. The Committee recognizes that, since his appointment as CRO, Mr. Kruger has played an important role in guiding the Debtors through the mediation process and working with the Committee towards plan confirmation. Given the important role that Mr. Kruger has played and will continue to play in his role as CRO, the Committee believes the Success Fee is appropriate.

2.      Throughout these Chapter 11 Cases, the Committee has advocated a global resolution of the numerous complex issues surrounding the Debtors, rather than a piecemeal approach. Indeed, the Committee's consent to Mr. Kruger's appointment as CRO was part of a larger construct that the Committee believed would best facilitate a global resolution and effectively move the cases towards confirmation and emergence from bankruptcy.[2]

3.      That construct proved productive; as the Court is well aware, after months of intensive negotiations and multiple mediation sessions led by the Honorable James M. Peck as mediator, the Debtors, the Committee, a majority of the Debtors' creditor constituencies, and Ally Financial, Inc. and its non-Debtor affiliates reached a global settlement of the numerous inter-Debtor, intercreditor and Debtor-creditor issues, and executed the Plan Support Agreement upon which the Plan is premised. Mr. Kruger was an active and valuable participant throughout the mediation process, and remains intimately involved in the confirmation process, as the Plan

---

[2] *See Response of the Official Committee of Unsecured Creditors to Debtors' Motions for (I) Appointment of a Chief Restructuring Officer and (II) Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 3042].

Proponents work together towards achieving confirmation of the Plan and a swift emergence from bankruptcy following confirmation.

4.        While recognizing the tremendous progress to date, the Plan Proponents remain fully cognizant of what still remains to be accomplished in these cases. Specifically, the Plan contemplates the creation of the Liquidating Trust, which will, among other things, manage the continued wind-down of the Debtors' operations and assets, and effectuate distributions to creditors following the Effective Date of the Plan.  The operation of the Liquidating Trust will be managed by Mr. Jeffrey Brodsky, of Quest Turnaround Advisors ("**Quest**"), an experienced liquidation consultant, who has been selected to serve as the Liquidating Trust Manager.

5.        In anticipation of the Plan becoming effective, the Committee has engaged Mr. Brodsky to work with Mr. Kruger and the Debtors' management to coordinate with the Debtors as they pursue the continued wind-down of their operations and ensure a smooth transfer of the Debtors' assets to the Liquidating Trust.[3]  Mr. Kruger and the Debtors are supportive of Mr. Brodsky's engagement and have already initiated discussions with Mr. Brodsky and provided him access to the Debtors' information and key management personnel to begin implementing the necessary steps to ensure an orderly and efficient transition on the Effective Date.  In this regard, Quest's role complements that of Mr. Kruger, as the Debtors and the Committee continue to pursue both confirmation of the Plan and an efficient wind-down of the Debtors' assets with the common goal of maximizing value for unsecured creditors.

---

[3] The Committee has submitted a draft of Quest's retention application to the Office of the United States Trustee for the Southern District of New York, and anticipates filing the application with the Bankruptcy Court in the near term. In furtherance of its engagement, Quest has executed a confidentiality agreement with the Committee, and has begun providing services in accordance with the terms of its engagement letter.

Dated:    October 8, 2013
          New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*