**MORGANROTH & MORGANROTH, PLLC**
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 864-4000
(248) 864-4001 (fax)
Mayer Morganroth
Jeffrey B. Morganroth

Attorneys for Creditor Mary Critchley

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------   )
In re:                                                         )
                                                               )   Case No: 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al                                )   Chapter 11
                                                               )
                                        Debtors.               )   Jointly Administered
------------------------------------------------------------   )


**OBJECTIONS AND RESPONSE OF MARY CRITCHLEY TO**
**DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**

1

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Mary Critchley in the above captioned chapter 11 cases (the "Chapter 11 Cases") as Creditor, respectfully responds to the Objection to Creditor Mary Critchley's Claim and object to said objections and respectively represents as follows:

1. That a Proof of Claim (Claim #1576) was filed by Mary Critchley on October 24, 2012 in the amount of $970,917.

2. That on June 21, 2013 Mary Critchley received a request from Morrison Foerster; that information and documentation was demanded to support her Proof of Claim; and if same was not received by July 22, 2013, Debtors may file a formal objection to the Claim.

That on July 18, 2013 Mary Critchley, through Counsel, Morganroth & Morganroth, PLLC, filed Claim information with attachments (#1 Exhibit A - Claim Information; #2 Exhibit B - Proof of Claim; #3 Exhibit C - Letters), hereto attached as **Exhibit A**. Inclusive in said exhibit was **Exhibit B**, a summary of supporting documents previously in possession of Debtor.

That Exhibit A had itemized damages of $1,119,021 which actually exceeded the claim filed.

That Exhibit B herein (which was part of the response of July 18, 2013) delineated 41 supporting documents and records of both Mary Critchley and the Debtor.

3. The Proof of Claim has been supported by the papers and the records of the Debtor which were identified and attached to the response to the request for information and documentation to Mary Critchley's Claim.

4. The Debtors have repeatedly caused Mary Critchley outrageous and malicious harm and said conduct does not cease by the continuous conduct which does not seem to stop.

5. No response is necessary.

6. No response is necessary.

7. No response is necessary.

8. No response is necessary.

9. No response is necessary.

10. No response is necessary.

11. No response is necessary.

2

12. No response is necessary.

13. No response is necessary.

14. No response is necessary.

15. No response is necessary.

16. Mary Critchley denies for the reason same is untrue because she has established liability against Debtor, GMAC.

17. Mary Critchley admits.

18. Mary Critchley denies for the reason same is untrue.

19. Mary Critchley denies for the reason same is untrue.

20. Mary Critchley admits.

21. Mary Critchley denies for the reason same is untrue.

22. Mary Critchley denies for the reason same is untrue. There is liability on behalf of Debtor for wrongful foreclosures and wrongful conduct by Debtor for the following reasons:

(a) The original response with the appropriate information of documents itemized and identified 35 documents exchanged by Debtor and Mary Critchley which evidenced the wrongful conduct and damages incurred as a result thereof and specifically identified the wrongful conduct of the Debtor.

(i) The documents expressed an original mortgage was made on Mary Critchley's house in 2003 and assigned to GMAC in 2009;

(ii) GMAC in December 2009 arbitrarily increased her payments from $2093.00 per month to $3342.00 per month by requiring escrow of taxes and she responded that she would pay all payments and taxes when due as she always had;

(iii) GMAC advised her not to pay payments for 90 days and they would modify the loan (to where it was and had been). She did so at their request (all documented);

(iv) She thereafter is told by GMAC her house is being foreclosed even though they represented that everything was set and GMAC then informed her she had to leave the house and that it was being sold at Sheriff's Sale;

(v) Public Records thereafter showed MERS to own the property and then, thereafter, in August 2011 GMAC advised Ms. Critchley that the house had never been sold or foreclosed despite the fact that her credit reports state the opposite, and then they notified her

3

they were going to foreclose again. (Exhibits A and B identify all these actions as well as the 41 documents in Debtor's possession);

(vi)    When Mary Critchley was informed that the first foreclosure and original Sheriff Sale did not happen, she was continually placed on hold when she called GMAC.

(vii)    Mary Critchely's credit report has her being the mortgagor and said home foreclosed upon (listing was on 9/2010); and then her credit report shows her being foreclosed against again thereafter.

(viii)    The home was vacant since 9/15/2010 because Debtor had demanded she leave because the house was sold by Sheriff's Sale (which was untrue).

(ix)    When Mary Critchley was instructed to not pay for 90 days and less than four (4) months later, she received the Sheriff's Sale notice on her door. However, she had previously spoke with GMAC nearly every day and was told everything was fine including the auto dialer at GMAC and that she was fine and was in loan modification and it was three (3) days before the Sheriff's Sale Mary Critchley was told they changed their policy.

(x)    The damages suffered by Mary Critchley were itemized in the filing to the Debtor and in Exhibit A attached hereto and consist of moving costs, rental cost for renting another home which the house had been believed to be foreclosed, mother's relocation, loss of claimant's business and income because of false credit report of foreclosure number one and continued losses because of a recent foreclosure again reported on credit report, pain and suffering.

23.    Mary Critchley denies request for further relief because it only continues the improper behavior of Debtor and injury to claimant.

24.    Mary Critchley admits.

25.    Mary Critchley neither admits nor denies for want of sufficient knowledge from which to form a belief.

Further, Mary Critchley suffered physical and mental harm as a result of Debtor's misconduct, which was delineated and set forth in the documents previously sent to Debtor which are itemized in the Exhibits hereto.

4

## **CONCLUSION**

WHEREFORE, the Claimant, Mary Critchley, respectfully requests that the proposed relief be denied and Mary Critchley's claim be granted.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: _____
MAYER MORGANROTH (P17966)
JEFFREY B. MORGANROTH (P41670)
Attorneys for Mary Critchley

Dated: October 9, 2013

## **DECLARATION OF MARY CRITCHLEY**

The aforestated Response to Objection is true and correct and pursuant to 28 USC 1746. I declare same under penalty of perjury.

_____
MARY CRITCHLEY

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel in this matter registered with the ECF system.

I hereby certify that I have mailed by United States Postal Service to the following:

**Counsel for Debtors:**
Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Jordan A. Wishnew, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

**Counsel for the Official Committee of Unsecured Creditors**
Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq.
Kramer Levin Naftalis & Frankel LLP
1117 Avenue of the Americas
New York, NY 10036

**Office of the United States Trustee for the SDNY**
Tracy Hope Davis, Esq., Linda A. Riffkin, Esq. and Brian S. Masumoto, Esq.
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

**Special Counsel for the Committee**
Ronald J. Friedman, Esq.
Silverman Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

MORGANROTH & MORGANROTH, PLLC
By: /s/ Mayer Morganroth
    MAYER MORGANROTH (P17966)
    Morganroth & Morganroth, PLLC
    E-mail: mmorganroth@morganrothlaw.com