UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**ORDER ESTABLISHING PROCEDURES FOR THE ADJUDICATION OF THE CLAIMS OF BRIAN EDMOND BATH, AILETTE CORNELIUS, AND LEILANI SULIT IN CONNECTION WITH THE DEBTORS' EIGHTEENTH AND TWENTIETH OMNIBUS OBJECTIONS TO CLAIMS**

Upon the *Debtors' Eighteenth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Eighteenth Omnibus Objection") [Docket No. 4154] and the *Debtors' Twentieth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Twentieth Omnibus Objection" [Docket No. 4156], and together with the Eighteenth Omnibus Objection, the "Objections")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of orders, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294], disallowing and expunging the Insufficient Documentation Claims, all as more fully described in the Objections; and upon the responses to the Eighteenth Omnibus Objection of Brian Edmond Bath [Docket No. 4467] in connection with Claim No. 1138 (the "Bath Claim") and Ailette Cornelius [Docket No. 4518] in connection with Claim No. 5286 (the "Cornelius Claim"), and the response to the Twentieth Omnibus Objection of Patricio Sulit, on behalf of Leilani Sulit

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in each of the Objections.

(together with Brian Edmond Bath and Ailette Cornelius, the "Respondents" and their responses, the "Responses") [Docket No. 4344] in connection with Claim No. 1397 (the "Sulit Claim," and together with the Bath Claim and the Cornelius Claim, the "Claims"); and upon the hearing held by this Court on September 11, 2013 with respect to the Objections and the Responses, in which the Court determined that the Responses raised contested matters within the meaning of Bankruptcy Rule 9014; it is hereby **ORDERED:**

1. An evidentiary hearing will be held with respect to the Bath Claim and the Sulit Claim on **December 10, 2013 at 10:00 a.m.**

2. An evidentiary hearing will be held with respect to the Cornelius Claim on **December 10, 2013 at 2:00 p.m.**

3. Each Respondent must appear at the evidentiary hearing on his or her Claim in person, and not by telephone. The failure of a Respondent to appear at the relevant evidentiary hearing in person will result in the disallowance and expungement of the Respondent's Claim.

4. In addition, **no later than November 26, 2013**, each Respondent must file with the Court and provide a copy to counsel for the Debtors:

    - any documents that the Respondent wishes to use in support of his or her Claim; any documents that are not provided by this deadline will not be considered by the Court at the evidentiary hearing; and

    - a statement of the Respondent's position with respect to his or her Claim, which includes both (i) the legal and evidentiary reasons why the Respondent believes that he or she is entitled to an allowed Claim in the Debtors' bankruptcy proceedings, and (ii) an itemized statement of the damages asserted in the Respondent's Claim.

5. **No later than November 26, 2013**, the Debtors must file and serve on each Respondent:

2

- any documents that the Debtors wish to use in opposing the Respondent's Claim; any documents that are not filed and served by this deadline will not be considered by the Court at the evidentiary hearing;

- a statement detailing the Debtors' position on the Respondent's Claim; and

- a supplemental declaration detailing the due diligence the Debtors undertook with respect to the Bath Claim in particular.

6. SilvermanAcampora LLP, as special counsel to the official committee of unsecured creditors for borrower issues, must contact the Respondents to explain the procedures described herein.

7. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:    New York, New York
         October 10, 2013

      /s/Martin Glenn        
MARTIN GLENN
United States Bankruptcy Judge