**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER BETWEEN**
**DAVID VASQUEZ AND THE DEBTORS**

This Stipulation and order (the "Stipulation and Order") is made and entered into by, between, and among the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Chapter 11 Cases") and David Vasquez ("Mr. Vasquez" and together with the Debtors, the "Parties").

**WHEREAS**, on May 14, 2012, GMAC Mortgage, LLC ("GMAC Mortgage"), one of the aforementioned Debtors, filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, on June 12, 2013, Mr. Vasquez, by and through his undersigned counsel, filed his *Notice of Hearing on Motion for an Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation* [Docket No. 3964] (the "Stay Relief Motion") seeking relief from the automatic stay to permit Mr. Vasquez to continue prosecuting causes of action raised in his complaint against GMAC Mortgage in a state court action pending in the 346th Judicial District Court of El Paso County, Texas, captioned David Vasquez v. GMAC Mortgage, LLC and Ramsy M. Esper, 2012-DCV00229 (the "Action");

**WHEREAS**, on July 19, 2013, the Debtors filed their objection to the Stay Relief Motion [Docket No. 4294] (the "Objection"). In their Objection, the Debtors indicated that they would agree to relief from the automatic stay to "solely to permit [Mr. Vasquez] to continue to pursue in the Action his claim seeking declaratory relief," but would not consent to relief from the stay with respect to Mr. Vasquez's claims for monetary damages;

**WHEREAS**, the Parties have conferred and discussed possible outcomes and have agreed to a limited modification of the automatic stay, solely in order to permit Mr. Vasquez to proceed in the Action against GMAC Mortgage, as co-defendant, and seek declaratory relief as set forth in his complaint;[1]

NOW, THEREFORE, in consideration of the foregoing recitals, which are incorporated into this Stipulation and Order, and the covenants and conditions contained therein, IT IS STIPULATED AND AGREED by and between the Debtors and Mr. Vasquez as follows:

1. The automatic stay is hereby modified solely to permit Mr. Vasquez to proceed in the Action with respect to his equitable cause of action against GMAC Mortgage (specifically, Count IV) seeking "IV. Declaratory Relief" and any related appeals.

2. Nothing in this Stipulation and Order shall be deemed to affect the applicability of the automatic stay in the Action, and the automatic stay shall remain in full force and effect, as it relates to Mr. Vasquez's causes of action relating to monetary damages, including, but not limited to, breach of contract and common law fraud against GMAC Mortgage.

3. This Court shall retain jurisdiction to hear all matters or disputes arising from or related to this Stipulation and Order.

---

[1] In addition to seeking declaratory relief in the Action, Mr. Vasquez seeks, as equitable relief, to quiet title as solely against co-defendant Ramsy M. Esper.

2

4. This Stipulation and Order may not be altered, modified, or changed except in writing signed by the Parties.

5. This Stipulation and Order may be executed in multiple counterparts, each of which will be deemed an original, and all of which when taken together shall constitute one and the same document.

6. This Stipulation and Order will be effective immediately upon approval by the Court.

7. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

Dated: September 17, 2013

| MORRISON & FOERSTER LLP | THE MEYERS LAW FIRM |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>James A. Newton<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | By: /s/ Glenn R. Meyers<br>Glenn R. Meyers<br>1123 Broadway, Suite 301<br>New York, New York 10010<br>Telephone: (212) 252-1212<br>Facsimile: (212) 346-0867<br><br>*Counsel for David Vasquez* |

*Counsel for the Debtors and
Debtors in Possession*

**SO ORDERED.**

Dated: October 10, 2013
       New York, New York

/s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge