**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER TO SHOW CAUSE WHY PRO HAC VICE ADMISSION OF WENDY ALISON NORA SHOULD NOT BE REVOKED**

On May 18, 2012, Wendy Alison Nora filed a notice of appearance and request for notice, stating that she "appears personally and as her own counsel," and describing herself as a "contingent claimant holding a contingent claim in excess of Ten Billion Dollars US ($10,000,000,000.00 US) . . . ."  (ECF Doc. # 111.)  Her notice listed her address in Minneapolis, Minnesota, but did not provide any information regarding her status as a practicing lawyer.  On May 18, 2012, Nora also filed an omnibus objection to "all interim orders" entered by the Court in this case, alleging that such orders violated her rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.  In the objection she referred to a prepetition lawsuit in which she is the named plaintiff pending in the U.S. District Court for the Western District of Wisconsin.  (ECF. Doc. # 118.)  On May 21, 2012, she filed a first amended omnibus objection to interim orders, again asserting violations of her constitutional rights.  (ECF Doc. # 121.)

On June 4, 2012, Nora filed an application to appear in this case *pro hac vice*.  (ECF Doc. # 204.)  Her application requested admission *pro hac vice* "to represent myself and thousands of similarly situated homeowners, all of whom are victims of the racketeering enterprise operated by the debtors [and several non-debtors] whose interests I already represent in the United States District Court for the Western District of Wisconsin in *Nora v. Residential Funding Company,*

*LLC, et al.*, Case Number 10-cv-748." She certified that she is a member in good standing of the bar of the Supreme Court of Wisconsin and several federal courts. She submitted a proposed order with the application.

Nora continued to submit objections to many motions in the case, always on her own behalf. On May 21, 2013, a New York lawyer, Robert M. Michaelson, Esq., also appeared for the first time, listed along with Nora as her counsel. For a time, Michaelson's name thereafter appeared with Nora's name as counsel for Nora. (*See* ECF Doc. # 121, 227, 956.) It appears that the last pleading identifying Michaelson as Nora's counsel was filed on August 1, 2012 (ECF Doc. # 956). Michaelson disappears from the case after that time.

On June 21, 2012, an order (in the form she submitted with Nora's *pro hac vice* application) was entered granting permission to appear *pro hac vice*. (ECF Doc. # 482.) Nora paid the $200 fee for admission *pro hac* vice. The order included a recital appearing in the form of order submitted by Nora that "Upon the motion of Wendy Alison Nora to be admitted, *pro hac vice*, to represent herself and thousands of similarly situated homeowners, all of whom are victims of the racketeering enterprise operated by the debtors . . . whose interests movant already represents in the United States District Court for the Western District of Wisconsin in *Nora v. Residential Funding Company, LLC, et al.*, Case Number 10-cv-748 in the above-captioned case . . . ." In the only "Ordered" paragraph, the order provides "that Wendy Alison Nora is admitted to practice, *pro hac vice*, in the above-captioned cases, in the United States Bankruptcy Court for the Southern District of New York." Unlike the usual *pro hac vice* order, the "Ordered" paragraph did not identify the specific client(s) on whose behalf Nora was permitted to appear. The omission resulted from entering the form of order submitted by Nora, without adding language identifying the name of the specific client.

Thereafter, Nora continued to file objections to numerous matters in this case; the objections were filed on her own behalf as a "contingent claimant." (*See*, *e.g.*, ECF ## 543, 546, 698, 707, 708, 711.)

On July 10, 2012, Nora filed on the docket a "limited appearance" on behalf of Roy Elliott of Rapid City, South Dakota, for the purpose of Elliott joining an objection that Nora filed on her own behalf as a Claimant. (ECF Doc. ##731, 732.) No motion to appear *pro hac vice* for Elliott was filed. Also, on July 10, 2012, Nora filed a "limited appearance" on behalf of Paul Pappas, again for the purpose of Pappas joining in Nora's objection in her capacity as a Claimant. (ECF number 736.) No application to appear *pro hac vice* for Pappas was filed.

On July 26, 2012, Nora filed a motion for reconsideration of a prior order of the Court that overruled her objection; the motion showed her appearance as "counsel for Wendy Alison Nora and by limited appearance for Ray Elliott of Rapid City, South Dakota and Paul Pappas of Phoenix, Arizona." (ECF Doc. # 916.)

On August 1, 2012, Nora filed a reply to Debtors' response to her motion for reconsideration, again listing her appearance in the same language contained in the motion for reconsideration. On August 15, 2009, the Court entered an order denying the motion for reconsideration. In the written order denying the motion, the Court stated that "the Court fully considered both the Nora Objection and Amended Nora Objection and overruled them on the merits because they were frivolous." (ECF Doc. # 1159.)

On February 8, 2013, Nora, as the sole named plaintiff, filed an adversary proceeding (Adv. Pro. # 13-01208), against a long list of Debtors and many non-debtors, most of which are unaffiliated with the Debtors. (ECF Doc. # 2871.)

3

Between August 2012 and July 2013, Nora continued to file pleadings in the case, all on her own behalf as a Claimant. (*See, e.g.,* ECF Doc. ## 1239, 1304, 1494, 3551, 3813, 4070, 4388.)

After filing a large number of pleadings on her own behalf, starting in September 2013, Nora filed notices of appearance on behalf of other claimants, purporting to represent them in connection with the Debtors' objections to claims. On September 10, 2013, Nora filed a notice of appearance "as co-counsel with attorney Heather McKeever for Claimant Shane Haffey of Lexington, Kentucky on the matter of the Debtors' objection to Haffey's claims numbered 2582 and 4402 in these proceedings and for all other matters as may be necessary to protect his interests in these proceedings . . . ." (ECF Doc. # 5010.) On that same day, September 10, 2013, Nora filed notices of appearance on behalf of Paul Pappas, Caren Wilson, Michael Harkey, and Suzanne and Melvin Simonovich, to represent these individuals in connection with the Debtors' objections to their claims. (ECF Doc. ## 5011, 5012, 5014, and 5015.) None of these notices of appearance were accompanied by motions to appear *pro hac vice* on behalf of these individuals. Nora then proceeded to file pleadings relating to the Debtors' objections to claims of these individuals.

The Debtors' objection to the claim of Paul Pappas came on for hearing on October 9, 2013. During the hearing the Court questioned the basis for Nora's appearance *pro hac vice* on behalf of Pappas in light of the fact that no separate order granting *pro hac vice* admission to represent Pappas was made and granted. The Court advised Nora that it was unclear whether the order granting her permission to appear *pro hac vice* permitted her to appear on behalf of Pappas (or others) and that an order to show cause would issue to consider whether Nora's permission to

4

appear *pro hac vice* for anyone other than herself should be revoked (to the extent, if at all, that it was previously granted).

In light of the foregoing, the Court hereby ORDERED as follows:

1. Nora shall appear in person at a hearing on November 7, 2013, at 2:00 p.m., to show cause why her appearance as counsel *pro hac vice* on behalf of anyone other than herself should not be revoked (assuming that such approval was ever granted). Nora's response shall also address what, if any, action or orders the Court should enter to protect the rights, if any, of the individuals on whose behalf Nora has sought to appear, in the event her *pro hac vice* admission is revoked.

2. On or before October 24, 2013, Nora shall file a written response to this order to show cause. The response should, among other things, describe the status of *Nora v. Residential Funding Company, LLC, et al.*, Case Number 10-cv-748, pending in the United States District Court for the Western District of Wisconsin. In particular, the response shall address whether that action was ever certified by the court as a class action, and, if so, the description or identity of the class and class members.

3. On or before October 31, 2013, any other party in interest may file a pleading with respect to this order to show cause.

4. On or before November 5, 2013, Nora may file a reply limited to addressing issues raised by other parties in interest in any pleadings filed on or before October 31, 2013.

**IT IS SO ORDERED.**

Dated: October 10, 2013
New York, New York

*\_\_\_Martin Glenn_____*
MARTIN GLENN
United States Bankruptcy Judge

5