**Presentment Date: October 18, 2013 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 17, 2013 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
)
In re:                                             )    Case No. 12-12020 (MG)
                                                   )
RESIDENTIAL CAPITAL, LLC, et al.,                  )    Chapter 11
                                                   )
                             Debtors.              )    Jointly Administered
                                                   )
---------------------------------------------------------------------

**NOTICE OF PRESENTMENT OF THE APPLICATION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF QUEST**
**TURNAROUND ADVISORS, LLC AS CONSULTANT TO THE**
**COMMITTEE, *NUNC PRO TUNC* TO SEPTEMBER 16, 2013**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     Upon the annexed application (the "**Application**") of the Official Committee of Unsecured Creditors of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for entry of an order authorizing the employment and retention of Quest Turnaround Advisors, LLC as consultant to the Committee, *nunc pro tunc* to September 16, 2013, the undersigned will present a proposed order (the "**Proposed Order**") approving the Application, substantially in the form attached to the Application as **Exhibit B**, to the Honorable Martin Glenn, United States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on **October 18, 2013 at 12:00 p.m.** (prevailing Eastern Time).

2.     Any objections to the Proposed Order must be made in writing, filed with the Court (with a copy to Chambers) and served in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "**Case Management Order**"), and served upon the Special

Service List, as that term is defined in the Case Management Order, so as to be actually received no later than **October 17, 2013 at 4:00 pm** (prevailing Eastern Time).

    3.  If no objections to the Application are timely filed and served on or before the Objection Deadline, the Court may enter the Proposed Order with no further notice or opportunity to be heard offered to any party.  If an Objection is received in accordance with the terms above, the Court will schedule a hearing with respect to the relief sought in the Application.

    4.  A Copy of the Application can be obtained or viewed for a fee via PACER at <u>www.pacer.gov</u> or (without charge) on the Debtors' restructuring website at <u>www.kccllc.net/rescap</u>.

Dated:  October 10, 2013
     New York, New York

               <u>/s/ Douglas H. Mannal    </u>
               Kenneth H. Eckstein
               Douglas H. Mannal
               1177 Avenue of the Americas
               New York, New York 10036
               Telephone: (212) 715-9100
               keckstein@kramerlevin.com

               *Counsel for the Official Committee*
               *of Unsecured Creditors*

**Presentment Date: October 18, 2013 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 17, 2013 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
QUEST TURNAROUND ADVISORS, LLC AS CONSULTANT
TO THE COMMITTEE, *NUNC PRO TUNC* TO SEPTEMBER 16, 2013**

## TABLE OF CONTENTS

Page

Jurisdiction and Venue.................................................................................................................1

Background ...................................................................................................................................1

Relief Requested ..........................................................................................................................4

Basis for Relief Requested...........................................................................................................4

Services to be Rendered...............................................................................................................7

Professional Compensation..........................................................................................................8

Indemnification ............................................................................................................................9

Disinterestedness of Professionals.............................................................................................10

Notice .........................................................................................................................................10

No Prior Request.........................................................................................................................11

### Exhibits

EXHIBIT A  Brodsky Declaration

SCHEDULE 1   Retention Checklist

SCHEDULE 2   Schedule of Connections with Potential Parties in Interest

EXHIBIT B   Proposed Order

EXHIBIT C   Engagement Letter

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby applies for entry of an order (the "Application"), pursuant to sections 328 and 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules"), in substantially the form attached hereto as Exhibit B, authorizing it to retain Quest Turnaround Advisors, LLC ("Quest") as consultant to the Committee in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases"), *nunc pro tunc* to September 16, 2013.  In support of this Application, the Committee submits the Declaration of Jeffrey A. Brodsky (the "Brodsky Declaration"), attached hereto as Exhibit A, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

4.     On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "United States Trustee"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.  The United States Trustee selected the following nine parties to serve as members of the Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

6.      On December 26, 2012, the Court entered an order appointing the Honorable James M. Peck as Mediator (the "Mediator") in these Chapter 11 Cases [Docket No. 2519].

7.      After months of intensive negotiations and multiple mediation sessions led by the Mediator, on or about May 13, 2013, the Debtors, the Committee, a majority of the Debtors' creditor constituencies (the "Consenting Claimants")[1] and Ally Financial, Inc. and its non-Debtor affiliates ("Ally") executed a plan support agreement (the "Plan Support Agreement").

8.      On June 26, 2013, the Court entered an order authorizing the Debtors to enter into the Plan Support Agreement [Docket No. 4098].

9.      On July 3, 2013, the Debtors and the Committee (together, the "Plan Proponents") filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et. al. and the Official*

---

[1] As set forth in the Plan, the Consenting Claimants include, in addition to all Committee members, Wells Fargo Bank, N.A. as RMBS Trustee, HSBC Bank USA, N.A., as RMBS Trustee, Law Debenture Trust Company of New York, as RMBS Trustee, the Steering Committee Consenting Claimants, the Talcott Franklin Consenting Claimants, Paulson & Co., Inc., the Supporting Senior Unsecured Noteholders, MassMutual and Prudential.

*Committee of Unsecured Creditors* [Docket No. 4157], which were subsequently modified and amended on August 16, 2013 [Docket No. 4733], and August 20, 2013 [Docket No. 4771].

10.     Following a hearing held on August 21, 2013 regarding the adequacy of the disclosure statement, on August 23, 2013, the Court entered an order [Docket No. 4809] approving the disclosure statement (the "Disclosure Statement") for the Chapter 11 plan (the "Plan")[2] jointly proposed by the Plan Proponents.  The solicitation versions of the Plan and Disclosure Statement were filed on August 23, 2013 [Docket No. 4819].  The Plan Proponents are currently soliciting approval of the Plan from creditors entitled to vote, and a hearing to consider confirmation of the Plan is scheduled to commence on November 19, 2013.

11.     The Plan contemplates the creation of a liquidating trust (the "Liquidating Trust"), to be governed by the Liquidating Trust Board[3] and operated by a Liquidating Trust Manager.[4]  Quest has been selected by the Consenting Claimants to serve as the Liquidating Trust Manager upon the Effective Date, and, pursuant to the Liquidating Trust Agreement, shall have responsibility for managing the wind-down of the Debtors' operations and assets and effectuating distributions to creditors.

12.     In accordance with the terms of the Plan and the milestones in the Plan Support Agreement, the Plan must be consummated and all Available Assets must be transferred from the Debtors' estates to the Liquidating Trust by no later than December 15, 2013.

13.     In contemplation of confirmation and the establishment of the Liquidating

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

[3] Pursuant to Article VI.E of the Plan, the Liquidating Trust Board will consist of five (5) members, selected by the following Consenting Claimants: (i) MBIA, (ii) FGIC, (iii) the RMBS Trustees that are members of the Committee, the Steering Committee Consenting Claimants and the Talcott Franklin Consenting Claimants, jointly, (iv) Paulson, and (v) the holders of Private Securities Claims.

[4] In accordance with the terms of the Disclosure Statement Order, the Plan Proponents will file the Plan Supplement (including the identities of the initial Liquidating Trust Board and Liquidating Trust Management) by October 11, 2013 or such later date as determined by the Bankruptcy Court.

Trust, the Committee unanimously determined that the retention of Quest as its liquidation consultant is necessary to ensure an orderly and efficient wind-down process and in the best interest of the estates.    In addition, each of the Consenting Claimants have reviewed the Engagement Letter and Application and are supportive of the Committee's engagement of Quest as a consultant to the Committee prior to the Effective Date on the terms set forth herein.

14.    The Debtors are likewise supportive of the Committee's engagement of Quest, and the Debtors and their professionals have committed to provide Quest with access to the Debtors' information and personnel in furtherance of Quest's engagement and the services to be provided to the Committee as described herein.[5]

## RELIEF REQUESTED

15.    This Application is made by the Committee for an order, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing it to retain and employ Quest as its consultant, *nunc pro tunc* to September 16, 2013, in accordance with the terms of the engagement letter between Quest and the Committee, a copy of which is attached hereto as Exhibit  C (the "Engagement Letter").

## BASIS FOR RELIEF REQUESTED

16.     As this Court is aware, the Committee, as a Plan Proponent, is actively working with the Debtors in a concerted effort to achieve confirmation of the Plan.  In contemplation of confirmation and emergence by December 15, 2013, the Plan Proponents are finalizing the mechanics for the transfer of the Debtors' assets to the Liquidating Trust following the Effective Date, and seek to engage Quest to serve as consultant to the Committee to assist in

---

[5] The Committee also made certain clarifications to the Application and Proposed Order to address questions raised by the U.S. Trustee.

facilitating the implementation of the Plan, a smooth transition of the Debtors' assets to the Liquidating Trust, and a swift emergence from bankruptcy following confirmation of the Plan.

17.     Pursuant to sections 328(a) and 1103 of the Bankruptcy Code, the Committee may retain experts and consultants to assist the Committee with discharging its statutory rights and duties as fiduciary for unsecured creditors in a chapter 11 case. *See* 11 U.S.C. §§ 328(a), 1103(a); *see also In re Motors Liquidation Company*, No. 09-50026 (REG) (Bankr. S.D.N.Y. April 30, 2010) [Docket No. 5683] (authorizing the official committee of unsecured creditors to retain a consultant for valuation of asbestos liabilities under sections 328 and 1103 of the Bankruptcy Code). In addition, other Courts have authorized creditors' committees and debtors to engage professionals to perform services on behalf of the estate prior to their appointment as liquidating trustee for a liquidating trust post-Effective Date. *See In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG) (Bankr. S.D.N.Y. Oct. 13, 2006) [Docket No. 12180] (approving the Creditors' Committee's engagement of Quest and Mr. Brodsky as creditor representative in contemplation of Quest's appointment as Plan Administrator post-effective date); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Mar. 11, 2010) [Docket No. 6795] (approving debtors' engagement of a chief restructuring officer pre-effective date in contemplation of engagement as liquidating trustee); *In re TLSC I, Inc.*, No. 04-24134 (MGW) (Bankr. M.D. Fla. Apr. 4, 2006) [Docket No. 1148] (approving engagement of advisor to the Debtors in contemplation that advisor would serve as liquidating trustee post-effective date).

18.     Quest provides a broad range of advisory services to creditors, stockholders, management and boards of directors, particularly in the area of restructurings, reorganizations and insolvency through its professionals. Mr. Jeffrey A. Brodsky, co-founder and managing director of Quest, shall lead the engagement for Quest. Mr. Brodsky leads Quest's engagement as Plan

Administrator of Adelphia Communications Corporation Chapter 11 case and as Trust Administrator of the Adelphia Recovery Trust. In those cases, he oversaw the implementation of the plan and supervised management and the distribution of significant assets. Mr. Brodsky has also held significant roles and/or provided consulting services in other large companies in chapter 11, including PTV, Inc. (formerly NTL Incorporated), Comdisco Holding Co., FINOVA Capital Corporation, Physician Computer Network, Inc., Viking Freight, Inc. , Hawaiian Airlines and Integrated Resources, Inc. Accordingly, the Committee engaged Quest and Mr. Brodsky because of the expertise and extensive experience of Quest professionals in working with financially troubled companies in complex financial restructurings and large chapter 11 proceedings, including overseeing the implementation of a plan and creating and managing a liquidating trust.

19.     At this point in these Chapter 11 Cases, the Debtors are primarily focused on the administration of the bankruptcy estates for the benefit of their creditors, winding down their remaining assets, and preparing for the transfer of these assets to the Liquidating Trust on the Effective Date.   Accordingly, the Committee determined that this process would be advantaged by an experienced Committee representative designated to work with the Debtors' management and current chief restructuring officer to ensure the most efficient process.   Toward that end, the Debtors have committed to provide Quest and Mr. Brodsky with access to the Debtors' information and personnel and are working together seamlessly with the common goal of maximizing value for creditors.

20.     As noted above, Quest has been selected to serve as the Liquidating Trust Manager following the Effective Date.[6]   The Committee therefore believes that Quest's involvement in ongoing discussions with the Plan Proponents regarding mechanics for the

---

[6] For the avoidance of doubt, the Committee does not seek the Court's approval of any post-Effective Date employment of Quest by this Application. However, in selecting Quest as its consultant, the Committee considered Quest's qualifications to serve as Liquidating Trust Manager after the Effective Date, since the interests of all creditors would be served by the efficiency and continuity of having the same professionals serve as consultant to the Committee on liquidation and related matters and Liquidating Trust Manager.

implementation of the Plan and the creation of the Liquidating Trust is necessary and will ultimately inure to the benefit of the Debtors' creditors and estates.

21.     As noted above, the Committee believes that the retention of Quest will assist the Committee in consulting with the Debtors regarding the Plan Proponents' progress on the wind down and transfer of assets to the Liquidating Trust, and will further the Committee's ability to serve the interests of general unsecured creditors, as prescribed in Bankruptcy Code section 1103(c)(5).[7]

### SERVICES TO BE RENDERED

22.     Subject to approval of the Application, and pursuant to the Engagement Letter, it is expected that Quest's services will include, without limitation, the following consulting services:

- Providing regular updates and information to the Committee regarding:
  - o the progress of the Debtors' claims reconciliation process, including determining the adequacy of reserves that may be required upon exit from Chapter 11;
  - o the Debtors' progress in developing and implementing an efficient liquidation of the Debtors' remaining assets in a manner that maximizes the value of such assets for the benefit of unsecured creditors;
  - o the Debtors' litigation strategy, including the investigation, prosecution, settlement and compromise of claims filed against the Debtors and the estate causes of action;
  - o the operating resources required by the Debtors upon exiting from Chapter 11 and the implementation of a process for the transition to the Liquidating Trust following confirmation of the Plan;
- Assisting the Committee in working towards confirmation of the Plan;
- Reviewing the proposed use of estate resources, helping manage Committee and estate expenses, and providing recommendations to the Committee regarding same;
- Providing testimony in the Bankruptcy Court when and if requested by the Committee;

---

[7] 11 U.S.C. § 1103 provides, in pertinent part, that "a committee appointed under section 1102 of this title may . . . perform such other services as are in the best interest of those represented." 11 U.S.C. § 1103(c)(5).

- Participating in meetings internally or with outside constituencies; and
- Providing such other services, advice, or assistance as may be requested by the Committee from time to time in connection with this engagement.

23.    Quest will work closely with both the Debtors and the Committee's professionals to ensure there is no unnecessary duplication of services.

### PROFESSIONAL COMPENSATION

24.    As consultant for the Committee, Quest shall seek compensation and reimbursement in accordance with its standard billing practices, the provisions of the Engagement Letter and the provisions of sections 328, 330 and 331 of the Bankruptcy Code, or as otherwise ordered by the Court.

25.    The Committee respectfully submits that the rates charged by Quest are fair and reasonable.  The Committee currently contemplates that Mr. Brodsky will serve as consultant to the Committee during the Chapter 11 Cases.  The hourly rate for Mr. Brodsky is $795/hour. To the extent Quest determines that the Chapter 11 Cases require the services of additional Quest employees, Quest, with the consent of the Committee, may utilize additional support staff, with hourly rates ranging from $400 to $795/hour.

26.    Subject to the terms of the Engagement Letter, these hourly billing rates are subject to adjustment annually at such time Quest adjusts its rates generally.  Prior to any increases in the rates set forth herein, Quest shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase.

27.    Quest regularly charges its clients for expenses incurred in connection with the representation of a client in a given matter.  Such expenses include, without limitation, travel

costs, telecommunications, express or overnight mail, messenger service, photocopying costs, overtime meals, and other computer research related expenses, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. Quest will abide by the rules and regulations relating to reimbursement of expenses which have been adopted by this Court and by the Office of the United States Trustee.

28.    Quest will maintain records (in 1/10th of an hour increments) in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in these Chapter 11 Cases by category and nature of the services rendered and reasonably detailed descriptions of those services provided on behalf of the Committee, the approximate time expended in providing those services and the individuals who provided professional services on behalf of the Committee and will present such records to the Court. Quest will file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Trustee Guidelines, and any applicable orders of this Court.

### INDEMNIFICATION

29.    The Engagement Letter contains indemnification language with respect to Quest's services including, without limitation, an agreement by the Debtors to indemnify Quest, Mr. Brodsky and other Quest personnel provided by Quest with the consent of the Committee from and against any damages, costs, expenses and liabilities, taxes and penalties of any kind and nature whatsoever arising out of or in connection with the engagement of Quest that is the subject of the Engagement Letter (unless such claims, liabilities, losses, expenses and damages are the result of the bad faith, gross negligence or willful misconduct of Quest).

30.    The terms and conditions of the Engagement Letter, including the indemnification provisions, were negotiated by the Committee and Quest at arm's-length and in

good faith.  The Committee and Quest respectfully submit that such terms and conditions are customary and reasonable for consultant engagements, both out of court and within chapter 11 cases.  Specifically, the indemnification provisions in the Engagement Letter (and as reflected in the proposed Order) contain the qualifications and limitations that are customary in this district and other jurisdictions.  Further, when viewed in conjunction with the other terms of Quest's proposed retention, such indemnification provisions are reasonable and in the best interests of the Debtors' estates, creditors, and all parties in interest. Accordingly, as part of this application, the Committee requests that this Court approve the terms of the Engagement Letter, including the indemnification provisions as set forth therein and reflected in the proposed Order.

### DISINTERESTEDNESS OF PROFESSIONALS

31.    To the best of the Committee's knowledge, except as stated in the Brodsky Declaration, (i) Quest is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (ii) neither Quest nor its professionals have any connection with the Debtors, the creditors or any other party-in-interest; and (iii) Quest does not hold or represent any interest adverse to the Debtors' estates or the Committee in the matters for which it is to be retained.

### NOTICE

32.    In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order). Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no further notice of the relief requested in the Application need be provided.

<u>**NO PRIOR REQUEST**</u>

33.    No prior request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit B</u>, (i) authorizing the Committee's retention of Quest as its consultant *nunc pro tunc* to September 16, 2013, (ii) authorizing the payment and reimbursement of Quest's fees and disbursements, subject to interim and final allowance thereof in accordance with sections 328, 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

Dated: New York, New York
October /ᴑ, 2013

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF RESIDENTIAL
CAPITAL, LLC, <u>et al.</u>,

By: _____
John S. Dubel
Co-Chair, Official Committee of Unsecured
Creditors of Residential Capital, LLC, <u>et al.</u>

- 11 -

**<u>EXHIBIT A</u>**

**Brodsky Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et</u> <u>al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------- x

**DECLARATION OF JEFFREY A. BRODSKY IN SUPPORT**
**OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF QUEST TURNAROUND ADVISORS, LLC AS**
**<u>CONSULTANT TO THE COMMITTEE, *NUNC PRO TUNC* TO SEPTEMBER 16, 2013</u>**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, JEFFREY

A. BRODSKY declares:

1.    I am co-founder and managing director of Quest Turnaround Advisors, LLC

("<u>Quest</u>"), which is located at 800 Westchester Avenue, Suite S-520, Rye Brook, New York

10573.  I make this declaration (the "<u>Declaration</u>") in support of the application dated September

16, 2013 (the "<u>Application</u>") of the duly-appointed Official Committee of Unsecured Creditors

(the "<u>Committee</u>") in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of the above-captioned

debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") seeking entry of an order,

substantially in the form attached to the Application as <u>Exhibit B</u>, authorizing the retention of

Quest as consultant to the Committee in compliance with sections 328 and 1103 of chapter 11 of

title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and to provide the disclosure required

under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy</u>

<u>Rules</u>") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "<u>Local Bankruptcy Rules</u>").

2.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.   To the extent that any information disclosed herein requires subsequent amendment or modification upon Quest's completion of further analysis or as additional information regarding creditors and other parties-in-interest becomes available, one or more supplemental declarations will be submitted to the Court reflecting the same.

### SERVICES TO BE RENDERED

3.      I am co-founder and managing director of Quest, with over two decades of financial and operational experience with an extensive background in crisis and turnaround management within a variety of industries.

4.      Subject to approval of the Application, and pursuant to the Engagement Letter, it is expected that Quest's services will include, without limitation, the following consulting services:

- Providing regular updates and information to the Committee regarding:
  - o the progress of the Debtors' claims reconciliation process, including determining the adequacy of reserves that may be required upon exit from Chapter 11;
  - o the Debtors' progress in developing and implementing an efficient liquidation of the Debtors' remaining assets in a manner that maximizes the value of such assets for the benefit of unsecured creditors;
  - o the Debtors' litigation strategy, including the investigation, prosecution, settlement and compromise of claims filed against the Debtors and the estate causes of action;
  - o the operating resources required by the Debtors upon exiting from Chapter 11 and the implementation of a process for the transition to the Liquidating Trust following confirmation of the Plan;
- Assisting the Committee in working towards confirmation of the Plan;
- Reviewing the proposed use of estate resources, helping manage Committee and estate expenses, and providing recommendations to the Committee regarding same;
- Providing testimony in the Bankruptcy Court when and if requested by the Committee;

- Participating in meetings internally or with outside constituencies; and

- Providing such other services, advice, or assistance as may be requested by the Committee from time to time in connection with this engagement.

5.     Quest will work closely with both the Debtors' and Committee's professionals to ensure there is no unnecessary duplication of services.

### DISINTERESTEDNESS OF PROFESSIONALS

6.     In connection with this proposed engagement, I was provided with a comprehensive list of entities (the "Contact Parties"), that was prepared by the Debtors' counsel, who may have contacts with the Debtors (the "Retention Checklist").  According to the Retention Checklist, the Contact Parties include, but are not limited to: (a) the Debtors and their subsidiaries; (b) the Debtors' foreign subsidiaries; (c) the Debtors' officers and directors; (d) parties to funding agreements with the Debtors; (e) the Debtors' bondholders; (f) the Debtors' landlords and tenants; (g) parties to litigation with the Debtors; (h) judges of the United States Bankruptcy Court for the Southern District of New York and district court judges in New York; (i) attorneys for the Office of the United States Trustee for the Southern District of New York; (j) the Debtors' depository banks; (k) the Debtors' consultants and professionals and professionals retained by other significant non-Debtor parties-in-interest; (l) HELOC investors in the Debtors; (m) counterparties to servicing agreements with the Debtors; (n) significant utility providers to the Debtors; and (o) the Debtors' 50 largest unsecured creditors.  A copy of the Retention Checklist is attached hereto as Schedule 1.

7.     Quest reviewed the names on the Retention Checklist to determine whether Quest has connections to such parties and, if so, whether such connections relate in any way to the proposed engagement in these Chapter 11 Cases.  In addition, I caused the Retention Checklist to be circulated by electronic mail to all Quest members.  Any client connection in which Quest had

represented a Contact Party within the last two years was compiled for purposes of this Declaration.

8.    Based on this review, it appears that both Quest and I  (i) do not hold or represent an interest that is adverse to the Debtors' estates or the Committee on matters on which engaged, (ii) each are a disinterested person who does not hold or represent any interest adverse to and has no connection with (subject to the disclosures set forth below) the Debtors, their creditors, the United States Trustee or any party-in-interest herein in the matters upon which Quest is to be retained, and (iii) each are a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, subject to the following material disclosures.  I believe that Quest's affiliations and connections with the parties listed on the attached Schedule 2 has not affected and will not affect Quest's engagement in these Chapter 11 Cases.

9.    To the extent any employee of Quest has a relationship that, in the view of Quest, could give rise to an actual or potential conflict, an ethical screen will be put in place to ensure that such employee does not have access to information related to Quest's representation of the Committee.

## PROFESSIONAL COMPENSATION

10.    I have advised the Committee of Quest's willingness to serve as its consultant and to accept compensation and reimbursement of expenses in accordance with its standard billing practices subject to this Court's approval in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and orders of the Court.

11.    It is currently contemplated that I will serve as consultant to the Committee during the Chapter 11 Cases, at an hourly rate of $795/hour. To the extent Quest determines that the Chapter 11 Cases require the services of additional Quest employees, Quest, with the consent

- 4 -

of the Committee, may utilize additional support staff, with hourly rates ranging from $400 to $795/hour.

12.    Subject to the terms of the Engagement Letter, these hourly billing rates are subject to adjustment annually at such time Quest adjusts its rates generally.  Prior to any increases in the rates set forth herein, Quest shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase.

13.    Quest regularly charges its clients for expenses incurred in connection with the representation of a client in a given matter.  Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, overtime meals, and other computer research related expenses, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client.  Quest will abide by the rules and regulations relating to reimbursement of expenses which have been adopted by this Court and by the Office of the United States Trustee.

14.    Quest will not share any compensation it receives with another person and will not share any compensation or reimbursement received by another professional retained in these Chapter 11 Cases.

15.    Neither I nor Quest is a creditor, equity security holder or an insider of any of the Debtors.

16.    Quest and I are not, and were not within the two years prior to the Petition Date, a director, officer, or employee of any of the Debtors.

- 5 -

17.    Accordingly, I believe both Quest and I are each a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Rye Brook, New York
       October /0, 2013

_____
Jeffrey A. Brodsky

KL2 2813531.8

## **SCHEDULE 1**

**Retention Checklist**

**RESIDENTIAL CAPITAL, LLC ET AL.**
**Case No. 12-12020 (MG)**

**MASTER CONFLICT LIST**

**Debtors and Subsidiaries**
ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC
RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**Foreign Subsidiaries**
Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad
   Financiera de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited

**Officers and Directors**
Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**
Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
Citibank, N.A.
Wells Fargo Bank, N.A.
BMMZ Holdings LLC
US Bank National Association
Deutsche Bank Trust Company Americas

1

**Bondholders**
AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon, (The)/Barclays Capital - London
Bank of Nova Scotia/CDS
BARC/FIXED
Barclays Capital Inc. /LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CITIBK/GRP
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc./Ridge.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated
Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**
2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul Development

LLC
Avenel Realty Company d / b / a Avenel at Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real Estate Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties Services Ltd Partnership
Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of America c/o Northmarq RES
The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere Community Credit Union
W.E.G., Jr., Inc. d / b / a Highland-March Beverly Suites

**Parties to Litigation**
Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York, Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Assured Guaranty Municipal Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company
Deutsche Zentral-genossenschaftsbank, New York Branch, d/b/a DZ Bank AG, New York Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency
Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC
Fort Washington Investment Advisors, Inc.
HSH Nordbank AG

2

HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.
IKB Deutche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

**U.S. Trustee's Office (Region 2 Trial Attorneys)**
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.
Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert

Gerber, Robert E.
Glenn, Martin
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

**Depositing Banks**
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.

3

M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
AlixPartners
Analytic Focus, LLC
Barclays Bank PLC
Bradley Arant Boult Cummings LLC
Carpenter Lipps & Leland LLP
Centerview Partners LLC
Chadbourne & Parke LLP
Coherent Economics LLC
Curtis, Mallet-Prevost, Colt & Mosle LLP
Deloitte & Touche
Dorsey & Whitney LLP
Epiq Bankruptcy Solutions, LLC
Evercore
Fortace LLC
Fortress Investment Group, LLC
FTI Consulting, Inc.
Gonzalez, Arthur J.
Hudson Cook LLP
J.F. Morrow
Kirkland & Ellis LLP
KPMG LLP
Kramer Levin Naftalis & Frankel LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mesirow Financial Consulting, LLC
Mercer (US) Inc.
Moelis & Company LLC
Morrison & Foerster LLP
Nationstar Mortgage, LLC
Orrick, Herrington & Sutcliffe LLP
Pepper Hamilton LLP
PricewaterhouseCoopers
Rubenstein Associates, Inc.
San Marino Business Partners LLC
Severson & Werson PC
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP
Towers Watson Delaware Inc.

**HELOC Investors**
5th 3rd bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust
The Bank of New York Mellon
Treasury Bank, N.A.
Us Bank, N.A.
Wachovia Bank Na
Wells Fargo Bank, N.A.

**Servicing Counterparties**

**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association (Ginnie Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority
Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and Philadelphia N.H.S.
Oregon Housing and Community Services Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
The ACE Group
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
FGIC
Financial Security Assurance Inc
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA
Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas

ny-1014316

HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Croup, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital
Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank
Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust 2005-2
American Home Mortgage Investment Trust 2005-4A
American Home Mortgage Investment Trust 2006-2
American Home Mortgage Investment Trust 2007-A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC
American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida, LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal
Audobon Savings Bank
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation

Bancap
Banco Mortgage Company
Banco Popular North America
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust
Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation
Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association
Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.
Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut

5

Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield
Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities
   Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.
EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association
Encore Savings Bank
Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan
Fifth Third Bank
Financial Asset Securities Corp.

First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of
   Storm Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation
First NLC
First Rate Capital Corporation
First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services,
   LP
GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9

6

GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of
    Rome, Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage
HomEq Servicing Corporation
Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group
Irwin Union Bank and Trust Company
Ixis Real Estate Capital Inc
Jackson Federal Bank
Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
    Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB
Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.

Los Angeles County Employees Retirement
    Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.
Merck Sharp & Dohme Federal Credit Union
Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation
Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
MRF 3 LLC
Mrit Securities Corporation
Mutual Savings & Loan Association of Charlotte,
    N.C.
Mutual Savings Bank
National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC

ny-1014316

New York Life Insurance and Annuity Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation
Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank
Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.
Principal Bank
Principal Mutual Life Insurance Company
Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise, LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank
Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National

Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust
Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC
Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB
Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation
Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank
Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation
The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation

8

United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage
USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC
WMCC Clayton / Washington Mutual Bank
WMD Capital Markets, LLC

### Utilities
Abovenet Communications Inc.
AT&T
AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie
Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center
MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

### Consolidated Top 50 Creditors
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon

Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.
Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of
    Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A
West Virginia Investment Management Board
Western & Southern

### Members of the Creditors' Committee
Allstate Life Insurance Company
AIG Asset Management (U.S.), LLC
The Bank of New York Mellon Trust Company,
    N.A.
Deutsche Bank Trust Company Americas
Drennen, Rowena L.
Financial Guaranty Insurance Company
MBIA Insurance Corporation
U.S. Bank National Association
Wilmington Trust, N.A.

### Rule 2004 Motion Parties
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC

9

General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelly Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison & Foerster LLP
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

10

# **SCHEDULE 2**

**Schedule of Connections with Potential Parties in Interest**

## SCHEDULE OF CONNECTIONS WITH POTENTIAL PARTIES IN INTEREST

Unless otherwise noted in the Brodsky Declaration or herein, all connections described below are not related to the Debtors' Chapter 11 Cases and represent less than 1% of Quest's revenue for fiscal years 2011, 2012 and year 2013 to date.

| Interested Party | Relationship to Debtors | Description of Relationship |
|---|---|---|
| AboveNet Communications | Utilities | Mr. Brodsky previously served as chairman of the board of directors of the interested party.  Mr. Brodsky no longer serves as chairman of the board, and has no ongoing connection to the interested party. |
| AlixPartners | Consultants & Professional | Quest previously subcontracted with the interested party in the FINOVA bankruptcy case.  Mr. Brodsky's role focused on developing FINOVA's business plan and preparing FINOVA to file for protection under Chapter 11. |
| Appaloosa Management, LP | Bondholder | Quest previously served as an advisor to the official committee of unsecured creditors in the NTL Incorporated bankruptcy case, in which the interested party played a significant role, and later served as President and CEO and served on the board of directors of the reorganized company.  In addition, Quest previously served as an advisor to the official committee of unsecured creditors of Adelphia Communications Corp. ("Adelphia") and currently serves as a Plan Administrator of Adelphia, which engagement Mr. Brodsky leads.  The interested party also played a significant role in the Adelphia bankruptcy case. |
| Aurelius Capital Management, LP | Ad Hoc Group of Junior Secured Noteholders | Quest was proposed as plan administrator in a chapter 11 plan proposed by the interested party in the Tribune bankruptcy case.  The chapter 11 plan proposed by the interested party ultimately was not confirmed by the Bankruptcy Court. |
| Honorable Shelley C. Chapman | Bankruptcy Judges (New York) | The interested party previously represented Mr. Brodsky in his role as an officer at Integrated Resources.  The interested party also previously served as Debtors' counsel in a Adelphia Communications Corp. where Quest served as Plan Administrator for the confirmed chapter 11 plan. |
| Kirkland & Ellis | Consultants & Professional | The interested party represents Horizon Lines, Inc. for which Mr. Brodsky serves as chairman of the board of directors. |
| Western Asset Management | Bondholders | The interested party is a significant shareholder and lender to Horizon Lines, Inc., for which Mr. Brodsky serves as chairman of the board of directors. |

## <u>EXHIBIT B</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------- x

In re:                                              :    Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :    Case No. 12-12020 (MG)
                                                    :
                        Debtors.                    :    Jointly Administered
                                                    :
--------------------------------------------------------- x

### ORDER APPROVING RETENTION OF QUEST TURNAROUND ADVISORS, LLC AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO SEPTEMBER 16, 2013

Upon the application, dated October 10, 2013 (the "Application"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") for entry of an order (the "Order") authorizing the retention of Quest Turnaround Advisors, LLC ("Quest") as consultant to the Committee effective as of September 16, 2013, as more fully described in the Application; and upon the Declaration of Jeffrey A. Brodsky (the "Brodsky Declaration"), managing director of Quest, dated October 10, 2013, attached to the Application as Exhibit A; and the Court being satisfied that based on the representations made in the Application and the Brodsky Declaration that Quest is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Quest represents no interest adverse to the Debtors' estates or the Committee with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012

(Preska, Acting C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Committee and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the Committee is authorized to retain and employ Quest as its consultant in accordance with the terms and conditions set forth in the Application and the Engagement Letter, *nunc pro tunc* to  September 16, 2013, *provided, however*, that this authorization shall not extend to the employment and retention of Quest as Liquidating Trust Manager, the rights of parties with respect to which are preserved; and it is further

ORDERED that the Engagement Letter is incorporated herein by reference and approved in all respects; and it is further

ORDERED, that to the extent the Application or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that, notwithstanding anything to the contrary in the Engagement Letter, the indemnification provisions are hereby modified and restated in its entirety as follows:

All requests of Quest for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Quest be

indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

In the event that Quest seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Quest for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Quest's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

Quest shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Quest's counsel other than those incurred in connection with a request of Quest for payment of indemnity or preparation of fee application.

ORDERED, that Quest shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses (including the fees of Quest's attorneys in preparing and presenting its fee applications) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447),and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"), and the monthly compensation order; and it is further

ORDERED that prior to any increases in rates as set forth in the Application, Quest shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental declaration shall

explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the

Bankruptcy Code and indicate whether the client has received notice of and approved the

proposed rate increase; and it is further

ORDERED,  that the services to be performed by Quest shall not duplicate the services

performed by any other professional retained in this case; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and

enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions

necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated: New York, New York
        _____, 2013


_____
Hon. Martin Glenn
United States Bankruptcy Judge

## EXHIBIT C

**Engagement Letter**

*Execution Version*

September 16, 2013

Mr. Jeffrey A. Brodsky
Managing Director
Quest Turnaround Advisors, LLC
800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573

Re: Engagement Letter between Official Committee of Unsecured Creditors and Quest Turnaround Advisors, LLC

Dear Mr. Brodsky:

This letter (the "Engagement Letter") confirms and sets forth the terms and conditions of the engagement of Quest Turnaround Advisors, LLC ("Quest") as consultant to the Official Committee of Unsecured Creditors (the "Committee") of Residential Capital, LLC and its debtor subsidiaries (collectively, the "Debtors"), including the scope of services (the "Services") to be performed and the compensation for those Services. Upon execution of this letter by each of the parties below, this Engagement Letter will constitute an agreement between Quest and the Committee.

1.  Bankruptcy Court Approval

This Engagement Letter and the obligations of the Committee and Quest to perform hereunder are expressly subject to approval of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Committee will promptly apply to the Bankruptcy Court to obtain approval of Quest's engagement *nunc pro tunc* to the date of this Engagement Letter. Quest acknowledges that its engagement and the terms thereof are subject to Bankruptcy Court approval.

2.  Staffing

Upon execution of this Engagement Letter, Quest will immediately provide the services of Jeffrey A. Brodsky, who will serve as consultant to the Committee (the "Liquidation Consultant").

During the term of this engagement, Mr. Brodsky will not take on any new engagement which, together with any other obligations of Mr. Brodsky, would reasonably be expected to interfere with his obligations hereunder, without the express prior written consent of the Committee. The Committee understands that as of the date of this Engagement Letter, Mr. Brodsky is, and will continue to be, a Managing Director of Quest, and has performed, and will continue to perform, services on Quest internal matters and on Quest engagements existing prior to the date of the Engagement Letter and previously disclosed to the Committee (such internal matters and prior engagements, collectively, "Prior Engagements") and the parties agree that such Prior Engagements shall not interfere with Mr. Brodsky's obligation under this Engagement Letter.

1

*Execution Version*

Mr. Brodsky will devote substantially all of his working time (other than time spent supporting Prior Engagements) to the performance of the Services for the Committee, including consulting with the Debtors regarding their progress on the wind down and transfer of assets to the Liquidating Trust, as described in further detail below. Quest represents that Mr. Brodsky is not committed to any other assignment that precludes him from devoting substantially all of his working time (other than time spent supporting Prior Engagements) during normal business hours to this engagement until the effective date (the "Effective Date") of the Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 4189, Ex. A (Part 2)], as may be amended in accordance with its terms (the "Plan").

Upon the mutual agreement of Quest and the Committee, Quest may provide additional personnel of Quest as required to perform the Services set forth more fully herein, the number of additional personnel and fees associated therewith to be agreed to by Quest and the Committee.

3. Scope of Services

Working in consultation with the Debtors' Chief Restructuring Officer and Chief Business Officer, Quest and the Liquidation Consultant shall, as appropriate and requested:

a. provide regular updates and information to the Committee regarding the progress of the Debtors' efforts to negotiate and settle claims against the Debtors, implement a schedule and process for the litigation of disputed claims, and determine the adequacy of reserves that may be required upon exit from Chapter 11;

b. provide regular updates and information to the Committee regarding the Debtors' progress in developing and implementing an efficient liquidation of the Debtors' remaining assets in a manner that maximizes the value of such assets for the benefit of unsecured creditors;

c. provide regular updates and information to the Committee regarding the Debtors' litigation strategy, including the investigation, prosecution, settlement and compromise of claims filed against the Debtors and the estate causes of action;

d. provide regular updates and information to the Committee regarding the operating resources required by the Debtors upon exiting from Chapter 11 and the implementation of a process for the transition to the Liquidating Trust following confirmation of the Plan;

e. communicate with the Committee and the Debtors' creditors and key stakeholders, and assist such parties in working towards confirmation of the Plan;

2

*Execution Version*

f.  review the proposed use of estate resources, help manage Committee and estate expenses, and provide recommendations to the Committee regarding same;

g.  provide testimony in the Bankruptcy Court when and if requested by the Committee during the Debtors' chapter 11 cases (the "Chapter 11 Cases");

h.  participate in meetings internally or with outside constituencies; and

i.  provide such other services, advice, or assistance as may be requested by the Committee from time to time in connection with this engagement.

The Services, as outlined above, are subject to change as mutually agreed between the Committee and Quest, and at all times shall encompass those consistent with the parties' ethical and fiduciary obligations. Quest and the Liquidation Consultant shall not be required to take or refrain from taking any action they have determined, or shall have been advised by counsel, is likely to involve Quest or the Liquidation Consultant being personally liable or is contrary to the terms of the Engagement Letter, or is otherwise contrary to law.

4.    Reporting

The Liquidation Consultant shall directly report and make recommendations to the Committee.

5.    Compensation

Quest will be paid by (and will seek payment of its fees from) the Debtors for the Services of Mr. Brodsky at the hourly billing rate of $795 per hour. Such rate will be subject to adjustment annually at such time Quest adjusts its rates generally; provided, however, in no event will Mr. Brodsky's hourly billing rate increase prior to the one year anniversary of the execution of this Engagement Letter.

Quest will be reimbursed by the Debtors for Mr. Brodsky's reasonable and documented actual out-of pocket expenses incurred in connection with and specifically related to this engagement, such as travel, accommodations and meals. In addition, Quest shall be reimbursed by the Debtors for reasonable and documented fees and expenses of its counsel (without the need for such counsel to be retained as a professional in the Bankruptcy Cases), as they are incurred in connection with the preparation and presentation of applications seeking payment of Quest's fees and expenses, in an amount not to exceed $10,000.00.

Upon approval of Quest's engagement hereunder and this Engagement Letter by the Bankruptcy Court, all fees and expenses due to Quest will be submitted to the Debtors on a monthly basis in accordance with the interim compensation procedures established by the Bankruptcy Court. All bills will be accompanied by reasonable back-up documentation. The Committee shall assist Quest in preparing, filing and serving fee statements, interim fee applications and a final fee application pursuant to sections 330 and 331 of the Bankruptcy Code. Quest acknowledges that

3

parties in interest in the Chapter 11 Cases will have the right to object to fees paid and expenses reimbursed.

6.    Term

The engagement will commence as of the date of this Engagement Letter, and shall continue on a month to month basis until terminated by either party, whereby such termination may be effected by either party without cause by giving sixty (60) days' written notice to the other party. Any fees and expenses due to Quest shall be remitted promptly (including fees and expenses that accrued prior to but were invoiced subsequent to termination). The Committee may immediately terminate Quest's Services for Cause by giving written notice to Quest. Upon any such termination for Cause, the Debtors shall be relieved of all of their payment obligations under this Engagement Letter, except for the payment of fees and expenses through the effective date of termination (including fees and expenses that accrued prior to but were invoiced subsequent to such termination). For purposes of this agreement, "Cause" shall mean if: (a) the Liquidation Consultant is convicted of, admits guilt in a written document filed with a court of competent jurisdiction to, or enters a plea of *nolo contendere* to, an allegation of fraud, embezzlement, misappropriation or any felony; (b) a material breach of any of Quest's material obligations under this Engagement Letter that is not cured within twenty (20) days of the Committee's written notice thereof to Quest describing in reasonable detail the nature of the alleged breach, or (c) the unavailability of Mr. Brodsky for a period of longer than seven (7) consecutive business days without at least five (5) days' prior notice to the Committee, or such other notice as is reasonably practicable in the event such absence is caused by unanticipated illness. Notwithstanding the foregoing, this Engagement Letter shall automatically terminate without notice on the Effective Date.

7.    Conflicts

Quest and Mr. Brodsky have undertaken a review of their records to determine Quest's professional relationships with the Debtors, their creditors, and other related parties. None of the parties is currently aware of any relationship that would create a conflict of interest. Because Quest is a crisis management firm that serves clients in various cases, both in and out of court, it is possible that Quest may have rendered or will render services to, or have business associations with, other entities or people which had, have, or may have relationships with the Debtors, their lenders, and key stakeholders. In the event that Quest accepts the terms of this engagement, Quest will not, absent the prior written consent of the Committee, accept any engagement with, or be engaged by, any entities or persons who have a connection with the Debtors or these Chapter 11 Cases.

Notwithstanding the above, the Committee and the Debtors understand that Quest and/or Mr. Brodsky may be engaged Post-Effective Date by the Liquidating Trust and/or the Liquidating Trust Board (as such term is defined in the Plan) and that the Consenting Claimants (as such term is defined in the Plan) may negotiate and enter into a separate written agreement with Quest regarding the economic terms, including incentive compensation and the events and terms on which such compensation shall be payable, of such engagement during the term of this Engagement Letter. The Committee and the Debtors hereby agree that Quest's engagement by the Committee shall not cause any conflicts with respect to any future engagement of Quest or

4

*Execution Version*

Mr. Brodsky by the Liquidating Trust and/or the Liquidating Trust Board and the negotiations in connection therewith.

8.    Confidentiality

Consistent with that separate confidentiality agreement entered into between Quest and the Committee in contemplation of Quest's engagement by the Committee, Quest and Mr. Brodsky shall keep as confidential all non-public information received from the Committee, the Debtors and major stakeholders in these Chapter 11 Cases in conjunction with this engagement, except (a) as required by legal proceedings, or (c) as reasonably required in the performance of duties as Liquidation Consultant. Quest and Mr. Brodsky will not disclose to any third party confidences or work product regarding his work for the Committee. All obligations as to non-disclosure shall cease as to any part of such information to the extent that such information is or becomes public, other than as a result of a breach of this provision. The negotiation and execution of an agreement between Quest and the Liquidating Trust and/or the Liquidating Trust Board during the term of this engagement shall not be deemed a breach of this provision.

9.    Indemnification

The Debtors hereby agree to indemnify and hold Quest, Mr. Brodsky, and any additional Quest personnel utilized with the Committee's consent (each an "Indemnitee") harmless from and against any damages, costs, expenses and liabilities, taxes and penalties of any kind and nature whatsoever ("Losses," which shall include, but not be limited to, all attorneys' fees) to the extent arising out of, related to, are imposed upon or asserted at any time against Quest and Mr. Brodsky with respect to the performance of the Services under this Engagement Letter, or the transactions contemplated hereby ("Actions"), including, without limitation, any Losses with respect to any threatened, pending or completed claim (a "Claim"), any investigation, action, cause of action, suit, arbitration, appeal, controversy or other proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"); provided, however, that Indemnitee shall not be entitled to indemnification arising from any acts by Indemnitee of bad faith, willful misconduct or gross negligence.

Indemnitee shall promptly notify the Debtors and the Committee of the commencement of any Proceeding, or any occurrence of any event which might give rise to a Claim; however, unless the Debtors have been prejudiced thereby, the failure to notify the Debtors shall not relieve the Debtors from any liability hereunder. Neither an Indemnitee nor the Debtors will, without the other party's and the Committee's prior written consent, agree to a settlement of any Action.

Notwithstanding any other provision of this Engagement Letter, the Debtors shall, from time to time and to the extent not prohibited by applicable law, advance any reasonable expenses, costs, disbursements, including, without limitation, reasonable attorneys' fees incurred by or on behalf of Indemnitee in connection with Actions (collectively, "Expenses") within five (5) days after the receipt by the Debtors of a statement or statements from Indemnitee requesting such advance or advances; provided, however, that any such advances will only be made following a determination by the Debtors that such advances are being made in connection with the Actions.

5

Such statement or statements shall reasonably evidence each of the Expenses incurred by Indemnitee for which the Indemnitee seeks advancement and shall include or be preceded or accompanied by an undertaking by or on behalf of Indemnitee to repay any Expenses advanced if it shall ultimately be determined that Indemnitee is not entitled to be indemnified against such Expenses. Any advances and undertakings to repay pursuant to this paragraph shall be unsecured and interest free. Notwithstanding anything set forth to the contrary in this Engagement Letter, the Debtors and Indemnitee may agree from time to time that the Debtors shall pay certain Expenses directly to the applicable third parties, without any obligation for Indemnitee to submit a prior statement to the Debtors. Indemnitee shall have the obligation to repay such Expenses to the Debtors if it is ultimately determined that Indemnitee is not entitled to be indemnified for such Expenses.

If the indemnification provided for in this Agreement is for any reason other than by virtue of its express terms unavailable for any reason in respect of any liability or portion thereof, the Debtors shall contribute to the liabilities to which Indemnitee may be subject to the maximum extent permitted by law.

The rights granted by this Section 9 shall not be deemed exclusive of any other rights to which the Indemnitee may be entitled under any statute, agreement, or otherwise, both as to action in an indemnified capacity and as to action in any other capacity.

The indemnification provisions of this section shall survive the termination of this Engagement Letter.

10.    Section 409A

It is the intention of the parties hereto that payments under this agreement be exempt from, or in compliance with, Section 409A of the Internal Revenue Code of 1986, as amended, and accordingly, to the maximum extent permitted, this agreement shall be interpreted consistent with such intention. Each payment made under this agreement shall be designated as a "separate payment" within the meaning of Section 409A.

11.    Miscellaneous

This Engagement Letter: (a) shall be governed and construed in accordance with the laws of the State of New York, regardless of the laws that might otherwise govern under applicable principles of conflict of laws thereof; (b) incorporates the entire understanding of the parties with respect to the subject matter thereof; and (c) may not be amended or modified, except in writing executed by each of the signatories hereto.

The Committee and Quest agree to waive a trial by jury in any action, proceeding, or counterclaim brought by or on behalf of the parties hereto with respect to any matter relating to or arising out of the performance or non-performance of the Committee or Quest hereunder.

The Committee and Quest agree that the Bankruptcy Court, having jurisdiction over the Chapter 11 Cases (or any case into which it may be converted), shall have exclusive jurisdiction over any and all matters arising under, or in connection with, their obligations hereunder.

*Execution Version*

If the foregoing is acceptable to you, kindly sign the enclosed copy to acknowledge your agreement with its terms and its effective date, and return an executed copy of it to counsel to the Committee at the above address.

Yours truly,

**Official Committee of Unsecured Creditors**

By: _____
  John S. Dubel
  Co-Chair

**Accepted and Agreed:**

**Quest Turnaround Advisors, LLC**

By: _____
  Jeffrey A. Brodsky
  Managing Director

**Accepted and Agreed with respect to Paragraphs 5, 7 and 9:**

**Residential Capital, LLC for itself and its Debtor subsidiaries**

By: _____

  Its:

7

*Execution Version*

If the foregoing is acceptable to you, kindly sign the enclosed copy to acknowledge your agreement with its terms and its effective date, and return an executed copy of it to counsel to the Committee at the above address.

Yours truly,

**Official Committee of Unsecured Creditors**

By: _____
    John S. Dubel
    Co-Chair


**Accepted and Agreed:**

Quest Turnaround Advisors, LLC

By: _____
    Jeffrey A. Brodsky
    Managing Director


**Accepted and Agreed with respect to Paragraphs 5, 7 and 9:**

**Residential Capital, LLC for itself and its Debtor subsidiaries**

By: _____

    Its:

7

*Execution Version*

If the foregoing is acceptable to you, kindly sign the enclosed copy to acknowledge your agreement with its terms and its effective date, and return an executed copy of it to counsel to the Committee at the above address.

Yours truly,

**Official Committee of Unsecured Creditors**

By: _____
John S. Dubel
Co-Chair


**Accepted and Agreed:**

**Quest Turnaround Advisors, LLC**

By: _____
Jeffrey A. Brodsky
Managing Director


**Accepted and Agreed with respect to Paragraphs 5, 7 and 9:**

**Residential Capital, LLC for itself and its Debtor subsidiaries**

By: _Lewis Kruger_____
Its: Chief Restructuring Officer

7