**Presentment Date and Time: October 18, 2013 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 17, 2013 at 4:00 p.m. (prevailing Eastern Time)**

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Jason Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CARTER LEDYARD & MILBURN LLP AS CONSULTANT TO THE COMMITTEE, *NUNC PRO TUNC* TO AUGUST 21, 2013**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Carter Ledyard & Milburn LLP as Consultant to the Committee, Nunc Pro Tunc to August 21, 2013* (the "Application"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **October 18, 2013 at 12:00 p.m. (prevailing Eastern Time)**.

DOCS_NY:30421.1 73839/001

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed

electronically by registered users of the Bankruptcy Court's electronic case filing system, and

beserved, so as to be received no later than **October 17, 2013 at 4:00 p.m. (prevailing Eastern**

**Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the

Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A.

Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33

Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A.

Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention:

US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General,

The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.);

(e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza,

New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc.,

Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri

and Ray Schrock); (g) counsel for the committee of unsecured creditors, (i) Kramer Levin

Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:

Kenneth Eckstein and Douglas Mannal) and (ii) Pachulski Stang Ziehl & Jones, LLP, 780 Third

Avenue, New York, NY 10017 (Attn: Robert J. Feinstein); (h) counsel for Ocwen Loan

Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019

(Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:

Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia,

PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia,

PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos,

Regional Director); and (l) Carter Ledyard & Milburn LLP, 2 Wall Street, New York, NY 10005

(Attention: James Gadsden).

   **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Application

are timely filed, served and received in accordance with this Notice, the Court may enter the

Order without further notice or hearing.

Dated:  October 11, 2013
   New York, New York

       PACHULSKI STANG ZIEHL & JONES LLP


        /s/ Robert J. Feinstein
       Robert J. Feinstein
       John A. Morris
       Jason Rosell
       780 Third Avenue, 36th Floor
       New York, New York 10017
       Telephone: (212) 561-7700
       Facsimile:  (212) 561-7777

       *Counsel for the Official Committee of Unsecured Creditors*

**Presentment Date and Time: October 18, 2013 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: October 17, 2013 at 4:00 p.m. (prevailing Eastern Time)**

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Jason Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CARTER LEDYARD & MILBURN LLP AS CONSULTANT TO THE COMMITTEE, *NUNC PRO TUNC* TO AUGUST 21, 2013**

## TABLE OF CONTENTS

Page

JURISDICTION AND VENUE ................................................................................ 1

BACKGROUND ....................................................................................................... 1

RELIEF REQUESTED.............................................................................................. 2

BASIS FOR RELIEF REQUESTED ........................................................................ 3

SERVICES TO BE RENDERED .............................................................................. 4

PROFESSIONAL COMPENSATION....................................................................... 5

DISINTERESTEDNESS OF PROFESSIONALS ..................................................... 6

NOTICE..................................................................................................................... 6

NO PRIOR REQUEST .............................................................................................. 6

## **EXHIBITS**

Exhibit A - Declaration of James Gadsden

Exhibit B - Proposed Order

Exhibit C - Engagement Letter

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby applies for entry of an order (the "Application"), pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules"), in substantially the form attached hereto as Exhibit B, authorizing it to retain Carter Ledyard & Milburn LLP ("CLM") as consultant to the Committee in connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases"), *nunc pro tunc* to August 21, 2013.  In support of this Application, the Committee submits the Declaration of James Gadsden (the  "Gadsden Declaration"), attached hereto as Exhibit A, and respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

4.      On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "United States Trustee"), pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.  The United States Trustee selected the following nine parties to serve as members of the Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

6.      On June 18, 2012, the Court directed the United States Trustee to appoint an examiner in these Chapter 11 Cases.

7.      The Committee authorized the retention of CLM effective as of August 21, 2013.

## **RELIEF REQUESTED**

8.      This Application is made by the Committee for an order, pursuant to sections 328 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1, authorizing it to retain and employ CLM as a consultant and James Gadsden as an expert witness in connection with the Adversary Proceeding (defined below), *nunc pro tunc* to August 21, 2013, in accordance with the terms of the engagement letter between CLM and Pachulski Stang Ziehl & Jones LLP, on behalf of the Committee, a copy of which is attached hereto as Exhibit C (the "Engagement Letter").[1]

---

[1] The Committee submitted a draft of the Application to the United States Trustee prior to filing and has incorporated its comments to the Application and Gadsden Declaration.

## BASIS FOR RELIEF REQUESTED

9.      On February 28, 2013, the Committee filed the Adversary Complaint for

Declaratory Judgment, Avoidance of Liens, and Disallowance of Claims against UMB Bank,

N.A. and Wells Fargo Bank, N.A., titled *Official Committee of Unsecured Creditors v. UMB*

*Bank, N.A. and Wells Fargo Bank, N.A.*, Ad. No. 13-01277 (MF) (the "Adversary Proceeding").

The Committee is investigating which property, if any, served as collateral for the Notes Security

Agreement, as defined in the Adversary Proceeding.

10.      Evaluation of the complex issues raised by the Adversary Proceeding

requires the knowledge and expertise of experienced professionals.  As part of its analysis, the

Committee requires the assistance of Mr. Gadsden, an expert on trust indentures and related

security agreements, to provide opinions as to the custom, usage and industry practice

concerning the scope of property that is to be included or excluded as collateral under security

agreements when said collateral is freed from the conditions of the security agreement.  This is a

focal issue in the Adversary Proceeding for which the Committee requires Mr. Gadsden's

expertise.

11.      To assist the Committee with its statutory rights and duties under section

1103(c) of the Bankruptcy Code, a Committee may retain experts and consultants.  *See* 11 U.S.C.

§§ 328(a) and 1103(a); *see also In re Motors Liquidation Co.*, Case No. 09-50026 (April 30,

2010) [Docket No. 5683] (authorizing the official committee of unsecured creditors to retain a

consultant for valuation of asbestos liabilities under sections 328 and 1103 of the Bankruptcy

Code).

12.      The Committee selected CLM because of Mr. Gadsden's expertise and

extensive experience with trust indentures and related security agreements.  Among other

engagements, Mr. Gadsden has served as an expert witness in litigation related to the cases of

*The Bank of New England* and *K-V Discovery Solutions, Inc.* He was also a member of the

drafting committee for the ABA's Revised Model Simplified Indenture published in *The*

*Business Lawyer* in 1999 and the Annotated Trust Indenture Act published in *The Business*

*Lawyer* in 2012.

13.    Further, the retention of CLM *nunc pro tunc* to August 21, 2013 is

justified here given that the Application was filed shortly after September 18, 2013, which is the

date by which parties to the Adversary Proceeding were required to identify the names of their

respective experts. *See* Case Management and Scheduling Order #3 [Docket No. 99] at ¶6(a).

## SERVICES TO BE RENDERED

14.    Subject to approval of the Application, and pursuant to the Engagement

Letter, it is expected that Mr. Gadsden's services will include, without limitation, the following

expert witness services:

- Analysis of applicable indentures and security agreements;

- Review of documents for indentures and security agreements drafted around the same time as the Notes Security Agreement;

- Development of an expert report and opinion, and if necessary, the provision of expert testimony, with respect to the Adversary Proceeding; and

- Provision of such other expert-related testimony, consulting or advisory services as may be needed.

15.    In addition, Mr. Gadsden will utilize the services of professionals and

paraprofessionals employed by CLM for research assistance and related support services to assist

him with performance of his services as set forth above.

16.    For the avoidance of doubt, CLM is not being retained as counsel of

record for any party and the scope of this engagement does not include giving attention to,

forming professional opinions as to, or advising the Committee with respect to, any matters save

and except in the limited capacity as expert consultant and witness as described in the
Engagement Letter.

17.     While the Committee will be utilizing other professionals to assist in the
prosecution of the Adversary Proceeding, no other expert will address the issues being addressed
by CLM such that there will be no duplication of services.

## PROFESSIONAL COMPENSATION

18.     CLM is willing to serve as a consultant to the Committee and to receive
compensation and reimbursement in accordance with its standard billing practices, the provisions
of the Engagement Letter, and the provisions of sections 328, 330 and 331 of the Bankruptcy
Code, or as otherwise ordered by the Court.

19.     The Committee respectfully submits that the rates charged by CLM are
fair and reasonable.  Mr. Gadsden currently charges $825/hour for his expert services.  The
paralegal who has assisted and will assist him is billed at an hourly rate of $215.  Associates who
have assisted and will assist him are billed at an hourly rate of between $250 and $270.

20.     These hourly billing rate are subject to periodic adjustments to reflect
economic and other conditions.  Prior to any increases in the rates set forth herein, CLM shall
file a supplemental declaration with the Court and give ten business days' notice to the Debtors,
the United States Trustee and any official committee, which supplemental declaration shall
explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the
Bankruptcy Code and indicate whether the Committee has received notice of and approved the
proposed rate increase.

21.     CLM regularly charges its clients for expenses incurred in connection with
the representation of a client in a given matter.  Such expenses include, without limitation, travel
costs, telecommunications, express or overnight mail, messenger service, photocopying costs,

meals, and other computer research-related expenses, and, in general, all identifiable expenses
that would not have been incurred except for representation of a particular client. CLM will
abide by the rules and regulations relating to reimbursement of expenses which have been
adopted by this Court and by the Office of the United States Trustee.

## DISINTERESTEDNESS OF PROFESSIONALS

22.    To the best of the Committee's knowledge, except as stated in the
Gadsden Declaration, (i) each of CLM and Mr. Gadsden are a "disinterested person" within the
meaning of section 101(14) of the Bankruptcy Code, (ii) neither CLM nor its professionals have
any connection with the Debtors,  the creditors or any other party-in-interest, and (iii) both CLM
and Mr. Gadsden do not hold or represent any interest adverse to the Debtors' estates or the
Committee in the matters for which they are to be retained.

## NOTICE

23.    In accordance with the Order Under Bankruptcy Code Sections 102(1),
105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule
2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket
No. 141] (the "Case Management Order"), notice of this Application has been given to all parties
listed on the Monthly Service List (as defined in the Case Management Order).  Because of the
nature of the relief requested, the Committee submits that such notice is sufficient and that no
further notice of the relief requested in the Application need be provided.

## NO PRIOR REQUEST

24.    No prior request for the relief sought herein has been made to this or any
other Court.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing the Committee's retention of CLM *nunc pro tunc* to August 21, 2013, (ii) authorizing the payment and reimbursement of CLM's fees and disbursements, subject to interim and final allowance thereof in accordance with sections 328, 330 and 331 of the Bankruptcy Code or as otherwise ordered by the Court, and (iii) granting such other and further relief as may be just and proper.

Dated: October 11, 2013
       New York, New York

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF RESIDENTIAL
CAPITAL, LLC, *et al.*

By: _____
    Peter Finkel
    Wilmington Trust, N.A.

Co-Chair, Official Committee of Unsecured Creditors of
Residential Capital, LLC, *et al.*

## EXHIBIT A

**Gadsden Declaration**

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Jason Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**DECLARATION OF JAMES GADSDEN IN SUPPORT**
**OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF CARTER LEDYARD & MILBURN LLP AS**
**CONSULTANT TO THE COMMITTEE, <u>*NUNC PRO TUNC*</u> TO AUGUST 21, 2013**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, JAMES

GADSDEN declares:

1.      I am an individual working in New York, New York. I make this

declaration (the "<u>Declaration</u>") in support of the application (the "<u>Application</u>") of the duly-

appointed Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the chapter 11 cases

(the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors-in-possession (collectively,

the "<u>Debtors</u>") seeking entry of an order, substantially in the form attached to the Application as

<u>Exhibit B</u>, authorizing the retention of CLM as a consultant to the Committee and for the

provision of my services as an expert witness in compliance with sections 328 and 1103 of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to provide the

disclosure required under Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Bankruptcy Rules").

        2.      Unless otherwise stated in this Declaration, I have personal knowledge of

the facts hereinafter set forth.  To the extent that any information disclosed herein requires

subsequent amendment or modification upon my completion of further analysis or as additional

information regarding creditors and other parties-in-interest becomes available, one or more

supplemental declarations will be submitted to the Court reflecting the same.

## SERVICES TO BE RENDERED

        3.      I have served as counsel or as an expert witness in matters relating to the

drafting or interpretation of indentures and security agreements.  I have over 39 years of legal

practice involving the representation of indenture trustees and issuers of debt under indentures.

Subject to approval of the Application, and pursuant to the Engagement Letter, it is expected that

my services will include, without limitation:

- Analysis of applicable indentures and security agreements;

- Review of documents for indentures and security agreements drafted around the same time as the Notes Security Agreement (as defined in the Adversary Proceeding);

- Development of an expert report and opinion, and if necessary, the provision of expert testimony, with respect to the Adversary Proceeding (as defined in the Application); and

- Provision of such other expert-related testimony, consulting or advisory services as may be need.

4.       In addition, I will utilize the services of CLM's professionals and

paraprofessionals for research assistance and related support services to assist me with the

performance of services as set forth above.

5.       For the avoidance of doubt, CLM is not being retained as counsel of

record for any party and the scope of this engagement does not include giving attention to,

forming professional opinions as to, or advising the Committee with respect to, any matters save

and except in the limited capacity as expert consultant and witness as described in the

Engagement Letter.

6.       I understand that the Committee will be utilizing other professionals to

assist in the  prosecution of the Adversary Proceeding but that I am the only one opining on the

custom, usage and industry practice concerning certain provisions of indenture and security

agreements such that I understand there will be no duplication of services.

## DISINTERESTEDNESS OF PROFESSIONALS

7.       In connection with this proposed engagement, I was provided with a

comprehensive list of entities (the "Contact Parties"), that was prepared by the Debtors' counsel,

who may have contacts with the Debtors (the "Retention Checklist").  According to the

Retention Checklist, the Contact Parties include, but are not limited to: (a) the Debtors and their

subsidiaries; (b) the Debtors' foreign subsidiaries; (c) the Debtors' officers and directors;

(d) parties to funding agreements with the Debtors; (e) the Debtors' bondholders; (f) the Debtors'

landlords and tenants; (g) parties to litigation with the Debtors; (h) judges of the United States

Bankruptcy Court for the Southern District of New York and district court judges in New York;

(i) attorneys for the Office of the United States Trustee for the Southern District of New York;

(j) the Debtors' depository banks;  (k) the  Debtors' consultants  and  professionals  and

professionals  retained  by  other significant non-Debtor parties-in-interest; (l) HELOC investors

in the Debtors; (m) counterparties to servicing agreements with the Debtors; (n) significant

utility providers to the Debtors; and (o) the Debtors' 50 largest unsecured creditors.    A copy of

the Retention Checklist is attached hereto as Schedule 1.

        8.     CLM maintains a computerized database with conflict checking software

to identify connections between the firm and the parties being checked.  Reports were run from

the conflict checking software for all of the names listed in the Retention Checklist.  Personnel

assisting me and I reviewed all of the reports to determine whether I or my firm have any

connections to such parties and, if so, whether such connections relate in any way to the

proposed engagement in these Chapter 11 Cases and identified the parties with the connections

described in paragraph 9 of this Declaration.  Any client connection in which CLM or I had

represented a Contact Party within the last two years was compiled for purposes of this

Declaration.

        9.     Based on this review, it appears that (i) both CLM and I do not hold or

represent an interest that is adverse to the Debtors' estates or the Committee on matters on which

I have been engaged, (ii) each of CLM and I are a disinterested person who does not hold or

represent any interest adverse to and has no connection with (subject to the disclosures set forth

below) the Debtors, their creditors, the United States Trustee or any party-in-interest herein in

the matters upon which I am to be retained, and (iii) each of CLM and I are a "disinterested

person" within the meaning of section 101(14) of the Bankruptcy Code, subject to the following

material disclosures.  I believe that CLM"s representation of the following parties has not

affected and will not affect its engagement in these Chapter 11 Cases:

          a.     CLM acts as local counsel in these Chapter 11 Cases for the
Talcott Franklin Group as investors in certain residential backed
mortgage securities issued by the Debtors.  This representation
accounted for less than 1% of the firm's revenue for 2012.  No

members of The Talcott Franklin Group have reported that they hold any Junior Secured Guaranteed Notes issued by Debtor Residential Capital, LLC.

b.  In matters unrelated to the Debtors, CLM currently represents The Bank of New York Mellon Trust Company, N.A. and its affiliate, The Bank of New York Mellon. The Bank of New York Mellon Trust Company, N.A., in its capacity as trustee, is a party in interest in these cases and a member of the Committee. CLM represents The Bank of New York Mellon Trust Company, N.A. and The Bank of New York Mellon in connection with the rehabilitation proceeding for Financial Guaranty Insurance Company. This representation accounted for less than 8% of CLM's revenue for 2012.

c.  In matters unrelated to the Debtors, CLM currently represents or formerly represented Bank of America and affiliates, Charles Schwab, FTI Consulting, Inc., GMAC UK PLC, Goldman Sachs & Co., J.P. Morgan Chase Bank and affiliates, U.S. Bank, N.A. and affiliates, Wilmington Trust Company, Hon. Miriam Cerdarbaum (the widow of a retired partner), Hon. Thomas P. Griesa, Janney Montgomery Scott LLC and Penson Financial Services, Inc./Ridge. None of those representations accounted for more than 1% of CLM's revenue, other than U.S. Bank, N.A. and affiliates which accounted for less than 3% of CLM's revenue for 2012.

10.  I have advised the Committee of CLM's willingness to serve as a consultant and my willingness to serve as its expert witness and to accept compensation and reimbursement of expenses in accordance with CLM's standard billing practices subject to this Court's approval in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules and orders of the Court. Except as set forth herein, if CLM's proposed retention is approved by this Court, CLM will not accept any engagement to act as a consultant or expert or take any other matters that would conflict with such retention.

## PROFESSIONAL COMPENSATION

11.  My current hourly rate is $825/hour. CLM will seek reimbursement for research assistance and for support services such as photocopying and access to legal research databases provided by my firm and its employees. The paralegal who has assisted and will assist

me is billed at an hourly rate of $215. Associates who have assisted and will assist me are billed at any hourly rate of between $250 and $270. These hourly billing rates are subject to periodic adjustments to reflect economic and other conditions. CLM regularly charges its clients for expenses incurred in connection with the representation of a client in a given matter. Such expenses include, without limitation, travel costs, telecommunications, express or overnight mail, messenger service, photocopying costs, meals, and other computer research-related expenses, and, in general, all identifiable expenses that would not have been incurred except for representation of a particular client. CLM will abide by the rules and regulations relating to reimbursement of expenses which have been adopted by this Court and by the Office of the United States Trustee.

12.    Except as permitted by section 504(b)(1) of the Bankruptcy Code, I will not share any compensation to be paid by the Debtors with any other person or firm.

13.    CLM and I are not a creditor, equity security holder or an insider of any of the Debtors.

14.    CLM and I are not, and were not within the two years prior to the Petition Date, a director, officer, or employee of any of the Debtors.

15.    Accordingly, I believe both CLM and I each are a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  October 11, 2013
        New York, New York

/s/ James Gadsden
James Gadsden

**<u>SCHEDULE 1</u>**

**Retention Checklist**

**RESIDENTIAL CAPITAL, LLC ET AL.**
**Case No. 12-12020 (MG)**

**MASTER CONFLICT LIST**

## Debtors and Subsidiaries

ditech, LLC
DQA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC RCSFJV2004, LLC
Residential Accredit Loans, Inc. Residential Asset
Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC RFC Borrower LLC
RFC Construction Funding, LLC RFC REO LLC
RFC SFJV-2002, LLC

## Foreign Subsidiaries

Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad
  Financiera de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc Private Label Group Limited
Private Label Mortgage Services Limited

## Officers and Directors

Abreu, Steven
M. Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

## Parties to Funding Agreements

Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC Citibank, N.A.
Wells Fargo Bank, N.A. BMMZ Holdings LLC
US Bank National Association
Deutsche Bank Trust Company Americas

**Bondholders**
AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon, (The)/Barclays Capital –
  London
Bank of Nova Scotia/CDS BARC/FIXED
Barclays Capital Inc. /LE
Berkshire Hathaway Inc. BlackRock Global Investors
Charles Schwab & Co., Inc. CITIBK/GRP
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co. First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc./Ridge.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated
Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**
2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul Development LLC

Avenel Realty Company d / b / a Avenel at
  Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real Estate
  Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties
  Services Ltd Partnership Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of
  America c/o Northmarq RES The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere Community
  Credit Union
W.E.G., Jr., Inc. d / b / a Highland-March Beverly
  Suites

**Parties to Litigation**
Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York,
  Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Assured Guaranty Municipal Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company
Deutsche Zentral-genossenschaftsbank, New York
  Branch, d/b/a DZ Bank AG, New York Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency
Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC
Fort Washington Investment Advisors, Inc.
HSH Nordbank AG

HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.
IKB Deutche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

**U.S. Trustee's Office (Region 2 Trial Attorneys)**
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.
Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

**Bankruptcy Judges (New York)**
Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert

Gerber, Robert E.
Glenn, Martin
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

**District Court Judges (New York)**
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

**Depositing Banks**
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.

M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
AlixPartners
Barclays Bank PLC
Centerview Partners LLC
Chadbourne & Parke LLP
Deloitte & Touche
Evercore
Fortress Investment Group, LLC
FTI Consulting, Inc.
Gonzalez, Arthur J.
Kirkland & Ellis LLP
Kramer Levin Naftalis & Frankel LLP
Kurtzman Carson Consultants LLC
Mayer Brown LLP
Mercer
Moelis
Nationstar Mortgage, LLC
PricewaterhouseCoopers
Rubenstein Associates, Inc.
Sidley Austin LLP
Skadden, Arps, Slate, Meagher & Flom LLP

**HELOC Investors**
5th 3rd bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust
The Bank of New York Mellon
Treasury Bank, N.A.
Us Bank, N.A.
Wachovia Bank Na
Wells Fargo Bank, N.A.

**Servicing Counterparties**

**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association (Ginnie Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority

Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and Philadelphia N.H.S.
Oregon Housing and Community Services Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
The ACE Group
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
FGIC
Financial Security Assurance Inc
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA
Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc. Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company
Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Croup, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital

Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank
Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust 2005-2
American Home Mortgage Investment Trust 2005-4A
American Home Mortgage Investment Trust 2006-2
American Home Mortgage Investment Trust 2007- A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC
American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida, LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal
Audobon Savings Bank
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust
Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bancap
Banco Mortgage Company
Banco Popular North America
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust

Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation
Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association
Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.
Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Citizens Bank of Connecticut
Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield

Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities
  Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.
EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association
Encore Savings Bank Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan
Fifth Third Bank
Financial Asset Securities Corp.
First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of
  Storm Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation

First NLC
First Rate Capital Corporation
First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services, LP
GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9
GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of
  Rome, Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage

HomEq Servicing Corporation
Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group
Irwin Union Bank and Trust Company
Ixis Real Estate Capital Inc
Jackson Federal Bank Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB
Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.
Los Angeles County Employees Retirement
Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.
Merck Sharp & Dohme Federal Credit Union

Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation
Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
MRF 3 LLC
Mrit Securities Corporation
Mutual Savings & Loan Association of Charlotte, N.C.
Mutual Savings Bank National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC
New York Life Insurance and Annuity Corporation
New York Life Insurance Company
Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation
Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank

Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.
Principal Bank
Principal Mutual Life Insurance Company
Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise, LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank
Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust
Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC
Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB

Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation
Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank
Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation
The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation
United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage
USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC

WMCC Clayton / Washington Mutual Bank
WMD Capital Markets, LLC

**Utilities**
Abovenet Communications Inc.
AT&T
AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie
Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center
MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

**Consolidated Top 50 Creditors**
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York
Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.

Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A.
West Virginia Investment Management Board
Western & Southern

**Members of the Creditors' Committee**
Allstate Life Insurance Company
AIG Asset Management (U.S.), LLC
The Bank of New York Mellon Trust Company, N.A.
Deutsche Bank Trust Company Americas
Drennen, Rowena L.
Financial Guaranty Insurance Company
MBIA Insurance Corporation
U.S. Bank National Association
Wilmington Trust, N.A.

**Rule 2004 Motion Parties**
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC
Houlihan Lokey
IB Finance Holding Company, LLC
Kelly Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison & Foerster LLP
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

## EXHIBIT B

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

## ORDER APPROVING RETENTION OF CARTER LEDYARD & MILBURN LLP AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO AUGUST 21, 2013

Upon the application (the "Application") of the Official Committee of Unsecured

Creditors appointed in the above-captioned cases (the "Committee") for entry of an order (the

"Order") authorizing the retention of Carter Ledyard & Milburn LLP ("CLM") as a

consultant to the Committee effective as of August 21, 2013, as more fully described in the

Application; and upon the Declaration of James Gadsden (the "Gadsden Declaration"), dated

September 18, 2013, attached to the Application as Exhibit A; and the Court being satisfied that

based on the representations made in the Application and the Gadsden Declaration that CLM and

Mr. Gadsden are "disinterested" as such term is defined in section 101(14) of the Bankruptcy

Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section

327(a) of the Bankruptcy Code, and that CLM and Mr. Gadsden represent no interest adverse to

the Debtors' estates or the Committee with respect to the matters upon which he is to be

engaged; and the Court having jurisdiction to consider the Application and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the

Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court Judges of the

District Court for the Southern District of New York, dated January 31, 2012 (Preska, Acting

C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Application having been provided; and the Court having found and

determined that the relief sought in the Application is in the best interests of the Committee and

that the legal and factual bases set forth in the Application establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that CLM shall use its best efforts to avoid any duplication of services

provided by any of the Committee's other retained professionals in these Chapter 11 Cases; and

it is further

ORDERED that if the Committee requests that CLM provide additional advice on

matters substantially associated with the subject matter of its retention but not specifically

enumerated in the Application, CLM shall advise the United States Trustee and the Debtors to

the extent possible of such additional matters; and it is further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code and

Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the Committee is authorized to

retain and employ CLM as a consultant and Mr. Gadsden as its expert witness in accordance

with the terms and conditions set forth in the Application and the Engagement Letter, *nunc pro*

*tunc* to August 21, 2013, and it is further

ORDERED that payment of CLM's fees and expenses shall be made pursuant to the

terms described in the Application and the Gadsden Declaration, in accordance with the

applicable provisions of the Bankruptcy Code (including Bankruptcy Code §§ 330 and 331), the

Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and the United States

Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. Section 330, dated January 30, 1996, and any other applicable procedures and orders of this Court; and it is further

ORDERED that prior to any increases in rates as set forth in the Application, C L M shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

ORDERED that the Engagement Letter is incorporated herein by reference and approved in all respects; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2013
      New York, New York

                          _____
                          Hon. Martin Glenn
                          United States Bankruptcy Judge

## **EXHIBIT C**

**Engagement Letter**

# CARTER LEDYARD & MILBURN LLP
### *Counselors at Law*

James Gadsden
Partner

•

*Direct Dial: 212-238-8607*
*E-mail: gadsden@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*

•

*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

August 21, 2013

John Morris, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024

Re:     *In re Residential Capital LLC*, Case No. 12-12020 (MG); Official
Committee of Unsecured Creditors v. UMB Bank, N.A.,
Ad No. 13-01277(MG) (the "Adversary Proceeding")

Dear Mr. Morris:

I understand that Pachulski Stang Ziehl & Jones LLP ("Pachulski Stang") is conflicts
counsel for the Official Committee of Unsecured Creditors of Residential Capital, LLC et al. (the
"Committee") in these jointly administered bankruptcy cases. Pachulski Stang, on behalf of the
Committee, proposes, subject to approval of the United States Bankruptcy Court for the Southern
District of New York (the "Bankruptcy Court"), to retain Carter Ledyard & Milburn LLP (the
"Firm") as an expert consultant to address issues raised in Counts I and IV of the Adversary
Proceeding. The Firm's assistance to Pachulski Stang will include the provision of expert
analysis of certain issues raised in the Adversary Proceeding and may include, if deemed
advisable by Pachulski Stang, an expert report, deposition testimony, and/or expert testimony at
trial of the matter by me. The Firm is not being retained as counsel of record for any party in the
bankruptcy cases and the scope of this engagement does not include giving attention to, forming
professional opinions as to, or advising Pachulski Stang or the Committee with respect to, any
matters save and except in the limited capacity as an expert consultant as described herein and, if
later deemed advisable to Pachulski Stang, an expert witness. This letter agreement sets forth the
terms of the retention.

The Firm will be paid a fee of $825/hour for the time spent in connection with
performing my services. This is my standard hourly rate billed to clients of my firm for my legal
services in matters of this type. The Firm will be reimbursed for its customary costs, expenses
and disbursements incurred in connection with my services and for the reasonable and customary
time charges for any attorneys or staff who assist me in performing the services described herein.
The Firm will bill monthly, or at the conclusion of my services, if sooner. It is further
understood that notwithstanding anything herein to the contrary or by execution hereof, neither
Pachulski Stang nor any member of the Committee shall have any liability or responsibility
hereunder whatsoever, and that the payment of the Firm's fees and expenses shall be subject to
payment by the Debtors and allowance by the Bankruptcy Court, on an interim and final basis

7274335.4

(as the case may be). Your firm will prepare for my review a retention application to be submitted to the Bankruptcy Court. The Firm will perform the necessary conflict check and will keep any necessary records to support any necessary application for payment of its services in the bankruptcy cases. In the course of the Firm's retention, you may call upon me to provide information, prepare studies or reports, participate in meetings, review materials, and undertake other tasks for the Committee for the purpose for which the Firm is being retained. It is understood that the Firm's work conclusions and communications while an expert consultant will be covered by the attorney-client privilege and attorney work product rule to the extent provided by law, and the Firm and I agree to do all things necessary to preserve those privileges.

During the period of the Firm's engagement, the Firm will not to act as a consultant or expert or take on any other matters that would conflict with the substance of the work the Firm will be providing under the terms of this letter. Except as you expressly direct, neither I, nor anyone assisting me in this engagement, shall communicate in any way with any party to the bankruptcy cases or any attorney or representative of such a party regarding matters relating to the bankruptcy cases or the Adversary Proceeding. You are aware that my firm acts as local counsel for the Talcott Franklin Group in the bankruptcy cases and regularly represents The Bank of New York Mellon, which, in its capacity as trustee is a party in interest in these cases, and its affiliates, but has not represented The Bank of New York Mellon or any of its affiliates in connection with the bankruptcy cases. I warrant and represent that, except as previously disclosed to you as of the date of this letter, neither the Firm nor I have been asked to or agreed to render any consulting or other services to any other party in connection with the bankruptcy cases or the Adversary Proceeding. The Firm and I will provide services relating to the Adversary Proceeding only to you on behalf of the Committee, and any such other parties that you expressly designate to receive such services.

This agreement shall be construed in accordance with New York law without regard to its conflict of laws rules or principles. It is understood and agreed that the parties submit to the exclusive jurisdiction of the Bankruptcy Court or, in the event such court determines it lacks subject matter jurisdiction, the state and federal courts located in New York, New York for purposes of resolving any disputes arising out of or relating to this agreement and agree to use such courts as the exclusive forum for the resolution of any such disputes and waive trial by jury for any disputes.

This agreement may not be modified or amended, except by a writing signed by all parties; shall be binding on all successors and assigns; and contains the entire agreement and understanding among the parties, superseding all prior oral or written understandings.

The Firm and I agree that documents and information of any kind that I (or anyone assisting me) acquire will be maintained in strict confidence and not disclosed to any other person or party without or prior written consent, except for use in the Adversary Proceeding and except as may be required by applicable law, regulatory authority or legal process. If access to any of the materials in the Firm's possession relating to this engagement is sought by a third party, I will promptly notify Pachulski Stang of such action and will cooperate with Pachulski Stang concerning a response thereto. All documentary material provided to the Firm or to me (or to anyone assisting me), together will all copies thereof, must be returned immediately upon request. In addition, any activities that the Firm or I perform under this agreement and any

-3-

conclusions or judgments that I reach or have reached must be maintained as confidential in the same way. These restrictions will continue even after the termination of the Firm's consulting work for you and after the termination of the matter. In addition, the Firm and I will be subject to the same confidentiality agreement currently in place between the Committee and the Debtors.

You may terminate this agreement at any time, and the Debtors shall only be responsible for any fees or expenses incurred up to such date of termination. The Firm and I agree that we will cease all work under this agreement promptly upon its termination or at any time that the Firm is requested to do so. The Firm and I may withdraw at any time with your consent or for good cause without your consent. Neither the termination of this agreement nor the completion of this engagement shall relieve the Firm, me or any persons who have assisted me of the continuing confidentiality obligations set forth above. At your request, any materials provided to the Firm, me or persons assisting me by or on behalf of the Committee (and any copies of such materials), as well as all work papers or other materials created by the Firm, me or persons assisting me in connection with this engagement, shall be returned to you.

If the foregoing accurately sets forth our understanding, please sign the enclosed counterpart of this letter and return it to me, whereupon this letter agreement shall become a binding agreement between us, subject to approval of the Bankruptcy Court.

Very truly yours,

James Gadsden

JG:mc

ACCEPTED AND AGREED

PACHULSKI STANG ZIEHL & JONES LLP, on behalf of the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al.

By:_____

Name: Robert J. Feinstein

Title: Partner