# Exhibit 5

**RESCAP PRIVATE SECURITIES CLAIMS LIQUIDATING TRUST
AGREEMENT AND DECLARATION OF LIQUIDATING TRUST**

This Private Securities Claims Liquidating Trust Agreement and Declaration of Liquidating Trust (this "**PSC Trust Agreement**") is entered into as of _____ __, 2013, by and among Residential Capital, LLC ("**ResCap**"), certain affiliates signatory hereto (together with ResCap, the "**Debtors**"), and Quest Turnaround Advisors, LLC in its capacity as the liquidating trustee (the "**PSC Trustee**") in order to establish a liquidating trust (the "**PSC Trust**") for the benefit of the holders of securities litigation claims against the Debtors and Ally Financial, Inc. and its non-Debtor affiliates, arising from the purchase or sale of residential mortgage-backed securities (the "**Private Securities Claims**," and the exclusive holders thereof, as identified in footnote 10 of the Supplemental Term Sheet annexed as Exhibit B to the Plan Support Agreement, dated as of May 13, 2013 (the "**Plan Support Agreement**"), are hereinafter referred to as the "**Private Securities Claimants**").

## RECITALS

**WHEREAS**, on May 14, 2012, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") commencing jointly administered cases under the caption *In re Residential Capital, LLC*, Case No. 12-12020 (the "**Bankruptcy Cases**"); and

**WHEREAS**, on August 20, 2013, the Debtors and the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. filed that certain Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors (Dkt. No. 4770) (together with any amendments or modifications thereto required or permitted by the Bankruptcy Court or as otherwise permitted pursuant to the terms of the Plan, the "**Plan**"); and

**WHEREAS**, on [_____ __], 2013, the Bankruptcy Court entered an Order confirming the Plan (Dkt. No. [ ]) (the "**Confirmation Order**"); and

**WHEREAS**, pursuant to the Plan, a liquidation trust has been established for the benefit of certain unsecured creditors of the Debtors (the "**Main Liquidation Trust**"); and

**WHEREAS**, pursuant to the Plan, the PSC Trust has been established for the benefit of the Private Securities Claimants;

**WHEREAS**, on the Initial Unit Distribution Date, the Main Liquidation Trust will issue units of beneficial interests (the "**Liquidating Trust Units**") to certain unsecured creditors of the Debtors and/or their designated recipients, including the PSC Trust; and

**WHEREAS**, as set forth in the Plan, the PSC Trust will receive a number of Liquidating Trust Units (referred to in the Main Liquidating Trust Agreement as the "Private Securities Claims Trust Unit Distribution") that will entitle the holders thereof to periodic distributions of cash from the Main Liquidation Trust in the aggregate amount of $235 million, subject to upward or downward adjustment as provided under the Plan (including any such cash distributions thereon, the "**PSC Trust Assets**"); and

**WHEREAS**, the Private Securities Claimants having agreed to the allocation among them of the PSC Trust Assets, as set forth in the Allocation Agreement (as defined below), the primary duty of the PSC Trustee hereunder shall be the distribution to each Private Securities Claimant of its respective allocated share of the PSC Trust Assets, in accordance with the Allocation Agreement; and

**WHEREAS**, as soon as practicable after receiving the PSC Trust Assets (and in any event, within one Business Day), the PSC Trust shall distribute to the Designated DTC Participant (as defined below) of each Private Securities Claimant such claimant's allocated share of the PSC Trust Assets, calculated in accordance with Schedule I annexed to the Allocation Agreement; provided, however, that if any Private Securities Claimant has not identified to the PSC Trust its Designated DTC Participant, such Private Securities Claimant shall not be entitled to receive its allocated share of the Private Securities Claims Trust Unit Distribution from the PSC Trust; and

**WHEREAS**, pending the distributions contemplated by the immediately preceding recital, the PSC Trust Assets will be held in trust pursuant to the terms of the Plan and this PSC Trust Agreement for the benefit of each Private Securities Claimant as a Holder of an Allowed Private Securities Claim in Classes R-6, GS-6, and RS-6 under the Plan (each, a "**Beneficiary**" and collectively, the "**Beneficiaries**"); and

**WHEREAS**, the PSC Trust is established for the sole purpose of distributing the PSC Trust Assets to the Beneficiaries, with no objective or authority to continue or engage in the conduct of a trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the PSC Trust and the Plan; and

**WHEREAS**, for U.S. federal income tax purposes, the PSC Trust is intended to be treated as an agent of the Beneficiaries; and

**WHEREAS**, this PSC Trust Agreement is subject to the approval of the Bankruptcy Court in the Confirmation Order.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and agreements contained herein and in the Plan, the Debtors, the reorganized Debtors, the PSC Trustee, intending to be legally bound, agree as follows:

## ARTICLE I
## DEFINITIONS

**Section 1.1.    Definitions.**

The terms defined in this section are specific to this PSC Trust Agreement. Capitalized terms used but not otherwise defined in this PSC Trust Agreement shall have the meanings ascribed to those terms in the Plan. For the purposes of this PSC Trust Agreement, the following terms (which appear in this PSC Trust Agreement with initial capitalized letters) shall have the meanings set forth below, and such meanings shall be equally applicable to the singular and to the plural form of the terms defined, unless the context requires otherwise.

"**Allocation Agreement**" means the Private Securities Claims Allocation Agreement, dated as of August 16, 2013, by and among the Private Securities Claimants, pursuant to which the parties thereto agreed to allocate the PSC Trust Assets among the Private Securities Claimants.

"**Bankruptcy Cases**" has the meaning ascribed thereto in the recitals.

"**Bankruptcy Code**" has the meaning ascribed thereto in the recitals.

"**Bankruptcy Court**" has the meaning ascribed thereto in the recitals.

"**Beneficiary**" or **"Beneficiaries"** has the meaning ascribed thereto in the recitals;

"**Business Day**" means any day other than Saturday, Sunday, and any day that is a legal holiday or a day on which banking institutions in New York, New York are required or authorized by law or governmental action to close.

"**Confirmation Order**" has the meaning ascribed thereto in the recitals.

"**Debtors**" has the meaning ascribed thereto in the preamble.

"**Designated DTC Participant**" means a participant (including a securities broker and dealer, a bank, a trust company, a clearing corporation, and other financial organizations) of DTC, as depositary, identified by a Private Securities Claimant to the PSC Trust as the party that will receive the distribution, on behalf of such Private Securities Claimant, of such Private Securities Claimant's allocated share of the PSC Trust Assets.

"**Effective Date**" means the date on which the Plan becomes effective, in accordance with its terms.

"**Indemnified Person**" has the meaning ascribed thereto in Section 8.1.

"**IRS**" means the Internal Revenue Service.

"**IRS Form(s)**" has the meaning ascribed thereto in Section 6.10.

"**Liquidating Trust Unit**" has the meaning ascribed thereto in the recitals.

"**Main Liquidating Trust**" has the meaning ascribed thereto in the recitals.

"**Main Liquidating Trust Agreement**" means the liquidating trust agreement governing the Main Liquidating Trust.

"**Nominating Party**" has the meaning ascribed thereto in Section 3.4(a) of this PSC Trust Agreement.

"**Non-DTC Beneficiary**" has the meaning ascribed thereto in Section 6.4(a).

"**Original Beneficiary**" means any party that was a Beneficiary as of the Effective Date;

"**Person**" means any individual, corporation, partnership, limited liability company, firm, joint venture, association, joint-stock company, trust, unincorporated organization, governmental body, or other entity.

"**Plan**" has the meaning ascribed thereto in the recitals.

"**Plan Support Agreement**" has the meaning ascribed thereto in the preamble.

"**PSC Board Designee**" has the meaning ascribed thereto in Section 3.4(a) of this PSC Trust Agreement.

"**PSC Board Seat**" has the meaning ascribed thereto in Section 3.4(a) of this PSC Trust Agreement.

"**PSC DTC Account**" has the meaning ascribed thereto in Section 4.5(a) of this PSC Trust Agreement.

"**PSC Trust**" has the meaning ascribed thereto in the preamble.

"**PSC Trust Agreement**" has the meaning ascribed thereto in the preamble.

"**PSC Trust Assets**" has the meaning ascribed thereto in the recitals.

"**PSC Trust Office**" means the address at which the PSC Trustee conducts business as set forth in Section 9.1 of this PSC Trust Agreement.

"**Quest**" has the meaning ascribed thereto in Section 4.1.

"**Register**" has the meaning ascribed thereto in Section 3.2.

"**Treasury Regulations**" mean U.S. Treasury Department regulations promulgated under the Internal Revenue Code of 1986, as amended.

**Section 1.2.    Rules of Construction.**

Except as otherwise expressly provided in this PSC Trust Agreement or unless the context otherwise clearly requires:

(a)    References to designated articles, sections, and other subdivisions of this PSC Trust Agreement refer to the designated article, section, or other subdivision of this PSC Trust Agreement as a whole and to all subdivisions of the designated article, section, or other subdivision.  The words "herein," "hereof," "hereto," "hereunder" and other words of similar import refer to this PSC Trust Agreement as a whole and not to any particular article, section or other subdivision of this PSC Trust Agreement.

(b)    Any term that relates to a document or a statute, rule, or regulation includes any amendments, modifications, supplements or any other changes that may have occurred since the document, statute, rule, or regulation came into being, including changes that occur after the date of this PSC Trust Agreement.

(c)    Unless a provision is restricted as to time or limited as to frequency, all provisions under this PSC Trust Agreement are implicitly available from time to time.

(d)    The term "including" and all its variations mean "including but not limited to." Except when used in conjunction with the word "either," the word "or" is always used inclusively (for example, the phrase "A or B" means "A or B or both," not "either A or B but not both").

(e)    All accounting terms used in an accounting context and not otherwise defined shall be construed in accordance with United States generally accepted accounting principles.

(f)    In the computation of a period of time from a specified date to a later specified date or an open-ended period, the word "from" means "from and including" and the words "to" or "until" mean "to but excluding." Likewise, in setting deadlines or other periods, "by" means "on or before," and "after" means "from and after."

All terms defined in this PSC Trust Agreement shall have the defined meanings when used in any document made or delivered pursuant hereto unless otherwise defined therein.

## ARTICLE II
## ORGANIZATION

### Section 2.1.    Establishment of PSC Trust and Name.

Pursuant to the Plan, the Debtors and the PSC Trustee hereby establish  for the benefit of the Beneficiaries a trust that shall be known as the "**ResCap Private Securities Claims Trust**," in which name the PSC Trustee may conduct the affairs of the PSC Trust as set forth in this PSC Trust Agreement.

### Section 2.2.    Office.

The office of the PSC Trust shall be in care of the PSC Trustee at the PSC Trust Office or at any other address that the PSC Trustee may designate by written notice to the Beneficiaries.

### Section 2.3.    Declaration of PSC Trust.

Upon the Effective Date, the PSC Trustee shall have all the rights, powers and duties set forth herein, in the Plan and pursuant to applicable law for accomplishing the purposes of the PSC Trust.  The PSC Trustee is hereby authorized to file with any governmental authority any documents necessary to establish the PSC Trust.

**Section 2.4.    Appointment of PSC Trustee.**

The appointment of the PSC Trustee was approved by the Bankruptcy Court in the Confirmation Order and the PSC Trustee shall commence serving as the PSC Trustee on the Effective Date; provided, however, that the party appointed as the PSC Trustee shall be permitted to act in accordance with the terms of the PSC Trust Agreement from the date the Confirmation Order is entered through the Effective Date.

**Section 2.5.    Acceptance of PSC Trust.**

The PSC Trustee accepts the PSC Trust Assets and agrees to promptly distribute the PSC Trust Assets in accordance with Section 6.4(a) of this PSC Trust Agreement, subject to the terms of the Plan, the Confirmation Order and this PSC Trust Agreement.

**Section 2.6.    [RESERVED]**

**Section 2.7.    Conveyance of PSC Trust Assets.**

On the Initial Unit Distribution Date, the Main Liquidating Trust will issue  to the PSC Trust the Private Securities Claims Trust Unit Distribution, and the PSC Trust shall accept the Private Securities Claims Trust Unit Distribution in trust for the benefit of the Beneficiaries.

**Section 2.8.    Nature and Purpose of the PSC Trust.**

(a)    Purpose.    The PSC Trust shall be established for the sole purpose of distributing the Private Securities Claims Trust Unit Distribution and the proceeds thereof, with no objective to continue or engage in the conduct of a trade or business.  Subject to definitive guidance from the IRS, for U.S. federal income tax purposes, all parties shall treat the PSC Trust as an agent of the Beneficiaries.

(b)    Manner of Acting.    The PSC Trustee shall oversee the distribution of the PSC Trust Assets in a cost-effective manner in accordance with Section 6.4(a) of this PSC Trust Agreement, the Plan and the Confirmation Order, and shall not unduly prolong the duration of the PSC Trust.

**Section 2.9.    Status of PSC Trustee.**

The PSC Trustee is not authorized to engage, and shall not engage, in any trade or business with respect to the PSC Trust Assets or any proceeds therefrom, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the PSC Trust.

## ARTICLE III
## THE BENEFICIARIES

### Section 3.1.    Rights of Beneficiaries.

Each Beneficiary shall be entitled to participate in the rights due to a Beneficiary hereunder.  Each Beneficiary shall have a beneficial interest in the PSC Trust subject to all of the terms and provisions of this PSC Trust Agreement and the Plan, and each of the Private Securities Claims is hereby deemed to be an allowed claim in the Bankruptcy Cases, in the respective amounts sufficient to justify the distributions provided herein and in the Allocation Agreement.  The interest of a Beneficiary of the PSC Trust is in all respects personal property.  A Beneficiary shall have no title to, right to, possession of, management of, or control of, the PSC Trust Assets, except as herein expressly provided.  The sole interest of the Beneficiaries shall be the rights and benefits given to such Persons under this PSC Trust Agreement.

### Section 3.2.    Transfer of Liquidating Trust Units.

To the extent a Beneficiary has identified its Designated DTC Participant to the PSC Trustee and received Liquidating Trust Units in accordance with Section 6.4(a) of this PSC Trust Agreement, such Liquidating Trust Units shall be freely negotiable and transferrable to the extent provided in the Main Liquidating Trust Agreement and the provisions of applicable securities laws.  For so long as DTC continues to serve as depositary for the Liquidating Trust Units, the transferability of Liquidating Trust Units shall also be subject to the requirements of DTC's electronic book-entry system.  The PSC Trustee shall maintain a register (the "**Register**"), which may be a distribution matrix or other appropriate register, to record the number of Liquidating Trust Units held by each of the Original Beneficiaries.  Any Original Beneficiary that purchases or sells any Liquidating Trust Units shall notify the PSC Trustee of the number of Liquidating Trust Units purchased or sold within three (3) business days of the closing of such purchase or sale, and the PSC Trustee shall update the Register accordingly.  The Register shall be kept at the PSC Trust Office, pending termination of the Main Liquidating Trust.

### Section 3.3.    No Legal Title in Beneficiaries.

No Beneficiary shall have legal title to any part of the PSC Trust Assets (prior to the distribution to a Beneficiary of its allocated share thereof).  No transfer by operation of law or otherwise, of the right, title and interest of any Beneficiary in and to the PSC Trust Assets or hereunder shall operate to terminate this PSC Trust or entitle any successor or transferee of such Beneficiary to an accounting or to the transfer to it of legal title to any part of the PSC Trust Assets.

### Section 3.4.    Appointment and Replacement of Main Trust Board Designee..

(a)    In accordance with the Plan Support Agreement, the Private Securities Claimants have the right to designate a member of the board of the Main Liquidating Trust (the "**PSC Board Designee**").  The right to name and/or replace the PSC Board Designee, or to decline to fill a vacancy of such position, shall be vested in the Original Beneficiary that holds the largest number of Liquidating Trust Units (the "**Nominating Party**") at the time a PSC Board Designee is to be appointed or replaced, determined by reference to the Register.

(b)    In the event there is a vacancy on the Liquidating Trust Board (as defined in the Main Trust Agreement) with respect to the board seat previously held by the PSC Board Designee (the "**PSC Board Seat**"), the PSC Trustee will, within three (3) business days of such vacancy, notify the Nominating Party of the vacancy of the PSC Board Seat. The Nominating Party will then notify the remaining Original Beneficiaries, utilizing the list of contact parties set forth in Schedule I hereto, within three (3) business days of its becoming aware of such vacancy. Such notice shall constitute an offer to consult with any interested Original Beneficiary prior to naming a replacement or declining to fill a vacancy of the PSC Board Seat.

(c)    If the Nominating Party does not exercise its right to name a replacement upon vacancy of the PSC designated Board seat within 45 days of receiving notice of such a vacancy from the PSC Trustee, the right to name a replacement PSC Board Designee or allow the seat to lapse shall pass to the Original Beneficiary with the next largest holding of Liquidating Trust Units, who may assume the right to name a replacement or let the seat lapse. If no replacement has been made and there has been no decision to allow the seat to lapse within 60 days of the original vacancy notice, such right shall revert to the Liquidating Trust Board. However, in the event of a subsequent vacancy in the PSC Board Seat, the Nominating Party shall retain the right to name a replacement or allow the seat to lapse.

(d)    For the avoidance of doubt, rights to designate the PSC Board Designee (i) shall not be transferrable other than on the basis of a change in the identity of the Nominating Party in accordance with this Section 3.4, (ii) are not the personal property of any holder, and (iii) without limitation, shall not vest in any transferee (or subsequent transferee) of an Original Beneficiary.

(e)    This Section 3.4 shall survive the termination of the PSC Trust.

## ARTICLE IV
## THE PSC TRUSTEE

**Section 4.1.    <u>Appointment and Tenure of PSC Trustee.</u>**

Quest Turnaround Advisors, LLC ("**Quest**") shall be the PSC Trustee until the PSC Trustee's resignation, death, replacement in accordance with Section 4.2 of this PSC Trust Agreement, or completion of all tasks related to the winding up of the PSC Trust, in accordance with Section 7.2 of this PSC Trust Agreement.

**Section 4.2.    <u>Tenure and Replacement of the PSC Trustee.</u>**

Subject to Section 2.4 above, the authority of the PSC Trustee shall be effective as of the Effective Date and shall remain and continue in full force and effect until (a) the PSC Trust is terminated in accordance with Section 7.1 of this PSC Trust Agreement and (b) the PSC Trustee has completed all tasks related to winding up the PSC Trust.  In the event Quest is replaced as the Liquidating Trust Manager of the Main Liquidating Trust, the person named to replace Quest as the Liquidating Trust Manager of the Main Liquidating Trust shall automatically be appointed, and shall replace Quest,  as the PSC Trustee, and all rights, powers, duties, authority, and privileges of the predecessor PSC Trustee hereunder shall be vested in and undertaken by the successor PSC Trustee without any further act.

**Section 4.3.    [RESERVED]**

**Section 4.4.    [RESERVED]**

**Section 4.5.    <u>Authority/Duties.</u>**

Subject to any limitations contained in, or as otherwise provided by this PSC Trust Agreement or in the Plan or the Confirmation Order, the PSC Trustee shall have the following powers and authorities, subject to the terms and conditions of this PSC Trust Agreement:

(a)    to establish a securities account, custodial account or other appropriate account at a securities broker and dealer, bank, trust company, clearing corporation, or other financial organization, in each case that is a participant of the Depository Trust Company (the "**PSC DTC Account**"), to receive the Private Securities Claims Trust Unit Distribution from the Main Liquidating Trust (and for the avoidance of doubt, the PSC Trustee shall not have the authority to open any interest bearing account);

(b)    to distribute to the Beneficiaries their respective allocated shares of the PSC Trust Assets in accordance with the Allocation Agreement;

(c)    to maintain the Register listing the Liquidating Trust Units held by each Original Beneficiary, in order to determine at any date the Original Beneficiary entitled to appoint or replace the PSC Trust board designee;

(d)    to provide notice to each of the Original Beneficiaries, within three Business Days, if there is a change in the Original Beneficiary entitled to appoint or replace the PSC Trust board designee, which notice shall include the name and contact information (telephone number and/or email address) of the Original Beneficiary succeeding to such appointment and replacement rights; and

(e)    to do any and all things reasonably necessary to accomplish the purposes of this PSC Trust Agreement, subject to and consistent with the Plan, the Allocation Agreement and the Confirmation Order.

**Section 4.6.    <u>Compensation of PSC Trustee.</u>**

The PSC Trustee shall perform the duties hereunder as incidental to the duties performed for the Main Liquidating Trust and shall not be entitled to additional compensation for the services provided hereunder.

**Section 4.7.    <u>No Implied Obligations.</u>**

No other covenants or obligations shall be implied into this PSC Trust Agreement.  The PSC Trustee shall not be responsible in any manner whatsoever for the correctness of any recital, statement, representation, or warranty herein, or in any document or instrument evidencing or otherwise constituting a part of the PSC Trust Assets.

**Section 4.8.    <u>Unknown Property and Liabilities.</u>**

The PSC Trustee shall only be responsible for the property delivered to the PSC Trust, and the PSC Trustee shall have no duty to make, nor incur any liability for failing to make, any search for unknown property or for any liabilities.

**Section 4.9.   No Bond.**

Notwithstanding any state law to the contrary, the PSC Trustee shall be exempt from giving any bond or other security in this jurisdiction.

**Section 4.10.   Books and Records.**

The PSC Trustee shall maintain books and records relating to the PSC Trust, in such detail as may be necessary to enable the PSC Trustee to fulfill its obligations hereunder, and shall retain such books and records for a period of six (6) years following the termination of the PSC Trust.

**ARTICLE V**
**[RESERVED]**

**ARTICLE VI**
**ADMINISTRATION OF THE PSC TRUST**

**Section 6.1.   Establishment of PSC DTC Account.**

Prior to the Effective Date, the PSC Trustee shall establish the PSC DTC Account to receive the Private Securities Claims Trust Unit Distribution from the Main Liquidating Trust.

**Section 6.2.   Designation of Designated DTC Participants.**

Prior to the Effective Date, each Beneficiary shall identify to the PSC Trust its Designated DTC Participant, utilizing the form annexed hereto as Exhibit A, and shall provide to the PSC Trust such additional information concerning such Beneficiaries account(s) at its Designated DTC Participant as is necessary to enable the PSC Trust to make the distributions contemplated under Section 6.4 of this PSC Trust Agreement.

**Section 6.3.    [RESERVED]**

**Section 6.4.    Distribution Procedures.**

(a)    Distributions.  As soon as practicable after receiving the PSC Trust Assets from the Main Liquidating Trust (and in any event, within one Business Day thereof), the PSC Trustee shall (i) distribute to the Designated DTC Participant of each Beneficiary that has identified to the PSC Trustee a Designated DTC Participant such Beneficiary's allocated share of the PSC Trust Assets, calculated in accordance with Schedule I annexed to the Allocation Agreement (with the identity of each Original Beneficiary and their respective allocations to be provided separately to, and confirmed by, the PSC Trust), and (ii) provide written notice that such distribution has been made to each of the parties listed on Schedule I hereto.  Upon the receipt by a Designated DTC Participant of the respective Beneficiary's allocable share of the PSC Trust Assets, all future distributions to such Beneficiary shall be made directly by the Main Liquidating Trust on account of such Beneficiary's Liquidating Trust Units, and such Beneficiary shall not be entitled to receive any further distributions from the PSC Trust (except in the case of the misdelivery of any property) .

(b)    Return of Distributions.  If a Beneficiary otherwise entitled to receive an allocated share of the Private Securities Claims Trust Unit Distribution has not identified to the PSC Trustee a Designated DTC Participant prior to the Effective Date (each a "**Non-DTC Beneficiary**"), then following the transfer to the PSC Trust of the Private Securities Claims Trust Unit Distribution, the PSC Trustee shall return to the Main Liquidating Trust the Liquidating Trust Units such Non-DTC Beneficiary would otherwise be entitled to receive, together with any cash distributed in respect of such Liquidating Trust Units, and the Main Liquidating Trust shall hold and disburse such Liquidating Trust Units or cash as provided in Section 4.5 of the Main Liquidating Trust Agreement.

**Section 6.5.    [RESERVED]**

**Section 6.6.    [RESERVED]**

**Section 6.7.    [RESERVED]**

**Section 6.8.    Further Authorization.**

The PSC Trustee shall be entitled to seek any orders, judgments, injunctions and rulings as it deems necessary to carry out the intentions and purposes, and to give full effect to the provisions of the Plan, the Confirmation Order, and this PSC Trust Agreement.

**Section 6.9.    Withholding and Reporting Requirements.**

The PSC Trustee shall comply with all applicable tax withholding and reporting requirements imposed by any U.S. federal, state, provincial, local or foreign taxing authority, and all distributions hereunder shall be subject to any such withholding and reporting requirements. The PSC Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

**Section 6.10.  Determination of Tax Information With Respect to Allowed Claims.**

Each Beneficiary shall provide to the PSC Trust prior to the Effective Date a valid properly completed IRS Form W-9 or a valid properly completed IRS Form W-8BEN, W-8ECI, W-8EXP or W-8IMY (including any successor, or otherwise applicable, form, individually, an "**IRS Form**" and, collectively, the "**IRS Forms**"), as applicable.  To the extent necessary, the PSC Trust may provide copies of the Beneficiaries' IRS Forms to the Main Liquidating Trust.

**Section 6.11.  Tax Returns/Tax Matters.**

The PSC Trustee shall file any required tax returns for the PSC Trust in a manner consistent with Section 2.8(a) of this PSC Trust Agreement.  The PSC Trustee shall make such information available to the Beneficiaries in order to enable them to properly file their separate tax returns and withhold and pay any amounts required by any applicable tax law.

**ARTICLE VII**
**DURATION OF PSC TRUST**

**Section 7.1.   Duration of PSC Trust.**

The PSC Trust shall terminate three (3) business days after the PSC Trustee has completed distribution of the PSC Trust Assets to the Beneficiaries, and the PSC Trustee shall promptly take all actions necessary to wind up the affairs of the PSC Trust as soon as reasonably practicable.  For the avoidance of doubt, in the event the PSC Trust has distributed all of the PSC Trust Assets to the Beneficiaries (utilizing their Designated DTC Participants), then the PSC Trust shall terminate three (3) business days thereafter.

**Section 7.2.   Continuance of PSC Trust for Winding Up.**

After the termination of the PSC Trust and for the purpose of liquidating and winding up the affairs of the PSC Trust, the PSC Trustee shall continue to act until the PSC Trustee's duties have been fully performed.  Upon termination of the PSC Trust, the PSC Trustee shall retain for a period of six (6) years the books, records, Register, and other documents and files which have been delivered to or created by the PSC Trustee.  At the PSC Trustee's discretion, all other records and documents may, but need not, be destroyed at any time after two (2) years from the completion and winding up of the affairs of the PSC Trust.  Except as otherwise specifically provided herein, upon the termination of the PSC Trust, the PSC Trustee shall have no further duties or obligations hereunder.

**ARTICLE VIII**
**INDEMNIFICATION; LIMITATIONS ON LIABILITY**

**Section 8.1.   General Indemnification.**

The PSC Trust shall indemnify, defend, and hold harmless any Person who was, or is, a party, or is threatened to be made a party, to any pending or contemplated investigation, action, suit or proceeding, by reason of the fact that such Person is or was the PSC Trustee or one of its officers, directors, employees, representatives, counsel or agents (each, an "**Indemnified**

- 12 -

**Person**"), from and against any and all claims, causes of action, liabilities, obligations, losses, damages, costs, expenses, judgments, fines and amounts paid in settlement actually and reasonably incurred or paid by such Indemnified Person in connection with such investigation, action, suit or proceeding, or the defense or settlement of any such investigation, action, suit, proceeding, claim, issue or matter therein, to the extent of its assets legally available for that purpose and to the fullest extent, permitted by applicable law, except to the extent such liability is determined to be the result of willful misconduct, bad faith or gross negligence.

### Section 8.2.    No Recourse.

To the extent permitted by law, absent willful misconduct, no recourse shall ever be had, directly or indirectly, against the PSC Trustee personally, or against any agent, representative, affiliate, attorney, accountant, financial consultant or other professional of the PSC Trustee, for actions taken or omitted to be taken in connection with the PSC Trust, by legal or equitable proceedings, or by virtue of any statute or otherwise, nor upon any promise, contract, instrument, undertaking, obligation, covenant or agreement whatsoever executed by the PSC Trustee under the Plan, the Confirmation Order or this PSC Trust Agreement; it being expressly understood and agreed that all such liabilities, covenants and agreements shall be enforceable only against and be satisfied only out of the PSC Trust Assets

### Section 8.3.    No Liability for Successor Trustee.

No successor PSC Trustee shall be in any way responsible or liable for the acts or omissions of any predecessor PSC Trustee in office prior to the date on which such Person becomes the PSC Trustee, nor shall such successor PSC Trustee be obligated to inquire into the validity or propriety of any such act or omission unless such successor PSC Trustee expressly assumes such responsibility.  Any successor PSC Trustee shall be entitled to accept as conclusive any final accounting and statement of PSC Trust Assets furnished to such successor PSC Trustee by the predecessor PSC Trustee and shall further be responsible only for those PSC Trust Assets included in such statement.  No predecessor PSC Trustee shall be in any way responsible or liable for the acts or omissions of any successor PSC Trustee, nor shall such predecessor PSC Trustee be obligated to inquire into the validity or propriety of any such act or omission.

### Section 8.4.    Limitation on Liability.

To the extent permitted by law,  the PSC Trustee, the Beneficiaries, and their respective agents, affiliates, attorneys, accountants, financial consultants, or other professionals shall be exculpated from any liability for any errors or omissions made in connection with their duties or actions in connection with this PSC Trust Agreement, except for liability for any errors or omissions arising from their own gross negligence, willful misconduct or bad faith.  No amendment modification or repeal of this Section 8.4 shall adversely affect any right or protection of the PSC Trustee, the Beneficiaries, and their respective agents, affiliates, attorneys, accountants, financial consultants, or other professionals that exists at the time of such amendment, modification or repeal.

**Section 8.5.    Enforcement Costs.**

Any out-of-pocket professional fees, costs or expenses incurred by any Private Securities Claimant, the PSC Trustee or trustee of the Main Liquidating Trust in defending or enforcing the terms of this PSC Trust Agreement shall be recoverable from the Beneficiary or other party whose action or failure to act initiates such defense or enforcement expenditures (an "**Initiating Claimant**"), with right of offset (including reserves for offsets) against any distribution otherwise payable to such Initiating Claimant, except that no defense or enforcement recovery shall apply in the event that such Initiating Claimant is a prevailing party by final judgment.

**Section 8.6.    Survival.**

Each section within this Article VIII shall survive the termination of the PSC Trust.

## ARTICLE IX
## MISCELLANEOUS PROVISIONS

**Section 9.1.    Notices.**

All notices, requests or other communications to the PSC Trustee hereto shall be in writing and shall be sufficiently given only if: (i) delivered in person; (ii) sent by electronic mail, or facsimile communication (as evidenced by a confirmed fax transmission report); (iii) sent by registered or certified mail, return receipt requested; or (iv) sent by a national commercial delivery service or courier.  Until a change of address is communicated, as provided below, all notices, requests and other communications shall be sent to the following address, facsimile number, or email address:

To the PSC Trustee:

> Jeffrey A. Brodsky
> The ResCap Private Securities Claims Trust
> c/o  Quest Turnaround Advisors, LLC
> 800 Westchester Avenue, Suite S-520
> Rye Brook, NY 10573
> Phone: 914-253-8100
> Fax: 914-253-8103
> Email: jbrodsky@qtadvisors.com

With a copy to:

> The ResCap Private Securities Claims Trust
> c/o William R. Thompson
> General Counsel
> Residential Capital LLC
> 1100 Virginia Drive, Suite 250
> MC:190-FTW-S35
> Fort Washington, PA  19034
> Phone 215-734-7543

Fax: 866-725-2979
Email: william.thompson@gmacrescap.com

Notices to each Beneficiary shall be to the (i) the address of each Beneficiary as set forth in the schedules of assets and liabilities filed by the Debtors with the Court unless superseded by the address set forth on any proof of claim filed by such Beneficiary, or (ii) the last known address of such Beneficiary if the Debtors and the PSC Trustee have been notified in writing of a change of address; provided that the notice of distribution pursuant to Section 6.4 of this PSC Trust Agreement shall be transmitted via email utilizing the addresses on Schedule I.

Any party from time to time may change its address, facsimile number or other information for the purpose of notices to that party by giving notice specifying such change to the PSC Trustee.

**Section 9.2.    Effectiveness.**

This PSC Trust Agreement shall become effective upon the Effective Date.

**Section 9.3.    Counterparts.**

This PSC Trust Agreement may be executed in counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding on all parties. Copies of executed counterparts may be exchanged by facsimile, email, or other electronic transmission and such an exchange shall constitute effective delivery by the parties of their respective executed counterparts.

**Section 9.4.    Governing Law.**

Except to the extent the Bankruptcy Code or the Bankruptcy Rules are applicable, this PSC Trust Agreement shall be governed by, construed under and interpreted in accordance with the laws of the State of New York, without regard to whether any conflicts of law that would require the application of the law of another jurisdiction.

**Section 9.5.    Severability of Provisions.**

Any provision of this PSC Trust Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition without invalidating the remaining provisions of this PSC Trust Agreement or affecting the validity or enforceability of any of the terms or provisions of this PSC Trust Agreement in any other jurisdiction.

**Section 9.6.    Entire Agreement.**

This PSC Trust Agreement (including the Recitals), the Allocation Agreement, the Plan, and the Confirmation Order constitute the entire agreement between and among the parties hereto and there are no representations, warranties, covenants or obligations except as set forth herein or therein. This PSC Trust Agreement, the Allocation Agreement, the Plan, and the Confirmation Order supersede all prior and contemporaneous agreements, understandings,

negotiations, discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder; provided, however, to the extent that there is any conflict between the provisions of this PSC Trust Agreement, the Plan, and/or the Confirmation Order, each such document shall have controlling effect in the following rank order: (1) the Confirmation Order; (2) the Plan; and (3) this PSC Trust Agreement.  Except as otherwise specifically provided herein, nothing in this PSC Trust Agreement is intended or shall be construed to confer upon or to give any person other than the parties thereto and their respective heirs, administrators, executors, successors, or assigns any right to remedies under or by reason of this PSC Trust Agreement.

**Section 9.7.   Waiver.**

No failure or delay of any party to exercise any right or remedy pursuant to this PSC Trust Agreement shall affect such right or remedy or constitute a waiver by such party of any right or remedy pursuant thereto.  Resort to one form of remedy shall not constitute a waiver of alternative remedies.

**Section 9.8.   Relationship Created.**

The only relationship created by this PSC Trust Agreement is the relationship between the PSC Trustee and the Beneficiaries as set forth herein.  No other relationship or liability is created.  Nothing contained in this PSC Trust Agreement shall create or be construed as creating an association, partnership, or joint venture of any kind involving any Beneficiary, nor shall the PSC Trustee or the Beneficiaries, or any of them, for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers.

**Section 9.9.   [RESERVED]**

**Section 9.10.   [RESERVED]**

**Section 9.11.   Retention of Jurisdiction by the Bankruptcy Court.**

The Bankruptcy Court shall retain jurisdiction to adjudicate any issue or dispute arising under this PSC Trust Agreement and any other matter that relates to the implementation of the terms and conditions of the Plan and the Confirmation Order.  The PSC Trustee shall have standing in any such proceeding to enforce the rights of the PSC Trust or of the Beneficiaries arising under this PSC Trust Agreement.  Any and all claims and disputes, if any, asserted against the PSC Trustee are subject to the exclusive jurisdiction of the Bankruptcy Court.

**Section 9.12.   [RESERVED]**

**Section 9.13.   Fiscal Year.**

The fiscal year of the PSC Trust will begin on the first day of January and end on the last day of December of each calendar year.

**Section 9.14.   <u>Investment Company Act.</u>**

This PSC Trust is organized as a liquidating entity in the process of liquidation, and therefore should not be considered, and the PSC Trust does not and will not hold itself out as, an "investment company" or an entity "controlled" by an "investment company" as such terms are defined in the Investment Company Act of 1940, as amended.

*[Signature page to follow.]*

**IN WITNESS WHEREOF**, the parties hereto have executed this PSC Trust Agreement or caused this PSC Trust Agreement to be duly executed by their respective representatives as of the day and year first written above.

Residential Capital, LLC

By: _____

    Name:

    Title:


By: _____

    Name:

    Title:


By: _____

    Name:

    Title:


[_____], as PSC Trustee


By: _____

    Name:

    Title:

**Schedule I**

**[Notice Parties]**

| <u>Name of Private Securities Claimant</u> | <u>Notice Address</u> |
|---|---|
| (i) AIG Asset Management (U.S.), LLC | cherie.schaible@aig.com, with a copy to scottshelley@quinnemanuel.com |
| (ii) Allstate Insurance Company | pmcelvai@allstate.com, with a copy to ericwinston@quinnemanuel.com |
| (iii) Asset Management Funds d/b/a AMF Funds, AMF Intermediate Mortgage Fund, AMF Ultra Short Mortgage Fund | rdsjr@shay.com with copies to marisohn@labaton.com and rsmith@labaton.com |
| (iv) Bank Hapoalim B.M. | AKoren@bhiusa.com with copies to marisohn@labaton.com and rsmith@labaton.com |
| (v) Cambridge I, | JonathanU@blbglaw.com and DavidS@blbglaw.com with a copy to metkin@lowenstein.com |
| (vi) Cambridge II | JonathanU@blbglaw.com and DavidS@blbglaw.com with a copy to metkin@lowenstein.com |
| (vii) Deutsche Zentra-Genossenschaftsbank, New York Branch, d/b/a DZ Bank AG, New York, DH Holding Trust | Jeffrey.Baun@dzbank.de with copies to marisohn@labaton.com and rsmith@labaton.com |
| (viii) Federal Home Loan Bank of Boston | ggotto@krplc.com |
| (ix) Federal Home Loan Bank of Chicago | ggotto@krplc.com |
| (x) Federal Home Loan Bank of Indianapolis | ggotto@krplc.com |
| (xi) HSH Nordbank AG, HSH Nordbank AG Luxembourg Branch, HSH Nordbank AG New York Branch, HSH Nordbank Securities S.A. | paulette.fox@hsh-nordbank.com with copies to marisohn@labaton.com and rsmith@labaton.com |
| (xii) Huntington Bancshares Inc. | gjarvis@gelaw.com and delman@gelaw.com |
| (xiii) IKB Deutsche Industriebank AG, IKB International S.A. in liquidation | Joann.Kahn@ikb.de with copies to marisohn@labaton.com and rsmith@labaton.com |
| (xiv) John Hancock Life Insurance Company (U.S.A.) | gjarvis@gelaw.com and delman@gelaw.com |
| (xv) Massachusetts Mutual Life Insurance Company | ewilliams@massmutual.com with copies to jenniferbarrett@quinnemanuel.com and scottshelley@quinnemanuel.com |
| (xvi) Principal Life Insurance Company, Principal Funds, Inc., Principal Variable Contracts Funds, Inc. | Woods.Clint@principal.com with copies to marisohn@labaton.com and rsmith@labaton.com |
| (xvii) Prudential Insurance Company | ramsay.lewis@prudential.com with a copy to scottshelley@quinnemanuel.com |

| (xviii) Sealink Funding Limited | Kirsty.Martey@nb.com with copies to marisohn@labaton.com and rsmith@labaton.com |
|---|---|
| (xix) Stiching Pensioenfonds ABP | gjarvis@gelaw.com and delman@gelaw.com |
| (xx) The Union Central Life Insurance Company/Ameritas Life Insurance Corp./Acacia Life Insurance Company | metkin@lowenstein.com |
| (xxi) the Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company, and Fort Washington Investment Advisors, Inc. | sfitzgerald@wmd-law.com |

**Exhibit A**


**[DTC Participant Information]**


Name of Private
  Securities Claimant: _____

Address of Private
  Securities Claimant: _____

  _____

  _____


Broker, Bank or Financial Institution Information:

    Company Name: _____

    Contact Name at Company: _____

    Contact Phone: _____

    Contact Email: _____


| This form must be completed and returned to the PSC Trustee with a completed IRS Form W-9 or IRS Form  W-8BEN (or other applicable IRS Form W-8), at the address set forth in Section 9.1 of the PSC Trust Agreement. |
| --- |