## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| Residential Capital, LLC *et al.*, <br> Debtors | Chapter 11 <br> Case No. 12-12020 (MG) <br> Administratively Consolidated |

### SECOND MOTION FOR EXTENSION OF TIME TO FILE
### DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL
### UNDER BANKRUPTCY RULE 8006

  Paul N. Papas II, pro se and awaiting hearing on the unconstitutional Orders of Judge Martin Glenn by which Judge Glenn has deprived him of procedural and substantive due process under the Fifth Amendment to the Constitution of the United States, equal protection of the laws under the Fourteenth Amendment to the Constitution of the United States and his First Amendment right to petition the government through the judicial branch for redress of grievances by actual bias and outright hostility to his cause, displayed on October 9, 2013 when he threatened to have his chosen attorney, Wendy Alison Nora of ACCESS LEGAL SERVICES, seized and removed from the courtroom without probable cause for such a warrantless seizure and without any cause arising from his counsel's conduct in the proceedings on that date punctuated by a verbal order "revoking" his counsel's pro hac vice status, thereby preventing her, pending subsequent hearing on a later filed Order to Show Cause, from appearing on his behalf to prepare his Designation of Record and Statement of Issues on Appeal due today and therefore is compelled to move for an extension of time to file his Designation of Record and Statement of Issues on Appeal from the Order Approving the Debtors' Disclosure Statement entered on August 23, 2013 and shows the Court:

  1. On July 4, 2013, Debtors filed their Disclosure Statement [Doc. 4157].

  2. On July 9, 2013, Notice of Disclosure Statement Hearing was filed, setting the hearing on the approval of Debtors' Disclosure Statement for August 21, 2013 at 10:00 a.m. Eastern Time; setting the deadline for objections to the approval of the Disclosure Statement to be filed no later than August 8, 2013 at 4:00 p.m. Eastern Time; and providing for replies and responses to the objections to be filed by August 16, 2013 [Doc. 4189].

  3. Paul N. Papas II timely objected to the Debtors' Disclosure Statement on



1

August 8, 2013 [Doc. 4588].

    4. Contrary to the Notice of Hearing, Debtors did not reply or respond to the Objection of Paul N. Papas II nor did they reply or respond to the objections of any other objecting party on August 16, 2013, but rather, on August 16, 2013, Debtors filed their Amended Disclosure Statement [Doc. 4733.]

    5. Contrary to Bankruptcy Rule 3017, 28 days notice was not provided to the interested parties prior to hearing on the Amended Disclosure Statement, nor was there adequate time given for interested parties to review and object to the Amended Disclosure Statement, prior to the hearing held on August 21, 2013.

    6. Paul N. Papas II has contended throughout these proceedings that the Bankruptcy Court is violating his constitutional rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States.

    7. These bankruptcy proceedings are massive, involving 51 subsidiaries of Ally Financial, Inc. and highly complex. There are dozens of record filings on the issue of the approval of the Disclosure Statement alone, all of which must be carefully reviewed in order to properly designate the record on appeal. The Disclosure Statement filed on July 4, 2013 [Doc. 4157] is 399 pages in length and the Chapter 11 Plan [4153] is 166 long. The Amended Disclosure Statement filed on August 16, 2013 with a second version of the Chapter 11 Plan attached [Doc. 4733] consists of 587 pages. The Report of the Examiner [Doc. 3689], who was appointed on June 20, 2012, filed his report on May 13, 2013 under seal and whose report was ordered to be unsealed on June 26, 2013, is 2246 and contains information critical to the analysis of the key and extraordinary feature of the Chapter 11 Plan–the Third Party Release of the nonbankrupt parent corporation, Ally Financial, Inc. (AFI)–the scope and application of which is not adequately disclosed.

    8. In order to designate the record and formulate the statement of issues on appeal, counsel for Paul N. Papas II has reviewed over 4,500 pages of documents and has selected the relevant portions of documents 4153, 4157, 4733, and 3689, and other documents in the record which demonstrate errors of fact and law in the Order Approving the Disclosure Statement [Doc. 4809], which makes no findings of fact whatsoever despite an enormous factual record in these proceedings, which forms the basis for Mr. Papas' Objection to the Approval of the Disclosure Statement.

    9. Before his counsel was able to complete her duties and responsibilities to him and to this Court, Judge Martin Glenn challenged her pro hac vice admission because she had purportedly filed a "scurrilous" Response to Debtors' Objection to Mr. Papas' claim, challenged her to refute Debtors' frivolous allegation that Mr. Papas is a vexatious litigant, asked her to cite to Arizona state appellate court cases which found that trial court cases are res judicata while the appeal is pending of which she knew of none because there are no Arizona state appellate court decisions which decide that a

2

case on appeal is res judicata while the case is on appeal of which she was aware, escalating his distemper to the point where he silenced her under threat of bodily removal (seizure) and took my case heard on October 9, 2013 under advisement when he should have known that he had become irrationally biased against Mr. Papas and his counsel for extrajudicial reasons, which will be offered to be proved in these proceedings. Later on the same day, Judge Glenn against threatened his counsel, escalating his sua sponte verbal sanctions again to threaten her removal from the courtroom, adjourning a hearing for another of her clients without cause articulated by the Debtors and pretextually creating the "cause" that his counsel was "going to have" her privilege to practice pro hac vice before this Court "revoked" (anticipatory revocation without due process notice and opportunity to be heard) and, finally, declaring that her pro hac vice status was revoked before ever entering an Order to Show Cause for his counsel to defend herself and her clients' rights to proceed by counsel in these proceedings.

10. Any prejudice the Debtors and the proponents of the Chapter 11 Plan may claim from the granting of the extension requested herein is the result of their own attempt to substitute an Amended Disclosure Statement and (revised) Chapter 11 Plan on less than 5 days' notice prior to the hearing on their Motion to Approve the Disclosure Statement, without any consideration of the procedural and substantive rights of those who object to the inadequacy of the Disclosure Statement and its amendment and who were denied hearing thereon on August 21, 2013 by Judge Glenn failing to treat the proceedings to approve the Disclosure Statement as contested proceedings as required by Bankruptcy Rule 9014. Any further prejudice to the Debtors is the result of Judge Glenn's intemperate conduct on October 9, 2013 when he verbally "revoked" Mr. Papas' counsel's pro hac vice status without cause, notice or opportunity for her or for him to be heard. Mr. Papas cannot be held responsible for the conduct of Judge Martin Glenn as it has affected the progress of these proceedings.

11. Mr. Papas does not want other counsel to represent him. His first choice is to be represented by Ms. Nora on this appeal and his second choice is to appear pro se as he generally has throughout these proceedings. He wants to await the outcome of the Order to Show Cause proceedings commenced by Judge Glenn on October 10, 2013 and now scheduled to be heard on November 7, 2013 in order to obtain the assistance of his chosen counsel or, failing that, he needs an additional 21 days following the final disposition of the Order to Show Cause proceedings in order to approximate his counsel's thorough preparation and identification of law and fact applicable to the proper conduct of this appeal in his interests and in the interests of thousands of homeowners who are unable to represent themselves in these proceedings and, to the extent of 115 properties, he has sought to protect under contract as a counterparty.

WHEREFORE, Paul N. Papas II, respectfully moves for an additional 21 days in which to prepare his Designation of Record and Statement of Issues on Appeal after Judge Glenn's unconstitutional verbal revocation of his counsel's pro hac vice privileges



3

is vacated or reversed or 21 days from the date upon which it is finally determined that his counsel may not represent him pro hac vice in these proceedings.

Dated at Phoenix, Arizona this 11th day of October, 2013.

_____
Paul N. Papas II, Claimant and Counterparty/Constructive Trustee for
(certain) Homeowners and Former Homeowners
4727 E. Bell Road #45 PMB 350
Phoenix, Arizona 85032
VOICE: (602) 493-2016
e-mail: paul_papas@mylegalhelpusa.com

### UNSWORN DECLARATION OF SERVICE

Wendy Alison Nora declares, under penalty of perjury, that she filed the above-captioned document with the United States Bankruptcy Court for the Southern District of New York on October 11, 2013 by CM/ECF and thereby served the same on all parties capable of service thereby under her unrevoked electronic filing privileges in the interests of justice and without compensation therefor.

_____
Wendy Alison Nora

4

