UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

| | |
|---|---|
| Residential Capital, LLC *et al.*, | Chapter 11 |
| Debtors | Case No. 12-12020 (MG) |
| | Administratively Consolidated |

**SECOND MOTION FOR EXTENSION OF TIME TO FILE
DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL
UNDER BANKRUPTCY RULE 8006**

Wendy Alison Nora moves for an extension of time to file his Designation of Record and Statement of Issues on Appeal from the Order Approving the Debtors' Disclosure Statement entered on August 23, 2013 and shows the Court:

1. On July 4, 2013, Debtors filed their Disclosure Statement [Doc. 4157].

2. On July 9, 2013, Notice of Disclosure Statement Hearing was filed, setting the hearing on the approval of Debtors' Disclosure Statement for August 21, 2013 at 10:00 a.m. Eastern Time; setting the deadline for objections to the approval of the Disclosure Statement to be filed no later than August 8, 2013 at 4:00 p.m. Eastern Time; and providing for replies and responses to the objections to be filed by August 16, 2013 [Doc. 4189].

3. Wendy Alison Nora timely objected to the Debtors' Disclosure Statement on July 29, 2013.

4. Debtors did not reply or respond to the Objection of Wendy Alison Nora nor did they reply or respond to the objections of any other objecting party on August 16, 2013, but rather, on August 16, 2013, Debtors filed their Amended Disclosure Statement [Doc. 4733.]

5. Contrary to Bankruptcy Rule 3017, 28 days notice was not provided to the interested parties prior to hearing on the Amended Disclosure Statement, nor was there adequate time given for interested parties to review and object to the Amended Disclosure Statement, prior to the hearing held on August 21, 2013.

6. Wendy Alison Nora has contended throughout these proceedings that the Bankruptcy Court is violating her constitutional rights under the First, Fifth and Fourteenth Amendments to the Constitution of the United States.

1

7. These bankruptcy proceedings are massive, involving 51 subsidiaries of Ally Financial, Inc. and highly complex. There are dozens of record filings on the issue of the approval of the Disclosure Statement alone, all of which must be carefully reviewed in order to properly designate the record on appeal. The Disclosure Statement filed on July 4, 2013 [Doc. 4157] is 399 pages in length and the Chapter 11 Plan [4153] is 166 long. The Amended Disclosure Statement filed on August 16, 2013 with a second version of the Chapter 11 Plan attached [Doc. 4733] consists of 587 pages. The Report of the Examiner [Doc. 3689], who was appointed on June 20, 2012, filed his report on May 13, 2013 under seal and whose report was ordered to be unsealed on June 26, 2013, is 2246 and contains information critical to the analysis of the key and extraordinary feature of the Chapter 11 Plan–the Third Party Release of the nonbankrupt parent corporation, Ally Financial, Inc. (AFI)–the scope and application of which is not adequately disclosed.

8. In order to designate the record and formulate the statement of issues on appeal, Wendy Alison Nora has reviewed over 4,500 pages of documents and has selected the relevant portions of documents 4153, 4157, 4733, and 3689, and other documents in the record which demonstrate errors of fact and law in the Order Approving the Disclosure Statement [Doc. 4809], which makes no findings of fact whatsoever despite an enormous factual record in these proceedings, which forms the basis for his appeal from the Order Approving the Disclosure Statement.

9. Before Wendy Alison Nora was able to consolidate her appeal with the appeal of Paul N. Papas II, which she intended to do simultaneously with the filing of the Designation of Record and Statement of Issues on Appeal due today, Judge Martin Glenn challenged her pro hac vice admission because she had purportedly filed a "scurrilous" Response to Debtors' Objection to Mr. Papas' claim, challenged her to refute Debtors' frivolous allegation that Mr. Papas is a vexatious litigant, asked her to cite to Arizona state appellate court cases which found that trial court cases are res judicata while the appeal is pending of which she knew of none because there are no Arizona state appellate court decisions which decide that a case on appeal is res judicata while the case is on appeal of which she was aware, escalating his distemper to the point where he silenced her under threat of bodily removal (seizure) on October 9, 2013 under advisement, when he should have known that he had become irrationally biased against Mr. Papas and Wendy Alison Nora for extrajudicial reasons, proof of which will be offered to be proved in these proceedings. Later on the same day, Judge Glenn against threatened Wendy Alison Nora, escalating his sua sponte verbal sanctions again to threaten her removal from the courtroom, adjourning a hearing for Caren Wilson without cause articulated by the Debtors and pretextually creating the "cause" that his counsel was "going to have" her privilege to practice pro hac vice before this Court "revoked" (anticipatory revocation without due process notice and opportunity to be heard) and, finally, declaring that her pro hac vice status was revoked before ever entering an Order to Show Cause allowing her to defend herself and her clients' rights to proceed by counsel in these proceedings.

10. Any prejudice the Debtors and the proponents of the Chapter 11 Plan may claim from

the granting of the extension requested herein is the result of their own attempt to substitute an Amended Disclosure Statement and (revised) Chapter 11 Plan on less than 5 days' notice prior to the hearing on their Motion to Approve the Disclosure Statement, without any consideration of the procedural and substantive rights of those who object to the inadequacy of the Disclosure Statement and its amendment and who were denied hearing thereon on August 21, 2013 by Judge Glenn failing to treat the proceedings to approve the Disclosure Statement as contested proceedings as required by Bankruptcy Rule 9014. Any further prejudice to the Debtors is the result of Judge Glenn's intemperate conduct on October 9, 2013 when he verbally "revoked" Mr. Papas' counsel's pro hac vice status without cause, notice or opportunity for her or for him to be heard. Mr. Papas cannot be held responsible for the conduct of Judge Martin Glenn as it has affected the progress of these proceedings.

11. The grave disruption to Wendy Alison Nora's practice resulting from the unconstitutional verbal "revocation" of her pro hac vice status caused Ms. Nora to have discuss the unusual events of October 9, 2013 because every ethical attorney is required to notify their clients if their license has been suspended or revoked. The same applies to the verbal order revoking Ms. Nora's pro hac vice status, without notice and opportunity to be heard and without cause. The events of October 9, 2013 necessitated the filing of a Motion to Vacate the verbal Orders leading to and including the unconstitutional revocation of the pro hac vice admission has burdened Ms. Nora, prevented her from filing the anticipated Motion to Consolidate her appeal with the appeal of Paul N. Papas and prevented her from filing her separate Designation of Record and Statement of Issues on Appeal. She incorporates her Motion to Vacate the verbal Orders purporting to have ultimately revoked her pro hac vice status in these proceedings as if fully set forth herein. See Doc. 5343 in these proceedings.

12. The injustice of the verbal, sua sponte and unconstitutional verbal "revocation" of Ms. Nora's pro hac vice admission by which she was representing Paul N. Papas II on October 9, 2013 has been further complicated by the entry of an Order to Show Cause on October 10, 2013 (Doc. 5330) in which Judge Martin Glenn now purports to have given notice and opportunity to be heard on the "revocation" as if it is prospective only leading to confusion as to her status and further alarming her clients in these proceedings who have matters immediately pending, those who are expecting representation and for who she has not yet appeared and she has not been able to communicate with all of her clients and prospective clients to advise them of the contradictory positions taken by Judge Glenn, verbally revoking her pro hac vice status and then purporting to provide for a response to an Order to Show Cause which does not even refer to his escalating threatening and deleterious conduct on October 9, 2013.

13. If her appeal ultimately cannot be consolidated with the concurrent appeal of Paul N. Papas, they will file separate Designations of Record and Statements of Issues on Appeal. Since their Objections to the Approval of the Disclosure Statement and the unconstitutional approval process are substantially similar, the bifurcation of their ability to collaborate by the unconstitutional, intemperate and frankly outrageous conduct of Judge Glenn on October 9, 2013 requires a reassessment of her approach to the preparation and filing on her Designation of

Record and Statement of Issues on Appeal. If her appeal is not consolidated with a substantially similar appeal for Paul N. Papas II as contemplated prior to the October 9, 2013 events, judicial economy will not be served and excessive and duplicative work will be required of the judges of the United States District Court for the Southern District of New York.

14. While Ms. Nora is not admitted and has not sought pro hac vice admission to the United States District Court for the Southern District of New York, both she and Mr. Papas sought to file the same Designation of Record and Statement of Issues on Appeal and she intended to move to consolidate the appeals in the interests of judicial economy prior to the appeals being transmitted to the district court. There was insufficient time for Mr. Papas and Ms. Nora to prepare a joint Designation of Record and Statement of Issues on Appeal in the situation in which Ms. Nora's pro hac vice status has been verbally "revoked" two (2) days before the deadline she requested on behalf of Mr. Papas before her pro hac vice status was verbally "revoked."

15. She needs additional time, based on the wholly unnecessary crisis created by a verbal "revocation" of her pro hac vice status without notice and opportunity to be heard, in order to prepare her own Designation of Record and Statement of Issues on Appeal.

16. She requests an additional 30 days to prepare her separate Designation of Record and Statement of Issues on Appeal for cause resulting from Judge Glenn's unconstitutional and ultra vires actions on October 9, 2013 which are now further complicated by an apparent reworking of the basis for the prospective revocation which has, in fact, already occurred.

WHEREFORE, Wendy Alison Nora, respectfully moves for an additional 30 days in which to prepare her Designation of Record and Statement of Issues on Appeal in the interests of justice and reserves her right to seek an additional extension for good cause, if necessary.

Dated at Madison, Wisconsin this 11th day of October, 2013.

ACCESS LEGAL SERVICES

*/s/ Wendy Alison Nora*
Wendy Alison Nora
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone (612) 333-4144
Facsimile (608) 497-1026
accesslegalservices@gmail.com

**UNSWORN DECLARATION OF UNDER PENALTY OF PERJURY**

Wendy Alison Nora states under penalty of perjury pursuant to 28 USC sec. 1746, that

facts set forth in the foregoing Motion are true and correct, according to the best of her knowledge information and belief.

*/s/ Wendy Alison Nora*
Wendy Alison Nora

**UNSWORN DECLARATION OF SERVICE**

Wendy Alison Nora declares, under penalty of perjury, that she filed the above-captioned document with the United States Bankruptcy Court for the Southern District of New York on October 11, 2013 by CM/ECF and thereby served the same on all parties capable of service thereby under her unrevoked electronic filing privileges in the interests of justice and without compensation therefor.

*/s/ Wendy Alison Nora*
Wendy Alison Nora
