Alan D. Halperin, Esq.
Donna H. Lieberman, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
40 Wall Street – 37th Floor
New York, New York 10005
212-765-9100

and

Thomas R. Lehman, Esq.
Jennifar M. Hill, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
305-403-8700

*Co-counsel to Redwood Recovery Services, LLC and Elevenhome Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC *et al*., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

------------------------------------------------------------

**RESPONSE OF REDWOOD RECOVERY SERVICES, LLC
AND ELEVENHOME LIMITED TO THE DEBTORS'
FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Redwood Recovery Services, LLC ("Redwood") and Elevenhome Limited ("Elevenhome") file this Response to the Debtors' request for disallowance of their proofs of claim [ECF No. 5152] (the "Claim Objection"), which were filed in these cases to evidence Redwood's and Elevenhome's rights as judgment creditors in the timely-filed poof of claim

1

number 5718 of their judgment debtor, American Residential Equities, LLC ("ARE"). In support of their Response, Redwood and Elevenhome respectfully state:

### SUMMARY OF REDWOOD'S AND ELEVENHOME'S CLAIMS

1. The Debtors have requested disallowance of Redwood's and Elevenhome's proofs of claim as untimely filed. The applicable claims bar date is November 16, 2012 (the "Bar Date")[ECF No. 2093, and Redwood's and Elevenhome's judgment debtor, ARE, timely filed its proof of claim number 5718 ("ARE Claim"), a copy of which is attached as **Exhibit A**. Pursuant to the ARE Claim, ARE asserted an unliquidated claim against Debtor GMAC Mortgage, LLC ("GMACM") and attached its complaint filed to commence Adversary Proceeding No. 12-01934 ("Adversary Case"). The Debtors have not objected to the ARE Claim.

2. Pursuant to its claims in the Adversary Case, ARE asserted that GMACM holds ARE's property and that such property is not property of GMACM's bankruptcy estate. As explained below, and in Redwood's and Elevenhome's proofs of claim, Redwood and Elevenhome obtained judgments in 2011 that may be enforced against ARE and collected from distributions made on account of the ARE Claim.

3. By Order dated July 30, 2013 [ECF No. 62; Adv. Case] ("Abstention Order"), this Court abstained from determining the Adversary Case, dismissed it without prejudice, and lifted the automatic stay in favor of ARE to pursue its claims in a pre-petition litigation pending in the United States District Court for the Southern District of Florida ("Florida Litigation"). A copy of the Abstention Order is attached as **Exhibit B**. With respect to the automatic stay, the Abstention Order provides:

> In the event that ARE obtains a judgment against GMACM in the Florida Action, ARE may not take any action to collect or enforce the judgment. Instead, ARE must return to this Court with the amount of its claim against GMACM liquidated and fixed for distribution in accordance with any confirmed plan.

2

[ECF No. 62 at 11; Adv. Case.][1]

4. Redwood is a judgment creditor of ARE, and Elevenhome holds a judgment against ARE's alter ego, known as ARE 53. Redwood and Elevenhome did not receive any notice of the Bar Date, and as stated in their proofs of claim, do not assert direct claims against the Debtors. When Redwood and Elevenhome discovered that the ARE Claim existed, through their own investigation, Redwood immediately filed proof of claim number 6842 ("Redwood Claim"), a copy of which is attached as **Exhibit C**, and Elevenhome immediately filed proof of claim number 6841 ("Elevenhome Claim"), a copy of which is attached as **Exhibit D**.

5. The addendum to the Redwood Claim explains that the basis of and reason for the Redwood Claim is that Redwood holds a $10.5 million judgment against ARE and, therefore, has a direct interest in all of ARE's assets subject to execution, including any recoveries from the ARE Claim. Similarly, the addendum to the Elevenhome Claim explains that Elevenhome holds a $6.65 million judgment against ARE 53, which Elevenhome believes is the alter ego of ARE. Based on its alter ego theory (and any additional theories which may be learned through discovery), Elevenhome has an interest in ARE's assets that are subject to execution, including recoveries on the ARE Claim.

6. The Redwood and Elevenhome Claims are contingent on the allowance of the ARE Claim. Redwood and Elevenhome do not assert direct claims against the Debtors or seek a

---

[1] Before entry of the Abstention Order, Redwood and Elevenhome filed their application for an order requiring the Debtors to provide documents pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. [ECF No. 4111; Bankr. Case No. 12-12020-MG.] Ultimately, the parties entered into a Stipulation [ECF No. 4530; Bankr. Case No. 12-12020-MG] ("Stipulation") concerning the document production. It provides: "[T]his Stipulation is without prejudice to the rights of Redwood to seek additional discovery or a deposition at a later time by an appropriate application, and to GMACM's right to object to any such requests." (Stipulation, ¶ 4.) After the parties entered into the Stipulation, the Court entered its agreed protective order [ECF No. 4729; Bankr. Case No. 12-12020-MG] governing the confidentiality of the documents produced.

4

separate distribution from the Debtors' estates.  Rather, they filed their claims to put the Debtors on notice of their entitlement to receive any distribution that the Debtors may make on account of the ARE Claim or any other claims by ARE against the Debtors.   Therefore, the Debtors' estates are not prejudiced by the allowance of the Redwood and Elevenhome Claims.

[THE REMAINDER OF THIS PAGE WAS LEFT BLANK INTENTIONALLY.]

**CONCLUSION**

7.      Redwood and Elevenhome received no notice of the Bar Date, but filed their Claims very promptly after learning that ARE had asserted a claim against the Debtors.  They seek allowance of their Claims solely for the purpose of preserving their rights to any distribution by the Debtors on account of the ARE Claim and the claims asserted by ARE in the Adversary Case and/or the Florida Litigation.  Redwood and Elevenhome therefore respectfully request that the Court enter an order permitting the Claims to survive, solely to preserve those rights and to insure that Elevenhome and Redwood receive advance notice of any proposed distribution to ARE, without prejudice to Redwood's and Elevenhome's rights to collect their judgments from ARE's distributions on account of the ARE Claim or ARE's recoveries in the Adversary Case and Florida Litigation.

Dated: New York, New York
October 14, 2013

HALPERIN BATTAGLIA RAICHT, LLP
By:     /s/ Alan D. Halperin
        Alan D. Halperin, Esq.
        Donna H. Lieberman, Esq.
        40 Wall Street – 37th Floor
        New York, New York 10005
        212-765-9100

and

Thomas R. Lehman, Esq.
Jennifar M. Hill, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
305-403-8700

Co-counsel to Redwood Recovery Services, LLC and Elevenhome Limited