**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br><br>RESIDENTIAL CAPITAL, LLC,<br><br><br>Debtor. | **NOT FOR PUBLICATION**<br><br>Case No. 12-12020 (MG) |
| AMERICAN RESIDENTIAL EQUITIES, LLC, in its own individual capacity and in its capacity as Trustee under that certain American Residential Equities, LLC Master Trust Agreement dated August 8, 2005,<br><br>       Plaintiff,<br><br>    *v.*<br><br>GMAC Mortgage LLC, as successor by merger to GMAC Mortgage Company, and BALBOA INSURANCE COMPANY,<br>       Defendants. | Adv. Proc. 12-01934 (MG) |

### MEMORANDUM OPINION ABSTAINING, DISMISSING ADVERSARY PROCEEDING WITHOUT PREJUDICE AND LIFTING AUTOMATIC STAY

*A P P E A R A N C E S :*

STORCH AMINI & MUNVES PC
*Counsel for American Residential Equities, LLC*
140 East 45th Street
25th Floor
New York, NY 10017
By: Avery Samet, Esq.

BRADLEY, ARANT, BOULT & CUMMINGS, LLP
*Counsel for GMAC Mortgage LLC*
One Federal Plaza
1819 Fifth Avenue North
Birmingham, AL 35203
By: Hope Thai Cannon, Esq.

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:    Norman Scott Rosenbaum, Esq.

BUCKLEYSANDLER LLP
*Counsel for Balboa Insurance Company*
1133 Avenue of the Americas, Suite 3100
New York, NY 10036
By:    Ross E. Morrison, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court are *Debtor's Motion for Dismissal of Adversary Proceeding* ("Debtor's Motion," ECF Doc. # 35) and *Balboa Insurance Company's Motion to Dismiss the First Amended Adversary Complaint* ("Balboa's Motion," ECF Doc. # 33, and together with Debtor's Motion, the "Motions"). The Adversary Proceeding was initially brought by American Residential Equities, LLC ("ARE" or "Plaintiff"), in its individual capacity, against GMAC Mortgage, LLC ("GMACM" or "Debtor") and Balboa Insurance Company ("Balboa") on November 9, 2012. On March 22, 2013, after GMACM and Balboa filed motions to dismiss, the Plaintiff amended the Complaint ("Amended Complaint," ECF Doc. # 26) to add Ally Financial, Inc. ("AFI") as a defendant. In addition, under the Amended Complaint, ARE is Plaintiff in its own individual capacity and in its capacity as Trustee under the American Residential Equities, LLC Master Trust Agreement dated August 8, 2005. Plaintiff filed objections to the Debtor's Motion (ECF Doc. # 42) and Balboa's Motion (ECF Doc. # 43). The Debtor and Balboa filed replies (ECF Doc. ## 48, 46).

The Court heard argument on the Motions on June 12, 2013. During the hearing, the Court raised two issues that were not addressed by the parties in their briefs: (i) whether the

Court should abstain from hearing this case, pursuant to 28 U.S.C. § 1334(c)(1) (permissive abstention), in light of the substantial litigation that has already taken place in an action against GMACM in the U.S. District Court for the Southern District of Florida ("Florida District Court"), and (ii) what is the basis for subject matter jurisdiction over the claims in the Amended Complaint against Balboa. (*See* Jun. 12, 2013 Tr. at 12, 14, ECF Doc. # 52.) The Court directed the parties to file additional briefs addressing these issues, which were filed on June 26, 2013 (ECF Doc. # 55), and July 10, 2013 (ECF Doc. # 58, 59). The parties are now in substantial agreement that the Court should abstain from hearing this case in favor of litigation in the Florida District Court. ARE argues that the Court should transfer the case to the Florida District Court with Balboa and AFI as defendants; Balboa argues that this Court lacks subject matter jurisdiction over the claims against Balboa so the Court should abstain and dismiss the case rather than transferring it; and the Debtor argues that the Court should abstain and dismiss the case without prejudice.

For the reasons discussed below, the Court denies the two motions to dismiss without prejudice, and in the exercise of discretion, abstains from hearing this case, dismisses the complaint without prejudice against all defendants, and lifts the automatic stay to permit the litigation in the Florida District Court to proceed against GMACM. The Florida District Court may decide whether to permit the complaint in that case to be amended and to add Balboa and AFI as defendants.

## I. BACKGROUND

ARE previously managed portfolios of non-performing mortgage loans for foreign investors. On July 29, 2004, ARE and GMACM entered into a Servicing Agreement, pursuant to which GMACM agreed to subservice over 2,600 mortgage loans on behalf of ARE. Under the

Servicing Agreement, GMACM was required to ensure that the mortgaged properties were adequately insured; if the owners of the properties failed to maintain adequate insurance, GMACM was required to obtain property insurance on those properties (known as "force-placed" or "lender-placed" insurance). GMACM obtained lender placed insurance from Balboa for some properties where the mortgages were held by ARE. GMACM initially advanced the money to pay the insurance premiums, and then charged ARE for the premiums it paid to Balboa.

On June 11, 2010, ARE, in its individual capacity, filed a complaint in Florida District Court against GMACM. (No. 10 Civ. 21943 (ASG) (the "Florida Action").) The complaint in the Florida Action alleged breach of contract and requested specific performance, including an accounting, based on the same nucleus of facts contained in the Amended Complaint in this case. On March 8, 2011, the Florida District Court denied ARE's *Motion for Judgment on the Pleadings* on the specific performance claim and for an accounting because there was a factual dispute regarding whether ARE requested an accounting before the Servicing Agreement was terminated. Before GMACM and its debtor affiliates filed these Chapter 11 cases on May 14, 2012 (the "Petition Date"), the parties in the Florida Action engaged in extensive discovery, exchanged expert reports, and also engaged in considerable motion practice, including the filing of discovery motions, Daubert motions and a motion for partial summary judgment by GMACM.

When the Florida District Court became aware of the Debtor's chapter 11 filing, it issued an order to show cause why the Florida Action should not be stayed and administratively closed; the court then stayed the case and cancelled all pending hearings and deadlines. *See* Debtor's Motion, Ex. C. The Debtor filed a supplemental notice in the Florida Action reconfirming that the automatic stay applied and that ARE was required to come to this Court for relief.

4

On November 9, 2012, ARE commenced this Adversary Proceeding against GMACM and Balboa. It filed the Amended Complaint on March 22, 2013, adding AFI as a defendant. In the Amended Complaint, ARE asserts that GMACM failed to comply with the terms of the Servicing Agreement, and it accuses GMACM and Balboa of participating in an undisclosed and unlawful "kickback scheme" whereby GMACM would purchase forced-place coverage from Balboa and Balboa would "kick back" money and other things of value to GMACM.

In addition to breach of contract and tort claims, the Amended Complaint seeks a declaratory judgment that those assets to which GMACM may hold legal title but which it holds in trust for ARE are excluded from the property of GMACM's bankruptcy estate under section 541(d) of the Bankruptcy Code to the full extent of ARE's beneficial interest. Section 541(a)(1) of the Bankruptcy Code provides that property of the estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Code excludes from the estate any "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . ." 11 U.S.C. § 541(d). State law determines whether a debtor has an interest in property. *See Buchwald v. Renco Group, Inc. (In re Magnesium Corp. of Am.),* 399 B.R. 722, 758 (Bankr. S.D.N.Y. 2009). In order to show that property should be excluded from the Debtors' estate under section 541(d), ARE will have to show that a trust was created under applicable state law and that it can trace the trust funds at issue. *See* 5 COLLIER ON BANKRUPTCY ¶ 541.28. The Debtors have expressly consented that, in adjudicating the case, the Florida District Court may resolve the issue under section 541(d) as well.

Although the underlying facts and many of the claims in the Florida Action are nearly identical to the facts and claims asserted in this Adversary Proceeding, the Florida Complaint did

not name AFI or Balboa as defendants and it did not assert a claim under section 541(d) of the

Bankruptcy Code.

The bar date in this case was November 16, 2012. ARE timely filed a proof of claim

against GMACM in this case.[1] But, significantly for purposes of subject matter jurisdiction over

the claims against Balboa, Balboa did not file a proof of claim for indemnity or contribution

against the Debtors, can no longer do so now, and has affirmatively stated that it does not intend

to seek to assert a claim for indemnification or contribution against the Debtors.

As already mentioned, after the Court raised the issues of abstention and subject matter

jurisdiction over Balboa, the parties addressed these issues in supplemental briefs. All parties

now agree that the litigation should proceed in the Florida District Court. ARE, however, argues

that this case should be transferred to Florida District Court with AFI and Balboa as defendants,

rather than having the Court abstain and dismiss the action without prejudice. ARE takes this

position because Balboa and AFI are not currently defendants in the Florida Action, and ARE

does not want to have to seek to amend the Florida Action to add them as parties. ARE argues

that the Court has "related to" jurisdiction over Balboa, or, alternatively, supplemental

jurisdiction under 28 U.S.C. § 1367. Balboa argues that the Court lacks subject matter

jurisdiction over Balboa and, therefore, cannot transfer the action with respect to Balboa.

The Court concludes that the appropriate action in this case is to abstain, dismiss the

Adversary Proceeding without prejudice and lift the automatic stay with respect to the Florida

Action. Subject matter jurisdiction over Balboa in the Adversary Proceeding is questionable, but

the Court need not resolve the issue because abstention is appropriate in any event. The Florida

District Court can best decide how the action should proceed in that court.

---

[1]      ARE's proof of claim against GMACM relies on ARE's initial adversary complaint rather than the
Amended Complaint, which was filed several months after the bar date. *See* Debtor's Supp. Br. ¶ 6.

## II.   DISCUSSION

As set forth in the supplemental briefs, the parties are in substantial agreement that the Florida District Court should adjudicate the case.  However, the parties disagree whether this Court has subject matter jurisdiction over Balboa and the proper way for this Court to implement its decision to abstain.

Section 1334(c)(1) of the Bankruptcy Code provides the Court with authority to abstain from hearing proceedings "in the interest of justice."  Bankruptcy courts may exercise discretion to abstain "in favor of another federal court or tribunal, just as it can abstain in favor of a state court."  *In re Motors Liquidation Co.*, 457 B.R. 276, 288 (Bankr. S.D.N.Y. 2011) (*citing In re Portrait Corp. of America, Inc.,* 406 B.R. 637, 639 (Bankr. S.D.N.Y. 2009); *In re Lear Corp.,* 2009 WL 3191369, at \*3 (Bankr. S.D.N.Y. Sept. 24, 2009)).  Whether to abstain in a bankruptcy proceeding is a matter left to discretion of the court.  *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002).

Courts in this district consider several factors when determining whether to permissively abstain from a case pursuant to section 1334(c)(1), including: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.  *See Sealink Funding Ltd. v. Bear Stearns & Co. Inc.,* No. 12 Civ. 1397 (LTS), 2012 WL 4794450, at \*4 (S.D.N.Y. Oct. 9, 2012); *Farace v. Pereira,* No. 04 Civ. 1880 (RWS), 2004 WL 1638090, at \*6-7 (S.D.N.Y. July 22, 2004).  It is unnecessary here to review each of these factors since all of the parties are essentially in agreement that this case is more appropriately litigated in the Florida

District Court in light of the substantial proceedings that occurred in that court over the course of

several years before this bankruptcy case was filed.

ARE believes the Court should abstain from this case and lift the automatic stay to allow

the Florida Action to proceed, but it requests the Court transfer this Adversary Proceeding to the

Florida Court as a case related to the Florida Action pursuant to 28 U.S.C. § 1404(a).  Section

1404(a) allows a court to transfer a civil action to another district where the case may have been

brought "for the convenience of parties and witnesses" and if the transfer is "in the interest of

justice."  28 U.S.C. § 1404(a).  It is unclear whether a bankruptcy court may transfer a case or

proceeding to a district court under section 1404(a).  But statutory authority to transfer a

bankruptcy case or proceeding "in the interest of justice or for the convenience of the parties"

exists under 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under title 11

to a district court for another district, in the interest of justice or for the convenience of the

parties.").  Transferring the Adversary Proceeding would allow ARE to avoid having to amend

its complaint in the Florida Action to add Balboa and AFI as defendants.

A bankruptcy court has discretion in determining whether to transfer a case under section

1412.  As this Court explained in *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr.

S.D.N.Y. 2008):

> The decision to transfer venue is within the discretion of the court,
> as evidenced by the use of the permissive "may" in § 1412.  A
> court should base its analysis on the facts underlying each
> particular case.  However, the power to transfer a case [or
> proceeding] should be exercised cautiously.

The ability of this Court to transfer the action against Balboa pursuant to section 1412

depends in the first instance on whether this Court has subject matter jurisdiction over the claims

asserted against Balboa.  ARE and Balboa dispute that issue.  ARE asserts that the Court has

"related to" jurisdiction over the claims asserted against Balboa.[2] ARE argues, in the alternative, that the Court has "supplemental jurisdiction" over Balboa.[3] While the Court has doubts whether subject matter jurisdiction exists, the Court need not resolve the issue. Where, as here, clear statutory authority exists to abstain and to lift the stay so that the already pending action may proceed, transfer of the Adversary Proceeding is unnecessary. ARE's desire to add Balboa and AFI as defendants without having to move the Florida District Court to do so is not an appropriate reason to transfer rather than abstain and dismiss the case without prejudice. The judge presiding over the Florida Action should be the one to decide whether to add additional defendants.

The Debtor requests the Court abstain from adjudicating this Adversary Proceeding, lift the automatic stay to allow the Florida Action to proceed for the purpose of liquidating ARE's claims against the Debtor, and dismiss the case without prejudice. To the extent the Amended

---

[2]    ARE asserts that the Court has "related to" jurisdiction over Balboa under 28 U.S.C. § 1334(b) because GMACM and Balboa would be jointly and severally liable for the claims alleged by ARE in the Amended Complaint, and Balboa may have contribution claims against GMACM which would affect the bankruptcy estate. But joint and several liability does not equate to the existence of related to jurisdiction. In order for related to jurisdiction to exist, the outcome of the action must have a "conceivable effect" on the ResCap estates. *See Bayerische Landesbank v. Deutsche Bank AG, et al. (In re Residential Capital LLC)*, 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013). "Related to" jurisdiction does not exist solely on the basis that a claim for indemnity or contribution may arise; the party seeking indemnity or contribution must file a timely proof of claim in the Debtor's case, something Balboa did not do here. Therefore, this action would not appear to have a conceivable effect on the Debtors' estates.

[3]    ARE argues this Court has "supplemental jurisdiction" under 28 U.S.C. § 1367 because ARE's claims against Balboa derive from the same "case or controversy" as ARE's claims against the Debtor. There is a split in authority whether bankruptcy courts may exercise supplemental jurisdiction, but the Second Circuit has upheld the exercise of supplemental jurisdiction by bankruptcy courts. *Compare In re Lionel Corp.*, 29 F.3d 88, 92 (2d. Cir. 1994) (finding that "the bankruptcy court had jurisdiction over the [plaintiff's] claims against the [third party] under principles of supplemental jurisdiction"); *In re Sasson*, 424 F.3d 864, 869 (9th Cir. 2005) ("Thus, at present, the bankruptcy court's 'related to' jurisdiction also includes the district court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 . . .") *with In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) ("Bankruptcy courts may not exercise supplemental jurisdiction."); *In re Enron Corp.*, 353 B.R. 51, 61 (Bankr. S.D.N.Y. 2006) (stating that "the jurisdictional grant in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, by implication, negates a bankruptcy court's exercise of jurisdiction of a supplemental non-federal claim in instances where that claim has no impact on the bankruptcy estate"). In this case, the Court in the exercise of discretion under 28 U.S.C. § 1367(c) would, in any event, decline to exercise supplemental jurisdiction over the claims against Balboa after dismissing the claims against GMACM.

Complaint in this Adversary Proceeding asserts claims against the GMACM beyond those at issue in the Florida Action, the Debtor has consented to allowing amendment of the pleadings in the Florida Action for the purpose of adding those claims, subject to any defenses of the Debtor.

Due to the substantial factual and legal overlap between the claims in this Adversary Proceeding and in the Florida Action, and because all parties involved believe the Florida District Court can and should adjudicate the claims, the Court will exercise its discretion to abstain from the case pursuant to section 1334(c)(1).  The Florida Action is well advanced, as significant discovery and motion practice have already taken place, and nearly all of the claims in both cases are state law claims.

The Florida District Court is already quite familiar with this case, having presided over it for more than three years, and it is entitled to determine whether ARE should be permitted to amend its complaint to include new claims or add new defendants.  The Florida District Court will also be able to determine in the context of the Florida Action whether, under applicable state law, GMACM holds only legal title under section 541(d) to the funds it collected for ARE, a portion of which were paid to Balboa for premiums for forced place insurance.

In light of the Court's disposition, the Court reaches no decision with respect to the two motions to dismiss filed by GMACM and Balboa.  Therefore, those motions are denied without prejudice.  It will be up to the Florida District Court to determine what motions may be made in that case after nearly three years of litigation that has already taken place.

/ / / /

/ / / /

/ / / /

/ / / /

10

### III.   CONCLUSION

For the foregoing reasons, the Court denies the motions to dismiss without prejudice, abstains from adjudicating the Adversary Proceeding, dismisses the Adversary Proceeding without prejudice, and lifts the automatic stay for the purpose of permitting the Florida District Court to adjudicate the claims against GMACM in the Florida Action.  In the event that ARE obtains a judgment against GMACM in the Florida Action, ARE may not take any action to collect or enforce the judgment.  Instead, ARE must return to this Court with the amount of its claim against GMACM liquidated and fixed for distribution in accordance with any confirmed plan.

**IT IS SO ORDERED.**

Dated: July 30, 2013
New York, New York

_Martin Glenn_

MARTIN GLENN
United States Bankruptcy Judge