UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:
Residential Capital, LLC *et al.,* Chapter 11
Debtors

Case No. 12-12020 (MG)
Administratively Consolidated

---

**EMERGENCY
MOTION TO VACATE VERBAL "ORDERS" OF JUDGE MARTIN GLENN ENTERED ON OCTOBER 9, 2013 FIRST PURPORTING TO REQUIRE THE UNDERSIGNED TO SHOW CAUSE WHY SHE SHOULD NOT BE SANCTIONED FOR FILING THE RESPONSE OF PAUL N. PAPAS II TO THE DEBTORS' OBJECTION TO CLAIM #242 ON THE GROUNDS THAT THE RESPONSE WAS "SCURRILOUS"; THEN ORDERING HEARING ON OBJECTION TO CLAIM OF CAREN WILSON #4754 TO BE ADJOURNED AND ADVISING MS. WILSON TO SEEK OTHER COUNSEL DUE TO PENDING REVOCATION OF THE UNDERSIGNED'S PRO HAC VICE ADMISSION IN THESE PROCEEDINGS;  AND FINALLY UTTERING A VERBAL ORDER SUMMARILY REVOKING THE PRO HAC VICE STATUS OF THE UNDERSIGNED AT THE TIME SHE APPEARED ON  BEHALF OF JAN IBRAHIM ON HIS RESPONSE TO DEBTORS' OBJECTION TO CLAIM #997 AND DISALLOWING HIS CLAIM FOR PURPORTED NONAPPEARANCE WHEN THE UNDERSIGNED WAS PRESENT AND PREPARED TO ARGUE HIS RESPONSE UNDER BANKRUPTCY RULE 9024 INCORPORATING RULE 60(b)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE
(ALL RIGHTS RESERVED)**

---

    Wendy Alison Nora brings her Motion for Reconsideration and/or Motion to Vacate certain verbal orders entered on October 9, 2013 purporting to require the undersigned to show cause why she should not be sanctioned for filing a "scurrilous" pleading identified as the Response of Paul N. Papas II to the Debtors' Objection to claim #242; the Order adjourning hearing on Objection to Claim of Caren Wilson #4754 and advising Ms. Wilson to seek other counsel due to pending "revocation" of the undersigned's pro hac vice admission in these proceedings; and then uttering the verbal Order summarily revoking the pro hac vice admission of the undersigned when she appeared on behalf of Jan Ibrahim on his Response to Debtors' Objection to his claim #997 after which he disallowed Mr. Ibrahim's Proof of Claim for his purported nonappearance when the undersigned was present and prepared to argue his response pursuant to Bankruptcy Rule 9024 Incorporating Rule 60(b)(4) of the Federal Rules of Civil Procedure (FRCP), and respectfully shows the Court:

    1. As to the now filed Order to Show Cause entered by Judge Glenn on the day following his verbal order on October 9, 2013 in which, without notice or opportunity to be heard, he

escalated sanctions against this counsel, threatening her with bodily seizure without probable cause and ultimately verbally "revoked" her pro hac vice admission to the detriment and damage of six (6) clients for which she entered Notices of Appearances and one (1) client for whom she was authorized to appear (Jan Ibrahim), this Court has the authority to sanction counsel for filing a "scurrilous" pleadings sua sponte under Rule 11 and 28 USC sec. 1927 in accordance with the procedures set forth in Bankruptcy Rule 9011 and Rule 11 of the Federal Rules of Civil Procedure (FRCP) but must afford her the procedural and substantive due process protections of the Fifth Amendment to the United States Constitution, the equal protection clause of the Fourteenth Amendment to the United States Constitution by reverse incorporation and the procedural requirements of FRCP 11(c)(3) and protect her clients' rights thereunder as well as under the First Amendment to the United States Constitution, which guarantees them the right to petition the judiciary for redress of grievances and, here, in this case, their grievances are proceeding against entities which are subsidiaries of Ally Financial, Inc. (AFI) and are more than 50% owned by the United States Treasury.

2.  Among the sanctions under 28 USC sec. 1927, there is no authority for the Court to sanction counsel by purporting to "revoke" the privileges to practice of the subject of the challenge to the propriety of a document filed with the Court to practice before the Court. Under Rule 11, nonmonetary sanctions may be entered upon Order to Show Cause and must be limited ". . . what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. . . " [FRCP 11(c)(4)]

3.  The undersigned is a claimant in these proceedings who was also admitted pro hac vice to represent herself and all others similarly situated in these proceedings whose interests are implicated by the same course of conduct which forms the basis of her claim #1 in these proceedings.

4.  A copy of the Order Granting Pro Hac Vice privileges is attached hereto as Exhibit A.

5.  She has appeared on behalf of Paul N. Papas II and Ray Elliott by Notice of Limited Appearance on July 10, 2012 pro hac vice without any question being raised about her pro hac vice status. She brought a Notice of Appeal on behalf of Paul N. Papas II on September 6, 2013 and filed a Motion for an Extension of Time to File his Statement of Issues and Designation of Record on September 20, 2013, as pro hac vice counsel based on the authority granted by Exhibit A.

6.  Based Exhibit A (order granting her pro hac vice privileges at Doc. 482) she had no reason to suspect that she did not have the authority to represent homeowners and other creditor groups in these proceedings. She has advised and counseled Mr. Papas, who holds interests in 115 properties in which the consolidated Debtors claim an interest throughout the nation. She has advised individual homeowners holding claims against this bankruptcy estate since she was admitted to practice pro hac vice before this Court on June 21, 2012. She has assisted pro se homeowners in preparing their claims and filing their claims and has appeared on behalf of

herself and similarly situated homeowners and others throughout these proceedings since their inception.

7. On October 9, 2013, she made what she thought was a routine appearance in these consolidated proceedings, representing Paul N. Papas II on his response to the Debtors' Objection to his pro se claim, Caren Wilson on her response to the Debtors' Objection to her pro se claim, both of which she prepared as counsel in pro hac vice status and for Jan Ibrahim on his pro se claim, to which he had responded pro se.

8. The first item on the agenda on October 9, 2013 which she was scheduled to argue was the response she prepared and filed on behalf of Mr. Papas. When she attempted to address the Court, she was challenged by Judge Glenn on the validity of her pro hac admission, Exhibit A, which he signed on June 21, 2013. Judge Glenn stated that the entry of the pro hac vice Order of May 18, 2012 had been a "mistake" and that he was going to enter an order to show cause requiring her to answer on the charge of filing a "scurrilous" response on behalf of Mr. Papas to the Debtors' Objection to his Proof of Claim designated as Claim #242 by the Debtors' private claims registry, Kurtzman Carson, LLC (KCC, LLC) which was amended by this counsel and filed in this Court's registry as Claim #XXX, and then outsourced by this Court to the private data base operated by KCC, LLC and renumbered 7171.

9. This counsel is fully prepared to respond to any Order to Show Cause which Judge Glenn might issue. Her defense to the charge that Mr. Papas' Response to the Debtors' Objection to his Proof of Claim is that not only does she belief in good faith that the statements contained therein are true, but many of the statements are judicially noticeable facts, have been stated by other counsel appearing in these proceedings, have been admitted by the Debtors and their parent, AFI, in these proceedings, in consent orders with the Federal Reserve and the National Mortgage Settlement[1] and some of which have already been found to be true by this Court. See, for example, the Motion for Appointment of a "Borrowers'" Committee signed by Attorney Robert E. Brown and filed with this Court on August 24, 2012 (Doc. 1264) which contains substantially similar allegation to those which this counsel believes Judge Glenn may be referring to as "scurrilous."[2] See also Doc. 1921, Judge Glenn's Order Denying the Motion for

---

[1] The National Mortgage Settlement is the common name for the Consent Judgments filed under the lead case entitled <u>United States of America, et al. v. Bank of America Corporation, et al.</u> in the United States District Court for the District of Columbia in Case No. 12-cv-361 which the Debtors have incorporated by reference in these proceedings in hundreds of their own filings.

[2] Without an Order to Show Cause having been filed by Judge Glenn, however, this counsel is only using her best judgment to hypothesize what Judge Glenn would seek to establish by Order to Show Cause not yet filed. This counsel has filed numerous documents in these proceedings and in proceedings in other courts, state and federal, her own behalf and on behalf of others alleging the same types of facts, none of which have been controverted by the Debtors or their parent company, Ally Financial Inc. (hereinafter "AFI), or its partner, Cerberus Capital Management (hereinafter "Cerberus") except that AFI, for the first time on May 15, 2013 in proceedings on appeal to the Seventh Circuit Court of Appeals

Appointment of a "Borrowers'" Committee.

     10. The Order Denying Motion for Order Appointing "Borrowers'" Committee (Doc. 1921) was filed on October 23, 2012–less than a month before the claims of all homeowner creditors were due to be filed and thousands of homeowners, identified as a class unable to defend themselves, unidentified by the Debtors in these proceedings and not being provided with constitutionally sufficient notice, as thoroughly described in the Motion for Appointment of a "Borrowers" Committee--were deprived of notice that they were required to file claims in these proceedings or be barred. (See Bar Date Order, entered on August 29, 2012 as Doc. 1309.)

     11. Judge Glenn did not conclude, after conducting a hearing on the Motion for Appointment of a "Borrowers'" Committee, that the Motion filed by Attorney Brown was frivolous, "scurrilous" or unsupported by facts or law. The Order Denying the Appointment of a "Borrowers" Committee was decided on the merits and made significant findings on the very allegation which this counsel believes Judge Glenn might be suggesting are "scurrilous" allegations by this counsel found as a matter of fact. In the Order Denying the Appointment of a "Borrowers'" Committee Judge Glenn specifically found, at pages 5 and 6:

> **B. Sale of the Debtors' Loan Servicing Platform and Legacy Loan Portfolio**
> Faced with daunting prospects, the Debtors' ultimate parent, Ally Financial Inc. ("AFI"), which also owns substantial non-residential mortgage-related businesses, developed a strategy to file these chapter 11 cases and seek an early sale of its significant mortgage-related businesses.[9] AFI's goal was obviously to isolate its money-losing businesses and shed as much of the present and future liabilities associated with those businesses as possible.
>
> [9] "The purpose of these Chapter 11 cases is to facilitate an orderly sale of the Debtors' most valuable assets, settle the Debtors' claims with their parent AFI, resolve the Debtors' legacy liabilities and complete an orderly wind-down of their remaining assets." *Id.* ¶ 105. (NOTE by this counsel: *Id.* ¶ 105 refers to the Whitlinger Affidavit in Support of the First Day Motions, (Doc. 6) which has been of record in these proceedings since their inception.

in Case No. 13-1660, counsel for AFI did state in its Joinder in Certain Appellees' Response to Plaintiff-Appellant's Motion to Dismiss Appeal (Doc. 25) at footnote 1:

> The AFI parties note that Plaintiff-Appellant's Motion contains numerous instances of irrelevant criticism and allegations concerning the ResCap bankruptcy pending in the United States Bankruptcy Court for the Southern District of New York, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG), as well as the "National Mortgage Settlement" and the "OCC/Federal Reserve settlement." The AFI parties are separate and distinct from the ResCap entities, and are not debtors in the ResCap bankruptcy. Further, these allegations have no relationship to this Court's jurisdiction over this appeal, or to the underlying merits of this litigation. Out of abundance of caution, however, the AFI parties deny all allegations of wrongdoing, and further note that <u>the ResCap bankruptcy record speaks for itself</u>." (Emphasis added.)

12. The pleadings filed on behalf of Mr. Papas are decidedly not "scurrilous," but are based upon the findings of Judge Glenn himself, cited above, as well as the entire record of these proceedings as will be detailed in her response to the Order to Show Cause entered by Judge Glenn on October 10, 2013. (Doc. 5330)

13. On October 9, 2013, the next item on the agenda which this counsel was scheduled to argue was before the Court was the response of Ms. Wilson to the Debtors' Objection to her Proof of Claim #4754. The Debtors attempted to adjourn the hearing on Ms. Wilson's Response to their Objection, prepared and signed by the undersigned as pro hac vice counsel. Ms. Wilson and her expert witness had traveled to New York City at considerable expense which is good cause not to adjourn a proceedings (no cause for the adjournment was offered by the Debtors.) Judge Glenn immediately asked this counsel if she had filed a Notice of Appearance for Ms. Wilson. This counsel responded that she thought that she had. On her first review of her filings in this record, this counsel states that the appearance she made was by appearing for Ms. Wilson on Ms. Wilson's Response,[3] but having reviewed Judge Glenn's Order to Show Cause entered on October 10, 2013, it appears that she might have filed a separate Notice of Appearance for Ms. Wilson as Doc. 5012 and for Mr. Papas as Doc. 5013. The undersigned does not currently have time to verify the docket number of those documents due to the vast number of documents in these proceedings and the need to promptly file this Motion in order to protect herself, her current clients and her clients in waiting, some of whom have requested her representation within the month of October, 2013. If the document numbers are not accurate, she will correct them in response to the Order to Show Cause entered by Judge Glenn.

14. Judge Glenn refused to hear Ms. Nora's argument against the adjournment because Ms. Wilson was present in the courtroom, having traveled to the hearing with her expert witness in order to make an offer of proof, if necessary, to assure that Ms. Wilson's Proof of Claim

---

[3] This counsel states that she has filed Notice of Limited Appearances for Claimant Papas and prospective claimant Elliott and a Notice of Appearance as Co-Counsel on July 10, 2012, with pro hac vice counsel Heather McKeever for Claimant Shane M. Haffey to clarify that she was appearing for limited purposes or as co-counsel, but did not file a Notice of Appearance separate from her response as pro hac vice counsel for Caren Wilson. She also filed her Notice of Appearance as counsel for Michael Harkey and Melvin and Suzanne Simonovich when filing their claims in order to attach their claims to her Notice of Appearance in case she was unable to file their claims in the Court's claims registry, but she was able to do so. She had filed the Notices of Appearance with the Proof of Claims attached as Exhibit A as to the Harkey and Simonovich Proofs of Claims simply to open a filing portal if there was no access to the Court's official claims registry. She now remembers that she did not believe it was necessary to file a separate notice of appearance when she was appearing alone in her capacity as pro hac vice counsel and not as co-counsel or for limited purposes and she was not sure if she filed a separate Notice of Appearance of Caren Wilson because she appeared pro hac vice in the Response to the Debtors' Objection, without limitation and without co-counsel. There is no Bankruptcy Rule or Local Rule of this Court which requires a separate Notice of Appearance to be filed in order for counsel admitted to practice before this Court either pro hac vice or having been admitted generally, in order to file documents and appear in cases in which they are admitted.

5

would proceed as a contested case.  The expertise of Mohammad Raja is highly sophisticated and Ms. Nora required his presence in Court to assure that she would be able to fully and accurately state the offer of proof and answer any questions that the Court might have as to the highly articulated facts underlying Ms. Wilson's Proof of Claim.   Judge Glenn interrupted pro hac vice counsel, threatened to remove her from the courtroom if she spoke and told Ms. Wilson to obtain other counsel because Ms. Nora's pro hac vice status was "going to be" revoked in violation of the United States Constitution as more specifically set forth herein .

     15.    The next item on the October 9, 2013 agenda which this counsel was prepared to argue was for Jan Ibrahim.  When this counsel rose to address the Ibrahim matter, having his authority to appear on his behalf in the event that he was not able to appear by telephone,  and he did not respond when his name was called, she attempted to advise the Court that she had consulted with Mr. Ibrahim and was authorized to present his cause.  Judge Glenn then asked this counsel if she had filed a Notice of Appearance on behalf of Mr. Ibrahim and she was certain that she had not because she was going to appear and argue from his pro se paperwork and did not need to file any additional documents as pro hac vice counsel because she was prepared to argue his position on his pro se Response and make an offer of proof of the facts he provided to her when she consulted with him.   As soon as this counsel entered her appearance for Jan Ibrahim, Judge Glenn revoked this counsel's pro hac vice status and threatened to have her removed from the courtroom once again.   He then immediately disallowed Mr. Ibrahim's Proof of Claim, apparently on the basis that he did not appear, but this counsel had attempted to appear on his behalf and was authorized to do so.

     16.    Ms. Wilson; Mr. Mohammad Raja, Ms. Wilson's expert witness; another attorney and that attorney's clients were in the courtroom when this counsel had her pro hac vice status revoked and Mr. Ibrahim's Proof of Claim was disallowed on the basis of nonappearance. Ms. Nora, Ms. Wilson, the other attorney and his claimant-client had been consulting on how to bring important issues pertaining to all homeowners to the proper attention of the Court.  Mr. Raja is also a claimant in these proceedings and had been discussing having this counsel represent his interests.  The other attorney's claimant-client was so distressed by the "revocation" of this counsel's pro hac vice status, witnessing her being threatened with removal from the courtroom for a third time and seeing a homeowner's claim disallowed simply because this counsel, who had been authorized to appear and argue the pro se claim, had her pro hac vice status purportedly revoked,  that the homeowner-claimant informed his counsel that he was no longer interested in having his counsel work together with this counsel and her other clients to combine efforts to bring matters of great public concern to the attention of this Court, of which this Court had been informed since the inception of this case.  She and the other claimant's counsel had been discussing joining claims together in this counsel's individual adversary proceeding entitled Nora v. Residential Funding Company, LLC, et al., Case No. 13-1208,  which was scheduled to be heard as the last item on the agenda on October 9, 2013.

     17.    Counsel for many of the adversary proceeding defendants in Nora v. Residential Funding Company, LLC, et al.  were present in the courtroom during Judge Glenn's series of

6

attacks on this counsel and could have been nothing if not emboldened by the show of palpable bias against this counsel's attempts to represent her clients in this case.

18. This case is perhaps the most shocking case of bankruptcy fraud ever perpetrated in this nation. In this case, under color of the official authority of the United States Bankruptcy Court for the Southern District of New York, thousands of homes are being liquidated to pay claims of empty REMIC trusts on forged and perjurious documents to pay claims of debt which this counsel can prove have already been paid multiple times. Those debt claims are now, in many instances, represented by bonds owned by Maiden Lane Trusts created by the Federal Reserve Bank of New York acquired upon the TARP bailout of American International Group (AIG) and purportedly backed by collateral consisting of mortgage loans which were never delivered to the now nonexistent trusts. Debtors were servicing the collateral in some of the Maiden Lane Trusts[4] at the time of the commencement of this case and it appears that the servicing rights to the collateral purportedly back those bonds may have been sold to Ocwen Financial Corporation and Walter Investment Management Corporation, but whether that is true or not, the truth or falsity of the sale of Maiden Lane trust servicing rights cannot be established by recourse to the record of these proceedings, although that information should have been required to have been disclosed in connection with the sale of substantially all assets and should have been disclosed in the Disclosure Statement filed on July 4, 2013 as Doc. 4157.

19. This counsel has a property interest in her pro hac vice privilege which authorized her to appear and argue cases for clients in these proceedings. She has practiced law for more than 38 years and her practice of law has been the major source of her income throughout those years. Furthermore, her reputation as an honest attorney is critical to her livelihood and being unfairly labeled as an attorney who would file a "scurrilous" document is a deprivation of her property interest in her identity, character, education and profession, without due process of law. The due process violation is also an equal protection violation by reverse incorporation because she is entitled to the equal protection of the rules of this Court, with which she has complied by obtaining the pro hac vice admission. Although the Order to Show Cause (Doc. 5330) implies that she was required to provide a list of clients in connection with her June 4, 2012 motion for leave to appear pro hac vice (Doc. 204), this counsel respectfully represents to this Court that there is no rule of this court which requires that a list of clients be included with a motion for leave to appear pro hac vice in a specific case of which she is aware and indeed Judge Glenn cites to no such requirement. Since this Court's Order granting her pro hac vice application on June 21, 2012 (Doc. 482) she had advised homeowners and other claimants throughout the nation on the basis that she was admitted in these proceeding pro hac vice. If she were not admitted pro hac vice to appear in these proceedings, it is her opinion that she could not ethically have advised persons seeking her advice in these specific proceedings, because she would not have been

---

[4] There are believed to be three (3) Maiden Lane Trusts and, to the best of her recollection Maiden Lane I and Maiden Lane II is listed as having been serviced by the Debtors in these proceedings in a list of trusts to which homeowners' real estate is to be liquidated for payment of bonds transferred thereto in exchange for Troubled Asset Relief Program (TARP) funds.

7

authorized to practice law in this specific case.  She could have given general advice about bankruptcy proceedings and interpreted filings in this case specifically, but she would not have held herself out as being authorized to represent clients in these proceedings without having been admitted to practice before this Court in this case pro hac vice.  Any advice she gives to any client requires that she indicate whether or not she is authorized to practice in the jurisdiction in which the issue arises.  She has relied upon her pro hac vice admission in her truthful statement to clients that she is available to represent them in this case, should they seek to retain her services.

20.  On September 6, 2013, she filed a Notice of Appeal from the Court's Order of August 23, 2013, approving the Debtors' Disclosure Statement (Doc. 4157.)

21.  On September 6, 2013, Paul N. Papas II requested that she file a Notice of Appeal on his behalf and that she assist him with the Debtors' Motion to Disallow his Claim #242 filed on September 4, 2013 (Doc. 4947.)

22.  On September 20, 2013, she moved for an extension of time to file her Designation of Record and Statement of Issues on Appeal from the Order Approving Debtors' Disclosure Statement entered on August 23, 2013.

23.  On September 20, 2013, as pro hac vice counsel for Paul N. Papas II, she filed his Motion for Extension of Time to File his Designation of Record and Statement of Statement of Issues on Appeal from the Order Approving Debtors' Disclosure Statement entered on August 23, 2013.

24.  The violation of this counsel's due process and equal protection rights by the "revocation" of her pro hac vice status by verbal order of Judge Glenn at the time of her appearance for Jan Ibrahim, having been entered without notice and opportunity to be heard thereon deprives Mr. Papas of his counsel two (2) days before she was prepared to file his Designation of Record and Statement of Issues on Appeal in these proceedings.

25.  It was this counsel's intention to file a Motion to Consolidate her appeal from the Order approving the Disclosure Statement with the appeal of Paul N. Papas II in the interests of judicial economy, with their joint  Designation of Record and  Statement of Issues on Appeals.

26.  There is insufficient time for Mr. Papas to prepare his Designation of Record and Statement of Issues on appeal from the Order Approving Debtors' Disclosure Statement entered on August 23, 2013,  based upon the precipitous purported "revocation" of this counsel's pro hac vice status and he will be required to seek additional time for that filing pro se because this counsel is aware of the verbal Order "revoking" her pro hac vice status and will not disobey even a void court order which has not yet been vacated because she is an officer of the United States Supreme Court, the Supreme Court of Wisconsin, the Supreme Court of Minnesota, the Eighth Circuit Court of Appeals, the Seventh Circuit Court of Appeals, the United States District Court

for the Western District of Wisconsin, the United States District Court for the District of Minnesota, the United States District Court for the Eastern District of Wisconsin, is currently proceeding pro hac vice in the United States District Court for the Northern District of Iowa and has appeared in other federal district courts, bankruptcy courts and state courts throughout the nation in the course of her long career.   She does not violate court orders, whether they are void or not.   Mr. Papas will file his Second Motion for an Extension of Time to File his Designation of Record and Statement of Issues on Appeal until he knows whether or not this counsel will be relieved of the unconstitutional "revocation" of her pro hac vice status.

      27.  It is unfair to this counsel, in her individual capacity, to suddenly have to change her appellate strategy in preparing and file her separate Designation of Record and Statement of Issues on Appeal and be prevented from consolidating her appeal with that of Mr. Papas as had been anticipated.  The undersigned will file her Second Motion for an Extension of Time to File his Designation of Record and Statement of Issues on Appeal for her own reasons to be stated therein.

      28.  This Court has not yet entered an Order on the Papas contested claim matter and any attempt to enter an Order based upon the Court's unsupported finding that Mr. Papas' Response is a "scurrilous" pleading and any other attempt to rule on Mr. Papas' claim or his amended claim would be subject to examination as a possible void order for actual bias against him and his counsel as will clearly be shown on the face of the record.  The proceedings had on October 9, 2013 will be subject to review for being void for violation of Mr. Papas' procedural and substantive due process rights under the Fifth Amendment to the <u>United States Constitution</u> and his First Amendment rights to petition the judiciary for redress of his grievance against the Debtors who are more than 50% owned by the United States of America.[5]  He will have to seek to be reheard in fair proceedings, desires representation by this counsel and this counsel seeks vacation of the verbal Order "revoking" her pro hac vice status, unconstitutionally taken from her n order to perform her duty as an, officer of the Supreme Court of the United States, to protect Mr. Papas' rights in these proceedings.

      29.  This Court's interim verbal Order of October 9, 2013,  which adjourned the hearing on the Debtors' Motion to Disallow Claim #4754 of Caren Wilson,  is void for violation of her right to be heard on her opposition to the adjournment because Judge Glenn prevented this pro hac vice counsel from arguing in opposition to the Debtors' untimely and unsupported motion to adjourn the proceedings, for which appearance Ms. Wilson had personally incurred travel expenses for herself and her expert witness and both of whom had sacrificed compensation for their services in their employment and self-employment for two days work,  by threatening to have this counsel removed from the courtroom if she continued to express Ms. Wilson's position and by ultimately telling Ms. Wilson that she should seek new counsel because her counsel's pro

---

    [5] It should be noted that Mr. Papas, pro se, has always preserved his rights under the Ninth Amendment to the <u>Constitution of the United States</u>, which this counsel also preserved in his Notice of Appeal filed on September 6, 2013.

hac vice status was "going to be revoked," upon which pretext the Debtors' untimely, unsupported and prejudicial verbal motion to adjourn the proceedings which had already commenced, without any cause offered by the Debtors. This counsel moves to vacate the order "revoking" her pro hac vice status, unconstitutionally taken from her, in order to perform her duty as an officer, of the Supreme Court of the United States, to protect Ms. Wilson's rights in these proceedings.

30. On October 9, 2013, Jan Ibrahim's property right to his claim against the Debtors was unconstitutionally taken by purported default when this counsel had her pro hac vice status purportedly "revoked," without notice and opportunity to be heard having been given to either of the party or his counsel. The order disallowing Mr. Ibrahim's claim is void because it was entered in violation his procedural and substantive due process rights under the Fifth Amendment to the United States Constitution and his First Amendment rights to petition the judiciary for redress of his grievance against the Debtors who are more than 50% owned by the United States of America. He will have to seek vacation of the void Order and this counsel seeks to vacate the verbal order purporting to revoke her pro hac vice status, unconstitutionally taken from her, in order to perform her duty to Mr. Ibrahim as an officer, of the Supreme Court of the United States, to protect Mr. Ibrahim's rights in these proceedings.

31. This Motion is filed on an **emergency** basis and this counsel reserves her rights to file her brief in support of this Motion at the time she responds to the Order to Show Cause entered on October 10, 2013. Judge Glenn fails to mention that the cause he stated on October 9, 2013 was that she should be sanctioned for filing a "scurrillous" pleading on behalf of Mr. Papas. His sudden purported realization (more than a year after her first pro hac vice appearance for Mr. Papas and Mr. Elliott) that Ms. Nora was representing clients pro hac vice on an Order he signed in these proceedings was a "mistake." In good faith, this counsel believes that the challenged "scurrilous" language was directed against AFI's intentions in these proceedings and its involvement in the document forgery scheme initiated pre-petition. Debtors characterize these allegations as "nefarious" conduct but deny the allegations. The allegations concerning AFI's intentions in these proceedings is entirely founded upon this counsel's reading of the Declaration of James Whitlinger (Doc. 6) in support of the Debtors' First Day Motions and her personal observation of dozens of forged mortgage notes and assignments of mortgage, along substantial other evidence in these and other proceedings, a small part of which is attached hereto. It should be noted that she read the Whitlinger Declaration in the same way Judge Glenn read it, when he cited to the Whitlinger Declaration in his Order Denying the Motion to Appoint a "Borrowers'" Committee (Doc. 6). Again, Judge Glenn found, as a matter of fact:

> **B. Sale of the Debtors' Loan Servicing Platform and Legacy Loan Portfolio**
> Faced with daunting prospects, the Debtors' ultimate parent, Ally Financial Inc. ("AFI"), which also owns substantial non-residential mortgage-related businesses, developed a strategy to file these chapter 11 cases and seek an early sale of its significant mortgage-related businesses.9 AFI's goal was obviously to isolate its money-losing businesses and shed as much of the present and future liabilities associated with those businesses as

possible.

[9] "The purpose of these Chapter 11 cases is to facilitate an orderly sale of the Debtors' most valuable assets, settle the Debtors' claims with their parent AFI, resolve the Debtors' legacy liabilities and complete an orderly wind-down of their remaining assets." *Id.* ¶ 105. (NOTE by this counsel: *Id.* ¶ 105 refers to the Whitlinger Affidavit in Support of the First Day Motions, (Doc. 6) which has been of record in these proceedings since their inception.

32. AFI has been continuously participating in this matter and received this Court's Order of October 23, 2012 upon its entry and did not appeal. The Unsecured Creditors Committee and all other plan proponents also received this Court's Order of October 23, 2012 including the Debtors themselves, and none appealed. It is now an uncontroverted and unappealable final finding of fact that AFI is the cause of this bankruptcy to discharge its own liabilities through its subsidiaries, contrary to the bankruptcy law of the United States of America. AFI must file its own bankruptcy in order to obtain the benefits it seeks in these proceedings and may not keep the TARP funds and pay only a small portion thereof in exchange for a Third Party Release.

WHEREFORE, the undersigned respectfully moves to vacate the verbal Order of Judge Martin Glenn as it applies to her representation of Paul N. Papas II upon the grounds that it is void as in violation of the United States Constitution for actual bias of Judge Glenn as set forth above and to be fully brief under this counsel's reservation of rights; to vacate the verbal Order of Judge Martin Glenn as it deprived her tangible and intangible property right to represent Caren Wilson to protect Ms. Wilson's her constitutional rights as stated above; and to vacate the verbal Order of Judge Martin Glenn as it deprived her tangible and intangible property right to represent Jan Ibrahim to protect his constitutional rights as stated above, placing her at risk of liability to her clients without cause and in violation of the constitutional rights of the undersigned.

**RESERVATION OF RIGHTS**

The undersigned reserves her right to file the brief in support of this Motion and the same time she files her Response and Brief to the Order to Show Cause entered on October 10, 2013. She intends to move to consolidate this Motion with the proceedings on the Order to Show Cause entered on October 10, 2013 and demands evidentiary proceedings thereon. She will testify and requests that counsel be appointed for Judge Martin Glenn who is a witness to his conduct in these proceedings and who must recuse himself from the Order to Show Cause proceedings. Other witnesses will include the undersigned, Paul N. Papas II, Caren Wilson, Mohammad Raja, Attorney Heather McKeever, Attorney Robert E. Brown, retired Bankruptcy Judge Dennis O'Brien of the United States Bankruptcy Court for the District of Minnesota, retired Bankruptcy Judge Thomas Utschig of the United States Bankruptcy Court for the Western District of Wisconsin, Roger Rinaldi, Melvin Simonovich and others. All witnesses other than the undersigned are subject to their availability. Judicial notice of the entire record of these proceedings will be requested, with specific documents selected for emphasis.

11

Dated at Madison, Wisconsin this 11th day of October, 2013.

ACCESS LEGAL SERVICES

*/s/ Wendy Alison Nora*
Wendy Alison Nora
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone (612) 333-4144
Facsimile (608) 497-1026
accesslegalservices@gmail.com

### UNSWORN DECLARATION OF UNDER PENALTY OF PERJURY

Wendy Alison Nora states under penalty of perjury pursuant to 28 USC sec. 1746, that facts set forth in the foregoing Motion are true and correct, according to the best of her knowledge information and belief.

*/s/ Wendy Alison Nora*
Wendy Alison Nora

### UNSWORN DECLARATION OF SERVICE

Wendy Alison Nora declares, under penalty of perjury, that she filed the above-captioned document with the United States Bankruptcy Court for the Southern District of New York October 11, 2013 by CM/ECF and thereby served the same on all parties capable of service thereby.

*/s/ Wendy Alison Nora*
Wendy Alison Nora