# **EXHIBIT 4**

(Puntus Declaration)

ny-1107996

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Todd M. Goren
Naomi Moss

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF MARC D. PUNTUS IN SUPPORT OF
DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS
327(a) AND 328(a) APPROVING AMENDMENT TO ENGAGEMENT LETTER
WITH CENTERVIEW PARTNERS LLC**

I, Marc D. Puntus, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury:

1. I am a Partner and co-head of the Restructuring Group at Centerview Partners LLC ("Centerview"), financial advisor to Residential Capital LLC ("ResCap") and the other above-captioned debtors and debtors in possession (collectively the "Debtors").[1] I submit this declaration in support of the *Debtors' Motion For Order*

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit filed on the first day of these Chapter 11 cases.

ny-1107284

*Under Bankruptcy Code Sections 327(a) and 328 (a) Approving Amendment to Engagement Letter with Centerview Partners LLC* (the "Motion").[2]

## QUALIFICATIONS

2. I previously have conveyed to the Court my qualifications and Centerview's qualifications in my Declarations in support of the application for Centerview's retention (the "Retention Declarations"), my Declaration in support of the motion for approval of an amendment to the Engagement Letter (the "First Amendment Declaration"), my Declaration in support of the motion for approval of the Debtors' debtor in possession financing facilities and my Declaration in support of the motion for approval of certain amendments to the Barclays debtor in possession financing facility, my Declaration in support of the Debtors' motion for approval of the Asset Sales, my Declaration in support of the Debtors' motion to continue use of cash collateral, as well as my declaration in support of the Debtors' motion to partially satisfy certain secured claims [Docket Nos. 20, 368, 831, 1784, 2137, 2545, 3375, 3671 and 3873].

3. Rather than repeat the information contained in the Retention Declarations and the First Amendment Declaration here, they are incorporated by reference.

## BASIS FOR APPROVAL OF THE AMENDMENT

4. As described in the First Amendment Declaration, the Debtors have requested that Centerview perform additional services in these Chapter 11 cases, including the marketing and selling of loans insured by the FHA, which were not contemplated under Centerview's initial retention application.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Amendment.

2

ny-1107284

5. In connection with the sale of the FHA Loans, the Debtors filed the FHA Sale Motion.[3] Because no acceptable bid for the FHA Loans was submitted pursuant to the FHA Loan Sale Procedures, the Debtors elected to terminate the FHA Loan Sale.

6. The Debtors however, through the services of Centerview have continued to engage in discussions with potential purchasers of FHA Loans. Although the parties expected that Centerview would assist the Debtors to monetize and sell the FHA Loans through any process, the First Centerview Amendment only referenced sales made pursuant to the FHA Sale Motion. Because the FHA Loan Sale was terminated, the parties determined to enter into the Amendment and clarify that Centerview will receive compensation in the event the FHA Loans are sold as described in the Amendment.

7. Additionally, as described in the First Amendment Declaration, the First Centerview Amendment also modified the crediting provision contained in the Engagement Letter due to extended duration of these Chapter 11 cases. The First Centerview Amendment reserved the right to further modify the crediting provision. After extensive negotiations among Centerview, the Debtors and the Creditors' Committee, the parties have agreed to further modify the crediting provision, as described below.

## COMPENSATION

8. Pursuant to the Amendment, the Debtors propose to pay Centerview a fee equal to .65% of the purchase price of the unpaid principal balance of FHA Loans (the "FHA Fees") if the Debtors consummate any transactions for the sale of the FHA Loans to buyers other than Ginnie Mae or its affiliates upon the closing of the applicable loan

---

[3] On January 16, 2013, the Court approved the FHA Sale Motion on the record. On January 17, 2013, the Court entered an order approving the FHA Sale Motion [Docket No. 2649].

3

ny-1107284

sale or sales. The Amendment provides that Centerview shall earn the FHA Fees if the Debtors (i) consummate an FHA Loan Transaction prior to the effective date of a Plan (the "Effective Date"), or (ii) execute a purchase agreement to consummate an FHA Loan Transaction prior to the Effective Date and the sale is consummated subsequent to the Effective Date, or (iii) has reached an agreement in principle to effectuate or consummate an FHA Loan Transaction prior to the Effective Date, and a definitive agreement with respect to such transaction is not executed prior to the Effective Date because the Creditors' Committee has not consented to such transaction, and thereafter, prior to the date that is three months from and after the Effective Date, the Liquidating Trust consummates a substantially similar FHA Loan Transaction.

9.  In addition to the sale of the FHA Loans, Centerview will also assist with the continued monetization of other remaining estate assets. The Amendment reserves Centerview's right to seek additional fees for subsequent sales of loans and other assets, including loans insured and/or guaranteed by the government, subject to the reasonable consent of the Creditors' Committee.

10. The Debtors and Centerview have agreed upon the FHA Fees in anticipation that a substantial commitment of professional time and effort will be required of Centerview and its professionals in connection with the sale of the FHA Loans.

11. The FHA Fees are consistent with, and typical of, compensation arrangements entered into by Centerview and other comparable firms in connection with the rendering of similar services under similar circumstances. The FHA Fees are reasonable and market-based and consistent with Centerview's normal and customary billing practices for comparably sized transactions.

ny-1107284

12. The Amendment also clarifies the Crediting Provision contained in the Engagement Letter and the First Centerview Amendment. Pursuant to the Engagement Letter, the Transaction Fee was to be earned and paid at the closing of the Asset Sales. During negotiations with the Creditors' Committee concerning Centerview's retention in these cases, the parties agreed that the Transaction Fee would continue to be earned upon the closing of the Asset Sales, but payment would be deferred until the Effective Date. At that time, the Debtors, the Creditors' Committee and Centerview did not address how crediting would be structured post-closing of the Asset Sales.

13. As such, the parties chose to clarify the Crediting Provision in the First Centerview Amendment. The parties agreed that Centerview was not required to credit the Monthly Advisory Fees following the Platform Closing Date through June 30, 2013. From and after July 1, 2013, Centerview would be required to credit 50% of Monthly Advisory Fees. Pursuant to the First Centerview Amendment, Centerview reserved the right to seek to renegotiate the appropriate amount of crediting with the Debtors based on the facts and circumstances extant at that point in time, subject to the reasonable consent of the Creditors' Committee.

14. Because the complexity of the issues pervading these cases has prolonged their conclusion, and in light of the additional services required of Centerview in connection with confirmation of the Plan and the ongoing litigation with the Junior Secured Noteholders, the parties renegotiated the duration and scope of the Crediting Provision.

15. Following extensive arm's-length negotiations between the Debtors, Centerview and the Creditors' Committee, the parties renegotiated the Crediting

Provision through the Amendment. The Amendment states that Centerview is required to credit 50% of Monthly Advisory Fees from the Petition Date through the Platform Closing Date and after October 31, 2013. The Amendment further provides that Centerview will not be required to credit seven additional Monthly Advisory Fees, which elimination of crediting shall be applied first to Monthly Advisory Fees for the period of November 1, 2013 through the Effective Date and second, to the extent necessary, to Monthly Advisory Fees for the period from the Petition Date through the Platform Closing Date, such that $1,050,000 of crediting is eliminated.

16. For the reasons set forth herein, I believe that the Amendment should be approved in all respects.

I declare, under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge.

Dated: October 15, 2013
      New York, New York

                                                        /s/ Marc D. Puntus
                                                        Marc D. Puntus