# Lowenstein Sandler LLP

Michael S. Etkin
Partner

1251 Avenue of the Americas
New York, NY 10020
T 973 597 2312
F 973 597 2313
metkin@lowenstein.com

**Via Federal Express**

October 15, 2013

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

RE: **In re Residential Capital, LLC, _et al._, Case No. 12-12020 (MG)
New Jersey Carpenters Health Fund, _et al._ v. Residential Capital, LLC, _et al._,
08 Civ. 8781 (HB)**

Dear Judge Glenn:

As the Court may recall, the undersigned is bankruptcy counsel to lead plaintiff and the class in the above-referenced securities fraud class action (the "Securities Class Action") pending before Judge Baer and in the jointly administered Chapter 11 cases pending before Your Honor. In the interest of keeping Your Honor abreast of developments in the Securities Class Action in the District Court, we are pleased to report that an Order and Final Judgment approving the partial settlement of the Securities Class Action, which settlement is also embodied in the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Proposed Plan"), was signed on October 7, 2013. A copy of the Order and Final Judgment is enclosed for the Court's convenience.

We are of course available if the Court has any questions or requires any additional information.

Respectfully submitted,

Michael S. Etkin

MSE:cbs

CC (via e-mail):
   Joel Haims, Esq.
   Kenneth Eckstein, Esq.
   Michael Keats, Esq.
   Jeffrey Lipps, Esq.
   Joel Laitman, Esq.
   Christopher Lometti, Esq.
   (filed on ECF)

26963/2
10/15/13 27104180.1

New York    Palo Alto    Roseland    www.lowenstein.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>RESIDENTIAL CAPITAL, LLC, ET AL.,<br><br>Defendants. | Civ. No. 08-8781-HB |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

This matter came for hearing on October 7, 2013 (the "Settlement Hearing"), on the application of Lead Plaintiff and the Settling Defendants (defined below), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement with Certain Defendants (the "Stipulation" or the "Settlement") are fair, reasonable, adequate and in the best interest of the Settlement Class Members for the settlement of all claims asserted by Lead Plaintiff, New Jersey Carpenters Health Fund, on behalf of themselves, Plaintiffs and the Settlement Class, against defendants Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Residential Funding Securities Corporation n/k/a Ally Securities, LLC (collectively, the "Settling Defendants") in the above-captioned Action, and should be approved; and whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Settling Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Class Members' Released Claims as against all Released Parties.

The Court having considered all matters submitted to it at the Settlement Hearing and otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby certifies, for settlement purposes only, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and who were allegedly damaged thereby: RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3, RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9, RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI Series 2007-QH1, RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15. Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal

representatives, executors, estates, administrators, successors and assigns, insurers, and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice and all persons or entities defined as Private Securities Claimants in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement.

4. With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement (and without an adjudication of the merits), that the prerequisites for a class action under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims by Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5. Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-l(a)(7), as amended by the Private Securities Litigation Reform Act

of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Settlement Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Order and Final Judgment.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. Within ten business (10) days of the Plan Effective Date, the Settling Debtors, on behalf of the Settling Defendants, shall cause to be transferred into the same Escrow Account controlled by Lead Counsel as the Notice Fund, the Settlement Amount [of $100 million] (net of the Notice Amount previously deposited).

9. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

*[handwritten annotations in right margin: "of $100 million", initials "MCK" and "JOE"]*

10. The Third Amended Complaint is hereby dismissed on the merits with prejudice as against the Released Parties only and without costs except for the payments expressly provided for in the Stipulation.

11. Upon the Effective Date of the Settlement, Lead Plaintiff and all other Settlement Class Members shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

12. Upon the Effective Date of the Settlement, Lead Plaintiff and all other Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Settlement Class Members' Released Claims.

13. The releases provided in the Settlement to the Settling Defendants shall in no way limit the scope of the injunction and releases included in the ResCap Chapter 11 Plan protecting the Settling Defendants from any third-party claims, contribution claims, or indemnification claims related to this Action.

14. The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

   a. shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action

or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

c. shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

d. shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiff or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

  e. shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

  15. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Order and Final Judgment, (e) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

  16. A separate order shall be entered regarding Lead Counsel's application for reimbursement of litigation expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

  17. Any order regarding the Plan of Allocation to be submitted in the future by Lead Plaintiff shall not disturb or affect any of the terms of this Order and Final Judgment.

  18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants or any of them who paid such Settlement Amount on behalf of the Settling Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Plaintiffs reserve their rights to proceed in all respects as if this Settlement had not been

entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement, provided, that the Parties reserve their rights to revisit the scheduling order for the conduct of discovery in this Action. The Settling Defendants reserve their rights to argue (and Plaintiffs reserve their rights to oppose the argument) that in the event that the ResCap Chapter 11 Plan is approved and the Plan Effective Date occurs, the Plan Releases bar all Released Claims against the Settling Defendants, even if this Settlement is terminated for any reason prior to the Plan Effective Date.

19. The Court hereby permanently bars, enjoins and restrains:

a. Any and all persons and entities (including but not limited to Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Settling Defendants for contribution or indemnity (whether contractual or otherwise), however denominated, where the alleged injury to the Non-Settling Defendant or other person or entity is the Non-Settling Defendant's or other person's or entity's actual or threatened liability in the Action to Plaintiffs, arising out of, based upon or related to the claims and allegations asserted in the Action, whether arising under state, federal or foreign law as claims, cross- claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or Unknown, foreseen or unforeseen, matured or unmatured, accrued or

unaccrued. All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.

b. the Settling Defendants from asserting any claim against any person or entity (including the Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) for Indemnity or contribution, however denominated, seeking the recovery of all or any part of the settlement amount paid to the Plaintiffs or the cost of defending this Action, provided, however, that nothing herein shall be deemed to bar or enjoin the Settling Defendants from obtaining insurance coverage for the Settlement Amount.

20. Any person or entity so barred and enjoined under paragraph 19 above, shall be entitled to appropriate judgment reduction (in respect of claims barred and enjoined as against all released persons herein or in the ResCap Chapter 11 Case) in accordance with and to the extent permitted under applicable law.

21. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York
_____Oct 7_____, 2013

HONORABLE HAROLD BAER
UNITED STATES DISTRICT JUDGE