# EXHIBIT G

**ALSTON & BIRD LLP**
Martin G. Bunin
John C. Weitnauer (*pro hac vice*)
90 Park Avenue
New York, NY 10016
(212) 210-9400 (telephone)
(212) 210-9444 (facsimile)

*Attorneys for Wells Fargo Bank, N.A. as Trustee*
*and Master Servicer of Certain Mortgage Backed*
*Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF CURE CLAIM OF**
**WELLS FARGO BANK, N.A. AS TRUSTEE AND MASTER SERVICER**

1.      This notice of cure claim ("Notice of Cure Claim") against one or more of the

debtors (collectively, the "Debtors") in these jointly administered cases (the "Cases"), is given

by Wells Fargo Bank, N.A. in its capacity as trustee, indenture trustee, securities administrator,

co-administrator, paying agent, grantor trustee and/or other similar agencies (in any such

capacity, the "Trustee") and/or in its capacity as master servicer, securities administrator,

custodian and/or other similar agencies (in any such capacity, the "Master Servicer") in respect

of certain mortgage-backed securities trusts, whole loan servicing agreements, other trusts, and

similar arrangements listed on Schedule A hereto (collectively the "RMBS Trusts") (the RMBS

Trusts and Trustee or Master Servicer, as applicable, are referred to collectively as the

"Claimant"), in accordance with the Scheduling Order, the Sale Order and the Final Servicing

Order (all as defined below) entered by the Bankruptcy Court in these Cases (the "Court").

2.  Pursuant to the Servicing Agreements (as defined below in footnote 8), one or

more of the Debtors is obligated to the Claimant in various servicer-related capacities, including

as servicer, subservicer, underlying servicer, master servicer, administrator, co-administrator,

custodian, back up servicer, HELOC master servicer, and similar capacities (in any such

capacity, the "Servicer").

### Chapter 11 Case Background

**A.**    ***Scheduling Order.***

3.  The Fourth Scheduling Order[1] provides, among other things, that:

[a]ny RMBS Trust (including RMBS Trusts that are not Settlement Trusts) shall
file a notice of any alleged cure claim no later than sixty (60) calendar days after
the closing of the sale of the servicing platform ....

(the "Cure Claim Deadline").  The closing of the sale of the servicing platform occurred on

February 15, 2013; accordingly, the Cure Claim Deadline is April 16, 2013.

4.  The Fourth Scheduling Order further provides, however, that:

in the event an order has not been entered with respect to the 9019 Motion on or
before the closing of the sale of the servicing platform, Settlement Trusts shall
have until sixty (60) days after the entry of an order approving or disapproving the
9019 Motion to assert cure claims solely related to any origination-related
provision ....[2]

---

[1]    *Fourth Revised Joint Omnibus Scheduling Order and Provisions for other Relief Regarding Debtors'
Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements*, dated December 27,
2012 (Docket No. 2528, at ¶ 15) (the "Fourth Scheduling Order"), which amended the *Revised Scheduling Order*
(Docket No. 928) (the "First Scheduling Order"), the *Second Revised Scheduling Order* (Docket No. 1551) and the
*Third Revised Scheduling Order* (Docket No. 1926) (collectively with the Fourth Scheduling Order and the First
Scheduling Order, the "Scheduling Order").  Terms not defined herein shall have the meanings ascribed to them in
the Scheduling Order, the Sale Order and/or the Final Servicing Order, as applicable.

[2]    Fourth Scheduling Order at ¶ 15.

(the "<u>Origination-Related Cure Claim Deadline</u>").  The Origination-Related Cure Claim

Deadline cannot be determined at this time as the hearing on the 9019 Motion[3] is scheduled to

begin on May 28, 2013 and no order approving or disapproving the 9019 Motion has yet been

entered.

5.    The First Scheduling Order provides that the cure claims of the RMBS Trusts

shall have administrative expense priority, except to the extent such claims exceed certain caps

as set forth therein.[4]

6.    The Fourth Scheduling Order further requires that the Debtors, the RMBS

Trustees[5] and the Creditors' Committee  meet and confer and, within seven (7) days after the

Cure Claim Deadline,[6] propose to the Court a schedule for any remaining discovery concerning

such cure claims and their adjudication.

---

[3]    *Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements (Docket No. 320), as supplemented by the Debtors' Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (Docket No. 1176) and the *Debtors' Second Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust Settlement Agreements* (Docket No. 1887) (collectively, the "<u>9019 Motion</u>").

[4]    First Scheduling Order at ¶¶ 18A, 18B and 19.

[5]    Different orders have defined the term "RMBS Trustees" in slightly different ways.  For example, the First Scheduling Order defines "RMBS Trustees" as "The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, U.S. Bank National Association and Wells Fargo Bank, N.A., solely in their capacities as trustees or indenture trustees for certain mortgage or home equity lines of credit backed securities trusts (collectively, the "<u>RMBS Trustees</u>"), each acting as the trustee of some but not all of the Residential Mortgage-Backed Securitization Trusts ("<u>RMBS Trusts</u>"), with respect to which one or more of the Debtors is the sponsor, depositor, and/or servicer (all as more particularly described in the specific contracts relating to each such RMBS Trust)."  First Scheduling Order at p. 2.  The Sale Order (defined and discussed below), uses the following definition:  "For purposes of this Order, "RMBS Trustees" shall include The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, U.S. Bank National Association and Wells Fargo Bank, N.A., solely in their respective capacities as trustees or indenture trustees for certain mortgage backed securities trusts."  Sale Order at fn. 6.  In this Notice of Cure Claim, the term "<u>RMBS Trustees</u>" also includes Law Debenture Trust Company of New York ("<u>Law Debenture</u>"), as Separate Trustee, and refers to such entities in capacities referred to in this footnote as well as in various additional capacities, including, where applicable, as master servicer (as contemplated by paragraph 36 of the Sale Order (as described in paragraph 12 *infra*)), securities administrator and/or other agency capacities for any RMBS Trusts where one or more Debtors acts as Servicer.

[6]    Fourth Scheduling Order at ¶ 15.  The Fourth Scheduling Order uses the term "RMBS Cure Claim Deadline" to refer to two dates that are now known to be different – the Cure Claim Deadline and the Origination-Related Cure Claim Deadline.

## B.    _Sale Order._

7.    On November 21, 2012, the Court entered the Sale Order[7] pursuant to which the

Court approved the sale of the Debtors' servicing platform to Ocwen Loan Servicing, LLC

("Ocwen"), including the assumption by the Debtors and assignment to Ocwen of  related

Servicing Agreements.[8]

8.    Paragraph P of the Sale Order provides:

the Servicing Agreements being assumed and assigned ... consist solely of
enforceable contracts for providing servicing, subservicing or master servicing for
Mortgage Loans ... [and] do not include any agreements ... in respect of the
origination or sale of mortgage loans [_sic_] (including ... representations and
warranties made in connection with such origination or sale or with respect to the
noticing and enforcement of any remedies in respect of alleged breaches of such
representations and warranties) ... (collectively, the "Other Agreements") ....
Nothing in the Ocwen APA or this Order shall have any effect on any Other
Agreement or any claims related thereto against the Debtors, and the rights, if any,
of all parties against the Debtors in respect of the Other Agreements are reserved.[9]

9.    Paragraph 14 of the Sale Order further provides that:

Any Servicing Agreement memorialized in the same writing as an Other
Agreement ... is hereby severed and deemed reformed to become a separate,
independently enforceable agreement.[10]

10.    Paragraph 22 of the Sale Order further provides that:

Any cure claims the RMBS Trusts may have relating to the Assigned RMBS
Contracts (including, without limitation, any claim arising from any argument that

---

[7]    _Order under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9019(I) Approving
(A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of
Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and other Interests; (C) Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases thereto, (D) Related Agreements; and
(II) Granting Related Relief_ (Docket No. 2246) (the "Sale Order").

[8]    "Servicing Agreements" is defined in the Ocwen Asset Purchase Agreement as "all Contracts pursuant to
which any Seller provides servicing, including primary servicing or master servicing and related activities (including
duties as a REMIC Administrator), and includes the Agency Contracts listed on Schedule F, and the Private Investor
Servicing Agreements and Servicing Agreements for Other Serviced Loans, in each case as listed on Schedule E."
_See_ Docket No. 2246-1 at page 33.  Such Contracts include pooling and servicing agreements, highly integrated sets
of "servicing agreements," mortgage loan purchase agreements, deposit trust agreements, trust agreements,
indentures, asset sale agreements, depositor sale agreements, administration agreements, yield maintenance
agreements and other ancillary transaction documents.

[9]    Sale Order at ¶ P.

[10]    Sale Order at ¶ 14.

the Debtors did not effectively sever the Origination-Related Provisions ... or that such provisions are not otherwise severable in accordance with applicable law in either case solely as it relates to such cure claim) (the "RMBS Trust Cure Claims") shall be reserved (except as released by any Accepting Trusts) ....[11]

11.    Paragraph 35 of the Sale Order further provides that:

[S]ubject to the terms and conditions of the Scheduling Order, (i) the Debtors shall not be relieved of any liability for, and the RMBS Trusts may assert claims against the Debtors ... for, any losses or liability suffered prior to the Closing Date, or which may be suffered after the Closing Date, by the RMBS Trusts as a result of any acts or omissions of the Debtors before the Closing Date (any such losses or liability, the "Servicing Damage Claims") and (ii) the Debtors shall remain obligated to pay the RMBS Trustees' expenses, in each case as administrative expense claims under section 503(b) of the Bankruptcy Code, subject to the terms of the [Final Servicing Order] ....  Such Servicing Damage Claims shall be asserted by the RMBS Trustees within the time period for the assertion of Cure Claims as provided by the Scheduling Order.[12]
...
[A]ny dispute regarding the amount of the Servicing Damage Claims shall be a contested matter to be determined by the Court after such discovery as is permitted by the Bankruptcy Rules and at such hearing or hearings as scheduled by the Court after the Closing Date.[13]

12.    Paragraph 36 of the Sale Order further provides that:

[S]ubject to the terms and conditions of the Scheduling Order, (i) the Debtors shall not be relieved of any liability for, and The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., U.S. Bank National Association, CitiMortgage, Inc., and Wells Fargo Bank, N.A., solely in their respective capacities as master servicers (the "Master Servicers") for certain mortgage backed securities trusts (collectively, the "Master Serviced Trusts") may

---

[11]    Sale Order at ¶ 22.  The Sale Order provides, at footnote 6, that capitalized terms used in paragraph 22 but not defined in the Sale Order have the meanings given in the Scheduling Order.  The First Scheduling Order defines "Assigned RMBS Contracts" as "PSAs that the Debtors seek to assume and assign as part of the Sale Motion that relate to any RMBS Trusts," First Scheduling Order at ¶ 17, and PSAs as "Pooling and Servicing Agreements, Mortgage Loan Purchase Agreements, Indentures, Servicing Agreements and/or Trust Agreements." First Scheduling Order at p. 2.  The First Scheduling Order defines "Origination–Related Provisions" as "any obligations or liability in respect of the origination and sale of mortgage loans to the RMBS Trusts (including, without limitation, the liability of any Debtors that are party to a PSA with respect to representations and warranties made in connection with such sale or with respect to the noticing and enforcement of any remedies in respect of alleged breaches of such representations and warranties)."  First Scheduling Order at p. 3.

[12]    Sale Order at ¶ 35.C.  "Final Servicing Order" refers to the *Final Supplemental Order under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (Docket No. 774).

[13]    Sale Order at ¶ 35.D.

assert claims against the Debtors ... for, (i) any losses or liability suffered prior to the Closing Date, or which may be suffered after the Closing Date, by the Master Serviced Trusts as a result of any acts or omissions of the Debtors before the Closing Date (any such losses or liability, the "Servicing Loss Claims") and (ii) except for the case of CitiMortgage, Inc., the Debtors shall be obligated to pay the Master Servicers' expenses, in each case as administrative expense claims under section 503(b) of the Bankruptcy Code, subject to the terms of the Supplemental Servicing Order. Such Servicing Loss Claims shall be asserted by the Master Servicers' [*sic*] within the time period for the assertion of Cure Claims as provided by the Scheduling Order. ... [A]ny dispute regarding the amount of the Servicing Loss Claims shall be a contested matter to be determined by the Court after such discovery as is permitted by the Bankruptcy Rules and at such hearing or hearings as scheduled by the Court after the Closing Date.[14]

## C.    *The Final Servicing Order.*

13.    Paragraph 18 of the Final Servicing Order provides, among other things, that:

The Debtors shall continue to perform all of their respective servicing duties and servicing related duties ... under all the governing agreements ... (collectively, the "Agreements") relating to … [the] securitization transactions to which any of ... the [RMBS] ... Trustees ... and one or more of the Debtors is a party, including but not limited to, making all ... advances ... reimbursing, indemnifying, defending and holding harmless the Trustees and the securitization trusts for any liability, loss, or reasonable fees, cost or expense (including fees and disbursements of counsel or agents) incurred by any of the Trustees in the performance of their duties or their administration of the trusts or other agencies under the Agreements to the extent required by the Agreements.   For the avoidance of doubt, the Debtors shall pay the reasonable, actual out-of-pocket costs and expenses of the Trustees in connection with reviewing and analyzing the request by the Debtors to approve the MBS Settlement Agreement, and in connection with reviewing and analyzing amendments to the Agreements as necessary or appropriate in connection with any proposed Chapter 11 plan, the MBS Settlement Agreement or the Platform Sale.   Notwithstanding the foregoing, nothing in this paragraph 18 shall require any Debtor (i) to repurchase any mortgage loans on the basis of alleged breaches of representations, warranties or other requirements of the Agreements, or make any make-whole payments with respect to any mortgage loans pursuant to the Agreements; or (ii) to enforce, as against any other Debtor entity or any non-Debtor affiliate, any provision of the Agreements under which such other Debtor entity or non-Debtor affiliate are required to repurchase any mortgage loans on the basis of alleged breaches of representations, warranties or other requirements of the Agreements, or make any make-whole payments with respect to any mortgage loans pursuant to the Agreements; and nothing in this paragraph 18 shall be deemed to impose liability

---

[14]    Sale Order at ¶ 36.

on any Debtor with respect to such alleged breaches or make-whole payment requirements.[15]

14.      The Final Servicing Order further provides that RMBS Trustee Expense Claims are to be paid as administrative expense claims under Section 503(b) of the Bankruptcy Code, although the Debtors, the Creditors' Committee and the United States Trustee have thirty (30) days after the submission of each invoice for an RMBS Trustee Expense Claim to object to such claim on the basis of reasonableness.[16]

## D.      _Discovery Requests Regarding the Cure Claims that are the Subject of this Notice._

15.      On February 6, 2013, the RMBS Trustees served the Debtors with the _First Set of Joint Interrogatories (Nos. 1-24) and Document Requests of RMBS Trustees and Master Servicers_.  On November 16, 2012, U.S. Bank National Association, in its capacity as master servicer, served the Debtors with its _First Set of Interrogatories and Document Requests of U.S. Bank National Association, as Master Servicer for Residential Mortgage Backed Securities Trust_s.  On October 3, 2012, Wells Fargo Bank, N.A., in its capacity as master servicer, served the Debtors with its _First Set of Interrogatories (Nos. 1-16) and Document Requests of Wells Fargo Bank, N.A., as Master Servicer for Residential Mortgage Backed Securities Trust_s.  The Debtors have responded in part to the foregoing discovery requests, and remain obligated to continue to respond to them on an ongoing basis.  Further, as set forth in the Fourth Scheduling Order and the Sale Order, the parties have contemplated that discovery with respect to the claims noticed herein will continue after the Cure Claim Deadline.  The Claimant thus reserves the right to supplement this Notice of Cure Claim based on any newly-discovered information.

---

[15]     Final Servicing Order at ¶ 18.
[16]     Final Servicing Order at ¶ 19.

### Debtors as Servicers

16.     Prior to the Sale of the Debtors' servicing platform to Ocwen, one or more Debtor

entities acted as Servicer for some, or all, of the mortgage loans (the "Mortgage Loans") with

respect to the RMBS Trusts.  As Servicer, the applicable Debtor or Debtors had various types of

obligations, including administration duties, such as maintaining insurance and taxes, payment

calculation and processing, prepayment administration, and fee calculation and application;

investor reporting; servicing non-performing loans, including collections, loss mitigation, and

foreclosure; and cash control, as set forth in the applicable Servicing Agreements.

17.     Under the Servicing Agreements, such servicing obligations (the "Servicing

Obligations") include, but are not limited to, the following:

    A.     to provide monthly servicer reports to the RMBS Trustees which include

notification of any defaults in the underlying Mortgage Loans;

    B.     to properly advance funds, including to pay all applicable taxes and

assessments to the appropriate taxing authority on the entire pool of Mortgage Loans and

to cover any shortfalls from delinquent payments, deposits, reimbursements, remittances,

credits, allocations and appropriations;

    C.     to enforce all terms and conditions of the Mortgage Loans, including by

foreclosure or other remedial actions;

    D.     to give notice of and enforce mortgage cure, repurchase and substitution

claims and claims for breaches of other representations and warranties;

    E.     to repurchase or substitute defective loans;

    F.     to perform all indemnification obligations and defense obligations covering

all of the RMBS Trusts' and the RMBS Trustees' liabilities, losses, costs and expenses

arising from or related to breaches of the servicing or reporting obligations – including

fees and expenses, including but not limited to the RMBS Trustees' legal fees, and other

costs relating to any transfer of the Debtors' obligations to a successor servicer or otherwise;

G.    to execute, deliver, file and record the necessary documents with respect to the satisfaction and discharge of mortgages, and registrations with MERS (Mortgage Electronic Registration Systems, Inc., a system utilized in connection with the registration and tracking of Mortgage Loans);

H.    to coordinate and monitor mortgage loan remittances from mortgagors and other remittances relating to the assets, segregating such funds and avoiding any commingling of funds;

I.    to maintain proper levels of coverage on hazard insurance, flood insurance, mortgage insurance, title insurance, fidelity bonds and errors and omissions insurance policies;

J.    to maintain all required licenses, approvals, registrations, permits or other authorizations granted by the applicable governmental authority or mortgage program sponsor, such as HUD, Fannie Mae, Freddy Mac, Ginnie Mae;

K.    to provide accurate loan data, remittance advances, reports on defaulted trust assets, Mortgage Loans, certificates and any necessary supporting documentation, as applicable, maintain appropriate records and files, and provide notice of any event (including defaults) that will adversely affect the RMBS Trustees, the RMBS Trusts or the Holders;

L.    to supervise any and all subservicers that it may contract with, remain obligated and liable for its own conduct or the conduct of subservicers;

M.    to perform obligations related to leases of Mortgage Loans;

N.    to satisfy any reporting requirements to the SEC and other agencies and to the extent necessary under the Servicing Agreements, provide data to the SEC and other agencies;

O.    to make any and all credits, allocations, remittances, reimbursements of funds according to the procedures set forth in the Servicing Agreements;

P.      to act in good faith and comply with the applicable servicing standard of care as set forth in the Servicing Agreements;

Q.      to comply with all terms of the Servicing Agreements and compensate the RMBS Trusts for any breach of the Servicing Agreements; and

R.      to comply with the requirements for assumption and assignment set forth in the Servicing Agreements, pay for costs associated with the transfer of Servicing Agreements and cooperate in any transfer of the Servicing Agreements.

### Assumption and Assignment of Servicing Agreements

18.      Prior to the closing of the servicing platform to Ocwen, the Debtors stated that they anticipated that all of the Servicing Agreements would be assumed by the applicable Debtor and assigned to Ocwen.  As of the date of this Notice of Cure Claim, none of the Servicing Agreements has been rejected and the vast majority of the Servicing Agreements have been assumed and assigned to Ocwen.  On information and belief, the Debtors and Ocwen are continuing to work towards the assignment and assumption of the Servicing Agreements that have not yet been assumed and assigned.

### Cure Claims

19.      Claimant hereby gives notice of the following cure claims against the Debtors as Servicers listed on Schedule A and in various other capacities for each such RMBS Trust. Pursuant to the Sale Order and the Scheduling Order, Claimant hereby asserts such cure claims as claims having administrative expense priority, except to the extent that those cure claims that are subject to the caps set forth in the Scheduling Order exceed such caps.  The cure claims asserted herein are based on Servicing Obligations and other obligations of the Debtors as Servicers and otherwise that were outstanding as of the date of the closing of the sale of the

10

Debtors' servicing platform to Ocwen, that became due and owing after such closing date, or that

become due and owing, as a result of pre-closing actions of the Debtors as Servicers. [17]

**A.** **_Claims Arising from Failure to Give Notice of, and Enforce, Breaches of Representations and Warranties._**

20.     Claimant gives notice of a claim for damages arising from the Servicer's failure to

give timely notice, and failure to enforce breaches, of the representations and warranties given by

the sellers or depositors under the governing agreements related to, among other things, the

Mortgage Loans owned by, or that are collateral for, the RMBS Trusts, as well as for failure of

the Servicer to repurchase defective loans where applicable.

**B.** **_Claims Arising from Severance of Origination – Related Provisions._**

21.     The Claimant gives notice of a cure claim for damages arising from the severance

of the Origination-Related Provisions from the Servicing Agreements, on the basis that such

provisions cannot be severed under applicable law.

**C.** **_Claims Arising from the Origination and Sale of Mortgage Loans to the RMBS Trusts._**

22.     To the extent applicable, Claimant gives notice of a cure claim relating to

damages arising from the origination and sale of the Mortgage Loans, including, but not limited

to, claims for mortgage repurchase obligations in connection with both Settlement Trusts and

RMBS Trusts that are not Settlement Trusts.[18]

---

[17]     Certain RMBS Trusts are insured by monoline insurers.  For RMBS Trusts that are insured by monoline insurers, this Notice of Cure Claim includes additional cure claims, if any, that Claimant may assert under the applicable transaction documents relating to monoline insurance.  This Notice of Cure Claim also includes cure claims against the Debtors with respect to those RMBS Trusts that are insured by monoline insurers in respect of which the Servicing Obligations are in the process of being, but have not yet been, transferred to Ocwen, including, but not limited to, those trusts listed on Schedule B attached hereto.  Schedule B also includes other RMBS Trusts that have not yet been assumed and assigned, whether or not such trusts are insured by a monoline.

[18]     As set forth above, the Origination-Related Cure Claim Deadline with respect to the Settlement Trusts will be 60 days after the 9019 Motion has been determined by the Court.  Nevertheless, as a courtesy, the Claimant asserts such Settlement Trust origination-related cure claims herein.  Such assertion is without prejudice to the Claimant's assertion of additional cure claims arising out of the origination and sale of the Mortgage Loans on or before the Origination-Related Cure Claim Deadline.  To the extent cure claims relating to damages arising from the

**D.** ___Claims for Indemnification and Payment of Expenses.___

23.     To the extent applicable, Claimant gives notice of a claim for damages arising from, or which may arise from, the Servicer's failure to perform its obligations to reimburse, indemnify, and hold harmless the Trustee and Master Servicer for any liabilities, losses, or reasonable fees, costs or expenses (including fees and disbursements of the Trustee's and Master Servicer's counsel or agents) whether such obligation arises from the Servicing Agreements, paragraph 35 of the Sale Order, paragraph 36 of the Sale Order, paragraph 18 of the Final Servicing Order, or otherwise.  The reimbursement and indemnification claims asserted herein shall also inure to the benefit of Law Debenture, to the extent applicable, as Separate Trustee[19] for the trusts listed on <u>Schedule C</u> attached hereto.

24.     The Claimant has incurred, and may continue to incur, significant legal and other expenses enforcing the Servicing Agreements, including, but not limited to, expenses relating to extraordinary services such as servicer defaults and servicer transitions, defending against borrower counterclaims arising from breaches or alleged breaches of the terms and conditions of the Mortgage Loans owned by the RMBS Trusts, and defending lawsuits commenced by federal, state and local governments, municipalities and other regulatory agencies related to the Debtors' acts and omissions as Servicer.

25.     In addition, Claimant has been named (and may be named in the future) as a defendant in other litigation relating to the RMBS Trusts or the Servicer.  Most of these actions

---

origination and sale of mortgage loans are asserted against the Debtors in their capacities other than as Servicer, this Notice of Cure Claim incorporates as cure claims the claims asserted in the Claimant's proofs of claim filed in these Cases on March 1, 2013 (the "Proof of Claim") against the Debtors as Sellers (as defined in the Proof of Claim).

[19] For the RMBS Trusts listed on Schedule C, Law Debenture was appointed Separate Trustee, pursuant to the orders issued by the District Court, Fourth Judicial District, State of Minnesota to which the Instrument of Acceptance and Appointment is attached.  As Separate Trustee, Law Debenture is authorized to, among other things, pursue the claims covered by the RMBS Settlement Agreements.

have been, or will probably be, commenced by Borrowers (as defined below) as direct claims or as counterclaims in foreclosure proceedings and are defended by the Servicer.

26.    This indemnification cure claim also includes any amounts paid by Ocwen to the Claimant under indemnity provisions of the Servicing Agreements for acts or omissions of the Servicer prior to the closing date of the sale of the servicing platform that are reimbursed to Ocwen from the RMBS Trusts but for which the Servicer is ultimately responsible.

27.    To date, the Debtors have paid certain invoices that the Trustee submitted after the date of the filing of the Debtors' chapter 11 petitions pursuant to the Final Servicing Order or the Sale Order but may not have paid all such invoices or invoices for indemnification or payment of expenses submitted prior to the date of the filing of the Debtors' chapter 11 petitions. The Trustee and Master Servicer will continue to submit invoices for the payment of such amounts as set forth in the Final Servicing Order and the Sale Order.  All such unpaid invoices are included in this Notice of Cure Claim.

### E.    *Claims Arising from Borrower Complaints*

28.    Claimant gives notice of a cure claim for any damages to Claimant, including fees and expenses incurred, that have arisen, or may arise in the future, from acts or omissions of the Servicers that affect, or have affected, borrowers under the Mortgage Loans (each, a "Borrower" and together the "Borrowers"). Certain Borrowers have asserted complaints (but have not yet commenced a lawsuit) based on, among other things, miscalculated interest payments; improper mortgage fees; other collection issues; incorrect payoff amounts on liquidation; failure to correctly calculate or apply payments; failure to adjust interest rates upon notice of Servicemembers Civil Relief Act ("SCRA") protection by Borrower or holding a foreclosure sale when a Borrower is entitled to SCRA protection; failure to adhere to the terms of a confirmed

Chapter 13 Plan of Borrower; improper escrow analysis; excessive forced-placed insurance; failure to timely respond to Home Affordable Modification Program ("HAMP") applications or to meet HAMP requirements; failure to review a Borrower's application for, or to meet requirements of, loan modification programs; failure to mitigate damages or to attempt to solicit loss mitigation options; improper denial of loss mitigation application; improperly referring a file to foreclosure or holding a foreclosure sale, including when Servicer had agreed to loss mitigation program and Borrower was performing, when an application for loss mitigation was pending, or when a Borrower was not in default; unreasonable fees relating to foreclosure of property (i.e., property inspections, appraisals, attorneys' costs and fees); failure to make collection calls or systematically making late collection calls; failure to send, or to timely send, collection letters; continuing foreclosure or collections efforts while property is subject to bankruptcy stay; failure to comply with local and or state ordinances regarding vacant property registration, and/or maintenance during foreclosure proceedings; foreclosing property without assigning the mortgage out of MERS; problems with origination of the Mortgage Loans; failure to make certain payments; failure to properly service; and/or failure to maintain insurance.

**F.**     **_Claims Arising From Litigation._**

29.     Claimant gives notice of a claim for any damages to Claimant, including fees and expenses, that have arisen, or may arise in the future from legal actions against Claimant that have been commenced, or that may be commenced (which will include any of the complaints made by any Borrower referred to in paragraph 28 if and when they become the subject of a lawsuit or other legal action) by Borrowers, holders of the securities issued by the RMBS Trusts, or third parties, including but not limited to, federal, state and local governments, municipalities and other regulatory agencies.

30.    Claimant does not necessarily maintain the files relating to most of such lawsuits because they are usually defended by the Servicer.  On information and belief, such lawsuits include, among others, actions for wrongful foreclosure, producing false and forged execution of documents relating to foreclosures without knowledge of the facts being attested to in such documents; non-compliance with foreclosure timelines; failure to maintain REO property; failure to implement loan modifications; improper denial of loss mitigation plan; excessive forced-placed insurance; excessive fees; collection issues; incorrect credit reporting; Real Estate Settlement Procedures Act violations; misapplication of payments; failure to honor the terms of the mortgages modified under a Chapter 13 Plan; wrongful accounting; breach of settlement agreements involving Mortgage Loans; regulatory enforcement actions; remittance errors, late reporting, loss of liens due to unpaid fees, wrongful modification or charge-off of loans; under-priced foreclosure bids or short sale prices; invalid notice of foreclosure sale; loss of property due to failure to pay homeowner association fees, sale taxes and other fees, taxes and charges; failure to timely file title claim; denial of title claim due to Servicer error; violation of applicable property preservation codes; loss of insurance coverage due to nonpayment of premium; failure to maintain proper/sufficient hazard policy or flood insurance; and other failures to adequately service.

31.    Litigation claims may also arise out of actions filed against the RMBS Trusts, among others (but not necessarily against the Servicer), based on harm caused to unspecified properties located in particular geographic areas.

32.    Upon information and belief, hundreds of lawsuits have been commenced against the Servicers and others that have damaged, and will in the future, damage, Claimant, only some

of which are known to the Claimant.  Pursuant to ongoing discovery, the Claimant expects the Debtors to identify such lawsuits and other legal actions.

**G.**    **_Other Claims Arising from Servicer's Breach of the Servicing Agreements._**

33.    Claimant gives notice of a cure claim for damages arising from, or which may arise from, the Servicer's failure to perform its obligations under the Servicing Agreements. Such damages include losses suffered by Claimant as a result of Servicer's substantial delays in collection efforts and completion of foreclosure proceedings and disposition of REO property, which delays have resulted, and will continue to result, in substantial additional costs that have been, or will be, borne by Claimant.

**H.**    **_All Claims are Unliquidated, at Least in Part._**

34.    All of the claims referenced in this notice of claim are contingent, unliquidated, or contingent and unliquidated, at least in part.  Claimant is working to determine the amount of each of the claims referenced in this Notice of Cure Claim, but such determination cannot be completed until the discovery contemplated by the various orders discussed above has been completed.

## Miscellaneous

35.    This Notice of Cure Claim is filed under compulsion of the Cure Claim Deadline established under the Scheduling Order and is filed to protect the Claimant from forfeiture by reason of said filing deadline.  This Notice of Cure Claim includes all of the obligations of the Debtors as Servicers and in other capacities under the Servicing Agreements and otherwise with respect to the RMBS Trusts that are specifically listed or referenced herein as well as Servicing Agreements and other applicable documentation for Debtors in respect of RMBS Trusts that are

not specifically listed or referenced herein, as Claimant is in the process of completing its due diligence, and the Debtors are continuing to respond to the discovery requests.

36.     By executing and filing this Notice of Cure Claim, Claimant does not waive any rights, remedies, liens, interests, priorities, protections, claims, or any other rights to any security or any other rights with respect to any claim that Claimant has or may have against Debtors or any other person or persons. The filing of this Notice of Cure Claim is not intended and should not be deemed or construed to be an election of remedies or waiver of any past, present or future defaults or events of default under the Servicing Agreements or any other agreements setting forth obligations of any Debtor or the Claimant.

37.     Except as set forth herein, the cure claims asserted herein are not subject to any setoff or counterclaim, and no judgment has been rendered on the claims. The amount of all payments made, if any, have been credited and deducted.

38.     Claimant reserves its right to replace, restate, amend and/or supplement this Notice of Cure Claim to the extent it becomes aware of additional information.  Nothing asserted herein nor the filing of this Notice of Cure Claim shall be deemed a waiver of, or other limitation on, any other claims, actions, defenses, setoffs, recoupments, rights or remedies with respect to the Debtors and such claims, actions, defenses, setoffs, recoupments, rights and remedies are expressly reserved.

39.     The filing of this Notice of Cure Claim is not intended to be, and nothing contained in this Notice of Cure Claim shall be deemed or construed as: (a) a consent by Claimant to the jurisdiction of the Court or any other court with respect to the subject matter of this Notice of Cure Claim, any objection or other proceeding, if any, commenced in any case against, or otherwise involving Claimant, (b) a waiver or release of, or any limitation on

Claimant's right to trial by jury in the Court or any other court in any proceeding; (c) a consent

by Claimant to trial by jury as to any and all matters so triable herein or in any case, controversy,

or proceeding related hereto pursuant to 28 U.S.C. §157(e) or otherwise, (d) a waiver or release

of, or any other limitation on, Claimant's rights to have any orders entered in non-core matters

only after *de novo* review by the United States District Court; (e) a waiver of, or any other

limitation on, Claimant's right to (i) move to withdraw the reference, or otherwise challenge the

jurisdiction of this Court with respect to any matter, including any matter relating to this Notice

of Cure Claim or any objection or other proceeding commenced in this case against or otherwise

involving Claimant, or (ii) assert that the reference has already been withdrawn with respect to

the subject matter of this Notice of Cure Claim, any objection or other proceeding commenced in

this case against or otherwise involving Claimant, (f) a waiver of the rights and remedies against

any person or entity who may be liable for all or a part of the cure claims set forth herein,

whether an affiliate or guarantor of the Debtors or otherwise, (g) an admission by the Claimant

that any property held by the Debtors (or any subsidiaries or affiliates thereof) is property of any

of the Debtors' estates, or (h) a waiver or release of, or any other limitation on, Claimant's right

to assert that any portion of the cure claims asserted herein or any other claims are entitled to

treatment as priority claims, including under sections 503(b) and 507(a)(1) of the Bankruptcy

Code.

   40.  Claimant specifically preserves all of its procedural and substantive defenses and

rights with respect to any claim or counterclaim, including, but not limited to, with respect to

jurisdictional issues, that may be asserted against Claimant by the Debtors, any of its successors

or assigns or by any bankruptcy trustee for the Debtors' estates.

41.     Claimant asserts that any funds, property or collateral held by any RMBS Trust listed on Schedule A hereto or certain funds or property held by the Debtors relating to the Servicing Agreements or related transaction documents are not property of the Debtors' estates but are property of the RMBS Trusts or other parties having a beneficial interest therein and that the possession or assertion of rights over such funds, property or collateral by the Debtors does not transform such funds, property or collateral into property of the Debtors' estates and therefore the Debtors have no legitimate legal right to hold or to prevent the transfer of such funds, property, collateral or the proceeds thereof to third parties under the terms of the relevant documents.

42.     Other parties may make or have made separate claims against the Debtors or their affiliates that are not indicated in this Notice of Cure Claim and nothing contained herein shall prejudice such claims or be construed as a waiver of any rights or remedies of the parties under the transaction documents or otherwise.

43.     Other non-Debtor parties to the RMBS Trusts for which the Trustee or Master Servicer acts, including, without limitation, securities underwriters, depositors, loan servicers, certificate insurers, including, but not limited to, the monoline insurers, and investors, may file claims in these cases relating to the Servicing Agreements, that may be duplicative of, or supplemental to, the cure claims stated herein (the "<u>Third Party Trust Related Cure Claims</u>").  To the extent that such Third Party Trust Related Cure Claims are property of such RMBS Trusts, Claimant incorporates such Third Party Trust Related Cure Claims herein by reference.

44.     Notices regarding this Notice of Cure Claim should be sent to:

Alston & Bird LLP
c/o John C. Weitnauer
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

-and-

Wells Fargo Bank, N.A.
625 Marquette Avenue, 16th Floor
MAC N9311-161
Minneapolis, Minnesota 55402
Attn:  Mary L. Sohlberg, Vice President


Dated:  April 16, 2013                          ALSTON & BIRD LLP

                                                By:  /s/ John C. Weitnauer
                                                Martin G. Bunin
                                                John C. Weitnauer (*pro hac vice*)
                                                90 Park Avenue
                                                New York, NY 10016
                                                (212) 210-9400 (telephone)
                                                (212) 210-9444 (facsimile)

                                                *Attorneys for Wells Fargo Bank,
                                                N.A. as Trustee and Master Servicer
                                                of Certain Mortgage Backed
                                                Securities Trusts*

## SCHEDULE A

The following applies for all RMBS Trusts listed in this Schedule A.

1.       Each specific Debtor Servicer capacity as regards each RMBS Trust is listed to the extent such specific capacities are known to the Claimant.  Such listings are not exclusive and may not indicate each and every Servicer capacity in which the listed Debtors have acted, and the failure to list any capacity does not exclude a claim based on the other capacities in which the Debtors have acted.  Claimant reserves the right to amend this Notice of Cure Claim to assert such other Debtor Servicer capacities.

2.       For purposes of this Schedule A the following definitions apply to the Debtor entities:  "GMACM" shall mean GMAC Mortgage LLC (f/k/a GMAC Mortgage Corporation), "RFC" shall mean Residential Funding Company LLC (f/k/a Residential Funding Corporation), and "HF" shall mean Homecomings Financial LLC (f/k/a Homecomings Financial Network, Inc.).  For the purposes of this Schedule A, any predecessors to the Debtor entities listed on Schedule A are included in the definition for each Debtor.

3.       For each RMBS Trust listed on this Schedule A, Claimant asserts all cure claims as set forth in paragraphs 19 through 34 of the Notice of Cure Claim.

4.       As set forth in footnote 18 of the Notice of Cure Claim, to the extent cure claims relating to damages arising from the origination and sale of mortgage loans are asserted against the Debtors in their capacities other than as Servicer, this Schedule A includes as cure claims the claims asserted in the Claimant's Proofs of Claim filed in these Cases on March 1, 2013 against the Debtors as Sellers, and such claims are incorporated herein as cure claims.

| SCHEDULE A |
| :---: |
| **RMBS Trusts where Wells Fargo is Trustee or Master Servicer** |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
| --- | --- | --- | --- |
| ACE 2005-SL1 | Master Servicer | GMACM | Servicer |
| ACE 2006-SL1 | Master Servicer | GMACM | Servicer |
| ACE 2006-SL4 | Master Servicer | GMACM | Servicer |
| ACE 2007-HE4 | Master Servicer | GMACM | Servicer |
| ACE 2007-SL1 | Master Servicer | GMACM | Servicer |
| ALLIANCE 2007-S1 | Master Servicer | GMACM | Back-Up Servicer and Subservicer |
| AMER HOME MTG 2005-1 | Master Servicer | GMACM | HELOC Backup Servicer |
| AMER HOME MTG 2005-2 | Master Servicer | GMACM | HELOC Backup Servicer |
| AMER HOME MTG 2005-4 | Master Servicer | GMACM | HELOC Backup Servicer |
| AMER HOME MTG 2006-2 | Master Servicer | GMACM | HELOC Backup Servicer |
| AMER HOME MTG 2007A-SD1 | Master Servicer | GMACM | HELOC Backup Servicer |
| ARMT 2004-5 | Master Servicer | GMACM | Servicer |
| ARMT 2005-1 | Master Servicer | GMACM | Servicer |
| ARMT 2005-10 | Master Servicer | GMACM | Servicer |
| ARMT 2005-11 | Master Servicer | GMACM | Servicer |
| ARMT 2005-9 | Master Servicer | GMACM | Servicer |
| BAFC 2005-3 | Master Servicer | RFC | Servicer |
| BAFC 2005-4 | Master Servicer | RFC | Servicer |
| BAFC 2005-5 | Master Servicer | RFC | Servicer |
| BAFC 2005-6 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| BAFC 2005-7 | Master Servicer | RFC | Servicer |
| BAFC 2005-8 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| BAFC 2006-1 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| BAFC 2006-2 | Master Servicer | GMACM | Servicer |
| BAFC 2006-4 | Master Servicer | GMACM | Servicer |
| BAFC 2007-3 | Master Servicer | GMACM | Servicer |
| BAFC 2007-4 | Master Servicer | GMACM | Servicer |
| BAFC 2007-7 | Master Servicer | GMACM | Servicer |
| BAYVIEW 2003-A | Master Servicer | GMACM | Servicer |
| BAYVIEW 2004-A | Master Servicer | GMACM | Servicer |
| BAYVIEW 2004-C | Master Servicer | RFC | Servicer |
| BAYVIEW 2004-D | Master Servicer | RFC | Servicer |
| BAYVIEW 2005-B | Master Servicer | RFC | Servicer |
| BAYVIEW 2006-B | Master Servicer | GMACM | Servicer |
| BAYVIEW 2006-D | Master Servicer | GMACM | Servicer |
| BAYVIEW 2007-A | Master Servicer | GMACM | Servicer |
| BAYVIEW 2007-B | Master Servicer | GMACM | Servicer |
| BAYVIEW 2008-A | Master Servicer | GMACM | Servicer |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| BEARWHSE | Master Servicer | GMACM | Servicer |
| BS ABS 2003-AC3 | Master Servicer | GMACM | Servicer |
| BS ABS 2003-AC4 | Master Servicer | GMACM | Servicer |
| BS ABS 2004-AC1 | Master Servicer | GMACM | Servicer |
| BS ABS 2004-AC2 | Master Servicer | GMACM | Servicer |
| BS ABS 2004-AC7 | Master Servicer | GMACM | Servicer |
| BS ABS 2005-AC7 | Master Servicer | GMACM | Servicer |
| BS ABS 2006-SD2 | Master Servicer | GMACM | Servicer |
| BS ABS 2007-SD2 | Master Servicer | GMACM | Servicer |
| BS ABS 2007-SD3 | Master Servicer | GMACM | Servicer |
| BS ALT A 2004-12 | Master Servicer | GMACM | Servicer |
| BS ALT A 2004-4 | Master Servicer | GMACM | Servicer |
| BS ALT A 2004-6 | Master Servicer | GMACM | Servicer |
| BS ALT A 2005-10 | Master Servicer | GMACM | Servicer |
| BS ALT A 2005-3 | Master Servicer | GMACM | Servicer |
| BS ALT A 2005-4 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| BS ALT A 2005-5 | Master Servicer | GMACM | Servicer |
| BS ALT A 2006-1 | Master Servicer | GMACM | Servicer |
| BS ALTA 2006-3 | Master Servicer | GMACM | Servicer |
| BS ALTA 2006-4 | Master Servicer | GMACM | Servicer |
| BS ALTA 2006-5 | Master Servicer | GMACM | Servicer |
| BS ALTA 2006-8 | Master Servicer | GMACM | Servicer |
| BS ARM TRST 2002-11 | Master Servicer | GMACM | Servicer |
| BS ARM TRST 2004-5 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2001-4 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2003-1 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2003-3 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2003-4 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2003-5 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2003-6 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2003-7 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2004-10 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2004-12 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2004-9 | Master Servicer | GMACM | Servicer |
| BS ARM Trust 2005-11 | Master Servicer | GMACM | Servicer |
| BS ARM Trust 2005-12 | Master Servicer | GMACM | Servicer |
| BS ARM TRUST 2006-2 | Master Servicer | GMACM | Servicer |
| BSSLT 2007-SV1 | Master Servicer | GMACM | Servicer |
| CMLTI 2004-2 | Master Servicer | GMACM | Servicer |
| CMLTI 2005-SHL1 | Master Servicer | GMACM | Servicer |
| CMLTI 2007-SHL1 | Master Servicer | GMACM | Servicer |
| CSFB 2003-23 | Master Servicer | GMACM | Servicer |
| CSFB 2005-10 | Master Servicer | GMACM | Servicer |
| CSFB 2005-11 | Master Servicer | GMACM | Servicer |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| CSFB 2005-12 | Master Servicer | GMACM | Servicer |
| CSFB 2005-3 | Master Servicer | GMACM | Servicer |
| CSFB 2005-4 | Master Servicer | GMACM | Servicer |
| CSFB 2005-5 | Master Servicer | GMACM | Servicer |
| CSFB 2005-6 | Master Servicer | GMACM | Servicer |
| CSFB 2005-8 | Master Servicer | GMACM | Servicer |
| CSFB 2005-9 | Master Servicer | GMACM | Servicer |
| CSMC 2006-1 | Master Servicer | GMACM | Servicer |
| CSMC 2006-8 | Master Servicer | GMACM | Servicer |
| CSMC 2006-9 | Master Servicer | GMACM | Servicer |
| CSMC 2007-6 | Master Servicer | GMACM | Servicer |
| CSMC 2007-7 | Master Servicer | GMACM | Servicer |
| CW WAREHOUSE | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 03-2XS | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 03-4XS | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2005-3 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2005-4 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2005-5 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2005-6 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2005-AR1 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2005-AR2 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| DEUTSCHE ALT 2006-AB1 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2006-AB2 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2006-AB3 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2006-AB4 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2006-AF1 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| DEUTSCHE ALT 2006-AR1 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| DEUTSCHE ALT 2006-AR2 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2006-AR3 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| DEUTSCHE ALT 2006-AR5 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2006-AR6 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2006-OA1 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-1 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-2 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-3 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-4 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-AB1 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-AR2 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-AR3 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-OA2 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-OA3 | Master Servicer | GMACM | Servicer |

Schedule A

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| DEUTSCHE ALT 2007-OA4 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-OA5 | Master Servicer | GMACM | Servicer |
| DEUTSCHE ALT 2007-RAMP1 | Master Servicer | RFC | Servicer |
| DEUTSCHE MSI 2004-1 | Master Servicer | GMACM | Servicer |
| DEUTSCHE MSI 2004-2 | Master Servicer | GMACM | Servicer |
| DEUTSCHE MSI 2004-4 | Master Servicer | GMACM | Servicer |
| DEUTSCHE MSI 2004-5 | Master Servicer | GMACM | Servicer |
| DYNEX WAREHOUSE | Master Servicer | GMACM | Servicer |
| FIRST UNION NATL BANK 6610 | Master Servicer | GMACM | Servicer |
| FNMA 2002-14 | Master Servicer | GMACM | Servicer |
| FNMA 2002-33 | Master Servicer | GMACM | Servicer |
| FNMA 2002-66 | Master Servicer | GMACM | Servicer |
| FNMA 2002-80 | Master Servicer | GMACM | Servicer |
| FNMA 2003-18 | Master Servicer | GMACM | Servicer |
| FUNB - COSUB 0101 (6611) | Master Servicer | GMACM | Servicer |
| FUNB - COSUB 3174 (6617) | Master Servicer | GMACM | Servicer |
| GOLDMAN SACHS 2003-2 | Master Servicer | GMACM | Servicer |
| GOLDMAN SACHS 2003-3 | Master Servicer | GMACM | Servicer |
| GOLDMAN SACHS 2004-1 | Master Servicer | GMACM | Servicer |
| GOLDMAN SACHS 2004-3 | Master Servicer | GMACM | Servicer |
| GSAA HET 2005-9 | Master Servicer | GMACM | Servicer |
| GSAMP TRUST 2005-RP1 | Master Servicer | GMACM | Servicer |
| GSAMP TRUST 2006-RP2 | Master Servicer | GMACM | Servicer |
| GSR 2005-9F | Master Servicer | GMACM | Servicer |
| GSR 2005-AR3 | Master Servicer | GMACM | Servicer |
| GSR 2005-AR7 | Master Servicer | RFC | Servicer |
| | | RFC | Master Servicer |
| | | GMACM | Subservicer |
| GSR 2006-2F | Master Servicer | GMACM | Servicer |
| GSR 2006-3F | Master Servicer | GMACM | Servicer |
| GSR 2006-AR1 | Master Servicer | GMACM | Servicer |
| GSR 2006-AR2 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| | | GMACM | Subservicer |
| | | RFC | Master Servicer |
| GSR 2007-AR1 | Master Servicer | RFC | Servcer |
| | | RFC | Master Servicer |
| | | GMACM | Subservicer |
| GSR 2007-4F | Master Servicer | GMACM | Servicer |
| HALO 2007-AR2 | Master Servicer | RFC | Servicer |
| HARBORVIEW 2003-1 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2004-10 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2004-4 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2004-5 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2004-6 | Master Servicer | GMACM | Servicer |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| HARBORVIEW 2004-7 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2004-8 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2005-11 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2005-15 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2005-4 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2005-6 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2005-7 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2006-13 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2006-14 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2006-8 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2007-4 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2007-6 | Master Servicer | GMACM | Servicer |
| HARBORVIEW 2007-7 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| HARBORVIEW 2007-A | Master Servicer | GMACM | Servicer |
| JPM MGT 19948-0 | Master Servicer | GMACM | Servicer |
| LBSO PURCHASED - BSM 6515 | Master Servicer | GMACM | Servicer |
| LBSO PURCHASED - GBG 6516 | Master Servicer | GMACM | Servicer |
| LBSO PURCHASED REIT 6517 | Master Servicer | GMACM | Servicer |
| LUMINENT 2006-3 | Master Servicer | RFC | Servicer |
| LUMINENT 2006-4 | Master Servicer | GMACM | Servicer |
| LUMINENT 2006-5 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| MABS 2005-AB1 | Master Servicer | GMACM | Servicer |
| MANA 2007-A2 | Master Servicer | RFC | Servicer |
| MANA 2007-AF1-B | Master Servicer | RFC | Servicer |
| MANA 2007-OAR3 | Master Servicer | RFC | Servicer |
| MAST ALT TRST 2002-1 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2002-2 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2002-3 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-2 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-3 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-4 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-5 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-6 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-7 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-8 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2003-9 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-1 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-10 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-11 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-12 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-13 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-2 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-3 | Master Servicer | GMACM | Servicer |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| MAST ALT TRST 2004-4 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-5 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-6 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-7 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-8 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2004-9 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2005-1 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2005-2 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2005-3 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2005-4 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2005-5 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2005-6 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2006-1 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2006-3 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2007-1 | Master Servicer | GMACM | Servicer |
| MAST ALT TRST 2007-HF1 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2003-2 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2003-7 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-1 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-10 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-11 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-12 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-14 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-15 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-2 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-3 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-4 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-5 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-6 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-7 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-8 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2004-9 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2005-1 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2005-2 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2005-3 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2005-6 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2005-7 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2005-8 | Master Servicer | GMACM | Servicer |
| MAST ARM TRST 2006-OA2 | Master Servicer | GMACM | Servicer |
|  |  | RFC | Servicer |
| MAST ARM TRST 2007-1 | Master Servicer | RFC | Servicer |
| MAST ARM TRST 2007-2 | Master Servicer | GMACM | Servicer |
| MAST REPERF 2005-1 | Master Servicer | GMACM | Servicer |
| MAST REPERF 2005-2 | Master Servicer | GMACM | Servicer |
| MAST REPERF 2006-1 | Master Servicer | GMACM | Servicer |

Schedule A

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| MAST REPERF 2006-2 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2002-7 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2002-8 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-10 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-11 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-12 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-2 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-3 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-4 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-5 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-6 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-7 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-8 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2003-9 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-1 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-10 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-11 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-3 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-4 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-5 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-6 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-8 | Master Servicer | GMACM | Servicer |
| MASTR SEC TR 2004-9 | Master Servicer | GMACM | Servicer |
| MASTR SPEC LN TR 2004-2 | Master Servicer | GMACM | Servicer |
| MASTR SPEC LN TR 2005-1 | Master Servicer | GMACM | Servicer |
| MASTR SPEC LN TR 2005-2 | Master Servicer | GMACM | Servicer |
| MASTR SPEC LN TR 2005-3 | Master Servicer | GMACM | Servicer |
| MASTR SPEC LN TR 2006-1 | Master Servicer | GMACM | Servicer |
| MASTR SPEC LN TR 2006-2 | Master Servicer | GMACM | Servicer |
| MASTR SPEC LN TR 2006-3 | Master Servicer | GMACM | Servicer |
| MERRILL LYNCH 2003-A2 | Master Servicer | GMACM | Servicer |
| MERRILL LYNCH 2003-A4 | Master Servicer | GMACM | Servicer |
| MLMI 2005-A6 | Master Servicer | GMACM | Servicer |
| MORTGAGE IT 2004-1 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2004-2 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2005-1 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2005-2 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2005-3 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2005-4 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2005-5 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2005-AR1 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2006-1 | Master Servicer | GMACM | Subservicer |
| MORTGAGE IT 2007-1 | Master Servicer | GMACM | Servicer |
| MSSTR 2004-01 | Master Servicer | GMACM | Servicer |
| MSSTR 2005-1 | Master Servicer | GMACM | Servicer |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| MSSTR 2005-2 | Master Servicer | GMACM | Servicer |
| NAAC 2005-AP2 | Master Servicer | GMACM | Servicer |
| NAAC 2005-AP3 | Master Servicer | GMACM | Servicer |
| NAAC 2005-S2 | Master Servicer | GMACM | Servicer |
| NAAC 2005-S3 | Master Servicer | GMACM | Servicer |
| NAAC 2005-S4 | Master Servicer | GMACM | Servicer |
| NAAC 2006-AR3 | Master Servicer | GMACM | Servicer |
| NAAC 2006-AR4 | Master Servicer | GMACM | Servicer |
| NAAC 2006-S1 | Master Servicer | GMACM | Servicer |
| NAAC 2006-S2 | Master Servicer | GMACM | Servicer |
| NAAC 2007-1 | Master Servicer | GMACM | Servicer |
| NAAC 2007-2 | Master Servicer | GMACM | Servicer |
| NAAC 2007-3 | Master Servicer | GMACM | Servicer |
| NAAC 2007-S2 | Master Servicer | GMACM | Servicer |
| NHEL 2007-1 | Master Servicer | GMACM | Servicer |
| NMIMWHSE | Master Servicer | GMACM | Servicer |
| PNC WAREHOUSE | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| PRIME 2003-3 | Master Servicer | GMACM | Servicer |
| PRIME 2004-1 | Master Servicer | GMACM | Servicer |
| PRIME 2004-CL1 | Master Servicer | GMACM | Servicer |
| PRIME 2004-CL2 | Master Servicer | GMACM | Servicer |
| PRIME 2005-2 | Master Servicer | GMACM | Servicer |
| PRIME 2005-4 | Master Servicer | GMACM | Servicer |
| PRIME 2005-5 | Master Servicer | GMACM | Servicer |
| PRIME 2006-1 | Master Servicer | GMACM | Servicer |
| PRIME 2006-CL1 | Master Servicer | GMACM | Servicer |
| RBSCG 2007-B | Master Servicer | GMACM | Servicer |
| RBSGC 2005-A | Master Servicer | GMACM | Servicer |
| REDWOOD TRST WH 2011 | Master Servicer | GMACM | Servicer |
| RMSC 1991-15 | Master Servicer | GMACM | Servicer |
| RMSC 1991-16 | Master Servicer | GMACM | Servicer |
| ROOSEVELT BANK 93-4R | Master Servicer | GMACM | Servicer |
| SACO 2007-1 | Master Servicer | GMACM | Servicer |
| SAIL 2006-3 | Master Servicer | GMACM | Servicer |
| SAMI 2003-AR1 | Master Servicer | GMACM | Servicer |
| SAMI 2004-AR6 | Master Servicer | GMACM | Servicer |
| SAMI 2005-AR1 | Master Servicer | GMACM | Servicer |
| SASCO 1995-02 | Master Servicer | GMACM | Servicer |
| SASCO 2002-9 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| SASCO 2006-BC2 | Master Servicer | GMACM | Servicer |
| SASI 1993-006 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| SEQUOIA MORTGAGE TRUST 2004-10 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-11 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-12 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-3 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-4 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-5 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-6 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-7 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-8 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2004-9 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2005-1 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2005-2 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| SEQUOIA MORTGAGE TRUST 2005-3 | Master Servicer | GMACM | Servicer |
| | | RFC | Servicer |
| SEQUOIA MORTGAGE TRUST 2005-4 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2007-1 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2007-2 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2007-3 | Master Servicer | GMACM | Servicer |
| SEQUOIA MORTGAGE TRUST 2007-4 | Master Servicer | GMACM | Servicer |
| SMART SERIES 1993-03 | Master Servicer | GMACM | Servicer |
| SMART SERIES 1993-06 | Master Servicer | GMACM | Servicer |
| SMSC 1992-02 | Master Servicer | GMACM | Servicer |
| SMSC 1992-03 | Master Servicer | GMACM | Servicer |
| SMSC 1992-04 | Master Servicer | GMACM | Servicer |
| SMSC 1992-06 | Master Servicer | GMACM | Servicer |
| SMSC 1994-02 | Master Servicer | GMACM | Servicer |
| STC 2007-1 | Master Servicer | GMACM | Servicer |
| TELEBANK2 (TELBK 1297) | Master Servicer | GMACM | Servicer |
| UNITED CM BK 4550001 | Master Servicer | GMACM | Servicer |
| BS ABS 2004-BO1 | Trustee | GMACM | Servicer |
| CARR 2006-RFC1 | Trustee | HF | Servicer |
| CARR 2007-RFC1 | Trustee | RFC | Servicer |
| GMAC 2000-HE2 | Trustee | GMAC | Servicer |
| GMAC 2000-HE4 | Trustee | GMAC | Servicer |
| GMAC 2002-HE1 | Trustee | GMAC | Servicer |
| GMAC 2002-HE3 | Trustee | GMAC | Servicer |
| GMAC 2002-HE4 | Trustee | GMAC | Servicer |
| GMAC 2003-HE1 | Trustee | GMAC | Servicer |
| GMACM 2003-HE2 | Trustee | GMAC | Servicer |
| GMACM 2004-HE1 | Trustee | GMAC | Servicer |
| GMACM 2004-HE2 | Trustee | GMAC | Servicer |
| GMACM 2004-HE5 | Trustee | GMAC | Servicer |

| Name of RMBS Trust | Claimant Capacity | Debtor | Debtor Capacity |
|---|---|---|---|
| GMACM 2004-VFT | Trustee | GMAC | Servicer |
| GMAC 2005-AA1 | Trustee | GMAC | Servicer |
| GMACM 2005-HE1 | Trustee | GMAC | Servicer |
| GMACM 2005-HE2 | Trustee | GMAC | Servicer |
| GMAC 2006-AR1 | Trustee | GMAC | Servicer |
| GMAC 2006-J1 | Trustee | GMAC | Servicer |
| HARBORVIEW 2006-10 | Trustee | GMAC | Servicer |
| HARBORVIEW 2007-3 | Trustee | GMAC | Servicer |
| ISAC 2004-4 | Trustee | GMAC | Subservicer |
| ISAC 2005-2 | Trustee | GMAC | Subservicer |
| IMPAC CMB 2004-9 | Trustee | GMAC | Subservicer |
| IMPAC 2004-11 | Trustee | GMAC | Subservicer |
| IMPAC CMB 2004-6 | Trustee | GMAC | Subservicer |
| IMPAC CMB 2005-2 | Trustee | GMAC | Subservicer |
| IMPAC CMB 2005-6 | Trustee | GMAC | Subservicer |
| SARM 2007-3 | Trustee | RFC | Servicer |
| SARM 2007-6 | Trustee | RFC | Servicer |
| SASCO 2001-6 | Trustee | GMAC | Servicer |
| SASCO 2005-S6 | Trustee | GMAC | Servicer |
| SASCO 2005-S7 | Trustee | GMAC | Servicer |

| Schedule B |
|---|
| **RMBS Trusts for which servicing has not been assigned by the Debtors to Ocwen** |
| **Name of RMBS Trust** |
| ACE 2005-SL1 |
| ACE 2006-SL1 |
| AMER HOME MTG 2005-1 |
| AMER HOME MTG 2005-2 |
| AMER HOME MTG 2005-4 |
| BSSLT 2007-SV1 |
| DEUTSCHE ALT 2005-AR1 |
| DEUTSCHE ALT 2006-AB2 |
| DEUTSCHE ALT 2006-AB4 |
| DEUTSCHE ALT 2006-AR2 |
| DEUTSCHE ALT 2006-AR6 |
| DEUTSCHE ALT 2006-OA1 |
| DEUTSCHE ALT 2007-1 |
| DEUTSCHE ALT 2007-2 |
| DEUTSCHE ALT 2007-3 |
| DEUTSCHE ALT 2007-4 |
| DEUTSCHE ALT 2007-AB1 |
| DEUTSCHE ALT 2007-AR2 |
| DEUTSCHE ALT 2007-OA2 |
| MORTGAGE IT 2004-1 |
| MORTGAGE IT 2004-2 |
| MORTGAGE IT 2005-1 |
| MORTGAGE IT 2005-2 |
| MORTGAGE IT 2005-3 |
| MORTGAGE IT 2005-4 |
| MORTGAGE IT 2005-5 |
| MORTGAGE IT 2005-AR1 |
| MORTGAGE IT 2006-1 |
| MORTGAGE IT 2007-1 |
| NAAC 2007-3 |
| STC 2007-1 |
| GMAC 2002-HE1 |
| GMAC 2002 HE4 |
| GMAC 2003-HE1 |
| GMACM 2003-HE2 |
| GMACM 2004-HE1 |

| Name of RMBS Trust |
| --- |
| GMACM 2004-HE5 |
| GMACM 2004-VFT |
| GMACM 2005-HE1 |
| GMACM 2005-HE2 |
| Impac CMB 2004-6 |
| ISAC 2005-2 |
| Impac CMB 2005-6 |

| Schedule C |
| :---: |
| **RMBS Trusts for which Law Debenture Trust Company of New York is Separate Trustee** |
| **Name of RMBS Trust** |
| GMAC 2000-HE2 |
| GMAC 2000-HE4 |
| GMAC 2002-HE1 |
| GMAC 2002-HE3 |
| GMAC 2002 HE4 |
| GMAC 2003-HE1 |
| GMACM 2003-HE2 |
| GMACM 2004-HE1 |
| GMACM 2004-HE2 |
| GMACM 2004-HE5 |
| GMACM 2004-VFT |
| GMAC 2005 AA1 |
| GMACM 2005-HE1 |
| GMACM 2005-HE2 |
| GMAC 2006 AR1 |
| GMAC 2006-J1 |
| HARBORVIEW 2006-10 |
| HARBORVIEW 2007-3 |