Hearing Date and Time:  November 19, 2013 at 10:00  a.m. (Prevailing Eastern Time)
Response Deadline:  October 18, 2013 (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee, Esq.
Norman S. Rosenbaum, Esq.
Jordan A. Wishnew, Esq.

*Counsel for the Debtors and*
*Debtors in Possession*

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman, Esq.
Jonathan J. Walsh, Esq.
Maryann Gallagher, Esq.

*Conflicts Counsel for the Debtors*
*and Debtors in Possession*

**POLSINELLI SHUGART**
805 Third Avenue, Suite 2020
New York, New York 10022
Telephone:  (212) 684-0199
Facsimile:  (212) 759-8290
Daniel J. Flanigan, Esq.

*Bankruptcy Counsel for*
*Class Claimants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
)
In re:                                              )          Chapter 11
                                                    )
RESIDENTIAL CAPITAL, LLC, *et al.,*                 )          Case No. 12-12020 (MG)
                                                    )
                                   Debtors,         )          Jointly Administered
                                                    )
-------------------------------------------------------------

**NOTICE OF FILING OF AMENDED PROPOSED FINAL APPROVAL ORDER
IN CONNECTION WITH JOINT MOTION PURSUANT TO 11 U.S.C. § 105 AND
FED. R. BANKR. P. 7023 AND 9019 FOR AN ORDER (1) GRANTING CLASS
CERTIFICATION FOR PURPOSES OF SETTLEMENT ONLY, (2) APPOINTING CLASS
REPRESENTATIVE AND CLASS COUNSEL FOR PURPOSES OF SETTLEMENT ONLY,
(3) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS, ON THEIR OWN BEHALF AND ON BEHALF OF THE CLASS OF SIMILARLY
SITUATED PERSONS, AND THE DEBTORS, (4) APPROVING THE FORM AND
MANNER OF NOTICE TO THE CLASS, (5) SCHEDULING A FAIRNESS HEARING
TO CONSIDER APPROVAL OF THE SETTLEMENT AGREEMENT ON A FINAL
BASIS AND RELATED RELIEF AND (6) APPROVING THE SETTLEMENT
AGREEMENT ON A FINAL BASIS AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on July 31, 2013, the prospective class representatives Rowena Drennen, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard (collectively, the "**Named Plaintiffs**"), on behalf of themselves and similarly situated class members, and the above captioned debtors and debtors in possession (collectively, the "**Debtors**") filed in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") the Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 For An Order (1) Granting Class Certification for Purposes of Settlement Only, (2) Appointing Class Representative and Class Counsel for Purposes of Settlement Only, (3) Preliminarily Approving the Settlement Agreement Between Plaintiffs, On Their Own Behalf and On Behalf of the Class of Similarly Situated Persons, and the Debtors, (4) Approving the Form and Manner of Notice to the Class, (5) Scheduling a Fairness Hearing to Consider Approval of the Settlement Agreement on a Final Basis and Related Relief and (6) Approving the Settlement Agreement on a Final Basis and Granting Related Relief [Docket No. 4451] (the "**Motion**").[1]

**PLEASE TAKE FURTHER NOTICE** that the Parties filed certain amended Exhibits (along with marked copies showing changes to original exhibits) in connection with the Motion, which were attached to a notice of filing of amended exhibits to the Motion on August 21, 2013 [Docket No. 4793], including Exhibit C to Amended Kessler Settlement Agreement – amended proposed Final Approval Order.

**PLEASE TAKE FURTHER NOTICE** that on August 23, 2013, the Court presiding over the Chapter 11 Cases (the "**Bankruptcy Court**") entered the *Order Pursuant Rule 7023 and 9019 of the Federal Rules of Bankruptcy Procedure (1) Preliminarily Approving the*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

16558270

*Settlement Agreement Between Named Plaintiffs, Individually and as Representatives of the Kessler Settlement Class, and the Settling Defendants; (2) Granting Class Certification For Purposes of Settlement Only; (3) Approving the Form and Manner of Notice to Kessler Settlement Class Members of the Settlement Agreement; (4) Scheduling a Fairness Hearing to Consider Final Approval of the Settlement Agreement; and (5) Granting Related Relief* [Docket No. 4808] (the "**Preliminary Approval Order**").

**PLEASE TAKE FURTHER NOTICE** that the Parties hereby file the following further amended Exhibit (along with a marked copy showing the changes to the previously filed exhibit) in connection with the Motion attached hereto as **Exhibit A**:

Exhibit C to Amended Kessler Settlement Agreement – Amended Proposed Final Approval Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Preliminary Approval Order the hearing to consider the final relief requested in the Motion (the "**Final Hearing**") shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 501, One Bowling Green, New York, New York 10004 on **November 19, 2013 at 10:00 a.m.** (**prevailing Eastern time**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that the Parties reserve their rights to make further changes to the Final Approval Order to address any responses to the Motion or guidance from the Bankruptcy Court at the Final Hearing.

*[Remainder of Page Left Bank Intentionally]*

16558270

12-12020-mg    Doc 5360    Filed 10/15/13    Entered 10/15/13 18:30:03    Main Document
Pg 4 of 28

Dated: October 15, 2013                      Respectfully submitted,
        New York, New York

MORRISON & FOERSTER LLP                      POLSINELLI SHUGART

By: /s/ Norman S. Rosenbaum____             By: /s/ Daniel J. Flanigan____
Gary S. Lee, Esq.                            Daniel J. Flanigan, Esq.
Norman S. Rosenbaum, Esq.                    805 Third Avenue, Suite 2020
Jordan A. Wishnew, Esq.                      New York, New York 10022
1290 Avenue of the Americas                  Telephone:  (212) 684-0199
New York, New York 10104                     Facsimile:  (212) 759-8290
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and*                *Bankruptcy Counsel for*
*Debtors in Possession*                      *Class Claimants*


CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: /s/ Steven J. Reisman____
Steven J. Reisman, Esq.
Jonathan J. Walsh, Esq.
Maryann Gallagher, Esq.
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors*
*and Debtors in Possession*

-4-

16558270

# Exhibit A

**EXHIBIT C**

16528416

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.,* | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| Debtors, | ) | Jointly Administered |
|  | ) |  |

-----------------------------------------------------------------

### FINAL ORDER PURSUANT TO FED. R. CIV. P. 23 AND FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE KESSLER SETTLEMENT CLASS MEMBERS AND THE SETTLING DEFENDANTS <u>AND GRANTING RELATED RELIEF</u>

The Court having carefully reviewed and considered the Amended Settlement and Release Agreement dated August 21, 2013 attached as <u>Exhibit A</u> to the *Notice of Filing of Amended Exhibits in Connection With Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 For an Order (1) Granting Class Certification For Purposes of Settlement Only, (2) Appointing Class Representative and Class Counsel for Purposes of Settlement Only, (3) Preliminary Approving the Settlement Agreement Between Plaintiffs, on Their Own Behalf and on Behalf of the Class of Similarly Situated Persons, and the Debtors, (4) Approving the Form and Manner of Notice to the Class, (5) Scheduling a Fairness Hearing to Consider Approval of the Settlement Agreement on a Final Basis and Related Relief and (6) Approving the Settlement Agreement on a Final Basis and Granting Related Relief* [Docket No. 4793] (the "**Agreement**"), between Rowena Drennen, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard ("**Named Plaintiffs**"), individually and as the representatives of the Kessler Settlement Class (as defined herein) in the Bankruptcy Cases, and Debtor Defendants Residential Funding Company, LLC ("**RFC**"), Residential Capital, LLC, and GMAC Residential Holding Company, LLC (the "**Settling Defendant**s"), the evidence and

arguments of counsel as presented at the Fairness Hearing[1] held on _____, 2013, the

Joint Motion to Approve filed by the Parties seeking approval of the Agreement [Docket No.

4451] and other supporting memoranda, notices and declarations in support filed with this Court,

[and the timely objections to the proposed Settlement], and all other filings in connection with

the Parties' settlement as memorialized in the Agreement (the "**Settlement**"); and for good cause

shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      **Incorporation of Other Documents**.  This Order incorporates and makes the

Agreement, together with all exhibits and schedules attached thereto, which were filed with the

Court on or about ___ _, 2013 [Docket. No. [ ], a part hereof.

2.      **Jurisdiction**.  Because adequate notice was disseminated and all potential

members of the Kessler Settlement Class were given notice of and an opportunity to opt out of

the Settlement, the Court has personal jurisdiction over all members of the Kessler Settlement

Class.  The Court has subject matter jurisdiction over the Kessler Allowed Claim and the Motion

to Certify, including, without limitation, jurisdiction to approve the proposed Settlement and to

grant final certification of the Kessler Settlement Class pursuant to 28 USC §§ 157 and 1334 and

venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

3.      **Final Class Certification**.  The Kessler Settlement Class, the Equitable Tolling

Sub-Class and the Non-Equitable Tolling Sub-Class, each of which this Court previously

certified preliminarily, is hereby finally certified for settlement purposes pursuant to Rule 7023

of the Federal Rules of Bankruptcy Procedure (which incorporates Fed. R. Civ. P. 23), the Court

finding that for purposes of settlement, the Kessler Settlement Class, the Equitable Tolling Sub-

---

[1]    Unless otherwise provided herein, all capitalized terms in this Order shall have the same
meaning as those terms in the Agreement.

16528416

Class and the Non-Equitable Tolling Sub-Class fully satisfy all of the applicable requirements of

Rule 23 and due process.

The Kessler Settlement Class, the Equitable Tolling Sub-Class and the Non-Equitable

Tolling Sub-Class, are defined, respectively, as follows:

> Kessler Settlement Class is defined as: All persons who obtained a second or subordinate, residential, federally related, non-purchase money, HOEPA qualifying mortgage loan from Community Bank of Northern Virginia or Guaranty National Bank of Tallahassee, that was secured by residential real property used as their principal dwelling and that was assigned to GMAC-Residential Funding Corporation n/k/a Residential Funding Company, LLC who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168 in the General Court of Justice, Superior Court Division of Wake County, North Carolina

> Equitable Tolling Sub-Class is defined as: All persons who meet the above class-definition, whose loan closed prior to May 1, 2000.

> Non-Equitable Tolling Sub-Class is defined as: All persons who meet the above class-definition, whose loan closed after May 1, 2000.

[No members of the Kessler Settlement Class timely requested to be excluded from or "opted

out" of the Kessler Settlement Class.] **OR** [A list of those persons who have timely excluded

themselves from the Kessler Settlement Class, and who therefore are not bound by the

Settlement and the Final Judgment, is attached hereto as **Exhibit 1** and incorporated herein and

made a part hereof.]

4.      **Adequacy of Representation**.  With the employment of Allocation Counsel and

the certification of subclasses, there are no apparent conflicts of interest between: (1) the Named

Plaintiffs and the Kessler Settlement Class, or among the members of the Kessler Settlement

Class; or (2) Rowena Drennen and the Non-Equitable Tolling Sub-Class or among the members

of the Non-Equitable Tolling Sub-Class; or (3) John Picard and Rebecca Picard and the

Equitable Tolling Sub-Class or among the members of the Equitable Tolling Subclass.

C-3

Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the Kessler Settlement Class. Allocation Counsel will each fairly and adequately represent and protect the interests, respectively, of the Non-Equitable Tolling Sub-Class and the Equitable Tolling Sub-Class. Accordingly, (a): the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the firm Walters Bender Strohbehn & Vaughan, P.C., and Bruce Carlson and Gary Lynch of the law firm Carlson Lynch Ltd., PNC Park, 115 Federal Street, Pittsburgh, PA 15212 as Counsel for the Kessler Settlement Class ("Plaintiffs' Counsel" or "Class Counsel"), have satisfied the requirements of Rule 23 and are hereby appointed and approved as representatives of the Kessler Settlement Class and Counsel for the Kessler Settlement Class, respectively; (b) Rowena Drennen and Arthur H. Stroyd, Jr., Allocation Counsel for the Non-Equitable Tolling Sub-Class with respect to allocation, have satisfied the requirements of Rule 23 and are hereby appointed and approved as the representative of the Non-Equitable Tolling Sub-Class and Allocation Counsel for the Non-Equitable Tolling Sub-Class with respect to allocation, respectively; (c) John and Rebecca Picard and Richard H. Ralston, Allocation Counsel for the Equitable Tolling Sub-Class with respect to allocation, have satisfied the requirements of Rule 23 and are hereby appointed and approved as the representatives of the Equitable Tolling Sub-Class and Allocation Counsel for the Equitable Tolling Sub-Class with respect to allocation, respectively.

5.    **Class Notice**. The Court finds that the Class Mail Notice and its distribution to the Kessler Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

a.    Constituted the best practicable notice to the members of the Kessler Settlement Class under the circumstances of this Litigation;

C-4

b.    Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Kessler Settlement Class of (i) the pendency of the Bankruptcy Cases and the proposed Settlement, (ii) the nature of the action, (iii) the definition of the Kessler Settlement Class, (iv) the class claims, issues or defenses, (v) that a Kessler Class Member may enter an appearance through an attorney if the Kessler Class Member so desires, (vi) their right to opt out and exclude themselves from the proposed Settlement and the time and manner for doing so, (vii) their right to object to any aspect of the proposed Settlement and the time and manner for doing so (including, but not limited to, the following: final certification of the Kessler Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiffs and/or Class Counsels' representation of the Kessler Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive awards), (viii) their right to appear at the Fairness Hearing if they did not exclude themselves from the Kessler Settlement Class, and (ix) the binding effect of the Order in the Bankruptcy Cases on all members of the Kessler Settlement Class who did not request exclusion;

c.    Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

d.    Constituted notice that fully satisfied the requirements of Bankruptcy Rule 7023 and Rule 23, due process, and any other applicable law.

6.    **Final Settlement Approval**.    The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith and as a result of serious, informed, arm's length and non-collusive negotiations.    Based on the range of possible outcomes and the

C-5

cost, delay and uncertainty associated with further litigation, the Agreement is reasonable and cost-effective. Therefore, the terms of the Agreement and the Settlement as provided therein are fully and finally approved, subject to satisfaction of the conditions precedent set forth in Section 14 of the Agreement, pursuant to Bankruptcy Rule 7023 and Rule 23, as fair, reasonable and adequate as to, and in the best interests of, the Parties and the Kessler Settlement Class Members, and in full compliance with all applicable requirements of the United States Constitution (including the Due Process Clause), and any other applicable law. Likewise, the terms of the Agreement and the Settlement as provided therein, are fully and finally approved, subject to satisfaction of the conditions precedent set forth in Section 14 of the Agreement, under Fed. R. Bankr. P. 9019 as fair and equitable to the Debtors' Bankruptcy Estate and their creditors. The Agreement and the transactions contemplated thereby, including the releases given herein, are in the best interest of the Debtors, their estates, their creditors and all other parties in interest. The Agreement and the transactions contemplated thereby, including the releases given therein, meet the standards established by the Second Circuit for the compromise and settlement in bankruptcy, and are reasonable, fair and equitable and supported by adequate consideration. The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions and subject to satisfaction of the conditions precedent set forth in Section 14 of the Agreement.

7.    **Binding Effect**.  The terms of the Agreement and this Order shall be forever binding on all of the Kessler Settlement Class Members and the Named Plaintiffs, individually and as representatives of said Class, as well as on their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The terms of the Agreement and Order shall have *res judicata* and

16528416

other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

8.    **Releases**.  The Releasors, as defined in Section 2.24 of the Agreement, shall be bound by the Releases provided in Section 8 of the Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Agreement or Settlement.  The Releases are effective as of the Effective Date specified in Section 14 of the Agreement.  The Court expressly adopts all defined terms in Section 2 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases as set forth at Sections 2.25 (Released Claims), 2.26 (Released Persons) and 2.24 (Releasors).

9.    **Enforcement of Settlement.**  Nothing in this Order shall preclude any action by any Party to enforce the terms of the Agreement.

10.    **Additional Payment to the Named Plaintiffs.**  The Court hereby awards the amounts listed on Schedule A ($_____total) to be paid from the Kessler Gross Recovery to the Named Plaintiffs as incentive awards for their services as representatives of the Kessler Settlement Class in the Bankruptcy Cases.

11.    **Attorney's Fees and Expenses.**  Plaintiffs' Counsel is awarded $_____ representing the litigation expenses and court costs that Plaintiffs' Counsel have incurred and advanced in connection with the Litigation and the Settlement, which shall be deducted from the Kessler Gross Recovery. Allocation Counsel for the Non-Equitable Tolling Sub-Class and Equitable Tolling Sub-Class are awarded _____ and _____  for their litigation expenses and court costs, respectively, and such sums shall be deducted from the Kessler Gross Recovery.  In addition, the Court awards Plaintiffs' Counsel Attorney's fees of 35% of each Kessler Net Recovery.  Allocation Counsel for the Non-Equitable Tolling Sub-Class and Equitable Tolling

C-7

Sub-Class are awarded _____ and _____ for their attorney fees, respectively, and such sums shall be paid from Plaintiffs' Counsel Attorney's fee award. The Court finds and concludes that each of the above awards to Plaintiffs' Counsel for work and services in this case and in connection with the Settlement is reasonable for the reasons stated in *Plaintiffs' Application for Award of Attorney's Fees, Litigation Expenses and Court Costs* (Doc. #___) and finds as follows:

**[As customary, Plaintiffs will include additional language for the Court to consider using in any final order that it signs in support of Plaintiffs' fee award.]**

12.    **No Other Payments**.  The preceding paragraphs of this Final Order cover, without limitation, any and all claims against Released Persons for attorney's fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing the Named Plaintiffs as representatives of the Kessler Settlement Class or the Kessler Settlement Class Members, or incurred by the Kessler Settlement Class Members, in connection with Released Claims against Released Persons, except to the extent otherwise specified in this Order or the Agreement.

13.    **Retention of Jurisdiction.**  Without in any way affecting the finality of this Order, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Order, and for any other necessary purpose as permitted  by law, including, without limitation:

a.    enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Order (including, without limitation, whether a person is or is not a member of the Kessler

16528416

Settlement Class or a Kessler Settlement Class Member; and whether any claim or cause of action is or is not barred by this Order);

b.     entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Order and/or to ensure the fair and orderly administration of the Settlement and distribution of the Kessler Gross Recoveries; and

c.     entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

14.    **Claims Reserved.** The entry of this Order shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or adjudication of any claims other than the Released Claims as to the Released Persons by the Releasors.

Dated: _____, 2013
New York, New York

_____
The Honorable Martin Glenn
UNITED STATES BANKRUPTCY JUDGE

16528416

**<u>EXHIBIT C</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------

|  |  |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors, | Jointly Administered |

----------------------------------------------------------------

### FINAL ORDER PURSUANT TO FED. R. CIV. P. 23 AND FED. R. BANKR. P. 9019 APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE KESSLER SETTLEMENT CLASS MEMBERS AND THE SETTLING DEFENDANTS AND GRANTING RELATED RELIEF

The Court having carefully reviewed and considered the Amended Settlement and Release Agreement dated August 21, 2013 *attached as Exhibit A to the Notice of Filing of Amended Exhibits in Connection With Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 For an Order (1) Granting Class Certification For Purposes of Settlement Only, (2) Appointing Class Representative and Class Counsel for Purposes of Settlement Only, (3) Preliminary Approving the Settlement Agreement Between Plaintiffs, on Their Own Behalf and on Behalf of the Class of Similarly Situated Persons, and the Debtors, (4) Approving the Form and Manner of Notice to the Class, (5) Scheduling a Fairness Hearing to Consider Approval of the Settlement Agreement on a Final Basis and Related Relief and (6) Approving the Settlement Agreement on a Final Basis and Granting Related Relief;* [Docket No. 4793] (the "**Agreement**"), between Rowena Drennen, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard ("**Named Plaintiffs**"), individually and as the representatives of the Kessler Settlement Class (as defined herein) in the Bankruptcy Cases, and Debtor Defendants Residential Funding Company, LLC ("**RFC**"), Residential Capital, LLC, and GMAC Residential Holding Company,

C-1

LLC (the "**Settling Defendant**s"), the evidence and arguments of counsel as presented at the

Fairness Hearing[1] held on _____, 2013, the Joint Motion to Approve filed by the Parties

seeking approval of the Agreement [Docket No. 4451] and other supporting memoranda, notices

and declarations in support filed with this Court, [and the timely objections to the proposed

Settlement], and all other filings in connection with the Parties' settlement as memorialized in the

Agreement (the "**Settlement**"); and for good cause shown,

---

[1]    Unless otherwise provided herein, all capitalized terms in this Order shall have the same
meaning as those terms in the Agreement.

C-2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents**.  This Order incorporates and makes the Agreement, together with all exhibits and schedules attached thereto, which were filed with the Court on or about ___  _, 2013 [~~Dkt~~Docket. No. [ ], a part hereof.

2. **Jurisdiction**.  Because adequate notice was disseminated and all potential members of the Kessler Settlement Class were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Kessler Settlement Class. The Court has subject matter jurisdiction over the Kessler Allowed Claim and the Motion to Certify, including, without limitation, jurisdiction to approve the proposed Settlement and to grant final certification of the Kessler Settlement Class pursuant to 28 USC §§ 157 and 1334 and venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

3. **Final Class Certification**.  The Kessler Settlement Class, the Equitable Tolling Sub-Class and the Non-Equitable Tolling Sub-Class, each of which this Court previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure (which incorporates Fed. R. Civ. P. 23), the Court finding that for purposes of settlement, the Kessler Settlement Class, the Equitable Tolling Sub-Class and the Non-Equitable Tolling Sub-Class fully satisfy all of the applicable requirements of Rule 23 and due process.

The Kessler Settlement Class, the Equitable Tolling Sub-Class and the Non-Equitable Tolling Sub-Class, are defined, respectively, as follows:

> Kessler Settlement Class is defined as: All persons who obtained a second or subordinate, residential, federally related, non-purchase money, HOEPA qualifying mortgage loan from Community Bank of Northern Virginia or Guaranty National Bank of Tallahassee, that was secured by residential real property used as their principal dwelling and that was assigned to GMAC-Residential Funding Corporation n/k/a Residential Funding Company, LLC who was not a member of

KL2 2810750.2
16528416

the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168 in the General Court of Justice, Superior Court Division of Wake County, North Carolina

Equitable Tolling Sub-Class is defined as: All persons who meet the above class-definition, whose loan closed prior to May 1, 2000.

Non-Equitable Tolling Sub-Class is defined as: All persons who meet the above class-definition, whose loan closed after May 1, 2000.

[No members of the Kessler Settlement Class timely requested to be excluded from or "opted out" of the Kessler Settlement Class.] **OR** [A list of those persons who have timely excluded themselves from the Kessler Settlement Class, and who therefore are not bound by the Settlement and the Final Judgment, is attached hereto as **Exhibit 1** and incorporated herein and made a part hereof.]

4. **Adequacy of Representation**. With the employment of Allocation Counsel and the certification of subclasses, there are no apparent conflicts of interest between: (1) the Named Plaintiffs and the Kessler Settlement Class, or among the members of the Kessler Settlement Class; or (2) Rowena Drennen and the Non-Equitable Tolling Sub-Class or among the members of the Non-Equitable Tolling Sub-Class; or (3) John Picard and Rebecca Picard and the Equitable Tolling Sub-Class or among the members of the Equitable Tolling Subclass. Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the Kessler Settlement Class. Allocation Counsel will each fairly and adequately represent and protect the interests, respectively, of the Non-Equitable Tolling Sub-Class and the Equitable Tolling Sub-Class. Accordingly, (a): the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the firm Walters Bender Strohbehn & Vaughan, P.C., and Bruce Carlson and Gary Lynch of the law firm Carlson Lynch Ltd., PNC Park, 115 Federal Street, Pittsburgh, PA 15212 as Counsel for the Kessler Settlement Class ("Plaintiffs'

KL2 2810750.2
16528416

Counsel" or "Class Counsel"), have satisfied the requirements of Rule 23 and are hereby appointed and approved as representatives of the Kessler Settlement Class and Counsel for the Kessler Settlement Class, respectively; (b) Rowena Drennen and Arthur H. Stroyd, Jr., Allocation Counsel for the Non-Equitable Tolling Sub-Class with respect to allocation, have satisfied the requirements of Rule 23 and are hereby appointed and approved as the representative of the Non-Equitable Tolling Sub-Class and Allocation Counsel for the Non-Equitable Tolling Sub-Class with respect to allocation, respectively; (c) John and Rebecca Picard and Richard H. Ralston, Allocation Counsel for the Equitable Tolling Sub-Class with respect to allocation, have satisfied the requirements of Rule 23 and are hereby appointed and approved as the representatives of the Equitable Tolling Sub-Class and Allocation Counsel for the Equitable Tolling Sub-Class with respect to allocation, respectively.

5.    **Class Notice**.  The Court finds that the Class Mail Notice and its distribution to the Kessler Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

a.    Constituted the best practicable notice to the members of the Kessler Settlement Class under the circumstances of this Litigation;

b.    Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Kessler Settlement Class of (i) the pendency of the Bankruptcy Cases and the proposed Settlement, (ii) the nature of the action, (iii) the definition of the Kessler Settlement Class, (iv) the class claims, issues or defenses, (v) that a Kessler Class Member may enter an appearance through an attorney if the Kessler Class Member so desires, (vi) their right to opt out and exclude themselves from the proposed Settlement and the time and manner for doing so, (vii) their right to object to any aspect of

KL2 2810750.2
16528416

the proposed Settlement and the time and manner for doing so (including, but not limited to, the following: final certification of the Kessler Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiffs and/or Class Counsels' representation of the Kessler Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive awards), (viii) their right to appear at the Fairness Hearing if they did not exclude themselves from the Kessler Settlement Class, and (ix) the binding effect of the Order in the Bankruptcy Cases on all members of the Kessler Settlement Class who did not request exclusion;

c.        Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

d.        Constituted notice that fully satisfied the requirements of Bankruptcy Rule 7023 and Rule 23, due process, and any other applicable law.

6.        **Final Settlement Approval**.   The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith and as a result of serious, informed, arm's length and non-collusive negotiations.   Based on the range of possible outcomes and the cost, delay and uncertainty associated with further litigation, the Agreement is reasonable and cost-effective. Therefore, the terms of the Agreement and the Settlement as provided therein are fully and finally approved, subject to satisfaction of the conditions precedent set forth in Section 14 of the Agreement, pursuant to Bankruptcy Rule 7023 and Rule 23, as fair, reasonable and adequate as to, and in the best interests of, the Parties and the Kessler Settlement Class Members, and in full compliance with all applicable requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.   Likewise, the terms of the Agreement and the Settlement as provided therein, are fully and finally approved, subject to

KL2 2810750.2
16528416

satisfaction of the conditions precedent set forth in Section 14 of the Agreement, under Fed. R.

Bankr. P. 9019 as fair and equitable to the Debtors' Bankruptcy Estate and their creditors. The

Agreement and the transactions contemplated thereby, including the releases given herein, are in

the best interest of the Debtors, their estates, their creditors and all other parties in interest. The

Agreement and the transactions contemplated thereby, including the releases given therein, meet

the standards established by the Second Circuit for the compromise and settlement in bankruptcy,

and are reasonable, fair and equitable and supported by adequate consideration. The Parties are

hereby directed to implement and consummate the Agreement according to its terms and

provisions and subject to satisfaction of the conditions precedent set forth in Section 14 of the

Agreement.

7. **Binding Effect**. The terms of the Agreement and this Order shall be forever

binding on all of the Kessler Settlement Class Members and the Named Plaintiffs, individually and

as representatives of said Class, as well as on their respective heirs, executors, administrators,

assigns, predecessors, and successors, and any other person claiming by or through any or all of

them. The terms of the Agreement and Order shall have *res judicata* and other preclusive effect as

to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in

the Agreement.

8. **Releases**. The Releasors, as defined in Section 2.24 of the Agreement, shall be

bound by the Releases provided in Section 8 of the Agreement, which is incorporated herein in all

respects, regardless of whether such persons received any compensation under the Agreement or

Settlement. The Releases are effective as of the Effective Date specified in Section 14 of the

Agreement. The Court expressly adopts all defined terms in Section 2 of the Agreement, including

KL2 2810750.2
16528416

but not limited to, the definitions of the persons and claims covered by the Releases as set forth at Sections 2.25 (Released Claims), 2.26 (Released Persons) and 2.24 (Releasors).

9.      **Enforcement of Settlement.**  Nothing in this Order shall preclude any action by any Party to enforce the terms of the Agreement.

10.      **Additional Payment to the Named Plaintiffs.**  The Court hereby awards the amounts listed on Schedule A ($_____total) to be paid from the Kessler Gross Recovery to the Named Plaintiffs as incentive awards for their services as representatives of the Kessler Settlement Class in the Bankruptcy Cases.

11.      **Attorney's Fees and Expenses.**  Plaintiffs' Counsel is awarded $_____ representing the litigation expenses and court costs that Plaintiffs' Counsel have incurred and advanced in connection with the Litigation and the Settlement, which shall be deducted from the Kessler Gross Recovery. Allocation Counsel for the Non-Equitable Tolling Sub-Class and Equitable Tolling Sub-Class are awarded _____ and _____  for their litigation expenses and court costs, respectively, and such sums shall be deducted from the Kessler Gross Recovery.  In addition, the Court awards Plaintiffs' Counsel Attorney's fees of 35% of each Kessler Net Recovery.  Allocation Counsel for the Non-Equitable Tolling Sub-Class and Equitable Tolling Sub-Class are awarded _____ and _____ for their attorney fees, respectively, and such sums shall be paid from Plaintiffs' Counsel Attorney's fee award.  The Court finds and concludes that each of the above awards to Plaintiffs' Counsel for work and services in this case and in connection with the Settlement is reasonable for the reasons stated in *Plaintiffs' Application for Award of Attorney's Fees, Litigation Expenses and Court Costs* (Doc. #___) and finds as follows:

**[As customary, Plaintiffs will include additional language for the Court to consider using in any final order that it signs in support of Plaintiffs' fee award.]**

C-8

12.    **No Other Payments**.  The preceding paragraphs of this Final Order cover, without limitation, any and all claims against Released Persons for attorney's fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing the Named Plaintiffs as representatives of the Kessler Settlement Class or the Kessler Settlement Class Members, or incurred by the Kessler Settlement Class Members, in connection with Released Claims against Released Persons, except to the extent otherwise specified in this Order or the Agreement.

13.    **Retention of Jurisdiction.**  Without in any way affecting the finality of this Order, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Order, and for any other necessary purpose as permitted  by law, including, without limitation:

a.    enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Order (including, without limitation, whether a person is or is not a member of the Kessler Settlement Class or a Kessler Settlement Class Member; and whether any claim or cause of action is or is not barred by this Order);

b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Order and/or to ensure the fair and orderly administration of the Settlement and distribution of the Kessler Gross Recoveries; and

c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

KL2 2810750.2
16528416

14.    **Claims Reserved.** The entry of this Order shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or adjudication of any claims other than the Released Claims as to the Released Persons by the Releasors.

15.    **Contribution, Indemnity and Other Claims.** Any and all persons and entities (including but not limited to non-settling defendants in the Litigation, their successors or assigns, and any other person or entity later named as a defendant or third party in the Litigation) are permanently enjoined, barred and restrained from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Released Parties for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related in any way to the Released Claims or claims and allegations asserted in the Litigation (or any other claims where the alleged injury to the entity/individual is the entity/individual's actual or threatened liability to one or more members of the Kessler Settlement Class), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued. All such claims will be extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary. Any person or entity so barred and enjoined shall be entitled to appropriate judgment reduction, if applicable, with respect to any judgment obtained by any one or more of the Kessler Settlement Class Members against any such person or entity for the RESPA, TILA/HOEPA and RICO claims as alleged in the MDL Litigation, on a dollar for dollar basis equal to the sum of the Kessler Gross Recovery for such one or more Kessler Settlement Class Members.

KL2 2810750.2
16528416

Dated: _____, 2013
New York, New York

                              _____
                              The Honorable Martin Glenn
                              UNITED STATES BANKRUPTCY JUDGE

KL2 2810750.2
16528416

Document comparison by Workshare Compare on Tuesday, October 15, 2013
5:15:14 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://CMP/DB1/16528416/1 |
| Description | #16528416v1<DB1> - ResCap - Kessler_Final_Order |
| Document 2 ID | interwovenSite://CMP/DB1/16528416/5 |
| Description | #16528416v5<DB1> - ResCap - Kessler_Final_Order |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 7 |
| Deletions | 7 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 14 |