Basic Life Resources, a Washington non-profit corporation
6675 Wahl Road
Freeland, Washington 98249
Email: BasicLifeR@aol.com, 360-466-8977

Mailing Address:
P.O. Box 665
Coupeville, WA 98239

Objection Date: October 14, 2013
Hearing Date:   November 7, 2013
Scheduled Omnibus Hearing Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                      )
                                            )   Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, *et al.*,         )   Chapter 11
                                            )   Jointly Administered
         Debtors.                           )
                                            )
                                            )   BASIC LIFE RESOURCES
                                            )   RESPONSE TO DEBTORS'
                                            )   47TH OMNIBUS OBJECTION

To:     Clerk of the Court
And to: Morrison & Foerster LLP
        Curtis, Mallet-Prevost, Colt & Mosle, LLP
        Pamela Z. Hill
        Courtesy copies (2) Chambers of Hon. Martin Glenn

COMES NOW Basic Life Resources, *pro se*, (hereinafter BLR) and responds to Debtors' above-named Objection (Document No. 5159 of September 20, 2013) as follows:

BLR's claim is based upon the impact of the cloud on the title created with the origination of the loan by People's Bank on February 20, 2009, all as more completely previously described throughout this above-entitled Matter beginning with BLR's timely submission of its Claim, assigned No. 2427, noted as received on November 5, 2012.

Debtors' Pleading (Document No. 5297) filed October 7, 2013, addressing the Claim of Pamela Z. Hill, states this loan's investor is Fannie Mae and details the loan service progression subsequently to GMACM on April 1, 2009, with subsequent loan servicing to Ocwen on August 1, 2013.

Document 5297 further notes (that at all material times) since submitting her Claim No. 2429, Ms. Hill has mailed letters first to GMACM and then to Ocwen advising of her claim and payments made were without prejudice. In addition, No. 5297 notes both GMAC and Ocwen noted receipt and responded so acknowledging.

Basic Life Resources Response to 47th Omnibus Objection
Page 1

RECEIVED
OCT 15 2013
U.S. BANKRUPTCY COURT, SDNY

It must be noted throughout, continuously beginning with her initial Claim, Ms. Hill has sought alternative resolutions to her Claim; one being money damages and the other satisfaction of her note and release of any interest in the underlying security. There is no pleading or correspondence from Ms. Hill ever deviating from this position of alternative resolution.

Document 5297, arguably is correct in asserting that Ms. Hill is not entitled to money damages. It in no way mentions or addresses the alternative of satisfaction and release.

Since the Debtors, through their attorneys, had full and complete knowledge of Ms. Hill's alternative and failed to in any way address the same, it must be conclusively presumed they waived their right to object to the same and such relief must be granted by this Court to Ms. Hill.

Since the Claim of BLR is based upon the cloud on the title created and maintained throughout, it prefers Ms. Hill's offending underlying obligation be removed, clearing the title, rather than payment of monies to Ms. Hill who then would be under no obligation to apply them in order to clear the cloud necessary to BLR's ability to proceed, being now otherwise impaired.

While all of this matter of the cloud issue could have promptly been accomplished one way or another through Morrison & Foerster had it not ignored the letters addressed to it as described in both Claims No. 2427 & 2429 and thence throughout, BLR has suffered losses for reasons detailed in full in its initial Claim and subsequent filings with this Court.

If the Court will, since there has been no Objection by any party, including the Debtors, now Order the alternative relief sought by Ms. Hill and supported by BLR, BLR will adjust its claim for money damages to cease as of the date of the recording of said document(s) and the issuance of a title policy by a competent, recognized Washington state title insurance company of Debtors' choosing, clearing the cloud on the BLR title. This is a major monetary loss for BLR as it will have to give up its claim for the remainder of 2013 lost income and take a risk that it may lose that for the calendar year 2014 for lack of timely application.

## PRAYER

Wherefore Basis Life Resources prays that this Court will deny Debtors' Objection in such part as will allow for satisfaction and clearing of the Hill note and obligation and acknowledge an obligation of Debtors to BLR the sum of $1.7 million plus daily losses of $14,986 until the Hill satisfaction is recorded and recognized.

Respectfully submitted this 11th day of October, 2013.

_____
Michael M. Moore, Managing Director,
for Basic Life Resources, *pro se*

Basic Life Resources Response to 47th Omnibus Objection
Page 2