United States Bankruptcy Court,
Southern District of New York

In re Residential Capital, LLC, et al., Debtors

Case No. 12-12020 (MG)

RESPONSE TO: DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY– NON- DEBTOR AND AMENDED AND SUPERSEDED CLAIMS)

Claimants: Ajit Vasvani and Shakun Vasvani
Description of Claim:
Claim No: 3550. Class R-4 ResCap Unsecured Creditor Claim for $55,000
Date Claim # registered: 11/7/2012

## WRITTEN RESPONSE TO THE ABOVE OBJECTION

Per the Debtors' Fortieth Ominbus Objection, whereby Debtors' request to 'disallow and expunge' this claim on the grounds that this amount is a 'liability not reflected in their books and records', unsecured creditors Ajit and Shakun Vasvani, residents of California by way of this response DENIES the objection made by the Debtors' and opposes this objection due to the following reasons :

1) Our claim is a valid claim as we originally placed $55,000 into the ResCap Mortgage Fund, and the subscription agreement did not state the funds to be non-refundable.
2) Our claim is an obviously valid claim as it was noted to be so when we were filed our Proof of Claim and were given the claim number 3550.
3) We have been included in all of the ballot mailings (and corrected ballots) to date to cast our vote, and to choose from receiving a Class R-4, or alternatively a Class R-8 Unsecured claims settlement. This is indicative that the liability was noted as such and was on the debtors' books.
4) We have followed all the required steps from our side to keep this claim in force and valid at all times.

RECEIVED
OCT 15 2013
U.S. BANKRUPTCY COURT, SDNY

Therefore we ask that our claim not be disallowed and expunged from the settlement we have been notified to vote on and receive.

Documentation attached: 1) activity statement and 2) check stub of a distribution as proof of our subscription and being an unsecured creditor of ResCap.

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing Response was mailed on the 12th day of October 2013 by Fedex to the following parties as required per the notice of objection: /s/Jax

**1) United States Bankruptcy Court**
Southern District of New York
The Chambers of the Honorable Martin Glenn,
Courtroom 501
One Bowling Green
New York, NY 10004

**2) Counsel to the Debtors**
Gary S. Lee, Esq
Norman S. Rosenbaum, Esq
Jordan A. Wishney, Esq.
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

3)**Counsel to the Official Committee of Unsecured Creditors**
Kramer Levin Naftallis & Frankel LLP
Attn: Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, NY 10036

4) **Office of the United State Trustee for the Southern District of New York**
U.S Federal Office Building
Attn: Tracy Hope Davis, Esq
Linda A. Riffkin, Esq
Brian S. Masumoto, Esq
201 Varick Street, Suite 1006
New York, NY 10004



Investor# 753

The Residential Capital
Mortgage Income Fund

**STATEMENT PERIOD 10/01/10 – 12/31/10**

Ajit Vasvani
775 Goldfish Way
San Diego, CA  92129

### Q4-2010 Activity

### CAPITAL ACCOUNT SUMMARY

| Description | Amount |
|---|---|
| 10/01/10 Capital Account | $18,025.40 |
| 10/25/10 Distribution | $ .00 |
| Q4 2010 Capital Contribution | $ .00 |
| Q4 2010 Capital Withdrawal | $ .00 |
| Q4 2010 Estimated Net Income | $- 556.22 |
| 12/31/10 Capital Account | $17,469.18 |

### DISTRIBUTION SUMMARY 01/25/2011

| Description | Amount |
|---|---|
| Total Distribution | $ .00 |
| Method of Distribution: | |

**RESIDENTIAL CAPITAL MORTGAGE INCOME FUND, LLC**                                                             20911

    Shakun Vasvani                                                                           1/21/2008
    LIMITED PARTNERS:## - Investors:##-D  Inv.#753/monthly distributions                       249.32

*Check stub*

Cash-Regents-Investo   Inv.#753/monthly distributions                                                      249.32

# RULE 9006. COMPUTING AND EXTENDING TIME

(a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.