**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| -------------------------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| -------------------------------------------------------------- | ) | |

**SECOND STIPULATION AND ORDER WITH RESPECT TO THE MOTION
OF MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY
SEEKING LIMITED DISCOVERY FROM THE DEBTORS AND
RELIEF FROM THE STAY IMPOSED BY THE FHFA ORDER**

Subject to the approval of the Court, this stipulation (the "Stipulation") is made

and entered into by the debtors and debtors in possession (collectively, the "Debtors") in

the above-captioned bankruptcy cases (the "Bankruptcy Cases") on the one hand and

Massachusetts Mutual Life Insurance Company ("MassMutual") on the other hand.  The

Debtors and MassMutual (together, the "Parties") intend for this Stipulation to resolve

the supplemental request (the "Supplemental Request") made by MassMutual for the

information described below and in connection with the *Motion of Massachusetts Mutual*

*Life Insurance Company Seeking Limited Discovery from the Debtors and Relief from the*

*Stay Imposed by the FHFA Order* (Docket No. 2503) (the "Motion").

WHEREAS, MassMutual is Plaintiff in cases captioned *Massachusetts Mutual*

*Life Ins. Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al.*, No. 3:11-cv-30285 (D.

Mass.) (the "285 Case") and *Massachusetts Mutual Life Inc. Co. v. Residential Funding*

*Co. LLC, et al.*, No. 11-cv-30035 (D. Mass.) (the "035 Case," and together with the 285

Case, the "MassMutual Cases") both pending in the United States District Court for the

District of Massachusetts;

WHEREAS, no Debtor is a party to the MassMutual Cases;

WHEREAS, on December 20, 2012, MassMutual filed the Motion seeking from the Debtors the production of 12 "Loan Tapes" including certain "associated originator information" related to the securitizations at issue in the 285 Case;

WHEREAS, pursuant to the *Stipulation and Order with Respect to the Motion of Massachusetts Mutual Life Insurance Company Seeking Limited Discovery from the Debtors and Relief from the Stay Imposed by the FHFA Order* (Docket No. 2616), the Debtors and MassMutual resolved the Motion and the Debtors produced certain "Collateral Files" in lieu of Loan Tapes;

WHEREAS, on July 18, 2013, MassMutual made an additional request to the Debtors for one Loan Tape related to the securitization currently at issue in the 035 Case;

WHEREAS, the Debtors provided MassMutual with an additional Collateral File to resolve MassMutual's July 18, 2013 request;

WHEREAS, MassMutual has made the Supplemental Request to the Debtors, seeking supplemental information for the 13 previously produced Collateral Files, including information related to the "product group code," "original or initial loan application date," "loan approval date or date the rate was locked-in for the loan," "date the loan was funded," and "date RFC funded the seller of the loan" for each of the loans identified in the 13 previously produced Collateral Files (the "Requested Information");

WHEREAS, the Debtors assert that the Supplemental Request is subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code, is precluded by the *Memorandum Opinion and Order Denying the Motions of Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery From the Debtors*

2

(Docket No. 1813) (the "Discovery Order"), and that producing the Requested

Information will be unduly burdensome;

WHEREAS, MassMutual asserts that the automatic stay has no application, good

cause exists for this limited relief from the Discovery Order, and any burden associated

with the Supplemental Request is minimal;

WHEREAS, the Parties have reached an agreement, subject to the Court's

approval, under which the Debtors shall produce certain agreed-upon information in

response to the Supplemental Request, subject to the conditions set forth below;

NOW THEREFORE, the Parties agree and stipulate as follows:

1.      Without prejudice to the reservations of rights provided for in paragraph

four below, the Debtors agree to produce to MassMutual information responsive to

MassMutual's request for the "product group code," "date the loan was funded," and

"date RFC funded the seller of the loan" (the "Agreed Information") for each of the 13

securitizations at issue in the MassMutual Cases within 7 days of the Court "so ordering"

this Stipulation.  The Debtors will not produce information responsive to MassMutual's

request for the "original or initial loan application date" and "loan approval date or date

the rate was locked-in for the loan";

2.      The Agreed Information will be produced as "CONFIDENTIAL" pursuant

to the *Stipulation and Order for the Production and Exchange of Confidential*

*Information* entered in each of the MassMutual Cases (Docket No. 95 in the 285 Case

and Docket No. 115 in the 035 Case) because they contain "NONPARTY BORROWER

INFORMATION" as that term is defined therein;

3.      Upon entry of this Stipulation and the delivery of the Agreed Information

by the Debtors to MassMutual, the Supplemental Request will be deemed to be satisfied

3

and MassMutual will not make any further request of the Debtors (by subpoena, motion, or otherwise) seeking the Requested Information with respect to the 13 securitizations, including Requested Information that is not Agreed Information;

4.      This Stipulation is without prejudice to any right of (a) MassMutual to seek to obtain and/or move to compel additional discovery from the Debtors in the future other than for the Requested Information for the 13 securitizations, and (b) the Debtors to oppose any such relief, including that the automatic stay is applicable to all non-party discovery.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

6.      This Stipulation  may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7.      Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

Dated: October 15, 2013

 /s/ Joel C. Haims
Gary S. Lee
Joel C. Haims
Jonathan C. Rothberg

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in
Possession*

Dated: October 15, 2013

 /s/  Jennifer J. Barrett
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Philippe Z. Selendy
Jennifer J. Barrett
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Fax: (212) 849-7100
*Attorneys for Massachusetts Mutual
Life Insurance Company*

**SO ORDERED.**

Dated: October 17, 2013
       New York, York

    **/s/Martin Glenn**
       MARTIN GLENN
United States Bankruptcy Judge

5