UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------

**SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) WITH RESPECT TO THE CLAIMS OF JUANA CERNA, FANNIE KENDRICK DIETRICH, AND PHENON WALKER**

Upon the twenty-sixth omnibus claims objection, dated August 16, 2013 (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Insufficient Documentation Claims, including Claim No. 3816 of Juana Cerna (the "Cerna Claim"), Claim No. 1385 of Fannie Kendrick Dietrich (the "Dietrich Claim"), and Claim No. 5429 of Phenon Walker (the "Walker Claim"), on the ground that each Insufficient Documentation Claim lacks sufficient supporting documentation as to its validity and amount and has no basis in the Debtors' books and records, all as more fully described in the Objection and the Reply (as defined below); and it appearing that this Court has jurisdiction to consider the Objection

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively, the responses of Juana Cerna [Docket No. 5076] and Fannie Kendrick Dietrich [Docket No. 5054] (collectively, the "Responses"), the *Debtors' Omnibus Reply in Support of Debtors' Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth, and Twenty-Seventh Omnibus Claim Objections (Borrower Claims with Insufficient Documentation)* [Docket No. 5294] (the "Reply"), and the Supplemental Declaration of Deanna Horst in support of the Reply; and the Responses having been overruled; and the Court having found and determined that the relief sought in the Objection and the Reply is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection and the Reply establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the Cerna Claim, the Dietrich Claim, and the Walker Claim are hereby disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the Debtors' claims register the Cerna Claim, the Dietrich Claim, and the Walker Claim pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim other than the Cerna Claim, the Dietrich Claim, and the Walker Claim, and the Debtors' and any party in interest's rights to object to any other claim on any basis are expressly reserved; and it is further

ORDERED that this Order shall be a final order with respect to the Cerna Claim, the Dietrich Claim, and the Walker Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated: October 17, 2013
      New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                           United States Bankruptcy Judge