**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

–––––––––––––––––––––––––––––––––––––––––––––––––– )
                                                   )
In re:                                             )    Case No. 12-12020 (MG)
                                                   )
RESIDENTIAL CAPITAL, LLC, *et al.*,                )    Chapter 11
                                                   )
                                  Debtors.         )    Jointly Administered
–––––––––––––––––––––––––––––––––––––––––––––––––– )

### SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) WITH RESPECT TO CLAIM NO. 4942 OF PHENON WALKER

Upon the twenty-seventh omnibus claims objection, dated August 16, 2013 (the

"Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced

Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking

entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Insufficient

Documentation Claims, including Claim No. 4942 of Phenon Walker (the "Walker Claim"), on

the ground that each Insufficient Documentation Claim lacks sufficient supporting

documentation as to its validity and amount and has no basis in the Debtors' books and records,

all as more fully described in the Objection and the Reply (as defined below); and it appearing

that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Objection and the relief requested therein being a core proceeding

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively, the *Debtors' Omnibus Reply in Support of Debtors' Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth, and Twenty-Seventh Omnibus Claim Objections (Borrower Claims with Insufficient Documentation)* [Docket No. 5294] (the "Reply"), and the Supplemental Declaration of Deanna Horst in support of the Reply; and the Court having found and determined that the relief sought in the Objection and the Reply is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection and the Reply establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the Walker Claim is hereby disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the Debtors' claims register the Walker Claim pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim other than the Walker Claim, and the Debtors' and any party in interest's rights to object to any other claim on any basis are expressly reserved; and it is further

ORDERED that this Order shall be a final order with respect to the Walker Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated: October 17, 2013
        New York, York

            _____/s/Martin Glenn_____
                MARTIN GLENN
        United States Bankruptcy Judge