**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                                  )
In re:                                            )    Case No. 12-12020 (MG)
                                                  )
RESIDENTIAL CAPITAL, LLC, *et al.*,               )    Chapter 11
                                                  )
                              Debtors.            )    Jointly Administered
                                                  )
---------------------------------------------------------

**ORDER GRANTING DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION**
**TO CLAIMS (LATE-FILED BORROWER CLAIMS)**

Upon the thirty-first omnibus claims objection, dated August 30, 2013 (the "Thirty-First Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Late-Filed Borrower Claims on the basis that they were filed after the applicable Bar Date, all as more fully described in the Thirty-First Omnibus Claims Objection and the *Debtors' Omnibus Reply in Support of Debtors' Thirty-First Omnibus Claims Objections to Late-Filed Borrower Claims* [Docket No. 5296] (the "Reply"); and it appearing that this Court has jurisdiction to consider the Thirty-First Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Thirty-First Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-First Omnibus Claims Objection.

1

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirty-First Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Thirty-First Omnibus Claims Objection and the Declaration of Deanna Horst in Support of the Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims), annexed thereto as <u>Exhibit 1</u>; and upon consideration of responses (each a "<u>Response</u>" and collectively, the "<u>Responses</u>")[2] filed by certain Borrowers in connection with the Thirty-First Omnibus Claims Objection; and upon consideration of the Reply; and the Court having considered the Thirty-First Omnibus Claims Objection, the Responses and the Reply at the hearing held on October 9, 2013; and the Court having found and determined that the relief sought in the Thirty-First Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirty-First Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Thirty-First Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirty-First Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Late-Filed Borrower Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

---

[2] The Responses include the following: *Statement of Paul Anthony Corrado Setting Forth the Reasons Why the Claim Nos. 6855 and 6856 Filed on June 3, 2013 Should Not Be Disallowed* [Docket No. 5200] and *Objection of Kenneth Russo, Jr. and Rayietta Hill to Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* [Docket No. 5232]. The Court also considered the *Motions to Request Original Mortgage Loan Presented to the Debtor and the Court* [Docket Nos. 5290, 5291] filed by Ms. Anaissa Gerwald.

2

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Late-Filed Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' official claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirty-First Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Late-Filed Borrower Claims identified on Exhibit A, annexed hereto, as if each such Late-Filed Borrower Claim had been individually objected to; and it is further

ORDERED that the Debtors reserve all rights to object on any other basis to any Late-Filed Borrower Claim as to which the Court does not grant the relief requested herein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated: October 17, 2013
      New York, York

                                                 **_/s/Martin Glenn_**
                                                 MARTIN GLENN
                                     United States Bankruptcy Judge