**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**

Upon the thirtieth omnibus claims objection, dated August 29, 2013 (the "<u>Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No Liability Borrower Claims on the grounds that such claims have no basis in the Debtors' books and records, all as more fully described in the Objection and the Reply; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirtieth Omnibus Claims Objection.

ny-1103820

Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively, the responses filed by Constantino and Sybil Acevedo [Docket No. 5132], Jan B. Ibrahim [Docket No. 5172], Pamela Z. Hill [Docket No. 5284], and Anthony E. Fisher [Docket No. 5224] (collectively, the "Responses"), and the *Debtors' Omnibus Reply in Support of Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* [Docket No. 5297] (the "Reply"); and the Responses having been overruled; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that each No Liability Borrower Claim listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged" is hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the No Liability Borrower Claims identified on the schedule annexed as Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the following matters relating to the No Liability Borrower Claims shall be adjourned to the omnibus hearing scheduled for November 7, 2013 at 2:00 p.m. (EST):

- Gwendell L. Philpot (Claim No. 5067);

- Judith A. Winkler and James C. Winkler (Claim No. 3582); and

- M. Francine Modderno (Claim No. 4866); and it is further

ORDERED that the following matters relating to the No Liability Borrower Claims shall be adjourned and addressed at a future date consistent with a separate order to be submitted to the Court:

- Paul and Marge Pfunder (Claim No. 1430); and

- Ron R Bejarano (Claim No. 604); and

- Caren Wilson (Claim No. 4754); and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on Exhibit A, annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated: October 17, 2013
      New York, York

                                            /s/Martin Glenn
                                           MARTIN GLENN
                                United States Bankruptcy Judge