UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER ESTABLISHING PROCEDURES FOR THE ADJUDICATION OF THE CLAIMS OF WILLIAM AND KEIRAN WALKER, FREDDIE SCOTT, RON BEJARANO, AND PAUL AND MARGE PFUNDER IN CONNECTION WITH THE DEBTORS' TWENTY-SECOND, TWENTY-SEVENTH, AND THIRTIETH OMNIBUS OBJECTIONS TO CLAIMS**

Upon the *Debtors' Twenty-Second Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Twenty-Second Omnibus Objection") [Docket No. 4199], *Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Twenty-Seventh Omnibus Objection" [Docket No. 4735]), and *Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records)* (the "Thirtieth Omnibus Objection" [Docket No. 4887], and together with the Twenty-Second Omnibus Objection and the Twenty-Seventh Omnibus Objection, the "Objections")[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of orders, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294], disallowing and expunging the Insufficient Documentation Claims, all as more fully described in the Objections; and upon the response to

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in each of the Objections.

the Twenty-Second Omnibus Objection of William C. Walker and Keiran J. Walker (the "Walker Family") [Docket No. 5314] in connection with Claim No. 5529 (the "Walker Claim"), the response to the Twenty-Seventh Omnibus Objection of Freddie M. Scott ("Ms. Scott") [Docket No. 5099] in connection with Claim No. 3751 (the "Scott Claim"); and the responses to the Thirtieth Omnibus Objection of Ron R. Bejarano ("Mr. Bejarano") [Docket No. 5167], in connection with Claim No. 604 (the "Bejarano Claim"), and Paul and Marge Pfunder (the "Pfunder Family," and together with the Walker Family, Ms. Scott, and Mr. Bejarano, the "Respondents" and their responses, the "Responses") [Docket No. 5259], in connection with Claim No. 1430 (the "Pfunder Claim," and together with the Walker Claim, the Scott Claim, and the Bejarano Claim, the "Claims"); and upon the hearing held by this Court on October 9, 2013 with respect to the Objections and the Responses, in which the Court determined that the Responses raised contested matters within the meaning of Bankruptcy Rule 9014; it is hereby

**ORDERED:**

1. An evidentiary hearing will be held with respect to each of the Claims on December 18, 2013, at 10:00 a.m. (prevailing eastern time).

2. Each Respondent[2] must appear at the evidentiary hearing on his or her Claim in person, and not by telephone. The failure of a Respondent to appear at the relevant evidentiary hearing in person will result in the disallowance and expungement of the Respondent's Claim.

3. **No later than October 25, 2013**, the Debtors and SilvermanAcampora LLP, as special counsel to the official committee of unsecured creditors for borrower issues, must each file with the Court and serve on the Respondents a memorandum of law on the issue of whether there is a cause of action for a wrongful denial of a loan modification application. In addition, by

---

[2] For the avoidance of doubt, only one member each of the Walker Family and the Pfunder Family need comply with the requirements in paragraphs 2 and 4 of this Order.

2

the same date, the Debtors must file and serve a supplemental declaration detailing the facts of the Respondents' Claims as they relate to the law on denial of a loan modification application, annexing any documents in the Debtors' possession, custody or control relating to any loan modification request made by the Respondents. Any documents that are not annexed to the supplemental declaration will not be considered by the Court at the evidentiary hearing.

4. No later than **November 8, 2013**, each Respondent must file with the Court and provide a copy to counsel for the Debtors and SilvermanAcampora LLP:

- any documents that the Respondent wishes to use in support of his or her Claim; any documents that are not provided by this deadline will not be considered by the Court at the evidentiary hearing; and

- a statement of the Respondent's position with respect to his or her Claim, including both (i) the legal and evidentiary reasons why the Respondent believes that he or she is entitled to an allowed Claim in the Debtors' bankruptcy proceedings, and (ii) an itemized statement of the damages asserted in the Respondent's Claim.

5. In the event that a Respondent has questions about the procedures contained herein, the Respondent is directed to contact SilvermanAcampora LLP with those questions.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:  October 18, 2013
        New York, New York

                                                            _____/s/Martin Glenn_____
                                                              MARTIN GLENN
                                           United States Bankruptcy Judge