WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore
Harrison L. Denman

      and

MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Gerard Uzzi

*Attorneys for the Ad Hoc Group
of Junior Secured Noteholders*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**DESIGNATION OF RECORD BY APPELLANT THE AD HOC GROUP
OF JUNIOR SECURED NOTEHOLDERS PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 8006**

      Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, the Ad Hoc Group of Junior Secured Noteholders, by and through its undersigned counsel, hereby designates the issues and record presented on appeal to the United States District Court for the Southern District of New York from the Order Granting Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among FGIC, the Debtors, the Trustees and the Institutional Investors (the "FGIC Order") [Docket No. 5125] and the Memorandum Opinion and

Order, and Finding of Fact and Conclusions of Law, Approving the FGIC Settlement Motion [Docket No. 5042], in the above-referenced chapter 11 cases of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by the Honorable Martin Glenn on September 20, 2013:

## Statement of Issues Presented on Appeal

A.   Did the Bankruptcy Court err in approving the settlement, which did not account for the potential subordination of the FGIC Claims pursuant to section 510(b) of the Bankruptcy Code?

B.   Did the Bankruptcy Court err in allowing FGIC Claims against specific Debtors without any evidence that such Debtors owed any liability to FGIC?

C.   Did the Bankruptcy Court err in approving the settlement of FGIC Claims without sufficient evidence of arm's-length negotiation between the settling parties and after precluding discovery with respect to any such negotiations?

D.   Did the Bankruptcy Court err in making a factual finding that the Ad Hoc Group of Junior Secured Noteholders "declined to participate" in the mediation in the absence of record evidence to support that finding?

## Designation of Items to Be Included in the Record on Appeal

1. Debtors' Motion Pursuant to Fed. R. of Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors [Docket No. 3929]

2. Objection of The Ad Hoc Group of Junior Secure Noteholders to the Debtors' Motion Pursuant To Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among The Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors [Docket No. 4027]

3. Supplemental Objection of The Ad Hoc Group of Junior Secured Noteholders to the Debtors' FGIC Settlement Motion [Docket No. 4401]

4. Debtors' Omnibus Reply in Further Support of Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors [Docket No. 4474]

5. Financial Guaranty Insurance Company's Reply in Support Of Debtors' Motion Pursuant To Fed. R. Bankr. P. 9019 for Approval of Settlement Agreement Among The Debtors, FGIC, the FGIC Trustees and Certain Individual Investors [Docket No. 4707]

6. Financial Guaranty Insurance Company's Reply in Support of Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors [Docket. No. 4476]

7. Order Granting Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among FGIC, The Debtors, the Trustees and the Institutional Investors [Docket No. 5042]

8. Consolidated Designations of Lewis Kruger's Deposition Testimony [Docket No. 4803]

9. Consolidated Designations of the Deposition Testimony of Jeffrey Lipps and Ron D'Vari [Docket No. 4802]

10. Direct Testimony of Lewis Kruger [Docket No. 4431]

11. Direct Testimony of Jeffrey A. Lipps [Docket No. 4433]

12. Amended Direct Testimony of Jeffrey A. Lipps [Docket No. 4689]

13. Direct Testimony of Ron D'Vari [Docket No. 4432]

14. Objecting Parties' Exhibits filed in connection with the Hearing on the FGIC Settlement Motion held on August 16 & 19, 2013 [Exhibit Nos. AJ, FX, FY, FZ, GB, GC, HZ]

15. Settlement Parties' Exhibits filed in connection with the Hearing on the FGIC Settlement Motion held on August 16 & 19, 2013 [Exhibit Nos. 8-19, 114-118, 226]

16. Transcript of Hearing Held on May 29, 2013

17. Transcript of Hearing Held on June 26, 2013

18. Transcript of Hearing Held on August 16, 2013

19. Transcript of Hearing Held on August 19, 2013

20. Letter from Charles L. Kerr to Judge Glenn Re: In re Residential Capital, LLC, 12-12020 (MG) Proposed Order (September 19, 2013)

Dated: October 18, 2013
    New York, New York

Respectfully submitted,

By: */s/ J. Christopher Shore*
J. Christopher Shore

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore
Harrison L. Denman

and

MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Gerard Uzzi

*Attorneys for the Ad Hoc Group of Junior Secured Noteholders*