UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

Residential Capital, LLC *et al.,*                                  Chapter 11
               Debtors                                 Case No. 12-12020 (MG)
                                              Administratively Consolidated

---

<u>**AMENDED
MOTION TO CONSOLIDATE DEBTORS' OBJECTION TO
NORA PROOFS OF CLAIM #1 IN THE COURT REGISTRY AND #440 IN
THE PRIVATE CLAIMS REGISTRY OPERATED BY KURTZMAN CARSON, LLC
(KCC, LLC) IN THE INTERESTS OF JUSTICE AND JUDICIAL ECONOMY**</u>
<u>(NOTICE: THIS MOTION IS NOT TO BE DETERMINED BY
JUDGE MARTIN GLENN WHO HAS DISPLAYED EXTREME BIAS AND PREJUDICE
AGAINST THE MOVANT BY THREATENING HER WITH BODILY SEIZURE AND
REMOVAL FROM THE COURT PROCEEDINGS ON OCTOBER 9, 2013 WITHOUT
PROBABLE CAUSE, REVOKED HER PRO HAC VICE ADMISSION WITHOUT NOTICE
AND OPPORTUNITY TO BE HEARD, FILED A SUBSEQUENT SUA SPONTE ORDER TO
SHOW CAUSE *POST FACTO* PURPORTING TO ACCORD THE OPPORTUNITY FOR
HEARING ON THE PRO HAC VICE ADMISSION AFTER THE REVOCATION THEREOF
WITHOUT CAUSE OR HEARING, ON FALSE AND FICTITIOUS GROUNDS AND UPON
A PATTERN OF CONDUCT IN THESE PROCEEDINGS WHICH HAS ESCALATED TO
THE POINT OF COMPLETE EXPOSURE OF JUDGE GLENN'S ACTUAL BIAS AGAINST
THE RIGHTS OF HOMEOWNERS TO BE HEARD IN THESE PROCEEDINGS, WHICH
RIGHTS ARE DESCRIBED BY JUDGE GLENN AS "*RIGHTS, IF ANY*"</u>[1]
**(ALL RIGHTS RESERVED)**

---

Wendy Alison Nora moves the Court, at such time as a qualified and unbiased judge is appointed to preside in this matter, for the consolidation of her Proofs of Claim #1 filed with the Court (registered as Claim #2 in the parallel private claims registry maintained by KCC, LLC)

---

[1] See Order to Show Cause Why Pro Hac Vice Admission of Wendy Alison Nora Should Not Be Revoked (Doc. 5330) dated October 10, 2013 at page 5, ¶1 which provides that the "rights, if any," of homeowner clients, who she represented prior to the October 9, 2013 sua sponte revocation of the pro hac vice admission, should be addressed in her Response to the post facto rule nisi proceedings initiated sua sponte by Judge Glenn after he displayed extreme prejudice against this Claimant and her clients.

and #440 filed in the Debtors' private claims registry with KCC, LLC with the adversary proceeding entitled Nora v. Residential Funding Company, LLC, et al. (Adv. No. 13-1208) which is now set for further proceedings in this matter[2] pursuant to FRCP 42(a) and shows the Court:

1. Debtors' Objection to Proofs of Claims #1 and #440 (the Nora Proofs of Claim) cannot be fairly heard and determined by Judge Martin Glenn, who is disqualified for the reasons set forth in the Nora Motion to Disqualify Judge Glenn (Doc. 5347) and hearing on Nora's pending Motions this Motion to Consolidate the contested proceedings on her Proofs of Claim and her adversary proceeding must be conducted by a qualified judge of this Court and not by Judge Glenn.

2. Most of the issues of law to be briefed in response to anticipated Motions to Dismiss the adversary proceeding in Nora v. Residential Funding Company, LLC, et al. (Adv. No. 13-1208) are identical to the issues of law to which this Claimant is required to respond in opposition to the Debtors' Objection to the Nora Proofs of Claims. Any issues of fact and law

---

[2] The proceedings at the Rule 16(b) Scheduling Conference held on October 9, 2013 are questionable as to the qualifications of Judge Glenn to then and there preside. This Claimant and adversary plaintiff was proceeding before Judge Glenn under duress for legitimate fear of further unjust proceedings, unconstitutional and extrajurisdictional proceedings because she had been threatened with bodily seizure and removal from the courtroom in each of three (3) matters on the morning and early afternoon of October 9, 2013. The Debtors, who were not operating under duress and the adversary proceedings Defendants, none of whom were threatened with unconstitutional seizure of their bodies contrary to the Fourth Amendment of the United States Constitution knowingly, voluntarily and intelligently proceeded at the status conference and are deemed bound to the validity of the proceedings to which they did not object nor did they inquire as to the knowing, voluntary and intelligent participation therein by this Claimant. Simply for purposes of judicial economy, this Claimant agrees to be bound by Judge' Glenn's scheduling orders entered at the status conference, subject to any party's right to relief therefrom for good cause, but does not waive the requirement that Judge Glenn be disqualified from further proceedings in the adversary matter as well as any further proceedings in the lead case, In re RESCAP, LLC, Case No. 12-12020, for actual, extreme bias and prejudice against homeowner claims in these proceedings.

which apply only to Debtors' Objection to the Nora Proofs of Claim will be set forth in the Response to be filed concurrently herewith to preserve the record on consolidation before a qualified judge of this Court.

4. Defendants in the adversary proceedings Residential Funding Company, LLC (RFC, LLC), GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, Residential Capital, LLC (hereinafter RESCAP, LLC, Homecomings Financial, Inc., and Residential Asset Securities Corporation are Debtors in these proceedings and all are wholly owned subsidiaries of Ally Financial, Inc. (AFI) which, by and through their employees and agents and co-conspirators in the defined GMAC Racketeering Enterprise in the Nora adversary proceedings, created and uttered forged documents using wire and mail in violation of 18 USC sec. 343 and 341 respectively, in order to deceive Nora and the Wisconsin state and Western District of Wisconsin Bankruptcy Court as to the standing of RFC, LLC to seek the remedy of foreclosure (RFC, LLC v. Nora, Dane County Wisconsin Circuit Court Case No. 09-CV-1096) or lift the automatic stay in Nora's Chapter 13 proceedings (WIWB Case No. 09-16622 and to prevent her from bringing counterclaims against the RFC, LLC and other parties by concealment of the RICO Enterprise.

5. The issues of fact in the Nora Proofs of Claims are complex and expensive to litigate, particularly in proceedings which, based upon the Supplemental Servicing Order (Doc. 774) in these proceedings, hundreds of miles from the situs of the real estate which gave rise to the subject of this action. Nora should not be required to proceed in two (2) separate contested proceedings in this remote venue to prove the same facts: to wit, one, the facts in support of the Proofs of Claims #1 and #440 and the other requiring proofs of fact in the adversary proceeding (Nora v. RFC, LLC, Adv. No. 13-1208) under Rule 1 of the Federal Rules of Civil Procedure

(FRCP 1), applicable to these proceedings, and which provides:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding. (Emphasis added.)

6. The burdens of proof are only slightly different in the two contested proceedings, to the extent that the Debtors bear the burden of proof by a preponderance of the evidence that the Claims are not valid as a matter of fact, Nora bears the burden of proof as to the validity of the Claims if the Debtors' meet their burden that the claim is not prima facie valid by a preponderance of evidence as to the Fair Debt Collection Practices Act (FDCPA) claim set forth in Claim #1 and by clear and convincing evidence as to the Racketeer Influenced and Corrupt Organizations Act (RICO) claim set forth in Claim #1 and Nora bears the burden of proof by clear and convincing evidence as to the RICO and common law fraud claim in the adversary proceeding.

7. The Scheduling Order entered on October 9, 2013 permits amendment of the adversary complaint as well as the joinder of additional parties directly and by intervention on or before January 15,[3] 2013, stays Nora's discovery rights until after the Court's determination on the anticipated Motions to Dismiss which are due to be filed 45 days after the filing of the Second Amended Complaint. Nora's discovery rights under Bankruptcy Rule 9014 are stayed as to the adversary proceeding which is pleaded upon essentially identical facts, enhanced only by

---

[3] January 15, 2013 was the date set for the filing of the Second Amended Complaint, to the best of Nora's recollection. She was somewhat shaken by the duress under which she was proceeding, knows that the date for Plaintiff's amended pleadings and joinder of additional Plaintiffs was set for "after the holidays" and apologizes if the January 15, 2013 date is not accurate upon recourse to the transcript of the proceedings to be ordered.

4

newly discovered evidence since the original first amended pleading of Nora v. Residential Funding Company, LLC, et al. (Case No. 10-cv-748) in the United States District Court for the Western District of Wisconsin, which she was prevented from amending by the automatic stay in these proceedings effective May 12, 2012, while the motions to dismiss were then pending. Judge William M. Conley of the United States District Court for the Western District of Wisconsin held, in purportedly "denying" Nora's Motion for Reconsideration, that whether or not the Wisconsin federal district court's order of dismissal on the basis of the *Rooker-Feldman* doctrine was void or voidable as to the Debtors who are Defendants therein is a matter for determination by this Court. Nora has appealed from Judge Conley's *Rooker-Feldman* dismissal and "denial" of her Motion for Reconsideration to the United States Circuit Court of Appeals for the Seventh Circuit in Appeal No. 13-1660, which appeal is pending. Nora submits that Judge Conley was required to decide whether his *Rooker-Feldman* dismissal of the Nora action is void or voidable due to the automatic stay in these proceedings and that he and the Seventh Circuit Court of Appeals have concurrent jurisdiction to decide that issue of law. Primarily, Nora argues that newly discovered evidence, an admission by silence on appeal by counsel for RFC, LLC that the mortgage assignment and allonge to the mortgage note were, as Nora finally had sufficient evidence to assert (not available at the time of the state court foreclosure proceedings) are **forgeries**.

    8. Wisconsin law holds that no rights are created by forged documents and foreclosure judgments entered thereon are void. State Bank of Drummond v. Christophersen, 93 Wis. 2d 148, 286 N.W.2d 547 (1980) Wisconsin law also holds that void judgments may be attacked, directly or collaterally, at any time. Halbach v. Halbach, 259 Wis. 329, 331, 48 N.W.2d 617

(1951)   In Neylan v. Vorwald, 124 Wis.2d 85, at 97,  368 N.W.2d 648 (1985), the Wisconsin Supreme Court stated:

> This court stated in West v. West, 82 Wis. 2d 158, 165-66, 262 N.W.2d 87 (1978), that the former sec. 269.46 (1) "presupposes the entry of a valid judgment . . . It has nothing whatsoever to do with the vacation of a void judgment." A void judgment may be expunged by a court at any time. In Kohler Co. v. ILHR, 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977), written after the adoption of present sec. 806.07, we said: "When a court or other judicial body acts in excess of its jurisdiction, its orders or judgments are void and may be challenged at any time. A judgment or order which is void may be expunged by a court at any time. Such right to expunge a void order or judgment is not limited by statutory requirements for reopening, appealing from, or modifying orders or judgments. [Cases cited.] State ex rel. Wall v. Sovinski, 234 Wis. 336, 342, 291 N.W. 344 (1940). See also, Home Bank v. Becker, 48 Wis. 2d 1, 7, 179 N.W.2d 855 (1970).

The Wisconsin Supreme Court went on to quote Moore's Federal Practice , in *Neylan v. Vorwald*, supra, page 99-100:

> Similarly, in 7 J. Moore, Moore's Federal Practice, para. 60.25(2) (2d Ed. 1983) it states:
>
> "A void judgment is something very different than a valid judgment. The void judgment creates no binding obligation upon the parties, or their privies; it is legally ineffective. . . The judgment may also be set aside under 60(b)(4) within a 'reasonable time,' which, as here applied, means generally no time limit, or the enforcement of the judgment may be enjoined. The judgment may also be collaterally attacked at any time in any proceeding, state or federal, in which the effect of the judgment comes in issue, which means that if the judgment is void it should be treated as legally ineffective in the subsequent proceeding. Even the party which obtained the void judgment may collaterally attack it. And the substance of these principles are equally applicable to a void state judgment.
>
> "A party attacking a judgment as void need show no meritorious claim or defense or other equities on his behalf; he is entitled to have the judgment treated for what it is, a legal nullity, but he must establish that the judgment is void." (Footnotes omitted.)[14]
>
> We have stated previously that where a Wisconsin Rule of Civil Procedure is based on a Federal Rule of Civil Procedure, decisions of the federal courts, to the extent they show a pattern of construction, are considered persuasive authority. In re Estate of Kersten, 71 Wis. 2d 100 [100] 757, 763, 239 N.W.2d 86 (1976), see also, In re Adams Machinery Inc., 20 Wis. 2d 607, 621, 123 N.W.2d 558 (1963),[15] and Carlson Heating, Inc. v. Onchuck, 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675-76 (Ct. App. 1981) (citing Clausen and Lowe, The New Rules of Civil Procedure: Chapters 801 to 803, 59 Marq. L.

Rev. 1 (1976)).

9. To prove her causes of action in the adversary proceedings, Nora must demonstrate that the underlying state court foreclosure judgment, founded upon a forged mortgage note and a forged allonge (as well as a forged second endorsement displayed on the face of the note purportedly made by Judy Faber, "Vice President of Residential Funding Corporation" in favor of "JP Morgan Chase Bank, N.A. as Trustee" on newly discovered evidence of Faber's false claim of authority as "Vice President of Residential Funding Corporation," discovered since the commencement of the Wisconsin federal district court action.)  The issue of forgeries are issues of fact.

10. Wisconsin law defines the crimes of forgery and uttering forgeries at Wis. Stats. sec. 943.38, which provides in relevant part:

> 943.38  Forgery.
> (1) <u>Whoever with intent to defraud falsely makes or alters a writing</u> or object of any of the following kinds <u>so that it purports to have been made</u> by another, or <u>at another time</u>, or with different provisions, <u>or by authority of one who did not give such authority, is guilty of a Class H felony</u>:
> (a) <u>A writing or object whereby legal rights or obligations are created, terminated or transferred, or any writing commonly relied upon in business or commercial transactions as evidence of debt or property rights;</u>[4] or
> (b) <u>A public record or a certified or authenticated copy thereof;</u>[5] or

---

[4] As to the note (endorsed by Judy Faber under the false claim of authority that she was a Vice President of Residential Funding Corporation at any time, which she was not) and the assignment of mortgage prepared by Defendant Attorney Jay J. Pitner of Defendant GRAY & ASSOCIATES, LLP and executed as partially described at footnote 5, below, the allonge signed by Amy Nelson as "Assistant Vice President of Bank of New York Trust Company, N.A., successor in interest to JP Morgan Chase Bank, N.A. as Trustee Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney-in-Fact" when none of the identities under which she claimed authority to sign were true. She was actually employed by the Defendant Lender Processing Services, Inc. in its Minnesota document fabrication location.

[5] As to the publicly recorded assignment of mortgage executed by Defendant Jeffrey Stephan, an employee of GMAC Mortgage, LLC, under the false claim of authority that he ever was an officer of

(c) An official authentication or certification of a copy of a public record; or
(d) An official return or certificate entitled to be received as evidence of its contents.
(2) Whoever utters as genuine or possesses with intent to utter as false or as genuine any forged writing or object mentioned in sub. (1), knowing it to have been thus falsely made or altered, is guilty of a Class H felony. (Emphasis added.)

10.    Forgery is an issue of fact which must be proved in evidentiary proceedings and cannot be disposed of as a matter of law.

11.    Debtors seek once again to prevent Nora from obtaining procedural and substantive due process on the yet-to-be adjudicated facts that forged documents have been uttered in order to confiscate her home by attempting to raise legal doctrines which do not apply to the facts of her Proofs of Claim and adversary proceedings.    In Long v. Shorebank Development Corp., 182 F.3d 548 (7th Cir., 1999), decided before the narrowing of what had become an ever-broadening scope of the *Rooker-Feldman* doctrine by lower federal courts, now limited by the United States Supreme Court in Exxon Mobil v. Saudi Basic Industries, 544 U.S. 280 (2005), the Seventh Circuit Court of Appeals[6] held, at pages 558 and 560:

---

Mortgage Electronic Registration Systems, Inc. (MERS) and was never its Vice President and also executed by Defendant Kenneth Urgwuadu as MERS Assistant Secretary, when he was Stephan's trainer in the field of document processing (creation/fabrication.)

[6]    Nora v. RFC, LLC, et al. case is now pending on review of the *Rooker-Feldman* dismissal by Judge  Conley in the Western District of Wisconsin in Appeal No. 13-1660.  The Nora appeal to the Seventh Circuit Court of Appeals in Nora v. RFC, LLC, et al. also implicitly seeks review of the Judge Conley's authority to interpret the application of the automatic stay to the proceedings in the Western District of Wisconsin which prevented Nora from taking any action to amend or clarify her pleadings on newly discovered evidence and to make the allegations more clear, particularly as to the cause of her injury, which was not the state court foreclosure judgment, but the fact that the documents upon which the state court relied were forgeries and, therefore, could not create any rights in favor of RFC, not discovered until immediately before the filing of the RESCAP bankruptcy and about which further discoveries continued to be made.  The RICO conviction of Lender Processing Services, Inc. (LPS) executive and CEO of its subsidiary,  DOCX, Lorraine Brown (a remarkable conspiracy of one) at the end of 2012 and the LPS settlement with 46 state attorneys general in which it promises to correct forged documents if "required by law" and other circumstances  further exposes the true nature and scope of the RICO Enterprise involving approximately one million (1,000,0000) forged and perjured documents

[558]
. . . an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings. Absent such an opportunity, it is impossible to conclude that the issue was inextricably intertwined with the state court judgment . . .

[560]
Long did not have a reasonable opportunity to raise her claims in state court, and, therefore, those claims are not inextricably intertwined with the Circuit Court's judgment. Accordingly, we conclude that the Rooker-Feldman doctrine is not applicable.

12. Nora, like Long, did not have a reasonable opportunity to raise her claims in state court because she was precluded by Badger Cab v. Soule from joining the Defendant attorneys and law firms in the foreclosure case for abuse of legal process and Fair Debt Collection Practices Act (FDCPA) violations. She did not have a reasonable opportunity to raise the RICO claims and common law fraud claims because she did not know that the documents were *forged*, under a false claim of authority by persons without authority to execute for the entities identified on the documents. The issues of fact of the creation of the forgeries and their uttering preclude disposition of the Nora Proofs of Claim as a matter of law at this stage of the proceedings.

13. Debtors argue that the Proofs of Claims are precluded by res judicata and collateral estoppel. The law of the Seventh Circuit Court of Appeals holds that those doctrines are affirmative defenses and are not grounds for dismissal for failure to state a claim under FRCP 12(b)(6). Furthermore, those doctrines do not apply to cases in which the plaintiff was denied a full and fair opportunity to litigate the real issues in the case, which were concealed from her: that the note and mortgage assignment were forgeries. The endorsement of Judy Faber, not a Vice President of RFC, and the allonge of Amy Nelson, an employee of LPS and not an

---

throughout the nation. Amy Nelson, it was ultimately discovered, was not an employee of RFC, LLC, but was an employee of LPS.

9

Assistant Vice President of any entity for which she purported to execute the allonge, were forgeries and that the mortgage assignment was forged because Jeffrey Stephan and Kenneth Urgwuadu were not officers of MERS were also forgeries. Licari v. City of Chicago, 298 F.3d 664, 667 (2002) It is clear that there was no possibility of litigating the issue of forgery in the state court proceedings because the fact that the documents were forged was concealed. The documents were produced as authentic and relied upon by the court in granting judgment. That relief from the forged document scheme has not yet been forthcoming in state court is proof that the minimal standards of due process are not being applied.

14. Under Wisconsin law set forth in A.B.C.G. Enterprises V. First Bank Southeast, 184 Wis.2d 465, 515 N.W.2d 904 (1994), joinder of counterclaims which would defeat the foreclosure claim is mandatory under Wisconsin law, but the concealment of the fact that the documents upon which RFC, LLC was proceeding were not merely *fraudulent* for having been created for purposes of litigation (as Nora believed) but were *actually forged* (as admitted by silence on appeal and now additionally provable by extensive newly discovered evidence), deprived Nora of her right to plead the RICO and common law fraud claims against RFC, LLC and to join the parties concealed within the MERS data base in furtherance of the securitization scheme in which she did not even know her note and mortgage had been taken as collateral at the closing on June 5, 2002. Due process requires the opportunity to be heard and neither res judicata nor collateral estoppel can arise without a full and fair opportunity to litigate the issues sought to be precluded as alleged in the adversary complaint and described in the complaint attached to Proof of Claim #1. *Licari*, supra, page 667.

15. In Windsor v. McVeigh, 93 U.S. 274, 277-278 (1876), the United States Supreme

Court recognized the defect in proceedings had upon notice and in which the party notified is not permitted to be heard:

> But notice is only for the purpose of affording the party an opportunity of being heard upon the claim or the charges made; it is a summons to him to appear and speak, if he has any thing to say, why the judgment sought should not be rendered. A denial to a party of the benefit of a notice would be in effect to deny that he is entitled to notice at all, and *the sham and deceptive proceeding had better be omitted altogether. It would be like saying to a party appear and you shall be heard, and, when he has appeared, saying your appearance shall not be recognized and you shall not be heard.* (Emphasis added.)

The United States Supreme Court went on to say in *Windsor v. McVeigh*, supra, at page 283, after reciting the holdings in several cases:

> The judgments mentioned, given in the cases supposed, would not be merely erroneous; they would be absolutely void, because the court in rendering them would transcend the limits of its authority in those cases.

16. By uttering forgeries into the state court proceedings, RFC, LLC obtained no greater rights than those which it could obtain based upon possession of forged documents under Wisconsin law, which is nothing. The underlying judgment is void under Wisconsin law and is entitled to no credit in the courts of any jurisdiction. It is subject to attack, both directly and collaterally. Furthermore, the proceedings had on forged documents were a sham as a result of due process denied to Nora. The facts that the documents were forgeries could never be established without the discovery of extrinsic evidence of the forgeries which were discovered months after judgment was entered and only because Jeffrey Stephan's deposition in a Maine action became publicly available as the foundation of the robo-signing scandal.[7]

---

[7] Nora sought to depose Defendant Manish Verma and Defendant Amy Nelson on certain documents produced after the commencement of the state court action and her Notice of Depositions were stayed because the state trial judge was too busy to hear RFC's Motion to Quash. Nora subsequently became temporarily totally disabled as the result of a car accident injury combined with a mistake made in prescribing a medication which is contraindicated for persons suffering from head

17. The facts which Nora is entitled to prove in support of her Proof of Claims and her adversary proceedings are substantially similar and unreasonably expensive to prove twice. As stated above, the burdens of proof are compatible in both contested cases and it is Nora who bears the higher burden on consolidation, because she has the burden of proof by clear and convincing evidence of the issues of RICO and fraud, whereas her Proof of Claim #1 would first have to be proved to be invalid by a preponderance of evidence because the burden of persuasion would shift to her.

18. Consolidation of the two (2) contested proceedings arising on the same facts is warranted.

19. The complex issues of law involved in the Nora Proofs of Claims and the adversary proceedings should not have to be briefed twice and warrants consolidation.

20. Any order disposing of the Nora Proofs of Claim without providing procedural and substantive due process under the Fifth Amendment to the Constitution of the United States to which she is entitled to in *just one proceeding* in which she can present her evidence that the documents upon which the state court foreclosure judgment was based are forgeries and are therefore void and a nullity because no rights can arise on forged documents under Wisconsin

---

injuries and began to have seizures. During the time that the she was stricken with seizures, she was deemed to have "defaulted" on a written response to summary judgment (filed within 5 days of the date upon it could conceivably first been due and was only not timely because she was suffering from seizures.) The order granting summary judgment was entered against her and her time to appeal expired while she was still seeking accommodations under the American's with Disabilities Act (ADA) under the state court's Local Rule to accommodate her ongoing disability. She did not receive ADA accommodations until she filed an ADA discrimination civil rights suit in the United States District Court for the Western District of Wisconsin. She began to receive ADA accommodations 10 months after summary judgment was granted on the basis of documents which can now be proved to have been forged and uttered into the proceedings and which she did not know until news of the robo-signing scandal involving GMAC Mortgage, LLC and Jeffrey Stephan was revealed in the press almost 6 months after the void default judgment was entered.

law, would also be void.

21. Claimant/Plaintiff reserves her rights to brief the issues raised by the Debtors in their Objection to her Proofs of Claims and the anticipated numerous motions to dismiss in the adversary proceedings now subject to a scheduling order because the issues are complex. The identification of the issues of law are set forth herein to demonstrate that her motion to consolidate the proceedings is warranted and should be granted under FRCP 42(a) which provides:

> 42(a) Consolidation. <u>If actions before the court involve a common question of law or fact, the court may</u>:
> (1) <u>join for hearing or trial any or all matters at issue in the actions</u>;
> (2) <u>consolidate the actions</u>; or
> (3) issue any other orders to avoid unnecessary cost or delay. (Emphasis added.)

22. The undersigned cannot conceive of a basis for not consolidating actions or joining them for hearing and trial and, unless the Debtors can show prejudice to its interests which are greater than the prejudice to the Claimant/Plaintiff and the public requiring separate proceedings at duplicative expense, it would be an abuse of discretion not to do so.

WHEREFORE, the undersigned moves for the consolidation of the contested proceedings on her Proofs of Claims initiated by the Debtors and the adversary proceeding as to the Debtors now pending before this Court because they are virtually identical as to the interests of the Plaintiff/Claimant and the Debtors/Defendants, AFI as parent of the Debtors, and the associated agents, employees and the co-conspiring individuals and entities.

Dated at Madison, Wisconsin this 19th day of October, 2013.

*/s/ Wendy Alison Nora*
Wendy Alison Nora
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone (612) 333-4144
Facsimile (608) 497-1026
accesslegalservices@gmail.com

**UNSWORN DECLARATION OF SERVICE**

Wendy Alison Nora declares, under penalty of perjury, that she filed the above-captioned document with the United States Bankruptcy Court for the Southern District of New York on October 19, 2013 by CM/ECF and thereby served the same on all parties capable of service thereby.

*/s/ Wendy Alison Nora*
Wendy Alison Nora