Timothy T. Brock, Esq.
Abigail Snow, Esq.
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, New York 10169
 (212) 818-9200

*Local Counsel to:*

Barry S. Glaser, Esq.
*(Pro hac vice admission pending)*
STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
(213) 229-2868

*Attorneys for Los Angeles County Treasurer
and Tax Collector*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No.: 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*. | Chapter 11 |
| Debtors. | Jointly Administered |

**LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR'S
LIMITED OBJECTION TO CONFIRMATION OF JOINT CHAPTER 11 PLAN**

The Los Angeles County Treasurer and Tax Collector (the "County"), a creditor and party-in-interest in the above-captioned bankruptcy cases, by and through its undersigned counsel, hereby files its limited objection (the "Objection") to the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and Official Committee of Unsecured Creditors* [Docket No. 4819] (the "Plan"), and in support thereof states as follows:

1791045_2

**PRELIMINARY STATEMENT**

The County has filed a number of claims against the Debtors, of which seven, totaling $111,513.62, remain active (the "Tax Claims"). The Tax Claims include both current year and past due taxes, including past due taxes entitled to secured status by virtue of statutory and recorded liens. The Plan impermissibly classifies all secured tax claims as "Priority Tax Claims" thus authorizing the Debtors to pay these taxes over the course of five years pursuant to section 1129(a)(9)(c) of the Bankruptcy Code. While the Bankruptcy Code allows for secured tax claims which would be entitled to priority status if it were not for their secured status to receive the same treatment as priority tax claims, there is no authority for the Debtors to so classify and treat all secured tax claims. Secured tax claims which are not otherwise entitled to priority status must be classified as "Other Secured Claims" against the relevant Debtor and paid in full on the Effective Date, with statutory interest pursuant to section 511 of the Bankruptcy Code.

**PROCEDURAL BACKGROUND**

1. On May 14, 2012, (the "Petition Date") the Debtors filed their voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York.

2. On August 23, 2013, the Debtors filed the solicitation version of the Plan [Docket No. 4819-2] and its related Disclosure Statement [Docket No. 4819-1]. This Court approved the Disclosure Statement and solicitation procedures by order dated August 23, 2013 [Docket No. 4809] (the "Disclosure Order").

3. Pursuant to the Disclosure Order, the date of the Confirmation Hearing is November 19, 2013 and the deadline for objections to confirmation is October 21, 2013, at 4:00 p.m. Eastern Time.

## THE COUNTY'S TAX CLAIMS

4. The County holds the following claims against the Debtors:

| Claim No.[1] | Claim Amount | Debtor | Comment |
|---|---|---|---|
| 120 | $20,618.06 | Homecomings Financial, LLC | Unsecured Roll - Past due taxes for FY's ending 6/30/1999 through 6/30/2011 |
| 164 | $591.62 | GMAC Model Home Finance I, LLC[2] | Unsecured Roll - Past due taxes for FY ending 6/30/2011 |
| 165 | $5,556.61 | Executive Trustee Services, LLC | Unsecured Roll - Past due taxes for FY's ending 6/30/1997 through 6/30/2013 |
| 6832 | $5,777.89 | GMAC Mortgage, LLC | Unsecured Roll - Past due taxes for FY ending 6/30/2009 |
| 6833 | $8,094.04 | GMAC Mortgage, LLC | Unsecured Roll - Past due taxes for FY ending 6/30/2013 |
| 6834 | $67,778.53 | Residential Funding Company, LLC | Unsecured Roll - Past due taxes for FY's ending 6/30/1996 through 6/30/2013 |
| 6876 | $3,096.87 | GMAC Mortgage, LLC | Secured Roll - Taxes for FYs ending 6/30/2012 and 6/30/2013. |

5. Claim 6876 is entitled to priority over all other liens on the Debtors' property on which the Secured Roll Tax Claim is assessed pursuant to California Revenue and Tax Code § 2192.1 which provides, "[e]very tax declared in this chapter to be a lien on real property, and every public improvement assessment declared by law to be a lien on real property, have priority over all other liens on the property, regardless of the time of their creation." Cal. Rev. & T. Code § 2192.

6. There are two tax bills included in Claim 6876. With respect to the $2,204.58 in taxes for the Fiscal Year ending June 30, 2013, half of the taxes are due and payable

---

[1] Certain claims filed by the County are still listed as active on the claims register maintained by Kurzman Carson Consultants but have been paid; the County is in the process of withdrawing these claims. Additionally, an objection is pending as to one claim (115) which is superseded and amended by Claim 6834. Claims which have been amended and superseded, previously expunged or withdrawn, or paid and in the process of being withdrawn, are not included in this chart.

[2] The Debtors seek to have this claim redesignated as a liability of Executive Trustee Services, LLC. The County does not object to such redesignation.

on November 1, 2013 and become delinquent and subject to a penalty of 10% if not paid by the close of business on December 10, 2013. Cal. R. & Tax Code §§ 2605, 2617. The second half of the secured roll taxes are due on February 1, 2014 and become delinquent and subject to a 10% penalty if not paid by the close of business on April 10, 2014. Cal. R. & Tax Code §§ 2606, 2618. The balance of $777.85 is for 2012 taxes, defaulted in 2013, and is now due and payable.

7. Claims 120, 164, 165, 6832, 6833 and 6834 (the "Unsecured Roll Tax Claim") are granted a statutory lien which attaches "annually as of 12:01 a.m. on the first day of the January preceding the fiscal year for which the taxes are levied." Cal. Rev. & T. Code § 2192. These taxes become delinquent if not paid by the close of business on August 31 of the year in which the statutory lien attaches (or such other date as set forth on the tax bill), at which time the tax is subject to a 10% delinquent penalty, and to interest at the rate of 1.5% per month, accruing on the first of each month following the last day of the second month after the 10% penalty attaches. Cal. R. & Tax Code § 2922. The Unsecured Roll Tax Claims, as filed, reflect the accrual of interest through June 30, 2012, where applicable; interest has accrued since then and will continue to accrue at 1.5% per month until paid.

8. An analysis of the tax bills which are attached to the Tax Claims shows that only $22,147.67 of those claims for unsecured property taxes, secured by a lien, would otherwise be entitled to priority status under Section 507(a)(8) of the Bankruptcy Code because they were incurred before the Petition Date and were last payable without penalty after one year before the Petition Date. (See chart on following page.)

9. The analysis shows that tax bills totaling $53,430.39 are secured by valid liens but are not otherwise entitled to priority status as the last date on which they could have been paid without penalty was more than one year before the Petition Date. Accordingly, these

-4-

claims are entitled to treatment as secured claims. (An additional $35,935.76 of the Unsecured Roll Tax Claims are no longer secured as the liens for these taxes have expired.)

| Claim No. | Total Claim | Secured by Lien: Entitled to Priority | Secured by Lien: Not Entitled to Priority | Lien Expired (No longer secured) |
|---|---|---|---|---|
| 120 | $20,618.06 | - | $10,560.03 | $10,057.23 |
| 164 | $591.62 | - | $591.62 | - |
| 165 | $5,556.61 | $1,767.59 | $3,073.93 | $715.09 |
| 6832 | $5,777.89 | - | $5,777.89 | - |
| 6833 | $8,094.04 | $8,094.04 | - | - |
| 6834 | $67,778.53 | $9,188.17 | $33,426.92 | $25,163.44 |
| 6876 | $3,096.87 | $3,096.87 | - | - |
| Total | $111,513.63 | $22,147.67 | $53,430.39 | $35,935.76 |

10.   As more fully explained below, the Debtors may not classify as Priority Tax Claims under the Plan that portion of the County's Tax Claims consisting of tax bills which are secured by statutory liens but which are not otherwise entitled to priority status. Instead, that portion of the Tax Claims must be classified as Other Secured Claims against the appropriate Debtor, and the treatment of Other Secured Claims in the Plan should be amended to include language that interest on Other Secured Claims will be paid at a rate determined in accordance with section 511 of the Bankruptcy Code.

## THE PROPOSED PLAN TREATMENT

11.   The Plan defines "Priority Tax Claim" as "any Claim of a Governmental Unit of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code, and any secured tax claim arising under section 506(a) or 506(b) of the Bankruptcy Code." Plan at Article I.A.213.

12.   The Plan defines "Secured Claim" as "any Claim that is (a) secured by a Lien on collateral, which Lien is valid, perfected and enforceable pursuant to applicable law or

-5-

1791045_2

by reason of a Court order, to the extent of the value of such collateral, as determined in accordance with section 506(a) of the Bankruptcy Code, or (B) subject to a valid right of setoff under section 553 of the Bankruptcy Code." Plan at Article I.A.265.

14. The Plan proposes to pay Allowed Priority Tax Claims ""on, or as soon as practicable after, the latest of: (1) the Effective Date; (2) the date such Allowed Priority Tax Claim becomes Allowed; or (3) in regular payments over a period of time not to exceed five (5) years after the Petition Date with interest at a rate determined in accordance with section 511 of the Bankruptcy Code." Plan at Article II.C. The Plan also provides that valid tax liens for "outstanding and unpaid real property taxes" shall remain unimpaired until the Allowed Priority Tax Claim is paid in full. Id. (emphasis added).

14. The Debtors have created three categories of Debtors for purposes of classification of claim: the ResCap Debtors, the GMACM Debtors and the RFC Debtors. The treatment of Other Secured Claims is the same for each of the Debtor categories:

> In full and final satisfaction of the Other Secured Claims in Class [R/GS/RS]-2, on or as soon as practicable after the Effective Date, each holder of an Allowed Other Secured Claim in Class [R/GS/RS]-2 shall receive one of the following treatments on account of such Claim as determined by the Plan Proponents prior to the Effective Date, or the Liquidating Trust, following the Effective Date: (a) payment in full in Cash, including any interest, at the non-default rate (or such other rate as may be ordered by the Court), required to be paid pursuant to section 506(b) of the Bankruptcy Code, or (b) the collateral securing its Allowed Other Secured Claim.

Plan at Article III.D.1.(b), D.2.(b), D.3.(b).

**OBJECTION**

15. Section 1129(a)(9)(C) of the Bankruptcy Code permits a Debtor to pay property tax claims entitled to priority under section 507(a)(8) in installments "over a period ending not later than 5 years after the date of the order for relief." Section 1129(a)(9)(D)

provides that the same treatment may be given "with respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507(a)(8), but for the secured status of that claim."

16. Only property taxes "incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition" are entitled to priority status. 11 U.S.C. (a)(8)(B). Based on the Petition Date of May 14, 2012 therefore, only property taxes incurred on or before May 14, 2012 and last payable without penalty after May 14, 2011, would be entitled to priority status. As set forth above, the Tax Claims of the County include tax bills totaling $89,366.15 for taxes which were incurred before the Petition Date, were last payable without penalty prior to May 14, 2011, and are therefore *not* entitled to priority status. Of that amount, $53,430.39 remains secured by unexpired liens and is entitled to secured status.

17. The Debtors, however, have included all secured tax claims within the definition of Priority Tax Claims, whether or not they are otherwise entitled to priority status, thus affording the Debtors the opportunity to pay all secured tax claims out over a five year period.

18. That the Debtors intend to include secured tax claims not otherwise entitled to priority status within the Priority Tax Claims is demonstrated in that the Plan does not provide for treatment of interest pursuant to section 511 of the Bankruptcy Code in the sections setting forth the treatment of Other Secured Claims. See, Plan at III.D.1.(b), 2.(b), 3.(b)

19. Accordingly, the County respectfully requests that Article I.A. of the Plan (the Definitions section) be modified to clarify that the "secured tax claims" referred to in the definition of Priority Tax Claims include only those property taxes which would otherwise be entitled to priority status under 507(a)(8) and that property taxes secured by a lien which are not

-7-

entitled to priority status remain secured to the extent of the validity of the liens related to such taxes.

20. The County further requests that the treatment of Other Secured Claims set forth in Article D.1, 2 and 3, be modified to include language that Other Secured Claims which are tax claims shall be entitled to interest at a rate determined in accordance with section 511 of the Bankruptcy Code.

21. The County expressly reserves its rights to supplement and/or amend this Objection, and to introduce evidence at any hearing relating to this Objection. The County also expressly reserves its right to incorporate any objections filed by other parties with respect to confirmation of the Plan.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, the County respectfully requests that this Court sustain its Limited Objection to confirmation of the Debtor's Plan and provide such further relief as this Court deems just and proper.

Dated: October 21, 2013
      New York, New York

                    Respectfully submitted,

                    SATTERLEE STEPHENS BURKE & BURKE LLP

                    By:    /s/ Abigail Snow
                            Timothy T. Brock, Esq.
                            Abigail Snow, Esq.
                    230 Park Avenue, Suite 1130
                    New York, New York 10169
                    Tel: (212) 818-9200
                    Fax: (212) 818-9606
                    Email: tbrock@ssbb.com
                               asnow@ssbb.com

1791045_2

*Local Counsel to:*

Barry S. Glaser, Esq.
*(Pro hac vice admission pending)*
STECKBAUER WEINHART, LLP
333 S. Hope Street, 36th Floor
Los Angeles, California 90071
Tel: (213) 229-2868
Fax: (213) 229-2870
Email: bglaser@swesq.com

*Attorneys for Los Angeles County Treasurer
and Tax Collector*