Amish R. Doshi, Esq.  **Hearing Date: November 19, 2013 at 10:00 AM**
**Magnozzi & Kye, LLP**  **Objection Date: October 21, 2013**
23 Green Street, Suite 302
Huntington, New York 11743
Tel: (631) 923-2858
E-Mail: adoshi@magnozzikye.com

**Attorneys for Oracle America, Inc.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC., *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**ORACLE'S LIMITED OBJECTION AND RIGHTS RESERVATION REGARDING JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL., AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Oracle America, Inc., successor in interest to Oracle USA, Inc., Oracle Corporation, Peoplesoft USA, Inc., Sun Microsystems, Inc., Hyperion Solutions Corporation and Instantservice.com, Inc., ("Oracle"), a creditor and contract counter-party in the above-captioned jointly administered Chapter 11 cases, submits this Limited Objection and Rights Reservation (the "Limited Objection") to Residential Capital, LLC, et al.'s ("Debtors") Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al., And The Official Committee Of Unsecured Creditors (the "Plan").  In support of its Limited Objection, Oracle submits as follows:

**I.    INTRODUCTION**

1.    On May 14, 2012, the Debtors filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    Prior to the Petition Date, Oracle and one or more of the Debtors entered into numerous executory contracts, for various software license agreements, which govern the use of Oracle's licensed software, and various maintenance/support/training agreements, with all such

executory contracts identifiable by specific names, dates and/or other identifying information (collectively, the "Pre-Petition Oracle Contracts").

3. Additionally, Oracle is informed by the Debtors that there may be at least one executory contract that was entered post-petition (the "Post-Petition Oracle Contracts", and together with the Pre-Petition Oracle Contracts, the "Oracle Contracts") between Oracle and one or more of the Debtors. Given the broad scope of the contractual relationship between the Debtors and Oracle, Oracle is trying to determine the Post-Petition Oracle Contracts at issue. As of the date of the filing of this Limited Objection, Oracle has not yet determined the specific contract(s) at issue and will attempt to work with the Debtors to determine same.

4. Pursuant to the terms of the Oracle Contracts, among other things, Oracle granted the Debtors a non-exclusive license to use certain Oracle Software and/or proprietary information owned by Oracle.

5. Those contracts provide that upon their termination, the Debtors must immediately cease use of the Oracle software and/or services provided pursuant to the Oracle Contracts, destroy or return to Oracle such software and certify as to their compliance with the foregoing requirements.

6. By Order dated August 23, 2013, the Bankruptcy Court approved a Disclosure Statement in connection with the Plan.

7. With respect to executory contracts and unexpired leases, the Plan provides, in relevant part, that all executory contracts and unexpired leases shall be deemed rejected, unless such executory contract or unexpired lease (a) is expressly identified in the Assumption Schedule[1] (yet to be filed), (b) was previously assumed pursuant to prior Court Order, (c) is

---

[1] Capitalized terms used, but not otherwise, defined herein shall have the same meanings ascribed to them in the Plan.

subject to a pending motion to assume, or (d) is otherwise assumed pursuant to the terms of the Plan. See, Plan at 76.

8. Further, the Plan provides, in relevant part, that any executory contract entered into by the Debtors after the Petition Date shall vest in the Liquidating Trust. See, Plan at 78. In essence, the Plan provides that any post-petition executory contracts entered into by the Debtors are sought for assumption and assignment to the Liquidating Trust.

9. With respect to the Pre-Petition Oracle Contracts, to date, none of them have been assumed by the Debtors pursuant to a prior Court Order, nor is there a pending motion for their assumption. Thus, because the Assumption Schedule is not yet filed, Oracle is unsure whether any or all of its Pre-Petition Oracle Contracts will be sought for assumption. To the extent that any Pre-Petition Oracle Contracts are identified on the Assumption Schedule, Oracle specifically reserves all of its rights to be heard with respect to the attempted assumption and/or assignment[2].

10. To the extent that one or more of the Pre-Petition Oracle Contracts are not identified on the Assumption Schedule, and, therefore, sought to be rejected, Oracle files this Limited Objection, not with respect to the actual rejection, but, rather with respect to the Debtors' obligations prior to or at the time of their rejection.

11. Oracle also files this Limited Objection to the extent that the Debtors seek to assume and assign the Post-Petition Oracle Contracts to the Liquidating Trust without Oracle's consent. At this time, Oracle does not consent to the assumption/assignment of its Post-Petition Contracts to the Liquidating Trust because it does not have information necessary or sufficient regarding the specificity of the contract(s) at issue. Accordingly, until more information is

---

[2] Oracle is aware that the Plan provides for fourteen (14) days after the filing of the Assumption Schedule to file objections to the attempted assumption and assignment to the Liquidating Trust of the contracts identified on the Assumption Schedule. Accordingly, Oracle reserves its rights to be heard and/or to supplement this Limited Objection in the event that any of the Oracle Contracts are identified therein.

obtained regarding the targeted Post-Petition Oracle Contracts sought for assumption, Oracle cannot consent to their assumption/assignment.

## II.    **LIMITED OBJECTION**

### A.    The Debtors should cease use of, and remove, all Oracle software and/or services prior to the Rejection of Any Oracle Contracts.

12.    For avoidance of doubt, Oracle does not object to the rejection of any of the Oracle Contracts.  However, Oracle requests that any Order approving the Plan clearly provide that, at or prior to their rejection**,** the Debtors (a) cease the use of any and all Oracle software and/or services provided pursuant to the Oracle Contracts; (b) scrub and erase, any and all copies of Oracle software subject to the respective Oracle Contracts, from any computers, servers, hardware, assets or any other electronic data processing equipment owned or possessed by the Debtors; and (c) if requested by Oracle, provide a certificate of compliance with (a) and (b) herein.

13.    Such cease of use and removal/scrubbing are not only required pursuant to the terms of the respective Oracle Contracts, but are also demanded by equities of the circumstances. The Debtors should not be permitted to reject any Oracle Contracts, while continuing to reap the benefits of those contracts by the use of the Oracle software and/or its services.  See, In re: Enron Corp., 349 B.R. 96, 106, *quoting* In re: Crippin, 877 F.2d 594, 597 (7th Cir. 1989)) (stating "rejecting a contract allows a debtor to escape a contract's burden; but, at the same time, the debtor must also give up any future benefit he might receive from the contract").

14.    As such, Oracle requests that any Order approving the Plan provide for the relief sought herein.

### B.    Assumption/Assignment of Post-Petition Oracle Contracts should be denied.

15.    Section 365(c)(1) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign an executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

16. Federal law makes non-exclusive patent licenses non-assignable absent consent of the licensor. In re Catapult Entertainment, Inc., 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999). See, In re Patient Educ. Media 210 B.R. 237, 243 *(Bankr. S.D.N.Y 1997)*; See, In re Adelphia Communications Corp, et al., *359 B.R. 65 (Bankr. S.D.N.Y. 2007).*

17. Oracle's license agreements involve the licensing of non-exclusive, patented software. At this time, Oracle does not consent to any proposed assignment or transfer of the Post-Petition Oracle Contracts to the Liquidating Trust.

18. As set forth above, at this time, Oracle does not have sufficient information regarding the specificity of the Post-Petition Oracle Contract(s) sought for assumption and, accordingly, does not consent to their assumption. Because Oracle does not consent, the Post-Petition Oracle Contracts cannot be assumed and/or assigned to the Liquidating Trust pursuant to §365 and applicable law.

### III.    CONCLUSION

19. In conclusion, to the extent that any Oracle Contracts are sought to be rejected, the Debtors should be required to (a) cease the use of any and all Oracle software and/or services provided pursuant to the Oracle Contracts; (b) scrub and erase, any and all copies of Oracle software subject to the respective Oracle Contracts, from any computers, servers, hardware, assets or any other electronic data processing equipment owned or possessed by the Debtors; and (c) if requested by Oracle, provide a certificate of compliance with (a) and (b) herein.

20. Further, the Debtors are prohibited from assuming and assigning the Post-Petition Oracle Contracts in the absence of obtaining Oracle's consent pursuant to section 365(c) and applicable case law. These Contracts involve the licensing of patented and/or copyrighted materials, and Oracle does not consent to their assumption and assignment at this time.

21. For all the reasons set forth above, Oracle respectfully requests the relief herein and such other and further relief that this Court deems proper and/or just.

Dated: October 21, 2013  
       Huntington, New York

**Respectfully Submitted,**

By:     /s/ Amish R. Doshi  
      Amish R. Doshi, Esq.  
*Of Counsel*  
**Magnozzi & Kye, LLP**  
23 Green Street, Suite 302  
Huntington, New York 11743  
Tel: (631) 923-2858  
E-Mail: adoshi@magnozzikye.com

Deborah Miller (CSB #95527)  
Michael Czulada (BBO #676858)  
**Oracle America, Inc.**  
500 Oracle Parkway  
Redwood City, California 94065  
Telephone: (650) 506-5200

**Attorneys for Oracle America, Inc.**