David W. Dykhouse
Brian P. Guiney
**PATTERSON BELKNAP WEBB & TYLER** LLP
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222

Attorneys for Ambac Assurance Corporation and the Seg-
regated Account of Ambac Assurance Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
|  |  :  |  |
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, *et al.* | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**STATEMENT AND RESERVATION OF RIGHTS
OF AMBAC ASSURANCE CORPORATION AND THE
SEGREGATED ACCOUNT OF AMBAC ASSURANCE CORPORATION
WITH RESPECT TO THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL
CAPITAL, LLC, ET AL. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Ambac Assurance Corporation ("Ambac Assurance") and the Segregated Account

of Ambac Assurance Corporation ("Segregated Account" and, collectively with Ambac Assur-

ance, "Ambac") respectfully submit this statement and reservation of rights ("Statement") with

respect to the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Offi-

cial Committee of Unsecured Creditors*, dated August 23, 2013, Dkt. No. 4819 ("Plan").

<u>**BACKGROUND**</u>

1.     Ambac Assurance is a financial guaranty insurance company, a "mono-

line," organized under the laws of the State of Wisconsin with its principal place of business at

One State Street Plaza, New York, New York.

6446455v.3

2.      The Segregated Account is a segregated account that was established on March 24, 2010 pursuant to Wis. Stat. § 611.24, with the approval of the Office of the Commissioner of Insurance of the State of Wisconsin ("Commissioner").  Upon the Verified Petition of the Commissioner, the Circuit Court for Dane County, Wisconsin placed the Segregated Account into statutory rehabilitation under Wis. Stat. §§ 645.31 and 645.32 on March 24, 2010.  Pursuant to Wis. Stat. § 611.24(3)(e), the Segregated Account is a separate Wisconsin insurer with the legal capacity and authority to sue in its own name and right.

3.      In order to enhance the marketability of securities issued in connection with certain of their securitization transactions (commonly and hereinafter referred to as "RMBS Transactions"), the Debtors regularly obtained financial guarantee insurance policies from Ambac Assurance, which policies guaranteed principal and interest payments to certain classes of securities issued in connection with these RMBS Transactions.  In connection with the issuance of such policies, certain Debtors entered into Insurance and Indemnity Agreements with Ambac Assurance providing Ambac Assurance with certain rights and remedies, and Ambac Assurance was also expressly named as a third-party beneficiary of, and has a variety of rights and remedies against the Debtors under, certain of the other principal transaction documents that comprise an RMBS Transaction (collectively the "Transaction Documents").

4.      On May 14, 2012, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Au-*

*thorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief*, Dkt. No. 61.  On July 26, 2012, the Debtors filed a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto*, Dkt. No. 924, which was amended and restated on September 18, 2012, Dkt. No 1484 (as amended and restated, "Notice").  Pursuant to the Notice, the Debtors sought to assume and assign substantially all of the Transaction Documents.

5.       On October 12, 2012, Ambac timely filed an objection to the Notice, Dkt. No. 1810 ("Objection").  On November 21, 2012, the Court entered an Order, Dkt. No. 2246 ("Sale Order") approving the Sale of the Debtors' servicing platform and other assets to Ocwen Loan Servicing, LLC ("Ocwen").  The Sale Order expressly excepted Ambac from its scope, and the hearing to consider the Objection was adjourned to a later date.  See Sale Order ¶ 61.

6.       On March 4, 2013, in anticipation of an evidentiary hearing to determine the Objection and pursuant to an Order of this Court, Ambac and the Debtors submitted the *Joint Stipulation of Facts Regarding the Sale Objection of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation*, Dkt. No. 3094.  Also on that date, the Debtors filed a reply to the Objection, Dkt. No. 3098, which was joined by the Committee, Dkt. No. 3099.  On March 11, 2013, Ambac filed a sur-reply in further support of the Objection, Dkt. No. 3136.  Throughout this process, the parties remained engaged in good-faith negotiations in an effort to achieve a consensual resolution of the Objection.  The hearing on the Objection was adjourned from time to time with the consent of Ambac and the Debtors while these negotiations continued.

7.      On October 9, 2013, after nearly a year of difficult and complex negotia-
tions – with assistance from and ultimately the support of the Committee – the Debtors, Ambac
and, for certain limited purposes, Ocwen reached a comprehensive agreement that resolves the
Objection and, subject to confirmation of the Plan, fixes the allowed amounts of Ambac's claims
against the Debtors.  Their agreement was memorialized in a proposed *Stipulation and Order: (I)
Resolving the Objection of Ambac Assurance Corporation and the Segregated Account of Ambac
Assurance Corporation to the Debtors' Proposed Assumption and Assignment of Certain Execu-
tory Contracts, (II) Approving Sale, Assumption and Assignment of Certain Servicing Rights to
Ocwen Loan Servicing, LLC, and (III) Granting Related Relief*, dated October 9, 2013, Dkt.  No.
5321 ("Stipulation"). No party objected to the Stipulation and it was approved by this Court on
October 18, 2013, Dkt. No. 5389.

### RESERVATION OF RIGHTS

8.      Ambac supports confirmation of the Plan.  The Plan resolves many of the
most significant claims against the Debtors, including those of monoline insurers, on a largely
consensual basis.  It is far preferable to years of costly and uncertain litigation.

9.      The Plan does not – indeed, it could not – resolve *all* claims related to the
Debtors' RMBS Transactions.  In this respect, the Plan contains the so-called "Monoline Reser-
vation," which provides that, "[e]ach Insured RMBS Trust shall retain the ability to enforce its
rights, in the Bankruptcy Court or otherwise, against any Monoline (other than FGIC) that does
not, in the future, perform in accordance with an insurance policy for the benefit of that RMBS
Trust."  Plan, Art. IV.C.4.  The Monoline Reservation thus confirms that an Insured RMBS Trust
may seek to enforce any rights it has against any non-performing monoline insurer in a court
which might be the Bankruptcy Court.

- 4 -

10.     But the language of the Monoline Reservation, which preserves the ability

of an Insured RMBS Trust to "enforce its rights, *in the Bankruptcy Court or otherwise*," might

be misconstrued subsequent to confirmation.  This provision should not be read to, because it

cannot, *create* jurisdiction of the Bankruptcy Court to hear a dispute between an Insured RMBS

Trust and a monoline where such jurisdiction would not otherwise exist.  The jurisdiction of the

Bankruptcy Court is well-delineated in this Circuit.  As this Court has already explained in this

case:

> Section 1334(b) provides that a district court has jurisdiction over cases under title
> 11, proceedings arising under title 11, proceedings arising in a case under title 11,
> and proceedings related to a case under title 11. 28 U.S.C. § 1334(b).  Section
> 157(a) permits the district court to refer all such cases to the bankruptcy court. 28
> U.S.C. § 157(a).  [. . .] In the Second Circuit, before confirmation of a chapter 11
> plan, 'related to' bankruptcy jurisdiction exists in any civil action where the out-
> come 'might have any conceivable effect on [a bankruptcy] estate.'    Post-
> confirmation, cases in this Circuit and elsewhere apply a more stringent 'close
> nexus' test for 'related to' jurisdiction[.]

*Bayerische Landesbank v. Deutsche Bank AG (In re Residential Capital, LLC)*, 488 B.R. 565,

572-73 (Bankr. S.D.N.Y. 2013)(citations omitted).

11.     It is not necessary for the Court to determine now whether a hypothetical

action by an Insured RMBS Trust against a monoline insurer would have any "conceivable ef-

fect" on the Debtors' estates or a "close nexus" to the Plan after confirmation.  Instead, lest its

silence be deemed consent to the jurisdiction of this Court in a proceeding over which it would

otherwise not have jurisdiction, Ambac submits this Reservation of Rights to preserve its ability

to raise these concerns and address these issues at the appropriate time and in the appropriate fo-

rum.[1]

---

[1]  Jurisdictional concerns are particularly acute for Ambac because, as noted above, the Segregated Account is the
subject of a rehabilitation proceeding in the State of Wisconsin.

12.     In addition to the foregoing, Ambac reserves all rights with respect to the Plan, including the right to respond to any objections to the Plan as they pertain to Ambac's claims or the Stipulation.  Ambac also reserves the right to supplement this Statement and to appear and be heard at the confirmation hearing.

Dated:   New York, New York
             October 21, 2013

Respectfully submitted,

**PATTERSON BELKNAP WEBB & TYLER** LLP
Attorneys for Ambac Assurance Corporation and
the Segregated Account of Ambac Assurance
Corporation

By:      s/David W. Dykhouse
                   David W. Dykhouse
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone:  (212) 336-2000
Fax:  (212) 336-2222