| | |
|---|---|
| Richard D. Rode | Hearing Date: November 19, 2013 |
| 2301 West Lawther Dr. | Hearing Time: 10:00 a.m. EST |
| Deer Park, Texas 77536 | Response Deadline: October 21, 2013 |
| Telephone: 832-431-1255 | 4:00 p.m. EDT |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

Residential Capital, L.L.C., *et al.*,
        Debtors

Chapter 11
Case No. 12-12020 (MG)
Administratively Consolidated

---

**JOINDER IN
OBJECTION OF WENDY ALISON NORA TO CONFIRMATION OF DEBTORS'
CHAPTER 11 PLAN
AND DECLARATION OF RICHARD D. RODE
(ALL RIGHTS RESERVED)**

---

     RICHARD D. RODE, holder of KCC, L.L.C., Claim #'s 5610, 5612, and 5617, joins in the Objection of Wendy Alison Nora to the confirmation of the Debtors' Chapter 11 Plan.

     I have personally and individually been denied the opportunity to be heard in these proceedings on January 29, 2013, when I attempted to call in to the proceedings using the Court Call services. I was cut off from the call, called back in, was by told by Judge Glenn that I was interrupting the proceedings and then my Motion was denied. I received the Order denying my Motion that same day, by e-mail, from Debtors' counsel, Erica Richards.

     Homeowners are not being heard as a classification of claims, but are relegated to individualized self-representation to the extent that any of us receive notice and few of us can determine how we might proceed, and then, it appears, that the process is designed to prevent us from being heard.

     I did not receive the Exhibits to the Debtors' Chapter 11 Plan until October 18, 2013 and only then was I able to locate any evidence of the claimed ownership of the collateral taken at the

real estate closing by which my note and mortgage were obtained under false pretenses. I thought I was receiving a mortgage loan. My note and mortgage were actually taken as collateral for a securities offering and sold for profit without my knowledge or consent. My "loan" has more than one "loan number" and even though when paying my mortgage payments, And several Qualified Written request. For detailed response and accounting to payments "suspense, and then removed. I am not receiving credit for the payments and refunds dating back to 2009. owed to me. To ignore and repeatedly threatened with foreclosure, by more than one servicers of the "loan accounts." When I attempted to be heard by this Court as to the need for relief from the automatic stay so that I could proactively move forward to expose the securitization fraud and defend my home for which I am making payments, my motion was denied without me being heard.

Only if the homeowners are allowed to organize as a group would we be able to expose the nature, extent and purpose of the securities fraud and accompanying foreclosure fraud necessary to conceal it. Ms. Nora has been following the filings and developments in these proceedings from the point of view of the homeowners. I have sought to retain Ms. Nora to defend my interests and to assist her in defending the rights of all affected homeowners in these proceedings, but she advised me that her pro hac vice admission was revoked and she cannot now represent me, but that I may join in her filings pro se if I am in agreement with her, now pro se, filings.

I am not familiar enough with the requirements of bankruptcy reorganization plans to assess the validity of all the points Ms. Nora raises in her objection to confirmation of the Debtors' Chapter 11 Plan, but I do know that I have been denied the opportunity to present my case to the Court, despite my best efforts and that I have been blocked from defending my property against the frauds in the securitization and mortgage servicing process by the automatic stay which the Debtors used as a sword and a shield. My family home, which I built with my own hands, is at risk of foreclosure. I have been trying to find out where my payments are going because my payments have

not been credited to the account now serviced by Ocwen. And I have yet to get a answer from Ocwen after sending certified letter in March, 2013. Texas and Federal law is very strict on the 60 day response and solution after receiving notice. It was not until October 18, 2013 that the Debtors disclosed what should have been disclosed in their bankruptcy schedules—the identity of the party for which they were taking payments.  I have been denied due process in these proceedings because I have not been allowed to be heard and because the Debtors have failed to disclose the assets they claimed to own or service.  Debtors have now been allowed to sell the "servicing rights" to Ocwen under an order of this Court, which was entered *without* identifying the collateral sold and *without* disclosing the true ownership of the collateral. Only after receiving Exhibits 2-21 on October 18, 2013, have I identified securities 2003-RALI-QS12 and my loan code # 8596015 referenced as a "Pass Thru Security,"  Reference SEC commission file 333-140610 <u>cutoff date  June 1, 2003</u>. And yet the security was held "on shelf" per CEO James Young, filed on February 29, 2008, and "distributed" on March 25, 2013. The collateral (my note and mortgage) cannot possibly fund a security created in 2003 if it was held "on shelf" for 5 years.  Whatever is passing through this bankruptcy

      WHEREFORE, I join in Ms. Nora's Objection to the Confirmation of the Debtors' Chapter 11 Plan because the Debtors have profited from using my home as collateral without my knowledge or consent.

Dated at Deer Park, Texas, this 21st day of October, 2013.

*/S/ Richard D Rode*

Richard D. Rode
2301 West Lawther
Deer Park, Texas  77536
Telephone:  (832) 432-1255
richrode@att.net

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY OF
## RICHARD D. RODE, IN HIS OWN NAME AND RIGHT

Richard D. Rode declares under penalty of perjury, pursuant to 28 USC Sec. 1746, that the facts set forth in the foregoing motion are true and correct, to the best of his knowledge, information, and belief.

/s/ *Richard D Rode*

_____

Richard D. Rode