Victoria D. Garry
OH Reg 0037014
Assistant Ohio Attorney General
Ohio Attorney General Michael DeWine
1600 Carew Tower, 441 Vine Street
Cincinnati, OH 45202
victoria.garry@ohioattorneygeneral.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

**OBJECTION OF THE STATES OF ARIZONA, CALIFORNIA, DELAWARE, FLORIDA, HAWAII, IDAHO, INDIANA, IOWA, KENTUCKY, MAINE, MARYLAND, MASSACHUSETTS MICHIGAN, MINNESOTA, MISSOURI, NEBRASKA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, NORTH DAKOTA, OHIO, PENNSYLVANIA, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, TEXAS, VIRGINIA, WASHINGTON, WISCONSIN, WYOMING  AND THE DISTRICT OF COLUMBIA TO JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The States of Arizona, California, Delaware, Florida, Hawaii, Idaho, Indiana, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, ,New Mexico, New York, North Carolina, North Dakota, Ohio, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, Wisconsin, District of Columbia (collectively the "States"), coming now by the undersigned who is authorized to submit this Objection to Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and

1

the Official Committee of Unsecured Creditors (the "Objection") and hereby object to the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors (the "Joint Plan").

The basis for this Objection is that Article IX, Section G "Injunctions" (the "Plan Injunction") is excessively broad and over reaching in that it enjoins future actions by the Objecting States to enforce certain nonmonetary provisions that are contained within a certain Consent Judgment (copy appended hereto as Exhibit A, the "Consent Judgment") to which some or all of the Debtors consented. The Objecting States together with the United States of America, other States and Commonwealths[1] (the "Government Plaintiffs") commenced a civil action in the United States District Court for the District of Columbia on March 12, 2012 against Bank of America Corporation, Bank of America, N.A., Citibank, N.A., Citigroup, Inc., Citimortgage, Inc., Countrywide Bank, FSB, Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Mortgage Ventures, LLC, GMAC Mortgage, LLC, GMAC Residential Funding Co., LLC, J.P. Morgan Chase & Company, JPMorgan Chase Bank, N.A., Residential Capital, LLC, Wells Fargo & Company and Wells Fargo Bank, N.A. (the "Defendant Banks"), designated as Case No. 12-cv-00361 (the "District Court Action").

On March 12, 2012, the Governmental Plaintiffs commenced the District Court Action. (The Complaint is appended hereto as Exhibit B (The "Complaint"), however the five exhibits appended to the Complaint are not appended as they range from 291 pages to 328 pages. The

---

[1] United States of America and the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the Commonwealths of Kentucky, Massachusetts, Pennsylvania and Virginia, and the District of Columbia

Exhibits in the District Court Action are available on the web site in the District Court Action.) The relief prayed for in counts I, II, III and VI of the Complaint include prayers for injunctive relief to prevent unlawful conduct going forward. The conduct enjoined going forward includes conduct that would be excepted from the automatic stay imposed by 11 U.S.C. § 362(b)(4). The Exhibits appended to the Consent Judgment contain provisions, such as but not limited to, restrictions on late fees, third-party fees, attorney fees, force-placed insurance, third-party provider oversight and actions in chapter 13 bankruptcy cases. To the extent that the Plan Injunction would impede the Governmental Plaintiffs' ability to enforce the non-monetary portions of the Consent Judgment against the Debtors or any other third parties, the Plan Injunction is excessively broad and overreaching and should be modified so as not to impede the Governmental Plaintiffs from carrying out and enforcing the non-monetary portions of the Consent Judgment.

Article IX, Sections D and E, "Third Party Release" and "Ally Release" (the "Releases") are likewise overly broad in that enforcement actions by the Governmental Plaintiffs going forward would be released thereby rendering the Consent Judgment to be a nullity against those non-debtor parties. Furthermore, the Releases are also overly broad to the extent they purport to release injunctive obligations related to claims raised in similar cases, such as but not limited to, Commonwealth of Massachusetts v. Bank of America, N.A., et al. (Civ. A. No. 11-4363-BLS1), an enforcement action commenced by Massachusetts in December 2011, currently pending in the Superior Court of the Commonwealth of Massachusetts, Suffolk County, and which was specifically excepted from the release contained in the National Mortgage Settlement. Third Party Release and Ally Release provisions essentially release everything by specifying certain actions and matters to be released but then are expanded without limitation by including an open-ended,

universal, over-reaching release, "or otherwise." The Releases must be narrowed so as not to prohibit the Government Plaintiffs from enforcing the Consent Order going forward as the Governmental Plaintiffs deem to be necessary and consistent with the negotiated terns of the Consent Judgment. Those provisions were negotiated with Ally specifically with the knowledge and assumption that the Debtor might file bankruptcy and that Ally was to be a backstop for enforcement of those obligations. Therefore, the States also object to releasing Ally pursuant to Section IV(B). To allow Ally to escape precisely the liabilities that it agreed to take on because of the occurrence of exactly the contingency that all parties contemplated would make that agreement meaningless. The fact that Ally chooses now to take on other obligations to other parties gives it no license to escape its preexisting liabilities. The proposed Releases must be narrowed so as not to defeat the Consent Judgment and the release of Ally in Section IV(B) must be narrowed so that the Consent Judgment, as it applies to Ally, is not effectively made void through the Joint Plan.

The Consent Judgment sets forth a "Direct Payment Settlement Amount" of $1,579,813,925.00 (term from Exhibit B appended to the Consent Judgment) which is to be distributed based upon certain criteria established by a "Monitoring Committee" (term from Exhibit B appended to the Consent Judgment), an overall "Federal Payment Settlement Amount" (term from Exhibit B appended to the Consent Judgment) of $911,777,917.00 to be distributed to the United States plus State Payment Settlement Amounts (term from Exhibit B appended to the Consent Judgment) as well as other amounts. The Governmental Plaintiffs will necessarily have to amend their proofs of claims ("POC") in order to quantify the POC amounts to enable them to receive distributions from the Liquidating Trust. To require one of the approvals as set forth in the Joint Plan would impose an extra burden and risk to which the Objecting States should not be

subjected given that the Consent Judgment was entered into at or about the time that the District Court Action was filed, March 2012, and was entered by the Clerk of Court shortly thereafter on April 4, 2012 The Governmental Plaintiffs should be permitted to amend their claims once the amounts of their respective claims become more readily capable of calculation.  Some or all of the Governmental Plaintiffs filed proofs of claim as "unliquidated."  In order to afford the Governmental Plaintiffs sufficient time within which to reduce the claims to definite dollar amounts, the Governmental Plaintiffs that filed proofs of claim should be afforded a minimum of sixty (60) days from the Effective Date (defined in the Joint Plan) of the Joint Plan within which to file amended claims without having to obtain an approval as contemplated by Article VIII, Section C.  If a Governmental Plaintiff requires additional time, further extensions would have to be sought or filed on an individual basis.

Therefore, the States propose that the Joint Plan be modified to clarify that the Joint Plan shall have no effect upon the non-monetary provisions of the Consent Judgment as applied to the Debtor and that the Third Party Releases and Ally Releases be modified to enable the Governmental Plaintiffs to carry out and enforce the provisions of the Consent Judgment against Ally as well as against any other non-debtor third parties.

The States are further concerned that Article IX, Section H, purport to restrict the right of setoff, recoupment and subrogation beyond the limits specifically set out in Section 553.  Section H imposes an obligation to file a motion for recognition of such rights prior to the entry of the confirmation order, even if a party has asserted the right in a proof of claim or other document.  Such requirements are not imposed by Section 553 and the Plan should not be able to impose them by fiat.  The anti-setoff language should be stricken and all parties should be entitled to retain the

5

rights provided to them under Section 553.

The States object to the Joint Plan's proposed bar against persons, such as the States, from pursuing third party actions against non-debtor parties if the States do not vote on the plan. To require the States to vote in order to retain their rights against non-debtor parties is unjust and inequitable. If the States, or a particular state, are not permitted to vote on the Joint Plan for the reason that they are not owed money by the debtor, the States would be precluded from objecting to other provisions of the Plan that they find to be objectionable. The States have a great interest in non-monetary provisions of the Consent Judgment. The voting requirement unfairly discriminates against parties, such as the States, that wish to protect their interests but otherwise might not wish to vote for or against the Joint Plan. 11 U.S.C. § 1126 permits, but does not require, the holder of a claim to vote to accept or reject a plan. To require a party to vote against a proposed plan just to have standing to object to even a single plan provision, when that party might not have filed a claim against the debtor, terminates that party's fundamental right to protect its other non-monetary interests simply because it did not file a proof of claim. The prohibition would deprive an interested person from objection to a provision of the plan if the person, for whatever reason, was unable to file a proof of claim by the claim deadline. The condition is fundamentally unfair and must be stricken.

Finally, the States request that the time period for amendment of claims by Governmental Plaintiffs be extended for a minimum of sixty days after the Effective Date of a confirmed plan. Finally, the States object to the provision in in Article IV, Section Q, that purports to apply the exception in Section 1146(a) "sales" and "use" taxes, which plainly are not included in the Section 1146(a) exception. *In re 995 Fifth Avenue Assoc*. 963 F.2d 503, 511-12 (2d Cir. 1992)

Respectfully submitted,
MICHAEL DeWINE
Attorney General of Ohio

/s/ Victoria D. Garry
Victoria D. Garry (OH #
Senior Assistant Attorney General
Ohio Attorney General
1600 Carew Tower
441 Vine Street
Cincinnati, OH 45202
Tel. (513) 852-1536
Fax. (866) 496-0724
victoria.garry@ohioattorneygeneral.gov
Attorney for State of Ohio

/s/ Donn D. Rosenblum
Donn D. Rosenblum (OH #0016552)
Principal Assistant Attorney General
150 East Gay Street, 21st Floor
Columbus, OH 43215
Tel: 614-728-5754
Fax: (866) 591-5768
donn.rosenblum@ohioattorneygeneral.gov
Attorney for State of Ohio

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing Objection to the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors was served on October 21, 2013 upon the persons who have electronically entered a notice of appearance and are served through the Court's CM/ECF System, and by electronic mail to the persons listed below:

| | |
|---|---|
| Lewis Kruger | Lewis.Kruger@gmacrescap.com |
| Gary Lee | glee@mofo.com |
| Lorenzo Marinuzzi | lmarinuzzi@mofo.com |
| Todd Goren | Tgoren@mofo.com |
| Kenneth H. Eckstein | keckstein@kramerlevin.com |
| Douglas H. Mannal | dmannal@kramerlevin.com |
| Stephen D. Zide | szide@kramerlevin.com |
| Richard M. Cieri | richard.cieri@kirkland.com |
| Ray C. Schrock | ray.schrock@kirkland.com |
| William B. Solomon | William.solomon@ally.com |
| Timothy Devine | Timothy.Devine@ally.com |
| Brian Masumoto | Brian.Masumoto@usdoj.gov |
| Michael Driscoll | Michael.Driscoll@usdoj.gov |

                                                  */s/* Victoria D. Garry
                                                  Victoria D. Garry