THOMAS P. BEKO, ESQ. (SBN 01250)
ERICKSON, THORPE & SWAINSTON, LTD.
99 W. Arroyo Street
Post Office Box 3559
Reno, NV 89505
Ph: (775) 786-3930; Fax: (775) 786-4160
*Attorneys for Claimants Pamela D. Longoni,*
*Lacey Longoni and Jean M. Gagnon*

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

_____/

## OPPOSITION TO FIFTIETH OMNIBUS OBJECTION TO CLAIM

COME NOW, Claimants Pamela Longoni, individually and as Guardian Ad Litem for Lacey Longoni, and Jean M. Gagnon, by and through their attorneys Erickson, Thorpe & Swainston, Ltd., and Thomas P. Beko, Esq., and hereby submit the following Opposition to the Debtor's Fiftieth Omnibus Objection to Claims (No Liability Borrower Claim–Books and Records). For the reasons set forth herein, these claimants believe that their claims are valid and therefore the Objection to Claims should be denied to the extent that it pertains to their claims.

**I. Summary of Relevant Facts:**

As set forth in the Debtor's Fiftieth Omnibus Objection to Claims, the Claimants Pamela Longoni (individually and as Guardian Ad Litem) filed claims against the Debtors in this jointly administered bankruptcy proceeding. On or about June 21, 2013, counsel for the Debtors served the undersigned with a notice of claimed deficiency. On July 18, 2013, the undersigned submitted a lengthy response setting forth grounds upon which claims against GMAC Mortgage, LLC., Residential Funding Company, LLC., Residential Assets Mortgage Products, Inc., and Executive Trustee Services were valid. The claimants have not

Erickson, Thorpe & Swainston, Ltd.
P.O. Box 3559
Reno, Nevada 89505
Tel. (775) 786-3930 Fax (775) 786-4160

1  reprinted that response, nor attached all the supporting documents which were included with
2  that response, however, they would incorporate all the arguments contained therein by
3  reference.

4       The claims upon which the Objection was filed relate to the claims against the Debtors
5  Residential Asset Mortgage Products, Inc., and Residential Funding Company, LLC.
6  Apparently, the Debtors concluded that the Claimants' supporting arguments and
7  documentation were insufficient to support claims against these two entities, and therefore
8  the Debtors filed their Fiftieth Omnibus Objection to Claims. In that pleading, they describe
9  the generalized grounds for the objection to the Borrower's claims (under the category of
10 "Miscellaneous Claim") as "Debtor had no involvement in the loan modification or servicing
11 of Borrower's loan." *See, line items 47, 47, 49 and 50.* There was no further description
12 of why the claims were rejected.

13      As set forth in detail below, these claims are valid for two simple reasons. With
14 regard to the claims against Residential Funding Company, LLC., that entity directed the loan
15 modification activities of GMAC Mortgage, LLC, and later the activities of Executive
16 Trustee Services which later foreclosed upon the claimants' home. As such, they are equally
17 responsible for the tortious conduct of those entities. With regard to the claims against
18 Residential Asset Mortgage Products, Inc., that entity was the holder of the note and security
19 interest on the plaintiffs' loan, and under controlling Nevada law was obligated to participate
20 in a mandatory foreclosure mediation program before foreclosing upon that interest. It failed
21 to do so and that failure then made the subsequent foreclosure unlawful under Nevada law.

22 **II. <u>Legal Argument</u>:**

23      As set forth in great detail in the Claimants' July 18, 2013, supporting arguments, the
24 plaintiffs' claims arise from an unlawful foreclosure upon the plaintiffs' home which
25 occurred in the year 2009. The plaintiffs had owned and lived in this home for 14 years.
26 Following financial setbacks, the lender began foreclosure proceedings. The plaintiffs later
27 sought, and were approved for, a loan modification. Thereafter, the plaintiffs remained
28 current in that modified loan.

1    After notifying the plaintiffs that their request for a loan modification was approved,

2  GMAC Mortgage decided that the loan modification was only temporary and that a final

3  approval was still pending.  Despite repeated written assurances from GMAC that the loan

4  modification had been approved and was permanent, and that GMAC was not going to

5  proceed forward with any foreclosure, GMAC directed its companion company, Executive

6  Trustee Services to complete foreclosure proceedings.  The plaintiffs claim they were never

7  notified of this foreclosure until after the home was sold at a foreclosure sale.

8    After learning of the foreclosure, the plaintiffs immediately contacted GMAC which

9  acknowledged the error.  GMAC then engaged in negotiations with the new purchaser in an

10  attempt to recover the plaintiffs' home, however, they were unable to reach an agreement

11  with the new buyer and litigation followed thereafter.

12    During the course of the litigation, GMAC was initially unable to identify who

13  actually held the promissory note upon the plaintiffs' home at the time of the foreclosure.

14  Early on, GMAC Mortgage identified the holder of the note as Residential Funding

15  Corporation which later became Residential Funding Company, LLC.  Thereafter, the

16  Complaint was amended to add that entity as a named defendant.  Later, counsel for

17  Residential Funding Company advised the Court that the actual owner/holder of the

18  promissory note was an entity known as  Residential Asset Mortgage Products, Inc.  *See,*

19  *Minutes of Proceedings, July 29, 2011, (Court Docket 80), item 4 "Properly named*

20  *defendant," attached hereto as Exhibit 1.*  During that hearing, the Court ordered Residential

21  Funding's Counsel to provide the undersigned counsel with details of that ownership interest.

22  *Id.*  Subsequently, counsel for Residential Funding Company, LLC informed the undersigned

23  that Residential Asset Mortgage Products was in fact the proper defendant.  *See, email*

24  *communication dated August 5, 2011, attached Exhibit 2.*  Thereafter, the plaintiffs filed their

25  Third Amended Complaint.

26    **III. The Claims against Residential Funding Company, LLC., are entirely valid**

27  **as that company fully admitted that it directed the activities of GMAC Mortgage:**

28    As noted above, the Debtors concluded that the claims against Residential Funding

-3-

1   Company, LLC were not valid because the entity "had no involvement in the loan

2   modification of servicing of the Borrower's loan." *See, Exhibit A, to Debtor's Fiftieth*

3   *Omnibus Objection to Claims, items 47 & 49.* However, even a cursory review of

4   Residential Funding Company, LLC.'s response to the plaintiff's interrogatories proves

5   otherwise. *See, attached Exhibit 3.* In response to Interrogatory #1, Residential Funding

6   Company, LLC first indicated that "On January 5, 2006, Residential Funding Corporation,

7   LLC, received the beneficial rights from Equifirst Corporation, and then on October 8, 2006,

8   RFC received the servicing rights also from Equifirst Corporation. GMAC Mortgage, LLC,

9   obtained the right to service the loan on behalf of FRC on May 1, 2007."

10      Then, in response to Interrogatory 3, Residential Funding Company provided as

11  follows:

12          "Pieter VanZyl signed RFC's Pooling and Servicing Agreement

13          with US Bank, NA, and the Servicer Guide which contains

14          RFC's delegation of authority to GMACM (the document that

15          is the basis of the decisions referenced in the Interrogatory

16          concerning the loan modification process) was unsigned.

17          GMACM managed communications, modification review

18          process and foreclosure process subject to the terms and

19          limitations of RFC's delegation of authority. . ."

20      Contrary to the Debtor's current claim, this sworn discovery response proves precisely

21  that Residential Funding Company was directly involved in both the loan modification

22  process and the foreclosure process. This point was confirmed in an additional discovery

23  response. In response to Interrogatory Number 6, Residential Funding provided as follows:

24          "RFC[1] states that it was the investor on the loan and, in that role,

25          provides its servicers, including GMACM, a general list of

26          delegated authority criterial that provides guidelines and criteria

27  ───────────────

28      [1] "RFC" was defined at page 2 of these Answers to Interrogatories as "Defendant
    Residential Funding Company, LLC."

-4-

1        for evaluating the propriety of a loan modification on FRC

2        accounts, including Plaintiffs'. The Servicer Guide between

3        GMACM and RFC provides this delegated authority criteria."[2]

4          From these sworn discovery responses it is beyond dispute that Residential Funding

5 Company, LLC., was directing the loan modification and subsequent foreclosure upon the

6 plaintiffs' home. As such, the Debtor's Fiftieth Omnibus Objection is clearly erroneous and

7 should be summarily rejected.

8       **IV. The defendant Residential Asset Mortgage Products, Inc.'s inaction is the**

9 **basis of the plaintiffs' claim of liability:**

10          With regard to the claims against the defendant Residential Assets Mortgage Products,

11 Inc., the claimants would agree that said company did not participate in the loan

12 modification, servicing of the loans or the foreclosure on said loans. In fact, it is that failure

13 which provides the basis for the claims against said entity.

14          As set forth above, at the time of the foreclosure, Residential Asset Mortgage

15 Products, Inc., was the owner/holder of the promissory note on the plaintiffs' property. At

16 the time of the foreclosure, Nevada had in place certain statutes which required the mortgage

17 holder to either participate in a mandatory mediation, or file a notice that such mediation was

18 not required. *See, Nevada Revised Statutes, 107.086, a copy of which is attached hereto as*

19 *Exhibit 3.* In this case, mediation was required and Residential Asset Mortgage Products,

20 Inc., failed to participate in that process before the property was foreclosed upon. This

21 failure made the subsequent foreclosure unlawful. *See, N.R.S. 107.086(3) "No further action*

22 *may be taken to exercise the power of sale until the completion of the mediation."*

23          Thus, while the claimants certainly agree that Residential Asset Mortgage Products,

24 Inc. did not participate in the loan modification or foreclosure process, it is their failure to

25 do so which actually creates its legal liability in this matter.

26 ///

27

28        [2] RFC did not produce this Servicers Guide.

1       Based upon the foregoing, the Debtors' Objections should be rejected and the claims

2 allowed.

3       DATED this 18th day of October, 2013.

4                         ERICKSON, THORPE & SWAINSTON, LTD.

6                     By_____

7                         THOMAS P. BEKO, ESQ.
                            *Attorneys for Claimants*

8                             *Pamela D. Longoni, Lacey Longoni*
                            *and Jean M. Gagnon*

CERTIFICATE OF SERVICE

1

2       Pursuant to FRCP 5(b), I certify that I am an employee of ERICKSON,

3   THORPE & SWAINSTON, LTD., and that on this day I personally served a true and correct

4   copy of the attached *Opposition to Fiftieth Omnibus Objection to Claim*, by

5       ☒       U.S. Mail

6   addressed to the following:

7   The Honorable Martin Glenn
    One Bowling Green
8   Courtroom 501
    New York, New York 10004
9
    Morrison & Foerster LLP
10  Attn: Gary S. Lee, Esq.
        Norman S. Rosenbaum, Esq.
11      Jordan A. Wishnew, Esq.,
    1290 Avenue of the Americas
12  New York, New York 10104

13  Kramer Levin Naftalis & Frankel LLP
    Attn: Kenneth H. Eckstein, Esq.
14      Douglas H. Mannual, Esq.
    1117 Avenue of the Americas
15  New York, New York 10036

16  Office of the United States Trustee for the
    Southern District of New York
17  U.S. Federal Office Building
    Attn: Tracy Hope Davis, Esq.
18      Linda A Riffkin, Esq.
        Brian S. Masumoto, Esq.
19  201 Varick Street, Suite 1006
    New York, New York 10014
20
    Silverman Acompora LLP
21  Attn: Ronald J. Friedman, Esq.
    100 Jericho Quadrangle, Suite 300
22  Jericho, NY 11753

23      DATED this 18th day of October, 2013.

24

25                          _____
                            Dana Matthews
26

27

28
                            -7-

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:                                          Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, et al.,               Chapter 11

              Debtors.                          Jointly Administered

_____/

## EXHIBITS TO
## OPPOSITION TO FIFTIETH OMNIBUS OBJECTION TO CLAIM


Exhibit 1        Court Docket, #80

Exhibit 2        Email communication, August 5, 2011

Exhibit 3        Responses to Plaintiff's First Set of Interrogatories to Defendant
                 Residential Funding Company, LLC