# EXHIBIT 3

# EXHIBIT 3

DAVID HILL BASHFORD (Nevada Bar # 11744)
Bradley Arant Boult Cummings LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Phone: (704) 338-6000
Fax: (704) 332-8858
dbashford@babc.com
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA - RENO DIVISION

PAMELA D. LONGONI,
individually and as Guardian Ad
Litem for LACEY LONGONI,
and JEAN M. GAGNON,

          Plaintiffs,

vs.

GMAC MORTGAGE, LLC., a Delaware
Limited Liability Company, EXECUTIVE
TRUSTEE SERVICES, LLC., a Delaware
Limited Liability Company, RESIDENTIAL
FUNDING COMPANY, LLC, a Delaware
Limited Liability Company, f/k/a
RESIDENTIAL FUNDING
CORPORATION, a Delaware Corporation,
ILLEANNA PETERSON, KATHLEEN
GOWEN, individuals, DOES **1-10**; BLACK
AND WHITE CORPORATIONS 1-10,
corporations; ABLE & BAKER
COMPANIES 1-10, co-partnerships and or
limited liability companies,

          Defendants.

Case No.: 3:10-CV-00297-LRH-(VPC)

## RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT RESIDENTIAL FUNDING COMPANY, LLC

1

1/2169714.2

Defendant Residential Funding Company, LLC ("RFC") hereby responds to Plaintiffs' First Set of Interrogatories as follows:

## PRELIMINARY STATEMENT

RFC acted as the investor on the loan at issue. RFC had no direct contact or dealings with Plaintiffs relating to their loan, all decisions and contact were handled through RFC's servicer, GMAC Mortgage, LLC ("GMACM"). The majority of the answers responsive to Plaintiffs' Interrogatories have been previously provided by GMACM; however, to the extent that RFC can respond to the below Interrogatories, RFC has responded fully.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1

1.  Please identify each individual or entity who currently has or has had, or who has claimed to have had, possession and/or an ownership interest in the Note (GMAC-01-0129-0138) and Deed of Trust (GMAC-01-0088-0108) executed by the plaintiffs on or about September 29, 2005, relative to the property at 5540 Twin Creeks Drive, Reno, Nevada. Further state, the following:

    a) The date upon which said person or entity obtained possession and/or ownership of said Note and/or Deed of Trust;

    b) The date which said person or entity transferred possession or ownership of said documents;

    c) The person or entity from which the person or entity obtained possession or a legal interest in the Note and/or Deed of Trust;

2

1/2169714.2

    d)    The person or entity to whom the Note and/or Deed of Trust were transferred; and

    e)    The consideration paid for the interest in the Note and/or Deed of Trust.

RESPONSE:    On September 29, 2005, Equifirst Corporation originated the Note and Deed of Trust in the amount of $432,000.00; said Deed of Trust was recorded on October 7, 2005. MERS was listed as "Nominee" on the Deed of Trust. On January 5, 2006, Residential Funding Corporation, LLC received the beneficial rights from Equifirst Corporation, and then on October 8, 2006, RFC received the servicing rights, also from Equifirst Corporation. GMAC Mortgage, LLC obtained the right to service the loan on behalf of RFC on May 1, 2007.

INTERROGATORY NO. 2:

2.    Please identify each individual who made contact with any plaintiff relative to any of the following:

    a)    Any plaintiffs' failure to make timely payments of any loan amount;

    b)    Any plaintiffs' request for modifications or changes to any loan amount or payment;

    c)    Anything associated with a loan modification or request for changes in any loan; and

    (d)    Any notification to a plaintiff that their request for a loan modification had been approved, rejected, or that said request was under consideration.

RESPONSE:    No persons employed at RFC had any contact with Plaintiffs during the time period in question. In further response, RFC refers Plaintiffs to response no. 2 contained in GMACM's responses to Plaintiffs' First Set of Interrogatories.

3

1/2169714.2

INTERROGATORY NO. 3:

3. Please identify each and every person who played any part in the following:

a) The decision to allow a plaintiff to seek a loan modification;

b) The decision to grant or deny a plaintiffs' request for loan modification;

c) The recommendation that the plaintiffs seek an "Obama" plan loan modification;

d) The decision to foreclose upon the plaintiffs' real property;

e) The decision to seek to recover the plaintiffs' real property from a third party;

f) The providing of any notice to the plaintiffs associated with the foreclosure process;

g) The denial of the request by any plaintiff for a loan modification;

h) The decision on when and what notices should be provided to a plaintiff; and

i) The request that any plaintiff provide documentation or information to RESIDENTIAL FUNDING COMPANY;

j) The receipt of any legal interest in the subject real property.

RESPONSE:    No persons employed at RFC had any contact with Plaintiffs during the time period in question. Pieter VanZyl signed RFC's Pooling and Servicing Agreement with US Bank, N.A., and the Servicer Guide which contains RFC's delegation of authority to GMACM (the document that is the basis of the decisions referenced in this Interrogatory concerning the loan modification review process) was unsigned. GMACM managed communications, modification review process and foreclosure process subject to the terms and limitations of

4

1/2169714.2

RFC's delegation of authority. RFC is continuing to investigate whether any individual at RFC had any further contact with GMACM relating to Plaintiffs' loan, and will supplement this Response as soon as possible. In further response, RFC refers Plaintiffs to response no. 3, subsections (a) through (h), contained in GMACM's responses to Plaintiffs' First Set of Interrogatories.

INTERROGATORY NO. 4:

4.      Please identify any compensation, remuneration, money, asset, exchange, stipend, gain, offset, forbearance, or other benefit of any sort received by Residential Funding Company as a result of the foreclosure upon the plaintiffs' real property.

RESPONSE:      RFC received $172,500.00 as payment from the third party purchaser as a result of the foreclosure upon the plaintiffs' real property.

INTERROGATORY NO. 5:

5.      Please identify any and all lawsuits or claims made against RESIDENTIAL FUNDING COMPANY during the last 3 years wherein it is alleged that the company wrongfully participated in any fashion in a non-judicial foreclose upon any loan made, or owned, by the company.

RESPONSE:      Objection. This Interrogatory is overly broad, unduly burdensome, is not relevant to any party's claim or defense, and is not reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 6:

6.      What role, if any, did RESIDENTIAL FUNDING COMPANY play in the decision to grant or deny any plaintiff a modification of their loan with EquiFirst Corporation.

5

1/2169714.2

RESPONSE:    RFC states that it was the investor on the loan and, in that role, provides its servicers, including GMACM, a general list of delegated authority criteria that provides guidelines and criteria for evaluating the propriety of a loan modification on RFC accounts, including Plaintiffs'. The Servicer Guide between GMACM and RFC provides this delegated authority criteria.

INTERROGATORY NO. 7:

7.    Please identify any relationship between RESIDENTIAL FUNDING COMPANY, and any of the following companies:

    a)    EXECUTIVE TRUSTEE SERVICES, LLC.

    b)    EquiFirst Corporation

    c)    Homecomings Financial. LLC

    d)    GMAC MORTGAGE, LLC

RESPONSE:    The following relationships exist:

(a)    Executive Trustee Services is the foreclosure Trustee of the Loan for RFC; ETS is an indirect sister company of RFC.

(b)    RFC purchased the Note and Deed of Trust from EquiFirst Corporation; there is no corporate relationship with RFC.

(c)    Homecomings Financial, LLC was the original servicer of the Loan for RFC; Homecomings is an indirect sister company of RFC.

(d)    GMAC Mortgage, LLC was the servicer of the Loan for RFC; there is no corporate relationship with RFC. GMAC is an indirect sister company of RFC.

6

1/2169714.2

INTERROGATORY NO. 8:

8. Please identify each individual who took any part in seeking the removal of negative information from the plaintiffs' credit history.

RESPONSE: Objection. RFC states that no individual at RFC took any part in seeking the removal of negative information from the Plaintiffs' credit history. In further response, RFC refers Plaintiffs to response no. 8 contained in GMACM's responses to Plaintiffs' First Set of Interrogatories.

INTERROGATORY NO. 9:

9. Did anyone ever indicate to RESIDENTIAL FUNDING COMPANY that there were any problems with the non-judicial foreclosure which was undertaken against the plaintiffs' real property?

If so, state the following:

1. The person who made the statement;
2. The person to whom the statement was made; and
3. The date the statement was made.

RESPONSE: No. RFC is continuing to investigate whether any individual at RFC had any further contact with GMACM relating to Plaintiffs' loan and the subsequent foreclosure, and will supplement this Response as soon as possible.

INTERROGATORY NO. 10:

10. Please identify the person most knowledgeable from RESIDENTIAL FUNDING COMPANY relating to the following:

1. Any Plaintiffs' request for a loan modification;

7

1/2169714.2

2.   The policies, procedures or guidelines of RESIDENTIAL FUNDING COMPANY relative to requests for loan modifications, and/or, the criteria to be followed when deciding whether to grant a loan modification;

3.   Any decision to accept or reject a plaintiffs' request for loan modification.

RESPONSE:   RFC will designate a Rule 30(b)(6) corporate witness to testify generally about the policies, procedures, or guidelines RFC recommends when evaluating any account for a loan modification. As discussed in response to Interrogatories 2, 3, and 6, RFC had no direct contact with Plaintiffs relating to their loan.

INTERROGATORY NO. 11:

11.   On how many occasions did RESIDENTIAL FUNDING COMPANY consider a request from the plaintiff to modify their home loan?

RESPONSE:   None, all requests were handled and considered by and through the servicer on the loan, GMACM. Notwithstanding this objection, RFC states that pursuant to rule 33(d) of the Federal Rules of Civil Procedure, the answer to the above Interrogatory may be determined by examining the documents previously produced by GMACM, Bates labeled GMAC01-0013—01-0087, and the burden of determining the answer is substantially the same for RFC and Plaintiffs.

INTERROGATORY NO. 12:

12.   Please identify the rules, regulations, criteria, policy or other guideline or directive which RESIDENTIAL FUNDING COMPANY utilized when deciding each and every request for loan modification made by a plaintiff.

RESPONSE:   Pursuant to rule 33(d) of the Federal Rules of Civil Procedure, the answer to the above Interrogatory may be determined by examining the documents produced herewith,

1/2169714.2

Bates labeled RFC001-000293-000881, and the burden of determining the answer is substantially the same for RFC and Plaintiffs.

INTERROGATORY NO. 13:

13. Please identify each decision which was made relative to each and every request made by a plaintiff for a modification of their residential loan.

RESPONSE: Objection. This Interrogatory is overly broad and ambiguous. Notwithstanding the objection, as discussed in response to Interrogatory No. 2, RFC had no direct contact with Plaintiffs regarding their loan. In addition, RFC states that pursuant to rule 33(d) of the Federal Rules of Civil Procedure, the answer to the above Interrogatory may be determined by examining the documents previously produced by GMACM, Bates labeled GMAC01-0013—01-0087, and the burden of determining the answer is substantially the same for RFC and Plaintiffs.

## VERIFICATION

Juan Aguirre being duly sworn, deposes and states:

That he is a certifying officer for Residential Funding Company, LLC and, as such, is authorized to verify the foregoing Responses to Plaintiff's First Set of Interrogatories on behalf of Residential Funding Company, LLC, that he/she has read said Responses and knows the contents thereof, and that the same are true of his own knowledge and review of Residential Funding Company LLC's available corporate records.

Residential Funding Company, LLC

By: _____
Name: Juan Aguirre
Title: Certifying Officer

SWORN TO AND SUBSCRIBED before me
This 16 day of May, 2011.

_____
Notary Public
My Commission Expires: 9/21/11

[SEAL]



ROSEMARY E. MEEKER
MY COMMISSION EXPIRES
September 21, 2011

10

I/2169714.2

Submitted this 16 day of May, 2011.

*David H. Bashford*
David H. Bashford
Attorney for Defendants Residential Funding Company, LLC, GMAC Mortgage, LLC, Executive Trustee Services, LLC, Illeanna Peterson and Kathleen Gowen

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing Response to Interrogatories on:

Thomas P. Beko, Esq.
Paul M. Bertone, Esq.
Attorneys for Plaintiffs
ERICKSON, THORPE & SWAINSTON, LTD.
99 West Arroyo Street
P. O. Box 3559
Reno, Nevada 895 5

by placing copies of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on this 16 day of May, 2011.

*signature*
OF ~~COUNSEL~~

11

1/2169714.2