**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
In re:                                                                    :        Chapter 11
                                                                              :
Residential Capital, LLC, et al.,                         :        Case No. 12-12020 (MG)
                                                                              :
                                    Debtors.                      :        Jointly Administered
                                                                              :
------------------------------------------------------------ x

### ORDER APPROVING RETENTION OF QUEST TURNAROUND ADVISORS, LLC AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC* TO SEPTEMBER 16, 2013

Upon the application, dated October 10, 2013 (the "Application"), of the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee") for entry of an order (the "Order") authorizing the retention of Quest Turnaround Advisors, LLC ("Quest") as consultant to the Committee effective as of September 16, 2013, as more fully described in the Application; and upon the Declaration of Jeffrey A. Brodsky (the "Brodsky Declaration"), managing director of Quest, dated October 10, 2013, attached to the Application as Exhibit A; and the Court being satisfied that based on the representations made in the Application and the Brodsky Declaration that Quest is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Quest represents no interest adverse to the Debtors' estates or the Committee with respect to the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court

Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, Acting C.J.); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Committee and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted to the extent provided herein; and it is further

ORDERED that in accordance with sections 328 and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, the Committee is authorized to retain and employ Quest as its consultant in accordance with the terms and conditions set forth in the Application and the Engagement Letter, *nunc pro tunc* to September 16, 2013, *provided, however*, that this authorization shall not extend to the employment and retention of Quest as Liquidating Trust Manager, the rights of parties with respect to which are preserved; and it is further

ORDERED that the Engagement Letter is incorporated herein by reference and approved in all respects; and it is further

ORDERED that to the extent the Application or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED that, notwithstanding anything to the contrary in the Engagement Letter, the indemnification provisions are hereby modified and restated in its entirety as follows:

> All requests of Quest for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable

2

based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall Quest be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

In the event that Quest seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by Quest for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Quest's own application (both interim and final) and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

Quest shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Quest's counsel other than those incurred in connection with a request of Quest for payment of indemnity or preparation of fee application.

ORDERED that Quest shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses (including the fees of Quest's attorneys in preparing and presenting its fee applications) in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447),and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"), and the monthly compensation order; and it is further

ORDERED that prior to any increases in rates as set forth in the Application, Quest shall file a supplemental declaration with the Court and give ten business days' notice to the Debtors,

the United States Trustee and any official committee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase; and it is further

ORDERED that the services to be performed by Quest shall not duplicate the services performed by any other professional retained in this case; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Committee is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  October 22, 2013
         New York, New York

                                          __/s/Martin Glenn_____
                                          MARTIN GLENN
                                          United States Bankruptcy Judge