1  Bruce Weiner, Esq.
   Rosenberg, Musso & Weiner
2  26 Court Street, Suite 2211
   Brooklyn, New York 11242-1125
3  Telephone No.: (718) 855-6840
   Facsimile No.: (718) 625-1966
4

5

6  **UNITED STATES BANKRUPTCY COURT**

7  **SOUTHERN DISTRICT OF NEW YORK**

8

9

10   In re:

11

12   RESIDENTIAL CAPITAL, LLC, et al.,

13                              Debtors

14

Case No. 12-12020

Chapter 11

RESPONSE AND OBJECTIONS OF CREDITOR ALBERT PASSARETTI TO DEBTORS' OBJECTION TO CLAIM

15

16            RESPONSE AND OBJECTIONS OF CREDITOR

17      ALBERT PASSARETTI TO DEBTORS' OBJECTION TO  CLAIM

18

19

20

21

22

23

24

25

26

27

28

Page -1-

TO THE HONORABLE MARTIN GLENN

UNITED STATES BANKRUPTCY JUDGE

Albert Passaretti ("Passaretti") submits this response to the Debtors' Objection to Proof of Claim No. 5605 (the "Objection") Docket No. 5162. For his Response and Objections Passaretti states as follows:

## ISSUES PRESENTED IN THIS RESPONSE AND OBJECTION FOR COURT RULING

I.   Debtors' Objection to Passaretti's Claim should be denied and his Claim should be allowed on the grounds that Debtors' have not provided evidence supporting Debtors' Objection.

II.   Debtors should be compelled to produce documentary evidence that supports GMACM's assertion that the underlying loan was assigned to GMAC before GMACM conducted the non-judicial foreclosure sale of the property in as much as the loan was an asset of the Lehman Brothers' Bankruptcy Case, and could not have been removed or assigned from the Lehman Brothers' Bankruptcy Estate, as such would be a violation of bankruptcy law.

III.   Debtors should be compelled to specifically state under oath the source of authority that allowed GMACM to siphon off the loan underlying the subject real property from Lehman Brothers' Bankruptcy Estate during the pendency of Lehman Brothers' Bankruptcy??

Following below, Passaretti will emphasize the specific issues of the within this Response and Objection to Debtors' Objections to Proof of Claim, and, in this Creditor's opinion, more significantly, and more importantly, what the issues are not.

1

## PRELIMINARY STATEMENT

2

3      1.      Passaretti's proof of claim #5605 (the "Proof of Claim") filed

4   prior to the applicable extended deadline, asserts claims against GMACM

5   Mortgage, LLC ("GMACM") arising from an action filed pursuant to California

6   State Law in the Superior Court of California, For the County of Los Angeles

7   dismissed by a motion for summary judgment and appealed to the

8   California Court of Appeal, Los Angeles County, Second Appellate

9   Department, and stayed as a result of Debtors' Chapter 11 Bankruptcy (the

10   "State Action").  GMACM's motion for summary judgment was set for

11   hearing in the Los Angeles Superior Court on April 14, 2011, and shortly

12   before that hearing, Passaretti first learned that GMACM was not the owner

13   of the underlying loan and that the loan was owned by Lehman Brothers.

14   Passaretti immediately propounded and served discovery consisting of 16

15   special interrogatories and requests for production of documents on GMACM

16   to determine the basis of GMACM's assertion the it was the 'foreclosing

17   beneficiary' as recited in the Trustee's Deed Upon Sale; Passaretti's ex

18   parte motion for an order shortening time on his motion for an order

19   compelling GMACM's further response to request for  production of

20   documents and special interrogatories demonstrating that GMACM owned

21   the note was denied, and by implication, his implicit request to continue the

22   hearing on the motion for summary judgment was also implicitly denied.

23      2.      If Passaretti's Appeal were not stayed by the Debtors' chapter

24   11 bankruptcy the trial court's decision would have been reversed and,

25   Passaretti would have moved the court to amend his Complaint to revive

26   claims that were prevented from going forward by the trial court's

27   erroneously sustaining GMACM's demurrers; Passaretti would also have

28   included additional causes of action to his amended Complaint, alleging the

1  absence of legal authorization giving GMACM the right to remove an asset,

2  the note, from the Lehman Brothers' Bankruptcy Estate and allowing

3  GMACM the privilege of being able to foreclose on a property that it did not

4  own, there is no authority to justify GMACM's removal of the note, and later

5  the foreclosed real property, from the Lehman Brother's Bankruptcy Estate.

6      3.  Contrary to GMACM's assertion that Passaretti's claim is meritless,

7  it is overwhelmingly ironic that GMACM relies on the off-site books records

8  of MERS to establish a paperless trail of loan ownership, but, when faced

9  with hard questions, GMACM relies on its 'books and records', albeit

10  imaginary, to deny borrowers' claims.   Debtors' Objection fails to offer

11  competent evidence in rebuttal to the substance of Passaretti's proof of

12  claim.

13      4.  Passaretti leaves to the discretion of the Court the efficacy to

14  resolve this dispute, by ordering GMACM to produce discovery set forth

15  below in a non-evasive, straight forward, manner.

16

17  <u>FACTUAL BACKGROUND</u>

18

19      5.  Passaretti named GMACM and EXECUTIVE TRUSTEE SERVICES,

20  LLC, ("ETS") its wholly owned subsidiary, in his Complaint.

21      6.  Passaretti's Complaint arises out of a residential mortgage loan

22  transaction whereby Passaretti purchased a single family dwelling on or

23  about August 25, 2006, whose common location is known as 1609 256th

24  Street, Harbor City, CA 90710, (the "subject property").  The specific facts

25  regarding the GMAC loan, and the real property, at issue are as follows:  1)

26  GMAC Loan Number: 030 771 7484; 2) Property Address: 1609 256th

27  Street, Harbor City, CA 90710 (although the Trust Deed identifies the

28  address as located at a fictitious location in "Lomita, California" and not the

1   actual location which is Harbor City, California);  3) Loan Amount:

2   $620,000;  4) Date of Original loan: August 25, 2006;  5) Monthly

3   payment: $2,310.98 per month (variable interest rate); and 6) Type of

4   Loan: adjustable rate mortgage, which is commonly known as an "Option

5   ARM" because it allows the borrower to elect any one of three different

6   monthly payment amounts.

7       7.   Passaretti did not receive actual notice of the May 22, 2009, non-

8   judicial trustee foreclosure sale from either GMAC Mortgage or from ETS.

9   No actual notice of the Notice of Sale  was received by Passaretti with

10  respect to the non-judicial trustee's foreclosure sale,  which purportedly

11  occurred on May 22, 2009.   Failure to give actual notice is further

12  supported  by virtue of the facts that (a) the actual Trust Deed with respect

13  to the real property at issue sets forth a  wrong property address in its

14  property description on five (5) separate occasions, (b) the address of the

15  property listed on the Notice of Default and Notice of Sale mimics the wrong

16  address set forth in the Trust Deed, and (c) the correct address of the real

17  property never appears in the Trust Deed or any other loan documents.  It

18  appears almost all of GMACM's reference and correspondence to the real

19  property identified the wrong property, in the wrong city, with the wrong zip

20  code.  Passaretti challenged and objects to the non-judicial foreclosure sale

21  by virtue of lack of due process, lack of actual notice, lack of proper notice

22  and lack of reasonable notice, and GMACM's failure to fulfill and perform its

23  promises to Passaretti.

24      8.   ETS's non-judicial limited Trustee Sales Officer in this matter is

25  identified as Max. A. Garcia, and others, employees of ETS.  ETS, through

26  its employees, managers, and officers, repeatedly identified, and allegedly

27  sent, its various notices to the following wrongful address which does not

28  exist and has never existed, namely:  1609 256th Street, Lomita, CA 90717.

1    The Lomita address is wrong in the following ways: 1) wrong city;  2)
2    wrong zip code; 3) this property address does not  exist;  4) this property
3    address  has never existed;   5) Passaretti never received actual notice of
4    the Notice of Default or the Notice of Sale prior to the May 22, 2009,  non-
5    judicial trustee foreclosure sale of the subject real property;    6) Never
6    within the entire Trust Deed is the property correctly identified with respect
7    to the common address of the real property.  Instead, the  wrong address is
8    found in the Trust Deed on at least five (5) separate occasions on pages 2,
9    4,  18, 19 and 24.

10    9. Whereas, the true and correct address of the property at issue is:
11    1609 256th Street, Harbor City, CA 90710.

12    10. Passaretti's Complaint requested that the non-judicial trustee
13    sale conducted on or about May 22, 2009, be set-aside, vacated and
14    reversed consistent with justice, fair play, principles of due process and
15    actual and reasonable notice.

16    11.   Passaretti challenges and disputes the May 22, 2009, non-
17    judicial trustee sale based upon his actual payment of four (4) substantial
18    cashier's checks, namely:  1) Cashier's check in the sum of $20,365 dated
19    7/17/2007;  2) Cashier's check in the sum of $23,632 dated 4/28/2008;
20    and,  3) Two Cashier's checks through Western Union each in the amount of
21    $5,000 dated 1/20/2009 and 1/21/2009, respectively.

22    12. The basis for these four (4) check payments whose total exceeds
23    $54,000 were promises and representations made by GMACM to Passaretti
24    that:  GMACM would offer Passaretti a loan modification agreement and that
25    GMACM would not proceed with a foreclosure sale. Passaretti was ignorant
26    of the truth of this representation as evidenced by his payment of $33,632
27    to GMACM; that GMACM intended Passaretti to rely  and act upon GMACM's
28    representations, and Passaretti was induced to act upon GMACM's

1   representations and Passaretti did so act and rely and there to his
2   substantial determent.  GMACM agreed that it would modify the subject
3   loan and not conduct any foreclosure proceedings.  GMACM failed to honor
4   its promises and representations to Passaretti to and modify the home loan
5   at issue and not to conduct a foreclosure sale.   Then, at the instruction of
6   GMACM, ETS conducted a non-judicial foreclosure sale of the subject
7   property (while Passaretti remained ignorant of the fore the foreclosure sale
8   until after May 22, 2009, i.e. after the foreclosure sale of Passaretti's home)
9   and the property reverted to GMACM[1].

10      13.  Correspondence and communications between Passaretti and
11  GMACM representatives support the application of promissory  estoppel,
12  namely: (1) that GMACM promised and represented to Passaretti that in
13  exchange for the single sum payment of $23,632 per check # 419903927
14  on April 28, 2008, and another payment of $10,000 per Western Union
15  payment on January 20-21, 2009, GMACM would offer a loan modification
16  to  Passaretti and would not conduct a foreclosure sale of the subject
17  property, (2) that GMACM made these promises and representations to
18  offer a loan modification to  Passaretti and to not conduct a foreclosure sale
19  of the property, (3) that Passaretti was ignorant of the true facts, (4) that
20  GMACM intended  Passaretti  to rely upon GMACM's promises and
21  representations, (5) that Passaretti  was induced to and did act upon
22  GMACM's representations  by virtue of making payments of $23,632 and
23  then $10,000 directly to GMACM.    Additionally, GMAC/ETS sold Plainitff's
24  real property on or about May 22, 2009, notwithstanding: (1) the "auction"
25  sales price of $374,400; (2) the "auction" was not a true, public auction
26  open to all bidders; (3) the loan balance was approximately $620,000 (and
27

28      [1] After the Complaint was filed, Passaretti learned that GMACM was not and is not the
beneficiary of the note.

1   $729,760 according to GMACM); (4) Passaretti was continuing to make

2   payments on the loan; (5) Passaretti paid GMAC $54,000 in cashiers check

3   payments which Passaretti would not have paid in the absence of GMACM's

4   representations that GMACM would modify the loan.

5         14.   Passaretti alleges GMACM violated *California Civil Code* §§2924c

6   et seq. , et al.  which expressly protect property owners with respect to

7   requirements of due process relating to Notice of Default and Notice of Sale.

8         15.   Passaretti alleges violation of *California Civil Code* §2924c which

9   requires  GMACM to provide Passaretti  with an accurate Statement and

10   status of his loan.  GMACM failed to comply with this provision.  In this

11   case, the original loan principal amount was $620,000.  Through an

12   unknown mechanism, and not explainable by the variable interest rate

13   ("ARM") loan, GMACM increased the loan principal to $729,760 – a

14   staggering $109,760 without explanation.  Passaretti repeatedly requested,

15   in writing, an explanation of the $109,760 increase. GMACM failed to

16   comply.

17         16.   GMACM's  loan practices, as applied to Passaretti, were arbitrary,

18   capricious and confusing. In February 2009 GMACM accepted Passaretti's

19   mortgage payment in the sum of $2,310 after accepting Passaretti's

20   $10,000 Western Union payment on or about January 20th and 21st , 2009.

21   However, one month later in March 2009 GMACM fully rejected the identical

22   payment from Passaretti.

23         17.   GMACM unfairly and unlawfully increased his monthly payments

24   from $2,310 per month to $5,346 per month.  In other words, GMACM

25   raised its monthly mortgage amount by over 230% in a single month.

26   GMACM's failure to justify such a huge payment increase, without a detailed

27   accounting analysis and confirmation, despite Plainitff's request for such an

28   explanation, is a breach of GMACM's duties to Passaretti.

18. GMACM allegedly sent Passaretti correspondence which was never received by Passaretti prior to 5/22/2009 sale date which demonstrates GMACM's fundamental false and inaccurate information with respect to the status and condition of Passaretti's loan.

19. Passaretti was shocked to learn that his Harbor City real property had been sold on or about May 22, 2009, in light of three factors: (1) because all of the elements of promissory estoppel set forth above are present, (2) Passaretti was not given actual knowledge of the May 22, 2009 non-judicial foreclosure sale and (3) Passaretti reasonably believed that GMACM, would not proceed with foreclosure proceedings and would offer Passaretti a loan modification.

20. GMACM represented to Passaretti that GMACM would offer Passaretti a loan modification and would not proceed with foreclosure proceedings; GMACM made its representations to Passaretti with knowledge that said representation were false; that Passaretti was ignorant of the falsity of GMACM's representations; that Passaretti was induced to act upon GMACM's representations by making direct payments to GMACM in the sum of $23,632 and $10,000 on 4/28/2008 and 1/20/2009, respectively.

21. In this instance, without due notice, Passaretti was unable to properly reply to GMACM because Passaretti was ignorant of GMACM's concealed intent, and action, to take back the Harbor City property through a Notice of Default, Notice of Sale and a purported non-judicial foreclosure sale.

22. Passaretti believed that GMACM's representations to offer a loan modification and that said representations were the basis for him to send the cashier's checks to GMACM.

23. Heightened Scrutiny of Non-Judicial Foreclosure Much Greater Than For Judicial Foreclosure in California: By virtue of the fact that no

1  judge oversees the process, and the fairness, of a non-judicial foreclosure,

2  it is well-settled California law, and set forth in California statutes at

3  *California Civil Code* §§2920 to 2944.7.  More specifically, *California Civil*

4  *Code* §2924 (and other related sections) sets forth very precisely  the

5  technical requirement that: "a statement setting forth the nature of each

6  breach actually known to the beneficiary and of his or her election to sell or

7  cause to be sold the property to satisfy that obligation ..."  Here, in this

8  matter, GMACM patently failed to comply with the reasonable notice

9  provision set forth in the *California Civil Code* §2924, et seq

10      24.  GMACM  had a legal obligation pursuant to *Civil Code* §2924c to

11  provide an accurate Statement to Passaretti with respect to the status of his

12  mortgage.  Passaretti alleges that GMACM failed to provide him with an

13  accurate Statement with respect to his loan.

14      25.  Passaretti  was requesting from GMACM either a Reinstatement

15  or a Pay-Off Statement in order to cure any alleged default.  Passaretti's

16  right and opportunity to cure was never provided to him.   Passaretti's right

17  and opportunity to cure is a fundamental right protected by the *California*

18  *Civil Code* §2924, et seq.,  and was violated with respect to the specific

19  facts, circumstances and omissions which occurred in this matter.

20      26.  The trustee's sale circumstances described above are wrongful

21  and unfair.  A property owner should and do have a legal right to notice

22  with respect to the taking of his property resulting in a change of

23  ownership.

24

25          GMACM SHOULD BE ORDERED TO RESPOND TO

26          PASSARETTI'S SPECIAL INTERROGATORIES AND

27          REQUESTS FOR PRODUCTION OF DOCUMENTS

28

27.    Passaretti propounded and served the Special Interrogatories and Requests for Production of Documents in the State Action which the State Court Trial Court failed to order GMACM's further response.  This discovery, if responded to in a straight forward manner as required by California law would go a long way in resolving the disputed foreclosure sale and the Passaretti's Objections to GMACM's Objections to the Claim which are at issue herein.

28.    Passaretti's motion for further response to requests for production of documents included request numbers 3, 4, 5, 6 7, 9, 13, and 14.  GMACM's Response/Objection only to Request No. 3 is set forth verbatim herein, as its response to all other requests repeats the same response/objections, Passaretti's Factual and Legal Reason's for Compelling GMACM's Further Response to No. 3 is included as his argument is repeated as to the other requests for production that was the subject of Passaretti's motion to compel GMACM's further response to requests for production of documents.

**Requests for Production of Documents Which Were Propounded in the State Court Action, and Which GMACM Refused to Answer,  Nos. 3, 4, 5, 6, 7, 9, 13, and 14**

Passaretti's Request for Documents No. 3:

Each and every document which constitutes or evidences the assignment and/or transfer of each and every interest in the promissory note and trust deed dated August 25, 2006, executed by Albert A. Passaretti, Jr. as trustor in favor of GreenPoint Mortgage Funding, Inc., as beneficiary, recorded on September 1, 2006 in the Office of the Los Angeles County Recorder as instrument no. 06 1954544.

1    <u>GMAC's Response to Request for Documents No. 3:</u>

2    GMACM objects to this request on the grounds that it is vague

3    and ambiguous. GMACM objects to this request on the grounds that it

4    is overly broad and unduly burdensome. GMACM further objects to

5    this request to the extent that is seeks information protected by the

6    attorney-client privilege. GMACM objects to this request to the extent

7    it seeks trade secret, private and/or sensitive or confidential

8    information. GMACM objects that this request in wholly irrelevant to

9    the subject action, not reasonably calculated to lead to the discovery

10   of admissible evidence, harassing, and improper. Passaretti has

11   alleged a single claim against GMACM in the instant action - for

12   promissory estoppel. The "the date and title of each and every

13   document which constitutes or evidences the assignment and/or

14   transfer of each and every interest in the promissory note and trust

15   deed dated August 25, 2006, executed by Albert A. Passaretti, Jr. as

16   trustor in favor of GreenPoint Mortgage Funding, Inc., as beneficiary,

17   recorded on September 1, 2006 in the Office of the Los Angeles

18   County Recorder as instrument no. 06 1954544" is wholly irrelevant

19   to Plaintiff's sole remaining claim.

20

21   <u>Passaretti's Factual and Legal Reasons made in the State Court Action</u>

22   <u>for Compelling GMACM'S Further Response.</u>

23   The comprehensive statutory framework for the regulation of

24   nonjudicial foreclosure sales pursuant to the power of sale contained

25   in a deed of trust is intended to ensure that property (sic) conducted

26   sale is final between the parties and conclusive as to a bonafide

27   purchaser. *Civil Code Section* 2924. However, the presumptive

28   validity of the foreclosure sale presupposes that the sale  was

conducted properly; GMAC's assertion that it was the foreclosing

1    beneficiary when in fact it was not, does not support the presumption

2    that the sale was "properly conducted."

3        Each of defendant GMAC's objections to the following eight (8)

4    requests for documents are identical and are repeated after each

5    request for documents.  GMAC is refusing to produce documents by

6    asserting that the court has sustained the demurrer to the complaint

7    and first and second amended complaint and therefore there are no

8    longer any issues dealing with MERS or wrongful foreclosure.

9        As stated above, these interrogatories do not challenge the

10   efficacy of MERS; plaintiff is not challenging MERS' compliance with

11   foreclosure law; plaintiff is asserting that there was no transfer of any

12   interest in the note or trust deed to GMAC; the documentation and

13   correspondence with MERS is incidental to GMAC's lack of beneficial

14   interest in the note.

15       GreenPoint Mortgage was the beneficiary under the original note

16   and trust deed; there is no documentation produced that shows GMAC

17   is the beneficiary, except the trustee's deed upon sale.  There is

18   however, a long history of GMAC's claiming that it was the loan

19   servicing agent and only the loan servicing agent; and, the evidence

20   indicates that the actual holder and beneficiary is a securitized

21   transaction administer by Lehman Brothers. How GMAC removed this

22   note and trustee deed from the insolvency court is essential to this

23   present action, and casts light on the authority and validity of the

24   representations made by defendant ETS and GMAC to Plaintiff.

25

26   Passaretti's Request for Documents No. 4:

27       Each and every document which constitutes or evidences the

28   assignment and/or transfer of each and every interest in the

     promissory note and trust deed dated August 25, 2006, executed by

1  Albert A. Passaretti, Jr. as trustor in favor of GreenPoint Mortgage

2  Funding, Inc., as beneficiary, recorded on September 1, 2006 in the

3  Office of the Los Angeles County Recorder as instrument no. 06

4  1954544 from GreenPoint Mortgage Funding, Inc., to GMAC

5  Mortgage, LLC.

6

7  Passaretti's Request for Documents No. 5:

8      Each and every document which constitutes or evidences the

9  assignment and/or transfer of each and every interest in the

10  promissory note and trust deed dated August 25, 2006, executed by

11  Albert A. Passaretti, Jr. as trustor in favor of GreenPoint Mortgage

12  Funding, Inc., as beneficiary, recorded on September 1, 2006 in the

13  Office of the Los Angeles County Recorder as instrument no. 06

14  1954544 from September 1, 2006 to January 1, 2011.

15

16  Passaretti's Request for Documents No. 6:

17      Each and every assignment and/or transfer, in part or in whole,

18  of each and every interest the promissory note and trust deed dated

19  August 25, 2006, executed by Albert A. Passaretti, Jr. as trustor in

20  favor of GreenPoint Mortgage Funding, Inc., as beneficiary, recorded

21  on September 1, 2006 in the Office of the Los Angeles County

22  Recorder as instrument no. 06 1954544 from September 1, 2006 to

23  January 1, 2011.

24

25  Passaretti's Request for Documents No. 7:

26      Each and every document, or writing,  that constitutes or

27  evidences GMAC, Mortgage LLC's authority to instruct, direct, or order

28  the trustee of the trust deed dated August 25, 2006, executed by

Albert A. Passaretti, Jr. as trustor in favor of GreenPoint Mortgage

1  Funding, Inc., as beneficiary, recorded on September 1, 2006 in the

2  Office of the Los Angeles County Recorder as instrument no. 06

3  1954544 to conduct the trustee's foreclosure sale pursuant to the said

4  trust deed.

5

6  Passaretti's Request for Documents No. 9:

7  Each and every document or writing, that constitutes or

8  evidences that Executive Trustee Services, LLC dba ETS Services was

9  substituted in as the trustee of the trust deed dated August 25, 2006,

10  executed by Albert A. Passaretti, Jr. as trustor in favor of GreenPoint

11  Mortgage Funding, Inc., as beneficiary, recorded on September 1,

12  2006 in the Office of the Los Angeles County Recorder as instrument

13  no. 06 1954544.

14

15  Passaretti's Request for Documents No. 13:

16  Each and every correspondence, document or writing sent by

17  GMAC Mortgage LLC to Mortgage Electronic Registration Systems, Inc.

18  which in any manner constitutes, evidences, relates to, or refers to

19  the promissory note and the trust deed dated August 25, 2006,

20  executed by Albert A. Passaretti, Jr. as trustor in favor of GreenPoint

21  Mortgage Funding, Inc., as beneficiary, recorded on September 1,

22  2006 in the Office of the Los Angeles County Recorder as instrument

23  no. 06 1954544.

24

25  Passaretti's Request for Documents No. 14:

26  Each and every correspondence, document or writing sent by

27  Mortgage Electronic Registration Systems, Inc. to GMAC Mortgage LLC

28  which in any manner constitutes, evidences, relates to, or refers to

the promissory note and the trust deed dated August 25, 2006,

1    executed by Albert A. Passaretti, Jr. as trustor in favor of GreenPoint

2    Mortgage Funding, Inc., as beneficiary, recorded on September 1,

3    2006 in the Office of the Los Angeles County Recorder as instrument

4    no. 06 1954544.

5

6    **Special Interrogatories Which Were Propounded by Passaretti in the**

7    **State Court Action and Which GMACM Refused to Answer,  Nos. 3, 4,**

8    **5, 6, 7, 9, 13, and 14**

9

10        29.   Passaretti's motion made in State Court for order compelling

11    GMACM's further response to special interrogatories included interrogatories

12    numbers 3, 4, 5, 6 7, 9, 13, and 14.  GMACM's Response/Objection only to

13    Special Interrogatory No. 3 is set forth verbatim, as its response to the

14    other special interrogatories in substantial effect the same

15    response/objections except that the response/objection in some instances

16    includes a verbatim recital of the interrogatory in question, Passaretti's

17    Factual and Legal Reason's for Compelling GMACM's Further Response only

18    to No. 3 is included as his argument is repeated as to the other special

19    interrogatories that was the subject of Passaretti's motion to compel

20    GMACM's further response to special interrogatories.

21

22    Passaretti's Special Interrogatory No. 3:

23        State the date and title of each and every document which

24    constitutes or evidences the assignment and/or transfer of each and

25    every interest in the promissory note and trust deed dated August 25,

26    2006, executed by Albert A. Passaretti, Jr. as trustor in favor of

27    GreenPoint Mortgage Funding, Inc., as beneficiary, recorded on

28    September 1, 2006 in the Office of the Los Angeles County Recorder

    as instrument no. 06 1954544.

1    <u>GMAC's Response to Special Interrogatory No. 3:</u>

2        GMACM objects to this interrogatory on the grounds that it is

3    vague and ambiguous. GMACM objects to this interrogatory on the

4    grounds that it is overly broad and unduly burdensome. GMACM

5    further objects to this interrogatory to the extent that is seeks

6    information protected by the attorney-client privilege.  GMACM

7    objects to this interrogatory to the extent it seeks trade secret,

8    private and/or sensitive or confidential information. GMACM objects

9    that this interrogatory in wholly irrelevant to the subject action, not

10   reasonably calculated to lead to the discovery of admissible evidence,

11   harassing, and improper.  Plaintiff has alleged a single claim against

12   GMACM in the instant action - for promissory estoppel. The "the date

13   and title of each and every document which constitutes or evidences

14   the assignment and/or transfer of each and every interest in the

15   promissory note and trust deed dated August 25, 2006, executed by

16   Albert A. Passaretti, Jr. as trustor in favor of GreenPoint Mortgage

17   Funding, Inc., as beneficiary, recorded on September 1, 2006 in the

18   Office of the Los Angeles County Recorder as instrument no. 06

19   1954544" is wholly irrelevant to Plaintiff's sole remaining claim.

20       Additionally, it is well settled that Civil Code § 2924 et seq. do

21   not require the person initiating foreclosure to have physical

22   possession of the promissory note which the deed of trust secures.

23   Nor do these sections require the trustee to find out who does

24   physically posses the note.  "Under Civil Code section 2924, no party

25   needs to physically possess the promissory note." (*Sicairos vs. NDEX*

26   *West*, LLC (S.D. Cal. 209) 209 WL 385855, at *3; *Saldate v. Wilshire*

27   *Credit Corp.* (E.D. Cal. 2010) 2010 WL 62445, at *14; See, also,

28   *Gamboa v. Trustee Corps*, 2009 WL 656285, at *4 (N.D. Cal. 2009)

("the statutory framework governing non-judicial foreclosures

1   contains no requirement that the lender produce the original note to

2   initiate the foreclosure process.).)

3

4   Passaretti's Factual and Legal Reasons for Compelling

5   GMACM's Further Response.

6       GMAC is defending its refusal to answer the interrogatories by

7   asserting that the court had overruled the complaint and first and

8   second amended complaint and therefore there are no longer any

9   issues dealing with MERS or wrongful foreclosure.

10      As stated above, these interrogatories do not challenge the

11  efficacy of MERS; plaintiff is not challenging MERS compliance with

12  foreclosure law; plaintiff is asserting that there was no transfer of any

13  interest in the note or trust deed to GMAC; the documentation and

14  correspondence with MERS is incidental to GMAC's lack interest in the

15  note.

16      The GreenPoint Mortgage was the beneficiary under the original

17  note and trust deed; there is NOTHING to be found anywhere that

18  shows GMAC is the beneficiary, except the trustee's deed upon sale.

19  There is however, a long history of GMAC's claiming that it was the

20  loan servicing agent and only the loan servicing agent; and, there is

21  indication that the actual holder and beneficiary is a security

22  transaction created/administer by Lehman Brothers. How GMAC

23  removed this note and trust deed from the insolvency court is

24  essential to this present action, and casts light on the authority and

25  validity of the representations made by defendant ETS and GMAC

26  which forms the basis of the within action.

27

28  Passaretti's Special Interrogatory No. 4:

1    State the date and title of each and every document which

2    constitutes or evidences the assignment and/or transfer of each and

3    every interest in the promissory note and trust deed dated August 25,

4    2006, executed by Albert A. Passaretti, Jr. as trustor in favor of

5    GreenPoint Mortgage Funding, Inc., as beneficiary, recorded on

6    September 1, 2006 in the Office of the Los Angeles County Recorder

7    as instrument no. 06 1954544 from GreenPoint Mortgage Funding,

8    Inc., to GMAC Mortgage, LLC.

9

10   Passaretti's Special Interrogatory No. 5:

11   State the date and title of each and every document which

12   constitutes or evidences the assignment and/or transfer of each and

13   every interest in the promissory note and trust deed dated August 25,

14   2006, executed by Albert A. Passaretti, Jr. as trustor in favor of

15   GreenPoint Mortgage Funding, Inc., as beneficiary, recorded on

16   September 1, 2006 in the Office of the Los Angeles County Recorder

17   as instrument no. 06 1954544 from September 1, 2006 to January 1,

18   2011.

19

20   Passaretti's Special Interrogatory No. 6:

21   State the date and nature of each and every assignment and/or

22   transfer of each and every interest the promissory note and trust

23   deed dated August 25, 2006, executed by Albert A. Passaretti, Jr. as

24   trustor in favor of GreenPoint Mortgage Funding, Inc., as beneficiary,

25   recorded on September 1, 2006 in the Office of the Los Angeles

26   County Recorder as instrument no. 06 1954544 from September 1,

27   2006 to January 1, 2011.

28

Passaretti's Special Interrogatory No. 7:

1       State the date and substance of each and every document, or

2    writing, that authorized GMAC, Mortgage LLC to instruct, direct, or

3    order the trustee of the trust deed dated August 25, 2006, executed

4    by Albert A. Passaretti, Jr. as trustor in favor of GreenPoint Mortgage

5    Funding, Inc., as beneficiary, recorded on September 1, 2006 in the

6    Office of the Los Angeles County Recorder as instrument no. 06

7    1954544 to conduct the trustee's foreclosure sale pursuant to the said

8    trust deed.

9

10    Passaretti's Special Interrogatory No. 9:

11       State the date and substance of each and every document or

12    writing, that constitutes or evidences that Executive Trustee Services,

13    LLC dba ETS Services was substituted in as the trustee of the trust

14    deed dated August 25, 2006, executed by Albert A. Passaretti, Jr. as

15    trustor in favor of GreenPoint Mortgage Funding, Inc., as beneficiary,

16    recorded on September 1, 2006 in the Office of the Los Angeles

17    County Recorder as instrument no. 06 1954544.

18

19    Passaretti's Special Interrogatory No. 13:

20       State the date and substance of each and every

21    correspondence, document or writing sent by GMAC Mortgage LLC to

22    Mortgage Electronic Registration Systems, Inc. which in any manner

23    constitutes, evidences, relates to, or refers to the promissory note

24    and the trust deed dated August 25, 2006, executed by Albert A.

25    Passaretti, Jr. as trustor in favor of GreenPoint Mortgage Funding,

26    Inc., as beneficiary, recorded on September 1, 2006 in the Office of

27    the Los Angeles County Recorder as instrument no. 06 1954544.

28

    Passaretti's Special Interrogatory No. 14:

1   State the date and substance of each and every

2   correspondence, document or writing sent by Mortgage Electronic

3   Registration Systems, Inc. to GMAC Mortgage LLC which in any

4   manner constitutes, evidences, relates to, or refers to the promissory

5   note and the trust deed dated August 25, 2006, executed by Albert A.

6   Passaretti, Jr. as trustor in favor of GreenPoint Mortgage Funding,

7   Inc., as beneficiary, recorded on September 1, 2006 in the Office of

8   the Los Angeles County Recorder as instrument no. 06 1954544.

9

10   **ISSUES RAISED BY PASSARETTI ON APPEAL TO THE STATE COURT**

11   **OF APPEAL**

12

13   **Judgment and Orders Appealed**

14

15   30.   Passaretti-Appellant preserved the Trial Court's rulings on the

16   following Judgment and Orders:

17   a) Judgment granting GMACM Motion for Summary Judgment.

18   b) Order sustaining GMACM's evidentiary objection numbers 1, 3, 4,

19   5, 7, 8, 10, 12, and 13 to the Declaration of Appellant.

20   c) Order denying Appellant - Passaretti's Motion for Order Compelling

21   GMACM's Further Response to Special Interrogatories.

22   d) Order denying Passaretti - Appellant's Motion for Order Compelling

23   GMACM's Further Response to Request for Production of Documents.

24   e) Order sustaining GMACM's Demurrer to the first, second, and fifth

25   causes of action of the First Amended Complaint ("FAC") without leave to

26   amend.

27   f) Order sustaining GMACM's Demurrer to the second cause of action

28   of the Second Amended Complaint ("SAC") without leave to amend.

## **Grounds of Appeal of Judgment and Orders**

31.   The Judgment granting GMACM's Motion for Summary Judgment is appealed on the following grounds:

1) Passaretti-Appellant's evidence demonstrated that there is a triable issue of fact with respect to estoppel and reliance.

2) Passaretti-Appellant's declaration demonstrated that there is a triable issue of fact regarding the implementation of the permanent or trial loan modification.

3) The Trial Court had already decided the motion for summary judgment before argument and denied Passaretti-Appellant's discovery motions before argument.

4)  The Trial Court weighed the credibility of the evidence to make its determination in ruling on the motion for summary judgment.

5) The Trial Court should have allowed a brief continuance of the motion for summary judgment to allow the discovery so that Passaretti - Appellant could obtain evidence that GMACM was not and is not the assignee of the note and trust deed.  This is not a question of producing the much touted original note and trust deed.  The question here is much more fundamental.  Was the note and trust deed actually assigned to GMACM ? If the note and trust deed were not assigned, should the reviewing Court allow GMACM to claim it was the foreclosing beneficiary when in fact it was not ?  If there were an assignment why did GMACM never record the assignment ?

6) GMACM's motion for summary judgment never stated as a material fact that GMACM was the owner of the note and trust deed, except for the recital in the trustee's deed upon sale which claims that GMACM was the foreclosing beneficiary.

1    32.  The Order sustaining GMAC's evidentiary objections numbers 1,

2  3, 4, 5, 7, 8, 10, 12, and 13 to the Declaration of Appellant is appealed

3  on the following grounds:

4          1) Appellant's declaration accurately sets for the substance of

5  the First Cause of Action of the Third Amended Complaint.  The declaration

6  is based on personal knowledge and describes facts and events within the

7  observed by Appellant and are admissible into evidence.

8    33.  The Order denying Passaretti - Appellant's Motion for Order

9  Compelling GMACM's Further Response to Special Interrogatories is

10  appealed on the following grounds:

11          1)  Passaretti - Appellant's discovery was based on then newly

12  acquired information received from a real estate broker that Lehman

13  Brothers was the owner of the note and trust deed.  As noted, Passaretti is

14  not and was not questioning the whereabouts of the original, paper, note

15  and trust deed.  Passaretti asserts  that the note and trust deed were never

16  assigned to GMAC, or if purportedly assigned, the assignment was a fraud

17  on the United States Bankruptcy Court and a fraud on the Lehman Brothers'

18  creditors.[2]

19

20          [2]  Footnote No. 2:

21  *Lehman Brothers was in Bankruptcy, it could not transfer its interest in the note and trust deed, any such*

22  *transfer would be a violation of bankruptcy code.   The Lehman Brothers bankruptcy was the largest ever*

23  *in the United States. According to Reuters Lehman Brothers has emerged on or about March 1, 2012 from*

24  *bankruptcy in what Reuters called on March 6, 2012 a $639,000,000,000.00 (six-hundred-and-thirty-nine-*

25  *billion-dollar) restructuring, which calls for a $65,000,000,000.00, (sixty-five-billion-dollar) distribution*

26  *to creditors who filed $300,000,000,000.00 (three-hundred-billion-dollars),  in claims.*

27          *Lehman Brothers' Chapter 11 Bankruptcy filed in the United States Bankruptcy Court, New*

28  *York District, on September 15, 2008 prevented transfer or assignment of the note and trust deed to GMAC*

*and therefore any attempted transfer or assignment of the note and trust deed was illegal and a fraud on*

1    The Trial Court was doubtful about Appellant's challenge MERS

2    probably based on the legislature's failure to rectify the banks' unilateral

3    creation of MERS to disregard well established requirements of recording

4    real estate transactions.

5    34.    This is not an issue raised by *Ferguson v. Avelo Mortg. LLC*, 195

6    Ca. Ap. 4th, 1618 (2d Dist. 2011, as modified (June 20, 2011). It is not a

7    question of whether MERS held the original note but was the note ever

8    assigned to GMACM, as GMACM claims it was ? The fact is there was no

9    assignment, MERS did not even take the time or the trouble to bother with

10    an assignment. There was no assignment by MERS or anyone else.

11    35.    The Order denying Passaretti's Motion for Order Compelling

12    GMACM's Further Response to Request for Production of Documents is

13    appealed on the following grounds:    Passaretti - Appellant relies on the

14    same grounds set forth immediately above under the sub-heading of

15    Appellant's Motion to Compel GMAC's Further Response to Special

16    Interrogatories.

17    36.    The Order sustaining GMAC's Demurrer to the first, second, and

18    fifth causes of action of the First Amended Complaint ("FAC") without leave

19    to amend is appealed on the following grounds:

20

21    the United States Bankruptcy Court and a fraud on the Lehman Brothers Bankruptcy creditors. If GMAC

22    was not the assignee then it is impossible for the trustee's foreclosure sale to have been properly conducted.

23    Would this Court of Appeal affirm the judgment knowing that there was no assignment of

24    the note and trust deed to GMAC, knowing that GMAC was not the assignee of the note and trust deed ?

25    Would this Court of Appeal affirm the judgment knowing that there was an improper transfer or purported

26    transfer from the United States Bankruptcy Court to GMAC in violation of the United States Code and a

27    fraud on creditors ? Appellant should have an opportunity to present the evidence of improper transfer and

28    fraud on Lehman Brothers' creditors to the Trial Court and let the Trial Court decide ?    [end foot note no.

2]

1    1) As to the fifth cause of action for Violation of MERS, GMAC's
2  failure to record the purported assignment of the promissory note and trust
3  deed is a breach of the contractual terms of the trust deed or a violation of
4  statute, regardless of the name of the cause of action. GMAC offered a
5  complete recorded history of the ownership of the note and trust deed for
6  Judicial Notice which the Trial Court granted.  There was no assignment.

7    2) Passaretti - Appellant's allegation that GMAC failed to record
8  the assignment of the note and trust deed transferring the loan to GMAC
9  carries the inference that the note and trust deed were in fact not assigned.

10    3) The Trustee's Deed Upon Sale is GMAC's fraudulent
11  representation that GMAC was the foreclosing beneficiary and the assignee
12  of the note and trust deed, and had a right to credit bid on its own behalf at
13  the private foreclosure sale, a sale that was conducted by the wholly owned
14  subsidiary of GMAC.

15    5) Whether the Second Cause of Action of the First Amended
16  Complaint is labeled 'breach of contract' or 'violation of statute' the
17  allegations state a cause of action for recovery of the property.

18    6) The second  cause of action states a cause of action for
19  violation of public policy.  The Trial Court took a limited view of the
20  application of Public Policy.   The Trial Court ruled that the only thing Public
21  Policy does is to make a contract void and further ruled that since the
22  second cause of action alleged breach of the contract, that was alleged to
23  be the violation of Public Policy there no cause of action. Public Policy is a
24  much broader concept than allowed by the Trial Court.  It was GMAC's
25  failure to comply with Public Policy, and GMAC's refusal to comply with the
26  mandate of Public Policy that established the second cause of action.

27

28

37.  The Order sustaining GMACM's Demurrer to the second cause of action of the Second Amended Complaint ("SAC") without leave to amend is appealed on the following grounds:

1) The sufficiency of the Second Cause of Action for violation of Business and Professions Code 17200 is dependent on the decision of this court with respect to the other causes of action, and is dependent on the result of this appeal.

## CONCLUSION

**WHEREFORE**, Based on the foregoing, it is respectfully requested that this Bankruptcy Court overrule Debtors' Objections to Passaretti's Claim and Order Debtors' to provide further response to Requests for Production of Documents and Special Interrogatories.

Dated: October 22, 2013

Rosenberg, Musso & Weiner
26 Court Street, Suite 2211
Brooklyn, New York 11242-1125

By: _____
Bruce Weiner, Esq.
Attorney for Creditor Albert Passaretti