Hearing Date: November 7, 2013 at 2:00 p.m.
ISGN Agreed Response Deadline: October 22, 2013 at 4:00 p.m.

**BALLARD SPAHR LLP**
Sarah Schindler-Williams
1735 Market St, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Counsel for ISGN Solutions, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
In re:                                                  : Chapter 11
                                                        :
Residential Capital, LLC, et al.,                       :
                                                        :
                                                        : Case No. 12-12020 (MG)
            Debtors.                                    :
                                                        :
                                                        : Jointly Administered
------------------------------------------------------- x

### ISGN SOLUTION INC.'S RESPONSE TO DEBTORS' FORTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKING TO REDUCE AND ALLOW ISGN SOLUTION INC.'S PROOF OF CLAIM NO. 5688

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

ISGN Solutions, Inc. ("**ISGN**"), by and through its undersigned counsel, submits this response (the "**Response**") to the Debtors' Forty-Fourth Omnibus Objection to Claims [Dkt. No. 5152] filed on September 20, 2013 (the "**Claim Objection**"),[1] which, with respect to the filed claim of ISGN [Claim No. 5688] (the "**Proof of Claim**"), sought to reduce and allow the Proof of Claim in the amount of $56,133.33. In support of the Response, ISGN respectfully states as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Claim Objection.

**RELEVANT BACKGROUND**

1.      On or about June 14, 2010, ISGN and non-Debtor Ally Financial Inc. ("**Ally**") executed that certain Master Services Agreement (the "**MSA**") and that certain Statement of Work (the "**GMAC SOW**"), under which ISGN agreed to provide the services described therein to Ally and its affiliates, including, specifically, Debtor GMAC Mortgage, LLC ("**GMAC**").

2.      On or about November 16, 2012, ISGN filed the Proof of Claim asserting unpaid amounts due and owing for prepetition services owed by GMAC under the GMAC SOW totaling at least $263,292.00.

3.      On September 20, 2013, the Debtors filed the Claim Objection seeking to reduce the Proof of Claim to $56,133.33 due to "post-petition invoices paid in ordinary course of business." *See* Claim Obj. at Ex. D. The Claim Objection notes that this claimed reduction is based upon "review of the claimants' supporting documentation and the Debtors' books and records," however, the Claim Objection does not attach any supporting exhibits from the Debtor's own books and records. Claim Obj. at ¶ 37.

4.      In subsequent discussions with ISGN, Debtors' counsel has clarified that this reduction is in fact premised upon a variety of factors, including (1) a reduction of approximately $180,729 for amounts asserted to be owing by Ally under the MSA and the GMAC SOW, and wrongly attributed to GMAC (the "**Disputed Amount**"); (2) a reduction for 2012 payments made by the Debtors and/or Ally in the amount of $18,503.26 (the "**2012 Payments**"); and (3) a reduction for amounts paid in 2011 in the amount of $7,926.00 (the "**2011 Payments**").

**RESPONSE AND RESERVATION OF RIGHTS**

5.      ISGN has determined that it received the 2012 Payments, but has no record of the 2011 Payments.

6. Counsel for the Debtors has indicated that they will attempt to provide further documentation and/or support for the 2011 Payments and the assertion that the Disputed Amount is in fact an obligation of Ally but, to date, ISGN has not received such further documentation.

7. The Proof of Claim should be allowed in the full amount, less the 2012 Payments, unless and until the Debtors can provide additional evidence of payment of the 2011 Payments, and provide support for the assertion that the Disputed Amount is in fact owed by Ally.

8. Further, as and to the extent that the Disputed Amount is in fact due from Ally or another non-debtor entity, ISGN reserves all of its rights with respect to payment of such Disputed Amount from Ally or such other entity.

WHEREFORE, for all the reasons stated herein, ISGN respectfully requests that the Court deny the reduction of the Proof of Claim except as specifically set forth herein.

Dated: October 22, 2013

                                        BALLARD SPAHR LLP

                                      */s/ Sarah Schindler-Williams*
                                      Sarah Schindler-Williams
                                      1735 Market St, 51st Floor
                                      Philadelphia, PA 19103
                                      Telephone: (215) 665-8500
                                      Facsimile: (215) 864-8999
                                      schindlerwilliamss@ballardspahr.com

                                      *Counsel for ISGN Solutions Inc.*