WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Stewart Title Guaranty Company, subrogee of
Trust Company of America c/f Herb Rikelman
1133 Westchester Avenue
White Plains, New York 10604-3407
Tel. 914-872-7104
David L. Tillem, Esq.
david.tillem@wilsonelser.com

**Hearing Date: November 7, 2013**
**Hearing Time: 2:00 P.M.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                            :    Chapter 11
                                                  :
                                                  :    Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,                 :
                                                  :
                                                  :
                    Debtors.                      :
------------------------------------------------------------x

## RESPONSE OF STEWART TITLE GUARANTY COMPANY TO DEBTORS' FIFTIETH OMNIBUS OBJECTIONS TO CLAIMS WITH RESPECT TO CLAIM NO. 1400

Stewart Title Guaranty Company, subrogee of Trust Company of America c/f Herb Rikelman, by its attorneys Wilson Elser Moskowitz Edelman & Dicker LLP, by David L. Tillem, Esq., in response to the Debtors' Fiftieth Omnibus Objections to Claims (the "Objection"), respectfully states as follows:

1. Trust Company of America c/f Herb Rikelman timely filed its proof of claim, Claim No. 1400, on October 18, 2012. A copy of the Proof of Claim, with its attached exhibits (the Complaint (defined below)), is annexed hereto as Exhibit "A."

2. The Debtors' stated basis for its Objection to Claim No. 1400 is "Liability Not Reflected in Debtors Books and Records."

1
4782005.1

3. On May 25, 2011, an action was filed by Stewart Title Guaranty Company's subrogor in the Superior Court of the State of California in and for the County of Los Angeles – Central, Case No. BC462215, entitled Trust Company of America c/f Herb Rikelman, Plaintiff vs. Residential Funding Company, LLC f/k/a Residential Funding Company; Executive Trustee Services, LLC d/b/a ETS Services, LLC; All Persons Unknown Claiming Any Legal or Equitable Right, title, Estate, Lien or Interest Adverse to Plaintiff's Title to the Subject Property or Any Cloud on Plaintiff's Title Thereto; and Does 1-100, inclusive, Defendants (collectively Defendants' shall hereinafter be referred to as "Residential Funding") to: 1) Quiet Title; 2) for Declaratory Relief; and 3) for Equitable Subrogation. Stewart Title Guaranty Company is the subrogee of the plaintiff, Trust Company of America c/f Herb Rikelman (hereinafter "Rikelman"). A copy of the complaint filed in the Superior Court, with its annexed exhibits (the "Complaint"), is attached as a part of Exhibit A.

4. The salient facts and the timeline of events do not appear to be in dispute. The real property at issue is commonly known as 150 Fantasy Street, Palmdale, California 93551 (the "Property").

5. On December 23, 2004, a Deed of Trust was recorded on the Property. See, exhibit 2 to Complaint, Exhibit A hereto. The Trustors on that Deed of Trust were Douglas Gutierrez and Alisha Sanders-Gutierrez and the beneficiary was MERS for Quicken Loans, Inc. (the "Quicken Deed of Trust"). The Quicken Deed of Trust secured an indebtedness of $310,200.00. Upon information and belief, the Quicken Deed of

2
4782005.1

Trust was assigned to Residential Funding Company, LLC f/k/a Residential Funding Corporation ("Residential Funding") by a document recorded January 26, 2011 (the "Residential Deed of Trust").

6. The Residential Deed of Trust was reconveyed, per the land records, and a Substitution of Trustee and Full Reconveyance was recorded on November 4, 2005. See, exhibit 3 to the Complaint, Exhibit A hereto. In effect, the Residential Deed of Trust was removed from the land records.

7. By grant Deed, Yenny Salinas acquired title to the Property and that deed was recorded on April 17, 2007. See, exhibit 1 to the Complaint, Exhibit A hereto.

8. On April 17, 2007, a Deed of Trust was recorded in the Los Angeles County Recorder's Office in favor of Trust Company of America c/f Herb Rikelman (the "Rikelman Deed of Trust"). The Rikelman Deed of Trust secured an indebtedness of $108,000.00. See, exhibit 1 to the Complaint, Exhibit A. Thus, when the Rikelman Deed of Trust was filed on the Property, there was no prior lien in the land records.

9. On June 11, 2009, upon information and belief, without contemporaneous notice to the holder of the Rikelman Deed of Trust, a Repudiation of Substitution and Full Reconveyance and Validation of Filed Deed of Trust was recorded with respect to the Residential Deed of Trust. See, exhibit 3 to the Complaint, Exhibit A.

10. On February 1, 2011 a Notice of Default was recorded with the Los Angeles County Recorder's Office alleging a default on the Residential Deed of Trust.

12. On May 4, 2011, a Notice of Sale was recorded with the Los Angeles County Recorder's Office noticing a foreclosure sale of the Residential Deed of Trust to

3
4782005.1

take place on May 31, 2011.

13.   Plaintiff, Rikelman, contended that when the Rikelman Deed of Trust was recorded, it was the First Deed of Trust on the Property as the Residential Deed of Trust had been previously reconveyed in the Recorder's Office. When the Rikelman Deed of Trust was filed, there was no Deed of Trust filed in the land records to establish the Residential Deed of Trust filed in December 23, 2004. When Residential took the assignment of the Deed of Trust on January 26, 2011, it was clearly and unambiguously on notice of the filing of the Rikelman Deed of Trust from April 17, 2007.

14.   Residential Funding contended that the Substitute Trustee was a stranger to the transaction; that Plaintiff, Rikelman, knew or should have known the reconveyance was improper and invalid on the ground it was outside the chain of title and consequently Rikelman could not be a bona fide encumbrancer when he recorded the Deed of Trust in 2007. This question of fact has never been determined by any court.

15.   In a decision filed May 15, 2012, the Superior court denied the parties' cross motions for summary judgment holding there were questions of fact – on both sides. See, Order Denying Summary Judgment filed May 15, 2012, a copy of which is annexed as Exhibit "B."

16.   Rikelman attempted to stop the sale by seeking a preliminary injunction in the Los Angeles Superior Court. A hearing was held on June 30, 2011. The application for an injunction was denied and the foreclosure sale proceeded on February 3, 2012. No determination concerning priority of liens or validity of liens was made by the Superior Court. The Property was conveyed to Residential Funding Corporation pursuant to a trustee's deed upon the foreclosure sale.

17. Residential Funding Corporation contends that the purported junior lien, i.e. the Rikelman Deed of Trust, was extinguished by the foreclosure sale.

18. Rikelman contends that its Deed of Trust was superior and therefore not extinguished by the foreclosure sale.

19. The amount owed on the Rikelman Deed of Trust exceeds $150,000.00. Upon information and belief, the likely value of the Property was approximately $122,000.00.

20. On or about May 25, 2011, Plaintiff commenced an action in the Superior Court of the State of California in and for the County of Los Angeles – Central District, seeking Declaratory Relief, to Quiet Title and for Equitable Subrogation (the "Rikelman Action").

21. On May 14, 2012, Residential Funding Company, LLC, et al., filed for relief under chapter 11 of Title 11, the United States Bankruptcy Code.

22. As a result of the bankruptcy filing the Rikelman Action was stayed pursuant to *11 U.S.C. sec 362(a)* and the issues raised in that action have never been determined.

23. It is Rikelman's understanding that Residential bid in its Deed of Trust at the foreclosure sale. If Rikelman's Deed of Trust was superior to the Residential Deed of Trust, then either all proceeds realized by Residential from the foreclosure sale, or the value of the Property, should have been remitted to Rikelman. That amount, up to the full amount owed to Rikelman under his Deed of Trust, is subject to Rikelman's Deed of Trust as proceeds of the conveyance or transfer of the Property.

WHEREFORE, Stewart Title Guaranty Company, as subrogee of Trust Company of America c/f Herb Rikelman, respectfully requests that the Objection of Residential to the Rikelman claim, Claim 1400, be denied and for such other and further relief as the Court deems just and proper.

Dated: October 22, 2013
      White Plains, New York

                                      David L. Tillem

To: See the Attached Service List

6
4782005.1

## SERVICE LIST

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Attn.   Gary S. Lee, Esq.
        Norman S. Rosenbaum, Esq.
        Jordan A. Wishnew, Esq.


Kramer Levin Naftalis & Frankel, LLP
1117 Avenue of the Americas
New York, New York 10036
Attn.   Kenneth H. Eckstein, Esq.
        Douglas H. Mannal, Esq.


Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10006
Attn.   Tracy Hope Davis, Esq.
        Linda A. Riffkin, Esq.
        Brian S. Masumoto, Esq.


Silverman Acampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Attn.   Ronald J. Friedman, Esq.

4782005.1