**EXHIBIT A**



1  SHULMAN BUNN LLP
2  PATRICIA M. SNYDER (SBN 106350)
   patricia@shulmanbunn.com
3  ROBERT S. DAVIS (SBN 89307)
   robert@shulmanbunn.com
4  GEORGE E. WEBER (SBN 220592)
   george@shulmanbunn.com
5  20341 SW Birch Street, Suite 320
   Newport Beach, California 92660
6  T: 949.679.1800
7  F: 949.679.1802

8  Attorneys for Plaintiff Trust Company of America C/F Herb Rikelman

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          IN AND FOR THE COUNTY OF LOS ANGELES - CENTRAL

11

12  TRUST COMPANY OF AMERICA C/F HERB      )  Case No.
13  RIKELMAN,                               )
                                            )  BC462215
14              Plaintiff,                   )  ASSIGNED FOR ALL PURPOSES TO THE
                                            )  HONORABLE Judge MICHAEL L. STERN
15     vs.                                   )
                                            )  Dept. 62
16  RESIDENTAL FUNDING COMPANY, LLC          )
17  f/k/a RESIDENTIAL FUNDING COMPANY;       )  VERIFIED COMPLAINT FOR:
    EXECUTIVE TRUSTEE SERVICES, LLC dba      )    1.  QUIET TITLE
18  ETS SERVICES, LLC; ALL PERSONS           )    2.  DECLARATORY RELIEF
    UNKNOWN CLAIMING ANY LEGAL OR            )    3.  EQUITABLE SUBROGATION
19  EQUITABLE RIGHT, TITLE, ESTATE, LIEN     )
    OR INTEREST ADVERSE TO PLAINTIFF'S       )  INJUNCTIVE RELIEF REQUESTED
20  TITLE TO THE SUBJECT PROPERTY OR         )
    ANY CLOUD ON PLAINTIFF'S TITLE           )
21  THERETO; and DOES 1-100, inclusive,      )
22                                           )
                Defendants.                  )
23

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 25 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
RUCENA LOPEZ

                              1
                      VERIFIED COMPLAINT

11-0340P

1    COMES NOW PLAINTIFF, TRUST COMPANY OF AMERICA C/F HERB

2    RIKELMAN, and for its Complaint alleges:

3                              **GENERAL ALLEGATIONS**

4        1.        Plaintiff is informed and believes and thereon alleges that Defendant

5    RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING COMPANY

6    ("Residential Funding") is a Delaware Limited Liability Company doing business in California.

7        2.        Plaintiffs are informed and believe and thereon allege that Defendant EXECUTIVE

8    TRUSTEE SERVICES, LLC, dba ETS SERVICES, LLC ("ETS") is a Delaware Limited Liability

9    Company doing business within the State of California.

10       3.        The real property which is the subject of this action is legally described as:

11                 LOT 1 OF TRACT NO. 46037 IN THE CITY OF PALMDALE,

12                 COUNTY OF LOS ANGELES, STATE OF CALIFORNIA AS PER

13                 MAP RECORDED IN BOOK 1259 PAGES 92 TO 95 INCLUSIVE OF

14                 MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID

15                 COUNTY.

16                 EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER

17                 HYDROCARBONS, BELOW A DEPTH OF 500 FEET, WITHOUT

18                 THE RIGHT OF SURFACE ENTRY, AS RESERVED IN DEEDS OF

19                 RECORD.

20                 ALSO EXCEPTING THEREFROM 50% OF ALL OIL, GAS AND

21                 HYDROCARBON SUBSTANCES AND OIL, GAS AND

22                 HYDROCARBON RIGHTS IN RELATION THERETO, AS

23                 RESERVED BY JOHN G. RITTER AND MARGARET RITTER, IN

24                 DEED RECORDED JULY 26, 1950 AS INSTRUMENT NO. 173 IN

25                 BOOK 33786 PAGE 29.

26    and more commonly described as 150 Fantasy Street, Palmdale, California 93551 (the

27    "Subject Property")

28    ///

                                    2

                         VERIFIED COMPLAINT

1    4.    Plaintiffs do not know the true names or capacities of those Defendants sued herein

2 as all Persons Unknown, Claiming any Legal or Equitable Right, Title, Estate, Lien or Interest in

3 the Subject Property adverse to Plaintiffs' interest, or any Cloud on Plaintiffs' Title thereto and

4 DOES 1 through 100, inclusive, and therefore sues them by those fictitious names. When the true

5 name and capacity of any DOE Defendant has been ascertained, Plaintiffs will amend their

6 Complaint accordingly. Plaintiffs are informed and believe and on that basis allege that each of the

7 fictitiously named Defendants claim, or may claim, some interest in the Subject Property. All

8 references herein to "Defendant" or "Defendants" are intended to include, without limitation, each

9 of the fictitiously named Defendants in addition to the named Defendants.

10    5.    On information and belief, at all times herein material, Defendants and each of them

11 were the agents of their Co-Defendants and, in doing all of the things alleged herein were acting

12 within the course, scope and authority of said agency and are liable for the actions of their

13 codefendants for such actions within said course and scope. The particulars as to the said agency

14 are known to Defendants and, to a varying extent are either unknown, or unknown in their entirety,

15 to Plaintiffs who accordingly reserves the right to assert such particulars as to said agency as

16 investigation and discovery may disclose.

17    6.    By Grant Deed, Yenny Salinas acquired title to the Subject Property. That Deed

18 was recorded on April 17, 2007, as Instrument No. 0914785.

19    7.    On April 17, 2007, a Deed of Trust recorded in the Los Angeles County Recorder's

20 Office as Instrument Number 2007-0914786 in favor of Trust Company of America c/f Herb

21 Rikelman ("Rikelman Deed of Trust"). The Rikelman Deed of Trust secured an indebtedness of

22 $108,000. A true and correct copy of the Rikelman Deed of Trust is attached hereto as Exhibit "1"

23 and incorporated herein by this reference.

24    8.    Prior to that time, a Deed of Trust had recorded on the Subject Property on

25 December 23, 2004, as Instrument No. 04-3329537. The Trustors on that Deed of Trust were

26 Douglas Gutierrez and Alisha Sanders-Gutierrez and the beneficiary was MERS for Quicken

27 Loans, Inc. The Quicken Deed of Trust secured an indebtedness of $310,200. Attached hereto as

28 Exhibit "2" is a true and correct copy of the Quicken Deed of Trust. The Quicken Deed of Trust

3

11-0340P




1   was assigned to Residential Funding Company, LLC f/k/a Residential Funding Corporation by

2   document recorded on January 26, 2011, as Instrument No. 2011-0141620 (the "Residential Deed

3   of Trust").

4       9.    Thereafter, the Residential Deed of Trust was reconveyed when a Substitution of

5   Trustee and Full Reconveyance was recorded on November 4, 2005, as Instrument No. 052681461.

6   Attached hereto as Exhibit "3" and incorporated herein by this reference is a true and correct copy

7   of the reconveyance of the Residential Deed of Trust.

8       10.    Thus, when the Rikelman Deed of Trust recorded, it was a first Deed of Trust on the

9   Subject Property and the Residential Deed of Trust had been reconveyed.

10       11.    Thereafter, on June 11, 2009, a Repudiation of Substitution and Full Reconveyance

11   and Validation of Filed Deed of Trust was recorded with respect to the Residential Deed of Trust.

12   Attached hereto as Exhibit "4" is a true and correct copy of the Repudiation.

13       12.    On February 1, 2011, a Notice of Default was recorded with the Los Angeles

14   County Recorder's Office as Instrument No. 2011-0171846 by ETS alleging a default on the

15   Residential Deed of Trust.  A true and correct copy of said Notice of Default is attached hereto as

16   Exhibit "5."

17       13.    On May 4, 2011 a Notice of Sale was recorded with the Los Angeles County

18   Recorder's Office as Instrument Number 2011-0637483 noticing a foreclosure sale of the

19   Residential Deed of Trust to take place on May 31, 2011, at the front entrance to the Norwalk

20   Superior Court Building, 12720 Norwalk Boulevard, Norwalk, California at 10:30 a.m.  A true and

21   correct copy of said Notice of Sale is attached hereto as Exhibit "6".

22                   **FIRST CAUSE OF ACTION**

23               **(Quiet Title Against All Defendants)**

24       14.    Plaintiff realleges, and incorporates herein by this reference, the allegations contained

25   in paragraphs 1 -13, inclusive, of this Complaint as through set forth in full.

26       15.    Plaintiff, at the time it acquired interest in the Subject Property, were unaware of any

27   claim of interest in the Subject Property and specifically were unaware of the Residential Deed of

28

4

VERIFIED COMPLAINT

11-0240R

1 | Trust. Because of the reconveyance of the Residential Deed of Trust it conferred no constructive

2 | notice to Plaintiff.

3 |     16.    Plaintiff is a bona fide encumbrancer of the Subject Property, and acquired its interest

4 | free and clear of any claims of a senior interest by the Residential Deed of Trust. Plaintiff seeks to

5 | quiet title to its interest in the Subject Property as of April 17, 2007.

6 | **SECOND CAUSE OF ACTION**

7 | **(Declaratory Relief Against All Defendants)**

8 |     17.    Plaintiff realleges, and incorporates herein by this reference, the allegations contained

9 | in paragraphs 1 -16, inclusive, of this Complaint as through set forth in full.

10 |     18.    An actual controversy has arisen and now exists between Plaintiff and Defendants

11 | regarding their respective rights in the Subject Property in that Plaintiff contends the Residential

12 | Deed of Trust is a junior lien with regard to the Subject Property, whereas Defendants, on

13 | information and belief, contend that the Residential Deed of Trust is a senior lien.

14 |     19.    Plaintiffs desire a judicial determination of the parties' respective rights in the

15 | Subject Property, and a declaration that the Residential Deed of Trust is junior to the Rikelman

16 | Deed of Trust.

17 |     20.    A judicial declaration is necessary and appropriate at this time under all the

18 | circumstances so that the parties may determine their respective rights in the Subject Property.

19 | **THIRD CAUSE OF ACTION**

20 | **(Equitable Subrogation)**

21 |     21.    Plaintiff realleges, and incorporates herein by this reference, the allegations contained

22 | in paragraphs 1 -20, inclusive, of this Complaint as through set forth in full.

23 |     22.    Plaintiff is informed and believes and thereon alleges that a portion of the proceeds

24 | of the loan by which it acquired its interest in the Subject Property were used to benefit and/or

25 | improve the Subject Property.

26 |     23.    The monies used to benefit the Subject Property are senior to that of any interest

27 | claimed by the Residential Deed of Trust.

28 |

5

11-0340P

24.     Plaintiff is therefore entitled to an equitable lien against the property senior to any interest of Quicken Deed of Trust.

WHEREFORE, Plaintiff pray for judgment against Defendants, and each of them, as follows:

## FIRST CAUSE OF ACTION

### (Quiet Title)

1.      For judgment quieting title in favor of Plaintiff as of April 17, 2007;

2.      For a temporary restraining order, preliminary injunction or permanent injunction adjoining and restraining all Defendants, their agents, servants, employees and all other persons with actual knowledge of such order from engaging in, committing, or performing, directly or indirectly, any and all of the following acts:

    a.     Selling, transferring, conveying any ownership interest in or further encumbering the real property located at 150 Fantasy Street, Palmdale, California 93551.

    b.     Attempting to take any action to foreclose on the Subject Property, including but not limited to, exercising the power of sale under the Deed of Trust recorded in Los Angeles County as Instrument No. 2004-3329537 on December 23, 2004;

3.      For Plaintiff's costs of suit incurred herein;

4.      For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

1.      For a judicial determination of the parties' respective rights in the Subject Property, and a declaration that Plaintiff's interest in the Subject Property is senior of any interest claimed by Residential Funding Company;

2.      For a temporary restraining order, preliminary injunction or permanent injunction adjoining and restraining all Defendants, their agents, servants, employees and all other persons with actual knowledge of such order from engaging in, committing, or performing, directly or

6

VERIFIED COMPLAINT

1   indirectly, any and all of the following acts:

2       a.    Selling, transferring, conveying any ownership interest in or further

3             encumbering the real property located at 150 Fantasy Street, Palmdale,

4             California 93551.

5       b.    Attempting to take any action to foreclose on the Subject Property, including

6             but not limited to, exercising the power of sale under the Deed of Trust

7             recorded in Los Angeles County as Instrument No. 2004-3329537 on

8             December 23, 2004;

9   3.    For Plaintiff's costs of suit incurred herein;

10  4.    For such other and further relief as the Court may deem just and proper.

11              **THIRD CAUSE OF ACTION**

12                (Equitable Subrogation)

13  1.    For an equitable lien against the Subject Property in excess of the jurisdictional

14        minimum of this court in an amount to be determined according to proof;

15  2.    For Plaintiff's costs of suit incurred herein;

16  3.    For such other and further relief as the Court may deem just and proper.

17                          SHULMAN BUNN LLP

18

19  Date: May 24 , 2011

20                          PATRICIA M. SNYDER
                            ROBERT S. DAVIS
21                          GEORGE E. WEBER
                            Attorneys for Plaintiff

22

23

24

25

26

27

28

                                7

                        VERIFIED COMPLAINT

**VERIFICATION**

I, the undersigned, certify and declare that I have read the foregoing **VERIFIED COMPLAINT FOR QUIET TITLE; DECLARATORY RELIEF; EQUITABLE SUBROGATION** and know it contents. The statement following the box checked is applicable.

[X]    I am a party to this action. The matters stated in the document described above are true of my knowledge and belief except as to those matters stated on information and belief, and as to those matters I believe them to be true.

[ ]    I am [ ] an officer [ ] a partner [ ] of _____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the document described above are true.

[ ]    I am the attorney, or one of the attorneys for _____, a party to this action. Such party is absent from the county where I or such attorneys have their offices and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of that party. I am informed and believe and on that ground allege that the matters stated in said document are true.

Executed on May _2 0_ , 2011, at _Lake Forest_ California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
HERB RIKELMAN

8

11-0340P

**EXHIBIT "1"**

**CALIFORNIA COUNTIES TITLE CO.**
Recording Requested By:
LAKESIDE FINANCIAL INC.

And After Recording Return To:
LAKESIDE FINANCIAL INC.
2102 BUSINESS CENTER DR. #130
IRVINE, CALIFORNIA 92612

04/17/07

**20070914786**

*APN: 3005-047-001*

*3070623* _____ [Space Above This Line For Recording Data] _____

Loan No.: 07111
Title Order No.: 3070623

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS FOR HOME EQUITY REVOLVING LINE OF CREDIT

THIS DEED OF TRUST made this 11th day APRIL, 2007                    between
YENNY SALINAS, AN UNMARRIED WOMAN

whose address is: 150 FANTASY ST., PALMDALE, CALIFORNIA 93551

Herein called TRUSTOR

, and

LAKESIDE FINANCIAL INC
herein called TRUSTEE and TRUST COMPANY OF AMERICA C/F HERBERT RIKELMAN,
ACCT #66961
, whose address is

POB 6580, ENGLEWOOD, COLORADO 80155-6580

herein called BENEFICIARY.

Witnesseth, That TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN
TRUST, WITH POWER OF SALE that property in LOS ANGELES, COUNTY
described as (the "Property"):
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 3005-047-001

Borrower Initials:

LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS FOR
HOME EQUITY REVOLVING LINE OF CREDIT
01/28/06                                        Page 1 of 5

TOGETHER WITH the rents, issues and profits thereof. SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary in Paragraph 10 below to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING:
    (A)    Performance of each agreement of Trustor contained in this Deed of Trust.
    (B)    Payment of the indebtedness evidenced by a Home Equity Credit Line Revolving Loan Agreement (hereinafter referred to as "AGREEMENT") of even date herewith in the initial principal amount of $ 108,000.00 , but subject to increase to a maximum of $ 135,000.00 , executed by Trustor in favor of Beneficiary or order, and any extension or renewal thereof. The AGREEMENT is a revolving line of credit enabling the Trustor to redraw sums previously repaid, to be secured hereby, pursuant to the terms of the AGREEMENT and this Deed of Trust.
STATEMENT OF OBLIGATION: Beneficiary may collect the then maximum fee provided by Section 2943 of the California Civil Code for furnishing a statement of obligation.
TRANSFER: If Trustor voluntarily sells or conveys the above-described Property, fully or partially, or any interest in it or, by some act or means divest themselves of title to the Property without obtaining the written consent of Beneficiary, Trustor shall be in default and Beneficiary may, at its option, declare the entire unpaid balance of the loan and accrued but unpaid interest immediately due and payable.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR ALSO AGREES:
    (1)    To keep the Property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said Property or requiring any alteration or improvement to be made thereon; not to commit or permit waste thereon; not to commit, suffer or permit any act upon said Property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said Property may be reasonably necessary, the specific enumeration herein not excluding the general.
    (2)    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to it and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
    (3)    To appear in and defend any action or proceeding purporting to alter the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including costs of evidence of title and attorney's fees in a reasonable sum in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to enforce this Deed of Trust.
    (4)    To pay at least ten days before delinquency all taxes and assessments affecting said Property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said Property or any part thereof, which appear to be prior to or superior hereto; and all costs, fees and expenses of this Trust. Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said Property for such purpose, appear in and defend any action or proceeding purport to affect the security hereof or the rights or powers of Beneficiary or Trustor, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be proper or superior hereto, and in exercising any such power, pay necessary expenses, employ counsel and pay his reasonable fees.
    (5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with finance charges from date of expenditure at the applicable Annual Percentage Rate in the AGREEMENT, and to pay for any

Borrower Initials: _____ _____ _____ _____ _____ _____

LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS FOR
HOME EQUITY REVOLVING LINE OF CREDIT
01/26/06          Page 2 of 5

07  091478 6

LOS ANGELES,CA    Document: TD 2007.914786
Printed on 4/15/2008 1:37:54 PM    Provided by Data Trace System

Page 3 of 7

statement provided by laws in effect at the date hereof regarding the obligation secured hereby any amount demanded by Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)    That any time and from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed of Trust and said AGREEMENT for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said Property; consent to the making of any map or plat thereof; join in granting any easement thereon or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)    That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed of Trust and said AGREEMENT to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder.  The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as, "the person or persons legally entitled thereto."  Five years after issuance of such full reconveyance, Trustee may destroy said AGREEMENT and the Deed of Trust unless directed in such request to retain them.

(10)    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said Property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person or by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said Property or any part hereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including attorney's fees upon any indebtedness secured hereby, and in such order as Beneficiary may determine.  The entering upon and taking possession of said Property, the collection of such rents, issues and profits and the application thereof as aforesaid shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11)    That upon default by Trustor under the AGREEMENT, Beneficiary may declare all sums secured hereby immediately due and payable by delivering to Trustee a written declaration of default and demand for sale and a written notice of default and election to cause to be sold said Property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall deposit with Trustee this Deed of Trust, the AGREEMENT and all documents evidencing expenditures secured hereby.  After the lapse of such time as may then be required by law following recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand upon Trustor, shall sell the Property at the time and place fixed by or in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of Sale.  Trustee may postpone sale of all or any portion of said Property by public announcement at the time fixed by the preceding postponement.  Trustor shall deliver to such purchaser its deed conveying the Property, but without covenant or warranty, express or implied.  The recitals in such deed of any matters of fact shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary, as hereinafter defined, may purchase at such sale.  After deducting all costs, fees and expenses of Trustor and of this Trust, including costs of evidence of title in connection with sale, Trustor shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued finance charges at the applicable Annual Percentage Rate in the AGREEMENT; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

Borrower Initials

LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS FOR
HOME EQUITY REVOLVING LINE OF CREDIT
01/26/06                                        Page 3 of 5

(12)  Beneficiary or any successor in ownership of any indebtedness secured hereby, may from time to time, by an instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instruments executed by Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Such instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page when this Deed of Trust is recorded and the name and address of the new Trustee.

(13)  That this Deed of Trust applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary means the owner and holder, including pledgees, of the AGREEMENT secured hereby, whether or not named as Beneficiary herein.  In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14)  That Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereof of a pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(15)  If this Deed of Trust is secured by condominium, community apartment, stock cooperative leasehold or planned unit development, Trustor agrees to comply with all recorded declaration of covenants, conditions and restrictions, association bylaws, and association rules and regulations, and, upon written request from Beneficiary, to enforce the same as against other owners in such developments.

(16)  If the Deed of Trust is secured by a lease, Trustor agrees not to amend, change, modify or waive his or her interest therein, or agrees to do so or to breach the lease without the written consent of Beneficiary.  If this covenant is breached and the security for this Deed of Trust is materially and adversely affected, Beneficiary shall have the option to declare all sums owed under the AGREEMENT and this Deed of Trust, immediately due and payable in full.

**TRUSTOR REQUESTS THAT A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE BE MAILED TO TRUSTOR AT TRUSTOR'S ADDRESS SET FORTH ON THE FRONT OF THIS DEED OF TRUST.**

IN ACCORDANCE WITH SECTION 2924b OF THE CALIFORNIA CIVIL CODE, REQUEST IS HEREBY MADE BY THE TRUSTOR THAT A COPY OF ANY NOTICE OF DEFAULT AND A COPY OF ANY NOTICE OF SALE UNDER DEED OF TRUST RECORDED ON
in Book _____ Page _____  Official Records of
County (or filed for record with Recorder's Serial Number _____ of same County)
California affecting the Property described on the front of this instrument executed by

as Trustor in which

is named as Beneficiary, and

as Trustee, be mailed to

at

Borrower Initials: _____

LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS FOR
HOME EQUITY REVOLVING LINE OF CREDIT
01/26/06                                    Page 4 of 5

SIGNATURES OF TRUSTOR(S):

b

YENNY SALINAS

STATE OF CALIFORNIA                    )
                                       ) ss.
COUNTY OF LOS ANGELES                  )

On  4/12/07                        before me.  Julia Jiirscu
                                            , notary public, personally appeared

YENNY SALINAS

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

JULIA ILIESCU
Commission # 1644304
Notary Public - California
Los Angeles County
My Comm. Expires Feb 10, 2010

_____
Signature of Notary Public

LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS FOR
HOME EQUITY REVOLVING LINE OF CREDIT
01/26/06                            Page 5 of 5

07 0914786

1

**EXHIBIT A**

LOT 1 OF TRACT NO. 46037, IN THE CITY OF PALMDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1259 PAGES 92 TO 95, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID PROPERTY, BUT WITH NO RIGHT OF SURFACE ENTRY, AS PROVIDED IN DEED RECORDED SEPTEMBER 7, 1977 AS INSTRUMENT NO. 77-987744, OF OFFICIAL RECORDS.

**EXHIBIT "2"**

11/06/2006 16:57 FAX                                                    @006/011

▲                This page is part of your document- DO NOT DISCARD                ▲

04 3329537

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**12/23/04 AT 08:00am**

**TITLE(S) :** _____

▲                                                                          ▲

LEAD SHEET

FEE                                                          D.T.T



CODE
20        D.A. FEE Code 28        $ 2.00
CODE
19
CODE
9 ____

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.        **Number of AIN's Shown**

THIS FORM NOT TO BE DUPLICATED                              ▲

11/08/2008 16:57 FAX                                                      ☒007/011

Recording Requested By:
**ORANGE COAST TITLE**

12/23/04

04 3329537

Recording Requested By
See 'Return To ' name

Return To
Sharye Lichty
Quicken Loans Inc
20555 Victor Parkway
Livonia MI 48152

Prepared By
Anenette Grehan

**60624606**

————————— [Space Above This Line For Recording Data] —————————

# DEED OF TRUST                               4674167399

MIN 100039046741673590

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21  Certain rules regarding the usage of words used in this document are
also provided in Section 16

(A) "Security Instrument" means this document, which is dated    December 18, 2004
together with all Riders to this document
(B) "Borrower" is Douglas Gutierrez and Alisha Sanders-Gutierrez, husband and
wife, as Joint Tenants

Borrower is the trustor under this Security Instrument
(C) "Lender" is Quicken Loans Inc

Lender is a                              Corporation
organized and existing under the laws of        the State of Michigan

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS        Form 3005  1/01

⊕-6A(CA) (0006)        495008487

Page 1 of 15                Initials:  DG  ASG

VMP MORTGAGE FORMS  (800)521-7291

@008/011

12/23/04

3

Lender's address is 20555 Victor Parkway, Livonia, MI  48152

(D) "Trustee" is ORANGE COAST TITLE CO

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P O  Box 2026, Flint, MI 48501-2026, tel  (888) 679-MERS

(F) "Note" means the promissory note signed by Borrower and dated    December 18, 2004
The Note states that Borrower owes Lender Three Hundred Ten Thousand Two Hundred and 00/100                                                                                                       Dollars
(U S $310,200 00       ) plus interest  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than    January 1, 2035
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property"

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower  The following Riders are to be executed by Borrower [check box as applicable]

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers

(M) "Escrow Items" means those items that are described in Section 3

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for  (i) damage to, or destruction of, the Property, (ii) condemnation or other taking of all or any part of the Property, (iii) conveyance in lieu of condemnation, or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument

DG  ASG

-6A(CA) (0207)          Page 2 of 15          Form 3005  1/01

04 3329537

11/06/2006 16:57 FAX                                                    ☒003/011

12/29/04

4

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Los Angeles

[Type of Recording Jurisdiction]                           [Name of Recording Jurisdiction]


SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF
SUBJECT TO COVENANTS OF RECORD


Tax Parcel Num 3005047001


Parcel ID Number
150 Fantasy St                                        which currently has the address of
                          Palmdale                                                [Street]
("Property Address")                      [City], California 93551   [Zip Code]


TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

CA (BARCA) (0206)                        Page 3 of 15           Initials DG        Form 3005 1/01

04 3329537

12/23/04

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ 12/18/2004                    _____
Douglas Gutierrez              Borrower      Alisha Sanders-Gutierrez        Borrower

_____                    _____
                               Borrower                                     Borrower

_____                    _____
                               Borrower                                     Borrower

_____                    _____
                               Borrower                                     Borrower

2003DS  mrs4.pd                     Page 4 of 4

04 3329537

12/23/04

Order No 606246-16

## Exhibit "A"

Lot 1 of tract no 46037 in the City of Palmdale, County of Los Angeles, State of California as per map recorded in book 1259 pages 92 to 95 inclusive of maps, in the Office of the County Recorder of said County

Except therefrom all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in deeds of record

Also excepting therefrom 50% of all oil, gas and hydrocarbon substances and oil, gas and hydrocarbon rights in relation thereto, as reserved by John G Ritter and Margaret Ritter, in deed recorded July 26, 1950 as instrument no 173 in book 33786 page 29, Official Records

04 3329537

**EXHIBIT "3"**

Branch :S17,User :DT01                    Comment:                                    Station Id :CNKY



This page is part of your document - DO NOT DISCARD

**05  2681461**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

3:01 PM  NOV 04  2005

**TITLE(S) :**

**L E A D   S H E E T**

FEE                                                          D.T.T.

| FEE $14 | CC |
|---------|-----|
| DAF $4  |    |
| C-20    | 2T |

CODE
20

CODE
19

CODE
9

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.          Number of AIN's Shown

THIS FORM IS NOT TO BE DUPLICATED

Branch :S17,User :DT01                          Comment:                          Station Id :CNKY

Recording Requested by:
ReconTrust Company, N.A.
175 Countrywide Way
MS: LAN-88
Lancaster, CA 93535-9944
(800) 540-2684

When recorded return to:
DOUGLAS GUTIERREZ
150 FANTASY ST
PALMDALE, CA 93551

05 2681461

Above Space for Recorder's Use
DOCID#0032230762220OSN

## SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS,   DOUGLAS GUTIERREZ
was the original Trustor, under that certain Deed of Trust dated 05/22/2004 and recorded 12/23/2004, as Instrument or Document No. 3329537, in Book N/A, Page N/A, of Official Records of the County of LOS ANGELES, State of California.

WHEREAS, the undersigned, JPMorgan Chase Bank, N.A., (formerly known as JPMorgan Chase Bank), as Trustee for CDC Mortgage Capital Trust 2004-HE3, as the present Beneficiary(s) under said Deed of Trust hereby substitutes a new Trustee, ReconTrust Company, N.A., under said Deed of Trust, and ReconTrust Company, N.A. as Trustee under said Deed of Trust does hereby reconvey, without warranty, to the person or persons legally entitled thereto, the estate now held by Trustee under said Deed of Trust.

Dated: 10/26/2005

New Trustee:
ReconTrust Company, N.A.

Current Beneficiary:
JPMorgan Chase Bank, N.A., (formerly known as JPMorgan Chase Bank), as Trustee for CDC Mortgage Capital Trust 2004-HE3 , by Countrywide Home Loans, Inc., as Servicer

Rosita Pascacio
Assistant Secretary

Kathy Thornbury
Assistant Secretary

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On 10/26/2005, before me, Jaime Portillo, Notary Public, personally appeared Rosita Pascacio and Kathy Thornbury, both personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entities upon behalf of which the persons acted, executed the instrument.

Witness my hand and official seal.

Jaime Portillo
Notary Public for said State and County
Expires: 10/14/2007

JAIME PORTILLO
COMM. #1445506
NOTARY PUBLIC-CALIFORNIA
Los Angeles County
My Comm. Exp. OCT. 14, 2007

EXHIBIT "4"

2

RECORDING REQUESTED BY

JOHN J. CALVAGNA, ESQ.

WHEN RECORDED MAIL TO

NAME WOLFE & WYMAN LLP

MAILING 5 PARK PLAZA, #1100

CITY, STATE
ZIP CODE IRVINE, CA 92614-5979



SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

REPUDIATION OF SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

3

## REPUDIATION OF SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE AND VALIDATION OF FILED DEED OF TRUST

APN# 3005047001

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

That on or about DECEMBER 18, 2004, DOUGLAS GUTIERREZ AND ALISHA SANDERS-GUTIERREZ made, executed and delivered a certain Deed of Trust to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (SOLELY AS NOMINEE FOR LENDER, QUICKEN LOANS INC.). That Deed of Trust was filed and recorded in the records of LOS ANGELES COUNTY on or about DECEMBER 23, 2004, as INSTRUMENT #043329537, covering the following real property situated in LOS ANGELES County to-wit:

Property Address: 150 FANTASY STREET, PALMDALE, CA 93551

LOT 1 OF TRACT NO. 46037, IN THE CITY OF PALMDALE, COUNTY OF LOS ANGELES STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1259 PAGES 92 TO 95, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

APN: 3005-047-001

That due to error, a Substitution of Trustee and Full Reconveyance was filed in the records of LOS ANGELES County on or about NOVEMBER 4, 2005 as INSTRUMENT #052681461. That the undersigned hereby asserts that said Substitution of Trustee and Full Reconveyance was completed in error in that it did not list the correct Deed of Trust parties and date of execution and that the obligations secured by the of Deed of Trust were not satisfied, and therefore the filing of said Substitution of Trustee and Full Reconveyance is null and void.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") (SOLELY AS NOMINEE FOR LENDER, QUICKEN LOANS INC.), Its Successors and Assigns, hereby repudiates the Substitution of Trustee and Full Reconveyance filed on or about NOVEMBER 4, 2005 as INSTRUMENT #052681461, and hereby validates, confirms, ratifies and asserts the validity of the Deed of Trust filed on or about DECEMBER 23, 2004, as INSTRUMENT

C:\Documents and Settings\User\Local Settings\Temporary Internet Files\OLK2D\REPUDIATION OF RELEASE OF DEED OF TRUST(2).doc

Description: Los Angeles,CA Document-Year.DocID 2009.880879 Page: 3 of 4
Order: 230084242 Comment:

4

#043329537 and asserts the said Deed of Trust remains in full, force and effect as set forth therein from the date of execution and filing of record.

    IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") (SOLELY AS NOMINEE FOR LENDER, QUICKEN LOANS INC.), Its Successors and Assigns, has caused these presents to be signed in its name on April 20, 2009.

        MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS")
        (SOLELY AS NOMINEE FOR LENDER, QUICKEN LOANS INC.)

        NAME, Assistant Secretary

        John Kerr, Assistant Secretary

## CERTIFICATE OF ACKNOWLEDGEMENT OF NOTARY PUBLIC

STATE OF _Pennsylvania_

COUNTY OF _Montgomery_ S.S.

  On _May 12, 2009_ before me, _____, (here insert name and title of the officer), personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), of the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

        COMMONWEALTH OF PENNSYLVANIA
        NOTARIAL SEAL
        Susan Brown, Notary Public
        Upper Dublin Twp, Montgomery County
        My Commission Expires Nov. 9, 2011
        Member, Pennsylvania Association of Notaries

C:\Documents and Settings\jkerr\Local Settings\Temporary Internet Files\OLKD\REPUDIATION OF RELEASE OF DEED OF TRUST(2).doc

**EXHIBIT "5"**

**RECORDING REQUESTED BY:**

LSI TITLE COMPANY, INC.

**WHEN RECORDED MAIL TO:**
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE:   **$21.00**

RECORDED ON:   **February 1, 2011**

AS DOCUMENT NO:   **11-0171848**

BY:   **s/ menghong but**

LSI TITLE COMPANY (CA)

*SPACE ABOVE THIS LINE FOR RECORDERS USE*

TS No.: GM-260978-C      Loan No.: 0601156891

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $99,825.38 as of 1/28/2011, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact, Residential Funding Company, LLC f/k/a Residential Funding Corporation
C/O ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
(818) 260-1600 phone

2246642522



TS NO.: GM-260979-C          LOAN NO.: 0601156891

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN:  That Executive Trustee Services, LLC dba ETS Services, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated  12/18/2004 , executed by  DOUGLAS GUTIERREZ AND ALISHA SANDERS-GUTIERREZ, HUSBAND AND WIFE, AS JOINT TENANTS, as Trustor, to secure certain obligations in favor of  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR QUICKEN LOANS INC A CORPORATION,  as beneficiary, recorded 12/23/2004, as Instrument No. 04-3329537, in Book XX, Page XX,  of Official Records in the Office of the Recorder of  Los Angeles County, California describing land therein as:

AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including ONE NOTE FOR THE ORIGINAL sum of  $340,200.00 ; that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and interest plus impounds and/or advances which became due on 3/1/2009 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The undersigned declares that the beneficiary or its authorized agent has declared that they have complied with California Civil Code Section 2923.5 by making contact with the borrower or tried with due diligence to contact the borrower as required by California Civil Code Section 2923.5.

Dated: 1/28/2011

ETS Services, LLC as Agent for Beneficiary

BY:

Sandra Guevara
TRUSTEE SALE OFFICER

Branch :S17,User :DT01                    Comment:                                    Station Id :CNKY

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

2.

RECORDING REQUESTED BY
EXECUTIVE TRUSTEE SERVICES, INC

AND WHEN RECORDED MAIL TO:
EXECUTIVE TRUSTEE SERVICES, INC
2255 North Ontario Street, Suite 400
Burbank, CA 91504-3120



T.S. No. GM-260979-C
Loan No. 0601155891
Insurer No. 15505903
100717600

SPACE ABOVE THIS LINE FOR RECORDERS USE

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 12/18/2004. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

**TRUSTOR: DOUGLAS GUTIERREZ AND ALISHA SANDERS-GUTIERREZ, HUSBAND AND WIFE, AS JOINT TENANTS**
Recorded 12/23/2004 as Instrument No. 04 3329637 in Book XX, page XX of Official Records in the office of the Recorder of Los Angeles County, California,
Date of Sale: 05/31/2011 at 10:30 A.M.
Place of Sale:    At the West side of the Los Angeles County Courthouse, directly facing Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, CA 90650
Property Address is purported to be:    160 FANTASY ST
PALMDALE, CA 93551
APN #:  3006-047-001

The total amount secured by said instrument as of the time of initial publication of this notice is $452,219.42, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;
[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or 2923.55.

22

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.