Andrew K. Glenn
Kanchana Wangkeo Leung
Daniel A. Fliman
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for the Federal Housing Finance
Agency, as Conservator for the Federal
Home Loan Mortgage Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>           Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**DECLARATION OF ANDREW K. GLENN IN SUPPORT OF
OBJECTION OF THE FEDERAL HOUSING FINANCE AGENCY
TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

      Andrew K. Glenn, an attorney duly admitted to the practice of law, declares under the penalty of perjury, that the following is true to the best of my knowledge:

      1.      I am an attorney at law admitted to practice in the State of New York and am a member of the law firm of Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), whose principal office is located at 1633 Broadway, New York, New York 10019. KBT&F is counsel for Federal Housing Finance Agency ("FHFA") as Conservator for the Federal Home Loan Mortgage Corporation in the above-captioned chapter 11 cases.

2. I respectfully submit this Declaration in support of the *Objection of the Federal Housing Finance Agency to Confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Objection"). Capitalized terms used in this Declaration and not otherwise defined shall have the meanings ascribed to them in the Objection.

3. FHFA, in its capacity as Conservator of Freddie Mac, commenced an action in the Supreme Court of the State of New York, County of New York, on September 2, 2011. That complaint (the "Complaint") named as defendants: (1) Ally Financial, Inc. ("AFI"), GMAC Mortgage Group, Inc. ("GMACM"), and Ally Securities, LLC ("Ally Securities"); (2) Residential Capital, LLC ("ResCap"), GMAC-RFC Holding Company LLC ("GMAC-RFC Holding"), Residential Funding Company, LLC ("RFC"), Residential Asset Mortgage Products, Inc. ("RAMP"), Residential Asset Securities Corporation ("RASC"), and Residential Accredit Loans, Inc. ("RALI") (collectively, the "ResCap Defendants"); and (3) seven underwriters (collectively, the "Underwriter Defendants"). The Complaint generally alleged that, between September 23, 2005 and May 30, 2007, Freddie Mac purchased over $6 billion in residential mortgage backed securities (the "Certificates") issued in connection with 21 securitizations ("Securitizations") for which the ResCap Defendants acted as depositors, sponsor, and control persons thereof.

4. On October 6, 2011, all defendants removed the action to the United States District Court for the Southern District of New York (the "District Court"), where it was assigned to the Honorable Denise L. Cote, U.S.D.J., as Case No. 11- Civ. 7010 (the "Ally Action"). Judge Cote thereafter entered an order coordinating for pretrial proceedings the Ally Action with 15 similar actions commenced by FHFA against other defendants regarding other

residential mortgage backed securities.

5. On June 13, 2012, FHFA amended its Complaint in the Ally Action (the "Amended Complaint"). Because of the Debtors' bankruptcy filing, FHFA's Amended Complaint removed all Debtors from the Ally Action, but continued to assert claims against AFI, GMACM and Ally Securities and the Underwriter Defendants (collectively, the "Non-Debtor Defendants"). Otherwise, the Amended Complaint makes the same substantive allegations as the original Complaint.

6. FHFA's Amended Complaint asserts seven claims against the Non-Debtor Defendants. FHFA asserts four claims against Ally Securities and the Underwriter Defendants in their roles as underwriters of the Certificates: (i) violations of section 11 of the Securities Act of 1933; (ii) violations of section 12(a)(2) of the Securities Act; (iii) violations of section 13.1-522(A)(ii) of the Virginia Securities Act; and (iv) common law fraud. FHFA also asserts three claims against AFI and GMACM: (i) violations of section 15 of the Securities Act; (ii) violations of section 13.1-522(C) of the Virginia Securities Act; and (iii) aiding and abetting the fraud.

7. Attached hereto as Exhibit A are true and correct copies of the pages of the Disclosure Statement Hearing transcript which are cited in the Objection.

Executed on the 22nd day of October, 2013.

_____
Andrew K. Glenn