# EXHIBIT 5

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.,*

*Case No. 12-12020-mg*

*August 21, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email.*



Min-U-Script® with Word Index

```
 1  Preliminary approval?
 2          MR. ROSENBAUM:  Sorry, Your Honor?
 3          THE COURT:  Preliminary approval, not final?
 4          MR. ROSENBAUM:  This morning it's preliminary
 5  approval.
 6          THE COURT:  Yes.  You said preliminary and final.
 7          MR. ROSENBAUM:  That's correct, Your Honor.  The
 8  motion is for preliminary and then subsequently final approval.
 9          THE COURT:  Okay.
10          MR. ROSENBAUM:  Assuming we obtain preliminary
11  approval this morning.
12          THE COURT:  Let me get right to the point, Mr.
13  Rosenbaum.  I know you're presenting this as uncontested, and I
14  know that PNC filed a limited objection reserving their
15  objection for a final hearing.  But I think you're inviting
16  error on my part, and you're going to need to respond to it,
17  probably in a brief, but -- and it's the following.
18          Denney v. Deutsche Bank is controlling Second Circuit
19  law, 443 F.3d 253, on the issue of whether the methodology for
20  judgment reduction can be left to "applicable law", and
21  specifically says it can't.  Now, they identify two problems
22  with leaving it to applicable law.  One is potential prejudice
23  to the nonsettling defendants.  PNC can take care of itself.
24  If they wish to put the issue off until the final hearing, I
25  probably wouldn't have a problem with that.
```

1    But in Denney v. Deutsche Bank, at pages 274 and 275,
2    the Second Circuit, in adopting the Fourth Circuit Rule in In
3    re Jiffy Lube 927 F.2d 155, identifies two problems with not
4    identifying the methodology.  And it quotes from Jiffy Lube,
5    but it starts by saying, "We are persuaded by the reasoning of
6    the Fourth Circuit in Jiffy Lube."  And Jiffy Lube indicates
7    that, in addition to prejudice to nonsettling defendants, it
8    "may deprive the plaintiff class members of information
9    affecting their ability to assess fairly the merits of the
10   settlement."
11        Then it goes on with a longer quote:  "As to
12   plaintiffs" -- this is a quote -- "As to plaintiffs, it is
13   clear that the method of setoff chosen affects the desirability
14   of a proposed partial settlement.  For example, plaintiffs bear
15   the risk of a 'bad' settlement under the 'proportionate' rule,
16   while under the 'pro tanto' rule the risk passes to the non-
17   settling defendants and plaintiffs gain more certainty from the
18   earlier resolution of the setoff figure.  Moreover, the
19   'proportionate' method entails a delay in ascertaining the
20   final amount of setoff which makes it difficult to frame a
21   notice to the class that fairly presents the merits of the
22   proposed settlement.  If the 'proportionate' method is used,
23   the notice to plaintiffs should inform them of this
24   shortcoming."
25        None of that is there.  You're inviting error on my

```
 1  part in preliminarily approving a settlement and approving
 2  class action notice to a settlement that provides for judgment
 3  reduction to be subject to applicable law.  Do you have a
 4  response to that?
 5          MR. ROSENBAUM:  Your Honor, I don't have a response to
 6  that for the reasons that we --
 7          THE COURT:  I don't like people inviting error.
 8          MR. ROSENBAUM:  I understand, Your Honor.  I don't
 9  have a response to it.  Curtis Mallet, our conflicts counsel,
10  is handling that issue with PNC Bank.  Based on Your Honor's
11  comments, I think that we would need, as a group, to reconvene
12  and consider that in terms of what the notice should provide.
13  And the --
14          THE COURT:  Well, it's more than what the notice
15  should provide, because what the Second Circuit in Denney
16  said -- they reversed Judge Scheindlin, who had approved a
17  class action settlement that had had the "applicable law"
18  provision.  They said no, you have to specify what the
19  methodology is.  So it wasn't at the preliminary approval, but
20  its discussion in quotation from Jiffy Lube about notice to the
21  class to evaluate, people are going to decide whether to opt
22  out of a settlement.
23          So we'll put this off.  You're going to have to go
24  back to the drawing board.  If you want to -- if you plan to
25  adhere to the settlement as drafted, then you're going to have
```

1  to submit a brief to persuade me why it's appropriate to send
2  notice to the class that believes this issue that the Second
3  Circuit should be -- says needs to be resolved in the
4  settlement, why it should be put off.  Okay?
5          So the motion is -- I'll adjourn it, I won't deny it
6  at this stage.  But you know what my reaction to it is.
7          MR. ROSENBAUM:  Your Honor, could we adjourn it to one
8  of the hearings for next week?
9          THE COURT:  Well, you're going to need -- you need to
10 advise me how you're going to deal with it before I'll reset it
11 on the calendar.  If you plan to proceed with the settlement as
12 drafted and the notice as drafted, I need briefs to support a
13 preliminary approval of a settlement with a methdology -- well,
14 leaving the methodology undefined, as the Second Circuit says
15 you can't do, in Denney v. Deutsche Bank.
16         So I'm not going to set it for a hearing until I hear
17 back from the parties as to how they wish to proceed.
18         MR. ROSENBAUM:  Thank you, Your Honor.  Your Honor --
19         THE COURT:  What's next on the agenda?
20         MR. ROSENBAUM:  The next matter on the agenda is the
21 motion for extension of exclusivity --
22         THE COURT:  Okay.
23         MR. ROSENBAUM:  -- and Mr. Goren will be handling
24 that.
25         THE COURT:  Mr. Goren?