# EXHIBIT 7

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

*September 11, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us.*



Min-U-Script® with Word Index

1  But I also made a comment then that -- I asked the
2  question had they filed a proof of claim, and I was told they
3  had.  And I said, well, it may be a different issue at the time
4  the Court is asked to determine their claim for contribution,
5  because it may be a different standard than what you wrote into
6  the settlement agreement.  Okay.  I view this as, in part, a
7  self-inflicted wound, you know?  You should have negotiated
8  harder and this would clearly be a nonissue.
9  	MR. WALSH:  Your Honor, there may be an opportunity
10 down the road, even after this hearing, to negotiate with PNC
11 and the plaintiffs a different judgment credit and a different
12 settlement bar.  The parties may even decide to withdraw the
13 request for a settlement bar before this Court and let the
14 Court in Pittsburg address that issue.
15 	THE COURT:  But that's not what I have.  I have your
16 objection to the claim.  And with respect to 502(b),
17 specifically as to 502(b)(1), I am not determining -- it is not
18 possible for me to determine, on the briefing that I have
19 before me, that their claim for contribution is unenforceable
20 under applicable law.  The issue is -- I think I asked the
21 question at the --
22 	MR. WALSH:  Let me address 502(b).
23 	THE COURT:  -- at the last hearing as to whether there
24 was any case law specifically as to these causes of action.
25 The statutes don't have a provision for contribution; that's

12-12020-mg    Doc 5451-7    Filed 10/23/13    Entered 10/23/13 13:52:54    Exhibit 7
Pg 4 of 5
**RESIDENTIAL CAPITAL, LLC, ET AL.**

88

 1            MR. MARRIOTT:  On any basis.  It's not our view that,
 2   by consent to disallowance under 502(e)(1)(B), that we also
 3   have to waive whatever rights we might have under 502(j).
 4            THE COURT:  Well, look, I -- your first statement --
 5   and I think this is in your papers -- you concede that under
 6   502(e)(1) your claim for contribution can be disallowed --
 7            MR. MARRIOTT:  Correct.
 8            THE COURT:  -- correct?  Okay.
 9            MR. MARRIOTT:  And we have no objection --
10            THE COURT:  And that's my ruling, okay?
11            MR. MARRIOTT:  And we have no objection to an order to
12   that effect.
13            THE COURT:  Well, that's -- I'm -- you know, whether
14   you have a right to come back under 502(j) or not is premature
15   for me to say.
16            MR. MARRIOTT:  Agreed.
17            THE COURT:  Okay?  I'm not saying -- I'm going to
18   sustain the objection under 502(e)(1), period, full stop.  And
19   if I have a motion under 502(j), I have a motion under 502(j),
20   and you'll fight it out then.  I'm not deciding today more than
21   I have to decide.  You've conceded that the claim is properly
22   disallowed under 502(e)(1), and that's true.  The real answer
23   is: Go negotiate.  I mean, I view this as self-inflicted on the
24   debtors' part.  And maybe the plaintiffs were unwilling to do
25   anything more, but I was amazed that within -- before the end

1  of the hearing, when I said no, I'm not approving on a
2  preliminary basis, to come back and say, oh, we've worked this
3  out, Your Honor. And sure, but I made a point of saying then,
4  that isn't necessarily what's going to be binding on me, for
5  example, if there would have been a proof of claim, which there
6  have been, and you can come back and assert it later.
7       I have a contract now and it says this is the
8  following judgment reduction provision. Okay? And that may
9  be -- there may be no right to contribution; we'll see. And
10 I'm not sure whether it's me or the judge in Pittsburg who is
11 ultimately going to decide it, but for today the ruling is I
12 sustain the debtors' objection to the claim solely on the basis
13 of 502(e)(1), period, full stop.
14      MR. MARRIOTT: Thank you, Your Honor.
15      THE COURT: Okay? Next matter. And debtors' counsel
16 should submit an order to that effect.
17      MR. MARINUZZI: Your Honor, that brings us --
18      UNIDENTIFIED SPEAKER: May I be excused, Your Honor?
19      THE COURT: You're excused, absolutely.
20      UNIDENTIFIED SPEAKER: Thank you, Your Honor.
21      THE COURT: Thank you.
22      MR. MARINUZZI: Your Honor, that brings us to item
23 number 2 on page 5, which is the debtors' motion under Section
24 365 to assume and assign servicing related agreements for
25 trusts ensured by Syncora Guarantee, Inc. to Ocwen Loan