LAW OFFICES OF RACHEL BLUMENFELD
Attorneys for Claimant Jacqueline Warner
26 Court Street, Suite 2220
Brooklyn, NY 11242
(718) 858-9600

UNITED STATES BANKRUTPCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:

RESIDENTIAL CAPITAL, LLC, et al           Chapter 11
                                                                    Case No: 12-12020-mg

Debtor.
------------------------------------------------------------X

## CREDITOR JACQUELINE A. WARNER'S OPPOSITION TO DEBTOR'S FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

TO: **THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

The above holder of Claim 3502 (the "Claim"), Jacqueline A. Warner (the "Claimant") by her attorneys, The Law Office of Rachel Blumenfeld, in opposition to the omnibus objection of Residential Capital, LLC ("ResCap" or "Debtor") to claims (no Liability Borrower Claims – Books and Records) (the "Objection"), respectfully sets forth as follows:

1. ResCap's Objection should be denied with respect to the Claim because its objection is not relevant. ResCap alleges that the Claim is an "Origination Issues Claim." *See* Objection, p. 60. The Objection further describes such claims as those based on loan origination issues. *Id.* at 11. Because "no Debtor entity was involved in the origination

1

of the loan . . . [the Claim] cannot be imputed to any Debtor in its capacity as servicer or assignee of the loan." *Id.*

2.  The Claim, however, rather than being a claim related to loan origination issues, is more accurately characterized as a claim for violation of discharge injunction pursuant to 11 U.S.C. § 727(b). While it is true that issues with the origination of the initial loan re involved in the claim, the fundamental basis for the claim is that, over the course of three years, ResCap (or one of its subsidiaries) refused to file a release of its recorded lien on the Claimant's property, despite the fact that its security interest had been voided by operation of law when she rescinded her acceptance of the loan. (See rescission letter and subsequent communication with GMAC Mortgage, LLC ("GMAC"), attached). This refusal resulted in a payment to GMAC in the amount of $1,049,761.96 in order to clear the wrongfully-maintained lien on the property, when that property was sold on November 19, 2012.

3.  The Claimant received a discharge pursuant to 11 U.S.C. § 727(a) on September 22, 2010. The Claimant sent GMAC, then the servicer of her mortgage, a timely notice of cancellation pursuant to 15 U.S.C. § 1635(b) and Regulation Z, 12 C.F.R. § 226.15(d)(1) and 226.23(d)(1). The effect of this cancellation was to void GMAC's (or the entity for which it acted as agent's) security interest, rendering GMAC's (or the entity for which it acted as agent's) claim, if any, against Claimant unsecured. GMAC's claim against the Claimant, then was fully discharged by the discharge order issued on September 22, 2010. *See, e.g., In re Porter*, 961 F.2d 1066, 1077 (3d Cir. 1992).

4.     Subsequent to the Claimant's bankruptcy case, she sent numerous communications to GMAC, asking it to comply with its obligations under Regulation Z to honor her cancellation by reconveying the mortgage to her. GMAC repeatedly refused.

5.     By its present objection, ResCap seeks to expunge the Claim because, essentially, it or one of its subsidiaries is a holder in due course of Claimant's obligation, and therefore is not bound by any wrongdoing that may have occurred at the origination of the loan. This is not true for two reasons: first, because GMAC is not a holder in due course as that term is used in Article 3 of the Uniform Commercial Code; and second, because even if it were, such status does not entitle the holder to collect on an obligation that has been discharged in bankruptcy.

6.     GMAC is not a holder in due course. As described in more detail in the Affidavit of William McCaffrey, annexed hereto as Exhibit A, GMAC is neither a holder in due course of the loan associated with the Claimant's former property, nor has it suffered any financial loss related to the loan or any monetary loss due to loan non-performance. Further, GMAC has received fees and profits relating to the loan. Therefore it cannot avoid its obligation by claiming no connection to the origination of the loan.

7.     Further, even if GMAC were a holder in due course, a holder in due course is not entitled to payment on an obligation that has been discharged in bankruptcy. UCC 3-305(a)(1) provides: "the right to enforce the obligation of a party to pay an instrument is subject to . . . (iv) discharge of the obligor in insolvency proceedings." While it is true that a holder in due course takes a note free of most defenses, *see* UCC 3-305(b), the

defenses in included in section 305(a)(1) are carved out of the protections offered to holders in due course.

8.  Because GMAC is not a holder in due course, and because even if it were, it would remain subject to Claimant's discharge, GMAC is liable for violation of that discharge.

**WHEREFORE,** for the foregoing reason, Claimant requests that the Court enter an Order denying ResCap's Objection to the Claim and granting such other and further relief as the Court deems proper.

Dated:  Brooklyn, New York
October 23, 2013

Respectfully submitted,
Law Offices of Rachel Blumenfeld
Attorney for Debtor

By: ___/s/ Rachel S. Blumenfeld___
Rachel S. Blumenfeld (1458)
26 Court Street, Suite 2400
Brooklyn, New York  11242
Tel: (718) 858-9600
Fax: (718) 858-9601

**VERIFICATION**

I, Jacqueline A. Warner, the Claimant referenced in the above objection, swear under penalty of perjury that all the factual assertions in the above opposition are true and correct, and that I have personal knowledge of the events described therein.

*[signature]*
JACQUELINE A. WARNER

Sworn to before me this
23 day of October, 2013

*[signature]*
NOTARY PUBLIC
DONNA L. BOUR
Notary Public, State of New York
Monroe County Reg. #01BO6223841
Commission Expires 06/21/2014

Nevada D/L - ok DB