EXHIBIT "A"

*JACQUELINE A. WARNER*  )
)
*Real Property Located:*  )
10 Emerald Lake Place  )
Redwood City, CA 94062  )
)

# AFFIDAVIT OF WILLIAM McCAFFREY

I William McCaffrey, declare as follows:

1. I am over the age of 18 years and qualified to make this AFFIDAVIT. I am a resident of the State of Arizona and formulate this AFFIDAVIT based on my own personal knowledge. I have no direct or indirect interest in the outcome of the case at bar for which I offer my observations, analysis, opinions and testimony.

2. My experience in the Banking industry encompasses over 30 years employment for federally insured institutions. I was formerly Business Development Manager with Indy Mac Bank FSB, for over ten years and currently employed as Consultant for Housing Mortgage Consultants Inc.

3. I have personal knowledge and experience to render opinions in the topic areas related to the securitization of mortgage loans, derivative securities, the securities industry, Uniform Commercial Code practices, predatory lending practices, Truth in Lending Act requirements, loan origination and underwriting, accounting in the context of securitization and pooling and servicing of securitized loans, assignment and assumption of securitized loans, creation of trusts under deeds of trust, and issuance of asset backed securities and specifically mortgage-backed securities by special purpose vehicles in which an entity is named as trustee for holders of certificates of mortgage backed securities, the economics of securitized residential mortgages during the period of 2001-2008, appraisal fraud, and its effect on APR disclosure, usury and foreclosure of securitized and non-securitized residential mortgages.

4. I have been qualified to testify in Maricopa County Superior Court, and US District Court. In the past few years, I have served as Expert Witness in numerous civil cases. I have testified at trial in Federal and Superior Court including Nevada and Arizona. Superior Court Cases include *Marshall and Isley Bank v. Izzo, Slikker v. Kondaur, Brokalakis v. National City Mortgage, and Wells Fargo Bank v. Dutson.* Superior Court Judges' Ronan, Garcia, and Budoff, as well as Commissioners' Davis, Ellis, and Hamner have affirmed my expert testimony.

5. I am also a Securitization Analyst and use specialty-licensed software, which permits investors and licensed users to access any "named Trust-Entity" which are The Corporate/Trust Documents officially filed with the Securities and Exchange Commission. I can find each Mortgage Note that is held by this named Trust-Entity, and can verify its status at any given time. I have the knowledge and experience to perform these searches with accuracy. At the request of Ms. Warner I submit this AFFIDAVIT and have personal first hand knowledge of the following facts:

6. The subject property, 10 Emerald Lake Place, Redwood City California 94062 was secured by a Deed of Trust in favor of CMG MORTGAGE, Inc. having a MORTGAGE ELECTRONIC REGISTRATION SYSTEMS ("MERS") MORTGAGE IDENTIFICATION NUMBER ("MIN") number of 1000724-0000006013-0 listed on the said DEED OF TRUST. The loans Min number was then assigned in a GMACM HOME EQUITY LOAN TRUST 2007-HE3.

7. This Trust is also referred to as the ISSUING ENTITY and was formed pursuant to the Pooling and Servicing Agreement among the Seller, Depositor, Servicer, the Trust Oversight Manager and the Trustee.

8. GMACM HOME EQUITY LOAN TRUST 2007-HE3 Trust is a REAL ESTATE MORTGAGE INVESTMENT CONDUIT (REMIC) within the meaning of section 860D of the Internal Revenue Code as amended in 1986 (The Code) which governs the rules of the trust.

9. BANK OF NEW YORK MELLON acts as trustee under the pooling and servicing agreement. The trustee is responsible for performing certain calculations relating to distributions on the certificates, making payments on the certificates, acting as certificate Registrar and transfer agent for the trust, making payments to the swap provider under the swap agreement and holding the trust accounts on behalf of the certificate holders.

10. In the securitization of the loan, the rights of various named Trustees ended with the subject Trustee for the holders of mortgage-backed securities whose powers are limited to ONLY what the certificate holders authorize.

11. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

12. BANK OF AMERICA, NA acts as servicer of the mortgage loans.

13. THE SUBJECT LOAN was securitized which is the process of aggregating a large number of Notes in what is called a mortgage pool and then selling security interests in that pool of mortgages to investors. These sales that my research shows took place would have fractionalized possession of the Note over many different investors.

DECLARATION of William McCaffrey

14. The only potential holder in due course of a note falls within one or more of the following classifications:

(1) Investors who purchased asset backed securities in which ownership of the loans were described with sufficient specificity as to at least express the intent to convey ownership of the obligation as evidenced by the promissory note and an interest in real property consisting of a security interest held by an entity that was described as the beneficiary of a Trust created by an instrument entitled Deed of Trust;

(2) Insurers that paid some party on behalf of said investors;

(3) Counterparties on credit default swaps;

(4) Conveyances or constructive trusts arising by operation of law through cross collateralization and over-collateralization within the aggregate asset pools or later within the Special Purpose Vehicle tranches "tranches" is an industry term of art referring to the types of division within a Special Purpose Vehicle);

(5) Any other party that has traded in mortgage backed securities from the aggregated pools or securitized tranches containing interests in the loans.

a. GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, do not fall within any of the classifications of holders in due course on the subject loan.

b. GMAC MORTGAGE, BANK OF NEW YORK MELLON, their successors in interest, and MERS Inc, has not suffered any financial loss relating to the loan.

c. GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, suffered no monetary loss through loan non-performance.

d. GMAC MORTGAGE, BANK OF NEW YORK MELLON, their its successors in interest, and MERS Inc, has received fees and profits relating to the loan;

DECLARATION of William McCaffrey

6

15. In non-judicial foreclosure states such as California, the only course of action available to challenge such foreclosure is a judicial lawsuit brought by the borrower/obligor. The "election" of non-judicial process by the foreclosing parties shifts the burden of proof to the borrowers in the loans to allege facts that are solely within the knowledge of the lenders, and which facts that are intentionally withheld from the borrowers.

FURTHER AFFIANT SAYETH NAUGHT.

All factual testimony or statements made in this DECLARATION are true and correct to the best of my knowledge and belief. All opinions stated herein are based upon a high likelihood of probability pursuant to my decades of relevant experience within the banking industry.

_____
William McCaffrey

SWORN TO AND SUBSCRIBED before me, the undersigned notary public this __20th__ day of __August__ 2012.

[Notary seal: JOSEPH N PONCE, NOTARY PUBLIC – ARIZONA, MARICOPA COUNTY, My Commission Expires June 30, 2013]

_____
Notary Public

My commission expires: __June 30, 2013__

DECLARATION of William McCaffrey

7