**Hearing Date: November 19, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: October 23, 2013 at 5:00 p.m. (ET)**
**(extended on consent)**

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
Michael S. Etkin
Tatiana Ingman
Andrew D. Behlmann

*Bankruptcy Counsel for RESPA Plaintiffs and the Putative Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| | Jointly Administered |
| Debtors. | Related Docs: 4819 |

**RESPA PLAINTIFFS' STATEMENT AND RESERVATION OF
RIGHTS REGARDING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC ET AL AND THE
<u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Donna Moore and Keith McMillon, together with named plaintiff Frenchola Holden (collectively, the "<u>RESPA Plaintiffs</u>") in the putative class action styled *Donna Moore, Frenchola Holden and Keith McMillon, Individually and on Behalf of All Others Similarly Situated v. GMAC Mortgage, LLC, GMAC Bank, and Cap Re of Vermont, Inc.,* Civil Action No. 2:07-cv-4296-PD (the "<u>RESPA Litigation</u>"), filed in the United States District Court for the Eastern District of Pennsylvania (the "<u>District Court</u>"), on behalf of themselves and all others similarly situated (the "<u>Putative Class</u>"), submit this statement and reservation of rights (the "<u>Statement</u>") with regard to the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et*

27215/2
10/23/2013 27019924.5

*al. and the Official Committee of Unsecured Creditors* (the "Plan")[1] and respectfully state as follows:

## BACKGROUND

**The RESPA Litigation**

1. In 2007, the RESPA Plaintiffs commenced the RESPA Litigation against Debtor GMAC Mortgage, LLC ("GMAC Mortgage") and its non-Debtor affiliates GMAC Bank, now known as Ally Bank ("Ally Bank") and Cap Re of Vermont, Inc. ("Cap Re," and together with Ally Bank and GMAC Mortgage, the "Defendants") asserting that the Defendants entered into "captive reinsurance agreements" for the purpose of receiving kickbacks, referral payments and unearned fee splits disguised as "reinsurance premiums" from private mortgage insurers in violation of 12 U.S.C. § 2607(a)-(b) of the Real Estate Settlement Procedures Act of 1974 ("RESPA").

2. Following the commencement of these Chapter 11 Cases (defined below), the RESPA Litigation against GMAC Mortgage was stayed pursuant to 11 U.S.C. § 362. The District Court further stayed the entire RESPA Litigation pending further arguments of counsel and pending further proceedings in these Chapter 11 Cases (defined below). The RESPA Plaintiffs and the Defendants have engaged in formal mediation and additional direct negotiations in an attempt to resolve the RESPA Litigation after the Petition Date (defined below).

3. Last night, the parties signed an agreement in principle (the "AIP") setting forth the primary terms of a settlement of the RESPA Litigation which anticipates the execution of

---

[1] Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the Plan or the Borrower Trust Agreement, as applicable.

definitive documentation and is subject to certain approvals and conditions.[2] The RESPA Plaintiffs recognize that submission of an expansive objection detailing those aspects of the Plan that might be objectionable to the RESPA Plaintiffs in the absence of a settlement would be counterproductive to the process and, indeed, could undermine the very settlement the parties diligently pursued and have now reached. This Statement is therefore submitted merely to preserve the rights of the RESPA Plaintiffs in the unlikely event that definitive documentation is not timely executed and the settlement is not implemented. It is safe to say that all parties have proceeded over the past several months in good faith and on the assumption that the RESPA Litigation will be settled consistent with the AIP. There is no current reason to believe otherwise.

**Relevant Bankruptcy Proceedings**

4. On May 14, 2012 (the "Petition Date"), the Debtors filed their voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. On November 16, 2012, the RESPA Plaintiffs filed a class proof of claim against Debtor GMAC Mortgage (Claim No. 5284) on behalf of the Putative Class for damages resulting from violations of RESPA by GMAC Mortgage.

**STATEMENT AND RESERVATION OF RIGHTS**

6. The RESPA Plaintiffs file this Statement regarding the Plan because the AIP executed by the parties anticipates the execution of a definitive settlement agreement and is subject to certain conditions. If the settlement agreement is not executed as contemplated by the AIP, the RESPA Plaintiffs would object to confirmation of the Plan and their proposed treatment

---

[2] The AIP contemplates certification of the class for settlement purposes. As a result, the RESPA Plaintiffs have not yet filed a motion for class certification under Rule 7023 of the Federal Rules of Bankruptcy Procedure. Such a motion would be unnecessary in the context of the contemplated settlement, but the RESPA Plaintiffs reserve the right to file a class certification motion in this Court in the unlikely event it should become necessary.

under the Plan for a variety of reasons. These reasons include, but are not limited to, the following:

> A. The claims of the RESPA Plaintiffs are improperly classified given the fact that the RESPA Plaintiffs assert causes of action against non-Debtors that are unique among Borrower claimants. The RESPA Plaintiffs' claim, for example, has a source of recovery outside of the Debtors' estates and unrelated to the Ally Contribution, which itself distinguishes this claim from other Borrower claims.
>
> B. The claims asserted in the RESPA Litigation have apparently been valued at zero by the Plan Proponents for purposes of the potential distribution to Borrowers generally. It is clear, however, that absent the settlement of the RESPA Litigation, these claims are entitled to equal treatment whether they are "Borrower Claims" or "General Unsecured Claims" under the Plan. While the Plan Supplement states that, in the Debtors' view now, no Borrower True-Up is necessary, the RESPA Plaintiffs dispute that their claim should be valued at zero. Therefore, absent the settlement with the RESPA Plaintiffs, the potential Borrower pool, and thus the potential general unsecured claims pool, should be larger. A true-up and an appropriate reserve would thus be necessary (again, absent the settlement) to ensure fair treatment for the RESPA Plaintiffs.
>
> C. The Plan is premised on a distribution to Borrowers (which, at least based on the current framework of the Plan, includes the RESPA Plaintiffs) that is governed by a Borrower Trust Agreement the terms of which were only recently disclosed. In the absence of the settlement, several provisions of the Borrower Trust Agreement are potentially objectionable.
>
> D. The Plan provides a release of third-party claims against the non-Debtor defendants in the RESPA Litigation. The RESPA Plaintiffs, in the context of and based upon the terms of the signed AIP which will be incorporated into the contemplated settlement agreement, have no issue with the Third Party Releases. However, in the absence of an executed settlement agreement prior to confirmation, the RESPA Plaintiffs reserve all of their arguments with respect to the Third Party Releases.

7. The RESPA Plaintiffs also reserve the right to supplement this Statement and to appear and be heard at the hearing to consider confirmation of the Plan. Furthermore, to the

-5-

extent the RESPA Plaintiffs or any member of the Putative Class is impacted in any way by the contents of any supplements or amendments to the Plan which may be filed after the Plan confirmation objection deadline, the RESPA Plaintiffs reserve the right to object and take a position with respect thereto. However, as is clear from the above, the RESPA Plaintiffs are more than hopeful that such reservations of rights will be unnecessary.

Dated:  October 23, 2013                                         LOWENSTEIN SANDLER LLP

/s/   Michael S. Etkin
Michael S. Etkin
Tatiana Ingman
Andrew D. Behlmann
1251 Avenue of the Americas
New York, NY  10020
(212) 262-6700 (Telephone)
metkin@lowenstein.com
tingman@lowenstein.com
abehlmann@lowenstein.com

--and—

KESSLER TOPAZ MELTZER & CHECK LLP
Edward W. Ciolko
Terrence S. Ziegler
Donna Siegel Moffa
280 King of Prussia Road
Radnor, PA   19087
(610) 667-7706 (Telephone)
(610) 667-7056 (Facsimile)