HEARING DATE AND TIME: November 19, 2013 at 10:00 a.m. (Eastern Time)
OBJECTION DEADLINE: October 23, 2013 at 5:00 p.m. (Eastern Time)

Richard D. Owens
Aaron M. Singer
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864
Email:    Richard.Owens@lw.com
             Aaron.Singer@lw.com

*Attorneys for:*
*Deutsche Alt-A Securities, Inc.*
*DB Structured Products, Inc.*
*Deutsche Bank Securities Inc.*
*Deutsche Mortgage Securities, Inc.*
*MIT Holdings, Inc.*
*MortgageIT, Inc.*
*MortgageIT Securities Corp.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x

|  |  |  |
|---|---|---|
|  | : |  |
| **In re:** | : | **Chapter 11** |
|  | : |  |
| **RESIDENTIAL CAPITAL, LLC, *et al.*,** | : | **Case No. 12-12020 (MG)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------ x

### LIMITED OBJECTION TO CONFIRMATION OF THE JOINT CHAPTER 11
### PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Deutsche Alt-A Securities, Inc., DB Structured Products, Inc., Deutsche Bank

Securities Inc., Deutsche Mortgage Securities, Inc., MIT Holdings, Inc., MortgageIT, Inc., and

MortgageIT Securities Corp. (collectively, "**Deutsche Bank**") hereby submit this limited

objection (the "**Objection**") to the confirmation of the *Joint Chapter 11 Plan Proposed by*

*Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "**Plan**")[1]

on the grounds set forth below:

## BACKGROUND

1.      On May 14, 2012, each of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

2.      On October 25, 2012, Deutsche Bank filed Proofs of Claim against certain of the Debtors (the "**Deutsche Bank Proofs of Claim**")[2] asserting, without limitation, claims based upon their contractual, statutory and common law rights of repurchase, indemnity, contribution and/or reimbursement from the Debtors, including those based upon or arising from certain Underwriting Agreements (as defined in the Deutsche Bank Proofs of Claim) and certain litigation matters in which Deutsche Bank and certain Debtors are co-defendants.  Deutsche Bank also reserved its rights to amend the Deutsche Bank Proofs of Claim and to file additional Proofs of Claim.

3.      On July 3, 2013, the Debtors and the official committee of unsecured creditors (the "**Creditors' Committee**" and together with the Debtors, the "**Plan Proponents**") filed the Plan.

---

[1]      All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

[2]      The Deutsche Bank Proofs of Claim include Claim Nos. 1602, 1605, 1608, 1613, 1616, 1620, and 1624 filed by DB Structured Products, Inc., Claim Nos. 1700-1706 filed by Deutsche Alt-A Securities, Inc., Claim Nos. 1707-1713 filed by Deutsche Bank, Securities Inc., Claim Nos. 1715-1718, 1720, 1724, and 1725 filed by Deutsche Mortgage Securities, Inc., Claim Nos. 1853-1859 filed by MIT Holdings, Inc., Claim Nos. 1921-1927 filed by MortgageIT Securities Corp., Claim Nos. 1928-1933 filed by MortgageIT, Inc., and any amendments relating thereto.

4.      On August 20, 2013, the Plan Proponents filed the *Notice of Revised Disclosure Statement for the Plan Proponents' Revised Joint Chapter 11 Plan* [Docket No. 4771], which attached a revised version of the Plan as <u>Exhibit 1</u>.

5.      Pursuant to Article IV.A. of the Plan, Ally will make the Ally Contribution to the Estates.  The Ally Contribution will then be allocated by the Plan Proponents in a manner consistent with the terms of Articles II, III, and IV of the Plan.  Portions of the Ally Contribution will be used to satisfy the Allowed Claims of plaintiffs asserting Investor-related securities claims against the Debtors and Ally.  <u>Plan</u>, Art. IV.A.

6.      In partial consideration for the Ally Contribution, the Ally Released Parties will be entitled to the Third Party Releases.  <u>Plan</u>, Art. IV.B.

7.      Under ordinary operation of law, if a judgment is obtained against a defendant that has a claim for indemnity or contribution from a co-defendant that settles with the plaintiff in the underlying litigation, then the defendant will have a statutory or common law right to a judgment reduction credit on account of its indemnification or contribution rights.

8.      Article IX.K. of the Plan specifically preserves a defendant's right to a judgment reduction credit where such defendant has a claim for indemnity or contribution that is subject to the Third Party Releases.  Article IX.K. states, in relevant part:

> A defendant against whom a judgment of a court of competent jurisdiction is obtained (whether in a proceeding now pending or hereafter commenced) on an Investor-related securities claim where such defendant has a claim for indemnity or contribution that is subject to the Third Party Releases shall be entitled to a judgment credit in the underlying litigation in accordance with, and to the extent permitted under, applicable statutory or common law, as determined by a court of competent jurisdiction.

<u>Plan</u>, Art. IX.K.

9.      The Plan, however, is silent with respect to the preservation of a defendant's right to a judgment reduction credit in Investor-related securities litigation where a defendant has a claim for indemnity or contribution from a Debtor, but does not have such a claim against an Ally Released Party.

10.     As more fully explained in the Deutsche Bank Proofs of Claims, Deutsche Bank is currently a co-defendant with, and entitled to indemnification or contribution from, certain Debtors in certain Investor-related securities actions that are not subject to the Third Party Releases.  Even though the plaintiffs in these actions may receive a distribution funded by the Ally Contribution, Article IX.K. of the Plan would still be inapplicable because Deutsche Bank's claims for indemnification or contribution from the Debtors would not be subject to the Third Party Releases.

## LIMITED OBJECTION

11.     Deutsche Bank objects to the confirmation of the Plan because of a potential, and we believe unintended, ambiguity between Article IX.J. and Article IX.K. that could lead to unintended disparity in the treatment of claims for judgment reduction credit in subsequent Investor-related securities litigation. Creditors of the Estates are currently litigating a host of Investor-related securities claims.  Some of the those cases raise claims that only involve one or more of the Debtors, some of those cases involve one or more of the Ally Released parties, and some of the cases involve both Debtors and Ally Released Parties.  We do not believe the Plan has ever been intended to provide for different treatment of subsequent claims for judgment reduction credit in those three different sets of circumstances.  Yet, as currently drafted, the Plan does not make that intention sufficiently clear.

4

12.     Article IX.K. specifically preserves a defendant's statutory or common law rights to a judgment reduction credit in any case involving Investor-related securities claims where one of the Ally Released Parties is a co-defendant or joint tortfeasor.  By contrast, Article IX.J., which provides releases of such claims as to the Debtors, contains no analogous reservation of rights.  Rather, Article IX.J. is silent with respect to a defendant's rights to a judgment reduction credit on account of its claim for indemnification or contribution from a Debtor.  The absence of parallel language in Articles IX.J. and IX.K. creates an unnecessary ambiguity.  That ambiguity could lead to the misimpression that the Plan intends to provide for different treatment of claims for judgment reduction credit depending upon whether Ally Released Parties or Debtors are involved in the underlying case.  Because judgment reduction provisions are uncommon in chapter 11 plans, the inclusion of Article IX.K. may be misinterpreted by courts called upon to adjudicate future claims for judgment reduction credits.  Such courts could misinterpret the absence of parallel language in Article IX.J. and IX.K. as having been intended to alter a defendant's right to a judgment reduction credit outside of the circumstances contemplated by Article IX.K., namely cases where the Ally Released Parties are not involved.

13.     The Ally Contribution further complicates the issue.  In applicable circumstances, Article IX.K. preserves a defendant's right to a judgment reduction credit, whether the plaintiff in the underlying litigation receives a distribution on account of its Claims from the assets of the Estates or from the Ally Contribution.  In circumstances *other* than those contemplated by Article IX.K., however, the Plan is silent as to whether a defendant's right to a judgment reduction credit or the size of such credit will be affected by the source of any distributions to the plaintiff in the underlying action.  The Plan, therefore, may again have the

5

unintended consequence of altering a defendant's statutory or common law right to a judgment reduction credit.

14.     Deutsche Bank, therefore, objects to confirmation of the Plan insofar as the Plan modifies Deutsche Bank's statutory or common law rights to judgment reduction credits in cases where no Ally Released Party is involved, and requests that the Confirmation Order be revised to include the following:

> ORDERED that nothing contained in the Plan, this Confirmation Order, or the other Plan Documents shall limit the right of a defendant, against whom a judgment of a court of competent jurisdiction is obtained (whether in a proceeding now pending or hereafter commenced) on an Investor-related securities claim, to a judgment credit, in accordance with applicable statutory or common law, where such defendant has a claim for indemnity or contribution against a Debtor or Debtors in the underlying litigation.

15.     In addition to the foregoing, Deutsche Bank reserves its rights with respect to the Plan, to supplement this Objection, and to appear and be heard at the Confirmation Hearing.

WHEREFORE, Deutsche Bank respectfully requests that the Bankruptcy Court (i) enter a form of confirmation order that is consistent with the foregoing and (ii) grant such other relief as the Court deems just and proper.

Dated:  October 23, 2013

/s/ Richard D. Owens
Richard D. Owens
Aaron M. Singer
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:        Richard.Owens@lw.com
                  Aaron.Singer@lw.com

*Attorneys for:*
> *Deutsche Alt-A Securities, Inc.*
> *DB Structured Products, Inc.*
> *Deutsche Bank Securities Inc.*
> *Deutsche Mortgage Securities, Inc.*
> *MIT Holdings, Inc.*
> *MortgageIT, Inc.*
> *MortgageIT Securities Corp.*