# ResCap

MORRISON | FOERSTER

## Claim Information

| Claim Number | 4199 |
|---|---|
| **Basis of Claim** Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim. | SEE EXHIBIT "A" SUBMITTED HEREWITH    (8 pgs.)<br><br>SEE ALSO EXHIBIT "B" SUBMITTED HEREWITH    (96 pgs.) (LIST OF EXHIBITS) |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: 600614115 |||
|---|---|---|
| Address of property related to the above loan number: 83-85 Whitney Street, Unit No. 83 (a/k/a 83 Whitney Street) |||
| City: Northborough | State: Massachusetts | ZIP Code: 01532-1429 |

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220    Bloomington, MN  55438

<u>**CLAIM NO. 4199**</u>

<u>**EXHIBIT "A"**</u>

Claimant, Allison L. Randle (hereinafter "Claimant") hereby supports the basis of her Proof of Claim, No. 4199 timely filed on November 9, 2012 in the bankruptcy matter styled *In re: Residential Funding Company, LLC*, Chp. 11, United States Bankruptcy Court for the Southern District of New York, Case No. 12-12019-MG (jointly administered[1]) as follows:

<u>**INTRODUCTION**</u>.

As evidenced by the following public records of the state of the chain of title to the subject mortgage deed and the events detailed below, relative to the legal title to the subject premises located and more commonly known as **83-85 Whitney Street, Unit No. 83, Northborough, County of Worcester, MA 01532-1429** (also known as 83 Whitney Street, Northborough, MA 01532-1429) (hereinafter "Subject Property"), GMAC Mortgage, LLC (hereinafter "GMAC, LLC"), an affiliated debtor that claims to be in privity with Residential Funding Company, LLC f/k/a Residential Funding Corporation (hereinafter "Residential") has not now, nor has it ever held any right, title or interest in the Subject Property. Yet GMAC, LLC has continued to assert such title pursuant to (1) an assignment of mortgage deed from a then non-existent beneficial entity, "GMAC Bank[2]"; (2) a duly executed Memorandum of Sale dated October 26, 2011 by and between itself (as buyer and seller) pursuant to a legally flawed non-judicial foreclosure sale, and thereafter (3) certain documents as recorded with the public records of the Worcester County (Southern District) Registry of Deeds which purported to transfer title to the Subject Property from itself pursuant to such putative non-judicial foreclosure sale conducted through exercise of the power of sale on October 26, 2011, thereby causing

---

[1]  *See* p. 5, para. 3, *infra*.

[2]  According to the public records of the Utah Dept. of Commerce, Division of Corporations & Commercial Code, "GMAC Bank" was first incorporated on March 29, 2004 as a Utah state-chartered industrial bank under the name "GMAC Automotive Bank", and thereafter on January 15, 2010 last changed its name from "GMAC Bank" to "Ally Bank". (*See*, **Exhibits "3", 4", "5", "6" and "8"**, respectively, attached hereto and incorporated herein in its entirety by reference).

On October 29, 2007, which date was *after* the name change from "GMAC Automotive Bank" to "GMAC Bank", the name "GMAC Automotive Bank" was resurrected and registered with the Utah Dept. of Commerce, Division of Corporations & Commercial Code as a <u>separate</u> "d/b/a". *See* Entity No. 6798126-0151. (*See*, **Exhibit "7"**, attached hereto and incorporated herein in its entirety by reference).

## CLAIM NO. 4199

Claimant to sustain a loss in the amount of her claim as timely filed with this Court on November 9, 2012.

## MATERIAL FACTS.

On April 8, 2003, Claimant executed and delivered a mortgage deed in the original principal amount of $150,000.00 in favor of Sherwood Mortgage Group, Inc. ("Sherwood"), dated April 8, 2003 and recorded with the Worcester County (Southern District) Registry of Deeds on April 14, 2003 in Book 29672 Page 124 ("Sherwood Mortgage Deed"). (*See*, **Exhibit "1"**, attached hereto and incorporated herein in its entirety by reference).

On or about that same date (April 8, 2003), Sherwood executed an assignment of the Sherwood Mortgage Deed in favor of "Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, MI 48501-2026, its successors and assigns, as nominee for GMAC Bank, its successors and assigns, located at 100 Witmer Road, Horsham, PA 19044". Said assignment is dated April 8, 2003 and recorded with the Worcester County (Southern District) Registry of Deeds on April 14, 2003 in Book 29672 Page 143. (*See*, **Exhibit "2"**, attached hereto and incorporated herein in its entirety by reference).

Moreover, at the time of the foregoing assignment (April, 2003) Claimant had no personal knowledge or otherwise had reason to believe that "GMAC Bank" was *not* in legal existence either in its own right or as a "d/b/a". Nor did either Sherwood, Mortgage Electronic Registration Systems, Inc. ("MERS"), or her purported mortgage servicer, GMAC Mortgage Corporation ("GMAC Mortgage") inform Claimant that "GMAC Bank" was *not* in legal existence either in its own right or as a "d/b/a". (*See*, **Exhibits "3", "4", "5", "6", "7" and "8"**, respectively, attached hereto and incorporated herein in their entirety by reference).

At the time of the foregoing assignment, "GMAC Bank" was *not* a member of MERS and thus MERS could not legally or otherwise be the "nominee" for "GMAC Bank", nor could it legally be the recipient of the April 8, 2003 assignment of the Sherwood Mortgage Deed on behalf of "GMAC Bank" as set forth *supra*.

In mid-March, 2005, Claimant temporarily fell behind on her loan payments. In early-May, 2005, a representative from GMAC Mortgage contacted Claimant about her loan arrearage and offered to allow her to spread out payment of the arrearage in equal monthly installments over a short period of time. Claimant's regular monthly payment would be increased by a certain dollar amount (Claimant forgets the exact amount and the

2

## CLAIM NO. 4199

period of time involved, but again it was short)). Claimant agreed. However, approximately ten (10) days later Claimant reconsidered and decided to simply take out a loan against her 401k plan and pay the arrearage in a lump sum in full as the loan from the plan would involve smaller monthly payments. After contacting her plan operator and arranging for the loan against her 401k that would be forwarded to her within one (1) week, Claimant then contacted GMAC Mortgage and spoke to another representative.

Claimant informed this representative about what she had done and that upon receipt of the funds within the week she would contact the representative so that she could send in her payment in full. That representative of GMAC Mortgage agreed and stated that she would make a note of it on the account.

Within that week, Claimant received her loan proceeds against her 401k. She then attempted to contact the latter representative at GMAC Mortgage not once but numerous times so that she could arrange to forward the payment to it as agreed, without success. Claimant left several messages, none of which were returned. In frustration Claimant thereafter spoke to yet a third representative who informed her that she would fax over the information necessary to become current. To Claimant's surprise, the figure quoted came from "Harmon Law Offices, P.C." (hereinafter "Harmon") (a well known Massachusetts foreclosure mill) and was now inflated by approximately eighty-five (85%) percent due to alleged "foreclosure costs, fees and expenses" (including attorney fees payable to Harmon). Claimant could not understand this at all since she had an agreement and no foreclosure action had yet been commenced. Upon contacting GMAC Mortgage, Claimant was informed by now yet a fourth representative that her case file had already been turned over to Harmon for action and that these were the standard fees that Harmon charged once a case file was referred to them whether any action was taken to collect the loan or not. Claimant informed this representative that she believed this practice to be illegal and refused to pay anything more than the amount of her regular monthly payment plus arrears. This was refused. (Note: Subsequently, a number of other similarly situated individuals commenced a class action lawsuit in the United States District Court for the District of Massachusetts against GMAC, LLC, Harmon, and others claiming that this and other practices were in fact unlawful. This civil action is styled *Pettway, et al* v. *Harmon Law Offices, P.C.*, Civil Action No. 1:2003-cv-10932-RGS[3]. It is Claimant's understanding that quite some time later Harmon entered into a consent order in this civil case whereby *inter alia* Harmon voluntarily agreed to cease and desist such unlawful practices in the future).

Going forward, despite the fact that "GMAC Bank" did *not* legally exist (again, a fact that Claimant did not know at the time) and thus MERS, as "nominee" for "GMAC

---

[3]    Inaccurately identified in Claimant's response to request for documents filed *In re: GMAC Mortgage, LLC*, Chp. 11, United States Bankruptcy Court for the Southern District of New York, Case No. 12-12032-MG (jointly administered) as *Manson* v. *GMAC Mortgage, LLC, et al*; Civil Action No. 1:2008-cv-12166-RGS.

3

### CLAIM NO. 4199

Bank" could *not* as a matter of law be the holder of the Sherwood Mortgage Deed (or for that matter, the underlying loan), on June 23, 2005 Harmon, on behalf of MERS (and *not* MERS, as "nominee" for "GMAC Bank") filed a Complaint under the Servicemembers Civil Relief Act against Claimant in the Massachusetts Land Court Dept. of the Trial Court to foreclose the Sherwood Mortgage Deed. This miscellaneous civil case is styled *Mortgage Electronic Registration Systems, Inc.* v. *Allison L. Randle*, Misc. Case No. 2005 MISC 310699-CWT. The Order of Notice issued by the Massachusetts Land Court Dept. of the Trial Court is dated July 29, 2005 and recorded with the Worcester County (Southern District) Registry of Deeds on August 16, 2005 in Book 37075, Page 312. (*See,* **Exhibit "9"**, attached hereto and incorporated herein in its entirety by reference). On September 5, 2005 Claimant timely removed this case to the United States District Court for the District of Massachusetts, to which it was assigned a new case number, to wit: Civil Action No. 1:2005-cv-11817-PBS. (This civil case was subsequently dismissed by that court for failure of MERS to prosecute it).

The next major event took place quite some time later when, on January 14, 2008 another law firm (and well known Massachusetts foreclosure mill) Doonan, Graves and Longoria, LLC ("DGS") surfaced[4] by filing a Complaint under the Servicemembers Civil Relief Act against Claimant on behalf of GMAC, LLC in the Massachusetts Land Court Dept. of the Trial Court to foreclose the Sherwood Mortgage Deed even though the public record continued to show MERS, as "nominee" for "GMAC Bank" as the holder thereof. This miscellaneous civil case is styled *GMAC Mortgage, LLC* v. *Allison L. Randle*, Misc. Case No. 2008 MISC 369658-GHP. The Order of Notice issued by the Massachusetts Land Court Dept. of the Trial Court is dated April 14, 2008 and recorded with the Worcester County (Southern District) Registry of Deeds on May 8, 2008 in Book 42806, Page 95. (*See,* **Exhibit "10"**, attached hereto and incorporated herein in its entirety by reference). On May 27, 2008 Claimant timely removed this case to the United States District Court for the District of Massachusetts, to which it was assigned a new case number, to wit: Civil Action No. 4:2008-cv-40102-DFS.

For reasons which are unclear, despite the fact that the foregoing Servicemembers Civil Relief Act case had been removed to the United States District Court for the District of Massachusetts and that the Massachusetts Land Court Dept. of the Trial Court lacked jurisdiction over the subject matter as a result of the removal, DGS on behalf of GMAC, LLC subsequently applied for and was able to procure an (alias) Order of Notice. The (alias) Order of Notice issued by the Massachusetts Land Court Dept. of the Trial Court is dated January 9, 2009 and recorded with the Worcester County (Southern District) Registry of Deeds on February 5, 2009 in Book 43763, Page 10. (*See,* **Exhibit "11"**, attached hereto and incorporated herein in its entirety by reference). Thereafter, on April

---

[4] Apparently, as Claimant was a member of the class in the *Pettway* class action case, as aforesaid, and had participated more than just a passive member, Harmon decided not to pursue any further collection activity against Claimant; hence the entry of DGS on the scene.

4

## CLAIM NO. 4199

2, 2009, DGS, on behalf of MERS, as "nominee" for "GMAC Bank" executed an assignment of the Sherwood Mortgage Deed in favor of GMAC, LLC. This assignment is dated April 2, 2009 and recorded with the Worcester County (Southern District) Registry of Deeds on April 6, 2009 in Book 44048, Page 390. (*See*, **Exhibit "12"**, attached hereto and incorporated herein in its entirety by reference). Aside from the lack of standing due to the legal infirmity relative to "GMAC Bank", this assignment was also legally infirm as (1) it failed to recite the "Date of Transfer" of the Sherwood Mortgage Deed, and (2) it contained an improper notary jurat, in that the individual who allegedly signed on behalf of MERS, as "nominee" for "GMAC Bank" did *not* personally appear before the notary public who at the time was located in the State of California[5].

Almost one (1) year later, on May 26, 2009, upon a motion of DGS, on behalf of GMAC, LLC, the latter Servicemembers Civil Relief Act case was remanded by the United States District Court for the District of Massachusetts back to the Massachusetts Land Court Dept. of the Trial Court. Shortly thereafter, DGS requested that a (pluries) Order of Notice issue as the prior one had expired due to attorney non-use. (However, it was not merely the expiration of this order but the fact that the order should have never issued in the first place since the Massachusetts Land Court Dept. of the Trial Court lacked jurisdiction over the subject matter at the time). On June 16, 2009, the Massachusetts Land Court Dept. of the Trial Court issued a (pluries) Order of Notice due to attorney non-use. This Order of Notice is dated June 25, 2009 and recorded with the Worcester County (Southern District) Registry of Deeds on July 27, 2009 in Book 44634, Page 367. (*See*, **Exhibit "13"**, attached hereto and incorporated herein in its entirety by reference).

DGS on behalf of GMAC, LLC then scheduled a non-judicial foreclosure sale of the Subject Property for August 24, 2009. At said putative sale, a third party allegedly was declared the successful high bidder. However, when subsequently questioned by counsel for this buyer as to the date of the judgment issued by the Massachusetts Land Court Dept. of the Trial Court authorizing the sale, DGS could only produce a judgment that was issued *post*-sale (dated September 17, 2009). The buyer through counsel then demanded that either DGS obtain a judgment issued prior to the sale date (August 24, 2009) or return the buyer's deposit. On December 1, 2009, DGS then, without any prior notice to Claimant or her counsel, Israel M. Sanchez, Jr. ("Atty. Sanchez") sent a written *ex-parte* communication to the Recorder's Office of the Massachusetts Land Court Dept.

---

[5]   The name "Jeffrey Stephan" which appears on the face of the assignment is a well-known "robo-signor" and who at the time of the execution of the assignment was physically located in the Commonwealth of Pennsylvania, *not* the State of California.

5

## CLAIM NO. 4199

of the Trial Court urging the court to change the date of the judgment to a date prior to the sale. The court subsequently held that the judgment should stand as entered[6] and the buyer again demanded the return of his deposit. DGS complied, and the sale failed, thereby re-vesting title to the Subject Property (to the extent that the sale was ever valid at all) retroactively back to Claimant.

In or around October 19, 2010, in reviewing another civil case in which he was counsel for another against GMAC, LLC, Atty. Sanchez came across the rather startling fact (again this was not known to Claimant or her counsel) that "GMAC Bank" did not legally exist on April 8, 2003, the date of the purported assignment of the Sherwood Mortgage Deed to MERS, as "nominee" for "GMAC Bank", and that there were literally thousands of mortgage deeds in the Commonwealth of Massachusetts which had either been produced by, or in favor of, or assigned by, or in favor of, that non-existent entity. In fact, "GMAC Bank" did not legally exist *prior* to March 29, 2004 at all[7]. *See also* n. 2, *supra*.

However, GMAC, LLC did not initiate any further action against the Subject Property until late August, 2011 when DGS, on behalf of GMAC, LLC recommenced the non-judicial foreclosure process, initially scheduling a sale for September 23, 2011 at 10:00 a.m., then postponing the same by public proclamation to September 27, 2011 at 10:00 a.m., and then once again by public proclamation to October 26, 2011 **at 11:00 a.m.**[8] Yet *inexplicably*, DGS on behalf of GMAC, LLC appeared **at 10:00 a.m.** and concluded its

---

[6]    Upon the motion of Claimant, and due to the apparent chicanery of GMAC, LLC, the court subsequently issued an "Order Amending Judgment", dated October 12, 2010 which altered the date of entry of judgment from September 17, 2009 to October 12, 2010. (*See*, **Exhibit "18"**, attached hereto and incorporated herein in its entirety by reference). However, the judgment itself (as recorded with the Worcester County (Southern District) Registry of Deeds) indicates on its face that the date [of judgment] is September 17, 2009. (*See*, **Exhibit "17"**, attached hereto and incorporated herein in its entirety by reference).

[7]    This fact is further buttressed by the filing of a "Foreign Corporation Certificate of Registration" with the Massachusetts Secretary of State on September 10, 2004 in which "GMAC Bank" (then "GMAC Automotive Bank") first sought to do business in the Commonwealth of Massachusetts by certifying that it came into legal existence in the State of Utah on March 29, 2004. (*See*, **Exhibit "4"**, attached hereto and incorporated herein in its entirety by reference).

[8]    Notice of the written notice of adjournment (even though it is Claimant's understanding that under Massachusetts law a written notice of adjournment is not necessary) and the Memorandum of Sale (that was executed by DGS on behalf of GMAC, LLC (as buyer) and the Auctioneer on behalf of GMAC, LLC (as seller) indicated that the sale was to be conducted **at 11:00 a.m.** (on October 26, 2011).

## CLAIM NO. 4199

business on the Subject Property well before 11:00 a.m., allegedly selling the Subject Property to itself pursuant to a duly executed Memorandum of Sale[9]. (*See*, **Exhibit "14"**, attached hereto and incorporated herein in its entirety by reference).

Shortly before May 14, 2012, Claimant received a letter from the Massachusetts law firm of Orlans Moran PLLC indicating that Residential had purchased the Subject Property[10]. Yet at that time there was no documentation filed with the public records of the Worcester County (Southern District) Registry of Deeds evidencing any transfer of the Subject Property by GMAC, LLC to itself, Residential or any other entity.

On May 14, 2012, GMAC, LLC and other affiliated entities filed for bankruptcy protection under Chapter 11 of title 11 of the United States Code. *See In re: Residential Funding Company, LLC a/k/a Residential Funding Corp.*, Chapter 11, United States Bankruptcy Court for the Southern District of New York, Case No. 1:12-12019-MG (jointly administered); *In re: GMAC Mortgage, LLC*, Chapter 11, United States Bankruptcy Court for the Southern District of New York, Case No. 1-12-bk-12032-MG[11] (jointly administered).

By letter dated Mary 15, 2013, DGS, on behalf of GMAC, LLC, sent a letter to Randle indciating *intr alia* that the sale of the Subject property on october 26, 20111 by GMAC, LLC to Residential had been consummated. See, **Exhibit "16"**, attached hereto and incorporated herein in its entirety by reference).

Approximately one year and seven months ***after*** the putative October 26, 2011 sale, GMAC, LLC caused *inter alia*, the recordation of a Foreclosure Deed to the Subject Property (along with an Affidavit of Sale) in favor of Residential[12], dated

---

[9] Referenced in and attached to the Memorandum of Sale dated October 26, 2011 is a copy of the *Mortgagee's Notice of Sale of Real Estate* (as amended) that indicated the time of sale as "11:00 a.m.", ***not*** 10:00 a.m. (on October 26, 2011). (*See*, **Exhibit "15"**, attached hereto and incorporated herein in its entirety by reference).

[10] Curiously, Claimant had previously received yet another, though dissimilar communication from Federal National Mortgage Association ("Fannie Mae") (in the form of a Form 1099-A notice to the Internal Revenue Service - Surrender or Abandonment of Secured Property) that indicated that Fannie Mae had purchased the Subject Property at this putative sale. There is no other evidence known to Claimant that such is the case.

[11] On November 9, 2012 Claimant timely filed proofs of claim in *both* bankruptcy cases.

[12] The Foreclosure Deed (and Affidavit of Sale) in favor of Residential appears to be at odds with the Memorandum of Sale executed by and between GMAC, LLC (as buyer and seller) as it indicates that the Subject Property was sold at said putative sale to GMAC, LLC, ***not*** Residential.

7

## CLAIM NO. 4199

January 23, 2012, with the Worcester County (Southern District) Registry of Deeds on May 20, 2013 in Book 50907, Page 85, (*see*, **Exhibit "20"**, attached hereto and incorporated herein in its entirety by reference), and a Certificate of Entry, dated October 26, 2011, in Book 50907, Page 84. (*See*, **Exhibit "19"**, attached hereto and incorporated herein in its entirety by reference).

Based upon the foregoing, Residential is now claiming not only the ownership of the Subject Property but the paramount right to possession thereof and attempting to evict Claimant and another from the Subject Property[13].

## CONCLUSION.

As evidenced *supra*, the claim by GMAC, LLC to title to the Sherwood Mortgage Deed, and thus legal title to the Subject Property is based on fraud in the factum (in that the assignment of the Sherwood Mortgage Deed by Sherwood to MERS, as nominee for "GMAC Bank" was a part of a series of transactions contemporaneous with the execution and delivery of the Sherwood Mortgage Deed involving Claimant to Sherwood).

Nevertheless, under applicable Massachusetts law the execution of the Memorandum of Sale on October 26, 2011 by GMAC, LLC to itself (as buyer and seller) has deprived the Claimant of her property interests in the Subject Property to its fair market value (which at the time of the filing of the instant claim by Claimant with this Court was based upon the assessed value of the Subject Property by the Town of Northborough, Massachusetts, *i.e.* approximately $234,200.00), (*see*, **Exhibit "21"**, attached hereto and incorporated herein in its entirety by reference), and as also indicated *supra* such loss has been reported to the Internal Revenue Service as a taxable event. *See*, n. 10, *supra*.

---

[13]    *See, Residential Funding Company, LLC f/k/a Residential Funding Corporation v. Allison L. Randle, et al*; Housing Court Dept. of the Trial Court – *Worcester Division*, No. 13H85-SP-02107. On June 28, 2013, Claimant timely removed this case to the United States District Court for the District of Massachusetts, to which it was assigned a new case number, to wit: Civil Action No. 4:2013-cv-40076-TSH.

8

# CLAIM NO. 4199

## EXHIBIT "B"

### LIST OF EXHIBITS OF RELEVANT DOCUMENTS.

1. Mortgage Deed given by Allison L. Randle to Sherwood Mortgage Group, Inc., dated April 8, 2002 and recorded with the Worcester County (Southern District) Registry of Deeds on April 14, 2003 in Book 29672, Page 124 ("hereinafter Sherwood Mortgage Deed"), secured by property located and more commonly known as **83-85 Whitney Street, Northborough, County of Worcester, Commonwealth of Massachusetts 01532-1429** (hereinafter "Subject Property").

2. Assignment of Sherwood Mortgage Deed by Sherwood Mortgage Group, Inc. to "Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, MI 48501-2026, its successors and assigns, as nominee for GMAC Bank, its successors and assigns, located at 100 Witmer Road, Horsham, PA 19044", dated April 8, 2003 and recorded with the Worcester County (Southern District) Registry of Deeds on April 14, 2003 in Book 29672, Page 143.

3. "Certificate of Existence" of "GMAC Automotive Bank" issued by the Utah Dept. of Commerce, Division of Corporations & Commercial Code, dated March 29, 2004

4. "Foreign Corporation Certificate of Registration" of "GMAC Automotive Bank", dated August 4, 2004 as filed with the Secretary of State of the Commonwealth of Massachusetts on September 10, 2004.

5. "Certificate of Amendment" of "GMAC Automotive Bank", dated August 4, 2004 indicating its change of name to "GMAC Bank" as filed with the Secretary of State of the Commonwealth of Massachusetts on February 9, 2007.

## CLAIM NO. 4199

6. "Certificate of Corporation Amendment Enacting Name Change" indicating name change from "GMAC Automotive Bank" to "GMAC Bank" on November 20, 2006, issued by the Utah Dept. of Commerce Division of Corporations & Commercial Code, dated January 3, 2007.

7. Printout from the official website of the Utah Dept. of Commerce Division of Corporations & Commercial Code, dated June 24, 2013 indicating the registration date for "GMAC Automotive Bank" as a "d/b/a" is October 29, 2007.

8. "Certificate of Amendment" of "GMAC Bank", dated January 8, 2010 indicating its change of name to "Ally Bank" as filed with the Secretary of State of the Commonwealth of Massachusetts on January 15, 2010.

9. Order of Notice issued to Mortgage Electronic Registration Systems, Inc. by the Massachusetts Land Court Dept. of the Trial Court, dated July 29, 200 in the Servicemembers Civil Relief Act case styled *Mortgage Electronic Registration Systems, Inc. v. Allison L. Randle*, Misc. Case No. 2005 MISC 310699-CWT, and recorded with the Worcester County (Southern District) Registry of Deeds on August 16, 2005 in Book 37075, Page 312.

10. Order of Notice issued to GMAC Mortgage, LLC by the Massachusetts Land Court Dept. of the Trial Court, dated April 14, 2008 in the Servicemembers Civil Relief Act case styled *GMAC Mortgage, LLC v. Allison L. Randle*, Misc. Case No. 2008 MISC 369658-GHP, and recorded with the Worcester County (Southern District) Registry of Deeds on May 8, 2008 in Book 42806, Page 95.

11. (Alias) Order of Notice issued to GMAC Mortgage, LLC by the Massachusetts Land Court Dept. of the Trial Court, dated January 9, 2009 in the Servicemembers Civil Relief Act case styled *GMAC Mortgage, LLC v. Allison L. Randle*, Misc. Case No. 2008 MISC 369658-GHP, and recorded with the Worcester County (Southern District) Registry of Deeds on February 5, 2009 in Book 43763, Page 10.

## CLAIM NO. 4199

12. Assignment of Sherwood Mortgage Deed by Mortgage Electronic Registration Systems, Inc., as nominee for "GMAC Bank" to GMAC Mortgage, LLC, dated April 2, 2009, and recorded with the Worcester County (Southern District) Registry of Deeds on April 6, 2009 in Book 44048, Page 390.

13. (Pluries) Order of Notice issued to GMAC Mortgage, LLC by the Massachusetts Land Court Dept. of the Trial Court, dated June 25, 2009 in the Servicemembers Civil Relief Act case styled *GMAC Mortgage, LLC* v. *Allison L. Randle*, Misc. Case No. 2008 MISC 369658-GHP, and recorded with the Worcester County (Southern District) Registry of Deeds on July 27, 2009 in Book 44634, Page 367.

14. Memorandum of Sale relative to the Subject Property executed by and between GMAC Mortgage, LLC (as buyer) and GMAC Mortgage, LLC (as seller), dated October 26, 2011.

15. "Notice of Mortgagee's Sale of Real Estate" (as amended) relative to the Subject Property, dated August 22, 2011 (as referenced and attached to the Memorandum of Sale identified in paragraph No. 14 *supra*, and which indicates that the putative October 26, 2011 had been postponed by GMAC Mortgage, LLC by public proclamation from September 23, 201to October 26, 2011 **at 11:00 a.m.**, *not* 10:00 a.m..

16. Letter from Reneau J. Longoria, Esq., of the law firm of Doonan, Graves & Longoria, LLC on behalf of GMAC Mortgage, LLC to Allison L. Randle, dated May 15, 2013 indicating that the sale of the Subject Property on October 26, 2011 by GMAC Mortgage, LLC to Residential Funding Company, LLC f/k/a Residential Funding Corporation had been consummated.

17. Judgment issued in favor of GMAC Mortgage, LLC by the Massachusetts Land Court Dept. of the Trial Court in the Servicemembers Civil Relief Act case styled *GMAC Mortgage, LLC* v. *Allison L. Randle*, Misc. Case No. 2008 MISC 369658-GHP, dated September 17, 2009 and recorded with the Worcester County (Southern District) Registry of Deeds on May 20, 2013 in Book 50907, Page 81.

## CLAIM NO. 4199

18. Order Amending Judgment issued by the Massachusetts Land Court Dept. of the Trial Court, (Gordon H. Piper, J.), dated October 12, 2010, re: Judgment issued by the Massachusetts Land Court Dept. of the Trial Court in the Servicemembers Civil Relief Act case styled *GMAC Mortgage, LLC* v. *Allison L. Randle,* Misc. Case. No. 2008 MISC. 369658-GHP.

19. Certificate of Entry relative to the Subject Property, dated October 26, 2011 and recorded with the Worcester County (Southern District) Registry of Deeds on May 20, 2013 in Book 50907, Page 84.

20. Foreclosure Deed (and Affidavit of Sale) relative to the Subject Property, dated January 23, 2012 and recorded with the Worcester County (Southern District) Registry of Deeds on May 20, 2013 in Book 50907, Page 85.

21. Town of Northborough Property Board of Assessors –Property Record Card – evidencing FY2012 assessed value ($234,200.00) and FY2013 assessed value ($222,100.00) of the Subject Property.

4