EXHIBIT "11"

Bk: 43763 Pg: 10

2009 00010891
Bk: 43763 Pg: 10
Page: 1 of 1  02/05/2009 09:42 AM  WD

**COMMONWEALTH OF MASSACHUSETTS**
(SEAL)                          **LAND COURT**
                        **DEPARTMENT OF THE TRIAL COURT** 09 JAN -8 PH 3: 15

To
    **Allison L. Randle**                                    Case No.    369658

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act.

**GMAC Mortgage, LLC**

claiming to be the holder of  a mortgage

covering real  property in  **Northborough**

numbered    **Unit No. 83, Whitney Street Condominium, 83-85 Whitney Street**

given by

**Allison L. Randle to Sherwood Mortgage Group, Inc. dated April 8, 2003, and recorded at the
Worcester County (Worcester District) Registry of Deeds in Book 29672, Page 124, and now held
by plaintiff by assignment**

Has/have filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such
foreclosure you or your attorney should file a written appearance and answer in said court at Boston
on or before the    **FEB 2 3 2009**

or you may be forever barred from claiming that such foreclosure  is invalid under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court on this  ᵞJAN 0 ᵞ 2009

**Attest:**                Deborah    J.    Patterson
                          *Recorder*

                                    A TRUE COPY
                                    ATTEST:

                                    Deborah J. Patterson

                                    RECORDER

p:\Massachusetts Foreclosures\Generated_Forms\Order of Notice_Foreclosure_Randle_G3910.00

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT "12"

**Bk: 44048 Pg: 390**



Bk: 44048 Pg: 390
Page: 1 of 2  04/06/2009 02:58 PM  WD

Record and Return to:
Doonan, Graves, & Longoria
Attn: Matt Kelly
100 Cummings Center
Suite 225D
Beverly, MA 01915

## ASSIGNMENT OF MORTGAGE

Know that, for valuable consideration, Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Bank ("ASSIGNOR"), hereby sells, assigns, and transfers to GMAC Mortgage, LLC ("ASSIGNEE"), whose mailing address is 3451 Hammond Avenue , Waterloo, IA  50702, the Assignor's interest in a certain mortgage made by Allison L. Randle to Sherwood Mortgage Group, Inc. dated April 8, 2003 and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 29672, Page 124, describing land therein as:

Date of Transfer: _____

83-85 Whitney Street, Unit 83 Whitney Street Condominium, Northborough, MA 01532

Dated: April 2, 2009

Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Bank, **Assignor**

By: _____

Its: _____
Jeffrey Stephan
Vice President

Bk: 44048 Pg: 391

State of California          )
County of Sacramento        )  ss.

On _April 2, 2009_, before me, _Susan Turner_, Notary Public, personally appeared _Jeffrey Stephan_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Notary signature: 11-9-11

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Susan Turner, Notary Public
Upper Dublin Twp, Montgomery County
My Commission Expires Nov. 9, 2011
Member, Pennsylvania Association of Notaries

**Mortgage Broker**

Name: _None_

Address: _____

License #: _____

**Mortgage Originator**

Name: _None_

Address: _____

License #: _____

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT "13"

Bk: 44634 Pg: 367

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

(SEAL)

To

    Allison L. Randle

Case No.   369658

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act.

**GMAC Mortgage, LLC**

Bk: 44634 Pg: 367
Page: 1 of 1  07/27/2009 10:28 AM  WD

claiming to be the holder of  a mortgage

covering real  property in   **Northborough**

numbered     **83-85 Whitney Street, Unit 83 Whitney Street Condominium**

given by

    **Allison L. Randle to Sherwood Mortgage Group, Inc., dated April 8, 2003, and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 29672, Page 124, and now held by Plaintiff by assignment.**

Has/have filed with said court a complaint for authority to foreclose said mortgage

in the manner following: **by entry and possession of and exercise of power of sale.**

If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or before  AUG 1 0 2009

or you may be forever barred from claiming that such foreclosure  is invalid under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court on  JUN 2 5 2009

**Attest:**

        Deborah    J.    Patterson

        *Recorder*
        **A TRUE COPY**
        **ATTEST:**

        Deborah J. Patterson

        **RECORDER**

RETURN TO: DROMAN, GRAVES & LONGORIA

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT "14"

## MEMORANDUM OF TERMS AND CONDITIONS
## FOR THE PURCHASE AT MORTGAGEE'S FORECLOSURE SALE

**PREMISES:** 83-85 Whitney Street, Unit No. 83, Whitney Street Condominium, Northborough,
MA 01532

_Ramean Longuea_ , of _Bank attorney for GMAC_
(hereinafter referred to as "BUYER") hereby acknowledges the purchase at public auction from
_Sandra Monroe_ , of Monroe Auction Group acting as agent for the GMAC
Mortgage, LLC, (hereinafter referred to as "SELLER"), the real estate described in the attached copy
of "Mortgagee's Sale of Real Estate" for the bid sum or purchase price of $
_160,413.64_ DOLLARS. Buyer hereby agrees to comply with
the following terms and conditions of sale, and has paid as a deposit to bind the bargain the sum of
TEN THOUSAND & 00/100 ($10,000.00) DOLLARS, which sum shall be forfeited to the Seller
should the Buyer fail to comply with these terms and conditions of sale, but such forfeiture shall not
relieve the Buyer from any contractual obligations hereunder nor shall such forfeiture be applied to the
mortgage debt. Such forfeiture shall still be effective in the event the real estate is sold to the second
(2nd) highest bidder.

Such premises are to be conveyed to the Buyer by a good and sufficient Foreclosure Deed
conveying a good and clear record title to the premises located at 83-85 Whitney Street, Unit No. 83,
Whitney Street Condominium, Northborough, MA 01532 more fully described in Mortgagee's Notice
of Sale of Real Estate attached hereto, subject to the following:

1. Provisions of existing zoning, building, subdivision control, environmental laws and
all other laws, by-laws, rules and restrictions of the City/Town of Northborough, and
also of the Commonwealth of Massachusetts relating to use of land or buildings.

2. Any existing tenancy or tenancies, leases or occupants, or rights of possession, if any
there be.

3. Restrictions, rights, reservations, easements and agreements of record, if applicable.

4. All outstanding municipal taxes, tax liens, tax titles, tax takings, and betterment
assessments, all transfer costs, including, but not limited to, "tax stamps" and recording
fees, outstanding water rates, water liens, and also sewer use assessments or taxes, if any
there be, all of which shall be assumed by Buyer without adjustment in favor of Buyer.

5. Where applicable, the Property shall be conveyed subject to unpaid condominium
fees pursuant to Massachusetts General Laws Chapter 183A, as amended.

6. Said premises are conveyed subject to the right of redemption of the United States or
any of it's sub-agencies or divisions according to law, if applicable, to redeem the said
premises.

7. Buyer acknowledges that this sale is subject to "so called" Title 5 Regulations that may require the inspection of the septic system for this property. Buyer further acknowledges that the Mortgagee makes no warranty or representation as to the applicability of the aforesaid Title 5 nor makes any warranty or representation as to whether the subject property will pass Title 5 septic system evaluation. The sole responsibility for compliance, if applicable, of the Title 5 requirements shall be the Buyer's and the Mortgagee shall have no responsibility therefore.

If fire or other casualty damages the buildings, Buyer at his option may cancel this agreement and receive back his deposit. However, the Seller, at its option, shall have the privilege to extend this agreement for an additional period of third (30) days and if the buildings are restored to their former condition within said period then Buyer shall be obligated to purchase said premises. The Buyer may elect, however, to have the proceeds of any insurance money received or to be received on account to such casualty assigned to him by the Seller and proceed with the purchase of said property under the terms of this memorandum.

Buyer acknowledges that Buyer has not been influenced to enter into this transaction nor has it relied upon any warranties or representations, expressed or implied, not set forth in this Agreement, or in the legal advertisement of this sale. Specifically, the Buyer acknowledges that the Seller has made no representations or warranties concerning the compliance of the premises with any and all buildings, zoning, environmental or the laws or ordinances (federal, state or local) which may affect the Buyer's use and/or enjoyment of the Premises. Additionally, any improvements including the buildings, if any, on the premises are sold "AS IS, WHERE IS" with no warranties expressed or implied. Buyer acknowledges that the Seller has made no representations or agreements that the Premises is vacant land, is a lot on which a structure may be built or if there is a partially completed structure on the Premises that it may be completed. Buyer also acknowledges that this sale does not include any personal property located on the premises being sold.

Buyer shall obtain his own financing if needed to purchase the premises sold thereunder and the Buyer acknowledges the Seller has made no representations that Seller will give or obtain financing for Buyer.

If a material defect in the record title, other than those set forth in Clauses 1 †5 of this agreement preceding, shall be claimed by the Buyer, the Buyer shall notify the Seller and its attorney thereof in writing at least ten (10) days prior to the closing date stated below and the Seller shall have the option to use such portion of one hundred and twenty (120) days from date of notice thereof as it may require to perfect said title, but shall be under no such obligation to do so.

If the Seller does not clear the record title or obtain at Seller's expense affirmative Title Insurance over the defect, the deposit made under this agreement shall be refunded without payment of interest thereon to the Buyer and all obligations of either party shall hereto cease, without further recourse.

The balance of the consideration of the sale, which shall be in the form of a Cashier's Check or Bank Check drawn on a Bank located In Eastern Massachusetts, made payable to GMAC Mortgage, LLC, (except the deposit which shall be held by the Seller), shall be paid to Seller and the Premises conveyed to the Buyer by the usual Mortgagee's deed under the statutory power of sale on or before November 28, 2011, at 5:00 p.m. at the said office of DOONAN, GRAVES, & LONGORIA L.L.C., 100 Cummings Center, Suite 225D, Beverly, Massachusetts, 01915, time being of the essence. At the

same time there shall be delivered to the Buyer a properly executed entry to foreclose and a copy of a Judgment of the Land Court authorizing the sale and said entry.

The Buyer acknowledges that if, as the successful bidder at the Foreclosure Sale, the Buyer shall default in purchasing the within described property according to the terms of the Mortgagee's Sale of Real Estate attached hereto, and/or the terms of this Memorandum of Sale that the Seller reserves the right to sell the property by Foreclosure Deed to the second highest bidder providing that said second highest bidder shall deposit with the Seller's Attorney, DOONAN, GRAVES, & LONGORIA L.L.C., the amount of the required deposit as set forth herein and execute this Memorandum of Sale within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within twenty (20) days of said written notice. It is also agreed that the Seller as holder of the mortgage being foreclosed may bid at this foreclosure Sale, and if Seller is the second highest bidder, Seller Shall have the right to purchase said Premises at the second highest bid price if the highest bidder defaults.

The Buyer is advised that Massachusetts General Laws, Chapter 111, Section 190†191 provides for a program of lead poisoning prevention and control, and further that there is a possibility of lead paint problem under said law if a child under six years of age becomes a resident of the dwelling being purchased. The Buyer takes this risk; in purchasing this property pursuant to notice given hereunder.

The Buyer is further advised that Massachusetts General Laws. Chapter 14S, Section 26F requires that smoke detectors be installed in all residential structures. The Buyer, in purchasing this property at this foreclosure sale, agrees that he/she will assume all costs relative to the purchase and installation, plus all costs dealing with inspection fees for such smoke detection equipment and Buyer further acknowledges that such equipment shall meet all of the minimum state and the appropriate Fire Department requirements.

In the event that the second highest bidder does not wish to purchase the premises, the holder of the mortgage reserves the right to purchase the premises at the amount bid by the second highest bidder.

In the event the mortgagee cannot deliver title to the premises as provided herein, the purchaser shall only be entitled to the return of his/her deposit and this shall be purchaser's sole and exclusive remedy at law or in equity.

In the event that Mortgagee is unable to deliver title under the conditions hereinbefore stated or referred to, or in the event the Mortgagee elects to, at its sole discretion, unilaterally terminate this Memorandum of Terms and Conditions agreement, all deposits made by purchaser shall be returned and the contract effected hereby shall cease without recourse to the parties hereto.

The acceptance or recording of a deed and certificate of entry for the premises by the Buyer shall be deemed to be a full performance and discharge of the Seller's obligation hereunder.

This Agreement is executed in duplicate and is to be construed as a Massachusetts contract, to take effect as a sealed instrument, as sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified, or amended only by a written instrument executed by the Seller and Buyer. If two or more persons are named herein as Buyer their obligations hereunder shall be joint and several.

Time is of the essence of this agreement.

The Seller hereby acknowledges receipt of said deposit in the amount of TEN THOUSAND &
00/100 ($10,000.00) DOLLARS. Executed as a sealed instrument in duplicate this ~~1/16/2011~~.

10/26/2011.

Time sale concluded: 10:17 AM

_____

Buyer

_____

Buyer Address

_____

Telephone Number

_____

Auctioneer for Seller as
authorized agent and not otherwise.

EXHIBIT "15"

By virtue and in execution of the Power of Sale contained in a certain mortgage given by **Allison L. Randle** to Sherwood Mortgage Group, Inc. dated April 8, 2003, recorded with the Worcester County (Worcester District) Registry of Deeds in Book 29672, Page 124 of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at **10:00 AM** on **September 23, 2011\*\***, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

A certain estate known as Unit No. 83, ("Unit"), of the Whitney Street Condominium located at 83-85 Whitney Street, Northborough, Massachusetts, a condominium, ("Condominium"), established pursuant to Massachusetts General Laws, Chapter 183A, by Master Deed dated October 25, 1985, recorded with the Worcester District Registry of Deeds in Book 9017, Page 250, ("Master Deed"), which Unit is shown on the Plan of the "Condominium" dated July 24, 1985, recorded with the Worcester District Registry of Deeds in Plan Book 543, Plan 33. For Mortgagor's Title, See Deed in Book 25626 at Page 053 of the Worcester County Registry of Deeds.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

This property has the address of **83-85 Whitney Street, Unit No. 83 Whitney Street Condominium, Northborough, MA 01532.**

Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

**Terms of Sale:** Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and TEN THOUSAND DOLLARS ($10,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of Doonan, Graves & Longoria, LLC, 100 Cummings Center, Suite 225D, Beverly, MA 01915, time being of the essence.

The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale-date by public proclamation at the time and date appointed for the adjourned sale date.

The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building and zoning laws, encumbrances, condominium liens, if any and all other claim in the nature of liens, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorneys, DOONAN, GRAVES, & LONGORIA L.L.C., 100 Cummings Center, Suite 225D, Beverly, Massachusetts, 01915, the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within thirty (30) days of said written notice.

If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder.

The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DOONAN, GRAVES, & LONGORIA L.L.C., (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, thirty (30) days after the date of sale, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged.

Other terms to be announced at the sale.

Dated: August 22, 2011, GMAC Mortgage, LLC, By: Reneau Longoria. Esq., DOONAN, GRAVES, & LONGORIA LLC, 100 Cummings Center, Suite 225D, Beverly, MA 01915, 978-921-2670, www.dgandl.com (G3910.00 )(Randle)(08-29-11, 09-05-11, 09-12-11)(276313)

* Foreclosure Sale previously scheduled to occur on September 23, 2011, was continued, by public proclamation, to September 27, 2011, which was further continued, by public proclamation, to October 26, 2011 at 11:00 am.

EXHIBIT "16"



# DOONAN, GRAVES & LONGORIA, LLC
### ATTORNEYS AT LAW

*Serving Massachusetts, Maine,*
*New York & New Hampshire*

*www.dgandl.com*

100 Cummings Center
Suite 225D
Beverly, Massachusetts 01915
TEL: (978) 921-2670
FAX: (978) 921-4870

May 15, 2013

Allison L. Randle
83-85 Whitney Street, Unit 83, Whitney Street Condominium
Northborough, MA 01532

Re:    83-85 Whitney Street, Unit No. 83 Whitney Street Condominium, Northborough, MA 01532

TO:  Whom it May Concern:

You are hereby notified, pursuant to Massachusetts General Laws, Chapter 206, §4 of the Acts of 2007, of the foreclosure by sale on October 26, 2011, under the power of sale for breach of conditions, the mortgage given by Allison L. Randle to Sherwood Mortgage Group, Inc. dated April 8, 2003, and recorded with the Worcester County (Worcester District) Registry in Book 29672, Page 124. Below is the itemized accounting of the disposition of the proceeds arising from the foreclosure sale.

Breakdown of Funds

| | |
|---|---|
| SALE PRICE | $160,412.64 |
| PRINCIPAL, Interest, late charges and escrow | $246,816.25 |
| Foreclosure fees and costs | $16,590.97 |
| Auctioneer Commission | $N/A |
| SURPLUS | $N/A |

Very truly yours,
GMAC Mortgage, LLC
by its attorneys
DOONAN, GRAVES, & LONGORIA L.L.C.,

by:
Reneau J. Longoria, Esq.

EXHIBIT "17"

Bk: 50907 Pg: 81

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

*September 17, 2009*
LET JUDGMENT ISSUE:

*Karyn F. Scheier*

Land Court Use Only

Chief Justice

Worcester        ss.                                        Case No  08 MISC 369858

**COMPLAINT TO FORECLOSE MORTGAGE**

| PLAINTIFF: Name | City or Town of Residence | |
| GMAC Mortgage, LLC | Waterloo, IA | |
| DEFENDANT Name | City or Town of Residence | Interest |
| Allison L. Randle | Northborough | Owner |

1. Your plaintiff is the ~~owner ( or~~ ✓ assignee) and holder of a mortgage with the statutory power of sale given by

**Allison L. Randle**

to

**Sherwood Mortgage Group, Inc.**                        dated        **April 8, 2003**

recorded at the        **Worcester County (Worcester**        Book    **29672**    Page    **124**
                            **District) Registry of Deeds**

covering*    Unit No. 83, Whitney Street Condominium, 83-85        (Street and Number)
                **Whitney Street**

                **Northborough**                                    (and city or town)

and more particularly described in said mortgage.

**LAND COURT USE ONLY**

2013 00058903
Bk: 50907 Pg: 81
Page: 1 of 1  05/20/2013 12:22 PM  WD

**JUDGMENT**

Under the provisions of the Servicemembers Civil Relief Act, this cause came on to be heard and thereupon, upon consideration thereof, it appearing to the Court that the record owner is not entitled to the benefits of said Act, it is
        ORDERED and ADJUDGED that the plaintiff be authorized and empowered to make an entry and to sell the property covered by the mortgage as set forth in this complaint in accordance with the powers contained in said mortgage.

By the Court.
Attest:        A TRUE COPY
                TEST:

                *Deborah J. Patterson*        *Deborah J. Patterson, non*

(SEAL)            **RECORDER**            Deborah J. Patterson
                                            *Recorder*

NOTE:  Wherever the singular is used herein, it shall be deemed to mean and include the plural where applicable.
        *A metes and bounds description to the property is not necessary

p:\Massachusetts Foreclosures\Generated_Forms\Complaint Form_Foreclosure_Randle_G3910.00

ATTEST: WORC. Anthony J. Vigliotti, Register



EXHIBIT "18"

(SEAL)

COMMONWEALTH OF MASSACHUSETTS

LAND COURT

DEPARTMENT OF THE TRIAL COURT

WORCESTER, ss.

MISCELLANEOUS CASE
NO. 08 MISC 369658
(Servicemembers)

GMAC MORTGAGE, LLC, )
)
Plaintiff, )
)
v. )
)
ALLISON L. RANDLE, )
)
Defendant. )
)

## ORDER
## AMENDING JUDGMENT

This case commenced January 14, 2008 when GMAC Mortgage, LLC ("GMAC

Mortgage") filed a complaint with this court to determine whether Allison Randle ("Randle")

was entitled to benefits under the Servicemembers Civil Relief Act. See 50 U.S.C. App. §§ 501

et seq. and Acts 1942, c. 57, §§ 1-3, both as amended. GMAC Mortgage represented that it

sought to foreclose a mortgage ("Mortgage") recorded with the Worcester County Registry of

Deeds ("Registry") at Book 29672, Page 124, given by Randle to secure a loan in the original

principal amount of $150,000.00 from Sherwood Mortgage Group, Inc. ("Sherwood") and

encumbering of record property ("Locus" or "Property"), more particularly described in the

1

Mortgage, known as Unit 83 of the Whitney Street Condominium, located at 83-85 Whitney

Street, Northborough, Worcester County, Massachusetts. At the time GMAC Mortgage filed this

complaint, it was not the record holder of the Mortgage. 

A detailed history of this case is set forth in the Decision issued today in a related case,

Randle v. GMAC Mortgage, LLC, Land Court Miscellaneous Case No. 09 MISC 408202 (GHP).

The Decision in Case No. 09 MISC 408202 is incorporated by reference into this Order.

Directly relevant here is that on February 20, 2009 Randle filed an answer in this proceeding, and

on August 10, 2009, this court (Trombly, J.) issued an Order which, citing to Beaton v. Land

Court, 367 Mass. 385 (1975), ordered Randle to show cause why her answer should not be

stricken because she did not claim protection under the Servicemembers Act. Randle filed no

response. On September 10, 2009, the time for response to the Order to Show Cause having

expired, this court (Trombly, J.) issued an Order Striking Defendant's Answer. On February 8,

2010, Randle filed a Motion to Vacate Judgment Nunc Pro Tunc for Lack of Due Process of

Law, arguing that the Judgment that entered in this case, although dated September 17, 2009, in

fact actually was entered upon the docket of this case sometime in late November of 2009.

There is support for this contention in the record. On November 23, 2009, GMAC

Mortgage filed a letter with the Land Court requesting that "the interlocutory Order of Judgment

enter on August 11, 2009, and that the final order of Judgment enter August 18, 2009" to ensure

that judgment pre-dated the foreclosure sale of the Property, which GMAC Mortgage conducted

on August 24, 2009. Randle was not served with a copy of this communication between the

court and foreclosure counsel for GMAC Mortgage. On December 1, 2009, an assistant clerk of

the Land Court sent a letter to GMAC Mortgage's foreclosure counsel indicating that a judge of

2

the Land Court had declined to enter judgment on the date requested, and that "[t]he Judgment authorizing foreclosure which was entered on September 17, 2009 stands." It is not clear from the record when Judgment in this case actually entered on the docket. It was certainly after October 22, 2009, the date of a case management conference in the related case, and before December 1, 2009, when the assistant clerk was able to ascertain the date, presumably by checking the docket.

Randle seeks vacation of the judgment, and continues to argue that GMAC Mortgage lacked standing to commence this case at all. GMAC Mortgage opposes vacating the judgment because Randle admits she is not entitled to benefits under the Servicemembers Civil Relief Act, and thus has disposed of the only question capable of decision by this court in this case. In GMAC Mortgage's view, there is nothing left to decide, Randle cannot under any circumstances secure judgment that she is entitled to benefits of the Servicemembers Act, and vacation would be little more than a formality.

It is not necessary to vacate the Judgment, because Randle does not and cannot claim rights under the Servicemembers Act. "In proceedings under [the Servicemembers Civil Relief Act], no person who is not entitled to the benefit of the [Servicemembers Civil Relief Act] . . . shall be entitled to appear or be heard" and "proceedings shall be limited to the issues of existence of such person [who are entitled] and their rights, if any." Acts 1959, c. 105, § 2; see also Beaton v. Land Court, 367 Mass. 385 (1975). Accordingly, there is no issue remaining for decision in this case, and no grounds even remotely showing that the Judgment previously entered in this case would alter in any manner should the Judgment be vacated and further proceedings ensue.

3

Nonetheless, the court is troubled by Randle's contention that the timing of the actual entry of the Judgment in this case may have impaired Randle's claimed right of appeal from that Judgment. It is not at all clear to the court that such a right of appeal lies from a judgment in a servicemembers proceeding, which is, after all, a creation of the special implementing legislation enacted in Massachusetts, and not subject to the Massachusetts Rules of Civil Procedure. Mass. R. Civ. P. 81(a)(1)(10). Nor is it obvious, even if there is a right of appeal from the Judgment, what the procedure and timing governing notice and prosecution of the appeal would be. Nevertheless, where it does appear that the notation of the Judgment on the docket may have been made as much as two months after the September 17, 2010 date the Judgment is said to bear, to insure fairness, the court will direct that the Judgment in this case be amended to have a new date, the date of this Order, to afford Randle, should she have a right of appeal from the Judgment and choose to avail herself of it, the opportunity to do so.

The court does, however, strongly caution Randle that, given the rulings made and reasons given in the Decision issued today in the related case, Randle v. GMAC Mortgage, LLC, Land Court Miscellaneous Case No. 09 MISC 408202 (GHP), and given the severely limited issue which was to be decided and which was adjudicated in this Servicemembers Case, it does not appear that any appeal from the Judgment which this Order amends would have any merit.

It is

ORDERED that the Judgment in this case, Miscellaneous Case No. 08 MISC 369658, dated September 17, 2009, is hereby AMENDED to enter and be effective as of the date of this

4

Order, October 12, 2010.  In all other respects, the Judgment is to stand as previously entered.

So Ordered.

By the Court (Piper, J.).

Attest:

_____
Deborah J. Patterson
Recorder

Dated: October 12, 2010.

A TRUE COPY
ATTEST:
Deborah J. Patterson
RECORDER

EXHIBIT "19"

Bk: 50907 Pg: 84



Bk: 50907 Pg: 84
Page: 1 of 1  05/20/2013 12:22 PM  WD

*(handwritten, rotated along left margin: 83, 85 Whitney Street, Unit #3, Northborough)*

LOAN # 600614115                                      CASE NO. 369658

### CERTIFICATE OF ENTRY TO FORECLOSE

WE HEREBY CERTIFY that on the _26_ day of _October_ in the year two thousand and _POA Book 50907-82_ _eleven_, we were present and saw said _Reneau Longoria_ duly authorized agent of GMAC Mortgage, LLC pursuant to authority contained in a Power of Attorney recorded herewith and by every other power, **GMAC Mortgage, LLC** present holder of a certain mortgage given by Allison L. Randle to **Sherwood Mortgage Group, Inc.** dated April 8, 2003, and recorded at the Worcester County (Worcester District) Registry of Deeds at Book 29672, Page 124 hereby make an open, peaceable and unopposed entry on the premises situated at 83-85 Whitney Street, Unit No. 83 Whitney Street Condominium, Northborough, described in said mortgage, for the purpose, by him/her declared, of foreclosing said mortgage for breach of conditions thereof and for the purpose of collecting rents and taking possession of said premises.

_Robert Clonan_ _____           _Alan T. Ravesi_ _____
Witness Signature                                     Witness Signature
_Robert Clonan_                                        _Alan T. Ravesi_
Witness Name (please print)                            Witness Name (please print)

COMMONWEALTH OF MASSACHUSETTS
Worcester County (Worcester District), SS

On this _26_ day of _October_, 2011, before me, the undersigned notary public, personally appeared _Robert Clonan_ and _Alan T. Ravesi_, proved to me through satisfactory evidence of identification, which were _____ to be the person whose name is signed on the preceding or attached documents, and who swore or affirmed to me that the contents of the documents are truthful and accurate to the best of their knowledge and belief.

_Sandra F. Monroe_ _____
, Notary Public
My Commission Expires _11/22/2013_

OFFICIAL SEAL
SANDRA F. MONROE
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires Nov. 22, 2013

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT "20"

Bk: 50907 Pg: 85



Bk: 50907 Pg: 85
Page: 1 of 4  05/20/2013 12:22 PM  WD

4

MASSACHUSETTS EXCISE TAX
Worcester District ROD #20 001
Date:  05/20/2013 12:22 PM
Ctrl# 120436 29966 Doc# 00058906
Fee: $731.88 Cons: $160,412.64

## FORECLOSURE DEED

GMAC Mortgage, LLC, having its usual place of business at 3451 Hammond Avenue, Waterloo, IA 50702, holder of a mortgage from Allison L. Randle to Sherwood Mortgage Group, Inc. dated April 8, 2003, and recorded with the Worcester County (Worcester District) Registry in Book 29672, Page 124, by the power conferred by said mortgage and every other power, for One Hundred Sixty Thousand Four Hundred Twelve and 64/100 Dollars ($160,412.64) paid, grants to Residential Funding Company, LLC f/k/a Residential Funding Corporation, with a mailing address of: 8400 Normandale Lake Boulevard, Suite 350, Bloomington, MN 55437, the real property with the buildings and improvements thereon, if any, situated in Northborough, Worcester County (Worcester District) County, Massachusetts, which real property is fully described in Schedule "A" attached hereto and made part hereof by reference, being the premises conveyed by said Mortgage.

PROPERTY ADDRESS:    83-85 Whitney Street, Unit No. 83, Whitney Street
Condominium, Northborough, MA 01532

Executed under seal the 23rd day of January 2012 as the free act and deed of GMAC Mortgage, LLC, by **Lauren Balsamo**, its **Authorized Officer** and **Katrina Jordan** its **Authorized Officer**                    1/23/12

by: _____
    **Lauren Balsamo**
its: _____

by: _____
    Katrina Jordan
its: **Authorized Officer** _____

State of **Pennsylvania**          )
County of **Montgomery**          )        ss.

On this 23 day of JAN. 2012, before me, the undersigned notary public, personally appeared **Lauren Balsamo** and Katrina Jordan, proved to me through satisfactory evidence of identification, which was DRIVER LICENSE, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

_____ (Affix Seal)
Notary signature
My Commission Expires Nov 8, 2015

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Sally Kerchner, Notary Public
Upper Moreland Twp., Montgomery County
My Commission Expires Nov. 8, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

**Bk: 50907 Pg: 86**

# Schedule A

A certain estate known as Unit No. 83, ("Unit"), of the Whitney Street Condominium located at 83-85 Whitney Street, Northborough, Massachusetts, a condominium, ("Condominium"), established pursuant to Massachusetts General Laws, Chapter 183A, by Master Deed dated October 25, 1985, recorded with the Worcester District Registry of Deeds in Book 9017, Page 250, ("Master Deed"), which Unit is shown on the Plan of the "Condominium" dated July 24, 1985, recorded with the Worcester District Registry of Deeds in Plan Book 543, Plan 33.

For Mortgagor's Title, See Deed in Book 25626 at Page 053 of the Worcester County Registry of Deeds.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

This property has the address of **83-85 Whitney Street, Unit No. 83 Whitney Street Condominium, Northborough, MA 01532.**

Bk: 50907 Pg: 87

## AFFIDAVIT

I, Lauren Balsamo, being the duly authorized officer of GMAC Mortgage, LLC, named in the foregoing deed, make oath and say that, based on the review of the business records of GMAC Mortgage, LLC, the principal, interest, and tax obligations mentioned in the mortgage recorded with the Worcester County (Worcester District) Registry of Deeds at Book 29672, Page 124 were not paid or tendered or performed when due or prior to the sale. In compliance with G.L. c. 244 § 14; GMAC Mortgage, LLC, caused a notice of sale to be published in the Worcester Telegram and Gazette, a newspaper published, or by its title page purporting to be published in Northborough, Worcester County (Worcester District), Massachusetts for three (3) consecutive weeks: August 29, 2011, September 5, 2011, and September 12, 2011, notice of which the following is a true copy:

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE PART HEREOF

GMAC Mortgage, LLC, has also complied with Chapter 244, § 14 of the General Laws of Massachusetts and all amendments thereto, and 26 U.S.C. § 7425(c) of the Internal Revenue Code (if applicable) by mailing the required notices via certified mail to the owner of the equity of redemption appearing on our records as of thirty (30) days prior to the sale, to the last known address of said owner of the equity of redemption, and all other persons of record holding an interest in the property junior to the mortgage being foreclosed, return receipt requested, as well as regular mail, thereby complying in all respects with the power of sale.

Pursuant to said notice, on September 23, 2011, at 10:00 AM, said auction was postponed by public proclamation to September 27, 2011, at 11:00 AM, said auction was further postponed by public proclamation to October 26, 2011, at 10:00 AM, at which time and place upon the mortgaged premises, GMAC Mortgage, LLC, sold the mortgaged premises at public auction by Sandra F. Monroe of Monroe Auction Group, a licensed auctioneer, to Residential Funding Company, LLC f/k/a Residential Funding Corporation, for One Hundred Sixty Thousand Four Hundred Twelve and 64/100 ($160,412.64) Dollars, being the highest bid made therefore at said auction.

Witness:                                          GMAC Mortgage, LLC,    1123112

_Katrina Jordan_                                  by:
                                                  its:    _Lauren Balsamo_    Authorized Officer

State of Pennsylvania    )
County of Montgomery    )    ss.

Signed and sworn to before me this 23 day of JAN, 2011 2012

Notary Public _Seu M_

My Commission expires: Nov 8, 2015

File# G3910.00

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Sally Kerchner, Notary Public
Upper Moreland Twp., Montgomery County
My Commission Expires Nov. 8, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Bk: 50907 Pg: 88

# EXHIBIT "A"

### NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by Allison L. Randle, to Sherwood Mortgage Group, Inc. dated April 8, 2003, recorded with the Worcester County (Worcester District) Registry of Deeds in Book 29672, Page 124 of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at 10:00 AM on September 23, 2011, on the mortgaged premises. The entire mortgaged premises, all and singular, the premises as described in said mortgage.

A certain estate known as Unit No. 83, ("Unit"), of the Whitney Street Condominium located at 83-85 Whitney Street, Northborough, Massachusetts, a condominium, ("Condominium"), established pursuant to Massachusetts General Laws, Chapter 183A, by Master Deed dated October 25, 1985, recorded with the Worcester District Registry of Deeds in Book 9017, Page 250, ("Master Deed"), which Unit is shown on the Plan of the "Condominium" dated July 24, 1985, recorded with the Worcester District Registry of Deeds in Plan Book 543, Plan 33. For Mortgagor's Title, See Deed in Book 25626 at Page 083 of the Worcester County Registry of Deeds.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

This property has the address of 83-85 Whitney Street, Unit No. 83 Whitney Street Condominium, Northborough, MA 01532.

Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

Terms of Sale: Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any, there are, and TEN THOUSAND DOLLARS ($10,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of Doonan, Graves & Longoria, LLC, 100 Cummings Center, Suite 225D, Beverly, MA 01915, time being of the essence.

The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale-date by public proclamation at the time and date appointed for the adjourned sale date.

The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building and zoning laws, encumbrances, condominium liens, if any and all other claim in the nature of liens, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorneys, DOONAN, GRAVES, & LONGORIA L.L.C., 100 Cummings Center, Suite 225D, Beverly, Massachusetts, 01915, the amount of the required deposit as set forth herein within three (3) business days after written notice of the default of the previous highest bidder and title shall be conveyed to the said second highest bidder within thirty (30) days of said written notice.

If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder.

The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DOONAN, GRAVES & LONGORIA L.L.C., (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, thirty (30) days after the date of sale, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged. Other terms to be announced at the sale.

Dated: August 22, 2011, GMAC Mortgage, LLC. By: Reneau Longoria, Esq., DOONAN, GRAVES, & LONGORIA LLC, 100 Cummings Center, Suite 225D, Beverly, MA 01915, 978-921-2670.
www.dgandl.com
(G3910.003)Randle)(08-29-11, 09-05-11, 09-12-11)(776313)

A TRUE TRUE COPY, Attest, Anthony J. Vigliotti, Register

# EXHIBIT "21"

# Northborough Board of Assessors



Click Seal To Return

Search for Parcels

Search for Sales

Summary

Residence

Detached Structure

Condo

Commercial

**Property Record Card**

Parcel ID : **215/045.0-0002-0001.0**    FY:**2013**    Community : **Northborough**

| SKETCH | PHOTO |
|---|---|
| Click on Sketch to Enlarge | Click on Photo to Enlarge |



83 WHITNEY STREET

| | |
|---|---|
| Location: | **83 WHITNEY STREET** |
| Owner Name: | **RANDLE, ALLISON L.** |
| Owner Address: | **83 WHITNEY STREET** |
| | City: **NORTHBOROUGH**   State: **MA**   Zip: **01532** |

| | | | |
|---|---|---|---|
| Neighborhood: **5 - 1** | | Land Area: | **0.60 acres** |
| Use Code: | **102-CONDOMINIUM** | Total Finished Area: | **1368 sqft** |

| ASSESSMENTS | CURRENT YEAR | PREVIOUS YEAR |
|---|---|---|
| Total Value: | **222,100** | **234,200** |
| Building Value: | **222,100** | **234,200** |
| Land Value: | **0** | **0** |
| Market Land Value: | **0** | |
| Chapter Land Value: | | |

| LATEST SALE | | | |
|---|---|---|---|
| Sale Price: | **150,000** | Sale Date: | **12/27/2001** |
| Arms Length Sale Code: **Y - YES - VALID** | | Grantor: | **C. VERA** |
| Cert Doc: | | Book: **25626**   Page: | **0053** |