

Felix O. Abu

P. O. BOX 231171

Sacramento, CA  95823

Phone-916- 925-4300

Fax-916-424-4242

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC., et al

Debtors.

Case No: 12-12028
And
)   CASE NO.:  12-12020(MG)
)
)
)   **RESPONSE OF FELIX O. ABU RE:**
)   **DEBTORS' FIFTIETH OMNIBUS**
)   **OBJECTION TO CLAIMS (NO**
)   **LIABILITY BORROWER CLAIMS-**
)   **BOOKS AND RECORDS)**
)
)
)
)
)
)
)
)

RECEIVED
OCT 2 2 2013
U.S. BANKRUPTCY COURT, SDNY

**TO THE COURT, ALL PARTIES HEREIN, AND THEIR ATTORNEYS OF RECORD:**

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

Felix O. Abu, hereby responds to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims- Books and Records).

Felix O. Abu is and was the owner of the property located at 6999 Romanzo Way, Elk Grove, California (hereinafter the "property").

GMAC Mortgage, LLC is the holder of the Promissory Note and Deed of Trust and owner of Felix Abu's loan.

On 2009 and 2010 GMAC Mortgage, LLC, sent to Felix O. Abu Mortgage Interest Statements that shows that Mr. Abu made mortgage interes payments. Aattached are copies of Felix O. Abu 2009 and 2010 Mortgage Interest Statements as "**Exhibit 1**".

GMAC Mortgage, LLC, sent to mortgage payments coupons to Felix O. Abu. Pursuant to the demand for payments by GMAC, Felix O. Abu made payments on the loan by issuing checks to GMAC Mortgage, LLC. Attached are copies of mortgage payment coupons and checks as "**Exhibit 2**".

On May 11, 2010 GMAC Mortgage sent a letter to Felix O. Abu that states that GMAC Mortgage, LLC is the lender of the property located at 6999 Romanzo Way In Elk Grove, California. GMAC also states that the lender is the legal and the owner of the Note and Security Instrument. A true and correct copy of the letter as hereto as "**Exhibit3**".

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

1    On May 14, 2012, GMAC Mortgage, LLC sent a letter to Felix O. Abu that states that
2    Residential Capital, LLC and its subsidiary GMAC Mortgage, LLC are in Bankruptcy under
     Chapter 11. It also states that Felix O. Abu is the homeowner of the property and that GMAC
3    Mortgage, LLC is the servicer of Mr. Abu's loan. As the servicer, GMAC Mortgage, LLC
     collects and keeps track of his mortgage payments. A true and correct copy of the letter is
4    attached hereto as **"Exhibit 5"** �4

5    On July 2, 2012 Mr. Abu filed a proof of claim, claim number **241** in the amount of
     $121,125.00 The Debtor is correct, and the amount of the claim correct. Executive Trustee
6    Services, LLC., Residential Capital, LLC., U.S. Bank N.A. on behalf of Green Point Mortgage
7    Funding Trust, Series 2007, and G.M.A.C Mortgage are all one in the same and accepts each
8    one's liability for Fraudulent and Wrongful Foreclosures, along with Conversion of Felix O.

9    Abu's Property located at 6999 Romanzo Way, Elk Grove, California 95823.

     UCC Commercial Code Statutory and Treble Damages. More information in detailed explain
10   by The Honorble Samuel L. Bufford, United States Bankruptcy Judge Central District of
11   Califronia, American Bankruptcy Institute, Washington, D.C. UNIFORM COMMERCIAL
12   CODE COMMITTEE a true and correct copy is attached **"Exhibit 6"** 5
     Under numerous statutes, plaintiffs may recover statutory damages in which the actual
13   losses may be doubled or trebled. Such statutes include the Consumer Fraud Act, and the
14   antitrust statutes. Treble Damages is Proof of Claim amount for Breach of Contractual
15   Obligation and for Misrepresentation. A true and correct copy of Claim Cards and pp. 7 of 20 of
16   Claims to be Disallowed and Expunged. **"Exhibit 7"** 6

17   Additionally, other exhibits are attached as evidence, i.e., Qualified Written Request (QWR),
     that debtors never responded to claimant request under the Federal and State Laws. Letters
18   received from GMAC, dated Nov. 15th and 30th, 2011 to indicate that they are holders in due
19   course. **"Exhibit 8"** 7
20   In closing, Felix O. Abu, claimant is asking the Court to allow the amounts of the claims and not
21   be expundged/disallowed.

22   October 18, 2013                                    _____

23
                                                         Felix O. Abu
24

25

---

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "1"

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

☐ CORRECTED (if checked)

RECIPIENT'S/LENDER'S name, address, and telephone number
GMAC MORTGAGE
PO BOX 4622
WATERLOO IA 50704-4622
866-725-0782

*Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

OMB No. 1545-0901

**2010**

Substitute
Form **1098**

**Mortgage
Interest
Statement**

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and ZIP code
11/16/10 11 00 4   0123198 20110125 KA244132 1096 H5   I OZ DOM KA24410007 169316   98

FELIX O ABU
P O BOX 231171
SACRAMENTO CA  95823-0402

| | |
|---|---|
| 1. Mortgage interest received from payer(s)/borrower(s)* | **Copy B**<br>**For Payer/Borrower** |
| $  0.00 | The information in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| 2. Points paid on purchase of principal residence | |
| $  0.00 | |
| 3. Refund of overpaid interest | |
| $  0.00 | |
| 4. Mortgage insurance premiums | |
| $  0.00 | |
| 5. Real Estate Taxes Paid | |
| $  1,180.44 | |

RECIPIENT'S federal identification no.
23-1694840

PAYER'S social security number
XXX-XX-2458

Account number (see instructions)
▇▇▇▇8433

Substitute Form **1098**

(keep for your records)

Department of the Treasury - Internal Revenue Service

Property Address
6999 ROMANZO WAY
ELK GROVE CA 95758-0000

## Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, or E for how to report the mortgage interest. Also, for more information, see Pub. 936 and Pub. 535.

**Payer's/Borrower's identification number.** For your protection, this form may show only the last four digits of your SSN, ITIN, or ATIN. However, the issuer has reported your complete identification number to the IRS and, where applicable, to state and/or local governments.

**Account number.** May show an account or other unique number the lender has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such

**Caution:** If you prepaid interest in 2010 that accrued in full by January 15, 2011, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2010 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in box 2 may also be deductible. See Pub. 936 to figure the amount you can deduct.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 2010 Form 1040. No adjustment to your prior year's tax return(s) is necessary. For more information, see Pub. 936 and *Itemized Deduction Recoveries in Pub. 525.*

**Box 4.** Shows mortgage insurance premiums which may qualify to be treated as deductible mortgage interest. See the Schedule A (Form 1040) instructions.

**Box 5.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

RECIPIENT'S/LENDER'S name, address, and telephone number Filed 10/22/13 Entered 10/22/13 11:21:49 Main Document
Pg 6 of 53
CORRECTED (if checked)

GMAC MORTGAGE
PO BOX 4622
WATERLOO IA 50704-4622
866-725-0782

*Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.*

OMB No. 1545-0901

**2009**

Substitute Form **1098**

**Mortgage Interest Statement**

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and ZIP code

10/22/09 13:30 4   0123439 20100126 JA298131 1098-HE  1 OZ DOM JA2091000D* 145318   98

#BWNHJPY
#KW04728H27547#

FELIX O ABU
P O BOX 231171
SACRAMENTO CA  95823-0402

**Copy B**
**For Payer**

The information in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

| Box | Description | Amount |
|---|---|---|
| 1. | Mortgage interest received from payer(s)/borrower(s)* | $ 5,073.20 |
| 2. | Points paid on purchase of principal residence | $ 0.00 |
| 3. | Refund of overpaid interest | $ 0.00 |
| 4. | Mortgage insurance premiums | $ 0.00 |
| 5. | Real Estate Taxes Paid | $ 2,033.35 |

RECIPIENT'S federal identification no.
23-1694840

PAYER'S social security number
XXX-XX-2458

Account number (see instructions)
▓▓▓▓433

Substitute Form **1098**            (keep for your records)            Department of the Treasury - Internal Revenue Service

Property Address
6999 ROMANZO WAY
ELK GROVE CA 95758-0000

## Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the lender has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:**  *If you prepaid interest in*

*2009 that accrued in full by January 15, 2010, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2009 even though it may be included in box 1.* If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in box 2 may also be deductible. See Pub. 936 to figure the amount you can deduct.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 2009 Form 1040. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and *Itemized Deduction Recoveries* in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** Shows mortgage insurance premiums which may qualify to be treated as deductible mortgage interest. See the Schedule A (Form 1040) instructions. **If your mortgage loan originated during the current tax year, [ Jan 01 thru Dec 31 ] please refer to your loan closing statement for any prepaid mortgage insurance premiums that should be added to the amount Box # 4 to obtain the total premiums paid for the current tax year.**

**Box 5.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "2"

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

229  3  ℮053759  833368  0012  20090813



**FELIX O ABU**
PO BOX 281171
SACRAMENTO, CA  95823-0402

Loan # ~~8453~~                     3273

90-2267/1221
153450404980

DATE  8/9/09

PAY TO THE
ORDER OF ___ Gmac mtg _____ | $ 1456.26/100

One thousand four hundred fifty five *26* DOLLARS

**usbank.**
Five Star Service Guaranteed ⊕  usbank.com

MEMO  6949 Romanzo

⑈121122676⑈  15345040498011 3273

## Mortgage Payment Coupon

**GMAC Mortgage**

| Account Number | Due Date | Mortgage Payment | Total Amt. Due | Amount Due With Late Fee if Received 10 Days AFTER Due Date |
|---|---|---|---|---|
| 8433 | 09/01/07 | $1,187.61 | $1,187.61 | $1,248.28 |

FELIX O ABU

### Please assist GMAC Mortgage in applying your payment

**Extra Funds**

| | |
|---|---|
| Full Payment(s) | $1187.61 |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $1187.61 |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 79135
PHOENIX AZ 85062-9135

02  0907  0359488433  00118761  06067  22222  3

GMAC MORTGAGE
12150 TRIBUTARY POINT DRIVE
SUITE #190
GOLD RIVER, CA 95670

9·10·07  3:15  *Karen*

---

Felix O Abu
916-425-4300
P O Box 231171
Sacramento, CA  95823-0402

Loan # 8433

2848

90-2287/1211 3801

09/10/07  DATE

PAY TO THE ORDER OF  GMAC Mortgage  $ 1,187.61

One thousand one hundred Eighty Seven & ¢/100  DOLLARS

**usbank.**  usbank.com
Five Star Service Guaranteed

FOR 6999 Romanzo Wy

⑈121122676⑈ 153450404980⑈ 2848

ABU

GMAC MORTGAGE
12150 TRIBUTARY POINT DRIVE
SUITE #190
GOLD RIVER, CA 95670

____8 433

JAN
# 1191.31

NOV    1011.28
       176.33
       _____
       1187.61
       60.67 L.C.
       _____
       1248.28

Felix O Abu                    Loan #____8433                    2905
916-425-4300
P O Box 231171
Sacramento, CA  95823-0402          12/7/07          90-2267/1211 3801
                                    DATE

PAY TO THE
ORDER OF    GTmAC  Mtg                          $ 1,248. 28/xx

One thousand  two hundred  forty eight & 28/xx    DOLLARS

US bank.        usbank.com
Five Star Service Guaranteed

FOR 6999 Romanzo wy

⑆121122676⑆ 153450404980⑈ 2905

TOTAL DUE  2435.89
W/DEC

Pg 11 of 53

**Mail This Portion With Your Payment**

| Mortgage Payment Coupon | | | | | |
|---|---|---|---|---|---|
| Account Number | Due Date | Mortgage Payment | Total Amt. Due | Amount Due With Late Fee If Received 10 Days AFTER Due Date | |
| 8433 FELIX O ABU | 08/01/07 | $1,187.61 | $1,308.95 | $1,248.28 | **GMAC** Mortgage |

| Please assist GMAC Mortgage in applying your payment | |
|---|---|
| Full Payment(s) | $1187.61 |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $121.37 |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $1308.95 |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 79135
PHOENIX AZ 85062-9135

GMAC MORTGAGE
12150 TRIBUTARY POINT DRIVE
SUITE #190
GOLD RIVER, CA 95670

02   0807   0359488433   00118761   06067   22222   5

*Fedex from Branch 8-9-07
12:45 Karen*

---

Felix O Abu        Loan # 8433        **3067**
916-425-4300
P O Box 231171                          90-2267/1211 3801
Sacramento, CA  95823-0402

8/9/07
DATE

PAY TO THE
ORDER OF   GMAC Mtg Co.                    $1,308.95

One thousand three hundred eight 295/100                    DOLLARS

**usbank.**   usbank.com
Five Star Service Guaranteed

FOR 6999 Romanzo Wy E.G.

⑆121122676⑆ 153450404980⑆3067

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "3"

# GMAC Mortgage

P.O. Box 4622
Waterloo, IA 50704-4622

05/11/2010


15

FELIX O ABU
P O BOX 231171
SACRAMENTO CA 95823


Re: Loan Number ▓▓▓▓8433

   Property        6999 ROMANZO WAY
                   ELK GROVE CA 95758-0000

Dear FELIX O ABU

This Repayment Agreement, ('Agreement'), Made 05/11/2010, (the 'Effective Date'), between FELIX O ABU and GMAC Mortgage, LLC, ('Lender') and amends and supplements (1) the Mortgage, Deed of Trust to Secure Debt, (the 'Security Instrument'), dated 01/17/2007 and (2) the promissory note ('Note') bearing the same date as , and secured by, the Security Instrument which covers the real and personal property described in the Security Instrument.

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

In consideration for the mutual promises and agreements exchanged, the parties hereto agree as follows, (notwithstanding anything to the contrary in the Note or Security Instrument):

1. Payments must be received on or before the due date provided for in this Agreement or the Agreement will be null and void.

2. All payments must be mailed to:

      GMAC Mortgage, LLC
      Attn: Payment Processing Center
      3451 Hammond Avenue
      Waterloo, IA 50702

3. There presently remains an outstanding indebtedness to the "Lender" pursuant to a note (the 'Note') and mortgage (the 'Mortgage') or equivalent Security Instrument executed on 01/17/2007 in the original principal amount of $273,600.00.

4. This Agreement, as well as any subsequent modification of your original Note and Mortgage, will require you to escrow for the payment of your real state taxes and\or the premiums for any required insurance coverage. Any prior waiver of escrows by the "Lender" is no longer in effect. "Lender" will draw on this escrowed funds to pay your real estate taxes and insurance premiums as they come due.

Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be $284.56. This amount is included in the loan payment; you do not need to remit this amount separately.

5. "Lender" has instituted foreclosure proceedings against the property securing the indebtedness and the foreclosure will continue to be in full force and effect until the default described herein is cured except as otherwise provided for in this agreement.

6. "Lender" agrees to suspend foreclosure activity on your delinquent account provided that you execute and return this Agreement, along with the initial payment toward the delinquency in the amount of $1,538.66, by 06/01/2010.

7. You will be required to make 3 payments according to the following schedule.

| Date | Amount |
|------|--------|
| 06/01/2010 | $1,538.66 |
| 07/01/2010 | $1,538.66 |
| 08/01/2010 | $1,538.66 |

All payments remitted under this trial plan must be in the form of certified funds (cashier's check, money order, or Western Union Quick Collect)

8. Once all scheduled payments have been received, your situation will be reviewed to determine the best option for resolving the remaining delinquency.

9. If you file for bankruptcy protection, at any time during the period covered by this Agreement and the schedule of payments, this Agreement will be automatically voided.

10. We will honor this Agreement as long as all of the described conditions and requirements are met. If, at any time, you fail to comply with any of the provisions of this Agreement, this Agreement will be considered null and void and we will resume foreclosure.

11. If the Agreement is cancelled, terminated, or rescinded for any reason, all funds received will be applied to your loan and none will be refunded.

12. It is expressly understood and agreed that the default is not cured or waived by acceptance of any monies paid hereunder.

If you should have any questions, please contact us at 1-800-850-4622.

Loan Modification Department

**Notice: Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose only.**

Loan Number: 0359488433

Please sign and return this Agreement by 06/01/2010.

_____    _____    _____    _____
FELIX O ABU                         Date                                              Date

Upon receipt of the trial plan, we will also execute indicate our concurrence with this agreement.

_____    _____
GMAC Mortgage, LLC                   Date

Fax to: 1-866-340-5043

**EXHIBIT 4**

# GMAC Mortgage

Recved 5/19/12

May 14, 2012

Dear Homeowner,

As you may have read or heard, Residential Capital, LLC (ResCap), recently announced that it and its subsidiaries, including GMAC Mortgage, are restructuring under Chapter 11. Although you may not be familiar with our name, ResCap is the parent company of GMAC Mortgage, which services your mortgage.  As servicer, GMAC Mortgage collects and keeps track of your mortgage payments and ensures that they are applied to your account and properly distributed to the lenders and investors who own your loan.

The restructuring of ResCap and GMAC Mortgage does not change your obligations as a mortgage borrower. **As such, you must continue to make your scheduled mortgage payments on time and in full to the address listed on your monthly account statement.**

While nothing has changed in relation to the amount of your mortgage payments or where you send those payments, we understand you may have some questions. Please feel free to contact our toll-free Homeowner Hotline at (888) 926-3479 between 8 a.m. and 5 p.m. EST, or refer to http://www.kccllc.net/rescap for additional information regarding ResCap's Chapter 11 reorganization. If you have specific questions about your loan, please reach out to the customer service number listed on your monthly statement.

In the coming weeks, you will receive a Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines in the mail. No action is required on your part, related to this restructuring.

For our part, everyone on the GMAC Mortgage team is committed to providing the same high level of service and responsiveness we've always shown to the homeowners whose mortgage loans are entrusted to us.  We look forward to helping you continue to build equity and value in your home.

Sincerely,

Thomas Marano
Chief Executive Officer
Residential Capital, LLC

GMAC Mortgage, LLC
1100 Virginia Drive
Fort Washington, PA 19034

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

Rec'd 6/16/10

06/08/10

FELIX O ABU

P O BOX 231171

SACRAMENTO      CA 95823-0000

RE-  - Account Number     ▮▮▮▮8433
        Property Address   6999 ROMANZO WAY

                ELK GROVE      CA 95758-0000

Dear   FELIX O ABU

In connection with your request for a x, we regret to inform you that your request has been
denied for the following reason(s):

☐   The financial information provided shows you have insufficient income to support your
request. We recommend you consider selling your property. If the value of your property has
declined and would not result in a full payoff of the mortgage please contact our office when an
offer is received so we can review for a possible short sale.

☐   The financial information provided shows that your income is sufficient to cover your
existing mortgage obligation; therefore, we are unable to modify your existing obligation.

☐   While you do not have sufficient income to support all of your monthly expenses, some of
your expenses could be reduced. We recommend you contact your other creditors to lower
their monthly payments before workout solutions can be considered on your mortgage.

☐   We previously requested additional information from you which has not been
received; therefore, we are unable to continue our review for workout solutions.

06/08/10
Account Number 0359488433
Page Two

☐    We service your loan on behalf of an investor or group of investors that has not given us authority to modify your loan under the program requested.

☐    The payment we received does not represent the correct amount as specified in the agreement.

☐    The required payment was not received by the payment due date as specified in the agreement.

☐    We have not received the properly signed and executed agreement.

☐    We have not received the required contribution.

☐    We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

☐

☐

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

You have 30 calendar days from the date of this notice to contact to discuss the reason for non-approval for a HAMP modification or to discussion alternative loss mitigation options that may be available to you. Your loan may be referred to foreclosure during this time, or any pending foreclosure action may continue. However, no foreclosure sale will be conducted and you will not lose your home during this 30-day period due to a foreclosure by us.

We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at 800-850-4622, between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department
Loan Servicing

**Residents of North Carolina: If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks, website, www.nccob.gov.**

06/08/10
Account Number ████████8433
Page Three

Notice: Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

Notice Regarding Bankruptcy: If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally.

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name: Equifax Information Services, LLC
Address: P.O. Box 740241, Atlanta, GA 30374-0241
[Toll-free] Telephone number: 800-685-1111   www.equifax.com

*If you have any questions regarding this notice, you should contact:*

Creditor's name: GMAC Mortgage, LLC
Creditor's address: PO Box 780, Waterloo IA 50704
Creditor's telephone number: 800-766-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

5:90

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

# EXHIBIT "5"

18
19
20
21
22
23
24
25

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "6"

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

## UNIFORM COMMERCIAL CODE COMMITTEE

**WHERE'S THE NOTE, WHO'S THE HOLDER: ENFORCEMENT OF PROMISSORY NOTE SECURED BY REAL ESTATE**

HON. SAMUEL L. BUFFORD
UNITED STATES BANKRUPTCY JUDGE
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES, CALIFORNIA

(FORMERLY HON.) R. GLEN AYERS
LANGLEY & BANACK
SAN ANTONIO, TEXAS

AMERICAN BANKRUPTCY INSTUTUTE
APRIL 3, 2009
WASHINGTON, D.C.

**WHERE'S THE NOTE, WHO'S THE HOLDER**

INTRODUCTION

       In an era where a very large portion of mortgage obligations have been securitized, by assignment to a trust indenture trustee, with the resulting pool of assets being then sold as mortgage backed securities, foreclosure becomes an interesting exercise, particularly where judicial process is involved. We are all familiar with the securitization process. The steps, if not the process, is simple. A borrower goes to a mortgage lender. The lender finances the purchase of real estate. The borrower signs a note and mortgage or deed of trust. The original lender sells the note and assigns the mortgage to an entity that securitizes the note by combining the note with hundreds or thousands of similar obligation to create a package of mortgage backed securities, which are then sold to investors.

       Unfortunately, unless you represent borrowers, the vast flow of notes into the maw of the securitization industry meant that a lot of mistakes were made. When the borrower defaults, the party seeking to enforce the obligation and foreclose on the underlying collateral sometimes cannot find the note. A lawyer sophisticated in this area has speculated to one of the authors that perhaps a third of the notes "securitized" have been lost or destroyed. The cases we are going to look at reflect the stark fact that the unnamed source's speculation may be well-founded.

UCC SECTION 3-309

       If the issue were as simple as a missing note, UCC §3-309 would provide a simple solution. A person entitled to enforce an instrument which has been lost, destroyed or stolen may enforce the instrument. If the court is concerned that some third party may show up and attempt to enforce the instrument against the payee, it may order adequate protection. But, and however, a person seeking to enforce a missing instrument must be a person entitled to enforce the instrument, and that person must prove the instrument's terms and that person's right to enforce the instrument. §3-309 (a)(1) & (b).

**WHO'S THE HOLDER**

       Enforcement of a note always requires that the person seeking to collect show that it is the holder. A holder is an entity that has acquired the note either as the original payor or transfer by endorsement of order paper or physical possession of bearer paper. These requirements are set out in Article 3 of the Uniform Commercial Code, which has been adopted in every state, including Louisiana, and in the District of Columbia. Even in bankruptcy proceedings, State substantive law controls the rights of note and lien holders, as the Supreme Court pointed out almost forty (40) years ago in *United States v. Butner*, 440 U.S. 48, 54-55 (1979).

       However, as Judge Bufford has recently illustrated, in one of the cases discussed below, in the bankruptcy and other federal courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. And, procedure may just have an impact on the issue of "who," because, if the holder is unknown, pleading and standing issues arise.

2

## BRIEF REVIEW OF UCC PROVISIONS

Article 3 governs negotiable instruments – it defines what a negotiable instrument is and defines how ownership of those pieces of paper is transferred. For the precise definition, see § 3-104(a) ("an unconditional promise or order to pay a fixed amount of money, with or without interest . . . .") The instrument may be either payable to order or bearer and payable on demand or at a definite time, with or without interest.

Ordinary negotiable instruments include notes and drafts (a check is a draft drawn on a bank). See § 3-104(e).

Negotiable paper is transferred from the original payor by negotiation. §3-301. "Order paper" must be endorsed; bearer paper need only be delivered. §3-305. However, in either case, for the note to be enforced, the person who asserts the status of the holder must be in possession of the instrument. *See* UCC § 1-201 (20) and comments.

The original and subsequent transferees are referred to as holders. Holders who take with no notice of defect or default are called "holders in due course," and take free of many defenses. See §§ 3-305(b).

The UCC says that a payment to a party "entitled to enforce the instrument" is sufficient to extinguish the obligation of the person obligated on the instrument. Clearly, then, only a holder – a person in possession of a note endorsed to it or a holder of bearer paper – may seek satisfaction or enforce rights in collateral such as real estate.

NOTE: Those of us who went through the bank and savings and loan collapse of the 1980's are familiar with these problems. The FDIC/FSLIC/RTC sold millions of notes secured and unsecured, in bulk transactions. Some notes could not be found and enforcement sometimes became a problem. Of course, sometimes we are forced to repeat history. For a recent FDIC case, *see Liberty Savings Bank v. Redus,* 2009 WL 41857 (Ohio App. 8 Dist.), January 8, 2009.

## THE RULES

Judge Bufford addressed the rules issue this past year. *See In re Hwang,* 396 B.R. 757 (Bankr. C. D. Cal. 2008). First, there are the pleading problems that arise when the holder of the note is unknown. Typically, the issue will arise in a motion for relief from stay in a bankruptcy proceeding.

0According F.R.Civ. Pro. 17, "[a]n action must be prosecuted in the name of the real party in interest." This rule is incorporated into the rules governing bankruptcy procedure in several ways. As Judge Bufford has pointed out, for example, in a motion for relief from stay, filed under F.R.Bankr.Pro. 4001 is a contested matter, governed by F. R. Bankr. P. 9014, which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P. 7017 is, of course, a restatement of F.R. Civ. P. 17. *In re Hwang,* 396 B.R. at 766. T0he real party in interest in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the owner of a note. (In securitization transactions, this would be the trustee for the "certificate

3

holders.") When the actual holder of the note is unknown, it is impossible – not difficult but impossible – to plead a cause of action in a federal court (unless the movant simply lies about the ownership of the note). Unless the name of the actual note holder can be stated, the very pleadings are defective.

## STANDING

Often, the servicing agent for the loan will appear to enforce the note. Assume that the servicing agent states that it is the authorized agent of the note holder, which is "Trust Number 99." 0The servicing agent is certainly a party in interest, since a party in interest in a bankruptcy court is a very broad term or concept. *See, e.g., Greer v. O'Dell,* 305 F.3d 1297, 1302-03 (11th Cir. 2002). However, the servicing agent may not have standing: "Federal Courts have only the power authorized by Article III of the Constitutions and the statutes enacted by Congress pursuant thereto. ... [A] plaintiff must have Constitutional standing in order for a federal court to have jurisdiction." *In re Foreclosure Cases,* 521 F.Supp. 3d 650, 653 (S.D. Ohio, 2007) (citations omitted).

But, the servicing agent does not have standing, for only a person who is the holder of the note has standing to enforce the note. 0*See, e.g., In re Hwang,* 2008 WL 4899273 at 8.

T0he servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principle is the holder. *See, e.g., In re Vargas,* 396 B.R. 511 (Bankr. C.D. Cal. 2008) at 520.

## A BRIEF ASIDE: 0WHO IS MERS?

For those of you who are not familiar with the entity known as MERS, a frequent participant in these foreclosure proceedings:

MERS is the "Mortgage Electronic Registration System, Inc. "MERS is a mortgage banking 'utility' that registers mortgage loans in a book entry system so that ... real estate loans can be bought, sold and securitized, just like Wall Street's book entry utility for stocks and bonds is the Depository Trust and Clearinghouse." Bastian, "Foreclosure Forms", State. Bar of Texas **17th Annual Advanced Real Estate Drafting Course,** March 9-10, 2007, Dallas, Texas. MERS is enormous. It originates thousands of loans daily and is the mortgagee of record for at least 40 million mortgages and other security documents. *Id.*

MERS acts as agent for the owner of the note. Its authority to act should be shown by an agency agreement. Of course, if the owner is unknown, MERS cannot show that it is an authorized agent of the owner.

## RULES OF EVIDENCE – A PRACTICAL PROBLEM

This structure also possesses practical evidentiary problems where the party asserting a right to foreclose must be able to show a default. Once again, Judge Bufford has addressed this issue. At *In re Vargas,* 396 B.R. at 517-19. Judge Bufford made a finding that the witness

4

called to testify as to debt and default was incompetent. All the witness could testify was that he had looked at the MERS computerized records. The witness was unable to satisfy the requirements of the Federal Rules of Evidence, particularly Rule 803, as applied to computerized records in the Ninth Circuit. *See id.* at 517-20. The low level employee could really only testify that the MERS screen shot he reviewed reflected a default. That really is not much in the way of evidence, and not nearly enough to get around the hearsay rule.

## 0FORECLOSURE OR RELIEF FROM STAY

In a foreclosure proceeding in a judicial foreclosure state, or a request for injunctive relief in a non-judicial foreclosure state, or in a motion for relief proceeding in a bankruptcy court, the courts are dealing with and writing about the problems very frequently.

In many if not almost all cases, the party seeking to exercise the rights of the creditor will be a servicing company. Servicing companies will be asserting the rights of their alleged principal, the note holder, which is, again, often going to be a trustee for a securitization package. The mortgage holder or beneficiary under the deed of trust will, again, very often be MERS.

Even before reaching the practical problem of debt and default, mentioned above, the moving party must show that it holds the note or (1) that it is an agent of the holder and that (2) the holder remains the holder. In addition, the owner of the note, if different from the holder, must join in the motion.

Some states, like Texas, have passed statutes that allow servicing companies to act in foreclosure proceedings as a statutorily recognized agent of the noteholder. *See, e.g.,* Tex. Prop. Code §51.0001. However, that statute refers to the servicer as the last entity to whom the debtor has been instructed to make payments. This status is certainly open to challenge. The statute certainly provides nothing more than *prima facie* evidence of the ability of the servicer to act. If challenged, the servicing agent must show that the last entity to communicate instructions to the debtor is still the holder of the note. *See, e.g., HSBC Bank, N.A. v. Valentin,* 21 N.Y. Misc. 3d 1123(A), 2008 WL 4764816 (Table) (N.Y. Sup.), Nov. 3, 2008. In addition, such a statute does not control in federal court where Fed. R. Civ. P. 17 and 19 (and Fed. R. Bankr. P. 7017 and 7019) apply.

## SOME RECENT CASE LAW

These cases are arranged by state, for no particular reason.

### Massachusetts

*In re Schwartz,* 366 B.R.265 (Bankr. D. Mass. 2007)

*Schwartz* concerns a Motion for Relief to pursue an eviction. Movant asserted that the property had been foreclosed upon prior to the date of the bankruptcy petition. The *pro se* debtor asserted that the Movant was required to show that it had authority to conduct the sale. Movant,

and "the party which appears to be the current mortgagee..." provided documents for the court to review, but did not ask for an evidentiary hearing. Judge Rosenthal sifted through the documents and found that the Movant and the current mortgagee had failed to prove that the foreclosure was properly conducted.

Specifically, Judge Rosenthal found that there was no evidence of a proper assignment of the mortgage prior to foreclosure. However, at footnote 5, *Id.* at 268, the Court also finds that there is no evidence that the note itself was assigned and no evidence as to who the current holder might be.

*Nosek v. Ameriquest Mortgage Company (In re Nosek)*, 286 Br. 374 (Bankr D Mass. 2008).

Almost a year to the day after *Schwartz* was signed, Judge Rosenthal issued a second opinion. This is an opinion on an order to show cause. Judge Rosenthal specifically found that, although the note and mortgage involved in the case had been transferred from the originator to another party within five days of closing, during the five years in which the chapter 13 proceeding was pending, the note and mortgage and associated claims had been prosecuted by Ameriquest which has represented itself to be the holder of the note and the mortgage. Not until September of 2007 did Ameriquest notify the Court that it was merely the servicer. In fact, only after the chapter 13 bankruptcy had been pending for about three years was there even an assignment of the servicing rights. *Id.* at 378.

Because these misrepresentations were not simple mistakes: as the Court has noted on more than one occasion, those parties who do not hold the note of mortgage do not service the mortgage do not have standing to pursue motions for leave or other actions arising form the mortgage obligation. *Id* at 380.

As a result, the Court sanctioned the local law firm that had been prosecuting the claim $25,000. It sanctioned a partner at that firm an additional $25,000. Then the Court sanctioned the national law firm involved $100,000 and ultimately sanctioned Wells Fargo $250,000. *Id.* at 382-386.

*In re Hayes*, 393 B.R. 259 (Bankr. D. Mass. 2008).

Like Judge Rosenthal, Judge Feeney has attacked the problem of standing and authority head on. She has also held that standing must be established before either a claim can be allowed or a motion for relief be granted.

Ohio

*In re Foreclosure Cases*, 521 F.Supp. 2d (S.D. Ohio 2007).

Perhaps the District Court's orders in the foreclosure cases in Ohio have received the most press of any of these opinions. Relying almost exclusively on standing, the Judge Rose has determined that a foreclosing party must show standing. "[I]n a foreclosure action, the plaintiff

6

must show that it is the holder of the note and the mortgage at the time that the complaint was filed." *Id.* at 653.

Judge Rose instructed the parties involved that the willful failure of the movants to comply with the general orders of the Court would in the future result in immediate dismissal of foreclosure actions.

*Deutsche Bank Nat'l Trust Co. v. Steele*, 2008 WL 111227 (S.D. Ohio) January 8, 2008.

In *Steele*, Judge Abel followed the lead of Judge Rose and found that Deutsche Bank had filed evidence in support of its motion for default judgment indicating that MERS was the mortgage holder. There was not sufficient evidence to support the claim that Deutsche Bank was the owner and holder of the note as of that date. Following *In re Foreclosure Cases*, 2007 WL 456586, the Court held that summary judgment would be denied "until such time as Deutsche Bank was able to offer evidence showing, by a preponderance of evidence, that it owned the note and mortgage when the complaint was filed." 2008 WL 111227 at 2. Deutsche Bank was given twenty-one days to comply. *Id.*

## Illinois

*U.S. Bank, N.A. v. Cook*, 2009 WL 35286 (N.D. Ill. January 6, 2009).

Not all federal district judges are as concerned with the issues surrounding the transfer of notes and mortgages. *Cook* is a very pro lender case and, in an order granting a motion for summary judgment, the Court found that Cook had shown no "countervailing evidence to create a genuine issue of facts." *Id.* at 3. In fact, a review of the evidence submitted by U.S. Bank showed only that it was the alleged trustee of the securitization pool. U.S. Bank relied exclusively on the "pooling and serving agreement" to show that it was the holder of the note. *Id.*

Under UCC Article 3, the evidence presented in *Cook* was clearly insufficient.

## New York

*HSBC Bank USA, N.A. v. Valentin*, 21 Misc. 3D 1124(A), 2008 WL 4764816 (Table) (N.Y. Sup.) November 3, 2008. In *Valentin*, the New York court found that, even though given an opportunity to, HSBC did not show the ownership of debt and mortgage. The complaint was dismissed with prejudice and the "notice of pendency" against the property was cancelled.

Note that the *Valentin* case does not involve some sort of ambush. The Court gave every HSBC every opportunity to cure the defects the Court perceived in the pleadings.

## California

*In re Vargas*, 396 B.R. 511 (Bankr. C.D. Cal. 2008)

7

and

*In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008)

These two opinions by Judge Bufford have been discussed above. Judge Bufford carefully explores the related issues of standing and ownership under both federal and California law.

Texas

*In re Parsley*, 384 B.R. 138 (Bankr. S.D. Tex. 2008)

and

*In re Gilbreath*, 395 B.R. 356 (Bankr. S.D. Tex. 2008)

These two recent opinions by Judge Jeff Bohm are not really on point, but illustrate another thread of cases running through the issues of motions for relief from stay in bankruptcy court and the sloppiness of loan servicing agencies. Both of these cases involve motions for relief that were not based upon fact but upon mistakes by servicing agencies. Both opinions deal with the issue of sanctions and, put simply, both cases illustrate that Judge Bohm (and perhaps other members of the bankruptcy bench in the Southern District of Texas) are going to be very strict about motions for relief in consumer cases.

**SUMMARY**

The cases cited illustrate enormous problems in the loan servicing industry. These problems arise in the context of securitization and illustrate the difficulty of determining the name of the holder, the assignee of the mortgage, and the parties with both the legal right under Article 3 and the standing under the Constitution to enforce notes, whether in state court or federal court.

Interestingly, with the exception of Judge Bufford and a few other judges, there has been less than adequate focus upon the UCC title issues. The next round of cases may and should focus upon the title to debt instrument. The person seeking to enforce the note must show that:

(1)    It is the holder of this note <u>original</u> by transfer, with all necessary rounds;
(2)    It had possession of the note before it was lost;
(3)    If it can show that title to the note runs to it, but the original is lost or destroyed, the holder must be prepared to post a bond;
(4)    If the person seeking to enforce is an agent, it must show its agency status <u>and</u> that its principal is the holder of the note (and meets the above requirements).

Then, and only then, do the issues of evidence of debt and default and assignment of mortgage rights become relevant.

8

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

Felix O. Abu
6999 Romanzo Way
Elk Grove, CA 95758

**PROOF OF CLAIM CONFIRMATION**
Your proof of claim filed against Residential Capital, LLC,
case no 12-12020 was received on 7/2/2012
and assigned claim number 246

For more information, please visit www.kccllc.net/rescap or call 1-888-251-2914

---

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

Felix O. Abu
6999 Romanzo Way
Elk Grove, CA 95758

**PROOF OF CLAIM CONFIRMATION**
Your proof of claim filed against Executive Trustee Services, LLC,
case no 12-12028 was received on 7/2/2012
and assigned claim number 241

For more information, please visit www.kccllc.net/rescap or call 1-888-251-2914

AMENDED
7/17/13

Claim #241  Date Filed: 7/2/2...

B 10 (Official Form 10) (12/11)

| **UNITED STATES BANKRUPTCY COURT**    Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor:<br>**EXECUTIVE TRUSTEE SERVICES, LLC aba ETS SERVICES,L** | Case Number:<br>**12-20 MG** | RECEIVED<br>JUL – 2 2012<br>U.S. BANKRUPTCY COURT<br>SO. DIST. OF NEW YORK |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**FELIX O. ABU** | |
| Name and address where notices should be sent:<br>**FELIX O. ABU**<br>**6999 ROMANZO WAY**<br>**ELK GROVE, CA 95758**<br>Telephone number:  (916) 714-7144    email: felixabu@gmail.com | **COURT USE ONLY**<br>☐ Check this box if this claim amends a previously filed claim.<br>**Court Claim Number:**_____<br>*(If known)*<br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br>**FELIX O. ABU**<br>**P.O. BOX 231171**<br>**SACRAMENTO, CA 95823**<br>Telephone number:  (916) 714-7144    email: felixabu@gmail.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**    $_____121,125.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    **MORTGAGE NOTE**
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>**8 9 4 3** | **3a. Debtor may have scheduled account as:**<br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**  $180,000.00—Current value of property.

**Value of Property:** $ 150,000.00

**Annual Interest Rate** 0.000% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____0.00

Basis for perfection:  **WARRANTY DEED**

**Amount of Secured Claim:** $ 121,125.00

**Amount Unsecured:** $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____121,125.00

RECEIVED
JUL 0 9 2012

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the da...

KURTZMAN CARSON CONSULTANTS

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See in...

Claim #246  Date Filed: 7/2/2

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**GMAC MORTGAGE CORPORATION** | Case Number:<br>**12-12020 MG** | RECEIVED<br>JUL - 2 2012<br>U.S. BANKRUPTCY COURT<br>SO. DIST. OF NEW YORK |
|---|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**FELIX O. ABU**

| Name and address where notices should be sent:<br>**FELIX O. ABU**<br>**6999 ROMANZO WAY**<br>**ELK GROVE, CA 95758**<br><br>Telephone number:            email:  felixabu@gmail.com | **COURT USE ONLY**<br>☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>*(if known)*<br><br>Filed on:_____ |
|---|---|

| Name and address where payment should be sent (if different from above):<br>**FELIX O. ABU**<br>**P.O. BOX 23171**<br>**SACRAMENTO, CA 25H  95823**<br><br>Telephone number:            email:  felixabu@gmail.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

**1. Amount of Claim as of Date Case Filed:**    $    $1,248,955.60   1,248,955.60

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:    MORTGAGE NOTE**
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>**0 7 3 8** | **3a. Debtor may have scheduled account as:**<br><br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$    0.00

Nature of property or right of setoff: ☑Real Estate  ☐Motor Vehicle  ☐Other
Describe:

**Basis for perfection:  WARRANTY DEED/UCC**

Value of Property: $  150,000.00    **Amount of Secured Claim:**  $  1,248,955.60

Annual Interest Rate 0.000% ☐Fixed or ☑Variable (when case was filed)    **Amount Unsecured:**  $  0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$    1,248,955.60
**RECEIVED**
JUL 0 9 2012
KURTZMAN CARSON CONSULTANTS

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTIETH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Relevant Page(s) of Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Claims to be Disallowed and Expunged** | | | | | |
| 49 | Erickson Thorpe & Swainstion Ltd Pamela D. Longoni, Ind. & as GAL for Lacey Longini Longoni- Pamela D Longoni, Individually & as Guardian AD Litem for Lacey Longoni, & Jean M Gagnon, Vs GMAC MRTG, LLC, A ET AL 99 West Arroyo St, PO Box 3559 | 2292 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $600,000.00 General Unsecured | | Residential Funding Company, LLC | 12-12019 | Miscellaneous Claim. Debtor had no involvement in the loan modification or servicing of Borrower's loan. | 13 |
| 50 | Erickson Thorpe & Swainstion Ltd Pamela D. Longoni, Ind. & as GAL for Lacey Longini Longoni- Pamela D Longoni, Individually & as Guardian AD Litem for Lacey Longoni, & Jean M Gagnon, Vs GMAC MRTG, LLC, A ET AL 99 West Arroyo St, PO Box 3559 | 2297 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $600,000.00 General Unsecured | | Residential Asset Mortgage Products, Inc. | 12-12053 | Miscellaneous Claim. Debtor had no involvement in the loan modification or servicing of Borrower's loan. | 13 |
| 51 | Evelyn Mearidy 5624 Robertson Ave Baton Rouge, LA 70805 | 4366 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $190,000.00 Secured $0.00 Priority $0.00 General Unsecured | | Residential Capital, LLC | 12-12020 | Wrongful Foreclosure Claim | 9-10 |
| 52 | Everett A Blakeley 2723 Janice Drive High Point, NC 27263 | 4922 | 11/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | | Residential Capital, LLC | 12-12020 | Escrow Issues Claim | 9 |
| 53 | Faeze and Cyrus Shahrzad Denbeaux & Denbeaux 366 Kinderkamack Road Westwood, NJ 07675-1675 | 1107 | 10/10/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,500,000.00 General Unsecured | | Residential Capital, LLC | 12-12020 | General No Liability Claim; Wrong Debtor Claim | 8, 13 |
| 54 | FELICE AND CURTIS HUSKINS AND 4011 LUNAR DR #A FELICE HUSKINS SCHILLING ANCHORAGE, AK 99504 | 3499 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $423,000.00 Secured $0.00 Priority $0.00 General Unsecured | | GMAC Mortgage, LLC | 12-12032 | General No Liability Claim | 8 |
| 55 | Felix O. Abu 6999 Romanzo Way Elk Grove, CA 95758 | 241 | 07/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $121,125.00 Secured $0.00 Priority $0.00 General Unsecured | | Executive Trustee Services, LLC | 12-12028 | Litigation Dismissed with Prejudice Claim; Wrong Debtor Claim | 11-12, 13 |
| 56 | Felix O. Abu 6999 Romanzo Way Elk Grove, CA 95758 | 246 | 07/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $1,248,955.60 Secured $0.00 Priority $0.00 General Unsecured | | Residential Capital, LLC | 12-12020 | Litigation Dismissed with Prejudice Claim; Wrong Debtor Claim | 11-12, 13 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT "7"

*RESPONSE OF FELIX O. ABU RE: DEBTORS' FIFTIETH OMNIBUS OBJECTION*

Letter to Gmac   10/19/11

FELIX O. ABU
6999 Romanzo Way
Elk Grove, CA 95758

GMAC MORTGAGE
P.O. BOX 1330
WATERLOO, IA 50704-1330

ATTN: CUSTOMER CARE

October 9, 2011

Certified Mail #: 7011 1150 0000 7254 7157

**RESPA QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT &
VALIDATION OF DEBT LETTER, TILA REQUEST**

## This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500, and The Gramm Leach Bliley Act.

REF: Alleged Account # xxxxx8433/APN: 116-0900-046-0000

Dear Madam or Sir:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent, and the conversations with your service representatives, have been unproductive and have not answered many questions.
It is my understanding that your company may have been accused of engaging in one or more predatory servicing or lending and servicing schemes. As a consumer, I am extremely concerned about such practices by anyone, let alone this mortgage company or anyone who has any interest this matter. I am concerned that such abuses are targeting the uneducated and uninformed consumer and disadvantaged, poor, elderly and minority Americans.

Needless to say, I am most concerned. I am worried that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

1

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated security regarding account number xxxxx8433
In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned one. I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you allege I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or subservice for.

**To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information [if any] to any credit reporting agency until you respond to each of the requests.** I also request that you kindly conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate this debt so that it is accurate to the penny!

Please do not rely on previous servicers or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.
I understand that potential abuses by you or previous servicers could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments.
Increased the principal balance I owe;
Increased escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward principal on this account; and/or
Assessed, charged and/or collected fees, expenses and misc. charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing or lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account # xxxxx8433 by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above. Again this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(1)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code as well as a request under Truth In Lending Act [TILA] 15 U.S.C. § 1601, et seq. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty [60] days of its receipt! In order to conduct the

2

examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by my self and others to insure that this loan:

Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Act, HOEPA and other laws;

That any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with

complete disclosure to all parties with an interest; That the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws

and is entitled to the benefits of payments; That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me;

That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust;

That each servicers and sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations;

That this mortgage account has properly been credited, debited, adjusted, amortized and charged correctly;

That interest and principal have been properly calculated and applied to this loan;

That any principal balance has been properly calculated, amortized and accounted for;

that no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account;

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account number or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies of:

1)     Any certificated or uncertificated security, front and back, used for the funding of account # XXXXX8433.

3

2)     Any and all "Pool Agreement(s)" including account #XXXXX**8433** between **RECONTRUST** and any government sponsored entity, hereinafter (GSE).

3)     Any and all "Deposit Agreement(s)" regarding account # XXXXX**8433** or the "Pool Agreement" including account # XXXXX**8433** between **GMAC**

and any GSE.

4)     Any and all "Servicing Agreement(s)" between **GMAC**

5)     Any and all "Custodial Agreement(s)" between **GMAC**

6)     Any and all "Master Purchasing Agreement" between **GMAC** and any GSE.

7)     Any and all "Issuer Agreement(s)" between **GMAC** and any GSE.

8)     Any and all "Commitment to Guarantee" agreement(s) between **GMAC** and any GSE.

9)     Any and all "Release of Document agreements" between **GMAC** and any GSE.

10)    Any and all "Master Agreement for servicer's Principle and Interest Custodial Account" between **GMAC**

11)    Any and all "Servicers Escrow Custodial Account" between **GMAC** and any GSE.

12)    Any and all "Release of Interest" agreements between **GMAC** and any GSE.

13)    Any Trustee agreement(s) between **GMAC** and **THE ORIGINAL LENDER**'s trustee regarding account # XXXXX**8433** or pool accounts with any GSE.

14) Please send to the requester a copy of any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter.

15) Please send to the requester a copy of any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note.

16) Please send to the requester a copy of any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust **and** any Note. Please also include any and all assignments or transfers or nominees of any substitute trustee(s).

17) Please send to the requester a copy of any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note.

4

18) Please send to the requester a copy of any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note.

19) Please send to the requester a copy of any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note.

20) Please send to the requester any documentation evidencing the Mortgage or Deed of trust is **not** a constructive trust or any other form of trust.

21)    All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

22)    All descriptions and legends of all Codes used in your mortgage servicing and accounting system so that the examiners, auditors and experts retained to audit and review this mortgage account may properly conduct their work.

23)    All assignments, transfers, allonge, or other document evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignments on MERS.

24)    All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

25)    All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

26)    The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

27)    All escrow analyses conducted on this account from the inception of this account until the date of this letter;

28)    The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statement(s) including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

29)    Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

5

30)    All letters, statements and documents sent to me by your company;

31)    All letters, statements and documents sent to me by agents, attorneys or representatives of your company;

32)    All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

33)    All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to present date.

34)    All electronic transfers, assignments, sales of the note/asset, mortgage, deed of trust or other security instrument.

35)    All copies of property inspection reports, appraisals, BPOs and reports done on the property.

36)    All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense, which has been charged to this mortgage account from the inception of this account to the present date.

37)    All checks used to pay invoices for each charged such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

38)    All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

39)    All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account until present date?

40)    All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the from the inception of this account until present date?

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below. **ACCOUNT ACCOUNTING & SERVICING SYSTEMS**

1) Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that this experts can decipher the data provided.

6

2) For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company or party that designed and sold the system.

3)     For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit

this account.

**DEBITS & CREDITS**
1)     In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account and the date such credit was posted to this account as well as the date any credit was received.

2)     In a spreadsheet form or in letterform in a columnar format, please detail for me each and every debit on this account and the date debit was posted to this account as well as the date any debit was received.

3)     For each debit or credit listed, please provide me with the definition for each corresponding transaction code you utilize?

4)     For each transaction code, please provide us with the master

transaction code list used by you or previous servicers. **MORTGAGE &
ASSIGNMENTS**
1)     Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2)     If not, why?

3)     Is your company the servicers of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4)     Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5)     If yes, please detail for me the names of each seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

**ATTORNEY FEES**
1)     For purposes of my questions below dealing with attorney fees,

please consider the terms attorney fees and legal fees to be one in the same.

2)    Have attorney fees ever been assessed to this account from the inception of this account to the present date?

3)    If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessment to this account?

4)    Have attorney fees ever been charged to this account from the inception of this account to the present date?

5)    If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such charge to this account?

6)    Have attorney fees ever been collected from this account from the inception of this account to the present date?

7)    If yes, please detail each separate collection of attorney fees from this account from the inception of this account to the present date and the date of such collection from this account?

8)    Please provide for me the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date?

9)    Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment, charge or collection of attorney fees?

10)   Please detail and list for me in writing each separate attorney fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

11)   Please detail and list for me in writing each separate attorney fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

12)   Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reasons for such adjustment.

13)   Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment were made and the reasons for such adjustment.

14)   Has interest been charged on any attorney fee assessed or charged to this account? Yes or No?

8

15)   Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

16)   How much in total attorney fees have been assessed to this account from the inception of this account until present date? $_____

17)   How much in total attorney fees have been collected on this account from the inception of this account until present date? $_____

18)   How much in total attorney fees have been charged to this account from the inception of this account until present date? $_____

19)   Please send to me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that

been assessed or collected from this account.

**SUSPENSE/UNAPPLIED ACCOUNTS**

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1)   Has there been any suspense or unapplied account transactions on this account from the inception of this account until present date?

2)   If yes, please explain the reason for each and every suspense transaction that occurred on this account? If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3)   In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account until present date?

**LATE FEES**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1)   Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2)   Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3)   Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4)   Are late fees considered interest? Yes or No?

5)   Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6)   Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

9

7)     If yes, please describe what expenses or charges were charged or assessed to this account?

8)     Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late?

9)     Please describe for me in writing what damages you or others undertook due to any payment I made, which was late?

10)    Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed authorized the assessment or collection of late fees?

11) Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from  the inception of this account to present date.

12)    Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to present date.

13)    Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reasons for such adjustment.

14)    Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15)    Is interest allowed to be assessed or charged on late fees charged or assessed to this account? Yes or No?

16)    Have any late charges been assessed to this account? Yes or No?

17)    If yes, how much in total late charges have been assessed to this account from the inception of this account until present date? $_____

**18)    Please provide me with the exact months or payment dates you or other previous servicers of this account claim I have been late with a payment from the inception of this account to the present date.**

19)    Have late charges been collected on this account from the inception of this account until present date? Yes or No?

20)    If yes, how much in total late charges have been collected on this account from the inception of this account until present date? $_____

**PROPERTY INSPECTIONS**
1)     For purposes of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

10

2)   Have any property inspections been conducted on my property from the inception of this account until the present date?

3)   If your answer is no, you can skip the rest of these questions in this section concerning property inspections?

4)   If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed or note?

5)   Please tell me the price charged for each property inspection?

6)   Please tell me the date of each property inspection?

7)   Please tell me the name and address of each company and person who conducted each property inspection on my property?

8)   Please tell me why property inspections were conducted on my property?

9)   Please tell me how property inspections are beneficial to me.

10)   Please tell me how property inspections are protective of my property.

11)   Please explain to me your policy on property inspections.

12)   Do you consider the payment of inspection fees as a cost of collection? Yes or No?

13)   If yes, why?

14)   Do you use property inspections to collect debts? Yes or No?

15)   Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe?

16)   If yes, please answer when and why?

17)   Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees?

18)   Have you labeled in any record or document sent to me a property inspection as a misc. advance? Yes or No?

19) If yes, why?

20)   Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

21)   If yes, why?

11

22)   Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to present date.

23)   Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to present date.

24)   Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment.

25)   Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment.

26)   Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

27)   If yes, when and how much was charged?

28)   Is interest allowed to be assessed or charged on inspection fees charged or assessed to this account? Yes or No?

29)   How much in total inspection fees have been assessed to this account from the inception of this account until present date?
$_____

30)   How much in total inspection fees have been collected on this account from the inception of this account until present date?
$_____

31)   Please forward to me copies of all property inspections made on my property in this mortgage account file.

32)   Has any fee charged or assessed for property inspections been placed into escrow account? Yes or no?

**BPO FEES**
1)   Have any BPOs [Broker Price Opinions] been conducted on my property?

2)   If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed or note?

3)   Please tell me the price of each BPO?

4)   Please tell me who conducted each BPO?

5)   Please tell me why BPOs were conducted on my property

6)   Please tell me how BPOs are beneficial to me.

12

7)      Please tell me how BPOs are protective of my property.

8)      Please explain to me your policy on BPOs.

9)      Have any BPO fees been assessed to this account? Yes or No?

10)    If yes, how much in total BPO fees have been assessed to this account? $_____

11)    Have any BPO fees been charged to this account? Yes or No?

12)    If yes, how much in total BPO fees have been charged to this account? $_____

13)    Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect a BPO fee from me.

14) Please send to me copies of all BPO reports that have been done on my property.

15) Has any fee charged or assessed for A BPO been placed into escrow? Yes or no?

**FORCED-PLACED INSURANCE**
1)      Have you placed or ordered any forced-placed insurance polices on my property?

2)      If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed or note?

3)      Please tell me the price of each policy?

4)      Please tell me the agent for each policy?

5)      Please tell me why each policy was placed on my property.

6)      Please tell me how the policies are beneficial to me.

7)      Please tell me how policies are protective of my property.

8)      Please explain to me your policy on forced-placed insurance.

9)      Have any forced-placed insurance fees been assessed to this mortgage or escrow account? Yes or No?

10)    If yes, how much in total forced-placed policy fees have been assessed to this account? $_____

11)    Have any forced-placed insurance fees been charged to this mortgage or escrow account? Yes or No?

12)    If yes, how much in total forced-placed insurance fees have been charged to this mortgage or escrow account? $_____

13

13)   Please tell me specifically what clause, paragraph and sentence in the note, mortgage or deed of trust or any agreement I have executed allows you to assess, charge or collect forced-placed insurance fees from me.

14)   Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15)   Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16)   Has the agency or carrier you used to place a forced-placed insurance policy on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17)   Do you maintain a blanket insurance policy to protect your properties when customer policies have expired?

18)   Please send to me copies of all forced-placed insurance policies that have been ordered on my property.

**SERVICING RELATED QUESTIONS**
For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this mortgage account from its inception to the present date. Accordingly, can you please provide me, in writing, the answers to the questions listed below:

1)   Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2)   Did the originator of this account or previous servicers of this account have a warehouse account agreement or contract with your company?

3)   Did the originator of this account or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or any affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

4)   Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected?

5)   Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

14

6)     Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7)     Since the inception of this loan, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify *the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?*

8)     Since the inception of this loan, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment?

9)     Since the inception of this loan, has there been any sale or assignment of servicing rights to this mortgage account to any other party? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignment or sale.

10)    Since the inception of this loan, has any sub-servicers serviced any portion of this mortgage loan? If the answer is yes, would you kindly identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage loan.

11)    Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

12)    Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

13)    Has there been any electronic assignment of this mortgage with MERS [Mortgage Electronic Registration System] or any other computer mortgage registry service or computer program? If yes, please identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that has been assigned the mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

14)    Have there been any investors [as defined in your industry] who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this mortgage to the present date? If yes, please identify the name and address of each and every individual, entity, organization and/or trust.

15)    Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

above.

16)    Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from its inception to the current date written above.

17)    How much was paid for this individual mortgage account by you?

18)    If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan.

19)    If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan.

20)    Who did you issue a check or payment to for this mortgage loan?

21)    Please provide me copies with the front and back of canceled check.

22)    Did any investor approve the foreclosure of my property?

23)    Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

24)    Please identify all persons who approved the foreclosure of my property!

Please provide me with the documents I have requested and a detailed answer to each of my questions within the required lawful time frame. Upon receipt of the documents and answers, an·exam and audit will be conducted that may lead to a further document request and answers to questions under an additional QWR letter.

Copies of this **Qualified Written Request, Validation of Debt, TILA** and request for accounting and legal records, Dispute of Debt letter are being sent to **FTC, HUD, Thrift Supervision**, all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this **RESPA REQUEST** in accordance with law and the questions, documents and validation of debt to the penny and correct any abuse(s) or scheme(s) uncovered and documented.

Sincerely,

FELIX O. ABU

16

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

**GMAC Mortgage**

November 15, 2011

FELIX O ABU
P O BOX 231171
SACRAMENTO, CA 95823

RE: Account Number ████████8433
Property Address 6999 ROMANZO WAY
ELK GROVE, CA 95758

Illuuliddaluulidallilluudalliuuddilluuludliddal



Dear FELIX O ABU:

This Repayment Agreement, ('Agreement'), Made November 15, 2011, (the 'Effective Date'), between FELIX O ABU and GMAC Mortgage, LLC, ('Lender') and amends and supplements (1) the Mortgage, Deed of Trust to Secure Debt, (the 'Security Instrument'), dated January 17, 2007 and (2) the promissory note ('Note') bearing the same date as, and secured by, the Security Instrument which covers the real and personal property described in the Security Instrument.

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

In consideration for the mutual promises and agreements exchanged, the parties hereto agree as follows, (notwithstanding anything to the contrary in the Note or Security Instrument):

1.  Payments must be received on or before the due date provided for in this Agreement or the Agreement will be null and void.

2.  All payments must be mailed to:

    GMAC Mortgage, LLC
    Attn: Payment Processing Center
    3451 Hammond Avenue
    Waterloo, IA  50702

3.  There presently remains an outstanding indebtedness to the "Lender" pursuant to a note (the 'Note') and mortgage (the 'Mortgage') or equivalent Security Instrument executed on January 17, 2007 in the original principal amount of $273,600.00.

# GMAC Mortgage

PO Box 780
Waterloo, IA 50704-0780

November 30, 2011

196

FELIX O ABU
P O BOX 231171
SACRAMENTO, CA  95823

Re:    Account Number ████ 8433
       Property Address: 6999 ROMANZO WAY
                         ELK GROVE, CA  95758

Dear FELIX O ABU:

Communication with our customers is extremely important to the success of our business.   As your Relationship
Manager I want to update you with my new contact information as my phone number has recently changed.

As we work together to find the right solution to your financial hardship, I encourage you to call me with your questions
at 1-877-928-4622; select option 5 followed by my new 7 digit extension listed below.

For an immediate transfer to me, please enter your account number when prompted and you will be routed directly to me.
As an alternative you can also enter my extension when prompted and you will be transferred to me.  If I am not
available, one of my team members is ready to assist you by either answering your questions or setting up an appointment
for us to talk.  For your convenience, our offices are open Monday through Friday between 8 AM and 9 PM Central
Standard Time.

I look forward to our continued partnership as I am dedicated to work with you every step of the way!

<div style="border:1px solid black; text-align:center;">

## GMAC Mortgage

**Jennifer Brown**

**1-877-928-4622 extension 874-5238**

</div>

Sincerely,

*Jennifer Brown*
Jennifer Brown
Relationship Manager

Note: This is an attempt to collect a debt and any information obtained will be used for that purpose.

Notice Regarding Bankruptcy: If you have filed for bankruptcy and your case is still active or if you have received an
order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt.  Any action
taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from
you personally.  If you have surrendered your property during your bankruptcy case, please disregard this notice.

Note: If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with
your Chapter 13 plan and disregard this notice.