## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:                                        *
                                              *
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,       *
                                              *       Case No. 12-12020 (MG)
                        Debtors               *
                                              *       Chapter 11
                                              *
                                              *       Jointly Administered
                                              *

---

### REPLY TO OBJECTION TO CLAIMS
(49th Omnibus Objection—No Liability Borrower Claims—Books and Records)

Bonnie Bonita Rose, through counsel, hereby replies to the Objection to her claim as

follows:


Attached hereto and incorporated herein by reference is a true and correct copy of an

Adversary Proceeding filed against Debtor GMAC, among others, in the United States

Bankruptcy Court for the Northern District of Georgia, Atlanta Division, in this claimant's

Chapter 13 case. (In re: <u>Bonnie Bonita Ray</u>, Bankruptcy case No. 11-69542-crm, Adversary

Proceeding No. 11-05566). This Adversary Proceeding remains pending. Also, attached is a

copy of the Proof of Claim at issue.


The Debtor's objection at bar is not well taken and should be overruled.


This 21st day of October, 2013.




### (SIGNATURE ON THE NEXT PAGE)

Respectfully submitted,

_____
George M. Geeslin
Georgia Bar No. 288725

Eight Piedmont Center, Suite 550
3525 Piedmont Road, N.E.
Atlanta, Georgia  30305-7036
Phone (404) 841-3464
Fax (404) 816-1108
geeslingm@aol.com

## U.S. Bankruptcy Court
## Northern District of Georgia

In re:

                    Bankruptcy Case No.11−69542−crm

**BONNIE BONITA ROSE**

           Debtor

           Adversary Proceeding No.11−05566

**BONNIE BONITA ROSE**

           Plaintiff

v.

**GMAC MORTGAGE, LLC**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ET. AL.**

           Defendant

### *SUMMONS IN AN ADVERSARY PROCEEDING*

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summon to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

> **Address of Clerk**
>
>         **Clerk, U.S. Bankruptcy Court**
>         **Northern District of Georgia**
>         **1340 Russell Federal Building**
>         **75 Spring Street SW, Atlanta GA 30303**

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> **Name and Address of Plaintiff's Attorney**
>         **George M. Geeslin**
>         **Eight Piedmont Center, Suite 550**
>         **3525 Piedmont Road, N.E.**
>         **Atlanta, GA 30305−1565**

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGEMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date Issued:

## 10/11/2011

                        *M. Regina Thomas, Clerk Of Court*



**continued caption:**

**Listing Of Defendant Names:**

GMAC MORTGAGE, LLC

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

NANCY J. WHALEY
NANCY J. WHALEY, 13 TRUSTEE
SUITE 120
303 PEACHTREE CENTER AVENUE
ATLANTA, GA 30303

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 11-69542-CRM |
| | * | |
| BONNIE BONITA ROSE, | * | CHAPTER 13 |
| | * | |
| Debtor. | * | |
| _____ | * | |
| | * | |
| BONNIE BONITA ROSE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | ADVERSARY PROCEEDING |
| v. | * | NO. _____ |
| | * | |
| GMAC MORTGAGE, LLC, | * | |
| MORTGAGE ELECTRONIC | * | |
| REGISTRATION SYSTEMS, INC. and | * | |
| NANCY J. WHALEY, Trustee, | * | |
| | * | |
| Defendants. | * | |

## VERIFIED COMPLAINT

COMES NOW BONNIE BONITA ROSE, Debtor in the above-styled bankruptcy case and the Plaintiff herein, and for her Complaint against Defendants, respectfully shows the Court as follows:

1.

Debtor filed a Chapter 13 Petition with this Court on July 2, 2011. Nominal Defendant in this adversary proceeding is Nancy J. Whaley, the duly appointed Chapter 13 Trustee for this case.

1

2.

Debtor's Chapter 13 case was filed in response to a foreclosure sale advertised in the month of June, 2011, with sale scheduled for the first Tuesday of July, 2011 (i.e., July 5, 2011).

3.

The subject foreclosure sale was scheduled in favor of an entity, GMAC Mortgage, LLC, which claims to hold a first mortgage on certain property known as 3019 Saint Andrews Court, Jonesboro, Clayton County, Georgia, 30236 (the "Property").

4.

The Plaintiff in this proceeding and owner of the Property is Bonnie Bonita Rose, Debtor (hereinafter the "Plaintiff").

5.

Defendant, GMAC Mortgage, LLC ("GMAC"), the purported holder of the above-referenced first mortgage on the Property, when served, shall be subject to the personal jurisdiction and venue of this Court in this adversary proceeding.

6.

Co-Defendant, Mortgage Electronic Registration Systems, Inc. ("MERS") is the servicing agent for GMAC on the subject loan and is otherwise known as "Nominee for Lender". When served, MERS shall be subject to the jurisdiction and venue of this Court in this adversary proceeding.

7.

The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334, 151 and 157. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

8.

This matter is a core proceeding as defined in, inter alia, 28 U.S.C. § 157(b)(2)(K).

9.

During the pendency of this case, on or about July 26, 2011, GMAC filed with this Court a Motion for Relief from Automatic Stay with respect to the Property.

10.

On October 6, 2011, the Court entered an Order granting the relief from stay requested by GMAC.

11.

The referenced Motion was predicated, at least in material, substantial part, on false or inaccurate information. And, hence, the Court's October 6, 2011 Order was as well, because the Court was not fully informed of the circumstances and facts involving the Property and indebtedness thereon.

12.

In fact, well prior to the filing of the instant Chapter 13 case, the Debtor had entered into a certain "Non-Hamp Loan Modification Agreement" (the "Agreement") on or about December 20, 2010. A true and correct copy of the Agreement and confirmation letter dated December 14, 2010 relating to the Agreement are attached hereto and incorporated herein by reference.

13.

The Plaintiff was, at all times material and relevant hereto, ready, willing and able to perform under the terms of the Agreement.

14.

The Plaintiff herein was not only able to perform under the terms of the Non-Hamp Agreement but has the present ability to perform on a Chapter 13 Plan and to otherwise reorganize her financial affairs.

15.

The subject Property is necessary for an effective reorganization of Debtor, has equity in it and the bona fide interests of the Lender GMAC/MERS in it are adequately protected.

16.

By this Complaint, the Plaintiff seeks the following relief:

(i)     An Order vacating the stay relief Order entered by the Court on October 6, 2011;

(ii)    A declaration that the Agreement is binding and controlling as to both Debtor and GMAC/MERS; and

(iii)   An award of damages, as against GMAC or MERS or both, including costs and reasonable attorney's fees and, if the Court so finds and concludes, punitive damages for the wrongful institution of foreclosure proceedings and subsequent proceedings precipitated by the reckless, cavalier and bad faith disregard of the Agreement by GMAC, or MERS, or both.

WHEREFORE, Plaintiff prays for the following relief:

WHEREFORE, Plaintiff prays for the following relief:

(i)     An Order vacating the stay relief Order entered by the Court on October 6, 2011;

(ii)    A declaration by the Court that the Agreement is the binding, controlling Agreement among the parties relating to the Property and loan thereon;

(iii)   An award of damages, including costs, reasonable attorney's fees and, should the Court deem warranted in its enlightened conscience, punitive damages as to MERS, GMAC or both; and

(iv)    Such other and further relief as is just.

This 11th day of October, 2011.

Respectfully submitted,

George M. Geeslin
Georgia Bar No. 288725

Eight Piedmont Center, Suite 550
3525 Piedmont Road, N.E.
Atlanta, Georgia  30305-7036
Phone (404) 841-3464
Fax (404) 816-1108
geeslingm@aol.com

5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | * | CASE NO. 11-69542-CRM |
|  | * |  |
| BONNIE BONITA ROSE, | * | CHAPTER 13 |
|  | * |  |
| Debtor. | * |  |
|  | * |  |
| _____ | * |  |
|  | * |  |
| BONNIE BONITA ROSE, | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * | ADVERSARY PROCEEDING |
| v. | * | NO. _____ |
|  | * |  |
| GMAC MORTGAGE, LLC, | * |  |
| MORTGAGE ELECTRONIC | * |  |
| REGISTRATION SYSTEMS, INC. and | * |  |
| NANCY J. WHALEY, Trustee, | * |  |
|  | * |  |
| Defendants. | * |  |

## VERIFICATION

Personally appeared before the undersigned attesting officer, Bonnie Bonita Rose, who after being duly sworn, states that the information contained in the within and foregoing Verified Complaint is true and correct.

This 11th day of October, 2011.

_____
Bonnie Bonita Rose

SWORN TO AND SUBSCRIBED
before me this 11 day of
October, 2011.

_____
Notary Public

**PEGGY L. CHATFIELD**
**Notary Public, Hall Co. GA**
**My Commission Expires May 12, 2013**

1

Record & Return To:
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Investor Number:200761816
Custodian ID: K1

———————————————————[Space Above This Line For Recorder's Use]———————————————————

# NON-HAMP LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this December 1, 2010 ("Effective Date") between BONNIE ROSE          ("Borrower") and GMAC Mortgage, LLC, Lender\Servicer or Agent for Lender\Servicer; Mortgage Electronic Registration Systems, Inc. (Mortgagee) amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated August 19, 2008 and granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of record (solely as nominee for Lender\Servicer or Agent for Lender\Servicer), P.O Box 2026, Flint, Michigan 48501-2026, (888) 679-MERS, and if applicable recorded on  if applicable, recorded  with Instrument Number  in Book  and/or Page Number  of the real property records of  CLAYTON County, GA and (2) that certain promissory note ("Note") dated August 19, 2008 in the original principal sum of Two Hundred Eighty Six Thousand Two Hundred Twenty Two Dollars and No Cents ($  286,222.00) executed by Borrower.   Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 3019 SAINT ANDREWS CT    JONESBORO GA 30236-4173, which real property is more particularly described as follows:

( Legal Description if Applicable for Recording Only )

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $334,401.74.

2. The Maturity Date is December 1, 2040.

3. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument

4. Interest will be charged on the unpaid, non-deferred, 'New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 4.25000% from December 1, 2010 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due. The rate of interest I pay will change based upon Payment Schedule below.

5. Borrower promises to make monthly principal and interest payments of $1,645.05, beginning on January 1, 2011, and continuing thereafter on the same day of each succeeding month, until all principal and interest is paid in full.

6. If on December 1, 2040 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay these amounts in full on that date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

7. If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been

changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9.  If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

12. By signing, I acknowledge that I have received the "Notice of Special Flood Hazard and Availability of Federal Disaster Relief Assistance" if my property is located in a Special Flood Hazard Area. I further acknowledge that I have received this notice in sufficient time to have the opportunity to become aware of my responsibilities under the National Flood Insurance Program and to purchase adequate flood insurance prior to the completion of this loan modification.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. · THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

| Date | BONNIE ROSE | Witness |
|---|---|---|
| 12/20/10 | | Tamika McLester |
| | | Print |

| Date | | Witness |
|---|---|---|
| | | Print |

| Date | | Witness |
|---|---|---|
| | | Print |

| Date | | |

**BORROWER ACKNOWLEDGMENT**

State of _Georgia_

County of _Cobb_

On _December 20, 2010_, before me _Harry M. Brown_, personally appeared BONNIE ROSE , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal

Notary Public, Cobb County, Georgia
My Commission Expires April 29, 2014

Notary Public

My Commission Expires: _____

Mortgage Electronic Registration Systems, Inc as nominee for Lender

Date: **12.28.10**

## LENDER ACKNOWLEDGMENT

State of  IOWA
County of

On this **28th** day of **Dec**, 20 **10**, before me, the undersigned, a Notary Public in and for said county and state, personally appeared **Jennifer Meester** personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Mortgage Electronic Registration Systems, Inc as nominee for Lender and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public

My Commission Expires: **4-17-2011**

REECE SEALOCK
COMMISSION NO. 762353
MY COMMISSION EXPIRES
APRIL 17, 2011
IOWA

12/14/2010                                        **GMAC Mortgage**

BONNIE ROSE
3019 SAINT ANDREWS CT
JONESBORO GA 30236-4173

Re: Account Number        ●●●●●6247
                          3019 SAINT ANDREWS CT
                          JONESBORO GA 30236-4173

Dear BONNIE ROSE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
    -Receipt of your contribution in the form of certified funds
    -Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement and any
    attachments
    -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as
follows:

- The contribution amount of $      .00 in the form of certified funds, is due in our office by December 21, 2010.
- The interest rate is 4.25000%.
- The first modified payment begins January 1, 2011.
- Modified payment amount

| | |
|---|---|
| Principal and Interest | $ 1,645.05 |
| Escrow | $ 546.95 |
| **Total Payment** | **$2,192.00** |

- If the Modification Agreement has notary provisions at the end:
    o   Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary.
    o   This document must be signed in the presence of a notary and (if applicable) other witnesses.
- If executing an ink signature (paper), all of the documents must be executed and the signatures must be
  exactly as the names are typed. The signed and (if applicable) notarized Loan Modification Agreement
  should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan
  modification and will remain outstanding.
- For loans with mortgage insurance, the mortgage insurance premium may be subject to change following
  permanent modification. Any change would be proportionate to the modified loan amount, including any
  deferred balance, and would be reflected in a future escrow analysis following permanent modification.

The contribution and executed loan modification documents are due back by December 21, 2010. Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

**IMPORTANT!** The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

**NOTICE:** Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or if you have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may choose to pursue will be exercised against the property only.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 11-69542-CRM |
| | * | |
| BONNIE BONITA ROSE, | * | CHAPTER 13 |
| | * | |
| Debtor. | * | |
| ———————————— | * | |
| | * | |
| BONNIE BONITA ROSE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | ADVERSARY PROCEEDING |
| v. | * | NO. _____ |
| | * | |
| GMAC MORTGAGE, LLC, | * | |
| MORTGAGE ELECTRONIC | * | |
| REGISTRATION SYSTEMS, INC. and | * | |
| NANCY J. WHALEY, Trustee, | * | |
| | * | |
| Defendants. | * | |

## VERIFICATION

Personally appeared before the undersigned attesting officer, Bonnie Bonita Rose, who after being duly sworn, states that the information contained in the within and foregoing Verified Complaint is true and correct.

This 11th day of October, 2011.

_____
Bonnie Bonita Rose

SWORN TO AND SUBSCRIBED
before me this 11 day of
October, 2011.

_Peggy L. Chatfield_
Notary Public

**PEGGY L. CHATFIELD**
Notary Public, Hall Co. GA
My Commission Expires May 12, 2013

1

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>GMAC Mortgage, LLC | Case Number:<br><br>12-12032 (mg) | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**George M. Geeslin** | **DO NOT STAPLE OR FOLD THIS CLAIM**<br>See www.ganb.uscourts.gov for information on filing claims electronically.<br>**COURT USE ONLY** |
|---|---|
| Name and address where notices should be sent:  **George M. Geeslin, Esq.**<br>**Eight Piedmont Center, Suite 550**<br>**3525 Piedmont Road NE**<br>Telephone number:  email  **Atlanta, GA  30305**<br>**404-841-3464** | ❏ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:_____**<br>  (If known)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:              email: | ❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**      $  335,016.33 + damages for breach of contract

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**      Settlement Agreement
  (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

| **4. Secured Claim (See instruction #4)**<br>Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.<br><br>**Nature of property or right of setoff:** ❏ Real Estate  ❏ Motor Vehicle  ❏ Other<br>**Describe:**<br><br>**Value of Property: $**  335,000.00<br><br>**Annual Interest Rate_____% ☒ Fixed  or  ❏ Variable**<br>**(when case was filed)** | **Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**<br><br>$ see attached<br><br>**Basis for perfection:** see attached<br><br><br>**Amount of Secured Claim:**  $_____<br><br>**Amount Unsecured:**    $    0.00 |
|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

| ❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| ❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | **Amount entitled to priority:**<br><br>$_____ |

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B 10 (Official Form 10) (12/11)                                                                                                                          2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   George M. Geeslin
Title:   Attorney at Law
Company:
Address and telephone number (if different from notice address above):                            (Signature)                                    (Date)   11/5/12

Telephone number:                          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11)                                                                                           3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

Record & Return To:
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Investor Number:200761816
Custodian ID: K1

———————————————[Space Above This Line For Recorder's Use]———————————————

# NON-HAMP LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this December 1, 2010 ("Effective Date") between BONNIE ROSE          ("Borrower") and GMAC Mortgage, LLC, Lender\Servicer or Agent for Lender\Servicer; Mortgage Electronic Registration Systems, Inc. (Mortgagee) amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated August 19, 2008 and granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of record (solely as nominee for Lender\Servicer or Agent for Lender\Servicer), P.O Box 2026, Flint, Michigan 48501-2026, (888) 679-MERS, and if applicable recorded on  if applicable, recorded   with Instrument Number  in Book  and/or Page Number  of the real property records of CLAYTON County, GA and (2) that certain promissory note ("Note") dated August 19, 2008 in the original principal sum of Two Hundred Eighty Six Thousand Two Hundred Twenty Two Dollars and No Cents (\$ 286,222.00) executed by Borrower.   Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 3019 SAINT ANDREWS CT   JONESBORO GA 30236-4173, which real property is more particularly described as follows:

( Legal Description if Applicable for Recording Only )

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.    Borrower acknowledges that as of the Effective Date, the amount payable under the Note   and Security Instrument (New Principal Balance) is $334,401.74.

2.    The Maturity Date is December 1, 2040.

3.    Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument

4.    Interest will be charged on the unpaid, non-deferred, 'New Principal Balance" until the non-deferred principal has been paid in full.  Borrower promises to pay interest at the rate of 4.25000% from December 1, 2010 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due.  The rate of interest I pay will change based upon Payment Schedule below.

5.    Borrower promises to make monthly principal and interest payments of $1,645.05, beginning on January 1, 2011, and continuing thereafter on the same day of each succeeding month, until all principal and interest is paid in full.

6.    If on December 1, 2040 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay these amounts in full on that date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

7.    If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8.    It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been

changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9.    If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10.    As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11.    Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

12.    By signing, I acknowledge that I have received the "Notice of Special Flood Hazard and Availability of Federal Disaster Relief Assistance" if my property is located in a Special Flood Hazard Area. I further acknowledge that I have received this notice in sufficient time to have the opportunity to become aware of my responsibilities under the National Flood Insurance Program and to purchase adequate flood insurance prior to the completion of this loan modification.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. · THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____     _____          _____
Date                      BONNIE ROSE                                         Witness
                                                                                        Tanika McLester
                                                                                        _____
                                                                                        Print

_____     _____
Date

_____     _____
Date                                                                                 _____
                                                                                        Witness

                                                                                        _____
                                                                                        Print

_____     _____
Date                                                                                 _____

**BORROWER ACKNOWLEDGMENT**
State of _Georgia_

County of _Cobb_

On _December 20, 2010_, before me _Henry M. Brown_, personally appeared BONNIE ROSE , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_____
Notary Public. Cobb County, Georgia
Notary Public   My Commission Expires April 29, 2014
My Commission Expires: _____

Mortgage Electronic Registration Systems, Inc as nominee for Lender

Date: _12·28·10_

**LENDER ACKNOWLEDGMENT**

State of    IOWA
County of

On this 28th day of _Dec_, 20 _10_, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _Jennifer Meester_ personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Mortgage Electronic Registration Systems, Inc as nominee for Lender and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: _4-17-2011_

REECE SEALOCK
COMMISSION NO. 752353
MY COMMISSION EXPIRES
APRIL 17, 2011
IOWA

12/14/2010                                          **GMAC Mortgage**

BONNIE ROSE
3019 SAINT ANDREWS CT
JONESBORO GA 30236-1173

Re: Account Number        ████6247
                          3019 SAINT ANDREWS CT
                          JONESBORO GA 30236-4173

Dear BONNIE ROSE

**Congratulations! Your request for a loan modification has been approved subject to the following:**
    -Receipt of your contribution in the form of certified funds
    -Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement and any
    attachments
    -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as
follows:

* The contribution amount of $      .00 in the form of certified funds, is due in our office by December 21, 2010.
* The interest rate is 4.25000%.
* The first modified payment begins January 1, 2011.
* **Modified payment amount**
    Principal and Interest      $ 1,645.05
    Escrow                      $ 546.95
    **Total Payment**           **$2,192.00**
* If the Modification Agreement has notary provisions at the end:
    o Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary.
    o This document must be signed in the presence of a notary and (if applicable) other witnesses.
* If executing an ink signature (paper), all of the documents must be executed and the signatures must be
    exactly as the names are typed. The signed and (if applicable) notarized Loan Modification Agreement
    should be returned using the enclosed pre-paid overnight envelope.
* If any modification closing costs are more than projected, the difference will be assessed to the account.
* All miscellaneous fees and costs – excluding late charges – may not have been included in the loan
    modification and will remain outstanding.
* For loans with mortgage insurance, the mortgage insurance premium may be subject to change following
    permanent modification. Any change would be proportionate to the modified loan amount, including any
    deferred balance, and would be reflected in a future escrow analysis following permanent modification.

The contribution and executed loan modification documents are due back by December 21, 2010. Please return to:

**GMAC Mortgage, LLC**
**3700 J Street SW**
**Suite 222**
**Cedar Rapids, IA 52404**

**IMPORTANT!** The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

**NOTICE:** Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or if you have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may choose to pursue will be exercised against the property only.

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA | PROOF OF CLAIM |
|---|---|

**Name of Debtor:** BONNIE BONITA ROSE    **Case Number:** 11-69542-CRM

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**GMAC Mortgage, LLC** | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>**GMAC Mortgage, LLC**<br>Attn: Bankruptcy Department<br>1100 Virginia Drive<br>Fort Washington, PA 19034 | **Court Claim Number:** _____<br>*(If Known)*<br><br>**Filed On:** _____ |
| Name and address where payment should be sent (if different from above):<br>**GMAC Mortgage, LLC**<br>Attn: Payment Processing<br>3451 Hammond Avenue<br>Waterloo, IA 50702 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check box if you are the Debtor or Trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**        $355,016.33<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>x Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim: Money Loaned**<br>    (See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor: XXXXXX6247**<br>**3a.** Debtor may have scheduled account as: _____<br>    (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** X Real Estate ☐ Motor Vehicle ☐ Other<br>Describe: 3019 Saint Andrews Ct, Jonesboro, GA 30236<br><br>**Value of Property: $**_____ **Annual Interest Rate** 7.00000%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>if any: **$80,221.22    Basis for perfection:** _____<br><br>**Amount of Secured Claim: $355,016.33    Amount Unsecured: $**_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br>$_____ |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date 8/15/2011 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>**/S/ Sidney Gelernter**<br>**Sidney Gelernter, Attorney for GMAC Mortgage, LLC** | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

IN:  **BONNIE BONITA ROSE,**
       **CASE# 11-69542-CRM**
       **CHAPTER: 13**

**EXHIBIT "A"**

ITEMIZATION OF ARREARAGE AS OF THE TIME OF FILING.

**Total Arrearage as of 7/02/2011:**

| | |
|---|---|
| 4 Payments @ $2,517.12 = | $10,068.48 |
| (4/1/2009-7/1/2009) | |
| (P&I $1,904.25, esc $660.48) | |
| 1 Payment @ $2,564.73 = | $2,564.73 |
| (8/1/2009-8/1/2009) | |
| (P&I $1,904.25, esc $660.48) | |
| 7 Payments @ $2,561.20 = | $17,928.40 |
| (9/1/2009-3/1/2010) | |
| (P&I $1,904.25, esc $656.95) | |
| 8 Payments @ $2,550.13 = | $20,401.04 |
| (4/1/2010-11/1/2010) | |
| (P&I $1,904.25, esc $645.88) | |
| 8 Payments @ $2,568.98 = | $20,551.84 |
| (12/1/2010-7/1/2011) | |
| (P&I $1,904.25, esc $664.73) | |
| Property Inspection Fees = | $150.38 |
| Property Preservation = | $35.00 |
| Title Fees = | $500.00 |
| NSF Fees = | $30.00 |
| 6/11/2009 @ $30.00 | |
| Accrued Late Charges= | $1,904.25 |
| 6/2009-6/2011 @ $76.17 | |
| Uncollected Late Charges = | $302.17 |
| 2/2009-5/2009 @ $76.17 | |
| Foreclosure Attorney Fees = | $1,950.00 |
| Foreclosure Cost = | $1,284.93 |
| Bankruptcy Attorney Fees = | $300.00 |
| Prior Bankruptcy Attorney Fees = | $1,950.00 |
| Prior Bankruptcy Attorney Cost = | $300.00 |

**Total Secured Claim as of 7/2/2011:**

| | |
|---|---|
| Principal Balance = | $284,792.67 |
| Interest Amount = | $48,358.78 |
| Expense Advance = | $6,319.93 |
| Admin Fees = | $2,386.80 |
| Escrow Advance = | $13,158.15 |

**TOTAL SECURED AMOUNT: $355,016.33**

Payment Amount as of (8/1/2011) is $2,435.54 (P&I $1,904.25, esc $531.29)

***NOTICE: Please be advised that your account may be assessed a reasonable fee for the preparation of this claim and other legal work associated with this case beyond the $300.00 reflected above.  If such fees are not included in this claim, they may be collected in the future pursuant to the terms of your security instrument, section 1322(b)(2) of the Bankruptcy Code, and other applicable law.***

12-12020-mg    Doc 5482    Filed 10/22/13    Entered 10/24/13 13:36:28    Main Document
Case 1-69542-crm    Claim 2-1    Filed 08/13/11    Desc Main Document    Page 32 of 62
Property Job Summary.                          Pg 32 of 62                          Page 1 of 2

 CoreLogic

CoreLogic Field Services
1 First American Way
Westlake, TX 76262
1-800-873-4532

**Client:**
**Loan #** ████████247
**Guarantor :** FHA

**Mortgagor:** BONNIE ROSE
**Address :** 3019 SAINT ANDREWS CT
JONESBORO GA 30236-4173

| Order Id | Man/PLS Code | Request On | Request Type | FAFS Received Date | Completed Date | Invoice Date | Invoice # | Invoice Amount | Occupancy Status | Order Status |
|---|---|---|---|---|---|---|---|---|---|---|
| 227757194 | | Property | FHA Mailer | 6/15/2011 | -- | -- | | | | Open |
| 227757193 | | Property | Property Inspection - No Contact | 6/15/2011 | 6/20/2011 | 6/23/2011 | 34786356 | $14.75 | Occupied Name Unknown | Completed |
| 226788587 | | Property | FHA Mailer | 4/14/2011 | -- | -- | | | | Open |
| 226788586 | | Property | Property Inspection - No Contact | 4/14/2011 | 4/20/2011 | 4/25/2011 | 33968226 | $14.75 | Occupied Name Unknown | Completed |
| 226336476 | | Property | FHA Mailer | 3/15/2011 | -- | -- | | | | Open |
| 226336475 | | Property | Property Inspection - No Contact | 3/15/2011 | 3/17/2011 | 3/18/2011 | 33503283 | $16.50 | Occupied Name Unknown | Completed |
| 225866786 | | Property | Bankruptcy Inspection | 2/11/2011 | 2/15/2011 | 2/16/2011 | 33106577 | $20.00 | Occupied Name Unknown | Completed |
| 225393326 | | Property | Bankruptcy Inspection | 1/12/2011 | 1/13/2011 | 1/17/2011 | 32709224 | $11.25 | Occupied Name Unknown | Completed |
| 224699473 | | Property | FHA Mailer | 11/23/2010 | -- | -- | | | | Open |
| 224699472 | | Property | Property Inspection - No Contact | 11/23/2010 | 12/09/2010 | 12/13/2010 | 32197696 | $9.13 | Occupied Name Unknown | Completed |
| 224156188 | | Property | FHA Mailer | 10/22/2010 | -- | -- | | | | Open |
| 224156187 | | Property | Borrower Interview | 10/22/2010 | 10/26/2010 | 10/28/2010 | 31599932 | $14.75 | Occupied Name Unknown | Completed |
| 223590317 | | Property | Bankruptcy Inspection | 9/22/2010 | 9/27/2010 | 9/28/2010 | 31134188 | $11.25 | Occupied Name Unknown | Completed |
| 222026760 | | Property | FHA Mailer | 7/07/2010 | 7/14/2010 | -- | | | | Completed |
| 222026759 | | Property | Foreclosure Inspection | 7/07/2010 | 7/10/2010 | 7/12/2010 | 29836949 | $11.25 | Occupied Name Unknown | Completed |
| 221410399 | | Property | FHA Mailer | 5/22/2010 | 5/29/2010 | -- | | | | Completed |
| 221410398 | | Property | Foreclosure Inspection | 5/22/2010 | 6/01/2010 | 6/04/2010 | 29305198 | $11.25 | Occupied Name Unknown | Completed |
| 220884013 | | Property | Bankruptcy Inspection | 4/22/2010 | 5/04/2010 | 5/05/2010 | 28836440 | $16.50 | Occupied Name Unknown | Completed |
| 220392155 | | Property | Bankruptcy Inspection | 3/23/2010 | 4/02/2010 | 4/06/2010 | 28447785 | $11.25 | Occupied Name Unknown | Completed |
| 219886025 | | Property | Bankruptcy Inspection | 2/20/2010 | 3/01/2010 | 3/03/2010 | 27982321 | $11.25 | Occupied Name Unknown | Completed |
| 219382551 | | Property | Bankruptcy Inspection | 1/21/2010 | 1/30/2010 | 2/01/2010 | 27548889 | $11.25 | Occupied Name Unknown | Completed |
| 218838808 | | Property | Bankruptcy Inspection | 12/22/2009 | 12/28/2009 | 12/28/2009 | 26995551 | $11.25 | Occupied Name Unknown | Completed |
| 218323940 | | Property | Bankruptcy Inspection | 11/20/2009 | 11/23/2009 | 11/24/2009 | 26518334 | $11.25 | Occupied Name Unknown | Completed |

| 217782732 | | Property | Bankruptcy Inspection | 10/21/2009 | 10/29/2009 | 10/30/2009 | 26143548 | $13.00 | Occupied Name Unknown | Completed |
|---|---|---|---|---|---|---|---|---|---|---|
| 216671807 | | Property | FHA Mailer | 9/01/2009 | 9/09/2009 | -- | | | | Completed |
| 216671806 | | Property | Foreclosure Inspection | 9/01/2009 | 9/10/2009 | 9/10/2009 | 25210112 | $11.25 | Occupied Name Unknown | Completed |
| 216079187 | | Property | FHA Mailer | 8/01/2009 | 8/08/2009 | -- | | | | Completed |
| 216079186 | | Property | Foreclosure Inspection | 8/01/2009 | 8/06/2009 | 8/07/2009 | 24680880 | $11.25 | Occupied Name Unknown | Completed |
| 215486963 | | Property | FHA Mailer | 7/02/2009 | 7/10/2009 | -- | | | | Completed |
| 215486962 | | Property | Borrower Interview | 7/02/2009 | 7/07/2009 | 7/08/2009 | 24176642 | $11.25 | Occupied Name Unknown | Completed |
| 215212799 | | Property | FHA Mailer | 6/16/2009 | 6/23/2009 | -- | | | | Completed |
| 215212798 | | Property | Borrower Interview | 6/16/2009 | -- | -- | | | | Cancelled |
| 214567535 | | Property | FHA Mailer | 5/16/2009 | 5/23/2009 | -- | | | | Completed |
| 214567534 | | Property | Borrower Interview | 5/16/2009 | 5/18/2009 | 5/19/2009 | 23332630 | $13.00 | Occupied Name Unknown | Completed |
| 214087268 | | Property | FHA Mailer | 4/16/2009 | 4/23/2009 | -- | | | | Completed |
| 214087267 | | Property | Borrower Interview | 4/16/2009 | 4/23/2009 | 4/28/2009 | 23052613 | $11.25 | Occupied Name Unknown | Completed |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Vendor** | First American Title (Santa Ana) | | **Regarding:** | | **Invoice Number:** | D6007722A |
| **Address:** | 3 First American Way | | BONNIE ROSE | | **Invoice Status:** | Check Confirmed |
| | Santa Ana, CA 92707 | | 3019 SAINT ANDREWS CT | | **Loan No.:** | 247 |
| **Payee Code:** | 07916 | | JONESBORO , GA 30236- | | **Loan Type:** | FHA |
| **Vendor Contact:** | Nicole Larson | | | | **Acquisition Date:** | |
| **Vendor Ref #:** | 6007722 | | | | **Type:** | Non-Judicial |
| **Servicer:** | GMAC Mortgage Corporation | | | | **Referral Date :** | 5/12/2010 |
| **Inv. ID / Cat. ID** | 30000/13119 | | | | **Loan Location:** | |
| **Investor Name** | GNMA | | | | **FHA#** | FR10539578B1703 |
| **Invoice ID** | 45084218 | | | | **Submitted Date:** | 5/17/2010 |
| | | | | | **Vendor Invoice Date:** | 5/14/2010 |
| | | | | | **Paid In Full Date:** | N/A |
| | | | | | **Foreclosure Removal Date:** | N/A |

### Title Services - Title Services

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 05/17/2010 | | | | 05/17/2010 | 05/17/2010 | 05/21/2010 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| **Costs** | Total: | $250.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Exc. Loan Total Fees/Costs Allow: | | | |
| **Totals** | **Inv Amt:** | **$250.00** | **Prev. Billed:** | **$0.00** | **Loan Total Fees/Costs Prev.Billed:** | **$2,202.65** | **Exc Ord Allw:** | |

**Costs**

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Title Costs | 680-2 Owner-Foreclsure Info | 05/14/10 | 1 | $250.00 | $250.00 | $0.00 | $250.00 |
| | Note: 680-2 Owner-FCL Info | | | | | | |
| | | | | **Total:** | $250.00 | $0.00 | $250.00 |
| | | | | **Invoice Total:** | $250.00 | $0.00 | $250.00 |

| | | | | |
|---|---|---|---|---|
| **Vendor** | First American Title (Santa Ana) | **Regarding:** | **Invoice Number:** | **D6345933A** |
| **Address:** | 3 First American Way | BONNIE ROSE | **Invoice Status:** | Check Confirmed (Exc) |
| | Santa Ana, CA 92707 | 3019 SAINT ANDREWS CT | **Loan No.:** | 247 |
| **Payee Code:** | 07916 | JONESBORO , GA 30236- | **Loan Type:** | FHA |
| **Vendor Contact:** | Nicole Larson | | **Acqistion Date:** | |
| **Vendor Ref #:** | 6345933 | | **Type:** | Non-Judicial |
| **Servicer:** | GMAC Mortgage Corporation | | **Referral Date :** | 11/9/2010 |
| **Inv. ID / Cat. ID** | 30000/13119 | | **Loan Location:** | |
| **Investor Name** | GNMA | | **FHA#** | FR1053957881703 |
| **Invoice ID** | 56010801 | | **Submitted Date:** | 11/16/2010 |
| | | | **Vendor Invoice Date:** | 11/15/2010 |
| | | | **Paid In Full Date:** | N/A |
| | | | **Foreclosure Removal Date:** | N/A |

### Title Services - Title Services

| **Submitted** | **1st Reviewed** | **Last Reviewed** | **Accepted** | **Approved** | **Chk Requested** | **Chk Confirmed** | **Days To Proc** |
|---|---|---|---|---|---|---|---|
| 11/16/2010 | | | | 11/16/2010 | 11/16/2010 | 11/17/2010 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| | | | | | |
|---|---|---|---|---|---|
| **Costs** | Total: | $250.00 | IM Prev. Billed: | $250.00 | Exc. Loan Allow: |
| | | | | | Exc. Loan Total Fees/Costs Allow: |
| **Totals** | **Inv Amt:** | **$250.00** | **Prev. Billed:** | **$250.00** | **Loan Total Fees/Costs Prev.Billed:** |

Exc Ord Allw:

| | $3,522.79 | **Exc Ord Allw:** |

### Costs

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Title Costs | 680-2 Owner-Foreclsure Info | 11/15/10 | 1 | $250.00 | $250.00 | $0.00 | $250.00 |

Note: 680-2 Owner-FCL Info

| | | | |
|---|---|---|---|
| **Total:** | **$250.00** | **$0.00** | **$250.00** |
| **Invoice Total:** | **$250.00** | **$0.00** | **$250.00** |

| Vendor | McCurdy & Candler, L.L.C. | | Regarding: | | Invoice Number: | 160446 |
|---|---|---|---|---|---|---|
| Address: | 3525 Piedmont Rd NE | | BONNIE ROSE | | Invoice Status: | Check Confirmed |
| | Building 6, Suite 700 | | 3019 SAINT ANDREWS CT | | Loan No.: | ████247 |
| | Atlanta, GA 30305 | | JONESBORO , GA 30236- | | Loan Type: | FHA |
| Payee Code: | 112886 | | | | Acquistion Date: | |
| Vendor Contact: | Emma Greene | | | | Type: | Non-Judicial |
| Vendor Ref #: | 160446 | | | | Referral Date : | 5/13/2010 |
| Servicer: | GMAC Mortgage Corporation | | | | Loan Location: | |
| Inv. ID / Cat. ID | 30000/13119 | | | | FHA# | FR1053957881703 |
| Investor Name | GNMA | | | | Submitted Date: | 7/14/2010 |
| Invoice ID | 47925126 | | | | Vendor Invoice Date: | 7/14/2010 |
| | | | | | Paid In Full Date: | N/A |
| | | | | | Foreclosure Removal Date: | N/A |

### Foreclosure - Foreclosure Services - Non-Judicial

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 07/14/2010 | | | | 07/14/2010 | 07/14/2010 | 07/15/2010 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Fees | Total: | $487.50 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| Costs | Total: | $282.64 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | |
| Totals | Inv Amt: | $770.14 | Prev. Billed: | $0.00 | Loan Total Fees/Costs Prev.Billed: | $2,452.65 | Exc Ord Allw: |

### Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Allowable | 06/01/10 | 1 | $487.50 | $487.50 | $0.00 | $487.50 |
| | | | | Total: | $487.50 | $0.00 | $487.50 |

### Costs

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Title Costs | Later Date/Update Title Search | 06/01/10 | 1 | $75.00 | $75.00 | $0.00 | $75.00 |
| Service Costs | Statutory Mailings | 06/03/10 | 1 | $7.64 | $7.64 | $0.00 | $7.64 |

**Note:** Presale package to initial borrow has one regular letter at $.44, another at $.61 and one certified letter at $5.54, totaling $6.59. On FHA files two additional mailings are sent: one to the borrower at $.61 and one to HUD at $.44, totaling $1.05.

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Service Costs | Publication | 06/11/10 | 1 | $200.00 | $200.00 | $0.00 | $200.00 |
| | | | | Total: | $282.64 | $0.00 | $282.64 |
| | | | | Invoice Total: | $770.14 | $0.00 | $770.14 |

| Vendor | McCurdy & Candler, L.L.C. | **Regarding:** | | **Invoice Number:** | **109114** |
|---|---|---|---|---|---|
| **Address:** | 3525 Piedmont Rd NE | BONNIE ROSE | | **Invoice Status:** | Check Confirmed |
| | Building 6, Suite 700 | 3019 SAINT ANDREWS CT | | **Loan No.:** | 6247 |
| | Atlanta, GA 30305 | JONESBORO , GA 30236- | | **Loan Type:** | FHA |
| **Payee Code:** | 112886 | | | **Acquistion Date:** | |
| **Vendor Contact:** | Stephanie King | | | **Type:** | Non-Judicial |
| **Vendor Ref #:** | 109114 | | | **Referral Date :** | 7/28/2009 |
| **Servicer:** | GMAC Mortgage Corporation | | | **Loan Location:** | |
| **Inv. ID / Cat. ID** | **30000/13119** | | | **FHA#** | FR1053957881703 |
| **Investor Name** | **GNMA** | | | **Submitted Date:** | **9/8/2009** |
| **Invoice ID** | 33021068 | | | **Vendor Invoice Date:** | 9/8/2009 |
| | | | | **Paid In Full Date:** | N/A |
| | | | | **Foreclosure Removal Date:** | N/A |

**Foreclosure - Final Bill - BK Filed**

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 09/08/2009 | | | | 09/08/2009 | 09/08/2009 | 09/09/2009 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Fees** | Total: | $487.50 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
| **Costs** | Total: | $565.15 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | | |
| **Totals** | **Inv Amt:** | **$1,052.65** | **Prev. Billed:** | **$0.00** | **Loan Total Fees/Costs Prev.Billed:** | **$0.00** | **Exc Ord Allw:** | |

**Fees**

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Allowable | 08/31/09 | 1 | $487.50 | $487.50 | $0.00 | $487.50 |
| | | | | **Total:** | **$487.50** | **$0.00** | **$487.50** |

**Costs**

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Title Costs | Title Search | 07/28/09 | 1 | $350.00 | $350.00 | $0.00 | $350.00 |
| Service Costs | Statutory Mailings | 07/29/09 | 1 | $6.15 | $6.15 | $0.00 | $6.15 |
| Service Costs | Publication | 08/07/09 | 1 | $200.00 | $200.00 | $0.00 | $200.00 |
| Recording Costs | Loan Assignment | 08/28/09 | 1 | $9.00 | $9.00 | $0.00 | $9.00 |
| | | | | **Total:** | **$565.15** | **$0.00** | **$565.15** |
| | | | | **Invoice Total:** | **$1,052.65** | **$0.00** | **$1,052.65** |

| | | | | | |
|---|---|---|---|---|---|
| **Vendor** | McCurdy & Candler, L.L.C. | | **Regarding:** | **Invoice Number:** | **189822** |
| **Address:** | 3525 Piedmont Rd NE | | **Invoice Status:** | | Check Confirmed |
| | Building 6, Suite 700 | | BONNIE ROSE | **Loan No.:** | ████247 |
| | Atlanta, GA 30305 | | 3019 SAINT ANDREWS CT | **Loan Type:** | FHA |
| **Payee Code:** | 112886 | | JONESBORO , GA 30236- | **Acquistion Date:** | |
| **Vendor Contact:** | Carla Jones | | | **Type:** | Non-Judicial |
| **Vendor Ref #:** | 189822 | | | **Referral Date :** | 11/10/2010 |
| **Servicer:** | GMAC Mortgage Corporation | | | **Loan Location:** | |
| **Inv. ID / Cat. ID** | **30000/13119** | | | **FHA#** | FR1053957881703 |
| **Investor Name** | **GNMA** | | | **Submitted Date:** | **12/28/2010** |
| **Invoice ID** | 58418775 | | | **Vendor Invoice Date:** | 12/28/2010 |
| | | | | **Paid In Full Date:** | N/A |
| | | | | **Foreclosure Removal Date:** | N/A |

**Foreclosure - Foreclosure Services - Non-Judicial**

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 12/28/2010 | | | | 12/28/2010 | 12/28/2010 | 12/29/2010 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Fees** | Total: | $487.50 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| **Costs** | Total: | $187.64 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | |
| **Totals** | **Inv Amt:** | **$675.14** | **Prev. Billed:** | $0.00 | **Loan Total Fees/Costs Prev.Billed:** | **$3,772.79** | **Exc Ord Allw:** |

**Fees**

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Allowable | 11/17/10 | 1 | $487.50 | $487.50 | $0.00 | $487.50 |
| | | | | **Total:** | **$487.50** | **$0.00** | **$487.50** |

**Costs**

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Service Costs | Statutory Mailings | 11/22/10 | 1 | $7.64 | $7.64 | $0.00 | $7.64 |

**Note:** The presale package consists of one regular letter@ .44 and one regular letter @ .61 and one certified letter @ $5.54= there were 2 presale packages one to the original borrowers property address and the other to the mailing address.

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Service Costs | Publication | 12/09/10 | 1 | $180.00 | $180.00 | $0.00 | $180.00 |
| | | | | **Total:** | **$187.64** | **$0.00** | **$187.64** |
| | | | | **Invoice Total:** | **$675.14** | **$0.00** | **$675.14** |

| | | | | | |
|---|---|---|---|---|---|
| **Vendor** | McCurdy & Candler, L.L.C. | **Regarding:** | | **Invoice Number:** | 223127 |
| **Address:** | 3525 Piedmont Rd NE | BONNIE ROSE | | **Invoice Status:** | Check Confirmed (Exc) |
| | Building 6, Suite 700 | 3019 SAINT ANDREWS CT | | **Loan No.:** | ▇247 |
| | Atlanta, GA 30305 | JONESBORO , GA 30236- | | **Loan Type:** | FHA |
| **Payee Code:** | 112886 | | | **Acquistion Date:** | |
| **Vendor Contact:** | Carlo Jones | | | **Type:** | Non-Judicial |
| **Vendor Ref #:** | 223127 | | | **Referral Date :** | 3/17/2011 |
| **Servicer:** | GMAC Mortgage Corporation | | | **Loan Location:** | |
| **Inv. ID / Cat. ID** | 30000/13119 | | | **FHA#** | FR1053957881703 |
| **Investor Name** | GNMA | | | **Submitted Date:** | 7/15/2011 |
| **Invoice ID** | 71087637 | | | **Vendor Invoice Date:** | 7/15/2011 |
| | | | | **Paid In Full Date:** | N/A |
| | | | | **Foreclosure Removal Date:** | N/A |

### Foreclosure - Foreclosure Services - Non-Judicial

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 07/15/2011 | 07/18/2011 | 07/18/2011 | | 07/18/2011 | 07/18/2011 | 07/19/2011 | 4 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Fees** | Total: | $487.50 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| **Costs** | Total: | $266.67 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | |
| **Totals** | **Inv Amt:** | **$754.17** | **Prev. Billed:** | **$0.00** | **Loan Total Fees/Costs Prev.Billed:** | **$5,247.93** | **Exc Ord Allw:** |

## Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Allowable | 03/17/11 | 1 | $487.50 | $487.50 | $0.00 | $487.50 |
| | | | | **Total:** | **$487.50** | **$0.00** | **$487.50** |

## Costs

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Title Costs | Later Date/Update Title Search | 04/06/11 | 1 | $30.00 | $30.00 | $0.00 | $30.00 |
| **Note:** We are billing in accordance with our agreed upon fee statement | | | | | | | |
| **Exceptions:** Exceeds Unit Allowable | | | | | | | |
| Title Costs | Later Date/Update Title Search | 05/27/11 | 1 | $30.00 | $30.00 | $0.00 | $30.00 |
| **Note:** We are billing in accordance with our agreed upon fee statement | | | | | | | |
| **Exceptions:** Exceeds Unit Allowable | | | | | | | |
| Service Costs | Statutory Mailings | 06/05/11 | 1 | $6.67 | $6.67 | $0.00 | $6.67 |
| **Note:** $6.67 = The presale package consists of regular letter @ $0.44 and one regular letter @ $.064 one certified letter @ $5.59 = and we had to send out 2 presale packages, one to the original borrower's and the other to the mailing address | | | | | | | |
| Service Costs | Publication | 06/10/11 | 1 | $200.00 | $200.00 | $0.00 | $200.00 |
| | | | | **Total:** | **$266.67** | **$0.00** | **$266.67** |
| | | | | **Invoice Total:** | **$754.17** | **$0.00** | **$754.17** |

| | | | | | |
|---|---|---|---|---|---|
| **Vendor** | McCurdy & Candler, L.L.C. | | **Regarding:** | **Invoice Number:** | **110515** |
| **Address:** | 3525 Piedmont Rd NE | | BONNIE ROSE | **Invoice Status:** | Check Confirmed |
| | Building 6, Suite 700 | | 3019 SAINT ANDREWS CT | **Loan No.:** | 6247 |
| | Atlanta, GA 30305 | | JONESBORO , GA 30236- | **Loan Type:** | FHA |
| **Payee Code:** | 112886 | | | **Acquistion Date:** | |
| **Vendor Contact:** | Sharon Asigbey | | | **Type:** | Non-Judicial |
| **Vendor Ref #:** | 110515 | | | **Referral Date :** | 9/9/2009 |
| **Servicer:** | GMAC Mortgage Corporation | | | **Loan Location:** | |
| **Inv. ID / Cat. ID** | 30000/13119 | | | **FHA#** | FR1053957881703 |
| **Investor Name** | GNMA | | | **BK Case No:** | 09-82551 |
| **Invoice ID** | 33543157 | | | **Submitted Date:** | 9/17/2009 |
| | | | | **Vendor Invoice Date:** | 9/17/2009 |
| | | | | **Paid In Full Date:** | N/A |
| | | | | **Foreclosure Removal Date:** | N/A |

### Bankruptcy - Proof of Claim

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 09/17/2009 | | | | 09/17/2009 | 09/17/2009 | 09/18/2009 | 1 |

[Dept] [Comments] [Line Items] [Exceptions] [Edit Summary] [Adj. Summary] [Chronology] [Quote] [Service Request] [Guideline] [History] [Payments] [Reconciliation]

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Fees** | Total: | $300.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| **Costs** | Total: | $0.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | |
| **Totals** | **Inv Amt:** | **$300.00** | **Prev. Billed:** | **$0.00** | **Loan Total Fees/Costs Prev.Billed:** | **$0.00** | **Exc Ord Allw:** |

### Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Proof of Claim | 09/16/09 | 1 | $150.00 | $150.00 | $0.00 | $150.00 |
| Attorney Fees | Review of Plan | 09/16/09 | 1 | $150.00 | $150.00 | $0.00 | $150.00 |
| | | | | | **Total:** | **$300.00** | **$0.00** | **$300.00** |
| | | | | | **Invoice Total:** | **$300.00** | **$0.00** | **$300.00** |

| Vendor | McCurdy & Candler, L.L.C. | | Regarding: | | Invoice Number: | 223220 |
|---|---|---|---|---|---|---|
| Address: | 3525 Piedmont Rd NE | | BONNIE ROSE | | Invoice Status: | Check Confirmed |
| | Building 6, Suite 700 | | 3019 SAINT ANDREWS CT | | Loan No.: | ⬛247 |
| | Atlanta, GA 30305 | | JONESBORO , GA 30236- | | Loan Type: | FHA |
| Payee Code: | 112886 | | | | Acquistion Date: | |
| Vendor Contact: | Denise Black | | | | Type: | Non-Judicial |
| Vendor Ref #: | 223220 | | | | Referral Date : | 7/12/2011 |
| Servicer: | GMAC Mortgage Corporation | | | | Loan Location: | |
| Inv. ID / Cat. ID | 30000/13119 | | | | FHA# | FR1053957881703 |
| Investor Name | GNMA | | | | BK Case No: | 11-69542 |
| Invoice ID | 71130663 | | | | Submitted Date: | 7/15/2011 |
| | | | | | Vendor Invoice Date: | 7/15/2011 |
| | | | | | Paid In Full Date: | N/A |
| | | | | | Foreclosure Removal Date: | N/A |

### Bankruptcy - Bankruptcy Services - Chapter 13

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 07/15/2011 | | | | 07/15/2011 | 07/15/2011 | 07/16/2011 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| Fees | Total: | $150.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
|---|---|---|---|---|---|---|---|---|
| Costs | Total: | $0.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | | |
| Totals | Inv Amt: | $150.00 | Prev. Billed: | $0.00 | Loan Total Fees/Costs Prev.Billed: | $6,002.10 | Exc Ord Allw: | |

### Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Non-recoverable Fees | Non Recv. Review of Plan | 07/14/11 | 1 | $150.00 | $150.00 | $0.00 | $150.00 |
| | | | | Total: | $150.00 | $0.00 | $150.00 |
| | | | | Invoice Total: | $150.00 | $0.00 | $150.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Vendor** | McCurdy & Candler, L.L.C. | | **Regarding:** | **Invoice Number:** | **196641** |
| **Address:** | 3525 Piedmont Rd NE | | BONNIE ROSE | **Invoice Status:** | Check Confirmed |
| | Building 6, Suite 700 | | 3019 SAINT ANDREWS CT | **Loan No.:** | 247 |
| | Atlanta, GA 30305 | | JONESBORO , GA 30236- | **Loan Type:** | FHA |
| **Payee Code:** | 112886 | | | **Acquistion Date:** | |
| **Vendor Contact:** | Carla Jones | | | **Type:** | Non-Judicial |
| **Vendor Ref #:** | 196641 | | | **Referral Date :** | 12/22/2010 |
| **Servicer:** | GMAC Mortgage Corporation | | | **Loan Location:** | |
| **Inv. ID / Cat. ID** | 30000/13119 | | | **FHA#** | FR1053957881703 |
| **Investor Name** | GNMA | | | **BK Case No:** | 10-79473 |
| **Invoice ID** | 60770992 | | | **Submitted Date:** | 2/4/2011 |
| | | | | **Vendor Invoice Date:** | 2/4/2011 |
| | | | | **Paid In Full Date:** | N/A |
| | | | | **Foreclosure Removal Date:** | N/A |

## Bankruptcy - Bankruptcy Services - Chapter 13

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 02/04/2011 | | | | 02/04/2011 | 02/04/2011 | 02/05/2011 | 1 |

Dept | Comments | Line Items | Exceptions | Edit Summary | Adj Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Fees** | Total: | $650.00 | IM Prev. Billed: | $300.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| **Costs** | Total: | $150.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | |
| **Totals** | **Inv Amt:** | **$800.00** | **Prev. Billed:** | **$300.00** | **Loan Total Fees/Costs Prev.Billed:** | **$4,447.93** | **Exc Ord Allw:** |

### Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Motion for Relief | 02/01/11 | 1 | $650.00 | $650.00 | $0.00 | $650.00 |

**Note:** Recoverable

| | | | Total: | $650.00 | $0.00 | $650.00 |
|---|---|---|---|---|---|---|

### Costs

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Filing Costs | Motion for Relief | 12/22/10 | 1 | $150.00 | $150.00 | $0.00 | $150.00 |

**Note:** Court Cost - Filing Fee Recoverable

| | | Total: | $150.00 | $0.00 | $150.00 |
|---|---|---|---|---|---|
| | | **Invoice Total:** | **$800.00** | **$0.00** | **$800.00** |

| | | | | | |
|---|---|---|---|---|---|
| Vendor | McCurdy & Candler, L.L.C. | **Regarding:** | | **Invoice Number:** | **125116** |
| Address: | 3525 Piedmont Rd NE | BONNIE ROSE | | Invoice Status: | Check Confirmed |
| | Building 6, Suite 700 | 3019 SAINT ANDREWS CT | | Loan No.: | ____6247 |
| | Atlanta, GA 30305 | JONESBORO , GA 30236- | | Loan Type: | FHA |
| Payee Code: | 112886 | | | Acquistion Date: | |
| Vendor Contact: | Jenell Schaefer | | | Type: | Non-Judicial |
| Vendor Ref #: | 125116 | | | Referral Date : | 11/11/2009 |
| Servicer: | GMAC Mortgage Corporation | | | Loan Location: | |
| Inv. ID / Cat. ID | 30000/13119 | | | FHA# | FR1053957881703 |
| Investor Name | GNMA | | | BK Case No: | 09-82551 |
| Invoice ID | 37822059 | | | Submitted Date: | 12/16/2009 |
| | | | | Vendor Invoice Date: | 12/16/2009 |
| | | | | Paid In Full Date: | N/A |
| | | | | Foreclosure Removal Date: | N/A |

### Bankruptcy - Motion for Relief

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 12/16/2009 | | | | 12/16/2009 | 12/16/2009 | 12/17/2009 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Fees | Total: | $650.00 | IM Prev. Billed: | $300.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
| Costs | Total: | $150.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | | |
| Totals | Inv Amt: | $800.00 | Prev. Billed: | $300.00 | Loan Total Fees/Costs Prev.Billed: | $0.00 | Exc Ord Allw: | |

### Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Motion for Relief | 12/15/09 | 1 | $650.00 | $650.00 | $0.00 | $650.00 |
| | | | | Total: | $650.00 | $0.00 | $650.00 |

### Costs

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Filing Costs | Motion for Relief | 11/11/09 | 1 | $150.00 | $150.00 | $0.00 | $150.00 |
| | | | | Total: | $150.00 | $0.00 | $150.00 |
| | | | | Invoice Total: | $800.00 | $0.00 | $800.00 |

| Vendor | McCurdy & Candler, L.L.C. | | **Regarding:** | | **Invoice Number:** | 149215 |
|---|---|---|---|---|---|---|
| **Address:** | 3525 Piedmont Rd NE | | BONNIE ROSE | | **Invoice Status:** | Check Confirmed |
| | Building 6, Suite 700 | | 3019 SAINT ANDREWS CT | | **Loan No.:** | ███247 |
| | Atlanta, GA 30305 | | JONESBORO , GA 30236- | | **Loan Type:** | FHA |
| **Payee Code:** | 112886 | | | | **Acquistion Date:** | |
| **Vendor Contact:** | Stephanie King | | | | **Type:** | Non-Judicial |
| **Vendor Ref #:** | 149215 | | | | **Referral Date :** | 3/25/2010 |
| **Servicer:** | GMAC Mortgage Corporation | | | | **Loan Location:** | |
| **Inv. ID / Cat. ID** | **30000/13119** | | | | **FHA#** | FR1053957881703 |
| **Investor Name** | **GNMA** | | | | **BK Case No:** | 09-82551 |
| **Invoice ID** | 44688706 | | | | **Submitted Date:** | 5/7/2010 |
| | | | | | **Vendor Invoice Date:** | 5/7/2010 |
| | | | | | **Paid In Full Date:** | N/A |
| | | | | | **Foreclosure Removal Date:** | N/A |

### Bankruptcy - Default Notice

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 05/07/2010 | | | | 05/07/2010 | 05/10/2010 | 05/11/2010 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| **Fees** | Total: | $50.00 | IM Prev. Billed: | $950.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
|---|---|---|---|---|---|---|---|---|
| **Costs** | Total: | $0.00 | IM Prev. Billed: | $150.00 | Exc. Loan Allow: | | Exc Ord Allw: | |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | | |
| **Totals** | **Inv Amt:** | **$50.00** | **Prev. Billed:** | **$1,100.00** | **Loan Total Fees/Costs Prev.Billed:** | **$2,152.65** | **Exc Ord Allw:** | |

### Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Notice of Default and Intent to Foreclose | 05/03/10 | 1 | $50.00 | $50.00 | $0.00 | $50.00 |
| | | | | **Total:** | **$50.00** | **$0.00** | **$50.00** |
| | | | | **Invoice Total:** | **$50.00** | **$0.00** | **$50.00** |

| Vendor | McCurdy & Candler, L.L.C. | | **Regarding:** | | **Invoice Number:** | **164306** |
|---|---|---|---|---|---|---|
| **Address:** | 3525 Piedmont Rd NE | | BONNIE ROSE | | **Invoice Status:** | Check Confirmed |
| | Building 6, Suite 700 | | 3019 SAINT ANDREWS CT | | **Loan No.:** | 247 |
| | Atlanta, GA 30305 | | JONESBORO , GA 30236- | | **Loan Type:** | FHA |
| **Payee Code:** | 112886 | | | | **Acquistion Date:** | |
| **Vendor Contact:** | Emma Greene | | | | **Type:** | Non-Judicial |
| **Vendor Ref #:** | 164306 | | | | **Referral Date :** | 7/12/2010 |
| **Servicer:** | GMAC Mortgage Corporation | | | | **Loan Location:** | |
| **Inv. ID / Cat. ID** | 30000/13119 | | | | **FHA#** | FR1053957881703 |
| **Investor Name** | GNMA | | | | **BK Case No:** | 10-79473 |
| **Invoice ID** | 49876282 | | | | **Submitted Date:** | **8/10/2010** |
| | | | | | **Vendor Invoice Date:** | 8/10/2010 |
| | | | | | **Paid In Full Date:** | N/A |
| | | | | | **Foreclosure Removal Date:** | N/A |

### Bankruptcy - Bankruptcy Services - Chapter 13

| Submitted | 1st Reviewed | Last Reviewed | Accepted | Approved | Chk Requested | Chk Confirmed | Days To Proc |
|---|---|---|---|---|---|---|---|
| 08/10/2010 | | | | 08/10/2010 | 08/10/2010 | 08/11/2010 | 1 |

| Dept | Comments | Line Items | Exceptions | Edit Summary | Adj. Summary | Chronology | Quote | Service Request | Guideline | History | Payments | Reconciliation |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Fees** | Total: | $300.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| **Costs** | Total: | $0.00 | IM Prev. Billed: | $0.00 | Exc. Loan Allow: | | Exc Ord Allw: |
| | | | | | Exc. Loan Total Fees/Costs Allow: | | |
| **Totals** | **Inv Amt:** | $300.00 | **Prev. Billed:** | $0.00 | **Loan Total Fees/Costs Prev.Billed:** | $3,222.79 | Exc Ord Allw: |

### Fees

| Category | Subcategory | Date | Qty | Price | Orig. Billed | Adjust | Net |
|---|---|---|---|---|---|---|---|
| Attorney Fees | Plan Review Fee | 07/19/10 | 1 | $150.00 | $150.00 | $0.00 | $150.00 |
| Attorney Fees | Proof of Claim | 08/04/10 | 1 | $150.00 | $150.00 | $0.00 | $150.00 |
| | | | | Total: | $300.00 | $0.00 | $300.00 |
| | | | | **Invoice Total:** | $300.00 | $0.00 | $300.00 |

When Recorded, Return to:
Attn: Anthony DeMaio/Foreclosure Dep/lem
McCurdy & Candler, L.L.C.
3525 Piedmont Road NE, Six Piedmont Center, Suite 7-0
Atlanta, GA 30305

STATE OF    Pennsylvania
COUNTY OF    Montgomery

File No. 09-18386 / FHA

MIN ████████76245

## ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, Mortgage Electronic Registration Systems, Inc., as nominee for GMAC Mortgage, LLC (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto GMAC Mortgage, LLC (hereinafter referred to as "Assignee"), whose address is 1100 Virginia Drive Fort Washington, PA 19034, that certain Security Deed or Deed to Secure Debt executed by Bonnie Rose to Mortgage Electronic Registration Systems, Inc. as nominee for Quicken Loans, Inc., its successors and assigns and dated August 19, 2008, recorded in Deed Book 9510, Page 587, Clerk's Office, Superior Court of Clayton County, Georgia, together with the real property therein described, which has the property address of 3019 Saint Andrews Ct, Jonesboro, GA 30236; and also the indebtedness described in said Deed and secured thereby, having this day been transferred and assigned to the said Assignee together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

This Assignment of Security Deed is executed on this 12 day of May , 2011 .

Signed, sealed and delivered
in the presence of:

Mortgage Electronic Registration Systems, Inc., as
nominee for GMAC Mortgage, LLC

By: _Tracie Schmidheiser_
Its:    Tracie Schmidheiser Assistant Secretary

By: _____
Its:

_____
Unofficial Witness Anthony McLaughlin

_____
Notary Public

My Commission Expires: 8-11-14

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Nikole Shelton, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Aug. 11, 2014
Member, Pennsylvania Association of Notaries



FILED
CLAYTON CO., GA
2008 AUG 29 AM 11:06
LINDA T. MILLER
CLERK SUPERIOR COURT

Return To:
Julie Carroll
Quicken Loans Inc.
20555 Victor Parkway
Livonia, MI 48152

After Recording Return To:
McCurdy & Candler, LLC • REO
P.O. Box 57
Decatur, Georgia 30031
File #_____

GEORGIA INTANGIBLE TAX PAID
$ 159.50
8-29-08

*Linda T. Miller*

CLERK
CLAYTON COUNTY

Prepared By:
Brian Gutierrez

---

_____7624                                    [Space Above This Line For Recording Data]                    ┌─────────────────┐
State of Georgia                                                                                              │ FHA Case No.
                                        **SECURITY DEED**                                                     │ ████1- 703
                                                                                                              └─────────────────┘

                                                        MIN ████████6245

        THIS SECURITY DEED ("Security Instrument") is given on                    August 19, 2008
The Grantor is Bonnie Rose, an unmarried woman

                                                                                        , and whose address is

3756 Misty Lk, Ellenwood, GA  30294

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc., ("MERS"),
(solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as grantee. MERS is
organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026,
Flint, MI 48501-2026, tel. (888) 679-MERS.
Quicken Loans Inc.
("Lender") is organized and existing under the laws of            the State of Michigan            , and
has an address of 20555 Victor Parkway, Livonia, MI  48152

FHA Georgia Security Deed with MERS - 4/96
VMP-4N(GA) (0808)               Amended 2/01
Page 1 of 8        ████████3755        Initials: _____
VMP Mortgage Solutions, Inc.

BK0951PG0587

Borrower owes Lender the principal sum of Two Hundred Eighty Six Thousand Two Hundred Twenty Two and 00/100                    Dollars (U.S. $ 286,222.00                    ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on September 1, 2038          . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS, (solely as nominee for Lender and Lender's successors and assigns), and the successors and assigns of MERS, with power of sale, the following described property located in                              Clayton                              County, Georgia:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.
SUBJECT TO COVENANTS OF RECORD.

Parcel ID Number: 12023A A016
which has the address of  3019 Saint Andrews Ct                                        [Street]
         Jonesboro         [City], Georgia 30236-4173     [Zip Code] ("Property Address");

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary,

BK0950P6588

in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or

BK0951098589

abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

    **6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

    **7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

    If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

    Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

    Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

    **8. Fees.** Lender may collect fees and charges authorized by the Secretary.

    **9. Grounds for Acceleration of Debt.**

        (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

            (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

            (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

        (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

BK0951 0P6590



—4N(GA) (0509)                    Page 4 of 6                    Initials:_____

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.



GMD -4N(GA) (0809)                                        Page 6 of 8                                        Initials:_____

BK09510859+

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

BK09510PG592



**18. Foreclosure Procedure.** If Lender requires immediate payment in full of all sums under paragraph 9, Lender may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

If the Property is sold pursuant to this paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property.

**21. Assumption not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**22. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Growing Equity Rider | ☒ Other [specify] |
| ☒ Planned Unit Development Rider | ☐ Graduated Payment Rider | Legal Attached |



VMP ®-4N(GA) (0509)    Page 7 of 8    Initials:

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.



_____ 08/19/2008 (Seal)      _____ (Seal)
Bonnie Ross                    -Borrower                                      -Borrower

_____ (Seal)                  _____ (Seal)
                    -Borrower                                      -Borrower

_____ (Seal)                  _____ (Seal)
                    -Borrower                                      -Borrower

_____ (Seal)                  _____ (Seal)
                    -Borrower                                      -Borrower

STATE OF GEORGIA,            ~~Clayton~~ Fulton        County ss:
Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public,                          Fulton      County
State of Georgia

VMP®-4N(GA) (0609)                    Page 8 of 8

## Exhibit "A"

All that tract or parcel of land lying and being in Land Lot 23, 12th District, Clayton County, Georgia, being Lot 7, Block F, Lake Spivey Country Club Subdivision, Unit One, as per plat recorded in Plat Book 24, Pages 127 and 128, Clayton County, Georgia Records, which plat is incorporated herein by reference and made a part of this description.
Loan: █████95, Property: 3019 Saint Andrews Ct, Jonesboro, GA 30236

BK09510PG598

6247   ROSE                    7

Date: 09/03/2008

# NOTE

**Multistate**
MERS MIN:        6245

FHA Case No
1 703

August 19, 2008
[Date]

524
Rose, Bonnie

3019 Saint Andrews CL
Jonesboro, GA 30236-4173
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means Quicken Loans Inc.

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of Two Hundred Eighty Six Thousand Two Hundred Twenty Two and 00/100

Dollars (U.S. $ 286,222.00                ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of Seven and No-Thousandths percent (        7.000 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on October        , 2008    . Any principal and interest remaining on the first day of        September 2038        , will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at P.O. Box 553154, Detroit, MI   48255-3154
                                    or at such place as Lender may designate in writing
by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ 1,904.25        . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐Graduated Payment Allonge ☐Growing Equity Allonge ☐Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

FHA Multistate Fixed Rate Note - 10/95
-1R (0210).02
VMP Mortgage Solutions (800)521-7291
Page 1 of 2
2031248754



Initials: BJS

0103



## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four and No-Thousandths percent ( 4.000%) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

| | |
|---|---|
| 03/19/2009 (Seal) | _____ (Seal) |
| Bonnie Ross                        -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | Borrower |

WITHOUT RECOURSE
Pay To the Order of

_____

QUICKEN LOANS, INC.

By: _____

SCOTT JOHNSON
CAPTURE MANAGER

VMP -1R (0210).02                          Page 2 of 2

# PLANNED UNIT DEVELOPMENT RIDER

MERS MIN ▓▓▓▓▓▓▓▓▓

FHA Case No.
▓▓▓▓ 703

THIS PLANNED UNIT DEVELOPMENT RIDER is made this       9th       day of
August, 2008       , and is incorporated into and shall be deemed to amend and
supplement the Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the
same date given by the undersigned ("Borrower") to secure Borrower's Note ("Note") to
Quicken Loans Inc.

("Lender") of the same date and covering the Property described in the Security Instrument
and located at:

3019 Saint Andrews Ct
Jonesboro, GA 30236-4173
[Property Address]

The Property Address is a part of a planned unit development ("PUD") known as
Lake Spivey

[Name of Planned Unit Development]

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A.   So long as the Owners Association (or equivalent entity holding title to common
areas and facilities), acting as trustee for the homeowners, maintains, with a
generally accepted insurance carrier, a "master" or "blanket" policy insuring the
Property located in the PUD, including all improvements now existing or
hereafter erected on the mortgaged premises, and such policy is satisfactory to
Lender and provides insurance coverage in the amounts, for the periods, and
against the hazards Lender requires, including fire and other hazards included
within the term "extended coverage," and loss by flood, to the extent required
by the Secretary, then: (i) Lender waives the provision in Paragraph 2 of this
Security Instrument for the monthly payment to Lender of one-twelfth of the
yearly premium installments for hazard insurance on the Property, and (ii)
Borrower's obligation under Paragraph 4 of this Security Instrument to maintain
hazard insurance coverage on the Property is deemed satisfied to the extent
that the required coverage is provided by the Owners Association policy.
Borrower shall give Lender prompt notice of any lapse in required hazard
insurance coverage and of any loss occurring from a hazard. In the event of a
distribution of hazard insurance proceeds in lieu of restoration or repair
following a loss to the Property or to common areas and facilities of the PUD,
any proceeds payable to Borrower are hereby assigned and shall be paid to
Lender for application to the sums secured by this Security Instrument, with
any excess paid to the entity legally entitled thereto.

B.   Borrower promises to pay all dues and assessments imposed pursuant to the
legal instruments creating and governing the PUD.

C.   If Borrower does not pay PUD dues and assessments when due, then Lender
may pay them. Any amounts disbursed by Lender under this paragraph C shall
become additional debt of Borrower secured by the Security Instrument. Unless

FHA Multistate PUD Rider - 10/95
Wolters Kluwer Financial Services
VMP®-589U (0402).02  ▓▓▓▓▓▓▓▓
Page 1 of 2       Initials: ▓▓▓▓

Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____ (Seal)          _____ (Seal)
Bonnie Rose                          -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                                     -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                                     -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                                     -Borrower                                              -Borrower

VMP®-589U (0402)  02                    Page 2 of 2

## Exhibit "A"

All that tract or parcel of land lying and being in Land Lot 23, 12th District, Clayton County,
Georgia, being Lot 7, Block F, Lake Spivey Country Club Subdivision, Unit One, as per plat
recorded in Plat Book 24, Pages 127 and 128, Clayton County, Georgia Records, which plat is
incorporated herein by reference and made a part of this description.
Loan: ████2195, Property: 3019 Saint Andrews Ct, Jonesboro, GA 30236

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | * |
| | * |
| RESIDENTIAL CAPITAL, LLC, et al., | * |
| | * |
| Debtors | * |
| | * |
| | * |
| | * |
| | * |

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

---

### CERTIFICATE OF SERVICE

I certify that I have this day served the person listed below with a copy of the within and

foregoing **REPLY TO OBJECTION TO CLAIMS (49th Omnibus Objection—No Liability**

**Borrower Claims—Books and Records),** by depositing a copy of same in the United States

Mail, adequate postage affixed thereto to:

Honorable Martin Glenn
Courtroom 501
One Bowling Green
New York, NY  10004

Gary S. Lee, Esq.
Norman S. Rosenbaum, Esq.
Jordan A. Wishnew, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104



Kenneth H. Eckstein, Esq.
Douglas H. Mannal, Esq.
Kramer Levin Naftalis & Frangel LLP
1117 Avenue of the Americas
New York, NY  10036

Tracy Hope Davis, Esq.
Linda A. Riffkin, Esq.
Brian S. Masumoto, Esq
United States Trustee for the

Southern District of New York
U.S. Federal Office Building
201 Varick Street
Suite 1006
New York, NY  10014

Ronald J. Friedman, Esq.
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY  11753

This 21st day of October, 2013.

Eight Piedmont Center, Suite 550          George M. Geeslin
3525 Piedmont Road, N.E.                  Georgia Bar No. 288725
Atlanta, Georgia  30305-7036
Phone (404) 841-3464
Fax (404) 816-1108
geeslingm@aol.com