

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:  
RESIDENTIAL CAPITAL, LLC, et al,  
    Debtors.

Objections to Debtors Thirty Sixth  
Omnibus Objection to Secured Claims  
and Motion to Strike: RON ERIKSEN  
and JULIE ERIKSEN.

) Case No. 12-12020  
)  
) Honorable Martin Glenn  

RECEIVED OCT 23 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

### NOTICE OF CREDITORS, RON AND JULIE ERIKSEN, OBJECTIONS TO, AND MOTION TO STRIKE, DEBTORS THIRTY SIXTH OBJECTION, AS TO THEM, FOR FAILURE TO COMPLY WITH THIS COURT'S MARCH 23, 2013 ORDER

    PLEASE TAKE NOTICE that on the 7th of November, 2013 at 2:00 p.m., or as soon thereafter as counsel may be heard, Ron and Julie Eriksen shall appear before the Honorable Martin Glenn, or any judge sitting in his stead, in Courtroom 501 (or such other courtroom as may be appropriate if another judge is sitting for him) of the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, and shall then and there present their "Objections to, and Motion to Strike, Debtors Thirty Sixth Objection, as to Them, for Failure to Comply with this Court's March 23, 2013 Order," which pleadings are herewith served upon you.

                                          Respectfully submitted,

                                          By: __/s/Ron Eriksen__  
                                                 Ron Eriksen

                                          By: __/s/Julie Eriksen__  
                                               Julie Eriksen

Ron and Julie Eriksen  
2647 Kendridge Lane  
Aurora, IL 60502

Original

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies under penalty of perjury pursuant to 28 U.S.C. §1746 that on October 22, 2013, he duly served (or caused to be served), via overnight mail, to be delivered on or before 4:00 pm Eastern Standard Time, the above described "Objections to, and Motion to Strike, Debtors Thirty Sixth Objection, as to Them, for Failure to Comply with this Court's March 23, 2013 Order" upon the persons on the attached service list.



\_\_\_\_\_/s/Ron Eriksen\_\_\_\_\_
Ron Eriksen

Gary S. Lee,
Norman S. Rosenbaum
Jordan A. Wishnew
Morrison & Foerster, LLP.
1290 Avenue of the Americas
New York, NY 10104

Kenneth Eckstein
Douglas Mannal
Kramer Levin Naftalis & Frankel, LLP.
1177 Avenue of the Americas
New York, NY 10036

Tracy Hope Davis
Linda A. Riffkin
Brian S. Masumoto
Office of the United States Trustee
U.S. Federal Office Building,
201 Varick Street, Suite 1006
New York, NY 10014

Ronald J. Friedman
SilvermanAcampora LLC
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>RESIDENTIAL CAPITAL, LLC, et al,<br>Debtors.<br><br>Objections to Debtors Thirty Sixth<br>Omnibus Objection to Secured Claims<br>and Motion to Strike: RON ERIKSEN<br>and JULIE ERIKSEN. | )<br>)<br>)  Case No. 12-12020<br>)<br>)<br>)  Honorable Martin Glenn<br>)<br>)<br>)<br>)<br>)<br>) |

### OBJECTIONS OF RON ERIKSEN AND JULIE ERIKSEN TO DEBTORS THIRTY SIXTH OMNIBUS OBJECTIONS AND MOTION TO STRIKE FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER OF MARCH 21, 2013

RON ERIKSEN and JULIE ERIKSEN ("Eriksens"), Creditors, object to RESIDENTIAL CAPITAL, LLC, et al., Debtors, omnibus objections on the basis that they fail to comply with this Court's March 21, 2013 order and **Federal Rules of Bankruptcy Procedure ("FRBP") 3007(e)**. The Eriksens, in support of this motion, states:

1. The Eriksens' pleadings must be liberally construed. *Haines v. Kerner, 404 U.S. 519-20 (1972)*[1] [pre-*Twomby*[2]]. *Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)* [post-*Twomby*].

### I. The Procedural Deficiencies of Debtors Thirty Sixth Omnibus Objections to the Eriksens Secured Claims

2. On March 21, 2013, a procedural order was entered in this case under **11 USC 105(a)** and **FRBP 1009, 3007** and **9019(b)** for 1) claim objection procedures, 2) borrower claim procedures, 3) Settlement Procedures and 4) Schedule Amendment Procedures. [Docket 3294].

---

[1] Since **Haines**, the Supreme Court has consistently held in its opinions that *pro se* litigants are to be afforded more liberal treatment than attorneys, and are not to be subjected to the same pleading and motion practice standards as attorneys. There is a broad requirement to insure that *pro se* litigants receive justice in our system in spite of grammatical mistakes, failure to cite proper legal authorities and confusion of legal theories. Each court must conduct, as Supreme Court Justice John Paul Stevens ("Justice Stevens") calls it, **the Haines test**, to insure justice in the fair administration of cases involving *pro se* litigants. The Eriksens are *pro se* litigants.

[2] *Bell Atlantic Corporation v. Twombly, 127 S. Ct. 1955 (2007), rev'g 425 F.3d 99 (2d Cir. 2005)*.

1

3. That order states, in relevant part, "ORDERED that, except as expressly provided herein, the Debtors, and other parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e)..."

4. **FRBP 3007(e)** states, in relevant part,

"(1) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(2) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(3) state the grounds of the objection to each claim and provide a cross-reference to the pages in the omnibus objection pertinent to the stated grounds;

(4) state in the title the identity of the objector and the grounds for the objections;

(5) be numbered consecutively with other omnibus objections filed by the same objector; and

(6) contain objections to no more than 100 claims."

5. This Court modified **FRBP 3007(e)(6)** from 100 claims to 150 claims. But, required compliance with the remainder of **FRBP 3007(e)**.

6. The Debtors, in their Thirty Sixth Omnibus Objections, failed to comply with **FRBP 3007(e)(3)**, in that, they have failed to sufficiently state the grounds for their objection to the Eriksens secured claim. See Exhibit A, Proof of Claim.

7. The requirements for stating an objection are identified in ***Simmons v. Savell (In re Simmons, 765 F.2d 547 (5th Cir. 1985)***. The Fifth Circuit uses this Circuits precedents to establish the necessary elements for stating a proper objection. What ***Simmons*** says,

"It has been said that the filing of a proof of claim is tantamount to the filing of a complaint in a civil action, see ***Nortex Trading Corp. v. Newfield, 311 F.2d 163 (2d Cir. 1962)***, and the trustee's formal objection to the claim, the answer. See **Collier on Bankruptcy ¶502.01**, at 502-16. Upon the filing of an objection, the trustee must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim. Id. at 502-17, see also ***In re Eastern Fire Protection, Inc., 44 B.R. 140 (Bankr.E.D.Pa 1984)***."

8. The Debtors have failed to state the grounds for their objection to the proof of claim submitted by the Eriksens, i.e. "evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." Id. The Debtors, in support of reclassification, offer nothing more than the declaration of Deanna Horst ("Horst"). That, plus conclusory statements in support of reclassifying said proof of claim, is implausible and thus unsustainable. ***Twombly; Ashcroft v. Iqbal, 556 U.S. 662 (2009)***.

9. The Eriksens proof of claims offers serious proofs as to the "shell game" and "bate and switch" between LENDER1 and LENDER2: the substantive basis for the wrongful foreclosure action on their home, that led to their damages and right of setoff or replevin under Illinois law. It appears that the Debtors are seeking to use this Court's equity powers to reform the Debtors contract with the Eriksens, and replace LENDER1 with LENDER2 through said Omnibus Objection. This is improper.

10. That Objection fails to identify any reasonable basis whereby the Debtors assert that Eriksens claims were "Misclassified or Wrong Debtor Borrower Claims". Nothing is provided as evidence of this conclusory statement beyond the Hurst declaration. The Hurst declaration is not sufficient evidence to refute the Eriksens proof of claim, including but not limited to their attached exhibits and affidavits. The Eriksens have an equitable lien on their home under Illinois law. That lien was created by LENDER2's wrongful actions. ***Subrogee of Clark-Maple Chevrolet Company v. Trimon Elevator Co., 71 Ill. App.2d 124; 217 N.E.2d 391 (1St Dist. 1966)***. See also **735 ILCS 5/4-101**.

11. An equitable lien is created under **735 ILCS 5/4-101** by operation of law.

12. That lien is the restraining of a defendant's control over property in its possession to satisfy a claim not yet reduced to judgment. ***See Kurti v. Silk Plants Etc. Franchise Systems,***

3

*Inc.*, **200 Ill.App.3d 605, 607, 146 Ill.Dec. 398, 558 N.E.2d 361 (1990)**. It is a remedy by which a party's property is secured and held to satisfy a debt that the other party hopes to prove. ***Starr v. Gay*, 354 Ill.App.3d 610, 615, 290 Ill.Dec. 807, 822 N.E.2d 89 (2004)**.

13. Pursuant to **11 USC 101(37)**, "the term "lien" means charge against or interest in property to secure payment of a debt or performance of an obligation." The Eriksens have a lien on the subject property up to the valuation of the property, i.e. $475,000.00, under Illinois law, as security for their claims against LENDER2.

14. Debtors claim their Thirty Sixth Omnibus Objection is "premised on certain non-substantive grounds". (Debtors Objection at ¶16). But, the Debtors appear to request that this Court modify the contract, i.e. switch LENDER2 with LENDER1. This is substantive to the proof of claim submitted by the Eriksens. And, **no evidence** is provided by the Debtors to make this substantive switch.

15. Further, the Debtors do not seek to disallow those claims made by the Eriksens. This is admitted. In all caps on the Debtors objection, first page, it states, "THIS OBJECTION DOES NOT SEEK TO DISALLOW CLAIMS." Conversely, Debtors do not seek to ALLOW the Eriksens claims. Rather, Debtors seek to use an improper means, an Omnibus Objection, to change the lender from LENDER1 to LENDER2. The Debtors Omnibus Objection to appears to seek to inequitably use this Court's broad equity powers to reform the Debtors contract with the Eriksens. "[B]ankruptcy court, as courts of equity, have broad authority to modify creditor-debtor relationships." **United States v. Energy Resources Co., 495 U.S. 545, 549 (1990)**. Besides being procedurally improper [an adversary proceeding under 7001 is required], it would be an improper use of this Court's equity powers. Bankruptcy Courts are "to distribute funds

4

equitably to creditors..." *2 Collier on Bankruptcy ¶105.01[2], at 105-8 (Lawrence P. King, ed., 15th ed. 1979)*. See also *In re Grau, 267 B.R. 896 (Bankr.S.D.Fla. 2001)*.

16. The Debtors, by admission, seek reclassification or modification not allowance or disallowance. This is procedurally improper. Allowance or disallowance is the proper remedy, and that allowance or disallowance must take place prior to the confirmation.

17. What *Simmons* says,

"The procedure for objecting to a claim is established by Bankruptcy Rule 3007, which provides:

> An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in **Rule 7001**, it becomes an adversary proceeding.

proof of secured claim must be acted upon – that is, allowed or disallowed – before confirmation of the plan or the claim must be deemed allowed for purposes of the plan. See **11 U.S.C. §502**. We find the reasoning of the court in *In re Hartford* persuasive. See *In re Hartford, 7 B.R. 914 (Bankr.D.Me. 1981)*."

18. Entirely consistent with this view is the oft-repeated observation that "[a] secured claim need not be filed or allowed under §502 or §506(d) unless a party in interest has requested a determination and allowance or disallowance under §502." **Bank.R. 3002 advisory committee note**; see **1 Norton Bankruptcy Law and Practice §28.27, at 28-18 (1985)**. See, e.g., *In re Weathers, 15 B.R. 945 (Bankr.D.Kan. 1981); In re Sillani, 9 B.R. 188 (Bankr.M.D.Fla. 1981); In re Honaker, 4 B.R. 415 (Bankr.E.D.Mich.1980); In re Robertson, 4 B.R. 213 (Bankr.D.Colo. 1980)*. Bankruptcy Courts, in certain cases, have required secured claims to be filed. See *In re Williams, 9 B.R. 228 (Bankr.D.Kan. 1981)(claim not filed is disallowed); In re Francis, 15 B.R. 998 (Bankr.E.D.N.Y. 1981)(same)*.

19.  As such, the Debtors, in their Thirty Sixth Omnibus Objections, failed to comply with this Court's March 21, 2013 order, in that, they have failed to comply with **FRBP 3007(e)** and/or send a letter, with notice to Special Counsel, requesting additional documentation from the Eriksens. [Docket 3294 at 4].

**II.   Conclusion**

20.  The Eriksens have properly filed their proof of claim. No party in interest has <u>properly</u> objected to said claim. The Debtors Omnibus Objections are improper, substantively and procedurally. To sustain the Debtors objection would be inequitable to the Eriksens, severely prejudice their wrongful foreclosure claims, including but not limited to their equitable claims under Illinois law, and cause them further harms than those already caused by the Debtors conduct. Therefore, said claim must be deemed allowed, and secured, pursuant to ***Simmons***.

21.  Wherefore, the Eriksens object to the Debtors Thirty Sixth Omnibus Objections on the basis's contained in this objection, and further request that the Debtors Thirty Sixth Omnibus Objections be stricken, as to them, due to their procedural impropriety and failure to comply with this March 21, 2013 order.

# Exhibit A

Dated:   October 22, 2013           Respectfully submitted:

                                    Ron Eriksen

                              By:   /s/ Ron Eriksen


Dated:   October 22, 2013           Respectfully submitted:

                                    Julie Eriksen

                              By:   /s/ Julie Eriksen


Ron and Julie Eriksen
2647 Kendridge Lane
Aurora, IL 60502

7