# ResCap                    MORRISON | FOERSTER



## Claim Information

| Claim Number | 5580 |
|---|---|
| **Basis of Claim** Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | Claim submission and Proof of Claim is Attached and Signed by R. Eriksen. CS and POC is 3 pages, plus EX "A" And Exhibits 1-6. Ronald A. Eriksen, Jr. DATE 7/6/13 |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

Loan Number: 588969303 (As provided)

Address of property related to the above loan number: 492 Asbury Drive

City: Aurora    State: IL    ZIP Code: 60502

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC   P.O. Box 385220  Bloomington, MN  55438

Claim Number: 5580
Ronald A. Eriksen, Jr.

# ResCap

MORRISON | FOERSTER

## Claim Information

| Claim Number | 5573 |
|---|---|
| **Basis of Claim** Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | Claim Submission and Proof of Claim is attached and signed by J. Eriksen CS and POC is 3 pages, plus Ex 'A' and Exhibits 1-6<br><br>Julie Eriksen<br>Julie A. Eriksen<br>DATE: 7-7-13 |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Loan Number:** 588969303 (As Provided)

**Address of property related to the above loan number:** 492 Asbury Drive

**City:** Aurora    **State:** IL    **ZIP Code:** 60502

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220    Bloomington, MN 55438

Claim Number: 5573
Julie A. Eriksen

# Claim Submission and Proof of Claim:

SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
SILVERMANCAMPAORA, LLP.
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Tel.: 866-259-5217
Email: rescapborrower@silvermancampora.com


RE:   RON ERIKSEN'S AND JULIE ERIKSEN'S CLAIMS

|  |  |
|---|---|
| Debtors: | Residential Capital, LLC., GMAC, LLC., and affiliated debtors |
| Court: | United States Bankruptcy Court, Southern District of New York |
| Case No.: | 12-12020 |
| Claim No.: | 5573, 5580 |


RE: Claims of Ron and Julie Eriksen

On November 9, 2005, Ronald A. Eriksen ("REriksen") and Julie A. Eriksen ("JEriksen") (collectively, the "Eriksens") entered into a mortgage and note agreement (collectively, "Loan") with GMAC MORTGAGE CORPORATION ("LENDER1"). Exhibit 1. At all times relevant, LENDER1 was the Eriksens' lender. The Eriksen, at no time, received any notice of any transfer, sale or assignment of their Loan. Exhibit 2. This is required under **12 USC 2605**, which states,

> **(b) Notice by transferor of loan servicing at time of transfer (1) Notice requirement** Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person. **(2) Time of notice (A) In general** Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

The Eriksen never received notice by LENDER1 of any transfer, sale or assignment of their Loan. Ex. 2. That failure has caused actual damages to the Eriksens in an amount of $1,000,000 (See itemized list – Exhibit A). Further, the Eriksen are entitled to additional damages in an amount of $2,000.00 for willful failure to deliver said notice.

On June 7, 2010, GMAC MORTAGE, LLC. ("LENDER2") sued the Eriksens. Exhibit 3. LENDER2, in a lawsuit, claimed it was the lender and that LENDER1 was the servicer. Id. Essentially, LENDER1's assets were moved to LENDER2 under the cover of darkness. No notice of transfer, sale or assignment was given to the Eriksens, as required by law. Ex. 2. But, a transfer did take place without proper notice. That lawsuit was amended on September 3, 2010. Exhibit 4. Still, notice was never sent to the Eriksens. That lawsuit constituted a wrongful

foreclosure action predicated on a fraudulent document filed by LENDER2 against the Eriksens as consumers in Illinois, which is subject to **815 ILCS 505/2**, which states,

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act."

> **815 ILCS 505/10a** states, "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper"

Further, that wrongful foreclosure action is also subject to "common law" fraud under Illinois law. Illinois is a common law state, pursuant to **5 ILCS 50.1**, which states,

> "That the common law of England, so far as the same is applicable and of a general nature, and all statutes or acts of the British parliament made in aid of, and to supply the defects of the common law, prior to the fourth year of James the First, excepting the second section of the sixth chapter of 43d Elizabeth, the eighth chapter of 13th Elizabeth, and ninth chapter of 37th Henry Eighth, and which are of a general nature and not local to that kingdom, shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority."

The elements of common law fraud are: "(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury." ***Siegel v. Levy Organization Development Co., 153 Ill. 2d 534, 542-43 (1992).***

On June 3, 2010 and September 3, 2010, LENDER2 knowingly and intentionally deceived the Eighteenth Circuit Court of DuPage County, Illinois ("State Court") by filing a wrongful foreclosure action against the Eriksens claiming it was the lender and LENDER 1 was the loan servicer. Ex. 3, Ex. 4. That LENDER 2 and LENDER1 intentionally conspired to deceive the State Court by presenting itself as substantially the same corporation, when, in fact, it was a new, different, corporation. No final decision was rendered in said case. But, the property was

foreclosed on, and sold. This matter is currently on appeal before Illinois' Second District Court. Exhibit 5.

The Eriksens have suffered significant harms from said wrongful foreclosure action. That action was predicated on a fraud. Namely, LENDER2 was not legally the lender, and LENDER1, that had been the lender, did not have legal capacity to sue, for its foreign incorporation documents had expired in Illinois on or before said case was brought before the Eighteenth Circuit Court of Du Page County, Illinois. Exhibit 6.

LENDER1 and LENDER2 conspired to commit fraud before the Eighteenth Circuit Court of Du Page County, Illinois. LENDER2 claimed LENDER1 was the Loan servicer. LENDER2 claimed was the Loan holder. Neither were true. LENDER1 was not even a legal entity in Illinois at the time said complaint was filed. LENDER1, if it did assign said Loan to LENDER2, never sent a notice of transfer, sale or assignment. Further, on belief, LENDER1 did not properly transfer said Loan to LENDER2. LENDER2 was not the Loan holder, and the Eriksens Loan was wrongfully foreclosed on by LENDER2 and LENDER1. Further, LENDER1 was not a legal entity in Illinois at the time of said foreclosure action. As such, it misrepresented its standing to sue.

Said false statements, misrepresentations and frauds violated the Fair Debt Collections Practices Act, **15 USC 1692**. That said false or deceptive statements were made to unlawfully collect on a debt. That LENDER1 and LENDER2 did seek to unlawfully and unconscionably seek to collect on said debt from the Eriksens by use of false and/or deceptive statements. That the Eriksens were harmed by said unlawful debt collections practices in an actual amount of $1,000,000. See Ex. A. Further, the Eriksens request punitive damages in an amount of $1,000.00. Under Seventh Circuit precedent,

> "'§ 1692e applies even when a false representation was unintentional.' *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir.2000) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996) (because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages)). Moreover, our test for determining whether a debt collector violated § 1692e is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. *Gammon v. GC Servs. Ltd. P'Ship*, 27 F.3d 1254, 1257 (7th Cir. 1994); *see also id.* at 1259 (Easterbrook, J., concurring) (reasoning that 'the trier of fact must inquire whether a misleading implication arises from an objectively reasonable reading of the communication')." ***P.Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991 (7th Cir. 2003)***.

> "§ 1692f, which states that '[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.' Section 1692f(1), for example, prohibits the 'collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.' Whether the collection of a debt violates § 1692f(1) depends solely on two

factors: (1) whether the debt agreement explicitly authorizes the charge; or (2) whether the charge is permitted by law. The provision is silent as to the debt collector's intent, yet it is clear that a collector who collected a charge unauthorized by the debt agreement or by law, even by accident, would violate § 1692f(1). *Johnson v. Statewide Collections, Inc.,* 778 P.2d 93, 101 (Wyo.1989)." *Id.*

That said acts constituted a breach of contract. That LENDER1 and LENDER2 were unjustly enriched by said conduct. The elements of a breach of contract are: In Illinois, as elsewhere, a breach-of-contract claim requires: (1) an offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages caused by the breach. E.g., ***Ass'n Benefit Servs., Inc. v. Caremark RX, Inc., 493 F.3d 841, 849 (7th Cir.2007)*** (citation omitted); ***Barille v. Sears Roebuck & Co., 682 N.E.2d 118, 121 (Ill.App.Ct.1997)***. "To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience. See Drury v., County of McLean, (1982), 89 Ill. 2d 417, 425-26; Kenneke v. First National Bank (1978), 65 Ill.App.3d 10, 12." ***HPI Healthcare v. Mt. Vernon, 131 Ill.2d 145 (1989).***

The Eriksens seek the subject property be returned, via replevin, by LENDER1 and LENDER2 or other party, if possible, and the Loan be reformed to demonstrate that no monies are owed, pursuant to setoff for damages. Further, and in addition, the Eriksens have been harmed by said causes of action in an amount of $500,000. That includes the physical loss of use of the property, resultant moves from said property, payment of rents at a new property, being placed in a false light by said wrongful foreclosure action and other resultant damages from said and other causes of actions against LENDER1 and LENDER2, including civil conspiracy.

Sincerely,

Ron Eriksen

Sincerely,

Julie Eriksen

# Exhibit A

Exhibit A

$450,000     Value of home

$1800        Moving expenses

$26,500      Housing and living expenses

$1,478,000   Personal Harms:
             Credit $150,000, Lost business opportunity $575,000, Emotional distress $600,000, Medical and mental health expenses $75,000, Legal fees $78,000