Peter Vidikan, Pro Se
1631 Cicero Dr.
Los Angeles, CA 90026-1603
(323)660-1764

**UNITED STATES BANKRUPTCY COURT**      Hearing Date: November 7, 2013
**SOUTHERN DISTRICT OF NEW YORK**        Time: 2:00 P.M.

In re: )
)
) CHAPTER 11
**RESIDENTIAL CAPITAL, LLC.,** *et al.*, )   CASE NO. 12-12020 (MG)
)
**Debtors.** )   Jointly Administered
)

### CREDITOR'S RESPONSE AND OPPOSITION TO DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS

**Claimant:   Peter Vidikan**               **Claim No. 5285**

The Claimant Peter Vidikan (hereinafter, "Vidikan,") responds in opposition to the DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS (hereinafter, "the debtors' objection,").

Contact information for authorized agent of this claim: Peter Vidikan, 1631 Cicero Dr., Los Angeles CA 90026-1603, telephone (323)660-1764, fax (323)661-8832.

### CLAIMANT'S RESPONSE TO DEBTOR'S OBJECTION

Vidikan respectfully requests the Court to overrule the debtor's objection as to this particular claim because the debtors' objection fails to refute even a single element of the claimed allegations.   Clearly, "It is well established that in objecting to a claim against the Debtor, it is the burden of the objecting party to initially present sufficient evidence to overcome the prima facie presumption of validity of a validly filed proof of claim." In re:

RECEIVED OCT 22 2013 U.S. BANKRUPTCY COURT, SDNY

- 1 -

Allegheny Intern, Inc., 954 F.2d 167 (3rd Cir. 1992). "The debtors have the burden of introducing evidence to rebut the claim's presumptive validity by a preponderance of the evidence," in re: Hartford Sands, Inc., 372 F.3d 637, 640 (4th Cir. 2004). "Once the objector produces some evidence (the mere filing of an objection is insufficient) disputing the validity of a claim, the burden shifts to the claimant." in re: South Motor Co., 161 B.R. 532 (Bankr. S.D. Fla. 1993).

## THE DEBTORS' ASSERTED REASONS FOR DISALLOWANCE DO NOT REFUTE THE ALLEGATIONS

Exhibit A in the debtors' objection asserts the reasons for disallowing Vidikan's claim as "Escrow Issues Claim; Interest Rates and Fees Collected Claim." However, these reasons fail to effectively challenge the elements of the allegations. The Debtors' explanation of "Escrow Issues Claims, " as elaborated in Deanna Horst's declaration, on pages 9 and 10, does not encompass or even apply to the allegations in this claim. Vidikan did not lodge any distinct escrow complaints, per se.

Furthermore, the debtors' elaboration of the second reason, "Interest Rates and Fees Collected" on page 11, poignantly omits to rebut the material documentation of unwarranted fees, i.e. monthly statements, while absurdly continuing to deny findings of any such fees in their review of the Debtors' "Books and Records." Importantly, the debtors' objection relies on a review of the "Books and Records," not on material evidence of the "Books and Records."

## DEBTORS INCURRED LIABILITY BY BREACH OF CONTRACT

The claim alleged the basis of the Debtors' liability on grounds of breach of contract: negligent, fraudulent, and unjust enrichment. The amount of damages claimed is $121.265.50. (The amount was incorrectly calculated to $123,865.50 when the claim

classification was resolved in Omnibus Objection Number Seventeen.) The proof of claim documented the Debtors' alleged breach, including, but not limited to, violations of the clear terms of the Adjustable Mortgage Loan Disclosure Notice (under <u>Impounds</u>) by the forced placement of fire insurance; deceptive itemizations and overcharges of unwarranted fees; and deceptive statements that concealed the actual amounts withdrawn electronically through automatic payments. The debtor's objection did not address or rebut these allegations. Rule 3001(f) of The Federal Rules of Bankruptcy Procedure provides that "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

## CONCLUSION

Vidikan sufficiently documented his allegations, whereas the debtors' objection merely asserted an unauthenticated contradiction. Vidikan would potentially suffer grievous detriment if the Court were to grant the debtors' objection. Rule 3007(f) of The Federal Rules of Bankruptcy Procedure states that "The finality of any order regarding a claim objection included in an omnibus objection shall be determined as though the claim had been subject to an individual objection." Thus, Vidikan respectfully requests the Court to acknowledge the validity of the claim and to order the Debtors to make appropriate recovery.

Respectfully,

*[signature]*

**Peter Vidikan,** Pro Se
1631 Cicero Dr.
Los Angeles, CA 90026-1603
Telephone (323)660-1764
Facsimile (323)661-8832

Dated: October 20, 2013
Los Angeles, California

- 3 -