James C. Jackson
Unit 1W
5940 S. King Dr.
Chicago, Ill 60637
(773) 493-8693 hm
(773) 406-3973 cell
(773) 855-9649 fax
JJAC326060@aol.com

10/21/13

United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
ATTN: Honorable Martin Glenn
Court Room 501
One Bowling Green
New York, New York 10004-1408




Kramer Levin Naftalis & Frankel LLC
ATTN: Kenneth H. Eckstein, Esq.
Douglas H. Mannal, Esq.
1117 Avenue of the Americas
New York, New York 10104

Re: Response to Debtors' Fiftieth Omnibus Objection (Case No. 12-12020 MG) / Claim # 4664

To whom it may concern:

Here are my answers:

i). United States Bankruptcy Court for the Southern District of New York; Debtors: RESIDENTIAL CAPITAL, LLC, et al., (Case No. 12-12020 MG); NOTICE OF HEARING ON DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS - BOOKS AND RECORDS.

ii). James Conlee Jackson – I purchased a defective garden unit condo that should have never been sold to me.

iii). It is in my humble opinion that the Bankruptcy Court of the Southern District of New York SHOULD NOT sustain this Third Omnibus Objection in my case because I purchased my first home (a garden level condo) in good faith, only to realize that it has a serious structural defect that causes flooding to my living space. I am currently involved in a lawsuit with the City of Chicago who levied violations against our condo association for these flooding issues (amongst other things). I also was involved in a lawsuit against the developer who I purchased the condo from (you are already in receipt of the fourth amended complaint).

The lawsuit against the developer has been "settled" but the flooding issue has NOT been remedied and so we are back at square one (sigh). The attorney in my lawsuit against the developer (Gabriel Hardy), as well as two unit owners (Nanette Stevens & Venell Slaughter) are demanding that my condo association or the developer fix the flooding issue to my unit, but the condo association is resisting in an attempt to retaliate and punish me for bringing the flooding issue to the city's attention in the first place. This flooding situation has been terribly draining on my family and me emotionally, spiritually and financially (replacing carpeting and missing work due to the stress from this situation, etc). So, in conclusion, it is my sincere hope that the court **DOES NOT** dismiss my claim and hopefully my claim can be resolved in a fair and just way.

iv). I am including the following documentation to add as a part of my claim:

1). DVD video of the initial flooding incident back on 13 September 2006.
2). DVD video of flooding incidents on 07/24/11, 04/18/13, 05/21/13 and other dates.
3). Settlement Agreement against developer
4). Letter from attorney Gabriel Hardy to condo association to fix flooding.
5). Motion from James Jackson to housing court to have developer fix flooding.
6). Motions from Nanette Stevens and Venell Slaughter to housing court to have flooding fixed.
7). Summons from City of Chicago for code violations.

v). **PLEASE FORWARD ANY AND ALL REPLIES AND RESPONSES TO**:

James C. Jackson
Unit 1W
5940 S. King Dr.
Chicago, IL 60637
(773) 406-3973 cell
(773) 493-8693 hm
(773) 855-9649 fax

vi). The same as above in response v.

This ends my response. If anyone has any questions of me, please feel free to contact me via any of the means above. Thank you.

Sincerely,

James C. Jackson

James C. Jackson

OFFICIAL SEAL
DIANA CARTER
Notary Public - State of Illinois
My Commission Expires Mar 11, 2015

Diana Carter
for James C Jackson
10/21/13

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by and between WINIFRED COLLINS-LEE ("LEE"), RASHEEDA FISHER ("FISHER"), and JAMES JACKSON ("JACKSON") on the one hand (LEE, FISHER and JACKSON will sometimes be collectively referred to hereafter as "Plaintiffs"), and MARK FOREIT ("MARK") and FOREIT PROPERTIES LLC ("FOREIT"), (FOREIT and MARK will sometimes be collectively referred to hereafter as "Defendants") on the other hand, on the following terms and conditions:

## RECITALS

WHEREAS, FOREIT was the developer of a condominium building located at or near 5936-5948 South King Drive, Chicago, Illinois (the "Property") and is commonly known as the Courtyard on the Park Condominiums; and

WHEREAS, on or about January 10, 2005, JACKSON purchased from FOREIT a condominium unit at the Property, specifically 5940 South King Drive, Unit 1W; and

WHEREAS, on or about June 14, 2007, LEE purchased from FOREIT a condominium unit at the Property, specifically 5948 South King Drive, Unit 1; and

WHEREAS, on or about October 8, 2007, FISHER purchased from FOREIT a condominium unit at the Property, specifically 5944 South King Drive, Unit 1E; and

WHEREAS, Plaintiffs allege that in about September 2006 they noticed water leaking into the garden units of the Property and, some time later, they noticed water leaking again into the garden units at the Property; and

EXHIBIT
B

WHEREAS, Plaintiffs allege that FOREIT and MARK were aware of prior leaking conditions at the Property that should have been disclosed to them prior to their respective purchases at the Property; and

WHEREAS, the City of Chicago filed an action against Courtyard on the Park Condominium Association, among other parties, for certain City of Chicago Building Code violations at the Property, said action is presently pending under case number 2012 M1 402170 ("Building Litigation"); and

WHEREAS, Plaintiffs filed a Third Amended Complaint against FOREIT and MARK, said Complaint is currently pending in the Circuit Court of Cook County, Illinois, County Department, Law Division and proceeding under case number 11 L 008162 (the "Litigation") and FOREIT and MARK have filed an Answer denying the allegations in their entirety; and

WHEREAS, the FOREIT and MARK deny each and every allegation of wrongdoing made against them in the Litigation and enter into this Agreement denying any liability herein to Plaintiffs; and

WHEREAS, Defendants expressly deny and disclaim any wrongdoing or liability of any kind whatsoever, and the parties agree to enter into this Agreement in order to avoid further expense, inconvenience, and the distraction of Litigation and to put to rest all claims among the parties hereto relating to claims that were or might have been alleged in the Litigation;

NOW THEREFORE, in consideration of the foregoing and recognition of the mutual covenants contained herein, and other good and valuable consideration, the parties hereby agree as follows:

TERMS AND CONDITIONS

1. Recitals. The parties adopt and incorporate each of the foregoing recitals as paragraph 1.

2. Representations and Warranties. LLE, FISHER, JACKSON, FOREIT and MARK represent and warrant to each other that:

a. Each has the legal capacity and authority to compromise and release all claims that have been or could have been raised or asserted by the parties herein with regard to the Litigation;

b. Each has the legal capacity and authority to enter into and perform all of the terms of this Agreement, which constitute the voluntary, legal, valid and binding obligation of said party;

c. There has not been an assignment or transfer by operation of law of any claim or part thereof that any party has or may have had against any other;

d. Each has read this Agreement, understands this Agreement, and intends to be legally bound by this Agreement; and

e. The signator on behalf of each has the legal capacity and authority to execute and deliver this Agreement on behalf of the parties and to bind each, respectively, hereunder.

3. Settlement Payment to Plaintiffs. Within twenty one (21) days after the execution of this Agreement by all parties hereto, Defendants shall pay the total amount of $15,000.00 (Fifteen Thousand Dollars) to Plaintiffs. Said payment shall be made by check and shall be made payable to "Winifred Collins-Lee, Rasheeda Fisher, James Jackson and Goodman Law Offices. " Plaintiffs, in consultation with their counsel, Goodman Law Office, shall determine

on their own how they will divide the settlement payment of $15,000.00 amongst themselves. Plaintiffs' failure to reach such agreement with respect to the division of the settlement payment, however, shall have no effect whatsoever on the binding nature of this Agreement, which shall remain fully valid and enforceable, including but not limited to the Dismissal of the Litigation with Prejudice as set forth in Paragraph 4 and the Mutual Release of Claims as set forth in Paragraph 6.

4. Dismissal of Litigation With Prejudice. Plaintiffs acknowledge that the Litigation was dismissed with prejudice on April 29, 2013 and the parties further acknowledge that each shall bear its own fees and costs.

5. Objections in Building Litigation. FOREIT and MARK agree that neither party will raise an objection to a proper petition filed in the Building Action by the Courtyard on the Park Condominium Association seeking permission from the City of Chicago to allow the installation of a sewer check valve at or near the north side of the Property. FOREIT and MARK reserve the right and do not waive their right to object to any other matter raised in the Building Action he/they find objectionable. Nothing herein shall be construed in any way to obligate FOREIT as a unit owner in the Courtyard on the Park Condominium Association to pay any more than its pro rata share relating to any relief sought by the Association in the Building Action.

6. Mutual Release of Claims. Except for the obligations set forth herein, LEE, FISHER and JACKSON, their successors, assigns, employees, heirs, beneficiaries, agents, attorneys, representatives, and spouses, do hereby remise, release and forever discharge FOREIT and MARK, its/their affiliates, subsidiaries, successors, assigns, directors, shareholders, officers, managers, members, employees, heirs, beneficiaries, spouses, agents, attorneys, insurers,

representatives, and owners, of and from any and all manner of action, cause or causes of action, suits, debt, bills, liens, specialties, covenants, contracts, sums of money, commissions, compensation, controversies, agreements, promises, trespasses, damages, judgments, executions, claims, and demands, whatsoever, in law or in equity, that Plaintiffs have, had or will have against the FOREIT and/or MARK as the result of any act or omission and/or event from the beginning of time through the execution of this Agreement. Without limiting the generality of the foregoing, this release specifically includes the claims comprising the Litigation and any claims that could have been raised in the Litigation.

Except for the obligations set forth herein, FOREIT and MARK, its/their affiliates, subsidiaries, successors, assigns, directors, shareholders, officers, managers, members, employees, heirs, beneficiaries, agents, attorneys, representatives, and owners, do hereby remise, release and forever discharge Plaintiffs, their successors, assigns, employees, agents, heirs, beneficiaries, attorneys, representatives, insurers, and spouses, of and from any and all manner of action, cause or causes of action, suits, debts, bills, liens, specialties, covenants, contracts, sums of money, commissions, compensation, controversies, agreements, promises, trespasses, damages, judgments, executions, claims, and demands, whatsoever, in law or in equity, that the FOREIT and/or MARK has, had or will have against Plaintiffs as the result of any act or omission and/or event from the beginning of time through the execution of this Agreement. Without limiting the generality of the foregoing, this release specifically includes the claims comprising the Litigation and any claims that could have been raised in the Litigation.

7. Further Assurances. The parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

8. Governing Law. This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Illinois.

9. Amendments and Waivers. This Agreement may not be modified, amended, or terminated except by an instrument in writing, signed by each of the parties affected thereby. No failure to exercise and no delay in exercising any right, remedy, or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, or power under this Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy, or power provided herein or by law or in equity.

10. Severability. If for any reason any provision of this Agreement is determined to be invalid or unenforceable, the remaining provisions of this Agreement nevertheless shall be construed, performed, and enforced as if the invalidated or unenforceable provision had not been included in the text of the Agreement.

11. Drafting. The drafting and negotiation of this Agreement have been participated in by each of the parties, and for all purposes this Agreement shall be deemed to have been drafted jointly by all of the parties.

12. Successor and Assigns. This Agreement shall inure to the benefit of and be binding upon the parties herein and their respective heirs, personal representatives, successors and permitted assigns.

13. Entire Agreement. This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements, representations, warranties, statements, promises, and understandings, whether oral or written. The use of headings in this Agreement is merely for convenience and shall have no legal effect, and such headings shall not be referred to in construing any provisions of this Agreement. None of the parties hereto shall be bound by or

charged with any oral or written agreements, representations, warranties, statements, promises or understandings with respect to the subject matter hereof, not specifically set forth or referred to in this Agreement.

14. Non-Disparagement. Each party shall refrain from either directly or indirectly making any negative or disparaging remark about the other.

15. Separate Execution. This Agreement may be signed by each party separately, in which case attachment of each party's signature page to this Agreement shall constitute a fully-executed Agreement. Facsimile-copy signatures shall have the same effect as original signatures.

[THIS PORTION OF THE PAGE INTENTIONALLY LEFT BLANK]

THE PARTIES HERETO ACKNOWLEDGE THAT THEY HAVE READ THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE; THAT THEY HAVE DISCUSSED WITH THEIR ATTORNEY THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE; AND ITS TERMS AND PROVISIONS; THAT THEY FULLY KNOW, UNDERSTAND, AND APPRECIATE THE CONTENTS AND EFFECT OF THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE; AND THAT THEY EXECUTE THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE VOLUNTARILY AND OF THEIR OWN FREE WILL.

IN WITNESS WHEREOF, the undersigned parties have executed this Agreement on the date identified below.

WINIFRED COLLINS-LEE

By: ______________________

Date: ______________________

FOREIT PROPERTIES, LLC

By: ______________________

Title: ______________________

Date: ______________________

RASHEEDA FISHER

By: ______________________

Date: ______________________

MARK FOREIT

By: ______________________

Date: ______________________

JAMES JACKSON

By: James C. Jackson

Date: 9/11/13

**Goodman Tovrov Hardy & Johnson LLC**
**105 West Madison Street**
**Suite 1500**
**Chicago, IL 60602**
**(312) 752-4756 Fax: (312) 264-2535**
**gabe@thehardylawoffices.com**

July 23, 2013

Kovits, Shifrin & Nesbit
750 West Lake Cook Road
Buffalo Grove, Illinois, 60089

RE: Park Condominium Association

Dear Counsel,

I represent James Jackson, a unit owner at 5940 S. King Drive, Unit 1W. As the Condominium Association is aware, Mr. Jackson's apartment, with other units on the north side of the building, are experiencing continued flooding. The flooding can be prevented by the installation of a backflow device. The Association has taken steps to correct and repair a similar problem on the south side of the building, but as of the date of this letter, has neglected to take the same steps to repair problems on the north side.

The Association has a duty to repair or modify the common areas of the building that are causing the flooding

of Mr. Jackson's unit, which would include the installation of a backflow device on the north side.

Please insure that necessary repairs are completed on the North side of the building in a timely manner. Mr. Jackson wants avoid any unnecessary confrontation with the Association, but he will take all available legal action to him to insure that the necessary repairs are made.

Sincerely,

Gabriel Hardy

**Motion - General Form** (This form replaces CCMD-39) (2/24/05) CCG N702

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

City of Chicago
**Plaintiff(s)**

**v.**

Courtyard on the Park Condo Association
**Defendant(s)**

**No.** 12 M1 402178

**TO:** City of Chicago - Corporation Counsel #90909

**MOTION BY** James C. Jackson **FOR** Fixing flooding to unit 5941-2W

Requesting that the developer Urban Forest be ordered to fix the flooding issue to my unit which is on the northside of my building at 5941 S. King Dr. Unit 2W Chicago, IL per the recently reached settlement in my court case #11 E 162. My unit just recently flooded on 4/16/13 along with at least two units on the southside of the bldg. with the same people being removed BEFORE the developer has fixed the flooding [illegible] back to square one. I [illegible] a limited scope, [illegible] the flooding issue [illegible] fixed within 30 days [illegible] be brought in [illegible] and address the building's [illegible] to make the [illegible] and [illegible] done once the flooding issue [illegible] the bldg. I also hope that [illegible] fixed.

I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.

**Dated:** 5/3/13

Attorney Certification

**Atty. No.:** "Pro Se - 99500"
**Name:** James C. Jackson
**Atty. for:**
**Address:** 5941 S. King Dr. Unit 2W
**City/State/Zip:** Chicago, IL 60637
**Telephone:** (773) 406-2953 (cell) (773) 493-8693 (hm)

FILED-47 2013 MAY -3 AM 10:07 DOROTHY BROWN CLERK MUNICIPAL DEPARTMENT




**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

City of Chicago
v.
Courtyard on the Lake Condo Association No. 12 M1 402170

## NOTICE OF MOTION

To: Corporation Counsel #90909
30 N. LaSalle, Rm 700
Chicago, IL 60602

On June 3rd, 2013, at 10:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge William G. Pileggi or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Rm 1109 Richard J. Daley Center 50 W. Washington, Chicago, Illinois, and present

Name James C. Jackson Atty. No. Pro Se 99500
Address 5911 S. King Dr. Unit 2W Attorney for
City/State/Zip Chicago, IL 60637 Telephone

☐ PROOF OF SERVICE BY DELIVERY

I, ________ ☐ the attorney ☐ non-attorney certify that on the ____ day of ________, ____, I served this notice by delivering a copy personally to each person to whom it is directed.

Date ________, ____

Signature/Certification

☐ PROOF OF SERVICE BY MAIL

I, James C. Jackson ☐ the attorney ☑ non-attorney certify that I served this notice by mailing a copy to Kovitz Shifrin Nesbit at 750 Lake Cook Road Suite 350 IL 60089 (address on envelope) and depositing the same in the U.S. Mail at U.S. Post Office 700 E 61st St. Chicago, IL 60637 (place of mailing) at 11:42 a.m. on the 3rd day of May, 2013, with proper postage prepaid.

Date May 3rd, 2013

James C. Jackson
Signature/Certification

☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, ________ ☐ the attorney ☐ non-attorney certify that on the ____ day of ________, ____, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐ by telefax transmission (____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, to fax no. ________, at ____ a.m./p.m., from ________ (Place).

Date ________, ____

Signature/Certification

FILED
MAY - 7 2013
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY/ORIGINAL - COURT FILE

**Motion - General Form** (This form replaces CCMD-39) (2/24/05) CCG N702

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED
13 JUL 18 PM 3:06
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
CLERK DOROTHY BROWN

City Of Chicago
**Plaintiff(s)**

**v.**

Courtyard on the Park Condominium Association
**Defendant(s)**

**No.** 12M1402170

**TO:** City of Chicago - Corporation Counsel # 91919

**MOTION BY** Nanette Stevens **FOR** Fixing Flooding to Northside of Building

As a member of the Courtyard on the Park Condominium Association I am demanding that whatever flooding solution (back-flow device) that is being applied to the south side of the building, be also equally applied to the north side of the building where there has been an equal history of flooding, particularly in regards to unit 5940-1W (James Jackson). I am in possession of video, pictures and documentation that attest to this fact. Mr. Jackson as well as several other unit owners on the opposite side of the building have suffered water intrusion into their units as recent as 4/18/13 and 5/20/13. The first court date for these violations was last year on 9/24/12 and no progress has been made in respect to the flooding of these units (on BOTH sides of the building)! I am demanding an immediate acceleration of whatever process it takes to fix this persistent seven (7) year flooding issue. We demand a "camera in the pipe" on the northside of the building to check for gravity and any blockages, breakages, compatibility, etc (Mr. Jones Richmond promised this would be done). I also demand that the "pitching" at Mr. Jackson's rear door be fixed as this is believed to contribute to the water breach and subsequent water intrusions into his unit. Also, it may be possible to build a "trench" to tie Mr. Jackson's drain at his backdoor into the drain in the parking lot behind the building. In either case, I demand that these options be explored or something else be considered to stop and arrest this flooding problem.

**I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.**

**Dated:** July 17, 2013

**Attorney Certification**

**Atty. No.:** "Pro Se - 99500"
**Name:** Nanette Stevens
**Atty. for:**
**Address:** 5938 Unit 2, South King Drive
**City/State/Zip:** Chicago, IL 60637
**Telephone:** (773) 456-9170 or (773) 752-8377

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

City of Chicago

v.

Courtyard on the Park Condominium Association

No. 12M1402170

FILED-50 13 JUL 18 PM 3:07 CLERK OF THE CIRCUIT COURT CIVIL DIVISION DOROTHY BROWN CLERK

NOTICE OF MOTION

To: Corporation Counsel #91919
30 North Lasalle, Room 703
Chicago, IL 60662

On July 22nd, 2013, at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge William G. Pileggi or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Room 1109 Richard J. Daley Center, 50 West Washington St. Chicago, Illinois, and present

Name Nanette Stevens Atty. No. *Pro Se* 99500
Address 5938 Unit 2, South King Drive Attorney for
City/State/Zip Chicago, IL 60637 Telephone

☐ PROOF OF SERVICE BY DELIVERY

I, ____, ☐ the attorney ☐ non-attorney certify that on the ____ day of ____, ____, I served this notice by delivering a copy personally to each person to whom it is directed.

Date ____, ____

Signature/Certification

☑ PROOF OF SERVICE BY MAIL

I, Nanette Stevens, ☐ the attorney ☑ non-attorney certify that I served this notice by mailing a copy to Jaffe & Berlin, L.L.C. at 111 West Washington Street, Suite 900, Chicago IL 60602 (address on envelope) and depositing the same in the U.S. Mail at U.S. Post Office, 700 East 61st Street, Chicago, IL 60637 (place of mailing) at 4:25 p.m. on the 18th day of July, 2013, with proper postage prepaid.

Date July 17, 2013

X Nanette Stevens
Signature/Certification

☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, ____, ☐ the attorney ☐ non-attorney certify that on the ____ day of ____, ____, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐ by telefax transmission (____ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ____, at ____ a.m./p.m., from ____ (Place).

Date ____, ____

Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL - COURT FILE

**Motion - General Form** (This form replaces CCMD-39) (2/24/05) CCG N702

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

FILED-50
13 JUL 18 PM 3:04
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
CLERK
DOROTHY BROWN

City Of Chicago
**Plaintiff(s)**

**v.**

Courtyard on the Park Condominium Association
**Defendant(s)**

**No.** 12M1402170

**TO:** City of Chicago - Corporation Counsel # 91919

**MOTION BY** Venell Slaughter **FOR** Fixing Flooding to Northside of Building

As the legally installed Secretary of the Courtyard on the Park Condominium Association I am demanding that whatever flooding solution (back-flow device) that is being applied to the south side of the building, be also equally applied to the north side of the building where there has been an equal history of flooding, particularly in regards to unit 5940-1W (James Jackson). I am in possession of video, pictures and documentation that attest to this fact. Mr. Jackson as well as several other unit owners on the opposite side of the building have suffered water intrusion into their units as recent as 4/18/13 and 5/20/13. The first court date for these violations was last year on 9/24/12 and no progress has been made in respect to the flooding of these units (on BOTH sides of the building)! I am demanding an immediate acceleration of whatever process it takes to fix this persistent seven (7) year flooding issue. We demand a "camera in the pipe" on the northside of the building to check for gravity and any blockages, breakages, compatibility, etc (Mr. Jones Richmond promised this would be done). I also demand that the "pitching" at Mr. Jackson's rear door be fixed as this is believed to contribute to the water breach and subsequent water intrusions into his unit. Also, it may be possible to build a "trench" to tie Mr. Jackson's drain at his backdoor into the drain in the parking lot behind the building. In either case, I demand that these options be explored or something else be considered to stop and arrest this flooding problem.

**I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.**

**Dated:** July 17, 2013

**Attorney Certification**

**Atty. No.:** "Pro Se - 99500"
**Name:** Venell Slaughter
**Atty. for:**
**Address:** 5936 Unit 3, South King Drive
**City/State/Zip:** Chicago, IL 60637
**Telephone:** (312) 446-5875 or (773) 370-6361

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

City of Chicago

v.

Courtyard on the Park Condominium Association

No. 12M1402170

FILED-50
13 JUL 18 PM 3:05
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
CLERK
DOROTHY BROWN

## NOTICE OF MOTION

To: Corporation Counsel #91919
30 North Lasalle, Room 703
Chicago, IL 60662

On July 22nd, 2013, at 9:30 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge William G. Pileggi or any Judge sitting in that Judge's stead, in the courtroom usually occupied by him/her, located at Room 1109 Richard J. Daley Center, 50 West Washington St. Chicago, Illinois, and present

Name Venell Slaughter Atty. No. ______ *Pro Se* 99500
Address 5936 Unit 3, South King Drive Attorney for ______
City/State/Zip Chicago, IL 60637 Telephone ______

## ☐ PROOF OF SERVICE BY DELIVERY

I, ______, ☐ the attorney ☐ non-attorney certify that on the ______ day of ______, ______, I served this notice by delivering a copy personally to each person to whom it is directed.

Date ______, ______

______
Signature/Certification

## ☑ PROOF OF SERVICE BY MAIL

I, Venell Slaughter, ☐ the attorney ☑ non-attorney certify that I served this notice by mailing a copy to Kovitz, Shifrin & Nesbit at 750 Lake Cook Road, Suite 350, Buffalo Grove, IL 60089 (address on envelope) and depositing the same in the U.S. Mail at U.S. Post Office, 700 East 61st Street, Chicago, IL 60637 (place of mailing) at 4:25 a.m./p.m. on the 18th day of July, 2013, with proper postage prepaid.

Date July 17, 2013

[signature]
Signature/Certification

## ☐ PROOF OF ELECTRONIC SERVICE (WHERE PERMISSIBLE)

I, ______ ☐ the attorney ☐ non-attorney certify that on the ______ day of ______, ______, I served this notice electronically ☐ via the Clerk's Office E-filing system, or ☐ by telefax transmission (______ pages) with consent of the recipient where permissible under Ill. Sup Ct. R.11, at fax no. ______, at ______ a.m./p.m., from ______ (Place).

Date ______, ______

______
Signature/Certification

NOTE: If more than one person is served by delivery or mail, additional proof of service may be made by attaching an additional sheet to this Notice of Motion.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ORIGINAL - COURT FILE

**IN THE CIRCUIT COURT OF COOK COUNTY**
**MUNICIPAL DEPARTMENT – FIRST DISTRICT**

THE CITY OF CHICAGO, a municipal corporation,

Plaintiff,

v.

COURTYARD ON THE PARK CONDOMINIUM ASSOCIATION ,

CARLOS VILAMIL-HERRANS,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MARIBELLA MORTGAGE, LLC,

JAMES JACKSON,

MAISHA PEARSON,

HOUSEHOLD FINANCE CORPORATION III,

URBAN PARTNERSHIP BANK AS SUCCESSOR TO SHORE BANK,

KAREN LINDSEY,

JEWELLE HICKS,

FOREIT PROPERTIES LLC,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NIMINEE FOR PERL MORTGAGE,

FEDERAL HOME LOAN MORTGAGE CORPORATION,

RASHEEDA L FISHER ,

BMO HARRIS BANK NATIONAL ASSOCIATION.

WINIFRED COLLINS-LEE,

UNIVERSAL MORTGAGE CORPORATION,

A2 LOVE SUPREME TRUST, VITAL A HOUENOU, TRUSTEE UNDER A CERTAIN TRUST AGREEMENT DATED JUNE 8TH, 2009,

JP MORGAN CHASE,

DENISE HUDSON,

JOSLYN KELLER,

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FFMLT 2006-FF13,

NANETTE STEVENS,

NEW YORK COMMUNITY BANK ,

FIRST AMERICAN BANK ,

US BANK NA, AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, ASSET-BACKED CERTIFICATES, SERIES 2006-AMN1,

COLES PRICE ,

ANN CHAMPMAN,

PROSPECT MORTGAGE LLC ,

Case No.

12M1 402170

Address: 5936-48 S. DR. MARTIN LUTHER KING JR. DRIVE CHICAGO, IL 60637

Amount claimed per day: $5,000.00

Courtroom 1109

PROTIUM REO I LP ,

LCM PROPERTIES, I LLC ,

CARLI CURATOLA ,

DALLAS BELSER ,

BAC HOME LOANS SERVICING ,

LATRICE M. PHILLIPS ,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR CITIMORTGAGE INC.,

LAURA VELA ,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR CHICAGO FUNDING INC.,

LACHANDRA SIMON,

JESSICA REYNOLDS ,

MATTHEW REYNOLDS,

FIFTH THIRD MORTGAGE,

JULIO CRUZ ,

ANA GONZALES,

VENELL SLAUGHTER,

LATRESS SMITH,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS NOMINEE FOR WINTRUST MORTGAGE CORPORATION,

BRIAN MUNJODZI,

CHASTITY CRYER,

ABN AMRO MORTGAGE GROUP, INC.,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS NOMINEE FOR FIRST HORIZON HOME LOANS,

LILLIAN SERGENTON,

THE BANK OF NEW YORK TRUST CO.,

JOHN KOS,

BRENDA WALKER,

KEVIN A. JOHNSON,

JANET JOHNSON,

ANNA ABRAMOVITCH,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS NOMINEE FOR DRAPER AND KRAMER MORTGAGE CORP.,

STACIE DOUBLIM,

ARGENT MORTGAGE COMPANY LLC,

TENESHA HANDY,

ING BANK FSB,

CEDRIC ROBERTS,

RON DOWELL,

KAMILAH DOWELL,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR NFS LOANS, INC.,
CITIMORTGAGE, INC,
JAIME DAWKINS ,
REEDA HAWKINS,
NORTHERN TRUST COMPANY ,
PHOENIX BOND & INDEMNITY CO.,
UNKNOWN OWNERS and NONRECORD CLAIMANTS

Defendants.

## COMPLAINT FOR EQUITABLE AND OTHER RELIEF

Plaintiff City of Chicago ("City"), by its attorney, Stephen R. Patton, Corporation Counsel, complains of the Defendants as follows:

### GENERAL ALLEGATIONS

#### Nature of the Case

1. The City brings this action pursuant to its police power as a home rule unit under Article VII of the Illinois Constitution, which includes "the power to regulate for the protection of the public health, safety, morals and welfare." Ill. Const. art. VII, par. 6(a). As a further grant of authority, the City brings this action pursuant to the Injunctive Relief Statute for Building and Zoning Violations, 65 ILCS 5/11-13-15 (2004). Finally, the City brings this action pursuant to the Illinois Condominium Property ("Distressed Condominium") Act, 765 ILCS 605/14.5 (2009). By bringing this action, the City seeks, among other things, to abate the conditions at the property in question and to obtain equitable relief, civil penalties, attorney's fees and costs in this matter.

## THE PARTIES AND THE PROPERTY AT ISSUE

2. The City is a municipal corporation organized and existing under the laws of the State of Illinois.

3. Within the corporate limits of Chicago, there is a parcel of real estate legally described as:

a. UNDERLYING PIN: 20-15-305-014, 20-15-305-015, 20-15-305-016, 20-15-305-028

b. UNIT PIN(s): 20-15-305-035-1001, 20-15-305-035-1002, 20-15-305-035-1003, 20-15-305-035-1004, 20-15-305-035-1005, 20-15-305-035-1006, 20-15-305-035-1007, 20-15-305-035-1008, 20-15-305-035-1009, 20-15-305-035-1010, 20-15-305-035-1011, 20-15-305-035-1012, 20-15-305-035-1013, 20-15-305-035-1014, 20-15-305-035-1015, 20-15-305-035-1016, 20-15-305-035-1017, 20-15-305-035-1018, 20-15-305-035-1019, 20-15-305-035-1020, 20-15-305-035-1021, 20-15-305-035-1022, 20-15-305-035-1023, 20-15-305-035-1024, 20-15-305-035-1025, 20-15-305-035-1026, 20-15-305-035-1027, 20-15-305-035-1028, 20-15-305-035-1029, 20-15-305-035-1030, 20-15-305-035-1031, 20-15-305-035-1032, 20-15-305-035-1033, 20-15-305-035-1034, 20-15-305-035-1035, 20-15-305-035-1036, 20-15-305-035-1037, 20-15-305-035-1038

c.LEGAL DESCRIPTION:
UNITS 5938-1, 5940-1W, 5940-1E, 5936-1, 5944-1W, 5944-1E, 5946-1, 5948-1, 5942-2N, 5940-2W, 5940-2E, 5938-2, 5936-2, 5942-2S, 5944-2W, 5944-2E, 5946-2, 5948-2, 5942-3N, 5940-3W, 5940-3E, 5938-3, 5936-3, 5942-3S, 5944-3W, 5944-3E, 5946-3, 5948-3, 5942-4N, 5940-4W, 5940-4E, 5938-4, 5942-4S, 5944-4W, 5944-4E, 5946-4, 5936-4, 5948-4, P-1, P-2, P-3, P-4, P-5, P-6, P-7, P-8, P-9, P-10, P-11, P-12, P-13, P-14, P-15, P-16, P-17, P-18, P-19, P-20, P-21, P-22, P-23, P-24, P-25, P-26, P-27, P-28, P-29, P-30, P-31, P-32, P-33, P-34, P-35, P-36, P-37, P-38, P-39, P-40, P-41, P-42, P-43, P-44, P-45, AND P-46, A LIMITED COMMON ELEMENT, TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS IN COURTYARD ON THE PARK CONDOMINIUMS, AS DELINEATED AND DEFINED IN THE DECLARATION RECORDED AS DOCUMENT NUMBER 0418227015, IN THE SOUTHWEST QUARTER OF SECTION 15, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIIRD PRINCIPAL MERIDIANS, IN COOK COUNTY, ILLINOIS.

This parcel is commonly known as 5936-48 S. DR. MARTIN LUTHER KING JR. DRIVE CHICAGO, IL 60637, (the "subject property").

4. On information and belief, located on the subject property is a 4-story building, with 38 dwelling units and zero non-dwelling units.

5. At all times relevant to this Complaint, the Defendants owned, managed, controlled, collected rents from, had a legal or equitable interest in, or contributed to the ongoing violations at, the subject property. More specifically:

a. Unit 5938-1, PIN: 20-15-305-035-1001
The current owner is Carlos A Villamil-Herrans. The mortgagee is Mortgage Electronic Registration Systems as nominee for Maribella Mortgage, LLC. The last taxpayer of record is Carlos A Villamil-Herrans.

b. Unit: 5940-1W, PIN: 20-15-305-035-1002
The current owner is James Conlee Jackson. The mortgagee is Bank of New York Mellon Trust Company. The last taxpayer of record is JAMES CONLEE JACKSON

c. UNIT: 5940-1E, PIN: 20-15-305-035-1003
The current owner is Maisha Pearson. The mortgagee is Household Finance Corporations III and Shorebank. The last taxpayer of record is Foreit Properties, LLC.

d. UNIT: 5936-1, PIN: 20-15-305-035-1004
The current owner is Karen Lindsey. The last taxpayer of record is Foreit Properties, LLC.

e. UNIT: 5944-1W, PIN: 20-15-305-035-1005
The current owner and last taxpayer of record is Jewelle Hicks. The mortgagee is Mortgage Electronic Registration Systems as nominee for Perl Mortgage Inc.

f. UNIT: 5944-1E, PIN: 20-15-305-035-1006
The current owner is Federal Home Loan Mortgage Corporation. The last taxpayer of record is Rasheeda Fisher.

g. UNIT: 5946-1, PIN: 20-15-305-035-1007
The current owner and last taxpayer of record is Forfeit Properties LLC. The mortgagee is Harris, NA.

h. UNIT: 5948-1, PIN: 20-15-305-035-1008
The current owner and last taxpayer of record is Winifred Collins Lee. The mortgagee is Universal Mortgage Corporation.

i. UNIT: 5942-2N, PIN: 20-15-305-035-1009
The current owner is A2 Love Supreme Trust, Vital A Houenou as trustee. The mortgagee is JP Morgan Chase. The last taxpayer of record is Vital A Houenou.

j. UNIT: 5940-2W, PIN: 20-15-305-035-1010
The current owner and last taxpayer of record is Denise Hudson. The mortgagee is Harris Trust and Savings Bank.

k. UNIT: 5940-2E, PIN: 20-15-305-035-1011
The current owner and last taxpayer of record is Joslyn Keller. The mortgagee is Deutsche Bank National Trust Co.

l. UNIT: 5938-2, PIN: 20-15-305-035-1012
The current owner and last taxpayer of record is Nanette Stevens. The mortgagee is First American Bank and New York Community Bank.

m. UNIT: 5936-2, PIN: 20-15-305-035-1013
The current owner and last taxpayer of record is US BK.

n. UNIT: 5942-2S, PIN: 20-15-305-035-1014
The current owners are Colles Price and Ann Champman. The mortgagee is Prospect Mortgage LLC. The last taxpayer of record is Protium REO I LP.

o. UNIT: 5944-2W, PIN: 20-15-305-035-1015
The current owner is LCM Properties I LLC. The last taxpayer of record is Carli Curatola.

p. UNIT: 5944-2E, PIN: 20-15-305-035-1016
The current owner and last taxpayer of record is Dallas Belser. The mortgagee is BAC Home Loans.

q. UNIT: 5946-2, PIN: 20-15-305-035-1017
The current owner and last taxpayer of record is Latrice M. Phillips. The mortgagee is Mortgage Electronic Registration Systems a nominee for CitiMortgae.

r. UNIT: 5948-2, PIN: 20-15-305-035-1018
The current owner is Laura Vela. The mortgagee is Mortgage Electronic Registration Systems as nominee for Chicago Funding Inc. The last taxpayer of record is Foreit Properties, LLC.

s. UNIT: 5942-3N, PIN: 20-15-305-035-1019
The current owner is A2 Love Supreme Trust, Vital A Houenou as trustee. The mortgagee is JP Morgan Chase. The last taxpayer of record is Vital A Houenou.

t. UNIT: 5940-3W, PIN: 20-15-305-035-1020
The current owner is Lachandra Simon. The mortgagee is JP Morgan Chase. The last taxpayer of record is Foreit Properties, LLC.

u. UNIT: 5940-3E, PIN: 20-15-305-035-1021
The current owners and last taxpayer of record is Jessica Reynold and Matthew Reynolds. The mortgagee is Fifth Third Mortgage.

v. UNIT: 5938-3, PIN: 20-15-305-035-1022
The current owners and last taxpayers of record are Julio Cruz and Ana Gonzales.

w. UNIT: 5936-3, PIN: 20-15-305-035-1023
The current owners and last taxpayers of record are Venell Slaughter and Latress Smith. The mortgagee is Mortgage Electronic Registration Systems as nominee for Wintrust Mortgage Corp.

x. UNIT: 5942-3S, PIN: 20-15-305-035-1024
The current owner and last taxpayer of record is Brian Munjodzi. The mortgagee is BAC Home Loans.

y. UNIT: 5944-3W, PIN: 20-15-305-035-1025
The current owner and last taxpayer of record is Foreit Properties LLC. Phoenix Bond & Indemnity Co. is the tax purchaser.

z. UNIT: 5944-3E, PIN: 20-15-305-035-1026
The current owner is Federal Home Loan Mortgage Corporation.

aa. UNIT: 5946-3, PIN: 20-15-305-035-1027
The current owner and last taxpayer of record is Chastity Cryer. The mortgages are ABN AMRO Mortgage Group and Mortgage Electronic Registration Systems as nominee for First Horizon Home Loans.

bb. UNIT: 5948-3, PIN: 20-15-305-035-1028
The current owner and last taxpayer of record is Lillian Sergenton. The mortgagee is Bank NY Trust Co.

cc. UNIT: 5942-4N, PIN: 20-15-305-035-1029
The current owners are John C Kos and Brenda Kos. The mortgagee is Fifth Third Mortgage Co. The last taxpayer of record is Foreit Properties, LLC.

dd. UNIT: 5940-4W, PIN: 20-15-305-035-1030
The current owners are John C Kos and Brenda Kos. The last taxpayer of record is Kevin & Janet Johnson.

ee. UNIT: 5940-4E, PIN: 20-15-305-035-1031
The current owner and last taxpayer of record is Anna Abramovitch. The mortgagee is Mortgage Electronic Registration Systems as nominee for Draper and Kramer Mortgage Corp.

ff. UNIT: 5938-4, PIN: 20-15-305-035-1032
The current owner and last taxpayer of record is Stacie Doublin. The mortgagee is Argent Mortgage Company LLC.

gg. UNIT: 5942-4S, PIN: 20-15-305-035-1033
The current owner and last taxpayer of record is Tanesha Handy. The mortgagees are ING Bank, FSB and First American Bank.

hh. UNIT: 5944-4W, PIN: 20-15-305-035-1034
The current owners and last taxpayers of record are Rom Dowell and Kamilah Dowell. The mortgagee is Mortgage Electronic Registration Systems as nominee for NFS Loans Inc.

ii. UNIT: 5944-4E, PIN: 20-15-305-035-1035
The current owner is CitiMortgae Inc. The last taxpayer of record is Jamie Dawkins.

jj. UNIT: 5946-4, PIN: 20-15-305-035-1036
The current owner and last taxpayer of record is Reeda Hawkins. The mortgagee is Northern Trust Co.

kk. UNIT: 5936-4, PIN: 20-15-305-035-1037
The current owner and last taxpayer of record is Cedric Roberts. The mortgagee is Deutsche Bank National Trust Co.

ll. UNIT: 5948-4, PIN: 20-15-305-035-1038
The current owners and last taxpayers of record are Julio Cruz and Ana Gonzales.

mm. The developer of the property was Foreit Properties LLC.

nn. COURTYARD ON THE PARK CONDOMINIUM ASSOCIATION is the registered corporate not-for-profit condominium association.

oo. Defendants also include all unknown owners and non-record claimants.

**Violations of the Chicago Municipal Code**

7. On MARCH 22, 2012, and on each succeeding day, and on numerous other occasions, Defendants have failed to comply with the Municipal Code of Chicago as follows:

1) NC2111
Failed to obtain certificate of occupancy before occupying space for multiple dwelling buildings of four units or more. (13-36-010, 13-36-040, 13-36-050)
FAILURE TO OBTAIN CERTIFICATE OF OCCUPANY AS REQUIRED UNDER PERMIT #10035968.

2) NC2011
Performed or allowed work to be performed without submitting plans prepared, signed and sealed by a licensed architect or registered structural engineer for approval and without obtaining a permit to perform the work. (13-32-010, 13-32-040, 13-40-020, 13-12-050)
SUBMIT THE PLANS AND PERMITS UTILIZED TO RENVOATE ENTIRE BUILDING UNDER PERMIT #100035968.

3) CN 070024
Failed to repair or replace defective or missing members of porch systems. (13-196-570, 13-196-641)
ALL SYSTEMS WITH THE FOLLOWING, BUT NOT LIMITED TO, DEFECTS/DEFICIENT CONDITIONS. 1. UNKNOWN FOOTING AND PEDESTAL UNDER COLUMNS, SEE SURFACE POURED CONCRETE BLOCKS. 2 COLUMNS WITH IMPROPER LAP JOINT AND LOCATIONS, TOO CLOSE TO BEAMS AND INSUFFICIENT BOLTS AND SIZE. 3 RIM JOISTS ACTING AS BEAMS UNDER SIZED AND NOT ANCHORED TO BRICK WALL, MISSING METAL ANCHOR BRACKETS AND ONLY TOE NAILED AT COLUMNS. 6X6 BEAMS WITHOUT PROPER WALL

AND COLUMN METAL BRACKETS. 4. DECK JOIST OVER SPANNED, VISIBILE SAG AT FRONT JOISTS. UNDER SIZED HANGERS ANCHORED WITH MPROPER FASTENERS. 5. STRINGERS TOE NAILED AT ANCHOR AREAS. 6. GUARD RAILS ANCHORED TO WALL WITH CUT NAILS OR TAP-CON SCREWS, PICKETS ANCHORED OUTSIDE OF RAILING. 7. SUBMIT PLANS TO UPGRADE EXTERIOR STAIR SYSTEMS.

4) CN 074024
Failed to provide porch which is more than two risers high with rails not less than three and one-half feet above the floor of the porch. (13-196-570(b), 13-196-641)
MISSING GUARD RAILING AND HAND RAILS.

5) CN 1194029
Provide
AS PER 18-27-230.70(a) A TWO HOUR FIRE RATED REQUIREMENT AT THE WALL AND CEILING IS REQUIRED, SEE EXPOSED CEILING JOISTS AND UNDER RATED AND UNFINISHED WALL SECTIONS, OPEN PIPE PENETRATIONS. ELECTRICAL ROOM.

6) CN 012022
Failed to construct floor over basement with materials of at least one hour fire resistance other than in single family and two family dwellings. (13-60-200)
EXPOSED CEILING JOISTS AT STORAGE LCOKER AREAS AND AN UNRATED ACOUSTICAL PANEL CEILING AT THE HALL COVERING EXPOSED JOISTS.

7) CN 105025
Repair or replace door frame. (13-196-550)
BROKEN DOOR FRAME AT LOCK STRICKE PLATE AREA.

8) PL 168014
Repair or replace house drain to receive and convey discharges from plumbing fixtures to sewer. (18-29-102.3)
ALL BASEMENT UNITS.

9) PL 232050
Remove roughed in water supply, soil, waste, and vent piping installed without permit. (13-12-050, 13-32-010)
ALL UNDER GROUND OF ALL BASEMENT UNITS.

10) PL 233020
Remove water pressure ejector or siphon. (18-29-608.17.12) — Noticed on 8/23/12 that this was done.
ALL BASEMENT UNITS.

****End of Violations****

**Count I - Civil Penalties Against the Owners**

8. The City realleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 8 of Count I.

9. Section 13-12-020 of the Municipal Code of Chicago provides that: "the owner, his agent for the purpose of managing, controlling or collecting rents and any other person managing or controlling a building or premises in any part of which there is a violation of the provisions of this Code … shall be liable for any violation therein, existing or occurring, or which may have existed or occurred, at or during any time when such person is or was the person owning or managing, controlling, or acting as agent in regard to said buildings or premises and is subject to injunctions, abatement orders or other remedial orders." Municipal Code of Chicago, Ill. ("MCC") § 13-12-020.

10. Section 13-12-040 further states: "Any violation of . . . any of the provisions of this code . . . shall be punishable by a fine of not less than $200.00 and not more than $500.00, and each day such violation shall continue shall constitute a separate and distinct offense for which a fine herein provided shall be imposed." MCC § 13-12-040.

11. The City seeks the maximum fine for each day against

CARLOS VILAMIL-HERRANS, owner of 5938-1
JAMES JACKSON, owner of 5940-1W
MAISHA PEARSON, owner of 5940-1E
KAREN LINDSEY, Owner of 5936-1
JEWELLE HICKS, owner of 5944-1W
FEDERAL HOME LOAN MORTGAGE CORPROATION, owner of 5944-1E and 5944-3E
WINIFRED COLLINS-LEE, owner of 5948-1
A2 LOVE SUPREME TRUST, VITAL A HOUENOU, TRUSTEE UNDER A CERTAIN TRUST AGREEMENT DATED JUNE 8TH, 2009, owner of 5942-2N and 5942-3N
DENISE HUDSON, owner of 5940-2W
JOSLYN KELLER, owner of 5940-2E
NANETTE STEVENS, owner of 5938-2
US BANK NA, AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, ASSET-BACKED CERTIFICATES, SERIES 2006-AMN1, owner of 5936-2
COLES PRICE , owner of 5942-2S
ANN CHAMPMAN, owner of 5942-2S
LCM PROPERTIES, I LLC , owner of 5944-2W
CARLI CURATOLA , last taxpayer of record of 5944-2W
DALLAS BELSER , owner of 5944-2E
LATRICE M. PHILLIPS , owner of 5946-2
LAURA VELA , owner of 5948-2
LACHANDRA SIMON, owner of 5940-3W
JESSICA REYNOLDS , owner of 5940-3E
MATTHEW REYNOLDS, owner of 5940-3E
JULIO CRUZ , owner of 5938-3 and 5948-4
ANA GONZALES, owner of 5938-3 and 5948-4
VENELL SLAUGHTER, owner of 5936-3
LATRESS SMITH, owner of 5936-3
BRIAN MUNJODZI, owner of 5942-3S
CHASTITY CRYER, owner of 5946-3
LILLIAN SERGENTON, owner of 5948-3
JOHN KOS, owner of 5942-4N and 5940-4W
BRENDA WALKER, owner of 5942-4N and 5940-4W
ANNA ABRAMOVITCH, owner of 5940-4E
STACIE DOUBLIM, owner of 5938-4

TENESHA HANDY, owner of 5942-4S
RON DOWELL, owner of 5944-4W
KAMILAH DOWELL, owner of 5944-4W
CITIMORTGAGE, INC, owner of 5944-4E
REEDA HAWKINS, owner of 5946-4

("Owners"), have maintained the building on the subject property, or allowed the building on the subject property to remain, in violation of the Chicago Municipal Code.

WHEREFORE, the City prays for a fine against the defendant Owners, as provided under 13-12-020, for each day said violations have existed and/or exist, said fine computed in accordance with Section 13-12-040 of the Municipal Code of Chicago.

**Count II- Injunctive Relief**

12. The City realleges and incorporates paragraphs 1 through 7 of the General Allegations as paragraph 12 of Count II.

13. All buildings in the City of Chicago must meet the minimum requirements for electrical, plumbing, heating and ventilation and general building requirements. Municipal Code of Chicago § 13-196-010 (2000) ("Every existing building shall comply with the code requirements in force and applicable to such building. . . .").

14. The subject property fails to meet the minimum requirements of the Code as described in the preceding paragraphs.

15. Municipal Code of Chicago Chapter 18-27 sets forth the electrical requirements for buildings in Chicago. The defendants who own, control or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide legally installed, operable electricity on the subject property.

16. Municipal Code of Chicago Chapter 18-29 sets forth the plumbing requirements for buildings in Chicago. The defendants who own, control or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide legally installed, operable plumbing with hot and cold water on the subject property.

17. Municipal Code of Chicago Chapter 18-28 sets forth the heating requirements for buildings in Chicago. The defendants who own, control or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide legally installed, operable heating on the subject property.

18. Municipal Code of Chicago Chapter 18-28 sets forth the ventilation requirements for buildings in Chicago. The defendants who own, control, or otherwise manage the subject property have violated, and continue to violate, this provision by failing to provide legally installed adequate ventilation on the subject property.

19. The Injunction Statute for Building and Zoning Violations provides, in pertinent part, that:

> In case any building or structure, including fixtures, is constructed . . . or maintained, or any building or structure, including fixtures, or land, is used in violation of an ordinance or ordinances . . . the proper local authorities of the municipality . . . in addition to other remedies, may institute any appropriate action or proceeding . . . (4) to restrain, correct or abate the violation.

See 65 ILCS 5/11-31-2(a) (2004); see also Municipal Code of Chicago § 13-12-070 (2000) (City may obtain an injunction requiring compliance with the provisions of the Building Code.).

20. The Illinois Municipal Code provides, in pertinent part, that:

> If the appropriate official of any municipality determines, upon due investigation, that any building or structure therein fails to conform to the minimum standards of health and safety as set forth in the applicable ordinances of such municipality, and the owner or owners of such building or structure fails, after due notice, to cause such property so to conform, the municipality may make application to the circuit court for an injunction requiring compliance with such ordinances or for such other order as the court may deem necessary or appropriate to secure such compliance.

See 65 ILCS 5/11-31-2 (2004)

21. Preliminary and permanent injunctive relief is necessary to end the conduct of those defendants who own, control or otherwise manage the subject property in violation of the requirements of the Municipal Code of Chicago.

22. Moreover, the failure of the defendants who own, control or otherwise manage the subject property to maintain the subject property according to the minimum requirements of the Municipal Code of Chicago constitutes an ongoing injury to the public health, safety and welfare, for which there is no adequate remedy at law. See Municipal Code of Chicago §13-12-010 (2000) ("In interpreting and applying said provisions of this code, such provisions shall in every instance be held to be the minimum requirements adopted for the protection and promotion of the public health, safety and welfare."). The prosecution and fining alone of these defendants will not promptly abate the nuisance.

23. Where a statute or ordinance authorizes injunctive relief, a municipality need only show that the statute or ordinance was violated to obtain injunctive relief. See Allied Waste Trans., 334 Ill. App. 3d at 228-29; Krisjon, 246 Ill. App. 3d at 959; Piotrowski, 215 Ill. App. 3d at 834-35.

WHEREFORE, the City prays:

A. For a temporary and permanent injunction requiring the defendant owners to correct the violations alleged in the complaint and to restrain future violations permanently, pursuant to 65 ILCS 5/11-31-1 (a), 5/11-31-2 and 5/11-13-15.

B. For the appointment of receiver, if necessary, to correct the conditions alleged in the First Amended Complaint with the full powers of receivership including the right to issue and sell receivers certificates in accordance with Section 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended.

C. For an order authorizing the City to demolish, repair, enclose or clean up said premises, if necessary, and a judgment against the defendant unit owners and a lien on the subject property for these costs in accordance with Section 5/11-31-1 (a) of Chapter 65 of the Illinois Compiled Statutes, as amended.

D. If appropriate and under proper petition, for an order declaring the property abandoned under Section 5/11-31-1 (d) of Chapter 65 of the Illinois Compiled Statutes, as amended, and for an order granting City of Chicago a judicial deed to the property if declared abandoned.

E. If a statutory lien is obtained in this proceeding under Section 5/11-31-1 or 5/11-31-2 of Chapter 65 of the Illinois Compiled Statutes, as amended, for an order permitting foreclosure of said lien in this proceeding.

F. For reasonable attorney fees and litigation and court costs.

G. For such other and further relief as may be necessary in the premises and which the court shall deem necessary.

Respectfully submitted,

Stephen R. Patton
Corporation Counsel

By:________________________
Greg Janes
Assistant Corporation Counsel

Attorney for Plaintiff
30 N. LaSalle, #700
Chicago, IL 60602
(312) 742-0336
Atty No. 90909

**VERIFICATION BY CERTIFICATION**

Pursuant to Section 5/1-109 of the Code of Civil Procedure, the undersigned certifies that he/she is an assistant corporation counsel for the City of Chicago and that he/she is the duly authorized agent of the Plaintiff for the purpose of making this certification, and that the statements set forth in this Petition are true and correct, except as to matters therein stated to be on information and belief and as to such matters he certifies as aforesaid that he/she believes the same to be true.

________________________
Greg Janes
Assistant Corporation Counsel