UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>Claim No: 1946 |

### RESPONSE TO OBJECTION OF PROPOSED CLAIMS DISALLOWED AND EXPUNGED

COMES now the Claimant, William Oden and states:

1. The description for the basis of the amount of the claim is as follows: The amount paid to GMAC Mortgage, LLC trebled as "actual damages" and the last appraisal value of the property as "general" or "punitive" damages. The total amount paid to GMAC Mortgage, LLC between the dates of April 2009 and July 2010 equals $12,771.75. I have tripled these damages per NCGS § 75-1.1: Unfair & Deceptive Trade Practices Act for an amount of $38,315.25. The latest appraisal amount for the home was $100,600 as of February 8th, 2011. This is the main adjustment in the damages total since when first calculated I did not have the correct appraisal value. The total damages calculation comes to $138,915.25.

2. This claim has been brought against GMAC Mortgage, LLC for their previous and continued attempts at wrongful foreclosure of my property located at 7924 Briardale Dr. Charlotte NC, 28212. In 2010 my family suffered an income reduction due to a job loss and I attempted to receive a loan modification from GMAC Mortgage, LLC in order to not fall behind on payments. A modification was attempted on two separate occasions, the first on my own in 2010 and the second with the assistance the Charlotte Mecklenburg Housing Partnership, a local foreclosure

1

RECEIVED
OCT 22 2013
U.S. BANKRUPTCY COURT, SDNY

prevention agency in 2011. The modification was denied both times and in addition GMAC increased the mortgage payment by nearly $100 per month due to an error they made in escrow calculation.

3. Pursuant to Bankruptcy Rule 3001(f) "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). See also In re Fleming, Case No. 08-30200-KRH, 2008 Bankr. LEXIS 4021, at *1 (Bankr. E.D. Va. Oct. 15, 2008); In re Wilkinson, 175 B.R. 627, 628 (Bankr. E.D. Va. 1994); In re Tidewater Memorial Hosp., Inc., 106 B.R. 885, 888-89 (Bankr. E.D. Va. 1989). Parties objecting to filed proofs of claim must produce evidence of probative value in order to overcome the initial presumption that proofs of claim filed in accordance with Bankruptcy Rule 3001 are prima facie valid. See In re Fleming, 2008 Bankr. LEXIS 4021, at "1; C-4 Media Cable S., L.P. v. Reds T.K & Cable, Inc. (In re C-4 Media Cable S., L.P.), 150 B.R. 374, 377 (Bankr. E.D. Va. 1992). Filing an objection alone, absent probative evidence attacking the validity of the claim, is insufficient to overcome the initial presumption. In re Fleming, 2008 Bankr. LEXIS 4021, at *1; In re Lanza, 51 B.R. 125, 127 (Bankr. D.N.J. 1985); In re Hughes, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004). As such, when objections are merely formal objections without evidence, courts can summarily overrule such objections. See In re Garner, 246 B.R. 617, 623 (9th Cir. B.A.P. 2000)

4. 11 U.S.C. § 502(b)(1)-(9). Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies. None of the exceptions apply in this case.

5. The Debtor's subsidiary, GMAC Mortgage, LLC attempted to defraud the North Carolina General Court of Justice by pursuing an unlawful foreclosure using false and or forged documents, willfully inflicting malicious injury upon myself and my family. The evidence of this action was provided with the previously sent updated proof of claim.

6. The Debtors statement of "Liability Not Reflected in Debtor's Books and Records" is a further attempt to defraud this Bankruptcy Court and yet another homeowner. It is not reasonable or legal that GMAC Mortgage, LLC would be able to attempt to foreclose on a property for which they now claim to have no record of.

7. This claim is the only effort that can be made to acquire relief from the malicious and willful injury caused to creditor by the fraudulent, unlawful, and deceptive practices of the Debtor due to their Bankruptcy filing.

8. The Objection fails because the Debtors have not provided any probative evidence to rebut the presumption of prima facie validity.

9. Accordingly, the Debtors unsupported request to disallow this Creditor's Claim No. 1946 is insufficient to rebut such Claim and should be denied.

10. Creditor's Claim should remain as a valid general unsecured claim in the amount of $138,915.25

**WHEREFORE**, the Creditor respectfully requests that this Honorable Court enter an Order (i) denying the Debtor's Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) as it relates to William Oden; (ii) allowing Creditor's Claim No. 1946 in the amount of $138,915.25; and, (iii) granting such further and other relief as this Court deems just and proper.

Dated: October 18, 2013                                                                                   William Oden

By: _____, agent

William Oden, *Sui Juris*

All Rights Reserved, Without Prejudice

William Oden
7924 Briardale Dr.
Charlotte NC 28212
Tele: 980-202-1705

## CERTIFICATION OF SERVICE OF THE RESPONSE TO OBJECTION OF PROPOSED CLAIMS DISALLOWED AND EXPUNGED TO REQUIRED ADDITIONAL PARTIES

I hereby certify that:

1. A true copy of the 3-page Response was served upon the following parties via U.S. Mail on October 19, 2013:

2. The Honorable Martin Glenn, One Bowling Green, New York, NY 10004, Courtroom 501 by Certified Mail No. 7013 0600 0000 5220 8932.

3. Councel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104, Attn Gary S. Lee, Esq ., Norman S. Rosenbaum, Esq., and Jordan A. Wishnew, Esq., by Certified Mail No. 7013 0600 0000 5220 8949.

4. The "Committee". Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036, Attn: Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq. by Certified Mail No. 7013 0600 0000 5220 8956.

5. The Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Tracy Hope Davis, Esq., Linda A. Riffkin, Esq., and Brian S. Masumoto, Esq. by Certified Mail No. 7013 0600 0000 5220 9526.

6. Special Counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753, Attn: Ronald J. Friedman, Esq. by Certified Mail No. 7013 0600 0000 5220 9533.

Dated: 10/18/2013                BY: _____, agent
                                 William Oden, *Sui Juris*
                                 All Rights Reserved, Without Prejudice