MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x

In re:                                    :    Chapter 11
                                          :
Residential Capital, LLC, <u>et al.</u>,         :    Case No. 12-12020 (MG)
                                          :
                        Debtors.          :    Jointly Administered
                                          :

----------------------------------------------------------- x

**DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 107(b) AND
BANKRUPTCY RULE 9018, TO FILE UNDER SEAL REDACTED PORTIONS OF
(I) THE MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION
105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT
BETWEEN DEBTOR GMAC MORTGAGE, LLC AND GVC MORTGAGE, INC.,
<u>AND (II) THE SETTLEMENT AGREEMENT</u>**

Residential Capital, LLC, and its affiliated Debtors in the above captioned case

(the "<u>Debtors</u>"), submit this motion (the "<u>Motion</u>") pursuant to section 107(b) of Title 11 of the

United States Code, 11 U.S.C. §§ 101, et seq. ("<u>Bankruptcy Code</u>") and Rule 9018 of the Federal

Rules of Bankruptcy Procedure ("<u>Bankruptcy Rules</u>") for leave to file under seal, pending further

order of this Court, redacted portions of (i) the *Debtors' Motion For An Order Pursuant To*

*Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement*

*Between Debtor GMAC Mortgage, LLC and GVC Mortgage, Inc.* (the "<u>9019 Motion</u>"),[1] and

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the 9019 Motion.

(ii) the Settlement Agreement (defined below).  In support of this Motion, the Debtors rely upon

and incorporate by reference the Declaration of Charles Laubach (the "Laubach Decl."), attached

hereto as **Exhibit 2**.  In further support of the Motion, the Debtors, by and through their

undersigned counsel, respectfully represent as follows:

## PRELIMINARY STATEMENT

1.    By this Motion, the Debtors seek authority to keep confidential key

economic terms of a Settlement Agreement with GVC pursuant to Bankruptcy Code section

107(b) and Bankruptcy Rule 9018.  Because those provisions represent an exception to the

general presumption of public access in bankruptcy proceedings, such relief may be granted on

under "compelling or extraordinary circumstances." *Video Software Dealers Ass'n v. Orion*

*Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (citing *City of*

*Hartford v. Chase*, 942 F.2d 130, 135-36 (2d Cir. 1991)).  Further, where such relief is

warranted, redacting the document to remove only confidential information—rather than

wholesale sealing of documents containing some confidential information—is the preferred form

of protection. *See, e.g., In re Borders Grp., Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011).

2.    The Settlement Agreement at issue resolves Repurchase Demands asserted

by GMACM against GVC.  Those types of demands are frequently asserted and settled in the

ordinary course in the correspondent lending industry.  Such settlements are more akin to

commercial negotiations than settlements of publicly filed civil suits, and are typically kept

strictly confidential.  The disclosure of the repurchase recovery rates set forth in the Settlement

Agreement could be detrimental to the Debtors' efforts to liquidate similar claims against other

counterparties for the benefit of their estates and, ultimately their creditors.  GVC's future ability

to negotiate repurchase terms in the ordinary course of their business could also be hampered if

ny-1097933

the economic terms of the Settlement Agreement were made publically available.  The Debtors

submit that the economic terms of the Settlement Agreement constitute confidential commercial

information entitled to protection under Bankruptcy Code section 107(b) and Bankruptcy Rule

9018.

        3.      Additionally, the Debtors have narrowly tailored the requested relief to

comply with the Court's prior guidance regarding sealing motions by seeking to file only

partially redacted copies of the 9019 Motion and Settlement Agreement, and by providing for

full disclosure of the redacted terms to interested third parties to the extent such parties enter into

confidentiality agreements.  Accordingly, the relief requested herein is both necessary and

appropriate in scope, and should be granted.

## JURISDICTION

        4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The basis for the relief sought herein is section

107 of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

**A.    The Chapter 11 Cases**

        5.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors

are managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  No trustee has been appointed in these chapter 11 cases.

ny-1097933

6.       On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors ("Creditors' Committee").

7.       On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697]. On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

8.       On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809].

**B.      The 9019 Motion**

9.       Contemporaneous with the filing of the Motion, the Debtors are filing the 9019 Motion requesting that the Court approve the settlement agreement (the "Settlement Agreement"), dated May 14, 2013, entered into by and between GMAC Mortgage, LLC ("GMACM") and GVC Mortgage, Inc. ("GVC" and together with GMACM, the "Parties"). The Settlement Agreement seeks to settle and release certain repurchase demands relating to Repurchase Obligations made by GMACM arising under a Correspondent Agreement for Purchase and Sale of Residential Mortgage Loans, dated April 3, 2006, by and among the Parties and Ally Bank.

4

**RELIEF REQUESTED**

10.    The Debtors request entry of an order substantially in the form attached

hereto as Exhibit 1, pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule

9018: (i) granting leave to file partially redacted copies of (a) the 9019 Motion, and (b) the

Settlement Agreement (collectively, the "Sealed Documents");[2] (ii) ordering that unredacted

copies of the Sealed Documents be made available only to (a) the Court, (b) counsel to the

Creditors' Committee, (c) the United States Trustee, and (d) other parties in interest that enter

into confidentiality agreements reasonably acceptable to the Parties; and (iii) ordering that parties

receiving the Sealed Documents shall treat them as confidential and not available for public

dissemination so long as the Sealed Documents, or any portions thereof, remain under seal by

Order of this Court.

**BASIS FOR RELIEF REQUESTED**

11.    Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's

inherent equitable powers and authorizes it to "issue any order, process, or judgment that is

necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

12.    In addition, Bankruptcy Code section 107(b) authorizes courts to issue

orders that will protect entities from the potential harm that may result from the disclosure of

certain commercially sensitive or confidential information:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or
> > confidential research, development, or commercial
> > information . . . .

11 U.S.C. § 107(b).

---

[2]    Unredacted copies of the Sealed Documents identifying the portions of which the Debtors are seeking to keep
sealed are being provided to the Court for *in camera* review.

ny-1097933

13.     Bankruptcy Rule 9018 further defines the procedures by which a party

may move for relief under Bankruptcy Code section 107(b):

> On motion or its own initiative, with or without notice, the court
> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.  The purpose of Bankruptcy Rule 9018 "is to protect business entities

from disclosure of information that could reasonably be expected to cause the entity commercial

injury."  *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

14.     Based upon these provisions, bankruptcy courts restrict access to filed

documents where parties demonstrate good cause.  *See, e.g.*, *In re Global Crossing Ltd.*, 295

B.R. at 725; *In re Epic Assocs. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985).  The moving party

bears the burden of showing that the information is confidential.  *See, e.g., In re Food Mgmt

Grp.*, 359 B.R. at 561.  Whether a document falls within the scope of section 107(b) is ultimately

a decision for the Bankruptcy Court.  *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y.

1996).  Once the Bankruptcy Court determines that a party-in-interest is seeking protection of

information that falls within one of the categories enumerated in section 107(b) of the

Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no

discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re

Orion Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's

order to seal licensing agreement because release of any information pertaining to agreement's

overall structure or terms and conditions would adversely affect movant's ability to negotiate

favorable promotional agreements).

15.     As set forth below, the Debtors believe that cause exists to file under seal

partially redacted copies of the 9019 Motion and Settlement Agreement because such documents

6

ny-1097933

contain commercially sensitive information, the disclosure of which would be potentially

harmful to the Parties.

16.    Within the correspondent lending industry, repurchase demands between

counterparties to mortgage loan purchase agreements are frequently asserted and settled in the

ordinary course.  Laubach Decl. ¶ 4.  Thus, such settlements are more akin to commercial

negotiations than settlements of publicly filed civil suits, and are typically kept strictly

confidential.  *Id*.

17.    The disclosure of the relevant terms of the Settlement Agreement could be

detrimental to the Debtors' efforts to liquidate similar claims against other counterparties for the

benefit of their estates and, ultimately their creditors.  Laubach Decl. ¶ 5.  Specifically,

disclosure of the economic terms of the Settlement could cause commercial injury to GVC, and

could make other counterparties against whom the Debtors have asserted repurchase demands

unwilling to enter into settlement discussions.  *Id.*

18.    GVC is engaged, among other things, in the business of originating,

processing, underwriting, closing and selling residential mortgage loans.  Laubach Decl. ¶ 6.  In

the ordinary course of that business, GVC regularly negotiates settlement of repurchase demands

with counterparties similar to the ones that are proposed to be settled pursuant to the Settlement

Agreement.  *Id.*  The terms of such settlements are typically kept confidential under provisions

similar to the confidentiality provision contained in the Settlement Agreement.  *Id.*  Disclosure of

the terms of the Settlement Agreement with the Debtors could jeopardize GVC's ability to

competitively negotiate repurchase terms with other counterparties in the future.  *Id.*

19.    Public disclosure of the terms of the Settlement Agreement could also

jeopardize the willingness of other counterparties to enter into similar settlements with the

ny-1097933

Debtors going forward.  Laubach Decl. ¶ 7.  Because settlement is likely to be the most efficient

and effective mechanism for liquidating many of the Debtors' other outstanding repurchase

demands, the inhibition of those settlement discussions could have a significant negative impact

on the Debtors' ability to liquidate those claims, which would, in turn, damage the Debtors'

ability to maximize the value of the estates to the detriment of the Debtors' creditors.  *Id.*

20.    The Debtors believe that the unredacted portions of the 9019 Motion,

accompanying declaration, and Settlement Agreement will provide interested parties with

adequate information regarding the subject of and basis for the Settlement Agreement.  The

claims being settled under the Settlement Agreement are highly technical in nature, and full

disclosure of the exact economic terms is likely to be informative only to competitors of GVC

and parties against whom the Debtors are currently asserting similar repurchase demands.

Further, prior to filing the 9019 Motion, the Debtors reviewed the Settlement Agreement with the

advisors to the Creditors' Committee.  In light of this representation of creditor interests by

sophisticated advisors, the Debtors submit that the need for full public disclosure is substantially

reduced.  Nonetheless, to the extent parties in interest would like to review the redacted

information (excluding parties the Debtors or GVC have reason to believe are seeking access in

order to obtain an unfair commercial advantage), the Debtors propose to grant them access

subject to their entering into a confidentiality agreement reasonably acceptable to the Debtors

and GVC.

21.    The commercial concerns set forth above constitute good cause to file

portions of the 9019 Motion and the Settlement Agreement with the Bankruptcy Court under

seal, and the Debtors respectfully request leave to do so.

ny-1097933

## NOTICE

22.    The Debtors have provided notice of this Motion in accordance with the

Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

23.    No previous Motion for the relief sought herein has been made to this or

any other Court.

WHEREFORE, the Debtors request that this Court enter an order, a form of which is

attached hereto as Exhibit 1, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy

Rule 9018, granting the relief requested herein, and for such other and further relief as may be

just and proper.


Dated:    October 24, 2013
          New York, New York

                              MORRISON & FOERSTER LLP

                              By: /s/ Norman S. Rosenbaum
                              Gary S. Lee
                              Norman S. Rosenbaum
                              Erica J. Richards
                              MORRISON & FOERSTER LLP
                              1290 Avenue of the Americas
                              New York, New York 10104
                              Telephone:  (212) 468-8000
                              Facsimile:  (212) 468-7900

                              *Counsel to the Debtors and*
                              *Debtors in Possession*

ny-1097933