## Exhibit 2

## Laubach Declaration

ny-1095691

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF CHARLES LAUBACH, DIRECTOR OF CLAIMS MANAGEMENT AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 107(b) AND BANKRUPTCY RULE 9018, TO FILE UNDER SEAL REDACTED PORTIONS OF (I) THE MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND GVC MORTGAGE, INC., AND (II) THE SETTLEMENT AGREEMENT**

I, Charles Laubach, declare as follows:

A.   **Background and Qualifications**

1.   I serve as Director of Claims Management at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap from February 2000 to March 2004, and from August 2008 to the present. From March 2004 to August 2008, I was employed by a mortgage company not affiliated with ResCap. I have held my current position

ny-1113170

since August 2011. In my current role as Director of Claims Management at ResCap, I am responsible for, among other things, efforts to secure repurchase recoveries from the Debtors' correspondents. I have twenty-five years' experience working at several different companies on loan level reviews of various types, including reviews of underwriting, funding, originating, and post-funding repurchases. Prior to joining the ResCap companies, I was employed at GE Mortgage Services in role similar to my current position.

2. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Motion, Pursuant To Bankruptcy Code Section 107(b) And Bankruptcy Rule 9018, To File Under Seal Redacted Portions Of (I) The Motion For An Order Pursuant To Bankruptcy Code Section 105(a) And Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC And GVC Mortgage, Inc., And (II) The Settlement Agreement* (the "<u>Sealing Motion</u>").[1]

3. In my capacity as Director of Claims Management, I am familiar with the Debtors' loan repurchase recovery practices, including the Settlement Agreement and circumstances giving rise to it. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' files, books and records, as well as other relevant documents; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' operations, financial condition and history. In making these statements based on my review of the Debtors' files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

ny-1113170                                2

employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

> B. **The Economic Terms of the Settlement Constitute Confidential Commercial Information**

4. Within the correspondent lending industry, repurchase demands between counterparties to mortgage loan purchase agreements are frequently asserted and settled in the ordinary course. Thus, in my experience, such settlements are more akin to commercial negotiations than settlements of publicly filed civil suits, and are typically kept strictly confidential.

5. The disclosure of the relevant terms of the Settlement Agreement could be detrimental to the Debtors' efforts to liquidate similar claims against other counterparties for the benefit of their estates and, ultimately their creditors. Based on my knowledge and experience, as well as representations made to me by GVC, disclosure of the economic terms of the Settlement could cause commercial injury to GVC, and could make other counterparties against whom the Debtors have asserted repurchase demands unwilling to enter into settlement discussions.

6. GVC is engaged, among other things, in the business of originating, processing, underwriting, closing and selling residential mortgage loans. In the ordinary course of that business, GVC regularly negotiates settlement of repurchase demands with counterparties similar to the ones that are proposed to be settled pursuant to the Settlement Agreement. The terms of such settlements are typically kept confidential under provisions similar to the confidentiality provision contained in the Settlement Agreement. Disclosure of the terms of the

ny-1113170                                3

Settlement Agreement with the Debtors could jeopardize GVC's ability to competitively negotiate repurchase terms with other counterparties in the future.

7. Public disclosure of the terms of the Settlement Agreement could also jeopardize the willingness of other counterparties to enter into similar settlements with the Debtors going forward. Because settlement is likely to be the most efficient and effective mechanism for liquidating many of the Debtors' other outstanding repurchase demands, the inhibition of those settlement discussions could have a significant negative impact on the Debtors' ability to liquidate those claims, which would, in turn, damage the Debtors' ability to maximize the value of the estates to the detriment of the Debtors' creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 24, 2013

/s/ Charles Laubach
Charles Laubach
Director of Claims Management for
Residential Capital, LLC