# Exhibit 2

# Laubach Declaration

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF CHARLES LAUBACH, DIRECTOR OF CLAIMS
MANAGEMENT AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS'
MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a)
AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT
BETWEEN DEBTOR GMAC MORTGAGE, LLC AND GVC MORTGAGE, INC.**

I, Charles Laubach, declare as follows:

**A.    Background and Qualifications**

1.    I serve as Director of Claims Management at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap from February 2000 to March 2004, and from August 2008 to the present. From March 2004 to August 2008, I was employed by a mortgage company not affiliated with ResCap. I have held my current position since August 2011. In my current role as Director of Claims Management at ResCap, I am

ny-1095808

responsible for, among other things, efforts to secure repurchase recoveries from the Debtors' correspondents. I have twenty-five years' experience working at several different companies on loan level reviews of various types, including reviews of underwriting, funding, originating, and post-funding repurchases. Prior to joining the ResCap companies, I was employed at GE Mortgage Services in a role similar to my current position.

2. I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC and GVC Mortgage, Inc.* (the "Motion").[1]

3. In my capacity as Director of Claims Management, I am familiar with the Debtors' loan repurchase recovery practices, including the Settlement Agreement and circumstances giving rise to it. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' files, books and records, as well as other relevant documents; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' operations, financial condition and history. In making these statements based on my review of the Debtors' files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

B. **The Purchase Agreement and the Repurchase Demands**

4. On or about April 3, 2006, the Parties entered into the Purchase Agreement, pursuant to which GMACM acquired certain residential mortgage loans from GVC (collectively, the "Loans") as part of its correspondent mortgage loan operations. GMACM subsequently sold the Loans to various third party purchasers (the "Third Party Purchasers").

5. Following the sale of the Loans to the Third Party Purchasers, the Third Party Purchasers submitted repurchase demands to GMACM on account of twenty-two of the Loans (the "Repurchased Loans") in the aggregate amount of $4,121,678.54 (the "Initial Liability"), consisting of the aggregate unpaid principal balance of the Repurchased Loans. Each of the Repurchased Loans was purchased by GMACM from GVC on or before August 20, 2008. After conducting its own thorough analysis of the basis for the repurchase demands submitted by the Third Party Purchasers, GMACM agreed to repurchase the Repurchased Loans or otherwise made the end investor whole for agreed losses incurred in connection with such loans.

6. In accordance with the terms of the Purchase Agreement, GMACM in turn demanded that GVC honor its Repurchase Obligations under the Purchase Agreement with respect to those Loans (the "Repurchase Demands"), asserting that GVC negligently misrepresented information in the mortgage loan application packages relating to the Repurchased Loans in violation of GVC's representations, warranties and covenants under the Purchase Agreement.

7. GVC disputed the Repurchase Demands, and the Parties engaged in negotiations over the course of several years.

8. Although GMACM and Ally Bank filed five writs of summons against GVC with respect to the Repurchase Demands in the Court of Common Pleas for Montgomery

County, Pennsylvania, between November 2011 and May 2012, to date no complaint has been filed.

      **C.**      **The Settlement Agreement**

      9.      Based upon my analysis of the circumstances surrounding GMACM's Repurchase Demands, the Settlement Agreement constitutes a fair and reasonable resolution. This conclusion is based upon a review and analysis of the basis for the Repurchase Demands, as well as potential defenses that might be asserted by, and difficulties in collecting any judgment from, GVC. Among other factors, we, along with outside litigation counsel, assessed the strengths and weaknesses of claims that GMACM could bring against GVC with respect to the Repurchase Demands and determined that commencing litigation with GVC would be costly and time consuming. Among other considerations, the Debtors took into account GVC's moderate size and restrictions on its capital structure, which are imposed by GVC's financial regulators, including the Board of Governors of the Federal Reserve System and state financial regulators for each of the states in which GVC is licensed, as well as GVC's history of fully performing under similar settlement agreements with GMACM, and its agreement to execute the Affidavit of Confession of Judgment in favor of GMACM. Furthermore, the Debtors considered the costs that would inevitably accrue if GMACM was required to continue negotiating or initiate litigation of the Repurchase Demands. The Debtors also determined that the scope of the release under the Settlement, which provides for a mutual release of all claims by each of the Parties and their various affiliates and representatives related to the Loans purchased by GMACM under the Purchase Agreement, is reasonable as it brings finality to the transactions under the Purchase Agreement.

      10.      To ensure that the Debtors receive a recovery of a meaningful percentage of the Initial Liability, and to avoid the costs that would inevitably accrue if the Debtors were

ny-1095808                                                                  4

required to commence litigating the Repurchase Demands against GVC, the Debtors determined that entry into the Settlement Agreement was in the best interest of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 24, 2013

/s/ Charles Laubach
Charles Laubach
Director of Claims Management for
Residential Capital, LLC

ny-1095808                                    5