# Exhibit 3

## Settlement Agreement

ny-1095691

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") dated as of May, 14, 2013 ("Effective Date") between GMAC Mortgage, LLC, a Delaware limited liability company, formerly known as GMAC Mortgage Corporation, a Pennsylvania corporation ("GMACM") and GVC Mortgage, Inc., an Indiana corporation ("Client"), collectively the Parties and individually a Party.

## RECITALS

WHEREAS, Client and Ally Bank, on its own behalf and that of certain of its affiliates, including GMACM, entered into a Correspondent Agreement for Purchase and Sale of Residential Mortgage Loans on April 3, 2006 (referred to as "Purchase Agreement").

WHEREAS, Pursuant to the terms of the Purchase Agreement, GMACM acquired the residential mortgage loans listed in Schedule 1 attached hereto (the "Loans").

WHEREAS, GMACM claims Client negligently misrepresented information in certain mortgage loan application packages and therefore is obligated to comply with certain repurchase, indemnification and/or reimbursement provisions. More specifically, GMACM claims that Client is required to repurchase or otherwise reimburse GMACM for losses sustained as a result of the negligent misrepresentation contained within the Loans ("Demands");

WHEREAS, Client has disputed the Demands GMACM asserts;

WHEREAS, GMACM and Client now find it to be in their respective best interests to settle, resolve, and compromise the Demands, amicably and without further intervention and the Parties have agreed that it is in their respective best interests to settle their disputes with respect to the Loans on the terms and conditions hereinafter set forth.

WHEREAS, both parties agree that, as of the Effective Date, the Consideration described below shall be the reasonably equivalent value in exchange for the release described herein;

NOW, THEREFORE, in consideration of the following terms and conditions, mutual promises, and other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, GMACM and Client hereby agree as follows:

1. **Consideration.**

    (a)    The Recitals above are hereby incorporated herein as if fully set forth.

    (b)    Without admission as to liability, Client agrees to pay GMACM the aggregate sum of $[redacted] ("Settlement Sum") which shall include losses sustained by GMACM in connection with the Loans, and the Release more fully set forth in Section 3 of this Agreement.

1

(c) Client will pay the Settlement Amount as follows:

(i) $███ to be paid on or before June 28, 2013, and thereafter,

(ii) 48 payments of $███ on the 1st day of each month, beginning August 1, 2013.

(d) All Settlement Sum amounts shall be paid to GMACM by wire transfer to the following account:

GMAC Mortgage, LLC
JP Morgan Chase, Chicago, IL
ABA #███
ACCT #███
Attn: John Larson/GVC Mortgage

2. To secure the prompt payment when due of all of Settlement Sum by Client hereunder, Client shall execute an Affidavit of Confession of Judgment, attached hereto as Schedule 2, and deliver the originally executed document to GMACM on or before May 31, 2013.

TO FURTHER SECURE THE PAYMENT OF THE SETTLEMENT SUM UNDER THIS AGREEMENT, CLIENT HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS, THE PROTHONOTARY, CLERK OR THE COURT, OR ANY ATTORNEY OF ANY COURT OF RECORD TO APPEAR FOR CLIENT IN SUCH COURT, IN TERM TIME OR VACATION, AT ANY TIME BEFORE OR AFTER MATURITY AND CONFESS JUDGMENT WITHOUT PROCESS IN FAVOR OF GMACM, WITH OR WITHOUT THE FILING OF AN AVERMENT OR DECLARATION OF DEFAULT, FOR THE AGGREGATE AMOUNT AS MAY APPEAR UNPAID UNDER PURCHASE AGREEMENT, TOGETHER WITH ALL FEES, CHARGES, COSTS, AND ATTORNEY'S FEES, AS HEREIN PROVIDED. CLIENT ALSO WAIVES AND RELEASES ALL ERRORS WHICH MAY INTERVENE IN ANY SUCH PROCEEDINGS AND WAIVES ALL RIGHT OF CONFIRMING ALL THAT SAID ATTORNEY MAY DO BY VIRTUE HEREOF, AND WAIVING AND RELEASING BENEFIT OF ALL APPRAISEMENT OF INQUISITION ON REAL ESTATE OR PERSONAL PROPERTY, HEREBY VOLUNTARILY CONDEMNING SAID REAL ESTATE OR PERSONAL PROPERTY AND AUTHORIZING THE ENTRY OF SUCH CONDEMNATION UPON ANY WRIT ISSUED, AND HEREBY WAIVES AND RELEASES ALL RELIEF FROM ANY AND ALL APPRAISMENT, STAY OF EXECUTION AND EXEMPTION LAWS OF ANY STATE, NOW IN FORCE, OR HEREAFTER TO BE PASSES. CLIENT HEREBY IRREVOCABLY WAIVES THE RIGHT TO FILE A PETITION TO OPEN OR A PETITION TO STRIKE ANY SUCH CONFESSED JUDGMENT OR TO FILE ANY SIMILAR PROCEEDING OR EQUITABLE RELIEF.

**Client waives presentment for payment, notice of dishonor, protest, notice of protest of this Agreement or other notice of any kind and all demands whatsoever; and in any litigation with GMACM, whether or not arising out of or relating to this Agreement, Client expressly waives trial by jury and in addition, expressly waives the right to interpose any**

defense based on any statute of limitations or any claim of laches and nay set-off or counterclaim or cross claim of any nature or description.

3. **Release.**

Except for the duties and obligations expressly contained in this Agreement, upon full payment of the Settlement Sum by Client, GMACM and its parents, subsidiaries, affiliates, employees, contractors, officers, directors, partners, associates, shareholders, agents, attorneys, accountants, auditors, predecessors, successors, representatives and assigns (hereinafter, collectively, the "Releasing Parties") shall dismiss with prejudice, generally release and forever discharge Client and its respective past, present, and future parents, subsidiaries, affiliates, employees, contractors, officers, directors, partners, associates, investors, trustees, shareholders, agents, attorneys, accountants, auditors, correspondents, brokers, insurers, predecessors, successors, representatives and assigns (hereinafter collectively, "Released Parties") from all actions, causes of action, claims and demands whatsoever, whether known or unknown, for all mortgage loans sold by Client to GMACM and/or any of its parents, subsidiaries, or affiliates, including without limitation all of the Loans, from April 3, 2006 up to and including the Effective Date (hereinafter the "Released Loans"), and, whether or not well-founded in fact or law, from all suits, debts, dues, sums of money, repurchase demands, accounts, reckonings, notes, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, trespasses, damages, punitive damages, judgments, rights of appeal, executions, attorneys' fees, costs, civil penalties, sanctions, claims and demands whatsoever, at law or in equity, that concern the Released Loans. All such issues and claims released herein are collectively referred to as the "Globally Released Claims."

**To the extent permitted by applicable law, the general release described herein includes, all known and unknown, foreseen and unforeseen, anticipated and unanticipated, suspected and unsuspected injuries, damages, losses, claims, and the consequences thereof, that concern the Globally Released Claims. The provisions of any state, federal, local or territorial law or statute, providing in substance that releases or settlements shall not extend to claims, demands, injuries or damages which are unknown or unsuspected by GMACM, are hereby expressly waived.**

4. **Mutual Release.**

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, effective upon the complete fulfillment by Client of its obligations under Section 2 above, the Parties do hereby fully release and discharge each other, from the Globally Released Claims, including, but not limited to, any and all debts, claims, demands, liens, actions, rights, covenants, judgments, controversies, damages, losses, suits, attorney's fees, costs, expenses and causes of action of any kind in law, in equity, or otherwise, known or unknown, in and/or relating to the Globally Released Claims, whether presently in existence, known, unknown or which may hereafter accrue, be asserted and/or held by the Parties either presently, in the past or in the future relating to the Globally Released Claims (the "Release").

3

5. **Voidance of Mutual Release and Reinstatement of Obligations.**

(a) If any payment of money made to GMACM by Client hereunder should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), or any other federal or state law (collectively referred to herein as "Voidable Transfers") and GMACM is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses and attorneys' fees of GMACM related thereto) the liability of Client under the Purchase Agreement shall automatically be revived, reinstated and restored in such amount or amounts, and shall exist (i) as though such Voidable Transfer had never been made to GMACM, as applicable, and (ii) as though this Agreement had never been entered into.

(b) In the event Client fails to pay any portion of the Settlement Sum, the liability of Client under the Purchase Agreement shall automatically be revived, reinstated and restored in such amount or amounts in full, and shall exist at that time under the Purchase Agreement, as applicable, and as though this Agreement had never been entered into.

(c) For the avoidance of doubt, it is the intention of the Parties that upon execution of this Agreement and the payment to be made by Client to GMACM pursuant to Section 2, Client shall be relieved of any obligation to repurchase, reimburse and/or make whole an institutional investor which acquires in the future or may have previously acquired from GMACM any Loans acquired by GMACM pursuant to the Purchase Agreement with the exception of any mortgage loans sold pursuant to the Purchase Agreement determined to contain fraud knowingly committed by Client as determined by a court of competent jurisdiction.

6. **Attorney's Fees, Costs And Expenses.**

GMACM and Client shall each be responsible for the payment of only their own attorneys' fees, costs, and expenses incurred in connection with the Demands. Should either GMACM or Client reasonably retain counsel for the purpose of enforcing or preventing the breach of any provision of this Agreement, including, but not limited to, instituting any action, arbitration, or proceeding to enforce any provision hereof, for a declaration of rights or obligations hereunder, or for any other remedy, then, if said matter is resolved by the action, arbitration, or proceeding, the prevailing party shall be entitled to reimbursement from the losing party for all attorneys' fees, costs, and expenses incurred.

7. **Successors And Assigns.**

Any individual or entity that precedes or succeeds to the Releasing or Released Parties, such as their respective predecessors, successors and assigns, shall also be bound and benefited by the terms of this Agreement, as if they had actually signed this Agreement.

8. **Confidentiality.**

The parties agree not to divulge the terms of the Agreement or to make any statement about the Agreement, including but not limited to the amount of the settlement, a descriptive statement about the settlement or any characterization of the settlement, directly or indirectly or by implication or innuendo, to any third party, including the press or media or their agents or representatives provided, however, that the parties may disclose this Agreement (a) as required in response to an inquiry or order issued by a state, federal, or foreign court or agency; (b) as required to comply with a reporting obligation to any state, federal or foreign agency including, without limitation, any taxing authorities; (c) in response to a request from any party's insurer or prospective insurer; (d) in connection with future litigation between the parties; (e) as necessary to obtain advice from legal, tax and financial advisors; (f) in response to a valid subpoena or as otherwise required by law; (g) to their accountants and auditors; or (h) to their third party investors and warehouse banks, if applicable.

Any actual or anticipated breach of confidentiality by either party shall give rise to a cause of action in favor of the other for a temporary restraining order or other injunctive relief to prevent and/or minimize any loss of confidentiality. If the moving party is able to prove that the other party already had, or was about to breach these terms of confidentiality, the prevailing party shall be entitled to recover its reasonable attorneys' fees, costs, and expenses, as well as any actual damages.

9. **Denial Of Liability.**

Client denies any and all error, fault, wrongdoing and liability whatsoever alleged in the Demands. This Agreement, and any and all drafts, communications and discussions relating to this Agreement shall not be construed as or deemed to be evidence of an admission or concession by Client. This Agreement is entered into solely to compromise disputed claims and to avoid the cost, inconvenience and risk of litigation. This Agreement shall not be construed as or deemed to be evidence of a waiver of any defense.

10. **Use Of This Agreement.**

This Agreement shall not be offered or received in evidence in any action or proceeding against any Releasing or Released Party, in any court, administrative agency or other tribunal for any purpose whatsoever, other than for the purpose of enforcing this Agreement or as allowed or required by law. Notwithstanding any other provision of this Agreement, a Releasing or Released Party may file this Agreement in any action that may be brought against any of them, which asserts any of the Globally Released Claims, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

5

11. **Tax Reporting.**

With respect to the making or performance of this Agreement, the parties acknowledge that: (a) each is separately responsible for accurately reporting the tax consequences; (b) neither party is relying on the other for any aspect of tax reporting, treatment, or consequences; (c) neither party has made any representations to the other about the appropriate tax treatment of any benefits or detriments; (d) the Release stated in paragraph 3, above, extends to tax reporting, treatment, or consequences; and (e) neither party shall have any claim against the other for accurate or inaccurate tax reporting.

12. **Acknowledgment Of Agreement.**

GMACM and Client each acknowledge that they have actually read all the terms of this Agreement, have had the opportunity to consult with independent counsel of their choosing, and fully understand and voluntarily accept the terms of the Agreement. GMACM and Client separately assume all risks that the facts or law surrounding the Action may be other than they believe.

13. **Construction Of Agreement.**

GMACM and Client have entered into this Agreement freely and without duress, after having the opportunity to consult with counsel of their choice. Accordingly, the Agreement will not be construed against any party as the drafter. Any reference to the past, present or future also includes the others. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter gender shall include each of the other genders.

14. **Bankruptcy Court Approval.**

This agreement is subject to the approval of the United States Bankruptcy Court for the Southern District of New York presiding over the Chapter 11 case of Residential Capital, LLC (Case No. 12-12020 (MG)), and shall be of no force or effect until and unless such approval is obtained.

15. **Severability.**

If any provision in the Agreement shall, for any reason, be held invalid or unenforceable in any respect, it shall not affect any other provisions in the Agreement, but shall be construed to limit the invalidity so as to make the Agreement enforceable to the maximum extent compatible with applicable law.

16. **Counterparts**

This Agreement may be executed by the parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement. In

6

addition, signature pages transmitted by facsimile or e-mail (after scanning) are acceptable and binding, and shall be deemed original.

17. **Entire Agreement.**

This Agreement contains the entire agreement between GMACM and Client. The Agreement supersedes any prior offer of settlement, negotiation, representation, promise, or warranty (oral or otherwise) made by either party or its counsel. Neither party shall be liable or bound to the other party for any prior offer of settlement, negotiation, representation, promise or warranty (oral or otherwise) except for those expressly set forth in this Agreement. No breach of any provision hereof can be waived unless done so expressly and in writing. Express waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision hereof. The Agreement may be amended or modified only by a written agreement executed by the parties at the time of modification.

18. **Governing Law.**

This Agreement shall be governed by the laws of and subject to the jurisdiction of the Commonwealth of Pennsylvania, and choice of law rules shall not apply to the interpretation or application of its terms.

19. **Survival.**

The obligations of the parties under this Agreement shall survive either or both of their merger, sale, liquidation, status in receivership, bankruptcy, reorganization, insolvency, winding-down, or dissolution.

**IN WITNESS WHEREOF,** this Agreement is entered into as of the Effective Date.

CLIENT:

GVC Mortgage Inc.
By: _Bradley A Voyles_ (Signature)
Name: _Bradley A Voyles_ (Typed or Printed)
Title: _Vice President_

GMACM:

GMAC MORTGAGE, LLC
By: _Charles Laubach_ (Signature)
Name: Chuck Laubach
Title: ~~Senior Vice President~~ CL
Claims Management Officer

7

## SCHEDULE 1

| | |
|---|---|
| ▮ | KUTYANOV |
| ▮ | CAHOON |
| ▮ | NAVARRO |
| ▮ | MURRAY |
| ▮ | WILLIAMS |
| ▮ | SEELEY |
| ▮ | PACHECO |
| ▮ | LE |
| ▮ | MAYO |
| ▮ | KCOMT |
| ▮ | MITCHELL |
| ▮ | SEGISMUNDO |
| ▮ | WALTERS |
| ▮ | OWENS |
| ▮ | LAKMAITREE |
| ▮ | NEWSOME |
| ▮ | HERNANDEZ |
| ▮ | BOYLEN |
| ▮ | DUDLEY |
| ▮ | WILLIAMS |
| ▮ | MCALLISTER |
| ▮ | SMITH |