UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors | Jointly Administered |

### RESPONSE TO OBJECTION TO CLAIM NO. 4600

Now comes Philip G. Wright, creditor, and hereby responds to the Objection To Claim filed by debtor GMAC-RFC Holding Company, LLC (hereinafter referred to as "Debtor") and states as follows:

1. On or about September 23, 2013, debtor mailed a Notice Of Hearing On Debtors' Fiftieth Omnibus Objection To Claims (No Liability Borrower Claims – Books And Records).

2. The sole "Reason For Disallowance" provided by the notice is "Liability Not Reflected in Debtors' Books and Records."

3. Attached as Exhibit A are copies of portions of the Mortgage and Line of Credit clearly indicating that GMAC is the lender on two loans to Mr. Wright secured by his home.

4. Attached as Exhibit B is correspondence from GMAC Mortgage sent on December 11, 2012 regarding the Mr. Wright's loan.

5. Mr. Wright notes that there are several debtors in the Jointly Administered bankruptcy case that use the name "GMAC". To the extent that Mr. Wright's Proof of Claim may have been inadvertently filed against the wrong debtor, Mr. Wright requests that his Proof of Claim be transferred to the bankruptcy case of the correct "GMAC" affiliate and be treated as timely filed with respect to that debtor.

RECEIVED
OCT 23 2013
U.S. BANKRUPTCY COURT, SDNY

12-12020-mg    Doc 5504    Filed 10/23/13    Entered 10/25/13 11:16:04    Main Document
Pg 2 of 10

In re: RESIDENTIAL CAPITAL, LLC, et al.                                BK 12-12020 (MG)

WHEREFORE, for the above reasons, creditor Philip G. Wright requests that the debtor's Objection To Claim be denied and that Mr. Wright's Claim be allowed in the full amount and that he be granted such relief as is appropriate and just.

Philip G. Wright, Creditor
*Pro se*,

_____
Philip G. Wright
268 Tockwotten Cove Road
Charlestown, RI 02813
401-465-5001

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:  Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, et al.,                    Chapter 11

Debtors                                               Jointly Administered


## CERTIFICATE OF SERVICE

I hereby certify that I caused true copies of the **RESPONSE TO OBJECTION TO CLAIM No. 4600** on the following parties via Federal Express Overnight Delivery:

Honorable Martin Gleen
One Bowling Green
Court Room 501
New York, NY 10004

Kramer Levin Naftalis & Frankel LLP
Attn: Kenneth H. Eckstein, Esq.
1117 Avenue of the Americas
New York, New York 10036

Office of the United States Trustee
for the Southern District of New York
U.S. Federal Building
Attn: Tracy Hope Davis, Esq.
201 Varick Street, Suite 1006
New York, New York 10014

Silverman Acampora LLP
Attn: Ronald J. Friedman, Esq.
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

Office of the United States Trustee
for the Southern District of New York
U.S. Federal Building
Attn: Linda A. Riffkin, Esq.
201 Varick Street, Suite 1006
New York, New York 10014

Office of the United States Trustee
for the Southern District of New York
U.S. Federal Building
Attn: Brian S. Masumoto, Esq.
201 Varick Street, Suite 1006
New York, New York 10014

| | |
|---|---|
| Kramer Levin Naftalis & Frankel LLP<br>Attn: Douglas H. Mannal, Esq.<br>1117 Avenue of the Americas<br>New York, New York 10036 | Morrison & Foerster LLP<br>Attn: Gary S. Lee, Esq.<br>1290 Avenue of the Americas<br>New York, New York 10104 |
| Morrison & Foerster LLP<br>Attn: Jordan A. Wishnew, Esq.<br>1290 Avenue of the Americas<br>New York, New York 10104 | Morrison & Foerster LLP<br>Attn: Norman S. Rosenbaum, Esq.<br>1290 Avenue of the Americas<br>New York, New York 10104 |

10/22/13
Date

_/s/ Stefanie D. Howell_
Stefanie D. Howell

12-12020-mg    Doc 5504    Filed 10/23/13    Entered 10/25/13 11:16:04    Main Document
Pg 4 of 10

BK276PG0147
Doc# 0463

05 FEB 22

After recording please return to:
GMAC Bank, Attn: Records Management/1st Floor
[Company Name]

[Name of Natural Person]

100 Witmer Road
[Street Address]

Horsham, PA 19044
[City, State Zip Code]

_____ [Space Above This Line For Recording Data] _____

# MORTGAGE

MIN   100037506011665263

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)   "Security Instrument" means this document, which is dated   February 16, 2005  ,
together with all Riders to this document.

(B)   "Borrower" is PHILLIP G WRIGHT, a single man

. Borrower is the mortgagor under this Security Instrument.

(C)   "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D)   "Lender" is GMAC Bank

Lender is a corporation                                organized and existing under the laws of
Pennsylvania                                           . Lender's address is 100 Witmer Road,
Horsham, PA 19044-0936

Loan No: 601166526

Rhode Island Mortgage-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    MERS Modified Form 3040 01/01 (Rev. 11/02)
—THE COMPLIANCE SOURCE, INC.—                         Page 1 of 13                             14301RI 10/01 (Rev. 10/02)
www.compliancesource.com                                                                        ©2002, The Compliance Source, Inc.

BK276PG0148

(E) "Note" means the promissory note signed by Borrower and dated February 16, 2005. The Note states that Borrower owes Lender four hundred thirty thousand and NO/100ths Dollars (U.S. $ 430,000.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than March 1, 2035

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

- [x] Adjustable Rate Rider
- [ ] Condominium Rider
- [ ] Second Home Rider
- [ ] Balloon Rider
- [ ] Planned Unit Development Rider
- [ ] Biweekly Payment Rider
- [ ] 1-4 Family Rider
- [ ] Revocable Trust Rider
- [ ] Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security

Loan No: 601166526

Rhode Island Mortgage-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     MERS Modified Form 3040 01/01 (Rev. 11/03)
—THE COMPLIANCE SOURCE, INC.—                                  Page 2 of 13                     14301RI 10/01 (Rev. 10/03)
www.compliancesource.com                                                                         ©2002, The Compliance Source, Inc.

BK 276 PG 0159

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _Phillip G Wright_____ (Seal)
                                    PHILLIP G WRIGHT           -Borrower

                                    Address 260 TOCKWOTTEN COVE RD, CHARLESTOWN, RI 02813

_____    _____ (Seal)
                                                                   -Borrower

                                    Address 260 TOCKWOTTEN COVE RD, CHARLESTOWN, RI 02813

                                    _____ (Seal)
                                                                   -Borrower

                                    Address

                                    _____ (Seal)
                                                                   -Borrower

                                    Address

_____ [Space Below This Line For Acknowledgment] _____

State of Rhode Island        §
                             §
County of Kent               §

On this 16th day of February, 2005, in East Greenwich in said County, before me personally appeared PHILLIP G WRIGHT

each and all to me known, and known by me to be the party(ies) executing the foregoing instrument, and he/she/they acknowledged said instrument, by himself/herself/themselves executed to be his/her/their free act and deed.

                                                    Notary Public

Loan No: 601166526
Rhode Island Mortgage-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT         MERS Modified Form 3040 01/01 (Rev. 11/02)
—THE COMPLIANCE SOURCE, INC.—                    Page 13 of 13

CARMINE J. D'ELLENA
NOTARY PUBLIC
COMMISSION EXPIRATION
7-04-2005

BK276PG0163

All of my right, title and interest, in and to that certain tract or parcel of land with all the improvements thereon situated in the Town of Charlestown, County of Washington, State of Rhode Island, bounded and described as follows:

Beginning at a point in the northeasterly line of Tockwotten Cove Road, said point being the southwesterly corner of land now or formerly of Robert O. and Jeannette E. Gamache; thence running in a general easterly direction, bounded northerly by said land now or formerly of Robert O. and Jeannette E. Gamache, a distance of one hundred ninety-two and ninety one-hundredths (192.90) feet; thence, at an interior angle of 265°-39'-56", running in a general northerly direction, bounded westerly by said Gamache land, a distance of one hundred fifty-four (154) feet; thence, at an interior angle of 90°-00', running in a general easterly direction, bounded northerly by land formerly of Evelyn D. Bliven, a distance of three hundred forty-seven and thirty one-hundredths (347.30) feet; thence at an interior angle of 83°-51'-28", running in a general southerly direction, following in part, the line of a stone wall, bounded easterly by other land formerly of Evelyn D. Bliven, a distance of three hundred thirty-one and ninety-nine one-hundredths (331.99) feet; thence, at an interior angle of 98°-04'-47", running in a general westerly direction, bounded southerly by land now or formerly of Anthony J. and Sally H. Fazzone, a distance of one hundred sixty-eight and ninety-eight one-hundredths (168.98) feet; thence, at an interior angle of 92°-23'-49", and running in a general northerly direction, bounded westerly by land now or formerly of Dean and Doris R. Hanaford, a distance of one hundred fifty-two and eight one-hundredths (152.08); thence at an interior angle of 270°-00', running in a general westerly direction, bounded southerly by said land of Dean and Doris R. Hanaford, a distance of two hundred ninety-nine and seventy-six one-hundredths (299.76) feet to the northeasterly line of Tockwotten Cove Road; thence, at an interior angle of 118°-41'-26", running in a general northwesterly direction along the northeasterly line of Tockwotten Cove Road a distance of forty-five and sixty one-hundredths (45.60) feet to the first mentioned point or place of beginning, the last described course forming an interior angle of 61°-18'-34" with the first described course. Said above described tract contains 2.23 acres.

Together with all of the right, title and interest of the Grantor in and to a right-of-way for foot travel only over and across a strip of land five (5) feet in width and bounded and described as follows:

Commencing at southeasterly corner of said right-of-way at a point on the west side of Tockwotten Cove Road; thence running westerly a distance of 194.39 feet to a stone bound and continuing in a westerly direction 75 feet, more or less, to the shore of Charlestown Pond; thence running northerly, bounded westerly by the shore of said pond a distance of five (5) feet; thence turning and running in a easterly direction on a course, that is parallel with the first mentioned course, a distance of 269 feet, more or less, to the west side of said Tockwotten Cove Road; thence turning and running in a southerly direction a distance of five (5) feet to the point and place of beginning. Said right-of-way to run with the land herein granted and shall not be transferred except as a right appurtenant to said premises herein conveyed. Said right-of way transverses the southerly portion of the Fourth Tract described in deed of Elizabeth Hanaford to Dean W. and Doris R. Hanaford recorded in Book 44 at page 649 of said Charlestown Records. Said right-of-way is the same as was described in a deed to Robert O. Gamache et al. dated August 7, 1976 and recorded August 10, 1976 in Book 54 at page 474.

The above described premises is conveyed together with all right, title and interest of the Grantor in and to a right-of-way over and upon Tockwotten Cove Road to and from the within granted premises and the Old Post Road, a public highway. Reference is made to grants of right-of-way as contained in title deeds of record.

RETURN TO:
US Recordings, Inc.
2925 Country Drive
St. Paul, MN 55117

BK 294 PG 0140
DOC #0542

Loan No.: 000685525695
Loan Product: Interest Only Equity Line

TOWN OF CHARLESTOWN, R.I.
JODI P. LACROIX CHG
R.R. DEPUTY

29904693

## OPEN-END MORTGAGE TO SECURE PRESENT AND FUTURE LOANS UNDER CHAPTER 25 OF TITLE 34

06 MAR -2 AM 9:45
MIN 100037506855258951

THIS MORTGAGE, as amended and extended (this "Mortgage") is signed to secure advances under a GMAC Mortgage Corporation Home Equity line of credit agreement (the "Agreement"); it is dated as of December 28, 2005, and is made by Phillip G Wright, a single man

who reside(s) at 268 Tockwotten Cove Road, Charlestown, RI 02813-4172, as mortgagor(s), in favor of GMAC Mortgage Corporation, 7 Carnegie Plaza, Cherry Hill, NJ 08003, as mortgagee. Borrower irrevocably mortgages, grants, and conveys to the Mortgage Electronic Registration Systems Inc. PO Box 2026 Flint, MI 48501-2026 (MERS) acting solely as a nominee for Lender and Lender's successors and assigns.

Throughout this Mortgage, "we", "us" and "our" refer to mortgagor(s). "LENDER" refers to GMAC Mortgage Corporation or its assigns. The "Account" refers to the Home Equity line of credit agreement established by LENDER under the Agreement. "Borrower" refers to each person who signs the Agreement as borrower. The Agreement and this Mortgage, taken together, are called the "Credit Documents." "Signer" refers to any person (other than LENDER) who has signed a Credit Document.

### DESCRIPTION OF SECURITY

By signing this Mortgage, we hereby mortgage to MERS as nominee LENDER, subject to the terms of this Mortgage, (a) the real estate located at 268 Tockwotten Cove Road, Charlestown, County of Washington, Rhode Island 02813-4172 more fully described in Schedule A; (b) all buildings or other structures on the property; (c) all rights we may have in any road, alley easement or license regarding the property or in any mineral, oil, gas or water which is part of the property; (d) all rents and royalties from the property; (e) all proceeds of any insurance on the property; (f) all proceeds of any taking (or threatened taking) of the property by any governmental authority; and (g) all fixtures on the property at any time (collectively, the "Property").

The Property includes all rights and interests which we now have or which we may acquire in the future. For example, if the security mortgaged under this mortgage is a leasehold estate and we subsequently acquire fee title to the Property, the rights and interests granted to MERS acting solely as a nominee for LENDER by this Mortgage will include the fee title that we acquire. This Mortgage is also a Security Agreement under the Rhode Island Uniform Commercial Code and we hereby grant MERS acting solely as a nominee for LENDER a security interest in the personal property described in (d) through (f) above.

### SECURED OBLIGATIONS

THIS MORTGAGE SECURES OBLIGATORY FUTURE ADVANCES.

We have signed this Mortgage to secure payment to LENDER of up to $ 125,000.00 (the "Loan Amount"), plus FINANCE CHARGES and any other amounts due LENDER under the Agreement (collectively, the "Total Balance Outstanding") and to secure performance by Borrower under the Agreement and our performance of the covenants of this Mortgage (collectively, the "Secured Obligations").

### PRIORITY OF ADVANCES

The lien of this Mortgage will attach on the date this Mortgage is recorded. The indebtedness evidenced by the Credit Documents is a revolving indebtedness. The Credit Documents provide that amounts may be advanced, repaid and readvanced from time to time in accordance with the terms and provisions of the Agreement. Accordingly, the aggregate advances during the term of the Credit Documents may exceed the Credit Limit. However, the Total balance Outstanding less FINANCE CHARGES at any time (the "Earning Balance Outstanding") shall never exceed the Credit Limit, except for advances made to protect the lien of this Mortgage. We agree that the lien and security title of this Mortgage shall not be deemed released or extinguished by operation of law or implied intent of the parties if the Total Balance Outstanding is zero as of the date of this Mortgage or is from time to time reduced to zero by payments made to LENDER.

### PROMISES AND DUTIES

We promise that, except for Permitted Liens; (a) we own the Property; (b) we have the right to mortgage the Property to LENDER; and (c) there are no outstanding claims or charges against the Property. The term "Permitted Lien" means (x) any mortgage, deed to secure debt or deed of trust ("security instrument") disclosed to LENDER on Borrower's application for the Account, to the extent that the amount secured by such security instrument does not exceed the amount disclosed on such application; and (y) any liens, claims and restrictions of record that do not individually or collectively have a material adverse impact upon LENDER's security, the value of the Property or the Property's current use.

Each of us gives a general warranty of title of LENDER. This means that each of us will be fully responsible for any losses which LENDER suffers because someone has rights in the Property other than Permitted Liens. We promise that we will defend our ownership of the Property against any claims of such right.

We will neither take nor permit any action to partition, subdivide or change the condition of title to all or any part of the Property. We will not amend any prior mortgage without LENDER's prior written consent.

Initial

GMAC-RI
4097U (Rev 03/05)

-1-

| Customer Name: | PHILLIP WRIGHT | BK294PG0145 |
|---|---|---|
| Application #: | 000685525895 | |
| Order #: | 5324356 | |

#### Exhibit A (Legal Description)

ALL THAT PARCEL OF LAND IN TOWN OF CHARLESTOWN, WASHINGTON COUNTY, STATE OF RHODE ISLAND, AS MORE FULLY DESCRIBED IN DEED BOOK 159, PAGE 0140, ID# 010-053-000, BEING KNOWN AND DESIGNATED AS

BEGINNING AT A POINT IN THE NORTHEASTERLY LINE OF TOCKWOTTEN COVE ROAD, SAID POINT BEING THE SOUTHWESTERLY CORNER OF LAND NOW OR FORMERLY OF ROBERT O. AND JEANNETTE E. GAMACHE; THENCE RUNNING IN A GENERAL EASTERLY DIRECTION, BOUNDED NORTHERLY BY SAID LAND NOW OR FORMERLY OF ROBERT O. AND JEANNETTE E. GAMACHE, A DISTANCE OF ONE HUNDRED NINETY-TWO AND NINETY ONE-HUNDREDTHS (192.90) FEET; THENCE, AT AN INTERIOR ANGLE OF 265 DEGREES - 39' - 56", RUNNING IN A GENERAL NORTHERLY DIRECTION, BOUNDED WESTERLY BY SAID GAMACHE LAND, A DISTANCE OF ONE HUNDRED FIFTY-FOUR (154) FEET; THENCE, AT AN INTERIOR ANGLE OF 90 DEGREES - 00', RUNNING IN A GENERAL EASTERLY DIRECTION, BOUNDED NORTHERLY BY LAND FORMERLY OF EVELYN D. BLIVEN, A DISTANCE OF THREE HUNDRED FORTY-SEVEN AND THIRTY ONE-HUNDREDTHS (347.30) FEET; THENCE AT AN INTERIOR ANGLE OF 83 DEGREES -51' - 28", RUNNING IN A GENERAL SOUTHERLY DIRECTION, FOLLOWING IN PART, THE LINE OF A STONE WALL, BOUNDED EASTERLY BY OTHER LAND FORMERLY OF EVELYN D. BLIVEN, A DISTANCE OF THREE HUNDRED THIRTY-ONE AND NINETY-NINE ONE-HUNDREDTHS (331.99) FEET; THENCE, AT AN INTERIOR ANGLE OF 98 DEGREES-04'-47", RUNNING IN A GENERAL WESTERLY DIRECTION, BOUNDED SOUTHERLY BY LAND NOW OR FORMERLY OF ANTHONY J. AND SALLY H. FAZZONE, A DISTANCE OF ONE HUNDRED SIXTY-EIGHT AND NINETY-EIGHT ONE-HUNDREDTHS (168.98) FEET; THENCE, AT AN INTERIOR ANGLE OF 92 DEGREES-23'-49", AND RUNNING IN A GENERAL NORTHERLY DIRECTION, BOUNDED WESTERLY BY LAND NOW OR FORMERLY OF DEAN AND DORIS R. HANAFORD, A DISTANCE OF ONE HUNDRED FIFTY-TWO AND EIGHT ONE-HUNDREDTHS (152.08); THENCE AT AN INTERIOR ANGLE OF 270 DEGREES- 00', RUNNING IN A GENERAL WESTERLY DIRECTION, BOUNDED SOUTHERLY BY SAID LAND OF DEAN AND DORIS R. HANAFORD, A DISTANCE OF TWO HUNDRED NINETY-NINE AND SEVENTY-SIX ONE-HUNDREDTHS (299.76) FEET TO THE NORTHEASTERLY LINE OF TOCKWOTTEN COVE ROAD; THENCE, AT AN INTERIOR ANGLE OF 118 DEGREES -41' - 26", RUNNING IN A GENERAL NORTHWESTERLY DIRECTION ALONG THE NORTHEASTERLY LINE OF TOCKWOTTEN COVE ROAD A DISTANCE OF FORTY-FIVE AND SIXTY ONE-HUNDREDTHS (45.60) FEET TO THE FIRST MENTIONED POINT OR PLACE OF BEGINNING, THE LAST DESCRIBED COURSE FORMING AN INTERIOR ANGLE OF 61 DEGREES - 18' - 34" WITH THE FIRST DESCRIBED COURSE. SAID ABOVE DESCRIBED TRACT CONTAINS 2.23 ACRES.

BY FEE SIMPLE DEED FROM DAVID G. WRIGHT AS SET FORTH IN BOOK 159 PAGE 0140 DATED 05/31/1997 AND RECORDED 06/06/1997, WASHINGTON COUNTY RECORDS, STATE OF RHODE ISLAND.



U29984693-01HC96
OPEN-END MTG
LOAN# 0006855525895
US Recordings