In re:

CRAIG R. NAZZARO,                                    Case No. 810-74869-reg

                                                     Chapter 7
                          Debtor.
——————————————————————————————x

TD BANK, N.A.,

                          Plaintiff,

         - against -                                 Adv. Proc. No. 810-8500-reg

CRAIG R. NAZZARO,

                          Defendant.
——————————————————————————————x

## MEMORANDUM DECISION

      This matter is before the Court pursuant to an adversary proceeding commenced by TD Bank, N.A. (the "Plaintiff") against Craig R. Nazzaro (the "Debtor") seeking, *inter alia,* to bar the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(4)(A) and (a)(2)(A), and/or to have the Debtor's obligation to the Plaintiff deemed non-dischargeable pursuant to 11 U.S.C. § 523(a)(4). The resolution of this adversary proceeding requires the Court to determine whether, when a debtor fails to disclose an asset in his petition, denial of the Debtor's discharge under Bankruptcy Code §§ 727(a)(4)(A) and/or (a)(2)(A) turns on a quantitative analysis of the omitted asset, or whether the failure to disclose an asset which may have little worth can be sufficient to bar a debtor's discharge . The Debtor's obligation to the Plaintiff arose as a result of the Debtor's guarantee of loans incurred by the Debtor's mortgage loan business.  After the business defaulted , the Debtor was involved in the formation of a new company, capitalized with funds from third parties. The Debtor received an ownership interest in this new company.  Within months of the

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

Plaintiff's commencement of an action against the mortgage loan business and the Debtor as guarantor, the Debtor transferred, for no consideration, his interest in the new company. The Debtor chose not to disclose the transfer of his interest in the new company in the petition. The Debtor argues that he never actually owned this interest and therefore did not have to disclose the transfer. The Debtor also claimed that the interest had little to no value, and any failure to disclose the transfer did not harm the creditors or the Debtor's estate in any meaningful way.

Based on the evidence provided at trial, including all of the documentary evidence, the Court finds that the Debtor's interest in the company had vested with the Debtor, the Debtor did in fact own the interest, and he transferred that interest to a third party for no consideration within several weeks prior to the filing of the Chapter 7 petition. Section 727(a)(4)(A) prohibits the granting of a discharge to a debtor who knowingly and fraudulently makes a false oath or account, which includes a false statement in the petition. While a debtor's discharge is not to be denied lightly, full disclosure by a debtor is critical in order to protect the integrity of the Bankruptcy process. The plain language of this section does not require multiple omissions or misstatements, nor does it require that the omitted transaction concern an asset of significant value. While a debtor is entitled to a fresh start, and inadvertent omissions should not result in the denial of a debtor's discharge, debtors act at their own peril when they knowingly fail to comply with the statute and make their own determination as to what is relevant or important enough to include in the petition. The Chapter 7 trustee and the creditors should not have to conduct their own investigation of the debtor's assets and prepetition activity, and have a right to rely on the accuracy of a debtor's petition and schedules. This statute is not ambiguous and clearly requires full disclosure by the debtor of all matters related to the disposition of the debtor's property.

Section 727(a)(2)(A), which bars the discharge of a debtor who transfers property within one year prior to the petition date with the intent to hinder, delay or defraud a creditor, does not require that the creditor be harmed by the transfer. In consideration of the circumstances surrounding the transfer, the Court finds that the Debtor transferred his interest in the new company with the intent to defraud or hinder his creditors. Based on these rulings, it is not necessary to rule on the dischargeability cause of action pursuant to § 523(a)(4).

## PROCEDURAL HISTORY

On June 24, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On September 14, 2010, the Plaintiff filed this complaint objecting to the discharge of the Debtor pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A), and objecting to the dischargeability of the Debtor's debts to the Plaintiff pursuant to 11 U.S.C. §§ 523(a)(2) and (a)(4). On November 29, 2010, the Debtor filed an answer to the complaint. On February 20, 2012, the Plaintiff filed a motion for summary judgment as to Counts One (§ 727(a)(2)(A)), Two (§ 727(a)(4)(A)) and Four (§523(a)(4)) of the complaint. Hearings on the Plaintiff's motion for summary judgment were held on April 18, 2012 and May 16, 2012. At the May 16, 2012 hearing, the Debtor, who had previously appeared through his counsel, appeared without counsel, and requested an opportunity to establish at trial that he never had a vested interest in the asset he allegedly failed to schedule in his petition. The motion for summary judgment was marked submitted.[1] On May 22, 2012, the Plaintiff and the Defendant filed a Joint Pretrial Memorandum. A trial was held on May 29, 2012 as to Counts One, Two

---

[1] In light of the fact that a trial has been held with respect to this adversary proceeding, the Plaintiff's motion for summary judgment is moot.

and Four.[2] On June 1 and June 5, 2012, the Plaintiff filed letters with the Court regarding the outstanding legal issues, and on June 12, 2012, the Debtor's counsel filed a post-trial memorandum.  Thereafter, the adversary proceeding was marked submitted.

## FACTS

In May 2002, the Debtor and Richard Doran formed a limited liability company known as Kensington Financial Services, LLC ("Kensington"), pursuant to the laws of Delaware. Although Kensington was no longer operating as of the Petition Date, the Debtor held a 45% membership interest in Kensington from 2002 through the Petition Date.  Kensington commenced operations as a mortgage broker with offices in New Jersey, Garden City, New York, Warwick, New York and Florida.  Kensington was not licensed as a mortgage lender, except in Florida.  May 29, 2012 Trial Transcript ("Trial Tr."), p. 76.  Despite the fact that Kensington was licensed to act as a mortgage lender, it never engaged in mortgage banking, and surrendered its Florida mortgage banking license in the second quarter of 2009.  Trial Tr., p. 77. Kensington was not licensed to originate FHA loans.  Trial Tr., p. 18 – 19.

In November 2007 and December 2007, TD Bank loaned $410,000.00 to Kensington, and was granted a security interest in all of Kensington's accounts, chattel papers, goods, inventory, equipment, fixtures, investment property, deposit accounts, documents, general intangibles and other collateral.  The Debtor and Doran each executed an Unlimited Guaranty pursuant to which each personally guaranteed Kensington's indebtedness to TD Bank. Thereafter, Kensington defaulted on its obligations under the loan agreements and the Debtor and Doran defaulted under the guarantees.  According to Doran's testimony, Kensington's

---

[2] The Court assumes that the Plaintiff withdrew Count Three prior to the trial, since the Plaintiff did not present any evidence in support of this Count at trial, and did not address Count Three in the Joint Pretrial Memorandum.

FORM B10 (Official Form 10) (10/05)

**COPY**

| United States Bankruptcy Court | Southern District of New York | **PROOF OF CLAIM** |
|---|---|---|

**Name of Debtor:**
RESIDENTIAL CAPITAL, LLC, et al., GMAC Mortgage

**Case Number:**
12-12020 (MG)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**Name of Creditor (The person or other entity to whom the debtor owes money or property):**

Perry E. Goerner

**Name and address where notices should be sent:**

Perry Goerner
12 Wantage School Road
Sussex, N.J. 07461

Telephone number: 973-875-6474

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Claim # 3515
Initials ___

This space is for Court Use Only

**Last four digits of account or other number by which creditor identifies debtor:** SS# 1998

Check here if this claim ☐ replaces ☐ amends    a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☑ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other Loan documents not fully executed

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)
Last four digits of your SS#: _____
Unpaid compensation for services performed
from _____ to _____
     (date)          (date)

**2. Date debt was incurred:** 04/04/2007

**3. If court judgment, date obtained:** none

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim $** _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☑ Real Estate    ☐ Motor Vehicle    ☐ Other _____

Value of Collateral: $ 324,838.00

Amount of arrearage and other charges at time case filed included in secured claim, if any $ approx. 324,838.00

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:** $ _____ (unsecured)    324,838.00 (secured)    _____ (priority)    324,838 (Total)

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is for Court Use Only

**RECEIVED**

**NOV 0 7 2012**

**KURTZMAN CARSON CONSULTANTS**

**Date**
10/06/2012

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any).

_Perry Goerner_    Perry Goerner (Owner)

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.