**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
================================================

RESIDENTIAL FUNDING COMPANY, LLC

                Plaintiff,                Index No. 017897/2007

    -against-                           CONFIDENTIAL SETTLEMENT
                                                   AGREEMENT AND MUTUAL
SAXON EQUITY MORTGAGE BANKERS, LTD.     RELEASES
and THE ESTATE OF MARK M. WOLF, deceased.

              Defendants.
================================================

This Settlement Agreement and Mutual Release ("Agreement") is made between Plaintiff, Residential Funding Company, LLC ("Residential"), Defendant, The Estate of Mark M. Wolf, deceased ("Defendant") and the Lawyers Fund for Client Protection of the state of New York ("Lawyers Fund"), all of whom are collectively referred to in this Agreement as the "Parties".

I. RECITALS

    A.    WHEREAS, on or about October 5, 2007, a complaint was filed by Plaintiff to recover a sum of money as a result of the alleged conduct of Wolf in the Supreme Court of the State of New York in and for the County of Nassau under Index Number 017897/2007;

    B.    WHEREAS, Wolf died on December 13, 2007 and Virginia Wolf, his wife, was appointed as the executrix of the Estate of Mark Wolf by the Surrogates Court of the , State of New York in and for the County of Nassau;

    C.    WHEREAS, Saxon Equity Mortgage Bankers, Ltd. has defaulted in appearing or in answering the complaint;

    D.    WHEREAS, Residential has filed a case under Chapter 11 of the Untied States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") with Case Number _12-12020 (MG)_

1

E.  WHEREAS, The terms and provisions of this Settlement Agreement must be approved by the Bankruptcy Court, before this Settlement Agreement is binding on the Plaintiff;

F.  WHEREAS, the Lawyers' Fund is a creditor of the Estate of Mark Wolf pursuant to an assignment of a claim by Kathleen Verini and filed a timely Notice of Claim with the Estate;

G.  WHEREAS, there is a sum of money on deposit in the Estate Account in the approximate amount of $92,241.25, as of July 13, 2013 ("Fund");

H.  WHEREAS, the Parties desire to fully settle and release any and all claims which the Parties may have against each other to the extent set forth below, and to avoid the further expense and uncertainty of litigation and to provide further for the distribution of the Fund as hereinafter set forth.

NOW THEREFORE, in consideration of the payments to be made and the covenants, promises, and releases granted, the Parties through their attorneys stipulate and agree as follows:

## II. AGREEMENT

1. **Incorporation of Recitals.** Each of the above recitals are incorporated by this reference and made a part of this Agreement.

2. **Payment.** The Parties agree to resolve the Action and all claims against Virginia Wolf in her capacity as, the Executrix of the Estate of Mark Wolf, deceased and all claims asserted by the Lawyers' Fund against the Fund with the following payments.

    a..  The defendant is authorized to pay to Kreinces & Rosenberg, P.C. as and for the balance of its counsel fees, the sum of $5,000.00;

    b.  The executrix is authorized to pay to the Lawyers' Fund, the sum of $55,000.00, in full and final settlement of all claims which the Lawyers'

2

Fund may have, now has or will have against Virginia Wolf, as the Executrix of the Estate of Mark Wolf, deceased or the fund..

c. The balance of the account which is now approximately $32,241.25 shall be paid to Residential Funding Corp. or such payee as designated by it or its attorneys, Meyer, Suozzi, English & Klein, P.C.

d. All of the aforesaid payments shall be made within fourteen (14) days after the Order of the Bankruptcy Court approving the Settlement Agreement becomes final.

3. **No Contribution or Indemnity.** Each Party agrees that it shall have no right whatsoever to reclaim or recover, on any theory and under any body of law, any amount paid to any other Party pursuant to this Agreement and that all such sums paid as provided herein are payments of agreed compromise amounts on claims which were or could have been asserted by the Parties.

4. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the United States of America and the State of New York.

5. **General Release.** Upon receipt by Plaintiff's counsel of the Settlement Amount set forth in Paragraph 2, Plaintiff's counsel shall file a Stipulation for Dismissal with Prejudice as against the Estate of Mark Wolf with the Clerk of Nassau County. Upon completion of the payments set forth in Paragraph 2 above, the Parties hereby release and forever discharge each other and all of their agents, employees, liability insurers, predecessors, corporate parents, affiliates, subsidiaries officers, owners, attorneys, representatives, or any other persons, from any and all claims or causes of action, known or unknown, which the Parties have or may have, arising out of or in any way relating to the matters alleged in the Action, except that the release

3

in favor of Ms. Wolf shall be limited to a release with respect to her actions as Executrix of the Estate of Mark Wolf.

6. **Severability.** If any provision of this Agreement is found to be unenforceable or invalid as a matter of law, then all remaining provisions of this Agreement shall nevertheless remain valid and enforceable to the fullest extent permitted by law.

7. **Successors and Assigns.** The obligations of the Parties hereto shall inure to the benefit of and be binding upon each of the Parties hereto and their respective heirs, administrators, successors, and assigns.

8. **Counterparts and Execution.** This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed an original, but all of such counterparts shall constitute one and the same instrument. This Agreement, and any documents to be entered into in connection with this Agreement, will be considered signed when the signature of a Party is delivered by facsimile or electronic transmission. The signature of any Party provided by facsimile or electronically shall be deemed to be original signatures for all purposes hereunder.

9. **Entire Agreement.** The Agreement constitutes the entire agreement between the Parties hereto with respect to its subject matter, and supersedes in its entirety all prior oral or written understandings or agreements to the extent inconsistent with the terms of this Agreement. By entering into this Agreement, no Party hereto concedes the validity of the assertions previously made by any other Party hereto with respect to any issue resolved by this Agreement.

4

10. **Amendment.** This Agreement may be amended only by an instrument in writing executed by all the Parties hereto, and no amendment or waiver of or under this Agreement shall be effective unless agreed in writing by the Party to be charged or otherwise affected thereby.

11. **Representations and Warranties.** Each of the Parties expressly represents and warrants that:

    a.  it has the full right and authority to enter into this Agreement and to carry out undertakings set forth herein, on its behalf, and has the full right and authority to commit and bind such Party to the provisions hereof and to perform the undertakings set forth herein;

    b.  except for statements, representations and promises expressly set forth in this Agreement, no Party hereto has made any statement or representation to any other Party regarding any fact material to this Agreement and no Party hereto has relied upon any statement, representation or promise of any other Party, or of any representative or attorney for any other Party, in executing this Agreement, or in making the settlement provided for herein;

    c.  it has made such investigation of the facts pertaining to this agreement, and all matters pertaining hereto as it deems necessary or desirable;

    d.  it has received independent legal advice with respect to the advisability of executing this Agreement and in connection therewith has ought and received legal advice concerning the nature, extent and priority of its liens and claims vis-à-vis all other Parties and has determined to accept and make payments hereunder in full satisfaction thereof; and

    e.  it has not assigned, transferred, subrogated, purported to assign, transfer, or subrogate, to any other person, corporation, or entity any of the Parties' claims released hereby or if any of said Parties' claims have been so assigned, transferred, subrogated, pledged or encumbered, that any third party with rights therein has consented to this Agreement.

12. **Signatures.** The attorneys whose signatures appear below on behalf of a corporate Party hereby represent and warrant that such attorneys have the authority to execute this Agreement on behalf of the corporate Party and that by doing so have bound the corporate Party to the terms of this Agreement.

5

13. **Further Documents and Acts.** The Parties to this Agreement will, in good faith, exercise and perform such other acts as are reasonably necessary and appropriate to consummate and carry out the terms and conditions and other contracts described under this Agreement. The Parties hereto agree to execute and deliver such further instruments, agreements, contracts and documents, as may be reasonably required to effectuate the stated and intended purposes of this Agreement.

14. **Approval of the United States Bankruptcy Court.** The Parties acknowledge that the terms and provisions of this Settlement Agreement are subject to the approval of the Bankruptcy Court. Plaintiff's counsel agrees to prepare as soon as possible such application as is necessary to be made to the Bankruptcy Court for such approval.

Dated: October   , 2013

The undersigned attorneys on behalf of their respective clients consent to this Agreement and agree to be bound by its terms:

MEYER, SUOZZI, ENGLISH &
KLEIN, P.C.

By: _____
Alan E. Marder, Esq. (   )
Attorneys for Residential Funding Corp.
990 Stewart Avenue
PO Box 9194
Garden City, New York 11530
Telephone: 516-592-6565

ERIC SCHNEIDERMAN
New York State Attorney General
Attorney for the Lawyers' Fund for Client Protection of the State of New York

By: _____
Richard Rodgers, Assistant Attorney General
The Capitol
Albany, New York 12224
Telephone: 516-402-2372

KREINCES & ROSENBERG, P.C.

By: _____
Leonard Kreinces (LK6524)
Attorneys for Ginger Wolf, as executrix
900 Merchants Concourse, Suite 305
Westbury, New York 11590
Telephone: 516-227-6500

Z:\kreinces1\WORK\ESTATES\wolf #08-01\saxon equities\confid.settlement.agmt2.8.21.13.wpd

6