UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | |

### NOTICE OF CREDITOR'S OBJECTION TO DEBTOR'S OMNIBUS OBJECTION TO CLAIMS

Michelle Lawson, et al., in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as a creditor in possession (the "Creditor"), respectfully represent:

### RELIEF REQUESTED

1. The Creditor files this objection to Debtor's filing of omnibus objections to proofs of claim (collectively, the "Misclassified and Wrong Debtor Borrower Claims").

2. The Creditor asserts that the criteria required for entitlement to priority or secured status have been met, and, therefore, is entitled to priority or secured status as asserted in the attached proofs of claim, as indicated on Exhibit A.

3. The Creditor further asserts that the proof of claim was filed properly against the correct Debtor.

4. In addition, the Creditor asks that the status of secured creditor remain and not be reclassified and redesignated because the rights of the Creditor must be preserved in a situation in which the actions of fraud in the inducement and misrepresentation, among other things are at issue.

5. To the extent such claim is ultimately reclassified and redesignated, and to preserve the Creditor's right to object later, among other rights, the Creditor expressly reserves all rights to object on any other basis to any Debtor's Claim to which this Court does not grant the relief requested herein.

6. Although the proofs of claim identified in the omnibus objection of the Misclassified and Wrong Debtor Borrower Claims classify a borrower as "a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtor," that situation does not account for a person who was fraudulently

1

induced to contract for the loan. In this case, the loan is the Secondary Mortgage Note as attached in Exhibit A.

7. Although the Debtors determined that the claim of Michelle Lawson, et al., Claim #5282, as identified on Exhibit A of the above mentioned cases, improperly asserts secured and/or administrative priority status for all or a portion of such claim, including priority under Section 503(b)(9) of the United States Bankruptcy Code, the Creditor's proofs of claim contain valid bases for treatment as a secured and/or administrative priority claim because the Secondary Mortgage Note, a promissory note, was perfected upon attachment.

8. Pursuant to United States Bankruptcy Code, the Secondary Mortgage Note, a promissory note, was perfected upon attachment. In this case, when the promissory note was sold to the first purchaser and subsequent purchasers, including GMAC Mortgage LLC, the security interest (real estate located at 226 East Gorgas Lane, Philadelphia, PA 19119, USA, (the "Property") of the Creditor (Michelle Lawson, et al.) perfected upon attachment.

9. Under the United States Bankruptcy Code the Creditor has an enforceable security interest because (1) the Creditor has possession of the collateral, the Property, (2) the secured party, the Creditor, has given something of value to the Debtor in the form of monthly mortgage payments in the amount of $408.17 per month beginning February 1, 2005, proof of which is attached as Exhibit A, and (3) the Debtor has rights in the property through the attached Secondary Mortgage Note, also attached as Exhibit A.

### THE CREDITOR'S CLAIM SHOULD NOT BE RECLASSIFIED AS A GENERAL UNSECURED CLAIM AND REDESIGNATED AS A CLAIM FILED AGAINST ANY OTHER DEBTOR

10. To disallow the Creditor's claims and claim status would result in the claimant not receiving a higher distribution, which would be to the detriment of the Creditor given the asserted improprieties herein and the egregious nature of the transaction.

11. The proof of claim filed on the claims register in the Chapter 11 Cases maintained by KCC, as filed by the Creditor was filed against the correct Debtor.

12. To the extent such claim is ultimately reclassified and redesignated, the Creditor should be allowed to receive a recovery on the claim from the Debtor's estate given the business association and/or relationship between all parties designated as the Debtor.

13. Accordingly, in order to properly reflect the Debtor against which these claims should be asserted, the Creditor requests that this Court not modify the claim of Michelle Lawson,

et al., Claim #5282, because it properly reflects a claimed liability against the appropriate Debtor.

14. To the extent such claim is ultimately redesignated and reclassified, the Creditor objects to any changes to the corresponding Debtor as listed on the omnibus objections. With respect to all references to Michelle Lawson, et al., Claim #5282, in the Misclassified and Wrong Debtor Borrower Claims that are the subject of this Thirty-Sixth Omnibus Claims Objection, the Creditor further objects to such Debtor claims as they are not subject to Bankruptcy Rule 3007(d)(6) on the grounds that the Creditor's claim fails to provide documentation sufficient to support the classification asserted in such claims because sufficient documentation has been provided in Exhibit A.

15. Pursuant to 11 U.S.C. §506(a), the Creditor's claim is secured because (1) the Creditor has a right to a setoff, (2) the Creditor has possession of the security interest, and (3) notice was provided to all third parties via the recording of the deed.

16. In addition, under 11 U.S.C. §1322(b)(2), the Debtor may not modify the rights of the Creditor when there is a security interest in real property.

17. Pursuant to the Federal Rules of Bankruptcy Procedure, Rule 3001(d), Evidence of Perfection of Security Interest, was attached to the Proof of Claim in the form of the Secondary Mortgage Note and attached payment schedule and claims. The proof of claim was accompanied by evidence that the security interest has been perfected as indicated in Exhibit A and through possession by the Creditor.

18. In sum, in order to (a) preserve the intended order of priority of claims as set forth by the Bankruptcy Code, (b) properly reflect the Debtor against which the Claim should be asserted, and (c) to protect the rights of the Creditor, the Creditor requests that the Claim not be reclassified and/or redesignated, and asserts that the Creditor's claim asserts the proper Debtor.

Date: 10/21/13

Signature: Michelle C/\_

Name:    Michelle Lawson, et al.
Address: 226 East Gorgas Lane
         Philadelphia, PA 19119
Claim:   Claim Number 5282

B 10 Modified (Official Form 10) (12/11)

# UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK — PROOF OF CLAIM

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Michelle Lawson, et al.**

Name and address where notices should be sent:
Michelle Lawson, et al.
226 East Gorgas Lane
Philadelphia, PA 19119

Telephone number: (215) 843-0560    email: michellec_lawson@hotmail.com

Name and address where payment should be sent (if different from above):
Same as above
Telephone number: (267) 738-3985    email: michellec_lawson@hotmail.com

☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____ (If known)
Filed on: 11/8/2012

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ **89,667.98**
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
■ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Secondary Mortgage Note
(See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 3279

3a. Debtor may have scheduled account as: Michelle Lawson, et al. (See instruction #3a)

3b. Uniform Claim Identifier (optional): (See instruction #3b)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ■ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ 250,000    Annual Interest Rate 8.8750 %  ■ Fixed  ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ 0
Basis for perfection: Deed of Trust
Amount of Secured Claim: $ 51,300.00    Amount Unsecured: $ 0

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ 0    (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

9. **Signature:** (See instruction #9) Check the appropriate box.
■ I am the creditor
☐ I am the creditor's authorized agent (Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Michelle Lawson, et al
Title:
Company:
(Signature)    (Date) 11/8/2012
Address and telephone number (if different from notice address above):

Telephone number: (215) 843-0560    Email: michellec_lawson@hotmail.com

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

■ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

■ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(**4**).

Amount entitled to priority:
$ **89,667.98**

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

12-12020-mg    Doc 5528    Filed 10/25/13    Entered 10/28/13 15:31:08    Main Document
Claim Number 5282    Pg 5 of 11                                                    EXHIBIT A

Michelle Lawson, et al.        Residential Capital, LLC Case No. 12-120020    Statement of Claims (3 pp.)

## Statement of Claims

1. Creditor is Michelle Lawson, et al., consumer and mortgagor residing at 226 East Gorgas Lane, Philadelphia, PA 19119. Creditor agreed to a single mortgage in the amount of $324,900.00 based upon a 30 year Fixed Rate Mortgage at an interest rate of 5.75%, a true and correct copy of which is attached hereto as Exhibit "A".

2. Debtor is Residential Capital, LLC, with a principal address as set forth in the claim and caption to complaint and Case No. 12-12020.

3. A promissory note (the "Note"), a true and correct copy of which is attached hereto as Exhibit "B" and is incorporated herein by reference, is secured by a secondary mortgage in the amount of $51,300.00 (the "Mortgage") dated December 3, 2004, executed by Trident Mortgage Company and its successors and assigns (also known as and doing business as the "Debtor") located at 1409 Kings Highway, Cherry Hill, NJ 08034.

4. The Mortgage and the Note should be considered voidable and rescinded upon the theory of mistake in that Creditor believed that the Note was one mortgage with a fixed rate of 5.75% and no balloon payment; whereas the Debtor was aware of the presence of the second mortgage and entered into the agreement on the basis of two mortgages, with one being the Note with a fixed interest rate of 8.8750% and a balloon payment of $40,945.67. Additionally, the Debtor knew or should have known that: (i) the Creditor would assume that it was one mortgage and one note rather than two; and (ii) the Creditor relied upon the Good Faith Estimate.

5. The Good Faith Estimate provided by Debtor did not disclose the presence of a second loan with a balloon payment as part of its terms among other provisions.

6. The Debtor did not provide a description and explanation of the nature and purpose of the Mortgage and the Note as well as specific information concerning balloon payments.

7. The Debtor did not supply Creditor with a Mortgage Servicing Disclosure Statement or a Servicing Disclosure Statement; hence, the Creditor was never notified of, made aware of or expected: (i) the possibility of multiple transfers of the Mortgage and the Note to other lenders and/or mortgage service providers; and (ii) that someone else would be servicing the Note and the Mortgage.

12-12020-mg    Doc 5528    Filed 10/25/13    Entered 10/28/13 15:31:08    Main Document EXHIBIT A
Claim Number 5282
Pg 6 of 11

Michelle Lawson, et al.        Residential Capital, LLC Case No. 12-120020    Statement of Claims (3 pp.)

8. The Debtor and/or mortgage originator engaged in steering the Creditor to an unqualified loan and/or mortgage(s): (i) that had predatory characteristics including but not limited to abusive terms and excessive fees; (ii) when the consumers could obtain a "qualified loan": (iii) which had abusive or unfair lending practices that promote disparities among consumers of equal credit worthiness but of different race, ethnicity, gender or age; and (iv) mischaracterizing the consumer's credit history and/or the appraised value of the property.

9. The Creditor requested executed copies of the Mortgage and the Note from the Debtor but received unsigned copies of the Mortgage and the Note in response to the request.

10. Under this contract of adhesion, Creditor was led to believe that: (i) the down payment, good faith, and other purchase monies would be forfeited; and (ii) she would be in breach if the Mortgage and the Note were not signed. Furthermore, the Debtor should not be entitled to the benefit of this unfair bargain.

11. Furthermore, it is well settled that information in the Amortization Schedule (the "Schedule"), a true and correct copy of which is attached hereto as Exhibit "C" and is incorporated herein by reference, should match information in the GMAC Mortgage Account Statements (the "Statements"), true and correct copies of which are attached hereto as Exhibit "D" and is incorporated herein by reference; and any deviation constitutes misrepresentation and/or fraud. The principal, payment, payment number, interest and portion that are applied toward the principal as delineated on the Schedule provided by the Debtor **do not** match the interest paid year-to-date or the principal and interest amounts listed on the Statements.

12. This Mortgage and Note should be rescinded on the grounds of misrepresentation of fact and/or law with regard to the issuance of mortgage financing to purchase the property. Creditor was led to believe that she had to agree to the second mortgage or forgo financing altogether by *any* lender including Debtor. The Creditor relied upon this statement, and as a result the Creditor was fraudulently induced to contract for the Mortgage and the Note.

13. The grounds for rescission of the Mortgage and the Note include but are not limited to duress, coercion, unconscionability, failure of consideration and illegality. Because provisions in the Note, including the balloon payment and excessive interest rate, are such that the Creditor pays not only the principal and interest but also excessive fees

2

and interest that amount to a penalty and contract that: (i) is illegal; and (ii) runs afoul of public policy.

14. Without express language to the contrary, in the case of Debtor's bankruptcy and/or insolvency, the Debtor should immediately investigate, address, and provide relief to Creditor regarding predatory, unlawful, unconscionable and other fraudulent practices with respect to: (i) the Mortgage terms and provisions; (ii) the Note terms and provisions; and (iii) the lending and creditworthiness process as applied to Creditor.

15. The agreement is silent with respect to Creditor's rights in case of Debtor's bankruptcy and/or insolvency among other things. Therefore, as part of the available remedies, the Creditor has a right to renegotiate the terms of the agreement, including but not limited to the interest rate, the "balloon payment," and the principal and monthly payments.

_____
Michelle Lawson, et al.
Creditor/Mortgagor

APP NO. LAWSON1004PB

## SECONDARY MORTGAGE NOTE
This Agreement is subject to the provisions of the Secondary Mortgage Loan Act.

December 3, 2004         Devon              Pennsylvania
[Date]                   [City]             [State]

226 EAST GORGAS LANE, PHILADELPHIA, PA 19119
[Property Address]

MORTGAGOR COPY

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $ 51,300.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is TRIDENT SECOND MORTGAGE COMPANY

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder".

### 2. INTEREST
I will pay interest at a yearly rate of 8.8750 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS
I will pay principal and interest by making payments every month of U.S. $ 408.17
I will make my monthly payments on the 1st day of each month beginning on February 1, 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. If, on January 1, 2020 I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 1409 NORTH KINGS HIGHWAY, CHERRY HILL, NJ 08034 or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED
**(A) Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calender days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00% of my overdue payment. I will pay this late charge only once on any late payment.

**(B) Default**
If I do not pay the full amount of each monthly payment by the date stated in Section 3 above, I will be in default.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described below, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Notice from Note Holder**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or, if it is not mailed, 30 days after the date on which it is delivered to me.

**(D) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A MORTGAGE
In addition to the protections given to the Note Holder under this Note, a Mortgage, dated December 3, 2004 protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That mortgage describes how and under what conditions I may be required to make immediate payments in full of all amounts that I owe under this Note.

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE
I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as a "partial prepayment".

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

FORM 3939

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT
PAGE 1 OF 2

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer if to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note, will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address. Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE.

If more than one person signs this note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note ( as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**NOTICE TO BORROWER:**
Read this promissory note before you sign.
Do not sign this promissory note if it contains blank spaces.
This promissory note is secured by a secondary mortgage on your real property.

_____   _____ (Seal)
-Witness                     MICHELLE C. LAWSON          -Borrower

_____   _____ (Seal)
-Witness                     MARGARET LAWSON             -Borrower

_____   _____ (Seal)
-Witness                     JOSHUA E. LISS              -Borrower

                             _____ (Seal)
_____                                -Borrower
-Witness

WITHOUT RECOURSE
PAY TO THE ORDER OF:

TRIDENT SECOND MORTGAGE COMPANY

_____
GERARD F. GRIESSER, PRESIDENT

PENNSYLVANIA - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT                FORM 3939 (12/93)
PAGE 2 OF 2


# Trident Mortgage Company

October 19, 2004

Mr. Rob Lamb
Prudential Fox and Roach Realtors
14 W. Evergreen Avenue
Philadelphia, PA 19118

RE: Ms. Michelle C. Lawson
    Ms. Margaret Lawson
    Mr. Joshua E. Liss

Dear Mr. Lamb:

This letter is to certify that I have pre-approved Ms. Michelle Lawson, Ms. Margaret Lawson and Mr. Joshua Liss for a mortgage amount of $324,900.00 and a sale price of $342,000.00. This is based on a 30 Year Fixed Rate Mortgage at a current interest rate of 5.75% with 0 points.

This statement is based on income and debt information obtained by Trident Mortgage Company. Final commitment is subject to a written application, an acceptable agreement of sale and an acceptable appraisal of the property to be acquired. Trident Mortgage Company has verified acceptable credit histories on all borrowers.

Should you have any questions or require additional information please do not hesitate to contact me at 215-619-0541.

Sincerely,

*Robin L. Bowman*
Robin L. Bowman
Mortgage Consultant

/rlb

---

653 Skippack Pike Suite 207 ● Blue Bell, PA 19422

EXHIBIT A

# GMAC Mortgage

**CUSTOMER INFORMATION**
Name: Michelle C Lawson
         Margaret Lawson
Account Number: ■■■■3279
Home Phone #: (215)843-0560

**PROPERTY ADDRESS**
226 EAST GORGAS LANE
PHILADELPHIA    PA 19119

Visit us at www.gmacmortgage.com for account information or to apply on-line.

```
02/11/10 11:00 3   0025062 20110302 KC020808 GMREG   1 0Z DOM KC02080000  146316   GM
```

MICHELLE C LAWSON
MARGARET LAWSON
226 E GORGAS LN
PHILADELPHIA PA   19119-1929



For information about your existing account, please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side

## Account Information

| | |
|---|---|
| Account Number | ■■■■3279 |
| Statement Date | March 01, 2011 |
| Maturity Date | January 01, 2020 |
| Interest Rate | 8.87500 |
| Interest Paid Year-to-Date | $761.35 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $48,362.10 |

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $408.17 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $408.17 |
| Account Due Date | April 01, 2011 |

For Customer Care inquiries call:  1-800-766-4622
For Insurance inquiries call:   1-800-256-9962
For Payment Arrangements call:  1-800-850-4622

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 03/01/11 | 03/01/11 | $408.17 | | $408.17 | | | | $38.68- |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

!Attention Military Families!  At GMAC Mortgage we are committed to doing what we can to support our customers in the military.  If you or a member of your family are in the military and are experiencing a financial hardship, please contact us at 866-961-1412 or email us at Military.Families@gmacm.com to discuss your situation and identify possible alternatives.

See Reverse Side For Important Information And State Specific Disclosures