# **Exhibit 1**

# **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NATIONAL CREDIT UNION ADMINISTRATION BOARD AS LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT UNION AND U.S. CENTRAL FEDERAL CREDIT UNION**

Upon the motion (the "<u>Motion</u>")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 cases, as debtors in possession (collectively, the "<u>Debtors</u>"), pursuant to Bankruptcy Rule 9019 for approval of that certain Settlement Agreement entered into between the Debtors and the National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union and U.S. Central Federal Credit Union; and upon the Kruger Declaration; and upon the Lipps Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief requested therein having been provided to all parties in interest in the Chapter 11 cases, and no other or further notice being necessary; and the Court having reviewed the Settlement Agreement; and any objections to the Motion having been withdrawn or overruled; and after due deliberation and for good cause shown, it is hereby

---

[1] Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Motion.

ny-1114771

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth below.

2. The Settlement Agreement is hereby approved pursuant to Fed. R. Bankr. P. 9019(a), and, pursuant to the terms and conditions of the Settlement Agreement, and subject to the occurrence of the Effective Date, the Debtors are hereby authorized to take any and all actions as may be necessary to effectuate and implement the Settlement Agreement.

3. Pursuant to the Settlement Agreement, and subject to the occurrence of the Effective Date, the NCUAB Claims shall be allowed as general unsecured claims in the aggregate amount of $78 million as follows: $149,000 against RFMSI II; and $77,851,000 against RALI.

4. Subject to the occurrence of the Effective Date, the Settlement Agreement and the settlements releases and discharges contemplated thereby shall be binding on all parties in interest in these Chapter 11 cases.

5. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

6. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation as amended by that certain amendment dated July 26, 2013, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the

Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

7. This Court shall retain jurisdiction with respect to all matters arising out of or related to the implementation of this Order.

Dated: _____ \_\_, 2013
       New York, New York

                                      _____
                                      THE HONORABLE MARTIN GLENN
                                      UNITED STATES BANKRUPTCY JUDGE