**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---

## FIFTH STIPULATION AND ORDER PERMITTING CERTAIN
## PARTIES TO FILE PROOFS OF CLAIM AFTER THE BAR DATE

This stipulation and order (the "<u>Stipulation</u>") is made and entered into by, between and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "<u>Debtors</u>"),[1] and the Class Representative (as defined below) on behalf of the Class Representative and the Settlement Class ((as defined below) and collectively with the Debtors, the "<u>Parties</u>")). The Parties, by and through their respective counsel, respectfully submit this Stipulation permitting the Class Representative and the individual Settlement Class members (the "<u>Class Members</u>"), to each file a proof of claim (each a "<u>Proof of Claim</u>") in respect of a prepetition claim, as defined in Bankruptcy Code section 101(5), and allowing the Class Representative and Class Members to submit such Proofs of Claim within thirty (30) days after the last to occur of the following events: the State Court's issuance of a ruling on the Settlement Class' request for final approval of the Settlement Agreement and this Court's issuance of a ruling on the Settlement Motion, as defined below, but in no event later than November 30, 2013, subject to further extension upon the consent of the Parties or the approval of the Court.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6].

## RECITALS

A.    In July 2003, certain individuals commenced a class action, captioned *Steven and Ruth Mitchell v. Residential Funding Company, LLC, et al.* (Case No. 03-CV-220489-01) (the "Class Action"), which is currently pending in the Circuit Court of Jackson County, Missouri, Division 4 (the "State Court").  The litigation was brought by the class representative (the "Class Representative") on behalf of certain similarly-situated borrowers (the "Litigation Class") who, on or after July 29, 1997, each obtained a Second Mortgage Loan (as defined by the Missouri Second Mortgage Loan Act) from Mortgage Capital Resource Corporation on real property located in Missouri.  The action was filed against, among others, Residential Funding Corporation (n/k/a Residential Funding Company, LLC ("RFC").

B.    On December 8, 2006, the State Court certified the Litigation Class. The parties to the Settlement Agreement (as defined below) include RFC, on the one hand, and the Class Representative and certain members of the Litigation Class (the "Settlement Class"),[2] on the other hand.

C.    On February 27, 2012 (the "Settlement Date"), the Settlement Class and RFC entered into a settlement agreement in which RFC agreed to pay $14.5 million to settle and release all claims asserted against it in the Class Action (the "Settlement Agreement").  On April 16, 2012, the Settlement Class received preliminary approval from the State Court of the Settlement Agreement.  After notice of the Settlement Agreement was given to the Settlement Class (none of whom opted out), but before final approval of the Settlement Agreement was obtained from the State Court, the Debtors commenced these Chapter 11 cases.

---

[2]    More specifically, the Settlement Class includes all member of the Litigation Class that did not timely exclude themselves from the Litigation Class (as certified by the State Court on December 8, 2006).  In addition, the Settlement Class only includes any members of the Litigation Class who obtained a loan that was purchased by, assigned to, serviced by and/or master serviced by RFC.

2

D.On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

E.On August 29, 2012, the Bankruptcy Court set November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim against the Debtors (the "Bar Date") pursuant to the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "General Bar Date Order") [Docket No.1309].[3]

F.On November 14, 2012, the Court entered a stipulation between the Parties providing the Class Representative and the Individual Class Members with the right to file Proofs of Claim in the Debtors' cases no later than February 28, 2013 [Docket No. 2171].

G.On February 21, 2013, the Court entered a second stipulation between the Parties providing the Class Representative and the Individual Class Members with the right to file Proofs of Claim in the Debtors' cases no later than May 31, 2013 [Docket No. 2986].

H.On May 28, 2013, the Court entered a third stipulation between the Parties providing the Class Representative and the Individual Class Members with the right to file Proofs of Claim in the Debtors' cases no later than September 30, 2013 [Docket No. 3837].

I.On September 25, 2013, the Court entered a fourth stipulation between the Parties providing the Class Representative and the Individual Class Members with the right to file Proofs of Claim in the Debtors' cases no later than October 31, 2013 [Docket No. 5195].

---

[3]On November 7, 2012, the Bankruptcy Court entered an order further extending the Bar Date to November 16, 2012 at 5:00 p.m. est [Docket No. 2093].

3

J.      The Debtors anticipate filing a motion that seeks both (i) relief from the automatic stay to allow counsel for the Settlement Class to obtain final approval of the Settlement Agreement in the State Court and (ii) approval of the Settlement Agreement that will provide the Settlement Class with an allowed general unsecured claim in a fixed amount in these Chapter 11 cases (the "<u>Settlement Motion</u>").  Because the Settlement Motion has not yet been heard by the Court and may also require the approval of the State Court, the Debtors have agreed to further extend the date for the filing of Proofs of Claim by the Class Representative and the Class Members.

**NOW, THEREFORE,** it is hereby stipulated and agreed, and upon approval by the Bankruptcy Court it shall be **SO ORDERED**:

1.      A Proof of Claim filed by the Class Representative and/or any of the Class Members shall be deemed timely filed notwithstanding the occurrence of the Bar Date; *provided*, that the Class Representative and/or the Class Members shall cause such Proof of Claim to be actually filed no later than the date that is thirty (30) days after the last to occur of the following events: the State Court's issuance of a ruling on the Settlement Class' request for final approval of the Settlement Agreement and this Court issuance of a ruling on the Settlement Motion, but in no event later than November 30, 2013, or such later date as may be approved by the Bankruptcy Court.  Absent further order of the Bankruptcy Court, if the Class Representative or a Class Member fails to comply with this Stipulation by timely filing a Proof of Claim in the appropriate form as set forth below, such party shall be barred from: (i) asserting such claim against the Debtors and their Chapter 11 estates; and (ii) participating in any distribution in these Chapter 11 cases on account of such claim.

2.      The Parties shall retain any and all rights and defenses with respect to the Proofs of Claim, including with respect to the validity, priority, and amount of any claim asserted

4

pursuant to the Proofs of Claim, and the right and standing of the Class Representative to file a Proof of Claim on behalf of the Settlement Class. Nothing herein shall constitute or be deemed to constitute an admission of liability by the Debtors with respect to any claim asserted by a Proof of Claim.

3. This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court.

4. This Stipulation is entered into by the Debtors and the Class Representative for administrative convenience only and is without prejudice to, and expressly reserves, the rights of all parties-in-interest to contest the allowance of any such claims.

5. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to constitute: (a) an admission of liability by the Debtors with respect to any claim asserted by a Proof of Claim; or (b) evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party, other than as provided herein.

6. Each of the Parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

7. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

8. The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to or arising from this Stipulation.

9. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry by the Bankruptcy Court.

**SO STIPULATED AND ORDERED.**

Dated:   October 29, 2013                                            Dated:  October 29, 2013

  */s/ Norman S. Rosenbaum*                              */s/ R. Keith Johnston*
Gary S. Lee                                                               R. Frederick Walters
Norman S. Rosenbaum                                          David M. Skeens
Jordan A. Wishnew                                                R. Keith Johnston


**MORRISON & FOERSTER LLP**                      **WALTERS BENDER STROHBEHN &**
1290 Avenue of the Americas                              **VAUGHAN, P.C.**
New York, New York  10104                              2500 City Center Square
Telephone:  (212) 468-8000                                 1100 Main Street
Facsimile:  (212) 468-7900                                   Kansas City, Missouri 64105
                                                                              Telephone: (816) 421-6620
                                                                              Facsimile:  (816) 421-4747

*Counsel to the Debtors and*                                *Counsel to the Class Representative and the*
*Debtors in Possession*                                         *Settlement Class*


Dated:  October 29, 2013
            New York, New York


                                                         **     /s/Martin Glenn     **
                                                             MARTIN GLENN
                                                        United States Bankruptcy Judge