MARTHA E. ROMERO, State Bar No. 128144
ROMERO LAW FIRM
BMR Professional Building
Whittier, California 90601
Phone (562) 907-6800
Facsimile (562) 907-6820
Email: Romero@mromerolawfirm.com

Attorneys for SECURED CREDITOR
COUNTY OF SAN BERNARDINO, CALIFORNIA
A CALIFORNIA TAXING AUTHORITY

IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>**LIMITED OBJECTION OF COUNTY OF SAN BERNARDINO TO CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**<br><br>DATE: November 19, 2013<br>TIME: 10:00 AM<br>CRTRM: 501<br>US Bankruptcy Court,<br>Southern District of NY,<br>One Bowling Green, New York, New York 10004 |

TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE, AND TO INTERESTED PARTIES:

The County of San Bernardino, California, a California Taxing Authority ("San Bernardino") hereby objects, as follows, to the Debtor's Chapter 11 Plan Proposed by Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors (hereafter "Plan").

[RECEIVED OCT 28 2013 U.S. BANKRUPTCY COURT, SDNY]

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Debtors own numerous parcels of real property in San Bernardino County, California, as further identified in Exhibit A, which is attached hereto. Also at issue are numerous parcels with respect to title in GMAC as further identified in Exhibit B, which is attached hereto. The grand total of the remaining parcels on both exhibits is **$22,946.88**. Declaration of Arebalo previously filed with objection to disclosure statement.

The real properties are subject to the assessment of secured local property taxes by San Bernardino under California State law. The treatment of the real property taxes in the Plan is the primary grounds of this Objection.

The San Bernardino County Office of the Tax Collector filed a claim on or about November 8, 2012[1] for $97,493.72 in real property taxes, including amounts due for tax years 2008 through 2012. This amount is subject to increase pursuant to 11 U.S.C. Section 506(b).

On January 1, 2013 the current year tax liens attached to each of the parcels for tax year 2013-14. San Bernardino is currently updating the amounts due and will provide them as requested. The entire amount of taxes due is therefore substantial. To conclude, there are both substantial pre-petition and post-petition taxes due on the parcels, the amounts of which continue to increase on a monthly basis due to the imposition of additional

---

[1] The Claim was stamped "RECEIVED November 08, 2012 KURTZMAN CARSON CONSULTANTS".

2

fees and interest.

## II. THE PLAN FAILS TO PROPERLY PROVIDE FOR SECURED TAX PAYMENTS.

### A. Post-Petition Secured Property Taxes.

Post-Petition Secured Property Taxes constitute an Administrative Claim and should be so treated. (11 USC Section 503(b)(1)(B)(I)) Instead, Debtor has entirely failed to mention any county property taxes, from any county, in the Pan. In the instant case, this would include fiscal tax year 2013-14 as the tax liens attached on January 1, 2013.

Post-petition secured property taxes should be included in the section of the Plan for Administrative Claims, but they are not mentioned anywhere. The post-petition administrative tax claims of San Bernardino County should be included in the Plan, as they have not been paid or discharged, and remain debts of the estate. Apparently the Plan authors view property taxes as constituting priority claims. However, under California law they are not priority claims. Instead, they are secured administrative claims.

San Bernardino County respectfully proposes that the following language for post-petition property taxes be added to the Administrative Claim section of the Plan so as to cure this defect:

> The secured claim of the San Bernardino County California Taxing Authority will be paid timely and in the normal course of business with all applicable costs, fees, charges and interest pursuant to 11 U.S.C. Sections 506(b) and 511. A failure by the Debtor to make a payment to San Bernardino County pursuant to the terms of the Plan shall be an Event of Default. If the Debtor fails to cure an Event of Default as to tax payments within ten (10) days after service of written notice of default, then the San Bernardino County

Taxing Authority may enforce the entire amount of its claim, plus all penalties and interest accrued under state law, against the Debtor in accordance with applicable state law remedies.

Insertion of the above language will resolve the objection of San Bernardino as to treatment of its post-petition secured property tax claims.

San Bernardino notes that since the 2005 Reform Act, governmental units are not required to submit a request for payment of an administrative expense. 11 U.S.C. Section 5039(b)(1)(D) states:

> Notwithstanding the requirements of subsection (a) a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) as a condition of its being an allowed administrative expense.

Nevertheless, inclusion of the above language will place all parties on notice as to the requirement to pay the post-petition taxes as a secured claim, and thereby avoid potential future litigation.

**B. Pre-Petition Secured Property Taxes.**

Under California law, pre-petition property taxes constitute secured claims (see below) and should therefore be specifically included in the section of the Plan for secured claims. However, the Plan fails to mention any secured claims for property taxes filed by any county.

The danger with including the claims with priority claims

is that the entire amount of the secured real property taxes may not be paid in full. (Especially the interest)

To remedy this failure as to San Bernardino, San Bernardino suggests insertion of the following language under the section of the Disclosure Statement and add a section for Secured Claims:

> The secured claim of the San Bernardino County California Taxing Authority will be paid over in full on the effective date with all applicable costs, fees, charges and interest pursuant to 11 U.S.C. Sections 506(b) and 511.  The secured claimant shall retain its lien until the secured tax is paid in full. The payments shall be made monthly. A failure by the Debtor to make a payment to San Bernardino County pursuant to the terms of the Plan shall be an Event of Default.  If the Debtor fails to cure an Event of Default as to tax payments within ten (10) days after service of written notice of default, then it may enforce the entire amount of its claim plus all penalties and interest accrued under state law, against the Debtor in accordance with applicable state law remedies. The payments shall commence on the effective date.

Inclusion of the above language will resolve the objection of San Bernardino as to treatment of its pre-petition secured property taxes.  This language is especially appropriate given that the nature of the claim is that of a secured one and includes all amounts due ie "with all applicable costs, fees, charges and interest pursuant to 11 U.S.C. Sections 506(b) and 511.

San Bernardino therefore requests that the Plan provide for the language stated above.  San Bernardino also requests post petition interest at the state statutory rate until the amounts are paid, and that such provision be set forth in the Administrative Claim section.

## III. REAL PROPERTY TAX ASSESSMENTS ARE MANDATED UNDER CALIFORNIA LAW.

Under California State Law, every piece of real property is subject to taxation.[2] California Revenue and Taxation Code section 401 states: "Every assessor shall assess all property subject to general property taxation at its full value." Under California State Law, real property is to be assessed at the same percentage of fair market value.[2] California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general property taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ." Real property taxes are assessed as of January 1 ("the lien date") of the year in which taxes become due.[3]

---

[2] California Revenue and Taxation Code section 104 states: "Real estate or real property includes: (a) The possession of, claim to, ownership of or right to the possession of land."

In California, property tax assessments consist of two components. The first component is the assessed value. The second is the tax rate. The latter is applied against the former to calculate the amount of taxes due. This equation is sometimes known as the tax ratio. For taxable real property, the assessed value is determined at the same percentage of fair market value. (California Constitution Article XIII section 1)

[3] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."

Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

In California, property taxes are <u>in rem</u> and are payable only through sale proceeds. California Revenue and Taxation Code Section 2187 states: " Every tax on real property is a lien against

6

Additionally, the real property taxes are a first lien on the property. California Revenue and Taxation Code Section 2192.1 states:

> Every tax declared in this chapter to be a lien on real property . . . have priority over all other liens on the property, regardless of the time of their creation. Any tax . . . described in the preceding sentence shall be given priority over matters including but not limited to any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable.

Since the taxes are first priority liens on the property, they constitute a secured claim, and must be treated in that manner.

### IV. THE PLAN IS NOT CONFIRMABLE.

In the present case, the plan is not confirmable because of the reasons cited above. This limited objection should therefore be sustained.

### V. CONCLUSION.

The court should decline to approve the Plan until the

---

the property assessed." See <u>Long Beach v. Aistrap,</u> 164 Cal. App. 2d 41 (1958).

provisions suggested above, or comparable provisions, are included, voluntarily or by court order.

Dated: October 21, 2013               ROMERO LAW FIRM

                                      By___/S/MARTHA E. ROMERO___
                                      MARTHA E. ROMERO
                                      Attorney for Secured Creditor
                                      County of SAN BERNARDINO, CA
                                      A California Taxing Authority