MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO MOTION OF ANTHONY L. DAVIDE
FOR RECONSIDERATION OF ENTRY OF ORDER APPROVING THE
DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS
(MISCLASSIFIED BORROWER CLAIMS)**

ny-1114787

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession (collectively, the "Debtors")[1] in the above-captioned cases hereby file this objection (the "Objection") to the *Motion for Rehearing on Claim Objection to the Reclassification of Claim from Secured to Unsecured* [Docket No. 5236] (the "Reconsideration Motion") filed by Anthony L. Davide ("Movant"), a borrower appearing *pro se*. In support of the Objection, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## BACKGROUND

1. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2. On or about September 10, 2012, Movant filed a proof of claim designated as Claim No. 482 against GMAC Mortgage, LLC (the "Proof of Claim"), asserting a secured claim in the amount of $15,751.00 in connection with certain allegations involving, among other things, acts by the Debtors relating to Movant's mortgage account. Annexed to the Objection as Exhibit 1 is a redacted copy of the Proof of Claim.

3. On July 3, 2013, the Debtors filed the *Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* [Docket No. 4151] (the "Seventeenth Omnibus Claims Objection"), which included an objection to Movant's Proof of Claim because it was improperly classified as a secured claim instead of a general unsecured non-priority claim.

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date* [Docket No. 6].

2

ny-1114787

4. On August 13, 2013, Movant filed an objection to the Seventeenth Omnibus Claims Objection [Docket No. 4651].

5. On August 27, 2013, the Debtors filed an omnibus reply in support of the Seventeenth Omnibus Claims Objection [Docket No. 4843].

6. On September 13, 2013, after considering the Seventeenth Omnibus Claim Objection and responses thereto at the September 11, 2013 omnibus hearing, the Court entered a supplemental order sustaining the Seventeenth Omnibus Claims Objection as to certain claims [Docket No. 5043] (the "<u>Reclassification Order</u>"). Consistent with the terms of the Reclassification Order, the Proof of Claim was reclassified from a secured claim to a general unsecured non-priority claim, and preserved on the claims register.

7. On September 24, 2013, Movant filed the Reconsideration Motion, requesting a rehearing on the Reclassification Order due alleged circumstances that required Movant to discontinue his telephonic participation in the hearing prior to the Court's consideration of the Seventeenth Omnibus Claims Objection.

## **ARGUMENT**

**I.    Movant's Request Set forth in the Reconsideration Motion Should Be Denied**

8. This Court should deny the Reconsideration Motion because Movant has not satisfied the standard for reconsideration of Movant's request for relief from the Reclassification Order. Further, the allegations set forth in the Reconsideration Motion do not satisfy the standards under the applicable Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), as incorporated by the Federal Rules for Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), as discussed below.

9. Bankruptcy Rule 9023 incorporates Federal Rule 59, which regulates motions for amendment of a judgment. Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier

3

ny-1114787

decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" In re Miller, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004); see also Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) ("reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'") (internal citations omitted). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him." Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

10.    Movant fails to satisfy the requisite burden of proof required for relief pursuant to Bankruptcy Rule 9023. Movant has neither introduced any new evidence, established that the Court overlooked available evidence, identified any new arguments, nor presented new facts to the Court that would warrant the Court's reconsideration of its Reclassification Order. In addition, there has not been a change in the law since the Court entered the Reclassification Order.

11.    In addition, Bankruptcy Rule 9024 incorporates Federal Rule 60, which sets forth the grounds for relief from a final judgment, order, or proceeding. A party may be relieved from a final judgment or order where there is evidence of "fraud, misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b).

4

12. Similarly, Movant fails to demonstrate that he should be relieved from the Reclassification Order pursuant to Bankruptcy Rule 9024. As an initial matter, there is no evidence of any act of fraud, misconduct, or misrepresentation in filing the Seventeenth Omnibus Claims Objection. The Seventeenth Omnibus Claims Objection sought to reclassify certain proofs of claim on the claims register on the basis that such claims were improperly classified as secured and/or priority claims. Thus, while the Debtors reserved their right to object to these proofs of claim on other grounds in the future, the purpose of the Seventeenth Omnibus Claims Objection was to accurately reflect the nature and priority of certain borrower claims as general unsecured non-priority claims on the Debtors' claims register. In his Reconsideration Motion, Movant only states that he "was unable to stay on the [court call] line due to an unforeseen circumstance that required his immediate attention and thus disconnected from the call." See Reconsideration Motion ¶ 3. Movant does not point to any act of fraud, misconduct, or misrepresentation on the part of the Debtors. Further, Movant is not prejudiced by the relief provided in the Reclassification Order, as the Proof of Claim remains on the claims register.

13. The Debtors respectfully submit that for the aforementioned reasons, the Reconsideration Motion should be denied.

## II. If Movant Is Seeking Additional Relief, Such Relief Should Be Denied

14. The Reconsideration Motion also fails to satisfy the requirements of the Bankruptcy Rule 9013 and Rule 9013-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York, which require that each motion "specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief."

15. The Reconsideration Motion fails to adequately state the law upon which the requested relief is predicated. As a result, the Debtors cannot discern how the contents of the

Reconsideration Motion warrant the withdrawal of the Reclassification Order from having an effect on Movant's Proof of Claim, and instead see such relief as allowing Movant an improper recovery against the Debtors in case the Proof of Claim is ultimately deemed allowed.

16. Because the Reconsideration Motion fails to identify any legal concepts or factual content that would allow this Court to make a determination of the relief being sought, or the legal authority that serves as the basis for such relief, the Reconsideration Motion should be denied.

## CONCLUSION

17. For the reasons set forth above, the Court should deny the Reconsideration Motion, and grant such other relief as is just and proper. Accordingly, the Debtors request that the Reclassification Order stand as entered.

Dated: October 31, 2013
    New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
Telephone: (212)-468-8000
Facsimile: (212)-468-7900

*Counsel for the Debtors and
Debtors in Possession*