MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Adam A. Lewis

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' CONSOLIDATED RESPONSE TO
THE COURT'S ORDER TO SHOW CAUSE WHY PRO HACE ADMISSION OF
WENDY NORA SHOULD NOT BE REVOKED AND TO WENDY NORA'S MOTION
<u>TO VACATE JUDGE GLENN'S VERBAL "ORDERS"</u>**

ny-1114355

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

BACKGROUND ................................................................................................................................. 2

ARGUMENT ....................................................................................................................................... 4

    A.    Nora Falsely Asserts that the Court Verbally Revoked Her *Pro Hac Vice* Admission .......................................................................................................... 4

    B.    Nora Misrepresents the Record Regarding Caren Wilson's Claims ....................... 5

    C.    Nora Falsely States that the Court issued a default judgment as to Jan Ibrahim's Claims .................................................................................................... 7

    D.    The Court has Discretion to Revoke Nora's *Pro Hac Vice* Admission ................. 8

    E.    The Court Afforded Nora the Requisite Process ................................................. 10

    F.    Nora's Limited *Pro Hac Vice* Admission Did Not Convey an Unfettered Right to Appear in These Proceedings ................................................................. 11

CONCLUSION ................................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Auscape International v. National Geographic Society,
  No. 02-civ-6441 (LAK), 2003 WL 134989 (S.D.N.Y. Jan. 17, 2003) ...................................8

In re Chase,
  372 B.R. 142 (Bankr. S.D.N.Y. 2007) ........................................................................11, 12

In re Hake,
  398 B.R. 892 (B.A.P. 6th Cir. 2008) *aff'd,* 348 F. App'x 80 (6th Cir. 2009) ..........................9

Macdraw, Inc. v. CIT Group Equipment Financing, Inc.,
  994 F. Supp. 447 (S.D.N.Y. 1997) ...........................................................................9, 10

Martens v. Thomann,
  273 F.3d 159 (2d Cir. 2001) ..................................................................................11

Obert v. Republic Western Insurance Co.,
  190 F. Supp. 2d 279 (D.R.I. 2002) ............................................................................8

Pollitt v. General Motors,
  894 F.2d 858 (6th Cir. 1990) ..................................................................................9

Shick v. Berg,
  No. 03-civ-5513 (LBS), 2004 WL 856298 (S.D.N.Y. Apr. 20, 2004) .....................................8

U.S. v. Gutierrez,
  No. 94-Crim-565 (LAK), 1994 WL 593773 (S.D.N.Y. Oct. 28, 1994) ...............................8, 11

**OTHER AUTHORITIES**

Local Bankruptcy Rule 9014-2 ........................................................................................6

Fed. R. Bankr. P. 9014(e) ...............................................................................................6

http://www.nysb.uscourts.gov/pro-hac-vice . ...............................................................12

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] submit this response ("the Response") to the *Emergency Motion to Vacate Verbal "Orders" of Judge Martin Glenn Entered on October 9, 2013* [etc.] [Docket No. 5352] of Wendy Alison Nora (the "Motion to Vacate"), the Court's October 10, 2013 *Order To Show Cause Why Pro Hac Vice Admission of Wendy Alison Nora Should Not Be Revoked* ("Order to Show Cause") [Docket No. 5330], and the *Motion to Strike Order To Show Cause Entered on October 9, 2013 By Judge Martin Glenn* [etc.] [Docket. No. 5502] ("Nora's Response"). The Debtors submit that in light of Nora's refusal to offer a meaningful response to the Court's Order to Show Cause, her filing of frivolous pleadings, and her misrepresentation of the record, the Court is well within its rights to revoke her *pro hac vice* admission. Moreover, this Court should deny Nora's Motion to Vacate because it asks the Court to vacate verbal orders that it never made and because it repeatedly misstates the record.[2]

## PRELIMINARY STATEMENT

The Court would be justified in revoking Ms. Nora's privilege of appearing *pro hac vice* in this action because her conduct evidences a lack of respect for these proceedings, the Court, other parties and the facts. Indeed, this Court has already concluded twice that Nora filed frivolous papers. Her Motion to Vacate and Response to the Order to Show Cause are no better. Both egregiously misrepresent the record, and levy unfounded and demonstrably false accusations at the Court. For example, Nora's Motion to Vacate and the Nora Response repeatedly accuse the Court of verbally revoking her *pro hac vice* admission even though the record clearly demonstrates that the Court did no such thing. Nora also alleges that the Court issued a default judgment against Jan Ibrahim and instructed Caren Wilson to "seek new counsel

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[2] To the extent that the Court holds that Nora's Response to the Order to Show Cause may properly be treated as a motion to strike—it should also be denied for the same reasons as the Motion to Vacate.

1

ny-1114355

because her counsel's pro hac vice status was going to be revoked." The record—as available to Nora as to the Debtors—contradicts both of these allegations, too.

Moreover, Nora's Response completely ignores the questions and issues raised by the Court—instead she devotes the majority of her brief to attacking the Court, the Debtors, these proceedings, and rehashing arguments wholly irrelevant to the issues presented by the Order to Show Cause. Nora even challenges the Court's authority to issue the Order to Show Cause and accuses the Court of "misconduct," "extreme bias," and lacking a "working knowledge of the concept of due process[.]"

Accordingly, Nora's pattern of conduct in this case justifies revoking her *pro hac vice* admission, should the Court choose to exercise its discretion to do so.[3] As well, the Court should deny Nora's Motion to Vacate because there are, in fact, no verbal orders to vacate.

## BACKGROUND

1. During the October 9, 2013 omnibus hearing in the above-captioned cases, the Court questioned the basis for Nora's appearance *pro hac vice* on behalf of Paul Papas II, John Ibrahim, Caren Wilson, and other individuals. [Docket No. 5330] October 10, 2013, *Order to Show Cause Why Pro Hac Vice Admission of Wendy Alison Nora Should Not be Revoked* ("Order to Show Cause"), at 4; Declaration of P. Galante, Exhibit 1, Transcript of October 9, 2013 Hearing, at 56:23-58:24; 66:10-19. The Court further inquired as to whether Nora had properly been admitted to appear on behalf of any creditors other than herself. Exhibit 1, at 57:1-58:11. Then, pointing to the "frivolous" pleadings that Nora filed on behalf of Paul Papas, the Court stated that it would issue an order to show cause as to whether Nora had properly been granted *pro hac vice* admission to appear for anyone other than herself and whether her *pro hac vice* admission should be revoked (to the extent it had been granted). Order to Show Cause, at 5; Exhibit 1, at 58:11-24. The Court did not revoke her *pro hac vice* status at the October 9, 2013 hearing, and Nora was permitted to appear on behalf of Mr. Papas and Ms. Wilson. Exhibit 1 at

---

[3] As noted below, it is not even clear that the Court admitted her *pro hac vice*. Whether it did appears to be within the scope of the upcoming hearing.

2
ny-1114355

59:12-59:25; 143:6-144:19. The Court did not permit Nora to appear on behalf of Mr. Ibrahim because she had not filed a notice of appearance for that purpose. Id. at 146:11-147:8.

2. The very next day, on October 10, 2013, the Court entered the Order to Show Cause, which required Nora to appear on November 7, 2013, at 2:00 p.m.[4], to explain why her appearance as counsel *pro hac vice* on behalf of anyone other than herself *pro se* should not be revoked (assuming that such approval was ever granted in the first place). Order to Show Cause, at 5. The Order to Show Cause also requires that Nora address "what, if any, action or orders the Court should enter to protect the rights, if any, of the individuals on whose behalf Nora has sought to appear, in the event her *pro hac vice* admission is revoked." Id. Noting that in her *pro hac vice* application, Nora seeks to appear on behalf of herself "and thousands of similarly situated homeowners," the Order to Show Cause also directs Nora to address whether she has ever had a class certified in another venue. Order to Show Cause, at 1, 5.

3. On October 11, 2013, Nora filed a "Motion to Reconsider" the Court's verbal orders pursuant to "FRCP 60 or FRBP 3008." [Docket No. 5330]. On October 15, 2013, Nora amended that motion, filing her Motion to Vacate. [Docket No. 5352].

4. Nora's Motion to Vacate asserts that during the October 9, 2013 hearing, Judge Glenn "verbally 'revoked' her pro hac vice admission" and that Judge Glenn stated that Nora's admission *pro hac vice* "had been a mistake." Motion to Vacate ¶ 8. The Motion to Vacate also asks the Court to vacate its order adjourning the hearing of Caren Wilson, and vacate its "default" order denying Jan Ibrahim's claims. Motion to Vacate ¶¶ 29, 30.

5. On October 17, 2013, Paul Papas filed a "Joinder" and "Declaration in Support of" the Motion to Vacate. [Docket No. 5382].

6. On October 24, 2013, Nora filed her response to the Order to Show Cause. Nora's Response largely parrots the arguments in her Motion to Vacate. [Docket No. 5502]. Nora's Response also asserts that the Order to Show Cause is "extrajurisdictional,"

---

[4] The November 7, 2013 omnibus date was subsequently adjourned to November 15, 2013.

3

ny-1114355

"unconstitutional," and "void." Nora's Response ¶ 12. Nora fails to address the Court's question about what to do for her "clients" if her *pro hac vice* status is limited to representing herself (which she is entitled to do anyhow as an individual). And she admits that she has never had a class certified, but argues at length that she nevertheless has standing to represent the interests of those who are unable to represent their own interests adequately. Nora's Response ¶¶ 7-10, 16.

## ARGUMENT

### A. Nora Falsely Asserts that the Court Verbally Revoked Her *Pro Hac Vice* Admission

7.  Nora asserts that during the October 9, 2013 hearing, the Court issued a verbal order "revok[ing] her pro hac vice admission." Motion to Vacate ¶ 1; see also ¶¶ 1, 14, 19, 24, 28, 30, 32; Nora's Response ¶ 12. According to Nora, this "verbal order" violated her constitutional rights. Id. ¶ 12. The Court issued no such order. Contrary to Nora's contentions, the Court only expressed its intent to issue an order to show cause why Nora's *pro hac vice* admission should not be revoked. During the hearing, the Court stated "I'm going to enter an order to show cause . . . why your -- why leave to appear in the ResCap cases pro hac vice should not be revoked." Exhibit 1 at 57:11-15. The Court also expressly told Nora, "I will give you an opportunity to argue with respect to Mr. Papas' Claim." Id. at 59:12-13. Later, the Court repeated that it was not revoking Nora's *pro hac vice* status, but that it would "enter an order to show cause why [her] pro hac vice admission should not be revoked for anyone other than appearing on [her] own behalf." Id. at 58:12-14. Moreover, the Court expressly told Nora that she would be given an opportunity to be heard, stating "yes, you will have a chance to respond to it. Okay? I'm going to enter a written order to that effect." Id. at 57:19-21. The Court did that the very next day. Thus, far from ruling from the bench as to Nora's *pro hac vice* status, the Court expressly stated that it would "reserve [judgment] until the Court hears -- reads papers and hears argument on the order to show cause." Id. at 66:16-17.

4

ny-1114355

8. Nora argues that it is clear that the Court revoked her *pro hac vice* admission verbally at the hearing because the Court *told* Ms. Wilson to find other counsel. Nora misrepresents the record. What the Court said was that in light of developments, Ms. Wilson should *consider* finding other counsel. See infra ¶ 11.

9. Because the Court never issued a verbal order revoking Nora's *pro hac vice* admission, the Court should deny her Motion to Vacate.

### B.     Nora Misrepresents the Record Regarding Caren Wilson's Claims

10. Nora also demands that the court vacate the "verbal orders" arising from the hearing on the Debtor's objection to Caren Wilson's proof of claim (Proof of Claim No. 4754). In particular, she says that the Court's verbal order adjourning the hearing "is void for violation of her right to be heard on her opposition to the adjournment . . . and by ultimately telling Ms. Wilson that she should seek new counsel because her counsel's pro hac vice status was 'going to be revoked.'" Motion to Vacate ¶ 29. Once again, Nora misstates the record.

11. First, as just noted, the Court never told Ms. Wilson to find new counsel. Nor did the Court tell Ms. Wilson that "her counsel's pro hac vice status was going to be revoked." The Court actually said:

> The matter is adjourned and, Mr. Wishnew, you'll put it back on the calendar
> after the Court hears its order to show cause why Ms. Nora's pro hac application
> or pro hac status should be -- whether it should be revoked. We'll see -- Ms.
> Wilson better consider other counsel, but for now we'll go forward[.]

Exhibit 1 at 144:20-25. The court counseled Ms. Wilson to "consider" new counsel, but as discussed in Part A, also repeatedly told Nora that she would be given an opportunity to be heard regarding the status of her admission *pro hac vice*. Despite this, Nora ignores the clear record and repeatedly asserts that "[h]er pro hac vice admission has been revoked and unless and until she moves for reinstatement, the Court has no jurisdiction over her to be exercised by Order to Show Cause." Nora's Response ¶ 12.

12. Second, although Nora argues that the Court violated Ms. Wilson's rights by adjourning the hearing—the court adjourned the hearing as a result of Ms. Wilson's own action.

5

ny-1114355

Ms. Wilson filed the purported amended claim on September 23, 2013—three weeks after the Debtors filed their objection to her original claim. Id. at 143:8-144:5; 145:2-11. The Court possesses discretion to control its own calendar. And given Ms. Wilson's late purported amendment, it was well within the Court's power to adjourn the hearing to allow time for the Debtors to respond to Ms. Wilson's newly amended proof of claim. Moreover, Ms. Wilson cannot allege prejudice resulting from the adjournment—her own Response to the Debtors' Objection to her original claim argued that "[u]pon consultation with counsel, Ms. Wilson has amended her Proof of Claim 4754 . . . ***Proof of Claim 4754 is no longer pending before the Court*** . . . Proof of Claim [4754] to which Debtors have objected has been amended, ***and is now moot***." Ms. Wilson's Response to Objection to Claim #4754 [Docket No. 5222], ¶¶23-24 (emphasis added). Ms. Wilson cannot now allege prejudice resulting from the adjournment, given her early argument that her original claim (#4754) "is now moot."[5]

13.    Nora makes much of the presence of Ms. Wilson and her alleged expert and complains of the Court's failure to allow the matter to proceed with testimony. Motion to Vacate, ¶¶ 13-14, 29. However, under Local Bankruptcy Rules, absent specific exceptions (none of which was applicable), there is no testimony at the first hearing on a claim objection. *See* Local Bankruptcy Rule 9014-2; see also Fed. R. Bankr. P. 9014(e) (in contested matter court must provide advance notice of testimonial occasions).

14.    Further, it is unclear what relief Nora seeks by asserting the adjournment to be "void." In light of this and Nora's misrepresentation of the record, the Court should deny the Motion to Vacate the verbal order adjourning Caren Wilson's hearing on her proof of claim.[6]

---

[5] The Debtors do not concede the objection is moot, but sought the adjournment to address both the original claim and the purported amendment. The Debtors have expressly reserved all rights with respect to the purported amendment, including the timeliness of the filing thereof and whether it in fact constitutes a valid amendment to the original claim.

[6] That Ms. Nora claims on one hand, that the Court revoked her *pro hac vice* admission orally at the October 9 hearing and that as a consequence the Court lacks jurisdiction over her conflicts with her having filed the Motion to Vacate for Ms. Wilson.

6

ny-1114355

### C. Nora Falsely States that the Court issued a default judgment as to Jan Ibrahim's Claims

15. Nora asserts that "Jan Ibrahim's property right to his claim against the Debtors was unconstitutionally taken by purported default when his counsel had her pro hac vice status purportedly 'revoked,' without notice and opportunity to be heard[.]" Motion to Vacate ¶ 30; see also Nora's Response, ¶ 12 ("Jan Ibrahim [ ] was defaulted for failure to appear"). Yet again, Nora misstates the record.[7] Contrary to her assertion, the Court did not enter a "default" judgment against Mr. Ibrahim. The hearing transcript demonstrates that the Court resolved Mr. Ibrahim's claim *on the merits*. Judge Glenn stated:

> Mr. Ibrahim acknowledges that he applied for a loan modification and he alleges that while he was waiting for a modification, his loan was transferred to a collection agency, FBCS, Inc. The debtors' reply shows that Mr. Ibrahim ceased making payments on his loan in November 2008. The debtors mailed Mr. Ibrahim several breach of contract letters in 2009 and offered him a permanent loan modification on April 1, 2009. That loan modification was ulti -- was denied on June 30, 2009 because Mr. Ibrahim failed to make the first payment under the modification. The debtors reported Mr. Ibrahim's account to the credit bureau on several occasions in 2009 because his account was past due at the time. Based on the Court's review of the papers, in particular the events submitted by the debtors, the objection to the claim of Mr. Ibrahim is sustained.

Exhibit 1 at 149:6-20.

16. Nora complains that the Court did not allow her to argue for Mr. Ibrahim. But the Court prevented her from doing so because she failed to file a notice of appearance on Mr. Ibrahim's behalf. Id. at 146:13-147:3. Nor did she seek to appear *pro hac vice* specifically on his behalf as is required by Local Bankruptcy Rules (see infra Section F)—or provide the Court with any formal indication of her intent to represent Mr. Ibrahim in these proceedings. Id.

---

[7] These are not the only incorrect factual claims that Nora makes. For example, Nora's Response asserts that "Judge Glenn himself found" that "AFI (and its partner Cerberus) have deliberately bankrupted their subsidiaries, which were created under a variety of names to conceal their relationship to GMAC and their roles in the mortgage securitization fraud scheme[.]" Nora's Response ¶ 4 (citing the Court's October 23, 2012 Order). In fact, Judge Glenn's October 23, 2012 order stated "Faced with daunting prospects, the Debtors' ultimate parent, Ally Financial Inc. ("AFI"), which also owns substantial non-residential mortgage-related businesses, developed a strategy to file these chapter 11 cases and seek an early sale of its significant mortgage-related businesses. AFI's goal was obviously to isolate its money-losing businesses and shed as much of the present and future liabilities associated with those businesses as possible." Memorandum Opinion and Order Denying Motion for Order Appointing an Official Committee of Borrowers, October 23, 2012, at 5-6 [Docket No. 1921]. This a far cry from the alleged fraudulent scheme that Nora says Judge Glenn found.

7

ny-1114355

During the hearing, Nora admitted that she had never entered a notice of appearance on behalf of Mr. Ibrahim. Id. Her Motion to Vacate concedes the same. See Motion to Vacate, ¶¶ 1, 15. Given that Nora never properly appeared on behalf of Mr. Ibrahim, the Court was within its right to refuse to hear Nora. Therefore, the Motion to Vacate the verbal order as to Mr. Ibrahim should be denied.

### D. The Court has Discretion to Revoke Nora's *Pro Hac Vice* Admission

17. Nora argues that this Court lacks authority to revoke her right to practice in this proceeding. Motion to Vacate ¶ 2. But leave to appear *pro hac vice* "is a privilege, not a right." Auscape Int'l v. Nat'l Geographic Soc'y, No. 02-civ-6441 (LAK), 2003 WL 134989, at *7 (S.D.N.Y. Jan. 17, 2003). And the decision to grant or revoke *pro hac vice* admission is a matter of discretion left to the presiding judge. See Id.; Shick v. Berg, No. 03-civ-5513 (LBS), 2004 WL 856298, at *2 n.2 (S.D.N.Y. Apr. 20, 2004); U.S. v. Gutierrez, No. 94-Crim-565 (LAK), 1994 WL 593773, at *2 (S.D.N.Y. Oct. 28, 1994). In light of Nora's conduct, this Court is well within its right to revoke Nora's *pro hac vice* admission.

18. On August 15, 2012, this Court entered an Order finding that Nora filed both a frivolous objection and amended objection. See Order to Show Cause, at 3 (citing ECF Doc. No. 1159.) During the October 9, 2013 hearing, the Court concluded that Nora had yet again submitted frivolous filings. Exhibit 1, at 58:19-24; 75:8-14. Undaunted, Nora's Response to the Order to Show Cause and her Motion to Vacate are rife with frivolous arguments and unfounded assertions and almost wholly fail to address the questions and issues posed by the Court. Nora's repeated filing of frivolous material justifies the revocation of her *pro hac vice* admission. See Obert v. Republic W. Ins. Co., 190 F. Supp. 2d 279, 299-300 (D.R.I. 2002) (revoking attorneys' *pro hac vice* admissions and holding that the filing of "a false and misleading affidavit and a frivolous motion to disqualify a judge demonstrates that [these] lawyers are not acting as officers of this Court, but rather are antagonists").

19. Moreover, as discussed above, Nora's Motion to Vacate and Response to the Order to Show Cause both repeatedly misrepresent the readily-available record, including by

repeating the false assertion that the Court revoked her *pro hac vice* admission during the October 9, 2013 hearing, by falsely asserting that the Court directed Ms. Wilson to find new counsel and by falsely stating the Mr. Ibrahim had been "defaulted."[8] See supra Part C. Nora's Motion to Vacate also falsely asserts that the Court stated that "the entry of [her] pro hac vice Order of May 18, 2012 had been a 'mistake.'"[9] Motion to Vacate, ¶ 8. These accusations are contradicted by the transcript of the October 9, 2013 hearing. Given that Nora's Motion to Vacate and the Nora Response are premised on false allegations[10]—this Court has the right to withdraw her admission. See Poll

20. itt v. General Motors, 894 F.2d 858, 861 (6th Cir. 1990) (revocation of *pro hac vice* admission appropriate where attorney filed a motion to disqualify that was premised on false allegations that could have been uncovered through minimal investigation); In re Hake, 398 B.R. 892, 902 (B.A.P. 6th Cir. 2008) *aff'd,* 348 F. App'x 80 (6th Cir. 2009) (affirming revocation of *pro hac vice* admission because attorney "was unprofessional and disrespectful and . . . exhibited argumentative, disruptive, and antagonistic behavior toward the court").

21. Moreover, Nora's repeated attacks on the legitimacy of these proceedings, her accusations of bias against Judge Glenn, and her unwillingness to conduct herself in a respectful manner, further justify withdrawing her admission. See Macdraw, Inc. v. CIT Grp. Equip. Fin., Inc., 994 F. Supp. 447, 454-55 (S.D.N.Y. 1997) (revoking the *pro hac vice* admissions of attorneys who engaged in conduct which was "undignified, disrespectful and degrading" to the court, and filed a meritless summary judgment motion). For example, Nora's Response to the Order to Show Cause devotes 10 out of 14 pages to attacking the Debtors, the Special Borrowers' Counsel, and Judge Glenn. That filing accuses Judge Glenn, *inter alia*, of

---

[8] Debtors also note that by behaving as if the Court already revoked her *pro hac vice* admission—when the record clearly demonstrates it did not—Nora has in effect willfully abandoned her clients. See Nora's Response ¶ 12a and nn.6-7.

[9] The transcript contains no record of any such comment by Judge Glenn.

[10] On October 14, 2013, Nora also filed a Motion to Disqualify Judge Glenn. [Docket No. 5347]. Like her Motion to Vacate and Response to the Order to Show Cause, the Motion to Disqualify also contains numerous false allegations and misstatements of the record.

9
ny-1114355

"misconduct," "extreme bias and prejudice," appointing "Special 'Borrowers' Counsel to pretend to protect the rights of homeowners," and lacking a "working knowledge of the concept of due process[.]" Nora's Response at 1; see also ¶¶ 6, 11. And instead of offering a meaningful response to the Order to Show Cause, Nora instead purports to move "to strike [the] order to show cause," demands that her motion "be heard only by a qualified judge of this Court"[11] and states that "[t]here is nothing for the Movant to show cause for or about[.]" Id. at 1; see also ¶ 12. Nora's behavior here is no aberration—she has repeatedly expressed disregard and a lack of respect for the Court's authority, accused the Court and the parties of perpetrating a fraud, filed frivolous papers and disregarded the record and applicable procedures.

### E. The Court Afforded Nora the Requisite Process

22. Nora asserts that the "[t]he Order to Show Cause must be stricken because . . . [i]t was entered after Judge Glenn had already revoked [her] pro hac vice admission and falsely purports to provide due process[.]" Nora's Response ¶ 12. She also claims that the Court's "verbal order" revoking her *pro hac vice* admission, deprived her and her clients of their constitutional rights. Motion to Vacate ¶ 2; Nora's Response ¶ 12. Specifically, she accuses of the Court of violating her constitutional right to "due process and equal protection" by revoking her *pro hac vice* admission "by verbal order . . . without notice and opportunity to be heard." Motion to Vacate ¶¶ 24, 29-30; see also ¶¶ 1, 14, 19, 28, 30, 32; Nora's Response ¶ 12. As noted supra ¶ 7, the Court did no such thing.

23. The Court expressly told Nora that she would be given an opportunity to be heard, stating "yes, you will have a chance to respond to it. Okay? I'm going to enter a written order to that effect." Exhibit 1. at 57:19-21. Later the Court repeated to Nora that "the pleadings you have filed in this matter would support revoking your pro hac vice application. But I'm going to give you a chance to respond to that in writing." Id. at 58:21-24. Far from predetermining the outcome of Nora's *pro hac vice* status without a hearing, the Court stated "I want to make clear

---

[11] She purports to direct that Judge Glenn should not hear some other motions she filed, recently, too. See, e.g., Docket Nos. 5395, 5396,

10

ny-1114355

that [Ms. Nora] filed a notice of appearance with respect to Mr. Papas reasonably recently. She did not seek pro hac admission to represent Mr. Papas. *I think the issue is unclear whether she was admitted to represent anybody other than herself*." Id. at 66:10-15 (emphasis added). And the Court expressly stated that it would "reserve [judgment] until the Court hears -- reads papers and hears argument on the order to show cause" and permitted her to argue on behalf of Mr. Papas. Id. at 59:12-14; 66:16-17. The next day the Court did what it promised: it began a procedure for dealing with the issues by entering the Order to Show Cause.

24.     Thus, Nora again misrepresents the record—the Court never revoked her *pro hac vice* admission. Nor did the Court deprive her of her due process right to be heard. Rather than revoking her *pro hac vice* admission from the bench, the Court provided Nora with an opportunity to respond to explain her position, reply to any other party who responds to the Order to Show Cause, and to appear in person to state her position—all before it reached a decision as to her admission status. These are the exact procedures mandated by the Second Circuit Court of Appeals when a court considers whether to withdraw an attorneys *pro hac vice* admission. See Martens v. Thomann, 273 F.3d 159, 176-178 (2d Cir. 2001) (holding that prior to revoking *pro hac vice* admission, the district court should provide notice and opportunity to respond).[12]

### F.    Nora's Limited *Pro Hac Vice* Admission Did Not Convey an Unfettered Right to Appear in These Proceedings

25.     Although Nora's briefs are less than clear, she appears to take the position that the Court granted her the right to appear *ad nauseam* in the above-captioned cases. Nora's Response ¶ 14. To that end, she argues that the Local Rules do not require her to reveal the identity of the parties she represents. But the Southern District of New York bankruptcy court rules permit *pro hac vice* admission "to practice in "a particular case, adversary proceeding or contested

---

[12] Nora's briefs ignore that the Order to Show Cause requests that she address what, if any, action or orders the Court should enter to protect the rights of the individuals on whose behalf Nora has sought to appear. Debtors note that while courts must not lightly interfere with a party's choice of counsel, a party "does not have an unfettered right to [choose] counsel who is not admitted to practice in" the Court where the action is pending. U.S. v. Gutierrez, 1994 WL 593773, at *3.

matter[.]" In re Chase, 372 B.R. 142, 149 (Bankr. S.D.N.Y. 2007). "*[P]ro hac vice* admission is limited to a particular matter—to '*a*' case, adversary proceeding or contested matter and not *all* such matters under the umbrella of a particular bankruptcy case." Id. *Pro hac vice* "representation is also limited to the representation of particular clients." Id. The form Order and Motion on the Southern District of New York bankruptcy court's website reinforce this. Both instruct applicants to identify the parties they seek to represent. available at http://www.nysb.uscourts.gov/pro-hac-vice. Nora's *pro hac vice* application materials do not identify any individual party who she seeks to represent, other than herself. See Nora's Application for Admission *Pro Hac Vice* [Docket No. 204]; Order Granting Nora's Admission *Pro Hac Vice* [Docket No. 482]. And although Nora's Response to the Order to Show Cause states that she represents Paul N. Papas, Caren Wilson, Jan Ibrahim, Shane Haffey, Melvin and Suzanne Simonovich, and Michael Harkey—tellingly she offers little to demonstrate that she ever sought admission or provided proper notice to the Court to represent these individuals. Nora's Response ¶ 12. That provides sufficient grounds for revoking her *pro hac vice* status. See In re Chase, 372 B.R. at 148-149 (revoking admission of attorney who filed *pro hac vice* motion to represent some, but not all of the parties that he appeared in court on behalf of).

26.    Nora takes the position that the Court granted her unfettered leave to appear on behalf of anyone she wishes. As discussed above, the Local Rules do not permit such blanket admission. Nora's application for admission seeks to represent "herself and thousands of similarly situated homeowners,"—this language tracks that of her adversary complaint, which asserts claims on behalf of herself, but also seeks $10,000,000,000.00 in damages on behalf of herself "and others similarly situated." See Amended Complaint, No. 13-01208, ¶ 156; pp. 30, [Document No. 3]. In light of the scope of her supposed representation, the Order to Show cause directs Nora to address whether she represents a certified class of homeowners. Order to Show Cause, at 1, 5. Nora admits she does not represent any such class. Nora's Response, ¶¶ 16-17.

27.    Rather than responding to the Order to Show Cause in a meaningful manner, or explaining who she seeks to represent, whether blanket admission is appropriate, or how the

12

individuals she claims to represent might be protected in the event her admission is revoked, Nora resorts to attacking the court and misrepresenting the record.  This Court is well within its rights to withdraw Nora's *pro hac vice* admission to appear on behalf of anyone other than herself.

## CONCLUSION

Accordingly, for the reasons set forth herein the Debtors respectfully request that the Court deny Nora's Motion to Vacate, deny her "Motion to Strike," and grant such other and further relief as it deems just and proper.

Dated: October 31, 2013
       New York, New York

                              */s/*   Norman S. Rosenbaum
                              Gary S. Lee
                              Norman S. Rosenbaum
                              Adam A. Lewis
                              MORRISON & FOERSTER LLP
                              1290 Avenue of the Americas
                              New York, New York 10104
                              Telephone: (212) 468-8000
                              Facsimile: (212) 468-7900

                              *Counsel for the Debtors and*
                              *Debtors in Possession*