MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Adam A. Lewis

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF PAUL GALANTE IN SUPPORT OF DEBTORS' CONSOLIDATED RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY PRO HAC VICE ADMISSION OF WENDY NORA SHOULD NOT BE REVOKED AND TO WENDY NORA'S MOTION TO VACATE JUDGE GLENN'S VERBAL "ORDERS"**

I, PAUL GALANTE, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of New York, and am an associate with the law firm of Morrison & Foerster LLP, counsel for the defendant in this action. I submit this declaration in support of *Debtors' Consolidated Response to the Court's Order to Show Cause Why Pro Hac Vice Admission of Wendy Nora Should Not Be Revoked and to Wendy Nora's Motion to Vacate Judge Glenn's Verbal "Orders."* Except where otherwise indicated, I

1

have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify competently as to these facts.

Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the Transcript of Hearing, *In re: Residential Capital, LLC, et al.*, No. 12-12020 (MG) (Bankr. S.D.N.Y.), dated October 9, 2013.

I declare under penalty of perjury under the laws of the law of the United States of America that the foregoing is true and correct.

Executed this 31st day of October, 2013, at New York, New York.

Paul A. Galante

## Exhibit 1

**In Re:**

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

---

*October 9, 2013*

---

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



Min-U-Script® with Word Index

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 12-12020-mg

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  RESIDENTIAL CAPITAL, LLC, et al.,

9

10             Debtors.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14             United States Bankruptcy Court

15             One Bowling Green

16             New York, New York

17

18             October 9, 2013

19             10:06 AM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

1

2   Doc# 5227 Motion to Approve / Notice of Debtors' Motion

3   Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code

4   for an Order Approving Amendment to Engagement Letter with

5   Debtors' Chief Restructuring Officer, Lewis Kruger

6

7   Doc# 4768, (CC: Doc no. 4649) Hearing RE: Phillip Scotts'

8   Motion to (1) Determine that Bankruptcy Estate Owns Title to

9   Note, (2) Void State Court Title Transfer, and (3) Enjoin Post

10  Petition State Court Prosecution (related document(s)4649)

11

12  (CC: Doc# 4635)  Adj. Hearing RE: Motion for Objection to

13  Claim(s)/ Debtors' Objection to Proofs of Claim.

14

15  (CC: Doc# 4947)  Motion for Objection to Claim(s) Number:

16  242/Claim Filed by Paul N. Papas II.

17

18  (CC: Doc# 4156)  Adj. Hearing RE: Motion for Omnibus Objection

19  to Claim(s) /Debtors' Twentieth Omnibus Objection to Claims

20  (Borrower Claims with Insufficient Documentation).  Hearing on

21  this matter as it relates to Mark Ragonese is going forward.

22

23

24

25

1

2    (CC: Doc# 4199, 4831)  Adj. Hearing RE: Motion for Omnibus

3    Objection to Claim(s) /Debtors' Twenty-Second Omnibus Objection

4    to Claims (Borrower Claims with Insufficient Documentation).

5    Going forward as to the proof of claim filed by William C.

6    Walker and Keiran Walker (Claim No. 5529) and George Davis

7    (Claim No. 3443).

8

9    (CC: Doc# 4734)  Adj. Hearing RE: Motion for Omnibus Objection

10   to Claim(s) / Twenty-Sixth Omnibus Objection to Claims

11   (Borrower Claims with Insufficient Documentation) Hearing Going

12   Forward as to claims of Phenon Walker (Claim No. 5429), Fannie

13   Kendrick Dietrich (Claim No. 1385), and Juana Cerna (Claim No.

14   3816).  Hearing as it relates to the claim filed by Mary Lynn

15   Weber (Claim No. 3474) adj. to 11/7/2013.

16

17   (CC: Doc# 4735)  Adj. Hrg. RE: Motion for Omnibus Objection to

18   Claim(s) / Debtors' Twenty-Seventh Omnibus Objection to Claims

19   (Borrower Claims with Insufficient Documentation) Going Forward

20   as to Claims of Phenon Walker (Claim No. 4942), Freddie M.

21   Scott (Claim No. 3751), and Bette Jean Yelder (Claim No. 2002).

22

23   (CC: Doc# 4902)  Omnibus Motion for Omnibus Objection to

24   Claim(s) / Debtors' Thirty-First Omnibus Objection to Claims

25   (Late-Filed Borrower Claims)

**4**

1

2  (CC: Doc# 4887)  Motion for Omnibus Objection to Claim(s) /

3  Debtors' Thirtieth Omnibus Objection to Claims (No Liability

4  Borrower Claims - Books and Records).

5  Reset for 11/07/2013 at 2:00 pm as to claim of Gwendell L.

6  Philpot (Claim No. 5067) and; James C. and Judith A. Winkler

7  (Claim No. 3582).  Hearing as it relates to all other claimants

8  will be going forward.

9

10  (CC: Doc# 4996, 4998)  Motion for Omnibus Objection to

11  Claim(s)/ Debtors' Thirty-Third Omnibus Claims Objection

12  (Facially Defective and Time-Barred Securities Claims) with

13  hearing to be held on 10/9/2013 at 10:00 AM at Courtroom 501

14  (MG) Responses due by 9/30/2013.

15

16

17

18

19

20  Transcribed by:  Sharona Shapiro

21  eScribers, LLC

22  700 West 192nd Street, Suite #607

23  New York, NY 10040

24  (973)406-2250

25  operations@escribers.net

5

1

2 A P P E A R A N C E S :

3 MORRISON & FOERSTER LLP

4       Attorneys for Debtors

5       1290 Avenue of the Americas

6       New York, NY 10104

7

8 BY:    ADAM A. LEWIS, ESQ.

9       MELISSA A. HAGER, ESQ.

10       JORDAN A. WISHNEW, ESQ.

11       LORENZO MARINUZZI, ESQ.

12       NORMAN S. ROSENBAUM, ESQ.

13       PAUL A. GALANTE, ESQ.

14       JONATHAN M. PETTS, ESQ.

15       MERYL L. ROTHCHILD, ESQ.

16

17

18 KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP

19       Attorneys for Official Creditors' Committee

20       1177 Avenue of the Americas

21       New York, NY 10036

22

23 BY:    ELISE S. FREJKA, ESQ.

24       STEPHEN D. ZIDE, ESQ.

25

1

2  CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

3          Conflicts Counsel to Debtors

4          101 Park Avenue

5          New York, NY 10178

6

7  BY:   MARYANN GALLAGHER, ESQ.

8

9

10  LAW OFFICES OF KIM DSOUZA

11          Attorney for Phillip Scott

12          2 Bordi Lane

13          Highland, NY 12528

14

15  BY:   KIM DSOUZA, ESQ.

16

17

18  ACCESS LEGAL SERVICE

19          Attorneys for Wendy Alison Nora

20          and similarly situated individuals

21          310 Fourth Avenue South

22          Suite 5010

23          Minneapolis, MN 55415

24

25  BY:   WENDY ALISON NORA, ESQ.

1

2   LAW OFFICES OF LAIRD J. HEAL

3          Attorney for Thomas James La Casse

4          3 Clinton Road

5          Sterling  MA  01564

6

7   BY:   LAIRD J. HEAL, ESQ.

8

9

10   BRACEWELL & GIULIANI LLP

11          Attorneys for Lender Processing Services, Inc.

12          1251 Avenue of the Americas

13          49th Floor

14          New York, NY 10020

15

16   BY:   STAN CHELNEY, ESQ.

17

18

19   PRINCE LOBEL TYE LLP

20          Attorneys for Residential Funding Company

21          100 Cambridge Street

22          Suite 2200

23          Boston, MA 02114

24

25   BY:   ANDREW L. BALDWIN, ESQ.

1

2  SILVERMANACAMPORA LLP

3          Special Counsel to the Creditors' Committee

4          100 Jericho Quadrangle

5          Suite 300

6          Jericho, NY 11753

7

8  BY:   ROBERT D. NOSEK, ESQ.

9          JUSTIN S. KRELL, ESQ.

10

11

12  LOCKE LORD LLP

13          Attorneys for RFC Trust; GMAC Mortgage Group, LLC;

14          GMAC Financial Services; Cerberus Capital Management;

15          MERS; MERSCORP Holdings; Stephen Feinberg; Kenneth

16          Urgwuadu; Manish Verma; Judy Faber; Amy Nelson

17          111 South Wacker Drive

18          Chicago, Illinois 60606

19

20  BY:   JULIE C. WEBB, ESQ.

21

22

23

24

25

9

1

2   HINSHAW & CULBERTSON LLP

3          Attorneys for Gray & Associates, Duncan Delhey, Jay

4          Pitner, Michael Riley, and William Foshag

5          800 Third Avenue

6          13th Floor

7          New York, NY 10022

8

9   BY:   BENJAMIN NOREN, ESQ.

10

11

12   UNITED STATES DEPARTMENT OF JUSTICE

13          Office of the United States Trustee

14          201 Varick Street

15          Suite 1006

16          New York, NY 10014

17

18   BY:   BRIAN S. MASUMOTO, ESQ.

19

20

21

22

23

24

25

10

1

2  MENTER, RUDIN & TRIVELPIECE, P.C.

3       Attorneys for Bass & Moglowsky, Arthur Moglowsky,

4       David Potteiger, and Penny Gentges.

5       Suite 200

6       308 Maltbie Street

7       Syracuse, NY 13204

8

9  BY:   KEVIN M. NEWMAN, ESQ. (TELEPHONICALLY)

10

11

12  SAUL EWING LLP

13       Attorneys for Jeffrey Stephan

14       Centre Square West

15       1500 Market Street

16       38th Floor

17       Philadelphia, PA 19102

18

19  BY:   ADAM H. ISENBERG, ESQ.

20

21

22

23

24

25

1

2   GOLDMAN BEHR LLC

3          Attorneys for Bette and Willie Yelder

4          1132 South McDonough Street

5          Montgomery, AL 36104

6

7   BY:   HENRY JENKINS, ESQ. (TELEPHONICALLY)

8

9   ALSO PRESENT: (TELEPHONICALLY)

10          KAREN BEJARANO, Pro Se

11          JOHN DEMPSEY, Mercer USA

12          COLT B. DODRILL, Wolfe & Wyman LLP

13          BARRY ESKANOS, Pro Se

14          BETTE JEAN YELDER, Creditor

15          WILLIAM C. WALKER, Pro Se

16          TIMOTHY W. SCOTT, Pro Se

17          KENNETH RUSSO, Pro Se

18          MARGE PFUNDER, Pro Se

19

20

21

22

23

24

25

1          MS. HAGER:  Okay.

2          THE COURT:  Okay.  It could have been a dollar.  It

3    would still raise the same issue as to whether it's asserted a

4    claim for the liability.

5          MS. HAGER:  And we respectfully submit, as is set

6    forth in our papers, that the proof of claim, as filed, even

7    adding in all the documents with the reply, fails to state a

8    sound legal basis for any claims against any of these debtors.

9          THE COURT:  All right.  I'm going to take it under

10   submission.

11         MS. HAGER:  Thank you.  Let's see.  That will bring us

12   to the second contested matter which is Paul Papas.  I think my

13   colleague Adam Lewis will be handling that.  Thank you, Your

14   Honor.  May I be excused?

15         THE COURT:  Yes, you can.

16         MS. HAGER:  Thank you.

17         THE COURT:  Who is here for Mr. Papas?

18         MR. LEWIS:  I think Ms. Nora is here today.

19         Your Honor, Adam Lewis.

20         THE COURT:  Hang on just a second.  Ms. Nora come up

21   here.  Ms. Nora, are you appearing for Mr. Papas?

22         MS. NORA:  I am, Your Honor.

23         THE COURT:  Have you been admitted pro hac vice to

24   represent Mr. Papas?

25         MS. NORA:  I have, Your Honor.  I have --

1          THE COURT:  No, you haven't.

2          MS. NORA:  I've been --

3          THE COURT:  No, you haven't.

4          MS. NORA:  -- admitted pro hac vice to represent

5     myself --

6          THE COURT:  Speak into the microphone.

7          MS. NORA:  -- myself and all others similarly

8     situated.

9          THE COURT:  Well, that's wrong.  That's wrong.  Okay.

10         MS. NORA:  Are you revoking that order today?

11         THE COURT:  Well, I'm entering an order -- I'm going

12    to enter an order to show cause --

13         MS. NORA:  Okay.

14         THE COURT:  -- why your -- why leave to appear in the

15    ResCap cases pro hac vice should not be revoked.

16         MS. NORA:  All right.

17         THE COURT:  Okay.

18         MS. NORA:  I need to be able to respond to that --

19         THE COURT:  I went back -- stop.  Just -- yes, you

20    will have a chance to respond to it.  Okay?  I'm going to enter

21    a written order to that effect.

22         I went back and looked at the order that got entered,

23    it was in the form you submitted it.  It doesn't say -- you

24    recite that you think you're representing thousands of people.

25    You have your own lawsuit.  And it's certainly proper for you,

1    pro se, to appear.

2         Have you appeared for any other creditors in this

3    case?

4         MS. NORA:  I have, Your Honor.

5         THE COURT:  How many?

6         MS. NORA:  I have appearances for Shane Haffey as co-

7    counsel with pro hac vice counsel, Heather McKeever that will

8    be heard on November --

9         THE COURT:  Okay.

10        MS. NORA:  -- 7th.

11        THE COURT:  All right.  I'm going to enter -- well, if

12   it's going to be heard on November 7th, I will enter an order

13   to show cause why your pro hac vice admission should not be

14   revoked for anyone other than appearing on your own behalf.

15   The pleadings you filed in this matter, this specific matter --

16        MS. NORA:  You're talking about Papas?

17        THE COURT:  -- yes, I'm talking about Papas.

18        MS. NORA:  Yes.

19        THE COURT:  Are scurrilous and frivolous and are

20   vexatious.  And I believe that they -- even assuming you were

21   admitted pro hac to represent anybody other than yourself, the

22   pleadings you have filed in this matter would support revoking

23   your pro hac vice application.  But I'm going to give you a

24   chance to respond to that in writing.

25        MS. NORA:  Absolutely, Your Honor.  Because this

1   entire proceeding --

2            THE COURT:  Ms. --

3            MS. NORA:  -- is a fraud.

4            THE COURT:  I do not want to hear -- you have been

5   nothing but accusations about fraud in connection --

6            MS. NORA:  We can prove it, Your Honor.

7            THE COURT:  Stop.

8            MS. NORA:  We can --

9            THE COURT:  Don't interrupt, Ms. Nora.  Don't

10  interrupt.  Go sit down.  Go sit down.

11           MS. NORA:  I am --

12           THE COURT:  I will give you an opportunity to argue

13  with respect to Mr. Papas' claim.  If you deviate from

14  addressing solely the issues with respect to Mr. Papas' claim,

15  I will cut you off and I will have you escorted from the

16  courtroom.  So go sit down, and I will give you a chance to

17  respond only to the specific issues raised by the objection to

18  the Papas claim.

19           I don't want to hear about approval of the disclosure

20  statement.  I don't want to hear about anything else that

21  happened in the case.  I don't want to hear anything else from

22  you now.  If you say another word, I'm going to have you

23  escorted from the courtroom right now.  So go sit down, and I

24  will give you a chance to respond solely with respect to the

25  Papas claim.

1    to go through that unless you have further questions.  These

2    are our main points; they're not our only points.  But I think

3    the res judicata -- the claim preclusion, Rooker-Feldman takes

4    out the original proof of claim and anything in the amendment

5    that has to do with the original proof of claim.  Anything in

6    the amendment which doesn't have to do with the original proof

7    of claim is late filed.

8             THE COURT:  Okay.  Let me hear from Ms. Nora.

9             MR. LEWIS:  Thank you, Your Honor.

10            THE COURT:  And I'll hear from Ms. Nora without -- I

11   want to make clear that she filed a notice of appearance with

12   respect to Mr. Papas reasonably recently.  She did not seek pro

13   hac admission to represent Mr. Papas.  I think the issue is

14   unclear whether she was admitted to represent anybody other

15   than herself.

16            I'll reserve that until the Court hears -- reads

17   papers and hears argument on the order to show cause.  But for

18   today, I'm going to permit Ms. Nora to address specifically the

19   issues raised by the objection to claim.

20            MS. NORA:  Thank you, Your Honor.

21            And in addition, I would like to call the Court's

22   attention to the fact that I have previously appeared for Mr.

23   Papas on a limited basis and also for another creditor in these

24   proceedings last year without objection from any party.  So --

25   just in terms of the history which will be addressed on the

RESIDENTIAL CAPITAL, LLC, et al.                    75

1          THE COURT:  It went off in every conceivable

2   direction --

3          MR. LEWIS:  Pretty --

4          THE COURT:  -- other than responding --

5          MR. LEWIS:  Yeah.

6          THE COURT:  -- to the objection.

7          MR. LEWIS:  Right.  So on that ground alone --

8          THE COURT:  It is that -- that is the reason, frankly,

9   that the Court is going to enter the order to show cause why

10  Ms. Nora's pro hac vice admission is unclear of -- certainly

11  for herself, and she'll be permitted to continue for herself,

12  but for anyone else, this is a frivolous pleading in my view,

13  the reply, the extent it goes off in every tangent possible

14  other than addressing the issues raised in the debtors' papers.

15         MR. LEWIS:  Your Honor, my final point is I thought I

16  heard Ms. Nora say -- suggest that the amendment somehow

17  relates to the original proof of claim because the original

18  proof of claim said the property concerned there was an example

19  of what -- that would be pretty cryptic to begin with.  But if

20  you look at the original proof of claim, there's no talking

21  about its being an example of anything.  There's only one

22  property mentioned.  There's no suggestion that there are any

23  other properties of concern.  And so it clearly does not

24  relate.

25         THE COURT:  Address her argument that the amendment is

1  were not in a foreclosure so our representation was completely

2  accurate and I'll leave it at that, Your Honor.

3         THE COURT:  I'm taking the matter under submission.

4         MR. WISHNEW:  Thank you.

5         MR. ESKANOS:  Your Honor, am I excused?

6         THE COURT:  Yes, you are.

7         MR. ESKANOS:  Thanks, Your Honor.  Have a great day.

8         MR. WISHNEW:  Your Honor, that brings us to the matter

9  of Caren Wilson, claim number 4754.  I believe Ms. Nora's in

10 the courtroom and has put in an appearance for Ms. Wilson.

11        This is a matter, Your Honor, which we are not going

12 to proceed with today.  The reason --

13        THE COURT:  As I understand it, there was an amended

14 claim, 475 --

15        MR. WISHNEW:  7181 --

16        THE COURT:  Okay.  4754, which is the claim as to

17 which you have objected, has been superseded by an amended

18 claim?

19        MR. WISHNEW:  That's the representation, Your Honor,

20 yes.

21        THE COURT:  Have you verified that there was an

22 amended claim that was filed.

23        MR. WISHNEW:  Yes, there was an amended claim that was

24 filed.

25        THE COURT:  And what is your intention to do with

1    respect to the amended claim?

2         MR. WISHNEW:  Our intention is to address both this

3    claim, 4754, and 7181 in a more complete objection that

4    addresses not only the merits of 4754 but also the timeliness

5    and merits of 7181.

6         THE COURT:  All right.  Ms. Nora, do you want to be

7    heard briefly?  This was filed as a -- Ms. Wilson filed this

8    claim without counsel but when did you begin -- have you filed

9    an appearance in this?

10        MS. NORA:  I believe I have, Your Honor.

11        THE COURT:  Come on up to the microphone.

12        MS. NORA:  Thank you.

13        Your Honor, we object to the debtors' taking this

14   matter off of the calendar for today without notice to us.  Ms.

15   Wilson and her expert witness have come to court today, would

16   like to make at least a partial record so that the Court is

17   partially informed.  I --

18        THE COURT:  The matter is adjourned.

19        MS. NORA:  Thank you.

20        THE COURT:  The matter is adjourned and, Mr. Wishnew,

21   you'll put it back on the calendar after the Court hears its

22   order to show cause why Ms. Nora's pro hac application or pro

23   hac status should be -- whether it should be revoked.  We'll

24   see -- Ms. Wilson better consider other counsel, but for now

25   we'll go forward but I'm -- Mr. Wishnew, when was the amended

1   claim filed?

2           MR. WISHNEW:  The amended --

3           THE COURT:  It was filed on September 23rd, 2013.

4           MR. WISHNEW:  That's correct, Your Honor.

5           THE COURT:  And --

6           MR. WISHNEW:  Which was three weeks after --

7           THE COURT:  After you filed your objection.

8           MR. WISHNEW:  -- the objection was filed and one week

9   before the response was filed.

10          THE COURT:  Absolutely.  Which seems to be Ms. Nora's

11  method of dealing with matters.  So the matter is adjourned.

12          MS. NORA:  Your Honor, I --

13          THE COURT:  I don't want to hear anything more from

14  you, Ms. Nora.

15          MS. NORA:  That is unfair to me.

16          THE COURT:  Ms. Nora, I don't want to hear anything

17  more from you.  Let's move on, Mr. Wishnew.

18          MR. WISHNEW:  Your Honor, the next matter before the

19  Court is the claim 2552 by Constantino and Sybil Acevedo.  Your

20  Honor, this is a claim in the matter -- in the amount of

21  $497,839.61.  Based on extensive review of the debtors' books

22  and records, we show that this claim was -- actually, the

23  underlying note and loan were paid off, funds were applied on

24  August 9, 2013 and a refund of escrow was disbursed to Mr. and

25  Ms. Acevedo August 27, 2013.

1    What they seem to be asserting in their claim is that

2    since GMAC has sought financial relief, they too should be

3    given financial relief.  I'm not quite sure -- it's our

4    position that does not serve as a valid basis for a claim, and

5    that at this point, we would ask the claim be disallowed and

6    expunged.

7          THE COURT:  For the reasons argued by the debtors the

8    claim of Constantino and Sybil Acevedo, the objection is

9    sustained and the claim is expunged.

10         MR. WISHNEW:  Thank you, Your Honor.

11         The next matter is Jan Ibrahim, claim number 997, in

12   the amount of $206,922.56.

13         THE COURT:  Is anybody appearing for Jan Ibrahim?

14         MS. NORA:  Your Honor?

15         THE COURT:  Go ahead.

16         MS. NORA:  I have consulted with Mr. Ibrahim and --

17         THE COURT:  Have you filed an appearance on behalf of

18   Ibrahim?

19         MS. NORA:  I have not because I --

20         THE COURT:  Then I'm not going to hear you.

21         MS. NORA:  -- Your Honor --

22         THE COURT:  I'm not going to hear you.

23         MS. NORA:  -- Mr. Ibrahim's position was if he could

24   not appear himself he wanted me to advise the Court of the

25   facts of his case.

RESIDENTIAL CAPITAL, LLC, et al.                    147

1        THE COURT:  You're not permitted, Ms. Nora.  You have

2   not appeared on behalf of Jan Ibrahim.  I'm not going to listen

3   to you.

4        MS. NORA:  Thank you, Your Honor.

5        THE COURT:  One more -- one more episode of your

6   speaking on matters in which you do not appear and the court

7   security officer who's in the back of the room will escort you

8   out.

9        Go ahead, Mr. Wishnew.

10       MR. WISHNEW:  Thank you, Your Honor.

11       With regards to Mr. Ibrahim's allegations of wrongful

12   foreclosure and wrongful reporting of loan modifications, this

13   is nothing more -- we felt it best to, again, revisit our

14   records, our servicing notes and related records and through

15   Ms. Horst, supplemental declaration and as set forth for the

16   Court the efforts made to -- to work with the debtor -- work

17   with the claimant, ultimately the loan was charged off, meaning

18   that simply the debtor ceased collection efforts -- I'm sorry;

19   ceased foreclosure efforts, and simply the loan remains

20   outstanding at this point in time.  It's the debtors' position

21   that they acted properly in connection with any foreclosure and

22   credit reporting activities.  They were doing what they were

23   supposed to be doing as a servicer to protect the property and

24   don't believe that Mr. Ibrahim has stated a valid claim for --

25       THE COURT:  Let me ask you some questions.

RESIDENTIAL CAPITAL, LLC, et al.                    149

1   connection with the sale, was it?

2          MR. WISHNEW:  My understanding is that it was

3   transferred to Ocwen contemporaneous with the sale, February

4   16th of this year.

5          THE COURT:  Okay.  All right.

6          Mr. Ibrahim acknowledges that he applied for a loan

7   modification and he alleges that while he was waiting for a

8   modification, his loan was transferred to a collection agency,

9   FBCS, Inc.  The debtors' reply shows that Mr. Ibrahim ceased

10  making payments on his loan in November 2008.  The debtors

11  mailed Mr. Ibrahim several breach of contract letters in 2009

12  and offered him a permanent loan modification on April 1, 2009.

13  That loan modification was ulti -- was denied on June 30, 2009

14  because Mr. Ibrahim failed to make the first payment under the

15  modification.  The debtors reported Mr. Ibrahim's account to

16  the credit bureau on several occasions in 2009 because his

17  account was past due at the time.  Based on the Court's review

18  of the papers, in particular the events submitted by the

19  debtors, the objection to the claim of Mr. Ibrahim is

20  sustained.

21         MR. WISHNEW:  Thank you very much, Your Honor.

22         That brings us to the claim of Pamela Z. Hill, claim

23  number 2429.  This is a claim in the amount of 389,331 dollars.

24  This matter -- again, it's not quite clear what the basis of

25  Ms. Hill's claim is.  She is not --