**Presentment Date and Time:  November 8, 2013, 2013 at 12:00 p.m. (Eastern Time)**
**Objection Deadline:  November 7, 2013 at 4:00 p.m. (Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------ ) | |
| In re:                                        ) | Case No. 12-12020 (MG) |
|                                               ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,      ) | Chapter 11 |
|                                               ) | |
|                             Debtors.          ) | Jointly Administered |
| ------------------------------------------------------ ) | |

**NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR ORDER UNDER 11
U.S.C. §§ 105(a) AND 363(b), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL
BANKRUPTCY RULE 6006-1 AUTHORIZING PARTIAL ASSIGNMENT OF
UNEXPIRED LEASE BETWEEN NORMANDALE HOLDINGS LLC AND
<u>RESIDENTIAL FUNDING COMPANY LLC TO ALLY FINANCIAL, INC.</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Motion for*

*Order Under 11 U.S.C. §§ 105(a) and 363(b), Fed. R. Bankr. P. 6006 and 9014 and Local*

*Bankruptcy Rule 6006-1 Authorizing Partial Assignment of Unexpired Lease Between*

*Normandale Holdings LLC and Residential Funding Company LLC to Ally Financial, Inc.* (the

"<u>Motion</u>"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander

Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for

signature on **November 8, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **November 7, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention:  Gary S. Lee, Lorenzo Marinuzzi and Samantha Martin); (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities

and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400,

New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

       **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Motion are timely

filed, served and received in accordance with this Notice, the Court may enter the Order without

further notice or hearing.

Dated:  November 1, 2013              Respectfully submitted,
       New York, New York

                               /s/ Gary S. Lee
                               Gary S. Lee
                               Lorenzo Marinuzzi
                               Samantha Martin
                               MORRISON & FOERSTER LLP
                               1290 Avenue of the Americas
                               New York, New York 10104
                               Telephone: (212) 468-8000
                               Facsimile: (212) 468-7900

                               *Counsel for the Debtors and*
                               *Debtors in Possession*

**Presentment Date and Time:  November 8, 2013, 2013 at 12:00 p.m. (Eastern Time)**
**Objection Deadline:  November 7, 2013 at 4:00 p.m. (Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ----------------------------------------------------------------- | ) | |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b),
FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY
RULE 6006-1 AUTHORIZING PARTIAL ASSIGNMENT OF UNEXPIRED
LEASE BETWEEN NORMANDALE HOLDINGS LLC AND
<u>RESIDENTIAL FUNDING COMPANY LLC TO ALLY FINANCIAL, INC.</u>**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a)

and 363(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"),

rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New

York, authorizing the partial assignment of an unexpired lease that has already been

assumed during the chapter 11 cases by Residential Funding Company, LLC ("RFC").  In

support of the Motion, the Debtors rely upon and incorporate by reference the

Declaration of Colette Wahl, Chief Administration Officer at Residential Capital, LLC, a

copy of which is annexed hereto as Exhibit 1.

In support of this Motion, the Debtors represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are

Bankruptcy Code sections 105(a) and 363(b) and Bankruptcy Rules 6006 and 9014.

## BACKGROUND

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in
Support of Chapter 11 Petitions and First Day Motions (the "Whitlinger Affidavit") [Docket No. 6].

The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.       On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured creditors (the "Creditors' Committee").

5.       The Lease, dated July 7, 2004 (as amended, the "Lease"), currently between Residential Funding Company, LLC, formerly known as Residential Funding Corporation, as Tenant, and Normandale Holdings, L.L.C. (successor in interest to Teachers Insurance and Annuity Association of America), as Landlord (the "Landlord"), is for the property located at 8400 Normandale Lake Boulevard, Bloomington, Minnesota (the "Premises").

6.       On February 28, 2013, Debtors filed a motion seeking authorization to assume the Lease pursuant to sections 105(a) and 365(a) of the Bankruptcy Code.  The Court issued an order authorizing the assumption of the Lease on March 20, 2013.

7.       On July 3, 2013, the Debtors and the Creditors' Committee filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (the "Plan") and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 16, 2013, the Debtors filed a revised Disclosure Statement, which included a revised copy of the Plan [Docket No. 4733], each of which were further revised on

2

August 20, 2013 [Docket No. 4770] and August 23, 2013 [Docket No. 4819].  On August

23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as

amended [Docket No. 4809].  The hearing to consider confirmation of the Plan is

scheduled to commence on November 19, 2013.

8.      The Debtors now seek authority to partially assign the Lease to Ally

Financial, Inc. ("AFI") pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

## RELIEF REQUESTED

9.      By this Motion, the Debtors respectfully request, pursuant to Bankruptcy

Code sections 105(a) and 363(b),[2] Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of

the Local Bankruptcy Rules for the Southern District of New York, that this Court enter

an order, substantially in the form annexed hereto as Exhibit 2, authorizing the partial

assignment of the Lease to AFI (the "Assignment").  In connection with the proposed

Assignment, the Debtors and the Landlord have entered into a lease amendment (a copy

of which is annexed hereto as Exhibit 3, the "Amendment"), which, among other things,

reduces the rentable square feet of the Premises and extends the Lease from March 31,

2014 to June 30, 2015.  The Debtors submit that the Assignment is reasonable and

represents an appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

10.     In connection with the prosecution of the Plan and the wind down of the

Debtors' estates, RFC seeks to further relinquish space in the Premises and reduce its

liabilities related thereto.

---

[2] Due to the earlier assumption of the Lease without an associated assignment, the Debtors have determined
not to seek authority to assign the Lease pursuant to section 365 of the Bankruptcy Code.  Rather, the
Debtors seek authority to enter into the Assignment pursuant to section 363(b) of the Bankruptcy Code.

ny-1115303

11.     Earlier this year, RFC assumed the Lease and contemporaneously entered into an amendment of the Lease, effective as of February 1, 2013, which reduced the rentable square feet of the Premises and provided for the continued occupancy of the premises by employees of AFI and Walter Investment Management Corp. ("Walter"), each of which agreed to compensate the Debtors for such use pursuant to separate agreements.  The Walter sublease terminated in May 2013.  Under the current Lease, which expires on March 31, 2014, the Debtors lease space on the first and twelfth floors of the Premises, and AFI subleases the entire twelfth floor.

12.     The Debtors have determined that it is critical for them to continue utilizing the Premises during the wind down process through June 30, 2015 to avoid the significant costs that would be associated with moving the business to a new location.  However, the Debtors have no need for the continued lease of the twelfth floor of the Premises.  Thus, AFI and the Debtors propose to enter into the Assignment, whereby the Debtors shall partially assign its lease of the twelfth floor to AFI, and AFI accepts all liabilities—past and future—relating to the twelfth floor.

13.     In connection with the Assignment, which has been authorized by the Landlord, the Debtors and the Landlord have agreed to amend the Lease to, among other things, reduce the rentable square feet of the Premises and extend the term of the Lease from March 31, 2014 to June 30, 2015 (the "Amended Lease").  It is contemplated that pursuant to Article VI of the proposed Plan, the liquidating trust will succeed to rights of the Debtors under the Lease.  The rent under the Amended Lease for the remainder of the original lease period remains the same, at $17.75 per square foot for the period beginning November 1, 2013 through March 31, 2014 (the "Original Period"), with an estimated

4

base rent liability of $16,206 per month during the Original Period.  The rent under the

Amended Lease for the extended period of April 1, 2014 through June 30, 2015 (the

"Extended Period") is $18.00 per square foot, with an estimated base rent liability of

$17,043 per month during the Extended Period.[3]  In addition, pursuant to the

Amendment, the Debtors' operating costs associated with the Premises shall be reduced

proportionately.

14.     Based on the foregoing, the Debtors have determined through the exercise

of their business judgment that the Assignment is in the best interests of the Debtors'

estates, their creditors and other parties in interest.

## APPLICABLE AUTHORITY

15.     Section 363(b)(1) provides that "[t]he trustee, after notice and a hearing,

may use, sell, or lease, other than in the ordinary course of business, property of the

estate...." 11 U.S.C. § 363(b)(1).   Courts in this Circuit have consistently held that a

debtor may use, sell or lease property of the estate outside the ordinary course of business

where a sound business purpose justifies such actions.  Contrarian Funds LLC v. Aretex

LLC (In re WestPoint Stevens, Inc.), 600 F.3d 231, 248 n.8 (2d Cir. 2010); Comm. of

Equity Sec. Holders v. Lionel Corp. (In re The Lionel Corp.); 722 F.2d 1063, 1070 (2d

Cir. 1983); In re Borders Grp, Inc., 453 B.R. 459, 473 (Bankr. S.D.N.Y. 2011); In re

Boston Generating, LLC, 440 B.R. 302, 321 (Bankr. S.D.N.Y. 2010).

16.     Specifically, once a debtor articulates a valid business justification for a

particular form of relief, the court reviews the debtor's request under the "business

---

[3] These calculations assume that the twelfth floor is assigned to AFI on November 1, 2013, per the terms of
the Assignment.

ny-1115303

judgment rule." "The business judgment rule 'is a presumption that in making a business

decision the directors of a corporation acted on an informed basis, in good faith and in the

honest belief that the action taken was in the best interests of the company.'" Official

Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.),

147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872

(Del. 1985), rev'd on other grounds, Gantler v. Stephens, 965 A.2d 695, 713 (Del. 2009));

In re Quigley Co., 437 B.R. 102, 156-57 (Bankr. S.D.N.Y. 2010).  A debtor's business

decision "should be approved by the court unless it is shown to be so manifestly

unreasonable that it could not be based upon sound business judgment, but only on bad

faith, or whim or caprice."  In re Aerovox, Inc., 269 B.R. 74, 80 (Bankr. D. Mass. 2001)

(internal quotations omitted); cf. In re Global Grossing Ltd., 295 B.R. 726, 742 (Bankr.

S.D.N.Y. 2003).

17.    The Debtors submit that the Assignment to AFI is an exercise of sound

business judgment and is in the best interests of the Debtors' estates and creditors.  The

primary factor favoring the Assignment is the elimination of the Debtors' past and future

liability with respect to the twelfth floor space.  In addition, the Amendment entered into

in connection with the Assignment is beneficial as it extends the current lease term to

June 30, 2015, thereby saving the Debtors the expense of relocation before the wind

down of the Debtors' estates is complete.  Moreover, the terms of the Amended Lease for

the remainder of the current lease term remain substantially the same.

18.    In addition, Bankruptcy Code section 105(a) provides that the Court "may

issue any order…that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]."  11 U.S.C. § 105(a).  The Court has discretion under 11 U.S.C. § 105

6

to enter an order *nunc pro tunc* under appropriate circumstances.  *See* In re Consolidated

Auto Recyclers, Inc., 123 B.R. 130, 142 (Bankr. D. Me. 1991); In re Alafia Land

Development Corp., 40 B.R. 1, 4 (Bankr. M.D.  Fla.1984) ("Nunc pro tunc approval of

transactions not initially authorized is well within the equitable power of a court of

bankruptcy and it is, of course, discretionary.").  "When entering an order retroactively

will further the purposes of the Bankruptcy Code without unfairly prejudging parties-in-

interest, *nunc  pro tunc* effect may, and should, be provided."  In re Consolidated Auto

Recyclers, *Inc*., 123 B.R. at 142.

19.     In this case, nunc pro tunc approval of the Assignment will ensure the

Debtors receive the benefit of the Assignment immediately, benefitting all parties by

reducing the Debtors' liability.  Because each of the affected parties—AFI, the Landlord,

and RFC—have agreed to the effective date of the Assignment, there is no unfair

prejudice to any party.

20.     In light of the foregoing, the Debtors submit that entry into the

Assignment represents an exercise in their sound business judgment and requests

authorization, pursuant to Bankruptcy Code section 363(b), to enter into the Assignment.

## NOTICE

21.     The Debtors have provided notice of this Motion in accordance with the

Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket

No. 141].

7

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto as Exhibit 2, granting the relief requested in this

Motion and such other and further relief as may be just and proper.

Dated: November 1, 2013
      New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors
and Debtors in Possession*

**<u>Exhibit 1</u>**

**Declaration**

*(Please see attached)*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------
| )
In re:                                  | )    Case No. 12-12020 (MG)
                                        | )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )    Chapter 11
                                        | )
                          Debtors.      | )    Jointly Administered
                                        | )
-----------------------------------------------------------

**DECLARATION OF COLETTE WAHL, CHIEF ADMINISTRATION OFFICER,
IN SUPPORT OF DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a)
AND 363(b), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY
RULE 6006-1 AUTHORIZING ASSIGNMENT OF UNEXPIRED LEASE
BETWEEN NORMANDALE HOLDINGS LLC AND RESIDENTIAL FUNDING
COMPANY LLC TO <u>ALLY FINANCIAL, INC.</u>**

I, Colette Wahl declare as follows:

    **A.**    **Background and Qualifications**

    I serve as Chief Administration Officer, of Residential Capital, LLC, one of the

debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively,

the "<u>Debtors</u>").  I have held this position since February 2013.  In my role as Chief

Administration Officer, I am responsible for, among other things, strategic planning and

daily oversight of certain operational functions, including facilities, sourcing, human

resources & information technology.  I am authorized to submit this declaration (the

"<u>Declaration</u>") in support of the *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 363(b), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assignment of Unexpired Lease Between Normandale Holdings LLC and Residential Funding Company LLC to Ally Financial, Inc.*, dated as of November 1, 2013 (the "<u>Motion</u>").[1]

Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge or information supplied or verified by personnel in departments within the Debtors' various business units.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

1.      The Lease, dated July 7, 2004 (as amended, the "<u>Lease</u>"), currently between Residential Funding Company, LLC, formerly known as Residential Funding Corporation, as Tenant, and Normandale Holdings, L.L.C. (successor in interest to Teachers Insurance and Annuity Association of America), as Landlord (the "<u>Landlord</u>"), is for the property located at 8400 Normandale Lake Boulevard, Bloomington, Minnesota (the "<u>Premises</u>").

2.      In connection with the prosecution of the Debtors' plan and the wind down of the Debtors' estates, RFC seeks to further relinquish space in the Premises and reduce its liabilities related thereto.

3.      Earlier this year, RFC assumed the Lease and contemporaneously entered into an amendment of the Lease, effective as of February 1, 2013, which reduced the rentable square feet of the Premises and provided for the continued occupancy of the

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

premises by employees of AFI and Walter Investment Management Corp. ("Walter"),

each of which agreed to compensate the Debtors for such use pursuant to separate

agreements.  The Walter sublease terminated in May 2013.  Under the current Lease,

which expires on March 31, 2014, the Debtors lease space on the first and twelfth floors

of the Premises, and AFI subleases the entire twelfth floor.

4.      The Debtors have determined that it is critical for them to continue

utilizing the Premises during the wind down process through June 30, 2015 to avoid the

significant costs that would be associated with moving the business to a new location.

However, the Debtors have no need for the continued lease of the twelfth floor at the

Premises.  Thus, AFI and the Debtors propose to enter into the Assignment, whereby the

Debtors shall partially assign its lease of the twelfth floor to AFI.  The primary factor

favoring the Assignment is the elimination of the Debtors' past and future liability with

respect to the twelfth floor space.

5.      In connection with the Assignment, which has been authorized by

the Landlord, the Debtors and the Landlord have agreed to amend the Lease to, among

other things, reduce the rentable square feet of the Premises and extend the term of the

Lease from March 31, 2014 to June 30, 2015 (the "Amended Lease").   It is contemplated

that pursuant to Article VI of the proposed plan, the liquidating trust will succeed to

rights of the Debtors under the Lease.  The rent under the Amended Lease for the

remainder of the original lease period remains the same, at $17.75 per square foot for the

period beginning November 1, 2013 through March 31, 2014 (the "Original Period"),

with an estimated base rent liability of $16,206 per month during the Original Period.

The rent under the Amended Lease for the extended period of April 1, 2014 through June

30, 2015 (the "Extended Period") is $18.00 per square foot, with an estimated base rent liability of $17,043 per month during the Extended Period.[2]  Under the Amendment, the Debtors' operating costs associated with the Premises shall be reduced proportionately. In addition, the extension of the current lease term to June 30, 2015 will save the Debtors the expense of relocation before the wind down of the Debtors' estates is complete.  The terms of the Amended Lease for the remainder of the current lease term remain substantially the same.

6.      Retroactive approval of the Assignment, effective as of November 1, 2013, will ensure the Debtors receive the benefit of the Assignment immediately, benefitting all parties by reducing the Debtors' liability.  Because each of the affected parties—AFI, the Landlord, and RFC—have agreed to the effective date of the Assignment, there is no unfair prejudice to any party.

7.      Based on the foregoing, the Debtors have determined through the exercise of their business judgment that the Assignment is in the best interests of the Debtors' estates, their creditors and other parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 1, 2013
New York, New York

/s/ Colette Wahl
_____
Colette Wahl
Chief Administration Officer,
Residential Capital, LLC

---

[2] These calculations assume that the twelfth floor is assigned to AFI on November 1, 2013, per the terms of the Assignment.

## **Exhibit 2**

**Proposed Order**

(*Please see attached*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

In re:                                      )      Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, et al.,           )      Chapter 11
                                            )
                        Debtors.            )      Jointly Administered
                                            )

---------------------------------------------------------------------

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 363(b), FED. R. BANKR. P. 6006 AND
9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING PARTIAL
ASSIGNMENT OF UNEXPIRED LEASE BETWEEN NORMANDALE
HOLDINGS LLC AND RESIDENTIAL FUNDING COMPANY LLC TO
ALLY FINANCIAL, INC.**

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the

"Order"), pursuant to sections 105(a) and 363(b), of title 11 of the United States Code, as

amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the partial assignment of

the Lease, dated July 7, 2004, currently between Residential Funding Company, LLC, as

Tenant, and Normandale Holdings, L.L.C., as Landlord, for the property located at 8400

Normandale Lake Boulevard, Bloomington, Minnesota  (as amended, the "Lease"),

which has already been assumed during the chapter 11 cases by Residential Funding

Company, LLC, as more fully described in the Motion; and the Court having jurisdiction

to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157

and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

1409; and the Court having reviewed the Motion and the Declaration of Colette Wahl,

Chief Administration Officer of Residential Capital, LLC in support of the Motion; and

the Court having determined that the relief requested in the Motion is in the best interests

of the Debtors, their estates, their creditors, and all parties in interest; and it appearing

that proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and the legal and factual bases set forth in the Motion establish just

and sufficient cause to grant the requested relief herein; and upon the record herein; and

after due deliberation thereon; and good and sufficient cause appearing therefor,

       IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to Section 363(b) of the Bankruptcy Code and Bankruptcy Rules

6006 and 9014, the Assignment is approved *nunc pro tunc* to November 1, 2013.

3.      The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

4.      This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:   New York, New York
          _____, 2013

                         _____
                         THE HONORABLE MARTIN GLENN
                         UNITED STATES BANKRUPTCY JUDGE

2

## **Exhibit 3**

**Partial Assignment and Lease Amendment**

(*Please see attached*)

## PARTIAL ASSIGNMENT AND ASSUMPTION OF LEASE
## AND CONSENT OF LANDLORD

THIS **PARTIAL ASSIGNMENT AND ASSUMPTION OF LEASE AND CONSENT OF LANDLORD** ("Partial Assignment"), is made effective as of November 1, 2013 ("Effective Date"), among **RESIDENTIAL FUNDING COMPANY, LLC,** a Delaware limited liability company ("Tenant"), **ALLY FINANCIAL INC.,** a Delaware corporation ("Assignee"), and **NORMANDALE HOLDINGS, L.L.C.,** a Delaware limited liability company.

## RECITALS

A.   Normandale Holdings, L.L.C., as successor in interest to Teachers Insurance and Annuity Association of America, and Tenant executed a Lease Agreement dated as of July 7, 2004 ("Initial Lease"), as amended by that certain First Amendment to Lease Agreement dated November 3, 2004 ("First Amendment"), that certain Second Amendment to Lease Agreement dated November 8, 2004 ("Second Amendment"), that certain Third Amendment to Lease Agreement dated November 8, 2004 ("Third Amendment"), that certain Fourth Amendment to Lease Agreement dated April 7, 2005 ("Fourth Amendment"), that certain Fifth Amendment to Lease Agreement dated December 15, 2005 ("Fifth Amendment"), that certain Sixth Amendment to Lease Agreement dated July 14, 2006 ("Sixth Amendment"), that certain Seventh Amendment to Lease Agreement dated January 22, 2007 ("Seventh Amendment"), that certain Eighth Amendment to Lease Agreement dated June 20, 2008 ("Eighth Amendment"), that certain Ninth Amendment to Lease Agreement dated June 30, 2008 ("Ninth Amendment"), that certain Tenth Amendment to Lease Agreement dated October 1, 2010 ("Tenth Amendment") and that certain Eleventh Amendment to Lease Agreement dated February 1, 2013 (collectively, the "Lease").    Unless otherwise defined herein, capitalized terms used in this Partial Assignment shall have the same meanings as provided in the Lease.

B.   The Lease relates to certain Premises consisting of approximately 34,266 rentable square feet ("Current Premises") in the building located at 8400 Normandale Lake Boulevard, Bloomington, Minnesota ("Project") and comprised of the following parcels:

| Parcel | Rentable Square Feet |
|---|---|
| Suites 120, 175 and 185 ("First Floor Premises") | 10,000 |
| Suite 1200 ("Twelfth Floor Premises") | 24,266 |
| Total | 34,266 |

.
C.   On May 14, 2012, Tenant and certain related debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq., in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and Tenant is one of the debtors in In re: Residential Capital, LLC et al. Case No. 12-12020 (MG) (the "Bankruptcy Case").  On March 20, 2013, the Bankruptcy Court entered an Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Lease Between Normandale Holdings LLC and Residential Funding Company LLC and published at Docket No. 3275.

D.   Tenant and Assignee entered into a written Sublease dated February 27, 2013 (the "Sublease") relating to the Twelfth Floor Premises for a Sublease term commencing on March 1, 2013, and ending on March 30, 2014.  The Sublease was consented to by Landlord pursuant to a Consent of Landlord (Sublease) dated February 28, 2013.

1

E.  The parties desire to terminate the Sublease and to assign Tenant's entire right, title and interest under the Lease solely with respect to the Twelfth Floor Premises to Assignee as of the Effective Date on the terms and conditions of this Partial Assignment.

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which are expressly acknowledged, the parties agree as follows:

1.  <u>Sublease</u>.  The Sublease is hereby terminated as of October 31, 2013, and neither Tenant nor Assignee shall have any rights or obligations thereafter accruing under the Sublease, except any rights and liabilities that survive the termination of the Sublease as set forth herein.

2.  <u>Partial Assignment and Assumption</u>.

A.  Effective as of the Effective Date, and except as expressly provided otherwise in this Partial Assignment: (1) Tenant hereby assigns to Assignee all of Tenant's right, title, and interest as Tenant under the Lease with respect to the Twelfth Floor Premises from and after the Effective Date; and (2) Assignee hereby accepts such partial assignment and hereby assumes and agrees to pay all Rent, assume all liabilities under the Lease with respect to the Twelfth Floor Premises whether arising prior to the Effective Date or thereafter and to perform all other obligations of the Tenant accruing under the Lease with respect to the Twelfth Floor Premises from and after the Effective Date.

B.  As of the Effective Date, Tenant shall be deemed to deliver to Assignee, and Assignee shall be deemed to accept, possession of the Twelfth Floor Premises in its present condition, "as is."  As of the Effective Date, the Furnishings (as defined in the Sublease) shall become the property of Assignee, and title thereto shall be deemed to have passed to the Assignee, without warranty or representation by Tenant.  At the end of the Lease Term with respect to the Twelfth Floor Premises, Assignee shall be responsible for the removal of the Furnishings and any restoration requirements pursuant to the Lease relating to the Twelfth Floor Premises.

C.  Notwithstanding anything to the contrary contained herein, the foregoing partial assignment with respect to the Twelfth Floor Premises shall not release Tenant from any obligations or liabilities accruing under the Lease from and after the Effective Date with respect to the First Floor Premises and Assignee shall have no liabilities or obligations whatsoever relating to the First Floor Premises or the Lease (other than as specifically set forth herein with respect to the Twelfth Floor Premises).

D.  Notwithstanding anything to the contrary contained herein,

(1)  Tenant hereby reserves, and this Partial Assignment shall exclude, Tenant's entire right, title and interest with respect to the First Floor Premises and all Storage Spaces as provided in Section 9D of the Tenth Amendment.

(2)  Tenant has not installed any Antenna as provided in Section 29 of Exhibit E to the Initial Lease (as amended by Section 9B of the Tenth Amendment), and Tenant is not currently leasing any climate-controlled parking spaces in the parking garage of the Project as provided in Section 9C(2) of the Tenth Amendment.  This Partial Assignment shall exclude all rights, if any, with respect to any Antenna and any climate-controlled parking spaces.

E.  From and after the Effective Date, the leasehold interest of Tenant with respect to the First Floor Premises and the leasehold interest of Assignee with respect to the Twelfth Floor Premises shall be deemed separate and independent leasehold estates, and the terms of the Lease shall continue in full force and effect

2

separately and independently as to Tenant with respect to the First Floor Premises and as to Assignee with respect to the Twelfth Floor Premises.

F.  Tenant and Assignee represent and warrant that (1) the Lease and the Sublease are in full force and effect and, to the best of Tenant's and Assignee's actual knowledge, there are no defaults existing under the Lease or the Sublease, (2) except as previously consented to by Landlord in writing, there has been no prior assignment of the Lease and no sublease of all or any portion of the Premises; (3) to the best of Tenant's and Assignee's actual knowledge, there are no existing defenses, offsets or claims by Tenant or Assignee against enforcement of the Lease or against Landlord; and (4) this Partial Assignment has been duly authorized, executed and delivered by each of them and constitutes the legal, valid and binding obligation of each of them, enforceable in accordance with its terms.  Tenant represents and warrants that this Partial Assignment is its legal, valid and binding obligation without the need for any consent, order or approval in the Bankruptcy Case or otherwise that has not been obtained.  Landlord represents and warrants that  (1) the Lease is in full force and effect and, to the best of Landlord's actual knowledge, there are no defaults existing under the Lease, (2) no other party has any prior right to lease all or any of the Premises. and there are no pending or threatened contests or objections to this Partial Assignment; and (3) this Partial Assignment has been duly authorized, executed and delivered by Landlord and constitutes the legal, valid and binding obligation of Landlord, enforceable in accordance with its terms.

2.  Consent of Landlord.  In reliance on the representations and agreements of Tenant and Assignee herein, Landlord hereby consents to the foregoing partial assignment of the Lease as provided herein. Landlord does not hereby consent to any further assignment of the Lease or to any subletting of all or any portion of the Premises, subject to the terms of the Lease.

3.  Assignment.  Tenant may assign this Partial Assignment and its obligations under this Partial Assignment to any successor pursuant to the Bankruptcy Case, including without limitation, a liquidating trust formed by order of the United States Bankruptcy District Court for the Southern District of New York.

4.  Miscellaneous.

A.  This Partial Assignment shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors and assigns.

B.  Pursuant to Section 3D(2) of the Eleventh Amendment, Landlord was granted an agreed and allowed general unsecured claim against Tenant in the Bankruptcy Case, and Landlord has duly filed Claim # 6871 in the Bankruptcy Case ("Landlord's Claim").  Neither this Partial Assignment nor the Separate Amendments (as defined below) shall waive or impair Landlord's Claim or waive any claims, rights or remedies, including without limitation, administrative expense claims or lease rejection claims, with respect to the First Floor Premises or the Rent payable under the Lease for the First Floor Premises from and after the Effective Date in the event that Tenant subsequently rejects the Lease or defaults under the Lease.

C.  Landlord, Tenant and Assignee shall indemnify and hold each other harmless from all claims, liability or expense (including reasonable attorneys' fees) in connection with any claim for broker's, finder's or other fees or commissions by any other person or entity as a result of such party's actions or alleged actions in connection with this Partial Assignment.

D.  This document may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same document.  Signatures to this document transmitted by e-mail in PDF format shall be valid and effective to bind the party so signing.  Each party agrees

3

to promptly deliver an execution original of this document with its actual signature to the other party by overnight courier, but a failure to do so shall not affect the enforceability of this Amendment.

5.  <u>Conditions Precedent</u>.  Notwithstanding anything to the contrary contained herein, this Partial Assignment is subject to the conditions precedent that simultaneously herewith (1) Landlord and Tenant shall execute and deliver a mutually satisfactory written amendment of the Lease with respect to the First Floor Premises, including among other matters an extension of the Term of the Lease for the First Floor Premises, and (2) Landlord and Assignee shall execute and deliver a mutually satisfactory written amendment of the Lease with respect to the Twelfth Floor Premises, including among other matters an extension of the Term of the Lease for the Twelfth Floor Premises (the "Separate Amendments").  If such conditions are not satisfied or waived by the parties in writing on or before November 15, 2013, this Partial Assignment shall be null and void, and the Lease and the Sublease shall remain unmodified and in effect.

*[SIGNATURE PAGE(S) FOLLOWS]*

4

By signing below, Tenant and Assignee agree to the above terms.

**IN WITNESS WHEREOF**, the parties have executed this Partial Assignment as of the day and year first above written.

**TENANT:**                                                    **ASSIGNEE:**

**RESIDENTIAL FUNDING COMPANY, LLC**        **ALLY FINANCIAL INC.**


By: _____        By: _____
  Name:_____              Name:_____
  Title: _____              Title: _____


**LANDLORD:**

**NORMANDALE HOLDINGS, L.L.C.**

*DAL*

By:_____
  Name:_____
  Title: _____

5

## TWELFTH AMENDMENT TO
## LEASE AGREEMENT FOR FIRST FLOOR PREMISES

**THIS AMENDMENT** ("Amendment") is made as of November 1, 2013 ("Effective Date"), between **NORMANDALE HOLDINGS, L.L.C.,** a Delaware limited liability company ("Landlord"), and **RESIDENTIAL FUNDING COMPANY, LLC,** a Delaware limited liability company ("Tenant").

### RECITALS

A.  Landlord, as successor in interest to Teachers Insurance and Annuity Association of America, and Tenant executed a Lease Agreement dated as of July 7, 2004 ("Initial Lease"), as amended by that certain First Amendment to Lease Agreement dated November 3, 2004 ("First Amendment"), that certain Second Amendment to Lease Agreement dated November 8, 2004 ("Second Amendment"), that certain Third Amendment to Lease Agreement dated November 8, 2004 ("Third Amendment"), that certain Fourth Amendment to Lease Agreement dated April 7, 2005 ("Fourth Amendment"), that certain Fifth Amendment to Lease Agreement dated December 15, 2005 ("Fifth Amendment"), that certain Sixth Amendment to Lease Agreement dated July 14, 2006 ("Sixth Amendment"), that certain Seventh Amendment to Lease Agreement dated January 22, 2007 ("Seventh Amendment"), that certain Eighth Amendment to Lease Agreement dated June 20, 2008 ("Eighth Amendment"), that certain Ninth Amendment to Lease Agreement dated June 30, 2008 ("Ninth Amendment"), that certain Tenth Amendment to Lease Agreement dated October 1, 2010 ("Tenth Amendment") and that certain Eleventh Amendment to Lease Agreement dated February 1, 2013 (collectively, the "Current Lease").

B.  The Current Lease relates to certain Premises consisting of approximately 34,266 rentable square feet (the "Current Premises") in the building located at 8400 Normandale Lake Boulevard, Bloomington, Minnesota ("Project") and comprised of the following parcels:

| Parcel | Rentable Square Feet |
|---|---|
| Suites 120, 175 and 185 ("First Floor Premises") | 10,000 |
| Suite 1200 ("Twelfth Floor Premises") | 24,266 |
| Total | 34,266 |

.
C.  On May 14, 2012, Tenant and certain related debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et seq., in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and Tenant is one of the debtors in In re: Residential Capital, LLC et al. Case No. 12-12020 (MG) (the "Bankruptcy Case").  On March 20, 2013, the Bankruptcy Court entered an Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Lease Between Normandale Holdings LLC and Residential Funding Company LLC and published at Docket No. 3275.

D.  Tenant and Ally Financial Inc. ("Ally") entered into a written Sublease dated February 27, 2013 (the "Sublease") relating to the Twelfth Floor Premises for a Sublease term commencing on March 1, 2013, and ending on March 30, 2014.  The Sublease was consented to by Landlord pursuant to a Consent of Landlord (Sublease) dated February 28, 2013.

E.  Simultaneously herewith, Landlord, Tenant and Ally have entered into a Partial Assignment and Assumption of Lease and Consent of Landlord ("Partial Assignment") providing for the termination of the Sublease and a partial assignment to Ally of the Current Lease with respect to the Twelfth Floor Premises effective from and after the Effective Date.

1

F.    Landlord and Tenant desire to extend the Term, to reduce the Current Premises and to otherwise amend the Current Lease as provided in this Amendment.

AGREEMENT

Now, therefore, in consideration of the foregoing recitals, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant have agreed as follows:

1.    <u>Effect</u>.  The Current Lease is hereby amended to the extent necessary to give effect to this Amendment, and the terms of this Amendment shall supersede any contrary terms in the Current Lease. All references in the Current Lease to "this Lease," and all references in this Amendment to "the Lease," shall be deemed to refer to the Current Lease as amended by this Amendment.  In all other respects, the terms and conditions of the Current Lease shall remain unmodified and in effect.  Unless otherwise defined herein, capitalized terms used in this Amendment shall have the same meanings as provided in the Current Lease.

2.    <u>Term</u>.  The Term of the Lease is hereby extended for the period ("Second Extension Term") commencing on April 1, 2014, and ending on June 30, 2015.  Except as expressly provided otherwise in the Lease or this Amendment, the Lease shall continue during the Second Extension Term on all of the same terms and conditions, and any reference in the Lease to the Term of the Lease shall be deemed to refer to and include the Second Extension Term.  Except as expressly otherwise provided herein, this Amendment shall not be deemed to grant to Tenant any right or option to further extend or renew the Lease, and any options to extend or renew contained in the Lease are hereby deleted.

3.    <u>First Floor Premises</u>.

A.    Tenant's entire right, title and interest under the Lease with respect to the Twelfth Floor Premises has been assigned to Ally as of the Effective Date pursuant to the Partial Assignment.  The Partial Assignment does not release Tenant from any obligations or liabilities accruing under the Lease [(1) prior to the Effective Date with respect to the Current Premises, and (2) from and after the Effective Date] with respect to the First Floor Premises.  From and after the Effective Date, the leasehold interest of Tenant with respect to the First Floor Premises and the leasehold interest of Ally with respect to the Twelfth Floor Premises shall continue as separate and independent leasehold estates, and the Lease with Tenant for the First Floor Premises shall be deemed a separate and independent lease from the Lease with Ally for the Twelfth Floor Premises.  The Lease between Landlord and Tenant for the First Floor Premises, as amended by this Amendment, shall be fully binding and enforceable by and between Landlord and Tenant in accordance with its terms, and no extension, renewal, modification, release or termination of the Lease with Ally for the Twelfth Floor Premises or of Ally's obligations thereunder shall affect or impair the obligations of the parties hereunder.   The Partial Assignment and the Lease, as amended by this Amendment, are hereby ratified and confirmed.

B.  As of the Effective Date, the Twelfth Floor Premises shall be deemed to be deleted and released from the Lease between Landlord and Tenant, and the Premises shall be amended and reduced to consist solely of the First Floor Premises.  Any reference in the Lease to the Premises shall thereafter be deemed to refer to the First Floor Premises, and the Lease shall continue with respect to the First Floor Premises upon the same terms and conditions except as otherwise provided in this Amendment.

2

4.  Rent.

A.  Tenant shall pay Base Rent and Operating Cost Rent for the Current Premises through the day preceding the Effective Date as currently provided in the Lease.

B.  Commencing on the Effective Date and continuing through the end of the Second Extension Term:

(1)  Tenant shall pay Base Rent for the First Floor Premises determined at an annual rate per rentable square foot and payable in monthly installments as follows:

| Period | Annual Rate Per Square Foot | Monthly Installment |
|---|---|---|
| 11/1/13 – 3/31/14 | $17.75 | $14,791.67 |
| 4/1/14  –  6/30/15 | $18.00 | $15,000.00 |

(2)  Tenant's Proportionate Share of Operating Costs for the First Floor Premises shall be 2.42%, calculated by dividing the rentable square feet in the First Floor Premises of 10,000 by the rentable square feet in the Project of 413,184; and Tenant shall pay Operating Cost Rent based on its Proportionate Share of Operating Costs for the First Floor Premises as provided in the Lease.

C.  If the Effective Date is not the first day of a calendar month, the Base Rent and Operating Cost Rent for the month in which the Effective Date occurs shall be prorated on a daily basis between the Current Premises and the First Floor Premises, and any deficiency or refund shall be paid within thirty (30) days after Landlord's statement to Tenant.

5.  Leasehold Improvements.  Tenant agrees to accept the First Floor Premises on an "as is" basis, and Landlord has no obligation to do or pay for any leasehold improvements or plans.

6.  Miscellaneous.

A.  Section 29 of Exhibit E to the Initial Lease (as amended by Section 9B of the Tenth Amendment) relating to an Antenna, is hereby entirely deleted from the Lease and Landlord acknowledges and agrees that there are no amounts owing or liabilities accrued against Tenant pursuant to such Section 29 of Exhibit E.

B.  During the period from the Effective Date through the end of the Second Extension Term, Tenant shall continue to rent the following Storage Spaces located on the first floor of the Building:

| Storage Space | Agreed Square Feet |
|---|---|
| 103 | 350 |
| 104 | 488 |
| 104A | 239 |
| 105 | 338 |
| Total | 1,415 |

Tenant shall rent such Storage Spaces in an "AS IS" condition on Landlord's standard form storage space agreement at an annual gross rate of $12.00 per square foot during the Second Extension Term, payable monthly in advance, and at Landlord's prevailing gross rental rate for comparable storage space in the

3

910119 Twelfth Amendment-1st Floor 10-17-13

Project during any further extension of the Term, but not less than the rate payable for such storage spaces during the Second Extension Term.

C.  As of the Effective Date, all prior provisions of the Lease relating to controlled parking spaces in the parking garage of the Project are hereby entirely deleted from the Lease, and Landlord acknowledges and agrees that there are no amounts owing or liabilities accrued against Tenant relating to any controlled parking spaces.  As of the Effective Date, Tenant shall rent three (3) climate-controlled parking spaces on Landlord's standard form parking agreement at the monthly rate of $150.00 per space, plus tax, through the end of the Second Extension Term, and at Landlord's then prevailing rate from time to time during any renewal or extension thereof.  If any such parking space is terminated at any time by Tenant or by Landlord based on Tenant's default, Landlord shall have no further obligation to make such space available to Tenant.

D.  Pursuant to Section 3D(2) of the Eleventh Amendment, Landlord was granted an agreed and allowed general unsecured claim against Tenant in the Bankruptcy Case, and Landlord has duly filed Claim # 6871 in the Bankruptcy Case ("Landlord's Claim").  Neither the Partial Assignment nor this Amendment shall waive or impair Landlord's Claim or waive any claims, rights or remedies, including without limitation, administrative expense claims or lease rejection claims, with respect to the First Floor Premises or the Rent payable under this Amendment for the First Floor Premises from and after the Effective Date in the event that Tenant subsequently rejects the Lease or defaults under the Lease.

7.  Brokers.  Landlord and Tenant each represents that it has not engaged or dealt with any real estate broker, agent or finder with respect to this Amendment, except for Cushman & Wakefield/NorthMarq Real Estate Services (representing Landlord and whose commission, if any, shall be paid by Landlord pursuant to a separate agreement) and no broker representing Tenant.  Landlord and Tenant shall indemnify and hold each other harmless from all claims, liability or expense (including reasonable attorneys' fees) in connection with any claim for broker's, finder's or other fees or commissions by any other person or entity as a result of such party's actions or alleged actions.

8.  Representations.  Tenant hereby represents to Landlord that, except as provided above, there has been no assignment of Tenant's interest under the Lease and  no sublease of all or any portion of the Premises requiring Landlord's consent that has not been obtained; and, to the best of Tenant's actual knowledge and subject to the Bankruptcy Case, without any duty of inquiry, (i) there are no existing defenses, offsets or claims that Tenant has against enforcement of the Lease or Landlord, and (ii) Landlord and Tenant are not in default under the Lease.  Landlord and Tenant each represent and warrant that such party has the full power, authority and legal right to execute and deliver this Amendment; this Amendment constitutes the valid and binding obligation of such party; and the execution and delivery of this Amendment by such party has been duly authorized by all necessary actions on behalf of such party.  Tenant represents and warrants that this Amendment is its legal, valid and binding obligation without the need for any consent, order or approval in the Bankruptcy Case or otherwise that has not been obtained.

9.  Assignment.  Notwithstanding any other agreement or covenant set forth in the Current Lease, including without limitation Section 14, Tenant may assign this Amendment and its obligations under this Amendment to any successor pursuant to the Bankruptcy Case, including without limitation, a liquidating trust formed by order of the United States Bankruptcy District Court for the Southern District of New York.

10.  Entire Agreement.  The Lease, including, without limitation, this Amendment and all exhibits which are attached hereto and hereby incorporated by reference, constitutes the entire agreement between Landlord and Tenant with respect to the subject matter hereof, and may not be amended or modified except in a writing signed by Landlord and Tenant.  Tenant acknowledges that it has not been induced to enter into

4

this Amendment by any agreements or representations which are not set forth in this Amendment.  This Amendment shall not be effective until execution and delivery by both Landlord and Tenant.

11.  <u>Counterparts</u>.  This Amendment may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same document.  Signatures to this Amendment transmitted by e-mail in PDF format shall be valid and effective to bind the party so signing.  Each party agrees to promptly deliver an execution original of this Amendment with its actual signature to the other party by overnight courier, but a failure to do so shall not affect the enforceability of this Amendment.

12.  <u>Conditions Precedent</u>.  Notwithstanding anything to the contrary contained herein, this Amendment is subject to the conditions precedent that simultaneously herewith (1) Landlord, Tenant and Ally shall execute and deliver the Partial Assignment, and (2) Landlord and Ally shall execute and deliver a mutually satisfactory written amendment of the Lease with respect to the Twelfth Floor Premises, including among other matters an extension of the Term of the Lease for the Twelfth Floor Premises.  If such conditions are not satisfied or waived by the parties in writing, this Amendment shall be null and void, and the Lease shall remain unmodified and in effect.

*[SIGNATURE PAGE(S) FOLLOWS]*

910119 Twelfth Amendment-1st Floor 10-17-13

**IN WITNESS WHEREOF**, Landlord and Tenant have executed this Amendment as of the day and year first above written.

LANDLORD:                                      TENANT:

NORMANDALE HOLDINGS, L.L.C.        RESIDENTIAL FUNDING COMPANY, LLC


By:_____      By: _____
  Name:_____        Name:_____
  Title: _____        Title: _____

6