UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| RESIDENTIAL CAPITAL, LLC, | ) |
| et al., | ) |
|  | ) |
| Debtors. | ) |

OBJECTION BY JAMES LADD AND ANNE LADD
TO DEBTORS' FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY BORROWER CLAIMS—BOOKS AND RECORDS)

Now come the claimants, James Ladd and Anne M. Ladd, by counsel, and object to the Debtors' Forty-Ninth Omnibus Objection to Claims requesting that their claim, no. 4722, be disallowed and expunged. In support of this Objection, Mr. and Mrs. Ladd state as follows:

1.  *Procedural background.*  On or about November 13, 2012, Mr. and Mrs. Ladd timely filed their proof of claim against GMAC Mortgage, LLC.  Their claim number is 4722.

2.  The general basis for the Ladds' claim is a wrongful foreclosure conducted by GMAC on October 14, 2011.  The approximate value of the property at the time of the foreclosure sale was $289,000—the amount of the claim.[1]

3.  In May or June of 2013, the Ladds received a notice from Claims Management, Residential Capital, LLC, requesting additional information about their claim for purposes of evaluating it.  The deadline to submit this additional information was June 24, 2013.

4.  On June 21, 2013, the Ladds, through undersigned counsel, timely responded to the Debtors' request for additional information concerning their claim.  The response was sent to the Debtors by regular mail and email, as instructed.  The response consisted of seven pages of explanation (facts and law) for the claim and ten exhibits, including the mortgage and rate rider, right-to-cure

---

[1] The Ladd's property is located at 5 Barrows Street, Middleborough, Massachusetts.  The Debtors have not objected to the subject claim based on the claim amount.

1

notice, mortgage loan transfer notice, assignment, foreclosure deed with affidavit of sale and assignment of bid, M.G.L. c. 224, section 35A, relevant cases, loan workout plan, and loan modification agreement. (See, Letter Response dated June 21, 2013, at **Attachment 1**).

5. *Factual background.* On May 30, 1997, James and Anne Ladd purchased the subject property located at 5 Barrows Street, Middleborough, Massachusetts.

6. On June 25, 2005, Mr. and Mrs. Ladd obtained a new mortgage loan in the amount of $267,800. The lender was Advanced Financial Services, Inc., and the mortgagee was Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for the Advanced Financial Services, Inc.

7. On April 15, 2009, GMAC Mortgage, LLC, as the servicer of the subject mortgage, sent Mr. Ladd a Right-to-Cure Notice as required by the mortgage itself (para. 22) and under Massachusetts law, M.G.L. c. 244, § 35A. See, Right-to-Cure Notice, at **Attachment 1, Exhibit 2**.

8. On December 30, 2009, Residential Funding Corporation[2] appears to have acquired ownership of the subject mortgage. *See*, Notice from GMAC Mortgage dated January 5, 2010, at **Attachment 1, Exhibit 3**. According to the notice, this transfer of ownership of mortgage (i.e., the assignment) was **not** publicly recorded.[3]

9. On January 4, 2010, MERS purported to assign the mortgage loan to GMAC Mortgage, LLC ("GMAC"). This assignment was recorded at the Plymouth County Registry of Deeds on January 22, 2010. *See*, Assignment, at **Attachment 1, Exhibit 4**.

10. GMAC foreclosed on the property on October 14, 2011. GMAC transferred the property to Federal Home Loan Mortgage Corporation by an assignment of bid on February 3, 2012. *See*, Foreclosure Deed and Assignment of Bid, at **Attachment 1, Exhibit 5**.

---

[2] Residential Funding Corporation is a subsidiary of Residential Capital Company, LLC. Residential Capital Company, LLC, is a subsidiary of GMAC, LLC. As such, these companies are separate legal entities.

[3] It should be noted that pursuant to St. 2012, c. 194, M.G.L. c. 244, section 14 was amended (effective November 1, 2012) to require that all mortgage assignments be recorded to show a complete chain of title from the original lender to the foreclosing entity, presumably to avoid the confusion caused by off-record transfers of title.

2

11.  On July 19, 2012, Federal Home Loan Mortgage Corporation sold the property to Angela Chin, as Trustee of the Fonda Revocable Trust.

12.  *Legal claims.* The foreclosure sale was wrongful because GMAC failed to strictly comply with the statutory power of sale in Massachusetts (its Right to Cure Notice violated M.G.L. c. 244, § 35A), it had an invalid assignment, it violated the Home Affordable Modification Program, and it violated M.G.L. Chapter 93A.

13.  *Failure to strictly comply with the statutory power of sale.* In Massachusetts, the foreclosure procedures are governed by M.G.L. 183, § 21, and M.G.L. c. 244 (titled "Foreclosure and Redemption of Mortgages"). The statutory power of sale, set forth in M.G.L. c. 183, § 21, provides that upon default by the borrower, the mortgagee may sell the property after "first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale." *See, also, U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 646 (2011) ("Where a mortgage grants a mortgage holder the power of sale…it includes by reference the power of sale set out in G.L. c. 183, § 21[;]" and only the original mortgagee or a holder by virtue of a validly executed assignment may exercise the statutory power of sale). If the mortgagee fails to strictly comply with the statutory power of sale, then the foreclosure sale is wholly void. *Moore v. Dick*, 187 Mass. 207, 211 (1975).

14.  a.  *Violation of M.G.L. c. 244, § 35A.* One of the statutes relating to the foreclosure of mortgages is the right-to-cure notice found in M.G.L. c. 244, § 35A. Section 35A requires the mortgage holder to give the borrower a notice of his/her right to cure the mortgage default.[4] At the relevant time in this case, Section 35A provided:

> (a)  Any mortgagor of residential real property located in the commonwealth…shall have a 90-day right to cure a default of a required payment as provided in such residential mortgage or note secured by such residential real property by full payment of all amounts that are due without acceleration of the maturity of the unpaid balance of such mortgage….

---

[4] A notice of default, acceleration and cure right is also required by Paragraph 22 of the Ladds' mortgage itself.

3

> (b)     The mortgagee, or anyone holding thereunder, shall not accelerate maturity of the unpaid balance of such mortgage obligation or otherwise enforce the mortgage because of a default consisting of the mortgagor's failure to make any such payment…by any method authorized by this chapter or any other law until at least 90 days after the date a written notice is given by the mortgagee to the mortgagor....
>
> (c)     The notice required in subsection (b) shall inform the mortgagor of the following:…(4) the name and address of the mortgagee, or anyone holding thereunder, and the telephone number of a representative of the mortgagee whom the mortgagor may contact if the mortgagee disagrees with the mortgagee's assertion that a default has occurred or the correctness of the mortgagee's calculation of the amount required to cure the default[.]

M.G.L. c. 244, section 35A (*see*, Chapter 206 of the Acts of 2007, Section 11), at **Attachment 1, Exhibit 6**.

15.   Numerous trial courts throughout Massachusetts have found that Section 35A is part of the statutory scheme regulating foreclosure, and therefore, it must be strictly adhered to in order to have a valid foreclosure sale pursuant to the power of sale. *See, e.g., Ross v. Deutsche Bank Nat. Trust Co.*, 2013 WL 1225621 (D.Mass., March 27, 2013) (Young, J.) (Section 35A is part of the Massachusetts statutory scheme regulating foreclosures, and must be strictly complied with) (**Attachment 1, Exhibit 7**); *Silva v. Deutsche Bank Trust Company*, Middlesex Superior Court, Case No. 2012-3951-H, 2012 WL 601681 (November 14, 2012) (Wilson, J.) (the principle of "strict compliance" applies equally to the notice requirements in M.G.L. c. 244, § 35A, as it does to M.G.L. c. 244, § 14) (**Attachment 1, Exhibit 8**); and *Federal Home Loan Mortgage Corp. v. Sensini*, Northeast Housing Court, Case No. 12-SP-0871 (Kerman, J.) (dismissing Plaintiff's complaint because the foreclosing entity failed to strictly comply with the requirements under Section 35A, regardless of any actual prejudice resulting from the defects) (**Attachment 1, Exhibit 9**).

16.   In this case, the Right-to-Cure Notice sent to Mr. Ladd on April 15, 2009 (*see*, Right-to-Cure Notice, at **Attachment 1, Exhibit 2**), appears to identify GMAC Mortgage LLC as the mortgagee, but the actual mortgagee at the time of the notice was clearly MERS. MERS was the original mortgagee and MERS did not assign the mortgage

4

to GMAC Mortgage LLC until January 4, 2010 (see, MERS Assignment, at **Attachment 1, Exhibit 4**), several months *after* GMAC Mortgage LLC gave Mr. Ladd the right to cure notice on April 15, 2009. Section 35A(c)(4) requires that the notice must include "the name and address of the mortgagee," but the notice did not provide any such information. Mr. Ladd's right to cure notice also failed to specify the name of a designated individual whom he could contact about the default, in violation of Section 35A(c)(4), as it refers only to the "Collections Department." Section 35A requires that the right to cure notice be sent exclusively by the mortgagee, which did not happen in this case. Finally, the right-to-cure notice should have been sent to Mrs. Ladd as well, as a co-mortgagor, but it was not. Because the right to cure notice here was issued by GMAC Mortgage LLC, an entity other than the mortgagee, and was substantively defective in content, there was not strict compliance with the statutory power of sale under M.G.L. c. 244, Section 35A, and thus the foreclosure is void.

17.    b.    *Invalid assignment to GMAC Mortgage, LLC.* In Massachusetts, only a current holder of the mortgage loan is able to exercise a statutory power of sale. *See*, M.G.L. c. 183, § 21. In *U.S. Bank National Association v. Ibanez*, 458 Mass. 637, 648 (2011), the Supreme Judicial Court found that the bank could not prove its authority to foreclose because it did not have a valid assignment of the mortgage at the time of the notice of sale and the subsequent foreclosure sale. Thus, in the case at bar, GMAC Mortgage LLC, as the foreclosing entity, must have held the mortgage at the time of the notice of sale and foreclosure sale in order to exercise the statutory power of sale.

18.    In this case, Residential Funding Corp. acquired ownership of the mortgage on December 30, 2009, (*see*, **Attachment 1, Exhibit 3**), prior to the assignment by MERS to GMAC on January 4, 2010, (*see* **Attachment 1, Exhibit 4**). Therefore, in order for GMAC to have had proper authority to foreclose on the property and execute the foreclosure deed, there must have been an assignment or transfer from Residential Funding Corp. to either MERS or GMAC to complete the chain of title, and to establish GMAC's legal authority to foreclose.

19.    After a diligent search of the Plymouth County Registry of Deeds where the property is located, undersigned counsel was not able to find any assignment from Residential Funding Corp. to GMAC (or to MERS). Because ownership in the mortgage had been transferred previously to Residential Funding Corp., GMAC did not receive anything in its assignment from MERS. *See*, *Powers v. Orr*, 10 Land

5

Court Reporter 137 (February 15, 2002) (bank could not convey what it did not own). As a result, GMAC has never been a valid holder of the mortgage.

20. Since GMAC has never held the mortgage, its attempt to carry out the foreclosure sale is void. *Ibanez*, 458 Mass. 637, at 647 (foreclosing entity must hold the mortgage at the time of notice and sale). "[An] attempt to foreclose by a party that had not yet been assigned [the] mortgage results in 'structural defect that goes to the very heart of [the mortgagee's] ability to foreclose by advertisement,' and renders the foreclosure sale void." *Id.*, at 647 (quoting *Davenport v. HSBC Bank USA*, 739 N.W.2d 383 (2007)).

21. *Violation of the Home Affordable Modification Program*. In April 2009, the Ladds contacted GMAC Mortgage LLC for the purpose of requesting a loan modification under the Home Affordable Modification Program ("HAMP"). They provided all documentation required to GMAC, and as a result, GMAC offered them a HAMP Loan Workout Plan (Step One), which the Ladds accepted. See, HAMP Loan Workout Plan (Step One of Two-Step Documentation Process), at **Attachment 1, Exhibit 10**. Upon the successful completion of Step One, GMAC gave the Ladds Step Two documents, consisting of the approved Loan Modification Agreement. See, GMAC Mortgage Letter dated February 24, 2010, and Loan Modification Agreement, at **Attachment 1, Exhibit 11**. There were a few discrepancies with the Loan Modification Agreement, including whether the document needed to be notarized, and whether the proposed escrow was $200 more than the actual escrow associated with the loan. The Ladds made numerous attempts to contact the loan modification specialist at GMAC without success, and GMAC never answered questions concerning the Loan Modification Agreement. As a result, the Ladds were not able to execute the Loan Modification Agreement before the deadline. The Ladds were prepared to execute the Loan Modification Agreement subject to the resolution of the escrow issue, but instead, GMAC moved forward with the foreclosure. GMAC was legally required to use good faith in administering the HAMP program, but in this case, it failed to do so.

22. *Violation of M.G.L. Chapter 93A*. M.G.L. Chapter 93A prohibits any unfair or deceptive acts or practices in the conduct of any trade or commerce. M.G.L. c. 93A, § 2. GMAC Mortgage LLC has engaged in such trade or commerce in Massachusetts, and therefore, is subject to Chapter 93A. Chapter 93A liability is decided on a case-by-case basis, and has a very broad definition. An act is unfair "if it is within the penumbra of some common-law,

statutory, or other established concept of unfairness." *Linkage Corp. v. Trs. Of Bos. Univ.*, 425 Mass. 1, 27, 679 N.E.2d 191, 209 (1977). Chapter 93A also grants to the Attorney General the power to promulgate rules and regulations that define certain acts and practices which violate Chapter 93A. These rules and regulations have the force of law. *Purity Supreme, Inc. v. Attorney General*, 380 Mass. 762, 775, 407 N.E.2d 297, 306 (1980).

23. Because M.G.L. c. 244, § 35A, is a consumer protection statute, GMAC's violation of Section 35A is a *per se* violation under the Attorney General's regulations.[5] Section 3.16 of those regulations, expressly prohibits conduct that fails to comply with existing statutes or laws meant for the protection of the public's health, safety, and welfare. A violation of Section 3.16 is therefore a *per se* violation of Chapter 93A. *MacGillivary v. W. Dana Bartlett Ins. Agency of Lexington, Inc.*, 14 Mass.App.Ct. 52, 61 (1982).

24. In addition, a non-compliant Section 35A notice is also "deceptive" within the meaning of Chapter 93A. An act or practice may violate Chapter 93A as deceptive if it "possesses a tendency to deceive," as considered in view of the effect the act or practice would be expected to have upon members of the general public. *Leardi v. Brown*, 394 Mass. 151, 156 (1985). It is the <u>tendency</u> to deceive that determines liability: actual reliance is not an element of liability. *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 703 (1975). The non-compliant Section 35A notice sent to Mr. Ladd had a plain tendency to deceive because it communicated misleading information (about the status of the foreclosure, about who had the legal authority to foreclose on the home, and about his cure rights as well—i.e., that the cure period had lawfully begun when it had not).

---

[5] Pursuant to her statutory authority, the Massachusetts Attorney General has declared that:

> [A]n act or practice is a violation of [Chapter 93A] if. . . [i]t fails to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth or any political subdivision thereof intended to provide the consumers of this Commonwealth protection.

940 C.M.R. 3.16(3). Section 35A is clearly "meant for the protection of the public's. . . welfare" and is "intended to provide the consumers of this Commonwealth protection." When § 35A was promulgated, the Legislature declared that its purpose was "to provide forthwith mortgage protection for existing and new home owners." Mass. Acts 2007, c. 206. The statute protects the public welfare by specifically protecting homeowners and not businesses or investors.

7

25. GMAC's behavior and conduct in conducting the foreclosure without legal authority (and then having sold Mr. and Mrs. Ladd's home) is also unfair within the meaning of Chapter 93A. An act or practice may violate Chapter 93A as unfair if (1) it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) it is immoral, unethical, oppressive, or unscrupulous; or (3) it causes substantial injury to consumers. *PMP Associates, Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975). Massachusetts has long recognized a claim for wrongful foreclosure. *Sandler v. Green*, 287 Mass. 404 (1934). Thus, the common law has recognized that improper foreclosures are unfair. *See, also, Kattar v. Demoulas*, 433 Mass. 1 (2000) (retaliatory foreclosure violated Chapter 93A, even though actual default existed).

26. It is within the "penumbra" of established concepts of unfairness that GMAC sold the Ladds' home to itself and then re-sold it to an unsuspecting third party, all based upon a foreclosure that is void as a matter of law. GMAC's failure to properly foreclose on the Ladds' home (and the resulting eviction action) is also unethical. As a mortgagee, GMAC owed the Ladds a duty of good faith and fair dealing. *West Roxbury Co-Operative Bank v. Bowser*, 324 Mass. 489 (1949). It also held a strong degree of power over the Ladds, as it was able to foreclose without judicial oversight.

27. GMAC Mortgage LLC should have acted in good faith and used reasonable diligence to protect the interests of the mortgagor. *Williams v. Resolution GGF OY*, 417 Mass. 377, 382-383, 630 N.E.2d 581 (1994). Chapter 93A empowers a court to rescind a foreclosure and re-convey the property to the former owner. *Kattar v. Demoulas*, 433 Mass. at 17. GMAC failed to act in good faith when it refused to respond to the phone calls by the Ladds to answer simple questions about the Loan Modification Agreement, in which GMAC had invited such inquiry. The Ladds had every intention to modify their mortgage loan and prevent a foreclosure sale. GMAC's failure to respond to them and finalize the HAMP loan modification is thus a violation of Chapter 93A.

28. *Conclusion.* Mr. and Mrs. Ladd timely filed their claim and timely responded to the Debtors' request for a further explanation of their claim. The Ladds have a meritorious claim in that the Debtors did not acquire valid title to the property because the underlying foreclosure sale is void. Without a valid foreclosure sale, Mr. and Mrs. Ladd's objection to the Debtors'

8

request to disallow their claim should be sustained.

WHEREFORE, Mr. and Mrs. Ladd object to the Debtors' Forty-Ninth Omnibus Objection to Claims requesting that their claim be disallowed and expunged.

                                        Respectfully submitted,
                                        JAMES and ANNE LADD,
                                        By their Attorney,

_Oct. 21, 2013_                      _/s/ Daniel Daley_
Date                               Daniel Daley   BBO#560500
                                       MetroWest Legal Services
                                       63 Fountain Street, Suite 304
                                       Framingham, MA 01702
                                       (508) 620-1830

## CERTIFICATE OF SERVICE

I, Daniel Daley, hereby certify that on October 21, 2013, I served a copy of the foregoing upon the following list:

Debtors' counsel:
ATTN: Gary S. Lee,
Norman S. Rosenbaum, and
Jordon A. Wishnew
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

Counsel of the Committee of Unsecured Creditors
ATTN: Kenneth Eckstein and
Douglas Mannal
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

ATTN: Tracy Hope Davis,
Linda A. Riffkin, and
Brian S. Masumoto
Office of the US Trustee
for the Southern District of New York
U.S. Federal Office Building
201 Varick Street

Suite 1006
New York, NY 10014

Special counsel for the Committee
ATTN: Ronald J. Friedman
SilvermanAcampora LLP
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753

all by express mail, next day delivery.

| Oct. 21, 2013 | _Daniel Daley_ (signature) |
|---|---|
| Date | Daniel Daley |