**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF L. STEPHENS TILGHMAN PURSUANT TO PARAGRAPH 13 OF ORDER (DOC. 4808) GRANTING PRELIMINARY APPROVAL OF KESSLER SETTLEMENT AGREEMENT

L. Stephens Tilghman, being first duly sworn, deposes and states as follows:

1. I am the President of Tilghman & Co, P.C. (Tilghman), whose address is P.O. Box 11250, Birmingham, Alabama 35202.

2. Tilghman is an experienced, professional services firm specializing in the administration of class action lawsuit settlements and awards. Tilghman has serviced more than 400 cases, mailed over 36 million settlement notices, and managed over $380 million in settlement funds.

3. Tilghman has particular experience with the Kessler Class Action pending in the United States District Court for the Western District of Pennsylvania. Tilghman previously acted as noticing agent with respect to two prior proposed settlements of that action, neither of which was consummated.

4. Tilghman was retained by agreement of counsel and by appointment of the Court to provide notice administration and support in connection with the Kessler Settlement Agreement dated June 27, 2013. Tasks described in this affidavit were performed pursuant to Court Order dated August 23, 2013.

5. Prior to mailing the notice in the current action, Tilghman took the names and addresses used in the prior proposed settlements, April 18, 2008, and further updated the addresses. First, the files were updated using the United States Postal Service's National Change of Address (NCOA) database. Tilghman then sent a file of names and addresses that were not updated by NCOA to LexisNexis and obtained additional address updates.

6. On September 3, 2013, Tilghman mailed notices via First Class Mail, postage prepaid to all 44,535 Members of the Kessler Settlement Class, as that term is defined in the Kessler Settlement Agreement dated June 27, 2013. The addresses used were those as updated per the preceding paragraph of this Declaration. A true and correct copy of the class notice is attached hereto as Exhibit A.

7. Through October 25, 2013 of these notices 4,894 had been returned to Tilghman as undeliverable. Of these 4,894 returns, 91 came with indications of new addresses; Tilghman remailed Exhibit A, first class mail, postage prepaid, to all of these 91 initially returned notices.

8. For the remaining 4,803 initially returned notices, Tilghman sought a further updating of the addresses through LexisNexis. Through that process 3,671 new address updates were received and Tilghman remailed Exhibit A, first class mail, postage prepaid, to the newly updated addresses.

The remainder of this page left intentionally blank.

I declare under penalty of perjury under the laws of the United States of America.

_____
L. Stephens Tilghman

SUBSCRIBED and SWORN to before me
this 31st day of October, 2013

_____
NOTARY PUBLIC

My Commission expires: _10-27-17_

[Notary Seal: LOUISE M. HARRIS, NOTARY PUBLIC, STATE OF ALABAMA, My Commission Expires October 27, 2017]

# Exhibit A

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

IN RE: RESIDENTIAL CAPITAL, LLC, et. al., Debtors
Case No. 12-12020

## NOTICE OF PROPOSED CLASS ACTION
## SETTLEMENT AND OF SETTLEMENT HEARING

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*
*Please read this Notice carefully and completely.*

TO: ALL PERSONS: (I) WHO ENTERED INTO A LOAN AGREEMENT WITH COMMUNITY BANK OF NORTHERN VIRGINIA AND/OR GUARANTY NATIONAL BANK OF TALLAHASSEE; (II) WHOSE LOAN WAS SECURED BY A SECOND MORTGAGE OR DEED OF TRUST ON RESIDENTIAL PROPERTY LOCATED IN THE UNITED STATES; (III) WHOSE LOAN QUALIFIED AS A HOEPA MORTGAGE LOAN; AND (IV) WHOSE LOAN WAS PURCHASED BY GMAC- RESIDENTIAL FUNDING CORPORATION ("RFC"), WHO WAS NOT A MEMBER OF THE CLASS CERTIFIED IN THE ACTION CAPTIONED BAXTER V. GUARANTY NATIONAL BANK, ET AL., CASE NO. 01-CVS-009168 IN THE GENERAL COURT OF JUSTICE, SUPERIOR COURT DIVISION OF WAKE COUNTY, NORTH CAROLINA. YOU MAY BE ELIGIBLE TO RECEIVE PAYMENTS UNDER THIS CLASS ACTION SETTLEMENT.

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

- A class settlement has been proposed in the above-identified bankruptcy ("ResCap Chapter 11 Bankruptcy"), related to fees and interest charged on certain second mortgage loans. The U.S. Bankruptcy Court presiding over the ResCap Chapter 11 Bankruptcy (the "Court") has entered an order preliminarily approving the settlement. This settlement makes available cash relief for eligible class members (the "Kessler Settlement Class"), as part of the distribution of assets in the ResCap Chapter 11 Bankruptcy on account of a proof of claim filed in the ResCap Chapter 11 Bankruptcy on behalf of the Kessler Settlement Class. Certain mortgage borrowers who entered into second mortgage loan agreements with Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNBT") **ARE ELIGIBLE TO RECEIVE MONEY** once the settlement and distribution of assets is approved, as described below. If you qualify, you will receive an automatic cash payment. You can also elect to exclude yourself from the settlement, or object to it.

- The settlement resulted from negotiations between the debtors in the ResCap Chapter 11 Bankruptcy and certain named plaintiffs, including Brian and Carla Kessler, who are asserting class action claims arising from certain CBNV/GNBT second mortgage loans, in a court proceeding captioned *In re Community Bank of Northern Virginia Second Mortgage Lending Practices Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688 and 05-1386, pending in the United States District Court for the Western District of Pennsylvania (the "MDL Litigation"). Prior to the filing of the ResCap Chapter 11 Bankruptcy, RFC was also a defendant in the MDL Litigation. Only the claims against the debtors in the ResCap Chapter 11 Bankruptcy are being resolved by this settlement. Litigation against non-settling defendants in the MDL Litigation will continue and proceed separately.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **DO NOTHING AT THIS TIME.** | If you do nothing, you are agreeing to participate in the settlement and you will be a member of the Kessler Settlement Class. A check will be mailed to you once the settlement is approved and the distribution of assets occurs in the ResCap Chapter 11 Bankruptcy. By selecting this option, you are giving up your rights to sue (to the extent permitted by the Bankruptcy Code) Residential Funding Company, LLC, Residential Capital, LLC, GMAC Residential Holding Company, LLC, and other direct and indirect subsidiaries of Residential Capital, LLC, the debtors in the ResCap Chapter 11 Bankruptcy (the "Settling Defendants"). |
| **EXCLUDE YOURSELF** | If you ask to be excluded from the Kessler Settlement Class, **you will not receive any cash payments from the settlement.** This is the only option that may allow you to be part of any other proceeding against any of the Settling Defendants or the other Released Parties concerning claims that were, or could have been, asserted in the MDL Litigation.<br><br>**If you choose to exclude yourself from the Kessler Settlement Class and have not filed a proof of claim in the ResCap Chapter 11 Bankruptcy before the bar date (November 16, 2012), upon the confirmation and effectiveness of the ResCap Chapter 11 Plan, your claims may be released.** |
| **OBJECT** | Participate in the settlement, but write to the Court about why you do not like it. You cannot object to the settlement unless you are a class member and do not exclude yourself. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.
- The Court still has to decide whether to grant final approval of the settlement and to approve the ResCap Chapter 11 Plan. Payments will be made once the Court grants final approval, confirms the ResCap Chapter 11 Plan and the ResCap Chapter 11 Plan goes into effect. No payments will be made if the Court does not grant final approval of the settlement, if the Court does not approve the ResCap Chapter 11 Plan or if the Rescap Chapter 11 Plan does not go into effect.

**1.    Why did I get this notice?**
Mortgage records show that CBNV and/or GNBT originated or made a second mortgage loan to you between June 6, 1998 and November 13, 2002, and that such loan was assigned to and purchased by RFC.

**2.    What is the proof of claim about?**
The named plaintiffs, on behalf of all members of the proposed settlement class, have filed a proof of claim in the ResCap Chapter 11 Bankruptcy ("Kessler Class Claim"). The Kessler Class Claim is based upon the same allegations set out in full in the Joint Consolidated Amended Class Action Complaint filed in the MDL Litigation on October 4, 2011 (the "Complaint"). The Complaint asserts, among other things, that RFC, along with certain others, have violated federal laws in connection with the fees and interest charged on second mortgage loans issued by CBNV and/or GNBT, and assigned to and purchased by RFC. RFC and the other Settling Defendants deny all liability in the MDL Litigation.

**3.    What is a class action and who is involved?**
In a class action, one or more people called "Class Representatives," sue on behalf of people who have similar claims. All these people are a "Class" or "Class Members." The named plaintiffs who sued – and all the class members like them – are called the plaintiffs. The companies the named plaintiffs sued are called the defendants. One court resolves

the issues for all class members, except for those who exclude themselves from the class. In this case, the Kessler Class Claim asserted in the ResCap Chapter 11 Bankruptcy has been resolved through negotiations with the Settling Defendants and such class settlement, which will result in an allowed claim amount in the ResCap Chapter 11 Bankruptcy, has been preliminarily approved by the Court. The Court has decided that, subject to final approval, the Kessler Class Claim can be resolved and settled on a class-wide basis.

### 4. What does the lawsuit complain about? What are the Defendants' responses?

In the MDL Litigation, which is the basis for the Kessler Class Claim in the ResCap Chapter 11 Bankruptcy, the named plaintiffs allege that RFC, CBNV and GNBT violated federal laws in connection with the fees and interest charged on second mortgage loans. Specifically, the named plaintiffs allege that the defendants in the MDL Litigation violated the Real Estate Settlement Procedures Act ("RESPA"), the Truth In Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in connection with the fees and interest rates disclosed and charged on certain second mortgage loans.

RFC, and the other Settling Defendants, deny that they violated any federal law in connection with the second mortgage loans that are the subject of the MDL Litigation.

### 5. Why is there a settlement?

The Court did not decide in favor of the plaintiffs or the defendants. The plaintiffs think they could have prevailed at a trial. The defendants think the plaintiffs would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risk and expense of a trial, and the people affected will receive cash payments. The class representatives and the attorneys for the class think the settlement is best for all class members.

### 6. How do I know if I am part of the settlement?

The Court has preliminarily decided that everyone who fits the following description is a Kessler Settlement Class Member for purposes of resolving the Kessler Class Claim in the ResCap Chapter 11 Bankruptcy:

All persons:

(i) who entered into a loan agreement with Community Bank of Northern Virginia and/or Guaranty National Bank of Tallahassee;

(ii) whose loan was secured by a second mortgage deed or trust on residential property located in the United States;

(iii) whose loan qualified as a HOEPA mortgage loan;

(iv) whose loan was purchased by GMAC- Residential Funding Corporation;

(v) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168 in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help to determine your status. You can call 1-800-330-2581.

### 8. What does the settlement provide?

The settlement provides for payments to Kessler Settlement Class Members as part of the distribution of assets in the ResCap Chapter 11 Bankruptcy, as follows:

The Settling Defendants have agreed to an allowed claim amount of $300 Million on the effective date of the ResCap Chapter 11 Plan against RFC. Settlement payments will be made to Kessler Settlement Class Members from a borrower claim trust to be established under the ResCap Chapter 11 Plan, after the payment of costs, attorneys' fees, and named plaintiff incentive awards. If you participate in the settlement, you will receive your settlement payment based upon a formula to be developed by Class Counsel, approved by the Court, and designed to distribute the settlement proceeds in a fair and equitable manner.

From the total amount of settlement funds made available to the Kessler Settlement Class (the "Kessler Gross Recovery"), Court approved costs and incentive fees to named plaintiffs will first be deducted to determine the Kessler Net Recovery. From the Kessler Net Recovery, Court-approved attorneys' fees up to 35% will deducted to arrive at the Kessler Net Recovery Distribution.

The proportion of the Kessler Net Recovery Distribution payable to each Kessler Settlement Class Member will be determined by:

First, computing the total damages for each Kessler Settlement Class Member, comprised of the settlement fees and interest paid with respect to the loans. The settlement fees will be determined by a sample of approximately four

hundred loans from among the Kessler Settlement Class for which Class Counsel has settlement fee data. Class Counsel does not currently have settlement fee data for the entire Kessler Settlement Class. The fee data from the approximate four hundred loans will be analyzed to estimate the fees paid by each Kessler Settlement Class Member, taking into consideration the original loan amount for each Kessler Settlement Class Member's loan. Second, for the interest component of damages, the Settling Defendants have the actual amount of interest paid on the individual Kessler Settlement Class Member loans as of the current date. Third, the estimated fees for each Kessler Settlement Class Member's loan will be added to the actual amount of interest paid on such loan to determine the total individual damages for each Kessler Settlement Class Member. Finally, for loans closed before May 1, 2000, 18.5% of the individual damages will be discounted. The discount reflects the fact that the RESPA and TILA/HOEPA claims on loans preceding that date are subject to a statute of limitations defense and must rely on the legal doctrine of equitable tolling to be valid.

The individual damages of each Kessler Settlement Class Member will then be divided by the total individual damages of the entire Kessler Settlement Class to determine a proportion or ratio of the total settlement proceeds attributable to each Kessler Settlement Class Member. For each Kessler Settlement Class Member, the ratio will be applied to determine each Kessler Settlement Class Member's proportionate share of each Kessler Net Recovery Distribution.

For purposes of providing generally the order of magnitude of the possible distributions, Class Counsel estimates that a Kessler Net Recovery Distribution could be approximately $20 million. (Please note that this is a very rough estimate and that the final Kessler Net Recovery Distribution may be significantly different). Based on an estimated Kessler Settlement Class size of 44,535 loans, a Kessler Net Recovery Distribution of $20 million would yield, on average, a distribution to each Kessler Settlement Class Member of $449. This is only an estimate. The actual distributions will vary depending on the factors described above. Some Kessler Settlement Class Members may receive a larger or smaller distribution based on their specific loans and the other factors involved.

Additionally, as part of the settlement, the Settling Defendants have agreed to assign their rights to recover certain proceeds under certain insurance policies that provide coverage for the conduct at issue in the MDL Litigation and which is the subject of the Kessler Class Claims. These potential insurance proceeds may be available to make up the difference between the allowed claim amount of $300 Million and the amount initially contributed to the borrower claim trust for the benefit of the Kessler Settlement Class Members under the ResCap Chapter 11 Plan. If any payment is received or obtained under these insurance policies, then such amounts, less a proportional reimbursement for the amount already contributed to the borrower claim trust for the benefit of the class members, will be added to the Borrower Claim Trust and made available, after the payment of any remaining attorneys' fees and named plaintiff incentive awards, for distribution to the Kessler Settlement Class Members, using the same formula described above but not other claimants in the Borrower Claims Trust.

As part of the Agreement, the Parties have agreed that any judgment obtained by any one or more of the Kessler Settlement Class Members against any non-settling defendant for the RESPA, TILA/HOEPA and RICO claims as alleged in the MDL Litigation shall be reduced on a dollar for dollar basis equal to the Kessler Gross Recovery for such one or more Kessler Settlement Class Members. PNC Bank ("PNC"), a non-settling defendant and successor to CBNV, argues that any judgment obtained against it relating to the CBNV loans that are at issue in the MDL Litigation should be reduced by the greater of a dollar for dollar set off or an amount based on the relative percentage of fault attributed to RFC. If a court adopts the position of PNC, then the amount by which any judgment against PNC is reduced could be greater than the amount under the dollar for dollar method agreed to by the Parties.

### 9.     How do I participate in the settlement?

If you want to participate in the settlement, you do not need to do anything now. If the settlement is approved and the ResCap Chapter 11 Plan is approved and goes effective, one or more checks will be mailed to you. If additional insurance proceeds are obtained and contributed to the borrower claim trust, a second check may also be mailed to you. You are required, upon receipt of any such payment, to remit such payment to any person who has received by assignment or operation of law, any right title or interest to or in such payment from you.

A Kessler Settlement Class Member's right to a settlement payment is a conditional right that terminates if a Kessler Settlement Class Member to whom a check is mailed fails to cash his or her check within six months of the date of the check. In such case, the check shall be null and void and the Parties shall have no further obligation to make payment to such class member.

Joint borrowers, such as a husband and wife, will receive a single payment per loan, even if they are separated or divorced. Any Kessler Settlement Class Member who receives a payment under the settlement is personally and solely responsible for distributing or allocating the payment between or among any co-borrower(s), regardless of whether the check is made payable to all or only some of the co-borrowers. Kessler Settlement Class members will also be responsible for paying any taxes due on any payment received and are strongly encouraged to consult with their own tax advisor concerning the tax effects of any money received pursuant to this Settlement.

**10.    When would I get my payment(s)?**
The Court will hold a hearing on **November 19, 2013**, to decide whether to finally approve the settlement. If the Court approves the settlement and approves the ResCap Chapter 11 Plan, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. In addition, it will take time for the Borrower Claims Trust to properly determine the distributions it is required to make under the ResCap Chapter 11 Plan. Please be patient.

**11.    What am I giving up to get a payment or stay in the Kessler Settlement Class?**
Unless you exclude yourself from the Kessler Settlement Class, you are staying in the Kessler Settlement Class. That means that you cannot sue, continue to sue, or be part of any other proceeding in the Court or lawsuit against the Settling Defendants or other Released Parties arising out of or relating to the claims asserted, or which could have been asserted, in the ResCap Bankruptcy Case or the MDL Litigation pertaining to the Kessler Settlement Class Members' loans, including, but not limited to, the fees and interests charged on second mortgage loans. Specifically, you will be releasing all "Released Persons" from all "Released Claims." Released Claims are defined as:

> any and all claims (including the Proofs of Claim), demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees, costs or expenses, whether known or unknown, alleged or not alleged in the Litigation, the Proofs of Claim or in any proofs of claim filed by a Kessler Class Member in the Bankruptcy Cases, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that arise out of the CBNV/GNBT Loans, including any claims against the Released Persons arising out of the handling, preservation, impairment, or otherwise related to any insurance coverage or other Insurance Rights under the Policies or contractual indemnification related to the CBNV/GNBT Loans, and that any of the Releasors have had, or now have, from the beginning of time up through and including the Effective Date against the Released Persons ("**Claims**"), including: (1) allegations that were or could have been asserted against the Released Persons in the Litigation in any way relating to a CBNV/GNBT Loan; and (2) any activities of the Released Persons with respect to a CBNV/GNBT Loan, including any alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees collected, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case, statutory or common law or regulation, federal or state, including TILA, HOEPA, RESPA, RICO (and, respectively, in each case, their implementing regulations). It is the intention of the Releasors to provide a general release of the Released Claims against the Released Persons; provided, however, that anything in this Agreement to the contrary notwithstanding, the term Released Claims does not include: (A) the claims of the Kessler Class Claimants, whether or not currently asserted in the Litigation, against (1) PNC Bank as successor to Community Bank of Northern Virginia or the FDIC as receiver of Guaranty National Bank of Tallahassee, (2) the insurers that issued the Policies listed in **Exhibit E** to the Settlement Agreement, or (3) any other person, association or entity other than the Released Persons in connection with the CBNV/GNBT Loans; or (B) any and all claims for indemnification or contribution that RFC might otherwise have against PNC Bank as successor to Community Bank of Northern Virginia or the FDIC as receiver of Guaranty National Bank of Tallahassee.

Any claims arising out of future conduct, such as failure to credit a future payment are **not** released. "Released Persons" are defined to include:

> the Settling Defendants and the Debtors, and each of their past and present officers, directors, shareholders, employees, attorneys (including any consultants hired by counsel), accountants, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns. Notwithstanding anything in this Agreement to the contrary, the term Released Persons <u>expressly does not include any of the following</u>: (a) PNC Bank, as successor in interest to Community Bank of Northern Virginia; (b) the FDIC, as receiver of Guaranty National Bank of Tallahassee; (c) insurers or successors to insurers that issued the Policies as listed in **Exhibit E** to the Settlement Agreement; or (d) any other person, association or entity other than a Released Person.

In addition, if you stay in the Kessler Settlement Class, all of the Court's orders will apply to you and legally bind you.

**12.    Can I exclude myself from the Kessler Settlement Class?**
If you do not wish to participate in this settlement, you must notify Class Counsel and Counsel for the Defendants in writing that you wish to be excluded from the Kessler Settlement Class. Your request to be excluded from the Kessler

Settlement Class must contain the following information: (1) the name of class member; (2) the current address of the class member; and (3) the date signed. Any opt out request must be personally signed by each person who was a party to the promissory note in connection with the class member's CBNV/GNBT Loan, unless such person is deceased or incompetent. If a party to the promissory note is deceased, an opt out request may be personally signed by the personal representative of the deceased and a copy of the death certificate for such person shall be submitted with the opt out request. If a party to the promissory note is incompetent, the guardian must sign the opt out request. No request for exclusion can be made on behalf of a group of class members or through an agent or attorney.

You must mail your exclusion request postmarked no later than **October 18, 2013** to Class Counsel at:

Walters Bender Strohbehn & Vaughan, P.C.
2500 City Center Square
1100 Main Street
Kansas City, Missouri 64105

Carlson Lynch Ltd.
PNC Park
115 Federal Street
Pittsburgh, PA 15212

If you ask to be excluded from the Kessler Settlement Class, you will not receive a payment, and you cannot object to the settlement. **However, in the event you choose to opt out of the settlement and you have not filed a proof of claim on or before the bar date (November 16, 2012) for the filing of proofs of claim in the ResCap Chapter 11 Bankruptcy, you will be precluded from obtaining any recovery against the debtors in the ResCap Chapter 11 Bankruptcy.**

**13.    If I don't exclude myself, can I sue the Defendants for the same thing later?**
No. Unless you exclude yourself, you give up any right to sue the Settling Defendants for all Released Claims (defined above). If you have a pending lawsuit involving any claim that might fall within the definition of Released Claims, speak to your lawyer in that case immediately, because you must exclude yourself from *this* class to continue your own lawsuit. If you have a pending lawsuit on matters that are not within the definition of Released Claims, you may continue to have a claim in the ResCap Chapter 11 Bankruptcy even if you do not exclude yourself from this Kessler Settlement Class. **However, even if your claim does not fall within the definition of Released Claims, if you have not filed a proof of claim on or before the bar date (November 16, 2012) for the filing of proofs of claim in the ResCap Chapter 11 Bankruptcy, you will be precluded from obtaining any recovery against the debtors in the ResCap Chapter 11 Bankruptcy.**

**14.    If I exclude myself, can I get a payment from this Settlement?**
No. If you exclude yourself, you will not receive any payment from this Settlement.

**15.    Do I have a lawyer in this case?**
The Court preliminarily designated law firms of Walters Bender Strohbehn & Vaughan, P.C. and Carlson Lynch Ltd. to represent you and other class members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16.    How will these lawyers be paid?**
Class Counsel will ask the Court to approve payment of litigation expenses and/or court costs incurred by Class Counsel from the Kessler Gross Recovery, in an amount not to exceed $1,500,000. Separately, Class Counsel will ask the Court to approve payment of attorneys' fees not to exceed thirty-five percent (35%) of the amount of each Kessler Net Recovery. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. This case has been litigated since 2001, including two appeals. Furthermore, Class Counsel anticipates that a significant amount of time and expense will be necessary after final approval of this settlement in order to pursue for the benefit of the Kessler Settlement Class collection of the coverages under the various insurance policies either by settlement or trial. Throughout the previous 12 plus years this case has been litigated, Class Counsel has not been paid either for the expenses advanced or fees for the time and effort expended on behalf of the Kessler Settlement Class. In addition, class counsel will ask for an incentive award of $72,500 to the 17 named plaintiffs in the MDL litigation for their services as class representatives. The Settling Defendants have agreed not to oppose these fees and expenses.

**17.    How can I object to the Settlement?**
If you are a Kessler Settlement Class Member, you can object to any part of the settlement that you don't like. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter that you object to the Kessler Class Settlement, referencing the case "In re Residential Capital LLC, Case No. 12-12020." Be sure to include your name, address, telephone number, **your signature**, and the reasons you object to the settlement. Further details as to the requirements for an objection are stated in Section 11 of the Settlement Agreement, available at www.wbsvlaw.com. **You must mail your objection, postmarked not later than October 18, 2013 to each of these addresses:**

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>U.S. Bankruptcy Court for the<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004 | Walters Bender Strohbehn &<br>Vaughan, P.C.<br>2500 City Center Square<br>1100 Main Street<br>Kansas City, Missouri 64105 | Morrison & Foerster LLP<br>1290 Avenue of the Americas<br>New York, New York 10104 |
| **You must ask the Clerk to file your Objection in the Court's official records of the case.** | Carlson Lynch Ltd.<br>PNC Park<br>115 Federal Street<br>Pittsburgh, PA 15212 | |

If you do not follow these instructions, the Court will not consider your objections and you will waive all objections and have no right to appeal if the settlement is approved.

### 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Kessler Settlement Class. If you object and the settlement is approved, you will still receive the payments made to class members, you will be bound by the final judgment, and your claims will be released.

Excluding yourself is telling the Court that you don't want to be part of the Kessler Settlement Class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

### 19. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the settlement. This "Fairness Hearing" will be held on **November 19, 2013 at 10:00 a.m.** at the U.S. Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 501, New York, NY 10004. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to Class Counsel. The hearing may be postponed without further notice to you.

### 20. Do I have to come to the Hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you file an objection with the Court, you don't have to come to Court to talk about it. As long as you mailed your written objection complying with the requirements of the Settlement Agreement on time to all of the addresses listed above, the Court will consider it. You may also pay your own lawyer to attend at your own expense, but it's not necessary.

### 21. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Person or by Counsel". Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than **October 18, 2013**, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel at the addresses listed above. You cannot speak at the hearing if you excluded yourself from the settlement.

### 22. How do I get more information?

The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in the ResCap Chapter 11 Bankruptcy, which may be inspected during regular business hours at the U.S. Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004, or online at www.kccllc.net/rescap. You may also review the docket entries in the MDL Litigation, which are available at the U.S. District Court for the Western District of Pennsylvania, 700 Grant Street, Pittsburgh, PA, 15219. If you wish to communicate with Class Counsel, you may write to the addresses provided above.

Please do not direct any inquiries to the Court or to the Settling Defendants.

So Ordered.

/s/The Honorable Martin Glenn
United States Bankruptcy Judge

ResCap Settlement Administration
PO Box 12985
Birmingham, AL 35202-2985

```
PRESORTED
FIRST CLASS
US POSTAGE
   PAID
 PERMIT #2
BIRMINGHAM, AL
```