**Hearing Date and Time:  November 19, 2013 at 10:00 a.m.**

| | |
|---|---|
| **CURTIS, MALLET-PREVOST,** <br> **COLT & MOSLE LLP** <br> 101 Park Avenue <br> New York, New York 10178-0061 <br> Telephone:  (212) 696-6000 <br> Facsimile:  (212) 697-1559 <br> Steven J. Reisman, Esq. <br> Jonathan J. Walsh, Esq. <br> Maryann Gallagher, Esq. <br><br> *Conflicts Counsel for the Debtors* <br> *and Debtors in Possession* | **MORRISON & FOERSTER LLP** <br> 1290 Avenue of the Americas <br> New York, New York 10104 <br> Telephone:  (212) 468-8000 <br> Facsimile:  (212) 468-7900 <br> Gary S. Lee, Esq. <br> Norman S. Rosenbaum, Esq. <br> Jordan A. Wishnew, Esq. <br><br> *Counsel to the Debtors and* <br> *Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

# DEBTORS' REPLY IN FURTHER SUPPORT OF THE JOINT MOTION PURSUANT TO 11 U.S.C. § 105 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 7023 AND 9019 FOR AN ORDER, *INTER ALIA*, APPROVING THE SETTLEMENT AGREEMENT ON A FINAL BASIS AND GRANTING RELATED RELIEF

16756113

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................... 2

DISCUSSION ....................................................................................................................... 3

**I.**   The Settling Parties Have Obviated PNC's Limited Objection ......................... 3

**II.**  The Settlement Is Procedurally and Substantively Fair and Equitable and Should Be Approved ............................................................................................ 5

      A.   The Settlement is Fair, Equitable and Adequate ...................................... 5

      B.   Because its Objections Have Been Resolved, PNC Has No Standing to Object and Should Be Overruled ................................................................ 6

**III.** If the Settlement Is Approved, PNC Will Be Entitled to a Judgment Credit Calculated by a Trial Court .................................................................................. 7

**IV.**  The Sinclair Objection Should Also Be Overruled ............................................ 9

CONCLUSION .................................................................................................................... 10

# Table of Authorities

**Cases**

*Cullen v. Riley (In re Masters Mates & Pilots Pension Plan & IRAP Litig.)*,
   957 F.2d 1020 (2d Cir. 1992).................................................................................. 10

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006).................................................................................. 9, 10

*Donovan v. Robbins*,
   752 F.2d 1170 (7th Cir. 1985) ..................................................................................... 7

*Gerber v. MTC Elec. Technologies Co., Ltd.*,
   329 F.3d 297 (2d Cir. 2003)........................................................................................ 9

*In re Initial Pub. Offering Sec. Litig.*,
   No. 21 MC 92, 2007 WL 844710 (S.D.N.Y. Mar. 20, 2007)....................................... 8

*In re Jiffy Lube Sec. Litig.*,
   927 F.2d 155 (4th Cir. 1991) ....................................................................................... 9

*In re Nasdaq Mkt.-Makers Antitrust Litig.*,
   176 F.R.D. 99 (S.D.N.Y. 1997) ................................................................................... 7

*Sch. Dist. of Lancaster v. Lake Asbestos of Quebec, Ltd. (In re Sch. Asbestos Litig.)*,
   921 F.2d 1330 (3d Cir. 1990)....................................................................................... 7

*Shapo v. Engle*,
   No. 98 C 7909, 1999 WL 1069112 (N.D. Ill. Nov. 17, 1999)...................................... 9

*Wallace v. Powell*,
   288 F.R.D. 347 (M.D. Pa. 2012).............................................................................. 7, 8

*Zupnick v. Fogel*,
   989 F.2d 93 (2d Cir. 1993).......................................................................................... 6

**Constitution and statutes**

U.S. Const. Art. III........................................................................................................ 6

11 U.S.C. § 502(e) ........................................................................................................ 4

**Rules**

Fed. R. Bankr. P. 7023............................................................................................... 2, 5

Fed. R. Bankr. P. 9019............................................................................................... 2, 5

Fed. R. Civ. P. 23 .................................................................................................. 3, 5, 10

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, including Residential Capital, LLC ("ResCap"), Residential Funding Company, LLC ("RFC"), and GMAC Residential Holding Company, LLC (together with ResCap and RFC, the "Settling Defendants"), by and through their counsel, hereby file this reply (the "Reply") (i) to *PNC Bank N.A.'s Supplemental Memorandum of Law in Further Support of its Limited Objection to the Named Plaintiffs' and Debtors' Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 for an Order Approving the Settlement Agreement on a Final Basis*, filed by PNC Bank, N.A. ("PNC") on October 23, 2013 [Dkt. No. 5451] (the "Supplemental Memorandum"), which supplements PNC's original limited objection, filed on August 14, 2013 [Dkt No. 4661] (the "Limited Objection"); (ii) to the *Objection to Class Settlement*, filed October 18, 2013 [Dkt. No. 5434] (the "Sinclair Objection") by Tammy Sinclair and Chad Sinclair (together, the "Sinclairs"); and (iii) in further support of the *Named Plaintiffs' and Debtors' Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 for an Order Approving the Settlement Agreement on a Final Basis*, filed July 31, 2013 [Dkt. No. 4451] (the "Joint Motion") on behalf of Debtors and prospective class representatives Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard (collectively, the "Named Plaintiffs") on behalf of themselves and similarly situated class members (the "Kessler Settlement Class" and, together with the Settling Defendants, the "Settling Parties"). By the Joint Motion and this Reply, the Settling Parties seek final approval of the Settlement (as defined herein) by entry of a final approval order substantially in the form of the order attached as Exhibit A to the *Notice of Filing of Amended Proposed Final Approval Order*, filed October 15, 2013 [Dkt. No. 5360] (the "Amended Proposed Final Approval Order").[1] The Debtors respectfully represent as follows:

---

[1] The typographical error identified by PNC is no longer contained in the proposed final order, as the paragraph referred to has since been removed. *See* Supp. Mem. at 7 n.4.

16756113

**PRELIMINARY STATEMENT**

1.   Since this Court granted preliminary approval of the Joint Motion on August 23, 2013, the legal dispute between PNC and the Settling Parties has narrowed considerably. PNC now concedes that it is not entitled to indemnification or contribution from the Debtors, and no longer requests a mutual bar order. Instead, PNC seeks a provision in the order finally approving the Settlement, stating that PNC will receive a capped proportionate judgment credit in connection with any trial on the merits of the plaintiffs' claims in the underlying multi-district class action litigation in the United States District Court for the Western District of Pennsylvania. Unable to reach an agreement with PNC, the Settling Parties have removed any references to either a bar order or a judgment credit from the Amended Proposed Final Approval Order. The Settling Defendants take no position regarding PNC's request for a capped proportionate judgment credit, except that it is a matter properly presented, not to this Court, but rather to the trial court.[2]

2.   The removal of the bar order and judgment credit language from the Amended Proposed Final Approval Order resolves PNC's Limited Objection. PNC can no longer point to any prejudice it will suffer as a result of the Amended Proposed Final Approval Order or the Settlement and therefore lacks standing to object to either. Indeed, the Limited Objection is moot because the Settling Parties are no longer requesting a bar order of any kind and therefore there is no need for a judgment credit. No other party has come forward to present a substantial objection to the Settlement. The proposed Settlement is fair, adequate, and equitable, and complies with all the requirements of Federal Rules of Bankruptcy Procedure 7023 and 9019 and

---

[2]   The Debtors reserve all rights to object to any judgment credit or bar order that could potentially impair either Debtors' indemnification rights against PNC, or the subrogation rights of Debtors' insurers or assignees.

2

Federal Rule of Civil Procedure 23. Accordingly, the Settlement should be approved consistent with the terms of the Amended Proposed Final Approval Order.

## DISCUSSION

### I.   The Settling Parties Have Obviated PNC's Limited Objection

3.   On July 31, 2013, the Settling Parties filed the Joint Motion with this Court seeking, *inter alia*, entry of an approval order in connection with their settlement (the "Settlement") of a multi-district class action litigation (the "MDL Litigation") currently pending in the United States District Court for the Western District of Pennsylvania. In accordance with the terms of the Settlement, the Settling Parties used their "reasonable best efforts" to: (i) include a bar order in the Settlement; and (ii) to provide that, in the event a bar order was approved by this Court, non-settling defendants would be entitled to a judgment credit "in accordance with applicable statutory or common law rule to the extent permitted for the claims alleged herein." *See* Joint Motion Ex. 5 (the "Kessler Settlement Agreement") at 31-32.

4.   On August 14, 2013, PNC filed its Limited Objection to the Joint Motion, seeking to replace the bar order provision in the Settling Parties' initial proposed final approval order with a mutual bar order and a capped proportionate judgment credit provision. *See* Limited Objection at 4. In response to the Court's concerns regarding notice to the Kessler Settlement Class, the Settling Parties revised the terms of the Kessler Settlement Agreement and the proposed final approval order to specify that non-settling defendants would be entitled to a *pro tanto* judgment credit. *See Notice of Filing of Amended Exhibits in Connection with Joint Motion* Ex. A. at 32 ("Amended Kessler Settlement Agreement"[3]), Ex. C at C-9-10, filed August 21, 2013 [Dkt. No. 4793]. The Settling Parties also revised the settlement notice to the Kessler Settlement Class to explain that, because the judgment credit methodology was disputed by

---

[3]   The Amended Dod Kessler Settlement Agreement was signed by the Settlement Parties, including the Named Plaintiffs who authorized counsel to use the existing signature pages.

3

16756113

PNC, non-settling defendants could receive a capped proportionate judgment credit. *See id.* Ex. B at A-6, ("Revised Settlement Notice"). Specifically, the Revised Settlement Notice stated:

> [PNC], a non-settling defendant . . . argues that any judgment obtained against it relating to the CBNV loans that are at issue in the MDL Litigation should be reduced by the greater of a dollar for dollar setoff or an amount based on the relative percentage of fault attributed to RFC. If a court adopts the position of PNC, then the amount by which any judgment against PNC is reduced could be greater ***than the amount under the dollar for dollar method agreed to by the Parties***."

*See id.* (emphasis added). On August 23, 2013, this Court granted preliminary approval of the Settlement, and approved the Revised Settlement Notice. *See Order Pursuant to Rules 7023 and 9019*, entered August 23, 2013 [Dkt. No. 4808].

5. On September 11, 2013, the Debtors and PNC appeared before this Court in connection with the Debtors' objection to PNC's Claim No. 4760 (the "PNC Claim"), in which PNC asserted a right of contribution and/or indemnity against the Debtors in connection with the MDL Litigation. During that hearing, the Court directed the parties to negotiate a resolution to PNC's Limited Objection. The Court then sustained the Debtors' claim objection, disallowing the PNC Claim pursuant to section 502(e) of Title 11 of the United States Code. *See Order Sustaining Debtors' Objection to Proof of Claim of PNC Bank, N.A. (Claim No. 4760) and Disallowing and Expunging Proof of Claim (Claim No. 4760)*, entered September 13, 2013 [Dkt. No. 5041].[4]

6. Since the September 11 hearing, the Settling Parties have unsuccessfully attempted to negotiate a mutually agreed resolution with PNC regarding the terms of the judgment credit. As a result, on October 15, 2013 after informing counsel to PNC, the Settling Parties filed the Amended Proposed Final Approval Order [Dkt. No. 5360] that removed

---

[4] PNC Mortgage, a division of PNC, has asserted Claim Nos. 3574 and 6410 against RFC, on the grounds of PNC Mortgage's role as a sub-servicer and as a purchaser of certain mortgage loans, respectively. Those claims are unrelated to the Joint Motion.

4

16756113

paragraph 15 of the previously filed proposed order, which contained the bar order and judgment credit provisions. By removing these provisions, the Settling Parties left PNC's legal rights intact. The Amended Proposed Final Approval Order now before this Court has no potential to affect the legal rights of PNC as a non-settling defendant. *See* Ex. A to the *Notice of Filing of Amended Final Approval Order* [Dkt. No. 5360]. Nonetheless, PNC maintains its Limited Objection to the Settlement. While PNC no longer seeks a mutual bar order, it argues that the Settlement cannot be approved without providing for a capped proportionate judgment credit. *See* Supp. Mem. ¶¶ 29-36.

7. The Settling Defendants' believe that the amount of any judgment credit for PNC is properly addressed by the trial court charged with resolving the MDL Litigation. Because the Amended Proposed Final Approval Order contains no provision regarding either a bar order or a judgment credit, it has no impact on PNC as a non-settling defendant. Thus, PNC no longer has standing to object to the Settlement, and as such its Limited Objection should be overruled.

## II. The Settlement Is Procedurally and Substantively Fair and Equitable and Should Be Approved

### A. The Settlement is Fair, Equitable and Adequate

8. The Settlement, as set forth in the Revised Final Approval Proposed Order, is both procedurally and substantively fair under Federal Rule of Civil Procedure 23 and Federal Rules of Bankruptcy Procedure 7023 and 9019. See Joint Motion ¶¶ 84-121. The reaction of the Kessler Settlement Class reflects this reality—only a single objection (the Sinclair Objection) was received from the Kessler Settlement Class in response to the Revised Settlement Notice, and this objection relates only to limited issues. *See infra* at 9-10. For these reasons, and all the reasons set forth in the Joint Motion, this Settlement is fair, equitable and adequate under all applicable legal standards, and should be approved by the Court.

### B. Because its Objections Have Been Resolved, PNC Has No Standing to Object and Should Be Overruled

9.     Pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, Article III of the United States Constitution and federal common law, this Court is only required to consider fairness as to third parties whose ***rights*** are impacted by the settlement. PNC's assertion that this Court is required to consider the impact of the Settlement on all third parties is simply incorrect. *See* Supp. Mem. ¶ 26.[5] Because the Settlement and Amended Proposed Final Approval Order do not impact PNC's rights—indeed, because the Settlement is neutral with regard to PNC's rights—final approval of the Settlement cannot be said to "contravene basic notions of fairness." Supp. Mem. ¶ 27.

10.    In fact, as a general rule, third parties and non-settling defendants "***lack[ ] standing to object to a court order approving a partial settlement because a non-settling defendant is ordinarily not affected by such a settlement***." *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993) (emphasis added). The limited exception to this rule for non-settling defendants who "demonstrate that they will suffer some formal legal prejudice" simply does not apply here, because the Settlement contains no bar order and has no impact on the legal rights of PNC. *Id.; see Wallace v. Powell*, 288 F.R.D. 347, 372 (M.D. Pa. 2012) (where "'the Order approving the settlement contains no ruling purporting to limit any claims non-settling defendants may have,' non-settling defendants lack standing to challenge the settlement" (quoting *Sch. Dist. of Lancaster v. Lake Asbestos of Quebec, Ltd. (In re Sch. Asbestos Litig.)*, 921 F.2d 1330, 1333 (3d Cir. 1990))); *see also In re Nasdaq Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 103 (S.D.N.Y. 1997) (holding that a non-settling defendant could not establish standing on the basis of a hypothetical future injury).

---

[5]    In each of the cases cited by PNC, the third party who objected to a settlement approval was required to show that its rights were affected by the settlement. *See* Supp. Mem. ¶¶ 26-27. Here, PNC cannot show that any of its rights will be prejudiced by the Settlement or the Amended Proposed Final Approval Order.

11.     Here, PNC no longer alleges that its rights *vis-à-vis* the Debtors are affected by the Settlement.[6]  Instead, PNC asserts that, as a result of the Settlement's silence on the judgment credit, PNC is at "risk of bearing a disproportionate burden of any final damage award."  Supp. Mem. ¶36.  But freedom from the risk of paying a larger damage award is not a legally protected right.  *See Donovan v. Robbins*, 752 F.2d 1170, 1178-79 (7th Cir. 1985) (Posner, J.) ("an interest is not necessarily a legally protected right, and . . . when the law rejects a right of contribution . . . it refuses to extend its protection to a tortfeasor who complains of being forced to pay more than his fair share of the plaintiff's damages").  The Settlement is not required to address a non-settling defendant's interest in protecting itself from liability.  Because PNC cannot demonstrate that it will suffer legal prejudice as a result of the Amended Proposed Final Approval Order, this Court should overrule PNC's Limited Objection and the arguments made in the Supplemental Memorandum, for lack of standing.[7]

### III.    If the Settlement Is Approved, PNC Will Be Entitled to a Judgment Credit Calculated by a Trial Court

12.     The Settling Parties agree that, in the event that PNC is barred from seeking contribution, PNC should at a minimum receive a judgment credit in the form of a *pro tanto* judgment reduction.  *See* Amended Kessler Settlement Agreement at 32.  The only remaining dispute between the Settling Parties and PNC is whether this Court should decide if PNC should receive more than a dollar for dollar credit, and that dispute should be decided by the trial court presiding over the MDL Litigation in the event that there is a judgment against PNC.

---

[6]     In fact, PNC concedes that it "does not have contribution or indemnity rights" against the Settling Defendants.  Supp. Mem. ¶ 32.

[7]     Alternatively, this Court should decline to consider PNC's Limited Objection because, in light of the Settling Parties' removal of the bar order and judgment credit provisions, the PNC Limited Objection is moot.  *See In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92, 2007 WL 844710, at *1 (S.D.N.Y. Mar. 20, 2007) ("'Even if the party has standing originally, if that party loses standing at any time during the pendency of the proceedings the matter becomes moot, and the court loses jurisdiction.'" (quoting *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001))).

16756113

13. By deferring the determination of any judgment credit method to be addressed by the MDL Litigation trial court, the Settling Parties leave unimpaired the rights of both the Kessler Settlement Class and PNC—both parties will have ample opportunity to be heard by a trial court on the appropriate judgment credit calculation. *See Wallace*, 288 F.R.D. at 372 (holding that the rights of non-settling defendants were not prejudiced where the trial court would determine whether a *pro tanto* or *pro rata* judgment reduction would apply to non-settling defendants following a settlement that did not include a bar order). In this regard, the Settlement's silence as to a judgment credit actually eliminates any potential "opportunities for unfairness and collusion" cautioned by PNC, because the Kessler Settlement Class and PNC will not know what method will be applied until and unless the trial court makes a ruling on the matter. *See* Supp. Mem. ¶ 32. Deferral of the issue will also avoid the possibility that a ruling by this Court on the judgment credit could be contradicted by a trial court's decision.

14. For purposes of granting final approval of the Settlement, this Court is not required to identify which judgment credit methodology will be applied. The Second Circuit in *Denney v. Deutsche Bank AG*, held that the settlement agreement in that case had to provide a judgment credit methodology for the purpose of (i) compensating a non-settling debtor whose rights to contribution have been barred; and (ii) providing proper notice to a plaintiff class. *See* 443 F.3d 253, 275 (2d Cir. 2006) (adopting the reasoning of *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 161-2 (4th Cir. 1991)).

15. Here, there is no need to compensate PNC for a bar order provision because the Amended Proposed Final Approval Order contains none. *See, e.g., Shapo v. Engle*, No. 98 C 7909, 1999 WL 1069112, at *1-2 (N.D. Ill. Nov. 17, 1999) (addressing judgment reduction in connection with settled state law claims that required application of a bar order; but not addressing judgment reduction in connection with settled RICO claims as the court held that no

8

16756113

bar order was required). PNC fails to cite a single case discussing imposition of a judgment credit that did not also involve a bar order.[8] This is because the purpose of the judgment credit in these cases is merely to "fully compensate non-settling defendants *for the loss of their contribution claims*." *See Denney,* 443 F.3d at 274 (emphasis added). Where, as here, there is no bar order, there is no need for a judgment credit provision.

16. Additionally, all members of the Kessler Settlement Class were given proper notice that the Settlement could potentially provide for a capped proportionate judgment credit, which might reduce recovery by the Class. *See* Revised Settlement Notice at A-6. Notably, no Kessler Settlement Class member has objected the Settlement on the basis that a capped proportionate judgment credit may be imposed, providing further evidence that the Amended Proposed Final Approval Order is fair and reasonable.

### IV. The Sinclair Objection Should Also Be Overruled

17. The Sinclair Objection should not negatively influence this Court's decision regarding the procedural and substantive fairness of the Settlement. **First**, the Sinclair Objection's assertion that the Settlement will result in an excessive award of attorneys' fees is incorrect, and is more appropriately addressed in the context of counsels' fee applications. *See* Sinclair Objection at 2. **Second**, the Settlement's release provision (the "Release") is not "overly broad," and does not extend to all unknown claims as described by the Sinclairs. *See id.* Rather, the Kessler Settlement Agreement releases only those claims "that arise out of the CBNV/GNBT

---

[8] Every case cited by PNC in favor of requiring a capped proportionate judgment credit involves a settlement that barred non-settling defendants from exercising their contribution rights. *See, e.g., Gerber v. MTC Elec. Technologies Co., Ltd.*, 329 F.3d 297, 308 (2d Cir. 2003) (discussing impact of a bar order on non-settling defendants); *Cullen v. Riley (In re Masters Mates & Pilots Pension Plan & IRAP Litig.)*, 957 F.2d 1020, 1024, 1028 (addressing the appropriate judgment credit in the context of a settlement agreement containing a mutual bar order).

9

16756113

Loans." Amended Kessler Settlement Agreement § 2.1 (defining "Released Claims").[9] No other party objected to this Release. **Third**, the Settling Parties have, by their Joint Motion, sustained their burden as to proof on commonality, predominance, superiority and adequacy of class counsel and class representatives under Federal Rule of Civil Procedure 23. *See* Joint Motion ¶¶ 50-67. The Sinclair Objection does not offer any support for its assertion that the Joint Motion failed to meet its burden under Federal Rule of Civil Procedure 23, and it should be overruled.

## CONCLUSION

For all the foregoing reasons, the Debtors respectfully request entry of the Amended Proposed Final Approval Order granting, *inter alia*, final approval for the Settlement, and such other and further relief as the Court may deem proper.

Dated: November 4, 2013
      New York, New York

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: /s/ Steven J. Reisman
Steven J. Reisman
Jonathan J. Walsh
Maryann Gallagher
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Conflicts Counsel for the Debtors
and Debtors in Possession*

MORRISON & FOERSTER LLP

By: /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

---

[9] The language quoted by the Sinclair Objection is from section 8(c) of the Amended Kessler Settlement Agreement, which contains standard language barring claims based on unknown losses that also arise from the Released Claims.