Hearing Date: November 19, 2013
Hearing Time: 10:00 a.m. ET

**POLSINELLI**
Daniel J. Flanigan, Esq.
900 Third Avenue, 21st Floor
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)
*Bankruptcy Counsel for Class Claimants*

**CARLSON LYNCH LTD.**
R. Bruce Carlson, Esq.
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
(412) 322-9243 (Telephone)
(412) 231-0246 (Facsimile)
*Co-Lead Counsel for Class Claimants*

**WALTERS, BENDER,
STROHBEHN & VAUGHAN**
R. Frederick Walters, Esq.
2500 City Center Square
1100 Main
Kansas City, Missouri 64105
(816) 421-6620 (Telephone)
(816) 421-4747 (Facsimile)
*Co-Lead Counsel for Class Claimants*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

### NOTICE OF MOTION AND APPLICATION FOR
### INCENTIVE AWARDS TO NAMED PLAINTIFFS

**PLEASE TAKE NOTICE** that upon the accompanying Motion and Application for Incentive Awards to Plaintiffs, the Declarations of Counsel, and the exhibits attached thereto, and the other documents, pleadings and matters of record, the Named Plaintiffs respectfully move this Court before the Hon. Martin Glenn, United States Bankruptcy Judge, Courtroom 501 at the courthouse located at One Bowling Green, New York, New York 10004 on November 19, 2013 at 10:00 a.m. (Eastern) or as soon thereafter as counsel may be heard, for incentive awards to be made to them, and for such other relief as the Court deems just and proper.

Dated: New York, New York
November 4, 2013

*/s/ Daniel J. Flanigan*
**POLSINELLI**
Daniel J. Flanigan, Esq.
900 Third Avenue, 21st Floor
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)
*Bankruptcy Counsel for*
*Class Claimants*

*/s/ R. Fredrick Walters*
**WALTERS, BENDER,**
**STROHBEHN & VAUGHAN**
David M. Skeens, Esq.
2500 City Center Square
1100 Main
Kansas City, Missouri 64105
(816) 421-6620 (Telephone)
(816) 421-4747 (Facsimile)
*Co-Lead Counsel for Class Claimants*

*/s/ R. Bruce Carlson*
**CARLSON LYNCH LTD.**
R. Bruce Carlson, Esq.
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
(412) 322-9243 (Telephone)
(412) 231-0246 (Facsimile)
*Co-Lead Counsel for Class Claimants*

Hearing Date: November 19, 2013
Hearing Time: 10:00 a.m. ET

| | |
|---|---|
| **POLSINELLI**<br>Daniel J. Flanigan, Esq.<br>900 Third Avenue, 21st Floor<br>New York, New York 10022<br>(212) 684-0199 (Telephone)<br>(212) 759-8290 (Facsimile)<br>*Bankruptcy Counsel for Class Claimants* | **WALTERS, BENDER,<br>STROHBEHN & VAUGHAN**<br>R. Frederick Walters, Esq.<br>2500 City Center Square<br>1100 Main<br>Kansas City, Missouri 64105<br>(816) 421-6620 (Telephone)<br>(816) 421-4747 (Facsimile)<br>*Co-Lead Counsel for Class Claimants* |
| **CARLSON LYNCH LTD.**<br>R. Bruce Carlson, Esq.<br>115 Federal Street, Suite 210<br>Pittsburgh, Pennsylvania 15212<br>(412) 322-9243 (Telephone)<br>(412) 231-0246 (Facsimile)<br>*Co-Lead Counsel for Class Claimants* | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**RESIDENTIAL CAPITAL, LLC,** *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>(Jointly Administered) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION AND APPLICATION FOR**
**INCENTIVE AWARDS TO NAMED PLAINTIFFS**

The Named Plaintiffs respectfully move the Court for an Order awarding them and certain class representatives in the MDL Litigation[1] incentive or service awards totaling $72,500.00, to be apportioned among them according to the amounts set forth on Schedule 1

---

[1] The "**Named Plaintiffs**" in the instant case are: Rowena Drennen, Flora Gaskin, Roger and Christine Turner, and John and Rebecca Picard. The Named Plaintiffs are a subset of the named plaintiffs that have been asserting class action claims against Debtor Residential Funding Company, LLC ("**RFC**") and certain other parties arising from mortgage loans made by Community Bank of Northern Virginia ("**CBNV**") and Guaranty National Bank of Tallahassee ("**GNBT**") and that were purchased by RFC in an multidistrict proceeding styled *In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation,* MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688 and 05-1386, pending in the United States District Court for the Western District of Pennsylvania (the "**MDL Litigation**"). Plaintiffs have used certain defined terms as they appear in the Amended Kessler Settlement Agreement.

attached to the parties' Amended Settlement Agreement for their time, service, and effort given on behalf of and for the benefit of the Kessler Settlement Class, which has now resulted in the instant Settlement.[2]

As the Court is aware, the instant Settlement resolves the claims of the borrowers on 44,535 second mortgage loans made to the members of the Kessler Settlement Class as against Debtor Residential Funding Company, LLC ("**RFC**") and other debtors (collectively the ("**Settling Defendants**"). These claims were and currently are part of a larger dispute that has been pending in a multidistrict proceeding before the United States District Court for the Western District of Pennsylvania since May 2001 by the Named Plaintiffs and MDL Litigation Class Representatives. Separate litigation over these same claims as against RFC began in this case and in this Court after Debtor RFC, a defendant in the MDL Litigation, filed for Chapter 11 bankruptcy on May 14, 2012. Therefore, even though this particular bankruptcy case has only been pending since May 14, 2012, the work involved in reaching the class action settlement on behalf of the Kessler Settlement Class has required substantial work and effort since May 2001 in the MDL Litigation and in the Bankruptcy Cases. This includes the time, service, and effort of the Named Plaintiffs in this case and the MDL Litigation Class Representatives for whom Plaintiffs now seek incentive or service awards by way of this Motion and Application. Without their efforts, the Settlement would not have been possible.

---

[2] Specifically, the instant request seeks an incentive fee of $12,500.00 for Named Plaintiff Rowena Drennen and her ex-husband John Drennen (who is a Named Plaintiff and class representative in the MDL Litigation), based upon her additional service as a member of the Creditors' Committee, and an incentive fee of $7,500.00 each for Named Plaintiffs (1) Flora Gaskin, (2) Roger and Christine Turner, and (3) John and Rebecca Picard. Additionally, Plaintiffs further seek an incentive fee of $7,500.00 for each of the following MDL Litigation Plaintiffs: (1) Brian and Carla Kessler, (2) Phil and Jeannie Kossler, (3) John and Kathy Nixon, (4) William and Ellen Sabo, and (5) Tammy and David Wasem (collectively the "**MDL Litigation Class Representatives**"). Although not Named Plaintiffs in the instant bankruptcy case, each of the MDL Litigation Class Representatives for whom Plaintiffs seek an incentive fee are named plaintiffs and class representatives in the MDL Litigation.

**I.      ARGUMENT**

"Incentive" awards, also called "service" awards, are common in class action litigation. They compensate plaintiffs for the time and effort expended by them in assisting with the prosecution of the litigation, as well as the risks incurred by them in becoming and continuing as a litigant. *See, e.g., Yuzary v. HSBC Bank USA, N.A.*, 2013 WL 5492998, *12 (S.D.N.Y. Oct. 2, 2013); *Beckman v. KeyBank, N.A.*, 2013 WL1803736, *15 (S.D.N.Y. April 29, 2013)("It is important to compensate plaintiffs for the time they spend and the risks they take."); *Torres v. Gristede's Operating Corp.*, 2010 WL 5507892, at *7 (S.D.N.Y. 2010) (incentive or service awards made to class representatives "are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff.").[3] They also serve to encourage persons to come forward as class representatives. As noted by one Court:

> The interests of the Class, such as here, are better served when they are presented by vigilant, competent and independent class representatives who actively monitor class counsel and the conduct of the litigation. Moreover, where lawyers are rewarded for their risk and efforts on behalf of a class, but class representatives are not, there is little incentive for class representatives to serve as active client participants in the litigation, thus negating the "adequate representation" safeguard of Rule 23 and transferring all decision-making responsibility to counsel.

*Allapattah Services, Inc. v. Exxon Corp.*, 454 F. Supp.2d 1185, 1221-22 (S.D. Fla. 2006).

Incentive awards are within the discretion of the court. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). "The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to

---

[3] *See also, e.g., Ebbert v. Nassau County*, 2011 WL 6826121, *19 (E.D.N.Y. 2011)(approving $20,000 award to each Plaintiff: "Service awards are common in class-action cases.").

3

bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery." *Roberts v. Texaco, Inc.,* 979 F.Supp. 185, 200-01 (S.D.N.Y.1997). Here, the time, service, and effort given by the Named Plaintiffs and the MDL Litigation Class Representatives, at a continuing risk of loss on their own individual claims, was essential and contributed to the instant Settlement. Their service warrants the award of a total $72,500.00 incentive award to be collectively paid to them.

      **A.**     **THE WORK AND EFFORT PUT FORTH BY THE NAMED PLAINTIFFS AND MDL LITIGATION CLASS REPRESENTATIVES MERITS THE PROPOSED INCENTIVE FEE.**

Over the course of the twelve years that the claims of the Kessler Settlement Class have been pending in the MDL Litigation and in this Court, the Named Plaintiffs and the MDL Litigation Class Representatives have undertaken significant work and effort on behalf of the absent class members who make up the Kessler Settlement Class and that was not required of other absent class members to preserve their claims. The Named Plaintiffs and MDL Litigation Class Representatives first initiated the MDL Litigation in May 2001. They have patiently continued to assist in the prosecution of the MDL Litigation throughout the time it has been pending in the United States District Court for the Western District of Pennsylvania. They also agreed to participate in this separate and concurrent bankruptcy proceeding after RFC's bankruptcy filing on May 14, 2012, so that they could continue the prosecution of theirs and the absent Class members' claims against RFC. During all of this time they have been in regular phone and email contact with Class Counsel, and, among other things, they have participated in the discovery process by providing answers to written discovery and appearing for depositions. The Named Plaintiffs and MDL Litigation Class Representatives also evaluated and approved

4

the instant Settlement. The Named Plaintiffs John and Rebecca Picard and Rowena Drennen also represented separate subclasses for purposes of resolving the allocation issues presented by the Settlement. *See* <u>Exhibit 1</u> to Memorandum of Law in Support of Class Counsel's Motion and Application for Award of Attorneys' Fees and Litigation Costs and Expenses, at ¶¶101, 108 (Declaration of R. Frederick Walters).

And, with respect to Named Plaintiff Rowena Drennen, Plaintiffs propose that she receive a $12,500.00 incentive award based on her additional, and unique, service as a member of the Creditors' Committee. *See* <u>Exhibit 1</u> to Memorandum of Law in Support of Class Counsel's Motion and Application for Award of Attorneys' Fees and Litigation Costs and Expenses, at ¶¶106, 108.

All of this effort and fortitude since 2001 has assisted in the prosecution of the claims of the Kessler Settlement Class and has been necessary to advance the litigation as against RFC to a resolution in this Court and supports the requested incentive awards.[4] The requested incentive award is reasonable and within the range of incentive fees awarded in other class actions in this district and throughout the country.[5]

---

[4] *See, e.g., Strougo ex rel. Brazillian Equity Fund, Inc. v. Bassini*, 258 F.Supp.2d 254, 264 (S.D.N.Y. 2003) (noting that named plaintiffs "take on a variety of risks and tasks … such as complying with discovery requests and often must appear as witnesses…"); *McDonough v. Toys R Us, Inc.*, 2011 WL 6425116, *17 (E.D. Pa. Dec. 21, 2011)(approving incentive award, noting that plaintiffs "kept informed of the litigation and communicated with class counsel as necessary to assist with the effective prosecution of the case"); *Manual for Complex Litigation*, §21.62 n.971 (4th ed. 2004)(incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").

[5] *See, e.g., Torres v. Gristede's Operating Corp.*, 2010 WL 5507892, at *7 (S.D.N.Y. 2010)(citing authorities; approving $15,000 award to be paid to each of the 15 class representatives: "Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff."); *Dornberger v. Metro. Life Ins. Co.*, 203 F.R.D. 118, 125 (S.D.N.Y. 2001)(incentive award of $10,000 to plaintiff was reasonable given named plaintiff's six years of service and regular communications with plaintiff class counsel). *See also In re Aquila ERISA Litigation,* 2007 WL 4244994 (W.D.Mo. 2007)(approving incentive award to primary class representative of $25,000 and $5,000 each to seven other representatives); *Tate v. Rest. Technologies, Inc.,* 2010 WL 6001577 (D. Minn. 2010)(awarding $7,5000 to three representatives and

### B. THE ULTIMATE RECOVERY SUPPORTS THE REQUESTED INCENTIVE FEE AWARD

The incentive award is also fair and reasonable in light of the ultimate recovery of the Kessler Settlement Class from the Debtors. As set forth in the Kessler Settlement Agreement, (the "**Agreement**") the claims asserted by the Kessler Settlement Class are being reduced and allowed as a non-subordinated general unsecured claim against RFC (the "**Allowed Claim**") in the amount of $300 million. Payments pursuant to the allowed claim will be made through a **Borrower Claims Trust** that is to be established pursuant to the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and funded in cash with no less than $57.6 million and subject to the Borrower Claims Trust True-up. The Kessler Settlement Class will receive distributions (the "**Kessler Gross Recovery**") from the **Borrower Claims Trust** in accordance with the terms of the Plan and the Settlement. Costs and expenses, attorneys' fees and incentive awards will be deducted from the Kessler Gross Recovery to determine the net amount to be distributed to the Kessler Settlement Class (the "**Kessler Net Recovery**"). At this time, the specific dollar amount of the Kessler Gross Recovery is unknown because the borrower claims against the RFC debtor and GMACM debtor are not yet all reduced to allowed claims so the proportion that will be distributed to the Kessler Settlement Class as the Kessler Gross Recovery from the initial $57.6 million funding of the Borrower Claims Trust cannot be known with exactitude. Further there are additional possible deductions for funding the administrative reserve for trust operations that may reduce the initial 57.6 million funding and thereby potentially reduce the Kessler Gross

---

$12,500 to one representative); *Hainey v. Parrott*, 2007 WL 3308027 (S.D. Ohio 2007)(approving incentive award of $50,000 each to three individual named plaintiffs and one couple); *In re Conseco Life Insurance Company Cost of Insurance Lit.,* 2007 WL 3170134 (C.D. Cal. 2007)($25,000 awarded as incentive to class representatives); *Bogosian v. Gulf Oil Corporation*, 621 F.Supp. 27, 32 (E.D. Pa. 1985)(court awarded incentive award of $20,000 to each named plaintiff, noting that "the propriety of allowing modest compensation to class representatives seems obvious").

Recovery.  It is estimated, however, that the Kessler Gross Recovery will be 9% of the 300 million dollar Allowed Claim because that is the percentage distribution referenced in the Plan and the Borrower Claims Trust.  At this time Class Counsel estimates that the Kessler Gross Recovery will be a minimum of $27 million and thus the proposed fee award will range will be approximately $9.2 million.   Further, the Settling Defendants have agreed to assign their **Insurance Right**s to recover certain proceeds under certain insurance policies (the "**Policies**") that provide coverage for the conduct at issue in the multidistrict litigation and which is the subject of the Kessler Class Claims.  These are not *de minimus* amounts, certainly not in the bankruptcy context, and certainly not in a large bankruptcy case involving 44,535 loans and over 70,000 class members.

    The Named Plaintiffs' and the MDL Litigation Class Representatives' collective and continued efforts and "staying power" in the MDL Litigation and in this bankruptcy case helped bring about the instant Settlement and conferred a significant benefit to the members of the Kessler Settlement Class, one that may not have been possible but for the time and effort put forth by them.  The benefit that inured to the Kessler Settlement Class as a result of such efforts and commitment and unselfish decisions merits the payment of the proposed incentive award.  The amount of the incentive award that Named Plaintiffs seek for their service is reasonable and does not unfairly diminish the Kessler Settlement Class members' individual recoveries.  That is, on a *per loan* basis, each set of Class Members will contribute a mere $1.63 towards the payment of the incentive awards and the service of the Named Plaintiffs and the MDL Litigation Class Representatives.  Even more, the requested incentive awards are less than a mere .3% of an estimated Kessler Gross Recovery in the range of $27 to $30 million.  It is fair

and reasonable to expect each Class Member to contribute such modest amounts towards the requested incentive award.

### C. There is No Objection to the Proposed Incentive Fee

Additionally, the Kessler Settlement Class received notice of the proposed incentive award per the *Notice of Proposed Class Action Settlement and of Settlement Hearing*. *See* Affidavit of L. Stephens Tilghman. [Doc. 5591] No member of the Kessler Settlement Class has objected to the requested incentive award although the award does reduce each Class Member's individual recovery.[6] *See* Exhibit 1 to Memorandum of Law in Support of Class Counsel's Motion and Application for Award of Attorneys' Fees and Litigation Costs and Expenses, at ¶¶21, 89. The lack of any objection from the Kessler Settlement Class demonstrates that the Kessler Settlement Class as a whole is more than willing to pay the relatively modest amount of $72,500.00 as incentive or service awards to the Named Plaintiffs and the MDL Litigation Class Representatives for their commitment and service in leading the way to the Settlement.

Also, the Settling Defendants and the **Creditors' Committee** do not object to the proposed incentive award. *See* Agreement, §7.a.

Therefore, there is no opposition to the requested incentive award. There should be no opposition to the modest incentive awards requested by Plaintiffs herein because they are entirely fair and appropriate.

## II. CONCLUSION

For all of these reasons, the Court should enter an Order awarding the Named Plaintiffs and the MDL Litigation Class Representatives a total of $72,500.00 in incentive awards to be apportioned according to Schedule 1 attached to the parties' Agreement.

---

[6] The Sinclair Objection (Doc. 5434) does not take issue with the proposed incentive fee award. The Sinclair Objection was also filed as Docket 5592

Dated: New York, New York
November 4, 2013

*/s/  Daniel J. Flanigan*
**POLSINELLI**
Daniel J. Flanigan, Esq.
900 Third Avenue, 21st Floor
New York, New York 10022
(212) 684-0199 (Telephone)
(212) 759-8290 (Facsimile)
*Bankruptcy Counsel for*
*Class Claimants*

*/s/  R. Fredrick Walters*
**WALTERS, BENDER,**
**STROHBEHN & VAUGHAN**
David M. Skeens, Esq.
2500 City Center Square
1100 Main
Kansas City, Missouri  64105
(816) 421-6620 (Telephone)
(816) 421-4747 (Facsimile)
*Co-Lead Counsel for Class Claimants*

*/s/  R. Bruce Carlson*
**CARLSON LYNCH LTD.**
R. Bruce Carlson, Esq.
115 Federal Street, Suite 210
Pittsburgh, Pennsylvania 15212
(412) 322-9243 (Telephone)
(412) 231-0246 (Facsimile)
*Co-Lead Counsel for Class Claimants*