ORIGINAL

# United States Bankruptcy Court
# Southern District of New York

| | |
|---|---|
| Glenn M. Prentice & <br> Douglas Bennett et al; <br><br> Creditors <br><br> vs.- <br><br> **RESIDENTIAL FUNDING, LLC;** <br> **RAHI REAL ESTATE HOLDINGS, LLC;** <br> **GMAC MORTGAGE, LLC;** Home Equity <br> Mortgage Asset-Backed Pass-Through Certificates <br> Series 2002-KS3; BANK of NEW YORK TRUST <br> COMPANY as Trustee; J.P. MORGANCHASE <br> BANK, N.A. as Trustee; Jointly and Severally, <br><br> **Defendants/Debtors** | Case No. 12-12020 (MG) <br><br> Prior Cases of same action <br> Circuit Case No: 10-4172-CH <br> Circuit Case No: 2012-397-AV <br> District Case No: 11-09868T-LT <br> US District Case No: 2:12-cv-12993 <br> US Bankruptcy Case No.: 13-41004 |

Glenn M. Prentice
private domicile at and in
c/o 2764 Saint Clair
Rochester Hills, Michigan [48309]
proceeding in personam
Citizen in and of the United States
(586) 930-2178
prenticeglenn@gmail.com
Creditor and;
Douglas Dwight Bennett et al
proceeding in personam
Citizen in and of the United States



## CREDITORS OBJECTION TO ORDER GRANTING DEBTORS RELEASE OF CLAIMS

NOW COMES, Plaintiff Glenn M. Prentice and Douglas Bennett, et al as sovereign natural Citizens in and of the United States and files this Objection to the Order issued on or about October 13, 2013 as it pertains to Creditors Glenn M. Prentice and Douglas Bennett were not served

timely. In fact, the Debtors objection for the secured claim of $400,000 arrived after the time to object and the unsecured claim of $3,600,000 objection has never been received. Creditors were not provided constructive notice. Creditor Prentice made calls and sent emails regarding the inquiry of the proposed settlement plan. No emails were returned and one return call was missed but that is all. On October 17, 2013 Creditor Prentice called a different number at 866-259-5217 to inquire about his request on the settlement of their claim. It was at this point that Creditor Prentice was informed that an objective to both of Prentice/Bennett claims were objected to and dismissed that morning. A follow up email was sent to Creditor Prentice with a PDF Order Granting Debtors' Thirtieth Omnibus Objection to Claims **[Ex. 1]**. How convenient that is for the Debtor's. By their logic that they didn't reflect the Creditors in their records only convicts them of the fraud perpetuated in the Michigan State Courts where Creditors will unfold here for this Court to see and to firmly reject Debtors false claims. Summarily, if this Court finds that Debtors et al didn't own the debt and the Affidavit of Robert Horn in this response is fraudulent, then please rule one way or the other.

# INTRODUCTION

Creditors Glenn M. Prentice and Douglas Bennett et al oppose the ruling of this Court of approximately October 17, 2013 in which Creditors were informed that we failed to respond to the objections filed by Debtors in this matter which is in direct violation of and in opposition to Haines v Kerner et al, No 70-5025 decided by the Supreme Court of the United States on January 13, 1972.

**[Ex.2]**

From Haines v Kerner et al; "The only issue now before us is petitioner's contention that the District Court erred in dismissing his pro se complaint without allowing him to present evidence on his claims.

Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, **however in artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears**
Page 404 U. S. 521

"beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U. S. 41, 355 U. S. 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).
**Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed, and the case is remanded for further proceedings consistent herewith."**

Creditors et al invokes the ruling of Haines v Kerner et al and states that this Court has failed to allow Creditors et al their opportunity to prove allegations. Further, it is rather convenient that Debtors state that their reason for their objection to Creditors secured claim of $400,000 that the "Liability not reflected in Debtor's Books and Records" is astonishing. Creditors did not receive to date the objection to the unsecured claim of $3,600,000 and received the objection to the secured claim of $400,000 after the time allowed to object expired.

Debtors cannot have it both ways and this Court needs to intervene or order the return of property fraudulently taken by Debtor's, their counsel and the complicity of the Corporate State Courts of Michigan. Residential Funding provided numerous documents stating that they repurchased the alleged debt from Mortgage Asset-Backed Pass-Through Certificates Series 2002-KS3 after the Trust collapsed on January 25, 2007 as Creditors will provide this Court evidence to support this. Now Residential Funding claims that the debt isn't reflected in their records. If such is the case, then Residental Funding et al must confirm the fraud they perpetuated in all the civil matters of this property in the state of Michigan.

Creditor's et al will simplify as is possible, for this Court, the errors committed by the Debtor's. Further, it is interesting how the Michigan State Court's stayed the action against GMAC

Pg 4 of 12

Mortgage, LLC (GMACM) due to their bankruptcy filing but failed to stay the matter of RAHI Real Estate Holdings, LLC (RAHI) as they are a party to the bankruptcy as well, case number 12-12047(MG). Creditor Prentice was not afforded the same protection of the Automatic Stay Order in his personal Chapter 7 Bankruptcy even though he is a Creditor against the above named parties. Further, in the Prentice bankruptcy, RAHI failed to file their Proof of Claim. The Bankruptcy Court for the Eastern District of Michigan, via Judge Steven Rhodes, ruled contrary to the Final Stay Order of the Bankruptcy Court for the Southern District of New York.

Creditors timely filed Proof of Claim filed by Glenn Michael Prentice and Douglas Dwight Bennett, claim numbers 419 and 429. The Debtors, RAHI's Tax Identification number of **27-0515201** is in direct conflict with Creditor Prentice, who had received prior a 1099-A issued by GMAC Mortgage in the amount of $207,585.56 with a Tax Identification number of **23-1694840**. Two different corporations cannot own the same "alleged indebtedness" as this sets Plaintiff up for double jeopardy for the same "alleged debt".

Creditor's et al will lay forth via exhibits marked for this Court to verify the denial of due process and the concerted effort of attorneys and the Courts to steal their home and their attempt to deny their rightful claims. Again, Residential Funding is either perpetuating a fraud upon this Court and/or have to admit to the fraud committed in the state of Michigan Courts since 2007. In light of the recent fines being paid by these lenders, including J.P. Morgan Chase Bank as of the week of October 14, 2013, a settlement for the fraud and hardship perpetuated upon these Creditors et al for four million dollars is more than reasonable.

## **RESERVATION OF RIGHTS**

---

Creditor's Glenn M. Prentice and Douglas Bennett et al, Citizens in and of the United States

Reserves the Right to: Move before the United States District Court for the District of Columbia for Article III judicial review invoking PUBLIC ACTS OF THE THIRTY-NINTH CONGRESS of the UNITED STATES CHAP. XXXI —

The United States District Court for the District of Columbia is a Judicial Court of the United States having Three-Judge Court acting in and for Article III.

The District of Columbia is the seat of the sovereign government of the United States and that of The United States of America having original jurisdiction over the Land-Patents-Land-Grants as the point of "ORIGINAL-ORIGIN" in the city of Washington, in the District of Columbia.

    A.   An Act to protect all Persons in the United States in their Civil Rights, and furnish the Means of their vindication.

    B.   Be it enacted by the Senate and House of Representatives of the United States of America in Congress Assembled. That all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be citizens of the United States - - - shall have the same rights, in every State and Territory in the United States, to make and enforce contracts, to sue, be parties, and give evidence - - - .

    C.   Sec. 2 and be it further enacted. That any person who, under color of any law, statute, ordinance, regulation, or custom, shall subject, or cause to be subjected, any inhabitant of any State or Territory to the deprivation of any right secured or protected by this act - - - .

    D.   Sec. 3 - - - Courts of the United States to have jurisdiction of offences under this act.

    E.   Sec. 4. - - - Suits commenced in State Courts may be removed on defendant's motion - 1865, ch 90, Vol. xiii, p.507 - - - 1863, ch 87 Vol. Xii p.735 Jurisdiction to be enforced according to the laws of the United States, or the common law, & NOTE the argument of the common-law, actions taken under the color of law - - - Admiralty Jurisdiction of taking of property is an action

on the high seas - - - Glenn M. Prentice private property was taken on land - - - And the lead case by reference - - - RELIANCE-DEFENSE - - - is the matter of the of U.S. v. THE BETSEY AND CHARLOTTE, 8 U.S. 443 (1808), 8 U.S. 443 (Cranch) Citing the court - - - <u>There can be no case of admiralty jurisdiction, unless it be a case under the law of nations. Cases of revenue or of municipal seizure are not cases of admiral and maritime jurisdiction.</u> 8 U.S. 443 446, The court again - - - The district court, as a court of admiralty, is a court of limited jurisdiction; and in this case, the libel does not state that the seizure was made on waters which are navigable from the sea by vessels of ten or more tons burthen. The fact is not alleged which alone could make it a case of admiralty jurisdiction)

    <u>Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for the court's summary conclusion.</u> *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.

    A.  - - - Courts — Rules of Court — Validity — Conflict With Constitutional Rights. Court rules cannot diminish parties' constitutional rights. Any law or statute that is in direct violation of the constitution is repugnant (Marbury v. Madison, 5 U.S. 137, 1 Cranch 137, 2 L. Ed. 60 (1803).

    B.  - - - *<u>Strict scrutiny</u> is the proper standard of review for an equal protection challenge to the State of Michigan policy.* The burden is on the government to establish necessity of statutory classification and compelling interest to move forward in this bankruptcy action of the Debtors and the Corporate State of Michigan.

    C.  **NOTE THE JURISDICTION OF THE FEDERAL COURTS** - - - [t]he United States district courts shall have jurisdiction over . . . any cause of action . . . arising from the failure of a State to enter into negotiations . . . or to conduct such negotiations in good faith.

    *NOTE - - - NOTICE OF FORECLOSURE WAS POSTED at the private property c/o 37655 Palmar, Clinton Township, Michigan and the SHERIFF'S DEED ON MORTGAGE*

*FORECLOSURE - - - THIS INDENTURE made the March 26, 2010 between Suzanne Meli, a deputy sheriff in and for Macomb County, Michigan, party of the first part, and RAHI REAL ESTATE HOLDINGS, LLC.*

Creditors state this action was brought in good faith and for good cause that justice best be served and was brought pursuant to "Strict Scrutiny" is the proper standard of review for an Equal Protection Challenge to the State of Michigan Policy of the enforcement of the foreclosure statutes of the State of Michigan MCL 600.3201 et seq., that are in conflict with the Constitution and Laws of the United States of which have deprived Creditors, Citizens in and of the United States of their personal property rights, personal liberties in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment Right to the Constitution of the United States as the supreme law of the land in the Courts of the State of Michigan, in Michigan state.

Creditors state this collateral challenge to the courts of the State of Michigan as a taking of private property without a judicial hearing; and are a termination of their liberties, rights, immunities; and have suffered a deprivation, restraint of liberty shared by the named Debtors Jointly and separately for profit and gain. Creditors by and through the actions taken under the color of law by the State of Michigan statute enforcement and the fraud perpetuated by the Debtors, has suffered collateral consequences that is "NOT" blocked by the doctrine of Rooker-Felder that would deprive the United States District Court of its jurisdiction.

## BRIEF IN SUPPORT OF CREDITORS OBJECTION TO ORDER GRANTING DEBTORS RELEASE OF CLAIMS

Plaintiff's home was originally foreclosed on January 12, 2007. That first sheriff sale was expunged, not because of tax liens on the property (**Fraud and lies committed by Defendants Counsel repeatedly in their motions, briefs and on record**) but because of the errors of the foreclosure process.

Those errors were that the Plaintiff's home was never posted with a Notice of Foreclosure as well as the Sheriff Sale was not recorded in the Macomb County Register of Deeds until 42 days after the sale which is in violation to the statutory requirement to file within twenty calendar days. See M.C.L.600.3232.

> **600.3232 Deed of sale; endorsement; deposit with register; recording; entry upon redemption.**
> Sec. 3232. The officer or person making the sale shall forthwith execute, acknowledge, and deliver, to each purchaser a deed of the premises bid off by him; and if the lands are situated in several counties he shall make separate deeds of the lands in each county, and specify therein the precise amounts for which each parcel of land therein described was sold. And he shall endorse upon each deed the time when the same will become operative in case the premises are not redeemed according to law. Such deed or deeds shall, as soon as practicable, and within **20 days after such sale, be deposited with the register of deeds** of the county in which the land therein described is situated, and the register shall endorse thereon the time the same was received, and for the better preservation thereof, shall record the same at length in a book to be provided in his office for that purpose; and shall index the same in the regular index of deeds, and the fee for recording the same shall be included among the other costs and expenses allowed by law. In case such premises shall be redeemed, the register of deeds shall, at the time of destroying such deed, as provided in section 3244 of this chapter, write on the face of such record the word "Redeemed", stating at what date such entry is made, and signing such entry with his official signature.
> History: 1961, Act 236, Eff. Jan. 1, 1963.

1. Creditors et al attaches at **[Ex. 3]**, the original assignment of the mortgage from Republic Home Banc Mortgage to JP Morgan Chase Bank as Trustee, c/o Residential Funding Corporation and a copy of the Sheriff Sale of January 12, 2007. **[Ex. 4]**

2. Creditors have marked the Sheriff's Deed on Mortgage Foreclosure of January 12, 2007 that The Bank of New York Trust Company, N.A., (BNY) as successor to JP Morgan Chase Bank, as Trustee (Chase) c/o Residential Funding Corporation as grantee. This means that while Chase was the original Trustee of the Trust, they were replaced by BNY as Trustee sometime thereafter.

3. On February 17, 2010 and subsequently recorded in the Macomb County Register of Deeds on February 25, 2010 at Liber 20151, Page 325 Debtors filed an Affidavit to Expunge Sherriff's Deed on Mortgage Sale of Plaintiff's domicile and primary residence **[Ex. 5]** This

Expungement was drafted by Justin Carter, Attorney for Orlans and Associates, P.C. and signed by Jeffrey Stephan as limited signing officer of GMAC Mortgage, LLC on behalf of The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, as Trustee c/o Residential Funding Corporation.

4. This Court will see that the Expungement of the Sheriff's Deed clearly shows Bank of New York as Trustee and not Chase as Trustee. Plaintiff has marked the document so this Court can easily recognize this statement.

5. The Expungement of the 2007 Sheriff Sale states in number six **"That the above mortgage listed in #2 is hereby reinstated and is again in full force and effect."**

6. On March 12, 2010, Defendants executed an Assignment of Mortgage and recorded the same in the Macomb County Register of Deeds on March 19, 2010 at Liber 20181, Page 92 **[Ex. 6]**. The assignment, again signed by Jeffrey Stephan, now has Mr. Stephan listed as a Limited Signing Officer for JP Morgan Chase Bank as Trustee c/o Residential Funding Corporation. Mr. Stephan's signed the Expungement of the previous sale less than one month prior in favor of the BNY as Trustee. Chase was not the Trustee of the Residential Trust, thus this assignment is wholly flawed and illegal. The assignment was made to RAHI for one dollar.

7. Creditors et al states that Chase was replaced as Trustee by The Bank of New York as Trustee in October, 2006 and the Trust was ultimately called/closed on January 25, 2007 **[Ex. 7]**. This renders the assignment of March 12, 2010 void as Chase was no longer the Trustee for over three years prior. Creditors have clearly marked this exhibit for the Court to see the fraud.

8. Creditors et al also submit the Affidavit of Robert Horn **[Ex. 8]**. This affidavit was submitted by Attorney Matthew Mitchell in the 2010 Macomb Circuit Court proceedings. This affidavit states that Residential Funding Company, LLC (RFC) repurchased Glenn M. Prentice's loan

(x0433, the Loan). As required by the Trusts Pooling and Service Agreement (PSA), it was proper for RFC to repurchase the loan. This said, the March 12, 2010 assignment should have been from RFC to RAHI as a Special Purpose Entity (SPE) and not from the former Trustee, Chase, to RAHI.

9. The Affidavit of Compliance of the Sheriff Sale of March 26, 210 submitted by Attorney Marshall R. Isaacs of Orlans and Associates, P.C. states in item seven "That the above borrower is not eligible for the protections under this statute as he/she has not claimed the subject property as a principal residence exempt from tax under section 7cc of the general property tax act, 1893 PA 206, MCL 2.117cc" **[Ex. 9]**

10. RAHI never once asked for payment nor notified Creditors that they were the new Servicer instead of GMACM. Neither RAHI nor GMACM ever requested any monthly payment thereafter as well.

11. RAHI never gave Creditor Prentice his loan modification mediation as required under Michigan Statutory Law (MCL 600.3205) because of Orlans actions changing the status of Plaintiff's property in their Statement of Compliance.

12. On January 22, 2013, Creditor et al filed his Motion for Reconsideration and/or Relief From Judgment pursuant to M.C.R. 2.119(F)(3) **[Ex. 10].**

13. Judge Maceroni of the 16th Circuit Court for Macomb County again denied the motion as he stated that he has already ruled on the matter, despite the clear error of his prior rulings. Judge Maceroni's ruling of October 5, 2011 wherein he stated "In the interest of justice", he ruled against Creditor stating that his home wasn't his Primary Residence in violation of Public Act 206 of 1893. Clearly, Judge Maceroni was only interested in justice for RAHI and its attorneys.

14. Page six of exhibit nine states "Except as otherwise provided in subsection (5)" which was conveniently left out of the ruling of October 5, 2011. This subsection (5) verifies that Plaintiff's domicile was his Primary Residence at the time of the March 26, 2010 Sheriff Sale.

15. Judge Maceroni, in spite of the facts presented again refused to overturn an invalid ruling.

16. There has been a concerted effort by the Debtors, Orlans and Associates, P.C., Dykema Gossett, P.L.L.C., Potestivo and Associates, P.C. and all attorneys as well as the Judges of the State Courts to deny and deprive Plaintiff et al their due process rights and civil rights at each and every Court that this matter has been litigated in.

17. Creditors state that his Federal Land Patent was filed with the Macomb County Register of Deeds on February 24, 2003 **[Ex. 11]**. Creditors have stated in multiple courtrooms that with the land patent in place, only a judicial foreclosure can take place and not a non-judicial foreclosure. Further, only the United States government was allowed to foreclose via a Federal Marshall as the land patent was fully in place and undisputed four years prior to the first Sheriff Sale on January 12, 2007. *See Stanley v Schwalby, 162 U.S. 255 (1896) as well as Cunningham v, Macon & Brunswick R. Co., 109 U.S. 446 (1883)*.

**WHEREFORE**, Creditors et al respectfully requests this Court to reinstate their full claims for $400,000 secured and $3,600,000 unsecured and allows the settlement rate to be paid at 30.1 percent of this claim.

**WHEREFORE,** Creditors et al respectfully request that if their claims are not fully reinstated and paid, then provide proof to the Creditors et al that Residential Funding never owned the alleged mortgage/note which would substantiate the fraud perpetuated by Debtors et al in the state Courts of Michigan.

**WHEREFORE,** Creditors respectfully request that if Debtor Residential Funding et al provides the verification that they never owned the alleged debt, that this Honorable Court lift the stay against Debtors et al so that civil and criminal prosecution for the fraud committed against Creditors et al may be properly adjudicated.

                Respectfully submitted,

By: Glenn M. Prentice/ Pro Per
For Creditors Glenn M. Prentice &
Douglas Bennett
private domicile at and in
c/o 2764 Saint Clair
Rochester Hills, Michigan [48309]