*EXHIBIT [1]*

10/24/13　　Gmail - In re Residential Capital, LLC, Case No. 12-12020 - KCC on Behalf of the Debtors - Order Granting Debtors' Thirtieth Omnibus Objection to Clai...

12-12020-mg    Doc 5604-1    Filed 11/05/13    Entered 11/05/13 12:08:38    Exhibit 1
thru 5    Pg 2 of 19



Glenn Prentice <prenticeglenn@gmail.com>

# In re Residential Capital, LLC, Case No. 12-12020 - KCC on Behalf of the Debtors - Order Granting Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims- Books and Records) [Docket No. 5378]

1 message

**Clarissa D. Cu** <CCu@kccllc.com>　　　　　　　　　　　　　　　　　　　　Thu, Oct 17, 2013 at 4:45 PM
To: "Clarissa D. Cu" <CCu@kccllc.com>

Please find below links to the following important documents recently filed in the bankruptcy proceedings of Residential Capital, LLC, Case No. 12-12020 (MG) (USBC, Southern District of New York):

- Order Granting Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims- Books and Records) [Docket No. 5378]

For additional documents and information related to this case, please visit http://www.kccllc.net/rescap


Clarissa Cu
KCC
2335 Alaska Avenue
El Segundo, CA 90245
tel 310.776.7378

fax 310.751.1878
ccu@kccllc.com

www.kccllc.com


*************************************************************
Please visit the following website to read the KCC legal notice:
http://www.kccllc.com/Email-Disclaimer/
*************************************************************

*EXHIBIT [2]*

LEXSEE 404 U.S. 519, AT 521

## HAINES v. KERNER ET AL.

No. 70-5025

### SUPREME COURT OF THE UNITED STATES

*404 U.S. 519; 92 S. Ct. 594; 30 L. Ed. 2d 652; 1972 U.S. LEXIS 99; 16 Fed. R. Serv. 2d (Callaghan) 1*

December 6, 1971, Argued

January 13, 1972, Decided

**PRIOR HISTORY:**

CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

**DISPOSITION:**
*427 F.2d 71*, reversed and remanded.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Petitioner inmate sought review of a decision by the United States Court of Appeals for the Seventh Circuit, which affirmed dismissal of his action under *42 U.S.C.S. § 1983* and *28 U.S.C.S. § 1343(3)* against respondents, state officers and prison officials.

**OVERVIEW:** The inmate sought to recover damages for claimed injuries and deprivation of rights while he was incarcerated under a previous judgment. The inmate's pro se complaint was premised on the alleged action of prison officials placing him in solitary confinement after he had struck another inmate on the head with a shovel. The complaint included general allegations of physical injuries suffered while the inmate was in disciplinary confinement and denial of due process in the steps leading to that confinement. The district court dismissed the complaint for failure to state a claim upon which relief could be granted, suggesting that only under exceptional circumstances could courts inquire into the internal operations of state penitentiaries and concluding that the inmate had failed to show a deprivation of federally protected rights. The inmate contended that the district court erred in dismissing his complaint without allowing him to present evidence on his claims. The court held that the inmate's allegations were sufficient to require that he be provided the opportunity to offer supporting evidence.

**OUTCOME:** The district court's judgment was reversed and remanded.

**CORE TERMS:** pro se, prison, inmate, disciplinary, deprivation, confinement, physical injuries

**SUMMARY:**
An Illinois State Penitentiary inmate sued state officials pro se in the United States District Court for the Eastern District of Illinois, seeking damages for a deprivation of his civil rights and alleging (1) a denial of due process in the steps leading to his solitary confinement and (2) physical injuries suffered while in solitary confinement. The District Court dismissed the complaint for failure to state a claim upon which relief could be granted, and the United States Court of Appeals for the Seventh Circuit affirmed *(427 F2d 71)*.

On certiorari, the United States Supreme Court reversed. In a per curiam opinion, expressing the unanimous views of the court, it was held that since it did not appear beyond doubt that the inmate could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof.

Powell and Rehnquist, JJ., did not participate.

**LEXIS HEADNOTES - Classified to U.S. Digest Lawyers' Edition:**
[***HN1]
PLEADING § 130
pro se complaint --

Headnote: [1]
The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers.

[***HN2]
PLEADING § 130
failure to state a claim --

Headnote: [2]
A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

[***HN3]
CIVIL RIGHTS § 10

PLEADING § 179
solitary confinement --

Headnote: [3]

In a suit under *42 USC 1983*, which gives a right of action for the deprivation of civil rights under color of state law, a state penitentiary inmate is entitled to an opportunity to offer proof under his pro se allegations that he was denied due process in the steps leading to his solitary confinement and that in solitary confinement he was forced to sleep on the floor of a cell with only blankets, which aggravated a pre-existing foot injury and a circulatory ailment.

**SYLLABUS:**

Prisoner's *pro se* complaint seeking to recover damages for claimed physical injuries and deprivation of rights in imposing disciplinary confinement should not have been dismissed without affording him the opportunity to present evidence on his claims.

**COUNSEL:**

Stanley A. Bass, by appointment of the *Court, 401 U.S. 1008*, argued the cause for petitioner. With him on the briefs were Jack Greenberg, James M. Nabrit III, William B. Turner, Alice Daniel, and Max Stern.

Warren K. Smoot, Assistant Attorney General of Illinois, argued the cause for respondents pro hac vice. With him on the brief were William J. Scott, Attorney General, Joel M. Flaum, First Assistant Attorney General, and James B. Zagel, Morton E. Friedman, and Jayne A. Carr, Assistant Attorneys General.

Briefs of amici curiae were filed by Charles H. Baron for Boston College Center for Corrections and the Law, and by Julian Tepper and Marshall J. Hartman for the National Law Office of the National Legal Aid and Defender Assn.

**OPINIONBY:**
PER CURIAM

**OPINION:**

[*519] Petitioner, an inmate at the Illinois State Penitentiary, Menard, Illinois, commenced this action against the Governor of Illinois and other state officers and prison officials under the Civil Rights Act of 1871, 17 Stat. 13, *42 U. S. C. § 1983*, and *28 U. S. C. § 1343* (3), seeking to recover damages for claimed injuries and deprivation of rights while incarcerated under a judgment not challenged here. [*520] Petitioner's *pro se* complaint was premised on alleged action of prison officials placing him in solitary confinement as a disciplinary measure after he had struck another inmate on the head with a shovel following a verbal altercation. The assault by petitioner on another inmate is not denied. Petitioner's *pro se* complaint included general allegations of physical injuries suffered while in disciplinary confinement and denial of due process in the steps leading to that confinement. The claimed physical suffering was aggravation of a pre-existing foot injury and a circulatory ailment caused by forcing him to sleep on the floor of his cell with only blankets.

The District Court granted respondents' motion under Rule 12 (b)(6) of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief could be granted, suggesting that only under exceptional circumstances should courts inquire into the internal operations of state penitentiaries and concluding that petitioner had failed to show a deprivation of federally protected rights. The Court of Appeals affirmed, emphasizing that prison officials are vested with "wide discretion" in disciplinary matters. We granted certiorari and appointed [***654] counsel to represent petitioner. The only issue now before us is petitioner's contention that the District Court erred in dismissing his *pro se* complaint without allowing him to present evidence on his claims.

[***HR1] [***HR2] Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, [***596] however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears [*521] "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). See *Dioguardi v. Durning*, 139 F.2d 774 (CA2 1944).

[***HR3] Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof. The judgment is reversed and the case is remanded for further proceedings consistent herewith.

*Reversed and remanded.*

MR. JUSTICE POWELL and MR. JUSTICE REHNQUIST took no part in the consideration or decision of this case.

# *EXHIBIT [3]*

CARMELLA SABAUGH, REGISTER OF DEEDS

# ASSIGNMENT OF MORTGAGE

In consideration of value received, the undersigned hereby sets over, assigns and transfers unto:

7920132&
Whose address is: JPMorgan Chase Bank as Trustee, c/o Residential Funding  21-079 41541
Corporation, 2255 North Ontario, Suite 400, Burbank, CA 91504-3190

all its rights, title and interest of undersigned in and to that certain Real Estate Mortgage dated
March 7, 2002     executed by GLENN M. PRENTICE, A MARRIED MAN

to Republic Bank DBA Home Banc Mortgage Corporation

and whose principal place of business is 31155 Northwestern Hwy, Farmington Hills, MI
48334   doc# 2116234                                              and recorded
in Liber 11703    , page(s) 691 ,  Macomb     recorded May 4, 2002
County Records, State of Michigan described hereinafter as follows:
SEE ATTACHED

Commonly known as: 37655 PALMAR, CLINTON TOWNSHIP, MI 48036

Witnessed By:

Phyllis Chaney-Patton

Marcy E. Hill

This instrument was prepared by

31155 Northwestern Highway
Farmington Hills, MI 48334

Dated: 03/15/2002

Assignor: Republic Bank

By: Timothy A. Merritt

Title: Division Manager

Address: 31155 Northwestern Highway
Farmington Hills, MI 48334

State of Michigan, County of Oakland
On this 15th day of March, 2002 before me appeared Timothy A. Merritt
to me personally known, who being by me duly sworn, did for Himself
say that He is the Division Manager of
Republic Bank
the corporation named in and which executed the within instrument, that
said instrument was signed and sealed on behalf of said corporation by
the authority of its Board of Directors, and each of said officer(s)
did acknowledge said instrument to be the free act and deed of said
corporation.

MARCY E. HILL
Notary Public, Macomb County, MI
My Commission Expires Mar. 22, 2002

Marcy E. Hill
Notary Public for: Macomb
Acting In: Oakland County
My Commission Expires: 03/22/2002

INVESTOR LOAN #: TBD    LOAN #:0001088749

Michigan Assignment of Mortgage    11/98

Lot 1 of Moravian Woods Subdivision, of part of Southwest ¼, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to point of beginning.

*EXHIBIT [4]*

REC'D MAR 2 2 2007 10:50A

RET'D. FOR CORR.   MAR 2 2 2007

REC'D MAR 2 2 2007  2;39p

7045214
LIBER 18591 PAGE 831



03/22/2007 02:54:14 P.M.
MACOMB COUNTY, MI           SEAL
CARMELLA SABAUGH, REGISTER OF DEEDS

### SHERIFF'S DEED ON MORTGAGE FORECLOSURE

THIS INDENTURE made the 12th day of January, 2007* between _____SUZANNE MELI_____ a deputy sheriff in and for Macomb County, Michigan, party of the first part, and The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation, 1270 Northland Drive Suite 200, Mendota Heights, MN, 55120, party of the second part (hereinafter called the grantee).

Witnesseth, that whereas, Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, whose address is 37655 Palmar, Clinton Township, MI 48036, made a certain mortgage to Republic Bank DBA Home Banc Mortgage Corporation (hereinafter called "Mortgagee"), which was duly recorded in the office of the Register of Deeds of Macomb County in Liber 11703, Page 691,Macomb County Records.  Said mortgage is now held by The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation by assignment dated March 15, 2002 and recorded on May 27, 2003 in Liber 13567, Page 48, Macomb County Records.

WHEREAS, said mortgage contained a power of sale which has become operative by reason of default in the terms and conditions of the mortgage; and

WHEREAS, no suit or proceeding at law or in equity has been instituted to recover the debt secured by the mortgage or any part thereof; and

WHEREAS, by virtue of the power of sale, and pursuant to the statutes of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the 12th day of January, 2007*, at the North Main Street entrance to the Macomb County Court Bldg. in the City of Mt. Clemens, Macomb County, that being the place of holding the Circuit Court for Macomb County wherein the premises are located; and

WHEREAS, pursuant to said notice I did, at 10:00 a.m., local time, on the date stated above, expose for sale at public vendue the said lands and tenements described below, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of **Two Hundred Two Thousand Five Hundred & 0/100 Dollars($202,500.00)**, that being the highest bid therefore and the grantee being the highest bidder; and

WHEREAS, said lands and tenements are situated in the Township of Clinton, Macomb County, Michigan, and are more particularly described as:

Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along the centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.

Tax# 11-20-303-029
More commonly known as 37655 Palmar

Now, this indenture Witnesseth, that I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain, and sell unto the grantee, its successors and assigns, FOREVER, all the estate, right, title, and interest which the said Mortgagor(s) had in said land and tenements and every part thereof, on 7th day of March, 2002, that being the date of said mortgage, or any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could, or ought to sell the same.

In witness whereof I have set my hand and seal.     SUZANNE MELI     _/s/ Suzanne Meli_
                                                                                Deputy Sheriff in and for the County of Macomb, Michigan

State of Michigan
County of Macomb

This Sheriff's Deed on Mortgage Sale was acknowledged before me this 12th day of January, 2007*, by
_/s/ Suzanne Meli_, Deputy Sheriff for Macomb County, Michigan.
_/s/ Notary_ Notary Public                               County Revenue Required.
Macomb County, Michigan                                   Exempt from State Real Estate Transfer Tax
My Commission Expires: _____                         pursuant to MCLA §207.526(u)

Adjourned from January 5, 2007 to January 12, 2007 by posting a notice of adjournment at the place of sale for Macomb County, Michigan.

File Number: 207.6088  Loan Type: CONV

FLORENCE T. RUSSI
Notary Public, State of Michigan
County of Macomb
My Commission Expires Oct. 2, 2007
Acting in the County of _Macomb_



STATE OF MICHIGAN   REAL ESTATE TRANSFER TAX
MACOMB                  $222.75  CO
3/22/2007                 0.00  ST
7045214                846679

5

Orlans - Glenn M. Prentice

Liber 018591 Page 00832
**EVIDENCE OF SALE**

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, to Republic Bank DBA Home Banc Mortgage Corporation, Mortgagee, dated March 7, 2002 and recorded May 4, 2002 in Liber 11703, Page 691, Macomb County Records, Michigan. Said mortgage is now held by The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation by assignment. There is claimed to be due at the date hereof the sum of Two Hundred Twenty-Seven Thousand Thirty-Four and 41/100 Dollars ($227,034.41) including interest at 12.5% per annum.Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the North Main Street entrance to the Macomb County Court Bldg. in the City of Mt. Clemens, Macomb County in Macomb County, Michigan at 10:00 a.m. on JANUARY 5, 2007.Said premises are located in the Township of Clinton, Macomb County, Michigan, and are described as:Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2087.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (66 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA f600.3241a, in which case the redemption period shall be 30 days from the date of such sale. TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest.Dated: December 8, 2006Orlans Associates, P.C.Attorneys for ServiceP.O. Box 5041Troy, MI 48007-5041(248) 457-1000    File No. 207.6088(12-8)(12-29)

(Affidavit of Publisher)

STATE OF MICHIGAN
ss.
COUNTY OF MACOMB

Melanie Deeds being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, and published in Macomb County Legal News, a newspaper printed and circulated in said State and County on December 8, December 15, December 22, December 29, 2006 A.D. and that he/she is the principal clerk of the printers of said newspaper and knows the facts stated herein.

_____
Melanie Deeds
Subscribed and sworn before me on this 29th day of December 2006 A.D.

_____
Sandra Liano
Notary Public Macomb County, Michigan. My commission expires: July 7, 2012  Acting in Macomb County, Michigan.

(Affidavit of Posting)

STATE OF MICHIGAN
ss.
COUNTY OF MACOMB

_Nancy Peters_ being duly sworn, deposes that on the 18th day of December, 2006 A.D. he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to the front door trim.

CIRCLE IF

MultiUnit    Mobile/Manufactured Home    Vacant    No Dwelling

_Nancy Peters signing for Michael Cruse who has been terminated._
Subscribed and sworn before me on this 22nd day of December 2006 A.D.

_____
Kevin Morris
Notary Public Oakland County, Michigan. My commission expires: May 1, 2010.  Acting in Macomb County, Michigan.

Attorney Office: Orlans Associates P.C.
Attorney File# 207.6088
Notice ID# 346225

**NON-MILITARY AFFIDAVIT**
State of Michigan
                    ss.
County of Oakland

Liber 018591 Page 00833

The undersigned, being first duly sworn, states that upon investigation she/he is informed and believes that none of the persons named in the notice attached to the sheriff's deed of mortgage foreclosure, nor any person upon whom they or any of them were dependent, were in the military service of the United States at the time of sale or for six months prior thereto; nor the present grantee(s).

The undersigned further states that this affidavit is made for the purpose of preserving a record and clearing title by virtue of The Servicemembers Civil Relief Act of 2003, as amended.

_____   Susan E. Solwold
Susan E. Solwold

Subscribed and sworn to before me this 8th day of January, 2007

_____   Lindsay M. Fendrich
Lindsay M. Fendrich, Notary Public
Oakland County Acting in Oakland County, Michigan
My Commission Expires: 07/16/2012

**AFFIDAVIT OF AUCTIONEER and CERTIFICATE OF REDEMPTION PERIOD**
State of Michigan
                    ss.
County of Macomb

_____SUZANNE MELI_____ being first duly sworn, deposes and says that he is a Deputy Sheriff of said Macomb County; that he/she acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice; that said sale was opened at 10:00 a.m., local time, on the 12th day of January, 2007, North Main Street entrance to the Macomb County Court Bldg. in the City of Mt. Clemens, Macomb County, that being the place of holding the Circuit Court for Macomb County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was **Two Hundred Two Thousand Five Hundred & 0/100 Dollars($202,500.00)**; made by The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation, that said sale was in all respects open and fair; and that he/she did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

I DO HEREBY CERTIFY that the ☒
    unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording. The foreclosing mortgagee can rescind the sale in the event a 3rd party buys the property and there is a simultaneous resolution with the borrower.

_____   SUZANNE MELI    * last day to redeem is
Deputy Sheriff                                July 12, 2007 after which
Macomb County, Michigan                       the deed will become
                                              operative,
Subscribed and sworn to before me this 12th day of January, 2007.

_____,Notary Public
Macomb County, Michigan
My commission expires: _____

FLORENCE T. RUSSI
Notary Public, State of Michigan
County of Macomb
My Commission Expires Oct. 2, 2007
Acting in the County of Macomb

Drafted by and when recorded return to:
Susan C. Myers
Orlans Associates, P.C.
P.O. Box 5041
Troy, MI 48007-5041
(248) 457-1000    File No: 207.6088

ATTN REGISTER OF DEEDS: Please send all Redemption notifications and funds collected in your office to Orlans Associates, P.C., P.O. Box 5041, Troy, MI 48007-5041.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. Please be advised that all 3rd party bidders are responsible for preparing and recording the Sheriff's Deed. ORLANS ASSOCIATES, P.C. Hereby expressly disclaims all liability relating to the foreclosure, preparation and recording of the Sheriff's Deed.

Liber 018591 Page 00834

## AFFIDAVIT DECLARING REDEMPTION DESIGNEE

STATE OF MICHIGAN)
                 ss)
COUNTY OF OAKLAND)

Susan C. Myers, being first duly sworn, deposes and says:

1. That she is the duly authorized attorney for The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation and is familiar with the facts set forth herein.

2. This affidavit is being filed to declare the redemption amount in relation to the property located in the Township of Clinton, County of Macomb further described as:

Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.

Commonly Known as: 37655 Palmar    Tax ID #: 11-20-303-029

3. On or about March 7, 2002 a mortgage was executed between Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife to Republic Bank DBA Home Banc Mortgage Corporation for $214,200.00 on March 7, 2002, recorded May 4, 2002 in Liber 11703, Page 691, Macomb County Records.

4. Said mortgage is currently held by The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation.

5. Said mortgage is scheduled for foreclosure on the 12th day of January, 2007 for, $202,500.00,

6. Redemption must include $202,500.00, plus interest at the rate of 12.5% from January 12, 2007; at a per diem amount of $69.35; plus additional expenses for Taxes; Redemption of Senior Liens; Condominium Assessments; Homeowner Assessments; Community Association Assessments; or Premiums for Insurance Policies and Redemption Servicing Fee. An authorized computation of the above can be received only from the designee listed below.

7. The Redemption Servicing Fee, as allowed by Michigan Statue is $200.00, plus recording costs. The servicing fee is payable to Orlans Associates, P.C. and will be added to the redemption amount.

TO ORDER A REDEMPTION COMPUTATION CALL:
ORLANS ASSOCIATES, P.C., REDEMPTION DEPARTMENT
P.O. Box 5041
Troy, MI 48007-5401
248-457-1000 x 291

8. The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation hereby appoints Orlans Associates, P.C. as its designee and pursuant to MCLA 600.3240 declares that a computation of the amount to redeem done by any other than Orlans Associates, P.C. is subject to the designee's audit of said computation and such redemption funds are subject to rejection.

Liber 018591 Page 00835

9. A written, official computation of the redemption amount will be prepared by Orlans Associates, P.C., within a reasonable period of time for any and all who request such a computation.

10. Any redemption made without a written, current, computation provided by Orlans Associates, P.C. will be subject to audit and potential subsequent rejection of said funds.

11. Attention: REGISTER OF DEEDS; DO NOT accept redemption funds without a written, current redemption computation from Orlans Associates, P.C. Acceptance of funds without an Orlans Associates, P.C. computation will subject that redemption to an audit and potential subsequent rejection of the redemption funds.

12. The within Sheriff's Deed will become operative at the expiration of the redemption period, July 12, 2007, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording.

Further affiant sayeth not.

*/s/ Susan C. Myers*    Susan C. Myers

Susan C. Myers
Attorney for The Bank of New York Trust
Company, N.A., as successor to JPMorgan
Chase Bank, as Trustee c/o Residential Funding
Corporation

Subscribed and sworn to before me this 8th day of January, 2007, by Susan C. Myers

*/s/ Lindsay M. Fendrich*    Lindsay M. Fendrich

Lindsay M. Fendrich, Notary Public
Oakland County Acting in Oakland County, Michigan
My Commission Expires: 07/16/2012

Drafted by and when recorded return to:        Date Dated: 01/08/07
Susan C. Myers
Orlans Associates, P.C.
P.O. Box 5041
Troy, Michigan 48007-5401
(248) 457-1000        File Number: 207.6088

*EXHIBIT [5]*

RECD MACOMB CO *10FEB24PM1236



20375
LIBER 20151 PAGE 325

02/25/2010 11:07:18 A.M.
MACOMB COUNTY, MI                    SEAL
CARMELLA SABAUGH, REGISTER OF DEEDS

## AFFIDAVIT TO EXPUNGE SHERIFF'S DEED ON MORTGAGE SALE

STATE OF PA           )
                      ) ss)
COUNTY OF Montgomery  )

1. That on the 7th Day of March, 2002, Republic Bank DBA Home Banc Mortgage Corporation, loaned to Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, the sum of $214,200.00, and in return for the funds loaned, Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, executed a promissory note of even amount in favor of Republic Bank DBA Home Banc Mortgage Corporation.

2. That Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, also gave a mortgage in the amount of $214,200.00, to Republic Bank DBA Home Banc Mortgage Corporation, mortgagee, dated 7th Day of March, 2002, and recorded 4th Day of May, 2002 in Liber 11703, Page 691, Macomb County Records, for property located at 37655 Palmar further described as:

   Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.

   Commonly Known as: 37655 Palmar          Tax ID #: 11-20-303-029

3. That upon default in the terms of said mortgage, GMAC Mortgage, LLC, on behalf of The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation, commenced foreclosure proceedings and a Sheriff's Sale on the above property was held on 12th Day of January, 2007; a Sheriff's Deed in favor of The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation, was issued on 12th Day of January, 2007, and recorded 22nd Day of March, 2007 in Liber 18591 Page 831, Macomb County Records.

4. That GMAC Mortgage, LLC, on behalf of The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation, has opted to set aside the sheriff's sale, thus reinstating and reviving the above mortgage.

5. That The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation wishes this affidavit is to be recorded in order to perfect record title, and to show that the Sheriff's Deed on Mortgage Sale, dated January 12, 2007, and recorded March 22, 2007 in Liber 18591, Page 831, Macomb County Records, is void and of no force or effect.

6.   That the above mortgage listed in #2 is hereby reinstated and is again in full force and effect.

GMAC Mortgage, LLC, on behalf of The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation

**Jeffrey Stephan**
Limited Signing Officer

State of PA
County of Montro

On the 17 day of Feb, 2010 before me appeared Jeffrey Stephan to me personally known, who being by me duly sworn, he/she is the LSO of GMAC Mortgage, LLC, on behalf of The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee c/o Residential Funding Corporation, the corporation named in and which executed the within instrument personally known to me (or proved to me on the basis of satisfactory evidence) to be the company whose name is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in authorized capacity and that by his/her signature on the instrument the person or the entity upon behalf of which the person acted, executed this document.

_____, Notary Public
, Michigan
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Nikole Shelton, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Aug. 11, 2010
Member Pennsylvania Association of Notaries

Date Dated: February 9, 2010
File Number: 207.6088

Drafted By & when recorded return to:
Justin Carter
Attorney at Law
ORLANS ASSOCIATES PC
P.O. Box 5041
Troy, Michigan 48007
248-502-1350