*EXHIBIT [6]*



32086
LIBER 20181 PAGE 927

RECD MACOMB CO "10MAR19AM0804

03/19/2010 03:19:13 P.M.
MACOMB COUNTY, MI
CARMELLA SABAUGH, REGISTER OF DEEDS
SEAL

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS, that JPMorgan Chase Bank as Trustee c/o Residential Funding Corporation , 3415 Vision Drive Columbus, OH 43219, for and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration, to it paid by RAHI REAL ESTATE HOLDINGS LLC CORPORATION, 1100 Virginia Drive, Ft. Washington, PA 19034 its successors and assigns, party of the second part, the receipt whereof is hereby acknowledged, has sold, assigned and transferred and does hereby sell, assign and transfer to the said party of the second part, all the right, title and interest of the said party of the first part in and to a certain real estate mortgage dated March 7, 2002, made by Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, to Republic Bank DBA Home Banc Mortgage Corporation in the amount of $214,200.00 and recorded on May 4, 2002 in Macomb County Register of Deeds office in Liber 11703, Page 691, described as follows, to wit:

> Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.
> Tax ID # 16-11-20-303-029

Commonly known as: 37655 Palmar

together with the note to which the same is collateral;

Effective Date: On or before February 11, 2010

IN WITNESS WHEREOF of said party of the first part has caused these presents to be signed by its ___L S D___ for JPMorgan Chase Bank as Trustee c/o Residential Funding Corporation and its corporate seal to be hereunto affixed this _12_ day of _MAY_, A.D., 2010.

JPMorgan Chase Bank as Trustee c/o
Residential Funding Corporation
BY: _____
Its: ___Jeffrey Stephan___
Limited Signing Officer

2

STATE OF  PA                    )
                                        ) ss.
COUNTY OF  Montgomery )

On this 12 day of MAr_____, 2010, before me appeared
JACrEp StEphAn_____ to me personally known, who being by me duly sworn, did each for
her/himself say that they are respectively the ____L Sb____ for JPMorgan Chase Bank as
Trustee c/o Residential Funding Corporation and which executed the within instrument, and that the seal
affixed to the said instrument is the corporate seal of the corporation named in and which executed the
within instrument.

                        Nicole Shelton Notary Public
                                                        County
                        My Commission Expires: _____

Drafted by and when recorded return to:
Marshall R. Isaacs
Attorney at Law
Orlans Associates PC
P.O. Box 5041
Troy, MI 48007
248-502-1336

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Nikole Shelton, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Aug. 11, 2010
Member Pennsylvania Association of Notaries

Orlans File No. 207.6088

Recording Fee: $

# EXHIBIT [7]





HOME  DEAL DOCUMENTS  REPORTS  DOWNLOADS  MY VISION  ANALYTICS                                    SERVICER GUIDE  GLOSSARY

## vision

RASC KS Series » 2002 » 2002-KS3 » Distribution Statements

DISTRIBUTION STATEMENTS                                                        As of Distribution Period: Februar
Deal 2002-KS3

| Deal Name ▼ |
| Search | Clear |

Investor Services Home
Overview of ABS/MBS
RFMSI (S & SA Series)
RALI (QS,QA,QO & QH)
RAAC (SP Series)
RAMP (RZ Series)
RAMP (RS Series)
RASC (KS Series)
RFMSII (HI, HS & HSA)
GMACM (AR Series)
GMACM (J Series)
GMACM (HE Series)
CMAC (Canada C Series)
RAAC (RP Private 144A)

Pre-2000 vintage deals are only available
through Deal Documents and Downloads.

### Deal Information

Issuer : Residential Asset Securities Corp
Distribution Day : 25th
Tax Structure : REMIC
Trustee(s) : JPMorgan Chase Bank, N.A.

Issue Date : 05/01/2002
Settlement Date : 05/29/2002
Called Date : 01/25/2007
Public/Private : Public

### Links

Pooling & Servicing Agreement
Prospectus Supplement
Analytics

### Distribution Statements

| | | | |
|---|---|---|---|
| 2007 January | 2005 November | 2004 September | 2003 July |
| 2006 December | 2005 October | 2004 August | 2003 June |
| 2006 November | 2005 September | 2004 July | 2003 May |
| 2006 October | 2005 August | 2004 June | 2003 April |
| 2006 September | 2005 July | 2004 May | 2003 March |
| 2006 August | 2005 June | 2004 April | 2003 February |
| 2006 July | 2005 May | 2004 March | 2003 January |
| 2006 June | 2005 April | 2004 February | 2002 December |
| 2006 May | 2005 March | 2004 January | 2002 November |
| 2006 April | 2005 February | 2003 December | 2002 October |
| 2006 March | 2005 January | 2003 November | 2002 September |
| 2006 February | 2004 December | 2003 October | 2002 August |
| 2006 January | 2004 November | 2003 September | 2002 July |
| 2005 December | 2004 October | 2003 August | 2002 June |

© 2012 Residential Capital, LLC. All Rights Reserved. Investor Relations - 1.877.977.3863 - Licensed by the Department of Corporations under the

Contact Us  |  Legal

# GMAC RFC

Statement to Certificateholders

| Distribution Information | Deal Information | |
|---|---|---|
| 1. Distribution Summary | Deal Name: | Residential Asset Securities Corp, 2002-KS3 |
| 2. Factor Summary | Asset Type: | Mortgage Asset-Backed Pass-Through Certificates |
| 3. Components Information    *(Not Applicable)* | | |
| 4. Interest Summary | Closing Date: | 05/29/2002 |
| 5. Other Income Detail | First Distribution Date: | 06/25/2002 |
| 6. Interest Shortfalls, Compensation and Expenses | Determination Date: | 10/20/2006 |
| 7. Prepayment Interest and Basis Risk/Net WAC Shortfall Amounts | Distribution Date: | 10/25/2006 |
| | Record Date: | |
| 8. Collateral Summary | Book-Entry: | 10/24/2006 |
| 9. Repurchase Information | Definitive: | 09/29/2006 |
| 10. Loan Status Report (Delinquencies) | | |
| 11. Deal Delinquencies (30 Day Buckets) | Trustee: | The Bank Of New York Trust Co |
| 12. Loss Mitigation and Servicing Modifications | Main Telephone: | 7132162177 |
| 13. Losses and Recoveries | GMAC-RFC | |
| 14. Credit Enhancement Report | Bond Administrator: | Perry Bons |
| 15. Distribution Percentages    *(Not Applicable)* | Telephone: | 818-260-1441 |
| 16. Overcollateralization Summary | Pool(s) : | 4591,4592 |
| 17. Excess Cash Flow, Overcollateralization Provisions and Derivative Amounts | | |
| 18. Performance Tests    *(Not Applicable)* | | |
| 19. Lender Paid Mortgage Insurance | | |
| 20. Comments | | |

# GMAC RFC

Statement to Certificateholder

| Distribution Information | Deal Information | |
|---|---|---|
| 1. Distribution Summary | Deal Name: | Residential Asset Securities Corp. 2002-KS3 |
| 2. Factor Summary | Asset Type: | Mortgage Asset-Backed Pass-Through Certificates |
| 3. Components Information   *(Not Applicable)* | | |
| 4. Interest Summary | Closing Date: | 05/29/2002 |
| 5. Other Income Detail | First Distribution Date: | 06/25/2002 |
| 6. Interest Shortfalls, Compensation and Expenses | Determination Date: | 01/22/2007 |
| 7. Prepayment Interest and Basis Risk/Net WAC Shortfall Amounts | Distribution Date: | 01/25/2007 |
| 8. Collateral Summary | Record Date: | |
| 9. Repurchase Information | Book-Entry: | 01/24/2007 |
| 10. Loan Status Report (Delinquencies) | Definitive: | 12/29/2006 |
| 11. Deal Delinquencies (30 Day Buckets) | Trustee: | The Bank Of New York Trust Co |
| 12. Loss Mitigation and Servicing Modifications | Main Telephone: | 713-483-6154 |
| 13. Losses and Recoveries | GMAC-RFC | |
| 14. Credit Enhancement Report | Bond Administrator: | Jeanne Weiss |
| 15. Distribution Percentages   *(Not Applicable)* | Telephone: | 818-260-1506 |
| 16. Overcollateralization Summary | Pool(s): | 4591,4592 |
| 17. Excess Cash Flow, Overcollateralization Provisions and Derivative Amounts | | |
| 18. Performance Tests   *(Not Applicable)* | | |
| 19. Lender Paid Mortgage Insurance | | |
| 20. Comments | | |

# GMAC RFC

## Statement to Certificateholder

### Deal Information

| | |
|---|---|
| Deal Name: | Residential Asset Securities Corp, 2002-KS3 |
| Asset Type: | Mortgage Asset-Backed Pass-Through Certificates |
| Closing Date: | 05/29/2002 |
| First Distribution Date: | 06/25/2002 |
| Determination Date: | 01/22/2007 |
| Distribution Date: | 01/25/2007 |
| Record Date: | |
| Book-Entry: | 01/24/2007 |
| Definitive: | 12/29/2006 |
| Trustee: | The Bank Of New York Trust Co |
| Main Telephone: | 713-483-6154 |
| GMAC-RFC | |
| Bond Administrator: | Jeanne Weiss |
| Telephone: | 818-260-1506 |
| Pool(s) : | 4591,4592 |

### Distribution Information

1. Distribution Summary
2. Factor Summary
3. Components Information     *(Not Applicable)*
4. Interest Summary
5. Other Income Detail
6. Interest Shortfalls, Compensation and Expenses
7. Prepayment Interest and Basis Risk/Net WAC Shortfall Amounts
8. Collateral Summary
9. Repurchase Information
10. Loan Status Report (Delinquencies)
11. Deal Delinquencies (30 Day Buckets)
12. Loss Mitigation and Servicing Modifications
13. Losses and Recoveries
14. Credit Enhancement Report
15. Distribution Percentages     *(Not Applicable)*
16. Overcollateralization Summary
17. Excess Cash Flow, Overcollateralization
    Provisions and Derivative Amounts
18. Performance Tests     *(Not Applicable)*
19. Lender Paid Mortgage Insurance
20. Comments

Residential Funding Company, LLC  2255 North Ontario Street, Suite 400, Burbank, CA 91504  818 260 1400  www.gmacrfc.com/investor

# *EXHIBIT [8]*

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

GLENN M. PRENTICE,

        Plaintiff,

vs.

GMAC MORTGAGE, LLC a Foreign
Limited Liability Company, RAHI REAL
ESTATE HOLDINGS LLC, Corporation
an unknown entity not authorized to
conduct business in Michigan, REPUBLIC
BANK d/b/a HOME BANC MORTGAGE
CO., THE BANK OF NEW YORK TRUST
COMPANY, NA as Trustee for unknown
Trust, JP MORGAN CHASE BANK as
trustee for unknown Trust and JOHN
DOE(S),

        Defendants jointly and
        severally.

Civil Action No. 10-4172-CH

Prior Case No. 2007-003476-CH

Honorable Peter J. Maceroni

| | |
|---|---|
| Douglas A. McKinney (P35430)<br>Attorney for Plaintiff<br>P.O. Box 214145<br>Auburn Hills, Michigan 48321-4245<br>(810) 227-5074 | Thomas M. Schehr (P54391)<br>Matthew Mitchell (P69810)<br>Attorneys for GMAC Mortgage, LLC, Rahi<br>Real Estate Holdings, LLC, The Bank of<br>New York Trust Company, N.A., as<br>successor-in-interest to JP Morgan Chase<br>Bank, N.A. as Trustee, and JP Morgan<br>Chase Bank, N.A. as Trustee<br>DYKEMA GOSSETT PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, MI 48304<br>(248) 203-0700 |

## AFFIDAVIT OF ROBERT HORN

STATE OF CALIFORNIA  )
                    )ss
COUNTY OF SANTA CLARA)

Robert Horn, being duly sworn, deposes and states as follows:

BH01\1358568.1
ID\MMI – 086797/0170

1.      My name is Robert Horn and I am a Vice President at RAHI Real Estate Holdings, LLC ("RAHI").  I am an authorized representative of RAHI for purposes of making this affidavit.  I have personal knowledge of the facts stated in this affidavit based on my review of business records.  I am over eighteen (18) years of age and, if sworn as a witness, can testify competently to the facts stated herein.

2.      On January 25, 2007, Residential Funding Company, LLC ("RFC") repurchased Glenn M. Prentice's loan (x0433, the "Loan"), which was evidenced by a promissory note (the "Note") and secured by a mortgage (the "Mortgage") dated March 7, 2002.  After the repurchase, the Loan became an asset of RFC.

3.      To secure revolving credit lines, RFC was required to form Special Purpose Entities ("SPE") that would acquire certain RFC assets by purchase, lease, contribution of property or otherwise, and to own, hold, sell, convey, transfer or dispose of any real or personal property.  RAHI is an SPE and an indirect subsidiary of RFC. RAHI acquired the Loan in June of 2009.

Further affiant sayeth not.

_____

Robert Horn: Vice President          Date: July 1, 2011


Subscribed and sworn before me on this 1st day of July 2011.

_____
Michelle R. Dale, Notary Public

My commission expires: July 23, 2014
Acting in Los Angeles County.

MICHELLE R. DALE
Commission # 1896427
Notary Public - California
Los Angeles County
My Comm. Expires Jul 23, 2014

2

# *EXHIBIT [9]*

RECD MACOMB CO *10APRO2AM1018

45208
LIBER 20208 PAGE 349

04/06/2010 11:07:33 A.M.
MACOMB COUNTY, MI                SEAL
CARMELLA SABAUGH, REGISTER OF DEEDS



**STATE OF MICHIGAN**    **REAL ESTATE ★ TRANSFER TAX ★**

MACOMB
4/06/2010
45208

$114.40  CO★
1.00  ST★
977897  ★

## SHERIFF'S DEED ON MORTGAGE FORECLOSURE

THIS INDENTURE made the 26th day of March, 2010* between **Suzanne Meli**        a deputy sheriff in and for Macomb County, Michigan, party of the first part, and RAHI Real Estate Holdings LLC Corporation, 1100 Virginia Drive, Suite 200, Ft. Washington, PA, 19034, party of the second part (hereinafter called the grantee).

Witnesseth, that whereas, Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, whose address is 37655 Palmar, Clinton Township, MI 48036, made a certain mortgage to Republic Bank DBA Home Banc Mortgage Corporation (hereinafter called "Mortgagee"), which was duly recorded in the office of the Register of Deeds of Macomb County in Liber 11703, Page 691,Macomb County Records. Said mortgage is now held by RAHI Real Estate Holdings LLC Corporation by assignment submitted to and recorded by the Macomb County Register of Deeds.

WHEREAS, said mortgage contained a power of sale which has become operative by reason of default in the terms and conditions
of the mortgage; and

WHEREAS, no suit or proceeding at law or in equity has been instituted to recover the debt secured by the mortgage or any part thereof; and

WHEREAS, by virtue of the power of sale, and pursuant to the statutes of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in the mortgage that the premises, or some part of them, would be sold on the 26th day of March, 2010*, at the North Main Street entrance to the Macomb County Court Bldg. in the City of Mt. Clemens, Macomb County, that being the place of holding the Circuit Court for Macomb County wherein the premises are located; and

WHEREAS, pursuant to said notice I did, at 10:00 a.m., local time, on the date stated above, expose for sale at public vendue the said lands and tenements described below, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of **One Hundred Four Thousand & 0/100 Dollars ($104,000.00),** that being the highest bid therefore and the grantee being the highest bidder; and

WHEREAS, said lands and tenements are situated in the Township of Clinton, Macomb County, Michigan, and are more particularly described as:

**Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.76 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.**

Tax# 16-11-20-303-029
More commonly known as 37655 Palmar

Now, this indenture Witnesseth, that I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain, and sell unto the grantee, its successors and assigns, FOREVER, all the estate, right, title, and interest which the said Mortgagor(s) had in said land and tenements and every part thereof, on 7th day of March, 2002, that being the date of said mortgage, or any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoove forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could, or ought to act in the same.
In witness whereof I have set my hand and seal.

_Suzanne Meli_
Deputy Sheriff in and for the County of Macomb, Michigan

State of Michigan
County of Macomb

This Sheriff's Deed on Mortgage Sale was acknowledged before me this 26th day of March, 2010*, by
_Suzanne Meli_, Deputy Sheriff for Macomb County, Michigan.

_Yolanda Lamb_ Notary Public
Name
Macomb County, Michigan
My Commission Expires: _____
Acting in _____ County

County Revenue Required.
Exempt from State Real Estate Transfer Tax
pursuant to MCLA 207.526(v)

Adjourned from March 12, 2010 to March 26, 2010 by posting a notice of adjournment at the place of sale for Macomb County, Michigan.

File Number: 207.6088  Loan Type: CONV

Yolanda Lamb
Notary Public, State of Michigan
County of Oakland
My Commission Expires 9-27-2015
Acting in the county of _Macomb_

1 ∞

**NON-MILITARY AFFIDAVIT**
State of Michigan
ss.
County of Oakland

The undersigned, being first duly sworn, states that upon investigation she/he is informed and believes that none of the persons named in the notice attached to the sheriff's deed of mortgage foreclosure, nor any person upon whom they or any of them were dependent, were in the military service of the United States at the time of sale or for six months prior thereto; nor the present grantee(s).

The undersigned further states that this affidavit is made for the purpose of preserving a record and clearing title by virtue of The Servicemembers Civil Relief Act of 2003, as amended.

*Ophelia Hatten*
Ophelia Hatten

Subscribed and sworn to before me this 17th day of March, 2010

*Cynthia Russell*
Cynthia M. Russell, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires: 9/20/2013

**AFFIDAVIT OF AUCTIONEER and CERTIFICATE OF REDEMPTION PERIOD**
State of Michigan
ss.
County of Macomb

**Suzanne Meli** _____ being first duly sworn, deposes and says that he is a Deputy Sheriff of said Macomb County; that he/she acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice; that said sale was opened at 10:00 a.m., local time, on the 26th day of March, 2010, North Main Street entrance to the Macomb County Court Bldg. in the City of Mt. Clemens, Macomb County, that being the place of holding the Circuit Court for Macomb County, and said sale was kept open for the space of one hour; that the highest bid for the lands and tenements therein described was **One Hundred Four Thousand & 0/100 Dollars ($104,000.00)**; made by RAHI Real Estate Holdings LLC Corporation, that said sale was in all respects open and fair; and that he/she did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

I DO HEREBY CERTIFY that the last day to redeem is September 26, 2010, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording. The foreclosing mortgagee can rescind the sale in the event a 3rd party buys the property and there is a simultaneous resolution with the borrower.

**Suzanne Meli** *Suzanne Meli*
_____
Deputy Sheriff
Macomb County, Michigan

Subscribed and sworn to before me this 26th day of March, 2010.

*Yolanda Lamb* Notary Public
_____ Name
Macomb County, Michigan
My commission expires: _____

Yolanda Lamb
Notary Public, State of Michigan
County of Oakland
My Commission Expires 9-27-2015
Acting in the county of ⎯macomb⎯

Drafted by and when recorded return to:
**Marshall R. Isaacs**
**Orlans Associates, P.C.**
**P.O. Box 5041**
**Troy, MI 48007-5041**
**(248) 502-1400**    File No: 207.6088

ATTN REGISTER OF DEEDS: Please send all Redemption notifications and funds collected in your office to Orlans Associates, P.C., P.O. Box 5041, Troy, MI 48007-5041.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. Please be advised that all 3rd party bidders are responsible for preparing and recording the Sheriff's Deed. ORLANS ASSOCIATES, P.C. Hereby expressly disclaims all liability relating to the foreclosure, preparation and recording of the Sheriff's Deed.

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY. MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife, to Republic Bank DBA Home Banc Mortgage Corporation, Mortgagee, dated March 7, 2002 and recorded May 4, 2002 in Liber 11703, Page 691, Macomb County Records, Michigan. Said mortgage is now held by RAHI Real Estate Holdings LLC Corporation by assignment. There is claimed to be due at the date hereof the sum of Two Hundred Eighty Thousand Five Hundred Eighty-Five and 41/100 Dollars ($280,585.41) including interest at 12.5% per annum. Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the North Main Street entrance to the Macomb County Court Bldg. in the City of Mt. Clemens, Macomb County in Macomb County, Michigan at 10:00 a.m. on MARCH 12, 2010. Said premises are located in the Township of Clinton, Macomb County, Michigan, and are described as: Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning. The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale. TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest. If you are a tenant in the property, please contact our office as you may have certain rights. Dated: February 12, 2010 Orians Associates, P.C. Attorneys for Servicer P.O. Box 5041 Troy, MI 48007-5041 File No. 207.60BB ASAP# 3448816 02/12/2010, 02/19/2010, 02/26/2010, 03/05/2010

---

**AFFIDAVIT OF POSTING**

STATE OF MICHIGAN

COUNTY OF Macomb

_Traci Ren_____, being duly sworn, deposes and says that on the _17_ day of _Feb_ A.D., 2010, he posted a Notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to:

37655 Palmer
CLINTON TOWNSHIP MI 48036

_Traci Ren_

Signature_____

Printed Name (Please Print Neatly)

_Traci Ren_

_Agent, please mark the below, when applicable:_

☐    Multi Unit
☐    Mobile/Manufactured Home
☐    Vacant/Abandonment
☐    No Dwelling
☐    Other (i.e. visual damage)_____

Subscribed and sworn to before me this _18_ day of _FEB_____, A.D. 2010

_Alan M. McBride_

Signature of Notary Public

_Diane McBride_

Printed Name of Notary Public
(Please Print Neatly)

_Macomb_____, County, Michigan

My Commission Expires: _11-30-11_

Acting in _Macomb_____ County, Michigan

DRAFTED By and when recorded

Return to:    **Orians & Associates, P.C.**

**P.O. Box 5041**
**Troy, MI 48007**
**(248)502-1400**

File No.    _2076088_
ASAP No.    _3448816_

**Glenn M. Prentice**

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY. MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Glenn M. Prentice, a married man and Jacquelina A. Prentice by Glenn M. Prentice her attorney in fact, his wife, to Republic Bank DBA Home Banc Mortgage Corporation, Mortgagee, dated March 7, 2002 and recorded May 4, 2002 in Liber 11703, Page 591, Macomb County Records, Michigan. Said mortgage is now held by RAHI Real Estate Holdings LLC Corporation by assignment. There is claimed to be due at the date hereof the sum of Two Hundred Eighty Thousand Five Hundred Eighty-Five and 41/100 Dollars ($280,585.41) including interest at 12.5% per annum. Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue at the North Main Street entrance to the Macomb County Court Bldg. in the City of Mt. Clemens, Macomb County in Macomb County, Michigan at 10:00 a.m. on MARCH 12, 2010. Said premises are located in the Township of Clinton, Macomb County, Michigan, and are described as: Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.28 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning. The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale. TO ALL PURCHASERS: The foreclosing mortgagee can rescind the sale. In that event, your damages, if any, are limited solely to the return of the bid amount tendered at sale, plus interest. If you are a tenant in the property, please contact our office as you may have certain rights. Dated: February 12, 2010 Orlans Associates, P.C. Attorneys for Servicer P.O. Box 5041 Troy, MI 48007-5041 File No. 207.6088 ASAP# 3448516 02/12/2010, 02/19/2010, 02/26/2010, 03/05/2010

**AFFIDAVIT OF PUBLICATION**

(Affidavit of Publisher)

STATE OF MICHIGAN,
ss.
COUNTY OF  MACOMB

Margot Blanchette, an employee of the publisher of Macomb County Legal News, having knowledge of the facts, being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, was published in Macomb County Legal News, a newspaper printed and circulated in said Macomb County on February 12, February 19, February 26, March 5, 2010 A.D.

_____
Margot Blanchette

Subscribed and sworn before me on this 5th day of March 2010 A.D.

_____
Pushpa Jayaprakash

Notary Public Oakland County, Michigan. My commission expires:  April 4, 2011. Acting in Macomb County, Michigan.

Attorney Office:   FNF MACOMB
Attorney File#:   3448516
Notice#:   743503

## AFFIDAVIT OF COMPLIANCE

STATE OF MICHIGAN)
            ss)
COUNTY OF OAKLAND)

Marshall R. Isaacs, being first duly sworn, deposes and says:

1.    That he is the duly authorized attorney for RAHI Real Estate Holdings LLC Corporation ("the Mortgagee"), and , and is familiar with the facts set forth herein.

2.    This affidavit is being filed to show compliance with MCL 600.3204 and 600.3205 with regard to the foreclosure by advertisement of the loan herein described, for the property located in the Township of Clinton, County of Macomb and State of Michigan, and further described as:

**Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.**

Commonly Known as: 37655 Palmar    Tax ID #: 16-11-20-303-029

3.    On or about March 7, 2002 a mortgage was executed between Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife to Republic Bank DBA Home Banc Mortgage Corporation for $214,200.00 on March 7, 2002, recorded May 4, 2002 in Liber 11703, Page 691, Macomb County Records.

4.    Said mortgage is currently held by RAHI Real Estate Holdings LLC Corporation.

5.    That the law firm of Orlans Associates, P.C. was retained to foreclose the above mortgage by advertisement.

6.    That to comply with the requirements of MCL 600.3205a, before proceeding with a foreclosure sale by advertisement of property claimed as a principal residence exempt from tax under section 7cc of the general property tax act, 1893 PA 206, MCL 211.7cc, the foreclosing part shall serve a written notice on the borrower that contains certain information.

7.    That the above borrower is not eligible for the protections under this statute as he/she has not claimed the subject property as a principal residence exempt from tax under section 7cc of the general property tax act, 1893 PA 206, MCL 211.7cc.

_____
Marshall R. Isaacs
Attorney for RAHI Real Estate Holdings LLC Corporation ("the Mortgagee"), and , and is familiar with the facts set forth herein.

Subscribed and sworn to before me this 17th day of March, 2010, by Marshall R. Isaacs, attorney for RAHI Real Estate Holdings LLC Corporation, on behalf of it's servicing agent GMAC Mortgage, LLC and is familiar with the facts set forth herein.

_Cynthia M Russell_
Cynthia M. Russell, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires: 9/20/2013
Date Dated: 03/17/10

**Drafted by and when recorded return to:**                Dated: March 17, 2010
**Marshall R. Isaacs**
**Orlans Associates, P.C.**
**P.O. Box 5041**
**Troy, Michigan 48007-5401**
**(248) 502-1400    File Number: 207.6088**

## AFFIDAVIT DECLARING REDEMPTION DESIGNEE

STATE OF MICHIGAN)
        ss)
COUNTY OF OAKLAND)

Marshall R. Isaacs, being first duly sworn, deposes and says:

1. That he is the duly authorized attorney RAHI Real Estate Holdings LLC Corporation and is familiar with the facts set forth herein.

2. This affidavit is being filed to declare the redemption amount in relation to the property located in the Township of Clinton, County of Macomb further described as:
Lot 1 of Moravian Woods Subdivision, of part of Southwest one-quarter, Section 20, Town 2 North, Range 13 East, Clinton Township, Macomb County, Michigan, as recorded in Liber 54 of Plats, Page 17 of Macomb County Records and a parcel of adjacent land described as: Commencing a Southwest corner, Section 20; thence North 01 degrees 29 minutes West 2067.78 feet along West Section line; thence North 77 degrees 18 minutes East 383.05 feet and North 83 degrees 28 minutes 30 seconds East 41.26 feet along centerline of Miller Road (86 feet wide) to point of beginning; thence North 83 degrees 28 minutes 30 seconds East 36.05 feet along said centerline; thence South 02 degrees 30 minutes East 190.47 feet; thence South 83 degrees 28 minutes 30 seconds West 36.05 feet; thence North 02 degrees 30 minutes West 190.47 feet to Point of Beginning.
Commonly Known as: 37655 Palmar    Tax ID #: 16-11-20-303-029

3. On or about March 7, 2002 a mortgage was executed between Glenn M. Prentice, a married man and Jacqueline A. Prentice by Glenn M. Prentice her attorney in fact, his wife to Republic Bank DBA Home Banc Mortgage Corporation for $214,200.00 on March 7, 2002, recorded May 4, 2002 in Liber 11703, Page 691, Macomb County Records.

4. Said mortgage is currently held by RAHI Real Estate Holdings LLC Corporation.

5. Said mortgage is scheduled for foreclosure on the 26th day of March, 2010 for, $104,000.00.

6. Redemption must include $104,000.00, plus interest at the rate of 12.5% from March 26, 2010; at a per diem amount of $35.62; plus additional expenses for Taxes; Redemption of Senior Liens; Condominium Assessments; Homeowner Assessments; Community Association Assessments; or Premiums for Insurance Policies and Redemption Servicing Fee. An authorized computation of the above can be received only from the designee listed below.

7. The Redemption Servicing Fee, as allowed by Michigan Statue is $200.00, plus recording costs. The servicing fee is payable to Orlans Associates, P.C. and will be added to the redemption amount.

TO ORDER A REDEMPTION COMPUTATION CALL:
ORLANS ASSOCIATES, P.C., REDEMPTION DEPARTMENT
P.O. Box 5041
Troy, MI 48007-5401
248-502-1400

8. RAHI Real Estate Holdings LLC Corporation hereby appoints Orlans Associates, P.C. as its designee and pursuant to MCLA 600.3240 declares that a computation of the amount to redeem done by any other than Orlans Associates, P.C. is subject to the designee's audit of said computation and such redemption funds are subject to rejection.

9. A written, official computation of the redemption amount will be prepared by Orlans Associates, P.C., within a reasonable period of time for any and all who request such a computation.

10. Any redemption made without a written, current, computation provided by Orlans Associates, P.C. will be subject to audit and potential subsequent rejection of said funds.

11. Attention: REGISTER OF DEEDS; DO NOT accept redemption funds without a written, current redemption computation from Orlans Associates, P.C. Acceptance of funds without an Orlans Associates, P.C. computation will subject that rpdemption to an audit and potential subsequent rejection of the redemption funds.

12.  The within Sheriff's Deed will become operative at the expiration of the redemption period, September 26, 2010, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 months from the date of recording.

Further affiant sayeth not.

_____

Marshall R. Isaacs
Attorney for RAHI Real Estate Holdings LLC Corporation

Subscribed and sworn to before me this 17th day of March, 2010, by Marshall R. Isaacs Attorney for RAHI Real Estate Holdings LLC Corporation

*Cynthia M Russell*

Cynthia M. Russell, Notary Public
Macomb County Acting in Oakland County, Michigan
My Commission Expires:  9/20/2013

Drafted by and when recorded return to:            Date Dated: 03/17/10
Marshall R. Isaacs
Orlans Associates, P.C.
P.O. Box 5041
Troy, Michigan 48007-5401
(248) 502-1400        File Number:  207.6088

F

Macomb County

# EXHIBIT [10]

# STATE OF MICHIGAN

## IN THE 16TH JUDICIAL CIRCUIT COURT

Glenn M. Prentice,
     Plaintiff,
vs.

GMAC MORTGAGE, LLC  a Foreign
Corporation, RAHI REAL ESTATE HOLDINGS,
LLC, an unknown entity, REPUBLIC BANK d/b/a
HOME BANC MORTGAGE CO., THE BANK OF
NEW YORK TRUST COMPANY, NA as Trustee
For unknown Trust, JP MORGAN CHASE BANK as
Trustee for unknown Trust and JOHN DOE(S)
     Defendants.

Case Number 10-4172-CH
HON. Peter J. Maceroni

**NO ORAL ARGUMENT ALLOWED**

---

| | |
|---|---|
| Glenn Prentice/ Plaintiff Pro Per | Thomas M. Schehr (P54391) |
| Domiciled at 37655 Palmar | Matthew Mitchell (P69810) |
| Clinton Township, Michigan 48036 | Attorneys for GMAC Mortgage, LLC, Rahi |
| (586) 930-2178 | Real Estate Holdings, LLC, The Bank of New |
| | York Trust Company, as successor-in-interest |
| | to JP Morgan Chase Bank, N.A., as Trustee |
| | Dykema Gossett, PLLC |
| | 39577 Woodward Avenue, Suite 300 |
| | Bloomfield Hills, Michigan 48304 |
| | (248) 203-0700 |

---

## PLAINTIFF'S MOTION FOR RECONSIDERATION and/or RELIEF FROM JUDGMENT

Plaintiff Glenn M. Prentice, in Pro Per, brings this Motion for Reconsideration and/or

Relief from Judgment premised on new and compelling evidence. The facts presented

demonstrate a palpable error by which the Court was misled, resulting in a denial of justice and

due process to the Plaintiff. A different disposition of the prior motion(s) for reconsiderations

brought by both Plaintiff and Defendants is the sole remedy for correcting the errors.

Plaintiff brings this Motion pursuant to MCR 2.119(F)(3) or alternatively MCR

2.612(C)(1)(a) (e.g. Mistake, inadvertence, surprise, or excusable neglect); (C)(1)(b) (e.g. Newly

1

discovered evidence which by due diligence could not have been discovered in time to move for

a new trial under MCR 2.611(B)); (C)(1)(c) (e.g. Fraud (intrinsic or extrinsic), misrepresentation,

or other misconduct of an adverse party); and (C)(1)(f) (e.g. Any other reason justifying relief

from the operation of the judgment).


Respectfully submitted,


By _____

Glenn M. Prentice
Plaintiff in Pro Per

# STATE OF MICHIGAN

## IN THE 16TH JUDICIAL CIRCUIT COURT

GLENN M. PRENTICE,
     Plaintiff,

vs.

Case Number 10-4172-CH
HON. Peter J. Maceroni

GMAC MORTGAGE, LLC  a Foreign
Corporation, RAHI REAL ESTATE HOLDINGS,
LLC, an unknown entity, REPUBLIC BANK d/b/a
HOME BANC MORTGAGE CO., THE BANK OF
NEW YORK TRUST COMPANY, NA as Trustee
For unknown Trust, JP MORGAN CHASE BANK as
Trustee for unknown Trust and JOHN DOE(S)
     Defendants.

| | |
|---|---|
| Glenn Prentice/ Plaintiff Pro Per<br>Domiciled at 37655 Palmar<br>Clinton Township, Michigan 48036<br>(586) 930-2178 | Thomas M. Schehr (P54391)<br>Matthew Mitchell (P69810)<br>Attorneys for GMAC Mortgage, LLC, Rahi<br>Real Estate Holdings, LLC, The Bank of New<br>York Trust Company, as successor-in-interest<br>to JP Morgan Chase Bank, N.A., as Trustee<br>Dykema Gossett, PLLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, Michigan 48304<br>(248) 203-0700 |

## PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION and/or RELIEF FROM JUDGMENT

Plaintiff has expended considerable time reviewing this court's previous rulings, Michigan Codified Law, and Public Act 206 of 1893 as it relates to this matter. The palpable errors present in this Court's ruling of October 5, 2011 caused the litigation of this matter to continue and metastasize. Plaintiff, through attached exhibits, demonstrates the consequential errors which should not be ignored. .

Plaintiff's initial response to Defendants Motion for Summary Disposition, included a Sworn Affidavit executed by Plaintiff, Glenn M. Prentice [Ex. 1]. Plaintiff unequivocally

3

asserted the home at issue had been his primary residence since March, 1997. The affidavit also

apprised the Court of Plaintiff's Land Patent on file with the Macomb County Register of Deeds,

again asserting the home in dispute was (and remains) Plaintiff's Domicile as defined in Public

Act 206 of 1893.

There is a clear distinction in the Act between Domicile and Homestead. A person who

claims his Domicile is not subject to the Homestead Exemption or Primary Residence Exemption

(PRE). This fact alone should have forced the Defendants, by law, to have pursued Judicial

Foreclosure pursuant to M.C.L 600.3204(4). See *Mitan v Federal Home Loan Mortgage*

*Corporation*, Case No. 12-1169. The Ruling is from December 12, 2012 by the United States

Court of Appeals for the 6th Circuit. **[Ex. 2]**

### Definition of Domicile and Homestead Exemption Defined Public Act 206 of 1893

211.7a Definitions; exemption affidavit; mailing; return; notice of availability; failure to send

or receive exemption affidavit; payment to local unit required to mail exemption affidavits;

reimbursement claim for expenses.

Sec. 7a. (1) As used in this section:
  (a) "Exemption affidavit" means the form prescribed by the department of treasury upon
      which the owner certifies that the property is the homestead of the owner. The
      information which shall be required on an exemption affidavit shall include the name and
      address of the owner of the property, an identification of whether the property is an
      integral part of a larger assessment unit or of a multipurpose or multidwelling building,
      the social security numbers of the owner signing the exemption affidavit and each
      resident in the homestead with an ownership interest, an identification by address or legal
      description of the property for which the exemption affidavit is filed, and the parcel
      identification number.

  **(b) "Domicile" means a place where an individual has his or her true, fixed, and
      permanent home, to which, whenever absent therefrom, the individual intends to
      return.**

  **(c) "Homestead" means a dwelling or a unit in a multipurpose or multidwelling
      building which is subject to ad valorem taxes and which is owned and occupied as**

4

the principal domicile by the owner thereof. **When a homestead is an integral part
of a larger unit of assessment such as commercial, industrial, developmental,
residential, timber cutover, or a multipurpose or multidwelling building, the tax on
the homestead shall be the same proportion of the total property tax as the
proportion of the value of the homestead is to the total value of the assessed
property.**

### Procedural History

Plaintiff's response to Defendants initial Motion for Summary Disposition resulted in the

Court entering an Order on August 31, 2011 which held in pertinent part that Defendants had not

complied with the strict requirements of MCL 600.3205(a)(1)(c)(d). Accordingly Defendants had

unlawfully foreclosed on Plaintiff's home. On September 21, 2011 Defendants filed a Motion for

Reconsideration which utilized/argued that a July/December Board of Review Affidavit from the

Charter Township of Clinton Board **[Ex. 3]** *purportedly* demonstrated the home in question was

not Plaintiff's primary residence/Domicile (thus vitiating the Court's prior Order favoring

Plaintiff). This Court ruled in favor of Defendant's Motion by Order dated October 5, 2011 **[Ex.
4]**. [Pursuant to Court Rule no hearing was held and no reply from Plaintiff's counsel was

allowed].

Plaintiff filed several Motions for Relief regarding this ruling. Plaintiff submitted the

Affidavit of James H. Elrod who is the Assessor for the Charter Township of Clinton **[Ex. 5]**

which unassailably proved (and remains) Plaintiff's primary residence. Again, this Court denied

such evidence and confirmed its previous ruling.

Plaintiff submits this Court exceeded its boundaries by violating the powers of the State

of Michigan Treasury Department which is the only department that can remove Plaintiff's

Primary Residence/Domicile status pursuant to Public Act 206 of 1893. Exhibit 5 also included

that Plaintiff's Primary Residence status began on March 12, 1997 to current as of this filing.

Exhibit 5 also contained Plaintiff's voting record further reinforcing that the state of Michigan and the Treasury Department recognized Plaintiff's Primary Residence Exemption (PRE) status.

The July/December Board of Review Affidavit [Ex. **[Ex.3]**, clearly states "The authority for correction of the error is stated in the General Property Tax Laws of the State of Michigan 211.53b." M.C.L. 211.53b is attached in its entirety **[Ex. 6]**. Section six of the statute mandates how the correction is related to M.C.L. 211.7cc. This Court in its opinion in stated "Further, M.C.L. 211.7cc (1)-(2) provides that a principal residence is exempt from the tax levied by a local school district if the property owner claims an exemption by filing with the local tax collecting unit on or before May1 an affidavit stating that the property be owned and occupied as a principal residence." M.C.L211.7cc is attached **[Ex. 7]**. Section two begins with **"Except as otherwise provided in subsection (5)"**. Subsection (5) was not addressed in any of the Courts previous rulings.

Subsection (5) states in part " **Beginning in the 2012 tax year (Note what was done to Plaintiff was never allowable and further reinforced in a 2012 Amendment)**, subject to the payment requirement set forth in this subsection, if a land contract vendor, bank, credit union, or other lending institution owns property as a result of having foreclosed on that property and that property had been exempt under this section immediately preceding the foreclosure, that land contract vendor, bank, credit union, or other **lending institution may retain an exemption on that property under this section if that property is not occupied, is for sale, is not leased to any person other than the person who claimed the exemption under this section immediately preceding the foreclosure, and is not used for any business or commercial purpose.** It further states " A land contract vendor, bank, credit union, or other **lending institution may claim an exemption under this subsection by filing a conditional rescission**

**form prescribed by the department of treasury with the local tax collecting unit within the time period prescribed in subsection (2).** Property is eligible for a conditional rescission if that property is available for lease and all other conditions under this subsection are met. A copy of a conditional rescission form shall be forwarded to the department of treasury according to a schedule prescribed by the department of treasury. **An owner or a land contract vendor, bank, credit union, or other lending institution that <u>files a conditional rescission form shall annually verify to the assessor of the local tax collecting unit on or before December 31 that the property for which the principal residence exemption is retained is not occupied, is for sale, is not leased except as otherwise provided in this section, and is not used for any business or commercial purpose, the assessor of the local tax collecting unit shall deny the principal residence exemption on that property.</u>**

The July/December Board of Review Affidavit **[Ex. 3]** is in perfect compliance with the law and statute. The problem is that someone (Not Plaintiff) filed a fraudulent form with the State of Michigan Department of Treasury or the Local Assessor Office and it was caught and corrected. Defendants did not possess the right to claim Plaintiff's Domicile as an exemption as Plaintiff never vacated his Domicile and only owned one Domicile which is the subject of this case. This further solidifies Plaintiff's argument all along that Marshall Isaacs, of Orlans and Associates, is directly responsible for fraudulently stating that Plaintiff's property was not subject to M.C.L 600.3205 because Plaintiff's property was not his primary address as it relates to the Sheriff Sale of March 26, 2010. Further, Orlans and Associates were directly involved in the 2007 foreclosure and had full knowledge of Public Act 206 of 1893 and that Plaintiff's property was his Domicile during that litigation as well. This proves willful and malicious intent on the part of Orlans and Associates. **The Charter Township of Clinton was correct in using**

7

**Form L-4035a (3128). This form is required under M.C.L 211.53b(1) and not M.C.L.211.7cc as this Court incorrectly ruled.**

Subsection (8) states; "The department of treasury shall determine if the property is the principal residence of the owner claiming the exemption." **It does not read the Court shall decide, it reads the department of treasury.** Plaintiff has never received any notice from the State of Michigan, Department of Treasury regarding any inquiry, let alone change in the Plaintiff's Primary Residence/Domicile status. Plaintiff has now demonstrated palpable error by which the Court and the parties have been misled such that correction of the error would result in a different outcome.

Accordingly, Plaintiff respectfully requests this Court enter an Order (1) Vacating the Sheriff Sale of March 26, 2010 for violation of M.C.L. 600.3204(4) and 600.3205. (2) Expunge the Sheriff's Deed of March 26, 2010 from the Macomb County Register of Deeds (3) Establish further proceedings for Plaintiff et al to be awarded appropriate damages.

Respectfully submitted,

By _____

Glenn M. Prentice
Plaintiff in Pro Per

8

# STATE OF MICHIGAN

## IN THE 16TH JUDICIAL CIRCUIT COURT

GLENN M. PRENTICE,
     Plaintiff,

vs.

GMAC MORTGAGE, LLC  a Foreign
Corporation, RAHI REAL ESTATE HOLDINGS,
LLC, an unknown entity, REPUBLIC BANK d/b/a
HOME BANC MORTGAGE CO., THE BANK OF
NEW YORK TRUST COMPANY, NA as Trustee
For unknown Trust, JP MORGAN CHASE BANK as
Trustee for unknown Trust and JOHN DOE(S)
Defendants.

Case Number 10-4172-CH

HON. Peter J. Maceroni

---

Glenn Prentice/ Plaintiff Pro Per
Domiciled at 37655 Palmar
Clinton Township, Michigan 48036
(586) 930-2178

Thomas M. Schehr (P54391)
Matthew Mitchell (P69810)
Attorneys for GMAC Mortgage, LLC, Rahi
Real Estate Holdings, LLC, The Bank of New
York Trust Company, as successor-in-interest
to JP Morgan Chase Bank, N.A., as Trustee
Dykema Gossett, PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
(248) 203-0700

---

## PROOF OF SERVICE

Please take Notice that Plaintiff's Motion for Reconsideration and/or Relief from Judgment
was served upon Defendant's Counsel at his office located at 39577 Woodward Avenue, Suite
300, Bloomfield Hills, Michigan 48304 via first class mail by Plaintiff on January 22, 2013.

Respectfully submitted,

By _____
Glenn M. Prentice
Plaintiff in Pro Per

9