# EXHIBIT [1]



# STATE OF MICHIGAN

## IN THE 16TH JUDICIAL CIRCUIT COURT

Glenn M Prentice

    Plaintiff,

vs.

    Case Number 10-4172 CH

    HON. Peter J. Maceroni

GMAC MORTGAGE, LLC a Foreign Corporation, RAHI REAL ESTATE HOLDINGS, LLC, an unknown entity, REPUBLIC BANK d/b/a HOME BANC MORTGAGE CO., THE BANK OF NEW YORK TRUST COMPANY, NA as Trustee For unknown Trust, JP MORGAN CHASE BANK as Trustee for unknown Trust and JOHN DOE(S)

    Defendants.

| | |
|---|---|
| Douglas A. McKinney (P35430) <br> Attorney forPlaintiff <br> 575 E. Big Beaver Rd, Suite 140 <br> Troy, Michigan 48083 <br> (248)526-5220 <br> dmckinney@lawmckinney.com | Thomas M. Schehr (P54391) <br> Matthew Mitchell (P69810) <br> Attorneys for GMAC Mortgage, LLC, Rahi <br> Real Estate Holdings, LLC, the Bank of New <br> to JP Morgan Chase Bank, N.A., as Trustee <br> Dykema Gossett, PLLC <br> 39577 Woodward Avenue, Suite 300 <br> Bloomfield Hills, Michigan 48304 <br> (248) 203-0700 |

## Affidavit of Glenn M. Prentice

I, Glenn M. Prentice, being first duly sworn depose and state the following:

1. That I am Glenn M. Prentice.
2. I have resided at 37655 Palmar, Clinton Township, Macomb County, Michigan since March 14, 1997 and this property has been my principal and primary residence since that time.
3. I have never received any correspondence from Rahi Real Estate Holdings, LLC.
4. I have specifically never received any notice from Rahi Real Estate Holdings, LLC advising me that they were entitled to receive payments on a promissory note formerly given to Republic Bank.
5. I have specifically never received any notice from Rahi Real Estate Holdings, LLC that I could request a meeting regarding a loan modification upon my residence.
6. That I never received notice that Rahi Real Estate Holdings, LLC was servicing my loan originally given to Republic Bank.
7. That had I received a proposal to have a loan modification meeting I would have requested the same. .

8.  That I have not in the past received a modification of any loan originally with Republic Bank or any other party.

9.  That the status of my home has been in dispute for a number of years and with the exception of Rahi Real Estate Holding, LLC all other named Defendants in this cause were aware or should have been aware of this dispute.

10. Had there been an opportunity to conduct a loan modification meeting I believe that I would have been able to establish compliance with the standard for a loan modification

11. These disputes include but are not limited to the following:

   a.  Defendants have been warned about the Sherman Clayton Act, due process.

   b.  Whether Defendants and Orlans and Associates have violated petitioner's Right's, Privileges and Immunities under the land-patent, land-grant, Certificate No. 1593. This land patent has been of record in the Macomb County Register of Deeds in excess of nine years undisputed.

   c.  Those Defendants have consistently violated Plaintiffs Fifth and Fourteenth Amendment Rights as protected by the Constitution of the United States.

   d.  That Plaintiff has never had a trial by a jury of his peers in over four years of litigation.

   e.  That this current litigation is intrinsically linked and needs to be adjoined to the previous action in the Honorable Judge Maceroni's court room from 2007.

   f.  Plaintiff has previously filed his Application, Complaint, Petition for Writ of Habeas Corpus HABETO TIBI REES TUAS alleging his property Rights, Immunities and Privileges were violated under the land-patent with his due-process and equal protection Rights pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

   g.  That as a matter of law, the Habendum Clause must be part of a valid mortgage in order to be an effective and binding mortgage. Defendants have never disputed this fact, hence the mortgage is void.

   h.  Fraudulent conveyances of Plaintiffs property are part of the record of this Honorable Court. The chain of title is broken because of Fraud by the Defendants. The Note is no longer effective as such and a Grand Jury Investigation is required to determine who of the Defendants should be indicted for their crimes under RICCO.

   i.  That Glenn M. Prentice has been violated and that Defendants are in direct violation to Title 42 section 1981 and 1983. Plaintiff should be awarded such remedies as stated in 42CFR.

   j.  A verified complaint was filed in the District Court for the Eastern District of Michigan on February 8, 2008, case # 2:08:CV-10610 at pg 60. Plaintiff here after incorporates all of the pleadings filed in this action that remain undecided and that only a jury of my peers can decide these questions of law.

   k.  An assignment of Claim to Douglas Dwight Bennett was made approximately February, 2008.

12. I am aware of the foregoing of my own knowledge and am ready, willing and able to testify to the same in open court.

Glenn M. Prentice

Subscribed and sworn before me
This _814_ day of August, 2011

_____
Notary Public
My commission expires: _5·23·2012_

**AMIR S. EISHO**
Notary Public - Michigan
Macomb County
My Commission Expires _8·23·2012_

# EXHIBIT [2]

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 12a0415p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

KEITH J. MITAN, as Personal Representative
of Estate of Frank J. Mitan,

        *Plaintiff-Appellant,*

    *v.*

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

        *Defendant-Appellee.*

No. 12-1169

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:10-cv-13286—Bernard A. Friedman, District Judge.

Decided and Filed: December 12, 2012[*]

Before: MERRITT, MARTIN, and GILMAN, Circuit Judges.

---

### COUNSEL

---

**ON BRIEF:** Jeffrey T. Goudie, ORLANS ASSOCIATES, P.C., Troy, Michigan, for
Appellee.  Keith J. Mitan, West Bloomfield, Michigan, pro se.

---

### OPINION

---

    BOYCE F. MARTIN, JR., Circuit Judge.  Keith Mitan, a Michigan resident
proceeding pro se, appeals the district court's dismissal of his civil complaint and grant
of summary judgment to the defendant-appellee.  For the reasons discussed below, the
district court's judgment is reversed and the case remanded.

---

[*] This decision was originally issued as an "unpublished decision" filed on December 12, 2012.
The court has now designated the opinion as one recommended for full-text publication.

Wells Fargo Home Mortgage foreclosed by advertisement the home of Frank J. Mitan. Frank is deceased and Keith Mitan is the personal representative of his estate. Federal Home Loan Mortgage Corporation purchased the foreclosed home at a sheriff's sale on February 2, 2010, and the redemption period expired six months later. Two weeks prior to that expiration, Mitan filed a complaint in a Michigan state court, naming Freddie Mac as the defendant, and Freddie Mac removed the proceedings to the United States District Court for the Eastern District of Michigan pursuant to 12 U.S.C. § 1452(f). In his complaint, Mitan alleged that the foreclosure by advertisement was contrary to Michigan law, and he sought a jury trial, monetary damages, to quiet the property's title, and fees and costs. Freddie Mac moved for summary judgment in response.

The magistrate judge issued a report and recommendation finding that Freddie Mac's motion should be granted because Mitan did not have standing to sue, as his interest and title in the property were extinguished at the end of the redemption period. The district court initially adopted the report under the mistaken belief that Mitan had not filed any objections. Mitan then filed a motion under Federal Rule of Civil Procedure 60 for relief from the judgment, reconsideration, or rehearing. The district court concluded that Mitan timely filed his objections, but that the complaint was still meritless for the reasons set out in the report; accordingly, the court denied Mitan's motion and granted Freddie Mac's motion for summary judgment.

On appeal, Mitan argues that: (1) the district court erred in failing to review *de novo* the portions of the report that Mitan objected to; and (2) he has standing to sue.

We review *de novo* a ruling on a motion for summary judgment, viewing the facts and reasonable inferences drawn therefrom in the nonmovant's favor. *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476 (6th Cir. 2010). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

After foreclosure of a residential mortgage in Michigan, the former owner generally has a redemption period in which to redeem the property by paying the applicable amount, and the filing of a lawsuit during the redemption period does not toll the expiration of that period. *See, e.g.*, *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (unpubl.). After the expiration of that period, the former owner's rights are terminated. *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942); *Mission of Love v. Evangelist Hutchinson Ministries*, No. 266219, 2007 WL 1094424, at *4-5 (Mich. Ct. App. Apr. 12, 2007) (unpubl.). Mitan does not contest that he filed suit two weeks before the expiration of the redemption period, or that his suit did not extend the deadline. Instead, he argues the property at issue was foreclosed without statutory authority and thus that the foreclosure was void *ab initio*. *See, e.g.*, *Davenport v. HSBC Bank USA*, 739 N.W.2d 383, 385 (Mich. Ct. App. 2007). To assess Mitan's argument, it is necessary to explain in some detail Michigan's statutory scheme for loan modification, which limits the circumstances in which a lender may foreclose by advertisement. The law came into effect in 2009 and applies to the mortgage at issue here.[1]

When a lender wishes to foreclose by advertisement on a borrower's principal residence, it must provide the borrower with a notice designating a person whom the borrower may contact to negotiate a loan modification. Mich. Comp. Laws § 600.3205a(1). If the borrower requests negotiation within the prescribed time period, the lender's designated person may request from the borrower certain documents. *Id.* § 600.3205b(2). If negotiations fail, the designated person is still required to apply statutory calculations to determine whether the borrower qualifies for a loan modification. *Id.* § 600.3205c(1). If the borrower qualifies, the lender may not foreclose by advertisement unless the designated person offers the borrower a loan-modification agreement that the borrower fails to return within fourteen days of receipt. *Id.* §§ 600.3205c(6)-(7). When the lender does not adhere to these provisions, the law

---

[1] All statutory citations below refer to the version of the law in effect on February 2, 2010, the date of the foreclosure sale. There have been some amendments to the law since that date, none of which affects our analysis.

provides the borrower a cause of action to convert the foreclosure by advertisement to a judicial foreclosure. *Id.* § 600.3205c(8). The law also affirmatively prohibits foreclosure by advertisement in certain circumstances. These include situations where the designated person has not negotiated with the borrower as requested, where the parties have independently agreed to a loan modification, and where the statutory calculations show that the borrower qualifies for a loan modification. *Id.* §§ 600.3204(4)(d)-(f).

The facts of Mitan's case as applied to these statutory requirements are in some dispute. On August 6, 2009, Wells Fargo, via its law firm, sent Frank the required notice naming the law firm as the designated contact person. Frank responded to the law firm in a timely fashion and requested negotiation. The law firm requested documents from Frank. From here, the factual record becomes muddled. Frank apparently never returned the documents to the law firm. Instead, he wrote the law firm stating that he returned the documents directly to Wells Fargo at Wells Fargo's request. Frank later wrote the law firm stating that Wells Fargo had pre-approved him for a loan modification. However, there is a letter in the record from Wells Fargo stating that it would not adjust the terms of the mortgage because Frank had not provided enough information.

The district court might have noted these facts had it performed a proper *de novo* review of Mitan's objections to the magistrate judge's report and recommendation, as required by 28 U.S.C. § 636(b)(1). Instead, before becoming aware that Mitan had objected, the district court judge filed a one-paragraph order accepting the magistrate judge's report. Realizing his error, the judge issued a new order stating he had "reviewed plaintiff's objections" but noting only summarily that Mitan had no standing to sue once the redemption period expired. This order does not contain an explanation of the district court's reasons or otherwise evidence *de novo* consideration of Mitan's objections. Plenary review would have shown that the question of standing under Michigan law is more complicated than the magistrate judge believed.

As a general rule, Michigan law does not permit property owners to make claims related to foreclosed property after expiration of the redemption period. *See Piotrowski*, 4 N.W.2d at 517; *Overton*, 2009 WL 1507342, at *1. Mitan claims that this rule is not applicable here. Because the foreclosure by advertisement violated Mich. Comp. Laws § 600.3204(4)(f), he argues, it was void and the redemption period never began. We agree with Mitan's interpretation of the law.

Michigan law distinguishes between foreclosures with notice defects and those with "structural defect[s] that go[] to the very heart of defendant's ability to foreclose by advertisement in the first instance." *Davenport*, 739 N.W.2d at 384. Notice defects render a foreclosure voidable. *Jackson Inv. Corp. v. Pittsfield Prods., Inc.*, 413 N.W.2d 99, 101 (Mich. Ct. App. 1987). Structural defects, on the other hand, render the foreclosure absolutely void. *Davenport*, 739 N.W.2d at 385. In *Davenport*, for instance, the defendant bank had no statutory authority to foreclose because it did not own an interest in the mortgage when it published its first notice of foreclosure, as required by Mich. Comp. Laws § 600.3204(1)(d). Similarly, Mich. Comp. Laws § 600.3204(4) is a statutory prohibition on foreclosure by advertisement where a lender does not take the required steps to negotiate a loan modification. Although one of the required steps is to provide notice, *see* Mich. Comp. Laws § 600.3204(4)(a), the failure to comply with the loan-modification process as outlined in the statute is a structural defect because it deprives the borrower of the opportunity to demonstrate eligibility for a loan modification that would avoid foreclosure altogether. *See id.* § 600.3204(4)(f). In contrast, the notice defect at issue in *Jackson* did not call into question the underlying right of the lender to foreclose once past the procedural defect. *See* 413 N.W.2d at 101. It follows that, as a matter of Michigan law, a lender that fails to follow the loan-modification procedures set forth by the statute has engendered a structural defect and is thus without authority to commence a foreclosure. Without a valid foreclosure, the redemption period has not begun, and the owner of the property retains an interest conferring standing to sue.

The remaining question is factual. Did Wells Fargo, in this particular case, foreclose on the property in violation of the loan-modification law? On this record, we are unable to tell. Mitan alleges that Frank returned the necessary paperwork to Wells Fargo, that Wells Fargo had approved a loan modification, and that Frank qualified for a loan modification under the statutory calculations. Portions of the record bring these points into dispute. Besides this, it is altogether unclear why Wells Fargo's designated agent did not have access to communications that Frank may have sent directly to Wells Fargo. It is also unclear whether Wells Fargo or its agent ever attempted to make the calculation required under Mich. Comp. Laws § 600.3205c(1). If further factual development shows that Wells Fargo did not comply with the loan-modification law, then Mitan has standing and may pursue the merits of his claim.

In sum, the district court erred when it held that Mitan lacked standing because the redemption period had expired. If Wells Fargo violated the loan-modification law, then the redemption period never began. On remand, the district court should make factual findings to determine whether Wells Fargo assessed Frank's eligibility for a loan modification as required by statute.

The judgment of the district court is reversed, and the case is remanded for further proceedings.

# EXHIBIT [3]

## July/December Board of Review Affidavit

*Issued under authority of P.A. 206 of 1893. Filing is mandatory.*

Assessment Year: **2010**

Petition #: **JB10-2063**

It has been brought to the attention of the assessor that a clerical error or mutual mistake of fact or other specific errors relative to the correct assessment have been made in the assessment of property which is within your collecting jurisdiction. The authority for correction of this error is stated in the General Property Tax Laws of the State of Michigan, 211.53b, OR the taxpayer has requested a poverty exemption under 211.7u. OR the taxpayer has requested a Qualified Agricultural Property Exemption for the current year, which has been denied by the assessor OR the taxpayer has requested a Homeowner's Principal Residence Exemption that was not on the tax roll for the current year and/or the previous year which has not been previously denied by the assessor OR the taxpayer has requested a Homeowner's Principal Residence Exemption that was not on the assessment roll the current year and/or the three (3) previous years but was not denied by the assessor, the County or the Department of Treasury OR the assessor has determined that a taxable value uncapping should be reviewed as provided by MCL 211.27a(4)

Form L-4035a (3128) must be completed by the Board of Review and made a part of the Board of Review records whenever a change is made to an individual parcel of property which causes a change in Taxable Value.

The Board of Review is required to file an affidavit within 30 days with the proper officials to have all affected official records corrected. (MCL 211.53b (1).

Distribute copies of this form to: the Taxpayer, the County Treasurer, the County Equalization Department and the State Tax Commission, and the treasurers of all other affected taxing authorities.

### PART A: IDENTIFICATION

| Owner | |
|---|---|
| PRENTICE, GLENN + JACQUELINE | Parcel Number 16-11-20-303-029 |
| Street Address 37655 PALMAR | Property Type 401 |
| City CLINTON TOWNSHIP | State MI | ZIP Code 48036 | School 50080 (16) |
| Property Address 37655 PALMAR | Class 401 |

### PART B: ADJUSTMENTS

| Item or Taxing Authority | Note | Original | Adjusted | Difference |
|---|---|---|---|---|
| 16-11-20-303-029 | | | | |
| Assessed Value | JBOR | 84,800 | 84,800 | 0 |
| Taxable Value | 07/20/10 | 84,800 | 84,800 | 0 |
| P.R.E. | | 0 % | 100 % | 100 % |
| | | | | |
| | | | | |
| TOTALS | | | | |

Reason/Justification for change (see State Tax Commission Bulletin regarding appeal procedures):

- [ ] Poverty Exemption
- [✓] Homeowner's Principal Residence Exemption
- [ ] Qualified Agricultural Exemption
- [ ] Clerical Error including the Reversal of a Taxable Value Uncapping
- [ ] Mutual Mistake of Fact

Reason for change:

**HOMEOWNER'S PRE CHANGED TO 100% FOR 2010.**

### PART C: CERTIFICATION, BOARD OF REVIEW MEMBERS

We, the undersigned members of ___CLINTON TOWNSHIP___ Board of Review, swear or affirm the above information is, to the best of our knowledge, true.

| Signature | Date |
|---|---|
| | 7/20/2010 |
| | 7/20/2010 |
| | 7/20/2010 |

NOTE: Please supply a copy of the completed form to all affected Taxing Authorities.

# EXHIBIT [4]

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF MACOMB

_____ PRENTICE

Plaintiff,

Case No. 2010-____-___

GMAC MORTGAGE, LLC, a Foreign
Limited Liability Company, RAHI REAL
ESTATE HOLDINGS LLC, an unknown entity
not authorized to conduct business in Michigan,
REPUBLIC BANK, d/b/a HOME BANC MORTGAGE
CO., THE BANK OF NEW YORK TRUST COMPANY,
NA as Trustee for unknown Trust, JP MORGAN CHASE
BANK as trustee for unknown Trust and JOHN DOE(S),
jointly and severally,

Defendants.

_____/

## OPINION AND ORDER

This matter is before the Court on defendants' motion for partial reconsideration of the August 31, 2011 *Opinion and Order* pursuant to MCR 2.119(F).

I.

The subject decision denied defendants' motion for summary disposition as to the portion of count I of the complaint alleging a violation of the foreclosure by advertisement statute. However, the decision granted defendants' motion as to the remainder of count I, as well as the entirety of count II. Defendants presently argue that all of the allegations against them should have been dismissed. In particular, they contend that the written notice requirement under MCL 600.3205a did not apply since the property had not been tax exempt as a principal residence at the time of the foreclosure sale.

II

A motion for reconsideration under MCR 2.119(F) is not to be granted unless the motion is filed no later than 21 days after the challenged decision and the movant demonstrates a palpable error by which the Court and the parties have been misled such that a different disposition must result from the correction of the error. Further, a motion for reconsideration which merely presents the same issues that were already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. MCR 2.119(F)(3). The decision to grant or deny a motion for reconsideration is reviewed on appeal for an abuse of discretion. *People v Walters*, 266 Mich App 341, 350; 700 NW2d 424 (2005).

III.

At the outset, the Court is persuaded that it would be in the interest of justice to grant reconsideration pursuant to MCR 2.119(F). On reconsideration, MCL 600.3205a(1) provides that:

> ...before proceeding with a sale under this chapter of property claimed as a **principal residence exempt from tax** under section 7cc of the general property tax act, 1893 PA 206, MCL 211.7cc, the foreclosing party shall serve a written notice on the borrower that contains all of the following information: [emphasis added]

Pursuant to MCL 600.3205a(1)(a)-(h), such information includes, but is not limited to, the reasons the mortgage loan is in default and the amount due and owing, the contact information for the mortgage holder/servicer, the designation of an individual who is authorized to make a loan modification agreement, and a list of approved housing counselors. Further, MCL 211.7cc(1)-(2) provides that a principal residence is exempt from the tax levied by a local school district if the property owner claims an exemption by filing with the local tax collecting unit on

2

... and affidavit stating that the property is owned and occupied as a principal residence.

Defendant's exhibit G shows that the Clinton Township Board of Review granted plaintiff a principal residence exemption on July 20, 2010. Accordingly, the property did not have such status until *after* the March 26, 2010 foreclosure sale had occurred. Consequently, the provisions under MCL 600.3205a *et seq.* were not applicable to the foreclosure proceedings. It therefore follows that defendants are entitled to summary disposition under MCR 2.116(C)(10) as to the portion of count I that has not already been dismissed. *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999).

IV.

Based on the foregoing, it is hereby

ORDERED Defendants' motion for partial reconsideration of the August 31, 2011 *Opinion and Order* is GRANTED under MCR 2.119(F).

On reconsideration, defendants' motion for summary disposition is GRANTED pursuant to MCR 2.116(C)(10) as to the portion of count I of the complaint that was not already dismissed in the August 31, 2011 *Opinion and Order*.

This decision resolves the last pending issue and closes the case. MCR 2.602(A)(3).

SO ORDERED.

DATED    OCT    5 2011

cc:    Douglas McKinney
       Thomas Schehr

Peter J. Maceroni,
Circuit Judge

3

Glenn Pr

CASE # 10-4172-CH
Part 2 of 2

# EXHIBIT [5]

# Township of Clinton



**OFFICERS:**
Robert J. Cannon
Supervisor
George Fitzgerald
Clerk
William J. Sowerby
Treasurer

**TRUSTEES:**
Ernest O. Hornung
Kenneth Pearl
Dean J. Reynolds
Jennifer "Joie" West

**DEPARTMENT OF ASSESSING**

**ASSESSOR**
James H. Elrod

STATE OF MICHIGAN )
                  ) SS
COUNTY OF MACOMB )

### AFFIDAVIT

I, James H. Elrod, duly appointed Assessor for the Charter Township of Clinton, County of Macomb, State of Michigan, do hereby certify that the Assessment Roll and Tax Roll of the aforementioned Township contain the following legal description:

Moravian Woods Subdivision, Lot 1 & ... (balance of legal description is attached)

Parcel number: 16-11-20-303-029

Address:    37655 Palmar
            Clinton Township MI 48036

I further certify the following regarding the Principal Residence Exemption (PRE):

The Principal Residence Exemption was removed by this office with the Sheriff's Deed dated 1/12/07. Starting in 2008, the record stated a PRE of 0% However, on 2/17/2010 this Sheriff's Deed was expunged. The Assessing Department acknowledged that the PRE must be corrected to 100% which indicates continuous ownership and occupancy. However, the only legal avenue to do this is at the July Board of Review in July 2010. Therefore, on July 20, 2010 the record was corrected to show 100% PRE for 2010. Further, at the time of the 3/26/10 Sheriff's Deed, the Assessing Department recognizes Glenn & Jacqueline Prentice's claim of primary residence.

JAMES H. ELROD, MMAO
Assessor

Subscribed and sworn to before me on this
8th day of February, 2012.

Eileen Joan Danas
Notary Public, Acting in Macomb County, Michigan
My Commission Expires: 6/17/2012

**CIVIC CENTER**
40700 Romeo Plank Road
Clinton Twp., MI 48038-2900
Phone: (586) 286-9468
Fax: (586) 286-9390

# Township
## of Clinton



OFFICERS:
Robert J. Cannon
Supervisor
George Fitzgerald
Clerk
William J. Sowerby
Treasurer

TRUSTEES:
Ernest O. Hornung
Kenneth Pearl
Dean J. Reynolds
Jenifer "Joie" West

DEPARTMENT OF
ASSESSING

ASSESSOR
James H. Elrod

Legal description

MORAVIAN WOODS SUB N
LOT 1 & A PARCEL OF ADJACENT LAND DESC AS FOLLOWS
COMM AT SW COR SEC 20; TH N 01 DEG 29' W 2067.78 FT;
ALG W SEC LINE;TH N 77 DEG 18' E 383.05 FT & N 83 DEG 28' 30" E
41.26 FT ALG C/L MILLAR RD; TH 86 FT WIDE TO POB; TH N 83 DEG
28' 30" E 36.05 FT ALG SD C/L; TH S 02 DEG 30' E 190.47 FT; TH S 83
DEG 28' 30" W 36.05 FT; TH N 02 DEG 30' W 190.47 FT TO POB.
CONTAINING 0.16 AC. AS RECORDED IN L 54, P 17 OF PLATS,
LOTS 1 TO 25 IN SECTION 20.

CHANGE HISTORY FOR

GLENN M PRENTICE

37655 PALMAR ST, CLINTON TOWNSHIP MI 48035

| Description | Date / Time | User Code |
|---|---|---|
| HISTORY STARTED WITH A REG. DATE OF 03/12/1997 FOR GLENN M PRENTICE OF 37655 PALMAR ST, CLINTON TOWNSHIP MI 48036 (CLINTON TOWNSHIP) WITH A STATUS OF ACTIVE | 01/12/993 9:41:59 PM | STATE |

| Total | 1 |
|---|---|

VOTING RECORD FOR

GLENS (2) PRECT 22

37055 PAL MAR ST, CLINTON TOWNSHIP MI 48036

| Election ID | Election Type | AV | User Code |
|---|---|---|---|
| 11/06/2012 | | N | ADMIN@16520 |
| 08/23/2010 | | N | ADMIN@16520 |
| 11/04/2008 | | N | JANINE@16520 |
| 08/05/2008 | | N | PATTY@16520 |
| 11/07/2006 | | N | JANINE@16520 |
| 08/08/2006 | | N | PATTY@16520 |
| 05/03/2005 | | N | MACOMBCOUNTY@50 |
| 11/02/2004 | | N | PATTY@16520 |
| 08/03/2004 | | N | PATTY@16520 |
| 11/07/2003 | | N | JUDI |
| 05/04/1996 | | N | ADMIN |

Total    11