MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF STATUS REPORT IN CONNECTION WITH
STATUS CONFERENCE HELD ON NOVEMBER 4, 2013 AT 2:00 P.M. (ET)**

**PLEASE TAKE NOTICE** that Court held a status conference regarding responses to the Revised Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 4819] on November 4, 2013 at 2:00 p.m. (prevailing Eastern Time) (the "Conference") before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501. Attached hereto as Exhibit 1 is a copy of the status report that was provided to the Court at the Conference.

ny-1116183

Dated: November 5, 2013　　　　　　　　　Respectfully submitted,
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　/s/ Gary S. Lee
　　　　　　　　　　　　　　　　　　　　Gary S. Lee
　　　　　　　　　　　　　　　　　　　　Lorenzo Marinuzzi
　　　　　　　　　　　　　　　　　　　　Erica J. Richards
　　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　New York, New York 10104
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and*
　　　　　　　　　　　　　　　　　　　　*Debtors in Possession*

ny-1116183

# **Exhibit 1**

ny-1116183

*In re Residential Capital, LLC, et al., 12-12020 (MG)*
*November 4, 2013 Status Conference*

As set forth in the Plan, the proposed Global Settlement resolves billions of dollars of claims asserted by the Consenting Claimants against the Debtors and Ally, and avoids costly and protracted litigation of significant inter-Debtor, Debtor-creditor, and intercreditor issues.  In addition to those claims settled through the Global Settlement, the Plan Proponents have settled numerous other claims and resolved issues raised by parties-in-interest in these Chapter 11 Cases, and continue to negotiate with the few remaining objecting parties.  As a result of the Plan Proponents' efforts, the proposed chapter 11 plan has overwhelming support from the vast majority of creditors.

Set forth below is a summary of the resolutions of plan-related objections (both formal and informal) filed with respect to the Plan Support Agreement, the Disclosure Statement, and the Plan, followed by a summary of the remaining unresolved objections to confirmation.

### A. Resolved Objections Regarding Plan Issues Filed in Connection with the Plan Support Agreement, Disclosure Statement, and Plan

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| *Monoline Claimants* | | | | |
| 4009; 4535; 5407 | Ambac Assurance Corp. ("**Ambac**") | • PSA<br>• Disclosure Statement<br>• Plan | • Ambac filed an objection to the PSA asserting that it lacked sufficient information regarding treatment of its claims and reserved its rights to object to any plan and disclosure statement.<br>• Ambac filed a reservation of rights with respect to the Plan and Disclosure Statement.<br>• Ambac reserves its rights in connection with the Bankruptcy Court's jurisdiction to adjudicate any post-confirmation disputes within the scope of the Monoline Reservation. | • Resolved through settlement of Monoline Claims under the Plan. |
| 4025; 4594 | Assured Guaranty Municipal Corp. ("**Assured**") | • PSA<br>• Disclosure Statement<br>• Plan | • Assured filed an objection to the PSA asserting that (i) it did not have sufficient information regarding the treatment of its claims and, therefore, was not supporting the Plan Support Agreement at that time, and (ii) certain of the terms of the reservation of rights of the Debtors, Ally, and the RMBS Trusts with respect to the Monoline Insurers (other than FGIC) suggested rights that do not exist under the relevant insurance policies.<br>• Assured filed a reservation of rights with respect to the Disclosure Statement. | • Resolved through settlement of Monoline Claims under the Plan. |

ny-1116073

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| 5418 | Syncora | • Plan | • The Plan's proposed exculpation of the RMBS Trustees for Insured RMBS Trusts without consideration is improper and should be stricken.<br>• The Plan improperly prohibits the distribution of assets to Monolines in contravention of contractual provisions in agreements to which no Debtor is a party.<br>• The payment of attorneys' fees to counsel for RMBS trustees should be subject to a requirement that the Court find the Allowed Fee Claim to be reasonable. | • The Parties have reached an agreement in principle and plan to file a stipulation that settles the amount and treatment of Syncora's claims and resolves Syncora's plan objection prior to the Confirmation Hearing. |
| *Borrower Claimants* | | | | |
| 4007; 4578 | Landon Rothstein, *et. al.* (the "**Rothstein Plaintiffs**") | • Plan Support Agreement | • Rothstein Plaintiffs filed an objection to the PSA asserting that the anticipated Plan (i) did not provide sufficient funding for the *Rothstein* putative class action Plaintiffs to share in and (ii) proposed "improper third-party releases." | • Parties have resolved this objection under terms of a settlement of putative class claim that has been agreed to in principle and for which documentation is currently being finalized. |
| 5457 | RESPA Plaintiffs | • Plan | • Reservation of rights in the event a settlement is not timely executed/implemented. | • The Plan Proponents expect that the settlement will be timely executed/implemented. |
| *Securities Claimants* | | | | |
| 4020 | National Credit Union Administration Board ("**NCUAB**") | • Plan Support Agreement | • NCUAB filed an objection to the PSA asserting that NCUAB's claims fit within the Supplemental Term Sheet's definition of Private Securities Claims and should share in the assets of the Private Securities Claim Trust. | • Resolved through proposed settlement agreement regarding treatment of claims, filed at Docket No. 5535. |

2

ny-1116073

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| 4033 | Huntington Bancshares, Inc. ("**Huntington**") | • Plan Support Agreement | • Huntington filed an objection to the PSA objecting to any provision in an upcoming plan that would stay its pending appeal. | • Resolved through settlement of Private Securities Claims under the Plan. |
| 4034 | Federal Home Loan Banks of Chicago, Boston, and Indianapolis ("**FHLBs**") | • Plan Support Agreement | • FHLBs filed an objection to the PSA asserting that the third-party releases are inappropriate because the Court only has jurisdiction to enjoin non-debtor claims that directly affect the res of the bankruptcy estate, which is not implicated by the claims being released against Ally. | • Resolved through settlement of Private Securities Claims under the Plan. |
| 4602 | AIG Asset Management (U.S.), LLC, Allstate Insurance Company, Massachusetts Mutual Life Insurance Company, and Prudential Insurance Company of America (the "**Investors**") | • Disclosure Statement | • The Investors filed a reservation of rights in connection with the Disclosure Statement reserving rights with respect to "judgment reduction" provision contained in the Plan and Disclosure Statement. | • Resolved through settlement of Private Securities Claims under the Plan. |
| 4605 | Union Central Life Insurance Company, Ameritas Life Insurance Corp., and Acacia Life Insurance Company (the "**Union Central Parties**") | • Disclosure Statement | • The Union Central Parties filed a reservation of rights in connection with the Disclosure Statement reserving rights with respect to the "judgment reduction" provision contained in the Plan and Disclosure Statement and any future "judgment reduction provision" contained in any subsequent plans and disclosure statements. | • Resolved through amendments to judgment reduction language under the Plan. |
| 4606 | Cambridge Place Investment Management Inc. ("**CPIM**") | • Disclosure Statement | • CPIM filed a reservation of rights in connection with the Disclosure Statement reserving rights with respect to the "judgment reduction" provision contained in the Plan and Disclosure Statement and any future "judgment reduction provision" contained in any subsequent plans and disclosure statements. | • Resolved through amendments to judgment reduction language under the Plan and settlement of Private Securities Claims under the Plan. |

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| 4604 | New Jersey Carpenters Health Fund ("**NJ Carpenters**") | • Disclosure Statement | • NJ Carpenters filed a reservation of rights in connection with the Disclosure Statement reserving rights with respect to the "judgment reduction" provision contained in the Plan and Disclosure Statement and any future "judgment reduction provision" contained in any subsequent plans and disclosure statements. | • Resolved through amendments to judgment reduction language under the Plan. |
| *Governmental Entities* | | | | |
| 4026; 4587; 5405; 4536 | Federal Housing Finance Agency ("**FHFA**") as Conservator for Federal Home Loan Mortgage Corporation ("**Freddie Mac**") and Freddie Mac on its own behalf | • PSA<br>• Disclosure Statement<br>• Plan | • Freddie Mac filed a joinder to the reservation of rights filed by Monarch and Stonehill in connection with the PSA.<br>• FHFA filed an objection to the Disclosure Statement asserting the Plan is unconfirmable because FHFA is not entitled to vote on the Plan.<br>• FHFA also filed an objection to the Plan on the grounds that:<br>  • The Plan unfairly discriminates against FHFA under section 1129(b)(1).<br>  • The Plan does not satisfy the best interests test under section 1129(a)(7).<br>  • The Plan violates HERA because it fails to recognize FHFA's priority recovery status.<br>• The Plan was not proposed in good faith because (i) it fails to recognize FHFA's entitlements to recovery and its claim for priority position under HERA, and (ii) FHFA was not involved in the Plan negotiations.Freddie Mac also filed an objection to the Plan on the grounds that:<br>  • The Bankruptcy Court lacks jurisdiction to approve the Third Party Releases.<br>  • The Debtors cannot show that the Metromedia requirement that a substantial contribution have been provided by a party receiving third party releases has been met with respect to Freddie Mac because no part of the AFI monetary settlement contribution will be used to satisfy Freddie Mac's claims against the Debtors, which were resolved through a separate stipulation in connection with the Debtors' servicing transfer to Ocwen.<br>  • In the alternative, the Plan should be revised to give Freddie Mac a carve-out from the Third Party Releases similar to the one provided to Fannie Mae. | • Resolved under a settlement with AFI regarding the treatment of their claims, as reflected in an amendment to third party releases under the Plan. |

4

ny-1116073

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| 4035 | United States of America | • Plan Support Agreement | • The United States filed a reservation of rights in connection with the PSA reserving rights with respect to the releases of Ally and its affiliates to the extent such releases would absolve Ally of liability under the DOJ/AG Settlement should the Debtors fail to comply fully with their obligations under such Settlement. | • Parties are currently in settlement discussions and anticipate that the objection will be resolved prior to confirmation except to the extent noted below. |
| 5415 | States' Objection | • Plan | • The Plan injunctions are overly broad because they improperly seek to enjoin future actions by the Objecting States to enforce nonmonetary provisions in the DOJ/AG Consent Judgment.<br>• The Third Party Release and Ally Release are overly broad because they would release enforcement actions by the Governmental Plaintiffs, as well as potentially other enforcement actions against non-Debtors.<br>• The anti-setoff language in Article IX.H of the Plan should be stricken to the extent it exceeds the scope of section 553.<br>• The Plan is inequitable to the extent it imposes releases on States that are not entitled to vote on the Plan.<br>• The Plan should be amended to allow Governmental Plaintiffs to amend their proofs of claims for a minimum of 60 days after the Effective Date.<br>• Article IV.Q of the Plan should be amended to delete "sales" and "use" taxes from the section 1146(a) exception. | • The Plan Proponents anticipate that this objection will be consensually resolved prior to the confirmation hearing in connection with the partial resolution of the DOJ's informal objection. |
| 4387 | Nassau County Treasurer ("**Nassau**") | • Disclosure Statement | • Nassau filed an objection to the Disclosure Statement asserting that (i) the Disclosure Statement lacked adequate information, and (ii) the Plan is unconfirmable as it fails to recognize or account for the Nassau's secured claim. | • Resolved through settlement of Nassau County Treasurer's claim prior to DS hearing. |

5

| <u>D.I.</u> | <u>Responding Party</u> | <u>Relevant Pleading</u> | <u>Objection/Response</u> | <u>Status</u> |
|---|---|---|---|---|
| 4462; 5408; 5440 | San Bernardino Taxing Authority ("**San Bernardino**") | • Disclosure Statement | • San Bernardino filed an objection to the Disclosure Statement asserting that Plan is unconfirmable because it fails to include an adequate description of how pre- and post-petition property tax claims are to be treated under the Plan.<br>• The Plan fails to provide for the treatment of post-petition secured property taxes, which should be treated as administrative claims under Bankruptcy Code section 503(b)(1)(B)(I).<br>• The objecting party requests the addition of language in the Plan and the Disclosure Statement that specifically addresses the treatment of its claims. | • Resolved under an agreement in principle regarding the treatment of their claim; the parties intend to file a stipulation prior to the confirmation hearing. |
| 5400 | Los Angeles County Treasurer | • Plan | • The Plan impermissibly classifies secured tax claims that are not otherwise entitled to priority status as "Priority Tax Claims," thereby authorizing the Debtors to pay such claims over the course of 5 years rather than in full on the Effective Date.<br>• The Plan should be amended to provide that interest on Other Secured Claims will be paid at a rate determined in accordance with section 511 of the Bankruptcy Code. | • The Plan Proponents have reached an agreement in principle with Los Angeles County Treasurer resolving this objection and plan to file a stipulation prior to the confirmation hearing. |

6

ny-1116073

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| *RMBS Claimants/Investors* | | | | |
| 4008; 4591 | Amherst | • PSA<br>• Disclosure Statement | • Amherst filed an objection to the PSA asserting that (i) the RMBS Trust claim allocation should be determined by investors or investors should have input into the allocation through an independent outside professional, (ii) allocation of administrative expenses to RFC and GMAC Mortgage was improper, and no justification was provided for the contemplated allocation, (iii) payment of the Institutional Investors' professionals' fees out of the RMBS investor claims was improper, especially as to the RMBS Trusts that opted out of the RMBS Settlement, (iv) the Trust Unit (as defined in the Supplemental Term Sheet) allocation did not contain a reserve mechanism for the RMBS Trusts that choose to opt-out of the RMBS Settlement, and (v) a post-confirmation deadline for the RMBS Trusts should be set.<br>• Amherst filed an objection to the Disclosure Statement asserting, among other things, that the Plan inappropriately sought to eliminate the right of Amherst to opt out of the RMBS Settlement. | • Resolved by amendments to RMBS Trust mechanisms under the Plan. |
| 4023 | Monarch Alternative Capital, LP ("**Monarch**") and Stonehill Capital Management LLC ("**Stonehill**") | • PSA<br>• FGIC 9019 Motion | • The FGIC Settlement is not in the best interests of the RMBS Trusts' investors. | • Resolved. *See* Docket No. 5020. |
| *Co-defendant/Indemnity Claimants* | | | | |
| 4012 | Citigroup Global Markets Inc, Deutsche Bank Securities Inc., Goldman Sachs & Co. and UBS Securities | • PSA | • "[I]t is unclear whether" certain third-party releases have provided a substantial financial contribution and what consideration will be provided for the releases. | • Resolved through amendments to judgment reduction provision under the Plan. |

7

ny-1116073

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| 4019 | Credit Suisse | • PSA | • The anticipated third-party releases are "defective on their face" and, therefore, the Court should not approve the Plan Support Agreement.<br>• The Court lacks jurisdiction to grant third-party releases as to Credit Suisse.<br>• The anticipated third-party releases do not satisfy the *Metromedia* requirements.<br>• The release of Credit Suisse's claims cannot be saved by characterizing the release as a bar order in a settlement of the underlying securities litigation. | • Resolved through amendments to judgment reduction provision under the Plan. |
| *Other Claimants* | | | | |
| 4032; 4585 | Pension Benefit Guaranty Corp. ("**PBGC**") | • PSA<br>• Disclosure Statement | • PBGC filed an objection in connection with the Plan Support Agreement, objecting to the broad releases of Ally, which PBGC asserted could be construed to release Ally of its statutory obligations with respect to the minimum funding requirements owed to the GMAC Mortgage pension plan.<br>• PBGC filed an objection to the Disclosure Statement asserting that the Plan should clarify that the releases (including the exculpation and injunction provisions) do not release: (i) Ally or any of its controlled group members and officers, employees, and representative from their statutory obligations and liabilities under the GMAC Mortgage Group, LLC Pension Plan; and (ii) the Debtors and their officers, employees, agents, and representatives with respect to any fiduciary breach or prohibited transaction (as defined in ERISA) that may have been committed with respect to the Pension Plan. | • Resolved through settlement with AFI and amendment to third party releases under Plan. |

8

ny-1116073

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| 4584; 5401 | Impac Funding Corporation and Impac Mortgage Holdings, Inc. ("**Impac**") | • Plan | • The Plan impermissibly extends the deadline for the Debtors to assume or reject executor contracts beyond confirmation in violation of Bankruptcy Code sections 1129(a)(1), 1129(a)(3), 365(d), and 1123(b)(2).<br>• The Plan should be revised to provide that, in the event the Debtors and a contract counterparty dispute a cure amount, any undisputed cure amount will be immediately paid to the contract counterparty, and the disputed cure amount will be escrowed pending resolution of the dispute.<br>• The Bankruptcy Court lacks jurisdiction to approve the Third Party Releases. | • Discussions with Impac regarding its objection are ongoing. |
| 5404 | Oracle America ("**Oracle**") | • Plan | • The Confirmation Order should provide that the Debtors will stop using Oracle software upon rejection of applicable executory contracts. | • Discussions with Oracle regarding its objection are ongoing. |
| 5406 | PNC Mortgage | • Plan | • PNC objects to the Plan to the extent the Third Party Release affects PNC's rights under the Ally SBO Servicing Agreement between Ally Bank and PNC, including to the extent the Third Party Release impairs PNC's right to full reimbursement of servicing advances and related obligations in connection with a pending servicing transition requested by Ally Bank under the Ally SBO Servicing Agreement if such transition is not completed prior to confirmation. | • Withdrawn. *See* Docket No. 5578. |

9

ny-1116073

| D.I. | Responding Party | Relevant Pleading | Objection/Response | Status |
|---|---|---|---|---|
| 5461 | Ocwen Loan Servicing ("**Ocwen**") | • Plan | • The Plan does not provide that the Liquidating Trust, with whom all post-petition contracts with Ocwen will vest upon the Effective Date, will assume and perform all of the Debtors' obligations under such post-petition contracts, including the Ocwen APA, and fails to provide Ocwen with an adequate means to enforce against the Liquidating Trust any and all rights under the Ocwen APA following occurrence of the Effective Date.<br>• Ocwen currently has no assurance that there will be adequate resources to satisfy post-Effective Date obligations in connection with the Ocwen APA<br>• Ocwen objects to the third party release of the Ally Released Parties under the Plan to the extent it releases Ally from its obligations to Ocwen arising under or in connection with Ally agreements with Ocwen. | • Resolved through language to be included in confirmation order regarding treatment of Ocwen contracts. |

10

B.        **Claim Settlements/Resolutions that Avoided Potential Plan Objections**

Additional Settling Private Securities Claimants:

- Asset Management Funds d/b/a AMF Funds;
- AMF Intermediate Mortgage Fund;
- AMF Ultra Short Mortgage Fund;
- Bank Hapoalim B.M.;
- Deutsche Zentra-Genossenschaftsbank, New York Branch, d/b/a DZ Bank AG, New York, DH Holding Trust;
- HSH Nordbank AG;
- HSH Nordbank AG Luxembourg Branch, HSH;
- Nordbank AG New York Branch;
- HSH Nordbank Securities S.A.;
- IKB Deutsche Industriebank AG, IKB International S.A.;
- John Hancock Life Insurance Company (U.S.A.);
- Principal Life Insurance Company;
- Principal Funds, Inc.;
- Principal Variable Contracts Funds, Inc.;
- Sealink Funding Limited;
- Stiching Pensioenfonds ABP;
- The Union Central Life Insurance Company/Ameritas Life Insurance Corp./Acacia Life Insurance Company;
- the Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company; and Fort Washington Investment Advisors, Inc.

Settled Borrower Class Action Claims:

- Moore et al. v. GMAC Mortgage, LLC, et al.
- Guerra et al. v. Homecomings, GMAC Mortgage, LLC, et al.
- Peel et al. v. Residential Funding Company, LLC
- Mitchell et al. v. Residential Funding Company, LLC
- Davis et al. v. GMAC Mortgage, LLC and Residential Capital, LLC

11

ny-1116073

- Gardner, Smith, et al. v. GMAC Mortgage, LLC and Residential Capital, LLC
- Cronk et al. v. GMAC Mortgage, LLC
- Throm et al. v. GMAC Mortgage, LLC
- Ulrich et al. v. GMAC Mortgage, LLC
- Kral et al. v. GMAC Mortgage, LLC

Other Significant Settled Claims:

- Bollinger et al. v. GMAC Mortgage, LLC, et al.
- West Virginia Investment Management Board
- "Miller Johnson" claimants (*see* Docket No. 5050)
- Lehman Brothers (pursuant to an agreement in principle, only with respect to their RMBS claims)
- MetLife (pursuant to an agreement in principle)

**C.     Unresolved Plan Objections**

*1. JSN-Related Objections*

| D.I. | Responding Party | Objection | Response/Status |
|---|---|---|---|
| 5443 | JSNs | The JSNs object to a number of different provisions in the proposed Chapter 11 Plan, including:<br>• The legal standard for settling claims, arguing that section 363 is the applicable standard and the Plan Proponents have not satisfied this standard.<br>• The Plan cannot be crammed down on the JSNs as it is not "fair and equitable"<br>• If Plan Proponents can compromise the Subject Collateral, the JSNs liens must attach to the proceeds or JSNs must be provided adequate protection.<br>• Settlement of the Ally claims without allocation of any of the proceeds of the Ally Contribution to the JSNs is "unreasonable" and not "fair and equitable."<br>• Compromise of the Intercompany Claims for zero consideration is "unreasonable" and the Plan "unfairly discriminates" against Intercompany Claims in violation of 1129(b)<br>• The Plan violates the absolute priority rule to the extent the distributions on securities-related claims (which should be subordinated under 510(b)) impair their deficiency claims (if undersecured), and because securities-related claims subject to subordination are receiving substantial distributions before Intercompany Claims<br>• Partial consolidation should not be used to eliminate intercompany claims<br>• The Third Party Releases (including the imposition of the Third Party Release on the JSNs claims and the Court's jurisdiction to grant the releases). | • To be addressed by the Plan Proponents in an omnibus reply to objections, and heard at the Confirmation Hearing. |
| 5410 | Wells Fargo as JSN Collateral Agent | • Wells Fargo as Collateral Agent for the JSNs requests clarification that sufficient collateral or proceeds thereof will be reserved and withheld from distribution as reasonably may be required to protect the Collateral Agent's rights.<br>• The Bankruptcy Court lacks jurisdiction to approve the Third Party Releases to the extent they purport to release the Collateral Agent's direct and independent claims against the Debtors' officers, directors and counsel. | • To be addressed by the Plan Proponents in an omnibus reply to objections, and heard at the Confirmation Hearing. |

13

ny-1116073

2. *DOJ/UST Objections*

| D.I. | Responding Party | Objection | Response/Status |
|---|---|---|---|
| 5412 | US Trustee | • The exculpation and third party releases do not satisfy section 1129(a)(1) and (a)(3). | • To be addressed by the Plan Proponents in an omnibus reply to objections, and heard at the Confirmation Hearing. |
| N/A | DOJ | • Parties are in discussions regarding concerns raised by the DOJ. | • To be addressed by the Plan Proponents in an omnibus reply to objections in the event an objection is filed, and heard at the Confirmation Hearing. |

3. *Borrower Objections*

| D.I. | Responding Party | Objection/Response | Response/Status |
|---|---|---|---|
| 5264 | K. Kovacs | • Mr. Kovacs "requires" that he be reimbursed in full for all damages, actions, loss and expenses required by him for his property located in Springfield Township, Bucks County.<br>• Mr. Kovacs argues that GMAC did not produce documentation of a current valid mortgage on his property, and that GMAC's actions have caused "severe financial damage and duress." | • Objection fails to set forth a basis for opposing confirmation. |
| 5273 | D. Munger | • Mr. Munger takes issue with the third party release contained on the ballot, and argues that his wife's signature on their ballot is not valid and should not be construed as consent to the release. | • Objection fails to set forth a basis for opposing confirmation. |

14

ny-1116073

| **D.I.** | **Responding Party** | **Objection/Response** | **Response/Status** |
|---|---|---|---|
| 5356 | K. Case | • Mr. & Mrs. Case request the reissuance of a check for amounts owed by GMAC Mortgage. | • Objection fails to set forth a basis for opposing confirmation. |
| 5357 | J. Vargas | • Mr. Vargas seeks payment of his alleged claim, and generally objects to confirmation. | • Objection fails to set forth a basis for opposing confirmation. |
| 5398; 5520 (late filed) | W. Nora[1] | • The Plan does not comply with 11 U.S.C. § 1125.<br>• The Plan is not proposed in good faith.<br>• The Plan unfairly discriminates against Borrower Claims, and the amount funded to the Borrower Claims Trust is insufficient.<br>• Ms. Nora takes issue with a number of other aspects of the case in general, the role of Special Borrower Counsel to the Committee, the Examiner's investigation, the disallowance of claims, her ability to represent other creditors in the Chapter 11 proceedings, and the Debtors' prepetition conduct and operations as mortgage servicers.<br>• Ms. Nora also filed a partial joinder to the U.S. Trustee's objection. | • To be addressed by the Plan Proponents in an omnibus reply to objections, and heard at the Confirmation Hearing. |
| 5522 (late filed) | D. Bennett | • Appears to take issue with the commencement of a civil lawsuit against Mr. Bennett in light of the DOJ/AG Settlement. | • Objection fails to set forth a basis for opposing confirmation. |
| N/A | W. Rippy | • Mr. Rippy objects to the release of any obligations of Residential Capital under the Plan. | • Objection fails to set forth a basis for opposing confirmation. |

---

[1] Joined by additional individual parties C. Wilson [Docket No. 5409], R. Rode [Docket No. 5414]; P. Papas (late filed) [Docket No. 5466].

15

ny-1116073

*4. Miscellaneous Objections*

| D.I. | Responding Party | Objection/Response | Response/Status |
|---|---|---|---|
| 4015; 5413 | Lloyd's, London, Twin City Fire Insurance Company, Continental Casualty Company, Clarendon National Insurance Company, Swiss Re International S.E. (formerly known as [f/k/a] SR International Business Insurance Company Ltd.), St. Paul Mercury Insurance Company, and Axcelera Specialty Risk as managing general agent of North American Specialty Insurance Company, and certain other insurers ("**GM Insurers**") | • The Plan must be "insurance neutral" in order to be confirmed, and the current proposed plan does not include certain "insurance neutrality" language requested by the GM Insurers.<br>• The Plan purports to confer exclusive jurisdiction on the Bankruptcy Court to hear and determine rights to proceeds under the GM Policies, coverage disputes and other insurance-related matters, which the GM Insurers argue is an impermissible modification of their pre-petition rights.<br>• The Plan impermissibly provides for the assignment of the insurance policies in violation of the anti-assignment provisions in the policies. | • Discussions with the GM Insurers regarding their objection are ongoing.<br>• The Plan Proponents' response, as necessary, will be set forth in an omnibus reply to objections, and heard at the Confirmation Hearing. |
| 5411 | Wells Fargo Bank, N.A. ("**WFBNA**") | • WFNBA requests an express finding that the obligations under its bank account deposit agreement with each of AFI and its non-Debtor affiliates are not released under the Plan.<br>• The best interests test is not satisfied as to WFBNA because WFBNA would receive a full recovery on its claims from AFI in a chapter 7 liquidation. | • Discussions with WFNBA regarding its objection are ongoing. |
| 5422 (late filed) | R. Flinn | • The effect of the third party release was not adequately disclosed.<br>• The third party release is unfair because it is unilateral.<br>• Creditors should have been given the option of opting out of the Ally contribution and releases.<br>• The Court lacks jurisdiction over the operation of the third party release. | • The Plan Proponents' response, as necessary, will be set forth in an omnibus reply to objections, and heard at the Confirmation Hearing. |

16

ny-1116073

| D.I. | Responding Party | Objection/Response | Response/Status |
|---|---|---|---|
| 5506 | Universal Restoration | • Universal Restoration objects to the inclusion of its claims, which it asserts do not relate to estate assets, under the Plan. | • Discussions with Universal Restoration regarding its objection are ongoing.<br>• The Plan Proponents' response, as necessary, will be set forth in an omnibus reply to objections, and heard at the Confirmation Hearing. |
| 5459 | Deutsche Bank | • Deutsche Bank requests inclusion of language clarifying effect of judgment reduction Plan provision. | • Parties are currently in discussions regarding the judgment reduction provisions in the Plan.<br>• The Plan Proponents' response, as necessary, will be set forth in an omnibus reply to objections, and heard at the Confirmation Hearing. |

17