```
 1              STEPHAN
 2         I'm saying, yes, it looks correct
 3         in my computer system.
 4  BY MR. COX:
 5         Q.   Is there anything else that
 6  you look at in your computer system when
 7  you're signing a summary judgment
 8  affidavit?
 9              MS. PITNEY:  I'm sorry.  I
10         couldn't hear the last part of
11         that.
12  BY MR. COX:
13         Q.   Is there anything else that
14  you look at in your computer system at
15  the time that you sign a summary judgment
16  affidavit?
17         A.   The only other thing I
18  can --
19              MS. PITNEY:  One second.
20         Are we talking about the computer
21         system, the communication system?
22         I just was asking for
23         clarification of --
24              MR. COX:  Let me clarify it.
25              MS. PITNEY:  What computer
```

```
 1                STEPHAN
 2       communication system Tom was
 3       asking him about.
 4  BY MR. COX:
 5       Q.    You testify that you go into
 6  the First Serve (sic) system; is that
 7  correct?
 8       A.    Yes, Fiserv.
 9       Q.    Fiserv.  Do you go into any
10  other computer system at the time that
11  you're signing a summary judgment
12  affidavit?
13       A.    No.
14       Q.    And you just testified that
15  you look at principal, interest, late
16  charges and escrow; is that correct?
17       A.    That is correct.
18       Q.    Is there anything else that
19  you look at in your computer system when
20  you're signing a summary judgment
21  affidavit?
22       A.    The only thing I review,
23  other than that, is who the borrower is.
24       Q.    When you receive a summary
25  judgment affidavit to sign, do you read
```

1       STEPHAN
2  every paragraph of it?
3       A.   No.
4       Q.   What do you read?
5       A.   I look for the figures.
6       Q.   That's all that you look at
7  when you sign a summary judgment
8  affidavit?
9       A.   Yes, to ensure that the
10 figures are correct.
11      Q.   Is it fair to say then that
12 when you sign a summary judgment
13 affidavit, you do not know what it says,
14 other than what the figures are that are
15 contained within it?
16           MR. FLEISCHER: Objection as
17      to form.
18           MS. PITNEY: Objection to
19      the form of the question.
20           THE WITNESS: Please
21      rephrase.
22 BY MR. COX:
23      Q.   It fair to say that when you
24 sign a summary judgment affidavit, you
25 don't know what information it contains,

1                    STEPHAN
2  other than the figures that are set forth
3  within it?
4          A.    Other than the borrower's
5  name, and if I have signing authority for
6  that entity.  That is correct.
7          Q.    The practice that you've
8  just described for signing summary
9  judgment affidavits is the practice that
10 you use signing all summary judgment
11 affidavits that you handle; is that
12 correct?
13              MR. FLEISCHER:  Again, I'm
14         going to object to the form of the
15         question.
16 BY MR. COX:
17         Q.    Is that correct?
18         A.    The practice that I use for
19 summary judgment affidavits is the same
20 practice that I use for all affidavits.
21         Q.    And that's the one that
22 you've just described?
23         A.    Yes.
24         Q.    Is any part of your
25 compensation at GMAC Mortgage tied to the

```
1                    STEPHAN
2         A.    I do not recall.
3         Q.    If a loan has been modified,
4   does that show up in the Fiserv system
5   that you look at?
6         A.    When you say "modified," are
7   you stating a loan modification?
8         Q.    Yes.
9         A.    Yes.
10        Q.    Does that show up?
11        A.    Yes.
12        Q.    If a loan has been modified,
13  is any information put in the summary
14  judgment affidavits that you sign about
15  that?
16              MR. FLEISCHER:  Objection.
17          Are you talking about modified, or
18          his term was loan modification.  I
19          just want to make sure we're
20          clear.
21              MR. COX:  That's fine.
22  BY MR. COX:
23        Q.    If there's a loan
24  modification, does information about a
25  loan modification appear in the summary
```

```
1                    STEPHAN
2    volume of documents that you sign?
3         A.    No.
4         Q.    Is any part of your
5    compensation tied to the volume of
6    documents that your department processes?
7         A.    No.
8         Q.    Is it your understanding
9    that the process that you follow in
10   signing summary judgment affidavits is
11   in accordance with the policies and
12   procedures required of you by GMAC
13   Mortgage?
14        A.    Yes.
15        Q.    Does GMAC do any quality
16   assurance training for your department?
17        A.    Presently, no.
18        Q.    Has it in the past?
19        A.    I do not know.
20        Q.    You don't recall any?
21        A.    I never received any.
22        Q.    Do you have any memory of
23   checking the numbers on the Bradbury
24   affidavit that's in front of you as
25   Deposition Exhibit-1?
```

66

1  STEPHAN
2  judgment affidavits that you sign?
3     A.   I do not know.
4        MS. PITNEY:  In all of them,
5     or in this one?
6        MR. COX:  In any of them.
7        THE WITNESS:  I don't know.
8  BY MR. COX:
9     Q.   Based upon your testimony,
10 Mr. Stephan, is it correct that when you
11 sign a summary judgment affidavit, such
12 as Deposition Exhibit-1 that is in front
13 of you, you don't know whether any
14 portion of it is true, other than the
15 paragraph containing the numbers that
16 you just described; is that correct?
17       MS. PITNEY:  Object to the
18    form.  Tom, are you asking him
19    about this affidavit?
20       MR. COX:  Well, he's
21    testified that doesn't recall
22    signing this particular affidavit,
23    so that was not my question.  Let
24    me restate it.
25 BY MR. COX:

```
 1                STEPHAN
 2        Q.    In your practice of signing
 3   summary judgment affidavits, Mr. Stephan,
 4   is it correct that they always have a
 5   paragraph containing the numbers of the
 6   amounts claiming to be due?
 7        A.    That would be correct.
 8        Q.    And is it correct that when
 9   you sign those affidavits, you don't know
10   whether any other part of the affidavit
11   is true or correct?
12        A.    Please advise me.  What do
13   you mean by "any other part"?
14        Q.    Any other paragraph, other
15   than the one containing the numbers.
16        A.    I review it for the due
17   date, if that's included in there.
18        Q.    So all of them --
19        A.    So that would be the
20   numbers.
21        Q.    So other than the due date
22   and the balances due, is it correct that
23   you do not know whether any other part of
24   the affidavit that you sign is true?
25        A.    That could be correct.
```

1          STEPHAN
2     Q.   Is it correct?
3     A.   That is correct.
4     Q.   And isn't it also correct
5  that you do not check the numbers on
6  every single summary judgment affidavit
7  that you sign?
8     A.   That is not correct.
9     Q.   You check every single one?
10    A.   Yes.
11    Q.   How long does it take you,
12 on average, to process the execution of a
13 summary judgment affidavit?
14         MS. PITNEY: Object to the
15    form.
16         MR. COX: Please answer.
17         THE WITNESS: Anywhere from
18    five to 10 minutes, off the top of
19    my head.
20         MR. COX: If we can take a
21    break. I may be done, but we can
22    take a break for five minutes.
23         (Whereupon, a short recess
24    was taken.)
25 BY MR. COX:

```
1                STEPHAN
2        Q.    Mr. Stephan, referring you
3  again to the bottom line on Page 1 of
4  Exhibit-1, it states:  I have under my
5  custody and control, the records relating
6  to the mortgage transaction referenced
7  below.
8              It's correct, is it not,
9  that you did not have in your custody any
10 records of GMAC at the time that you
11 signed a summary judgment affidavit?
12             MS. PITNEY:  Objection to
13        the form.
14             THE WITNESS:  I have the
15        electronic record.  I do not have
16        papers.
17 BY MR. COX:
18        Q.    You have access to a
19 computer.  Is that what you mean?
20        A.    Yes.
21        Q.    You have no control over
22 that system, do you?
23             MR. FLEISCHER:  Objection as
24        to form.
25 BY MR. COX:
```

```
 1                STEPHAN
 2        Q.    You have no control over
 3   that Fiserv computer system, do you?
 4        A.    No, I do not.
 5        Q.    And someone else within GMAC
 6   is responsible for ensuring the accuracy
 7   of that system; isn't that correct?
 8        A.    That would be correct.
 9        MR. COX:  I have no further
10   questions.
11        MR. FLEISCHER:  We're done,
12   Julia, unless you have something
13   to add.
14        MS. PITNEY:  No.
15        (Witness excused.)
16              -  -  -
17        (Whereupon, the deposition
18   concluded at 11:45 a.m.)
19
20
21
22
23
24
25
```

71

```
 1
 2            I N D E X
 3  Testimony of:  Jeffrey Stephan
 4  By Mr. Cox . . . . . . . . . 4
 5
 6
 7              -   -   -
 8          E X H I B I T S
 9              -   -   -
10
11  NO.       DESCRIPTION              PAGE
12
13  1         Affidavit                 3
14            August 5, 2009
15
16
17
18
19
20
21
22
23
24
25
```

```
 1
 2                CERTIFICATE
 3       I HEREBY CERTIFY that the witness
 4  was duly sworn by me and that the
 5  deposition is a true record of the
 6  testimony given by the witness.
 7
 8
 9
10
           Susan B. Berkowitz, a
11         Registered Professional Reporter
           and Notary Public
12         Dated:   June 9, 2010
13
14
15
16
17
18              (The foregoing certification
19  of this transcript does not apply to any
20  reproduction of the same by any means,
21  unless under the direct control and/or
22  supervision of the certifying
23  reporter.)
24
25
```

```
 1
 2          I have read the foregoing transcript
 3   of my deposition given on June 7, 2010,
 4   and it is true, correct and complete, to the
 5   best of my knowledge, recollection and belief,
 6   except for the corrections noted hereon and/or
 7   list of corrections, if any, attached on a
 8   separate sheet herewith.
 9
10
11                          _____
12                          JEFFREY STEPHAN
13
14
15
16
17   Subscribed and sworn to
18   before me this _7_ day
19   of __June__, 2010.
20
21
22   _Sue Berkowitz_____
23   Notary Public
24
25
```

74

LAWYER'S NOTES