## CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are employees of **GMAC Mortgage LLC,** a Member of Mortgage Electronic Registration Systems, Inc. (MERS), and are hereby appointed as assistant secretaries and vice presidents of MERS, and, as such, are authorized to:

(1) release the lien of any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(2) assign the lien of any mortgage loan naming MERS as the mortgagee when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS System, is shown to be registered to the Member;

(3) execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

(4) take any and all actions and execute all documents necessary to protect the interest of the Member, the beneficial owner of such mortgage loan, or MERS in any bankruptcy proceeding regarding a loan registered on the MERS System that is shown to be registered to the Member, including but not limited to: (a) executing Proofs of Claim and Affidavits of Movant under 11 U.S.C. Sec. 501-502, Bankruptcy Rule 3001-3003, and applicable local bankruptcy rules, (b) entering a Notice of Appearance, (c) vote for a trustee of the estate of the debtor, (d) vote for a committee of creditors, (e) attend the meeting of creditors of the debtor, or any adjournment thereof, and vote on behalf of the Member, the beneficial owner of such mortgage loan, or MERS, on any question that may be lawfully submitted before creditors in such a meeting, (f) complete, execute, and return a ballot accepting or rejecting a plan, and (g) execute reaffirmation agreements;

(5) take any and all actions and execute all documents necessary to refinance, amend or modify any mortgage loan registered on the MERS System that is shown to be registered to the Member.

(6) endorse checks made payable to Mortgage Electronic Registration Systems, Inc. to the Member that are received by the Member for payment on any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(7) take any such actions and execute such documents as may be necessary to fulfill the Member's servicing obligations to the beneficial owner of such mortgage loan (including mortgage loans that are removed from the MERS System as a result of the transfer thereof to a non-member of MERS).

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the **17th** day of **July, 2003,** which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

_____
William C. Hultman, Secretary

GMACM 0012

**Residential Funding Company LLC, Homecomings Financial LLC, GMAC**
**Mortgage, LLC &GMAC Mortgage (Home Equity)**
ORG ID 1000440, 1000474, 1000375, 1000626
**Mortgage Electronic Registration Systems, Inc.**
**Certifying Officers**
**Updated 02/11/2009**

- ACIERNO, Terri
- AGUILAR, Jose
- ARIANO, Pamela
- ARNDT, Chris
- AVILA, Gina
- BAKER, Fern
- BALARA, Lorraine
- BASHMAKOV, Steve
- BENDER, Michael
- BIRCKETT, Marnessa
- BOCHNIAK, Jeanette
- BORSE, Beth
- BOUCHARD, Christie
- BOWSER, Diane
- BROUGHTON, Sandy
- BROUWER, Jenny
- BRYCE, Lins
- BUCKLEY, Gregg
- BUCOLO, Rita
- BUSEMAN, Judy
- BYRNE, Becky
- CALLAHAN, Robin
- CARI, CAROLYN
- CARLSON, Jeffrey P
- CARLSON, Nancy L.
- CARLSON, Richard J.
- CARMODY, Robin
- CARMOUCHE, Marvell
- CAYA, Kristi M
- CHAMBERS, Kim
- CHAPMAN, Carol
- CHIEFFE, Debra
- CHIODO, Dave
- **CLARK, Jim**
- CLAYTON, Tara
- COLGAN, Rebecca
- **COOK, Karen**
- CORDOVA, Julie
- CRAWFORD, Cathy
- CRECCO, Kevin
- CUNNINGHAM, Dave
- CURRY, Michael

GMACM 0013

- DANEKAR, Nanci
- DAY, Vickie
- DELFS, Jody
- DIAN, Mike
- DOHERTY, Kathleen
- DOUGHERTY, Laurie
- DOWNING, Erica
- DUNCAN, Ryan
- DURANT, Ronald
- EADS, Shirley
- FABER, Judy
- FITTON, Donna
- FLANAGAN, Sean
- FLEMING, Marion
- FROST, Barb
- FURRICK, Laura
- GACEK, Sarah
- GAMBREL, Judi
- GERHART, Alana
- GONZALES, Alma
- GOWEN, Kathleen
- GRAHAM, Kelly
- GREEN, Steven Y
- HAMMOND, Denise
- HARKNESS, Donna
- HEBLING, Michael
- HER, May
- HERMAN, Jim
- HILLEN, Dave
- HORA, Bob
- HORA, Teddi
- HORN, Robert L.
- INGAMELLS, Vickie
- INOUYE, Cassandra
- JENKINS, Andrea
- JOHNSON, Ashley
- JOHNSON, Mary B.
- JORDON, Peggy
- KASTLI, Rhonda
- KELLEHER, Patricia
- KELLY, Ryan
- KERR, Bryan
- KERR, John
- KINNUNEN, Sandy
- KOVACS, Paul
- KRAMER, LeeAnne
- KWAITANOWSKI, Margie
- LaFRANCE, Diane
- LAMBENGCO, Patricia
- LILE, Beth

Formatted: Highlight

GMACM 0014

- LOCKWOOD, Marie
- LOWE, Stephanie
- LUCKEY, Todd
- LUSZCZ, Michele
- MADDEN, Frank
- MAGNUSON, Lisa
- MAGUIRE, William
- MAND, Michael G
- MARRONE, Janet
- MAXWELL, Mary
- MAYALL, Christopher
- MCCLAIN, Patrick
- MCGRATH, Mary
- MCLAUGHLIN, Hattie
- MCMORROW, Len
- MCNALLY, Noel
- MEAD, Michael
- MEIER, Susan
- MICHAEL, Pamela
- MILLER, Helen
- MILLER, Linda
- MOONEY, Nancy
- MOORE, Joanne
- **MORGAN, Ruth**
- MURRAY, Patricia
- **NIEDERT, Ginny**
- O'DONNELL, Colleen
- ORINGER, Mitchell
- ORTEGA, Clothilde
- PECK, Dawn
- PELLETIER, Bonnie
- PELOQUIN, Patte
- PENSABENE, Joseph
- PERKINS, Kenneth R.
- PETERS, Jennifer
- PETERSON, Charity
- PETTY, Joyce
- PUENTES, Erika
- QUARESIMA, Beverly
- RAMIREZ, Antonia
- RENZI, Anthony N
- RAVELO, Myron
- RICHARDS, Scott
- RIVERA, Jose
- RIZZO, BILL
- ROSATO, Paula
- SANDERS, Kendall
- SANDOVAL, Cindy
- SANDOVAL, Dianna
- SCIARRINO, Josephine

GMACM 0015

- SCOTT, Stephanie
- **SIMON, Jenee**
- SIESS, Laura
- SMITH, Jeanne
- SOLANO, Rosalie
- SPICER, Joseph
- STEPHAN, Jeffrey
- STIRES, Richard
- **SWITZER, Rachel**
- TAYLOR, Mary
- TAYLOR, Patricia C.
- TOROK, Keith
- TORRES, Aixa M.
- TWINING, Deb
- UGWUADU, Kenneth
- VALERIUS, Donna
- VECCHIO, Jason
- VOLLMER, Janet
- WALTON, Linda
- WATSON, Lisa
- WESLEY, John
- WESTERBERG, Rebecca
- WIGHT, Joanne
- WILLIAMS, Cathy
- WILLIAMS, Paul
- WILSON, Kristine
- WINBAUER, Mary
- WIRTZ, Rebecca
- WRIGHT, Betty
- WOODS, Danielle
- YAMOAH, Janine
- YERANOSIAN, Elizabeth
- ZINDLER, Stephen

6003121911                     0045

## NOTE

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

February 19, 2002          Boca Raton                    FL
[Date]                     [City]                        [State]

9645 Southwest 1st Place, Boca Raton, FL  33428

[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received I promise to pay U.S $87,720.00   (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is MORTGAGE INVESTORS CORPORATION

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.500 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st    day of each month beginning on April 1, 2002          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 1, 2032          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 6090 CENTRAL AVENUE, ST. PETERSBURG, FL 33707
                                                          or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 554.46

### 4. BORROWER'S RIGHT TO PREPAY

The Borrower shall have the right to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or $100.00, whichever is less. Any Prepayment in full of the indebtedness shall be credited on the date received, and no interest may be charged thereafter. Any partial Prepayment made on other than an installment due date need not be credited until the next following installment due date or 30 days after such Prepayment, whichever is earlier.

277815

FLORIDA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Amended for Veterans Affairs

Form 3210 1/01
Amended 8/00

-6(FL) (0004)
VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3                Initials AMJ



## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **4.000 %** of my overdue payment. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

277815

### GMAC MORTGAGE, LLC

### CERTIFICATE OF ASSISTANT SECRETARY

I, Carolyn B. Traczykiewicz, Assistant Secretary of GMAC Mortgage, LLC (the "Company"), hereby certify

that the following is a true and correct copy of the resolution(s) adopted by the Board of Directors of the Company by the

Unanimous Written Consent dated December 6, 2007, which resolution(s) I certify to be in full force and effect on the

date hereof.

RESOLVED,      that instruments, documents, or agreements relating to or affecting the property or business and affairs of the Company may be executed in its name, with or without its corporate seal, by the persons hereinafter designated.    For the purpose of this Resolution, the terms "Executive Officer," "Senior Officer," and "Junior Officer" are defined as follows:

"Executive Officer" shall mean the President, Chief Financial Officer, Treasurer, or Secretary of GMAC Mortgage, LLC ("GMACM") or Residential Funding Company, LLC ("RFC").

"Senior Officer" shall mean any Executive Vice President, Senior Vice President or Vice President of GMACM or RFC or any Senior Managing Director of Residential Capital, LLC.

"Junior Officer" shall mean any Assistant Vice President, Assistant Treasurer, Assistant Secretary, or Limited Signing Officer of GMACM, or any Director, Assistant Treasurer, Assistant Secretary or Limited Signing Officer of RFC

1.      Any Executive Officer, acting alone, may execute:

     a)      Deeds and conveyances of any real or personal property.

     b)      Leases of any real or personal property.

     c)      Any other instruments, documents, or agreements which may be found necessary, proper, or expedient to be executed in conducting the business of the Company, *specifically excluding* any instruments, documents, or agreements for the borrowing of money and/or the transfer of securities.

     d)      Any and all instruments, documents, or agreements that a Senior Officer is authorized to execute pursuant to this Resolution.

2.      Any Senior Officer, acting alone, may execute:

     a)      Deeds and conveyances of any real or personal property for a consideration of $300,000.00, or less.

     b)      Any endorsements of mortgage notes and/or assignments or assumptions of security instruments (mortgages, deeds of trust, security deeds, etc.), alonges to notes, lost note affidavits, and note endorsements relating to real estate loans held by the Company, either in its own behalf or in a fiduciary or agency capacity.



c)  Full or partial releases, subordinations, satisfactions and modifications of security instruments (mortgages, deeds of trust, security deeds, etc.), certificates of redemption, and assignments of sheriff's certificates.

d)  Loan and/or loan servicing acquisition agreements and loan and/or loan servicing sale agreements, including participation agreements and participation certificates, broker agreements, commitment letters with customers, indemnification agreements, workout agreements and settlement agreements.

e)  Any and all instruments, documents, or agreements relating to an individual loan closing, including, but not limited to, matters relating to the application for HUD insurance, private mortgage insurance, or a VA loan guarantee.

f)  Any Power of Attorney as the officer deems necessary or appropriate for the transaction of business on behalf of the company.

g)  Any agreements with outside contractors or vendors for goods or services.

h)  Licenses (as necessary) under applicable state laws or regulations.

i)  "Doing Business" qualification forms or annual reports.

j)  Computer technology leases, contracts or agreements and related services, including consulting agreements.

k)  Any and all instruments, documents, or agreements that a Junior Officer is authorized to execute pursuant to this Resolution.

3.  Any Junior Officer, acting alone, may execute:

a)  Any endorsements of mortgage notes and/or assignments or assumptions of security instruments (mortgages, deeds of trust, security deeds, etc.), allonges to notes, lost note affidavits, and note endorsements, but only if such instruments, documents, or agreements (i) relate to one-to-four family real estate loans held by the Company, either in its own behalf or in a fiduciary or agency capacity, and (ii) are intended to transfer beneficial interest to Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, GMACM or RFC, Bond agencies, private investors and/or home equity securitizations.

b)  Full or partial releases, satisfactions, subordinations, and modifications of security instruments (mortgages, deeds of trust, security deeds, etc.), certificates of redemption, and assignments of sheriff's certificates, but only if such instruments, documents, or agreements relate to one-to-four family mortgage loans held by the Company, either in its own behalf or in a fiduciary or agency capacity.

c)  Deed under Power, Substitution of Trustee, Special Warranty Deeds, Assignments, General Warranty Deeds, Grant Deeds, Allonges, Assignments Affidavits, Loss Assignment Affidavits, Forbearance Agreements, Quit Claim Deeds or any other instruments, documents, or agreements which may be found necessary, proper, or expedient to be executed in connection with foreclosure proceedings or REO property sales in which the Company is involved as owner, mortgagee or in a similar capacity

GMACM 0002

d)    Any documents relating to mortgage origination, consolidation, extension and modification agreements that require a signature of lender.

4.    In addition to the foregoing, the Board of Directors or any two Executive Officers, one of whom must be the Chief Financial Officer of the Company, may, by filing a written authorization with the Secretary of the Company, designate any person, whether an employee of the Company or not, to execute on behalf of the Company such instruments, documents, or agreements as are specified in such written authorization, *specifically excluding* any instruments, documents, or agreements for the borrowing of money and/or the transfer of securities. Any person so designated in such written authorization shall have such authority as is specifically set forth therein. Revocation of any such authority, in whole or in part, shall likewise be filed with the Secretary.

5.    In addition to the foregoing, The Secretary of the Company, may, by filing a written authorization with the Company, designate any associate of the Company as a Limited Signing Officer, to execute on behalf of the Company such instruments, documents, or agreements as are specified in such written authorization, *specifically excluding* any instruments, documents, or agreements for the borrowing of money and/or the transfer of securities. Any person so designated in such written authorization shall have such authority, in whole or in part, shall likewise be filed with the Secretary.

6.    The above stated documents may be executed by any authorized person as stated in the foregoing resolution when bearing or purporting to bear the signature of such person in facsimile form. All documents signed prior to the date of this Resolution in facsimile format are hereby ratified, and affirmed.

7.    The Secretary shall designate by name any Assistant Secretary who is authorized to execute corporate certifications for this Company, and shall file such designation in the Company record books.

I further certify that the following are duly elected, qualified, and acting officers of GMAC Mortgage, LLC, a limited liability company duly organized and existing under the laws of the State of Delaware, and that they are now serving in the official capacity as set forth opposite their names.

| | |
|---|---|
| Jose Aguilar | Limited Signing Officer |
| John Albor | Vice President |
| Allan Anderson | Vice President |
| Heather Anderson | Limited Signing Officer |
| Jonathan P. Andrews | Assistant Secretary |
| Tanya N. Anthony | Limited Signing Officer |
| James Arctakis | Assistant Treasurer |
| Gina Avila | Limited Signing Officer |
| Michael Baker | Vice President |
| Lorraine Balara | Limited Signing Officer |
| John W. Ballard | Assistant Vice President |
| Kathleen Balsamo | Limited Signing Officer |
| Michael Bender | Limited Signing Officer |
| Leslie Benner | Vice President |
| Ryan L. Bennett | Assistant Vice President |
| Hu Benton | Assistant Secretary |
| Jeannette McWay Berkshire | Limited Signing Officer |
| Marnessa Birckett | Limited Signing Officer |

GMACM 0003

| | |
|---|---|
| Jeffrey Blaschko | Limited Signing Officer |
| Sanford J. Blitzer | Vice President |
| Lori Blue | Vice President |
| Jill Bohlken | Vice President |
| Patricia Bollard | Limited Signing Officer |
| Heather Bollinger | Limited Signing Officer |
| Beth Borse | Limited Signing Officer |
| Christie Bouchard | Limited Signing Officer |
| Margaret Boutcher | Vice President |
| Diane L. Bowser | Senior Vice President |
| Michele Bradford | Limited Officer for Real Estate Documents |
| Kevin A. Brandstetter | Assistant Vice President |
| Linda Breese | Limited Signing Officer |
| Laurie Brent | Senior Vice President |
| Katie Brewer | Limited Signing Officer |
| Jennifer Brooks | Limited Signing Officer |
| Sandy Broughton | Limited Signing Officer |
| Jenny Brouwer | Limited Signing Officer |
| Carla Brown | Limited Signing Officer |
| Rita Bucolo | Limited Signing Officer |
| John Bunnel | Senior Vice President |
| Judy Buseman | Limited Signing Officer |
| Thomas K. Cahill | Vice President |
| Jennifer Cain | Limited Signing Officer |
| James Callan | Limited Signing Officer |
| Brian Cantrall | Assistant Vice President |
| Carolyn Cari | Limited Signing Officer |
| Carolyn Cari | Vice President |
| Robin Carmody | Limited Signing Officer |
| Marvell Carmouche | Limited Signing Officer |
| William Casey | Senior Vice President |
| Vincent Castillo | Limited Signing Officer |
| Lisa Cavacini | Limited Signing Officer |
| Kevin Cavanaugh | Vice President |
| Kris Caya | Limited Signing Officer |
| Carol Chapman | Limited Signing Officer |
| Debra Chieffe | Limited Signing Officer |
| David A. Chiodo | Limited Signing Officer |
| James L. Clark | Vice President |
| Tara Clayton | Limited Signing Officer |
| Tina Clemens | Limited Signing Officer |
| Richard A. Codair | Vice President |
| Alan Cohen | Assistant Vice President |
| Rebecca Colgan | Limited Signing Officer |
| Corine Collins | Limited Signing Officer |
| Joseph Conway | Assistant Vice President |
| Karen Cook | Limited Signing Officer |
| Edward Cooper | Assistant Vice President |
| Linda M. Corrigan | Vice President |
| Alan Craib | Vice President |

Page 4 of 11

**GMACM 0004**

| | |
|---|---|
| Cathy Crawford | Limited Signing Officer |
| Donn W. Culver | Vice President |
| David Cunningham | Limited Signing Officer |
| Michael Curry | Limited Signing Officer |
| Maryann P. Daley | Vice President |
| Patricia Damon | Limited Signing Officer |
| Nanci Dancker | Limited Signing Officer |
| William L. Davis | Assistant Vice President |
| Vickie Day | Limited Signing Officer |
| Natalie DeLaurentis | Limited Signing Officer |
| Chad Delfs | Limited Signing Officer |
| Jody Delfs | Limited Signing Officer |
| Karen L. Derrick | Vice President |
| Darryl Derwort | Assistant Vice President |
| Joseph A. DeStasio | Vice President |
| Vince DiFiglia | Vice President |
| Michael D. Doering | Limited Officer for Real Estate Documents |
| Kathleen Doherty | Limited Signing Officer |
| Stacey Dolan | Vice President |
| Tom Donatacci | Senior Vice President |
| Marie Dress | Limited Signing Officer |
| Patrick Drexler | Limited Signing Officer |
| Ellen T. Duncan | Assistant Vice President |
| Gerald Dunleavy | Limited Signing Officer |
| Ken Dunneback | Assistant Vice President |
| Theresa Edgil | Limited Signing Officer |
| Joanne Eisensmidts | Limited Signing Officer |
| Rodger Ericson | Limited Signing Officer |
| Sue Evert | Limited Signing Officer |
| Thomas Evich | Vice President |
| David Face | Vice President |
| Mary Tyson Fallon | Limited Signing Officer |
| Kathleen Farnon | Vice President |
| Paul L. Fein | Senior Vice President |
| John C. Felice | Vice President |
| Alberto Fernandez | Assistant Vice President |
| Sandra G. Fernandez | Vice President |
| James Ferriter | Executive Vice President |
| Kathleen Finnegan | Limited Signing Officer |
| Donna Fitton | Limited Signing Officer |
| Sean Flanagan | Limited Signing Officer |
| Ralph T. Flees | Controller |
| Mark Fleming | Vice President |
| Barb Frost | Limited Signing Officer |
| Mary Fuller | Assistant Vice President |
| Laura Furtick | Limited Signing Officer |
| Gwyn Gabaly | Limited Signing Officer |
| John M. Gaglia | Assistant Vice President |
| Judi Gambrel | Limited Signing Officer |
| Patricia A. Gardino | Limited Signing Officer |

Page 5 of 11

GMACM 0005

| | |
|---|---|
| Alana Gerhart | Limited Signing Officer |
| Lisa M. Gess | Executive Vice President |
| Rose Mary Gibbons | Limited Officer for Real Estate Documents |
| Lynn Giuffre | Senior Vice President |
| Carol Goebel | Limited Signing Officer |
| James B. Goldstein | Assistant Vice President |
| Kathleen Gowen | Limited Signing Officer |
| Kelly Graham | Limited Signing Officer |
| Lynn Grasso-Moon | Vice President |
| Joseph Gray | Limited Signing Officer |
| John Gray | Executive Vice President |
| Steven Green | Limited Signing Officer |
| John P. Gregori | Assistant Vice President |
| Scott Griffith | Vice President |
| Elliott Grumer | Senior Vice President |
| Rebecca Hahn | Vice President |
| Aly Hajee | Limited Signing Officer |
| Francis Hallinan | Limited Officer for Real Estate Documents |
| Ralph J. Hall | Executive Vice President |
| Sheri D. Hall | Limited Signing Officer |
| Donna Harkness | Limited Signing Officer |
| Christine Hasson | Vice President |
| Robin Hawley | Vice President |
| Luke S. Hayden | Executive Vice President |
| Michael Hebling | Limited Signing Officer |
| Christopher Blake Herring | Vice President |
| David Hillen | Vice President |
| Patricia L. Hobbib | General Counsel |
| Carl Hochreiter | Limited Signing Officer |
| Charles R. Hoecker | Senior Vice President |
| Robert E. Hora | Vice President |
| Norma House | Limited Signing Officer |
| Elizabeth Hummel | Limited Signing Officer |
| Carol Huseman | Limited Signing Officer |
| Cassandra Inouye | Limited Signing Officer |
| Javid Jaberi | Senior Vice President |
| David Jacobson | Assistant Vice President |
| Timothy Jacobson | Limited Signing Officer |
| Anne M. Janiczek | Assistant Secretary |
| Andrea Jenkins | Limited Signing Officer |
| Paul P. Jensen | Assistant Vice President |
| Ashley Johnson | Limited Signing Officer |
| Amy E. Johnson | Assistant Vice President |
| Diane Johnson | Limited Signing Officer |
| Erika Johnson | Limited Signing Officer |
| Mark W. Johnson | Assistant Vice President |
| James G. Jones | Chief Executive Officer |
| James G. Jones | Chairman |
| James G. Jones | Board of Directors |
| James G. Jones | President |

GMACM 0006

| | |
|---|---|
| Michael Kacergis | Limited Signing Officer |
| John Kane | Assistant Vice President |
| Rhonda Kastli | Limited Signing Officer |
| Robert Keaton | Vice President |
| Deanna Keith | Vice President |
| Patricia Kelleher | Limited Signing Officer |
| Brian Kelley | Vice President |
| Elizabeth T. Kelly | Assistant Treasurer |
| Ryan Kelly | Limited Signing Officer |
| Bryan Kerr | Limited Signing Officer |
| John Kerr | Limited Signing Officer |
| Leon Kerr | Limited Signing Officer |
| Linda Kimble | Limited Signing Officer |
| Deborah Knotts | Vice President |
| Kevin F. Konzet | Assistant Vice President |
| Andrea Kopanaiko | Limited Signing Officer |
| Cindy Kovacevic | Limited Signing Officer |
| Charles Kraft | Vice President |
| LeeAnne Kramer | Limited Signing Officer |
| Barbara Krawczun | Vice President |
| John A. Kuczeski | Senior Vice President |
| Margie Kwiantanowski | Limited Signing Officer |
| Scott Lacey | Assistant Vice President |
| Diane LaFrance | Limited Signing Officer |
| Mark Lahiff | Vice President |
| Frances L. Landuc | Limited Signing Officer |
| Brian Lee | Vice President |
| Samuel Levine | Senior Vice President |
| Terri Lewis | Vice President |
| Arthur N. Lifshutz | Assistant Vice President |
| Kristin Lim | Limited Signing Officer |
| Daniel Lionetta | Assistant Vice President |
| Trent Littleton | Limited Signing Officer |
| Marie Lockwood | Limited Signing Officer |
| Rosemary Longo | Limited Signing Officer |
| Stephanie Lowe | Limited Signing Officer |
| John Lucas | Assistant Vice President |
| Laura Lucas | Vice President |
| Todd Luckey | Limited Signing Officer |
| Michele Luszcz | Limited Signing Officer |
| Robert Lux | Vice President |
| Joanne Lynch | Limited Signing Officer |
| Bruce C. Lyons | Assistant Vice President |
| Kelly Lyons | Limited Signing Officer |
| Debra MacGregor | Assistant Vice President |
| Francis Madden | Limited Signing Officer |
| James Magee | Vice President |
| Lisa Magnuson | Limited Signing Officer |
| William J. Maguire | Senior Vice President |
| Michael J. Mahfouz | Senior Vice President |

GMACM 0007

| | |
|---|---|
| Samantha Malen | Limited Signing Officer |
| Dennie R. Marshall | Assistant Vice President |
| Ronald P. Martin | Assistant Vice President |
| William J. Marx | Assistant Treasurer |
| Chris Mayall | Limited Signing Officer |
| Patrick McClain | Limited Signing Officer |
| Patrick McClain | Vice President |
| Beverly A. McComas | Limited Officer for Real Estate Documents |
| Patrick McCool | Limited Signing Officer |
| Sonya McCumber | Limited Signing Officer |
| Valarie McDowell | Limited Signing Officer |
| Karen McKenna | Limited Signing Officer |
| Brian McKinney | Vice President |
| Hattie McLaughlin | Limited Signing Officer |
| Leonard McMorrow | Limited Signing Officer |
| Noel McNally | Vice President |
| James A. McQuaide | Vice President |
| Michael Mead | Limited Signing Officer |
| Scott W. Medrow | Vice President |
| Susan R. Meier | Vice President |
| Miriam Mendicta | Limited Officer for Real Estate Documents |
| Beth Mewaldt | Limited Signing Officer |
| Darsi Meyer | Limited Signing Officer |
| Pamela Michael | Limited Signing Officer |
| Joanne Moore | Limited Signing Officer |
| Sandra Moreno | Limited Signing Officer |
| Christopher J. Moroney | Senior Vice President |
| Mary Morris | Vice President |
| Ray Morris | Vice President |
| Jeffrey M. Morse | Assistant Vice President |
| Joseph Moskovic | Assistant Vice President |
| John Franklin Murphy | Assistant Vice President |
| Ed Muscovitch | Vice President |
| Heidi Navarro | Limited Signing Officer |
| Thomas W. Neary | Executive Vice President |
| Gary Neuman | Limited Signing Officer |
| Sandra L. Oakes | Assistant Secretary |
| Theresa Ochmanowicz | Limited Signing Officer |
| Coleen O'Donnell | Limited Signing Officer |
| Clothilde Ortega | Limited Signing Officer |
| Nancy Overcash | Assistant Vice President |
| Stephanie Owens | Limited Signing Officer |
| Lavonda Patterson | Limited Signing Officer |
| Bonnie Pelletier | Limited Signing Officer |
| Joseph A. Pensabene | Executive Vice President |
| Kenneth R. Perkins | Senior Vice President |
| Scott Permar | Limited Signing Officer |
| Jennifer Peters | Limited Signing Officer |
| William Petersohn | Limited Signing Officer |
| Charity Peterson | Limited Signing Officer |

GMACM 0008

| | |
|---|---|
| John M. Peterson | Assistant Treasurer |
| John M. Peterson | Treasurer |
| Joyce Petty | Limited Signing Officer |
| Lawrence Phelan | Limited Officer for Real Estate Documents |
| Michael A. Piazza | Senior Vice President |
| James Picard | Assistant Vice President |
| Patrick Pilarski | Limited Signing Officer |
| Nora Pio | Vice President |
| Matthew P. Piwowarski | Assistant Vice President |
| Erika Puentes | Limited Signing Officer |
| Beverly Quaresima | Limited Signing Officer |
| Cathy L. Quenneville | Secretary |
| Regis Quirin | Vice President |
| Dennis Raico | Assistant Vice President |
| Myron Ravelo | Limited Signing Officer |
| Laura E. Reichel | Vice President |
| Stephen Reilly | Assistant Vice President |
| Anthony N. Renzi | Executive Vice President |
| Sandy Reyelts | Limited Signing Officer |
| Steven A Rice | Limited Officer for Real Estate Documents |
| Erin Riebe | Vice President |
| Elizabeth C. Riess | Assistant Vice President |
| Denise Rinear | Vice President |
| Michael A. Rizzo | Senior Vice President |
| William L. Rizzo | Assistant Vice President |
| Curt Roberts | Assistant Vice President |
| Cynthia Roberts | Assistant Vice President |
| Michael Rogala | Limited Signing Officer |
| Judith Romano | Limited Officer for Real Estate Documents |
| Jeanne Rourke | Limited Signing Officer |
| Julie A. Rousselow | Vice President |
| Michael P. Rowan | Vice President |
| John G. Ruckdaschel | Assistant Secretary |
| Frank G. Ruhl | Vice President |
| Shell Rutledge | Limited Officer for Real Estate Documents |
| Colleen Sacco | Limited Signing Officer |
| Cheryl Samons | Limited Officer for Real Estate Documents |
| Cindy Sandoval | Limited Signing Officer |
| Humberto Santana | Assistant Vice President |
| Jason Sasena | Assistant Vice President |
| Kenneth A. Saso | Vice President |
| Kenneth Nino Saso | Assistant Vice President |
| Douglas Schaeffer | Vice President |
| Daniel Schmieg | Limited Officer for Real Estate Documents |
| Peter M Schneiderman | Limited Officer for Real Estate Documents |
| Colleen Schofield | Senior Vice President |
| Ann Schrader | Limited Signing Officer |
| Mary Schroeder | Limited Signing Officer |
| Angela Scottom | Limited Signing Officer |
| Stephanie Scott | Limited Signing Officer |

**GMACM 0009**

| | |
|---|---|
| Sheetal ShahJani | Limited Officer for Real Estate Documents |
| Dina S. Shapiro | Chief Tax Officer |
| Mary Ellen Shaw | Limited Signing Officer |
| Michael Sheffield | Limited Officer for Real Estate Documents |
| Melissa Sherman | Limited Signing Officer |
| Neil R. Sherman | Limited Officer for Real Estate Documents |
| Richard Siegel | Limited Officer for Real Estate Documents |
| Laura Siess | Limited Signing Officer |
| Jenee Simon | Limited Signing Officer |
| Manjeet Singh | Vice President |
| Margaret Slattery | Limited Signing Officer |
| Sandy Smiley | Limited Signing Officer |
| Jeanne Smith | Limited Signing Officer |
| Lisa Smith | Limited Signing Officer |
| Richard J. Smith | Senior Vice President |
| Rosalie Solano | Limited Signing Officer |
| Robert N. Sparrow | Vice President |
| Joseph Spicer | Limited Signing Officer |
| Michael Spinelli | Limited Signing Officer |
| Michael Squillante | Senior Vice President |
| David Stadler | Senior Vice President |
| Deborah Stengel | Limited Signing Officer |
| Jeffrey Stephan | Limited Signing Officer |
| David J. Stern | Limited Officer for Real Estate Documents |
| Richard Stires | Limited Signing Officer |
| Charles Stone | Vice President |
| Peter R. Sulick | Assistant Vice President |
| Rachel Switzer | Limited Signing Officer |
| Michael E. Tavarozzi | Vice President |
| Mary Taylor | Limited Signing Officer |
| Patricia C. Taylor | Vice President |
| Cindy Thomas | Senior Vice President |
| Steve Thompson | Senior Vice President |
| Theresa Thornburg | Limited Signing Officer |
| William J. Tierney | Assistant Secretary |
| Carolyn B. Traczykiewicz | Assistant Secretary |
| Donna M. Trask | Vice President |
| Paula L. Trevis | Assistant Secretary |
| Joseph Trimble | Limited Signing Officer |
| Ronald Troup | Limited Signing Officer |
| Barbara Tschanz | Limited Signing Officer |
| Kenneth Ugwuadu | Limited Signing Officer |
| Steve Uline | Limited Signing Officer |
| Donna Valerius | Limited Signing Officer |
| Dawn Valerius-Lutz | Limited Signing Officer |
| Jason Vecchio | Limited Signing Officer |
| Janet Vollmer | Limited Signing Officer |
| Robert W. Waddey | Assistant Vice President |
| Ronald C. Wagner | Vice President |
| Linda E. Walker | Vice President |

GMACM 0010

| | |
|---|---|
| Linda Walton | Limited Signing Officer |
| Kay Wasicki | Vice President |
| Wendy J. Wasserman | Limited Officer for Real Estate Documents |
| Rebecca Westerberg | Limited Signing Officer |
| Greg Westfall | Assistant Secretary |
| Mitzi West | Limited Officer for Real Estate Documents |
| Melissa White | Assistant Treasurer |
| Melissa White | Vice President |
| James Whitlinger | Senior Vice President |
| Catherine Williams | Senior Vice President |
| Paul Williams | Limited Signing Officer |
| Kristine Wilson | Limited Signing Officer |
| David Winans | Limited Real Estate Brokerage Officer |
| Mary Winbauer | Limited Signing Officer |
| Barbara P. Winterberger | Vice President |
| Rebecca Wirtz | Limited Signing Officer |
| Tim Witten | Limited Signing Officer |
| Danielle Woods | Limited Signing Officer |
| Dana Worral | Limited Signing Officer |
| Betty Wright | Limited Signing Officer |
| Janine Yenoah | Limited Signing Officer |
| Liz Yeranosian | Limited Signing Officer |
| James N. Young | Chief Financial Officer |
| James N. Young | Board of Directors |
| Susan Youse | Limited Signing Officer |
| Scott Zeitz | Limited Signing Officer |
| Kenneth F. Zener | Vice President |
| J. Chris Ziebold | Limited Signing Officer |
| Steve Zindler | Limited Signing Officer |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed hereto the Company Seal this ___

day of _____, 20____.

(Seal)

Carolyn B. Traczykiewicz, Assistant Secretary

GMACM 0011

GMAC MORTGAGE, LLC,
Plaintiff,
vs.
ANN M NEU, et al,
Defendants.

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA
CIVIL DIVISION
CASE NO.: 50-2008-CA-040805

STATE OF _PA_
                            )SS:
COUNTY OF __Montgomery__

### AFFIDAVIT OF LOST ORIGINAL DOCUMENT

BEFORE ME, the undersigned authority, personally appeared __Jeffrey Stephan Limited Signing Officer__ who being duly sworn, deposes and says:

1. Affiant is _____ISO_____ of the Plaintiff in the above styled action. Affiant has custody and personal knowledge of the account pertaining the original mortgage loan instruments. Affiant has actual and personal knowledge of the facts stated herein and is authorized to make this Affidavit

2. The original Note, which was executed and delivered by __Ann M. Neu__ on February 19, 2002 has been lost or destroyed. It is not presently in the custody or control of the Plaintiff or any of Plaintiff's agents. Affiant is unaware of the time or circumstances surrounding the loss or destruction of said Note. The copy of said Note attached to the Complaint is a true, correct and substantial copy of the lost or destroyed Note. The persons named in the Complaint are the only persons known to Plaintiff, or any of its agents, who are interested for or against reestablishment of the subject Note.

3. Plaintiff was in possession of the subject Note and was entitled to enforce it when loss of possession occurred. The loss of possession was not the result of a transfer by Plaintiff or a lawful seizure. Plaintiff cannot reasonably obtain possession of the subject Note because its whereabouts cannot be determined. Pursuant to Florida Statute 673.3091, Plaintiff hereby holds the Defendant obligor (s) of the Note harmless and agrees to indemnify them from any loss they may incur by reason of a claim by any other person/entity to enforce the lost Note.

FURTHER AFFIANT SAYETH NAUGHT

                                        __Jeffrey Stephan__
                                        Limited Signing Officer
                        Affiant

Sworn to and subscribed before me, this _21_ day of _May_, 2009

Notary Public, State of _____
Commissioned Name of Notary Public _____
Personally known ____ or produced identification _____
Type of Identification Produced _____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Susan Turner, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Member, Pennsylvania Association of Notaries

08-65638

Δ π EXHIBIT E
Defendant
Deponent
Date 12/16/1??? Rptr. JT3
WWW.DEPOBOOK.COM

GMAC MORTGAGE, LLC,
Plaintiff,
vs.
ANN M NEU A/K/A ANN MICHELLE PEREZ,
et al;
Defendants.

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA
CIVIL DIVISION
CASE NO.:

**50 2008 CA 040805 XXXX MB**

## SUMMONS
### PERSONAL SERVICE ON AN INDIVIDUAL
### IMPORTANT
TO DEFENDANT: ANN M NEU A/K/A ANN MICHELLE PEREZ
9640 SW 1ST PLACE, BOCA RATON, FL 33428

**AW**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.  A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phonebook).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

MARSHALL C. WATSON, P.A., ATTORNEY FOR PLAINTIFF,
1800 NW 49TH STREET, SUITE 120, Fort Lauderdale, FL 33309
Telephone: (954) 453-0365
Facsimile: (954) 771-6052

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT, PERSONS IN NEED OF A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHALL, WITHIN A REASONABLE TIME PRIOR TO ANY PROCEEDING, CONTACT THE ADMINISTRATIVE OFFICE OF THE COURT, 205 NORTH DIXIE HIGHWAY, ROOM 300, WEST PALM BEACH, FL 33401 TELEPHONE (561) 355-2431, 1-800-955-8771 (TDD) OR 1-800-955-8770 (V), VIA FLORIDA RELAY SERVICE.

EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve the Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

Dated this _____ day of _____ **3 0 2008** _____, 2008.

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

Sharon R. Bock
Clerk Of The Circuit Court
**TIKILA BROWN**
By: _____

Deputy Clerk

(See reverse side)(Vease al reves)(Voir de l'autre côté)

08-65638

Δ π EXHIBIT Defendant
Date 12/16/13  Rptr. JB
WWW.DEPOBOOK.COM

## IMPORTANTE

Usted ha sido demandado legalmente, y tiene veinte (20) dias, contados a partir del recibo de esta notificacion para contestar la demanda adjunta por escrito y presentada ante este tribunal. Una llamada telefonica no lo protegera si usted desea que el tribunal considere su defensa, debe presentar por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo pudiese perder el caso y podria ser despojado de sus ingresos y propiedades o privado de sus derechos, sin previo aviso del tribunal: Existen otros requisitos legales. Si lo desea puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona demandada abajo como "Plaintiff/Plaintiff's Attorney". (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete entreprises contre vous. Vous avez (20) jours consectits a partir de la date del assignation de cet citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger vous etes oblige de deposer votre reponse ecrite, avec mention de numero de dossier ci-dessus et do nom des parties nommees ici si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de pierde las cause ainsi que votre salaire, votre proprietes, ou vos droits ou sont ceci saisie par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pourrez aussise les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pouvez telephoner a un service de reference d'avocat, vous pouvez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique. (figurant a l'annuaire de telephones).

Si vous choisissez de repondre vous-meme a une reponse ecrite, il vous faudra egalement en meme temps que cette formalite, faire expedier ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat nomme ci-dessus).

## EXPLANATION

The summons for personal service in individuals is to be used for service on individuals under the following provisions: 48.031 (service of process generally), 48.041 (service on minors), 48.042 (service on incompetents), 48.051 (service on state prisoners), 48.183 (service of process in action for possession of residential premises), and 48.194 (personal service outside the state).

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION
CASE NO.:

**5B 2008 CA 0 40 8 0 5 XXXX MB**

GMAC MORTGAGE, LLC,

          Plaintiff,

vs.

ANN M. NEU A/K/A ANN MICHELLE
PEREZ; DOUGLAS WILLIAM NEU;
UNKNOWN    TENANT    (S)    IN
POSSESSION    OF    THE    SUBJECT
PROPERTY,
          Defendants.

**AW**

COPY
RECEIVED FOR FILING

DEC 1-9 2008

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

NOTICE OF LIS PENDENS

TO THE ABOVE STYLED DEFENDANTS AND ALL OTHERS WHOM IT MAY CONCERN:
          YOU ARE HEREBY NOTIFIED of the institution of this action by Plaintiff against you seeking to foreclose a mortgage on the following property in Palm Beach County, Florida:

     LOT 18, BLOCK 17, OF SANDALFOOT COVE SECTION FOUR, ACCORDING
     TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 29, PAGE 241, OF
     THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

including the buildings, appurtenances, and fixtures located thereon.

     DATED *December 17 2008*

               Law Offices of Marshall C. Watson, P.A.
               1800 N.W. 49TH Street, Suite 120
               Fort Lauderdale, FL 33309
               Telephone: (954) 453-0365
                         (800) 441-2438
               Facsimile: (954) 771-6052

               By:
               Amy Post, Esq.
               Bar Number: 0195456
               **Alan Schwartzseid**
                    Bar #57124

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION
CASE NO.:

GMAC MORTGAGE, LLC,

      Plaintiff,

**2008 CA 040805 XXXX MB**

vs.

ANN M NEU A/K/A ANN MICHELLE
PEREZ; DOUGLAS WILLIAM NEU;
UNKNOWN    TENANT    (S)    IN
POSSESSION    OF    THE    SUBJECT
PROPERTY,

      Defendants.

COPY
RECEIVED FOR FILING

DEC 19 2008

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

**COMPLAINT**

The Plaintiff, GMAC MORTGAGE, LLC, sues the Defendants named in the caption hereof and
alleges:

COUNT I

1. This is an action to reestablish a promissory note under Section 673.3091 Florida Statutes.

2. On February 19, 2002 at PALM BEACH County, Florida, ANN M NEU A/K/A ANN
MICHELLE PEREZ executed and delivered to MORTGAGE INVESTORS
CORPORATION, a promissory note in the principal amount of $ 87,720.00.

3. Plaintiff is the owner of said note.

4. The original promissory note was lost or destroyed subsequent to Plaintiff's acquisition thereof,
the exact time and manner of said loss or destruction being unknown to Plaintiff.

5. Plaintiff was in possession of the promissory note and was entitled to enforce it when loss of
possession occurred.

6. The loss of possession was not the result of a transfer by Plaintiff or a lawful seizure.

7. Plaintiff cannot reasonably obtain possession of the promissory note because its whereabouts
cannot be determined. Said note is not in the custody or control of Plaintiff.

8. The Defendants named in this Complaint are the only persons known to Plaintiff who are
interested for or against reestablishment of the subject note.

9. Plaintiff agrees to the entry of a Final Judgment of Mortgage Foreclosure requiring it indemnify and hold harmless the Defendants obligor(s) of the promissory note by reason of a claim by another person/entity attempting to enforce the lost note herein.

**WHEREFORE,** Plaintiff demands this court re-establish the Lost Promissory Note.

### COUNT II

10. This is an action to foreclose a mortgage on real property in **PALM BEACH** County, Florida.

11. On **February 19, 2002, ANN M NEU A/K/A ANN MICHELLE PEREZ** executed and delivered a promissory note and **ANN M NEU A/K/A ANN MICHELLE PEREZ AND DOUGLAS WILLIAM NEU** executed and delivered a Mortgage securing payment of the same to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INCORPORATED AS NOMINEE FOR MORTGAGE INVESTORS CORPORATION,** which mortgage was recorded in the Official Records Book 13473, Page 0106, of the Public Records of **PALM BEACH** County, Florida and which mortgaged the property described therein, then owned by and in possession of said mortgagor. A copy of the mortgage is attached hereto and made a part hereof.

12. Plaintiff is the owner of said note.

13. Defendant(s), **ANN M NEU A/K/A ANN MICHELLE PEREZ,** own(s) the property.

14. There has been a default under the note and mortgage held by Plaintiff in that the payment due **July 01, 2008** and all subsequent payments have not been made. Plaintiff declares the full amount due under the note and mortgage to be now due.

15. All conditions precedent to the filing of this action has been performed or has occurred.

16. There is now due, owing and unpaid to the Plaintiff as of the date of the filing of this complaint the following amounts on principal of said note and mortgage: unpaid principal balance: **$ 79,834.54,** plus interest, escrow, title search expenses for ascertaining necessary parties to this suit, title search, title exam, filing fee, and attorneys fees and costs.

17. Plaintiff has obligated itself to pay the undersigned attorneys a reasonable fee for their services herein. Pursuant to the loan documents Plaintiff is entitled to an award of attorneys fees.

18. Defendants, as UNKNOWN TENANT(S), in possession of the subject property, may claim some interest in or lien upon the subject property arising from being in actual possession of same, but interest, if any, is subject and inferior to the lien of Plaintiff's mortgage.

19. The Defendant, **DOUGLAS WILLIAM NEU** may claim some interest in or lien upon the subject property by virtue of **EXECUTING THE MORTGAGE** , which is recorded at Official Records Book 13473, Page 106 of the Public Records of PALM BEACH County. Said interest, if any, is subject and inferior to the lien of Plaintiff's mortgage.

**WHEREFORE, Plaintiff prays as follows:**

(a.)  That this Court will take jurisdiction of this cause, the subject matter and the parties hereto.

(b.)  That this Court ascertain and determine the sums of money due and payable to the Plaintiff from the Defendant(s), including without limitation principal, interest, advances, attorney fees, and costs pursuant to the loan documents.

(c.)  That the sum of money found to be due as aforesaid be decreed by this Court to be a lien upon the lands described in Plaintiff's mortgage.

(d.)  That such lien be foreclosed in accordance with the rules and established practice of this Court, and upon failure of the Defendants to pay the amount of money found to be due by them to the Plaintiff, the said land be sold to satisfy said lien.

(e.)  That this Court decree that the lien of the Plaintiff is superior to any and all right, title or interest of the Defendants herein or any person or parties claiming by, through or under them since the institution of this suit.

(f.)  That all right, title or interest of the Defendants or any person claiming by, through or under them be forever barred and foreclosed.

(g.)  That this Court grants general relief in this cause as in its discretion might be just and proper including, but not limited to, a deficiency judgment, except where a discharge is applicable, if the proceeds of the sale are insufficient to pay Plaintiff's claim.

Law Offices of Marshall C. Watson, P.A.
1800 N.W. 49TH Street, Suite 120
Fort Lauderdale, FL 33309
Telephone: (954) 453-0365
          (800) 441-2438
Facsimile: (954) 771-6052

By: _____
Amy Post, Esq.
Bar Number: 0195456
Alan Schwartzseid
Bar #57124

**Managing Attorneys**
**Marshall C. Watson**
**Caryn A. Graham**

**Associate Attorneys**
**Antonio Alonso**
**Patricia A. Arango**
**Courtney J. Bannan**
**Owei Belich**
**Anissa Bolton**
**Carolyn Baduik**
**Jessica Cabrera**
**Mizell Campbell**
**Tara Castillo**
**Linda Chelvam**
**Connie Delisser**
**Nathalie F. Desescmin**
**Ingrid Fadil**
**Kim Rae Greenberg**
**April Harriott**
**Maurice Hinton**
**Mark C. Holmberg**
**Tenia Hunter**
**Vida E. Jazaitis**

**Of Counsel**
**John A. Watson**

Telephone (954) 453-0365
Facsimile (954) 771-6052

**Associate Attorneys**
**Jeffrey Jones**
**Melody A. Martinez**
**Janice Merlies**
**Yanisa Mienditzki**
**Priscilla Moxam**
**Chad Maney**
**Wm. David Newman, Jr**
**Rebecca Nilsen**
**Carri L. Peryyra**
**Amy Post**
**Roger Rathbun**
**Robin Reyes**
**Andrew Scolaro**
**Nalini Singh**
**Alan Schwartzseid**
**Karen Thompson**
**Noel J. VanDenHouten**
**Scott R Weiss**



**LAW OFFICES**
OF MARSHALL C. WATSON

1800 NORTH WEST 49TH STREET, SUITE #120
FORT LAUDERDALE, FLORIDA 33309

December 17, 2008

### NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. SECTION 1692, AS AMENDED

RE:       Property Address:   9640 SW 1ST PLACE BOCA RATON, FL  33428
                              0600312191
          Owner:    ANN M NEU A/K/A ANN MICHELLE PEREZ
          Mortgagor:   ANN M NEU A/K/A ANN MICHELLE PEREZ AND DOUGLAS
                       WILLIAM NEU
          Our File #:   08-65638

1.  The Plaintiff, GMAC MORTGAGE, LLC, is the creditor to whom the debt is owed by those
    individuals who are obligated under the promissory note and mortgage.

2.  The debtor may dispute the validity of this debt, or any portion thereof, within 30 days of receipt
    of this Notice. If the debtor fails to dispute the debt within 30 days, the debt will be assumed valid
    by the creditor.

3.  If the debtor notifies the creditor's law firm in writing within 30 days from receipt of this notice
    that the debt, or any portion thereof, is disputed, the creditor's law firm will obtain verification of
    the debt, or a copy of a judgment and a copy of the verification will be mailed to the debtor by the
    creditor's law firm. Collection efforts, resulting in additional attorney fees and costs however, will
    continue during this 30 day period until this office receives the written request for verification.

4.  If the creditor named herein is not the original creditor, and if the debtor makes a written request
    to the creditor's law firm within 30 days of receipt of this Notice, the name and address of the
    original creditor will be mailed to the debtor by the creditor's law firm. Collection efforts, resulting
    in additional attorney fees and costs however, will continue during this 30 day period until this
    office receives the written request for the name and address of the original creditor.

5. As of December 17, 2008, you owe a total amount of $83,462.14 in certified funds. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your certified funds, in which event we will inform you before depositing the check for collection. For further information, please call 1-800-441-2438.

6. Written requests pursuant to this notice should be addressed to FAIR DEBT COLLECTION CLERK, Marshall C. Watson, P.A.

7. This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose.

8. The Law does not require me (the debt collector) to wait until the end of the thirty-day period before suing you (the consumer) to collect this debt. Once a lawsuit is commenced, all judicial remedies will be zealously pursued and attorney fees and costs, which you may be responsible for, in whole or in part, will be incurred. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period which begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you. Once the requested information is mailed to you litigation efforts will resume.

9. Even though you are required to file a response to the lawsuit prior to the thirty (30) days, your validation rights, as set forth in this notice, shall not expire for thirty (30) days.

Return to: Transcontinental Title Company
2347 Palm Beach Lakes Blvd.
Suite 202 | 6 |
West Palm Beach, FL 33409

Return To:
Mortgage Investors
Corporation
6090 CENTRAL AVENUE, ST.
PETERSBURG, FL 33707

This document was prepared by:

Juan Rosario
6090 Central Avenue, St.
Petersburg, FL 33707

17495

03/05/2002  10:03:43  20020117254
OR BK 13473 PG 0106
Palm Beach County, Florida
AMT 87,729.00
Deed Doc 307.30
Intang 175.44

[Space Above This Line For Recording Data]

# MORTGAGE

MIN 1000733277G1501512

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated February 19, 2002 together with all Riders to this document.

(B) "Borrower" is Ann M. Neu, Married Woman, and
        Douglas William Neu, her husband

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is MORTGAGE INVESTORS CORPORATION

277018

FLORIDA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS                    Form 3010  1/01

-6A(FL) (0005)
Page 1 of 16            Initials

VMP MORTGAGE FORMS - (800)521-7291

BOOK 13473   PAGE 0107

Lender is a Corporation
organized and existing under the laws of Ohio
Lender's address is 6090 CENTRAL AVENUE, ST. PETERSBURG, FL 33707

(E) "Note" means the promissory note signed by Borrower and dated February 19, 2002
The Note states that Borrower owes Lender eighty-seven thousand seven hundred twenty
and 00/100                                                                     Dollars
(U.S. $87,720.00         ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than March 1, 2032.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☒ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

277815

-66FL) 0000                          Page 2 of 15                          Form 3010  1/01

BOOK 13473    PAGE 0196

(F) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(G) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County    [Type of Recording Jurisdiction]
of Palm Beach    [Name of Recording Jurisdiction]:
SEE EXHIBIT A ATTACHED AND MADE PART HEREOF.

Parcel ID Number: 00-42-47-30-08-017-0190    which currently has the address of
9640 Southwest 1st Place    [Street]
Boca Raton    [City], Florida 33480    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
277815

-6A(FL) -0000.01    Page 3 of 16    Form 3010  1/01

BOOK 13473    PAGE 0189

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment

277815

MMFL1 N0026 01                                Page 4 of 16                                Form 3010  1/01