**10. ALLONGE TO THIS NOTE**
If an allonge providing for payment adjustments or for any other supplemental information is executed by the Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box)    NONE   ATT'N

☐ Graduated Payment Allonge            ☐ Other [Specify]            ☐ Other [Specify]

**11. DOCUMENTARY TAX**
The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

**12. UNIFORM SECURED NOTE**
This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Regulations (38 C.F.R. Part 36) issued under the Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Ann M. Neu                          (Seal)                                          (Seal)
Ann M. Neu                          -Borrower                                      -Borrower

Without Recourse Pay To The Order Of

_____    (Seal)            _____    (Seal)
                                    -Borrower                                      -Borrower

Mortgage Investors Corporation

By: _____        (Seal)            _____    (Seal)
Date: 2/27/08                       -Borrower                                      -Borrower

DOREEN FAY
ASSISTANT VICE PRESIDENT             (Seal)            _____    (Seal)
                                    -Borrower                                      -Borrower

                                                                            [Sign Original Only]

277815

⟨⟩ -5(FL) (0001)                          Page 3 of 3                          Form 3210 1/01

0171761280369     600312198

# NOTE

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

| February 19, 2002 | Boca Raton | FL |
|---|---|---|
| [Date] | [City] | [State] |

9640 Southwest 1st Place, Boca Raton, FL 33428

[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received I promise to pay U S $87,720.00 (this amount is called "Principal"). plus interest, to the order of the Lender. The Lender is MORTGAGE INVESTORS CORPORATION

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      6.500 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st      day of each month beginning on April 1, 2002      . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 1, 2032      , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 6090 CENTRAL AVENUE, ST. PETERSBURG, FL 33707
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 554.46

### 4. BORROWER'S RIGHT TO PREPAY

The Borrower shall have the right to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or $100.00, whichever is less. Any Prepayment in full of the indebtedness shall be credited on the date received, and no interest may be charged thereafter. Any partial Prepayment made on other than an installment due date need not be credited until the next following installment due date or 30 days after such Prepayment, whichever is earlier.

277815

FLORIDA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Amended for Veterans Affairs

| | Form 3210 1/01 |
|---|---|
| | Amended 6/00 |
| -SG(FL) (0005) | |
| VMP MORTGAGE FORMS - (800)521-7291 | |
| Page 1 of 3 | Initials: AMJ |



Δ π EXHIBIT ___
Deponent _____
Date _____ Rptr._____
WWW.DEPOBOOK.COM

GMACM 0017

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **4.000** % of my overdue payment. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

277815

-5G(FL) (0005)

Page 2 of 3

Form 3210 1/01

Initials: _____

GMACM 0018

**10. ALLONGE TO THIS NOTE**

If an allonge providing for payment adjustments or for any other supplemental information is executed by the Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]  NONE  ATTN)

☐ Graduated Payment Allonge                    ☐ Other [Specify]                    ☐ Other [Specify]

**11. DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

**12. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Regulations (38 C.F.R. Part 36) issued under the Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Ann M Neu_ (Seal)          _____ (Seal)
Ann M. Neu                -Borrower                              -Borrower

Without Recourse Pay To The Order Of          PAY TO THE ORDER OF

_GMAC Bank_ (Seal)          WITHOUT RECOURSE
                          -Borrower       GMAC MORTGAGE CORPORATION (Seal)
                                                              -Borrower
Mortgage Investors Corporation           _K. Doherty_
                                          K. Doherty, Assistant Vice President
By: _____ (Seal)
                          -Borrower       _____ (Seal)
Date: _2/27/08_                                              -Borrower

DOREEN FAY (Seal)          Pay to the Order of
ASSISTANT VICE PRESIDENT    -Borrower      GMAC Mortgage Corporation (Seal)
                                          Without Recourse              -Borrower

                                          [Sign Original Only]
277815                                    _Joanne Wight_
                                          Joanne Wight, Vice President
                                          Acting Agent for GMAC Bank

[logo] -SG(FL) (0005)              Page 2 of 3              Form 3210 1/01

**GMACM 0019**

## IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

GMAC MORTGAGE, LLC,

    Plaintiff,

vs.

ANN M NEU A/K/A ANN MICHELLE
PEREZ; DOUGLAS WILLIAM NEU;
UNKNOWN TENANT (S) IN
POSSESSION OF THE SUBJECT
PROPERTY,

    Defendants.

_____/

GENERAL JURISDICTION DIVISION

CASE NO.
50 2008 CA 040805XXXX MB

Division: AW

**DEFENDANT, ANN M.
NEU'S, REQUEST FOR
PRODUCTION
REGARDING JEFFREY
STEPHAN DOCUMENTS**

Defendant, ANN M. NEU, pursuant to Fla.R.Civ.P. 1.350, requests the Plaintiff,

GMAC MORTGAGE, LLC, to produce and permit the Defendants to inspect and copy,

within 30 days, each of the following documents:

    1.    Jeffrey Stephan's most recent *curriculum vitae*.

    2.    The corporate resolution or other official action of the directors of GMAC

Mortgage, LLC making Jeffrey Stephan a Limited Signing Officer.

    3.    The Corporate Resolution valid on March 5, 2008 permitting Jeffrey

Stephan to sign as Vice Present of Mortgage Electronic Registration Systems, Inc.

("MERS") to assign the lien of a mortgage loan filed in this case.

    4.    All lists of Certifying Officers associated with the Corporate Resolution

produced in response to the Request for Production No. 3.

    5.    All MERS® System documents, records, computer data, or other MERS

information reviewed by Jeffrey Stephan prior to executing the Assignment of Mortgage

filed in this case to determine the proper assignee.

Δ π EXHIBIT ____
Deponent _____
Date _____ Rptr. JB
WWW.DEPOBOOK.COM

6.      All letters, emails or other communications from anyone instructing Jeffrey Stephan to execute the Assignment of Mortgage filed in this case.

7.      All documents, computer entries, digital images, electronic correspondence or other written materials regarding the search for the lost note, including but not limited to any documents cataloging or discussing:

- the locations searched;
- the identity (name, present or last known address and present or last known place of employment) of persons performing the search;
- the identity (name, present or last known address and present or last known place of employment) of all persons queried in the search;
- the expected location of the Promissory Note;
- the last known location of the Promissory Note;
- the date the search began; and
- the total time in person-hours spent searching.

8.      All documents, computer entries, digital images, electronic correspondence or other written materials regarding the determination that "Plaintiff was in possession of the subject note and was entitled to enforce it when loss of possession occurred."

9.      All documents, computer entries, digital images, electronic correspondence or other written materials regarding the determination that "the loss of possession was not the result of a transfer by Plaintiff or a lawful seizure."

10.     All documents, computer entries, digital images, electronic correspondence or other written materials regarding the determination that "Plaintiff cannot reasonably obtain possession of the subject note because its whereabouts cannot be determined."

11.     All documents, computer entries, digital images, electronic correspondence or other written materials regarding the identity all the persons and/or

ICE LEGAL, P.A.
1975 SANSBURYS WAY, SUITE 104, WEST PALM BEACH, FL 33411 • TELEPHONE (561)793-5658 • FACSIMILE (866) 507-9888

CASE NO. 50 2008 CA 040805XXXX MB

entities who are the current beneficial owners of, or who have a beneficial or equitable interest in the promissory note.

12.    All    documents,    computer    entries,    digital    images,    electronic correspondence or other written materials regarding the identity all the persons and/or entities who are current legal owners of, or who have a legal interest in, the promissory note.

13.    All    documents,    computer    entries,    digital    images,    electronic correspondence or other written materials regarding the safekeeping and custody of the subject promissory note up to the date, including, but not limited to the location of the repository for the mortgage loan.

14.    All receipts, bills, contracts, Pooling and Servicing Agreements, Mortgage Loan Schedules or any other documents evidencing Plaintiff's and/or Government National Mortgage Association's purchase of the subject mortgage loan from the original lender.

Dated: August 3, 2009.

ICE LEGAL, P.A.
Counsel for Defendant
1975 Sansburys Way, Suite 104
West Palm Beach, FL 33411
Telephone (561)793-5658
Facsimile (866) 507-9888

By:    _____

THOMAS E. ICE
Florida Bar No. 0521655

CASE NO. 50 2008 CA 040805XXXX MB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing sent by mail

and facsimile August 3, 2009 to all parties on the attached service list.

>           ICE LEGAL, P.A.
>           Counsel for Defendant
>           1975 Sansburys Way, Suite 104
>           West Palm Beach, FL 33411
>           Telephone (561)793-5658
>           Facsimile (866) 507-9888
>
>
>           By: _____/s/_____
>               THOMAS E. ICE
>               Florida Bar No. 0521655

## SERVICE LIST

Chad Muney, Esq.
LAW OFFICES OF
MARSHALL C. WATSON, P.A.
1800 N.W. 49th Street, Suite 120
Fort Lauderdale, FL 33309(954) 453-0365
*Plaintiff's counsel*

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

GMAC MORTGAGE, LLC,

        Plaintiff,

vs.

ANN M. NEU A/KA ANN MICHELLE
PEREZ; DOUGLAS WILLIAM NEU; et al.

        Defendants.
_____/

CASE NO: 50 2008 CA 040805XXXX MB

DIVISION: AW

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION "REGARDING JEFFREY STEPHAN DOCUMENTS"

Plaintiff, GMAC Mortgage, LLC, pursuant to Rule 1.350 of the Florida Rules of Civil

Procedure, serves its Response to Defendant Ann M. Neu's Request for Production "Regarding

Jeffrey Stephan Documents."

    *1.    Jeffrey Stephan's most recent curriculum vitae.*
**Response:**

Objection. This request seeks information that is not likely to lead to the discovery of

admissible evidence, and is not relevant to the claims and defenses in this action.

    *2.    The corporate resolution or other official action of the directors of GMAC Mortgage,
LLC making Jeffrey Stephan a Limited Signing Officer.*
**Response:**

Inspection will be permitted.



3.      *The Corporate Resolution valid on March 5, 2008 permitting Jeffrey Stephan to sign
as Vice President of Mortgage Electronic Registration Systems, Inc. ("MERS") to assign the lien of a
mortgage loan filed in this case.*
**Response:**

Inspection will be permitted.

4.      *All lists of Certifying Officers associated with the Corporate Resolution produced in
response to the Request for Production No.3.*
**Response:**

Objection.  This request seeks information that is not reasonably calculated to lead to the

discovery of admissible evidence.

Subject to and without waiving this objection, inspection will be permitted of the applicable

list of certifying officers in effect when Jeffrey Stephan signed on behalf of MERS.

5.      *All MERS® System documents, records, computer data, or other MERS information
reviewed by Jeffrey Stephan prior to executing the Assignment of Mortgage filed in this case to
determine the proper assignee.*
**Response:**

Objection.  This request is vague, ambiguous, and improperly presumes Plaintiff has custody

or control over any "MERS System documents"

Subject to and without waiving this objection, Plaintiff's response is none.

6.      *All letters, emails or other communications from anyone instructing Jeffrey Stephan
to execute the Assignment of Mortgage filed in this case.*
**Response:**

Objection.. This request is vague and ambiguous, seeks information that is not reasonably

calculated to lead to the discovery of admissible evidence, and/or may be exempt from discovery as

privileged attorney-client communications, or protected by the work product doctrine.

Subject to and without waiving this objection, Plaintiff's response is none.

7.    All documents, computer entries, digital images, electronic correspondence or other written materials regarding the search for the lost note, including but not limited to any documents cataloging or discussing:

- the locations searched;
- the identity (name, present or last known address and present or last known place of employment) of persons performing the search;
- the identity (name, present or last known address and present or last known place of employment) of all persons queried in the search;
- the expected location of the Promissory Note;
- the last known location of the Promissory Note;
- the date the search began; and
- the total time in person-hours spent searching.

**Response:**

Objection. This request assumes the Note is currently lost, and that Plaintiff is seeking to re-establish a lost note. The original Promissory Note has been located, and will be filed in this action with the Clerk of Courts. Plaintiff is no longer making this claim, and plans to amend its Complaint to drop the count to re-establish the Note.

8.    All documents, computer entries, digital images, electronic correspondence or other written materials regarding the determination that "Plaintiff was in possession of the subject note and was entitled to enforce it when loss of possession occurred."
**Response:**

Objection. This request assumes the Note is currently lost, and that Plaintiff is seeking to re-establish a lost note. The original Promissory Note has been located, and will be filed in this action with the Clerk of Courts. Plaintiff is no longer making this claim, and plans to amend its Complaint to drop the count to re-establish the Note.

9.    All documents, computer entries, digital Images, electronic correspondence or other written materials regarding the determination that "the loss of possession was not the result of a transfer by Plaintiff or a lawful seizure."
**Response:**

Objection. This request assumes the Note is currently lost, and that Plaintiff is seeking to re-establish a lost note. The original Promissory Note has been located, and will be filed in this action with the Clerk of Courts. Plaintiff is no longer making this claim, and plans to amend its Complaint to drop the count to re-establish the Note.

12/08/2009   16:30   LAW OFFICES                         FAX 9055890000                  P.005/012

10.    All documents, computer entries, digital images, electronic correspondence or other
written materials regarding the determination that "Plaintiff cannot reasonably obtain possession of
the subject note because its whereabouts cannot be determined."
**Response:**

Objection.  This request assumes the Note is currently lost, and that Plaintiff is seeking to re-

establish a lost note.  The original Promissory Note has been located, and will be filed in this action

with the Clerk of Courts.  Plaintiff is no longer making this claim, and plans to amend its Complaint

to drop the count to re-establish the Note.

11.    All documents, computer entries, digital images, electronic correspondence or other
written materials regarding the identity all the persons and/or entities who are the current beneficial
owners of, or who have a beneficial or equitable interest in the promissory note.
**Response:**

Objection.  This request is vague and ambiguous, and seeks information that is irrelevant and

is overbroad.

12.    All documents, computer entries, digital images, electronic correspondence or other
written materials regarding the identity all the persons and/or entities who are current legal owners
of, or who have a legal interest in, the promissory note.
**Response:**

Inspection of the original Note, endorsed to GMAC Mortgage Corporation, which is now

GMAC Mortgage, LLC, will be permitted.

13.    All documents, computer entries, digital images, electronic correspondence or other
written materials regarding the safekeeping and custody of the subject promissory note up to the
date, including, but not limited to the location of the repository for the mortgage loan.
**Response:**

Objection.  The phrase, "repository for the mortgage loan," is vague and ambiguous, and the

request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.

14.    *All receipts, bills, contracts, Pooling and Servicing Agreements, Mortgage Loan Schedules or any other documents evidencing Plaintiff's and/or Government National Mortgage Association's purchase of the subject mortgage loan from the original lender.*
    **Response:**

Objection. This request is misleading in that it assumes Plaintiff and/or Government

National Mortgage Association purchased the mortgage loan from the original lender.

Subject to and without waiving this objection, there are no responsive documents.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the above was served by U.S. Mail and facsimile on December 8, 2009, to the parties on the attached service list.

Respectfully submitted,

LAPIN & LEICHTLING, LLP
255 Alhambra Circle
Suite 800
Coral Gables, Florida 33134
Telephone No.: (305) 569-4100
Facsimile No.: (305) 569-0000

By: _____
    JEFFREY S. LAPIN
    Florida Bar No. 0993298
    N. ALEJANDRA ARROYAVE
    Florida Bar No. 648981

## SERVICE LIST

Thomas Ice, Esq.
Ice Legal, P.A.
Counsel for Defendant
1975 Sansburys Way, Suite 115
West Palm Beach, Florida 33411

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

GMAC MORTGAGE, LLC,

                Plaintiff,

CASE NO: 50 2008 CA 040805XXXX MB

DIVISION: AW

vs.

ANN M. NEU A/K/A ANN MICHELLE
PEREZ; DOUGLAS WILLIAM NEU; *et al.*

                Defendants.

_____/

## CERTIFICATE OF SERVICE OF PLAINTIFF'S AMENDED ANSWERS TO DEFENDANT'S "NOTE AUTHENTICITY/OWNERSHIP" INTERROGATORIES

    **WE HEREBY CERTIFY** that a true and correct copy of Plaintiff's Amended Answers to Defendant's "Note Authenticity/Ownership" Interrogatories to Plaintiff, GMAC Mortgage, LLC, was served on December 8, 2009, via U.S. Mail to the parties on the attached Service List.

                Respectfully submitted,

                LAPIN & LEICHTLING, LLP
                255 Alhambra Circle
                Suite 800
                Coral Gables, Florida 33134
                Telephone No.: (305) 569-4100
                Facsimile No.: (305) 569-0000

                By: _____
                    JEFFREY S. LAPIN
                    Florida Bar No. 0993298
                    N. ALEJANDRA ARROYAVE
                    Florida Bar No. 648981

## SERVICE LIST

Thomas Ice, Esq.
Ice Legal, P.A.
Counsel for Defendant
1975 Sansburys Way, Suite 115
West Palm Beach, Florida 33411



## GMAC MORTGAGE, LLC'S AMENDED ANSWERS TO DEFENDANTS' "NOTE AUTHENTICITY/OWNERSHIP" INTERROGATORIES

2.    *Please describe, in detail, the material facts, as they existed on the date that the Complaint was filed, necessary to support the claim that "Plaintiff cannot reasonably obtain possession of the promissory note because its whereabouts cannot be determined," (Complaint ¶ 7), including, but not limited to:*

- *the locations searched;*
- *the identity (name, present or last known address and present or last known place of employment) of persons performing the search;*
- *the identity (name, present or last known address and present or last known place of employment) of all persons queried in the search;*
- *the expected location of the Promissory Note;*
- *the last known location of the Promissory Note;*
- *the date the search began; and*
- *the total time in person-hours spent searching.*

**Response:**

The original Promissory Note has been located, and will be filed in this action with the Clerk of Courts. Plaintiff is no longer making this claim and plans to amend its Complaint to drop the count to re-establish the Note.

3.    *Please describe in detail, the material facts, as they existed on the date that the Complaint was filed, necessary to support the claim that "Plaintiff was in possession of the Mortgage Note and was entitled to enforce it when loss of possession occurred," as alleged in Complaint (¶ 5), including, but not limited to:*

- *the identity (name, present or last known address and present or last known place of employment) of the person(s) responsible for verifying the material facts upon which the claim is based, and*
- *a description, sufficiently specific for a request for production, of the documents upon which you relied for making that claim. (If you will produce the documents without a formal request for production, please attach copies of the documents to your answers.)*

**Response:**

The original Promissory Note has been located, and will be filed in this action with the Clerk of Courts. Plaintiff is no longer making this claim and plans to amend its Complaint to drop the count to re-establish the Note.

By: _____
Name: Juan A. Aguirre
Title: Senior Litigation Analyst

STATE OF Texas
COUNTY OF Dallas

Sworn to and subscribed before me this 8th day of December, 2009, by
Juan A. Aguirre, who (is personally known to me) or has produced
_____ as identification.

_____
(Signature of Notary Public)
State of Texas

Chantell P. Owens
Print Name

CHANTELL P. OWENS
MY COMMISSION EXPIRES
October 10, 2011

Stamp Commissioned Name of Notary Public

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

GMAC MORTGAGE, LLC,                          GENERAL JURISDICTION DIVISION

    Plaintiff,                             CASE NO.
                                             50 2008 CA 040805XXXX MB
vs.
                                             Division: AW

ANN M NEU A/K/A ANN MICHELLE
PEREZ; DOUGLAS WILLIAM NEU;
UNKNOWN TENANT (S) IN
POSSESSION OF THE SUBJECT                    **NOTICE OF TAKING**
PROPERTY,                                    **DEPOSITION**
                                             **(DUCES TECUM)**

    Defendants.
_____/

    PLEASE TAKE NOTICE that the undersigned attorney will take the deposition
(duces tecum) of:

**NAME:**          **Jeffrey Stephan (Plaintiff's Limited Signing Officer and**
                   **Vice-President of Mortgage Electronic Registration**
                   **Systems Incorporated.)**

**DATE:**          **December 10, 2009**

**TIME:**          **1:00 p.m.**

**PLACE:**         **Consor & Associates Reporting & Transcription**
                   **1655 Palm Beach Lakes Blvd Suite 500**
                   **West Palm Beach, Florida**

upon oral examination before, **Consor & Associates Reporting & Transcription**,
Notary Public, or any other Notary Public or officer authorized by law to take depositions
in the State of Florida.  The oral examination will continue from day to day until
completed.  The deposition is being taken for the purpose of discovery, for use at trial, or
for such other purposes as are permitted under the Rules of Court or Applicable Statutes.

    The Deponent is to have with him at the time of the deposition all documents

listed in Exhibit A.

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY
ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS DEPOSITION, YOU
MAY REQUEST SUCH ASSISTANCE BY CONTACTING THOMAS E. ICE, 1975
SANSBURYS WAY, SUITE 115, WEST PALM BEACH, FL 33411, TELEPHONE:

CASE NO. 50 2008 CA 040805XXXX MB

(561) 793-5658 WITHIN 2 WORKING DAYS OF YOUR RECEIPT OF THIS
SUBPOENA; IF YOU ARE HEARING OR VOICE IMPAIRED, CALL 711.

Dated: November 18, 2009.

ICE LEGAL, P.A.
Counsel for Defendant
1975 Sansburys Way, Suite 104
West Palm Beach, FL 33411
Telephone (561)793-5658
Facsimile (866) 507-9888

By: _____
THOMAS E. ICE
Florida Bar No. 0521655

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

mail and facsimile this November 18, 2009 to all parties on the attached service list.

ICE LEGAL, P.A.
Counsel for Defendant
1975 Sansburys Way, Suite 104
West Palm Beach, FL 33411
Telephone (561)793-5658
Facsimile (866) 507-9888

By: _____
THOMAS E. ICE
Florida Bar No. 0521655

CASE NO. 50 2008 CA 040805XXXX MB

## SERVICE LIST

Alejandra Arroyave, Esq.
LAPIN & LEICHTLING
255 Alahambra Circle Suite 800
Coral Gables, FL 33134
*Plaintiff's counsel*

## Court Reporter:

Consor & Associates Reporting & Transcription
1655 Palm Beach Lakes Blvd Suite 500
West Palm Beach, Florida 33401

ICE LEGAL, P.A.
1975 SANSBURYS WAY, SUITE 104, WEST PALM BEACH, FL 33411 • TELEPHONE (561)793-5658 • FACSIMILE (866)507-9888

CASE NO. 50 2008 CA 040805XXXX MB

## EXHIBIT A

1.      The deponent's most recent *curriculum vitae.*

2.      The corporate resolution or other official action of the directors of GMAC Mortgage, LLC making deponent a Limited Signing Officer.

3.      The Corporate Resolution valid on March 5, 2008 permitting deponent to sign as Vice Present of Mortgage Electronic Registration Systems, Inc. ("MERS") to assign the lien of a mortgage loan filed in this case.

4.      All lists of Certifying Officers associated with the Corporate Resolution produced in response to the Request for Production No. 3.

5.      All MERS® System documents, records, computer data, or other MERS information reviewed by deponent prior to executing the Assignment of Mortgage filed in this case to determine the proper assignee.

6.      All letters, emails or other communications from anyone instructing deponent to execute the Assignment of Mortgage filed in this case.

7.      All documents, computer entries, digital images, electronic correspondence or other written materials regarding the search for the lost note, including but not limited to any documents cataloging or discussing:

- the locations searched;
- the identity (name, present or last known address and present or last known place of employment) of persons performing the search;
- the identity (name, present or last known address and present or last known place of employment) of all persons queried in the search;
- the expected location of the Promissory Note;
- the last known location of the Promissory Note;
- the date the search began; and
- the total time in person-hours spent searching.

ICE LEGAL, P.A.
1975 SANSBURYS WAY, SUITE 104, WEST PALM BEACH, FL 33411 • TELEPHONE (561)793-5658 • FACSIMILE (866) 507-9888

CASE NO. 50 2008 CA 040805XXXX MB

8.    All   documents,   computer   entries,   digital   images,   electronic correspondence or other written materials regarding the determination that "Plaintiff was in possession of the subject note and was entitled to enforce it when loss of possession occurred."

9.    All   documents,   computer   entries,   digital   images,   electronic correspondence or other written materials regarding the determination that "the loss of possession was not the result of a transfer by Plaintiff or a lawful seizure."

10.   All   documents,   computer   entries,   digital   images,   electronic correspondence or other written materials regarding the determination that "Plaintiff cannot reasonably obtain possession of the subject note because its whereabouts cannot be determined."

11.   All   documents,   computer   entries,   digital   images,   electronic correspondence or other written materials regarding the identity all the persons and/or entities who are the current beneficial owners of, or who have a beneficial or equitable interest in the promissory note.

12.   All   documents,   computer   entries,   digital   images,   electronic correspondence or other written materials regarding the identity all the persons and/or entities who are current legal owners of, or who have a legal interest in, the promissory note.

13.   All   documents,   computer   entries,   digital   images,   electronic correspondence or other written materials regarding the safekeeping and custody of the subject promissory note up to the date, including, but not limited to the location of the repository for the mortgage loan.

ICE LEGAL, P.A.
1975 SANSBURYS WAY, SUITE 104, WEST PALM BEACH, FL 33411 • TELEPHONE (561)793-5658 • FACSIMILE (866) 507-9888

CASE NO. 50 2008 CA 040805XXXX MB

14.    All receipts, bills, contracts, Pooling and Servicing Agreements, Mortgage Loan Schedules or any other documents evidencing Plaintiff's and/or Government National Mortgage Association's purchase of the subject mortgage loan from the original lender.

ICE LEGAL, P.A.
1975 SANSBURYS WAY, SUITE 104, WEST PALM BEACH, FL 33411 • TELEPHONE (561)793-5658 • FACSIMILE (866) 507-9888

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN
AND FOR PALM BEACH COUNTY,
FLORIDA

GMAC MORTGAGE, LLC,

          Plaintiff,

CASE NO: 50 2008 CA 040805XXXX MB

DIVISION: AW

vs.

ANN M. NEU A/KA ANN MICHELLE
PEREZ; DOUGLAS WILLIAM NEU; *et al.*

          Defendants.

_____/

## CERTIFICATE OF SERVICE OF PLAINTIFF'S AMENDED ANSWERS TO DEFENDANT'S "MORTGAGE LOAN OWNERSHIP" INTERROGATORIES

**WE HEREBY CERTIFY** that a true and correct copy of Plaintiff's Amended Answers to Defendant's "Mortgage Loan Ownership" Interrogatories to Plaintiff, GMAC Mortgage, LLC, was served on December 8, 2009, via facsimile and U.S. Mail to the parties on the attached Service List.

Respectfully submitted,

LAPIN & LEICHTLING, LLP
255 Alhambra Circle
Suite 800
Coral Gables, Florida 33134
Telephone No.: (305) 569-4100
Facsimile No.: (305) 569-0000

By: _____
    JEFFREY S. LAPIN
    Florida Bar No. 0993298
    N. ALEJANDRA ARROYAVE
    Florida Bar No. 648981

## SERVICE LIST

Thomas Ice, Esq.
Ice Legal, P.A.
Counsel for Defendant
1975 Sansburys Way, Suite 115
West Palm Beach, Florida 33411



## GMAC MORTGAGE, LLC'S AMENDED ANSWERS TO DEFENDANTS' "MORTGAGE LOAN OWNERSHIP" INTERROGATORIES

    2.    *Please identify all persons and/or entities who are the current beneficial owners of, or who have a beneficial or equitable interest in the Promissory Note.*

**Response:**

    Federal National Mortgage Association.

    3.    *Please identify all the persons and/or entities who are current legal owners of, or who have a legal interest in, the Promissory Note.*

**Response:**

    GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation.

    5.    *Please identify the current investor or investors with an interest in the Mortgage Loan, including, but not limited to, those holding an interest through the purchase of securities backed by the Mortgage Loan.*

**Response:**

    Federal National Mortgage Association.

    8.    *Please identify the Trust in which the subject loan has been securitized, as well as the Trustee, and the applicable Pooling and Servicing Agreement.*

**Response:**

    Plaintiff is unaware of any Trust or applicable Pooling and Servicing Agreement.

    9.    *Please state whether there are any terms of the applicable Pooling and Servicing Agreement that restrict or limit Your authority to modify the subject loan, and if so, please describe the restrictions or limitations, including but not limited to:*

    a.    *Whether loan modifications are forbidden outright;*

    b.    *Whether only certain types of modifications are permitted, and if so, the types that are permitted;*

    c.    *Whether there is a cap on the total number of loans in the pool that may be modified, and if so, whether that cap has been reached;*

12/08/2009   16:32   LAW OFFICES                           (FAX)3055690000                    P.012/012

d.      Whether You are required to purchase any loans that You modify at an amount
        equal to or greater than the face value outstanding.

**Response:**

Plaintiff is unaware of any applicable Pooling and Servicing Agreement.

10.     Please state whether the applicable Pooling and Servicing Agreement requires
that the Promissory Note by physically transferred or delivered to the Trustee within a certain
time period upon formation of the Trust, and if so, what that time period is and whether the
Promissory Note was physically transferred or delivered to the Trustee before the expiration of
that time period.
**Response:**

Plaintiff is unaware of any applicable Pooling and Servicing Agreement.

---

By: _____
      Name: Juan A. Aguirre
      Title: Senior Litigation Analyst


STATE OF  Texas
COUNTY OF  Dallas

        Sworn to and subscribed before me this 8th day of December, 2009, by
Juan A. Aguirre, who is personally known to me or has produced
_____ as identification.


_____
(Signature of Notary Public)
State of Texas

Chantell P. Owens
Print Name

CHANTELL P. OWENS
MY COMMISSION EXPIRES
October 10, 2011

Stamp Commissioned Name of Notary Public

STATE OF FLORIDA · PALM BEACH COUNTY

This copy is a true copy of the ORIGINAL
on file in this office. WITNESS my
hand and Official Seal.

THIS 3RD DAY OF MAY, 20 12

SHARON R. BOCK
CLERK & COMPTROLLER

By

DEPUTY CLERK