Hearing Date: November 15, 2013 at 1:30 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Alexandra Steinberg Barrage
Jonathan M. Petts

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION
UNDER SECTION 365 OF THE BANKRUPTCY CODE TO ASSUME AND ASSIGN
SERVICING RELATED AGREEMENTS WITH IMPAC FUNDING CORPORATION
AND IMPAC MORTGAGE HOLDINGS, INC.**

ny-1114934

Hearing Date: November 15, 2013 at 1:30 p.m. (ET)

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this reply (the "Reply") to the limited objection [Docket No. 4882] (the "Objection") of Impac Funding Corporation and Impac Mortgage Holdings, Inc. (collectively, "Impac") to the *Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc.* [Docket No. 4744] (the "Assignment Motion").[1]  In support of the Reply, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. Since this Court's approval of the Sale Order on November 21, 2012, the Debtors have resolved virtually all of the issues raised by parties who filed timely objections to the proposed assumption and assignment of executory contracts in connection with the Debtors' sale of its servicing platform.  Pursuant to the Sale Procedures Order, the Debtors, in consultation with counsel for the Creditors' Committee and Ocwen, have successfully negotiated numerous stipulations with contract counterparties, none of which required significant (if any) judicial intervention or formal discovery.  These negotiations have provided a significant benefit to the Debtors' estates and to creditors, resulting in the Debtors' receipt of over $90 million in proceeds since the closing of the Ocwen sale.  The Debtors expect to receive tens of millions of additional sale proceeds once the contemplated assignments are completed.

2. With the exception of Syncora Guarantee Inc.—with whom the Debtors have reached a settlement in principle—Impac is the last remaining party with a substantive

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Assignment Motion.

1

ny-1114934

objection to the Debtors' assignment of executory contracts in these Chapter 11 Cases.[2] Although the Debtors have gone to great lengths in attempting to consensually resolve the Objection, and although the parties have continued to engage in discussions following the Debtors' status conference before the Court on November 4, 2013, no settlement has yet been reached.

3.   The Objection is unfounded and moot on all grounds.  First, Impac argues that the Debtors seek to assume the Excluded Impac Agreements (as defined below) without paying amounts owing for cure under section 365 of the Bankruptcy Code.  Objection ¶¶ 12, 15-20.  The Debtors, however, agree to (i) pay $287,740.04 in undisputed cure amount upon transfer of the Excluded Impac Agreements to Ocwen, and (ii) reserve $2,562,255.93 in alleged damages (exclusive of alleged attorneys' fees and expenses, to which the Debtors reserve all rights to contest), which is the full amount Impac asserts it is owed as of the filing of the Objection.  Objection ¶ 13.  Furthermore, to the extent this amount has increased since the filing of the Objection, the Debtors are willing to reserve an amount greater than $2,562,255.93 that is deemed reasonable by the Court.  By reserving the cure amount, the Debtors will be able to expeditiously consummate the assignment of the Impac-related agreements to Ocwen and realize the resulting sale proceeds.  Second, Impac argues that the Debtors purport to retain the right to reject the agreements after assumption and after confirmation of the Plan.  Objection at ¶¶ 12, 21-25.  This basis for the Objection is also moot, as the Debtors agree, subject to the establishment of an acceptable reserve to satisfy the disputed cure amount, to waive the right to

---

[2] The Debtors recently entered into a stipulation with Ambac Assurance Corporation and Ocwen so ordered by this Court on October 18. 2013 [Docket No. 5389] in resolution of over 65 deals.

2

ny-1114934

reject the Excluded Impac Agreements.³  Third, Impac argues that its proof of claim cannot be expunged upon the Debtors' payment of the cure amount associated with the Excluded Impac Agreements. Objection at ¶¶ 12, 26-28. Impac is mistaken, however, because Impac has no claim against the Debtors outside of its claim for purported breaches of the Excluded Impac Agreements. Accordingly, the Court should overrule the Objection and grant the Debtors' requested relief in the Assignment Motion.

## BACKGROUND

4.  Impac and the Debtors are parties to ten (10) servicing related agreements that were listed on the Assignment Notice (the "Noticed Agreements," listed on Exhibit 1 to the Motion). Eight (8) of the Noticed Agreements were assumed and assigned to Ocwen as of the Closing Date (the "Previously Assigned Agreements," listed on Exhibit 2 to the Motion) and two (2) of the Noticed Agreements, ICMB Series 2005-6 and ISAC Series 2006-3 (the "Omitted Agreements"), have not been assumed and assigned to Ocwen but have been subserviced by Ocwen since February 15, 2013.

5.  Under the Assignment Notice, the deadline for filing cure objections to the assumption and assignment of executory contracts was September 28, 2012 (the "Cure Deadline"). The Assignment Notice provided that "[i]f no objection to the Cure Amount or the proposed assumption and assignment of an Assumed Contract is timely filed and served . . . the Cure Amount set forth in the Assumption and Assignment Notice shall be binding upon all non-debtor parties . . ." Assignment Notice [Docket No. 924], at ¶ 10. Despite having received

---

³ Indeed, the Debtors recently filed their *Notice of Certain Executory Contracts and Unexpired Leases Not Included in the Assumption Schedule* [Docket No. 5547], indicating their commitment to assume and assign the Excluded Impac Agreements to Ocwen prior to or subsequent to the Effective Date of the Plan.

3
ny-1114934

notice of the Cure Deadline, Impac failed to file a cure claim with respect to the Previously Assigned Agreements by the Cure Deadline, nor has it ever filed one to date.

6. On November 19, 2012, Impac Mortgage Holdings, Inc. filed a proof of claim designated as Claim No. 4086 by the Debtors' claims agent (the "Proof of Claim") for $8,000,000 in alleged loan servicing defects against Debtor GMAC Mortgage, LLC.

7. Subsequent to the filing of the Assignment Notice and the Proof of Claim, the Debtors were made aware of thirty-three (33) additional agreements between Impac and the Debtors that were not previously listed on the Assignment Notice (the "Additional Agreements," and together with the Omitted Agreements, the "Excluded Impac Agreements," listed on Exhibit 3 to the Motion). Since the closing of the Ocwen sale, all of the loans associated with the Excluded Impac Agreements have been subserviced by Ocwen.

8. On August 19, 2013, the Debtors filed the Assignment Motion. The Assignment Motion seeks entry of an order (1) authorizing the Debtors to assume and assign the Excluded Impac Agreements to Ocwen and (2) deeming Impac's Proof of Claim expunged upon the Debtors' payment of the undisputed cure amount associated with the Excluded Impac Agreements (the "Undisputed Cure Amount"), which the Debtors calculate as approximately $287,740.04. Assignment Motion ¶¶ 17, 20. The Assignment Motion states that to the extent Impac objects to the Debtors' calculation of the Undisputed Cure Amount, the Debtors seek to proceed with a hearing on the assumption and assignment of the Excluded Impac Agreements on the Scheduled Hearing Date, while deferring the determination of any disputed cure amount to the next regularly scheduled omnibus hearing or such other hearing date as set by the Court.

9. On August 29, 2013, Impac filed the Objection. The Objection asserts that the Assignment Motion seeks impermissible relief because the Debtors:

4

ny-1114934

- "seek to immediately enjoy the benefits of assumption without committing also to assume the burdens of assumption by either (i) paying the Cure Amount to Impac simultaneously with assumption or (ii) irrevocably escrowing the entire disputed Cure Amount pending resolution of the cure dispute,"

- "purport to retain the right to decide to reject the Excluded Agreements after assumption and after confirmation of the Plan in violation of Section 365 of the Bankruptcy Code," and

- "propose to expunge Impac's $8 million unsecured claim" upon payment of the Cure Amount.

Objection ¶ 12. The Objection also asserts that the Cure Amount is at least $2,562,255.93 in damages, plus attorneys' fees and expenses. Objection ¶ 13.

10. On October 29, 2013, the Debtors and the Creditors' Committee filed the *Notice of Certain Executory Contracts and Unexpired Leases Not Included in the Assumption Schedule* [Docket No. 5547] (the "Executory Contract Notice"), listing the Excluded Impac Agreements among the executory contracts that the Debtors intend to assume and assign prior to or subsequent to the Effective Date of the Plan.

## **REPLY**

11. The first premise of the Objection – that the Debtors seek to avoid either paying the Cure Amount upon assumption or irrevocably escrowing the entire disputed Cure Amount pending resolution of the cure dispute – is unfounded. Although the Cure Amount is a fraction of the $2,562,255.93-plus figure claimed by Impac (exclusive of any attorneys' fees and costs, which the Debtors reserve all rights to contest), the Debtors will reserve $2,562,255.93 in alleged damages, which is the amount Impac believes it was owed as of the filing of the Objection. Objection ¶ 13. Furthermore, to the extent this amount has increased since the filing of the Objection, the Debtors are willing to reserve an amount greater than $2,562,255.93 that is

5

ny-1114934

deemed reasonable by the Court. This structure is commercially reasonable and effectively moots Impac's first argument.

12. The second premise of the Objection – that the Debtors purport to retain the right to reject the Excluded Impac Agreements after assumption and after confirmation of the Plan in violation of Section 365 of the Bankruptcy Code – is also moot and is contrary to the Debtors' intent with respect to the Excluded Impac Agreements. Subject to the establishment of an acceptable reserve to satisfy the Cure Claim that may ultimately be directed by the Court or agreed to among the parties, the Debtors will waive the right to reject the Excluded Impac Agreements.[4]

13. The final premise of the Objection – that the Assignment Motion is impermissible because it seeks to expunge the Proof of Claim upon payment of the Cure Amount – is mistaken because Impac has no claim against the Debtors outside of the Cure Amount. Impac states that the Proof of Claim includes Impac's claim for damages under the Omitted Agreements, which "are apparently not included in the [Excluded Impac] Agreements that Debtors propose to assign to Ocwen via the Motion." Objection ¶ 27. Impac is wrong. The Omitted Agreements, ICMB Series 2005-6 and ISAC Series 2006-3, are both listed among the Excluded Impac Agreements in the Assignment Motion. *See* Exhibit 3 to Assignment Motion, at lines 15, 27. In addition, damages arising from purported breaches of the Omitted Agreements are explicitly included in Impac's calculation of the Cure Amount associated with the Excluded Impac Agreements. *See* Objection, Exhibit 2 at p. 4 (line 5), p. 5 (line 3), p. 14 (lines 13-14), p. 15 (lines 1-3) (listing damages for Omitted Agreement ISAC 2006-3, also referred to as

---

[4] In agreeing to waive their right to reject the Excluded Impac Agreements under the conditions set forth herein, the Debtors do not concede, in any respect, Impac's argument as to whether to the Debtors may assume or reject executory contracts subsequent to confirmation of the Plan and expressly reserve all rights.

"Impac SAC 2006-3"); Objection, Exhibit 2 at p. 10 (line 13), p. 11 (lines 1-5) (listing damages for Omitted Agreement ICMB 2005-6, also referred to as "Impac CMB 2005-6"). Thus, the cure amount, if any, for the Omitted Agreements is incorporated into the Cure Amount for the Excluded Impac Agreements and does not represent an additional source of damages in the Proof of Claim.

14. Impac also notes in passing that "While certain of the other Agreements were assumed by the Debtors and assigned to Ocwen through the Prior Assignment [*i.e.* the Previously Assigned Agreements], no cure was paid to Impac in connection with the Prior Assignment." Objection ¶ 28. Tellingly, however, Impac does not assert that the cure amount associated with the Previously Assigned Agreements is part of the Impac Proof of Claim. As Impac is undoubtedly aware, Impac did not file a cure claim with respect the Previously Assigned Agreements and is now barred from seeking damages for such agreements under the Assignment Notice or in connection with the Proof of Claim.

15. Impac has no claims against the Debtors outside of cure claims. The Objection should be overruled to the extent it seeks to preserve the Proof of Claim upon payment of an agreed upon cure amount.

(The remainder of this page is intentionally left blank)

## CONCLUSION

16. For the foregoing reasons, the Debtors request that the Court overrule the Objection, approve the assumption and assignment of the Excluded Impac Agreements to Ocwen at the November 15, 2013 hearing, while deferring the determination of the Cure Amount to the following omnibus hearing on December 17, 2013 or to such other hearing date as the Court deems appropriate.

Dated: November 8, 2013  
      New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jonathan M. Petts  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

Alexandra Steinberg Barrage  
2000 Pennsylvania Avenue, NW  
Washington, D.C. 20006  
Telephone: (202) 887-1500  
Facsimile: (202) 785-7525  

*Counsel for the Debtors and Debtors in Possession*