**Hearing Date: November 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: November 8, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.,* | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OPPOSITION TO THE MOTION OF WENDY ALISON NORA TO CONSOLIDATE THE DEBTORS' OBJECTIONS TO HER CLAIMS WITH ADVERSARY PROCEEDING NO 13-01208-MG**

sf-3350273

## TABLE OF CONTENTS

**Page**

I. THE CHAPTER 11 CASES ................................................................................................ 2

II. THE NORA CLAIMS AND THE CLAIM OBJECTIONS ............................................... 4

III. THE ADVERSARY PROCEEDING .................................................................................. 6

IV. NORA'S LITIGATION STYLE ......................................................................................... 8

V. THE CONSOLIDATION MOTION ................................................................................... 9

VI. THE COURT SHOULD DENY THE MOTION ............................................................... 9

    A. Applicable Law ............................................................................................................ 9

    B. The Facts Overwhelmingly Favor Denial Of The Motion ..................................... 10

VII. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re The Drexel Burnham Lambert Grp., Inc.),*
  148 B.R. 993 (S.D.N.Y. 1992) ..................................................................................11

*Dean v. Global Fin. Credit, LLC (In re Dean),*
  359 B.R. 218 (Bankr. C.D. Ill. 2006) ........................................................................11

*Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Brothers Holdings, Inc.),*
  2011 WL 722582 (Bankr. S.D.N.Y. Feb. 22, 2011) ..................................................10

*Ga. Dep't of Revenue v. Mouzon Enters., Inc. (In re Mouzon Enters., Inc.),*
  610 F.3d 1329 (11th Cir. 2010) ..................................................................................9

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir.1990) ....................................................................................10

*Thielmann v. MF Global Holdings, Ltd. (In re MF Global Holdings, Ltd.),*
  464 B.R. 619 (Bankr. S.D.N.Y. 2012) ..............................................................10, 13

**STATUTES**

Fed. R. Civ. P. 42(a) ........................................................................................................10

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession (collectively, the "Debtors")[1] in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") submit this response ("the Response") to the *Amended Motion to Consolidate Debtors' Objections to Nora Proofs of Claim #1 in the Court Registry and #440 in the Private Claims Registry Operated by Kurtzman Carson, LLC (KCC, LLC) in the Interests of Justice and Judicial Economy* [Docket No. 5395] (the "Consolidation Motion") of Wendy Alison Nora ("Nora"). By the Consolidation Motion, Nora seeks to consolidate the *Debtors' Combined Objections to Nora Proofs of Claim Nos. 1 and 440 Filed by Wendy Alison Nora Against Residential Capital, LLC and Residential Funding Company LLC Pursuant to Bankruptcy Code Section 502(B) and Bankruptcy Rule 3007* [Docket No. 5153] (the "Claims Objections") with *Nora v. Residential Funding Company, LLC et al.*, United States Bankruptcy Court, Southern District of New York (the "Court"), Adv. Proc. No. 13-01208-mg (the "Adversary Proceeding") filed by Nora.[2]

Nora asserts that consolidation is appropriate under Rule 7042 of the Federal Rules of Bankruptcy Procedure as incorporated by Rule 42 of the Federal Rules of Civil Procedure ("Rule 42") because, according to Nora, the claims she makes in the Adversary Proceeding are essentially the same as she makes in her Proofs of Claim Nos. 1 and 440 (the "Nora Claims"), to which the Debtors objected by the Claims Objections. Accordingly, Nora contends, consolidation will serve her convenience as a resident of Wisconsin, as well as judicial efficiency and economy. But far from abetting judicial economy and efficiency, consolidation will only

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[2] Capitalized terms not defined in this Reply have the meanings ascribed to them in the Nora Claim Objections.

sf-3350273

needlessly complicate and slow the resolution of the Claims Objections. There are several reasons that compel this conclusion. First, the schedule for adjudication of the Claims Objections is far ahead of that in the Adversary Proceeding. Second, the scope of the Adversary Proceeding is far broader than that of the Claims Objections because of Nora's addition in the Adversary Proceeding of claims against a number of non-Debtor defendants. And it may well be that some of those defendants will successfully object to the jurisdiction of this Court to hear and decide claims against them. Finally, the record shows that *nothing* that Nora litigates is simple. Thus, mixing her claims against third parties with her claims against the Debtors will inevitably complicate, slow, and add cost to the underlying litigation. Nor will denying the Consolidation Motion harm Nora. The Claims Objections, a "contested matter", provide a perfectly adequate procedure for resolving the Nora Claims. And if she is inconvenienced by having to travel from Wisconsin for both the Claims Objections and the Adversary Proceeding (if the latter survives the almost certain motions to dismiss for want of subject matter jurisdiction by the non-Debtor defendants), it is an inconvenience of her own making because she filed the Adversary Proceeding that included the same claims against the Debtors as the Nora Claims long after she filed the Nora Claims.

The Debtors therefore urge the Court to deny the Consolidation Motion.

## I.    THE CHAPTER 11 CASES

1.    Much has happened and been achieved in these Chapter 11 Cases. That this is so is one material consideration in the resolution of the Consolidation Motion.

2.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

These Chapter 11 Cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee"). [*See* Docket No. 102].

4. On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 cases and (b) maintain official claims registers for each of the Debtors.

5. On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[3] On March 21, 2013, the Court entered an order, *inter alia*, establishing procedures for filing objections to proofs of claim [Docket No. 3294] (the "Procedures Order").

6. On June 20, 2012, the Bankruptcy Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Bankruptcy Court approved the Honorable Arthur J. Gonzalez, former Chief Judge of that Court, as the Examiner [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697]. On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

---

[3] The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was **not** extended. To date, approximately 7,300 proofs of claim have been filed in these Chapter 11 Cases, as reflected on the Debtors' claims registers.

3

sf-3350273

7.  A hearing on the Debtors' motion to approve the sale (the "Asset Sale") of the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing, LLC ("Ocwen") was held on November 19, 2012 and November 20, 2012, and on November 21, 2012, the Bankruptcy Court entered an order[4] approving the Asset Sale.

8.  On February 15, 2013, the Asset Sale closed.

9.  On July 3, 2013 and July 4, 2013, the Debtors and the Creditors' Committee filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Plan") [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). On August 23, 2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended [Docket No. 4809]. The deadline to vote on the Plan was October 21, 2013. The hearing to consider confirmation of the Plan is scheduled to begin on November 19, 2013.

## II.   THE NORA CLAIMS AND THE CLAIM OBJECTIONS

10. As described in the Claims Objections, Nora is an experienced consumer bankruptcy counsel.

11. On May 18, 2012, Nora filed Claim No. 2 (the "ResCap Claim") against Debtor Residential Capital, LLC ("ResCap") in the amount of $10 billion as a general unsecured claim. On August 29, 2012, Nora filed Claim No. 440 (the "RFC Claim") as a secured claim for $119,000 against Debtor Residential Funding Company, LLC ("RFC"). The ResCap claim

---

[4] *See Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "Sale Order").

states in Box 2 that the basis for the claim is "contingent RICO claim in litigation – nondischargeable." In Box 2 of the RFC claim, Nora entered as the basis for her alleged claim, "in rem claim for real property illegally taken by Debtor." The ResCap Claim simply attached, without further explanation, a copy of Nora's March 18, 2013 Amended Complaint (the "District Court Amended Complaint") against ResCap, RFC, some other Debtors, and some non-Debtor parties in *Nora v. Residential Funding Company, LLC*, United States District Court for the Western District of Wisconsin (the "District Court"), Case No. 10-748 (the "District Court Action"). There was no attachment of any kind to the RFC Claim. The District Court Amended Complaint names 24 individual and corporate defendants, is 19 pages long (plus some exhibits), has 129 paragraphs, and another 17 paragraphs of requested relief. Its allegations are disorganized and meandering. In essence, it accuses the various defendants in an undifferentiated manner of conspiring to cheat homeowner/borrowers out of their money and homes, a conspiracy of which she as a borrower allegedly was a victim.

12. The District Court Action in turn largely reiterated the claims that Nora previously had made and lost in opposing a Wisconsin state court foreclosure action brought against her home by RFC.

13. By the Claims Objections, the Debtors seek to disallow and expunge the Claims on the grounds that they are barred by (i) the doctrines of res judicata and collateral estoppel, due to the final judgments of a Wisconsin state court and the District Court, (ii) the *Rooker-Feldman* doctrine, which denies subject matter jurisdiction to federal courts to review final state court judgments; (iii) failure to plead in accordance with federal pleading standards; and (iv) failure to state a claim for relief. At least the first two grounds for objecting to the Claims would, if sustained, result in disallowance of the Claims without a trial on the merits.

14. The initial (and perhaps final) hearing on the Claims Objections is now set for November 15, 2013.

### III. THE ADVERSARY PROCEEDING

15. On February 8, 2013, Nora filed the original Complaint commencing the Adversary Proceeding. This was 10 months after she filed the ResCap Claim and over seven months after she filed the RFC Claim.

16. A little over a month later, on March 18, 2013, Nora filed her First Amended Complaint in the Adversary Proceeding.

17. Both the Complaint and First Amended Complaint contain essentially the same allegations as the District Court Amended Complaint. Thus, the Complaint and First Amended Complaint also parallel what Nora asserts in the ResCap Claim and, by implication, the RFC Claim as well. Indeed, Nora herself relies heavily on their likeness in support of the Consolidation Motion. And like the District Court Amended Complaint, they name as defendants not only ResCap and RFC, but other Debtors and a raft of non-Debtors. Finally, both complaints in the Adversary Proceeding demand a jury trial.

18. On April 2, 2013, the Debtors filed in the Adversary Proceeding the *Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions* [Adversary Docket No. 5], making applicable to the Adversary Proceeding the Court's *Order Approving Debtors' Motion Pursuant to 11 U.S.C §§ 105(a) and (d), Bankruptcy Rules 1015(c), 2002(m), 7016, and 9007 and Local Bankruptcy Rule 2002-2 for Entry of an Order Approving (A) Supplement to Case Management Order Establishing Mandatory Procedures for Management of Adversary Proceedings Commenced by Borrowers and Former Borrowers and (B) Related Relief* [Docket No. 3293] (the "AP Procedures Order").

19. The parties have complied with the AP Procedures Order, however, very little has occurred in the Adversary Proceeding. As contemplated by the AP Procedures Order, the parties have engaged in settlement discussions but have not reached any resolution and none of the defendants has filed a responsive pleading (an answer or a motion). On October 9, 2013, the Court conducted a status conference on the matter. The parties reported that their discussions were unsuccessful and indicated it was time to proceed with the litigation. Nora asked for, and received, permission to file another amended complaint by January 17, 2014.

20. In making her request, she did not foreshadow how the new complaint would vary from the existing First Amended Complaint. Thus, the contours of the Adversary Proceeding may change in mid-January, perhaps materially. In any event, once the new complaint is on file, it is likely to attract various responsive motions by the non-Debtor defendants, including motions to dismiss for lack of subject matter jurisdiction and potentially motions to withdraw the reference under 28 U.S.C. § 157(d) based on inability to enter a final order or to conduct a jury trial. At the status conference on October 9th, Nora herself acknowledged that there might be some serious jurisdictional issues. *See Declaration of Adam A. Lewis in Support of Debtors' Opposition to the Motion of Wendy Alison Nora to Consolidate the Debtors' Objections to Her Claims with Adversary Proceeding No. 13-01208-MG*, at Exhibit 1 (October 9 Hearing Transcript) at 14:11-12, 22:17-20; 26:14-18. As well, even the Debtor defendants are likely to file responsive motions (*e.g.*, motions to dismiss for failure to state a claim or dismissal based upon the same res judicata, collateral estoppel and Rooker-Feldman arguments they made in the Claims Objections). Accordingly, it is clear that even under the best of circumstances, any substantive proceedings in the Adversary Proceeding are a long ways off.

**IV.    NORA'S LITIGATION STYLE**

21.    By now, the Court is well aware that Nora is an unrestrained litigator who is inclined to challenge very unfavorable rulings again and again often raising unsupported charges against the Debtors, third parties, and the Court no matter what the nominal purpose of those pleadings.  What is absent in them is any focused discussion of the issues that gave rise to the occasion for the pleading.  For example, on August 15, 2012, this Court entered an order finding that Nora filed both a frivolous objection and amended objection. *See Order Denying Motion by Wendy Alison Nora for Reconsideration of Final Supplemental Order* [Docket No. 1159], at 3.  During the October 9, 2013 hearing, the Court concluded that Nora had again submitted a frivolous filing.  October 9 Hearing Transcript at 58:19-24; 75:8-14.  The most recent example of such a pleading is Nora's response to this Court's order to show cause why Nora's *pro hac vice* admission should not be revoked [Docket No. 5330], which she titles *Motion to Strike Order To Show Cause Entered on October 9, 2013 By Judge Martin Glenn …* [Docket No. 5502] (the "OSC Response").  The OSC Response devotes 10 out of 14 pages to attacking the Debtors, SilvermanAcampora LLP, and the Court.  And instead of offering a meaningful response to the Order to Show Cause, Nora instead purports to move "to strike [the] order to show cause," and states that "[t]here is nothing for the Movant to show cause for or about[.]"  *Id.* at 11; *see also id.* at ¶ 12.  *See also* Docket Nos. 118, 121, 227, 546, 916, 5345, 5347, and 5352.

22.    By making this point, the Debtors do not intend a personal attack on Nora.  The point is that these facts – and they are facts – about Nora's manner of litigation bear on the consolidation issues of judicial economy, efficiency, and prejudice to the Debtors of consolidation, as the Debtors will discuss presently.

8

sf-3350273

### V.     THE CONSOLIDATION MOTION

23.     The relevant material in the Consolidation Motion is very simple. Nora makes essentially two arguments for consolidation of the Adversary Proceeding and Claims Objections: her convenience and judicial efficiency/economy. There is little more to the Consolidation Motion's rationale than that. Nora also to some extent argues her substantive claims against the Claims Objections, but those arguments, even were they well-founded, are irrelevant to the Consolidation Motion.[5]

24.     Underlying the Consolidation Motion is Nora's assertion that the Adversary Proceeding and Claims Objections will share some factual and legal issues. Thus, she concludes that consolidating them will serve judicial economy and efficiency.

### VI.    THE COURT SHOULD DENY THE MOTION

**A.     Applicable Law**

25.     The Consolidation Motion is governed by Rule 42. Rule 42 applies in the Adversary Proceeding via Rule 7042 of the Federal Rules of Bankruptcy Procedure. It also applies in the Claims Objections. A claim objection is a "contested matter" within the meaning of Rule 9014(a) of the Federal Rules of Bankruptcy Procedure. *E.g., Ga. Dep't of Revenue v. Mouzon Enters., Inc. (In re Mouzon Enters., Inc.)*, 610 F.3d 1329, 1334-35 (11th Cir. 2010). Moreover, Rule 9014(c) of the Federal Rules of Bankruptcy Procedure incorporates Rule 7042 into the rules governing contested matters.

26.     Rule 42(a) provides:

---

[5] Nora also purports to forbid this Court from deciding the Consolidation Motion based upon her yet-again reiterated allegations about the Court's alleged bias and related matters. So far as the Debtors know, there is no legal authority for the proposition that a litigant can decide what judge may rule on a matter. So far as the Debtors are concerned, this Court is not only perfectly capable of ruling on the Consolidation Motion, but in light of its long experience in these Chapter 11 Case, is far and away best positioned to do so.

9

sf-3350273

(a) **Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

27. Moreover, the Court must also consider

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Thielmann v. MF Global Holdings, Ltd. (In re MF Global Holdings, Ltd.)*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012), *quoting Johnson v. Celotex Corp.,* 899 F.2d 1281, 1285 (2d Cir.1990). Whether to consolidate actions is committed to the broad discretion of the court. *MF Global*, 464 B.R. at 623.

### B.     The Facts Overwhelmingly Favor Denial Of The Motion

28. It is true that certain facts appear to support the Consolidation Motion at first glance. Clearly, there will be some common questions of law and fact. And no doubt the convenience of witnesses *may* be served if there is but a single proceeding and trial, or at least consolidated pretrial proceedings. Nora's convenience, however, is not a factor. It was she who, long after she filed the Nora Claims, chose to file the duplicative Adversary Proceeding. If she faces inconvenience, it is a burden she has brought on herself by filing the Adversary Proceeding, which asserts, among other things, prepetition claims for money damages that should only be asserted through the claims allowance process. *See Evergreen Solar, Inc. v. Barclays PLC (In re Lehman Brothers Holdings, Inc.),* 2011 WL 722582, at *7-8 (Bankr. S.D.N.Y. Feb. 22, 2011) (holding that a claim for damages resulting from an alleged breach of

contract was not properly brought in an adversary proceeding and could properly be brought only through the claims allowance process); *DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re The Drexel Burnham Lambert Grp., Inc.),* 148 B.R. 993, 998 (S.D.N.Y. 1992) (holding that Bankruptcy Rule 7001 precluded a claim for damages resulting from the breach of a letter agreement brought in an adversary proceeding because such a claim could only properly be brought through the proof of claim process).

29.     Moreover, the importance of the convenience of witnesses and of the common questions of law and fact is potentially quite superficial. In fact, these factors may point the other way. If the Court does rule in the Debtors' favor on the Claims Objections first, then there will be no proceedings to consolidate. Witnesses will have to focus on only the Adversary Proceeding. Moreover, as Nora herself conceded, there are some serious issues of subject matter jurisdiction with respect to the non-Debtor defendants in the Adversary Proceeding. If the Court sustains the Claim Objections and the non-Debtor defendants successfully challenge this Court's subject matter jurisdiction, there may be no Adversary Proceeding left.[6]

30.     Every other consideration weighs unequivocally in favor of denial of the Consolidation Motion. A contested matter is a streamlined way of dealing with claim objections that gives the parties the protections of due process. *Dean v. Global Fin. Credit, LLC (In re Dean)*, 359 B.R. 218, 221-22 (Bankr. C.D. Ill. 2006). Per Rule 9014(c), many of the adversary proceeding rules of the 7000 series of the Federal Rules of Bankruptcy Procedure apply, and per the same rule, the Court may apply such additional adversary proceedings rules as may suit the occasion. In addition, Rule 9014(d) requires the courts to take testimony regarding any disputed material facts. There is, therefore, no inherent procedural defect in the Claims Objections that

---

[6] Should they materialize, these outcomes will also ameliorate any risk of inconsistent adjudications.

consolidation with the Adversary Proceeding would cure. With respect to the Claims, Nora will get all the due process to which she is entitled in the Claims Objections.

31. In light of the complexity of these Chapter 11 Cases and their mature stage of advancement, the delay in the resolution of the Debtors' objections to the Nora Claims that would be occasioned by consolidation with the Adversary Proceeding, which is unlikely to get untracked for many months after Nora files her second amended complaint in January 2014 (even if the Adversary Proceeding still then bears a meaningful relationship to the Claims Objections), would be prejudicial to the Debtors and their creditors in these Chapter 11 Cases.

32. Although the Debtors dispute the entirety of the Nora Claims, they are filed in an aggregate amount in excess of $10 billion. Under the Plan, the Nora Claims would be considered "Borrower Claims" and absent prompt adjudication, would constitute the single largest Borrower Claim (disputed or undisputed) dwarfing any other claim by billions.[7] Assuming confirmation and Plan effectiveness, permitting the disputed Nora Claims to remain on the claims register pending the final resolution of the Adversary Proceeding would substantially prejudice the Borrower Claim Trust and its intended beneficiary, the Borrowers.

33. Also prejudicial would be the additional delay of wrapping the procedural complexities of the claims against the defendants around the Claims Objections (more discovery to coordinate, more motions to consider, and so on). This problem in turn will be exacerbated materially by Nora's litigation style, which no doubt will add needless burdens and distractions to what would otherwise be a complicated proceeding. In short, all consolidation will do is enable Nora to delay and hinder the claims reconciliation process to the detriment of all parties in interest, particularly Borrowers.

---

[7] Of course, for the reasons set forth in the Claims Objections, the Debtors submit that such claims should be expunged in their entirety.

34. The far better approach for this Court is to keep the Claims Objections on their faster track, suspend the Adversary Proceeding as to the Debtors, *see MF Global,* 464 B.R. at 623 (court may dismiss rather than consolidate additional pending action), and wait for the Adversary Proceeding to play out as to the non-Debtor defendants, who may make short work of this Court's jurisdiction over it as to them.

## VII.   CONCLUSION

Upon inspection, little recommends the Consolidation Motion. Even those considerations that at first seem to support it suffer a polar reversal in light of the realities of the two proceedings. The Debtors respectfully urge the Court to deny the Consolidation Motion.

Dated: November 8, 2013                         /s/ Norman S. Rosenbaum
                                                Gary S. Lee
                                                Adam A. Lewis
                                                Norman S. Rosenbaum
                                                Jordan A. Wishnew
                                                Samantha Martin
                                                MORRISON & FOERSTER LLP
                                                1290 Avenue of the Americas
                                                New York, New York 10104
                                                Telephone: (212) 468-8000
                                                Facsimile:  (212) 468-7900

                                                *Counsel for the Debtors and
                                                Debtors in Possession*

13

sf-3350273