**Exhibit 1 to Objection**

**Lewis Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF ADAM A. LEWIS IN SUPPORT OF DEBTORS' OPPOSITION TO THE MOTION OF WENDY ALISON NORA TO CONSOLIDATE THE DEBTORS' OBJECTIONS TO HER CLAIMS WITH ADVERSARY PROCEEDING NO 13-01208-MG**

I, Adam A. Lewis, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of California, admitted *pro hac vice* in the above-captioned chapter 11 cases (the "Cases"), and am Senior Counsel with the law firm of Morrison & Foerster LLP, counsel for the Debtors in the Cases. I submit this declaration in support of the *Debtors' Opposition to Nora's Motion to Consolidate Its Objections to Nora Claims Nos. 1 and 440 and Adversary Proceeding No. 13-01208-mg*. Except where otherwise indicated, I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify competently as to these facts.

Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the transcripts of the hearings on October 9, 2013 in *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG) (Bankr. S.D.N.Y.).

I declare under penalty of perjury under the laws of the law of the United States of America that the foregoing is true and correct.

Executed this 6th day of November, 2013, at San Francisco, California.

/s/  Adam A. Lewis
Adam A. Lewis

1

sf-3351912

**Exhibit 1 to Declaration**

**Transcript Excerpts**

# In Re:

*WENDY ALISON NORA v.*
*RESIDENTIAL CAPITAL, LLC, et al.*

*Adv. No. 13-01208-mg*
*October 9, 2013*

*eScribers, LLC*
*(973) 406-2250*
*operations@escribers.net*
*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



Min-U-Script® with Word Index

1          MS. NORA:  Yes, Your Honor, and in fact I do have
2    counsel who would take over and represent the entire group, and
3    I would become simply one of the plaintiffs.
4          THE COURT:  Okay.  Let me hear from -- I mean, I've
5    heard from the debtors that they would like to file a motion to
6    dismiss.  I'd like to hear from any of the other nondebtor
7    defendants as to whether they contemplate motions to dismiss,
8    and if so, on what basis.  I mean, one of the issues, Ms. Nora,
9    may be whether the Court has subject matter jurisdiction of the
10   claims you're asserting against nondebtor defendants.
11         MS. NORA:  I think that's an excellent thing to
12   consider.  Thank you.
13         THE COURT:  But let me hear from other counsel as
14   to -- just before you speak, my inclination would be to set a
15   deadline for the plaintiffs to file an amended complaint,
16   rather than having motions to dismiss and then them seeking to
17   file an amended complaint thereafter.  Let's get before the
18   Court the operative complaint.  My standard case management
19   order generally provides a period for the parties to file
20   amended pleadings.  Ms. Nora has indicated an intention to file
21   an amended complaint.  I'll listen to counsel, but I think the
22   most sensible thing is to set a deadline -- and I'll ask her
23   when she thought she'd be able to do that -- to file an amended
24   complaint and set a response date based on the filing of the
25   amended complaint.  But let me -- based on what's on file now,

1  because this is already -- this is the second complaint
2  already, I am going to give you an opportunity, and you
3  indicated there may be more plaintiffs that are added.  There
4  may be -- I don't know whether there are going to be other
5  causes of action, but so there's no mistake, I'm going to
6  permit one new complaint to be filed, and then we'll proceed
7  with motions to dismiss.  And you'll have a chance, obviously
8  to respond to that, you or your -- if new counsel is coming in
9  .          Have you selected counsel?
10            Could you come up to the microphone?
11            MS. NORA:  Thank you, Your Honor.  Yes, actually, I
12 believe that there will be several attorneys acting --
13            THE COURT:  Okay.
14            MS. NORA:  -- as co-counsel.
15            THE COURT:  All right.
16            MS. NORA:  And what I was going to indicate to the
17 Court is that because of the complexity of the matter, the
18 multiple parties involved, this would be a -- I think we need
19 to take a careful look at this subject matter jurisdiction, as
20 it applies to bringing the case before this Court.
21            There is a background that does require, I believe, it
22 to be brought before this Court, which obviously is why I'm
23 here.  I would really appreciate forty-five days because of the
24 complexity of the case.  And it's been sitting, properly filed
25 before this Court, since February.  And it's the debtors'

1  of them are going to file a motion to dismiss.
2          MS. NORA:  Right.
3          THE COURT:  You're going to file a response to the
4  motion to dism -- you're right, they get to do the reply.
5          MS. NORA:  That's -- yeah --
6          THE COURT:  So they have fourteen --
7          MS. NORA:  -- that's what I thought.
8          THE COURT:  Yes, you're absolutely right.  They get
9  fourteen days to do a reply after you file your response to the
10 motion.
11         MS. NORA:  Then I would -- because of the complexity
12 of the case, I would like thirty days to respond.  If we're
13 having forty-five days for them to even put their briefs
14 together, you can imagine -- unless I concede --
15         THE COURT:  You're right.
16         MS. NORA:  -- the subject matter jurisdiction, as
17 you've indicated, Your Honor, that in this district that may be
18 clear, then we probably won't have a problem.  But I am here
19 because of the Rooker-Feldman dismissal in the Western District
20 of Wisconsin, which is on appeal to the Seventh Circuit.  And
21 with respect to the debtors' assertion that I failed to file my
22 reply, a reply is not required --
23         THE COURT:  Okay.
24         MS. NORA:  -- as the Court well knows.
25         THE COURT:  I stand corrected; you're absolutely

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

*October 9, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

1  pro se, to appear.
2           Have you appeared for any other creditors in this
3  case?
4           MS. NORA:  I have, Your Honor.
5           THE COURT:  How many?
6           MS. NORA:  I have appearances for Shane Haffey as co-
7  counsel with pro hac vice counsel, Heather McKeever that will
8  be heard on November --
9           THE COURT:  Okay.
10          MS. NORA:  -- 7th.
11          THE COURT:  All right.  I'm going to enter -- well, if
12  it's going to be heard on November 7th, I will enter an order
13  to show cause why your pro hac vice admission should not be
14  revoked for anyone other than appearing on your own behalf.
15  The pleadings you filed in this matter, this specific matter --
16          MS. NORA:  You're talking about Papas?
17          THE COURT:  -- yes, I'm talking about Papas.
18          MS. NORA:  Yes.
19          THE COURT:  Are scurrilous and frivolous and are
20  vexatious.  And I believe that they -- even assuming you were
21  admitted pro hac to represent anybody other than yourself, the
22  pleadings you have filed in this matter would support revoking
23  your pro hac vice application.  But I'm going to give you a
24  chance to respond to that in writing.
25          MS. NORA:  Absolutely, Your Honor.  Because this

1          THE COURT:  It went off in every conceivable
2    direction --
3          MR. LEWIS:  Pretty --
4          THE COURT:  -- other than responding --
5          MR. LEWIS:  Yeah.
6          THE COURT:  -- to the objection.
7          MR. LEWIS:  Right.  So on that ground alone --
8          THE COURT:  It is that -- that is the reason, frankly,
9    that the Court is going to enter the order to show cause why
10   Ms. Nora's pro hac vice admission is unclear of -- certainly
11   for herself, and she'll be permitted to continue for herself,
12   but for anyone else, this is a frivolous pleading in my view,
13   the reply, the extent it goes off in every tangent possible
14   other than addressing the issues raised in the debtors' papers.
15         MR. LEWIS:  Your Honor, my final point is I thought I
16   heard Ms. Nora say -- suggest that the amendment somehow
17   relates to the original proof of claim because the original
18   proof of claim said the property concerned there was an example
19   of what -- that would be pretty cryptic to begin with.  But if
20   you look at the original proof of claim, there's no talking
21   about its being an example of anything.  There's only one
22   property mentioned.  There's no suggestion that there are any
23   other properties of concern.  And so it clearly does not
24   relate.
25         THE COURT:  Address her argument that the amendment is