## Exhibit 1 to Objection

**Rosenbaum Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| WENDY ALISON NORA, | ) | Adv. Case No.  13-01208 (MG) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---------------------------------------------------------------

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF DEBTORS'**
**OBJECTION TO THE MOTION OF WENDY ALISON NORA TO DISQUALIFY**
**JUDGE MARTIN GLENN**

I, Norman S. Rosenbaum, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of New York, and am a partner with the law firm of Morrison & Foerster LLP, counsel for the Debtors in the above captioned chapter 11 cases.  I submit this declaration in support of the *Debtors' Objection to the Motion of Wendy Alison Nora to Disqualify Judge Martin Glenn*.  Except where otherwise indicated, I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify competently as to these facts.

Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the transcript of the hearing on October 9, 2013 in *In re Residential Capital, LLC, et al.*, No. 12-12020 (MG) (Bankr. S.D.N.Y.).

1

I declare under penalty of perjury under the laws of the law of the United States of America that the foregoing is true and correct.


Executed this 8th day of November, 2013, at New York, New York.


/s/  Norman S. Rosenbaum
Norman S. Rosenbaum

## Exhibit 1 to Declaration

**Transcript Excerpts**

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

---

*October 9, 2013*

---

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

 1          MS. HAGER:  Okay.

 2          THE COURT:  Okay.  It could have been a dollar.  It

 3  would still raise the same issue as to whether it's asserted a

 4  claim for the liability.

 5          MS. HAGER:  And we respectfully submit, as is set

 6  forth in our papers, that the proof of claim, as filed, even

 7  adding in all the documents with the reply, fails to state a

 8  sound legal basis for any claims against any of these debtors.

 9          THE COURT:  All right.  I'm going to take it under

10  submission.

11          MS. HAGER:  Thank you.  Let's see.  That will bring us

12  to the second contested matter which is Paul Papas.  I think my

13  colleague Adam Lewis will be handling that.  Thank you, Your

14  Honor.  May I be excused?

15          THE COURT:  Yes, you can.

16          MS. HAGER:  Thank you.

17          THE COURT:  Who is here for Mr. Papas?

18          MR. LEWIS:  I think Ms. Nora is here today.

19          Your Honor, Adam Lewis.

20          THE COURT:  Hang on just a second.  Ms. Nora come up

21  here.  Ms. Nora, are you appearing for Mr. Papas?

22          MS. NORA:  I am, Your Honor.

23          THE COURT:  Have you been admitted pro hac vice to

24  represent Mr. Papas?

25          MS. NORA:  I have, Your Honor.  I have --

RESIDENTIAL CAPITAL, LLC, et al.                57

1          THE COURT:  No, you haven't.

2          MS. NORA:  I've been --

3          THE COURT:  No, you haven't.

4          MS. NORA:  -- admitted pro hac vice to represent

5    myself --

6          THE COURT:  Speak into the microphone.

7          MS. NORA:  -- myself and all others similarly

8    situated.

9          THE COURT:  Well, that's wrong.  That's wrong.  Okay.

10         MS. NORA:  Are you revoking that order today?

11         THE COURT:  Well, I'm entering an order -- I'm going

12   to enter an order to show cause --

13         MS. NORA:  Okay.

14         THE COURT:  -- why your -- why leave to appear in the

15   ResCap cases pro hac vice should not be revoked.

16         MS. NORA:  All right.

17         THE COURT:  Okay.

18         MS. NORA:  I need to be able to respond to that --

19         THE COURT:  I went back -- stop.  Just -- yes, you

20   will have a chance to respond to it.  Okay?  I'm going to enter

21   a written order to that effect.

22         I went back and looked at the order that got entered,

23   it was in the form you submitted it.  It doesn't say -- you

24   recite that you think you're representing thousands of people.

25   You have your own lawsuit.  And it's certainly proper for you,

1   pro se, to appear.

2          Have you appeared for any other creditors in this

3   case?

4          MS. NORA:  I have, Your Honor.

5          THE COURT:  How many?

6          MS. NORA:  I have appearances for Shane Haffey as co-

7   counsel with pro hac vice counsel, Heather McKeever that will

8   be heard on November --

9          THE COURT:  Okay.

10         MS. NORA:  -- 7th.

11         THE COURT:  All right.  I'm going to enter -- well, if

12  it's going to be heard on November 7th, I will enter an order

13  to show cause why your pro hac vice admission should not be

14  revoked for anyone other than appearing on your own behalf.

15  The pleadings you filed in this matter, this specific matter --

16         MS. NORA:  You're talking about Papas?

17         THE COURT:  -- yes, I'm talking about Papas.

18         MS. NORA:  Yes.

19         THE COURT:  Are scurrilous and frivolous and are

20  vexatious.  And I believe that they -- even assuming you were

21  admitted pro hac to represent anybody other than yourself, the

22  pleadings you have filed in this matter would support revoking

23  your pro hac vice application.  But I'm going to give you a

24  chance to respond to that in writing.

25         MS. NORA:  Absolutely, Your Honor.  Because this

RESIDENTIAL CAPITAL, LLC, et al.                    59

 1   entire proceeding --

 2          THE COURT:  Ms. --

 3          MS. NORA:  -- is a fraud.

 4          THE COURT:  I do not want to hear -- you have been

 5   nothing but accusations about fraud in connection --

 6          MS. NORA:  We can prove it, Your Honor.

 7          THE COURT:  Stop.

 8          MS. NORA:  We can --

 9          THE COURT:  Don't interrupt, Ms. Nora.  Don't

10   interrupt.  Go sit down.  Go sit down.

11          MS. NORA:  I am --

12          THE COURT:  I will give you an opportunity to argue

13   with respect to Mr. Papas' claim.  If you deviate from

14   addressing solely the issues with respect to Mr. Papas' claim,

15   I will cut you off and I will have you escorted from the

16   courtroom.  So go sit down, and I will give you a chance to

17   respond only to the specific issues raised by the objection to

18   the Papas claim.

19          I don't want to hear about approval of the disclosure

20   statement.  I don't want to hear about anything else that

21   happened in the case.  I don't want to hear anything else from

22   you now.  If you say another word, I'm going to have you

23   escorted from the courtroom right now.  So go sit down, and I

24   will give you a chance to respond solely with respect to the

25   Papas claim.

1    to go through that unless you have further questions.  These

2    are our main points; they're not our only points.  But I think

3    the res judicata -- the claim preclusion, Rooker-Feldman takes

4    out the original proof of claim and anything in the amendment

5    that has to do with the original proof of claim.  Anything in

6    the amendment which doesn't have to do with the original proof

7    of claim is late filed.

8              THE COURT:  Okay.  Let me hear from Ms. Nora.

9              MR. LEWIS:  Thank you, Your Honor.

10             THE COURT:  And I'll hear from Ms. Nora without -- I

11   want to make clear that she filed a notice of appearance with

12   respect to Mr. Papas reasonably recently.  She did not seek pro

13   hac admission to represent Mr. Papas.  I think the issue is

14   unclear whether she was admitted to represent anybody other

15   than herself.

16             I'll reserve that until the Court hears -- reads

17   papers and hears argument on the order to show cause.  But for

18   today, I'm going to permit Ms. Nora to address specifically the

19   issues raised by the objection to claim.

20             MS. NORA:  Thank you, Your Honor.

21             And in addition, I would like to call the Court's

22   attention to the fact that I have previously appeared for Mr.

23   Papas on a limited basis and also for another creditor in these

24   proceedings last year without objection from any party.  So --

25   just in terms of the history which will be addressed on the

1          THE COURT:  It went off in every conceivable

2    direction --

3          MR. LEWIS:  Pretty --

4          THE COURT:  -- other than responding --

5          MR. LEWIS:  Yeah.

6          THE COURT:  -- to the objection.

7          MR. LEWIS:  Right.  So on that ground alone --

8          THE COURT:  It is that -- that is the reason, frankly,

9    that the Court is going to enter the order to show cause why

10   Ms. Nora's pro hac vice admission is unclear of -- certainly

11   for herself, and she'll be permitted to continue for herself,

12   but for anyone else, this is a frivolous pleading in my view,

13   the reply, the extent it goes off in every tangent possible

14   other than addressing the issues raised in the debtors' papers.

15         MR. LEWIS:  Your Honor, my final point is I thought I

16   heard Ms. Nora say -- suggest that the amendment somehow

17   relates to the original proof of claim because the original

18   proof of claim said the property concerned there was an example

19   of what -- that would be pretty cryptic to begin with.  But if

20   you look at the original proof of claim, there's no talking

21   about its being an example of anything.  There's only one

22   property mentioned.  There's no suggestion that there are any

23   other properties of concern.  And so it clearly does not

24   relate.

25         THE COURT:  Address her argument that the amendment is

1           THE COURT:  Yeah, sure.

2           MR. LEWIS:  We attached a form of order, of course,

3   when we filed the objection.  The amended proof of claim is

4   something I think the Court will end up dealing with in some

5   fashion or another in ruling, or it may.  And if it does, then

6   perhaps we need to submit --

7           THE COURT:  I don't need anything else.

8           MR. LEWIS:  Okay.

9           THE COURT:  I -- it'll be addressed in an opinion.

10          MR. LEWIS:  Okay.  It would just -- something to

11   reflect --

12          THE COURT:  I don't need anything else.

13          MR. LEWIS:  Okay.  All right.

14          THE COURT:  The issue of the amended claim is dealt

15   with in Ms. Nora's reply and you've adequately dealt with it.

16          MR. LEWIS:  Okay.  Thank you, Your Honor.

17          THE COURT:  Okay.

18          What's next?

19          MR. WISHNEW:  Your Honor, Jordan Wishnew, Morrison &

20   Foerster for the debtors.

21          That brings us to the next contested claims matter

22   which is a matter of twenty-second omnibus objection.  There

23   are two claims being --

24          THE COURT:  What page of the agenda?

25          MR. WISHNEW:  I'm sorry, Your Honor; page 20.

1   were not in a foreclosure so our representation was completely

2   accurate and I'll leave it at that, Your Honor.

3          THE COURT:  I'm taking the matter under submission.

4          MR. WISHNEW:  Thank you.

5          MR. ESKANOS:  Your Honor, am I excused?

6          THE COURT:  Yes, you are.

7          MR. ESKANOS:  Thanks, Your Honor.  Have a great day.

8          MR. WISHNEW:  Your Honor, that brings us to the matter

9   of Caren Wilson, claim number 4754.  I believe Ms. Nora's in

10  the courtroom and has put in an appearance for Ms. Wilson.

11         This is a matter, Your Honor, which we are not going

12  to proceed with today.  The reason --

13         THE COURT:  As I understand it, there was an amended

14  claim, 475 --

15         MR. WISHNEW:  7181 --

16         THE COURT:  Okay.  4754, which is the claim as to

17  which you have objected, has been superseded by an amended

18  claim?

19         MR. WISHNEW:  That's the representation, Your Honor,

20  yes.

21         THE COURT:  Have you verified that there was an

22  amended claim that was filed.

23         MR. WISHNEW:  Yes, there was an amended claim that was

24  filed.

25         THE COURT:  And what is your intention to do with

1  respect to the amended claim?

2          MR. WISHNEW:  Our intention is to address both this

3  claim, 4754, and 7181 in a more complete objection that

4  addresses not only the merits of 4754 but also the timeliness

5  and merits of 7181.

6          THE COURT:  All right.  Ms. Nora, do you want to be

7  heard briefly?  This was filed as a -- Ms. Wilson filed this

8  claim without counsel but when did you begin -- have you filed

9  an appearance in this?

10          MS. NORA:  I believe I have, Your Honor.

11          THE COURT:  Come on up to the microphone.

12          MS. NORA:  Thank you.

13          Your Honor, we object to the debtors' taking this

14  matter off of the calendar for today without notice to us.  Ms.

15  Wilson and her expert witness have come to court today, would

16  like to make at least a partial record so that the Court is

17  partially informed.  I --

18          THE COURT:  The matter is adjourned.

19          MS. NORA:  Thank you.

20          THE COURT:  The matter is adjourned and, Mr. Wishnew,

21  you'll put it back on the calendar after the Court hears its

22  order to show cause why Ms. Nora's pro hac application or pro

23  hac status should be -- whether it should be revoked.  We'll

24  see -- Ms. Wilson better consider other counsel, but for now

25  we'll go forward but I'm -- Mr. Wishnew, when was the amended

1   claim filed?

2           MR. WISHNEW:  The amended --

3           THE COURT:  It was filed on September 23rd, 2013.

4           MR. WISHNEW:  That's correct, Your Honor.

5           THE COURT:  And --

6           MR. WISHNEW:  Which was three weeks after --

7           THE COURT:  After you filed your objection.

8           MR. WISHNEW:  -- the objection was filed and one week

9   before the response was filed.

10          THE COURT:  Absolutely.  Which seems to be Ms. Nora's

11  method of dealing with matters.  So the matter is adjourned.

12          MS. NORA:  Your Honor, I --

13          THE COURT:  I don't want to hear anything more from

14  you, Ms. Nora.

15          MS. NORA:  That is unfair to me.

16          THE COURT:  Ms. Nora, I don't want to hear anything

17  more from you.  Let's move on, Mr. Wishnew.

18          MR. WISHNEW:  Your Honor, the next matter before the

19  Court is the claim 2552 by Constantino and Sybil Acevedo.  Your

20  Honor, this is a claim in the matter -- in the amount of

21  $497,839.61.  Based on extensive review of the debtors' books

22  and records, we show that this claim was -- actually, the

23  underlying note and loan were paid off, funds were applied on

24  August 9, 2013 and a refund of escrow was disbursed to Mr. and

25  Ms. Acevedo August 27, 2013.

RESIDENTIAL CAPITAL, LLC, et al.                    146

1          What they seem to be asserting in their claim is that

2     since GMAC has sought financial relief, they too should be

3     given financial relief.  I'm not quite sure -- it's our

4     position that does not serve as a valid basis for a claim, and

5     that at this point, we would ask the claim be disallowed and

6     expunged.

7          THE COURT:  For the reasons argued by the debtors the

8     claim of Constantino and Sybil Acevedo, the objection is

9     sustained and the claim is expunged.

10         MR. WISHNEW:  Thank you, Your Honor.

11         The next matter is Jan Ibrahim, claim number 997, in

12    the amount of $206,922.56.

13         THE COURT:  Is anybody appearing for Jan Ibrahim?

14         MS. NORA:  Your Honor?

15         THE COURT:  Go ahead.

16         MS. NORA:  I have consulted with Mr. Ibrahim and --

17         THE COURT:  Have you filed an appearance on behalf of

18    Ibrahim?

19         MS. NORA:  I have not because I --

20         THE COURT:  Then I'm not going to hear you.

21         MS. NORA:  -- Your Honor --

22         THE COURT:  I'm not going to hear you.

23         MS. NORA:  -- Mr. Ibrahim's position was if he could

24    not appear himself he wanted me to advise the Court of the

25    facts of his case.

1            THE COURT:  You're not permitted, Ms. Nora.  You have

2    not appeared on behalf of Jan Ibrahim.  I'm not going to listen

3    to you.

4            MS. NORA:  Thank you, Your Honor.

5            THE COURT:  One more -- one more episode of your

6    speaking on matters in which you do not appear and the court

7    security officer who's in the back of the room will escort you

8    out.

9            Go ahead, Mr. Wishnew.

10           MR. WISHNEW:  Thank you, Your Honor.

11           With regards to Mr. Ibrahim's allegations of wrongful

12   foreclosure and wrongful reporting of loan modifications, this

13   is nothing more -- we felt it best to, again, revisit our

14   records, our servicing notes and related records and through

15   Ms. Horst, supplemental declaration and as set forth for the

16   Court the efforts made to -- to work with the debtor -- work

17   with the claimant, ultimately the loan was charged off, meaning

18   that simply the debtor ceased collection efforts -- I'm sorry;

19   ceased foreclosure efforts, and simply the loan remains

20   outstanding at this point in time.  It's the debtors' position

21   that they acted properly in connection with any foreclosure and

22   credit reporting activities.  They were doing what they were

23   supposed to be doing as a servicer to protect the property and

24   don't believe that Mr. Ibrahim has stated a valid claim for --

25           THE COURT:  Let me ask you some questions.

 1   connection with the sale, was it?

 2         MR. WISHNEW:  My understanding is that it was

 3   transferred to Ocwen contemporaneous with the sale, February

 4   16th of this year.

 5         THE COURT:  Okay.  All right.

 6         Mr. Ibrahim acknowledges that he applied for a loan

 7   modification and he alleges that while he was waiting for a

 8   modification, his loan was transferred to a collection agency,

 9   FBCS, Inc.  The debtors' reply shows that Mr. Ibrahim ceased

10   making payments on his loan in November 2008.  The debtors

11   mailed Mr. Ibrahim several breach of contract letters in 2009

12   and offered him a permanent loan modification on April 1, 2009.

13   That loan modification was ulti -- was denied on June 30, 2009

14   because Mr. Ibrahim failed to make the first payment under the

15   modification.  The debtors reported Mr. Ibrahim's account to

16   the credit bureau on several occasions in 2009 because his

17   account was past due at the time.  Based on the Court's review

18   of the papers, in particular the events submitted by the

19   debtors, the objection to the claim of Mr. Ibrahim is

20   sustained.

21         MR. WISHNEW:  Thank you very much, Your Honor.

22         That brings us to the claim of Pamela Z. Hill, claim

23   number 2429.  This is a claim in the amount of 389,331 dollars.

24   This matter -- again, it's not quite clear what the basis of

25   Ms. Hill's claim is.  She is not --