MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO (I) MOTION OF LILIA MEDRANO FOR RECONSIDERATION OF ENTRY OF ORDER APPROVING THE DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS(AMENDED AND SUPERSEDED BORROWER CLAIMS) AND (II) DEFENDANT'S MOTION TO DISMISS FORECLOSURE WITH PREJUDICE FOR FRAUD ON THE COURT**

ny-1113799

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession (collectively, the "Debtors")[1] in the above-captioned cases hereby file this objection (the "Objection") to (i) the *Claimant's Letter of Objection to Order Granting Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Claims) with Prejudice for Fraud on the Court with a Request of Final Judgment* [Docket No. 5370] (the "Reconsideration Motion") and (ii) *Defendant's Motion to Dismiss Foreclosure With Prejudice for Fraud on the Court* [Docket No. 5098] (the "Motion to Dismiss") filed by Lilia Medrano ("Movant"), a borrower appearing *pro se*. In support of the Objection, the Debtors submit the Declaration of Lauren Graham Delehey (the "Delehey Declaration"), attached hereto as Exhibit 1, and respectfully represent as follows:

## BACKGROUND

1.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2.    On or about October 29, 2012, Movant filed a proof of claim designated as Claim No. 1981 against Residential Capital, LLC, asserting a claim in an unknown amount as a general unsecured claim in connection with certain allegations involving, among other things, fraud by the Debtors and other non-Debtor parties relating to a foreclosure action involving Movant's real property. There is no official proof of claim form appended to the documents comprising Claim No. 1981. Annexed to the Objection as Exhibit 2 is a redacted copy of Claim No. 1981.

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of the Chapter 11 Petitions and First Day Pleadings, filed with the Court on the Petition Date* [Docket No. 6].

2

ny-1113799

3. On or about November 5, 2012, Movant filed a proof of claim designated as Claim No. 3466 against Residential Capital, LLC / GMAC Mortgage, LLC, asserting a claim in the aggregate amount of $311,111.11, which is comprised of $128,000.00 as a secured claim and $183,111.11 as a general unsecured claim. Claim No. 3466 contains the same allegations as set forth in Claim No. 1981. In addition, Movant notes on Claim No. 3466 that this proof of claim form relates to the claim filed on August 29, 2012 by Movant in the Chapter 11 Cases. There is no document in either Claim No. 1981 or Claim No. 3466 that is marked with this date, and the Debtors' claims register does not contain any other claims filed by Movant. Presumably, though, Claim No. 3466 makes reference to Claim No. 1981. Annexed to the Objection as Exhibit 3 is a redacted copy of Claim No. 3466.

4. On August 15, 2013, the Debtors filed the *Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* [Docket No. 4715] (the "Twenty-Fifth Omnibus Claims Objection"), which included an objection to Movant's Claim No. 1981 because it was amended and superseded with the subsequently filed Claim No. 3466. Movant did not file a response to the Twenty-Fifth Omnibus Claims Objection.

5. On September 16, 2013, Movant filed in these Chapter 11 cases an *Affidavit in Support of Defendant's Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court* [Docket No. 5098] (the "Foreclosure Motion") in which Movant seeks to dismiss a foreclosure action involving her property, which Movant contends is pending in the Circuit Court of the 10th Judicial Circuit of the State of Florida, in and for Polk County, Florida, General Jurisdiction Division, Case No. 53-2009-CA-005402 DIV.8 (the "Florida Action"). Movant also appends to the Foreclosure Motion *Defendant's Emergency Motion to Dismiss Foreclosure with Prejudice for Fraud on the Court* she filed in connection therewith, whereby Movant was named as the

defendant and plaintiff is U.S. Bank National Association, as Trustee for RASC 2006KS8. As discussed in Part III, the Debtors do not believe that the Florida Action or any other foreclosure action is currently pending against Movant or her property. The Foreclosure Motion is scheduled to be heard before the Court at the November 15, 2013 omnibus hearing date.

6. On September 24, 2013, the Court entered an order sustaining the Twenty-Fifth Omnibus Claims Objection [Docket No. 5188] (the "Disallowance Order"), which resulted in the disallowance and expungement of Claim No. 1981 from the claims register. Consistent with the terms of the Disallowance Order, Claim No. 3466 was deemed a "Surviving Borrower Claim" that was preserved on the claims register, and as stated in the Twenty-Fifth Omnibus Claims Objection, the Debtors would "treat all documentation filed with the [Amended and Superseded Borrower Claim and Surviving Borrower Claim] as having been filed in support of the Surviving Borrower Claim." See Twenty-Fifth Omnibus Claims Objection n.3.

7. On October 15, 2013, Movant filed the Reconsideration Motion, asserting, among other things, fraud on the part of the Debtors and claims similar to those set forth in Claim No. 3466 and seeking to withdraw the Disallowance Order as it relates to Movant's proofs of claim and remove any effect the Disallowance Order may have on Movant's foreclosure proceeding. The main content of and arguments in the Reconsideration Motion are nearly identical to those contained in the Foreclosure Motion.[2]

## ARGUMENT

**I.    Movant's Request Set forth in the Reconsideration Motion Should Be Denied**

8. This Court should deny the Reconsideration Motion because Movant has not satisfied the standard for reconsideration of Movant's request for relief from the Disallowance

---

[2]   For instance, in the Reconsideration Motion, Movant appears to replace "Plaintiff" with "Debtor" and "Assignment" with "Assignment of Order Granting Debtors' Twenty-Fifth Omnibus Objection to Claims."

4
ny-1113799

Order.  Further, the allegations set forth in the Reconsideration Motion do not satisfy the standards under the applicable Federal Rules of Civil Procedure (the "Federal Rules"), as incorporated by the Federal Rules for Bankruptcy Procedure (the "Bankruptcy Rules"), as discussed below.

9.  Bankruptcy Rule 9023 incorporates Federal Rule 59, which regulates motions for amendment of a judgment.  Under Bankruptcy Rule 9023, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  In re Miller, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (MG) (Bankr. S.D.N.Y. Feb. 28, 2008) (citing Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004); see also Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004) ("reconsideration is proper 'to correct a clear error of law or prevent manifest injustice.'") (internal citations omitted).  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted).  A motion for reconsideration may not be used "to enable a party to complete presenting his case after the court has ruled against him."  Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995).

10.  Movant fails to satisfy the requisite burden of proof required for relief pursuant to Bankruptcy Rule 9023.  Movant has neither introduced any new evidence, established that the Court overlooked available evidence, identified any new arguments, nor presented new facts to the Court that would warrant the Court's reconsideration of its Disallowance Order.  In addition, there has not been a change in the law since the Court entered the Disallowance Order.

11.  In addition, Bankruptcy Rule 9024 incorporates Federal Rule 60, which sets forth the grounds for relief from a final judgment, order, or proceeding. A party may be relieved from a final judgment or order where there is evidence of "fraud, misrepresentation, or misconduct by an opposing party." See Fed. R. Civ. P. 60(b).

12.  Similarly, Movant fails to demonstrate that she should be relieved from the Disallowance Order pursuant to Bankruptcy Rule 9024. As an initial matter, there is no evidence of any act of fraud, misconduct, or misrepresentation in filing the Twenty-Fifth Omnibus Claims Objection. The Twenty-Fifth Omnibus Claims Objection sought to disallow and expunge certain proofs of claim from the claims register on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim filed by the same creditor. Thus, while the Debtors reserved their right to object to the surviving proofs of claim on other grounds in the future, the purpose of the Twenty-Fifth Omnibus Claims Objection was to avoid the possibility of multiple recoveries by the same creditor. By the Reconsideration Motion, Movant makes no acknowledgement of this, nor does Movant reference her two filed proofs of claim, and/or one surviving proof of claim, Claim No. 3466, in these cases. Movant simply continues to assert certain claims as they relate to her foreclosure action, claims which are set forth in her surviving claim. Further, if the relief Movant is seeking is to have the Court withdraw the Disallowance Order as it relates to her claims, if such relief is granted, Movant, who has not demonstrated that she has claims against more than one Debtor entity, would have two proofs of claim on the claim register for the same claims. This could potentially cause Movant to receive a recovery to the detriment of other similarly situated claimants.

13.  The Debtors respectfully submit that for the aforementioned reasons, the Reconsideration Motion should be denied.

## II. If Movant Is Seeking Additional Relief in The Reconsideration Motion, Such Relief Should Be Denied

14. The Reconsideration Motion also fails to satisfy the requirements of the Bankruptcy Rule 9013 and Rule 9013-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York, which require that each motion "specify the rules and statutory provisions upon which it is predicated and the legal authorities that support the requested relief." As previously noted, the Reconsideration Motion both fails to adequately state the relief sought or grounds upon which relief could be granted as well as the law upon which the requested relief is predicated. The vast majority of the Reconsideration Motion merely sets forth conclusory allegations concerning the Debtors' – and several non-Debtor parties' – purported wrongful conduct in connection with Movant's foreclosure proceedings, and does not explain why Movant should have more than one proof of claim on the claims register in these cases.

15. As a result, the Debtors cannot discern how the contents of the Reconsideration Motion warrant the withdrawal of the Disallowance Order from having an effect on Movant's proofs of claim, and instead see such relief as allowing Movant an improper double recovery against the Debtors in case her claims are ultimately deemed allowed.

16. Because the Reconsideration Motion fails to identify any legal concepts or factual content that would allow this Court to make a determination of the relief being sought, or the legal authority that serves as the basis for such relief, the Reconsideration Motion should be denied.

17. Lastly, the Debtors represent that the disallowance of Claim No. 1981 as provided by the Order has <u>no bearing</u> or effect on Movant's foreclosure proceeding to which the Debtors are not a party.

ny-1113799

**III.   To the Extent Movant is Seeking Affirmative Relief in the Foreclosure Motion, Such Relief Should Also be Denied Because No Pending Foreclosure Exists**

18.   Although it appears that the Foreclosure Motion was submitted in further support of Movant's proofs of claim, to the extent that the Foreclosure Motion could be viewed as seeking affirmative relief, it should also be denied.  The Foreclosure Motion appears to be a motion to dismiss the Florida Action related to property located at 2402 Avenue A Terrace NW, Winter Haven Florida 33880 (the "Property").  However, the Debtors do not own and no longer service the loan related to the Property (the "Loan").  *See* Delehey Decl. ¶ 3.  Instead, the servicing of the Loan was transferred to Ocwen Loan Servicing, LLC in connection with the Debtors' sale of their servicing platform.  *See id.*  Moreover, as far as the Debtors have been able to ascertain, no foreclosure proceeding is pending in connection with the Property.  *See id.*  The Debtors' investigation in connection with the Foreclosure Motion identified a foreclosure of the Property initiated in 2008, but Movant obtained a loan modification in June 2008 and the foreclosure action was subsequently dismissed in 2010.  *See id.*  The Debtors also inquired of Ocwen regarding this matter and were advised that Ocwen's records similarly do not reflect any pending foreclosure proceeding in connection with the Property.  *See id.*  For these reasons, the Foreclosure Motion must also be denied to the extent that it seeks dismissal of a foreclosure proceeding.

ny-1113799

## CONCLUSION

19. For the reasons set forth above, the Court should deny the Reconsideration Motion and, to the extent that it seeks affirmative relief, the Foreclosure Motion, and grant such other relief as is just and proper. Accordingly, the Debtors request that the Disallowance Order stand as entered.

Dated: November 8, 2013  
      New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, NY  10104-0050  
Telephone:  (212)-468-8000  
Facsimile:  (212)-468-7900

*Counsel for the Debtors and Debtors in Possession*