Hearing Date and Time: December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: December 9, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------

## NOTICE OF DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS AND RECORDS CLAIMS – RES JUDICATA AND WRONG DEBTOR)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res*

*Judicata and Wrong Debtor)* (the "Omnibus Objection"), which seeks to alter your rights

by disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before

the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern

District of New York, Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 9, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) counsel for the committee of unsecured creditors (the "Committee"), Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); and (d) special counsel for the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

ny-1109135

Dated:   November 8, 2013
         New York, New York

                                          /s/ Norman S. Rosenbaum
                                         Gary S. Lee
                                         Norman S. Rosenbaum
                                         Jordan A. Wishnew
                                         MORRISON & FOERSTER LLP
                                         1290 Avenue of the Americas
                                         New York, New York 10104
                                         Telephone:  (212) 468-8000
                                         Facsimile:  (212) 468-7900

                                         *Counsel for the Debtors and*
                                         *Debtors in Possession*

Hearing Date and Time: December 17, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  December 9, 2013 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

**DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER
BOOKS AND RECORDS CLAIMS – RES JUDICATA AND WRONG DEBTOR)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.    The Debtors file this fifty-first omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 5, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Objection, the Debtors submit the Declaration of Lauren Graham Delehey in Support of the Debtors' Fifty-First Omnibus Claims Objection (the "Delehey Declaration," attached hereto as Exhibit 1), the Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Debtors (the "Rosenbaum Declaration," attached hereto as Exhibit 2) and the declaration of Robert D. Nosek of SilvermanAcampora LLP as Special Counsel ("Special Counsel") to the Creditors' Committee for Borrower Issues (the "Nosek Declaration," attached hereto as Exhibit 3).

2.    The Debtors, in consultation with Special Counsel, have examined the proofs of claim identified on Exhibit A to the Proposed Order as well as the Books and Records

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1109129

(defined below) the Debtors maintain in the ordinary course of business, and determined that the proofs of claim listed on Exhibit A (collectively, the "No Liability Borrower Claims") are not liabilities of the Debtors because, as set forth in greater detail below, such claims are barred by the doctrine of res judicata and, in certain cases, are asserted against the wrong debtor in the Chapter 11 Cases.  This determination was made after the holders of the No Liability Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims.  Accordingly, the Debtors seek entry of the Proposed Order disallowing and expunging the No Liability Borrower Claims from the claims register.

3.     The proofs of claim identified on Exhibit A annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

4.     The Debtors expressly reserve all rights to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## **JURISDICTION**

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[2]     The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

## BACKGROUND

6.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a
voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors
are managing and operating their businesses as debtors in possession pursuant to Bankruptcy
Code sections 1107(a) and 1108.   These Chapter 11 Cases are being jointly administered
pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of
New York appointed a nine member official committee of unsecured creditors [Docket No. 102]
(the "Creditors' Committee").

8.      On June 20, 2012, the Court directed that an examiner be appointed (the
"Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner
[Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket
Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public
[Docket No. 4099].

9.      On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by
Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No.
4153] (the "Plan") and on July 4, 2013, the Debtors filed the *Disclosure Statement for the Joint
Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of
Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").  On August 16, 2013, the
Debtors filed a revised Disclosure Statement, which included a revised copy of the Plan [Docket
No. 4733], which was further revised on August 20, 2013 [Docket No. 4770].   On August 23,
2013, the Court entered an order approving, *inter alia*, the Disclosure Statement, as amended.

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing
Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

ny-1109129

Cases.    Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].    The Governmental Bar Date was not extended.

12.    To date, approximately 7,160 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

13.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.    See Procedures Order at 2-3.

14.    Based on substantial input from counsel to the Creditors' Committee and Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrowers Claims (the "Borrower Claim Procedures").

15.     The Borrower Claim Procedures generally provide, *inter alia*, that prior to objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide Special Counsel with a list of the claims at issue, and (ii) review their books and records to determine if any amounts are owed to such Borrowers.  For Borrower Claims filed with no or insufficient documentation, prior to filing an objection, the Debtors, in cooperation with Special Counsel, must also send each such Borrower claimant a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). See Procedures Order at 4.

16.     Through the claims reconciliation process, the Debtors identified the No Liability Borrower Claims as claims filed by Borrowers that fail to establish a liability against any of the Debtors.

17.     In June 2013, after consulting with Special Counsel, the Debtors sent Request Letters, substantially in the form attached hereto as Exhibit 4, to those Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation requesting additional documentation in support of such claims.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  Id.  Moreover, the Request Letters specifically request (i) that the claimant indicate whether the basis for and amount of the claim contained in the claimant's claim are the same or

different in any way from the claim asserted in claimant's lawsuit against the Debtors and (ii) to

the extent that claimant's lawsuit has been dismissed or withdrawn, that the claimant provide a

specific explanation as to why the claimant believes he or she is still owed money or entitled to

other relief from one or more of the Debtors.  See id.

18.    The Response Deadline has passed, and the Debtors either have not

received any response to the Request Letters or received insufficient information to establish a

basis for liability with respect to the applicable No Liability Claims.  See Delehey Declaration at

¶ 6; Nosek Declaration at ¶ 8.

### THE NO LIABILITY BORROWER CLAIMS
### SHOULD BE DISALLOWED AND EXPUNGED

19.    Based upon their review of the proofs of claim filed on the claims register

maintained by KCC, and after consulting with Special Counsel and complying with the Borrower

Claims Procedures, the Debtors determined that not only do the Books and Records (as defined

below), including, as set forth in greater detail below, their internal litigation files, files

maintained by external counsel and the Debtors' accounts payable records, not reflect any basis

for the No Liability Borrower Claims identified on Exhibit A annexed to the Proposed Order

under the heading *"Claims to be Disallowed and Expunged"*, but also because such claims are

barred by the doctrine of res judicata (as explained in greater detail herein).  Accordingly, these

proofs of claim do not represent valid prepetition claims against the Debtors.  If the No Liability

Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of

claim may potentially receive a wholly improper recovery to the detriment of other creditors in

these Chapter 11 Cases.

20.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

7

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the

Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

"such claim is unenforceable against the debtor and property of the debtor, under any agreement

or applicable law."  11 U.S.C. 502(b)(1).

            21.     Upon commencement of litigation against them, it was the Debtors'

regular practice to retain outside litigation counsel to represent them in the litigation.   The

Debtors' in-house attorneys would communicate with and direct litigation counsel as to how to

conduct the litigation throughout the pendency of the case.  See Delehey Declaration at ¶ 5.  In

reviewing the No Liability Borrower Claims, the Debtors expended considerable resources to

diligently review the case notes from their internal electronic case management system and their

internal files relating to the litigation, including relevant underlying documents such as the note,

loan agreement and/or deed of trust (the "Litigation File").  See id.  In each case, the Debtors

also supplemented the Litigation File by reaching out to the outside counsel who handled the

litigation to obtain a current update as to the status of the litigation, as well as copies of any

relevant case dockets, complaints, answers, counterclaims, motions, responsive pleadings and

any other relevant documents relating to the underlying litigation.  See id.  The Debtors

diligently analyzed each of the No Liability Borrower Claims and compared the claims set forth

therein to the information contained in the Litigation Files (as supplemented with information

provided by outside counsel), as well as the Debtors' accounts receivable and accounts payable,

the Debtors' internal servicing notes, as well as and any other relevant documentation

(collectively, the "Books and Records").  See id.

22.     In addition, the Debtors contacted those Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records; however, the Borrowers who received the Request Letters either failed to respond to the Debtors' requests or did not provide sufficient information to establish a basis for liability.  See id. at ¶¶ 5-6.

23.     Consequently, the Debtors determined that the Books and Records do not reflect any present liability due and owing in relation to the No Liability Borrower Claims.  See id. at ¶ 7.

24.     Each of the No Liability Borrower Claims listed on the Exhibit A to the Proposed Order (collectively, the "Res Judicata Claims") is based on state or federal court litigation that has been dismissed with prejudice as to the Debtors. [3]  See id. at ¶ 8.  In some cases, the underlying state and federal court dismissals are final, while others may be subject to a pending appeal.  See id.  The Debtors reviewed the Books and Records with respect to the Res Judicata Claims, and determined that the Debtor entities have no liability to the Borrowers because such claims are barred by the doctrine of res judicata.

25.     Although the Res Judicata Claims involve litigation that has been appealed by the Borrower, the pendency of an appeal does not necessarily impair the preclusive effect of the underlying judgment under the principles of res judicata.  See In re Bear Stearns Companies,

---

[3]     The relevant litigation underlying the Res Judicata Claims was initiated prior to the Petition Date and was resolved either prepetition in the ordinary course of business or postpetition pursuant to the relief provided by this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order").  See Delehey Declaration at ¶ 8 n.2.

9

Inc., Secs. Derivative & ERISA Litigation, 763 F. Supp. 2d 423, 544 (S.D.N.Y. 2011) ("under New York law, a judgment entered by a trial court is 'final' for purposes of res judicata, even where an appeal is pending from the trial court's judgment"); see also O'Brien v. Hanover Ins. Co., 427 Mass. 194, 200-01, 692 N.E.2d 39, 44 (1998) ("The Federal rule, followed by a majority of the States, is that a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal.").

26.    The Res Judicata Claims set forth on Exhibit A to the Proposed Order are comprised of both claims related to litigations adjudicated in the federal courts as well as the state courts of New York, Michigan, Texas, Nevada or Ohio.  To the extent that the underlying litigation was adjudicated and dismissed by a state court,[4] each of the states effectuating the dismissals follow the same principle set forth in Bear Stearns and hold that a judgment on appeal is final for purposes of applying the doctrine of res judicata.  See Hapgood v. City of Warren, 127 F.3d 490 (6th Cir. 1997) (Applying Ohio law:  "The prior state court judgment remains 'final' for preclusion purposes, unless or until overturned by the appellate court."); City of Las Vegas v. Bluewaters Family Ltd. Partnership, 2013 WL 431045, at *1 (Nev. Jan. 31, 2013) (Applying Nevada law: "In issue preclusion cases, a decision is final and maintains its preclusive effect even if the judgment is on appeal."); Gonzalez v. Guilbot, 315 S.W.3d 533. 536 n. 3 (Tex. 2010) (Applying Texas law: "[A] trial court's judgment is final for purposes of res judicata or collateral estoppel even while the case is on appeal."); Chakan v. City of Detroit, 998 F. Supp. 779, 783 (E.D. Mich. 1998) (Applying Michigan law: "Michigan and federal courts agree that an

---

[4]    The state courts that dismissed the underlying litigation in the Res Judicata Claims include Michigan, Nevada, New York, Ohio and Texas.  See Delehey Declaration at ¶ 9.

appeal of a judgment does not alter the preclusive effect of the same.")[5]; see also Delehey Declaration at ¶ 9.

27.    Moreover, in cases where the dismissal of the underlying litigation was entered by a federal court, the Debtors determined that such courts were exercising federal question jurisdiction, and, as a result, would follow the principle that the pendency of an appeal does not alter the res judicata nature of a trial court judgment.  See Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 189 & n. 8 (1941) ("[W]hile appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality."); Deposit Bank of Frankfort v. Bd. of Councilmen of the City of Frankfort, 199 U.S. 487, 499 (1903); Sumter v. DPH Holdings Corp. (In re DPH Holdings Corp.), 468 B.R. 603, 616 (S.D.N.Y. 2012) ("'Under the doctrine of res judicata, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") (citation omitted); see also Delehey Declaration at ¶ 9.

28.    Accordingly, to the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Res Judicata Claim, such claim is barred by the doctrine of res judicata and, as such, the damages asserted in such litigation is not a valid basis for the allowance of a claim against the Debtors in the Chapter 11 Cases.

29.    Out of an abundance of caution, and in addition to the res judicata basis for objecting to the No Liability Borrower Claims, and as further identified on Exhibit A to the Proposed Order under the heading titled *"Reason(s) for Disallowance,"* the Debtors also object

---

[5]    See also City of Troy Bldg. Inspector v. Hershberger, 27 Mich. App. 123, 127-28, 183 N.W.2d 430, 433 (1970) (Applying Michigan law: holding "[t]he rule in Michigan is that a judgment pending on appeal is deemed res judicata").

ny-1109129

to certain of the No Liability Borrower Claims on the basis that they assert claims against one or more Debtor as the obligor when such claims are properly asserted, if at all, against another Debtor in the Chapter 11 Cases (the "Wrong Debtor Claims").  The Debtors diligently reviewed the Books and Records and determined that the Debtors that are the subject of the Wrong Debtor Claims do not have any present liability due and owing in relation to each of the Wrong Debtor Claims.  See Delehey Declaration at ¶ 10.  Therefore, to the extent that the *"Reason(s) for Disallowance"* on Exhibit A to the Proposed Order indicates that the applicable No Liability Borrower Claim is a Wrong Debtor Claim, the Debtors determined that the claimant has no valid legal justification for asserting a claim against the given Debtor.  Nevertheless, if a Wrong Debtor Claims is not expunged as a result of this Objection, the Debtors reserve the right to redesignate the claim to the correct Debtor entity.

30.    Accordingly, to avoid the possibility that the parties that filed the No Liability Borrower Claims receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge the No Liability Borrower Claims in their entirety.  Further, the Debtors reserve the right to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## NOTICE

31.    The Debtors have served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

32.    No previous request for the relief sought herein as against the holders of the No Liability Borrower Claims has been made by the Debtors to this or any other court.

12

ny-1109129

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  November 8, 2013
       New York, New York

                                  /s/ Norman S. Rosenbaum
                                  Gary S. Lee
                                  Norman S. Rosenbaum
                                  Jordan A. Wishnew
                                  MORRISON & FOERSTER LLP
                                  1290 Avenue of the Americas
                                  New York, New York 10104
                                  Telephone:  (212) 468-8000
                                  Facsimile:  (212) 468-7900

                                  *Counsel for the Debtors and*
                                  *Debtors in Possession*

13

## Exhibit 1

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
)
In re:                                                          )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,                               )        Chapter 11
)
                                          Debtors.              )        Jointly Administered
)
---------------------------------------------------------------- )

### DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS AND RECORDS CLAIMS – RES JUDICATA AND WRONG DEBTOR)

I, Lauren Graham Delehey, hereby declare as follows:

1.      I serve as Chief Litigation Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors").  I have served as in-house litigation counsel since I joined ResCap on August 1, 2011.

2.      In my role as Chief Litigation Counsel at ResCap, I am responsible for the management of litigation, including residential mortgage-related litigation, class actions, mass actions and multi-district litigation.  In connection with ResCap's chapter 11 filing, I also assist the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court.  I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res Judicata and Wrong Debtor)* (the "Objection").[1]

---
[1]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4.      In my capacity as Chief Litigation Counsel, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (defined below), including their internal litigation files, files maintained by external counsel and the Debtors' accounts payable records, as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

5.      Upon commencement of litigation against them, it was the Debtors' regular practice to retain outside litigation counsel to represent their interests and I or another

2

member of the in-house litigation group would communicate with and direct litigation counsel regarding the conduct of the litigation throughout the life of the case.  In reviewing the No Liability Borrower Claims, the Debtors expended considerable resources to diligently review the case notes from their internal electronic case management system and their internal files relating to the litigation, including relevant underlying documents such as the note, loan agreement and/or deed of trust (the "Litigation File").  In each case, the Debtors also supplemented the Litigation File by reaching out to the outside litigation counsel who handled the litigation to obtain a current update as to the status of the litigation, as well as copies of any relevant case dockets, complaints, answers, counterclaims, motions, responsive pleadings and any other relevant documents relating to the underlying litigation.

6.      The Debtors expended considerable resources to diligently analyze each of the No Liability Borrower Claims and compare the claims set forth therein to the information contained in the Litigation Files (as supplemented with information provided by outside counsel), as well as the Debtors' accounts receivable and accounts payable, the Debtors' internal servicing notes, and any other relevant documentation (collectively, the "Books and Records").

7.      In accordance with the Borrower Claim Procedures, the Debtors also contacted those Borrowers who filed the No Liability Borrower Claims with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Books and Records.  In June 2013, the Debtors sent Request Letters, substantially in the form attached as Exhibit 4 to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective No Liability Borrower Claims.  Among other things, the Request Letters specifically request (i) that the claimant indicate whether the basis for and amount of the claim contained in the

3

claimant's claim are the same or different in any way from the claim asserted in claimant's lawsuit against the Debtors and (ii) to the extent that claimant's lawsuit has been dismissed or withdrawn, that the claimant provide a specific explanation as to why the claimant believes he or she is still owed money or entitled to other relief from one or more of the Debtors. The Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

8.    After a thorough review of the No Liability Borrower Claims listed under the heading *"Claims to be Disallowed and Expunged"* on <u>Exhibit A</u> to the Proposed Order, the Debtors determined that the Books and Records do not reflect any present liability due and owing in relation to the No Liability Borrower Claims under the heading *"Reason(s) for Disallowance"* because each of the No Liability Borrower Claims listed on <u>Exhibit A</u> to the Proposed Order (collectively, the "<u>Res Judicata Claims</u>") is based on state or federal court litigation that was dismissed with prejudice as to the Debtors.[2] The Debtors further determined that the underlying state and federal court dismissals are subject to a pending appeal.

9.    In my capacity as In-House Litigation Counsel, I, or another member of the company's in-house litigation team, oversaw local counsel handling the underlying litigation in the Res Judicata Claims set forth on Exhibit A to the Proposed Order, which are comprised of claims related to litigations adjudicated in the federal courts as well as the state courts of New York, Michigan, Texas, Nevada or Ohio. In connection with the Objection, I sought local counsel's assistance preparing <u>Exhibit A</u> to the Proposed Order. Counsel confirmed that the

---

[2]    The relevant litigation underlying the Res Judicata Claims was initiated prior to the Petition Date and was resolved either <u>prepetition</u> in the ordinary course of business or <u>postpetition</u> pursuant to the relief provided by this Court in the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "<u>Supplemental Servicing Order</u>").

ny-1109130

parties who filed the Res Judicata Claims were the same parties who had previously been a party

to litigation against the Debtors.  I, or individuals whom I oversee, then examined the Res

Judicata Claims to confirm that the basis for these claims were the same as the allegations made

in the underlying litigation that were previously adjudicated by state or federal courts.

10.     In addition to the res judicata basis, and as further identified on Exhibit A

to the Proposed Order under the heading titled *"Reason(s) for Disallowance,"* the Debtors also

object to certain of the No Liability Borrower Claims on the basis that they assert claims against

one or more of the Debtors as the obligor when such claims are properly asserted, if at all,

against another Debtor in the Chapter 11 Cases (the "Wrong Debtor Claims").  The Debtors

diligently reviewed the Books and Records and determined that the Debtors that are the subject

of the Wrong Debtor Claims do not have any present liability due and owing in relation to each

of the Wrong Debtor Claims.

11.     Before filing this Objection, the Debtors fully complied with the Borrower

Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as

to the scope of the Objection.

12.     Accordingly, based upon this review, and for the reasons set forth in the

Objection and Exhibit A to the Proposed Order, I have determined that each No Liability

Borrower Claim that is the subject of the Objection should be accorded the proposed treatment

described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 8, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel for
Residential Capital, LLC

6

## Exhibit 2

**Rosenbaum Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— )
                                                          )
In re:                                                 )       Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,   )       Chapter 11
                                                          )
                                    Debtors.      )       Jointly Administered
                                                          )
------------------------------------------------------------- )

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF DEBTORS'**
**FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS**
**AND RECORDS CLAIMS – RES JUDICATA AND WRONG DEBTOR)**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.        I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "<u>Debtors</u>").

2.        I submit this declaration (the "<u>Declaration</u>") in support of the Debtors' Fifty-First Omnibus Objection to Claims (the "<u>Objection</u>") and in compliance with this Court's Order

entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "<u>Bankruptcy Code</u>") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "<u>Claims Objection Procedures Order</u>").

3.      It is my understanding that in connection with the filing of the Objection, the Debtors have complied with the Claim Objection Procedures.  I have been advised by M&F attorneys under my supervision that in accordance with the Claims Objection Procedures Order, prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues ("<u>Special Counsel</u>") with a preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended to include in the Objection (the "<u>Objection Claim List</u>"); and (ii) conferred with Special Counsel to ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim List.  In arriving at the final Objection Claim List, I am further advised that the Debtors first reviewed that list and the corresponding proofs of claim to determine if such claims contradicted the information in the Debtors' books and records, and thereafter, the Debtors conferred with Special Counsel and agreed as to those claimants on the Objection Claim List that should receive a Request Letter.

4.      I am further advised that the Debtors also conferred with Special Counsel in drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and Special Counsel agreed should receive a Request Letter,

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objection Procedures Order.

ny-1109133

with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and Special Counsel have fully complied with all other relevant terms of the Claims Objection Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on November 8, 2013

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

3

## Exhibit 3

**Nosek Declaration**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert D. Nosek

*Special Counsel for Borrower Issues to the
Official Committee of Unsecured Creditors
of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

RESIDENTIAL CAPITAL, LLC, et al.

                                              Debtors.
-----------------------------------------------------------------x

Chapter 11
Case No. 12-12020 (MG)

(Jointly Administered)

**DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS'
FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS
AND RECORDS CLAIMS – RES JUDICATA AND WRONG DEBTOR)**

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with

offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.  I am duly

admitted to practice law before this Court and the courts of the State of New York.  By this

Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel

to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the

"Debtors") for borrower issues.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Fifty-First

Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order

entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the

"Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy

Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objections Procedures Order").

3.    Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth and, if called as a witness, I could and would testify competently thereto.

4.    Pursuant to the Claims Objections Procedures Order, prior to filing the Objection, the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List,[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List").

5.    I or my designee at my direction reviewed the Objection Claim List, conferred with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the Debtors on a final Objection Claim List.

6.    In arriving at the final Objection Claim List with the Debtors, I or my designee at my direction first reviewed that list and the corresponding proofs of claim. Thereafter, I or my designee at my direction conferred with the Debtors and agreed upon those claimants on the Objection Claim List who should receive a Request Letter.

7.    I or my designee at my direction also conferred with the Debtors in drafting the Request Letter. To the best of my knowledge, the Debtors sent a Request Letter to those borrowers that the Debtors and SilvermanAcampora agreed should receive a Request Letter, with the Debtors providing copies of such letters to SilvermanAcampora.

---

[1]    Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objections Procedures Order.

ny-1109134

8.      For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim, and the additional documents provided by such borrower in response to the Request Letters, if any.   Prior to the Debtors' filing of the Objection, the Debtors provided SilvermanAcampora with a summary of their internal review of their books and records concerning the respective claimants subject to the Objection and the Debtors' conclusions that the Objection is warranted.    SilvermanAcampora reviewed that summary and conclusions and, as Special Counsel, has no objection to the Debtors' determination and reasoning for filing the Objection.

9.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and SilvermanAcampora have fully complied with all other relevant terms of the Claims Objections Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Jericho, New York on November 8, 2013

/s/ Robert D. Nosek
Robert D. Nosek

ny-1109134

## **Exhibit 4**

**Request Letter**

    MORRISON | FOERSTER

June 21, 2013

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

       **(i)**       **Claims.Management@gmacrescap.com; or**
       **(ii)**      **Residential Capital, LLC**
                 **P.O. Box 385220**
                 **Bloomington, Minnesota 55438**


**Please mark each document you send with the Claim Number referenced above.**




Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**<u>Exhibit 5</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

-----------------------------------------------------------------

### ORDER GRANTING DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER BOOKS AND RECORDS CLAIMS – <u>RES JUDICATA AND WRONG DEBTOR</u>)

Upon the fifty-first omnibus claims objection (the "<u>Objection</u>")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No Liability Borrower Claims on the basis that such claims are invalid under principles of res judicata and/or having been filed against the wrong debtor entity, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the Declaration of

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Lauren Graham Delehey, the Declaration of Norman S. Rosenbaum and the Declaration of

Robert D. Nosek, annexed to the Objection as <u>Exhibits 1-3</u>, respectively; and the Court having

found and determined that the relief sought in the Objection is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the Objection establish just cause for the relief granted herein; and the Court having

determined that the Objection complies with the Borrower Claim Procedures set forth in the

Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit A</u> annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice;

and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is authorized and directed to disallow and expunge from the claims register the

No Liability Borrower Claims identified on the attached <u>Exhibit A</u> hereto pursuant to this Order;

and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed

good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
       New York, New York


                              _____
                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE

3

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-FIRST OMNIBUS OBJECTION - BORROWER BOOKS AND RECORDS - RES JUDICATA AND WRONG DEBTOR

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Jurisdiction Where Underlying Judgment Was Issued | Jurisdiction Where Appeal is Pending |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **Claims to be Disallowed and Expunged** | | | | | |
| 1 | Dirk Beukes and Gesina Beukes vs GMAC Mortgage LLC as Successor in Interest to Homecomings Financial LLC Mortgage et al KEOGH LAW OFFICE PO BOX 11297 ST PAUL, MN 55111 | 3724 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $30,813.68 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | US, Dist Of Minnesota, Civil No. 10-4551 | US, Eighth Cir, App Crt |
| 2 | DUNHAM, ELMER, BARKER, CHARLES III CHARLES BARKER III ELMER V DUNHAM VS GMAC MRTG ALLY FINANCIAL INC JP MORGAN CHASE BANK WELLS FARGO BANK WELLS FARG ET AL 4110 SE Hawthorne Blvd, # 266 Portland, OR 97214 | 1005 | 10/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $148,652.23 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim | US, Dist Of Oregon, Case No. 3:11-CV-00579-MO | US, Ninth Cir, App Crt |
| 3 | Jamie L. Gindele PO Box 42200 Cincinnati, OH 45242 | 5422 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 | Res Judicata Claim | OH, Hamilton County, Common Pleas Crt A-0905631 | OH, First Dist, App Crt |
| 4 | Jamie L. Gindele PO Box 42200 Cincinnati, OH 45242 | 5431 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 | Res Judicata Claim | OH, Hamilton County, Common Pleas Crt A-0905631 | OH, First Dist, App Crt |
| 5 | Janos Farkas 9600 Escaprment Blvd. Suite 745-43 Austin, TX 78749 | 5597 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $60,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | US, S Dist Of Texas, Civil Action No. H-11-3064 | US, Fifth Cir, App Crt |
| 6 | Jeffrey M Davis v GMAC Mortgage LLC Ally Bank and MERS GARY A COLBERT DEBTOR PROTECTOR LTD 29452 PENDLETON CLUB DR FARMINGTON HILLS, MI 48336 | 1541 | 10/23/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $195,450.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | MI, Oakland County, 2011-116494-CH | MI Court Of Appeals - Appeal Dismissed Without Prejudice Due To Debtors' Bankruptcy Proceedings |
| 7 | Jeffrey M Davis v GMAC Mortgage LLC Ally Bank and MERS GARY A COLBERT DEBTOR PROTECTOR LTD 29452 PENDLETON CLUB DR FARMINGTON HILLS, MI 48336 | 1542 | 10/23/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $698,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | MI, Oakland County, 2011-116494-CH | MI Court Of Appeals - Appeal Dismissed Without Prejudice Due To Debtors' Bankruptcy Proceedings |
| 8 | Leland Anthony Neyer and June E Neyer Leland and June Neyer 324 North Main Street P.O. Box 970 Alturas, CA 96101-0970 | 603 | 09/17/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $500,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim | US, E Dist Of California, No 09-CV-1671 | US, Ninth Cir, App Crt |
| 9 | Marlene Kraft 24684 Hathaway Farmington Hills, MI 48334 | 2359 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $400,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim | MI, Oakland County, 11-119915-CH | MI Court Of Appeals |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-FIRST OMNIBUS OBJECTION - BORROWER BOOKS AND RECORDS - RES JUDICATA AND WRONG DEBTOR

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Jurisdiction Where Underlying Judgment Was Issued | Jurisdiction Where Appeal is Pending |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | *Claims to be Disallowed and Expunged* | | | | | |
| 10 | Marlow Hooper and Monique Hooper<br>Marlow Hooper<br>12471 Melon Drive<br>Rancho Cucamonga, CA 91739 | 1007 | 10/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$460,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | US, C Dist Of California, Bank Crt, Case No. 08-24094-MJ | US, Ninth Cir, App Crt |
| 11 | Philip Zuzolo, Esq., Zuzolo Law Offices on behalf of Richard & Margaret Giuliano<br>Philip Zuzolo, Esq., Zuzolo Law Offices<br>GMAC MORTGAGE LLC, FKA GMAC MORTGAGE CORP DBA DITECH.COM, PLAINTIFF, VS. RI<br>700 Youngstown-Warren Rd. | 3764 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim | OH, Trumbull County, Common Pleas Crt Case No 2010 CV 1658 | OH, Eleventh Dist, App Crt |
| 12 | Renee Sheree (Hopper) O Carolan<br>Law Offices of Wanda J. Harkness<br>406 Sterzing Street<br>Austin, TX 78704 | 4393 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$95,487.52 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim | US, W Dist Of Texas, Cauise No. A-09-CV-751-LY | US, Fifth Cir, App Crt |
| 13 | Sebastian J. Filgueira<br>11821 Balmoral Lane<br>Houston, TX 77024 | 4905 | 11/16/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Res Judicata Claim; Wrong Debtor Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |
| 14 | Sebastian J. Filgueira<br>11821 Balmoral Lane<br>Houston, TX 77024 | 4906 | 11/16/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Res Judicata Claim; Wrong Debtor Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |
| 15 | Sebastian J. Filgueira<br>11821 Balmoral Lane<br>Houston, TX 77024 | 4907 | 11/16/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim; Wrong Debtor Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |
| 16 | Sebastian J. Filgueira<br>11821 Balmoral Lane<br>Houston, TX 77024 | 4908 | 11/16/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Executive Trustee Services, LLC | 12-12028 | Res Judicata Claim; Wrong Debtor Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |
| 17 | Sebastian J. Filgueira<br>11821 Balmoral Lane<br>Houston, TX 77024 | 4909 | 11/16/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |
| 18 | Sebastian J. Filgueira<br>11821 Balmoral Lane<br>Houston, TX 77024 | 4952 | 11/16/2012 | UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED<br>UNLIQUIDATED<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 | Res Judicata Claim; Wrong Debtor Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTY-FIRST OMNIBUS OBJECTION - BORROWER BOOKS AND RECORDS - RES JUDICATA AND WRONG DEBTOR

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance | Jurisdiction Where Underlying Judgment Was Issued | Jurisdiction Where Appeal is Pending |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | | | | |
| 19 | Sebastian J. Filgueira 11821 Balmoral Lane Houston, TX 77024 | 4953 | 11/16/2012 | UNLIQUIDATED $0.00 UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 | Res Judicata Claim; Wrong Debtor Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |
| 20 | Sebastian J. Filgueira 11821 Balmoral Lane Houston, TX 77024 | 4954 | 11/16/2012 | UNLIQUIDATED $0.00 UNLIQUIDATED UNLIQUIDATED UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial Real Estate Holdings, LLC | 12-12040 | Res Judicata Claim; Wrong Debtor Claim | US, S Dist Of Texas, Civil Action No. 4:12-CV-962 | US, Fifth Cir, App Crt |
| 21 | Sepideh Sally Cirino 27495 Hidden Trail Rd Laguna Hills, CA 92653 | 3893 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim | US, C Dist Of California, Case No. 8:11-CV-01890 | US, Ninth Cir, App Crt |
| 22 | Teddy Halstead PO Box 985 New York, NY 10035-0806 | 2009 | 10/31/2012 | $0.00 $0.00 $0.00 $0.00 $2,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Res Judicata Claim | NY, Bronx County, Index No. 380678-2012 | NY, First Jud Dept, App Div, Supreme Crt |
| 23 | Wes W. Johnson aka Weslie Johnson Wes W. Johnson c/o James H. Seymour, Counselor at Law Post Office Box 1758 Crystal Bay, NV 89402-1758 | 4389 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $3,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 | Res Judicata Claim | US, S Dist Of California, Case No. 3:09-CV-01262 | US, Ninth Cir, App Crt |
| 24 | Wes W. Johnson aka Weslie Johnson Wes W. Johnson c/o James H. Seymour, Counselor at Law Post Office Box 1758 Crystal Bay, NV 89402-1758 | 4390 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $2,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Res Judicata Claim | US, S Dist Of California, Case No. 3:09-CV-01262 | US, Ninth Cir, App Crt |
| 25 | Wes W. Johnson aka Weslie Johnson c/o James H. Seymour, Counselor at Law Post Office Box 1758 Crystal Bay, NV 89402 | 4391 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $3,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Res Judicata Claim | US, S Dist Of California, Case No. 3:09-CV-01262 | US, Ninth Cir, App Crt |