Paul and Marge Pfunder
27049 Monk Street
Menifee, CA 92586
951-672-0359

Claimants

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC., et al., | Chapter 11<br>Jointly Administered |
| Debtors. | Hearing Date: 12/18/13<br>Time: 10:00 a.m. (Eastern) |

Honorable Martin Glenn

## PAUL AND MARGE PFUNDER'S STATEMENT OF POSITION

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT JUDGE:

Claimants, Paul and Marge Pfunder, (hereinafter the "Pfunders") state the following with respect to their claim against GMAC/Residential Capital, LLC.

The Pfunders incorporate by reference the previously submitted exhibits with their Objection filed on or about October 9, 2013.

The Pfunders are California residents. California law allows breach of contract claims in loan modification proceedings.

California law allows negligent misrepresentation claims in loan modification

RECEIVED NOV - 8 2013 U.S. BANKRUPTCY COURT, SDNY

proceedings.

California also allows borrowers to assert California's Unfair Competition Law for the wrongful denial of a loan modification. *Cal. Bus. & Prof. Code Section 17200.*

The Pfunders claim that they have suffered injury and have lost money or property as a result of unfair competition. *Cal. Bus. & Prof. Code Section 17204.* This is a proven fact for the Pfunders as they have lost their home, which was valued at $435,000.

The Pfunders assert that GMAC engaged in fraudulent business practices. We believe that GMAC deceived us by telling us that we qualified for a loan modification on numerous occasions, and even granted a loan modification on one or two occasions. The Pfunders did not accept the terms of the loan modification as they did not help the Pfunders financially, and outlined terms of the loan which were worse than what the Pfunders presently had, regarding rate of interest, extending the loan several years and what GMAC termed "a contribution".   Of course, we could not accept the loan modification terms as presented to us.

The Pfunders allege that GMAC deliberately engaged in immoral and/or unethical business practices when they asked the Pfunders to "contribute" a substantial amount of money (several thousand dollars) before they would grant the loan modification.

The outcome of these unfair business practices forced the Pfunders to eventually place their home up for a short sale, instead of ruining all of their credit through a foreclosure.

The Pfunders assert that GMAC engaged in false advertising. See *Cal. Bus & Prof. Code Section 17500.* GMAC made false representations in correspondence to us

and in one or two instances, granted the loan modification if the terms were met for "the contribution" from the Pfunders.

After the Pfunders gave up on receiving a reasonable loan modification and with their work continuing to decline in a failing economy, the Pfunders were forced to enter into a short sale process of their home.

During that process, GMAC continued to contact them inquiring if they wanted a loan modification. The terms presented from GMAC would have **reduced our monthly mortgage payment by approximately $30.00 and lengthened the term of our loan for another ten years, with a high interest rate.** This proposed modification would not help our situation in any way.

GMAC continually called our home and asked for payment on the home, even though the short sale was in progress. When Mrs. Pfunder told them it was illegal for them to continue to call us under California law, they refused to stop the harassing phone calls and continued to call, almost on a daily basis. The Pfunders were forced to never answer the phone and to let the answering machine screen the calls because of the continued harassment.

In Debtors' Omnibus Reply dated October 7, 2013, (the "Reply") page 21, paragraph 57, Debtor states "Ms. Pfunder indicated that due to the loss of her full time employment, they were unable to continue to make payments on the Pfunder Loan". I respectfully point out to the Court that this is an untrue statement. I was working full-time and my husband's work was starting to dwindle. We could still make the payments, but needed some help in reducing the monthly amount.

In Debtor's Reply, page 21, paragraph 58, Debtor states that we were approved

for a trial modification. That is true and we did not accept it, because of the ridiculous terms and requirements GMAC outlined, as stated above.

Additionally, in that Reply on page 21, Debtor states that we did not provide a properly filled out Profit and Loss Statement which GMAC received on July 24, 2009. If that were true, then why were we approved for a trial modification?

On page 22 of the Reply, paragraph 59, Debtor states that GMAC approved a loan modification if we agreed to the "Contribution". By Debtor's own admission, they were seeking monetary compensation to approve a loan modification.

It is for the above reasons, that the Pfunders respectfully request that their claim be allowed and that reasonable compensation be awarded, as the Court deems just and proper.

Unfortunately, we do not currently have all of this documentation to support the correspondence between ourselves and GMAC. However, if we are granted a reasonable amount of time, we will subpoena the records which opposing counsel have in their possession.

Dated:   November 5, 2013						Respectfully submitted,

/s/
Paul Pfunder, Claimant

Marge Pfunder, Claimant