# EXHIBIT 5

**In Re:**

*RESIDENTIAL CAPITAL, LLC, et al.,*

*Case No. 12-12020-mg*

---

*August 21, 2013*

---

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email.*



Min-U-Script® with Word Index

**RESIDENTIAL CAPITAL, LLC, ET AL.**

18

1    Preliminary approval?

2            MR. ROSENBAUM:  Sorry, Your Honor?

3            THE COURT:  Preliminary approval, not final?

4            MR. ROSENBAUM:  This morning it's preliminary

5    approval.

6            THE COURT:  Yes.  You said preliminary and final.

7            MR. ROSENBAUM:  That's correct, Your Honor.  The

8    motion is for preliminary and then subsequently final approval.

9            THE COURT:  Okay.

10            MR. ROSENBAUM:  Assuming we obtain preliminary

11    approval this morning.

12            THE COURT:  Let me get right to the point, Mr.

13    Rosenbaum.  I know you're presenting this as uncontested, and I

14    know that PNC filed a limited objection reserving their

15    objection for a final hearing.  But I think you're inviting

16    error on my part, and you're going to need to respond to it,

17    probably in a brief, but -- and it's the following.

18            Denney v. Deutsche Bank is controlling Second Circuit

19    law, 443 F.3d 253, on the issue of whether the methodology for

20    judgment reduction can be left to "applicable law", and

21    specifically says it can't.  Now, they identify two problems

22    with leaving it to applicable law.  One is potential prejudice

23    to the nonsettling defendants.  PNC can take care of itself.

24    If they wish to put the issue off until the final hearing, I

25    probably wouldn't have a problem with that.

## RESIDENTIAL CAPITAL, LLC, ET AL.

1          But in Denney v. Deutsche Bank, at pages 274 and 275,

2     the Second Circuit, in adopting the Fourth Circuit Rule in In

3     re Jiffy Lube 927 F.2d 155, identifies two problems with not

4     identifying the methodology.  And it quotes from Jiffy Lube,

5     but it starts by saying, "We are persuaded by the reasoning of

6     the Fourth Circuit in Jiffy Lube."  And Jiffy Lube indicates

7     that, in addition to prejudice to nonsettling defendants, it

8     "may deprive the plaintiff class members of information

9     affecting their ability to assess fairly the merits of the

10    settlement."

11         Then it goes on with a longer quote:  "As to

12    plaintiffs" -- this is a quote -- "As to plaintiffs, it is

13    clear that the method of setoff chosen affects the desirability

14    of a proposed partial settlement.  For example, plaintiffs bear

15    the risk of a 'bad' settlement under the 'proportionate' rule,

16    while under the 'pro tanto' rule the risk passes to the non-

17    settling defendants and plaintiffs gain more certainty from the

18    earlier resolution of the setoff figure.  Moreover, the

19    'proportionate' method entails a delay in ascertaining the

20    final amount of setoff which makes it difficult to frame a

21    notice to the class that fairly presents the merits of the

22    proposed settlement.  If the 'proportionate' method is used,

23    the notice to plaintiffs should inform them of this

24    shortcoming."

25         None of that is there.  You're inviting error on my

## RESIDENTIAL CAPITAL, LLC, ET AL.

20

1    part in preliminarily approving a settlement and approving

2    class action notice to a settlement that provides for judgment

3    reduction to be subject to applicable law.  Do you have a

4    response to that?

5                MR. ROSENBAUM:  Your Honor, I don't have a response to

6    that for the reasons that we --

7                THE COURT:  I don't like people inviting error.

8                MR. ROSENBAUM:  I understand, Your Honor.  I don't

9    have a response to it.  Curtis Mallet, our conflicts counsel,

10   is handling that issue with PNC Bank.  Based on Your Honor's

11   comments, I think that we would need, as a group, to reconvene

12   and consider that in terms of what the notice should provide.

13   And the --

14               THE COURT:  Well, it's more than what the notice

15   should provide, because what the Second Circuit in Denney

16   said -- they reversed Judge Scheindlin, who had approved a

17   class action settlement that had had the "applicable law"

18   provision.  They said no, you have to specify what the

19   methodology is.  So it wasn't at the preliminary approval, but

20   its discussion in quotation from Jiffy Lube about notice to the

21   class to evaluate, people are going to decide whether to opt

22   out of a settlement.

23               So we'll put this off.  You're going to have to go

24   back to the drawing board.  If you want to -- if you plan to

25   adhere to the settlement as drafted, then you're going to have

**RESIDENTIAL CAPITAL, LLC, ET AL.**

1   to submit a brief to persuade me why it's appropriate to send

2   notice to the class that believes this issue that the Second

3   Circuit should be -- says needs to be resolved in the

4   settlement, why it should be put off.  Okay?

5          So the motion is -- I'll adjourn it, I won't deny it

6   at this stage.  But you know what my reaction to it is.

7          MR. ROSENBAUM:  Your Honor, could we adjourn it to one

8   of the hearings for next week?

9          THE COURT:  Well, you're going to need -- you need to

10  advise me how you're going to deal with it before I'll reset it

11  on the calendar.  If you plan to proceed with the settlement as

12  drafted and the notice as drafted, I need briefs to support a

13  preliminary approval of a settlement with a methdology -- well,

14  leaving the methodology undefined, as the Second Circuit says

15  you can't do, in Denney v. Deutsche Bank.

16         So I'm not going to set it for a hearing until I hear

17  back from the parties as to how they wish to proceed.

18         MR. ROSENBAUM:  Thank you, Your Honor.  Your Honor --

19         THE COURT:  What's next on the agenda?

20         MR. ROSENBAUM:  The next matter on the agenda is the

21  motion for extension of exclusivity --

22         THE COURT:  Okay.

23         MR. ROSENBAUM:  -- and Mr. Goren will be handling

24  that.

25         THE COURT:  Mr. Goren?