# EXHIBIT 7

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

*September 11, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us.*



Min-U-Script® with Word Index

1    But I also made a comment then that -- I asked the
2 question had they filed a proof of claim, and I was told they
3 had.  And I said, well, it may be a different issue at the time
4 the Court is asked to determine their claim for contribution,
5 because it may be a different standard than what you wrote into
6 the settlement agreement.  Okay.  I view this as, in part, a
7 self-inflicted wound, you know?  You should have negotiated
8 harder and this would clearly be a nonissue.
9    MR. WALSH:  Your Honor, there may be an opportunity
10 down the road, even after this hearing, to negotiate with PNC
11 and the plaintiffs a different judgment credit and a different
12 settlement bar.  The parties may even decide to withdraw the
13 request for a settlement bar before this Court and let the
14 Court in Pittsburg address that issue.
15    THE COURT:  But that's not what I have.  I have your
16 objection to the claim.  And with respect to 502(b),
17 specifically as to 502(b)(1), I am not determining -- it is not
18 possible for me to determine, on the briefing that I have
19 before me, that their claim for contribution is unenforceable
20 under applicable law.  The issue is -- I think I asked the
21 question at the --
22    MR. WALSH:  Let me address 502(b).
23    THE COURT:  -- at the last hearing as to whether there
24 was any case law specifically as to these causes of action.
25 The statutes don't have a provision for contribution; that's

1     MR. MARRIOTT: On any basis. It's not our view that,
2 by consent to disallowance under 502(e)(1)(B), that we also
3 have to waive whatever rights we might have under 502(j).
4     THE COURT: Well, look, I -- your first statement --
5 and I think this is in your papers -- you concede that under
6 502(e)(1) your claim for contribution can be disallowed --
7     MR. MARRIOTT: Correct.
8     THE COURT: -- correct? Okay.
9     MR. MARRIOTT: And we have no objection --
10     THE COURT: And that's my ruling, okay?
11     MR. MARRIOTT: And we have no objection to an order to
12 that effect.
13     THE COURT: Well, that's -- I'm -- you know, whether
14 you have a right to come back under 502(j) or not is premature
15 for me to say.
16     MR. MARRIOTT: Agreed.
17     THE COURT: Okay? I'm not saying -- I'm going to
18 sustain the objection under 502(e)(1), period, full stop. And
19 if I have a motion under 502(j), I have a motion under 502(j),
20 and you'll fight it out then. I'm not deciding today more than
21 I have to decide. You've conceded that the claim is properly
22 disallowed under 502(e)(1), and that's true. The real answer
23 is: Go negotiate. I mean, I view this as self-inflicted on the
24 debtors' part. And maybe the plaintiffs were unwilling to do
25 anything more, but I was amazed that within -- before the end

1  of the hearing, when I said no, I'm not approving on a
2  preliminary basis, to come back and say, oh, we've worked this
3  out, Your Honor. And sure, but I made a point of saying then,
4  that isn't necessarily what's going to be binding on me, for
5  example, if there would have been a proof of claim, which there
6  have been, and you can come back and assert it later.
7        I have a contract now and it says this is the
8  following judgment reduction provision. Okay? And that may
9  be -- there may be no right to contribution; we'll see. And
10 I'm not sure whether it's me or the judge in Pittsburg who is
11 ultimately going to decide it, but for today the ruling is I
12 sustain the debtors' objection to the claim solely on the basis
13 of 502(e)(1), period, full stop.
14        MR. MARRIOTT: Thank you, Your Honor.
15        THE COURT: Okay? Next matter. And debtors' counsel
16 should submit an order to that effect.
17        MR. MARINUZZI: Your Honor, that brings us --
18        UNIDENTIFIED SPEAKER: May I be excused, Your Honor?
19        THE COURT: You're excused, absolutely.
20        UNIDENTIFIED SPEAKER: Thank you, Your Honor.
21        THE COURT: Thank you.
22        MR. MARINUZZI: Your Honor, that brings us to item
23 number 2 on page 5, which is the debtors' motion under Section
24 365 to assume and assign servicing related agreements for
25 trusts ensured by Syncora Guarantee, Inc. to Ocwen Loan