# EXHIBIT B

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

|  |  |
|---|---|
| In re | Case No.:  12-12020 (MG) |
|  | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., |  |
|  | Jointly Administered |
| Debtors. |  |

-------------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.    I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.    TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.    On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.    Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

Dated: November 7, 2013

By:

Name:  Kevin M. Black
Title:  President/CEO
Company:  Heartland Bank

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Case No.:  12-12020 (MG) |
|  | : |  |
|  | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |

---------------------------------------------------------x


### DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.      My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.      My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.      I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.      My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.    I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By: _____

Name: Keith Peterson
Title: Chief Financial Officer
Company: Summit Credit Union

Dated: November 7, 2013

By: _____

Name: Brian L. Schroeder

Title: President/CEO

Company:

First Farmers State Bank

Dated: November 7, 2013

By:  _H. Thomas Warren III_
Name: H. Thomas Warren III
Title: Chief Financial Officer
Company: Pinnacle Bank of South Carolina

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

| | |
|---|---|
| | Case No.:  12-12020 (MG) |
| In re | |
| | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | |
| | Jointly Administered |
| Debtors. | |

------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.     My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.     My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.     I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.     My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.    I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.    TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.    On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.    Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.   I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By:
Name: Seann Williams
Title: President
Company: First National Bank

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Case No.:  12-12020 (MG) |
| | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |

-----------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.      My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.      My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.      I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.      My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors.  Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates.  That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 2 of 5

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.     I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By: _____
       Name: Charles E. Maurer, Jr.
       Title:  Supreme Secretary
       Company: Knights of Columbus

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
|  | : | Case No.: 12-12020 (MG) |
| In re | : | |
|  | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | : | |
|  | : | Jointly Administered |
| Debtors. | : | |
-------------------------------------------------------------x

### DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson,
Snell & Cummiskey, P.L.C. - Page 1 of 5

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.    My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.    My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.    I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.    My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

**Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 3 of 5**

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.       I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By:

Name: MARK R HOLLAR

Title: C.F.O.

Company: FARMERS AND MERCHANTS TRUST COMPANY

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:   (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

|  |  |
|---|---|
| In re | Case No.: 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
|  | Jointly Administered |
| Debtors. |  |

----------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.    My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.    My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.    I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.    My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.    I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By: _____
Name: Charles G. Cascarilla
Title: Manager
Company: Cedar Hill Capital Partners, LLC

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re

RESIDENTIAL CAPITAL, LLC, et al.,

                                        Debtors.

------------------------------------------------------------x

Case No.:  12-12020 (MG)

Chapter 11

Jointly Administered

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan

Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured

Creditors, the undersigned, a duly authorized representative of a client represented in this matter

by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and

Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty

of perjury, that:

    1.    My name, title, and company for whom I am an authorized representative are

attached to this Declaration under my signature.

    2.    My company (i) directly or indirectly owns, or (ii) manages for others,

Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which

Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

    3.    I believe the Debtors violated the representations and warranties they made to the

RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those

representations and warranties harmed my company's (or my company's investors') interests in

the Certificates.

    4.    My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP

and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to

represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to

the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to

attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses

sustained on the Certificates. That representation led to the entry of the original Settlement

Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined.  My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy.  TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter.  TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable.  I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts).  I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.    I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By:

Name: _Paul Thompson_
Title: _Partner_
Company: _LL Funds LLC_

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

| | |
|---|---|
| | Case No.:  12-12020 (MG) |
| In re | |
| | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | |
| | Jointly Administered |
| Debtors. | |

----------------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 1 of 5

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.      My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.      My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.      I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.      My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

**Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 2 of 5**

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.     I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.     TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.     On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.     Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

**Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 3 of 5**

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.      I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By: _____

Name: Rick L. Read

Title: Executive U-P & CCO

Company: First National Bank + Trust Co of Rochelle, IL

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
| | : | Case No.: 12-12020 (MG) |
| In re | : | |
| | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
--------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.      My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.      My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.      I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.      My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms.  I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.    I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By: _____         _____
Name: _John Satrom_
Title: _Pres/CEO_
Company: _Northwestern Bank_

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Case No.: 12-12020 (MG) |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.  My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.  My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.  I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.  My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 2 of 5

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.    I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.    TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.    On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.    Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms.  I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.    I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013


By: _James G. Williamson, Jr._
Name: JAMES G. WILLIAMSON, JR
Title: CHAIRMAN
Company: CITIZENS BANK & TRUST CO.

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Case No.: 12-12020 (MG) |
|  | : |  |
|  | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |

----------------------------------------------------------x

### DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.     My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.     My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.     I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.     My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 2 of 5

Franklin P.C. subsequently joined.  My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy.  TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter.  TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable.  I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts).  I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.   I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013


By: _Bret S. Derman_ (signature)

Name: BRET S. DERMAN
Title: SENIOR VICE PRESIDENT & DEPUTY GENERAL COUNSEL
Company: RADIAN ASSET ASSURANCE INC.

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Case No.:  12-12020 (MG) |
| | : | |
| | : | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |

-------------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan

Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured

Creditors, the undersigned, a duly authorized representative of a client represented in this matter

by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and

Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty

of perjury, that:

      1.    My name, title, and company for whom I am an authorized representative are

attached to this Declaration under my signature.

      2.    My company (i) directly or indirectly owns, or (ii) manages for others,

Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which

Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

      3.    I believe the Debtors violated the representations and warranties they made to the

RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those

representations and warranties harmed my company's (or my company's investors') interests in

the Certificates.

      4.    My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP

and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to

represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to

the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to

attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses

sustained on the Certificates. That representation led to the entry of the original Settlement

Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.     I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.     TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.     On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.     Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

**Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 3 of 5**

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.    I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By:        _____

Name: Royce G. Doyle

Title: Chairman

Company: First Bank

Dated: November 7, 2013

By: _____

Name: Royce G. Doyle

Title: President

Company: Peoples Independent Bank

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
|                                          | :  | Case No.: 12-12020 (MG) |
| In re                                    | :  |                         |
|                                          | :  | Chapter 11              |
| RESIDENTIAL CAPITAL, LLC, et al.,        | :  |                         |
|                                          | :  | Jointly Administered    |
|              Debtors.                    | :  |                         |
-----------------------------------------------------------x

## DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.    My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.    My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.    I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.    My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5. I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6. TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7. On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8. Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9. I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By: *(signature)*

Name: Stephen L. Lewis
Title: CEO/President
Company: Thomaston Savings Bank

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------x
                                        :   Case No.:  12-12020 (MG)
                                        :
In re                                   :
                                        :   Chapter 11
                                        :
RESIDENTIAL CAPITAL, LLC, et al.,       :
                                        :   Jointly Administered
               Debtors.                 :
                                        :
-------------------------------------------------------x
```

### DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.    My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.    My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.    I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.    My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

**Declaration of Clients of Talcott Franklin P.C., Carter Ledyard and Milburn LLP, And Miller, Johnson, Snell & Cummiskey, P.L.C. - Page 2 of 5**

Franklin P.C. subsequently joined. My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.      I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.      TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy. TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter. TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.      On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.      Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable. I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts). I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.    I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By:

Name: *Kem Blacker*
Title: *Partner*
Company: *Vertical Capital, LLC*

Talcott J. Franklin (admitted *pro hac vice*)
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb (admitted *pro hac vice*)
Robert Wolford  (admitted *pro hac vice*)
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the TFPC Investors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Case No.:  12-12020 (MG) |
|  | : |  |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Chapter 11 |
|  | : |  |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------x

### DECLARATION OF CLIENTS OF TALCOTT FRANKLIN P.C., CARTER LEDYARD AND MILBURN LLP, AND MILLER, JOHNSON, SNELL & CUMMISKEY, P.L.C.

In connection with the above-captioned chapter 11 cases (the "Chapter 11 Cases")

commenced by the Debtors on May 14, 2012, and in support of the Talcott Franklin Investor

Group Statement in Support of, and in Response to Objections to, Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et. al.* and the Official Committee of Unsecured Creditors, the undersigned, a duly authorized representative of a client represented in this matter by Talcott Franklin P.C. ("TFPC"), Carter Ledyard and Milburn LLP ("Carter Ledyard"), and Miller, Johnson, Snell & Cummiskey, P.L.C. ("Miller Johnson"), hereby declares, under penalty of perjury, that:

1.     My name, title, and company for whom I am an authorized representative are attached to this Declaration under my signature.

2.     My company (i) directly or indirectly owns, or (ii) manages for others, Certificates in RMBS Trusts sponsored, issued, and/or sold by certain of the Debtors, which Trusts hold loans originated, sold, and/or serviced by certain of the Debtors.

3.     I believe the Debtors violated the representations and warranties they made to the RMBS Trusts, and that Debtors' failure to repurchase loans that were in breach of those representations and warranties harmed my company's (or my company's investors') interests in the Certificates.

4.     My company engaged Talcott Franklin P.C., Carter, Ledyard and Milburn LLP and Miller, Johnson, Snell & Cummiskey, P.L.C. (collectively the "TFPC Group Counsel") to represent it in connection with the above-captioned Bankruptcy involving the Debtors. Prior to the Bankruptcy, my company and/or some of the other clients engaged Talcott Franklin P.C. to attempt to recover from certain of the Debtors and Ally Financial, Inc. ("AFI") for losses sustained on the Certificates. That representation led to the entry of the original Settlement Agreement entered into by certain clients of Talcott Franklin P.C., which other clients of Talcott

Franklin P.C. subsequently joined.  My company is one of the Talcott Franklin P.C. clients that entered this Settlement Agreement.

5.    I understand that Talcott Franklin P.C. has twice been required to prepare multiple lawsuits against AFI to help leverage a settlement in this action: once before the Bankruptcy when negotiations appeared to have stalled and once after the bankruptcy when AFI appeared to be withdrawing from its settlement obligations.

6.    TFPC Group Counsel provided us with numerous updates, explanations and analyses regarding our rights to recover damages from Debtors through the bankruptcy.  TFPC Group Counsel has hosted dozens of conference calls over the past nearly two years, responded promptly and thoroughly to direct inquiries and questions about the case, and provided to us timely updates and summaries regarding this matter.  TFPC Group Counsel on our behalf reviewed and analyzed significant numbers of filings, attended significant numbers of negotiating sessions and hearings, reviewed countless drafts of proposed agreements, and summarized those filings, events, and agreements in an understandable and thorough manner.

7.    On our behalf, and at our direction, TFPC Group Counsel entered into an RMBS Settlement Agreement and subsequent other agreements with the Debtors and, at every turn, has worked diligently to protect our rights under that agreement.

8.    Based on the work that TFPC Group Counsel has performed, I believe that TFPC Group Counsel has more than earned its portion of the Allowed Fee Claim of 5.7% of the total recovery by the RMBS Trusts, and that the fee is reasonable.  I understand that the TFPC Group's portion is 17.25% of the Allowed Fee Claim (that is, 17.5% of the 5.7% of the total recovery by the RMBS Trusts).  I also understand that TFPC, Carter Ledyard, and Miller, Johnson will share this fee based on the proportional dollar value of their billable hours

expended in this case, and I have no objection to this arrangement as I understand it does not in any way affect the total amount of the fee owed, and only affects the way that fee is allocated between those three law firms. I also understand that the Allowed Fee Claim will be paid directly to the TFPC Group Counsel from the RMBS Settlement and will not be paid by my company directly, and that I owe the TFPC Group Counsel no additional fees for this matter.

9.      I believe that the efforts of TFPC counsel throughout their representation of my company's interests, including their contributions to the RMBS Settlement, their coordination of strategy with the RMBS Trustees, their participation in the global mediation, and their willingness to pursue our claims against AFI, contributed to the consensual resolution of these case and significantly enhanced the recovery of investors in the RMBS Trusts.

Dated: November 7, 2013

By: _____

Name:  Robert M. Damante
Title:  EVP and CFO
Company: SBLI USA Mutual Life Insurance Company, Inc.