Hearing Date: November 19 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: October 21, 2013 at 4:00 p.m. (Prevailing Eastern Time)
Reply Deadline: November 12, 2013   (Prevailing Eastern Time)

**QUINN EMANUEL URQUHART**
  **& SULLIVAN, LLP**
Susheel Kirpalani
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100
**QUINN EMANUEL URQUHART**
  **& SULLIVAN, LLP**

Eric D. Winston (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for*

*AIG Asset Management (U.S.), LLC. et al.,*
*Allstate Insurance Company, et al.,*
*Massachusetts Mutual Life Insurance Company, and*
*Prudential Insurance Company of America, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OMNIBUS REPLY OF AIG ASSET MANAGEMENT (U.S.), LLC,**
**ALLSTATE INSURANCE COMPANY, MASSACHUSETTS MUTUAL LIFE**
**INSURANCE COMPANY, AND THE PRUDENTIAL INSURANCE COMPANY**
**OF AMERICA WITH RESPECT TO CONFIRMATION OBJECTIONS FILED BY (I)**
**THE NOTES TRUSTEE AND THE AD HOC COMMITTEE OF JUNIOR SECURED**
**NOTEHOLDERS AND (II) CERTAIN DEUTSCHE BANK ENTITIES**

AIG Asset Management (U.S.), LLC ("AIG"), Allstate Insurance Company ("Allstate"),

Massachusetts Mutual Life Insurance Company ("MassMutual"), and The Prudential Insurance

Company of America ("Prudential," and, with AIG, Allstate, and MassMutual, the "Investors"),

holders of general unsecured claims against Residential Capital, LLC and its debtor-subsidiaries

(the "Debtors"), by and through their undersigned counsel, hereby submit this omnibus reply (this "Reply") to (i) the Objection of the Notes Trustee and Ad Hoc Committee of Junior Secured Noteholders to Confirmation of Plan Proponents' Chapter 11 Plan (the "JSN Objection") and (ii) the Limited Objection to Confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Deutsche Bank Objection"), filed by Deutsche Alt-A Securities, Inc., DB Structured Products, Inc., Deutsche Bank Securities Inc., Deutsche Mortgage Securities, Inc., MIT Holdings, Inc., MortgageIT, Inc., and MortgageIT Securities Corp. (collectively, "Deutsche Bank"), and in support thereof respectfully state as follows:

## DISCUSSION

1. The Investors, who collectively hold more than $1.75 billion in fraud and other claims arising under state and federal securities laws and common law, are filing this Reply in support of confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Plan")[1] and in response to misguided arguments set forth in the JSN Objection and the Deutsche Bank Objection.

2. **Reply to the JSN Objection** – The JSN objection raises unfounded objections concerning the private securities claims that this court should reject *in toto*.

3. Specifically, the JSN Objection asserts that the Plan violates the absolute priority rule by providing substantial distributions to holders of certain claims that are "subject to mandatory subordination under section 510(b) of the Bankruptcy Code" – namely, the monoline claims and private securities claims (together, "Securities-Related Claims") – while failing to pay "Intercompany Balance Claimants" (as defined in the JSN Objection) in full. As a result, the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

JSN Objection avers, value is being "improperly diverted" away from the JSNs to other creditors.  JSN Objection at 35.

4.  In making this argument, the JSN Objection relies on the faulty premise that the Securities-Related Claims necessarily would have been subordinated if challenged in court.  Such an outcome is far from a foregone conclusion.  As the Court may recall, in February 2013, the Debtors filed a complaint seeking to subordinate claims held by private securities claimants under Bankruptcy Code section 510.  See Adv. Proc. No. 13-01262, Docket No. 1.  Shortly thereafter, the Debtors and the Investors filed cross-motions for summary judgment.  A review of the briefing in connection with these cross-motions reveals that the Investors had meritorious (indeed, the Investors believe prevailing) arguments opposing subordination.  Given the uncertainty over the ultimate outcome of the subordination litigation, the Debtors undeniably were justified in resolving the litigation by agreeing to allow as non-subordinated claims of the private securities claimants, who are in fact foregoing what they would otherwise arguably receive from the Debtors on account of such allowed claims.

5.  The argument that a settlement is unreasonable if it settles claims that might otherwise be subordinated under section 510(b) of the Bankruptcy Code was raised by the JSNs in connection with the settlement of claims asserted by FGIC – and was soundly rejected by this Court. See Memorandum Opinion and Order, and Findings of Fact and Conclusions of Law, Approving the FGIC Settlement Motion (the "FGIC Ruling"), Docket No. 5042, at 51 (overruling objection to FGIC settlement and stating that "[t]he JSNs have failed to provide any authority holding that a court cannot approve a settlement where the claims could potentially be subordinated.").  The JSN Objection mentions the FGIC Ruling in a footnote, and tries to distinguish the permissibility of  a settlement under Rule 9019 of the Federal Rules of

Bankruptcy Procedure from "the more problematic issue of whether the Plan itself could provide for the Securities-Related Claimants to recover ahead of the Intercompany Balance Claimants without violating the absolute priority rule." JSN Objection at 37, n.25.

6. The JSN Objection misses the point. Once a claim that might have been subject to subordination is settled and allowed as an unsubordinated unsecured claim, the subordination threat is removed. There is nothing improper in making payments in respect of such a claim under a plan, notwithstanding that non-subordinated claims have not been paid in full.[2] Thus, because there is no obstacle to settling a claim that arguably might have been subject to subordination under Bankruptcy Code section 510, there similarly is no obstacle to making distributions in respect of such claim even if the JSN claims were not being paid in full.

7. The same reasoning applies to the JSN Objection's companion argument that with respect to the JSN's alleged deficiency claims, "the Plan violates the absolute priority rule set forth in section 1129(b) due to the Plan's failure to subordinate the Securities-Related Claims." As with the objection relating to intercompany balances, as well as the objection to the FGIC settlement, the JSN Objection cites to no authority for the proposition that it is impermissible to settle a claim that *might* be subject to subordination under Bankruptcy Code section 510(b), and ignores cases that held the other way. See FGIC Ruling at 50 (citing *In re WorldCom, Inc.*, No. 02-13533 (Bankr. S.D.N.Y. Aug. 6, 2003) (approving a settlement involving claims that may be subject to subordination) and *In re Adelphia Communications Corp.*, 327 B.R. 143,168-70 (Bankr. S.D.N.Y. 2005), *aff'd sub. nom. Ad Hoc Adelphia Trade Claims Committee v. Adelphia Communications Corp.,* 337 B.R. 475, 478 (S.D.N.Y. 2006) (same)). For these reasons, the JSN Objection should be overruled.

---

[2] Regardless, however, the Plan *does* provide for payment in full of the JSN claims.

8.      **Reply to the Deutsche Bank Objection** – The Deutsche Bank Objection focuses on the judgment reduction provision in the Plan, which by its terms preserves judgment credit rights of non-settling co-defendants whose contribution or indemnity claims against any "Ally Released Parties" have been released by the Third Party Release.  Although they had no obligation to do so, the Consenting Claimants agreed to this treatment so that non-settling co-defendants like Deutsche Bank, whose purported contribution and indemnity claims against Ally Released Parties are being released by the Third Party Release, would receive consideration for that release, utilizing a mechanism typically used in class action cases where there has been a partial settlement and a bar order has been entered.  The Deutsche Bank Objection improperly seeks an extension of the judgment credit rights to include indemnity and contribution claims of non-settling co-defendants *against the Debtors*.  Such an extension is unjustified and improper, as it would effectively re-write Bankruptcy Code section 502(e).  Accordingly, the Deutsche Bank Objection should be overruled.

9.      Deutsche Bank's arguments in favor of expanding the judgment credit rights of non-settling defendants are not well grounded.  Deutsche Bank notes that the Plan preserves judgment credit rights, if any, in situations where a non-settling co-defendant of an Ally Released Party has claims for indemnity or contribution against such Ally Released Party that are released by the Third Party Release, but does not contain a parallel provision with respect to indemnity or contribution claims of a non-settling co-defendant of the Debtors.  Deutsche Bank asserts that the absence of a parallel provision may have "the unintended consequence of altering a defendant's statutory or common law right to a judgment credit." Deutsche Bank Objection, at 6.

10. To avoid this "unintended consequence," Deutsche Bank has objected to the Plan and requested the inclusion of the following language:

> ORDERED that nothing contained in the Plan, this Confirmation Order, or the other Plan Documents shall limit the right of a defendant, against whom a judgment of a court of competent jurisdiction is obtained (whether in a proceeding now pending or hereafter commenced) on an Investor-related securities claim, to a judgment credit, in accordance with applicable statutory or common law, where such defendant has a claim for indemnity or contribution against a Debtor or Debtors in the underlying litigation.

Deutsche Bank Objection, at 6. The Court should reject this language as unnecessary and unwarranted. As an initial matter, Deutsche Bank fails to cite a single authority for the proposition that judgment reduction is available for a non-debtor co-defendant in connection with the treatment of that co-defendant's securities-related claims for indemnification or contribution under a chapter 11 plan. It thus appears that Deutsche Bank is seeking to preserve a right that simply does not exist.

11. Furthermore, the Court should reject the proposed language due to the application of Bankruptcy Code section 502(e), pursuant to which contingent claims for reimbursement or contribution are disallowed. Under Bankruptcy Code section 502(e), the very indemnity and contribution claims to which Deutsche Bank seeks to append judgment credit rights will be disallowed. The Investors understand that the Debtors are preparing omnibus objections that will seek disallowance of contingent reimbursement and contribution claims. Because these claims will be contingent at the time the claim objections are heard, they will be disallowed, rendering the above-quoted language requested by Deutsche Bank a nullity (as it would trigger the right to a judgment credit only "where such defendant <u>has</u> a claim for indemnity or contribution against a

Debtor or Debtors in the underlying litigation"). With the indemnity and contribution claims disallowed, the right to a judgment credit would never arise.

12. Accordingly, the Deutsche Bank Objection must be overruled. Deutsche Bank has failed to cite to any authority for the proposition that judgment reduction rights arise where a non-settling co-defendant's claims for indemnity or contribution against a debtor are disallowed or discharged in a bankruptcy case. That is because judgment credit only comes into play where there has been a settlement that includes a bar order prohibiting pursuit of indemnity and contribution claims against the settling party. The rationale behind this approach is simple: to encourage settlements. This rationale does not apply to situations where indemnity or contribution claims against a debtor have been discharged in a bankruptcy case, or disallowed under Bankruptcy Code section 502(e). Thus, to the extent the above-quoted language proposed by Deutsche Bank is not a legal nullity, it appears to be an attempted end run around Bankruptcy Code section 502(e). The court should reject the requested language, and overrule the Deutsche Bank Objection.

*[signature page follows]*

Respectfully submitted,

Dated: November 12, 2013
       New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

  /s/ Susheel Kirpalani
Susheel Kirpalani
Scott C. Shelley

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Eric D. Winston (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for AIG Asset Management (U.S.), LLC, et al., Allstate Insurance Company, et al., Massachusetts Mutual Life Insurance Company, and The Prudential Insurance Company of America, et al.*