**Exhibit PX-1555**
[August 10, 2012 Notice to Original Settling Trusts]



## INFORMATIONAL NOTICE OF BANKRUPTCY FILING BY RESIDENTIAL CAPITAL, LLC AND CERTAIN AFFILIATED ENTITIES

DATE: August 10, 2012

TO: Holders ("Holders") of those certain certificates, notes, or other securities issued by each of the securitization trusts listed on the attached Schedule A (each, a "Trust" and collectively, the "Trusts")

**THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE ABOVE LISTED CERTIFICATES. IF APPLICABLE, ALL DEPOSITORIES, CUSTODIANS AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RETRANSMITTAL OF THIS NOTICE TO SUCH BENEFICIAL OWNERS IMMEDIATELY. YOUR FAILURE TO ACT PROMPTLY IN COMPLIANCE WITH THIS PARAGRAPH MAY IMPAIR THE CHANCE OF THE BENEFICIAL OWNERS ON WHOSE BEHALF YOU ACT TO CONSIDER THE MATTERS DESCRIBED IN THIS NOTICE IN A TIMELY FASHION.**

---

Residential Capital, LLC ("ResCap") or its affiliated entities serves in one or more capacities with respect to each Trust, and Wells Fargo Bank, N.A. ("Wells Fargo") currently acts as trustee or indenture trustee of such Trusts (the "Trustee") pursuant to the terms of certain pooling and servicing agreements, indentures, and related servicing agreements (collectively referred to herein as the "Transaction Documents"). This notice is intended for those persons or entities that hold a security, note, or certificate issued in connection with a Trust.

### Bankruptcy Filing of Residential Capital, LLC and Certain Affiliates

Please be advised that, on May 14, 2012 (the "Filing Date"), ResCap, together with certain affiliated entities (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the U.S. Bankruptcy Code (the "Bankruptcy Cases" or the "Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") before the Honorable Martin Glenn. The Debtors' Bankruptcy Cases are jointly administered for procedural purposes only under In re Residential Capital, LLC et al., Case No. 12-12020 (MG).

The Debtors filed various motions to authorize them to continue to conduct their businesses in the ordinary course during the Bankruptcy Cases, including filing several motions

seeking authorization to continue to operate their mortgage servicing and origination business in the ordinary course at the Debtors' sole discretion and subject to available funding. The Bankruptcy Court entered orders granting these motions on an interim or final basis.

Please note that the Debtors' bankruptcy filings have triggered one or more defaults under the Transactions, which may include a servicing default, event of default, or event of servicer termination as such terms are used in the applicable Transaction Documents. The Trustee will continue to analyze the respective rights, if any, the Holders and the Trustee may have in connection with any such default in light of certain limitations by applicable bankruptcy law.

### RMBS Trust Plan Support Agreements

To date, the Debtors have filed with the Bankruptcy Court four separate plan support agreements with various parties. These agreements include two separate plan support agreements with certain holders of residential mortgage backed securities, which agreements include the Trusts (the "RMBS Trust Plan Support Agreements"). The RMBS Trust Plan Support Agreements constitute agreements among the Debtors, Ally Financial Inc., and two separate groups of institutional investors collectively holding, according to the Debtors, at least 25% of at least one class for over 320 securitizations backed by mortgage loans held by certain covered trusts which were sponsored by the Debtor (the "Settling Investors"). The RMBS Trust Plan Support Agreements require that the participating Settling Investors support the Debtors' restructuring.

The Trustee is not a party to either of the RMBS Trust Plan Support Agreements and, to date, has not been provided with any direction consistent with the transaction documents relating to the Trusts with respect to the RMBS Trust Plan Support Agreements.

### RMBS Trust Settlement Agreements and the Trust Settlement Motion

The Debtors have also filed two agreements between the Debtors and the Settling Investors (collectively, the "RMBS Trust Settlement Agreements"). Under the terms of the RMBS Trust Settlement Agreements, a limited group of 392 securitization trusts (each, a "Qualifying Securitization") that agree to the terms of a RMBS Trust Settlement Agreement will share in up to $8.7 billion of an allowed general unsecured claim against the Debtors, to be allocated amongst the participating securitizations. The RMBS Trust Settlement Agreements address, among other things, the Debtors' alleged breaches of representations and warranties regarding the mortgage loans contained in each of the Trusts, as set forth in the Transaction Documents, as well as violations of certain of the Debtors' servicing obligations under the Transaction Documents.

On June 11, 2012, the Debtors filed a motion (the "Trust Settlement Motion") seeking the Bankruptcy Court's approval of the RMBS Trust Settlement Agreements.

*Based on information received by the Trustee to date, each of the Trusts has been identified by the Settling Investors as a Qualifying Securitization included on Exhibit A to the RMBS Trust Settlement Agreement*.

Please note that the Trustee is not a party to either of the RMBS Trust Settlement Agreements and, to date, has not been provided with any direction consistent with the transaction documents relating to the Trusts with respect to any of the RMBS Trust Settlement Agreements or the Trust Settlement Motion.

Please further note that on July 31, 2012, the Bankruptcy Court entered an order requiring that the Trustee provide notice of certain key pleadings filed in the Bankruptcy Case, including details surrounding the RMBS Trust Settlement Agreement, to the Holders. The Trustee expects to send such notice to the Holders in the coming weeks.

**Motion to Approve the Sale of Debtors' Mortgage Origination and Servicing Business**

The Debtors also filed a motion to approve the sale of substantially all of the Debtors' assets and bidding procedures relating to the proposed sale. The proposed sale includes the sale of the Debtor's mortgage origination and servicing business to Nationstar Mortgage LLC as the stalking horse bidder. The Debtors have represented that the sale would include the servicing related to substantially all of its securitizations and may include the Trusts.

**Bankruptcy Information**

The Trustee is actively monitoring events in the Bankruptcy Case and has taken, and will continue to take, all steps consistent with its rights and obligations under the governing documents relating to each of the Trusts. Holders are urged, however, to carefully review the pleadings filed in the Bankruptcy Cases, including the RMBS Trust Settlement Agreements, and consult with their own advisors.

Documents filed in the Bankruptcy Cases may be viewed during normal business hours at the Clerk's Office of the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004-1408, obtained through PACER for a fee by registering online at http://pacer.psc.uscourts.gov, or at the Debtors' agent's website, http://www.kccllc.net/rescap.

**General Information**

Please be further advised that the Trustee reserves all of the rights, powers, claims and remedies available to it under the transaction documents and applicable law. No delay or forbearance by the Trustee to exercise any right or remedy accruing upon the occurrence of a default, or otherwise under the terms of the transaction documents, other documentation relating thereto or under applicable law, shall impair any such right or remedy or constitute a waiver thereof or an acquiescence therein.

The Trustee expressly reserves all rights in respect of each of the Trusts, including without limitation its right to recover its fees and costs (including, without limitation, fees and

costs incurred or to be incurred by the Trustee in performing its duties, indemnities owing or to become owing to the Trustee, compensation for Trustee time spent and reimbursement for fees and costs of counsel and other agents it employs in performing its duties or to pursue remedies) to the extent permitted under the Transaction Documents, and its right, prior to exercising any rights or powers in connection with the Trusts at the request or direction of any Holder, to receive security or indemnity satisfactory to it against all costs, expenses and liabilities which might be incurred in compliance therewith, and all rights that may be available to it under applicable law or otherwise.

Please note that the foregoing is not intended and should not be construed as investment, accounting, financial, legal or tax advice by or on behalf of the Trustee, or its directors, officers, affiliates, agents, attorneys or employees. Each person or entity receiving this notice should seek the advice of its own advisers in respect of the matters set forth herein.

Notice Recipients with questions regarding this notice or other related matters may direct their inquiries in writing, with evidence of their respective holdings, to the Trustee at:

>   Wells Fargo Bank, N.A.
>   625 Marquette Avenue, 16th Floor
>   MAC N9311-161
>   Minneapolis, Minnesota 55402
>   Attention:  Mary L. Sohlberg, Vice President
>   E-Mail:  mary.l.sohlberg@wellsfargo.com

Wells Fargo may conclude that a specific response to particular inquiries from individual Notice Recipients is not consistent with equal and full dissemination of information to all Notice Recipients. Holders should not rely on Wells Fargo as their sole source of information in respect of the motions and agreements described herein, or the Bankruptcy Case as a whole. The foregoing is not intended and should not be construed as investment, accounting, financial, legal or tax advice by or on behalf of Wells Fargo, or its directors, officers, agents, attorneys or employees. Each of the Holders receiving this notice should seek the advice of their own advisers in respect of the matters set forth herein. Wells Fargo makes no recommendations and gives no investment advice herein or as to the certificates or securities generally.

Wells Fargo hereby reserves all its rights, powers and remedies under the legal documents related to the Trusts and applicable law and may, at any time from time to time, without notice, demand or the taking of any other action, exercise any and all rights, powers and remedies available to it under such governing documents, as well as those available at law, equity or otherwise, whether with respect to the events or circumstances referred to above or otherwise. The reservation effected by the preceding sentence of this paragraph shall be deemed to be included in any other communication from Wells Fargo whether or not it (or any similar reservation) is in fact included in such communication.

>   WELLS FARGO BANK, N.A.,
>   as Trustee for the Transactions listed on the attached
>   Schedule A

## **SCHEDULE A**

## **The Trusts[1]**

### **GMAC 2004-HE1**

| |
|---|
| 7609852S91 |
| 7609852S91 |
| 361856CV7 |
| GMACMH04HE1C |

### **GMAC 2004-HE2**

| |
|---|
| 361856DB0 |
| 361856DD6 |
| 361856DE4 |
| GMACH04HE2SB |

### **GMAC 2004-HE5**

| |
|---|
| 361856DX2 |
| 361856DY0 |
| 361856SB |

### **GMAC 2004-VFT**

| |
|---|
| 36186FAA4 |
| GMACHMH04VFT |

### **GMAC 2005-AA1**

| |
|---|
| 76112BNM8 |
| 76112BNN6 |
| 76112BNP1 |
| 76112BNR7 |
| 76112BNS5 |
| 76112BNT3 |
| 76112BNQ9 |
| 76112BNQ9 |
| 76112BNU0 |
| 76112BNV8 |

### **GMAC 2005-HE2**

| |
|---|
| 36185MAD4 |
| 36185MAE2 |
| 36185MAF9 |
| GMACMH05E2SB |

### **GMAC 2005-HE1**

| |
|---|
| 361856EB9 |
| 361856EC7 |

| GMACHO05HE1C |
|---|
| 361856ED5 |
| 361856EE3 |
| 361856EF0 |

### GMAC 2006-AR1

| 36185MDN9 |
|---|
| 36185MDP4 |
| 36185MDQ2 |
| 36185MDR0 |
| 36185MDS8 |
| 36185MDT6 |
| 36185MDU3 |
| 36185MDV1 |
| 36185MDW9 |
| 36185MEA6 |
| 36185MDX7 |
| 36185MDY5 |
| 36185MDZ2 |

### GMAC 2006-J1

| 36185MEB4 |
|---|
| 36185MEC2 |
| 36185MED0 |
| 36185MEE8 |
| 36185MEG3 |
| 36185MEH1 |
| 36185MEK4 |
| 36185MEM0 |
| 36185MEN8 |
| 36185MEP3 |
| 36185MEJ7 |
| 36185MER9 |
| 36185MES7 |
| 36185MEQ1 |

---

[1] The CUSIP numbers appearing herein have been included solely for the convenience of the Holders. No representation is made as to the correctness of the CUSIP numbers either as printed on the certificates or notes related to the Trusts or as contained in this notice.