**Trial Exhibit PX-1510**

TIME SENSITIVE NOTICE
REGARDING SETTLEMENT AGREEMENT AMONG THE RESCAP DEBTORS,
FINANCIAL GUARANTY INSURANCE COMPANY AND THE FGIC TRUSTEES

NOTICE IS HEREBY GIVEN BY:

THE BANK OF NEW YORK MELLON,
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
U.S. BANK NATIONAL ASSOCIATION,
WELLS FARGO BANK, N.A., AND
LAW DEBENTURE TRUST COMPANY OF NEW YORK

IN THEIR SEVERAL CAPACITIES AS TRUSTEES, INDENTURE TRUSTEES AND/OR SEPARATE TRUSTEES (COLLECTIVELY, THE "**FGIC TRUSTEES**" AND EACH, AN "**FGIC TRUSTEE**"), TO THE HOLDERS (THE "**CERTIFICATEHOLDERS**") OF CERTIFICATES, NOTES OR OTHER SECURITIES (COLLECTIVELY, THE "**CERTIFICATES**") UNDER THE RESIDENTIAL MORTGAGE-BACKED SECURITIZATION TRUSTS IDENTIFIED ON SCHEDULE A TO THIS NOTICE (COLLECTIVELY, THE "**FGIC TRUSTS**" AND EACH A "**FGIC TRUST**").

THIS NOTICE CONTAINS IMPORTANT TIME-SENSITIVE INFORMATION FOR CERTIFICATEHOLDERS AND OTHER PERSONS POTENTIALLY INTERESTED IN THE FGIC TRUSTS. ALL DEPOSITORIES, CUSTODIANS AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE, AS APPLICABLE, ARE REQUESTED TO EXPEDITE ITS RE-TRANSMITTAL TO CERTIFICATEHOLDERS IN A TIMELY MANNER. FAILURE TO ACT PROMPTLY IN COMPLIANCE WITH THIS PARAGRAPH MAY IMPAIR THE ABILITY OF THE CERTIFICATEHOLDERS ON WHOSE BEHALF SUCH INTERMEDIARIES ACT TO CONSIDER THE MATTERS DESCRIBED IN THIS NOTICE IN A TIMELY FASHION.

Dated: June 4, 2013

This notice (the "**Notice**") is given to you by the FGIC Trustees under the Pooling and Servicing Agreements (including Series Supplements and Standard Terms of Pooling and Servicing Agreements), and Indentures and related Servicing Agreements (collectively, the "**Governing Agreements**") governing the FGIC Trusts. This Notice incorporates by reference the notice given by the RMBS Trustees (as defined therein) regarding (A) the Plan Support Agreement, dated May 13, 2013 (the "**Plan Support Agreement**"), among the ResCap Debtors and the RMBS Trustees (including the FGIC Trustees), among others, and (B) the Settlement Agreement among the Debtors, Financial Guaranty Insurance Company and Certain of the RMBS Trustees(including the FGIC Trustees), dated May 24, 2013 (the "**May 24 Notice**"). In the event of any inconsistencies between the May 24 Notice and this Notice, this Notice shall govern.

SK 03687 0119 1385897 v5

Capitalized terms used but not defined herein shall have the meanings assigned to them in the Governing Agreements or in the FGIC Settlement Agreement, as defined below.

**THIS NOTICE CONCERNS A PROPOSED SETTLEMENT OF, AMONG OTHER THINGS, THE PRESENT AND FUTURE CLAIMS OF THE FGIC TRUSTS AGAINST FINANCIAL GUARANTY INSURANCE CORPORATION ("FGIC") UNDER THE INSURANCE POLICIES (THE "POLICIES") ISSUED BY FGIC IN RESPECT OF THE TRUSTS.[1]**

**IF THE FGIC SETTLEMENT AGREEMENT IS APPROVED BY THE STATE COURT AND THE BANKRUPTCY COURT, IT WILL BIND EACH APPLICABLE FGIC TRUST AND THE RELATED CERTIFICATEHOLDERS. THE PROPOSED FGIC SETTLEMENT AGREEMENT MATERIALLY AFFECTS THE INTERESTS OF THE CERTIFICATEHOLDERS. THE FGIC TRUSTEES THEREFORE RESPECTFULLY REQUEST THAT ALL CERTIFICATEHOLDERS AND OTHER NOTICE RECIPIENTS READ THIS NOTICE AND RELATED MATERIALS CAREFULLY IN CONSULTATION WITH THEIR LEGAL AND FINANCIAL ADVISORS. CERTIFICATEHOLDERS THAT DO NOT WANT THE FGIC SETTLEMENT AGREEMENT TO BECOME EFFECTIVE SHOULD CONSIDER OBJECTING TO ITS APPROVAL IN THE STATE COURT ON OR BEFORE THE DEADLINE OF JULY 16, 2013 AT 3:00 P.M. (PREVAILING EASTERN TIME) AND/OR IN THE BANKRUPTCY COURT ON OR BEFORE THE DEADLINE THAT WILL BE SET ONCE THE NOTICE OF THE MOTION TO APPROVE THE FGIC SETTLEMENT AGREEMENT IS FILED (SUCH NOTICE IS EXPECTED TO BE FILED ON OR BEFORE JUNE 7, 2013).[2]**

### I.    Background--ResCap Bankruptcy Filing and FGIC Rehabilitation Proceeding.

On May 14, 2012, Residential Capital, LLC, and certain of its direct and indirect subsidiaries (collectively, "**ResCap**" or the "**Debtors**") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") (*In re Residential Capital, LLC*, Case No. 12-12020 (MG) and related cases) (collectively, the "**Chapter 11 Cases**"). To obtain information regarding the Chapter 11 Cases, please see Section VI, below.

Pursuant to an order dated June 28, 2012, the Supreme Court of the State of New York (the "**State Court**") appointed Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, as rehabilitator (the "**Rehabilitator**") of FGIC in the rehabilitation proceeding styled *In the Matter of the Rehabilitation of Financial Guaranty Insurance Company*, Index No. 401265/2012 (the "**Rehabilitation Proceeding**").

---

[1] Terms not otherwise defined in these initial summary paragraphs are defined below.
[2] When the notice of the motion seeking Bankruptcy Court approval of the FGIC Settlement Agreement (the "**FGIC Motion**") is filed with the Bankruptcy Court, it will be available at http://www.rescaprmbssettlement.com, or from The Garden City Group ("**GCG**") by contacting GCG in the manner described in Section VI, below, and other means as set forth in Section VI. Any Certificateholder of a FGIC Trust may object to the approval of the FGIC Settlement Agreement in the Bankruptcy Court pursuant to the terms of the FGIC Motion.

SK 03687 0119 1385897 v5

## II. The FGIC Settlement Agreement.

On May 23, 2013, ResCap, FGIC, and the FGIC Trustees as trustees or separate trustees under the FGIC Trusts, and certain other parties (collectively, the "**FGIC Settlement Parties**") entered into a settlement agreement (the "**FGIC Settlement Agreement**") pursuant to which the FGIC Settlement Parties settled their claims against each other, including the claims of the FGIC Trusts against FGIC for claims under the Policies under which FGIC insured the payment of principal and interest owing on certain of the Certificates. According to the terms of the FGIC Settlement Agreement, among other things, (a) each FGIC Settlement Party shall release the other FGIC Settlement Parties in respect of the Policies and other Policy Agreements (as defined in the FGIC Settlement Agreement), including the release by the FGIC Trusts of current claims in the amount of at least $789 million, and future claims against FGIC, (b) FGIC will pay to the FGIC Trusts for distribution to Certificateholders holding Certificates insured by the Policies cash in the aggregate amount of $253.3 million in settlement of the FGIC Trusts' claims against FGIC, (c) the FGIC Trustees shall release the Debtors in respect of Origination-Related Provisions (as defined in the FGIC Settlement Agreement), (d) FGIC will not be liable for any further payments under the Policies and other Policy Agreements, and (e) the FGIC Trusts will no longer make premium, reimbursement, or other payments to FGIC.[3] Copies of the FGIC Settlement may be obtained at http://www.rescaprmbssettlement.com, at www.fgicrehabilitation.com or from GCG by contacting GCG in the manner described in Section VI, below.

In accordance with the allocation methodology set forth in Exhibit F to the FGIC Settlement Agreement, the FGIC Trustees, in consultation with their advisors, will have sole and exclusive authority to determine the share of the $253.3 million payable to each FGIC Trust and the allocation of such share among the CUSIPs issued by each such FGIC Trust that are insured by a Policy. On or before July 3, 2013, the FGIC Trustees will notify FGIC in writing of the cash amount that FGIC shall pay to each FGIC Trust once the FGIC settlement is effective.

**As of July 3, 2013, the FGIC Trustees will make available to any Certificateholders holding Certificates insured by a Policy information as to the cash amount that FGIC will pay to the FGIC Trust(s) that issued such Certificates, provided that any such Certificateholder submits a proper request for such information to the FGIC Trustee(s) for such FGIC Trust(s), and provides appropriate verification of its holdings.**

---

[3] Pursuant to the FGIC Settlement Agreement, FGIC will receive an allowed claim against certain of the Debtors in the aggregate amount of (i) approximately $934 million, if the chapter 11 plan contemplated by the Plan Support Agreement attached to the FGIC Settlement Agreement as Exhibit C goes effective, or (ii) $596.5 million, if the Plan Support Agreement is terminated in accordance with its terms and the chapter 11 plan contemplated thereby does not go effective, subject to FGIC's right to assert a claim against each of three of the Debtors, in each case up to the amount of $596.5 million. FGIC has agreed under the Plan Support Agreement to cap its recovery from ResCap under (i), above, to $206.5 million. For more information on the Plan Support Agreement, please review the May 24 Notice.

3

SK 03687 0119 1385897 v5

**CERTIFICATEHOLDERS OF A FGIC TRUST ARE URGED TO REVIEW CAREFULLY THE FGIC SETTLEMENT AGREEMENT AND TO CONSULT WITH THEIR ADVISORS.**

### III.   The Rehabilitation Proceeding and Related Deadlines.

On May 29, 2013, an affirmation (the "**Affirmation**") in support of the Rehabilitator's motion for an order approving the FGIC Settlement Agreement and relevant portions of the Plan Support Agreement was filed in the State Court. On May 30, 2013, the State Court entered an order to show cause (the "Order to Show Cause") setting forth a schedule of deadlines and the date of a hearing to consider approval of the FGIC Settlement Agreement and relevant portions of the Plan Support Agreement (the "**State Court Hearing**"). Copies of the Affirmation and the Order to Show Cause may be obtained at **www.fgicrehabilitation.com**, at **http://www.rescaprmbssettlement.com** or from GCG by contacting GCG in the manner described in Section VI, below. Pursuant to the Order to Show Cause, the State Court Hearing will take place on August 6, 2013 at 10:00 a.m. at IAS Part 36, Room 428, thereof, at the Courthouse located at 60 Centre Street, New York, New York.

**Any Certificateholder objecting to any aspect of the FGIC Settlement Agreement must file an objection with the State Court, and serve a copy of such objection via email upon gary.holtzer@weil.com and joseph.verdesca@weil.com, attorneys for the Rehabilitator, so that such objection is received on or before July 16, 2013 at 3:00p.m. (the "State Court Objection Deadline").**

If no objection is filed on or before the State Court Objection Deadline, pursuant to the Order to Show Cause, the State Court may approve the FGIC Settlement Agreement without holding the State Court Hearing.[4]

### IV.   Certificateholders Can Object to the FGIC Settlement Agreement.

*Any Certificateholder objecting to any aspect of the FGIC Settlement Agreement can file an objection with the Bankruptcy Court as set forth in footnote 2, above, and/or in the State Court as set forth in Section III, above. If a Certificateholder of a FGIC Trust does not file a timely objection to the FGIC Settlement Agreement in the Bankruptcy Court or Rehabilitation Proceeding or if such Certificateholder's timely objection(s) are overruled, so long as the FGIC Settlement Agreement is approved by the Bankruptcy Court and the State Court, such Certificateholder will be bound by the terms of the FGIC Settlement Agreement.[5] If approved*

---

[4] As noted in footnote 2, above, Certificateholders of a FGIC Trust may also object to the FGIC Motion in the Bankruptcy Court.

[5] Note that Bankruptcy Court approval of a plan of reorganization for the Debtors is *not* a condition to the effectiveness of the FGIC Settlement Agreement. By its terms, the FGIC Settlement Agreement will become effective if and when both the Bankruptcy Court and the Rehabilitation Court have entered final orders approving it. The May 24 Notice incorrectly stated that the Bankruptcy Court approval of a plan of reorganization for the Debtors was a condition to the effectiveness of the FGIC Settlement Agreement.

4

*by the Bankruptcy Court and the State Court, all Certificateholders holding Certificates insured by FGIC's Policies, and any other persons or entities who received this Notice, will be bound by the FGIC Settlement Agreement and the settlements, releases and discharges contained therein, regardless of whether any Certificateholder or other person or entity appeared before the Bankruptcy Court and/or at the State Court Hearing or submitted an objection.*

*Certificateholders should review with their advisors the relevant Governing Agreements and any applicable orders that have been entered by the State Court, including the Order of Rehabilitation, dated June 28, 2012, to determine what legal position, if any, they intend to assert.*

### V. This Notice Is a Summary.

This Notice is not intended as, nor does it provide, a detailed restatement of the FGIC Settlement Agreement, relevant law or relevant legal procedures. The FGIC Trustees do not intend to send any further notices with respect to the matters addressed herein, and Certificateholders and other potentially interested persons are urged to review carefully the FGIC Settlement Agreement, any related notices, and other related pleadings that have been filed, and that subsequently may be filed, in the Chapter 11 Cases and in the Rehabilitation Proceeding, and to consult with their own legal and financial advisors.

### VI. Other Sources of Information.

Information relevant to the FGIC Settlement Agreement, the Plan Support Agreement, and any notices thereof will be available at **http://www.rescaprmbssettlement.com**, which will be updated regularly with related material documents filed or orders entered by the Bankruptcy Court and the State Court. Certificateholders may also access documents filed in the Rehabilitation Proceeding at **www.fgicrehabilitation.com**. If a Certificateholder has any questions or would like to request copies of any of the relevant documents, Certificateholders may call GCG at (866) 241-7538 in the United States, +1 (202) 470-4565 outside the United States, or send an email to **questions@rescaprmbssettlement.com**.

Certificateholders may also obtain any documents filed with the Bankruptcy Court in the Chapter 11 Cases by visiting ResCap's claims agent website at **http://www.kccllc.net/rescap**, or by logging on to PACER at **https://www.uscourts.gov** (a small fee is charged for this service). Documents filed in the Chapter 11 Cases may also be viewed during normal business hours at the Clerk's Office of the Bankruptcy Court, located at One Bowling Green, New York, New York 10004.

The Committee appointed in the Chapter 11 Cases has established an official website (the "**Committee Website**"), on which basic information concerning the Chapter 11 Cases has been posted, including, but not limited to, relevant contact information, upcoming dates and deadlines, statements and schedules filed by ResCap and a list of answers to frequently asked questions. The Committee Website can be reached at **http://dm.epiq11.com/RES/Project**.

5

Inquiries with respect to any particular FGIC Trust for which The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., U.S. Bank National Association, or Wells Fargo Bank, N.A. serves as FGIC Trustee may be directed to the FGIC Trustee for such FGIC Trust using the "RMBS Trustee Contact Information" for such FGIC Trustee at **http://www.rescaprmbssettlement.com**. With respect to those FGIC Trusts for which Law Debenture Trust Company of New York serves as separate FGIC Trustee, inquiries may be directed to **nytrustco@lawdeb.com.** With respect to all other trusts, Certificateholders of those trusts should refer to their respective Governing Agreements for contact information.

### VII. Other Matters.

Certificateholders and other persons interested in the FGIC Trusts should not rely on the FGIC Trustees, or on counsel or other advisors retained by the FGIC Trustees, as their sole source of information.

Please note that the foregoing is not intended and should not be construed as investment, accounting, financial, legal or tax advice by or on behalf of the FGIC Trustees, or their directors, officers, affiliates, agents, attorneys or employees. Each person or entity receiving this Notice should seek the advice of its own advisers in respect of the matters set forth herein.

Please be further advised that each of the FGIC Trustees reserves all of the rights, powers, claims and remedies available to it under the Governing Agreements and applicable law. No delay or forbearance by an FGIC Trustee to exercise any right or remedy accruing upon the occurrence of a default, or otherwise under the terms of the Governing Agreements, other documentation relating thereto or under applicable law, shall impair any such right or remedy or constitute a waiver thereof or acquiescence therein.

Each of the FGIC Trustees expressly reserves its rights under each applicable Governing Agreement, including without limitation, its right to recover in full its fees and costs (including, without limitation, fees and costs incurred or to be incurred by such FGIC Trustee in performing its duties, indemnities owing or to become owing to such FGIC Trustee, compensation for such FGIC Trustee's time spent and reimbursement for fees and costs of counsel and other agents it employs in performing its duties or to pursue remedies) and its right, prior to exercising any rights or powers in connection with any applicable Governing Agreement at the request or direction of any Certificateholder, to receive security or indemnity satisfactory to it against all costs, expenses and liabilities which might be incurred in compliance therewith, and all rights that may be available to it under applicable law or otherwise.

Please be advised that with respect to any particular inquiry from individual Certificateholders, a FGIC Trustee may conclude that a specific response to such inquiry is not consistent with requirements under applicable law and regulation of equal and full dissemination of information to all Certificateholders.

THE BANK OF NEW YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., U.S. BANK NATIONAL ASSOCIATION, WELLS FARGO BANK, N.A., AND LAW DEBENTURE TRUST COMPANY OF NEW YORK, severally, as trustees, and/or indenture trustees or separate trustees of the FGIC Trusts

## Schedule A to June 4, 2013 Notice to Certificateholders in FGIC Trusts

| Trusts Insured by Financial Guaranty Insurance Company ("FGIC") | Trustee | Policy ID |
|---|---|---|
| GMACM 2001-HE2 | The Bank of New York Mellon and The Bank of New York Mellon Trust Company N.A. ("BNYM") | 1010293 |
| GMACM 2002-HE4 | Wells Fargo Bank, N.A. ("WFB")/Law Debenture Trust Company of NY ("LDTC") | 2030026 |
| GMACM 2003-HE2 | WFB/LDTC | 3030009 |
| GMACM 2004-HE5 | WFB/LDTC | 4030047 |
| GMACM 2005-HE2 | WFB/LDTC | 5030041 |
| GMACM 2006-HE2 | BNYM | 6030080 |
| GMACM 2006-HE3 | BNYM | 6030099 |
| GMACM 2006-HE5 | BNYM | 6030127 |
| GMACM 2007-HE2 | BNYM | 7030046 |
| GMACM 2001-HE2 | BNYM | 1010294 |
| GMACM 2001-HE3 | BNYM | 1030013 |
| GMACM 2002-HE1 | WFB/LDTC | 2030009 |
| GMACM 2003-HE1 | WFB/LDTC | 3030008 |
| GMACM 2004-HE1 | WFB/LDTC | 4030006 |
| GMACM 2005-HE1 | WFB/LDTC | 5030011 |
| GMACM 2006-HE1 | BNYM | 6030037 |
| GMACM 2004-HLTV1 | BNYM | 4030036 |
| GMACM 2006-HLTV1 | BNYM | 6030034 |
| RFC, RAMP 2004-RS7 | BNYM | 4030020 |
| RFC, RAMP 2004-RS7 | BNYM | 4030021 |
| RFC, RAMP 2005-EFC7 | U.S. Bank National Association ("USB") | 5030159 |
| RFC, RAMP 2005-NC1 | USB | 5030158 |
| RFC, RAMP 2005-RS9 | BNYM | 5030145 |
| RFC, RASC 2001-KS1 | BNYM | 1010248 |
| RFC, RASC 2001-KS1 | BNYM | 1010249 |
| RFC, RASC 2004-KS7 | BNYM | 4030022 |
| RFC, RASC 2004-KS7 | BNYM | 4030023 |
| RFC, RASC 2004-KS9 | BNYM | 4030032 |
| RFC, RASC 2004-KS9 | BNYM | 4030033 |
| RFC, RASC 2005-EMX5 | USB | 5030153 |
| RFC, RASC 2007-EMX1 | USB | 7030010 |

SK 03687 0119 1386095 v2

| Trusts Insured by Financial Guaranty Insurance Company ("FGIC") | Trustee | Policy ID |
|---|---|---|
| RFC, RFMSI 2005-S2 | USB | 5030006 |
| RFC, RFMSI 2005-S7 | USB | 5030142 |
| RFC, RFMSII 2002-HS3 | BNYM | 2030023 |
| RFC, RFMSII 2003-HS1 | BNYM | 3030004 |
| RFC, RFMSII 2004-HS1 | BNYM | 4030007 |
| RFC, RFMSII 2005-HS1 | BNYM | 5030097 |
| RFC, RFMSII 2005-HS2 | BNYM | 5030143 |
| RFC, RFMSII 2005-HSA1 | BNYM | 5030160 |
| RFC, RFMSII 2006-HSA1 | BNYM | 6030003 |
| RFC, RFMSII 2006-HSA2 | BNYM | 6030022 |
| RFC, RFMSII 2002-HS3 | BNYM | 2030024 |
| RFC, RFMSII 2003-HS1 | BNYM | 3030005 |
| RFC, RFMSII 2003-HS2 | BNYM | 3030017 |
| RFC, RFMSII 2004-HS1 | BNYM | 4030008 |
| RFC, RFMSII 2004-HS3 | BNYM | 4030035 |
| RFC, RFMSII 2005-HS1 | BNYM | 5030098 |
| RFC, RFMSII 2005-HS2 | BNYM | 5030146 |
| RFC, RFMSII 2005-HSA1 | BNYM | 5030161 |
| RFC, RFMSII 2006-HSA2 | BNYM | 6030026 |
| RFC, RAMP 2004-RZ2 | BNYM | 4030012 |
| RFC, RAMP 2004-RZ2 | BNYM | 4030013 |
| RFC, RFMSII 2004-HI2 | BNYM | 4030015 |
| RFC, RFMSII 2004-HI3 | BNYM | 4030034 |
| RFC, RFMSII 2005-HI1 | BNYM | 5030001 |
| RFC, RFMSII 2006-HI2 | BNYM | 6030063 |
| RFC, RFMSII 2006-HI3 | BNYM | 6030087 |
| RFC, RFMSII 2006-HI4 | BNYM | 6030113 |
| RFC, RFMSII 2006-HI5 | USB | 6030135 |
| RFC, RFMSII 2007-HI1 | USB | 7030014 |

SK 03687 0119 1386095 v2

## U.S. Bank FGIC Trusts

| Deal Name | CUSIP[1] |
|---|---|
| RAMP 2005-EFC7 | 76112BR69, 76112BR77, 76112BR85, 76112BR93, Class R-I & R-II |
| RAMP 2005-NC1 | 76112BQ94, 76112BR28, 76112BR36, 76112BT67, Class R-I & R-II |
| RASC 2005-EMX5 | 76110W7Q3, 76110W7R1, 76110W7S9, Class R-I & R-II |
| RASC 2007-EMX1 | 74924XAB1, 74924XAC9, 74924XAD7, 74924XAE5, 74924XAF2, Class R. |
| RFMSI 2005-S2 | 76111XTQ6, 76111XTR4, 76111XTS2, 76111XTT0, 76111XTU7, 76111XTV5, 76111XTW3, 76111XTX1, 76111XTY9, 76111XTZ6, 76111XUA9, 76111XUB7, 76111XUC5, 76111XUD3, 76111XUE1, 76111XUF8. |
| RFMSII 2006-HI5 | 43718VAC8, 43718VAD6, Owner Trust Certificate |
| RFMSII 2007-HI1 | 43718WAC6, 43718WAD4, Owner Trust Certificate |
| RFMSI 2005-S7 | 76111XZR7, 76111XZS5, 76111XZT3, 76111XZU0, 76111XZV8, 76111XZW6, 76111XZX4, 76111XZY2, 76111XZZ9, 76111XA29, 76111XA37, 76111XA45, 76111XA52, 76111XA60, 76111XA78, 76111XA86, 76111XZN6, 76111XZP1, 76111XZQ9 |

---

[1] The CUSIP numbers appearing herein have been included solely for the convenience of the Securityholders. No representation is made as to the correctness of the CUSIP numbers either as printed on the certificates or notes related to the Trusts or as contained in this notice.

A-1