# Trial Exhibit PX-1513

TIME SENSITIVE NOTICE

REGARDING STATUS OF GREENPOINT MORTGAGE FUNDING TRUST 2006-HE1 UNDER PROPOSED CHAPTER 11 PLAN OF REORGANIZATION AND DEBTORS' MOTION TO ASSUME AND ASSIGN SERVICING UNDER THE TRUST

NOTICE IS HEREBY GIVEN BY U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS INDENTURE TRUSTEE (THE "**TRUSTEE**"), TO THE HOLDERS (THE "**CERTIFICATEHOLDERS**") OF CERTIFICATES, NOTES OR OTHER SECURITIES (COLLECTIVELY, THE "**CERTIFICATES**") UNDER THE RESIDENTIAL MORTGAGE-BACKED SECURITIZATION TRUST IDENTIFIED AS GREENPOINT MORTGAGE FUNDING TRUST 2006-HE1 (THE "**TRUST**").

THIS NOTICE CONTAINS IMPORTANT TIME-SENSITIVE INFORMATION FOR CERTIFICATEHOLDERS AND OTHER PERSONS POTENTIALLY INTERESTED IN THE TRUST. ALL DEPOSITORIES, CUSTODIANS AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE, AS APPLICABLE, ARE REQUESTED TO EXPEDITE ITS RE-TRANSMITTAL TO CERTIFICATEHOLDERS IN A TIMELY MANNER. FAILURE TO ACT PROMPTLY IN COMPLIANCE WITH THIS PARAGRAPH MAY IMPAIR THE ABILITY OF THE CERTIFICATEHOLDERS ON WHOSE BEHALF SUCH INTERMEDIARIES ACT TO CONSIDER THE MATTERS DESCRIBED IN THIS NOTICE IN A TIMELY FASHION.

Dated: September 4, 2013

This notice (the "**Notice**") is given to you by the Trustee under the Indenture dated as of August 1, 2006 (the "**Indenture**") between the Trust, as Issuer, and the Trustee, and related agreements governing the Trust (collectively, the "**Governing Agreements**"). This Notice incorporates by reference (1) the notice given by the RMBS Trustees (as defined therein) regarding, among other things, the Plan Support Agreement, dated May 13, 2013 (the "**Plan Support Agreement**"), among the ResCap Debtors and the RMBS Trustees (including the Trustee), among others, dated May 24, 2013 (the "**May 24 Notice**"), (2) the notice given by the Trustee dated July 25, 2013 (the "**July 25 Notice**") informing Certificateholders that Syncora Guarantee Inc. ("**Syncora**"), as controlling party of the Trust, had opted out of the Plan Support Agreement, and (3) the Notice given by the RMBS Trustees to Certificateholders regarding the entry of the *Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* (the "**Disclosure Statement Order**") (Docket No. 4819), dated August 30, 2013 (the "**August 30 Notice**"). In the event of any inconsistencies between the May 24 Notice, the July 25 Notice, the August 30 Notice, and this Notice, this Notice shall govern. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Governing Agreements or in the Disclosure Statement (as defined in the August 30 Notice).

I. **Background--ResCap Bankruptcy and Plan Support Agreement.**

On May 14, 2012, Residential Capital, LLC, and certain of its direct and indirect subsidiaries (collectively, "**ResCap**" or the "**Debtors**") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") (*In re Residential Capital, LLC*, Case No. 12-12020 (MG) and related cases) (collectively, the "**Chapter 11 Cases**"). To obtain information regarding the Chapter 11 Cases, please see Section VI, below.

II. **Withdrawal of the Trust from the Plan Support Agreement.**

As the Trustee informed you in the July 25 Notice, Syncora, as controlling insurer under the Indenture, instructed, directed and authorized the Trustee to withdraw its execution of the Plan Support Agreement and not to vote in favor of the Plan (as defined in the August 30 Notice) on behalf of the Trust (the "**Direction**"). In accordance with the Direction, on June 26, 2013, the Trustee filed a Notice of Withdrawal of RMBS Trust from Plan Support Agreement (the "**Withdrawal Notice**") (Docket No. 4092) in which the Trustee gave notice of the Trustee's withdrawal of both its execution of the Plan Support Agreement and the agreement to vote in favor of the Plan solely in respect of the Trust.

As the Trustee informed you in the August 30 Notice, the Plan Support Agreement was approved by the Bankruptcy Court by order dated June 26, 2013 (the "**Plan Support Agreement Order**") and by a memorandum opinion dated June 27, 2013 (the "**Memorandum Opinion**").

III. **The Trustee will not Vote to Accept the Plan on behalf of the Trust, Except as Directed.**

The Disclosure Statement Order sets forth, among other things, voting procedures with respect to the Plan (the "**Voting Procedures**").[1] As the Trustee informed you in the August 30 Notice, the deadline for submitting ballots to vote to accept or reject the Plan is October 21, 2013 (the "**Voting Deadline**").

Pursuant to the Direction, the Trustee will not be voting on the Plan on behalf of the claims of the Trust unless otherwise directed by Syncora, as controlling insurer.

**If Syncora desires for the Trustee to vote for or against the Plan on behalf of the Trust, it can, if it meets the requirements set forth in the applicable Governing Agreements, issue a direction, which shall include an indemnity satisfactory to the Trustee, directing the Trustee to vote to accept or reject the Plan. Any direction and indemnity must be in a form satisfactory to the Trustee and must be received by the Trustee on or before five (5) business days before the Voting Deadline.**

Should Syncora direct the Trustee to vote the Trust's claim for or against the Plan, the Disclosure Statement Order provides that each such vote on behalf of the Trust shall count as one (1) vote and

---

[1] For information on filing objections to confirmation of the Plan and the hearing on confirmation of the Plan, Certificateholders should consult the August 30 Notice.

2

the Trust's claim shall be allowed for voting purposes as set forth in the Disclosure Statement Order and the Plan.

**Please note that as set forth in the August30 Notice, a vote to accept the Plan or a failure to timely and/or properly submit a ballot is deemed a consent to the third party release contained in Article IX.D of the Plan, the exculpation provision contained in Article IX.G of the Plan, and the injunction provision contained in Article IX.H of he Plan. Regardless of how a RMBS Trust votes on the Plan, if the Plan is confirmed, all affected parties, including, but not limited to, Syncora, the Trust and the Certificateholders, will be bound by all applicable provisions of the Plan, including the release, exculpation and injunction provisions as contained in Article IX of the Plan.**

### IV.    Debtors' Motion to Assume and Assign the Trust's Servicing

On August 15, 2013, the Debtors filed the *Debtors' Motion under Section 365 of the Bankruptcy Code to Assume and Assign Servicing-Related Agreements for Trusts Insured by Syncora Guarantee Inc. to Ocwen Loan Servicing, LLC* (Docket No. 4718) (the "**Assignment Motion**"). In the Assignment Motion, the Debtors seek to assume the servicing related agreements for trusts insured by Syncora, including the Trust, to assign those agreements to Ocwen Loan Servicing, LLC ("**Ocwen**"), and to fix the cure claim owing to Syncora at zero. By *Reservation of Rights in Response to the Assignment Motion* (the "**Reservation of Rights**"), dated August 26, 2013 (Docket No. 4830), the Trustee asserted that it had timely filed an unliquidated cure claim on behalf of the Trust and that, should the Plan fail to be confirmed, the Trustee reserved its right to amend the amount of such cure claim. Syncora filed the *Objection of Syncora Guarantee Inc. to Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing-Related Agreements for Trusts Insured by Syncora Guarantee Inc. to Ocwen Loan Servicing, LLC*, dated August 28, 2013 (Docket No. 4870) (the "**Objection**") which objects to the proposed assumption and assignment of servicing to Ocwen.

The hearing on the Assignment Motion is scheduled for September 11, 2013 at 10:00 am . (prevailing Eastern Time) in Room 501 of the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

**CERTIFICATEHOLDERS ARE URGED TO REVIEW THE PLAN SUPPORT AGREEMENT, THE PLAN SUPPORT AGREEMENT ORDER, THE MEMORANDUM OPINION, THE WITHDRAWAL NOTICE, THE DISCLOSURE STATEMENT ORDER, THE DISCLOSURE STATEMENT, THE PLAN, THE ASSIGNMENT MOTION, THE RESERVATION OF RIGHTS AND THE OBJECTION.**

### V.    This Notice is a Summary

This Notice is not intended as, nor does it provide, a detailed restatement of the Plan Support Agreement, the Plan Support Agreement Order, the Memorandum Opinion, the Disclosure Statement Order, the Disclosure Statement, the Plan, the Assignment Motion, the Reservation of Rights, the Objection, relevant law or relevant legal procedures. The Trustee does not intend to send any further notices with respect to the matters addressed herein, and Certificateholders and other potentially interested persons are urged to review carefully the Plan Support Agreement,

the Plan Support Agreement Order, the Memorandum Opinion, the Disclosure Statement Order, the Disclosure Statement, the Plan, the Assignment Motion, the Reservation of Rights, the Objection, any related notices, and other related pleadings that have been filed, and that subsequently may be filed, in the Chapter 11 Cases, and to consult with their own legal and financial advisors.

### VI.    Other Sources of Information.

Information relevant to the Plan Support Agreement, the Plan Support Agreement Order, the Memorandum Opinion, the Disclosure Statement Order, the Disclosure Statement, the Plan, the Assignment Motion, the Reservation of Rights, the Objection, and any notices thereof will be available at **http://www.rescaprmbssettlement.com**, which will be updated regularly with related material documents filed or orders entered by the Bankruptcy Court and other Courts. If a Certificateholder has any questions or would like to request copies of any of the relevant documents, Certificateholders may call GCG at (866) 241-7538 in the United States, +1 (202) 470-4565 outside the United States, or send an email to **questions@ rescaprmbssettlement.com**.

Certificateholders may also obtain any documents filed with the Bankruptcy Court in the Chapter 11 Cases by visiting ResCap's claims agent website at **http://www.kccllc.net/rescap**, or by logging on to PACER at **https://www.uscourts.gov** (a small fee is charged for this service). Documents filed in the Chapter 11 Cases may also be viewed during normal business hours at the Clerk's Office of the Bankruptcy Court, located at One Bowling Green, New York, New York 10004.

The Committee appointed in the Chapter 11 Cases has established an official website (the "**Committee Website**"), on which basic information concerning the Chapter 11 Cases has been posted, including, but not limited to, relevant contact information, upcoming dates and deadlines, statements and schedules filed by ResCap and a list of answers to frequently asked questions. The Committee Website can be reached at **http://dm.epiq11.com/RES/Project**.

Inquiries with respect to the Trust may be directed in writing, with evidence of each Certificateholder's respective holdings, to the Trustee at: U.S. Bank National Association, 190 South LaSalle Street, MK-IL-SL8T, Chicago, IL 60603, attn: Mamta K. Scott, Vice President, email: mamta.scott@usbank.com.

### VII.   Other Matters.

Certificateholders and other persons interested in the Trust should not rely on the Trustee, or on counsel or other advisors retained by the Trustee, as their sole source of information.

Please note that the foregoing is not intended and should not be construed as investment, accounting, financial, legal or tax advice by or on behalf of the Trustee, or its directors, officers, affiliates, agents, attorneys or employees. Each person or entity receiving this Notice should seek the advice of its own advisers in respect of the matters set forth herein.

Please be further advised that the Trustee reserves all of the rights, powers, claims and remedies available to it under the Governing Agreements and applicable law. No delay or forbearance by

the Trustee to exercise any right or remedy accruing upon the occurrence of a default, or otherwise under the terms of the Governing Agreements, other documentation relating thereto or under applicable law, shall impair any such right or remedy or constitute a waiver thereof or acquiescence therein.

The Trustee expressly reserves its rights under each applicable Governing Agreement, including without limitation, its right to recover in full its fees and costs (including, without limitation, fees and costs incurred or to be incurred by the Trustee in performing its duties, indemnities owing or to become owing to the Trustee, compensation for the Trustee's time spent and reimbursement for fees and costs of counsel and other agents it employs in performing its duties or to pursue remedies) and its right, prior to exercising any rights or powers in connection with any applicable Governing Agreement at the request or direction of any Certificateholder, to receive security or indemnity satisfactory to it against all costs, expenses and liabilities which might be incurred in compliance therewith, and all rights that may be available to it under applicable law or otherwise.

Please be advised that with respect to any particular inquiry from individual Certificateholders, the Trustee may conclude that a specific response to such inquiry is not consistent with requirements under applicable law and regulation of equal and full dissemination of information to all Certificateholders.

                U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee

SK 03687 0119 1398386