# EXHIBIT PX-1581

TIME-SENSITIVE NOTICE
REGARDING A PROPOSED SETTLEMENT BETWEEN RESIDENTIAL CAPITAL,
LLC, *et al.*, AND THE SETTLEMENT TRUSTS

NOTICE IS HEREBY GIVEN BY:

THE BANK OF NEW YORK MELLON,
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
DEUTSCHE BANK TRUST COMPANY AMERICAS,
U.S. BANK NATIONAL ASSOCIATION AND
WELLS FARGO BANK, N.A.

IN THEIR SEVERAL CAPACITIES AS TRUSTEES OR INDENTURE TRUSTEES (COLLECTIVELY, THE "**RMBS TRUSTEES**" AND EACH, AN "**RMBS TRUSTEE**"), TO THE HOLDERS OF CERTIFICATES, NOTES OR OTHER SECURITIES (THE "**CERTIFICATEHOLDERS**") UNDER THE RESIDENTIAL MORTGAGE-BACKED SECURITIZATION TRUSTS IDENTIFIED IN **EXHIBIT A** (COLLECTIVELY, THE "**SETTLEMENT TRUSTS**" AND EACH A "**SETTLEMENT TRUST**").

THIS NOTICE CONTAINS IMPORTANT TIME-SENSITIVE INFORMATION FOR CERTIFICATEHOLDERS AND OTHER PERSONS POTENTIALLY INTERESTED IN THE SETTLEMENT TRUSTS. ALL DEPOSITORIES, CUSTODIANS AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE, AS APPLICABLE, ARE REQUESTED TO EXPEDITE THE RE-TRANSMITTAL TO CERTIFICATEHOLDERS IN A TIMELY MANNER.

Dated: August 22, 2012

This notice (the "**Notice**") is given to you by the RMBS Trustees under the Pooling and Servicing Agreements (including Series Supplements and Standard Terms of Pooling and Servicing Agreements), Indentures and related Servicing Agreements (collectively, the "**Governing Agreements**") governing the Settlement Trusts. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Governing Agreements.

I. **Background.**

As Certificateholders have previously been notified by each RMBS Trustee, on May 14, 2012, Residential Capital, LLC, and certain of its direct and indirect subsidiaries (collectively, "**ResCap**") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") (*In re Residential Capital, LLC*, **Case No. 12-12020 (MG) and related cases**) (collectively, the "**Chapter 11 Cases**").

**THIS NOTICE CONCERNS A PROPOSED SETTLEMENT OF CLAIMS OF THE SETTLEMENT TRUSTS AGAINST RESCAP IN THE CHAPTER 11 CASES. THESE CLAIMS INCLUDE, WITHOUT LIMITATION, CERTAIN CLAIMS RELATING TO THE ORIGINATION AND SALE BY RESCAP OF MORTGAGE LOANS AND TO CERTAIN ASPECTS OF RESCAP'S SERVICING OF THOSE MORTGAGE LOANS. THE PROPOSED SETTLEMENT WOULD, IF APPROVED BY THE COURT AND ACCEPTED BY THE RMBS TRUSTEE OF A SETTLEMENT TRUST, BIND THAT SETTLEMENT TRUST AND RELATED CERTIFICATEHOLDERS. ACCORDINGLY, THE PROPOSED SETTLEMENT AND RELATED COURT APPROVAL PROCEDURES MATERIALLY AFFECT THE INTERESTS OF THE CERTIFICATEHOLDERS, AND THE RMBS TRUSTEES RESPECTFULLY REQUEST THAT ALL CERTIFICATEHOLDERS AND OTHER NOTICE RECIPIENTS READ THIS NOTICE AND RELATED MATERIALS CAREFULLY IN CONSULTATION WITH THEIR LEGAL AND FINANCIAL ADVISORS.**

II. **The Proposed Settlement.**

On May 13, 2012, ResCap entered into separate agreements with two sets of Certificateholders (collectively, the "**Institutional Investors**"), each of which was titled an "RMBS Trust Settlement Agreement" (collectively, the "**Original Proposed RMBS Trust Settlement Agreements**"). On August 15, 2012, the Original Proposed RMBS Trust Settlement Agreements were amended (the "**Amended Proposed RMBS Trust Settlement Agreements**," and together with the Original Proposed RMBS Trust Settlement Agreements, the "**Proposed RMBS Trust Settlement Agreements**"). (Copies of these documents can be obtained as explained in Part IV below.) The Proposed RMBS Trust Settlement Agreements seek to, among other things, settle the claims of the Settlement Trusts concerning ResCap's alleged breaches of representations and warranties in the Governing Agreements and certain alleged violations of ResCap's servicing obligations. The Proposed RMBS Trust Settlement Agreements are subject to the approval of the Court and the settlements set forth therein cannot be offered to or accepted by the Settlement Trusts until and unless such approval is granted by the Court (see Part III below).

The Proposed RMBS Trust Settlement Agreements provide that in settlement of the Proposed Settled Claims (as defined below) against ResCap, each Settlement Trust that accepts the settlement (an "**Accepting Trust**") will be allowed a general unsecured claim against the estates of certain ResCap entities in the Chapter 11 Cases. If all Settlement Trusts become Accepting Trusts, such allowed claims will aggregate $8,700,000,000 (US$8.7 billion), less an allocation of the allowed claims for the payment of fees and expenses of the attorneys for the Institutional Investors as set forth in the Proposed RMBS Trust Settlement Agreements (the "**Settlement Claims Allowance**"). The Proposed RMBS Trust Settlement Agreements further provide that each Accepting Trust shall have the option (the "**HoldCo Option**"), at any time prior to confirmation of a chapter 11 plan in the Chapter 11 Cases (a "Plan"), to elect to receive up to twenty percent of that Accepting Trust's Settlement Claims Allowance as an allowed general unsecured claim against the estate of Residential Capital, LLC ("**HoldCo**"), in lieu of a general unsecured claim against the estates of certain of its direct and indirect subsidiaries thereby reducing each Accepting Trust's allowed general unsecured claim against such estates to the extent each Accepting Trust exercises the HoldCo Option. **The determination of the Settlement Claims Allowance of each Accepting Trust (*i.e.*, each Accepting Trust's share of the aggregate Settlement Claims Allowance) is subject to an allocation procedure set forth in the Proposed RMBS Trust Settlement Agreements and all recipients of this Notice are referred to such agreements for the details of that procedure.**

The Proposed RMBS Trust Settlement Agreements allow each related Settlement Trust to accept or reject the settlement offer independently without affecting the rights of any other Settlement Trust (including the share of the Settlement Claims Allowance to which any other Settlement Trust is entitled if it becomes an Accepting Trust). If approved by the Court, the Proposed RMBS Trust Settlement Agreements would affect the rights and interests of all Certificateholders, and their successors-in-interests and assigns, in any Accepting Trusts. The affected rights and interests will include, among other things, the release of claims against Rescap on behalf of the RMBS Trustee, the Accepting Trusts and all Certificateholders in the Accepting Trusts, arising out of or relating to (i) the origination and sale of mortgages to the Accepting Trusts, including representations and warranties made with respect to those mortgages and any mortgage repurchase obligations; (ii) documentation of the mortgages in the Accepting Trusts, with certain exceptions; (iii) servicing of the mortgages in the Accepting Trusts, with certain exceptions; (iv) certain setoff or recoupment under the Governing Agreements against ResCap; and (v) any loan seller that either sold loans to ResCap or Ally Financial Inc. that were sold or transferred to the Accepting Trusts (collectively, the "**Proposed Settled Claims**").

**The acceptance of the Proposed RMBS Trust Settlement Agreements by an Accepting Trust would not, at present, entitle such Accepting Trust to receive any specific amount of money or other consideration, at any specific time, as a distribution from the ResCap debtor entities' bankruptcy estates.** Rather, the Settlement Claims Allowance would entitle the Accepting Trust to receive such consideration as is eventually afforded to the claims of general unsecured creditors in the Chapter 11 Cases that are classified in the same manner as the claims of the Accepting Trusts. Accordingly, at present, Certificateholders cannot assume that acceptance by any Settlement Trust of the related Proposed RMBS Trust Settlement Agreement will result in any particular recovery with respect to the Settlement Claims Allowance of such Settlement Trust. Acceptance by any Settlement Trust of the related Proposed RMBS Trust Settlement Agreement would, however, resolve disputes with ResCap and other parties in interest to the Chapter 11 Cases as to the amount and general unsecured claim status of any claims such Settlement Trust may have with respect to the Proposed Settled Claims.

The RMBS Trustees have jointly engaged Duff & Phelps, LLC as their primary advisor with respect to their evaluation of the Proposed RMBS Trust Settlement Agreements and with respect to certain other matters in the Chapter 11 Cases. Each RMBS Trustee has also engaged independent counsel to advise it with respect to relevant legal matters affecting the particular Settlement Trusts that they administer. **None of the RMBS Trustees has made a determination, as of the date of this Notice, as to the reasonableness of, or the advisability of entering into, the Proposed RMBS Trust Settlement Agreements on behalf of any Settlement Trust. None of the RMBS Trustees anticipates making its decision as to whether or not to accept the proposed settlement on behalf of any Settlement Trust until and unless the proposed settlement has been approved by the Court (see Part III below). Although the RMBS Trustees are cooperating with each other in their evaluation of the proposed settlement, each RMBS Trustee will make its own decision as to whether or not to accept the proposed settlement on behalf of any Settlement Trust, and for each Accepting Trust, whether, and in what amount, to elect to exercise the HoldCo Option, on the basis of information available to that RMBS Trustee at the time of such decision.**

**Settlement Trusts that do _not_ accept the Proposed RMBS Trust Settlement Agreements and do _not_ become Accepting Trusts will be subject to the procedures of the Bankruptcy Code and the Court (including the scheduling order for the Chapter 11 Cases entered by the**

Court) relating to the assertion and allowance of claims, including, but not limited to, ResCap's right to object to the claims.

### III. ResCap's Motion for Approval of the Proposed RMBS Trust Settlement Agreements by the Court; The Rights of Certificateholders and Other Parties to Appear and Object.

The Proposed RMBS Trust Settlement Agreements are agreements between ResCap and the Institutional Investors and will not become effective or binding as to any Settlement Trust until and unless both (a) ResCap obtains Court approval to make the settlement offer to the Settlement Trusts and (b) such Settlement Trust, acting through its respective RMBS Trustee, accepts the Proposed RMBS Trust Settlement Agreements. Accordingly, on June 11, 2012, ResCap filed a motion with the Court seeking Court approval of the Proposed RMBS Trust Settlement Agreements and of ResCap's offer of the settlement proposed thereunder to each of the RMBS Trustees on behalf of the Settlement Trusts (the "**Original 9019 Motion**"). On August 15, 2012, ResCap filed a Supplement to the 9019 Motion (together with the Original 9019 Motion, the "**9019 Motion**").

Among other things, the 9019 Motion seeks a finding by the Court that the settlements proposed under the Proposed RMBS Trust Settlement Agreements are fair and reasonable to, and in the best interest of, all interested parties, including but not limited to, ResCap's creditors, the Institutional Investors, the Certificateholders for each Accepting Trust and each such Accepting Trust, the RMBS Trustees, and certain other persons, as a compromise of the claims asserted by each Accepting Trust against ResCap.

On July 31, 2012, the Court entered an order setting forth a schedule of deadlines and the date of a hearing related to the 9019 Motion and the RMBS Trustees' acceptance or rejection of the settlement under the Proposed RMBS Trust Settlement Agreements (the "**Order**"). **Pursuant to the Order, the Court will commence an evidentiary hearing on the 9019 Motion (the "Hearing") on November 5, 2012.** If the Court grants the 9019 Motion, the RMBS Trustees must accept or reject the Proposed RMBS Trust Settlement Agreements on behalf of any Settlement Trust on or before the later of (a) November 12, 2012 or (b) five business days after the entry of an order granting the 9019 Motion. The RMBS Trustees have until the confirmation of a Plan to elect to exercise the HoldCo Option on behalf of each Accepting Trust.

**Any Certificateholder or other person potentially having an interest in the Settlement Trusts may object to the 9019 Motion or any aspect of the Proposed RMBS Trust Settlement Agreements, may seek discovery regarding the 9019 Motion or the Proposed RMBS Trust Settlement Agreements, and may participate in the Hearing.** The Court has directed that:

- any objections to the 9019 Motion, along with any supporting expert reports, must be filed with the Court by **October 5, 2012**;

- the RMBS Trustees' objections or responses to the 9019 Motion, if any, must be served by **October 15, 2012**; and

- any reply to objections to the 9019 Motion must be filed by **October 29, 2012**.

(Further information regarding additional deadlines regarding the 9019 Motion is contained in the Order which can be obtained as explained in Part IV below.)

4

**If the Court approves the 9019 Motion and an RMBS Trustee agrees to accept the settlement under the Proposed RMBS Trust Settlement Agreements on behalf of an Accepting Trust, all Certificateholders under the Accepting Trust will be bound by the Proposed RMBS Trust Settlement Agreements and the releases contained therein, whether or not the Certificateholder appeared in the Hearing or submitted an objection to the 9019 Motion or the Proposed RMBS Trust Settlement Agreements. Accordingly, any Certificateholder that has concerns about or might object to the Proposed RMBS Trust Settlement Agreements should consider with their legal advisors whether to participate in the Court proceedings pursuant to any of the means described in the preceding paragraph. There will likely be no forum other than such Court proceedings in which a Certificateholder's objection to the Proposed RMBS Trust Settlement Agreements will be able to be heard. If the Court approves the Proposed RMBS Trust Settlement Agreements, the decision of the applicable RMBS Trustee to accept or reject the proposed settlement on behalf of an individual Settlement Trust, and to exercise the HoldCo Option on behalf of an Accepting Trust, will be informed by each RMBS Trustee's analysis of the settlement taking into account interests of all of its respective Certificateholders and will not necessarily be based on the interests, objections or other position of any individual Certificateholder.**

### IV. This Notice is a Summary; Other Sources of Information.

This Notice summarizes the Proposed RMBS Trust Settlement Agreements, the 9019 Motion and the Order and is not a complete statement of those documents, of relevant law or of relevant legal procedures. The RMBS Trustees do not intend to send any further notices with respect to the matters addressed herein, and Certificateholders and other potentially interested persons are urged to carefully review the Proposed RMBS Trust Settlement Agreements, the 9019 Motion and the Order and other pleadings that have been filed, and that subsequently may be filed, in the Chapter 11 Cases, and to consult with their own legal and financial advisors. The Proposed RMBS Trust Settlement Agreements and other related, material documents, including certain orders entered by the Court and other information relevant to the Proposed RMBS Trust Settlement Agreements, are available at **http://www.rescaprmbssettlement.com**, which will be updated each time additional, related, material papers are filed or orders are entered by the Court. You may also obtain any documents filed with the Court in the Chapter 11 Cases by logging on to PACER at https://www.uscourts.gov or by visiting ResCap's claims agent website at http://www.kccllc.net/rescap. If you have any questions, you may call (866) 241-7538 in the United States, +1 (202) 470-4565 outside the United States or send an email to questions@rescaprmbssettlement.com.

Inquiries regarding the matters set forth in this Notice may be directed to questions@rescaprmbssettlement.com or, with respect to any particular Settlement Trust, to the RMBS Trustee for such Settlement Trust using the "RMBS Trustee Contact Information" for such RMBS Trustee at **http://www.rescaprmbssettlement.com**.

### V. Other Matters.

Certificateholders and other persons interested in the Settlement Trusts should not rely on the RMBS Trustees, or on counsel or other advisors retained by the RMBS Trustees, as their sole source of information.

Please note that the foregoing is not intended and should not be construed as investment, accounting, financial, legal or tax advice by or on behalf of the RMBS Trustees, or their directors,

5

officers, affiliates, agents, attorneys or employees. Each person or entity receiving this Notice should seek the advice of its own advisers in respect of the matters set forth herein.

Please be further advised that each of the RMBS Trustees reserves all of the rights, powers, claims and remedies available to it under the Governing Agreements and applicable law. No delay or forbearance by an RMBS Trustee to exercise any right or remedy accruing upon the occurrence of a default, or otherwise under the terms of the Governing Agreements, other documentation relating thereto or under applicable law, shall impair any such right or remedy or constitute a waiver thereof or an acquiescence therein.

Each of the RMBS Trustees expressly reserve all rights in respect of each applicable Governing Agreement, including without limitation its right to recover in full its fees and costs (including, without limitation, fees and costs incurred or to be incurred by such RMBS Trustee in performing its duties, indemnities owing or to become owing to such RMBS Trustee, compensation for such RMBS Trustee's time spent and reimbursement for fees and costs of counsel and other agents it employs in performing its duties or to pursue remedies) and its right, prior to exercising any rights or powers in connection with any applicable Governing Agreement at the request or direction of any Certificateholder, to receive security or indemnity satisfactory to it against all costs, expenses and liabilities which might be incurred in compliance therewith, and all rights that may be available to it under applicable law or otherwise.

Please be advised that with respect to any particular inquiry from individual Certificateholders, an RMBS Trustee may conclude that a specific response to such inquiry is not consistent with requirements under applicable law and regulation of equal and full dissemination of information to all Certificateholders.

THE BANK OF NEW YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY, DEUTSCHE BANK TRUST COMPANY AMERICAS, U.S. BANK NATIONAL ASSOCIATION OR WELLS FARGO BANK, N.A., severally, as trustees or indenture trustees of the Settlement Trusts