# EXHIBIT PX-1590

TIME SENSITIVE NOTICE REGARDING
(A) HEARING ON CONFIRMATION OF PROPOSED RESCAP CHAPTER 11 PLAN, AND (B) COURT APPROVALS OF THE FGIC SETTLEMENT AGREEMENT

NOTICE IS HEREBY GIVEN BY:

THE BANK OF NEW YORK MELLON,
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
DEUTSCHE BANK TRUST COMPANY AMERICAS,
U.S. BANK NATIONAL ASSOCIATION,
WELLS FARGO BANK, N.A.,
HSBC BANK USA, NATIONAL ASSOCIATION, AND
LAW DEBENTURE TRUST COMPANY OF NEW YORK

IN THEIR SEVERAL CAPACITIES AS TRUSTEES, MASTER SERVICERS, AND/OR INDENTURE TRUSTEES OR SEPARATE TRUSTEES (COLLECTIVELY, THE ("**TRUSTEES**," AND WITH RESPECT TO RESIDENTIAL MORTGAGE-BACKED SECURITIZATION TRUSTS, THE "**RMBS TRUSTEES**" AND EACH, A "**TRUSTEE**" OR AN "**RMBS TRUSTEE**", AS APPLICABLE), TO THE HOLDERS (THE "**CERTIFICATEHOLDERS**") OF CERTIFICATES, NOTES OR OTHER SECURITIES (COLLECTIVELY, THE "**CERTIFICATES**") UNDER THE MORTGAGE-BACKED SECURITIZATION TRUSTS IDENTIFIED ON SCHEDULE A TO THIS NOTICE POSTED AT http://www.rescaprmbssettlement.com (COLLECTIVELY, THE "**TRUSTS**," AND WITH RESPECT TO THE RESIDENTIAL MORTGAGE-BACKED SECURITIZATION TRUSTS INCLUDED ON EXHIBIT A, THE "**RMBS TRUSTS**," AND EACH A "**TRUST**" OR AN "**RMBS TRUST**", AS APPLICABLE).

THIS NOTICE CONTAINS IMPORTANT TIME-SENSITIVE INFORMATION FOR CERTIFICATEHOLDERS AND OTHER PERSONS POTENTIALLY INTERESTED IN THE TRUSTS. ALL DEPOSITORIES, CUSTODIANS AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE, AS APPLICABLE, ARE REQUESTED TO EXPEDITE ITS RE-TRANSMITTAL TO CERTIFICATEHOLDERS IN A TIMELY MANNER.

Dated: October 1, 2013

This notice (the "**Notice**") is given to you by the Trustees under the Pooling and Servicing Agreements (including Series Supplements and Standard Terms of Pooling and Servicing Agreements), Indentures and related Servicing Agreements (collectively, the "**Governing Agreements**") governing the Trusts. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Governing Agreements, the Disclosure Statement, the Plan (as defined below) or the FGIC Settlement Agreement (as defined below).

**THIS NOTICE CONCERNS INFORMATION REGARDING THE CONFIRMATION HEARING ON, AND OTHER INFORMATION REGARDING, THE PROPOSED**

**CHAPTER 11 PLAN AND COURT APPROVALS OF THE FGIC SETTLEMENT AGREEMENT (AS DEFINED BELOW).**

    I.    <u>Background -- ResCap Bankruptcy Filing and FGIC Rehabilitation Proceeding</u>

On May 14, 2012, Residential Capital, LLC, and certain of its direct and indirect subsidiaries (collectively, "**ResCap**" or the "**Debtors**") filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") (*In re Residential Capital, LLC*, Case No. 12-12020 (MG) and related cases) (collectively, the "**Chapter 11 Cases**"). To obtain information regarding the Chapter 11 Cases, please see Section VI, below.

Pursuant to an order dated June 28, 2012, the Supreme Court of the State of New York, New York County (the "**State Court**") appointed Benjamin M. Lawsky, Superintendent of Financial Services of the State of New York, as rehabilitator (the "**Rehabilitator**") of FGIC in the rehabilitation proceeding styled *In the Matter of the Rehabilitation of Financial Guaranty Insurance Company*, Index No. 401265/2012 (the "**Rehabilitation Proceeding**"). On August 19, 2013, the Effective Date of the First Amended Plan of Rehabilitation for FGIC occurred and the Rehabilitation Proceeding terminated.

    II.    <u>Chapter 11 Plan</u>

        A.    <u>Approval of Disclosure Statement</u>

On August 23, 2013, the Bankruptcy Court entered the *Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 4809] (the "**Disclosure Statement Order**").

The Disclosure Statement Order approves the *Disclosure Statement for the Joint Chapter 11 Plan by Residential Capital LLC et al. and the Official Committee of Unsecured Creditors* that the Debtors filed with the Court on August 23, 2013 [Docket No.4819-1] (the "**Disclosure Statement**") in connection with the proposed *Joint Chapter 11 Plan Proposed by Residential Capital LLC et al., and the Official Committee of Unsecured Creditors* [Docket No. 4819-2] (the "**Plan**"). The Plan incorporates the substantive terms contemplated by the Plan Support Agreement, dated May 13, 2013 [Docket No. 3814] (the "**Plan Support Agreement**") and the term sheets attached thereto (the "**Term Sheets**"). The Bankruptcy Court approved the Plan Support Agreement upon entry of (i) the *Order Granting Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants*, dated June 26, 2013 [Docket No. 4098] (the "**Plan Support Agreement Order**") and (ii) the *Memorandum Opinion Approving the Plan Support Agreement*, dated June 27, 2013 [Docket No. 4102] (the "**Plan Support Agreement Memorandum Opinion**"). Copies of the Plan Support Agreement (and Term Sheets), the Plan Support Agreement Order, the Plan Support Agreement Memorandum Opinion, the Disclosure Statement Order, the Disclosure

Statement and the Plan are available at **http://www.rescaprmbssettlement.com** or by contacting Garden City Group ("**GCG**") in the manner described below in Section VI, as well as from the other websites listed in Section VI.

### B. Treatment of the RMBS Trust Claims under the Plan

The Disclosure Statement describes the Plan in detail. Certificateholders and other interested persons are referred to the Disclosure Statement for such detailed description, including, among other things, the process of approving the Plan and the treatment of claims against the Debtors. The specific claims of the RMBS Trusts (the "**RMBS Trust Claims**"), including any RMBS Cure Claims (as defined in the Plan), against the Debtors are classified under Classes RS-4 and GS-4A under the Plan. The allowance of the RMBS Trust Claims and their treatment under the Plan is set forth in Articles III.D.2(d), III.D.3(d) and IV.C of the Plan, and the RMBS Trust Claim Schedules referred to and defined therein. As stated in the Plan and Disclosure Statement, the amounts in the RMBS Trust Claim Schedules are estimates that are subject to change.

### C. Hearing to Consider Confirmation of the Plan

The Disclosure Statement Order sets the hearing to consider confirmation of the Plan to be held before the Honorable Martin Glenn commencing on **November 19, 2013 at 10:00 a.m. (prevailing Eastern Time)** in Room 501 of the Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004.

### D. Objections to Confirmation of the Plan

Pursuant to the Disclosure Statement Order, objections to confirmation of the Plan, if any, must conform to the requirements set forth in the Disclosure Statement Order and must be filed with the Bankruptcy Court and served as set forth in the Disclosure Statement Order **so that they are received no later than 4:00 p.m. (prevailing Eastern Time) on October 21, 2013** (the "**Objection Deadline**").

### E. Solicitation of Votes in Respect of the RMBS Trust Claims

As provided in the Plan and in accordance with the Governing Agreements, the RMBS Trustees, not the Certificateholders, have the right to vote the RMBS Trust Claims of each RMBS Trust under the Plan. Certificateholders will not receive ballots.

The Disclosure Statement Order sets October 21, 2013 as the voting deadline to submit ballots to accept or reject the Plan. Pursuant to the Disclosure Statement Order and as set forth in the Plan Support Agreement, each RMBS Trustee will be voting before the 7:00 p.m. ET, October 21, 2013 deadline to accept the Plan in respect of each RMBS Trust for which it acts, except with respect to those RMBS Trusts for which an RMBS Trustee has accepted a valid direction under the relevant Governing Agreements to withdraw from the Plan Support Agreement (the "**Opt-Out Trusts**"), in which case the relevant RMBS Trustee shall vote as directed with respect to each Opt-Out Trust. Annexed as Schedule B is a list of the Opt-Out Trusts.

Each RMBS Trust's vote shall count as one vote, and each RMBS Trust Claim shall be allowed for voting purposes in the aggregate recognized claim amounts as set forth in the following RMBS Trust Claim Schedules annexed to the Plan:

| | |
|---|---|
| Schedule 2-G | GMACM Recognized Original Rep and Warranty Claims |
| Schedule 2-R | RFC Recognized Original Rep and Warranty Claims |
| Schedule 3-G | GMACM Recognized Additional Rep and Warranty Claims |
| Schedule 3-R | RFC Recognized Additional Rep and Warranty Claims |
| Schedule 4-G | GMACM Recognized Unsecured Servicing Claims |
| Schedule 4-R | RFC Recognized Unsecured Servicing Claims |

Any amendments to such schedules shall be reflected in the Plan Supplement to be filed by October 11, 2013, as set forth in the Disclosure Statement Order.

**Please note that a vote by an RMBS Trustee to accept the Plan, or a failure to timely and/or properly submit a ballot, on behalf of an RMBS Trust is deemed a consent to the third party release contained in Article IX.D of the Plan, the exculpation provision contained in Article IX.G of the Plan, and the injunction provision contained in Article IX.H of the Plan. Regardless of how an RMBS Trust votes on the Plan, if the Plan is confirmed, the aforementioned release, exculpation and injunction provisions set forth in Article IX of the Plan shall be binding.**

**In particular, the RMBS Trustees are "Exculpated Parties" and, as such, shall benefit from the exculpation provisions in Article IX.G of the Plan, which provides that:**

> **The Exculpated Parties shall neither have, nor incur, any liability to any entity for any pre-petition or post-petition act or omission taken in connection with, or related to, formulating, negotiating, preparing, disseminating, soliciting, implementing, administering, confirming, or effecting the consummation of any prepetition plan support agreements, the Plan Support Agreement, the Plan, the Disclosure Statement, the FGIC Settlement Agreement, the Kessler Settlement Agreement, the RMBS Settlement, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, provided, that the foregoing provisions of this Exculpation shall have no effect on the liability of any entity that results from any such act that is determined in a final, non-appealable order to have constituted gross negligence or willful misconduct; provided, further, that the Exculpated Parties shall be entitled to rely upon the advice of counsel and financial advisors concerning his, her, or its duties pursuant to, or in connection with, any prepetition plan support agreement, the Plan Support Agreement, the Plan, the Disclosure Statement, the FGIC Settlement Agreement, and the RMBS Settlement.**

4

In addition, Article IV of the Plan provides that the Confirmation Order shall include the following affirmative findings for the benefit of the RMBS Trustees:

> The Confirmation Order shall include affirmative findings that the Plan, including the RMBS Settlement and the FGIC Settlement Agreement, is in the best interests of Investors, that the RMBS Trustees acted in good faith and in the best interests of the Investors in entering into the Plan Support Agreement and performing their obligations thereunder, including voting for the Plan, provided, however, the Confirmation Order shall provide that such findings shall be binding solely in connection with the RMBS Trustees, the RMBS Trusts and the Investors in the RMBS of such RMBS Trusts and the actions of the RMBS Trusts and the RMBS Trustees with respect to the Plan Support Agreement and the Plan, including the RMBS Settlement, and the FGIC Settlement Agreement.

### III.    Court Approvals of the FGIC Settlement Agreement

#### A.    FGIC Settlement Agreement

On May 23, 2013, ResCap, Financial Guaranty Insurance Corporation ("**FGIC**"), and certain of the RMBS Trustees the ("**FGIC Trustees)** that act as Indenture trustees, trustees or separate trustees for those RMBS Trusts (the "**FGIC Trusts**"), in connection with which FGIC insured the payment of principal and interest owing on certain of the Certificates pursuant to certain insurance policies (the "**Policies**"), and certain other parties (collectively, the "**FGIC Settlement Parties**") entered into a settlement agreement (the "**FGIC Settlement Agreement**") pursuant to which the FGIC Settlement Parties settled their claims against each other, including the claims of the FGIC Trusts against FGIC for claims under the Policies. According to the terms of the FGIC Settlement Agreement, the FGIC Settlement Parties agreed, among other things, that: (a) each FGIC Settlement Party shall release the other FGIC Settlement Parties in respect of the Policies and other Policy Agreements (as defined in the FGIC Settlement Agreement), including the release by the FGIC Trusts of current claims in the amount of at least $789 million and future claims against FGIC, (b) FGIC shall pay to the FGIC Trusts for distribution to Certificateholders holding Certificates insured by the Policies cash in the aggregate amount of $253.3 million in settlement of the FGIC Trusts' claims against FGIC (the "**Settlement Amount**"), (c) the FGIC Trustees shall release the Debtors in respect of Origination-Related Provisions (as defined in the FGIC Settlement Agreement), (d) FGIC shall not be liable for any further payments under the Policies and other Policy Agreements and (e) the FGIC Trusts shall no longer make premium, reimbursement or other payments to FGIC. Copies of the FGIC Settlement Agreement may be obtained at **http://www.rescaprmbssettlement.com**, at **www.fgicrehabilitation.com** or from GCG in the manner described below in Section VI.

B. **Court Approvals**

On August 16, 2013, the State Court in the Rehabilitation Proceeding entered an Order and Decision Approving the FGIC Settlement Agreement (the "**FGIC State Court Order**"). On September 13, 2013, the Bankruptcy Court approved the FGIC Settlement pursuant to the *Opinion and Order, and Findings of Fact and Conclusions of Law, Approving the FGIC Settlement Motion* [Docket No. 5042] (the "**FGIC Bankruptcy Court Opinion**"), and on September 20, 2013, the Bankruptcy Court entered the *Order Granting Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among FGIC, the Debtors, the Trustees and the Institutional Investors* [Docket No. 5125] (the "**FGIC Bankruptcy Court Order**," and together with the State Court Order, the "**FGIC Orders**").

Pursuant to the FGIC Settlement Agreement, unless the FGIC Settlement Parties agree otherwise, on the later of the FGIC State Court Order or the FGIC Bankruptcy Court Order becoming a Final Order (as defined in the FGIC Settlement Agreement), the Effective Date under the FGIC Settlement Agreement will occur. Absent an appeal from either of the FGIC Orders, the Effective Date of the FGIC Settlement Agreement is expected to be October 11, 2013. On the Effective Date, the releases under the FGIC Settlement Agreement will be effective and within three Business Days after the Effective Date, FGIC is to pay by wire transfer to each FGIC Trustee the portion of the Settlement Amount allocated to each FGIC Trust for which the FGIC Trustee acts as trustee, indenture trustee and/or separate trustee. Each FGIC Trustee will distribute such amounts in accordance with the applicable Governing Agreements.

Copies of the FGIC Settlement Agreement, the FGIC Bankruptcy Court Opinion and the FGIC Orders may be obtained at **http://www.rescapsettlement.com**, or from GCG in the manner described below in Section VI. In addition, the State Court Order may be obtained at **www.fgicrehabilitation.com**.

**CERTIFICATEHOLDERS ARE URGED TO CONSULT WITH THEIR OWN ADVISORS AND TO REVIEW CAREFULLY THE PLAN SUPPORT AGREEMENT (AND THE TERM SHEETS THERETO), THE PLAN SUPPORT AGREEMENT ORDER, THE PLAN SUPPORT AGREEMENT MEMORANDUM OPINION, THE DISCLOSURE STATEMENT ORDER, THE DISCLOSURE STATEMENT, AND THE PLAN, AND IF THEY ARE CERTIFICATEHOLDERS IN A FGIC TRUST, THE FGIC SETTLEMENT AGREEMENT, THE FGIC BANKRUPTCY COURT OPINION, THE FGIC ORDERS, AND RELATED NOTICES AND OTHER FILINGS.**

IV. **This Notice Is a Summary**

This Notice is not intended as, and does not provide, a detailed restatement of the Plan Support Agreement (and the Term Sheets), the Plan Support Agreement Order, the Plan Support Agreement Memorandum Opinion, the Disclosure Statement Order, the Disclosure Statement, the Plan, the FGIC Settlement Agreement, the FGIC Bankruptcy Court Opinion, the FGIC Orders, or relevant law or legal procedures. The Trustees may not send any further notices with respect to the matters addressed herein, and Certificateholders and other interested persons are urged to review carefully the aforementioned documents, any related notices and other related

pleadings that have been filed, or that subsequently may be filed, in the Chapter 11 Cases, including, the Plan Supplement, and to consult with their own legal and financial advisors.

V.  **Previous Notices**

**Certain Trusts were not listed on Schedule A to at least some of the Trustees' previous notices. Although the Trustees do not have an obligation to send notices concerning the Chapter 11 Cases or the Rehabilitation Proceeding, the Trustees have nevertheless from time to time sent notices to Certificateholders in connection with certain matters in these cases.**

**Certificateholders are urged to review all prior notices regarding the Chapter 11 Cases and the Rehabilitation Proceeding (the "Prior Notices"). Except in those cases where the Prior Notices specifically reference only the FGIC Trusts, each Prior Notice contains information of interest to all Trusts listed on Schedule A to this Notice. Prior Notices are available at http://www.rescaprmbssettlement.com or from GCG by calling (866) 241-7538 in the United States, +1 (202) 470-4565 outside the United States, or by sending an email to questions@rescaprmbssettlement.com. In addition, to the extent Prior Notices were sent by each Trustee individually, they are available from each Trustee as set forth below in Section VI.**

VI.  **Other Sources of Information**

Certificateholders may obtain any documents filed with the Bankruptcy Court in the Chapter 11 Cases by visiting ResCap's claims agent's website at **http://www.kccllc.net/rescap,** or by logging on to PACER at **https://www.uscourts.gov** (a small fee is charged for this service). Documents filed in the Chapter 11 Cases may also be viewed during normal business hours at the Clerk's Office of the Bankruptcy Court, located at One Bowling Green, New York, New York 10004

The FGIC Settlement Agreement, the FGIC Orders, the FGIC Bankruptcy Court Opinion, the Disclosure Statement Order, the Disclosure Statement, the Plan, the Plan Support Agreement, the Plan Support Agreement Order, the Plan Support Agreement Memorandum Opinion, and certain notices thereof, among other things, are available at **http://www.rescaprmbssettlement.com**. If a Certificateholder has any questions or would like to request copies of any of the relevant documents, they may call GCG at (866) 241-7538 in the United States, +1 (202) 470-4565 outside the United States or send an email to **questions@ rescaprmbssettlement.com**.

The Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases has established an official website (the "**Committee Website**"), on which basic information concerning the Chapter 11 Cases has been posted. The Committee Website can be reached at **http://dm.epiq11.com/RES/Project**.

Inquiries with respect to any particular Trust for which The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank National Trust Company, Deutsche Bank Trust Company Americas, US Bank National Association, or Wells Fargo Bank, N.A., serves as Trustee may be directed to the Trustee for such Trust using the "RMBS Trustee Contact Information" for such Trustee at **http://www.rescaprmbssettlement.com**. With respect

7

to those Trusts for which HSBC Bank USA, National Association serves as Trustee, inquiries may be directed to **US.CTLA.Structured.Unit@us.hsbc.com**. With respect to those Trusts for which Law Debenture Trust Company of New York serves as Trustee, inquires may be directed to **nytrustco@lawdeb.com**. **With respect to all other trusts, Certificateholders of those trusts should refer to their respective Governing Agreements for contact information.**

### VII.   Other Matters

Certificateholders and other persons interested in the Trusts should not rely on the Trustees, or on counsel or other advisors retained by the Trustees, as their sole source of information.

Please note that the foregoing is not intended and should not be construed as investment, accounting, financial, legal or tax advice by or on behalf of the Trustees, or their directors, officers, affiliates, agents, attorneys or employees. Each person or entity receiving this Notice should seek the advice of its own advisers in respect of the matters set forth herein.

Please be further advised that each of the Trustees reserves all of the rights, powers, claims and remedies available to it under the Governing Agreements and applicable law. No delay or forbearance by a Trustee to exercise any right or remedy accruing upon the occurrence of a default, or otherwise under the terms of the Governing Agreements, other documentation relating thereto or under applicable law, shall impair any such right or remedy or constitute a waiver thereof or acquiescence therein.

Each of the Trustees expressly reserves its rights under each applicable Governing Agreement, including without limitation, its right to recover in full its fees and costs (including, without limitation, fees and costs incurred or to be incurred by such Trustee in performing its duties, indemnities owing or to become owing to such Trustee, compensation for such Trustee's time spent and reimbursement for fees and costs of counsel and other agents it employs in performing its duties or to pursue remedies) and its right, prior to exercising any rights or powers in connection with any applicable Governing Agreement at the request or direction of any Certificateholder, to receive security or indemnity satisfactory to it against all costs, expenses and liabilities which might be incurred in compliance therewith, and all rights that may be available to it under applicable law or otherwise.

Please be advised that with respect to any particular inquiry from individual Certificateholders, a Trustee may conclude that a specific response to such inquiry is not consistent with requirements under applicable law and regulation of equal and full dissemination of information to all Certificateholders.

THE BANK OF NEW YORK MELLON, THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY, DEUTSCHE BANK TRUST COMPANY AMERICAS, U.S. BANK NATIONAL ASSOCIATION, WELLS FARGO BANK, N.A., HSBC BANK USA, NATIONAL ASSOCIATION, AND LAW DEBENTURE TRUST COMPANY OF NEW YORK, severally, as trustees, master servicers, and/or indenture trustees or separate trustees of the Trusts

## SCHEDULE B

## LIST OF OPT-OUT TRUSTS

1. Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2005-S4 (HSBC Bank USA, National Association as RMBS Trustee)
2. Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-S2 (HSBC Bank USA, National Association as RMBS Trustee)
3. Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-S3 (HSBC Bank USA, National Association as RMBS Trustee)
4. Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2006-S4 (HSBC Bank USA, National Association as RMBS Trustee)
5. SunTrust Acquisition Closed-End Seconds Trust, Series 2007-1 (HSBC Bank USA, National Association as RMBS Trustee)
6. Greenpoint Mortgage Funding Trust 2006-HE1 (U.S. Bank National Association as RMBS Trustee)