# AGREEMENT FOR THE
# ALLOCATION OF INCOME TAXES

This AGREEMENT, made effective as of December 1, 2006, is by and between GMAC LLC, a Delaware limited liability company (hereinafter referred to as "GMAC") and Residential Capital LLC, a Delaware limited liability company (hereinafter referred to as "ResCap").

WHEREAS, GMAC is the common parent company of the GMAC Group (as hereinafter defined), a partnership within the meaning of § 761 of the Internal Revenue Code of 1986, as amended (hereinafter referred to as the "Code"), which Group includes the ResCap Group (as hereinafter defined); and

WHEREAS, GMAC and ResCap agree that it would be mutually beneficial to provide for the allocation of the combined and unitary income tax liabilities between GMAC and ResCap;

NOW THEREFORE, in consideration of the covenants and agreements hereinafter set forth, GMAC and ResCap agree as follows:

## Section 1 – Definitions

1.01 *Application of Code.* Unless otherwise indicated, the terms and concepts used in this AGREEMENT shall be given the same definitions and meaning ascribed to them by the Code, as amended from time to time, and by the regulations promulgated thereunder from time to time (hereinafter referred to as the "Regulations"). Any alteration, modification, addition, or other change Code or the Regulations shall automatically be applicable to this AGREEMENT *mutatis mutandis*. Unless otherwise indicated, all references herein to a particular section of the Code or Regulations shall include any successor provision designated by a different or additional section reference.

1.02 *Internal Revenue Service and Other Taxing Authorities.* In the administration of this AGREEMENT, where ResCap, as common parent of the ResCap Group (as hereinafter defined) would have dealt with the Internal Revenue Service (IRS) or other taxing authority of a jurisdiction other than the United States if the ResCap Group were not a member of the GMAC Group (as hereinafter defined), GMAC shall stand in place of the IRS or other taxing authority for all purposes.

1.03 *General Terms.* For purposes of this AGREEMENT, the terms set forth below shall have the following meanings:

A. "GMAC Group" means GMAC and all companies that would be required to join with GMAC in filing a combined or unitary income tax return for any taxable year with GMAC as the common parent of such group.

B. "ResCap Group" means all ResCap companies (including ResCap and any ResCap subsidiary companies) that would be required to join with GMAC in filing a combined or unitary income tax return for any taxable year.

C. "GMAC Group Tax Liability" means the combined or unitary income tax liability of the GMAC Group for any taxable year for which the GMAC Group files a combined or unitary income tax return.

D. "Separate ResCap Group Tax Liability" means the hypothetical combined or unitary income tax liability of the ResCap Group for any taxable year as if the ResCap Group were a separate group of companies filing a combined or unitary income tax return, including any elections and accounting methods available to both GMAC and ResCap under existing facts pursuant to the Code and Regulations and other statutory and administrative promulgations.

### Section 2 – Other Agreements regarding Elections, Filing Positions and Transactions with Significant Tax Effects

2.01 <u>Advance Notice and Consultation.</u> Not less than thirty (30) days prior to the filing of a tax election, the adoption of a tax return filing position (either in a final return or for the purpose of calculating a quarterly estimated tax payment pursuant to paragraph 4.01), or the execution of a transaction with a significant tax effect that is inconsistent with the elections, positions or transactions of GMAC or which has a material impact on the Separate ResCap Group Tax Liability, ResCap shall provide notice to GMAC of the proposed election, position or transaction and shall consult with GMAC prior to taking final action on such election, filing position or transaction.

2.02 <u>Other Agreements.</u> This AGREEMENT relates to the allocation of combined and unitary income tax liabilities of the GMAC Group determined under existing facts. Any other agreement between GMAC and ResCap binding either party to act or to forbear from acting in a manner which would alter either or both of their respective Group Tax Liabilities is beyond the scope of this agreement. Such other agreement must be executed independently between the parties and shall be effective only after review by GMAC Tax, GMAC Legal and GMAC Controller's as detailed below:

A. The tax consequences of the proposed agreement for GMAC and ResCap shall be analyzed by GMAC Tax.

B. GMAC Controller's will review the proposed agreement in light of GMAC Tax's analysis and opine upon the agreement's compliance with Generally Accepted Accounting Principles.

C. GMAC Legal will review the proposed agreement in light of the analyses of GMAC Tax and Controller's and opine upon the agreement's compliance with pertinent legal requirements, including compliance with securities law.

D. If, upon receipt of Controller's and Legal opinions, a controversy remains, the GMAC Chief Financial Officer will make a final determination as to the proposed agreement.

E. If, upon receipt of Controller's and Legal opinions, no controversy remains, GMAC Tax and/or GMAC Controller's will implement the proposed agreement.

Confidential

## Section 3 – Agreement to File
## Combined and Unitary Returns and Pay Tax

3.01 *Agreement to File.* As long as the ResCap Group is a member of the GMAC Group, GMAC and all members of the ResCap Group hereby agree to file combined or unitary income tax returns and to execute such documents and take such action as is necessary or appropriate in connection therewith.

3.02 *Elections.* All elections that are available to the GMAC Group or any of its members under the Code and Regulations and other statutory and administrative promulgations relating to the filing of combined or unitary income tax returns shall be made by GMAC at its sole discretion in determining the GMAC Group Tax Liability.

3.03 *Payment of Tax.* As long as the ResCap Group is a member of the GMAC Group, for each taxable year covered by this AGREEMENT, ResCap shall pay to GMAC, or to such other payee as may be required under the law, the Separate ResCap Group Tax Liability. In the event the Separate ResCap Group Tax Liability is a refund, GMAC shall pay ResCap, or such other payee as may be required under the law.

## Section 4 – Certain Payments
## Required Under This AGREEMENT

4.01 *Estimated Tax Payments.* Not less than ten (10) business days prior to the date on which GMAC is required to make payments of estimated tax on behalf of the GMAC Group, for any quarter in which the ResCap Group is includable in the GMAC Group, ResCap shall submit to GMAC a calculation of the Separate ResCap Group estimated tax, determined on the basis of the estimated Separate ResCap Group Tax Liability. ResCap shall pay the required estimated payment to GMAC on the due date thereof. At the sole discretion of GMAC, the due date for any Separate ResCap Group estimated tax payment may be deferred until the due date for payment of Separate Group Tax Liability as set forth in Section 4.02.

4.02 *Payment of Separate Group Tax Liability.* Within thirty (30) days following the filing of the GMAC Group income tax return for any taxable year during which the ResCap Group is includable in such return, GMAC shall notify ResCap of the amount of the Separate ResCap Group Tax Liability. Within fifteen (15) days after such notification, ResCap shall pay to GMAC or GMAC shall pay to ResCap as the circumstances warrant, the difference between the Separate ResCap Group Tax Liability and the estimated tax payments previously made by ResCap.

4.03 *Method of Payment.* Unless otherwise mutually agreed by the parties hereto, all payments required by this AGREEMENT shall be made by wire transfer to the appropriate bank account as may from time to time be designated by the parties for such purposes, provided that on the date of such wire transfer notice of the transfer is given to the recipient thereof in accordance with Section 6.06 of this AGREEMENT.

4.04 *Interest.* If any payment required by this AGREEMENT is not timely paid, interest shall accrue on the unpaid amount at the rate provided under the law of the applicable tax jurisdiction with respect to any deficiencies or refunds. For this purpose, a payment will be deemed to be timely paid only if actually received by the payee on or before the due date thereof.

Confidential

ALLY_0178789

4.05 **Separation from the GMAC Group.** In the event of a separation of any member(s) of the ResCap Group ("exiting members") from the GMAC Group, ResCap shall pay GMAC the prior cash tax benefit of any credits, losses or other tax attributes that are allocated to and available for future use by the exiting members upon such separation. For purposes of this paragraph, "prior cash tax benefit" shall be defined as the difference between 1) the Separate ResCap Group Tax Liability as originally determined for the tax year(s) in which the tax attributes were claimed or used by the ResCap Group, and 2) the Separate ResCap Group Tax Liability for those tax years determined by excluding the tax attributes allocated to the exiting members.

## Section 5 – Recomputations and Adjustments

5.01 **Audit Adjustments of GMAC Group Tax Liability.** If any item of income, loss, expense, or credit that enters into the computation of the GMAC Group Tax Liability is changed or adjusted by a taxing authority and the associated increase or decrease to the Group's tax liability has been paid to or received from the taxing authority, then the parties hereto shall make such payments to each other (which payments shall include interest computed under Section 4.04 of this AGREEMENT), as may be necessary and appropriate to reflect such adjustment and the intent of this AGREEMENT.

5.02 **Other Recomputations.** If there is any change of or adjustment to any item relating to the computation of payments under this AGREEMENT of a type not provided for in Section 5.01 above (such as a recomputation of amounts due hereunder to reflect a carryback of an item of loss or credit, or a correction of any erroneous calculation previously made hereunder), then the parties thereto shall make such payments to each other in such manner and at such time as may be necessary and appropriate to reflect the intent of this AGREEMENT.

5.03 **Settlement Dates.** All payments required by Section 5 of this AGREEMENT shall be made by the due date of the additional liability, or in the case of a mutually agreed change or adjustment by the parties hereto, within thirty (30) days of the date of the agreed change or adjustment; provided, however, that where a refund is due to GMAC, GMAC may defer the payment due to ResCap on behalf of any member or members of the ResCap Group to within thirty (30) days of receipt of such refund. All such payments shall be made in the manner provided in Section 4.03 of this AGREEMENT.

## Section 6 – Miscellaneous Provisions

6.01 **Additional Members.** The parties hereto specifically recognize that from time to time other companies may become members of the GMAC Group and/or the ResCap Group during the term of this AGREEMENT, and they hereby agree to use their best efforts to cause such companies to be bound by all of the terms and conditions hereof.

6.02 **Other Jurisdictional Taxes.** It is the intent of the parties hereto that the concepts and methods defined herein for allocation income taxes be applied in a similar manner to tax liabilities assessed by state, local, or foreign taxing jurisdictions where there is combined or unitary tax liability of the GMAC and ResCap Groups as required or allowed under local law.

6.03 **Successors and Assigns.** This AGREEMENT shall bind and inure to the respective successors and assigns of the parties hereto, but no assignment shall relieve any party's obligations hereunder without the written consent of the other party.

Confidential

6.04 **Entire Understanding.** This AGREEMENT contains the entire understanding of the parties hereto with respect to the subject matter contained herein. This AGREEMENT may not be amended without the written consent of each of the parties hereto. The parties recognize and acknowledge their intention to enter into additional agreements from time to time with respect to the allocation of taxes not covered by this AGREEMENT.

6.05 **Conflict of Law.** The validity, interpretation, and performance of this AGREEMENT shall be controlled and construed under the laws of the State of Michigan.

6.06 **Notices.** Every notice, request, statement, or bill provided for in this AGREEMENT shall be in writing directed to the party to whom given, made, or delivered to such party at the following address (or at such other address as such party shall from time to time designate as the address for such purpose):

| To GMAC: | To ResCap: | Copy to: |
|---|---|---|
| Controller | Chief Financial Officer | Chief Tax Officer |
| GMAC LLC | 1 Meridian Crossing | 1290 Avenue of the |
| 200 Renaissance Center | Suite 100 | Americas, 3rd Floor |
| Detroit, Michigan 48265 | Minneapolis, MN 55423 | New York, NY 10104 |

6.07 **Counterparts.** This AGREEMENT may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

6.08 **Effective Date.** This AGREEMENT shall be effective as of December 1, 2006, and shall continue in effect with respect to any applicable tax jurisdiction until the ResCap Group is no longer included in the combined or unitary income tax return of the GMAC Group in that jurisdiction, in which case the AGREEMENT shall nevertheless continue to apply to all years and that part of a year ending prior to the date of termination unless terminated at an earlier date by mutual agreement of the parties.

6.09 **Disagreements.** In the event of any disagreement between GMAC and ResCap with respect to the application or interpretation of the AGREEMENT or to the computation of any tax liability hereunder, a determination of such application, interpretation, or computation shall be made by the Chief Tax Officer of GMAC.

IN WITNESS WHEREOF, the parties hereto have duly executed this AGREEMENT the day and year indicated.

GMAC LLC

By: *[signature]*

David J. De Brunner
Vice President, Controller
and Chief Accounting Officer

Date: 11/3/08

RESIDENTIAL CAPITAL LLC

By: *[signature]*

James N. Young
Chief Financial Officer

Date: 12/09/2008

Confidential

ALLY_0178791