# Exhibit 2

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB** Chubb Group of Insurance Companies

15 Mountain View Road, Warren, New Jersey 07059

**DECLARATIONS**
**EXECUTIVE LIABILITY AND**
**INDEMNIFICATION POLICY**

**ITEM 1.**    **Parent Organization** (Name and Address):

Policy Number: 8207-6455



GMAC, LLC
200 RENAISSANCE CENTER
DETROIT, MI 48265

Marsh
New York, New York
RECEIVED

JAN - 9 2007

**FEDERAL INSURANCE COMPANY**
Incorporated under the laws of Indiana, a stock
insurance company, herein called the Company
Capital Center, 251 North Illinois, Suite 1100
Indianapolis, IN 46204-1927

---

**THIS IS A CLAIMS MADE POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSURED PERSONS DURING THE POLICY PERIOD. THIS POLICY DOES NOT PROVIDE FOR ANY DUTY BY THE COMPANY TO DEFEND THOSE INSURED UNDER THE POLICY. PLEASE READ CAREFULLY.**

**ITEM 2.**    Limits of Liability:

(A)    Each **Loss**                                             $ 15,000,000.00
(B)    Aggregate Limit of Liability Each **Policy Period**      $ 15,000,000.00

**NOTE:**    THE LIMITS OF LIABILITY AND ANY DEDUCTIBLE AMOUNTS ARE REDUCED OR EXHAUSTED BY DEFENSE COSTS.

**ITEM 3.**    Coinsurance Percent:                    0.00%

**ITEM 4.**    Deductible Amounts:

Insuring Clause 1    (A)  $            0.00    Each Insured Person
                     (B)  $            0.00    All Insured Persons
Insuring Clause 2    (C)  $ 10,000,000.00    Executive Indemnification

**ITEM 5.**    **Policy Period:**    from:    12:01 a.m. on November 30, 2007
                                to:      12:01 a.m. on November 30, 2008
                        Local time at the address shown in ITEM 1.

**ITEM 6.**    Extended Reporting Period:

(A)    Additional Premium:    $987,188  150%
(B)    Additional Period:       1 year

**ITEM 7.**    Pending or Prior Date:    November 30, 2006

**ITEM 8.**    Endorsement(s) Effective at Inception:    1-30

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

**IN WITNESS WHEREOF, THE COMPANY** issuing this Policy has caused this Policy to be signed by its authorized officers, but it shall not be valid unless also signed by a duly authorized representative of the Company.

_W. Andrew Macon_
Secretary

_Thomas F. Motamed_
President

_Robert Hamburger_
Authorized Representative

01/02/2008
Date

Marsh New York

Policy/Endorsement Reviewed

Document requires corrections.    Yes ( ✓ )    No ( )

If yes, when notified.

AR:  _Nikki Jacobruu_
(Reviewed-Print Full Name)    Date _2/12/08_
AE:
(Approved-Print Full Name)    Date

All corrections have been made.

AR:
(Reviewed-Print Full Name)    Date
AE:
(Approved-Print Full Name)    Date

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


CHUBB

In consideration of payment of the premium and subject to the Declarations, limitations, conditions, provisions and other terms of this Policy, the Company agrees as follows:

## Insuring Clause 1

**Executive Liability Coverage**

1. The Company shall pay on behalf of each of the **Insured Persons** all **Loss** for which the **Insured Person** is not indemnified by the **Organization** and which the **Insured Person** becomes legally obligated to pay on account of any **Claim** first made against such **Insured Person**, individually or otherwise, during the **Policy Period** or, if exercised, during the Extended Reporting Period, for a **Wrongful Act** committed, attempted, or allegedly committed or attempted by such **Insured Person** before or during the **Policy Period**.

## Insuring Clause 2

**Executive Indemnification Coverage**

2. The Company shall pay on behalf of the **Organization** all **Loss** for which the **Organization** grants indemnification to each **Insured Person**, as permitted or required by law, which the **Insured Person** has become legally obligated to pay on account of any **Claim** first made against such **Insured Person** individually or otherwise, during the **Policy Period** or, if exercised, during the Extended Reporting Period, for a **Wrongful Act** committed, attempted, or allegedly committed or attempted by such **Insured Person** before or during the **Policy Period**.

**Extended Reporting Period**

3. If this Policy is terminated or nonrenewed for any reason other than for nonpayment of premium, the **Parent Organization**, on behalf of the **Insured Person** shall have the right, upon payment of the additional premium set forth in ITEM 6.(A) of the Declarations for this Policy, to an extension of the coverage granted by this Policy for the period set forth in ITEM 6.(B) of the Declarations for this Policy (Extended Reporting Period) following the effective date of termination or nonrenewal with respect to any **Claim** or **Claims** made during the Extended Reporting Period, but only for any **Wrongful Act** committed, attempted, or allegedly committed or attempted, prior to the effective date of termination or nonrenewal. This right of extension shall lapse unless written notice of such election, together with payment of the additional premium due, is received by the Company within thirty (30) days following the effective date of termination or nonrenewal. Any **Claim** made during the Extended Reporting Period shall be deemed to have been made during the immediately preceding **Policy Period**.

If the Extended Reporting Period is purchased, the entire premium noted in ITEM 6.(A) of the Declarations shall be deemed fully earned at the inception of the Extended Reporting Period.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

---

**Exclusions**

*Exclusions Applicable to Insuring Clauses 1 and 2*

4. The Company shall not be liable for **Loss** on account of any **Claim** made against any **Insured Person**:

   a. based upon, arising from, or in consequence of any circumstances if written notice of such circumstances has been given under any policy of which this **Policy** is a renewal or replacement and if such prior policy affords coverage (or would afford such coverage except for the exhaustion of its limits of liability) for such **Loss**, in whole or in part, as a result of such notice;

   b. based upon, arising from, or in consequence of any demand, suit or other proceeding pending, or order, decree or judgment entered against any **Insured Person** or the **Organization** on or prior to the Pending or Prior Date set forth in ITEM 7. of the Declarations, or the same or substantially the same fact, circumstance or situation underlying or alleged therein;

   c. brought or maintained by or on behalf of any other **Insured Person** or the **Organization** except:

      i. a **Claim** that is a derivative action brought or maintained on behalf of the **Organization** by one or more persons who are not **Insured Persons** and who bring and maintain the **Claim** without the solicitation, assistance or participation of any **Insured Person** or the **Organization**,

      ii. a **Claim** brought or maintained by an **Insured Person**, other than an **Insured Person** who is or was a director of the **Organization**, for the actual or alleged wrongful termination of the **Insured Person**, or

      iii. a **Claim** brought or maintained by an **Insured Person** for contribution or indemnity, if the **Claim** directly results from another **Claim** covered under this Policy;

   d. for any **Wrongful Act** of **Insured Persons** serving in their capacities as fiduciaries (including fiduciaries as defined in the Employee Retirement Income Security Act of 1974 and amendments thereto or similar provisions of any federal, state or local statutory law or common law) of any pension, profit sharing, health and welfare or other employee benefit plan or trust established or maintained for the purpose of providing benefits to employees of the **Organization**;

   e. for bodily injury, mental or emotional distress, sickness, disease or death of any person or damage to or destruction of any tangible property including loss of use thereof;

   f. based upon, arising from, or in consequence of i. the actual, alleged or threatened discharge, release, escape or disposal of **Pollutants** into or on real or personal property, water or the atmosphere; or ii. any direction or request that the **Organization** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so; including but not limited to any **Claim** for financial loss to the **Organization**, its security holders or its creditors based upon, arising from, or in consequence of the matters described in i. or ii. of this exclusion; or

   g. for defamation, libel, slander, wrongful entry, eviction, false arrest, false imprisonment, malicious prosecution, assault or battery.

---

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**



**CHUBB**

---

## Exclusions
(continued)

**Exclusions Applicable Only to Insuring Clause 1**

5.  The Company shall not be liable under Insuring Clause 1 for **Loss** on account of any **Claim** made against any **Insured Person**:

    a.   for an accounting of profits made from the purchase or sale by such **Insured Person** of securities of the **Organization** within the meaning of Section 16b. of the Securities Exchange Act of 1934 and amendments thereto or similar provisions of any federal, state or local statutory law or common law;

    b.   based upon, arising from, or in consequence of any dishonest, deliberately criminal or deliberately fraudulent act or omission or any willful violation of any statute or regulation by such **Insured Person**, provided, however, that this Exclusion shall not apply unless it is established in fact that such **Claim** was brought about or contributed to by a dishonest, deliberately criminal or deliberately fraudulent act or omission or any willful violation of any statute or regulation by the **Insured Person**; or

    c.   based upon, arising from, or in consequence of such **Insured Person** having gained in fact any personal profit, remuneration or advantage to which such **Insured Person** was not legally entitled.

**Severability of Exclusions**

6.  With respect to the Exclusions of this Policy, no fact pertaining to or knowledge possessed by any **Insured Person** shall be imputed to any other **Insured Person** to determine if coverage is available.

**Limit of Liability, Deductible and Coinsurance**

7.  All **Loss** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts** of any **Insured Persons** shall be deemed one **Loss**, and such **Loss** shall be deemed to have originated in the earliest **Policy Period** in which a **Claim** is first made against any **Insured Person** alleging any such **Wrongful Act** or **Interrelated Wrongful Acts**.

The Company's maximum liability for each **Loss**, whether covered under Insuring Clause 1 or Insuring Clause 2 or both, shall be the Limit of Liability for each **Loss** set forth in ITEM 2.(A) of the Declarations. The Company's maximum aggregate liability for all **Loss** on account of all **Claims** first made during the same **Policy Period**, whether covered under Insuring Clause 1 or Insuring Clause 2 or both, shall be the Limit of Liability for each **Policy Period** set forth in ITEM 2.(B) of the Declarations.

The Company's liability under Insuring Clause 1 or Insuring Clause 2 or both shall apply only to that part of each **Loss** which is excess of the applicable Deductible Amount set forth in ITEM 4. of the Declarations and such Deductible Amount shall be borne by the **Insured Persons** and/or the **Organization** uninsured and at their own risk.

---

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

| | |
|---|---|
| *Limit of Liability, Deductible and Coinsurance* (continued) | If a single **Loss** is covered in part under Insuring Clause 1 and in part under Insuring Clause 2, the maximum Deductible Amount applicable to the **Loss** shall be the Insuring Clause 2 deductible set forth in ITEM 4. of the Declarations. |

With respect to all **Loss** (excess of the Deductible Amount) originating in any one **Policy Period**, the **Insured Persons** and the **Organization** shall bear uninsured and at their own risk that percent of all such **Loss** specified as the Coinsurance Percent in ITEM 3. of the Declarations, and the Company's liability hereunder shall apply only to the remaining percent of all such **Loss**.

The Limit of Liability available during the Extended Reporting Period, if exercised, shall be the remaining portion, if any, of the Aggregate Limit of Liability provided by the immediately preceding **Policy Period**.

---

*Presumptive Indemnification*

8.  If the **Organization**:

    a.  fails or refuses, other than for reason of **Financial Impairment**, to indemnify the **Insured Person** for **Loss**; and

    b.  is permitted or required to indemnify the **Insured Person** for such **Loss** pursuant to the fullest extent permitted by law;

    then, notwithstanding any other conditions, provisions or terms of this Policy to the contrary, any payment by the Company of such **Loss** shall be subject to i. the Insuring Clause 2 Deductible Amount set forth in ITEM 4. of the Declarations for this Policy, and ii. all of the Exclusions of this Policy.

---

*Defense and Settlement*

9.  Subject to this Section, it shall be the duty of the **Insured Persons** and not the duty of the Company to defend **Claims** made against the **Insured Persons**.

The **Insured Persons** and the **Organization** agree not to settle any **Claim**, incur any **Defense Costs** or otherwise assume any contractual obligation or admit any liability with respect to any **Claim** without the Company's written consent, which shall not be unreasonably withheld. The Company shall not be liable for any settlement, **Defense Costs**, assumed obligation or admission to which it has not consented.

The Company shall have the right and shall be given the opportunity to effectively associate with the **Insured Persons** and the **Organization** in the investigation, defense and settlement, including but not limited to the negotiation of a settlement, of any **Claim** that appears reasonably likely to be covered in whole or in part by this Policy.

The **Insured Persons** and the **Organization** agree to provide the Company with all information, assistance and cooperation which the Company reasonably requests and agree that, in the event of a **Claim**, the **Insured Persons** and the **Organization** will do nothing that may prejudice the Company's position or its potential or actual rights of recovery.

**Defense Costs** are part of and not in addition to the Limits of Liability set forth in ITEM 2. of the Declarations for this Policy, and the payment by the Company of **Defense Costs** reduces such Limits of Liability.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**Allocation**     10.     If both **Loss** covered by this Policy and loss not covered by this Policy are incurred, either because a **Claim** against the **Insured Persons** includes both covered and uncovered matters or because a **Claim** is made against both an **Insured Person** and others, including the **Organization**, then the **Insured Persons**, the **Organization** and the Company shall use their best efforts to agree upon a fair and proper allocation of such amount between covered **Loss** and uncovered loss.

If the **Insured Persons**, **Organization** and the Company agree on an allocation of **Defense Costs**, the Company shall advance on a current basis **Defense Costs** allocated to the covered **Loss**. If the **Insured Persons**, **Organization** and the Company cannot agree on an allocation:

a.     no presumption as to allocation shall exist in any arbitration, suit or other proceeding;

b.     the Company shall advance on a current basis **Defense Costs** which the Company believes to be covered under this Policy until a different allocation is negotiated, arbitrated or judicially determined; and

c.     the Company, if requested by the **Insured Persons** and/or the **Organization**, shall submit the dispute to binding arbitration. The rules of the American Arbitration Association shall apply except with respect to the selection of the arbitration panel, which shall consist of one arbitrator selected by the **Insured Persons** and the **Organization**, one arbitrator selected by the Company, and a third independent arbitrator selected by the first two arbitrators.

Any negotiated, arbitrated or judicially determined allocation of **Defense Costs** on account of a **Claim** shall be applied retroactively to all **Defense Costs** on account of such **Claim**, notwithstanding any prior advancement to the contrary. Any allocation or advancement of **Defense Costs** on account of a **Claim** shall not apply to or create any presumption with respect to the allocation of other **Loss** on account of such **Claim**.

**Reporting and Notice**     11.     The **Insured Persons** and the **Organization** shall, as a condition precedent to exercising their rights under this Policy, give to the Company written notice as soon as practicable, but in no event later than ninety (90) days after the termination of the **Policy Period**, of any **Claim** made against the **Insured Persons** for a **Wrongful Act**.

If an **Insured Person** or the **Organization** becomes aware of circumstances which could give rise to a **Claim** and gives written notice of such circumstance(s) to the Company during the **Policy Period**, then any **Claims** subsequently arising from such circumstances shall be considered to have been made during the **Policy Period** in which the circumstances were first reported to the Company.

The **Insured Persons** and/or the **Organization** shall, as a condition precedent to exercising their rights under this Policy, give to the Company such information and cooperation as it may reasonably require, including but not limited to a description of the **Claim** or circumstances, the nature of the alleged **Wrongful Act**, the nature of the alleged or potential damage, the names of actual or potential claimants, and the manner in which the **Insured Persons** and/or the **Organization** first became aware of the **Claim** or circumstances.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

| | | |
|---|---|---|
| *Notice* | 12. | Notice to the Company under this Policy shall be given in writing addressed to: |

<u>Notice of Claim:</u>

Home Office Claims Department
Chubb Group of Insurance Companies
15 Mountain View Road
Warren, N.J. 07059

<u>All Other Notices:</u>

Department of Financial Institutions
Chubb Group of Insurance Companies
15 Mountain View Road
Warren, N.J. 07059

Such notice shall be effective on the date of receipt by the Company at such address.

| | | |
|---|---|---|
| *Estates and Legal Representatives* | 13. | Coverage shall extend to **Claims** for the **Wrongful Acts** of **Insured Persons** made against the estates, heirs, legal representatives or assigns of **Insured Persons** who are deceased or against the legal representatives or assigns of **Insured Persons** who are incompetent, insolvent or bankrupt. |
| *Other Insurance* | 14. | If any **Loss** arising from any **Claim** made against any **Insured Person** is insured under any other valid policy(ies), prior or current, then this Policy shall cover such **Loss**, subject to its limitations, conditions, provisions and other terms, only to the extent that the amount of such **Loss** is in excess of the amount of payment from such other insurance whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as specific excess insurance over the Limits of Liability provided in this Policy. |

*Changes in Exposure*

| | | |
|---|---|---|
| *Acquisition or Creation of Another Organization* | 15. | If the **Organization** i. acquires securities or voting rights in another organization or creates another organization, which as a result of such acquisition or creation becomes a **Subsidiary**, or ii. acquires any organization by merger into or consolidation with an **Organization**, coverage shall apply to the **Insured Persons** of such organization under this Policy but only with respect to **Wrongful Acts** committed, attempted, or allegedly committed or attempted, after such acquisition or creation unless the Company agrees, after presentation of a complete application and all appropriate information, to provide coverage by endorsement for **Wrongful Acts** committed, attempted, or allegedly committed or attempted, by such **Insured Persons** prior to such acquisition or creation. |

If the fair value of the assets of the acquired or created organization exceeds 10% of the total assets of the **Parent Organization** as reflected in the **Parent Organization**'s most recent audited consolidated financial statements, the **Parent Organization** shall give written notice of such acquisition or creation to the Company as soon as practicable together with such information as the Company may require and shall pay any reasonable additional premium required by the Company.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


CHUBB

---

### Changes in Exposure
(continued)

**Acquisition of Parent Organization by Another Organization**

16. If i. the **Parent Organization** merges into or consolidates with another organization, or ii. another organization or person or group of organizations and/or persons acting in concert acquires securities or voting rights which result in ownership or voting control by the other organization(s) or person(s) of more than 50% of the outstanding securities representing the present right to vote for the election of directors of the **Parent Organization**, or iii. the **Organization** completely ceases to actively engage in its primary business ("cessation"), or iv. upon the **Financial Impairment** of the **Organization**, coverage under this Policy shall continue until termination of this Policy, but only with respect to **Claims** for **Wrongful Acts** committed, attempted, or allegedly committed or attempted, by **Insured Persons** prior to such merger, consolidation, acquisition, cessation or **Financial Impairment**. The **Parent Organization** shall give written notice of such merger, consolidation, acquisition or cessation to the Company as soon as practicable together with such information as the Company may require. The full annual premium for the **Policy Period** shall be deemed fully earned immediately upon the occurrence of any event outlined in items i. through iv. above.

**Cessation of Subsidiaries**

17. In the event an organization ceases to be a **Subsidiary** before or after the Inception Date of this Policy, coverage with respect to such **Subsidiary** and its **Insured Persons** shall continue until termination of this Policy but only with respect to **Claims** for **Wrongful Acts** committed, attempted or allegedly committed or attempted prior to the date such organization ceased to be a **Subsidiary**.

**Representations and Application Form**

18. It is agreed by the **Organization** and **Insured Persons** that the particulars and statements contained in the Application Form (which shall be retained on file by the Company and shall be deemed attached hereto, as if physically attached hereto) are true and are the basis of this Policy and are to be considered as incorporated in and constituting a part of this Policy. It is further agreed by the **Organization** and the **Insured Persons** that such particulars and statements are material to the decision to issue this Policy and that the Policy is issued in reliance upon the truth of such particulars and statements. All such particulars and statements shall be deemed to be made by each and every one of the **Insured Persons** provided, however, that, except for any misstatements or omissions of which the signers of the Application Form are aware, any misstatement or omission in such Application Form or the attachments and materials submitted with it concerning a specified **Wrongful Act** by a particular **Insured Person** or his cognizance of any matter which he has reason to suppose might afford grounds for a future **Claim** against him shall not be imputed, for purposes of any rescission of this Policy, to any other **Insured Persons** who are not aware of the omission or the falsity of the statement.

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**

| | | |
|---|---|---|
| *Investigation and Settlement* | 19. | The Company may make any investigation it deems necessary and may, with the written consent of the **Organization**, on behalf of the **Insured Persons**, make any settlement of a **Claim** it deems expedient. |
| *Subrogation* | 20. | In the event of any payment under this Policy, the Company shall be subrogated, to the extent of such payment, to all the **Insured Persons'** and the **Organization's** rights of recovery, and the **Insured Persons** and the **Organization** shall execute all papers required and shall do everything necessary to secure and preserve such rights, including the execution of such documents necessary to enable the Company effectively to bring suit in the name of the **Insured Persons** or the **Organization**. |
| *Action Against the Company* | 21. | No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this Policy. No person or organization shall have any right under this Policy to join the Company as a party to any action against the **Insured Persons** and/or the **Organization** to determine the **Insured Persons'** liability nor shall the Company be impleaded by the **Insured Persons** and/or the **Organization** or their legal representatives. |
| *Bankruptcy or Insolvency* | 22. | Bankruptcy or insolvency of an **Insured Person** or the estate of an **Insured Person** shall not relieve the Company of its obligations nor deprive the Company of its rights under this Policy. |
| *Authorization Clause* | 23. | By acceptance of this Policy, the **Parent Organization** agrees to act on behalf of all **Insured Persons** and the **Organization** with respect to the giving and receiving of notice of **Claim** or termination, the payment of premiums and the receiving of any return premiums that may become due under this Policy, the negotiation, agreement to and acceptance of endorsements, and the giving or receiving of any notice provided for in this Policy, and the **Insured Persons** and the **Organization** agree that the **Parent Organization** shall act on their behalf. |
| *Alteration or Assignment* | 24. | No change in, modification of, or assignment of interest under this Policy shall be effective except when made by a written endorsement to this Policy which is signed by an authorized employee of Chubb & Son. |
| *Termination of Policy* | 25. | This Policy shall terminate at the earliest of the following times: |
| | a. | upon the receipt by the Company of written notice of termination from the **Parent Organization**; or |
| | b. | upon expiration of the **Policy Period** as set forth in ITEM 2. of the Declarations of this Policy; or |
| | c. | at such other time as may be agreed upon by the Company and the **Parent Organization**; or |

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**



**CHUBB**

| | | |
|---|---|---|
| *Termination of Policy*<br>(continued) | d. | sixty (60) days after receipt by the **Parent Organization** of the Company's notice of nonrenewal. Such notice shall be in conformance with applicable state laws and regulations. |

The Company shall refund the unearned premium computed at customary short rates if the Policy is terminated by the **Parent Organization**. Under any other circumstances the refund shall be computed pro rata.

| | | |
|---|---|---|
| *Valuation and*<br>*Foreign Currency* | 26. | All premiums, limits, retentions, **Loss** and other amounts under this Policy are expressed and payable in the currency of the United States of America. Except as otherwise provided in the Policy, if judgment is rendered, settlement is denominated or another element of **Loss** under this Policy is stated in a currency other than United States of America dollars, payment under this Policy shall be made in United States dollars at the rate of exchange published in The Wall Street Journal on the date the final judgment is entered, the amount of the settlement is agreed upon or the other element of **Loss** is due, respectively. |

| | | |
|---|---|---|
| *Definitions* | 27. | **Claim** means: |

a.   a written demand for monetary damages,

b.   a civil proceeding commenced by the service of a complaint or similar pleading,

c.   a criminal proceeding commenced by a return of an indictment, or

d.   a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document,

against any **Insured Person** for a **Wrongful Act**, including any appeal therefrom.

**Defense Costs** means that part of **Loss** consisting of reasonable costs, charges, fees (including but not limited to attorneys' fees and experts' fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the **Organization**) incurred in defending or investigating **Claims** and the premium for appeal, attachment or similar bonds.

**Financial Impairment** means the status of the **Organization** resulting from i. the appointment by any state or federal official, agency or court of any receiver, conservator, liquidator, trustee, rehabilitator or similar official to take control of, supervise, manage or liquidate the **Organization**, or ii. the **Organization** becoming a debtor in possession.

**Insured Capacity** means the **Insured Person's** position or capacity but shall not include any position or capacity in any entity other than the **Organization**, even if the **Organization** directed or requested the **Insured Person** to serve in such other position or capacity.

**Insured Person** means any past, present or future duly elected director or duly elected or appointed officer of the **Organization**.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

*Definitions*
*(continued)*

**Interrelated Wrongful Acts** means all causally connected **Wrongful Acts**.

**Loss** means the total amount which any **Insured Person** becomes legally obligated to pay on account of each **Claim** and for all **Claims** in each **Policy Period** and the Extended Reporting Period, if exercised, made against them for **Wrongful Acts** for which coverage applies, including, but not limited to, damages, judgments, settlements, costs and **Defense Costs**. **Loss** does not include: i. any amount not indemnified by the **Organization** for which the **Insured Person** is absolved from payment by reason of any covenant, agreement or court order; ii. any amount incurred by the **Organization** (including its board of directors or any committee of the board of directors) in connection with the investigation or evaluation of any **Claim** or potential **Claim** by or on behalf of the **Organization**; iii. fines or penalties imposed by law including but not limited to punitive or exemplary damages, or the multiple portion of any multiplied damage award; or iv. matters uninsurable under the law pursuant to which this Policy is construed.

**Organization** shall mean the **Parent Organization** and/or any **Subsidiary**.

**Parent Organization** means the entity named in ITEM 1. of the Declarations.

**Policy Period** means the period of time specified in ITEM 5. of the Declarations, subject to prior termination in accordance with Section 25. If this period is less than or greater than one year, then the Limits of Liability specified in ITEM 2. of the Declarations shall be the Company's maximum limit of liability under this Policy for the entire period.

**Pollutants** means any substance located anywhere in the world exhibiting any hazardous characteristics as defined by, or identified on a list of hazardous substances issued by the United States Environmental Protection Agency or a state, county, municipality or locality counterpart thereof. Such substances shall include, without limitation, solids, liquids, gaseous or thermal irritants, contaminants or smoke, vapor, soot, fumes, acids, alkalis, chemicals or waste materials. **Pollutants** shall also mean any other air emission, odor, waste water, oil or oil products, infectious or medical waste, asbestos or asbestos products and any noise.

**Subsidiary** means any organization that, at the Inception Date of this Policy, is named in the Application Form and of which more than 50% of the outstanding securities or voting rights representing the present right to vote for election of directors is owned or controlled by the **Parent Organization** either directly or through one or more of its **Subsidiaries** or any organization of which more than 50% of the outstanding securities or voting rights representing the right to vote for election of directors was owned or controlled by the **Parent Organization** either directly or through one or more of its **Subsidiaries** prior to the Inception Date of this Policy.

**Wrongful Act** means any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted, by an **Insured Person**, individually or otherwise, in his **Insured Capacity**, or any matter claimed against him solely by reason of his serving in such **Insured Capacity**.

For the purposes of the definitions, the singular includes the plural and the plural includes the singular, unless otherwise indicated.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:   1

To be attached to and form a part of Policy
Number:        8207-6455

Issued to:   GMAC, LLC

## AMEND DEFINITION OF INTERRELATED WRONGFUL ACTS ENDORSEMENT

It is agreed that the definition of **Interrelated Wrongful Acts** in Section 27., Definitions, is deleted and replaced with the following:

> **Interrelated Wrongful Acts** means all **Wrongful Acts** that have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of related facts, circumstances, situations, events, transactions or causes.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  January 2, 2008

By _____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 2

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC, LLC

---

AMEND REPRESENTATIONS AND APPLICATION FORM WITH ABSOLUTE NON-RESCINDABLE
COVERAGE ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)   Section 18., Representations and Application Form, of this policy is deleted and replaced with the following:

(a)   The **Insureds** acknowledge and agree that, in issuing this policy, the Company has relied on all statements, representations and information contained in the **Application** as being true and accurate.  All such statements, representations and information are the basis for this policy and are to be considered incorporated into this policy.

(b)   With respect to any statements, representations and information contained in the **Application**, no knowledge possessed by an **Insured Person** shall be imputed to any other **Insured Person**.  However, in the event that any of the statements, representations or information is not truthfully and accurately disclosed in the **Application**, no coverage shall be afforded for any **Claim** based upon, arising from or inconsequence of any untruthful or inaccurate statements, representations or information under:

(i)    Insuring Clause 1 of this policy, with respect to any **Insured Person** who knew of such untruthful or inaccurate statements, representations or information (whether or not such individual knew of such untruthful or inaccurate statements, representations or information in the **Application**);

(ii)   Insuring Clause 2 of this policy, with respect to any **Organization** to the extent it indemnifies any **Insured Person** in subsection (i) above; and

(iii)  Insuring Clause 3 or 4 of this policy (if either such Insuring Clause is added to the policy by endorsement), with respect to any **Organization** if any past or present chief executive officer or chief financial officer of the **Parent Organization** knew of such untruthful or inaccurate statements, representations or information (whether or not such individual knew of such untruthful or inaccurate statements, representations or information in the **Application**);

14-02-12144 (07/2006)          Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

(2)    Section 27., Definitions, of this policy is amended by adding the following definition:

**Application** means all signed applications, including attachments and other materials submitted therewith or incorporated therein, submitted by the **Insureds** to the Company for this policy or for any coverage section or policy of which this coverage section is a direct or indirect renewal or replacement. **Application** shall also include, for each **Organization**, all of the following documents whether or not submitted with or attached to any such signed application: (i) the Annual Report (including financial statements) last issued to shareholders before this policy's inception date; (ii) the report last filed with the Securities and Exchange Commission on Form 10-K before this policy's inception date; (iii) the report last filed with the Securities and Exchange Commission on Form 10-Q before this policy's inception date; (iv) the proxy statement and (if different) definitive proxy statement last filed with the Securities and Exchange Commission before this policy's inception date; (v) all reports filed with the Securities and Exchange Commission on Form 8-K during the twelve months preceding this policy's inception date; and (vi) all reports filed with the Securities and Exchange Commission on Schedule 13D, with respect to any equity securities of such **Organization**, during the twelve months preceding this policy's inception date.    All such applications, attachments, materials and other documents are deemed attached to, incorporated into and made a part of this coverage section.

(3)    The following Subsection is added to this policy as follows:

*Non-Rescindable*

The Company shall not be entitled under any circumstances to rescind this policy with respect to any **Insured**.

Nothing contained herein shall limit or waive any other rights or remedies available to the Company.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



CHUBB

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 3

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

**COMPLIANCE WITH APPLICABLE TRADE SANCTION LAWS**

It is agreed that this insurance does not apply to the extent that trade or economic sanctions or other laws
or regulations prohibit the coverage provided by this insurance.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and
conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_

Authorized Representative

14-02-9228 (04/2004)                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

Effective date of
this endorsement:  November 30, 2007

**Federal Insurance Company**

Endorsement No.:   4

To be attached to and form a part of Policy
Number:            8207-6455

Issued to:  GMAC, LLC

---

## MODIFIED POLLUTION EXCLUSION ENDORSEMENT

It is agreed that Section 4., Exclusions, is amended by deleting paragraph f. in its entirety and replacing it
with the following:

f.      based upon, arising from, or in consequence of:

    i.      the actual, alleged or threatened discharge, release, escape or disposal of **Pollutants**
       into or on real or personal property, water or the atmosphere, or

    ii.     any direction or request that the **Organization** test for, monitor, clean-up, remove,
       contain, treat, detoxify or neutralize **Pollutants**, or any voluntary decision to do so,

including but not limited to any **Claim** for financial loss to the **Organization**, its security holders or
its creditors based upon, arising from, or in consequence of the matters described in i. and .ii.
above.  However, this exclusion shall not apply to **Loss** (a) which is on account of any **Claim**
brought by any shareholder of the **Organization** in his capacity as such, whether in his own right
or on behalf of the **Organization**, provided that such **Claim** is brought and maintained without the
assistance, participation or solicitation of any **Insured Person**, and (b) for which the
**Organization** either is not permitted or required, or fails or refuses by reason of **Financial
Impairment**, to indemnify the **Insured Person**; or

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  January 2, 2008                              By _____
                                                        Authorized Representative

[Form 17-02-1219 (Ed. 3/2004) rev.                                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


**CHUBB**

Effective date of
this endorsement:  November 30, 2007

**Federal Insurance Company**

Endorsement No.:  5

To be attached to and form a part of Policy
Number:        8207-6455

Issued to:  GMAC, LLC

---

### INVESTIGATIVE COSTS COVERAGE ENDORSEMENT

It is agreed that:

1.    The following Insuring Clause is added to this Policy:

Insuring Clause 4

Investigative Costs Coverage

The Company shall pay on behalf of the **Organization** all **Investigation Costs** which such **Organization** becomes legally obligated to pay on account of any **Shareholder Derivative Demand** first made during the **Policy Period** or, if exercised, the Extended Reporting Period, for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by an **Insured Person** before or during the **Policy Period**.

2.    The heading for Section 4., Exclusions Applicable to Insuring Clauses 1 and 2, is deleted in its entirety and replaced with the following:

Exclusions Applicable to All Insuring Clauses

3.    Section 7., Limit of Liability, Deductible and Coinsurance, is amended as follows:

a.    The following is added to the second paragraph:

The Company's maximum liability for all **Investigation Costs** covered under Insuring Clause 4 on account of all **Shareholder Derivative Demands** first made during the same **Policy Period** shall be $250,000.  This is a sublimit which further limits and does not increase the Company's maximum liability under this Policy as set forth in ITEM 2.(B) of the Declarations for this Policy.

b.    The following is added to the third paragraph:

No deductible amount shall apply to **Investigation Costs** covered under Insuring Clause 4.

4.    Section 9., Defense and Settlement, is amended for purposes of coverage under Insuring Clause 4 by deleting the first paragraph in its entirety and replacing it with the following:

Subject to this Section, it shall be the duty of the **Organization** and not the duty of the Company to investigate and evaluate any **Shareholder Derivative Demand**.

D&O Policy
Form 17-02-1435 (Ed. 2-99)

Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

5.    Section 27., Definitions, is amended by adding the following:

**Investigation Costs** means reasonable costs, charges, fees (including but not limited to attorney's fees and experts' fees) and expenses (other than regular or overtime wages, salaries or fees of the directors, officers or employees of the **Organization**) incurred by the **Organization** (including its board of directors or any committee of the board of directors) in connection with the investigation or evaluation of any **Shareholder Derivative Demand**.

**Shareholder Derivative Demand** means any written demand, by one or more shareholders of an **Organization**, upon the board of directors of such **Organization**, to bring a civil proceeding in a court of law against any **Insured Person** for a **Wrongful Act** committed, attempted, or allegedly committed or attempted by an **Insured Person** before or during the **Policy Period**.

6.    For purposes of coverage under Insuring Clause 4 only:

a.    all references in this Policy to **Loss** or **Defense Costs** shall only mean **Investigation Costs**; and

b.    all references in this Policy to **Claim** or to **Claim** against any **Insured Person** shall only mean any **Shareholder Derivative Demand**.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  January 2, 2008                                              By_____
                                                                                              Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


CHUBB

Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:   6

To be attached to and form a part of Policy
Number:             8207-6455

Issued to:   GMAC, LLC

---

### AMENDED DEFINITION OF INSURED PERSON ENDORSEMENT

It is agreed that the definition of **Insured Person** of Section 27., Definitions, is amended to include the
following:

The term Insured Person will also include the past, present or future General Counsel and
Risk Manager of the Organization in their capacity as such.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:   January 2, 2008

By _____
                   Authorized Representative

D&O Policy
Form 17-02-2524 (Ed. 1-01)

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

Effective date of
this endorsement:  November 30, 2007

**Federal Insurance Company**

Endorsement No.:  7

To be attached to and form a part of Policy
Number:        8207-6455

Issued to:  GMAC, LLC

## AMENDMENT OF ORGANIZATION – PENDING AND PRIOR LITIGATION ENDORSEMENT

It is agreed that effective the Creation or Acquisition Date shown below, the term **Organization** is
amended by adding the following:

### SCHEDULE

Name of Entity                                  Creation or Acquisition Date

Provident Insurance PLC                         June 15, 2007

With respect to the entities in the Schedule above, the Company shall not be liable to make any payment
for **Loss** in connection with any **Claim** made against any **Organization** that is based upon, arising out of,
relating to, in consequence of, or in any way involving:

a.    any litigation occurring prior to, or pending as of April 7, 1986 including but not limited to **Claims**,
      demands, causes of action, legal or quasi-legal proceedings, decrees or judgments against the
      **Organization** of which the **Organization** has received notice or otherwise had knowledge as of
      April 7, 1986; or

b.    any subsequent litigation arising from, or based on substantially the same matters as alleged in the
      pleadings of the prior or pending litigation described in a. above; or

c.    any **Wrongful Act** of the **Organization** which gave rise to such prior or pending litigation.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  January 2, 2008                          By _____
                                                        Authorized Representative

D&O Policy
Form 17-02-2525 (Ed. 7-01)                                          Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



Effective date of
this endorsement:  November 30, 2007

Federal Insurance Company

Endorsement No.:  8

To be attached to and form a part of Policy
Number:        8207-6455

Issued to:  GMAC, LLC

## LIMITED LIABILITY CORPORATION ENDORSEMENT

It is agreed that Section 27., Definitions, is amended as follows:

1.  The definition of **Insured Person** is amended by adding the following:

    **Insured Person** also means with respect to any **Organization** that is a limited liability corporation,
    any natural person who has been, now is, or shall become a duly elected director, duly elected or
    appointed officer, member manager, member of the management committee or board of managers,
    or equivalent executive of the **Organization**.

2.  The definition of **Subsidiary** is amended by adding the following:

    **Subsidiary** also means any organization in which one or more of the **Organizations**, in any
    combination directly or indirectly owns or controls 50% or more of the outstanding securities or
    voting rights representing, in the case of a limited liability corporation, the present right to elect,
    appoint or designate directors, member managers, members of the management committee or
    board of managers, or equivalent executives.


ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.


Date:  January 2, 2008

By _____
Authorized Representative


D&O Policy
Form 17-02-2529 (Ed. 1-01)

Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:        9

To be attached to and form a part of Policy
Number:            8207-6455

Issued to:   GMAC, LLC

---

**AMENDED DEFINITION OF INSURED PERSON – FOREIGN EQUIVALENT ENDORSEMENT**

It is agreed that the definition of **Insured Person** of Section 27., Definitions, is deleted in its entirety and
replaced with the following:

**Insured Person** means any past, present or future duly elected director or duly elected or appointed
officer or trustee of the **Organization** or any equivalent position, as described in this definition, in any
other jurisdiction anywhere in the world.


ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.


Date:   January 2, 2008                                    By_____

                                                                       Authorized Representative


D&O Policy
Form 17-02-2756 (Ed. 6-01)                                                           Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


CHUBB

---

Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:        10

To be attached to and form a part of Policy
Number:                        8207-6455

Issued to:   GMAC, LLC

## INITIAL PUBLIC OFFERING EXCLUSION ENDORSEMENT

It is agreed that the Company shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any of the **Insured Persons** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the initial public offering of common stock of the **Organization**, or the sale or distribution of such common stock in connection with such initial public offering, including, but not limited to:

1.      any **Claim** in connection with the filing of, or any alleged failure to file, any registration statement under the Securities Act of 1933 or the Securities Exchange Act of 1934, any state "blue sky" law, or any other federal, state or local securities law;

2.      any **Claim** that any prospectus, interim statement or public announcement in connection therewith is in violation of the Securities Act of 1933 or the Securities Exchange Act of 1934, any state "blue sky" law, or any other federal, state or local securities law or any rule or regulation promulgated under any of the foregoing because it contains an untrue statement of material fact, or omits to state a material fact required to be stated in the prospectus, interim statement or public announcement or necessary to make the statements in the prospectus, interim statement or public announcement not misleading; or

3.      any **Claim** in connection with any agreement executed in connection therewith.

Nothing herein is intended to exclude **Claims** made against **Insured Persons** based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the private offering of securities of the **Organization**, or the sale or distribution of any such securities in connection with such a private offering.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  January 2, 2008

By _____
                    Authorized Representative

D&O Policy
Form 17-02-2760 (Ed. 6-01)                                                      Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


**CHUBB**

Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:   11

To be attached to and form a part of Policy
Number:                     8207-6455

Issued to:   GMAC, LLC

## SHARED AGGREGATE LIMITS ENDORSEMENT

It is agreed that in addition to this Policy, the Company has issued to the **Insured** all Policies and Bonds listed below. It is expressly acknowledged by the **Insured** that the premium for this Policy and all Policies and Bonds listed below has been negotiated with the understanding that this Policy and all Policies and Bonds listed below combine and share a single aggregate limit of liability. Therefore, in consideration of the premium charged:

1.      The Company and the **Insured** agreed that the Company's maximum aggregate limit of liability for all **Loss** under this Policy, and for all payments of **Loss** under all Policies and Bonds listed below, in the aggregate, shall not exceed $15,000,000.

2.      It is agreed that the Company shall have no obligation under this Policy to make any payment of **Loss** to the extent that the amount of such **Loss**, when added to the amount of any **Loss** paid under this Policy and any **Loss** paid under any Policies and Bonds listed below, would exceed $15,000,000.  Any payment of **Loss** under any Policies and Bonds listed below shall reduce the Limits of Liability available under this Policy for the payment of any **Loss** during the **Policy Period**.

3.      If the Company shall have paid **Loss** under this Policy and **Loss** under any Policies and Bonds listed below in an aggregate amount equaling $15,000,000, any and all obligations of the Company under this Policy and the Policies and Bonds listed below shall be completely fulfilled and extinguished, and the Company shall have no further obligations of any kind or nature under this Policy and the Policies and Bonds listed below.

4.      If a **Loss** is covered by this Policy and one or more of the Policies and Bonds listed below, and if more than one deductible amount applies to such **Loss**, the largest applicable deductible amount shall be the deductible amount applicable to such **Loss**.

| Policy/Bond Type | Policy/Bond Number |
|---|---|
| Fiduciary Liability Policy | 8207-6453 |

For the purposes of this Endorsement, **Loss** shall include **Loss** as defined in this Policy and any Bond or Policy listed above and **Single Loss** as defined in any Bond listed above.

THIS ENDORSEMENT DOES NOT INCREASE THE LIMITS OF LIABILITY, AS SET FORTH IN THE DECLARATIONS.

General Use
Form 17-02-5152 (Ed. 5-03)

Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

Name and Address of Insured:

GMAC, LLC
200 RENAISSANCE CENTER
DETROIT, MI 48265

_____
Signature of Insured's Representative

_____
Position/Title

_____
Date

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  January 2, 2008                          By_____
                                                        Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


CHUBB

Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:   12

To be attached to and form a part of Policy
Number:             8207-6455

Issued to:  GMAC, LLC

---

### AMEND TERMINATION OF POLICY ENDORSEMENT

It is agreed that Section 25., Termination of Policy, is amended by deleting paragraph b. in its entirety and
replacing it with the following:

b.      upon expiration of the **Policy Period** as set forth in ITEM 5. of the Declarations of this Policy; or


ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.


Date:  January 2, 2008                                    By

_Robert Hamburger_

                                                               Authorized Representative


D&O Policy
Form 17-02-5546 (Ed. 9-03)

Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



CHUBB

Effective date of
this endorsement:  November 30, 2007

**Federal Insurance Company**

Endorsement No.:  13

To be attached to and form a part of Policy
Number:        8207-6455

Issued to:  GMAC, LLC

## SPOUSAL/DOMESTIC PARTNER LIABILITY ENDORSEMENT

It is agreed that:

1.  If a **Claim** against an **Insured Person** includes a **Claim** against the **Insured Person's** lawful spouse or **Domestic Partner** solely by reason of:

    a.  such spouse's or **Domestic Partner's** status as a spouse or **Domestic Partner** of the **Insured Person**, or

    b.  such spouse's or **Domestic Partner's** ownership interest in property which the claimant seeks as recovery for alleged **Wrongful Acts** of the **Insured Person**,

    all **Loss** which such spouse or **Domestic Partner** becomes legally obligated to pay on account of such **Claim** shall be treated for purposes of this Policy as **Loss** which the **Insured Person** becomes legally obligated to pay on account of the **Claim** made against the **Insured Person**. All limitations, conditions, provisions and other terms of coverage (including the deductible) applicable to the **Insured Person's Loss** shall also be applicable to such spousal or **Domestic Partner's Loss**.

2.  The coverage extension described in paragraph 1 above does not apply to any **Claim** alleging any **Wrongful Act** by the **Insured Person's** spouse or **Domestic Partner**.

3.  Section 27., Definitions, is amended by adding the following:

    **Domestic Partner** means any natural person qualifying as a domestic partner under the provisions of any applicable federal, state or local law or under the provisions of any formal program established by the **Organization**.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  January 2, 2008                          By _____

                                                     Authorized Representative

Name Policy
17-02-6665 (10/2004)

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 14

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

### AMEND BODILY INJURY/PROPERTY DAMAGE EXCLUSION ENDORSEMENT

It is agreed that paragraph e. of Section 4. Exclusions Applicable to Insuring Clauses 1 and 2 is deleted and
replaced with the following:

e.        for bodily injury, sickness, disease or death of any person or damage to or destruction of any tangible
          property including loss of use thereof whether or not it is damaged or destroyed.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the
terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

*Robert Hamburger*

_____
Authorized Representative

Q06-1658 (08/2006)                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 15

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC, LLC

---

AMEND DEFINITION OF LOSS (TO INCLUDE PUNITIVE, EXEMPLARY AND MULTIPLIED
DAMAGES AND PRE- AND POST- JUDGMENT INTEREST) ENDORSEMENT

In consideration of the premium charged, it is agreed that the definition of Loss in Section 27., Definitions, of this
Policy is deleted and replaced with the following:

Loss means:

(a)     the amount that any **Insured Person** (for purposes of Insuring Clauses 1 and 2) or the
**Organization** (for purposes of Insuring Clause 3) becomes legally obligated to pay on account of
any covered **Claim**, including but not limited to damages (including, punitive, exemplary or
multiplied damages, if and to the extent that such punitive, exemplary or multiplied damages are
insurable under the law of the jurisdiction most favorable to the insurability of such damages
provided such jurisdiction has a substantial relationship to the relevant **Insureds**, to the
Company, or to the **Claim** giving rise to the damages), judgments, settlements, pre-judgment and
post-judgment interest and **Defense Costs**; or

(b)     for purposes of Insuring Clause 4, covered **Investigative Costs**.

Loss does not include:

(a)     any amount not indemnified by the **Organization** for which an **Insured Person** is absolved from
payment by reason of any covenant, agreement or court order;

(b)     any amount incurred by the **Organization** (including its board of directors or any committee of the
board of directors) in connection with the investigation or evaluation of any **Claim** or potential
**Claim** by or on behalf of the **Organization**;

(c)     taxes, fines or penalties, except as provided above with respect punitive, exemplary or multiplied
damages; or

(d)     any amount not insurable under the law pursuant to which this Policy is construed, except as
provided above with respect punitive, exemplary or multiplied damages;

(e)     any amount incurred by the **Organization** (including its board of directors or any committee of the
board of directors) in connection with the investigation or evaluation of any **Securities Claim** or
potential **Securities Claim** by or on behalf of the **Organization**; provided that this paragraph (e)
shall not apply to any **Investigative Costs** provided under Insuring Clause 4. of this policy; or

Q07-188 (01/2007)                              Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

(f)    the actual or proposed payment by any **Organization** of allegedly inadequate or excessive consideration in connection with its purchase of securities issued by any entity; provided, however, that this shall not apply to **Defense Costs**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_

—————————————————————
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 16

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

AMENDED DEFINITION OF SUBSIDIARY

In consideration of the premium charged, it is agreed that the definition of **Subsidiary** in Section 27, Definitions, is deleted and replaced with the following:

**Subsidiary** means any organization that, at the Inception Date of this Policy, is named in the Application Form and of which more than 50% of the outstanding securities or voting rights representing the present right to vote for election of any director, member manager, member of the management committee or board of managers, or foreign equivalent title, is owned or controlled by the **Parent Organization** either directly or through one or more of its **Subsidiaries** or any organization of which more than 50% of the outstanding securities or voting rights representing the right to vote for election of such director, member manager, member of the management committee or board of managers, or foreign equivalent title, was owned or controlled by the **Parent Organization** either directly or through one or more of its **Subsidiaries** prior to the Inception Date of this Policy.

**Subsidiary** shall also mean any non-profit corporation, community chest, fund organization or foundation exempt from federal income tax as any organization described in Section 501(c) (3), Internal Revenue Code of 1986, as amended, which is sponsored by the **Organization**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

*Robert Hamburger*

_____
Authorized Representative

Q07-190 (10/2007) rev.                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

---

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 17

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC, LLC

---

AMENDED REPORTING AND NOTICE ENDORSEMENT

In consideration of the premium charged, it is agreed that paragraph a. of Section 11., Reporting and Notice, of this Policy is deleted and replaced with the following:

11.    REPORTING AND NOTICE

    a.    The **Insured** shall, as a condition precedent to exercising any right to coverage under this Policy, give to the Company or any authorized agent of the Company within the State of Michigan written notice of any **Claim** as soon as practicable, but in no event later than the earliest of the following dates:

        (1)    ninety (90) days after the date on which any member of the Risk Management Department or General Counsel Department of the **Parent Organization** first becomes aware that the **Claim** has been made;

        (2)    sixty (60) days after the effective date of expiration or termination, if this Policy expires (or is otherwise terminated) without being renewed and if no Extended Reporting Period is purchased; or

        (3)    the expiration date of the Extended Reporting Period, if purchased;

    provided that if the Company sends written notice to the **Insured**, at any time before the date set forth in Subsection 11a(1) with respect to any **Claim**, stating that this Policy is being terminated for nonpayment of premium, the **Insured** shall give to the Company written notice of such **Claim** prior to the effective date of such termination.



Q07-191 (01/2007)                Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 18

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

EFFECT OF BANKRUPTCY ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     Bankruptcy or insolvency of an **Insured** shall neither relieve the Company of its obligations nor deprive the
        Company of its rights or defenses under this coverage section.

(2)     It is understood that the coverage provided under this coverage section is intended to protect and benefit
        the **Insured Persons**.  If a liquidation or reorganization proceeding is commenced by or against the
        **Organization** pursuant to the United States Bankruptcy Code or any similar state or local law, the **Insureds**
        hereby: (a) waive and release any automatic stay or injunction which may apply in such proceeding to this
        coverage section or its proceeds under such Bankruptcy Code or law; and (b) agree not to oppose or object
        to any efforts by the Company or any **Insureds** to obtain relief from any such stay or injunction.

(3)     The **Insureds** acknowledge and agree that nothing in this endorsement obligates the Company to:

        (a)     seek a judicial ruling with respect to the validity or enforceability of any provision in paragraph (2)
                of this endorsement;

        (b)     make any request for relief from any applicable stay or injunction on any **Insured's** behalf; or

        (c)     assert any position in support of or in opposition to, or otherwise take part in litigation concerning,
                any **Insured's** request for relief from an applicable stay or injunction.

(4)     Nothing in this endorsement shall be construed to require the Company to: (i) make any payment of
        proceeds that are subject to a bankruptcy stay, in the absence of any necessary judicial authorization for
        the making of such payment; or (ii) in any way violate applicable bankruptcy law or an order of the
        bankruptcy court.

(5)     For the purposes of this endorsement, the term "Insureds" shall mean the **Organization** and any
        **Insured Person**.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 19

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

PROFESSIONAL SERVICES EXCLUSION ENDORSEMENT

In consideration of the premium charged, it is agreed that the Company shall not be liable for **Loss** on account of any **Claim** based upon, arising from or in consequence of rendering or failure to render professional services, including but not limited to the following services:

    i.     broker;

    ii.    dealer;

    iii.   financial adviser;

    iv.   investment adviser;

    v.    investment banker;

    vi.   investment manager;

    vii.  clearing agent;

    viii.  trustee, fiduciary or agent within the **Organization's** Trust Department for individuals, governments, corporations or other entities.

However, this Exclusion shall not be applicable to any shareholder's derivative or class action suit or **Securities Claim**, as defined in the Entity Coverage for Securities Claim Endorsement to this policy, against the **Insured Persons**.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

*Robert Hamburger*

_____
Authorized Representative

Q07-193 (01/2007)                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 20

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC, LLC

EMPLOYEE COVERAGE ENDORSEMENT

In consideration of the premium charged, it is agreed that:

1.    Section 27., Definitions, of this Policy is amended by adding the following to the definition of **Insured Persons**:

Any natural persons who are past, present or future employees of the **Organization**, including such persons who are or were full-time, part-time, seasonal or temporary employees, but solely with respect to:

a.    **Loss** arising from a **Securities Claim**; or

b.    any other **Claim** arising from any other **Loss**, but only if one or more **Insured Persons** are, and remain, co-defendants in any legal administrative or judicial proceeding along with the employee(s), and such **Claim** is first commenced and is continuously maintained against **Insured Persons** who would be **Insured Persons** in the absence of this endorsement.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

*Robert Hamburger*

_____
Authorized Representative

Q07-194 (01/2007)                  Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007          Federal Insurance Company

                                                   Endorsement/Rider No. 21

                                                   To be attached to and
                                                   form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

AMENDED PRIOR ACTS EXCLUSION ENDORSEMENT

In consideration of the premium charged, it is agreed that the Company shall not be liable for **Loss** on account of any **Claim** based upon, arising from, or in consequence of **Wrongful Acts** or **Interrelated Wrongful Acts** where all or any part of such acts were committed, attempted or allegedly committed or attempted prior to November 30, 2006. This exclusion, however, shall not apply to **Loss** incurred by any director or member of the Board of Managers of the **Organization**, provided that such director or member of the Board of Managers was not an employee of General Motors Acceptance Corporation or General Motors Corporation as of November 30, 2006.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

*Robert Hamburger*

_____
Authorized Representative

Q07-195 (01/2007)                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 22

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

ENTITY COVERAGE FOR SECURITIES CLAIMS ENDORSEMENT

It is agreed that

1.    This Policy is amended by adding the following Insuring Clause:

Insuring Clause 3
Organization Coverage

The Company shall pay on behalf of any **Organization** all **Securities Loss** for which it becomes
legally obligated to pay on account of any **Securities Claim** first made against it during the **Policy
Period** or, if exercised, during the Extended Reporting Period, for a **Wrongful Act** by any **Insured
Person** or the **Organization** before or during the **Policy Period**.

2.    Section 27., Definitions, is amended as follows:

a.    Only as respects coverage under Insuring Clause 3, the definition of **Wrongful Act** is deleted
in its entirety and replaced with the following:

**Wrongful Act** means, for purposes of coverage under Insuring Clause 3, any error,
misstatement, misleading statement, act, omission, neglect, or breach of duty committed,
attempted, or allegedly committed or attempted by any **Insured Person** or **Organization** in
connection with a **Securities Transaction**.

b.    The following definitions are added:

**Securities Claim** means any **Claim** against an **Organization** for a **Wrongful Act**, including
any appeal therefrom, that is based upon, arises from or is in consequence of a **Securities
Transaction**.

**Securities Defense Costs** means that part of **Securities Loss** consisting of reasonable
costs, charges, fees (including but not limited to attorney's fees and experts' fees) and
expenses (other than regular or overtime wages, salaries or fees of the directors, officers or
employees of the **Organization**) incurred in defending or investigating **Securities Claims** and
the premium for appeal, attachment or similar bonds.

**Securities Loss** means any **Loss** on account of a **Securities Claim**, including **Securities
Defense Costs**.

**Securities Transaction** means the purchase or sale of, or offer to purchase or sell, any
securities issued by any **Organization**.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

    c.    The definition of **Insured Person** is amended by adding the following:
**Insured Person** also means:

        i.    for purposes of coverage under Insuring Clause 1 or 2, any past, present and future employee of the **Organization,** but only for **Wrongful Acts** committed, attempted, or allegedly committed or attempted in connection with a **Securities Transaction,** and

        ii.    for purposes of coverage under Insuring Clause 3, the **Organization.**

3.    The heading and first line of Section 4. are deleted in their entirety and replaced with the following:
Exclusions Applicable to All Insuring Clauses

    4.    The Company shall not be liable for **Loss** (including **Securities Loss**) on account of any **Claim** (or **Securities Claim**):

4.    Section 4., Exclusions Applicable to All Insuring Clauses, is amended by adding the following to paragraph c.:

    vi.    a **Securities Claim** that is brought by any **Insured Person** identified in Section 2.c.i. of this endorsement.

5.    The following Exclusions are added:
Exclusions Applicable to Insuring Clause 3

    5.A.    The Company shall not be liable under Insuring Clause 3 for **Securities Loss** on account of any **Securities Claim** made against any **Organization** based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by any past, present or future chief financial officer, president or chairman if a judgment or other final adjudication adverse to the **Organization** or to such chief financial officer, president or chairman establishes such a deliberately fraudulent act or omission or willful violation.

    5.B.    The Company shall not be liable under Insuring Clause 3 for that part of **Securities Loss,** other than **Securities Defense Costs:**

based upon, arising from, or in consequence of such **Organization,** or by any past or present chief financial officer, chief executive officer or chairperson of an **Organization,** having gained any profit, remuneration or other advantage to which any such individual or such **Organization** was not legally entitled, if a judgment or other final adjudication establishes the gaining of such a profit, remuneration or advantage.

6.    Section 7., Limit of Liability, Deductible and Coinsurance, is deleted in its entirety and replaced with the following:

Limit of Liability, Deductible and Coinsurance

    7.    All **Loss,** including **Securities Loss,** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts** of any **Insured Persons** shall be deemed one **Loss,** and such **Loss** shall be deemed to have originated in the earliest **Policy Period** in which a **Claim** or **Securities Claim** is first made against any **Insured Person** alleging any such **Wrongful Act** or **Interrelated Wrongful Acts.**

The Company's maximum liability for each **Loss,** whether covered under one or more Insuring Clauses, shall be the Limit of Liability for each **Loss** set forth in ITEM 2.(A) of the Declarations for this Policy. The Company's maximum aggregate liability for all **Loss** on account of all **Claims** first made during the same **Policy Period,** whether covered under one or more Insuring Clauses, shall be the Limit of Liability for each **Policy Period** set forth in ITEM 2.(B) of the Declarations for this Policy.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



The Company's liability under Insuring Clause 2 or Insuring Clause [enter the words Insuring Clause followed by clause number] shall apply only to that part of each **Loss**, including **Securities Loss**, which is in excess of the Deductible Amount set forth in ITEM 4.(C) of the Declarations for this Policy, and such Deductible Amount shall be borne by the **Organization** uninsured and at its own risk.

The maximum Deductible Amount applicable to a single **Loss**, including **Securities Loss**, which is covered under more than one Insuring Clause shall be the amount set forth in ITEM 4.(C) of the Declarations for this Policy.

With respect to all **Loss** (excess of the Deductible Amount) originating in any one **Policy Period**, the **Insured Persons** and the **Organization** shall bear uninsured and at their own risk that percent of all such **Loss** specified as the Coinsurance Percent in ITEM 3. of the Declarations, and the Company's liability hereunder shall apply only to the remaining percent of all such **Loss**.

The Limit of Liability available during the Extended Reporting Period, if exercised, shall be the remaining portion, if any, of the Aggregate Limit of Liability provided by the immediately preceding **Policy Period**.

7.   The first paragraph of Section 10., Allocation, is deleted in its entirety and replaced with the following:

In any Securities Claim:

a.   Except as specifically otherwise provided in (b.) below, the **Securities Loss** incurred shall be allocated as follows:

i.   with respect to the amount of **Securities Defense Costs** incurred, 100% of such amount shall be allocated as covered **Securities Loss**, with the remaining percentage of such amount not being insured under this Policy; and

ii.   with respect to the amount of **Securities Loss** incurred that does not constitute **Securities Defense Costs**, 100% of such amount shall be allocated as covered **Securities Loss**, with the remaining percentage of such amount not being insured under this Policy.

The agreed allocations set forth in (a.)(i) and (a.)(ii) above shall be final and binding on the **Insured Persons**, the **Organization** and the Company.

b.   If such **Securities Claim** includes both covered and uncovered matters, then the amount incurred by the **Insured Persons** and/or by the **Organization** in such **Securities Claim** shall be allocated between covered **Securities Loss** and uncovered loss based upon the relative legal exposures of the parties to the covered and the uncovered matters. There will be no coverage under this Policy for the portion of such amount that is so allocated to uncovered loss.

In any **Claim** other than a **Securities Claim**, if both **Loss** covered by this Policy and loss not covered by this Policy are incurred, either because a **Claim** made against the **Insured Person(s)** includes both covered and uncovered matters or because a **Claim** is made against both the **Insured Person(s)** and others (including the **Organization**), then the **Insured Persons**, the **Organization** and the Company shall allocate such amount between covered **Loss** and uncovered loss based upon the relative legal exposures of such parties to such matters. There will be no coverage under this Policy for the portion of such amount that is so allocated to uncovered loss.

8.   Section 8., Presumptive Indemnification, is deleted in its entirety and replaced with the following:

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

Presumptive Indemnification

8.    If the **Organization**:

    a.    fails or refuses, other than for reason of **Financial Impairment**, to indemnify the **Insured Person** for **Loss**; and

    b.    is permitted or required to indemnify the **Insured Person** for such **Loss** to the fullest extent permitted or required by law,

then, notwithstanding any other conditions, provisions or terms of this Policy to the contrary, any payment by the Company of such **Loss** shall be subject to i. the Insuring Clause 2 Deductible Amount set forth in ITEM 4.(C) of the Declarations for this Policy, and ii. all of the Exclusions of this Policy. For purposes of this Section 8., the shareholder and board of director resolutions of the **Organization** shall be deemed to provide indemnification for such **Loss** to the fullest extent permitted by common or statutory law.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 23

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

---

## AMEND INSURED VERSUS INSURED EXCLUSION ENDORSEMENT

It is agreed that subsection c of Section 4 of this Policy is deleted and replaced with the following:

c.    brought or maintained by or on behalf of any other **Insured Person** or the **Organization** except:

  i.    a **Claim** that is a derivative action brought or maintained on behalf of the **Organization** by one or more persons who are not **Insured Persons** and who bring and maintain the **Claim** without the solicitation, assistance or participation of any **Insured Person** (other than solicitation, assistance or participation for which Section 806 of the Sarbanes-Oxley Act of 2002, or any similar "whistleblower" protection provision of an applicable federal, state, local or foreign securities law, affords protection to such **Insured Person**) or the **Organization**,

  ii.    an **Employment Claim**, as defined in the Employment Practices Coverage Extension Endorsement to this Policy;

  iii.    a **Claim** brought or maintained by an **Insured Person** for contribution or indemnity, if the **Claim** directly results from another **Claim** covered under this Policy,

  iv.    a **Claim** brought by or maintained by an **Insured Person** who has not served in an **Insured Capacity** for at least four (4) years prior to the date such **Claim** is first made and who brings and maintains such **Claim** without any active assistance or participation of, or solicitation by, the **Organization** or any other **Insured Person** who is serving or has served in an **Insured Capacity** within such four (4) year period; or

  v.    a **Claim** brought against **Insured Persons** of any **Organization** by a bankruptcy trustee, receiver, liquidator, conservator, rehabilitator or similar official who has been appointed to take control of, supervise, manage or liquidate the **Parent Organization**.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____

**Authorized Representative**

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 24

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC, LLC

## MICHIGAN AMENDATORY ENDORSEMENT

It is agreed that:

1.  Section 3., Extended Reporting Period, is deleted in its entirety and replaced with the following:

    Extended Reporting Period

    3.  If this Policy is terminated for any reason other than nonpayment of premium or if the Company offers renewal terms and conditions less favorable to the **Insureds** than those in effect prior to renewal:

        a.  the **Parent Organization**, on behalf of the **Insured Persons** shall have the right, upon payment of the additional premium set forth in ITEM 6.(A) of the Declarations for this Policy (Extended Reporting Period) to an extension of the coverage granted by this policy for **Policy Period** set forth in ITEM 6.(B) of the Declarations for this Policy following the effective date of termination or nonrenewal, but only for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, prior to the effective date of termination or nonrenewal;

        b.  the **Company** shall advise the **Parent Organization** on behalf of the **Insured Persons** in writing of the availability of, premium for, and importance of purchasing an Extended Reporting Period.

        The right to the Extended Reporting Period shall lapse unless written notice of such election, together with payment of additional premium due, is received by the Company within sixty (60) days following the effective date of termination or nonrenewal.

        Any **Claim** made during the Extended Reporting Period shall be deemed to have been made during the immediately preceding **Policy Period**.

        If elected, the Extended Reporting Period cannot be cancelled by either the Company or the **Insureds** and the premium therefor shall be deemed fully earned at the inception of the Extended Reporting Period.

2.  Section 7., Limit of Liability, Deductible and Coinsurance, is amended as follows:

    a.  the following is added to the end of the first paragraph :

        A **Claim** is first made when the Company receives notice of such **Claim** from the **Insured Persons**, the **Organization**, or a third party; and

    b.  the second paragraph is deleted and replaced with the following:

        The Company's maximum liability for each **Loss**, whether covered under Insuring Clause 1 of Insuring Clause 2 or both, shall be the Limit of Liability for each **Loss** set forth in ITEM 2.(A) of the Declarations for this Policy. The Company's maximum aggregate liability for all **Loss** on account of all **Claims** first made during the same **Policy Period**, except the

Q07-212 (01/2007)          Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

Extended Reporting Period, whether covered under Insuring Clause 1 or Insuring Clause 2 or both, shall be the Limit of Liability set forth in ITEM 2.(B) of the Declarations for this Policy. The Company's maximum aggregate liability for all **Loss** on account of all **Claims** first made during the Extended Reporting Period, whether covered under Insuring Clause 1 or Insuring Clause 2 or both, shall be the Limit of Liability for the Extended Reporting Period set forth in ITEM 6.(C) of the Declarations for this Policy.

3.    ITEM 6. of the Declarations for this Policy, Extended Reporting Period, is amended by adding the following:

(C)   Limits of Liability:    $15,000,000

4.    This Policy provides a Limit of Liability equal to or greater than $5,000,000, as set forth in ITEM 2. of the Declarations.

5.    The Company shall provide the **Insureds** with the following information with respect to any **Claim** which is covered under this Policy: **Loss**, paid **Defense Costs**, and the balance remaining in the Limit of Liability for this Policy. Such information shall be provided on a quarterly basis.

6.    Section 12., Notice, is amended by adding the following:

Notice of **Claim** given to the Company as noted above or any authorized agent of the Company shall be deemed notice to the Company.

7.    Section 14., Other Insurance, is deleted in its entirety and replaced with the following:

Other Insurance

14.    If any **Loss** arising from any **Claim** made against any **Insured Persons** is insured under any other valid policy(ies), prior or current, then the Company shall not be liable under this Policy for a greater proportion of such **Loss** than would be payable if each insurer contributes an equal share until the share of each insurer equal to the lowest applicable limit of liability under any one policy or the full amount of the **Loss** is paid. With respect to any amount of **Loss** not so paid, the remaining insurers shall then continue to contribute equally to remaining amount of the **Loss** until each insurer has paid its limit of liability in full or the full amount of the **Loss** is paid, whichever occurs first.

8.    Section 25., Termination of Policy, is deleted in its entirety and replaced with the following:

Termination of Policy

25.    This policy shall terminate at the earliest of the following times:

a.    upon receipt by the Company or an authorized agent of the Company of notice of termination from the **Parent Organization,**

b.    upon expiration of the **Policy Period** as set forth in ITEM 2. of the Declarations of this Policy, or

c.    at such other time as may be agreed upon by the Company and the **Parent Organization.**

The Company shall refund the excess of paid premium above the pro rata rates if the Policy is terminated by the **Parent Organization.** Under any other circumstances the refund shall be computed pro rata. However, the minimum earned premium on any canceled policy shall not be less than the greater of $25.00 or the pro rata premium.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



CHUBB

The mailing of any notice of cancellation shall be prima facie proof of notice. Delivery of written notice shall be equivalent to mailing.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 25

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

---

### AMEND SECTION 5 EXCLUSIONS ENDORSEMENT

It is agreed that Section 5., Exclusions Applicable Only to Insuring Clause 1, is deleted in its entirety and
replaced with the following:

*Additional Exclusions Applicable to Insuring Clauses 1 and 2*

5.      The Company shall not be liable for **Loss** on account of any **Claim** made against any
        **Insured Person**:

   a.      based upon, arising from, or in consequence of any dishonest, deliberately criminal
           or deliberately fraudulent act or omission or any willful violation of any statute or
           regulation by such **Insured Person**; provided, however, that this Exclusion 5.a shall
           not apply unless a judgment or other final adjudication establishes that such **Claim**
           was brought about or contributed to by such a dishonest, deliberately criminal or
           deliberately fraudulent act or omission or willful violation of any statute or regulation
           by the **Insured Person**; or

   b.      based upon, arising from, or in consequence of such **Insured Person** having gained
           in fact any personal profit, remuneration or advantage to which such **Insured Person**
           was not legally entitled; provided, however, that this Exclusion 5.b shall not apply
           unless a judgment or other final adjudication establishes that such **Claim** was
           brought about or contributed to by such **Insured Person** having gained any personal
           profit, remuneration or advantage to which such  **Insured Person** was not legally
           entitled.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_

_____

Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 26

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

## EMPLOYMENT PRACTICES COVERAGE EXTENSION ENDORSEMENT

It is agreed that:

1.  For the purposes of **Employment Claims** only, Section 27., Definitions, **Insured Person** is amended by adding the following:

    **Insured Person** also means any employee of the **Organization**.

2.  The following definition is added to Section 27., Definitions:

    **Employment Claim** means a **Claim** which is brought and maintained by or on behalf of any past, present or prospective employees of the **Organization** against any **Insured Person** for any **Wrongful Act** in connection with any actual or alleged wrongful dismissal, discharge or termination of employment, breach of any oral or written employment contract or quasi-employment contract, employment related misrepresentation, violation of employment discrimination laws (including workplace harassment), wrongful failure to employ or promote, wrongful discipline, wrongful deprivation of a career opportunity, failure to grant tenure, negligent evaluation, invasion of privacy, retaliation, employment related defamation or employment related wrongful infliction of emotional distress.

3.  Section 4., Exclusions Applicable to Insuring Clauses 1 and 2, is amended by deleting subsections d. and g. in their entirety and replacing them with the following:

    d.  for an actual or alleged violation of the responsibilities, obligations or duties imposed by the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, (except the Equal Pay Act), The Worker Adjustment and Retraining Notification Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Occupations Safety and Health Act, rules or regulations promulgated thereunder and amendments thereto or similar provisions of any federal, state or local statutory law or common law;

    g.  for defamation, libel, slander, wrongful entry, eviction, false arrest, false imprisonment, malicious prosecution, assault or battery; provided, however, this exclusion shall not apply to **Employment Claims**.

4.  Section 4., Exclusions Applicable to Insuring Clauses 1 and 2, is amended by adding the following:

    h.  based upon, arising from, or in consequence of any demand, suit or other proceeding pending, or order, decree or judgment entered against any **Insured Person** or the **Organization** on or prior to November 30, 2006, or the same or any substantially similar fact, circumstance or situation underlying or alleged therein; provided, however, this exclusion shall apply only to **Employment Claims**.

Q07-219 (01/2007)                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____

Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement: November 30, 2007

Company:  Federal Insurance Company

Endorsement No. 27

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

AMEND SECTION 16., ACQUISITION OF PARENT ORGANIZATION BY ANOTHER ORGANIZATION,
ENDORSEMENT

In consideration of the premium charged, it is agreed that Section 16. of this policy is deleted and replaced with the
following:

16.    If i. the **Parent Organization** merges into or consolidates with another organization, or ii. another
organization or person or group of organizations and/or persons acting in concert acquires securities
or voting rights which result in ownership or voting control by the other organization(s) or person(s) of
more than 50% of the outstanding securities representing the present right to vote for the election of
directors of the **Parent Organization**, or iii. the **Organization** completely ceases to actively engage
in its primary business ("cessation"), or iv. upon the **Financial Impairment** of the **Parent
Organization**, coverage under this Policy shall continue until termination of this Policy, but only with
respect to **Claims** for **Wrongful Acts** committed, attempted, or allegedly committed or attempted, by
**Insured Persons** prior to such merger, consolidation, acquisition, cessation or **Financial
Impairment**. The **Parent Organization** shall give written notice of such merger, consolidation,
acquisition or cessation to the Company as soon as practicable together with such information as the
Company may require. The full annual premium for the **Policy Period** shall be deemed fully earned
immediately upon the occurrence of any event outlined in items i. through iv. above.

The title and any headings in this endorsement are solely for convenience and form no part of the terms and
conditions of coverage.



Q07-3032 (12/2007)                    Page 1

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**

All other terms, conditions and limitations of this policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**



### ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 28

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC, LLC

### AMEND DEFINITION OF CLAIM ENDORSEMENT

In consideration of the premium charged, it is agreed that the definition of **Claim** in Section 27., Definitions, is deleted and replaced with the following:

**Claim** means:

(a)    a written demand for monetary damages or non-monetary relief;

(b)    a civil proceeding commenced by the service of a complaint or similar pleading;

(c)    a formal civil administrative or civil regulatory proceeding commenced by the filing of a notice of charges or similar document or by the entry of a formal order of investigation or similar document;

(d)    a criminal proceeding commenced by the return of an indictment; or

(e)    an arbitration or mediation proceeding commenced by receipt of a demand for arbitration, demand for mediation or similar document,

against an **Insured Person** for a **Wrongful Act**, including any appeal therefrom; or

(f)   a civil, criminal or regulatory investigation of an **Insured Person** for a **Wrongful Act** where:

    (i)    such **Insured Person** is specifically identified in writing by the investigating authority as a person against whom a proceeding described in paragraph (b) (c) or (d) above may be commenced; or

    (ii)    solely with respect to an investigation of an **Insured Person** by the Securities and Exchange Commission ("SEC"), such **Insured Person** has received a Wells Notice or has received a subpoena and is otherwise specifically identified in writing by the SEC as a person against whom enforcement proceedings may be commenced;

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_

Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408


CHUBB

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 29

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC, LLC

**OUTSIDE DIRECTORSHIP LIABILITY EXTENSION ENDORSEMENT**

It is agreed that:

1.  For the purposes of this endorsement only and coverage provided hereunder, Section 27., Definitions, **Insured Person** is amended by adding the following:

    **Insured Person** also means any elected or appointed officer or employee of the **Organization** in any **Outside Directorship**.

2.  The following definitions are added to Section 27., Definitions:

    **Outside Directorship** means the position of director, officer, trustee, governor, or equivalent executive position with an **Outside Entity** if service by an **Insured Person** in such position was at the specific request of the **Organization** or was part of the duties regularly assigned to the **Insured Person** by the **Organization**.

    **Outside Entity** means:

    a.    any non-profit corporation, community chest, fund organization or foundation exempt from federal income tax as any organization described in Section 501(c) (3),Internal Revenue Code of 1986, as amended and any of the following organizations:

| Outside Entity | Insured Person |
|----------------|----------------|
| N/A            | N/A            |

    or

    b.    any organization which is not otherwise included in paragraph a.

3.  Coverage provided to any **Insured Person** in an **Outside Directorship** shall:

    a.    not extend to the **Outside Entity** or to any director, officer, trustee, governor or any other equivalent executive or employee of the **Outside Entity**, other than the **Insured Person** serving in the **Outside Directorship**;

    b.    only extend to those **Outside Entities** and corresponding **Insured Persons** listed in item 2. above;

    c.    with respect to an **Outside Entity** described in subparagraph a. in the definition of **Outside Entity**, be specifically excess of any indemnity (other than any indemnity provided by the **Organization**) or insurance available to such **Insured Person** by reason of serving in the **Outside Directorship**;

Q07-319 (02/2007)                    Page 1

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**

d.  with respect to an **Outside Entity** described in subparagraph b. in the definition of **Outside Entity**, be specifically excess of any indemnity (including any indemnity provided by the **Organization**) or insurance available to such **Insured Person** by reason of serving in the **Outside Directorship**;

e.  not extend to **Loss** on account of any **Claim** made against any **Insured Person** for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by such **Insured Person** while serving in the **Outside Directorship** if such **Wrongful Act** is committed, attempted, or allegedly committed or attempted, after the date:

    i.  such **Insured Person** ceases to be an officer of the **Organization**, or

    ii.  service by such **Insured Person** in the **Outside Directorship** ceases to be at the specific request of the **Organization** or a part of the duties regularly assigned to the **Insured Person** by the **Organization**;

f.  not extend to **Loss** on account of any **Claim** made against any **Insured Person** for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by such **Insured Person** while serving in the **Outside Directorship** where such **Claim** is:

    i.  by the **Outside Entity**, or

    ii.  by any affiliate of the **Outside Entity**, or

    iii.  on behalf of the **Outside Entity** and a director, officer, trustee, governor or equivalent executive of the **Outside Entity** instigates such **Claim**, or

    iv.  by any director, officer, trustee, governor or equivalent executive of the **Outside Entity**.

4.  Section 7., Limit of Liability, Deductible and Coinsurance, is amended by adding the following:

If any **Loss** arising from any **Claim** made against any **Insured Person** in their capacity as an **Outside Directorship** is:

(a)  insured under any other valid policy(ies) (the "Other Policy(ies)") issued by a parent, subsidiary or affiliate of the Company (hereinafter also referred to as the "Company"); and

(b)  also covered under this Policy,

then the Company's maximum liability for all **Loss** on account of such **Claim** under this Policy and the Other Policy(ies), combined, shall be $35,000,000; provided that in no event shall the Company's maximum liability for all **Loss** on account of such **Claim** under this Policy exceed the Limit of Liability set forth in Item 2(A) of the Declarations for this Policy.

Nothing in this endorsement shall be construed to increase the Company's maximum aggregate liability for all **Loss** on account of all **Claims** for each **Policy Period** set forth in Item 2(B) of the Declarations for this Policy.

5.  Section 4., Exclusions Applicable to Insuring Clauses 1 and 2, is amended by adding the following:

    i.  based upon, arising from, or in consequence of any **Wrongful Acts** of any **Insured Person** serving as director, officer, trustee, regent or governor of the **Outside Entity** arising out of their service as fiduciary (including fiduciary as defined in the Employee Retirement Income Security Act of 1974 and amendments thereto or similar provisions of any federal, state or local statute or common law), for any pension or welfare plan(s); or

    j.  based upon, arising from, or in consequence of:

        i.  any litigation, arbitration, claim, demand, cause of action, equitable, legal or quasi-legal proceeding, decree or judgment (collectively referred to as **litigation**) against the **Outside Entity** occurring prior to, or pending as of November 30,

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**



2006, of which the **Outside Entity** or the director, officer, trustee, regent, or governor of the **Outside Entity** have received notice or otherwise had knowledge as of such date; or

ii.    any subsequent **litigation** arising from, or based on the same or substantially the same matters alleged in the prior or pending **litigation** included in i. above; or

iii.    any **Wrongful Act** of the **Outside Entity**, or the directors, officers, trustees, regents, or governors or the **Outside Entity**, which gave rise to such prior or pending **litigation** included in i. above; or

k.    based upon, arising from, or in consequence of any **Wrongful Act** which occurred prior to the date coverage was granted for the **Insured Person**, or any **Wrongful Act** occurring subsequent to the date coverage was granted for the **Insured Person** which, together with a **Wrongful Act** occurring prior to such date, constitute **Interrelated Wrongful Acts**; or

l.    based upon, arising from, or in consequence of any **Claim** brought by or at the behest of any individual(s) and/or corporation that owns, beneficially or directly, ten percent (10%) or more of any class of outstanding stock of the **Outside Entity**; or

m.    based upon, arising from, or in consequence of any service by any **Insured Person** who was an elected or appointed public, governmental or quasi-governmental official.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**




**CHUBB**

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 30

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC, LLC

ORDER OF PAYMENTS ENDORSEMENT

In consideration of the premium charged, it is agreed that:

In the event of **Loss** arising from any **Claim(s)** for which payment is due under the provisions of this Policy but which **Loss**, in the aggregate, exceeds the remaining available Limit of Liability of this Policy, the Company shall, upon the specific written request of the Chief Executive Officer or the Chief Financial Officer of the **Parent Organization**, acting on the authorization granted by a majority of the Board of Managers:

a.      first pay such **Loss** to the duly elected or appointed independent members of the board of managers of the **Parent Organization** for which coverage is provided under Insuring Clause 1 of this Policy; and

b.      then, with respect to whatever amount of the Limit of Liability remains available after payment pursuant to 1.a above, (if applicable) pay such **Loss** to the duly elected or appointed  independent members of the board of managers of Residential Capital LLC (ResCap) for which coverage is provided under Insuring Clause 1 of this Policy; and

c.      then, with respect to whatever amount of the Limit of Liability remains available after payment pursuant to 1. a and b above, upon the specific written request of the Chief Executive Officer or the Chief Financial Officer of the **Parent Organization**, acting on the authorization granted by a majority of the Board of Managers of the **Parent Organization,** either pay or withhold payment of such **Loss** for which coverage is provided by any other Insuring Clause of this Policy.

If the Company withholds payment pursuant 1.c above pursuant to such a written request, the Company shall thereafter, upon receiving the subsequent written instructions by the Chief Executive Officer or the Chief Financial Officer of the **Parent Organization**, acting on the authorization granted by a majority of the Board of Managers of the **Parent Organization**, either release such **Loss** payment to the **Parent Organization** or, if the **Parent Organization** specifically so directs, make such **Loss** payment directly to or on behalf of an **Insured Person.**

The bankruptcy or insolvency of the **Parent Organization** shall not relieve the Company of any of its obligations to prioritize payment of covered **Loss** under this Policy pursuant to this Order of Payments endorsement

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



CHUBB

Effective date of
this endorsement:  November 30, 2008

**Federal Insurance Company**

Endorsement No.:  31

To be attached to and form a part of Policy
Number:              8207-6455

Issued to:  GMAC LLC

### EXTENSION OF POLICY PERIOD ENDORSEMENT

It is agreed that:

1.      ITEM 5. of the Declarations, **Policy Period**, is deleted in its entirety and replaced with the following:

ITEM 5.        **Policy Period:** from:    12:01 a.m. on    November 30, 2007
                                        to:      12:01 a.m. on    December 15, 2008
                                        Local time at the address shown in ITEM 1.

2.      The Aggregate Limit of Liability set forth in ITEM 2.(B) of the Declarations and provided during the period from November 30, 2008 to December 15, 2008 shall be the remaining portion, if any, of the Aggregate Limit of Liability for the period from November 30, 2007 to November 30, 2008.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  December 4, 2008                                    By _____
                                                                    Authorized Representative

D&O Policy
Form 17-02-2528 (Ed. 02-04)                                                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: February 28, 2008

Federal Insurance Company

Endorsement/Rider No. 32

To be attached to and
form a part of Policy No. 8207-6455

Issued to: GMAC LLC

---

### EXCESS PROVISION AND DIFFERENCE IN TERMS/CONDITIONS ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)    **Difference in Limits**

The Company shall pay, where permitted by law, that part of **Loss** which exceeds the applicable Limit of Liability of either **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** if either such Limit of Liability is exhausted by the payment of **Loss**. Any coverage provided under this Policy in excess of either **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** shall be provided pursuant to the terms, conditions and exclusions of this Policy.

The Company's payment of **Loss**, which exceeds the applicable Limit of Liability of either **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance**, including any deductible, retention or self-insurance applicable to such insurance, is provided only to the extent that the Limits of Liability of this Policy have not been exhausted by payments made under such **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** or otherwise exhausted by the payment of **Loss**.

This section (1) does not apply to any part of:

(i)    **Loss** within the Limit of Liability of **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** or any other insurance purchased to be specifically excess of the **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance**, regardless of whether or not such **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** or insurance purchased to be specifically excess of the **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** is available or collectible; or

(ii)    **Loss**, unless **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** would have applied to such **Loss** but for the exhaustion of the Limit of Liability of such **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** or any other insurance purchased to be specifically excess of the **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** by payment of **Loss**.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

(2)  **Difference In Conditions**

The Company shall pay that part of **Loss**, where permitted by law, to the extent that **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance,** by its terms and conditions, does not apply. Any coverage afforded under this Policy, pursuant to this section (2), does not apply to any part of **Loss** to which **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance,** by its terms and conditions, would apply, regardless of whether or not: (i) **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** is available or collectible; or (ii) the applicable limits of liability of **Controlled Admitted Insurance** or **Independently Contracted Admitted Insurance** have been exhausted.

(3)  In the event any insurer of **Controlled Admitted Insurance,** for reasons of financial impairment or insolvency, is unable to pay for any **Loss** which would otherwise be covered under **Controlled Admitted Insurance,** coverage shall be provided, where permitted by law, for such **Loss** under this Policy, to the extent this Policy by its terms and conditions would afford coverage for such **Loss.**

(4)  Subsection 27., Definitions, of this Policy is amended by adding the following definitions:

**Admitted Insurance** means a contract of insurance that is issued by an insurer licensed or permitted by law to do business in the jurisdiction where the exposure to **Loss** is located and issued to an **Organization** (other than the **Parent Organization**) covering such **Organization's** interests.

**Admitted Insurance** does not include any contract of insurance specifically obtained to apply in excess of any Limit of Liability shown in the Declarations of this Policy.

**Authorized Correspondent** means any privately controlled insurer, other than a member company of the Chubb Group of Insurance Companies, that the Company indicates is its correspondent, but only for each specific insurance transaction authorized by the Company.

**Controlled Admitted Insurance** means any **Admitted Insurance** that the Company, another member company of the Chubb Group of Insurance Companies or any **Authorized Correspondent** issue to an **Organization;**

**Controlled Admitted Insurance** also includes **Admitted Insurance** issued to an **Organization** that:

    (i)    the Company, another member company of the Chubb Group of Insurance Companies or any **Authorized Correspondent** provides as coinsurer; or

    (ii)    any Government controlled insurer provides as coinsurer with the Company, with another member company of the Chubb Group of Insurance Companies or with any **Authorized Correspondent.**

**Independently Contracted Admitted Insurance** means any **Admitted Insurance:**

    (i)    issued by any privately controlled insurer, other than the Company, another member company of the Chubb Group of Insurance Companies or any **Authorized Correspondent;**

    (ii)    issued by any Government controlled insurer or reinsurer, except when such insurance is **Controlled Admitted Insurance;** or

    (iii)    that is not otherwise **Controlled Admitted Insurance.**

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408



**CHUBB**

**Non-Admitted Jurisdiction** means any jurisdiction where the Company is not licensed or permitted by law to issue insurance or is prevented by law or otherwise from investigating, settling or defending a **Claim**.

(5)     Any payment of **Loss**, under this Policy or any **Controlled Admitted Insurance** shall reduce the amount of the applicable aggregate Limit of Liability of this Policy.

Payment of any retention, deductible or self insurance applicable to any **Loss** under any **Controlled Admitted Insurance** shall reduce the applicable retention, deductible or self insurance applicable to this Policy.

(6)     With respect to any **Loss** to which this coverage section applies that arises in a **Non-Admitted Jurisdiction**, the **Parent Organization** or any other **Insured** must:

    (i)     make such investigation, defense or settlement as the Company deems reasonable;
    (ii)    obtain the Company's approval for any payment; and
    (iii)   effect any approved payments to others.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_Robert Hamburger_
_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:   33

To be attached to and form a part of Policy
Number:            8207-6455

Issued to:   GMAC LLC

---

### DELETE AN ENDORSEMENT

It is agreed that Endorsement Number(s) 9, 17, 22, 27, and 29 are deleted in their entirety.

39   37  38  40        41

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  March 31, 2009                                    By _Robert Hamburger_
                                                            Authorized Representative

General Use
Form 17-02-5542 (Ed. 9-03)                                        Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007       Federal Insurance Company

                                                Endorsement/Rider No. 34

                                                To be attached to and
                                                form a part of Policy No. 8207-6455

Issued to:  GMAC LLC

---

PUBLIC OFFERING ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)     The Company shall not assert that the portion of any **Securities Claim** (as such term is defined
        in Endorsement 22, "Entity Coverage for Securities Claims") settlement attributable to alleged
        violations of Section 11 or Section 12 of the Securities Act of 1933 as amended constitutes
        disgorgement, restitution or the return of ill-gotten gain subject to item iv. of the definition of **Loss**
        set forth in Section 27 of this Policy, absent a final judgment or other final adjudication by a court,
        a final determination of a regulatory, administrative or other governmental body, or a written
        admission in such settlement by an **Insured Person**.

(2)     The Company shall not seek an allocation in a **Securities Claim** of **Defense Costs** attributable to
        alleged violations of Section 11 or Section 12 of the Securities Act of 1933 as amended.


The title and any headings in this endorsement/rider are solely for convenience and form no part of the
terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.


_Robert Hamburger_

---

Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

Effective date of
this endorsement:  November 30, 2007

**Federal Insurance Company**

Endorsement No.:  35

To be attached to and form a part of Policy
Number:                 8207-6455

Issued to:  GMAC LLC

---

**AMENDED DECLARATIONS - PARENT ORGANIZATION ENDORSEMENT**

It is agreed that ITEM 1. of the Declarations, **Parent Organization**, is deleted in its entirety and replaced
with the following:

ITEM 1.    **Parent Organization** (Name and Address):

GMAC LLC
200 Renaissance Center
Detroit, MI 48265
Mail Code: 482-B08-D41

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  March 31, 2009                                    By _____
                                                              Authorized Representative

D&O Policy
Form 17-02-1178 (Ed. 10-94)                                                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**

Effective date of
this endorsement:   November 30, 2007

**Federal Insurance Company**

Endorsement No.:   36

To be attached to and form a part of Policy
Number:                 8207-6455

Issued to:   GMAC LLC

---

### AMENDED DEFINITION OF ORGANIZATION ENDORSEMENT

It is agreed that Section 27., Definitions, is amended by deleting the definition of **Organization** in its
entirety and replacing it with the following:

**Organization** shall mean the **Parent Organization** and/or any **Subsidiary** and/or any of the following
entities:

GMACI Holdings LLC and its Subsidiaries

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

Date:  March 31, 2009                                    By  _____
                                                                        Authorized Representative

D&O Policy
Form 17-02-2739 (Ed. 6-01)                                                                Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No.:37

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC LLC

---

AMENDED REPORTING AND NOTICE ENDORSEMENT

In consideration of the premium charged, it is agreed that the first paragraph of Section 11., Reporting and Notice, of this Policy is deleted and replaced with the following:

a.    The **Insured** shall, as a condition precedent to exercising any right to coverage under this Policy, give to the Company or any authorized agent of the Company within the State of Michigan written notice of any **Claim** as soon as practicable, but in no event later than the earliest of the following dates:

(1)    ninety (90) days after the date on which any member of the Risk Management Department or General Counsel Department of the **Parent Organization** first becomes aware that the **Claim** has been made;

(2)    sixty (60) days after the effective date of expiration or termination, if this Policy expires (or is otherwise terminated) without being renewed and if no Extended Reporting Period is purchased; or

(3)    the expiration date of the Extended Reporting Period, if purchased;

provided that if the Company sends written notice to the **Insured**, at any time before the date set forth in Subsection 11a(1) with respect to any **Claim**, stating that this Policy is being terminated for nonpayment of premium, the **Insured** shall give to the Company written notice of such **Claim** prior to the effective date of such termination.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007          Federal Insurance Company

                                                   Endorsement/Rider No. 38

                                                   To be attached to and
                                                   form a part of Policy No. 8207-6455

Issued to:  GMAC LLC

---

ENTITY COVERAGE FOR SECURITIES CLAIMS ENDORSEMENT

It is agreed that

1.   This Policy is amended by adding the following Insuring Clause:

     Insuring Clause 3
     Organization Coverage

     The Company shall pay on behalf of any **Organization** all **Securities Loss** for which it becomes
     legally obligated to pay on account of any **Securities Claim** first made against it during the **Policy
     Period** or, if exercised, during the Extended Reporting Period, for a **Wrongful Act** by any **Insured
     Person** or the **Organization** before or during the **Policy Period**.

2.   Section 27., Definitions, is amended as follows:

     a.   Only as respects coverage under Insuring Clause 3, the definition of **Wrongful Act** is deleted
          in its entirety and replaced with the following:

          **Wrongful Act** means, for purposes of coverage under Insuring Clause 3, any error,
          misstatement, misleading statement, act, omission, neglect, or breach of duty committed,
          attempted, or allegedly committed or attempted by any **Insured Person** or **Organization** in
          connection with a **Securities Transaction**.

     b.   The following definitions are added:

          **Securities Claim** means any **Claim** against an **Organization** for a **Wrongful Act**, including
          any appeal therefrom, that is based upon, arises from or is in consequence of a **Securities
          Transaction**.

          **Securities Defense Costs** means that part of **Securities Loss** consisting of reasonable
          costs, charges, fees (including but not limited to attorney's fees and experts' fees) and
          expenses (other than regular or overtime wages, salaries or fees of the directors, officers or
          employees of the **Organization**) incurred in defending or investigating **Securities Claims** and
          the premium for appeal, attachment or similar bonds.

          **Securities Loss** means any **Loss** on account of a **Securities Claim**, including **Securities
          Defense Costs**.

          **Securities Transaction** means the purchase or sale of, or offer to purchase or sell, any
          securities issued by any **Organization**.

Q07-210 (03/2009)                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

    c.    The definition of **Insured Person** is amended by adding the following:
**Insured Person** also means:

        i.    for purposes of coverage under Insuring Clause 1 or 2, any past, present and future employee of the **Organization,** but only for **Wrongful Acts** committed, attempted, or allegedly committed or attempted in connection with a **Securities Transaction**, and

        ii.    for purposes of coverage under Insuring Clause 3, the **Organization.**

3.    The heading and first line of Section 4. are deleted in their entirety and replaced with the following:
Exclusions Applicable to All Insuring Clauses

    4.    The Company shall not be liable for **Loss** (including **Securities Loss**) on account of any **Claim** (or **Securities Claim**):

4.    Paragraph c. of Section 4., Exclusions Applicable to All Insuring Clauses, is amended to also not apply to a **Securities Claim** that is brought by any **Insured Person** identified in Section 2.c.i. of this endorsement.

5.    The following Exclusions are added:
Exclusions Applicable to Insuring Clause 3

    5.A.    The Company shall not be liable under Insuring Clause 3 for **Securities Loss** on account of any **Securities Claim** made against any **Organization** based upon, arising from, or in consequence of any deliberately fraudulent act or omission or any willful violation of any statute or regulation by any past, present or future chief financial officer, president or chairman if a judgment or other final adjudication adverse to the **Organization** or to such chief financial officer, president or chairman establishes such a deliberately fraudulent act or omission or willful violation.

    5.B.    The Company shall not be liable under Insuring Clause 3 for that part of **Securities Loss**, other than **Securities Defense Costs**:

        based upon, arising from, or in consequence of such **Organization**, or by any past or present chief financial officer, chief executive officer or chairperson of an **Organization**, having gained any profit, remuneration or other advantage to which any such individual or such **Organization** was not legally entitled, if a judgment or other final adjudication establishes the gaining of such a profit, remuneration or advantage.

6.    Section 7., Limit of Liability, Deductible and Coinsurance, is deleted in its entirety and replaced with the following:

Limit of Liability, Deductible and Coinsurance

    7.    All **Loss,** including **Securities Loss,** arising out of the same **Wrongful Act** and all **Interrelated Wrongful Acts** of any **Insured Persons** shall be deemed one **Loss,** and such **Loss** shall be deemed to have originated in the earliest **Policy Period** in which a **Claim** or **Securities Claim** is first made against any **Insured Person** alleging any such **Wrongful Act** or **Interrelated Wrongful Acts.**

        The Company's maximum liability for each **Loss**, whether covered under one or more Insuring Clauses, shall be the Limit of Liability for each **Loss** set forth in ITEM 2.(A) of the Declarations for this Policy. The Company's maximum aggregate liability for all **Loss** on account of all **Claims** first made during the same **Policy Period,** whether covered under one or more Insuring Clauses, shall be the Limit of Liability for each **Policy Period** set forth in ITEM 2.(B) of the Declarations for this Policy.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

The Company's liability under Insuring Clause 2 or Insuring Clause 3 shall apply only to that part of each **Loss**, including **Securities Loss**, which is excess of the Deductible Amount set forth in ITEM 4.(C) of the Declarations for this Policy, and such Deductible Amount shall be borne by the **Organization** uninsured and at its own risk.

The maximum Deductible Amount applicable to a single **Loss**, including **Securities Loss**, which is covered under more than one Insuring Clause shall be the amount set forth in ITEM 4.(C) of the Declarations for this Policy.

With respect to all **Loss** (excess of the Deductible Amount) originating in any one **Policy Period**, the **Insured Persons** and the **Organization** shall bear uninsured and at their own risk that percent of all such **Loss** specified as the Coinsurance Percent in ITEM 3. of the Declarations, and the Company's liability hereunder shall apply only to the remaining percent of all such **Loss**.

The Limit of Liability available during the Extended Reporting Period, if exercised, shall be the remaining portion, if any, of the Aggregate Limit of Liability provided by the immediately preceding **Policy Period**.

7.   The first paragraph of Section 10., Allocation, is deleted in its entirety and replaced with the following:

In any **Securities Claim**:

a.   Except as specifically otherwise provided in (b.) below, the **Securities Loss** incurred shall be allocated as follows:

i.    with respect to the amount of **Securities Defense Costs** incurred, 100% of such amount shall be allocated as covered **Securities Loss**, with the remaining percentage of such amount not being insured under this Policy; and

ii.   with respect to the amount of **Securities Loss** incurred that does not constitute **Securities Defense Costs**, 100% of such amount shall be allocated as covered **Securities Loss**, with the remaining percentage of such amount not being insured under this Policy.

The agreed allocations set forth in (a.)(i) and (a.)(ii) above shall be final and binding on the **Insured Persons**, the **Organization** and the Company.

b.   If such **Securities Claim** includes both covered and uncovered matters, then the amount incurred by the **Insured Persons** and/or by the **Organization** in such **Securities Claim** shall be allocated between covered **Securities Loss** and uncovered loss based upon the relative legal exposures of the parties to the covered and the uncovered matters. There will be no coverage under this Policy for the portion of such amount that is so allocated to uncovered loss.

In any **Claim** other than a **Securities Claim**, if both **Loss** covered by this Policy and loss not covered by this Policy are incurred, either because a **Claim** made against the **Insured Person(s)** includes both covered and uncovered matters or because a **Claim** is made against both the **Insured Person(s)** and others (including the **Organization**), then the **Insured Persons**, the **Organization** and the Company shall allocate such amount between covered **Loss** and uncovered loss based upon the relative legal exposures of such parties to such matters. There will be no coverage under this Policy for the portion of such amount that is so allocated to uncovered loss.

8.   Section 8., Presumptive Indemnification, is deleted in its entirety and replaced with the following:

Presumptive Indemnification

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

8.    If the **Organization**:

a.    fails or refuses, other than for reason of **Financial Impairment**, to indemnify the **Insured Person** for **Loss**; and

b.    is permitted or required to indemnify the **Insured Person** for such **Loss** to the fullest extent permitted or required by law,

then, notwithstanding any other conditions, provisions or terms of this Policy to the contrary, any payment by the Company of such **Loss** shall be subject to i. the Insuring Clause 2 Deductible Amount set forth in ITEM 4.(C) of the Declarations for this Policy, and ii. all of the Exclusions of this Policy. For purposes of this Section 8., the shareholder and board of director resolutions of the **Organization** shall be deemed to provide indemnification for such **Loss** to the fullest extent permitted by common or statutory law.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 39

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC LLC

AMEND DEFINITION OF INSURED PERSON – FOREIGN EQUIVALENT ENDORSEMENT

It is agreed that the definition of **Insured Person** of Section 27., Definitions, is amended to include the
following:

**Insured Person** means any past, present or future duly elected director or duly elected or appointed
officer or trustee of the **Organization** or any equivalent position, as described in this definition, in any
other jurisdiction anywhere in the world.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and
conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

*Robert Hamburger*

_____
Authorized Representative

Q07-2424 (10/2007)

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 40

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC LLC

---

AMEND SECTION 16., ACQUISITION OF PARENT ORGANIZATION BY ANOTHER ORGANIZATION,
ENDORSEMENT

In consideration of the premium charged, it is agreed that Section 16. of this policy is deleted and replaced with the following:

16.    If i. the **Parent Organization** merges into or consolidates with another organization, or ii. another organization or person or group of organizations and/or persons acting in concert acquires securities or voting rights which result in ownership or voting control by the other organization(s) or person(s) of more than 50% of the outstanding securities representing the present right to vote for the election of directors of the **Parent Organization**, or iii. the **Organization** completely ceases to actively engage in its primary business ("cessation"), or iv. upon the **Financial Impairment** (other than bankruptcy) of the **Parent Organization**, coverage under this Policy shall continue until termination of this Policy, but only with respect to **Claims** for **Wrongful Acts** committed, attempted, or allegedly committed or attempted, by **Insured Persons** prior to such merger, consolidation, acquisition, cessation or **Financial Impairment**. The **Parent Organization** shall give written notice of such merger, consolidation, acquisition or cessation to the Company as soon as practicable together with such information as the Company may require. The full annual premium for the **Policy Period** shall be deemed fully earned immediately upon the occurrence of any event outlined in items i. through iv. above.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

*Robert Hamburger*

_____
Authorized Representative

Q07-3032 (08/2008) rev.                    Page 1

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

ENDORSEMENT/RIDER

Effective date of
this endorsement/rider: November 30, 2007

Federal Insurance Company

Endorsement/Rider No. 41

To be attached to and
form a part of Policy No. 8207-6455

Issued to:  GMAC LLC

OUTSIDE DIRECTORSHIP LIABILITY EXTENSION ENDORSEMENT

In consideration of the premium charged, it is agreed that:

1.   Section 27., Definitions, is amended by deleting the definition of **Insured Capacity** and replacing it with the following:

**Insured Capacity** means the **Insured Person's** position or capacity that causes him or her to meet the definition of **Insured Person** set forth in this policy.  **Insured Capacity** shall include an **Outside Directorship**.  Except as specifically provided for an **Outside Directorship**, **Insured Capacity** does not include any position or capacity held by an **Insured Person** in any organization other than the **Organization**, even if the **Organization** directed or requested the **Insured Person** to serve in such position or capacity in such other organization.

2.   Section 27., Definitions, is amended by adding the following definitions:

**Outside Directorship** means the position of director, officer, trustee, governor, or equivalent executive position with an **Outside Entity** if service by an **Insured Person** in such position was at the specific request of the **Organization** or was part of the duties regularly assigned to the **Insured Person** by the **Organization**.

**Outside Entity** means:

a.   any non-profit entity, community chest, fund or foundation;

b.   any of the following organizations; provided that any such organization listed below shall only be deemed an **Outside Entity** while the **Insured Person(s)** listed alongside such organization(s) was/were serving in an **Outside Directorship** with such organization with the knowledge and consent of the General Counsel of the **Organization**:

| Outside Entity | Insured Person |
| --- | --- |
| Route One LLC | Whomever sits on the board, does so at the request of GMAC |
| Capmark | Whomever sits on the board, does so at the request of GMAC |
| Global Fund for Children | Whomever sits on the board, does so at the request of GMAC |
| American Financial Services Association | Whomever sits on the board, does so at the request of GMAC |

Q09-541 (03/2009)                    Page 1

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

| The Detroit Chapter of Internal Auditors | Whomever sits on the board, does so at the request of GMAC |
| American Well Informed on automobile Retailing Economics | Whomever sits on the board, does so at the request of GMAC |
| Holy Cross Ministries | Whomever sits on the board, does so at the request of GMAC |
| PCIAA-Property Casualty Insurance Association of America | Whomever sits on the board, does so at the request of GMAC |

c.  any entity that operates for a profit and has not issued or offered any securities other than securities that are exempt from registration under the Securities Act of 1933, the Securities Exchange Act of 1934, or any foreign equivalent thereof; or

d.  any other entity that operates for a profit not described in subparagraph b. above that has issued or offered securities.

3.  Coverage provided to any **Insured Person** in an **Outside Directorship** shall:

a.  not extend to the **Outside Entity** or to any director, officer, trustee, governor or any other equivalent executive or employee of the **Outside Entity**, other than the **Insured Person** serving in the **Outside Directorship**;

b.  i.  with respect to an **Outside Entity** described in subparagraph a., b. or c. in the definition of **Outside Entity**, be specifically excess of any indemnity (other than any indemnity provided by the **Organization**) or insurance available to such **Insured Person** by reason of serving in the **Outside Directorship**, including any indemnity or insurance available from or provided by the **Outside Entity**; or

ii.  with respect to an **Outside Entity** described in subparagraph d. in the definition of **Outside Entity**, be specifically excess of any indemnity or insurance available to such **Insured Person** by reason of serving in the **Outside Directorship**, including any indemnity or insurance available from or provided by the **Outside Entity** and any indemnity available from or provided by the **Organization**;

c.  not extend to **Loss** on account of any **Claim** made against any **Insured Person** for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by such **Insured Person** while serving in the **Outside Directorship** if such **Wrongful Act** is committed, attempted, or allegedly committed or attempted, after the date:

i.  such **Insured Person** ceases to be an officer of the **Organization**, or

ii.  service by such **Insured Person** in the **Outside Directorship** ceases to be at the specific request of the **Organization** or a part of the duties regularly assigned to the **Insured Person** by the **Organization**; or

d.  not extend to **Loss** on account of any **Claim** made against any **Insured Person** for a **Wrongful Act** committed, attempted, or allegedly committed or attempted, by such **Insured Person** while serving in the **Outside Directorship** where such **Claim** is brought:

i.  by the **Outside Entity**;

ii.  by any affiliate of the **Outside Entity**;

iii.  on behalf of the **Outside Entity** and a director, officer, trustee, governor or equivalent executive of the **Outside Entity** instigates such **Claim**; or

iv.  by any director, officer, trustee, governor or equivalent executive of the **Outside Entity**.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

Section 7., Limit of Liability, Deductible and Coinsurance, is amended by adding the following:

If any **Loss** arising from any **Claim** made against any **Insured Person** in their capacity as an **Outside Directorship** is:

(a)     insured under any other valid policy(ies) (the "Other Policy(ies)") issued by a parent, subsidiary or affiliate of the Company (hereinafter also referred to as the "Company"); and

(b)     also covered under this Policy,

then the Company's maximum liability for all **Loss** on account of such **Claim** under this Policy and the Other Policy(ies), combined, shall be $35,000,000; provided that in no event shall the Company's maximum liability for all **Loss** on account of such **Claim** under this Policy exceed the Limit of Liability set forth in Item 2(A) of the Declarations for this Policy.

Nothing in this endorsement shall be construed to increase the Company's maximum aggregate liability for all **Loss** on account of all **Claims** for each **Policy Period** set forth in Item 2(B) of the Declarations for this Policy.

5.      The Company shall not be liable for **Loss** on account of any **Claim** made against any **Insured Person** under Insuring Clauses 1 or 2:

    a.      based upon, arising from, or in consequence of any **Wrongful Acts** of any **Insured Person** serving in an **Outside Directorship** in an **Outside Entity** arising out of their service as fiduciary (including fiduciary as defined in the Employee Retirement Income Security Act of 1974 and amendments thereto or similar provisions of any federal, state or local statute or common law), for any pension or welfare plan(s);

    b.      based upon, arising from, or in consequence of:

        i.       any litigation, arbitration, claim, demand, cause of action, equitable, legal or quasi-legal proceeding, decree or judgment (collectively referred to as **litigation**) against the **Outside Entity** occurring prior to, or pending as of the date service by such **Insured Person** in such **Outside Directorship** begins at the specific request of the **Organization**, of which the **Outside Entity** or the director, officer, trustee, regent, or governor of the **Outside Entity** have received notice or otherwise had knowledge as of such date; or

        ii.      any subsequent **litigation** arising from, or based on the same or substantially the same matters alleged in the prior or pending **litigation** included in i. of this exclusion; or

        iii.     any **Wrongful Act** of the **Outside Entity**, or the directors, officers, trustees, regents, or governors or the **Outside Entity**, which gave rise to such prior or pending **litigation** included in subparagraph i. of this exclusion,

    c.      based upon, arising from, or in consequence of any **Wrongful Act** which occurred prior to the date coverage was granted for the **Insured Person**, or any **Wrongful Act** occurring subsequent to the date coverage was granted for the **Insured Person** which, together with a **Wrongful Act** occurring prior to such date, constitute **Interrelated Wrongful Acts**;

    d.      based upon, arising from, or in consequence of any **Claim** brought by or at the behest of any individual(s) and/or corporation that owns, beneficially or directly, ten percent (10%) or more of any class of outstanding stock of the **Outside Entity**, or

    e.      based upon, arising from, or in consequence of any service by any **Insured Person** who was an elected or appointed public, governmental or quasi-governmental official.

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408

**PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408**

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

PROFESSIONAL EYES ONLY; SUBJECT TO FRE 408