# EXHIBIT 3

# Settlement Agreement

SETTLEMENT AND RELEASE AGREEMENT ("Agreement") made subject to approval by the Court, as defined herein, by Steven L. and Ruth E. Mitchell (the "Named Plaintiffs"), individually and as the proposed representatives of the "RFC Settlement Class," as defined herein, and Residential Funding Company, LLC (f/k/a Residential Funding Corporation) ("RFC"). The Named Plaintiffs, RFC and the RFC Settlement Class are collectively referred to herein as the "Parties."

WHEREAS, the Named Plaintiffs filed the civil action currently pending before the Circuit Court of Jackson County, Missouri, Division 4 (the "Court"), styled *Steven and Ruth Mitchell, v. Residential Funding Company, LLC, et al.,* Case No. 03-CV-220489-01 (the "Litigation"); and

WHEREAS, the Named Plaintiffs originally filed the Litigation in July 2003 asserting claims pursuant to the Missouri Second Mortgage Loans Act ("MSMLA"), §§ 408.231-408.241 RSMo both for themselves and for a class of similarly-situated borrowers who, like the Named Plaintiffs, obtained a second or other subordinate lien mortgage loan secured by residential real estate situated in Missouri from Mortgage Capital Resource Corporation ("MCR") on or after July 29, 1997; and

WHEREAS, the Named Plaintiffs sought to recover the following pursuant to the MSMLA and § 408.562 RSMo: (a) the amount of the loan fees that the Named Plaintiffs alleged had been directly or indirectly charged, contracted for or received in connection with the MCR loans in violation of § 408.233.1 RSMo; (b) all of the interest paid on the loans in violation of § 408.236 RSMo; (c) all of the interest payable on the loans (discounted to present value); (d) pre-judgment interest on the fee and interest paid amounts recovered or disgorged; (e) punitive damages pursuant to § 408.562 RSMo; and (f) reasonable attorneys' fees and other relief

pursuant to § 408.562; and

WHEREAS, on December 8, 2006, the Court certified a litigation class in the Litigation comprised of those persons who obtained a Missouri residential second or other junior mortgage loan from Mortgage Capital Resource Corporation ("MCR") on or after July 29, 1997 (the "Litigation Class"); and

WHEREAS, notice of the Litigation, the Court's certification order, and the right to opt out of the Litigation Class was given to the members of the Litigation Class pursuant to Mo. Rule 52.08; and

WHEREAS, the Named Plaintiffs' claims were tried before a jury from December 3, 2007 to January 4, 2008; and

WHEREAS, a judgment was entered in favor of the Named Plaintiffs and the members of the Litigation Class who did not timely opt out and exclude themselves against Defendants RFC, Homecomings Financial, LLC, Household Finance Corporation, III ("Household") and Wachovia Equity Servicing, LLP (formerly and/or as successor to HomEq Servicing Corporation and TMS Mortgage, Inc. d/b/a "The Money Store," and which is now Wells Fargo Bank N.A. ("Wells Fargo"); and.

WHEREAS, the judgment awarded the Named Plaintiffs and the participating members of the Litigation Class (a) the amount of the loan fees determined to have been directly or indirectly charged, contracted for or received in connection with the loans in violation of § 408.233.1 RSMo; (b) all of the interest paid on the loans; (c) all of the interest payable on the loans (discounted to present value); (d) pre-judgment interest on the amount of the illegal loan fees from the date of the Note; (e) punitive damages pursuant to § 408.562 RSMo; and (f) reasonable attorneys' fees pursuant to § 408.562 RSMo (a copy of the judgment is attached as

**Exhibit I**); and

WHEREAS, the judgment was appealed and the Court of Appeals: (a) affirmed the Court's judgment on the awards for the loan fees, the interest paid and payable amounts, and the pre-judgment interest on the loan from the date of the Note; (b) reversed and remanded the Court's denial of prejudgment interest on the amounts recovered for the past interest paid; (c) reversed the punitive damages assessment; (d) remanded the Litigation for a new trial on punitive damages; and (e) granted the Named Plaintiffs' motion for statutory attorney's fees on appeal but remanded the motion to the Court to determine the additional statutory award to be made; and

WHEREAS, RFC has paid to the Named Plaintiffs, the Litigation Class, and Class Counsel and fully satisfied all amounts affirmed by the Court of Appeals and all amounts awarded by the Court after remand of the Litigation; and

WHEREAS, the Named Plaintiffs are currently asserting both individual and class claims in the Litigation against RFC, Household and/or Wells Fargo for punitive damages, additional statutory attorney's fees and other relief based on said entities' adjudicated violations of the MSMLA and their purchase, receipt, and servicing of the 302 mortgage loans at issue in the Litigation; and

WHEREAS, the Named Plaintiffs filed a Motion for Sanctions in the Litigation and requested the Court, *inter alia*, to impose monetary sanctions against Defendants Wells Fargo and RFC and/or to strike the pleadings of and render a judgment by default against Wells Fargo and RFC; and

WHEREAS, RFC continues to deny the remaining claims and causes of action being asserted against it in the Litigation and continues to deny the allegations and assertions in the

3

Motion for Sanctions and denies any and all liability to the Named Plaintiffs, the "Non-RFC Plaintiff Borrowers," and the members of the proposed RFC Settlement Class, and each of them; and

WHEREAS, counsel for the Named Plaintiffs ("Plaintiffs' Counsel") and counsel for RFC have thoroughly investigated the facts relating to the remaining claims alleged in the Litigation and the events and transactions underlying those claims, through formal and informal discovery, and have made a thorough study of the legal principles applicable to the remaining claims against RFC; and

WHEREAS, the Parties have reached an agreement, subject to Court approval, to resolve the Litigation and remaining claims and motions as between the Named Plaintiffs and the RFC Settlement Class, on one hand, and Defendant RFC, on the other hand, in accordance with the terms set forth herein; and

WHEREAS, Plaintiffs' Counsel and counsel for RFC have engaged in arm's length negotiations concerning the settlement of the remaining claims and causes of action against RFC; and

WHEREAS, the Named Plaintiffs, on behalf of the RFC Settlement Class, and Plaintiffs' Counsel have concluded that a settlement with RFC as stated herein will be fair, just, equitable, reasonable, adequate and in the best interests of the members of the RFC Settlement Class based upon their investigation, study, negotiations and discovery taken in the Litigation, and taking into account the contested issues involved, the expense and time necessary to prosecute the Litigation against RFC through the re-trial and appeals, the delays, risks and costs of further prosecution of the remaining claims against RFC, the uncertainties of complex litigation, the benefits to be received pursuant to this Settlement, and the fact that the Named Plaintiffs and the "Non-RFC

4

Plaintiff Borrowers," as defined herein, will continue to pursue their remaining claims for punitive damages, additional statutory attorneys' fees and other relief against Household and Wells Fargo; and

WHEREAS, RFC desires to settle the remaining claims being asserted against it in the Litigation on the terms and conditions set forth herein for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation, and for the purpose of putting to rest all controversies that have been or could be raised against RFC and its affiliates in the Litigation; and

WHEREAS, the Parties acknowledge and agree that this Agreement constitutes a compromise in settlement of the remaining claims and causes of action that have been or could be raised by the Named Plaintiffs and the RFC Settlement Class against Defendant RFC and the other "Released Persons," as defined herein, as to the "MCR-RFC Loans," but shall in no way release or affect the existing or future claims, causes of action, remedies, and/or rights to relief of any of the Named Plaintiffs or other members of the Litigation Class, including without limitation, the RFC Settlement Class and/or any of the "Non-RFC Plaintiff Borrowers" against any person, association or entity with respect to the "MCR Loans," except for the claims of the RFC Settlement Class Members against the "Released Persons" with respect to the MCR-RFC Loans.

NOW THEREFORE, the undersigned parties, each intending to be legally bound and acknowledging the sufficiency of the consideration and undertakings set forth herein, do hereby agree, subject to approval of the Court of this Agreement, that the Litigation and the "Released Claims," as defined herein, as against the "Released Persons," as defined herein, are finally and fully compromised and settled and that the claims of the RFC Settlement Class Members against

the Released Persons shall be dismissed with prejudice as against the Released Persons as

follows:

## 1.       **Denial of Liability; No Admissions**

The Parties are entering into this Agreement in the interests of avoiding the burdens,

expense, and risk of continued litigation and in order to resolve all of the vigorously disputed

claims that remain undecided as between them.   By entering into any preliminary settlement

discussions, agreeing to the terms of this Agreement, or seeking the approval of this Settlement,

the Parties are not making any admissions or concessions, whatsoever, with respect to any of the

factual or legal assertions, or any of the remaining claims or defenses, being alleged, made or

asserted in the Litigation.   Neither this Agreement nor any of its terms or provisions nor any of

the negotiations between the Parties or their counsel shall be construed as an admission or

concession by any of the Parties or their counsel of anything whatsoever, including but not

limited to: any alleged violation or breach of contract or duty, any alleged fraud,

misrepresentation or deception, or any alleged violation of any federal, state, or local law, rule,

regulation, guideline or legal requirement (or any other applicable law, rule, regulation, guideline

or legal requirement), any alleged conduct that could be or has been asserted as the basis for

punitive damages or sanctions, the merits of any defenses that RFC asserted; or the propriety of

class certification of the RFC Settlement Class if the remaining claims against RFC in the

Litigation were to be litigated rather than settled.   This Agreement and its terms and provisions

may be offered or received as evidence in a proceeding to enforce the terms of this Agreement or

to assert, establish and/or refute a claim to the fullest extent permitted under the bankruptcy laws

including without limitation any claim or assertion that the Settlement and/or the debt(s) arising

from the Settlement and/or the compromised claims are dischargeable; provided, however, that

6

any party asserting in any bankruptcy proceeding that the Agreement is or should be deemed to
be null and void may not offer or rely on the Agreement as evidence to prove the existence of a
claim or to show the nature or amount of a claim.    Subject to the right to such uses, this
Agreement and its terms and provisions shall not be offered or received as evidence in any action
or proceeding to establish: (a) any liability or admission on the part of RFC or its parent or
subsidiary or affiliated companies or its attorneys, or to establish the existence of any condition
constituting a violation of or non-compliance with any federal, state, local or other applicable
law, rule, regulation, guideline or other legal requirement or any condition that has been or could
be asserted as the basis for punitive damages or sanctions; (b) the truth or relevance of any fact
alleged by the Named Plaintiffs; (c) the existence of any class alleged by the Named Plaintiffs;
(d) the propriety of class certification; (e) the validity of any claim or any defense that has been
or could have been asserted in the Litigation or in any other litigation; (f) that the consideration
to be given to the RFC Settlement Class Members hereunder represents the amount which could
be or would have been recovered by any such persons if the remaining claims against RFC were
retried; (g) the propriety of class certification in any other proceeding or action; or (h) the
propriety of the "multiplier" that the Named Plaintiffs requested and proposed in their *Second
Application for Award of Attorney's Fees*.    The Parties expressly agree that, in the event the
Settlement does not become final and effective in accordance with Paragraph 12, no Party will
use or attempt to use any conduct or statement of any other Party in connection with this
Agreement, or any effort to seek approval of the Agreement, to affect or prejudice any other
Party's procedural or substantive rights in any ensuing litigation.    RFC expressly reserves all
procedural and substantive rights and defenses to all claims and causes of action and does not
waive any such rights or defenses in the event this the Agreement is not approved for any reason.

7

## 2.   <u>Definitions</u>

As used in this Agreement, the following terms shall be defined as set forth below:

2.1   **Class Counsel**.  "Class Counsel" shall mean Plaintiffs' Counsel, Walters Bender Strohbehn & Vaughan, P.C., 2500 City Center Square, 1100 Main Street, Kansas City, Missouri 64105.

2.2   **Class Mail Notice**.   "Class Mail Notice" means a document in a form substantially the same as that attached hereto as **Exhibit A**.

2.3   **Counsel for RFC**.  "Counsel for RFC" means Bryan Cave, LLP, 1200 Main Street, Suite 3500, Kansas City, Missouri  64105.

2.4   **Effective Date**.  The "Effective Date" of this Agreement means the date when all of the conditions set forth in Paragraph 12 have occurred and the Settlement thereby becomes effective in all respects.

2.5   **Escrow Agent**.  "Escrow Agent" means Missouri Bank and Trust Company of Kansas City, 1044 Main Street, Kansas City, Missouri, or some other insured depository institution in Missouri selected by Plaintiffs' Counsel, which shall escrow the Settlement Payment as stated in Paragraph 4.

2.6   **Final Approval Order**.  "Final Approval Order" means an Order of the Court in a form substantially the same as that attached hereto as **Exhibit C**, finally approving this Agreement and the Settlement pursuant to Mo. Rule 52.08.

2.7   **Final Hearing Date**.  "Final Hearing Date" means the date set by the Court for the hearing on final approval of the Settlement.

2.8   **Final Judgment**.  "Final Judgment" means a Judgment of the Court in a form substantially the same as that attached hereto as **Exhibit D**.

2.9     **Household**.  "Household" means Defendant Household Finance Corporation, III, individually and together with any officers, directors, agents, employees, attorneys, insurers, successors and assigns.

2.10    **Litigation Class**.  "Litigation Class" means the class of Missouri borrowers defined by the Court in the Order Certifying Plaintiffs' Class, entered December 8, 2006.

2.11    **MCR**.  "MCR" means Mortgage Capital Resources Corporation, as identified in the Third Amended Petition in the Litigation.

2.12    **MCR Loan.**  "MCR Loan" means any "Second Mortgage Loan," as defined in § 408.231.1 RSMo, secured by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by Mortgage Capital Resources Corporation on or after July 29, 1997.

2.13    **MCR-RFC Loan**.  "MCR-RFC Loan" means any MCR Loan that was purchased by, assigned to, serviced by and/or master serviced by RFC.

2.14    **Named Plaintiffs**.  "Named Plaintiffs" means Plaintiffs Steven L. and Ruth E. Mitchell, and any person(s) claiming by, through and/or under them.

2.15    **Net Distributable Settlement Fund.**  "Net Distributable Settlement Fund" means the "Net Settlement Fund" less: (a) the amount of any awards for attorneys' fees or attorney compensation approved by the Court and awarded to Plaintiffs' Counsel, and (b) any interest earned and attributable to the amount of such awards while in escrow.

2.16    **Net Settlement Fund**.  "Net Settlement Fund" means the "Settlement Fund" less: (a) the amount of any litigation expenses and/or costs approved by the Court and awarded to Plaintiffs' Counsel; (b) the amount of any incentive award approved by the Court and paid to the Named Plaintiffs; and (c) any interest earned and attributable to these awards, respectively, while

in escrow.

2.17    **Non-Settling Defendants**.  "Non-Settling Defendants means Household Finance Corporation, III, Wells Fargo Bank, N.A., individually and formerly and/or as direct or indirect successor to Wachovia Equity Servicing, LLC, HomEq Servicing Corporation, and TMS Mortgage Corporation d/b/a "The Money Store," and each of them, together with their respective predecessors, successors and assigns.

2.18    **Non-RFC Plaintiff Borrower**.    "Non-RFC Plaintiff Borrower" means any member of the Litigation Class who obtained an MCR Loan that was <u>not</u> an MCR-RFC Loan. "Non-RFC Plaintiff Borrower" includes, but is not limited to, the persons identified on **Exhibits G** and **H**, attached.

2.19    **Plaintiffs' Counsel.**  "Plaintiffs' Counsel" means, collectively, Walters Bender Strohbehn & Vaughan, P.C., 2500 City Center Square, 1100 Main Street, Kansas City, Missouri 64105.

2.20    **Preliminary Approval Order**.  "Preliminary Approval Order" means an Order of the Court preliminarily approving the Settlement, conditionally or preliminarily certifying a class for settlement purposes, directing the issuance of a class notice and scheduling a settlement hearing in accordance with Mo. Rule 52.08, in a form substantially similar to that attached hereto as **Exhibit B**.

2.21    **Releasors**.  "Releasors" means the Named Plaintiffs and the RFC Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Releasors shall not include any of the following: (a) any members of the RFC Settlement Class who opt out of the Settlement in accordance with Paragraph 9 below; (b) any persons not

10

identified as a member of the RFC Settlement Class on **Exhibit E**; or (c) the Non-RFC Plaintiff

Borrowers.

2.22   **Released Persons**.   "Released Persons" shall mean RFC, individually and

together with the affiliates, parent companies and subsidiaries listed on **Exhibit F,** and each of

their joint or respective past and present officers, directors, shareholders, employees, attorneys

(including, specifically, but not limited to, the firm Reed Smith, LLP and any consultants hired

by said counsel), accountants, insurers, and the heirs, executors, predecessors, successors, and

assigns of each; provided, however, that notwithstanding anything in this Agreement to the

contrary, and regardless of any prior or current relationship or affiliation with RFC, "Released

Persons" **does not include** Household or Wells Fargo, or the respective past and present officers,

directors, shareholders, employees, attorneys (including, but not limited to, attorneys Scott W.

Martin, Kara S. Benboom, Michael S. Hargens, and the firm Husch Blackwell, LLP as successor

of Husch & Eppenberger, LLC and any consultants hired by said counsel), accountants,  insurers,

heirs, executors, and administrators, predecessors, successors, and assigns of each.

2.23   **Released Claims**.  "Released Claims" means any and all of the remaining claims

for punitive damages, sanctions, statutory attorneys' fees and any other relief available to the

Releasors under § 408.562 RSMo in connection with the MCR-RFC Loans or the Litigation or

the Motion for Sanctions, not previously satisfied by RFC, and any and all other unsatisfied

and/or unadjudicated claims, demands, actions, causes of action, rights, offsets, setoffs, suits,

damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses or liabilities of any

kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or

declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental,

consequential or punitive damages, as well as any and all claims for treble damages, penalties,

11

sanctions, attorneys' fees, costs or expenses, whether known or unknown, alleged or not alleged

in the Litigation, suspected or unsuspected, contingent or vested, accrued or not accrued,

liquidated or unliquidated, matured or unmatured, that in any way concern, relate to, or arise out

of the MCR-RFC Loans or the Litigation or the Motion for Sanctions and which any of the

Releasors currently have, from the beginning of time up through and including the Effective

Date, against the Released Persons (the "Claims"), including but not limited to, any and all

Claims arising out of or relating to: (1) allegations that were or could have been asserted against

the Released Persons in the Litigation in any way relating to the RFC Settlement Class

Members' MCR-RFC Loans; (2) any activities of the Released Persons with respect to the MCR-

RFC Loans including, without limitation, any alleged representations, misrepresentations,

disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to

act, deceptions, acts of unconscionability, unfair business practices, breaches of contract, usury,

unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees

collected, or violations of any consumer protection statute, any state unfair trade practice statute,

or any other body of case, statutory or common law or regulation, federal or state, including but

not limited to the Missouri Second Mortgage Loans Act, § 408.231 RSMo, *et seq.*, or any other

similar state statute; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its implementing

regulations, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C.

§ 1639, *et seq.*, and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate

Settlement Procedures Act, 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part

3500; the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and its implementing

regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. § 2801, *et seq.*,

and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. § 3601, *et*

*seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 168l, *et seq.*; the Fair Debt Collection Practices

Act, 15 U.S.C. § 1692, *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. § 45, *et seq.*;

and/or (3) any conduct undertaken by any of the Released Persons to defend the Litigation,

including but not limited to, any alleged improper discovery conduct and/or any request for

sanctions in the Litigation.  It is the intention of the Releasors to provide a general release of the

Released Claims against the Released Persons; provided, however, that anything in this

Agreement to the contrary notwithstanding, the term Released Claims does not include: (1) any

claims of any kind or type by the Releasors against any person, association or entity that is not a

Released Person, whether such claims arise out of or relate to the MCR-RFC Loans or some

other conduct, transaction, loan or occurrence; (2) any claims of any kind or type for damages,

sanctions and/or other relief against Household, Wells Fargo, and the respective past and present

officers, directors, shareholders, employees, insurers and attorneys including, but not limited to,

attorneys Scott W. Martin, Kara S. Benboom, Michael S. Hargens, and the firm Husch

Blackwell, LLP as successor of Husch & Eppenberger, LLC and any other person, association or

entity who is not a Released Person; (3) any claims of any kind or type by the Releasors against

any person, association or entity in connection with a loan and/or loan transaction originated or

made by a person, association or entity other than MCR, notwithstanding the fact that the loan, in

whole or in part, was purchased by, assigned to, serviced by and/or master serviced by RFC;

and/or (4) any claims of any kind or type by the Non-RFC Plaintiff Borrowers with respect to the

MCR Loans.

2.24   **RFC**.  "RFC" means Defendant Residential Funding Company, LLC (formerly

Residential Funding Corporation and GMAC-Residential Funding Corporation and f/k/a GMAC-

RFC).

2.25    **RFC Settlement Class**. "RFC Settlement Class" shall have the meaning set forth in Paragraph 3.a below. The "RFC Settlement Class" does not include any of the "Non-RFC Plaintiff Borrowers."

2.26    **RFC Settlement Class Member**. "RFC Settlement Class Member" means any member of the RFC Settlement Class who does not timely opt out of the Settlement pursuant to Paragraph 9.a below. If an RFC Settlement Class Member has died, filed for bankruptcy, or otherwise voluntarily or involuntarily transferred his or her rights under a MCR-RFC Loan, the person's heir, representative, successor or assign, if any, shall be deemed an RFC Settlement Class Member.

2.27    **Additional RFC Settlement Class Member Payment**. "Additional RFC Settlement Class Member Payment" means the portion of the "Net Distributable Settlement Fund" shown on **Schedule A** to be paid to the respective RFC Settlement Class Members pursuant to the Settlement, plus any interest earned and attributable to such sum while in escrow.

2.28    **Settlement.** "Settlement" means the compromise in settlement memorialized by this Agreement.

2.29    **Settlement Date**. "Settlement Date" means February 27, 2012.

2.30    **Settlement Fund**. "Settlement Fund" means the amount to be delivered by RFC in accordance with Paragraph 4.a below.

2.31    **Settlement Hearing**. "Settlement Hearing" means the hearing on final approval of the partial class action settlement memorialized by this Agreement.

2.32    **Wells Fargo**. "Wells Fargo" means Wells Fargo Bank, N.A., formerly and/or as direct or indirect successor to Wachovia Equity Servicing, LLC, HomEq Servicing Corporation, and TMS Mortgage Corporation d/b/a "The Money Store," and the joint and/or respective

14

officers, directors, agents, employees, attorneys, insurers, successors and assigns of each such

entity.

3.      **Certification of the RFC Settlement Class**

        a.      The Named Plaintiffs shall file a motion requesting the Court to certify a class of

persons for purposes of settlement only (referred to and defined herein as the "RFC Settlement

Class") to be defined as follows:

> All persons who, on or after July 29, 1997, obtained a "Second Mortgage Loan,"
> as defined in § 408.231.1 RSMo, from Mortgage Capital Resource Corporation on
> real property located in Missouri that was purchased by, assigned to and/or
> serviced and/or master serviced by Residential Funding Company, LLC (f/k/a
> Residential Funding Corporation), and who did not timely exclude themselves
> from the litigation class that the Court certified in the Litigation on December 8,
> 2006.

        b.      A list of the RFC Settlement Class is attached as **Exhibit E** but said Exhibit shall

be filed under seal pursuant to the Stipulated Protective Order to protect the privacy of the RFC

Settlement Class.

        c.      If this Agreement is not approved by the Court pursuant to the proposed Final

Approval Order and Final Judgment, or if for any reason this Settlement fails to become effective

pursuant to Paragraph 12, this Agreement, any preliminary and/or final approval of a settlement

class provided herein, the Settlement (including any modifications made with the consent of the

Parties), and any action(s) taken or to be taken in connection therewith, shall be terminated and

shall become null and void and have no further force or effect, the Preliminary Approval Order

shall be vacated, the Parties shall be restored to their respective positions existing prior to the

execution of this Agreement, and the Parties' rights and obligations with respect to the use of this

Agreement and the settlement contemplated hereby will be subject to Paragraphs 1 and 16.o

hereof.  In addition, neither this Agreement, the preliminary certification of the RFC Settlement

15

Class, the Preliminary Approval Order, nor any other document relating in any way to any of the

foregoing, shall be relied on, referred to or used in any way for any purpose in connection with

any further proceedings in the Litigation or any related action.  In such case, or in the event that

this Agreement shall terminate or the settlement embodied herein does not become effective for

any reason, the Agreement and all negotiations, court orders and proceedings relating thereto

shall be without prejudice to the rights of the Parties, and each of them, who shall be restored to

their respective positions existing prior to the execution of this Agreement and any Party may

reassert their claims against any other Party as provided in Paragraph 13 and in such event

evidence relating to the Agreement, and all negotiations, shall not be discoverable or admissible

in the Litigation or otherwise.

**4.**     **Settlement Consideration and Distribution of the Settlement Fund to the RFC
Settlement Class Members; Additional Award of Statutory Fees to Plaintiffs'
Counsel for Work on Appeals**

a.     Subject to Paragraph 4.d, and provided the Agreement has not been terminated or

rescinded pursuant to Paragraph 9.b, RFC shall pay or cause to be paid $14,500,000.00 (the

"Settlement Payment") pursuant to this Agreement.  RFC shall use its best efforts to make the

Settlement Payment on May 15, 2012 or on the date that is one (1) business day after the Court

enters the Final Approval Order, whichever is later; provided, however, that RFC shall make the

Settlement Payment without fail no later than three (3) business days after the Court enters the

Final Approval Order.  The Settlement Payment shall be wired to the Escrow Agent as  described

in Paragraph 4.b at its own expense according to the wire instructions provided by Plaintiffs'

Counsel.

b.     The Settlement Payment shall be wired into an interest-bearing escrow account

that the Parties shall establish, pursuant to mutually agreeable terms, at Missouri Bank & Trust,

1044 Main Street, Kansas City, Missouri, or some other insured depository institution in

Missouri selected by Plaintiffs' Counsel (the "Escrow Agent") and shall be thereafter comprise

the "Settlement Fund."  All interest earned on the Settlement Fund while in escrow shall be

added to and included within the definition of "Settlement Fund" and shall be allocated to the

persons identified on **Schedule A** in proportion to his, her or their share of the Net Distributable

Settlement Fund.  The Settlement Fund, including any interest earned in escrow, shall be

returned to RFC in the event that the Settlement is rescinded, terminated, vacated, or the

Effective Date does not arrive for any other reason.

c.    The Parties' escrow agreement shall provide that the Settlement Fund will be

released to Plaintiffs' Counsel from escrow the first business day after the Effective Date.

Plaintiffs' Counsel, subject to such supervision and direction of the Court as may be necessary,

shall be responsible for and shall administer and oversee the distribution of the Settlement Fund,

Net Settlement Fund, and Net Distributable Settlement Fund in accordance with the terms of the

Final Approval Order and this Agreement and **Schedule A**, which also shall be filed under seal

with the Court pursuant to the Stipulated Protective Order to protect the privacy and rights of the

members of the RFC Settlement Class.

d.    If any member(s) of the RFC Settlement Class timely opt out and exclude

themselves from the Settlement, the name(s) of the "opt out" class member(s) shall be removed

from **Schedule A** and the portion of the Net Distributable Settlement Fund attributable to said

"opt outs" shall remain a part of the Net Distributable Settlement Fund and will be reallocated to

the RFC Settlement Class Members pro rata.  The Parties shall submit any required revisions to

Schedule A to the Court under seal prior to the Final Hearing Date.

e.    The amount of the Settlement Fund shall not be reduced as a result of any

member(s) of the RFC Settlement Class electing to opt out or exclude themselves from the

Settlement pursuant to Paragraph 4.d, or for any other reason.

       f.      Upon release of the Settlement Fund by the Escrow Agent to Plaintiffs' Counsel,

Plaintiffs' Counsel shall calculate the Net Settlement Fund and Net Distributable Settlement

Fund and distribute the Net Distributable Settlement Fund, plus any interest earned on said fund

while in escrow, to the RFC Settlement Class Members (i.e., those members of the RFC

Settlement Class, if any, who did not timely opt out) in the amounts and to the addresses shown

on **Schedule A**, or as the Court may otherwise determine and approve.  Such distributions to the

RFC Settlement Class Members are referred to and defined as the "Additional RFC Settlement

Class Member Payments."  Plaintiffs' Counsel shall distribute the Additional RFC Settlement

Class Member Payments to the RFC Settlement Class Members within 30 days of the Effective

Date by checks mailed to the RFC Settlement Class Members or, in the event of an RFC

Settlement Class Member bankruptcy under Chapter 7, to the Chapter 7 bankruptcy trustee for

said RFC Settlement Class Member, with notice of said mailing to said RFC Settlement Class

Member.  Plaintiffs' Counsel will re-mail any returned checks to any new address disclosed.  To

the extent any check is returned without any new address disclosed or a second time, Plaintiffs'

Counsel shall undertake reasonable efforts to locate a current address for said RFC Settlement

Class Member.  If any RFC Settlement Class Member refuses to accept receipt of an Additional

RFC Settlement Class Member Payment check, or does not cash an Additional RFC Settlement

Class Member Payment check within 30 days of receipt, Plaintiffs' Counsel shall undertake

reasonable efforts to locate and/or contact the RFC Settlement Class Member and inquire about

receiving and/or cashing the check.  An RFC Settlement Class Member's right to a settlement

payment pursuant to this Agreement is a conditional right that terminates if an RFC Settlement

Class Member to whom an Additional RFC Settlement Class Member Payment check is mailed fails to cash his or her check within six months of the date of the check.  In such case the check shall be null and void (the checks shall be stamped or printed with a notice to the effect), and the Parties shall have no further obligation under the terms of this Agreement to make payment to such RFC Settlement Class Member.  Within 210 days of the Effective Date, Plaintiffs' Counsel shall file a report with the Court confirming that the entirety of the Net Distributable Settlement Funds/Additional RFC Settlement Class Member Payments were distributed to the RFC Settlement Class Members pursuant to the original or any revised **Schedule A** and checks cashed or, if such a confirmation cannot be provided, outlining the steps that remain to distribute any unclaimed portion of the Net Distributable Settlement Funds to the RFC Settlement Class Members.  Plaintiffs' Counsel shall reallocate the amounts of any unclaimed or uncashed checks to the paid RFC Settlement Class Members pro rata based on their allocable share of their total paid distributions of claimed checks at such time as Plaintiffs' Counsel determines appropriate in their sole discretion, but which in any event shall be prior to the expiration of any period of escheatment.

g.    Plaintiffs' Counsel shall be responsible for preparing, filing and addressing any requisite IRS Form 1099s.  RFC Settlement Class Members shall be responsible for any taxes due or any tax liability arising out of the distribution of the Settlement Funds.

h.    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to or arising out of the investment, allocation or distribution of the Settlement Funds, the determination, administration, calculation, or payment of claims, the payment or withholding of taxes, or any losses incurred in connection therewith.

i.    Any RFC Settlement Class Member who receives a payment pursuant to the

19

Settlement shall be solely responsible for distributing or allocating such payment between or among all co-borrowers on his, her, or their MCR-RFC Loan, regardless of whether a payment check has been made out to all or only some of the RFC Settlement Class Members' co-borrowers.

j.        No person shall have any claim against the Released Persons, Plaintiffs' Counsel, or any agent designated pursuant to this Agreement based upon any distributions made substantially in accordance with this Agreement or any Orders of the Court.

k.        If, before the Settlement Payment required by Paragraph 4.a of the Agreement is wired to the Escrow Agent pursuant to that Paragraph 4.a, RFC obtains a legally enforceable agreement for any funds to be provided by or on behalf of Reed Smith, LLP and/or any of its attorneys, agents or employees in connection with the Settlement Payment, RFC will cause that agreement to provide for those funds to be wired directly to that Escrow Agent, in compliance with the schedule set forth in that Paragraph 4.a, without such funds passing to or through RFC. RFC acknowledges that any such directly wired funds shall not be or be deemed to have been at any time the property of RFC, but rather shall be at all times prior to the wire transfer the property of the third party paying the funds.  For purposes of the Agreement, any such directly wired funds shall be deemed to have been received by the Escrow Agent as part of the Settlement Payment.

l.        If, at any time within ninety (90) days after the Settlement Payment required by Paragraph 4.a of the Agreement is wired to the Escrow Agent pursuant to that Paragraph 4.a, RFC receives any funds provided by or on behalf of Reed Smith, LLP and/or any of its attorneys, agents or employees in connection with the Settlement Payment, RFC will hold those funds in a separate account, identified as a contribution to the Settlement Payment under the Agreement.

20

Such funds will be held by RFC in this manner until the 91st day after the Settlement Payment is wired to the Escrow Agent, on which date RFC shall be free to place such funds in a general RFC account; provided that, if before the 91st day after the Settlement Payment is wired to the Escrow Agent a bankruptcy, receivership, or other proceeding in which RFC is a debtor, or which otherwise involves the debts, liabilities, and/or assets of RFC is commenced, whether voluntary or involuntary, RFC shall handle such funds only as directed in the bankruptcy or other proceeding.

m.      In addition to the Settlement Fund that it has agreed to pay or cause to be paid pursuant to Paragraph 4.a, and as part of the Settlement, RFC has stipulated and agreed to the entry of the *Stipulated Order to Approve and Award Additional Statutory Attorney's Fees*, entered by the Court on February 28, 2012 (the "*Stipulated Order*") and paid Plaintiffs' Counsel the additional $2,780,365.38 award of statutory attorneys' fees in full on March 2, 2012.  RFC further agrees that, notwithstanding its payment of the additional statutory attorneys' fees award in the *Stipulated Order*, the Substitute Supersedeas Bond approved on November 7, 2011 shall remain in place until June 4, 2012 to secure payment of the additional statutory attorneys' fees award in the *Stipulated Order*. If on June 4, 2012 no bankruptcy, receivership, or other proceeding in which RFC is a debtor, or which otherwise involves the debts, liabilities, and/or assets of RFC has been commenced, the Parties will jointly notify the Court in writing that the Substitute Supersedeas Bond should be released.  If before June 4, 2012 the Effective Date has occurred but a bankruptcy, receivership, or other proceeding in which RFC is a debtor, or which otherwise involves the debts, liabilities, and/or assets of RFC has then been previously filed, the Parties will jointly notify the Court in writing that the Substitute Supersedeas Bond should remain in place to secure payment of any portion of the additional statutory attorneys' fees award

in the *Stipulated Order* that the Named Plaintiffs and/or Plaintiffs' Counsel may be ordered to

turn over, surrender or in any way return.  The Named Plaintiffs or Plaintiffs' Counsel or any

member of the RFC Settlement Class shall not use the *Stipulated Order*, or the amount of the

additional statutory award approved in the *Stipulated Order*, against RFC as evidence of the

propriety of the "multiplier" that Plaintiffs requested in their *Second Application for Award of*

*Attorney's Fees*.

n.      If the settlement becomes effective pursuant to Paragraph 12 but a bankruptcy,

receivership, or other proceeding in which RFC is a debtor, or which otherwise involves the

debts, liabilities, and/or assets of RFC is commenced and a court or panel of competent

jurisdiction concludes that all or any portion of the Settlement Fund and/or any of the Additional

RFC Settlement Payments must be turned over, surrendered, returned or repaid by the Named

Plaintiffs, the RFC Settlement Class Members and/or Plaintiffs' Counsel, and if as a result of

such proceeding or adjudication the Named Plaintiffs, the RFC Settlement Class Members and/or

Plaintiffs' Counsel are ordered or otherwise compelled to turn over, surrender, repay or return all

or any portion of the Settlement Fund and/or any of the Additional RFC Settlement Payments,

then in such event the Named Plaintiffs, the RFC Settlement Class Members and/or Plaintiffs'

Counsel may retain and keep all or any portion of the Settlement Fund, Additional RFC

Settlement Payments and/or other sums not ordered or required to be turned over, surrendered,

returned or otherwise repaid.

## 5.      <u>Incentive Award and Common Fund Attorney's Fees and Costs</u>

a.      The Named Plaintiffs may petition the Court for the payment of an additional

incentive award in a total amount not to exceed $25,000 in recognition of their continued

services and commitment to the RFC Settlement Class and the remaining claims that have

resulted in a substantial additional benefit to the RFC Settlement Class Members.  The amount of any incentive award approved by the Court, and any interest attributable to said amount while in escrow, shall be deducted from the Settlement Fund to determine the "Net Settlement Fund" from which any award of attorney's fees to Plaintiffs' Counsel to be paid from the common fund recovery shall be deducted before the balance is distributed to the RFC Settlement Class Members as the "Net Distributable Settlement Fund" in accordance with Schedule A.  RFC will not object to the Named Plaintiffs applying to the Court for and/or receiving an incentive award in the above-stated amount.  To the extent the Court approves an incentive award in an amount less than the not to exceed amount stated above, the difference, and any interest attributable to the amount of the difference while in escrow, shall be included in and treated as a part of the Net Settlement Fund.

b.    Plaintiffs' Counsel and/or the Named Plaintiffs may petition the Court for an award of litigation expenses and/or costs not to exceed $57,779.28.  The amount of any such award, and any interest attributable to said amount(s) while in escrow, shall also be deducted from the Settlement Fund to determine the Net Settlement Fund from which any award of attorney's fees to Plaintiffs' Counsel to be paid from the common fund recovery shall be deducted before the balance is distributed to the RFC Settlement Class Members as the "Net Distributable Settlement Fund" in accordance with Schedule A.  RFC will not object to Plaintiffs' Counsel and/or the Named Plaintiffs applying to the Court for, and receiving, an award of expenses and/or costs in the above amount.  To the extent the Court awards expenses and/or costs in an amount that is less than the not to exceed amount stated above, the difference, and any interest attributable to the amount of the difference while in escrow, shall be included in and treated as a part of the Net Settlement Fund.

23

c.      Plaintiffs' Counsel and/or the Named Plaintiffs may also petition the Court for an

award of attorneys' fees not to exceed forty-five percent (45%) of the Net Settlement Fund (as a

common fund recovery), which award of attorneys' fees is estimated to be $6,487,749.32 if the

Court approves the award as proposed.  The amount of any such fee award approved by the

Court, and any interest attributable to said amount while in escrow, shall be deducted from the

Net Settlement Fund to determine the Net Distributable Settlement Fund and the individual

Additional RFC Settlement Class Member Payments.  RFC will not object to Plaintiffs' Counsel

and/or the Named Plaintiffs applying to the Court for, and receiving, an award of attorneys' fees

in the above amount.  To the extent the Court awards attorneys' fees in an amount that is less

than the not to exceed amount stated above, the difference and any interest attributable to the

amount of the difference while in escrow, shall be included in and treated as a part of the Net

Distributable Settlement Fund.

d.      Except as provided in Paragraph 4.k and this Paragraph 5, each Party shall bear its

own attorneys' fees, costs, and expenses incurred in the prosecution, defense, or settlement of the

Litigation, and specifically, without limitation, RFC shall bear no other attorneys' fees, court

costs or expenses.

## 6.      Releases

a.      On the Effective Date, in exchange for the payment by RFC of $ 14,500,000 to

the Settlement Fund as provided in Paragraph 4.a, and for other good and valuable consideration,

Releasors, by operation of this Release, the Final Approval Order and the Final Judgment be

deemed without further action by any person or the Court (i) to have fully, finally and forever

released, settled, compromised, relinquished, and discharged any and all of the Released Persons

of and from any and all Released Claims; (ii) to have consented to dismiss with prejudice the

24

Released Claims of the Releasors against the Released Persons in the Litigation; and (iii) to be forever barred and enjoined from instituting or further prosecuting the Released Claims in any forum whatsoever including, but not limited to, any state, federal, or foreign court, or regulatory agency. The Parties agree that the Released Persons will suffer irreparable harm if any RFC Settlement Class Member takes action inconsistent with this Paragraph 6.a, and that, in such event, the Released Persons may seek an injunction as to such action without further showing of irreparable harm.

b.      The Named Plaintiffs, on behalf of the RFC Settlement Class Members, acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Releases, but that it is their intention to, and they do hereby, upon the Effective Date of this Agreement fully, finally and forever settle and release each and every of the Released Persons from each and every Released Claim, known or unknown, suspected or unsuspected, accrued or not accrued, contingent or matured, which now exist, may hereafter exist, or may heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts.

c.      Subject to Court approval, each RFC Settlement Class Member shall be bound by this Agreement and all of their remaining claims against RFC and other Released Persons with respect to his or her MCR-RFC Loan and the Litigation shall be dismissed with prejudice and released even if such RFC Settlement Class Member never received actual, prior notice of the Litigation or the Settlement in the form of the Class Mail Notice or otherwise. When effective, the Releases and agreements contained in this Paragraph 6 shall apply to and bind all RFC Settlement Class Members, including those RFC Settlement Class Members whose Class Mail

Notices are returned as undeliverable, and those for whom no current address can be found, if any.

7.      **Representations and Stipulations**

a.      RFC represents, warrants and declares that: (i) it has acted in good faith and has used its best efforts in identifying the members of the RFC Settlement Class and in producing the loan documents and loan payment and payoff information on which it understands the distribution of the Additional RFC Settlement Class Member Payments shown on Schedule A are based; and (ii) based on said best efforts, there are no members of the RFC Settlement Class other than those identified on **Exhibit E**.

b.      Upon the Effective Date, the following stipulations shall be made:

i.      <u>No Privilege Waiver</u>.  Each Party stipulates and acknowledges that neither this Agreement nor a Party's decision to negotiate and/or execute the Agreement can be used to show or establish that a Party's conduct during this Litigation, including that of counsel, gives rise to or constitutes a waiver of the attorney-client, common interest or joint defense privilege or work product doctrines.

ii.      <u>Claims of the Non-RFC Plaintiff Borrowers</u>.  The Parties stipulate and agree for purposes of this Agreement and the instant Settlement that, based on the loan files, payment histories and other information and documents produced in the case, the MCR Loans of the Non-RFC Plaintiff Borrowers are not MCR-RFC Loans, and thus, the Non-RFC Plaintiff Borrowers cannot recover any damages, penalties or other relief from RFC with respect to the MCR Loans.  The Parties further agree that a finding and/or conclusion to this effect shall be included in the Final Approval Order, but such a finding and/or conclusion by the Court shall not in any way be deemed a holding that the Non-RFC Plaintiff Borrowers, or any of them, have released any claims of any kind or type against any person or entity with respect to the MCR

Loans.

    iii. <u>Use of Discovery Information</u>.  The Parties agree to comply with the terms of the Stipulated Protective Order, except as the Parties have previously agreed or may hereafter agree.

    c. Plaintiffs' Counsel represent and warrant to RFC that they have not been informed of an intention on the part of any member of the RFC Settlement Class to opt out of the Settlement and that they have not been retained by any existing client or contacted by any potential client to commence a new lawsuit or pursue any claims or right of relief against RFC or other Released Persons with respect to any Released Claims.  In addition, Plaintiffs' Counsel agree that they will not solicit the right to legally represent any person, including any member or members of the RFC Settlement Class who opt(s) out of the RFC Settlement Class and Settlement, with respect to the Released Claims, but this agreement does not (and shall not) in any way prohibit or restrict Plaintiffs' Counsel from undertaking such representation if requested by any such person or persons.

## 8. **Preliminary Approval Order**

    The Parties shall promptly move the Court in the Litigation for a Preliminary Approval Order substantially similar to **Exhibit B** that accomplishes the following:

    a. Certifying the proposed RFC Settlement Class pursuant to Mo. Rule 52.08 for settlement purposes;

    b. Preliminarily approving the Agreement as fair, reasonable and adequate under Mo. Rule 52.08 subject to a final determination by the Court;

    c. Approving the appointment of the Named Plaintiffs as representatives of the RFC Settlement Class for settlement purposes;

d.      Approving the appointment of Plaintiffs' Counsel as counsel for the RFC
Settlement Class for settlement purposes;

e.      Approving a form of mailed notice substantially similar to the Class Mail Notice
attached as **Exhibit A** to be sent to the members of the RFC Settlement Class;

f.      Directing Plaintiffs' Counsel to mail the Class Mail Notice promptly after entry
by the Court of the Preliminary Approval Order to the RFC Settlement Class by first-class mail
to the last known address of such persons;

g.      Establishing a procedure for members of the RFC Settlement Class to opt out and
setting a date, approximately thirty (30) days after the mailing of the Class Mail Notice, after
which no member of the RFC Settlement Class shall be allowed to opt out of the RFC Settlement
Class;

h.      Establishing a procedure for the members of the RFC Settlement Class to object
to the Settlement and setting a date, approximately thirty (30) days after the mailing of the Class
Mail Notice, after which no member of the RFC Settlement Class shall be allowed to so object;
and

i.      Establishing a procedure for motions to intervene in the Litigation and setting a
date, approximately thirty (30) days after the mailing of the Class Mail Notice, after which no
one shall be allowed to intervene;

j.      Scheduling a hearing on final approval of this Agreement and establishing a
procedure for the RFC Settlement Class Members to appear at the hearing;

k.      Staying the Litigation as against RFC until further order of the Court, other than
as may be necessary to effectuate the Settlement and carry out the terms of the Agreement or the
responsibilities related or incidental thereto; and

l. Containing such other and further provisions consistent with the terms and provisions of this Agreement as the Court may deem advisable.

**9.    Opt Outs, Class Member Objections, and Intervention**

a. Procedure for Opt Outs. The deadline for opt out requests shall be set forth in the Preliminary Approval Order. Any request to opt out must be in writing and must include the name, address, telephone number, and last four digits of the Social Security Number of the class member seeking to opt out and a statement that the class member and all other borrowers named on the class member's promissory note are seeking exclusion. Any opt out request must be personally signed by each person who was a party to the promissory note in connection with the class member's MCR-RFC Loan, unless such person is deceased or legally incompetent. In the event a party to the promissory note is deceased or legally incompetent, the personal representative or guardian must sign the opt out request. Any opt out request must include a reference to "Mitchell v. Residential Funding Company, Case No. 03-CV-220489-01" and be mailed to:

> R. Frederick Walters, Esq.
> Kip D. Richards, Esq.
> Walters Bender Strohbehn & Vaughan, P.C.
> 2500 City Center Square
> 1100 Main Street
> Kansas City, MO 64105
> (on behalf of the RFC Settlement Class)
>
> and
>
> Robert M. Thompson, Esq.
> Bryan Cave, LLP
> 1200 Main, Suite 3500
> Kansas City, Missouri 64105
> (on behalf of RFC)

To be considered timely and effective, any opt out request must be received on or prior to the

date established by the Court in the Preliminary Approval Order.  No person may opt out of the

Settlement by having an actual or purported agent or attorney submit an opt out request on said

person's behalf.  Nor may an opt out request be submitted or made on behalf of a group of

persons.  Each member of the RFC Settlement Class who does not submit an opt out request

substantially in compliance with this Paragraph 9 shall be included in the RFC Settlement Class

and deemed an RFC Settlement Class Member.  For purposes of determining timeliness, an opt

out request shall be deemed to have been submitted when received by either Class Counsel or

Counsel for RFC.  Class Counsel shall notify Counsel for RFC upon receipt of any opt out

requests and shall provide the Court with a list of any persons who timely and adequately file a

request to opt out and be excluded from the Settlement on or before the date of the Final

Approval Hearing.

b.    Effect of Opt Outs By Members of the RFC Settlement Class.  If class member

opt outs result in the exclusion from the Settlement of more than five (5) of the 248 loans that

would otherwise be included in the Settlement, RFC, in its sole discretion, may rescind this

Agreement, in which event each and every obligation under the Agreement shall cease to be of

any force and effect, and this Agreement and any orders entered in connection therewith shall be

vacated, rescinded, canceled, and annulled.  If RFC exercises this option, the Parties shall return

to the status quo in the Litigation as if the Parties had not entered into this Agreement and any

Party may reassert their claims against the other Party or Parties as provided in Paragraph 13.  In

addition, and in such event, this Agreement and all negotiations, court orders and proceedings

relating thereto, shall be without prejudice to the rights of the Parties, and each of them, and

evidence of or relating to the Agreement and all negotiations shall not be admissible or

discoverable in the Litigation or otherwise.  RFC must exercise its option to rescind the

Agreement pursuant to this Paragraph 9.b at least ten (10) business days prior to the Final

Hearing Date, by giving written notice of such exercise to Plaintiffs' Counsel.

c.      <u>Bankruptcy Trustees</u>.  In instances where a member of the RFC Settlement Class

has filed for bankruptcy under Chapter 7 after obtaining his, her, or their MCR-RFC Loan, if the

member of the RFC Settlement Class opts out of the Settlement, the Chapter 7 bankruptcy trustee

shall be deemed to have opted out of the Settlement.  Conversely, if the Chapter 7 bankruptcy

trustee opts out of the Settlement, the member of the RFC Settlement Class shall be deemed to

have opted out of the Settlement.  If neither the member of the RFC Settlement Class nor the

Chapter 7 bankruptcy trustee opts out of the Settlement, both shall be bound by the Release

provisions of Paragraph 6.

d.      <u>Procedure for Objections to Settlement</u>.  Any RFC Settlement Class Member who

wishes to object to the Settlement or to the incentive awards or the awards of expenses, costs or

attorney's fees must file a written notice of objection with the Court as provided below (the

"Notice of Objection") on or before the date established by the Court in the Preliminary

Approval Order.  For purposes of determining timeliness, a Notice of Objection shall be deemed

to have been submitted when filed with the Clerk of the Court.  Copies of the Notice of

Objection must also be mailed or delivered to the following on or before the date for filing a

Notice of Objection:

> R. Frederick Walters, Esq.
> Kip D. Richards. Esq.
> Walters Bender Strohbehn & Vaughan, P.C.
> 2500 City Center Square
> 1100 Main Street
> Kansas City, MO 64105
> (on behalf of the RFC Settlement Class)
>
> and

> Robert M. Thompson, Esq.
> Bryan Cave, LLP
> 1200 Main, Suite 3500
> Kansas City, Missouri 64105
> (on behalf of RFC)

The Notice of Objection must be in writing, and shall specifically include:

    (i)    The name, address, and telephone number of the class member filing the objection;

    (ii)    A statement of each objection asserted;

    (iii)    A detailed description of the facts underlying each objection;

    (iv)    Any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection;

    (v)    If the objector is represented by counsel, a detailed description of the legal authorities supporting each objection;

    (vi)    If the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts;

    (vii)    If the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present;

    (viii)    A statement of whether the objector intends to appear at the hearing;

    (ix)    A copy of any exhibits which the objector may offer during the hearing; and

    (x)    A reference to Mitchell v. Residential Funding Company, Case No. 03-CV-220489-01."

Attendance at the final hearing is not necessary.  Any RFC Settlement Class Member who does not make his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed and barred from making any objection to the fairness, adequacy, or reasonableness of the Settlement or to any other provision of this Agreement.

e.      <u>Intervention</u>.  Any person who wishes to intervene in the Litigation must file and serve his or her motion to intervene with the Court in accordance with the Missouri Rules of Civil Procedure on or before the date prescribed in the Preliminary Approval Order.  To the extent any such RFC Settlement Class Member intervenes, such RFC Settlement Class Member shall be bound by this Agreement and will be entitled to receive only a pro rata payment from the Net Distributable Settlement Fund.

**10.    <u>Final Approval Order and Final Judgment</u>**

a.      The Named Plaintiffs and Plaintiffs' Counsel agree that they will request the Court to enter, after the hearing on final approval of this Agreement, a Final Approval Order substantially in the form attached as **Exhibit C**.  In accordance with **Exhibit C**, the Final Approval Order will certify the RFC Settlement Class and find that the Settlement and this Agreement are fair, reasonable, and adequate and in the best interests of the RFC Settlement Class.  The Final Approval Order will require the Parties to carry out the provisions of this Agreement.

b.      The Named Plaintiffs and Plaintiffs' Counsel agree that they will request the Court to enter a Final Judgment in the Litigation in a form substantially the same as that attached as **Exhibit D** after the Final Approval Hearing.  In accordance with **Exhibit D**, the Final Judgment will dismiss all remaining individual and class claims and motions of the Named Plaintiffs and the RFC Settlement Class Members against RFC and Homecomings Financial, LLC in the Litigation on the merits and with prejudice as to the Releasors, declare that the Named Plaintiffs and RFC Settlement Class Members are bound by the Releases set forth in Paragraph 6 of this Agreement as of the Effective Date, find and/or conclude that the Non-RFC Plaintiff Borrowers cannot recover any damages, penalties, sanctions or other relief from RFC

with respect to the MCR Loans because the MCR Loans of the Non-Plaintiff RFC Borrowers are
not MCR-RFC Loans (which finding and/or conclusion shall not be deemed a holding that the
Non-RFC Plaintiff Borrowers have released any claims of any kind or type with respect to the
MCR Loans), contain an express determination by the Court that "there is no just reason for
delay," and reserve continuing jurisdiction over the enforcement of this Agreement, the
administration and distribution of the Settlement Funds and, if necessary, vacating and/or setting
aside the Final Judgment in the event the Settlement does not (or cannot) become effective
pursuant to Paragraph 12 below.

## 11.    Certifications to the Court

a.    On or before the Final Hearing Date, Plaintiffs' Counsel shall file with the Court
in the Litigation an affidavit verifying that the court-approved Class Mail Notices have been sent
by first-class mail.

b.    On or before the Final Hearing Date, Plaintiffs' Counsel shall file with the Court
an affidavit verifying that they have complied with the procedures described in Paragraph 14.a
with respect to all Class Mail Notices returned as undeliverable.

## 12.    Effectiveness of Settlement Agreement

a.    The "Effective Date" of this Agreement shall be the date when each and all of the
following conditions have occurred, at which point the Settlement shall be deemed effective in
all respects:

i    This Agreement has been signed by the Named Plaintiffs, RFC, Plaintiffs'
Counsel, and the Counsel for RFC;

ii.    A Preliminary Approval Order has been entered by the Court in a form
substantially similar to that attached as **Exhibit B**, granting preliminary approval of this

Agreement, and approving a form of Class Mail Notice, as provided in Paragraph 8;

iii.    The Court-approved Class Mail Notice has been duly mailed to the RFC Settlement Class as ordered by the Court;

iv.    A Final Approval Order has been entered by the Court in a form substantially similar to that attached as **Exhibit C** as provided in Paragraph 10.a;

v.    A Final Judgment has been entered by the Court, in a form substantially similar to that attached as **Exhibit D**, as provided in Paragraph 10.b; and

vi.    The Final Approval Order and the Final Judgment entered as provided in Paragraphs 10.a and 10.b have become final because of (a) the expiration of the time for appeals therefrom without any appeal having been taken or, (b) if review of the order, or any portion thereof, is sought by any person, the matter has been fully and finally resolved by the appellate court(s) and the time for seeking any higher level of appellate review has expired.

b.    If any material portion of the Agreement, the Final Approval Order, or the Final Judgment is vacated, voided, modified, or otherwise altered by the Court or on appeal, any Party may, in its sole discretion, within five (5) business days of such ruling, declare that the Agreement has failed to become effective and in such circumstances the Agreement shall cease to be of any force and effect as provided in Paragraph 13.

## 13.    <u>Failure of Condition</u>

If, for any reason, this Agreement fails to become effective as provided in Paragraphs 3, 9 and/or 12, each and every obligation under the Agreement shall cease to be of any force and effect, and this Agreement, any dismissal entered pursuant to this Agreement, the Final Judgment and any orders entered in connection with the Settlement, dismissal order or Final Judgment,

shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable"
for purposes of Mo. Rule 74.06 and the Parties shall be returned to the status quo prior to
entering into this Agreement and Settlement with respect to the Litigation as if this Agreement
and Settlement had never been entered into, except that the provisions of Paragraphs 1 and
Paragraph 16.o hereof shall survive and remain binding on the Parties and effective in all
respects regardless of the reasons for such failure of condition and any Party may reassert their
claims against the other Party or Parties in the Litigation; provided, however, that if at such time
the Litigation is terminated or has been otherwise concluded, or if the Named Plaintiffs and/or
the RFC Settlement Class Members are otherwise precluded from reasserting their claims against
RFC or any of the other Released Persons in the Litigation after requesting the Court to allow
them to do so, then the Named Plaintiffs and the RFC Settlement Class Members may commence
a new lawsuit or proceeding against RFC and/or the other Released Persons, or any one or more
of them, in the same or separate proceedings, to pursue the claims and causes of action that they
are currently asserting in the Litigation as if the claims had been reasserted in the Litigation as
stated herein.  In such event, the Agreement and all negotiations, court orders and proceedings
relating thereto shall be without prejudice to the rights of any and all parties hereto, and evidence
relating to the Agreement and all negotiations shall not be admissible or discoverable in the
Litigation or otherwise.

**14.**    **Class Notice Forms**

     a.    **Exhibit E** constitutes a list of the members of the RFC Settlement Class to whom
notice pursuant to this Agreement shall be provided.  Prior to mailing, Plaintiffs' Counsel will
update the addresses by use of the United States Postal Service's National Change of Address
database or another address database service (e.g., Accurint, Intelius).  Plaintiffs' Counsel will

re-mail any returned notices to any new address disclosed.  To the extent any notice is returned a second time, Plaintiffs' Counsel shall undertake reasonable efforts to locate current addresses for said class member(s).  The notices shall be mailed within five (5) days of the Preliminary Approval Order.

b.        Subject to Court approval, all RFC Settlement Class Members shall be bound by this Agreement and the Released Claims shall be dismissed with prejudice and deemed released as of the Effective Date, even if an RFC Settlement Class Member did not receive actual notice of the Litigation or the Settlement.  Further, the Parties expressly acknowledge and agree that a Final Judgment shall be entered by the Court dismissing the Released Claims and barring the relitigation of the Released Claims as provided herein, regardless of whether such Released Claims were actually asserted, to the fullest extent of the law and that any dismissal order or judgment shall be entitled to full faith and credit in any other court, tribunal, forum, including arbitration fora, or agency.

## 15.    **Public Comments and Press Releases**

a.        Before the Motion for Preliminary Approval of Class Action Settlement is filed, neither the Parties nor any of their counsel shall issue any press release or have other communications with the media regarding the Settlement, except as required by law.

b.        The Named Plaintiffs and Plaintiffs' Counsel agree that they will not issue any press release related to the Settlement without giving RFC and its Counsel an opportunity to review and comment on any such release prior to it being made public.  It is expressly understood and agreed that a Party's website is not the "press" and that the publication and/or a description of information and documents on a Party's website is not a "press release."

c.        No Party and no counsel shall make any public comments including any posting

on a website that would undermine the Settlement, adversely affect the ability of the Parties to
obtain final approval of the Settlement, or disparage any other Party or counsel for any Party.

d.    Nothing in this Section shall prohibit counsel from providing legal advice to any
of the individual RFC Settlement Class Members and/or any other to their client.

## 16.    **General Provisions**

a.    <u>Entire Agreement</u>.    This Agreement constitutes the full, complete and entire
understanding, agreement and arrangement of and between the Named Plaintiffs and the RFC
Settlement Class Members, on the one hand, and RFC, on the other hand, with respect to the
Settlement and the Released Claims against the Released Persons.  This Agreement supersedes
any and all prior oral or written understandings, agreements, and arrangements between the
Parties with respect to the Settlement and the Released Claims against the Released Persons.
Except for those set forth expressly in this Agreement, there are no agreements, covenants,
promises, representations or arrangements between the Parties with respect to the Settlement
and/or the Released Claims against the Released Persons.

b.    <u>Ongoing Cooperation</u>.    The Parties hereto shall execute all documents and
perform all acts necessary and proper to effectuate the terms of this Agreement.  The execution
of any documents must take place before the Final Hearing Date.

c.    <u>No Avoidance</u>.    Under no circumstances shall this Agreement operate or be used
by RFC or its parent, subsidiary or affiliated companies to discharge or avoid any liens, debts
and/or other obligations acknowledged, created and/or owed by RFC in or pursuant to the
Settlement and Agreement including, without limitation, RFC's agreement and/or obligation to
pay the additional statutory attorneys' fees award pursuant to the *Stipulated Order*, the Substitute
Supersedeas Bond securing said additional award, the Settlement Payment, and/or the liability,

38

or debt of RFC for the balance of any settlement or other debt owed by virtue of the Settlement and the Agreement.

d.      Severability.  This Agreement shall be enforced in its entirety to the maximum extent allowed by law.  If any provision contained in this Agreement shall be determined to be invalid, illegal, unenforceable or contrary to law in any respect for any reason, such provision or portion of such provision shall be of no force or effect; but, subject to Paragraph 12.b hereof, the validity, legality, and enforceability of the provision in any other respect and of any and all of the remaining provisions of this Agreement shall continue in full force and effect and shall not be impaired in any way.  The Parties agree that, to the extent allowed by law, they shall meet and confer in good faith with respect to any provision found to be in contravention of the law in order to agree on a substitute provision.

e.      Modification in Writing.  This Agreement may be altered, amended, modified or waived, in whole or in part, only in a writing signed by all Parties.  This Agreement may not be amended, altered, modified or waived, in whole or in part, orally.

f.      Duplicate Originals/Execution in Counterpart.  All Parties, Plaintiffs' Counsel and Counsel for RFC shall sign two copies of this Agreement and each such copy shall be considered an original.  This Agreement may be signed in one or more counterparts.  All executed copies of this Agreement, and photocopies thereof (including facsimile copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

g.      No Reliance. Each Party to this Agreement warrants that he, she or it is acting upon his, her, or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by

any other Party, other than the warranties and representations expressly made in this Agreement.

h.      <u>Governing Law</u>.  This Agreement shall be interpreted, construed, enforced, and administered in accordance with the laws of the state of Missouri, without regard to conflict of laws rules.  This Agreement shall be enforced in the Circuit Court of Jackson County, Missouri and RFC, the Named Plaintiffs and the RFC Settlement Class Members waive any objection that each such Party may now have or hereafter have to the venue of such suit, action, or proceeding and irrevocably consent to the jurisdiction of the Jackson County Court in any such suit, action or proceeding, and agree to accept and acknowledge service of any and all process which may be served in any such suit, action or proceeding.

i.      <u>Reservation of Jurisdiction</u>.  Notwithstanding the dismissal of and entry of a judgment on the Released Claims, the Court shall retain jurisdiction for purposes of enforcing the terms of this Agreement and implementing the Settlement, including the issuance of injunctions against actions brought by RFC Settlement Class Members in violation of the Final Judgment.

j.      <u>Binding on Successors</u>.  This Agreement shall be binding on and shall inure to the benefit of the Parties and their respective successors, assigns, executors, administrators, heirs and legal representatives.

k.      <u>Mutual Preparation</u>.  This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that because of the arm's length negotiations between the Parties, all Parties have contributed to the preparation of this Agreement.

l.      <u>Gender Neutrality</u>.  All personal pronouns used in this Agreement, whether used in the masculine, feminine or neuter gender, shall include all other genders, and the singular shall

40

include the plural and vice versa.

m.    Taxes.  All RFC Settlement Class Members shall be responsible for paying and/or reporting any and all federal, state and local income taxes due on the payments made to them pursuant to the Settlement.

n.    No Other Financial Obligations on RFC.  RFC shall not be liable or obligated to pay any fees, expenses, costs or disbursements to the Named Plaintiffs, Plaintiffs' Counsel and/or any of the RFC Settlement Class Members or any attorney representing any of them, either directly or indirectly, in connection with the Litigation or the administration of this Agreement, other than the amounts expressly provided for herein.  Any miscellaneous settlement administration expenses of any kind shall be advanced by Plaintiffs' Counsel and reimbursed from the Settlement Funds, subject to the Court's approval.

o.    Non-Use of the Agreement.  In addition to the above, and as may be otherwise stated herein, the Named Plaintiffs and Plaintiffs' Counsel agree that neither this Agreement, nor its terms, nor any related negotiations, statements or court proceedings, nor the Settlement Funds, Net Settlement Funds, or any other amounts specified herein may be offered or used in the lawsuit, styled *In Re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*, Consolidated Case No. 03-cv-00425 (MDL No. 1674), or any of the individual cases and/or lawsuits of which MDL No. 1674 is comprised, or any other litigation, action or proceeding in which RFC is a party for any purpose except the following: (a) to enforce the terms of this Agreement; or (b) as the Court may otherwise order or direct, in which event the Party or Parties or Plaintiffs' Counsel shall request the Court to review the Agreement *in camera*, but shall make any submission or filing as required by the Court regardless of the decision.  The Named Plaintiffs and Plaintiffs' Counsel further agree that

they will not request, seek or suggest that this Agreement, or its terms, or any related negotiations, statements or court proceedings, or the Settlement Funds, Net Settlement Funds, or any other amounts specified herein should or will be offered or used in the lawsuit, styled *In Re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*, Consolidated Case No. 03-cv-00425 (MDL No. 1674), or any of the individual cases and/or lawsuits of which MDL No. 1674 is comprised, or any other litigation, action or proceeding in which RFC is a party for any purpose except to enforce the terms of this Agreement.

p.      <u>Authority</u>.  With respect to themselves, each of the Parties to this Agreement represents, covenants and warrants that (i) they have the full power and authority to enter into and consummate all transactions contemplated by this Agreement and have duly authorized the execution, delivery and performance of this Agreement and (ii) the person executing this Agreement has the full right, power and authority to enter into this Agreement on behalf of the Party for whom he/she has executed this Agreement, and the full right, power and authority to execute any and all necessary instruments in connection herewith, and to fully bind such Party to the terms and obligations of this Agreement.

q.      <u>Exhibits</u>.  The exhibits attached to this Agreement are incorporated herein as though fully set forth.

IN WITNESS WHEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed as of the Settlement Date.

[THIS SPACE INTENTIONALLY BLANK]

Steven L. Mitchell, individually and on behalf
of the RFC Settlement Class Members.

Ruth E. Mitchell, individually and on behalf of
the RFC Settlement Class Members.

RESIDENTIAL FUNDING COMPANY, LLC

By:_____

Title:_____

Plaintiffs' Counsel

By:_____

Counsel for RFC

By:_____

43

_____

Steven L. Mitchell, individually and on behalf
of the RFC Settlement Class Members.

_____

Ruth E. Mitchell, individually and on behalf of
the RFC Settlement Class Members.

RESIDENTIAL FUNDING COMPANY, LLC

By: _____

Title:  General Counsel

Plaintiffs' Counsel

By:_____

Counsel for RFC

By:_____

43

_____

Steven L. Mitchell, individually and on behalf
of the RFC Settlement Class Members.


_____

Ruth E. Mitchell, individually and on behalf of
the RFC Settlement Class Members.


RESIDENTIAL FUNDING COMPANY, LLC

By:_____

Title:_____


Plaintiffs' Counsel

By:_____


Counsel for RFC

By:_____

43

## EXHIBITS AND SCHEDULES

Schedule A – Proposed Distribution Schedule of Net Distributable Settlement Fund/Additional RFC Settlement Class Member Payments

Exhibit A – Class Mail Notice

Exhibit B – Preliminary Approval Order

Exhibit C – Final Approval Order

Exhibit D – Final Judgment

Exhibit E – RFC Settlement Class List

Exhibit F – List of RFC affiliates

Exhibit G – List of Class Members - Household Loans

Exhibit H – List of Class Members - Wells Fargo Loans

Exhibit I – Nunc Pro Tunc Judgment and Order

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| STEVEN AND RUTH MITCHELL, | |
| Plaintiffs, | Case No. 03-CV-220489-01 |
| vs. | |
| RESIDENTIAL FUNDING CORPORATION, et al., | Division 4 |
| Defendants. | |

# SCHEDULE A
# TO
# EXHIBIT 1 - SETTLEMENT AND RELEASE
# AGREEMENT

## FILED UNDER SEAL



Schedule A
Proposed Distribution Schedule of Net Distributable Settlement Fund/RFC
By Borrower Name
To Be Filed Under Seal

| Obs | Borrower Last Name | Borrower First Name | Co-Borrower Last Name | Co-Borrower First Name | Borrower SS# | Co-Borrower SS# | Percentage of the Total Comp Damages | Previous Compensatory Class Member Payment made on October 7, 2011 | Multiplier that Compares Previous Class Member Payment to Additional RFC Class Member Payment | Additional RFC Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Adams | Robin C. | | | 3436 | | 0.28% | $17,359.28 | 1.2991 | $22,550.92 |
| 2 | Allen | Bradley K. | | | 8693 | | 0.45% | $27,730.69 | 1.2991 | $36,024.11 |
| 3 | Allen | Curtis W. | | | 3002 | | 0.23% | $14,002.27 | 1.2991 | $18,189.93 |
| 4 | Allgood | Melinda C. | Allgood | Larry R. | 1704 | 1277 | 0.36% | $22,238.90 | 1.2991 | $28,889.90 |
| 5 | Althage | Mark D. | Althage | Linda S. | 8821 | 2131 | 0.50% | $30,758.87 | 1.2991 | $39,957.94 |
| 6 | Anderson Travis | Karen E. | | | 0409 | | 0.12% | $7,550.11 | 1.2991 | $9,808.13 |
| 7 | Anson | Nancy | | | 1711 | | 0.54% | $33,230.18 | 1.2991 | $43,168.35 |
| 8 | Atwood | Mitchell S. | Atwood | Debbie A. | 0911 | 2696 | 0.27% | $16,318.83 | 1.2991 | $21,199.31 |
| 9 | Aulbur | Michael C. | Aulbur | Sandra D. | 8478 | 7604 | 0.41% | $25,157.62 | 1.2991 | $32,681.52 |
| 10 | Bahr Jr. | Larry D. | Bahr | Wendy L. | 7828 | 7833 | 0.47% | $28,602.65 | 1.2991 | $37,156.86 |
| 11 | Baker | Michael D. | Baker | Rebecca J. | 7298 | 7296 | 0.53% | $32,355.97 | 1.2991 | $42,032.69 |
| 12 | Barker | Larry Dean | Barker | Dawn M. | 0254 | 2657 | 0.33% | $20,010.59 | 1.2991 | $25,995.17 |
| 13 | Barks | Kendal D. | | | 8139 | | 0.67% | $41,142.53 | 1.2991 | $53,447.05 |
| 14 | Barron | Bonnie | | | 8664 | | 0.25% | $15,450.29 | 1.2991 | $20,071.02 |
| 15 | Beck | Scott | Beck | Denise A. | 7371 | 0597 | 0.49% | $29,803.40 | 1.2991 | $38,716.72 |
| 16 | Bell | Deanna L. | | | 7585 | | 0.20% | $12,383.05 | 1.2991 | $16,086.46 |
| 17 | Binary | Kalman K. | Binary | Melanie D. | 3180 | 5183 | 0.79% | $48,189.63 | 1.2991 | $62,601.73 |
| 18 | Billingsley | Edward | Billingsley | Vera L. | 7297 | 0014 | 0.22% | $13,403.34 | 1.2991 | $17,411.88 |
| 19 | Billingsley | Sandra J. | Billingsley | James S. | 1138 | 2912 | 0.09% | $5,794.95 | 1.2991 | $7,528.05 |
| 20 | Blackmon | Curtis W. | | | 3543 | | 0.14% | $8,279.60 | 1.2991 | $10,755.78 |
| 21 | Blaisdell | Deborah S. | | | 7903 | | 0.12% | $7,320.83 | 1.2991 | $9,510.27 |
| 22 | Blick | Roger A. | Blick | Cynthia A. | 5786 | 2887 | 0.24% | $14,778.50 | 1.2991 | $19,198.31 |
| 23 | Bonney/Bryant (Watts) | Lois L. | | | 3327 | | 0.36% | $22,087.61 | 1.2991 | $28,693.36 |
| 24 | Bouma | Darren | Bouma | Kandice M. | 3597 | 7900 | 0.30% | $18,394.38 | 1.2991 | $23,895.60 |
| 25 | Bovard | Charlton S. | Bovard | Laura J. | 7991 | 7583 | 0.23% | $13,983.20 | 1.2991 | $18,165.16 |
| 26 | Boyet | Erica A. | Boyet | Adam C. | 8355 | 8231 | 0.25% | $15,006.73 | 1.2991 | $19,494.80 |
| 27 | Brandt | Sandra J. | | | 7631 | | 0.45% | $27,398.94 | 1.2991 | $35,593.16 |
| 28 | Brase | Scott A. | Brase | Amanda J. | 9291 | 2058 | 0.30% | $18,476.85 | 1.2991 | $24,002.73 |
| 29 | Brewer Jr. | Jerry R. | | | 3580 | | 0.51% | $30,970.16 | 1.2991 | $40,232.42 |
| 30 | Brodbeck | Timothy L. | Brodbeck | Kathryn A. | 8009 | 2596 | 0.21% | $12,776.78 | 1.2991 | $16,597.94 |
| 31 | Broomfield | Brian M. | | | 2942 | | 0.47% | $28,561.06 | 1.2991 | $37,102.83 |
| 32 | Brown | Charles E. | Brown | Karen S. | 3667 | 0923 | 0.48% | $29,507.60 | 1.2991 | $38,332.45 |
| 33 | Broyles | Carolyn A. | Broyles | Daniel L. | 0977 | 9002 | 0.42% | $25,682.47 | 1.2991 | $33,363.34 |
| 34 | Buchanan | Bryan L. | | | 5363 | | 0.23% | $13,990.48 | 1.2991 | $18,174.62 |
| 35 | Buckley | Katrina R. | | | 2627 | | 0.28% | $16,796.12 | 1.2991 | $21,819.34 |
| 36 | Butler | Sheri L. | | | 1357 | | 0.23% | $13,884.32 | 1.2991 | $18,036.71 |
| 37 | Byrd | Rebecca E. | Byrd | Matthew D. | 7006 | 5970 | 0.24% | $14,435.12 | 1.2991 | $18,752.24 |

| Obs | Borrower Last Name | Borrower First Name | Co-Borrower Last Name | Co-Borrower First Name | Borrower SS# | Co-Borrower SS# | Percentage of the Total Comp Damages | Previous Compensatory Class Member Payment made on October 7, 2011 | Multiplier that Compares Previous Class Member Payment to Additional RFC Class Member Payment | Additional RFC Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 38 | Carter | Nathaniel | Carter | Barbara J. | 0609 | 5283 | 0.99% | $60,143.50 | 1.2991 | $78,130.65 |
| 39 | Carver | Jason G. | Carver | Julie | 2296 | 1402 | 0.67% | $41,147.44 | 1.2991 | $53,453.43 |
| 40 | Centorbi | Derek T. | | | 9063 | | 0.66% | $40,429.96 | 1.2991 | $52,521.37 |
| 41 | Clapsaddle | Robert J. | Clapsaddle | Jennifer D. | 9911 | 7969 | 0.16% | $9,601.46 | 1.2991 | $12,472.97 |
| 42 | Clince | William F. | Clince | Molly S. | 3693 | 5790 | 0.26% | $15,665.83 | 1.2991 | $20,351.02 |
| 43 | Cline | Robert L. | Cline | Carol M. | 2364 | 7641 | 0.63% | $38,214.98 | 1.2991 | $49,643.95 |
| 44 | Como | Charles A. | Como | Rebecca A. | 1060 | 6956 | 0.53% | $32,057.82 | 1.2991 | $41,645.37 |
| 45 | Conn | Terry L. | Conn | Linda A. | 2148 | 8466 | 0.21% | $12,779.86 | 1.2991 | $16,601.94 |
| 46 | Conner | Dorothy | Conner | Jack | 8169 | 7459 | 0.37% | $22,569.08 | 1.2991 | $29,318.83 |
| 47 | Conway | K. Brian | Conway | Cindy E. | 6333 | 0988 | 0.21% | $13,019.33 | 1.2991 | $16,913.03 |
| 48 | Cornican | David L. | | | 3698 | | 0.74% | $45,071.27 | 1.2991 | $58,550.76 |
| 49 | Cousins | Charles T. | Cousins | Rosemary S. | 8590 | 8283 | 0.43% | $26,054.89 | 1.2991 | $33,847.14 |
| 50 | Covey | Melania | | | 3401 | | 0.54% | $33,025.51 | 1.2991 | $42,902.47 |
| 51 | Crenshaw | Karen | | | 5358 | | 0.34% | $20,503.70 | 1.2991 | $26,635.75 |
| 52 | Crowe | Paul J. | | | 7692 | | 0.35% | $21,464.64 | 1.2991 | $27,884.08 |
| 53 | Curnutte | Edward E. | Curnutte | Suzanne K. | 4022 | 3628 | 0.64% | $38,814.66 | 1.2991 | $50,422.98 |
| 54 | Danner | Larry A. | Danner | Victoria L. | 0438 | 1964 | 0.24% | $14,888.02 | 1.2991 | $19,340.59 |
| 55 | Davidson | Douglas A. | Davidson | Carla R. | /s | 4107 | 0.42% | $25,779.42 | 1.2991 | $33,489.28 |
| 56 | Denney | Steven P. | Denney | Susanna J. | 7314 | 5181 | 0.27% | $16,395.82 | 1.2991 | $21,299.33 |
| 57 | Dinnius | Edward J. | (Dinnius) Craig | Lori A. | 4317 | 4482 | 0.18% | $11,192.27 | 1.2991 | $14,539.55 |
| 58 | Domecillo | Michael S. | Domecillo | Rebecca J. | 9511 | 3683 | 0.16% | $9,522.17 | 1.2991 | $12,369.97 |
| 59 | Drews | Carl L. | Drews | Deborah | 0758 | 7394 | 0.36% | $22,257.54 | 1.2991 | $28,914.11 |
| 60 | Dunn | Terence M. | Dunn | Brandi R. | 5929 | 5436 | 0.39% | $23,811.99 | 1.2991 | $30,933.45 |
| 61 | Durham | Stephen D. | | | 0837 | | 0.46% | $27,777.50 | 1.2991 | $36,084.93 |
| 62 | Eisele | Gary A. | | | 4638 | | 0.83% | $50,916.53 | 1.2991 | $66,144.16 |
| 63 | Englert | Christopher Paul | Englert | Angela B. | 5640 | 0640 | 0.18% | $11,151.55 | 1.2991 | $14,486.65 |
| 64 | Ervin | Mark S. | Ervin | Susan M. | 0899 | 1189 | 0.67% | $40,972.12 | 1.2991 | $53,225.67 |
| 65 | Evans | Edward J. | Evans | Lori | 1889 | 7262 | 0.65% | $39,716.82 | 1.2991 | $51,594.95 |
| 66 | Farley | Cheryl L. | | | 7313 | | 0.22% | $13,266.17 | 1.2991 | $17,233.69 |
| 67 | Faulkner Jr. | John E. | | | 4945 | | 0.21% | $12,613.44 | 1.2991 | $16,385.75 |
| 68 | Feierabend | Chris V. | | | 1788 | | 0.32% | $19,672.30 | 1.2991 | $25,555.70 |
| 69 | Feldmann | Andrew L. | Treat | Laura D. | 8157 | 6054 | 0.45% | $27,169.21 | 1.2991 | $35,294.72 |
| 70 | Files | Bryan L. | | | 2330 | | 0.26% | $15,946.51 | 1.2991 | $20,715.64 |
| 71 | Franke | Scott J. | | | 8053 | | 0.48% | $29,443.92 | 1.2991 | $38,249.73 |
| 72 | Frazier | William L. | | | 1737 | | 0.52% | $31,848.36 | 1.2991 | $41,373.27 |
| 73 | Frisella | Donna A. | | | 6877 | | 0.35% | $21,199.08 | 1.2991 | $27,559.10 |
| 74 | Froman | Richard L. | Froman | Mary | 1068 | 7221 | 0.32% | $19,828.56 | 1.2991 | $25,758.70 |
| 75 | Frost | Robert A. | | | 2821 | | 0.76% | $46,530.70 | 1.2991 | $60,446.66 |
| 76 | Fuhrhop | Donald A. | | | 4807 | | 0.41% | $24,741.71 | 1.2991 | $32,141.23 |
| 77 | Garmon | Jeffrey D. | | | 4602 | | 0.27% | $16,564.92 | 1.2991 | $21,519.00 |
| 78 | Garrison | Kevin H. | Garrison | Amy B. | 2032 | 5050 | 0.29% | $17,854.30 | 1.2991 | $23,193.99 |
| 79 | Gass | Robert Ray | | | 5290 | | 0.42% | $25,546.51 | 1.2991 | $33,186.72 |
| 80 | Gauthier | Michael | Gauthier | Marcia | 5842 | 5180 | 0.51% | $31,176.81 | 1.2991 | $40,500.87 |
| 81 | Gibbs | Belinda | Gibbs | David Lynn | 4980 | 2951 | 0.40% | $24,162.51 | 1.2991 | $31,388.80 |

| Obs | Borrower First Name | Borrower First Name | Co-Borrower Last Name | Co-Borrower First Name | Borrower SS# | Co-Borrower SS# | Percentage of the Total Comp Damages | Previous Compensatory Class Member Payment made on October 7, 2011 | Multiplier that Compares Previous Class Member Payment to Additional RFC Class Member Payment | Additional RFC Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 82 | Gilio | Rosemary | | | 3428 | | 0.28% | $16,941.63 | 1.2991 | $22,008.37 |
| 83 | Giocolo | David W. | | | 3915 | | 0.54% | $33,249.18 | 1.2991 | $43,193.03 |
| 84 | Goddard | Andrew Keith | | | 1137 | | 0.10% | $6,294.39 | 1.2991 | $8,176.86 |
| 85 | Goeddel | Nancy | | | 8081 | | 0.38% | $22,959.40 | 1.2991 | $29,825.88 |
| 86 | Grafrath | Mary K. | | | 8954 | | 0.24% | $14,434.93 | 1.2991 | $18,751.99 |
| 87 | Grantham | Steve W. | | | 7231 | | 0.32% | $19,480.95 | 1.2991 | $25,307.13 |
| 88 | Grawe | Judith A. | | | 2218 | | 0.18% | $10,928.77 | 1.2991 | $14,197.24 |
| 89 | Griggs | Jacqueline R. | | | 2656 | | 0.51% | $30,955.44 | 1.2991 | $40,213.30 |
| 90 | Grounds | Doris K. | | | 3644 | | 0.42% | $25,722.37 | 1.2991 | $33,415.17 |
| 91 | Guildner | John A. | | | 1481 | | 0.12% | $7,022.85 | 1.2991 | $9,123.18 |
| 92 | Guiner | Chrispin J. | | | 1526 | | 0.52% | $31,644.11 | 1.2991 | $41,107.93 |
| 93 | Hairston | Karen J. | | | 5683 | | 1.07% | $65,543.59 | 1.2991 | $85,145.75 |
| 94 | Halley | Stephen W. | Halley | Sharon A. | 4852 | 7538 | 0.55% | $33,316.98 | 1.2991 | $43,281.11 |
| 95 | Hancock III | William E. | Hancock | Julie K. | 4214 | 7417 | 0.18% | $11,273.39 | 1.2991 | $14,644.93 |
| 96 | Harris | Donald W. | Harris Kulus | Nicole M. | 1887 | 0335 | 0.17% | $10,161.12 | 1.2991 | $13,200.01 |
| 97 | Harris | Nancy K. | Harris | Darrell L. | 3408 | 1427 | 0.31% | $19,124.18 | 1.2991 | $24,843.66 |
| 98 | Hart | James M. | Hart | Michelle L. | 3340 | 9951 | 0.94% | $57,197.43 | 1.2991 | $74,303.50 |
| 99 | Henderson Jr. | Marvin W. | Henderson | Lynn M. | 1119 | 4414 | 0.29% | $17,422.10 | 1.2991 | $22,632.54 |
| 100 | Hess | Kenneth | Hess | Abbott | 5451 | 8469 | 0.98% | $59,840.01 | 1.2991 | $77,736.39 |
| 101 | Hollins | Michael E. | Hollins | Sandra | 4802 | 1011 | 0.15% | $9,310.24 | 1.2991 | $12,094.66 |
| 102 | Holthaus | Stacy J. | Holthaus | Michelle M. | 2423 | 7161 | 0.38% | $23,451.34 | 1.2991 | $30,464.94 |
| 103 | Holtsman | Pamela | | | 3507 | | 0.57% | $34,783.76 | 1.2991 | $45,186.56 |
| 104 | Hornbeck | Rickie G. | Hornbeck | Sari L. | 7814 | 0341 | 0.59% | $35,815.49 | 1.2991 | $46,526.85 |
| 105 | Hovanec | Robert K. | Hovanec | Nancy L. | 0118 | 2442 | 0.19% | $11,571.18 | 1.2991 | $15,031.78 |
| 106 | Hubbs | Harvey | | | 3594 | | 0.27% | $16,739.00 | 1.2991 | $21,745.14 |
| 107 | Hudock | Thomas P. | | | 4535 | | 0.35% | $21,113.57 | 1.2991 | $27,428.02 |
| 108 | Hulten | James C. | | | 3149 | | 0.33% | $20,058.93 | 1.2991 | $26,057.96 |
| 109 | Imhoff | Jeffrey A. | Imhoff | Carolyn D. | 1753 | 7600 | 0.15% | $8,910.97 | 1.2991 | $11,575.98 |
| 110 | Jackson | Donald E. | | | 4383 | | 0.98% | $59,949.32 | 1.2991 | $77,878.39 |
| 111 | Jeffries | Carl J. | | | 3584 | | 0.58% | $35,372.60 | 1.2991 | $45,951.50 |
| 112 | Jenkins | Jerry W. | Jenkins | Teresa A. | 2923 | 6358 | 0.41% | $25,294.15 | 1.2991 | $32,858.88 |
| 113 | Johnston | Ronald L. | Johnston | Vickie | 5565 | 1211 | 0.48% | $29,060.14 | 1.2991 | $37,751.17 |
| 114 | Jolliff | Royal J. | Jolliff | Beth A. | 8878 | 4107 | 0.32% | $19,605.36 | 1.2991 | $25,468.75 |
| 115 | Jones | Jeri L. | | | 8098 | | 0.38% | $23,366.06 | 1.2991 | $30,354.16 |
| 116 | Jones | Ronnie D. | Jones | Donna K. | 7915 | 6996 | 0.18% | $11,008.20 | 1.2991 | $14,300.43 |
| 117 | Kaldenberg | Roger A. | Kaldenburg | Sonia S. | 0970 | 0671 | 0.54% | $33,012.95 | 1.2991 | $42,886.15 |
| 118 | Karaim | Ryan E. | | | 5737 | | 0.26% | $16,147.23 | 1.2991 | $20,976.39 |
| 119 | Keck | Christopher T. | | | 4757 | | 0.21% | $12,558.39 | 1.2991 | $16,314.23 |
| 120 | Kent | Jan | | | 5349 | | 1.09% | $66,824.97 | 1.2991 | $86,810.35 |
| 121 | Kerwin | Mark M. | | | 0620 | | 0.47% | $28,837.87 | 1.2991 | $37,462.43 |
| 122 | Kiethline | Brian | Kiethline | Wendy | 8564 | 3734 | 0.18% | $11,002.77 | 1.2991 | $14,293.37 |
| 123 | King | Mark E. | | | 1791 | | 0.25% | $15,210.05 | 1.2991 | $19,758.93 |
| 124 | Kirsch | John | Kirsch (n/k/a Facciolini) | Lana | 3888 | 7282 | 0.30% | $18,454.77 | 1.2991 | $23,974.05 |
| 125 | Kisling | Loren | | | 4039 | | 0.29% | $18,006.02 | 1.2991 | $23,391.09 |

Page 4

| Obs | Borrower Last Name | Borrower First Name | Co-Borrower Last Name | Co-Borrower First Name | Borrower SS# | Co-Borrower SS# | Percentage of the Total Comp Damages | Previous Compensatory Class Member Payment made on October 7, 2011 | Multiplier that Compares Previous Class Member Payment to Additional RFC Class Member Payment | Additional RFC Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 126 | Klosterhoff | Larry J. | Dechia | Michael R. | 7125 | 8955 | 0.22% | $13,552.74 | 1.2991 | $17,605.96 |
| 127 | Kossen | Janet M. | | | 7638 | 0151 | 0.35% | $21,070.28 | 1.2991 | $27,371.78 |
| 128 | Kraus | Bruce C. | Kraus | Dawn | 5176 | | 0.29% | $17,705.97 | 1.2991 | $23,001.30 |
| 129 | Krenzer | Jon E. | Krenzer | Crystal M. | 3911 | 3788 | 0.28% | $16,966.37 | 1.2991 | $22,040.51 |
| 130 | Lallinger | Mark E. | Lallinger | Judith A. | 3880 | 0286 | 0.25% | $15,470.29 | 1.2991 | $20,097.00 |
| 131 | LaMasters | Timothy J. | | | 4889 | | 0.48% | $29,464.67 | 1.2991 | $38,276.68 |
| 132 | LaMasters | Timothy J. | LaMasters | Jennifer J. | 4889 | 3128 | 0.15% | $9,441.78 | 1.2991 | $12,265.54 |
| 133 | Laney | Merlin K. | Laney | Connie L. | 1751 | 5994 | 0.34% | $20,532.58 | 1.2991 | $26,673.27 |
| 134 | Laney | Reggie S. | | | 2913 | 8452 | 0.33% | $19,890.77 | 1.2991 | $25,839.51 |
| 135 | Larson | Justin W. | Larson | Bette J. | 4190 | | 0.21% | $13,089.64 | 1.2991 | $17,004.37 |
| 136 | Lee | William | | | 6251 | 0100 | 0.27% | $16,328.44 | 1.2991 | $21,211.80 |
| 137 | Levergood | Ozella W. | | | 0583 | 0953 | 0.78% | $47,424.30 | 1.2991 | $61,607.51 |
| 138 | Lewis | Thomas R. | Lewis | Charles Edward | 2403 | | 0.30% | $18,570.97 | 1.2991 | $24,125.00 |
| 139 | Lucas | Mary M. | Lucas | Wanda M. | 2526 | 3823 | 0.31% | $19,030.66 | 1.2991 | $24,722.17 |
| 140 | Mack | Robert | | | 4747 | | 0.32% | $19,699.11 | 1.2991 | $25,590.53 |
| 141 | Madole | Rodney C. | Madole | Brenda L. | 9347 | 8016 | 0.67% | $40,594.38 | 1.2991 | $52,734.96 |
| 142 | Malotte | William L. | Malotte | Karla J. | 3346 | 0621 | 0.53% | $32,355.73 | 1.2991 | $42,032.37 |
| 143 | Mansey | Jerome A. | Mansey | Pranee C. | 6493 | 1282 | 1.20% | $73,089.10 | 1.2991 | $94,947.89 |
| 144 | Mapes | Arlene | Mapes | Wanpen | 0377 | 3395 | 0.32% | $19,502.25 | 1.2991 | $25,334.80 |
| 145 | Markland | Dwayne F. | Markland | Terrell | 9521 | 0506 | 0.71% | $43,329.61 | 1.2991 | $56,288.22 |
| 146 | Masters | Mikeal K. | Masters | Michele R. | 8543 | | 0.38% | $23,415.57 | 1.2991 | $30,418.48 |
| 147 | Mauzy | John C. | | | 0464 | | 0.25% | $15,302.90 | 1.2991 | $19,879.55 |
| 148 | McCarthy, Jr. | Daniel J. | | | 2400 | | 0.64% | $39,231.53 | 1.2991 | $50,964.52 |
| 149 | McClafferty | Deborah S. | McClafferty | Linda | 4207 | 1272 | 0.66% | $40,291.84 | 1.2991 | $52,341.94 |
| 150 | McCoy | Christopher M. | McCoy | Ronnie K. Sr. | 6310 | 9395 | 0.34% | $21,036.47 | 1.2991 | $27,327.86 |
| 151 | McFall | Donald E. | McFall | Juliann A. | 1386 | 4516 | 0.18% | $11,263.51 | 1.2991 | $14,632.09 |
| 152 | McGinley | Brian D. | McGinley | Christina L. | 1942 | 2844 | 0.11% | $6,737.96 | 1.2991 | $8,753.09 |
| 153 | McReaken | Ronald E. | McReaken | Laura J. | 7129 | 9889 | 0.59% | $36,105.47 | 1.2991 | $46,903.55 |
| 154 | Medley | Brian S. | Medley | Lesiyn | 9292 | 9594 | 0.26% | $15,870.17 | 1.2991 | $20,616.47 |
| 155 | Mentel | Paul W., Jr. | | | 2487 | | 0.30% | $18,398.23 | 1.2991 | $23,900.60 |
| 156 | Miles | Penny | Miles | Karen L. | 8465 | 4358 | 0.31% | $18,910.57 | 1.2991 | $24,566.16 |
| 157 | Miles | Bernard J., Jr. | Miles | Terry | 7738 | 2002 | 0.26% | $16,073.58 | 1.2991 | $20,880.71 |
| 158 | Miller | Allen | Miller | Christine R. | 4842 | 2004 | 0.51% | $30,867.90 | 1.2991 | $40,099.58 |
| 159 | Mitchell | Steven L. | | | 1492 | | 0.17% | $10,637.15 | 1.2991 | $13,818.41 |
| 160 | Mitchell | Gary M. Sr. | | | 7234 | | 0.43% | $26,004.76 | 1.2991 | $33,782.02 |
| 161 | Mohr | Diana D. | | | 3964 | | 0.29% | $17,943.56 | 1.2991 | $23,309.95 |
| 162 | Moore | Jeffrey R. | | | 8975 | | 0.36% | $21,843.87 | 1.2991 | $28,376.73 |
| 163 | Moore | Anthony L. | | | 5094 | | 0.24% | $14,367.18 | 1.2991 | $18,663.98 |
| 164 | Morgan | Robert J. | Morgan | Theresa K. | 7374 | 7491 | 0.36% | $22,218.85 | 1.2991 | $28,863.85 |
| 165 | Morris | Walter J., Jr. | Morris | Jennifer D. | 7197 | 1441 | 0.48% | $29,582.58 | 1.2991 | $38,429.86 |
| 166 | Mortimer | Michael L. | | | 6392 | | 0.61% | $37,404.72 | 1.2991 | $48,591.37 |
| 167 | Most | Michael F. | Most | Elizabeth M. | 0201 | 2146 | 0.17% | $10,673.66 | 1.2991 | $13,865.84 |
| 168 | Mulitsch | Diana A. | Mulitsch | Lisa M. | 7564 | 8809 | 0.57% | $35,051.51 | 1.2991 | $45,534.38 |
| 169 | Murphy-Meyer | Linda P. | | | 0286 | | 0.25% | $15,248.67 | 1.2991 | $19,809.10 |

| Obs | Borrower Last Name | Borrower First Name | Co-Borrower Last Name | Co-Borrower First Name | Borrower SS# | Co-Borrower SS# | Percentage of the Total Comp Damages | Previous Compensatory Class Member Payment made on October 7, 2011 | Multiplier that Compares Previous Class Member Payment to Additional RFC Class Member Payment | Additional RFC Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 170 | Nardoni | William A. | Nardoni | Mary H. | 9558 | 9148 | 0.23% | $13,739.58 | 1.2991 | $17,848.48 |
| 171 | O'Donnell | Paul | O'Donnell | Kathleen | 788 | 8043 | 0.44% | $26,767.36 | 1.2991 | $34,772.69 |
| 172 | Olesen | Kim A. | | | 727 | | 0.49% | $29,830.08 | 1.2991 | $38,751.38 |
| 173 | Parker | John C. | Parker | Shirley K. | 7059 | 5278 | 0.41% | $24,852.57 | 1.2991 | $32,285.24 |
| 174 | Parker | Randall W. | Parker | Terri S. | 9961 | 8676 | 0.53% | $32,169.31 | 1.2991 | $41,790.20 |
| 175 | Pero | Lester/Warren | Pero | Mary Louise | 3999 | 2593 | 0.41% | $24,802.49 | 1.2991 | $32,220.18 |
| 176 | Petsch | John E. | Petsch | Lori B. | 7038 | 7882 | 0.27% | $16,494.09 | 1.2991 | $21,426.99 |
| 177 | Phillips | Lois G. | | | 3391 | | 0.67% | $41,182.59 | 1.2991 | $53,499.09 |
| 178 | Pickett | Chris W. | Pickett | Nancy D. | 7749 | 1572 | 0.24% | $14,809.15 | 1.2991 | $19,238.13 |
| 179 | Polston | Troy | | | 2099 | | 0.43% | $26,474.20 | 1.2991 | $34,391.85 |
| 180 | Price | Jason | Price | Shirley | 3389 | 7507 | 0.82% | $50,098.76 | 1.2991 | $65,081.82 |
| 181 | Pritchett | David | | | 3170 | | 0.24% | $14,502.90 | 1.2991 | $18,840.29 |
| 182 | Quenelle | Kathleen | Quenelle | Michael V. | 9780 | 9226 | 0.25% | $14,990.56 | 1.2991 | $19,473.79 |
| 183 | Rahe | Ronnie D. | Rahe | Brenda M. | 840 | 3190 | 0.70% | $42,969.87 | 1.2991 | $55,820.89 |
| 184 | Rains | Howard W. | | | 980 | | 0.30% | $18,284.71 | 1.2991 | $23,753.13 |
| 185 | Ramos | Enrique C. | Ramos | Guadalupe U. | 9200 | 5770 | 0.97% | $58,981.24 | 1.2991 | $76,620.79 |
| 186 | Rayman | Richard L. | | | 9692 | | 1.24% | $75,681.72 | 1.2991 | $98,315.89 |
| 187 | Reed | David | | | 3520 | | 0.35% | $21,277.16 | 1.2991 | $27,640.53 |
| 188 | Reed | Shannon R. | | | 7310 | | 0.44% | $26,962.53 | 1.2991 | $35,026.23 |
| 189 | Reid | J Kyle | Reid | Renee L. | 9805 | 0212 | 0.34% | $20,543.60 | 1.2991 | $26,687.59 |
| 190 | Reitz | Deb D. | | | 9544 | | 0.26% | $15,952.33 | 1.2991 | $20,723.20 |
| 191 | Roberson | Joseph W. | Roberson | Kim M. | 3324 | 1386 | 0.27% | $16,396.03 | 1.2991 | $21,299.60 |
| 192 | Roberson | Michael J. | Roberson | Carrianna | 507 | 4954 | 0.41% | $24,810.19 | 1.2991 | $32,230.19 |
| 193 | Roberts | James R. | Cain | Patrice M. | 1944 | 7198 | 0.17% | $10,261.93 | 1.2991 | $13,330.97 |
| 194 | Robinson | Montressa | | | 9599 | | 0.35% | $21,201.78 | 1.2991 | $27,542.61 |
| 195 | Roby | Sharon | | | 2788 | | 0.52% | $31,441.97 | 1.2991 | $40,845.34 |
| 196 | Rucker | Brian J. | Rucker | Rita F. | 7752 | 2578 | 0.80% | $49,099.65 | 1.2991 | $63,783.91 |
| 197 | Ruessler | Gerald | Ruessler | Linda | 9434 | 3761 | 0.35% | $21,354.12 | 1.2991 | $27,740.51 |
| 198 | Rust | Julie M. | | | 1140 | | 0.33% | $20,102.16 | 1.2991 | $26,114.12 |
| 199 | Saffell | Mark E. | | | 3678 | | 0.39% | $23,926.46 | 1.2991 | $31,082.16 |
| 200 | Schmidt | David M. | Schmidt | Michelle R. | 9922 | | 0.39% | $23,628.36 | 1.2991 | $30,694.91 |
| 201 | Schock | Julie M. | Schock | Herbert J. | 4255 | 1399 | 0.69% | $42,352.34 | 1.2991 | $55,018.68 |
| 202 | Schudy | Patric H. | Schudy | Donna J. | 9572 | 6178 | 0.46% | $28,071.43 | 1.2991 | $36,466.77 |
| 203 | Schuessler | Janet | Schuessler | Oscar P. | 7100 | 6881 | 0.72% | $43,927.02 | 1.2991 | $57,064.30 |
| 204 | Scott | Timothy W. | Scott | Deborah S. | 9845 | 5506 | 0.71% | $43,065.70 | 1.2991 | $55,945.38 |
| 205 | Scoville | Kevin M. | Scoville | Debi A. | 5416 | 8637 | 0.45% | $27,563.82 | 1.2991 | $35,807.35 |
| 206 | Shaffer | Thomas H. | Shaffer | Vernessa A. | 3621 | 8988 | 0.92% | $56,388.77 | 1.2991 | $73,252.99 |
| 207 | Shocklee | Daniel J. Jr. | | | 3001 | | 0.18% | $10,932.30 | 1.2991 | $14,201.83 |
| 208 | Silman | Danny C. | Silman | Debra L. | 3424 | 7077 | 0.35% | $21,221.24 | 1.2991 | $27,567.89 |
| 209 | Skiles | Donald | Flowers | Sandra L. | 9494 | 6279 | 0.65% | $39,540.10 | 1.2991 | $51,365.38 |
| 210 | Smith | Alan B. | Smith | Deborah M. | 5512 | 4790 | 0.29% | $17,728.21 | 1.2991 | $23,030.19 |
| 211 | Smith | Danny W. | | | 3302 | | 0.28% | $17,138.24 | 1.2991 | $22,263.78 |
| 212 | Smith | Stephen D. | | | 8840 | | 0.50% | $30,617.14 | 1.2991 | $39,773.82 |
| 213 | Spencer | Daniel E. | | | 9231 | | 0.33% | $20,144.79 | 1.2991 | $26,169.50 |

| Obs | Borrower First Name | Borrower First Name | Co-Borrower Last Name | Co-Borrower First Name | Borrower SS# | Co-Borrower SS# | Percentage of the Total Comp Damages | Previous Compensatory Class Member Payment made on October 7, 2011 | Multiplier that Compares Previous Class Member Payment to Additional RFC Class Member Payment | Additional RFC Payment |
|---|---|---|---|---|---|---|---|---|---|---|
| 214 | Spinelli | Tammy S. | Spinelli | Jeffrey S. | 7741 | 3743 | 0.44% | $27,127.85 | 1.291 | $35,240.99 |
| 215 | Spraggins | Marcus H. | | | 2263 | | 0.16% | $9,853.30 | 1.291 | $12,800.13 |
| 216 | Springer | Robert J. | Springer | Pamela R. | 1008 | 6382 | 0.45% | $27,335.91 | 1.291 | $35,511.27 |
| 217 | Sprous | Nina | Sprous | Bobby | 0247 | 5146 | 0.52% | $32,009.23 | 1.291 | $41,582.25 |
| 218 | Squires | Don E. | Squires | Victoria M. | 9179 | 8623 | 0.30% | $18,225.04 | 1.291 | $23,675.61 |
| 219 | Stagner | Randy A. | | | 1635 | | 0.13% | $7,793.10 | 1.291 | $10,123.79 |
| 220 | Stanley | Scott S. | Stanley | Kim E. | 0759 | 3660 | 0.50% | $30,298.56 | 1.291 | $39,359.97 |
| 221 | Strong | Joe R. | | | 4661 | | 0.20% | $12,452.07 | 1.291 | $16,176.12 |
| 222 | Sutton | Edward T. | Sutton | Kristine M. | 0149 | 5327 | 0.38% | $23,177.86 | 1.291 | $30,109.67 |
| 223 | Swillum | Steve A. Sr. | | | 7535 | | 0.20% | $12,395.90 | 1.291 | $16,103.15 |
| 224 | Talley | Herschel L. | | | 2995 | | 1.27% | $77,323.91 | 1.291 | $100,449.21 |
| 225 | Taschler | John M. | Taschler | Catherine M. | 8582 | 7976 | 0.32% | $19,792.27 | 1.291 | $25,711.55 |
| 226 | Tucker | Sheila | Tucker | Daniel | 5502 | 1918 | 0.19% | $11,433.75 | 1.291 | $14,853.25 |
| 227 | Tucker | Thomas M. | Tucker | Marti E. | 8392 | -0807 | 0.69% | $42,033.35 | 1.291 | $54,604.29 |
| 228 | Tweedie | Scott M. | Tweedie | Catherine L. | 4156 | 1640 | 0.41% | $25,124.73 | 1.291 | $32,638.80 |
| 229 | Ulrich | Gregory M. | Ulrich | Jennifer M. | 5137 | 3638 | 0.37% | $22,393.88 | 1.291 | $29,091.23 |
| 230 | Vermilion | Genevieve | Vermilion | William C. | 0207 | 7804 | 0.26% | $15,922.34 | 1.291 | $20,684.24 |
| 231 | Waggoner | William H. Jr. | Waggoner | Jill R. | 3285 | 9217 | 1.02% | $62,075.64 | 1.291 | $80,640.63 |
| 232 | Walker | Gerry A. | Walker | Leroy R. II | 2320 | 9830 | 0.22% | $13,208.56 | 1.291 | $17,158.85 |
| 233 | Warfel | Patricia S. | Warfel | Robert E. | 9722 | 9450 | 0.39% | $23,843.94 | 1.291 | $30,974.96 |
| 234 | Webster | Richard L. | | | 6197 | | 0.10% | $6,282.00 | 1.291 | $8,160.76 |
| 235 | Weng-Jackson | Robin A. | | | 1520 | | 0.25% | $15,409.40 | 1.291 | $20,017.90 |
| 236 | Whitaker | Scott B. | Whitaker | Robin L. | 5092 | 1314 | 0.20% | $12,255.67 | 1.291 | $15,920.98 |
| 237 | White | Gail A. | White | Michael D. | 1418 | 7391 | 0.31% | $18,655.53 | 1.291 | $24,234.85 |
| 238 | Whitter | Robert | Whitter | Lori | 2591 | 8062 | 0.20% | $12,145.89 | 1.291 | $15,778.37 |
| 239 | Wilkerson | Bradley A. | Wilkerson | Sarah M. | 6169 | 8528 | 0.46% | $27,890.12 | 1.291 | $36,231.23 |
| 240 | Wilkerson | Linda R. | | | 5947 | | 0.32% | $19,609.99 | 1.291 | $25,474.76 |
| 241 | Williams | Keith L. | Williams | Stefany A. | 1262 | 8615 | 0.70% | $42,495.61 | 1.291 | $55,204.79 |
| 242 | Willis | Randal W. | Willis | Cecelia A. | 8710 | 5193 | 0.46% | $28,169.17 | 1.291 | $36,593.74 |
| 243 | Wilson | Jeffrey R. | | | 4635 | | 0.30% | $18,507.07 | 1.291 | $24,041.99 |
| 244 | Wise | Rick | Wise | Tonya L. | 1247 | 7616 | 0.32% | $19,414.96 | 1.291 | $25,221.40 |
| 245 | Wood | Jerri L. | Wood | Jeffrey D. | 6176 | 4847 | 0.57% | $34,553.02 | 1.291 | $44,886.81 |
| 246 | Wood | Keith | | | 2992 | | 0.20% | $12,252.33 | 1.291 | $15,916.64 |
| 247 | Zaldivar | Pascale | Zaldivar | Jesus Antonio | 5395 | -2065 | 0.08% | $5,008.82 | 1.291 | $6,506.81 |
| 248 | Zimmer | Lisa B. | | | 1701 | | 0.14% | $8,311.72 | 1.291 | $10,797.51 |
| | Totals | | | | | | 100.00% | $6,103,957.63 | | $7,929,471.40 |

Low Settlement Benefit $6,506.81
High Settlement Benefit $100,449.21
Average Settlement Benefit $31,973.68

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

**Exhibit A**

STEVEN AND RUTH MITCHELL,

Plaintiffs,

Vs.

RESIDENTIAL FUNDING CORPORATION,
et al.,

Defendants.

Case No. 03-CV-220489-01

Division 4

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## AND OF SETTLEMENT HEARING

*A Missouri Court has authorized this Notice. This is not a solicitation from a lawyer.*
*Please read this Notice carefully and completely.*

THIS NOTICE APPLIES TO YOU BECAUSE (1) YOU ARE A MEMBER OF THE CLASS
OF PERSONS CERTIFIED IN THIS LAWSUIT ON DECEMBER 8, 2006 AND (2) THE
MISSOURI SECOND MORTGAGE LOAN YOU OBTAINED FROM MORTGAGE
CAPITAL RESOURCE CORPORATION WAS PURCHASED BY, ASSIGNED TO,
SERVICED BY AND/OR MASTER SERVICED BY RESIDENTIAL FUNDING COMPANY,
LLC (FORMERLY RESIDENTIAL FUNDING CORPORATION) (DEFINED IN THIS
NOTICE AS "RFC").

AS A MEMBER OF THE CLASS WHOSE MCR LOAN WAS SOLD TO AND/OR
SERVICED BY RFC, YOU ARE ELIGIBLE TO RECEIVE AN ADDITIONAL PAYMENT
WITH REGARD TO YOUR LOAN AS A PART OF A SETTLEMENT REACHED BY
PLAINTIFFS STEVEN AND RUTH MITCHELL AND RFC IN FEBRUARY 2012. THE
SUBJECT SETTLEMENT COVERS THE REMAINING CLAIMS FOR PUNITIVE
DAMAGES AND ALL OTHER FORMS OF RELIEF BEING SOUGHT (AND TO BE
SOUGHT) FROM RFC IN THE LAWSUIT. ALL SUCH MEMBERS OF THE "RFC
SETTLEMENT CLASS" WHO DO NOT EXCLUDE THEMSELVES FROM THE
SETTLEMENT WILL RECEIVE AN ADDITIONAL PAYMENT RANGING FROM AN
ESTIMATED $6,506.81 TO $100,449.21 ($31,973.68 ON AVERAGE) IN CONNECTION
WITH THEIR LOAN. RFC SETTLEMENT CLASS MEMBERS CAN SEE WHAT
PLAINTIFFS' COUNSEL CURRENTLY ESTIMATES THE AMOUNT OF THEIR
"ADDITIONAL RFC SETTLEMENT CLASS MEMBER PAYMENT" TO BE BY VISITING
THE WEBSITE OF PLAINTIFFS' COUNSEL, www.wbsvlaw.com, AND CLICKING ON
THE LINK "MITCHELL RFC SETTLEMENT."

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY**

1.    **WHY SHOULD I READ THIS NOTICE?**

This Notice has been mailed to you because the parties' records show that (1) you obtained a second mortgage loan that was originated by Mortgage Capital Resource Corporation ("MCR") on or after July 29, 1997 that was secured by your Missouri residence, (2) your loan was purchased by, assigned to, serviced by and/or master serviced by Residential Funding Company, LLC (formerly Residential Funding Corporation) ("RFC"); (3) you are a member of the "Litigation Class" that the Circuit Court of Jackson County, Missouri certified in the lawsuit styled *Steven and Ruth Mitchell v. Residential Funding Corporation, et al.*, Case No. 03-CV-220489-01 (the "Lawsuit" or "Litigation"); (4) you did not opt out of or exclude yourself from the certified Litigation Class; and (5) you recovered and received an award of actual damages in connection with your loan after the Named Plaintiffs' claims were tried in December 2007 and January 2008.

You (and any co-borrower(s) on your second mortgage loan) are now eligible to receive an additional payment in connection with your second mortgage loan pursuant to a proposed settlement (the "Settlement") that Steven and Ruth Mitchell, the Named Plaintiffs in the Lawsuit, and RFC entered into as of February 27, 2012. Please share this Notice with any co-borrower(s) on your loan(s).

This Notice generally describes your rights under the proposed Settlement, which has been preliminarily approved by the Circuit Court of Jackson County, Missouri (the "Court") and specifies the date and time of a "Fairness Hearing" that the Court will conduct to consider the fairness of the Settlement.

2.    **WHAT IS THE SETTLEMENT ABOUT?**

If approved by the Court, the Settlement will bring an end to the remaining claims for punitive damages and all other relief that Steven L. and Ruth E. Mitchell, as Named Plaintiffs, are pursuing in the Lawsuit both individually and on behalf of the members of the previously certified Litigation Class whose second mortgage loans from MCR were sold and assigned to and/or serviced and/or master serviced by RFC, as opposed to one of the other two assignee defendants named the case. These particular members of the Litigation Class are defined in the Parties' Settlement Agreement (the "Agreement") as the "RFC Settlement Class." The loans that the members of the RFC Settlement Class obtained from MCR are defined as the "MCR-RFC" loans.

A detailed description of the Lawsuit is set out in the Notice of Class Action Lawsuit dated March 2, 2007 that was previously mailed to you. A copy of the Notice of Class Action Lawsuit is also available on line at the website of Plaintiffs' Counsel, www.wbsvlaw.com (click on the link "Mitchell RFC Settlement"). You may also obtain a copy of the March 2, 2007 Notice of Class Action Lawsuit by contacting Plaintiffs' Counsel at the address listed in Section 7 of this Notice.

The proposed Settlement covers any and all claims against RFC and its affiliates and related persons in connection with the MCR-RFC Loans that to date remain unresolved. The claims against RFC for actual or compensatory damages and interest on the actual or compensatory

damages, and for the attorney's fees incurred in connection with those claims for actual or compensatory damages and interest, are no longer part of the Lawsuit. Those claims were tried to a Jackson County jury, together with a claim for punitive damages, from December 3, 2007 to January 4, 2008. The jury returned a verdict in favor of those class members who obtained an MCR-RFC Loan and collectively awarded those class members a total of $4,329,048.00 of compensatory damages and $92 million of punitive damages. Thereafter, the Court entered its judgment in favor of the class members who obtained an MCR-RFC Loan for, $4,329,048.00 of compensatory damages, $642,066.00 of interest on a portion of those damages, and $92 million of punitive damages. In addition, the Court awarded statutory attorney's fees of $2,680,001.09 pursuant to § 408.562 RSMo and ordered the following sums to be paid from the class common fund recovered with respect to the MCR-RFC Loans: (a) $24,635.75 representing RFC's allocable share of the $30,000 incentive award made to the Named Plaintiffs for their services on behalf of the Litigation Class through trial; and (b) a common fund attorney's fees award of 35% to Plaintiffs' Counsel for the legal work performed in connection with the compensatory damage, interest, and punitive damages awards.

RFC and its co-defendants filed an appeal from the Court's judgment and the Named Plaintiffs filed a cross-appeal.

On November 23, 2010, the Missouri Court of Appeals, Western District (the "Court of Appeals") affirmed the Court's judgment as to compensatory damage and related attorney's fees awards. The Court of Appeals also held that the members of the Class who obtained the MCR-RFC Loans were entitled to prejudgment interest on both the illegal loan fee and interest paid components of the compensatory damage awards, and affirmed in part and reversed in part the Court's judgment in this regard. The Court of Appeals also held that the Named Plaintiffs had made a submissible case for punitive damages against RFC and its co-defendants but reversed the judgment for punitive damages as to each defendant because of an error in the jury instructions. The Court of Appeals determined that the claims for punitive damages had to be retried and therefore remanded the case to the Court for a re-trial with respect to those claims. The Court of Appeals also held that the Plaintiffs' Class was the prevailing party on appeal and that the Court on remand should also award a statutory attorney's fees for the work of Plaintiffs' Counsel on appeal.

On remand, RFC paid the compensatory damage and pre- and post-judgment interest awards to the members of the Litigation Class whose loans were assigned to and/or serviced by RFC as ordered by the Court pursuant to the opinion and mandate of the Court of Appeals. RFC has also paid its allocable share of the statutory attorney's fees awarded by the Court to Class Counsel for their work in procuring the compensatory damage and interest awards and $2,780,365.38 for the work by Class Counsel following the initial trial through the appeals. Plaintiffs' Counsel was not paid and did not receive any common fund attorney's fees for any punitive damages recovery since the Court of Appeals reversed and remanded those claims to the Circuit Court for retrial.

Also on remand, the Named Plaintiffs filed a *Motion for Sanctions Against Wells Fargo Bank, N.A. and Residential Funding Company, LLC for Fraud on the Court, for Violations of this Court's Orders Enforcing Discovery, and for Concealment and Spoilation of Material Evidence.*

In that motion, the Named Plaintiffs sought monetary and procedural sanctions from RFC and co-defendant Wells Fargo Bank (as successor to Wachovia Equity Servicing, LLC) ("WFB"). The sanctions sought in the motion included but were not limited to striking the answers of RFC and WFB and the entry of a judgment holding RFC and WFB liable on the claims for punitive damages.

The motion for sanctions and the remaining claims for punitive damages were set to be heard and tried in March and April 2012, but the motions hearing and the trial were continued given the Parties' settlement and the separate settlements that the Named Plaintiffs also reached with the other defendants. The Named Plaintiffs withdrew the motion for sanctions as a part of the settlements.

RFC and the Named Plaintiffs, individually and as representatives of the RFC Settlement Class, have agreed to settle all of the remaining claims that the Named Plaintiffs and the members of the RFC Settlement Class have against RFC and other affiliated or related persons entities, with respect to the MCR-RFC Loans, including the claims for punitive damages and sanctions, on the terms summarized in this Notice. The complete details of the proposed Settlement are set out in the Agreement signed by the Named Plaintiffs, individually and as representatives of the RFC Settlement Class, and RFC, as the assignee, owner, holder, servicer and/or master servicer of the MCR-RFC Loans. The Named Plaintiffs and RFC are collectively referred to in the Agreement and this Notice as the "Parties."

On April __, 2012, the Court preliminarily approved the Parties' proposed Agreement as fair, reasonable, and adequate. The Court will conduct a "fairness hearing" on _____, 2012 to consider, among other things, whether the Settlement should be finally approved as fair, reasonable, and adequate. The proposed Settlement will become effective only if it is finally approved by the Court, and provided that all other terms and conditions of the Settlement as stated in the Agreement are met.

### 3. WHO IS COVERED BY THE PROPOSED SETTLEMENT?

The Settlement will only apply to the RFC Settlement Class Members as defined in the Agreement. The RFC Settlement Class Members are those persons who, on or after July 29, 1997, obtained a "Second Mortgage Loan," as defined in § 408.231.1 RSMo, from Mortgage Capital Resource Corporation on real property located in Missouri that was purchased by, assigned to and/or serviced and/or master serviced by Residential Funding Company, LLC (formerly Residential Funding Corporation) ("RFC"), and who did not timely exercise their right and option to exclude themselves from the litigation class that the Court certified in the Lawsuit on December 8, 2006.

### 4. WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

The following is only a summary of some of the terms and conditions of the proposed Settlement. For more information, you may obtain a copy of the executed Agreement by contacting Plaintiffs' Counsel at the address listed in Section 7 of this Notice, or by visiting the

website of Plaintiffs' Counsel, www.wbsvlaw.com, and clicking on the link "Mitchell RFC Settlement."

A.  The additional amount that RFC has agreed to pay in settlement (the "Settlement Fund") is $14,500,000.00. This $14,500,000.00 is in addition to the $9,415,339.93 gross amount for the compensatory damages and interest awards previously recovered from RFC by the Named Plaintiffs individually and as representatives on behalf of the members of the Litigation Class who obtained the MCR-RFC Loans. If the Court approves the proposed Settlement, the Named Plaintiffs and the members of the RFC Settlement Class who do not exclude themselves from the Settlement will receive a settlement payment in addition to their prior distribution and payment that will range from an estimated $6,506.81 to $100,449.21 ($31,973.68 on average) per loan. The amount of each such "Additional RFC Settlement Class Member Payment" represents a pro rata share of the "Net Distributable Settlement Fund" recovered via the Settlement and is determined per loan based on the compensatory damages and interest amounts previously awarded to members of the RFC Settlement Class in connection with their respective MCR-RFC Loans as compared to the total amount of the compensatory damages and interest recovered for all of the MCR-RFC Loans. If approved by the Court, each Additional RFC Settlement Class Member Payment will be **130%** of the amount of the corresponding Class Member Payment previously made to the RFC Settlement Class Members in connection with their loans per the Court's Order dated October 6, 2011.

The "Net Distributable Settlement Fund" is a percentage of the "Net Settlement Fund." The "Net Settlement Fund" is determined by deducting the following amounts from the "Settlement Fund": (a) the amount of any incentive award made to the Named Plaintiffs by the Court for their services, time, expenses and dedication in continuing to represent the RFC Settlement Class; and (b) the amount of any post-remand litigation expenses and/or court costs awarded to Plaintiffs' Counsel by the Court pursuant to the Agreement. As proposed, the "Net Distributable Settlement Fund" will total $7,929,471.40, or fifty-five percent (55%) of the "Net Settlement Fund." The Named Plaintiffs and Plaintiffs' Counsel will ask the Court to award the remaining forty-five percent (45%) of the Net Settlement Fund, or $6,487,749.32, as attorney's fees to Plaintiffs' Counsel for their services and work in pursuing the claims for punitive damages and motion for sanctions against RFC and in procuring the $14.5 million Settlement Fund for the RFC Settlement Class. The basis for the proposed incentive, expense and attorney's fees awards that the Named Plaintiffs and Plaintiffs' Counsel will ask the Court to approve are more fully explained in Section 10 of this Notice

RFC Settlement Class Members can review what Plaintiffs' Counsel currently estimates the amount of their Additional RFC Settlement Class Member Payment to be by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com, and clicking on the link "Mitchell RFC Settlement."

B.  If the Court approves the Settlement and it becomes effective in accordance with the terms and conditions of the Agreement, the members of the RFC Settlement Class who do not exclude themselves from the Settlement will receive their Additional RFC Settlement Class

Member Payment for the loan by check. The check will be mailed by first-class mail, postage prepaid, to the RFC Settlement Class Members, or to the bankruptcy trustee for those RFC Settlement Class Members who filed a Chapter 7 bankruptcy after obtaining their loan. The check will be mailed by Plaintiffs' Counsel and will not come from RFC directly. **An RFC Settlement Class Member's right to a settlement payment is a conditional right that terminates if an RFC Settlement Class Member to whom an Additional RFC Settlement Class Member Payment check is mailed fails to cash his or her check within six months of the date of the check. In such case the check shall be null and void (the checks shall be stamped or printed with a notice to the effect), and the Parties shall have no further obligation to make payment to such Class Member. Joint borrowers, such as a husband and wife, will receive a single payment per loan, even if they are separated or divorced. Any RFC Settlement Class Member who receives a payment under the Settlement is personally and solely responsible for distributing or allocating the payment between or among any co-borrower(s), regardless of whether the check is made payable to all or only some of the RFC Settlement Class Member's co-borrowers. RFC Settlement Class Members will also be responsible for paying any taxes due on any Additional RFC Settlement Class Member Payment received. RFC Settlement Class Members are strongly encouraged to consult with their own tax advisor concerning the tax effects of any money received pursuant to this Settlement. Plaintiffs' Counsel cannot provide you with any tax advice.**

C.    The proposed Settlement will become effective only if approved by the Court and all of the other terms and conditions as to effectiveness as stated in the Agreement are met. If the Settlement is approved and becomes effective, the Court will enter a Final Judgment that releases and discharges RFC and its affiliates and certain other persons related to RFC as of the "Effective Date" from certain claims that were or could have been asserted against them in the Lawsuit. The Releases are further discussed and set out in Section 11 of this Notice.

## 5. WHAT DO I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?

**Nothing**. You are already a member of the RFC Settlement Class and will participate in the Settlement and will receive the estimated Additional RFC Settlement Class Member Payment as stated above. **If you filed for Chapter 7 bankruptcy protection after you obtained your loan, you are still a member of the RFC Settlement Class, but the Settlement Payment will be made payable to you and/or your Chapter 7 bankruptcy trustee, who will also receive this Notice.** If you filed for bankruptcy protection, you should consult with a bankruptcy attorney about this Notice.

If you change your address, please contact Plaintiffs' Counsel at the address provided in Section 7 below.

## 6. CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes.  However, if you exclude yourself from the Settlement, you will **not** receive any payment from the Settlement Fund.

Consequently, if you wish to receive your "Additional RFC Settlement Class Member Payment" as described in Section 4.A of this Notice, **DO NOTHING.**

If you do wish to exclude yourself from the Settlement, you must send a request for exclusion by first-class mail, postage prepaid, to Plaintiffs' Counsel and counsel for RFC (the names and addresses are provided in Section 7 below).  To be effective, your request for exclusion must be in writing and be **received** by Plaintiffs' Counsel and counsel for RFC Counsel at the addresses below on or before _____, **2012**.  The request for exclusion must include: (a) your name, address, telephone number and the last four digits of your social security number; (b) a statement that you and all other borrowers named on the promissory note for your loan are seeking exclusion from the Settlement; (c) your signature and the signature of any other borrower(s) named on the promissory note for your loan; and (d) a reference to "Mitchell v. Residential Funding Corporation, et al., Case No. 03-CV-220489."  The request for exclusion must be signed personally by you and any other borrower(s) named on the promissory note for your loan or the personal representative of any such person if deceased or legally incompetent.  No request for exclusion may be made on behalf of a group of RFC Settlement Class members.  Nor may any member(s) of the RFC Settlement Class opt out or exclude themselves from the RFC Settlement Class by having an agent or attorney sign and submit an exclusion request form on their behalf. A request for exclusion form must be signed personally by you and any other borrower(s) named on the promissory note for your loan.  Your request for exclusion must be timely **received** to be effective.

If you exclude yourself from the Settlement, you will not be bound by any Final Order or Judgment entered with respect to the RFC Settlement Class. You will be free to continue on with your claims against RFC.

## 7. WHY, WHEN, AND WHERE WILL A FAIRNESS HEARING BE HELD?

A hearing on whether to grant final approval of the Settlement will be held before the Honorable Justine E. Del Muro of the Circuit Court of Jackson County, Missouri (Division 4) on _____, **2012**, at _____.m., in the Jackson County Courthouse, 415 East 12th Street, Kansas City, Missouri 64106 (the "Fairness Hearing").  There is no need for you to attend the Fairness Hearing if you simply wish to benefit from the Settlement.  The purpose of the Fairness Hearing is to determine, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (b) whether the Named Plaintiffs are adequate representatives of the proposed RFC Settlement Class; (c) whether Plaintiffs' Counsel are entitled to attorney's fees and expenses and, if so, how much; (d) whether the Named Plaintiffs should be entitled to a payment for their services as representatives of the RFC Settlement Class and, if so, how much; and (e) whether a Final Approval Order and Final Judgment should be

entered to dismiss the remaining claims for punitive damages and sanctions with prejudice on the
merits as to RFC.

The Court has the power to adjourn or reschedule the Fairness Hearing from time to time without
further notice of any kind.

At the Fairness Hearing, the Court will consider the statements of the parties and any objections
that may have been made. Any member of the RFC Settlement Class who has not filed a timely
written Request for Exclusion has the right to object to the Settlement. If you wish to object to
the Settlement, you must file your objection in writing with the Clerk of Court, Jackson County
Courthouse, 415 East 12th Street, Kansas City, Missouri 64106, no later than _____, 2012.
All persons wishing to object must also send a copy of their written objection to Plaintiffs'
Counsel and counsel for RFC (the names and addresses are stated below). The objection must
include: (a) your name, address, and telephone number; (b) a statement of each objection to the
proposed Settlement that you wish to assert; (c) a detailed description of the facts supporting
each of the objections; (d) copies of any loan documents in your possession or control that you
rely on as a basis for your objections; (e) the names of all witnesses, and the report(s) from any
proposed experts you intend to call at the Fairness Hearing; (f) copies of any exhibits that you
intend to rely on at the hearing; (g) a reference to "Mitchell v. Residential Funding Corporation,
et al., Case No. 03-CV-220489"; (h) a statement of whether you intend to appear at the Fairness
Hearing in person or through an attorney; and (i) if you are represented by an attorney, a detailed
description of the legal authorities supporting each of your objections.

Any member of the RFC Settlement Class who has not filed a timely written request for
exclusion has the right to appear and/or enter an appearance at the Fairness Hearing. Attendance
at the final hearing is not necessary. If you do wish to appear at the Hearing, you or your
attorney must: (a) file a Notice of Appearance with the Clerk of Court, Jackson County
Courthouse, 415 East 12th Street, Kansas City, Missouri 64106 no later than _____, 2012;
and (b) serve the Notice of Appearance on Plaintiffs' Counsel and counsel for RFC. Any
subjects to be raised at the Fairness Hearing must be contained in a written objection filed with
the Court in the manner specified above. If you wish to call witnesses or present other evidence
at the Fairness Hearing, you must identify the witnesses in your written objection. In addition,
you must attach to your objection any exhibits or other documents on which you in tend to rely
and describe any other evidence you intend to present at the Hearing.

The addresses for Plaintiffs' Counsel and counsel for RFC are as follows:

| **Plaintiffs' Counsel** | **Counsel for RFC** |
|---|---|
| R. Frederick Walters, Esq. | Robert B. Thompson, Esq. |
| Kip D. Richards, Esq. | One Kansas City Place |
| Walters Bender Strohbehn & Vaughan, P.C. | 1200 Main Street, Suite 3500 |
| 2500 City Center Square | Kansas City, MO 64105-2100 |
| 1100 Main Street | |
| Kansas City, MO 64105 | |

Any member of the RFC Settlement Class who has not filed a timely written request for exclusion may request to intervene in the Lawsuit, in person or through an attorney retained at the RFC Settlement Class Member's own expense. A request or motion to intervene must be in writing and reference "Mitchell v. Residential Funding Corporation, et al., Case No. 03-CV-220489" and otherwise comply with the Missouri Rules of Civil Procedure and applicable law. A request to intervene must be filed with the Clerk of Court, Jackson County Courthouse, 415 East 12th Street, Kansas City, Missouri 64106, no later than _____, 2012. Any persons wishing to intervene must also send a copy of their written request to intervene to Plaintiffs' Counsel and counsel for RFC at the addresses above.

Any member of the RFC Settlement Class who does not comply with the above requirements shall be deemed to have waived all objections to and shall be forever barred from challenging the Settlement.

## 8. WHO REPRESENTS THE RFC SETTLEMENT CLASS?

The RFC Settlement Class is represented by Plaintiffs' Counsel: R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the law firm Walters Bender Strohbehn & Vaughan, P.C. If you have questions regarding the Settlement, this Notice or your options, you can contact Plaintiffs' Counsel without charge by writing to them at the address provided above, or by calling 1-877-472-6620 (or 816-421-6620 if in the Kansas City Metro Area) or by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com and clicking on the link "Mitchell RFC Settlement."

## 9. WHAT ARE THE REASONS FOR SETTLEMENT?

The Named Plaintiffs and RFC have agreed to the Settlement after considering, among other things, (i) the substantial benefits to be made available to the RFC Settlement Class pursuant to the terms of the Agreement; (ii) the attendant risks and uncertainty of litigation, especially in complex litigation such as this, as well as the difficulties and considerable delays inherent in such litigation; (iii) the vigorousness of the defenses asserted by RFC; (iv) the financial condition and obligations of RFC and its parent company, Residential Capital, LLC (ResCap), as disclosed in the Lawsuit, since the case was remanded in April 2011; (v) the possible effect of a judgment for punitive damages being entered in the Lawsuit against RFC on RFC's ability to continue operations and Plaintiffs' ability to collect any such judgment that might be entered; and (vi) the desirability of consummating the Settlement promptly to provide effective relief to the RFC Settlement Class.

RFC has denied and continues to deny its liability for punitive damages and denies and disputes the asserted basis for sanctions. Nonetheless, RFC has concluded that further litigation and a re-trial of the punitive damages claims would be protracted, burdensome, and expensive, and that it is desirable that the punitive damages claims and the issue of sanctions be fully and finally settled and resolved as against it in the manner and on the terms and conditions set forth in the Agreement.

## 10. WILL THE NAMED PLAINTIFFS OR
## PLAINTIFFS' COUNSEL RECEIVE COMPENSATION?

Yes.  The Named Plaintiffs, as representatives of the RFC Settlement Class, will make an application to the Court for approval of what is called an "incentive award."  Such awards are used and made in class action lawsuits to provide an "incentive" to individuals like the Named Plaintiffs to file and prosecute class action lawsuits for the benefit of a class of people they do not know.  The award also compensates the representatives of a class for their work, time and expense as class representatives. The Named Plaintiffs will ask the Court to approve a separate incentive award of up to $25,000 based on the additional recovery that the Named Plaintiffs obtained for the RFC Settlement Class.  The amount of the award is based on the Named Plaintiffs' continued service and dedication to the RFC Settlement Class and their continued time, expense and service to the RFC Settlement Class since the end of the trial in 2008.  RFC has agreed not to object to the Named Plaintiffs' application, but the Court must still determine and approve the amount of any incentive award to be made as "reasonable."  Any incentive award made to the Named Plaintiffs will be paid from the Settlement Fund in order to determine the "Net Settlement Fund" and "Net Distributable Settlement Fund," the latter of which will be distributed to the RFC Settlement Class Members as "Additional RFC Settlement Class Member Payments" as described in Section 4 above.

Plaintiffs' Counsel and/or the Named Plaintiffs will make an application to the Court to approve and award up to $57,779.28 to reimburse Plaintiffs' Counsel for the costs and expenses that they incurred and advanced on behalf of the RFC Settlement Class in connection with the Lawsuit since the case was remanded by the Court of Appeals in April 2011.  The $57,779.28 amount represents approximately 26% of the $222,623.46 in total costs and expenses that Plaintiffs' Counsel incurred and advanced on behalf of the entire Litigation Class, post remand.  The $57,779.28 amount equals one-third of the "common" post-remand costs and expenses that are fairly attributable to the remaining claims against all three defendants, plus the costs and expenses directly attributable to the claims against defendant RFC alone.  The $57,779.28 amount does not include any of the costs and expenses that Plaintiffs' Counsel incurred and advanced on behalf of the Named Plaintiffs and the Litigation Class from the inception of the suit through the trial, appeal and remand.  RFC will not object to the proposed award of costs and expenses, but the Court must still consider and approve the amount of the proposed award as "reasonable."  Like any incentive award made to the Named Plaintiffs, the amount of any expense award to Plaintiffs' Counsel will be paid from the Settlement Fund in order to determine the "Net Settlement Fund" and "Net Distributable Settlement Fund" as described in Section 4 above.

Plaintiffs' Counsel and/or the Named Plaintiffs will also make an application to the Court to approve and award $6,487,749.32 of attorney's fees to Plaintiffs' Counsel for their services and work in pursuing the claims for punitive damages and motion for sanctions against RFC, and in procuring the $14,500,000 Settlement Fund for the RFC Settlement Class.  RFC will not object to the proposed award of attorney's fees, but the Court also must still determine and approve the amount of any such award to be made to Plaintiffs' Counsel as "reasonable" based on a number of factors including, but not limited to, the nature and extent of the work involved, the difficulty of the case and the issues presented, the skill needed to conduct the case properly, the

experience, reputation and ability of the lawyers, the contingency or certainty of compensation, the customary charges for similar work, the amount involved in the controversy, and the benefits to the client.

If approved by the Court, the $6,487,749.32 amount will constitute forty-five percent (45%) of the Net Settlement Fund and the amount of any such award made to Plaintiffs' Counsel will be deducted and paid from the Net Settlement Fund to calculate the Net Distributable Settlement Fund to be distributed to the RFC Settlement Class Members, which as proposed will equal fifty-five percent (55%) of the Net Settlement Fund. The distributions to the RFC Settlement Class Members will be in addition to the amounts previously paid to the members of the RFC Settlement Class pursuant to the Court's Order dated October 6, 2011; and, if approved, the amount of each such Additional RFC Settlement Class Member Payment will be **130%** of the amount of the corresponding Class Member Payment previously made to the RFC Settlement Class Members.

The Named Plaintiffs and Plaintiffs' Counsel believe that the fee percentage and amount of the attorney's fee award being proposed as a part of the Settlement are reasonable for a number of reasons including, among others, the considerable length and complexity of the case, the nature and extent of the legal work provided by Plaintiffs' Counsel in connection with the remaining claims for punitive damages and the motion for sanctions against RFC, the defenses raised by RFC in response, the commitment of and work performed by Plaintiffs' Counsel in prosecuting and continuing to prosecute the punitive damages claims, the contingency fee percentages charged and/or approved in similar cases in the community, the timing of the Settlement, the amount and risks involved in this controversy, the attorneys' fees previously awarded to Plaintiffs Counsel for their work in connection with the recovery and distribution of the compensatory damages and interest awards, the extraordinary benefits obtained for the members of the RFC Settlement Class, which earlier recovered $9,415,339.93 of compensatory damages and interest in connection with their MCR-RFC Loans, and the fact that as proposed the amount of each Additional RFC Settlement Class Member Payment will be **130%** of the amount of the corresponding Class Member Payment made to the RFC Settlement Class Members in October 2011.

The range and average of the Settlement Payments described in Section 4 of this Notice have been estimated with the expectation that the Court will approve as reasonable the applications for the above stated incentive, expense and attorney's fees awards. If the Court approves an incentive award or awards costs and expenses or attorney's fees in an amount that is less than that applied for, the difference will be reallocated to the Net Settlement Fund or the Net Distributable fund, as applicable.

## 11.  WHAT CLAIMS WILL BE RELEASED UNDER THE SETTLEMENT?

If approved by the Court and effective in accordance with its terms, the proposed Settlement will be legally binding upon all members of the RFC Settlement Class who did not timely request to be excluded from the RFC Settlement Class. The Settlement will fully, finally and forever release, settle, compromise, relinquish and discharge any and all of the Released Persons, as

defined in the Agreement, from the Released Claims, also as defined in the Agreement, as of the Effective Date.

The Releases mean that you cannot bring any lawsuit against RFC or any of the other "Released Persons" identified in the Agreement for any reason whatsoever relating to the "Released Claims," which are also defined in the Agreement; but you will of course be able to enforce your rights under the Agreement, if necessary. If you are currently litigating any claims against RFC or any other "Released Person" in any other lawsuit or proceeding, either individually or as part of a class, you may be barred from continuing to pursue those claims if you do not timely exclude yourself from the RFC Settlement Class in this case. If you are currently litigating any such claims, you should consult with an attorney concerning your rights immediately.

The term "**Releasors**" is defined in the Agreement at paragraph 2.21 as:

[T]he Named Plaintiffs and the RFC Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Releasors shall not include any of the following: (a) any members of the RFC Settlement Class who opt out of the Settlement in accordance with Paragraph 9 below; (b) any persons not identified as a member of the RFC Settlement Class on **Exhibit E;** or (c) the Non-RFC Plaintiff Borrowers.

The term "**Released Persons**" is defined in the Agreement at paragraph 2.22 as:

RFC, individually and together with the affiliates, parent companies and subsidiaries listed on **Exhibit F,** and each of their joint or respective past and present officers, directors, shareholders, employees, attorneys (including, specifically, but not limited to, the firm Reed Smith, LLP and any consultants hired by said counsel), accountants, insurers, and the heirs, executors, predecessors, successors, and assigns of each; provided, however, that notwithstanding anything in this Agreement to the contrary, and regardless of any prior or current relationship or affiliation with RFC, "Released Persons" **does not include** Household or Wells Fargo, or the respective past and present officers, directors, shareholders, employees, attorneys (including, but not limited to, attorneys Scott W. Martin, Kara S. Benboom, Michael S. Hargens, and the firm Husch Blackwell, LLP as successor of Husch & Eppenberger, LLC and any consultants hired by said counsel), accountants, insurers, heirs, executors, and administrators, predecessors, successors, and assigns of each.

The term "**Released Claims**" is defined in the Agreement at paragraph 2.23 as:

[A]ny and all of the remaining claims for punitive damages, sanctions, statutory attorneys' fees and any other relief available to the Releasors under § 408.562 RSMo in connection with the MCR-RFC Loans or the Litigation or the Motion for Sanctions, not previously satisfied by RFC, and any and all other unsatisfied and/or unadjudicated claims, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorneys' fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims

for treble damages, penalties, sanctions, attorneys' fees, costs or expenses, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, relate to, or arise out of the MCR-RFC Loans or the Litigation or the Motion for Sanctions and which any of the Releasors currently have, from the beginning of time up through and including the Effective Date, against the Released Persons (the "Claims"), including but not limited to, any and all Claims arising out of or relating to: (1) allegations that were or could have been asserted against the Released Persons in the Litigation in any way relating to the RFC Settlement Class Members' MCR-RFC Loans; (2) any activities of the Released Persons with respect to the MCR-RFC Loans including, without limitation, any alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees collected, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case, statutory or common law or regulation, federal or state, including but not limited to the Missouri Second Mortgage Loans Act, § 408.231 RSMo, *et seq.*, or any other similar state statute; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its implementing regulations, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, *et seq.*, and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part 3500; the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and its implementing regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. § 2801, *et seq.*, and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. § 45, *et seq.*; and/or (3) any conduct undertaken by any of the Released Persons to defend the Litigation, including but not limited to, any alleged improper discovery conduct and/or any request for sanctions in the Litigation. It is the intention of the Releasors to provide a general release of the Released Claims against the Released Persons; provided, however, that anything in this Agreement to the contrary notwithstanding, the term Released Claims does not include: (1) any claims of any kind or type by the Releasors against any person, association or entity that is not a Released Person, whether such claims arise out of or relate to the MCR-RFC Loans or some other conduct, transaction, loan or occurrence; (2) any claims of any kind or type for damages, sanctions and/or other relief against Household, Wells Fargo, and the respective past and present officers, directors, shareholders, employees, insurers and attorneys including, but not limited to, attorneys Scott W. Martin, Kara S. Benboom, Michael S. Hargens, and the firm Husch Blackwell, LLP as successor of Husch & Eppenberger, LLC and any other person, association or entity who is not a Released Person; (3) any claims of any kind or type by the Releasors against any person, association or entity in connection with a loan and/or loan transaction originated or made by a person, association or entity other than MCR, notwithstanding the fact that the loan, in whole or in part, was purchased by, assigned to, serviced by and/or master serviced by RFC; and/or (4) any claims of any kind or type by the Non-RFC Plaintiff Borrowers with respect to the MCR Loans.

## 12. WHAT IF THE SETTLEMENT IS NOT APPROVED BY THE COURT OR DOES NOT BECOME EFFECTIVE?

If the proposed Settlement is not approved by the Court as being fair, reasonable and adequate, or if the Settlement does not become effective in accordance with the terms and conditions of the Agreement, the Settlement and the Agreement will be null and void and the Named Plaintiffs will proceed with their claims for punitive damages and sanctions against RFC in the Lawsuit, both individually and on behalf of the RFC Settlement Class. In that event, no payments will be made under the terms of the Agreement; however, RFC and the Named Plaintiffs could attempt to enter into another settlement.

## 13. WHERE DO I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement and does not describe all of the terms and conditions of the Agreement. You are encouraged to review the Agreement and other related documents, all of which are available upon request from Plaintiffs' Counsel, or by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com and clicking on the link "Mitchell RFC Settlement."

## 14. WHAT ARE THE RELEVANT DATES?

If you wish to opt out and exclude yourself from the RFC Settlement Class, or to object to the Settlement or to intervene in the Lawsuit or to appear at the Fairness Hearing, the relevant dates are as follows:

- **Deadline for mailing a request for exclusion (must be <u>received</u> by): _____, 2012**

- **Deadline for filing and serving any written objection, a notice of appearance, or a motion to intervene (must be <u>received</u> by the court by): _____, 2012**

- **Date and time of the Fairness Hearing: _____, 2012 at ____ .m.**

This Notice provides only a summary of matters about the Lawsuit. If you have any questions or concerns, please contact Plaintiffs' Counsel in writing at the address listed in Section 7 of this Notice or call 816-421-6620.

**PLEASE DO NOT CALL OR CONTACT THE COURT FOR INFORMATION.**

This notice is sent pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and BY ORDER OF THE COURT

DATED: APRIL __, 2012

- 14 -

**EXHIBIT B:  PROPOSED PRELIMINARY APPROVAL ORDER**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

**Exhibit B**

STEVEN AND RUTH MITCHELL,

          Plaintiffs,

Vs.

RESIDENTIAL FUNDING CORPORATION,
et al.,

          Defendants.

Case No. 03-CV-220489-01

Division 4

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT**

WHEREAS, a class action petition was filed in the above-entitled action (the "Litigation") on July 29, 2003; and

WHEREAS, on December 8, 2006, the Court certified a litigation class in the Litigation, comprised of those persons who obtained a Missouri residential second mortgage loan from Mortgage Capital Resource Corporation ("MCR") on or after July 29, 1997, and which is particularly described in the Court's *Order Certifying Plaintiff Class* (the "Litigation Class"); and

WHEREAS, notice of the Litigation and the *Order Certifying Plaintiff Class* was provided to the members of the Litigation Class, who were also notified of their right to opt out and exclude themselves from the Litigation Class; and

WHEREAS, only two (2) members of the Litigation Class, who were co-borrowers on the same MCR-originated loan, opted out of and excluded themselves from the Litigation Class; and

WHEREAS, Plaintiffs Steven L. and Ruth E. Mitchell ("the Named Plaintiffs"), are

representatives of the members of the Litigation Class whose second mortgage loans from Mortgage Capital Resource Corporation were purchased by, assigned to, serviced by and/or master serviced by Defendant Residential Funding Company, LLC (f/k/a Residential Funding Corporation) ("RFC"); and

WHEREAS, the Named Plaintiffs and RFC have entered into a "Settlement Agreement and Release" (the "Agreement"), which memorializes a negotiated and agreed-upon settlement of all remaining claims in the Litigation as between the Named Plaintiffs, individually and as representatives of the members of the Litigation Class whose second mortgage loans from Mortgage Capital Resource Corporation were purchased by, assigned to and/or serviced by RFC (defined in the Agreement as the "RFC Settlement Class"), and RFC, subject to the approval of the Court ("the Settlement"); and

WHEREAS, the Named Plaintiffs have filed a *Motion for Preliminary Approval of Class Action Settlement With Defendant RFC* with the Court.

NOW THEREFORE, upon careful consideration of the *Motion for Preliminary Approval of Class Action Settlement With Defendant RFC*, and after reviewing the Agreement, and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The terms of the Agreement, and the Settlement as provided therein, are approved preliminarily as fair, reasonable and adequate to the RFC Settlement Class as defined in the Agreement, subject to further consideration at the Fairness Hearing described in Paragraph 14 below.

2.    The definitions set forth in the Agreement are hereby incorporated by reference into this Order (with capitalized terms as set forth in the Agreement).

2

3.    The Named Plaintiffs and RFC have executed the Agreement in order to settle
and resolve all remaining claims in the Litigation, including any claims for sanctions, as between
the RFC Settlement Class and RFC, subject to approval of the Court.

4.    Accordingly, for the purpose of a settlement in accordance with the Agreement,
and upon review of the *Plaintiffs' Motion for Preliminary Approval of Class Action Settlement
With Defendant RFC*, this Court hereby preliminarily certifies the following class of persons as a
settlement class (the "RFC Settlement Class"):

> All persons who, on or after July 29, 1997, obtained a "Second Mortgage Loan,"
> as defined in § 408.231.1 RSMo, from Mortgage Capital Resource Corporation on
> real property located in Missouri that was purchased by, assigned to, and/or
> serviced and/or master serviced by Residential Funding Company, LLC (f/k/a
> Residential Funding Corporation), and who did not timely exclude themselves
> from the litigation class that the Court certified in the Litigation on December 8,
> 2006.

5.    Pursuant to the Agreement, and for purposes of the Settlement only, the Court
finds preliminarily as to the RFC Settlement Class that:

a.    The RFC Settlement Class is so numerous that joinder of all members is
impracticable;

b.    There are questions of law or fact common to the RFC Settlement Class
that predominate over questions affecting only individual members of the RFC
Settlement Class;

c.    The claims of the Named Plaintiffs are typical of those of the members of
the RFC Settlement Class;

d.    The Named Plaintiffs and Plaintiffs' Counsel will fairly and adequately
represent and protect the interests of the members of the RFC Settlement Class; and

e.    Certification of the RFC Settlement Class as proposed is an appropriate

3

method for the fair and efficient adjudication of the controversies between the RFC
Settlement Class and RFC.

6.　　For the purpose of this preliminary approval, and for all matters relating to the
Settlement, until further order of the Court, the Court appoints the Named Plaintiffs as
Representatives of the RFC Settlement Class and R. Frederick Walters, Kip D. Richards, David
M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the law firm Walters Bender
Strohbehn & Vaughan, P.C., as Counsel for the RFC Settlement Class ("Plaintiffs' Counsel" or
"Class Counsel").

7.　　By this Order, the Court hereby exercises subject matter and personal jurisdiction
over the RFC Settlement Class for purposes of evaluating the final certification of the RFC
Settlement Class and the fairness and adequacy of the Settlement.

8.　　The Class Mail Notice, as set forth in Exhibit A to the Agreement, is hereby
approved.

9.　　The Class Mail Notice in a form substantially the same as that set forth in Exhibit
A to the Agreement shall be mailed by Class Counsel by first-class mail, postage prepaid, to all
members of the RFC Settlement Class (as identified on Exhibit E of the Agreement, which was
filed under seal) and any known Chapter 7 bankruptcy trustees of any member of the RFC
Settlement Class for any Chapter 7 bankruptcy filed after origination of said individual class
member's loan. Such mailing shall be made within five (5) days of this Preliminary Approval
Order.

10.　　The Agreement contemplates a notice methodology that (a) protects the interests
of the Named Plaintiffs, the RFC Settlement Class, and RFC, (b) is the best notice practicable
under the circumstances, and (c) is reasonably calculated to apprise the RFC Settlement Class of

the pendency of the remaining claims against RFC and the proposed Settlement, the Agreement,

and the right to opt out and exclude themselves from or object to the proposed Settlement. In

addition, the Court finds that the notice methodology is reasonable and constitutes due, adequate

and sufficient notice to all persons entitled to receive notice of the proposed Settlement and

meets all applicable requirements of law, including, but not limited to, Mo. Rule 52.08 and the

Due Process Clause of the Fourteenth Amendment of the United States Constitution.

11.    Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement

of a person with knowledge, evidencing compliance with the provisions of this Order concerning

the mailing of the Class Mail Notice.

12.    Any member of the RFC Settlement Class desiring exclusion from the RFC

Settlement Class shall mail a request for exclusion ("Request for Exclusion") to the Parties'

respective counsel. To be valid, the Request for Exclusion must be **received** on or before

_____, **2012**. Such Request for Exclusion must be in writing and include: (a) the

name, address, telephone number and the last four digits of the social security number of the

class member seeking to opt out; (b) a statement that the class member and all other borrowers

named on the class member's promissory note are seeking exclusion; (c) the signature of each

person who was a party to the promissory note made in connection with the class member's loan,

unless such person is deceased or legally incompetent, in which event the opt out submission

shall be signed by said deceased or legally incompetent person's personal representative or

guardian; and (d) a reference to "Mitchell v. Residential Funding Corporation, et al., Case No.

03-CV-220489." Any member of the RFC Settlement Class who does not properly and timely

request exclusion from the RFC Settlement Class in full compliance with these requirements

shall be included in the RFC Settlement Class and be bound by any judgment entered in this

Action with respect to the Class.

13.    Within seven (7) days after the deadline for submitting Requests for Exclusion, Class Counsel shall file with the Court a sworn statement to identify those persons, if any, who timely submitted a Request for Exclusion.  The Parties shall retain the original Requests for Exclusion and shall promptly furnish the other with copies of any Requests for Exclusion that come into their possession.

14.    A hearing (the "Fairness Hearing") shall be held before the undersigned at __ _.m. on _____, 2012, in Division 4 at the Jackson County Courthouse, 415 East 12th Street, Kansas City, Missouri 64106.  At the Fairness Hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the entry of any final order or judgment in the Litigation with respect to the RFC Settlement Class; (c) the application for an incentive award for the services rendered by the Named Plaintiffs; (d) the application for attorney's fees and for reimbursement of expenses by Class Counsel; and (e) other related matters.  The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the RFC Settlement Class.

15.    To be considered at the Fairness Hearing, any person desiring to file an objection or other comment on the Settlement shall be required to file all such objections and comments and all supporting pleadings on or before _____, 2012, with service upon Class Counsel and counsel for RFC.  The objections of any RFC Settlement Class Member must be in writing and must specifically include the following: (a) the name, address, and telephone number of the class member filing the objection; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (e) if the objector is

6

represented by counsel, a detailed description of the legal authorities supporting each objection; (f) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (g) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (h) a statement of whether the objector intends to appear at the hearing; (i) a copy of any exhibits which the objector may offer during the hearing; and (j) reference to "Mitchell v. Residential Funding Corporation, et al., Case No. 03-CV-220489."

16.    No objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with the guidelines specified above.  Class Counsel and counsel for RFC shall promptly furnish each other with copies of any objections that come into their possession.

17.    Any RFC Settlement Class Member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the Settlement, including but not limited to, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy or reasonableness of the Settlement.

18.    Submissions of the Parties relative to the Settlement, including memoranda in support of the Settlement, applications for attorney's fees and reimbursement of expenses by Class Counsel, and any applications for the payment of services rendered by the Named Plaintiffs shall be filed with the Clerk of the Court on or before _____, **2012**.

19.    Any attorney hired by an RFC Settlement Class Member for the purpose of appearing and/or making an objection shall file his or her Entry of Appearance at the Class

Member's expense on or before _____, 2012, with service on Class Counsel and

counsel for RFC as required by the Missouri Rules of Civil Procedure.

20.      Any RFC Settlement Class Member may appear at the Fairness Hearing in

person, or by counsel if an appearance is filed and served as provided in the Class Mail Notice,

and such person will be heard to the extent allowed by the Court.  No person shall be permitted

to be heard unless, on or before _____, 2012, unless such person has (a) filed with the

Clerk of the Court a notice of such person's intention to appear; and (b) served copies of such

notice upon Class Counsel and counsel for RFC as required by the Missouri Rules of Civil

Procedure.

21.      Any RFC Settlement Class Member may seek to intervene in the Litigation in

person, or by counsel if a motion to intervene is filed and served as provided in the Notice.  No

person shall be permitted to intervene unless, on or before _____, 2012, such person

has (a) filed with the Clerk of the Court a valid motion to intervene and (b) served copies of such

notice upon Class Counsel and counsel for RFC as required by the Missouri Rules of Civil

Procedure.

22.      All other events contemplated under the Agreement to occur after entry of this

Order and before the Fairness Hearing shall be governed by the Agreement and the Class Mail

Notice, to the extent not inconsistent herewith.  Class Counsel and counsel for RFC shall take

such further actions as are required by the Agreement.

23.      The Parties shall be authorized to make non-material changes to the Class Mail

Notice so long as Class Counsel and counsel for RFC agree and one of the Parties files a notice

thereof with the Court prior to the Fairness Hearing.  Neither the insertion of dates nor the

correction of typographical or grammatical errors shall be deemed a change to the Class Mail

Notice.

24.    All claims against and motions involving Defendant RFC in the Litigation are hereby stayed and suspended until further order of this Court, other than such as may be necessary to carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto.

25.    If Final Approval of the Settlement does not occur, or if the Settlement does not become effective on or before the Effective Date as provided in the Agreement, or if the Settlement is rescinded or terminated for any reason, the Settlement and Agreement and all proceedings had in connection therewith shall be null and void and without prejudice to the rights of the Parties before the Agreement was made, and this Order and all Orders issued pursuant to the Agreement shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" for purposes of Mo. Rule 74.06, as provided in and subject to paragraph 13 of the Agreement.

26.    Neither this Order, the Agreement, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any action taken to carry out this Order), is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of (i) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion, or any claim for sanctions, (ii) the truth or relevance of any fact alleged by the Named Plaintiffs, (iii) the existence of any class alleged by the Named Plaintiffs, (iv) the propriety of class certification if the remainder of the Litigation were to be litigated rather than settled, (v) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (vi) that the consideration to be

9

given to the Named Plaintiffs and RFC Settlement Class Members hereunder represents the

amount that could be or would have been recovered by any such persons if the punitive damages

claims were retried; or (vii) the propriety of class certification in any other proceeding or action.

Entering into or carrying out the Agreement, and any negotiations or proceedings related to it,

shall not in any way be construed as, or deemed evidence of, an admission or concession as to

the denials, defenses, or factual or legal positions of RFC, and shall not be offered or received in

evidence in any action or proceeding against any party in any court, administrative agency or

other tribunal for any purpose whatsoever, except as is necessary in a proceeding to enforce the

terms of this Order and the Agreement; provided, however, that this Order and the Agreement

may be filed by RFC in any action by or against RFC or any other Released Person to support a

defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar

or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or

similar defense or counterclaim.  RFC expressly reserves all rights and defenses to any claims

and does not waive any such rights or defenses in the event that the Agreement is not approved

for any reason.

IT IS SO ORDERED

Date: _____, 2012

_____
Justine E. Del Muro, Circuit Judge

10

**EXHIBIT C:  PROPOSED FINAL APPROVAL ORDER**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

**Exhibit C**

STEVEN AND RUTH MITCHELL,

<div style="margin-left:2em;">Plaintiffs,</div>

Vs.

RESIDENTIAL FUNDING CORPORATION,
et al.,

<div style="margin-left:2em;">Defendants.</div>

Case No. 03-CV-220489-01

Division 4

**ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT
AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES**

Upon careful review and consideration of the Parties' Settlement and Release Agreement

dated February 27, 2012 (the "Agreement"), the evidence and arguments of counsel as presented

at the Fairness Hearing held on _____, **2012**, the suggestions and memoranda filed with

this Court, [and the timely objections to the proposed Settlement], and all other filings in

connection with the Parties' settlement as memorialized in the Agreement (the "Settlement");

and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      **Incorporation of Other Documents**.  This Order incorporates and makes the

following a part hereof:

<div style="margin-left:2em;">a.      The Agreement, filed with the above Court on or about April __, 2012;</div>

and

<div style="margin-left:2em;">b.      The following exhibits to the Agreement: (i)   Schedule A (Proposed</div>

Distribution Schedule of "Net Distributable Settlement Fund," **filed under seal**); (ii)

Exhibit A (Proposed Class Mail Notice); (iii)  Exhibit B (Proposed Order Preliminarily

Approving the Class Action Settlement); (iv)   Exhibit C (Proposed Order Finally

Approving the Class Action Settlement and Certifying a Class for Settlement Purposes);

(v)   Exhibit D (Proposed Final Judgment); (vi)   Exhibit E (list of members of the RFC

Settlement Class, **filed under seal**); (vii) Exhibit F (list of RFC affiliates); (viii) Exhibit

G (list of Litigation Class Members – Household Loans); (ix) Exhibit H (list of Litigation

Class Members – Wells Fargo Loans); and (x) Exhibit I (the Court's Nunc Pro Tunc

Judgment and Order).

Unless otherwise provided herein, all capitalized terms in this Order shall have the same

meaning as those terms in the Agreement.

2.    **Jurisdiction**.   Because adequate notice was disseminated and all potential

members of the RFC Settlement Class (as defined below) were given notice of and an

opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of

the RFC Settlement Class.   The Court has subject matter jurisdiction over the Litigation,

including, without limitation, jurisdiction to approve the proposed Settlement, to grant final

certification of the RFC Settlement Class, and to dismiss the Litigation against Defendant RFC

with prejudice.

3.    **Final Class Certification**.   The RFC Settlement Class, which this Court

previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to

Mo. Rule 52.08, the Court finding that for purposes of settlement the RFC Settlement Class fully

satisfies all of the applicable requirements of Mo. Rule 52.08 and due process.   The RFC

Settlement Class is defined as follows:

> All persons who, on or after July 29, 1997, obtained a "Second Mortgage Loan,"
> as defined in § 408.231.1 RSMo, from Mortgage Capital Resource Corporation on
> real property located in Missouri that was purchased by, assigned to and/or
> serviced and/or master serviced by Residential Funding Company, LLC (f/k/a

Residential Funding Corporation), and who did not timely exclude themselves from the litigation class that the Court certified in the Litigation on December 8, 2006.

[No members of the RFC Settlement Class timely requested to be excluded from or "opted out" of the RFC Settlement Class.] OR [A list of those persons who have timely excluded themselves from the RFC Settlement Class, and who therefore are not bound by the Settlement and the accompanying Final Judgment, is attached hereto as **Exhibit 1** and incorporated herein and made a part hereof.]

4.    **Adequacy of Representation**.    There are no apparent conflicts of interest between the Named Plaintiffs and the RFC Settlement Class, or among the members of the RFC Settlement Class.    Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the RFC Settlement Class.    Accordingly, the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the firm Walters Bender Strohbehn & Vaughan, P.C. ("Plaintiffs' Counsel" or "Class Counsel"), have satisfied the requirements of Mo. Rule 52.08 and are hereby appointed and approved as representatives of the RFC Settlement Class and Counsel for the RFC Settlement Class, respectively.

5.    **Class Notice**.    The Court finds that the Class Mail Notice and its distribution to the RFC Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

a.    Constituted the best practicable notice to the members of the RFC Settlement Class under the circumstances of this Litigation;

b.    Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the RFC Settlement Class of (i) the pendency

3

of the remaining claims for punitive damages against RFC and the proposed Settlement

and the motion for sanctions, (ii) their right to exclude themselves from the proposed

Settlement, (iii) their right to object to any aspect of the proposed Settlement if they did

not timely exclude themselves (including, but not limited to, final certification of the

RFC Settlement Class, the fairness, reasonableness or adequacy of the Settlement as

proposed, the adequacy of the Named Plaintiffs and/or Class Counsels' representation of

the RFC Settlement Class, the proposed awards of attorney's fees and expenses, and the

proposed incentive award to Plaintiffs Steven L. and Ruth E. Mitchell), (iv) their right to

appear at the Fairness Hearing if they did not timely exclude themselves, and (v) the

binding effect of this Final Approval Order and the accompanying Final Judgment on all

members of the RFC Settlement Class who did not timely exclude themselves from the

Settlement;

      c.      Constituted due, adequate, sufficient and reasonable notice to all persons

and entities entitled to be provided with notice; and

      d.      Constituted notice that fully satisfied the requirements of Mo. Rule 52.08,

due process, and all other applicable law.

      6.    **Final Settlement Approval**.   The terms and provisions of the Agreement,

including all exhibits, have been entered into in good faith and as a result of arm's length

negotiations, and the Agreement is fully and finally approved as fair, reasonable and adequate as

to, and in the best interests of, each of the Parties and the RFC Settlement Class Members, and in

full compliance with all applicable requirements of the laws of the state of Missouri, the United

States Constitution (including the Due Process Clause), and all other applicable law.  The Parties

4

are hereby directed to implement and consummate the Agreement according to its terms and provisions.

7.     **Binding Effect**.   The terms of the Agreement, this Final Approval Order and accompanying Final Judgment shall be forever binding on the RFC Settlement Class Members and the Named Plaintiffs individually and as representatives of the RFC Settlement Class, as well as their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.   The terms of the Agreement, this Final Approval Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

8.     **Releases**.   The "Releasors," as defined in Paragraph 2.21 of the Agreement, shall be bound by the Releases provided in Paragraph 6 of the Agreement, which is incorporated herein in all respects, regardless of whether such Releasors received any compensation under the Agreement and Settlement.   The Releases shall become effective as of the Effective Date specified in Paragraph 12 of the Agreement.   The Court expressly adopts all defined terms in Paragraph 6 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases (which are set forth at Paragraphs 2.21, 2.22 and 2.23 of the Agreement).

9.     **Enforcement of Settlement.**   Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

10.     **Additional Payment to the Named Plaintiffs.**   The Court hereby awards $25,000.00 to be paid from the Settlement Fund to Plaintiffs Steven L. and Ruth E. Mitchell as

an incentive award for their continued services as representative plaintiffs for the RFC
Settlement Class.

11.    **Attorney's Fees and Expenses**.  Plaintiffs' Counsel are awarded $_____,
representing an allocated share of the litigation expenses and court costs that Plaintiffs' Counsel
has incurred and advanced in connection with the Litigation and Settlement from April 27, 2011
(when the case was remanded by the Court of Appeals) through April 6, 2012.  The award of
expenses and costs to Plaintiffs' Counsel shall be deducted from the "Settlement Fund" as
defined in the Agreement.  In addition, the Court awards Plaintiffs' Counsel common fund
attorney's fee of $_____, representing 45% of the "Net Settlement Fund" as defined in the
Agreement.  The Court finds and concludes that both the expense and fee awards to Plaintiffs'
Counsel for their work and services in the Litigation, and in connection with the remaining
claims for punitive damages and the Settlement, is reasonable for the reasons stated in *Plaintiffs'*
*Application for Award of Attorney's Fees, Litigation Expenses and Court Costs*, and finds and
concludes as follows:

**[As in other cases Plaintiffs will include language for the Court to consider for purposes of
the final approval order in support of the fee award.]**

12.    **No Other Payments**.  The preceding paragraphs of this Final Approval Order
cover, without limitation, any and all claims for attorney's fees and expenses, costs or
disbursements incurred by Plaintiffs' Counsel and any other counsel representing the Named
Plaintiffs individually and/or as representatives of the RFC Settlement Class and/or incurred by
the RFC Settlement Class Members in connection with or related in any manner to the Litigation
since April 27, 2011, when the case was remanded, the Settlement of the remaining claims for
punitive damages and motion for sanctions, the administration of the Settlement, and/or the

6

Released Claims, except to the extent otherwise specified in the Agreement or this Final Approval Order.

13.    **Retention of Jurisdiction.**    The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment.    Without in any way affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by Missouri law, including, without limitation:

a.    enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the RFC Settlement Class or an RFC Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund; and

c.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

14.    **No Admissions.** Neither this Final Approval Order, nor the accompanying Final

Judgment, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations

between the Parties or their counsel, nor any action taken to carry out this Order or the Final

Judgment, is, may be construed as, or may be used as an admission or concession by or against

any of the Parties or the Released Persons of: (i) the validity of any claim or liability, any alleged

violation or failure to comply with any law, any alleged breach of contract, any legal or factual

argument, contention or assertion, or any claim for sanctions; (ii) the truth or relevance of any

fact alleged by the Named Plaintiffs; (iii) the existence of any class alleged by the Named

Plaintiffs; (iv) the propriety of class certification if the remainder of the Litigation were to be

litigated rather than settled; (v) the validity of any claim or any defense that has been or could

have been asserted in the Litigation or in any other litigation; (vi) that the consideration to be

given to RFC Settlement Class Members hereunder represents the amount that could be or would

have been recovered by any such persons if the punitive damages claims were retried; or (vii) the

propriety of class certification in any other proceeding or action.  Entering into or carrying out

the Agreement, and any negotiations or proceedings related to it, shall not in any event be

construed as, or deemed evidence of, an admission or concession as to the denials, defenses,

factual or legal positions of Defendant RFC, and shall not be offered or received in evidence in

any action or proceeding against any party in any court, administrative agency or other tribunal

for any purpose whatsoever, except as necessary in a proceeding to enforce the terms of this

Order and the Agreement or to prove or show that a compromise in settlement of the Released

Claims per the Agreement, in fact, was reached; provided, however, that this Final Approval

Order and the Agreement may be filed by RFC in any action by or against RFC or other

Released Person to support a defense of *res judicata*, collateral estoppel, release, waiver, good

8

faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15.    **Dismissal of Litigation Against RFC.**    The Litigation against RFC and Homecomings Financial, LLC, including all individual and class claims, is dismissed with prejudice as to the Named Plaintiffs and the RFC Settlement Class Members, without fees or costs to any party, except as otherwise provided in the Agreement, this Final Approval Order and/or the accompanying Final Judgment, and subject to the Court's retention of jurisdiction to vacate, rescind, cancel, annul and deem "void" and/or "no longer equitable" for purposes of Mo. Rule 74.06 this Final Approval Order and/or the Final Judgment and reinstate the punitive damages claims and motions for sanctions of the Named Plaintiffs and the RFC Settlement Class Members against RFC pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in Paragraph 12 of the Agreement. [The Litigation and all claims and causes of action shall remain pending against Household Finance Corporation, III and Wells Fargo Bank.] [as needed]

16.    **Claims of Non-RFC Plaintiff Borrowers.**    The Court finds and concludes that the "MCR Loans" of the "Non-RFC Plaintiff Borrowers" as defined in Paragraph 2.18 of the Agreement were not purchased by, assigned to or serviced by Defendant RFC and that, given this fact, as stipulated by the Parties, the Non-RFC Plaintiff Borrowers cannot recover any damages, penalties or other relief from RFC with respect to the MCR Loans. This finding and/or conclusion shall not be deemed or construed as a holding that any of the Non-RFC Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to any MCR Loans or otherwise.

17.    **Separate Judgment.**    The Court will separately enter the accompanying Final

Judgment.

Dated: _____ ___, 2012

_____

Justine E. Del Muro, Circuit Judge

**EXHIBIT D: PROPOSED FINAL JUDGMENT**

<div style="border:2px solid black">Exhibit D</div>

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

STEVEN AND RUTH MITCHELL,

        Plaintiffs,                Case No. 03-CV-220489-01

Vs.

                                        Division 4

RESIDENTIAL FUNDING CORPORATION,
et al.,

        Defendants.

### FINAL JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The settlement of the claims of the RFC Settlement Class Members on the terms set forth in the Parties' Settlement Agreement and Release ("Agreement") is approved, and the following settlement class is granted final certification for settlement purposes under Mo. Rule 52.08:

> All persons who, on or after July 29, 1997, obtained a "Second Mortgage Loan," as defined in § 408.231.1 RSMo, from Mortgage Capital Resource Corporation on real property located in Missouri that was purchased by, assigned to, and/or serviced and/or master serviced by Residential Funding Company, LLC (f/k/a Residential Funding Corporation), and who did not timely exclude themselves from the litigation class that the Court certified in the Litigation on December 8, 2006.

(the "RFC Settlement Class").

2.      Individual notice complying with Rule 52.08 was sent to the last-known address of each member of the RFC Settlement Class as identified on Exhibit E to the Agreement as warrantied by RFC. The Court finds all members of the RFC Settlement Class to be "RFC Settlement Class Members" as defined in Paragraph 2.26 of the Agreement and that all such

persons are bound by this Final Judgment, [except for those members, if any, who timely excluded themselves from the RFC Settlement Class, as shown on **Exhibit 1** to the Court's *Order Finally Approving Class Action Settlement and Certifying a Class for Settlement Purposes.*

3.    The Litigation and all of the claims that Plaintiffs Steven L. and Ruth E. Mitchell are asserting individually and as representatives on behalf of the RFC Settlement Class against Defendant Residential Funding Company, LLC ("RFC") and Defendant Homecomings Financial, LLC are dismissed on the merits and with prejudice in accordance with the terms set forth in the Agreement and the Court's *Order Finally Approving Class Action Settlement and Certifying a Class for Settlement Purposes*, which is dated this same date (the "Final Approval Order"), without costs to any Party except as provided in the Agreement and Final Approval Order.

4.    All members of the RFC Settlement Class [shall be bound by the Releases provided in Paragraph 6 of the Agreement, as no class members excluded themselves from the Settlement Class.]   OR ["who did not timely opt out of and exclude themselves from the Settlement shall be bound by the Releases set forth in Paragraph 6 of the Agreement."] The Releases shall become effective as of the Effective Date specified in Paragraph 12 of the Agreement.

5.    As of the Effective Date specified in Paragraph 12 of the Agreement, the Releasors, as defined in Paragraph 2.21 of the Agreement, are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims, as defined in Paragraph 2.23 of the Agreement, against the Released Persons, as defined in Paragraph 2.22 of the Agreement.

2

6.      On December 8, 2006, this Court certified a litigation class that included numerous borrowers whose Second Mortgage Loans were originated by Mortgage Capital Resource Corporation, but were not purchased by, assigned to or serviced or master serviced by RFC.  Based on this fact as stipulated by the Parties, the Court finds and concludes that such borrowers (being defined collectively in Paragraph 2.18 of the Agreement as the "Non-RFC Plaintiff Borrowers") cannot recover any damages, penalties or other relief from RFC with respect to the "MCR Loans," as defined in the Agreement.  This finding and/or conclusion shall not be deemed or construed as a holding that any of the Non-RFC Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to the MCR Loans or otherwise.

7.      [The dismissal of the Litigation and claims against RFC as provided in the Agreement and Final Approval Order shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge, or other adjudication of the Litigation or any other claims including, but not limited to, the claims of any Non-RFC Plaintiff Borrowers against HFC and WFB.] [Optional and as needed]

8.      All claims for contribution, indemnity and other claims over, whether asserted, unasserted or asserted in a representative capacity, inclusive of interest, taxes and costs, related to the "Released Claims," as defined in Paragraph 2.23 of the Agreement, which could have been brought in the Litigation by any person or party against a "Released Persons" as defined in Paragraph 2.22 of the Agreement (unless such claim over is made with respect to a claim by a person or party who is not a "Releasor," as defined in Paragraph 2.21 of the Agreement), are permanently barred, prohibited and enjoined.

3

9.      The Court will retain continuing jurisdiction over the Litigation and each of the matters set forth in Paragraph 13 of the Final Approval Order for the purposes set forth in the Final Approval Order.

10.     The Court expressly determines that there is no just reason for delay under Mo. Rule 74.01.

11.     Unless otherwise provided herein, all capitalized terms in this Final Judgment shall have the same meaning as those terms in the Agreement.

Dated: _____, 2012

_____
Justine E. Del Muro, Circuit Judge

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | |
|---|---|
| STEVEN AND RUTH MITCHELL, | |
| Plaintiffs, | Case No. 03-CV-220489-01 |
| vs. | |
| RESIDENTIAL FUNDING CORPORATION, et al., | Division 4 |
| Defendants. | |

# EXHIBIT E
# TO
# EXHIBIT 1 - SETTLEMENT AND RELEASE AGREEMENT

# FILED UNDER SEAL

**Exhibit E**

Exhibit E
RFC Settlement Class List

| Last Name | First Name | CoBorrower_Last | CoBorrower_First | Borrower SS# | Current Address | City | St | Zip | CoBorrower Current Address | CoBorrower City | Co Borrower ST | Co Borrower Zip | Trustee 1 | Trustee 1 Address | Trustee 1 City | Trustee 1 State | Trustee 1 Zip | Trustee 2 | Trustee 2 Address | Trustee 2 City | Trustee 2 State | Trustee 2 Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Exhibit E
RFC Settlement Class List

Exhibit E
RFC Settlement Class List

Exhibit E
RFC Settlement Class List

Exhibit E
RFC Settlement Class List

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Whenburn | Leslie R. | | | 4647 | | 7201 Jefferson St | Kansas City | MO | 64114 | | | | | | | |
| Williams | Keith L. | Williams | Shirley A. | 5762 | 6645 | 7303 N Cindy Ave | Kansas City | MO | 64151 | | | | | | | |
| Willis | Ronald W. | Willis | Cecelia A. | 4770 | 3703 | 14139 Hwy 2 | St Robert | MO | 65584 | Robert J. Blackwell | 7120 Box 110 | O'Fallon | MO | 63366 | | |
| Wilson | Jeffrey R. | | | 4605 | | 78 Jeffrey Vickers Dr | St Peters | MO | 63376 | | | | | | | |
| Winn | Alice | Wise | Tonya L. | 1247 | 7716 | 304 Chauex Ct | Columbia | MO | 65203 | | | | | | | |
| Wold | Keith | | | 2560 | | 1117 Carolyn Lane | Ballwin | MO | 63021 | David A. Sparks | 9006 Ladue Road | St. Louis | MO | 63124 | | |
| Wood | Jerri L. | Wood | Jeffrey D. | 4179 | 6847 | 27625 Lee Dr | Warrensville | MO | 65949 | | | | | | | |
| Wood | Pascale | Zeilfelder | Maria Antonia | 5396 | 3260 | 6413 Pound Road | Lamar | MO | 65170 | | | | | | | |
| Denton | Ava B. | | | 7201 | | 6001 NE Highway Y | Columbia | MO | 65202 | | | | | | | |

**Affiliated and Parent Companies of Defendants GMAC Mortgage, LLC, Residential Funding Company, LLC, Residential Funding Mortgage Securities II, Inc. and Homecomings Financial, LLC**

Ally Auto Assets LLC

Ally Bank f/k/a GMAC Bank f/k/a GMAC Automotive Bank

Ally Central Originating Lease LLC

Ally Financial Inc.

Ally Grand Leasing Operating Warehouse LLC

Ally Liquidity Transferor-W LLC

Ally Loan Lease Obligations Transferor III LLC

Ally Loan Lease Obligations Transferor II LLC

Ally Loan Lease Obligations Transferor LLC

Ally Retail Installment Obligations Transferor LLC

Ally Retail Installment Obligations Transferor II LLC

Ally Securities LLC

Allly Term Lease Asset Silo LLC

Ally Variable Asset Receivables LLC

Ally Wholesale Enterprises LLC

Ameriland, LLC

BMMZ Holdings LLC

CAP RE of Vermont, LLC

DCA Properties I, LLC

Developers of Hidden Springs, LLC

ditech, LLC

DOA Holding Properties, LLC

DOA Holdings NoteCo., LLC

DOA Properties I, LLC

DOA Properties II, LLC

DOA Properties III (Models), LLC

DOA Properties IV, LLC

DOA Properties IX (Lots-Other), LLC

**Exhibit F**

DOA Properties V (Lots-CA) LLC

DOA Properties VI, LLC

DOA Properties VII (Lots-NV), LLC

DOA Properties VIII LLC

EPRE LLC

Equity Investment I, LLC

Equity Investment II, LLC

Equity Investment III, LLC

Equity Investment IV, LLC

ETS of Virginia, Inc.

ETS of Washington, Inc.

Executive Trustee Services, LLC

GMAC Model Home Finance I, LLC

GMAC Mortgage Group LLC

GMAC Mortgage Holdings LLC

GMAC Mortgage Securities, Inc.

GMAC Mortgage USA Corporation

GMAC Mortgage, LLC

GMAC Residential Holding Company LLC

GMAC Wholesale Mortgage Corp.

GMACR Mortgage Products, LLC

GMAC-RFC Holding Company LLC

GMACRH Settlement Services, LLC

HFN REO SUB II, LLC

Hidden Springs Sewer Company, LLC

Home Connects Lending Services, LLC

Homecomings Financial LLC

Homecomings Financial Real Estate Holdings, LLC

IB Finance Holding Company, LLC

Ladue Associates, Inc.

MCZ Centrum Flamingo I LLC

Passive Asset Transactions, LLC

PATI A, LLC

PATI B, LLC

PATI Real Estate Holdings, LLC

Phoenix Residential Securities, LLC

RAHI A, LLC

RAHI B, LLC

RAHI Real Estate Holdings, LLC

RC Properties I, LLC

RC Properties II, LLC

RC Properties III, LLC

RC Properties IV, LLC

RC Properties V, LLC

RC Properties VI, LLC

RC Properties VII, LLC

RC Properties VIII, LLC

RC Properties IX, LLC

RC Properties X, LLC

RC Properties XI, LLC

RC Properties XII, LLC

RC Properties XIII, LLC

RC Properties XIV, LLC

RC Properties XV, LLC

RC Properties XVI, LLC

RC Properties XVII, LLC

RC Properties XVIII, LLC

RC Properties XIX, LLC

RC Properties XX LLC

RCSF JV 2004, LLC

Real Asset Management Services, Inc.

REG-PPM, LLC

ResCap Investments LLC

Residential Accredit Loans, Inc.

Residential Asset Mortgage Products, Inc.

Residential Asset Securities Corporation

Residential Capital LLC

Residential Consumer Services of Alabama, LLC

Residential Consumer Services of Ohio, LLC

Residential Consumer Services of Texas, LLC

Residential Consumer Services, LLC

Residential Funding Company LLC

Residential Funding Mortgage Exchange, LLC

Residential Funding Mortgage Securities I, Inc.

Residential Funding Mortgage Securities II, Inc.

Residential Funding Real Estate Holdings, LLC

Residential Funding Securities, LLC

Residential Mortgage Real Estate Holdings LLC

RFC Asset Holdings II, LLC

RFC Asset Management, LLC

RFC Construction Funding, LLC\

RFC SF JV-2002, LLC

RFC-GSAP Servicer Advance, LLC

Walnut Grove Funding, LLC

Win-Win Beazer Pool I (Delaware) LLC

Win-Win Pardoe Pool II (Delaware) LLC

Win-Win Pardoe Pool III (Delaware) LLC

Win-Win Spectrum (Delaware) LLC

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

STEVEN AND RUTH MITCHELL,

               Plaintiffs,                             Case No. 03-CV-220489-01

vs.

RESIDENTIAL FUNDING CORPORATION,
et al.,                                          Division 4

               Defendants.

# EXHIBIT G
# TO
# EXHIBIT 1 - SETTLEMENT AND RELEASE
# AGREEMENT

# FILED UNDER SEAL

Exhibit G

Exhibit G
List of Class Members-Household Loans

| Last Name | First Name | CoBorrower_Last | CoBorrower_First | Borrower SSN | CoBorrower SSN | Current Address | City | St | Zip | Co Borrower Current Address | Co Borrower Current City | Co Borrower St | Co Borrower Zip | Trustee 1 | Trustee 1 Address | Trustee 1 City | Trustee 1 Zip | Trustee 2 | Trustee 2 Address | Trustee 2 City | Trustee 2 State | Trustee 2 Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Abdelhadian | Yousif | Abdelhadian | Mangol | 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 | 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 | Brushwood Dr | | MO | 65807 | | | | | Thomas J. O'Neal | 901 St. Louis Street #1200 | Springfield | 65806 | | | | | |
| Andrews | John L | | | 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 | | 4106 E. Seminole Street | Springfield | MO | 65809 | | | | | | | | | | | | | |
| Brown | Kevin E | | | 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 | | 1124 Haruett Dr | St. Louis | MO | 63135 | | | | | | | | | | | | | |
| Buffalow | Sandra J | | | 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 | | 2275 N. Fairway Ave | Springfield | MO | 65803 | | | | | | | | | | | | | |
| Cronin | James R | Cronin | Jaime L | 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 | 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 | 4228 NE Cheyenne Rd | Kansas City | MO | 64117 | | | | | | | | | | | | | |
| Dick | Charles | Dick | Dawn | 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 | 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 | 1327 S. Columbus Ln | Sedalia | MO | 65301 | | | | | J. Kevin Checkett | 517 South Main Street | Carthage | MO | 64636 | | | | | |
| Demurjt | Larry L | | | 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 | | 1M Kalea Ln | Parkville | MO | 64152 | | | | | | | | | | | | | |
| Doraon | Thomas N | Doraon | Shawna K | 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 | 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 | 940 Homer CT | Dexter | MO | 63841 | | | | | | | | | | | | | |
| Dreamline | Viola L | | | 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 | | 5424 Harvard Ave | Raytown | MO | 64133 | | | | | | | | | | | | | |
| Frazer | William R | | | 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 | | 9901 Elliott Court | Florissant | MO | 63034 | | | | | | | | | | | | | |
| Gallagher | Michael | | | 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 | | 7204 Brentwood Lane | Marshfield Heights | MO | 63040 | | | | | | | | | | | | | |
| Griffin | Jacqueline L | Griffin | Charleston E | 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 | 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 | 407 NE Northern Lane | Lee's Summit | MO | 64086 | | | | | David C. Stover | 1900 NW Platte Drive, Suite 100 | Kansas City | 64155 | | | | | |
| Guidenrath | Jeffrey M | Guidenrath | Rebecca J | 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 | 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 | 2217 Royal Ave | St. Louis | MO | 63109 | | | | | B. Rebecca Chae | 7722 Forsyth, Suite 500 | St. Louis | 63105 | | | | | |
| Hundert | Brenda M | | | 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 | | 7610 State Route J | St. Mary | MO | 63673 | | | | | | | | | | | | | |
| Hill | Deanna A | | | 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 | | 7710 March Ave | Kansas City | MO | 64133 | | | | | | | | | | | | | |
| Hogan | Laura L | | | 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 | | 5460 Deerfield Dr. Apt H | Saint Charles | MO | 63301 | | | | | | | | | | | | | |
| Keating | Charles C | Keating | Heather A | 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 | 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 | 3425 Highway N | California | MO | 65018 | | | | | James A. Haueter | 3470 Buttonwood Drive | Columbia | 65201 | | | | | |
| Kersh | Kevin P | | | 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 | | 704 Elaberry Dr | Kuller | TX | 76248 | | | | | | | | | | | | | |
| Jeffery | Jeffrey | Lirzeenberg | Molly | 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 | 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 | 24 Meadow Crest Dr | St. Peters | MO | 63376 | | | | | John C. Reed | P.O. Box 1946 | Jefferson City | 65102 | | | | | |
| Lieberth | Cynthia | McDonald | Thomas M | 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 | 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 | 1111 Northwood Blvd | Jefferson City | MO | 65101 | | | | | | | | | | | | | |
| McPhall | Brian J | Osbourne | Susan G | 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 | 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 | 409 West Drive Rd | Ford Scott | KS | 63137 | | | | | | | | | | | | | |
| Osbourne | Susan G | | | 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 | | 7615 S. Broadway Ave | Springfield | MO | 65807 | | | | | | | | | | | | | |
| Person | Karl K | | | 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 | | 5900 W 57th Street | Mission | KS | 66202 | | | | | Steven R. Barnes | 1530 E. 17th Parkway #200 | Lenexa | 66219 | | | | | |
| Ruff | James F | Ruff | Debra L | 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 | 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 | 730 Cardinell Creek Dr | Washington | MO | 63090 | | | | | A. Thomas Dewoskin | 7701 Forsyth Blvd #800 | Columbia | 65201 | | | | | |
| Ryan | Patrick W | | | 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 | | 708 Haden Circle | Sedalia | MO | 65301 | | | | | | | | | | | | | |
| Scheimeth | David L | | | 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 | | 5186 Brown Ave | St. Louis | MO | 63116 | Sedalia | | 65301 | | John C. Reed | P.O. Box 1946 | St. Louis | 63105 | | | | | |
| Sewell | David A | Sewell | Kevin A | 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 | 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 | 7603 Rolliers Valley Ct Apt 3 | Quinn Indiana | | 46074 | 5310 Quinn Indiana Rd | Sedalia | | 62223 | Donald M. Samson | 226 W Main St #300 | Belleville | IL | 62220 |
| Tomlinson | Mark A | Tomlinson | Trudy K | 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 | 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 | 111 Huber Creek Dr | St. Peters | MO | 63376 | 1214 Meadow Glen Drive | Jefferson City | MO | 65101 | | | | | | | | | |
| Thomsen | Anthony E | | | 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 | | 2817 Chippewa Ct | Columbia | MO | 65201 | | | | | | | | | | | | | |
| Williams | Ann M | | | 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 | | 638 W 97th St Ct | Independence | MO | 64057 | | | | | | | | | | | | | |

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

STEVEN AND RUTH MITCHELL,

        Plaintiffs,

vs.

RESIDENTIAL FUNDING CORPORATION,
et al.,

        Defendants.

Case No. 03-CV-220489-01

Division 4


# EXHIBIT H
# TO
# EXHIBIT 1 - SETTLEMENT AND RELEASE AGREEMENT

# FILED UNDER SEAL

**Exhibit H**

Exhibit H
List of Class Members-Wells Fargo Loans

| Last Name | First Name | CoBorrower_Last | CoBorrower_First | Borrower_SSN | CoBorrower_SSN | Current Address | City | St | Zip | Co Borrower Current Address | Co Borrower City | Co Borrower ST | Co Borrower Zip | Trustee 1 | Trustee 1 Address | Trustee 1 City | Trustee 1 State | Trustee 1 Zip | Trustee 2 | Trustee 2 Address | Trustee 2 City | Trustee 2 State | Trustee 2 Zip |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Carter | Geoffrey D. | Carter | Kimberly M. | 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 | 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 | 2417 Harborsborough Ct | St. Louis | MO | 63129 | | | | | | | | | | | | | | |
| Chandler | Christopher D. | Chandler | Vickie A. | 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 | 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 | 312 Sun Society Lane | Green Valley | MO | 64629 | | | | | | | | | | | | | | |
| Chesington | Philip W. | Chesington | Maria L. | 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 | 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 | 3012 W. Glenwood Ave | Kansas City | MO | 64117 | | | | | | | | | | | | | | |
| Clancy | Joseph D. | Clancy | Sandra L. | 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 | 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 | 4819 Brentridge Circle N | Springfield | MO | 65810 | | | | | | | | | | | | | | |
| Clancy | | | | | | 3825 Country Club Dr | Imperial | MO | 63052 | | | | | | | | | | | | | | |
| Eldon | Joel K. | | | 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 | | 2703 S Sioux Ridge Dr | Maryville | MO | 64468 | | | | | | | | | | | | | | |
| Graeman | Deanna K. | | | 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 | 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 | 7603 E 213 Rd | Oregon | KS | 64741 | | | | | | | | | | | | | | |
| Graeman | Daryl E. | | | 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 | 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 | 2510 Virbicl Drive | Monticello | FL | 64115 | 11905 32nd Ave | Galena | AL | 35448 | Robert R. Kanuit | 11910 Miller Trunk Hwy | Hermantown | MN | 55811 | | | | | |
| Hagan | Timothy L. | | | 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 | 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 | 416 Woodrow Place Apt C | Bentonville | | | PO Box 161 | Bentonville | MO | 63829 | | | | | | | | | | |
| Harrison | Leonard E. | | | 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 | | PO Box 161 | Bentonville | MO | 50383 | PO Box 161 | | | | | | | | | | | | | |
| Kent | Cory L. | Harrison | Jeori M. | 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 | 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 | 27003 Greentree Dr | Prairie City | MO | 65720 | | | | | | | | | | | | | | |
| Lield | David A. | | | 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 | 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 | 1310 S.E. Summer Circle | Blue Springs | MO | 64014 | | | | | | | | | | | | | | |
| McGinty | Christina | | | 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 | 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 | 9705 500 Tabby Rd | | MO | 64107 | | | Bruce E. Strauss | 1044 Main St., Suite 400 | Kansas City | MO | 64105 | | | | | |
| McKenna | Amy | | | 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 | 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 | 17985 County Road 4001 | Holts Summit | MO | 65043 | | | | | | | | | | | | | | |
| Prebeggar | Thomas L. | | | 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 | 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 | 316 Lane Dr | Kearney | MO | 64060 | | | Vishal B. Sheth | 104 W. 9th Street, Ste 302 | Kansas City | MO | 64105 | | | | | |
| Priola | | | | 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 | | 4049 Fountain Ave | St. Louis | MO | 63113 | | | Charles W. Riske | 311 South Bemiston, Suite 2223 | St. Louis | MO | 63105 | | | | | |
| Singer | Carolyn L. | | | 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 | | | Shawnee | KS | 66203 | | | Steve W. Angell | 4330 Bellevue | Kansas City | MO | 64111 | | | | | |
| Schmidt | Nicholas I. | Schmidt | Elizabeth A. | 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 | 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 | 908 Bluebird St | Wood Fields | MO | 65775 | | | | | | | | | | | | | | |
| Shipley | Gerald W. | Shipley | Stephanie M. | 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 | 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 | 9300 William And Mary Ct | Steinhart | MO | 63501 | | | | | | | | | | | | | | |
| Teo | Bryan T. | Teo | Denise L. | 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 | 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 | 19621 Longview Lane | Weaverville | MO | 63069 | | | J. Kevin Checkett | 517 South Main Street | Carthage | MO | 64836 | 818 Grand Blvd, Suite 800 | Kansas City | MO | 64106 |
| Toff | | | | 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 | | PO Box 90 | Madison | MO | 63965 | | | | | | | | | | | | | | |
| Williams | Patrick | | | 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 | 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 First | 2921 Iowa Bay (First) | St. Louis | MO | 63116 | | | | | | | | | | | | | | |
| Williams | | | | 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 | 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 | 7705 Ahern Ave | St. Louis | MO | 63130 | | | | | | | | | | | | | | |
| Yaeger | Sara L. | | | 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 | 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 | PO Box 101 | Annada | MO | 63648 | | | | | | | | | | | | | | |



# Exhibit I

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

STEVEN MITCHELL, ET.AL.,              )
    Plaintiff,                          )
                                        )
vs.                                   )      Case No.:03CV220489
                                        )      Division 4
RESIDENTIAL FUNDING, ET.AL.,          )
    Defendants.                         )
                                        )
                                        )

## NUNC PRO TUNC
## JUDGMENT AND ORDER

This cause came on for trial by jury beginning December 3, 2007. Plaintiffs appeared through representatives and the respective attorneys.

Upon selection of a petit jury and after opening statements, the parties presented evidence.

On January 3, 2008, the instructions were read to the jury and closing arguments were made. The case was submitted to the jury upon the evidence presented, the instructions of the Court and the arguments of counsel. On January 4, 2008, the jury, after due deliberations, returned to open court with verdicts for damages against all defendants and in FAVOR OF PLAINTIFFS.

**IT IS ORDERED AND ADJUDGED** that judgment be entered in favor of Plaintiff Class and against Defendant Residential Funding Corp.:

        For unauthorized settlement charges or fees in the amount of $798,832.00

        For past interest paid in the amount of $3,414,962.00

        For future interest payable in the amount of $115,254.00 and

        For punitive damages in the amount of $92,000,000.00

**IT IS ORDERED AND ADJUDGED** that judgment be entered in favor of Plaintiff Class and against Defendant Homecomings Financial, LLC.:

        For past interest paid in the amount of $682,992.00 and

        For future interest payable in the amount of $23,050.00

SUPP_LF_00027

Page 2
03CV220489

IT IS ORDERED AND ADJUDGED that judgment be entered in favor of Plaintiff
Class and against Defendant Household Finance Corporation III:

<u>For unauthorized settlement charges or fees in the amount of $83,494.00</u>

<u>For past interest paid in the amount of $316,710.00</u>

<u>For future interest payable in the amount of $8,626.00, and</u>

<u>For punitive damages in the amount of $4,500,000.00</u>

IT IS ORDEDER AND ADJUDGED that judgment be entered in favor of Plaintiff
Class and against Defendant Wachovia Equity Servicing, LLC:

<u>For unauthorized settlement charges or fees in the amount of $65,407.00</u>

<u>For past interest paid in the amount of $309,550.00</u>

<u>For punitive damages in the amount of $2,500,000.00</u>

IT IS FURTHER ORDERED AND ADJUDGED that plaintiffs Steven and Ruth
Mitchell as representatives of the class shall be jointly awarded an incentive payment of
$30,000.00, which shall be paid from the class common fund with a pro rata reduction to the
recovery of the class members other than Steven and Ruth Mitchell on a per loan basis;

IT IS FURTHER ORDERED AND ADJUDGED that pre-judgment interest be
assessed against Defendants and in favor of Plaintiff Class in the total amount of $759,484.00;

<u>Defendant Residential Funding Corp. in the amount of $642,066.00</u>

<u>Defendant Household Finance Corporation III in the amount of $64,910.00</u>

<u>Defendant Wachovia Equity Servicing LLC in the amount of $52,508.00</u>

IT IS FURTHER ORDERED AND ADJUDGED that 35% of the total class
common fund shall be awarded to Class Counsel. Class counsel shall be awarded statutory
attorney's fees in the amount of $3,165,231.00;

Page 3
03CV220489

Defendant Residential Funding Corp. in the amount of $2,680,001.09

Defendant Household Finance Corporation III in the amount of $253,218.48

Defendant Wachovia Equity Servicing, LLC in the amount of $232,011.43

IT IS SO ORDERED.

June 24, 2008
_____
Date

Justine E. Del Muro, Judge

CERTIFIED COPY
I certify that the foregoing document is a full, true
and complete copy of the original on file in my
office and of which I am legal custodian.
Teresa L. York
Court Administrator
Circuit Court of Jackson County, Missouri
By _____ Deputy

I hereby certify that a copy of the foregoing
was made available for pick up ___ day of
October, 2008  to:

R. Frederick Walters, Attorney for Plaintiff: Walters Bender Strohbehn & Vaughan PC: 2500 City   Center Square,
1100 Main, Kansas City, MO 64105-2112.

Roy W. Arnold, Attorney for Defendant Residential Funding LLC: Reed Smith, LLP., 435 Sixth     Avenue,
Pittsburg, PA 15219-1886.

Randolph G. Willis, Attorney for Defendant Residential Funding LLC: Rasmussen Willis Dickey &
Moore LLC, 9200 Ward Parkway, Suite 310, Kansas City, MO 64114

Scott W. Martin, Attorney for Defendant Wachovia Servicing LLC: Husch & Eppenberger, LLC, 1200     Main,
Suite 2300, Kansas City, MO 64105

Todd W. Ruskamp, Attorney for Defendant Household Finance Corp., et.al.,: Shook Hardy & Bacon,     LLP,
2555 Grand Blvd., Kansas City, MO 64108

Diana L. Infranca, Judicial Administrative Assistant, Division 4

SUPP_LF_00029