MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Charles L. Kerr
Darryl P. Rains
J. Alexander Lawrence

*Counsel for the Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------

## <u>DIRECT TESTIMONY OF JEFFREY A. LIPPS</u>

I, Jeffrey A. Lipps, under penalty of perjury, testify as follows:

1.      I am a partner with Carpenter Lipps & Leland LLP in Columbus, Ohio.

2.      I have represented many of the debtors in residential mortgage-backed securities ("RMBS") litigation, including litigation with private securities investors and financial guaranty companies, or "monoline insurers," and in assessing claims asserted on behalf of RMBS issuing trusts.  I am also familiar with the claims asserted against the debtors' directors and officers and non-debtors in those cases.  Because of my experience in these cases, I am also knowledgeable about the likely costs and expenses associated with continued litigation if the claims are not resolved.

## SUMMARY OF TESTIMONY

3.      The *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, as may be amended (the "Plan"),[1] includes settlements with private securities claimants, monoline insurers, and institutional investors in the debtors' RMBS securities.  These creditors' claims involved:

- More than 1,000 securitizations;

- More than one million loans;

- An aggregate original principal balance of over $226 billion;

- 230 proofs of claim filed by over 35 claimants;

- Twenty-six unaffiliated co-defendants with the ability to assert indemnity or contribution claims; and

- Claimed losses totaling over $30 billion.

The Plan includes settlements – the Private Securities Claimants settlement, the NJ Carpenters settlement, the Monoline settlements, and the RMBS Settlement – which resolve all these

---

[1] See The Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Dkt. No. 4819-2], a true and correct copy of which is Exhibit PX-868.

claims.  I understand that these settlements are largely unopposed.  No RMBS investors have objected to the Plan.

4.      <u>Private Securities Claimants</u>.  When the debtors filed their bankruptcy petitions, one or more debtors were defendants in seventeen lawsuits brought by private investors in the debtors' RMBS securities.  In addition, nine private RMBS investors had entered into tolling agreements with the debtors and Ally.  Twenty-three different entities filed 225 proofs of claims concerning these claims.  The proofs of claim assert claims in excess of $16 billion.

5.      <u>Monoline Insurers</u>.  When the debtors filed their bankruptcy petitions, one or more debtors were defendants in fifteen lawsuits brought by monoline insurers, alleging that the debtors committed fraud and breached various representations and warranties in connection with the monolines' insurance policies.  In all, five monoline insurers filed thirty-two proofs of claim seeking tens of billions of dollars in realized and potential losses.

6.      <u>Institutional RMBS Investors</u>.  Before the debtors filed their bankruptcy petitions, two groups of institutional RMBS institutional investors threatened legal actions against the debtors based on alleged breaches of representations and warranties in the debtor's offering documents.  Both groups entered into pre-petition tolling agreements with the debtors.  Ultimately, six RMBS indenture trustees, acting on behalf of their investors, filed hundreds of proofs of claim relating to these investors' claims.  While the proofs of claim do not state any specific amount of damages, the claims cover over one thousand RMBS trusts, and involve millions of loans with a combined original principal balance of over $226 billion.

7.      <u>Non-Debtor Co-Defendants</u>.  Many of the pre-petition lawsuits asserted against the debtors also named as defendants various non-debtor Ally entities and various unaffiliated

entities.  Many of these co-defendants could assert indemnification or contribution claims against the debtors, Ally, or the debtors' directors or officers.

8.      Ally Claims.  Various non-debtor Ally entities, including Ally Financial Inc., Ally Bank, and Ally Securities filed 150 proofs of claim for indemnification under various agreements between Ally and the debtors.  Among other things, Ally's proofs of claim seek indemnification in connection with RMBS-related litigation in which Ally and debtors are co-defendants.

9.      Director and Officer Claims.  Forty-six of the debtors' former directors or officers filed 128 proofs of claim for indemnification in connection with their services as directors or officers.  Among other things, these former directors and officers' claims seek contractual indemnification in connection with RMBS-related litigation in which they are defendants.

10.      Potential Unasserted Claims. The possibility of any other parties having valid, unasserted claims related to the debtors' RMBS business is extremely remote.  The debtors' RMBS business was only active until 2007.  The first RMBS-related lawsuits were filed against the debtors in the fall of 2008.  Since then, lawsuits and other allegations against the debtors related to RMBS have been widely publicized.  Any potential claimants have had ample opportunity to assert a claim and, in fact, most RMBS-related claims are now barred by applicable statutes of limitation.  Notably, no new investor has filed an RMBS-related securities suit against the debtors or Ally since August 2012, confirming the remote likelihood of additional claims being asserted now.

11.      Expense of Continued Litigation.  The costs and expenses associated with defending several of these lawsuits, before the debtors filed their bankruptcy petitions, were enormous.  If the Plan is not approved, and those lawsuits continue, discovery will be

complicated and expensive, and made more difficult by the debtors' divestitures, employee

turnover, and other post-petition changes.

### BACKGROUND AND EXPERIENCE
### WITH RMBS MATTERS ON BEHALF OF DEBTORS

12.     I have over thirty years' experience as a trial lawyer representing and counseling

clients in complex commercial litigation matters, including commercial disputes, class action

litigation, securities litigation, procurement matters, and bankruptcy litigation.  I have handled

cases in state and federal courts in over a dozen states.  I was a partner at Jones Day before

becoming a founding partner in my current firm, which is a litigation boutique with a national

practice.

13.     I began to represent a number of the debtors, non-debtor affiliated entities, and

certain of the debtors' directors and officers, in early 2010.  Before the debtors filed for

bankruptcy, I represented various of these entities and individuals in numerous lawsuits

involving the issuance of residential mortgage-backed securities.  These included numerous

cases brought by securities investor plaintiffs against various debtors and affiliated entities

asserting claims under federal and state securities fraud statutes, as well as claims for common

law fraud and other associated causes of action arising from alleged misrepresentations in

offering materials related to these securities.  I also represented these persons and entities in

numerous lawsuits brought by monoline insurance companies involving bond insurance issued

on a total of more than twenty securitizations.

14.     My work for the debtors has continued after the debtors filed their bankruptcy

petitions.  My firm was retained as special litigation and discovery counsel in the debtors'

bankruptcy cases.  In that capacity, I helped the debtors analyze various claims related to their

issuance of mortgage-backed securities, including claims filed by monolines and security claimants.

15.     In addition, based on my experience, I was asked by the debtors' bankruptcy examiner to make presentations on the RMBS claims asserted against the debtors and various aspects of the debtors' operations.  I also supervised my firm's work as special discovery counsel in helping the debtors respond to the examiner's requests for documents.  As part of this work, I also personally participated in many of the interviews conducted by the examiner of the debtors' current and former employees.

**SECURITIES LITIGATION RELATED TO THE DEBTORS' RMBS BUSINESS**

16.     Before the debtors filed for bankruptcy, private securities investors had brought seventeen lawsuits against one or more of the debtors.[2]  These lawsuits asserted claims for state and federal securities law violations, common law fraud, and negligent misrepresentation based on alleged material misstatements in the debtors' RMBS registration statements and prospectuses.

17.     The seventeen pre-petition private securities cases were:

---

[2] Exhibits PX-610, PX-653 through PX-665, PX-667, and PX-670 through PX-671 are true and correct copies of the initial pleadings in those lawsuits.

| **Caption** | **Case Number** | **Jurisdiction** | **Debtor, Ally and Debtor Former Director and Officer Defendants** |
|---|---|---|---|
| Allstate Insurance Co., *et al.*, v. GMAC Mortgage, LLC, *et al.* | 27-CV-11-3480 | Fourth Judicial District, Hennepin County, Minnesota | GMAC Mortgage, LLC ("GMACM"), Residential Funding Company, LLC ("RFC"), Residential Accredit Loans, Inc. ("RALI"), Residential Asset Mortgage Products, Inc. ("RAMP"), Residential Funding Mortgage Securities I, Inc. ("RFMSI"), Residential Funding Mortgage Securities II, Inc. ("RFMSII") and Residential Asset Securities Corporation ("RASC")<br><br>Ally Securities LLC (f/k/a Residential Funding Securities, LLC) ("Ally Securities") |
| Cambridge Place Investment Management Inc. v. Citigroup Capital Markets Inc., *et al.*, | 10-2741 | Suffolk County Superior Court, Massachusetts | RAMP, RALI, and Ally Securities |
| Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., *et al.*, | 11-00555 | Suffolk County Superior Court, Massachusetts | RAMP, RASC, and Ally Securities |
| Federal Home Loan Bank of Boston v. Ally Financial, Inc., *et al.*, | 11-1533 | Suffolk County, Superior Court, Massachusetts | RALI, RFC, Ally Financial, Inc. ("AFI") |
| Federal Home Loan Bank of Chicago v. Banc of America Funding Corp., *et al.*, | 10-CH-45033 | Chancery Division of the Circuit Court of Cook County, Illinois | RAMP, RASC, RFC, Ally Securities, GMACM, AFI, RFMSI |
| Federal Home Loan Bank of Indianapolis v. Banc of America Mortgage, Securities, Inc., *et al.* | 49D05 10 10 PL 045071 | Marion Superior Court for the State of Indiana | RFMSI, Ally Securities, GMACM AFI |

| **Caption** | **Case Number** | **Jurisdiction** | **Debtor, Ally and Debtor Former Director and Officer Defendants** |
|---|---|---|---|
| Federal Housing Finance Agency v. Ally Financial, Inc., *et al.* | 11-cv-07010-DLC | United States District Court for the Southern District of New York | Residential Capital, LLC ("ResCap"), GMAC-RFC Holding Company, LLC ("GMAC-RFC"), RFC, RAMP, RASC, RALI,[3] AFI, GMACM, Ally Securities |
| Huntington Bancshares, Inc. v. Ally Financial Inc., *et al.* | 27-CV-11-20276 | Fourth Judicial District, Hennepin County, Minnesota | GMACM, RALI, ResCap, RFC, GMAC-RFC<br><br>AFI, Ally Securities<br><br>Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, David C. Walker, Jack R. Katzmark, Julie Steinhagen |
| Massachusetts Mutual Life Insurance Co. v. Residential Funding Company, LLC, *et al.* | 11-cv-30035-KPN | United States District Court for the District of Massachusetts | RFC, RALI, RAMP, RASC<br><br>Ally Securities<br><br>Bruce J. Paradis, Davee L. Olson, David C. Walker, Kenneth M. Duncan, Ralph T. Flees, James G. Jones, David M. Bricker |
| National Credit Union Administration Board v. Goldman Sachs & Co., *et al.*, | 11-cv-06521 GW JEM | United States District Court for the Central District of California | RALI, RFC |
| National Credit Union Administration Board v. RBS Securities, Inc., *et al.* | 11-cv-02340 RDR KGS | United States District Court for the District of Kansas | RFMSII |
| New Jersey Carpenters Health Fund, *et al.* v. Residential Capital, LLC, *et al.* | 08-CV-08781-HB | United States District Court for the Southern District of New York | ResCap, RALI, RFC<br><br>Ally Securities<br><br>Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young |

---

[3] Because of the automatic stay, FHFA did not name any debtors as defendants in its amended complaint but specifically noted that it would have named them if the stay were not in place. *See* PX-667 at 15 n.4.

| **Caption** | **Case Number** | **Jurisdiction** | **Debtor, Ally and Debtor Former Director and Officer Defendants** |
|---|---|---|---|
| Stichting Pensioenfunds ABP v. Ally Financial Inc., *et al.* | 27-CV-11-20426 | Fourth Judicial District, Hennepin County, Minnesota | GMACM, Homecomings Financial, LLC ("Homecomings"), RALI, ResCap, GMAC-RFC, RAMP, RASC<br><br>AFI, Ally Securities<br><br>Bruce J. Paradis, Kenneth M. Duncan, Ralph T. Flees, Lisa R. Lundsten, David C. Walker, James G. Jones, David M. Bricker, James N. Young, Diane Wold |
| Thrivent Financial for Lutherans, *et al.*, v. Residential Funding Company, LLC, *et al.* | 27-CV-11-5830 | Fourth Judicial District, Hennepin County, Minnesota | RFC, RALI, GMACM, RAMP, Homecomings<br><br>Ally Securities, Ally Bank |
| Union Central Life Ins. Co., *et al.* v. Credit Suisse First Boston Mortgage Securities Corp., *et al.* | 11-cv-2890 | United States District Court for the Southern District of New York | RALI, Ally Securities<br><br>Bruce J. Paradis |
| The Western and Southern Life Insurance Company, *et al.* v. Residential Funding Company, LLC*, et al.* | A1105042 | Court of Common Pleas, Hamilton County, Ohio | RFC, GMACM, RALI, RAMP, RFMSI<br><br>Ally Securities<br><br>David C. Walker, Kenneth M. Duncan, Ralph T. Flees, James G. Jones, David M. Bricker |
| West Virginia Investment Management Board v. Residential Accredited Loans, Inc., *et al.* | 10-c-412 | Circuit Court of Kanawha County, West Virginia | RALI, RFC, GMACM, RAMP, RFMSI<br><br>Ally Securities |

18.     Collectively, these lawsuits involved more than a hundred RMBS securitizations, and a combined original principal balance of more than $100 billion.

19.     These lawsuits were mostly in the pleading stage or in early stages of discovery when the debtors filed their bankruptcy petitions.  Discovery had not been completed in any of

8

the cases.  One of the cases – filed by Thrivent Financial for Lutherans – was settled before the

filing of the debtors' petitions in a settlement that covered both debtors and non-debtor Ally

entities.  Seven of these cases have survived pre-answer motions to dismiss in whole or

substantial part.

20.    Twelve of the suits also asserted claims against certain Ally entities.  These

claims were based on alleged misstatements in the debtors' offering materials.  The claims

against Ally are based on Ally's roles as sellers or underwriters of the debtors' securities, as

"control persons" over the debtors under federal and state securities laws, and under various

common law aiding and abetting or joint liability theories.

21.    In addition to these pending cases, several private securities investors entered into

pre-petition tolling agreements with the debtors and Ally.  The following investors have pre-

petition tolling agreements:

| Prepetition Tolling Agreement Parties |
| --- |
| American International Group, Inc. and its subsidiaries and affiliated entities ("AIG") |
| Asset Management Fund d/b/a AMF Funds and its affiliates ("AMF") |
| Bank Hapoalim, B.M. ("Hapoalim") |
| Deutsche Zentral Genossenschaftsbank, New York Branch d/b/a DZ Bank AG and its affiliates ("DZ Bank") |
| HSH Nordbank, AG and its affiliates ("HSH Nordbank") |
| IKB Deutsche Industriebank AG and its affiliates ("IKB") |
| John Hancock Life Insurance Company and its affiliates ("John Hancock") |
| Principal Life Insurance Company and its affiliates ("Principal") |
| Prudential Insurance Company of America and its affiliates ("Prudential") |

**PRIVATE SECURITIES INVESTORS PROOFS OF CLAIM**

22.    The Plan provides for, establishes, and funds a private securities claims trust (the

"PSC Trust") to resolve claims filed by twenty private securities investors which either filed pre-

petition lawsuits against the debtors and Ally or entered into pre-petition tolling agreements with

them.  Those investors can be grouped into twenty corporate families.  *See* Ex. PX-868, Plan Art.

I(A)(214).  They are:

| **<u>Corporate Families of Private Securities Claimants</u>** |
|---|
| AIG |
| Allstate Insurance Company and its affiliates ("<u>Allstate</u>") |
| AMF |
| Hapoalim |
| Cambridge Place Investment Management, Inc., in two capacities based on two separate actions ("<u>Cambridge Place</u>") |
| DZ Bank |
| Federal Home Loan Bank of Boston ("<u>FHLB Boston</u>") |
| Federal Home Loan Bank of Chicago ("<u>FHLB Chicago</u>") |
| Federal Home Loan Bank of Indianapolis ("<u>FHLB Indianapolis</u>") |
| HSH Nordbank |
| Huntington Bancshares Inc. ("<u>Huntington</u>") |
| IKB |
| John Hancock |
| Massachusetts Mutual Life Insurance Company and its subsidiaries and affiliates ("<u>MassMutual</u>") |
| Principal |
| Prudential |
| Sealink Funding Limited ("<u>Sealink</u>") |
| Stichting Pensioenfonds ABP ("<u>Stichting</u>") |
| Union Central Life Insurance Company/Ameritas Life Insurance Company, Acacia Life Insurance Company ("<u>Union Central</u>") |
| The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Columbus Life Insurance Company, Integrity Life Insurance Company, National Integrity Life Insurance Company and Fort Washington Investment Advisors, Inc. ("<u>Western and Southern</u>") |

23.     I have reviewed and analyzed the private securities claimants' proofs of claim.  I

have also reviewed their complaints and tolling agreements.

24.     The Plan provides for settlement of the proofs of claims filed by each of these

twenty corporate families through the PSC Trust.  These investors filed over 200 proofs of claim

based on claimed losses of approximately $2.4 billion on investments in the debtors' RMBS.

Under the Plan, liquidation trust units worth approximately $235 million will be paid into the PSC Trust for distribution to these claimants.  The actual amount allocated to each claimants will be determined among them according to an agreed-upon allocation plan under the PSC Trust agreement governing the operation of the PSC Trust.[4]

25.    **AIG**.  AIG filed five proofs of claim totaling in excess of $2.6 billion.[5]  The proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 4778 | RAMP | $432,912,995.50 |
| 5321 | Homecomings | $594,744,564.31 |
| 5344 | RALI | $166,545,328.48 |
| 5346 | GMACM | $245,434,825.37 |
| 5347 | RASC | $300,429,199.66 |

26.    AIG's proofs of claim assert claims involving thirty-five RMBS securitizations issued between 2005 and 2007.  The proofs of claim allege that the debtors misrepresented the character of the loans underlying RMBS that RFC and GMACM sponsored.  The proofs of claim rely on analyses of the loans and interviews with anonymous former employees of the debtors.

27.    AIG's proofs of claim do not state the amount of securities purchased by AIG or AIG's purchases prices or purchase dates.

28.    **Allstate**.  Allstate filed twenty proofs of claim through four different affiliates.[6] Allstate purchased approximately $554 million of securities in twenty-five of the debtors' RMBS securitizations.  Allstate's proofs of claim are as follows:

---

[4] Exhibit PX-875 attaches a true and correct copy of the PSC Trust agreement.

[5] Exhibits PX-973 through PX-977 are true and correct copies of the proofs of claim filed by AIG.

[6] Exhibits PX-978 through PX-997 are true and correct copies of the proofs of claim filed by Allstate.

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 4499 | RFMSI | $1,213,933.73 |
| 4500 | GMACM | $9,968,311.05 |
| 4501 | GMAC-RFC | $99,000,076.29 |
| 4502 | GMAC-RFC | $20,914,062.44 |
| 4503 | RASC | $2,034,584.99 |
| 4504 | RAMP | $20,714,009.03 |
| 4505 | ResCap | $20,914,062.44 |
| 4506 | GMAC-RFC | $4,964,356.39 |
| 4509 | RFC | $4,964,356.39 |
| 4515 | RALI | $4,964,356.39 |
| 4516 | RFC | $89,031,765.24 |
| 4517 | RALI | $6,932,819.75 |
| 4656 | ResCap | $99,000,076.29 |
| 4931 | RFMSII | $8,120,475.51 |
| 4957 | RAMP | $4,646,833.45 |
| 4958 | GMACM | $4,043,194.95 |
| 4960 | RFC | $16,870,867.49 |
| 4963 | RFMSII | $72,544,604.33 |
| 5078 | RALI | $3,706,877.94 |
| 5079 | ResCap | $4,964,356.39 |

29.     Allstate asserts claims for fraud and misrepresentation based on alleged

misrepresentations about the character of the mortgage loans underlying the RMBS is purchased.

Its proofs of claim do not specify its claimed damages.

30.    **AMF**. AMF filed four proofs of claim.[7]  AMF purchased approximately $45.9 million of securities in three of the debtors' RMBS securitizations.  AMF asserts common law fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation claims based on alleged misstatements in the debtors' RMBS offering materials.  AMF's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 2647 | RFC | Unliquidated |
| 2648 | RALI | Unliquidated |
| 2650 | RFMSI | Unliquidated |
| 2927 | RFC | Unliquidated |

31.    **Hapoalim**. Hapoalim filed five proofs of claim.[8]  Hapoalim purchased approximately $191.4 million of securities in twelve of the debtors' RMBS securitizations.  Hapoalim asserts claims for fraud and negligent misrepresentation based on alleged misstatements in the debtors' RMBS offering documents.  Hapoalim's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 2660 | RFC | Unliquidated |
| 2661 | GMACM | Unliquidated |
| 2662 | RALI | Unliquidated |
| 2663 | RAMP | Unliquidated |
| 2664 | RFMSII | Unliquidated |

---

[7] Exhibits PX-998 through PX-1001 are true and correct copies of the proofs of claim filed by AMF.

[8] Exhibits PX-1002 through PX-1006 are true and correct copies of the proofs of claim filed by Hapoalim.

32.    **Cambridge Place**.  Cambridge Place filed three proofs of claims.[9]  Cambridge

Place purchased approximately $39 million of securities in ten of the debtors' RMBS

securitizations.  Cambridge Place asserts claims under the Massachusetts Uniform Securities

Act.  Cambridge Place's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 5305 | RASC | $24,101,963.00 |
| 5313 | RALI | $5,555,957.00 |
| 5331 | RAMP | $9,355,219.00 |

33.    **DZ Bank**. DZ Bank filed four proofs of claim.[10]  DZ Bank purchased

approximately $290 million of securities in eleven of the debtors' RMBS securitizations.  DZ

Bank asserts claims for fraud and negligent misrepresentation based on alleged misstatements in

the debtors' RMBS offering documents.  DZ Bank's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 2654 | RASC | Unliquidated |
| 2655 | RAMP | Unliquidated |
| 2657 | RFC | Unliquidated |
| 2658 | RALI | Unliquidated |

34.    **FHLB Boston**.  FHLB Boston filed two proofs of claim.[11]  FHLB Boston asserts

claims under the Massachusetts Securities Act, the Massachusetts Unfair Trade Practices Law,

and for common law negligent misrepresentation based on alleged misstatements in the debtors'

RMBS offering materials.  FHLB Boston's proofs of claim are as follows:

---

[9] Exhibits PX-1007 through PX-1009 are true and correct copies of the proofs of claim filed by Cambridge Place.

[10] Exhibits PX-1010 through PX-1013 are true and correct copies of the proofs of claim filed by DZ Bank.

[11] Exhibits PX-1014 through PX-1015 are true and correct copies of the proofs of claim filed by FHLB Boston.

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 2641 | RFC | Unliquidated |
| 3661 | RALI | Unliquidated |

35.    **FHLB Chicago**.  FHLB Chicago filed four proofs of claim.[12]  FHLB Chicago

asserts claims under the Illinois and North Carolina Securities Acts and for common law

negligent misrepresentation based on alleged misstatements in the debtors' RMBS offering

materials.  FHLB Chicago's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 2637 | RAMP | Unliquidated |
| 2638 | RFC | Unliquidated |
| 2639 | RASC | Unliquidated |
| 2640 | RFMSI | Unliquidated |

36.    **FHLB Indianapolis**.  FHLB Indianapolis filed one proof of claim.[13]  FHLB

Indianapolis asserts a claim for negligence based on alleged misstatements in the debtors' RMBS

offering materials. FHLB Indianapolis's proof of claim is as follows:

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 3785 | RFMSI | Unliquidated |

37.    **Huntington**.  Huntington filed six proofs of claim.[14]  Huntington purchased

approximately $186 million of securities in five of the debtors' RMBS securitizations.

Huntington asserts claims for fraud and negligent misrepresentation based on alleged

---

[12] Exhibits PX-1016 through PX-1019 are true and correct copies of the proofs of claim filed by FHLB Chicago.

[13] Exhibit PX-1020 is a true and correct copy of the proof of claim filed by FHLB Indianapolis.

[14] Exhibits PX-1024 through PX-1029 are true and correct copies of the proofs of claims filed by Huntington.

misstatements in the debtors' RMBS offering documents.  Huntington's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 4269 | RALI | $55,521,968.00 |
| 4272 | Homecomings | $60,601,804.00 |
| 4282 | ResCap | $60,601,804.00 |
| 4354 | RFC | $60,601,804.00 |
| 4356 | GMAC-RFC | $60,601,804.00 |
| 4359 | RFMSI | $5,079,836.00 |

38.    **IKB**.  IKB filed four proofs of claim.[15]  IKB purchased approximately $128 million of securities in thirty-three of the debtors' RMBS securitizations.  IKB asserts claims for fraud and negligent misrepresentation based on alleged misstatements in the debtors' RMBS offering documents.  IKB's proof of claims are as follows:

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 2644 | RFMSII | Unliquidated |
| 2652 | RFC | Unliquidated |
| 2653 | RAMP | Unliquidated |
| 2656 | RASC | Unliquidated |

39.    **John Hancock**.  John Hancock filed fifty-nine proofs of claim.[16]  John Hancock purchased approximately $300 million of securities in twelve of the debtors' securitizations.  John Hancock asserts claims for fraud and negligence in connection with the debtors' RMBS offering documents.  John Hancock's proofs of claim are as follows:

---

[15] Exhibits PX-1030 through PX-1033 are true and correct copies of the proofs of claim filed by IKB.

[16] Exhibits PX-1034 through PX-1092 are true and correct copies of the proofs of claim filed by John Hancock.

16

| Claim Number | John Hancock Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4221 | John Hancock Strategic Series | RFC | $2,009,839.00 |
| 4223 | John Hancock Strategic Series | ResCap | $2,009,839.00 |
| 4224 | John Hancock Strategic Series | RALI | $2,009,839.00 |
| 4225 | John Hancock Strategic Series | Homecomings | $2,009,839.00 |
| 4226 | John Hancock Strategic Series | GMACM | $2,009,839.00 |
| 4228 | John Hancock Strategic Series | GMAC-RFC | $2,009,839.00 |
| 4239 | John Hancock Bond Trust | RALI | $2,022,262.00 |
| 4241 | John Hancock Bond Trust | ResCap | $2,022,262.00 |
| 4243 | John Hancock Bond Trust | Homecomings | $1,996,463.00 |
| 4246 | John Hancock Bond Trust | GMAC-RFC | $2,022,262.00 |
| 4252 | John Hancock Life Insurance Company (U.S.A.) | Homecomings | $3,810,879.00 |
| 4278 | John Hancock Funds II | RFC | $5,285,276.00 |
| 4281 | John Hancock Funds II | GMAC-RFC | $5,285,276.00 |
| 4283 | John Hancock Funds II | GMACM | $491,926.00 |
| 4285 | John Hancock Funds II | Homecomings | $4,614,358.00 |

| Claim Number | John Hancock Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4287 | John Hancock Funds II | RALI | $4,537,236.00 |
| 4289 | John Hancock Funds II | RFMSI | $49,959.00 |
| 4294 | John Hancock Funds II | ResCap | $5,285,276.00 |
| 4296 | John Hancock Funds II | RAMP | $27,163.00 |
| 4231 | John Hancock Income Securities Trust | Homecomings | $1,195,108.00 |
| 4233 | John Hancock Income Securities Trust | GMAC-RFC | $1,200,920.00 |
| 4234 | John Hancock Income Securities Trust | GMACM | $123,226.00 |
| 4235 | John Hancock Income Securities Trust | RFC | $1,200,920.00 |
| 4237 | John Hancock Income Securities Trust | ResCap | $1,200,920.00 |
| 4238 | John Hancock Income Securities Trust | RALI | $1,200,920.00 |
| 4245 | John Hancock Life Insurance Company (U.S.A.) | RASC | $2,916,049.00 |
| 4248 | John Hancock Bond Trust Fund | GMACM | $737,907.00 |
| 4250 | John Hancock Bond Trust Fund | RFC | $2,022,262.00 |
| 4273 | John Hancock Life Insurance Company (U.S.A.) | GMACM | $2,259,667.00 |
| 4274 | John Hancock Life Insurance Company (U.S.A.) | Homecomings | $23,406,347.00 |
| 4277 | John Hancock Life Insurance Company (U.S.A.) | GMAC-RFC | $23,605,071.00 |

| Claim Number | John Hancock Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4286 | John Hancock Life Insurance Company (U.S.A.) | RFC | $23,605,071.00 |
| 4288 | John Hancock Sovereign Bond Fund | ResCap | $2,373,378.00 |
| 4290 | John Hancock Sovereign Bond Fund | RFC | $2,373,378.00 |
| 4291 | John Hancock Sovereign Bond Fund | GMACM | $1,613,982.00 |
| 4292 | John Hancock Sovereign Bond Fund | Homecomings | $2,331,047.00 |
| 4293 | John Hancock Sovereign Bond Fund | RALI | $2,373,378.00 |
| 4295 | John Hancock Life Insurance Company (U.S.A.) | ResCap | $4,231,351.00 |
| 4297 | John Hancock Life Insurance Company (U.S.A.) | RFMSI | $8,845,578.00 |
| 4298 | John Hancock Variable Insurance Trust | ResCap | $8,112,515.00 |
| 4300 | John Hancock Life Insurance Company (U.S.A.) | RALI | $7,476,009.00 |
| 4301 | John Hancock Variable Insurance Trust | RFC | $8,112,515.00 |
| 4302 | John Hancock Variable Insurance Trust | GMAC-RFC | $8,112,515.00 |
| 4303 | John Hancock Variable Insurance Trust | GMACM | $2,023,409.00 |
| 4305 | John Hancock Life Insurance Company (U.S.A.) | RASC | $420,472.00 |

| Claim Number | John Hancock Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4306 | John Hancock Variable Insurance Trust | Homecomings | $6,902,566.00 |
| 4314 | John Hancock Variable Insurance Trust | RALI | $6,557,865.00 |
| 4315 | John Hancock Life Insurance Company (U.S.A.) | ResCap | $23,605,071.00 |
| 4317 | John Hancock Variable Insurance Trust | RAMP | $55,339.00 |
| 4319 | John Hancock Life Insurance Company (U.S.A.) | RALI | $3,419,342.00 |
| 4321 | John Hancock Variable Insurance Trust | RASC | $48,091.00 |
| 4323 | John Hancock Variable Insurance Trust | RFMSI | $66,613.00 |
| 4324 | John Hancock Life Insurance Company (U.S.A.) | RFC | $4,231,351.00 |
| 4325 | John Hancock Variable Insurance Trust | RFMSII | $274,502.00 |
| 4329 | John Hancock Life Insurance Company (U.S.A.) | GMAC-RFC | $4,231,351.00 |
| 4335 | John Hancock Life Insurance Company (U.S.A.) | RAMP | $4,367,435.00 |
| 4336 | John Hancock Life Insurance Company (U.S.A.) | RAMP | $391,536.00 |
| 4361 | John Hancock Sovereign Bond Fund | GMAC-RFC | $2,373,378.00 |

| Claim Number | John Hancock Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4363 | John Hancock Life Insurance Company (U.S.A.) | GMACM | $6,647,370.00 |

40.  **MassMutual**. Mass Mutual filed four proofs of claim totaling more than $436 million.[17]  Mass Mutual asserts claims under Massachusetts securities laws and for common law fraudulent misrepresentation.  Mass Mutual's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 5013 | RASC | $6,000,000.00 |
| 5033 | RFC | $217,000,000.00 |
| 5042 | RAMP | $17,450.000.00 |
| 5060 | RALI | $196,500,000.00 |

41.  **HSH Nordbank**.  HSH Nordbank filed three proofs of claim.[18]  HSH Nordbank purchased approximately $130.2 million of securities in nine of the debtors' RMBS securitizations.  HSH Nordbank asserts claims for common law fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation based on alleged misstatements in the debtors' RMBS offering materials. HSH Nordbank's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 2646 | RFC | Unliquidated |
| 2649 | RASC | Unliquidated |
| 2651 | RAMP | Unliquidated |

---

[17] Exhibits PX-1093 through PX-1096 are true and correct copies of the proofs of claim filed by Mass Mutual .

[18] Exhibits PX-1021 through PX-1023 are true and correct copies of the proofs of claim filed by Nordbank.

42. **Principal**. Principal filed five proofs of claim.[19]  Principal purchased $69.4 million of securities in twelve of the debtors' RMBS securitizations.  Principal asserts claims for common law fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation based on alleged misstatements in the debtors' RMBS offering materials. Principal's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
| --- | --- | --- |
| 2751 | RASC | Unliquidated |
| 2752 | RFC | Unliquidated |
| 2753 | GMACM | Unliquidated |
| 2754 | RALI | Unliquidated |
| 2755 | RAMP | Unliquidated |

43. **Prudential**. Prudential filed thirty-nine proofs of claim totaling more than $200 million.[20]  Prudential's proofs of claim allege that the debtors' RMBS offering materials contained fraudulent misrepresentations about the quality of the underlying loans and adherence to underwriting standards.  Prudential's proofs of claim are as follows:

| Claim Number | Prudential Entity Filing Claim | Debtor | Amount |
| --- | --- | --- | --- |
| 4512 | Pru Alpha Fixed Income Opportunity Master Fund I, L.P. | RASC | $3,313,234.38 |
| 4513 | Pru Alpha Fixed Income Opportunity Master Fund I, L.P. | RFC | $4,465,234.38 |
| 4514 | Pruco Life Insurance Company of New Jersey | ResCap | $791,462.46 |

---

[19] Exhibits PX-1097 through PX-1101 are true and correct copies of the proofs of claim filed by Principal.

[20] Exhibits PX-1102 through PX-1132 and  PX-1196 through PX-1203 are true and correct copies of the proofs of claim filed by Prudential.

| Claim Number | Prudential Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4521 | Prudential Trust Company | RFC | $5,045,983.60 |
| 4524 | Prudential Trust Company | ResCap | $5,045,983.36 |
| 4525 | Prudential Investment Portfolios 2 | RAMP | $18,053,502.44 |
| 4529 | Prudential Investment Portfolios 2 | RFC | $33,241,570.13 |
| 4532 | Prudential Investment Portfolios 2 | GMACM | $13,745,309.31 |
| 4660 | Prudential Investment Portfolios 2 | RASC | $23,770,245.33 |
| 4661 | Prudential Investment Portfolios 2 | RFMSII | $5,163,131.67 |
| 4683 | Prudential Investment Portfolios 2 | ResCap | $46,986,879.44 |
| 4675 | Prudential Investment Portfolios 2 | GMAC-RFC | $46,986,879.44 |
| 4928 | Pru Alpha Fixed Income Opportunity Master Fund I, L.P. | ResCap | $4,465,234.38 |
| 4933 | Pru Alpha Fixed Income Opportunity Master Fund I, L.P. | GMAC-RFC | $4,465,234.38 |
| 4937 | Prudential Trust Company | RASC | $1,282,500.00 |
| 4968 | Pruco Life Insurance Company | RFMSII | $977,753.38 |
| 4991 | Pru Alpha Fixed Income Opportunity Master Fund I, L.P. | RAMP | $1,152,000.00 |

| Claim Number | Prudential Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 5091 | Pruco Life Insurance Company of New Jersey | RFC | $791,462.46 |
| 5092 | Pruco Life Insurance Company | RFC | $977,753.38 |
| 5093 | Pruco Life Insurance Company | ResCap | $977,753.38 |
| 5094 | Pruco Life Insurance Company of New Jersey | GMAC-RFC | $791,462.46 |
| 5095 | Pruco Life Insurance Company | GMAC-RFC | $977,753.38 |
| 5096 | Pruco Life Insurance Company of New Jersey | RFMSII | $791,462.46 |
| 5097 | Prudential Annuities Life Assurance Corp. | GMAC-RFC | $7,640,462.18 |
| 5098 | Prudential Annuities Life Assurance Corp. | RFC | $7,640,462.18 |
| 5099 | Prudential Annuities Life Assurance Corp. | ResCap | $7,640,462.18 |
| 5100 | Prudential Annuities Life Assurance Corp. | RFMSII | $7,640,462.18 |
| 5101 | Prudential Retirement Insurance & Annuities Company | GMAC-RFC | $14,745,577.71 |
| 5102 | Prudential Retirement Insurance & Annuities Company | RASC | $13,909,665.52 |
| 5103 | Prudential Retirement Insurance & Annuities Company | RFMSII | $835,912.19 |
| 5104 | Prudential Retirement Insurance & Annuities Company | ResCap | $14,745,577.71 |

| Claim Number | Prudential Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 5105 | Prudential Retirement Insurance & Annuities Company | RFC | $14,745,577.71 |
| 5108 | Prudential Total Return Bond Fund, Inc. | RFC | $31,967.07 |
| 5110 | Prudential Total Return Bond Fund, Inc. | ResCap | $31,967.07 |
| 5112 | Prudential Total Return Bond Fund, Inc. | GMAC-RFC | $31,967.07 |
| 5113 | Prudential Total Return Bond Fund, Inc. | RAMP | $31,967.07 |
| 5116 | Prudential Trust Company | GMAC-RFC | $5,045,983.60 |
| 5117 | Prudential Trust Company | RAMP | $3,754,392.86 |
| 5119 | Prudential Trust Company | RFMSII | $9,090.74 |

44.   **Sealink**.  Sealink filed four proofs of claim.[21]  Sealink purchased approximately

$165 million of securities in two of the debtors' RMBS securitizations.  Sealink asserts claims

for common law fraud, fraudulent inducement, and negligent misrepresentation.  Sealink's

proofs of claims are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 2642 | RASC | Unliquidated |
| 2643 | RAMP | Unliquidated |
| 2645 | RALI | Unliquidated |

---

[21] Exhibits PX-1133 and PX-1170 through PX-1172 are true and correct copies of the proofs of claim filed by Sealink.

| Claim Number | Debtor | Amount |
|---|---|---|
| 2659 | RFC | Unliquidated |

45.    **Stichting**.  Stichting filed nine proofs of claim.[22]  Stichting purchased approximately $240 million of securities in six of the debtors' RMBS securitizations.  Stichting asserts claims for fraud and negligence based on alleged misstatements in the debtors' RMBS offering documents.  Stichting's proof of claims are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 4266 | RAMP | $4,231,142.00 |
| 4268 | RALI | $2,581,296.00 |
| 4270 | Homecomings | $7,381,969.00 |
| 4279 | ResCap | $26,158,155.00 |
| 4284 | GMACM | $2,581,296.00 |
| 4355 | RFC | $26,158,155.00 |
| 4357 | GMAC-RFC | $26,158,155.00 |
| 4358 | RFMSI | $14,216,452.00 |
| 4360 | RASC | $5,129,265.00 |

46.    **Union Central**.  Union Central filed nine proofs of claim.[23]  Union Central purchased approximately $31 million of securities in ten of the debtors' RMBS securitizations.  Union Central asserts claims for common law fraud, aiding and abetting, and unjust enrichment and for violations of the Securities Exchange Act of 1934 based on alleged misstatements in the debtors' RMBS offering materials.  Union Central's proofs of claim are as follows:

---

[22] Exhibits PX-1134 through PX-1142 are true and correct copies of the proofs of claim filed by Stichting.

[23] Exhibits PX-1143 through PX-1146 and  PX-1190 through PX-1194 are true and correct copies of proofs of claim filed by Union Central.

| Claim Number | Union Central Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4808 | Ameritas Life Insurance Company | RALI | $3,735,314.00 |
| 4809 | Ameritas Life Insurance Company | ResCap | $3,735,314.00 |
| 4810 | Acacia Life Insurance Company | RFC | $1,498,160.00 |
| 4811 | Acacia Life Insurance Company | ResCap | $1,498,160.00 |
| 4812 | Acacia Life Insurance Company | RALI | $1,498,160.00 |
| 4813 | The Union Central Life Insurance Company | RALI | $30,819,635.00 |
| 4814 | The Union Central Life Insurance Company | RFC | $30,819,635.00 |
| 4815 | The Union Central Life Insurance Company | ResCap | $30,819,635.00 |
| 4816 | Ameritas Life Insurance Company | RFC | $3,735,314.00 |

47.  **Western & Southern**.  Western & Southern filed twenty-four proofs of claim.[24]
Western & Southern purchased approximately $215 million of securities in ten of the debtors'
securitizations.  Western & Southern asserts claims for common law fraud, negligent
misrepresentation and violations of Ohio state securities law.  Western & Southern's proofs of
claim are as follows:

| Claim Number | Western & Southern Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 2422 | Western-Southern Life Assurance Company | RALI | Unliquidated |
| 2424 | Columbus Life Insurance Company | RALI | Unliquidated |
| 2425 | The Western & Southern Life Insurance Company | RALI | Unliquidated |

---

[24] Exhibits PX-1147 through PX-1169 and PX-1173 are true and correct copies of certain proofs of claim filed by
Western & Southern.

| Claim Number | Western & Southern Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 2426 | Integrity Life Insurance Company | GMACM | Unliquidated |
| 2430 | National Integrity Life Insurance Company | GMACM | Unliquidated |
| 2433 | Fort Washington Advisors | RAMP | Unliquidated |
| 2434 | National Integrity Life Insurance Company | RALI | Unliquidated |
| 2437 | Western-Southern Life Assurance Company | RAMP | Unliquidated |
| 2438 | The Western & Southern Life Insurance Company | RAMP | Unliquidated |
| 2440 | Columbus Life Insurance Company | RAMP | Unliquidated |
| 2443 | Fort Washington Advisors on behalf of Fort Washington Active Fixed Income | RAMP | Unliquidated |
| 2458 | Integrity Life Insurance Company | RAMP | Unliquidated |
| 2460 | The Western & Southern Life Insurance Company | GMACM | Unliquidated |
| 2463 | Columbus Life Insurance Company | GMACM | Unliquidated |
| 2464 | Fort Washington Advisors on behalf of Fort Washington Active Fixed Income | RALI | Unliquidated |
| 2465 | Integrity Life Insurance Company | RALI | Unliquidated |
| 2466 | National Integrity Life Insurance Company | RFMSI | Unliquidated |
| 2467 | Fort Washington Advisors on behalf of Fort Washington Active Fixed Income | GMACM | Unliquidated |
| 2614 | Western-Southern Life Assurance Company | RFMSI | Unliquidated |
| 3493 | Integrity Life Insurance Company | RFMSI | Unliquidated |

| Claim Number | Western & Southern Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 3500 | Columbus Life Insurance Company | RFMSI | Unliquidated |
| 3505 | Fort Washington Advisors on behalf of Fort Washington Active Fixed Income | RFMSI | Unliquidated |
| 3514 | The Western & Southern Life Insurance Company | RFMSI | Unliquidated |
| 3518 | Western-Southern Life Assurance Company | GMACM | Unliquidated |

48.    **New Jersey Carpenters**.  The New Jersey Carpenters Health and Vacation Funds filed three proofs of claim based on allegations in its class action complaint in *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, No. 08-CV-08781-HB (S.D.N.Y.).[25]  The complaint asserted claims against ResCap, RFC, RALI, Ally Securities, Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young, and several unaffiliated underwriters on behalf of a class of investors in fifty-nine of the debtor's RMBS securitizations with original principal balance of over $38 billion and claimed losses of approximately $13 billion.  On October 7, 2013, the United States District Court for the Southern District of New York (Baer, J.) approved a final settlement of this action.  Under the settlement, the debtors' estates will pay $100 million to settle claims related to alleged misstatements in the offering materials for those offerings.[26]

---

[25] Exhibit PX-957 is a true and correct copy of the proofs of claim filed by the New Jersey Carpenters Health Fund and New Jersey Carpenters Vacation Fund.

[26] Exhibit PX-677 is a true and correct copy of the district court order approving the settlement.  Exhibit PX-676 is a true and correct copy of the New Jersey Carpenters settlement agreement.

49.    **FHFA**.  The FHFA filed six proofs of claim based on its complaint in *Federal*

*Housing Finance Agency v. Ally Financial, Inc.*, No. 11 Civ. 7010 (S.D.N.Y.).[27]  The FHFA

asserts claims based on Freddie Mac's purchase of over $6 billion of debtor-issued RMBS and

claimed losses of over $2.3 billion.  Under the Plan, the FHFA will receive an "FHFA Allowed

Claim" of $1.2 billion, entitling it to a cash payment of approximately $24 million.  The FHFA

will not be subject to a third-party release of claims against Ally under the Plan.  As discussed

below, the FHFA and Ally have reached a separate settlement which has been submitted to the

district court for approval.

50.    **West Virginia Investment Management Board.**  The West Virginia Investment

Management Board filed a proof of claim for $7.5 million based on its complaint in *West*

*Virginia Investment Management Board v. Residential Accredited Loans, Inc.,* No. 10-cv-412

(Cir. Ct. W. Va. Kanawha Cty.).  The complaint in that action asserted claims for common law

fraud and negligent misrepresentation against certain debtors arising from their issuance of

RMBS securities.  The debtors and the West Virginia Investment Management Board have

reached a settlement of this claim under which the West Virginia Management Board will

receive an allowed general unsecured claim of $223,408.[28]

51.    **National Credit Union Administration Board**.  The NCUAB submitted a proof

of claim as liquidating agent for U.S. Central Federal Credit Union and 10 proofs of claim as

liquidating agent for Western Corporate Federal Credit Union.  The proofs of claim were based

on allegations contained in *National Credit Union Administration Board v. Goldman Sachs &*

*Co.*, No. 11 Civ. 6521 (C.D. Cal.), and  *National Credit Union Administration Board v. RBS*

---

[27] Exhibit PX-1218 is a true and correct copy of the proofs of claim filed by the FHFA.

[28] Exhibit PX-675 is a true and correct copy of the West Virginia Investment Management Board settlement agreement.

*Securities, Inc.*, No. 11 Civ. 2340 (D. Kan.).[29]  The proofs of claim total approximately $293

million.  The debtors and the NCUAB have reached a settlement under which NCUAB would

receive allowed general unsecured claims of $78 million.[30]  On October 28, 2013, the debtors

filed a motion for approval of the NCUAB settlement under bankruptcy rule 9019.

52.    **Unasserted Claims**.  In addition to resolving the claims described above, the Plan

will also resolve unasserted securities investor claims arising from the debtors' RMBS business.

These unasserted claims are likely to be insignificant.  All of the major known investors in the

debtors' RMBS either filed pre-petition lawsuits against the debtors or Ally, filed proofs of

claims in the bankruptcy, or directed indenture trustees to file proofs of claim in the bankruptcy.

The debtors' bankruptcy case has received widespread attention in the financial news media, and

securities investors have had ample notice and opportunity to assert claims against the debtors or

Ally, if they wished to do so.  In addition, the debtors' RMBS business was only active until

2007, and the majority of claims arise from losses on RMBS issued from 2004 to 2007.  Thus,

most RMBS-related securities claims are now barred by applicable statutes of limitation.  Indeed,

no new investor has filed an RMBS-related securities suit against the debtors or Ally since

August 2012, demonstrating the small likelihood of additional suits.

53.    Through the RMBS Trust settlement described below, the Plan provides for some

payment to all RMBS trusts still outstanding that are not guaranteed by monoline insurance.

Thus, even securities investors who have failed to file lawsuits or proofs of claim will receive

some benefit from the Plan's approval.

---

[29] Exhibits PX-670 and PX-671 are true and correct copies of the complaints filed by the NCUAB.

[30] Exhibit PX-639 is a true and correct copy of the NCUAB settlement agreement.

## MONOLINE LITIGATION RELATED TO THE DEBTORS

54. Before the debtors filed for bankruptcy, three monoline insurers had brought a

total of fifteen lawsuits against the debtors.  The lawsuits were the following:

| Caption | Case Number | Jurisdiction | Defendants |
|---|---|---|---|
| Assured Guaranty Municipal Corp. v. GMAC Mortgage, LLC, *et al.* | 12-CV-3776 | United States District Court for the Southern District of New York | GMACM, RAMP, RFC, ResCap, RFMSII<br><br>Ally Bank, AFI |
| Financial Guaranty Insurance Company v. Ally Financial, Inc.*, et al.* | 11-CV-09729 | United States District Court for the Southern District of New York | ResCap, GMACM<br>Ally Bank, AFI |
| Financial Guaranty Insurance Company v. Residential Funding Company, LLC | 11-CV-09736 | United States District Court for the Southern District of New York | RFC |
| Financial Guaranty Insurance Company v. Residential Funding Company, LLC | 11-CV-09737 | United States District Court for the Southern District of New York | RFC |
| Financial Guaranty Insurance Company v. Ally Financial, Inc.*, et al.* | 12-CV-00341 | United States District Court for the Southern District of New York | ResCap, RFC<br>AFI |
| Financial Guaranty Insurance Company v. Ally Financial, Inc.*, et al.* | 12-CV-00339 | United States District Court for the Southern District of New York | ResCap, RFC<br>AFI |
| Financial Guaranty Insurance Company v. Ally Financial, Inc.*, et al.* | 12-CV-0338 | United States District Court for the Southern District of New York | ResCap, RFC<br>AFI |
| Financial Guaranty Insurance Company v. Ally Financial, Inc.*, et al.* | 12-CV-0340 | United States District Court for the Southern District of New York | ResCap, RFC<br>AFI |
| Financial Guaranty Insurance Company v. Ally Financial, Inc.*, et al.* | 12-CV-0780 | United States District Court for the Southern District of New York | ResCap, GMACM<br>AFI, Ally Bank |
| Financial Guaranty Insurance Company v. Ally Financial, Inc.*, et al.* | 12-CV-1601 | United States District Court for the Southern District of New York | ResCap, RFC<br>AFI |

| Caption | Case Number | Jurisdiction | Defendants |
|---|---|---|---|
| Financial Guaranty Insurance Company v. Ally Financial, Inc., *et al.* | 12-CV-1658 | United States District Court for the Southern District of New York | ResCap, GMACM AFI, Ally Bank |
| Financial Guaranty Insurance Company v. Ally Financial, Inc., *et al.* | 12-CV-1818 | United States District Court for the Southern District of New York | ResCap, GMACM AFI, Ally Bank |
| Financial Guaranty Insurance Company v. Ally Financial, Inc., *et al.* | 12-CV-1860 | United States District Court for the Southern District of New York | ResCap, RFC AFI |
| MBIA Insurance Corp. v. Residential Funding Company, LLC | 603552/2008 | Supreme Court of New York, New York County | RFC |
| MBIA Insurance Corp. v. GMAC Mortgage, LLC | 600837/2010 | Supreme Court of New York, New York County | GMACM |

55.    **MBIA**.  MBIA Insurance Corp ("MBIA") brought the first monoline insurance lawsuit against the debtors in October 2008.  MBIA subsequently dismissed that case without prejudice.  It subsequently sued debtors RFC and GMACM in two actions in New York Supreme Court.  My firm represented the debtors in both cases.

56.    The RFC case involved five securitizations of Alt-A second lien mortgages RFC sponsored between July 2006 and May 2007.  MBIA issued monoline insurance—financial guaranty policies securing the payment of principal and interest due to noteholders—for certain tranches in those securitizations.  The GMACM case involved three securitizations of second lien mortgages sponsored by GMACM between the fall of 2004 and the spring of 2007 for which MBIA issued monoline insurance.

57.    Both cases involved extensive fact discovery and, in the RFC case, the parties had exchanged the initial round of expert reports.  Between the two cases, the parties had exchanged

millions of pages of documents and completed dozens of depositions before the debtors filed for bankruptcy.

58.     After the debtors filed for bankruptcy, MBIA brought two additional lawsuits related to the debtors' RMBS securitizations.

59.     On September 14, 2012, MBIA sued J.P. Morgan Securities LLC, as successor to Bear Stearns in Westchester County, New York asserting claims based on debtors' RMBS that Bear Stearns underwrote.  That case is captioned *MBIA Insurance Corp. v. JP Morgan Securities LLC*, No. 64676/2012 (Sup. Ct. Westchester Cty.).

60.     On September 17, 2012, MBIA sued various Ally entities in Minnesota state court.  The defendants removed the case to federal court.  That case is captioned *MBIA Insurance Corp. v. Ally Financial Inc.*, No. 12-cv-02563 (D. Minn.).

61.     **FGIC**.  In the Fall of 2011, Financial Guaranty Insurance Company ("FGIC") filed a series of lawsuits against various debtors and Ally entities, including AFI and Ally Bank.  When the debtors filed for bankruptcy, FGIC had filed twelve suits involving twenty RMBS securitizations.  All of the cases were assigned to Judge Crotty in the U.S. District Court for the Southern District of New York and coordinated under the lead case *Financial Guaranty Insurance Co. v. GMAC Mortgage LLC,* No. 11-cv-09729-PAC (S.D.N.Y.).  These cases involved securitizations sponsored by RFC and GMACM from 2005 through 2007.

62.     **Assured Guaranty**.  On May 11, 2012, Assured Guaranty Municipal Corp. ("Assured Guaranty") sued several of the debtors and their non-debtor affiliates in the Southern District of New York.  That case is captioned *Assured Guaranty Municipal Corp. v. GMAC Mortgage LLC*, No. 12-cv-3776 (S.D.N.Y.).  The Assured suit involved one RFC-sponsored securitization and one GMACM-sponsored securitization.

34

## MONOLINE PROOFS OF CLAIM

63.    Five different monoline insurers filed proofs of claim against the debtors.  The

Plan reflects settlements with four of them—MBIA, FGIC, Assured Guaranty, and Ambac.[31]  I

have reviewed and analyzed the proofs of claim filed by these monoline insurers.

64.    **MBIA**.  MBIA filed six proofs of claim.[32]  Each of the proofs of claim asserts

claims for approximately $2.2 billion.  The proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 5846 | Homecomings | $2.2 billion |
| 5847 | ResCap | $2.2 billion |
| 5848 | RFMSII | $2.2 billion |
| 5849 | RFC | $2.2 billion |
| 5850 | RAMP | $2.2 billion |
| 5851 | GMACM | $2.2 billion |

65.    MBIA's proofs of claim seek recovery for all guaranty payments MBIA has

already made to investors, estimates of additional amounts it expects to pay over the

securitizations' lifetimes (minus premium payments), compensatory damages in an unspecified

amount for the debtors' alleged failure to repurchase loans, damages for alleged breaches of

servicing agreements, and reimbursement or indemnification of costs and expenses incurred in

pursuing its claims against the debtors.  MBIA's proofs of claim assert that each of the debtors is

liable for the entire $2.2 billion amount.

66.    **FGIC**.  FGIC filed three proofs of claim against the debtors for approximately

$1.85 billion.[33]  FGIC's proofs of claims are as follow:

---

[31] The fifth monoline insurer, Syncora Guarantee Inc., filed a proof of claim based on securitizations that were not sponsored by the debtors.

[32] Exhibits PX-1211 through PX-1216 are true and correct copies of proofs of claim filed by MBIA.

| Claim Number | Debtor | Amount |
|---|---|---|
| 4868 | RFC | $1.85 Billion |
| 4870 | ResCap | $1.85 Billion |
| 4871 | GMACM | $1.85 Billion |

67.     FGIC's proofs of claim seek to recover all amounts it estimates it would pay over the securitizations' lifetimes (minus premiums payments), damages for alleged breaches of servicing agreements, and reimbursement or indemnification of costs and expenses incurred in pursuing its claims against the debtors.

68.     **Assured Guaranty**.  Assured Guaranty and its affiliates filed twenty proofs of claim against the debtors.[34]  Assured Guaranty's proofs of claim are as follows:

| Claim Number | Assured Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4662 | Assured Guaranty Municipal Corp. | GMACM | $13,695,349.07 |
| 4665 | Assured Guaranty Corp. | GMACM | $9,710,208.08 |
| 4669 | Assured Guaranty Municipal Corp. | GMACM | $22,652,674.52 |
| 4672 | Assured Guaranty Corp. | RFMSI | $1,661,755.00 |
| 4674 | Assured Guaranty Municipal Corp. | GMACM | $597,253.54 |
| 4677 | Assured Guaranty Corp. | GMACM | $18,728,676.42 |
| 4682 | Assured Guaranty Corp. | GMACM | $8,962,710.09 |
| 4705 | AG Financial Products Inc. | GMACM | $6,505,788.96 |
| 4706 | Assured Guaranty Municipal Corp. | GMACM | $5,607,637.30 |
| 4707 | Assured Guaranty Corp. | RFC | $1,661,755.00 |
| 4708 | Assured Guaranty Municipal Corp. | RFC | $280,712.27 |
| 4710 | Assured Guaranty Municipal Corp. | GMACM | $30,817,365.44 |

---

[33] Exhibits PX-951 through PX-953 are true and correct copies of proofs of claim filed by FGIC.

[34] Exhibits PX-1774 through PX-1189, PX-1195, PX1209 through PX-1210, and PX-1217 are true and correct copies of proofs of claim filed by the Assured entities.

| Claim Number | Assured Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 4712 | Assured Guaranty Municipal Corp. | RFC | $49,345,700.99 |
| 4713 | Assured Guaranty Municipal Corp. | GMACM | $2,459,467.26 |
| 4715 | AG Financial Products Inc. | GMACM | $1,788,802.46 |
| 4877 | AG Financial Products Inc. | GMACM | $13,296,095.65 |
| 5264 | Assured Guaranty Municipal Corp. | GMACM | $49,345,700.99 |
| 5357 | Assured Guaranty Municipal Corp. | RFC | $30,817,365.44 |
| 5382 | Assured Guaranty Corp. | GMACM | $1,661,755.00 |
| 5879 | Assured Guaranty Municipal Corp. | RFC | $49,345,700.99 |

69.    **Ambac**. Ambac Assurance Corporation filed three proofs of claim against the debtors.[35]  Ambac's proofs of claims are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 5266 | GMACM | $85,591,422.00 |
| 5269 | RAMP | $85,591,422.00 |
| 5274 | RFC | $34,156,100.00 |

70.    **Syncora**. Syncora Guarantee Inc., formerly known as XL Capital Assurance ("Syncora"), filed three proofs of claim.[36]  Syncora's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 2781 | GMACM | Unliquidated |
| 7164 | GMACM, RFC, RALI | Unliquidated |
| 7170 | GMACM, RFC | Unliquidated |

---

[35] Exhibits PX-1206 through PX-1208 are true and correct copies of proofs of claim filed by Ambac.

[36] Exhibit PX-1329 is a true and correct copy of the proofs of claim filed by Syncora.

71.      Monoline insurers also brought claims against Ally based on the debtors' RMBS.
FGIC and Assured Guaranty both filed pre-petition lawsuits seeking to hold AFI liable under
various "control person" theories for claims related to the debtors' RMBS, and MBIA filed a
post-petition lawsuit against AFI based on similar theories.  Assured Guaranty and MBIA also
asserted claims against Ally Securities arising from the debtors' RMBS.  FGIC and Assured
Guaranty also asserted claims against Ally Bank based on its role as custodian.  These claims
against Ally will be released under the Plan.

72.      **<u>Unasserted Monoline Insurer Claims</u>**.  The only monoline insurers that have
paid claims on debtor-sponsored RMBS filed proofs of claim in these cases.  The debtors are not
aware of any other monoline insurers who may have claims against the debtors or Ally based on
the debtors' RMBS business.  Given the very small numbers of monoline insurers and the
timeliness issues discussed above with respect to securities investor claims, the likelihood of any
additional substantial monoline insurer claim is very low.

### RMBS TRUST CLAIMS

73.      The Plan resolves substantial claims asserted by both institutional RMBS
investors and RMBS indenture trustees asserting breach of contract claims on behalf of RMBS
issuing trusts.

74.      The debtors entered into a number of agreements with the issuing trusts in
connection with its RMBS business.[37]  These agreements typically included representations and
warranties about the loans underlying the securities.  The debtors also frequently made
contractual commitments to act as servicer or master servicer for loans underlying the securities.

---

[37] Exhibits PX-640 through PX-647 are true and correct copies of representative RMBS transaction documents.

75.     The indenture trustee for each securitization trust has primary authority to enforce the trust's rights.  But, under certain circumstances (including when a certain percentage of investors, usually 25%, act in concert), individual investors may direct the indenture trustee to pursue certain remedies and, if the trustee fails to act, may pursue those remedies directly on behalf of the trust.  The Plan resolves claims brought by both indenture trustees and individual investors acting on behalf of issuing trusts.

76.     In the fall of 2011, a group of institutional investors represented by Gibbs & Bruns LLP asserted contract claims on behalf of the RMBS trusts against the debtors for breaches of various agreements related to the debtors' RMBS securitizations.  In the spring of 2012, another group of institutional investors represented by Talcott Franklin P.C. asserted similar claims.  The institutional investors also asserted claims against Ally under control person and other derivative theories similar to those the monoline insurers asserted.

77.     These institutional investors directed the indenture trustees for the RMBS Trusts they control to file certain proofs of claim against the debtors.  In aggregate, the claims filed by the indenture trustees on behalf of the RMBS Trusts involve more than one thousand RMBS trusts.

78.     After extensive negotiations, the debtors entered into settlement agreements with both groups of investors, covering 392 RMBS trusts.[38]  The settlements were subject to approval under bankruptcy rule 9019.  During the briefing on the debtors' motion to approve this settlement, counsel to the Institutional Investors asserted that the repurchase claims against the debtors for these trusts could total more than $19.5 billion.  Ultimately, the parties agreed to revised settlements under the Plan.

---

[38] Exhibit PX-805 is a true and correct copy of the prepetition Plan Support Agreement and RMBS Trust Settlement Agreement.

## RMBS TRUST PROOFS OF CLAIM

79.    **Deutsche Bank**.  Deutsche Bank National Trust Company and Deutsche Bank

Trust Company Americas, in their capacities as indenture trustees, filed 102 proofs of claim.[39]

Deutsche Bank's proofs of claim are as follows:

| **Claim Number** | **Deutsche Bank Entity Filing Claim** | **Debtor** | **Amount** |
|---|---|---|---|
| 6451-6501 | Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas | All | Unliquidated |
| 6706-6756 | Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas | All | Unliquidated |

80.    Both of these proofs of claim assert unsecured claims for breaches of

representations and warranties and administrative cure claims in connection with breaches of

servicing obligations for the trusts for which Deutsche Bank served as indenture trustee.

81.    **Bank of New York**.  The Bank of New York Mellon, in its capacity as indenture

trustee, filed nineteen proofs of claim.[40]  The Bank of New York Mellon's proofs of claim are as

follows:

| **Claim Number** | **Bank of New York Mellon Entity Filing Claim** | **Debtor** | **Amount** |
|---|---|---|---|
| 6757 | The Bank of New York Mellon, as Master Servicer | ResCap | Unliquidated |
| 6758 | The Bank of New York Mellon Trust Company, N.A. | ResCap | Unliquidated |
| 6759 | The Bank of New York Mellon | RALI | Unliquidated |

---

[39] Exhibits PX-1219 and PX-1222 are true and correct copies of proofs of claim filed by Deutsche Bank.

[40] Exhibits PX-1223 and PX-956 are true and correct copies of proofs of claim filed by the Bank of New York Mellon.

| Claim Number | Bank of New York Mellon Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 6760 | The Bank of New York Mellon | GMACM | Unliquidated |
| 6761 | The Bank of New York Mellon | RASC | Unliquidated |
| 6762 | The Bank of New York Mellon | RFMSI | Unliquidated |
| 6763 | The Bank of New York Mellon | ResCap | Unliquidated |
| 6764 | The Bank of New York Mellon | Homecomings | Unliquidated |
| 6765 | The Bank of New York Mellon | RFMSII | Unliquidated |
| 6766 | The Bank of New York Mellon Trust Company, N.A. | RAMP | Unliquidated |
| 6767 | The Bank of New York Mellon | RFC | Unliquidated |
| 6772 | The Bank of New York Mellon Trust Company, N.A. | RALI | Unliquidated |
| 6773 | The Bank of New York Mellon Trust Company, N.A. | RFC | Unliquidated |
| 6774 | The Bank of New York Mellon Trust Company, N.A. | Homecomings | Unliquidated |
| 6775 | The Bank of New York Mellon Trust Company, N.A. | RFMSI | Unliquidated |
| 6776 | The Bank of New York Mellon Trust Company, N.A. | RFMSII | Unliquidated |
| 6777 | The Bank of New York Mellon | RAMP | Unliquidated |
| 6778 | The Bank of New York Mellon Trust Company, N.A. | GMACM | Unliquidated |
| 6779 | The Bank of New York Mellon Trust Company, N.A. | RASC | Unliquidated |

82.     These proofs of claim assert unsecured claims for breaches of representations and warranties and administrative cure claims in connection with breaches of servicing obligations for the trusts for which The Bank of New York Mellon served as indenture trustee.

41

83.    **U.S. Bank**.  U.S. Bank National Association, in its capacity as indenture trustee, filed fifty-one proofs of claim.[41]  U.S. Bank's proofs of claim are follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 6655 – 6705 | All | Unliquidated |

84.    U.S. Bank's proof of claim asserts unsecured claims for breaches of representations and warranties and administrative cure claims in connection with breaches of servicing obligations, for the trusts for which U.S. Bank served as indenture trustee.

85.    **HBSC Bank**.  HSBC Bank USA, N.A., in its capacity as indenture trustee, filed 125 proofs of claim.[42] HSBC Bank's proofs of claim are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 5130 – 5255 | All | Unliquidated |

86.    HSBC Bank's proof of claim asserts unsecured claims for breaches of representations and warranties and administrative cure claims in connection with breaches of servicing obligations, for the trusts for which HBSC Bank served as indenture trustee.

87.    **Law Trust and Wells Fargo**.  Law Debenture Trust Company of New York and Wells Fargo Bank, N.A., in their respective capacities as separate trustee and trustee, filed fifty-one proofs of claim.[43]  Law Trust and Wells Fargo's proofs of claims are as follows:

| Claim Number | Debtor | Amount |
|---|---|---|
| 6604 – 6654 | All | Unliquidated |

---

[41] Exhibit PX-955 is a true and correct copy of the proofs of claim filed by U.S. Bank.

[42] Exhibits PX-1204 and PX-1205 are true and correct copies of the proofs of claim filed by HSBC.

[43] Exhibit PX-954 is a true and correct copy of the proofs of claim filed by Law Debenture Trust Company of New York and Wells Fargo.

88.     This proof of claim asserts unsecured claims for breaches of representations and

warranties and administrative cure claims in connection with breaches of servicing obligations,

for the trusts for which Law Debenture Trust and Wells Fargo served as indenture trustee.

89.     **Wells Fargo**.  Wells Fargo, in its capacity as master servicer or trustee for certain

RMBS securitizations, filed 102 proofs of claim.[44]  Wells Fargo's proofs of claim are as follows:

| Claim Number | Wells Fargo Entity Filing Claim | Debtor | Amount |
|---|---|---|---|
| 6553 – 6603 | Wells Fargo Bank, as Master Servicer | All | Unliquidated |
| 6502 – 6552 | Wells Fargo Bank, as Trustee | All | Unliquidated |

90.     Each of these proofs of claim asserts unsecured claims for breaches of

representations and warranties and administrative cure claims in connection with breaches of

servicing obligations, for the trusts for which Wells Fargo served as master servicer or indenture

trustee.

### POTENTIAL CONTRIBUTION OR INDEMNIFICATION CLAIMS FROM UNAFFILIATED UNDERWRITER CO-DEFENDANTS

91.     In fifteen of the RMBS-related litigations against the debtors or Ally, their co-

defendants included unaffiliated underwriters whose alleged liability is premised on the debtors'

RMBS securitizations.  Because their purported liability in those suits is premised on alleged

misstatements in the debtors' RMBS offering materials, thirteen unaffiliated underwriter co-

defendants may have valid contribution or indemnification claims against the debtors or Ally in

connection with those cases: Bank of America, Barclays, Bear Stearns, Citigroup, Credit Suisse,

Deutsche Bank, Goldman Sachs, JP Morgan, Lehman Brothers, Morgan Stanley, Merrill Lynch,

---

[44] Exhibits PX-1220 through PX-1221 are true and correct copies of proofs of claim filed by Wells Fargo.

RBS, UBS, and Merrill Lynch.  These underwriters each filed proofs of claim against the debtors for indemnification or contribution.

92.    Under the Plan, any claims for contribution or indemnification these unaffiliated underwriters may have against Ally would be released.  These unaffiliated underwriters are represented by sophisticated counsel and have appeared in this bankruptcy.  None of them has objected to the third-party release.[45]  Three of them (Credit Suisse, Morgan Stanley, and RBS) voted to reject the plan.

93.    In light of the third-party releases of contribution or indemnification claims against Ally, the Plan provides that any co-defendants in RMBS-related securities litigation with a valid contribution or indemnification claim against Ally that is subject to the third-party releases shall be entitled to a judgment credit in the underlying litigation in accordance with, and to the extent permitted under, applicable statutory or common law, as determined by a court of competent jurisdiction.  I understand that certain counsel for unaffiliated underwriters were actively involved in drafting the Plan's judgment reduction language.

94.    The class action settlement approved by the district court in the *NJ Carpenters* litigation similarly provides that the unaffiliated underwriter co-defendants "shall be entitled to appropriate judgment reduction . . . in accordance with and to the extent permitted under applicable law."  The unaffiliated underwriter co-defendants in the *NJ Carpenters* consented to the settlement order (and the judgment reduction language) in that case.

95.    In addition to the FHFA settlement with the debtors described above, the FHFA has entered into a settlement with Ally.  On November 5, 2013, Ally and the FHFA submitted a

---

[45] Deutsche Bank filed a limited objection to the language of the Plan's judgment reduction provision.

joint motion for voluntary dismissal of the FHFA action against Ally.[46]  The proposed order

submitted to the district court in connection with that motion provides that the unaffiliated

underwriter co-defendants shall receive "a judgment credit in an amount that is the greater of (a)

the amount of Plaintiff's settlement with the Ally Defendants in this Action that FHFA allocated

to the relevant security . . . or (b) for each such claim, state or federal, on which contribution or

indemnity is available, the proportionate share of each of the Ally Defendant's fault as proven at

trial."

96.      The litigations in which unaffiliated underwriters of the debtors' RMBS securities

are named as co-defendants are as follows:

| **Case** | **Unaffiliated Underwriter Co-Defendants** |
|---|---|
| *Allstate v. GMAC Mortgage*, 27-CV-11-3480 (Minn. Dist. Ct.) | Bank of America, Barclays, Bear Stearns, Citigroup, Credit Suisse, Deutsche Bank, Goldman Sachs, JP Morgan, Lehman Brothers, Morgan Stanley |
| *Cambridge Place v. Morgan Stanley & Co.*, 10-2741 (Mass. Sup. Ct.) | Banc of America, Barclays, Merrill Lynch, J.P. Morgan |
| *Cambridge Place v. Morgan Stanley & Co.*, 11-00555 (Mass. Sup. Ct.) | Banc of America, RBS Securities, J.P. Morgan |
| *FHLB Boston v. Ally Financial,* 11-1533 (Mass. Sup. Ct.) | Barclays, Citigroup, Deutsche Bank, Goldman Sachs, UBS |
| *FHLB Chicago v. Banc of America Funding Corp., et al.,* 10-CH-45033 (Ill. Cir. Ct.) | Bank of America, Goldman Sachs |
| *FHLB Indianapolis v. Banc of America Mortgage, Sec., Inc.*, 49D05 10 10 PL 045071 (Ind. Sup. Ct.) | Credit Suisse, RBS |
| *FHFA v. Ally Financial,* 11 Civ. 07010 (S.D.N.Y.) | Bank of America, Barclays, Bear Stearns, Citigroup, Credit Suisse, Goldman Sachs, J.P. Morgan, Lehman Brothers, RBS, UBS, |

---

[46] Exhibit PX-673 is a true and correct copy of Ally and FHFA's joint motion for voluntary dismissal with prejudice and bar order.  Exhibit PX-674 is a true and correct copy of Ally and FHFA's proposed order of voluntary dismissal with prejudice and bar order.

| Case | Unaffiliated Underwriter Co-Defendants |
|---|---|
| *MassMutual v. RFC*, 11 Civ. 30035 (D. Mass.) | UBS Securities |
| *NCUAB v. Goldman Sachs & Co.*, 11 Civ. 6521 (C.D. Cal.) | Goldman Sachs |
| *NCUAB v. RBS Sec., Inc.*, 11 Civ. 2340 (D. Kan.) | RBS Securities |
| *N.J. Carpenters Health Fund, v. Residential Capital, LLC*, 08 Civ. 8781 (S.D.N.Y.) | Barclays, Citigroup, Countrywide, Deutsche Bank, Goldman Sachs, Morgan Stanley, UBS, RBS |
| *Stichting v. Ally Financial*, 27-CV-11-20426 (Minn. Dist. Ct.) | Bank of America, Barclays, Deutsche Bank, J.P. Morgan, Merrill Lynch |
| *Union Central v. Credit Suisse First Boston Mortgage Sec. Corp.*, 11 Civ. 2890 (S.D.N.Y.) | Deutsche Bank, RBS Securities, UBS Securities |
| *Western and Southern v. RFC,* A1105042 (Ohio Ct. Com. Pls.) | Citigroup, Deutsche Bank, RBS Securities, JP Morgan, UBS Securities |
| *WVIMB v. RALI*, 10-c-412 (W. Va. Cir. Ct.) | Deutsche Bank, RBS, JP Morgan |

## ALLY'S INDEMNIFICATION CLAIMS

97.    Various non-debtor Ally entities, including AFI, Ally Bank, and Ally Securities filed 150 proofs of claim against the debtors. [47]  Those proofs of claims assert claims for contractual indemnification under (a) the Amended and Restated Operating Agreement between General Motors Corporation, GMAC LLC, and ResCap, dated as of November 27, 2006 (the "Operating Agreement");[48] (b) a revolving loan agreement entered into between AFI and various debtors on December 30, 2009 (the "Revolving Loan Agreement");[49] (c) under a line of credit agreement entered into between AFI and certain of the debtors on December 30, 2009 (the "Line

---

[47] Exhibits PX-1230 through PX-1327 and PX-1376 through PX-1427 are true and correct copies of proofs of claim filed by Ally.

[48] Exhibit PX-589 is a true and correct copy of the Operating Agreement.

[49] Exhibit PX-6 is a true and correct copy of the Revolving Loan Agreement.

of Credit");[50] (d) various agreements governing surety bonds issued by Motors Insurance

Company for the debtors' benefit; and (e) an amended servicing agreement entered into between

Ally Bank and GMACM on May 11, 2012.[51]  Ally's contractual indemnification claims under

the Operating Agreement include claims for indemnification for each of the RMBS-related

claims described above.  While AFI does not quantify its claims precisely, as discussed above,

the RMBS-related claims for which it seeks indemnification involve billions of dollars of

potential liability.  In addition, it states that its claims under the Revolving Loan Agreement are

for "not less than $747,127,553.38" and its claims under the Line of Credit are for "not less than

$380,000,000."

98.     Ally's proofs of claim are as follows:

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 3961 | Ally Bank | RFMSII | Unliquidated |
| 3962 | Ally Bank | RAMP | Unliquidated |
| 3963 | Ally Bank | RASC | Unliquidated |
| 4055 | Ally Bank | RFC | Unliquidated |
| 4057 | Ally Bank | GMAC-RFC | Unliquidated |
| 4058 | Ally Bank | Home Connects Lending Services, LLC | Unliquidated |
| 4059 | Ally Bank | RALI | Unliquidated |
| 4061 | Ally Bank | Homecomings | Unliquidated |
| 4062 | Ally Bank | GMACM | Unliquidated |
| 4063 | Ally Bank | ResCap | Unliquidated |
| 3957 | Ally Commercial Finance, LLC | RFC | Unliquidated |
| 3958 | Ally Commercial Finance, LLC | ResCap | Unliquidated |
| 3959 | Ally Commercial Finance, LLC | GMACM | Unliquidated |
| 3964 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Residential Funding Mortgage Exchange, LLC | Unliquidated |

---

[50] Exhibit PX-9 is a true and correct copy of the Line of Credit Agreement.

[51] Exhibit PX-761 is a true and correct copy of the Amended Servicing Agreement.

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 3967 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Residential Mortgage Real Estate Holdings, LLC | Unliquidated |
| 3968 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RALI | Unliquidated |
| 3972 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC Asset Holdings II, LLC | Unliquidated |
| 3973 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Residential Consumer Services of Alabama, LLC | Unliquidated |
| 3974 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFMSI | Unliquidated |
| 3975 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFMSII | Unliquidated |
| 3976 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Residential Funding Real Estate Holdings, LLC | Unliquidated |
| 3977 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC SFJV-2002, LLC | Unliquidated |
| 3978 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RAMP | Unliquidated |
| 3979 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC Construction Funding, LLC | Unliquidated |
| 3980 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | ResCap | Unliquidated |
| 3981 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Home Connects Lending Services, LLC | Unliquidated |
| 3982 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Homecomings | Unliquidated |
| 3983 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | DOA Properties IX (Lots-Other), LLC | Unliquidated |
| 3984 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | EPRE LLC | Unliquidated |
| 3985 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Equity Investment I, LLC | Unliquidated |
| 3986 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Executive Trustee Services, LLC | Unliquidated |
| 3987 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RAHI Real Estate Holdings, LLC | Unliquidated |
| 3988 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Residential Consumer Services, LLC | Unliquidated |

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 3989 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Residential Consumer Services of Ohio, LLC | Unliquidated |
| 3990 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC | Unliquidated |
| 3991 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Residential Consumer Services of Texas, LLC | Unliquidated |
| 3992 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC Asset Management, LLC | Unliquidated |
| 3993 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | ETS of Virginia, Inc. | Unliquidated |
| 3994 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RASC | Unliquidated |
| 3995 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC REO LLC | Unliquidated |
| 3996 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC-GSAP Servicer Advance, LLC | Unliquidated |
| 3997 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RFC Borrower LLC | Unliquidated |
| 3998 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMACM Borrower LLC | Unliquidated |
| 3999 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMAC Mortgage USA Corporation | Unliquidated |
| 4000 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | PATI B, LLC | Unliquidated |
| 4001 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMAC Residential Holding Company, LLC | Unliquidated |
| 4002 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMAC RH Settlement Services, LLC | Unliquidated |
| 4003 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMACR Mortgage Products, LLC | Unliquidated |
| 4004 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Ladue Associates, Inc. | Unliquidated |
| 4005 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RCSFJV2004, LLC | Unliquidated |
| 4007 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMACM REO LLC | Unliquidated |
| 4013 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | ETS of Washington, Inc. | Unliquidated |

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 4019 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMACM | Unliquidated |
| 4023 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMAC Model Home Finance I, LLC | Unliquidated |
| 4030 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | DOA Holding Properties, LLC | Unliquidated |
| 4034 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMAC-RFC | Unliquidated |
| 4037 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Passive Asset Transactions, LLC | Unliquidated |
| 4041 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | ditech, LLC | Unliquidated |
| 4046 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | PATI Real Estate Holdings, LLC | Unliquidated |
| 4050 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | PATI A, LLC | Unliquidated |
| 4053 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | HFN REO Sub II, LLC | Unliquidated |
| 4054 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RAHI A, LLC | Unliquidated |
| 4072 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | RAHI B, LLC | Unliquidated |
| 4073 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | Homecomings Financial Real Estate Holdings, LLC | Unliquidated |
| 6392 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries | GMAC-RFC | Unliquidated |
| 6343 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMACM REO LLC | Unliquidated |
| 6344 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMACM Borrower LLC | Unliquidated |
| 6345 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMAC Residential Holding Company, LLC | Unliquidated |
| 6346 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Homecomings Financial Real Estate Holdings, LLC | Unliquidated |

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 6347 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFMSII | Unliquidated |
| 6348 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMACR Mortgage Products, LLC | Unliquidated |
| 6349 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RCSFJV2004, LLC | Unliquidated |
| 6350 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RAMP | Unliquidated |
| 6352 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Ladue Associates, Inc. | Unliquidated |
| 6353 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | PATI A, LLC | Unliquidated |
| 6354 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RAHI A, LLC | Unliquidated |
| 6356 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RALI | Unliquidated |
| 6357 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RAHI B, LLC | Unliquidated |
| 6358 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | ResCap | Unliquidated |
| 6359 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | EPRE LLC | Unliquidated |
| 6361 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RAHI Real Estate Holdings, LLC | Unliquidated |
| 6362 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | PATI Real Estate Holdings, LLC | Unliquidated |

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 6363 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Residential Mortgage Real Estate Holdings, LLC | Unliquidated |
| 6364 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMAC Mortgage USA Corporation | Unliquidated |
| 6365 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC-GSAP Servicer Advance, LLC | Unliquidated |
| 6366 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | PATI B, LLC | Unliquidated |
| 6367 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC Asset Holdings II, LLC | Unliquidated |
| 6369 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC | Unliquidated |
| 6370 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC Borrower LLC | Unliquidated |
| 6372 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Passive Asset Transactions, LLC | Unliquidated |
| 6374 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RASC | Unliquidated |
| 6375 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC Construction Funding, LLC | Unliquidated |
| 6376 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | DOA Properties IX (Lots-Other), LLC | Unliquidated |
| 6378 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMACM | Unliquidated |
| 6380 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | DOA Holding Properties, LLC | Unliquidated |

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 6383 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | ditech, LLC | Unliquidated |
| 6384 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC Asset Management, LLC | Unliquidated |
| 6386 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMAC Model Home Finance I, LLC | Unliquidated |
| 6387 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC REO LLC | Unliquidated |
| 6388 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Equity Investment I, LLC | Unliquidated |
| 6389 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | ETS of Virginia, Inc. | Unliquidated |
| 6390 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFC SFJV-2002, LLC | Unliquidated |
| 6391 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | ETS of Washington, Inc. | Unliquidated |
| 6393 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Executive Trustee Services, LLC | Unliquidated |
| 6351 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Residential Funding Real Estate Holdings, LLC | Unliquidated |
| 6355 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | GMAC RH Settlement Services, LLC | Unliquidated |
| 6360 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | RFMSI | Unliquidated |
| 6368 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Residential Funding Mortgage Exchange, LLC | Unliquidated |

53

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 6371 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Residential Consumer Services, LLC | Unliquidated |
| 6373 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Residential Consumer Services of Texas, LLC | Unliquidated |
| 6377 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Residential Consumer Services of Ohio, LLC | Unliquidated |
| 6379 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Homecomings | Unliquidated |
| 6381 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Residential Consumer Services of Alabama, LLC | Unliquidated |
| 6382 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | Home Connects Lending Services, LLC | Unliquidated |
| 6385 | Ally Financial Inc. and its non-debtor affiliates and subsidiaries on behalf of Creditor Claimants | HFN REO Sub II, LLC | Unliquidated |
| 5855 | Ally Financial Inc. and its non-debtor affiliates, subsidiaries, agents and representatives | ResCap | Unliquidated |
| 4035 | Ally Investment Management, LLC | GMACM | Unliquidated |
| 4036 | Ally Investment Management, LLC | ResCap | Unliquidated |
| 4011 | Ally Securities, LLC | GMAC-RFC | Unliquidated |
| 4016 | Ally Securities, LLC | ResCap | Unliquidated |
| 4022 | Ally Securities, LLC | RFC | Unliquidated |
| 4024 | Ally Securities, LLC | GMACM | Unliquidated |
| 4026 | Ally Securities, LLC | Homecomings | Unliquidated |
| 4029 | Ally Securities, LLC | RALI | Unliquidated |
| 4031 | Ally Securities, LLC | RAMP | Unliquidated |
| 4033 | Ally Securities, LLC | RASC | Unliquidated |
| 4052 | Ally Securities, LLC | RFMSII | Unliquidated |
| 4069 | Ally Securities, LLC | RFMSI | Unliquidated |
| 3960 | BMMZ Holdings, LLC | GMACM | Unliquidated |

| Claim Number | Ally Entity | Debtor | Amount |
|---|---|---|---|
| 4070 | BMMZ Holdings, LLC | RFC | Unliquidated |
| 4071 | BMMZ Holdings, LLC | ResCap | Unliquidated |
| 4039 | GMAC Mortgage Group | RFMSI | Unliquidated |
| 4043 | GMAC Mortgage Group | ResCap | Unliquidated |
| 4045 | GMAC Mortgage Group | Home Connects Lending Services, LLC | Unliquidated |
| 4047 | GMAC Mortgage Group | GMACM | Unliquidated |
| 4048 | GMAC Mortgage Group | RFC | Unliquidated |
| 4049 | GMAC Mortgage Group | RALI | Unliquidated |
| 4051 | GMAC Mortgage Group | RASC | Unliquidated |
| 4065 | GMAC Mortgage Group | Homecomings | Unliquidated |
| 4066 | GMAC Mortgage Group | RAMP | Unliquidated |
| 4067 | GMAC Mortgage Group | Executive Trustee Services, LLC | Unliquidated |
| 4068 | GMAC Mortgage Group | GMAC-RFC | Unliquidated |
| 4006 | Motors Insurance Corporation | Residential Consumer Services, LLC | Unliquidated |
| 4008 | Motors Insurance Corporation | Executive Trustee Services, LLC | Unliquidated |
| 4009 | Motors Insurance Corporation | RFC | Unliquidated |
| 4015 | Motors Insurance Corporation | Homecomings | Unliquidated |
| 4018 | Motors Insurance Corporation | GMACM | Unliquidated |
| 4020 | Motors Insurance Corporation | ResCap | Unliquidated |
| 4025 | Motors Insurance Corporation | ETS of Washington, Inc. | Unliquidated |
| 4028 | Motors Insurance Corporation | ditech, LLC | Unliquidated |

## RESCAP DIRECTORS AND OFFICERS
## INDEMNIFICATION CLAIMS

99.    Forty-six of the debtors' former officers and directors filed 128 proofs of claim

for contractual indemnification in connection with their service as officer or trustee.[52]  These

included forty-four individuals and two trust companies, Wilmington Trust SP Services Inc.

("Wilmington Trust SP") and Wilmington Trust SP Services SP (Nevada), Inc. ("Wilmington

---

[52] Exhibits PX-1330 through PX-1375 are true and correct copies of the proofs of claims filed by former officers and directors of various debtor entities.

Trust SP (Nevada)")".  Among other things, these proofs of claims seek indemnification in connection with RMBS-related litigations and assert rights under the debtors' directors and officers' insurance policies.  The directors and officers' proofs of claims are as follows:

| Claim Number | Former Director or Officer | Debtor | Amount |
|---|---|---|---|
| 4839 | Carol Bonello | GMACM | Unliquidated |
| 2380 | David M. Bricker | RALI | Unliquidated |
| 2381 | David M. Bricker | RFC | Unliquidated |
| 2382 | David M. Bricker | ResCap | Unliquidated |
| 2383 | David M. Bricker | GMAC-RFC | Unliquidated |
| 2384 | David M. Bricker | GMACM | Unliquidated |
| 4926 | Maria De Belen | GMACM | Unliquidated |
| 2194 | Kenneth M. Duncan | Homecomings | Unliquidated |
| 2195 | Kenneth M. Duncan | RFC | Unliquidated |
| 2196 | Kenneth M. Duncan | RALI | Unliquidated |
| 2197 | Kenneth M. Duncan | RAMP | Unliquidated |
| 2215 | Kenneth M. Duncan | RASC | Unliquidated |
| 2217 | Kenneth M. Duncan | GMAC-RFC | Unliquidated |
| 2219 | Kenneth M. Duncan | ResCap | Unliquidated |
| 2221 | Kenneth M. Duncan | RFMSI | Unliquidated |
| 4867 | Shirley J. Eads | ResCap | Unliquidated |
| 2189 | Ralph T. Flees | RASC | Unliquidated |
| 2191 | Ralph T. Flees | GMAC-RFC | Unliquidated |
| 3644 | Ralph T. Flees | Homecomings | Unliquidated |
| 3646 | Ralph T. Flees | RFC | Unliquidated |
| 3647 | Ralph T. Flees | RALI | Unliquidated |
| 3649 | Ralph T. Flees | RAMP | Unliquidated |

| Claim Number | Former Director or Officer | Debtor | Amount |
|---|---|---|---|
| 3651 | Ralph T. Flees | RFMSI | Unliquidated |
| 3652 | Ralph T. Flees | ResCap | Unliquidated |
| 3676 | Kathleen Gowen | Executive Trustee Services, LLC | Unliquidated |
| 3650 | Kathleen Gowen | RFC | Unliquidated |
| 3706 | Kathleen Gowen | GMACM | Unliquidated |
| 5993 | Karin Hirtler-Garvey | ResCap | Unliquidated |
| 4137 | Charles R. Hoecker | GMACM | Unliquidated |
| 5994 | Jonathan Ilany | ResCap | Unliquidated |
| 3674 | Cassandra Inouye | GMACM | Unliquidated |
| 6400 | Thomas Jacob | ResCap | Unliquidated |
| 4437 | Sunil Jayasinha | GMACM | Unliquidated |
| 2220 | James G. Jones | RFC | Unliquidated |
| 2222 | James G. Jones | ResCap | Unliquidated |
| 2229 | James G. Jones | RALI | Unliquidated |
| 4824 | Trey Jordan | GMACM | Unliquidated |
| 2225 | Jack R. Katzmark | ResCap | Unliquidated |
| 2228 | Jack R. Katzmark | RFMSI | Unliquidated |
| 2233 | Jack R. Katzmark | RFC | Unliquidated |
| 3623 | Patricia Kelleher | GMACM | Unliquidated |
| 4452 | Ronald Kravit | GMAC Model Home Finance I, LLC | Unliquidated |
| 4454 | Ronald Kravit | ResCap | Unliquidated |
| 4566 | Adam Leppo | GMACM | Unliquidated |
| 2673 | Lisa R. Lundsten | GMAC-RFC | Unliquidated |
| 2674 | Lisa R. Lundsten | RFC | Unliquidated |
| 2675 | Lisa R. Lundsten | RFMSII | Unliquidated |
| 2677 | Lisa R. Lundsten | ResCap | Unliquidated |

| Claim Number | Former Director or Officer | Debtor | Amount |
|---|---|---|---|
| 2679 | Lisa R. Lundsten | GMACM | Unliquidated |
| 2680 | Lisa R. Lundsten | RALI | Unliquidated |
| 2681 | Lisa R. Lundsten | RAMP | Unliquidated |
| 2682 | Lisa R. Lundsten | RASC | Unliquidated |
| 2683 | Lisa R. Lundsten | RFMSI | Unliquidated |
| 4819 | John E. Mack | ResCap | Unliquidated |
| 3675 | Noel McNally | GMACM | Unliquidated |
| 6401 | Thomas C. Melzer | ResCap | Unliquidated |
| 2276 | Davee L. Olson | ResCap | Unliquidated |
| 2277 | Davee L. Olson | RFC | Unliquidated |
| 2278 | Davee L. Olson | RALI | Unliquidated |
| 2279 | Davee L. Olson | GMAC-RFC | Unliquidated |
| 2280 | Davee L. Olson | RFMSI | Unliquidated |
| 2281 | Davee L. Olson | RASC | Unliquidated |
| 2282 | Davee L. Olson | RAMP | Unliquidated |
| 2283 | Davee L. Olson | Homecomings | Unliquidated |
| 2261 | Bruce Paradis | ResCap | Unliquidated |
| 2264 | Bruce Paradis | GMAC-RFC | Unliquidated |
| 2266 | Bruce Paradis | RALI | Unliquidated |
| 2270 | Bruce Paradis | RAMP | Unliquidated |
| 2272 | Bruce Paradis | RASC | Unliquidated |
| 2273 | Bruce Paradis | RFMSI | Unliquidated |
| 2275 | Bruce Paradis | RFC | Unliquidated |
| 4886 | Joe Pensabene | GMACM | Unliquidated |
| 5297 | Erika Puentes | Executive Trustee Services, LLC | Unliquidated |
| 4971 | Erika Puentes | GMACM | Unliquidated |

| Claim Number | Former Director or Officer | Debtor | Amount |
|---|---|---|---|
| 4093 | Ileana Petersen | RFC | Unliquidated |
| 4096 | Ileana Petersen | Executive Trustee Services LLC | Unliquidated |
| 4098 | Ileana Petersen | GMACM | Unliquidated |
| 4869 | Yolanda Garrett Richards | ResCap | Unliquidated |
| 4438 | Robbie Robertson | GMACM | Unliquidated |
| 5537 | Sharon Robinson | GMACM | Unliquidated |
| 4464 | Michael Rossi | ResCap | Unliquidated |
| 4434 | Omar Solorzano | GMACM | Unliquidated |
| 5003 | Edward F. Smith III | ResCap | Unliquidated |
| 2230 | Julie Steinhagen | RFC | Unliquidated |
| 2232 | Julie Steinhagen | RFMSI | Unliquidated |
| 2235 | Julie Steinhagen | ResCap | Unliquidated |
| 5686 | Jeffrey Stephan | GMACM | Unliquidated |
| 4888 | Kenneth Ugwuadu | GMACM | Unliquidated |
| 3642 | Manish Verma | ResCap | Unliquidated |
| 2284 | David C. Walker | RAMP | Unliquidated |
| 2285 | David C. Walker | RFMSI | Unliquidated |
| 2286 | David C. Walker | RFC | Unliquidated |
| 2287 | David C. Walker | Homecomings | Unliquidated |
| 2288 | David C. Walker | ResCap | Unliquidated |
| 2289 | David C. Walker | GMAC-RFC | Unliquidated |
| 2290 | David C. Walker | GMACM | Unliquidated |
| 4467 | Joshua Weintraub | ResCap | Unliquidated |
| 5259 | Pamela West | ResCap | Unliquidated |
| 2792 | Wilmington Trust SP | PATI Real Estate Holdings, LLC | Unliquidated |
| 2793 | Wilmington Trust SP | Passive Asset Transactions, LLC | Unliquidated |

| Claim Number | Former Director or Officer | Debtor | Amount |
|---|---|---|---|
| 2794 | Wilmington Trust SP | RAHI Real Estate Holdings, LLC | Unliquidated |
| 2795 | Wilmington Trust SP | RAHI B, LLC | Unliquidated |
| 2796 | Wilmington Trust SP | RAHI A, LLC | Unliquidated |
| 2797 | Wilmington Trust SP | PATI B, LLC | Unliquidated |
| 2798 | Wilmington Trust SP | PATI A, LLC | Unliquidated |
| 2799 | Wilmington Trust SP | Homecomings Financial Real Estate Holdings, LLC | Unliquidated |
| 2800 | Wilmington Trust SP | ResCap | Unliquidated |
| 2801 | Wilmington Trust SP | Residential Funding Real Estate Holdings, LLC | Unliquidated |
| 2802 | Wilmington Trust SP | Residential Mortgage Real Estate Holdings, LLC | Unliquidated |
| 2791 | Wilmington Trust SP Services (Nevada) | RCSFJV2004, LLC | Unliquidated |
| 2803 | Wilmington Trust SP Services (Nevada) | RFC SFJV-2002, LLC | Unliquidated |
| 2804 | Wilmington Trust SP Services (Nevada) | RFC Asset Management, LLC | Unliquidated |
| 2805 | Wilmington Trust SP Services (Nevada) | RFC Asset Holdings II, LLC | Unliquidated |
| 5290 | Kristine Wilson | ResCap | Unliquidated |
| 2347 | Diane Wold | RAMP | Unliquidated |
| 2348 | Diane Wold | RFMSI | Unliquidated |
| 2349 | Diane Wold | RASC | Unliquidated |
| 2350 | Diane Wold | RALI | Unliquidated |
| 2351 | Diane Wold | RFC | Unliquidated |
| 2352 | Diane Wold | GMAC-RFC | Unliquidated |
| 2353 | Diane Wold | ResCap | Unliquidated |
| 2354 | Diane Wold | GMACM | Unliquidated |

| Claim Number | Former Director or Officer | Debtor | Amount |
|---|---|---|---|
| 2355 | Diane Wold | RFMSII | Unliquidated |
| 2390 | James N. Young | RFMSI | Unliquidated |
| 2391 | James N. Young | RALI | Unliquidated |
| 2392 | James N. Young | RFC | Unliquidated |
| 2393 | James N. Young | RAMP | Unliquidated |
| 2394 | James N. Young | ResCap | Unliquidated |

## ANTICIPATED SCOPE OF DISCOVERY
## IN RMBS-RELATED LITIGATION

100.    As discussed below, in my experience, discovery in RMBS-related litigation is typically complex, expensive, and burdensome.

101.    All of the RMBS lawsuits in which I have represented the debtors, and all of the proofs of claim with which I have assisted them, are premised on the central allegation that the debtors misrepresented the character of the mortgage loans underlying RMBS securitizations. The specific causes of action vary depending on the situation of the plaintiff or claimant:  for example, the private securities investors assert claims for state or federal securities law violations, fraud, and negligent misrepresentation; the monoline insurers and indenture trustees assert claims for fraudulent inducement and breach of contract, among others.  But, in all cases, the underlying factual allegations are substantially similar.  Accordingly, I would expect a similar scope and burden of discovery in all of those matters.  Each of the cases or claims would require extensive document and deposition discovery from the debtors relating to the relevant RMBS securitizations, including discovery about the origination, acquisition, underwriting and pooling of the underlying loans, the preparation of the relevant transaction and offering documents, the diligence performed on underlying loans, and the loans' subsequent performance.

61

Because of the breadth of the debtors' RMBS business and the fact that RFC and GMACM conducted separate RMBS securitization operations, even cases involving similar legal theories would involve discovery from different witnesses and documents.

102.    Based on my experience representing the debtors, below are three illustrative examples of the discovery burdens in RMBS-related litigation.

A.    **Allstate Insurance Company, et al. v. GMAC Mortgage, LLC, et al.,** No. 27-CV-11-3480, Hennepin County District Ct., Minnesota ("*Allstate*")

103.    The *Allstate* plaintiffs bought over $553 million of RFC and GMACM RMBS certificates in twenty-five securitizations involving more than 190,000 mortgage loans between 2005 and 2007.  The case is pending in Minnesota state court.

104.    At the time the case was stayed by the stipulated order extending the automatic bankruptcy stay to Ally, the *Allstate* plaintiffs had served over ninety broad document requests covering virtually every aspect of the debtors' loan origination, acquisition, underwriting, auditing, and securitization businesses.  The debtors had already produced transaction documents, underwriting guidelines, and organizational charts.  The parties were concluding extensive negotiations regarding the enormous volume of email data to be collected and produced.

105.    Because the *Allstate* litigation involves all five of RFC's securitization shelves, the number of witnesses, email custodians, and documents involved would be massive.  Each securitization shelf involved different key personnel: the deal managers, traders, asset specialists and others who worked on second-lien securitizations from the RFMSII shelf are almost completely distinct from those who worked on subprime first-lien securitizations from the RASC shelf, and distinct again from those who worked on Alt-A first lien securitizations from the RALI shelf.

106.    Likewise, the individuals involved in loan acquisition decisions differed by product type: one team focused on standards for acquiring prime and Alt-A first liens; another team focused on subprime; another on second liens.  Moreover, debtors Homecomings, GMACM, and RFC each had their own underwriting guidelines, underwriting staff, and automated systems and processes relating to underwriting decisions.

107.    Accordingly, the *Allstate* plaintiffs had preliminarily requested emails from over fifty custodians, the vast majority of whom worked in the debtors' Structured Finance, Trading, Product Management, Quality Audit, and other departments directly relevant to the origination, acquisition, and securitization of residential mortgage loans.

108.    The *Allstate* plaintiffs had also served four subpoenas on both debtor and non-debtor non-party affiliates (non-debtors Ally Bank and AFI, and debtors ResCap and Homecomings Financial), and threatened motion practice against the debtors and Ally over their objections to the various document requests and subpoenas.

109.    If the *Allstate* litigation continued, the number of individuals' emails and other electronic communications that would have to be searched would be enormous.  In addition, the case involves over 190,000 individual mortgage loans.  Producing the loan files for this large number of loans would be time-consuming and expensive.  Many loan files exist entirely or partially in paper hard copies only, and would need to be scanned to be produced, adding significant time and expense to any document production.  Given that typical loan files can contain several hundred pages each, production of all 190,000 loan files would likely require production of tens of millions of pages.  Moreover, the personnel and systems needed to efficiently search for and copy loan files have all transferred to Ocwen, leaving the debtors with extremely limited practical ability to collect and produce these materials.

110.    In addition, relevant loan-level data apart from origination files—such as information about loan-level performance data, loan originators, underwriting parameters, due diligence, quality audit results, payment history, and other relevant metrics—is housed in or was processed through a number of electronic systems.  Some of these electronic systems are no longer operational, so it would require extensive IT work to access them.  And producing this information requires exporting large volumes of loan-level data and raises complex issues about "structured data" such as source code, underwriting rules programmed into automated loan evaluation systems, automated loan pricing tools, automated loan pooling tools, and others.

111.    The anticipated cost of searching, reviewing, and producing relevant documents in the *Allstate* litigation will inevitably cost millions of dollars.

**B.    New Jersey Carpenters Health Fund, et al. v. RALI Series 2006-QO1 Trust, et al., Case No. 08-CV-08781-HB, United States District Court, Southern District of New York ("*New Jersey Carpenters*").**

112.    The *New Jersey Carpenters* plaintiffs purchased certificates in four debtor RMBS issued over two years.  Those four securitizations involve more than 12,000 underlying mortgage loans with a face value of approximately $3.8 billion.  Four additional investors intervened in the case, and, after motions to dismiss, their remaining claims relate to an additional six securitizations with a face value of approximately $5.7 billion.

113.    Before the debtors filed their bankruptcy petitions, merits discovery had not started in the *New Jersey Carpenters* case.  Discovery was focused on class certification issues. Nonetheless, the debtors produced more than 175,000 pages of documents, including underwriting guidelines, transaction documents, contract files reflecting agreements between the debtors and various loan originators, emails for more than twenty custodians, and selected loan

files.  The plaintiffs also indicated that they wished to take an additional eighty merits depositions.

114.     Based on my experience in RMBS-litigation, typical loan files contain several hundred pages each and production of loan files costs the producing party approximately $35 per loan file.  As a result, just the production of loan level documentation for the ten securitizations that survived the motion to dismiss in the *New Jersey Carpenters* litigation would require production of over five millions of pages of documents at a cost of more than $1,000,000.

115.     In addition to the number of loan files produced, in RMBS litigation, plaintiffs typically seek to prove their cases by retaining experts to review the loan files and "re-underwrite" them to determine if they complied with the disclosed loan underwriting guidelines. In those cases, defendants must certain their own underwriting experts to re-underwrite those same loans.  This re-underwriting is very expensive exercise and the number of loans the defendants must re-underwrite is determined almost entirely by the plaintiffs' choice of how many loans to re-underwrite.  Based on other cases, even if the plaintiffs' in *NJ Carpenter* used a statistical sampling approach to limit the number of loans to re-underwrite, the plaintiffs' experts would likely submit reports analyzing alleged misrepresentations on thousands of individual loans, which the debtors would need to rebut on an individual loan-by-loan basis.

     **C.**      <u>**MBIA Insurance Corp. v. Residential Funding Co., LLC**</u>**, No. 603552/2008 (Sup. Ct., N.Y. Cnty.) and** <u>**MBIA Insurance Corp. v. GMAC Mortgage, LLC,**</u> **No. 600837/2010 (Sup. Ct., N.Y. Cnty.)  ("**<u>**MBIA Litigation**</u>**")**

116.     MBIA sued RFC in 2008, but discovery was still ongoing when the debtors filed their bankruptcy petitions.  The case involves just five securitizations issued by RFC in less than a year.

117.    Despite the relatively small number of securitizations, RFC produced more than a million pages of documents, over 63,000 mortgage loan files, and source code and other data totaling over a terabyte of data in the MBIA case.

118.    In addition, MBIA took over eighty days of depositions of current or former debtor employees and RFC took fifty days of depositions of current or former MBIA employees. The parties exchanged ten expert reports and rebuttal reports were anticipated when the petitions were filed.

119.    Fact discovery in MBIA's lawsuit against GMACM was also ongoing when the petitions were filed.  That case involved just three GMACM securitizations.  But, GMACM had already produced more than a million pages of documents, over 95,000 loan files, and additional electronic records when the petitions were filed.

120.    Discovery in the MBIA cases actions also illustrates a number of practical problems raised by the debtors' current circumstances: the vast majority of the debtors' employees have left the company.  For example, of the seventy-six debtor witnesses in the two MBIA cases, many of whom would also likely be witnesses in other actions, eighty percent were former employees and many of the then-current employees have since left the company, most recently to go to Ocwen or Walter as a result of the debtors' recent asset sales.  Indeed, none of the key RFC capital markets employees who worked on the relevant securitizations currently works at the company.  Most of these former employees live in Minnesota and Pennsylvania, beyond the reach of a trial subpoena.

I declare under penalty of perjury that the foregoing is true and correct.

Executed the 12th day of November, 2013, at Columbus, Ohio.

_____/s/ Jeffrey A. Lipps_____
Jeffrey A. Lipps