| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & |
| Gary S. Lee | FRANKEL LLP |
| Lorenzo Marinuzzi | Kenneth H. Eckstein |
| Todd M. Goren | Douglas H. Mannal |
| Samantha L. Martin | Stephen D. Zide |
| 1290 Avenue of the Americas | 1177 Avenue of the Americas |
| New York, New York 10104 | New York, New York 10036 |
| Telephone: (212) 468-8000 | Telephone: (212) 715-3280 |
| Facsimile: (212) 468-7900 | Facsimile: (212) 715-8000 |
| | |
| Alexandra Steinberg Barrage | *Counsel for the Official Committee of* |
| 2000 Pennsylvania Avenue, NW, Ste. 6000 | *Unsecured Creditors* |
| Washington, DC 20006-1888 | |
| Telephone: (202) 887-1500 | |
| Facsimile: (202) 887-0763 | |

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF (I) FILING OF SUPPLEMENT TO ASSUMPTION SCHEDULE
AND (II) REMOVAL OF CERTAIN AGREEMENTS THEREFROM**

**IF YOU ARE A COUNTERPARTY TO ANY OF THE CONTRACTS LISTED ON EXHIBIT 1 HERETO, YOU ARE RECEIVING THIS NOTICE BECAUSE THE PLAN PROPONENTS HAVE DESIGNATED AN EXECUTORY CONTRACT OR UNEXPIRED LEASE TO WHICH YOU ARE A PARTY FOR ASSUMPTION. PLEASE READ THIS NOTICE AND THE ATTACHED DOCUMENTS CAREFULLY AS YOUR RIGHTS ARE AFFECTED. THE PLAN PROPONENTS ENCOURAGE PARTIES IN INTEREST TO REVIEW SUCH DOCUMENTS IN THEIR ENTIRETY AND CONSULT AN ATTORNEY IF THEY HAVE QUESTIONS OR SEEK ADVICE.**

1

ny-1116960

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. By Order dated August 23, 2013 [Docket No. 4809] (the "Disclosure Statement Approval Order"), the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved the Disclosure Statement for the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (including all exhibits thereto, the "Disclosure Statement"), for the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (the "Plan"),[1] as containing adequate information within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. On **November 19, 2013 at 10:00 a.m.** (Prevailing Eastern Time) or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 to consider confirmation of the Plan, including all exhibits thereto and as amended, modified or supplemented from time to time, and for such other and further relief as may be just and proper (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time by the Court without further notice. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

3. On October 29, 2013, pursuant to the Plan and authority provided by the Disclosure Statement Approval Order, Residential Capital, LLC and its debtor subsidiaries, as debtors in possession (collectively, the "Debtors"), and the Official Committee for Unsecured Creditors (the "Creditors' Committee" and together with the Debtors, the "Plan Proponents") filed a schedule of Executory Contracts and Unexpired Leases to be assumed and assigned by the respective Debtors pursuant to the Plan and assigned to the Liquidating Trust, and certain contracts and leases entered into by the Debtors after the Petition Date [Docket No. 5546] (as may be modified or supplemented, the "Assumption Schedule"). In the Notice of the Assumption Schedule, the Plan Proponents expressly reserved the right to amend, modify, and/or supplement the Assumption Schedule to, among other things, add or remove any specified contract or unexpired lease from the Assumption Schedule or alter any of the information contained therein.

4. The Plan Proponents hereby a supplement to the Assumption Schedule. Exhibit 1 annexed hereto lists additional Executory Contracts, Unexpired Leases and certain postpetition contracts to be included on the Assumption Schedule. Exhibit 2 annexed hereto lists Executory Contracts, Unexpired Leases and certain postpetition contracts that were already listed on the Assumption Schedule, but for which the Debtors have modified, updated, and/or supplemented certain information included on the Assumption Schedule (collectively, with the agreements listed on Exhibit 1, the "Assumed Agreements"). Such modified information is bolded and highlighted on Exhibit 2. Exhibit 1 and Exhibit 2 include (a) the name of the non-Debtor counterparty, (b) the legal description of the Executory Contract or Unexpired Lease to be assumed, and (c) the proposed amount of an associated Cure Claim, if any. The assumption of Assumed Agreements under the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Disclosure Statement Approval Order or the Plan, as applicable.

Plan shall include the vesting of such contracts in the Liquidating Trust. The Confirmation Order will constitute an order of the Bankruptcy Court approving the above-described assumption, assignment, and vesting.

5.  The Plan Proponents also hereby remove the Executory Contracts, Unexpired Leases and certain postpetition contracts listed on Exhibit 3 annexed hereto from the Assumption Schedule. Pursuant to Article V.A. of the Plan, Executory Contracts and Unexpired Leases that are not included on the Assumption Schedule are deemed rejected as of the Effective Date. **Counterparties to such contracts and leases must file any claims for rejection damages by the Rejection Damages Claim Bar Date or such claims shall be automatically disallowed, forever barred from assertion, and shall be unenforceable against the Debtors, the Liquidating Trust, or their assets or properties without the need for any further notice to, or action, order, or approval of, the Bankruptcy Court.**

6.  Unless otherwise specified, each contract or unexpired lease listed on Exhibit 1, Exhibit 2, and Exhibit 3 hereto shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such contract or unexpired lease, without regard to whether such agreement, instrument or other document is listed thereon.

7.  Neither the exclusion nor inclusion of any contract or unexpired lease on the Assumption Schedule, nor anything contained in the Plan or each Debtor's Schedules, shall constitute an admission that any such contract or lease is or is not in fact an Executory Contract or Unexpired Lease capable of assumption, that any Debtor has any liability thereunder, or that such Executory Contract or Unexpired Lease is necessarily a binding and enforceable agreement.

8.  **All responses and objections to the Assumption Schedule, solely with respect to the items listed on Exhibit 1 annexed hereto, including the challenge of a Cure Claim, if any, (collectively, the "Responses") must be actually received by the Plan Proponents no later than 5:00 p.m. (Prevailing Eastern Time) on November 26, 2013 (the "Objection Deadline"), which is fourteen (14) days from the date of this Notice. Any non-Debtor counterparty to that fails timely file a Response will be deemed to have consented to such assumption and assignment and related cure amount, and shall be forever barred from raising any Response in connection therewith.** Responses must (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection, response, or Cure Claim, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) attorneys for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn: Gary Lee, Lorenzo Marinuzzi, and Meryl L. Rothchild; (d) the Debtors, Residential Capital LLC, Attn: Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; (e) attorneys for the official committee of unsecured

creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (f) attorneys for Ally Financial, Inc., Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Richard M. Cieri and Ray C. Schrock; (g) the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll. Any Response not filed and served as set forth above will be deemed waived and will not be considered by the Court.

9. If you agree with the respective cure amount(s) listed in the Assumption Schedule with respect to your assumed Executory Contract(s) or Unexpired Lease(s), and otherwise do not object to the Liquidating Trust's assumption of your Executory Contract(s) or Unexpired Lease(s), you are not required to take any further action.

10. Unless a Response is filed and served before the Objection Deadline, you shall be deemed to have consented to the assumption and assignment of your Assumed Agreement(s) and the cure amount(s) for your Assumed Agreement(s), and acknowledged that no default exists other than those being cured by the cure amount(s) or defaults that are not required to be cured under section 365(b)(2) of the Bankruptcy Code. If such agreements are assumed, non-Debtor parties to the Assumed Agreement(s) shall be forever barred from (i) objecting to the assumption and assignment of the relevant Assumed Agreement(s), and (ii) asserting at any time any condition to assignment, default, Claims, obligations or breach and/or any additional cure, damage or other amounts with respect to the respective Assumed Agreement(s) against the Debtors, their Estates, or the Liquidating Trust. If no Response to the cure amount or the proposed assumption and assignment of an Assumed Agreement is timely filed and served, the Debtors may assume and assign the Assumed Agreement to the Liquidating Trust, and the cure amount set forth in the Assumption Schedule shall be binding upon all non-Debtor parties to the Assumed Agreement(s) and any known third party beneficiaries to such Assumed Agreement(s).

11. In the event a timely Response is filed with the Bankruptcy Court regarding whether a contract or lease is executory or unexpired, the right of the Plan Proponents to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after the entry of a Final Order by the Bankruptcy Court determining that the contract or lease is executory or unexpired, in which case the deemed assumptions and rejections provided for in the Plan shall not apply to such contract or lease.

12. In the event a timely Response is filed with the Bankruptcy Court that challenges a cure amount, or otherwise asserts that there exists outstanding defaults under an Assumed Agreement, such objection must set forth with specificity the cure amount being claimed by the objecting party or the nature of the asserted default, as applicable, and must include appropriate documentation in support thereof satisfactory to the Plan Proponents or the Liquidating Trust, as applicable. The Plan Proponents, prior to the Effective Date, or the Liquidating Trust, following the Effective Date, may settle any dispute on the amount of a Cure Claim without further notice to any party or action, approval, or order of the Bankruptcy Court.

13. If a timely Response that challenges a proposed Cure Claim is sustained by the Bankruptcy Court, the Plan Proponents, prior to the Effective Date, or the Liquidating Trust, following the Effective Date, may elect to reject such Executory Contract or Unexpired Lease in lieu of assuming it on proper notice to the non-Debtor counterparty thereto, which non-Debtor

counterparties shall then be entitled to file Proofs of Claim asserting Claims arising from the rejection thereof, if applicable, in accordance with the terms of the Plan and the Bar Date Order.

14. If the Plan Proponents, prior to the Effective Date, or the Liquidating Trust, following the Effective Date, object to any request for payment of a Cure Claim, the Bankruptcy Court shall determine the Allowed amount of such Cure Claim and any related issues in the event the Plan Proponents or the Liquidating Trust, as applicable, and the non-Debtor counterparty cannot mutually resolve such issues. Unless the parties to the Executory Contract or Unexpired Lease agree otherwise, all disputed defaults that are required to be cured shall be cured by the later of (i) ten (10) days after entry of a Final Order determining the amount, if any, of the Debtors' liability with respect thereto and (ii) the Effective Date. The Plan Proponents, prior to the Effective Date, or the Liquidating Trust, following the Effective Date, reserve the right either to reject or nullify the assumption of any Executory Contract or Unexpired Lease no later than thirty (30) days after a Final Order determining a Cure Claim greater than that proposed by the Plan Proponents

15. **THE ASSUMPTION SCHEDULE INCLUDES EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT <u>MAY</u> BE ASSUMED. THE PLAN PROPONENTS (IF PRIOR TO THE EFFECTIVE DATE OF THE PLAN) AND THE LIQUIDATING TRUST (IF FOLLOWING THE EFFECTIVE DATE) EXPRESSLY RESERVE THEIR RIGHTS UNDER THE PLAN TO (A) REMOVE ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE FROM THE ASSUMPTION SCHEDULE AND REJECT AN EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE TERMS OF THE PLAN AND (B) CONTEST ANY CLAIM (INCLUDING CURE CLAIMS) ASSERTED IN CONNECTION WITH ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE.**

16. The Debtors, prior to the Effective Date, and the Liquidating Trust, following the Effective Date, hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on the Assumption Schedule that may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments, and agreements which may not be listed therein. Certain of the unexpired leases and executory contracts listed on the Assumption Schedule may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights which are not specifically set forth on the Assumption Schedule. The Debtors, prior to the Effective Date, and the Liquidating Trust, following the Effective Date, reserve all rights with respect to the same, notwithstanding their omission from the Assumption Schedule.

17. **ASSUMPTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN OR OTHERWISE SHALL RESULT IN THE FULL RELEASE AND SATISFACTION OF ANY CLAIMS OR DEFAULTS, WHETHER MONETARY OR NONMONETARY, INCLUDING DEFAULTS OF PROVISIONS RESTRICTING THE CHANGE IN CONTROL OR COMPOSITION OR OTHER BANKRUPTCY-RELATED DEFAULTS, ARISING UNDER ASSUMED EXECUTORY CONTRACT OR UNEXPIRED LEASE AT ANY TIME BEFORE THE DATE THE DEBTORS OR THE LIQUIDATING TRUST ASSUME SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE. ANY PROOFS OF CLAIM FILED WITH RESPECT TO AN EXEUTORY CONTRACT OR UNEXPIRED LEASE THAT HAS BEEN ASSUMED**

5

**SHALL BE DEEMED DISALLOWED AND EXPUNGED, WITHOUT FURTHER NOTICE TO OR ACTION, ORDER OR APPROVAL OF THE BANKRUPTCY COURT.**

18. The rejection of any Executory Contract or Unexpired Lease pursuant to the Plan shall not constitute a termination of pre-existing obligations owed to the Debtors under such Executory Contract or Unexpired Lease. Notwithstanding any applicable non-bankruptcy law to the contrary, the Debtors expressly reserve and do not waive any right to receive, or any continuing obligation of a non-Debtor party to provide, warranties, indemnifications or continued maintenance obligations on goods previously purchased, or services previously received, by the contracting Debtors from non-Debtor parties to such rejected contracts or leases, and any such rights will vest in the Liquidating Trust.

19. The Plan Proponents reserve the right to alter, amend, modify or supplement the Assumption Schedule, as provided by the Plan.

20. Copies of the Plan, the Disclosure Statement, the Disclosure Statement Approval Order, and the Assumption Schedule can be viewed and obtained for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: November 12, 2013
New York, New York

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Samantha L. Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

Alexandra Steinberg Barrage
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW, Ste 6000
Washington, DC 20006-1888
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

*Counsel for the Debtors and Debtors in Possession*

-and-

Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Unsecured Creditors*