# Exhibit H

**To:**      Nielsen, Ryan[Ryan.Nielsen@gmacrescap.com]
**Subject:**    RE: Asset Sales Info
SOFA Sale Agreements.zip
SOFA 10 6_11_12 v2.xls
Changes 2007-now.xls

Attached is a draft of the SOFA 10 showing sales from 2010 forward.  The zip file includes all the agreements I have.  The only sale I can't find agreements on is the German Bond sale. You may have to go to legal for that one.  And note the agreements for the RFC/RFOC sale are not executed, nor do they show RFC as a party.  I am still researching that one.

I have also included a download of our STM site.  You can search this document to find any other sales you might be interested in from prior years.  If you find some, let me know, and I can see if we have the sale agreements in the STM directory.

## Barb Westman

Senior Director - Accounting Operations and Compliance
952-857-7789
barbara.westman@gmacrescap.com

———

**From:** Nielsen, Ryan
**Sent:** Thursday, June 21, 2012 11:36 AM
**To:** Westman, Barbara - MN
**Subject:** Asset Sales Info

Hi Barb,

Just wanted to know if you had an ETA on the Asset Sales info as we are to be done with the executory contracts for the SOAL by tomorrow.

Thanks,

Ryan Nielsen
Manager FP&A
Financial Planning & Analysis
Phone: (952) 857-7332
Email: ryan.nielsen@gmacrescap.com

                                                                          RCJSNII10074529

Withheld as Privileged

Professionals' Eyes Only

RCJSNII10074530

**EXECUTION COPY**

## BILL OF SALE AND TRANSFER AGREEMENT

This BILL OF SALE AND TRANSFER AGREEMENT (this "Bill of Sale"), dated as of April 22, 2011, is by and between GMAC Mortgage, LLC, a Delaware limited liability company, as seller (the "Seller"), and Residential Funding Company, LLC, a Delaware limited liability company, as purchaser (the "Purchaser").

The Seller, for and in consideration of $171,323,565.91 (the "Purchase Price"), does hereby absolutely sell, transfer and assign to the Purchaser as of the date hereof, without recourse except as set forth in this Bill of Sale, all right, title and interest in and to the Mortgage Loans listed on Exhibit A attached hereto (the "Mortgage Loans"), on a servicing released basis, together with all principal, interest and other proceeds of any kind received with respect to such Mortgage Loans from and after April 21, 2011 (the "Cutoff Date"), including, but not limited to, proceeds derived from the conversion, voluntary or involuntary, of any of such assets into cash or other liquidated property, the mortgage loan files, servicing files and other records and documents with respect to the Mortgage Loans and the proceeds of any related title, hazard, or other insurance policies and any escrow, reserve or other comparable accounts related to the Mortgage Loans.

The ownership of the Mortgage Loans and related assets is hereby vested in the Purchaser and the ownership of all records and documents with respect to the related Mortgage Loans prepared by or which come into the possession of the Seller shall immediately vest in the Purchaser and shall be retained and maintained, in trust, by the Seller in a custodial capacity only, until delivery of such documents to the Purchaser at its direction.

The Seller hereby acknowledges receipt of the Purchase Price, which sum represents payment in full of the purchase price for all of Seller's right, title and interest in and to Mortgage Loans and related assets.

The Seller hereby represents and warrants that the Mortgage Loans and related assets are being sold to the Purchaser free and clear of all liens (other than liens described in clauses (b) through (f), (i), (j), (k), (l), (m) and (o) of the definition of Permitted Liens set forth in that certain Amended and Restated Loan Agreement, dated as of December 30, 2009, as amended, supplemented, restated or otherwise modified as of the date hereof, among the Seller and the Purchaser, as borrowers, Passive Asset Transactions, LLC, RFC Asset Holdings II, LLC, GMAC Residential Holding Company, LLC, GMAC-RFC Holding Company, LLC, Homecomings Financial, LLC, Equity Investment I, LLC and Residential Capital, LLC, as guarantors, and Ally Financial, as lender and lender agent).

The Seller covenants that it has previously delivered to either Ally Bank, in its capacity as custodian under (a) that certain Custodial Agreement, dated as of May 19, 2009, among the Seller, the Purchaser, Ally Financial Inc. (f/k/a GMAC LLC) and Ally Bank, or (b) Wells Fargo Bank, National Association, in its capacity as custodian under that certain Custodial Agreement, dated as of May 19, 2009, among the Seller, the Purchaser, Ally Financial Inc. (f/k/a GMAC LLC) and Wells Fargo Bank, National Association, the documents required to be contained in the Mortgage File (as defined in the applicable Custodial Agreement) for each Mortgage Loan. The Seller covenants and agrees that no later than April 29, 2011, it will notify Ally Bank and

700083632 08048307

Wells Fargo Bank, National Association, as applicable, in their capacities as custodian, that the Mortgage Loans have been sold by the Seller to the Purchaser and that ownership of the related Mortgage Files has been transferred to the Purchaser.

The Seller covenants and agrees that it shall, no later than 90 days after the date hereof, at its own expense, deliver an original mortgage note relating to each Mortgage Loan, bearing all intervening endorsements, endorsed "Pay to the order of Residential Funding Company, LLC, without recourse" and signed in the name of the Seller.

The Seller covenants and agrees that for any Mortgage Loan registered on the system of electronically recording transfers of mortgages maintained by Mortgage Electronic Registration Systems, Inc., a Delaware corporation ("MERS"), and for which MERS is listed as the record mortgagee or beneficiary on the related mortgage or assignment thereof (each, a "MERS Loan"), the Seller shall, no later than April 29, 2011, cause, at its own expense and in accordance with the rules and procedures of MERS, such system to indicate that such MERS Loans have been sold by the Seller to the Purchaser pursuant to this Bill of Sale.

The Seller covenants and agrees that for each Mortgage Loan that is not a MERS Loan, the Seller shall, no later than 90 days after the date hereof, at its own expense (including the costs of any recording fees): (i) prepare, in recordable form, all Assignments of Mortgage (as defined below) necessary to assign the Mortgage Loans to the Purchaser and (ii) submit each such Assignments of Mortgage for recording with the applicable recording office. "Assignment of Mortgage" means an assignment of the mortgage, notice of transfer or equivalent instrument in recordable form, sufficient under the laws of the jurisdiction wherein the related mortgaged property is located to reflect the sale of the mortgage to the Purchaser.

The Seller covenants that with respect to each Mortgage Loan that is the subject of litigation (including the related mortgagor being the subject of a bankruptcy proceeding), the Seller shall promptly, but no later than 90 days after the date hereof, prepare all necessary assignments and file appropriate substitutions in order to name the Purchaser as mortgagee in connection with the related litigation.

The Seller has separately agreed to service the Mortgage Loans for the Purchaser pursuant to that certain Seller/Servicer Contract, dated as of November 24, 1992, between the Purchaser and the Seller, as amended through the date hereof (the "Servicing Agreement"). The Seller and the Purchaser hereby agree that any servicing advances previously made by the Seller with respect to the Mortgage Loans and outstanding as of the Cutoff Date may be recovered by the Seller from collections on the Mortgage Loans in accordance with the terms of the Servicing Agreement.

The Purchaser shall, at its own cost and expense, deliver the notice required by Section 404 of the Helping Families Save Their Houses Act of 2009 (P.L. 111-22) to be provided within thirty (30) calendar days of the date hereof to each mortgagor who is primarily liable with respect to each Mortgage Loan.

Professionals' Eyes Only                                                                    RCJSNII10074532

Each party shall, upon the written request of the other, execute and deliver to the other party such reasonable and appropriate additional documents, instruments or agreements, or take such other actions, as may be reasonably necessary or appropriate to effectuate the purposes of this Bill of Sale.

It is the express intention of the parties that the transactions contemplated by this Bill of Sale be, and be construed as, a sale of the Mortgage Loans by the Seller and not a pledge of the Mortgage Loans by the Seller to the Purchaser to secure a debt or other obligation of the Seller. Further, the transactions contemplated by this Agreement are not intended in any way to constitute the sale of a "security" or "securities" within the meaning of any applicable securities laws, and none of the representations, warranties or agreements of the Seller or the Purchaser shall create any inference that the transactions involve any "security" or "securities." Consequently, the sale of each Mortgage Loan shall be reflected as a sale on the Seller's and the Purchaser's business records, tax returns and financial statements.

**THIS BILL OF SALE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES (BUT WITH REFERENCE TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW, WHICH BY ITS TERMS APPLIES TO THIS BILL OF SALE).**

**EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO A TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS BILL OF SALE.**

**EACH PARTY HERETO HEREBY IRREVOCABLY SUBMITS TO THE NONEXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK LOCATED IN THE BOROUGH OF MANHATTAN OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK FOR PURPOSES OF ALL LEGAL PROCEEDINGS ARISING OUT OF OR RELATING TO THIS BILL OF SALE OR THE TRANSACTIONS CONTEMPLATED HEREBY AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH SUCH LITIGATION. EACH PARTY HERETO IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF THE VENUE OF ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM. EACH PARTY HERETO HEREBY CONSENTS TO PROCESS BEING SERVED IN ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS BILL OF SALE, OR ANY DOCUMENT DELIVERED PURSUANT HERETO BY THE MAILING OF A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, RETURN RECEIPT REQUESTED, TO ITS RESPECTIVE ADDRESS SPECIFIED AT THE TIME FOR NOTICES UNDER THIS BILL OF SALE OR TO ANY OTHER ADDRESS OF WHICH IT SHALL HAVE GIVEN WRITTEN OR ELECTRONIC NOTICE TO THE OTHER PARTIES. THE FOREGOING SHALL NOT LIMIT THE**

Professionals' Eyes Only                                    RCJSNII10074533

**ABILITY OF ANY PARTY HERETO TO BRING SUIT IN THE COURTS OF ANY JURISDICTION.**

This Bill of Sale embodies the entire agreement and understanding of the parties hereto and supersede any and all prior agreements, arrangements and understanding relating to the matters provided for herein.

If any provision of this Bill of Sale, or the application thereof to any party or any circumstance, is held to be unenforceable, invalid or illegal (in whole or in part) for any reason (in any jurisdiction), the remaining terms of this Bill of Sale, modified by the deletion of the unenforceable invalid or illegal portion (in any relevant jurisdiction), will continue in full force and effect, and such unenforceability, invalidity or illegality will not otherwise affect the enforceability, validity or legality of the remaining terms of this Bill of Sale so long as this Bill of Sale, as so modified, continues to express, without material change, the original intentions of the parties as to the subject matter hereof and the deletion of such portion of this Bill of Sale will not substantially impair the respective expectations of the parties or the practical realization of the benefits that would otherwise be conferred upon the parties.

This Bill of Sale may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original (whether such counterpart is originally executed or an electronic copy of an original and each party hereto expressly waives its rights to receive originally executed documents) and all of which when taken together shall constitute one and the same agreement.

[signature page follows]

Professionals' Eyes Only                                          RCJSNII10074534

IN WITNESS WHEREOF, the Seller and the Purchaser have caused this Bill of Sale and Transfer Agreement to be executed and delivered by its respective officer thereunto duly authorized as of the date above written.

**GMAC MORTGAGE, LLC**, as Seller

By: _____

Name: Jerry Lombardo
Title:   Treasurer and Global Funding &
          Liquidity Executive

**RESIDENTIAL FUNDING COMPANY, LLC**, as Purchaser

By: _____

Name:  Jerry Lombardo
Title:   Treasurer and Global Funding &
          Liquidity Executive

Professionals' Eyes Only                                                              RCJSNII10074535

# EXHIBIT A

## MORTGAGE LOAN SCHEDULE

(see attached)

Professionals' Eyes Only                                                                    RCJSNII10074536

**EXECUTION COPY**

April 22, 2011

Residential Funding Company, LLC
8400 Normandale Lake Blvd.
Suite 350
Minneapolis, MN 55437

GMAC Mortgage, LLC
8400 Normandale Lake Blvd.
Suite 350
Minneapolis, MN 55437

GMAC Residential Holding Company, LLC
8400 Normandale Lake Blvd.
Suite 350
Minneapolis, MN 55437

Residential Capital, LLC
8400 Normandale Lake Blvd.
Suite 350
Minneapolis, MN 55437

> Re: Netting relating to Transferred Mortgage Loans

Ladies and Gentlemen:

Reference is hereby made to that certain Bill of Sale and Transfer Agreement, dated as of April 22, 2011 (the "Bill of Sale"), by and between GMAC Mortgage, LLC, a Delaware limited liability company (the "Seller"), and Residential Funding Company, LLC, a Delaware limited liability company (the "Purchaser"), pursuant to which the Seller is selling certain mortgage loans to the Purchaser. Pursuant to the Bill of Sale, the Purchaser is obligated to pay the Seller $171,323,565.91 as the purchase price for the mortgage loans being sold pursuant thereto (the "Purchase Price").

Pursuant to various intercompany loans, the Seller owes amounts to GMAC Residential Holding Company, LLC, a Delaware limited liability company ("GMAC RHC"), in excess of the Purchase Price as of the date hereof. Pursuant to various intercompany loans, GMAC RHC owes amounts to Residential Capital, LLC, a Delaware limited liability company ("ResCap"), in excess of the Purchase Price as of the date hereof. Pursuant to various intercompany loans, ResCap owes amounts to the Purchaser in excess of the Purchase Price as of the date hereof. The outstanding amounts under each of the intercompany loans referenced above are due and payable, and the obligee with respect to each of the foregoing intercompany loans hereby demands payment from the respective obligor as repayment of such intercompany loan of an amount equal to the Purchase Price payable on the date hereof.

700084352 08048307

In order to avoid cash transfers between themselves and to discharge their payment obligations in the amounts set forth above, the parties hereto each agree that the obligations:

(a) of the Purchaser to pay the Purchase Price to the Seller as consideration for the purchase of the mortgage loans pursuant to the Bill of Sale;

(b) of the Seller to pay $171,323,565.91 to GMAC RHC as repayment of certain intercompany loans;

(c) of GMAC RHC to pay $171,323,565.91 to ResCap as repayment of certain intercompany loans; and

(d) of ResCap to pay $171,323,565.91 to the Purchaser as repayment of certain intercompany loans;

will be netted against each other so that the respective obligations will be discharged without a cash payment having been made as of the date hereof.

As a consequence of the forgoing netting:

(w) the Seller hereby fully and finally discharges the Purchaser from its obligation to pay the Purchase Price as consideration for the purchaser of the mortgage loans pursuant to the Bill of Sale;

(x) GMAC RHC hereby fully and finally discharges the Seller from its obligation to repay $171,323,565.91 to GMAC RHC under the intercompany loans (and subtracts such amount from the total amount due by the Seller to GMAC RHC under the intercompany loans);

(y) ResCap hereby fully and finally discharges GMAC RHC from its obligation to repay $171,323,565.91 to ResCap under the intercompany loans (and subtracts such amount from the total amount due by GMAC RHC to ResCap under the intercompany loans);

(z) the Purchaser hereby fully and finally discharges ResCap from its obligation to repay $171,323,565.91 to the Purchaser under the intercompany loans (and subtracts such amount from the total amount due by ResCap to the Purchaser under the intercompany loans).

Each of the parties hereto hereby represents and warrants that, as of the date hereof, it has the corporate power and authority to enter into this letter agreement and that all necessary action has been taken to approve its execution and delivery of this letter agreement and the consummation of the netting set forth herein.

**THIS LETTER AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES (BUT WITH REFERENCE TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW, WHICH BY ITS TERMS APPLIES TO THIS LETTER AGREEMENT).**

700084352 08048307                                    2

EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO A TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS LETTER AGREEMENT.

EACH PARTY HERETO HEREBY IRREVOCABLY SUBMITS TO THE NONEXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK LOCATED IN THE BOROUGH OF MANHATTAN OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK FOR PURPOSES OF ALL LEGAL PROCEEDINGS ARISING OUT OF OR RELATING TO THIS LETTER AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH SUCH LITIGATION. EACH PARTY HERETO IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF THE VENUE OF ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM. EACH PARTY HERETO HEREBY CONSENTS TO PROCESS BEING SERVED IN ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS LETTER AGREEMENT, OR ANY DOCUMENT DELIVERED PURSUANT HERETO BY THE MAILING OF A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, RETURN RECEIPT REQUESTED, TO ITS RESPECTIVE ADDRESS SPECIFIED AT THE TIME FOR NOTICES UNDER THIS LETTER AGREEMENT OR TO ANY OTHER ADDRESS OF WHICH IT SHALL HAVE GIVEN WRITTEN OR ELECTRONIC NOTICE TO THE OTHER PARTIES. THE FOREGOING SHALL NOT LIMIT THE ABILITY OF ANY PARTY HERETO TO BRING SUIT IN THE COURTS OF ANY JURISDICTION.

This letter agreement embodies the entire agreement and understanding of the parties hereto and supersede any and all prior agreements, arrangements and understanding relating to the matters provided for herein.

This letter agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original (whether such counterpart is originally executed or an electronic copy of an original and each party hereto expressly waives its rights to receive originally executed documents) and all of which when taken together shall constitute one and the same agreement.

[signature pages follow]

Professionals' Eyes Only                                                      RCJSNII10074539

IN WITNESS WHEREOF, the parties hereto have caused this letter agreement to be executed and delivered by its respective officer thereunto duly authorized as of the date above written.

Residential Funding Company, LLC

By:

Name: Jerry Lombardo
Title:   Treasurer and Global Funding &
         Liquidity Executive

GMAC Mortgage, LLC

By:

Name: Jerry Lombardo
Title:   Treasurer and Global Funding &
         Liquidity Executive

GMAC Residential Holding Company, LLC

By:

Name: Jerry Lombardo
Title:   Treasurer

Residential Capital, LLC

By:

Name: Jerry Lombardo
Title:   Treasury Executive

Professionals' Eyes Only                                                    RCJSNII10074540

EXECUTION COPY

## COLLATERAL ADDITION DESIGNATION NOTICE

### (Pledge of Transferred US Mortgage Loans – Domestic Loans)

April 22, 2011

Reference is hereby made to (i) the Amended and Restated Loan Agreement, dated as of December 30, 2009 (as amended, supplemented, restated or otherwise modified from time to time, the "Loan Agreement"), among Residential Funding Company, LLC, a Delaware limited liability company ("RFC"), GMAC Mortgage, LLC, a Delaware limited liability company ("GMAC Mortgage" and, together with RFC, each a "Borrower" and together the "Borrowers"), Passive Asset Transactions, LLC, a Delaware limited liability company ("PATI"), RFC Asset Holdings II, LLC, a Delaware limited liability company ("RAHI"), GMAC Residential Holding Company, LLC, a Delaware limited liability company ("GMAC RHC"), GMAC-RFC Holding Company, LLC, a Delaware limited liability company ("GMAC-RFC"), Homecomings Financial, LLC, a Delaware limited liability company ("Homecomings"), Equity Investment I, LLC, a Delaware limited liability company ("Equity I") and Residential Capital, LLC, a Delaware limited liability company ("ResCap" and, together with PATI, RAHI, GMAC RHC, GMAC-RFC, Homecomings and Equity I, a "Guarantor" and together the "Guarantors"), and Ally Financial Inc., a Delaware corporation formerly known as GMAC Inc., as Lender Agent and Initial Lender ("Ally Financial"); (ii) the Amended and Restated Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009 (as amended, supplemented, restated or otherwise modified from time to time, the "Security Agreement"), among the Borrowers and the Guarantors, as grantors, and Ally Financial, as Lender Agent; and (iii) the Amended and Restated Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009 (as amended, supplemented, restated or otherwise modified from time to time, the "Fourth Security Agreement"), among the Borrowers and the Guarantors, as grantors, and Ally Financial, as secured party. Capitalized terms which are not otherwise defined herein have the meanings assigned to such terms in the Loan Agreement.

Reference is hereby also made to that certain Bill of Sale and Transfer Agreement, dated as of the date hereof, between GMAC Mortgage, as seller, and RFC, as purchaser (the "Bill of Sale"), pursuant to which GMAC Mortgage is selling to RFC on the date hereof certain mortgage loans that GMAC Mortgage has previously pledged pursuant to the Security Agreement and the Fourth Security Agreement (the "Transferred Mortgage Loans").

RFC hereby notifies the Lender Agent that the Transferred Mortgage Loans, which are described on the tab labeled "Transferred Mortgage Loans" of the Mortgage Schedule dated April 21, 2011 (the "Transferred Loans Mortgage Schedule") delivered by RFC to the Lender Agent, are being pledged pursuant to the Security Agreement and the Fourth Security Agreement. RFC hereby requests that the Lender Agent consent to the addition of such Subject Mortgage Loans.

*Collateral Addition Designation*
*Notice – LOC Loan Agreement*

Professionals' Eyes Only

RCJSNII10074541

Each of GMAC Mortgage and RFC hereby represents and warrants to the Lender Agent that each of the Transferred Mortgage Loans described in the Transferred Loans Mortgage Schedule that are being added are Eligible Assets, all of the Transferred Mortgage Loans were pledged by GMAC Mortgage pursuant to the Security Agreement and Fourth Security Agreement, all of the Transferred Mortgage Loans are set forth on the Transferred Loans Mortgage Schedule, all conditions precedent to such Transferred Mortgage Loans constituting Approved Additional Collateral have been satisfied, that the addition of such Transferred Mortgage Loans otherwise complies with the terms of the Facility Documents and that the Lender Agent is being granted a security interest in such Transferred Mortgage Loans contemporaneously with the execution hereof. Each of GMAC Mortgage and RFC hereby further represents, warrants and covenants that the Mortgage File (as defined in the applicable Custody Agreement) with respect to each Transferred Mortgage Loan has been delivered to one of the custodians pursuant to the Custody Agreements.

Each Borrower covenants and agrees to perform its obligations set forth in the Bill of Sale. Each Borrower covenants and agrees, not later than 90 days after the date hereof, (a) to endorse the original mortgage note relating to each Transferred Mortgage Loan as required pursuant to the terms of the applicable Custody Agreement and (b) to deliver to the applicable Custodian for each Transferred Mortgage Loan which is not a MERS Loan (as defined in the applicable Custody Agreement), an original Assignment of Mortgage (as defined in the applicable Custody Agreement), executed in blank, in recordable form, and signed in the name of RFC.

The Lender Agent hereby consents (a) to the sale of the Transferred Mortgage Loans from the Seller to the Purchaser pursuant to the Bill of Sale and waives any requirement that the related Collateral Disposition Proceeds be deposited as Collections in accordance with Article IV of the Loan Agreement and (b) to the Transferred Mortgage Loans constituting Approved Additional Collateral, to the extent constituting Eligible Assets, as of the date hereof.

The Borrowers each hereby acknowledge and agree that neither this Collateral Addition Designation Notice nor the waiver or consents contained herein shall constitute (w) a waiver or forbearance by any Lender or the Lender Agent under any of the Facility Documents except as explicitly set forth herein, (y) the acceptance by any Lender or the Lender Agent of any course of conduct by any Obligor or any other Person or (z) an agreement by any Lender or the Lender Agent to provide any further consents or waivers or amend any of the Facility Documents without all required approvals or related certifications. The Borrowers each hereby further acknowledge and agree that the Lenders and the Lender Agent reserve all rights, remedies and options under the Facility Documents, including to require the Borrowers to satisfy in all respects the conditions relating to the making of any loan under the Facility Documents and the right to require each Obligor to perform all of its obligations under the Facility Documents which are then due and owing or are susceptible of performance, as the case may be.

2                      *Collateral Addition Designation*
*Notice – LOC Loan Agreement*

Professionals' Eyes Only                                                          RCJSNII10074542

The Transferred Mortgage Loans are hereby designated on the Transferred Loans Mortgage Schedule as being in either the Loan Group "Domestic Loans" or the Loan Group "Domestic Loans A". The Collateral Value of the US Mortgage Loans in the Loan Groups "Domestic Loans" and "Domestic Loans A" shall be calculated in accordance with Schedule 2.04 of the Loan Agreement, taking into account the Specified Percentage stated below. Effective as of the date hereof, the Specified Percentage with respect to (a) all US Mortgage Loans belonging to the Loan Group "Domestic Loans" shall be 92.50% and (b) all US Mortgage Loans belonging to the Loan Group "Domestic Loans A" shall be 55.5%.

THIS COLLATERAL ADDITION DESIGNATION NOTICE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES (BUT WITH REFERENCE TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW, WHICH BY ITS TERMS APPLIES TO THIS COLLATERAL ADDITION DESIGNATION NOTICE).

[Signatures follow]

3                    *Collateral Addition Designation*
                                                                    *Notice – LOC Loan Agreement*

Professionals' Eyes Only                                                          RCJSNII10074543

Very truly yours,

RESIDENTIAL FUNDING COMPANY, LLC,
as Obligor under the Loan Agreement,
and as Grantor under the Security Agreement

By:

Name: Jerry Lombardo
Title: Treasurer and Global Funding &
Liquidity Executive

GMAC MORTGAGE, LLC,
as Obligor under the Loan Agreement,
and as Grantor under the Security Agreement

By:

Name: Jerry Lombardo
Title: Treasurer and Global Funding &
Liquidity Executive

700084280 08048307                     S-1              *Collateral Addition Designation*
*Notice – LOC Loan Agreement*

Professionals' Eyes Only                                                      RCJSNII10074544

Acknowledged and Agreed
as of the date first written above:

ALLY FINANCIAL INC.,
as Lender Agent

By: _____
Name:    JEFFREY J. BROWN
Title:    TREASURER

S-2

*Collateral Addition Designation*
*Notice – LOC Loan Agreement*

Professionals' Eyes Only
RCJSNII10074545

EXECUTION COPY

## BILL OF SALE AND TRANSFER AGREEMENT

This BILL OF SALE AND TRANSFER AGREEMENT (this "Bill of Sale"), dated as of April 22, 2011, is by and between GMAC Mortgage, LLC, a Delaware limited liability company, as seller (the "Seller"), and Residential Funding Company, LLC, a Delaware limited liability company, as purchaser (the "Purchaser").

The Seller, for and in consideration of $171,323,565.91 (the "Purchase Price"), does hereby absolutely sell, transfer and assign to the Purchaser as of the date hereof, without recourse except as set forth in this Bill of Sale, all right, title and interest in and to the Mortgage Loans listed on Exhibit A attached hereto (the "Mortgage Loans"), on a servicing released basis, together with all principal, interest and other proceeds of any kind received with respect to such Mortgage Loans from and after April 21, 2011 (the "Cutoff Date"), including, but not limited to, proceeds derived from the conversion, voluntary or involuntary, of any of such assets into cash or other liquidated property, the mortgage loan files, servicing files and other records and documents with respect to the Mortgage Loans and the proceeds of any related title, hazard, or other insurance policies and any escrow, reserve or other comparable accounts related to the Mortgage Loans.

The ownership of the Mortgage Loans and related assets is hereby vested in the Purchaser and the ownership of all records and documents with respect to the related Mortgage Loans prepared by or which come into the possession of the Seller shall immediately vest in the Purchaser and shall be retained and maintained, in trust, by the Seller in a custodial capacity only, until delivery of such documents to the Purchaser at its direction.

The Seller hereby acknowledges receipt of the Purchase Price, which sum represents payment in full of the purchase price for all of Seller's right, title and interest in and to Mortgage Loans and related assets.

The Seller hereby represents and warrants that the Mortgage Loans and related assets are being sold to the Purchaser free and clear of all liens (other than liens described in clauses (b) through (f), (i), (j), (k), (l), (m) and (o) of the definition of Permitted Liens set forth in that certain Amended and Restated Loan Agreement, dated as of December 30, 2009, as amended, supplemented, restated or otherwise modified as of the date hereof, among the Seller and the Purchaser, as borrowers, Passive Asset Transactions, LLC, RFC Asset Holdings II, LLC, GMAC Residential Holding Company, LLC, GMAC-RFC Holding Company, LLC, Homecomings Financial, LLC, Equity Investment I, LLC and Residential Capital, LLC, as guarantors, and Ally Financial, as lender and lender agent).

The Seller covenants that it has previously delivered to either Ally Bank, in its capacity as custodian under (a) that certain Custodial Agreement, dated as of May 19, 2009, among the Seller, the Purchaser, Ally Financial Inc. (f/k/a GMAC LLC) and Ally Bank, or (b) Wells Fargo Bank, National Association, in its capacity as custodian under that certain Custodial Agreement, dated as of May 19, 2009, among the Seller, the Purchaser, Ally Financial Inc. (f/k/a GMAC LLC) and Wells Fargo Bank, National Association, the documents required to be contained in the Mortgage File (as defined in the applicable Custodial Agreement) for each Mortgage Loan. The Seller covenants and agrees that no later than April 29, 2011, it will notify Ally Bank and Wells

700083632 08048307

Fargo Bank, National Association, as applicable, in their capacities as custodian, that the Mortgage Loans have been sold by the Seller to the Purchaser and that ownership of the related Mortgage Files has been transferred to the Purchaser.

The Seller covenants and agrees that it shall, no later than 90 days after the date hereof, at its own expense, deliver an original mortgage note relating to each Mortgage Loan, bearing all intervening endorsements, endorsed "Pay to the order of Residential Funding Company, LLC, without recourse" and signed in the name of the Seller.

The Seller covenants and agrees that for any Mortgage Loan registered on the system of electronically recording transfers of mortgages maintained by Mortgage Electronic Registration Systems, Inc., a Delaware corporation ("MERS"), and for which MERS is listed as the record mortgagee or beneficiary on the related mortgage or assignment thereof (each, a "MERS Loan"), the Seller shall, no later than April 29, 2011, cause, at its own expense and in accordance with the rules and procedures of MERS, such system to indicate that such MERS Loans have been sold by the Seller to the Purchaser pursuant to this Bill of Sale.

The Seller covenants and agrees that for each Mortgage Loan that is not a MERS Loan, the Seller shall, no later than 90 days after the date hereof, at its own expense (including the costs of any recording fees): (i) prepare, in recordable form, all Assignments of Mortgage (as defined below) necessary to assign the Mortgage Loans to the Purchaser and (ii) submit each such Assignments of Mortgage for recording with the applicable recording office. "Assignment of Mortgage" means an assignment of the mortgage, notice of transfer or equivalent instrument in recordable form, sufficient under the laws of the jurisdiction wherein the related mortgaged property is located to reflect the sale of the mortgage to the Purchaser.

The Seller covenants that with respect to each Mortgage Loan that is the subject of litigation (including the related mortgagor being the subject of a bankruptcy proceeding), the Seller shall promptly, but no later than 90 days after the date hereof, prepare all necessary assignments and file appropriate substitutions in order to name the Purchaser as mortgagee in connection with the related litigation.

The Seller has separately agreed to service the Mortgage Loans for the Purchaser pursuant to that certain Seller/Servicer Contract, dated as of November 24, 1992, between the Purchaser and the Seller, as amended through the date hereof (the "Servicing Agreement"). The Seller and the Purchaser hereby agree that any servicing advances previously made by the Seller with respect to the Mortgage Loans and outstanding as of the Cutoff Date may be recovered by the Seller from collections on the Mortgage Loans in accordance with the terms of the Servicing Agreement.

The Purchaser shall, at its own cost and expense, deliver the notice required by Section 404 of the Helping Families Save Their Houses Act of 2009 (P.L. 111-22) to be provided within thirty (30) calendar days of the date hereof to each mortgagor who is primarily liable with respect to each Mortgage Loan.

Each party shall, upon the written request of the other, execute and deliver to the other party such reasonable and appropriate additional documents, instruments or agreements, or take such other actions, as may be reasonably necessary or appropriate to effectuate the purposes of this Bill of Sale.

It is the express intention of the parties that the transactions contemplated by this Bill of Sale be, and be construed as, a sale of the Mortgage Loans by the Seller and not a pledge of the Mortgage Loans by the Seller to the Purchaser to secure a debt or other obligation of the Seller.

Professionals' Eyes Only

Further, the transactions contemplated by this Agreement are not intended in any way to constitute the sale of a "security" or "securities" within the meaning of any applicable securities laws, and none of the representations, warranties or agreements of the Seller or the Purchaser shall create any inference that the transactions involve any "security" or "securities." Consequently, the sale of each Mortgage Loan shall be reflected as a sale on the Seller's and the Purchaser's business records, tax returns and financial statements.

**THIS BILL OF SALE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES (BUT WITH REFERENCE TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW, WHICH BY ITS TERMS APPLIES TO THIS BILL OF SALE).**

**EACH OF THE PARTIES HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO A TRIAL BY JURY WITH RESPECT TO ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS BILL OF SALE.**

**EACH PARTY HERETO HEREBY IRREVOCABLY SUBMITS TO THE NONEXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK LOCATED IN THE BOROUGH OF MANHATTAN OR IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK FOR PURPOSES OF ALL LEGAL PROCEEDINGS ARISING OUT OF OR RELATING TO THIS BILL OF SALE OR THE TRANSACTIONS CONTEMPLATED HEREBY AND IRREVOCABLY AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY IN CONNECTION WITH SUCH LITIGATION. EACH PARTY HERETO IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY OBJECTION WHICH IT MAY NOW OR HEREAFTER HAVE TO THE LAYING OF THE VENUE OF ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT AND ANY CLAIM THAT ANY SUCH PROCEEDING BROUGHT IN SUCH A COURT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM. EACH PARTY HERETO HEREBY CONSENTS TO PROCESS BEING SERVED IN ANY SUIT, ACTION OR PROCEEDING WITH RESPECT TO THIS BILL OF SALE, OR ANY DOCUMENT DELIVERED PURSUANT HERETO BY THE MAILING OF A COPY THEREOF BY REGISTERED OR CERTIFIED MAIL, POSTAGE PREPAID, RETURN RECEIPT REQUESTED, TO ITS RESPECTIVE ADDRESS SPECIFIED AT THE TIME FOR NOTICES UNDER THIS BILL OF SALE OR TO ANY OTHER ADDRESS OF WHICH IT SHALL HAVE GIVEN WRITTEN OR ELECTRONIC NOTICE TO THE OTHER PARTIES. THE FOREGOING SHALL NOT LIMIT THE ABILITY OF ANY PARTY HERETO TO BRING SUIT IN THE COURTS OF ANY JURISDICTION.**

This Bill of Sale embodies the entire agreement and understanding of the parties hereto and supersede any and all prior agreements, arrangements and understanding relating to the matters provided for herein.

If any provision of this Bill of Sale, or the application thereof to any party or any circumstance, is held to be unenforceable, invalid or illegal (in whole or in part) for any reason (in any jurisdiction), the remaining terms of this Bill of Sale, modified by the deletion of the

700083632 08048307                          3

unenforceable invalid or illegal portion (in any relevant jurisdiction), will continue in full force and effect, and such unenforceability, invalidity or illegality will not otherwise affect the enforceability, validity or legality of the remaining terms of this Bill of Sale so long as this Bill of Sale, as so modified, continues to express, without material change, the original intentions of the parties as to the subject matter hereof and the deletion of such portion of this Bill of Sale will not substantially impair the respective expectations of the parties or the practical realization of the benefits that would otherwise be conferred upon the parties.

This Bill of Sale may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original (whether such counterpart is originally executed or an electronic copy of an original and each party hereto expressly waives its rights to receive originally executed documents) and all of which when taken together shall constitute one and the same agreement.

[signature page follows]

700083632 08048307                          4

IN WITNESS WHEREOF, the Seller and the Purchaser have caused this Bill of Sale and Transfer Agreement to be executed and delivered by its respective officer thereunto duly authorized as of the date above written.

**GMAC MORTGAGE, LLC**, as Seller

By:_____
Name: Heather Anderson
Title:   Senior Treasury Services Officer
**RESIDENTIAL  FUNDING COMPANY, LLC**,
as Purchaser

By:_____
Name:   Heather Anderson
Title:     Senior Treasury Services Officer

## EXHIBIT A

## MORTGAGE LOAN SCHEDULE

(see attached)

Professionals' Eyes Only                                                            RCJSNII10074551

Document comparison by Workshare Professional on Friday, April 22, 2011
3:09:00 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://CHIMDM/AMECURRENT/700083632/7 |
| Description | #700083632v7<AMECURRENT>  - Bill of Sale and Transfer Agreement re: Transferred Mortgage Loans (April 2011) - FINAL |
| Document 2 ID | interwovenSite://CHIMDM/AMECURRENT/700083632/8 |
| Description | #700083632v8<AMECURRENT>  - Bill of Sale and Transfer Agreement re: Transferred Mortgage Loans (April 2011) - FINAL |
| Rendering set | Deletions struck through - Inserts dbl und and bold |

| Legend: |
|---|
| **Insertion** |
| ~~Deletion~~ |
| ~~Moved from~~ |
| **Moved to** |
| Style change |
| Format change |
| ~~Moved deletion~~ |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 3 |
| Deletions | 0 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 3 |

   RCJSNII10074552

EXECUTION COPY

## COLLATERAL ADDITION DESIGNATION NOTICE

### (Pledge of Transferred US Mortgage Loans – Domestic Loans)

April 22, 2011

Reference is hereby made to (i) the Amended and Restated Loan Agreement, dated as of December 30, 2009 (as amended, supplemented, restated or otherwise modified from time to time, the "Loan Agreement"), among Residential Funding Company, LLC, a Delaware limited liability company ("RFC"), GMAC Mortgage, LLC, a Delaware limited liability company ("GMAC Mortgage" and, together with RFC, each a "Borrower" and together the "Borrowers"), Passive Asset Transactions, LLC, a Delaware limited liability company ("PATI"), RFC Asset Holdings II, LLC, a Delaware limited liability company ("RAHI"), GMAC Residential Holding Company, LLC, a Delaware limited liability company ("GMAC RHC"), GMAC-RFC Holding Company, LLC, a Delaware limited liability company ("GMAC-RFC"), Homecomings Financial, LLC, a Delaware limited liability company ("Homecomings"), Equity Investment I, LLC, a Delaware limited liability company ("Equity I") and Residential Capital, LLC, a Delaware limited liability company ("ResCap" and, together with PATI, RAHI, GMAC RHC, GMAC-RFC, Homecomings and Equity I, a "Guarantor" and together the "Guarantors"), and Ally Financial Inc., a Delaware corporation formerly known as GMAC Inc., as Lender Agent and Initial Lender ("Ally Financial"); (ii) the Amended and Restated Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009 (as amended, supplemented, restated or otherwise modified from time to time, the "Security Agreement"), among the Borrowers and the Guarantors, as grantors, and Ally Financial, as Lender Agent; and (iii) the Amended and Restated Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009 (as amended, supplemented, restated or otherwise modified from time to time, the "Fourth Security Agreement"), among the Borrowers and the Guarantors, as grantors, and Ally Financial, as secured party. Capitalized terms which are not otherwise defined herein have the meanings assigned to such terms in the Loan Agreement.

Reference is hereby also made to that certain Bill of Sale and Transfer Agreement, dated as of the date hereof, between GMAC Mortgage, as seller, and RFC, as purchaser (the "Bill of Sale"), pursuant to which GMAC Mortgage is selling to RFC on the date hereof certain mortgage ~~loan~~loans that GMAC Mortgage has previously pledged pursuant to the Security Agreement and the Fourth Security Agreement (the "Transferred Mortgage Loans").

RFC hereby notifies the Lender Agent that the Transferred Mortgage Loans, which are described on the tab labeled "Transferred Mortgage Loans" of the Mortgage Schedule dated April 21, 2011 (the "Transferred Loans Mortgage Schedule") delivered by RFC to the Lender Agent, are being pledged pursuant to the Security Agreement and the Fourth Security Agreement. RFC hereby requests that the Lender Agent consent to the addition of such Subject Mortgage Loans.

*Collateral Addition Designation*
*Notice – LOC Loan Agreement*

Professionals' Eyes Only

RCJSNII10074553

Each of GMAC Mortgage and RFC hereby represents and warrants to the Lender Agent that each of the Transferred Mortgage Loans described in the Transferred Loans Mortgage Schedule that are being added are Eligible Assets, all of the Transferred Mortgage Loans were pledged by GMAC Mortgage pursuant to the Security Agreement and Fourth Security Agreement, all of the Transferred Mortgage Loans are set forth on the Transferred Loans Mortgage Schedule, all conditions precedent to such Transferred Mortgage Loans constituting Approved Additional Collateral have been satisfied, that the addition of such Transferred Mortgage Loans otherwise complies with the terms of the Facility Documents and that the Lender Agent is being granted a security interest in such Transferred Mortgage Loans contemporaneously with the execution hereof. Each of GMAC Mortgage and RFC hereby further represents, warrants and covenants that the Mortgage File (as defined in the applicable Custody Agreement) with respect to each Transferred Mortgage Loan has been delivered to one of the custodians pursuant to the Custody Agreements.

Each Borrower covenants and agrees to perform its obligations set forth in the Bill of Sale. Each Borrower covenants and agrees, not later than 90 days after the date hereof, (a) to endorse the original mortgage note relating to each Transferred Mortgage Loan as required pursuant to the terms of the applicable Custody Agreement and (b) to deliver to the applicable Custodian for each Transferred Mortgage Loan which is not a MERS Loan (as defined in the applicable Custody Agreement), an original Assignment of Mortgage (as defined in the applicable Custody Agreement), executed in blank, in recordable form, and signed in the name of RFC.

The Lender Agent hereby consents (a) to the sale of the Transferred Mortgage Loans from the Seller to the Purchaser pursuant to the Bill of Sale and waives any requirement that the related Collateral Disposition Proceeds be deposited as Collections in accordance with Article IV of the Loan Agreement and (b) to the Transferred Mortgage Loans constituting Approved Additional Collateral, to the extent constituting Eligible Assets, as of the date hereof.

The Borrowers each hereby acknowledge and agree that neither this Collateral Addition Designation Notice nor the waiver or consents contained herein shall constitute (w) a waiver or forbearance by any Lender or the Lender Agent under any of the Facility Documents except as explicitly set forth herein, (y) the acceptance by any Lender or the Lender Agent of any course of conduct by any Obligor or any other Person or (z) an agreement by any Lender or the Lender Agent to provide any further consents or waivers or amend any of the Facility Documents without all required approvals or related certifications. The Borrowers each hereby further acknowledge and agree that the Lenders and the Lender Agent reserve all rights, remedies and options under the Facility Documents, including to require the Borrowers to satisfy in all respects the conditions relating to the making of any loan under the Facility Documents and the right to require each Obligor to perform all of its obligations under the Facility Documents which are then due and owing or are susceptible of performance, as the case may be.

Professionals' Eyes Only                                                           RCJSNII10074554

The Transferred Mortgage Loans are hereby designated on the Transferred Loans Mortgage Schedule as being in either the Loan Group "Domestic Loans" or the Loan Group "Domestic Loans A". The Collateral Value of the US Mortgage Loans in the Loan Groups "Domestic Loans" and "Domestic Loans A" shall be calculated in accordance with Schedule 2.04 of the Loan Agreement, taking into account the Specified Percentage stated below. Effective as of the date hereof, the Specified Percentage with respect to (a) all US Mortgage Loans belonging to the Loan Group "Domestic Loans" shall be 92.50% and (b) all US Mortgage Loans belonging to the Loan Group "Domestic Loans A" shall be 55.5%.

THIS COLLATERAL ADDITION DESIGNATION NOTICE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES (BUT WITH REFERENCE TO SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW, WHICH BY ITS TERMS APPLIES TO THIS COLLATERAL ADDITION DESIGNATION NOTICE).

[Signatures follow]

Professionals' Eyes Only                                                                    RCJSNII10074555

Very truly yours,

RESIDENTIAL FUNDING COMPANY, LLC,
   as Obligor under the Loan Agreement,
   and as Grantor under the Security Agreement

By:_____

Name:  Jerry Lombardo
Title:   Treasurer and Global Funding &
        Liquidity Executive


GMAC MORTGAGE, LLC,
   as Obligor under the Loan Agreement,
   and as Grantor under the Security Agreement

By:_____

Name:  Jerry Lombardo
Title:   Treasurer and Global Funding &
        Liquidity Executive

Professionals' Eyes Only          RCJSNII10074556

Acknowledged and Agreed
as of the date first written above:

ALLY FINANCIAL INC.,
as Lender Agent

By:_____
Name:
Title:

Professionals' Eyes Only                                                                 RCJSNII10074557