# **Exhibit J**

**DX ATQ**

| | |
|---|---|
| **From:** | Westman, Barbara - MN |
| **Sent:** | Friday, March 23, 2012 1:08 PM |
| **To:** | Dondzila, Cathy - PA |
| **Subject:** | RFC Receivable |
| **Attachments:** | 2012-12-31 Receivable Support Memo Final.doc |

Here is the memo for our meeting with D&T this morning, just so you have it handy.

**Barb Westman**

ResCap
Senior Director - Accounting Operations and Compliance
952-857-7789
barbara.westman@ally.com

For Professionals' Eyes Only                                                                                                                                         RCUCCJSN20051022

# GMAC ResCap
## Memo

**Date:** March 20, 2012

**From:** Barb Westman

**To:** Files

**Subject:** Intercompany Receivable between Residential Funding Company, LLC and Residential Capital, LLC

### Introduction

This memo supports the appropriate accounting treatment for intercompany balances between Residential Funding Company, LLC (RFC) and Residential Capital, LLC (ResCap). As of 12/31/11, RFC has an intercompany receivable balance from ResCap for $1.8 billion. This receivable is carried at its full value with no impairment.

### Background

Under various facility documents, ResCap is allowed to maintain a certain level of unrestricted cash within its operations. If ResCap consolidated entities hold excess cash above this threshold, the cash must be used to repay its funding Line of Credit with Ally. Likewise, if the cash balance falls below certain thresholds, ResCap is allowed to borrow funds from the LOC.

To best facilitate this process, ResCap centralizes cash balances, and does not hold cash within most of its operating units. As operating entities acquire cash, it is moved through intercompany transactions to ResCap. Likewise, as operating entities require cash, the cash is provided by ResCap to those entities.

Under current business conditions, RFC generates cash as a borrower under most of our facilities and through asset sales, creating a large intercompany receivable from ResCap.

### Analysis

For stand-alone RFC financial statements, the issue has been raised as to whether the receivable from ResCap should be considered impaired.

Generally, assets presented in accordance with GAAP would be assessed for collectability. FASB Codification Subtopic 310-10-35-22 provides guidance on the impairment of receivables. A creditor is deemed impaired when it is probable that a creditor will be unable to pay all amounts due according to the contractual terms of the loan agreement

There is no specific GAAP guidance related to evaluation of intercompany balances. However, should it be deemed in the future that ResCap does not have the ability to support its intercompany obligation with RFC, it would be more appropriate to settle the receivable as an equity transaction, in this case as a dividend from the subsidiary to the parent, rather than impair the receivable.

Intercompany balance repayments under this receivable are not tied directly to any specific collateral cash flows. The Company does have a practice of impairing receivables in situations where repayment is tied directly to specific collateral cash flows (see GMAC Mortgage financial statement disclosures related to PATI notes). Therefore, if there were a reasonable expectation that the entity will have the capability to meet its obligations, no impairment would be necessary.

RCUCCJSN20051023

**Conclusion**

ResCap has $2.6 billion in equity in its other major operating subsidiary, GMAC Mortgage, LLC (GMACM). If required, ResCap could support its payable to RFC through sales or other liquidations of its GMACM holdings. ResCap also maintains a $3.6 billion receivable from GMACM, and could move assets from GMACM to RFC to reduce both outstanding balances.

Due to these circumstances, management concludes that ResCap maintains the ability to support its intercompany obligations with RFC, and therefore, no impairment of this receivable is warranted for the RFC stand-alone financial statements.

RCUCCJSN20051024