Hearing Date:  November 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS'
FORTIETH OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY – NON-DEBTOR AND AMENDED AND SUPERSEDED CLAIMS)**

ny-1113309

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this reply (the "Reply") to the response (the "Response") interposed by Ajit Vasvani and Shakun Vasvani (together, the "Vasvanis") to the *Debtors' Fortieth Omnibus Objection to Claims (No Liability – Non-Debtor and Amended and Superseded Claims)* [Docket No. 5142] (the "Objection"), and in further support of the Objection.[1]  In support hereof, the Debtors submit the *Supplemental Declaration of Deanna Horst in Support of Debtors' Reply in Support of Debtors' Fortieth Omnibus Objection to Claims (No Liability – Non-Debtor and Amended and Superseded Claims)* (the "Supplemental Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith:

**PRELIMINARY STATEMENT**

1.  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1113309

2. The Debtors examined the Response and the statements and exhibits submitted in support thereof.[2] The Vasvanis have failed to demonstrate that the claim at issue, a copy of which is attached hereto as Exhibit 2, is a valid claim against one of the Debtors. The claim at issue asserts a claim against an unaffiliated entity that is not one of the Debtors in the Chapter 11 Cases and for which none of the Debtors is liable. Accordingly, the relief sought in the Objection should be granted with respect to the Vasvanis. If the Court is not prepared to rule on the Objection with respect to the Vasvanis, then, the Debtors reserve the right to take discovery from the Vasvanis.

## BACKGROUND

3. This purported claim apparently relates to an investment by the Vasvanis in a fund operated by Residential Capital Mortgage Income Fund, LLC, a non-debtor entity that has no affiliation with the Debtors whatsoever. (See Supplemental Horst Declaration ¶ 6). Although the documentation attached to the Response (an activity statement and a check stub evidencing a distribution) indicate that the Vasvanis may hold some type of interest in or claim against Residential Capital Mortgage Income Fund, LLC, the Debtors are not liable for any claim arising out of the Vasvanis' purported investment in the fund. (See Supplemental Horst Declaration ¶ 6).

4. In the Response, the Vasvanis also assert that they have a valid claim because when they filed their proof of claim it was assigned claim number 3550 and they received ballots for voting on the Debtors' chapter 11 plan. Neither of these facts, however, establishes the validity of the Vasvanis' claim. For administrative convenience, all proofs of claim filed against the Debtors have been assigned a claim number by KCC, the Debtors' notice

---

[2] For purposes of this Reply and the Objection, the Debtors have taken these statements at face value.

and claims agent. The Vasvanis were entitled to receive a ballot for voting on the plan simply because they had filed a proof of claim, but delivery of a ballot is by no means an admission or acknowledgement by the Debtors that the Vasvanis' claim is valid or allowed. Indeed, the Debtors filed the Objection disputing the validity of the Vasvanis' claim subsequent to the mailing of ballots for voting on the plan. Moreover, no deadline has been established in these cases by which objections to proofs of claim must be filed.

5. To avoid the possibility that the Vasvanis receive an improper recovery against the Debtors' estates, and to ensure that the Debtors' creditors are not prejudiced by such an improper recovery, the Debtors request that the Vasvanis' claim be disallowed and expunged in its entirety.

WHEREFORE, the Debtors respectfully request that the relief sought in the Objection be granted and that the Debtors be granted such other and further relief that the Court finds reasonable and justified.

Dated: November 13, 2013
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*