# Exhibit 1

## Supplemental Declaration

ny-1113309

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL DECLARATION OF DEANNA HORST IN
SUPPORT OF DEBTORS' REPLY IN SUPPORT OF
DEBTORS' FORTIETH OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY – NON-DEBTOR AND AMENDED AND SUPERSEDED CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap since August of 2001. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance -- a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the

ny-1113506

*Debtors' Reply in Support of Debtors' Fortieth Omnibus Objection to Claims (No Liability – Non-Debtor and Amended and Superseded Claims)* (the "Reply").[1]

2.  Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply on that basis.

3.  In my capacity as Chief Claims Officer, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Supplemental Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in the Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.

4.  I or my designee at my direction have reviewed and analyzed the Response and the statements and exhibits if any, submitted in support thereof. In connection with this analysis, where applicable, the Debtors have reviewed (a) information supplied or verified by personnel in departments within the Debtors' various business units, (b) the Books and Records, (c) the Schedules, (d) the Vasvanis' filed proof of claim, and/or (e) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Reply.

5. As stated in the Reply, the Vasvanis have failed to demonstrate that the claim at issue is a valid claim against one of the Debtors. Rather, the subject claim asserts a claim against an entity that is not one of the Debtors in the Chapter 11 Cases.[2]

6. This purported claim relates to an investment by the Vasvanis in a fund operated by Residential Capital Mortgage Income Fund, LLC, a non-debtor entity that has no affiliation with the Debtors whatsoever. Although the documentation attached to the Response (an activity statement and a check stub evidencing a distribution) indicate that the Vasvanis may hold some type of interest in or claim against Residential Capital Mortgage Income Fund, LLC, the Debtors are not liable for any claim arising out of the Vasvanis' purported investment in the fund.

7. In the Response, the Vasvanis also assert that they have a valid claim because when they filed their proof of claim it was assigned claim number 3550 and they received ballots for voting on the Debtors' chapter 11 plan. Neither of these facts, however, establishes the validity of the Vasvanis' claim. I am advised by the Debtors' bankruptcy counsel that for administrative convenience all proofs of claim filed against the Debtors have been assigned a claim number by KCC. I am further advised that the Vasvanis were entitled to receive a ballot for voting on the plan simply because they had filed a proof of claim, but delivery of a ballot is by no means an admission or acknowledgement by the Debtors that the Vasvanis' claim is valid or allowed. Indeed, the Debtors filed the Objection disputing the validity of the Vasvanis' claim subsequent to the mailing of ballots for voting on the plan.

---

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

3

ny-1113506

8. Accordingly, based upon the aforementioned review of the Books and Records, the Response and the other documents recited herein, and for the reasons set forth in the Objection and the Reply, the Vasvanis' claim (Claim No. 3550) should be disallowed and expunged in its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 13, 2013

        /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for Residential Capital, LLC

4

ny-1113506