Hearing Date:  November 15, 2013 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**DEBTORS' REPLY IN SUPPORT OF
DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS
<u>(INSUFFICIENT DOCUMENTATION)</u>**

ny-1116920 v3

Residential Capital, LLC (<u>ResCap</u>) and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") hereby submit this reply (the "<u>Reply</u>") to the response [Docket No. 5373] (the "<u>Response</u>") submitted by Nardia Packer, as trustee for the Packer Living Trust ("<u>Claimant</u>") to the *Debtors' Forty-Third Omnibus Objection To Claims (Insufficient Documentation)* [Docket No. 5151] (the "<u>Objection</u>").[1]  In support of the Reply, the Debtors submit the Supplemental Declaration of Deanna Horst, ResCap's Senior Director of Claims Management, annexed hereto as <u>Exhibit 2</u> (the "<u>Supplemental Declaration</u>").  In further support hereof, the Debtors respectfully state as follows:

**REPLY**

1.    Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

2.    Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *See In re Residential Capital, LLC,* Case 12-12020, Memorandum Opinion and Order

---

[1]    Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Objection.

ny-1116920 v3

Sustaining Objection to Proofs of Claim 3852, 3856, and 3860, at *7-8 (Bankr. S.D.N.Y. Nov. 7, 2013) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.")).  If the objecting party satisfies that requirement, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence.  *In re Allegheny Int'l, Inc.*, 954 F.2d at 174.

3.  Bankruptcy Code section 502(b)(1) provides, in pertinent part, that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law. . . ."  *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

4.  The Debtors objected to the proof of claim filed by Claimant, which was assigned claim number 1220 (the "Claim"), on the basis that it lacks sufficient documentation to substantiate the asserted claim and is not reflected in the Debtors' books and records.  A copy of the Claim is attached hereto as Exhibit 1.  The Claim was filed in an unliquidated amount, and asserts that the basis for the Claim is an investment in an unspecified partnership.  No documentation or other description of the claim was attached to the Claim.

5.  In response to the Objection, Claimant filed the Response, which asserts that Claimant acquired shares of Allied Financial and/or Ares Capital Corporation ("Ares") in 2005 and again in 2007, and that "Residential Capital shares were spun off of company," thereby diminishing Claimant's equity position in Ares. (Response at p. 1.)  In support of this statement, Claimant attaches statements for a Merrill Lynch investment account, reflecting the acquisition

of shares of Ares. However, Claimant does not attach any evidence of the purported "spin off of Residential Capital" or any other documentation to substantiate an alleged connection between Ares and any one of the Debtors, much less one that would give rise to a claim against the Debtors.[2] In the absence of any such evidence, Claimant has failed to carry its burden of proof, as required to rebut the Objection.

6.    Moreover, the Debtors have searched their books and records and have also reviewed publicly available information regarding Ares, and have not been able to identify any connection between Ares and the Debtors that could give rise to the Claim. (Supplemental Decl. at ¶ 4) (describing search of Debtors' corporate database, discussions with Ally Financial Inc.'s corporate secretary, and a search of public information regarding Ares). Accordingly, the Debtors request that the Court sustain the Objection and disallow and expunge the Claim its entirety, because neither the Claim nor the Response provides any evidence of a basis for prepetition liability by any of the Debtors to the Claimant.

## **CONCLUSION**

7.    WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted with respect to the Claimant.

---

[2] At best, the Claim would seem to relate to equity interests issued by a non-Debtor entity for which the Debtors could have no liability whatsoever.

Dated: November 13, 2013  
      New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
Erica J. Richards  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

4