# Exhibit 2

## Supplemental Declaration

ny-1116920 v3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF DEANNA HORST WITH RESPECT TO DEBTORS' FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION**

Deanna Horst, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1. I am the Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap, and have held my current position since October of 2013. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC ("GMACM") and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this supplemental declaration

ny-1116920 v3

(the "Supplemental Declaration") with respect to the *Debtors' Omnibus Reply in Support of Debtors' Forty-Third Omnibus Objection to Claims (Insufficient Documentation)* (the "Reply").[3]

2. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my familiarity with the Debtors' books and records, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, and/or the Debtors' professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply on that basis.

3. The Debtors have examined the Response and the statements and exhibits submitted in support thereof. Upon review of the Response, the Debtors diligently examined their Books and Records in order to assess the validity of the allegations made in the Claim and the Response. For the reasons set forth below, the Debtors determined that the Claimant's allegations of liability are unsubstantiated and appear to have no validity.

4. The Debtors searched their corporate database, and determined that Ares is not now, and has never been affiliated with the Debtors. The Debtors also conferred with the corporate secretary for Ally Financial Inc. ("Ally"), who confirmed that Ares has never been affiliated with Ally. The Debtors also performed a search of publicly available information regarding Ares which failed to reveal any connection between Ares and the Debtors.

5. Accordingly, based upon the aforementioned review of the Books and Records, the Response and the other documents recited herein, and for the reasons set forth in the Objection and the Reply, the Claim (Claim No. 1220) should be disallowed and expunged in its

---

[3] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Reply.

ny-1116920 v3

entirety, because neither the Claim nor the Response provides any evidence of a basis for prepetition liability by any of the Debtors to the Claimant.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 13, 2013

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for
Residential Capital, LLC

3

ny-1116920 v3