Hearing Date: November 15, 2013 at 10:00 a.m. (EST)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)**

Residential Capital, LLC (ResCap) and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this reply (the "Reply") to that certain response (the "Response") interposed by claimant, Basic Life Resources ("BLR"), a Washington State Non-Profit, to the *Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability Claims – Books and Records)* [Docket No. 5159] (the "Objection"). In support of the Reply, the Debtors submit the Supplemental Declaration of Deanna Horst, ResCap's Chief Claims Officer, annexed hereto as Exhibit 2 (the "Supplemental Declaration"). In further support hereof, the Debtors respectfully state as follows:

ny-1116235

**PRELIMINARY STATEMENT**

1.   The Debtors examined the Response and any exhibits submitted in support thereof.  The Debtors also examined their books and records and found no evidence consistent with BLR's allegation that would warrant the allowance of the claim.  A copy of BLR's proof of claim number 2427 (the "BLR Claim") is attached hereto as Exhibit 1.

2.   If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v. Oneida, Ltd., No. 09-cv-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).  BLR has failed to provide a sufficient explanation as to why its claim represents a valid claim that should be allowed against the Debtors.  Accordingly, the relief sought in the Objection should be granted with respect to BLR.

**BACKGROUND**

3.   In connection with the claims reconciliation process, the Debtors identified certain claims filed by claimants that fail to establish a liability reflected in the Debtors' books and records (the "No Liability Claims").

4.   On September 20, 2013, the Debtors filed the Objection to the No Liability Claims.  After the Debtors filed the Objection, BLR submitted the Response, as discussed herein.

**REPLY**

5.   A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in

relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1). Furthermore, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

6. Upon review of the Response and as explained in further detail below and in the Supplemental Declaration, the Debtors conducted an exhaustive examination of their books and records to assess the allegations made in the BLR Claim and the Response.

7. More specifically, the BLR Claim, which was filed in the amount of $1,700,000 plus unliquidated damages, is based on an alleged obligation on the part of the Debtors to remove a purported "cloud on title", which relates to a Deed of Trust belonging to Pamela Z. Hill that the Debtors previously serviced (but never owned).[1] See Supplemental Declaration at ¶ 4. Ms. Hill's mortgage note secures a loan (the "Hill Loan") that was originated with Peoples Bank on February 20, 2009. See id. A non-debtor entity, GMAC Bank, purchased the Hill Loan shortly after its origination and subsequently sold the Hill Loan to Fannie Mae.

---

[1] Ms. Hill filed proof of claim 2429 (the "Hill Claim") against the Debtors' estates in relation to the Hill Loan (defined above). The Debtors objected to the Hill Loan as part of the *Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "30th Omnibus Objection")[Docket No. 4887]. Ms. Hill filed a response to the 30th Omnibus Objection [Docket No. 5284], to which the Debtors replied in the *Debtors' Omnibus Reply in Support of Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Reply in Support of 30th Omnibus Objection") [Docket No. 5297]. The Hill Claim was disallowed and expunged under the Court's *Order Granting Debtors' Thirtieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* (the "Order Granting 30th Omnibus Objection") [Docket No. 5378]. BLR's Response acknowledges the Debtors' reply to the response of Ms. Hill in relation to the 30th Omnibus Objection. Among other things, BLR states that the Debtors, in the Reply in Support of 30th Omnibus Objection, did not address Ms. Hill's entitlement to satisfaction of her note and release of any interest in the underlying security. BLR asserts that because the Debtors failed to address this form of relief, it must be concluded that the Debtors have waived their right to object to such relief and that the relief must be granted by the Court. To the contrary, the Debtors contend that such assertion is unfounded and incorrect because the Hill Claim was disallowed and expunged in its entirety with prejudice by the Order Granting 30th Omnibus Objection and is evidence that the Debtors have never conceded that Ms. Hill in entitled to satisfaction of her note.

3

See id. GMACM began servicing the Hill Loan as of April 1, 2009, and continued servicing the loan until servicing transferred to Ocwen on February 16, 2013.[2] See id.

8. BLR asserts, inter alia, that it acquired certain tidelands owned by Ms. Hill. BLR also asserts that prior to its acquisition of the tideland, Ms. Hill, in February 2009, executed a deed of trust in favor of Peoples Bank in connection with the mortgage note securing the Hill Loan and that, unbeknownst to BLR, Peoples Bank transferred its interest to GMACM. Thus, central to the BLR Claim is the allegation that there is a "cloud on title" on the property at issue caused by the 2009 mortgage to Ms. Hill. BLR alleges that it has been denied the ability to achieve income in relation to the property for over four (4) months, and therefore has suffered damages of at least $1.7 million; however, BLR has not proffered any evidence how GMACM is responsible for the alleged cloud, when all GMACM did was service the Hill Loan, which Ms. Hill continued to pay on a regular basis. BLR simply asserts that a "cloud on title" exists and it must be removed; however, to the extent that a valid Deed of Trust currently exists on the underlying property, BLR has not identified a legal basis that supersedes the interest against the property represented by the Deed of Trust.

9. In addition, even if a cloud on title does exist with respect to Ms. Hill's property, which the Debtors have seen no evidence of, the Debtors assert that GMACM is not liable for such a "cloud on title" because neither GMACM nor any other Debtor entity is alleged to have either owned the Hill Loan or the property at issue; rather, GMACM only serviced the Hill Loan from April 1, 2009 through February 16, 2013. See id. As GMACM never owned the Hill Loan or the property at issue and no longer has any interest in the Hill Loan as servicer,

---

[2] In the Reply in Support of 30th Omnibus Objection, the date that servicing of the Hill Loan transferred to Ocwen was mistakenly identified as August 1, 2013; however, upon closer review of the Debtors' records, it was determined that servicing of the Hill Loan was transferred to Ocwen on February 16, 2013, and then subsequently transferred from Ocwen to Quicken Loans on August 1, 2013. See Supplemental Declaration at ¶ 4, n.2.

4
ny-1116235

GMACM is not the proper party to any title dispute regarding BLR's alleged land interest. Accordingly, BLR has failed to state a viable claim against the Debtors.

10. BLR's allegations of liability against GMACM have no validity and are simply conclusory allegations. Therefore, based on the information set forth above and as further supported by the Supplemental Declaration, the BLR Claim should be disallowed and expunged from the Debtors' claim register because BLR has failed to meet its evidentiary burden to prove a viable claim against a Debtor entity. Accordingly, the BLR Claim should be disallowed and expunged from the Debtors' claims register.

## CONCLUSION

11. WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted with respect to BLR.

Dated: November 13, 2013  
New York, New York

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Jordan A. Wishnew  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*