# Exhibit 1

## BLR Claim

ny-1116235

Claim #2427  Date Filed: 11/5/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:
**Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Basic Life Resources, a Washington State non-profit corporation**

Name and address where notices should be sent:
**Basic Life Resources**
**P.O. Box 665**
**Coupeville, WA 98239**

Telephone number: 360-466-8977    email: Cribstone@aol.com

Name and address where payment should be sent (if different from above):
**All same as above**

Telephone number: 360-466-8977    email: Cribstone@aol.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:** $ **1,700,000**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** See attached Proof of Claim and Declaration with exhibits
(See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** 6812

3a. Debtor may have scheduled account as: Joseph Keeva/Pamela Z. Hill
(See instruction #3a)

3b. Uniform Claim Identifier (optional): none
(See instruction #3b)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ■ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ **attached**   Annual Interest Rate _____ % ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ **1,700,000**   Amount Unsecured: $ **to be decided**

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

■ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ **1,700,000**

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ **none**  (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgment completed, and **redacted** copies of documents providing evi definition of "*redacted*".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED
If the documents are not available, please explain:

1212020121105000000000101

9. **Signature:** (See instruction #9) Check the appropriate box.
☐ I am the creditor.   ■ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Michael M. Moore
Title: Managing director
Company: Basic Life Resources
(Signature)   (Date) 11/2/2012 / 10/31/2012
Address and telephone number (if different from notice address above):
Same
Same
Telephone number: 360-466-8977   Email: Cribstone@aol.com

RECEIVED
NOV 0 5 2012
KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

Basic Life Resources, A Washington non-profit corporation
6675 Wahl Road
Freeland, Washington 98249
Email:Cribstone@aol.com, 360-466-8977

Mailing Address:
P.O. Box 665
Coupeville, WA 98239
*Pro se*
by:
Michael M. Moore, Managing Director, BLR
Pamela Z. Hill, individually, a single woman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                          )
                                                )   Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, *et al.*,             )   Chapter 11
                                                )   Jointly Administered
                Debtors.                        )
                                                )   PROOF OF CLAIMS
                                                )   BASIC LIFE RESOURCES/PAMELA Z. HILL

To:     The Clerk of the Court
and to: Morrison & Foerster, LLP
        Gary S. Lee & Lorenzo Marinuzzi

---

COMES NOW BASIC LIFE RESOURCES, a Washington State non-profit corporation and through its Managing Director, Michael M. Moore, avers and pleads as follows by way of a claim against Residential Capital, LLC, and its affiliates, particularly GMAC, and also Morrison & Foerster, LLC, a claim for compensation, dismissal and such other relief as this Court deems just and equitable:

CLAIM

The Claimant herein, Basic Life Resources, through Michael M. Moore, *pro se*. claims the sum of U.S. $1.7 million as of the date this Claim is signed and further the additional amount of U.S. $14,986 for each and every day thereafter until paid or satisfied in full, together with interest thereon at a rate to be established by this Bankruptcy Court.

PROOF OF CLAIM

The above-entitled is a Chapter 11 Proceeding and this Proof of Claim is based upon an obligation that arose before May 14, 2012, namely a note secured by a Deed of Trust dated February 20, 2009, now an asset of GMAC Mortgage, whose parent company is Residential Capital, LLC, the petitioner for Restructuring herein.

Basic Life Resources/Hill Claim page 1

A copy of the pertinent part (3 pages) of that underlying Deed of Trust is appended hereto as Exhibit A. A copy of GMAC's monthly statement thereon is appended as Exhibit B. (All Exhibits appended hereto are incorporated as if fully set forth herein.)

This Proof of Claim is based upon the Claim made herein of Basic Life Resources, and the Declaration of Michael M. Moore, subjoined hereto and by this reference made a part hereof.

## DECLARATION

Michael M. Moore, does hereby declare as follows:

I am a citizen of the United States of America, a resident of the State of Washington, over the age of majority and competent to make the following Declaration.

Basic Life Resources (hereinafter "BLR) is a current Washington State Non-profit corporation, Washington UBI Number 603-206-022 and is registered with the federal IRS as a Section 501 c. 3. corporation by its EIN Number 46-1006251. Its corporate filing with the Washington Secretary of State was completed May 11, 2012. A copy of BLR's Certificate of Incorporation is attached as Exhibit C.

Its corporate purpose as stated at the time of filing is (and remains) "To enhance the development of natural geographic and biological assets of Puget Sound" (in Washington State).

After the notification by the Washington Secretary of State that BLR's filing was complete, I was unanimously designated as the Managing Director by BLR's Directors of Record in its application to incorporate.

In accordance with its dedicated purpose of record and with Board of Directors' request and approval, I initiated action for BLR to acquire certain second class tidelands in Island County, Washington. Those selected were "all of the tidelands of the second class situate in front of, adjacent to, and/or abutting thereon ; all to the extreme low tide of Lots 5 and 6 and the Northwesterly 37 feet of Lot 4, Sheerness Waterfront Tracts ......" the approximately 25 acres strategically on Admiralty Inlet owned of record by Pamela Z. Hill as a result of a deed to her by one Richard Francisco dated and recorded with the Island County Auditor on June 21, 2012, using the then required Island County Assessor's and Treasurer's Property Tax Parcel/Account #█████████005-0, noting on the Excise Tax form required for recording the need for segregation.

As such BLR now holds in unencumbered of record fee by Statutory Warranty Deed from Pamela Z. Hill, a single woman, Island County Auditor's recording number 4325446, those certain second class tidelands in Island County, Washington State once again in part associated with Parcel I. D. Number █████████005-0 and thus coincidentally the Deed of Trust as a cloud.

Previous to these transactions and Deeds as above, on February 20, 2009, Joseph W. Keeva and Pamela Z. Hill-Keeva executed a Deed of Trust in favor of Peoples Bank, for the uplands consisting of "Lots 5

Basic Life Resources/Hill Claim page 2

and 6 and the Northwesterly 37 feet of Lot 4, Plat of Sheerness Waterfront Tracts........", naming also "Parcel ID Number [redacted]005-0". There is no mention of any tidelands whatsoever in either this deed of Trust or its underlying Statutory Warranty Deed to Keevas. See Exhibit A again.

Somehow, unknown to your Declarant, Peoples transferred its interest through intermediate banking and mortgage packaging to eventually become that of GMAC Mortgage and thus also RESCAP.

As can be seen on Exhibit A, the borrowers are "Joseph W. Keeva and Pamela Hill-Keeva, husband and wife...." The Keevas were divorced and by award of the court in that proceeding, *inter alia* Pamela's name of Hill was restored and she was awarded the fee ownership of the property which secures this Deed of Trust.

The formal application for segregation as noted below was July 2, 2012, in preparation for transfer from Hill to BLR as described above. In the meantime there existed and still exists a potential cloud on the title to the tidelands because of the common Tax I. D. number [redacted]005-0 since it is also of record set forth on Exhibit A. This cloud must be removed for now dedicated purposes.

On July 11, 2012, I prepared and personally placed in the United States Postal Service mail system, a postage prepaid letter to Morrison & Foerster, as appears on Exhibit D appended hereto and by this reference incorporated herein.

No reply was ever received from the addressed party or any representative thereof. The mail was never returned. Hence, because of the necessity of moving forward with a clear, unencumbered unquestionable title from Hill free of any cloud in favor of the Exhibit A Deed of Trust, I sent another letter by the same means to Morrison & Foerster on August 3, 2012 as appears on Exhibit E also appended hereto and by this reference incorporated herein.

Once again no reply or response whatsoever has ever been received. And once again, the mail was never returned.

Since it became obvious Morrison & Foerster, for whatever reason they may have had, intended to ignore my letters addressed to them, after waiting for more than a month and one-half, and losing many opportunities as they arose for association with recognized, well-established, experienced conservation partners, it was agreed to convey the tidelands to BLR in order to complete the segregation process and avail itself of what remaining opportunities, while of a much lesser character and reputation could be had and in time for eventual submission of a claim as this before time for such would expire when that requirement occurred, as could be anticipated in the then near future in the course of bankruptcy events.

Since BLR once properly affiliated has the opportunity to achieve an annual income of an estimated (and will be proven over the coming years) of $5.47 million U.S. Dollars, and has been denied that opportunity now for over 4 months, it has to date suffered damages of at least $1.7 million U.S. Dollars, all as a direct result of Morrison & Foerster's non-action and ignoring of Exhibits D & E and the inaccurate and incorrect initial Deed of Trust (Exhibit A) not corrected thereby.

This lost income is determined by the precise location of the tidelands now deeded to BLR by which arrangements are to be made for it to receive from an administrative surcharge on both foreign vessel

Basic Life Resources/Hill Claim page 3

shipping traffic proceeding into and departing Admiralty Inlet of Puget Sound an amount equal to one-half of one tenth of one percent of the current annual value foreign shipping, being now U.S. $80 billion annually. To this is added US $2.00 for each and every of the 735,000 cruise ship passengers who transit annually through Admiralty Inlet. This then annually amounts to U.S. $4 million for foreign vessel freight and U.S. $1.47 million from cruise ships, for a total annual income of U.S. $5.47 million. The sum of U.S. $1.7 million has accrued as of the date this Claim. The daily loss, continuing after November 2, 2012, is U.S. $14,986.

Because this income source is not yet a matter of public record, I cannot disclose further details without the protection of a Court Order sealing the record of this matter to prevent public disclosure until such time as it may be publicized. If and when that is done, I will promptly disclose to the Court the further details and source(s) of funds and income.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Michael M. Moore _____, dated 11/2/2012.

Claim and Declaration of Pamela Z. Hill

I have read the entire contents of the Claim and Declaration above, and confirm and approve and incorporate the same into my personal Claim and Declaration as if fully set forth herein, with the exception that I limit my claim to the current amount due and owing on the note securing the Deed of Trust, to wit: $389,331.31 by way of damages I have suffered. And further request the Court to apply such sum as set-off against any claim of GMAC Mortgage or its parent, Residential Capital, LLC, and this court further order that any and obligations thereunder of myself shall hence forth null and void and without further effect, and GMAC Mortgage and/or Residential Capital record full satisfaction with the Island County, Washington Auditor.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Pamela Z. Hill _____, Dated: 11/2/2012.

Mailing Address:
P.O. Box 665
Coupeville, WA 98239
Email: Pamela@WhidbeyViewHomes.com
360-678-2095/360-320-2411

Basic Life Resources/Hill Claim page 4

Return To:

Peoples Bank - Coupeville
107 S Main Street Ste C101,
Coupeville, WASHINGTON 98239

Assessor's Parcel or Account Number: ▮▮▮▮▮▮005-0
Abbreviated Legal Description: Lots 5 & 6, Ptn. Lot 4 Sheerness Waterfront Tracts

[Include lot, block and plat or section, township and range]    Full legal description located on page       .
Trustee: Stewart Title, PO Box 699, Oak Harbor, WA 98277
                                                            Additional Grantees located on page       .
———————————————————[Space Above This Line For Recording Data]———————————————————

# DEED OF TRUST

▮▮▮▮▮▮▮▮▮▮5512

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.
(A) "Security Instrument" means this document, which is dated February 20, 2009          ,
together with all Riders to this document.
(B) "Borrower" is Joseph W Keeva and Pamela Z Hill-Keeva, husband and wife as
Joint Tenants With Right of Survivorship and not as Tenants in Common

Borrower is the trustor under this Security Instrument.
(C) "Lender" is Peoples Bank - Coupeville 107 S Main Street Ste C101
Coupeville, WASHINGTON 98239

▮▮▮▮▮▮8-401
WASHINGTON-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS    Form 3048  1/01

VMP®-6A(WA) (0811)
Page 1 of 15        Initials:_____
         VMP Mortgage Solutions, Inc.

*Exhibit A* (handwritten)

Lender is a **Corporation**
organized and existing under the laws of **WASHINGTON**
Lender's address is **107 S Main Street Ste C101 Coupeville, WASHINGTON 98239**

(D) "Trustee" is **Stewart Title, PO Box 699, Oak Harbor, WA 98277**

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated **February 20, 2009**
The Note states that Borrower owes Lender **Four Hundred Fifteen Thousand and 00/100**
Dollars
(U.S. $**415,000.00**        ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **March 01, 2039**

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider            ☐ Second Home Rider
☐ Balloon Rider            ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider                 ☐ Biweekly Payment Rider       ☐ Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

1108366-401
WASHINGTON-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT WITH MERS**
Page 2 of 15        Initials:_____        Form 3048 1/01

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the          County          [Type of Recording Jurisdiction] of          ISLAND          [Name of Recording Jurisdiction]:

Lots 5 and 6 and the Northwesterly 37 feet of Lot 4, Plat of Sheerness Waterfront Tracts, as per plat recorded in Volume 3 of Plats, page 44, records of Island County, Washington.
Situate in the County of Island, State of Washington.

Parcel ID Number: ████████005-0       which currently has the address of
████ Wahl Rd                                                                 [Street]
FREELAND                                      [City], Washington 98249       [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

████████8-401
WASHINGTON-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
VMP ®-6A(WA) (0811)                           Page 3 of 15              Initials:_____          Form 3048 1/01

# GMAC Mortgage

**CUSTOMER INFORMATION**
Name: Joseph W Keeva
Pamela Z Hill Keeva
Account Number: ▮▮▮▮▮6812
Home Phone #: (360)331-3105

**PROPERTY ADDRESS**
6675 WAHL RD
FREELAND    WA 98249

Visit us at www.gmacmortgage.com for account information or to apply on-line.



For information about your existing account, please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | ▮▮▮▮▮6812 |
| Statement Date | October 04, 2012 |
| Maturity Date | March 01, 2039 |
| Interest Rate | 5.12500 |
| Interest Paid Year-to-Date | $15,077.86 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $389,331.31 |

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $2,259.63 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Home Warranty | $42.95 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $2,302.58 |
| Account Due Date | **November 01, 2012** |

For Customer Care inquiries call: 1-800-766-4622
For Insurance inquiries call: 1-800-256-9962
For Payment Arrangements call: 1-800-850-4622

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 10/01/12 | 10/04/12 | $2,302.58 | $594.32 | $1,665.31 | | $42.95 | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week). Customer Care representatives are also available to you to discuss any questions you may have regarding payment options.

### Important News

Failure to pay a monthly charge for an Optional Product billed under "Add'l Products" will not cause your mortgage account to be in default.

**EXHIBIT B**

See Reverse Side For Important Information And State Specific Disclosures

**Mail This Portion With Your Payment**



# United States of America
# The State of Washington
## Secretary of State

**I, SAM REED,** Secretary of State of the State of Washington and custodian of its seal, hereby issue this

## CERTIFICATE OF INCORPORATION

to

## BASIC LIFE RESOURCES

a/an WA Non-Profit Corporation. Charter documents are effective on the date indicated below.

Date: 5/10/2012

UBI Number ███████ 6-022



Given under my hand and the Seal of the State of Washington at Olympia, the State Capital

*Sam Reed*

Sam Reed, Secretary of State

EXHIBIT C

**Michael M. Moore**
Post Office Box 665
Coupeville, WA 98239
360-466-8977
Cribstone@aol.com

July 11, 2012

Morrison & Foerster, LL.P.
1290 Avenue of the Americas
New York, New York 10104

Attn: Larren M. Nashelsky, Gary S. Lee, Lorenzo Marinuzzi

        Re: Residential Capital, LL.C. *et. al.*, Bankruptcy Case #12-12020(MG)/

        GMAC Mortgage Acct. #▮▮▮▮-6812 Hill/Keeva

Gentlemen:

I am Michael M. Moore. At the present time I am in the process of acquiring an interest in the improved real property located at 6675 Wahl Road, Freeland, Washington 98249, which I note is ostensibly subject to the referenced security interest.

I have had a very extensive legal practice highly oriented to real estate and land use issues since my admission to practice in Washington in 1964.

Also for the past 35 years I have been an active real estate investor and "dirt farmer" for several major national corporations such as BNRR, Dayton-Hudson, Glacier Park Company, etc.

If I recall correctly, I was as a Deputy Assistant U.S. Attorney General with offices in Washington, D.C., admitted to practice before the U.S. District Court for the Southern District of New York, in conjunction with various litigation in which the United States government was a party. I have never practiced Bankruptcy law except with regard to creditor's issues.

This present matter is solely for my personal account and interests.

I have reviewed the Hill/Keeva file in addition to viewing their title report from the time the GMAC interest was purportedly created.

It appears to me that there have been a number of errors in the establishment and processing of this underlying obligation — to the extent I am concerned that when I actually acquire my interest, whether I need be concerned with the need to honor it at all.

Assuming you have been actually appointed attorneys for the debtors, please respond to me by return email at Cribstone@aol.com as noted above with a contact in your offices so we can review this GMAC file and clear up any legal and administrative errors or otherwise deal with the matter accordingly. If you were not so appointed, please advise me and provide the proper firm so responsible now.

I look forward to your earliest reply.

Sincerely,


Michael M. Moore

cc: by email to Pamela Z. Hill



EXHIBIT D

**Michael M. Moore**
Post Office Box 665
Coupeville, WA 98239
360-466-8977
Cribstone@aol.com

August 3, 2012

Morrison & Foerster, LL.P.
1290 Avenue of the Americas
New York, New York 10104

Attn: Larren M. Nashelsky, Gary S. Lee, Lorenzo Marinuzzi

Re: Residential Capital, LL.C. et. al., Bankruptcy Case #12-12020(MG)/
GMAC Mortgage Acct. # ▮▮▮▮6812 Hill/Keeva

Gentlemen:

I mailed you a letter on July 11, 2012, a copy of which is enclosed for your ready reference.

It has now been over three weeks since you should have received my correspondence.

I have not received your reply in any manner or form.

I continue to look forward to your prompt response.

Sincerely,

Michael M. Moore

encl:1

cc: by email to Pamela Z. Hill
ECF w/ encl.to Clerk of the Court



Exhibit E