# Exhibit 2

**Supplemental Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL DECLARATION OF DEANNA HORST WITH RESPECT TO DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)**

Deanna Horst, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.  I am the Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").  I have been employed by affiliates of ResCap since August of 2001, and have held my current position since June of 2012.  I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC ("<u>GMACM</u>") and Ally Bank in this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this supplemental declaration (the "<u>Supplemental Declaration</u>") with respect to the *Debtors' Reply in*

ny-1116235

*Support of Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability Claims - Books and Records)* (the "Reply").[1]

2. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my familiarity with the Debtors' books and records, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, and/or the Debtors' professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply on that basis.

3. The Debtors have examined the Response and the exhibits submitted in support thereof. Upon review of the Response, the Debtors diligently examined their books and records in order to assess the validity of the allegations made in the BLR Claim and the Response.

4. The BLR Claim, which was filed in the amount of $1,700,000 plus unliquidated damages, is based on an alleged obligation on the part of the Debtors to remove a purported "cloud on title," which relates to a Deed of Trust belonging to Pamela Z. Hill that the Debtors previously serviced (but never owned). Ms. Hill's mortgage note secures a loan (the "Hill Loan") that was originated with Peoples Bank on February 20, 2009. A non-debtor entity, GMAC Bank, purchased the Hill Loan shortly after its origination and subsequently sold the Hill Loan to Fannie Mae. GMACM began servicing the Hill Loan as of April 1, 2009, and continued servicing the loan until servicing transferred to Ocwen on February 16, 2013.[2]

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

[2] Servicing of the Hill Loan was subsequently transferred from Ocwen to Quicken Loans on August 1, 2013.

5. The Debtors records indicate that neither GMACM nor any other Debtor entity owned the Hill Loan or the property at issue; rather, GMACM only serviced the Hill Loan from April 1, 2009 through February 16, 2013.

Dated: November 13, 2013

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for
Residential Capital, LLC

3

ny-1116235