# **Exhibit 8**

## **Dismissal Order**

ny-1114062

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| M. FRANCINE MODDERNO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11cv1057 |
| ) | |
| RESIDENTIAL FUNDING ) | |
| COMPANY, LLC, *et al.*, - ) | |
| ) | |
| Defendants. ) | |

## ORDER

THIS MATTER is before the Court on Plaintiff M. Francine Modderno's Motion for Leave to File an Amended Complaint [Dkt. No. 14] and Defendants Residential Funding Company, LLC ("RFC"), GMAC Mortgage Group, LLC ("GMAC"), Ally Financial Inc., Homecomings Financial, LLC, Ally Securities LLC, Tom Marano, GMAC-RFC Holding Company, LLC, ETS of Virginia, Inc., and Mary Lynch's Motion to Dismiss [Dkt. No. 15]. Plaintiff, *pro se*, requests leave to file a Second Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). Defendants seek dismissal of the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). A hearing on both Motions was held before the Court on December 16, 2011.

Plaintiff's First Amended Complaint, which includes 22 causes of action for alleged violations of various federal and Virginia statutes and Virginia common law relating to Defendants' involvement in foreclosure proceedings on Plaintiff's home, fails to meet the pleading standards set forth in the Federal Rules of Civil Procedure and the United States

1

Supreme Court decisions in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth facially plausible claims to relief. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).

Several of Plaintiff's claims, including alleged violations of federal and Virginia Racketeer Influenced and Corrupt Organizations Acts, are asserted through series of conclusory allegations without factual support, which cannot survive a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 129 S. Ct. at 1949.

Plaintiff's allegations of fraud and forgery fail to state the circumstances constituting the alleged fraud and forgery with adequate particularity. *See* Fed. R. Civ. P. 9(b) (requiring that, "in all averments of fraud or mistake, the circumstances constituting fraud or mistake . . . be stated with particularity").

Plaintiff also fails to allege sufficient facts to support all elements of several of the causes of action she asserts, including claims for fraud, defamation, and intentional infliction of emotional distress under Virginia law. *See Sales v. Kecoughtan Housing Co., Ltd.*, 279 Va. 475, 481 (2010) (stating the elements of fraud under Virginia law); *WJLA-TV v. Levin*, 264 Va. 140, 152-54 (2002) (stating the elements of defamation under Virginia law); *SuperValu, Inc. v. Johnson*, 276 Va. 356, 369-370 (2008) (stating the elements of intentional infliction of emotional distress under Virginia law).

2

Plaintiff fails to plead actual damages in connection with Defendant GMAC's alleged violation of the Real Estate Settlement Procedures Act ("RESPA"). *See* 12 U.S.C. § 2605(f)(1) (allowing borrower to recover "any actual damages to the borrower as a result of [RESPA noncompliance]"); *Hutchinson v. Del. Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006) (plaintiff must "allege that the breach [of RESPA duties] resulted in actual damages" to state claim under RESPA).

Several of Plaintiff's claims, including those asserted under the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"), reflect a misapprehension of the applicable federal and state statutes and regulations. For example, Plaintiff alleges that Defendants violated the FDCPA by scheduling and advertising a foreclosure sale of Plaintiff's home within thirty days of sending Plaintiff a written notice of her debt and without sending Plaintiff verification of the debt. However, under the FDCPA, debt collection "may continue during the 30-day period [following written notice of the debt to the consumer] unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor." 15 U.S.C. § 1692g(b).

Plaintiff also asserts claims challenging Defendants RFC and ETS's legal right to foreclose on her property; these causes of action are foreclosed by Virginia's non-judicial foreclosure laws. *See Horvath v. Bank of N.Y.*, 641 F.3d 617 (4th Cir. 2011); *Tapia v. U.S. Bank, N.A.*, 718 F.Supp.2d 639 (E.D.Va. 2010); *Brown v. HSBC Mortg. Corp.*, 2011 WL 3101780 (E.D.Va. July 22, 2011); *Bolouri v. Bank of Am.*, N.A., 2010 WL 3385177 (E.D.Va. Aug. 24, 2010); *Pazmino v. LaSalle Bank, N.A.*, 2010 WL 2039163 (E.D.Va. May 20, 2010).

3

In consideration of Plaintiff's Motion for Leave to Amend, the Court holds that Plaintiff's proposed amendment would be futile because the deficiencies in her First Amended Complaint are not cured in her proposed amendment. A Rule 15(a)(2) motion for leave to amend pleadings before trial should be granted unless the proposed amendment would be futile or prejudicial to the opposing party or the moving party has acted in bad faith. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). The motion should be denied as futile if the amended complaint "could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) (citing *Glick v. Koenig*, 766 F.2d 265, 268-269 (7th Cir. 1985)). Most of Plaintiff's First Amended Complaint has been retained in her Proposed Second Amended Complaint. While the proposed amendment includes additional argumentation on some of the claims asserted in the First Amended Complaint, the inadequacy of the pleadings under *Iqbal*, *Twombly*, and Rules 9 and 12(b)(6) are not cured.

The Court notes that Plaintiff has twice attempted to state her claims to the best of her abilities as a *pro se* litigant, and Defendants have twice briefed the sufficiency of Plaintiff's claims. The Court has been patient with Plaintiff and afforded her time re-plead her case. Plaintiff has admitted that the task of filing a federal lawsuit has been daunting, leading her to copy from the Internet theories set forth in pleadings in cases in states that have judicial foreclosure. Virginia does not have judicial foreclosure. Due to the limits on Plaintiff's ability to plead and Defendants' resources, further amendment, requiring a third round of pleading and motions practice, is unwarranted. The Court holds that the proposed amendment would be futile.

For the foregoing reasons, and for the reasons stated in open Court on December 16, 2011 and in Defendants' Brief in Support of their Motion to Dismiss, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED. It is further

ORDERED that Plaintiff's Motion for Leave to Amend is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 20th day of December, 2011.

Alexandria, Virginia

12/20/11

/s/
Gerald Bruce Lee
United States District Judge

5