**Hearing Date:  November 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 21, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Adam A. Lewis
Norman S. Rosenbaum
Jordan A. Wishnew
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:    (312) 443-0700
Facsimile    (312) 443-0336
Thomas J. Cunningham
P. Russell Perdew
*Litigation Counsel to the Debtors*
 *and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| --------------------------------------------------------------- ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| --------------------------------------------------------------- ) | | |

**DEBTORS' REPLY TO NORA'S OPPOSITION TO**
**THEIR OBJECTIONS TO HER CLAIM NOS. 1 AND 440**

**TO THE HONORABLE MARTIN GLENN**

**UNITED STATES BANKRUPTCY JUDGE:**

The Debtors hereby file this reply (the "Reply") to the Response to Debtors' Objection to

Nora Proofs of Claim [etc,] [Dkt. No. 5396 ](filed October 19, 2013) (the "Opposition") of

Wendy Alison Nora ("Nora") to the Debtors' Combined Objection to Proofs of Claim Nos. 1 and

440 Filed by Wendy Alison Nora Against Residential Capital, LLC and Residential Funding

Company LLC Pursuant to Bankruptcy Code Section 502(b) and Bankruptcy Rule 3007 [Dkt.

No. 5153] (filed September 24, 2013) (the "Nora Claim Objections"). [1]

By the Nora Claim Objections, the Debtors seek to disallow and expunge the Claims on

the grounds that they are barred by (i) the doctrines of res judicata and collateral estoppel, due to

the final judgments of the Wisconsin state court and the District Court, (ii) the Rooker-Feldman

doctrine, which denies subject matter jurisdiction to federal courts to review final state court

judgments; (iii) failure to plead in accordance with federal pleading standards; and (iv) failure to

state a claim for relief.  In her Opposition Nora responds only to some the Debtors' arguments

and then only passingly.

## I.    THE NORA CLAIMS AND THE DEBTORS' OBJECTIONS

1.    The Debtors have described the relevant background at length in the Nora Claim

Objections.  Here they summarize the highlights for the Court's convenience.

2.    On May 18, 2012, Nora filed the ResCap Claim against Debtor ResCap in the

amount of $10 billion as a general unsecured claim.  On August 29, 2012, Nora filed the RFC

Claim as a secured claim for $119,000 against Debtor RFC.  The ResCap claim states in Box 2

that the basis for the claim is "contingent RICO claim in litigation – nondischargeable."  In Box

---

[1] Captialized terms not defined in this Reply have the meaning ascribed to them in the Nora Claim Objection.

12-12020-mg    Doc 5729    Filed 11/13/13    Entered 11/13/13 11:49:14    Main Document
Pg 3 of 11

2 of the RFC claim, Nora entered as the basis for her alleged claim, "in rem claim for real property illegally taken by Debtor." The ResCap Claim simply attached, without further explanation, a copy of Nora's District Court Amended Complaint against ResCap, RFC, some other Debtors, and some non-Debtor parties in District Court Action. Nora thus tethered the ResCap Claim to the District Court Amended Complaint. There was no attachment of any kind to the RFC Claim, but it is clear that if it relates to anything, it is to the same nucleus of alleged facts as the ResCap Claim.

3.      The contents of the District Court Amended Complaint are thus pivotal to the Claims and the Nora Claim Objections. The District Court Amended Complaint names 24 individual and corporate defendants, is 32 pages long (plus some exhibits), has 185 paragraphs, and another 19 paragraphs of requested relief. In essence, it accuses the various defendants in an indiscriminate manner of conspiring to cheat homeowner/borrowers out of their money and homes via fraud and forgery, a conspiracy of which she as a borrower allegedly was a victim. The District Court Amended Complaint also repeatedly alleges that ResCap, RFC and the other defendants are members of a racketeering enterprise in furtherance of that conspiracy. Thus, while sometimes making allegations as to a specific named defendant, it often lumps all the defendants together as the "GMAC Racketeering Enterprise". See, e.g., District Court Amended Complaint ¶¶ 17-18, 22-23, 27-29, 32-33, 39, 43, 46-47, 49, 52, 59, 64, 69, 76, 78, 81, 84-86, 89, 91-92, 96-97, 100-103, 106-109, 111-115, 118-121, 120-122,[2] 127, 130-134. 137-38, 140-141, 143-149, 151-152, 154, 156, 158. Similarly, in its prayer it seeks various forms of generic relief against the defendants as a whole rather than differentiating among them in any way. See, e.g., Prayer ¶¶ A, B, D-S. Indeed, Prayer ¶ I asks for relief [o]rdering *joint and several liability*

---

[2] Nora duplicates some paragraph numbers on pages 20-21 of the District Court Amended Complaint.

*against each and all of the members of the GMAC Racketeering Enterprise . . . .*"  (Emphasis

added.).  In other words, for all intents and purposes, the District Court Amended Complaint in

essence treats the defendants as one and the same.[3]

4.      The District Court Action in turn essentially concerns the same underlying events

upon which Nora based the claims that she previously had made and lost in opposing RFC's

foreclosure against her in the Wisconsin State Action.  Thus, the District Court dismissed the

District Court Action without prejudice for want of subject matter jurisdiction under the <u>Rooker-

Feldman</u> doctrine because only the United States Supreme Court has the power to review final

state court judgments.  *See* Opinion.

5.      Because the Claims again seek to litigate what Nora first litigated and lost by a

final judgment in the Wisconsin State Action, the Debtors argued in the Nora Claim Objections,

they, too, are barred by *res judicata*, collateral estoppel and <u>Rooker-Feldman</u>.  As well, the

Debtors argued, the Claims are inadequately pleaded and fail to state a claim upon which relief

may be granted.

## II.      NORA'S OPPOSITION

6.      In the Opposition Nora provides a limited response to the Debtors' arguments in

the Nora Claim Objections, instead focusing on other largely irrelevant points.  See, e.g.,

Opposition ¶¶ 4-5, 25 (argument for motion to consolidate with Adversary Proceeding); id.

¶¶ 20-24, 27-30 (discussion of how the Debtors and the Court, among others, are conspiring to

deny homeowners their day in court in furtherance of the alleged nationwide conspiracy by the

Debtors and other malefactors to wrest homes from borrower/homeowners).  Nevertheless, it is

possible to isolate certain arguments which are addressed below.

---

[3] The Amended Complaint in the Adversary Proceeding follows the same pattern, if somewhat more loquaciously.

sf-3353349

### A.    Preclusion:  Void Judgment Can Always Be Attacked

7.    One of her arguments is that she is not barred by preclusion (*res judicata* or

collateral estoppel) arising the from Wisconsin State Judgment because it was obtained by fraud

and forgery, and in Wisconsin state judgments obtained by fraud or forgery are void and may

always be collaterally attacked.  The first and foremost problem with this argument is that she

made her fraud and forgery arguments *to the Wisconsin state courts* and lost them.  As the

Wisconsin Court of Appeals wrote in describing Nora's theories on March 18, 2013 in affirming

the Wisconsin Circuit Court's foreclosure judgment and confirmation of the sheriff's sale,

> She argued [below] that a disability prevented her from filing a
> timely and adequate response to the [RFC] motion for summary
> judgment *and from discovering critical evidence to establish that a
> series of endorsements of her promissory note were forged and
> fraudulent*.

(*Residential Funding Company, LLC v. Nora*, Wisconsin Court of Appeals, District IV, Case No.

L.C. # 2009CV1096), Letter Opinion March 18, 2013 (the "Letter Opinion") at 2 (emphasis

added).)[4]  The Letter Opinion goes on to say, "Nora repeats her theories that . . . the assignments

of her mortgage were fraudulent." Id. at 3.  As noted in the Nora Claim Objections, this is one of

of the two Wisconsin appeals that she lost.

8.    In short, Nora *did* raise her fraud claims in the Wisconsin State Court and *lost* by

a judgment that is final for present purposes even though on appeal.[5]  That she would like to

---

[4] A true and correct copy of the Letter Opinion is attached here to as Exhibit 1.  The Debtors ask the Court to take judicial notice of it.

[5] Moreover, she was *obliged* to do so in the foreclosure action. See, e.g., A.B.C.G. Enters, Inc. v. First Bank Southeast, N.A., 184 Wis. 2d 465, 515 N.W.2d 904 (Sup. Ct. 1994) (borrower defendant in final foreclosure action he lost by default judgment barred by claim preclusion and compulsory counterclaim rule from suing lender in later action on claims that would have implicated the validity and enforceability of the mortgage); Kowske v. Ameriquest Mortg. Co., 317 Wis. 2d 500; 767 N.W.2d 309 (Ct. App. 2009) (same even where default judgment later vacated). Nora admits this rule but claims that it does not apply when the underlying conduct is "concealed."  Opposition ¶ 13. But as just noted, the Letter Opinion makes it clear that Nora was aware of at least *some* alleged matters that gave rise to her fraud or forgery claims in the proceedings below.  That she allegedly was unaware of what she now (Cont.'d)

sf-3353349

12-12020-mg    Doc 5729    Filed 11/13/13    Entered 11/13/13 11:49:14    Main Document
Pg 6 of 11

have done discovery to find more alleged facts does not change the incontestable truths that she

suspected enough to raise the fraud and forgery issues at the trial court level in Wisconsin and in

fact did so.  If she did not get an opportunity to do discovery, as she complains, that mishap

doubtless stemmed from her failure to defend RFC's summary judgment motion (or to appeal it).

9.       Having raised her fraud and forgery claims in a state court of competent

jurisdiction, she cannot just keep raising them in other courts in the hope that *someone* will bite

Thus, this Court must disregard her claims in the Opposition (at ¶¶ 6-9) that the Wisconsin state

judgments are void because of fraud and forgery.  She has had her day in court on these issues

and lost twice (in the Wisconsin State Court and in the Wisconsin Court of Appeals).

10.       It follows that Nora's Claims are barred by *res judicata* and collateral estoppel.[6]

## B.       Privity

11.       Nora argues that intense evidentiary proceedings are necessary to establish *res*

*judicata* and collateral estoppel.  (Opposition ¶ 3.)  She is wrong.  A claim objection is a

contested matter per FRBP 9104(a); *e.g.,* Ga. Dep't of Revenue v. Mouzon Enters., Inc. (In re

Mouzon Enters., Inc.), 610 F.3d 1329, 1334-35 (11th Cir. 2010).  In a contested matter,

testimony is required only if there are disputes as to material facts.  FRBP 9014(d).  Nora

presents no evidence conflicting with the judicial *facts* that the Debtors presented in the Nora

Claim Objections on the elements of preclusion.  (See Nora Claim Objections ¶ 19; see also id.

---

claims is a much larger bundle of facts (however wrong they may be) does not change this fundamental fact (unless
she was making her allegations of fraud and forgery in pleadings in the Wisconsin courts based upon pure
speculation).

[6] As noted in the Nora Claim Objections, the defendants in the District Court Action raised these preclusion
defenses.  Doubtless the District Court would have reached the same conclusion had it not found that it lacked
subject matter jurisdiction because of Rooker-Feldman.  See Nora Claim Objections 7 n.10.

sf-3353349

¶ 22 (preclusion on Rooker-Feldman).)  In fact, she presents no evidentiary facts in the
opposition generally, just unsworn accusations and contentions.[7]

12.    The closest she comes to challenging the Debtors' preclusion arguments is to
comment that they must show privity.[8]  (Opposition ¶ 3.)  But of course, as to RFC there is
privity; it both was a party to both the Wisconsin State Action and is a party to the Nora Claim
Objections.  As to ResCap, as noted above, in the Amended District Court Complaint Nora treats
it (and all the other defendants) as essentially one and the same, participants in the national
scheme and RICO enterprise of which she complains and against whom she asks the identical
relief.  In other words, the Amended District Court Complaint (and the Amended Complaint in
the Adversary Proceeding) makes the Debtors' privity case for them, in spades.  Indeed, there
hardly can be a more obvious case of privity than one in which the defendants are allegedly
jointly and severally liable for a common and coordinated course of conduct, the very charge that
Nora makes in the District Court Amended Complaint.

## C.    Rooker-Feldman

13.    Nora never really challenges the Debtors' arguments that her claims are barred in
this Court by the preclusive effect of the District Court's dismissal of the District Court
Amended Complaint on Rooker-Feldman grounds and that Rooker-Feldman in any case bars *this*
Court from reviewing the decisions against her of the Wisconsin state courts.  All she does is

---

[7] Nora complains that she and other homeowner claimants are being denied due process through the Court's procedures for claim objections.  (See, e.g., Opposition ¶ 17.)  However, Nora never really says how it is that the Court is falling short.  In any event, the simple answer is that a contested matter is a streamlined way of dealing with claim objections that gives the parties the protections of due process.  *Dean v. Global Fin. Credit, LLC (In re Dean)*, 359 B.R. 218, 221-22 (Bankr. C.D. Ill. 2006).

[8] Nora also asserts that the Debtors must show "that public policy requires that the judgment be given preclusive effect in these proceedings."  (Opposition ¶ 3.)  But although preclusion serves a public policy – avoiding needless burdens on courts and parties and promoting judicial efficiency – the doctrine does not require a showing in each and every instance that its application serves that policy or any other public policy, and Nora provides no authority to support her contention otherwise.  (See Nora Claim Objections ¶ 18 (seeing forth elements of preclusion); see also id. ¶ 21 (setting forth elements of federal preclusion for application of Rooker-Feldman).)

sf-3353349

argue that <u>Rooker-Feldman</u> does not apply to her RICO claims because she did not know they

existed until after the District Court dismissed the District Court Action based upon <u>Rooker-</u>

<u>Feldman</u>. (Opposition ¶ 25.)  But as the District Court noted, the essential inquiry is not whether

a party recognized that a particular legal theory might apply, but whether the party knew of

alleged facts that would support the theory at issue; in other words, as the District Court put it,

Nora cannot evade <u>Rooker-Feldman</u> by recast[ing] her original claims under the rubric of RICO.

(Opinion 12-13.)

14.    Nora also suggests that the District Court's <u>Rooker-Feldman</u> decision was void as

to RFC and ResCap because by the time the District Court rendered it, they had invoked the

automatic stay by filing their bankruptcy petitions.  (Opposition ¶ 6.)  But a dismissal for want of

subject matter jurisdiction is not a dismissal on the merits; it is a recognition that the case cannot

proceed no matter what the merits because the court lacks jurisdiction over the subject matter.

<u>See, e.g.</u>, <u>Murray v. Conseco Inc.</u>, 467 F.3d 602, 605 (7th Cir. 2006); <u>Wages v. I.R.S</u>, 915 F.2d

1230, 1234 (9th Cir. 1990); <u>see also</u> Fed. R. Civ. P. 41(b) (an involuntary dismissal for lack of

jurisdiction is not an adjudication on the merits).  A dismissal for lack of subject matter

jurisdiction does not violate the automatic stay.  <u>See, e.g.</u>, <u>Lindley Contours, LLC v. AABB</u>

<u>Fitness Holdings, Inc.</u>, 414 Fed. Appx. 62, 63 n.1 (9th Cir. 2011); <u>Wachter v. Lezdey</u>, 34 Fed.

Appx. 699, 701-02 (Fed. Cir. 2002).  Indeed, a federal court always has the power to determine

to consider whether it has subject matter jurisdiction.  <u>See</u> <u>United States v. Ruiz</u>, 536 U.S. 622,

628 (2002); <u>In re Dairy Mart Convenience Stores</u>, 411 F.3d 367, 374 (2d Cir. 2005); <u>see also</u>

Fed. R. Civ. P. 12(h)(3) (court must dismiss case whenever it determines it lacks subject matter

jurisdiction).  A federal court's abiding by these procedural requirements to make a decision that

does not reach the merits surely cannot violate the stay.  <u>Cf.</u> <u>Dean v. Trans World Airlines, Inc.</u>,

sf-3353349

72 F.3d 754, 755-56 (9th Cir. 1995) (dismissal on the merits does violate the stay because it

involves "thinking about the [substantive] issues").

15.     Moreover, although there is conflicting authority around the country on whether a

dismissal that favors a debtor violates the stay, the United States District Court for the Southern

District of New York has held that postpetition unilateral dismissal of an action against a debtor

does not violate the stay because it "assists rather than interferes with the goals of Chapter 11;

the purposes of the Bankruptcy Code were in no way infringed by the dismissal by a plaintiff of

a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors."

Chase Manhattan Bank, N.A. v. Celotex Corp., 852 F. Supp. 226, 228 (S.D.N.Y. 1994) (citation

omitted).  Here, too the dismissal assists the Debtors and their Chapter 11 Cases without

imposing any costs on them.

16.     In any event, regardless of whether the District Court's Rooker-Feldman decision

is valid as to ResCap and RFC, the doctrine applies equally to Nora's attempt to get this Court to

second guess the Wisconsin state courts.

**D.     Pleading Defects**

17.     Nora does not directly address or respond to the Debtors' various arguments about

the defects in her Claims as pleadings.  Rather, she states without any supporting authority, that

"[n]o such basis for disallowing a Proof of Claim is allowed by [Bankruptcy] Rule 3007 . . . ."

(Opposition ¶ 26.)  She adds sweepingly, again without substantiation, that "FRCP 12(b)(6) has

never been applied to disallow a Proof of Claim in the millions of claims which are filed in

8

bankruptcy proceedings throughout the nation." (Id.)  But as the Debtors demonstrated in the

Nora Claim Objections, she is just wrong on this point.  (Nora Claim Objections ¶ 29.)[9]

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order

granting the relief requested herein and such other and further relief as the Court may deem

proper.

Dated: November 13, 2013                    /s/ Norman S. Rosenbaum
                                            Gary S. Lee
                                            Adam A. Lewis
                                            Norman S. Rosenbaum
                                            Jordan A. Wishnew
                                            Samantha Martin
                                            MORRISON & FOERSTER LLP
                                            1290 Avenue of the Americas
                                            New York, New York 10104
                                            Telephone:  (212) 468-8000
                                            Facsimile:  (212) 468-7900

                                            *Counsel for the Debtors and
                                            Debtors in Possession*

                                            -and-

                                            LOCKE LORD LLP
                                            111 South Wacker Drive
                                            Chicago, Illinois 60606
                                            Telephone:    (312) 443-0700
                                            Facsimile    (312) 443-0336
                                            Thomas J. Cunningham
                                            P. Russell Perdew
                                            *Litigation Counsel to the Debtors
                                            and Debtors in Possession*

---

[9] Nora also argues that dismissal based on *res judicata* and collateral estoppel are not properly obtained through Rule 12(b)(6).  (Opposition ¶ 25.)  But Nora misunderstands what is going on.  The Debtors are not employing that rule to make those arguments; rather, they are relying on undisputed evidence to eliminate the Claims without proceedings on the merits, something that FRCP 3007 clearly contemplates when it provides for testimony only when there are disputed material facts.

sf-3353349