## Exhibit 1



OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN  53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site:  www.wicourts.gov

## DISTRICT IV

March 18, 2013

*To:*

Hon. Juan B. Colas
Circuit Court Judge
215 South Hamilton, Br.10, Rm. 7103
Madison, WI 53703

Carlo Esqueda
Clerk of Circuit Court
Room 1000
215 South Hamilton
Madison, WI 53703

Wendy A. Nora
Access Legal Services
210 Second Street NE
Minneapolis, MN 55413

David M. Potteiger
Bass & Moglowsky, S.C.
501 W. Northshore Drive, Suite 300
Milwaukee, WI 53217

State of Wisconsin
DWD, Workmen's Comp Unit
201 E. Washington Ave., Rm. E-300
Madison, WI 53703

Wyndemere Condominium Unit Owners
Association, Inc.
c/o Lake City Management
2817 Fish Hatchery Rd., #4
Fitchburg, WI 53713

You are hereby notified that the Court has entered the following opinion and order:

2011AP879         Residential Funding Company LLC v. Wendy Alison Nora
                  (L.C. # 2009CV1096)

Before Lundsten, P.J., Blanchard and Kloppenburg, JJ.

Wendy Nora appeals from an order confirming a sheriff sale and orders denying her motions to vacate a foreclosure judgment.  She claims that due to "robo-signing," mortgage transfer documents were forged and fraudulent.  Based upon our review of the briefs and record, we conclude at conference that this case is appropriate for summary disposition.  *See* WIS. STAT. RULE 809.21 (2011-12).[1]  We affirm the orders of the circuit court.

---

[1]  All references to the Wisconsin Statutes are to the 2011-12 version unless otherwise noted.

This action was commenced in 2009 alleging that Nora had failed to make mortgage payments on her Madison condominium. Nora filed a motion to dismiss and numerous pleadings, including a "conditional" and "supplemental conditional" answer, and a motion to reopen the summary judgment proceeding on the ground of newly discovered evidence, claiming that the real party in interest had not filed the action and that assignments of her mortgage to various entities were improper or fraudulent. A foreclosure judgment was entered on March 3, 2010. Nora did not appeal the judgment.

On February 14, 2011, Nora filed a motion under WIS. STAT. § 806.07 for relief from the order granting summary judgment. She argued that a disability prevented her from filing a timely and adequate response to the motion for summary judgment and from discovering critical evidence to establish that a series of endorsements on her promissory note were forged and fraudulent. Also in opposition to confirmation of the sheriff sale, Nora again complained that the mortgage note had not been properly endorsed and that the entity purporting to claim ownership of the note lacked standing to enforce it. The sheriff sale was confirmed at a hearing on March 1, 2011.[2] At the same hearing the court denied Nora's motion for relief, concluding that the motion did not raise any issues not previously addressed by the court or issues that could not have been raised earlier. On March 7, 2011, Nora filed a second motion to vacate the foreclosure judgment claiming it had been procured by fraud, misrepresentation, and other misconduct. The court also denied that motion.

---

[2] The order confirming the sheriff sale is not part of the record. Nora does not argue any issue specific to confirmation of the sale.

A circuit court has wide discretion in determining whether to grant relief from judgment under WIS. STAT. § 806.07. We review such a determination under the erroneous exercise of discretion standard. *See Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶29, 326 Wis. 2d 640, 785 N.W.2d 493. Nora does not develop an argument on appeal specifying how the circuit court erroneously exercised its discretion by refusing to grant relief from the judgment under § 806.07. We will not develop such arguments for her. *See M.C.I., Inc. v. Elbin*, 146 Wis. 2d 239, 244-45, 430 N.W.2d 366 (Ct. App. 1988).

Nora repeats her theories that because the assignment of her mortgage was executed by persons known to have engaged in "robo-signing" of foreclosure affidavits or known not to hold positions as officers of the financial institutions for which they signed, the assignments of her mortgage were fraudulent. Her arguments are disjointed and lacking in substance because she makes conclusory statements based on her view of the documents. Nora did not submit proper evidentiary materials to support her assertions of fraud and false signing.[3] A litigant cannot substitute argument for evidence. *See id.* at 244.

The circuit court acted within its discretion to deny Nora's motions. A motion for relief from judgment cannot serve as a substitute for what a party failed to timely do in the first place. A party cannot bring back before the same court the same issues rejected in prior rulings, simply repeating the same theme in successive motions. *See State v. Witkowski*, 163 Wis. 2d 985, 990,

---

[3] For example, Nora repeatedly asserts that she provided a sworn statement that Amy Nelson, who signed an allonge to the promissory note as the Assistant Vice President of The Bank of New York Trust Company, never held that position. Nora's statement of this fact is not part of a sworn affidavit and is based only on a phone interview Nora allegedly conducted with a person identified as Amy Nelson.

473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated ... no matter how artfully the defendant may rephrase the issue.").

For the first time in her reply brief, Nora requests discretionary reversal under WIS. STAT. § 752.35. We will not, as a general rule, consider arguments raised for the first time in a reply brief. *Schaeffer v. State Pers. Comm.*, 150 Wis. 2d 132, 144, 441 N.W.2d 292 (Ct. App. 1989). In order for this court to exercise its discretionary power under § 752.35, it must appear from the record that the real controversy has not been tried or that it is probable that justice has for any reason miscarried. We are not convinced this court should exercise its extraordinary discretionary powers in this case.

Upon the foregoing reasons,

IT IS ORDERED that the orders are summarily affirmed pursuant to WIS. STAT. RULE 809.21.

Diane M. Fremgen
Clerk of Court of Appeals