**Hearing Date:  November 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS'
THIRTY-SIXTH AND THIRTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS
<u>(MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS)</u>**

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this omnibus reply (the "Reply") to certain responses and objections (collectively, the "Responses") interposed by the claimants  listed on Exhibit 1 and Exhibit 2 annexed hereto and Ron and Julie Eriksen (individually, a "Respondent," and collectively, the "Respondents")[1] to the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* [Docket No. 5138][2] and the *Debtors' Thirty-Seventh Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* [Docket No. 5139] (individually, an "Objection", and together, the "Objections"), and in further support of the Objections.[3]    In support hereof, the Debtors submit the *Supplemental Declaration of Deanna Horst in Support of Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Supplemental Horst Declaration"), attached hereto as Exhibit 3 and filed concurrently herewith.

## PRELIMINARY STATEMENT

1.      If an objection refuting at least one of a claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).   The burden of persuasion is on the holder of a proof of claim to

---

[1] The Response interposed by Ron and Julie Eriksen (together, "Eriksen") [Docket No. 5485] is addressed in more detail separately in the body of this Reply.

[2]  The Debtors have adjourned the *Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* [Docket No. 5138], solely with respect to the claim of Rhonda Deese (claim no. 4927), to December 17, 2013.  In addition, the Debtors have consensually resolved the objection with respect to the claim of Lydia Alvarez (claim no. 1109).

[3] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objections.

establish a valid claim against a debtor.  Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

2.      The Debtors examined each of the Responses and the statements and exhibits submitted in support thereof.  Exhibit 1 and Exhibit 2 annexed hereto contain a summary of each Respondent's purported justification, if provided,[4] for (a) filing his or her proof of claim as a secured claim or administrative or other priority claim and/or (b) disputing the Debtors' proposed redesignation of the claim.[5]

3.      Each of the Respondents has failed to proffer (a) evidence of both a valid security interest as well as perfection of that security interest in the Debtors' property, or documentary or other evidence demonstrating that the claim at issue should be granted the status of a secured claim and/or (b) evidence of, or entitlement to, an administrative or other priority claim.  Moreover, each of the Respondents has failed to demonstrate that the claim at issue was filed against the correct Debtor and that the Debtors' proposed redesignation of the claim is improper.  Accordingly, the relief sought in the Objections should be granted with respect to the Respondents.  If the Court is not prepared to rule on the Objections with respect to any of the Respondents, then the Debtors reserve the right to take discovery from any such Respondent.

## **BACKGROUND**

4.      On August 29, 2012, this Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date

---

[4] For purposes of this Reply and the Objections, the Debtors have taken these statements at face value.

[5] As noted, the Response filed by Eriksen is addressed in more detail separately in this Reply.  For the sake of clarity, paragraphs 3 through 13 below are intended to apply to all of the Respondents, including Eriksen.

(the "Bar Date").   The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.   The Bar Date Order provided that proofs of claim must, among other things, "include supporting documentation."   See Bar Date Order ¶ 5(e).

5.      The Objections seek to reclassify and redesignate the claims filed by the Respondents.   The Objections do not address the merits of or seek to disallow such claims (although the right to seek disallowance of such claims is expressly reserved).   Subsequent to the Debtors' filing of the Objections and prior to the omnibus hearing date scheduled for the Objections, each of the Respondents submitted a Response.   Upon their initial review of the Responses, the Debtors consulted with SilvermanAcampora LLP ("SilvermanAcampora"), special borrowers' counsel to the official committee of unsecured creditors, to coordinate efforts in reaching out to the Respondents to address their Responses to the Objections.

## **REPLY**

**I.      RESPONDENTS FAIL TO PROVIDE EVIDENCE THAT DEMONSTRATES THAT RESPONDENTS HAVE SECURED OR ADMINISTRATIVE OR OTHER PRIORITY CLAIMS**

6.      Rule 3001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that if a claimant is asserting a security interest in property of the debtor, then "the proof of claim shall be accompanied by evidence that the security interest has been perfected."   Fed. R. Bankr. P. 3001(d).   The Official Form B10 (the proof of claim form) ("Form B10"), consistent with Bankruptcy Rule 3001(c) and (d), clarifies to claimants that writings supporting a claim or evidencing perfection of a security interest must be attached to the Form B10.   Specifically, Instruction 4 and Instruction 7 or 8 (depending on the version of Form

B10 filled out by a claimant), respectively, direct claimants to provide evidence demonstrating

the security interest asserted:[6]

> (4)    Secured Claim: . . . If the claim is secured, check the box for the nature
> and value of property that secures the claim, **attach copies of lien**
> **documentation** . . . .
>
> (7)    or (8) Documents:    **Attach redacted copies of any documents that show**
> **the debt exists and a lien secures the debt.   You must also attach copies of**
> **documents that evidence perfection of any security interest**.    You may also
> attach a summary **in addition to** the documents themselves.   FRBP 3001(c)
> and (d). . . .

Form B10 (emphasis added).

7.    In order to be entitled to an administrative expense or other priority claim,

a claimant must demonstrate that they have one of the categories of claims set forth in section

507(a) of the Bankruptcy Code.  See 11 U.S.C. § 507(a).

8.    By their own terms, the Respondents' proofs of claim do not appear to be

entitled to secured status under section 506(a) of the Bankruptcy Code or administrative or

priority status under section 507(a) of the Bankruptcy Code.   SilvermanAcampora and/or the

Debtors reached out to the Respondents to understand the alleged basis of the security interest or

administrative or other priority claim asserted in each of their claims, as well as to request

documentation in support of such asserted security interest or administrative or other priority

claim.   The Debtors received no additional information from the Respondents, either in the

Responses or through subsequent communications with the Respondents, which would support

the alleged security interest in the Debtors' property in connection with the Respondents'

---

[6] If an original document has been destroyed, a statement setting forth the circumstances of the loss or destruction
should be filed with the claim.  Fed. R. Bankr. P. 3001(c).

asserted claims or the Respondents' purported entitlement to an administrative or other priority claim.  (See Supplemental Horst Declaration ¶ 6).

9.    In sum, after consultation, the Debtors and SilvermanAcampora both concluded that in each case, the Respondents failed to provide evidence demonstrating that their claims should be granted secured or administrative or other priority status.  Accordingly, the claimants have not met their evidentiary burden to rebut the Debtors' proposed reclassification of the proofs of claim as set forth in the Objections.

10.    If these claims are not reclassified as general unsecured claims, as set forth on Exhibit A to the Proposed Order for each of the Objections, the Respondent that filed the proof of claim will receive a distribution that it is not entitled to under the Bankruptcy Code, to the detriment of and ahead of other creditors in the Chapter 11 Cases.  On this basis, the relief sought in the Objections should be granted.

## II.    RESPONDENTS FAIL TO PROVIDE EVIDENCE THAT THEIR CLAIMS WERE FILED AGAINST THE CORRECT DEBTOR

11.    The Debtors received no additional information from the Respondents, either in the Responses or through subsequent communications with the Respondents, which disputes the Debtors' contention that each of the Respondents' claims was filed against the incorrect Debtor.  (See Supplemental Horst Declaration ¶ 6).  As set forth in more detail on Exhibit 1 and Exhibit 2 attached hereto, each of the Respondents (all of whom are Borrowers) filed proofs of claim against Residential Capital, LLC notwithstanding the absence of a contractual (or other) relationship with that Debtor entity.  Rather, each of the Respondents had a contractual (or other) relationship with the Debtor entity to which redesignation is sought -- either GMAC Mortgage, LLC or Homecomings Financial, LLC -- because those Debtor entities served as either the loan servicer (in the vast majority of cases) or loan originator vis-a-vis the

Respondents.  (See id.).[7]  Residential Capital, LLC is (a) a holding company that is the indirect

parent of each of GMAC Mortgage, LLC and Homecomings Financial, LLC, and (b) neither a

lender nor a loan servicer.  (See id.).  Therefore, to the extent that the Respondents have a valid

claim -- which is an issue for a later day[8] -- it is against the Debtor entity to which redesignation

is sought.

14.    12.    In sum, after consultation, the Debtors concluded that in each case, the

Respondents failed to provide evidence demonstrating that such claims were filed against the

proper Debtor.

13.    The holders of these claims should not be allowed to receive a recovery, if

any, on their claims from the incorrect Debtor's estate.  On this basis, the relief sought in the

Objections should be granted.

## III.    ERIKSEN FAILS TO PROVIDE EVIDENCE THAT DEMONSTRATES THAT HE HAS A SECURED CLAIM OR THAT HIS CLAIM WAS FILED AGAINST THE CORRECT DEBTOR

14.    Eriksen is a Borrower under a mortgage executed on November 9, 2005 in

favor of GMAC Mortgage Corporation.   Eriksen's mortgage was serviced by the Debtors

beginning on the same date.  The mortgage subsequently fell into default and the Debtors

commenced foreclosure proceedings against Eriksen on June 7, 2010.  A judgment of foreclosure

was entered on February 18, 2011.  On June 14, 2011, Eriksen appealed the judgment.  The

---

[7] Although the thirty-sixth omnibus Objection sought to redesignate the claim of Ernestine Ray (claim no. 4381) from Residential Capital, LLC to GMAC Mortgage, LLC, the Debtors hereby seek to redesignate the claim to Homecomings Financial, LLC rather than GMAC Mortgage, LLC.  Although the thirty-sixth omnibus Objection sought to redesignate the claim of Deborah L. Wetzel (claim no. 2198) from Residential Capital, LLC to ditech, LLC, the Debtors hereby seek to redesignate the claim to GMAC Mortgage, LLC rather than ditech, LLC for the reasons set forth on Exhibit 1 hereto.

[8] As noted, the Objections do not address the merits of or seek to disallow the subject claims.  The Objections only seek reclassification and redesignation of such claims.

appeal is still pending.   The Debtors transferred the servicing rights with respect to Eriksen's mortgage to Ocwen Loan Servicing, LLC on February 16, 2013.   See Supplemental Horst Declaration at ¶ 40.

15.    According to the proof of claim (claim no. 5580) filed against Residential Capital, LLC, Eriksen asserts a $1,000,000 claim, of which $475,000 is purportedly secured, for "Fraud, Consp. to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract and other wrongful acts."   There is no supporting documentation attached to the proof of claim.

16.    In the Response, Eriksen opposes the reclassification of the $475,000 secured portion of his claim to an unsecured claim.   Eriksen appears to assert that he has a secured claim based on (i) an equitable lien on his residence under Illinois law and (ii) a setoff claim.   Response at ¶¶ 9, 10.   The basis for Eriksen's asserted equitable lien under Illinois law is unclear from the Response.   Assuming, for the sake of argument, that Eriksen does have an equitable lien on his residence under Illinois law, however, Eriksen still does not have a secured claim against the Debtors because Eriksen's residence is not property of the Debtors' estates. See Supplemental Horst Declaration at ¶ 40; Ivanhoe Bldg. & Loan Ass'n v. Orr, 295 U.S. 243, 245-46 (1935) (holding that a creditor with a claim secured by a lien on property of a non-debtor is an unsecured creditor).

17.    Setoff similarly does not provide a basis for a secured claim.   In general, section 553(a) of the Bankruptcy Code recognizes and preserves rights of setoff where four conditions exist: (1) the creditor holds a claim against the debtor that arose before the commencement of the case, (2) the creditor owes a debt to the debtor that also arose before the commencement of the case, (3) the claim and the debt are "mutual," and (4) the claim and debt

are each valid and enforceable.  11 U.S.C. § 553(a); In re Public Service Co. of New Hampshire,

884 F.2d 11, 14 (1st Cir. 1989).  Eriksen has failed to allege the existence of any prepetition debt

owed from Eriksen to any Debtor and the Debtors are not aware of any such debt.  Thus, Eriksen

owes no debt to the Debtors against which Eriksen could set off his purported claims.  See

Cooper-Jarrett Inc. v. Central Transport, Inc., 726 F.2d 93, 96 (3d Cir. 1984) (setoff requires a

pre-petition debt owing from the creditor to the debtor against which setoff may be taken).  Thus,

Eriksen has no basis for a secured claim against the Debtors by way of setoff.

18.    In addition to opposing the reclassification of Eriksen's claim, the

Response also opposes the proposed redesignation of the claim from Residential Capital, LLC to

GMAC Mortgage, LLC.  However, Eriksen seems to be arguing that he opposes redesignation

because his claim is not against GMAC Mortgage, LLC, but *against GMAC Mortgage

Corporation*.  Response at Exhibit 1, p.4.  GMAC Mortgage Corporation merged into GMAC

Mortgage, LLC on October 24, 2006.  Prior to the merger, Eriksen's mortgage was serviced by

GMAC Mortgage Corporation; subsequent to the merger it was serviced by GMAC Mortgage,

LLC.  See Supplemental Horst Declaration at ¶ 41.  Eriksen does not assert that he has ever had

any business relationship with Residential Capital, LLC.  As a result, to the extent the Eriksen

has valid claims (which the Debtors do not admit), they are claims against GMAC Mortgage,

LLC, not against Residential Capital, LLC.

19.    Finally, the Response asserts the Objection is procedurally defective for

three reasons.  First, Eriksen asserts that the Objection fails to comply with Bankruptcy Rule

3007(e)'s requirement that omnibus claim objections must "state the grounds of the objection to

each claim," Fed. R. Bankr. P. 3007(e)(3).  See Response at ¶ 6.  The Objection plainly states

that the Debtors object to the claims at issue, including Eriksen's claim, because each such claim

"(a) improperly asserts a security interest against the Debtors and/or a priority claim under section 503 or 507 of the Bankruptcy Code and (b) was filed against the incorrect Debtor." Objection at ¶ 2.  This level of detail is all that Bankruptcy Rule 3007(e)(3) requires.

20.     Second, Eriksen asserts that it is "procedurally improper" for the Debtors to seek to "seek reclassification or modification of the Eriksens' claim, [rather than] allowance or disallowance."  Response at ¶ 16.  Eriksen is mistaken because motions to reclassify and redesignate proofs of claims are commonplace in bankruptcy and are expressly contemplated by this Court's Procedures Order.  See Procedures Order at 2 (expressly authorizing omnibus claim objections that seek "reclassification" of "Claims [that] were incorrectly classified").

21.     Third, Eriksen asserts that the Debtors failed to send a letter to Eriksen requesting additional documentation in support of his claim before filing the Objection, as required by the Procedures Order.  Eriksen is mistaken.  The Debtors mailed Request Letters to Eriksen on May 24, 2013.  Supplemental Horst Declaration at ¶ 42.  And indeed, an excerpt from the Debtors' Request Letters is attached to the Response.  See Response at Exhibit A, pp. 2-3.

22.     For the foregoing reasons, Eriksen's proof of claim should be reclassified and redesignated to a wholly unsecured claim against GMAC Mortgage, LLC.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the relief sought in the

Objections be granted and that the Debtors be granted such other and further relief that the Court

finds reasonable and justified.


Dated:  November 13, 2013
      New York, New York

/s/  Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*