# Exhibit 1

## Responses to the Thirty-Sixth Omnibus Claims Objection

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Ernestine Ray (Claim No. 4381) | *Letter to Judge Glenn dated October 18, 2013* | 5527 | According to the proof of claim filed against Residential Capital, LLC, Respondent asserts a $90,000 secured claim for "Mortgage Note Payment and Taxes" equal to the purported value of certain real estate. The proof of claim attaches a mortgage account statement from GMAC Mortgage but no other supporting documentation.<br><br>The Response, which does not include any supporting documentation, contains several unsubstantiated allegations concerning a purported "predatory loan" and "bogus and predatory mortgage" and that Respondent was "overcharged".<br><br>There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Respondent has a lien against or has a valid security interest in any of the Debtors' property or assets. Respondent does not explain why she is entitled to a secured claim. In short, there is no basis for a secured claim.<br><br>According to the Debtors' books and records, the subject loan originated with Old Kent Mortgage (DBA Novelle Financial Services) on or about April 11, 2001. At some point after origination, Residential Funding Company, LLC purchased the loan and placed the loan in a securitization trust RASC 2005-KS11. Homecomings Financial, LLC serviced the loan from 2001 to 2009 and GMAC Mortgage, LLC serviced the |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | loan from 2009 to February 16, 2013, when servicing was transferred to Ocwen. The basis of this purported claim is a servicing issue that appears to span a period of time in which Homecomings Financial, LLC and GMAC Mortgage, LLC serviced the loan. The bulk of Respondent's allegations appear to have occurred when Homecomings Financial, LLC was the servicer.<br><br>In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Respondent's claim was filed against the incorrect Debtor. Indeed, as set forth above, to the extent Respondent has a valid claim (which the Debtors do not admit), it is a claim against Homecomings Financial, LLC, rather than against Residential Capital, LLC.<br><br>Although the Objection sought to redesignate the claim to GMAC Mortgage, LLC, the Debtors hereby seek to redesignate the claim to Homecomings Financial, LLC rather than GMAC Mortgage, LLC<br><br>Moreover, Respondent's assertion, in her proof of claim, of a priority claim in excess of $1,300 pursuant to section 507(a)(8) of the Bankruptcy Code also fails because this is not a claim for taxes or penalties owed to governmental units. |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Michelle Lawson (Claim No. 5282) | *Notice of Creditor's Objection to Debtor's Omnibus Objection to Claims* | 5528 | According to the proof of claim filed against Residential Capital, LLC, Respondent asserts an $89,667.98 claim, of which $51,300.00 is purportedly secured, based upon a "Secondary Mortgage Note". The proof of claim attaches a "Statement of Claims", a copy of a "Secondary Mortgage Note", and several mortgage account statements from GMAC Mortgage. Respondent asserts that the Secondary Mortgage Note and corresponding mortgage "should be considered voidable and rescinded upon the theory of mistake"; that the loan and mortgage had "predatory characteristics"; that the lender and/or mortgage originator engaged in "abusive or unfair lending practices" and "mischaracterize[ed] the consumer's credit history and/or the appraised value of the property"; and that the Secondary Mortgage Note and corresponding mortgage "should be rescinded on the grounds of misrepresentation of fact and/or law …" and that Respondent "was fraudulently induced to contract for the Mortgage and the Note".<br><br>In the Response, which attaches the proof of claim and some of the attachments thereto, but no other supporting documentation, Respondent contends that her claim is entitled to secured and/or administrative treatment for a combination of reasons including that the Secondary Mortgage Note "was perfected upon attachment"; that Respondent has "possession of the collateral, the Property (as defined in the Response)"; that Respondent has a right of setoff; that Respondent "has possession of the security interest" and "notice was provided to all third parties via the recording of the deed".<br><br>Respondent does not have a security interest in the Property; rather, the lender has a security interest in the Property to secure repayment of the Secondary Mortgage Note. In other |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | words, the Property secures the lender's claim against Respondent, not Respondent's purported claim.<br><br>According to the Debtors' books and records, the subject loan originated with Trident Mortgage on or about December 3, 2004. GMAC Mortgage, LLC serviced the loan on behalf of investor Wells Fargo Bank, NA Series ID BSSLT 2007-SV1 from March 13, 2007 to February 16, 2013, when servicing was transferred to Ocwen. No other Debtor entity had any involvement with the loan as an originator, investor or servicer. The bulk of Respondent's claims relate to origination-based allegations and no Debtor was involved with the origination.<br><br>Moreover, Respondent's assertion that she has a right of setoff fails for a number of reasons. First, the Respondent has not alleged a debt due to any of the Debtors and specifically to Residential Capital, LLC, nor are the Debtors aware of any such obligation. Therefore, there is no claim for Respondent to setoff her purported claims against. See Cooper-Jarrett Inc. v. Central Transport, Inc., 726 F.2d 93, 96 (3d Cir. 1984) (setoff requires a pre-petition debt owing from the creditor to the debtor against which setoff may be taken). Second, to the extent Respondent has a valid claim, it is against the lender. GMAC Mortgage, LLC was merely the servicer of the subject loan. Therefore, even if GMAC Mortgage, LLC had claims against Respondent, the mutuality required for setoff is lacking. In re Public Service Co. of New Hampshire, 884 F.2d 11, 14 (1st Cir. 1989) ("setoff may flourish in bankruptcy proceedings only where mutuality of obligation exists."). Third, Respondent does not appear to be asserting a monetary claim against the Debtors, but rather rescission of the note and mortgage. Because the Debtors no longer service the mortgage, the Debtors do not have the |

4

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | ability to effectuate the rescission sought by Respondent.<br><br>There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Respondent has a lien against or has a valid security interest in any of the Debtors' property or assets (or that Respondent has an administrative claim). Nor does Respondent have a valid right of setoff. In short, there is no basis for a secured claim.<br><br>In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Respondent's claim was filed against the incorrect Debtor. Indeed, it is evident from the mortgage account statements attached to the proof of claim and/or the Response that to the extent Respondent has a valid claim (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC.<br><br>Respondent's assertion, in her proof of claim, of a priority claim in the amount of $89,667.98 pursuant to sections 507(a)(7) and 507(a)(4) of the Bankruptcy Code also fails because this is not a claim for a deposit toward the purchase, lease, or rental of property or services for personal, family, or household use, or for wages, salaries, or commissions earned within 180 days before the bankruptcy filing date. |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Deborah L. Wetzel (Claim No. 2198) | *Response to Debtor's Thirty-Sixth Omnibus Objection to Claims* | 5474 | According to the proof of claim filed against Residential Capital, LLC, Respondent asserts a $255,000.00 claim, of which $205,000.00 is purportedly secured, for breach of fiduciary duty, breach of contract, fraud, misrepresentation and discrimination. The proof of claim attaches a copy of a "Deed of Trust" and a "Modification of Deed of Trust Rider". <br><br> The Response, which does not include any supporting documentation, states that the basis for the claim against the "Debtor" (defined by Respondent as GMAC Mortgage, LLC as subsidiary of Residential Capital, LLC) is fraudulent foreclosure and contains several unsubstantiated allegations supporting that theory. Respondent asserts that the Debtor sold the Deed of Trust and note to Freddie Mac prior to commencing foreclosure proceedings and, therefore, the Debtor did not have a fiduciary interest in the Deed of Trust at the time of the foreclosure. Respondent further asserts that ditech, LLC at no time had a fiduciary interest in the Deed of Trust and note. <br><br> There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Respondent has a lien against or has a valid security interest in any of the Debtors' property or assets. Respondent does not explain why she is entitled to a secured claim. In short, there is no basis for a secured claim. <br><br> According to the Debtors' books and records, ditech, LLC originated, and GMAC Mortgage, LLC serviced, the subject loan. ditech, LLC sold the loan to Freddie Mac, and GMAC Mortgage, LLC continued to service the loan after the sale. GMAC Mortgage, LLC, as servicer, had the right to commence, and in fact commenced, foreclosure proceedings |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | against Respondent for Freddie Mac.<br><br>In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Respondent's claim was filed against the incorrect Debtor. Indeed, as set forth above, to the extent Respondent has a valid claim for "fraudulent foreclosure" (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, rather than against Residential Capital, LLC.<br><br>Although the Objection sought to redesignate the claim to ditech, LLC, the Debtors hereby seek to redesignate the claim to GMAC Mortgage, LLC rather than ditech, LLC.<br><br>Respondent's proof of claim also asserts a priority claim in the amount of $250,000.00 pursuant to section 507(a) of the Bankruptcy Code but neither the proof of claim nor the Response indicates the nature or basis of such priority claim (i.e., a subparagraph of section 507(a) is not specified) or substantiates the assertion. |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Kenneth C. Thomas (Claim No. 3728) | *Response to Notice of Hearing on Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* | 5495 | According to the proof of claim filed against Residential Capital, LLC, Respondent asserts a $291,472.15 secured claim for "Mortgage". The proof of claim attaches a copy of a "Mortgage" naming Respondent as co-Borrower and United Home Loans, Inc. as Lender, but no other supporting documentation. The proof of claim does not assert any claims against any of the Debtors; it simply attaches a copy of a mortgage.<br><br>The Response, which does not include any supporting documentation, states that the basis for the amount of the claim is the "balance owed on condominium that was in foreclosure with GMAC despite attempts to modify that occurred only after sale to Ocwen", but there are no allegations of wrongdoing by, or claims of liability asserted against, any of the Debtors.<br><br>Respondent contends that his "claim" is secured because "[b]y definition, a mortgage loan is a "secured" loan.<br><br>Respondent does not have a security interest in the property; rather, the lender has a security interest in the property to secure repayment of the loan. In other words, the property secures the lender's claim against Respondent, not Respondent's purported "claim".<br><br>There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Respondent has a lien against or has a valid security interest in any of the Debtors' property or assets. In short, there is no basis for a secured claim.<br><br>According to the Debtors' books and records, the subject loan originated with United First Mortgage on or about March 28, |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | 2008.  GMAC Mortgage, LLC serviced the loan from May 1, 2008 to February 16, 2013, when servicing was transferred to Ocwen.  The basis of this purported claim is a servicing issue.<br><br>In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Respondent's claim was filed against the incorrect Debtor.  To the extent Respondent has a valid "claim" (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC. |

9

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Richard D. Rode (Claim No. 5610)[9] | *Response of Richard D Rode to Hearing on 36th [and 37th] Omnibus Objection to Claims Misclassified and Wrong Debtor Borrower Claims [William J Ridge]* | 5475 | According to the proof of claim filed against Residential Capital, LLC, Respondent asserts a $1,262,000.00 claim, of which $339,000.00 is purportedly secured, for "Escrow Overage/Overpayments, Mortgage Fraud, Damages, Respa Violation, Contingent." There is no supporting documentation attached to the proof of claim.<br><br>The Response contains a narrative purporting to support Respondent's allegations of fraud, misapplication of loan payments, mismanagement of an escrow account, and RESPA and other violations. The Response attaches various letters from Respondent's attorney to GMAC Mortgage, LLC regarding several of the above allegations, various responsive letters from GMAC Mortgage, LLC, and various letters from Respondent's attorney to Ocwen regarding a notice of servicing transfer (to Ocwen), but no other supporting documentation.<br><br>There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Respondent has a lien against or has a valid security interest in any of the Debtors' property or assets. Respondent does not explain why he is entitled to a secured claim. In short, there is no basis for a secured claim.<br><br>There is also no basis for a priority claim, which is asserted for first time (and only in passing) in the Response.<br><br>According to the Debtors' books and records, the subject loan |

---

[9]    Mr. Rode's Response also addresses another proof of claim (claim no. 5612) which is not the subject of the Objection.

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | originated with Southwest Mortgage Corp. on March 18, 2003.  The note was endorsed to Residential Funding Company, LLC and put into the RALI 2003-QS12 Trust with Deutsche Bank as trustee.  Homecomings Financial, LLC began servicing the loan on April 18, 2003 and serviced it until the branding change to GMAC Mortgage, LLC on July 1, 2009.  GMAC Mortgage, LLC serviced the loan until the platform sale to Ocwen on February 15, 2013.  In the Response, Respondent admits that GMAC Mortgage, LLC was the last servicer of Respondent's loan prior to the sale to Ocwen.<br><br>In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Respondent's claim was filed against the incorrect Debtor.  Indeed, it is evident from the narrative in the Response and the attachments thereto that to the extent Respondent has a valid claim (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC. |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Rhonda Deese (Claim No. 4927) | *Objection to Debtors Reclassifying and Redesignating Claim #4927 Rhonda Deese* | 5492 | According to the proof of claim filed against Residential Capital, LLC, Respondent asserts a $142,950 administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code for "Failure to Produce Regarding Real Estate". The proof of claim attaches a letter from Respondent to GMAC Mortgage requesting that GMAC Mortgage produce all loan origination documents, a full accounting history, proof of ownership of the loan, and the loan originator's contact information, but no other supporting documentation.<br><br>The Response attaches the proof of claim, the attachment thereto, a follow up letter from Respondent to GMAC Mortgage regarding Respondent's "Request to Produce" letter, and proofs of mailing and/or delivery, but no other supporting documentation. In the Response, Respondent asserts that she is entitled to an administrative priority claim because she did not receive materials in response to her "Request to Produce" letter. She also asserts that she is entitled to a claim against "Residential Capital, LLC, et al. aka GMAC" because that is how she filled out her proof of claim and the Debtors' bankruptcy cases are jointly administered.<br><br>GMAC is not an "aka" for Residential Capital, LLC.<br><br>There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Respondent is entitled to an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code or otherwise. Respondent's explanation why she is entitled to an administrative priority claim is without merit. In short, there is no legal or factual basis for an administrative priority claim. |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
|  |  |  | According to the Debtors' books and records, the subject loan originated with Ampro Mortgage Corporation (DBA Westworks Mortgage) on or about June 10, 2005. At some point after origination, Residential Funding Company, LLC purchased the loan and placed the loan in a securitization trust RAMP 2005-RS7. Homecomings Financial, LLC serviced the loan from August 1, 2005 to July 1, 2009 and GMAC Mortgage, LLC serviced the loan from July 1, 2009 to February 16, 2013, when servicing was transferred to Ocwen.<br><br>In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Respondent's claim was filed against the incorrect Debtor. Indeed, it is evident from the correspondence attached to the proof of claim and the Response that to the extent Respondent has a valid claim (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC. |

13