**Exhibit 2**

**Response to the Thirty-Seventh Omnibus Claims Objection**

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| William J. Ridge (Claim Nos. 2589, 2590, 2591, 2592, 2593 and 2594) | *Notice of Hearing on Thirty-Seventh Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)*[10] | 5337/5478 | According to each of the proofs of claim filed against Residential Capital, LLC, Respondent asserts a secured claim (equal to a purported down payment made in connection with the purchase of certain real estate) on the ground that "RESCAP" purportedly would not allow a good faith mortgage modification. The proofs of claim attach no supporting documentation.<br><br>The Response, which also does not include any supporting documentation, states that "Claimant relied on Debtors word, actions, knowledge, underwriting expertise to fund loans [and] … [t]herefore, Claimant has a 'secured' financial stake in each loan/debt"; that "Claimant can show lender underwriting fraud to secure loans for the Claimant [and] … [t]herefore the Claimant has a legitimate right to maintain financial claim as 'Secured'"; and that "Claimant maintains 'secured' status of claim for refund of down payments/expenses used to secure loans issued by … Residential Capital, LLC."<br><br>There are no documents appended to either the proofs of |

---

[10]   Mr. Ridge submitted a single Response with respect to the reclassification of each of his claims. The Response does not address the redesignation of his claims.

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | claim or the Response purporting to show that Respondent has a lien against or a valid security interest in any of the Debtors' property or assets. Respondent's purported explanation in the Response does not entitle him to a secured claim. In short, there is no basis for a secured claim.<br><br>According to the Debtors' books and records, with respect to claim nos. 2589, 2592, 2593 and 2594, the subject loans originated with The Money Store Financial Inc. on or about July 26, 2006. GMAC Mortgage, LLC serviced the loans on behalf of investor U.S. Bank National Series ID BSSLT 2007-1 from April 2, 2007 to December 19, 2008, when they were servicing transferred to Candlerock Joint Venture LP. No other Debtor entity had any involvement with the loans as an originator, investor or servicer. Some of Respondent's claims relate to origination-based allegations, as well as servicing, and no Debtor was involved with the origination.<br><br>According to the Debtors' books and records, with respect to claim nos. 2590 and 2591, the subject loans originated with Homecomings Financial Inc. on or about January 7, 2002. At some point after origination, Residential Funding Company, LLC purchased the loans and placed the loans in a securitization trust RAAC 2007-RP2. Homecomings Financial, LLC serviced the loans on behalf of investor Residential Funding Company Series ID RAAC 2007-RP2 from January 7, 2002 to March 28, 2008 when they were paid in full. Some of Respondent's claims relate to origination-based allegations, as well as servicing.<br><br>In addition, there are no documents appended to either the proofs of claim or the Response that dispute the Debtors' contention that Respondent's claims were filed against the incorrect Debtor. To the extent Respondent has valid claims |

15

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | (which the Debtors do not admit), they are claims against GMAC Mortgage, LLC (in the case of claim nos. 2589, 2592, 2593 and 2594) or Homecomings Financial, LLC (in the case of claim nos. 2590 and 2591), the Debtor entities to which the Debtors seek to redesignate the claims, rather than against Residential Capital, LLC.<br><br>Respondent's assertion, in each of his proofs of claim, of a priority claim pursuant to section 507(a)(7) of the Bankruptcy Code also fails because any deposit Respondent made was not made with the Debtors, nor is there any allegation that the property was not delivered to Respondent. |