# Exhibit 3

# Supplemental Horst Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS' THIRTY-SIXTH AND THIRTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS)**

I, Deanna Horst, hereby declare as follows:

**BACKGROUND**

1. I am the Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors").[1] I have been employed by affiliates of ResCap since August of 2001. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance -- a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1115080 v3

responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the *Debtors' Omnibus Reply in Support of Debtors' Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims (Misclassified and Wrong Debtor Borrower Claims)* (the "Reply").[2]

2. Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Supplemental Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in the Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.

4. I or my designee at my direction have reviewed and analyzed the Responses and the statements and exhibits if any, submitted in support thereof. In connection with this analysis, where applicable, the Debtors have reviewed (a) information supplied or verified by personnel in departments within the Debtors' various business units, (b) the Books

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Reply.

2

ny-1115080 v3

and Records, (c) the Schedules, (d) the Respondents' filed proofs of claim, and/or (e) the official claims register maintained in the Debtors' Chapter 11 Cases.

**GENERAL**

5.    As stated in the Reply, the Debtors received no additional information from the Respondents, either in the Responses or through subsequent communications with the Respondents, which would support the alleged security interest in the Debtors' property in connection with the Respondents' asserted claims or the Respondents' purported entitlement to an administrative or other priority claim.

6.    Moreover, as stated in the Reply, the Debtors received no additional information from the Respondents, either in the Responses or through subsequent communications with the Respondents, which disputes the Debtors' contention that each of the Respondents' claims was filed against the incorrect Debtor. Each of the Respondents (all of whom are Borrowers) filed proofs of claim against Residential Capital, LLC notwithstanding the absence of a contractual or other relationship with that Debtor entity. Rather, each of the Respondents had a contractual or other relationship with the Debtor entity to which redesignation is sought -- either GMAC Mortgage, LLC or Homecomings Financial, LLC -- because those Debtor entities served as either loan servicer (in the vast majority of cases) or loan originator vis-a-vis the Respondents.[3] Residential Capital, LLC is (a) a holding company that is the indirect parent of each of GMAC Mortgage, LLC and Homecomings Financial, LLC, and (b) neither a lender nor a loan servicer. Therefore, to the extent that the Respondents have a valid claim, it is

---

[3]    Although the thirty-sixth omnibus Objection sought to redesignate the claim of Ernestine Ray (claim no. 4381) from Residential Capital, LLC to GMAC Mortgage, LLC, the Debtors now seek to redesignate the claim to Homecomings Financial, LLC rather than GMAC Mortgage, LLC for the reasons set forth on Exhibit 1 to the Reply. Although the thirty-sixth omnibus Objection sought to redesignate the claim of Deborah L. Wetzel (claim no. 2198) from Residential Capital, LLC to ditech, LLC, the Debtors now seek to redesignate the claim to GMAC Mortgage, LLC rather than ditech, LLC for the reasons set forth on Exhibit 1 to the Reply.

3

ny-1115080 v3

against the Debtor entity to which redesignation is sought. In short, the Respondents have failed to provide evidence demonstrating that such claims were filed against the proper Debtor.

## CLAIM OF ERNESTINE RAY

7. According to the proof of claim (claim no. 4381) filed against Residential Capital, LLC, Ernestine Ray ("Ray") asserts a $90,000 secured claim for "Mortgage Note Payment and Taxes" equal to the purported value of certain real estate. The proof of claim attaches a mortgage account statement from GMAC Mortgage but no other supporting documentation.

8. The Response, which does not include any supporting documentation, contains several unsubstantiated allegations concerning a purported "predatory loan" and "bogus and predatory mortgage" and that Ray was "overcharged".

9. There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Ray has a lien against or has a security interest in any of the Debtors' property or assets. Ray does not explain why she is entitled to a secured claim.

10. According to the Debtors' books and records, the subject loan originated with Old Kent Mortgage (DBA Novelle Financial Services) on or about April 11, 2001. At some point after origination, Residential Funding Company, LLC purchased the loan and placed the loan in a securitization trust RASC 2005-KS11. Homecomings Financial, LLC serviced the loan from 2001 to 2009 and GMAC Mortgage, LLC serviced the loan from 2009 to February 16, 2013, when it was servicing transferred to Ocwen. The basis of this purported claim is a servicing issue that appears to span a period of time in which Homecomings Financial, LLC and GMAC Mortgage, LLC serviced the loan. The bulk of Ray's allegations appear to have occurred when Homecomings Financial, LLC was the servicer.

4

ny-1115080 v3

11.     In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Ray's claim was filed against the incorrect Debtor. Indeed, as set forth above, to the extent Ray has a valid claim (which the Debtors do not admit), it is a claim against Homecomings Financial, LLC, rather than against Residential Capital, LLC.

## CLAIM OF MICHELLE LAWSON

12.     According to the proof of claim (claim no. 5282) filed against Residential Capital, LLC, Michelle Lawson ("Lawson") asserts an $89,667.98 claim, of which $51,300.00 is purportedly secured, based upon a "Secondary Mortgage Note". The proof of claim attaches a "Statement of Claims", a copy of a "Secondary Mortgage Note", and several mortgage account statements from GMAC Mortgage. Lawson asserts that the Secondary Mortgage Note and corresponding mortgage "should be considered voidable and rescinded upon the theory of mistake"; that the loan and mortgage had "predatory characteristics"; that the lender and/or mortgage originator engaged in "abusive or unfair lending practices" and "mischaracterize[ed] the consumer's credit history and/or the appraised value of the property"; and that the Secondary Mortgage Note and corresponding mortgage "should be rescinded on the grounds of misrepresentation of fact and/or law …" and that Lawson "was fraudulently induced to contract for the Mortgage and the Note".

13.     In the Response, which attaches the proof of claim and some of the attachments thereto, but no other supporting documentation, Lawson contends that her claim is entitled to secured and/or administrative treatment for a combination of reasons including that the Secondary Mortgage Note "was perfected upon attachment"; that Lawson has "possession of the collateral, the Property (as defined in the Response)"; that Lawson has a right of setoff; that

5

ny-1115080 v3

Lawson "has possession of the security interest" and "notice was provided to all third parties via the recording of the deed".

14. There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Lawson has a lien against or has a valid security interest in any of the Debtors' property or assets (or that Lawson has an administrative claim). The Debtors are not aware that they hold any claims against Lawson.

15. According to the Debtors' books and records, the subject loan originated with Trident Mortgage on or about December 3, 2004. GMAC Mortgage, LLC serviced the loan on behalf of investor Wells Fargo Bank, NA Series ID BSSLT 2007-SV1 from March 13, 2007 to February 16, 2013, when servicing was transferred to Ocwen. No other Debtor entity had any involvement with the loan as an originator, investor or servicer. The bulk of Lawson's claims relate to origination-based allegations and no Debtor was involved with the origination.

16. In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Lawson's claim was filed against the incorrect Debtor. Indeed, it is evident from the mortgage account statements attached to the proof of claim and/or the Response that to the extent Lawson has a valid claim (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC.

## CLAIM OF DEBORAH L. WETZEL

17. According to the proof of claim (claim no. 2198) filed against Residential Capital, LLC, Deborah L. Wetzel ("Wetzel") asserts a $255,000.00 claim, of which $205,000.00 is purportedly secured, for breach of fiduciary duty, breach of contract, fraud, misrepresentation

6

and discrimination. The proof of claim attaches a copy of a "Deed of Trust" and a "Modification of Deed of Trust Rider".

18.     The Response, which does not include any supporting documentation, states that the basis for the claim against the "Debtor" (defined by Wetzel as GMAC Mortgage, LLC as subsidiary of Residential Capital, LLC) is fraudulent foreclosure and contains several unsubstantiated allegations supporting that theory. Wetzel asserts that the Debtor sold the Deed of Trust and note to Freddie Mac prior to commencing foreclosure proceedings and, therefore, the Debtor did not have a fiduciary interest in the Deed of Trust at the time of the foreclosure. Wetzel further asserts that ditech, LLC at no time had a fiduciary interest in the Deed of Trust and note.

19.     There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Wetzel has a lien against or has a security interest in any of the Debtors' property or assets. Wetzel does not explain why she is entitled to a secured claim.

20.     According to the Debtors' books and records, ditech, LLC originated, and GMAC Mortgage, LLC serviced, the subject loan. ditech, LLC sold the loan to Freddie Mac, and GMAC Mortgage, LLC continued to service the loan after the sale. GMAC Mortgage, LLC, as servicer, had the right to commence, and in fact commenced, foreclosure proceedings against Wetzel on behalf of Freddie Mac.

21.     In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Wetzel's claim was filed against the incorrect Debtor. Indeed, as set forth above, to the extent Wetzel has a claim for "fraudulent

7

foreclosure" (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, rather than against Residential Capital, LLC.

### CLAIM OF KENNETH C. THOMAS

22.  According to the proof of claim (claim no. 3728) filed against Residential Capital, LLC, Kenneth C. Thomas ("Thomas") asserts a $291,472.15 secured claim for "Mortgage". The proof of claim attaches a copy of a "Mortgage" naming Thomas as co-Borrower and United Home Loans, Inc. as Lender, but no other supporting documentation. The proof of claim does not assert any claims against any of the Debtors; it simply attaches a copy of a mortgage.

23.  The Response, which does not include any supporting documentation, states that the basis for the amount of the claim is the "balance owed on condominium that was in foreclosure with GMAC despite attempts to modify that occurred only after sale to Ocwen", but there are no allegations of wrongdoing by, or claims of liability asserted against, any of the Debtors.

24.  Thomas contends that his "claim" is secured because "[b]y definition, a mortgage loan is a "secured" loan.

25.  There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Thomas has a lien against or has a security interest in any of the Debtors' property or assets.

26.  According to the Debtors' books and records, the subject loan originated with United First Mortgage on or about March 28, 2008. GMAC Mortgage, LLC serviced the loan from May 1, 2008 to February 16, 2013, when servicing was transferred to Ocwen. The basis of this purported claim appears to be a servicing issue.

8

ny-1115080 v3

27. In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Thomas' claim was filed against the incorrect Debtor. To the extent Thomas has a valid "claim" (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC.

## CLAIM OF RICHARD D. RODE

28. According to the proof of claim (claim no. 5610) filed against Residential Capital, LLC, Richard D. Rode ("Rode") asserts a $1,262,000.00 claim, of which $339,000.00 is purportedly secured, for "Escrow Overage/Overpayments, Mortgage Fraud, Damages, Respa Violation, Contingent". There is no supporting documentation attached to the proof of claim.

29. The Response contains a narrative purporting to support Rode's allegations of fraud, misapplication of loan payments, mismanagement of an escrow account, and RESPA and other violations. The Response attaches various letters from Rode's attorney to GMAC Mortgage, LLC regarding several of the above allegations, various responsive letters from GMAC Mortgage, LLC, and various letters from Rode's attorney to Ocwen regarding a notice of servicing transfer (to Ocwen), but no other supporting documentation.

30. There are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Rode has a lien against or has a valid security interest in any of the Debtors' property or assets. Rode does not explain why he is entitled to a secured claim.

31. According to the Debtors' books and records, the subject loan originated with Southwest Mortgage Corp. on March 18, 2003. The note was endorsed to Residential Funding Company, LLC and put into the RALI 2003-QS12 Trust with Deutsche Bank as trustee.

9

ny-1115080 v3

Homecomings Financial, LLC began servicing the loan on April 18, 2003 and serviced it until the branding change to GMAC Mortgage, LLC on July 1, 2009. GMAC Mortgage, LLC serviced the loan until the platform sale to Ocwen on February 15, 2013. In the Response, Rode admits that GMAC Mortgage, LLC was the last servicer of Rode's loan prior to the sale to Ocwen.

32. In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Rode's claim was filed against the incorrect Debtor. Indeed, it is evident from the narrative in the Response and the attachments thereto that to the extent Rode has a valid claim (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC.

## CLAIM OF RHONDA DEESE

33. According to the proof of claim (claim no. 4927) filed against Residential Capital, LLC, Rhonda Deese ("Deese") asserts a $142,950 administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code for "Failure to Produce Regarding Real Estate". The proof of claim attaches a letter from Deese to GMAC Mortgage requesting that GMAC Mortgage produce all loan origination documents, a full accounting history, proof of ownership of the loan, and the loan originator's contact information, but no other supporting documentation.

34. The Response attaches the proof of claim, the attachment thereto, a follow up letter from Deese to GMAC Mortgage regarding Deese's "Request to Produce" letter, and proofs of mailing and/or delivery, but no other supporting documentation. In the Response, Deese asserts that she is entitled to an administrative priority claim because she did not receive materials in response to her "Request to Produce" letter. She also asserts that she is entitled to a

10

claim against "Residential Capital, LLC, et al. aka GMAC" because that is how she filled out her proof of claim and the Debtors' bankruptcy cases are jointly administered.

35. GMAC is not an "aka" for Residential Capital, LLC.

36. I am advised by the Debtors' bankruptcy counsel that there are no documents appended to either the proof of claim or the Response evidencing or demonstrating that Deese is entitled to an administrative priority claim pursuant to section 503(b)(9) of the Bankruptcy Code or otherwise. Deese did not provide any goods to the Debtors within twenty days of the Petition Date.

37. According to the Debtors' books and records, the subject loan originated with Ampro Mortgage Corporation (DBA Westworks Mortgage) on or about June 10, 2005. At some point after origination, Residential Funding Company, LLC purchased the loan and placed the loan in a securitization trust RAMP 2005-RS7. Homecomings Financial, LLC serviced the loan from August 1, 2005 to July 1, 2009 and GMAC Mortgage, LLC serviced the loan from July 1, 2009 to February 16, 2013, when servicing was transferred to Ocwen.

38. In addition, there are no documents appended to either the proof of claim or the Response that dispute the Debtors' contention that Deese's claim was filed against the incorrect Debtor. Indeed, it is evident from the correspondence attached to the proof of claim and the Response that to the extent Deese has a valid claim (which the Debtors do not admit), it is a claim against GMAC Mortgage, LLC, the Debtor entity to which the Debtors seek to redesignate the claim, rather than against Residential Capital, LLC.

### CLAIM OF RONALD A. ERIKSEN, JR.

39. According to the proof of claim (claim no. 5580) filed against Residential Capital, LLC, Ronald A. Eriksen ("Eriksen") asserts a $1,000,000 claim, of which $475,000 is

purportedly secured, for "Fraud, Consp. to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract and other wrongful acts." There is no supporting documentation attached to the proof of claim.

40. Eriksen is a Borrower under a mortgage executed on November 9, 2005 in favor of GMAC Mortgage Corporation. Eriksen's mortgage was serviced by the Debtors beginning on the same date. The mortgage subsequently fell into default and the Debtors commenced foreclosure proceedings against Eriksen on June 7, 2010. A judgment of foreclosure was entered on February 18, 2011. On June 14, 2011, Eriksen appealed the judgment. The appeal is still pending. The Debtors transferred the servicing rights with respect to Eriksen's mortgage to Ocwen Loan Servicing, LLC on February 16, 2013. Since that date, the Debtors have held no interest with respect to Eriksen's mortgage.

41. As stated in the Reply, Eriksen seems to be arguing that he opposes redesignation because his claim is not against GMAC Mortgage, LLC, but *against GMAC Mortgage Corporation*. Response at Exhibit 1, p.4. GMAC Mortgage Corporation merged into GMAC Mortgage, LLC on October 24, 2006. Prior to the merger, Eriksen's mortgage was serviced by GMAC Mortgage Corporation; subsequent to the merger it was serviced by GMAC Mortgage, LLC.

42. As stated in the Reply, Eriksen asserts that the Debtors failed to send a letter to Eriksen requesting additional documentation in support of his claim before filing the Objection, as required by the Procedures Order. Eriksen is mistaken. The Debtors mailed Request Letters to Eriksen on May 24, 2013. And indeed, an excerpt from the Debtors' Request Letters is attached to the Response. See Response at Exhibit A, pp. 2-3.

## CLAIMS OF WILLIAM J. RIDGE

43. According to each of the proofs of claim (claim nos. 2589, 2590, 2591, 2592, 2593 and 2594) filed against Residential Capital, LLC, William J. Ridge ("Ridge") asserts a secured claim (equal to a purported down payment made in connection with the purchase of certain real estate) on the ground that "RESCAP" purportedly would not allow a good faith mortgage modification. The proofs of claim attach no supporting documentation.

44. The Response, which also does not include any supporting documentation, states that "Claimant relied on Debtors word, actions, knowledge, underwriting expertise to fund loans [and] … [t]herefore, Claimant has a 'secured' financial stake in each loan/debt"; that "Claimant can show lender underwriting fraud to secure loans for the Claimant [and] … [t]herefore the Claimant has a legitimate right to maintain financial claim as 'Secured'"; and that "Claimant maintains 'secured' status of claim for refund of down payments/expenses used to secure loans issued by … Residential Capital, LLC."

45. There are otherwise no documents appended to either the proofs of claim or the Response purporting to show that Ridge has a lien against or a valid security interest in any of the Debtors' property or assets.

46. According to the Debtors' books and records, with respect to claim nos. 2589, 2592, 2593 and 2594, the subject loans originated with The Money Store Financial Inc. on or about July 26, 2006. GMAC Mortgage, LLC serviced the loans on behalf of investor U.S. Bank National Series ID BSSLT 2007-1 from April 2, 2007 to December 19, 2008, when they were servicing transferred to Candlerock Joint Venture LP. No other Debtor entity had any involvement with the loans as an originator, investor or servicer. Some of Ridge's claims relate

13

ny-1115080 v3

to origination-based allegations, as well as servicing, and no Debtor was involved with the origination.

47. According to the Debtors' books and records, with respect to claim nos. 2590 and 2591, the subject loans originated with Homecomings Financial Inc. on or about January 7, 2002. At some point after origination, Residential Funding Company, LLC purchased the loans and placed the loans in a securitization trust RAAC 2007-RP2. Homecomings Financial, LLC serviced the loans on behalf of investor Residential Funding Company Series ID RAAC 2007-RP2 from January 7, 2002 to March 28, 2008 when they were paid in full. Some of Ridge's claims relate to origination-based allegations, as well as servicing.

48. In addition, there are no documents appended to either the proofs of claim or the Response that dispute the Debtors' contention that Ridge's claims were filed against the incorrect Debtor. To the extent Ridge has valid claims (which the Debtors do not admit), they are claims against GMAC Mortgage, LLC (in the case of claim nos. 2589, 2592, 2593 and 2594) or Homecomings Financial, LLC (in the case of claim nos. 2590 and 2591), the Debtor entities to which the Debtors seek to redesignate the claims, rather than against Residential Capital, LLC.

## CONCLUSION

49. Accordingly, based upon the aforementioned review of the Books and Records, the Responses and the other documents recited herein, and for the reasons set forth in the Objections and the Reply, the relief requested in the Objections (as modified in the cases of Ernestine Ray and Deborah L. Wetzel as set forth in the Reply) should be granted as to each of the Respondents.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

ny-1115080 v3

Dated: November 13, 2013

      /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for Residential Capital, LLC