Hearing Date:  November 15, 2013 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' SECOND OMNIBUS REPLY IN SUPPORT OF DEBTORS' TWENTY-SIXTH OMNIBUS CLAIM OBJECTION (BORROWER CLAIMS WITH <u>INSUFFICIENT DOCUMENTATION</u>)**

ny-1117208

Residential Capital, LLC ("ResCap") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this omnibus reply (the "Reply") to certain responses, objections, and oppositions (collectively, the "Responses") interposed by those claimants (collectively, the "Claimants"), listed on Exhibit 1 annexed hereto, to the *Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* [Docket No. 4734] (collectively, the "Objection"). In support of the Reply, the Debtors submit the Supplemental Declaration of Deanna Horst, ResCap's Chief Claims Officer, annexed hereto as Exhibit 3 (the "Supplemental Declaration"). In further support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

2. The Debtors examined each of the Responses and the statements and exhibits submitted in support thereof. Exhibit 1 contains a summary of each Claimant's Response, detailing the additional documentation and information provided in support of each claim at issue. Copies of the claims that are at issue in the Responses are attached hereto as Exhibit 2.

3. As described in greater detail in the Supplemental Declaration, the Debtors thoroughly examined their books and records in an effort to validate the accuracy of the

ny-1117208

allegations made in the Responses and the claims at issue, and the Debtors' books and records do not show any liability due and owing to the Claimants. For the reasons set forth in the Objections, this Reply, and the Supplemental Declaration, each Claimant has failed to provide sufficient documentation in support of its claim or any other explanation as to why its claim is valid and should be allowed against the Debtors. Accordingly, the relief sought in the Objection should be granted with respect to the Claimants.

## BACKGROUND

4.  In connection with the claims reconciliation process, the Debtors identified certain claims filed by Borrowers[1] that either (i) fail to identify the amount of the claim and the basis for the claim or (ii) identify the claim amount but do not provide any explanation or attach any supporting documentation to substantiate the basis for the claim amount (together, the "Insufficient Documentation Claims").

5.  After consulting with SilvermanAcampora LLP, special borrowers' counsel to the official committee of unsecured creditors ("Special Counsel"), the Debtors sent Request Letters to the Borrowers who filed the Insufficient Documentation Claims requesting additional documentation in support of such claims. The Request Letters state that the Claimant must respond within 30 days with an explanation that states the legal and factual reasons why the Claimant believes it is owed money or is entitled to other relief from the Debtors, and the Claimant must provide copies of any and all documentation that the Claimant believes supports the basis for its claim. The Request Letters further state that if the Claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1117208

formal objection to the Claimant's claim, seeking to have the claim disallowed and permanently expunged.

6. The Debtors did not receive any response to the Request Letters from the holders of the Insufficient Documentation Claims (including the Claimants) after the 30-day response deadline passed and the Debtors' books and records do not show any liability due and owing to the Claimants. Accordingly, the Debtors filed the Objection to the Insufficient Documentation Claims.

7. After the Debtors filed the Objection, the Claimants submitted the Responses, as summarized in Exhibit 1 annexed hereto.

## **REPLY**

8. Bankruptcy Rule 3001(c)(1) instructs that:

> [w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

9. If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (J. Glenn). Moreover, where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed. See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not

3

sufficient for the objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

10. Upon review of the Responses, together with a detailed review of Debtors' books and records (as described in greater detail in the Supplemental Declaration), the Debtors determined that the Responses detailed in Exhibit 1 fail to substantiate the validity of the Claimants' respective claims, for which there is no support in the Debtors' books and records. Accordingly, the Insufficient Documentation Claims to which the Responses apply should be disallowed and expunged.

## CONCLUSION

11. WHEREFORE, the Debtors respectfully submit that the relief sought in the Objection should be granted.

Dated: November 13, 2013
New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Jonathan M. Petts
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*