## **Exhibit 1**

## **The Responses**

**Exhibit 1**

**The Responses**

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| *Twenty-Sixth Omnibus Claim Objection* | | | |
| Mary Lynn Weber<br><br>(Claim No. 3474) | *Response of Mary Lynn Weber to Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* | 5044 | The proof of claim asserts a $99,619.60 unsecured claim against GMAC Mortgage, LLC ("GMACM"), the stated basis of which is "Mortgage Note – Debtor improperly applied payments."  In the Response, the Claimant alleges that GMACM and Residential Funding Company, LLC ("RFC") unlawfully accepted loan payments from the Claimant that should have gone to the loan's true owner, RFM SI Series 2007-SA2 Trust.  The Claimant asserts that she should be reimbursed all of the payments she made under the loan because the payments went to the wrong entity.  In addition, the Claimant alleges that GMACM and RFC were never properly assigned the loan and as a result did not have the authority to foreclose on the property.  Finally, the Claimant alleges that the Debtor failed to comply with Nevada's foreclosure mediation program rules in foreclosing on her property, which convinced the state-appointed mediator to cancel the foreclosure and recommend sanctions against the debtor.<br><br>The Debtors' books and records reveal that the Claimant's allegations are meritless.  Ohio Savings originated the loan on January 22, 2007 and shortly thereafter sold the loan to GMAC Bank.  GMAC Bank subsequently sold the loan to RFC.  GMACM serviced the loan on behalf of both GMAC Bank and RFC under separate servicing agreements until the servicing of the loan was transferred to GreenTree on February 1, 2013.  At all times that GMACM was the servicer of the Claimant's loan, the Debtor had the right to collect payments and otherwise enforce the terms of the note and Deed of Trust.  The Claimant's assertion that a trust is the true owner of the loan and the only one entitled to collect payments |

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | is mistaken.<br><br>Additionally, the Nevada foreclosure process was only stopped on September 10, 2012 due to the notice of default no longer being valid. The foreclosure process was restarted just over two weeks later on September 27, 2012 once an updated notice of default was filed. The loan was still in active foreclosure at the time of the transfer to 21st Mortgage Corporation on October 12, 2013. |

2

| CLAIMANT & CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| The Estate of Felicia Victoria Mitchell<br><br>(Claim No. 5724) | None | None | The proof of claim asserts a $62,313.77 unsecured claim against GMACM, the stated basis of which is "Foreclosure Action Costs, Fees, Expenses, Damages; Unapplied/Misapplied Payments; Retained Escrow Surplus; Real Estate Tax, etc." The proof of claim attaches a purported itemization of damages and a court order appointing Karen Anne Mitchell-Smith as temporary administrator of the Claimant.<br><br>The Claimant's original response deadline to the Debtors' claim objection was September 16, 2013. On September 23, 2013, the day before the Debtors' objection to the claim was scheduled to be heard, Ms. Mitchell-Smith filed a *Motion for Extension of Time to File Creditor's Objection to Debtors' Twenty-Sixth Omnibus Objections to Claims and Motion for Continuance of Hearing Thereof* [Docket No. 5165]. The motion requested an extension of the Claimant's response deadline to October 8, 2013, and an adjournment of the hearing on the matter.<br><br>On September 23, 2013, Debtors' counsel left a voicemail with Ms. Mitchell-Smith agreeing to adjourn the matter to the November omnibus hearing. And on October 1, 2013, Debtors' counsel spoke with Ms. Mitchell-Smith over the telephone and granted her request for an extension of the response deadline, agreeing to consider any response postmarked by October 18, 2013. To date, the Claimant has failed to submit any supporting documentation or explanation to substantiate the claim.<br><br>The Debtors' books and records provide no support for any of the allegations or purported damages asserted in the proof of claim. |

ny-1117208