# Exhibit 1

### Responses to Fiftieth Omnibus Objection to Claims

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Mary Critchley<br><br>(Claim No. 1576) | Response of Mary Critchley to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5316 | Ms. Critchley filed the proof of claim with the stated bases of wrongful foreclosure, loss of income, rent paid during period deprived of home, mental suffering and credit damage.  Ms. Critchley attached to the proof of claim a list of supporting documents.<br><br>Ms. Critchley's Response states that she had a mortgage that was assigned to the Debtors in fall of 2009.  Ms. Critchley alleges that in December 2009, the Debtors increased Ms. Critchley t's payments by requiring escrow of taxes, and she was unable to pay the new monthly amounts.  Ms. Critchley further alleges that the Debtors advised her to stop making her monthly mortgage payments for ninety (90) days so that the Debtors could provide a loan modification.  However, Ms. Critchley states that after she stopped making payments she was advised that her house was being foreclosed upon and that she needed to leave the house.  In August 2011, Ms. Critchley indicates that she was informed that her home was never sold or foreclosed; however, Ms. Critchley's credit report states the opposite.  Ms. Critchley contends that the Debtors again threatened to foreclose.  As a result of the Debtors' demand that Ms. Critchley leave her home, Ms. Critchley contends that her home has been vacant since September 15, 2010.  Ms. Critchley asserts that her damages include moving costs, rental costs, loss of Ms. Critchley's business and income due to false |

ny-1116812

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | credit report of the first foreclosure and continued losses due to a recent foreclosure again reported on her credit report and pain and suffering. |
| Rainer P. Warner (Claim No. 1574) | Response of Rainer P. Warner to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5369 | The proof of claim was filed with the stated basis of personal injury/ mortgage note. Mr. Warner asserts that (i) the foreclosure action was pursued because mortgage payments were inaccurately processed/ applied and (ii) loan modifications have been denied even though Mr. Warner was qualified and submitted the necessary documents. Mr. Warner further alleges that the Debtors failed to submit any record of evidence proving that it had the right to enforce the note on the date the complaint was filed and that summary judgment was improperly entered because a question of fact remained. Mr. Warner also alleges that his mortgage was accelerated through fraudulent charges and fees.<br><br>Mr. Warner's Response, among other things, (i) questions whether Deutsche Bank owned the note before the foreclosure, (ii) states that there was not a date showing when the note was transferred and (iii) |

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | questions whether ResCap or Deutsche established a false document during the time of the foreclosure proceeding. |
| Pamela D. Longoni, Lacey Longoni and Jean M. Gagnon<br><br>(Claim Nos. 2292, 2293, 2296 and 2297) | Response of Pamela D. Longoni, Lacey Longoni and Jean M. Gagnon to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5420 | Ms. Gagnon and Ms. Longoni filed proofs of claim on the basis of wrongful foreclosure and sale of residential property.  The claims relate to Pamela D. Longoni individually and as Guardian Ad Litem for Lacey Longoni and Jean M. Gagnon  v. GMAC Mortgage, LLC, Executive Trustee Services, LLC, Residential Funding Company, LLC, Residential Asset Mortgage Products, Inc. (as well as other non-debtor defendants), filed in the United States District Court for the District of Nevada.<br><br>Ms. Gagnon and Ms. Longoni's Response asserts that their claims are valid with respect to Residential Funding Company, LLC ("RFC") because RFC directed the loan modification activities of GMACM and later the activities of Executive Trustee Services, which later foreclosed upon the Ms. Gagnon and Ms. Longoni's home, and therefore are equally responsible for the tortious conduct of those entities.  For the claims against Residential Asset Mortgage Products, Inc. ("RAMPI"), Ms. Gagnon and Ms. Longoni s assert that entity was the holder of the note and security interest on Ms. Gagnon and Ms. Longoni's loan and, under controlling Nevada |

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | law, was obligated to participate in a mandatory foreclosure mediation program before foreclosing upon that interest.  Because the Debtor failed to do so, the subsequent foreclosure was unlawful under Nevada law. |
| Jacqueline A. Warner<br><br>(Claim No. 3502) | Response of Jacqueline A. Warner to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5454 | Ms. Warner filed the proof of claim on the basis that the alleged loan is claimed as an asset in GMACM's chapter 11 proceedings even though the loan is paid in full and no longer of value to GMACM.  Among other things, Ms. Warner attached to the proof of claim a notice of right to cancel, asserting that the loan/mortgage process and deed of trust/security instrument were obtained by wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation.  Ms. Warner alleges that the lender never provided her with true, complete, accurate or timely documents as required.<br><br>Ms. Warner's Response characterizes the proof of claim as a claim for violation of a discharge injunction pursuant to section 727(b) of the Bankruptcy Code.  Ms. Warner further alleges that over a three year period ResCap, or one of its subsidiaries, refused to file a release of its recorded lien on Ms. Warner's property, despite the fact that the Debtors' security interest had been voided by operation of law when Ms. Warner rescinded her acceptance of the loan.  Ms. Warner further alleges that such refusal led to payment to the Debtors in the amount of $1,049,761.96 in order to clear the wrongfully-maintained lien on the property, when |

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | that property was sold on November 19, 2012. Ms. Warner also alleges that her notice of cancellation served to void the Debtors' security interest and render the Debtors' claim against Ms. Warner in her bankruptcy proceedings unsecured. Ms. Warner contends that the Debtors' claim was then fully discharged. In addition, Ms. Warner argues that the Debtors cannot expunge Ms. Warner's proof of claim by arguing that it is a holder in due course of Ms. Warner's obligation because (i) the Debtors are not holders in due course under Article 3 of the UCC and (ii) even if they were, such status does not entitle the holder to collect on an obligation that has been discharged in bankruptcy. |
| Felix O. Abu (Claim No. 4199) | Response of Felix O. Abu to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5471 | Mr. Abu filed a proof of claim with the stated basis of a mortgage note.<br><br>Mr. Abu's Response alleges fraudulent and wrongful foreclosures on the part of the Debtors along with conversion. |

5

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Dennis G. and Marcene L. Burgin<br><br>(Claim No. 4494) | Response of Dennis G. and Marcene L. Burgin to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5472 | Mr. and Ms. Burgin filed the proofs of claim asserting that they had a home equity line of credit ("HELOC") that Mr. and Ms. Burgin were using as a checking account with all income being deposited into the HELOC. Mr. and Ms. Burgin allege that the Debtors froze the HELOC, thereby tying up Mr. and Ms. Burgin's income.<br><br>Mr. and Ms. Burgin's Response asserts that the Debtors breached a contract when they changed the terms of Mr. and Ms. Burgin's loan. Mr. and Ms. Burgin contend that they have never been in breach of the loan. |
| James C. Jackson<br><br>(Claim No. 4664) | Response of James C. Jackson to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5494 | Mr. Jackson filed the proof of claim with the stated basis that the Debtors hold a mortgage on property that was sold to Mr. Jackson fraudulently or negligently. Mr. Jackson attached to the proof of claim a fourth amended complaint filed by Winifred Collins-Lee, Rasheeda L. Fisher and James Jackson against Foreit Properties, LLC and Mark Foreit in the Circuit Court of Cook County, County Department, Law Division.<br><br>Mr. Jackson's Response alleges that he purchased a defective garden unit condo that should not have been sold to him. Mr. Jackson notes that he is already involved in litigation pertaining to this matter with the City of Chicago, which levied violations of the condo for flooding issues, and the developers from whom Mr. Jackson purchased the |

6

ny-1116812

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| | | | condo. |
| Floyd Green<br><br>(Claim No. 2578) | Response of Floyd Green to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5530 | Mr. Green filed the proof of claim with the stated basis of mortgage note.<br><br>Mr. Green's Response alleges that ResCap funded the refinance o Mr. Green's home. |

7

ny-1116812

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Michael A. and Gloria S. McGuinty<br><br>(Claim No. 5970) | Response of Michael A. and Gloria S. McGuinty to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5497 and 5554 | Mr. and Ms. McGuinty filed the proof of claim asserting that the Debtors attempted to (i) establish an escrow account even though Mr. and Ms. McGuinty paid their own insurance and (ii) overcharge Mr. and Ms. McGuinty's account. Mr. and Ms. McGuinty further assert that the Debtors' actions forced Mr. and Ms. McGuinty into a chapter 7 bankruptcy.<br><br>Mr. and Ms. McGuinty's Response asserts that they experienced difficulty in obtaining a loan modification, which then led to Mr. and Ms. McGuinty's foreclosure. |
| Tomas Diaz<br><br>(Claim No. 5935) | Response of Tomas Diaz to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5507 | Mr. Diaz filed the proof of claim with the stated basis of mortgage note, down payment and investor.<br><br>Mr. Diaz's Response alleges that the Debtors destroyed documents and records and deleted evidence so that the liability would not be reflected in the Debtors' books and records. Mr. Diaz indicates that he published in local newspapers in April through June 2010 that anyone having legal claim to his property must make his claim within thirty (30) days of the notice or be forever precluded from making a claim on Mr. Diaz's patented land. |

| CLAIMANT & PROOF OF CLAIM NO. | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Iso Gradjan (Claim No. 4602) | Response of Iso Gradjan to Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records) | 5523 | Mr. Gradjan filed the proof of claim with the stated basis of mortgage note.<br><br>Mr. Gradjan's Response asserts that Mr. Gradjan is entitled to a release of his loan because Bank of America over-valued the property in the appraisal and the value of the property has decreased over $100,000 within two (2) years of purchase. Mr. Gradjan further asserts that he was unable to refinance his loan due to the Debtors' chapter 11 proceedings. |