Hearing Date and Time: November 15, 2013 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF AMENDED PROPOSED ORDER GRANTING DEBTORS'
MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a)
AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT
BETWEEN DEBTOR GMAC MORTGAGE, LLC AND GVC MORTGAGE, INC.**

**PLEASE TAKE NOTICE** that on October 24, 2013, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] filed the *Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC and GVC Mortgage, Inc.* [Docket No. 5501] (the "Motion").

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions [Docket No. 6] (the "Whitlinger Affidavit").

ny-1117567

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit the amended proposed *Order Granting Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Approving Settlement Agreement Between Debtor GMAC Mortgage, LLC and GVC Mortgage, Inc.* (the "Amended Proposed Order"), annexed hereto as Exhibit 1.  A comparison of the Proposed Order and the Amended Proposed Order is attached hereto as Exhibit 2.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and Amended Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: November 13, 2013
      New York, New York

                                        */s/* Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Erica J. Richards
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*

ny-1117567

**<u>Exhibit 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND GVC MORTGAGE, INC.**

Upon the motion, dated October 24, 2013 (the "Motion"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), as debtors in possession (collectively, the "Debtors"), pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019 for approval of that certain settlement agreement (the "Settlement Agreement") dated May 14, 2013, entered into between Debtor GMAC Mortgage, LLC, and GVC Mortgage, Inc.; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Laubach Declaration; and due and proper notice of the Settlement Agreement, the Motion and the relief requested therein having been provided to all parties in interest in the Chapter 11 Cases, and no other or further notice being necessary; and the Court having reviewed the Settlement Agreement; and after due deliberation and for good cause shown, it is

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

ny-1115954

ADJUDGED, FOUND AND DETERMINED:

A. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

B. The Settlement Agreement and the transactions contemplated thereby, including the releases given therein, meet the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and are reasonable, fair and equitable and supported by adequate consideration.

C. The Settlement Agreement and the transactions contemplated thereby, including the releases given therein, are in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Motion is granted.

2. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Settlement Agreement is hereby approved pursuant to Bankruptcy Rule 9019(a) and the applicable decisional case law, and, pursuant to the terms and conditions of the Settlement Agreement, the Debtors are hereby authorized and directed to take any and all actions as may be necessary to effectuate and implement the Settlement Agreement.

4. Neither anything in the Settlement Agreement or this Order nor the absence of an objection to the Motion by UMB Bank, N.A., as successor trustee under that certain Indenture dated as of June 6, 2008 for the 9.625% Junior Secured Guaranteed Notes due 2015 (the "Junior Secured Notes") of Residential Capital, LLC (the "Notes Trustee") and the Ad Hoc Committee

of Junior Secured Noteholders (the "Ad Hoc Committee") shall be construed as prejudicing or affecting in any way any arguments made or to be made by the Notes Trustee and the Ad Hoc Committee with respect to confirmation of the chapter 11 plan filed in these cases on August 23, 2013, or in the consolidated adversary proceeding relating to the entitlement of the holders of the Junior Secured Notes to postpetition interest (the "Adversary Proceeding").

5. To the extent that this Court determines in connection with the Adversary Proceeding or otherwise that the liens securing the Junior Secured Notes attach to the Settlement Amount as the proceeds of the Debtors' claims against GVC, the entry of this Order shall have no adverse effect on those liens, with the issue of the value of the JSNs' lien being expressly reserved.

6. This Court shall retain jurisdiction with respect to all matters arising out of or relating to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2013
        New York, New York

                                                                _____
                                                                THE HONORABLE MARTIN GLENN
                                                                UNITED STATES BANKRUPTCY JUDGE

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

### ORDER GRANTING DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND GVC MORTGAGE, INC.

Upon the motion, dated October 24, 2013 (the "Motion"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), as debtors in possession (collectively, the "Debtors"), pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9019 for approval of that certain settlement agreement (the "Settlement Agreement") dated May 14, 2013, entered into between Debtor GMAC Mortgage, LLC, and GVC Mortgage, Inc.; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon consideration of the Laubach Declaration; and due and proper notice of the Settlement Agreement, the Motion and the relief requested therein having been provided to all parties in interest in the Chapter 11 Cases, and no other or further notice being necessary; and the Court having reviewed the Settlement Agreement; and after due deliberation and for good cause shown, it is

ADJUDGED, FOUND AND DETERMINED:

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

ny-1115954

A. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

B. The Settlement Agreement and the transactions contemplated thereby, including the releases given therein, meet the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and are reasonable, fair and equitable and supported by adequate consideration.

C. The Settlement Agreement and the transactions contemplated thereby, including the releases given therein, are in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Motion is granted.

2. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Settlement Agreement is hereby approved pursuant to Bankruptcy Rule 9019(a) and the applicable decisional case law, and, pursuant to the terms and conditions of the Settlement Agreement, the Debtors are hereby authorized and directed to take any and all actions as may be necessary to effectuate and implement the Settlement Agreement.

4. <u>Neither anything in the Settlement Agreement or this Order nor the absence of an objection to the Motion by UMB Bank, N.A., as successor trustee under that certain Indenture dated as of June 6, 2008 for the 9.625% Junior Secured Guaranteed Notes due 2015 (the "Junior Secured Notes") of Residential Capital, LLC (the "Notes Trustee") and the Ad Hoc Committee of Junior Secured Noteholders (the "Ad Hoc Committee") shall be construed as prejudicing or</u>

affecting in any way any arguments made or to be made by the Notes Trustee and the Ad Hoc Committee with respect to confirmation of the chapter 11 plan filed in these cases on August 23, 2013, or in the consolidated adversary proceeding relating to the entitlement of the holders of the Junior Secured Notes to postpetition interest (the "Adversary Proceeding").

5. To the extent that this Court determines in connection with the Adversary Proceeding or otherwise that the liens securing the Junior Secured Notes attach to the Settlement Amount as the proceeds of the Debtors' claims against GVC, the entry of this Order shall have no adverse effect on those liens, with the issue of the value of the JSNs' lien being expressly reserved.

6. 4. This Court shall retain jurisdiction with respect to all matters arising out of or relating to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2013
       New York, New York

 

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE