UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC et al.,<br><br>            Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**SUPPLEMENTAL DECLARATION OF DAVID A. UPTON IN SUPPORT OF LIMITED OBJECTION OF THE IMPAC COMPANIES TO DEBTORS' MOTION UNDER SECTION 365 OF THE BANKRUPTCY CODE TO ASSUME AND ASSIGN SERVICING RELATED AGREEMENTS WITH IMPAC FUNDING CORPORATION AND IMPAC MORTGAGE HOLDINGS, INC.**

I, David A. Upton, hereby declare as follows:

1. I am the Manager, Liquidation Claims for the Impac companies. I have served in my present capacity since the latter part of 2011. In my capacity as Manager of Liquidation Claims, I am responsible for, among other things, monitoring the activities of the servicers and sub-servicers (the "Servicers") that service residential mortgage loans (the "Loans") and ensuring that such Servicers comply with their contractual obligations by servicing such loans in accordance with applicable servicing standards.

2. I am authorized to submit this supplemental declaration (the "Declaration") in support of the Limited Objection (the "Objection") of Impac Funding Corporation and Impac Mortgage Holdings, Inc. (collectively, "Impac") to the Debtors' Motion Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing Related Agreements with Impac Funding Corporation and Impac Mortgage Holdings, Inc., filed by Residential Capital, LLC et al. (the "Debtors") on August 19, 2013 [Docket No. 4744] (the "Motion").[1] Except as otherwise

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion and/or Objection.

indicated herein, all facts set forth in this Declaration are based on my personal knowledge of Impac's business and operations, information learned from my review of relevant information, and analysis that I have received from employees of Impac and members of Impac's management knowledgeable about Impac's business and operations. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

3. On August 29, 2013, I submitted a declaration in in support of the Objection [Docket No. 4882-1] (the "Original Declaration"). The Original Declaration contained a default calculation (the "Default Calculation") setting forth my analysis of defaults and servicing errors (the "Defaults") relating to certain of the Loans associated with the Excluded Agreements (as defined in the Motion and Objection).

4. Since the filing of the Original Declaration, additional Defaults relating to certain of the Loans associated with the Excluded Agreements have come to my attention. These Defaults include both Defaults that occurred after the filing of the Original Declaration and Defaults that occurred prior to the filing of the Original Declaration but that did not come to my attention until after the filing of the Original Declaration (the "Additional Defaults").

5. I have updated my prior Default Calculation to include additional damages suffered by Impac relating to the Additional Defaults, to update the damages relating to certain unresolved Defaults, and to account for certain credits applied to amounts owing at the time of the Prior Declaration. As set forth in the updated Default Calculation, as of the filing of this Declaration, there are at least $3,091,483.85 in damages outstanding as a result of known Defaults. The Defaults listed in the Default Calculation include those that: (1) occurred and were addressed solely during the period when GMAC sub-serviced the Loans; (2) occurred during the period when GMAC sub-serviced the Loans but were addressed during the period when Ocwen

sub-sub-serviced the Loans; (3) occurred during the period when GMAC sub-serviced the Loans but remain unresolved; (4) occurred and were addressed during the period when Ocwen sub-sub-serviced the Loans; and, (5) occurred during the period when Ocwen sub-sub-serviced the Loans but remain unresolved. A true and correct copy of the updated Default Calculation is attached hereto as "**Exhibit 1**".

6. By my calculations, the amount due for the Loans associated with the Excluded Agreements currently totals at least $3,091,483.85.

7. Impac is still in the process of reviewing its files for documents and information relevant to the Default Calculation in order to ensure that the Default Calculation is up to date, complete, and accurate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2013.

/s/ David A. Upton
David A. Upton

Manager, Liquidation Claims
The Impac companies