UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**FOURTEENTH INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HUDSON COOK, LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "**Application**")[1] of the Debtors for entry of an order, under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Hudson Cook, LLP ("**Hudson Cook**") as Special Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, all as more fully described in the Application; and upon consideration of the Clarke Declaration; and the Omnibus Objection of the Official Committee of Unsecured Creditors to (a) the Debtors' Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Pepper Hamilton Retention Application, and (c) Hudson Cook Retention Application [Docket No. 1493] (the "**Committee Objection**") and the Supplemental Objection of the Official Committee of Unsecured Creditors to (a) the Debtors' Motion for Entry of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Pepper Hamilton Retention Application, and (c) Hudson Cook Retention Application [Docket No. 1725] (the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

"**Supplemental Committee Objection**," together with the Committee Objection, the "**Objections**"); and upon the Debtors' Statement in Further Support of (a) Debtors' Motion for an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (c) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket 1749]; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having approved the Application on an interim basis through and including November 7, 2013, [2] and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

---

[2] On October 11, 2012, the Court entered an order approving the Application on an interim basis through and including January 14, 2013 [Docket No. 1798]. On January 14, 2013, the Court entered an order approving the Application on a further interim basis through and including February 28, 2013 [Docket No. 2620]. On February 28, 2013, the Court entered an order approving the Application on an interim basis through and including March 21, 2013 [Docket No. 3063]. On March 21, 2013, the Court entered an order approving the Application on a further interim basis through and including April 11, 2013 [Docket No. 3292]. On April 12, 2013, the Court entered an order approving the Application on a further interim basis through and including April 30, 2013 [Docket No. 3424]. On April 29, 2013, the Court entered an order approving the Application on a further interim basis through and including May 14, 2013 [Docket No. 3544]. On May 14, 2013, the Court entered an order approving the Application on a further interim basis through and including June 12, 2013 [Docket No. 3704]. On June 12, 2013, the Court entered an order approving the Application on a further interim basis through and including July 10, 2013 [Docket No. 3960]. On July 10, 2013, the Court entered an order approving the Application on a further interim basis through and including July 26, 2013 [Docket No. 4194]. On July 26, 2013, the Court entered an order approving the Application on a further interim basis through and including August 21, 2013 [Docket No. 4376]. On August 21, 2013, the Court entered an order approving the Application on a further interim basis through and including September 24, 2013 [Docket No. 4779]. On September 23, 2013, the Court entered an order approving

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Application is GRANTED on a further interim basis as set forth herein.

2.  In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Hudson Cook as Special Counsel to the Debtors on the terms set forth in the Application and the Clarke Declaration.

3.  Hudson Cook shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any additional procedures that may be established by order of this Court.

4.  Hudson Cook shall file with the Court and serve upon the U.S. Trustee and the Creditors' Committee appointed in these Chapter 11 cases a notice of any changes to its hourly billing rates for attorneys or other personnel performing services for the Debtors.

5.  The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

6.  To the extent there may be any inconsistency between the terms of the Application, the Clarke Declaration and this Order, the terms of this Order shall govern.

7.  Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

---

the Application on a further interim basis through including October 9, 2013 [Docket No. 5175]. On October 10, 2013, the Court entered an order approving the Application on a further interim basis through and including November 7, 2013 [Docket No. 5327]. The omnibus hearing scheduled for November 7, 2013 was adjourned to November 15, 2013 [Docket No. 5465].

Ally Financial Inc., Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation as amended by that certain amendment dated July 26, 2013, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

8. Notwithstanding anything herein or in the GA Servicing Order to the contrary, this Order shall not waive or foreclose and is without prejudice to (i) any and all claims, causes of action and defenses that may be asserted by the Debtors or any party-in-interest (including the Creditors' Committee) for any and all past or future costs of compliance with the FRB Consent Order, DOJ/AG Settlement, the Order of Assessment ("Compliance Claims") against any and all parties, including, without limitation, claims for contribution and/or indemnification arising directly or indirectly, by contract or under common law, through subrogation or otherwise, (ii) all rights of AFI to object to any Compliance Claim on any and all bases and bring counterclaims against the Debtors for Compliance Claims, including asserting claims (x) that the costs of compliance in connection with the Compliance Claims are administrative expenses of the Debtors' estates pursuant to 11 U.S.C. § 503(b) and (y) that AFI is relying on the Debtors' costs of compliance in its decision to support operationally and financially the Debtors' efforts to sell the assets of the Debtors' estates on a going concern basis and maximize the value of the estates, and (iii) all rights of the Debtors or any party-in-interest (including the Creditors' Committee) to respond to any objections and contest any and all counterclaims asserted by AFI, provided,

however, that in each case such claims shall not be resolved, waived or discharged by the Debtors without the consent of the Creditors' Committee or further order of the Court.

9. The Objections, and all reservations of rights contained therein, shall be preserved for the Final Hearing as the same may be modified by the Creditors' Committee.

10. The Final Hearing to consider the Application on a final basis is scheduled for December 10, 2013 at 10:00 a.m. before the Court.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: November 15, 2013
      New York, New York

                                        _____/s/Martin Glenn_____
                                             MARTIN GLENN
                                   United States Bankruptcy Judge