Hearing Date and Time: November 19, 2013 at 9:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Joel C. Haims
Jonathan C. Rothberg
Naomi Moss

*Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- )
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                               Debtors.   )    Jointly Administered
--------------------------------------------------------------------- )

**DEBTORS' REPLY TO LIMITED OBJECTION AND RESERVATION OF
RIGHTS OF AD HOC COMMITTEE OF JUNIOR SECURED NOTEHOLDERS
TO APPROVAL OF SETTLEMENT AGREEMENT BETWEEN THE DEBTORS
AND THE NATIONAL CREDIT UNION ADMINISTRATION BOARD AS
LIQUIDATING AGENT FOR WESTERN CORPORATE FEDERAL CREDIT
UNION AND U.S. CENTRAL FEDERAL CREDIT UNION**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") submit this reply (the "Reply") to the *Limited Objection and Reservation of Rights of Ad Hoc Committee of Junior Secured Noteholders to Approval of Settlement Agreement Between the Debtors and the National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union and U.S. Central Federal Credit Union* [Docket No. 5623] (the "Ad Hoc Objection") filed on behalf of the Ad Hoc Committee of Junior Secured

ny-1117121

Noteholders (the "Ad Hoc Committee").[1] In response to the Ad Hoc Objection and in further support of the NCUAB Settlement Motion, the Debtors respectively allege as follows:

### REPLY

1. The only party to oppose the NCUAB Settlement Motion did so with the self-serving intention of attempting enhance their undersecured position in these Chapter 11 cases. The Ad Hoc Objection is not an objection to the reasonableness of the Settlement, it is just a rehash of their objection to the Plan – the same objection previously raised by the Ad Hoc Committee and rejected by the Court in connection with the FGIC settlement Motion.

2. The Ad Hoc Objection sets forth the same arguments made in the *Objection of the Notes Trustee and Ad Hoc Committee of Junior Secured Noteholders to Confirmation of Plan Proponents' Chapter 11 Plan* [Docket No. 5443] (the "Plan Objection"). The Debtors and the Creditors' Committee, as Plan proponents, responded to the Plan Objection at length in the *Plan Proponents' Omnibus Response to Objections to Confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 5718] (the "Plan Reply"). The Debtors incorporate the arguments set forth in the Plan Reply herein.

3. In the Ad Hoc Objection, the Ad Hoc Committee argues that the Settlement violates the absolute priority rule because it fails to recognize that RMBS-related claims, including private securities claims asserted by the NCUAB, are subject to section 510(b) subordination. (Ad Hoc Objection. ¶ 1.) The Ad Hoc Objection should be overruled for the reasons set forth in the Plan Reply and summarized below.

---

[1] On October 28, 2013, the Debtors filed the *Debtors' Motion for Approval of the Settlement Agreement Between the Debtors and the National Credit Union Administration Board as Liquidating Agent for Western Corporate Federal Credit Union and U.S. Central Federal Credit Union* [Docket No. 5535] (the "NCUAB Settlement Motion"). Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the NCUAB Settlement Motion.

4.   The settlement of the NCUAB Claims does not violate the absolute priority because such claims are being *settled* and are therefore not being subordinated. The argument asserted in the Ad Hoc Plan Objection – that "Securities-Related Claims" cannot be settled as general unsecured claims – has already been specifically rejected by this Court in overruling the Ad Hoc Committee's opposition to the FGIC Settlement Motion.  There, the Ad Hoc Committee advanced an identical argument that FGIC's claims must be subordinated pursuant to section 510(b) of the Bankruptcy Code and thus could not, as a matter of law, be settled as unsecured claims.  The Court rejected that argument, expressly holding that it is permissible for a debtor to settle claims that could potentially be subject to 510(b) subordination.  *In re Residential Capital, LLC*, 497 B.R. 750, 752 (Bankr. S.D.N.Y. 2013) ("The JSNs have failed to provide any authority holding that a court cannot approve a settlement where the claims could potentially be subordinated.").  The Court cited numerous examples of courts approving settlements where section 510(b) subordination issues were in dispute.[2]

5.   The Court's prior ruling is fully applicable here.  Any attempt to subordinate the NCUAB Claims would result in uncertain and costly litigation that the Debtors and the Creditors' Committee are avoiding through the Settlement.  Numerous contested issues would exist in litigating the subordination of the NCUAB Claims.  For example, the Court would be required to determine whether the RMBS are securities "of" the Debtors or of an "affiliate" of the Debtors.  Indeed, while Debtor entities sponsored the issuance of the RMBS, the bankruptcy-

---

[2] *See, e.g., In re WorldCom, Inc.*, No. 02-13533 (Bankr. S.D.N.Y. Aug. 6, 2003) [Dkt. No. 8125) (approving settlement involving claims that might have been subject to subordination); *In re Adelphia Commc'ns Corp.*, 327 B.R. 143, 168-70 (Bankr. S.D.N.Y. 2005) ("The real issue before me . . . is whether the Government and the Debtors could settle a controversy as to which that close and difficult issue [of subordination under section 510(b)] is an element, and the answer to that plainly is 'yes.'  It is no different than the multitude of other difficult issues that are settled in litigation all the time.") *aff'd sub nom. Ad Hoc Adelphia Trade Claims Comm. v. Adelphia Comm'cns Corp.*, 337 B.R. 475, 478 (S.D.N.Y. 2006); *In re Drexel Burnham Lambert Grp.*, 138 B.R. 717, 719 (Bankr. S.D.N.Y. 1992) (approving settlement of employee claims over objection that such claims are subject to section 510(b) subordination), *aff'd sub nom. Lambert Brussels Assocs. L.P. v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*, 140 B.R. 347, (S.D.N.Y. 1992).

remote RMBS trusts for each RMBS offering technically issued the certificates to investors. If the RMBS are not securities "of" the Debtors (or of an affiliate of the Debtors), section 510(b) subordination might not be available.

6.  As discussed in the NCUAB Settlement Motion, the Debtors weighed the potential liability in connection with litigating the NCUAB Claims, including any litigation regarding the subordination of those claims, and determined in their reasonable business judgment that the Settlement was in the best interests of these estates and their creditors.

7.  Because the NCUAB Claims are being settled, the Plan does not provide any distribution to any claims that are actually subordinated under section 510(b). Accordingly, the Plan does not violate the absolute priority rule.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court overrule the Ad Hoc Objection and grant the relief requested in the NCUAB Settlement Motion, and such other and further relief as is just and proper.

New York, New York
Dated:  November 15, 2013

/s/ Gary S. Lee
Gary S. Lee
Joel C. Haims
Jonathan C. Rothberg
Naomi Moss
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
 Debtors in Possession*

4

ny-1117121