492 So.2d 826 (1986)

# David G. EIGEN, Appellant,

v.

# FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.

No. 85-2434.

District Court of Appeal of Florida, Second District.

August 13, 1986.

Joseph P. McNulty of Earle & Earle, St. Petersburg, for appellant.

Randee K. Carson of Robbins, Gaynor, Burton, Hampp, Burns, Bronstein & Shasteen, P.A., St. Petersburg, for appellee.

SCHOONOVER, Judge.

Appellant, David G. Eigen, appeals from a final summary judgment foreclosing a mortgage on real estate located in Pinellas County, Florida. We reverse.

Park Bank of Florida instituted proceedings in the trial court by filing a mortgage foreclosure action against Eigen. The bank's original complaint alleged the existence of the instruments sued upon, and copies of those instruments were attached to the complaint. Before Eigen filed any responsive pleadings, the bank filed an amended complaint, which, except for allegations concerning accrued interest, was substantially the same as the original complaint. The instruments sued upon were neither attached to the amended complaint nor incorporated into it as required by Florida Rule of Civil Procedure 1.130(a).

Eigen filed a motion to dismiss the amended complaint on grounds that the bank failed to allege facts that would place venue in Pinellas County, Florida, failed to plead all conditions precedent to bringing the action, and failed to comply with rule 1.130(a) in that copies of the documents referred to in the amended complaint were not attached thereto.

The bank subsequently filed an instrument entitled "Notice of Filing Exhibits to Amended Complaint" and attached a copy of the instruments sued upon. The notice stated that the exhibits had inadvertently not been attached to the amended complaint at the time of filing. Simultaneously, the bank filed a motion to strike Eigen's motion to dismiss and to impose sanctions, a motion for summary judgment, an affidavit in support of summary judgment, and an affidavit of attorney's fees. Eigen then filed an affidavit in opposition to the motion for summary judgment.

827 *827 At the conclusion of the hearing on these various motions, the court found that Eigen's motion to dismiss was wholly void of legal merit and that it was filed by his attorney in bad faith and purely for the purpose of delaying the progress of the proceedings. The court struck all of Eigen's pleadings, imposed $150 against Eigen's attorney for reasonable attorney's fees incurred by the bank in

opposing the motion to dismiss, and announced that it would enter a summary judgment. The summary judgment was subsequently entered and, after a motion for rehearing was denied, this appeal timely followed. Subsequent to the filing of the notice of appeal, **Federal Deposit Insurance Corporation** (FDIC) became owner and holder of the instruments subject to the action upon which this appeal is based, and was substituted as a party hereto.

We find that, because the instruments that formed the basis for the bank's cause of action were neither attached to nor incorporated into the amended complaint as required by rule 1.130(a), **Eigen's** motion to dismiss was proper at the time it was filed. The bank's correction of the deficiency before the hearing on **Eigen's** motion to dismiss did not turn the motion into one void of merit; therefore, the court's conclusion that **Eigen's** motion was filed in bad faith and purely for the purpose of delaying the progress of the proceedings was not justified.

We also reject the bank's contention that the amended complaint was sufficient because copies of the instruments had been attached to the original complaint. Normally, an original pleading is superseded where an amended pleading does not express an intention to save any portion of it. _Shannon v. McBride, 105 So.2d 16 (Fla. 2d DCA 1958)_. In this case, the amended complaint did not adopt any portions of the original complaint or even refer to it. Neither the bank's furnishing of additional copies of the instruments after **Eigen's** motion was filed, nor its argument that **Eigen** was not prejudiced because the instruments had been furnished to him at an earlier date, turned **Eigen's** motion to dismiss, although grounded on a technical deficiency, into one devoid of merit.

We, accordingly, reverse the order striking **Eigen's** pleadings and imposing an attorney's fee as a sanction, and we reverse the resulting summary judgment. Upon remand, **Eigen** should be given a reasonable opportunity to respond to the complaint, as he now concedes he is able to do.

Reversed and remanded.

RYDER, A.C.J., and CAMPBELL, J., concur.

Save trees - read court opinions online on Google Scholar.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA CIVIL ACTION

## CIRCUIT COURT MINUTES

**EXHIBIT C**

JUDGE: W. WAYNE WOODARD
DEP CLERK: PATTY TWARDZIK
COURT REPORTER: Diane / Accent

CASE NUMBER: 08-252-CA
DATE: JULY 20, 2009
BAILIFF: TOM L./TIM E.

ATTORNEYS:                                Present

__DEUTSCHE BANK TRUST CO, ET AL__         __ALBERTELLI LAW__         (Y) N
PLAINTIFF    Present Y (N)                (COURTCALL)
                                                                      Y  N
                                                                      Y  N

__RONALD GILLIS, ET AL__
DEFENDANT    Present (Y) N

MOTIONS:
1. M/Summary Judgment of Foreclosure         GRANTED  (DENIED)  RESERVED  WITHDRAWN
2. m/ Subpoena Duces Tecum  not heard  GRANTED  DENIED  RESERVED  WITHDRAWN
3. _____          GRANTED  DENIED  RESERVED  WITHDRAWN

Case Called At: 12:26 PM

| Yes | No | |
|---|---|---|
| ✓ | | Court and hall sounded |
| ✓ | | Parties present in opposition of motion |
| | | Proper service done |
| | | Hearing Notice for today sent to all parties |
| | | Default entered |
| | | Affirmative defenses filed |
| | | All proper paperwork and proper affidavits filed |
| | | Assignment/Allonge to the note filed |
| | | Original note & mortgage filed and/or affidavit of lost note & mortgage filed |
| | | Clerk to set the date of sale within _____ days (unless specifically stated) |
| | | Cancel obligations under original note & mortgage by entry of this judgment |

Attorney Fees  $_____         Total Judgment  $_____

Additional Notes: emerg. m/ protective order filed by Plant. atty due to Subp. Duces Tecum issued. Resp, Ronald P. Gillis, claims he didn't sign int. 1st note under oath. is residing in the home. Crt -m/- denied.

Page 1 of 2

Date: 20 July 2009          Case No: 08-252eA

## Continuation

12:34 PM court - m/SJ - denied
(resp denies his signature on note)
emerg. m/ protective order - not
filed or noticed

atty to prepare an order.


could establish that Gamble had, in fact, taken steps towards the completion of his community service. The failure to interview meaningful defense witnesses known to a defendant's counsel can form the basis for relief. *Campbell v. State*, 616 So.2d 995 (Fla. 2d DCA 1992).

In sum, we find Gamble's allegations facially sufficient and, therefore, vacate the trial court's order and remand for further proceedings consistent with this opinion.

BLUE and QUINCE, JJ., concur.



Robert F. ALLSTON, Petitioner,

v.

STATE of Florida, The Honorable William Nelson, Twentieth Judicial Circuit Judge, The Honorable James Thompson, Twentieth Judicial Circuit Judge, The Honorable Charlie Green, Clerk of Court, Twentieth Judicial Circuit, Frank Alderman, III, and John Hendry, Respondents.

No. 95–02856.

District Court of Appeal of Florida, Second District.

Jan. 3, 1996.

After notice of appeal from order was filed in the Twentieth Judicial Circuit Court, James Thompson, J., second order was entered, holding that prior order was not appealable, and that notice of appeal could not be filed with District Court of Appeal. Movant petitioned for writ of mandamus. The District Court of Appeal held that filing of notice of appeal divested circuit court of jurisdiction.

Petition granted.

1. **Appeal and Error** ⚖=436

Trial court was divested of jurisdiction upon filing of notice of appeal from trial court's prior order; thus, due to trial court's second order determining that prior order was not appealable, and purporting to prevent notice of appeal from being filed in District Court of Appeal, mandamus would issue to require trial court to forward that notice of appeal. West's F.S.A. R.App. P.Rule 9.110(d).

2. **Clerks of Courts** ⚖=67

Forwarding notice of appeal is "ministerial duty" of clerk of circuit court. West's F.S.A. R.App.P.Rule 9.110(b).

> See publication Words and Phrases for other judicial constructions and definitions.

Robert F. Allston, pro se.

Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Respondents.

PER CURIAM.

Robert Allston petitions this court for a writ of mandamus compelling Charlie Green, the clerk of the circuit court, to forward to this court his notice of appeal of an order entered October 14, 1994.

Allston filed a notice of appeal of the trial court's October 10, 1994, order with Judge James R. Thompson. Judge Thompson entered an order rendered November 7, 1994, which determined the October 14, 1994, order was not appealable and purported to prevent Allston's notice of appeal from being filed in this court.

[1, 2] Allston's notice of appeal met the threshold requirements of Florida Rule of Appellate Procedure 9.110(d) and, upon filing, divested the circuit court of jurisdiction. *Edward J. DeBartolo Corp. v. Dryvit Systems, Inc.*, 368 So.2d 85 (Fla. 2d DCA 1979). *See also Alfonso v. Department of Environmental Regulation*, 616 So.2d 44 (Fla.1993); *Williams v. State*, 324 So.2d 74 (Fla.1975). In *Alfonso v. Department of Environmental Regulation*, the supreme court explained that:

> [A]n appellate court's jurisdiction is invoked by a timely filing of a notice of appeal or a petition for certiorari in either the lower court that issued the order to be reviewed or the appellate court which would have jurisdiction to review the order.

616 So.2d at 47. Therefore, Allston's filing of his notice with the circuit court complied with rule 9.110(b). **Forwarding** a notice of appeal is a ministerial duty of the clerk of circuit court. *Martin v. Circuit Court, Seventeenth Judicial Circuit*, 627 So.2d 1298 (Fla. 4th DCA 1993). Accordingly, we grant the petition and direct the circuit court to forward Allston's notice of appeal to this court.

BLUE, A.C.J., and QUINCE and WHATLEY, JJ., concur.



Frank GRADDY, Appellant,

v.

STATE of Florida, Appellee.

No. 95–04658.

District Court of Appeal of Florida, Second District.

Jan. 17, 1996.

Defendant, who entered plea conditioned upon representation that sentence would run concurrently with sentences already in existence, but was later resentenced for prior offense with term to run consecutively with plea sentence, moved to correct sentence. The Circuit Court, Pasco County, Lynn Tepper, J., found motion to be time barred. Defendant appealed. The District Court of Appeal held that: (1) time frame for motion to correct sentence began to run at time of resentencing, and (2) motion was time barred.

Affirmed.

1. Criminal Law ⚖=998(10, 14.1)

Where defendant entered plea conditioned upon representation that new sentence would be imposed concurrently with existing sentence, and prior sentences were reimposed after retrial to run consecutively with sentence on plea, new sentence was "newly discovered fact" under rule allowing correction of sentence, and time frame for motion to correct sentence began to run at time of resentencing, since this was the time these facts were discovered, or could have been discovered. West's F.S.A. RCrP Rule 3.850(b)(1).

See publication Words and Phrases for other judicial constructions and definitions.

2. Criminal Law ⚖=998(14.1)

Defendant could not move for correction of sentence from plea conditioned upon representation that sentence was to be imposed concurrently with sentences he was already serving, on basis that counsel was ineffective for failing to advise him that after retrial, prior sentences could later be imposed to run consecutively to sentence on plea, more than two years after resentencing due to retrial. U.S.C.A. Const.Amend. 6; West's F.S.A. RCrP Rule 3.850(b)(1).

PER CURIAM.

Frank Graddy challenges the denial of his motion filed pursuant to Florida Rule of

12-12020-mg Doc 5783-2 Filed 11/14/13 Entered 11/15/13 13:01:45 Exhibit B.
Pg 7 of 11
MERS® ServicerID - Results
Exhibit E

11/10/13



**Process Loans, Not Paperwork™**

www.mers-servicerid.org

**1 record matched your search:**

This mortgage loan is registered on the MERS® System for informational purposes only.
Mortgage Electronic Registration Systems, Inc. is not the mortgagee for this loan.

MIN: 1000137-0005999168-5   Note Date: 05/01/2006     MIN Status: Active

Servicer: Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA      Phone: (651) 605-3711
Minneapolis, MN

If you are a borrower on this loan, you can click here to enter additional information and display the Investor name.

Return to Search

For more information about Mortgage Electronic Registration Systems, Inc. (MERS) please go to www.mersinc.org
Copyright© 2012 by MERSCORP Holdings, Inc.

11/10/13

MERS® ServiceID - Investor

Select borrower type and enter borrower information to see Investor for MIN 1000137-0005999168-5.

⦿ Investor for Individual Borrower

　　Your entries may be either upper or lower case.
　　✱Fields marked are required.
　　　✱Last Name: gillis

✱SSN: [　　] - [　] - [　　]

☐ By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify
✱the results with their loan servicer.

[Submit]

○ Investor for Corporation/Non-Person Entity Borrower

　　Your entries may be either upper or lower case.
　　✱Fields marked are required.
　　　Corporation/Non-Person Entity Name:
✱[　　　　　　　　　　　　　　　　　　　　　　]

✱Taxpayer Identification Number: [　　　　]

☐ By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify
✱the results with their loan servicer.

[Submit]

Servicer: **Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA**　　　　Phone: (651) 605-3711
　　　Minneapolis, MN

Investor:　Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA

[Close Window]

Select borrower type and enter borrower information to see Investor for MIN 1000137-0005999168-5.

Investor for Individual Borrower

Your entries may be either upper or lower case.
＊Fields marked are required.
＊Last Name: gillis

＊SSN: 173 - 46 - 5867

By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify the results with their loan servicer.

Submit

Investor for Corporation/Non-Person Entity Borrower

Your entries may be either upper or lower case.
＊Fields marked are required.
＊Corporation/Non-Person Entity Name:

＊Taxpayer Identification Number:

By checking this box, the borrower or borrower's authorized representative is attesting to the fact that he or she is in fact the borrower or borrower's authorized representative for the loan in question. Additionally, borrowers wishing to learn the identity of their loan's investor must confirm their identity by entering their last name or corporation name as well as their SSN or TIN. If this information does not match the information contained in the MERS® System for the borrower of the loan, the investor information will not be displayed. Borrowers should verify the results with their loan servicer.

Submit

---

Servicer: <u>Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA</u>         Phone: (651) 605-3711

Minneapolis, MN

Investor: RFC Trustee 02

---

Close Window



**1 record matched your search:**

MIN: 1000137-0005999168-5   Note Date: 05/01/2006          MIN Status: Active

Servicer:  Wells Fargo Home Mortgage a Division of Wells          Phone: (651) 605-3711
Fargo Bank NA
           Minneapolis, MN

Investor:  This investor has chosen not to display their information. For
assistance, please contact the servicer.

Return to Search

For more information about MERS please go to www.mersinc.org

Copyright© 2006 by MERSCORP, Inc.



**Process Loans, Not Paperwork™**

www.mers-servicerid.org

**1 record matched your search:**

MIN: 1000137-0005999168-5        Note Date: 05/01/2006        MIN Status: Active

Servicer:   Wells Fargo Home Mortgage a Division of Wells Fargo Bank NA    Phone: (651) 605-3711
            Minneapolis, MN

Investor:   This investor has chosen not to display their information. For assistance, please
            contact the servicer.

Return to Search

For more information about MERS please go to www.mersinc.org
Copyright© 2006 by MERSCORP, Inc.