Hearing Date and Time: November 19, 2013 at 10:00 am (ET)
Objection Deadline: November 15, 2013 at 4:00 pm (ET)

**SEWARD & KISSEL LLP**
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts and Escrow Agent*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.***,** | ) |
| | ) **Chapter 11** |
| **Debtors.** | ) |
| | ) **Jointly Administered** |

**RESPONSE AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION, AS RMBS TRUSTEE AND ESCROW AGENT, WITH RESPECT TO NOTICE OF FILING OF THE ASSUMPTION SCHEDULE CONSTITUTING EXHIBIT I OF THE PLAN SUPPLEMENT, AS MODIFIED**

U.S. Bank National Association, solely in its capacities as RMBS Trustee[1] (the "**Trustee**") and escrow agent (the "**Escrow Agent**"), as counterparty (the "**Counterparty**") to certain agreements listed on the *Notice of Filing of the Assumption Schedule Constituting Exhibit I of the Plan Supplement*, dated October 29, 2013 (Docket No. 5546) (the "**Original Assumption Notice**"), as modified by the *Notice of (I) Filing of Supplement to Assumption Schedule and (II) Removal of Certain Agreements Therefrom*, dated November 12, 2012 (Docket

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Assumption Notice, as defined below, or the Plan, as appropriate.

No. 5715) (the "**Supplemental Assumption Notice**," and together with the Original Assumption Notice, the "**Assumption Notice**"), hereby files its Response and Reservation of Rights to the Assumption Notice, and states as follows:

1. Annex I to the Original Assumption Notice, as modified by the Supplemental Assumption Notice ("**Annex I**"), lists "U.S. Bank" as Counterparty to the following two contracts that are listed as being assumed by the Debtors and assigned to the Liquidation Trust (the "**US Bank Assumed Contracts**"):  (a) Custodial Agreement between GMAC Mortgage LLC, Residential Funding Company, LLC and US Bank (p.8 of Annex I as modified by Exhibit 2 to the Supplemental Assumption Notice) (the "**Custodial Agreement**"), and (b) Restricted Cash for DSU Payments between GMAC Mortgage, LLC, Ally Financial Inc., and US Bank, dated 1/3/2013 (p. 21 of Annex I) (the "**Escrow Agreement**").  The Cure Amount for each US Bank Assumed Contract is listed on Annex I as $0.00.

2. In respect of the Custodial Agreement, Annex I fails to list an effective date, a contact name (other than "US Bank"), or which specific US Bank entity is the counterparty, and further fails to provide any identifying information as to which trust such Custodial Agreement relates.  Because of such dearth of information, and the lack of further identifying information (other than a change of address for "US Bank" provided supplied in Exhibit 2 to the Supplemental Schedule) and despite requests to the Debtors' attorneys for such information, the Trustee has been unable to identify the Custodial Agreement.  Unless and until the Trustee receives further specific identifying information that allows it to identify the Custodial Agreement, it cannot determine whether or not it has any objection to the assumption and assignment of the Custodial Agreement or whether it has any outstanding Cure Claim in connection with the Custodial Agreement.

- 2 -

3. As such, the Trustee reserves its right to object to the assumption and assignment of the Custodial Agreement and/or to the amount of the Cure Claims for the Custodial Agreement until such time as it is able to specifically identify the Custodial Agreement.

4. The Escrow Agreement was entered into after the filing of the Debtors' chapter 11 petitions and, upon information and belief, to date all amounts due under the Escrow Agreement have been paid. However, to the extent that obligations under the Escrow Agreement come due before the Effective Date of the Plan and are not paid on or before the Effective Date, the Escrow Agent reserves its right to object to the Cure Amount of $0.00 and to assert any such unpaid amounts as Cure Claims.[2]

5. U. S. Bank National Association, as Trustee and Escrow Agent, further reserves its right to (a) amend or supplement this Response if it becomes aware of claims in respect of the US Bank Assumed Contracts, and (b) file and assert additional claims in the event any US Bank Assumed Contract is not assumed.

Dated:  New York, New York
        November 15, 2013

                                    **SEWARD & KISSEL LLP**
By: /s/ Ronald L. Cohen
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as RMBS Trustee and Escrow Agent*

---

[2] The Debtors have also filed *the Notice of Certain Executory Contracts and Unexpired Leases not Included on the Assumption Schedule*, dated October 29, 2013 (Docket No. 5547) (the "**Non-Assumption Notice**"). The Non-Assumption Notice includes the servicing agreements in respect of certain trusts for which the Trustee acts as RMBS Trustee, i.e. MASTR 2007-1 (listed on page 24 of Annex I to the Non-Assumption Notice), MASTR 2006-OA2 (listed on page 23 of Annex I to the Non-Assumption Notice), LXS 2007-15N (listed on page 24 of Annex I to the Non-Assumption Notice), SACO 2006-8 (listed on page 25 of Annex I to the Non-Assumption Notice), and Greenpoint Mortgage Funding Trust 2006-HE1 (listed on page 1 of Annex I to the Non-Assumption Notice). The Trustee believes that such servicing agreements have been assumed and assigned to Ocwen and has so informed the Debtors.

SK 03687 0119 1428430