## Exhibit 2

**Delehey Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY**
**IN SUPPORT OF DEBTORS' OBJECTION TO CLAIM NO. 5420**
**OF VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN**

I, Lauren Graham Delehey, declare as follows:

**I.     BACKGROUND AND QUALIFICATIONS**

1.     I serve as Chief Litigation Counsel in the legal department (the "Legal Department") at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors-in-possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I have served as in-house litigation counsel since I joined ResCap on August 1, 2011. In my role as Chief Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation. I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Objection to Claim No. 5420 of Vachagan Abed-Stephen and Susie Abed-Stephen* (the "Objection").[1]

2.     In my capacity as Chief Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the California actions involving Vachagan Abed-Stephen and Susie Abed-Stephen (the "Claimants"). Except as otherwise indicated, all

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Objection.

statements in this Declaration are based upon my personal knowledge; information supplied or

verified by personnel in departments within the Debtors' various business units; my review of

the Debtors' litigation case files, books, and records, as well as other relevant documents; my

discussions with other members of the Legal Department; information supplied by the Debtors'

consultants; or my experience, expertise, and knowledge of the Debtors' litigation matters,

financial condition, and history.  In making my statements based on my review of the Debtors'

litigation case files, books and records, relevant documents, and other information prepared or

collected by the Debtors' employees or consultants, I have relied upon these employees and

consultants accurately recording, preparing, collecting, or verifying any such documentation and

other information.  If I were called to testify as a witness in this matter, I would testify

competently to the facts set forth herein.

## II.    THE CLAIMANTS' RELATIONSHIP WITH THE DEBTORS

3.    The Claimants were Borrowers under a loan (the "Loan") evidenced by a

note in the principal amount of $920,000 executed in April 2006 in favor of First Federal Bank

of California ("First Federal"), which was secured by a deed of trust (the "Deed of Trust") on the

Claimants' home located at 1606 Glenmont Drive, Glendale, California (the "Glendale

Property").  *See* Deed of Trust, annexed hereto as Exhibit A.  The investor of the Loan is Wells

Fargo.  On May 22, 2006, First Federal assigned the Deed of Trust to GMACM; the assignment

of the Deed of Trust was recorded on October 30, 2008.  *See* Assignment of Deed of Trust,

annexed hereto as Exhibit B.

4.    GMACM began servicing the Loan on December 20, 2006.  As a result of

the Claimants' failure to keep current on their monthly payments on the Loan, however,

GMACM substituted Executive Trustee Services, LLC, dba ETS Services, LLC ("ETS") as

trustee to commence a nonjudicial foreclosure on the Glendale Property.  GMACM recorded a

Substitution of Trustee in the Recorder's Office of Los Angeles County on October 17, 2008,
naming ETS as the substituted trustee.  *See* Substitution of Trustee, annexed hereto as <u>Exhibit C</u>.
On the same date, ETS recorded a Notice of Default with respect to the Glendale Property.  *See*
Notice of Default, annexed hereto as <u>Exhibit D</u>.

     5.     On February 9, 2009, the Claimants submitted a workout package to
Debtors seeking a loan modification (the "<u>February Workout Package</u>").  The Loan was
approved for a series of two "Forbearance Plans," by which the Debtors orally agreed to forebear
on foreclosing on the Glendale Property to afford the Claimants an opportunity to show their
willingness and ability to make monthly payments on the account of approximately $3,000.  The
Claimants were informed that once the trial plan was completed the loan would be reviewed for a
permanent loan modification.

     6.     On April 15, 2009, the Debtors mailed a Home Affordable Modification
Program ("<u>HAMP</u>") solicitation package to the Claimants, however, the Claimants never
completed and returned the package.  On seven occasions between June and October of 2009, the
Debtors advised the Claimants and authorized third parties that a new workout package needed
to be submitted.  This was because the paystub information in the February Workout Package
was over 90 days old and could no longer be used for loan modification review.  The Debtors
have no record of the Claimants submitting a new package.

     7.     Under the Forbearance Plans, the Claimants made six payments totaling
$18,200 between February and September of 2009 but failed to remit the $3,100 payment due

October 26, 2009.  Accordingly, ETS recorded a Notice of Trustee's Sale on February 1, 2010.[2]
*See* Notice of Trustee's Sale, annexed hereto as <u>Exhibit E</u>.

8.      By that point, however, the notice of default had become well over a year
old.  Therefore, out of an abundance of caution, the Debtors rescinded the notice of default.  *See*
Notice of Rescission of Notice of Default, annexed hereto as <u>Exhibit F</u>.  Following the Ocwen
Sale, the Loan's servicing rights were transferred to Ocwen on February 15, 2013.  At the time of
the transfer, the Claimants continued to reside in the Glendale Property and their account was in
active foreclosure, having been in default since July 1, 2008.

## III.      <u>THE CLAIMANTS' PRE-PETITION LITIGATION AGAINST THE DEBTORS</u>

### A.      <u>*Abed-Stephen I*</u>

9.      In September of 2009, the Claimants filed an action in the Superior Court
of California (Los Angeles County) (the "<u>Superior Court</u>") against GMACM and ETS, and other
non-debtor defendants ("<u>*Abed-Stephen I*</u>").  *Abed-Stephen I* was subsequently removed to the
U.S. District Court for the Central District of California (the "<u>District Court</u>").  The Claimants
filed a first amended complaint shortly thereafter.  After the District Court dismissed the
Claimants' first amended complaint for failure to state a claim, the Claimants ultimately filed a
second amended complaint against GMACM and ETS in which the Claimants asserted 19 claims
under both state and federal law.[3]  The District Court granted the Defendants' motion to dismiss

---

[2] From late 2009 to the present, the Claimants have made no payments on their outstanding mortgage loan.  They
have continued to occupy the premises gratuitously, while filing a steady stream of litigation against every
conceivable party involved in any stage of their Loan.

[3] The causes of action in the second amended complaint of *Abed-Stephen I* were:  (1) Violation of the Home
Ownership and Equity Protection Act, 15 U.S.C. § 1601 et seq.; (2) Violation of the Real Estate Settlement
Procedures Act, 12 U.S.C. § 2601 et seq.; (3) Violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.; (4)
Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681; (5) Fraudulent Misrepresentation; (6) Breach of
Fiduciary Duty; (7) Breach of Trust; (8) Unjust Enrichment; (9) Civil Conspiracy; (10) Violation of the Racketeer
Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq.; (11) Quiet Title; (12) Violation of California
Business and Professions Code § 17200; (13) Violation of the California Uniform Commercial Code; (14) Usury;
(15) Violation of California Financial Code § 4970 et seq.; (16) Violation of the Fair Debt Collection Practices Act,

the Claimants' federal claims because certain of the claims were barred by applicable statutes of

limitations and the others failed to state a claim under applicable law.  *Abed-Stephens v. First

Fed. Bank of Cal.*, 2010 WL 1266833, at \*2-3 (C.D. Cal. March 30, 2010).  The District Court

declined to exercise supplemental jurisdiction over the remaining state law claims and remanded

the state law claims to the Superior Court.  The Claimants ultimately voluntarily dismissed *Abed-

Stephen I* without prejudice in December of 2010.

  **B.**  ***Abed Stephen II***

  10.  Approximately six months later, on June 29, 2011, the Claimants filed a

second action against GMACM and ETS in the Superior Court ("*Abed-Stephen II*"), asserting

eight state law causes of action. [4]  After GMACM demurred, the complaint was amended.  A

second demurrer was filed, which the court sustained with leave to replead.

  11.  On January 19, 2012, the Claimants filed the second amended complaint

in *Abed-Stephen II* (the "Complaint"), narrowing their causes of action to three.  *See* Complaint,

annexed hereto as Exhibit G.  The first cause of action was for cancellation of the assignment of

the Deed of Trust under California Civil Code § 3412.  The Complaint's other two causes of

action, a demand for an accounting and a declaratory judgment that GMACM is only the servicer

of the Loan and is not a lender or beneficiary of it, seek purely equitable relief.

  12.  On February 2, 2012, GMACM demurred to the three causes of action in

the Complaint.  On or about April 4, 2012, the Superior Court sustained the demurrer to each

cause of action without leave to amend on the ground that the Complaint failed to state sufficient

---

15 U.S.C. §§ 1692 et seq. and Civil Code § 1788 et seq.; (17) Slander of Title; (18) Violation of California Civil
Code § 1632; and (19) Violation of California Civil Code § 1572.  The federal claims were causes of action 1, 2, 3,
4, 10, and 16 (in part).  The state law claims were the remaining causes of action (5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16
(in part), 17, 18, and 19).

[4] The eight causes of action in the original complaint in *Abed-Stephen II* were (1) Cancellation of Instruments; (2)
Quiet Title; (3) Violation of California Civil Code § 2924; (4) Violation of California Civil Code § 2923.5; (5)
Violation of California Business and Professions Code § 17200; (6) Demand for Accounting; (7) Fraud; and (8)
Declaratory and Injunctive Relief.

facts to constitute a cause of action.  *See* Demurrer Decision, annexed hereto as <u>Exhibit H</u>.  On

July 3, 2012, the Claimants filed an appeal of the Superior Court's decision.  After the Petition

Date, the Claimants' appeal was stayed by virtue of the Debtors' bankruptcy filings.

13.    Although the Claimants' assert in the Response that the Debtors admitted

in court in *Abed-Stephen II* that the Loan was never in default, the hearing transcripts in *Abed-*

*Stephen II* contain no such admission by the Debtors.  *See Abed-Stephen II* Hearing Transcripts,

annexed hereto as <u>Exhibit I</u>.

## IV.    <u>THE DEBTORS' REVIEW OF THE PROOF OF CLAIM</u>

14.    The Debtors, after reviewing the supporting documentation and their

books and records, have determined that they have no liability for the Proof of Claim asserted by

Claimants.

15.    Based on my review of the Proof of Claim, I believe that the Claimants

fail to provide adequate supporting documentation to demonstrate the Proof of Claim's validity

or amount and the Claimants fail to provide any explanation as to why such documentation is

unavailable.  The Debtors made every effort to evaluate the documents attached to the Proof of

Claim, as well as the Claimants' pre-petition litigation against the Debtors, to determine whether

the Debtors could discern any cognizable claim against them.  The Debtors were unable to

discern any such cognizable claim.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  November 15, 2013

   <u>/s/ Lauren Graham Delehey</u>
Lauren Graham Delehey
Chief Litigation Counsel for
Residential Capital, LLC

## Exhibit A

**The Deed of Trust**

**This page is part of your document - DO NOT DISCARD**

06 0874914

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
## 04/21/06 AT 08:00am

# TITLE(S) :



L E A D    S H E E T

FEE    

| FEE $ 5/ | FF |
|---|---|
| DAF $ 6 | |
| C-20 | |

*11*
*3T*

D T.T.

CODE
20

CODE
19

CODE
9____

NOTIFICATION SENT $4

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

WHEN RECORDED MAIL TO

**FIRST FEDERAL BANK OF CALIFORNIA**
401 Wilshire Boulevard / LOAN SERVICE
Santa Monica, California 90401

Loan No ▮▮▮▮▮
Title Order No. ▮▮▮▮

06 0874914

*Space above this line for recorder's use*

☐ CONSTRUCTION ☒ NON-CONSTRUCTION
Deed of Trust and Assignment of Rents
**ADJUSTABLE INTEREST RATE LOAN**

**THE NOTE SECURED BY THIS DEED OF TRUST PROVIDES FOR CHANGES IN THE INTEREST RATE AND MONTHLY PAYMENTS AND MAY PROVIDE FOR THE ADDITION OF UNPAID INTEREST TO PRINCIPAL (NEGATIVE AMORTIZATION). SEE THE NOTE DESCRIBED BELOW FOR FULL DESCRIPTION OF LOAN TERMS.**

THIS DEED OF TRUST IS MADE ON          April 12, 2006                    The trustor is

Vachagan    **Abed-Stephen and Susie Abed-Stephen, husband and wife as joint tenants**

("Borrower") The trustee is SEASIDE FINANCIAL CORPORATION ("Trustee") The beneficiary is FIRST FEDERAL BANK OF CALIFORNIA, a federally chartered savings bank and whose address is 401 Wilshire Boulevard, Santa Monica, California 90401 ("Lender", "Note Holder" or "Beneficiary")

Borrower owes Lender the principal sum of
**NINE HUNDRED TWENTY THOUSAND AND 00/100**

Dollars (U S  $ 920,000 00).

This debt is evidenced by Borrower's note dated the same date as this Deed of Trust ("Note") which provides for monthly payments, with the full debt, if not paid earlier, due and payable on 05/01/2046  This Deed of Trust secures to Lender  (a) the repayment of the debt evidenced by the Note with interest and all renewals, extensions and modifications, (b) the payment of all other sums, with interest, advanced under paragraph 8 to protect the security of this Deed of Trust, (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note, (d) the performance, if the loan secured by this Deed of Trust is a construction loan, of Borrower's covenants and agreements contained in a construction or building loan or similar agreement, (e) the performance, if the security property is subject to a lease, of the terms and conditions of any such lease, (f) compliance with the terms of any Declaration of Covenants, Conditions and Restrictions or similar instruments pertaining to the security property, (g) the performance of any agreement of Borrower to pay fees and charges to Lender whether or not set forth in this Deed of Trust, and (h) the payment of charges allowed by law for any statement regarding the obligation secured by this Deed of Trust

For this purpose and otherwise for valuable consideration, Borrower irrevocably grants, transfers, assigns and conveys to Trustee, in trust with power of sale, in the case of a lease, the leasehold estate in and to the property described below, and the following described property located in Los Angeles  County, California

AS PER EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

CERTIFIED TO BE A TRUE
AND EXACT COPY OF ORIGINAL

First Federal Bank of California

X _____

5648-018-004

Which has the address of    1806 Glenmont Drive, Glendale, CA 91207

("Property Address")

**FUTURE TAX STATEMENTS MAY BE MAILED TO BORROWER AT THE ADDRESS SHOWN ABOVE**

FUN 20101 (2004-02-18) (OS 016)

TOGETHER WITH all the improvements now or hereafter erected on the property and all present and future easements, rights, rights of way, appurtenances, rents, royalties, leases, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter made a part of the property. The following items are added to the Property description, and shall also constitute the Property covered by this Deed of Trust building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but no limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings now or hereafter attached to the Property    All replacements and additions are also covered by this Deed of Trust    Borrower agrees to execute and deliver, if requested by Lender, any further instruments necessary to confirm the lien of this Deed of Trust on any equipment. All of the foregoing is referred to in this Deed of Trust as the "Property"

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant, convey and assign the Property (and, if this Deed of Trust is on a leasehold, that the ground lease is in full force and effect without default on the part of either lessor or lessee thereunder), that the Property is unencumbered, except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to any easements and restrictions listed in a schedule of exceptions to coverage in any title insurance policy insuring Lender's interest in the Property

## TO PROTECT THE SECURITY OF THIS DEED OF TRUST, BORROWER AGREES AS FOLLOWS

(1) **Payment of Principal and Interest**  Borrower shall promptly pay when due the principal of and interest on the indebtedness evidenced by the Note, any other charges provided in the Note and all other sums secured by this Deed of Trust

(2) **Construction of Improvements**  Borrower will complete in a good and workmanlike manner any building or improvement or repair which may be begun on the Property, pay any costs incurred when due, and not permit any mechanic's lien against the Property nor any stop notice against loan proceeds

(3) **Preservation and Maintenance of Property, Nuisance, Duty to Protect; Leaseholds.**  Borrower shall not destroy, damage, or substantially change the Property, allow the Property to deteriorate, or abandon the Property  Borrower shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property  Specifically without limitation, Borrower will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), soil, gravel or rock products without the prior written consent of Lender  Borrower agrees neither to abandon nor leave unattended the Property  Borrower shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property  If this Deed of Trust is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing

(4) **Insurance**  Borrower shall keep the improvements now existing or hereafter erected on the Property insured at all times against loss by fire, hazards included within the term "extended coverage" and any other hazards for which Lender (and, if this Deed of Trust is on a leasehold, the ground lease) requires insurance  This insurance shall be maintained in the amounts and for the periods that Lender requires, with loss payable to Lender  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld

All insurance policies and renewals shall be subject to the approval of Lender and shall include a standard mortgage clause in favor of and in form acceptable to Lender, whether or not such insurance was required by Lender  All insurance procured by or for the benefit of Borrower pertaining to the Property, whether such insurance is required by Lender or not, shall name Lender as the loss payee  Lender shall have the right to hold all policies and renewals  Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices  In the event that Borrower obtains any new insurance policies or coverage pertaining to the Property, Borrower shall promptly notify Lender and promptly provide copies of said items  In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower

At least 30 days prior to the expiration of any insurance policy, Borrower shall obtain and deliver to Lender written evidence of the payment of the renewal premium  If Borrower does not deliver such evidence to Lender or if the insurance is terminated, Lender is specifically requested by Borrower to obtain insurance and include the cost as an amount due pursuant to the Note  Lender is not obligated to obtain the insurance, but if it does so, it may obtain the insurance from any insurance agency or company acceptable to it  If the Lender does obtain such insurance, the Borrower shall reimburse all sums advanced together with interest thereon at the rate of interest due according to the Note, with such reimbursement all due and payable with the next scheduled monthly payment due on the Note  The Borrower is hereby made aware of the fact that any substitute or replacement insurance procured by the Lender will likely cost much more than the insurance which could be procured by the Borrower

Unless Lender and Borrower otherwise agree in writing, all insurance proceeds (whether or not the policy or provision was required by Lender) shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sum secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower  If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds  Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due  The 30-day period will begin when the notice is given

If under paragraph 14 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Deed of Trust immediately prior to the acquisition  Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the Borrower's monthly payments or change the amount of the payments

FUN 20102 (2003-11-12)                            **Page 2**

**06  0874914**

(5) **Life, Health, or Accident Insurance**  If Borrower maintains life, accident or health insurance and Lender is the owner or holder of any policy of such insurance as further security hereunder  Lender may elect to pay any premiums if Borrower does not make the payment, and any amount so paid shall be secured hereby

(6) **Taxes and Other Sums Due; Liens**  Borrower shall timely pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Deed of Trust, and leasehold payments or ground rents, if any  Borrower shall pay these obligations in the manner provided in paragraph 7, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph  If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments

If Borrower fails to make any such payment, Lender, without contesting the validity or amount, may make the payment together with any related costs, expenses, fees, or charges, and thereafter enforce all rights relating to said payment as provided to Lender by this Deed of Trust or by law  Borrower agrees to notify Lender and appropriate taxing authorities immediately upon the happening of any event which does or may effect the value of the Property, the amount or basis of the Property, or the availability of any exemption to which Borrower may be entitled, if any law is passed deducting from the value of real property for tax purposes any lien thereon, or changing in any way the laws for the taxation of deeds of trust or debts secured by deed of trust for state or local purposes, or the manner of the collection of any such taxes, including, but not limited to, the postponement of the payment of all or any part of any real or personal property taxes, which would affect this Deed of Trust, the holder of this Deed of Trust and the Note which it secures shall have the right to declare the principal sum and the interest due, provided, however, that such election shall be ineffective if Borrower is permitted by law to pay the whole of such tax in addition to all other payments required hereunder and if, prior to such specified date, does pay such tax and pays agrees to pay any such tax when hereafter levied or assessed against the Property, and such agreement shall be a modification of this Deed of Trust  If Lender determines that any part of the Property is subject to a lien which may attain priority over this Deed of Trust, Lender may give Borrower a notice identifying the lien  Borrower shall satisfy the lien within ten days of the giving of notice

(7) **Impounds**  Subject to applicable law and if Lender so requests, Borrower shall pay to Lender on the day monthly payments are due under the Note until the Note is paid in full, a sum ("Funds") equal to one-twelfth of (a) yearly taxes and assessments which may attain priority over this Deed of Trust, (b) yearly leasehold payments or ground rents on the Property, if any, (c) yearly hazard insurance premiums, and (d) yearly mortgage insurance premiums, if any  These items are called "Impounds"  Lender may estimate the Funds due on the basis of current data and reasonable estimates of future impounds

The Funds may be intermingled with other monies of Lender, and shall not bear interest except as required by law  If Lender requires Impounds due to Borrower's failure to timely make payments pursuant to paragraph 6, Borrower acknowledges and agrees that no interest shall be paid by Lender on such Funds  Lender shall apply the Funds to pay the Impounds  Lender shall give to Borrower all reports of Impounds as required by law  The Funds are hereby pledged as additional security for the sums secured by this Deed of Trust

If the amount of the Funds held by Lender, together with the future monthly payments of Funds payable prior to the due dates of the Impounds, shall exceed the amount required to pay the Impounds when due, the excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly payments  If the amount of the Funds held by Lender is not sufficient to pay the Impounds when due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as required by Lender  Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender  If under paragraph 14 the Property is sold or acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust

(8) **Assignment of Awards and Damages to Lender**  Borrower assigns to Lender all sums due, paid, or payable, (a) for injury to the Property  or (b) in connection with this loan transaction  Lender may, at its option, begin, intervene in, appear in or prosecute in its own name, any legal action, or make any compromise or settlement in connection therewith  If required by Lender, Borrower agrees to execute further assignments of any such compensation, award, damages, rights of action and proceeds

(9) **Protection of Lender's Security**  If borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects the Property or title thereto or the interest of Lender therein, including, but not limited to, eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Lender at Lender's option may make such appearances, disburse such sums and take such action as Lender deems necessary, in its sole discretion, to protect Lender's interest, including, but not limited to, (i) disbursement of funds and attorneys' fees, (ii) entry upon the Property to make repairs, (iii) procurement of satisfactory insurance as provided in paragraph 4 hereof, and (iv) if this Deed of Trust is on a leasehold, exercise of any option to renew or extend the ground lease on behalf of Borrower and the curing of any default by Borrower in the terms and conditions of the ground lease  Any amounts disbursed by Lender pursuant to this paragraph 9, with interest thereon, shall become additional indebtedness of Borrower secured by this Deed of Trust  Unless Borrower and Lender agree to other terms of payment, such amounts shall be immediately due and payable and shall bear interest from the date of disbursement at the rate stated in the Note unless collection from Borrower of interest at such rate would be contrary to applicable law  Borrower hereby covenants and agrees that Lender shall be subrogated to the lien of any mortgage or other lien discharged, in whole or in part, by the indebtedness secured hereby  Nothing contained in this paragraph 9 shall require Lender to incur any expense or take any action hereunder

(10) **Condemnation**  The proceeds of any award or claim for damages, direct or indirect, in connection with any condemnation action or proceeding, or for conveyance in lieu of condemnation are hereby assigned and shall be paid to Lender, subject, if this Deed of Trust  Said application shall not cure or waive any default or notice of default nor invalidate any act done because of such notice, nor shall said application change the due date or amount of the monthly payments due on the Note secured by this Deed of Trust

(11) **Failure of Borrower to Comply with Deed of Trust**  If Borrower fails to make any payment or do any act provided in this Deed of Trust, Borrower will be in default

(12) **Sums Advanced To Bear Interest**  Any sums advanced by Lender under this Deed of Trust will be secured hereby and will bear interest from the date advanced at the same rate as the debt secured by this Deed of Trust

(13) **Application of Payments**  Subject to the terms of the Note, Lender has the right to determine how payments received will be allocated among the various items which make up Borrower's obligations to Lender

**06  0874914**

(14) **Acceleration Clause. Right to Declare Sums Due.** Irrespective of the maturity date specified in any note or agreement pertaining to any indebtedness secured hereby, Lender shall have the right, at its option, to declare an indebtedness and obligations secured hereby immediately due and payable upon such declaration if (a) Borrower is in default, or (b) Borrower or any successor in interest to Borrower of such Property sells, enters into a contract of sale, conveys or alienates such Property or any part thereof, or suffers his title or any interest to be divested, whether voluntarily or involuntarily or leases such Property or any part thereof for a term of more than 3 years, or changes or permits to be changed the character or use of the Property, or drills or extracts or enters into a lease for the drilling for or extracting of oil, gas or other hydrocarbon substance or any mineral of any kind or character on such Property, or (c) Borrower is a partnership and the interest of a general partner is assigned, transferred, or inherited, or (d) Borrower is a corporation and more than 25% of the corporate stock thereof is sold, transferred or assigned during a 12 month period, or (e) Borrower is a trust and there is a change of beneficial interest with respect to more than 25% of such property, or (f) Borrower has made any material misrepresentation or failed to disclose any material fact in those certain financial and other written representations and disclosures made by Borrower in order to induce Lender to enter into the transaction evidenced by the Promissory Note or notes or agreements which this Deed of Trust secures, or (g) the insolvency of Borrower, appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower, or the dissolution or termination of Borrower's existence as a good business (if Borrower is a business), or (h) any breach by Borrower under the terms of any other agreement between Borrower and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower to Lender, whether existing now or later, or (i) Lender deems itself to be financially insecure as to this transaction

(15) **Borrower Not Released, Forbearance by Lender Not a Waiver** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

(16) **Successors and Assigns Bound, Joint and Several Liability, Co-signers** This Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 14 Borrower's covenants and agreements shall be joint and several Any person who co-signs this Deed of Trust but does not execute the Note, (a) is co-signing this Deed of Trust only to mortgage, grant and convey that person's interest in the Property under the terms of this Deed of Trust, (b) is not personally obligated to pay the sums secured by this Deed of Trust, and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that person's consent

(17) **Legislation or Regulation Affecting Lender's Rights** If enactment or expiration of applicable laws or regulations has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted herein If Lender exercises this option, Lender shall take the steps specified in paragraph 24

(18) **Governing Law, Severability.** The Note and this Deed of Trust shall be governed by the laws, rules and regulations of the United States including, without limitation, the laws, rules and regulations relating to federally chartered savings banks, provided, however, that, to the extent that the Note and this Deed of Trust shall be deemed to be governed by state law, the Note and this Deed of Trust shall be governed by the law of the jurisdiction in which the Property is located In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision To this end the provisions of this Deed of Trust and the Note are declared to be severable

(19) **Borrower's Copy** Borrower shall be given one conformed copy of the Note and of this Deed of Trust

(20) **Right to Collect Rents and Profits/Assignment of Leases** If Borrower is in default hereunder, Lender (in person, by agent, or by judicially appointed receiver) shall be entitled to enter upon, take possession of and manage the property, and to collect the rents of the Property (including but not limited to those past due) Any rents collected by Lender or the receiver shall be applied first to costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds, and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust Upon Lender's request, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion As used in this paragraph the word "lease" shall mean "sublease" if the Deed of Trust is on a leasehold

(21) **Remedies** No remedy provided by this Deed of Trust is exclusive of any other remedy allowed by law or any other writing Instead, to the extent permitted by law, all remedies available to Lender by contract or law shall be cumulative and may be exercised singularly or concurrently Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy Without limitation, Lender reserves the right to judicially foreclose upon the Property and obtain a judgment against Borrower for any unpaid deficiency, where permitted by law

(22) **Power of Trustee** At Lender's request, Trustee may (1) release any debt, (2) extend the time or alter other terms of payment of such debt, (3) accept additional security, (4) substitute or release any security property, (5) recover all or part of any security property, (6) consent to the making of any map or plat, (7) join in granting any easement on the Property, or (8) join in any extension or subordination agreement Any such act by Trustee will not effect Borrower's liability for the payment of the debt secured by this Deed of Trust, nor will it affect the lien of this Deed of Trust on the remainder of the Property for the full amount of Borrower's debt to Lender

(23) **Reconveyance** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing debt secured by this Deed of Trust to Trustee Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it, and may charge such fees for each full or partial reconveyance of this Deed of Trust then customarily charged for such services

06 0874914

**(24) Default, Acceleration, Trustee's Sale upon Default** For purposes of paragraph 14 and this paragraph 24, a "default" by Borrower shall mean a failure by Borrower to pay any monthly installment under the Note when due, or otherwise perform any obligation required by the Note, or a breach or default by Borrower of any of the provisions of the Deed of Trust, or a breach or default by Borrower under any other Deed of Trust, or other instrument secured by the property described in the Deed of Trust. Pursuant to paragraph 14 and this paragraph 24, in the event of a default by Borrower the entire principal amount outstanding under the Note and Deed of Trust and accrued interest thereon and late charges and other costs shall at once become due and payable at the option of the Note Holder without prior notice and regardless of any prior forbearings. Upon such a default by Borrower, Lender at its option may deliver to Trustee a written declaration of default and demand for sale and shall cause to be filed of record a written notice of default and of election to cause to be sold the Property described in the Deed of Trust. Lender shall also deposit with the Trustee the Deed of Trust and any notes and all documents evidencing expenditures secured thereby. If Lender invokes the power of sale and after the lapse of such time as then may be required by law following recordation of such notice of default, and notice of sale having been given as then required by law, without demand on Borrower, Trustee may sell such Property at the time and place fixed by such Trustee and such notice of sale, either as a whole or in separate parcels, and in such order as the Trustee shall determine (subject to such rights as Borrower may have at law to direct such order of sale), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of such property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truthfulness thereof. Any person, including Borrower, Trustee or Lender, may purchase at such sale. After deducting all costs, fees and expenses of Trustee, and of this Deed of Trust, including costs of evidence of title in connection with such sale, Trustee first shall apply the proceeds of sale to payment of all sums expended under the Deed of Trust, not then repaid, with accrued interest at the rate then payable under the Note or notes secured thereby, and then to payment of all other sums secured thereby and, if thereafter there be any proceeds remaining, shall distribute them to the person or persons legally entitled thereto.

**(25) Substitute Trustee** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the instrument number and recording date where this Deed of Trust is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law.

**(26) Waiver of Statute of Limitations.** Time is of the essence in all of Borrower's obligations. To the extent permitted by law, Borrower waives all present or future statutes of limitations with respect to any debt, demand or obligation secured by this Deed of Trust, in any action to enforce this Deed of Trust.

**(27) Inspection** Lender or its agent may make reasonable entries upon and inspections of the Property. The right of inspection shall include, but is not necessarily limited to, the right to conduct tests upon and take samples of the soil, the air, and all other chemicals contained on the Property, within the subsurface of the Property, and in the air located upon the Property. If the Property is used for commercial or residential income purposes, at Lender's request Borrower shall deliver to Lender certified copies of all business records, a certified statement of gross and net annual income received from the Property during Borrower's previous fiscal year in such form and detail as Lender shall require, and any other financial statements or records relating to the Property.

**(28) Offsets** No indebtedness secured by this Deed of Trust shall be deemed to have been offset or to be offset or compensated by all or part of any claim, cause of action, counterclaim or crossclaim, whether liquidated or unliquidated, which Borrower now or hereafter may have or may claim to have against Lender, and, in respect to the indebtedness now or hereafter secured hereby, Borrower waives, to the fullest extent permitted by law, the benefits of California Code of Civil Procedure Section 431 70 (and any successor laws), which Section provides

"Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in his answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations. If the cross-demand would otherwise be barred by the statute of limitations, the relief accorded under this section shall not exceed the value of the relief granted to the other party. The defense provided by this section is not available if the cross-demand is barred for failure to assert it in a prior action under Section 426 30. Neither person can be deprived of the benefits of this section by the assignment or death of the other. For the purposes of this section, a money judgment is a 'demand for money' and, as applied to a money judgment, the demand is barred by the statute of limitations when enforcement of the judgment is barred with Chapter 3 (commencing with Section 683 010) of Division 1 of Title 9 "

**(29) Misrepresentation or Nondisclosure** Borrower has made certain written representations and disclosures in order to induce Lender to make the loan evidenced by the Note or notes which the Deed of Trust secures, and in the event that Borrower has made any material misrepresentation or failed to disclose any material fact, Lender, at its option and without prior notice, shall have the right to declare the indebtedness secured by the Deed of Trust, irrespective of the maturity date specified in the Note or notes, immediately due and payable. Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon hereunder

**(30) Statement of Obligation** Lender may collect a fee not to exceed the maximum amount permitted by law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California

**(31) Notices** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail, unless another method is required by law. The notice shall be sent to the Property address unless Borrower designates by notice a different address. Any notice to Lender must be given by first class mail to Lender's address stated above unless Lender designates a different address. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph, provided customary time for mail delivery shall have passed before such presumption is effective

06 0874914

FUN 20105 (2003-11-12)

(32) **Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address

(33) **Modification** This Deed of Trust can only be modified in writing and signed by Borrower and Lender

(34) **Loan Charges** If a law, which applies to the loan secured by this Deed of Trust and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with such loan exceed the permitted limits, then any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit

(35) **Attorneys' Fees** Borrower agrees to pay the following costs, expenses and attorneys' fees paid or incurred by Note Holder (1) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in connection with the collection, enforcement or interpretation of the Note or this Deed of Trust, whether or not suit is filed, (2) reasonable costs of collection, expenses, and attorneys' fees paid or incurred in workout negotiations or modifications, and (3) costs of suit and attorneys, fees in such sum as the court may adjudge in any action to enforce payment of this Deed of Trust or any part of it

(36) **Security Agreement; Financing Statements.** The following provisions relating to this Deed of Trust as a security agreement are hereby made a part of this Deed of Trust

Security Agreement This instrument shall constitute a security agreement to the extent any of the Property (a) constitutes fixtures, or (b) personal property of Borrower is located upon the Property, and such personal property is used to operate or maintain the Property Lender shall have all of the rights of a secured party as to said items under the Uniform Commercial Code as amended from time to time

Security Interest Upon request by Lender, Borrower shall execute financing statements and take whatever other action is requested by Lender to perfect and continue Lender's security interest in the rents, fixtures and personal property Borrower shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest Upon default, Borrower shall assemble the personal property in a manner and at a place reasonably convenient to Borrower and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender

Addresses The mailing addresses of Borrower (debtor) and Lender (secured party), from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code), are as stated on the first page of this Deed of Trust

(37) **Hazardous Substances** Borrower represents and warrants that, so long as this Deed of Trust remains a lien on the Property, the Property never has been, and never will be, used for the generation, manufacture, storage, treatment, disposal, release or threatened release of any hazardous waste or substance, as those terms are defined in the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U S C Section 9601, et seq, ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub L No 99 499 ("SARA"), the Hazardous Materials Transportation Act, 49 U S C Section 1801, et seq, the Resource Conservation and Recovery Act, 49 U S C Section 6901, et seq, the Clean Water Act, 33 U S C Section 466 et seq the Safe Drinking Water Act, 17 U S C Section 1401 et seq, the Toxic Substance Control Act, 15 U S C Section 2601 Chapters 6 5 through 7 7 of Division 20 of the California Health and Safety Code, Section 13000 and 25100, et seq, and as subsequently amended, or other applicable state or Federal laws, rules or regulations The representations and warranties contained herein are based on Borrower's due diligence in investigating the Property for hazardous waste Borrower hereby (a) releases and waives all claims against Lender for indemnity or contribution in the event Borrower becomes liable for cleanup or other costs under any such laws, and (b) agrees to indemnify, defend and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to and/or during Borrower's ownership or interest in the Property, whether or not the same was or should have been known to Borrower The provisions of this section of the Deed of Trust, including the obligations to indemnify and defend, shall survive the payment of the indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise

(38) **Compliance With Laws** Borrower warrants that the Property and Borrower's actual or intended use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities

(39) **Acceptance by Trustee** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law

(40) **Merger** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender

(41) **Assumptions.** During the term of the Note, the Lender shall not exercise its right to declare all sums due, as provided in paragraph 14 of this Deed of Trust, in the event of the sale or transfer of the Property to a creditworthy buyer so long as such buyer applies for the assumption of the loan in advance of accepting title to the Property, and so long as the buyer, in the Lender's sole and absolute judgment, qualifies for the assumption of the loan evidenced by the Note, executes an assumption agreement acceptable to Lender, and pays Lender any fees required by Lender assessed in connection with an assumption, and so long as the loan is current and the Property qualifies for the loan at the same or lower loan to value ratio than the original loan balance bore to the then fair market value of the Property The Note may not be assumed unless the legal and beneficial title to the Property has at all times remained with Borrower This paragraph 41 shall be effective only if a substantially similar provision is contained in the Note secured by this Deed of Trust

(42) **Condominium or Planned Unit Development Provisions** In the event that the Property comprises (i) a unit in, together with an undivided interest in the common elements, of a condominium project ("Condominium Project") or (ii) a parcel of land improved with a dwelling, which, together with other such parcels and certain common areas and facilities, forms a planned unit development ("PUD"), Borrower and Lender further covenant and agree as follows

06 0874914



**(42) Condominium or Planned Unit Development Provisions**  In the event that the Property comprises (i) a unit in, together with an undivided interest in the common elements of, a condominium project ("Condominium Project") or (ii) a parcel of land improved with a dwelling, which, together with other such parcels and certain common areas and facilities, forms a planned unit development ("PUD"), Borrower and Lender further covenant and agree as follows

(a) **Assessment and Obligations**  Borrower shall promptly pay, when due, all assessments imposed by the Owner Association, Homeowners' Association, or other governing body of the Condominium Project or PUD ("Owners' Association")  Borrower shall perform all of Borrower's obligations under the provisions of the Declaration, Trust Instrument, Articles of Incorporation, By-laws, Code of Regulations or other constituent document of the Condominium Project or PUD (the "Instrument")

(b) **Hazard Insurance**  In the case of a Condominium Project, so long as the Owners' Association maintains a "master" or "blanket" policy on the Condominium Project which provides insurance coverage against fire, hazards included within the term "extended coverage" and such other hazards as Lender may require, and in such amounts and for such periods as Lender may require, then  (1) Borrower's obligation under paragraph 4 hereof of maintain hazard insurance coverage on the Property is deemed satisfied, and (2) the provisions of paragraph 4 hereof regarding application of hazard insurance proceeds shall be superseded by any provision of the Instrument or of applicable law to the extent necessary to avoid a conflict between such provisions and the provisions of paragraph 4 hereof  For any period of time during which such hazard insurance coverage is not maintained, the immediately preceding sentence shall be deemed to have no force or effect  Borrower shall give Lender prompt notice of any lapse in such hazard insurance coverage

In the case of a Condominium Project or PUD, in the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss, in the case of a Condominium Project, to the Property, whether to the unit or to common elements, or, in the case of a PUD, to the common areas and facilities of the PUD, any such proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Deed of Trust, with the excess, if any, paid to Borrower

(c) **Public Liability Insurance**  Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender

(d) **Condemnation**  The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the common areas and facilities, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender  Such proceeds shall be applied by Lender to the sum secured by this Deed of Trust in the manner provided in paragraph 10 hereof

(e) **Lender's Prior Consent.**  Borrower shall not, except with notice to Lender and with Lender's prior written consent, consent to  (1) the abandonment or termination provided by law in the case of substantial disruption by fire or other casualty or in the case of a taking by condemnation or eminent domain, (2) any material amendment to the instrument of the Condominium Project or PUD, including, but not limited to, any amendment that would change the percentage interest of the unit owners in the common areas and facilities of the Condominium Project or PUD, (3) the effectuation of any decision by the Owners' Association to terminate professional management and assume self-management of the Condominium Project or PUD, (4) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lenders, or (5) in the case of a PUD, the transfer, release, encumbrance, partition or subdivision of all or part of the PUD's common areas and facilities, except as to the Owners' Association's right to grant easements for utilities and similar or related purposes

**(43) Construction Loan Provisions**  If all or any portion of the proceeds of the loan secured by this Deed of Trust are to be used for construction of improvements on the Property covered by the Deed of Trust, the following additional provisions shall apply unless otherwise specified in the Note  Borrower agrees  (1) to commence construction promptly and in any event within thirty (30) days from recordation of the Deed of Trust, and to complete the same in accordance with plans and specifications satisfactory to Lender and to comply with all the provisions of the building loan or similar agreement entered into with Lender, (2) to allow Lender to inspect the security property at all times during construction, (3) to replace any work or materials unsatisfactory to Lender within fifteen (15) calendar days, after notice from Lender of such fact, which notice may be given to Borrower by registered or certified mail, sent to Borrower's last known address, or by personal service of the same, (4) not to suffer or permit any cessation of work on the construction of such improvements for any reason whatsoever for a period of fifteen (15) calendar days, whether consecutive or not without the written consent of Lender, and (5) to promptly pay all claims for labor performed and materials furnished in connection with the said construction and not to permit any claims or lien for said work or material to be filed of record against the security property  If the security property is a part of a larger tract upon which improvements shall be constructed, Borrower shall make separate contracts and subcontracts for said construction which shall pertain to the security property only and shall keep separate, full and complete records of all work and materials furnished to such property  Trustee, upon presentation to it of an affidavit signed by Lender setting forth facts showing a default by Borrower under this paragraph, is authorized to accept as true and conclusive the facts and statements therein, and to act thereon hereunder

**(44) Adjustable Rate Mortgage Provisions**  The Note secured by this Deed of Trust may contain provisions that permit (i) increases and decreases to the rate of interest provided in the Note on a periodic basis, (ii) increases and decreases to the monthly payment of principal and interest on a periodic basis, (iii) limitations on increases in the rate of interest, and may contain provisions that permit, (iv) limitations on increases and decreases in the monthly payment of principal and interest on a periodic basis, and (v) additions of unpaid interest to the outstanding principal balance of the loan evidenced by the Note, with interest thereon  Reference is made to the Note for a complete description of the adjustable rate terms of the indebtedness secured by this Deed of Trust

**(45)** Borrower shall not, without prior written consent of Lender, consent to or vote in favor of the establishment, approval or creation of, or incorporation of the Property into, any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by the landowner  Borrower further agrees to provide prompt written notice to Lender immediately upon receipt of any information which indicates that the Property is or may in the future be included in any Community Facilities District, Mello Roos District, or any other district or organization in which public improvements are financed via bonds or public funds, and repaid by landowners

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it

**BORROWER(S):**

_____
Vachagan        Abed-Stephen

_____
Susie Abed-Stephen

04/21/96

FUN 20108                    Page 8        06 0874914

*10*

# ACKNOWLEDGMENT

STATE OF __California__ )
                                              ) SS
COUNTY OF __Los Angeles__ )


On __April 13, 2006__, before me, __Samantha Yedigar, a notary public__

personally appeared __Varhegan Abed-Stephen and__

__Susie Abed-Stephen__

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

**WITNESS** my hand and official seal

_____(Seal)

SAMANTHA YEDIGAR
Commission # 1442712
Notary Public - California
Los Angeles County
My Comm. Expires Jan 13, 2008

This Certificate must be attached to

Title or type of Document    __Adjustable Interest Rate Loan__
Number of pages                    __8__
Date of document                   __4-12-06__
Signer(s) other than named above _____

06 0874914

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of **LOS ANGELES** } ss

On **April 13, 2006** before me, **Samantha Yedigar, notary public**
personally appeared **Yachagan Abed-Stephen and Susie Abed-Stephen**

☐ personally known to me
☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal.

Signature of Notary Public

SAMANTHA YEDIGAR
Commission # 1448712
Notary Public - California
Los Angeles County
My Comm. Expires Jan 15, 2008

——————— OPTIONAL ———————
Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document

**Description of Attached Document**

Title or Type of Document _____

Document Date _____  Number of Pages _____

Signer(s) Other Than Named Above _____

**Capacity(ies) Claimed by Signer**

Signer's Name _____

☐ Individual
☐ Corporate Officer — Title(s) _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other _____

Signer is Representing _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 1999 National Notary Association  9350 De Soto Ave  PO Box 2402  Chatsworth CA 91313-2402  www.NationalNotary.org    Prod No. 5907    Reorder: Call Toll-Free 1-800-876-6827

04/21/06

06 0874914

ORDER NO

# EXHIBIT "A"
## (LEGAL DESCRIPTION)

PARCEL 1.

LOT 4, OF TRACT NO. 14389, IN THE CITY OF GLENDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 432 PAGES 25 AND 26 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

AN EASEMENT FOR INGRESS AND EGRESS AND ROADWAY PURPOSES, TO BE USED IN COMMON WITH OTHERS, OVER THE WESTERLY 24 FEET OF LOT 1, 2, 3 AND 4 OF TRACT NO. 14389, IN THE CITY OF GLENDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 432 PAGES 25 AND 26 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, AND OVER THAT PORTION OF LOT 5 OF SAID TRACT, LYING WESTERLY OF THE SOUTHERLY PROLONGATION OF THE EASTERLY LINE OF THE WESTERLY 24 FEET OF LOT 4 OF SAID TRACT NO. 14389.

PARCEL 3·

AN EASEMENT FOR INGRESS AND EGRESS AND ROADWAY PURPOSES, TO BE USED IN COMMON WITH OTHER OVER A STRIP OF LAND 24 FEET WIDE IN LOTS 5, 6 AND 8 OF TRACT NO. 14389, IN THE CITY OF GLENDALE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 432 PAGES 25 AND 26 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, THE CENTER LINE OF SAID STRIP BEING THE SOUTHERLY LINE OF LOT 5 OF SAID TRACT NO. 14389.

EXCEPT THEREFROM ALL MINERALS, GAS, OIL, PETROLEUM, NAPHTHA AND OTHER HYDROCARBON SUBSTANCES, IN AND UNDER SAID LAND LYING BELOW A DEPTH OF 500 FEET FORM THE SURFACE, WITHOUT HOWEVER, THE RIGHT OF SURFACE ENTRY, AS RESERVED OR EXCEPTED IN DEED(S) OF RECORD.

04/21/86

## Exhibit B

**Assignment of Deed of Trust**



**This page is part of your document - DO NOT DISCARD**

 **20081926473** Pages: 004



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

10/30/08 AT 08:00AM

Fee: 16.00
Tax: 0.00
Other: 0.00
Total: 16.00

**Title Company**

## TITLE(S) :



Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.

**Number of AIN's Shown**

 **THIS FORM IS NOT TO BE DUPLICATED**




Recording Requested By:
**First Federal Bank of CA**
**6053 W. Century Blvd.**
**4th Floor**
**Los Angeles, CA 90045**
Return To:
**First Federal Bank of CA**
**ATTN: Juliet Carter**
**6053 W. Century Blvd.**
**4th Floor**
**Los Angeles, CA 90045**

10/30/08

**20081926473**

# ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is
**401 Wilshire Blvd, Santa Monica CA 90401**
, does hereby grant, sell,

assign, transfer and convey, unto *GMAC Mortgage, LLC FKA GMAC Mortgage Corp.*, a corporation

organized and existing under the laws of
(herein "Assignee"), whose address is
, a certain Deed of Trust,

dated **April 12, 2006**    , made and executed by **Vachegan Abed-Stephen and Susie**
**Abed-Stephen, husband and wife as joint tenants**

to **Seaside Financial Corporation**
                                                                Trustee, upon the
                                                                , State
following described property situated in **Los Angeles**
of CALIFORNIA:
~~AS PER EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF~~

such Deed of Trust having been given to secure payment of **NINE HUNDRED TWENTY THOUSAND AND**
**00/100**                                                    ($ **920,000.00**      )
(Include the Original Principal Amount) which Deed of Trust is recorded as Instrument No. **060874914**
        on **April 21, 2006**      in book              , page
Records of **Los Angeles**              County, State of CALIFORNIA, together
with the note(s) and obligations therein described, the money due and to become due thereon with interest, and
all rights accrued or to accrue under such Deed of Trust.
**12346103787**                                              **49916743**
CALIFORNIA Assignment of Deed of Trust
VMP-995(CA) (0508)                    6/05
Page 1 of 2                Initials
        VMP Mortgage Solutions, Inc (800)521-7291

3

TO HAVE AND TO HOLD, the same unto Assignee, its successor and assigns, forever, subject only to the terms and conditions of the above-described Deed of Trust.

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Deed of Trust on

**First Federal Bank of California**

(Assignor)

_____
Witness

By _____
(Signature)

_____
Witness

**Maria Lourdes Ochoa**
**Senior Vice President**

_____
Attest

Seal:

This Instrument Prepared By:
address: ,

, tel. no.:

**995(CA) (0608)**
**12346103787**

Page 2 of 2

**49916743**

08 1926473

## ACKNOWLEDGEMENT

**STATE OF** _____California_____ )
                                                                       ) ss.
**COUNTY OF** ___Los Angeles_____ )

On _May 22, 2006_____, before me, _Leola Thomas_  **NOTARY PUBLIC**  , personally appeared
_Maria Lourdes Ochoa_____ personally known to me (or proved to me on the basis of
satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

LEOLA THOMAS
COMMISSION 1484502
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 6, 2008

Signature _____Leola Thomas_____
              Notary Public                                          (Seal)

This certificate must be attached to:

        Title or type of document: _____
        Number of pages: _____
        Date of document: _____
        Signer(s) other than named above: _____

## **Exhibit C**

**Substitution of Trustee**

)

**This page is part of your document - DO NOT DISCARD**

 **20081852270** Pages: 002



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

10/17/08 AT 08:00AM

Fee: 10.00
Tax: 0.00
Other: 0.00
Total: 10.00

**Title Company**

## TITLE(S) :

```
L E A D    S H E E T
```

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.

**Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

2

**RECORDING REQUESTED BY:**

10/17/08

LSI TITLE AGENCY - FIS DEFAULT

20081852270

ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
(818) 260-1600

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS NO : ▉▉▉▉
LOAN NO : ▉▉▉▉

# SUBSTITUTION OF TRUSTEE

WHEREAS, VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN, HUSBAND AND WIFE AS JOINT TENANTS was the original Trustor, SEASIDE FINANCIAL CORPORATION was the original Trustee, and FIRST FEDERAL BANK OF CALIFORNIA, A FEDERALLY CHARTERED SAVINGS BANK was the original Beneficiary under that certain Deed of Trust dated 4/12/2006 and recorded on 4/21/2006 as Instrument No. 06-0874914, in Book , Page of Official Records of Los Angeles County, California; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned desires to substitute Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated : 10/16/2008

GMAC MORTGAGE, LLC  FKA GMAC MORTGAGE
CORPORATION

MYRON RAVELO, LIMITED SIGNING OFFICER

State of California} ss.
County of Los Angeles }

On 10/16/2008 before me, Dee C. Ortega Notary Public, personally appeared Cindy Sandoval who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Dee C. Ortega

DEE C. ORTEGA
Commission # 1672751
Notary Public - California
Los Angeles County
My Comm. Expires Jun 5, 2010

## Exhibit D

**Notice of Default**

This page is part of your document - DO NOT DISCARD

 **20081852271** Pages: 003



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

10/17/08 AT 08:00AM

Fee: 13.00

Tax: 0.00

Other: 0.00

Total: 13.00

**Title Company**

## TITLE(S) :



**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company In black ink.      **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

*2*

**RECORDING REQUESTED BY:**

10/17/08

||||||||||||||||||||||||||||||||||||||

**20081852271**

LSI TITLE AGENCY - FIS DEFAULT

**WHEN RECORDED MAIL TO:**
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

SPACE ABOVE THIS LINE FOR RECORDERS USE

TS No. :    ▮▮▮▮▮▮▮    Loan No.: ▮▮▮▮▮▮▮
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE
## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$27,343.72** as of **10/16/2008,** and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact,
**GMAC MORTGAGE, LLC  FKA**
**GMAC MORTGAGE CORPORATION**
**C/O ETS Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, California 91504-3120**
**(818) 260-1600 phone**

**<u>Exhibit E</u>**

**Notice of Trustee's Sale**



**This page is part of your document - DO NOT DISCARD**

# 20100143139





**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/01/10 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201002010240011

00001867806



002518914

**SEQ:**
**07**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

E400077                                                                T35

RECORDING REQUESTED BY
**ETS Services, LLC**



02/01/2010

*20100143139*

AND WHEN RECORDED MAIL TO:
**ETS Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, California 91504-3120**

T.S. No.
Loan No.

SPACE ABOVE THIS LINE FOR RECORDER'S Use

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 4/12/2006. UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank,
check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan
association, or savings association, or savings bank specified in Section 5102 of the Financial Code and
authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made,
but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to
satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for
any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR:**VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN, HUSBAND AND WIFE AS
JOINT TENANTS**
Recorded **4/21/2006** as Instrument No. **06-0874914** in Book , page of
 Official Records in the office of the Recorder of **Los Angeles** County, California,
Date of Sale:**2/24/2010 at 10:30 AM**
Place of Sale:    **At the west side of the Los Angeles County Courthouse,   directly facing
                    Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, California**
Property Address is purported to be:      **1606 GLENMONT DRIVE
                                            GLENDALE, California 91207-0000**

APN #:  **5648-018-004**

The total amount secured by said instrument as of the time of initial publication of this notice is
**$1,114,856.00**, which includes the total amount of the unpaid balance (including accrued and unpaid
interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this
notice.

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or
authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has obtained from the commissioner a final or temporary order of
exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;
[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not
apply pursuant to Section 2923.52 or 2923.55.

*3*

T.S. No. ██████████
Loan No ██████████

Date: **1/28/2010**

**ETS Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, California 91504-3120**
**Sale Line: 714-730-2727**

**Ileanna Petersen, TRUSTEE SALE OFFICER**

## Exhibit F

**Notice of Recission of Notice of Default**



**This page is part of your document - DO NOT DISCARD**





# 20110866662

Pages:
0002

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**06/27/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**LEADSHEET**



201106270130039

00004319763



003367293

**SEQ:**
**03**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**          T35



06/27/2011

*20110866662*

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO

ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, CA 91504-3120

Loan No.: ███████████

SPACE ABOVE THIS LINE FOR RECORDER'S USE
T.S. No.: ███████████
5648-018-004

## NOTICE OF RESCISSION OF NOTICE OF DEFAULT

**NOTICE IS HEREBY GIVEN:** That **Executive Trustee Services, LLC dba ETS Services, LLC** is duly appointed Trustee under a Deed of Trust dated **04/12/2006**, executed by VACHAGAN ABED-STEPHEN AND SUSIE ABED-STEPHEN, HUSBAND AND WIFE AS JOINT TENANTS, as Trustor, to secure certain obligations in favor of FIRST FEDERAL BANK OF CALIFORNIA, A FEDERALLY CHARTERED SAVINGS BANK, as Beneficiary, recorded **04/21/2006**, as Instrument No. 06-0874914, in book , page , of Official Records in the Office of the Recorder of Los Angeles County, California describing land therein as more fully described on the above referenced deed of trust.

said obligations including one note for the sum of $920,000.00.

Whereas, the present beneficiary under that certain Deed of Trust herein above described, heretofore delivered to the Trustee thereunder written Declaration of Default and Demand for Sale; and Whereas, Notice was heretofore given of breach of obligations for which said Deed of Trust is security and of election to cause to be sold the property therein described; and Whereas, a Notice of Default was recorded on the day and in the book and page set forth below:

Notice was recorded on **10/17/2008** in the office of the Recorder of **Los Angeles** County, California, Instrument No. 08-1852271, in Book /, of Official Records.

**NOW, THEREFORE, NOTICE IS HEREBY GIVEN** that the present Beneficiary and/or the Trustee, does hereby rescind, cancel and withdraw said Declaration of Default and Demand for Sale and said Notice of Breach and Election to Cause Sale; it being understood, however, that this rescission shall not in any manner be construed as waiving or affecting any breach or default--past, present or future under said Deed of Trust, or as impairing any right or remedy thereunder, but is, and shall be deemed to be, only an election, without prejudice, not to cause a sale to be made pursuant to said Declaration and Notice, and shall nowise jeopardize or impair any right, remedy or privilege secured to the Beneficiary and/or the Trustee, under said Deed of Trust, nor modify nor alter in any respect any of the terms, covenants, conditions or obligations thereof, and said Deed of Trust and all obligations secured thereby are hereby reinstated and shall be and remain in force and effect the same as if said Declaration of Default and Notice of Breach had not been made and given.

Dated: Jun 22, 2011

ETS Services, LLC

By: _____

Ambar Lara, TRUSTEE SALE OFFICER