## Exhibit G

**Complaint**

VACHAGAN ABED-STEPHEN
SUSIE ABED-STEPHEN
1606 GLENMONT DR.
GLENDALE, CA 91207

COPY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| SUSIE ABED-STEPHEN, an individual<br>VACHAGAN ABED-STEPHEN, an individual<br><br>Plaintiffs,<br><br>Vs.<br><br>GMAC MORTGAGE LLC FKA GMAC MORTGAGE CORPORATION; ONEWEST BANK FSB AS SUCCESSOR TO FIRST FEDERAL BANK OF CALIFORNIA; EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC; SEASIDE FINANCIAL CORPORATION<br><br>And Does 1 through 20 Inclusive,<br><br>Defendants. | Case No.: BC464367<br><br>SECOND AMENDED COMPLAINT FOR:<br><br>1) CANCELLATION OF INSTRUMENT;<br>2) DEMAND FOR ACCOUNTING;<br>3) DECLARATORY RELIEF<br><br>*(Request for Judicial Notice filed concurrently herewith)*<br><br>Complaint filed: June 29, 2011 |

COMES NOW Plaintiffs, SUSIE ABED-STEPHEN and VACHAGAN

ABED-STEPHEN (hereinafter "Plaintiffs") for causes of action against the above-named

Defendants, allege and state a claim as follows:

//

## Judicial Notice

The general rule of Judicial Notice is that the Court may take judicial notice of the existence of statements contained within judicially noticeable documents but it may NOT accept the truth of those statements by judicial notice.

Although the existence of statements contained in a court record can be judicially noticed, the truth of the statements is not subject to judicial notice. *Big Valley Band of Pomo Indians v. Superior Court*, 133 Cal.App.4[th] 1185, 35 Cal.Rptr. 3d 357 (2005).

By Law and precedent and in accordance with the Supreme Court of the United States of America, pro per Pleadings MAY NOT be held to the same standard as a lawyer's and/or attorney's; and whose motions, pleadings and all papers may ONLY be judged by their function and never their form.

*See:* Haines v. Kerner, 404 U.S. 519-42 (1972); In re Haines: pro se litigants are held to less stringent pleading standards than admitted or licensed bar attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitle to the opportunity to submit evidence in support of their claims.

*See also:* Platsky v C.I.A., 953 F.2d. 25; In re Platsky: court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.

*See also:* Anastasoff v United States, 223 F.3d 898 (8th circuit Cir. 2000); In re Anastasoff: litigants' constitutional (guaranteed) rights are violated when courts depart from precedent where parties are similarly situated.

## Parties

1.    Plaintiffs were and at all times mentioned are, residents of the County of Los Angeles, State of California and the lawful owners of a parcel of residential real property commonly

1    known as 1606 Glenmont Drive, Glendale, California  91207  APN 5648-018-004 (the

2    "Subject Property").

3    2.    At all times herein mentioned, Defendant GMAC MORTGAGE, LLC FKA GMAC

4    MORTGAGE CORPORATION (hereinafter "GMAC"), is and was an unknown entity

5    conducting business in California, and is a loan servicer.

6

7    3.    At all times herein mentioned, Defendant ONEWEST BANK FSB AS

8    SUCCESSOR TO FIRST FEDERAL BANK OF CALIFORNIA (hereinafter ONEWEST")

9    is an unknown entity, doing business in the State of California, and have since been

10   dismissed from the complaint because they asserted no interest in the property.

11

12   4.    At all times herein mentioned, Defendant EXECUTIVE TRUSTEE SERVICES,

13   LLC DBA ETS SERVICES, LLC (hereinafter "ETS") is an unknown entity, doing business

14   in the State of California, improperly substituted as trustee by GMAC.  ETS has been

15   dismissed from the complaint as a result of the Notice of Default being rescinded.

16

17   5.    At all times herein mentioned, Defendant SEASIDE FINANCIAL CORPORATION

18   (hereinafter "SEASIDE") is an unknown entity, doing business in the State of California,

19   and the original Trustee on Plaintiffs' Deed of Trust.   Seaside Financial asserted no interest

20   in the property and was dismissed from the complaint effective August 17, 2011.

21   6.    Plaintiffs are ignorant of the true names and capacities of defendants sued herein as

22   DOES I through 20 inclusive, and therefore sues these defendants by such fictitious names.

23

24   7.    Plaintiffs will amend this complaint to allege their true names and capacities when

25   ascertained.    Plaintiffs are informed and believe and thereon allege that, at all times herein

26   mentioned each of the defendants sued herein was the agent and employee of each of the

27   remaining defendants and at all times was acting within the purpose and scope of such agency

28

and employment. Plaintiffs allege that at all times said Defendants, and each of them, ratified the conduct of each and every other Defendant.

8.      Upon information and belief, Does 1-20 claim to have become successors in interest to the Subject Mortgage by virtue of Plaintiff's loan having been made a part of a securitization process wherein certain residential mortgages and the promissory notes based thereon were securitized by aggregating a large number of promissory notes into a mortgage loan pool, then selling security interests in that pool of mortgages to investors by way of items called "Secondary Vehicles."

### Jurisdiction

9.      The transactions and events which are the subject matter of this Complaint all occurred within the County of Los Angeles, State of California.

### Claim for Relief

10.      Plaintiffs bring this action against GMAC and Does 1 through 20 for wrongfully claiming beneficial interest in a Note and Deed of Trust secured by Plaintiffs' Property without any lawful basis or claim. The facts alleged herein by Plaintiffs are undisputed, since they are admitted by GMAC in their own documents. Plaintiffs seek to clear their title of any of Defendants' claims.

### Factual Allegations

11.      On or about April 12, 2006, Plaintiffs executed a Note (the "Note") payable to First Federal Bank of California (the "Original Lender") and a deed of trust ("DOT") conveying their certain real property to Seaside Financial Corporation, the Original Trustee in trust to secure repayment of the Note. The DOT was recorded in the Los Angeles County Recorder's Office on April 21, 2006. *See* RJN Exhibits 1 and 2 respectively.

12.     California Courts have recognized that "[s]everal contracts relating to the same

matters, between the same parties, and made as parts of substantially one transaction, are to be

taken together." See, *Huckell v. Matranga* (1979) 99 Cal. App.3d 471 [160 Cal. Rptr.

177]; *Central Savings Bank of Oakland v. Coulter,* 72 Cal. App. 78 (3rd District Court of

Appeal, 1925), *pet. Sup.Ct. rev. den. 1925*, [holding that a note and a deed of trust, although

two instruments, form parts of one transaction and must be read and construed together.]

The question, therefore, is whether here the note and deed of trust contain terms which render

them non-negotiable.  The answer is "yes."

13.     The plain meaning of California Commercial Code §3104 that the Note, with three

limited exceptions, may  "not state any other undertaking or instruction by the person

promising or ordering payment to do any act in addition to the payment of money"

However, paragraph 5 (Borrower's Right to Prepay) of the Note provides: "When I make a

Prepayment, I will tell the Note Holder in writing that I am doing so."  This renders the note

non-negotiable. As explained by Professor Ronald Mann more than a decade ago:  This

sentence appears to constitute an "undertaking…to do a[n] act in addition to the payment of

money." Professor Mann argued that "the rules of negotiability apply only to promises to pay

money, not to other, non-monetary undertakings", such as the *act of giving written notice*,

which is an act "in addition to the payment of money," and that was sufficient to render the

note nonnegotiable. For historical reasons codified in section 3-104(a)(3) of the U.C.C.

(*California Commercial Code* 3104(a)(3)), "a promissory note cannot be an instrument if it

contains such an undertaking: the rules of negotiability apply only to promise to pay money,

not to other, non-monetary undertakings. Sending a notice certainly is an act 'in addition to

the payment of money,' and the note's language seems to constitute an 'undertaking' to

perform that act (albeit only on certain conditions). Accordingly, it seems unlikely that the

Note qualifies as negotiable."

14.      On May 22, 2006, a document entitled Assignment of Deed of Trust was executed by

Maria Lourdes Ochoa who was represented to be a Senior Vice President of First Federal

Bank of California.   The document purportedly assigned the DOT to GMAC MORTGAGE,

LLC FKA GMAC MORTGAGE CORP and was recorded October 30, 2008 in the Los

Angeles County Recorder's Office bearing instrument number 20081926473.  (*See* RJN #3).

15.      Plaintiffs caused to serve a rescission request on GMAC and on or about October 5,

2009, GMAC responded with a letter that stated:

"The Loan is currently owned by:  Deutsche Bank National Trust Company, as Trustee, 1761

East St. Andrew Place, Santa Ana, CA  92705 714-247-6257

The Loan's Master Servicer is:

Wells Fargo Bank, N.A. 9062 Old Annapolis Rd Columbia, MD  21045 1-888-662-7865"

and further:

"However, the Loan is currently being **subserviced by GMACM** and all legal inquiries

should be directed to the subservicer."

A true and correct copy is attached hereto as Exhibit 1 and incorporated herein by this

reference.

16.      On April 29, 2011 Plaintiffs filed a complaint with the FDIC regarding GMAC's

inconsistencies and suspicious behavior and demanded to know who the owner of their loan

was, pursuant to 15 USC 1641.  This time, GMAC replied with:

"The Loan is currently owned by:

Wells Fargo NA, 9062 Old Annapolis Rd, Columbia MD  21045, 888-662-7865"

A true and correct copy of this letter is attached hereto as Exhibit 2 and incorporated

herein by this reference.  Plaintiffs never received any notices of transfer of ownership from

GMAC, or any other entity, as required by law, specifically 15 USC 1641.

17.    Pending litigation of the instant case, following OneWest's receipt of Plaintiffs' suit,

OneWest issued written correspondence to Plaintiffs indicating that Plaintiffs' loan "was

serviced release to GMAC on 12/2006."  Take notice that the letter did not indicate that the

loan was sold to GMAC, that the servicing rights were released. *See* the OneWest letter

attached hereto as Exhibit "3" and incorporated herein by this reference.

18.    Non-Negotiable Instruments are governed by contract law.  Section 9203(b) of the

California Commercial Code provides that three criteria must be fulfilled in order for the

owner of a mortgage note effectively to create a "security interest" (either an interest in the

note securing an obligation or the outright sale of the note to a buyer) in it.

The first two criteria are straightforward -- "value" must be given and the debtor/seller must

have rights in the note.  The third criterion may be fulfilled in either one of two ways.  Either

the debtor must "authenticate" a "security agreement" that describes the note or the secured

party must take possession of it pursuant to the debtor's security agreement.

19.    Article 9 of the UCC (*Cal. Comm. Code Sec. 9000*) determines whether a transferee of

the note from its owner has obtained an attached property right in the note.  Proper application

of the real property laws requires proper application of the underlying UCC rules.

20.    As a Non-Negotiable Instrument, GMAC is not a party entitled to enforce the Note

unless it can produce an authenticated security agreement or can prove possession of the Note

pursuant to the debtor's security agreement.

21.    Plaintiffs contend that GMAC is illegally enforcing the Note, is not a party entitled to

1    enforce it, and cannot prove the contrary.  Plaintiffs have provided presumptive evidence of

2    the facts herein.

3    **FIRST CAUSE OF ACTION**

4    **Cancellation of Instrument**

5

6    (As Against GMAC MORTGAGE and Does 1 through 20 Inclusive)

7    22.    Plaintiffs reallege and incorporate the preceding paragraphs of this Complaint as if

8    they were fully set forth herein.

9    23.    An action to remove a cloud on title and cancel the instrument is authorized by

10    California Civil Code §3412, which states: "A written instrument, in respect to which there is

11    a reasonable apprehension that if left outstanding it **may** cause serious injury to a person

12    against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to

13    be delivered up or canceled." (*Smith v. Williams* (1961) 55 Cal.2d 617; and *5 Witkin*, Cal.

14

15    Procedure (5th ed. 2008) Pleadings, §§671-674.)

16    24.    Plaintiffs are informed and believe and on that basis allege that if the wrongfully

17    recorded Assignment of Deed of Trust instrument is left outstanding, Plaintiffs may be caused

18    serious injury and will suffer loss and damages at the detriment of GMAC and their tendency

19    to play fast and loose with the title to Plaintiffs' property as they have been over the last four

20    to five years.

21

22    25.    GMAC has admitted in two separate letters that they do not own Plaintiffs' loan.  In

23    October of 2009 they revealed Deutsche Bank National Trust Company, as Trustee was the

24    alleged owner, and then in May of 2011 they stated Wells Fargo Bank, NA as the owner.  In

25    each letter, GMAC acknowledged itself in the capacity as "servicer."

26

27    ///

28

26.    GMAC cannot retain or maintain the status, authority or capacity as "owner" when they are merely a servicer.  **The Assignment of Deed of Trust is void because it is a false document and purports to a status of GMAC that it has itself admitted is not true,** therefore, this document must be expunged from Plaintiffs' title to avoid GMAC's unethical and egregious acts, which has been demonstrated by its contradicting behavior and deliberate circumvention of the law.

27.    If the Assignment of Deed of Trust is left outstanding, it provides a foundation for the Defendants to assert and misconstrue to the courts or to essentially believe they are in a position to conduct a malicious and oppressive foreclosure, or assert threats to initiate foreclosure without standing.

28.    Plaintiffs are informed and believe, and therefore allege, that GMAC and Does 1 through 20 acted willfully and with a conscious disregard for Plaintiffs' rights and with a specific intent to defraud and injure Plaintiffs, by causing the ADOT Instrument to be prepared and/or recorded without a factual or legal basis for doing so.

29.    Plaintiffs are informed and believe and on that basis allege that these acts by Defendants constitute fraud, oppression and malice under Cal. Civil Code §3294.  Defendants acted with a conscious disregard for the requirements to commence a non-judicial foreclosure under civil code 2924 et seq. knowing they had no standing as a Lender or Creditor, as previously admitted.  Although the foreclosure proceedings were rescinded, the possibility of GMAC invoking another invalid foreclosure looms over the heads of and brings fear to Plaintiffs.

30.    By virtue of Defendants' willful and wrongful conduct as herein alleged above, Plaintiffs are entitled to general and special damages according to proof at trial, but not less

than $70,000, as well as punitive and exemplary damages as determined by this Court and

cancellation of the Assignment of Deed of Trust.

## SECOND CAUSE OF ACTION

### Demand for Accounting

(Against GMAC and Does 1 through 20)

31.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as though

fully set forth herein.

32.    Upon information and belief, Plaintiffs' loan has been made a part of a securitization

process wherein certain residential mortgages and the promissory notes based thereon were

securitized by aggregating a large number of promissory notes into a mortgage loan pool, then

selling security interests in that pool of mortgages to investors by way of items called

"Secondary Vehicles."  Plaintiffs contend that GMAC has no pecuniary interest in Plaintiffs'

Note and Deed of Trust.

33.    By its own admittance, **GMAC is not a party entitled to payment or to enforce the

debt.** OneWest Bank FSB as Successor to First Federal Bank of California has no interest in

Plaintiffs' loan per their own admission as demonstrated in their correspondence to Plaintiffs

on July 19, 2011, a true and correct copy of which is attached hereto as Exhibit 3.  The true

amount of money, if any, owed to any of the Defendants is a mystery as Defendant GMAC

has self-admittedly excluded itself as a lender, creditor, mortgagee or beneficiary and

Plaintiffs desire to know the identity of the true lender as required by law.

34.    A cause of action for an accounting requires a showing that a relationship exists

between the plaintiff and defendant that requires an accounting, and that some balance is due

the plaintiff that can only be ascertained by an accounting.  (*Brea v. McGlashan* (1934) 3

Cal.App.2d 454, 460, 39 P.2d 877; *5 Witkin, Cal. Procedure* (5th ed. 2008) Pleading, § 819, p. 236.)

35.    A plaintiff need not state facts that are peculiarly within the knowledge of the opposing party.  (*Brea v. McGlashan*, supra, 3 Cal.App.2d at p. 460, 39 P.2d 877.)

36.    Plaintiffs made payments to GMAC which GMAC was not entitled to, therefore GMAC owes Plaintiffs a sum of money which can only be determined by an accounting.

37.    An action for an accounting, which usually invokes the equity powers of the court is a proceeding for the purpose of obtaining a judicial settlement of the accounts of the parties. [*Verdier vs. Superior Court*, 88 Cal.App. 2d 527, 199 P.2d 325, app. dsmd. 336 US 957, 93 L. Ed. 1110, 69 S.Ct. 893.]

38.    Further, it cannot be determined from the face of the complaint than an accounting is inappropriate as a matter of law. (*Teselle v. McLoughlin (2009)* 173 Cal.App.4[th] 156, 179.) *Whann v. Doell* (1923) 192 Cal. 680, 684 and *James Church v. Superior Court* (1955) 135 Cal.App.2d 352,359, authorize an accounting when there is an unknown amount due that cannot be determined without an accounting.

39.    WHEREFORE the Plaintiffs request this Court to compel the Defendants to provide a strict and total explanation of the accounting of this loan and if the accounting is not readily understandable, that the Defendants must provide clear and comprehensive instructions on how to read the accounting, plus any further relief the Court deems necessary.

### **THIRD CAUSE OF ACTION**

### **Declaratory Relief**

(Against GMAC and Does 1 through 20)

40.    Plaintiffs re-allege and incorporate by this reference every preceding paragraph of this Complaint as if fully set forth herein.

41.    In California, the elements for declaratory relief are:

(1) a person interested under a written instrument or contract; or (2) a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property; and (3) and actual controversy. *(Cal. Code Civ. Proc., § 1060; Ludgate Ins. Co. v. Lockheed Martin Corp. (2000) 82 Cal.App.4th 592, 605-06.)*

42.    California Code of Civil Procedure section 1060 is broadly construed, and a complaint is legally sufficient under the statute if it (1) alleges the existence of an actual controversy related to the parties' legal rights and duties under a contract or statute, and (2) requests the adjudication of the rights and duties by the court. *(AICCO, Inc. v. Insurance Co. of North America (2001) 90 Cal.App.4th 579, 590.)*

43.    Under the section, an ***"actual controversy"*** is one ***"ripe" for adjudication***. Such a controversy is "one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts." *(Selby Realty Co. v. City of San Buenaventura (1973) 10 Cal.3d 110, 117.)*

44.    Plaintiffs assert that an actual controversy has arisen and now exists between plaintiffs and defendants concerning their respective rights and duties in that plaintiffs contend defendants have no legal basis, authority or capacity to perpetrate or misrepresent the status, authority or capacity of a Lender, Creditor, Mortgagee or Beneficiary of Plaintiffs' Note and Deed of Trust.   By GMAC's own admission, they are only a servicer, yet their attorneys dispute these contentions and assert the contrary.

FIRST AMENDED COMPLAINT

45.    The Note and Deed of Trust are the written instruments of interest herein. The Deed of Trust is comprised of a Trustor, Lender, Beneficiary and Trustee. GMAC is none of these, by their own admission, yet deliberately cloud Plaintiffs' title with a false document. The Deed of Trust is the private contract created by the Grantor/Trustor of the property and there are no deviations permitted to that contract. In *PRUDENTIAL HOME MORTG. v. Superior Court*, 78 Cal. Rptr. 2d 566 - Cal: Court of Appeals, 4th Appellate Dist., 3rd Div. 1998 the court held that "The deed of trust constitutes a contract between the trustor and the beneficiary, with the trustee acting as agent for both and acting pursuant to the terms of the instrument and their instructions." (*Hatch v. Collins* (1990) 225 Cal. App.3d 1104, 1111, 275 Cal.Rptr. 476; see also *Siegel v. American Savings & Loan Assn.* (1989) 210 Cal.App.3d 953, 957, 258 Cal.Rptr. 746). Courts do not insert language into contractual agreements to create obligations where none exist. *Forecast Homes, Inc. v. Steadfast Ins. Co.*, 181 Cal. App. 4th 1466 (2010) "We do not have the power to create for the parties a contract that they did not make and cannot insert language that one party now wishes were there." (Quoting *Vons Companies, Inc. v. United States Fire Ins. Co.*, 78 Cal. App. 4th 52, 58-59 (2000)). No party, not even the court, has a right to infringe upon that contract, impair it, nor insert terms that do not exist. Plaintiffs do not have a contract with GMAC and GMAC has admitted that they are not the owner of the loan, but are merely a servicer. Plaintiffs do not rely on the Assignment of Deed of Trust which contains false information as legal fact or basis to establish GMAC as a "beneficiary" of their deed of trust. Plaintiffs are perplexed at the simplicity of the differences between a servicer and a lender, and the lack of comprehension of GMAC's attorneys. These facts are undisputed and undeniable.

///

46.    In *Herrera v. Deutsche Bank*, Cal.App. 3rd Dist. (C065630) the Court acknowledged while a court may take judicial notice of a recorded document, that does not mean it may take judicial notice of factual matters stated therein, so **the recorded documents do not prove the truth of their contents**. Accordingly, the Bank (in *Herrera*) did not present direct evidence that it held the note [as a beneficiary]. Here, Plaintiffs dispute GMAC's contention in its recorded document that it is the beneficiary, when it has clearly admitted that it is a servicer, has acted as a servicer, has denoted various parties as the "owner" in written correspondence and spasmodically, obfuscated the identity of the Lender from Plaintiffs while collecting payments through the life of the loan.

47.    Plaintiffs further contend that this is not a produce the note argument, and are fully aware that California law does not require production of the note to foreclose, however, the deed of trust allows the "Borrower" (Trustor) to bring civil action when there is non-existence of a default and any other defense, and Plaintiffs contend that GMAC is not the creditor/lender/mortgagee/beneficiary with the authority to exercise power of sale and must therefore produce the creditor or produce evidence of the debt that Plaintiffs allegedly owe with a basis for enforcing it and for whom, and explain why Plaintiffs were never notified properly under 15 USC 1641, nor were proper responses received to their Qualified Written Requests pursuant to 12 USC 2605.

48.    Plaintiffs desire a judicial determination of their rights and duties, and a declaration as to the **legal owner** of the Note and Deed of Trust, with an unbroken chain of title to the Note and Deed of Trust, accordingly. A judicial determination is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain who has the right to modify the terms of note and Deed of Trust, to whom payments should be made and to ensure

that when paid, Plaintiffs will receive a full reconveyance of the Deed of Trust and will own their property free and clear of claims under the note and Deed of Trust once paid.

49.    Plaintiffs have no adequate remedy at law for the injuries currently being suffered and that are threatened. It will be impossible for Plaintiffs to determine the precise amount of damages that they will suffer if Defendants' conduct is not restrained and Plaintiffs must file a multiplicity of suits to obtain compensation for their injuries.

50.    Plaintiffs request that the Court declare the rights of the parties in this matter. Plaintiffs request that the Court enforce these rights with the issuance of injunctions or restraining orders as may be necessary to place the parties in their proper position with respect to their interests, if any, in the Subject Property.

WHEREFORE, plaintiffs pray judgment against defendants and each of them, as follows:

For a declaration that:

1. GMAC is not a lender, mortgagee, beneficiary or creditor of Plaintiffs' Note and Deed of Trust.

2. GMAC is the loan servicer.

3. For an award of attorney fees to the Plaintiffs for reasonable attorney's fees, if applicable, costs and necessary disbursements incurred in connection with this lawsuit; and

4. For such other and further relief as the court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby request a trial by jury of no less than twelve (12) persons on all issues so triable pursuant to the Constitution for the United States of America, circa 1787, as amended in 1791 with the Bill of Rights, to the California Constitution and its Bill of Rights.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

1.      For a temporary, preliminary and permanent injunction enjoining GMAC and their employees, officers, agents, servants, and all persons acting in concert with each other or on each other's behalf, from proceeding with or conducting any collection activity, foreclosure threat or initiation thereof, or from taking any further steps to deprive Plaintiffs of ownership of Plaintiffs' Property.

2.      For the First Cause of Action:

General and special damages according to proof at trial, but no less than $70,000, as well as punitive and exemplary damages as determined by this Court and cancellation of the Assignment of Deed of Trust.

3.      For the Second Cause of Action:

That Defendant GMAC owes Plaintiff a sum of money.

That the Defendants provide a strict and total explanation of the accounting of Plaintiffs' loan and if the accounting is not readily understandable, that the Defendants must provide clear and comprehensive instructions on how to read the accounting, plus any further relief the Court deems necessary.

4.      For the Third Cause of Action:

For issuance of a declaration that:

GMAC is not a lender, mortgagee, beneficiary or creditor of Plaintiffs' Note and Deed of Trust; GMAC is the loan servicer; and, For an award of attorney fees to the Plaintiffs for reasonable attorney's fees, if applicable, costs and necessary disbursements incurred in connection with this lawsuit; and For such other and further relief as the court deems proper.

FIRST AMENDED COMPLAINT

DATED: January 19, 2012

VACHAGAN ABED-STEPHEN
Plaintiff, Pro Per

SUSIE ABED-STEPHEN
Plaintiff, Pro Per

## **VERIFICATION**

I, VACHAGAN ABED-STEPHEN, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this _19_ day of January, 2012, in Glendale, California.

VACHAGAN ABED-STEPHEN

I, SUSIE ABED-STEPHEN, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this _19_ day of January, 2012, in Glendale, California.

SUSIE ABED-STEPHEN

**PLAINTIFFS' EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| 1 | GMAC Letter dated Oct. 5, 2009 |
| 2 | GMAC Letter dated May 20, 2011 |
| 3 | OneWest letter |

12-12020-mg    Doc 5786-3    Filed 11/15/13    Entered 11/15/13 15:48:24    Exhibit 2
(Part 2)    Pg 20 of 46

**GMAC Mortgage**

October 5, 2009


Vachagan Abed-Stephen
Susie Abed-Stephen
1606 Glenmont Drive
Glendale, CA 91207

Re:    Rescission request for loan number ███████ "Loan")

Dear Mr. and Mrs. Stephen:

We are writing in response to your correspondence to GMAC Mortgage, LLC
("GMACM"), requesting rescission of the loan transaction you entered into with First
Federal Bank of California on April 12, 2006.

If warranted, the extended right to rescind expires three years after consummation, upon
transfer of all of the consumer's interest in the property, or upon sale of the property
whichever occurs first (12 CFR 226.23(a)(3)). Therefore, if you had an extended right to
cancel you would have had until April 12, 2009 to file a claim.

Consequently, we will not rescind the Loan transaction at this time.

The Loan is currently owned by:
    Deutsche Bank National Trust Company, as Trustee, 1761 East St. Andrew Place
    Santa Ana, CA 92705 714-247-6257

The Loan's Master Servicer is:
    Wells Fargo Bank, N.A. 9062 Old Annapolis Rd Columbia, MD 21045
    1-888-662-7865

However, the Loan is currently being subserviced by GMACM and all legal inquiries
should be directed to the subservicer.

If you have any documents or further information that set forth the basis of the demand,
please contact me at the address below.


Sincerely,

Kathy Priore
Associate Counsel


GMAC Mortgage, LLC
One Meridian Crossings  Richfield, MN 55423
952.857.7000  gmacmortgage.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# EXHIBIT 2

16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT

# GMAC Mortgage

May 20, 2011

Vachagan Abed-Stephen
Susie Abed-Stephen
1606 Glenmont Drive
Glendale CA 91207

RE:    Account Number                    ████████
       FDIC Complaint Number    SCC2011W-004332-0
       Property Address              1606 Glenmont Drive
                                     Glendale CA 91207

Dear Vachagan Abed-Stephen and Susie Abed-Stephen:

This letter is in response to one dated April 29, 2011, and received in our office May 2,
2011, from the Federal Deposit Insurance Corporation (FDIC) regarding the complaint
you filed with that office.  Specifically this is regarding the request for the owner of the
note.

GMAC Mortgage, LLC (GMACM) received your complaint from the FDIC and per your
request the owner information is provided below:

       ·The Loan is currently owned by:
        Wells Fargo NA
        9062 Old Annapolis Rd
        Columbia MD 21045
        888-662-7865

However, the Loan is currently being serviced by GMAC Mortgage, LLC (GMACM)
and all legal inquiries should be directed to the servicer.

The account is currently due for the October 1, 2008 and all subsequent payments.  The
account is not in a foreclosure status; however, the most recent breach of contract letter
expired as of May 7, 2011, so the account could be referred to foreclosure at any time.

May 20, 2011
Account Number ███████████
Page Two

We find the statements made in your letter to be without merit and do not assert any right
you have under state or federal law.  GMACM has no record of a specific, *bona fide,*
*good faith* dispute being raised by you.

Omissions or silence do not constitute GMACM's consent of or agreement with the
statements contained in the document.  GMACM views all other non-servicing related
questions as extraneous and an abuse of the statute in an attempt to obtain information
outside of formal discovery.

If you have any further questions, please contact me at 800-627-0128 extension 2365373
or directly at 319-236-5373.

Sincerely,

Bryan Duggan
Advocacy Resolution Specialist
Executive Offices

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3

FIRST AMENDED COMPLAINT

 **OneWest Bank**

One West Bank, FSB
888 East Walnut Street
Pasadena, CA 91101

800 669 2300 Tel
626 535 2500 Tel
626 535 8209 Fax

www.onewestbank.com

July 19, 2011

Vachagan Abed-Stephen
1606 Glenmont Drive
Glendale, CA 91207

Re:    Susie Abed-Stephen; Vachagan Abed-Stephen v. GMAC Mortgage;
       OneWest Bank et al.
       Case No.:    BC464367

Dear Mr. Abed-Stephen:

On December 18th, 2009, OneWest Bank Group LLC completed its acquisition of banking operations of First Federal Bank F.S.B. (FFB) from the Federal Deposit Insurance Corporation (FDIC). Certain assets of FFB were acquired by OneWest Bank, FSB (OWB), a Pasadena, California-based federal savings bank.

OWB Corporate Legal has received the Summons & Complaint regarding the above-referenced case. Paragraph 17 of the Complaint indicates a possible FFB interest based on a note. That loan was serviced release to GMAC on 12/2006, prior to the formation of OWB. If you have documentation that states otherwise, please forward to OWB Corporate Legal. OWB has no interest in this property.

Sincerely,

Corporate Legal

cc:    Dorothy M. Swain
       Deputy Clerk

 Member
**FDIC**

**Allen Matkins**

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law
515 South Figueroa, 9th Floor | Los Angeles, CA 90071-3309
Telephone: 213.622.5555 | Facsimile: 213.620.8816
www.allenmatkins.com

David R. Zaro
E-mail: dzaro@allenmatkins.com
Direct Dial: 213.955.5518    File Number: 370367-00001/LA902992.01

**Via Overnight Mail**

August 9, 2011

Mr. Vachagan Abed-Stephen
1606 Glenmont Drive
Glendale, CA 91207

> **Re:    Our Client:  OneWest Bank, FSB**
> **Loan Number:** ▮▮▮▮▮▮
> **Abed-Stephen v. GMAC Mortgage, LLC et al.,**
> **Los Angeles County Superior Court, Case No. BC464367**

Dear Mr. Abed-Stephen:

This letter is to follow-up on our conversation of August 9, 2011 concerning the lawsuit entitled Susie Abed-Stephen and Vachagan Abed-Stephen v. GMAC Mortgage LLC, et al., Los Angeles County Superior Court, Case No. BC464367 (the "Complaint"). Our firm represents OneWest Bank, FSB, which purchased certain assets from First Federal Bank of California and Seaside Financial Corporation ("Seaside") (collectively, the "OneWest").

Pursuant to our conversation this morning, I confirmed with you that OneWest and Seaside have no interest in the loan or the foreclosure which is the subject of the Complaint. Since all of the allegations in the Complaint concern matters that are unrelated to OneWest or Seaside, I requested that you dismiss the Complaint as to OneWest and Seaside. Based upon our conversation, I understand that you have agreed to do so. To that end, enclosed is a Request for Dismissal, without prejudice, of the entire Complaint as to OneWest and Seaside. By signing this document, you will be dismissing the Complaint as to OneWest and Seaside and they will no longer be parties to the Complaint.

To that end, I request that Susie Abed-Stephen and you both sign the Request for Dismissal ("Dismissal") in the spacing provided for your signatures and return the original Dismissal to our office in the enclosed enveloped. We will then file the Dismissal with the Court and that will conclude OneWest's and Seaside's participation in this matter.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Mr. Vachagan Abed-Stephen
August 9, 2011
Page 2


Should you have any questions, please contact me.

Very truly yours,

David R. Zaro

DRZ:md
Enclosure

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Vachagan Abed-Stephen
Susie Abed-Stephen
1606 Glenmont Drive
Glendale, California 91207
TELEPHONE NO.: 818.500.1616    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs in Pro Per

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California
BRANCH NAME: 90010

PLAINTIFF/PETITIONER: SUSIE ABED-STEPHEN, et al.,
DEFENDANT/RESPONDENT: GMAC MORTGAGE LLC, et al.,

REQUEST FOR DISMISSAL

☐ Personal Injury, Property Damage, or Wrongful Death
  ☐ Motor Vehicle   ☐ Other
☐ Family Law   ☐ Eminent Domain
☒ Other (specify): Cancellation of Instruments; Quiet Title, etc.

CASE NUMBER:
BC464367

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice
   b. (1) ☒ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                          on (date):
      (4) ☐ Cross-complaint filed by (name):                          on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* as to defendants (1) ONEWEST BANK, FSB as Successor to First Federal Bank of California; and (2) SEASIDE FINANCIAL CORPORATION
2. (Complete in all cases except family law cases.)
   ☐ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: August 17, 2011

Vachagan Abed-Stephen and Susie Abed-Stephen
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____
(SIGNATURE)
Attorney or party without attorney for:
☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief- is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► _____
(SIGNATURE)
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk)
4. ☐ Dismissal entered as requested on (date):
5. ☐ Dismissal entered on (date):                    as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy
   Date: _____   Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

REQUEST FOR DISMISSAL

Page 1 of 2
Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c). Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

## PROOF OF SERVICE BY MAIL

1

2

STATE OF CALIFORNIA            )

3

COUNTY OF LOS ANGELES        )

4

5

I, _PATRICIA MORALES_____, declare as follows:

6

7

I am employed in Los Angeles County, I am over the age of eighteen years and am not a party

8

to the within entitled action; my business address is

9

_730 S. CENTRAL AVE #206 GLENDALE, CA 91204._

10

11

On January _19_, 2012, I served the following:

12

13

**SECOND AMENDED COMPLAINT**

14

15

On interested parties in said action by United States Mail, postage prepaid, addressed as

follows:

16

Severson & Werson

17

19100 Von Karman Ave., Suite 700
Irvine, CA 92612

18

Severson & Werson

19

One Embarcadero Center, Suite 2600
San Francisco, CA 94111

20

21

I personally deposited with the U.S. Postal Service on that same day with postage thereon

22

fully prepaid at _GLENDALE_____, California, in the ordinary course of

23

business. I am not a registered California process server.

24

        I declare under penalty of perjury under the laws of the State of California that the

25

foregoing is true and correct.

26

Executed on January _19_, 2012    , at    Glendale, California

27

28

_____

-22-
FIRST AMENDED COMPLAINT

## Exhibit H

**Demurrer Decision**

JRIGINAL FILED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

APR 04 2012

LOS ANGELES
SUPERIOR COURT

SUSIE ABED-STEPHEN, etc., et al. v. GMAC MORTGAGE LLC, etc., et al.

CASE NO. BC464367

---

### Order on Demurrer to Second Amended Complaint

---

Defendant GMAC Mortgage, LLC, formerly known as GMAC Mortgage Corporation, has demurred to the three causes of action contained in plaintiff's second amended complaint ("SAC"). This is the court's ruling on defendant's attack on the pleadings.

The SAC contains causes of action denominated, as follows: (1) cancellation of instrument; (2) demand for accounting; and (3) declaratory relief.

Plaintiffs allege that on April 12, 2006, they obtained a loan from First Federal Bank of California. (SAC ¶ 11.) Plaintiffs claim that this loan was secured by a Deed of Trust recorded against the real property located at 1606 Glenmont Drive, Glendale, California on April 21, 2006. (*Ibid.*) Plaintiffs allege that the Deed of Trust was subsequently assigned to Defendant GMAC Mortgage, LLC and an Assignment of Deed of Trust was recorded on October 30, 2008. (*Id.,* ¶ 14.) Plaintiffs defaulted on their loan payments and foreclosure proceedings were initiated against the property. A Notice of Default was recorded on October 17, 2008. After Plaintiffs failed to cure their default, a Notice of Trustee's Sale was recorded on January 22, 2009. A second Notice of Trustee's Sale was recorded on February 1, 2010. (Dem., p. 2.)

Judicial Notice

Defendant requests that the Court take judicial notice of: (1) A Deed of Trust recorded on April 21, 2008 as Document No. 06-0874914 in the Official Records of the Los Angeles County Recorder's Office ("Exhibit A"); (2) an Assignment of Deed of Trust recorded on October 30, 2008 as Document No. 20081926473 in the Official Records of the Los Angeles County Recorder's Office ("Exhibit B"); (3) a Substitution of Trustee recorded on October 17, 2008 as Document No. 20081852270 in the Official Records of the Los Angeles County Recorder's Office ("Exhibit C"); (4) a Notice of Default and Election to Sell Under Deed of Trust recorded on October 17, 2008 as Document No. 20081852271 in the Official Records of the Los Angeles County Recorder's Office ("Exhibit D"); (5) a Notice of Trustee's Sale recorded on January 22, 2009 as Document No. 20090086337 in the Official Records of the Los Angeles County Recorder's Office ("Exhibit E"); (6) a Notice of Trustee's Sale recorded on February 1,

2010 as Document No. 20100143139 in the Official Records of the Los Angeles County
Recorder's Office ("Exhibit F"); (7) a Notice of Rescission of Notice of Default recorded
on June 27, 2011 as Document No. 20110866662 in the Official Records of the Los
Angeles County Recorder's Office ("Exhibit G"); (8) a Second Amended Complaint as
filed in the United States District Court Central District of California on February 12,
2010 ("Exhibit H"); and (9) a Request for Dismissal filed in Los Angeles County
Superior Court, Case No. EC051011 ("Exhibit I").

The records and files of an administrative board are properly the subject of
judicial notice. (*Hogen v. Valley Hospital* (1983) 147 Cal. App. 3d 119, 125.)
Specifically, official records such as duly recorded deeds of trust are subject to judicial
notice. *(Plaza Home Mortg., Inc. v. North American Title Co., Inc.* (2010) 184
Cal.App.4th 130.)

In *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, the Court of
Appeal held that courts may take judicial notice not only of the existence and recordation
of recorded documents, but also a variety of matters that can be deduced from the
documents, such as the date the document was recorded, the parties to the transaction,
and the document's legally operative language. (*See id.* at pp. 265-266.)

Defendant, however, fails to provide the court with certified copies of the
documents. Thus, pursuant to Evidence Code section 1530, the court declines to take
judicial notice of Exhibits A-G. Additionally, the court declines to take judicial notice of
Exhibit H pursuant to Local Rule 3.8(b).

The court shall take judicial notice of Exhibit I. (Evid. Code, § 453(d).)

Analysis
Defendant demurs to the first, second, and third causes of action in plaintiffs'
SAC on the ground of failure to state facts sufficient to constitute causes of action.

*First cause of action for cancellation of instrument*
Civil Code section 3412 "permits an action to cancel an instrument which is void
or voidable and the statement of the facts constituting a deed's invalidity constitutes a
sufficient allegation of a cause of action thereunder." (*Zakaessian v. Zakaessian* (1945)
70 Cal.App.2d 721, 725.)

Plaintiffs predicate their causes of action on two distinct premises: (1) that an
assignment of deed of trust must be recorded before foreclosure proceedings are
initiated; and (2) that Defendant is not in possession of the original promissory note and,
therefore, is not entitled to enforce the provisions of the Deed of Trust. (See SAC ¶¶ 11-
21.)

-2-

First, Plaintiffs' first cause of action must fail as a matter of law because Civil Code section 2932.5 only requires recordation of mortgages or other encumbrances in which "a power to sell real property is given to a mortgagee or other encumbrancer"; in contrast, a deed of trust conveys legal title to the trustee. (*Bank of Italy etc. Assn. v. Bentley* (1933) 217 Cal. 644, 655.) Because the deed of trust conveys title to the trustee, it is unnecessary to record an assignment of the beneficial interest in a deed of trust. (*Stockwell v. Barnum* (1908) 7 Cal.App. 413, 417.) Indeed, the Court of Appeal recently held that California Civil Code section 2932.5 does not apply to deeds of trust. (*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118.)

Here, Plaintiffs signed a deed of trust, not a mortgage. (SAC ¶ 11, Exh. A.) Thus, Plaintiffs' claims must fail insofar as they rely on a purported violation of section 2932.5.

Physical possession or production of the promissory note is not required for non-judicial foreclosures under California law. (See, e.g., *Nool v. HomeQ Servicing* (E.D. Cal. 2009) 653 F.Supp.2d 1047, 1053.) Under Civil Code section 2924, subd. (a), "a 'trustee, mortgagee, or beneficiary, or any of their authorized agents may initiate the foreclosure process'" by recording and servicing a notice of default. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1152, 1155, 1157.)

Thus, to the extent that Plaintiffs' claims are predicated on Defendant's lack of standing to initiate foreclosure proceedings, Plaintiffs' claims must fail as a matter of law.

The court sustains Defendant's demurrer to the first cause of action, with leave to amend, for failure to state facts sufficient to constitute a cause of action.

### *Second cause of action for an accounting*

To state a cause of action for an accounting, plaintiff must plead facts showing: (1) the existence of a relationship requiring accounting, such as fiduciary; and (2) unliquidated and unascertained balance is owed. (*St. James Church of Christ Holiness v. Superior Court* (1955) 135 Cal.App.2d 352, 359; *Raymond v. Independent Growers, Inc.* (1955) 133 Cal.App.2d 154, 160.) An accounting is "not an independent cause of action but merely a type of remedy." (See *Batt v. City and County of San Francisco* (2007) 155 Cal.App.4th 65, 82 [internal citations omitted].)

Here, Plaintiffs allege that "[t]he true amount of money, if any, owed to any of the Defendants is a mystery as Defendant GMAC has self-admittedly excluded itself as a lender, creditor, mortgagee or beneficiary and Plaintiffs desire to know the identity of the true lender as required by law." (SAC ¶ 33.) Plaintiffs state that they "made payments to GMAC which GMAC was not entitled to, therefore GMAC owes Plaintiffs a sum of money which can only be determined by an accounting." (*Id.*, ¶ 36.)

-3-

As discussed above, Plaintiffs fail to allege any facts demonstrating an underlying claim supporting Plaintiffs' alleged entitlement to an unascertained sum. Because Plaintiffs fail to allege any facts sufficient to constitute a cause of action for cancellation of written instrument, Plaintiffs' second cause of action for an accounting must fail.

The court sustains Defendant's demurrer to the second cause of action, with leave to amend, for failure to state facts sufficient to constitute a cause of action.

### *Third cause of action for Declaratory Relief*
A cause of action for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties under a written instrument or with respect to property and requests that the rights and duties of the parties be adjudged by the court. (Code Civ. Proc., § 1060; *Maguire v. Hibernia Sav. and Loan Soc.* (1944) 23 Cal.2d 719.) If the above "requirements are met . . . the court should declare the rights of the parties whether or not the facts alleged establish the plaintiff is entitled to favorable declaration." (*Wellenkamp v. Bank of Am.* (1978) 21 Cal.3d 943, 947.)

Plaintiffs base their third cause of action on the same grounds as their first cause of action for cancellation of instrument. Thus, because Plaintiffs' first cause of action must fail as a matter of law, Plaintiffs' third cause of action must similarly fail.

The court, therefore, sustains Defendant's demurrer to Plaintiffs' third cause of action, with leave to amend, for failure to state facts sufficient to constitute a cause of action.

Disposition
IT IS ORDERED that the demurrer of defendant GMAC Mortgage, LLC to each cause of action in plaintiffs' second amended complaint is sustained without leave to amend on the ground of failure to state facts sufficient to constitute a cause of action.

Dated: April 3, 2012

RALPH W. DAU
Ralph W. Dau, Judge

-4-

## Exhibit I

**Hearing Transcripts**

```
 1   CASE NUMBER:          BC464367

 2   CASE NAME:            SUSIE ABED-STEPHEN, ET AL.

 3                         VS. GMAC MORTGAGE LLC, ET AL.

 4   LOS ANGELES, CA.:  TUESDAY, JANUARY 10, 2012

 5   DEPARTMENT 57        HON. RALPH W. DAU

 6   APPEARANCES:         (AS HERETOFORE NOTED)

 7   REPORTER:            ANNE STEWART, CSR #5990

 8   TIME:                A.M. SESSION

 9

10         THE COURT:  RECALL NO. 5, ABED-STEVEN.

11         MS. ABED-STEPHEN:  GOOD MORNING AGAIN.

12         THE COURT:  SO YOU HAD AN OPPORTUNITY TO REVIEW

13   THIS TENTATIVE RULING?

14         MS. ABED-STEPHEN:  YES.

15         THE COURT:  OKAY.  WELL, DID YOU WANT TO BE HEARD

16   IN CONNECTION WITH THIS MATTER?

17         MS. ABED-STEPHEN:  WE WILL AMEND IT.  WE AGREE WITH

18   YOUR DECISION TO AMEND IT.

19         THE COURT:  OKAY.  SO THEN THE DEMURRER TO THE

20   FIRST, SECOND AND THIRD CAUSES OF ACTION IS SUSTAINED WITH

21   LEAVE TO AMEND ON THE GROUND OF FAILURE TO STATE FACTS

22   SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.

23         YOU HAVE TEN DAYS TO AMEND AND TEN DAYS

24   THEREAFTER TO FILE A RESPONSIVE PLEADING.

25         MS. CHAMBERS:  THANK YOU, YOUR HONOR.

26         MS. ABED-STEPHEN:  THANK YOU.

27         MS. CHAMBERS:  I'LL PROVIDE NOTICE.

28         THE COURT:  OKAY.  DO YOU WANT TO MAKE A COPY OF
```

1    THIS?

2            MS. ABED-STEPHEN:   YES.

3

4                    (WHEREUPON, THE PROCEEDINGS CONCLUDE.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    M A S T E R   I N D E X

2

3        JANUARY 10, 2012, MARCH 22, 2012; VOLUME I

4

5    CHRONOLOGICAL AND ALPHABETICAL INDEX OF WITNESSES

6

7                           NONE

8

9

10                        EXHIBITS

11

12                      NONE OFFERED

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT


SUSIE ABED-STEPHEN, ET AL.,            )
                                       )
            PLAINTIFFS-APPELLANTS,      )
                                       )
      VS.                              )   SUPERIOR COURT
                                       )   NO. BC464367
GMAC MORTGAGE LLC, ET AL.,             )
                                       )
            DEFENDANTS-RESPONDENTS.     )
                                       )
_____)



APPEAL FROM THE SUPERIOR COURT OF LOS ANGELES COUNTY

HONORABLE RALPH W. DAU, JUDGE PRESIDING

REPORTER'S TRANSCRIPT ON APPEAL

JANUARY 10, MARCH 22, 2012


APPEARANCES:

FOR PLAINTIFFS-APPELLANTS:   SUSIE ABED-STEPHEN,
                             IN PROPRIA PERSONA


FOR DEFENDANTS-RESPONDENTS:  SEVERSON & WERSON
                             BY:  STEPHANIE A. CHAMBERS
                             19100 VON KARMAN AVENUE
                             7TH FLOOR
                             IRVINE, CA.  92612




VOLUME 1 OF 1              ANNE STEWART, CSR #5990
PAGES 1 THROUGH 2-300     OFFICIAL REPORTER
PAGES 301 THROUGH 304-600

1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  FOR THE COUNTY OF LOS ANGELES

3  DEPARTMENT 57              HON. RALPH W. DAU, JUDGE

4

5  SUSIE ABED-STEPHEN, AN          )
   INDIVIDUAL, ET AL.             )
6                                 )
                                  )
7            PLAINTIFFS,          )      NO. BC464367
                                  )
      VS.                         )
8                                 )
                                  )
9  GMAC MORTGAGE LLC FKA GMAC     )
   MORTGAGE CORPORATION, ET AL.,  )
10                                )
                                  )
11           DEFENDANTS.          )
   _____)

12

13

14           REPORTER'S TRANSCRIPT OF PROCEEDINGS
                     MARCH 22, 2012
15

16  APPEARANCES:

17

18  FOR PLAINTIFFS:        SUSIE ABED-STEPHEN AND
                           VACHAGAN ABED-STEPHEN,
19                         IN PROPRIA PERSONA

20

21

22  FOR DEFENDANTS:        SEVERSON & WERSON
                           BY:  STEPHANIE A. CHAMBERS
23                         19100 VON KARMAN AVENUE
                           7TH FLOOR
24                         IRVINE, CA.  92612

25

26

27

28  **ORIGINAL**           ANNE STEWART CSR NO. 5990
                           OFFICIAL REPORTER

```
 1   CASE NUMBER:        BC464367
 2   CASE NAME:          SUSIE ABED-STEPHEN, ET AL.
 3                       VS. GMAC MORTGAGE LLC, ET AL.
 4   LOS ANGELES, CA.:   THURSDAY, MARCH 22, 2012
 5   DEPARTMENT 57       HON. RALPH W. DAU
 6   APPEARANCES:        (AS HERETOFORE NOTED)
 7   REPORTER:           ANNE STEWART, CSR #5990
 8   TIME:               A.M. SESSION
 9
10        THE COURT:  ALL RIGHT.  NO. 3, ABED-STEPHEN.
11        MS. CHAMBERS:  GOOD MORNING, YOUR HONOR.  STEPHANIE
12   CHAMBERS ON BEHALF OF GMAC MORTGAGE.
13        MS. ABED-STEPHEN:  GOOD MORNING.  SUSIE
14   ABED-STEPHEN.
15        MR. ABED-STEPHEN:  GOOD MORNING, YOUR HONOR.
16   VACHAGAN ABED-STEPHENS.
17        THE COURT:  GOOD MORNING.
18        MS. ABED-STEPHEN:  GOOD MORNING.
19        THE COURT:  THIS IS HERE ON THE DEMURRER TO THE
20   SECOND AMENDED COMPLAINT.  HAVE YOU EACH READ THE
21   TENTATIVE?
22        MS. CHAMBERS:  YES, YOUR HONOR.
23        THE COURT:  SO THE PLAINTIFFS HAVE THE LABORING OAR
24   HERE.  WOULD YOU LIKE TO BE HEARD?
25        MS. ABED-STEPHEN:  YES, PLEASE.
26        THE COURT:  OKAY.
27        MS. ABED-STEPHEN:  WELL, NO. 1, YOUR HONOR, WHAT IS
28   WRONG WITH THE CAUSES OF ACTION?  AND THEY ARE NOT TREATED
```

1    RIGHT, AND I OBJECT AND NEED THE EXACT REASON NOW FOR MY

2    APPEARANCE.

3              THE COURT:  OKAY.  I'LL ISSUE YOU AN ORDER, AND

4    YOU'LL HAVE IT.

5              MR. ABED-STEPHEN:  ONE MORE THING:  THAT THIS IS

6    NOT THE FORECLOSURE CASE, BECAUSE WE ARE NOT IN

7    FORECLOSURE.

8              MS. ABED-STEPHEN:  IT'S JUST A QUIET TITLE CASE,

9    YOUR HONOR.

10              THE COURT:  OKAY.

11              MS. CHAMBERS:  YOUR HONOR, WE WOULD SUBMIT ON THE

12    TENTATIVE.

13              THE COURT:  WHAT ABOUT THE QUIET TITLE CASE?

14              MS. ABED-STEPHEN:  PARDON ME?  WHAT DID YOU SAY?

15              MS. CHAMBERS:  WE'RE UNAWARE OF A QUIET TITLE CASE.

16              MS. ABED-STEPHEN:  IT IS A QUIET TITLE CASE, IT IS

17    NOT A FORECLOSURE CASE.

18              THE COURT:  OKAY.  THIS --

19              MS. ABED-STEPHEN:  IT SHOWS THAT EVEN YOUR HONOR

20    DID NOT READ OUR COMPLAINT, FIRST OR SECOND ONE --

21              THE COURT:  OKAY.

22              MS. ABED-STEPHEN:  -- BECAUSE YOUR HONOR HAD

23    MENTIONED THAT IT'S A FORECLOSURE CASE, AND IT IS NOT.  SO,

24    ACTUALLY, WHAT THE OPPOSING ATTORNEYS ARE DOING HERE IS

25    JUST COMMITTING A FRAUD UPON THE COURT, JUST SHOWING THAT

26    IT'S A FORECLOSURE CASE, WHICH IT'S NOT, IT'S A QUIET TITLE

27    CASE.

28              BUT WE'LL DISCUSS THIS AT OUR APPEAL.  THANK

1    YOU VERY MUCH, YOUR HONOR.

2         THE COURT:  WELL, JUST A MINUTE BEFORE YOU GO

3    AWAY --

4         MS. ABED-STEPHEN:  OKAY.  YOUR HONOR, I HAVE NOT --

5         THE COURT:  EXCUSE ME.  YOU HAVE ASSERTED CAUSES OF

6    ACTION FOR CANCELLATION OF INSTRUMENT, AND FOR ACCOUNTING

7    AND DECLARATORY RELIEF.  AND YOU PRAY IN YOUR PRAYER FOR A

8    PERMANENT AND PRELIMINARY INJUNCTION ENJOINING GMAC FROM

9    ANY FORECLOSURE, THREAT OR INITIATION THEREOF, AND YOU SEEK

10   A DECLARATION THAT GMAC HAS NOTHING TO DO WITH THE DEED OF

11   TRUST, AND YOU GET ATTORNEY'S FEES.

12              IF THAT'S WHAT YOU WANT TO CALL A QUIET

13   TITLE CASE, THAT'S UP TO YOU.

14        MS. ABED-STEPHEN:  IT'S A QUIET TITLE CASE.

15        THE COURT:  OKAY.  YOU'LL GET A RULING IN THE MAIL.

16        MS. CHAMBERS:  YOUR HONOR, SHOULD WE SUBMIT A

17   PROPOSED JUDGMENT AND ORDER?

18        THE COURT:  NO, I'LL MAKE MY OWN.

19        MS. ABED-STEPHEN:  YES.  WE NEED TO HEAR FROM YOU,

20   YOUR HONOR.  THANKS.

21        MS. CHAMBERS:  WE'LL PROVIDE NOTICE.

22        MS. ABED-STEPHEN:  YOUR HONOR, NOTICE IS NOT

23   WAIVED.

24              YOU WILL SEND US YOUR WRITING; RIGHT?

25        THE COURT:  YOU'LL GET AN ORDER IN THE MAIL, MA'AM.

26        MS. ABED-STEPHEN:  THANK YOU.

27        MS. CHAMBERS:  THANK YOU, YOUR HONOR.

28

4

1                    (WHEREUPON, THE PROCEEDINGS CONCLUDE.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                    FOR THE COUNTY OF LOS ANGELES

3      DEPARTMENT 57                    HON. RALPH W. DAU, JUDGE

4

5      SUSIE ABED-STEPHEN, ET AL.,        )
                                          )
6                      PLAINTIFFS,        )      SUPERIOR COURT
                                          )
7           VS.                           )      NO. BC464367
                                          )
8      GMAC MORTGAGE, LLC, ET AL.,        )      REPORTER'S
                                          )      CERTIFICATE
9                      DEFENDANTS.        )
                                          )
10     _____)

11

12                I, ANNE STEWART, OFFICIAL REPORTER OF THE

13     SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY

14     OF LOS ANGELES, DO HEREBY CERTIFY THAT THE FOREGOING PAGES,

15     1 THROUGH 4, INCLUSIVE, COMPRISE A FULL, TRUE AND CORRECT

16     TRANSCRIPT OF THE PROCEEDINGS HELD IN THE ABOVE ENTITLED

17     MATTER ON MARCH 22, 2012.

18                DATED THIS 18TH DAY OF MAY, 2012.

19

20

21

22     _____
                ANNE STEWART, CSR #5990
23              OFFICIAL REPORTER

24

25

26

27

28