Hearing Date and Time: November 19, 2013 at 9:00 a.m. (Prevailing Eastern Time)

| | |
|---|---|
| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** | **MORRISON & FOERSTER LLP** |
| 101 Park Avenue | 1290 Avenue of the Americas |
| New York, New York 10178-0061 | New York, New York 10104 |
| Telephone: (212) 696-6000 | Telephone: (212) 468-8000 |
| Facsimile: (212) 697-1559 | Facsimile: (212) 468-7900 |
| Steven J. Reisman, Esq. | Gary S. Lee, Esq. |
| Jonathan J. Walsh, Esq. | Norman S. Rosenbaum, Esq. |
| Maryann Gallagher, Esq. | Jordan A. Wishnew, Esq. |
| | |
| *Conflicts Counsel for the Debtors and Debtors in Possession* | *Counsel to the Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### **DEBTORS' OPPOSITION TO PNC BANK, N.A.'S REQUEST FOR JUDICIAL NOTICE**

The Debtors[1] in the above-captioned Chapter 11 Cases, including ResCap, RFC, and GMAC Residential Holding Company, LLC (together with ResCap and RFC, the Settling Defendants), by and through their counsel, hereby file this opposition (the "Opposition") to *PNC Bank N.A.'s Request for Judicial Notice* (the "Request for Judicial Notice"), filed Nov. 12, 2013 [Dkt. No. 5670] by PNC. By this Opposition, the Debtors request that PNC's Request for Judicial Notice be denied.

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the *Debtor's Reply in Further Support of the Named Plaintiffs' and Debtors' Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 for an Order Approving the Settlement Agreement on a Final Basis* (the "Debtors' Reply"), filed November 4, 2013 [Dkt. No. 5594].

## ARGUMENT

1.  On the eve of the November 19, 2013 hearing to consider the fairness, reasonableness and adequacy of the Kessler Settlement Agreement (the "Fairness Hearing"), and 20 days after the deadline for objections, PNC has asked this Court to take judicial notice of selected excerpts from eight documents PNC attached to its Supplemental Memorandum without a supporting declaration. PNC's Request for Judicial Notice does not state whether it is asking the Court to take judicial notice of these documents for any specific purpose.

2.  This Court should deny PNC's untimely Request for Judicial Notice of these documents for three reasons. **First**, the documents attached to the Request for Judicial Notice are not appropriate subjects of judicial notice, as they have been excerpted to highlight disputed allegations made by PNC in its Supplemental Memorandum, and in any case have no relevance to the Fairness Hearing. **Second**, PNC's Request for Judicial Notice should be denied because PNC has no standing in the Fairness Hearing. **Third**, PNC's Request for Judicial Notice should be denied because it was not timely filed by the deadline established by this Court in its *Order Pursuant to Rules 7023 and 9019*, entered August 23, 2013 [Dkt. No. 4808] (the "Preliminary Approval Order").

**I.    PNC's Request Falls Beyond the Scope Appropriate for Judicial Notice**

3.  Under Federal Rule of Evidence 201 ("Rule 201"), a court may judicially notice a fact that is not subject to reasonable dispute. *See City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, No. 12 Civ. 1203, 2013 WL 1174017, at *6 (S.D.N.Y. Mar. 22, 2013). Where a fact is not relevant to the matter before the court, judicial notice is not appropriate. *See, e.g.*, *Fraterrigo v. Akal Sec., Inc.*, 376 F. App'x 40, 42 (2d Cir. 2010) (declining to take judicial notice of a fact because the fact would have no impact on the court's adjudication of the matter before it);

*Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012) ("Courts are not required to take judicial notice of irrelevant materials.").

4.   Even "[w]here a court takes judicial notice of a public record . . . it does so in order to determine *what* statements [it] contained—. . . ***not for the truth of the matters asserted***." *City of Austin Police Ret. Sys.*, 2013 WL 1174017, at *7 (quoting *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)) (internal citations omitted) (emphasis in original).  Thus, a court may *not* take judicial notice of a document in order to "make factual inferences based on the content of those [documents] that it could not otherwise make pursuant to its power under [Rule] 201 to take notice of widely known and indisputable facts." *See O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, No. 06 Civ. 6278, 2006 WL 3771013, *2 (S.D.N.Y. Dec. 18, 2006).  This would be an inappropriate use of judicial notice, and "creat[e] misleading results." *See id.*

5.   Here, PNC seeks judicial notice of selected excerpts from eight documents but does not state the purpose of the judicial notice requested—whether to affirm the fact of the documents' publication, or the existence of the statements made therein.  In either case, taking judicial notice of these documents would be inappropriate because neither their existence nor the statements made therein are adjudicative facts that are relevant to the instant Fairness Hearing or to PNC's Limited Objection to the Kessler Settlement.

**II.   Because PNC Has No Standing to Object in the Fairness Hearing, Its Request For Judicial Notice of Documents In Support of Its Limited Objection Is Moot**

6.   As set forth in the Debtor's Reply and the *Kessler Settlement Class' Reply in Further Support of the Joint Motion Pursuant to 11 U.S.C. §105 and Federal Rules of Bankruptcy Procedure 7023 and 9019 for an Order, Inter Alia, Approving the Settlement Agreement on a Final Basis and Granting Related Relief* (the "Named Plantiffs' Reply"), filed

16994991

November 4, 2013 [Dkt. No. 5595], PNC's Request for Judicial Notice is moot because PNC has no standing to object to the Kessler Settlement Agreement or the Amended Proposed Final Approval Order. In the context of the Fairness Hearing, PNC is just a non-settling defendant who is, under the terms of the Kessler Settlement Agreement, neither barred from asserting a claim for contribution nor hindered from seeking a judgment credit in the MDL Litigation trial court.[2] *See* Debtors' Reply ¶¶ 9-11; Named Plaintiffs' Reply ¶¶ 4-7. Because the Amended Proposed Final Approval Order has obviated PNC's Limited Objection, PNC's request for judicial notice of materials in support of that Limited Objection should be denied. *See United States v. Bleznak*, 153 F.3d 16, 21 n.2 (2d Cir. 1998) (denying as moot a motion to take judicial notice of court filings because the filings were "not relevant to our disposition of this appeal"); s*ee also Hargis*, 674 F.3d at 793 (affirming district court's decision to deny a request to take judicial notice of facts that would not change the lower court's decision that the movant had no standing to bring her claim).

### III.   PNC Bank's Request Should Be Denied Because It Was Not Timely Filed

7.   Lastly, PNC Bank's request should also be denied simply because PNC failed to file the request in a timely manner. This Court's Preliminary Approval Order set a clear deadline of October 18, 2013 for objections and comments to the settlement, which was later extended to October 23, 2013 by agreement of the Settling Parties and with the consent of the Court. Further, the Court's Preliminary Approval Order states that "[u]nless otherwise ordered by the Court, ***no objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with the respective guidelines [of the Preliminary Approval Order]***." *See* Preliminary Approval Order ¶ 19 (emphasis added).

---

[2]   PNC's proof of claim (Claim No. 4760) seeking indemnity and/or contribution from RFC was disallowed and expunged pursuant to Section 502(e)(1)(B) of the Bankruptcy Code on September 13, 2013. [Dkt. No. 5041].

-4-

8.   PNC's Request for Judicial Notice was filed on November 12, 2013, nearly three weeks after the objection deadline.  We do not know why PNC waited until the eleventh hour to file the Request for Judicial Notice, as the request makes no explanation and does not reference any document not already attached to PNC's Supplemental Memorandum, filed on October 23, 2013.  Whether PNC's lateness is due to mere oversight or constitutes an improper attempt to expand the scope of its Limited Objection by introducing selectively excerpted materials as evidence on the eve of the Fairness Hearing, PNC's Request for Judicial Notice should be denied as untimely pursuant to the Preliminary Approval Order.  *See* Preliminary Approval Order ¶ 19.

## CONCLUSION

For all the foregoing reasons, the Debtors respectfully ask that PNC's Request for Judicial Notice be denied, and for such other and further relief as the Court may deem proper.

Dated: November 15, 2013
       New York, New York

                                                            Respectfully submitted,

| | |
|---|---|
| **CURTIS, MALLET-PREVOST,<br>COLT & MOSLE LLP** | **MORRISON & FOERSTER LLP** |
| | By: /s/  Norman S. Rosenbaum |
| By: /s/  Steven J. Reisman | Gary S. Lee |
| Steven J. Reisman | Norman S. Rosenbaum |
| Jonathan J. Walsh | Jordan A. Wishnew |
| Maryann Gallagher | 1290 Avenue of the Americas |
| 101 Park Avenue | New York, New York 10104 |
| New York, New York 10178-0061 | Telephone:  (212) 468-8000 |
| Telephone:  (212) 696-6000 | Facsimile:  (212) 468-7900 |
| Facsimile:  (212) 697-1559 | |
| | *Counsel to the Debtors and* |
| *Conflicts Counsel for the Debtors* | *Debtors in Possession* |
| *and Debtors in Possession* | |

16994991