Hearing Date:  December 17, 2013 at 10:00 a.m.
Objection Deadline:  December 9, 2013 at 4:00 p.m.

DORSEY & WHITNEY LLP
50 SOUTH SIXTH STREET, SUITE 1500
MINNEAPOLIS MN 55402-1498
PHONE: 612-340-2600

*Special Securitization and Investigatory Counsel*
*to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUMMARY OF FOURTH INTERIM APPLICATION OF DORSEY & WHITNEY LLP AS SPECIAL SECURITIZATION AND INVESTIGATORY COUNSEL FOR THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MAY 1, 2013 THROUGH AUGUST 31, 2013**

This is a(n):    ___ monthly    _x_ interim    ___ final application.

| | |
|---|---|
| Name of Applicant: | Dorsey & Whitney LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al.* (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 27, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Period for which Compensation and Reimbursement is sought: | May 1, 2013 through August 31, 2013 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary for Application Period: | $122,807.70 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary for Application Period: | $1,376.97 |
| Amount of Compensation Previously Sought As Actual, Reasonable and Necessary: | $659,119.48 |
| Amount of Compensation Previously Awarded As Actual, Reasonable and Necessary: | $637,807.94 |
| Amount of Expense Reimbursement Previously Sought as Actual, Reasonable and Necessary for Application Period: | $5,519.00 |
| Amount of Expense Reimbursement Previously Awarded as Actual, Reasonable and Necessary: | $3,862.46 |

**Summary of Monthly Applications for Application Period:**

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | 80% of Fees Requested | Fees Paid | Expenses Paid | Holdback[1] |
|---|---|---|---|---|---|---|---|
| 6/20/2013 | 05/01/2013 – 05/31/2013 | $17,110.80 | $1,064.97 | $13,688.64 | $6,329.52 | $0 | $3,422.16 |
| 7/18/2013 | 6/01/2013 – 6/30/2013 | $37,408.50 | $0.00 | $29,926.80 | $5,254.56 | $0 | $7,481.70 |
| 8/19/2013 | 7/01/2013 – 7/31/2013 | $42,606.90[2] | $156.00 | $34,040.16 | $0 | $0 | $8,510.04 |
| 9/19/2013 | 8/01/2013 – 8/31/2013 | $25,738.20 | $156.00 | $20,590.56 | $0 | $0 | $5,147.64 |
| **TOTAL** | 05/01/2013 – 8/31/2013 | $122,864.40[2] | $1,376.97 | $98,246.16 | $11,584.08 | $0 | $24,561.54 |

---

[1] Amounts reflected in Holdback column reflect a 20% holdback, regardless of amounts actually received.

[2] The total amount billed for the Application Period exceeds the fees requested in this Application in an amount of $56.70, as a result of the Applicants voluntary reduction in fees billed by transitory timekeepers.

DORSEY & WHITNEY LLP
50 SOUTH SIXTH STREET, SUITE 1500
MINNEAPOLIS MN 55402-1498
PHONE: 612-340-2600

*Special Securitization and Investigatory Counsel
to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**FOURTH INTERIM APPLICATION OF DORSEY & WHITNEY LLP AS SPECIAL
SECURITIZATION AND INVESTIGATORY COUNSEL FOR THE DEBTORS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD MAY 1, 2013 THROUGH AUGUST 31, 2013**

For its fourth interim application for compensation and reimbursement of expenses (the "**Application**") for the period May 1, 2013 through August 31, 2013 (the "**Application Period**"), Dorsey & Whitney LLP ("**Applicant**"), Special Securitization and Investigatory Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 328, 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Case*, General Order M-447, effective as of February 5, 2013, (the "**Local Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996 (the "**UST Guidelines**"), and the Order to Establish Procedures for Interim Monthly Compensation and Reimbursement of Professionals (the "**Interim Compensation Order**" [Docket No. 172], and collectively with the Local Guidelines and the UST Guidelines, the "**Guidelines**"). Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## BACKGROUND

**A.     The Chapter 11 Cases**

3.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

4.     On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

B. **Applicant's Retention and Interim Compensation**

6. On June 26, 2012, the Applicant filed Application to Employ Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel to the Debtors / Debtors' Application Under 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012 (the "**Retention Application**") [Docket No. 509]. On July 27, 2012, the Court entered the Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Dorsey & Whitney as Special Securitization and Investigatory Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012 [Docket No. 929], approving Applicant's retention. The Retention Application sets forth the terms and conditions of employment and compensation, the source of compensation, and other limitations on fees. The Applicant was retained as Special Securitization and Investigatory Counsel, and not as Debtors' primary bankruptcy counsel, therefore it is not involved in the plan and disclosure process or any other primary aspects of the Debtors' bankruptcy and has no information related to these aspects of the case.

7. On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797]. Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to file and submit monthly fee statements to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc.,

3

counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

8.   On October 19, 2012, Applicant filed its First Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period of May 14, 2012 through August 31, 2012, seeking payment and allowance of compensation in the amount of $413,188.83 and interim reimbursement of expenses in the amount of $5,105.22 [Docket No. 1872]. On November 29, 2012, Applicant filed its Supplement to First Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors and Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012, reducing the requested expenses to the amount of $3,448.68 [Docket No. 2301]. On December 7, 2012, the United States Trustee filed an Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses, objecting to, *inter alia*, certain fees and expenses of the Applicant [Docket No. 2361]. On December 18, 2012, the Applicant filed the Response of Dorsey & Whitney LLP to Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses, evidencing the agreement reached between the Applicant and the U.S. Trustee to reduce its requested compensation to the amount of $412,015.33 and expenses to the amount of $3,448.68 [Docket No. 2442]. On December 28, 2012 the Court entered an order awarding, *inter alia*, the Applicant fees in the amount of $411,015.33 and expenses in the amount of $3,448.68 (the "**First Fee Order**") [Docket No. 2530].

9. On March 13, 2013, Applicant filed its Second Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period of September 1, 2012 through December 31, 2012, seeking payment and allowance of compensation in the amount of $157,027.75 and interim reimbursement of expenses in the amount of $125.78 [Docket No. 3153]. On March 25, 2013, the United States Trustee filed an Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Compensation and Reimbursement of Expenses, objecting to, *inter alia*, certain fees and expenses of the Applicant [Docket No. 3310]. On April 3, 2013, the United States Trustee and the Applicant reached an agreement to allow fees in the amount of $141,189.71 and expenses in the amount of $125.78. On April 11, 2013, the Court held a hearing in which it considered the parties' Second Interim Applications. On April 29, 2013 the Court entered an order awarding, *inter alia*, the Applicant fees in the amount of $141,189.71 and expenses in the amount of $125.78 (the "**Second Fee Order**" [Docket No. 3556].

10. On July 31, 2013, Applicant filed its Third Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period of January 1, 2013 through April 30, 2013, seeking payment and allowance of compensation in the amount of $88,902.90 and interim reimbursement of expenses in the amount of $288.90 [Docket No. 4420]. On August 28, 2013, the United States Trustee filed an Omnibus Objection of the United States Trustee Regarding Fee Applications for Third Interim Compensation and Reimbursement of Expenses, but did not object to any fees or expenses of the Applicant [Docket No. 4869]. On September 11, 2013, the Court held a hearing in which it considered the parties' Third Interim

5

Application.  On September 25, 2013 the Court entered an order awarding, *inter alia*, the Applicant fees in the amount of $85,602.90[3] and expenses in the amount of $288.90 (the "**Third Fee Order**") [Docket No. 5205], and together with the First Fee Order and the Second Fee Order, the "**Fee Orders**").

11. On June 20, 2013, Applicant served its eleventh monthly fee statement covering the period from May 1, 2013 through May 31, 2013 (the "**Eleventh Monthly Fee Statement**") on the Notice Parties.  On July 18, 2013, Applicant served its twelfth monthly fee statement covering the period from June 1, 2013 through June 30, 2013 (the "**Twelfth Monthly Fee Statement**") on the Notice Parties.  On August 19, 2013, Applicant served its thirteenth monthly fee statement covering the period from July 1, 2013 through July 31, 2013 (the "**Thirteenth Monthly Fee Statement"**) on the Notice Parties.  On September 19, 2013, Applicant served its fourteenth monthly fee statement covering the period from August 1, 2013 through August 31, 2013 (the "**Fourteenth Monthly Fee Statement**" and together with the Eleventh Monthly Fee Statement, the Twelfth Monthly Fee Statement and the Thirteenth Monthly Fee Statement, the "**Monthly Fee Statements**") on the Notice Parties.

12. On October 23, 2013, counsel for Debtors filed a Notice of Deadline to File Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period Between May 1, 2013 and August 31, 2013, establishing a November 18, 2013 deadline to file fourth interim fee applications [Docket No. 5450].

13. For the convenience of this Court and all parties in interest, attached hereto as Exhibit B is a schedule of the total amount of fees incurred under each of Applicant's internal task codes during the Application Period.

---

[3] The reduction in fee amount is a result of the Court's *sua sponte* objection to certain of Applicant's fees.

6

14. On September 20, 2013, the Applicant has received $11,584.08, 2013, in payment of fees and expenses for the Application Period.

15. Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors. These records are maintained in the ordinary course of Applicant's practice. For the convenience of this Court and all parties in interest, attached hereto as <u>Exhibit C</u> is a billing summary for the Application Period, setting forth the name of each attorney who rendered services during the Application Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney, the hourly billing rate for each attorney at Applicant's current billing rates, and the individual amounts requested for each professional. The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

16. Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services. A summary of the amounts and categories of expenses for which reimbursement is sought is attached hereto as <u>Exhibit D</u>.

17. Copies of Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee Statements and are attached hereto as <u>Exhibit E</u>.

18. There is no agreement or understanding between Applicant and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

19. The Monthly Fee Statements submitted by Applicant are subject to a 20% holdback (as is customary in this District) imposed by the Court on the allowance of fees. The

7

aggregate amount of Applicant's holdback during the Application Period is $24,561.54, which amount reflects 20% of the total requested fees; however, the Applicant has not received any payment for work done during the Application Period. Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

## DESCRIPTION OF SERVICES AND EXPENSES AND RELIEF REQUESTED

20. In general, Applicant has represented the Debtors in connection with the following aspects of the Chapter 11 Cases:

(a) Applicant has provided litigation support both for matters that have been stayed by the automatic stay and for certain actions commenced by government agencies which have not been stayed. Applicant has also assisted the Debtors with ongoing securitization issues.

Set forth below is a listing of work performed by the Applicant by matter:

| Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|
| Residential Capital, LLC / ResCap Treasury General | 9.10 | $2,696.85 |
| Residential Capital, LLC / Business Lending Workout Matters | 206.70 | $76,527.90 |
| Residential Capital, LLC / Subpoena re Sanchez, Lopez | 6.20 | $2,971.80 |
| Residential Capital, LLC / FDIC Subpoena | 10.00 | $3,937.50 |
| Residential Capital, LLC / City of Atlanta re Barb Wendt | 3.80 | $2,342.70 |
| Residential Funding Company, LLC / Allstate Insurance Company et al. | 0.10 | $54.90 |
| Residential Funding Company, LLC / Huntington Bancshares Inc. | 36.30 | $11,917.80 |
| Residential Funding Company, LLC / 1941 Stichting Pensioenfonds ABP | 19.10 | $8,219.25 |
| Residential Funding Company, LLC / John Hancock Life Insurance Company, et al. | 3.90 | $1,923.75 |
| Navigate Advisors | 7.30 | $2,560.05 |
| Jesse Martin re Subpoena Issue | 19.80 | $9,655.20 |
| **Total for all matters** | **322.30** | **$122,807.70** |

8

21. To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 Cases. The following is a summary of the most significant professional services rendered by Applicant during the Application Period organized in accordance with Applicant's internal system of task codes:

(a) **Business Operations and Advice, Task Code 3.**

Fees: $294.30[4]; Total Hours: 0.60

22. During the Application Period, Applicant communicated with counsel regarding third priority lien status.

(b) **Case Administration, Task Code 4.**

Fees: $14,059.35; Total Hours: 29.90

23. During the Application Period, Applicant (i) reviewed and communicated with counsel regarding various subpoenas and responded to same; (ii) reviewed articles regarding FIRREA; (iii) prepared for depositions; and (iv) reviewed documents for production.

(c) **Fee and Employment Applications, Task Code 7**

Fees: $1,757.5; Total Hours: 7.00

24. During the Application Period, Applicant drafted and filed its Third Interim Fee Application.

---

[4] All fees listed are after application of a 10 percent discount.

9

      (d)    **Financing, Task Code 9**

      Fees: $196.20; Total Hours: 0.40

25.    During the Application Period, Applicant reviewed membership interest questions and corresponded with counsel regarding same.

      (e)    **Plan, Disclosure Statement and Confirmation Matters, Task Code 10**

      Fees: $198.00; Total Hours: 0.50

26.    During the Application Period, Applicant reviewed notice of disclosure statement hearing.

      (f)    **PLS Litigation, Task Code 17**

      Fees: $98,643.60; Total Hours: 266.10

27.    During the Application Period, Applicant (i) drafted appellate brief and reply in support of motion to dismiss; (ii) communicated with counsel regarding various issues; (iii) attended hearing on motion to show cause; and (iv) reviewed application for writ of attachment, deposition testimony, work papers to consider claims for complaint against PKF, bank statements and deposition testimony to support alter ego claims, and law regarding choice of law in tort actions.

      (g)    **Litigation (Other), Task Code 18.**

      Fees: $7,407.90; Total Hours: 17.20

28.    During the Application Period, Applicant (i) drafted memoranda and letter regarding document demands, response to subpoenas, memoranda regarding responses to document requests and collectability, objection to abandonment, reply to ex parte writ of attachment, complaint against insurer, memorandum regarding auditor liability, complaint against Fidelity, stipulation to lift the automatic stay, and notice of bankruptcy; (ii) reviewed

documents; (iii) communicated with counsel regarding bankruptcy stay and criminal subpoenas; and (iv) researched Texas law regarding depositions.

        (h)     **Employee Matters, Task Code 24**

Fees: $251.10; Total Hours: 0.60

29. During the Application Period, Applicant reviewed consultant contract and corresponded with counsel regarding same.

30. The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases. The time records attached hereto as <u>Exhibit E</u> present more completely the work performed by Applicant in each billing category during the Application Period.

## **CONCLUSION**

31. Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330. Further, the expenses requested were actual and necessary to the performance of Applicant's services.

32. Applicant therefore requests an order (i) approving interim compensation in the amount of $122,807.70 and interim reimbursement of expenses in the amount of $1,376.97,[5] (ii) directing payment of all compensation held back in connection with the Monthly Fee Statements, and (iii) granting such other and further relief as may be just and proper.

---

[5] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

11

Dated: November 15, 2013  DORSEY & WHITNEY LLP


By: */s/ Eric Lopez Schnabel*
Eric Lopez Schnabel, Esq.
51 W. 52nd Street
New York, NY 10019
Telephone: (212) 415-9243
Facsimile: (212) 953-7201

-and-

Thomas O. Kelly III, Esq. (MN #0189960)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Special Securitization and Investigatory Counsel*
 *for Residential Capital, LLC, et al.*