**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 12-12020 (MG)<br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors,<br><br>Plaintiff,<br><br>v.<br><br>UMB Bank, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01277(MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>UMB BANK, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01343 (MG) |

1

# ORDER DENYING MOTION IN LIMINE TO EXCLUDE THE PROPOSED EXPERT REBUTTAL TESTIMONY OF GINA GUZEIT

UMB Bank, N.A. and the Ad Hoc Group of Junior Secured Noteholders (the "Defendants") filed a motion in limine (the "Motion," Adv. Proc. No. 13-01277, ECF Doc. # 201) to exclude the proposed rebuttal expert testimony of Gina Guzeit ("Guzeit"), offered by the Debtors and the Creditors' Committee (the "Plaintiffs"). The Plaintiffs filed an opposition to the Motion. (Adv. Proc. No. 13-01277, ECF Doc. # 231.) For the reasons explained below, the Motion is **DENIED.**

The Defendants argue that Gutzeit's Rebuttal Expert Report, dated November 1, 2013 (the "Gutzeit Rebuttal Report"), exceeds "the permitted scope of rebuttal evidence" because it purportedly "goes far beyond explaining, repelling, counteracting, or disproving" the opinions of Defendants' expert, Robert S. Bingham ("Bingham"). The Plaintiffs argue that Gutzeit's report responds directly to Bingham's Expert Report, dated October 18, 2013 (the "Bingham Report"). Therefore, the Plaintiffs argue that Guzeit's expert testimony is permitted by Fed. R. Civ. P. 26(a)(2)(D)(ii) (rebuttal expert report proper to "contradict or rebut evidence on the same subject matter" offered by adverse party's expert).

A comparison of the two reports demonstrates that the Guzeit report rebuts the report prepared by Bingham. The following are some of the examples of comparisons of the two reports taken from the Plaintiffs' opposing brief:

1. Bingham's expert report offers opinions on "the nature of the transactions that comprise the Debtors' nine largest intercompany balances" (Bingham Report ¶¶ 7, 39-91); Gutzeit contradicts Bingham's conclusions, explaining her view that Bingham's descriptions of those transactions "are incomplete or misleading." (Gutzeit Rebuttal Report, ¶¶ 8, 44-85.).

2. Bingham's report asserts the Debtors treated their intercompany obligations as "collectible obligations" (Bingham Report ¶ 12); Gutzeit opines that the balances were not likely to be collectible, were not "intended to be repaid," and were regularly forgiven. (Gutzeit Rebuttal Report ¶ 11.)

3. Bingham's report concludes that the Debtors "treated intercompany obligations as valid liabilities" (Bingham Report ¶ 11); Gutzeit responds that intercompany balances "are not indicative of 'valid liabilities.'" (Gutzeit Rebuttal Report ¶ 10.)

The Defendants also argue that Plaintiffs have failed to abide by an earlier commitment not to offer evidence valuing the intercompany balances at zero. But as Plaintiffs demonstrate, Gutzeit doesn't offer an opinion on the value of the intercompany balances. Rather, Guzeit's report opines that the intercompany balances lack indicia of true debt, could not be collected without protracted litigation, and can be compromised by a settlement embodied in the Plan. (Gutzeit Rebuttal Report ¶¶ 11-19.) The Plaintiffs represent they are not seeking to value the intercompany claims at zero, but rather seeking a finding that compromising the balances as part of the Debtors' overall Plan is proper under Bankruptcy Rule 9019. When this issue arose at a hearing on July 30, 2013, that is precisely what was represented by Plaintiffs, despite Defendants' counsel unconvincing effort to recharacterize what Plaintiffs stated; the Court had no similar confusion about the issue. (July 30, 2013 Hr'g Tr. 32:1240:22; 74:12-17.)

A rebuttal expert report may properly be used to rebut evidence offered by the opposing party. *See United States v. Casamento*, 887 F.2d 1141, 1172 (2d Cir. 1989) (stating that '[t]he function of rebuttal evidence is to explain or rebut evidence offered by the other party"); *S.W. v. City of New York*, No. CV 2009-1777(ENV)(MDG), 2011 WL 3038776, at *2 (E.D.N.Y. July 25, 2011) (stating that "[r]ebuttal evidence is properly admissible when it will explain, repel,

3

counteract or disprove the evidence of the adverse party") (citation and internal quotation marks omitted). The Plaintiffs have demonstrated that Guzeit's expert testimony will be offered to rebut Bingham. That clearly appears to be the case and it is permissible.

Therefore, the Motion is **DENIED** and the expert witness testimony of Gina Guzeit will be permitted.

**IT IS SO ORDERED.**

Dated: November 18, 2013
       New York, New York

*____Martin Glenn_____*
               MARTIN GLENN
       United States Bankruptcy Judge