**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 12-12020 (MG)<br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors,<br><br>Plaintiff,<br><br>v.<br><br>UMB Bank, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01277(MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>UMB BANK, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01343 (MG) |

1

### ORDER GRANTING MOTION IN LIMINE TO EXCLUDE THE PROPOSED EXPERT TESTIMONY OF RAYMOND T. LYONS

The Debtors and the Creditors Committee (the "Plaintiffs") in these pending adversary proceedings, who are also co-proponents of the pending proposed plan of reorganization (the "Plan") in these chapter 11 cases, filed a motion in limine (the "Motion," Adv. Proc. No. 13-01277, ECF Doc. # 202) to exclude the proposed expert testimony of Raymond T. Lyons ("Lyons"), offered by UMB Bank, N.A. and the Ad Hoc Group of Junior Secured Noteholders (the "Defendants"). The Defendants filed an opposition to the Motion. (Adv. Proc. No. 13-01277, ECF Doc. # 232.) For the reasons explained below, the Motion is **GRANTED.**

Lyons is a recently-retired, respected former bankruptcy judge in the District of New Jersey. Pursuant to the case management order, the Defendants submitted Lyons' expert report (the "Report") assessing the reasonable settlement value of potential claims the Debtors may have against their ultimate parent company, Ally Financial, Inc. ("AFI"). The claims are identified in the Examiner Report, submitted by Arthur J. Gonzalez, another respected former bankruptcy judge, on June 26, 2013. The negotiations of a Plan Term Sheet, including terms for $2.1 billion in payments from AFI, were completed shortly before the Examiner Report was publicly released.[1]

In return for payments from AFI totaling $2.1 billion, the Plan includes releases of all claims against AFI by the Debtors and third parties. Those terms must be approved as part of confirmation of the Plan. The Phase II trial of the adversary proceedings and the contested Plan confirmation hearing will be conducted together beginning on November 19, 2013. The Defendants plan to call Lyons as one of their expert witnesses at the trial.

---

[1] Indeed, the Examiner Report was completed and filed under seal until the Plan Support Agreement embodying the Plan Term Sheet including the $2.1 billion payment from AFI was approved by the Court.

The Defendants argue that they have a lien on at least some of the Debtors' claims against AFI that are proposed to be settled and released as part of the Plan, and therefore, if the Plan is confirmed, they are entitled to an allocation of a portion of the $2.1 billion to any claims on which they have a lien (or, they are entitled to an adequate protection claim for the diminution in value of their collateral resulting from the settlement of claims on which they have a lien).  The Plaintiffs argue the Defendants have no lien on any viable claims against AFI, and in any event, the Defendants are not entitled to any allocation of the settlement amount or an adequate protection claim.

For purposes of this Order, the Court will assume without deciding that the $2.1 billion settlement amount must be allocated.  The issue then is whether Lyons' expert testimony should be admitted in evidence concerning allocation.  After reviewing the briefs in support of and in opposition to the Motion, the Court concludes that Lyons' testimony should be excluded.

Lyons' opinion addresses mixed questions of fact and law.[2]  In expressing his opinion, Lyons impermissibly trenches upon the role exclusively provided to this Court to decide issues of law.  To the extent that expert testimony may be permitted where the expert addresses mixed questions of fact and law, Defendants' counsel acknowledge the Court retains considerable discretion in deciding whether to admit expert testimony.[3]  Here, the Court decides to exercise that discretion by precluding Lyons' expert testimony.  The Court does not need Lyons' assistance to tell the Court what legal rules should apply or what claims exist.  Lawyers as

---

[2]   Lyons relies heavily on the Examiner Report in reaching and expressing his opinions.  The Plaintiffs argue that this is an impermissible attempt by the Defendants to bring into evidence the Examiner Report, which all parties acknowledge is inadmissible hearsay.  Because of the basis for this Court's ruling, it is unnecessary to address whether the arguments about the Examiner Report would separately support excluding Lyons' expert opinion testimony.

[3]   *See Opposition of the Notes Trustee and the Ad Hoc Group of Junior Secured Noteholders to the Plaintiffs' Motion in Limine*, Adv. Proc. No. 13-01277, ECF Doc. # 232, at 10.

advocates may press their legal arguments; lawyers don't get to provide expert testimony explaining the law to the Court.

This case involves disputed issues of fact and law. Through fact witnesses and exhibits, the parties' counsel can present their (non-hearsay) evidence and counsel can make their arguments. The Court does not need an expert to tell the Court how it should resolve disputed issues of fact and law.

Therefore, the Motion is **GRANTED** and the expert witness testimony of Raymond T. Lyons is excluded.

**IT IS SO ORDERED.**

Dated: November 18, 2013
New York, New York

                          *Martin Glenn*
                          MARTIN GLENN
                      United States Bankruptcy Judge