Hearing Date: November 19, 2013 at 10:00 a.m.

**BALLARD SPAHR LLP**
Vincent J. Marriott (admitted *pro hac vice*)
Sarah Schindler-Williams
1735 Market St, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Counsel for PNC Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
In re:                                                    : Chapter 11
                                                          :
Residential Capital, LLC, et al.,                         :
                                                          :
                                                          : Case No. 12-12020 (MG)
            Debtors.                                      :
                                                          :
                                                          : Jointly Administered
--------------------------------------------------------- x

### PNC BANK, N.A.'S AMENDED REQUEST FOR JUDICIAL NOTICE

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Rule 201 of the Federal Rules of Evidence, made applicable to these proceedings under Federal Rule of Bankruptcy 9017, PNC Bank, N.A. ("**PNC**") hereby respectfully requests that, in connection with its limited objection [Dkt. No. 4661] (the "**Limited Objection**") and supplemental memorandum of law (the "**Supplemental Memorandum**") in further support of the Limited Objection [Dkt. No. 5451] to the Named Plaintiffs' and the Debtors' Joint Settlement Motion [Dkt. No. 4451], the Court take judicial notice of each of the documents listed below.

Under Federal Rule of Evidence 201(d) courts "may take judicial notice on its own, or must take judicial notice of adjudicative facts if a party requests it and the court is supplied with the necessary information." Fed. R. Ev. 201(b). "A judicially noticed fact must be

one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). [C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (holding that pursuant to Federal Rule of Evidence 201 courts may similarly take judicial "of the contents of relevant public disclosure documents required to be filed with the SEC"); *also Staehr v. Hartford Fin. Servs. Group,* 547 F.3d 406, 426 (2d Cir. 2008) (holding it was appropriate for district court to take judicial notice of materials "offered to show that certain things were said in the press, and that assertions were made in lawsuits and regulatory filings").

For the above-stated reasons, PNC respectfully requests this Court to take judicial notice of each of the following publically filed documents taken from the docket of the multi-district litigation pending in the Western District of Pennsylvania, captioned *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, MDL No. 1674, Case Nos. 03-0425, 05-0688 (the "**Litigation**" or the "**MDL**"), documents filed in these proceedings, or with the SEC. PNC is amending its previously filed request filed on November 12, 2013 [Dkt. No. 5607] as it has become aware that the exhibits previously submitted were not complete, as noted in the titles to the documents submitted below, the only exhibits intended to be excerpted were those SEC filings that were voluminous and hearing transcripts both of which contained information irrelevant to the issues presented in the Limited Objection:

1.  The Consolidated Amended Class Action Complaint filed in the MDL on November 10, 2003 at Dkt. No. 68 and attached hereto at **Exhibit 1**.

2. Plaintiffs' Brief Addressing the Third Circuit Mandate that the Record be Supplemented on Remand filed in the MDL on March 31, 2006 at Dkt. No. 174 and attached hereto at **Exhibit 2**.

3. Excerpts of the Form 10-Q of Ally Financial Inc. filed with the SEC on August 9, 2011 attached at **Exhibit 3**.

4. Joint Consolidated Amended Class Action Complaint filed in the MDL on October 4, 2011 at Dkt. No. 507, attached hereto at **Exhibit 4**

5. Excerpts of August 21, 2013 Hearing Transcript of hearing held before this Court, filed at Bankr. Dkt. No. 4815, and attached hereto as **Exhibit 5**.

6. Excerpts of August 22, 2013 Hearing Transcript of hearing held before this Court, filed at Bankr. Dkt. No. 4817, and attached hereto as **Exhibit 6**,

7. Excerpts of September 11, 2013 Hearing Transcript of hearing held before this Court, filed at Bankr. Dkt. No. 5164, and attached hereto as **Exhibit 7.**

8. The Third Circuit Order Granting Leave to Appeal dated October 21, 2013 filed in the Third Circuit Court of Appeals at Case No. 13-8070, attached hereto as **Exhibit 8**.

Dated: November 18, 2013                     Respectfully submitted,

**BALLARD SPAHR LLP**

By: /s/ Vincent J. Marriott, III
Vincent J. Marriott, III (admitted *pro hac vice*)
Sarah Schindler-Williams
1735 Market St, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
Marriott@ballardspahr.com
schindlerwilliamss@ballardspahr.com

*Counsel for PNC Bank, N.A.*