# EXHIBIT 6

# In Re:
*RESIDENTIAL CAPITAL, LLC, et al.*
*Case No. 12-12020(MG)*

*August 22, 2013*

*eScribers, LLC*
*(973) 406-2250*
*operations@escribers.net*
*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

1  cases determined what the applicable rule for judgment
2  reduction, as a result of partial settlements with any of the
3  claims that are asserted in the complaint or the proof of
4  claim?
5           MR. WALSH:  We did that research last night, Your
6  Honor.  We didn't find any law on the TILA or the housing
7  claims.
8           THE COURT:  What about RICO?
9           MR. WALSH:  But at least with RICO, the majority of
10 the cases, as you say, it's judge-made law.  The judge looks at
11 a pro tanto judgment credit.  And that may also be informed
12 by --
13          THE COURT:  It's a dollar-for-dollar reduction, based
14 on the amount recovered --
15          MR. WALSH:  Right.
16          THE COURT:  -- by settlement.
17          MR. WALSH:  And as I said, I believe --
18          THE COURT:  That's the harshest of the rules.
19          MR. WALSH:  -- I think it's related to the fact that
20 RICO does not provide for contribution, and the other claims in
21 this case also do not provide for contribution, and that's why
22 we would advocate for pro tanto judgment credit.
23          THE COURT:  Yeah, but I mean --
24          MR. WALSH:  But again, I don't think --
25          THE COURT:  -- part of the --

1        MR. WALSH:  -- that could be made today.
2        THE COURT:  -- judicial --
3        MR. WALSH:  It could be --
4        THE COURT:  Part of the judicial genesis of judgment
5   reduction is it makes it very hard to have partial settlements
6   in a case if the settling defendants are faced with claims over
7   or things of that nature.  And so anyway, I --
8        MR. WALSH:  But Your Honor, I do want to emphasize,
9   again, we don't have to make the decision today.  We'll have a
10  final hearing on the order and the judgment --
11       THE COURT:  Yeah, I would be reluctant --
12       MR. WALSH:  -- credit.
13       THE COURT:  Put it this way, and I'm not determining
14  anything yet, but I would be reluctant, as I was yesterday -- I
15  was unwilling to approve, even on a preliminary basis, a
16  settlement or mail a notice that I thought was inconsistent
17  with what Denney v. Deutsche Bank required.  Okay.
18       I would be equally reluctant to approve --
19  preliminarily approve and order notice be sent for a settlement
20  that adopted pro tanto, if there was controlling case law that
21  said it had to be something different.  Okay.
22       MR. WALSH:  There isn't controlling case law on that
23  point.
24       THE COURT:  Well, that's your position.
25       MR. WALSH:  But also, the class members are not, at