# EXHIBIT 7

# In Re:
*RESIDENTIAL CAPITAL, LLC, et al.*
*Case No. 12-12020-mg*

*September 11, 2013*

*eScribers, LLC*
*(973) 406-2250*
*operations@escribers.net*
*www.escribers.net*
*To purchase copies of this transcript, please contact us.*



Min-U-Script® with Word Index

1  But I also made a comment then that -- I asked the
2  question had they filed a proof of claim, and I was told they
3  had. And I said, well, it may be a different issue at the time
4  the Court is asked to determine their claim for contribution,
5  because it may be a different standard than what you wrote into
6  the settlement agreement. Okay. I view this as, in part, a
7  self-inflicted wound, you know? You should have negotiated
8  harder and this would clearly be a nonissue.
9        MR. WALSH: Your Honor, there may be an opportunity
10  down the road, even after this hearing, to negotiate with PNC
11  and the plaintiffs a different judgment credit and a different
12  settlement bar. The parties may even decide to withdraw the
13  request for a settlement bar before this Court and let the
14  Court in Pittsburg address that issue.
15        THE COURT: But that's not what I have. I have your
16  objection to the claim. And with respect to 502(b),
17  specifically as to 502(b)(1), I am not determining -- it is not
18  possible for me to determine, on the briefing that I have
19  before me, that their claim for contribution is unenforceable
20  under applicable law. The issue is -- I think I asked the
21  question at the --
22        MR. WALSH: Let me address 502(b).
23        THE COURT: -- at the last hearing as to whether there
24  was any case law specifically as to these causes of action.
25  The statutes don't have a provision for contribution; that's

1  not the end of the discussion.

2              MR. WALSH:  Well, Your Honor, the RICO statute, and
3  cases following RICO, have determined that there is no right to
4  contribution under RICO.  That case law is well developed.

5              With respect to HOEPA and TILA, there isn't case law,
6  but we think that you can infer from the RICO cases, and the
7  other cases interpreting the PSLRA, that when a statute is
8  silent with respect to contribution --

9              THE COURT:  You want to argue 502(e)(1) now?

10             MR. WALSH:  I'm happy to address 502(e), Your Honor,
11  just --

12             THE COURT:  No, why don't you sit down and wait --

13             MR. WALSH:  502(e) --

14             THE COURT:  -- until your --

15             MR. WALSH:  Let me address --

16             THE COURT:  -- your turn.

17             MR. WALSH:  Well, let me at least raise one other
18  issue, Your Honor.  On 502(e), the PNC's response has requests
19  to withdraw the claim based on 502(e).  The parties remaining
20  dispute then, if it is based on 502(e), the Court's
21  determination is that that withdrawal should be with prejudice.
22  I'll allow PNC's counsel to address that request.

23             THE COURT:  I don't know any authority for withdrawing
24  it without prejudice.  I mean, that --

25             MR. WALSH:  You're right, Your Honor.  That is our

1  point, that if it's withdrawn, it should be withdrawn with
2  prejudice, so that the debtor, in this situation, will have
3  peace of mind with respect to this claim that at this point is
4  outstanding and is a claim for, purportedly, a billion dollars.
5  There should be some finality with respect to the claim, at
6  least in this proceeding, Your Honor.  If the claim is
7  withdrawn under 502(e), we ask that it be withdrawn with
8  prejudice, such that it could not be reasserted at a later
9  date.  And as I said, I'll cede the podium to PNC's counsel to
10 address that.
11         Your Honor, to belabor the point, our briefs to
12 address the 502(b) issue and do cite case law on RICO and the
13 arguments in favor.
14         THE COURT:  Move on to your next point.  How many
15 times do I have to say I am not determining today --
16         MR. WALSH:  I accept that, Your Honor.
17         THE COURT:  -- that there is no right to contribution
18 on the claims that are asserted in the complaint.  You want me
19 to make a decision, and I know what's going to happen when the
20 matter goes forward before the district court in Pittsburg,
21 okay?
22         MR. WALSH:  Pardon, Your Honor.
23         THE COURT:  In my view, this is a self-inflicted issue
24 under 502(b).  You could have solved this problem.  There would
25 be no claim for contribution if PNC was assured that if there's

```
 1  a right to contribution they'd get judgment reduction for the
 2  full amount permitted.  But that's -- you know.
 3          MR. WALSH:  Well, I appreciate that, Your Honor.  That
 4  may color the parties' negotiations.  I'll cede the podium to
 5  PNC.
 6          MR. MARRIOTT:  Good morning, Your Honor.
 7          THE COURT:  It's still morning.
 8          MR. MARRIOTT:  Just making sure.  Vince Marriott of
 9  Ballard Spahr, on behalf of PNC.  I'm here with my colleague,
10  Sarah Schindler-Williams.
11          We concede that the claim is subject to disallowance
12  under 502(e)(1)(B).
13          THE COURT:  I don't see any authority, whatsoever,
14  that if I sustain the objection under 502(e)(1) that it's
15  without prejudice.
16          MR. MARRIOTT:  Well, Your Honor, that confused me too,
17  and I discussed with the debtor, out in the hallway, what the
18  prejudice or without prejudice issue really is.  And apparently
19  it's a 502(j) issue.  502 --
20          THE COURT:  Unless you come back another time.
21          MR. MARRIOTT:  502(j) allows for reconsideration for
22  cause.  It's not limited to 502(e)(1)(B).  It applies to any
23  allowance or disallowance of a claim --
24          THE COURT:  I've had this 502(j) issue come up in
25  other -- in actually, Chapter 13 cases.
```

1          MR. MARRIOTT:  On any basis.  It's not our view that,
2     by consent to disallowance under 502(e)(1)(B), that we also
3     have to waive whatever rights we might have under 502(j).
4          THE COURT:  Well, look, I -- your first statement --
5     and I think this is in your papers -- you concede that under
6     502(e)(1) your claim for contribution can be disallowed --
7          MR. MARRIOTT:  Correct.
8          THE COURT:  -- correct?  Okay.
9          MR. MARRIOTT:  And we have no objection --
10         THE COURT:  And that's my ruling, okay?
11         MR. MARRIOTT:  And we have no objection to an order to
12    that effect.
13         THE COURT:  Well, that's -- I'm -- you know, whether
14    you have a right to come back under 502(j) or not is premature
15    for me to say.
16         MR. MARRIOTT:  Agreed.
17         THE COURT:  Okay?  I'm not saying -- I'm going to
18    sustain the objection under 502(e)(1), period, full stop.  And
19    if I have a motion under 502(j), I have a motion under 502(j),
20    and you'll fight it out then.  I'm not deciding today more than
21    I have to decide.  You've conceded that the claim is properly
22    disallowed under 502(e)(1), and that's true.  The real answer
23    is: Go negotiate.  I mean, I view this as self-inflicted on the
24    debtors' part.  And maybe the plaintiffs were unwilling to do
25    anything more, but I was amazed that within -- before the end

```
 1  of the hearing, when I said no, I'm not approving on a
 2  preliminary basis, to come back and say, oh, we've worked this
 3  out, Your Honor.  And sure, but I made a point of saying then,
 4  that isn't necessarily what's going to be binding on me, for
 5  example, if there would have been a proof of claim, which there
 6  have been, and you can come back and assert it later.
 7           I have a contract now and it says this is the
 8  following judgment reduction provision.  Okay?  And that may
 9  be -- there may be no right to contribution; we'll see.  And
10  I'm not sure whether it's me or the judge in Pittsburg who is
11  ultimately going to decide it, but for today the ruling is I
12  sustain the debtors' objection to the claim solely on the basis
13  of 502(e)(1), period, full stop.
14           MR. MARRIOTT:  Thank you, Your Honor.
15           THE COURT:  Okay?  Next matter.  And debtors' counsel
16  should submit an order to that effect.
17           MR. MARINUZZI:  Your Honor, that brings us --
18           UNIDENTIFIED SPEAKER:  May I be excused, Your Honor?
19           THE COURT:  You're excused, absolutely.
20           UNIDENTIFIED SPEAKER:  Thank you, Your Honor.
21           THE COURT:  Thank you.
22           MR. MARINUZZI:  Your Honor, that brings us to item
23  number 2 on page 5, which is the debtors' motion under Section
24  365 to assume and assign servicing related agreements for
25  trusts ensured by Syncora Guarantee, Inc. to Ocwen Loan
```