Hearing Date: December 17, 2013 at 10:00 a.m.
Objection Deadline: December 10, 2013 at 4:00 p.m.

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Maria A. Bove
Jason H. Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Co-Counsel for the
Official Committee of Unsecured Creditors
of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>　　　　　　　　　　　Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**THIRD INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE PERIOD FROM
<u>MAY 1, 2013 THROUGH AUGUST 31, 2013</u>**

DOCS_NY:30520.5

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

Name of Applicant:                                    Pachulski Stang Ziehl & Jones LLP

Role in Case:                                         Co-Counsel to Official Committee of
                                                      Unsecured Creditors

Petition Date:                                        May 14, 2012

Retention Date:                                       September 19, 2012

Third Interim Period:                                 May 1, 2013 to August 31, 2013

Fees Requested:                                       $2,322,386.50[1]

Expenses Requested:                                   $28,182.74[2]

Total Amount Requested:                               $2,350,569.24

Total Amount Received for the Third
Interim Period:                                       $1,889,571.44

This is an **Interim** Fee Application.

---

[1]   This amount reflects a voluntary write-off for additional fees in the amount of $1,050.00 taken by PSZJ pursuant to this Application.

[2]   This amount reflects a voluntary write-off for additional expenses in the amount of $2,639.00 taken by PSZJ pursuant to this Application. These expenses are for disbursements marked "RE2 SCAN/COPY" and "TE" in the Monthly Fee Statements. Such summary entries have been marked on Exhibit E.

DOCS_NY:30520.5                       2

| Total Compensation and Expenses Previously Requested and Awarded | | | | | | |
|---|---|---|---|---|---|---|
| Date Filed | Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
| 03/13/13 | 3162 | 09/19/12 – 12/31/12 | $341,678.75 | $332,996.75 | $4,267.85 | $4,055.05 |
| 08/07/13 | 4534 | 01/01/13 – 04/30/13 | $349,099.50 | $13,706.60 | $347,570.50 | $13,234.90 |
| TOTAL: |  | 09/1912 – 04/30/13 | **$690,778.25** | **$346,703.35** | **$351,838.35** | **$17,289.95** |
| Summary of Compensation Requested and Paid During the Third Interim Period | | | | | | |
| Date Served | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Fee Holdback |
| 06/25/13 | 05/01/13 – 05/31/13 | $313,327.00 | $5,406.88 | $250,661.60 | $5,406.88 | $62,665.40 |
| 07/25/13 | 06/01/13 – 06/30/13 | $336,115.50 | $5,692.46 | $268,892.40 | $5,692.46 | $67,223.10 |
| 08/26/13 | 07/01/13 – 07/31/13 | $334,310.00 | $11,034.94 | $267,448.00 | $11,034.94 | $66,862.00 |
| 10/01/13 | 08/01/13 – 08/31/13 | $1,339,684.00 | $8,687.96 | $1,071,747.20 | $8,687.96 | $267,936.80 |
| TOTAL: | 05/01/13 – 08/31/13 | **$2,323,436.50** | **$30,822.24** | **$1,858,749.20** | **$30,822.24** | **$464,687.30** |

### SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL
### FOR THE PERIOD FROM MAY 1, 2013 THROUGH AUGUST 31, 2013

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| **Partners** | | | | |
| Dean A. Ziehl | 1978 | $975.00 | 43.90 | $42,802.50 |
| Robert J. Feinstein | 1982 | $975.00 | 204.30 | $199,192.50 |
| Robert B. Orgel | 1981 | $915.00 | 62.00 | $56,730.00 |
| ~~Andrew W. Caine~~ | ~~1984~~ | ~~$875.00~~ | ~~1.20~~ | ~~$1,050.00~~ |
| Henry C. Kevane | 1986 | $850.00 | 179.60 | $152,660.00 |
| John A. Morris | 1991 | $835.00 | 539.50 | $450,482.50 |
| Linda F. Cantor | 1991 | $835.00 | 83.70 | $69,889.50 |
| Iain A. W. Nasatir | 1983 | $795.00 | 78.50 | $62,407.50 |
| Ellen M. Bender | 1984 | $775.00 | 80.40 | $62,310.00 |
| Bruce Grohsgal | 1990 | $750.00 | 51.50 | $38,625.00 |
| James E. O'Neill | 1985 | $695.00 | 47.00 | $32,665.00 |
| Harry D. Hochman | 1987 | $695.00 | 24.80 | $17,236.00 |
| Nina L. Hong | 1996 | $625.00 | 61.70 | $38,562.50 |
| Ilan D. Scharf | 2001 | $595.00 | 11.70 | $6,961.50 |
| **Of Counsel** | | | | |
| Daryl G. Parker | 1970 | $775.00 | 49.10 | $38,052.50 |
| James K. T Hunter | 1976 | $775.00 | 75.70 | $58,667.50 |
| Victoria A. Newmark | 1996 | $695.00 | 112.20 | $77,979.00 |
| Maria A. Bove | 2001 | $675.00 | 37.70 | $25,447.50 |
| Gina F. Brandt | 1976 | $645.00 | 74.70 | $48,181.50 |
| Jonathan J. Kim | 1996 | $645.00 | 154.60 | $99,717.00 |
| Erin E. Gray | 1992 | $625.00 | 66.70 | $41,687.50 |
| Robert M. Saunders | 1984 | $625.00 | 165.50 | $103,437.50 |
| Gail S. Greenwood | 1994 | $625.00 | 67.30 | $42,062.50 |
| Jeffrey P. Nolan | 1992 | $625.00 | 62.80 | $39,250.00 |
| William L. Ramseyer | 1980 | $595.00 | 110.90 | $65,985.50 |
| Cia H. Mackle | 2006 | $475.00 | 264.60 | $125,685.00 |
| **Associates** | | | | |
| Teddy M. Kapur | 2004 | $525.00 | 122.90 | $64,522.50 |
| Jason H. Rosell | 2010 | $450.00 | 517.90 | $233,055.00 |
| **Paraprofessionals** | | | | |
| Leslie A. Forrester, Paralegal | N/A | $295.00 | 5.00 | $1,475.00 |
| Patricia J. Jeffries, Paralegal | N/A | $295.00 | 5.40 | $1,593.00 |
| Thomas J. Brown, Paralegal | N/A | $245.00 | 102.30 | $25,063.50 |
| **TIME CHARGES TOTAL:** | | | **3,463.90** | **$2,322,386.50** |
| **Blended Hourly Rate (Attorneys and Paralegals)** | | | | **$670.45** |
| **Blended Hourly Rate (Attorneys)** | | | | **$684.61** |

## TABLE OF CONTENTS

**Page**

**JURISDICTION AND VENUE**..................................................................................................2

**BACKGROUND**.........................................................................................................................2

**COMPLIANCE WITH THE GUIDELINES**...............................................................................3

**SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED** ..............................................................................................4

**PSZJ MONTHLY FEE STATEMENTS** ....................................................................................5

**SUMMARY OF SERVICES RENDERED** ................................................................................6

**SUMMARY OF ACTUAL AND NECESSARY DISBURSEMENTS**......................................9

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED** ......................................10

**STATEMENTS OF PSZJ PURSUANT TO BANKRUPTCY RULE 2016(a)**........................12

**NOTICE**....................................................................................................................................12

**NO PRIOR REQUEST**.............................................................................................................12


**Exhibit A - Certification of Robert J. Feinstein**
**Exhibit B - Summary of Services by Project Category**
**Exhibit C - Summary of Time Charges and Hourly Rates by Professionals**
**Exhibit D - Summary of Disbursements**
**Exhibit E – Detail of Time Records and Expenses**

# TABLE OF AUTHORITIES

**STATUTES**

11 U.S.C. § 1103 ............................................................................................................ 11
11 U.S.C. § 1107(a) ......................................................................................................... 3
11 U.S.C. § 1108 .............................................................................................................. 3
11 U.S.C. § 1409 .............................................................................................................. 2
11 U.S.C. § 330 .......................................................................................................... 2, 11
11 U.S.C. § 330(a)(1) ..................................................................................................... 12
11 U.S.C. § 330(a)(3) ..................................................................................................... 12
11 U.S.C. § 331 .............................................................................................................. 11
11 U.S.C. § 504 ................................................................................................................ 2
11 U.S.C. § 504(b) ......................................................................................................... 13
11 U.S.C. § 327 ........................................................................................................ 10, 11
18 U.S.C. § 155 ................................................................................................................ 2
28 U.S.C. § 1334 .............................................................................................................. 2
28 U.S.C. § 1408 .............................................................................................................. 2
28 U.S.C. § 157(b) ....................................................................................................... 1, 2

**RULES**

Fed. R. Bankr. P. 2016 ............................................................................................ 1, 2, 13
Fed. R. Bankr. P. 2016-1 ............................................................................................. 1, 2

Hearing Date: December 17, 2013 at 10:00 a.m.
Objection Deadline: December 10, 2013 at 4:00 p.m.

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Maria A. Bove
Jason H. Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Co-Counsel for the
Official Committee of Unsecured Creditors
of Residential Capital, LLC, et al.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al.</u>, <br><br> Debtors. | Case No. 12-12020 (MG) <br><br> Chapter 11 <br><br> Jointly Administered |

**THIRD INTERIM APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS
CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM MAY 1, 2013 THROUGH AUGUST 31, 2013**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), co-counsel to the Official Committee of

Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in

possession (collectively, the "**Debtors**"), hereby files its third interim application (the

"**Application**") pursuant to section 330(a) of Title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District

of New York (the "**Local Rules**") for (i) interim allowance of compensation in the aggregate

DOCS_NY:30520.5

amount of $2,322,386.50 for professional services performed and the reimbursement of actual and necessary expenses in the aggregate amount of $28,182.74 incurred by PSZJ during the period commencing May 1, 2013 through and including August 31, 2013 (the "**Third Interim Period**"); (ii) payment of the unpaid portion of such allowed fees and expenses, including amounts held back pursuant to the Interim Compensation Order (as defined below), in the amount of $460,997.80.  In support of its Application, PSZJ respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules.

## BACKGROUND

3.  On May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On June 18, 2012, the Court directed the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") to appoint an examiner in these chapter 11 cases.

4.  On May 16, 2012, the U.S. Trustee appointed the Committee.  The U.S. Trustee selected the following nine (9) parties to serve as members of the Committee: (i)

Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

5.   On November 14, 2012, the Committee filed the *Application of Official Committee of Unsecured Creditors for Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to September 19, 2012* [Docket No. 2178].

6.   On December 19, 2012, the Committee filed the *Amended Application of Official Committee of Unsecured Creditors for Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to September 19, 2012* [Docket No. 2486].

7.   On January 9, 2013, the Court entered the *Order Approving Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to September 19, 2012* [Docket No. 2587] (the "**Retention Order**").

8.   On February 15, 2013, PSZJ filed the *Declaration of Robert J. Feinstein Pursuant to Order Approving Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to September 19, 2012* [Docket No. 2924], which discloses PSZJ's rate increases beginning January 1, 2013.

## COMPLIANCE WITH THE GUIDELINES

9.   This Application was prepared in accordance with (i) the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York*

*Bankruptcy Cases* (the "**Local Guidelines**") established and adopted by the Court pursuant to *Administrative Order M-447* and (ii) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 797] (the "**Interim Compensation Order**" and, together with the Local Guidelines, the "**Guidelines**").

   10. Pursuant to the relevant requirements of the Guidelines, the following exhibits are annexed hereto:

  (a) Exhibit A contains a certification by the undersigned counsel regarding compliance with the Guidelines;

  (b) Exhibit B contains a list of PSZJ's project categories, in accordance with the activity codes recommended by the Guidelines, and the total time billed to each category;

  (c) Exhibit C contains a billing summary of the Third Interim Period that includes the name of each attorney and paraprofessional for whose work compensation is sought, each attorney's year of bar admission, the aggregate time expended by each professional and paraprofessional and the corresponding hourly billing rate at PSZJ's current billing rates, and an indication of the individual amounts requested as part of the Application;

  (d) Exhibit D contains a summary of PSZJ's total actual and necessary out-of-pocket expenses and disbursements during the Third Interim Period; and

  (e) Exhibit E contains PSZJ's time records and expenses for the Third Interim Period prepared and submitted in accordance with the Guidelines.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

   11. By this Application, PSZJ seeks interim allowance of fees for professional services rendered to the Committee during the Third Interim Period in the aggregate amount of $2,322,386.50 and reimbursement of expenses incurred in connection with such services in the aggregate amount of $28,182.74. These amounts reflect voluntary write-offs of (i) fees in the

amount of $27,942.00 and expenses in the amount of $5,242.71 taken by PSZJ prior to the submission of its Monthly Fee Statements (defined below) and (ii) additional fees and expenses in the amount of $3,689.00 taken by PSZJ pursuant to this Application.

12. During the Third Interim Period, PSZJ attorneys and paraprofessionals expended a total of 3,463.90 hours for which compensation is requested.

### PSZJ MONTHLY FEE STATEMENTS

13. PSZJ maintains computerized records of the time spent by all PSZJ attorneys and paraprofessionals in connection with the representation of the Committee. PSZJ submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as defined in the Interim Compensation Order) in the format specified by the Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.[1] During the Third Interim Period, PSZJ provided the Notice Parties with the following Monthly Fee Statements:

| Date Served | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 06/25/13 | 05/01/13 – 05/31/13 | $313,327.00 | $5,406.88 | $250,661.60 | $5,406.88 | $62,665.40 |
| 07/25/13 | 06/01/13 – 06/30/13 | $336,115.50 | $5,692.46 | $268,892.40 | $5,692.46 | $67,223.10 |
| 08/26/13 | 07/01/13 – 07/31/13 | $334,310.00 | $11,034.94 | $267,448.00 | $11,034.94 | $66,862.00 |
| 10/01/13 | 08/01/13 – 08/31/13 | $1,339,684.00 | $8,687.96 | $1,071,747.20 | $8,687.96 | $267,936.80 |
| **TOTAL:** | **05/01/13 – 08/31/13** | **$2,323,436.50** | **$30,822.24** | **$1,858,749.20** | **$30,822.24** | **$464,687.30** |

14. In accordance with the Interim Compensation Order, PSZJ sought payment for 80% of fees and 100% of expenses incurred pursuant to each Monthly Fee Statement. At the time of this Application, PSZJ has received $1,889,571.44, which amount

---

[1] As of the date hereof, PSZJ has not received any objections to its Monthly Fee Statements.

consists of 80% of fees and 100% of expenses requested pursuant to the Monthly Fee Statements for the Third Interim Period.

15. Pursuant to this Application, PSZJ respectfully requests that the Court enter an order allowing, on an interim basis, fees in the aggregate amount of $2,322,386.50 and actual and necessary expenses in the aggregate amount of $28,182.74 incurred by PSZJ during the Third Interim Period.

## SUMMARY OF SERVICES RENDERED

16. Pursuant to the Retention Order, PSZJ has been retained: (a) to perform services on bankruptcy-related matters which involve negotiations, contested hearings, adversary proceedings, or other matters in which the Committee is prosecuting a position that Kramer Levin Naftalis & Frankel LLP ("**Kramer Levin**") determines would cause an actual or potential conflict of interest; and (b) to represent the Committee on matters that can be efficiently handled by PSZJ and the transfer of which is in the Committee's best interests, as determined by Kramer Levin in consultation with the Committee, which shall consist of matters that pertain to only the following items:

(a) Such investigation, if any, as the Committee may desire concerning, among other things, the assets, liabilities, financial condition and operating issues concerning the Debtors that may be relevant to these chapter 11 cases;

(b) The prosecution of any claims brought by the Committee on behalf of the Debtors, including, without limitation, those claims described in the *Order Authorizing the Official Committee of Unsecured Creditors to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates* [Docket No. 2518];

(c) Review and analysis of certain aspects of the sale of the Debtors' mortgage origination and servicing platform and portfolio of non-

       conforming held-for-sale loans and certain other securities/mortgage assets;

(d) Such communication with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities;

(e) The preparation on behalf of the Committee of necessary applications, motions, memoranda, orders, reports, and other legal papers in furtherance of its responsibilities;

(f) Appearances in Court, participation in litigation as a party in interest, and at statutory meetings of creditors to represent the interests of the Committee in furtherance of its responsibilities; and

(g) Any other matters assigned to PSZJ by Kramer Levin in consultation with the Committee.

17. The specific services rendered by PSZJ during the Third Interim Period are summarized below. The following is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in Exhibit E.

18. The summary of time entries is divided according to the project billing codes that best reflect the categories of tasks performed as identified by the time entries. However, certain of these categories may overlap with one another.

**A. Bankruptcy Litigation**

19. Time billed in this category relates to prosecuting the complaint filed on February 28, 2013 by the Committee against UMB Bank and Wells Fargo (the "**JSN Complaint**"), including, but not limited to: (i) preparing opposition pleadings to the JSNs' motion to dismiss (the "**Motion to Dismiss**") and related research and correspondence; (ii) reviewing and analyzing relevant pleadings relating to the JSN Complaint and Motion to Dismiss; (iii) engaging in expedited factual and expert discovery, including the review and issue

coding of JSN and third party document productions; (iv) preparing discovery demands for the JSNs, UMB Bank, Wells Fargo and certain third parties; (v) preparing responses to JSN discovery requests; (vi) researching and analyzing issues relating to the Committee's causes of action set forth in the JSN Complaint; and (vii) various correspondence, conference calls, and meetings regarding the JSN Complaint and Motion to Dismiss with Kramer Levin, AlixPartners, financial advisor to the Committee, and defendants' counsel.

        **Fees: $2,255,866.00**        **Total hours: 3,346.90**

**B.**    **Case Administration**

    20.    Time billed in this category relates to the administration of these cases, service and filing of documents, and related matters.

        **Fees: $14,845.50**        **Total hours: 48.80**

**C.**    **Hearings**

    21.    Time billed in this category relates to PSZJ attorneys' attendance at various hearings concerning the JSN Complaint and related matters.

        **Fees: $21,225.00**        **Total hours: 29.70**

**D.**    **Meeting of Creditors**

    22.    Time billed in this category relates to various conference calls with the Committee regarding the status of matters being handled by PSZJ in these cases.

        **Fees: $21,780.00**        **Total hours: 24.60**

**E.**    **PSZJ Compensation**

    23.    Time billed in this category relates to services in connection with PSZJ's second interim application for compensation and reimbursement of expenses and related matters.

    **Fees: $6,682.50**    **Total hours: 11.00**

F.  **Retention of Professionals**

  24.  Time billed in this category relates to correspondence regarding the retention of expert witnesses for the trial with respect to "Phase I" issues and the JSN Complaint.

    **Fees: $292.50**    **Total hours: 0.30**

G.  **Compensation of Professionals**

  25.  Time billed in this category relates to drafting the Committee's challenge to Citibank N.A.'s June 2013 fee statement.

    **Fees: $1,695.00**    **Total hours: 2.60**

  26.  The foregoing professional services performed by PSZJ were appropriate and necessary to the effective administration of these chapter 11 cases. The services performed were in the best interests of creditors, the Debtors' estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues, or tasks involved. The professional services were performed in an appropriately expeditious and efficient manner.

**SUMMARY OF ACTUAL AND NECESSARY DISBURSEMENTS**

  27.  Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code. PSZJ seeks reimbursement of expenses in the amount of $28,182.74 for the Third Interim Period, as detailed in the attached Exhibit D. This amount reflects the voluntary write-offs taken pursuant to the Monthly Fee Statements and the additional voluntary write-off taken pursuant to

this Application for charges marked "RE2 SCAN/COPY" and "TE" in the Monthly Fee Statements. Such summary entries have been marked accordingly on <u>Exhibit E</u>.

28. In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to expenses for which reimbursement is sought herein:

(a) No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses. In addition, for those items or services that PSZJ purchased or contracted from a third party (such as outside copy services), PSZJ seeks reimbursement only for the exact amount billed to PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b) Photocopies were charged at 10 cents per page. To the extent practicable, PSZJ utilized less expensive outside copying services.

(c) Telecopying by PSZJ was charged to its clients at the cost of the long distance call required to send the facsimile. PSZJ did not impose any charge to its clients for local facsimiles, interoffice facsimiles or facsimiles costing less than $1.00. PSZJ did not charge for incoming facsimiles.

(d) Meals charged to the Debtors for PSZJ personnel do not exceed $20 per person and are associated with out of town travel, working meetings, or dinner for PSZJ professionals working past 8:00 p.m.

## **THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

29. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement of actual, necessary expenses." 11 U.S.C. § 330(a)(1).

30. In determining the amount of reasonable compensation to be awarded, the Court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

- (a) the time spent on such services;
- (b) the rates charged for such services;
- (c) whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
- (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
- (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
- (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

31. PSZJ respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the Committee, the Debtors and the Debtors' estates. PSZJ's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Committee and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by PSZJ is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

**STATEMENTS OF PSZJ PURSUANT TO BANKRUPTCY RULE 2016(a)**

32.    PSZJ has received a total of $1,889,571.44 from the Debtors relating to fees and expenses on account of services provided by PSZJ during the Third Interim Period.

33.    No agreement or understanding exists between PSZJ and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of PSZJ. All of the services for which compensation is sought in this Application were rendered at the request of, and solely on behalf of, the Committee, and not at the request of, or on behalf of, any other person or entity.

**NOTICE**

34.    Pursuant to the Interim Compensation Order, notice of this Application has been given to the Notice Parties (as defined in the Interim Compensation Order). PSZJ respectfully submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

35.    No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, PSZJ respectfully requests that the Court enter an order: (i) allowing PSZJ interim compensation for the Third Interim Period for (a) fees in the amount of $2,322,386.50 and (b) expenses in the amount of $28,182.74; (ii) authorizing and directing the Debtors to pay PSZJ all unpaid fees and expenses for the Third Interim Period in the total amount of $460,997.80; and (iii) granting such other relief as is just and proper.

Dated: November 18, 2013                PACHULSKI STANG ZIEHL & JONES LLP

                                        By    /s/ *Robert J. Feinstein*
                                              Robert J. Feinstein
                                              780 Third Avenue, 36th Floor
                                              New York, NY 10017
                                              Telephone: (212) 561-7700
                                              Facsimile:  (212) 561-7777