**Objection Deadline: December 9, 2013, 4:00 p.m. Eastern Time**
**Hearing Date: December 17, 2013, 10:00 a.m. Eastern Time**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
In re: : Chapter 11
: 
**RESIDENTIAL CAPITAL, LLC *et al.*,** : Case No. 12-12020(MG)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

# COVER SHEET TO SECOND INTERIM APPLICATION OF ERNST & YOUNG LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

| | |
|---|---|
| Name of Applicant: | Ernst & Young LLP |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession |
| Retention Date: | April 22, 2013, *nunc pro tunc* to October 1, 2012 |
| Period for Which Compensation and Reimbursement is Sought: | May 1, 2013 through August 31, 2013 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 849,954.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 35,273.37 |
| Total Fees and Expenses, this Compensation Period: | $ 885,227.62 |
| Less: Aggregate Amounts Paid to Date: | $ 78,933.41 |
| Amount Requested for Payment: | $ 805,934.21 |
| Voluntary Reductions: | |
|     Monthly Fee Statements: | $ 1,530.00 |
|     Fee Application: | $ 360.00 |
|     Total Voluntary Reductions: | $ 1,890.00 |

This is a(n) _X_ Interim ___ Final Application

Monthly Fee Statements This Period:

|  |  | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| **Date Served** | **Period Covered** | **Fees** | **Expenses** | **Fees (80% of Requested Amount)** | **Expenses** |
| July 15, 2013 | May 1, 2013 through May 31, 2013* | $169,308.00 | $9,535.17 | $135,446.40 | $9,535.17 |
| September 27, 2013 | June 1, 2013 through June 30, 2013 | $235,152.50 | $16,023.51 | $188,106.00 | $16,023.51 |
| October 7, 2013 | July 1, 2013 through July 31, 2013 | $285,848.75 | $8,103.04 | $228,679.00 | $8,103.04 |
| October 30, 2013 | August 1, 2013 through August 31, 2013 | $161,175.00 | $1,611.65 | Pending | Pending |

Blended Hourly Rate:  $535.74*

\*   The first consolidated monthly fee statement also included fees and expenses incurred from October 1, 2012 through April 30, 2013, which period is not covered by this Application.  The blended hourly rate reflects only those fees incurred from May 1, 2013 through August 31, 2013.

**Summary of Professionals, Hours and Rates for Services Rendered, By Project Category**

**Tax Advisory Services**

| Name | Title | Bill Rate | Hours | Total Fees |
|---|---|---|---|---|
| Arbogast, Tyler L. | Senior | $450.00 | 34.5 | $15,525.00 |
| Bekele, Kidan | Staff | $225.00 | 4.9 | $1,102.50 |
| de Jager, Mark | Senior Manager | $650.00 | 9.0 | $5,850.00 |
| Dennis, Ian J. | Partner | $850.00 | 1.0 | $850.00 |
| Donadio, Anthony J. | Executive Director | $750.00 | 14.4 | $10,800.00 |
| Flagg, Nancy A. | Executive Director | $750.00 | 101.9 | $74,925.00 |
| Fox, George G. | Executive Director | $750.00 | 1.0 | $750.00 |
| Gentile, Matthew D. | Senior Manager | $650.00 | 1.3 | $845.00 |
| Hargrove, Jaime A. | Staff | $225.00 | 2.0 | $450.00 |
| Hartwig, William E. | Senior Manager | $650.00 | 1.5 | $975.00 |
| Heroy, Jessica R. | Manager | $575.00 | 1.3 | $747.50 |
| Jafari, Yashar | Staff | $225.00 | 153.4 | $33,333.75 |
| Jansen, H.W.R. | Contractor | $850.00 | 5.5 | $4,675.00 |
| Kane, Timothy P. | Executive Director | $750.00 | 0.3 | $225.00 |
| Klein, Kyle H. | Executive Director | $750.00 | 30.7 | $23,025.00 |
| Klick, Taleen M. | Manager | $575.00 | 6.5 | $3,737.50 |
| Kool, R.S. | Partner | $850.00 | 3.5 | $2,975.00 |
| Larkins, Richard G. | Partner | $850.00 | 0.8 | $680.00 |
| Lepitzki, Andrea C. | Executive Director | $750.00 | 1.5 | $1,125.00 |
| Letizia, John J. II | Senior | $450.00 | 371.0 | $156,420.00 |
| Liberous, Lourdes | Manager | $575.00 | 2.0 | $1,150.00 |
| Lord, Chris | Manager | $575.00 | 3.2 | $1,840.00 |
| Mawdsley, Jane E. | Senior Manager | $650.00 | 1.8 | $1,170.00 |
| McKniff, Joseph W. | Executive Director | $750.00 | 7.5 | $5,625.00 |
| Mitchell, Traci R. | Executive Director | $750.00 | 34.7 | $26,025.00 |
| Morley, Bruce | Manager | $575.00 | 91.8 | $52,785.00 |
| Nolan, William G. | Executive Director | $750.00 | 3.5 | $2,625.00 |
| Persoff, Mark | Partner | $850.00 | 1.3 | $1,105.00 |
| Peruski, Ryan J. | Staff | $225.00 | 25.0 | $5,625.00 |
| Pillow, Roger F. | Partner | $850.00 | 23.0 | $19,550.00 |
| Rimmke, Bryan A. | Manager | $575.00 | 5.5 | $3,162.50 |
| Sacks, Stephen A. | Executive Director | $750.00 | 345.6 | $249,075.00 |
| Sapir, Eric | Staff | $225.00 | 48.6 | $10,935.00 |
| Schachat, Robert D. | Partner | $850.00 | 7.0 | $5,950.00 |
| Tucker, Howard J. | Partner | $850.00 | 93.1 | $79,135.00 |
| Xing, Xiaofen | Senior | $450.00 | 5.3 | $2,385.00 |
| Yu, Qinglan | Staff | $225.00 | 9.3 | $2,092.50 |
| | | **TOTAL** | **1,452.4** | **$807,714.25*** |

* This amount reflects a reduction of $1,530.00 off of the amount requested in the Monthly Fee Statements. Additionally, the Applicant is reducing its fee by $360.00, for a total reduction of $1,890.00 in this category. See footnotes 1 and 3 of the Application

**Fee Applications**

| Name | Title | Bill Rate | Hours | Total Fees |
|---|---|---|---|---|
| Flagg, Nancy | Executive Director | $750.00 | 19.3 | $14,475.00 |
| Jansen, H.W.R. | Contractor | $850.00 | 2.0 | $1,700.00 |
| Liefbroer, Brett | Staff | $225.00 | 15.7 | $3,532.50 |
| Mitchell, Traci | Executive Director | $750.00 | 1.4 | $1,050.00 |
| Peruski, Ryan | Staff | $225.00 | 81.3 | $18,292.50 |
| Rypina, Adrianna J. | Intern | $225.00 | 2.0 | $450.00 |
| Sacks, Stephen | Executive Director | $750.00 | 0.2 | $150.00 |
| Sementa, Albert R. | Intern | $225.00 | 10.4 | $2,590.00 |
|  |  | **TOTAL** | **132.3** | **$42,240.00** |

Objection Deadline: December 9, 2013, 4:00 p.m. Eastern Time
Hearing Date: December 17, 2013, 10:00 a.m. Eastern Time

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
In re:                                           :     Chapter 11
                                                 :
**RESIDENTIAL CAPITAL, LLC,** *et al.***,**      :     Case No. 12-12020(MG)
                                                 :
Debtors.                                         :     (Jointly Administered)
                                                 :
-----------------------------------------------------------x

**SECOND INTERIM APPLICATION OF ERNST & YOUNG LLP FOR ALLOWANCE
AND PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**

Ernst & Young LLP (the "Applicant"), as tax advisor to Residential Capital, LLC, and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), respectfully represents:

**INTRODUCTION**

1.     This is the Applicant's second interim application (the "Application") for allowance and payment of compensation for professional services and reimbursement of expenses pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Court's General Order M-447 (the "General Order"), the United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines") and this Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, entered on July 17, 2012 [Docket No. 797]

(the "Compensation Order," and together with the UST Guidelines, General Order, Local Rules, Bankruptcy Rules, and Bankruptcy Code, the "Applicable Guidelines and Orders").

2. This Application requests compensation for certain professional services described below rendered by the Applicant on behalf of the Debtors from May 1, 2013 through August 31, 2013 (the "Compensation Period") and reimbursement of actual and necessary expenses incurred by the Applicant during the Compensation Period in connection with the rendering of the professional services. This Application complies with the Applicable Guidelines and Orders as stated in the certification, attached hereto as Exhibit A, made on behalf of the Applicant by Howard Tucker (the "Certification"). Mr. Tucker reviewed the Application and approved the requested amount.

3. This Application seeks the interim approval and allowance of compensation in the amount of $849,594.25 representing the fees for the Applicant's actual time charges for 1,586.5 hours of professional services rendered during the Compensation Period, plus reimbursement of actual and necessary expenses incurred in the amount of $35,273.37, for a total of $885,227.62, all as more fully set forth below. Approval and allowance of this amount is fully warranted given the actual and necessary services rendered to the Debtors by the Applicant as described in this Application.

4. As of the date of this Application, the Debtors have not paid the Applicant any of the above fees and expenses. This Application therefore also seeks an order authorizing and directing the Debtors to pay the Applicant all requested fees and expenses that remain outstanding as of the date of such an order.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction to consider this matter under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

6. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7. On May 14, 2012 (the "Petition Date"), the Debtors filed their voluntary chapter 11 petitions for relief (the "Chapter 11 Cases") under title 11 of the Bankruptcy Code.

8. The Debtors are operating their businesses as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

9. On June 20, 2012, the Court directed that an examiner be appointed in these Chapter 11 Cases [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

10. On July 17, 2012, this Court entered the Compensation Order, which authorizes the monthly payment of eighty percent (80%) of fees and one hundred percent (100%) of expenses to retained professionals upon submission of monthly statements to, and provided no formal objections were filed by, the Notice Parties as that term is defined in paragraph 2(a) of the Compensation Order. The Compensation Order also requires the submission of periodic interim fee applications and a final fee application for approval and allowance of compensation and reimbursement of expenses, upon which any formal objections not resolved consensually will be presented to the Court.

11. On July 3, 2013, the Debtors and the Official Committee of Unsecured Creditors filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al*. and the Official Committee of Unsecured Creditors [Docket No. 4153] (the "Plan") and a proposed disclosure statement [Docket No. 4157] (the "Disclosure Statement") for the Plan. By order dated August 23, 2013 [Docket No. 4809], this Court approved the Disclosure Statement. A hearing on confirmation of the Plan has been scheduled for November 19, 2013, at 10:00 a.m. (Eastern Time).

**RETENTION OF ERNST & YOUNG LLP AND MONTHLY FEE STATEMENTS**

12. On April 12, 2013, the Debtors filed their Application for Entry of an Order Authorizing the Retention and Employment of Ernst & Young LLP as Tax Advisor to the Debtors *Nunc Pro Tunc* to October 1, 2012 [Docket No. 3429] (the "Retention Application"). The Retention Application sought the Court's authorization of the Debtors' employment and retention of the Applicant in accordance with the terms and conditions set forth in the master services agreement between the Debtors and the Applicant (the "MSA") and the incorporated statement of work for bankruptcy tax advisory services (the "Tax Advisory SOW," and together with the MSA, the "Engagement Letter").

13. Under the Tax Advisory SOW, the Debtors retained the Applicant to provide the following services (the "Tax Advisory Services"):

(i) Advising Residential Capital, LLC in developing an understanding of the tax implications and tax sharing implications of its bankruptcy restructuring alternatives and post-bankruptcy operations, including research and analysis of the applicable Internal Revenue Code, Treasury regulations, case law and other relevant US federal, state, and non-US tax authorities, as applicable;

(ii) Understanding reorganization and/or restructuring alternatives Residential Capital, LLC is evaluating with its existing bondholders and other creditors that may result in a change in the equity, capitalization and/or ownership of the shares of Residential Capital, LLC or its assets;

(iii) Advising with respect to the calculations related to historical changes in ownership of Residential Capital, LLC's equity, including a review of whether the shifts in equity ownership may have caused an ownership change that will restrict the use of tax attributes (such as net operating loss, capital loss and credit carry forwards and built-in losses) and the amount of any such limitation;

(iv) Advising with respect to the determination of the amount of Residential Capital, LLC's tax attributes, section 382 limitation (if any), discharge of indebtedness income, attribute reduction and net unrealized built-in loss and an estimate of the built-in loss to be recognized during the five-year, post-ownership change recognition period based on Notice 2003-65. EY LLP will confirm whether section 382(1)(5) may be applied to the plan of

reorganization and, if so, review modeling to determine whether it is more advantageous to apply section 382(1)(5) or elect section 382(1)(6);

(v) Advising with respect to the analysis related to availability, limitations and preservation of tax attributes such as net operating losses, tax credits, stock and asset basis as a result of the application of the federal and state (or non-US local country if applicable) cancellation of indebtedness provisions, including the review of calculations to determine the amount of tax attributes reduction related to debt cancellation income. EY LLP will also assist with the analysis with respect to the benefits or detriments of making other related elections, such as the election under section 108(b)(5);

(vi) Advising with respect to tax analysis associated with planned or contemplated acquisitions and divestitures, including tax return disclosure and presentation;

(vii) Advising with respect to tax analysis and research related to tax-efficient domestic restructurings, including review of stock basis computations, non-income tax consequences, and verifying tax basis of assets and tax basis of subsidiary balance sheets for purposes of evaluating transactions;

(viii) Advising with respect to the analysis of historical returns, tax positions and Residential Capital, LLC records for the application of relevant consolidated tax return rules to the current transaction, including but not limited to, deferred inter-company transactions, excess loss accounts and other consolidated return issues for each legal entity in Residential Capital, LLC's US tax group;

(ix) Advising with respect to the federal, state and local tax treatment (including tax return disclosure and presentation) governing the timing and deductibility of expenses incurred before and during the bankruptcy period, including but not limited to, bankruptcy costs, severance costs, interest and financing costs, legal and professional fees, and other costs incurred as Residential Capital, LLC rationalizes its operations;

(x) Advising with respect to the federal, state and local country tax consequences of internal restructurings and rationalization of inter-company accounts;

(xi) Advising with respect to the federal, state and local tax consequences of potential material bad debt and worthless stock deductions, including tax return disclosure and presentation;

(xii) Assisting with the documentation of, as appropriate or necessary, the tax analysis, opinions, recommendations, conclusions and correspondence for any proposed restructuring alternative, bankruptcy tax issue, or other tax matter described above; and

(xiii)   Advising with respect to bankruptcy related federal, state and local tax matters including research to determine tax lien and/or officer/director liability exposures related to non-payment or non- timely payment of pre-petition taxes as identified by Residential Capital, LLC or counsel, advising with respect to taxing jurisdiction correspondence and post-petition return disclosure considerations (including requests for prompt tax liability determinations) for Residential Capital, LLC's review and finalization with counsel, and overview of related tax considerations to be considered by Residential Capital, LLC and counsel in the development of bankruptcy workplan, tax department procedures related to bankruptcy tax issues, and analysis of tax claims.

14. On April 22, 2013, the Court entered an order approving the Retention Application on a final basis, *nunc pro tunc* to October 1, 2012 [Docket No. 3492] (the "Retention Order").

15. The Applicant commenced providing services to the Debtors on October 1, 2012, at the request of the Debtors.

16. On August 7, 2013, the Applicant filed the *First Interim Application of Ernst & Young LLP for Allowance and Payment of Compensation for Professional Services and Reimbursement of Actual and Necessary Expenses* [Docket No. 4526] (the "First Interim Application"), requesting allowance and approval of $98,380.00 in fees and $229.41 in expenses for the period from October 1, 2012 through April 30, 2013. [Docket No. 4526.] The Court entered an order on September 25, 2013 granting the Applicant's First Interim Application and approving and allowing for payment of $98,380.00 in fees and $229.41 in expenses. [Docket No. 5205.][1]

17. With respect to the Compensation Period, the Applicant served four monthly fee statements on the Notice Parties: on July 15, 2013 for the period from May 1, 2013 through May

---

[1] The First Interim Application inadvertently sought allowance and approval of $360.00 in fees that were not incurred by the Applicant during the applicable compensation period. The Applicant has therefore taken a voluntary reduction of $360.00 in this Application to account for the discrepancy.

31, 2013 requesting $169,308.00 in fees and $9,535.17 in expenses (the "Consolidated Monthly Fee Statement");[2] on September 27, 2013 for the period from June 1, 2013 to June 30, 2013 requesting $235,152.50 in fees and $16,023.51 in expenses (the "June Monthly Fee Statement")[3]; on October 7, 2013 for the period from July 1, 2013 to July 31, 2013 requesting $285,848.75 in fees and $8,103.04 in expenses (the "July Monthly Fee Statement"); and on October 30, 2013 for the period from August 1, 2013 to August 31, 2013 requesting $161,175.00 in fees and $1,611.65 in expenses (the "August Monthly Fee Statement," and collectively with the Consolidated Monthly Fee Statement, the June Monthly Fee Statement, and the July Monthly Fee Statement, the "Monthly Fee Statements").

18.     The deadlines for objecting to the Consolidated Monthly Fee Statement, the June Monthly Fee Statement, and the July Monthly Fee Statement have passed. The deadline for objecting to the August Monthly Fee Statement has not passed. As of the date of this Application, no party has filed or served on the Applicant an objection to any of the Monthly Fee Statements, and neither the Applicant nor its counsel have received any objections to the any of the Monthly Fee Statements. If no objections to the August Monthly Fee Statement are filed or served on or before November 20, 2013, then under the Interim Compensation Order the Debtors will owe the Applicant the amount of $716,460.77, which amount represents 80% of the fees and 100% of the expenses incurred during the Compensation Period and requested in the Monthly Fee Statements.

---

[2] The Consolidated Monthly Fee Statement also requested $98,380.00 in fees and $229.41 in expenses incurred between October 1, 2012, and April 30, 2013. As noted above, the Applicant sought, and the Court awarded, interim approval and allowance of these fees and expenses pursuant to the First Interim Application.

[3] The June Monthly Fee Statement inadvertently included $1,530.00 in fees that were not properly attributable to the services that the Applicant provided to the Debtors. The Applicant has therefore taken a voluntary reduction of $1,530.00 on this Application.

19. Before the Applicant served the Monthly Fee Statements, a representative of the Debtors with authority to approve or disapprove of the amounts was provided a copy of the time and expense detail covering the Compensation Period. The Debtors have, to date, made no objection to any of the fees or expenses requested for approval and allowance herein.

20. No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received from professional services rendered or in connection with the Chapter 11 Cases. Nor shall the Applicant share or agree to share the compensation paid or allowed from Debtors' estates for such professional services with any other person.

## SUMMARY OF SERVICES RENDERED BY ERNST & YOUNG LLP DURING THE COMPENSATION PERIOD

21. During the Compensation Period, the Applicant provided services falling under the project categories of Tax Advisory Services, Fee Applications, and Retention Applications.

22. Attached hereto as Exhibit B is a schedule specifying the amount of fees and expenses incurred in the project categories for which the Applicant seeks allowance by this Application.

23. The attached Exhibit C sets forth the names, titles, and hourly rates of, and number of hours billed by, all professionals of the Applicant who rendered services to the Debtors during the Compensation Period. The hourly rates comply with the terms of the Engagement Letter and Retention Order reflect the normal hourly rates for professional services charged by the professionals of the Applicant for each type of work, and are consistent with rates typically charged by other comparable firms for this type of work.

24. The Applicant's professionals have maintained contemporaneous time records indicating the time that each professional spent working on a particular matter and the nature of the task performed. Copies of these time records are annexed to this Application as <u>Exhibit D</u>.

25. Attached hereto as <u>Exhibit E</u> are contemporaneously maintained records of the expenses for which the Applicant seeks reimbursement by this Application.

**<u>Tax Advisory Services</u>**

26. During the Compensation Period, the Applicant's services included advising the Debtors regarding deferred tax assets and liabilities, calculating the Debtors' tax basis, advising the debtors with respect to tax sharing agreements and taxation of controlled foreign corporations, assisting the Debtors in their assessment of and strategy for approaching state and federal tax claims in the bankruptcy, contacting federal and state authorities to discuss and resolve claims on the Debtors' behalf, analyzing the potential impact of State of Financial Accounting Standards No. 159 on the valuation of the Debtors' financial assets and liabilities for tax purposes, and preparing a tax technical report for the Debtors. These projects are ongoing and likely will continue to be performed at least until the Debtors confirm a plan of reorganization.

27. In performing the Tax Advisory Services, the Applicant's professionals expended a total of 1,454.2 hours during the Compensation Period for which the Applicant seeks allowance of compensation for professional services of $807,714.25 in fees and $35,273.37 in expenses, for a total of $842,987.62. A list of each person providing services in this project category during the Compensation Period, the number of hours each person billed in this project category, and the amount of compensation requested for each person is provided on Exhibit C and is incorporated here by reference.

**Fee Applications**

28. The Applicant's professionals also spent time during the Compensation Period preparing the Monthly Fee Statements and the Application's first interim fee application. This work is ongoing and will continue to be performed at least until the Debtors confirm a plan of reorganization.

29. In connection with this project category, the Applicant's professionals expended a total of 132.3 hours during the Compensation Period for which the Applicant seeks allowance of compensation for professional services of $42,240.00. No expenses were incurred in this project category. A list of each person providing services in this project category during the Compensation Period, the number of hours each person billed in this project category, and the amount of compensation requested for each person is provided on Exhibit C and is incorporated here by reference.

30. The Applicant has endeavored to reduce fees by assigning work to professionals with lower hourly rates when appropriate.

31. All services rendered by the Applicant for the Debtors during the Compensation Period were performed in connection with the representation of Debtors in these Chapter 11 Cases.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

32. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(3) further provides that in determining the amount of reasonable compensation to be awarded,

> [T]he court shall consider the nature and extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

33.     The Applicant's fees during the Compensation Period are reasonable under the prevailing legal standard and should be allowed on an interim basis, as requested herein. The Applicant's services have provided substantial benefits to the Debtors and the amount of the fees requested is not unusual given the numerous and complex issues presented by the Debtors' businesses, finances, operations and bankruptcy. The requested compensation is commensurate with customary compensation charged by comparably skilled practitioners in cases other than those filed under the Bankruptcy Code. Moreover, the services for which the Applicant seeks compensation were necessary and beneficial to the estate and the requested compensation is reasonable in light of the nature, extent and value of such services.

## NOTICE AND PRIOR APPLICATIONS

34.     A complete copy of this Application, with exhibits, has been provided to the Notice Parties and to the Court. In light of the nature of the relief requested herein, the Applicant submits that no other or further notice need be provided.

35. No prior application for the relief sought herein has been requested by the Applicant.

## CONCLUSION

WHEREFORE, the Applicant respectfully requests that this Court enter an order (i) approving and allowing on an interim basis compensation of fees for professional services rendered for the Debtors during the Compensation Period in the amount of $849,954.25 and reimbursement for actual and necessary expenses incurred during the Compensation Period in the amount of $35,273.37, for a total of $884,867.62; (ii) authorizing and directing the Debtors to pay the Applicant all fees and expenses for the Compensation Period that remain outstanding as of the date of the order; and (iii) granting such other and further relief as this Court deems just and equitable under the circumstances.

Dated:  November 18, 2013
       Madison, Wisconsin

By: s/ Matthew D. Lee
Matthew D. Lee
FOLEY & LARDNER LLP
150 East Gilman Street
Post Office Box 1497
Madison, Wisconsin  53701
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
e-mail: mdlee@foley.com

*Counsel for Foley & Lardner LLP*