# Exhibit A

## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
:
RESIDENTIAL CAPITAL, LLC, *et al.*, : Case No. 12-12020(MG)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

## CERTIFICATION OF HOWARD TUCKER

Howard Tucker declares and states as follows:

1. I am a partner in the firm of Ernst & Young LLP (the "Applicant"), tax advisor to Residential Capital, LLC and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned Chapter 11 Cases.

2. I make this certification in support of the Applicant's foregoing application (the "Application") for allowance and payment of compensation for professional services and reimbursement of expenses for the period beginning May 1, 2013 through August 31, 2013 (the "Compensation Period").

3. I am the professional designated by the Applicant in respect of compliance with the General Order M-447 (the "General Order"), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines," and together with the General Order and Local Guidelines, the "Guidelines").

4850-6560-9238.4

4. I have personally performed services rendered by the Applicant during the Compensation Period and am thoroughly familiar with all other work performed on behalf of the Debtors by the Applicant's professionals.

5. In compliance with the Local Guidelines, I certify that:

a. I have read the Application.

b. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

c. Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

d. In providing a reimbursable service in these cases, the Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third-party.

e. Any airfare for which the Applicant is seeking reimbursement reflects tickets purchased for coach class.

f. With respect to Section B(2) of the Local Guidelines, upon the entry of the order authorizing the retention of the Applicant on April 22, 2013, I note that, on the dates identified in the cover sheet to the Application, the Applicant provided monthly billing statements of the Applicant's fees and disbursements accrued during the Compensation Period to the Notice Parties (as that term is defined in the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, entered on July 17, 2012 [Docket No. 797] (the "<u>Compensation Order</u>").

Because of the exigencies of these Chapter 11 Cases, and despite the Applicant's reasonable efforts, the Applicant's monthly billing statements were not served within the exact period prescribed in the Compensation Order.

    g.    With respect to section B(3) of the Local Guidelines, I note that copies of this Application are being provided to the Notice Parties on the date for filing fee applications set by the Court in the Compensation Order.

6.    In accordance with Rule 2016(a) of the Federal Rules of Bankruptcy and section 504 of title 11 of the United States Code (the "Bankruptcy Code"), no agreement or understanding exists between the Applicant and any other person for the sharing of compensation to be received in connection with this chapter 11 case.

7.    By this certification, the Applicant does not waive or release any rights or entitlements it has under the order of this Court, entered April 22, 2013, approving the Applicant's retention by the Debtors *nunc pro tunc* to October 1, 2012, or pursuant to the terms of the engagement letter and associated statement of work between the Applicant and Debtors attached as exhibits to the Debtors' application to employ and retain the Applicant.

[*continued on the next page*]

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18 day of November, 2013 at New York, New York.

By: _____
Name: Howard Tucker
Title: Partner