# **Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

.......................................................................
                                                                )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,       )    Chapter 11
                                                                )
                                Debtors.                 )    Jointly Administered
                                                                )
.......................................................................)

## STIPULATION REGARDING ALLOWED CLAIMS

This stipulation (the "**Stipulation**") is entered into on November 18, 2013 by and among Residential Capital, LLC and its affiliated debtors, as debtors and debtors in possession, (collectively, the "**Debtors**"), the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**") and Ally Financial Inc. and its non-debtor affiliates and subsidiaries (collectively, "**Ally**").  The Debtors, Committee and Ally are collectively referred to herein as the "**Parties.**"

## RECITALS

A. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief (the "**Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

B. On November 30, 2012, the Federal Housing Finance Agency (the "**FHFA**"), in its capacity as conservator for the Federal Home Loan Mortgage Corporation, filed proofs of claim against the Debtors [Claim Nos. 6296, 6297, 6298, 6299, 6300, and 6301] (the "**FHFA Claims**").[1]  The FHFA asserted that the FHFA Claims are entitled to priority treatment under the Housing and Economic Recovery Act of 2008, as codified in 12 U.S.C. §§ 4617(b)(15).

---

[1] For the avoidance of doubt, the FHFA Claims do not include the Retained Claims (defined below).

C.       The Federal Home Loan Mortgage Corporation ("**Freddie Mac**"), on its own behalf, filed proofs of claim against the Debtors in these chapter 11 cases [Claim Nos. 4875 and 4899] (the "**Freddie Mac Claims**").  Certain of the Freddie Mac Claims were resolved by the *Stipulation and Order Relating to the Assumption and Assignment of Certain Agreements of Freddie Mac Pursuant to Section 365 of the Bankruptcy Code and Related Relief* [Dkt. No. 2894] as set forth herein.

D.       The Debtors and the Committee, as co-plan proponents (the "**Plan Proponents**"), have solicited votes on a joint chapter 11 plan (the "**Plan**").  Ex. 1 to *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Dkt. No. 4819].[2]

E.       The Plan, as filed on August 23, 2013, provided that (i) the Plan Proponents will seek to subordinate the FHFA Claims pursuant to section 510(b) of the Bankruptcy Code.  (*id*. at Art. III.E); if the FHFA Claims are not subordinated, the holder of an Allowed FHFA Claim in Class RS-11 will receive a cash distribution equal to 2.0% of such Allowed FHFA Claim, and the holder of an Allowed FHFA Claim in Class R-11 will receive a cash distribution equal to 0.001% of such Allowed FHFA Claim (*id*. at Art. III.D); and (iii) that the FHFA Claims are not subject to the third party releases included in the Plan (the "**Third Party Release**") (*id*. at Art. IX.E).  Freddie Mac and the FHFA each filed objections to confirmation of the Plan with respect to those and related terms.  [Dkt. Nos. 5405 and 5436].

F.       The Plan as filed on November 12, 2013 (as amended from time to time, the "**Amended Plan**") [Dkt. No. 5722] provides that, subject to the execution of this Stipulation, (i) the holder of an Allowed FHFA Claim in Class RS-11 will receive a cash distribution equal to

---

[2]   Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

2

2.0% of such Allowed FHFA Claim (*id*. at Art. III.D), (ii) holders of FHFA Claims in Class R-11 will receive no recovery on account of such claims (*id*.); and (iii) the FHFA and Freddie Mac will be carved-out from the Third Party Release as set forth in the Amended Plan (*id*. at Art. IX.E).

G.  On October 25, 2013, FHFA and Ally entered into a settlement agreement (the "**Agreement**"), which, among other things, resolves issues concerning the FHFA Claims and Freddie Mac's and the FHFA's objections to the Plan, and related issues. In connection with the Agreement, the Parties have reached an agreement on a number of issues, as set forth in this Stipulation.

H.  Pursuant to the Agreement, the FHFA assigned to Ally its and/or Freddie Mac's right to receive any and all distributions to FHFA under the Plan on account of the FHFA Claims (the "**FHFA Claim Proceeds**"), effective as of the Effective Date, and directed the Debtors to pay the FHFA Claim Proceeds to Ally, as set forth in **Exhibit A**.[3]

## AGREEMENT

1.  <u>Allowed Claim</u>.  Strictly for purposes of voting on the Amended Plan and distributions thereunder, (i) the FHFA Claims against Residential Funding Company, LLC ("**RFC**") shall be allowed in the amount of $1.2 billion in full and final satisfaction of the FHFA Claims; (ii) such allowed claim shall be an "Allowed FHFA Claim" in class RS-11 as provided in Art. III.D.3(k) of the Amended Plan; (iii) the Allowed FHFA Claim shall not be subject to subordination and shall receive a cash distribution of $24 million on the effective date of the Amended Plan (the "**Effective Date**") (equal to 2% of the allowed amount of the claim), as provided in Art. III.D.3(k) of the Amended Plan; and (iv) the FHFA Claims against any Debtors

---

[3] The FHFA Claim Proceeds do not include any distributions to Freddie Mac or to securitization trustees on account of claims set forth in proofs of claims other than claim numbers 6296, 6297, 6298, 6299, 6300, and 6301.

3

other than RFC shall be deemed satisfied in full, without any further order or action.  In the event that the Amended Plan does not become effective, this paragraph shall be null and void, nothing herein shall constitute an admission by the Parties regarding the validity or amount of the claims or any legal arguments related thereto, and all rights and defenses with respect to the FHFA Claims will be available to the Parties.

      2.      <u>Plan Support</u>.  The Parties acknowledge that the FHFA and Freddie Mac have withdrawn their objections to the Amended Plan [Dkt. Nos. 5671 and 5672].  The Parties also acknowledge that under the Agreement, the FHFA has agreed to (i) to support confirmation of the Amended Plan; and (ii) not to (a) object to confirmation of the Amended Plan, (b) object to, or otherwise commence any proceeding to oppose, alter, delay or impede the Amended Plan or the other documents related thereto or contemplated therein, (c) object to, or otherwise oppose, the extension of the Debtors' exclusive right to file a plan of reorganization pursuant to section 1121 of the Bankruptcy Code, so long as all of the milestones under the agreement to support the Plan together with all exhibits attached thereto, including the term sheets, dated as of May 13, 2013, by and among the Debtors, Ally, the Official Committee of Unsecured Creditors appointed in the Cases, and certain of the Debtors' key creditor constituents, as the same may be amended or modified in accordance with its terms [Docket No. 3814], have been met; (d) vote (to the extent entitled to vote) for, consent to, support or participate in the formulation of any chapter 11 plan other than the Amended Plan; (e) directly or indirectly seek, solicit, negotiate or support any chapter 11 plan other than the Amended Plan, or any sale or disposition of the remaining assets of the Debtors, or any dissolution, winding up, liquidation, merger, transaction, reorganization or restructuring of the Debtors, if such action reasonably could be expected to prevent, delay or impede the successful implementation of the Amended Plan and the other documents related

4

thereto or contemplated therein; (f) object to the solicitation of votes in favor of the Amended Plan or support any such objection by a third party; or (g) take any other action not required by law that is inconsistent with, or that would materially delay, the confirmation or consummation of the Plan. Further, the Parties acknowledge that under the Agreement, the FHFA, including in its capacity as conservator for Freddie Mac, has agreed to change its votes of the FHFA Claims in support of the Amended Plan, which contains the treatment set forth in paragraph 1 above.

3. <u>Release Carve-Out</u>. The Parties agree that the initial paragraph of Art. IX.E (*Third Party Release Carve-Out*) of the Amended Plan shall be amended to provide as follows:

> Notwithstanding anything to the contrary herein, the Third Party Release shall not apply to any claims held by: (i) the FHFA, as conservator for Fannie Mae, and/or Fannie Mae against Ally Bank, including, without limitation, any claims of FHFA and/or Fannie Mae against Ally Bank for continuing liabilities, obligations, and duties owed by Ally Bank to FHFA and/or Fannie Mae under the Fannie Mae Contract, including the obligations and duties to honor all selling and servicing representations and warranties related to the portfolio of loans sold and/or serviced, or that were previously serviced, by Ally Bank; (ii) the FHFA and/or Freddie Mac (a) against Ally Bank for any selling and servicing representation and warranty claims for loans sold to Freddie Mac directly by Ally Bank subsequent and pursuant to the May 1, 2012 and August 1, 2012 master selling and servicing agreements among Ally Bank and Freddie Mac, and (b) against Ally Financial Inc. as guarantor for the limited time that the Debtors subserviced the Ally Bank loans sold pursuant to the agreements set forth in clause (ii)(a) above, (iii) the United States and the DOJ/AG Settling States with regard to any monetary obligation the Ally Released Parties may have arising under the DOJ/AG Settlement or causes of action preserved under Article V and Exhibits F and G of the DOJ/AG Settlement; and shall not apply to (iv) any liability or obligation of AFI to the United States or the States arising under the Internal Revenue Code, environmental laws, civil fraud laws, or criminal laws, including any such liability or obligation preserved under Article V and Exhibits F and G of the DOJ/AG Settlement. Nothing herein is intended to expand any liabilities under any agreement set forth above or applicable law; the carve outs set forth above in clauses (ii) and (iii) are limited to liabilities under agreements referenced therein and Ally expressly reserves all rights, claims, and defenses against persons and entities carved out under this Article IX.E. regarding any liability that is the subject of this Article IX.E.

The FHFA's and Freddie Mac's claims that are subject to such revised Third Party Release Carve-Out are referred to herein as the "**Retained Claims.**" Subject to the foregoing, the Parties

5

acknowledge that under the Agreement, FHFA and Freddie Mac have consented to the releases and injunction contemplated in Art. IX.D (Third Party Release), Art. IX.G (Exculpation), and Art. IX.H (Injunction) of the Plan and all other Plan provisions.

4.  Confirmation Order.  In addition to any other amendments to the order confirming the plan (the "**Confirmation Order**") required herein, the Debtors and Committee agree that notwithstanding the FHFA's agreement to the treatment of the FHFA Claims under the Amended Plan, as set forth in paragraph 1, such order shall confirm that (a) the Amended Plan does not contain any determination regarding validity or invalidity of the application of Section 4617(b)(15) of the Housing and Economic Recovery Act of 2008 ("**HERA**") in the Cases; (b) the Agreement and any subsequently executed agreement are not, and shall not in any way be construed as, a concession to the validity of any disputes or defenses interposed to claims asserted by the Parties, including, without limitation, with respect to the FHFA's assertions of rights, powers, and priorities under 12 U.S.C. § 4617(b)(15) as such disputes have been compromised and settled pursuant to the Agreement; and (c) any subsequently executed agreement, and the Confirmation Order shall so recite that such disputes were compromised in the Agreement, and that nothing in the Agreement, any subsequent agreement, Plan or Confirmation Order shall affect, limit or otherwise prejudice FHFA's rights, titles, powers and privileges under HERA; provided that the foregoing shall not limit the Third-Party Releases as set forth in the Agreement and the Amended Plan.  For the avoidance of doubt, the Agreement provides that the FHFA supports the treatment of the FHFA Claims set forth in the Amended Plan.

5.  Assignment.  The Debtors and Committee agree to include in the Confirmation Order and Plan a statement acknowledging that FHFA has assigned to Ally any and all rights

FHFA and/ or Freddie Mac hold in FHFA Claim Proceeds, effective as of the Effective Date. For the avoidance of doubt, the FHFA and Freddie Mac are not assigning to Ally, and the FHFA and Freddie Mac shall retain, any distributions that are not FHFA Claim Proceeds. Moreover, other than as specifically set forth in this Stipulation or the Agreement, this Stipulation shall not prohibit, restrict, or limit the FHFA or Freddie Mac from receiving any benefits deriving from, or exercising any rights appurtenant to, Freddie Mac's ownership of interests in the RMBS at issue in the lawsuit entitled *Federal Housing Finance Agency v. Ally Financial Inc*., et al., No. 11 Civ. 7010 DLC (S.D.N.Y.) or the Cases, in the ordinary course, including without limitation, the right to receive or assign payments from its investments in the RMBS or to sell or otherwise dispose of its interests in the RMBS.

6.    Agreement.  This Stipulation constitutes a valid agreement between the Parties with respect to the subject matter hereof, and implements certain provisions of the Agreement and additional agreements between certain of the Parties. For the avoidance of doubt, the Agreement is unaffected by this Stipulation and remains a valid, enforceable agreement between the FHFA and Ally.

7.    No Reliance.  Each Party acknowledges and agrees that it has not relied on any statement or representation of any other Party, person, or entity in determining to enter into this Stipulation.

8.    No Admission.  Each Party acknowledges and agrees that nothing in this Stipulation constitutes an admission or concession of any legal or factual issue raised in any claim asserted against the Debtors or Ally.

9.    Jurisdiction and Choice of Law.  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and any disputes arising thereunder. This Stipulation

shall be governed by and interpreted in accordance with the laws of the State of New York, without regard to principles of conflicts of laws of that would require the application of laws of another jurisdiction.

10. <u>Representative Capacity</u>.  Each person executing this Stipulation in a representative capacity represents and warrants that he or she is empowered to do so.

11. <u>Court Approval</u>.  The Parties hereby agree to the entry of an order by the Bankruptcy Court approving the Debtors' entry into this Stipulation.  In the event the Debtors' entry into this Stipulation is not approved by the Bankruptcy Court, or the Plan does not become effective, this Stipulation shall be of no force and effect.  The Parties reserve all of their rights and defenses with respect to the claims resolved by this Stipulation and the proposed settlement shall not constitute an admission by the Parties regarding the validity or amount of the claims resolved by this Stipulation or any legal arguments related thereto.

12. <u>Claims Register</u>.  The Debtors, the Debtors' claims agent, and the Clerk of the Court are authorized to take all necessary and appropriate actions to give effect to this Stipulation.

Agreed to this 18 of November, 2013:

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| By: /s/ *Lorenzo Marinuzzi* | By: /s/ *Kenneth H. Eckstein* |
| Gary S. Lee | Kenneth H. Eckstein |
| Lorenzo Marinuzzi | Douglas H. Mannal |
| Joel C. Haims | Andrew M. Dove |
| 1290 Avenue of the Americas | 1177 Avenue of the Americas |
| New York, New York 10104 | New York, New York 10036 |
| Tel: (212) 468-8000 | Tel: (212) 715-9100 |
| Fax: (212) 468- 7900 | Fax: (212) 715-8000 |
| | |
| *Counsel for the Debtors* | *Counsel for the Official Committee of* |
| *and Debtors-in-Possession* | *Unsecured Creditors* |

**KIRKLAND & ELLIS LLP**

By: /s/ *Ray C. Schrock*
Richard M. Cieri
Ray C. Schrock
Noah J. Ornstein
601 Lexington Avenue
New York, New York 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Counsel for Ally Financial Inc.*
*and Ally Bank*

**EXHIBIT A**

# KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

DANIEL A. FLIMAN
DIRECT DIAL: 212-506-1713
DFLIMAN@KASOWITZ.COM

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY

November 12, 2013

**VIA E-MAIL**

Gary S. Lee, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104

Re:    In re Residential Capital, LLC et al., Chapter 11, Case No. 12-12020

Dear Gary:

This firm is counsel to the Federal Housing Finance Agency, as conservator for the Federal Home Loan Mortgage Corporation ("FHFA"). As you are aware, FHFA and Ally Financial Inc. and its non-debtor affiliates, including GMAC Mortgage Group LLC and Ally Securities LLC, (collectively, "Ally") are parties to a settlement of the claims against Ally in the lawsuit entitled *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation vs. Ally Financial Inc., GMAC Mortgage Group, Inc., Ally Securities, LLC, J.P. Morgan Securities LLC f/k/a J.P. Morgan Securities, Inc. as successor-in-interest to Bear Stearns & Co. Inc., Credit Suisse Securities (USA) LLC f/k/a Credit Suisse First Boston LLC, RBS Securities, Inc. f/k/a Greenwich Capital Markets, Inc., Citigroup Global Markets Inc., Barclays Capital Inc., UBS Securities LLC, and Goldman Sachs & Co.*, 1:11-cv-07010-DLC (S.D.N.Y.) (Cote, J.).

Pursuant to that the terms of that settlement, FHFA hereby directs the Debtors to pay to Ally those certain distributions that would otherwise be payable to FHFA under the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Plan") on account of the proofs of claim filed by FHFA, which were assigned Claim Nos. 6296, 6297, 6298, 6299, 6300, and 6301 ("FHFA Claims").

We understand from Ally that it has negotiated separately with the Plan Proponents to allow the FHFA Claims under the Plan at 2% of stated losses of $1.2 billion ($24 million) ("FHFA Claim Proceeds"). For the avoidance of doubt, the FHFA Claim Proceeds do not include, and the payment direction herein expressly excludes, (a) any distributions to Freddie Mac or to securitization trustees on account of claims set forth in any proofs of claims, other than in the FHFA Claims, (b) any other benefits, monetary or otherwise, deriving from, or exercising any rights appurtenant to, Freddie Mac's ownership of interests in RMBS at issue in these bankruptcy cases, including without limitation, Freddie Mac's continuing right to receive or assign payments from its investments in the RMBS or to sell or otherwise dispose of its interests

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

Gary S. Lee, Esq.
November 12, 2013
Page 2

in the RMBS and (c) any and all rights to payments relating to any claims that Freddie Mac and the FHFA have (1) against Ally Bank for any selling and servicing representation and warranty claims for loans sold to Freddie Mac directly by Ally Bank subsequent and pursuant to the May 1, 2012 and August 1, 2012 master selling and servicing agreements among Ally Bank and Freddie Mac, and (2) against Ally Financial Inc. as guarantor for the limited time that the Debtors subserviced the Ally Bank loans sold pursuant to the agreements set forth above.

   FHFA is required to provide the same direction to the Liquidating Trustee under the Plan. From our review of the bankruptcy docket, it appears that the Liquidating Trustee has not yet been identified. We, therefore, ask that you please provide these instructions to the Liquidating Trustee – which is hereby likewise directed. Alternatively, please provide us with the identity of the Liquidating Trustee and we will provide the same instructions.

Sincerely,

Daniel A. Fliman

cc. Ray C. Schrock, Esq.