Hearing Date: December 17, 2013 at 10:00 a.m. (ET)
Objection Date:  December 9, 2013 at 4:00 p.m. (ET)

Thomas R. Fawkes
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
tfawkes@freeborn.com
deggert@freeborn.com

*Counsel for Mercer (US) Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                                         )
In re:                                                   )    Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,       )    Chapter 11
                                                         )
            Debtors.                             )    Jointly Administered
---------------------------------------------------------

**FOURTH INTERIM APPLICATION COVER SHEET OF MERCER (US) INC.
AS COMPENSATION CONSULTANT TO THE DEBTORS
FOR THE PERIOD FROM MAY 1, 2013 THROUGH AUGUST 31, 2013**

| | |
|---|---|
| Name of Professional: | Mercer (US) Inc. |
| Authorized to provide professional services to: | The Debtors and Debtors-in-Possession |
| Date of retention: | Order entered on July 16, 2012 [Docket No. 778] *nunc pro tunc* to May 14, 2012 |
| Period for which compensation and reimbursement is sought: | May 1, 2013 through August 31, 2013 |
| Amount of compensation sought as actual reasonable and necessary: | $449.40 |

Amount of reimbursement
sought as actual,
reasonable and necessary:     $5,647.91

This is an:  _x_  interim     ___ final application.

### SECTION I: FEE SUMMARY

|  | To Date | Current Period |
|---|---:|---:|
| Total Fees Requested | $280,175.40 | $449.40 |
| Total Disbursements Requested | $39,995.67 | $5,647.91 |
| Total Fees Previously Allowed | $270,057.00 | $0.00 |
| Total Disbursements Previously Allowed | $34,339.53 | $0.00 |
| Total Previously Received by Applicant | $0.00 | $0.00 |

### SECTION II: PROFESSIONAL SUMMARY

*May 1, 2013 through August 31, 2013*

| Name | Position | Hourly Rate | Total Hours Billed[1] | Total Compensation |
|---|---|---:|---:|---:|
| Dempsey, John | Principal | $748.00 | 0.5 | $374.00 |
| Mayer, Julie | Researcher | $75.40 | 1.0 | $75.40 |
|  |  | **TOTALS:** | **1.5** | **$449.40** |
|  |  |  | **BLENDED RATE:** | **$299.60** |

### SECTION III: EXPENSE SUMMARY

*May 1, 2013 through August 31, 2013*

| Expense Category | Amount |
|---|---:|
| Administrative – Miscellaneous | $892.18 |
| Administrative – Legal | $4,170.60 |
| Travel – Lodging | $300.71 |
| Travel – Meals | $73.56 |
| Travel – Transportation | $210.86 |
|  |  |
| **TOTAL:** | **$5,647.91** |

---

[1] Mercer's detailed time entries, which are attached to this Application, are stated in quarter hour increments, as approved by this Court in the Order approving the retention of Mercer.

Thomas R. Fawkes
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
tfawkes@freeborn.com
deggert@freeborn.com

*Counsel for Mercer (US) Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                                                        )
In re:                                                             )        Case No. 12-12020 (MG)
                                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,      )        Chapter 11
                                                                        )
                    Debtors.                              )        Jointly Administered
---------------------------------------------------------

**FOURTH INTERIM APPLICATION OF MERCER (US) INC.
AS COMPENSATION CONSULTANT TO THE DEBTORS
FOR THE PERIOD FROM MAY 1, 2013 THROUGH AUGUST 31, 2013**

Mercer (US) Inc. ("*Mercer*"), compensation consultant for Residential Capital, LLC ("*ResCap*") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "*Debtors*"), by and through its undersigned counsel, hereby submits this Fourth Interim Application (the "*Application*") for interim allowance of compensation for professional services rendered by Mercer to the Debtors for the period from May 1, 2013 through August 31, 2013 (the "*Fee Application Period*") and reimbursement of actual and necessary expenses incurred by Mercer during the Fee Application Period under sections 330 and 331 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and

4

Procedure of the United States Bankruptcy Court for the Southern District of New York (the "*Local Rules*"), the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "*U.S. Trustee Guidelines*"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, General Order M-447, entered on January 29, 2013 (the "*Local Guidelines*"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, entered on July 17, 2012 [Docket No. 797] (the "*Interim Compensation Procedures Order*").  In support of this Application, Mercer represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

## STATUTORY BASIS

2. The statutory and procedural predicates for the relief requested herein are: (i) sections 328, 330 and 331 of the Bankruptcy Code; (ii) Rule 2016 of the Bankruptcy Rules; (iii) Rule 2016-1 of the Local Rules; and (iv) the Interim Compensation Procedures Order.

## PROCEDURAL BACKGROUND

3. On May 14, 2012 (the "*Petition Date*"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue in possession of their respective properties and continue to operate and maintain their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5

4. On May 16, 2012, the Office of the United States Trustee (the "*U.S. Trustee*") appointed an Official Committee of Unsecured Creditors (the "*Committee*") pursuant to section 1102(a)(1) of the Bankruptcy Code.

5. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved the appointment of Arthur J. Gonzalez as the examiner.

## MERCER'S RETENTION

6. Mercer is a consulting firm that routinely advises large corporate clients on all aspects of their businesses, and Mercer has considerable experience providing compensation planning and advisory services in the chapter 11 setting.

7. Based upon Mercer's experience, the Debtors sought to retain Mercer as a compensation consultant, and, thus, filed the *Debtors' Application for an Order Authorizing Employment and Retention of Mercer (US) Inc. as Compensation Consultant to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 511] (the "*Retention Application*"). This Court entered an order on July 16, 2012 authorizing the retention and employment of Mercer as compensation consultant to the Debtors *nunc pro tunc* to May 14, 2012 [Docket No. 778] (the "*Retention Order*").[2]

8. The Retention Order authorized the retention of Mercer as compensation specialists, whereby Mercer provides services to the Debtors according to the engagement letter entered into between the parties [Docket No. 511, Exhibit 2] (the "*Engagement Letter*"), subject to the limitations and modifications set forth in the Retention Order. The Engagement Letter was previously submitted to this Court with the Retention Application.

---

[2] Pursuant to the Retention Order, Mercer is authorized to submit time records in quarter hour increments.

## INTERIM COMPENSATION PROCEDURES ORDER

9.     On July 17, 2012, the Court entered the Interim Compensation Procedures Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

10.    In particular, the Interim Compensation Procedures Order provides that a professional may submit a monthly fee statement ("*Monthly Fee Statement*") on or before the thirtieth (30th) day of each month following the month for which compensation is sought. Provided that there are no objections to a Monthly Fee Statement within the later of (i) forty (40) days following the month for which compensation is sought and (ii) twenty (20) days after receipt of a Monthly Fee Statement, the Debtors are authorized to pay such professional eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Fee Statement.

11.    Additionally, the Interim Compensation Procedures Order provides that approximately every 120 days, but no more than every 150 days (the "*Interim Fee Period*"), professionals shall file an application for interim Court approval and an allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of their compensation and reimbursement of expenses (an "*Interim Fee Application*").

## PREVIOUS FEE APPLICATIONS

12.    In accordance with the Interim Compensation Procedures Order, Mercer has previously submitted the following Interim Fee Applications:

| Application | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
| --- | --- | --- | --- |
| First Interim | 5/14/2012 – 8/31/2012 | $43,618.92 / $6,118.74 | $34,659.14 / $6,118.74 |
| Second Interim | 9/1/2012 – 12/31/2012 | $100,455.91 / $13,277.16 | $100,455.91 / $13,277.16 |

7

| Application | Period Covered | Requested Fees / Expenses | Approved Fees / Expenses |
|---|---|---|---|
| Third Interim | 1/1/2013 – 4/30/2013 | $135,661.17 / $14,951.86 | $134,941.95 / $14,943.63 |

### SERVICES PROVIDED DURING FEE APPLICATION PERIOD

13.     During these chapter 11 cases and the Fee Application Period, Mercer has provided extensive services relating to the Debtors' executive compensation. Such services primarily consist of assisting the Debtors in the development and approval of a Key Employee Incentive Plan (the "*KEIP*") and Key Employee Retention Plan (the "*KERP*").

### RELIEF REQUESTED

14.     Mercer submits this Application (a) for compensation in the amount of $449.40 for the actual and necessary professional services that it has rendered as compensation specialists to the Debtors for the period of May 1, 2013 through August 31, 2013; and (b) for reimbursement in the amount of $5,647.91 for actual, reasonable and necessary expenses incurred in serving the Debtors during that same period. The aggregate amount of fees and expenses sought under this Application totals $6,097.31.

15.     Detailed entries for Mercer's services during the period of May 1, 2013 through August 31, 2013 are set forth in the attached Exhibit 1. The expenses for which Mercer seeks reimbursement are attached hereto as Exhibit 2.[3]

16.     Mercer has endeavored to assist the Debtors in the most expeditious and economical manner possible. Tasks have been assigned to professionals so that work is being performed by those both familiar with the particular matters at hand and by individuals with the

---

[3]     Pursuant to the terms of the Engagement Letter, Mercer seeks reimbursement for reasonable attorneys' fees incurred in connection with the Retention Application and preparing fee applications. The detailed statements of Mercer's outside counsel are included in Exhibit 2.

hourly rate appropriate for that matter. Moreover, Mercer has sought to ensure no duplication of its efforts was made by other professionals.

17. No agreement or understanding exists between Mercer and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these cases other than the employees of Mercer and its parent company, Marsh & McLennan Companies, Inc.

18. The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies to the best of his or her information, knowledge and belief that this Application complies with that Rule.

**NOTICE**

19. This Interim Fee Application will be served upon: (i) counsel for the Debtors, Morrison & Foerster LLP (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (ii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Brian Masumoto and Michael Driscoll) and Office of the United States Trustee, 355 Main Street – First Floor, Poughkeepsie, New York 12601 (Attn: Eric J. Small); (iii) counsel for the, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); and (iv) counsel for Ally Financial Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock).

**WHEREFORE**, Mercer respectfully requests that this Court: (a) approve interim compensation in the amount of $449.40 for actual, reasonable and necessary professional services rendered on behalf of the Debtors during the period of May 1, 2013 through August 31, 2013, and interim reimbursement in the amount of $5,647.91 for actual, reasonable and

necessary expenses incurred during the same period; (b) authorize the payment of such amounts by the Debtors to Mercer; and (c) grant such other relief as the Court deems just and proper.

Dated:  November 18, 2013                                **MERCER (US) INC.**

By: /s/ Devon J. Eggert
      One of Its Attorneys

Thomas R. Fawkes
Devon J. Eggert
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
tfawkes@freeborn.com
deggert@freeborn.com