**MORGANROTH & MORGANROTH, PLLC**
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 864-4000
(248) 864-4001 (fax)
Mayer Morganroth
Jeffrey B. Morganroth

Attorneys for Creditor Mary Critchley

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
In re:                                                         )
                                                               )     Case No: 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al                                )     Chapter 11
                                                               )
                                                               )
                                    Debtors.                   )     Jointly Administered
-------------------------------------------------------------- )

**SUR REPLY OF MARY CRITCHLEY TO**
**DEBTORS' OMNIBUS REPLY IN SUPPORT OF**
**DEBTORS' FIFTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)**
**CLAIM NO. 1576**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Mary Critchley filed a sworn response to the Objection to Creditor Mary Critchley's claim on October 9, 2013 with exhibits attached to said Response and Exhibit B was a summary of supporting documents which is attached hereto as Exhibit A. On the afternoon of November 13, 2013, the Debtor's Omnibus Reply was filed and received by Mary Critchley's attorney's office and was not able to be examined until November 14, 2013.

The hearing was scheduled on November 15, 2013 and at said hearing (attended by phone) was Mary Critchley and her attorney, Mayer Morganroth, who responded orally to the Reply pointing out the wrongfulness and inaccuracy of the Reply and Mary Critchley and counsel were ordered by this Honorable Court to file a Sur Reply within one (1) week and in answer to the Reply of the Debtors state as follows:

1.    In Sur Reply to Section A Marcy Critchley Claim No. 1576 Paragraph 9, Mary Critchley asserts that the Debtors did not act appropriately or reasonably and in fact committed fraud in the inducement, wrongful foreclosure, violation of the Fair Debt Collection Practices Act and libel (which they admitted in their communications and in fact Debtor ultimately expunged its foreclosure and then later again instituted another foreclosure).

2.    In Sur Reply to Paragraph 10, GMAC in December 2009 did arbitrarily increase her payments on the mortgage she had entered into with Homeland in 2005. Debtor purchased that mortgage in 2009 and then in December 2009, despite Mary Critchley being current and never been notified of any default whatsoever, is notified that her payments were increased from $2,093.00 to $3,342.00 per month. This was demanded by the servicer to escrow taxes which was never done in the past. The facts and Exhibit B clearly and convincingly show that Debtors were fraudulently inducing Mary Critchley as Debtors had done with others (discovered in obtaining records of other claimants for having been promised modification if they do not pay payments for 90 days and not keeping said promises, having done so in order to wrongfully obtain the properties. It is interesting that they attach Horst's declaration when they produce no real evidence of their position and Ms. Horst never had personal knowledge. Attached along with Exhibit A, which was previously remitted twice to Debtors and also attached as an Exhibit to our pleadings and never refuted, is Exhibit B, which reflects on page 3 that Mary Critchley spoke to eight (8) different persons at GMAC and not once to Ms. Horst and in fact on January 20, 2012, Ms. Critchley received a call from John Moose at GMAC (recorded) that they made a mess of her and that he would work something out and have her get a loan modification. This was after having fraudulently induced her not to make payments the previous time, falsely filing a foreclosure, ruining her credit, forcing her and her mother to obtain new residences and losing her investment, causing her illness and revoking the first foreclosure and expunging, however, her credit reports still showing the first foreclosure which had been rescinded and thereafter the second foreclosure.

Exhibit A shows 41 documents already part of the record which Debtors possess and which support Ms. Critchley's position.

Exhibit B identifies repeated calls, letters and faxes which fully support Ms. Critchley's allegations and show she many times sent to GMAC the PLs and documents which just sat without being processed until outdated and said documents were repeatedly updated by Ms. Critchley to no avail because the Debtor never intended to perform and caused Ms. Critchley to not pay for 90 days so Debtor could grab her home that she had invested heavily in.

3. In Sur Reply to Paragraph 11, the fact that the Debtor says there is nothing in its servicing notes to indicate Ms. Critchley was told not to pay payments for 90 days only further supports the wrongful conduct. Exhibit A item 4 is an unrefuted document from GMAC telling her not to pay payments for 90 days. Document 6 are letters stating modification pending; documents 40 and 41 are correspondence from GMAC promising modification and reliance thereon. The telephone conversations were also all recorded and contain the requests and promises. Had Ms. Critchley never been promised modification, she would have had her mother, who lived with her, make up the difference.

4. In Sur Reply to Paragraph 12, the Debtor attempts to show that they did not process the modification because documentation had become outdated. This allegation is frivolous. Ms. Critchley repeatedly sent the required documents, but they sat unprocessed on the desks at Debtor's offices. Exhibit A shows a financial analysis package sent from Ms. Critchley also immediately, along with requested documents. Exhibit B identifies 2/17/10 fax to Debtor of forms as well as another P&L. 3/15/10 a fax received from GMAC Debtor that they had not processed the documents in a timely matter. The same was sent again on 4/9/10, 4/16/10, 5/7/10 and 5/25/10. Ms. Critchly's CPA again sent the P&L and documents requested which were never processed and became outdated because of Debtor's wrongful behavior which was admitted by John Roose from telephone number (214) 874-2285 and by letter (Exhibit B). Exhibit B also indicates faxes sent 2/20/10. Phone calls with Keith at GMAC admitting they did not process in a timely manner. 4/8/10 a letter from Debtor confirming receiving documents timely and then Ms. Critchley being again informed that GMAC had not processed timely and now the P&L was aged and outdated and on 5/20/10 Ms. Critchley's CPA again sent the documents. Ms. Critchley (Exhibit B) also received letters 2/17/10 for 4506T & 3 P&L faxed to GMAC which again did not process them timely. 3/23/10 Ms. Critchley again sent documents and discussed with Keith at GMAC.

On 4/13/10 request for new P&L because now aged as a result of Debtor's inaction.

On 4/21/10 request and then occurrence of a one (1) hour interview of Ms. Critchley and on 5/20/10 requested P&Ls again because not processed by them timely and again had become aged.

On 6/9/10 Shurlanda #31949 agent of GMAC said a sheriff's sale was to occur in three (3) days.

The second page of Exhibit B indicates that from 2/17/10 until 6/9/10 letters were repeatedly received by Ms. Critchley that GMAC was supposedly processing, but they needed new P&Ls (which were repeatedly sent) because of GMAC's repeated non-performance on each of the P&Ls received until they became outdated.

3

On June 15, 2010 a Sheriff's Sale was held and it was later expunged and vacated in August 2011 and Ms. Critchley was never notified by GMAC and only learned of it in November 2011 when GMAC demanded payments or foreclosure would start again and she then received the call from John Roose (GMAC Debtor representative) and a letter as well that they had made a mess and now a modification could be done to avoid a second foreclosure.

Mary Critchley was now out of the house for two (2) years and two (2) months; had relocated and her mother who lived with her had to purchased her own home; her credit had been destroyed for her business and she had spent a great deal of money to move, pay rent and had become ill because of Debtor's misconduct and could not mitigate her great losses and could not believe or in any way rely on any representation nor the truthfulness of the Debtors who it certainly appeared was trying to blockade their inevitable responsibility.

Thereafter, Debtor foreclosed a second time destroying Ms. Critchley's credit and life twice and creating overwhelming damages to her for the first fraudulent foreclosure and then the second one.

5.  In Sur Reply to Paragraph 13, the servicing notes are incorrect. The conversations are also recorded and Ms. Critchley has identified said conversations in her pleadings with personal knowledge. The allegation that Ms. Critchley left the property prematurely is again frivolous. She left the property three (3) months after the foreclosure sale, because her mother had obtained a different home and Ms. Critchley had obtained a new residence. She also had to organize the move. The redemption period had less than three (3) months to go and she would have had to leave or be evicted. One and a half ) 1 ½ years later, the foreclosure was rescinded by the Debtor because it was wrongful!!!!

6.  In Sur Reply to Paragraph 14, Ms. Critchley never knew about the rescission of the sheriff's sale until the end of the year. It is true that the Debtor again made overtures and promises for modification, except Ms. Critchley would have had to pay all the back payments; also have suffered all the damages she incurred and also have to relocate again; not have her mother with her; and most importantly, rely on promises of a defrauder which the law itself does not permit. Ms. Critchley hired counsel who contacted and communicated with counsel for the Debtor and notified them of Debtor's misconduct.

7.  In Sur Reply to Paragraph 15, Michigan law is exactly what required the wrongful foreclosure to be expunged and terminated. Ms. Critchley would have a right to do so because she had extensive damages from that alone. Secondly, Michigan allows actions and recovery for wrongful foreclosure, fraud, libel and for violation of the Fair Debt Collection Practices Act and the evidence is not just overwhelming but uncontroverted and not ever denied as to the Exhibits, recorded conversations and admission of Debtor.

8.  In Sur Reply to Paragraph 16, they did not comply with all requirements when the first foreclosure was found invalid. You do not comply with all requirements when you commit fraud in the inducement and fraudulent conduct.

9.      In Sur Reply to Paragraph 17, said paragraph needs no response except to say that the assignment dated 2/29/12 was after the events and fraud all took place.

10.     In Sur Reply to Paragraph 18, Ms. Critchley was, at Debtor's insistence, requesting a modification in 2010; but Debtor never intended to perform and July 6, 2012 was over two (2) years after the wrongful foreclosure and as stated before, she had no reason to rely that Debtor was truthful and she had in fact suffered severe damages.

11.     In Sur Reply to Paragraph 19, complying with notice requirements does not remedy the Debtor's misconduct and fraudulent behavior.

12.     In Sur Reply to Paragraph 20, Ms. Critchley denies for the reason untrue. In fraud you have the right to rescind or for full restitution of damages incurred.

13.     In Sur Reply to Paragraph 21, Ms. Critchley denies said statements for the reason untrue and because the exhibits, recorded phone messages, documents, records, letters and Ms. Critchley's executed response to motion with personal knowledge completely refute Paragraph 21. Accordingly, the liability against GMAC for wrongful foreclosure, wrongful conduct, fraud, libel, violation of Far Debt Collection Protection Act is valid.

WHEREFORE, THE Claimant, Mary Critchley, respectfully requests that the proposed relief be denied and Mary Critchley's claim be granted.

Dated:  November 18, 2013

MORGANROTH & MORGANROTH, PLLC
By: /s/ Mayer Morganroth
    MAYER MORGANROTH  (P17966)
    Morganroth & Morganroth, PLLC
    E-mail: mmorganroth@morganrot

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel in this matter registered with the ECF system.