**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**FINAL FEE APPLICATION OF LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
SPECIAL MINNESOTA COUNSEL FOR THE EXAMINER**

| | |
|---|---|
| Name of Applicant: | Leonard, Street and Deinard Professional Association |
| Authorized to Provide Professional Services To: | The Examiner |
| Date of Retention: | April 29, 2013, *nunc pro tunc* to April 15, 2013 |
| Period for Which Compensation and Reimbursement is Sought: | **Second Fee Period:** May 1, 2013 through and including May 31, 2013 |
| | **Final:**  April 15, 2013 through May 31, 2013 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | **Second Fee Period:**  Amount per invoices: $25,956.50; amount requested per Retention Order and Interim Compensation Order:  $11,897.00[2] |
| | **Final:**  $100,000.00 |

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

| | |
|---|---|
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | **Second Fee Period:** $1,865.00<br><br>**Final:** $4,210.00 |

This is a(n):     _____ Monthly          _____ Interim      __x__ Final Application

Dated:  Minneapolis, Minnesota
               November 18, 2013

**LEONARD, STREET AND DEINARD**
*Professional Association*

By: _/s/ Robert T. Kugler_
        Robert T. Kugler, Esq.
        150 South Fifth Street, Suite 2300
        Minneapolis, MN 55402
        Telephone:  (612) 335-1500
        Facsimile:  (612) 335-1657

        *Special Minnesota Counsel for the Examiner*

---

[2]    Pursuant to the Order Authorizing the Employment and Retention of Leonard, Street and Deinard Professional Association as Special Minnesota Counsel to the Examiner *Nunc Pro Tunc* to April 15, 2013 (the "Retention Order") [*Docket No. 3549*], the total legal fees (exclusive of costs and expenses) that shall be awarded to Leonard Street shall not exceed $100,000.00 unless otherwise authorized by further Order of the Court. Accordingly, Leonard Street requests allowance of $11,897.00 in fees for this Second Fee Period, which together with the fees awarded pursuant to Leonard Street's First Interim Application for Compensation, totals $100,000.00.

**Prior Monthly Fee Statements[3]:**

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved (80%) | Expenses Approved |
|---|---|---|---|---|---|
| 6/17/2013 | 4/15/2013 - 4/30/2013 | $88,103.00 | $2,345.00 | $70,482.40 | $2,345.00 |

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved (80%) | Expenses Approved |
|---|---|---|---|---|---|
| 7/17/2013 | 5/1/2013 - 5/31/2013 | $9,517.60[4] | $1,865.00 | $9,517.60 | $1,865.00 |

**Prior Interim Compensation Period:**

| Interim Period Covered | Docket No. | Fees Requested | Expenses Requested | Fees Awarded | Expenses Awarded | Holdback (10%) | Status |
|---|---|---|---|---|---|---|---|
| 4/15/2013 -4/30/2013 | 4559 | $88,103.00 | $2,345.00 | $88,103.00 | $2,345.00 | $8,810.30 | Approved on an interim basis (Docket No. 5205). Leonard Street has received $81,637.70 |

---

[3]    Both a <u>redacted</u> and <u>unredacted</u> copy of the Monthly Fee Statements were provided to the U.S. Trustee. Leonard Street requested that the U.S. Trustee destroy the <u>unredacted</u> copy of the Monthly Fee Statement following the U.S. Trustee's review.

[4]    Leonard Street requested payment of $9,517.60 in fees for the Second Monthly Fee Statement, which together with the 80% sought in its First Monthly Fee Statement, totals $80,000.00.

3

## SUMMARY OF PROFESSIONAL SERVICES RENDERED FOR THE
## SECOND FEE PERIOD (MAY 1, 2013 THROUGH MAY 31, 2013)

| Name of Professional (SHAREHOLDERS and OF COUNSEL) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 1988 | 14.50 | $545.00 | $7,902.50 |
| Bryant D. Tchida | Shareholder | 2001 | 1.00 | $425.00 | $425.00 |
| **Grand Total** | | | **15.50** | | **$8,327.50** |

| Name of Professional (ASSOCIATES) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Edwin H. Caldie | Associate | 2004 | 9.00 | $360.00 | $3,240.00 |
| Peter J. Schwingler | Associate | 2008 | 16.70 | $360.00 | $6,012.00 |
| Melanie A. Full | Associate | 2007 | 1.90 | $330.00 | $627.00 |
| Amanda K. Schlitz | Associate | 2008 | 4.60 | $310.00 | $1,426.00 |
| Phillip J. Ashfield | Associate | 2008 | 18.20 | $300.00 | $5,460.00 |
| Jennifer L. Olson | Associate | 2010 | 2.70 | $320.00 | $864.00 |
| **Grand Total** | | | **53.10** | | **$17,629.00** |

| Professionals Total | Total Hours Billed | Total Compensation |
|---|---|---|
| Shareholders | 15.50 | **$8,327.50** |
| Associates | 53.10 | **$17,629.00** |
| **Total** | **68.60** | **$25,956.50[5]** |
| **Blended Attorney Rate** | | **$378.37** |

---

[5] Pursuant to the Order Authorizing the Employment and Retention of Leonard, Street and Deinard Professional Association as Special Minnesota Counsel to the Examiner *Nunc Pro Tunc* to April 15, 2013 (the "Retention Order") [*Docket No. 3549*], the total legal fees (exclusive of costs and expenses) that shall be awarded to Leonard Street shall not exceed $100,000.00 unless otherwise authorized by further Order of the Court. Accordingly, Leonard Street only requests allowance of $11,897.00 in fees for this Second Fee Period, which together with the fees awarded pursuant to Leonard Street's First Interim Application for Compensation, totals $100,000.00. Following final approval of the fees and expenses requested in this Application, Leonard Street will write off any remaining balance.

4

**SUMMARY OF PROFESSIONAL SERVICES RENDERED FOR THE FINAL
COMPENSATION PERIOD (APRIL 15, 2013 THROUGH MAY 31, 2013)**

| Name of Professional (SHAREHOLDERS) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 1988 | 71.90 | $545.00 | $39,185.50 |
| Bryant D. Tchida | Shareholder | 2001 | 19.80 | $425.00 | $8,415.00 |
| **Grand Total** | | | **91.70** | | **$47,600.00** |

| Name of Professional (ASSOCIATES) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Edwin H. Caldie | Associate | 2004 | 45.00 | $360.00 | $16,200.00 |
| Peter J. Schwingler | Associate | 2008 | 39.80 | $360.00 | $14,328.00 |
| Melanie A. Full | Associate | 2007 | 1.90 | $330.00 | $627.00 |
| Amanda K. Schlitz | Associate | 2008 | 4.60 | $310.00 | $1,426.00 |
| Phillip J. Ashfield | Associate | 2008 | 54.90 | $300.00 | $16,470.00 |
| Jennifer L. Olson | Associate | 2010 | 54.40 | $320.00 | $17,408.00 |
| **Grand Total** | | | **200.60** | | **$66,459.00** |

| Professionals Total | Total Hours Billed | Total Compensation |
|---|---|---|
| Shareholders | 91.70 | $47,600.50 |
| Associates | 200.60 | $66,459.00 |
| **Total** | **292.30** | **$114,059.50[6]** |
| **Blended Attorney Rate** | | **$390.21** |

---

[6]    Pursuant to the Retention Order, Leonard Street only requests allowance of $100,000.00 for the Final Compensation Period, and following final approval of the fees and expenses requested in this Application, Leonard Street will write off any remaining balance.

5

Hearing Date and Time: December 17, 2013 at 10:00 a.m. (Eastern Time)
Objection Deadline:  December 9, 2013 at 4:00 p.m. (Eastern Time)

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**FINAL FEE APPLICATION OF LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
SPECIAL MINNESOTA COUNSEL FOR THE EXAMINER**

TO:     THE HONORABLE MARTIN GLENN
           UNITED STATES BANKRUPTCY JUDGE:

Leonard, Street and Deinard Professional Association (the "<u>Applicant</u>" or "<u>Leonard Street</u>"), as special Minnesota counsel in these chapter 11 cases (the "<u>Chapter 11 Cases</u>"), hereby submits its final fee application for compensation (the "<u>Application</u>"), pursuant to Sections 330(a) and 331 of title 11, United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), the

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of

New York, as amended, effective February 5, 2013 (as adopted by General Order M-447) (the

"Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST

Guidelines", and together with the Local Guidelines, the "Guidelines") and the Order

Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals (Docket No. 797) (the "Interim Compensation Order") for (a) an order granting

approval and allowance of compensation for services rendered from May 1 through and

including May 31, 2013 (the "Second Fee Period"); (b) final approval and allowance of

compensation for professional services rendered from April 15, 2013 through and including May

31, 2013 (the "Final Compensation Period"); and (c) reimbursement of actual and necessary

expenses incurred during the Second Fee Period and the Final Compensation Period.  In support

of the Application, Leonard Street respectfully represents as follows:

## JURISDICTION

1.      This Court has subject matter jurisdiction to consider and determine this

Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This

matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## BACKGROUND

3.      The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on

May 14, 2012, and the Court authorized joint administration of the cases.  The Debtors continue

to operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

2

4.      On June 4, 2012, Berkshire Hathaway, Inc. filed a motion (the "Examiner
Motion") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c).  On June 20,
2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the
"Memorandum Decision").    On June 28, 2012, the Court entered the Order Directing the
Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the
"Examiner Order").

5.      On July 3, 2012, the United States Trustee for the Southern District of New York
appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases (the "Examiner"), subject to
Court approval.    On that same date, the Court entered an order approving the Examiner's
appointment.

6.      Pursuant to the Examiner Order, and in accordance with the Memorandum
Decision, the Examiner was directed to conduct an investigation of a scope, timing, and budget
to be set by the Court after the Examiner had conferred with other parties in interest.  Examiner
Order at p. 2.  After the requisite consultations, the Court mandated that the Examiner conduct an
investigation covering the topics set forth in the Order Approving Scope of Investigation of
Arthur J. Gonzalez, Examiner, dated July 27, 2012 (the "Scope Order").

7.      On April 19, 2013, the Examiner filed an Application for Order Authorizing the
Retention and Employment of Leonard, Street and Deinard Professional Association as Special
Minnesota Counsel to the Examiner *Nunc Pro Tunc* to April 15, 2013.  On April 29, 2013, the
Court entered an order (the "Retention Order") approving Leonard Street's retention.

8.      On May 13, 2013, the Examiner filed his report under seal.  On June 26, 2013, the
Court entered its Order Unsealing the Examiner's Report.

3

9.      On July 3, 2013, the Debtors filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Plan").

10.      On August 20, 2013, the Debtors filed the Notice of Revised Disclosure Statement for the Plan Proponents' Revised Joint Chapter 11 Plan, which included the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors (the "Revised Plan").

11.      On August 23, 2013, the Debtors filed the Notice of Filing of Corrected Solicitation Version of the Disclosure Statement and Joint Chapter 11 Plan attaching the Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors, which included the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors (the "Solicitation Version of Plan") and a blackline of the Solicitation Version of Plan against the Revised Plan.

12.      On November 13, 2013, the Plan Proponents filed certain exhibits (Liquidating Trust Agreement, Borrower Claims Trust Agreement, Liquidating Trust Causes of Action and Borrower-Related Causes of Action), as amended, comprising the Plan Supplement in connection with confirmation and a blackline of those exhibits reflecting any and all additions, modifications and/or supplements to those documents as of October 11, 2013.

13.      On November 13, 2013, the Plan Proponents filed the First Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors (the "First Amended Plan") and a blackline of the Solicitation Version of Plan against the First Amended Plan.

4

14.    The confirmation hearing is currently scheduled for 10:00 a.m. (Eastern Time) on November 19, 2013.

## PRELIMINARY STATEMENT AND RETENTION OF LEONARD STREET

15.    The Examiner determined that certain transactions under investigation pursuant to the Scope Order may be governed by the Uniform Fraudulent Transfer Act as enacted in Minnesota (the "Minnesota UFTA").  Pursuant to the Retention Order, the Debtors were authorized and empowered to employ and retain Leonard Street as special Minnesota counsel to the Examiner, to assist and advise the Examiner with respect to matters of Minnesota law that may be relevant to the Examiner's investigation, including issues arising under the Minnesota UFTA.  The Retention Order provided that the employment of Leonard Street was necessary for the conclusion of the Examiner's investigation and in the best interests of the Debtors, their estates and creditors.

16.    The Retention Order authorized Leonard Street to receive compensation upon appropriate application pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable guidelines.

## COMPLIANCE WITH GUIDELINES AND ORDER GOVERNING APPLICATIONS FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

17.    This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Local and UST Guidelines and the Interim Compensation Order.  Pursuant to the Local Guidelines, a certification of Robert T. Kugler regarding compliance with the same is attached as Exhibit A hereto.  The Examiner has been provided with a copy of the Application for review and has approved the Application.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

18.     By this Application, Leonard Street seeks approval and allowance of: (a) compensation for professional services rendered by Leonard Street as special Minnesota counsel during the Second Fee Period in the amount of $11,897.00; (b) compensation for professional services rendered by Leonard Street as special Minnesota counsel during the Final Compensation Period in the amount of $100,000.00; (c) reimbursement of actual and necessary expense incurred by Leonard Street during the Second Fee Period in the amount of $1,865.00; and (d) reimbursement of actual and necessary expenses incurred by Leonard Street during the Final Compensation Period of $4,210.00.

19.     There is no agreement or understanding between Leonard Street and any other person, other than members of Leonard Street, for the sharing of compensation to be received for services rendered to the Examiner in connection with these Chapter 11 Cases.

20.     The fees charged by Leonard Street in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the Retention Application in effect during the Second Fee Period.

21.     Leonard Street's hourly rates for the services rendered by its professionals in these Chapter 11 Cases are the same rates that Leonard Street charges for professional services rendered in comparable bankruptcy and non-bankruptcy matters.  Leonard Street's fees are based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

22.     Pursuant to the Guidelines, annexed hereto as <u>Exhibit B-1</u> is a schedule setting forth the name, applicable billing rate and title for each professional employed by Leonard Street who performed services in these Chapter 11 Cases during the Second Fee Period, the year in

6

which each attorney was first admitted to practice law, and the total hours billed and total amount of billing for each professional during the Second Fee Period.

23.     Pursuant to the Guidelines, annexed hereto as <u>Exhibit B-2</u> is a schedule setting forth the name, applicable billing rate and title for each professional employed by Leonard Street who performed services in these Chapter 11 Cases during the Final Compensation Period, the year in which each attorney was first admitted to practice law, and the total hours billed and total amount of billing for each professional during the Final Compensation Period.

24.     Pursuant to the Guidelines, annexed hereto as <u>Exhibit C-1</u> is a schedule listing the categories of expenses for which Leonard Street is seeking reimbursement during the Second Fee Period and the total amount for each such expense category.  Annexed hereto as <u>Exhibit C-2</u> is a schedule listing the categories of expenses for which Leonard Street is seeking reimbursement during the Final Compensation Period and the total amount for each such expense category.  All of Leonard Street's expenses for which reimbursement is requested are expenses which Leonard Street customarily charges its non-bankruptcy clients.   All of the expenses for which reimbursement is sought are expenses actually incurred by Leonard Street and necessarily incurred in connection with these Chapter 11 Cases.

25.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit D-1</u> is a summary of Leonard Street's time billed during the Second Fee Period, broken down by project categories as hereinafter described.  Annexed hereto as <u>Exhibit D-2</u> is a summary of Leonard Street's time billed during the Final Compensation Period, broken down by project category.

26.     Leonard Street maintains computerized records of the time spent by all of Leonard Street's attorneys in connection with its representation of the Examiner.  These records were used to prepare detailed time descriptions in accordance with the Guidelines, organized by

project/matter number, and summarized in Exhibit D-1 and D-2. These detailed time records, along with the detailed listings of the expenses incurred in connection with the services rendered, were submitted to the "Notice Parties" specified in the Interim Compensation Order as part of the Monthly Fee Statements (defined below). Redacted copies of the time records for the Second Fee Period reported in chronological order under each respective project/matter number are annexed hereto as <u>Exhibit E</u>.

27.    Leonard Street has provided the appropriate Notice Parties with a Monthly Fee Statement for which compensation is sought pursuant to the Interim Compensation Order established in these Chapter 11 Cases. Leonard Street provided the appropriate Notice Parties with the following monthly fee statements:

a.    For April 15, 2013 through April 30, 2013, fees of $88,103.00 and expenses of $2,345.00 (the "<u>April Fee Statement</u>").

b.    For May 1, 2013 through May 31, 2013, fees of $25,956.50 and expenses of $1,865.00 (the "<u>May Fee Statement</u>" and together with the April Fee Statement, the "<u>Monthly Fee Statements</u>").

28.    No objections have been made to Leonard Street's Monthly Fee Statements in accordance with the Interim Compensation Order.

29.    On or about August 19, 2013, Leonard Street received payment on account of its May Fee Statement in the amount of $11,382.60, representing the fees ($9,517.60, which, together with the 80% sought in its First Monthly Fee Statement) and 100% of expenses ($1,865.00) requested.

30.    Pursuant to the Retention Order, the total legal fees (exclusive of costs and expenses) that shall be awarded to Leonard Street shall not exceed $100,000.00 unless otherwise authorized by further Order of the Court. Accordingly, Leonard Street requests allowance of $11,897.00 in fees for this Second Fee Period, which together with the fees awarded pursuant to

10237846v4

Leonard Street's First Interim Application for Compensation, totals $100,000.00. Following final approval of the fees and expenses requested in this Application, Leonard Street will write off any remaining balance. Leonard Street respectfully requests that the Court enter an order allowing Leonard Street reimbursement of actual and necessary expenses incurred during the Second Fee Period in the aggregate amount of $1,865.00.

31.    During the Second Fee Period, Leonard Street professionals spent an aggregate of 68.60 hours performing services in connection with these Chapter 11 Cases, at a blended hourly rate for professionals of $378.37.

32.    Leonard Street respectfully requests allowance of $100,000.00 in fees for this Final Compensation Period, and reimbursement of actual and necessary expenses incurred during the Final Compensation Period in the aggregate amount of $4,210.00.

33.    During the Final Compensation Period, Leonard Street professionals spent an aggregate of 292.30 hours performing services in connection with these Chapter 11 Cases, at a blended hourly rate for professionals of $390.21.

34.    The Examiner has reviewed and approved the Application.

### SUMMARY OF PROFESSIONAL SERVICES RENDERED

35.    The professional services for which compensation is requested were rendered solely in connection with the Examiner's investigation pursuant to the Scope Order and at the Examiner's request. The services performed were reasonable and necessary for the Examiner's investigative duties pursuant to the Scope Order and beneficial at the time the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

36.    The principal shareholders, counsel and associates of Leonard Street who have rendered professional services in these cases during the Second Fee Period are: Robert T. Kugler

9

(Shareholder), Bryant D. Tchida (Shareholder), Edwin H. Caldie (Associate), Peter J. Schwingler (Associate), Melanie A. Full (Associate), Amanda K. Schlitz (Associate), Phillip J. Ashfield (Associate) and Jennifer L. Olson (Associate).

37.    The compensation requested is consistent with the nature and extent of the services rendered for the Examiner during the Second Fee Period and Final Compensation Period, the size and complexity of the Debtors' Chapter 11 Cases, the time, labor and special expertise required, and other related factors.  The compensation requested is reasonable based on the customary compensation charged by comparably skilled practitioners in this and other firms in non-bankruptcy cases.  As such, the compensation is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

38.    Leonard Street has played an active role during the Second Fee Period.  To support these results, Leonard Street provided substantial assistance and advice to the Examiner in his investigation of matters involving Minnesota law, including issues arising under the Minnesota Uniform Fraudulent Transfers Act ("Minnesota UFTA").

39.    The legal services rendered by Leonard Street during the Second Fee Period are summarized below.  The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services have been fully set forth in the time records submitted to the Notice Parties in the May Fee Statement.  Rather, in compliance with the Guidelines, the following summary highlights certain areas in which services were rendered by Leonard Street to and for the benefit of the Examiner, and identifies some of the issues to which Leonard Street devoted significant time and efforts during the Second Fee Period.

40.     The summary is divided according to the project/matters that Leonard Street created to reflect the tasks that it has been requested to perform for the Examiner in connection with these Chapter 11 Cases.    Nevertheless, under the circumstances, and given the interconnectedness of the issues in these Chapter 11 Cases, certain of these categories may overlap with each other.

**A.     Matters of Minnesota Law Relevant to the Examiner's Investigation**

**Matter No. 1**
**(Fees: $24,530.50/Hours Billed: 64.00)**

41.     This category includes services pertaining to assisting and advising the Examiner on aspects of Minnesota law pertinent to his investigation, including the research and analysis of issues under the Minnesota UFTA.  This matter includes services pertaining to conducting legal research relating to specific issues and defenses under Minnesota UFTA and applying the same to certain scenarios; conducting additional research regarding the same; analyzing the estate's potential claims under Minnesota UFTA; reviewing proposed e-mail to parties in interest; participating in telephone conferences regarding impact on potential avoidance claims, among other issues; analyzing potential arguments regarding Minnesota UFTA; preparing e-mail to counsel for Examiner regarding legal research and findings; conducting legal research regarding certain aspects of the Uniform Fraudulent Transfer Act; researching availability of certain defenses under Minnesota UFTA; participating in telephone conferences and preparing summary of research regarding the same; analyzing specific sections of Examiner's report; researching case law and other authority regarding provisions into the Minnesota UFTA; analyzing case law research and related authority regarding issues of standing under Minnesota law; researching and reporting on potential additional sources of authority for research under Minnesota law; analyzing research and related findings regarding potential claims under Minnesota law;

11

analyzing proposed draft of examiner's report relating to Minnesota UFTA; analyzing Minnesota

UFTA research regarding claims; revising draft analysis of Minnesota law for examiner's report;

telephone conferences regarding potential revisions to Examiner's report; evaluating and

researching certain claims; revising section of Examiner's report addressing certain defense;

evaluating submission from interested parties; researching case law pertaining to applicability of

certain defense; conducting final analysis and reviewing section in Examiner's report regarding

Minnesota fraudulent conveyance law; participating in telephone conference with Examiner and

his counsel regarding Minnesota legal analysis in Examiner's report.

42.     The professionals that rendered services on this project are as follows: Robert T.

Kugler (Shareholder), Bryant D. Tchida (Shareholder), Edwin H. Caldie (Associate), Peter J.

Schwingler (Associate), Melanie A. Full (Associate) Phillip J. Ashfield (Associate) and Jennifer

L. Olson (Associate).

**B.      Fee/Retention Applications**

**Matter No. 2**
**(Fees: $1,426.00/Hours Billed: 4.60)**

43.     This category includes services pertaining to preparing Leonard Street's April Fee

Statement; and communications related to the service of fee statements and fee applications for

examiner's professionals.

44.     The professionals that rendered services on this project are as follows: Amanda K.

Schlitz (Associate).

## STATEMENT OF LEONARD STREET

45.     The foregoing professional services performed by Leonard Street were

appropriate and necessary.  The professional services were in the best interests of the Debtors,

creditors, the Debtors' estates and other parties-in-interest and performed at the request of the

10237846v4

Examiner.  Compensation for the foregoing professional services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.  The professional services were performed in an appropriately expeditious and efficient manner.

46.     The professional services performed by Leonard Street on behalf of the Examiner during the Second Fee Period required an aggregate expenditure of approximately 68.60 recorded hours by Leonard Street's professionals.  Of the aggregate time expended, 15.50 recorded hours were expended by shareholders, and 53.10 recorded hours were expended by associates of Leonard Street.

47.     During the Second Fee Period, Leonard Street's hourly billing rates for attorneys ranged from $300.00 to $545.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $378.37 per hour (based upon 68.60 recorded hours for attorneys at Leonard Street's regular billing rates in effect at the time of the performance of professional services).  As noted, attached hereto in Exhibit B-1 is a schedule listing each Leonard Street professional who performed services in these Chapter 11 Cases during the Second Fee Period, the hourly rate charged by Leonard Street for services performed by each individual, and the aggregate number of hours and charges by each individual.  Leonard Street's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases.

48.     During the Final Compensation Period, Leonard Street's hourly billing rates for attorneys ranged from $300.00 to $545.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $390.21 per hour (based upon 292.30 recorded hours for attorneys at Leonard Street's regular billing rates in effect at the time of the performance of professional services).  As noted, attached hereto in

13

Exhibit B-2 is a schedule listing each Leonard Street professional who performed services in these Chapter 11 Cases during the Final Compensation Period, the hourly rate charged by Leonard Street for services performed by each individual, and the aggregate number of hours and charges by each individual.  Leonard Street's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases.

## ACTUAL AND NECESSARY EXPENSES OF LEONARD STREET

49.    As set forth in Exhibit C-1 hereto, Leonard Street has disbursed $1,865.00 in expenses incurred in providing professional services during the Second Fee Period and as set forth in Exhibit C-2, Leonard Street has disbursed $4,210.00 in expenses during the Final Compensation Period.  Leonard Street has adopted more stringent guidelines and procedures for billing its expenses incurred in these Chapter 11 Cases in comparison to expenses routinely billed to and paid by Leonard Street's clients.  For example, Leonard Street has not sought reimbursement for any costs associated with travel, overnight lodging or long-distance telephone calls.  This has resulted in a significant savings and benefit to the estate, as the needs of the Examiner often demanded that Leonard Street attorneys participate in meetings and conferences and incur long-distance telephone charges due to the locations of the Examiner and the Examiner's professionals.

50.    With respect to photocopying expenses, Leonard Street charges $0.20 per page. In accordance with the Guidelines, however, Leonard Street will only seek reimbursement for photocopying expenses at $0.10 per page.  Leonard Street does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates (and for which Leonard Street is not seeking reimbursement).  Each of the categories of expenses for which Leonard Street seeks reimbursement does not exceed the maximum rate set by the

14

Guidelines.  Leonard Street's regular practice is not to include components for those charges in overhead when establishing its billing rates and to charge clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  These expenses are routinely billed to and paid by Leonard Street's clients.  A determination of Leonard Street's actual expenses per page for photocopying is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.  However, Leonard Street generally does not make a profit on this service.

51.    Leonard Street has made every effort to minimize its disbursements in these cases and, as described above, to voluntarily reduce the categories of expenses for which it has sought reimbursement.  The expenses incurred during the Second Fee Period and the Final Compensation Period relate entirely to legal research costs incurred in providing professional services at the request of the Examiner and were absolutely necessary, reasonable, and justified under the circumstances to enable Leonard Street to serve the needs of the Examiner.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

52.    Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of 11 U.S.C. § 330 to govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under 11 U.S.C. § 328 "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." See 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . , the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —

15

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

53.    Here, Leonard Street respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of, the Debtors and the Debtors' estates.  Leonard Street further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Examiner.  The services rendered by Leonard Street were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.  Leonard Street respectfully submits that approval of the compensation sought herein is warranted.

## NOTICE AND NO PRIOR APPLICATION

54.    Notice of this Application and of the hearing with respect hereto has been served upon the parties specified in the Interim Compensation Order in the manner required thereby.   In light of the nature of the relief requested herein, Leonard Street submits that no further or other

16

10237846v4

notice is required.  No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Leonard Street respectfully requests that the Court enter an order (i) awarding Leonard Street (i) the sum of $11,897.00 as compensation for services rendered during the Second Fee Period; (ii) the sum of $100,000.00 as compensation for services rendered during the Final Compensation Period; (iii) the sum of $1,865.00 for reimbursement of actual and necessary expenses Leonard Street incurred during the Second Fee Period; (iv) the sum of $4,210.00 for reimbursement of actual and necessary expenses Leonard Street incurred during the Final Compensation Period; and (v) granting such other and further relief as this Court deems just and proper.

Dated:  November 18, 2013

/s/  Robert T. Kugler
Robert T. Kugler, Esq.
**LEONARD, STREET AND DEINARD**
   *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Facsimile:  (612) 335 1657

*Special Minnesota Counsel for the Examiner*

10237846v4

**EXHIBIT A**

**Certification of Robert T. Kugler**

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

### CERTIFICATION OF ROBERT T. KUGLER

I, Robert T. Kugler, hereby certify that:

1.       I am a shareholder of Leonard, Street and Deinard Professional Association (the "Applicant" or "Leonard Street") and special Minnesota counsel to the Examiner in these chapter 11 cases (the "Chapter 11 Cases").

2.       I make this certification in support of the Final Fee Application of Leonard, Street and Deinard Professional Association for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Minnesota Counsel for the Examiner (the "Application").

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

1

3.      I am responsible for ensuring compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447, dated January 29, 2013 (the "Local Guidelines"), the United States Trustee Fee Guidelines – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 797) (the "Interim Compensation Order," and together with the Local Guidelines and UST Guidelines, the "Guidelines").

4.      I have read the Application and to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

5.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expenses sought are billed at rates and in accordance with practices customarily employed by Leonard Street and generally accepted by Leonard Street's clients.

6.      In providing a reimbursable service, Leonard Street generally does not make a profit on the service, whether the service is performed in-house by Leonard Street or through a third party.

7.      Leonard Street has provided monthly statements of Leonard Street's fees and disbursements in accordance with the Local Guidelines by serving monthly statements in accordance with the Interim Compensation Order.  Counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") have been provided a statement of Leonard Street's fees and disbursements accrued during the previous month.

2

8.      The Debtors, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the U.S. Trustee are each being provided with a copy of the Application at least fourteen days before the hearing on the Application.

9.      The Examiner has reviewed and approved the Application.


Dated:   November 18, 2013

                                        */s/ Robert T. Kugler*_____
                                        Robert T. Kugler, Esq.

3

**EXHIBIT B-1**

**SUMMARY OF SERVICES RENDERED BY LEONARD, STREET AND DEINARD PROFESSIONAL ASSOCIATION FOR THE SECOND FEE PERIOD (MAY 1, 2013 THROUGH MAY 31, 2013)**

| Name of Professional (SHAREHOLDERS) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 1988 | 14.50 | $545.00 | $7,902.50 |
| Bryant D. Tchida | Shareholder | 2001 | 1.00 | $425.00 | $425.00 |
| **Grand Total** | | | **15.50** | | **$8,327.50** |

| Name of Professional (ASSOCIATES) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Edwin H. Caldie | Associate | 2004 | 9.00 | $360.00 | $3,240.00 |
| Peter J. Schwingler | Associate | 2008 | 16.70 | $360.00 | $6,012.00 |
| Melanie A. Full | Associate | 2007 | 1.90 | $330.00 | $627.00 |
| Amanda K. Schlitz | Associate | 2008 | 4.60 | $310.00 | $1,426.00 |
| Phillip J. Ashfield | Associate | 2008 | 18.20 | $300.00 | $5,460.00 |
| Jennifer L. Olson | Associate | 2010 | 2.70 | $320.00 | $864.00 |
| **Grand Total** | | | **53.10** | | **$17,629.00** |

| Professionals Total | Total Hours Billed | Total Compensation |
|---|---|---|
| Shareholders | 15.50 | **$8,327.50** |
| Associates | 53.10 | **$17,629.00** |
| **Total** | **68.60** | **$25,956.50**[1] |
| **Blended Attorney Rate** | | **$378.37** |

---

[1]  Pursuant to the Retention Order, the total legal fees (exclusive of costs and expenses) that shall be awarded to Leonard Street shall not exceed $100,000.00 unless otherwise authorized by further Order of the Court. Accordingly, Leonard Street only requests allowance of $11,897.00 in fees for this Second Fee Period, which together with the fees awarded pursuant to Leonard Street's First Interim Application for Compensation, totals $100,000.00. Following final approval of the fees and expenses requested in this Application, Leonard Street will write off any remaining balance.

10237846v4

**EXHIBIT B-2**

**SUMMARY OF SERVICES RENDERED BY LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION FOR THE FINAL COMPENSATION PERIOD
(APRIL 15, 2013 THROUGH MAY 31, 2013)**

| Name of Professional (SHAREHOLDERS) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 1988 | 71.90 | $545.00 | $39,185.50 |
| Bryant D. Tchida | Shareholder | 2001 | 19.80 | $425.00 | $8,415.00 |
| **Grand Total** | | | **91.70** | | **$47,600.00** |

| Name of Professional (ASSOCIATES) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Edwin H. Caldie | Associate | 2004 | 45.00 | $360.00 | $16,200.00 |
| Peter J. Schwingler | Associate | 2008 | 39.80 | $360.00 | $14,328.00 |
| Melanie A. Full | Associate | 2007 | 1.90 | $330.00 | $627.00 |
| Amanda K. Schlitz | Associate | 2008 | 4.60 | $310.00 | $1,426.00 |
| Phillip J. Ashfield | Associate | 2008 | 54.90 | $300.00 | $16,470.00 |
| Jennifer L. Olson | Associate | 2010 | 54.40 | $320.00 | $17,408.00 |
| **Grand Total** | | | **200.60** | | **$66,459.00** |

| Professionals Total | Total Hours Billed | Total Compensation |
|---|---|---|
| Shareholders | 91.70 | $47,600.50 |
| Associates | 200.60 | $66,459.00 |
| **Total** | **292.30** | **$114,059.50[1]** |
| **Blended Attorney Rate** | | **$390.21** |

---

[1]    Pursuant to the Retention Order, Leonard Street only requests allowance of $100,000.00 for the Final Compensation Period, and following final approval of the fees and expenses requested in this Application, Leonard Street will write off any remaining balance.

**EXHIBIT C-1**

**Summary of Expenses/Disbursements for the Second Fee Period**

| EXPENSES – Description | AMOUNT |
|---|---|
| Computer-Assisted Research | $1,865.00 |
| **Total Disbursements** | $1,865.00 |

**EXHIBIT C-2**

**Summary of Expenses/Disbursements for the Final Compensation Period**

| EXPENSES – Description | AMOUNT |
|---|---|
| Computer-Assisted Research | $4,210.00 |
| **Total Disbursements** | $4,210.00[2] |

---

[2] Leonard Street made the following voluntary reductions and does not seek reimbursement for expenses incurred (a) for local transportation/parking expenses in the amount of $11.00; and (b) meals expenses in the amount of $18.41.

**EXHIBIT D-1**

**Summary of Time by Billing Category for the Second Fee Period (from May 1, 2013 through May 31, 2013)**

| MATTER NO. | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 1 | Matters of Minnesota Law Relevant to the Examiner's Investigation | 64.0 | $24,530.50 |
| 2 | Fee/Retention Applications | 4.6 | $1,426.00 |
| **TOTAL** | | **68.60** | **$25,956.50** |

**Matter No. 1 – Matters of Minnesota Law Relevant to the Examiner's Investigation**

| Name | Title | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 14.50 | $545.00 | $7,902.50 |
| Bryant D. Tchida | Shareholder | 1.00 | $425.00 | $425.00 |
| Edwin H. Caldie | Associate | 9.00 | $360.00 | $3,240.00 |
| Peter J. Schwingler | Associate | 16.70 | $360.00 | $6,012.00 |
| Melanie A. Full | Associate | 1.90 | $330.00 | $627.00 |
| Phillip J. Ashfield | Associate | 18.20 | $300.00 | $5,460.00 |
| Jennifer L. Olson | Associate | 2.70 | $320.00 | $864.00 |
| **Total** | | **64.00** | | **$24,530.50** |

**Matter No. 2 – Fee/Retention Applications**

| Name | Title | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|
| Amanda K. Schlitz | Associate | 4.60 | $310.00 | $1,426.00 |
| **Total** | | **4.60** | | $1,426.00 |

**EXHIBIT D-2**

**Summary of Time by Billing Category for the Final Compensation Period (from April 15, 2013 through May 31, 2013)**

| MATTER NO. | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 1 | Matters of Minnesota Law Relevant to the Examiner's Investigation | 278.30 | $109,101.50 |
| 2 | Fee/Retention Applications | 14.00 | $4,958.00 |
| **TOTAL** | | **292.30** | **$114,059.50** |

**Matter No. 1 – Matters of Minnesota Law Relevant to the Examiner's Investigation**

| Name | Title | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 71.10 | $545.00 | $38,749.50 |
| Bryant D. Tchida | Shareholder | 19.80 | $425.00 | $8,415.00 |
| Edwin H. Caldie | Associate | 36.40 | $360.00 | $13,104.00 |
| Peter J. Schwingler | Associate | 39.80 | $360.00 | $14,328.00 |
| Melanie A. Full | Associate | 1.90 | $330.00 | $627.00 |
| Phillip J. Ashfield | Associate | 54.90 | $300.00 | $16,470.00 |
| Jennifer L. Olson | Associate | 54.40 | $320.00 | $17,408.00 |
| **Total** | | **278.30** | | **$109,101.50** |

**Matter No. 2 – Fee/Retention Applications**

| Name | Title | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 0.80 | $545.00 | $436.00 |
| Edwin H. Caldie | Associate | 8.60 | $360.00 | $3,096.00 |
| Amanda K. Schlitz | Associate | 4.60 | $310.00 | $1,426.00 |
| **Total** | | **14.00** | | **$4,958.00** |

# EXHIBIT E

**Copies of the detailed time records for the Second Fee Period in chronological order under each project code.**

# LEONARD, STREET AND DEINARD

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

---

## CONFIDENTIAL

| | |
|---|---|
| Arthur Gonzalez as Court Appointed Examiner for | Invoice Number        568471 |
| Residential Capital, LLC and Affiliated Debtors | Invoice Date         07/10/13 |
| c/o  Chadbourne & Parke LLP | Matter Number    71359.00001 |
| 30 Rockefeller Plaza | |
| New York, NY  10112 | |

---

## THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through May 31, 2013 in connection with
ResCap LLC:

| Date | Tkpr | | Hours | Value |
|---|---|---|---|---|
| 05/01/13 | PJA | Conduct legal research relating to ██████ and ██████ issues arising from ██████ conduct additional research as to whether ██████ | 3.60 | 1,080.00 |
| | RTK | Analyze the estate's potential claims under MUFTA and related research (1.9); review proposed e-mail to parties in interest (.2) and revise the same (.2). | 2.40 | 1,308.00 |

**Redacted**

| 71359 | Arthur Gonzalez as Court Appointed | Invoice Number | 568471 |
| 71359.00001 | Examiner for | Page 2 | |
| July 10, 2013 | Residential Capital, LLC and Affiliated Debtors | | |
| | ResCap LLC | | |

| Date | Tkpr | | Hours | Value |
|------|------|--|-------|-------|
| | PJS | Participate in telephone conference with Eric Daucher regarding ▮▮▮▮ ▮▮▮▮ and impact on potential avoidance claims (.3); analyze with EHC potential arguments that ▮▮▮▮ ▮▮▮▮ under Minnesota's ▮▮▮▮ statute (.2); analyze same issue with PJA (.1); prepare e-mail to Eric Daucher regarding ▮▮▮▮ (.4); research whether courts have ▮▮▮▮ ▮▮▮▮ under Uniform Fraudulent Transfer Act (1.7); prepare e-mail to Eric Daucher regarding same (.2). | 2.90 | 1,044.00 |
| 05/02/13 | PJA | Research availability of ▮▮▮▮ under Minnesota UFTA (1.9); participate in telephone conference with Goodman regarding ▮▮▮▮ ); research ▮▮▮▮ prepare summary of research on ▮▮▮▮ (1.2); analyze ▮▮▮▮ sections of Examiner's report (.8). | 6.60 | 1,980.00 |

**Redacted**

71359                    Arthur Gonzalez as Court Appointed          Invoice Number      568471
71359.00001              Examiner for                                Page 3
July 10, 2013            Residential Capital, LLC and Affiliated
                         Debtors
                         ResCap LLC

| Date | Tkpr | | Hours | Value |
|------|------|------|-------|-------|
| | EHC | Analyze factual information relevant to the defenses of potential defendants under the Minnesota Fraudulent Transfers Act (.4); research case law and other authority regarding the importation of ████████████ the Minnesota Fraudulent Transfers Act (.8); analyze case law research and related authority regarding the standing ████████ ██████████████████ (.9); review a summary of related findings (.4) and revise the same (.4); research and analyze case law and related authority regarding the ██████████████ ████████ under Minnesota law (.9); prepare a summary of related findings (.4); research and report on potential additional sources of authority for research under Minnesota law (.7); research and analyze case law and related authority regarding the "third party reliance" doctrine under Minnesota law (.9); draft summary of related findings (.9). | 6.70 | 2,412.00 |
| | MAF | Conduct legal research regarding a ████████ ██████████████████ | 1.90 | 627.00 |
| | RTK | Analyze research and related findings regarding potential claims under Minnesota law including the ████████████████ MUFTA (.6), ██████████████████████ and review and draft e-mail correspondence with working group regarding research issues (.2). | 2.10 | 1,144.50 |
| | JLO | Analyze ████████████ legal analysis (.6); strategize with EHC, MAF, and PJA regarding new research, focusing on whether ████████ ████████████████ research case law regarding whether ████████████████ under Minnesota law (1.8). | 2.70 | 864.00 |

**Redacted**

71359                    Arthur Gonzalez as Court Appointed        Invoice Number        568471
71359.00001              Examiner for                             Page 4
July 10, 2013            Residential Capital, LLC and Affiliated
                         Debtors
                         ResCap LLC

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| | PJS | Review and revise e-mail to Eric Daucher regarding ███████ under Minnesota law (██); research Minnesota law regarding applicability of ██████████ claims (1.6); prepare e-mail to Eric Daucher regarding same (.3). | 2.10 | 756.00 |
| | BDT | Analyze issues regarding ███████ and ███ in context of ██████ claim (.4). | 0.40 | 170.00 |
| 05/03/13 | PJA | Analyze proposed draft of examiner's report relating to Minnesota UFTA (1.3); research ███ issues (.6). | 1.90 | 570.00 |
| | EHC | Address follow up questions regarding research relating to potential defenses under the Minnesota Fraudulent Transfers Act (.9); review and analyze the section of the draft investigation report relating to claims and defenses under the Minnesota Fraudulent Transfers Act (1.4). | 2.30 | 828.00 |
| | RTK | Analyze MUFTA research regarding ██████ claims (1.4); consider potential revisions to examiner's report regarding ███████ (.4). | 1.80 | 981.00 |
| | PJS | Revise draft analysis of Minnesota law for examiner's report (2.8); telephone conference with Eric Daucher regarding potential revisions to examiner's report related to ████████ (.3); analyze with RTK potential revisions to examiner's report related to ████████ (.4); telephone conference with Eric Daucher regarding same (.2); revise section of examiner's report addressing ███ (.9). | 4.60 | 1,656.00 |
| | BDT | Analyze ████████ issues in context of ██████ and MUFTA claims (.6). | 0.60 | 255.00 |

**Redacted**

| 71359 | Arthur Gonzalez as Court Appointed | Invoice Number | 568471 |
| 71359.00001 | Examiner for | Page 5 | |
| July 10, 2013 | Residential Capital, LLC and Affiliated | | |
| | Debtors | | |
| | ResCap LLC | | |

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| 05/04/13 | PJA | Research ability to ▮▮▮▮▮▮ party and whether ▮▮▮▮▮▮ ▮▮ (1.4); draft e-mail to Daucher regarding research (.4). | 1.80 | 540.00 |
| | RTK | Evaluate, research regarding ▮▮▮▮▮ ▮▮ claims and related issues under MUFTA (.8); evaluate research regarding ▮▮▮▮ ▮▮▮▮▮▮▮ (.6); consider revision of Examiner's report in light of same (.2). | 1.60 | 872.00 |
| | PJS | Revise section of Examiner's report addressing ▮▮▮▮▮▮▮▮▮▮ (1.2); prepare e-mail to Eric Daucher regarding same (.1). | 1.30 | 468.00 |
| 05/05/13 | PJA | Continue researching ▮▮▮▮▮▮ ▮▮ under Minnesota's fraudulent transfer law relating to ▮▮▮▮▮ (3.6); draft e-mail to Daucher summarizing research (.7). | 4.30 | 1,290.00 |
| | RTK | Analyze MUFTA research and analysis for Examiner's report (1.2). | 1.20 | 654.00 |
| 05/06/13 | RTK | Analyze research and findings regarding ▮▮ and related issues regarding ▮▮▮ (1.4); evaluate submission from interested parties (1.7). | 3.10 | 1,689.50 |
| | PJS | Review submissions regarding Minnesota law from counsel for debtors and other interested parties (.7); telephone conference with Eric Daucher and David LeMay regarding same (.2); research case law addressing whether ▮▮▮▮▮ ▮▮▮▮▮▮▮ telephone conference with Eric Daucher regarding same (.2); prepare e-mail to Eric Daucher regarding same (.2). | 2.20 | 792.00 |

**Redacted**

| 71359 | Arthur Gonzalez as Court Appointed | Invoice Number | 568471 |
| 71359.00001 | Examiner for | Page 6 | |
| July 10, 2013 | Residential Capital, LLC and Affiliated Debtors | | |
| | ResCap LLC | | |

| Date | Tkpr | | Hours | Value |
|------|------|--|-------|-------|
| 05/07/13 | PJS | Review e-mail from Eric Daucher regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ analyze applicability of ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ and prepare e-mail to Eric Daucher regarding same (.3); revise section of Examiner's report addressing Minnesota law claims (2.1); prepare e-mail to Eric Daucher regarding ▮▮▮▮▮▮▮▮▮▮▮▮ under Minnesota law (.2). | 2.70 | 972.00 |
| 05/08/13 | RTK | Conduct final analysis and review of section in Examiner's report regarding Minnesota Fraudulent Conveyance law (1.4). | 1.40 | 763.00 |
| | RTK | Analyze legal analysis for Examiner's report in preparation for conference call with Examiner (.4); participate in telephone conference with Examiner regarding analysis for report (.5). | 0.90 | 490.50 |
| | PJS | Analyze Minnesota legal analysis in Examiner's report with RTK (.4); participate in telephone conference with Examiner, David LeMay, Eric Daucher, and RTK regarding same (.5). | 0.90 | 324.00 |

TIMEKEEPER TIME SUMMARY:

| Timekeeper | Title | Hours | | Rate | | Value |
|------------|-------|-------|--|------|--|-------|
| Robert T. Kugler | Shareholder | 14.50 | at | 545.00 | = | 7,902.50 |
| Bryant D. Tchida | Shareholder | 1.00 | at | 425.00 | = | 425.00 |
| Edwin H. Caldie | Associate | 9.00 | at | 360.00 | = | 3,240.00 |
| Peter J. Schwingler | Associate | 16.70 | at | 360.00 | = | 6,012.00 |
| Melanie A. Full | Associate | 1.90 | at | 330.00 | = | 627.00 |
| Jennifer L. Olson | Associate | 2.70 | at | 320.00 | = | 864.00 |
| Phillip J. Ashfield | Associate | 18.20 | at | 300.00 | = | 5,460.00 |

TOTAL FOR PROFESSIONAL SERVICES                      24,530.50

OTHER EXPENSES:

**Redacted**

| 71359 | Arthur Gonzalez as Court Appointed | Invoice Number | 568471 |
| 71359.00001 | Examiner for | Page 7 | |
| July 10, 2013 | Residential Capital, LLC and Affiliated Debtors | | |
| | ResCap LLC | | |

| | | Quantity | Rate | Amount |
|---|---|---|---|---|
| 05/01/13 | Computer-Assisted Research | 1 | 105.00 | 105.00 |
| 05/02/13 | Computer-Assisted Research | 1 | 250.00 | 250.00 |
| 05/02/13 | Computer-Assisted Research | 1 | 615.00 | 615.00 |
| 05/02/13 | Computer-Assisted Research | 1 | 340.00 | 340.00 |
| 05/02/13 | Computer-Assisted Research | 1 | 345.00 | 345.00 |
| 05/03/13 | Computer-Assisted Research | 1 | 10.00 | 10.00 |
| 05/05/13 | Computer-Assisted Research | 1 | 65.00 | 65.00 |
| 05/06/13 | Computer-Assisted Research | 1 | 135.00 | 135.00 |

TOTAL FOR OTHER EXPENSES     1,865.00

**TOTAL AMOUNT OF THIS INVOICE**     **$26,395.50**

**Redacted**

# LEONARD, STREET AND DEINARD

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

---

## CONFIDENTIAL

---

| | | |
|---|---|---|
| Arthur Gonzalez as Court Appointed Examiner for | Invoice Number | 568471 |
| Residential Capital, LLC and Affiliated Debtors | Invoice Date | 07/10/13 |
| c/o  Chadbourne & Parke LLP | Matter Number | 71359.00001 |
| 30 Rockefeller Plaza | | |
| New York, NY  10112 | | |

---

### THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through May 31, 2013:

Current Invoice
   Services:                                 24,530.50
   Expenses:                                1,865.00

**TOTAL BALANCE DUE (USD):**          **$26,395.50**

EXPENSES, IF ANY, NOT YET BILLED WILL APPEAR ON A
LATER STATEMENT

PLEASE RETURN THIS REMITTANCE COPY WITH YOUR PAYMENT

Federal I.D. 41-1682773

Wire and ACH Instructions: US Bank/Phone: 612-303-3191
Routing #: 091000022/Account #: 104780923140

For questions concerning your invoice call your attorney
or the Billing Department at 612-335-1564

**Redacted**

# LEONARD, STREET AND DEINARD

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

## CONFIDENTIAL

| | |
|---|---|
| Arthur Gonzalez as Court Appointed Examiner for | Invoice Number      568472 |
| Residential Capital, LLC and Affiliated Debtors | Invoice Date      07/10/13 |
| c/o  Chadbourne & Parke LLP | Matter Number      71359.00002 |
| 30 Rockefeller Plaza | |
| New York, NY  10112 | |

## THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through May 31, 2013 in connection with
ResCap, LLC - retention/fee application and related issues:

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| 05/13/13 | AKS | Analyze need for filing monthly fee statements and fee applications with E. Caldie (.2) and examine timeline regarding same (.2); telephone conference with H. Lamb regarding procedures for serving monthly fee statements and fee applications (.2). | 0.60 | 186.00 |
| 05/15/13 | AKS | Begin preparation of monthly fee statement for April services. | 0.20 | 62.00 |
| 05/17/13 | AKS | Review instructions from H. Lamb regarding monthly fee statements. | 0.20 | 62.00 |
| 05/18/13 | AKS | Review retention application (.3) and order (.1) approving Leonard Street's employment as special counsel to the Examiner. | 0.40 | 124.00 |
| 05/22/13 | AKS | Prepare monthly fee statement for April services. | 0.40 | 124.00 |
| 05/27/13 | AKS | Continue preparation of monthly fee statement for April services. | 1.50 | 465.00 |
| 05/28/13 | AKS | Telephone conference with H. Lamb regarding timeline for serving fee statements and fee applications for examiner's professionals (.4); continue preparation of monthly fee statement for April services (.9). | 1.30 | 403.00 |

71359                    Arthur Gonzalez as Court Appointed        Invoice Number    568472
71359.00002              Examiner for                              Page 2
July 10, 2013            Residential Capital, LLC and Affiliated
                         Debtors
                         ResCap Time Keeping


TIMEKEEPER TIME SUMMARY:

| Timekeeper | Hours | | Rate | | Value |
|---|---|---|---|---|---|
| Amanda K. Schlitz | 4.60 | at | 310.00 | = | 1,426.00 |


**TOTAL AMOUNT OF THIS INVOICE**                                  **$1,426.00**

# LEONARD, STREET AND DEINARD

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

---

### CONFIDENTIAL

---

| | | |
|---|---|---|
| Arthur Gonzalez as Court Appointed Examiner for | Invoice Number | 568472 |
| Residential Capital, LLC and Affiliated Debtors | Invoice Date | 07/10/13 |
| c/o  Chadbourne & Parke LLP | Matter Number | 71359.00002 |
| 30 Rockefeller Plaza | | |
| New York, NY  10112 | | |

---

### THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through May 31, 2013:

Current Invoice
   Services:                                              1,426.00
   Expenses:                                          0.00

**TOTAL BALANCE DUE (USD):**          **$1,426.00**

EXPENSES, IF ANY, NOT YET BILLED WILL APPEAR ON A
LATER STATEMENT

PLEASE RETURN THIS REMITTANCE COPY WITH YOUR PAYMENT

Federal I.D. 41-1682773

Wire and ACH Instructions: US Bank/Phone: 612-303-3191
Routing #: 091000022/Account #: 104780923140

For questions concerning your invoice call your attorney
or the Billing Department at 612-335-1564

**EXHIBIT F**

**[Proposed Order]**

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**ORDER GRANTING APPLICATION OF LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION FOR ALLOWANCE OF FINAL FEE APPLICATION AND
REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL MINNESOTA COUNSEL TO
THE EXAMINER**

Upon consideration of Application for Allowance of Final Fee Application Reimbursement of
Expenses of Leonard, Street and Deinard Professional Association as Special Minnesota Counsel to the
Examiner (the "Application") for professional services rendered and expenses (a) allowing and
authorizing compensation for professional services rendered and reimbursement of expenses incurred in
connection therewith during the Second Fee Period, and (b) allowing and authorizing on a final basis
compensation for professional services rendered and reimbursement of expenses incurred in connection
therewith during the Final Compensation Period, and a hearing having been held before this Court to
consider the Application; and notice have been given pursuant to Federal Rules of Bankruptcy Procedure

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit
1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of
Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries
and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors"
includes any such entities.

2002(a)(7) and (c)(2); and due consideration having been given to any responses thereto; and sufficient

cause having been shown therefor; it is hereby

ORDERED, that the Application is granted to the extent set forth in Schedule A.

Dated: _____

_____
Martin Glenn
United States Bankruptcy Judge

## Schedule A

**Case No.: 12-12020 (MG)**

**Case Name: Residential Capital, LLC, et al.**

### Approval – Second Fee Period

| Applicant | Date / Docket No. of Application | Period Covered by Application | Fees Requested | Fees Approved | Expenses Requested | Expenses Approved |
|---|---|---|---|---|---|---|
| Leonard, Street and Deinard Professional Association | November __ / Docket No. ___ | May 1, 2013 – May 31, 2013 | $11,897.00 | $[_____] | $1,865.00 | $[_____] |

### Approval – Final Compensation Period

| Applicant | Date / Docket No. of Application | Period Covered by Application | Fees Requested | Fees Approved | Expenses Requested | Expenses Approved |
|---|---|---|---|---|---|---|
| Leonard, Street and Deinard Professional Association | November __, 2013 / Docket No. ___ | April 15, 2013 – May 31, 2013 | $100,000.00 | $[_____] | $4,210.00 | $[_____] |