Hearing Date and Time: December 17, 2013 at 10:00 a.m.
Objection Deadline: December 9, 2013 at 4:00 p.m.

**WOLF HALDENSTEIN ADLER FREEMAN &
 HERZ LLP**
Eric B. Levine
Daniel Tepper
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4794

*Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**FINAL FEE APPLICATION OF WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP, CONFLICTS COUNSEL
TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM OCTOBER 15, 2012 THROUGH AND INCLUDING APRIL 30, 2013**

| | |
|---|---|
| Name of Applicant: | Wolf Haldenstein Adler Freeman & Herz LLP |
| Authorized to Provide Professional Services To: | The Examiner (as conflicts counsel) |
| Date of Retention: | December 27, 2012, *nunc pro tunc* to October 15, 2012 |
| Period for Which Compensation and Reimbursement is Sought: | October 15, 2012 through April 30, 2013 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 82,997.85 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 1,670.56 |

This is a(n): ____ Monthly          ___ Interim          __x_ Final Application

**PRIOR MONTHLY FEE STATEMENTS**

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved/Paid (80%) | Expenses Approved/Paid |
|---|---|---|---|---|---|
| 1/30/2013 | 10/15/2012 – 12/31/2012 | $9,529.50 | $47.50 | $7,623.60 | $47.50 |
| 3/4/2013 | 1/1/2013- 1/31/2013 | $13,604.00 | $828.95 | $10,883.20 | $828.95 |
| 4/5/2013 | 2/1/2013- 2/28/2013 | $9,960.50 | $189.35 | $7,968.40 | $189.35 |
| 5/3/2013 | 3/1/2013 - 3/31/2013 | $41,011.50 | $326.58 | $32,809.20 | $326.58 |
| 6/17/2013 | 4/1/2013 - 4/30/2013 | $13,211.00 | $278.18 | $10,568.80 | $278.18 |

Interim Fee Application/Payment Summary

| Interim Fee Application | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Requested (fees/expenses) | Total Amount Approved/ Paid | Holdback Amount Due (10%) |
|---|---|---|---|---|---|
| No. 1 (Docket No. 3178) | October 15, 2012 - December 31, 2012 | April 23, 2013 (Docket No. 3556) | $9,577.00 | $ 9,577.00 | $.00 |
| 2 (Docket No. 4560) | Jan. 1, 2013 – April 30, 2013 | Sept. 25, 2013 * (Docket No. 5205) | $79,410.06 | $67,744.58 | $7,346.83 |

*The September 25, 2013 Order also allowed payment of 10% holdback balance on first interim fee period.

Hearing Date and Time: December 17, 2013 at 10:00 a.m.
Objection Deadline: December 9, 2013 at 4:00 p.m.

**WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP**
Eric B. Levine
Daniel Tepper
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4794

*Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**FINAL FEE APPLICATION OF WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP, CONFLICTS COUNSEL
TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM OCTOBER 15, 2012 THROUGH AND INCLUDING APRIL 30, 2013**

Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), as conflicts counsel to the Court-appointed Examiner (the "Examiner") in the Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this Final Fee Application (the "Application") for allowance of compensation and reimbursement of expenses for the period from October 15, 2012 through and including April 30, 2013 (the "Final Application Period"). This Application is submitted pursuant to sections 330, 331 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of

Professionals, dated July 17, 2012 (the "Interim Compensation Order"). Wolf Haldenstein requests entry of an order allowing Wolf Haldenstein (a) compensation in the amount of $82,997.85 for professional services rendered and (b) reimbursement of expenses incurred in connection therewith in the amount of $1,670.56 during the Final Application Period.[1] In support of the Application, Wolf Haldenstein respectfully represents as follows:

## BACKGROUND

1.      The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On June 4, 2012, Berkshire Hathaway, Inc. filed a motion (the "Examiner Motion") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision"). On June 28, 2012, the Court entered the Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order").

3.      On July 3, 2012, the United States Trustee for the Southern District of New York appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

4.      By order of the Court August 9, 2012, Chadbourne & Parke LLP ("Chadbourne") was appointed as counsel to the Examiner.

---

[1] The amounts sought for compensation during the Final Application Period reflect only fees and expenses previously approved by the Court for Wolf Haldenstein's first and second interim fee applications, as further described herein.

5. On November 21, 2012, the Examiner, by Chadbourne, filed an application for an order authorizing the Examiner to employ and retain Wolf Haldenstein as conflicts counsel. In particular, that application sought to retain Wolf Haldenstein in connection with aspects of the Examiner's investigation (the "Investigation") involving obtaining information from third parties as to which Chadbourne potentially had a potential conflict of interest. At the time of the application, the known third parties as to which Chadbourne had a conflict of interest were J.P. Morgan Securities, LLC, Morgan Stanley & Co. LLC, Goldman Sachs & Co., Citibank and/or their respective affiliates.

6. By order entered December 27, 2012, Wolf Haldenstein's retention was approved, nunc pro tunc to October 15, 2012.

7. Wolf Haldenstein accordingly commenced and continued to provide its services, including during the Final Application Period. As set forth above, Wolf Haldenstein filed regular monthly fee statements and one prior interim fee application.

8. On May 13, 2013, the Examiner filed his report under seal (Docket No. 3698). On June 26, 2013, the Bankruptcy Court entered its Order Unsealing the Examiners' Report.

9. On July 3, 2013, the Debtors filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors.

10. On September 24, 2013, the Court entered the Order Approving Examiner's Motion for Entry of Order Granting Discharge From Duties, Relief from Discovery, Approval of Disposition of Investigative Materials, and Exculpation in Connection with Duties [Docket No. 5187].

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## COMPLIANCE WITH GUIDELINES AND ORDER GOVERNING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

12. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases effective as of February 5, 2013 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines").

## REQUEST FOR AWARD

13. Wolf Haldenstein seeks here final approval of its compensation for professional services rendered to the Examiner. Because Wolf Haldenstein has performed no services and incurred no expenses subsequent to the filing and approval of its last interim fee application, all of its services and expenses covered by this Application were covered by its two interim fee applications. Wolf Haldenstein requests here that the rulings on the interim fee applications now become final and that all amounts previously held back with respect to those applications be paid to Wolf Haldenstein.

## PRIOR INTERIM FEE APPLICATIONS

14. On March 14, 2013 Wolf Haldenstein filed its first interim fee application [Docket No. 3178] (the "First Interim Application"), covering the period from October 15, 2012 through December 31, 2012, seeking an interim allowance of compensation in the amount of $9,529.50

and interim reimbursement of actual and necessary expenses in the amount of $47.50. On April 23, 2013, the Court entered an order [Docket no. 3556] allowing $9,529.50 in fees and $47.50 in expenses on an interim basis.

15. On August 7, 2013, Wolf Haldenstein filed its second interim fee application [Docket No. 4560] (the "Second Interim Application"), covering the period from January 1, 2013 through April 30, 2013, seeking an interim allowance of compensation in the amount of $77,787.00 and interim reimbursement of actual and necessary expenses of $1,623.06. On September 25, 2013, the Court entered an order [Docket No. 5205] allowing $73,468.35 in fees and $1,623.06 in expenses on an interim basis. In addition, the Court awarded payment of $7,346.83 of fees previously held back pursuant to the Interim Compensation Order. In addition, the Court awarded payment of the remaining $952.95 of fees previously held back pursuant to the April 23, 2013 order.

16. Thus, the effect of making final the rulings on First Interim Application and the Second Interim Application (collectively, the "Interim Fee Applications") will only be to allow the remaining held back amount, $7,346.84, to be paid to Wolf Haldenstein. Wolf Haldenstein does not seek any additional compensation or reimbursement of expenses.

17. Pursuant to the Guidelines, a schedule setting forth a description of the project categories utilized in this case, the number of hours expended by Wolf Haldenstein partners, associates and paraprofessionals by project category, and the aggregate fees associated with each project category during the Final Application Period is attached hereto as Exhibit A.

18. A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Examiner during the Final Application Period, the regular customary billing rates and the total value of time incurred by each of Wolf

5

Haldenstein's professionals and paraprofessionals rendering services to the Examiner is attached hereto as Exhibit B.

19. Wolf Haldenstein maintains computerized records of the time spent by all professionals and paraprofessionals rendering services to the Examiner during the Final Application Period. Redacted copies of these computerized records were attached to each of the Interim Fee Applications, and unredacted copies were provided to the U.S. Trustee for review by that office.

20. A summary of the actual and necessary expenses incurred by Wolf Haldenstein during the Final Application Period is attached as Exhibit C, which provides itemized expense detail.

21. Pursuant to the Guidelines, a certification regarding compliance with same is attached hereto as Exhibit D.

22. Wolf Haldenstein's services were summarized in the Interim Fee Applications. Those summaries are true and correct and do not require any modification, and the court is respectfully referred to them.

23. Wolf Haldenstein's actual and necessary expenses were also summarized in the Interim Fee Applications. Those summaries are true and correct and do not require any modification, and the court is respectfully referred to them. The actual and necessary expenses are summarized again at Exhibit C hereto. As Wolf Haldenstein stated in the Interim Fee Applications, these disbursements are not included in Wolf Haldenstein's overhead for the purpose of setting billing rates. In seeking reimbursement for outside professional services, Wolf Haldenstein requests reimbursement for the actual costs incurred. Wolf Haldenstein has made every effort to minimize its disbursements in these cases. The actual expenses incurred in

providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Examiner.

### **DETERMINATION OF WOLF HALDENSTEIN'S REQUESTED FEE**

24. In seeking compensation in these Chapter 11 Cases, Wolf Haldenstein has applied its 2012 hourly rate structure. For purposes of this Application, Wolf Haldenstein has calculated its request for compensation by multiplying: (a) the hours of time spent on services rendered on behalf of the Examiner, by (b) the 2012 hourly rate assigned to each attorney or paraprofessional rendering such services.

25. Wolf Haldenstein's fees during the Application Periods are reasonable under the prevailing legal standard and should be allowed. Section 330(a)(1) of the Bankruptcy Code provides that a court may award professionals "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." In determining the amount of "reasonable compensation," the Court must consider the nature, the extent and the value of the services, taking into account all of the relevant factors. Such factors include (i) the time spent on such services, (ii) the rates charged for such services, (iii) whether the services were necessary and beneficial, (iv) whether the services were performed in a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed and (v) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. See 11 U.S.C. § 330(a)(3); see also In re Kohl, 421 B.R. 115, 125 (Bankr. S.D.N.Y. 2009); In re Cenargo Int'l, 294 B.R. 571 (Bankr. S.D.N.Y. 2003).

26. In assessing the reasonableness of attorneys' fees under section 330 of the Bankruptcy Code, the Second Circuit and bankruptcy courts in this district typically use the

7

"lodestar" method, which is a determination as to the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates. See, e.g., In re Gould, 363 B.R. 45, 49 (Bankr. D. Conn. 2007) ("Attorneys' fees are determined by calculating a lodestar . . ."); Masterwear Corp. v. Angel & Frankel, P.C. (In re Masterwear Corp.), 233 B.R. 266, 277 (Bankr. S.D.N.Y. 1999); see also Aguilar v. E-Z Supply Corp., 06-CV-6790 (SLTRER), 2009 WL 2905545 (E.D.N.Y. Sept. 10, 2009) (applying lodestar approach to a non-bankruptcy case and stating that the "Court of Appeals for the Second Circuit uses the lodestar method"); Savoie v. Merchants Bank, 166 F.3d 456, 460 (2d Cir.1999) (applying lodestar approach to a non-bankruptcy case).

27. When applying the lodestar approach, courts in this district incorporate the familiar factors set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974) (the "Johnson Factors").[2] See, e.g., In re Kohl, 421 B.R. at 131(after calculating the initial lodestar amount, "courts then examine whether any adjustment is necessary, looking to . . . [the] twelve factors identified by the Fifth Circuit in *Johnson* . . ."); Aguilar, 2009 WL 2905545 ("when considering case-specific variables . . . courts in the Second Circuit follow the guidelines enumerated in *Johnson* . . ."); Betancourt v. Giuliani, 325 F. Supp. 2d 330, 332 n.3 (S.D.N.Y. 2004) ("In adjusting the lodestar, courts generally consider the . . . factors set forth in *Johnson* . . .").

28. In awarding attorneys' fees, courts will also consider whether the services rendered were reasonably likely to benefit the debtor's estate. See, e.g., In re Ames Dep't Stores,

---

[2] The twelve Johnson Factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

8

Inc., 76 F.3d 66, 71 (2d Cir. 1996), rev'd on other grounds, Lamie v. United States Trustee, 540 U.S. 526 (2004).

29. In accordance with the foregoing, the amount requested by Wolf Haldenstein is fair and reasonable given: (i) the time and labor required; (ii) the novelty, complexity and size of these Chapter 11 Cases; (iii) the time and labor required to represent the Examiner effectively; (iv) the time limitations imposed on the Examiner; (v) the nature and extent of the services rendered; (vi) Wolf Haldenstein's experience, reputation and ability; (vii) the value of Wolf Haldenstein's services; and (viii) the fact that Wolf Haldenstein's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases.

30. Except as permitted by rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or undertaking exists between Wolf Haldenstein and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Examiner.

31. Pursuant to the standards set forth in sections 330 and 331 of the Bankruptcy Code, Wolf Haldenstein submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

## **NOTICE AND NO PRIOR APPLICATION**

32. Notice of this Application and of the hearing with respect hereto has been served upon the parties specified in the Interim Compensation Order in the manner required thereby. In

light of the nature of the relief requested herein, Wolf Haldenstein submits that no further or other notice is required.

33. No previous application for relief sought herein has been made to this or any other court.

34. As set forth in the attached certification, the Examiner has had the opportunity to review, and has approved, the amounts requested in the Application.

WHEREFORE, Wolf Haldenstein respectfully requests that this Court enter an order (i) authorizing final compensation in the total amount of $82,997.85 for professional services rendered and final reimbursement of actual and necessary expenses incurred in connection therewith in the amount of $ 1,670.56, for a total final fee and expense request of $84,668.41, with such total amount consisting of (a) $9,529.50 for compensation for professional services rendered and $47.50 for reimbursement of actual and necessary expenses incurred in connection with the First Interim Application; and (b) $73,468.35 for compensation for professional services rendered and $1,623.06 for reimbursement of actual and necessary expenses incurred in connection with the Second Interim Application; (ii) authorizing and directing the Debtors to remit payment to Wolf Haldenstein as set forth herein, less all amounts previously paid on

– the remainder of this page is intentionally blank –

account of such fees and expenses, in the total amount of $7,346.84; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       November 14, 2013

                        WOLF HALDENSTEIN ADLER FREEMAN
                           & HERZ LLP

By:   /s/ Eric B. Levine
      Eric B. Levine
      A Member of the Firm
Conflicts Counsel for the Examiner
270 Madison Avenue
New York, NY 10016
(212) 545-4600

/733566

11

## Exhibit A
**Residential Capital, LLC et al.**
**Summary of Services By Project Category**
**October 15, 2012   through   April 30, 2013**

| Project Category | Hours | Fees Requested |
|---|---|---|
| Witness Subpoenas and Discovery | 168.60 | 73,654.50 |
| Fee and Retention Applications | 25.30 | 9,343.35 |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total | 193.90 | 82,997.85 |

| Name | Department | Year of Admission | 2012 Hourly Rate | Total Hours | Total |
|---|---|---|---|---|---|
| | | **Exhibit B** | | | |
| **Partner** | | | | | |
| Eric B Levine (since 1986) | Corporate and Commercial Litigation | 1978 (NY) | $ 540.00 | $ 31,860.00 | 59.0 |
| Charles J. Hecht (since 2010) | Corporate and Commercial Litigation | 1965 (NY) | $ 795.00 | $ 1,272.00 | 1.6 |
| | | | | | |
| **Associate** | | | | | |
| Dan Tepper   (since 2010) | Corporate and Commercial Litigation | 2002 (NY)   2001 (MA inactive) | $ 415.00 | $ 51,377.00 | 123.8 |
| | | | | | |
| **Paralegals** | | | | | |
| Joseph Weiss | Litigation | n/a | $ 295.00 | $ 295.00 | 1.0 |
| James Cirigliano | Litigation | n/a | $ 305.00 | $ 2,287.50 | 7.5 |
| David Weinstein | Litigation | n/a | $ 225.00 | $ 225.00 | 1.0 |
| | | | | | |
| Totals | | | | 87,316.50 | 193.9 |
| Less: Amount Disallowed on Second Fee Application | | | | (4,318.65) | |
| Net of Disallowance | | | | 82,997.85 | |
| | | | | | |
| Blended Rate | $ 428.04 | | | | |

| | |
|---|---|
| **Exhibit C** | |
| **Residential Capital, LLC et al** | |
| **Summary of Expenses Incurred** | |
| **October 15, 2013** through **April 30, 2013** | |
| Disbursement | Amount |
| Messenger Service | 1,117.95 |
| Copying and Printing | 253.95 |
| Telephone | 1.58 |
| Scanning | 5.00 |
| Transportation | 172.08 |
| Witness Fees | 120.00 |
| | |
| | |
| | |
| | |
| Total | 1,670.56 |

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT FINAL FEE APPLICATION OF WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP, CONFLICTS COUNSEL TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 15, 2012 THROUGH AND INCLUDING APRIL 30, 2013**

Eric B. Levine, on behalf of Wolf Haldenstein Adler Freeman & Herz LLP, conflicts counsel to the Court-appointed Examiner in the Chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the Debtors), hereby certifies, pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases effective as of February 5, 2013 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines"), that:

1. I am partner with Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), counsel for Arthur J. Gonzalez, the Court-appointed examiner (the "Examiner") in the Debtors' Chapter 11 cases, and am the professional designated by the applicant, Wolf Haldenstein, for compliance with these Guidelines.

       2.       This certification is made in respect of the final fee application of Wolf Haldenstein for an allowance of compensation and reimbursement of expenses for the period from October 15, 2012 through and including April 30, 2013 (the "<u>Application</u>") in accordance with the Guidelines.

       3.       In respect of the Guidelines, I certify that:

(a) I have read the Application;

(b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines;

(c) the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Wolf Haldenstein and generally accepted by Wolf Haldenstein's clients; and

(d) in providing a reimbursable service, Wolf Haldenstein does not make a profit on that service, whether the service is performed by Wolf Haldenstein in-house or through a third party.

       4.       I certify that Wolf Haldenstein has complied with the Guidelines that the Examiner has reviewed and approved the Application.

       5.       I certify that Wolf Haldenstein has provided to counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the Office of the United States Trustee for the Southern District of New York (the "<u>U.S. Trustee</u>") with, on a monthly basis, a statement of Wolf Haldenstein's fees and disbursements accrued during the previous month.

       6.       In respect of the Guidelines, I certify that the Debtors, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the U.S. Trustee, are each being provided with a copy of the Application at least fourteen (14) days before the hearing on the Application.

       7.       To the best of my knowledge, information and belief, with respect to the disbursements for which reimbursement is sought: (i) Wolf Haldenstein does not make a profit

on such disbursement; (ii) Wolf Haldenstein does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital layout; and (iii) Wolf Haldenstein requests reimbursement only for the amount billed to Wolf Haldenstein by the third-party vendor and paid by it to such vendor.

8. With respect to photocopying and facsimile transmission expenses, Wolf Haldenstein's charges do not exceed the maximum rate set by the Guidelines (there is no charge for incoming facsimile transmissions). These charges are intended to cover Wolf Haldenstein's direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into Wolf Haldenstein's hourly billing rates. Only clients who actually use photocopying, facsimile, and other such office services are separately charged for the same. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and services.

9. In addition, same day and overnight delivery of documents and other materials are sometimes required as a result of deadlines necessitating the use of such express services. These disbursements are not included in Wolf Haldenstein's overhead for the purpose of setting billing rates.

10. In seeking reimbursement for all services billed by a third party such as outside professional services, Wolf Haldenstein bills its clients at the actual costs incurred.

11. In providing reimbursable services, Wolf Haldenstein bills at rates which are in accordance with the practices customarily employed by Wolf Haldenstein and generally accepted by its clients. In providing these services, Wolf Haldenstein bills out the charges at

3

rates which are determined by Wolf Haldenstein in good faith to be sufficient only to cover its costs and does not provide a profit from these services.

12. Wolf Haldenstein has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Examiner.

13. By this certification Wolf Haldenstein does not waive or release any rights or entitlements it has under the order of this Court entered December 27, 2012, approving, under section 327(a) of title 11, United States Code, Wolf Haldenstein's retention by the Examiner pursuant to Wolf Haldenstein's normal billing rates and customary reimbursement and disbursement practices.

Dated:   New York, New York
         November 14, 2013

                                              /s/ Eric B. Levine
                                              Eric B. Levine

/733824