Presentment Date and Time: November 26, 2013, 2013 at 12:00 p.m. (ET)
Objection Deadline: November 25, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION BETWEEN DEBTOR,
ON THE ONE HAND, AND CHARITY ANYANWU, NOBLE DEBAMAKA
AND BENJAMIN D. ANYANWU, ON THE OTHER HAND, MODIFYING
<u>AUTOMATIC STAY AND RESOLVING FILED CLAIMS</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation Between Debtor, on the One Hand, and Charity Anyanwu, Noble Debamaka and Benjamin D. Anyanwu, on the Other Hand, Modifying Automatic Stay and Resolving Filed Claims* (the "<u>Stipulation and Order</u>"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **November 26, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **November 25, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016);

ny-1118256                                    2

(k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and

(m) counsel to Charity Anyanwu, Noble Debamaka and Benjamin D. Anyanwu, Law Office of Alaba Ajetunmobi, 100 Oceangate, 12th Floor, Long Beach, CA 90802 (Attention:  Alaba S. Ajetunmobi)..

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: November 18, 2013　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　/s/ Norman S. Rosenbaum
　　　　　　　　　　　　　　　　　　　　　Gary S. Lee
　　　　　　　　　　　　　　　　　　　　　Norman S. Rosenbaum
　　　　　　　　　　　　　　　　　　　　　Jordan A. Wishnew
　　　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　New York, New York 10104
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and*
　　　　　　　　　　　　　　　　　　　　　*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION BETWEEN DEBTOR, ON THE ONE HAND, AND CHARITY ANYANWU, NOBLE DEBAMAKA AND BENJAMIN D. ANYANWU, ON THE OTHER HAND, MODIFYING AUTOMATIC STAY AND RESOLVING FILED CLAIMS**

Residential Capital, LLC and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the **"Debtors"**) respectfully represent:

**Background and Jurisdiction**

1. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

ny-1113477

**Claimants' Claims**

3.  Charity Anyanwu, Noble Debamaka and Benjamin D. Anyanwu (collectively, the "Claimants") occupied a residential property owned by Debtor GMAC Mortgage, LLC located at 212 West 107th Street, Los Angeles, California 90003.

4.  Each of the Claimants filed a proof of claim against GMACM. Specifically, on November 8, 2012, (i) Charity Anyanwu filed a general unsecured claim in the amount of $2,500,000 ("Claim No. 3794"); (ii) Noble Debamaka filed a general unsecured claim in the amount of $1,500,000 ("Claim No. 3799"); and (iii) Benjamin D. Anyanwu filed a general unsecured claim in the amount of $700,000 ("Claim No. 3793," together with Claim No. 3794 and Claim No. 3799, the "Claims").

5.  Both prior to the Petition Date and during these Chapter 11 proceedings, GMACM maintained an insurance policy covering its interests in "Real Estate Owned" properties. The policy was issued by Balboa Insurance Company, Policy No. 6043-0002, and GMACM is the named insured (the "Insurance Policy").

6.  Before the Petition Date, the Claimants filed a civil suit in the Los Angeles Superior Court under Case No. BC 483320, which was styled *Charity Anyanwu v. GMAC Mortgage, LLC et al.* The Claimant-Plaintiffs alleged (i) negligence per se, (ii) breach of covenant of quiet enjoyment, (iii) breach of implied warranty, (iv) negligence (personal injury), (v) constructive eviction, (vi) intentional infliction of emotional distress, (vii) negligent infliction of emotional distress, (viii) alleged violation of Health & Safety code section 17926, (ix) breach of contract and (x) nuisance due to improper maintenance of the property, wrongful detainer, etc. (the "Litigation").

ny-1113477

7. GMACM reported the Litigation to its insurance carrier on or before March 21, 2011.

8. On the Petition Date, the Claimants were automatically stayed under 11 U.S.C. § 362(a) (the "Automatic Stay") from commencing or continuing the Litigation to seek recovery for alleged property damage or injury to the Claimant.

9. On September 24, 2013, Claimants filed a *Motion for Relief From The Automatic Stay* [D.E. 5185] (the "Motion") seeking permission from the Court to "allow Movants to pursue their rights and remedies in the Breach of Rental/Lease Contract case, under the condition that no judgment obtained by Movants will be enforced against Debtor except for and to the extent of Debtor's liability under any insurance policy applicable to Movants' claim."

10. Pursuant to this stipulation (the "Stipulation"), the Claimants agree to waive each of the Claims against GMACM and further agree to seek recovery solely from the insurance coverage, if any, available under the Insurance Policy in full and final satisfaction of the Claims (the "Available Coverage").

11. The parties to the Stipulation have agreed to modify the Automatic Stay solely on the terms and conditions set forth herein.

**It is hereby STIPULATED, AGREED AND ORDERED by and among the parties to this Stipulation, as follows**:

1. The Motion is hereby withdrawn, and the Automatic Stay is hereby modified solely to the limited extent necessary to enable the Claimants to proceed with the Litigation to a final judgment.

3

ny-1113477

2.  It is expressly understood by the Claimant that (i) the automatic stay is hereby modified solely with respect to the specific Claims of the Claimants identified herein and (ii) the Claimants may seek satisfaction of the Claims only as set forth herein, and that in no event will the Debtors, their estates or any other Debtor be liable to the Claimant in any other way whatsoever with respect to the Claims.

3.  In connection with this modification of the Automatic Stay, each of the Claimants on behalf of themselves, their heirs, representatives and assigns, does hereby fully, finally and forever waive, release and/or discharge the Debtors, their estates and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys and agents from the Claims (whether prepetition unsecured, priority or administrative) and from all related actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, that arise from the Claims, except to the extent of the Available Coverage.

4.  Each of the Claims is hereby deemed to be disallowed with prejudice without further order of Court, and the Debtors' claims and noticing agent is authorized and directed to remove each of the Claims and any and all other claims arising from the Claims filed by or on behalf of the Claimants from the Debtors' claims register; *provided, however*, that the withdrawal of any proof of claim shall not prejudice Claimant's ability to collect on the claim from any Available Coverage.

5.  The agreement by the Debtors to modify the Automatic Stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance to or to cooperate with the Claimant in any way in the efforts of the

Claimant to prosecute the Litigation or secure payment on the Claims under the Available Coverage.

6.  Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors or their insurance carriers with respect to the Claim.

7.  Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of the Insurance Policy; (ii) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy (including the right of any insurer to disclaim coverage); or (iii) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, deductible, reimbursement, self-insured retention or otherwise. All such rights, remedies, defenses, defenses to coverage, claims and payment rights are expressly reserved and preserved. All rights of subrogation and contribution also are expressly reserved and preserved. Furthermore, nothing in this Stipulation shall affect the existing obligations of any insurer to pay defense fees or expenses or the existing arrangements for the payment thereof.

8.  The modification of the Automatic Stay as set forth herein shall have no effect as to parties that are not a party to this Stipulation, and the Automatic Stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors and their estates.

9.  Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to

obtain approval of and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Automatic Stay has been modified to allow prosecution of the Claim in accordance with the terms hereof.

10. This Stipulation may be signed in counterpart originals and delivered by facsimile, which, when fully executed, shall constitute a single original.

11. This Stipulation constitutes the entire agreement and understanding of the parties regarding the Stipulation and the subject matter thereof. The terms set forth in this Stipulation are part of a comprehensive compromise and each element is an integral aspect of the agreed settlement and is non-severable.

12. The Court shall retain jurisdiction (and the Claimants consent to such retention of jurisdiction) with respect to any disputes arising from or other actions to interpret, administer or enforce the terms and provisions of this Stipulation.

13. Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.

14. This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court and shall not be modified, altered, amended or

vacated without written consent of all parties hereto, subject to Court approval.

| | |
|---|---|
| Dated: November 12, 2013<br>Long Beach, California | Dated: November 18, 2013<br>New York, New York |
| Law Office of Alaba Ajetunmobi | Morrison & Foerster LLP |
| /s/ Alaba S. Ajetunmobi<br>By:  Alaba S. Ajetunmobi | /s/   Jordan A. Wishnew<br>By:    Jordan A. Wishnew |
| 100 Oceangate, 12th Floor<br>Long Beach, CA 90802<br>Tel: (562) 628-5578 | 1290 Avenue of Americas<br>New York, NY 10104-0050<br>Tel: (212) 468-8000 |
| *Counsel for Charity Anyanwu, Noble Debamaka, Benjamin D. Anyanwu* | *Counsel for the Debtors and Debtors in Possession* |

SO ORDERED

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY
JUDGE