**Hearing Date and Time: December 17, 2013 at 10:00 a.m.**
**Objection Deadline: December 9, 2013 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**FINAL APPLICATION OF ARTHUR J. GONZALEZ,**
**AS CHAPTER 11 EXAMINER, FOR ALLOWANCE OF**
**<u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

| Name of Applicant: | Arthur J. Gonzalez, Examiner | |
|---|---|---|
| Authorized to Provide Professional Services to: | As Chapter 11 Examiner | |
| Date of Appointment: | July 3, 2012 | |
| Period for Which Allowance and Approval is Sought: | <u>Fourth Fee Period</u><br>May 1, 2013 through May 31, 2013 | <u>Final Application Period</u><br>July 3, 2012 through May 31, 2013 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $ 45,750.00 | $568,612.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $    .00 | $    .00 |
| This is a <u>Final</u> Fee Application. | | |

---

[1]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Prior Fee Statements:

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved/ Paid (80%) | Expenses Approved/Paid |
|---|---|---|---|---|---|
| 9/28/2012 | 7/3/2012 - 8/31/2012 | $86,137.50 | .00 | $68,910.00 | .00 |
| 11/2/2012 | 9/1/2012 - 9/30/2012 | $24,525.00 | .00 | $19,620.00 | .00 |
| 11/30/2012 | 10/1/2012 - 10/31/2012 | $35,400.00 | .00 | $28,320.00 | .00 |
| 1/02/2013 | 11/1/2012 - 11/30/2012 | $20,250.00 | .00 | $16,200.00 | .00 |
| 1/31/2013 | 12/1/2012 - 12/31/2012 | $34,575.00 | .00 | $27,660.00 | .00 |
| 3/4/2013 | 1/1/2013- 1/31/2013 | $46,950.00 | .00 | $37,560.00 | .00 |
| 4/5/2013 | 2/1/2013 - 2/28/2013 | $44,475.00 | .00 | $35,580.00 | .00 |
| 5/3/2013 | 3/1/2013 - 3/31/2013 | $82,800.00 | .00 | $66,240.00 | .00 |
| 6/17/2013 | 4/1/2013 - 4/30/2013 | $147,750.00 | .00 | $118,200.00 | .00 |
| 7/17/2013 | 5/1/2013 – 5/31/2013 | $45,750.00 | .00 | $36,600.00 | .00 |

Interim Fee Application/Payment Summary

| Interim Fee Period | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Requested | Total Amount Approved/ Paid | Holdback Amount Due (10%) |
|---|---|---|---|---|---|
| 1 (Docket No. 1900) | July 3, 2012 - August 31, 2012 | December 28, 2012 (Docket No. 2530) | $86,137.50 | $86,137.50 | .00 |
| 2 (Docket No. 3204) | September 1, 2012 - December 31, 2012 | April 23, 2013 (Docket No. 3556) | $114,750.00 | $114,750.00 | .00 |
| 3 (Docket No. 4566) | Jan. 1, 2013 – April 30, 2013 | Sept. 25, 2013 * (Docket No. 5205) | $321,975.00 | $289,777.50 | $32,197.50 |

*The September 25, 2013 Order also allowed payment of 10% holdback balance on first and second interim fee periods.

**Hearing Date and Time:  December 17, 2013 at 10:00 a.m.**
**Objection Deadline: December 9, 2013 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**FINAL APPLICATION OF ARTHUR J. GONZALEZ,**
**AS CHAPTER 11 EXAMINER, FOR ALLOWANCE OF**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Arthur J. Gonzalez, as the Court-appointed Examiner (the "<u>Examiner</u>") in the Chapter 11

cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>"), hereby submits this Final Application  for Allowance of

Compensation and Reimbursement of Expenses (the "<u>Application</u>").  This Application is

submitted pursuant to sections 330 and 503(b) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>") and the Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals, dated July 17, 2012 (the "<u>Interim Compensation</u>

<u>Order</u>").  The Examiner requests entry of an order allowing the Examiner compensation in the

amount of $568,612.50 for professional services rendered during the period from July 3, 2012

through and including May 31, 2013 (the "Final Application Period").  The amounts requested

consist of:

    (a)      compensation for professional services rendered during the period May 1, 2013

through May 31, 2013 (the "Fourth Fee Period") in the amount of $45,750.00,  which

amount is fully described in this Application; and

    (b)      compensation for professional services rendered during the period July 3, 2012

through April 30, 2013 (the "Prior Applications Period") in the amount of $522,862.50.[2]

In support of the Application, the Examiner respectfully represents as follows:

## BACKGROUND

1.      The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on

May 14, 2012, and the Court authorized joint administration of the cases.  The Debtors continue

to operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On June 4, 2012, Berkshire Hathaway, Inc. filed a motion (the "Examiner

Motion") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c).  On June 20,

2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the

"Memorandum  Decision").  On June 28, 2012, the Court entered the Order Directing the

Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the

"Examiner Order").

3.      On July 3, 2012, the United States Trustee for the Southern District of New York

appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval.

On that same date, the Court entered an order approving the appointment.

---

[2] The amounts sought for compensation during the Prior Applications Period reflect all fees previously approved by the Court for the Examiner's first, second and third interim fee applications, as further described herein.

4.      On July 17, 2012, Arthur J. Gonzalez filed the Application of the Examiner for Order Authorizing the Retention and Employment of Chadbourne & Parke LLP ("Chadbourne") as Counsel to the Examiner *Nunc Pro Tunc* to July 11, 2012.  On August 9, 2012, the Court entered an order approving Chadbourne's retention.

5.      Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner was directed to conduct an investigation of a scope and timing to be set by the Court after the Examiner had conferred with other parties in interest.  Examiner Order at p. 2.  After the requisite consultations, the Court mandated that the Examiner conduct an investigation covering the topics set forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner, dated July 27, 2012 (the "Scope Order").

6.      On May 13, 2013, the Examiner filed his report under seal [Docket No. 3698]. On June 26, 2013, the Court entered its Order Unsealing the Examiners' Report (the "Examiner's Report" or the "Report").

7.      On July 3, 2013, the Debtors filed the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors.

8.      On September 24, 2013, the Court entered the Order Approving Examiner's Motion for Entry of Order Granting Discharge From Duties, Relief from Discovery, Approval of Disposition of Investigative Materials, and Exculpation in Connection with Duties [Docket No. 5187].

3

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).

## COMPLIANCE WITH GUIDELINES AND ORDER GOVERNING
## APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

10.      This Application has been prepared in accordance with the Amended Guidelines

for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy

Cases effective as of February 5, 2013 (the "Local Guidelines") and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines" and, together with

the Local Guidelines, the "Guidelines").  Pursuant to the Guidelines, a certification regarding

compliance with same is attached hereto as Exhibit A.

## SUMMARY OF APPLICATION

### Fourth Fee Period

11.      The Examiner seeks compensation for services rendered as Examiner during the

Fourth Fee Period in the aggregate amount of $45,750.00.  During the Fourth Fee Period, the

Examiner expended a total of 61.00 hours for which compensation is requested.

12.      A summary of the hours spent by the Examiner, his regular customary billing rate

and the total value of time incurred rendering services during the Fourth Fee Period is attached

hereto as Exhibit B.

4

13.     Pursuant to the Guidelines, a schedule setting forth a description of the project categories used in this case, the number of hours expended by the Examiner by project category, and the aggregate fees associated with each project category is attached hereto as Exhibit C.

14.     The Examiner maintains computerized records of the time spent rendering services during the Fourth Fee Period.  Copies of these computerized records are attached hereto as Exhibit D.

## Summary of Services During Fourth Fee Period

15.     As set forth in the detailed computerized records attached hereto as Exhibit D, fees incurred by the Examiner during the Fourth Fee Period total $45,750.00.  The services rendered by the Examiner during the Fourth Fee Period are grouped into specific project categories as set forth in Exhibit C.  The following is a summary of the activities performed by the Examiner during the Fourth Fee Period:

- Participation in general strategy sessions with Chadbourne and the Examiner's financial advisor, Mesirow Financial Consulting ("Mesirow") to discuss conclusions, causes of action and final Report issues.
- Review and provide final comments on various sections of the Examiner's Report.
- Participation in conferences with members of the Chadbourne team to finalize analyses and conclusions on certain sections of the Report.
- Participation  in a status conference with the Court regarding sealing of the Report and review of the related proposed order.

16.     The filing of the Examiner's Report on May 13, 2013 was the culmination of an exhaustive analysis of almost nine million pages of documents produced by 23 different parties as well as 99 formal interviews of 88 witnesses.  The Report is comprised of over 2,200 pages

5

and contains approximately 9,500 footnotes and 180 exhibits.  The Report analysed every material transaction between and among ResCap, Ally Financial, and their corporate affiliates over a seven-year period, involving complicated financings, mortgage-backed securities, derivatives and swaps.  The Report made determinations on every material transaction and business dealing and its impact on the overall liability.

### PRIOR INTERIM FEE APPLICATIONS

17.     On October 19, 2012, the Examiner filed his First Interim Fee Application for Allowance of Compensation and Reimbursement of Expenses For the Period July 3, 2012 Through August 31, 2012 seeking interim allowance of compensation in the amount of $86,137.50 [Docket No. 1900].  On December 28, 2012, the Court entered an order [Docket no. 2530] allowing fees in the amount of $86,137.50 on an interim basis.  In addition, the Court awarded payment of $8,613.75 of fees previously held back pursuant to the Interim Compensation Order.  By order dated September 25, 2013 [Docket No. 5205] the Court awarded payment of the remaining $8,613.75 of fees previously held back pursuant to the Interim Compensation Order.

18.     On March 14, 2013, the Examiner filed his Second Interim Fee Application  for Allowance of Compensation and Reimbursement of Expenses For the Period September 1, 2012 Through December 31, 2012 seeking interim allowance of compensation in the amount of $114,750.00 [Docket No. 3204].  On April 23, 2013, the Court entered an order [Docket no. 3556] allowing fees in the amount of $114,750.00 on an interim basis.  In addition, the Court awarded payment of $11,475.00 of fees previously held back pursuant to the Interim Compensation Order.  By order dated September 25, 2013 [Docket No. 5205] the Court awarded

payment of the remaining $11,475.00 of fees previously held back pursuant to the Interim

Compensation Order.

19.     On August 7, 2013, the Examiner filed his Third Interim Fee Application for

Allowance of Compensation and Reimbursement of Expenses For the Period January 1, 2013

Through April 30, 2013 seeking interim allowance of compensation in the amount of

$321,975.00 [Docket No. 4566].  On September 25, 2013, the Court entered an order [Docket no.

5205] allowing fees in the amount of $321,975,00 on an interim basis.  In addition, the Court

awarded payment of $32,197.50 of fees previously held back pursuant to the Interim

Compensation Order.

20.     A summary of (a) the hours spent by the Examiner, his regular customary billing

rate and the total value of time incurred rendering services and (b) a schedule setting forth a

description of the project categories used in this case, the number of hours expended by the

Examiner by project category, and the aggregate fees associated with each project category

during the Final Application Period is attached hereto as Exhibit E.

## DETERMINATION OF THE EXAMINER'S REQUESTED FEE

21.  The Examiner's fees during the Applications Period are reasonable under the

prevailing legal standard and should be allowed.  Section 330(a)(1) of the Bankruptcy Code

provides that a court may award professionals "reasonable compensation for actual, necessary

services rendered . . . and reimbursement for actual, necessary expenses."  In determining the

amount of "reasonable compensation," the Court must consider the nature, the extent and the

value of the services, taking into account all of the relevant factors.  Such factors include (i) the

time spent on such services, (ii) the rates charged for such services, (iii) whether the services

were necessary and beneficial, (iv) whether the services were performed in a reasonable amount

7

of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed and (v) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.  See 11 U.S.C. § 330(a)(3); see also In re Kohl, 421 B.R. 115, 125 (Bankr. S.D.N.Y. 2009); In re Cenargo Int'l, 294 B.R. 571 (Bankr. S.D.N.Y. 2003).

22.   In assessing the reasonableness of attorney's fees under section 330 of the Bankruptcy Code, the Second Circuit and bankruptcy courts in this district typically use the "lodestar" method, which is a determination as to the number of hours of service reasonably devoted to the case multiplied by the attorney's reasonable rates.  See, e.g., In re Gould, 363 B.R. 45, 49 (Bankr. D. Conn. 2007) ("Attorneys' fees are determined by calculating a lodestar . . ."); Masterwear Corp. v. Angel & Frankel, P.C. (In re Masterwear Corp.), 233 B.R. 266, 277 (Bankr. S.D.N.Y. 1999); see also Aguilar v. E-Z Supply Corp., 06-CV-6790 (SLTRER), 2009 WL 2905545 (E.D.N.Y. Sept. 10, 2009) (applying lodestar approach to a non-bankruptcy case and stating that the "Court of Appeals for the Second Circuit uses the lodestar method"); Savoie v. Merchants Bank, 166 F.3d 456, 460 (2d Cir.1999) (applying lodestar approach to a non-bankruptcy case).

23.   When applying the lodestar approach, courts in this district incorporate the familiar factors set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974) (the "Johnson Factors").[3]  See, e.g., In re Kohl, 421 B.R. at 131(after calculating the initial

---

[3] The twelve Johnson Factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

lodestar amount, "courts then examine whether any adjustment is necessary, looking to . . . [the]

twelve factors identified by the Fifth Circuit in *Johnson* . . ."); Aguilar, 2009 WL 2905545

("when considering case-specific variables . . . courts in the Second Circuit follow the guidelines

enumerated in *Johnson* . . ."); Betancourt v. Giuliani, 325 F. Supp. 2d 330, 332 n.3 (S.D.N.Y.

2004) ("In adjusting the lodestar, courts generally consider the . . . factors set forth in

*Johnson* . . .").

24.   In awarding attorneys' fees, courts will also consider whether the services

rendered were reasonably likely to benefit the debtor's estate.  See, e.g., In re Ames Dep't Stores,

Inc., 76 F.3d 66, 71 (2d Cir. 1996), rev'd on other grounds, Lamie v. United States Trustee, 540

U.S. 526 (2004).

25.   In accordance with the foregoing, the amount requested by the Examiner is fair

and reasonable given: (i) the time and labor required; (ii) the novelty, complexity and size of

these Chapter 11 Cases; (iii) the time and labor required for the Examiner to carry out his duties

effectively; (iv) the time limitations imposed on the Examiner; (v) the nature and extent of the

services rendered; (vi) the Examiner's experience, reputation and ability; (vii) the value of the

Examiner's services; and (viii) the fact that the Examiner's fees are commensurate with fees that

other examiners of comparable experience and expertise have charged and been awarded in

similar chapter 11 cases.

26.   Moreover, pursuant to the standards set forth in section 330 of the Bankruptcy Code, the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the complexity, importance, nature, extent, and value of such services, the time spent thereon, and the costs of comparable services in a case other than a case under the Bankruptcy Code.

27.   Except as permitted by rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or undertaking exists between the Examiner and/or any third person for the sharing or division of compensation.  All of the services for which compensation is requested in this Application were rendered by the Examiner solely in furtherance of his duties and functions as the Examiner.

### NOTICE AND NO PRIOR APPLICATION

28.   Notice of this Application and of the hearing with respect hereto has been served upon the parties specified in the Interim Compensation Order in the manner required thereby.  In light of the nature of the relief requested herein, the Examiner submits that no further or other notice is required.

29.   No previous application for relief sought herein has been made to this or any other court.

### FUTURE ACTIVITIES

30.     The Examiner also respectfully requests that he be authorized to seek compensation for any reasonable fees for professional services rendered and reimbursement of actual and necessary expenses incurred, in each case and prior to the effective date of any plan of reorganization of the Debtors, in connection with, among other things, any cooperation, assistance, responses (to discovery requests or otherwise), or other services provided by the

10

Examiner, which payment and reimbursement shall be sought pursuant to further application to the Court.

WHEREFORE, the Examiner respectfully requests that this Court issue and enter an order (i) authorizing final compensation in the total amount of $568,612.50 for professional services rendered, with such total amount consisting of (a) $45,750.00 for compensation for professional services rendered for the Fourth Fee Period; and (b) $522,862.50 for compensation for professional services rendered for the Prior Applications Period; (ii) authorizing and directing the Debtors to remit payment to the Examiner as set forth herein, less all amounts previously paid on account of such fees; and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        November 18, 2013

                                        By: */s/ Arthur J. Gonzalez*
                                            Arthur J. Gonzalez
                                            *The Examiner*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND
DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF
FINAL APPLICATION OF ARTHUR J. GONZALEZ,
AS CHAPTER 11 EXAMINER, FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES**

Arthur J. Gonzalez, as the Court-appointed Examiner in the Chapter 11 cases of

the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby

certifies, pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases effective as of February 5, 2013 (the "<u>Local</u>

<u>Guidelines</u>") and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "<u>UST Guidelines</u>" and, together with the Local Guidelines, the

"<u>Guidelines</u>"), that:

_____

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries
and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors"
includes any such entities.

1.      I am the Court-appointed examiner (the "Examiner") in the Debtors'

Chapter 11 cases.

2.      This certification is made in respect of the Final  Application of Arthur J.

Gonzalez, as Chapter 11 Examiner, for Allowance of Compensation and Reimbursement of

Expenses (the "Application") in accordance with the Guidelines.

3.      In respect of the Guidelines, I certify that:

(a)    I have read the Application;

(b)    to the best of my knowledge, information and belief formed after
        reasonable inquiry, the fees sought fall within the Guidelines;

(c)    the fees sought are billed at a rate and in accordance with practices
        customarily employed by me; and

(d)    I have no disbursements for which I seek reimbursement during the
        application period.

4.      I certify that I have provided to counsel to the Debtors, counsel to the

Official Committee of Unsecured Creditors and the Office of the United States Trustee for the

Southern District of New York (the "U.S. Trustee") with, on a monthly basis, a statement of my

fees and disbursements accrued during the previous month.

5.      In respect of the Guidelines, I certify that the Debtors, counsel to the

Debtors, counsel to the Official Committee of Unsecured Creditors and the U.S. Trustee, are

each being provided with a copy of the Application at least fourteen (14) days before the hearing

on the Application.

Dated:      New York, New York
            November 18, 2013


                                   */s/ Arthur J. Gonzalez*
                                   Arthur J. Gonzalez

## EXHIBIT B

**RESIDENTIAL CAPITAL, LLC, <u>et al</u>.**

**SUMMARY OF HOURS**

<u>**May 1, 2013 through May 31, 2013**</u>

| NAME | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|---|---|---|---|---|
|  |  |  |  |  |
| Arthur J. Gonzalez, Examiner | 1983 | $750 | 61.00 | $45,750.00 |
|  |  |  |  |  |

# EXHIBIT C

**RESIDENTIAL CAPITAL, LLC, et al**

**SUMMARY OF SERVICES BY PROJECT CATEGORY**

**May 1, 2013 through May 31, 2013**

| Project Category | Matter # | Hours | Fees Requested |
|---|---|---|---|
| Investigation Planning and Review | 003 | 1.60 | $ 1,200.00 |
| Report Drafting and Legal Research | 005 | 59.40 | 44,550.00 |
| **Total** | | **61.00** | **$45,750.00** |

# EXHIBIT D

**RESIDENTIAL CAPITAL, LLC, et al**

**DETAILED TIME RECORDS**

**May 1, 2013 through May 31, 2013**

RESIDENTIAL CAPITAL, LLC - CHAPTER 11 EXAMINER                    May 31, 2013

                                                                 Page    1


                              For Services Through May 31, 2013

Our Matter #21955.003
            INVESTIGATION PLANNING AND REVIEW


| Date | Timekeeper | Description | Hours |
|---|---|---|---|
| 05/01/13 | A. GONZALEZ | Review agenda for weekly conference call (.2); conference call with C&P and Mesirow regarding investigation and report status (.7). | 0.90 hrs. |
| 05/08/13 | A. GONZALEZ | Conference call with C&P and Mesirow regarding investigation and report status. | 0.70 hrs. |


          Total Fees for Professional Services.............   $1,200.00



                         TIMEKEEPER SUMMARY

| Timekeeper's Name | Rate | Hours | Amount |
|---|---|---|---|
| A. GONZALEZ | 750.00 | 1.60 | 1200.00 |
| TOTALS | | 1.60 | 1200.00 |

RESIDENTIAL CAPITAL, LLC - CHAPTER 11 EXAMINER          May 31, 2013

Page    1

For Services Through May 31, 2013

Our Matter #21955.005
          REPORT DRAFTING AND LEGAL RESEARCH

| Date | Attorney | Description | Hours |
|---|---|---|---|
| 05/01/13 | A. GONZALEZ | Call with H.Seife regarding Minnesota issue (.3); review Ally submission regarding tax agreement (3.2); review and edit section regarding ability to pay (3.8); review and edit section VI.A and B (ResCap financial condition) (3.4). | 10.70 hrs. |
| 05/02/13 | A. GONZALEZ | Review and comment on Section VI (Rescap financial condition) (1.5); call with D.LeMay and C.Rivera regarding edits to Section VI (.4); call with M.Towers as to standard terms to be used in report (.2); emails to/from H.Seife on tax allocation issues (.2); call with A.Rosenblatt and B.Betheil K&E submission on tax claims (.6); review and edit section VI subsection from printer (.6); review and edit section VI sub-section (.8); review letter from Committee on AFI submission (.6); review and edit final draft of third party claims section (4.2); review and edit section VIII (third party claims) outline (2.7). | 11.80 hrs. |
| 05/03/13 | A. GONZALEZ | Review and edit table of contents section VII (.3); review and edit section VII.F (avoidance actions) (3.8); call with D.LeMay and E.Daucher regarding comments to same (.4); review and edit sub-section VII.F.5 (preference transactions) (3.2); call with D.LeMay and M.Towers regarding discussion of sub-section VII.F.5 issues (.2); review and edit third party claims section (3.4). | 11.30 hrs. |
| 05/04/13 | A. GONZALEZ | Emails with D.LeMay and M.Towers regarding comments to sub-section VII.F.5 (preference transactions). | 0.20 hrs. |

RESIDENTIAL CAPITAL, LLC - CHAPTER 11 EXAMINER                May 31, 2013
                                                             Page   2

| 05/05/13 | A. GONZALEZ | Review and edit added section to third party claims (.5); call with D.LeMay and M.Towers regarding comments to sub-section VII.F.5 (preference transactions) (.3). | 0.80 hrs. |
|---|---|---|---|
| 05/06/13 | A. GONZALEZ | Call with D.LeMay regarding comments to footnote on U.S. Government preference liability (.2); review Debtors' submission regarding Minnesota law issues (.7); review Wilmington Trust submission regarding Minnesota law issues (.8); review Committee submission regarding Minnesota law issues (2.3). | 4.00 hrs. |
| 05/07/13 | A. GONZALEZ | Review Ally submission on Minnesota law issue (.7); email exchange with D.LeMay regarding same (.3); review and edit Executive Summary (3.4); call with M.Roitman regarding comments to Executive Summary (.3); e-mails with M.Roitman regarding further comments to Executive Summary (.4). | 5.10 hrs. |
| 05/08/13 | A. GONZALEZ | Review and edit report section VII.F (avoidance actions) (4.8); meeting with H.Seife, D.LeMay, E.Daucher and A.Rosenblatt regarding Minnesota issue claims and defenses (1.3). | 6.10 hrs. |
| 05/09/13 | A. GONZALEZ | Review and edit sub-section VII.F.4 (fraudulent transactions) (2.3); emails with H.Seife regarding mediator request to postpone report filing (.2). | 2.50 hrs. |
| 05/10/13 | A. GONZALEZ | Call with H.Seife regarding postponement of report filing (.3); draft notice for postponement of report filing (.7); follow-up emails with H.Seife regarding modification of notice (.4). | 1.40 hrs. |

RESIDENTIAL CAPITAL, LLC - CHAPTER 11 EXAMINER          May 31, 2013
                                                        Page    3

| 05/13/13 | A. GONZALEZ | Conference with H.Seife regarding Chambers conference (.3); conference with H.Seife and D.LeMay regading position as to sealing of report (.4); participate in status conference with Court (.8); follow-up discussion with S.Seife and D.LeMay regarding status conference (.3); review of proposed order on sealing of report (.3). | 2.10 hrs. |
| 05/23/13 | A. GONZALEZ | Review D.LeMay email with summary of PSA and related motion. | 0.60 hrs. |
| 05/28/13 | A. GONZALEZ | Conference with H.Seife regarding 5/29 status conference (.3); emails with D.LeMay regarding RMBS trustee exit rights under PSA and relationship with sealing order (.6). | 0.90 hrs. |
| 05/29/13 | A. GONZALEZ | Call with H.Seife regarding status conference (.3); participate in status conference with Court (1.3); follow-up discussion with H.Seife regarding status conference (.3). | 1.90 hrs. |

                **Total Fees for Professional Services.............  $44,550.00**


                        TIMEKEEPER SUMMARY

| Timekeeper's Name | Rate | Hours | Amount |
|---|---|---|---|
| A. GONZALEZ | 750.00 | 59.40 | 44550.00 |
| TOTALS | | 59.40 | 44550.00 |

## EXHIBIT E

### RESIDENTIAL CAPITAL, LLC, et al.

### SUMMARY OF HOURS

### July 3, 2012 through May 31, 2013

| NAME | YEAR OF ADMISSION | 2012 HOURLY RATE | TOTAL HOURS | TOTAL |
|------|-------------------|------------------|-------------|-------|
| | | | | |
| Arthur J. Gonzalez, Examiner | 1983 | $750 | 788.90 | $589,837.50 |
| Less Voluntary Reduction in First Interim Fee Application | | | | (21,225.00) |
| **TOTAL** | | | | **$568,612.50** |

### SUMMARY OF SERVICES BY PROJECT CATEGORY

### July 3, 2012 through May 31, 2013

| Project Category | Matter # | Hours | Fees Requested |
|------------------|----------|-------|----------------|
| Case Administration/General Bankruptcy Matters | 002 | 25.20 | 18,900.00 |
| Investigation Planning and Review | 003 | 245.70 | 184,275.00 |
| Witness Interviews and Discovery | 004 | 54.00 | 40,500.00 |
| Report Drafting and Legal Research | 005 | 408.50 | 306,375.00 |
| Fee/Retention Applications | 006 | 50.60 | 37,950.00 |
| Non-Working Travel* | 007 | 4.90 | 1,837.50 |
| Sub-Total | | | $589,837.50 |
| Less Voluntary Reduction in First Interim Fee Application | | | (21,225.00) |
| TOTAL | | | **$568,612.50** |

* Non-working travel billed at 50% of normal hourly rates.