**Hearing Date and Time: December 17, 2013**
**Objection Deadline: December 9, 2013**

Coherent Economics, LLC
2800 Acacia Terrace
Buffalo Grove, IL  60089
Telephone: 847-913-8187
Alan S. Frankel

Consultant to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re:                                         :   Chapter 11
                                               :
RESIDENTIAL CAPITAL, LLC, et al.,              :   Case No. 12-12020 (MG)
                                               :
Debtors.                                       :   Jointly Administered
                                               :
----------------------------------------------------------x

**SUMMARY OF THIRD INTERIM APPLICATION OF COHERENT ECONOMICS, LLC AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MAY 1, 2013 THROUGH AUGUST 31, 2013**

| | |
|---|---|
| This is a(n):    ___monthly    _X_interim    ___final application. | |
| Name of Applicant: | Coherent Economics, LLC ("**Applicant**") |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors (the "**Committee**") |
| Date of Retention: | Order entered on September 13, 2012 retaining Applicant *nunc pro tunc* to August 11, 2012 |
| Period for which Compensation and Reimbursement is sought: | May 1, 2013 through August 31, 2013 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $52,735.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0.00 |

**Summary of Monthly Statements for Application Period:**

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 8/1/2013 | 5/1/13-5/31/13 | $52,735.00 | $0.00 | $42,188.00 | $0.00 | $10,547.00 |

**Summary of Professionals**

| Name | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Alan Frankel | Director | 45.20 | $775.00 | $35,030.00 |
| Roy Epstein | Senior Consultant | 21.10 | $690.00 | $14,559.00 |
| Laura McIntyre | Research Analyst | 14.30 | $220.00 | $3,146.00 |
| **Total** | | | | $52,735.00 |

**Summary of Matters**

| Matter | Hours | Total Billed | Blended Rate |
|---|---|---|---|
| Economic Analysis | 80.60 | $52,735.00 | $654.28 |
| Total | 80.60 | $52,735.00 | $654.28 |

Coherent Economics, LLC
2800 Acacia Terrace
Buffalo Grove, IL  60089
Telephone: 847-913-8187
Alan S. Frankel

Consultant to the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| RESIDENTIAL CAPITAL, LLC, et al., | : Case No. 12-12020 (MG) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

------------------------------------------------------------x

**THIRD INTERIM APPLICATION OF COHERENT ECONOMICS, LLC AS CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD MAY 1, 2013 THROUGH AUGUST 31, 2013**

For its third interim application for compensation and reimbursement of expenses (the "**Application**") for the period May 1, 2013 through August 31, 2013 (the "**Application Period**"), Coherent Economics, LLC ("**Applicant**"), consultant to the Official Committee of Unsecured Creditors (the "**Committee**"), respectfully represents as follows:

4

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**").  This Application has been prepared in accordance with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on January 23, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

**BACKGROUND**

**A.      The Chapter 11 Cases**

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.     On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.     On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

B.     **Applicant's Retention and Interim Compensation**

6.     On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to file and submit monthly fee statements to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

7.     On September 6, 2012, Applicant filed a Retention Application [Docket No. 1365] entitled: Statement of the Official Committee of Unsecured Creditors in Support of (I) Entry of an Order Authorizing the Employment and Retention of San Marino Business Partners LLC as Consultant to the Committee *nunc pro tunc* to August 11, 2012 and (II) Entry of an Order Authorizing the Employment and Retention of Coherent Economics LLC as Consultant to the Committee, *nunc pro tunc* to August 11, 2012 with the Court.

8.     On September 13, 2012, the Court entered the Order Approving Retention of Coherent Economics LLC as Consultant to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* to August 11, 2012.

6

9.     On August 1, 2013, Applicant served its tenth monthly fee statement covering the period from May 1, 2013 through August 31, 2013 (the "**Tenth Fee Statement**") on the Notice Parties. Applicant did not receive any objections to the Monthly Fee Statement.

10.    From May 1, 2013 through August 31, 2013, Applicant requested $52,735.00 in total fees. The total payments received by Applicant as of the date hereof are equal to: (i) 80% of requested compensation from the Tenth Monthly Fee Statement.

11.    Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Committee. These records are maintained in the ordinary course of the Applicant's practice. For the convenience of this Court and all parties in interest, attached hereto as Exhibit B is a billing summary for the Application Period, setting forth the name of each public relations professional and project assistant who rendered services during the Application Period, the aggregate time expended by each public relations professional and project assistant, the hourly billing rate for each public relations professional and project assistant at Applicant's current billing rates, and the individual amounts requested for each professional. The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

12.    Copies of Applicant's computerized records of fees in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee Statements and are attached hereto as Exhibit C.

13.    There is no agreement or understanding between Applicant and any other person for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

14.    The Monthly Fee Statements submitted by Applicant are subject to a 20% holdback (as is customary in this District) imposed by the Court on the allowance of fees.

Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

## **DESCRIPTION OF SERVICES AND EXPENSES AND RELIEF REQUESTED**

15.     Applicant was retained by the Committee to assist the Committee with the evaluation of the proposed $8.7 billion settlement of the Debtors' RMBS liabilities. Specifically, the majority of time spent by the Applicant was spent on Economic Analysis which includes:

  a. Estimation of the Debtors' put-back liabilities and the proposed RMBS Settlement;

  b. Reviewing the Debtors' expert reports in response to the Committee's objection, and preparing responses to those reports;

  c. Assisting SMBP with the development of an expert report with respect to the RMBS Settlement and testimony for the trial on the Debtors' motion seeking approval of the RMBS Settlement;

  d. Preparing for and attending expert depositions;

  e. Providing such other consulting or advisory services as may be needed.

The Applicant spent 80.60 hours and $52,735.00 in fees on Economic Analysis.

16.     The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases. The time records attached hereto as Exhibit C present more completely the work performed by Applicant in each billing category during the Application Period.

## **CONCLUSION**

17.     Applicant believes that the services rendered during the Application Period on behalf of the Committee were reasonable and necessary within the meaning of Bankruptcy Code section 330.

18.     Applicant therefore requests an order (i) approving interim compensation in the amount of $52.735.00, (ii) directing payment of all compensation held back in connection with the Monthly Fee Statements, and (iii) granting such other and further relief as may be just and proper.

Dated: November 18, 2013

*(signature)*
Alan S. Frankel
Director, Coherent Economics, LLC

COHERENT ECONOMICS, LLC
Alan S. Frankel
2800 Acacia Terrace
Buffalo Grove, IL 60089
Telephone: (847) 913-8187
Facsimile:
*Consultant to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Residential Capital, LLC, et al., | : Case No. 12-12020 (MG) |
| | : |
| Debtors. | : Jointly Administered |

----------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF SECOND APPLICATION OF
COHERENT ECONOMICS, LLC
FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Alan S. Frankel, hereby certify that:

I am the director of Coherent Economics, LLC ("**Coherent**"), consultant to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). Coherent submits this second application for interim compensation in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on January 23, 2013 (the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797] entered in these Chapter 11 Cases (the "**Interim Compensation Order**" and together with the Local Guidelines and UST Guidelines, the "**Guidelines**").

KL2 2788175.1

This certification is made in respect of Coherent's application, dated November 18, 2013 (the "**Application**"), for interim allowance of compensation for professional services for the period commencing May 1, 2013 through and including August 31, 2013 (the "**Third Interim Period**") in accordance with the Guidelines.

In respect of Section B.1 of the Local Guidelines, I certify that:

a. I have read the Application;

b. to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

c. the fees and disbursements sought are billed at rates in accordance with the practices customarily employed by Coherent and generally accepted by Coherent's clients; and

d. in providing a reimbursable service, Coherent does not make a profit on that service, whether the service is performed by Coherent in-house or through a third party; and

e. all airfare for which reimbursement is being sought is for a coach class airfare.

In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Coherent has complied with the provision requiring it to provide the appropriate notice parties, on a monthly basis, with a statement of Coherent's fees and disbursements accrued during the previous month.

In respect of Section B.3 of the Local Guidelines, I certify that counsel for the Debtors, the chairs of the Committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of this Application.

Dated:   November 18, 2013

                                                  /s/ Alan S. Frankel
                                                  Alan S. Frankel

Exhibit B: Billing Summary

| Name | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Alan Frankel | Director | 45.20 | $775.00 | $35,030.00 |
| Roy Epstein | Senior Consultant | 21.10 | $690.00 | $14,559.00 |
| Laura McIntyre | Research Analyst | 14.30 | $220.00 | $3,146.00 |
| **Total** | | | | $52,735.00 |



**Coherent Economics, LLC**
2800 Acacia Terrace
Buffalo Grove, IL 60089
accounting@coherentecon.com

# Invoice

**Invoice #:** 246
**Invoice Date:** 7/26/2013

**Bill To:**

Larren M. Nashelsky, Esq.
Gary S. Lee, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

**Project:** ResCap Economic Analysis

| Name | Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Alan Frankel | 5/3/2013 | Reviewed draft of Cornell direct testimony. | 1.30 | 775.00 | 1,007.50 |
| Alan Frankel | 5/7/2013 | Reviewed FHFA White Paper, Martin Hughes Congressional Testimony, and FHFA press release re: representations and warranties. | 0.80 | 775.00 | 620.00 |
| Alan Frankel | 5/10/2013 | Assisted B. Cornell with editing written direct testimony. | 2.60 | 775.00 | 2,015.00 |
| Laura McIntyre | 5/11/2013 | Proofread B. Cornell testimony (0.6); pulled & reviewed back-up for B. Cornell testimony (0.5). | 1.10 | 220.00 | 242.00 |
| Alan Frankel | 5/11/2013 | Continued editing B. Cornell's written direct testimony. | 5.80 | 775.00 | 4,495.00 |
| Laura McIntyre | 5/12/2013 | Drafted Materials Relied Upon list for Cornell testimony. | 0.60 | 220.00 | 132.00 |
| Alan Frankel | 5/12/2013 | Drafted exhibits (5.8); assisted with preparation of B. Cornell's written direct testimony (4). | 9.80 | 775.00 | 7,595.00 |
| Roy Epstein | 5/12/2013 | Reviewed B. Cornell direct testimony. | 0.80 | 690.00 | 552.00 |
| Laura McIntyre | 5/13/2013 | Proofread B. Cornell's direct testimony. | 2.20 | 220.00 | 484.00 |
| Alan Frankel | 5/13/2013 | Finalized litigation risk computations, exhibits, and spreadsheet model (3); edited B. Cornell written direct testimony (2); call with R. Epstein (0.3). | 5.30 | 775.00 | 4,107.50 |
| Roy Epstein | 5/13/2013 | Reviewed loss severity calculations for Vision deals (0.9); call with A. Frankel (0.3); edited B. Cornell written direct testimony (1.4). | 2.60 | 690.00 | 1,794.00 |
| Laura McIntyre | 5/14/2013 | Pulled backup for B. Cornell's direct testimony (0.7); checked footnote cites (4.5). | 5.20 | 220.00 | 1,144.00 |
| Alan Frankel | 5/14/2013 | Assembled cited materials for B. Cornell testimony and exhibits. | 2.70 | 775.00 | 2,092.50 |
| Laura McIntyre | 5/15/2013 | Continued checking footnote cites. | 1.20 | 220.00 | 264.00 |
| Alan Frankel | 5/15/2013 | Edited and circulated current draft of B. Cornell testimony. | 4.60 | 775.00 | 3,565.00 |
| Alan Frankel | 5/20/2013 | Continued editing B. Cornell testimony and exhibits. | 1.40 | 775.00 | 1,085.00 |
| Roy Epstein | 5/20/2013 | Reviewed B. Cornell direct testimony. | 1.40 | 690.00 | 966.00 |
| Alan Frankel | 5/21/2013 | Prepared to produce backup materials for B. Cornell testimony. | 1.20 | 775.00 | 930.00 |
| Roy Epstein | 5/21/2013 | Revised statute of limitations analysis for B. Cornell testimony. | 5.30 | 690.00 | 3,657.00 |
| Laura McIntyre | 5/22/2013 | Assisted with finalization of B. Cornell's written direct testimony. | 4.00 | 220.00 | 880.00 |

| | |
|---|---|
| **Total** | |
| **Payments/Credits** | |
| **Balance Due** | |

Exhibit 1.4 Time Detail



**Coherent Economics, LLC**
2800 Acacia Terrace
Buffalo Grove, IL 60089
accounting@coherentecon.com

# Invoice

**Invoice #:** 246
**Invoice Date:** 7/26/2013

**Bill To:**

Larren M. Nashelsky, Esq.
Gary S. Lee, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

**Project:** ResCap Economic Analysis

| Name | Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|
| Alan Frankel | 5/22/2013 | Finalized B. Cornell testimony, exhibits (7.2); finalized backup information (2); call with R. Epstein (0.5). | 9.70 | 775.00 | 7,517.50 |
| Roy Epstein | 5/22/2013 | Call with A. Frankel (0.5); revised programs and spreadsheets used for Cornell testimony (6.3); reviewed B. Cornell written direct testimony (1.4). | 8.20 | 690.00 | 5,658.00 |
| Roy Epstein | 5/23/2013 | Prepared backup materials for B. Cornell testimony. | 1.90 | 690.00 | 1,311.00 |
| Roy Epstein | 5/31/2013 | Revised risk calculator spreadsheet for P. Bentley. | 0.90 | 690.00 | 621.00 |

| | |
|---|---|
| **Total** | $52,735.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $52,735.00 |

Page 2