Richard D. Owens
William O. Reckler
Aaron M. Singer
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone:   (212) 906-1200
Facsimile:    (212) 751-4864
Email:         Richard.Owens@lw.com
                   William.Reckler@lw.com
                   Aaron.Singer@lw.com

*Attorneys for:*
   *Deutsche Alt-A Securities, Inc.*
   *DB Structured Products, Inc.*
   *Deutsche Bank Securities Inc.*
   *Deutsche Mortgage Securities, Inc.*
   *MIT Holdings, Inc.*
   *MortgageIT, Inc.*
   *MortgageIT Securities Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
**In re:**                                              :   **Chapter 11**
                                                        :
**RESIDENTIAL CAPITAL, LLC,** *et al.***,**             :   **Case No. 12-12020 (MG)**
                                                        :
   Debtors.                                             :   **(Jointly Administered)**
                                                        :
------------------------------------------------------- x

**NOTICE OF WITHDRAWAL OF LIMITED OBJECTION TO**
**CONFIRMATION OF THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

On October 23, 2013, Deutsche Bank[1] filed its *Limited Objection to Confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 5459] (the "**Objection**").

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

On November 18, 2013, the Debtors, the Creditors' Committee, and Deutsche Bank reached a consensual resolution of the Objection, whereby the Debtors have amended Article IX.K of the Plan by including the following bolded text to address the Objection:

> A defendant against whom a judgment of a court of competent jurisdiction is obtained (whether in a proceeding now pending or hereafter commenced) on an Investor-related securities claim where such defendant has a claim for indemnity or contribution that is subject to the Third Party Releases shall be entitled to a judgment credit in the underlying litigation in the amount and on the terms that would be available if the Third Party Releases were treated as a bar order in the underlying litigation, in accordance with, and to the extent permitted under, applicable statutory or common law, as determined by a court of competent jurisdiction. **(For the avoidance of doubt, a defendant against whom a judgment of a court of competent jurisdiction is obtained (whether in a proceeding now pending or hereafter commenced) on an Investor-related securities claim where such defendant has or had a claim for indemnity or contribution against any Debtor is not precluded from asserting that it is entitled to a judgment credit in the underlying litigation in connection with such claim against the Debtors, and the plaintiff(s) in such action shall have the right to oppose any such request for a judgment credit on any basis, including but not limited to that no such right exists and with reference to Bankruptcy Code section 502(e)).** For the avoidance of doubt, judgment reduction in the NJ Carpenters Class Action shall be governed by the terms of the Order and Final Judgment entered by the District Court granting final approval to the NJ Carpenters Settlement.  See Docket No. 5354. Notwithstanding the foregoing and without limitation (i) no Ally Released Party shall be deemed to have admitted to such fault by virtue of this provision; (ii) nothing herein shall create any right for a defendant that it does not have under applicable statutory or common law, if any, to obtain discovery from any Ally Released Party, or create an obligation for any Ally Released Party to participate in any proceeding to determine fault that does not exist under applicable statutory or common law, if any, in connection with such claim; and (iii) no finding in any proceeding to determine fault shall create any claim against any Ally Released Party or obligation of any Ally Released Party to satisfy any claim. For the avoidance of doubt, nothing in this Article IX.K affects the Third Party Releases, and all parties' rights under applicable law with respect to discovery and any Ally Released Party's

participation in any proceeding to determine fault are preserved.

Subject to the inclusion of the bolded text above in Article IX.K of the Plan, as it has been or may be amended, Deutsche Bank hereby withdraws its Objection.

Dated: November 18, 2013

    /s/ Richard D. Owens
Richard D. Owens
William O. Reckler
Aaron M. Singer
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
Email:      Richard.Owens@lw.com
            William.Reckler@lw.com
            Aaron.Singer@lw.com

*Attorneys for:*
  *Deutsche Alt-A Securities, Inc.*
  *DB Structured Products, Inc.*
  *Deutsche Bank Securities Inc.*
  *Deutsche Mortgage Securities, Inc.*
  *MIT Holdings, Inc.*
  *MortgageIT, Inc.*
  *MortgageIT Securities Corp.*