Hearing Date and Time: December 17, 2013 at 10:00 a.m. (ET)
Objection Deadline: December 9, 2013 at 4:00 p.m. (ET)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                 :    Chapter 11
                                                       :
Residential Capital, LLC, et al.,                      :    Case No. 12-12020 (MG)
                                                       :
                  Debtors.                             :    Jointly Administered
                                                       :
------------------------------------------------------------x

**THIRD INTERIM APPLICATION J F. MORROW, CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MAY 1, 2013 THROUGH AUGUST 31, 2013**

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**

| | |
|---|---|
| Name of Applicant: | J F. Morrow |
| Authorized to Provide Professional Services to: | Consultant to the Official Committee of Unsecured Creditors |
| Third Interim Fee Period: | May 1, 2013 to August 31, 2013 |
| Fees Requested: | $ 7,520.00 |
| Expenses Requested: | $ 0.00 |
| Total Amount Requested: | $ 7,520.00 |

This is an/a_X_ Interim __ Final Application

**SUMMARY OF THIRD APPLICATION J F. MORROW**
**FOR SERVICES RENDERED FOR THE PERIOD**
**MAY 1, 2013 THROUGH AUGUST 31, 2013**

| Name of Individual | Title | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| J F. Morrow | Consultant | $400.00 | 18.8 | $7,520.00 |
| **Total Fees Incurred** | | | 18.8 | $7,520.00 |

Blended hourly rate for all professionals is $400.00.

**SUMMARY OF THIRD APPLICATION OF J F. MORROW
FOR SERVICES RENDERED FOR THE PERIOD
<u>MAY 1, 2013 THROUGH AUGUST 31, 2013</u>**

| Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|
| Project Code 201: Direct Testimony | 17.3 | $6,920.00 |
| Project Code 305: Telephonic Conference Calls | 1.5 | $600.00 |
| **Total Fees Incurred** | **18.8** | **$7,520.00** |
| **Less 50% Reduction for Non-Working Travel** | | 0.00 |
| **TOTAL** | | **$7,520.00** |

# TABLE OF CONTENTS

|   | Page |
|---|---|
| JURISDICTION AND VENUE | 1 |
| SUMMARY OF COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED | 2 |
| BACKGROUND | 3 |
| MR. MORROW FEE STATEMENTS | 3 |
| SUMMARY OF SERVICES RENDERED | 4 |
| ACTUAL AND NECESSARY DISBURSEMENTS OF MR. MORROW | 6 |
| RELIEF REQUESTED | 6 |
| NOTICE | 6 |
| NO PRIOR REQUEST | 6 |

Exhibit 1 – Certification of J F. Morrow

Exhibit 2 – Summary of Expenses for the Third Interim Fee Period

Exhibit 3 – Summary of Time for the Third Interim Fee Period

Exhibit 4 – Detail of Time for the Third Interim Fee Period

# TABLE OF AUTHORITIES

**Page(s)**

**STATUTES**

11 U.S.C. § 330 ................................................................................................................. 1,2
11 U.S.C. § 331 ................................................................................................................... 1
11 U.S.C. § 1107(A) ........................................................................................................... 4
11 U.S.C. § 1108 ................................................................................................................. 4
28 U.S.C. § 157 ................................................................................................................... 2
28 U.S.C. § 1334 ................................................................................................................. 2
28 U.S.C. § 1408 ................................................................................................................. 2
28 U.S.C. § 1409 ................................................................................................................. 2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 2016 ..................................................................................................... 1,2

Hearing Date and Time: December 17, 2013 at 10:00 a.m. (ET)
Objection Deadline: December 9, 2013 at 4:00 p.m. (ET)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------x

**THIRD INTERIM APPLICATION OF J F. MORROW, CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM MAY 1, 2013 THROUGH AUGUST 31, 2013**

TO THE HON. MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

J F. Morrow, Consultant to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**"), hereby files its third application (the "**Application**") pursuant to section 330(a) and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by Mr. Morrow for the period commencing May 1, 2013 through and including August 31, 2013 (the "**Third Interim Fee Period**"), and for reimbursement of its actual and necessary expenses incurred during the Third Interim Fee Period. In support of his Application, Mr. Morrow respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

1

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      The statutory predicate for the relief requested herein is sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Bankruptcy Rules.

## SUMMARY OF COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

4.      This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on January 23, 2103 (the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797] entered in these Chapter 11 Cases (the "**Interim Compensation Order**,") and together with the Local Guidelines and the UST Guidelines, (the "**Guidelines**"). Pursuant to the Guidelines, a certification of J F. Morrow, regarding compliance with the Guidelines is attached hereto as Exhibit 1.

5.      Mr. Morrow seeks interim allowance of fees for professional services rendered during the Third Interim Fee Period in the aggregate amount of $7,520.00 (the "**Third Interim Fee**") and reimbursement of expenses incurred in connection with rendition of those services in the aggregate amount of none (the "**Third Interim Expenses**").

6.      During the Third Interim Period, Mr. Morrow expended a total of 18.8 hours for which compensation is requested. Mr. Morrow was the only professional billing during this period, and his hourly rate is $400.00, for total fees incurred of $7,520.00.

7.      There is no agreement or understanding between Mr. Morrow and any other person for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

8.      The fees charged by Mr. Morrow in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of J F. Morrow as Consultant to the Committee, Nunc Pro Tune to September 5, 2012 (the "**Application**") [Docket No. 1419]. These fees were agreed to in accordance with the engagement letter ("**Engagement Letter**") between Mr. Morrow and the Committee dated September 5, 2012, which was attached to the Application.

2

9. The rates Mr. Morrow charges for his services rendered in these Chapter 11 Cases are reasonable relative to the rates charged by Mr. Morrow to non-bankruptcy clients and to the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national market.

10. Annexed hereto as Exhibit 2 is a schedule specifying the expenses for which Mr. Morrow is seeking reimbursement and the total amount for these expenses.

11. Pursuant to Section II.D of the UST Guidelines, annexed hereto as Exhibit 3 is a summary of Mr. Morrow's time billed during the Third Interim Fee Period.

12. Annexed hereto as Exhibit 4 is Mr. Morrow's time detail by month for the Third Interim Fee Period.

## BACKGROUND

13. On May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections l 107(a) and 1108 of the Bankruptcy Code.

14. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee. The United States Trustee selected the following nine parties to serve as members of the Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

15. On September 11, 2012, Mr. Morrow filed the Application [Docket No. 1418]. On September 27, 2012, the Court entered the Order Approving Retention of J F. Morrow as Consultant to the Official Committee of Unsecured Creditors Nunc Pro Tune to September 5, 2012 (the "**Retention Order**").

## MR. MORROW'S FEE STATEMENTS

16. Mr. Morrow maintains computerized records of the time spent in connection with the representation of the Committee. Mr. Morrow submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the UST Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.[1] During the Third

---

[1] To date, Mr. Morrow has not received any objections to his Monthly Fee Statements.

3

Interim Fee Period, Mr. Morrow provided the Notice Parties with the following Monthly Fee Statements:

- For May 1, 2013 through May 31, 2013 - fees of $7,520.00 and expenses of $0.00 (the "May Statement Period");
- For June 1, 2012 through June 30, 2013 - Mr. Morrow did not incur any fees or expenses;
1. For July 1, 2013 through July 31, 2013 - Mr. Morrow did not incur any fees or expenses;
- For August 1, 2013 through August 31, 2013 – Mr. Morrow did not incur any fees or expenses.

17.    In total, Mr. Morrow submitted a Statement during the Third Interim Fee Period for fees of $7,520.00 and expenses of $0.00.

18.    In accordance with the Interim Compensation Order, Mr. Morrow sought payment for 80% of fees and 100% of expenses incurred pursuant to each Statement. With respect to the May Statement Period, Mr. Morrow received a payment of $6,016.00, representing 80% of fees requested ($7,520.00) and 100% of expenses requested ($0.00).

19.    Therefore, pursuant to this Application, Mr. Morrow respectfully requests that the Court enter an order awarding Mr. Morrow on an interim basis fees in an aggregate amount of $1,504.00, and the reimbursement of actual and necessary expenses Mr. Morrow incurred during the Third Interim Fee Period in the aggregate amount of $0.00. Mr. Morrow is requesting payment of the balance of his unpaid fees.

20.    To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Third Interim Fee Period, but were not processed prior to the preparation of this Application, Mr. Morrow reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

## SUMMARY OF SERVICES RENDERED

21.    The services rendered by Mr. Morrow during the Third Interim Fee Period are summarized below. The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in Exhibit 5. Rather, in compliance with the UST Guidelines, the following summary highlights certain areas in which services were rendered to the Committee and identifies some of the issues to which Mr. Morrow devoted significant time and effort during the Third Interim Fee Period.

**A.    Direct Testimony**
(Fees: $7,520.00/Hours Billed: 17.3)

22.    During the Third Interim Fee Period in preparation for the trial on the Debtors' motion seeking approval of the RBMS settlement, Mr. Morrow spent time drafting, editing, and revising his 112-page direct expert testimony. Outline of areas covered include overview, industry background (types of mortgage loans; the mortgage loan process; maintenance of loan files), underwriting guidelines and process, description of the loans files, loan documentation types, the re-underwriting process (process itself, personnel, information captured), opinions, rebuttal opinion and attachments. In preparation of this testimony, Mr. Morrow (i) researched maintenance of loan files; (ii) as a separate audit review, re-underwrote 74 sample loan files of the 1500 origination/purchase loan files that Sillman re-underwrote of which a different quality rating was found; (iii) documented and compared the findings 74 sample loan files of the 1500 origination/purchase loan files for the audit review with reliability between our findings and Sillman's; (iv) created back up support for each of the 40 random sample re-underwritten loan findings (644 pages) and analyze the results; (v)and created tables that exemplify the results of the audit review, the classification of the various loan categories — investment quality, investment quality with underwriting violations, and materially defective, and the analysis thereof for our findings and Sillman's.

**B.    Telephonic Conference Calls**
(Fees: $600.00/Hours Billed: 1.5)

23.    During the Third Interim Fee Period, in connection with the services provided above, Mr. Morrow attended a telephonic conference call[2] with the Court on April 11, 2013.

24.    The foregoing services performed by Mr. Morrow were appropriate and necessary to the effective administration of these cases. They were in the best interests of creditors, the Debtors' estate and other parties-in-interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The services were performed in an appropriately expeditious and efficient manner.

**ACTUAL AND NECESSARY DISBURSEMENTS OF MR. MORROW**

25.    As set forth in Exhibit 2 hereto, Mr. Morrow has no expenses during the Third Interim Fee Period.

---

2 Mr. Morrow has written off the hours that it took for preparation of the First Interim and Second Interim Fee Applications and this Third Interim Fee Application as well as the conference call with the Court for the Second Interim Fee Applications hearing. This is estimated to be at least 5 hours or $2,000.00.

5

**RELIEF REQUESTED**

26. Pursuant to the Interim Compensation Order, Mr. Morrow is hereby requesting payment of 100% of his fees earned of $7,520.00, and 100% of his expenses incurred of $0.00, for a total of $7,520.00. Mr. Morrow respectfully submits that the amount of compensation requested during the Third Interim Fee Period is reasonable considering the nature, extent and value of the professional services performed during the Chapter 11 Cases. The fees sought in this Application reflect an aggregate of 18.8 hours expended by Mr. Morrow performing necessary services. As discussed above, the rates charged by Mr. Morrow for these services are reasonable relative to rates charged by Mr. Morrow to non-bankruptcy clients and other professionals of comparable skill and competence. Mr. Morrow has undertaken efforts to minimize costs to the Debtors' estates while ensuring that the Committee receives the highest quality representation.

27. The services for which Mr. Morrow seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates. The services rendered by Mr. Morrow were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.

**NOTICE**

28. Pursuant to the Interim Compensation Order, notice of this Application has been given to the Notice Parties and the Committee submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

29. No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, Mr. Morrow respectfully requests that the Court enter an order (i) awarding Mr. Morrow the interim allowance of (a) fees for the Third Interim Fee Period in the amount of $7,520.00, and (b) reimbursement for actual and necessary expenses Mr. Morrow incurred during the Third Interim Fee Period in the amount of $0.00; (ii) authorizing and directing the Debtors to pay Mr. Morrow all unpaid fees and expenses for the Third Interim Period; and (iii) granting such other relief as is just and proper.

Dated: San Antonio, Texas
November 18, 2013

J F. Morrow
5514 Darmondale Blvd.
San Antonio, Texas 78261
Telephone: (210) 651-3749
Facsimile: (210) 651-4076

# **EXHIBIT 1**

**CERTIFICATION OF J F. MORROW**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

-----------------------------------------------------------x

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THIRD INTERIM APPLICATION OF J F. MORROW FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, J F. Morrow, hereby certify that:

1.  I am consultant to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"). I submit this application for interim compensation in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on January 23, 2013 (the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797] entered in these Chapter 11 Cases (the "Interim Compensation Order" and together with the Local Guidelines and UST Guidelines, the "**Guidelines**").

2.  This certification is made in respect of my application, dated October 30, 2013 (the "**Application**"), for interim allowance of compensation for professional services and reimbursement of expenses for the period commencing May 1, 2013 through and including August 30, 2013 (the "**Third Interim Fee Period**") in accordance with the Guidelines.

3.  In respect of Section B. l of the Local Guidelines, I certify that:
    a.  I have read the Application;
    b.  to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;
    c.  the fees and disbursements sought are billed at rates in accordance with the

       practices customarily employed and generally accepted by my clients; and

   d. in providing a reimbursable service, I do not make a profit on that service, whether the service is performed by me or through a third party.

4. In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that I have complied with the provision requiring me to provide the appropriate notice parties, on a monthly basis, with a statement of my fees and disbursements accrued during the previous month.

5. In respect of Section B.3 of the Local Guidelines, I certify that counsel for the Debtors, the chairs of the Committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of this Application.

Dated: San Antonio, Texas
October 30, 2013

                                                        J F. Morrow

# **EXHIBIT 2**

**SUMMARY OF EXPENSES**

NONE

# EXHIBIT 3

**SUMMARY OF TIME**

| Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|
| Project Code 201: Direct Testimony | 17.3 | $6,920.00 |
| Project Code 305: Telephonic Conference Calls | 1.5 | $600.00 |
| **Total Fees Incurred** | **18.8** | **$7,520.00** |
| **Less 50% Reduction for Non-Working Travel** | | **0.00** |
| **TOTAL** | | **$7,520.00** |

# EXHIBIT 3

## TIME DETAIL FOR MAY 2013 PERFORMED BY J F. MORROW

| PROJECT MATTER CODE | DATE | DESCRIPTION | DOCUMENT PAGES | HOURS | TOTAL HOURS/ AMOUNT BY DATE | DAILY CHARGE AT $400.00 PER HOUR |
|---|---|---|---|---|---|---|
| *305* | *11-Apr-13* | *Telephonic conference call with Court for the First Interim Fee Application* | | *1.5* | | |
| | | TOTAL HOURS/AMOUNT | | | 1.5 | $600.00 |
| 201 | 13-May-13 | Continue to prepare and revise direct testimony due on May 23, 2013 | 112 | 0.7 | | |
| | | TOTAL HOURS/AMOUNT | | | 0.7 | $280.00 |
| 201 | 14-May-13 | Continue to revise direct testimony due on May 23, 2013 | 112 | 5.6 | | |
| | | TOTAL HOURS/AMOUNT | | | 5.6 | $2,240.00 |
| 201 | 22-May-13 | Prepare major revisions to direct testimony due on May 23, 2013 | 112 | 11.0 | | |
| | | TOTAL HOURS/AMOUNT | | | 11.0 | $4,400.00 |
| | | **TOTAL HOURS/AMOUNT FOR THE MONTH OF MAY 2013** | | | **18.8** | **$7,520.00** |