**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**                    **FOR PUBLICATION**

In re:

        RESIDENTIAL CAPITAL, LLC, *et al*.                Case No. 12-12020 (MG)

                    Debtors.                Jointly Administered

---

## MEMORANDUM OPINION AND ORDER SUSTAINING DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY ROBERT SWEETING AGAINST GMACM (CLAIM NOS. 1360 AND 1361)

*A P P E A R A N C E S :*

Robert Sweeting
*pro se*
7071 Warner Ave., Unit F-81
Huntington Beach, CA 92647
By:     Robert Sweeting

MORRISON & FOERSTER LLP
*Counsel for the Debtors and Debtors in Possession*
1290 Avenue of the Americas
New York, New York 10104
By:     Erica Richards, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Pending before the Court is the *Debtors' Objection to Proofs of Claim Filed By Robert Sweeting Against GMAC Mortgage, LLC (Claim Nos. 1360 and 1361) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "Objection"). (ECF Doc. # 4832.) Through the Objection, Residential Capital, LLC ("ResCap") and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases") as debtors and debtors in possession (collectively, the "Debtors"), seek to disallow and expunge Proof of Claim No. 1360 (the "First Proof of Claim") and Proof of Claim No. 1361 (the "Second Proof of Claim" and, together with the First Proof of Claim, the "Claims"), each filed by Robert Sweeting, *pro se*

("Sweeting" or the "Claimant"), against GMAC Mortgage, LLC ("GMACM"). Each Claim is for the amount of $79,170,000.00. The Objection is supported by the declaration of Lauren Graham Delehey, In House Litigation Counsel at ResCap (the "Delehey Decl."). (ECF Doc. # 4832-3.) Claimant filed a response in opposition (the "Opposition," ECF Doc. # 5090), supported by the Claimant's Declaration. (ECF Doc. # 5090-3.) The Debtors filed a *Reply in Further Support of Objection* (the "Reply"). (ECF Doc. # 5237.) The Court held a hearing on October 2, 2013. Mr. Sweeting appeared telephonically.

For the reasons set forth below, the Court **SUSTAINS** the Objection and Claim Nos. 1360 and 1361 are disallowed with prejudice and expunged.

## I.    BACKGROUND

### A.    Claimant's Relationship to the Debtors

Claimant was a borrower under a loan (the "Loan") evidenced by a note (the "Note") in the principal amount of $773,500.00 executed on December 8, 2006, in favor of Fremont Investment & Loan ("Fremont"), which was secured by a Deed of Trust (the "Deed of Trust") on Claimant's home located at 16077 Crete Lane, Huntington Beach, California (the "Property"). (Delehey Decl. ¶ 4.) Claimant contends that the Loan was a forgery because his signature was forged on the loan documents and because the loan package was made up of documents from multiple attempts to get him to agree to the Loan. (Opp. at 3.) Claimant also raises various other issues with the loan, including allegations that its terms were usurious and that Fremont breached the contract by failing to deliver Claimant the proceeds of the Loan. (*Id.*)

On or about August 3, 2007, servicing of the Loan was transferred from Fremont to GMACM. (Delehey Decl. ¶ 5.) On or about September 22, 2008, as a result of Claimant's alleged continuing default under the Loan, GMACM caused the Property to be sold at a trustee's

sale, at which GMACM was the winning bidder.  (*Id.* ¶ 6.)  On November 12, 2008, GMACM

filed an unlawful detainer action against Claimant in the California Trial Court (the "Unlawful

Detainer Action"), and an order granting judgment in GMACM's favor was entered on January

9, 2009 (the "UD Judgment"), though a writ of possession was never issued.  (Reply ¶¶ 6–7.)

Pursuant to a grant deed dated March 20, 2009, GMACM transferred title to the Property to the

investor, TCIF REO GCM California, LLC, which later transferred title to Island Source II LLC,

a third party investor, on May 27, 2009.  (*Id.* ¶¶ 8–9.)  On January 13, 2011, GMACM assigned

the UD Judgment to Island Source II LLC.  (*Id.* ¶ 10.)

     Claimant denies that he was ever in default on the Loan.  (Opp. at 5.)  Claimant also

objects to classification of GMACM as "the winning bidder" at the trustee's sale, asserting that

"GMACM committed FRAUD either in obtaining judgment in the underlying wrongful

foreclosure action or in two unlawful detainer actions and in this bankruptcy court."  (*Id.*)

Specifically, Claimant asserts that GMACM has made inconsistent statements in various

proceedings whether it held title to the Property.  (*Id.*)  In support, Claimant points to the

declaration of Scott Zietz, GMACM's records custodian (the "Zeitz Declaration," attached as Ex.

9 to Opp.), submitted in support of GMACM's motion for summary judgment in the First

Sweeting Action (defined below).  Claimant contends that the Zeitz Declaration states that

GMACM never had legal title of the Property, in direct contradiction to GMACM's assertion to

the California court in the Unlawful Detainer Action that it did have legal title.  The Debtors

respond to these allegations by explaining that the Zeitz Declaration actually states that

GMACM was not the foreclosing beneficiary (i.e., the investor), but that title to the Property was

transferred to GMACM upon the sale, and was subsequently transferred to the investor.  (*See*

Reply at 5; Zeitz Decl. ¶ 24.)  According to the Debtors, GMACM then purchased the Property

at the Trustee's sale in its own name, and held title throughout the entirety of the Unlawful

Detainer Action.  (*Id.*)  In support, the Debtors attach the Deed of Sale.  (*See* Reply at Ex. 1.)

### 1.  The First Sweeting Action

On March 20, 2008, Claimant filed a complaint in the Superior Court of the State of

California, Orange County (the "California Trial Court), against Debtor GMACM and various

non-Debtor defendants, commencing an action captioned *Robert Sweeting v. Jason Kishaba, et

al.*, Case No. 30-2008-104237 (the "First Sweeting Action").  (Delehey Decl. ¶ 7.)  The

complaint alleged that the non-Debtor defendants misled Claimant about the terms of the

refinanced loans, which those defendants had originated, secured by the Deed of Trust on the

Property.  The complaint further alleged that the Loan was later sold to GMACM, which failed

to properly account for and apply Claimant's payments on the Loan, and that GMACM accepted

a payment on a forbearance plan but later rejected the plan and returned two other payments to

Claimant.

On March 24, 2008, Claimant filed a first amended complaint (the "First Amended 2008

Complaint") that repeated these same allegations and asserted causes of action for: (I)

negligence, (II) common counts, (III) breach of fiduciary duty, (IV) misrepresentation, (V)

reformation of contract, (VI & VII) two counts for breach of contract, (VIII) deceit, (IX)

cancellation of written instrument, (X) wrongful foreclosure, (XI) quiet title, (XII) violations of

the California Business and Professions Code, (XIII) violations of the Truth in Lending Act and

Federal Reserve Regulation Z, (XIV) defamation and tortious interference with credit, and (XIV)

an accounting (collectively, the "Counts").  Only the following Counts were asserted against

GMACM: (V) reformation of contract, (VI) breach of contract (one count), (IX) cancellation of

4

written instrument, (X) wrongful foreclosure, (XI) quiet title, and (XII) violations of the California Business and Professions Code.  (Delehey Decl. ¶ 7.)

On October 28, 2009, the California Trial Court granted GMACM's motion for summary judgment on the First Amended 2008 Complaint, and a judgment dismissing all of Claimant's claims against GMACM was entered on December 3, 2009 (the "Dismissal Judgment," attached as Ex. B to Delehey Decl.).  (*Id*. ¶ 8.)

On February 15, 2010, Claimant appealed the Dismissal Judgment (the "First Appeal") to the Court of Appeal for the State of California (the "California Appellate Court").  (*Id*. ¶ 9.)  The First Appeal was dismissed on May 28, 2010, for failure to deposit costs for the preparation of the record on appeal.  (*See* Delehey Decl. Ex. C.)  On June 28, 2010, Claimant was denied relief from the dismissal (*see id.*), and the California Appellate Court issued its remittitur on July 20, 2010.  (*See* Delehey Decl. Ex. B.)  On August 27, 2010, the California Appellate Court denied Claimant's motion to recall the remittitur.  (*See* Delehey Decl. Ex. E.)

On December 15, 2009, Claimant filed a second amended complaint (the "Second Amended 2008 Complaint") in the California Trial Court that again named GMACM as a defendant and alleged the same facts as the prior complaints.  (*Id*. ¶ 11.)  The Second Amended 2008 Complaint also alleged that GMACM had caused the Property to be sold at a non-judicial foreclosure sale in September 2008.  The Second Amended 2008 Complaint asserted identical causes of action to those stated in the First Amended 2008 Complaint, and added a new cause of action for defamation and tortious interference with credit, asserted against GMACM.  This claim averred that, through credit reporting agencies, GMACM had published false reports that Claimant "owes over $16 million as a result of the present foreclosure action."  (*See* Obj. ¶ 20.)

5

Claimant sought damages in the total amount of $95,004,000, including $79,170,000 on account of punitive damages.

On February 10, 2010, GMACM filed a demurrer to the Second Amended 2008 Complaint (the "Demurrer").  (*Id.* ¶ 21.)  The California Trial Court stayed the Demurrer pending the outcome of Claimant's First Appeal.  (*Id.*)

After the First Appeal was dismissed by the California Appellate Court, GMACM filed a motion to strike the Second Amended 2008 Complaint (the "Motion to Strike"), asserting that (1) Claimant had not sought leave to amend the First Amended 2008 Complaint to rename GMACM, and (2) judgment had already been entered in GMACM's favor when Claimant filed the Second Amended 2008 Complaint.  (*Id.*¶ 13.)  The motion to strike further argued that the Dismissal Judgment was now final and, accordingly, Claimant's claims against GMACM, including the new cause of action, were barred under *res judicata* and collateral estoppel.

On September 15, 2010, the California Trial Court—without specifying the grounds on which its decision was based—entered an order granting GMACM's motion to strike without leave to amend (the "Order Granting Motion to Strike," attached as Ex. H to Delehey Decl.). Claimant did not appeal the Order Granting Motion to Strike, and his time to do so has now expired.  (*Id.* ¶ 15.)  As a result, that judgment is now final.

### 2.  *The Second Sweeting Action*

On September 21, 2010, one week after entry of the Order Granting Motion to Strike, Claimant filed a new complaint (the "2010 Complaint") in the California Trial Court against GMACM thereby commencing an action captioned *Robert Sweeting v. GMAC Mortgage, LLC*, Case No. 30-2010-00410079 (the "Second Sweeting Action").  (*Id.* ¶ 16.)  The Second Sweeting Action asserted claims for (1) defamation and tortious interference with credit, (2) an accounting

6

of the debt Sweeting owed on the debt secured by his Deed of Trust, and (3) an injunction

directing GMAC Mortgage to "remove" its credit report.

On February 7, 2011, GMACM filed a demurrer to the 2010 Complaint, arguing that

each of the claims asserted in the 2010 Complaint had already been adjudicated on the merits in

the First Sweeting Action and were now barred under *res judicata* and collateral estoppel, and

that such claims were preempted by the Fair Credit Reporting Act (the "FCRA").  (*Id*. ¶ 17.)

Claimant opposed the demurrer, arguing that his claim was not barred because it arose

after the original action was filed and that he could amend to state an actionable claim under the

FCRA and a claim under California Civil Code section 1785.25(a), which the FCRA would not

preempt.  (*Id*. ¶ 18.)

After a hearing, the California Trial Court entered an order sustaining GMACM's

demurrer without leave to amend.  (*See* Delehey Decl. Ex. K.)  The California Trial Court

sustained the demurrer on *res judicata* grounds, noting that Sweeting's claims in this suit arise

from the same subject matter as his claims in the original action and that *res judicata* bars

matters that could have been, as well as those that were, litigated in the prior action.  (*Id*.)

Claimant moved for reconsideration, which was opposed by GMACM.  (*Id*. ¶ 20.)  The

California Trial Court denied the motion for reconsideration and on April 29, 2011, the

California Trial Court entered an order dismissing the Second Sweeting Action with prejudice

(the "Second Dismissal Judgment," attached as Ex. L to Delehey Decl.).  (*Id*.)

On May 4, 2011, Claimant appealed the Second Dismissal Judgment (the "Second

Appeal") to the California Appellate Court.  (*Id*. ¶ 21.)  The Second Appeal is fully briefed and

argued, but is currently stayed as a result of the imposition of the automatic stay arising under

7

GMACM's bankruptcy.  As part of his Response, Sweeting asks this Court to lift the stay to allow the appeal to be decided.  (Opp. at 17.)

### B.    The Claims

On October 16, 2012, Claimant filed the First Proof of Claim asserting a claim against GMACM in the amount of $79,170,000.00.  The basis of the claim is "wrongful foreclosure/court action" and references the case number for the First Sweeting Action.  (*See* First Proof of Claim, attached as Ex. 1-A to Obj.)  In support of the First Proof of Claim, Claimant attached only the Second Amended 2008 Complaint.

Also on October 16, 2012, Claimant filed the Second Proof of Claim asserting a claim against GMAC Mortgage in the amount of $79,170,000.00.  The basis for this claim is "mortgage note/court action/judgement [*sic*]," and references the case number for the Second Sweeting Action.  (*See* Second Proof of Claim, attached as Ex. 1-B to Obj.)  In support of the Second Proof of Claim, Claimant attached only his opening brief filed in the Second Appeal of the dismissal of the Second Sweeting Action (the "Appellate Brief").

### C.    Objection

The Debtors object to both of Sweeting's Claims, on the same two grounds.  First, the Debtors object on the grounds that the Claims fail to state a basis for liability against the Debtors. As to the First Proof of Claim, the Debtors argue that because it is based on the First Sweeting Action—a case which has been dismissed with prejudice and is now past the time to appeal—the Claim represents an attempt to re-litigate issues that have already been adjudicated by the California Trial Court and should be disallowed and expunged under the doctrines of *res judicata* and collateral estoppel, as well as the Rooker-Feldman doctrine.

As to the Second Proof of Claim, the Debtors recognize that it is not directly barred by the doctrines of *res judicata* and collateral estoppel because the Second Dismissal Judgment is not final under California law while the Second Appeal remains pending.  Nonetheless, the Debtors argue that the Second Proof of Claim should be indirectly barred under those doctrines because it is based on Claimant's 2010 Complaint, which the California Trial Court dismissed as barred under the doctrines of *res judicata* and collateral estoppel due to the final adjudication of the First Sweeting Action.  The Debtors assert that allowing the claim now, "simply because there is an appeal pending would allow Claimant to circumvent the principles of finality both those doctrines and the Bankruptcy Code itself are designed to promote." (Obj. ¶ 47.)  The Debtors also argue that, in any case, the Rooker-Feldman doctrine bars the Second Proof of Claim.

As a second ground for their objection, the Debtors assert that the Claims are not supported by sufficient documentation.  According the Debtors, the documents submitted with the Claims—the Second Amended 2008 Complaint and the Claimant's briefing filed in the Second Appeal—are insufficient to establish any basis for liability by the Debtors, especially in the amount alleged.

### D.    Response

Sweeting filed an opposition in response to the Debtor's Objection.  In the opposition, Sweeting reiterates his state court claims.

As to the First Proof of Claim, Sweeting argues that it is not barred for four reasons: (1) the underlying judgment was procured by fraud and that court action is still being prosecuted against other defendants, which may allow claims against GMACM to be reasserted on the grounds of contempt of court; (2) GMACM abused the process of the Orange County Superior

Court in order to allow a successor in title, Island Source II, to evict Sweeting by allowing it to use its fraudulent judgment in the first Unlawful Detainer Action; (3) Sweeting recently discovered that GMACM owns Executive Trustee Service, the company which performed the physical foreclosure, when a review of the GMACM file would indicate there were substantial problems with the Loan; and (4) MERS, which is still a defendant in the wrongful foreclosure action, has an indemnity agreement with GMACM, with Sweeting being a foreseeable and intended beneficiary of that agreement.[1]

As to the Second Proof of Claim, Sweeting states that it is based on specific performance and monetary relief arising from a report by GMACM to credit reporting agencies that Sweeting owes it $16.7 million. Sweeting requests that the stay be lifted so that the appeal in the underlying case can proceed. He contends that he does not owe GMACM any money under any legal theory and that his claim is not dischargeable under Bankruptcy law because it is a debt for willful and malicious injury.[2]

### E.    Debtors' Reply

In their Reply, the Debtors reiterate their arguments based on claim and issue preclusion. Further, the Debtors assert that Claimant failed to rebut any of the evidence submitted by the Debtors in the Objection, which placed the burden back on Claimant to establish the validity of his Claims. Therefore, the Claimant has failed to carry his burden of proving the existence of a valid claim against the Debtors.

---

[1]    The last two of these arguments can be dismissed without lengthy discussion. As to Claimant's third argument, the fact that Executive Trust Services is a subsidiary of GMACM is irrelevant to the issue whether GMACM is directly liable to Claimant. As to Claimant's fourth argument, any indemnity between GMACM and MERS would not give Claimant any rights against GMACM, and is therefore also irrelevant to the issue whether Claimant has a valid claim against GMACM.

[2]    The Claimant confuses the issue of dischargeability with claim allowance. The Court concludes that the First and Second Proofs of Claim fail to state a basis for liability of the Debtors, therefore the Court need not address dischargeability of those claims.

## II. DISCUSSION

### A.    Res judicata

*Res judicata*, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Furthermore, in the bankruptcy context, the court must also consider "whether an independent judgment in a separate proceeding would 'impair, destroy, challenge, or invalidate the enforceability or effectiveness' of the reorganization plan." *Corbett v. MacDonald Moving Servs., Inc.,* 124 F.3d 82, 88 (2d Cir. 1997) (quoting *Sure-Snap Corp. v. State St. Bank and Trust Co.,* 948 F.2d 869, 875–76 (2d Cir. 1991)). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted).

Under California law, "[o]nly a final judgment on the merits between the same parties or their privies and upon the same cause of action is entitled to the res judicata effect of bar or merger." *Busick v. Workmen's Comp. Appeals Bd.*, 500 P.2d 1386, 1391–92 (Cal. 1972). "In California, a 'cause of action' is defined by the 'primary right' theory. 'The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.'" *Amin v. Khazinder*, 5 Cal Rptr. 3d 224, 229 (Cal. Ct.

11

App. 2003) (quoting *Crowley v. Katleman*, 881 P.2d 1083, 1090 (Cal. 1994). Thus, *res judicata*

under California law can be said to require: (1) a final judgment on the merits; (2) privity

between the parties in the prior action and the present action; and (3) the same primary right at

issue in the present action as in the prior action.

When the elements for *res judicata* are satisfied, bankruptcy courts may look behind a

state court decision only where such judgment was obtained by fraud or collusion, or where the

state court lacked jurisdiction.  *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987)

(citations omitted).  "'[F]raud in the procurement of a judgment' sufficient to warrant relief

therefrom is properly identified with 'fraud on the court,' *i.e.* 'fraud which is directed to the

judicial machinery itself and is not fraud between the parties . . . ."  *In re Laing*, 945 F.2d 354,

358 (10th Cir. 1991) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (en

banc)) (denying reconsideration of state court judgment where alleged fraud "was not . . .

*directed at* the *state court* that rendered the judgment" but instead "related to the events that

made up the *subject matter* of the state court action").

### 1. The First Proof of Claim Is Barred by Res Judicata

The First Proof of Claim, on its face, is based on the Second Amended 2008 Complaint in

the First Sweeting Action, and is barred by *res judicata*.  All three elements required for

application of that doctrine have been met.  First, because the time to appeal has passed, the

Dismissal Judgment and the Order Granting Motion to Strike operate as final judgments on the

merits in the First Sweeting Action.  *See* CAL. CIV. PROC. CODE § 904.1 (West 2013); *Roden v.

AmerisourceBergen Corp.*, 29 Cal. Rptr. 3d 810, 813–14 (Cal. Ct. App. 2005) (holding that a

post-judgment order can be considered final and appealable).  Second, Claimant was the plaintiff

in the First Sweeting Action and is the party asserting the First Proof of Claim here; GMAC

Mortgage was a named defendant in the First Sweeting Action and is the party against whom the

First Proof of Claim is asserted. And third, the claims involved in the First Proof of Claim are

identical to those at issue in the First Sweeting Action—indeed, the only documentation

supporting the First Proof of Claim is the Second Amended 2008 Complaint that was filed in

connection with the First Sweeting Action and subsequently dismissed with prejudice.

Sweeting is not aided by his argument that the underlying judgment was procured by

fraud. His argument here is two-fold. First, he asserts that GMACM committed fraud by

submitting inconsistent statements about its ownership of the Property in the Unlawful Detainer

Action and in the First Sweeting Action, as well as before this Court. Sweeting argues that he

therefore may be able to reassert claims against GMACM in the First Sweeting Action—which is

still proceeding as to two defendants—on grounds of contempt of court. (Opp. at 9.) Second,

Sweeting alleges that GMACM abused the legal process by allowing its successor in title to evict

him using the "fraudulent judgment" obtained in the Unlawful Detainer Action, and that this

abuse of process represents sufficient cause for looking past the state court judgment. (Opp. at

10.) However, as detailed above, the Debtors did actually hold title during the Unlawful

Detainer Action. (*See* Reply ¶ 15 & Ex. 1.) Further, these allegations of fraud were already

raised by the Claimant in the First Sweeting Action, which was dismissed by the California Trial

Court. Sweeting does not get to relitigate this issue. Sweeting also does not appear to allege any

"fraud on the court" by GMACM, and even if he does, he did not submit any proof to that effect.

## 2.  *The Second Proof of Claim Is Not Barred by Res Judicata*

In contrast to the First Proof of Claim, the Second Proof of Claim is based on the Second

Sweeting Action and is not barred by *res judicata*. The California Trial Court's dismissal of the

Second Sweeting Action—based on *res judicata* and collateral estoppel—cannot be given

preclusive effect; that judgment is not final so long as the Second Appeal remains pending. *See People v. Mitchell Bros.' Santa Ana Theater*, 101 Cal. App. 3d 296, 306 (Cal. Ct. App. 1980). Even the Debtors admit as much. But the Debtors argue on policy grounds that the Claimant should nonetheless be barred from relitigating the Second Sweeting Action, because the California Trial Court already dismissed the 2010 Complaint under *res judicata* and collateral estoppel grounds.

According to the Debtors, the only reason the Second Proof of Claim is not barred by *res judicata* is because Claimant's appeal of the dismissal of the Second Sweeting Action has been stayed due to this bankruptcy case. The Debtors argue that to allow Claimant to assert these claims here in this Court "simply because there is an appeal pending would allow Claimant to circumvent the principles of finality [the doctrines of *res judicata* and collateral estoppel] and the Bankruptcy Code itself are designed to promote." (Obj. ¶ 47.) The Debtors' argument, however, is not based on any case law and is unpersuasive. The elements for invoking *res judicata* are well settled and require a final adjudication on the merits. Further, the Second Appeal is not stayed due to any act on the part of the Claimant; the appeal is stayed because the Debtors filed for the protection of chapter 11 of the Bankruptcy Code. In fact, the Claimant has asked this Court—albeit informally in his papers—to lift the stay to allow the Second Appeal to move forward. (Opp. at 17.) Therefore, it is inaccurate to state that the Claimant is using the Bankruptcy Code as a way to circumvent the jurisdiction of the California courts.

As an additional matter, the Court does not believe the claims asserted in the Second Sweeting Action are properly barred by *res judicata* under California law. The causes of action asserted therein are related to facts that were raised for the first time in the Second Amended 2008 Complaint, dismissed pursuant to the Order Granting Motion to Strike. But it cannot be

14

said that the Order Granting Motion to Strike operated as a final judgment on the merits

sufficient to preclude litigation of these claims.  Significantly, two grounds were offered in

support of the motion to strike, one procedural (filing after the Dismissal Judgment was entered

in GMACM's favor), and the other substantive (*res judicata*).  But the Order Granting Motion to

Strike does not specify the ground or grounds on which the motion was granted.  "Accordingly,

[the Court has] no basis for knowing whether the state court based its decision on alternative

grounds or whether it based its decision on substantive or procedural grounds alone."  *KPOD,*

*Ltd. v. Patel*, 35 Fed. App'x. 514, 516 (9th Cir. 2002).  Since this Court cannot ascertain the

California Trial Court's basis for granting the motion to strike, the Order Granting Motion to

Strike cannot be used to bar the present action.  *See Henn v. Henn*, 161 Cal. Rptr. 502, 506 (Cal.

Ct. App. 1980).  The Debtors argued at oral argument, as they do in their appellate brief, that it

would be proper for this Court to infer that the motion to strike was granted on both grounds.

This is an inaccurate statement of California law.  In the case cited by the Debtors, *Wall v.*

*Donavan*, the court held that where a judgment is based on alternative grounds, both grounds are

properly deemed adjudicated.  169 Cal. Rptr. 644, 646 (Cal. Ct. App. 1980).  The facts of this

case are distinguishable because *no* basis for the decision was provided.  Therefore, the Order

Granting Motion to Strike does not operate as a final judgment on the merits.

### B.    Collateral Estoppel

Collateral estoppel, or issue preclusion, is distinct from *res judciata*.  "[U]nder collateral

estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision

may preclude relitigation of the issue in a suit on a different cause of action involving a party to

the first case."  *Burgos v. Hopkins*, 14 F.3d at 789 (quoting *Allen*, 449 U.S. at 94).  As with *res*

*judicata*, this Court applies the California law of collateral estoppel when presented with a

California state court judgment. *Allen*, 449 U.S. at 96. Under California law, there are five threshold requirements for application of collateral estoppel:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990). "The identical issue requirement addresses whether identical factual allegations are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Id.* (quotation marks omitted).

### 1. The First Proof of Claim Is Barred by Collateral Estoppel

The First Proof of Claim necessarily is based on identical factual allegations as in the First Sweeting Action because the sole supporting documentation for the Claim is the Second Amended 2008 Complaint that was filed in connection with the First Sweeting Action and dismissed with prejudice by the California Trial Court. Claimant was the plaintiff in the First Sweeting Action and is the party asserting the First Proof of Claim here. Because the time to appeal has passed, the Dismissal Judgment and the Order Granting Motion to Strike operate as final judgments on the merits in the First Sweeting Action. *See* CAL. CIV. PROC. CODE § 904.1 (West 2013); *Roden*, 29 Cal. Rptr. 3d at 813–14. Lastly, a determination regarding the validity of the claims asserted against GMAC Mortgage in the First Sweeting Action was necessary for the dismissal. Thus, Claimant had a full and fair opportunity to litigate the issues in the prior action. Accordingly, the First Proof of Claim is subject to disallowance and expungement on the basis of collateral estoppel.

2.   *The Second Proof of Claim Is Not Barred by Collateral Estoppel*

Only the First Proof of Claim is subject to disallowance on collateral estoppel grounds.

Attached to the Second Proof of Claim is Claimant's Appellate Brief—an appeal from a

judgment that is not final so long as the Second Appeal remains pending.  Under California law,

only facts decided in a final judgment on the merits can be precluded from relitigation under

collateral estoppel.  *Lucido*, 795 P.2d at 1225.  Additionally, the facts alleged in the Second

Sweeting Action cannot be barred by collateral estoppel by virtue of the Order Granting Motion

to Strike dismissing the Amended 2008 Complaint.  As explained above, this Court has no way

of knowing whether any of the facts at issue in the Second Sweeting Action were considered by

the California Trial Court when it summarily dismissed the Amended 2008 Complaint.

Therefore, the Second Proof of Claim is not barred by collateral estoppel.

**C.    Rooker-Feldman Doctrine Does Not Bar the Court from Deciding the Merits
of the Underlying Claims in the Second Sweeting Action**

The Rooker-Feldman doctrine bars the exercise of federal court jurisdiction "over claims

that effectively challenge state court judgments."  *Wilson v. Deutsche Bank Nat'l Trust (In re

Wilson)*, 410 F. App'x 409, 410 (2d Cir. 2011).  The doctrine is premised upon two United States

Supreme Court decisions: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of

Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  According to *Rooker*, *Feldman*,

and their progeny, a federal trial court cannot sit in the place of a court of appeal reviewing facts

or determinations made by state courts.  *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d

77, 83–84 (2d Cir. 2005).  *See also In re Robinson*, 265 B.R. 722, 728 (6th Cir. B.A.P. 2001)

(applying Rooker-Feldman doctrine in context of objection to proof of claim); *In re Abboud*, 237

B.R. 777, 780 (10th Cir. B.A.P.1999) (affirming bankruptcy court's refusal to disallow claim

pursuant to application of Rooker-Feldman doctrine).  Rooker-Feldman also may apply "over a

17

suit that is a d*e facto* appeal from a state court judgment" because in such circumstances, "the district court is in essence being called upon to review the state court decision." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (internal quotations omitted).

In 2005, the United States Supreme Court squarely addressed the principles of the Rooker-Feldman doctrine for the first time since the *Feldman* decision. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005). In *Exxon Mobil*, the Supreme Court set forth the following rule of application for the doctrine: "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id*. at 284. From the Supreme Court's decision in *Exxon Mobil*, the Second Circuit extrapolated four requirements for application of the Rooker-Feldman doctrine: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced." *Wilson*, 410 F. App'x at 410 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Hoblock*, 422 F.3d at 85). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *Hoblock*, 422 F.3d at 85.

Because the Court has already held that the First Proof of Claim is barred by general preclusion principles, the discussion here will focus only on the Second Proof of Claim. The stated basis for Sweeting's Second Proof of Claim is "mortgage note/court action/judgment [sic]," and the sole supporting documentation is Claimant's Appellate Brief filed after the

18

dismissal of the Second Sweeting Action. (*See* Second Proof of Claim, attached as Ex. 1-B to Obj.) The Second Sweeting Action was dismissed with prejudice when the California Trial Court sustained—on *res judicata* grounds—GMACM's demurrer, without leave to amend. (*See* Ex. K and L to Delehey Decl.) Sweeting argues in his Appellate Brief that (1) the California Trial Court incorrectly applied *res judicata* to bar his claims, and (2) the California Trial Court incorrectly denied him leave to amend, since he can assert valid claims under the FCRA. (*See* Obj. Ex. 1-B.)

By attaching his Appellate Brief to the Second Proof of Claim, Claimant appears to be asking this Court to review the California Trial Court's decision that the Second Sweeting Action was barred by *res judicata*. This request certainly satisfies the first three elements of the Rooker-Feldman doctrine: Claimant lost in state court, complains of injuries caused by the state court's decision, and invites this Court to reject that decision. Additionally, following a recent Second Circuit decision, the Court will "assume without deciding that *Rooker–Feldman* applies when a state trial court renders its judgment prior to the plaintiff filing suit in federal court—irrespective of the status of the plaintiff's appeals in the state court system." *Gabriele v. Am. Home Mortgage Servicing, Inc.*, 503 F. App'x 89, 92 (2d Cir. 2012). Thus, the fourth element for application of the Rooker-Feldman doctrine would apply—notwithstanding the currently stayed appeal—and this Court would be barred from reviewing the decision of the California Trial Court.

But the Rooker-Feldman doctrine does not deny this Court jurisdiction over deciding, in the first instance, whether the Second Proof of Claim sufficiently establishes a basis for liability on the part of the Debtors. "[T]he applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims (which is, generally speaking, the focus of ordinary preclusion law), but rather on the *causal relationship* between the state

court judgment and the injury of which the party complains in federal court." *McKithen v. Brown (McKithen I),* 481 F.3d 89, 97–98 (2d Cir.2007) (italics in original). "[A] party is not complaining of an injury 'caused by' a state court judgment when the exact injury of which the party complains in federal court existed *prior* in time to the state court proceedings, and so could not have been 'caused by' those proceedings." *Id.* at 98. The injury complained of here is the California Trial Court's determination that the Second Sweeting Action was barred by *res judicata.* Thus, at most, Rooker-Feldman would bar this Court from deciding whether that state court decision was correct. But Rooker-Feldman notwithstanding, this Court can still decide whether the claims underlying the Second Sweeting Action fail to state a basis for liability on the part of the Debtors.

### D.      The Proofs of Claim Do Not Support Any Liability by the Debtors

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon

filing a proof of claim.  The objecting party is thereafter required to produce evidence equal in

force to that provided by the claimant to rebut the presumption of the claimant's prima facie

case.  *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector

must produce evidence which, if believed, would refute at least one of the allegations that is

essential to the claim's legal sufficiency.").  If the objecting party satisfies that requirement, the

burden then shifts back to the claimant to produce additional evidence to prove the validity of the

claim by a preponderance of the evidence.  *Id.* at 174.

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if

"unenforceable against the debtor and property of the debtor, under any agreement or applicable

law."  To determine whether a claim is allowable by law, bankruptcy courts look to "applicable

nonbankruptcy law."  *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

In support of his claims, Sweeting submitted only court filings from the California causes

of action.  A copy of the Second Amended 2008 Complaint was submitted in support of the First

Proof of Claim.  The Debtors objected to the First Proof of Claim as barred under *res judicata*,

collateral estoppel, and the Rooker-Feldman doctrine, shifting the burden back to the Claimant to

prove, by a preponderance of the evidence, the viability of this claim.  Claimant's Opposition

failed to carry this burden.  As explained above, the First Proof of Claim is based on claims that

are barred by claim and issue preclusion, and therefore cannot be the basis of liability on the part

of the Debtors.

In support of the Second Proof of Claim, Sweeting submitted his Appellate Briefing filed

in the Second Appeal, addressing the California Trial Court's dismissal of the 2010 Complaint.

Even assuming the claims brought in the 2010 Complaint are not barred under preclusion

principles, Claimant fails to carry his burden of establishing liability by the Debtors.

The 2010 Complaint asserted claims against GMACM for (1) defamation and tortious interference with credit, (2) an accounting of the debt Sweeting owed on the debt secured by his Deed of Trust, and (3) an injunction directing GMAC Mortgage to "remove" its credit report. The last two of these claims plainly fail to assert a claim as against the Debtors; GMACM states that Sweeting does not owe it any debt, and a request for an injunction plainly cannot form the basis for a claim against the Debtors.

The claim for defamation and tortious interference is based on a 2009 Experian credit report (the "Credit Report," attached as Ex. 14 to Opp.), in which Sweeting asserts that GMACM incorrectly reported a $16 million debt. Sweeting claims that GMACM has repeatedly refused his requests to remove the entry. But the Credit Report actually states that the mortgage was foreclosed upon and that there is a balance of "$0," as of September 2008. It lists a balloon payment of $16,220,717, due January 2037, and states that it will continue on record until December 2013. It also states that the information was disputed by the consumer and that the item was verified and updated in May 2009. Sweeting's claims based on this report are unclear. He asserts that he has lost business because of his credit history, but he does not explain how this relates to liability by GMACM. GMACM does not create or control the credit report created by Experian. Based on these allegations alone, Claimant has failed to carry his burden to show a viable claim against the Debtors.

In his Appellate Brief, Sweeting "concurs that he failed to state a cause of action in the Complaint for tortious interference with credit." Appellate Brief at 22. Nevertheless, he asserts that he can amend to allege facts sufficient to state causes of action under the FCRA (15 U.S.C. § 1681s-2(b)) and California Civil Code section 1785.25(a). The Court will address these causes of action in turn.

22

In order to state a claim under 15 U.S.C. § 1681s-2(b), the Claimant must show: "(1) [he] sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information." *Armour v. Sallie Mae, Inc.*, No. 10-3740, 2010 WL 3724524 at *2 (D.N.J. Sept. 14, 2010); *see also Sanai v. Saltz*, 88 Cal. Rptr. 3d 673, 686–87 (Cal. Ct. App. 2009). Sweeting has failed to state a claim under section 1681s-2(b) because he has not provided any evidence that GMACM failed to investigate the allegedly inaccurate information reported by Experian. In fact, the report submitted by Sweeting expressly states that the account information was disputed by the consumer, and subsequently "verified and updated on May 2009."

California Civil Code section 1785.25(a) provides: "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." Cal. Civ. Code § 1785.25. The Ninth Circuit has held that this section is not preempted by the FCRA. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888–89 (9th Cir. 2010). Nevertheless, Sweeting has failed to state a claim under section 1785.25(a) because he has not shown that GMACM reported false information to Experian, or that GMACM knew or should have known such information was incomplete or inaccurate. In his Appellate Brief, Sweeting plainly states: "the information provided by [GMACM] is false." Appellate Brief at 27. Even assuming these bare allegations were enough to establish the inaccuracy of the reported information, Sweeting has not shown that GMACM knew or should have known such information was false.

For the above reasons, the Second Proof of Claim fails to state a basis for liability on the part of the Debtors.

### E.    The Court Will Not Lift the Automatic Stay to Allow the California Appeal to Proceed

Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not, however, define the phrase "for cause."  In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the following factors (the "*Sonnax* Factors"):

(1)    whether relief would result in a partial or complete resolution of the issues,
(2)    the lack of any connection with or interference with the bankruptcy case,
(3)    whether the other proceeding involves the debtor as a fiduciary,
(4)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action,
(5)    whether the debtor's insurer has assumed full responsibility for defending the action,
(6)    whether the action primarily involves third parties,
(7)    whether litigation in another forum would prejudice the interests of other creditors,
(8)    whether the judgment claim arising from the other action is subject to equitable subordination,
(9)    whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor,
(10)    the interests of judicial economy and the expeditious and economical resolution of litigation,
(11)    whether the parties are ready for trial in the other proceeding and
(12)    the impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re New York Medical Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).  Not all of the *Sonnax* Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis.  *Spencer v. Bogdanovich (In re Bogdanovich)*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999)).

In a request for stay relief, the moving party bears the initial burden to demonstrate that "cause" exists to lift the stay. *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (internal quotation omitted).

If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested. "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *In re Leibowitz,* 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); *see also Lawrence v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 10 Civ. 36 (RJH), 2010 WL 4966018, at *4 (S.D.N.Y. Nov. 17, 2010).

Under section 362(d)(1), Sweeting bears the initial burden of showing "cause" to lift the stay. *In re Mazzeo*, 167 F.3d at 142. "If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection." *In re Sonnax*, 907 F.2d at 1285. Not all of the *Sonnax* Factors apply in the instant case, but the relevant *Sonnax* Factors weigh in favor of maintaining the automatic stay.

First, stay relief might not result in a partial or complete resolution of the issues (*Sonnax* Factor No. 1). Even if Sweeting were to win an appeal of the dismissal of the Second Sweeting Action, he would still have to come back to this Court to prove the merits of his claim. Second, lifting the stay is connected to and will interfere with the Debtors' chapter 11 cases (*Sonnax* Factor No. 2). Litigation in non-bankruptcy courts would hinder the Debtors' attempts to reorganize by forcing the Debtors to utilize time and resources that would otherwise be spent in

resolution of the Debtors' chapter 11 cases.  Third, the California Appeal does not primarily

involve third parties; GMACM is the only named defendant in the pending Second Appeal

(*Sonnax* Factor No. 6).  Fourth, litigation in another forum would prejudice the interests of other

creditors (*Sonnax* Factor No. 7).  Requiring the Debtors to continue litigation in California would

upend the "strong bankruptcy code policy that favors centralized and efficient administration of

all claims in the bankruptcy court . . . ."  *Public Indus. Inc. v. United States (In re Cuyahoga*

*Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992).  Any litigation costs would diminish the

bankruptcy estate.  Sweeting must be treated as any other unsecured creditors and litigate his

claims in this Court along with the Debtors' other similarly situated creditors.  Fifth, the interests

of judicial economy and economical resolution of the actions are best served by maintaining the

automatic stay (*Sonnax* Factor No. 10).  As discussed above, stay relief would only result in

adjudication of Sweeting's ability to bring the claims in the Second Sweeting Action; the actual

merits of the claims will still have to be litigated and decided.  Resolution of these issues would

be costly in terms of both judicial resources and the value of the bankruptcy estate.  For all of

these reasons, the *Sonnax* factors weigh in favor of denying relief from the automatic stay.

**CONCLUSION**

For all of the above reasons, the Court **SUSTAINS** the Objection and Sweeting's First

and Second Proofs of Claim (Claim Nos. 1360 and 1361) are **DISALLOWED** with prejudice

and **EXPUNGED**.

**IT IS SO ORDERED.**

Dated:    November 19, 2013
          New York, New York

                                                    _Martin Glenn_
                                              MARTIN GLENN
                                        United States Bankruptcy Judge