UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | |
|---|---|
| In re: )<br>)<br>**RESIDENTIAL CAPITAL, LLC, et al.,** )<br>**(MG)** )<br>)<br>                  **Debtors** )<br>-------------------------------------------)<br>)<br>M. FRANCINE MODDERNO )<br>         Plaintiff, *pro se* )<br>      v. )<br>)<br>**RESIDENTIAL CAPITAL LLC./ RESIDENTIAL** )<br>**FUNDING, LLC, GMAC MORTGAGE, LLC, et al** )<br>         Defendant(s) ) | Chapter 11<br><br>Case No. <u>12-12020</u><br><br>Jointly Administered<br><br><br><br><br>Assigned to:  Hon. Martin Glenn<br>                   US Bankruptcy Judge |

### Note to Judge Glenn Regarding the Attached Response to Defendants Supplemental Omnibus Reply

The Court ruled in the hearing of this matter on November 15, 2013, that Plaintiff first file this response in writing with the Court and with Defendants' Council before ruling on it. As this Response was prepared for oral argument, Plaintiff prepared it in the informal first voice.

Respectfully submitted,

_____
M. Francine Modderno, *pro se*
17147 Needles Court
Leesburg, VA 20`76
(703) 669-8687



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Case No. <u>12-12020</u> |
| (MG) ) | |
| Debtors ) | Jointly Administered |
| ) | |
| M. FRANCINE MODDERNO ) | |
| Plaintiff, *pro se* ) | |
| v. ) | |
| ) | Assigned to:  Hon. Martin Glenn |
| RESIDENTIAL CAPITAL LLC,/ RESIDENTIAL ) | US Bankruptcy Judge |
| FUNDING, LLC, GMAC MORTGAGE, LLC, et al ) | |
| Defendant(s) ) | |

[RECEIVED NOV 3  U.S. BANKRUPTCY COURT SO DIST OF NEW YORK]

---

## PLAINTIFF'S RESPONSE TO DEBTORS' SUPPLEMENTAL OMNIBUS REPLY IN SUPPORT OF DEBTORS' THIRTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS – BOOKS AND RECORDS)

I would like to respond to the Debtors' Supplemental Omnibus Reply to my Objection to expunging my claim in this case.

The Defendants are basing their argument for expungement on res judicata, because of a previous foreclosure case against them that I filed in Virginia on September 6th, 2011. They have burdened this Court with voluminous documents to read that I believe are irrelevant to this action and, because my case here is very narrow -- and, I believe, -- very simple.

I'm not fighting foreclosure here, or any case directed against me personally. What I'm fighting is a different kind of case. I am contesting here the right of this court to legally sell or otherwise dispose of this property, or to appoint a servicer , or to perform any actions whatsoever regarding the property, because title to the property is clouded due to the robosignature on the mortgage note. The robosignature has rendered the mortgage note invalid. Not only may this Court not sell the property, but no one can sell the property.

I have 6 points to make to support my contention that the Bankruptcy Court cannot sell or otherwise dispose of this property, and that the Bankruptcy Court must remove the property

from the Defendants' assets in this case.

Point 1:

According to federal case law that the Defendants are now subject to, which was established in United States, et al, versus Bank of America, et al, filed in the District of Columbia on April 4th, 2012, I believe that anyone trying to sell this property now would be attempting fraud either knowingly (as what appears to be in the case of Residential Funding), or unknowingly (as in the case of a third party who might innocently buy the property from Residential Funding). And anyone buying the property would not be able to obtain, or prove, their right to ownership of the property, as the title is clouded due to the robosignature on the mortgage note. Defendants themselves can't prove their right to ownership because of the cloud on the title.

Point 2.

The copy of the mortgage note with robosignature that I presented as my Exhibit A is a printed-out copy of the original mortgage note from case documents scanned online by the court that heard the previous foreclosure case I filed on September 6th, 2011. The mortgage note scanned online as evidence in that case was submitted by GMAC itself as the original mortgage note. That original mortgage note can be viewed online via the Pacer service or the court's online service. It was scanned as an exhibit for the Defendants' Motion to Dismiss the previous foreclosure case. I have here the web address of the note, if the Court wishes to view it.

https://ecf.vaed.uscourts.gov/docl/18913843548

Point 3.

Even if I were fighting the same issue here, or even if I personally weren't able to pursue my case due to res judicata, I believe it doesn't matter anyway. Independent of whatever my own issues about the property might be, the mortgage note is invalid, period, and this Court has no right to, and cannot, dispose of the property due to the robosignature on the mortgage note.

<u>Point 4.</u>

I ask the Court to turn its attention to the Defendant's Exhibit 2. As the Court can plainly see, the copy of the Mortgage Note presented by the Defendants in this case as their Exhibit 2 obviously has been manipulated, because the robosignature at the bottom of the original note's last page has mysteriously disappeared from this copy of the note. It looks to me as if the signatures on the original Mortgage Note, including the robosignature, have been whited out, or otherwise removed or disguised. This is not an exact copy of the original note that was presented by Defendants themselves in the previous foreclosure case, which, as I say, can be viewed online by anyone.

<u>Point 5.</u>

The Defendants' Exhibit 2, their copy of the Mortgage Note presented here, has a stamp on the first page attesting that the copy is --- Quote -- A Certified True Copy- - Unquote. It appears to me that this may be an attempted fraud upon the Court itself, as this copy is not a true copy of the original Mortgage Note that the Defendants presented in the previous foreclosure case. And, it seems to me, according to my untrained view of the law, this constitutes perjury on the Defendants' part.

<u>Point 6.</u>

It appears that Defendants don't want to, or cannot, stop attempting fraud. Upon my information and belief, it is the cost of defending numerous lawsuits around the country due to its fraudulent manipulation of mortgage documents and assignments, that has caused the Defendants' need to file bankruptcy. In my case, they have obviously attempted fraud in at least three ways:

1. by claiming ownership of this property via a mortgage note bearing an invalid --- and, according to the case law they are now subject to -- an illegal robosignature;

2. by presenting a doctored copy of the mortgage note to the Court; and

3. by presenting Exhibit 2, their copy of the note as a certified true copy, which it is not.

According to my understanding, fraud committed in a bankruptcy case is serious, and my view is that the Defendants deserve to suffer whatever consequences are prescribed for fraud in bankruptcy. Residential Funding is seriously infected with fraud, which, according to my understanding, is the very reason for this bankruptcy.

<u>To sum up,</u> -- one, I am not fighting a foreclosure case here, or any case against direct injury to myself, *per se*; and two, whether or not this is re judicata doesn't matter anyway because the mortgage note is invalid, period. And that fact prohibits this Court from doing anything with the property, no matter how it may or may not affect me personally.

RESPECTFULLY SUBMITTED,

M. Junius Addins
17147 NEEDLES COURT
LEESBURG, VA 20176
(703) 669-8687