**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

**ORDER GRANTING DEBTORS' FORTY-FIFTH OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY– PROPERTY TAX CLAIMS)**

Upon the forty-fifth omnibus claims objection, dated September 20, 2013 [Docket No. 5157] (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Tax Claims on the grounds that each No Liability Tax Claim represents a tax obligation for which the Debtors have no liability, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Forty-Fifth Omnibus Claims Objection.

*Declaration of Deanna Horst in Support of Debtors' Forty-Fifth Omnibus Objection to Claims (No Liability – Property Tax Claims)*, annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that each No Liability Tax Claim listed on **Exhibit A** annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the No Liability Tax Claims identified on the schedule annexed as **Exhibit A** hereto; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on **Exhibit A** annexed to this Order, and the Debtors' and all party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on **Exhibit A** annexed hereto; and it is further

2

ORDERED that this Order shall be a final order with respect to each of the No Liability Tax Claims identified on **Exhibit A**, annexed hereto, as if each such No Liability Tax Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

**Dated:**  November 20, 2013
   New York, New York

   /s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY PROPERTY TAX (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | ALAMEDA COUNTY TAX COLLECTOR<br>1221 OAK STREET<br>OAKLAND, CA 94612 | 5896 | 11/26/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor was not a property owner. Debtors acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 2 | HARRISON COUNTY TREASURER<br>HARRISON COUNTY<br>245 ATWOOD ST STE 213<br>CORYDON, IN 47112 | 7162 | 08/27/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant provided insufficient documentation to establish validity of claim. |
| 3 | Hunt County<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 4880 | 11/16/2012 | $0.00<br>$0.00<br>$38,718.22<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; (ii) Debtor was not a property owner. Debtors acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 4 | Hunt County<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 6951 | 08/12/2013 | $0.00<br>$0.00<br>$36,770.99<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; (ii) taxes have been paid and satisfied by Debtors. |
| 5 | OAKLAND COUNTY TREASURER<br>1200 N TELEGRAPH RD<br>DEPT. 479<br>PONTIAC, MI 48341 | 69 | 06/01/2012 | $0.00<br>$0.00<br>$50,927.78<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | (i) Debtors' books and records do not indicate any basis for liability with respect to subject property; (ii) Debtor was not a property owner. Debtors acted only as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-FIFTH OMNIBUS OBJECTION - NO LIABILITY PROPERTY TAX (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 6 | St. Johns County Tax Collector, Dennis W. Hollingsworth PO Box 9001 St Augustine, FL 32085-9001 | 146 | 06/21/2012 | $0.00 $0.00 $1,642,899.54 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Pursuant to Bankruptcy Code section 502(b)(3), the claim is disallowed in its entirety as the Debtors have abandoned the real property and the estates' interest in the property is therefore zero. |
| 7 | TOWN OF BUXTON 185 PORTLAND RD BUXTON, ME 04093 | 5910 | 11/26/2012 | $0.00 $0.00 $210,076.65 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the proof of claim were for a period of time after the loan was paid off or after the Debtors' Real Estate Owned (REO) was sold. |