**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------

### ORDER GRANTING DEBTORS' FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS – BOOKS AND RECORDS)

Upon the forty-seventh omnibus objection to claims, dated September 20, 2013 [Docket No. 5159] (the "Forty-Seventh Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-captioned Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Claims on the basis that such claims fail to articulate any legal or factual justification for asserting a claim against the Debtors, all as more fully described in the Forty-Seventh Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Forty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Forty-Seventh Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Forty-Seventh Omnibus Claims Objection.

the Forty-Seventh Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Forty-Seventh Omnibus Claims Objection and the *Declaration of Deanna Horst in Support of Debtors' Forty-Seventh Omnibus Objection to Claims (No Liability Claims – Books and Records)*, annexed to the Forty-Seventh Omnibus Claims Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Forty-Seventh Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Forty-Seventh Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Forty-Seventh Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading *"Claims to be Disallowed and Expunged"* (collectively, the "No Liability Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' claim register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Forty-Seventh Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such Objection, and the

requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and all parties in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

**Dated:** November 20, 2013
New York, New York

                                                  **/s/Martin Glenn**
                                              MARTIN GLENN
                                   United States Bankruptcy Judge

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SEVENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Carrollton-Farmers Branch Independent School District c/o Andrea Sheehan Law Offices of Robert E. Luna, P.C. 4411 North Central Expressway Dallas, TX 75205 | 1335 | 10/24/2012 | $0.00 $0.00 $2,534.66 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |
| 2 | HP Associates, Inc 31344 Via Colinas, Suite 101 Westlake Village, CA 91362 | 837 | 09/27/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim is for repairs on a property that is owned and serviced by non-debtors. |
| 3 | Law Offices of Marshall C. Watson, P.A. c/o Scott Weiss, Esq. 1800 NW 49th Street Suite 120 Fort Lauderdale, FL 33309 | 3748 | 11/08/2012 | $161,701.88 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Debtors have no records of a pre-existing commercial relationship with Claimant. Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |
| 4 | Liberty Property Limited Partnership c/o Barry E. Bressler, Esquire Schnader Harrison Segal & Lewis LLP 1600 Market Street, Suite 3600 Philadelphia, PA 19103 | 4040 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant is landlord for 1100 Virginia Drive, Fort Washington, PA 19034 and agreed to waive claim for damages pursuant to the Order Authorizing Rejection of Unexpired Lease and Abandonment of Personal Property [Docket No. 3275]. |
| 5 | MAHNAZ RAHBAR 748 PECAN WAY CAMPBELL, CA 95008-4534 | 5811 | 11/20/2012 | $0.00 $0.00 $915,947.77 $0.00 $123,157.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant purchased real property in "as is" condition at a foreclosure sale. Claimant takes issue with amount of unpaid taxes on property at time of sale, but past due taxes at the time of sale is the responsibility of the purchaser, so no claim lies against debtor. |
| 6 | Massachusetts Housing Finance Agency Mass Housing One Beacon St., 29th Floor Boston, MA 02108 | 4773 | 11/14/2012 | $0.00 $0.00 $0.00 $0.00 $219,428.84 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claimant acquired loan on March 28, 2006 and never submitted claim prior to commencement of Chapter 11 proceeding. Repurchase claim is barred by statute of limitations. |
| 7 | Oracle America, Inc. c/o Amish R. Doshi, Esq. Magnozzi & Kye, LLP 23 Green Street, Suite 302 Huntington, NY 11743 | 3906 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $16,000.29 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SEVENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Oracle America, Inc.<br>c/o Amish R. Doshi, Esq.<br>Magnozzi & Kye, LLP<br>23 Green Street, Suite 302<br>Huntington , NY 11743 | 3907 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$15,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ditech, LLC | 12-12021 | Books and records research found no record of invoices or invoice amounts owed to claimant by debtor. |
| 9 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2584 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 10 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2585 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 11 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2586 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 12 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2587 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |
| 13 | SERETA CHURCHILL<br>340 ALAMO SQ<br>ALAMO, CA 94507-1964 | 2588 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Mortgage Real Estate Holdings, LLC | 12-12063 | The contract at issue is between the claimant and a non-debtor entity. Debtors previously had an interest in the non-debtor entity, but divested themselves of that interest in 2008. Claimant offers no evidence that Debtors retained any continued liability or obligation to claimant once debtor divested its interest in the non-debtor contract counterparty. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SEVENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 14 | SPRING LAKE PROPERTY ASSN INC<br>6122 US HWY 98<br>SEBRING, FL 33876 | 1540 | 10/23/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found invoice amounts either paid or not owed to claimant by debtor. |
| 15 | WOLTERS KLUWER FINANCIAL<br>P O BOX 842014<br>BOSTON, MA 02284-2014 | 2122 | 11/02/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 | Books and records research found no record of invoices or amounts owed to claimant |
| 16 | Zeichner Ellman & Krause LLP<br>Attn Jantra Van Roy<br>575 Lexington Ave<br>New York, NY 10022 | 4781 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$73,755.81 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Books and records research found no record of invoices or amounts owed to claimant by debtor. |