**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒  )
                                            )
In re:                                      )    Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, et al.,           )    Chapter 11
                                            )
                           Debtors.         )    Jointly Administered
‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒‒  )

## ORDER GRANTING DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED AND WRONG DEBTOR BORROWER CLAIMS)

Upon the thirty-seventh omnibus claims objection, dated September 20, 2013 [Docket No. 5139] (the "Thirty-Seventh Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), reclassifying and redesignating the Misclassified and Wrong Debtor Borrower Claims, all as more fully described in the Thirty-Seventh Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Thirty-Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Thirty-Seventh Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirty-Seventh Omnibus Claims Objection having been provided, and it appearing that no

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirty-Seventh Omnibus Claims Objection.

other or further notice need be provided; and upon consideration of the Thirty-Seventh Omnibus Claims Objection and the *Declaration of Deanna Horst in Support of Debtors' Thirty-Seventh Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)*, annexed to the Objection as **Exhibit 1**; and the Court having found and determined that the relief sought in the Thirty-Seventh Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Thirty-Seventh Omnibus Claims Objection establish just cause for the relief granted herein; and this Court having determined that the Thirty-Seventh Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the relief requested in the Thirty-Seventh Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit A** attached hereto (collectively, the "Misclassified and Wrong Debtor Borrower Claims") is hereby reclassified as a general unsecured non-priority claim and redesignated against the Debtor set forth on **Exhibit A** under the column heading "*Modified Debtor Name*"; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' notice and claims agent, is authorized and directed to reclassify the Misclassified and Wrong Debtor Borrower Claims as set forth on **Exhibit A** attached hereto and to redesignate the Misclassified and Wrong Debtor Borrower Claims against the Debtor set forth on **Exhibit A** under the column heading "*Modified Debtor Name*"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Misclassified and Wrong Debtor Borrower Claims that are reclassified and redesignated pursuant to this Order, all rights to object on any basis are expressly reserved with respect to such reclassified and redesignated claims as listed on **Exhibit A** attached to this Order, and the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** attached hereto; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirty-Seventh Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to each of the Misclassified and Wrong Debtor Borrower Claims identified on **Exhibit A** attached hereto, as if each such Misclassified and Wrong Debtor Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  November 20, 2013
         New York, New York


_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

3

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED

THIRTY-SEVENTH OMNIBUS OBJECTION - MODIFY - RECLASSIFY AND REDESIGNATE CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Modified Debtor Name | Modified Case Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | William Mask<br>PO Box 29735<br>Oakland, CA 94604 | 1196 | 10/12/2012 | $8,000.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$8,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | Yeon Lim<br>50650 Colchester<br>Canton, MI 48187 | 3876 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |