UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---

**ORDER GRANTING DEBTORS' FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (REDUCE AND ALLOW BORROWER CLAIMS)**

Upon the forty-second omnibus claims objection [Docket No. 5150] (the "Objection")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), reducing and allowing the Reduce and Allow Claims on the ground that each such claim was filed in a greater amount than the amount for which the Debtors' estates are liable, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Objection and the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively; the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that each Reduce and Allow Claim is hereby reduced and allowed as set forth on Exhibit A to this Order, and shall be treated in the manner set forth in any plan confirmed in these Chapter 11 Cases; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to update the claims register pursuant to the terms of this Order; and it is further

ORDERED that the following matter relating to the Objection shall be adjourned to the omnibus hearing scheduled for December 17, 2013:

- Jason and Jennifer Schermerhorn (Claim Nos. 338 and 339); and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

2

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Reduce and Allow Claims identified on Exhibit A annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  November 20, 2013
         New York, New York

                                                                  **/s/Martin Glenn**
                                                                  MARTIN GLENN
                                                    United States Bankruptcy Judge

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FORTY-SECOND OMNIBUS OBJECTION - MODIFY -  REDUCE AND ALLOW CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Preston Baker And Madelyn Soto<br>4325 215th Pl Apt 2<br>Bayside, NY 11361-2960 | 1089 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$16,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$8,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Under the terms ofthe pre-petition settlement agreement attached to the claim, the Debtors are only responsible for paying a total of $8,000 to the claimants, and the Debtors are not jointly and severally liable with other parties with respect to any other sums. |