EXHIBIT 1

# Exhibit "1"

**EXHIBIT 1 TO OPPOSITION - Complaint**

1  STEPHEN E. ENSBERG
   STATE BAR NO. 100652
2  LAW OFFICES OF STEPHEN E. ENSBERG
   1609 WEST GARVEY AVENUE NORTH,
3  WEST COVINA, CALIFORNIA 91790
   (626) 813-3744
4  (626) 813-3886-FAX

5
   ATTORNEY FOR PLAINTIFFS GMAC MORTGAGE, LLC, fka GMAC MORTGAGE
6  CORPORATION, AND EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE
   TRUSTEE SERVICES, INC.
7

8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                           FOR THE COUNTY OF RIVERSIDE
10

11 | GMAC MORTGAGE, LLC, fka GMAC            ) CASE NO.:
   | MORTGAGE CORPORATION, AND               )
12 | EXECUTIVE TRUSTEE SERVICES, LLC, fka   ) COMPLAINT FOR:
13 | EXECUTIVE TRUSTEE SERVICES, INC.        )
                                              ) 1) DECLARATORY RELIEF; AND
14 |              Plaintiffs,                 ) 2) CANCELLATION OF INSTRUMENTS
15 |         vs.                              ) 3) REFORMATION OF FULL
                                              )    RECONVEYANCE
16 | MARK TOZIER, an individual;              )
   | JASON S. SCHERMERHORN, an individual;   )
17 | JENNIFER M. SCHERMERHORN, an            )
18 | individual;                              )
   | CALIFORNIA EMPIRE FINANCIAL GROUP,      )
19 | INC., a California corporation;          )
   | FIDELITY NATIONAL TITLE COMPANY, a      )
20 | corporation;                             )
   | MORTGAGE ELECTRONIC REGISTRATION        )
21 | SYSTEMS, INC., a corporation;            )
22 | BANK OF AMERICA, N.A.;                   )
   | PRLAP, INC., a corporation;              )
23 | REGIONAL SERVICE CORPORATION, a         )
24 | corporation;                             )
   | REGIONAL TRUSTEE SERVICE                 )
25 | CORPORATION, a corporation;              )
   | NATIONAL BANK OF KANSAS CITY, a         )
26 | corporation;                             )
27 | LSI TITLE AGENCY, INC., a corporation;   )
   | CAL-WESTERN RECONVEYANCE                 )
28 | CORPORATION, a corporation;              )
   | FIRST AMERICAN TITLE COMPANY, a         )

**EXHIBIT 1 TO OPPOSITION - Complaint**
COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

```
corporation;                                        )
WELLS FARGO BANK, N.A.;                             )
AND ALL CLAIMING ANY LEGAL OR                       )
EQUITABLE RIGHT, TITLE, ESTATE, LIEN,               )
OR INTEREST IN THE PROPERTY                         )
DESCRIBED IN THE COMPLAINT ADVERSE                  )
TO PLAINTIFFS' DEED OF TRUST, OR ANY                )
CLOUD ON THE 1ST PRIORITY POSITION                  )
DEED OF TRUST; and DOES 1 through 25,               )
inclusive,                                          )
              Defendants.                           )
```

Plaintiffs GMAC Mortgage, LLC, fka GMAC Mortgage Corporation ("GMACM") and Executive Trustee Services, LLC, fka Executive Trustee Services, Inc. (hereafter collectively referred to as "Plaintiff" or "GMACM") allege:

I.

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS AND DOES 1-25

*(Declaratory Relief)*

1.  Plaintiff GMAC Mortgage, LLC, fka GMAC Mortgage Corporation is, and at all times herein mentioned, was a limited liability company, duly organized, and existing under the laws of the State of Delaware with its principal place of business in Horsham, Pennsylvania. GMACM is a mortgage loan lender and/or servicer and is or was an authorized agent and lender/servicer for Mortgage Electronic Registration Systems, Inc., nominal beneficiary under the Deed of Trust dated March 30, 2005, and recorded April 4, 2005, as Instrument No. 2005-0261681 in the Office of the Riverside County Recorder. (Exhibit "2" attached hereto.)

2.  Plaintiff Executive Trustee Services, LLC, formerly known as Executive Trustee Services, Inc. is, and at all times herein mentioned, was a limited liability company, duly organized, and existing under the laws of the State of Pennsylvania with its principal place of business in Horsham, Pennsylvania. Executive Trustee Services, Inc. is the Substituted Trustee

2

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

1. under the Deed of Trust dated March 30, 2005, and recorded April 4, 2005, as Instrument No.
2. 2005-0261681 in the Office of the Riverside County Recorder. (Exhibit "2" attached hereto.)

3.    3.    This action relates to certain real property improved with a single-family
4. residence commonly known as 33914 Tuscan Creek Way, Temecula, CA 92592, (hereafter "the
5. Property") and legally described as follows:

> " Lot 1 of Tract No. 30448, in the County of Riverside, State of California, as per
> Map recorded in Book 351 at pages 58 to 64, inclusive, of Maps in the Office of the
> County Reorder of said County.
>
> Together wit any and all easements, rights, benefits, and interests appurtenant to
> said lot as created and/or established in the CC&R's recorded March 3, 2004 as
> Instrument No. 2004-0149657, and any amendments thereto, in the official records of said
> County.
>
> Excepting therefrom and reserving to grantor all oil, gas, minerals and other
> hydrocarbon substances lying below a depth of 500 feet but without the right of surface
> entry.
>
> APN # 952-210-009-6."

4. The Property was owned by Defendant, Mark Tozier, a married man as his sole and separate property, hereinafter referred to as "Borrower". The current owners of the property are, upon information and belief, Jason Schermerhorn and Jennifer Schermerhorn, husband and wife as community property, hereinafter referred to as "Schermerhorn" [Insured] under the Grant Deed recorded July 11, 2008 as Instrument No. 2008-0381943 (Exhibit "11").

5.    Defendant California Empire Financial Group, Inc. is a California corporation and, upon information and belief, licensed to do business and doing business in Riverside County, California. It was and/or is the original lender/servicer in connection with two Deeds of Trust recorded April 4, 2005 in the Office of the Riverside County Recorder bearing Instrument Nos. 2005-0261680 and 2005-0261681, true and correct copies of which are attached hereto as Exhibits "1" and "2" and incorporated herein by this reference. This lender/servicer is

3

**EXHIBIT 1 TO OPPOSITION - Complaint**
COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

added as a Defendant in this action because it has recorded Deeds of Trust encumbering the real property which is the subject of this action. <u>No monetary damages</u> are sought by Plaintiffs against the Defendant California Empire Financial Group, Inc..

6.  Defendant Fidelity National Title Company, is a corporation, and upon information and belief is organized and existing under the laws of State of California. It was and/or is the original Trustee, in connection with the Deeds of Trust recorded April 4, 2005 in the Office of the Riverside County Recorder bearing Instrument Nos. 2005-0261680 and 2005-0261681, true and correct copies of which are attached hereto as Exhibits "1" and "2", and incorporated herein by this reference. <u>No monetary damages</u> are sought by Plaintiffs against the Defendant Fidelity National Title Company.

7.  Defendant MERS is Mortgage Electronic Registration Systems, Inc. is a corporation organized and existing under the laws of Delaware. MERS is and was, upon information and belief, doing business within the State of California, at all times pertinent to the facts alleged herein. MERS is a separate corporation that is acting solely as nominee for Defendants, and each of them, and their successors and assigns. <u>MERS is or was the beneficiary of recorded Deeds of Trust</u> in the Office of the Riverside County Recorder bearing Instrument Nos. 2005-0261680, 2005-0261681, and 2009-0174200 (Exhibits "1", "2" and "14"). MERS is added as a Defendant in this action because it has or had been named in recorded Deeds of Trust encumbering the real property which is the subject of this action. MERS is also shown as the <u>nominal beneficiary</u> of further Deeds of Trust recorded in the Office of the Riverside County Recorder as Instrument Nos. 2008-0381944 (recorded July 11, 2008) and 2009-0174200 (recorded April 9, 2009). <u>No monetary damages</u> are sought by Plaintiffs against Defendant MERS.

4

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

8.  Defendant Bank of America, N.A., is a national association, and, upon information and belief, is licensed to do business and doing business in Riverside County, California. It is named as a Defendant because it is the <u>lender/servicer and beneficiary</u> in connection with the Deed of Trust, recorded on November 23, 2005, in the Office of the Riverside County Recorder bearing Instrument No. 2005-0976640, true and correct copy of which is attached hereto as Exhibit "3" and incorporated herein by this reference. It is also a <u>Grantee under the Trustee's Deed</u> recorded on April 30, 2008 as Instrument No. 2008-0222317 in the Office of Riverside County Recorder (Exhibit "9"). This Defendant added to this action because it is named in recorded documents encumbering the real property which is the subject of this action. <u>No monetary damages</u> are sought against Defendant Bank of America, N. A.

9.  Defendant, PRLAP, Inc., is a corporation. It is added as a Defendant because it is the Trustee under the Deed of Trust recorded on November 23, 2005, in the Office of the Riverside County Recorder bearing Instrument No. 2005-0976640, true and correct copy of which is attached hereto as Exhibit No. "3." <u>No monetary damages</u> are sought against Defendant, PRLAP, Inc.

10. Defendants Regional Trustee Corporation and Regional Trustee Service Corporation, are corporations, and, upon information and belief, are licensed to do business and doing business in Riverside County, California. They are named as Defendants because they are listed as the <u>duly appointed Trustee</u>, the substitute Trustee (Exhibit "6") or acting as agent for the Beneficiary in connection with the Deed of Trust, recorded on November 23, 2005, in the Office of the Riverside County Recorder bearing Instrument No. 2005-0976640, true and correct copy of which is attached hereto as Exhibit "3" and incorporated herein by this reference. These Defendants are added to this action because they are named in a recorded Notice of Default

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

1  recorded November 9, 2007 as Instrument No. 2007-0684003 (Exhibit "5") and Notice of

2  Trustee's Sale recorded on February 26, 2008 as Instrument No. 2008-0092963 (Exhibit "7"),

3  encumbering the real property which is the subject of this action. No monetary damages are

4  sought against Defendant Regional Trustee Services Corporation.

5

6          11.    Defendant, National Bank of Kansas City, is a corporation. It is added as a

7  Defendant because it is the lender/servicer under the Deeds of Trust recorded on July 11, 2008, in

8  the Office of the Riverside County Recorder bearing Instrument No. 2008-0381944 and Deed of

9  Trust recorded April 9, 2009 as Instrument No. 2009-0174200, true and correct copies of which

10  are attached hereto as Exhibit Nos. "12" and "14". No monetary damages are sought against

11

12  Defendant, National Bank of Kansas City.

13

14          12.    Defendant, LSI Title Agency, Inc., is a corporation. It is added as a

15  Defendant because it is named as a Trustee under the Deed of Trust recorded on July 11, 2008, in

16  the Office of the Riverside County Recorder bearing Instrument No. 2008-0381944, true and

17  correct copy of which is attached hereto as Exhibit No. "12." No monetary damages are sought

18

19  against Defendant, LSI Title Agency, Inc.

20

21          13.    Defendant, Cal-Western Reconveyance Corporation, is a corporation. It is

22  added as a Defendant because it is either the original Trustee, the duly appointed substituted

23  Trustee, or acting as agent for the Trustee or Beneficiary in connection with the Deed of Trust,

24  recorded on April 4, 2005, in the Office of the Riverside County Recorder bearing Instrument No.

25  2005-0261680 (Exhibit "13"). This Defendant is added to this action because it is named in the

26  Notice of Default recorded on August 19, 2008 as Instrument No. 2008-0458459 (Exhibit "13"),

27  encumbering the real property which is the subject of this action. No monetary damages are

28  sought against Defendant, LSI Title Agency, Inc.

·6

**EXHIBIT 1 TO OPPOSITION - Complaint**
COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

14. Defendant, First American Title Company, is a corporation. It is added as a Defendant because it is named as a Trustee under the Deed of Trust recorded April 9, 2009 as Instrument No. 2009-0174200, in the Office of the Riverside County Recorder, true and correct copy of which is attached hereto as Exhibit No. "14." No monetary damages are sought against Defendant, First American Title Company.

15. Defendant, Wells Fargo Bank, N.A., is a national association. It is added as a Defendant because it is named as a successor Trustee (Exhibit "15") under the Deed of Trust recorded July 11, 2008, as Instrument No. 2008-0381944, in the Office of the Riverside County Recorder, true and correct copy of which is attached hereto as Exhibit No. "12." No monetary damages are sought against Defendant, Wells Fargo Bank, N.A.

16. The true names and capacities of Defendants sued herein as Does 1 through 25, inclusive, are unknown to GMACM who join said fictitiously named Defendants to this action pursuant to *California Code of Civil Procedure Section 474.*

17. GMACM is informed and believes and based thereon alleges that each of the Defendants sued herein as DOE 1 through DOE 25, inclusive, claim some right, title, estate, lien or other interest in the above described real property identified in paragraph 3 above which is subordinate to the security interest identified and recorded as Instrument No. 2005-0261680, respectively, Deed of Trust recorded April 4, 2005. (Exhibit No. "1")

18. On or about March 31, 2005, Borrower executed a Deed of Trust in the original sum of $107,464.00 (Exhibit No. "2") in favor of the predecessor in interest of GMACM, a corporation, its nominal beneficiary, Mortgage Electronic Registration Systems, Inc., ("MERS") its successors and assigns, payable with interest in certain monthly installments of principal and interest. ( Exhibit "2.")

7

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

19. To secure Borrower's obligations under said Promissory Note, Borrower executed and delivered a Deed of Trust to the predecessor in interest of GMACM, by and through the then trustee designated in the Deed of Trust, ETS, who held it on behalf of Mortgage Electronic Registration Systems, Inc. ("MERS"), a Delaware corporation, as nominal beneficiary. The Deed of Trust was recorded on April 4, 2005 as Instrument No. 2005-0261681 in the Office of the Riverside County Recorder and constituted or constitutes a home equity loan security Deed of Trust interest in the above-described real property. (Exhibit "2"). GMACM was and/or is the current mortgage loan servicer/beneficial interest holder of the Note and Deed of Trust for and on behalf of MERS, the nominal beneficiary thereof.

20. On or about November 29, 2005, written instruments entitled, "Full Reconveyance" and "Substitution of Trustee" were recorded as Instrument Nos. 2005-0984448 and 2005-0984449 (Exhibit "4") in the Office of the Riverside County Recorder by GMACM and/or other individuals and/or entities on its behalf for the purported purpose of releasing the Deed of Trust, serviced or previously serviced by GMACM as servicer and agent, in connection with, upon information and belief, the alleged repayment of GMACM's loan (MERS MIN No. 100306000000007590) and/or origination or refinancing of another loan. (True and correct copies of these written instruments are attached hereto as Exhibit "4," respectively, and incorporated herein by this reference.) These identified documents (Exhibit "4"), correctly identified the MIN loan number of MERS (100306000000007590) on the second Deed of Trust, but inadvertently and mistakenly ambiguously referred to a different Deed of Trust county recording number, Instrument No. 2005-0261680 (Exhibit No. "1"), rather than the one of GMACM which was intended to be released, i.e., Exhibit "2" attached hereto and incorporated herein by this reference. The MIN number loan on the Deed of Trust mistakenly referred to was 100306000000007582 (Exhibit "1") was obviously not the MIN number that was identified for

8

**EXHIBIT 1 TO OPPOSITION - Complaint**
COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

release on Exhibit "4" and incorporated herein by this reference. The actual Reconveyance released the correct loan but inadvertently referred to the county recording number of the First Trust Deed Loan (Exhibit "1") rather than the county recording number of the Second Trust Deed Number (Exhibit "2").

21. The Deed of Trust, Instrument No. 2005-0261680, mistakenly identified for Reconveyance and released by GMACM relates to another first position loan which was not intended to be released as evidenced by the fact that its MIN Loan Number was not identified for release in the Reconveyance. (See Exhibits "1" and "4"). (A true and correct copy of the first position Deed of Trust whose county recording number was mistakenly referred to in the Reconveyance is attached hereto as Exhibit "1" and incorporated herein by this reference.) GMACM was not empowered or authorized to release this Deed of Trust, Instrument No. 2005-0261680 and did not do so as evidenced by the text and MIN Loan Identification Number in Exhibit "4". This Deed of Trust (Exhibit "1"), which is superior to and has priority over Instrument No. 2005-0261681 and any other recorded encumbrance or interest, or Deed. (See Exhibit "2" and the other Exhibits attached hereto.) No lending or other decision by any Defendant or any DOE Defendant regarding any mortgage loan was, upon information and belief, adversely affected regarding any mortgage loan as a result of the mistakenly recorded Reconveyance (which identified the Second Deed of Trust MIN Loan Number (Exhibit "2")) in connection with any Deed of Trust encumbering the Subject Real Property.

22. Through inadvertence, error and mistake, by GMACM and/or Defendants and DOES 1-25, and each of them, said written instruments (Exhibit "4") contains language which identifies the correct loan number secured by the junior Deed of Trust attached hereto as Exhibit "2" but inadvertently refers and purports to fully reconvey and release the wrong security

9

**EXHIBIT 1 TO OPPOSITION - Complaint**
COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

1  interest created by the aforesaid Deed of Trust, Instrument No. 2005-0261680 (Exhibit "1"), as

2  opposed to the Deed of Trust that should have been released, i.e., Exhibit "2" attached hereto.

3  The Deed of Trust mistakenly referred to by Exhibit "4" secures a loan in the original face

4  amount of $429,856.00, and within the jurisdictional limit of this Court. (See Exhibit No. "1"

5  attached hereto and incorporated herein by this reference.) The mistaken Reconveyance identifies

6  the correct MIN Loan Number for release secured by the Second Deed of Trust but ambiguously

7

8  (by one digit) identifies the county recording number for the first position Deed of Trust recorded

9  as Instrument No. 2005-0261680 attached hereto as Exhibit "1" and incorporated herein by this

10 reference.

11

12         23.    On or about February 29, 2008, corrected written instruments entitled,

13 "Full Reconveyance" and "Substitution of Trustee" were recorded as Instrument Nos. 2008-

14 0099105 and 2008-0099104 in the Office of the Riverside County Recorder by GMACM and/or

15 other individuals and/or entities on its behalf for the purported purpose of releasing the Deed of

16 Trust (Exhibit "2"), bearing Instrument No. 2005-0261681, serviced or previously serviced by

17

18 GMACM as servicer and agent, in connection with, upon information and belief, the alleged

19 repayment of GMACM's loan and/or origination or refinancing of another loan. True and correct

20 copies of these written instruments are attached hereto as Exhibit "8," respectively, and

21 incorporated herein by this reference.

22

23         24.    On or about June 17, 2008, GMAC Mortgage, LLC recorded a Rescission:

24 A Notice of Void Reconveyance in the Riverside County Recorder's Office as Instrument No.

25 2008-0329369, for the purported purpose of giving notice of the rescinding, cancelling, and

26 withdrawing of the Full Reconveyance and Substitution of Trustee recorded as Instrument No.

27 2005-0984448 and 2005-0984449 with the Riverside County Recorder's Office, true and correct

28

[handwritten margin note: "two weeks before Policy issued"]

10

**EXHIBIT 1 TO OPPOSITION - Complaint**
COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

copies of which are attached hereto as Exhibit "4" and incorporated herein by this reference. This lawsuit has now followed to complete the process of correcting these mistakes.

25.   An actual controversy has arisen and now exists between GMACM and Defendants and DOES 1-25, and each of them, concerning the legal effect of said written instruments (Ex. "4") and concerning their continued existence, validity, since they correctly identified the MIN Loan Number in the Second Deed of Trust (Exhibit "2"), but mistakenly and/or inadvertently refer (Exhibit "4") to the wrong county recorded Instrument (Exhibit "1") on file in the Riverside County Recorder's Office as alleged herein.

26.   Plaintiff GMACM desires a judicial determination of the legal effect of said written instruments (Exhibit "4") and concerning their continued existence, validity, and enforceability. Specifically, Plaintiff GMACM seeks a declaration that said written instruments (Exhibit "4") were recorded through inadvertence, error and mistake, as a result of the actions taken by Plaintiffs, Defendants and/or third parties and DOES 1-25, and each of them, and that said written instruments (Exhibit "4") were and are null, void and of no legal force or effect, and that the first priority security interest created by the aforesaid Deed of Trust, Instrument No. 2005-0261680, still exists and remains valid and that the rights and obligations created by said Deed of Trust remain fully enforceable according to applicable law. (The first position Deed of Trust is attached hereto as Exhibit "1" and incorporated herein by this reference.) GMACM alleges that the first Deed of Trust was not affected or released by anything having to do with the exhibits attached hereto as Exhibit "4" and incorporated herein by this reference.

27.   Plaintiff GMACM, further, upon information and belief, in addition to the other relief requested herein seeks, alternatively, to have the Full Reconveyance (Exhibit "4") reformed *nunc pro tunc* so as to refer to Riverside County Recording No. 2005-02618680 (the

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

[handwritten margin note: "What they Want"]

first position Deed of Trust), consistent with the MIN Loan Number correctly identified in the Reconveyance (Exhibit "4") which referred to the Second Trust Deed loan (Exhibit "2"), as opposed to the First Trust Deed loan.

28. Such a determination is necessary and appropriate at this time to resolve the dispute which has now arisen between the parties, to correct the public records of the ambiguity contained in said written instruments (Exhibit"4"), and to <u>avoid any unjust enrichment</u> which will result if the loan correctly evidenced by Exhibit "1" and Exhibit "4" is not paid according to its terms. No Defendant, upon information and belief, is a good faith purchaser or encumbrancer for value of the Subject Property. No lending decision by any Defendant was adversely affected by the mistaken Reconveyance alleged herein. The Deeds of Trust (Exhibit "1" and "2"), were recorded on the same day, April 4, 2005, and the Full Reconveyance obviously refers to the correct loan number shown on Exhibit "2," such that it was and is well understood which loan had been satisfied and was intended to be released by Exhibit "4" attached hereto and incorporated herein by this reference.

WHEREFORE, Plaintiff GMACM prays judgment as hereafter set forth.

II.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS AND DOES 1-25

(Cancellation of Instruments)

29. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 28, inclusive, of its Complaint as if set forth in full.

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

30. The written instruments, although <u>apparently valid on their face</u> (Exhibit "4"), <u>are voidable and/or void because</u> (while correctly identifying the correct loan MIN Number on Exhibit "2"), <u>they were recorded through inadvertence, error and mistake</u>, as a result of actions taken by Plaintiffs, Defendants, and DOES 1-25, and each of them, and the Instruments' language ( by identifying the wrong county recording instrument number but correctly identifying the actual Second Trust Deed MIN Loan Number) purports to reconvey, mistakenly, the security interest created by the aforesaid Deed of Trust bearing Instrument No. 2005-0261680, (Exhibit "1"), which remains in full force and effect. The Reconveyance (Exhibit "4") referred to, and identified, the wrong Deed of Trust. Plaintiffs had no power or authority to release the first position Deed of Trust, Instrument No. 2005-0261680 (Exhibit "1"), and did not do so since the Reconveyance correctly and directly identifies the Second Trust Deed MIN Loan Number as the one to be released as set forth on Exhibit "2" and incorporated herein by this reference.

31. There is a reasonable apprehension that said written instruments may cause injury to the First Trust Deed lender because of the ambiguity referred to hereinabove between the recorded instrument number and MIN Loan Number identified in Exhibit "4." <u>There are no Bona Fide Purchasers for value or good faith encumbrancers for value because the ambiguity and correct loan information appear on the face of the recorded documents such as to show that the mistaken Reconveyance</u> (Exhibit "4") referred to the loan set forth in Exhibit "2" rather than the loan referred to in Exhibit "1" and therefore is null and was mistakenly recorded. No lending decision or other decision by any Defendant regarding the Subject Property was adversely affected by the mistaken Reconveyance alleged herein.

13

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

## III.

### THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS AND DOES 1-25

(Reformation of Full Reconveyance)

32. Plaintiff re-alleges and incorporates herein by this reference paragraphs 1 through 31, inclusive, of its Complaint as if set forth in full.

33. Plaintiff GMACM is informed and believes and thereon alleges that the recorded Full Reconveyance (Exhibit "4") accurately and correctly identified the Deed of Trust MIN Loan set forth in Exhibit "2" to be reconveyed. But, mistakenly identified the county recording instrument number of the First Trust Deed (Exhibit "1") rather than the Second Trust Deed county recording instrument number (Exhibit "2"), such that any reasonable person knew or should have known of the error by one digit in the document of Reconveyance attached hereto as Exhibit "4" and incorporated herein by this reference. Further, <u>by recording the rescission: A Notice of Void Reconveyance on or about July 17, 2008</u> as Exhibit "10", <u>the mutual mistake of Plaintiff GMACM and all parties involved with the subject real property was apparent on the face of the documents recorded in the Riverside County Recorders Office, including Exhibit "4"</u>.

34. In view of the facially apparent error of one digit (referring to Exhibit "1" as opposed to Exhibit "2" even though the correct MIN Number Loan was identified) in Exhibit "4", Plaintiff GMACM, based on either the mutual mistake of Defendants and DOES 1 through 15 and Plaintiff GMACM, or the unilateral mistake of Plaintiff GMACM and the knowledge of that mistake from the public records by Defendants and DOES 1 through 15 of which they took advantage, is entitled to have the Full Reconveyance (Exhibit "4" attached hereto) reformed in its last digit (referring to the county recorder instrument number) so as to refer to and identify

14

**EXHIBIT 1 TO OPPOSITION - Complaint**
COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

Instrument No. 2005-0261681 as opposed to 2005-0261680, as the instrument number for the Deed of Trust to be reconveyed by the Full Reconveyance attached hereto as Exhibit "4".

35. Reforming Exhibit "4" in this way, *nunc pro tunc*, will correct the public records and prevent unjust enrichment by ensuring that the First Trust Deed mortgage loan set forth in Exhibit "1" is fully paid and that all subsequent encumbrances affecting the Subject Real Property are subject to the terms and provisions of the First Trust Deed Mortgage Loan as evidenced by Exhibit "1" attached hereto and incorporated herein by this reference.

WHEREFORE, Plaintiff GMACM prays judgment as follows:

ON THE FIRST CAUSE OF ACTION:

1. For a judicial determination of the legal effect of said written instruments (Ex. "4"), identified as "Full Reconveyance" and "Substitution of Trustee" concerning their continued existence, validity, priority and the fact that they were recorded in error and related to, and refer to, the wrong Deed of Trust and had no affect thereon.

2. For a declaration that said written instruments entitled "Full Reconveyance" and "Substitution of Trustee", Instrument Nos. 2005-0984448 and 2005-0984449 (Ex. "4") were recorded through inadvertence, error and mistake and/or fraud, that said written instruments are ab initio null, void and of no legal force or effect and in no way affected the Deed of Trust attached hereto as Exhibit "1" and incorporated herein by this reference.

ON THE SECOND CAUSE OF ACTION:

3. That the written instruments entitled Full Reconveyance and Substitution of Trustee, Instrument Nos. 2005-0984448 and 2005-0984449, be declared null, void and of no

15

**EXHIBIT 1 TO OPPOSITION - Complaint**

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

legal force or effect and that said written instruments (Exhibit "4") be ordered nunc pro tunc cancelled by the Court.

ON THE THIRD CAUSE OF ACTION:

4. For reformation of the "Full Reconveyance" and "Substitution of Trustee", Instrument Nos. 2005-0984448 and 2005-0984449 (Ex. "4"), so that the one digit mis-numbering is corrected so as to ensure that all subsequent encumbrances on the Subject Real Property are properly subject to the first position Deed of Trust as evidenced by Exhibit "1" and incorporated herein by this reference.

ON ALL CAUSES OF ACTION:

5. For such other relief as the Court deems proper.

Dated: November 29, 2009        LAW OFFICES OF STEPHEN E. ENSBERG

BY: _____
STEPHEN E. ENSBERG
ATTORNEY FOR PLAINTIFFS
GMAC MORTGAGE, LLC fka GMAC MORTGAGE
CORPORATION, INC.  AND EXECUTIVE TRUSTEE
SERVICES, LLC. fka EXECUTIVE TRUSTEE
SERVICES, INC.

**EXHIBIT 1 TO OPPOSITION - Complaint**

16

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:

Fidelity

AND WHEN RECORDED MAIL TO:

DOC # 2005-0261680
04/04/2005 08:00A Fee:78.00
Page 1 of 24
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

SPACE ABOVE FOR RECORDER'S USE ONLY

Deed of Trust
Title of Document

# THIS AREA FOR RECORDER'S USE ONLY

THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

(Rev. 8/02ms)

0030510481

Tozier, Mark

**EXHIBIT 1 TO OPPOSITION - Complaint**

FIDELITY NATIONAL TITLE COMPANY
SUBDIVISION DEPARTMENT

Recording Requested By:
CALIFORNIA EMPIRE FINANCIAL GROUP, INC

And After Recording Return To:
CALIFORNIA EMPIRE FINANCIAL GROUP, INC - TEMECULA
10681 FOOTHILL BLVD., #200
RANCHO CUCAMONGA, CALIFORNIA 91730
Loan Number: 0503561

9816386-KS _____ [Space Above This Line For Recording Data] _____

# DEED OF TRUST

MIN: 100306000000007582

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MARCH 30, 2005, together with all Riders to this document.
(B) "Borrower" is MARK TOZIER, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

Borrower is the trustor under this Security Instrument.
(C) "Lender" is CALIFORNIA EMPIRE FINANCIAL GROUP, INC

Lender is a CALIFORNIA CORPORATION                                                    organized
and existing under the laws of CALIFORNIA
Lender's address is 41689 N. ENTERPRISE CIR. SUITE #210, TEMECULA, CALIFORNIA 92590

(D) "Trustee" is FIDELITY NATIONAL TITLE COMPANY
1300 DOVE STREET, SUITE #310, NEWPORT BEACH, CALIFORNIA 92660

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated MARCH 30, 2005
The Note states that Borrower owes Lender FOUR HUNDRED TWENTY-NINE THOUSAND EIGHT HUNDRED FIFTY-SIX AND 00/100    Dollars (U.S. $429,856.00    ) plus interest.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS         DocMagic eForms 800-649-1362
Form 3005 01/01                                Page 1 of 14                                      www.docmagic.com

Ca3005.mzd.1.tem

**EXHIBIT 1 TO OPPOSITION - Complaint**

EXHIBIT 1

Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than APRIL 1, 2035.
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
|---|---|---|
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | INTEREST ONLY ADDENDUM TO RIDER |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.
(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of RIVERSIDE
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS        DocMagic eForms 800-649-1362
Form 3005 01/01                        Page 2 of 14                        www.docmagic.com

Ca3005.mzd.2.tem

**EXHIBIT 1 TO OPPOSITION - Complaint**