Order No. 9816386

## EXHIBIT "ONE"

LOT 1 OF TRACT NO. 30448, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 351 AT PAGES 58 TO 64, INCLUSIVE, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

TOGETHER WITH ANY AND ALL EASEMENTS, RIGHTS, BENEFITS, AND INTERESTS APPURTENANT TO SAID LOT AS CREATED AND/OR ESTABLISHED IN THE CC&R'S RECORDED MARCH 3, 2004 AS INSTRUMENT NO. 2004-0149657, AND ANY AMENDMENTS THERETO, IN THE OFFICIAL RECORDS OF SAID COUNTY.

EXCEPTING THEREFROM AND RESERVING TO GRANTOR ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET BUT WITHOUT THE RIGHT OF SURFACE ENTRY.


EXHIBIT 1

**EXHIBIT 1 TO OPPOSITION - Complaint**

FIDELITY NATIONAL TITLE COMPANY
SUBDIVISION DEPARTMENT

Recording Requested By:
CALIFORNIA EMPIRE FINANCIAL GROUP, INC
41689 N. ENTERPRISE CIR. SUITE #210
TEMECULA, CALIFORNIA 92590

And After Recording Return To:
CALIFORNIA EMPIRE FINANCIAL GROUP, INC - TEMECULA
10681 FOOTHILL BLVD., #200
RANCHO CUCAMONGA, CALIFORNIA 91730
Loan Number: 0503562

DOC # 2005-0261681
04/04/2005 08:00A Fee:42.00
Page 1 of 12
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



9816356-KI      [Space Above This Line]

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|----|------|-------|-----|-------|
| 1 |   |   | 12   |      | 1  |      |       |     | 7     |
| A | R | L |      |      |    | COPY | LONG | REFUND | NCHG | EXAM |

### DEED OF TRUST

(42)  T  SF

MIN: 100306000000007590

THIS DEED OF TRUST is made this 30th day of MARCH, 2005         among the Trustor;
MARK TOZIER, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

(herein "Borrower"),
FIDELITY NATIONAL TITLE COMPANY, 1300 DOVE STREET, SUITE #310,
NEWPORT BEACH, CALIFORNIA 92660                                 (herein "Trustee"),
and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
CALIFORNIA EMPIRE FINANCIAL GROUP, INC, A CALIFORNIA CORPORATION
is organized and existing under the laws of CALIFORNIA                and has an address of
41689 N. ENTERPRISE CIR. SUITE #210, TEMECULA, CALIFORNIA 92590

(herein "Lender").
    BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants
and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
                    RIVERSIDE           , State of California:
LOT 1 OF TRACT NO. 30448, IN THE COUNTY OF RIVERSIDE, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 351 AT PAGES 58 TO 64,
INCLUSIVE, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.
A.P.N. #: 952-210-009-6                SEE EXHIBIT "ONE" ATTACHED
                                       HERETO AND MADE A PART HEREOF

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST
LIEN(S) OF RECORD.
which has the address of 33914 TUSCAN CREEK WAY
                                              [Street]
TEMECULA                    , California    92592       (herein "Property Address");
        [City]                              [Zip Code]

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS          Page 1 of 8            DocMagic eForms 800-649-1362
                                                                 www.docmagic.com

Ca3805.mzd.1.tem

**EXHIBIT 1 TO OPPOSITION Complaint**

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property"; Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Deed of Trust; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or cancelling this Deed of Trust.

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated MARCH 30, 2005 and extensions and renewals thereof (herein "Note"), in the principal sum of ONE HUNDRED SEVEN THOUSAND FOUR HUNDRED SIXTY-FOUR AND 00/100 Dollars (U.S. $ 107,464.00 ), with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on APRIL 1, 2020 ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS
Page 2 of 8
DocMagic eForms 800-649-1362
www.docmagic.com

Ca3805.mzd.2.tem

**EXHIBIT 1 TO OPPOSITION - Complaint**
EXHIBIT 2

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS
Page 3 of 8

DocMagic eForms 800-649-1362
www.docmagic.com

Ca3805.mzd.3.tem



**EXHIBIT 1 TO OPPOSITION - Complaint**

12-12020-mg    Doc 5905-3    Filed 11/20/13    Entered 11/20/13 15:32:30    Exhibit 1B
                                         Pg 5 of 20

10. **Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS
Page 4 of 8
DocMagic eForms 800-649-1362
www.docmagic.com

Ca3805.mzd.4.tem

**EXHIBIT 1 TO OPPOSITION - Complaint**

EXHIBIT 2

by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgement enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS
Page 5 of 8
DocMagic eForms 800-649-1362
www.docmagic.com

Ca3805.mzd.5.tem



**EXHIBIT 1 TO OPPOSITION - Complaint**

Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

22. **Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

23. **Statement of Obligations.** Lender may collect a fee not to exceed $15 for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

24. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider        ☐ Condominium Rider              ☐ Second Home Rider
☒ Balloon Rider                ☒ Planned Unit Development Rider ☐ Other(s) [specify]
☐ 1-4 Family Rider             ☐ Biweekly Payment Rider

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action. In accordance with Section 2924B, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded                        , in Book
Page           , records of                        County, (or filed for record with recorder's
serial number                                      County), California, executed by

as trustor (or mortgagor) in which

is named as beneficiary (or mortgagee) and

as trustee be mailed to

at


NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

Signature: 

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS                  Page 6 of 8                 DocMagic eForms 800-649-1362
                                                                             www.docmagic.com

Ca3805.mzd.6.tem

EXHIBIT 2

**EXHIBIT 1 TO OPPOSITION - Complaint**

IN WITNESS WHEREOF, Borrower has executed and acknowledges receipt of pages 1 through 7 of this Deed of Trust.

_____  -Borrower        _____  -Borrower
MARK TOZIER

_____  -Borrower        _____  -Borrower

_____  -Borrower        _____  -Borrower

State of California
County of RIVERSIDE

On March 31, 2005 before me, DORECCA N. SILVEYRA, NOTARY PUBLIC
personally appeared MARK TOZIER

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____

DORECCA N. SILVEYRA
Commission # 1397746
Notary Public - California
Riverside County
My Comm. Expires Feb 4, 2007

(Seal)

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS          Page 7 of 8          DocMagic eForms 800-649-1362
                                                              www.docmagic.com

EXHIBIT 2

**EXHIBIT 1 TO OPPOSITION - Complaint**

REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Dated: _____                             _____

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS                     Page 8 of 8                         DocMagic eForms  800-649-1362
                                                                                                                   www.docmagic.com

Ca3805.mzd.8.iem                     EXHIBIT 1 TO OPPOSITION - Complaint
                                                    EXHIBIT 2

MIN: 100306000000007590          Loan Number: 0503562

# BALLOON RIDER
# SECOND MORTGAGE

This Balloon Rider is made this 30th day of MARCH, 2005 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to CALIFORNIA EMPIRE FINANCIAL GROUP, INC, A CALIFORNIA CORPORATION
(the "Lender") of the same date and covering the property described in the Security Instrument and located at 33914 TUSCAN CREEK WAY, TEMECULA, CALIFORNIA 92592

(the "Property").

Additional Covenants. Notwithstanding anything to the contrary set forth in the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

_____ (Seal)      _____ (Seal)
MARK TOZIER                -Borrower                                         -Borrower

_____ (Seal)      _____ (Seal)
                                  -Borrower                                         -Borrower

_____ (Seal)      _____ (Seal)
                                  -Borrower                                         -Borrower

BALLOON RIDER SECOND MORTGAGE                                      DocMagic eForms 800-649-1362
FORM 651 10/21/04                                                                www.docmagic.com



EXHIBIT 2

651.als.1.tem

**EXHIBIT 1 TO OPPOSITION - Complaint**

MIN: 100306000000007590                        Loan Number: 0503562

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this    30th    day of MARCH, 2005                                , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to CALIFORNIA EMPIRE FINANCIAL GROUP, INC, A CALIFORNIA
CORPORATION                                                              (the "Lender")
of the same date and covering the Property described in the Security Instrument and located at:

33914 TUSCAN CREEK WAY, TEMECULA, CALIFORNIA 92592
[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in covenants, conditions, and restrictions (the "Declaration"). The Property is a part of a planned unit development known as:

BERRINGER CREEK

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

B. Hazard Insurance. So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:
  (i) Lender waives the provision in the Uniform Covenant 2 for the monthly payment to Lender of one-twelfth of the yearly premium installments for hazard insurance on the Property; and
  (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.
  Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

MULTISTATE PUD RIDER - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT        Form 3150 9/90
Document Systems, Inc. (800) 649-1362                Page 1 of 2

EXHIBIT 2

Uspud1.rdr

**EXHIBIT 1 TO OPPOSITION - Complaint**

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

C. **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

E. **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:
   (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;
   (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;
   (iii) termination of professional management and assumption of self-management of the Owners Association; or
   (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____/s/ Mark Tozier_____(Seal)    _____(Seal)
MARK TOZIER                Borrower                                Borrower

_____(Seal)    _____(Seal)
                           Borrower                                Borrower

_____(Seal)    _____(Seal)
                           Borrower                                Borrower

MULTISTATE PUD RIDER - Single Family - FNMA/FHLMC UNIFORM INSTRUMENT         Form 3150 9/90
Document Systems, Inc. (800) 649-1362             Page 2 of 2



Uspud2.rdr

**EXHIBIT 1 TO OPPOSITION - Complaint**

Order No. 9816386

# EXHIBIT "ONE"

LOT 1 OF TRACT NO. 30448, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 351 AT PAGES 58 TO 64, INCLUSIVE, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

TOGETHER WITH ANY AND ALL EASEMENTS, RIGHTS, BENEFITS, AND INTERESTS APPURTENANT TO SAID LOT AS CREATED AND/OR ESTABLISHED IN THE CC&R'S RECORDED MARCH 3, 2004 AS INSTRUMENT NO. 2004-0149657, AND ANY AMENDMENTS THERETO, IN THE OFFICIAL RECORDS OF SAID COUNTY.

EXCEPTING THEREFROM AND RESERVING TO GRANTOR ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET BUT WITHOUT THE RIGHT OF SURFACE ENTRY.

EXHIBIT 2

2

**EXHIBIT 1 TO OPPOSITION - Complaint**

Submitted for recordation by, and when recorded, return to:

**Bank of America**
Recording requested by: LSI
When recorded return to:
Custom Recording Solutions
2550 N. Redhill Ave.    185650
Santa Ana, CA. 92705
800-756-3524 ext. 5011

Loan #: 31868240137824299
Reference # 010123-052921641350

DOC # 2005-0976640
11/23/2005 08:00A Fee:18.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|---|---|---|---|---|---|---|
|   |   |   | ✓ |   |   |   |   |   |   |
| A | R | L |   |   |   | COPY | LONG | REFUND | NCHG | EXAM |
|   |   |   |   |   |   |   |   |   | W |

## SHORT FORM DEED OF TRUST
(EQUITY MAXIMIZER® ACCOUNT)

This Deed of Trust is made on __4th November, 2005__ by _____
MARK TOZIER, A MARRIED PERSON

(collectively and individually "Trustor"); PRLAP, INC. ("Trustee"); and the beneficiary, Bank of America, N.A. ("Bank"). Trustee is a subsidiary of Bank. Any non-titleholder signs below as Trustor solely for the purpose of subjecting any community property interest in the property described below to this Deed of Trust. The words "I," "me," and "my" in this Deed of Trust refer to the Trustor, whether one or more.

Bank and I agree:

1. **Property Security.** For the purpose of securing the obligations described below, I irrevocably grant, convey, transfer and assign to Trustee, in trust with power of sale, the property located in _____
TEHAMA _____ County, California described as follows:
SEE Exhibit "A" ATTACHED HERETO AND MADE A PART HEREOF.

with the street address: 33914 TUSCAN CREEK WY, TEMECULA, CA 92592
and with Parcel No. _____ and including all improvements and fixtures now or later erected on the property, and all easements, rights, appurtenances and fixtures now or later a part of or related to the above described property (collectively the "Property").

2. **This Deed of Trust secures:**
   - All obligations of the borrowers in the Equity Maximizer Agreement and Disclosure, dated __11/04/05__
     and naming __MARK TOZIER__
     _____ as borrowers, for a revolving line of credit account (the "Agreement"), as well as any modifications and renewals of the Agreement. The Agreement provides for a Total Credit Commitment (as defined in the Agreement) of $ 145,000.00, allows for repeated credit advances drawn against the Total Credit Commitment, and provides for a variable interest rate. By mutual agreement, Bank may increase the Total Credit Commitment ("Increased Credit Commitment"); and
   - Trustor's performance of each obligation in this Deed of Trust.

CLS-776-1-CA/0009  5-04                    Page 1 of 2                    Bank of America

**EXHIBIT 1 TO OPPOSITION - Complaint**

This Deed of Trust will not secure borrowers' obligations under the Agreement in excess of the Total Credit Commitment or Increased Credit Commitment, except for any amounts due to: (a) unpaid interest, or (b) expenses that Bank incurs because obligations of a borrower under the Agreement are not fulfilled (including without limitation, any advances that Bank makes to perform borrowers' duties to pay taxes, insurance, etc.).

**To Protect the Security of this Deed of Trust, I Agree:** By the execution and delivery of this Deed of Trust and the Equity Maximizer Agreement and Disclosure secured hereby, that provisions (3) to (20), inclusive of the fictitious deed of trust recorded in ___TEHAMA___ County ___07/14/99___, as Instrument ___9518___ in Book/Reel and ___1884___ at Page/Image ___225___ of the Official Records of the County Recorder of that county, (which provisions, identical in all counties, are printed on the following pages) hereby are adopted and incorporated herein and made a part hereof as though set forth at length; and I will observe and perform such provisions; and that the reference to Property, obligations, and parties in such provisions shall be construed to refer to the Property, obligations, and parties set forth in this Deed of Trust.

Trustor requests that a copy of ANY NOTICE OF DEFAULT AND ANY NOTICE OF SALE under this Deed of Trust be mailed to Trustor at the Trustor's address shown below, or if no address is shown, then at the address of the Property.

Signature: _[signature]_
MARK TOZIER

Mailing Address for Notices:
Street        City and State
33914 TUSCAN CREEK WY TEMECULA, CA 92592

## GENERAL ACKNOWLEDGMENT

State of California
County of _Riverside mn_
On _Nov mar 4, 2005_ before me, _Monica Negrete mn_, personally appeared _Mark Tozier mn mn_

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the ~~person(s)~~ whose ~~name(s)~~ ~~is/are~~ subscribed to the within instrument and acknowledged to me that ~~he/she/they~~ executed the same ~~in his/her/their~~ ~~authorized capacity(ies)~~, and that by ~~his/her/their signature(s)~~ on the instrument the ~~person(s)~~, or the entity upon behalf of which ~~the person(s)~~ acted, executed the instrument.

WITNESS my hand and official seal.
Signature _[signature]_ (SEAL)
Monica Negrete

[NOTARY STAMP: MONICA NEGRETE, Commission # 1429151, Notary Public - California, San Diego County, My Comm. Expires Jul 16, 2007]

[NOTARY STAMP: MONICA NEGRETE, Commission # 1429151, Notary Public - California, San Diego County, My Comm. Expires Jul 16, 2007]

CLS-776-2-CA/0009   5-04                         Page 2 of 2                         Bank of America

EXHIBIT 3

**EXHIBIT 1 TO OPPOSITION - Complaint**

APN Number: 952-210-009                                  Order No.: 1858650

## EXHIBIT "A"

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE UNINCORPORATED
AREA OF TEMECULA COUNTY OF RIVERSIDE, STATE OF CALIFORNIA:

LOT 1 OF TRACT NO. 30448, IN THE COUNTY OF RIVERSIDE, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 351 AT PAGES 58 TO 64,
INCLUSIVE, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.

TOGETHER WITH ANY AND ALL EASEMENTS, RIGHTS, BENEFITS, AND
INTERESTS APPURTENANT TO SAID LOT AS CREATED AND/OR ESTABLISHED
IN THE CC&R'S RECORDED MARCH 3, 2004 AS INSTRUMENT NO. 2004-
0149657, AND ANY AMENDMENTS THERETO, IN THE OFFICIAL RECORDS OF
SAID COUNTY.

EXCEPTING THEREFROM ALL OIL, GAS, MINERALS AND OTHER
HYDROCARBON SUBSTANCES BELOW A DEPTH OF 500 FEET, WITHOUT
RIGHTS OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.

WITH THE APPURTENANCES THERETO.

EXHIBIT 3

**EXHIBIT 1 TO OPPOSITION - Complaint**



**GARY L. ORSO**
**COUNTY OF RIVERSIDE**
**ASSESSOR-COUNTY CLERK-RECORDER**

Recorder
P.O. Box 751
Riverside, CA 92502-0751
(909) 486-7000

http://riverside.asrclkrec.com

# NOTARY CLARITY

Under the provisions of Government Code 27361.7, I certify under the penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary: _Monica Negrete_

Commission #: _1429151_

Place of Execution: _San Diego_

Date Commission Expires: _7-16-07_

Date: _11-23-05_

Signature: _[signed]_

Print Name: _April Palomarez_

ACR 186P-AS4RE0 (Est. 05/2003)

EXHIBIT 3

**EXHIBIT 1 TO OPPOSITION - Complaint**



```
DOC # 2005-0984449
11/29/2005 08:00A Fee:9.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder
```

Recording Requested By:
GMAC MORTGAGE CORPORATION

When Recorded Return To:
Current Trustor:
MARK TOZIER
33914 TUSCAN CREEK WAY
TEMECULA, CA 92592

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|----|----|------|------|------|
| / | * | / |      |      | /  |    |      |      |      |
| * |   |   |      |      | *  |    |      | *    | MR   |
| A | R | L |      |      | COPY | LONG | REFUND | NCHG | EXAM |

M MR

## FULL RECONVEYANCE

GMAC MORTGAGE CORPORATION #:0307626268 "TOZIER" Lender ID:41300/30509947 Riverside, California PIF: 11/10/2005
MERS #: 100306000000007590 VRU #: 1-888-679-6377

Prepared By: Gina Herman, GMAC MORTGAGE CORPORATION 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA 50704-0780 319-236-5400

EXECUTIVE TRUSTEE SERVICES, INC. as present Trustee for the Deed of Trust executed by MARK TOZIER as Trustor(s), Dated: 03/30/2005 Recorded: 04/04/2005 as Instrument No.: 2005-0261680 of official Records in the office of the County Recorder of Riverside, California having been requested in writing, by the holder of the obligations secured by said Deed of Trust, to reconvey the estate granted to trustee under said Deed of Trust, does hereby reconvey to the person or persons legally entitled thereto, without warranty, all the estate, title and interest acquired by Trustee under said Deed of Trust.

IN WITNESS WHEREOF, EXECUTIVE TRUSTEE SERVICES, INC. as the Trustee has caused its corporate name to be affixed by a duly authorized officer on the date shown in the acknowledgment certificate below:

On November 21st, 2005
By: EXECUTIVE TRUSTEE SERVICES, INC. as Trustee

_____
MARY ANN HILMER, ASSISTANT SECRETARY

STATE OF Iowa
COUNTY OF Black Hawk

On November 21st, 2005, before me, M. CLARK, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared MARY ANN HILMER, ASSISTANT SECRETARY, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
M. CLARK
Notary Expires: 05/17/2007 #728505

```
M. CLARK
NOTARIAL SEAL - STATE OF IOWA
COMMISSION NUMBER 728505
MY COMMISSION EXPIRES MAY 17, 2007
```

(This area for notarial seal)

"GCH"GCHGMAC"11/21/2005 07:26:15 PM" GMAC01GMAC000000000000000858766" CARIVER" 0307626268 CASTATE_TRUST_REL "GCH"GCHGMAC"

EXHIBIT 4

**EXHIBIT 1 TO OPPOSITION - Complaint**



DOC # 2005-0984448
11/29/2005 08:00A Fee:7.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

Recording Requested By:
GMAC MORTGAGE CORPORATION

When Recorded Return To:
Current Trustor:
MARK TOZIER
33914 TUSCAN CREEK WAY
TEMECULA, CA 92592

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|----|----|-------|-----|-------|
|   |   |   |      |      |    |    |       |     |       |
| A | R | L |      |      | COPY | LONG | REFUND | NCHG | EXAM |

MR
7
M
MR

## SUBSTITUTION OF TRUSTEE

GMAC MORTGAGE CORPORATION #:0307626268 "TOZIER"  Lender ID:41300/30509947  Riverside, California PIF: 11/10/2005
MERS #: 1003060000000007590  VRU #: 1-888-679-6377

Prepared By: Gina Herman, GMAC MORTGAGE CORPORATION 3451 HAMMOND AVENUE, PO BOX 780, WATERLOO, IA 50704-0780 319-236-5400

WHEREAS, the undersigned is the present Beneficiary under the Deed of Trust described below as follows:
Original Trustor : MARK TOZIER Original Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC ("MERS") Dated: 03/30/2005 Recorded: 04/04/2005 as Instrument No.: 2005-0261680 in the County of Riverside and State of California.

AND WHEREAS , the undersigned desires to substitute a different Trustee for the purpose of reconveying said Deed of TRUST; NOW THEREFORE the undersigned hereby substitutes EXECUTIVE TRUSTEE SERVICES, INC. as Trustee under said Deed of Trust.

On November 21st, 2005
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")

_____
JANICE BURT, Assistant Secretary

STATE OF Iowa
COUNTY OF Black Hawk

On November 21st, 2005, before me, M. CLARK, a Notary Public in and for Black Hawk in the State of Iowa, personally appeared JANICE BURT, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
M. CLARK
Notary Expires: 05/17/2007  #728505

```
M. CLARK
NOTARIAL SEAL - STATE OF IOWA
COMMISSION NUMBER 728505
MY COMMISSION EXPIRES MAY 17, 2007
```

(This area for notarial seal)

"GCH"GCHGMAC"11/21/2005 07:26:16 PM" GMAC01GMAC0000000000000000000858766" CARIVER" 0307626268 CASTATE_TRUST_SUB "GCH"GCHGMAC"

EXHIBIT 4

**EXHIBIT 1 TO OPPOSITION - Complaint**

```
                                                         DOC # 2007-0684003
                                                         11/09/2007 08:00A Fee:12.00
                                                              Page 1 of 2
                                                         Recorded in Official Records
RECORDING REQUESTED BY                                        County of Riverside
                                                                Larry W. Ward
                                                         Assessor, County Clerk & Recorder
WHEN RECORDED MAIL TO

REGIONAL TRUSTEE SERVICES CORPORATION
616 1st Avenue, Suite 500
Seattle, WA 98104

Trustee's Sale No:   05-FSF-50302
3496838
```

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----|------|-----|------|
| \ |   |   | ✓    |      | \  |      |      |     |      |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      | T:   | CTY  | UNI | 0̸4̸ |      |

\*FSF503020153000000\*

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION**, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice). This amount is $9,873.66 as of 11/8/2007, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the Notice of Sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

Page 1 of 2                                                                    CA NOD

**EXHIBIT 1 TO OPPOSITION - Complaint**