LATE CHARGE: At Lender's option, Borrower will pay a "late charge" not exceeding four per centum (4%) of the overdue payment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured hereby.

GUARANTY: Should the Department of Veterans Affairs fail or refuse to issue its guaranty in full amount within 60 days from the date that this loan would normally become eligible for such guaranty committed upon by the Department of Veterans Affairs under the provisions of Title 38 of the U.S. Code "Veterans Benefits," the Mortgagee may declare the indebtedness hereby secured at once due and payable and may foreclose immediately or may exercise any other rights hereunder or take any other proper action as by law provided.

TRANSFER OF THE PROPERTY: This loan may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code.

An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:

   (a) ASSUMPTION FUNDING FEE: A fee equal to       one half percent (       .50       %) of the balance of this loan as of the date of transfer of the property shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729 (c).

   (b) ASSUMPTION PROCESSING CHARGE: Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.

   (c) ASSUMPTION INDEMNITY LIABILITY: If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

V-538R (0405).01        Page 2 of 3        Initials: 

EXHIBIT 14

**EXHIBIT 1 TO OPPOSITION - Complaint**

IN WITNESS WHEREOF, Borrower(s) has executed this VA Guaranteed Loan and Assumption Policy Rider.

_____(Seal)    _____(Seal)
JASON S. SCHERMERHORN         -Borrower    JENNIFER M. SCHERMERHORN      -Borrower

_____(Seal)    _____(Seal)
                              -Borrower                                  -Borrower

_____(Seal)    _____(Seal)
                              -Borrower                                  -Borrower

_____(Seal)    _____(Seal)
                              -Borrower                                  -Borrower

V-538R (0405).01              Page 3 of 3

EXHIBIT 14

**EXHIBIT 1 TO OPPOSITION - Complaint**

# PLANNED UNIT DEVELOPMENT RIDER

LOAN NO.: 29037626

MIN: 1000271090030044263
MERS Phone: 1-888-679-6377

THIS PLANNED UNIT DEVELOPMENT RIDER is made this         3rd         day of
APRIL, 2009      , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to
NATIONAL BANK OF KANSAS CITY

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
33914 TUSCAN CREEK WAY, TEMECULA, CA 92592
[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

COVENANTS, CONDITIONS AND RESTRICTIONS
(the "Declaration"). The Property is a part of a planned unit development known as
BERRINGER CREEK
[Name of Planned Unit Development]
(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

Initials: _____

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3150 1/01
V-7R (0411).01                Page 1 of 3            LENDER SUPPORT SYSTEMS INC. 7R.NEW (07/06)

EXHIBIT 14

**EXHIBIT 1 TO OPPOSITION - Complaint**

B. **Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

C. **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

E. **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
V-7R (0411).01                            Page 2 of 3                            Form 3150 1/01

EXHIBIT 1.4

**EXHIBIT 1 TO OPPOSITION - Complaint**

additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____(Seal)     _____(Seal)
JASON S. SCHERMERHORN            -Borrower     JENNIFER M. SCHERMERHORN        -Borrower

_____(Seal)     _____(Seal)
                                 -Borrower                                     -Borrower

_____(Seal)     _____(Seal)
                                 -Borrower                                     -Borrower

_____(Seal)     _____(Seal)
                                 -Borrower                                     -Borrower

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
V-7R (0411).01                      Page 3 of 3                      Form 3150 1/01

EXHIBIT 14

**EXHIBIT 1 TO OPPOSITION - Complaint**

Recording Requested By:
Wells Fargo Bank, N.A.
Prepared & Submitted By:
Ronald E Meharg, 888-362-9638
When Recorded Return to Trustor or Trustee at:
SCHERMERHORN
33914 TUSCAN CREEK WAY
TEMECULA, CA 92592

| WELLS | 708 | 0209216191 |

MIN #: 100027108070015407
MERS Telephone #: 888/679-6377
CRef#:05/10/2009-PRef#:R089-BID:708-333
43-POF Date:04/10/2009-Print Batch
ID:78335
Property Address:
33914 TUSCAN CREEK WAY
TEMECULA, CA 92592

CAstdor-eR2.0    04/01/2009    2009(c) by DOCX LLC



DOC # 2009-0236204
05/11/2009 08:00A Fee:27.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



This Space for Recorder's Use Only

## SUBSTITUTION OF TRUSTEE AND DEED OF RECONVEYANCE

KNOW ALL MEN BY THESE PRESENTS, that certain Deed of Trust described below provides that the holder of the Note secured by said Deed of Trust may appoint a successor Trustee to any Trustee thereunder appointed; and,

WHEREAS, the indebtedness secured by the Deed of Trust, described below, has been paid and satisfied;

NOW, THEREFORE, Mortgage Electronic Registration Systems, Inc., it's address being, P.O. Box 2026, Flint, MI 48501-2026, being the present legal owner and holder of the indebtedness secured by said Deed of Trust, does hereby substitute and appoint Wells Fargo Bank, N.A., it's address being 1111 Alderman Drive, Ste. #350, Attn: Release Dept., Alpharetta, GA 30005, as successor Trustee, and the Trustee(s) under said Deed of Trust, having received from the Beneficiary under said Deed of Trust sufficient directive to reconvey, detailing that the obligation secured by said Deed of Trust has been fully paid and performed, does hereby reconvey unto the parties entitled thereto, but without any covenant or warranty, express or implied, all rights, title and interest which was heretofore acquired by said Trustee(s) under said Deed of Trust.

Original Trustor(s): JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN, HUSBAND AND WIFE AS COMMUNITY PROPERTY
Original Trustee: LSI TITLE AGENCY, INC.
Original Beneficiary: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR NATIONAL BANK OF KANSAS CITY
Date of Deed of Trust: 07/08/2008    Loan Amount: $348,331.00
Recording Date: 07/11/2008    Document #: 2008-0381944

and recorded in the official records of the County of Riverside, State of California affecting Real Property and more particularly described on said Deed of Trust referred to herein.

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 04/23/2009.



Mortgage Electronic Registration Systems, Inc.

Rita Knowles
Vice President

Wells Fargo Bank, N.A.

Korell Harp
Vice Pres. Loan Documentation

**EXHIBIT 1 TO OPPOSITION - Complaint**

State of GA
County of Fulton

On this date of 04/23/2009, before me the undersigned authority, personally appeared Rita Knowles and Korell Harp, personally known to me to be the persons whose names are subscribed on the within instrument as the **Vice President** and **Vice Pres. Loan Documentation** of **Mortgage Electronic Registration Systems, Inc.,** a corporation and **Wells Fargo Bank, N.A.,** a corporation, respectively, who, both being by me duly affirmed, acknowledged to me that they, being authorized to do so, in the capacity therein stated, executed the within instrument for and on behalf of the corporations, as the free and voluntary act and deed, for the consideration, uses and purposes therein contained.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: **Dianne Miskell**
My Commission Expires: **04/09/2013**



Dianne Miskell
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
April 9, 2013

EXHIBIT 15

**EXHIBIT 1 TO OPPOSITION - Complaint**

## VERIFICATION OF SHELLY MOORE

I, Shelly Moore, am a Lien Release Specialist with specialized servicing lien release department of Executive Trustee Services, LLC at GMACM, LLC's Servicing Center, authorized agent and mortgage loan servicer of the loan at issue in the above-entitled action and am entitled to make this Verification for that reason. I have read the foregoing Complaint; I am informed and believe that the matters in it are true and on that ground allege that the matters stated in the Complaint are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Verification was executed on November 30, 2009, at Waterloo, Iowa.

_____
SHELLY MOORE

17

COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF INSTRUMENTS AND REFORMATION

**EXHIBIT 1 TO OPPOSITION - Complaint**