# Exhibit "3"

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

```
 1  Michael Y. MacKinnon (CBN 80353)
    Kathleen A. Cashman-Kramer (CBN 128861)
 2  PYLE SIMS DUNCAN & STEVENSON
    A Professional Corporation
 3  401 B Street, Suite 1500
    San Diego, CA 92101
 4  (619) 687-5200
    (619) 687-5210 - facsimile
 5  kcashman@psdslaw.com

 6  Attorneys for Defendants and Cross-Complainants
    Jason S. Schermerhorn and Jennifer M. Schermerhorn
 7
```

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

**FEB 18 2010**

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, AND EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE SERVICES, INC., <br><br>    Plaintiff, <br><br> v. <br><br> MARK TOZIER, an individual; JASON S. SCHERMERHORN, an individual; JENNIFER M. SCHERMERHORN, an individual; CALIFORNIA EMPIRE FINANCIAL GROUP, INC., a California corporation; FIDELITY NATIONAL TITLE COMPANY, a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; BANK OF AMERICA, N.A.; PRLAP, INC., a corporation; REGIONAL SERVICE CORPORATION, a corporation; REGIONAL TRUSTEE SERVICE CORPORATION; a corporation; NATIONAL BANK OF KANSAS CITY, a corporation; LSI TITLE AGENCY, INC., a corporation; CAL-WESTERN RECONVEYANCE CORPORATION, a corporation; FIRST AMERICAN TITLE COMPANY, a corporation; WELLS FARGO BANK, N.A.; AND ALL CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' DEED OF TRUST, OR ANY CLOUD ON THE 1ST PRIORITY POSITION DEED OF TRUST; and DOES 1 through 25, inclusive, <br><br>    Defendants. | Case No. RIC541193 <br><br> CROSS-COMPLAINT OF JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN FOR: <br> (1) DECLARATORY RELIEF; (2) QUIET TITLE; (3) CANCELLATION OF INSTRUMENTS; (4) REFORMATION OF FULL RECONVEYANCE; (5) INDEMNITY AND CONTRIBUTION; AND (6) BREACH OF CONTRACT <br><br> Judge:    Hon. Gloria Connor Trask <br> Dept.:    1 <br><br> Complaint Filed:   December 1, 2009 <br> Trial Date:        None |

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**
CROSS-COMPLAINT OF JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN

```
 1
 2   JASON S. SCHERMERHORN, an individual;    )
     and JENNIFER M. SCHERMERHORN, an         )
 3   individual;                              )
                                              )
 4                  Cross-Complainants,       )
                                              )
 5   v.                                       )
                                              )
 6   GMAC MORTGAGE, LLC, fka GMAC             )
     MORTGAGE CORPORATION, a Delaware         )
 7   limited liability company; EXECUTIVE     )
     TRUSTEE SERVICES, LLC, fka EXECUTIVE     )
 8   TRUSTEE SERVICES, INC., a Pennsylvania   )
     limited liability company; MORTGAGE      )
 9   ELECTRONIC REGISTRATION SYSTEMS,         )
     INC., a corporation; BANK OF AMERICA,    )
10   N.A.; and ROES 1-25, inclusive,          )
                                              )
11                  Cross- Defendants.        )
                                              )
12
```

13    Cross-Complainants Jason S. Schermerhorn and Jennifer M. Schermerhorn (hereinafter the

14 "Schermerhorns" or "cross-complainants"), by and through their attorneys, hereby allege as follows:

### FACTS COMMON TO ALL CLAIMS

16    1.    Cross-complainant Jason S. Schermerhorn is an individual with his usual residence in

17 the City of Temecula, County of Riverside, in the State of California.

18    2.    Cross-complainant Jennifer M. Schermerhorn is an individual with her usual residence

19 in the City of Temecula, County of Riverside, in the State of California.

20    3.    The Schermerhorns are informed and believe and thereon allege, based upon the

21 allegations contained in the underlying complaint in this matter, that cross-defendant GMAC

22 Mortgage, LLC, fka GMAC Mortgage Corporation ("GMAC") is, and at all times herein mentioned,

23 was a limited liability company, duly organized, and existing under the laws of the State of Delaware

24 with its principal place of business in Horsham, Pennsylvania, and is a mortgage loan lender and/or

25 servicer and is or was an authorized agent and lender/servicer for Mortgage Electronic Registration

26 Systems, Inc. ("MERS"), nominal beneficiary under the Deed of Trust dated March 30, 2005, and

27 recorded April 4, 2005, as Instrument No. 2005-0261680 in the Office of the Riverside County

28 Recorder. (Exhibit "2" to GMAC's complaint in this case.)

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-2-

4. The Schermerhorns are informed and believe and thereon allege, based upon the allegations contained in the underlying complaint in this matter, that cross-defendant Executive Trustee Services, LLC, formerly known as Executive Trustee Services, Inc., is, and at all times herein mentioned, was a limited liability company, duly organized, and existing under the laws of the State of Pennsylvania with its principal place of business in Horsham, Pennsylvania, and is the Substituted Trustee under the Deed of Trust dated March 30, 2005, and recorded April 4, 2005, as Instrument No. 2005-0261681 in the Office of the Riverside County Recorder. (Exhibit "2" to GMAC's complaint in this case.)

5. The Schermerhorns are informed and believe and thereon allege, based upon the allegations contained in the underlying complaint in this matter, that cross-defendant MERS is a corporation organized and existing under the laws of Delaware and that, for all times pertinent hereto, MERS is and was, upon information and belief, doing business within the State of California.

6. The Schermerhorns are informed and believe and thereon allege, based upon the allegations contained in the underlying complaint in this matter, that cross-defendant Bank of America is a national association and, upon information and belief, is licensed to do business and doing business in the State of California and in Riverside County, California.

7. The Schermerhorns are ignorant of the true names and capacities of cross-defendants sued herein as Roes 1 through 25 and therefore sues these cross-defendants by such fictitious names. The Schermerhorns will amend this cross-complaint to allege the true names and capacities when ascertained. The Schermerhorns are informed and believe and thereon allege that each of these fictitiously named cross-defendants claims some right, title, estate, lien or interest in the property which is the subject of this action adverse to the Schermerhorns' title and their claims, and each of them, constitute a cloud on the Schermerhorns' title to that property. The Schermerhorns are also informed and believe and thereon allege that Plaintiff these fictitiously named cross-defendants are responsible in some way for the damages suffered by them. Each reference in this cross-complaint to "cross-defendant" or "cross-defendants," refers also to all cross-defendants sued under fictitious names.

///

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-3-

CROSS-COMPLAINT OF JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN

8. The Schermerhorns are informed and believe and thereon allege that, at all relevant times, cross-defendants were the agents, employees, representatives, partners and related and/or affiliated entities or employees of each of the other remaining cross-defendants, and were acting in the scope and course of their agency and employment with the consent, authority and ratification of the other cross-defendants. The Schermerhorns are further informed and believe and thereon allege that all cross-defendants, and each of them, are responsible in some way for the damages suffered by the Schermerhorns.

## SPECIFIC FACTUAL ALLEGATIONS

9. The Schermerhorns are currently the owners of the real property improved with a single-family residence commonly known as 33914 Tuscan Creek Way, Temecula, California, 92592, (hereinafter "the Property") and legally described as follows:

> "Lot 1 of Tract No. 30448, in the County of Riverside, State of California, as per Map recorded in Book 351 at pages 58 to 64, inclusive, of Maps in the Office of the County Recorder of said County.
>
> Together wit [sic] any and all easements, rights, benefits, and interests appurtenant to said lot as created and/or established in the CC&R's recorded March 3, 2004 as Instrument No. 2004-0149657, and any amendments thereto, in the official records of said County.
>
> Excepting therefrom and reserving to grantor all oil, gas, minerals and other hydrocarbon substances lying below a depth of 500 feet but without the right of surface entry.
>
> APN # 952-210-009-6."

10. On or about June 10, 2008, Cross-Complainants entered into a contract to purchase the Property described in paragraph 9 above from cross-defendant Bank of America. The purchase price paid by the Cross-Complainants for the Property was $341,000.

11. The Schermorhorns' purchase of the Property from Bank of America closed on July 11, 2008. A true and correct copy of the Grant Deed recorded on July 11, 2008, as Instrument No. 2008-0381943 in the Office of the Riverside County Recorder is attached hereto as Exhibit "A."

12. To finance their purchase of the Property, Cross-Complainants obtained a loan from the National Bank of Kansas City in the original principal amount of $348,331.00. A true and correct copy of the Deed of Trust recorded on July 11, 2008, as Instrument No. 2008-0381944 in the Office of the Riverside County Recorder is attached hereto as Exhibit "B."

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-4-

CROSS-COMPLAINT OF JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN

1  13. The Schermerhorns are informed and believe and thereon allege that, prior to
2  March 21, 2008, Bank of America had a lien on the Property as evidenced by the Short Form Deed of
3  Trust recorded in the Riverside County recorder's office on November 23, 2005, as Instrument
4  No. 2005-0976640, a true and correct copy of which is attached to GMAC's complaint in this case as
5  Exhibit "3."

6  14. The Schermerhorns are informed and believe and thereon allege that the loan by Bank
7  of America, for which the November 23, 2005 Short Form Deed of Trust recorded in the Riverside
8  County recorder's office on November 23, 2005, as Instrument No. 2005-0976640 (Exhibit "3" to
9  GMAC's complaint) was given, was made to pay off the obligation secured by the deed of trust
10 recorded in the Riverside County recorder's office on April 4, 2005, as Instrument No. 2005-0161681
11 in favor of GMAC.

12 15. The Schermerhorns are informed and believe and thereon allege that GMAC or its
13 agent caused two reconveyances to be recorded by written instruments, which were recorded on
14 November 29, 2005, as Instrument No. 2005-0984449 and on February 29, 2008, as Instrument
15 No. 2008-0099105, respectively. True and correct copies of these reconveyances are attached hereto
16 as Exhibits "C" and "D," respectively.

17 16. As a result, the Schermerhorns are informed and believe and thereon allege that Bank
18 of America's Short Form Deed of Trust (Exhibit "3" to GMAC's complaint) was a second position
19 lien on the Property commencing in November 2005.

20 17. The Schermerhorns are informed and believe and thereon allege that cross-defendant
21 Bank of America obtained the Property as a result of a non-judicial foreclosure sale which it
22 conducted on March 21, 2008, obtaining title to the Property by way of a Trustee's deed recorded in
23 the office of the Riverside County recorder on April 30, 2008, as Instrument No. 2008-0222317.

24 18. The Schermerhorns are informed and believe and thereon allege that, on or about
25 June 17, 2008, a date which is approximately three (3) months after Bank of America acquired title to
26 the Property, cross-defendant GMAC, by itself and/or through its agents cross-defendant Executive
27 Trustee Services, Inc. and cross-defendant MERS, attempted to rescind and set aside the
28 reconveyance of the deed of trust which is Instrument No. 2005-0261681, which cross-defendant

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-5-

1  GMAC or its agent had caused to be reconveyed by instrument recorded on November 29, 2005, as

2  Instrument No. 2005-0984449. A true and correct copy of this Rescission is attached hereto as

3  Exhibit "E."

4     19.   The Schermerhorns are further informed and believe and thereon allege that Bank of

5  America knew of GMAC's assertion that its deed of trust recorded on April 4, 2005, as Instrument

6  No. 2005-0261680 had been improperly reconveyed as a result of the attempted Rescission

7  (Exhibit "E"). However, Bank of America never disclosed that assertion to the Schermerhorns in

8  connection with their purchase of the Property from Bank of America.

9     20.   The Schermerhorns are informed and believe and thereon allege that Bank of

10 America's acquisition of the Property was not subject to the two deeds of trust recorded in the

11 Riverside County recorder's office on April 4, 2005, as Instrument Nos. 2005-0261681 and 2005-

12 0161681, respectively, because those two deeds of trust had been reconveyed by instruments recorded

13 on November 29, 2005, as Instrument No. 2005-0984449 and on February 29, 2008, as Instrument

14 No. 2008-0099105, respectively ( Exhibits "C" and "D," respectively)

15    21.   The Schermerhorns are informed and believe and thereon allege that the

16 Reconveyance (Exhibit "C"), is a written instrument which does not appear, on its face, and without

17 any indication to the contrary, to have been signed and/or recorded in error or by mistake.

18    22.   At no time prior to the Schermerhorns' agreement to purchase the Property, were the

19 Schermhorns ever given notice by anyone, including, without limitation, cross-defendants herein, that

20 cross-defendant GMAC was attempting to claim a lien on the Property senior to that of the

21 Schermerhorns' predecessor, Bank of America.

22    23.   Had the Schermerhorns known of any attempt by or on behalf of cross-defendant

23 GMAC to assert a lien on the Property in the approximate amount of $429,856 that was alleged to be

24 senior to that of the Schermerhorns' predecessor, Bank of America, the Schermerhorns would not

25 have agreed to purchase the Property.

26    24.   The Schermerhorns are informed and believe and thereon allege that the attempted

27 rescission (Exhibit "E") is ineffective as a matter of fact and of law and, as such, should be cancelled

28 and set aside.

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**
-6-

## FIRST CAUSE OF ACTION

*(Cancellation of Instruments)*

(California Civil Code § 3412)

25. The Schermerhorns reallege and incorporate Paragraphs 1 through 24, inclusive, as though set forth in full here.

26. As set forth here, the Schermerhorns are informed and believe and thereon allege that the attempted Rescission (Exhibit "E") is ineffective as a matter of fact and of law and, as such, is void or voidable as to the Schermerhorns, and, therefore, should be cancelled and set aside.

27. In addition, the Schermerhorns are informed and believe and thereon allege that, for the reasons set forth above, there was a material lack or failure of consideration for the recording of the Rescission (Exhibit "E") and that, as a consequence, the execution, delivery and recordation of the Rescission may constitute a fraudulent conveyance.

28. As set forth here, the Schermerhorns are informed and believe and thereon allege that, if the Rescission is allowed to stand, they will be seriously injured, damaged, and prejudiced, in that the Schermerhorns' interest in the Property will thereafter be subject to a lien in excess of $400,000 of which they had no notice, and which was properly reconveyed prior to the non-judicial foreclosure sale described above in Paragraph 17.

29. As a result, the Schermerhorns are informed and believe, and thereon allege, that the Rescission should be canceled.

## SECOND CAUSE OF ACTION

*(Rescission - Material Failure or Lack of Consideration)*

(California Civil Code § 1689(b))

30. The Schermerhorns reallege and incorporate Paragraphs 1 through 29, inclusive, as though set forth in full here.

31. The Schermerhorns are informed and believe, and thereon allege, that the Rescission should be rescinded, for the reasons set forth above, namely: that it is not supported by good, valuable or sufficient consideration, and the cross-defendants, or any of them, had no right or authority to cause it to be recorded.

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-7-

32. These and other reasons constitute a material lack of or failure of consideration, and therefore constitute grounds for rescission under California Civil Code § 1689.

### THIRD CAUSE OF ACTION

*(Quiet Title)*

33. The Schermerhorns reallege and incorporate Paragraphs 1 through 32, inclusive, as though set forth in full here.

34. The Schermerhorns are currently the owners of the Property, as set forth above.

35. The Schermerhorns are informed and believe and thereon allege that cross-defendants, or some of them, claim an interest adverse to the Schermerhorns in or to the above-described Property as holder or holders of liens against the Property, which cross-defendants alleges are now purportedly superior to that of the interest of the Schermerhorns, and which lien had previously been reconveyed.

36. The Schermerhorns are seeking to quiet the title to the Property, as follows: that the deed of trust recorded in the Riverside County recorder's office on April 4, 2005, as Instrument No. 2005-0261681, which was reconveyed by instruments recorded on November 29, 2005, as Instrument No. 2005-0984449 (Exhibit "C"), does not constitute a valid lien against the Property.

37. The Schermerhorns further seek to quiet title as follows: that the Rescission (Exhibit "E") is invalid and void and is of no effect as to the Property.

38. The Schermerhorns are seeking to quiet the title to the Property as of time of trial.

### FOURTH CAUSE OF ACTION

*(Declaratory Relief)*

39. The Schermerhorns reallege and incorporate Paragraphs 1 through 38, inclusive, as though set forth in full here.

40. The Schermerhorns are informed and believe and thereon allege that an actual controversy has arisen and now exists between them, on the one hand, and cross-defendants, on the other hand.

41. Specifically, the Schermerhorns are informed and believe and thereon allege that cross-defendants and each of them claim some right, title, estate, lien, or interest in or to the Property that is adverse to or senior to the Schermerhorns' interest, or which interest damages or prejudices the

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-8-

CROSS-COMPLAINT OF JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN

Schermerhorns' interest in and to the Property. The Schermerhorns deny that cross-defendants, or any of them, hold any interest in or to the Property.

42. The Schermerhorns are informed and believe and thereon allege that the Rescission constitutes a cloud on their title and interest in the Property as the record owners of the Property and, as a result, should be removed from the public record.

43. The Schermerhorns are informed and believe and thereon allege that cross-defendants dispute the Schermerhorns' contentions. As a result, a judicial determination is needed as to the respective rights of the parties in and to the Property.

## FIFTH CAUSE OF ACTION

### *(Indemnity and Contribution)*

44. The Schermerhorns reallege and incorporate Paragraphs 1 through 43, inclusive, as though set forth in full here.

45. Concurrently with this cross-complaint the Schermerhorns are filing and serving an answer to the complaint of cross-defendant GMAC which seeks, inter alia, a finding that the Rescission (Exhibit "E" hereto) has the effect of cancelling the Reconveyance of the deed of trust recorded in the Riverside County recorder's office on April 4, 2005, as Instrument No. 2005-0261681, which Reconveyance was recorded on November 29, 2005, as Instrument No. 2005-0984449 (Exhibit "C").

46. In that answer, the Schermerhorns deny that cross-defendant GMAC is entitled to the relief it has requested vis-a-vis the Schermerhorns.

47. However, the Schermerhorns are informed and believe and thereon allege that if cross-defendants GMAC prevails in any way, then any damages sustained by the cross-defendant and Plaintiff GMAC were caused, entirely or in part, by cross-defendants, or any of them, including cross-defendant GMAC itself.

48. Specifically, the Schermerhorns are informed and believe and thereon allege as follows:

    a. That any damage to GMAC was actually and proximately caused by its own negligence and failure to mitigate, and/or by the acts of any or all of the other cross-

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-9-

CROSS-COMPLAINT OF JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN

defendants and that, by their conduct, any recovery to which cross-defendant GMAC may otherwise be entitled should be reduced by the amount of fault attributable to GMAC.

b. Cross-defendants, including GMAC, are estopped by reason of their own conduct, acts, and/or omissions, and are hence barred from any recovery on any claims that they may have against the Schermerhorns, and that any recovery in favor of GMAC should only be ordered against those cross-defendants at fault.

c. Pre-existing knowledge by cross-defendants, including GMAC, of the true facts, including the conduct by Bank of America of the non-judicial foreclosure sale, defeats cross-defendants' ability to allege a claim and/or damages as against the Schermerhorns

d. Cross-defendants, including GMAC, had the sole ability to correct any mistakes, if in fact there were any mistakes, before the Schermerhorns relied on the state of title to the Property, and their failure to act timely and reasonably bars any recovery on their part.

e. That any damage to cross-defendants, including GMAC, or to any of them, was the result of the failure of one or more of the cross-defendants to exercise reasonable and ordinary care, caution or prudence with regard to their rights, and thus failed to avoid the alleged damages claimed by Plaintiffs. The resulting damages, if any, sustained by Plaintiffs (which the defendants deny) were proximately caused and contributed to by the negligence of Plaintiffs, their employees, agents, contractors, representatives, predecessor in interest, or other persons unknown to the Defendants, and the Schermerhorns are entitled to be indemnified by those cross-defendants so responsible for any damage which GMAC may be determined to have sustained.

49. As between the Schermerhorns, on the one hand, and cross-defendants, responsibility, if any, for the damages claimed by plaintiff GMAC rests entirely or partially on cross-defendants, not on the Schermerhorns. As a result, cross-defendants are obligated to fully, or partially, indemnify the Schermerhorns, and/or to provide contribution for any sums that the Schermerhorns may be

///

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-10-

compelled to pay as the result of any damages, judgment or other awards recovered by the plaintiff GMAC against the Schermerhorns.

50. The Schermerhorns desire a judicial determination of the duties of cross-defendants to indemnify them with respect to the damages claimed in the plaintiff's complaint and the fees and costs incurred by the Schermerhorns in appearing and defending themselves. In particular, Cross-complainants desire a determination of their comparative liability and of the cross-defendants for these damages, and a declaration of cross-defendants' responsibility for comparative full or partial indemnity and/or contribution to the Schermerhorns for any sums that the Schermerhorns may be compelled to pay and for which cross-defendants are determined responsible entirely or in part.

## SIXTH CAUSE OF ACTION

*(Breach of Contract/Warrantis and Representations)*

(Against Cross-defendant Bank of America Only)

51. The Schermerhorns reallege and incorporate Paragraphs 1 through 50, inclusive, as though set forth in full here.

52. Among the material representations and warranties which cross-defendant Bank of America made to the Schermerhorns in connection with the Agreement, were certain representations and warranties regarding the state of title to the Property.

53. Specifically, and among other things, the Residential Purchase Agreement and joint Escrow Instructions of the parties, dated as of June 4, 2008, a true and correct copy of which is attached hereto as Exhibit "F," provides as follows:

12. TITLE AND VESTING:

    A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary (title) report, which is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the preliminary report and any other matters which may affect title are a contingency of this Agreement.

    B. Title is taken in its present condition subject to all encumbrances, easements. covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except: (I) monetary liens of record unless Buyer is assuming those obligations or taking the property subject to those obligations; and (ii) those matters which Seller has agreed to remove in writing.

    C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-11-

    D.    At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owner by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES.  CONSULT AN APPROPRIATE PROFESSIONAL.

    E.    Buyer shall receive a CLTA/ALTA Homeowner's Policy of Title Insurance. A title company, at Buyers request, can provide information about the availability, desirability, coverage, and cost of various title insurance coverage, and endorsements. If Buyer desires title coverage other than that required by this paragraph, Buyer shall instruct Escrow Holder in writing and pay any increase in cost.

. . .

22.    ATTORNEY FEES: In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 17A.

54.    In addition, the Addendum to Real Estate Purchase Contract dated June 9, 2008, a true and correct copy of which is attached hereto as Exhibit "G," provided, inter alia:

15.    Insurable title

    I.    Seller shall give and Purchaser shall accept such title as Seller's title insurance company shall be willing to approve and insure in accordance with its standard form of title policy approved by the governing agency for the state where the Property is located, subject only to the matters provided for in this contract.

    ii.    Unless otherwise indicated below, Seller shall furnish Purchaser, at its expense, a fee (owners) title policy, with coverage in the amount of the purchase price.

    _____    (Purchasers must initial here, if applicable). I/We will obtain a fee title policy and/or title exam at my/our expense.  DO NOT INITIAL THIS IN A STATE WHERE THE SELLER HAS THE RIGHT TO CHOOSE THE TITLE COMPANY.  IN SUCH CASE, SELLER RETAINS AND RESERVES SAID RIGHT.

    iii.    In the even purchaser chooses to obtain their own fee (owners) policy and/or title exam, they shall order the same within three days of purchaser executing the contract of sale, or all objections to title shall be waived.

Purchaser must notify Seller's attorney of any and all title objections at least ten days before closing, or all objections to title shall be waived.  If Seller cannot cure said objections after a good faith effort, or to do so would delay the closing beyond the original or any extended closing date, Purchaser agrees to accept a fee (owners) title policy, as stated above, at Seller's expense. Regular rates must apply.  Seller agrees to pay the premium for a fee (owners) title policy only if the policy is issued by Seller's selected title agent.

If a mortgagee policy is required, Purchaser shall be responsible for payment of the full premium.

    iv.    Seller shall not be obligated to remove any exception or to bring any action or proceeding or bear any expense in order to convey title to the Property or to make the title marketable or insurable, and any attempt by Seller to remove such title exceptions shall not

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-12-

impose an obligation upon Seller to remove those exceptions. Purchaser acknowledges that Seller's title to the Property may be subject to court approval of a foreclosure or to a mortgagor's right of redemption.

In the event Seller is not able to (a) make the title insurable or correct any problems or (b) obtain title insurance from a title insurance company selected by Seller, all as provided herein, either party may terminate the Agreement and any Earnest Money shall be returned to Purchaser and Seller shall have no further obligation or liability to Purchaser hereunder. Section 21 below also provides that Seller may extend the date of Closing or terminate the Agreement if Seller determines, if Seller's sole and absolute discretion, that Seller is unable to convey insurable title to the Property.

55. The Schermerhorns are informed and believe and thereon allege that cross-defendant Bank of America represented and warranted to them that the state of title to the Property was that: (a) Bank of America owned the fee interest to the property, free of any liens or interests (other than property taxes which might then be due and owing); and (b) no one claimed a lien that was superior to, or prior to, Bank of America's interest in the Property.

56. Cross-defendant Bank of America breached the Agreement when it breached the title warranties contained in the Agreement by, including but not limited to:

    a.    Failing to disclose that, when Cross-defendant Bank of America acquired its deed of trust encumbering the Property on November 23, 2005 (Exhibit "3" to GMAC's complaint), which deed of trust secured repayment of a promissory note in the amount of $145,000, the GMAC deed of trust (document numbered 2005-0976640) was a duly recorded and perfected lien on the Property;

    b.    Failing to disclose to the Schermerhorns that GMAC attempted to rescind its reconveyance of one of its 2005 deeds of trust, as provided in Paragraph 12 C of the Agreement;

    c.    Failing to deliver title to the Schermerhorns, as provided in Paragraph 15.i. of the Addendum.

57. Cross-defendant Bank of America made such representations, or failed to disclose the true facts, with no reasonable ground for doing so, or for failing to do so.

58. Cross-defendant Bank of America induced the Schermerhorns to rely on its representations in order that the purchase of the property embodied in the Agreement would close,

///

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-13-

1  and that the Schermerhorns would, and in fact did, execute the necessary documents and did in fact
2  close the purchase of the Property.

3      59. The Schermerhorns in fact relied on the representations made by cross-defendant Bank
4  of America, and took the actions described herein, all to the detriment of the Schermerhorns.

5      60. At the time these representations were made, or at the time they failed to disclose the
6  true facts, the Schermerhorns were ignorant of the falsity of defendants' representations and the true
7  facts, namely, that GMAC held a duly-recorded and perfected lien securing an obligation in the
8  original principal amount of $429,856.00 at the time the Bank of America deed of trust securing an
9  obligation in the amount of $145,000 (Exhibit "3" to GMAC's complaint) was recorded, and that
10 GMAC was again attempting to claim a lien interest in the Property that was senior and prior to the
11 interest of coss-defendant Bank of America. Had the Schermerhorns known the true facts, the
12 Schermerhorns would not have taken the action that they did in agreeing to purchase the Property
13 from cross-defendant Bank of America.

14     61. The Schermerhorns' reliance on cross-defendant's representations and omissions was
15 justified because defendants were in a position of superior knowledge relative to the subject matter
16 thereof.

17     62. The misrepresentations of cross-defendant Bank of America was not discovered by the
18 Schermerhorns until sometime in or about April 2009, when they attempted to refinance their loan on
19 the Property.

20     63. As a direct and proximate result of the misrepresentations of cross-defendant Bank of
21 America, as hereinabove alleged, the Schermerhorns have been damaged in an amount which as not
22 yet been fully ascertained, but which is believed to exceed $400,000. The Schermerhorns will seek
23 leave of court and amend this cross-complaint to allege the exact amount of such damages when the
24 same shall become known to them, or to conform to proof thereof at trial.

25     64. The aforementioned conduct of cross-defendant Bank of America was a misrepresent-
26 tion or an omission of a material fact known to such cross-defendant, with the intent on the part of
27 cross-defendant Bank of America of thereby depriving the Schermerhorns of property or other legal
28 rights, or otherwise causing injury, and was despicable conduct that subjected the Schermerhorns to a

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**
-14-

cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages in such amount as may abide the discretion of the trier of fact.

65.   The Residential Purchase Agreement and joint Escrow Instructions (Exhibit "F" hereto) also provides that the Schermerhorns and Bank of America "agree to mediate any dispute or claim arising between them out of this Agreement . . . ," and that "any dispute or claim in Law or equity arising between them out of this Agreement . . . which is not settled through mediation, shall be decided by neutral, binding arbitration . . . ." (Exhibit "F," ¶17.) As a result, and by this cross-complaint, the Schermerhorns demand that cross-defendant Bank of America agree to mediate the claims between and among them, which claims arise out of the Agreement between them (Exhibit "F").

66.   The Schermerhorns have been required to retain counsel to enforce their rights under the Agreement. As a result, and pursuant to Paragraph 22 of the Agreement, cross-defendant Bank of America is liable for reasonable attorneys' fees and costs incurred by the Schermerhorns in connection with the enforcement of any of their rights and/or remedies, including, but not limited to all legal expenses and attorneys' fees and all expenses incurred in so doing, which amount shall be determined at trial.

Wherefore, the Schermerhorns request the following relief:

**On the First and Second Causes of Action:**

1.   For a judgment cancelling and setting aside the Rescission (Exhibit "E");

**On the Third Cause of Action:**

1.   For a declaration that the Schermerhorns' title to the Property is free and clear of any claims, right, title or interest of cross-defendants, or any of them, including, without limitation, the deed of trust recorded in the Riverside County recorder's office on April 4, 2005, as Instrument No. 2005-0261681;

2.   For damages in a sum to be determined at time of trial according to proof to the extent that the Schermerhorns have been caused damage and detriment by the uncertainty occasioned to the subject Property by reason of the cross-defendants' actions and claims;

///

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-15-

**On the Fourth Cause of Action:**

1. For a declaration that cross-defendants, and each of them, do not have any right, title, estate, lien, or interest in or to the Property that is adverse to or senior to the Schermerhorns' interest.

2. For a declaration that the Rescission (Exhibit "E") constitutes a cloud on the Schermerhorns' title and interest in the Property as the record owners of the Property, and that it should be removed from the Riverside County Recorders records by way of a written instrument.

**On the Fifth Cause of Action:**

1. For a judicial determination of the comparative fault of the cross-defendants, and each of them, for the damages claimed by the Plaintiff, if any are found to exist;

2. For a determination of the amount that cross-defendants are obligated to indemnify the Schermerhorns or to contribute, if the Schermerhorns are compelled to pay any sum as the result of any damages, judgment, or other awards recovered by the Plaintiff against them, which amount is presently unknown but which will be proven at trial.

**On the Sixth Cause of Action:**

1. For compensatory damages according to proof, in order to compensate the Schermerhorns for Bank of America's breach of warranties and misrepresentations, in an amount which is believed to exceed $400,000.00, subject to proof at trial;

2. That cross-defendant Bank of America agrees to mediate any and all claims between and among it and the Schermerhorns, which claims arise out of the Agreement between them (Exhibit "F"), in accordance with the terms of Exhibit "F";

3. For interest from the date of the breaches and misrepresentations, according to proof;

**On All Causes of Action:**

1. For retention of jurisdiction for the judicial appointment of an elisor to execute whatever documents are necessary to record in the Riverside County Recorder's Office to impart constructive notice of any action which this Court deems necessary to effectuate its judgment in this case, in the event that any party who may be ordered to execute such document(s) is not available or refuses for any reason to execute and record such document(s);

2. For reasonable costs of suit incurred herein;

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-16-

3. For reasonable attorneys' fees, where provided; and

4. For such other and further relief as the Court may deem just and proper.

DATED: February 17, 2010

PYLE SIMS DUNCAN & STEVENSON,
A Professional Corporation

By: _____
Michael Y. MacKinnon
Kathleen A. Cashman-Kramer
Attorneys for Defendants and Cross-Complainants
Jason S. Schermerhorn and Jennifer M. Schermerhorn

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

-17-

CROSS-COMPLAINT OF JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN

# Exhibit "A"

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**

DOC # 2008-0381943
07/11/2008 08:00A Fee:30.00
Page 1 of 4 Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

3/RC

"LSI TITLE, FNDS DIVISION"

RECORDING REQUESTED BY:
LSI Title Agency
Escrow No.: 08007042MDS
Title Order No.: K836530

WHEN RECORDED MAIL DOCUMENT
AND TAX STATEMENT TO:
Jason Schermerhorn and Jennifer Schermerhorn
33914 Tuscan Creek Way
Temecula, CA 92592



| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|-----|------|------|-----|------|
|   |   |   | 4    | 4    |     |      |      |     |      |
| M | A | L | 465  | 426  | PCOR| NCOR | SMF  | NCHG| EXAM |
|   |   |   |      |      | V6  | T:94 | CTY  | UNI |      |

Parcel No.: 966-060-001
Tra: 013                    GRANT DEED        SPACE ABOVE THIS LINE FOR RECORDER'S USE

The undersigned grantor(s) declare(s)                                   30      T
Documentary transfer tax is $375.10                                            012

[X] Computed on full value of property conveyed, or
[ ] Computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated Area City of Temecula
R & T Code:
FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, BANK OF
AMERICA NA hereby GRANT(S) to Jason S. SCHERMERHORN AND JENNIFER M.
SCHERMERHORN, HUSBAND AND WIFE, AS COMMUNITY PROPERTY.

the following described real property in the City of Temecula, County of Riverside, State of
California:

Legal Description attached hereto and made a part hereof marked exhibit "A"

DATED: June 20, 2008

BANK OF AMERICA NA

BY: _____
    Pamela J. Crocker, Vice President

Pamela J. Crocker
Vice President

GRANT DEED

**EXHIBIT 3 TO OPPOSITION - Cross-Complaint**