EXHIBIT 4 - 1

Exhibit "4" - **1**

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

1  Michael Y. MacKinnon (CBN 80353)
   Kathleen A. Cashman-Kramer (CBN 128861)
2  Jennifer E. Duty (CBN 245308)
   PYLE SIMS DUNCAN & STEVENSON
3  A Professional Corporation
   401 B Street, Suite 1500
4  San Diego, CA 92101
   (619) 687-5200
5  (619) 687-5210 - facsimile

6  Attorneys for Defendants Jason S. Schermerhorn,
   and Jennifer M. Schermerhorn

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF RIVERSIDE

   GMAC MORTGAGE, LLC, fka GMAC          )  Case No. RIC541193
10 MORTGAGE CORPORATION, AND             )
   EXECUTIVE TRUSTEE SERVICES, LLC, fka  )
11 EXECUTIVE TRUSTEE SERVICES, INC.,     )
                                         )  STATUS REPORT TO THE COURT BY
12              Plaintiff,               )  DEFENDANTS AND CROSS-
                                         )  COMPLAINANTS JASON AND JENNIFER
13 v.                                    )  SCHERMERHORN
                                         )
14 MARK TOZIER, an individual;  JASON S. )
   SCHERMERHORN, an individual; JENNIFER )
15 M. SCHERMERHORN, an individual;       )  Date:        June 18, 2012
   CALIFORNIA EMPIRE FINANCIAL GROUP,    )  Time:        8:30 a.m.
16 INC., a California corporation; FIDELITY )  Dept:       5; Hon. Kenneth G. Ziebarth
   NATIONAL TITLE COMPANY, a corporation; )  Complaint Filed:   December 1, 2009
17 MORTGAGE ELECTRONIC REGISTRATION     )  Trial Date:    July 11, 2011
   SYSTEMS, INC., a corporation; BANK OF  )
18 AMERICA, N.A.; PRLAP, INC., a corporation; )
   REGIONAL SERVICE CORPORATION, a       )
19 corporation; REGIONAL TRUSTEE SERVICE )
   CORPORATION; a corporation; NATIONAL  )
20 BANK OF KANSAS CITY, a corporation; LSI )
   TITLE AGENCY, INC., a corporation; CAL- )
21 WESTERN RECONVEYANCE                  )
   CORPORATION, a corporation; FIRST     )
22 AMERICAN TITLE COMPANY, a             )
   corporation; WELLS FARGO BANK, N.A.;  )
23 AND ALL CLAIMING ANY LEGAL OR         )
   EQUITABLE RIGHT, TITLE, ESTATE, LIEN, )
24 OR INTEREST IN THE PROPERTY           )
   DESCRIBED IN THE COMPLAINT            )
25 ADVERSE TO PLAINTIFFS' DEED OF        )
   TRUST, OR ANY CLOUD ON THE 1ST        )
26 PRIORITY POSITION DEED OF TRUST; and  )
   DOES 1 through 25, inclusive,         )
27                                       )
                Defendants.              )
28

-1-
EXHIBIT 4-1 TO OPPOSITION - Status Report to Court

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
MAY 24 2012

1  JASON and JENNIFER SCHERMERHORN (collectively the "Schermerhorns"), by their

2  attorneys of record, hereby provide the following status report to this Court regarding the above

3  matter.

## INTRODUCTION

5  Plaintiff, GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION

6  ("GMAC"), and EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE

7  SERVICES, INC. ("ETS") (hereinafter "Plaintiffs"), instituted the instant action against the

8  Schermerhorns and several other defendants on November 30, 2009 for declaratory relief,

9  cancellation of instruments and reformation of full reconveyance.   On July 11, 2011, trial

10  commenced before this Court on GMAC's Complaint against all the named defendants.  After a

11  bench trial, and after giving the parties an opportunity to submit comments, on August 29, 2011 this

12  Court issued a Statement of Decision ("Statement of Decision") denying each and every claim for

13  relief sought by GMAC and entering judgment in favor of defendants, including the Schermerhorns.

14  (Statement of Decision, pp. 39-42)  Because of the completeness of the relief granted to the

15  defendants after the July 2011 trial, GMAC's affirmative claims and all defenses thereto have been

16  completely resolved by this Court.  (Statement of Decision, pp. 41-42.)

17  On January 10, 2012 this Court signed and entered its Judgment in this case, in which all of

18  the issues raised in the first two phases of the trial of this action were reduced to judgment.

## CURRENT STATUS.

20  The Schermerhorns had been on the eve of filing two motion to conclude this case: (1) a

21  motion for expungement of the lis pendens and the two Notices of Rescission; and (2) a motion for an

22  award of their reasonable attorneys fees and costs in connection with their defense of this matter, as

23  the prevailing parties[1].  Copies of these proposed motions and their supporting documents are

24  attached hereto, as follows:

25  Exhibit 1       Notice of Motion to Expunge

26  

27  [1]The costs sought by this application are exclusive of the Costs requested and awarded by the
Schermerhorns in connection with their Amended Memorandum of Costs filed with this Court on
28  February 16, 2012 in the total amount of $14,463.51.

-2-

1    Exhibit 2    Motion to Expunge; Points and Authorities in Support of Motion to Expunge

2    Exhibit 3    Declaration of Michael Y. MacKinnon in support

3    Exhibit 4    Proposed Order Granting Motion to Expunge

4    Exhibit 5    Notice of Motion for Allowance of Attorneys' Fees and Costs As Prevailing

5                 Party

6    Exhibit 6    Declaration of Michael Y. MacKinnon in support of motion for Allowance of

7                 Attorneys' Fees and Costs as Prevailing Party

8    Exhibit 7    Motion for Allowance of Attorneys' Fees and Costs as Prevailing Party

9           Counsel for the Schermerhorns just learned, however, that on May 14, 2012, both Plaintiffs

10   GMAC and ETS filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (11

11   United States Code) in the United States Bankruptcy Court for the Southern District of new York,

12   Manhattan Division, as cases numbered 12-12-032-mg (GMAC) and 12-12028-mg (ETS). These two

13   Chapter 11 cases are being jointly administered along with the Chapter 11 case of Residential Capital

14   LLC, case no. 12-12020-mg, also filed the same date. True and correct copies of the PACER

15   electronic dockets for both the GMAC and ETS bankruptcy cases are attached hereto as Exhibits 8

16   and 9, respectively.

17          As of the date of this status report, the state of the two Chapter 11 cases appears to be as

18   follows: both the GMAC and ETS bankruptcy cases have been ordered to be jointly administered

19   with the Residential Capital case. A true and correct copy of the PACER docket for that case is

20   attached hereto as Exhibit "10." Also filed in the Residential Capital case are a series of what is

21   known as "first day motions;" motions seeking orders that are designed to allow the Chapter 11

22   debtors to continue day-to-day operations while the Chapter 11 cases are pending. In addition, the

23   debtors in those cases filed motions for approval of sales of certain assets.

24          <u>**SUMMARY OF THE TWO MOTIONS BY THE SCHERMERHORNS**</u>

25          As this Court is aware, the Schermerhorns' involvement in this litigation arises out of their

26   purchase of a single family dwelling located at 33914 Tuscan Creek Way, Temecula, CA 92592

27   ("Property"), from seller and co-Defendant Bank of America. (Statement of Decision, Undisputed

28   Facts, pp. 7-8, ¶¶28-33.) GMAC sued to correct the public records and establish that the subject real

**EXHIBIT 4 TO OPPOSITION Status Report to Court**
JASON AND JENNIFER SCHERMERHORN

1   property remained encumbered by a first deed of trust in favor of California Empire Financial Group,

2   Inc. (Instrument No. 2005-0261680) ("First Deed of Trust"), despite Plaintiff's subsequent

3   recordation of a Reconveyance of a second deed of trust (Instrument No. 2005-0261680) (Trial

4   Exhibit 2) which (according to the Plaintiffs) erroneously included the Instrument number of the first

5   deed of trust. Trial Exhibit 1.

6        As part of GMAC's claims, GMAC sought to have the reconveyance deemed null and void

7   and to declare that the "first priority security interest created by the [Deed of Trust] still exists and

8   remains valid and that the rights and obligations created by said Deed of Trust remain fully

9   enforceable according to applicable law." (Complaint, ¶ 26; see also Statement of Decision p. 13.)

10  While the body of the Complaint did not specifically request or pray for attorneys' fees, the Deed of

11  Trust, which GMAC incorporated into the complaint and attached thereto as Exhibit "1," and that

12  GMAC sought to reinstate and  give full force and effect to, provides two different mechanisms for

13  recovering attorneys' fees and costs. ( Deed of Trust, Trial Exhibit 1.)

14  A.    Motion to Expunge.

15       This motion seeks an order expunging the Notice of Pendency of Action (Lis Pendens) that

16  was recorded in this matter by the Plaintiffs on or about December 2, 2009 in the office of the

17  Riverside County recorder as instrument numbered 2009-616235 (the "Lis Pendens"), and also an

18  order from this Court withdrawing, cancelling, and/or otherwise expunging the two Notice of

19  Rescission which Plaintiffs caused to be recorded in the office of the Riverside County Recorder, on

20  the following dates and as the following instruments numbered: (1) on June 17, 2008, instrument

21  numbered 2008-0329369; and (2) on May 17, 2010 as instrument numbered 2010-0227286.  Finally,

22  the Schermerhorns also move for an order authorizing payment of attorneys' fees in the amount of

23  $3,465, and costs in the amount of $47, which they have expended and will expend bringing this

24  Motion.

25  B.    Motion for Allowance of Attorneys Fees and Costs to the Schermerhorns as the prevailing

26        Parties.

27       The Deed of Trust and the Note which underly Plaintiffs' claims both expressly provides for

28  recovery of attorneys fees "[i]f ... (b) there is a legal proceeding that might significantly affect

-4-

1 Lender's interest in the Property and/or rights under this Security Instrument . . ." See Trial Exhibits

2 1, ¶¶9 and 14, and 40-551-553, ¶4(D).  Pursuant to these provisions, the Deed of Trust and the Note

3 both give the party a right to recover any attorneys' fees incurred in safeguarding its security interest

4 and priority position on the Property.

5      The Schermerhorns are the prevailing party vis-a-vis the Plaintiffs in this matter.  It is the

6 Schermerhorns' position that, as the prevailing parties on all of GMAC's affirmative claims against

7 them, the Schermerhorns are entitled to their attorneys' fees and costs incurred in defending the suit

8 brought by GMAC.  Given the attorneys' fees provision included in the Deed of Trust, which would

9 have been enforceable against the Schermerhorns had GMAC prevailed, the Schermerhorns are

10 likewise entitled  to the same benefits of that provision under

11 California Civil Code section 1717.  Therefore, by way of this Motion, the Schermerhorns seek and

12 are entitled to recover attorneys' fees and costs in the amount of $566,234.74[2] for 1,743.6 hours of

13 work performed.

14      The Schermerhorns submit that the time spent, and attorneys fees and costs incurred, were

15 reasonable, necessary and appropriate given the complexity of the litigation and the relationships

16 amongst the parties.  When that time is then multiplied by the reasonable hourly rate charged by

17 counsel for the Schermerhorns, it becomes clear that the amount of time and money expended in

18 defense of this action is fully recoverable under the lodestar method and Civil Code section 1717.

19 Therefore, the Schermerhorns respectfully request that this Court award attorney's fees (including

20 paralegal's fees) in the amount of $566,234.74, as provided under California law and the relevant

21 Deed of Trust.

22 ///

23 ///

24

25      [2]In addition to the attorneys' fees and costs incurred by counsel of record, the Schermerhorns retained

26 attorney Kevin McCann and the office of McCann & Carroll when they were first served with Plaintiffs' complaint and the lis pendens in this matter.  The Schermerhorns paid Mr. McCann the total sum of $1,964.00

27 prior to retaining the current firm to appear for them and defend in this matter.  See Trial Exhibit 70-001853, which is a true and correct copy of the Schermerhorns' checks numbered 1631 dated December 22, 2009 in the

28 amount of $1,000.00 and 1641 dated February 8, 2010 in the amount of $964.00 are attached to the MacKinnon Declaration as Exhibit "1."

EXHIBIT 1 TO OPPOSITION Status Report to Court
JASON AND JENNIFER SCHERMERHORN

1                                  **BANKRUPTCY CONSIDERATIONS**

2        The Schermerhorns believe that there is authority for the proposition that they may proceed

3  with the proposed two motions: (1) for an award of attorneys fees and costs as prevailing parties in

4  this litigation; and (2) for expungement of the lis pendens and the two Notices of Rescission.  If the

5  Plaintiffs argue that Section 362 of the Bankruptcy Code prevents them from proceeding further in

6  this action, the Schermerhorns will respectfully disagree.  Although the scope of the automatic stay

7  provided by Section 362 of the Bankruptcy Code (11 United Stated Code) is broad, it does not stay all

8  proceedings.  The automatic stay has been found inapplicable to lawsuits initiated by a debtor.  <u>See</u>

9  <u>Eisinger v. Way (In re Way)</u>, 229 B.R. 11, 13 (9th Cir. BAP 1998) [primary policy considerations

10  behind Section 362 do not exist where the debtor has initiated a lawsuit against a party/creditor].

11  Court have also consistently held that a defendant in an action brought by a plaintiff/debtor may

12  defend itself in that action without violating the automatic stay.  <u>Gordon v. Whitmore  (In re</u>

13  <u>Merrick)</u>, 175 B.R. 333, 336 (9th Cir. BAP 1994); <u>In re Way</u>, 229 B.R. at 13.  <u>See also</u> <u>In re  Palmdale</u>

14  <u>Hills Property, LLC</u> (9th Cir. BAP 2009) 423 B.R. 655, 664.

15        This case is similar to the facts in the <u>Merrick</u> case cited above.  There, the bankruptcy trustee

16  for Mrs. Merrick sought sanctions against several state court defendants for willful violation of the

17  automatic stay of 11 U.S.C. § 362(a) when the state court, after determining that defense issues were

18  not affected by the automatic stay, granted the defendants' motion for a summary judgment, dismissed

19  the lawsuit, and awarded them costs. The bankruptcy court ruled to the contrary, holding that the

20  automatic stay was applicable.  The Ninth Circuit Bankruptcy Appellate panel reversed, specifically

21  finding that a defendant need not seek relief from the automatic stay in order to defend himself

22  against a lawsuit commenced by the debtor.  The BAP also found that the award of attorneys' fees

23  and costs did not violate the stay because the non-debtor defendants did nothing to "acquire" any

24  property of the debtor after that order was entered.  <u>In re Merrick</u>, 175 B.R. at 338.

25  / / /

26  / / /

27  / / /

28  / / /

**EXHIBIT 4 TO OPPOSITION Status Report to Court**
JASON AND JENNIFER SCHERMERHORN

1    As a result of this authority, the Schermerhorns believe that this Court may proceed with,

2 hear, and determine the two motions outlined above without violating the automatic stay provisions

3 of the United States Bankruptcy Code.  At the status conference in this case, the Schermerhorns

4 intend to ask this Court how best to proceed with what little remains in this case for determination.

5

6 Dated: May 23, 2012                              Respectfully submitted,

7                                                  PYLE SIMS DUNCAN & STEVENSON
                                                   A Professional Corporation
8
9                                                  By
10                                                        Michael Y. MacKinnon
                                                          Kathleen A. Cashman-Kramer
                                                   Attorneys for Defendants Jason S. Schermerhorn
11                                                 and Jennifer M. Schermerhorn

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

**EXHIBIT 4 TO OPPOSITION** STATUS REPORT TO COURT... Status Report to Court
JASON AND JENNIFER SCHERMERHORN

# Exhibit "1"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

1   Michael Y. MacKinnon (CBN 80353)
    Kathleen A. Cashman-Kramer (CBN 128861)
2   PYLE SIMS DUNCAN & STEVENSON
    A Professional Corporation
3   401 B Street, Suite 1500
    San Diego, CA 92101
4   Telephone: (619) 687-5200
    Facsimile: (619) 687-5210
5
    Attorneys for Defendants and Cross-Complainants
6   Jason S. Schermerhorn and Jennifer M. Schermerhorn

7                 **SUPERIOR COURT OF CALIFORNIA**

8                 **COUNTY OF RIVERSIDE**

9   GMAC MORTGAGE, LLC, fka GMAC          )   Case No. RIC5411993
    MORTGAGE CORPORATION, AND            )
10  EXECUTIVE TRUSTEE SERVICES, LLC, fka )
    EXECUTIVE TRUSTEE SERVICES, INC.,    )   NOTICE OF MOTION BY DEFENDANTS
11                                        )   AND CROSS-COMPLAINANTS JASON S.
                  Plaintiff,             )   SCHERMERHORN AND JENNIFER M.
12  v.                                    )   SCHERMERHORN TO EXPUNGE LIS
                                          )   PENDENS AND TO WITHDRAW AND/OR
13  MARK TOZIER, an individual; JASON S. )   CANCEL TWO NOTICES OF RESCISSION
    SCHERMERHORN, an individual, JENNIFER M. )
14  SCHERMERHORN, an individual, CALIFORNIA )
    EMPIRE FINANCIAL GROUP, INC., a California )   Date:         June 18, 2012
15  corporation; FIDELITY NATIONAL TITLE )   Time:         8:30 a.m.
    COMPANY, a corporation; MORTGAGE     )   Judge:        Hon. Kenneth Ziebarth
16  ELECTRONIC REGISTRATION SYSTEMS,     )   Dept.:        5
    INC., a corporation; BANK OF AMERICA, N.A.; )
17  PRLAP, INC., a corporation; REGIONAL )
    SERVICE CORPORATION, a corporation;  )
18  REGIONAL SERVICE CORPORATION, a      )   Complaint Filed:    December 1, 2009
    corporation; REGIONAL TRUSTEE SERVICE )   Trial Date:         July 11, 2011
19  CORPORATION, a corporation; NATIONAL )
    BANK OF KANSAS CITY, a corporation; LSI )
20  TITLE AGENCY, INC., a corporation; CAL- )
    WESTERN RECONVEYANCE CORPORATION, )
21  a corporation; FIRST AMERICAN TITLE  )
    COMPANY, a corporation; WELLS FARGO  )
22  BANK, N.A., a corporation; AND ALL   )
    CLAIMING ANY LEGAL OR EQUITABLE      )
23  RIGHT, TITLE, ESTATE, LIEN, OR INTEREST )
    IN THE PROPERTY DESCRIBED IN THE     )
24  COMPLAINT ADVERSE TO PLAINTIFFS'     )
    DEED OF TRUST, OR ANY CLOUD ON THE 1st )
25  PRIORITY POSITION DEED OF TRUST; and )
    DOES 1 through 25, inclusive,        )
26                                        )
                  Defendants,            )
27  _____      )

28                                        )
    AND RELATED CROSS-ACTIONS            )
    _____      )
                                          )

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

1. 

2.        PLEASE TAKE NOTICE that on June 18, 2012 at 8:30 a.m. in Department 5 of the above-

3. captioned Court, located at 4050 Main Street, Riverside, California, Defendants and Cross-

4. Complainants Jason S. Schermerhorn and Jennifer M. Schermerhorn (the "Schermerhorns") will

5. move and do hereby move this Court for an order expunging the Notice of Pendency of Action (Lis

6. Pendens) that was recorded on or about December 2, 2009 in the office of the Riverside County

7. recorder as instrument numbered 2009-616235.  The Schermerhorns also seek an order from this

8. Court withdrawing or otherwise canceling or expunging the two Notice of Rescision which Plaintiffs

9. caused to be recorded in the office of the Riverside County Recorder, on the following dates and as

10. the following instruments numbered: (1) on June 17, 2008, instrument numbered 2008-0329369; and

11. (2) on May 17, 2010 as instrument numbered 2010-0227286.  Finally, the Schermerhorns will also

12. seek an order authorizing payment of attorneys' fees in the amount of $3,465, and costs in the amount

13. of $47, which they have expended and will expend bringing this Motion.  The motion is made on the

14. grounds that, based upon this Court's Statement of Decision (Phase One) dated August 29, 2011, and

15. the Judgment signed by this Court on January 10, 2012 which included, inter alia, the following

16. language: "[t]he lis pendens filed by Plaintiffs with respect to the subject property is hereby

17. expunged. . . . ", the Plaintiffs' claims in the underlying lawsuit are completely without merit and

18. none of the Plaintiffs' claims state any real property claim against the subject real property, located at

19. 33914 Tuscan Creek Way, Temecula, California 92592 (the "Property").  The motion will be made

20. pursuant to Code of Civil Procedure §§ 405.30, 405.31, 405.32 and 405.38.

21.        The motion is based upon this notice, the Motion itself and the accompanying memorandum

22. of points and authorities and declarations, all pleadings and papers on file in the above-captioned

23. action, along with such other and further oral and documentary evidence as may be presented at the

24. hearing on this Motion by the Schermerhorns or any other party in this matter.

25. 

26. Dated: May ___, 2012                    PYLE SIMS DUNCAN & STEVENSON,
                                              A Professional Corporation

27. 

28.                                          By: _____
                                                Michael A. MacKinnon
                                                Kathleen A. Cashman-Kramer
                                         Attorneys for Defendants and Cross-Complainants Jason
                                         S. Schermerhorn and Jennifer M. Schermerhorn

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

-2-

# Exhibit "2"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

1 | Michael Y. MacKinnon (CBN 80353)
Kathleen A. Cashman-Kramer (CBN 128861)
2 | PYLE SIMS DUNCAN & STEVENSON
A Professional Corporation
3 | 401 B Street, Suite 1500
San Diego, CA 92101
4 | Telephone: (619) 687-5200
Facsimile:  (619) 687-5210
5 |
Attorneys for Defendants and Cross-Complainants
6 | Jason S. Schermerhorn and Jennifer M. Schermerhorn

7 |                **SUPERIOR COURT OF CALIFORNIA**

8 |                     **COUNTY OF RIVERSIDE**

| | |
|---|---|
| 9 GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, AND 10 EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE SERVICES, INC., 11 | Case No. RIC5411993 |
| 11 Plaintiff, 12 v. | MOTION BY DEFENDANTS AND CROSS-COMPLAINANTS JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN TO EXPUNGE LIS PENDENS AND TO WITHDRAW AND/OR CANCEL TWO NOTICES OF RESCISSION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 13 MARK TOZIER, an individual; JASON S. SCHERMERHORN, an individual, JENNIFER M. 14 SCHERMERHORN, an individual, CALIFORNIA EMPIRE FINANCIAL GROUP, INC., a California 15 corporation; FIDELITY NATIONAL TITLE COMPANY, a corporation; MORTGAGE 16 ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; BANK OF AMERICA, N.A.; 17 PRLAP, INC., a corporation; REGIONAL SERVICE CORPORATION, a corporation; 18 REGIONAL SERVICE CORPORATION, a corporation; REGIONAL TRUSTEE SERVICE | |
| | Date:       June 18, 2012 Time:       8:30 a.m. Judge:     Hon. Kenneth Ziebarth Dept.:      5 |
| 19 CORPORATION, a corporation; NATIONAL BANK OF KANSAS CITY, a corporation; LSI 20 TITLE AGENCY, INC., a corporation; CAL-WESTERN RECONVEYANCE CORPORATION, 21 a corporation; FIRST AMERICAN TITLE COMPANY, a corporation; WELLS FARGO 22 BANK, N.A., a corporation; AND ALL CLAIMING ANY LEGAL OR EQUITABLE 23 RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE 24 COMPLAINT ADVERSE TO PLAINTIFFS' DEED OF TRUST, OR ANY CLOUD ON THE 1st 25 PRIORITY POSITION DEED OF TRUST; and DOES 1 through 25, inclusive, 26 | Complaint Filed:     December 1, 2009 Trial Date:             July 11, 2011 |
| 27 Defendants, | |
| 28 AND RELATED CROSS-ACTIONS | |

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

1    Defendants and Cross-Complainants Jason S. Schermerhorn and Jennifer M. Schermerhorn

2    (the "Schermerhorns"), by their attorneys of record, hereby move this Court for an order expunging

3    the Notice of Pendency of Action (Lis Pendens) that was recorded in this matter by the Plaintiffs

4    GMAC Mortgage LLC and Executive Trustee Services, LLC (collectively "Plaintiffs") on or about

5    December 2, 2009 in the office of the Riverside County recorder as instrument numbered

6    2009-616235 (the "Lis Pendens").  By this motion, the Schermerhorns also seek an order from this

7    Court withdrawing, cancelling, and/or otherwise expunging the two Notice of Rescision which

8    Plaintiffs caused to be recorded in the office of the Riverside County Recorder, on the following dates

9    and as the following instruments numbered: (1) on June 17, 2008, instrument numbered

10    2008-0329369; and (2) on May 17, 2010 as instrument numbered 2010-0227286.  Finally, the

11    Schermerhorns also move for an order authorizing payment of attorneys' fees in the amount of

12    $3,465, and costs in the amount of $47, which they have expended and will expend bringing this

13    Motion.

14                                                    **MOTION**

15    The motion is made on the grounds that, based upon this Court's Statement of Decision

16    (Phase One) dated August 29, 2011, the underlying lawsuit is completely without merit and none of

17    the Plaintiffs' claims state any real property claim against the subject real property, located at 33914

18    Tuscan Creek Way, Temecula, California 92592 (the "Property").  The motion is made pursuant to

19    Code of Civil Procedure §§ 405.30, 405.31, 405.32 and 405.38.

20    The Schermerhorns believe that the Lis Pendens must be expunged.  In addition, the two

21    Notices of Rescission recorded by the Plaintiffs have the potential to continue to affect the

22    Schermerhorns' title and interest in and to the Property (defined below) and, as Plaintiffs did not

23    prevail at trial and have no claim affecting the Property, this Court has the power to order and should

24    order those notices of rescission withdrawn, cancelled, expunged, or such other appropriate relief so

25    that they no longer impact title to the Property.  Finally, and because Plaintiffs refused to remove the

26    Lis Pendens and two notices of rescission voluntarily, despite request by the Schermerhorns, the

27    Schermerhorns seek attorneys fees and costs in connection with the bringing of the instant Motion.

28    / / /

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

**STATEMENT OF THE FACTS.**

As this Court is aware, the Plaintiffs' complaint in this matter contained three causes of action: (1) declaratory relief: Plaintiffs sought a declaration that the 2005 Reconveyance is void and of no effect, and that the First Deed of Trust still encumbers the Property, and that the 2005 Reconveyance be reformed to reflect that it only should have reconveyed the Second Deed of Trust; (2) cancellation of instruments, namely, the 2005 Reconveyance on the same grounds as for the first cause of action; and (3) for a finding that the June 17, 2008 Notice of Rescission gave notice to the world of the error in the 2005 Reconveyance and reinstated the First Deed of Trust to its original position. After the conclusion of the first phase of the bench trial conducted in this matter on July 11, 12, 13 and 14, 2011, this Court issued its Statement of Intended Decision on August 4, 2011 and its final Statement of Decision of August 29, 2011, in which the Court concluded, inter alia, that each and ever one of the Plaintiffs' claims failed, for a variety of reasons, and that the named defendants in this matter prevailed as against the Plaintiffs on each of those claims.

In addition, the Judgment signed by this Court on January 10, 2012 included, inter alia, the following language: "[t]he lis pendens filed by Plaintiffs with respect to the subject property is hereby expunged. . . . " Judgment, page 6, ll. 1-3.

As a result of this Court very specific findings after trial, as set forth in the Statement of Decision and in the Judgment, it is clear that Plaintiffs' Lis Pendens has no basis, as the Plaintiffs' underlying complaint is completely without merit and none of the Plaintiffs' claims state any real property claim against the property, which is located at 33914 Tuscan Creek Way, Temecula, California 92592 (the "Property"). Because Plaintiffs have no real property claims anymore, the Lis Pendens cannot be allowed to stand, as it negatively impacts the Property and, specifically, the Schermerhorns' title to and interest in that Property. Similarly, the two Notices of Rescission contribute nothing to the public record vis-a-vis the Property and, indeed, have the effect of clouding title to the Property. Yet Plaintiffs have refused to do so voluntarily, despite repeated requests to that effect.

For the reasons set forth herein, this Court should grant this Motion.

/ / /

-3-

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

## MEMORANDUM OF POINTS AND AUTHORITIES.

## ARGUMENT.

A.    This Court Has the Authority To and Should Expunge The Lis Pendens.

A motion to expunge a lis pendens is governed by Code of Civil Procedure (hereinafter "C.C.P.") § 405.30, et seq.

> At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the action is pending to expunge the notice. . . . The claimant shall have the burden of proof under Sections 405.31 and 405.32.

C.C.P. § 405.30. This section also makes it clear that the burden is on the plaintiff to establish a right to maintain a lis pendens, by establishing the probable validity of a real property claim on which the lis pendens is based.

The Code further provides:

> In proceedings under this chapter, the court shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim. The court shall not order an undertaking to be given as a condition of expunging the notice if the court finds the claimant has not established the probable validity of the real property claim.

C.C.P. § 405.32. Section 405.3 defines "probable validity:"

> "Probable validity," with respect to a real property claim, means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim.

In construing these sections, courts have found that the party who prevails at trial is entitled to an order expunging a notice of lis pendens, and the court must expunge it, unless the trial court is willing to find that the probabilities are that its own decision will be reversed on appeal. Mix v. Superior Court (2004, Cal.App. 4th Dist.) 124 Cal.App.4th 987, 996, 21 Cal Rptr 3d 826, rehearing denied Mix v. Superior Court (Mandeep Beniwal) (2005, Cal.App. 4th Dist.) 2005 Cal.App.LEXIS 33, review denied Mix v. Superior Court (Behniwal) (2005, Cal.) 2005 Cal.LEXIS 1708. In so doing, the court noted that the applicable standard is whether the claim had probable validity, not whether a substantial issue existed for appeal. Id. at 995. Accord, Amalgamated Bank v. Superior Court (2007, Cal.App. 3d Dist) 149 Cal.App.4th 1003, 1015, 57 Cal Rptr 3d 686, review denied Amalgamated Bank v. Superior Court (2007, Cal.) 2007 Cal.LEXIS 8514. Indeed, the court in Amalgamated

-4-

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

1   compared the applicable standard to that required of one seeking an attachment. Id. at 1015.

2       We agree with *Mix* that on a motion to expunge a lis pendens after judgment against the
3       claimant and while an appeal is pending, the trial court must grant the motion unless it finds it
        more likely than not that the appellate court will reverse the judgment. [footnote omitted]
4       Judge McMaster did not err in following *Mix* and granting the expungement motion.

5       As stated in *Mix*, "the Legislature has declared that it intended, when it adopted section
        405.61, to 'provide for the absolute and complete free transferability of real property after the
6       expungment [ sic ] or withdrawal of a notice of pendency of action.' [Citation.] Thus, given a
        choice between two systems, (1) where property can be readily freed up for sale after trial
7       court litigation or (2) where property will continue to be tied up for a long period pending an
        appeal if a claimant can come up with some nonfrivolous argument on which to base that
8       appeal, it is apparent that the Legislature chose free transferability of the property by the
        prevailing property owner as the preferred option." ( *Mix, supra*, 124 Cal.App.4th at p. 994, 21
9       Cal.Rptr.3d 826.)

10  Amalgamated Bank v. Superior Court, 149 Cal.App.4th at 1015.

11      The history of lis pendens legislation indicates a legislative intent to restrict, rather than

12  broaden, the application of the remedy; thus, a lis pendens is a remedy which must be narrowly

13  applied. Hilberg v. Superior Court, (1989 Cal.App. 2nd Dist.) 215 Cal.App.3d 539, 541, 263 Cal.Rptr.

14  675. In this case, Plaintiffs have not prevailed at trial, and, indeed, have lost on all three of their

15  stated claims. Thus, it is clear that Plaintiffs are unable, at this time, to establish the probable validity

16  of their claims vis-a-vis the Property. As a result, this Court should order the expungement of the Lis

17  Pendens.

18  B.    Likewise, This Court Should Order The Two Notices of Rescission Be Expunged or

19        Otherwise Withdrawn.

20      The Schermerhorns submit that the same argument espoused above supports the proposition

21  that this Court can and should fashion an order withdrawing, striking, or expunging the two Notice of

22  Rescision which Plaintiffs caused to be recorded in the office of the Riverside County Recorder, on

23  the following dates and as the following instruments numbered: (1) on June 17, 2008, instrument

24  numbered 2008-0329369; and (2) on May 17, 2010 as instrument numbered 2010-0227286. The

25  continued existence of those documents in the public record, with no factual or legal basis therefore,

26  can only serve to cloud title to the Property, cause confusion, and, ultimately, affect the value and

27  transferability of the Property. This Court has already ordered expungement of the Lis Pendens. See

28  the Judgment entered January 10, 2012, p. 6, ll. 1-3. As a result, this Court should issue an order, in

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

1  recordable form, that the lis pendens and the two Notices of Rescission be withdrawn, cancelled, or

2  expunged, or such other relief as this Court deems appropriate.

3  C.    The Schermerhorns Are Entitled to Attorney Fees and Costs for Brining The Instant Motion.

4        Section 405.38 provides:

5        The court shall direct that the party prevailing on any motion under this chapter be awarded
         the reasonable attorney's fees and costs of making or opposing the motion unless the court
6        finds that the other party acted with substantial justification or that other circumstances make
         the imposition of attorney's fees and costs unjust.
7

8  As set forth in the Declaration of Michael Y. MacKinnon which accompanies this Motion, The

9  Schermerhorns made a request to plaintiffs that they voluntarily withdraw the Lis Pendens and two

10 Notices of Rescission.  Plaintiffs declined to do so, offering as their sole reason the fact that they

11 intended to appeal from the judgment not yet entered, but which will clearly be adverse to Plaintiffs.

12 As cited above, Plaintiffs do not have a right to keep the Lis Pendens and two Notices of Rescission

13 in place pending any appeal which they may file in the future.

14       The Schermerhorns have expended and will expend attorney fees in the amount of $3,465, and

15 costs in the amount of $47, in bringing this motion. Therefore, the Schermerhorns are entitled to

16 attorney fees in the amount of $3,465, and costs in the amount of $47.

17                                **CONCLUSION.**

18       For the foregoing reasons, the Schermerhorns respectfully request that the Court expunge the

19 Lis Pendens, the two Notices of Rescission, and award attorneys fees as prayed.

20

21 Dated: May ___, 2012                    PYLE SIMS DUNCAN & STEVENSON,
                                           A Professional Corporation
22

23                                         By: _____
24                                             Michael Y. MacKinnon
                                               Kathleen A. Cashman-Kramer
25                                         Attorneys for Defendants and Cross-Complainants Jason
                                           S. Schermerhorn and Jennifer M. Schermerhorn
26

27

28

-6-

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

# Exhibit "3"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

1  Michael Y. MacKinnon (CBN 80353)
   Kathleen A. Cashman-Kramer (CBN 128861)
2  PYLE SIMS DUNCAN & STEVENSON
   A Professional Corporation
3  401 B Street, Suite 1500
   San Diego, CA 92101
4  (619) 687-5200
   (619) 687-5210 - facsimile
5  kcashman@psdslaw.com

6  Attorneys for Defendants and Cross-Complainants
   JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN
7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF RIVERSIDE

10

11  GMAC MORTGAGE, LLC, fka GMAC            )  Case No. RIC541193
    MORTGAGE CORPORATION, AND              )
12  EXECUTIVE TRUSTEE SERVICES, LLC, fka   )  DECLARATION OF MICHAEL Y.
    EXECUTIVE TRUSTEE SERVICES, INC.,      )  MacKINNON IN SUPPORT OF THE
13                                          )  MOTION BY JASON S. SCHERMERHORN
               Plaintiff,                   )  AND JENNIFER M. SCHERMERHORN TO
14                                          )  EXPUNGE LIS PENDENS AND TO
    v.                                      )  WITHDRAW AND/OR CANCEL TWO
15                                          )  NOTICES OF RESCISSION
    MARK TOZIER, an individual; JASON S.   )
16  SCHERMERHORN, an individual; JENNIFER  )  Date:       June 18, 2012
    M. SCHERMERHORN, an individual; et al.,)  Time:       8:30 a.m.
17                                          )  Judge:      Hon. Kenneth Ziebarth
               Defendants.                  )  Dept.:      5
18  _____)
                                            )  Complaint Filed:   December 1, 2009
19  AND RELATED CROSS-ACTIONS.             )  Trial Date:        July 11, 2011
                                            )
20  _____)

21       I, Michael Y. MacKinnon, declare as follows:

22       1.      I am an attorney duly licensed to practice law in the state of California and before this

23  Court.  I am a shareholder with the law firm of Pyle Sims Duncan & Stevenson, APC, the attorneys of

24  record for Defendants and Cross-Complainants Jason S. Schermerhorn and Jennifer M. Schermerhorn

25  (the "Schermerhorns"), in the above matter.  I have personal knowledge of the matters contained

26  herein and could and would testify to them competently, except for those matters stated on

27  information and belief and, as to those matters, I believe them to be true.  I make this declaration in

28  support of the Schermerhorns' motion to expunge the lis pendens and cancel the two notices of

-1-

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**
DECLARATION OF MICHAEL MacKINNON