rescission in connection with this matter. I have personal, firsthand knowledge of all facts contained within this declaration, and could competently testify thereto if called upon to do so.

2. On August 12, 2011, I spoke by telephone with Stephen Ensberg, counsel for plaintiffs GMAC and ETS in this matter. During that conversation I asked if his clients would file and record a withdrawal of the lis pendens and of the two notices of rescission in connection with this matter.

3. On August 16, 2011, I prepared and sent a letter to Mr. Ensberg memorializing that conversation. A true and correct copy of this letter is attached hereto as Exhibit "1."

4. On January 10, 2012, this Court signed and entered the judgment which included, inter alia, the following language: "[t]he lis pendens filed by Plaintiffs with respect to the subject property is hereby expunged."

5. After entry of the Judgment referred to above, I again asked counsel for the Plaintiffs to voluntarily remove the lis pendens and the two Notices of Rescission.

6. As of the date of the filing of this declaration, and to the best of my knowledge, the Plaintiffs have not caused the lis pendens or the two Notices of Rescission to be released or otherwise cancelled or set aside.

7. As of the date of this Declaration, I estimate that this office had incurred the following costs in connection with the issues involving the lis pendens and the notices of rescission:

<u>Attorneys' fees:</u>

| | | |
|---|---|---|
| Michael Y. MacKinnon | 4.0 hours at $315.00 per hour = | $1,260.00 |
| Kathleen A. Cashman-Kramer | 7.0 hours at $315.00 per hour = | $2,205.00 |
| | Total (through September 28, 2011): | $3,465.00 |

The tasks which were performed include: communications with Plaintiffs' counsel, preparation of the letter (Exhibit "1"), research and preparation of the portion of the brief pertaining to expungement of the lis pendens and cancellation of the two Notices of Rescission. The time period in which those tasks were performed began on August 12, 2011, when the initial conversation was conducted. In addition, I expect that we will incur $47 in costs associated with filing fees, etc., for the relief requested.

**EXHIBIT 4-1 TO OPPOSITION to Status Report to Court**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May ___, 2012 in San Diego, California.

_____
Michael Y. MacKinnon

# Exhibit "1"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

# ──PYLE SIMS──
# DUNCAN & STEVENSON
### A PROFESSIONAL CORPORATION

401 "B" STREET, SUITE 1500
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 687-5200
FACSIMILE (619) 687-5210

MICHAEL Y. MACKINNON
Direct Line (619) 699-5285
miguelm@psdslaw.com

KATHLEEN A. CASHMAN-KRAMER
Direct Line (619) 699-5295
kcashman@psdslaw.com

August 16, 2011

Stephen E. Ensberg, Esq.      **_VIA EMAIL AND U.S. MAIL_**
1609 West Garvey Avenue North
West Covina, CA 91790

Re:    *GMAC Mortgage vs. Tozier, et al.*
       Riverside Superior Court Case No. RIC 541193
       Our File No. 8966-010/100

Dear Mr. Ensberg:

To memorialize our conversation of August 12, 2011, our clients Jason and Jennifer Schermerhorn have requested that your clients, the plaintiffs in the above matter, immediately file and record a withdrawal of the lis pendens which was recorded in connection with the property and the action on November 28, 2009. Our clients also request that the two Notices of Rescission that your clients caused to be recorded on June 17, 2008 and May 10, 2010, respectively, be withdrawn. We make these requests in light of the judge's Statement of Decision dated August 4, 2011, and the findings contained therein.

Please let us know your clients' position on this as soon as possible. The presence of the recorded lis pendens and the two Notices of Rescission are impediments to the Schermerhorns' ability to enter into any form of temporary arrangement with prospective tenants for the property. For each month that passes with the Schermerhorns being unable to find a suitable tenant, they are incurring approximately $2,800 per month in maintaining the property and in making debt service payments to Wells Fargo Bank.

In the event that we have not heard from you regarding your clients' willingness to withdraw the lis pendens by 3:00 p.m. on August 18, 2011, we will ask the Court to have the lis pendens expunged and the two Notices of Rescission cancelled

Very truly yours,

PYLE SIMS DUNCAN & STEVENSON,
A Professional Corporation

Michael Y. MacKinnon

KACK:MYM:
cc:   Jason and Jennifer Schermerhorn
C:\WP\8966-010\corr\ensberg letter 17.wpd

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

# Exhibit "4"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

```
 1 │ Michael Y. MacKinnon (CBN 80353)
   │ Kathleen A. Cashman-Kramer (CBN 128861)
 2 │ PYLE SIMS DUNCAN & STEVENSON
   │ A Professional Corporation
 3 │ 401 B Street, Suite 1500
   │ San Diego, CA 92101
 4 │ Telephone: (619) 687-5200
   │ Facsimile:  (619) 687-5210
 5 │
   │ Attorneys for Defendants and Cross-Complainants
 6 │ Jason S. Schermerhorn and Jennifer M. Schermerhorn
```

### SUPERIOR COURT OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, AND EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE SERVICES, INC., <br><br>          Plaintiff, <br><br>v. <br><br>MARK TOZIER, an individual; JASON S. SCHERMERHORN, an individual, JENNIFER M. SCHERMERHORN, an individual, CALIFORNIA EMPIRE FINANCIAL GROUP, INC., a California corporation; FIDELITY NATIONAL TITLE COMPANY, a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; BANK OF AMERICA, N.A.; PRLAP, INC., a corporation; REGIONAL SERVICE CORPORATION, a corporation; REGIONAL SERVICE CORPORATION, a corporation; REGIONAL TRUSTEE SERVICE CORPORATION, a corporation; NATIONAL BANK OF KANSAS CITY, a corporation; LSI TITLE AGENCY, INC., a corporation; CAL-WESTERN RECONVEYANCE CORPORATION, a corporation; FIRST AMERICAN TITLE COMPANY, a corporation; WELLS FARGO BANK, N.A., a corporation; AND ALL CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' DEED OF TRUST, OR ANY CLOUD ON THE 1st PRIORITY POSITION DEED OF TRUST; and DOES 1 through 25, inclusive, <br><br>          Defendants, <br><br>AND RELATED CROSS-ACTIONS | Case No. RIC5411993 <br><br> ORDER GRANTING MOTION BY DEFENDANTS AND CROSS-COMPLAINANTS JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN TO EXPUNGE LIS PENDENS AND TO WITHDRAW AND/OR CANCEL TWO NOTICES OF RESCISSION <br><br> Date:            June 18, 2012 <br> Time:           8:30 a.m. <br> Judge:         Hon. Kenneth Ziebarth <br> Dept.:          5 <br><br> Complaint Filed:    December 1, 2009 <br> Trial Date:              July 11, 2011 |

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

-1-

1    The hearing on the motion by Defendants and Cross-Complainants Jason S. Schermerhorn and

2 Jennifer M. Schermerhorn (the "Schermerhorns") for an order expunging the Notice of Pendency of

3 Action (Lis Pendens) that was recorded on or about December 2, 2009 in the office of the Riverside

4 County recorder as instrument numbered 2009-616235, withdrawing, canceling or otherwise

5 expunging the two Notice of Rescision which Plaintiffs caused to be recorded in the office of the

6 Riverside County Recorder, on the following dates and as the following instruments numbered: (1) on

7 June 17, 2008, instrument numbered 2008-0329369; and (2) on May 17, 2010 as instrument

8 numbered 2010-0227286, and for an award of attorneys' fees in the amount of $3,500, and costs in

9 the amount of $_____ came on regularly for hearing on June 18, 2012 at 8:30 a.m., in Department 5

10 of the above-entitled court. Appearances were as noted in the record.

11    After consideration of the Motion and supporting documents, in consideration of the

12 opposition filed by Plaintiffs, finding the sufficiency of the Notice of this Motion and the Motion

13 itself was given to all parties in interest, and good cause appearing therefore,

14    IT IS HEREBY ORDERED that the Schermerhorns' Motion is hereby granted, as follows:

15    (a) The Notice of Pendency of Action (Lis Pendens) recorded in this case against the real

16 property located in Riverside County at 33914 Tuscan Creek Way, Temecula, California 92592 (the

17 "Property") and legally described as follows:

18    Lot 1 of Tract No. 30448, in the County of Riverside, State of California, as per
    Map recorded in Book 351 at pages 58 to 64, inclusive, of Maps in the Office of the County
19    Recorder of said County.

20    Together wit [sic] any and all easements, rights, benefits, and interests
    appurtenant to said lot as created and/or established in the CC&R's recorded March 3, 2004 as
21    Instrument No. 2004-0149657, and any amendments thereto, in the official records of said
    County.
22
    Excepting therefrom and reserving to grantor all oil, gas, minerals and other
23    hydrocarbon substances lying below a depth of 500 feet but without the right of surface entry.

24    APN # 952-210-009-6.

25 which Lis Pendens was recorded on or about December 2, 2009 in the office of the Riverside County

26 recorder as instrument numbered 2009-616235, is hereby expunged.

27    IT IS FURTHER ORDERED that the two Notice of Rescision which Plaintiffs caused to be

28 recorded in the office of the Riverside County Recorder, on the following dates and as the following

instruments numbered: (1) on June 17, 2008, instrument numbered 2008-0329369; and (2) on May

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

-2-

1 | 17, 2010 as instrument numbered 2010-0227286, are also hereby ordered cancelled and expunged.

2 |     IT IS FURTHER ORDERED that the Schermerhorns are awarded attorneys fees in the

3 | amount of $3,465 and costs in the amount of $47 from the Plaintiffs.

    IT IS SO ORDERED.

Dated: _____     _____
                                     JUDGE OF THE SUPERIOR COURT

Respectfully submitted,

PYLE SIMS DUNCAN & STEVENSON APC

By:_____
    Kathleen A. Cashman-Kramer
Attorneys for Defendants and Cross-Complainants
Jason S. Schermerhorn and Jennifer M. Schermerhorn

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

-3-

# Exhibit "5"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

| | |
|---|---|
| 1 | Michael Y. MacKinnon (CBN 80353) |
|   | Kathleen A. Cashman-Kramer (CBN 128861) |
| 2 | PYLE SIMS DUNCAN & STEVENSON |
|   | A Professional Corporation |
| 3 | 401 B Street, Suite 1500 |
|   | San Diego, CA 92101 |
| 4 | Telephone: (619) 687-5200 |
|   | Facsimile:  (619) 687-5210 |
| 5 | |
|   | Attorneys for Defendants and Cross-Complainants |
| 6 | Jason S. Schermerhorn and Jennifer M. Schermerhorn |

7  **SUPERIOR COURT OF CALIFORNIA**

8  **COUNTY OF RIVERSIDE**

| | | |
|---|---|---|
| 9 | GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, AND EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE SERVICES, INC., | ) Case No. RIC5411993 |
| 10 | | ) |
| 11 | | ) NOTICE OF MOTION BY DEFENDANTS |
|    | | ) AND CROSS-COMPLAINANTS JASON S. |
|    | Plaintiff, | ) SCHERMERHORN AND JENNIFER M. |
| 12 | v. | ) SCHERMERHORN FOR ALLOWANCE OF |
|    | | ) ATTORNEYS' FEES AND COSTS AS |
| 13 | MARK TOZIER, an individual; JASON S. SCHERMERHORN, an individual, JENNIFER M. SCHERMERHORN, an individual, CALIFORNIA EMPIRE FINANCIAL GROUP, INC., a California corporation; FIDELITY NATIONAL TITLE COMPANY, a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; BANK OF AMERICA, N.A.; PRLAP, INC., a corporation; REGIONAL SERVICE CORPORATION, a corporation; REGIONAL SERVICE CORPORATION, a corporation; REGIONAL TRUSTEE SERVICE CORPORATION, a corporation; NATIONAL BANK OF KANSAS CITY, a corporation; LSI TITLE AGENCY, INC., a corporation; CAL-WESTERN RECONVEYANCE CORPORATION, a corporation; FIRST AMERICAN TITLE COMPANY, a corporation; WELLS FARGO BANK, N.A., a corporation; AND ALL CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' DEED OF TRUST, OR ANY CLOUD ON THE 1st PRIORITY POSITION DEED OF TRUST; and DOES 1 through 25, inclusive, | ) PREVAILING PARTIES |
| 14 | | ) |
|    | | ) Date:      June 18, 2012 |
| 15 | | ) Time:      8:30 a.m. |
|    | | ) Judge:     Hon. Kenneth Ziebarth |
| 16 | | ) Dept.:     5 |
| 17 | | ) |
|    | | ) Complaint Filed:  December 1, 2009 |
| 18 | | ) Trial Date:       July 11, 2011 |
| 19–26 | | ) |
| 27 | Defendants, | ) |
| 28 | AND RELATED CROSS-ACTIONS | ) |

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

-1-

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on June 18, 2012 at 8:30 a.m. in Department 5 of the above-
3  captioned Court, located at 4050 Main Street, Riverside, California, Defendants and Cross-
4  Complainants Jason S. Schermerhorn and Jennifer M. Schermerhorn (the "Schermerhorns") will
5  move and do hereby move this Court for an order GRANTING THEIR MOTION AND ALLOWING
6  THE SCHERMERHORNS AN AWARD OF ATTORNEYS' FEES AND COSTS IN THIS
7  MATTER.  Specifically, the Schermerhorns also seek an order allowing ana award of attorneys' fees
8  and costs in their favor, and against the plaintiffs in this matter, in the following amounts: Attorneys'
9  fees of $554,234.87 and costs of $11,999.87.  The motion is made on the grounds that, based upon
10 this Court's Statement of Decision (Phase One) dated August 29, 2011, and the Judgment signed by
11 this Court on January 10, 2012, the Plaintiffs' claims in the underlying lawsuit are completely without
12 merit and none of the Plaintiffs' claims state any real property claim against the subject real property,
13 and the Schermerhorns have prevailed as to all claims asserted against them by the Plaintiffs.

14      The motion is based upon this notice, the Motion itself and the accompanying memorandum
15 of points and authorities and declarations, all pleadings and papers on file in the above-captioned
16 action, along with such other and further oral and documentary evidence as may be presented at the
17 hearing on this Motion by the Schermerhorns or any other party in this matter.

18 Dated: May ___, 2012                            PYLE SIMS DUNCAN & STEVENSON,
19                                                       A Professional Corporation

20
21                                 By: _____
22                                     Michael A. MacKinnon
                                    Kathleen A. Cashman-Kramer
23                                 Attorneys for Defendants and Cross-Complainants Jason
                                S. Schermerhorn and Jennifer M. Schermerhorn
24
25
26
27
28

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

-2-

# Exhibit "6"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

Michael Y. MacKinnon (CBN 80353)
Kathleen A. Cashman-Kramer (CBN 128861)
PYLE SIMS DUNCAN & STEVENSON
A Professional Corporation
401 B Street, Suite 1500
San Diego, CA 92101
(619) 687-5200
(619) 687-5210 - facsimile
kcashman@psdslaw.com

Attorneys for Defendants and Cross-Complainants
JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF RIVERSIDE

| | |
|---|---|
| GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, AND EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK TOZIER, an individual; JASON S. SCHERMERHORN, an individual; JENNIFER M. SCHERMERHORN, an individual; et al., <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS. | Case No. RIC541193 <br><br> DECLARATION OF MICHAEL Y. MacKINNON IN SUPPORT OF THE MOTION BY JASON S. SCHERMERHORN AND JENNIFER M. SCHERMERHORN FOR ATTORNEYS FEES AS PREVAILING PARTIES IN CONNECTION WITH THE TRIAL IN THIS MATTER <br><br> Date:           June 18, 2012 <br> Time:          8:30 a.m. <br> Judge:         Hon. Kenneth Ziebarth <br> Dept.:         5 <br><br> Complaint Filed:    December 1, 2009 <br> Trial Date:         July 11, 2011 |

I, Michael Y. MacKinnon, declare as follows:

1.      I am an attorney duly licensed to practice law in the state of California and before this Court. I am a shareholder with the law firm of Pyle Sims Duncan & Stevenson, APC, the attorneys of record for Defendants and Cross-Complainants Jason S. Schermerhorn and Jennifer M. Schermerhorn (the "Schermerhorns"), in the above matter. I have personal knowledge of the matters contained herein and could and would testify to them competently. I make this declaration in support of the Schermerhorns' Motion for attorneys fees as prevailing parties in connection with the trial in this

-1-

DECLARATION OF MICHAEL Y. MacKINNON

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

matter. I have personal, firsthand knowledge of all facts contained within this declaration, and could competently testify thereto if called upon to do so.

2. I was admitted to practice in California in 1978. Kathleen Cashman-Kramer, a senior attorney in my office, was admitted to practice in California in 1987. Each of our current hourly rates is $315 per hour. I am the shareholder of Pyle Sims Duncan & Stevenson primarily responsible for the services performed in connection with this matter on behalf of our clients, Jason and Jennifer Schermerhorn. I have personally reviewed all of the prebills and other billing entries for all of the work performed by everyone at this firm, including paralegals and others, from the time of our retention as counsel for the Schermerhorns until the present.

3. Attached hereto as Exhibit "1" is a true and correct copy of the checks numbered 1631 dated December 22, 2009 in the amount of $1,000.00 and 1641 dated February 8, 2010 in the amount of $964.00 that the Schermerhorns paid to attorney Kevin McCann of McCann & Carroll, who they first retained when they were first served with Plaintiffs' complaint and the lis pendens in this matter.

4. Attached hereto as Exhibit "1" is a true and correct copy of the billing statements after my review and exercise of billing discretion, and after redacting entries for attorney-client and attorney work-product privileges. These billing statements cover the period from January 12, 2010 through April 13, 2012. I have reduced and eliminated some entries in the exercise of billing discretion, which entries dealt with matters outside the defense of the Plaintiffs' complaint (such as the Schermerhorns' potential claims against other parties, efforts to assist the Schermerhorns in their refinance of the property, and the like).

5. The entries which comprise these billing statements were placed into the firm's billing system contemporaneously with the provision of those services, and have been maintained in the ordinary course of the firm's business. The firm maintains the originals of the timesheets generated by each individual attorney, from which these billing statements are produced.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May ___, 2012 in San Diego, California.

_____
Michael Y. MacKinnon

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

# Exhibit "1"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

Page  5 of 5

ACCOUNT NUMBER 75911



CHECK NUMBER 1641    CHECK AMT    $964.00

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

Page 5 of 5

ACCOUNT NUMBER 759111



CHECK NUMBER 1631        CHECK AMT        $1000.00

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

# Exhibit "2"

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

5/22/12 5:32 PM

## Pyle Sims Duncan & Stevenson APC re: Schermerhorn adv. GMAC, Our File Number 8966-010

| Professional | Time Spent | Rate Value | Quantity | Price (of item of cost) | Slip Value | Date | Description |
|---|---|---|---|---|---|---|---|
| KACK | 0.80 | $315.00 | | | $252.00 | 1/12/2010 | Research re equitable subrogation claims. |
| KACK | 0.90 | $315.00 | | | $283.50 | 1/13/2010 | Review documents received in preparation for drafting cross-complaint for equitable subrogation and declaratory relief. |
| KACK | 0.20 | $315.00 | | | $63.00 | 1/14/2010 | Review client files for equitable subrogation complaint. |
| KACK | 0.20 | $315.00 | | | $63.00 | 1/20/2010 | Review emails and conference with Mr. Sims re [REDACTED FOR ATTORNEY-CLIENT PRIVILEGE] |
| GNS | 0.30 | $315.00 | | | $94.50 | 1/26/2010 | Attention to conflicts and telephone conference with Mr. Duer. |
| ACT | | | 2 | $0.50 | $1.00 | 1/27/2010 | Facsimile charges. |
| MYM | 0.30 | $315.00 | | | $94.50 | 1/27/2010 | Telephone conference with Mr. Ensberg, plaintiff's counsel, re case history and status and re extension of time to answer complaint; draft letter to Mr. Ensberg re same. |
| MYM | 0.30 | $315.00 | | | $94.50 | 1/29/2010 | Review email from Mr. Schermerhorn re [REDACTED FOR ATTORNEY-CLIENT PRIVILEGE] |
| MYM | 2.40 | $315.00 | | | $756.00 | 1/29/2010 | Prepare, review and revise answer to verified complaint and accompanying affirmative defenses. |
| MYM | 0.10 | $315.00 | | | $31.50 | 1/31/2010 | Review email from Mr. Schermerhorn re [REDACTED FOR ATTORNEY-CLIENT PRIVILEGE] |
| MYM | 3.70 | $315.00 | | | $1,165.50 | 2/1/2010 | Review documents and analyze transactions from and after GMAC reconveyance of senior lien. |
| KACK | 1.50 | $315.00 | | | $472.50 | 2/1/2010 | Review documents received from Client and emails re same; research for and work on draft of cross-complaint. |
| MYM | 2.80 | $315.00 | | | $882.00 | 2/3/2010 | Analyze defenses to GMAC complaint and limitations on value and evaluate extent of Bank of America "unjust enrichment" and constructive knowledge of GMAC deed of trust on equitable subrogation claim. |

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**

5/22/12 5:32 PM

## Pyle Sims Duncan & Stevenson APC re: Schermerhorn adv. GMAC, Our File Number 8966-010

| Professional | Time Spent | Rate Value | Quantity | Price (of item of cost) | Slip Value | Date | Description |
|---|---|---|---|---|---|---|---|
| MYM | 0.10 | $315.00 | | | $31.50 | 2/3/2010 | Telephone conference with Mrs. Schermerhorn re [REDACTED FOR ATTORNEY-CLIENT PRIVILEGE] |
| KACK | 1.30 | $315.00 | | | $409.50 | 2/4/2010 | Research for cross-complaint. |
| KACK | 0.90 | $315.00 | | | $283.50 | 2/4/2010 | Further revisions to cross-complaint re quiet title and research re same. |
| ACT | | | 158 | $0.10 | $15.80 | 2/5/2010 | Photocopy expenses |
| KACK | 0.40 | $315.00 | | | $126.00 | 2/5/2010 | Work on draft of cross-complaint. |
| MYM | 0.80 | $315.00 | | | $252.00 | 2/5/2010 | Commence review and analysis of documents provided by clients. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/6/2010 | Review email from Mrs. Schermerhorn re [REDACTED FOR ATTORNEY-CLIENT PRIVILEGE] |
| KACK | 5.90 | $315.00 | | | $1,858.50 | 2/8/2010 | Work on draft of cross-complaint. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/8/2010 | Review plaintiff's request for default as to seven parties. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/8/2010 | Prepare email to Mrs. Schermerhorn re [REDACTED FOR ATTORNEY-CLIENT PRIVILEGE] |
| MYM | 3.20 | $315.00 | | | $1,008.00 | 2/9/2010 | Review documents and pleadings re cross-complaint against GMAC. |
| KACK | 0.70 | $315.00 | | | $220.50 | 2/11/2010 | Revise and finalize cross-complaint and gather exhibits re same. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/16/2010 | Review Client emails re [REDACTED FOR ATTORNEY-CLIENT PRIVILEGE] |
| ACT | | | 1 | $740.00 | $740.00 | 2/17/2010 | Answer filing fee. |
| ACT | | | 84 | $0.10 | $8.40 | 2/17/2010 | Photocopy expenses |
| ACT | | | 331 | $0.10 | $33.10 | 2/17/2010 | Photocopy expenses |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/17/2010 | Follow up with Ms. Goldsmith and issues re service of answer. |
| ACT | | | 104 | $0.10 | $10.40 | 2/26/2010 | Photocopy expenses |
| ACT | | | 304 | $0.10 | $30.40 | 2/26/2010 | Photocopy expenses |

**EXHIBIT 4-1 TO OPPOSITION - Status Report to Court**