5/22/12 5:32 PM

## Pyle Sims Duncan & Stevenson APC re: Schermerhorn adv. GMAC, Our File Number 8966-010

| Professional | Time Spent | Rate Value | Quantity | Price (of item of cost) | Slip Value | Date | Description |
|---|---|---|---|---|---|---|---|
| KACK | 0.50 | $315.00 | | | $157.50 | 2/8/2012 | Work on draft of attorney's fees motion. |
| MYM | 0.50 | $315.00 | | | $157.50 | 2/8/2012 | Review documents re dispute to memorandum of costs. |
| MYM | 0.20 | $315.00 | | | $63.00 | 2/8/2012 | Review letter from Mr. Ensberg re objection to memorandum of costs. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/9/2012 | Revise letter to Mr. Ensberg re memorandum of costs. |
| MYM | 0.20 | $315.00 | | | $63.00 | 2/9/2012 | Revise memorandum of costs. |
| MYM | 1.30 | $315.00 | | | $409.50 | 2/9/2012 | Review files re reimbursement claims against GMAC. |
| KACK | 0.70 | $315.00 | | | $220.50 | 2/9/2012 | Draft letter to Mr. Ensberg regarding justification for memorandum of costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/9/2012 | Continue research for response to GMAC's objection to memorandum of costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/10/2012 | Research for attorney's fees motion. |
| KACK | 0.30 | $315.00 | | | $94.50 | 2/10/2012 | Finalize letter and memorandum of costs. |
| KACK | 0.70 | $315.00 | | | $220.50 | 2/10/2012 | Finalize draft letter to Mr. Ensberg regarding GMAC's objection to memorandum of costs; Finish revising same. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/10/2012 | Finalize letter to Mr. Ensberg re memorandum of costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/13/2012 | Follow up with all parties regarding motion to tax costs. |
| MYM | 1.20 | $315.00 | | | $378.00 | 2/14/2012 | Review and analyze documents and accounting re costs taxable to GMAC. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/14/2012 | Review letter from Mr. Ensberg re memorandum of costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/14/2012 | Review emails received regarding memorandum of costs. |
| KACK | 1.20 | $315.00 | | | $378.00 | 2/14/2012 | Continue analysis of memorandum of costs and adjustments to same. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/15/2012 | Telephone conference with Mr. Ensberg's office re settlement on cost issue. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/15/2012 | Revise letter to Mr. Ensberg re proposed resolution. |

**EXHIBIT 4-2 TO OPPOSITION - Status Report to Court**

5/22/12 5:32 PM

**Pyle Sims Duncan & Stevenson APC re: Schermerhorn adv. GMAC, Our File Number 8966-010**

| Professional | Time Spent | Rate Value | Quantity | Price (of item of cost) | Slip Value | Date | Description |
|---|---|---|---|---|---|---|---|
| MYM | 0.50 | $315.00 | | | $157.50 | 2/15/2012 | Analyze documents re costs per GMAC challenge. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/15/2012 | Review and respond to letters regarding settling objection to memorandum of costs. |
| ACT | | | 60 | $0.10 | $6.00 | 2/16/2012 | Photocopy expenses |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/16/2012 | Revise memorandum of costs. |
| KACK | 0.30 | $315.00 | | | $94.50 | 2/16/2012 | Research issues regarding attorney's fees motion. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/16/2012 | Finalize amended memorandum of costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/16/2012 | Telephone call with Mr. Ensberg regarding memorandum of costs. |
| MYM | 0.20 | $315.00 | | | $63.00 | 2/17/2012 | Review Bank of America memorandum of costs. |
| MYM | 0.70 | $315.00 | | | $220.50 | 2/17/2012 | Review GMAC motion to tax costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/17/2012 | Draft email to Mr,. Ensberg regarding motion to tax costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/17/2012 | Research for attorney's fees motion. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/17/2012 | Telephone call with Mr. Ensberg regarding motion and status. |
| KACK | 0.10 | $315.00 | | | $31.50 | 2/17/2012 | Review motion to tax costs. |
| MYM | 0.10 | $315.00 | | | $31.50 | 2/18/2012 | Review GMAC notice of taking off calendar motion to tax costs. |
| ACT | | | 6 | $0.10 | $0.60 | 2/21/2012 | Photocopy expenses |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/22/2012 | Review email and pleadings received regarding motion to tax costs. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/23/2012 | Review documents received from GMAC regarding pending hearing. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/29/2012 | Research docket regarding status of scheduled hearing. |
| KACK | 0.20 | $315.00 | | | $63.00 | 2/29/2012 | Research for attorney's fee motion. |

**EXHIBIT 4-2 TO OPPOSITION - Status Report to Court**

5/22/12 5:32 PM

### Pyle Sims Duncan & Stevenson APC re: Schermerhorn adv. GMAC, Our File Number 8966-010

| Professional | Time Spent | Rate Value | Quantity | Price (of item of cost) | Slip Value | Date | Description |
|---|---|---|---|---|---|---|---|
| KACK | 0.20 | $315.00 | | | $63.00 | 3/5/2012 | Follow up regarding today's hearing on motion to tax costs. |
| KACK | 0.10 | $315.00 | | | $31.50 | 3/6/2012 | Review emails regarding today's hearing. |
| MYM | 0.10 | $315.00 | | | $31.50 | 3/7/2012 | Review ruling re GMAC motion to tax costs. |
| ACT | | | 6 | $0.10 | $0.60 | 3/8/2012 | Photocopy expenses |
| KACK | 0.10 | $315.00 | | | $31.50 | 3/8/2012 | Telephone call Ms. Cohrs regarding status. |
| KACK | 0.10 | $315.00 | | | $31.50 | 3/8/2012 | Review docket. |
| MYM | 0.10 | $315.00 | | | $31.50 | 3/9/2012 | Review GMAC order re Wells Fargo cost bill. |
| KACK | 0.30 | $315.00 | | | $94.50 | 3/15/2012 | Conference with Ms. Cohrs and Ms. Kozinska regarding status. |
| KACK | 1.20 | $315.00 | | | $378.00 | 3/19/2012 | Attention to tasks and research for attorneys' fees motion to be filed and served. |
| KACK | 1.40 | $315.00 | | | $441.00 | 3/20/2012 | Research attorneys' fees motion and information. |
| KACK | 0.20 | $315.00 | | | $63.00 | 3/21/2012 | Telephone conference with Ms. Kozinska re status. |
| MYM | 1.40 | $315.00 | | | $441.00 | 3/22/2012 | Analyze application of California Civil Code section 1717 in context of lender/plaintiff's asserted claim against owner/defendant's real property. |
| KACK | 0.20 | $315.00 | | | $63.00 | 3/22/2012 | Review docket for information on status. |
| MYM | 1.20 | $315.00 | | | $378.00 | 3/26/2012 | Review documents re extent of claim for attorneys' fees and costs against GMAC. |
| KACK | 0.20 | $315.00 | | | $63.00 | 3/26/2012 | Review docket for information on status. |
| KACK | 0.20 | $315.00 | | | $63.00 | 3/30/2012 | Research docket for status. |
| MYM | 1.70 | $315.00 | | | $535.50 | 4/6/2012 | Revise motion to charge GMAC with attorneys' fees. |
| MYM | 0.80 | $315.00 | | | $252.00 | 4/10/2012 | Revise motion for attorneys' fees. |
| MYM | 0.80 | $315.00 | | | $252.00 | 4/12/2012 | Revise memorandum re attorneys' fees claim against GMAC. |

**EXHIBIT 4-2 TO OPPOSITION - Status Report to Court**

5/22/12 5:32 PM

### Pyle Sims Duncan & Stevenson APC re: Schermerhorn adv. GMAC, Our File Number 8966-010

| Professional | Time Spent | Rate Value | Quantity | Price (of item of cost) | Slip Value | Date | Description |
|---|---|---|---|---|---|---|---|
| MYM | 2.50 | $315.00 | | | $787.50 | 4/13/2012 | Revise brief re claim for attorneys' fees against GMAC. |
| Totals | 1743.60 | | | $11,999.87 | $554,234.87 | | |

**EXHIBIT 4-2 TO OPPOSITION - Status Report to Court**

# Exhibit "7"

**EXHIBIT 4-2 TO OPPOSITION - Status Report to Court**

Michael Y. MacKinnon (CBN 80353)
Kathleen A. Cashman-Kramer (CBN 128861)
Jennifer E. Duty (CBN 245308)
PYLE SIMS DUNCAN & STEVENSON
A Professional Corporation
401 B Street, Suite 1500
San Diego, CA 92101
(619) 687-5200
(619) 687-5210 - facsimile

Attorneys for Defendants Jason S. Schermerhorn,
and Jennifer M. Schermerhorn

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, AND EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK TOZIER, an individual; JASON S. SCHERMERHORN, an individual; JENNIFER M. SCHERMERHORN, an individual; CALIFORNIA EMPIRE FINANCIAL GROUP, INC., a California corporation; FIDELITY NATIONAL TITLE COMPANY, a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a corporation; BANK OF AMERICA, N.A.; PRLAP, INC., a corporation; REGIONAL SERVICE CORPORATION, a corporation; REGIONAL TRUSTEE SERVICE CORPORATION; a corporation; NATIONAL BANK OF KANSAS CITY, a corporation; LSI TITLE AGENCY, INC., a corporation; CAL-WESTERN RECONVEYANCE CORPORATION, a corporation; FIRST AMERICAN TITLE COMPANY, a corporation; WELLS FARGO BANK, N.A.; AND ALL CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' DEED OF TRUST, OR ANY CLOUD ON THE 1ST PRIORITY POSITION DEED OF TRUST; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. RIC541193 <br><br> **MOTION OF DEFENDANTS AND CROSS-COMPLAINANTS JASON AND JENNIFER SCHERMERHORN FOR ALLOWANCE OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT THEREOF** <br><br> Date:          June 18, 2012 <br> Time:          8:30 a.m. <br> Dept:          5; Hon. Kenneth G. Ziebarth <br> Complaint Filed:    December 1, 2009 <br> Trial Date:     July 11, 2011 |

-1-

MOTION OF DEFENDANTS AND CROSS-COMPLAINANTS JASON AND JENNIFER SCHERMERHORN FOR
ALLOWANCE OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT THEREOF

EXHIBIT 4-2 TO OPPOSITION- Status Report to Court

## **TABLE OF CONTENTS**

Page

I. MOTION .................................................................. 1

II. INTRODUCTION .......................................................... 1

III. FACTUAL BACKGROUND ................................................. 1

IV. ARGUMENT ............................................................... 3

AS THE PREVAILING PARTY, THE SCHERMERHORNS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS UNDER THE PROVISIONS OF THE DEED OF TRUST ..................................................................... 3

    A. California Law Provided For An Award of Attorneys Fees and Costs to the Schermerhorns As Prevailing Parties. ............................ 3

    B. This Court Should Award the Schermerhorns The Attorneys Fees and Costs Incurred by Them in Defending This Matter. .................... 5

    C. The Attorneys Fees and Costs Requested by the Schermerhorns Should Be Awarded As Prayed. ................................................ 7

V. CONCLUSION. ........................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

EXHIBIT 4-2 TO OPPOSITION TO MOTION JENNIFER SCHERMERHORN FOR
ALLOWANCE OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT THEREOF

## I. MOTION

JASON and JENNIFER SCHERMERHORN (collectively the "Schermerhorns"), by their attorneys of record, hereby move that this Court award them their reasonable attorneys fees and costs in connection with their defense of this matter, as the prevailing parties.[1]

## II. INTRODUCTION

Plaintiff, GMAC MORTGAGE, LLC, fka GMAC MORTGAGE CORPORATION, AND EXECUTIVE TRUSTEE SERVICES, LLC, fka EXECUTIVE TRUSTEE SERVICES, INC. (collectively "GMAC" or "Plaintiffs"), instituted the instant action against the Schermerhorns and several other defendants on November 30, 2009 for declaratory relief, cancellation of instruments and reformation of full reconveyance. On July 11, 2011, trial commenced before this Court on GMAC's Complaint against all the named defendants. After a bench trial, and after giving the parties an opportunity to submit comments, on August 29, 2011 this Court issued a Statement of Decision ("Statement of Decision") denying each and every claim for relief sought by GMAC and entering judgment in favor of defendants, including the Schermerhorns. (Statement of Decision, pp. 39-42) Because of the completeness of the relief granted to the defendants after the July 2011 trial, GMAC's affirmative claims and all defenses thereto have been completely resolved by this Court. (Statement of Decision, pp. 41-42.)

## III. FACTUAL BACKGROUND

The Schermerhorns' involvement in this litigation arises out of their purchase of a single family dwelling located at 33914 Tuscan Creek Way, Temecula, CA 92592 ("Property"), from seller and co-Defendant Bank of America. (Statement of Decision, Undisputed Facts, pp. 7-8, ¶¶28-33.) GMAC sued to correct the public records and establish that the subject real property remained encumbered by a first deed of trust in favor of California Empire Financial Group, Inc. (Instrument No. 2005-0261680) ("First Deed of Trust"), despite Plaintiff's subsequent recordation of a Reconveyance of a second deed of trust

---

[1] The costs sought by this application are exclusive of the Costs requested and awarded by the Schermerhorns in connection with their Amended Memorandum of Costs filed with this Court on February 16, 2012 in the total amount of $14,463.51.

-1-

(Instrument No. 2005-0261680) (Trial Exhibit 2)[2] which (according to the Plaintiffs) erroneously included the Instrument number of the first deed of trust. Trial Exhibit 1.

As part of GMAC's claims, GMAC sought to have the reconveyance deemed null and void and to declare that the "first priority security interest created by the [Deed of Trust] still exists and remains valid and that the rights and obligations created by said Deed of Trust remain fully enforceable according to applicable law." (Complaint, ¶ 26; see also Statement of Decision p. 13.) While the body of the Complaint did not specifically request or pray for attorneys' fees, the Deed of Trust, which GMAC incorporated into the complaint and attached thereto as Exhibit "1," and that GMAC sought to reinstate and give full force and effect to, provides two different mechanisms for recovering attorneys' fees and costs. ( Deed of Trust, Trial Exhibit 1.) In this regard, the Deed of Trust expressly provides:

> **9.     Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If ... (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations) ... then the Lender may do and pay for whatever is reasonable and appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interests in the Property and/or rights under this Security Instrument.
>
> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest as the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.
>
> \*     \*     \*
>
> **14.     Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including but not limited to, attorneys' fees . . . .

The terms of the Note for which the Deed of Trust secured payment, also allow for payment of attorneys' fees and costs. See Trial Exhibit 40-551-553, ¶4(D) which states as follows:

---

[2] All references to "Exhibit" are to those exhibits admitted at the Trial in this case, unless otherwise specified.

-2-

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

(See Exhibits 1 and 40.) Pursuant to these provisions, the Deed of Trust and the Note both give the party a right to recover any attorneys' fees incurred in safeguarding its security interest and priority position on the Property.

The Schermerhorns are the prevailing party vis-a-vis the Plaintiffs in this matter. It is the Schermerhorns' position that, as the prevailing parties on all of GMAC's affirmative claims against them, the Schermerhorns are entitled to their attorneys' fees and costs incurred in defending the suit brought by GMAC. As discussed more fully below, given the attorneys' fees provision included in the Deed of Trust, which would have been enforceable against the Schermerhorns had GMAC prevailed, the Schermerhorns are likewise entitled to the same benefits of that provision under California Civil Code section 1717. Therefore, by way of this Motion, the Schermerhorns seek and are entitled to recover attorneys fees of $554,234.87 and costs of $11,999.87.

## IV.    ARGUMENT.

### AS THE PREVAILING PARTY, THE SCHERMERHORNS ARE ENTITLED TO ATTORNEYS'S FEES AND COSTS UNDER THE PROVISIONS OF THE DEED OF TRUST.

**A.    California Law Provided For An Award of Attorneys Fees and Costs to the Schermerhorns As Prevailing Parties.**

California Civil Code Section 1717 allows for the recovery of attorneys' fees and costs as follows:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Put another way, "where a contract provides that only one party may obtain attorney fees in litigation, section 1717 makes the right to such fees reciprocal such that the party prevailing on the contract will be entitled to recovery of fees whether he or she is the party specified in the contract or

-3-

not." Kachlon v. Markowitz, (2008) 168 Cal.App.4th 316, 346. Moreover, for purposes of section 1717, claims that are equitable in nature are still actions "on the contract" if they seek to interpret or enforce the rights to the agreement that contains the attorney fee provision. Kachlon, *supra*, 168 Cal.App.4th at 347-48. In this regard, courts have consistently held that claims for declaratory relief and quiet title arising out of a deed of trust are actions founded on the contract and support an award of attorneys' fees under section 1717. Id.

In Kachlon v. Markowitz, *supra*, home buyers filed suit against the sellers and the sellers' substituted trustee alleging that they had wrongfully initiated nonjudicial foreclosure proceedings on the home under a deed of trust that secured a promissory note executed by buyers in favor of sellers. Id. at p. 329. The buyers prevailed on their equitable claims for declaratory relief and quiet title and were awarded attorneys' fees jointly against the sellers and the substituted trustee. Id. at pp. 330-331. The defendants appealed claiming that section 1717 did not apply because the buyers' claims were equitable claims, for declaratory relief, injunctive relief and quiet title, and were not based on contract. Id. at 346.

The Court of Appeal first affirmed the reciprocal nature of attorneys' fees in the context of section 1717. Id. at 347. It explained that since the attorney fee provision included in the deed of trust allowed the beneficiary and/or trustee to recover attorneys' fees incurred in any action affecting the beneficiary's security interests in the property, the buyers were likewise entitled to attorneys' fees if they prevailed in an action on the note or deed of trust. Id. Then, in determining whether the equitable claims were "based on the contract," the court explained "the proper focus is not on the nature of the remedy, but on the basis of the cause of action." Id. at 347. Since the equitable claim all arose out of whether the foreclosure was done in accordance with the terms of the deed of trust and required a declaration of rights based on the deed of trust, the equitable claims all were sufficiency based "on the contract" to entitle the prevailing party to attorneys' fees under section 1717. Id. at 348. Therefore, the buyers were entitled to attorneys' fees as provided in the deed of trust. Such is the scenario here.

The instant action brought by GMAC to reinstate the Deed of Trust and to declare all rights and obligations created by the Deed of Trust valid is, under the holding in Kachlon, an action on the contract. Pursuant to the Deed of Trust, GMAC had two different mechanisms for collecting

-4-

attorneys' fees incurred in connection with any legal action undertaken to protect its security interest and priority. Under the reciprocity provisions of Civil Code section 1717, if the Schermerhorns had been required to pay GMAC's legal fees under the provisions in the deed of trust, then the Schermerhorns, in turn, would be entitled to attorneys' fees as the prevailing party. Because the express language of the Deed of Trust's attorneys' fee provisions, mainly section 9, provides that any attorneys' fees expended enforcing the security agreement "shall become additional debt of Borrower secured by this Security Instrument" the Schermerhorns would have been responsible for the amount secured by the Deed of Trust if the Deed of Trust were in fact reinstated. With that obligation falling to the Schermerhorns, upon success of GMAC, then the Schermerhorns are likewise entitled to their attorneys' fees as a prevailing party.

**B.    This Court Should Award the Schermerhorns The Attorneys Fees and Costs Incurred by Them in Defending This Matter.**

The terms of the Note allow for payment of attorneys' fees and costs. See Trial Exhibit 40-551-553, ¶4(D) which states as follows:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

The Deed of Trust (Trial Exhibit 1) also contains a provision for payment of attorneys' fees to GMAC:

> 9.    **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** . . . .[GMAC] may do and pay for whatever is reasonable and appropriate to protect Lender's interest in the Property and rights under this Security Instrument, . . . .[GMAC's] actions can include, but are not limited to:. . . . (c) paying reasonable attorneys' fees to protect its interests in the Property and/or rights under this Security Instrument.

California law makes that provisions such as those included in the Deed of Trust and the Note are reciprocal; that is, if GMAC had prevailed over the Schermerhorns in this case, they would have been entitled to their attorneys' fees and costs; therefore, the Schermerhorns are similarly entitled to an award of their attorney's fees and costs as against GMAC. Cal. Civ. Code Section 1717.

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SCHERMERHORN FOR ALLOWANCE OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT THEREOF

1       In California, attorneys fees and costs are recoverable by the prevailing party if provided for by contract or statute. California Code of Civil Procedure § 1021. Where there is a contractual attorney fees provision, California Civil Code section 1717(a) provides, "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." Section 1717 was enacted to "avoid the perceived unfairness of one-sided attorney fee provisions . . . . ." (Int'l Billing Services, Inc. v. Emigh, (2000) 84 Cal.App.4th 1175, 1182, 101 Cal. Rptr. 2d 532) and is "interpreted to further provide a reciprocal remedy for a non-signatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." Reynolds Metals Co. v. Alperson, (1979) 25 Cal.3d 124, 128, 158 Cal. Rptr. 1, 599 P.2d 83.

      Attorneys' fees clauses are common in notes and deeds of trust, and the application of Civil Code Section 1717 to those provisions allows lenders and beneficiaries to recover reasonable or necessary costs and attorneys' fees in actions to preserve or protect the security, to foreclose the deed of trust, or to otherwise enforce its provisions. See RTC Mortgage Trust 1994-S2 v. Shlens (1998) 62 CA4th 304, 327 ftnte 7, 72 Cal.Rptr.2d 581; see also California Civil Code Sections 2924c(a)(1) and (d); Hellier vs. Russell, (1902) 136 Cal. 143, 145, 68 P. 581. Section 1717(a) makes these provisions reciprocal, thus entitling the trustor to recover attorney fees if it is prevailing party and if the deed of trust provides for attorneys' fee recovery to a prevailing beneficiary. Nasser v. Superior Court, (1984) 156 Cal.App.3d 52, 202 Cal.Rptr. 552; Valley Bible Ctr. v. Western Title Ins. Co.; (1983) 138 Cal.App.3d 931, 188 Cal.Rptr. 335. See also Chase Manhattan Mortgage Corp. vs. Lessel, (1997) 55 Cal.App.4th 10, 64 Cal.Rptr.2d 113 [promissory notes and deeds of trust typically require that the trustor pay the amount found by the court to have been reasonably spent by the beneficiary for a foreclosure action and that amount becomes a lien on the real property].

      The fact that the Schermerhorns were not signatories to the Note or Deed of Trust is irrelevant: as the current owners of the Property, against which GMAC sought to impress a lien by way of its

Deed of Trust and the Note, and which, had GMAC prevailed, they would have had to have paid to keep their home, they were the real parties in interest, and stood to lose the most by not defending their title to the Property. The law is clear that, as long as the contract is enforceable between the signatories to it - here, GMAC and Mark Tozier - and as long as either of them could have recovered attorneys fees if they had been the successful party, the Schermerhorns are entitled to an award of attorneys fees and costs in this case. See Dell Merk vs. Franzia, (2005) 132 Cal.App.4th 443, 454, 33 Cal.Rptr.3d 694; Korech vs. Hornwood, (1997) 58 Cal.App.4th 1412, 1419, 68 Cal.Rptr.2d 637. Indeed, in Loduca vs. Polyzos, (2007) 153 Cal.App.4th 334, 62 Cal.Rptr.3d 780, citing Dell Merk, the court noted:

> [I]n cases involving nonsignatories to a contract with an attorney fee provision, the following rule may be distilled from the applicable cases: A party is entitled to recover its attorney fees pursuant to a contractual provision only when the party would have been liable for the fees of the opposing party if the opposing party had prevailed.' *Real Property Services Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 382 [30 Cal. Rptr. 2d 536] [involving a nonsignatory plaintiff suing a signatory defendant in an action on the contract].)" *Dell Merk, Inc. v. Franzia* (2005) 132 Cal.App.4th 443, 450, 451 [33 Cal. Rptr. 3d 694].

Id. at p. 10. In doing so, this court analyzed the decision to award attorneys fees to the non-signatory on a third party beneficiary theory, saying, among other things, that there was clearly a "sufficient nexus" between the parties (including the non-signatory party) to the contract, and that the attorneys' fees language was sufficiently broad and "extends to any court action on the contract without reference to who may bring it." Id. at 16-17.

C.    **The Attorneys Fees and Costs Requested by the Schermerhorns Should Be Awarded As Prayed.**

The Schermerhorns had to defend the title to their Property from the allegations asserted by Plaintiffs in their complaint in this matter. A full and complete trial of this matter demonstrated that they were right to do so: GMAC lost on each and every claim asserted by them in their Complaint. Here, the Schermerhorns incurred total attorneys fees of $554,234.87 for 1743.60 hours in successfully defending this action. Though certainly substantial, these fees and costs are reasonable in light of experience and qualification of counsel, and the amount of work required to prepare, to litigate and to try the claims brought against them by GMAC. "The starting point of every fee award, once it is

-7-

recognized that the court's role in equity is to provide just compensation for the attorney, must be a calculation of the attorney's services in terms of the time he has expended on the case. Anchoring the analysis to this concept is the only way of approaching the problem that can claim objectivity, a claim which is obviously vital to the prestige of the bar and the courts." Serrano v. Priest ("Serrano III") (1977) 20 Cal.3d 25, 49, n. 23. Indeed, the California Supreme Court has consistently held that

> [W]hen the results of the litigation on the contract claims are not mixed – that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other – the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law. (See, e.g., *Melamed v. City of Long Beach* (1993) 15 Cal.App.4th 70, 84 [18 Cal.Rptr.2d 729]; *Deane Gardenhome Assn. v. Denktas*, supra, 13 Cal.App.4th 1394, 1398; *Elms v. Builders Disbursements, Inc.*, supra, 232 Cal.App.3d 671, 674-675; *Manier v. Anaheim Business Center Co.* (1984) 161 Cal.App.3d 503, 505-509 [207 Cal.Rptr. 508].)

Hsu vs. Abbara, (1995) 9 Cal.4th 863, 875-76, 39 Cal.Rptr. 2d 824, 891 P.2d 804.

As stated in the accompanying declaration of one of the Schermerhorns' trial counsel, Michael MacKinnon (the "MacKinnon Declaration"), significant time and resources were spent conducting the necessary discovery, researching the necessary legal issues and trial preparation and attendance. True and correct copies of the pertinent billing statements for Mr. MacKinnon's firm, which detail the time spent in this matter, are also attached to the MacKinnon Declaration. The following chart demonstrates, chronologically, those tasks which required the attention of counsel for the Schermerhorns in this matter:

| Events During Litigation | | | |
|---|---|---|---|
| Event (discovery, hearing, etc.) | Date | Noticed by whom | Location |
| Schermerhorns file answer to Plaintiffs' complaint and their cross-complaint | 2/18/10 | NA | Riverside Superior |
| written discovery propounded to Plaintiffs | 4/7/10 | Wells Fargo Bank ("WFB") | NA |
| CMC statement filed and served | 5/17/10 | Schermerhorns | Riverside Superior |
| Plaintiffs propound discovery to MERS | 5/21/10 | Plaintiffs | NA |

-8-

| Events During Litigation | | | |
|---|---|---|---|
| Event (discovery, hearing, etc.) | Date | Noticed by whom | Location |
| case management conference | 6/1/10 | court | Riverside Superior |
| Plaintiffs responded to WFB written discovery requests | 6/4/10 | Plaintiffs | NA |
| motion for leave to file first amended cross-complaint filed and served (because Plaintiffs would not stipulate) | 6/29/10 | Schermerhorns | San Diego |
| MERS responds to Plaintiffs' written discovery requests | 7/13/10 | MERS | NA |
| documents produced by Bank of America ("BOA") pursuant to subpoena | 7/17/10 | WFB | Laguna Beach |
| stipulation and first amended cross-complaint finally signed by Plaintiffs and filed with the court; hearing off calendar | 7/22/10 | Schermerhorns | Riverside Superior |
| Plaintiffs submit supplemental responses to WFB's written discovery requests | 8/14/10 | Plaintiffs | NA |
| Plaintiffs propound written discovery to WFB | 9/3/10 | Plaintiffs | NA |
| Plaintiffs' written discovery requests to BOA | 9/11/10 | Plaintiffs | NA |
| second set of written discovery propounded to Plaintiffs | 9/28/10 | WFB | NA |
| WFB responds to Plaintiffs' written discovery requests | 10/22/10 | WFB | NA |
| Plaintiffs responds to WFB written discovery requests | 11/11/10 | Plaintiffs | NA |
| documents produced by LSI Title pursuant to subpoena | 11/12/10 | Schermerhorns | San Diego |
| BOA's responses to Plaintiffs' discovery requests | 11/18/10 | BOA | NA |
| BOA serves written discovery on the Schermerhorns and Plaintiffs | 11/24/10 | BOA | NA |
| WFB propounded written discovery requests to BOA | 12/6/10 | WFB | NA |

-9-

| Events During Litigation | | | |
|---|---|---|---|
| Event (discovery, hearing, etc.) | Date | Noticed by whom | Location |
| deposition of First American Title Co./Darien McDonald | 12/7/10 | Plaintiffs | West Covina |
| deposition of First American Title Co./Marie Cruz | 12/7/10 | Plaintiffs | West Covina |
| Plaintiffs submit supplemental responses to WFB written discovery requests | 12/29/10 | Plaintiffs | NA |
| Schermerhorns respond to BOA written discovery requests | 12/30/11 | Schermerhorns | NA |
| documents produced to all parties pursuant to discovery requests propounded by Plaintiffs | 1/13/11 | Schermerhorns | San Diego |
| BOA written responses to WFB's discovery requests | 1/18/11 | BOA | NA |
| Schermerhorns propound written discovery requests to BOA | 1/18/11 | Schermerhorns | NA |
| Plaintiffs respond to BOA's written discovery requests | 1/19/11 | Plaintiffs | NA |
| trial setting conference | 2/1/11 | court | Riverside Superior |
| Plaintiffs respond to BOA written discovery requests (second set) | 3/24/11 | Plaintiffs | NA |
| supplemental discovery responses and document production by Schermerhorns | 4/13/11 | Schermerhorns | San Diego |
| second set of written discovery propounded to Plaintiffs by WFB | 4/19/11 | WFB | NA |
| deposition of WFB person most knowledgeable ("PMK") Tamara Savery | 4/22/11 | Plaintiffs | Laguna Beach |
| BOA responds to Schermerhorns' written discovery requests | 4/28/11 | BOA | NA |
| trial setting conference | 5/2/11 | court | Riverside Superior |
| deposition of Jason Schermerhorn | 5/6/11 | Plaintiffs | San Diego |
| deposition of Jennifer Schermerhorn | 5/6/11 | Plaintiffs | San Diego |
| all-day mediation hearing | 5/16/11 | court | Irvine |

-10-
MOTION OF PLAINTIFFS JASON AND JENNIFER SCHERMERHORN FOR
ALLOWANCE OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT THEREOF

EXHIBIT 4-2 TO OPPOSITION - Status Report to Court

| Events During Litigation | | | |
|---|---|---|---|
| Event (discovery, hearing, etc.) | Date | Noticed by whom | Location |
| deposition of PMK of LSI Title Rhonda Lane | 5/17/11 | Plaintiffs | West Covina |
| deposition of PMK of Regional Trustee Services Melissa Hjorten | 5/19/11 | Plaintiffs | Seattle |
| Plaintiffs' responses to WFB's third and fourth sets of discovery requests | 5/28/11 | Plaintiffs | NA |
| Plaintiffs submit supplemental written discovery requests to all named defendants | 5/31/11 | Plaintiffs | NA |
| deposition of GMAC/ETS PMK Shelly Moore | 6/1/11 | WFB | Pennsylvania |
| deposition of GMAC PMK Scott Zeitz | 6/1/11 | WFB | Pennsylvania |
| hearing on ex parte application to compel BOA to produce witness for deposition | 6/14/11 | Plaintiffs | Riverside Superior |
| deposition of First American Title Co. PMK Tamara Kerr | 6/14/11 | Plaintiffs | Laguna Beach |
| second hearing on ex parte motion re: deposition of BOA PMK | 6/17/11 | all | Riverside Superior |
| deposition of Edward Beierle, Plaintiffs' expert witness | 6/23/11 | WFB/BOA | Laguna Beach |
| deposition of John Aube, Plaintiffs' appraiser | 6/23/11 | Wells Fargo Bank | Laguna Beach |
| deposition of Lore Hilberg, WFB and BOA expert witness | 6/24/11 | Plaintiffs | West Covina |
| deposition of John Demas, the Schermerhorns' expert witness | 6/2711 | Plaintiffs | West Covina |
| Schermerhorns respond to Plaintiffs' supplemental discovery requests | 6/28/11 | Schermerhorns | NA |
| deposition of Bank of America PMK | 6/29/11 | all | Woodland Hills |
| BOA responds to Plaintiffs' supplemental discovery requests | 6/30/11 | BOA | NA |
| hearing on Plaintiffs' motion to establish priorities of trial, etc. | 7/1/11 | Plaintiffs | Riverside Superior |

-11-

EXHIBIT 4-2 TO OPPOSITION OF DAVID AND JENNIFER SCHERMERHORN FOR
ALLOWANCE OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT THEREOF

12-12020-mg    Doc 5908-7    Filed 11/20/13    Entered 11/20/13 16:02:43    Exhibit
Exhibit 4-2C    Pg 20 of 20

| Events During Litigation | | | |
|---|---|---|---|
| Event (discovery, hearing, etc.) | Date | Noticed by whom | Location |
| Trial | 7/8-14/11 | all | Riverside Superior |
| post-trial deposition of Jason Schermerhorn | 7/15/11 | | Riverside Superior |
| post-trial deposition of Jennifer Schermerhorn | 7/15/11 | | Riverside Superior |
| hearing re Phase 2 of the trial | 9/16/11 | court | Riverside Superior |

Virtually all of the events listed above were either noticed by, or otherwise initiated by, Plaintiffs or defendants other than the Schermerhorns, and, had the Schermerhorns failed to defend themselves in connection with those specific actions, the result of a failure to participate could have been extremely adverse to them.

In addition to the attorneys' fees and costs incurred by counsel of record, the Schermerhorns retained attorney Kevin McCann and the office of McCann & Carroll when they were first served with Plaintiffs' complaint and the lis pendens in this matter. The Schermerhorns paid Mr. McCann the total sum of $1,964.00 prior to retaining the current firm to appear for them and defend in this matter. See Trial Exhibit 70-001853, which is a true and correct copy of the Schermerhorns' checks numbered 1631 dated December 22, 2009 in the amount of $1,000.00 and 1641 dated February 8, 2010 in the amount of $964.00 are attached to the MacKinnon Declaration as Exhibit "1."

The Schermerhorns submit that the time spent, and attorneys fees and costs incurred, were reasonable, necessary and appropriate given the complexity of the litigation and the relationships amongst the parties. When that time is then multiplied by the reasonable hourly rate charged by counsel for the Schermerhorns, it becomes clear that the amount of time and money expended in defense of this action is fully recoverable under the lodestar method and Civil Code section 1717. Therefore, the Schermerhorns respectfully request that this Court award attorney's fees (including paralegal's fees) in the amount of $$554,234.87, as provided under California law and the relevant Deed of Trust.

-12-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY SCHERMERHORN FOR
ALLOWANCE OF ATTORNEYS' FEES AND COSTS; MEMORANDUM IN SUPPORT THEREOF