UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Case No. 12-12020 (MG)

In re:                                                          DECLARATION OF MICHAEL Y.
                                                                MacKINNON IN SUPPORT OF
RESIDENTIAL CAPITAL, LLC, et al.                                OPPOSITION BY JASON AND JENNIFER
                                                                SCHERMERHORN TO THE DEBTORS'
                        Debtors.                                OBJECTIONS TO THEIR PROOFS OF
                                                                CLAIM NOS. 338 AND 339

                                                                Hearing Date: December 17, 2013
                                                                Time: 10:00 a.m.
                                                                Judge and Dept:
                                                                Hon. Martin Glenn
                                                                Alexander Hamilton Custom House
                                                                One Bowling Green, Room 501
                                                                New York, NY 10004-1408
------------------------------------------------------------X

I, Michael Y. MacKinnon, declare as follows:

1.  I am an attorney duly licensed to practice law in the state of California and I filed an application for admission to this Court pro hac vice on October 28, 2013. I am a shareholder with the law firm of Pyle Sims Duncan & Stevenson, APC, the attorneys of record for creditors and parties in interest Jason S. Schermerhorn and Jennifer M. Schermerhorn (the "Schermerhorns"), in the above matter. I have personal knowledge of the matters contained herein and could and would testify to them competently. I make this declaration in support of the Schermerhorns' opposition to the objection filed by the Debtors GMAC Mortgage LLC and Executive Trustee Services LLC (collectively "Debtors") in this matter.

2.  Kathleen A. Cashman-Kramer and I handled the litigation brought by the Debtors against the Schermerhorns starting in December 2009, when my office was first contacted, through and including all post-trial matters which continued into May 2012, when my office became aware that the Debtors filed the instant Chapter 11 cases. In addition, Ms. Kramer and I have continued to

1

represent the interests of the Schermerhorns with respect to their claim in these Chapter 11 cases. Specifically, under my direction, on July 26, 2012 my office, on behalf of the Schermerhorns, filed proofs of claim nos. 338 and 339 each in the amount of $582,662.25, as a general unsecured claim. A proof of claim was filed in the GMAC case (claim no. 338) and an identical one (claim no. 339) in the ETS case, since both GMAC and ETS sued the Schermerhorns in State Court in California in 2009, and the Schermerhorns prevailed against each of them at trial in 2011. Of the claim amount, the sum of $14,463.51 represents the cost amount allowed by the State Court after trial per the memorandum of costs filed in the State Court on January 27, 2012. The balance of the claim represents the attorneys fees incurred on behalf of the Schermerhorns and to which they are entitled under California Civil Code Section 1717 as the prevailing parties. On July 10, 2013, pursuant to the Debtors' request, on behalf of the Schermerhorns, my office submitted a Claims Information statement on each claim, supplying all available supporting information for the claims as requested by the Debtors.

3. As the State Court Docket (Exhibit "2" to the Opposition) shows, the Debtors commenced an action in the Superior Court for the State of California, County of Riverside, against Mark Tozier, Jason and Jennifer Schermerhorns (the Schermerhorns") and several other defendants on November 30, 2009 and stated causes of action for declaratory relief, cancellation of instruments, and reformation of full reconveyance. This action was entitled GMAC Mortgage LLC vs. Tozier, et al., and was assigned case number RIC 541193 (the "State Court Action").

4. From December 2009 through and including the spring of 2012, the State Court Action was hotly contested. There was significant written discovery served by the Debtors on the Schermerhorns, MERS, Wells Fargo Bank (the Schermerhorns' lender), and Bank of America; the defendants also served significant discovery on Debtors. There were approximately thirty (30)

2

depositions taken across the country. The Debtors' witnesses were not produced in California for their deposition; rather, they were deposed in Pennsylvania. Debtors also noticed depositions for Washington state.

5.  The State Court Action was tried before a judge on July 8, 11, 12, 13, 14 and 15, 2011. After the conclusion of a full bench trial, and after giving all parties (including Debtors) an opportunity to submit comments, on August 29, 2011 the Superior Court issued its Statement of Decision ("Statement of Decision") denying each and every claim for relief sought by GMAC and ETS, and entering judgment in favor of the Schermerhorns and the other defendants named by GMAC and ETS. (Statement of Decision, pp. 39-42) Because of the completeness of the relief granted to the Schermerhorns and the other defendants after the July 2011 trial, GMAC's affirmative claims and all defenses thereto were completely resolved by the State Court. (Statement of Decision signed by Judge Ziebarth on August 29, 2011, pp. 41-42.) A true and correct copy of this Statement of Decision was attached to the proofs of claim filed in these cases on July 26, 2012 as Exhibit "1."

6.  The Schermerhorns, Wells Fargo Bank, and Bank of America were the prevailing parties as set forth in the judgment entered in the State Court Action on January 10, 2012. A true and correct copy of the Judgment was attached to the proofs of claim as Exhibit "2."

7.  On January 27, 2012 the Schermerhorns filed and served their memorandum of costs in the State Court Action. After consideration of objections asserted to that memorandum of costs, on or about February 16, 2012 the Schermerhorns filed and served their Amended Memorandum of Costs, setting forth the detail supporting allowable litigation costs in favor of the Schermerhorns in the amount of $14,463.51. A true and correct copy of this Amended Memorandum of Costs was attached to the proofs of claim as Exhibit "3." Still to be determined at that time were expungement

3

of the lis pendens that the Debtors had recorded against the Schermerhorns' Property, and quantification of the amount of the Schermerhorns' attorneys fees to be assessed against the Debtors.

8. With respect to the attorneys' fee motion, which is attached to the Status Report (Exhibit "4" to the Opposition), I was admitted to practice in California in 1978. Kathleen Cashman-Kramer, a senior attorney in my office, was admitted to practice in California in 1987. Each of our current hourly rates for matters in which an insured of Fidelity Title Company is the client is $315 per hour. My usual rate is $435 per hour. I am the shareholder of Pyle Sims Duncan & Stevenson primarily responsible for the services performed in connection with this matter on behalf of our clients, Jason and Jennifer Schermerhorn. I have personally reviewed all of the prebills and other billing entries for all of the work performed by everyone at this firm, including paralegals and others, from the time of our retention as counsel for the Schermerhorns until the present.

9. Attached hereto as Exhibit "5" is a true and correct copy of the billing statements after my review and exercise of billing discretion, and after redacting entries for attorney-client and attorney work-product privileges. These billing statements cover the period from January 12, 2010 through April 13, 2012. I have reduced and eliminated some entries in the exercise of billing discretion, which entries dealt with matters outside the defense of the Plaintiffs' complaint (such as the Schermerhorns' claims against other parties, efforts to assist the Schermerhorns in their refinance of the property, and the like).

10. The entries which comprise these billing statements were placed into the firm's billing system contemporaneously with the provision of those services, and have been maintained in the ordinary course of the firm's business. The firm maintains the originals of the timesheets

4

generated by each individual attorney, from which these billing statements are produced.

11.     Attached hereto as Exhibit "6" is a true and correct copy of the checks numbered 1631 dated December 22, 2009 in the amount of $1,000.00 and 1641 dated February 8, 2010 in the amount of $964.00 that the Schermerhorns paid to attorney Kevin McCann of McCann & Carroll, whom the Schermerhorns first retained when they were first served with Plaintiffs' complaint and the lis pendens in this matter.  This document was also marked and received into evidence at the trial in July 2011 as Trial Exhibit 70-001853.  The amounts reflected on these two checks are also included in the proofs of claim numbered 338 and 339.

12.     Attached hereto as Exhibit "7" is a true and correct copy of the Tozier March 30, 2005 promissory note that the Debtors marked and which was received into evidence at the trial in July 2011 as Trial Exhibit 40-551 through 40-587.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 20, 2013 in San Diego, California.

_____
Michael Y. MacKinnon