# Exhibit "7"

**EXHIBIT 7 - Tozier Promissory Note**

THE TERMS OF THIS LOAN CONTAIN PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY.

MIN: 100306000000007590              **NOTE**              Loan Number: 0503562

MARCH 30, 2005                          TEMECULA              CALIFORNIA
Date                                         City                    State

33914 TUSCAN CREEK WAY,  TEMECULA,  CALIFORNIA  92592
Property Address                  City            State           Zip Code

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 107,464.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is CALIFORNIA EMPIRE FINANCIAL GROUP, INC, A CALIFORNIA CORPORATION
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of 9.125 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 874.36
I will make my payments on the 1st day of each month beginning on MAY 1, 2005.
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on APRIL 1, 2020, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at 10681 FOOTHILL BLVD., #200, RANCHO CUCAMONGA, CALIFORNIA 91730
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ 5.00 and not more than U.S. $ N/A. I will pay this late charge only once on any late payment.

(B) Notice From Note Holder
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

(C) Default
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

---

CALIFORNIA-SECOND MORTGAGE-6/84
3905                        Page 1 of 3                    DocMagic eForms 800-649-1362
                                                                    www.docmagic.com

**EXHIBIT 7 - Tozier Promissory Note**

40-551

(D) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A DEED OF TRUST

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated the same day as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

### 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

### 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

### 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

CALIFORNIA-SECOND MORTGAGE-6/84
3905                                Page 2 of 3                    DocMagic eForms 800-649-1362
                                                                    www.docmagic.com

**EXHIBIT 7 - Tozier Promissory Note**

40-552

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

9. **RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

**NOTICE TO BORROWER:** Do not sign this Note if it contains blank spaces. All spaces should be completed before you sign.

_____ (Seal)  _____ (Seal)
MARK TOZIER                    -Borrower                              -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                              -Borrower

_____ (Seal)  _____ (Seal)
                               -Borrower                              -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF

WITHOUT RECOURSE
CALIFORNIA EMPIRE FINANCIAL
GROUP, INC.

BY _____

CALIFORNIA-SECOND MORTGAGE-6/84
3905                                    Page 3 of 3                DocMagic eForms 800-649-1362
                                                                   www.docmagic.com

**EXHIBIT 7 - Tozier Promissory Note**

40-553

FIDELITY NATIONAL TITLE COMPANY
SUBDIVISION DEPARTMENT

Recording Requested By:
CALIFORNIA EMPIRE FINANCIAL GROUP, INC
41689 N. ENTERPRISE CIR. SUITE #210
TEMECULA, CALIFORNIA 92590

And After Recording Return To:
CALIFORNIA EMPIRE FINANCIAL GROUP, INC - TEMECULA
10681 FOOTHILL BLVD., #200
RANCHO CUCAMONGA, CALIFORNIA 91730
Loan Number: 0503562

DOC # 2005-0261681
04/04/2005 08:00A Fee:42.00
Page 1 of 12
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



9816556-KC  [Space Above This Line]

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC |
|---|---|---|------|------|----|----|-------|-----|------|
|   |   |   | 1    | 12   | 1  |    |       |     | 7    |
| A | R | L |      |      |    |    |       |     |      |
|   |   |   | COPY | LONG |    |    | REFUND| NCHG| EXAM |

# DEED OF TRUST

T
SF

MIN: 100306000000007590

THIS DEED OF TRUST is made this 30th day of MARCH, 2005        among the Trustor,
MARK TOZIER, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

(herein "Borrower"),
FIDELITY NATIONAL TITLE COMPANY, 1300 DOVE STREET, SUITE #310,
NEWPORT BEACH, CALIFORNIA 92660        (herein "Trustee"),
and the Beneficiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
CALIFORNIA EMPIRE FINANCIAL GROUP, INC, A CALIFORNIA CORPORATION
is organized and existing under the laws of   CALIFORNIA        and has an address of
41689 N. ENTERPRISE CIR. SUITE #210, TEMECULA, CALIFORNIA 92590

(herein "Lender").
BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of
RIVERSIDE        , State of California:
LOT 1 OF TRACT NO. 30448, IN THE COUNTY OF RIVERSIDE, STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 351 AT PAGES 58 TO 64,
INCLUSIVE, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY.
A.P.N. #: 952-210-009-6        SEE EXHIBIT "ONE" ATTACHED
HERETO AND MADE A PART HEREOF

THIS SECURITY INSTRUMENT IS SUBORDINATE TO AN EXISTING FIRST
LIEN(S) OF RECORD.
which has the address of  33914 TUSCAN CREEK WAY
                                                        [Street]
TEMECULA                , California    92592            (herein "Property Address");
        [City]                          [Zip Code]

CALIFORNIA-SECOND MORTGAGE-1/80
Form 3805 - AS AMENDED FOR MERS        Page 1 of 8        DocMagic eForms 800-649-1362
                                                          www.docmagic.com

TT-4        EXHIBIT 7 - Tozier Promissory Note

40-554

## SCHEDULE A

Order Number: 9816386

Policy No.:           27-042-92 3382462
Amount of Insurance:       $429,856.00
Premium:                       $556.00

Date of Policy: April 4, 2005 at 08:00 a.m.

1. Name of Insured:

   **California Empire Financial Group, Inc. a California corporation**

2. The estate or interest in the land which is encumbered by the insured mortgage is:

   A Fee

3. Title to the estate or interest in the land is vested in:

   MARK TOZIER, a married man as his sole and separate property

4. The insured mortgage and assignments thereof, if any, are described as follows.

   **A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby

   Amount:         $107,464.00
   Dated:          March 30, 2005
   Trustor:        Mark Tozier, a married man as his sole and separate property
   Trustee:        Fidelity National Title Company
   Beneficiary:    Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns
   Loan No.:       0503562
   Recorded:       April 4, 2005, Instrument No. 261681, of Official Records

5. The land referred to in this policy is situated County of Riverside, State of California, and is described as follows:

   SEE EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF

THIS POLICY VALID ONLY IF SCHEDULE B IS ATTACHED

1

**EXHIBIT 7 - Tozier Promissory Note**

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9816386
Policy No. 27-042-92 3382462

## EXHIBIT "ONE"

LOT 1 OF TRACT NO. 30448, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 351 AT PAGES 58 TO 64, INCLUSIVE, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

TOGETHER WITH ANY AND ALL EASEMENTS, RIGHTS, BENEFITS, AND INTERESTS APPURTENANT TO SAID LOT AS CREATED AND/OR ESTABLISHED IN THE CC&R'S RECORDED MARCH 3, 2004 AS INSTRUMENT NO. 2004-0149657, AND ANY AMENDMENTS THERETO, IN THE OFFICIAL RECORDS OF SAID COUNTY.

EXCEPTING THEREFROM AND RESERVING TO GRANTOR ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET BUT WITHOUT THE RIGHT OF SURFACE ENTRY.

TT-20

2

**EXHIBIT 7 - Tozier Promissory Note**

40-556

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9816386
Policy No. 27-042-92 3382462

## SCHEDULE B

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage (and the Company will not pay cost attorneys' fees or expenses) which arise by reason of:

### PART I

1. Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2005-2006.

2. The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (Commencing with Section 75) of the Revenue and Taxation code of the State of California.

3. Water rights, claims or title to water, whether or not disclosed by the public records.

4. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as set forth in the document

    Recorded:           December 5, 1975, Instrument No. 151726, of Official Records

    Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

5. The fact that the ownership of said land does not include rights of access to or from the street, highway, or freeway abutting said land, such rights having been relinquished by the map of said Tract.

    Affects:            The Northern lot line abutting State Highway 79

6. The effect of that certain road maintenance agreement recorded March 10, 1977, as Document No. 40029, of Official Records.

7. The right to dedicate portions of said land for roadway and utility purposes, together with slope easements adjoining, as reserved in the Deeds from Rancho California, a partnership, recorded December 31, 1968 as Instrument Nos. 127320 through 127324, inclusive and No. 127336.

3

**EXHIBIT 7 - Tozier Promissory Note**

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9816386
Policy No. 27-042-92 3382462

8.  Easement(s) for the purpose(s) shown below and rights incidental thereto as set forth in a document;

   In favor of:      Rancho California, a general partnership
   Purpose:          Roadway, public utility and flood control
   Recorded:         December 31, 1968, Instrument No. 127338, of Official Records

   Said easement is unlocatable.

9.  An Agency Agreement wherein the landowner herein designates the Rancho California Water District its exclusive agent for the extraction, diversion, storage and distribution of all local water upon the herein described property, recorded January 31, 1969 as Instrument No. 10258, (No. 257) and No. 10259, (No. 258) and May 26, 1976 as Instrument No. 73850.

10. An instrument entitled "Resolution No. F91-22" recorded June 10, 1991 as Instrument/File No. 193751 of Official Records. Reference is made to said document for full particulars.

11. An instrument entitled "Resolution No. 92-388 Ordering Confirmation of Special Assessments Against Parcels of Land Within the County of Riverside for Costs of Abatement and Removal of Hazardous Weeds" recorded February 7, 1992 as Instrument/File No. 320863 of Official Records. Reference is made to said document for full particulars.

12. The fact that the ownership of said land does not include rights of access to or from the street, highway, or freeway abutting said land, such rights having been relinquished by the map of said Tract.

   Affects:          HORIZON VIEW STREET

13. The fact that the ownership of said land does not include rights of access to or from the street, highway, or freeway abutting said land, such rights having been relinquished by the map of said Tract.

   Affects:          STATE HIGHWAY 79

14. Covenants, conditions and restrictions (deleting therefrom any restrictions indicating any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin) as set forth in the document

   Recorded:         March 3, 2004, Instrument No. 2004-0149657,

   Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

4

**EXHIBIT 7 - Tozier Promissory Note**

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9816386
Policy No. 27-042-92 3382462

Said instrument also provides for the levy of assessments, the lien of which are stated to be subordinate to the lien of certain mortgages or deeds of trust made in good faith and for value.

Modification(s) of said covenants, conditions and restrictions

Recorded:         March 24, 2004,  Instrument No. 2004-0205091,  of Official Records

Modification(s) of said covenants, conditions and restrictions

Recorded:         April 30, 2004 as Instrument No. 2004-0321948 of Official Records

15. An instrument entitled "Notice of Election and Binding Covenants" recorded March 24, 2004 as Instrument/File No. 2003-0205092 of Official Records. Reference is made to said document for full particulars.

16. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document;

Granted to:     Southern California Edison Company
Purpose:        Public utilities
Recorded:       of Official Records
Affects:        A Portion of the land

17. Easement(s) for the purpose(s) shown below and rights incidental thereto as granted in a document;

Granted to:     Verizon California, Inc.
Purpose:        Public utilities
Recorded:       of Official Records

18. Matters contained in that certain document entitled "Resolution No. 27-04 Approving the Proposed Annexation No. 79 to County Service Area No. 143 LAFCO No. 2004-03-3" dated , recorded July 14, 2004, Instrument No. 2004-0544002, of Official Records.

Reference is hereby made to said document for full particulars.

19. An instrument entitled "Notice of Election Under Right to Repair Law" recorded July 29, 2004 as Instrument/File No. 2004-0589442 of Official Records. Reference is made to said document for full particulars.

TT-23

5

**EXHIBIT 7 - Tozier Promissory Note**

40-559

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9816386
Policy No. 27-042-92 3382462

20. Easements, covenants and conditions contained in the deed from Beazer Homes Holdings Corp. a Delaware corporation, as grantor, to Mark Tozier, a married man as his sole and separate property, as grantee, recorded April 4, 2005 as Instrument/File No. 261678 of Official Records. Reference is made to said document for full particulars.

21. **A deed of trust** to secure an indebtedness in the amount shown below, and any other obligations secured thereby

| | |
|---|---|
| Amount: | $429,856.00 |
| Dated: | March 30, 2005 |
| Trustor: | Mark Tozier, a married man as his sole and separate property |
| Trustee: | Fidelity National Title Company |
| Beneficiary: | Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns |
| Loan No.: | 0503561 |
| Recorded: | April 4, 2005, Instrument No. 261680, of Official Records |

**EXHIBIT 7 - Tozier Promissory Note**

6

ALTA Loan Policy (10-17-92) w/Form 1 Cov.

Order No. 9816386
Policy No. 27-042-92 3382462

## SCHEDULE B

### PART II

In addition to the matters set forth in Part I of this Schedule, the title to the estate or interest in the land described or referred to in Schedule A is subject to the following matters, if any be shown, but the Company insures that these matters are subordinate to the lien or charge of the insured mortgage upon the estate or interest:

**NONE**

TT-25

7

**EXHIBIT 7 - Tozier Promissory Note**

Order No.: 9816386

## ENDORSEMENT
Attached to Policy No. 27-042-92 3382462
Issued By
Fidelity National Title Insurance Company

The Company hereby insures the owner of the indebtedness secured by the insured mortgage against loss or damage which the insured shall sustain by reason of:

1. The existence of any of the following:

    (a) Covenants, conditions or restrictions under which the lien of the mortgage referred to in Schedule A can be cut off, subordinated, or otherwise impaired;

    (b) Present violations on the land of any enforceable covenants, conditions or restrictions;

    (c) Except as shown in Schedule B, encroachments of buildings, structures or improvements located on the land onto adjoining lands, or any encroachments onto the land of buildings, structures or improvements located on adjoining lands.

2.  (a) Any future violations on the land of any covenants, conditions or restrictions occurring prior to acquisition of title to the estate or interest referred to in Schedule A by the insured, provided such violations result in impairment or loss of the lien of the mortgage referred to in Schedule A, or result in impairment or loss of the title to the estate or interest referred to in Schedule A if the insured shall acquire such title in satisfaction of the indebtedness secured by the insured mortgage;

    (b) Unmarketability of the title to the estate or interest referred to in Schedule A by reason of any violations on the land, occurring prior to acquisition of title to the estate or interest referred to in Schedule A by the insured, of any covenants, conditions or restrictions.

3. Damage to existing improvements, including lawns, shrubbery or trees

    (a) Which are located or encroach upon that portion of the land subject to any easement shown in Schedule B, which damage results from the exercise of the right to use or maintain such easement for the purposes for which the same was granted or reserved;

CLTA Form 100 (Rev. 6-14-96)
ALTA - Lender

**EXHIBIT 7 - Tozier Promissory Note**

40-562

(b)   Resulting from the exercise of any right to use the surface of the land for the extraction or development of the minerals excepted from the description of the land or shown as a reservation in Schedule B.

4.   Any final court order or judgment requiring removal from any land adjoining the land of any encroachment shown in Schedule B.

Wherever in this endorsement any or all the words "covenants", "conditions" or "restrictions" appear, they shall not be deemed to refer to or include the terms, covenants, and conditions or restrictions contained in any lease.

For purposes of this endorsement, the words "covenants," "conditions" or "restrictions" shall not be deemed to refer to or include any covenants, conditions or restrictions relating to environmental protection, except to the extent that a notice of a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy and is not excepted in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: April 4, 2004

Fidelity National Title
INSURANCE COMPANY


Countersigned

CLTA Form 100 (Rev. 6-14-96)
ALTA - Lender

**EXHIBIT 7 - Tozier Promissory Note**

40-563

Order No.: 9816386

ENDORSEMENT
Attached to Policy No. 27-042-92 3382462
Issued by
Fidelity National Title Insurance Company


The Company hereby insures the owner of the indebtedness secured by the insured mortgage against loss or damage which the insured shall sustain by reason of the failure of (i) a single family residence known as 33914 Tuscan Creek Way, Temecula Area, CA, to be located on the land at Date of Policy, and (ii) the map attached to this policy to correctly show the location and dimensions of the land according to the public records.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: April 4, 2005

**Fidelity National Title**
INSURANCE COMPANY

_____
Countersigned

CLTA Form 116 (Rev. 6-14-96)
ALTA - Lender

**EXHIBIT 7 - Tozier Promissory Note**

40-564

Order No.: 9816386

# ENDORSEMENT
Attached to Policy No. 27-042-92 3382462
Issued by
Fidelity National Title Insurance Company

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the Insured mortgage over:

(a)    Any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in schedule B; or

(b)    Any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

None

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: April 4, 2005



Fidelity National Title
INSURANCE COMPANY

_____
Countersigned

ALTA Form 110.9 (3-13-87)
Environmental Lien

**EXHIBIT 7 - Tozier Promissory Note**

40-565

Order No.: 9816386

# ENDORSEMENT
Attached to Policy No. 27-042-92 3382462
Issued by
Fidelity National Title Insurance Company

The insurance afforded by this endorsement is only effective if the land is used or is to be used primarily for residential purposes.

The Company insures the Insured against loss or damage sustained by reason of lack of priority of the lien of the Insured mortgage over:

(a)    Any environmental protection lien which, at Date of Policy, is recorded in those records established under state statutes at Date of Policy for the purpose of imparting constructive notice of matters relating to real property to purchasers for value and without knowledge, or filed in the records of the clerk of the United States district court for the district in which the land is located, except as set forth in schedule B; or

(b)    Any environmental protection lien provided for by any state statute in effect at Date of Policy, except environmental protection liens provided for by the following state statutes:

None

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: April 4, 2005



Fidelity National Title
INSURANCE COMPANY

Countersigned

ALTA Form 110.9 (3-13-87)
Environmental Lien

**EXHIBIT 7 - Tozier Promissory Note**

40-566

Order No.: 9816386

ENDORSEMENT
Attached to Policy No. 27-042-92 3382462
Issued by
Fidelity National Title Insurance Company

    The Company hereby insures the owner of the indebtedness secured by the mortgage referred to in paragraph 4 of Schedule A against loss which the insured shall sustain as a result of any exercise of the right of use or maintenance of the easement referred to in paragraph 13, 16, 17 of Schedule B over or through the land.

    This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: April 4, 2005

**Fidelity National Title**
INSURANCE COMPANY

_____
Countersigned

CLTA Form 103.1 (Rev. 9-10-93)
ALTA or CLTA - Lender

IT-31

**EXHIBIT 7 - Tozier Promissory Note**

40-567

Order No.: 9816386

ENDORSEMENT
Attached to Policy No. 27-042-92 3382462
Issued by
Fidelity National Title Insurance Company

The Company hereby insures the insured against loss which the insured shall sustain by reason of damage to existing improvements, including lawns, shrubbery or trees, resulting from the exercise of any right to use the surface of the land for the extraction or development of water excepted from the description of the land or shown as a reservation in Schedule B.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: April 4, 2005

**Fidelity National Title**
INSURANCE COMPANY

_____
Countersigned

CLTA Form 103.5 (Rev. 9-10-93)
ALTA - Owner or Lender

**EXHIBIT 7 - Tozier Promissory Note**

40-568

Order No.: 9816386

# ENDORSEMENT
Attached to Policy No. 27-042-92 3382462
Issued by
Fidelity National Title Insurance Company

The Company insures the owner of the indebtedness secured by the insured mortgage against loss or damage sustained by reason of:

1. The invalidity or unenforceability of the lien of the insured mortgage resulting from the provisions therein which provide for changes in the rate of interest.

2. Loss of priority of the lien of the insured mortgage as security for the unpaid principal balance of the loan, together with interest as changed in accordance with the provisions of the insured mortgage, which loss of priority is caused by the changes in the rate of interest.

"Changes in the rate of interest", as used in this endorsement, shall mean only those changes in the rate of interest calculated pursuant to the formula provided in the insured mortgage at Date of Policy.

This endorsement does not insure against loss or damage based upon (a) usury, or (b) any consumer credit protection or truth in lending law.

This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and of any prior endorsements thereto, except that the insurance afforded by this endorsement is not subject to Section 3(d) of the Exclusions from Coverage. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any prior endorsements, nor does it increase the face amount thereof.

Dated: April 4, 2005

**Fidelity National Title**
INSURANCE COMPANY

Countersigned

ALTA Form 111.5 (Rev. 3-13-87)
Variable Rate

**EXHIBIT 7 - Tozier Promissory Note**

40-569