**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

## STIPULATED FACTS IN CONNECTION WITH THE LIMITED OBJECTION OF WFBNA TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Ally Financial Inc. ("*AFI*"), on behalf of itself and its non-debtor subsidiaries and Ally Bank (collectively, "*Ally*"), Residential Capital, LLC ("*ResCap*," together with its Debtor subsidiaries and affiliates, collectively, the "*Debtors*"), the Official Committee of Unsecured Creditors appointed in these cases (the "*Committee*") and Wells Fargo Bank, N. A., as successor to Wachovia Bank and Wachovia Bank of Delaware (collectively, "*WFBNA*") submit this stipulation of facts in connection with the *Limited Objection of WFBNA to Confirmation of the Joint Chapter 11 Plan Proposed By Residential Capital, LLC and the Official Committee of Unsecured Creditors* [ECF No. 5411] (the "*WFBNA Objection*") and the confirmation hearing (the "*Confirmation Hearing*") on the *First Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as may be amended or modified hereafter) [ECF No. 5722-1] (the "*Plan*").[1]  In connection with the Court's

---

[1]  Capitalized terms used but not defined herein have the meanings given to such terms in the Plan.

consideration of the WFBNA Objection at the Confirmation Hearing, the Parties admit, stipulate, and agree that:

## STIPULATION

1. On January 3, 2012, AFI, Ally Servicing LLC, and Motors Insurance Corp., (collectively, the "*Ally Depositors*") and Residential Capital, LLC ("*ResCap*," together with certain of its subsidiaries, collectively, the "*Debtor Depositors*," together with the Ally Depositors, collectively, the "*Depositors*")[2] executed that certain Commercial Deposit Agreement for Large Corporate Customers dated as of January 3, 2012 (the "*Deposit Agreement*") with Wachovia Bank and Wachovia Bank of Delaware, both of which were succeeded by Wells Fargo Bank, N.A. ("*WFBNA*"). A true and correct copy of the Deposit Agreement is attached hereto as **Exhibit A**.

2. The Depositors reserve all rights, remedies, and arguments in connection with the Deposit Agreement, including their right to dispute its validity and enforceability and their right to challenge any liability for, the reasonableness of, any legal fees and expenses arising from or related to the Deposit Agreement.

3. As of May 14, 2013 (the "*Petition Date*"), the Ally Depositors maintained 40 accounts at WFBNA, and the Debtor Depositors maintained 33 accounts at WFBNA.

4. All of the Debtor Depositors' accounts were closed on or before June 12, 2012.

5. WFBNA sent a letter, dated March 19, 2012, to the Depositors purporting to amend the Deposit Agreement effective as of April 25, 2012 (the "*Purported Amendment*"), subject to the Depositors' continued use of WFBNA's services under the Deposit Agreement,

---

[2] The following is a full list of Ally and Debtor Depositors: Ally Financial Inc., Ally Servicing LLC, Motors Insurance Corp., Residential Capital, LLC, Residential Funding Co., LLC, Passive Asset Transactions LLC, RFC Asset Holding II, LLC, Residential Mortgage Real Estate Holdings, LLC, Residential Funding Real Estate Holdings, Homecomings Financial Real Estate Holding, GMAC Mortgage, LLC, DiTech, LLC, and Residential Consumer Services, LLC.

2

including holding bank accounts at WFBNA, as of April 25, 2012. A true and correct copy of the Purported Amendment is attached hereto as **Exhibit B**.

6. The Depositors dispute the validity and enforceability of the Purported Amendment and reserve all rights, remedies, and arguments in connection therewith, including their right to challenge any liability for, and the reasonableness of, any legal fees and expenses arising from or related to the Amendment.

7. The closing of any Ally Depositor account required WFBNA to approve such closure in accordance with its internal administrative processes, and at all relevant times WFBNA controlled the timing of the closing of any account upon a request for account closure, WFBNA was fully aware of the processes required to close such accounts.

8. As of August 2, 2013, one of Ally's forty accounts at WFBNA was closed. As of August 28, 2013, thirty-seven of Ally's remaining thirty-nine accounts at WFBNA were closed. As of September 21, 2013, one additional Ally account at WFBNA was closed. As of October 25, 2013, the final remaining Ally account at WFBNA was closed. On November 5, 2013, WFBNA informed Ally of a legacy account opened in 1978. That account was closed on November 6, 2013. Certain of such accounts may have had positive balances prior to their closure.

9. WFBNA filed unliquidated proofs of claim against the Debtors on account of the Debtor Depositors' accounts.[3] WFBNA asserts—through its counsel Winston & Strawn LLP ("*Winston*")—that it has incurred an aggregate amount of approximately $850,000.00 on account of legal services provided by Winston related to the Debtor Depositors' accounts, including the

---

[3] *See* Claim Nos. 5048, 5532, 5549, 5554, 5560, 5566, 5571, 5574, 5578, and 5717.

3

preparation and filing of three limited objections and two reservations of rights in these Chapter 11 Cases.[4]

10.  As of the date hereof, WFBNA's known claims against the Debtors arise solely from legal services and expenses related to the Debtor Depositors' accounts.  In addition, WFBNA alleges that it has the right to indemnification from AFI under the Purported Amendment for such legal services and expenses.

11.  On November 29, 2012, AFI received WFBNA's request for payment in an amount of $388,486.02, for reimbursement of Winston's fees and expenses for services related to the Debtor Depositors' accounts allegedly rendered through September 2012.

12.  On December 11-12, 2012, in response to the request of Kirkland & Ellis LLP ("*Kirkland*"), as Ally's counsel, Winston provided invoices to Kirkland in support of the fees allegedly incurred for its representation of WFBNA in connection with the Debtor Depositors'

---

[4]  *See Limited Objection of WFBNA to Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) And Bankruptcy Rules 4001 and 6004 (I) Authorizing the Debtors to (A) Enter Into and Perform Under Receivables Purchase Agreements and Mortgage Loan Purchase and Contribution Agreements Relating to Initial Receivables and Mortgage Loans and Receivables Pooling Agreements Relating to Additional Receivables, and (B) Obtaining Postpetition Financing on a Secured, Superpriority Basis, (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (III) Granting Related Relief* [ECF No. 27]; *Limited Objection of WFBNA to Debtors' Motion for Order Under Bankruptcy Code Sections 105(a), 345, 363, 364, and 503(b)(1) and Bankruptcy Rules 6003 and 6004 Authorizing (I) Continued Use of Cash Management Services and Practices, as Modified, (II) Continued Use of Existing Bank Accounts, Checks, and Business Forms, (III) Interim Waiver of the Investment and Deposit Requirements of Bankruptcy Code Section 345, (IV) Debtors to Honor Specified Outstanding Prepetition Payment Obligations, and (V) Continuation of Intercompany Transactions, Including Intercompany Transactions with Future Debtors, and Granting Administrative Expense Status to Intercompany Claims and WFBNA's Request for Additional Adequate Protection* [ECF No. 28]; *Reservation of Rights of WFBNA to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [ECF No. 281]; *Reservation of Rights and Limited Objection of WFBNA to (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* ["*Cure Objection and Assignment Objection*"] [ECF No. 1652]; and *Limited Objection of WFBNA to Confirmation of Joint Chapter 11 Plan Proposed by Residential Capital, LLC and the Official Committee of Unsecured Creditors* [ECF No. 5411].

4

accounts. The invoices were substantially redacted. Winston is willing to provide unredacted copies of the invoices to the Court for in camera review.

13. On December 18, 2012, Kirkland sent a letter to Winston, questioning the reasonableness of Winston's request for payment and the ethics of Winston's billing practices. A true and correct copy of the letter is attached hereto as **Exhibit C**. Winston did not respond to the letter.

14. WFBNA sent a letter to AFI dated December 21, 2012, stating that WFBNA planned to debit amounts from AFI's accounts to pay obligations allegedly owed by AFI's subsidiaries, consisting of Winston's legal fees and expenses related to the Debtor Depositors' accounts. A true and correct copy of the December 21, 2012 letter is attached hereto as **Exhibit D**.

15. AFI received WFBNA's December 21 letter on December 24, 2012.

16. WFBNA claims that AFI, as guarantor of the Debtor Depositors' obligations, is responsible to pay Winston's fees and expenses.

17. AFI disputes WFBNA's claim that AFI is responsible for Winston's fees and expenses and reserves all right, remedies, and arguments in connection with that and all other claims.

18. On December 26, 2012, WFBNA debited approximately $472,000 from AFI's accounts at WFBNA to reimburse itself for payment of a portion of Winston's fees and expenses incurred in connection with the Debtor Depositors' accounts.

[*Remainder of page intentionally left blank*]

Dated: November 20, 2013

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **KRAMER LEVIN NAFTALIS & FRANKEL LLP** |
| By:  /s/ Todd M. Goren  <br>Gary S. Lee <br>Lorenzo Marinuzzi <br>Todd M. Goren <br>Jennifer L. Marines <br>1290 Avenue of the Americas <br>New York, New York 10104 <br>Tel: (212) 468-8000 <br>Fax: (212) 468- 7900 <br><br>*Counsel for the Debtors <br>and Debtors-in-Possession* | By:  /s/ Douglas H. Mannal  <br>Kenneth H. Eckstein <br>Douglas H. Mannal <br>1177 Avenue of the Americas <br>New York, New York 10036 <br>Tel: (212) 715-9100 <br>Fax: (212) 715-8000 <br><br>*Counsel for Official Committee of Unsecured Creditors* |
| **KIRKLAND & ELLIS LLP** | **WINSTON & STRAWN LLP** |
| By:  /s/ Noah J. Ornstein  <br>Richard M. Cieri <br>Ray C. Schrock <br>Noah J. Ornstein <br>601 Lexington Avenue <br>New York, New York 10022 <br>Tel: (212) 446 4800 <br>Fax: (212) 446 4900 <br><br>- and - <br><br>Jeffrey S. Powell <br>Daniel T. Donovan <br>Judson D. Brown <br>655 15th Street, N.W., Ste. 1200 <br>Washington, D.C. 20005 <br>Tel: (202) 879-5000 <br>Fax: (202) 879-5200 <br><br>*Counsel for Ally Financial Inc. and Ally Bank* | By:  /s/ James Donnell  <br>James Donnell <br>200 Park Avenue <br>New York, New York 10166 <br>Tel: (212) 294-6700 <br>Fax: (212) 294-4700 <br><br>- and - <br><br>Nathan P. Lebioda <br>100 North Tryon Street <br>Charlotte, NC 28202-1078 <br>Tel: (704) 350-7700 <br>Fax: (704) 350-7800 <br><br>*Counsel for WFBNA* |