**Exhibit C**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Ray C. Schrock
To Call Writer Directly:
(212) 446-4828
Ray.Schrock@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

December 18, 2012

James Donnell, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

Re:    **Wells Fargo Bank, N.A.'s Request for Payment**

Dear James:

Ally Financial Inc. ("Ally") received Wells Fargo Bank, N.A.'s ("Wells Fargo") request for payment, dated November 29, 2012, in an amount of $388,486.02 for reimbursement with respect to the fees (the "Fees") of Winston & Strawn LLP ("Winston & Strawn") for services rendered through September 2012. Ally has, in turn, asked us as its counsel to review the request.

We understand that Wells Fargo's request is made under the Commercial Deposit Agreement for Large Customers with Ally and certain of its subsidiaries, including Residential Capital, LLC (together with its subsidiaries, "ResCap"), dated January 3, 2012 (as may have been amended from time to time, the "Agreement"). The Agreement provides that Wells Fargo may seek reimbursement from Ally for reasonable attorneys' fees expended or incurred by Wells Fargo in connection with the implementation, administration, and enforcement of the Agreement, including in connection with any bankruptcy proceeding.[1] We do not understand how the Fees requested relate to the Agreement or are reasonable.

To our knowledge, your representation of Wells Fargo is limited to its commercial banking relationship with Ally and ResCap. Wells Fargo has retained no less than six other law firms to represent its interests in other capacities in ResCap's bankruptcy cases. Further, we understand that ResCap notified Wells Fargo of its intention to migrate all of its bank accounts away from Wells Fargo before commencement of the chapter 11 cases on May 14, 2012 (the "Petition Date"). This migration was completed on June 15, 2012. Ally and ResCap believe Wells Fargo holds no claim in connection with the Agreement, and you have stated on the record

---

[1] This obligation to reimburse fees, pursuant to section 28(i) of the Agreement, was only added as part of an amendment that became effective on April 25, 2012.

Chicago    Hong Kong    London    Los Angeles    Munich    Palo Alto    San Francisco    Shanghai    Washington, D.C.

K&E 24611929

**KIRKLAND & ELLIS LLP**

James Donnell
December 18, 2012
Page 2

in the Bankruptcy Court that you are unaware of any Wells Fargo claim that would require payment under the Agreement. *See* Transcript of Record at 99, *In re Residential Capital LLC, et al.*, No. 12-12020 (May 14, 2012) ("[W]e understand that our bank accounts in which we have security interests are going to go poof or go to other lenders."). You previously indicated the same to us in telephone conversations conducted before the Petition Date in which we expressed our view that Wells Fargo had little if any interest in ResCap's bankruptcy case, yet puzzlingly you seem to continue to attend hearings and take unnecessary actions in the case. Indeed, even the Court questioned on record your involvement in proceedings. *See* Transcript of Record at 52, *In re Residential Capital LLC, et al.*, No. 12-12020 (May 15, 2012) ("[The Court] just heard this morning that [Wells Fargo is] going to be gone within days ... that the account that [Wells Fargo is] concerned with is going to be closed.").

On December 11, 2012 and December 13, 2012, you provided us Winston & Strawn's invoices allegedly supporting the Fees. These invoices are so heavily redacted to the point that it is impossible to determine what work was being performed and how it related to the Agreement. What may be gleaned from the little unredacted text in the invoices, the time period the invoices cover, the number of attorneys at Winston & Strawn billing time in connection with the matter, and the amounts of time billed is that the right of Wells Fargo to be reimbursed for the Fees is highly questionable, at the very least.

Please direct all further correspondence regarding this matter to Stephen Van Dolsen at (212) 884-7140 or via email at stephen.vandolsen@ally.com.

Sincerely,

Ray C. Schrock

K&E 24611929