| | |
|---|---|
| WHITE & CASE LLP<br>1155 Avenue of the Americas<br>New York, New York 10036-2787<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>J. Christopher Shore<br>Harrison L. Denman<br><br>-and-<br><br>MILBANK, TWEED, HADLEY &<br>MCCLOY LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005<br>Telephone:  (212) 530-5000<br>Facsimile:   (212) 530-5219<br>Gerard Uzzi<br>David S. Cohen<br>Daniel M. Perry<br>Atara Miller | AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745<br>Telephone: (212) 872-1000<br>Facsimile:  (212) 872-1002<br>Daniel H. Golden<br>Philip C. Dublin |

*Attorneys for the Notes Trustee and Ad Hoc Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Case No. 12-12020 (MG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**SUPPLEMENTAL OBJECTION OF THE NOTES TRUSTEE AND AD**
**HOC COMMITTEE OF JUNIOR SECURED NOTEHOLDERS TO**
**CONFIRMATION OF PLAN PROPONENTS' FIRST AMENDED CHAPTER 11 PLAN**

105267802 v2

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

UMB Bank, N.A., as successor Notes Trustee (in such capacity, the "<u>Notes Trustee</u>") under that certain Indenture dated as of June 6, 2008 (the "<u>JSN Indenture</u>") for 9.625% Junior Secured Guaranteed Notes due 2015 (the "<u>Junior Secured Notes</u>") of Residential Capital, LLC, and the Ad Hoc Committee of Junior Secured Noteholders (the "<u>Ad Hoc Committee</u>"), by and through their undersigned counsel, hereby file this supplemental objection (the "<u>Supplemental Objection</u>") to confirmation of the first amended chapter 11 plan (the "<u>Amended Plan</u>") filed on November 13, 2013, by the Plan Proponents in the above-captioned chapter 11 cases.[1]  In support of the Supplemental Objection, the Notes Trustee, on behalf of itself and the holders of the Junior Secured Notes (the "<u>JSNs</u>"), and the Ad Hoc Committee, respectfully state as follows:[2]

## PRELIMINARY STATEMENT

1. Since the filing of the Initial Objection, the Plan Proponents have materially modified the plan, necessitating the filing of this Supplemental Objection.  Under the Original Plan (as defined herein), the Notes Trustee's claims for fees, expenses and other charges, including indemnification, under the JSN Indenture (the "<u>Notes Trustee's Fee Claims</u>") were to be paid in full under Class 3 of each of the respective Debtor silos.  By the Amended Plan, the Plan Proponents seek to un-classify that portion of the JSN Claims asserting the Notes

---

[1]  On October 22, 2013, the Notes Trustee and the Ad Hoc Committee filed their initial objection to the Plan Proponents' original plan (the "<u>Initial Objection</u>") [Docket No. 5443].  Capitalized terms not defined herein have the meaning ascribed to them in the Initial Objection.  The Notes Trustee and the Ad Hoc Committee hereby incorporate the arguments set forth in the Initial Objection as if fully set forth herein.

[2]  Counsel for the Notes Trustee and the Ad Hoc Committee initiated discussions with the Plan Proponents to discuss and attempt to consensually resolve the subject matter of this Supplemental Objection prior to its filing.  While these discussions are ongoing, counsel for the Notes Trustee and the Ad Hoc Committee advised counsel for the Plan Proponents that it would be filing this Supplemental Objection to give the Court and parties in interest notice of the dispute.

Trustee's Fee Claims. In supplemental pleadings filed in support of the Amended Plan, the Plan Proponents take the position that the Notes Trustee's Fee Claims are not entitled to any direct recovery from the Debtors' estates. The Amended Plan's failure to provide for the Notes Trustee's Fee Claims ignores Second Circuit precedent, violates section 1129(b)(1) of the Bankruptcy Code, and unless remedied, should result in denial of confirmation of the Amended Plan.

### RELEVANT BACKGROUND

2. On June 25, 2012, the Court entered the Cash Collateral Order.[3] Pursuant to paragraph 5(b) of the Cash Collateral Order, the Debtors stipulated that the Prepetition Obligations outstanding under the Junior Secured Notes Documents included "additional fees and expenses and other amounts now or hereafter due, including under the Junior Secured Notes Documents (including any fees and expenses of the Junior Secured Parties' attorneys and financial advisors that are chargeable or reimbursable under the Junior Secured Notes Documents) and other obligations incurred in connection therewith…."[4]

3. On November 7, 2012, the Notes Trustee filed a master proof of claim (the "Master Proof of Claim") against the Debtors with respect to the JSN Claims. The Notes Trustee asserted: (i) a liquidated amount of $2,222,506,575.83 of principal, interest and accrued fees as of the Petition Date; and (ii) unliquidated amounts for all other obligations under the Indenture documents, including the Notes Trustee's Fee Claims.[5]

---

[3]    Docket No. 491.

[4]    Cash Collateral Order at ¶ 5(b).

[5]    Claim No. 2866.

4.   On August 23, 2013, the Plan Proponents filed the solicitation version of the plan (the "Original Plan").[6]

5.   On November 12, 2013, the Plan Proponents and the Notes Trustee, Ad Hoc Committee and Wells Fargo Bank, N.A., as collateral agent, filed their proposed Joint Pretrial Order with respect to the Phase II litigation (the "Pretrial Order").[7]

6.   On November 12 and 13, 2013, the Plan Proponents filed (i) their omnibus response to confirmation objections (the "Response")[8] and (ii) the Amended Plan.[9]

**SUPPLEMENTAL OBJECTION**

7.   It is undisputed that the JSN Indenture provides the Notes Trustee the right to recover the Notes Trustee's Fee Claims directly from the Debtors in addition to principal and interest due under the Junior Secured Notes.[10] Under the Cash Collateral Order the Debtors have stipulated to the inclusion of the Notes Trustee's Fee Claims as a component of the Notes Trustee's prepetition claim.[11] As authorized by the JSN Indenture, the Notes Trustee's Master Proof of Claim asserts claims on behalf of the Notes Trustee and each of the JSNs for (i) principal and interest due under the Junior Secured Notes and (ii) all other liquidated and unliquidated amounts due under the JSN Indenture, including the Notes Trustee's Fee Claims.[12]

8.   The Original Plan classified the JSN Claims as Class 3 "Junior Secured Notes Claims" at each of the Debtor silos, and provided for the payment in full of the JSN

---

[6]   Docket No. 4811.
[7]   Docket No. 5716.
[8]   Docket No. 5718.
[9]   Docket No. 5722.
[10]  Indenture at sections 6.09, 7.07 and 10.01.
[11]  Cash Collateral Order at ¶ 5(b).
[12]  Master Proof of Claim attachment at pg. 3-8.

- 4 -

105267802 v2

Claims, regardless of whether the claims were secured or deficiency claims.[13] In the Initial Objection, the Notes Trustee and the Ad Hoc Group observed that although the Original Plan did not specifically reference the Notes Trustee's fees and expenses as being included in the definition of Junior Secured Notes Claim, it was assumed such fees and expenses were to be so included (as required by the JSN Indenture and the Cash Collateral Order). To the extent not so included, the Notes Trustee and Ad Hoc Committee objected to any treatment that did not provide for full payment of such amounts.[14]

9. The Plan Proponents made certain changes to the Amended Plan that go well beyond technical revisions and effectuate substantive changes to the treatment of JSN Claims. Under the Amended Plan, Class 3 of each Debtor silo continues to provide for the payment in full of the allowed amount of the JSN Claims. What constitutes JSN Claims, however, has been materially modified. The Amended Plan impermissibly attempts to distinguish the claims of the individual JSNs and the claims of the Notes Trustee to exclude the Notes Trustee's Claims from receiving any direct recovery from the Debtors' estates. Specifically, the definitions of "Junior Secured Notes Secured Claim" and "Junior Secured Notes Deficiency Claim" in the Amended Plan have been revised to limit those claims only to the "Claims of the Junior Secured Noteholders under the Junior Secured Notes Indenture."[15]

10. Having expressly created an artificial distinction between the portion of the JSN Claims asserting Notes Trustee's Fee Claims and the principal and interest portion of the JSN Claims, the Amended Plan no longer classifies the Notes Trustee's Fee Claims. Further, the Plan Proponents suggest in supplemental pleadings that the Notes Trustee has *no right* to recover

---

[13] Original Plan at Art. III.D.

[14] Initial Objection at pg. 14, fn. 13.

[15] *See* Amended Plan at Art. I.A.148 and Art. I.A.154.

the Notes Trustee's Claims directly from the Debtors' estates.[16] According to the Plan Proponents, the Notes Trustee can only recover on account of such claims by exercising its charging lien against distributions to the JSNs under the Amended Plan.[17]

11. In doing so, the Plan Proponents ignore controlling Second Circuit authority and unfairly discriminate against the Notes Trustee and the JSNs in violation of section 1129(b)(1) of the Bankruptcy Code.[18] As set forth in the Initial Objection, at a minimum the Notes Trustee is entitled to a general unsecured claim for the Notes Trustee's Fee Claims under the JSN Indenture. (JSN Indenture § 7.07(a)); *see Ogle v. Fidelity & Deposit Co. of Md.*, 586 F.3d 143, 147 (2d Cir. 2009) ("[W]e hold that an unsecured claim for post-petition fees, authorized by a valid pre-petition contract, is allowable under Section 502(b) and is deemed to have arisen prepetition."). The Amended Plan unfairly discriminates against the Notes Trustee by depriving it of a plan recovery of payment in full in respect of its allowed Notes Trustee's Fee Claim. If permitted, the modifications to the Amended Plan would result in a decrease of the JSNs' recoveries in direct violation of the express terms of the Amended Plan and the Plan Proponents' repeated acknowledgement that the JSNs' prepetition claims would be paid in full.

---

[16] *See* Pretrial Order, Plaintiffs' Contentions at ¶ 113.

[17] *Id.* The Plan Proponents similarly argue that the concerns raised by the Collateral Agent are unfounded by referencing the "charging lien" provisions of the Plan, which do no more than confirm the Notes Trustee's right to assert a charging lien under the terms of the JSN Indenture. *See* Response at pg. 47. *See also* Annex A to Response ("The Plan preserves Wells Fargo's rights to receive sums owed to it pursuant to the prepetition documents.")

[18] 11 U.S.C. § 1129(b)(1). *See also In re WorldCom, Inc.*, 2003 WL 23861928 at *59 (Bankr. S.D.N.Y. 2003) (establishing four part test to determine whether a plan discriminates unfairly); *In re Dow Corning Corp.*, 244 B.R. 705 (Bankr. E.D. Mich. 1999) (disparate recoveries give rise to "a rebuttable presumption that a plan is unfairly discriminatory.")

105267802 v2

## RESERVATION OF RIGHTS

12. The Notes Trustee and the Ad Hoc Committee reserve any and all rights to advance additional arguments with respect to the Plan at any time prior to confirmation of the Plan and to respond to any arguments made by any other parties including the Plan Proponents.

105267802 v2

**WHEREFORE**, the Notes Trustee, acting on behalf of itself and the JSNs, and the Ad Hoc Committee respectfully request that the Court enter an order directing the Plan Proponents to modify the Amended Plan to provide for payment in full of the allowed Notes Trustee's Fee Claims or, alternatively, denying confirmation of the Amended Plan; and granting such other and further relief as is just and proper.

Dated: November 20, 2013

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore
Harrison L. Denman

- and -

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Gerard Uzzi
David S. Cohen
Daniel M. Perry
Atara Miller

- and -

By: ___/s/ Daniel H. Golden___
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Daniel H. Golden
Philip C. Dublin
*Attorneys for the Notes Trustee and Ad Hoc Committee.*

105267802 v2