LAIRD J. HEAL, ESQ.
120 Chandler Street #2R
Worcester, MA 01609
Telephone:    508-459-5095
Facsimile:    508-459-5320
Laird J. Heal (*admitted pro hac vice*)

Counsel for Creditor Thomas James La Casse

# United States Bankruptcy Court
## Southern District of New York
## Manhattan Division

|  |  |
|---|---|
| In Re RESIDENTIAL CAPITAL, LLC, et al,<br>Debtors | Debtor Case No. 12-12020-MJG<br><br>Chapter 11 |

### MOTION TO ALLOW AMENDMENT TO CLAIM #3856

# Table of Authorities

In re Minbatiwalla, 424 B.R. 104 (Bkrtcy.S.D.NY, 2010)..................................................3

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).3

Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868, 77 USLW 4387 (2009)..................................................................................................................................3

Fed.R.Civ.P. Rule 12...........................................................................................................3

Fed.R.Bankr.P. Rule 3007..................................................................................................3

Fed.R.Bankr.P 9014(c).......................................................................................................3

Fed.R.Civ.P. Rule 83..........................................................................................................3

United States v. Claros, 17 F.3d 1041, 1044-45 (7th Cir. 1994).........................................3

Fed.R.Bankr.P. Rule 7001(9)..............................................................................................4

In re Carlton, 437 B.R. 412 (Bkrtcy.N.D.Ala. 2010).........................................................4

RMS Residential Props., LLC v. Miller, 303 Conn. 224, 228-229, 32 A.3d 307, 312 (Conn. 2011).......................................................................................................................5

New Milford Savings Bank v. Jajer, 244 Conn. 251, 266, 708 A.2d 1378 (1998)..............6

Restatement (Third), Property, Mortgages § 5.4, p. 380 (1997)........................................6

New England Savings Bank v. Bedford Realty Corp., 238 Conn. 745, 759-60, 680 A.2d 301 (1996)...........................................................................................................................6

Fed.R.Civ.P. Rule 12(b)(6)..................................................................................................7

Comes now THOMAS JAMES LA CASSE, by and through his attorney <u>Laird J. Heal, Esq.</u>, and moves this Honorable Court allow him to amend his Claim[#3856], and to the extent necessary reconsider its decision[#5620] respectfully representing the following to this Court:

1. It has been the previous practice of this Court to allow an unsuccessful claimant to amend his Proof of Claim if disallowed.  See, e.g. *In re Minbatiwalla*, 424 B.R. 104 (Bkrtcy.S.D.NY, 2010).  However, no such leave was given in the Opinion[#5620] striking the claims of Mr. La Casse.

2. The decision[#5620][1] omits mention of the use of the standards of fact-based pleading enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868, 77 USLW 4387 (2009), but the analysis during the hearing deserves mention at least for the two reasons led to here.

3. The standards of Fed.R.Civ.P. Rule 12 motions to dismiss are not germane to an objection to claim, which is otherwise governed by Fed.R.Bankr.P. Rule 3007. While Fed.R.Bankr.P 9014(c) allows a judge to direct that other rules from "Part VII" may apply, such local rulemaking must not have the effect of overriding the rules already set in place.  Fed.R.Civ.P. Rule 83.  *United States v. Claros*, 17 F.3d 1041, 1044-45 (7th Cir. 1994).

4. The effect of such action is an example of the pitfalls and an example of a good reason to avoid the practice.  As a consequence of the improper use of Rule 12 consideration, a finding was entered that the Debtor Residential Funding Company, LLC, had, by obtaining the physical note, also obtained legal

---

1  Also reproduced as Exhibit 5.

justification to maintain the foreclosure action. Not only is this an incorrect assessment of Connecticut law, but the relief thus granted Residential Funding, in the nature of a declaratory judgment, may not be obtained through a claims action, but only through an Adversary Proceeding – to which the Federal Rules of Civil Procedure apply, with few exceptions.  See Fed.R.Bankr.P. Rule 7001(9). *In re Carlton*, 437 B.R. 412 (Bkrtcy.N.D.Ala. 2010).

5. However, as the introductory remarks of the undersigned during the hearing were intended to inform the Court, there is merit to the approach, but it demands including, within the Proof of Claim, material that is not often found there.  The problem with applying analogies to the Rules of Civil Procedure is that the "defendant", namely the Debtor entity, has not given an answer and is not envisioned as giving an answer.  The idea that a judge should look within the four corners of the Proof of Claim is also too inflexible.  Here, the Debtors did not ask for additional documentation, which is to say that they were satisfied with their knowledge of the facts and the documents presented.  The judge should instead look at all of the pleadings, such as they are, after the Objection to Claim and the response in support of the claim are on the record.  This is more like the reasoning and requirements applied to motions for summary judgment.

6. In that line, the Proof of Claim, as amended, includes such evidence by affidavit as should allow the Court to determine whether the claim has a prima facie basis and the evidence supplied by the Debtors is sufficient to rebut it, such as would be included in a motion for summary judgment, although possibly needing to be supplemented should a debtor file an objection to claim.

7. The amended Proof of Claim is attached[2].  Mr. La Casse provides justification for

---

2   See Exhibit 1.  The original Proof of Claim # 3856 is attached as Exhibit 8 and its exhibits will be

the claim with his Affidavit[3] and the supplemental affidavit of Marie McDonnell, who has once again researched the loan given Mr. La Casse and states that it is still reported as an asset of the Luminent Mortgage Trust 2006-3, which is to say that entity is the owner of the obligation with the right to receive payments related to that loan.

8. Since Residential Funding Company, LLC, is not the owner of the loan, but is only the servicer, as its response to Mr. La Casse's request under 15 U.S.C. § 1635 indicates, it is nothing more than an agent and does not, as Connecticut law requires, have the right to maintain an action for strict foreclosure on the principal's loan. However, the Court ignored this principle in its opinion in favor of the thought that physical possession of a Note indorsed in blank would permit the maintenance of the action, when by Connecticut law that does no more than create the rebuttable presumption that there is jurisdiction for the case, and the expert report of Marie McDonnell[4], supplemented by her Affidavit amply rebuts that presumption.

9. The court cites to *RMS Residential Props., LLC v. Miller*, 303 Conn. 224, 228-229, 32 A.3d 307, 312 (Conn. 2011) for the proposition that "even if the transfer to RFC was somehow void because the Weston Mortgage had already been securitized and transferred to other parties, that fact does not preclude RFC from foreclosing on the property so long as it was the noteholder." This does not completely follow that decision of the state's highest court, which states, at 303 Conn. 224, 230, 32 A.3d. 313, "Section 49-17 codifies the well established

---

incorporated into the Amended Proof of Claim should the Court allow it to be filed. See also the Objection[#5106] to the Claim Objection[#4635] and in particular the expert disclosure with the first report of Marie McDonnell.
3  Exhibit 2.
4  Exhibit 3.

common-law principle that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage. See *New Milford Savings Bank v. Jajer*, 244 Conn. 251, 266, 708 A.2d 1378 (1998); Restatement (Third), Property, Mortgages § 5.4, p. 380 (1997)" The decision repeatedly holds that physical possession of a debt instrument creates only a rebuttable presumption, expressing agreement with the proposition that "that the holder of the note's power to enforce is merely at law (i.e., the right to enforce personal liability), and that a note holder must demonstrate ownership of the underlying debt to exercise the equitable power of foreclosure. *New England Savings Bank v. Bedford Realty Corp.*, 238 Conn. 745, 759-60, 680 A.2d 301 (1996) (mere holder of promissory note, if not owner of underlying debt, cannot exercise equitable power of foreclosure)." *RMS Residential Props., LLC v. Miller*, supra, 303 Conn. 224, 231, 32 A.3d. 314.

10. There is thus a question of fact which needs to be resolved, which will determine the question of subject matter jurisdiction based on the standing of the plaintiff, Residential Funding Company, LLC. The undersigned has just learned today that the question will shortly be answered, as Mr. La Casse's Motion the Reopen the Judgment and Dismiss the Case with Prejudice has been scheduled for an evidentiary hearing on February 4, 2014, before the Stamford Superior Court.

11. Even if the claim against the Debtors is disallowed, the improper case continues in Connecticut and Mr. La Casse has a valid claim against the post-petition successor entities, which should be adjudicated and which must be brought before this Court, as it has jurisdiction over the Debtors and their assets.

12. With respect to the issue of civil RICO, the decision[#5620] goes beyond the pall

to determine that the claim of must fail. The Debtors did not request further documentation regarding any of Mr. La Casse's claims[5], and regarding the issue of civil RICO, did not even brief it. To the extent that it does deserve treatment, now the Affidavit of Thomas La Casse[6] attached to the Amended Proof of Claim establishes the elements cited by the Court. Namely, the Debtors: (1) formed a conspiracy with other entities; (2) which committed (a) repeated acts of mail and wire fraud in lying to courts, (b) repeated criminal acts by invading Mr. La Casse's property, stealing his possessions and leaving the property further damaged so as to be uninhabitable, not to mention (c) Bankruptcy Fraud by concealing their assets against him as a creditor which should otherwise have gone into the respective Bankruptcy Estates; (3) all constituting a pattern designed to force him to leave his residence and give up the fight for it; (4) through the repeated commission of illegal acts constituting racketeering behavior; (5) in which the Debtor directly or indirectly invested in, maintained an interest in, or participated in by attempting to obtain a property interest in Mr. La Casse's property for itself after its interest had been sold into a REMIC from which it was not intended to be removed; (6) in an Enterprise of wrongdoing and illegal behaviour comprised of businesses and agents there identified and (7) engaged in interstate commerce, with the further qualification that Mr. La Casse has been directly damaged in an amount which is known at the time the civil RICO claim is made.

13. Even under the Fed.R.Civ.P. Rule 12(b)(6) analysis conducted by this Court, a plaintiff is allowed to amend unless it appears that no pleading could be written

---

[5] See Document Number 3294, the Order specifying claims objection procedures, part (iii).
[6] Exhibit 1.

that would meet the standards set down in the *Bell Atlantic* and *Iqbal* cases. This creditor deserves no less courtesy.

WHEREFORE, the debtor respectfully asks this Court to allow Mr. La Casse to file an Amended Proof of Claim, to reconsider its decision[#5620] to the extent necessary for consideration of the Amended Proof of Claim, and for such other relief which the Court may find merited in the interests of justice.

/s/ Laird J. Heal
Laird J. Heal, Esq., pro hac vice
120 Chandler Street, Suite 2 R
Worcester, MA 01609
508-459-5095
508-459-5320 facsimile
LairdHeal@LH-Law-Office.com

Dated: November 21, 2013

CERTIFICATE OF SERVICE

I hereby certify that immediately upon receipt of the Notice of Electronic Filing, I will immediately cause service of the within included Motion to Extend Time by first class mail, together with this Certificate of Service, upon any party not shown here as receiving electronic service, namely:

*By Electronic Service*

| | |
|---|---|
| Gary S. Lee | Richard E. Briansky |
| Norman S. Rosenbaum | Andrew Baldwin |
| Melissa A. Hager | PRINCE LOBEL & TYE LLP |
| Erica J. Richards | 100 Cambridge Street, Suite 2200 |
| MORRISON & FOERSTER LLP | Boston, Massachusetts 02114 |
| 1290 Avenue of the Americas | |
| New York, New York 10104 | |

*By First-Class Mail*

/s/ Laird J. Heal
Laird J. Heal