**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**STIPULATION AND ORDER MODIFYING THE**
**AUTOMATIC STAY TO PERMIT LIMITED THIRD PARTY DISCOVERY**

This Stipulation and Order (the "**Stipulation and Order**") is made and entered into by, between and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "**Debtors**") and Sandeep Chopra ("**Ms. Chopra**" and, together with the Debtors, the "**Parties**" and each, a "**Party**").

WHEREAS Ms. Chopra is a plaintiff in a divorce proceeding before the Supreme Court for the State of New York, Onondaga County, captioned *Sandeep Chopra v. Sital Dass*, 2013-M-0458 (the "**Action**"), naming Sital Dass ("**Mr. Dass**") as defendant;

WHEREAS the Debtors have never been named as defendants in the Action;

WHEREAS Debtor GMACM Mortgage, LLC ("**GMACM**") serviced a mortgage (the "**Loan**") on property located at 101 Terrace Circle, Syracuse, New York 13214 (the "**Property**"), under which Mr. Dass;

WHEREAS on or about October 14, 2013, Ms. Chopra served a third-party subpoena on GMACM requesting certain documents;

WHEREAS the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on May 14, 2012 (the "**Petition Date**");

WHEREAS the Debtors have not produced documents in response to the subpoenas;

WHEREAS on October 12, 2012, the Court entered the *Memorandum Opinion and Order Denying the Motions of the Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery From the Debtors* [Docket No. 1813] (the "**Discovery Injunction**");

WHEREAS the Debtors assert that Ms. Chopra's non-party discovery requests are subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code pursuant to the Discovery Injunction;

WHEREAS the Debtors and Ms. Chopra have reached agreement under which the Debtors shall consent to a limited modification of the automatic stay and the Discovery Injunction to permit the production of certain agreed-upon documents on the terms and conditions contained herein, subject to Court approval of the Stipulation;

NOW THEREFORE, the Parties agree and stipulate as follows:

1. The automatic stay of section 362(a) of Bankruptcy Code and the Discovery Injunction are hereby modified for these limited purposes, and subject to the terms and conditions set forth herein.

2. The Debtors agree to produce only the items set forth on **Exhibit A**, annexed hereto (the "**Agreed Documents**"). The Debtors shall not be required to provide any other documents or items to Ms. Chopra under this Stipulation and Order.

3. Ms. Chopra acknowledges and agrees that:

    a. Ms. Chopra has no current or prospective claims against the Debtors or any of their affiliates; and

    b.  Ms. Chopra shall not use any of the Agreed Documents in connection with any claims against the Debtors or any of their affiliates.

  4.  This Stipulation and Order is without prejudice to the right of the Debtors to seek to enforce the automatic stay and/or the Discovery Injunction against Ms. Chopra in connection with any additional discovery requests or in any other context.

  5.  Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in the above-captioned cases, and entry into this Stipulation and Order shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

  6.  This Stipulation and Order shall not become effective unless and until it is entered by the Court.

  7.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

  8.  This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

  9.  Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: November 7, 2013 | Dated: November 4, 2013 |
| /s/ Norman S. Rosenbaum | /s/ Christopher Judge |
| Gary S. Lee | Christopher Judge, Esquire |
| Norman S. Rosenbaum | MELVIN & MELVIN, PLLC |
| Erica J. Richards | 7th Floor – 217 South Salina Street |
| MORRISON & FOERSTER LLP | Syracuse, New York 13202 |
| 1290 Avenue of the Americas | Telephone: (315) 422-1311, ext. 113 |
| New York, New York 10104 | Facsimile: (315) 479-7612 |
| Telephone: (212) 468-8000 | |
| Facsimile: (212) 468-7900 | *Attorney for Sandeep Chopra* |
| *Counsel for the Debtors and Debtors in Possession* | |

New York, New York
Dated: November 22, 2013

**IT IS SO ORDERED**

　　　**/s/Martin Glenn**　　　
MARTIN GLENN
United States Bankruptcy Judge

# **EXHIBIT A**

**Agreed Upon Discovery Information**

a. Loan Account History from 10/1/2010 through 2/1/2012

b. Loan Account Statement dated 1/1/2013

c. Copies of remitted Loan payments from 1/25/2012 through 1/26/2013

d. Copies of the Loan Documents

e. Certificate of Authenticity of Business Records