**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

November 25, 2013

Writer's Direct Contact
+1 (212) 468.8043
CKerr@mofo.com

By Email

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    <u>In re Residential Capital, LLC</u>, *et al.*, Chapter 11 Case No. 12-12020 (MG)

Dear Judge Glenn:

    At the conclusion of Mark Renzi's cross-examination on Thursday, November 21, 2013, the JSNs moved to exclude six paragraphs (5, 6, and 28 through 32) of his Direct Testimony[1] on the ground they fall outside the subject matter of Mr. Renzi's rebuttal expert report dated November 1, 2013. (Nov. 21, 2013 Rough Tr. at 55.)[2] The six paragraphs in question concern the reasonableness of certain assumptions used by the JSNs' expert, Michael Fazio, to generate his "scenarios" regarding intercompany balances in his October 18, 2013 Expert Report (the "Fazio Report").

    In the challenged paragraphs, Mr. Renzi concludes it was unreasonable for Mr. Fazio to assume the intercompany balances would be assumed "valid" and that the JSNs could assert liens over those intercompany balances without affecting the recoveries of all other claimants. (Renzi Direct ¶ 5.) Mr. Renzi also concludes it was unreasonable for Mr. Fazio to assume that Ally Financial, Inc ("AFI") would still contribute $2.1 billion "in the absence of releases that parallels the contribution it has agreed to make under the Plan." (*Id.* ¶ 6.) Mr. Renzi also concludes that other assumptions by Mr. Fazio — that AFI would still make its $2.1 billion contribution if RMBS claims, monoline claims, and securities claims were all subordinated, and if all previously-forgiven intercompany balances were reinstated in the JSNs' favor — were similarly unreasonable. In Mr. Renzi's opinion, "it is not reasonable to

---

[1] Mr. Renzi's Direct Testimony, dated November 12, 2013 [Dkt. No. 5702] ("Renzi Direct") had been admitted into evidence in its entirety, without objection, on November 20, 2013. (Nov. 20, 2013 Hr'g Tr. 203:16 ("Ms Miller: We have no objections.").)

[2] A copy of the Expert Report of Mark A. Renzi – Intercompany Balances, dated November 1, 2013, is attached hereto as Exhibit 1 (the "Rebuttal Report").

ny-1119388

MORRISON | FOERSTER

Honorable Martin Glenn
November 25, 2013
Page Two

assume that these specific inputs into the Waterfall Model can be changed while the remaining assumptions used by the Debtors to determine recoveries under the Plan would remain static." (*Id*. ¶ 5.)

These topics were fairly previewed in Mr. Renzi's Rebuttal Report. That Report consists of waterfall scenarios prepared using different assumptions regarding intercompany balances than used by Mr. Fazio in his opening Report. Mr. Renzi's scenarios reject the premise of the Fazio Report — that assumptions about intercompany balances and AFI's contribution may reasonably be manipulated without affecting other model inputs. Mr. Renzi's Rebuttal Report states: "[a]ny scenario with an AFI contribution and intercompany balances allowed at face value would result in significant changes to other assumptions contained in the Plan's recovery analysis." (Rebuttal Report at 8.)

And even if all of Mr. Fazio's assumptions were not individually called out for criticism in Mr. Renzi's Rebuttal Report, these same topics were explored, at length, in Mr. Renzi's deposition, dated November 6, 2013. As a result, the JSNs have suffered no prejudice, and their motion should be denied.

Argument

Under Rule 26(a)(2)(B), an expert report is not required to "replicate every word that the expert might say on the stand but to convey the substance of the expert's opinion." *Joseph S. v. Hogan*, No. 06 CIV. 1042 BMC SMG, 2011 U.S. Dist. LEXIS 76762, 2011 WL 2848330, at *4 (E.D.N.Y. July 15, 2011) (quoting *Walsh v. Chez*, 583 F.3d 990, 994 (7th Cir. 2009)). An expert's trial testimony complies with this rule, and may not be precluded for purported nondisclosure, unless it "expound[s] a wholly new and complex approach designed to fill a significant and logical gap in the first [expert] report." *Cedar Petrochems., Inc. v. Dongbu Hannong Chem. Co.*, 769 F. Supp. 2d 269, 279 (S.D.N.Y. 2011) (citation omitted). Even then, expert testimony, if not fully disclosed, should not be excluded unless the opposing party has been prejudiced. *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir.1997) (citing *Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988) (opposing party must show prejudice in order to have new expert opinions excluded); *Lore v. City of Syracuse*, No. 5:00-CV-1833, 2005 U.S. Dist. LEXIS 30328, 2005 WL 3095506, at *4 (N.D.N.Y. Nov. 17, 2005) ("[t]he touchstone for determining whether to exclude an untimely expert report is whether the party opposing [its] admission is prejudiced"); see also *ABB Air Preheater, Inc. v. Regenerative Envtl Equip. Co.*, 167 F.R.D. 668, 672 (D.N.J. 1996) ("the pivotal issue is whether admission of the evidence will result in incurable prejudice to the resisting party").

Here, the JSNs' attempt to preclude paragraphs 5, 6, and 28 through 32 of Mr. Renzi's testimony should be denied because: (1) Mr. Renzi's rebuttal report disclosed his opinions regarding reasonable waterfall assumptions and (2) in any event, the JSNs can show no

ny-1119388

MORRISON | FOERSTER

Honorable Martin Glenn
November 25, 2013
Page Three

prejudice because the substance of the paragraphs at issue were fully explored during Mr. Renzi's November 6, 2013 deposition.

I. **MR. RENZI'S REBUTTAL REPORT DISCLOSED HIS OPINIONS REGARDING REASONABLE WATERFALL ASSUMPTIONS**

Mr. Renzi concludes that Mr. Fazio used "flawed assumptions." (Renzi Direct ¶ 28.) For example, Mr. Renzi's direct testimony shows that Mr. Fazio's "scenarios" unreasonably assume the JSNs "would be entitled to obtain value" from the "reinstatement of forgiven" intercompany balances. (*Id.* ¶ 30.) This subject was properly covered in Mr. Renzi's Rebuttal Report. As that Report's introduction states: "In this Report, Mr. Renzi assumes in certain cases that the intercompany balances are either directly or indirectly part of the JSN collateral." (Rebuttal Report at 8.) Scenario 1 of Mr. Renzi's Rebuttal Report assumes the "[r]einstatement of balances on account of the avoidance of fraudulent conveyances related to the historical forgiveness of intercompany balances." (*Id.*)

Mr. Renzi also criticizes Mr. Fazio for assuming that AFI would make its $2.1 billion contribution "in circumstances where the Intercompany Balances are allowed in their full face amount . . . and no other assumptions change, including, for example, claim amounts and the allocation of expenses." (Renzi Direct ¶ 31.) Mr. Renzi notes that allowing the intercompany balances at face value "would likely negatively impact other creditors;" "therefore assuming that the amount of other claims that other creditors would assert would remain the same is not reasonable." (*Id.*) This topic, too, was addressed in Mr. Renzi's Rebuttal Report. In contrast to Mr. Fazio's proffered scenarios, Mr. Renzi's "Scenario 2" assumes that "intercompany balances on the Debtors' books and records as of the Petition Date are allowed at their face value" but without the AFI contribution. (Rebuttal Report at 14.) Mr. Renzi concludes this scenario "reflects various assumptions" "that would otherwise be unavailable absent the Global Settlement, for example, multiple settled claims levels." (*Id.*) Mr. Renzi concludes: "Therefore, Scenario 2 is purely for illustrative purposes and does not reflect a likely outcome." (*Id.*)

Mr. Renzi's Direct Testimony also criticizes Mr. Fazio's assumptions regarding subordination. Mr. Renzi notes that Mr. Fazio's "scenarios" assume that RMBS, monoline, and securities claims are subordinated and receive no recovery, but that AFI would still make its $2.1 billion contribution. (Renzi Direct ¶ 31.) Mr. Renzi points out that, if their claims were subordinated, RMBS, monoline, and securities claimants would likely not have consented to the global settlement, and "the holders of such claims would not agree to release their claims against AFI." (*Id.*) Because "AFI only agreed to contribute $2.1 billion . . . in order to obtain closure and broad releases . . . Mr. Fazio's assumptions underlying this scenario are unrealistic." (*Id.*) Mr. Renzi disclosed these opinions in his Rebuttal Report. His scenarios assume "no recovery on account of an AFI contribution" in the events that the JSNs' intercompany balance claims are allowed, and he concludes that "[a]ny scenario with

ny-1119388

MORRISON | FOERSTER

Honorable Martin Glenn
November 25, 2013
Page Four

an AFI contribution and intercompany balances allowed at face value would result in significant changes to other assumptions contained in the Plan's recovery analysis." (Rebuttal Report at 8.)

The JSNs were fairly put on notice, by Mr. Renzi's Rebuttal Report, of the opinions expressed in paragraphs 5, 6, and 28 through 32 of Mr. Renzi's direct testimony. Those paragraphs should not be excluded. *See Cedar Petrochems.*, 769 F. Supp. 2d at 279 (exclusion unwarranted where expert's testimony was "more explicit about the chemistry upon which he based his initial conclusions, but he 'did not alter this position' and 'did not include a new opinion which had not been previously disclosed'") (quoting *Lore*, 2005 WL 3095506, at *4).

## II.    MR. RENZI'S DEPOSITION EXPLORED HIS OPINIONS REGARDING REASONABLE WATERFALL ASSUMPTIONS

The JSNs also fully explored these issues at Mr. Renzi's November 6, 2013 deposition.[3] In response to the JSNs' examination, Mr. Renzi explained that his rebuttal report presents the "analyses I thought were reasonable and got to the heart of the matter of intercompany balances." (Renzi Dep. 24:23-25:2.)[4] "We just tried to replicate Mr. Fazio's analysis in his scenarios and then ran some additional scenarios that I thought were reasonable." (*Id.* 26:2-14.)

Thus, the JSNs asked Mr. Renzi about whether AFI would contribute $2.1 billion in the absence of a global settlement affording "broad third party releases," and Mr. Renzi testified that "if it happens to be not a global settlement," it would not be reasonable to assume a $2.1 billion AFI contribution. (Renzi Dep. 60:9-61:6, 64:14-66:25.)

Similarly, the JSNs asked Mr. Renzi "if you had subordinated the Monoline claims or the RMBS claims, that would have resulted in higher recovery to the JSNs under the liquidation analysis, right?" (Renzi Dep. 173:4-7.) And Mr. Renzi again opined that it would be unreasonable to make that assumption without making changes to other assumptions used in the model:

---

[3] *See Lore,* 2005 WL 3095506, at *4 ("[t]he touchstone for determining whether to exclude an untimely expert report is whether the party opposing [its] admission is prejudiced"); *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94Civ.5587, 2002 U.S. Dist. LEXIS 23829, 2002 WL 31780188, at *4 (S.D.N.Y. Dec. 11, 2002) ("any prejudice is easily cured by allowing plaintiff to depose [expert] if [it] so desire[s]"); *Virgin Enters. Ltd. v. Am. Longevity*, No. 99 Civ. 9854, 2001 U.S. Dist. LEXIS 2048, 2001 WL 34314729, at *2 (S.D.N.Y. Mar. 1, 2001) ("any prejudice will be remedied by the deposition of [the expert]").

[4] A copy of the relevant portions of Mr. Renzi's Deposition Transcript, dated November 6, 2013, are attached hereto as Exhibit 2.

ny-1119388

**MORRISON | FOERSTER**

Honorable Martin Glenn
November 25, 2013
Page Five

> It depends. . . . if you move one lever such as if there is an AFI contribution in a liquidation analysis, there would be many other things that will change. . . . I mean, there have been assertions from the RMBS trustees of up to $44 billion in claims. I am sure under certain scenarios, they would argue and fight to get as big a claim as they possibly could under a liquidation analysis. But what is presented in the liquidation analysis, in my opinion, is reasonable.

(Renzi Dep. 173:4-174:3.)

As another example, the JSNs asked Mr. Renzi if "the inclusion of an AFI contribution [would] increase the recovery on intercompany balances." (Renzi Dep. 110:24-111:2.) Mr. Renzi responded "[i]t depends on which intercompanies are valid," and noted that Mr. Fazio's analysis "assume[d] that all intercompanies are valid at face value, if you added in the AFI – an AFI contribution value," "the JSNs would likely be oversecured." (*Id*. 111:13-14, 112:5-14.) But then Mr. Renzi went on to explain why Mr. Fazio's assumptions were not reasonable. (*Id*. 118:17-19.)

> We are in this hypothetical world where we assume . . . where nothing else changes. Meaning claims don't change, that from other constituents, and that there is a settlement, and the JSN intercompany balances are – the JSNs have a lien on the intercompany balances, and the intercompany balances are valid. So all of those things, I want to make sure that I caveat it, because . . . I think other things will change.

(Renzi Dep. 119:16-120:9.)

The JSNs thus fully explored, at Mr. Renzi's deposition, the topics that are the subjects of paragraphs 5, 6, and 28 through 32. They will not be prejudiced by the admission of those paragraphs into evidence and are not the victims of any unfair surprise.

ny-1119388

**MORRISON | FOERSTER**

Honorable Martin Glenn
November 25, 2013
Page Six

## CONCLUSION

For the reasons stated above, the Court should deny the JSNs' motion to exclude portions of Mr. Renzi's testimony.[5]

                                      Sincerely,

                                      /s/ Charles L. Kerr

                                      Charles L. Kerr

cc:    J. Christopher Shore, Esq. (by electronic delivery)
        Gerard Uzzi, Esq. (by electronic delivery)
        Daniel M. Perry (by electronic delivery)
        David S. Cohen (by electronic delivery)
        Kenneth H. Eckstein (by electronic delivery)
        Phillip S. Kaufman (by electronic delivery)
        Gregory Horowitz (by electronic delivery)
        Bradley P. O'Neill (by electronic delivery)
        David M. Schlecker (by electronic delivery)
        Gary S. Lee (by electronic delivery)

---

[5] The JSNs did not assert, or attempt to cure, any purported prejudice at or after Mr. Renzi's deposition, so they should not be heard to complain of any prejudice now. *See Berroyer v. Hertz,* 672 F.2d 334, 338-39 (3d Cir. 1982) (request to exclude denied where moving party "made no attempt to cure the alleged surprise or prejudice.").

ny-1119388