**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 12-12020 (MG)<br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors,<br><br>Plaintiff,<br><br>v.<br><br>UMB Bank, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01277(MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>UMB BANK, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01343 (MG) |

1

## ORDER OVERRULING OBJECTIONS TO PORTION OF MARK RENZI DIRECT TESTIMONY

On November 21, 2013, UMB Bank, N.A. and the Ad Hoc Group of Junior Secured Noteholders (the "Defendants") objected at trial to the admission in evidence of portions of the Direct Testimony of Mark Renzi (ECF Doc. # 5702)—specifically paragraphs 5, 6 and 28–32, arguing those opinions fall outside the subject matter of Renzi's rebuttal expert report.  The Court directed the parties' counsel to submit letter briefs on or before November 25, 2013, addressing the objection, and counsel did so.  (*See* ECF Doc. # 5940 (Plaintiffs' Letter Brief); ECF Doc. # 5943 (Defendants' Letter Brief).)  Defendants' counsel argue those paragraphs of Renzi's testimony should be excluded under FED. R. BANK. P. 7026(a)(2)(B).  The Motion is **DENIED.**

Renzi's rebuttal expert report and his direct testimony which the JSNs seek to exclude relate to the same issues.  Renzi's direct testimony fairly addresses facts and opinions identified or discussed in the rebuttal report.  Renzi was also deposed after his report was prepared and the subject matter and opinions he testified about at trial were all covered in the deposition.  Therefore, the JSNs have not suffered any prejudice or surprise as a result of Renzi's written direct trial testimony.

The major thrust of both Renzi's rebuttal report and trial testimony was a critique of the expert testimony and report of the JSNs' expert, Michael Fazio.  These two experts provide critiques of each other's work and disagree with each other about what assumptions can and should be made, and the conclusions that flow therefrom.  These are all appropriate subjects for the expert testimony; neither side can be surprised or disadvantaged.  The Court may need to resolve these disagreements in reaching a decision.

Therefore, the Motion to exclude Renzi's testimony in paragraphs 5, 6 and 28–32 is

**DENIED.**

**IT IS SO ORDERED.**

Dated: November 25, 2013
       New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge