**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**SO ORDERED STIPULATION BETWEEN DEBTOR, ON THE ONE HAND, AND CHARITY ANYANWU, NOBLE DEBAMAKA AND BENJAMIN D. ANYANWU, ON THE OTHER HAND, MODIFYING AUTOMATIC STAY AND RESOLVING FILED CLAIMS**

Residential Capital, LLC and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the **"Debtors"**) respectfully represent:

**Background and Jurisdiction**

1. On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Claimants' Claims**

3.       Charity Anyanwu, Noble Debamaka and Benjamin D. Anyanwu (collectively, the "Claimants") occupied a residential property owned by Debtor GMAC Mortgage, LLC located at 212 West 107th Street, Los Angeles, California 90003.

4.       Each of the Claimants filed a proof of claim against GMACM. Specifically, on November 8, 2012, (i) Charity Anyanwu filed a general unsecured claim in the amount of $2,500,000 ("Claim No. 3794"); (ii) Noble Debamaka filed a general unsecured claim in the amount of $1,500,000 ("Claim No. 3799"); and (iii) Benjamin D. Anyanwu filed a general unsecured claim in the amount of $700,000 ("Claim No. 3793," together with Claim No. 3794 and Claim No. 3799, the "Claims").

5.       Both prior to the Petition Date and during these Chapter 11 proceedings, GMACM maintained an insurance policy covering its interests in "Real Estate Owned" properties. The policy was issued by Balboa Insurance Company, Policy No. 6043-0002, and GMACM is the named insured (the "Insurance Policy").

6.       Before the Petition Date, the Claimants filed a civil suit in the Los Angeles Superior Court under Case No. BC 483320, which was styled *Charity Anyanwu v. GMAC Mortgage, LLC et al.* The Claimant-Plaintiffs alleged (i) negligence per se, (ii) breach of covenant of quiet enjoyment, (iii) breach of implied warranty, (iv) negligence (personal injury), (v) constructive eviction, (vi) intentional infliction of emotional distress, (vii) negligent infliction of emotional distress, (viii) alleged violation of Health & Safety code section 17926, (ix) breach of contract and (x) nuisance due to improper maintenance of the property, wrongful detainer, etc. (the "Litigation").

7. GMACM reported the Litigation to its insurance carrier on or before March 21, 2011.

8. On the Petition Date, the Claimants were automatically stayed under 11 U.S.C. § 362(a) (the "Automatic Stay") from commencing or continuing the Litigation to seek recovery for alleged property damage or injury to the Claimant.

9. On September 24, 2013, Claimants filed a *Motion for Relief From The Automatic Stay* [D.E. 5185] (the "Motion") seeking permission from the Court to "allow Movants to pursue their rights and remedies in the Breach of Rental/Lease Contract case, under the condition that no judgment obtained by Movants will be enforced against Debtor except for and to the extent of Debtor's liability under any insurance policy applicable to Movants' claim."

10. Pursuant to this stipulation (the "Stipulation"), the Claimants agree to waive each of the Claims against GMACM and further agree to seek recovery solely from the insurance coverage, if any, available under the Insurance Policy in full and final satisfaction of the Claims (the "Available Coverage").

11. The parties to the Stipulation have agreed to modify the Automatic Stay solely on the terms and conditions set forth herein.

**It is hereby STIPULATED, AGREED AND ORDERED by and among the parties to this Stipulation, as follows**:

1. The Motion is hereby withdrawn, and the Automatic Stay is hereby modified solely to the limited extent necessary to enable the Claimants to proceed with the Litigation to a final judgment.

3

2.     It is expressly understood by the Claimant that (i) the automatic stay is hereby modified solely with respect to the specific Claims of the Claimants identified herein and (ii) the Claimants may seek satisfaction of the Claims only as set forth herein, and that in no event will the Debtors, their estates or any other Debtor be liable to the Claimant in any other way whatsoever with respect to the Claims.

3.     In connection with this modification of the Automatic Stay, each of the Claimants on behalf of themselves, their heirs, representatives and assigns, does hereby fully, finally and forever waive, release and/or discharge the Debtors, their estates and their respective heirs, successors, assigns, affiliates, officers, directors, shareholders, associates, parents, subsidiaries, predecessors, successors, employees, attorneys and agents from the Claims (whether prepetition unsecured, priority or administrative) and from all related actions, causes of action, suits, debts, obligations, liabilities, accounts, damages, defenses, or demands whatsoever, known or unknown, that arise from the Claims, except to the extent of the Available Coverage.

4.     Each of the Claims is hereby deemed to be disallowed with prejudice without further order of Court, and the Debtors' claims and noticing agent is authorized and directed to remove each of the Claims and any and all other claims arising from the Claims filed by or on behalf of the Claimants from the Debtors' claims register; *provided, however*, that the withdrawal of any proof of claim shall not prejudice Claimant's ability to collect on the claim from any Available Coverage.

5.     The agreement by the Debtors to modify the Automatic Stay on the terms and conditions set forth herein shall not be deemed an agreement by the Debtors to provide assistance to or to cooperate with the Claimant in any way in the efforts of the

4

Claimant to prosecute the Litigation or secure payment on the Claims under the Available Coverage.

6. Nothing contained herein shall be deemed an admission of liability or otherwise on the part of the Debtors or their insurance carriers with respect to the Claim.

7. Nothing in this Stipulation shall be deemed or construed to impact, impair, affect, determine, release, waive, modify, limit or expand: (i) the terms and conditions of the Insurance Policy; (ii) any of the rights, remedies, defenses to coverage and other defenses of any insurer under or in respect of any insurance policy (including the right of any insurer to disclaim coverage); or (iii) any claim or payment right of any insurer against any of the Debtors including, but not limited to, any claim or payment right for, on account of, arising from or related to any premium, deductible, reimbursement, self-insured retention or otherwise. All such rights, remedies, defenses, defenses to coverage, claims and payment rights are expressly reserved and preserved. All rights of subrogation and contribution also are expressly reserved and preserved. Furthermore, nothing in this Stipulation shall affect the existing obligations of any insurer to pay defense fees or expenses or the existing arrangements for the payment thereof.

8. The modification of the Automatic Stay as set forth herein shall have no effect as to parties that are not a party to this Stipulation, and the Automatic Stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors and their estates.

9. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to

5

obtain approval of and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Automatic Stay has been modified to allow prosecution of the Claim in accordance with the terms hereof.

10. This Stipulation may be signed in counterpart originals and delivered by facsimile, which, when fully executed, shall constitute a single original.

11. This Stipulation constitutes the entire agreement and understanding of the parties regarding the Stipulation and the subject matter thereof. The terms set forth in this Stipulation are part of a comprehensive compromise and each element is an integral aspect of the agreed settlement and is non-severable.

12. The Court shall retain jurisdiction (and the Claimants consent to such retention of jurisdiction) with respect to any disputes arising from or other actions to interpret, administer or enforce the terms and provisions of this Stipulation.

13. Each of the undersigned counsel represents that he/she is authorized to execute this Stipulation on behalf of his/her respective client.

14. This Stipulation shall not become effective unless and until it is approved and entered by the Bankruptcy Court and shall not be modified, altered, amended or vacated without written consent of all parties hereto, subject to Court approval.

Dated: November 12, 2013
Long Beach, California

Law Office of Alaba Ajetunmobi

/s/ Alaba S. Ajetunmobi
By: Alaba S. Ajetunmobi

100 Oceangate, 12th Floor
Long Beach, CA 90802
Tel: (562) 628-5578

*Counsel for Charity Anyanwu, Noble Debamaka, Benjamin D. Anyanwu*

Dated: November 18, 2013
New York, New York

Morrison & Foerster LLP

/s/  Jordan A. Wishnew
By:   Jordan A. Wishnew

1290 Avenue of Americas
New York, NY 10104-0050
Tel: (212) 468-8000

*Counsel for the Debtors and Debtors in Possession*

**SO ORDERED.**

**Dated:**  November 26, 2013
New York, New York

　　　　　　　　　　　　　　　　　　　　　**/s/Martin Glenn**
　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge