**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**                    NOT FOR PUBLICATION

In re:

          Residential Capital, LLC, *et. al.*

                            Debtors.

**Case No. 12-12020 (MG)**
**Chapter 11**
**Jointly Administered**

## MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTION TO PROOF OF CLAIM NO. 242 AND AMENDED CLAIM NO. 17 FILED BY PAUL N. PAPAS II

*A P P E A R A N C E S:*

MORRISON & FOERSTER
*Counsel for Residential Capital, LLC, et al.*
1290 Avenue of the Americas
New York, NY 10104
By:    Norman S. Rosenbaum, Esq.
        Jordan A. Wishnew, Esq.
        Samantha Martin, Esq.

WOLFE & WYMAN LLP
*Litigation Counsel to the Debtors and Debtors in Possession*
11811 N. Tatum, Suite 3031
Phoenix, AZ 85028
By:    Colt B. Dodrill, Esq.

ACCESS LEGAL SERVICES
*Counsel to Paul N. Papas II*
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
By:    Wendy Alison Nora, Esq.

**MARTIN GLENN**
**UNITED STATED BANKRUPTCY JUDGE**

       Pending before the Court is the *Debtors' Objection to Proof of Claim No. 242 Filed by*

*Paul N. Papas II* (the "Objection").  (ECF Doc. # 4947.)  Residential Capital, LLC ("ResCap")

and its affiliated debtors in the above captioned chapter 11 cases (the "Chapter 11 Cases"), as

debtors and debtors in possession (collectively, the "Debtors"), seek an order disallowing and

expunging Proof of Claim No. 242 and (incorrectly numbered) Amended Claim No. 17 filed by

Paul N. Papas II (the "Claimant").  In support of their Motion, the Debtors filed the Declaration

of Lauren Graham Delehey (the "Delehey Decl.").  (ECF Doc. # 4947-2.)  The Claimant filed a

response (the "Claimant's Response," ECF Doc. # 5204) and the Debtors filed a reply (the

"Debtors' Reply," ECF Doc. # 5293).

For the reasons explained below, the Court **SUSTAINS** the Debtors' Objection and

**EXPUNGES** both Papas's Proof of Claim No. 242 and Amended Claim No. 17.

## I.    BACKGROUND

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  On August 29, 2012, the Court entered an order

setting the bar date of November 9, 2012 for filing non-governmental proofs of claim in the

Chapter 11 Cases.  (ECF Doc. # 1309.)  The Court thereafter entered an Order Extending the Bar

Date for Filing Proofs of Claim to November 16, 2012.  (ECF Doc. # 2093.)  On March 21,

2013, the Court entered an order approving the procedures for the filing of objections to proofs

of claim in these Chapter 11 Cases (the "Procedures Order," ECF Doc. # 3294).  The Court

appointed Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these

Chapter 11 cases (ECF Doc. # 798).

## A.    The Claim[1]

Papas's original claim (the "Claim") is based on the alleged fraudulent transfer by the Debtors regarding *one* property in Arizona.  The only documentation filed with the Claim was a Notice of Lis Pendens regarding an Arizona state court action.  Over a year after the Claim was submitted and the Objection was filed, the Claimant filed an amended claim purporting to add 114 additional properties around the country to his Claim.  While the Claimant's Response to the Objection makes numerous arguments, it does not address the issues raised in the Objection.

## B.    Arizona Litigation

Before the Petition Date, the Claimant sued GMACM is state court in Arizona.  As explained below, the state court dismissed Claimant's lawsuit; he nevertheless asserts the same claims here.  The Claimant alleges that he holds a recorded option to purchase real property (the "Property") owned by Kathrina H. Tobias and Derek D. Moss ("Moss").  (*See* Delehey Decl., Ex. 1; Delehey Decl. ¶ 4.)  Moss had executed a Deed of Trust in favor of non-debtor Peoples Mortgage Company ("Peoples").  On May 25, 2010, Mortgage Electronic Registration Systems ("MERS") as nominee for Peoples assigned the Deed of Trust to GMAC Mortgage ("GMACM").  (*See* Delehey Decl. ¶ 5.)  On November 18, 2011, GMACM filed a Notice of Trustee's Sale of the Property, scheduling a sale for February 23, 2012.  (*Id.*)  Arizona is a non-

---

[1]       Papas is no stranger to these chapter 11 cases.  On September 14, 2012, he filed a *Renewed Motion to Convert Debtor to Chapter 7 Bankruptcy,* supported by a *Memorandum in Support of Motion to Convert Debtor ResCap to Chapter 7* (together, the "Motions to Convert Cases," ECF Doc. ## 1472, 1547).  The Debtors and the Creditors' Committee objected to the Motions to Convert Cases.  (ECF Doc. ## 1687, 1708.)  On October 19, 2012, the Court denied the motion, warning Papas that the motion was frivolous and that any future filings by Papas may be subject to sanctions.  (ECF Doc. # 1873.)

Papas appealed the order denying his motion to the district court.  On April 12, 2013, the district court in a written decision denied the appeal.  (Case No. 12-08606-NRB, ECF Doc. # 14, at 2) ("For the reasons set forth below, appellant's motion to seize all property belonging to ResCap and to reverse any transfers of ResCap's assets since the bankruptcy filing date is dismissed for lack of jurisdiction.  The appeal from the Bankruptcy Court's Order denying appellant's motion to convert ResCap to Chapter 7 is denied.").  Papas appealed the district court decision; the appeal is pending in the Second Circuit.

judicial foreclosure state, so no court proceeding was required for GMACM to foreclose on the Property.

On March 2, 2012, the Claimant filed a Notice of Option Contract for sale and purchase of the Property.  On March 8, 2012, the Claimant filed a complaint (the "Complaint," Case No. 2012-051622, Superior Court of Arizona, Maricopa County) against Peoples and GMACM (the "Defendants"), as well as a Notice of Lis Pendens.  (*Id*. ¶¶ 7–8.)  The Complaint alleged various causes of action against the Defendants based on wrongful foreclosure.  (*Id*. ¶ 7.)  GMACM moved to dismiss the Complaint.  On May 11, 2012, the Arizona Court entered a Minute Entry dismissing the Complaint.  (*Id*. ¶ 11.  On January 13, 2013, the Arizona Court ordered that the dismissal was "with prejudice."

On July 23, 2012, the Claimant filed an emergency request to enjoin the Defendants and the purchaser of the property from evicting him from the Property.  (*Id.* ¶ 12.)  The Arizona Court denied that request.  (*Id*.)  On July 26, 2012, the Claimant filed a motion for reconsideration; on August 1, 2012, the Arizona Court denied the motion.  (*Id*. ¶ 13.)  On December 12, 2012, the Arizona Court granted GMACM's motion to quash the Notice of Lis Pendens.  The Arizona Court also entered a Judgment of Dismissal.  (*Id*. ¶ 14.)  The Claimant appealed and the case is currently pending in the Arizona Court of Appeals Division One.  (*Id.* ¶ 15.)

### C.    The Debtors' Objection and the Claimant's Response

The Debtors assert that Papas's Claim should be expunged for the following reasons:  (1) the Claim is asserted against the wrong Debtor since it was asserted against ResCap and not GMACM, (2) even if it was asserted against the correct Debtor, the Claim lacks sufficient documentation, (3) the Claim fails to assert a cognizable claim for any liability of the Debtors,

and (4) the Claim is barred by *res judicata,* collateral estoppel and the *Rooker-Feldman* doctrine

because the Arizona litigation was dismissed with prejudice and the Notice of Lis Pendens was

quashed.  The Debtors also assert that the "Claimant is a vexatious litigant who is misusing the

judicial process in an effort to recover enormous sums from the Debtors to which he is not

entitled."  (Objection ¶ 59.)

On September 10, 2013, long after the November 16, 2012 bar date in these cases, Papas

filed Amended Proof of Claim #17 (the "Amended Claim").  (Debtors' Reply ¶ 11.)  The

Amended Claim seeks $646,875,000.00 in damages based on "conversion of collateral, RICO,

fraud, interference [with] contract."  (*Id*.)  The Amended Claim adds 114 additional properties

located throughout the country that Claimant alleges he has an interest in as the contractual

purchaser of the properties.  (*Id*. ¶ 14.)  Not surprisingly, the Amended Claim contains no

specific allegations describing any conduct by the Debtors that would give rise to these claims.

(*Id* ¶ 11.)

The Claimant's Response fails to address the arguments raised in the Debtors' Objection.

Instead, the Response argues that the Debtors' Objection is moot because the Claimant filed the

Amended Claim on September 10, 2013, and so Claim # 242 was no longer before this Court.

(*See* Claimant's Response ¶¶ 5–6.)  The Claimant further argues that the Debtors have not filed

an objection to the Amended Claim that was filed six days after the Debtors filed their Objection

to Papas's original Claim.  (*Id*.)  The Claimant also argues that the Claim was filed against

ResCap and not GMACM because the Chapter 11 Cases were consolidated by the Debtors in an

attempt to "conceal their various entities."  (*Id*. ¶ 23.)  Almost everything asserted in the

Claimant's Response is frivolous—most of the Response contains unsupported allegations of

fraud and various constitutional violations against numerous non-debtors—and irrelevant to the

Debtor's Objection.  The Court's opinion deals only with those issues necessary to resolve the Objection to Papas's claims (both the original Claim and the Amended Claim).

### D.    The Debtors' Reply

The Debtors' Reply argues that Papas's Amended Claim, filed after the bar date, should be disallowed because it does not relate back to the original claim.  (*See* Debtor's Reply ¶ 24.) The Debtors also argue that allowing the Amended Claim would be inequitable because the Debtors would "fac[e] claims of a far greater scope than before, with the potential to entail costly litigation and delay" after the Plan has already been formulated, their Disclosure Statement has been approved, and a confirmation hearing is complete.  (*Id*. ¶ 25.)  Moreover, the Debtors claim that even if the Amended Claim is linked to the underlying facts, it is barred by *res judicata*, collateral estoppel and the *Rooker-Feldman* doctrine.  (*Id*. ¶¶ 28–30.)  Finally, the Debtors argue that the Amended Claim is deficiently plead.  (*Id*. ¶ 31.)

### E.    The October 9, 2013 Hearing

On October 9, 2013, the Court held a hearing regarding the Debtors' Objection.  At the hearing, the Claimant argued that since ResCap was the parent of all fifty subsidiaries, the Claim was properly asserted against ResCap rather than against GMACM.  The Claimant offered no case law to support that argument.  The Claimant also argued that *res judicata* did not apply in this case, but again provided no authority to support the argument.  In response to the Debtors' argument that the Amended Claim did not relate back to the original Claim, the Claimant asserted that all of the properties were part of the same factual nexus because MERS was either the beneficiary on deeds of trust or the nominee for all the mortgages.

## II.    DISCUSSION

### A.    The Claim is Not Properly Asserted Against ResCap.

The Debtors argue that the Claim is improperly asserted against ResCap, but all prior litigation involved GMACM.  The Claimant's counsel argued that since this is a consolidated case, a claim asserted against ResCap was sufficient to assert a claim against its subsidiary GMACM.  But these cases are not substantively consolidated; they are being jointly administered for administrative purposes only.  Each Debtor has its own creditors, assets and liabilities.  Papas offered no case law to support his argument to the contrary.

### B.    The Amended Claim

Rule 3003(c)(3) states that the Court must fix a period of time in which a proof of claim can be filed.  FED. R. BANKR. P. 3003(c)(3).  A bar date provides finality for a debtor and its creditors, and is an integral part of the reorganization process.  *See In re Enron*, 298 B.R. 513, 520 (Bankr. S.D.N.Y. 2003) (debtor's co-defendant in asbestos litigation was not permitted to file a claim after the bar date because of failure to show excusable neglect); *see also In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  "Bar-dates are likened to statutes of limitations which must be 'strictly observed.'"  *Gulf States Exploration Co. v. Manville Forest Products Corp.* (*In re Manville Forest Products Corp.*), 89 B.R. 358, 374 (Bankr. S.D.N.Y. 1988) (quoting *In re Kay Homes, Inc.*, 57 B.R. 967, 971 (Bankr. S.D. Tex. 1986)).

Bankruptcy judges have discretion whether to allow an amendment to a proof of claim.  *See Praedium II Broadstone, LLC v. Wall Street Strategies, Inc.*, No. 04-3880, 2004 WL 2624678, at *5 (S.D.N.Y. Nov. 18, 2004).  Amendments must be scrutinized to ensure that there is no "attempt to file a new claim under the guise of amendment."  *In re Uvino*, No. 09-15225, 2012 WL 892501, at *2 (Bankr. S.D.N.Y. March 14, 2012) (citing *Midland Cogeneration*

*Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 134 (2d Cir. 2005)).  In

the Second Circuit, courts engage in a two-step inquiry when considering late-filed amendments

to claims.  *In re Enron*, 419 F.3d at 133.  First, the proposed amendment must "1) correct[] a

defect or form in the original claim; 2) describe[] the original claim with greater particularity; or

3) plead[] a new theory of recovery on the facts set forth in the original claim."  *Id.* (internal

quotation marks omitted).  Second, if the amendment "relates back" to the original claim, the

court must determine if it would be equitable to allow the amendment.  *Id.*  To determine

whether an amendment is equitable, courts look to factors such as:

> (1) undue prejudice to the opposing party;
>
> (2) bad faith or dilatory behavior on the part of the claimant;
>
> (3) whether other creditors would receive a windfall were the amendment not allowed;
>
> (4) whether other claimants might be harmed or prejudiced; and
>
> (5) the justification for the inability to file the amended claim at the time the original claim was filed.

*Maxwell MacMillan Realization Liquidating Trust v. Aboff (In re Macmillan)*, 186 B.R. 35, 49

(Bankr. S.D.N.Y. 1995).  Of these factors, the most important is whether the opposing party will

be prejudiced.  *Enron*, 419 F.3d at 133.

The Claimant argued at the hearing that the Amended Claim was part of the same factual

nexus as the original Claim.  This factual nexus, according to the Claimant, is that MERS was

the purported beneficiary on deeds of trust, or the nominee of the mortgages of all the properties

to which the Claimant asserts an interest.  But there is nothing in the original Claim suggesting

that the  Claim involved any properties other than the single property identified.  The Claimant

also filed only one document in support of his claim—the Notice of Lis Pendens relating to the

Arizona property.  The Claimant's Response does not put forth any legal arguments why an amendment should be allowed over a year after the Claim was filed and almost a year after the bar date.  The Amended Claim does not satisfy the first prong of the *Enron* test—it does not "relate back" to the original Claim, but tries to add 114 new claims instead.  Further, even if the Amended Claim did relate back to the Claim, allowing the amendment at this time would prejudice the Debtors.  The Debtors' Disclosure statement has already been approved and the contested confirmation hearing is nearly complete.

###        C.        The Timely Filed Claim

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim."  11 U.S.C. § 501(a).  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).   If the claim is properly filed, it is *prima facie* evidence that the claim is valid.  *See* FED. R. BANKR. P. 3001(f).  A party in interest may object to a proof of claim, and once an objection is made, the court must determine whether the objection is well founded.  *See* 4 COLLIER ON BANKRUPTCY ¶ 502.02[2] (16th ed. 2013).

"Although Rule 3001(f) establishes the initial evidentiary effect of a filed claim, the burden of proof '[r]ests on different parties at different times.'"  *In re Smith*, No.12-10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)) (modification in original).  The party objecting to the proof of claim bears the burden of "providing evidence to show that the proof of claim should not be allowed."  *In re MF Global Holdings Ltd.*, Nos. 11-15059, 11-02790, 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012).  If the objecting party satisfies its initial burden and "the presumption of *prima facie* validity is overcome—e.g., the objecting party establishes that the proof of claim lacks a sounds legal basis—the burden shifts to the claimant to support its proof of claim unless

the claimant would not bear that burden outside of bankruptcy." *Id.* (citing *In re Oneida Ltd.*,

500 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is *prima facie* evidence of the

validity and amount of a claim, and the objector bears the initial burden of persuasion. The

burden then shifts to the claimant if the objector produces evidence equal in force to the prima

facie case . . . which, if believed, would refute at least one of the allegations that is essential to

the claim's legal sufficiency.")).

### 1. The Claim is Not Supported by Sufficient Evidence

The Debtors argue that the Claim should be disallowed because it lacks sufficient

documentation.  When a claimant fails to comply with the Rule 3001 documentation

requirements, the claimant is not entitled to *prima facie* validity of the claim.  *See In re*

*Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).  "However, failure to attach the

required documentation does not automatically render the claim invalid." *Id.*  "[I]n certain

circumstances, claims can be disallowed for failure to support the claim with sufficient evidence

. . . because absent documentation, the proof of claim is not sufficient for the objector to concede

the validity of a claim." *Id.* at 119.

The only supporting documentation provided by the Claimant is a Notice of Lis Pendens.

This documentation does not provide any evidence why the Claimant should be entitled to

recover in the Arizona Litigation or in these chapter 11 cases.  In Arizona, "[a] Lis Pendens

provides constructive notice to prospective purchasers and lenders of a pending lawsuit that may

affect title to real property." *Santa Fe Ridge Homeowners' Ass'n v. Bartschi*, 199 P.3d 646, 650

(Ariz. Ct. App. 2008).   Filing a Notice of Lis Pendens does not create an interest in property.

*See Stauffer v. U.S. Bank Nat. Ass'n*, 308 P.3d 1173, 1177 (Ariz. 2013).  The document filed

with the Claim provides no evidence that the Claimant has any interest in the property.  It is also

10

unclear how the exhibit filed in Claimant's Response relates to the Claim, and there is no

reference to the exhibit in the Claimant's Response.

### 2.  *The Claim is Barred by Res Judicata*

The Debtors argue that the Claim is an attempt to relitigate claims that have already been

judicially determined by the Arizona Court and should be disallowed and expunged under the

doctrine of *res judicata*.

The doctrine of *res judicata*, or claim preclusion, provides that "a final judgment on the merits of

an action precludes the parties or their privies from relitigating issues that were or could have been

raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*,

449 U.S. 90, 94 (1980)).  "[T]he preclusive effect of a state court determination in a subsequent federal

action is determined by the rules of the state where the prior action occurred . . . ."  *New York v. Sokol*

*(In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738).  "In applying the doctrine of

*res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in

federal court as the judgment would have had in state court."  *Burka v. New York City Transit Auth.*, 32

F.3d 654, 657 (2d Cir. 1994) (citation omitted).  Federal courts look to the relevant state preclusion law.

*Conopco, Inc. v. Roll Intern.*, 231 F.3d 82, 87 (2d Cir. 2000).

When the elements for *res judicata* are satisfied, bankruptcy courts may look behind a state court

decision only where that judgment was obtained by fraud or collusion, or where the state court lacked

jurisdiction.  *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir. 1987) (citations omitted).  "'[F]raud in

the procurement of a judgment' sufficient to warrant relief therefrom is properly identified with 'fraud

on the court,' *i.e.* 'fraud which is directed to the judicial machinery itself and is not fraud between the

parties . . . .'"  *In re Laing*, 945 F.2d 354, 358 (10th Cir. 1991) (quoting *Bulloch v. United States*, 763

F.2d 1115, 1121 (10th Cir. 1985) (en banc)) (denying reconsideration of state court judgment where

alleged fraud "was not . . . *directed at* the *state court* that rendered the judgment" but instead "related to the events that made up the *subject matter* of the state court action").

Arizona courts regularly apply the doctrine of *res judicata* to bar relitigation of claims already resolved in a prior suit.

> Under the doctrine of *res judicata*, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. This doctrine binds the same party standing in the same capacity in subsequent litigation on the same cause of action, not only upon facts actually litigated but also upon those points which might have been litigated.

*Hawkins v. State Dept. of Economic Sec.*, 900 P.2d 1236, 1239 (1995) (quoting *Gilbert v. Board of Medical Examiners*, 745 P.2d 617, 622 (Ariz. Ct. App. 1987)).

The elements of *res judicata* under Arizona law are (1) a final judgment on the merits, (2) the same parties, (3) the same subject matter, and (4) common identity of the cause of action. *See Beseder, Inc v. Osten Art, Inc.*, No. 05-00031, 2006 WL 2730769, at *5 (D. Ariz. Sept. 26, 2006). In Arizona, a dismissal with prejudice is a judgment on the merits and "a judgment is final when entered, even if it may be appealed." *Murphy v. Board of Medical Examiners of State of Ariz.*, 949 P.2d 530, 538 (Ariz. Ct. App. 1997); *see also Arizona Downs v. Superior Ct.*, 623 P.2d 1229 (Ariz. 1981); *Buckeye Check Cashing of Ariz., Inc. v. Lang*, No. 06-cv-792, 2007 WL 641824, at *3 (S.D. Ohio Feb. 23, 2007) ("[U]nder Arizona law, a judgment is final for the purposes of applying *res judicata* even though it may be appealed.").

The Arizona Court first dismissed the case without prejudice; seven months later, the court dismissed the case with prejudice. (*See* Delehey Decl., Ex. 11.) The Claimant argues that an appealed judgment is not final, but he is wrong. Arizona courts hold that a judgment is final for purposes of *res judicata* even if an appeal is pending. *See, e.g., Murphy,* 949 P.2d at 538 ("Under the doctrine of res judicata, a judgment on the merits in a prior suit involving the same

parties or their privies bars a second suit based on the same cause of action.  Res judicata bars the

later suit even when the judgment is entered after the second action was filed. In Arizona, a

judgment is final when entered, even if it may be appealed.") (internal quotation marks and

citations omitted).  The original Claim incorporates claim-for-claim the allegations in the

Arizona litigation.  Although the Claimant names ResCap in the Claim,[2] every state court

document contains allegations against GMACM; therefore, the Court construes the parties to be

the same in the state court litigation and the Claim at issue here.  Accordingly, the Claim is

barred by *res judicata*.

### 3. The Claim is Barred by Collateral Estoppel

The Debtors also argue that the issues have already been litigated in state court and

should be barred by collateral estoppel.  Collateral estoppel, or issue preclusion, is distinct from

*res judciata*.  "[U]nder collateral estoppel, once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

different cause of action involving a party to the first case." *Burgos v. Hopkins*, 14 F.3d at 789

(quoting *Allen*, 449 U.S. at 94).  Arizona applies collateral estoppel to preclude relitigation of

issues that were previously decided.

Under Arizona law, a party is bound by collateral estoppel if an issue has been previously

litigated and meets the following factors:

(1) the issue was actually litigated in the previous proceeding,

(2) the parties had a full and fair opportunity and motive to litigate the issue,

(3) a valid and final decision on the merits was entered,

---

[2]    At the hearing the Claimant also noted that the only reason ResCap was named in the Claim instead of
GMACM was because the case was consolidated under the name "ResCap."  Again, counsel for the Claimant could
not provide any case law that supported the argument that a claim filed against a parent is sufficient to assert a claim
against all subsidiaries and affiliates.

(4) resolution of the issue was essential to the decision, and

(5) there is common identity to the parties.

*Campbell v. SZL Properties, Ltd.*, 62 P.3d 966, 968 (Ariz. Ct. App. 2003).  As stated above, the

sole attachment of the Notice of Lis Pendens to the Claim incorporated all of the issues from the

Arizona litigation into the Claim.  The parties and the issues are the same, and the parties had a

full and fair opportunity to litigate the issues in state court, resulting in a dismissal with prejudice

and the quashing of the Notice of Lis Pendens.  Therefore, the Claimant is barred from

relitigating the issues presented in the Claim.

### 4.  The Rooker-Feldman Doctrine Does Not Apply

The *Rooker-Feldman* doctrine bars a federal court from reviewing a state court judgment.

*In re GEL, LLC*, 495 B.R. 240, 246 (Bankr. E.D.N.Y. 2012).  The doctrine bars "state-court

losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 287 (2005).  For *Rooker-*

*Feldman* to apply, four requirements must be met:  (1) the case must be brought by a state court-

loser, (2) the plaintiff must be complaining of injuries caused by a state-court judgment, (3) the

plaintiff must be inviting review of the state court judgment, and (4) the judgment must have

been rendered before the federal proceedings commenced.  *See Hoblock v. Albany Cnty. Bd. of*

*Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

In the Second Circuit, attacks on state court foreclosure judgments are barred by *Rooker-*

*Feldman.  See Wilson v. Deutsche Bank Nat'l. Trust (In re Wilson)*, 410 Fed. App'x. 409, 410

(2d Cir. 2011) (wrongful foreclosure suit was properly dismissed by the bankruptcy court

pursuant to *Rooker-Feldman*); *Feinstein v. The Chase Manhattan Bank*, No. 06-1512, 2006 WL

8980786, at *2 (E.D.N.Y. April 5, 2006) (Federal action challenging a state-court foreclosure

judgment barred, regardless of fraud allegations); *In re Ward*, 423 B.R. 22, 28 (Bankr. E.D.N.Y.

2010).

      The first prong is met here because Claimant was a state court loser.  The third prong is

met because the Claimant is asking this Court to review the state-court judgment entered against

him.  The fourth prong is met because the dismissal without prejudice was entered on May 11,

2012, before the Petition Date, and later was entered as a dismissal with prejudice.  The second

prong, however, is not clearly satisfied because the foreclosure on the Arizona property was a

non-judicial foreclosure. Therefore, a legitimate question remains whether the Claimant is

complaining of injuries resulting from a state court judgment.  But even if *Rooker-Feldman* does

not apply, as explained above, *res judicata* and collateral estoppel do apply and bar the Claim.

### III.    CONCLUSION

      For the reasons stated above, the Debtor's objection is **SUSTAINED** and Claim No. 242

and Amended Claim No. 17 are **EXPUNGED**.

      **IT IS SO ORDERED.**

Dated: November 27, 2013
      New York, New York

                     *Martin Glenn*
                     MARTIN GLENN
            United States Bankruptcy Judge