UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>      Debtors, | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

------------------------------------------------------------

**FINAL ORDER PURSUANT TO FED. R. CIV. P. 23 AND FED. R. BANKR. P. 9019
APPROVING THE SETTLEMENT AGREEMENT BETWEEN THE KESSLER
SETTLEMENT CLASS MEMBERS AND THE SETTLING DEFENDANTS
<u>AND GRANTING RELATED RELIEF</u>**

The Court having carefully reviewed and considered the Amended Settlement and Release Agreement dated August 21, 2013 (the "**Agreement**"), attached as <u>Exhibit A</u> to the *Notice of Filing of Amended Exhibits in Connection With Joint Motion Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 7023 and 9019 For an Order (1) Granting Class Certification For Purposes of Settlement Only, (2) Appointing Class Representative and Class Counsel for Purposes of Settlement Only, (3) Preliminary Approving the Settlement Agreement Between Plaintiffs, on Their Own Behalf and on Behalf of the Class of Similarly Situated Persons, and the Debtors, (4) Approving the Form and Manner of Notice to the Class, (5) Scheduling a Fairness Hearing to Consider Approval of the Settlement Agreement on a Final Basis and Related Relief and (6) Approving the Settlement Agreement on a Final Basis and Granting Related Relief;* [Docket No. 4793] between Rowena Drennen, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard ("**Named Plaintiffs**"), individually and as the representatives of the Kessler Settlement Class (as defined herein) in the Bankruptcy Cases, and Debtor Defendants Residential Funding Company, LLC ("**RFC**"), Residential Capital, LLC, and GMAC Residential

Holding Company, LLC (the "**Settling Defendant**s"), the evidence and arguments of counsel as presented at the Fairness Hearing[1] as continued from November 19, 2013 to and held on November 26, 2013, the Joint Motion to Approve filed by the Parties seeking approval of the Agreement [Dkt. No. 4451], and other supporting memoranda and declarations in support filed with this Court, and the timely objections to the proposed Settlement, and all other filings in connection with the Parties' settlement as memorialized in the Agreement (the "**Settlement**"); and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents**. This Order incorporates and makes the Agreement, the original of which together with all exhibits and schedules attached thereto were filed with the Court on or about July 31, 2013 [Dkt. No. 4451] and as amended on or about August 21, 2013 [Dkt. No. 4793], a part hereof.

2. **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Kessler Settlement Class were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Kessler Settlement Class. The Court has subject matter jurisdiction over the Kessler Allowed Claim and the Motion to Certify, including, without limitation, jurisdiction to approve the proposed Settlement and to grant final certification of the Kessler Settlement Class pursuant to 28 USC §§ 157 and 1334 and venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409.

3. **Final Class Certification**. The Kessler Settlement Class, the Equitable Tolling Sub-Class and the Non-Equitable Tolling Sub-Class, each of which this Court previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to Rule 7023

---

[1] Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

2

of the Federal Rules of Bankruptcy Procedure (which incorporates Fed. R. Civ. P. 23), the Court finding that for purposes of settlement, the Kessler Settlement Class, the Equitable Tolling Sub-Class and the Non-Equitable Tolling Sub-Class fully satisfy all of the applicable requirements of Rule 23 and due process.

The Kessler Settlement Class, the Equitable Tolling Sub-Class and the Non-Equitable Tolling Sub-Class, are defined, respectively, as follows:

> Kessler Settlement Class is defined as: All persons who obtained a second or subordinate, residential, federally related, non-purchase money, HOEPA qualifying mortgage loan from Community Bank of Northern Virginia or Guaranty National Bank of Tallahassee, that was secured by residential real property used as their principal dwelling and that was assigned to GMAC-Residential Funding Corporation n/k/a Residential Funding Company, LLC who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168 in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

> Equitable Tolling Sub-Class is defined as: All persons who meet the above class-definition, whose loan closed prior to May 1, 2000.

> Non-Equitable Tolling Sub-Class is defined as: All persons who meet the above class-definition, whose loan closed after May 1, 2000.

A list of those persons who have timely excluded themselves from the Kessler Settlement Class, and who therefore are not bound by the Settlement and the Final Judgment, is attached hereto as **Exhibit 1** and incorporated herein and made a part hereof.

4.    **Adequacy of Representation**.  With the employment of Allocation Counsel and the certification of subclasses, there are no apparent conflicts of interest between: (1) the Named Plaintiffs and the Kessler Settlement Class, or among the members of the Kessler Settlement Class; or (2) Rowena Drennen and the Non-Equitable Tolling Sub-Class or among the members of the Non-Equitable Tolling Sub-Class; or (3) John Picard and Rebecca Picard and the Equitable Tolling Sub-Class or among the members of the Equitable Tolling Subclass. Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the Kessler

3

Settlement Class. Allocation Counsel will each fairly and adequately represent and protect the interests, respectively, of the Non-Equitable Tolling Sub-Class and the Equitable Tolling Sub-Class. Accordingly, (a) the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the firm Walters Bender Strohbehn & Vaughan, P.C., and Bruce Carlson and Gary Lynch of the law firm Carlson Lynch Ltd., PNC Park, 115 Federal Street, Pittsburgh, PA 15212 as Counsel for the Kessler Settlement Class ("Plaintiffs' Counsel" or "Class Counsel"), have satisfied the requirements of Rule 23 and are hereby appointed and approved as representatives of the Kessler Settlement Class and Counsel for the Kessler Settlement Class, respectively; (b) Rowena Drennen and Arthur H. Stroyd, Jr., Allocation Counsel for the Non-Equitable Tolling Sub-Class with respect to allocation, have satisfied the requirements of Rule 23 and are hereby appointed and approved as the representative of the Non-Equitable Tolling Sub-Class and Allocation Counsel for the Non-Equitable Tolling Sub-Class with respect to allocation, respectively; and (c) John and Rebecca Picard and Richard H. Ralston, Allocation Counsel for the Equitable Tolling Sub-Class with respect to allocation, have satisfied the requirements of Rule 23 and are hereby appointed and approved as the representatives of the Equitable Tolling Sub-Class and Allocation Counsel for the Equitable Tolling Sub-Class with respect to allocation, respectively.

5.   **Class Notice**. The Court finds that the Class Mail Notice and its distribution to the Kessler Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

    a.   Constituted the best practicable notice to the members of the Kessler Settlement Class under the circumstances of this Litigation;

  b. Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Kessler Settlement Class of (i) the pendency of the Bankruptcy Cases and the proposed Settlement, (ii) the nature of the action, (iii) the definition of the Kessler Settlement Class, (iv) the class claims, issues or defenses, (v) that a Kessler Class Member may enter an appearance through an attorney if the Kessler Class Member so desires, (vi) their right to opt out and exclude themselves from the proposed Settlement and the time and manner for doing so, (vii) their right to object to any aspect of the proposed Settlement and the time and manner for doing so (including, but not limited to, the following: final certification of the Kessler Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiffs and/or Class Counsels' representation of the Kessler Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive awards), (viii) their right to appear at the Fairness Hearing if they did not exclude themselves from the Kessler Settlement Class, and (ix) the binding effect of the Order in the Bankruptcy Cases on all members of the Kessler Settlement Class who did not request exclusion;

  c. Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

  d. Constituted notice that fully satisfied the requirements of Bankruptcy Rule 7023 and Rule 23, due process, and any other applicable law.

 6. **Final Settlement Approval**. The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith and as a result of serious, informed, arm's length and non-collusive negotiations. Based on the range of possible outcomes and the

5

cost, delay and uncertainty associated with further litigation, the Agreement is reasonable and cost-effective. Therefore, the terms of the Agreement and the Settlement as provided therein are fully and finally approved, subject to satisfaction of the conditions precedent set forth in Section 14 of the Agreement, pursuant to Bankruptcy Rule 7023 and Rule 23, as fair, reasonable and adequate as to, and in the best interests of, the Parties and the Kessler Settlement Class Members, and in full compliance with all applicable requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.  Likewise, the terms of the Agreement and the Settlement as provided therein, are fully and finally approved, subject to satisfaction of the conditions precedent set forth in Section 14 of the Agreement, under Fed. R. Bankr. P. 9019 as fair and equitable to the Debtors' Bankruptcy estates and their creditors.  The Agreement and the transactions contemplated thereby, including the releases given herein, are in the best interest of the Debtors, their estates, their creditors and all other parties in interest.  The Agreement and the transactions contemplated thereby, including the releases given therein, meet the standards established by the Second Circuit for the compromise and settlement in bankruptcy, and are reasonable, fair and equitable and supported by adequate consideration.  The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions and subject to satisfaction of the conditions precedent set forth in Section 14 of the Agreement.

      7.     **<u>Binding Effect</u>**.  The terms of the Agreement and this Order shall be forever binding on all of the Kessler Settlement Class Members and the Named Plaintiffs, individually and as representatives of said Class, as well as on their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them.  The terms of the Agreement and Order shall have *res judicata* and

other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

8. **Releases**. The Releasors, as defined in Section 2.24 of the Agreement, shall be bound by the Releases provided in Section 8 of the Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Agreement or Settlement. The Releases are effective as of the Effective Date specified in Section 14 of the Agreement. The Court expressly adopts all defined terms in Section 2 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases as set forth at Sections 2.25 (Released Claims), 2.26 (Released Persons) and 2.24 (Releasors).

9. **Objections.** The Court has considered the Sinclair Objection [Dkt. No. 5434 and Dkt. No. 5592], the Settling Parties' Replies [Dkt. Nos. 5594 and 5595], and Plaintiffs' Application [Dkt. No. 5598] and the Sinclair Objection is overruled. Similarly, the Court has considered PNC's Limited Objection [Dkt. No. 4661 and 5451], the Settling Parties' Responses and Replies [Dkt. No. 4793, 5360, 5594 and 5595] and PNC's Limited Objection is overruled.

10. **Enforcement of Settlement.** Nothing in this Order shall preclude any action by any Party to enforce the terms of the Agreement.

11. **Additional Payment to the Named Plaintiffs.** The Court hereby awards the amounts listed on Schedule 1 to the Agreement ($72,500.00 total) to be paid from the Kessler Gross Recovery to the Named Plaintiffs as incentive awards for their services as representatives of the Kessler Settlement Class in the Bankruptcy Cases.

12. **Attorney's Fees and Expenses.** Plaintiffs' Counsel is awarded $719,759.41 representing the litigation expenses and court costs that Plaintiffs' Counsel have incurred and advanced in connection with the Litigation and the Settlement, which shall be deducted from the

7

Kessler Gross Recovery. Allocation Counsel for the Non-Equitable Tolling Sub-Class and Equitable Tolling Sub-Class are awarded $0.00 and $2,656.35 for their litigation expenses and court costs, respectively, and such sums shall be deducted from the Kessler Gross Recovery. In addition, the Court awards Plaintiffs' Counsel Attorney's fees of 35% of each Kessler Net Recovery. Allocation Counsel for the Non-Equitable Tolling Sub-Class and Equitable Tolling Sub-Class are awarded $20,700.00 and $62,900.25 for their attorney's fees, respectively, and such sums shall be paid from Plaintiffs' Counsel Attorney's fee award. The Court finds and concludes that each of the above awards to Plaintiffs' Counsel for work and services in this case and in connection with the Settlement is reasonable for the reasons stated in *Plaintiffs' Application for Award of Attorney's Fees, Litigation Expenses and Court Costs* (Dkt. No. 5598)("Plaintiffs' Application") and finds as follows with respect to the factors set forth in *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43 (2nd Cir. 2000):

a. The time and labor required to litigate this matter and obtain the Settlement was extensive, and included 6,213.78 hours since the May 14, 2012 Petition Date. Additionally, Class Counsel expended 33,167.15 hours in the MDL Litigation prior to the May 14, 2012 Petition Date.

b. The requested fee of 35% of each Kessler Net Recovery is clearly reasonable and appropriate in relation to the size of the settlement and the other factors. The range of hourly rates in the Declarations filed by Class Counsel in support of Plaintiffs' Application are reasonable. Using those reasonable rates in calculating the lodestar for just the period of May 14, 2012 forward represents a modest lodestar multiplier of approximately 2.93, which is also entirely reasonable as a cross-check to the percentage of the fund requested by Class Counsel.

c.  The legal issues raised in prosecuting the claims of the Kessler Settlement Class were (and remain) complex and difficult, as illustrated by the claims asserted, defenses raised and the long and intricate procedural history. The magnitude and the complexities of the litigation involving 44,535 loans and 70,000-plus Class Members justify the fee requested.

d.  The results obtained for the Kessler Settlement Class are exceptional in light of the risks posed by the litigation. Such risks include, but are not limited to, the general risk of contingency fee litigation. Class Counsel would have received no fee had they not been successful. In addition, Class Counsel risked large amounts of expenses and advances for in excess of 12 years on the successful outcome of this matter. The risks also include establishing liability, the risk in establishing damages, the risk of establishing and maintaining class certification, trial and appeal risk, and risk of non-recovery due to RFC's bankruptcy. The results achieved are of paramount importance when considering the fee request and certainly justify the fee request. Moreover, the Court is mindful that risk assessment must be measured at the outset of litigation.

e.  The competence, experience and perseverance of Class Counsel demonstrates a very high quality of representation. In addition, and illustrative of the quality of Class Counsel's representation, Class Counsel was opposed by counsel of national reputation in the defense of matters of this sort.

f.  Public policy favors the fee request. Consumers should be able to retain competent counsel to represent them when the consumer could not personally pay legal fees on an hourly basis. The award of the requested fee will and should

9

encourage lawyers and law firms to continue to undertake the representation of consumers on a contingency fee basis in matters such as this.

g. As noted, the requested fee of 35% of each Kessler Net Recovery is reasonable and appropriate in relation to the size of the settlement and the other *Goldberger* factors.

h. As to the reaction of the 70,000-plus Kessler Settlement Class Members, it is significant that only 2 Kessler Settlement Class Members (who were joint borrowers on a single loan) have objected to any aspect of the Settlement and only 5 Class members timely opted out or excluded themselves from the Settlement. The reaction of the Class to the Settlement has been overwhelmingly favorable. The Sinclair Objection [Dkt. No. 5434 and Dkt. No. 5592] lacks merit with respect to Plaintiffs' Application and, as noted above, is overruled.

i. The litigation costs and expenses are also reasonable and equitable for a matter of this complexity and duration.

12. **No Other Payments**. The preceding paragraphs of this Final Order cover, without limitation, any and all claims against Released Persons for attorney's fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing the Named Plaintiffs as representatives of the Kessler Settlement Class or the Kessler Settlement Class Members, or incurred by the Kessler Settlement Class Members, in connection with Released Claims against Released Persons, except to the extent otherwise specified in this Order or the Agreement.

13. **Retention of Jurisdiction.** Without in any way affecting the finality of this Order, this Court expressly retains jurisdiction as to all matters relating to the administration and

enforcement of the Agreement and Settlement and of this Order, and for any other necessary purpose as permitted by law, including, without limitation:

  a. enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Order (including, without limitation, whether a person is or is not a member of the Kessler Settlement Class or a Kessler Settlement Class Member; and whether any claim or cause of action is or is not barred by this Order);

  b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Order and/or to ensure the fair and orderly administration of the Settlement and distribution of the Kessler Gross Recoveries; and

  c. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

14. **Claims Reserved.** The entry of this Order shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or adjudication of any claims other than the Released Claims as to the Released Persons by the Releasors.

[*Remainder of Page Intentionally Left Blank*]

15. **Judgment Reduction.** Notwithstanding the objections to the Motion having been overruled by the Court, nothing contained in this Order shall be construed as determining the method or amount of any judgment reduction, if applicable, with respect to any non-settling Defendants in the MDL Litigation. This Court specifically refers determination of such issues to the U.S. District Court for the Western District of Pennsylvania or to such other court(s) in which the actions consolidated in the MDL Litigation may be pending at the time of determination.

Dated:  November 27, 2013
       New York, New York

                                      _____/s/Martin Glenn_____
                                        MARTIN GLENN
                                United States Bankruptcy Judge

# EXHIBIT 1

1. **William A. Martin and Fredica A. Martin**

2. **Elizabeth A. Hampton**

3. **David B. Rooley and Sarah Rooley**