UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ) CASE NO 12-12020
)
RESIDENTIAL CAPITAL, LLC, ET AL., ) CHAPTER 11
)
DEBTORS )



RECEIVED NOV 26 2013 U.S. BANKRUPTCY COURT, SDNY

IN THE DISTRICT COURT OF APPEAL OF THE STATE
OF FLORIDA – SECOND DISTRICT
P O BOX 327, LAKELAND, FL 33802-0327

CASE NO.: 2D13-4181
L.T. 08-252-CA

RONALD P GILLIS, et al,    V    DEUTSCHE BANK TRUST COMPANY
AMERICAS
AS TRUSTEE FOR GMAC-RFC

Appellant / Petitioner                         Appellee / Respondent
Purported Defendant                            Purported Plaintiff

### EMERGENCY EXPEDITED MOTION FOR INJUNCTION TO NEW YORK BANKRUPTCY COURT TO ESTOPPLE LOWER COURT PROCEEDINGS (FLORIDA CIVIL)

**COMES NOW,** Purported Defendant / Appellant Ronald P Gillis in Charlotte County Civil Case #08-252-CA, Appellant in the Second District Court of Appeals for Florida case # 2D13-4181, and Purported Debtor / Creditor #444 / Movant in NY Southern District Bankruptcy Court case #12-12020, who is a Native North American and appears by special appearance only for the limited purpose of moving the New York Southern District Bankruptcy Court, to Estopple the Charlotte County Civil Court case proceedings as the failure to do so would be inequitable and cause irreparable damage to the Purported Defendant / Appellant / Movant, yet would cause no harm or prejudice to the Purported Plaintiff, Debtor to the **Southern District of New York Bankruptcy Court having jurisdiction of this case**. By operation of 11 U.S.C. § 362(a), the

automatic stay should have been in effect on May 14, 2012, when GMAC and Residential Funding Corporation filed a petition for Chapter 11 relief, and the undersigned knows of no lift of the automatic stay. A suggestion of bankruptcy was filed in the pending state court foreclosure case, but the lower court appears to be disregarding the automatic stay by operation of 11 U.S.C. §362(a). Further, there was a Notice of Appearance of an attorney Purporting to represent a non-party to the Lower Tribunal action, giving further rise to the need to determine exact which court has jurisdiction of this case, if any with the apparent lack of Subject Matter Jurisdiction in the Lower Tribunal, and review of the case by the Second District Court of Appeals.

In support of this notice to the Courts, Purported Defendant / Appellant / Movant states:

1. The Lower Tribunal Court entered an order on August 12, 2013, and an order on the Motion to Reconsider that order on August 22, 2013, which both orders are currently under appeal and the Purported Plaintiff / Appellee failed to show standing and capacity at the inception of the lower court case. With the filing of an appeal, the Lower Tribunal losses jurisdiction, if jurisdiction was ever obtained since the Lower Tribunal lacks Subject Matter Jurisdiction since Purported Plaintiff failed to state a claim upon which relief may be granted, failed to show a claim-in-fact and no purported note attached to the purported complaint which has never been amended. See Florida Rules of Civil Procedure 1.130(a) as well as case law *Eigen v Federal Deposit Insurance Corporation 492 So2d 826 (FLA 2DCA 1986)* which require all relevant documents be attached to the complaint.

2. Additionally, Purported Defendant / Appellant / Movant testified under oath in open Court on July 20, 2009, the document Purported Plaintiff / Appellee states as purported

"original" mortgage and purported "original" note do not bear the wet-ink signature of the Purported Defendant / Appellant / Movant. No admissible evidence to the contrary has ever been submitted into the lower court case.

3. Purported defendant has timely filed a Notice of Appeal of such orders of August 12, 2013, and August 22, 2013.

4. This Motion / injunction is timely and made for good cause, pursuant to Fla. R. Civil Procedure 1.550 (b.) and Federal Rules of Civil Procedure Title III Rule 7(a)(7)(b).

5. The filing of a notice of Appeal divests a trial court of Jurisdiction, see _Allston v State_ 685 So2d 1312 (Fla 2d DCA 1996) and 2D07-1851 _Sunbridge Capital, Inc. v P&W Grading, Inc., et al_ (Charlotte County case 07-586-CA August 1, 2007), and 2D10-4612 _Deutsche Bank Trust Company Americas as Trustee v Claycomb, Casey_ (Charlotte County case 08-252-CA June 10, 2008). Even with the filing of the notice of appeal, the Charlotte County Civil Court is attempting to usurp jurisdiction and proceed with the case in the lower court.

6. The orders are currently under appeal, yet it appears the case is scheduled for a "trial" in the Lower Tribunal for one hour on December 02, 2013. The Lower Tribunal lacks jurisdiction and no legitimate trial can occur in one hour, and clearly and attempt is being made to railroad the Purported Defendant / Appellant / Movant and steal property by an unknown entity that has no claim-in-fact and is not an injured party-in-fact, if indeed one does exist. This further supports the lower court case being a fraud before the lower court.

7. Failure to issue a stay or injunction in the proceedings in the Lower Tribunal will be inequitable and will cause irreparable harm to Purported Defendant / Appellant /

Movant.

8. Purported Plaintiff / Appellee will suffer no prejudice in any Court by the issuance of a Stay or injunction of the Lower Tribunal proceedings.

9. More recently, in a search of the Mortgage Electronic Registration System (MERS) database, it purports the purported mortgage associated with this case is purportedly "active" and that the purported "investor" is Wells Fargo Home Mortgage, a division of Wells Fargo Bank N.A. which purportedly makes Wells Fargo Home Mortgage and Wells Fargo Bank N.A. indispensable parties to the action. Indispensable parties were first mentioned by the undersigned July 29, 2009, and specifically Wells Fargo Bank was first mentioned in this case and thereby became an indispensable party not summons and served effective November 05, 2010.

10. Pursuant to principal of law as stated in <u>Anastasoff vs U.S.</u>, 223 Fed Rep 3d 898, (8th Cir 2000) shows the Doctrine of Precedent must be maintained and that it is an established rule to follow former precedents such as Judge Boyko, Judge Rose, Judge Dowd, as well as the District Court of Appeals for Florida.

11. By operation of 11 U.S.C. § 362(a), the automatic stay should have been in effect on May 14, 2012, when GMAC and Residential Funding Corporation filed a petition for Chapter 11 relief. A suggestion of bankruptcy was filed in the pending state court foreclosure case. Said filing should cause a halt to all movement in the Lower Tribunal.

**WHEREFORE,** Purported Defendant / Appellant / Movant is requesting the NY Bankruptcy Court issue an order / injunction to stay all lower court proceedings, and see attached order.

Respectfully Submitted,

By _____/signature/_____

Ronald Gillis *In Propia Persona*
*All Rights Reserved without prejudice*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing **EMERGENCY EXPEDITED MOTION FOR INJUNCTION TO NEW YORK BANKRUPTCY COURT TO ESTOPPLE LOWER COURT** was furnished by hand or USPS 1st Class Mail to: United States Bankruptcy Court, Southern District of New York One Bowling Green New York, NY 10004, Erin Mae Rose Quinn, P O Box 23028, Tampa, FL 33623, The Second District Court of Appeals (Florida), P O Box 327, Lakeland, FL 33802-0327, and the Charlotte County Justice Center, Clerk of the Court, Barbara T. Scott, 350 E. Marion Ave, Punta Gorda, FL 33950 on this 25th day of November 2013.

Ronald Gillis     (413) 622-2282
P O Box 380842
Murdock, FL 33938-0842

By: Ronald Gillis
*All Rights Reserved without prejudice*