**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) WITH RESPECT TO CLAIM NO. 3443 OF GEORGE DAVIS**

Pending before the Court is the *Debtors' Twenty-Second Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Objection," ECF Doc. # 4199). Through the Objection the Debtors seek to disallow and expunge Claim No. 3443 of George Davis (the "Davis Claim"), filed against GMAC Mortgage, LLC ("GMACM"). The Objection is supported by the Declarations of Deanna Horst, Norman S. Rosenbaum, and Robert D. Nosek, annexed to the Objection as Exhibits 1–3, respectively. Mr. Davis filed a response (the "Response," ECF Doc. # 4810). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth, and Twenty-Seventh Omnibus Claim Objections (Borrower Claims with Insufficient Documentation)* (the "Reply," ECF Doc. # 5294), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On October 9, 2013, the Court held a hearing and Mr. Davis appeared telephonically. The Court reserved decision on the Objection.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes

prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). If the objecting party satisfies that requirement, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

Mr. Davis filed a $357,546.89 secured claim against GMACM, the stated basis of which is "Mortgage Note. would not [ac]cept any payments we sent to try to catch up our mortgage." Under the basis for perfection, Mr. Davis wrote: "Want to save my home." There was no

supporting documentation and the Debtors objected. In his Response, Mr. Davis explains that after falling behind on his mortgage, GMACM refused to accept partial payments on the balance. Additionally, Mr. Davis states that he unsuccessfully attempted to receive loan modifications. Significantly, Mr. Davis does not specify any wrongdoing by GMACM in connection with the loan modification requests, only that he submitted the same forms multiple times. In support, Mr. Davis attached copies of loan modification documents, including information relating to the Home Affordable Modification Program ("HAMP") and the New Jersey Home Keeper Program, and a check mailed to Green Tree Servicing LLC, which had taken over servicing of Davis's mortgage in early 2013.

The Debtors state in their Reply that GMACM only once refused to accept a payment from Mr. Davis; the partial payment was insufficient to reinstate the mortgage then in foreclosure. (Supp. Horst Decl. ¶ 17.) The Debtors also state that they mailed nine workout packages to Mr. Davis between 2009 and 2012. (*Id.* ¶ 18.) According to the Debtors, Mr. Davis submitted seven of these applications, five of which were denied due to incomplete documentation. A sixth application was approved for trial modification but was thereafter cancelled due to Mr. Davis's failure to make the first trial payment. (*Id.*) Finally, another application was denied because Mr. Davis's loan payments could not be modified to satisfy HAMP requirements. (*Id.*)

Upon a review of the documentation submitted by Mr. Davis, and based on the October 9, 2013 hearing, the Court holds that Mr. Davis has failed to state a basis for liability on the part of the Debtors. HAMP does not provide borrowers a private cause of action for the denial of a loan modification. *See, e.g., JP Morgan Chase, N.A. v. Horvath*, 862 F. Supp. 2d 644, 747 (S.D. Ohio 2012); *Ozoria v. Deutsche Bank Trust Co. Americas*, No. 10-24070, 2011 WL 1303270, at

\*2 (S.D. Fla. Mar. 31, 2011).  Further, the Debtors established that they approved Mr. Davis for a trial loan modification, which was cancelled when Mr. Davis failed to make the necessary payments.  Some courts have recognized a breach of contract claim for denial of a permanent loan modification following the successful completion of a trial modification period.  *See, e.g., Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560–61, 564–66 (7th Cir. 2012).  In order for a borrower's breach of contract claim to succeed, there ordinarily needs to be a written contract stating the requirements for granting a permanent modification and the borrower must have complied with all of the provisions of the contract.  *See id.*; *see also Belyea v. Litton Loan Servicing, LLP*, No. 10-10931, 2011 WL 2884964 at \*7–9 (D. Mass. July 15, 2011).  But here the uncontroverted evidence shows that Mr. Davis never made the necessary payments under his trial loan modification.  Therefore, Mr. Davis cannot successfully assert a breach of contract claim.  Mr. Davis also failed to put forward any evidence to support a claim for promissory estoppel or fraud against the Debtors based on his inability to obtain a permanent loan modification.  Additionally, GMACM was under no obligation to accept partial payments from Mr. Davis for a mortgage that was already in foreclosure.  For these reasons, Mr. Davis has failed to state a claim against the Debtors and it is therefore

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the Davis Claim is hereby disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the Debtors' claims register the Davis Claim pursuant to this Order; and it is further

4

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 (ECF Doc # 141), the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that the Debtors shall serve a copy of this Order on Mr. Davis at his address within 10 days; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim other than the Davis Claim, and the Debtors' and any party in interest's rights to object to any other claim on any basis are expressly reserved; and it is further

ORDERED that this Order shall be a final order with respect to the Davis Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated: December 3, 2013
     New York, York

                                                **_/s/Martin Glenn_**
                                                MARTIN GLENN
                                      United States Bankruptcy Judge

5