**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' THIRTY-FIRST OMNIBUS OBJECTION TO CLAIMS (LATE-FILED BORROWER CLAIMS) WITH RESPECT TO CLAIM NO. 6843 OF KENNETH RUSSO JR. AND RAYIETTA HILL**

Pending before the Court is the *Debtors' Thirty-First Omnibus Objection to Claims (Late-Filed Borrower Claims)* (the "Objection," ECF Doc. # 4902). Through the Objection the Debtors seek to disallow and expunge Claim No. 6843 of Kenneth Russo Jr. and Rayietta Hill (the "Russo/Hill Claim"), filed against GMAC Mortgage, LLC ("GMACM"). The Objection is supported by the Declaration of Deanna Horst (the "Horst Decl.," annexed as Ex. 1 to the Objection). Russo and Hill (together, the "Claimants") filed a response (the "Response," ECF Doc. # 5232). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Thirty-First Omnibus Claims Objection (Late-Filed Borrower Claims)* (the "Reply," ECF Doc. # 5296), and the Declaration of P. Joseph Morrow IV in support (the "Morrow Decl.," attached as Ex. 3 to Reply). On October 9, 2013, the Court held a hearing (the "Hearing") and Mr. Russo appeared telephonically. The Court reserved decision on the Objection.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

On July 17, 2012, the Court entered an Order appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these chapter 11 cases. (ECF Doc. # 798.) Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these chapter 11 cases and (b) maintain official claims registers for each of the Debtors. On August 29, 2012, the Court entered an Order (the "Bar Date Order," ECF Doc. # 1309) establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"), and prescribing the form an manner for filing proofs of claim. On November 7, 2012, the Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time). (ECF Doc. # 2093.)

The Claimants filed claim No. 6843 on April 22, 2013—five months after the General Bar Date of November 16, 2012. The Claimants contend that they were never served with notice of the General Bar Date and were never officially notified by the Debtors about any bankruptcy proceeding. The Claimants assert that they first became aware of the chapter 11 cases on April 17, 2013. The Claimants' allegation is contradicted by an affidavit of service filed by KCC (the "KCC Affidavit," attached as Ex. 2 to the Reply), which states that KCC served the Claimants with notice of the chapter 11 cases on or before May 24, 2012, and notice of the General Bar Date on or before October 5, 2012, by mail, at the address reflected in the Debtors' books and records. This address is the same address that appears above the Claimants' signatures on their Response.

"While the Second Circuit has recognized that the postal system is not one hundred percent reliable, the Supreme Court has 'repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.'" *In*

2

12-12020-mg    Doc 6000    Filed 12/04/13    Entered 12/04/13 08:24:18    Main Document
                                   Pg 3 of 6

*re R.H. Macy & Co., Inc.*, 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) (quoting *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). In evaluating the adequacy of service by mail, courts in this circuit follow the so-called "mailbox rule." *In re Barquet Grp., Inc.*, 477 B.R. 454, 462 n.7 (Bankr. S.D.N.Y. 2012) *aff'd,* 486 B.R. 68 (S.D.N.Y. 2012) (citations omitted). *See also R.H. Macy*, 161 B.R. at 359; *In re AMR Corp.*, 492 B.R. 660, 663–64 (Bankr. S.D.N.Y. 2013). "A rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed." *Barquet*, 477 B.R. at 462 n.7 (citations omitted). "This presumption of receipt is 'very strong' and 'can only be rebutted by specific facts and not by invoking another presumption and not by a mere affidavit to the contrary. . . . Evidence of an objective nature going beyond the claimant's statement of non-receipt is necessary.'" *Id.* (alteration in original) (quoting *In re FairPoint Commc'ns, Inc.,* 462 B.R. 75, 81 n.7 (Bankr.S.D.N.Y.2012)).

"Mail properly (1) addressed (2) stamped and (3) deposited in the mail system is presumed to have been received by the party to whom it is addressed." *In re Randbre Corp.*, 66 B.R. 482, 485 (Bankr. S.D.N.Y. 1986) (citing *Hagner v. United States*, 285 U.S. 427, 430 (1932)). The presumption can be raised either by evidence showing that the mail was sent through regular office procedures, or through an affidavit of the person who actually supervised or carried out the mailing. *In re O.W. Hubbell & Sons, Inc.*, 180 B.R. 31, 34 (N.D.N.Y. 1995) (citation omitted). The Declaration of P. Joseph Morrow IV, offered in support of the Debtor's Reply, is sufficient to raise the presumption of receipt. Specifically, Mr. Morrow states that employees of KCC sent the applicable notices to the Claimants at his direction and under his supervision, and in accordance with KCC's standard procedures. (Morrow Decl. ¶¶ 5–6, 9.)

3

Given that the presumption of receipt was raised, the burden shifted to the Claimants to rebut the presumption. *See, e.g., In re Dana Corp.*, No. 06–10354, 2007 WL 1577763, at *4 (Bankr. S.D.N.Y. May 30, 2007). "Federal courts in New York have held 'quite uniformly' that an affidavit of non-receipt is insufficient to rebut the presumption of receipt created by proof of mailing." *AMR*, 492 B.R. 663–64 (citing cases). Indeed, "[c]ourts in this Circuit do not take this issue lightly given the important function served by a bar date in bankruptcy cases." *Id.* at 664. Here, the statements made by the Claimants in their Response and at the Hearing are insufficient to rebut the presumption, and the Court finds that Russo and Hill are presumed to have received notice of the General Bar Date.

In cases where creditors have failed to file claims before the bar date despite having notice, "Bankruptcy Rule 9006(b)(1) gives the court the discretion to enlarge the time to file claims 'where the failure to act was the result of excusable neglect.'" *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (quoting FED. R. BANKR. P. 9006(b)(1)). "The Supreme Court has interpreted 'excusable neglect' to be a flexible standard—one that can include 'inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "However, 'the determination is at bottom an equitable one' that must take 'account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). The *Pioneer* Court established four factors to assist bankruptcy courts in evaluating excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. "The Second Circuit strictly

4

observes bar dates and has adopted what has been characterized as a 'hard line' in applying the *Pioneer* test," meaning that this Court should focus its analysis "primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *Lehman Bros.*, 433 B.R. at 119–20. "The burden of proving excusable neglect lies with a movant seeking to file a late proof of claim." *Dana Corp.*, 2007 WL 1577763, at *3.

Here, the Claimants have failed to carry their burden of proving excusable neglect. Because the Claimants are presumed to have received notice of the General Bar Date, the Claimants have not put forward any evidence to establish an excusable reason for the delay, which the Court finds was reasonably within their control. Additionally, granting the relief requested by the Claimants—without any satisfactory explanation for the delay—would prejudice the Debtors by opening the floodgates to similar requests. The length of delay here—five months—does not weigh in the Claimants' favor. And while the Court has no reason to believe the Claimants did not act in good faith, that fact alone cannot support allowing a late claim to be filed.

For all of the foregoing reasons, it is hereby

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the Russo/Hill Claim (Claim No. 6843) is hereby disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the Debtors' claims register the Russo/Hill Claim (Claim No. 6843) pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 (ECF Doc # 141), the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that the Debtors shall serve a copy of this Order on Russo and Hill at their address within 10 days; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim other than the Russo/Hill Claim, and the Debtors' and any party in interest's rights to object to any other claim on any basis are expressly reserved; and it is further

ORDERED that this Order shall be a final order with respect to the Russo/Hill Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated: December 4, 2013
    New York, York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge