**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**SUPPLEMENTAL ORDER SUSTAINING IN PART DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) AND SETTING FURTHER PROCEDURES FOR ADJUDICATING CLAIM NO. 2002 OF BETTIE JEAN YELDER**

Pending before the Court is the *Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Objection," ECF Doc. # 4735). Through the Objection the Debtors seek to disallow and expunge Claim No. 2002 of Bettie Jean Yelder (the "Yelder Claim"), filed against Residential Capital, LLC ("ResCap"). The Objection is supported by the Declarations of Deanna Horst, Norman S. Rosenbaum, and Robert D. Nosek, annexed to the Objection as Exhibits 1–3, respectively. Ms. Yelder filed two responses (each a "Response," and together, the "Responses," ECF Doc. ## 4919, 5260). The Debtors filed the *Debtors' Omnibus Reply in Support of Debtors' Twentieth, Twenty-First, Twenty-Second, Twenty-Sixth, and Twenty-Seventh Omnibus Claim Objections (Borrower Claims with Insufficient Documentation)* (the "Reply," ECF Doc. # 5294), and the Supplemental Declaration of Deanna Horst in support (the "Suppl. Horst Decl.," attached as Ex. 3 to Reply). On October 9, 2013, the Court held a hearing and Ms. Yelder appeared telephonically. The Court reserved decision on the Objection.

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate. 11 U.S.C. § 501(a). "The proof of

claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011). Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date." *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).

   Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."). If the objecting party satisfies that requirement, the burden then shifts back to the claimant to produce additional evidence to prove the validity of the claim by a preponderance of the evidence. *Id.* at 174.

   Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

   Ms. Yelder filed a $100,000.00 secured claim against ResCap, the stated basis of which is "Mortgage Note." The Debtors objected to Ms. Yelder's claim on the grounds that her claim

2

lacks sufficient documentation and fails to state a basis for liability on the part of the Debtors. Ms. Yelder's first Response to the Objection states that her "claim should not be disallowed, because of the mental hardship and financial hardship cause[d] by GMAC/Residential," and attaches a March 7, 2012 collection letter from GMAC Mortgage LLC ("GMACM") for Ms. Yelder's monthly mortgage payment. (ECF Doc. # 4919.) Ms. Yelder's second Response states: "This claim is necessary for me to put my life back together. Because of the mental, physical and financial hardship caused by this company (Residential Capital LLC), I have los[t] my great credit rating, have physical condition cause[d] by my worries (see attached medical records), and has created total financial hardships." (ECF Doc. # 5260.) Attached to the second Response are two pages that appear to be a doctor's notes from a September 17, 2010 visit by Ms. Yelder.

Based upon the four corners of Ms. Yelder's claim and her Responses, the Court finds that Ms. Yelder has failed to state a basis for liability on the part of the Debtors. However, Ms. Yelder made certain allegations at the Hearing which may support a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* At the hearing, Ms. Yelder stated that she was getting harassing calls from GMACM—sometimes as many as ten or twelve a day—and that she suffered a stroke as a result of these calls. To be sure, Ms. Yelder has not provided any evidence to support her allegations, and the Court makes no determination at this point whether a claim for violation of the FDCPA would be successful. "To assert a claim under the FDCPA, a plaintiff must establish the following elements: '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1294 (N.D. Ala. 2013) (quoting *Janke v.Wells Fargo and Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011). "In

3

general, the FDCPA applies only to debt collectors *and not to* creditors or mortgage servicers." *Id.* (citations and internal quotation marks omitted).  At the Hearing, when asked by the Court, Debtors' counsel could not say whether the Debtors had employed an outside debt collector in connection with Ms. Yelder's account.

For the foregoing reasons, the Court **SUSTAINS IN PART** the Objection to Ms. Yelder's secured claim (Claim No. 2002), and provisionally **RECLASSIFIES** the claim as an unsecured claim, with leave to amend.  It is hereby

ORDERED that Claim No. 2002 (the Yelder Claim) is **RECLASSIFIED** as a general unsecured claim, subject to the conditions set forth herein; and it is further

ORDERED that Ms. Yelder shall serve upon the Debtors and the Court, no later than **December 27, 2013**, any and all supporting documentation for her claim against the Debtors, including a sworn statement detailing specific allegations of wrongful conduct by the Debtors (e.g., dates, identity—if known—of the individuals with whom Ms. Yelder spoke, and the statements or threats made to her); and it is further

ORDERED that the Debtors shall serve a Reply no later than **January 17, 2014**, including a declaration stating whether the Debtors used any debt collectors in connection with Ms. Yelder's account; and it is further

ORDERED that the Court will hold a hearing on the matter on **January 30, 2014, at 10:00 a.m.** (**Eastern Prevailing Time)**; and it is further

ORDERED that in the event Ms. Yelder does not comply with this Order, her claim (Claim No. 2002) shall be **DISALLOWED AND EXPUNGED** with prejudice; and it is further

4

ORDERED that the Debtors shall serve a copy of this Order on Ms. Yelder at her address within 5 days; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**SO ORDERED.**

Dated: December 4, 2013
      New York, York

                                                  **_____/s/Martin Glenn_____**
                                                          MARTIN GLENN
                                       United States Bankruptcy Judge