1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 12-12020-mg

5  - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  RESIDENTIAL CAPITAL, LLC, et al.,

9

10              Debtors.

11

12  - - - - - - - - - - - - - - - - - - - -x

13

14              United States Bankruptcy Court

15              One Bowling Green

16              New York, New York

17

18              November 26, 2013

19              4:04 PM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net

1

2  Fairness Hearing RE: Kessler Settlement Class.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  Transcribed by:  Penina Wolicki

21  eScribers, LLC

22  700 West 192nd Street, Suite #607

23  New York, NY 10040

24  (973)406-2250

25  operations@escribers.net

```
 1
 2   A P P E A R A N C E S :
 3   MORRISON & FOERSTER LLP
 4        Attorneys for Debtors
 5        1290 Avenue of the Americas
 6        New York, NY 10104
 7
 8   BY:   JORDAN A. WISHNEW, ESQ.
 9        NORMAN S. ROSENBAUM, ESQ.
10
11
12   CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
13        Conflicts Counsel to Debtors
14        101 Park Avenue
15        New York, NY 10178
16
17   BY:   JONATHAN WALSH, ESQ.
18        MARYANN GALLAGHER, ESQ.
19
20
21
22
23
24
25
```

1

2  SILVERMANACAMPORA LLP

3       Special Counsel to Creditors' Committee

4       100 Jericho Quadrangle

5       Suite 300

6       Jericho, NY 11753

7

8  BY:   RONALD J. FRIEDMAN, ESQ.

9

10

11  KRAMER LEVIN NAFTALIS & FRANKEL LLP

12       Attorneys for Official Creditors' Committee

13       1177 Avenue of the Americas

14       New York, NY 10036

15

16  BY:   DOUGLAS MANNAL, ESQ.

17       ELISE S. FREJKA, ESQ.

18

19

20  REED SMITH LLP

21       Attorneys for Wells Fargo Bank, N.A.

22       599 Lexington Avenue

23       New York, NY 10022

24

25  BY:   MARK D. SILVERSCHOTZ, ESQ.

```
 1   POLSINELLI

 2         Attorneys for Kessler Settlement Class

 3         700 West 47th Street

 4         Suite 1000

 5         Kansas City, MO 64112

 6

 7   BY:   DAN FLANIGAN, ESQ.

 8

 9

10   RESCAP

11         General Counsel

12         1100 Virginia Drive

13         Suite 250

14         Fort Washington, PA 19034

15

16   BY:   WILLIAM R. THOMPSON, ESQ.

17

18

19   BRYAN CAVE LLP

20         Attorneys for Defendant/Debtors-in-Possession

21         211 North Broadway

22         Suite 3600

23         St. Louis, MO 63102

24

25   BY:   MICHAEL G. BIGGERS, ESQ.
```

```
 1
 2   WALTERS BENDER STROHBEHN VAUGHAN, P.C.
 3        Attorneys for Kessler Class
 4        2500 City Center Square
 5        1100 Main
 6        Kansas City, MO 64196
 7
 8   BY:   DAVID M. SKEENS, ESQ.
 9        ROY FREDERICK WALTERS, ESQ.
10
11
12   BALLARD SPAHR LLP
13        Attorneys for PNC Bank
14        1735 Market Street
15        51st Floor
16        Philadelphia, PA 19103
17
18   BY:   VINCENT J. MARRIOTT, III, ESQ.
19        JOEL TASCA, ESQ.
20
21
22
23
24
25
```

1

2   CARLSON LYNCH

3          Attorneys for Kessler Class

4          PNC Park

5          Suite 210

6          Pittsburgh, PA 15212

7

8   BY:   BRUCE CARLSON, ESQ.

9

10

11   LEGG LAW FIRM LLC

12          Attorneys for Kessler Plaintiffs

13          5500 Buckeystown Pike

14          Frederick, MD 21703

15

16   BY:   SCOTT C. BORISON, ESQ. (TELEPHONICALLY)

17

18

19   HUTTON LAW GROUP

20          Attorneys for the Kessler Class

21          12671 High Bluff Drive

22          San Diego, CA 92130

23

24   BY:   ANDREW W. HUTTON, ESQ. (TELEPHONICALLY)

25

```
 1
 2   LAW OFFICE OF DANIEL O. MYERS
 3         Attorneys for Kessler Class
 4         100 Park Street
 5         Traverse City, MI 49684
 6
 7   BY:   DANIEL O. MYERS, ESQ. (TELEPHONICALLY)
 8
 9
10   THE SHARBROUGH LAW FIRM
11         Attorneys for Kessler
12         75 St Michael Street
13         Mobile, AL 36602
14
15   BY:   JOHN W. SHARBROUGH, III, ESQ. (TELEPHONICALLY)
16
17
18   RICHARDSON PATRICK WESTBROOK & BRICKMAN LLC
19         Attorneys for Kessler Class
20         174 E Bay Street
21         Charleston, SC 29401
22
23   BY:   ROBERT S. WOOD, ESQ. (TELEPHONICALLY)
24
25
```

1

2  ALSO PRESENT:

3      STEVEN TILGHMAN, Tilghman & Company (TELEPHONICALLY)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RESIDENTIAL CAPITAL, LLC, ET AL.                    10

1                    P R O C E E D I N G S

2          THE COURT:  All right, please be seated.  All right,

3    we're here in Residential Capital, number 12-12020.  This is in

4    connection with the Kessler settlement fairness hearing.

5          Mr. Rosenbaum?

6          MR. ROSENBAUM:  Good afternoon, Your Honor.  Norm

7    Rosenbaum, Morrison & Foerster for the debtors.  Your Honor,

8    first, I think, on behalf of everyone involved in these cases,

9    we'd like to thank Your Honor for accommodating us this

10   afternoon.  I know it's been a very long week, month, year.  So

11   we do appreciate it.

12         Your Honor, as you stated, this is the final hearing

13   on the Kessler settlement motion.  It's page 12 of the agenda,

14   (II) item (1).  It's docket number 4451, is the joint motion.

15         Your Honor, this is the joint motion of the debtors

16   and class counsel for final approval of the Kessler settlement

17   agreement.  With me today is Jordan Wishnew of Morrison &

18   Foerster, Michael Biggers of Bryan Cave, John Walsh and Maryann

19   Gallagher, from Curtis Mallet.  I know there's several other

20   counsel.  I don't know if you want to take the appearances, or

21   I could --

22         THE COURT:  Yeah, let me get the rest of the

23   appearances now.

24         MR. WALTERS:  Fred Walters and Bruce Carlson and David

25   Skeens and Dan Flanigan, for the Kessler class.

1          THE COURT:  Okay.

2          MR. WALTERS:  On the phone with us, Your Honor, if you

3    want those appearances, also?

4          THE COURT:  Sure, I'll take whatever appearances on

5    the phone.

6          MR. WALTERS:  And Dan Myers, John Sharbrough, Scott

7    Borison, and Bobby Wood.

8          THE COURT:  Okay.

9          MR. WALTERS:  Also additional plaintiffs' counsel for

10   the Kessler class.

11         THE COURT:  All right.  And for PNC?

12         MR. WALTERS:  Oh, I'm sorry.  I forgot.  Mr. Andrew

13   Hutton, one more additional plaintiff counsel on the phone.

14         THE COURT:  Okay, all right.

15         MR. WALTERS:  Thank you, Your Honor.

16         MR. MARRIOTT:  Good afternoon, Your Honor.  Vince

17   Marriott, Ballard Spahr, on behalf of PNC Bank.

18         THE COURT:  Just tell me your last name again, I'm

19   sorry.

20         MR. MARRIOTT:  I'm sorry, Marriott.

21         THE COURT:  Okay.

22         MR. MARRIOTT:  M-A-R-R-I-O-T-T.

23         THE COURT:  Yeah,  Like the hotel.

24         MR. MARRIOTT:  Just like the hotel.  They're not mine.

25         THE COURT:  It's too bad.

1          MR. MARRIOTT:  Or I wouldn't be standing at this

2    podium.  With me is my colleague Joel Tasca also from Ballard

3    Spahr.  I don't anticipate that he will need to speak today.

4    He has not been admitted pro hac --

5          THE COURT:  I'll hear him if he needs to speak.  It's

6    okay.

7          MR. MARRIOTT:  Thank you.

8          THE COURT:  All right.  Thank you.

9          MR. ROSENBAUM:  Your Honor, as you may recall, Your

10   Honor approved the motion on a preliminary basis.  That was

11   docket number 4808.  In support of the motion, we have

12   submitted the declarations of William Thompson, he's the

13   general counsel of ResCap; Frederick Walters and David Skeens

14   of Walters Bender; Ron Freidman, of SilvermanAcampora.  Mr.

15   Walters has also submitted an additional declaration in support

16   of his free request, which he will address as part of this

17   hearing.

18         THE COURT:  Okay.

19         MR. ROSENBAUM:  Your Honor, we've only received two

20   objections to the motion:  one from PNC Bank, which is a

21   limited objection, of which Your Honor's aware.  And we

22   received one objection from a class member.  That's Mr. and

23   Mrs. Sinclair.  They had notified us both in the objection that

24   they were not going to appear today.  That was a requirement of

25   the preliminary order, that they appear live.

1          THE COURT:  What was -- remind what the nature of

2    their objection was?

3          MR. ROSENBAUM:  They object to the settlement

4    basically on 723 grounds and the fee request.

5          THE COURT:  Okay, thank you.

6          MR. ROSENBAUM:  And Mr. Walters will address that.

7          THE COURT:  Okay.

8          MR. ROSENBAUM:  Your Honor, we believe that we have

9    satisfied the standards under Bankruptcy Rule 7023 and 9019,

10   including the factors outlined in the Iridium case and the BGI

11   case and the other cases we've cited in the brief.  As I

12   stated, we've noticed or the class noticed over 45,000 class

13   members.  We received only a handful of opt-outs and one

14   objection, which was not from an opt-out party.

15         We do have the objection of PNC.  If Your Honor would

16   like, I'm happy to give some overview of the 9019 factors.  Mr.

17   Walters will address the --

18         THE COURT:  No, I don't think you need --

19         MR. ROSENBAUM:  -- 723 --

20         THE COURT:  -- you don't need to do that.  But I do

21   want -- I obviously want -- maybe the best thing to do is let

22   me hear from PNC's counsel and then I'll give you or one of

23   your colleagues an opportunity -- or other of your colleagues

24   to respond.

25         MR. ROSENBAUM:  Mr. Walsh will be addressing the PNC

1   objection, Your Honor.

2            THE COURT:  Okay, thank you.

3            MR. MARRIOTT:  Good afternoon, Your Honor.  Vince

4   Marriott, Ballard Spahr, on behalf of PNC.

5            Counsel is correct that our objection is a limited

6   objection.  We did not interpose an objection to the settlement

7   insofar as it would be fair to the estate.  That's up to the

8   creditors.  We didn't object to it insofar as its fairness to

9   the plaintiffs.  That's up to them.

10           We did, however, take the position, and do take the

11  position, that in addition to being fair to the estate and fair

12  to the plaintiffs, it has to be fair to the nonsettling

13  defendants of which that's principally PNC.

14           As you know, the form of order approving the

15  settlement and how it deals with the potential contribution and

16  indemnity claims of PNC and judgment --

17           THE COURT:  The issue is judgment reduction.

18           MR. MARRIOTT:  -- and judgment reduction has had sort

19  of a tortured history, where it began with left to applicable

20  law, became pro-tanto, and now is absent altogether.

21           And the debtor has taken the position, as have the

22  plaintiffs in their responsive pleadings, that stripping the

23  order of any mention of judgment reduction or barring

24  contribution and indemnity claims deprives us of standing to be

25  here today to object to the settlement on fairness grounds as

 1    to us, because the settlement is now silent on those issues.

 2            I -- and we mentioned this in the papers, Judge.  I

 3    find that position disingenuous.

 4            THE COURT:  May I ask you this, Mr. Marriott?

 5            MR. MARRIOTT:  Yes.

 6            THE COURT:  When this issue came up for -- when the

 7    settlement came up for preliminary class action approval, and I

 8    raised the issue about judgment reduction, counsel went off,

 9    scurried around, came back and told me how they were changing

10    it to deal with judgment reduction.  One of your colleagues

11    argued and expressed the view that wasn't satisfactory, that

12    wasn't the appropriate rule for judgment reduction.

13            And we had some discussion about whether it was a

14    matter for me to decide or whether it was a matter for the

15    judge in Pittsburgh -- and I apologize, I can't remember the

16    judge's name now.  I told everybody I wanted to speak to the

17    judge, and I did.

18            MR. MARRIOTT:  Yes.

19            THE COURT:  And I'm certainly aware that they stripped

20    out the provisions in the order.  And whether it makes them

21    happy or not, my view would be -- and I'm not ruling yet -- but

22    my view is, if I approve the settlement, I'm going to make a

23    statement on the record that the issue of judgment reduction is

24    reserved for the district court in which the action is pending.

25            And what's your view about that?

1        MR. MARRIOTT:  Let me address that.  And let me start,

2    I guess, with first principles which we cite in our brief, and

3    principally rely on Masters Mates for the proposition that when

4    the rights of a third party are at stake -- or put at stake by

5    a settlement, that it's not enough that it be fair to --

6        THE COURT:  I don't question that PNC --

7        MR. MARRIOTT:  Here's --

8        THE COURT:  To get my -- to get approval, not only

9    by -- this requires my approval and it requires approval of the

10   district court.  I mean, if -- depending on what happens in

11   the -- in the district court.  If you prevail, this becomes a

12   moot issue.

13       MR. MARRIOTT:  It becomes moot.  Well --

14       THE COURT:  Right.

15       MR. MARRIOTT:  -- here's my concern.  What I think

16   the -- the risk here is this, that PNC -- the process becomes

17   bifurcated to the detriment of PNC, which is to say that --

18   what the debtor is basically asking at this point -- because I

19   think the debtor, in their papers, indicated they were fine

20   with the --

21       THE COURT:  Well, you know, the last time they said

22   they were agnostic on it.  It was --

23       MR. MARRIOTT:  Well --

24       THE COURT:  -- really the plaintiffs' lawyers who --

25       MR. MARRIOTT:  Right.  But the risk is it's a three-

1  part inquiry as to which -- the debtors are asking you to

2  make -- handle two parts of it and asking that the third part

3  be pushed to the middle district.

4      THE COURT:  See, I could make you very unhappy -- this

5  is not a threat.  Trust me.  But I could make PNC very unhappy

6  and insist that the language that they put in and then took out

7  be put back in, and that I determine, as a matter of law, that

8  that's the appropriate standard for judgment reduction.  Then,

9  what the district judge does with that, I don't know.  I mean,

10 your colleague had expressed concern that, well, if I make that

11 decision, is the district court either going to feel bound by

12 it or, even if not bound by it, conclude that what the stan --

13 what the appropriate measure of judgment reduction is, is a

14 matter of discretion, the bankruptcy court made that decision,

15 and therefore I'm not going to reach a contrary rule.

16      So when I say that would make you unhappy, yes, the

17 district court might conclude otherwise that a different rule

18 ought to apply.

19      MR. MARRIOTT:  Well --

20      THE COURT:  And it'll do that.  But it seems to me,

21 what I said at preliminary -- the stage of preliminary

22 approval, I continue to believe, that -- and I think I pressed

23 your colleague about this -- point me to a case in the Third

24 Circuit that said that the rule of judgment reduction that you

25 are advocating was the standard that had to be applied.  It

1   didn't -- couldn't provide me with a case that said that.

2          And I'm -- you know, I don't get this issue too often

3   now.  When I was in practice when I did class action, I was

4   very, very much on top of what the standards for judgment

5   reduction were.  But it seemed to me that there is no clear

6   answer here.  And to the extent -- so the parties had reached

7   an agreement that -- when I pressed them, they put language in

8   that made you very unhappy.  And now they've taken that

9   language out; they've left it silent.  So I said then I

10  wasn't -- I really wasn't inclined to tie the hands of the

11  district court that is either going to handle a settlement or

12  try the case if it gets to the -- or summary -- you know, if

13  the case goes to trial.  Let's put it that way.  If you prevail

14  or if you prevail at trial, this is all a moot issue.

15          MR. MARRIOTT:  Right.

16          THE COURT:  But if you don't prevail at tri -- if your

17  client doesn't prevail at trial and the issue becomes a very

18  live issue as to what judgment reduction, if at all, you're

19  entitled to, I think you're entitled to judgment reduction.

20  The question what's the standard.  You weren't happy with the

21  agreement -- with the language they put in, which settled on a

22  rule that was disadvantageous to PNC.  They've taken that back

23  out.

24          I'm more than happy -- they may not be, but I'm more

25  than happy to put a sentence in the order that specifically

 1  states this Court's view that it'll be for the district

 2  court -- this isn't a quote in the language, but, you know,

 3  it'll be for the district court to determine in the event of an

 4  adverse judgment against PNC what the measure of judgment

 5  reduction should be.  I think the issue belongs with the

 6  district court who's going to try the case if the case goes to

 7  trial.  And if it's adverse to PNC, you'll get the issue

 8  decided.

 9          But it seems to me that -- that's why I have a problem

10  with your position.  You weren't happy when they put the

11  language in, because you didn't like the rule.  I'm not going

12  to put in the language you like.  Let me just tell you that

13  right now.  I don't believe I'm required to put that language

14  in any order.  I can approve the settlement with language that

15  is -- that they agree upon, the formula for judgment reduction.

16  I think I can do that.  And I think I can do that and still

17  say, Judge, you're really the one -- this is what I think now.

18  They've reached this agreement.  I approve that as fair and

19  reasonable because the law does not require a different rule.

20  It does not clearly require a different rule.  But my

21  preference is to leave it to him.  So careful what you argue

22  yourself into.

23          MR. MARRIOTT:  Well, let me say this.  I would

24  certainly rather you defer it than decide against me.

25          THE COURT:  Yeah, I bet.

 1              MR. MARRIOTT:  And --

 2              THE COURT:  I remember that feeling.

 3              MR. MARRIOTT:  With or without hotels.

 4              And also, I would prefer you defer it than not give me

 5      the capped language that we were looking for, which you've just

 6      indicated that it would not be your inclination, if you were

 7      decide this issue, to give us that.  And so --

 8              THE COURT:  Because the issue for -- let me just say.

 9      I don't real -- I'll let you finish.  Go ahead and finish your

10      thought, and then I'll say my thought.

11              MR. MARRIOTT:  So that's -- that's fine and -- I mean,

12      on that basis.

13              THE COURT:  Look, Mr. Marriott, if the case were tried

14      before me and I had to -- and if it was left to me at the

15      conclusion of a trial that resulted in a verdict -- an adverse

16      verdict for defendant, if I had to decide what the appropriate

17      measure for judgment reduction should be, I'd go ahead and do

18      that.  I'm not sure which way I'd come out on it, okay?  That's

19      quite honest.  I don't know which way I'd come out on it.

20              But what I had before me until they took the language

21      out was -- first, I was dissatisfied the way they dealt with

22      it, leaving it to appropriate law, whatever that was, okay?

23      Then, they come out with a rule that was clearly adverse to

24      you.  And the Second Circuit law on it, which is what I think

25      I'd have to apply, recognizes, well, you know, there are two

1   different rules, and it doesn't clearly come on one side or the

2   other.

3           So then, I say to myself, okay, I'm faced with a 9019.

4   The parties negotiated an agreement that includes judgment

5   reduction according to this formula.  The decision for me is do

6   I -- in the face of your objection, do I -- does that satisfy

7   the 9019 standard and Rule 23.  I can't say definitively it

8   doesn't.  I think I could find myself concluding that that's

9   fair, reasonable, in the best interest of the estate despite

10  PNC's objection and say what I said last time, I think this

11  really ought to be for the judge in Pennsylvania.  Okay.

12          So now they come back; they've taken the language out.

13  I'll hear them.  They may not like what I'm say now either.

14  Okay.  But they can't have it both ways either, all right?

15  They had no -- they didn't have -- they had the appropriate

16  applicable law language, then they put something in that you

17  didn't like, they liked.  We're back at the final approval

18  stage.  They've taken the language out, and I'm going to fill

19  that void of the absence of language and say the district court

20  and what's -- is it the Western District of Pennsylvania?

21          MR. MARRIOTT:  Western District of Pennsylvania.

22          THE COURT:  Western District of Pennsylvania should

23  decide -- in the event it becomes necessary, should decide what

24  the appropriate rule for judgment reduction should be in the

25  circumstances.  But, you know, if you want to talk yourself out

1  of that position, keep going.

2          MR. MARRIOTT:  Judge, I know when to sit down.

3          MR. WALSH:  Good afternoon, Your Honor.  John Walsh,

4  Curtis Mallett-Prevost, for the debtors.  We are willing to

5  accept Your Honor's proposal.  I think that makes a lot of

6  sense to defer this to the MDL judge so, obviously, let the

7  Kessler plaintiffs address.  But to the extent we can work out

8  the language, we'll work the language and include it --

9          THE COURT:  Okay.

10          MR. WALSH:  -- in the final order.

11          THE COURT:  Thank you very much.

12          All right.  Let me hear from lead plaintiffs' counsel.

13          MR. WALTERS:  Your Honor, yes.  With respect to that

14  issue --

15          THE COURT:  You have to identify yourself on the

16  record.

17          MR. WALTERS:  Fred Walters.  I always forget, and I

18  apologize.

19          THE COURT:  That's okay.

20          MR. WALTERS:  Fred Walters for the Kessler class

21  plaintiffs.  Your Honor, we are -- actually, in our proposed

22  order, which has some revisions that we were going to submit to

23  you, it's very close to what you suggest that you want included

24  already.  We have no objection to your suggestion that it be

25  deferred or referred, whatever the right --

1          THE COURT:  Remind me of the district judge's name.

2   Remind me of the district judge's name.

3          MR. WALTERS:  Judge Schwab.

4          THE COURT:  Judge Schwab.

5          MR. ROSENBAUM:  Yeah.

6          THE COURT:  He was -- we had a very -- we didn't get

7   into the merits.  We had a very good conversation about the

8   case.  He appreciated the fact that I didn't just go ahead and

9   enter an order that could affect his case.  And so -- go ahead.

10  I didn't want to --

11         MR. WALTERS:  Yeah, I don't -- I'm sure that he did,

12  and he's -- I'm -- it's good that you spoke with him and --

13         THE COURT:  It sounds like this case has been petty --

14  he didn't have the case originally.  He inherited the case

15  and --

16         MR. WALTERS:  This case has been pending for twelve

17  years, and our previous judge passed during that -- it's been

18  pending that long.  Judge, my kids have been educated and

19  out --

20         THE COURT:  So --

21         MR. WALTERS:  -- out of college through this.

22         THE COURT:  -- when I became a judge in November 2006,

23  I had been litigating a case in federal court in Atlanta for

24  twelve years.  In twelve years, I don't even think a deposition

25  had been taken yet.  We'd been through multiple rounds of

1   motions, and it lasted, I think, for another four years after I

2   came on the bench.  I think everybody just got burned out and

3   settled it.  I mean, but it just -- it was a long time.

4           MR. WALTERS:  A lot of perseverance required, Your

5   Honor, when you represent --

6           THE COURT:  All right.  What I would like you to do --

7           MR. WALTERS:  -- to commit to --

8           THE COURT:  -- I'd like you to sit down with PNC's

9   counsel and the other counsel in the case and see

10  whether -- you've heard what I want to say --

11          MR. WALTERS:  We have.

12          THE COURT:  -- okay?  I didn't wordsmith it.  You've

13  heard the gist of what I wanted.

14          MR. WALTERS:  I think we can do that, Your Honor.

15          THE COURT:  But maybe what you could do is -- let's

16  take a short recess, see if you can agree on the language to go

17  in the order.  Assuming this issue is worked out so that -- I

18  have carefully considered the motion for approval on a final

19  basis of the class action settlement in the Kessler case.

20  Subject to satisfactory language with respect to judgment

21  reduction, the Court overrules the one other objection and

22  finds that this -- the proposed settlement satisfies both Rule

23  7023 and the rule -- Bankruptcy Rule 9019 standard.

24          The settlement -- the proposed settlement is fair,

25  equitable, and in the best interests of the debtors' estate.

RESIDENTIAL CAPITAL, LLC, ET AL.                    25

1    So I'm completely satisfied with it.  Why don't you take a

2    little while, see if you can agree on that additional language

3    to put it.  And why doesn't somebody knock on my chambers door

4    when you do.  You ought to be able to work this out to get the

5    right --

6              MR. WALTERS:  It'll be very quick, Your Honor.

7              THE COURT:  -- satisfactory.

8              MR. WALTERS:  By the -- just for the Court's record,

9    there -- we have two other motions, not only that motion but

10   the fee motion and the incentive fee motion that we think --

11   that we need to address also.

12             THE COURT:  Yeah.  Anybody else want to address the

13   fee motion?  And I know that was one of the objections related

14   to the fee motion.

15             MR. WALTERS:  Yeah.

16             THE COURT:  Anybody else wish to object -- address it?

17             Okay.  In my comments for approving the settlement,

18   I'm also approving the class action, the fees, and the

19   incentive for payment as well.

20             MR. WALTERS:  One last motion would be the incentive

21   motion for the class representative.

22             THE COURT:  Yes, I understand.  You said a motion for

23   the --

24             MR. WALTERS:  Oh.

25             THE COURT:  -- class representative and fees for

RESIDENTIAL CAPITAL, LLC, ET AL.                    26

 1  class counsel.

 2          MR. WALTERS:  Okay.  Your Honor, that -- we're --

 3          THE COURT:  Okay?

 4          MR. WALTERS:  We will convene with the PNC --

 5          THE COURT:  Okay.

 6          MR. WALTERS:  -- counsel.

 7          THE COURT:  All right.  So somebody just knock on my

 8  chambers door when you have that worked out, and I'll come back

 9  out.  Okay?

10          MR. WALTERS:  Thank you, Your Honor.

11          THE COURT:  All right.  Thank you.

12      (Recess from 4:26 p.m. until 4:38 p.m.)

13          THE COURT:  Mr. Marriott?

14          MR. MARRIOTT:  I'm going to, Judge, read to you what

15  will be paragraph 15 to the last paragraph of the proposed

16  order that we transmitted to you with these changes.

17          THE COURT:  Okay.  Just pull the microphone a little

18  closer to you.

19          MR. MARRIOTT:  I'm sorry.

20          THE COURT:  Okay.

21          MR. MARRIOTT:  The paragraph is captioned "Judgment

22  Reduction" and will read as follows.

23          "Nothing contained in this order shall be construed as

24  determining the method or amount of any judgment reduction, if

25  applicable, with respect to any nonsettling defendants in the

RESIDENTIAL CAPITAL, LLC, ET AL.                    27

1   MDL litigation.  This Court specifically refers determination

2   of such issues to the United States District Court for the

3   Western District of Pennsylvania or to such other courts in

4   which the actions consolidated in the MDL litigation may be

5   pending at the time of such determination."

6              THE COURT:  All right.  Is everybody in agreement on

7   that language?

8              MR. WALSH:  Plaintiffs agree, Your Honor.

9              MR. MARRIOTT:  The debtors' are in agreement, Your

10  Honor.

11             THE COURT:  All right.  That's satisfactory to me as

12  well.  So --

13             MR. WALTERS:  Judge, we had a proposed order which has

14  never been submitted, but it doesn't -- Fred Walters for the

15  plaintiff.  We had a revised final order --

16             THE COURT:  So somebody needs to e-mail the order to

17  chambers.  And as long as you've all signed off on it, I will

18  go ahead and enter the order.  Mr. Rosenbaum?

19             MR. ROSENBAUM:  That'll be fine.

20             MR. MARRIOTT:  We'll take care of that, Your Honor.

21             THE COURT:  Okay.  So is it -- is everything in a

22  single order?  Because you've got the fee issue and the

23  incentive fee for class representatives.  Everything's in the

24  single order?

25             MR. WALTERS:  All in the same order.

1          THE COURT:  Okay.  All right.  If --

2          MR. ROSENBAUM:  Your Honor, well -- I'm sorry.

3          THE COURT:  Go ahead, Mr. Rosenbaum.

4          MR. ROSENBAUM:  Just one housekeeping matter.  Norm

5  Rosenbaum for the debtors.  We just want to move all the

6  declarations into evidence, Your Honor.

7          THE COURT:  Okay.

8          MR. ROSENBAUM:  Thank you.

9          THE COURT:  Could you identify them by ECF number?

10          MR. ROSENBAUM:  In a second, Your Honor.

11          THE COURT:  Sure.  And if you -- my courtroom deputy's

12  already left for the day.  She will be here tomorrow morning,

13  and I will be here tomorrow morning, but only in the morning so

14  that if you get the order e-mailed to chambers in the morning,

15  it'll get entered tomorrow morning.

16          MR. WALTERS:  Your Honor, I have those declarations

17  that Mr. Rosenbaum was talk --

18          THE COURT:  Okay.

19          MR. WALTERS:  -- was mentioning.  They would be at doc

20  number 4451-1 --

21          THE COURT:  That's the --

22          MR. WALTERS:  -- through doc number 4 --

23          THE COURT:  Identify the declarant and -- with each

24  one, okay?

25          MR. WALTERS:  Doc number 4451-1 is Mr. Thompson's

RESIDENTIAL CAPITAL, LLC, ET AL.                    29

1  declaration.  Doc number 4451-2 is Mr. Walters', or my,

2  declaration.  Doc number 4451-3 is the declaration jointly of

3  Mr. Walters, Mr. Skeens, and Mr. Carlson.  Doc number 4451-4 is

4  Mr. Friedman's declaration.

5       With respect to the fee motion, the various

6  declarations are contained at doc number 5598-1, which is my

7  declaration.

8     (Pause)

9       MR. WALTERS:  Doc number 5598-1 is the Walters -- Fred

10 Walters declaration.  Doc number 5598-2 is Mr. Carlson's

11 declaration.  Doc number 5598-3 is Mr. Borison's declaration.

12 Doc number 5598-4 is Mr. Sharbrough's declaration.  Doc number

13 5598-5 is Mr. Hutton's declaration.  Doc number 5598-6 is Mr.

14 Flanigan's declaration.  Doc number 5598-7 is Mr. Wood's

15 declaration, and doc number 5598 is Mr. Dan Myers' declaration.

16 And I believe those are all of the declarations.

17       THE COURT:  All right.  Are there any objections to

18 the Court admitting in evidence the declarations that have been

19 just identified on the record?

20       All right.  All of them are in evidence.

21 (Declarations were hereby received into evidence as Debtors'

22 Exhibits, as of this date.)

23       MR. WALTERS:  Thank you, Your Honor.

24       THE COURT:  Mr. Marriott, is there anything else?

25       MR. MARRIOTT:  Just one housekeeping --

1          THE COURT:  Sure.

2          MR. MARRIOTT:  -- item, Your Honor.  We had filed a

3    request for judicial notice in connection with our objection.

4    And I think given the resolution, that's become moot.

5          THE COURT:  Okay.  Thank you very much.

6          Mr. Rosenbaum, was there something else you wanted to

7    say?

8          MR. ROSENBAUM:  I'm looking around.  But no, Your

9    Honor, I think that concludes the --

10          THE COURT:  Okay.

11          MR. ROSENBAUM:  -- proceedings for today.  Thank you.

12          THE COURT:  I'm pleased that you were all able to

13    settle this action.  And has anything happened in the district

14    court since -- since you were last here?

15          MR. WALTERS:  Yes, Your Honor.  We've -- the class has

16    been certified, and we've been engaging in energetic discovery,

17    if you will.  And the Third Circuit Court of Appeals has now

18    accepted a third time -- a third appeal, a 23(f) appeal of the

19    class certification order.  So if I had kids, there would

20    probably be another twelve years, Your Honor.  So we're on a

21    long course.  That's what the status is right now.

22          THE COURT:  All right.  Thank you very much.

23          MR. WALTERS:  You're welcome.

24          THE COURT:  All right.  Everybody have a very nice

25    Thanksgiving.

1            IN UNISON:  Thank you, Your Honor.

2            THE COURT:  Okay.

3        (Whereupon these proceedings were concluded at 4:44 PM)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                              I N D E X

3

4                           E X H I B I T S

5    DEBTORS'                DESCRIPTION          PAGE

6    --                      Declarations         29

7

8                               RULINGS

9                                          Page      Line

10   Class Action, Fees and Incentive for Payment 25       19

11   Approved

12   Proposed Final Settlement Approved          27        18

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                      C E R T I F I C A T I O N

3

4    I, Penina Wolicki, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7

8

9

10   _____

11   PENINA WOLICKI

12   AAERT Certified Electronic Transcriber CET**D-569

13

14   eScribers

15   700 West 192nd Street, Suite #607

16   New York, NY 10040

17

18   Date:  November 27, 2013

19

20

21

22

23

24

25