UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 12-12020-mg

- - - - - - - - - - - - - - - - - - - - -x

In the Matters of:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

- - - - - - - - - - - - - - - - - - - - -x

United States Bankruptcy Court

One Bowling Green

New York, New York

November 26, 2013

3:06 PM

B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE

Conference, on the Record, Regarding Discovery and Post-Trial Briefing

Transcribed by: Penina Wolicki
eScribers, LLC
700 West 192nd Street, Suite #607
New York, NY 10040
(973)406-2250
operations@escribers.net

A P P E A R A N C E S :

MORRISON & FOERSTER LLP

Attorneys for Debtors

1290 Avenue of the Americas

New York, NY 10104

BY: CHARLES L. KERR, ESQ. (TELEPHONICALLY)

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

Conflicts Counsel to Debtors

101 Park Avenue

New York, NY 10178

BY: THERESA A. FOUDY, ESQ. (TELEPHONICALLY)

KRAMER LEVIN NAFTALIS & FRANKEL LLP

Attorneys for Official Creditors' Committee

1177 Avenue of the Americas

New York, NY 10036

BY: P. BRADLEY O'NEILL, ESQ. (TELEPHONICALLY)

STEPHEN ZIDE, ESQ. (TELEPHONICALLY)

MILBANK, TWEED, HADLEY & MCCLOY LLP
Attorneys for Ad Hoc Group of Junior Secured Notes
1850 K Street, NW
Washington, DC 20005

BY: DAVID S. COHEN, ESQ. (TELEPHONICALLY)

MILBANK, TWEED, HADLEY & MCCLOY LLP
Attorneys for Ad Hoc Group of Junior Secured Notes
One Chase Manhattan Plaza
New York, NY 10005

BY: GERARD UZZI, ESQ. (TELEPHONICALLY)

P R O C E E D I N G S

THE COURT: All right. This is Judge Glenn. We're on the record in Residential Capital number 12-12020. I have the -- let's see, who's on the telephone? I'm not sure if I have the list or not.

MR. KERR: Your Honor, it's Charles Kerr of Morrison & Foerster on behalf of the debtors.

THE COURT: Okay.

MR. O'NEILL: Brad O'Neill and Stephen Zide on behalf of the committee, Your Honor, from Kramer Levin.

THE COURT: Okay.

MS. FOUDY: Theresa Foudy from Curtis Mallet is on as well.

MR. UZZI: And Gerard Uzzi and David Cohen from Milbank, on behalf of UMB Bank and the JSNs.

THE COURT: Okay. Who wants to begin.

First tell me, are there any disputes about the additional exhibits?

MR. KERR: Your Honor, it's Charles Kerr on behalf of the debtors. I think we have resolved all of our disputes, or any disputes that may have arisen with respect to the exhibits. So I believe that the JSNs just filed a list of the additional exhibits that they are offering as part of their case, which we have looked at and have agreed to.

THE COURT: Okay.

MR. COHEN: Your Honor, this is David Cohen. It's at docket 5956, and we vetted that list through both the committee and the debtors, and all objections have been resolved.

THE COURT: Thank you, I appreciate the fact that you worked that out.

MR. KERR: Your Honor, this is Charles Kerr --

THE COURT: Okay, just hold on, Mr. Kerr. Just to be clear, then, so that all of the exhibits listed -- how many are on there, by the way? Mr. Cohen?

MR. COHEN: I think there are 185, Your Honor.

THE COURT: Great. Just what I wanted to read is another 185 exhibits. But so the exhibits listed on what's been filed as ECF docket number 5956 are in evidence.

(Exhibits listed at ECF 5956 were hereby received into evidence as Defendants' Exhibits, as of this date.)

MR. COHEN: Thank you, Your Honor.

THE COURT: Okay.

MR. KERR: Your Honor, Charles Kerr on behalf of the debtors. The only remaining issue with respect to exhibits was one that arose during Ms. Gutzeit's examination I think, last Friday. There were three exhibits, AFC accounting principles, that we had put in and that were excerpts from those. And you had asked whether or not in light of the questions you had raised with Ms. Gutzeit, there were any additional portions of those AFC standards that we needed to put in. And I have been

trying to track that down. I apologize, but I have not gotten a final answer.

I think what you had suggested at the time was, if we could agree with the JSNs we would just substitute the number of pages for what's in there. But I just wanted to let you know that that has not yet been completed.

THE COURT: Okay. I don't -- Mr. Cohen? I mean, you want to address that?

MR. COHEN: Yeah, Your Honor. This is David Cohen. That would be fine with us. I understand that sometimes finding the complete statement of those principles may take a little effort. So we're fine waiting.

MR. KERR: Right. And Your Honor, I will get that resolved by Monday, and I'll resolve Mr. Cohen -- I mean, by tomorrow, and that will not be an issue. So I just wanted to let you know --

THE COURT: Okay.

MR. KERR: -- that that's --

THE COURT: I thought you actually were going to work on Thanksgiving Day to read the entire statement of accounting principles and decide which --

MR. KERR: I'd actually ask my children to do that, Your Honor. So --

THE COURT: I don't think too much is going to ride on this. I mean, I -- again, I said it from the bench that I

think that the excerpts may suffice. If they don't -- if you can't agree you'll just put the whole thing in. But --

MR. KERR: Right, Your Honor. And this is Charles Kerr again. The excerpts may suffice. And I'm hoping they will. I just need to confirm that.

THE COURT: No, I -- that's fine. Either way, we know what's -- at worst the whole things are coming -- both of them are coming in in their entirety or the excerpts. And if people want additional excerpts to add, that's fine.

Okay, I'm comfortable with that.

MR. COHEN: Okay.

THE COURT: All right.

MR. KERR: Your Honor, this is Charles Kerr. I had one other housekeeping matter and then we have, I think, another issue to deal with you. But one housekeeping matter.

Your Honor, I understand at the end of phase 2 -- I mean phase 1 when -- and I don't know if both parties -- at least I think the committee and the debtors, when they submitted their post-trial findings of fact and conclusions of law, I understand they gave you also a DVD so you could hyperlink to the exact cases and exhibits. And I don't know whether that was useful for Your Honor or not, whether it was -- I understand it's somewhat expensive to do, but if it was helpful for Your Honor, we could do that again. And I was just asking to see whether that was something that you'd be

interested in having us do?

THE COURT: It is helpful, Mr. Kerr. I'm mindful of what the expense is in this case, but compared to everything else that's being expended, providing me with a hyperlinked DVD is not inordinate. And I think -- I understand all of the parties want a fairly prompt resolution. We'll see how prompt that's going to be, but --

MR. KERR: That's fine, Your Honor. We'd be more than pleased to do it.

THE COURT: Okay. It is helpful.

MR. COHEN: Your Honor, this is David Cohen, also, on behalf of the JSNs. We'd be happy to provide one with you also. What we would suggest we do is submit the brief on the 5th when it's due, and then shortly thereafter send you the hyperlinks.

THE COURT: That's fine, Mr. Cohen. And Mr. Kerr, same applies to you.

MR. KERR: Thanks.

THE COURT: I mean, the sooner you get -- look, I mean, I'm working on this already, but I really need the facts and your briefs. But so, it's important. But so yes, file the briefs and as quickly as you can thereafter, provide us with the hyperlinked DVDs.

MR. COHEN: We'll do that, Your Honor.

THE COURT: Okay.

MR. COHEN: We'll do that.

MR. KERR: Your Honor, again, Charles Kerr. I think there was -- and while we've been successful in resolving the exhibit issues-- and I think there was one other issue that we discussed on the phone today with the JSNs. And I think the parties are of like mind about how to address the issues, but we just wanted to raise it with Your Honor and make sure it met Your Honor's expectations as part of the post-trial findings or actually what would be in the briefs.

And actually what I -- if I could turn this over to maybe Brad O'Neill or -- who might be able to articulate the issue for you. It has to do with the fee requests.

Brad, could you maybe outline it for the judge?

MR. O'NEILL: Your Honor, as you know, at the sort of back end of the issues here, there are issues relating to fees and the compensability of the JSNs' fees.

THE COURT: Yeah, they said they want another sixty million dollars.

MR. O'NEILL: Yeah, that's the number that's been bandied about. But it breaks down into -- and I think the parties are in agreement on this. It breaks down, in our view, into legal issues and factual issues. And I think the parties' preference, which I think is consistent with your expectations, is to the extent there are factual issues relating to the allowability of a fee request, they would be back-ended and put

and heard in a separate proceeding, but that to the extent there are legal issues -- and we believe there are legal issues concerning the JSNs' entitlement to fees -- we would brief them now as part of phase 2.

And we just wanted to make sure before we went ahead and did that, that that was consistent with what you were thinking.

THE COURT: Mr. Uzzi, Mr. Cohen, do you want to address that?

MR. UZZI: Yes, Your Honor. Gerard Uzzi. No, that's consistent with our understanding. I think there's a threshold question with respect to what are the both statutory contractual entitlements that we need to address, which I think will be hopefully very easily addressed, and then there's the factual issue which, just from a practical standpoint, I'm not sure the issue's joined on it.

But even going a little bit into the more practicality, I think there's -- a trustee will have to submit a request alternately to the debtors, the issuer, under the documents, and the issuer will have a chance to review it. As I said in my opening, we don't disagree with the fact that it's subject to a reasonableness standard. And we'll see if we have a dispute.

If Your Honor otherwise rules that the JSNs are entitled, or I should say, the trustee is entitled to

compensation, we'll see if we have a dispute on reasonableness, and if we do, that hopefully will be a narrow issue for Your Honor to deal with at a later time.

THE COURT: I agree with both sides. I mean, I didn't expect that evidence was going to be offered on fees at the trial. And obviously, if -- but I do anticipate resolving the legal issue of entitlement. Obviously, if I decide that in favor of the JSNs, if you can't resolve the issue, we'll have to have another evidentiary hearing to resolve it. So I agree with you.

But I do -- and I think you both seem to agree -- I was expecting and I do expect to resolve the legal issue of the entitlement.

MR. UZZI: Yes, Your Honor.

THE COURT: Mr. Kerr, anything else?

MR. KERR: Your Honor, Charles Kerr. I believe that was the only issue. We just wanted to make sure that we were on the same page with the Court. I don't believe there's any other issues. I think we've been very successful in working through the other housekeeping issues we had after yesterday. So I think we're just --

THE COURT: Okay.

MR. KERR: -- working away.

THE COURT: All right, Mr. Uzzi or Mr. Cohen, do you have anything you want to raise?

MR. COHEN: No, Your Honor. This is David Cohen. I think that those were the only issues we had for the Court. Thank you.

THE COURT: Okay. I do have one last thing I wanted to order, and that is that all of you who are on the phone, you are absolutely forbidden from having your associates work on Thanksgiving.

MR. UZZI: Your Honor, on behalf of my associates, one who's in the room with me right now, who is smiling from ear to ear, we thank you for that.

THE COURT: And I would just say, if any of the associates who hear about this who are on the phone, if any of the partners in your firms violate that rule, you let me know.

MR. KERR: Your Honor, I have to countermand Mr. Lee's orders then.

MR. UZZI: And, Your Honor, I'm not in a position to order you, but I will say I hope your clerks at least have a happy Thanksgiving as well.

THE COURT: We're all pleased that we're not getting the briefing until after Thanksgiving. Let me put it that way.

UNIDENTIFIED SPEAKER: Okay, Your Honor.

THE COURT: Okay. So all right.

MR. KERR: Thank you, Your Honor. Have a wonderful holiday.

THE COURT: Everybody have a very nice holiday. Okay.

IN UNISON: Thank you, Your Honor.

THE COURT: Thanks very much. Okay.

(Whereupon these proceedings were concluded at 3:17 PM)

I N D E X

E X H I B I T S


| DEFENDANT'S | DESCRIPTION | PAGE |
|---|---|---|
| -- | Exhibits listed at ECF 5956 | 7 |

C E R T I F I C A T I O N

I, Penina Wolicki, certify that the foregoing transcript is a true and accurate record of the proceedings.

Penina Wolicki

______________________________________

PENINA WOLICKI

AAERT Certified Electronic Transcriber CET**D-569

eScribers

700 West 192nd Street, Suite #607

New York, NY 10040

Date: November 27, 2013