**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING EMERGENCY EXPEDITED MOTION FOR INJUNCTION AND MOTION FOR EXTENSION OF TIME**

Ronald P. Gillis ("Gillis") filed his *Emergency Expedited Motion for Injunction to New York Bankruptcy Court to Estopple Lower Court Proceedings (Florida Civil),* filed November 26, 2013 ("Motion," ECF Doc. # 5969). Gillis filed a second motion on December 2, 2013—*Motion for Extension Time* ("Motion for Extension of Time," ECF Doc. # 6009).

As best the Court can determine from the Motion, Gillis was a defendant in a Florida foreclosure proceeding in Charlotte County, Florida that is now on appeal to the Second District Court of Appeals in Florida. From the pleading filed by Gillis, it appears that Deutsche Bank rather than any of the Debtors prosecuted the Florida foreclosure action that has resulted in a judgment of foreclosure concerning Gillis' home. But the Court will assume that one of the Debtors is or was a party. While the Motion is far from clear, Gillis appears to argue that the automatic stay in this case should have precluded the foreclosure action against Gillis from going forward in Florida.

On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 363, 363, 502, 1107(a) and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower*

1

*Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (ECF Doc. # 774) (the "Supplemental Servicing Order"). Paragraph 14 of the Supplemental servicing Order provides in part as follows:

> 14. The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending, is hereby modified pursuant to the following terms and conditions:
> (a) except as set forth herein, a borrower, mortgagor, or lienholder (each, an "Interested Party") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims; . . . .

Therefore, as can be seen above, the automatic stay was modified to permit the continued prosecution of foreclosure actions. It also permits borrowers in such foreclosure actions to assert and prosecute by way of defense to the foreclosure action direct claims and counter-claims relating to the property against the Debtors.

The Motion and the Motion for Extension of Time do not provide any basis for the Court to grant any relief requested by Gillis, even assuming that one of the Debtors is a party to Florida litigation, either in the trial court or on the pending appeal. Therefore, the Motion for an injunction is **DENIED.**

In light of the Court's ruling on the Motion, there is also no basis to grant Gillis any extension of time. Therefore, the Motion for Extension of Time is **DENIED.**

**IT IS SO ORDERED.**

Dated: December 5, 2013
New York, New York

                                      _/s/ Martin Glenn_
                                          MARTIN GLENN
                               United States Bankruptcy Judge