**Hearing Date: December 11, 2013 at 10:00 a.m. (prevailing Eastern Time)**

**WINSTON & STRAWN LLP**
James Donnell (jdonnell@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Nathan P. Lebioda (nlebioda@winston.com)
100 North Tryon Street
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

*Attorneys for WFNBA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020-MG |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

**POST CONFIRMATION HEARING BRIEF IN FURTHER SUPPORT OF LIMITED OBJECTION OF WFBNA TO CONFIRMATION OF JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

## TABLE OF CONTENTS

Page

I.    Preliminary Statement....................................................................................................2

II.    WFBNA's Claims Against AFI and AFI's Non-Debtor Affiliates ....................................6

III.    No Showing that the "Best Interest Test" is Met with respect to WFBNA's Claims..........8

IV.    No Showing of § 105 Authority to Discharge WFBNA's Deposit Agreement
        Claims Against AFI ......................................................................................................10

V.    Insufficient Evidence to Establish Jurisdiction Premised on an AFI Right of
        Indemnity Against ResCap Under the Deposit Accounts....................................................11

VI.    Waiver and Estoppel......................................................................................................12

VII.    Enforcement of Contractual Subordination Required...........................................................13

NY:1598014.9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship,
    526 U.S. 434 ......................................................................................................8

Hassanally v. Republic Bank (In re Hassanally),
    208 B.R. 46 (9th Cir. B.A.P. 1997).....................................................................7

In re Flynn,
    238 B.R. 742 (Bankr. N.D. Ohio 1999) ...............................................................7

In re Lowenschuss,
    67 F.3d 1394 (9th Cir. 1995) ...........................................................................6, 7

In re Plant Insulation Co.,
    469 B.R. 843 (Bankr. N.D. Cal. 2012) .................................................................6

Madoff v. Picard (In re Madoff),
    848 F. Supp. 2d 469 (S.D.N.Y. 2012).................................................................10

Norwest Bank v. Ahlers,
    485 U.S. 197 (1988)............................................................................................10

Pfizer Inc.v. Angelos (In re Quigley Co. Inc.),
    676 F.3d 45 (2d Cir. 2012).............................................................................10, 9

STATUTES

11 U.S.C. § 105.............................................................................................................5, 10

11 U.S.C. § 524(g) ............................................................................................................8

11 U.S.C. § 1129(a)(7).....................................................................................................11

OTHER AUTHORITIES

Fed. R. Civ. P. 60............................................................................................................12

NY:1598014.9

**Hearing Date:  December 11, 2013 at 10:00 a.m. (prevailing Eastern Time)**

**WINSTON & STRAWN LLP**
James Donnell (jdonnell@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700

Nathan P. Lebioda (nlebioda@winston.com)
100 North Tryon Street
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

*Attorneys for WFNBA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------- )
                                                        )
In re:                                                  )     Case No. 12-12020-MG
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,                       )     Chapter 11
                                                        )
                                   Debtors.             )     Jointly Administered
-------------------------------------------------------------------------------- )

**POST CONFIRMATION HEARING BRIEF IN FURTHER SUPPORT OF LIMITED
OBJECTION OF WFBNA TO CONFIRMATION OF JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank,

N.A., ("WFBNA") file this Post Confirmation Hearing Brief in Further Support of Limited

Objection of WFBNA to Confirmation of Joint Chapter 11 Plan Proposed by Residential Capital,

LLC and the Official Committee of Unsecured Creditors. [Docket No. 5411] (the "Objection").

In its Objection, WFBNA requests an express finding that the obligations under its bank account

deposit agreement with each of Ally Financial Inc. and its non-Debtor affiliates (collectively,

NY:1598014.9

"AFI") are not released under the Second Amended Joint Chapter 11 Plan Proposed by

Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors (the "Plan"

or the "Debtors' Plan" or the "Debtors' Chapter 11 Plan").

## I.    Preliminary Statement

WFBNA is engaged in a dispute with AFI that predates the Debtors' bankruptcy filings.

The dispute relates to that certain Deposit Agreement, attached as Exhibit A to the Stipulated

Facts in Connection With the Limited Objection of WFBNA to Confirmation of the Joint

Chapter 11 Plan Proposed by Residential Capital, LLC and the Official Committee of Unsecured

Creditors [Docket No. 5912] (the "Stipulation"),[1] by and among WFBNA, certain of the Debtors,

AFI, and certain other non-Debtor AFI affiliates.

Prior to the commencement of the above-captioned bankruptcy cases (the "Bankruptcy

Cases"), WFBNA sent a letter amendment, dated March 19, 2012 and attached to the Stipulation

as Exhibit B, to AFI (the "Purported Amendment") in which WFBNA asserted that if the parties

to the Deposit Agreement continued to maintain their deposit accounts with WFBNA after thirty

days, the amendments contained therein would become effective. Stipulation Ex. B at 2.

Amending the Deposit Agreement in this manner was permissible under the terms of the original

Deposit Agreement. Stipulation Ex. A at 1 ("We may amend this agreement and any

documentation referred to herein and the rules related to your account at any time. We will

provide you 30 days prior notice of any such changes or amendments if they are not in your

favor. If you continue to use such services after such notice you will be deemed to have

accepted such changes."). Thereafter, the Debtors commenced the Bankruptcy Cases on May

14, 2012 (the "Petition Date").

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Stipulation.

NY:1598014.9

The Purported Amendment included explicit guaranty, waiver, and subordination rights in favor of WFBNA.  See Ex. B at 4, 6-7.  AFI and the Debtors have reserved their rights to contest the effectiveness of the Purported Amendment.  Stipulation at ¶ 6.  The deposit accounts held by AFI, Ally Bank, and other non-Debtor affiliates remained open after the Petition Date. Id. at ¶ 3 and 7.  Certain of the Debtors' deposit accounts with WFBNA also remained open.  Id. at 3. They were thus the subject of the Court's cash management order and the Debtors' DIP financing agreement in the Bankruptcy Cases.  WFBNA filed a limited objection to both motions seeking to preserve its rights against AFI.  Id. at ¶ 9.

From the outset of the bankruptcy case, the Debtors asserted that they would seek a release of third party claims against AFI.  See Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 365 and Bankruptcy Rule 6006 Authorizing the Debtors to Assume Plan Support Agreements with Steering Committee and Consenting Claimants, Ex. 3 at § 3.1(i), June 11, 2012 [Docket No. 318-3]; Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 365 and Bankruptcy Rule 6006 Authorizing the Debtors to Assume Plan Support Agreements with Talcott Franklin Consenting Claimants, Ex. 3 at § 3.1(i), June 11, 2012 [Docket No. 319-3].  It is obvious, but worth recognizing, that AFI's actions to obtain a release of all third party claims is in contravention of AFI's continuing indemnity obligations to WFBNA under the executed Deposit Agreement.  WFBNA has acted to oppose AFI's efforts to obtain such release.  On December 26, 2012, WFBNA debited approximately $472,000 from AFI's accounts at WFBNA to reimburse itself for payment of a portion of Winston & Strawn's fees and expenses incurred in connection with the Deposit Accounts.  Stipulation at ¶ 18.  AFI disputes WFBNA's claim that AFI is responsible for Winston & Strawn's fees and expenses and

3

NY:1598014.9

reserves all right, remedies, and arguments in connection with that and all other claims. Id. at ¶ 17.

The Debtors subsequently filed an asset sale motion, seeking the assumption and assignment of certain third party contracts of AFI and permanently enjoining any setoff rights. See Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 363, and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief, May 14. 2012 [Docket No. 61] (the "Sale Motion"). WFBNA filed a reservation of rights to the Sale Motion, objecting to the inclusion of provisions in the sale order that granted AFI a release of AFI's contractual liability to WFBNA under the Deposit Agreement and the Purported Amendment. See Reservation of Rights of WFBNA to Debtors' Sale Motion, June 11, 2012 [Docket No. 281]. In this reservation of rights, WFBNA argued that it has (i) a guaranty from AFI for payment of any losses WFBNA incurs under the Deposit Agreement; and (ii) a contractual subordination from AFI of AFI's claims and recoveries in favor of WFBNA. See id. at ¶ 1; Stipulation, Ex. B at § 28.

In connection with the proposed sale, the Debtors also filed a notice of intent to assume and assign certain executory contracts. See First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal

4

Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related

Thereto, Sept. 18, 2012 [Docket No. 1484].  In response, WFBNA filed a reservation of rights to

object to any assumption or assignment of the Deposit Agreement.  See Reservation of Rights

and Limited Objection of WFBNA to (I) Debtors' Intent to Assume and Assign Certain

Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of

Nonresidential Real Property and (II) Cure Amounts related Thereto, at ¶ 10, Sept. 28, 2012

[Docket No. 1652].

Consistent with the plan support agreements that it filed at the outset of the bankruptcy,

the Debtors filed a Plan premised on providing AFI a release of third party creditors' claims

against AFI.  WFBNA filed its limited objection to the Plan asserting six independent grounds

for the Court to limit the third party release provisions set forth in Section IX.D of the Plan so as

to preserve WFBNA's rights against AFI and AFI's non-Debtor affiliates under the Deposit

Agreement and the Purported Amendment thereto.  The grounds were:

1.    Failure to satisfy the 'best interest test' as it applied to WFBNA;

2.    Estoppel based on AFI's and the Debtors' postpetition continued use of the

       Deposit Accounts at WFBNA;

3.    AFI's waiver of any discharge under the terms of the Deposit Agreement;

4.    This Court's lack of authority under section 105 of the Bankruptcy Code for the

       forced release of WFBNA's contractual direct claims against AFI under the

       circumstances of the case;

5.    AFI's waiver of indemnity rights against the Debtors (including indemnity as a

       basis for jurisdiction) for  claims arising under AFI's Deposit Agreement, and the

       lack of any basis for any indemnity for claims arising out of AFI's own bank

NY:1598014.9

accounts (or the bank accounts of Ally Bank and the other non-Debtor

subsidiaries); and

6. The contractual subordination of any claims of AFI to claims of WFBNA

pursuant to the Deposit Agreement.

The Plan proponents and AFI chose to make no response to most of these objections and

instead, asserted that WFBNA could identify no actual claim against either the Debtors or AFI.

See Plan Proponents' Omnibus Resp. to Obj. to Confirmation of the Joint Ch. 11 Plan Proposed

by Residential Capital, LLC, et al. and the Official Comm. of Unsecured Creds. at 50, Nov. 12,

2013, [Docket No. 5718] (the "Resp."). In fact, the primary legal precedent cited in the Plan

proponents' and AFI's collective responses to WFBNA's objection – In re Plant Insulation Co.,

469 B.R. 843, 887-88 (Bankr. N.D. Cal. 2012) – is from a jurisdiction that specifically prohibits

the permanent release, discharge, or injunction of non-debtor third parties. See In re

Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995).

## II.   WFBNA's Claims Against AFI and AFI's Non-Debtor Affiliates

The basis for WFBNA's claims against AFI and AFI's non-Debtor affiliates is the

Deposit Agreement and the Purported Amendment. The existence of the Deposit Agreement and

the Purported Amendment was stipulated to by the parties. Stipulation at ¶¶ 1 and 5.

WFBNA maintained deposit accounts not only on behalf of the Debtors, but also for the

non-Debtor affiliates, including AFI and Ally Bank. Stipulation at ¶¶ 3 and 8. These deposit

accounts remained open after the petition date. Id. at ¶¶ 4 and 8. In the case of AFI, bank

accounts remained open for many months after the petition date; the last AFI deposit account

was not closed until November 2013. Stipulation at ¶ 8. These various bank accounts held by

AFI and non-Debtor affiliates totaled in excess of forty in number. Stipulation at ¶¶ 3 and 8.

6

Section 21 of the Deposit Agreement provides for direct indemnification obligations of each account holder under the Deposit Agreement for, among other things, "attorneys' reasonable fees and costs[] resulting from . . . obligations, losses or expenses we incurred in connection with any legal process, dispute or third-party claim related to you or your accounts." In its Objection, WFBNA described such claims arising out of AFI's own bank accounts as "AFI Direct Obligations." WFBNA's direct claims against AFI include (i) claims for reimbursement of attorney fees incurred by WFBNA, (ii) claims for reimbursement of future attorney fees and expenses relating to any action brought by AFI against WFBNA and (iii) contingent indemnity claims for unknown obligations arising under the Deposit Agreement. Objection at 2 & ¶ 23.

The Deposit Agreement provides that the indemnity obligations continue even after termination of the Deposit Agreement. See Ex. A at ¶ 13. While the ongoing contingent indemnity claims remain largely unknown, the governmental carve-outs from the Plan's releases provide ample evidence of possible sources of claims giving rise to such indemnity obligations in the future; for example, WFBNA would seek recovery of its expenses should WFBNA have to respond to governmental audits, investigations, or other regulatory requests concerning treasury management services provided to AFI, Ally Bank, or AFI affiliates under the Deposit Agreement.

WFBNA has asserted claims against AFI for reimbursement of attorney fees related to the ResCap Debtors' Bankruptcy Cases. Stipulation at ¶¶ 9–10. AFI has reserved its rights to contest the fees and the application or enforceability of the Deposit Agreement and the Purported Amendment thereto. Id. at ¶¶ 2 and 6.

7

The Purported Amendment provides WFBNA with a guaranty by AFI of any of the Debtors' obligations under the Deposit Agreement. In its Objection, WFBNA described such claims as AFI's "ResCap Guaranty Obligations".

While AFI can dispute the merits of WFBNA's claims, it is indisputable that WFBNA has asserted claims against AFI on account of both the AFI Direct Obligations and the ResCap Guaranty Obligations. See, e.g., In re Flynn, 238 B.R. 742, 746 (Bankr. N.D. Ohio 1999) (finding that the fact that a claim is unliquidated, contingent or disputed does not affect its validity even if liability is contested and unresolved); Hassanally v. Republic Bank (In re Hassanally), 208 B.R. 46, 49 (9th Cir. B.A.P. 1997) (finding that a right to payment includes future claims, where the claim has not yet become manifest at the time the debtor has filed for bankruptcy but is based upon the occurrence, prior to the bankruptcy, of one or more material events, acts, or failures to act involving the debtor).

### III.    No Showing that the "Best Interest Test" is Met with respect to WFBNA's Claims

WFBNA does not challenge the "best interest test" with respect to the best interests of creditors in general, but instead only as it applies to WFBNA's claims under the Deposit Agreement. See, e.g., Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 441 n.13 ("The 'best interests' test applies to individual creditors holding impaired claims, even if the class as a whole votes to accept the plan."). In its Objection, WFBNA argues that under the "best interest test" the Court must evaluate the value of the property *not* retained by WFBNA pursuant to the Plan as a result of the third party release embodied therein.

The Plan's third party release provisions should not be applied to WFBNA's claims against AFI under the Deposit Agreement and the Purported Amendment. WFBNA's claims for its existing legal fees, its future indemnity claims, and its other claims would be satisfied 100% by AFI. Testimony confirmed that AFI is solvent and can pay its claims as they come due in full

8

in cash.  Transcript of Record at 95:20-25, In re Residential Capital, LLC, No. 12-12020-mg

(Bankr. S.D.N.Y. Nov. 20, 2013).  The Court must evaluate the loss of WFBNA's claims against

AFI under the terms of the AFI Release, as compared to what WFBNA would receive under a

Chapter 7 liquidation.

The Plan proponents and AFI responded to this objection by citing a bankruptcy court

decision from California as an argument that the court need not consider certain of WFBNA's

claims because AFI and the Debtors were "co-debtors."  But, the California decision involved

application of the releasing parties' own benefits under asbestos specific provisions of section

524(g) of the Bankruptcy Code and, in any case, the Ninth Circuit does not even allow or

recognize bankruptcy court jurisdiction to grant third party releases to non-debtors.

Regardless, as outlined in WFBNA's Objection, Judge Bernstein's Quigley decision is

clear: the court must take into account the effect of the forced third party release of WFBNA's

claims when measuring whether the "best interest test" is satisfied with respect to WFBNA.  In

WFBNA's case, its claims against AFI that constitute AFI Direct Obligations would be satisfied

100% by AFI in the absence of the Plan's compulsory release.  Those same claims will either be

paid partially or not at all by the Debtors under the Chapter 11 plan.  This is likewise true for the

ResCap Guaranty Obligations owed to WFBNA by AFI.

At the confirmation hearing, the Plan proponents provided evidence regarding the "best

interest test" as applied to creditors generally but failed to provide any evidence that satisfies

application of such test as it applies to WFBNA's claims specifically.  To the contrary, the Plan

proponents' expert witness, Mr. Mark A. Renzi of FTI Consulting, was asked whether he was

familiar with WFBNA's Deposit Agreement with AFI, and he testified that WFBNA's claims

under the Deposit Agreement were *not* included in the liquidation analysis he prepared in support

NY:1598014.9

of the Plan.  Transcript of Record at 47:22-25; 48:1-3, <u>In re Residential Capital, LLC</u>, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 21, 2013).  In fact, Mr. Renzi testified that the liquidation analysis did not include any value for any third party claims against AFI.  Transcript of Record at 221:19-25; 222:1-2, <u>In re Residential Capital, LLC</u>, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 20, 2013).

As such, WFBNA believes that it is clear that the "best interest test" is not satisfied with respect to WFBNA and its claims because WFBNA would receive or retain more property on account of its claims in a Chapter 7 case than it would under the Plan.  In any case, the Plan proponents have not met their burden of proof to establish that the Plan is in the best interests of WFBNA.

**IV.    No Showing of § 105 Authority to Discharge WFBNA's Deposit Agreement Claims Against AFI**

In its Objection, WFBNA cited caselaw holding that a forced third party release of WFBNA's direct contractual claims under the deposit agreement must be based on this Court's authority under section 105 of the Bankruptcy Code.  Even if this Court finds that it has general jurisdiction over the release of third party claims against AFI, the Court must also find that it has authority under section 105 of the Bankruptcy Code to order a compulsory release of the specific claims held by WFBNA.  See <u>Pfizer Inc.v. Angelos (In re Quigley Co. Inc.)</u>, 676 F.3d 45, 58 n.14 (2d Cir. 2012).

While there is ample Second Circuit precedent for a compulsory release of certain types of third party claims, WFBNA asserts that its own claims against AFI under the deposit agreement were independent direct contractual claims, akin to letter of credit obligations, and that there is no basis under section 105 of the Bankruptcy Code for a compulsory release of these claims under the circumstances of this case.  See <u>Madoff v. Picard (In re Madoff),</u> 848 F. Supp.

NY:1598014.9

2d 469, 490 (S.D.N.Y. 2012).  Neither the Plan proponents nor AFI made any response to this

argument in their pleadings, nor did they provide any evidence at trial that would support a

compulsory forced release of WFBNA's particular third party claims.  The plan proponents have

not met their burden of proof to establish any basis for a forced release of such claims under

section 105 of the Bankruptcy Code.

Moreover, despite the equitable powers granted a bankruptcy court pursuant to section

105 of the Bankruptcy Code, "whatever equitable powers remain in the bankruptcy courts must

and can only be exercised within the confines of the Bankruptcy Code."  Norwest Bank v.

Ahlers, 485 U.S. 197, 207 (1988).  As set forth in additional detail below and in the Objection,

the inclusion of the Plan's third party releases undoubtedly results in the failure of the best

interest test under section 1129(a)(7) of the Bankruptcy Code.

**V.     Insufficient Evidence to Establish Jurisdiction Premised on an AFI Right of
         Indemnity Against ResCap Under the Deposit Accounts**

As stated at the confirmation hearing, WFBNA does not contest the court's authority

under Second Circuit precedent to generally order a release of certain third party claims.  The

case law is equally clear, however, that mere "relatedness" is not a basis for a bankruptcy court's

jurisdiction to provide releases to third party non-debtors.  The Plan proponents' claim for such

jurisdiction rests on AFI's general claims for indemnity against the Debtors.  But there is no

basis for AFI to claim indemnity against ResCap for claims that arose out of AFI's own bank

accounts (nor is there any basis for indemnity for claims that arose out of the bank accounts of

other non-Debtors, including Ally Bank).  Again, it is stipulated that AFI and other non-Debtor

affiliates, including Ally Bank, maintained their own deposit accounts with WFBNA.  The

Deposit Agreement, which was executed by AFI, provides for and requires AFI to indemnify

WFBNA for claims related to AFI's own bank accounts.  These are the claims that WFBNA

11

NY:1598014.9

characterizes as "the AFI Direct Obligations."  It would be nonsensical for AFI to assert an

indemnity claim against the Debtors for claims arising out of AFI's own bank deposit accounts.

Additionally, the Purported Amendment expressly provides that AFI has waived any

right of indemnity against the Debtors for any claims arising out of the Deposit Agreement,

whether they be AFI Direct Obligations or AFI/ResCap Guaranty Obligations.  Stipulation Ex. B

at 6-7.  While AFI and the Plan proponents dispute the validity and effectiveness of the

Purported Amendment, the Purported Amendment by its terms became effective April 25, 2012

unless the subject bank accounts were closed, consistent with the terms of the Deposit

Agreement.  See Ex. B at 2.  AFI and the Debtors continued to maintain bank deposit accounts

after April 25, 2012 with WFBNA.  Stipulation at ¶¶ 4 and 8.  The Plan proponents have again

failed to meet their burden of proof to establish that AFI has any continuing right of indemnity

against the Debtors for either the AFI Direct Obligations or the ResCap Guaranty Obligations.

## VI.    Waiver and Estoppel

In its Objection, WFBNA asserts that any right of AFI to take advantage of a discharge of

its continued indemnity obligations to WFBNA under the AFI Deposit Agreement were

effectively waived under the terms of the Purported Amendment.  See Ex. B at 6-7.  Neither AFI

nor the Plan proponents made any response to this argument.

Similarly, WFBNA argues in its Objection that AFI should be estopped from taking

advantage of a forced release of WFBNA's claims due to AFI's ongoing postpetition receipt of

the benefits of the continuation of its and the Debtors' deposit accounts with WFBNA under the

terms of this Court's cash management order.  WFBNA's Objection cites AFI's own pleadings

filed in other contested matters during the pendency of this bankruptcy case in which AFI

suggested that such postpetition arrangements should not be modified absent compliance with

12

NY:1598014.9

Rule 60 of the Federal Rules of Civil Procedure.  Neither AFI nor the Plan proponents offered

any argument or evidence  in response to this objection.

## VII.    <u>Enforcement of Contractual Subordination Required</u>

WFBNA  also  asserts  in  its  Objection  that  it  is  entitled  to  enforce  the  contractual

subordination  provisions  contained  in  the  Deposit  Agreement.    These  provisions  subordinate

AFI's claims against the Debtors to WFBNA's claims.  <u>See</u> Ex. B at 4.  WFBNA's Objection

notes  that,  in  other  pleadings  filed  by  AFI  in  this  bankruptcy  case,  AFI  itself  argued  that  this

Court should enforce subordination provisions and the contractual priorities of senior creditors

over junior creditors.  Neither AFI nor the Plan proponents made any response to this argument.

Moreover,  counsel  for  the  Plan  proponents  and  AFI  argued  in  favor  of  an  enforcement  of  AFI's

priority  rights  under  the  terms  of  its  own  intercreditor  agreement  with  the  junior  secured

noteholders at the confirmation hearing.  Transcript of Record at 112:14-18; 113:21-23; 153:8-

25; 154; , <u>In re Residential Capital, LLC</u>, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 19, 2013).

WFBNA  requests  that,  regardless  of  the  Court's  decision  concerning  the  forced  release  of

WFBNA  claims  against  AFI,  the  Court  preserve  whatever  subordination  rights  WFBNA  has

under the Purported Amendment and the Deposit Agreement.

NY:1598014.9

WHEREFORE, WFBNA respectfully requests that the Court condition confirmation of

the Debtors' Plan solely with respect to the treatment of WFBNA's claims against AFI and the

non-Debtor parties, as outlined above and in the Objection.

Dated: December 5, 2013
       New York, New York


                                    **WINSTON & STRAWN LLP**


                                    By: /s/ *Nathan P. Lebioda*
                                        James Donnell
                                        200 Park Avenue
                                        New York, NY  10166-4193
                                        Telephone:  (212) 294-6700
                                        Facsimile:  (212) 294-4700
                                        jdonnell@winston.com

                                        Nathan P. Lebioda
                                        100 North Tryon Street
                                        Charlotte, NC 28202-1078
                                        Telephone: (704) 350-7700
                                        Facsimile: (704) 350-7800
                                        nlebioda@winston.com


                                        *Attorneys for WFNBA*


14

NY:1598014.9