# Exhibit 1
## Proposed Order

ny-1120292

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER ESTABLISHING THE DISPUTED CLAIMS RESERVE IN CONNECTION WITH THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC,  *ET AL*. AND THE <u>OFFICIAL COMMITTEE OF UNSECURED CREDITORS</u>**

Upon the *Plan Proponents' Motion for Order Establishing the Disputed Claims Reserve in Connection with the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors*, dated December 5, 2013 (the "<u>Motion</u>")[1] seeking entry of an order establishing a disputed claims reserve (the "<u>Disputed Claims Reserve</u>") for disputed claims in Classes R-4 (ResCap Unsecured Claims), GS-4 (GMACM Unsecured Claims), and RS-4 (RFC Unsecured Claims) (collectively, the "<u>Disputed Class 4 Claims</u>") in connection with distributions to be made under the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 5993] (as may be amended, the "<u>Plan</u>"); and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Declaration of Deanna Horst, Chief Claims Officer for Residential Capital, LLC and its affiliates, in support of the Motion (the "<u>Declaration</u>"); and the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1119409

Court having held a hearing on the Motion on December 20, 2013 (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the legal and factual bases set forth in the Motion, Declaration and at the Hearing establish just and sufficient cause to grant the requested relief herein; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

1. The Motion is GRANTED as set forth herein.

2. The Disputed Claims Reserve as set forth in the Motion is approved in all respects.

3. The Reserve Amount, for the sole purpose of establishing the Disputed Claims Reserve, is $380.3 million, which is allocated among the Debtor Groups as follows: (i) $21.8 million against the ResCap Debtor Group, (ii), $242.6 million against the GMACM Debtor Group, and (iii) $115.9 million against the RFC Debtor Group.

4. The estimation of the Disputed Class 4 Claims is without prejudice to the rights of the Plan Proponents or the Liquidating Trust, as applicable, to contest the merits and allowance of the Disputed Class 4 Claims. By estimating the Disputed Class 4 Claims, the Plan Proponents and this Court are not making a determination that the Debtors or the Debtors' estates are liable on account of any Disputed Claims in any amount.

5. The Claims identified on Exhibits 3A–3E constitute Disputed Claims under the Plan and shall remain so unless and until they are disallowed or become "Allowed Claims" under the Plan.

6. The Initial Unit Distribution Record Date under the Plan shall be

ny-1119409

December 5, 2013.  Solely for the purposes of the Initial Unit Distribution Record Date, to the extent the allowance of a Claim as of the Initial Unit Distribution Record Date is contingent only upon the effectiveness of the Plan, such Claim shall be deemed to be Allowed as of the Initial Unit Distribution Record Date.

7. The relief granted in this Order is contingent upon the occurrence of the Effective Date under the Plan, and in the event the Effective Date does not occur, any relief granted in this Order shall be deemed void.

8. The Plan Proponents and the Liquidating Trust, as applicable, are authorized to take any and all actions that are necessary or appropriate to establish and administer the Disputed Claims Reserve consistent with the terms of the Plan and to implement the terms of this Order.  Nothing herein or in the Motion, nor any action by the Plan Proponents or the Liquidating Trust, as applicable, to implement this Order, shall constitute an admission of the validity, nature, amount or priority of any Disputed Claim, and the Plan Proponents and the Liquidating Trust reserve all of their rights to dispute the validity, nature, amount or priority of any Disputed Claim reserved for in the Disputed Claims Reserve.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2013
       New York, New York

                                          _____
                                          THE HONORABLE MARTIN GLENN
                                          UNITED STATES BANKRUPTCY JUDGE