UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ) CASE No 12-12020
)
RESIDENTIAL CAPITAL, LLC, ET AL., ) CHAPTER 11
)
DEBTORS )

## NOTICE OF FILING

**COMES NOW, RONALD GILLIS,** Creditor & Purported Debtor to the New York Bankruptcy Court, case #12-12020, GMAC / Residential Capital / Homecomings Financial LLC )Tax ID # 51-0369458 – Case # 12-12042(MG)) Et Al, before the NY Southern District Bankruptcy Court to inform the Court of a complaint filed with the Florida Division of Corporations, regarding the continuing of filing corporation paperwork on April 22, 2013 with the State of Florida, Division of Corporations, after filing bankruptcy in May of 2012 in the Southern District of New York Bankruptcy Court.

RONALD GILLIS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing **NOTICE OF FILING** was furnished by USPS 1st Class Mail to:

United States Bankruptcy Court    (Copy Judge Martin Glenn)
Southern District of New York
One Bowling Green
New York, NY 10004,

on this 02nd day of December 2013.

By: Ronald Gillis

Ronald Gillis
P O Box 380842
Murdock, FL 33938-0842
December 02, 2013

Department of State
Division of Corporations
Corporate Filings
P.O. Box 6327
Tallahassee, FL 32314

re: Homecomings Financial LLC – Tax ID: 51-0369458

Dear Department of State – Division of Corporations

In researching the above company, Homecomings Financial LLC, Tax ID: 51-0369458, hereinafter Homecomings, the undersigned has serious concerns of possible fraudulent and/or false filings. On May 14, 2012, GMAC, and numerous subsidiaries, including Homecomings filed bankruptcy in the New York Southern District Bankruptcy Court, case # 12-12020. Yet, while in bankruptcy, it appears someone, possibly Twilla Wojciechowski, is continuing to file financial forms with the state of Florida as if nothing has been filed with the New York Bankruptcy Court. It appears, according to the document, that a corporation filing was done on April 22, 2013, about eleven (11) months after filing bankruptcy. It is the concern of the undersigned that in order to maintain court cases within the Florida state court system, companies must be registered with the division of corporations, and thereby someone may be continuing to give the appearance that Homecomings is still in business, when in fact it has filed for bankruptcy protection. The undersigned knows of no reason a corporation that has filed for bankruptcy, combined with other indications, that starting as far back as January 22, 2009, it was going to cease operations, yet that it would need to maintain it status of an active corporation in the state of Florida.

The undersigned is also reporting this to the New York Bankruptcy Court, and the Federal Trade Commission, but felt the Division of Corporations should also be aware of this apparent contradiction that appears to warrant further investigation.

Respectfully submitted,

_____
Ronald Gillis
(413) 622-2282

cc:    Federal Trade Commission – Peggy L Twohig
       Andrew L Sandler Esq
       New York Southern District Bankruptcy Court



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Division of Financial Practices
Bureau of Consumer Protection

Peggy L. Twohig
Associate Director

January 22, 2009

**BY FAX AND FIRST-CLASS MAIL**

Andrew L. Sandler, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111

Re:   Homecomings Financial, LLC

Dear Mr. Sandler:

As you know, the staff of the Division of Financial Practices of the Federal Trade Commission has conducted an investigation of Homecomings Financial, LLC ("Homecomings") for possible violations of the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f, and its implementing Regulation B, 12 C.F.R. § 202, and the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.* The staff initiated this investigation after reviewing Homecomings' mortgage loan data reported pursuant to the Home Mortgage Disclosure Act, 12 U.S.C. §§ 2801-2810, which indicated that African-American and Hispanic borrowers paid more for mortgage loans than non-Hispanic whites. The staff's investigation focused on whether the underwriting risk and the credit characteristics of the borrowers justified the reported disparities in loan price.

Homecomings originated the vast majority of its loans through independent brokers, and Homecomings' policy and practice was to set the risk-based price and other terms of its brokered loans. In addition, Homecomings' policy and practice was to allow brokers to assess discretionary charges on these loans, within certain limits set by Homecomings. These discretionary charges took the form of (1) fees charged at the time of origination, including broker points and fees, and (2) higher interest rates, in return for which Homecomings paid brokers yield spread premiums.

Based on an extensive investigation, which included obtaining and analyzing Homecomings' full and complete loan data, the staff's statistical analyses of the data show that, on average, Homecomings charged African-American and Hispanic borrowers substantially more for home purchase and refinance loans than similarly-situated non-Hispanic whites. The staff further determined that these disparities were caused by Homecomings' policy and practice of allowing its brokers broad discretion to determine the amount of discretionary fees charged to borrowers in addition to the risk-based price. The staff concluded that the disparities in these discretionary charges are substantial, statistically significant, and cannot be explained by any legitimate underwriting or credit characteristics in violation of the ECOA and the FTC Act.

During the course of this investigation, Homecomings ceased originating mortgage loans and stated it has no intention to resume mortgage lending in the future. In addition, Residential Capital LLC ("ResCap"), an indirect parent company of Homecomings, filed a 10-Q Quarterly Report for the third quarter 2008 for ResCap and its direct and indirect subsidiaries, including Homecomings (collectively, the "Company"), which states that the ability of the Company to continue as a going concern is in substantial doubt. The 10-Q further notes that the Company is heavily dependent on its own indirect parent, GMAC, LLC, for funding and capital support and that there can be no assurance that such support will continue. Because of these developments and based on additional information provided by the Company regarding its financial status, the staff has closed the investigation. However, the staff will continue to monitor future developments concerning Homecomings, including whether GMAC's recent conversion to a bank holding company [1] and its receipt of financial assistance from the U.S. Department of the Treasury,[2] may affect Homecomings' operating and financial status. If warranted by materially changed circumstances, the staff will take appropriate action, including the reopening of this investigation.

This action is not to be construed as a determination by the Commission that a violation of the ECOA, its implementing Regulation B, and the FTC Act did not occur, just as the pendency of an investigation should not be construed as a determination that a violation has occurred. The Commission reserves the right to take such further action as the public interest may require.

Sincerely,

Peggy L. Twohig
Associate Director
Division of Financial Practices

---

[1] On December 24, 2008, the Board of Governors of the Federal Reserve System approved GMAC's request to become a bank holding company. *See* GMAC LLC & IB Finance Holding Co., LLC, Order Approving Formation of Bank Holding Companies and Notice to Engage in Certain Nonbanking Activities, Fed. Reserve Sys. (Dec. 24, 2008), http://www.federalreserve.gov/newsevents/press/orders/orders20081224a1.pdf. GMAC's new status as a bank holding company does not affect the Commission's jurisdiction over Homecomings as a nonbank subsidiary.

[2] On December 29, 2008, the U.S. Treasury Department announced that it will purchase $5 billion in senior preferred equity from GMAC and will lend up to $1 billion to General Motors (GM) so that GM can contribute to GMAC's reorganization as a bank holding company. *See* Press Release, U.S. Dept. of the Treasury, Treasury Announces TARP Investment in GMAC, (Dec. 29, 2008), http://www.treas.gov/press/releases/hp1335.htm.

## 2013 FOREIGN LIMITED LIABILITY COMPANY ANNUAL REPORT

DOCUMENT# M06000005567

Entity Name: HOMECOMINGS FINANCIAL, LLC

**Current Principal Place of Business:**

8400 NORMANDALE LK BLVD
350
BLOOMINGTON, MN 55437

**Current Mailing Address:**

8400 NORMANDALE LK BLVD
350 MC:01-01-01
BLOOMINGTON, MN 55437

FEI Number: 51-0369458

Certificate of Status Desired: No

**FILED**
**Apr 22, 2013**
**Secretary of State**

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525 US

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____

Electronic Signature of Registered Agent                                           Date

**Manager/Member Detail Detail :**

| Title | MGR | Title | MGR |
|---|---|---|---|
| Name | HORNER, JILL M | Name | HORST, DEANNA |
| Address | 8400 NORMANDALE LK BLVD 350 MC:01-01-01 | Address | 1100 VIRGINIA DRIVE |
| City-State-Zip: | BLOOMINGTON MN 55437 | City-State-Zip: | FT. WASHINGTON PA 19034 |
| Title | MGR | Title | OTHER |
| Name | TYSON, WILLIAM N | Name | WOJCIECHOWSKI, TWILLA |
| Address | 5425 WISCONSIN AVENUE, SUITE 600 | Address | 8400 NORMANDALE LK BLVD 350 |
| City-State-Zip: | CHEVY CHASE MD 20815 | City-State-Zip: | BLOOMINGTON MN 55437 |

I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 608, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.

SIGNATURE: TWILLA WOJCIECHOWSKI                              AUTHORIZED OFFICER    04/22/2013

Electronic Signature of Signing Manager/Member Detail                                           Date

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG) (Jointly Administered) |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

If you have any questions regarding this notice, please call the ResCap Restructuring Hotline Hotline at (888) 251-2914. You may also submit an inquiry online at www.kccllc.net/rescap.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| ditech, LLC | 12-12021 (MG) | 23-2887228 |
| DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| EPRE LLC | 12-12024 (MG) | 26-2747974 |
| Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| HFN REO Sub II, LLC | 12-12038 (MG) | None |
| Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
|---|---|---|
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| **Proposed Attorneys for Debtors**<br>Larren M. Nashelsky<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>June 25, 2012 at 1:00 p.m. (ET)<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |
|---|---|

| **DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail. |
|---|

| **DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS**<br>None at this time. |
|---|
| **CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.** |

| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004 | | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
|---|---|---|
| Hours Open: 8:30 a.m. – 5:00 p.m. | | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. | |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. | |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand | |

ny-1041611

2

| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
|---|---|
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.<br><br>The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

ny-1041611

3