Paul N. Papas II
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016



RECEIVED
DEC -5
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RESIDENTIAL CAPITAL, LLC
a/k/a RESIDENTIAL CAPITAL CORPORATION
1177 Avenue of the Americas
New York, New York 10036
Debtor

Chapter 11
Case No. 12-12020-mg
Joint Administration

## MOTION TO REINSTATE CLAIMS

Creditor/Claimant, Paul N Papas II, pro se, moves this Court to reinstate his claims for the following reasons:

1. The Denial of his claims were based upon personal bias against this Creditor/Claimant of this Court and Debtor for his part in complying with 18 USC § 4 *"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."* with respect to the fraudulent documents filed for and behalf of the Debtors and those who relied upon the documents as being trustworthy, even after being put on notice that the documents are fraudulent and for his exposing the fraudulent scheme of the Debtor.

2. The Denial of his claims is based upon outdated, delusional, contradictory compilation of facts, fiction, inaccurate, misapplied, and/or eviscerated doctrine and case

law, and events and a compilation of unrelated facts to fabricate a desired outcome. The Creditor/Claimant has been dealing directly with the Debtor since 2008 filed in state Court the list of properties in which he has an interest and involve the Debtor. That list had never been challenged in the state courts, therefore estopped from being argued in this Court. The Denial of his claims ignored the settled matter (since 2010 and earlier) of the identification and list of properties in which he has an interest and a claim. In the process the Denial of his claims call settled matters unsettled and unsettled matters settled.

3. The Denial of his claims ignores the evidence and relies upon facts not in evidence.

4. The Denial of his claims ignores the ADMISSIONS of the Debtors against their interests in this Court and in the state Courts.

5. The Debtor has not challenged borrowers in their status as borrowers. In the case of borrowers, the Debtor has refused to allow their claims as being insufficiently documented, an absurd argument.

6. The Denial of his claims is also based upon his support of a Motion for Judge Glenn to Recuse himself, **Doc 5347** which is partly based upon Judge Glenn's denial of the Creditor/Claimant's right to be represented by an Attorney whom he chose, see **Doc 5382 also see Doc 5481**

7. The Denial of his claims failed to take into consideration that Judge Glenn previously held:" *Faced with daunting prospects, the Debtors' ultimate parent, Ally Financial Inc. ("AFI"), which also owns substantial non-residential mortgage-related businesses, developed a strategy to file these chapter 11 cases and seek an early sale of its significant mortgage-related businesses.9 AFI's goal was obviously to isolate its money-losing businesses and shed as much of the present and future liabilities associated with those businesses as possible."* where he described fraudulent actions of the Debtors,



**Doc 1921**

8. This Creditor/Claimant has stated several times that the Debtors entered into a scheme to defraud borrowers, homeowners, and the public at large with fraudulent foreclosures, fraudulent evictions, fraudulent sales, and fraudulent title transfers and continue their criminal Enterprise of fraudulent foreclosures today by denying Claims made against the Estate in order to keep more than $12 Billion Dollars it took from taxpayers in TARP funds. The denial of his claim is in retaliation for making those statements and providing the documents in support of his claims.

9. The Denial of his claims is based upon his correct identification of the parent entity, **Doc 5382**, which is NOT the one stated by the listed Debtors, Judge Glenn has failed to address this in the bankruptcy matter as it would disrupt the Debtors goal in keeping about $ 12 Billion Dollars in TARP money which necessitates the denial of claims by homeowners, borrowers, and other parties who rightfully deserve a true and fair administration of justice

10. The Denial of his claims begins with an acknowledgment that the Second Circuit has yet to decide his Motion to Convert the Debtor to Chapter 7. Should that appeal be granted all the proceedings in this matter would be unwound back to when the Motion was filed and the Debtors would begin the Chapter 7 process.

11. 28 USC 152 (e) provides A bankruptcy judge may be removed during the term for which such bankruptcy judge is appointed, only for incompetence, misconduct, neglect of duty, or physical or mental disability and only by the judicial council of the circuit in which the judge's official duty station is located. Removal may not occur unless a majority of all of the judges of such council concur in the order of removal. Before any order of removal may be entered, a full specification of charges shall be furnished to such

bankruptcy judge who shall be accorded an opportunity to be heard on such charges.

12. *"Upon review of the record in these cases, we conclude that the District Judge ran afoul of the Code of Conduct for United States Judges, Canon 2 ("A judge should avoid impropriety and the appearance of impropriety in all activities.") see also Canon 3 (C)(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ."), and that the appearance of impartiality surrounding this litigation was compromised by the District Judge's improper application of the Court's "related case rule," see Transfer of Related Cases, S.D.N.Y. & E.D.N.Y. Local Rule 13(a) 1 and by a series of media 3 interviews and public statements purporting to respond publicly to criticism of the District Court.*

*Accordingly, we conclude that, in the interest, and appearance, of fair and impartial administration of justice, UPON REMAND, these cases shall be assigned to a different District Judge, chosen randomly under the established practices of the District Court for the Southern District of New York. This newly-designated District Judge shall implement this Court's mandate staying all proceedings and otherwise await further action by the Court of Appeals on the merits of the ongoing appeals."*

13. What US District Court Judge Shira Scheindlin did was far less damaging to the *appearance, of fair and impartial administration of justice* and than what Judge Glenn is doing in enabling the RICO actions of the Debtors (which this Creditor/Claimant has outlined and documented). Judge Glenn can conclusively establish that is not biased against the Creditor/Claimant and he is not going to further enable the Debtors in their fraudulent and criminal actions by sustaining all Creditor/Claimant objections and allowing the previous reliefs the Creditor/Claimant requested including allowing Creditor/Claimant claims to proceed and his Motion to Convert the Debtor to Chapter 7, then Recuse himself.

THEREFORE, for the above stated reasons the Creditor/Claimant's claims should be reinstated.

Dated December 2, 2013

/S/ PAUL N. PAPAS II
_____
Paul N. Papas II

Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413. by email and/or by Regular Mail.
Dated December 2, 2013

/S/ PAUL N. PAPAS II
_____
Paul N. Papas II

