Paul N. Papas II
4727 E Bell Rd.
Ste 45-350
Phoenix, AZ 85032
602-493-2016



RECEIVED
DEC -5
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

RESIDENTIAL CAPITAL, LLC            Chapter 11
a/k/a RESIDENTIAL CAPITAL CORPORATION    Case No. 12-12020-mg
1177 Avenue of the Americas            Joint Administration
New York, New York 10036
Debtor

## CLAIMANT/CREDITOR MOTION FOR A 2004 EXAMINATION

Claimant/Creditor, Paul N Papas II, pro se, Moves this Court for a Rule 2004 Examination of the Debtor and requests For Production Of Documents to him by January 7, 2014 as follows:

### DEFINITIONS

As used in the individual requests below, the following defined terms shall be construed in accordance with the following definitions.

1. The name/terms "Mr. Papas," means the Claimant/Creditor, Paul N Papas II and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of the same.

2. The term "Debtor " "you," and "your " means the Debtor, ResCap, means separately or together, and/or any agent, parent company, subsidiary, or related company, and/or any agent, servant, employee or representative of same, including but not limited to any attorney, accountant or consultant employed by or on behalf of the same.



1

3. The term "Bankruptcy filing" refers to the Voluntary Bankruptcy petitions filed in the above entitled action and its related Voluntary Bankruptcy petitions.

4. The term "Loan" refers to the mortgage loan advanced to borrowers, homeowners, counterparties – no matter what class the Debtor may have placed them in , as well as any modifications to that mortgage loan, that is the subject of the loan as well as any other loans between the parties. The term includes both the mortgages and the notes.

5. The term "Property" refers to properties the Debtor claims some interest.

## INSTRUCTIONS

6. Debots must produce all requested documents in their custody, possession, or control, including all documents which are in the custody, possession, or control of their employees, servants, attorneys, previous attorneys, representatives, consultants, accountants, insurers, or agents, regardless of the location of such documents.

7. If Debots object to any Instruction, or if, for any reason, it is claimed that any document (or any part thereof) requested below need not be produced, the precise grounds for objection or failure to produce documents shall be stated with particularity. If any objection rests in whole or in part on the claim of privilege, the privilege claimed shall be stated, and all facts and all documents relied upon in support of such claim shall be stated or identified with particularity.

8. In the event that the Debots object to, or claims a privilege with respect to, any Instruction or Request, in whole or in part, the Debtor shall produce all documents (or portions thereof) sought in that portion of the Request as to which the Debtor has no objection or claim of privilege.

9. With respect to each document withheld from production on any basis whatsoever, the Debtor shall state or identify: (a) the date of the document; (b) the document's author(s) or originator(s), and all persons involved in creating the document; (c) the title and duties of the author(s) or originator(s), and all persons involved in creating the document; (d) all addresses of recipients of the document and all persons coming into possession of the document; (e) the subject matters) of the document; (f) the number of pages of the document; and (g) the precise basis, in detail, for the privilege claimed or the objection made with respect to the document.

10. If any document responsive to a Request was, but no longer is, in the Debtor's possession, custody or control, or in the possession, custody or control of their employees, servants, attorneys, representatives, consultants, accountants, insurers or agents, Debtor shall identify that document and state whether any such document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily; or (d) has been otherwise disposed of, and, in each instance, the Debtor shall explain in detail the circumstances surrounding any such disposition thereof.



2

11. This Request for Production of Documents shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified, or obtained after the Debtor completes production of documents responsive to this Request for Production of Documents.

12. Documents produced in response to this Request for Production of Documents are to be segregated and identified according to the particular paragraph of the Request set forth below pursuant to which each such document is being produced.

13. The word "or" shall be all inclusive; shall be taken in the conjunctive as well as the disjunctive; shall mean "and" as well as "or;" and shall be construed to bring the maximum number of documents within the scope of this Request for Production of Documents.

14. As used herein, the term "relating to" shall mean consisting of, evidencing, describing, memorializing, forming the basis of, commenting on, referring to, supporting or analyzing.

15. As used herein, the term "document" shall mean the original, all non-identical copies and all drafts of any book, pamphlet, letter or other form of correspondence, telegram, text message, email, telex, telefax, cable, report, study, memorandum, note, diary entry, log entry, telephone memorandum, summary, financial record, and any other paper or material. "Document" refers to writings of every kind and nature, including without limitation any physical object containing written or printed material, physical or retrievable image, or a sound from which information may be derived. Different versions of the same document (e.g., copies of a printed document with differing handwritten notations) are different documents within the meaning of that term as used herein.

REQUESTS FOR PRODUCTION OF

DOCUMENTS REQUEST NO. 1

Copies of any and all documents relating to each person you expect to be called as an expert witness at the trial, including, but not limited to:

(a)    all documents prepared by each expert witness;

(b)    all documents sent to each expert witness by the Debtor's counsel;

(c)    all documents relied upon by each expert witness;

(d)    all documents used, consulted, or reviewed by each expert witness;



3

(e)     all documents setting forth the compensation agreements between the Debtor and each expert witness;

(f)     all documents used, relied upon, consulted, or reviewed by each expert witness in answering expert witness interrogatories;

(g)     all documents that have been or will be shown to each expert witness prior to trial testimony; and

(h)     all documents, including the curriculum vitae, used to establish each expert witness' qualifications for trial purposes.

REQUEST NO. 2

Any and all correspondence, notes, memoranda and other documents which constitute evidence or relate to communications regarding the identity of each claim approved by the Debtor.

REQUEST NO. 3

Any and all correspondence, notes, memoranda and other documents which constitute evidence or relate to communications regarding the process in making a determination that a claim was to be approved by the Debtor and who made the decisions in each claim.

REQUEST NO. 4

Any and all correspondence, notes, memoranda and other documents which constitute evidence or relate to communications regarding the identity of each claim denied by the Debtor.

REQUEST NO. 5

Any and all correspondence, notes, memoranda and other documents which constitute evidence or relate to communications regarding the process in making a determination that a claim was to be denied by the Debtor and who made the decisions in each claim.

REQUEST NO. 6

Any and all documents and communications or evidence that relate to the loan or modification and served upon the Claimants including but not limited to:

a. The name and address of the person who served the document or had knowledge the facts and circumstances in the production of the notice ;

b. The date on which service was made;

c. The manner in which service was made;

d. The person upon whom service was made; and

e. Any communication related to such service.

REQUEST NO. 7

Any and all correspondence, notes, memoranda and other documents which constitute evidence or relate to communications regarding the process in making a determination that a claim belonged to a certain class and the notification of each person as to which class they were placed in, including but not limited to

a. The name and address of the person who served the document or had knowledge the facts and circumstances in the production of the notice ;

b. The date on which service was made;

c. The manner in which service was made;

d. The person upon whom service was made; and

e. Any communication related to such service.

REQUEST NO. 7

Any and all documents and communications or evidence that relate to the voting process on the Debtor's plan including but not limited to all persons who have knowledge of the facts and circumstances surrounding the contents of the actual votes



5

by mail identifying their name, address, title or position, phone number, fax number, and email address and the dates they obtained the knowledge and how they voted.

### REQUEST NO. 8

Any and all documents and communications or evidence that relate to the actual votes on the Debtor's plan including but not limited to all persons who have knowledge of the facts and circumstances surrounding the contents of the actual votes by mail identifying their name, address, title or position, phone number, fax number, and email address and the dates they obtained the knowledge and how they voted and provide the actual votes.

### REQUEST NO. 9

Any and all documents used or referred to by you in answering the Claimant/Creditor's Interrogatories.

### REQUEST NO. 10

All reports and statements, signed, unsigned, or transcribed in your possession, custody, or control, that were filled out and/or completed by any witnesses to any fact alleged above.

### REQUEST NO. 11

Any and all documents and communication or, exhibits and/or things that you intend to introduce or into or relate to evidence at the trial of this matter.

### REQUEST NO. 12

Any and all documents and communication or evidence you rely upon in support or relate to of your facts or documents presented above.

Dated December 2, 2013

/S/ PAUL N. PAPAS II
_____
Paul N. Papas II

## Certificate Of Service

I have served a copy of this upon; United States Trustee, Tracey Hope Davis, 33 Whitehall Street, 21st Floor, NY, NY 10004; Attorney Larren M. Nashelsky, MORRISON & FOERSTER, LLP, 1290 Avenue of the Americas, NY, NY, 10104 and Attorney Wendy Allison Nova, 210 Second Street NE, Minneapolis, MN 55413. by email and/or by Regular Mail.

Dated December 2, 2013

/S/ PAUL N. PAPAS II
_____
Paul N. Papas II