**UNITED STATE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**

IN RE: ) CASE No 13-15823-9D3
)
GILLIS, RONALD ) CHAPTER 13
)
DEBTOR )

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE: ) CASE No 12-12020
)
RESIDENTIAL CAPITAL, LLC, ET AL., ) CHAPTER 11
)
DEBTORS )

IN THE DISTRICT COURT OF APPEAL OF THE STATE
OF FLORIDA – SECOND DISTRICT
P O Box 327, LAKELAND, FL 33802-0327

CASE NO.: 2D13-4181
L.T. 08-252-CA

RONALD P GILLIS, et al,       V       DEUTSCHE BANK TRUST COMPANY AMERICAS
                                       AS TRUSTEE FOR GMAC-RFC

Appellant / Petitioner                    Appellee / Respondent
Purported Defendant                       Purported Plaintiff

### Emergency Motion to Enforce the Automatic Stay per 11U.S.C. §362(a)(1)
### [directed to Middle District of Florida – US Bankrupcty Court]

COMES NOW, Movant, Ronald Gillis debtor in United States Middle District of Florida Bankruptcy Court, Purported Defendant in County Civil Case #08-252-CA, Appellant in the Second District Court of Appeals for Florida case # 2D13-4181, and Purported Debtor / Creditor #444 / in the NY Southern District Bankruptcy Court case #12-12020, who is a Native North American and appears by special appearance only for the limited purpose of **Motioning the**

**United States Middle District of Florida Bankruptcy Court** to issue an Order to enforce the Automatic Stay pursuant to 11 U.S.C §362(a)(1) for the following reasons,

1) By operation of 11U.S.C. §362(a) on December 02, 2013, the automatic stay came into effect at about 8:47AM when Mr Ronald Gillis filed a petition for Chapter 13 Banrupcty Relief.

2) Prior to said filing, there was a hearing titled "trial" scheduled for one hour at the Charlotte County Civil Court on December 02, 2013 at 3:30PM

3) Prior to this action, this case was under appeal as a result of filing an appeal of a Lower Tribunal ruling, therefore the Second District Court of Appeals had jurisdiction of the case, pursuant to established case law *Allston v State* 685 So2d 1312 (Fla 2d DCA 1996) and 2D07-1851 *Sunbridge Capital, Inc. v P&W Grading, Inc., et al* (Charlotte County case 07-586-CA August 1, 2007), and 2D10-4612 *Deutsche Bank Trust Company Americas as Trustee v Claycomb, Casey* (Charlotte County case 08-252-CA June 10, 2008). Even with the filing of the notice of appeal, the Charlotte County Civil Court was willing to usurp jurisdiction and proceed with the case in the lower court.

4) Upon presenting the Court and opposing counsel, at the hearing being titled "trial," the attorney Kjel Robert Horneland, Florida Bar #76933, requested the judge ignore the automatic stay pursuant to 11 U.S.C. § 362(a) and schedule a Case Management Hearing in three months. At this time, the undersigned, informed both the attorney and judge this was forbidden per the automatic stay. Although the judge abided by the request of the undersigned, said judge stated the undersigned was incorrect. The undersigned informed this judge there was a previous United States Middle District Bankruptcy Court Judge that issued an order addressing this exact issue, and the undersigned informed this judge a copy would be provided to him. This is being attached to this Motion and copy being provide to this judge.

5) In the United States Middle District of Florida Bankruptcy Court case in re Hanna #8:12-

bk-14550-KRM, on October 31, 2012, Judge K. Rodney May issued an order for all proceedings, including case management hearings to cease as they would cause a burden, which the automatic stay is designed to put a stop to **ALL** said proceedings.

6) Further conversation continued whereby the Lower Tribunal judge requested Ex-Parte communications to "keep him informed" as to the status of the Bankrupcty Proceedings. Not only would Ex-Parte communications be inappropriate, it shows a refusal to abide by the Rules of Court as well as the automatic stay which seems to be systemic in the Florida State Court System.

7) With the Lower Tribunal propensity to ignore Florida Statutes, Florida Rules of Civil and Administrative Procedures, even its' own rulings, and the willingness to usurp jurisdiction, the undersigned is fearful the Lower Tribunal will continue to proceed in spite of filing the Chapter 13 petition. The undersigned will report these actions to the appropriate investigative agencies and a transcript of this brief conversation has been requested from the Court reporter that was present, Shelly Flaherty, 239-334-7766, email calendarfla@veritext.com and will be provided if needed and requested upon the undersigned receiving said copy, expected to be about 10 days.

WHEREFORE, the undersigned Movant, requests an Order to Enforce the Automatic Stay pursuant to 11 U.S.C. §362(a) be issued to the Lower Tribunal effective immediately.

Respectfully Submitted,

*/s/ Ronald Gillis*

Ronald Gillis  All Rights Reserved without prejudice

### Certificate of Service

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing Notice to Court be furnished was furnished by hand or USPS 1st Class Mail to, to the list below, this  03nd  day of December, 2013.

    United States Bankruptcy Court
    Middle District of Florida
    801 North Florida Ave
    Tampa, FL 33602

Abertelli Law – Erin Mae Rose Quinn
P O Box 23028
Tampa, FL 33609

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

The Second District Court of Appeals (Florida)
P O Box 327
Lakeland, FL 33802-0327

Charlotte County Justice Center, Clerk of the Court, Barbara T. Scott
350 E. Marion Ave
Punta Gorda, FL 33950

Charlotte County Justice Center, Judge Joseph G Foster
350 E. Marion Ave
Punta Gorda, FL 33950

Ronald Gillis    (413) 622-2282
P O Box 380842
Murdock, FL 33938-0842

_____

By: Ronald Gillis
*All Rights Reserved without prejudice*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:   Case No. 8:12-bk-14850-KRM
         Chapter 13
LLOYD H. HANNA, III,

    Debtor.
_____/

### ORDER GRANTING DEBTOR'S
### EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY

THIS CASE came on for hearing on October 17, 2012, on the debtor's Emergency Motion to Enforce the Automatic Stay (Document No. 5) (the "Motion"). Through the Motion, debtor seeks the entry of an order directing the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, to cease any and all actions pertaining to the continuation or adjudication of the mortgage foreclosure action (Case No. 09-CA-32782) until such time as the automatic stay imposed by 11 U.S.C. § 362(a)(1) is dissolved by order of this Court. Present at the hearing were Mark P. Stopa, Esq., counsel for debtor, and Kevin Hing, Esq., counsel for the law firm of Shapiro, Fishman & Gache, LLP.

By operation of 11 U.S.C. § 362(a), the automatic stay came into effect on September 28, 2012, when Mr. Hanna filed a petition for Chapter 13 relief. A suggestion of bankruptcy was filed in the pending state court foreclosure case. Notwithstanding this notice, matters continued to be set in the foreclosure case, including what is denominated as a case management or status conference.

The automatic stay prohibits the continuation of any judicial proceeding against the debtor that was commenced prior to the bankruptcy filing. The fact that the state

court plans to conduct a "Case Management Conference" or a "Status Conference," as opposed to the adjudication of a substantive motion, does not change this Court's ruling. When the automatic stay under 11 U.S.C. § 362(a) is in place, even administrative matters cannot take place.

Debtor and his counsel cannot be required to attend hearings in the face of the stay, as that creates a burden the statute is designed to prevent. While this Court appreciates the desire of the state court to be informed as to matters that effect the administration of that court, nonetheless, such proceedings place an additional burden on the debtor and his counsel to attend hearings that should be suspended by operation of the automatic stay.

The Court notes that the state court's scheduling of a Status Conference has exposed a creditor's attorney to possible sanctions for continuing the foreclosure case when it was stayed. By separate order of this Court, Debtor's Motion for Contempt and Sanctions (Document No. 18) will be scheduled for hearing on November 26, 2012, at 10:00 a.m. For the reasons stated orally on the record in open court, that shall constitute the decision of the Court, it is

**ORDERED** that:

1. The debtor's Emergency Motion to Enforce the Automatic Stay is granted to the extent set forth herein and is otherwise continued for November 26, 2012, at 10:00 a.m.

2. The state court foreclosure action pending before the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida (Case No. 09-CA-32782), will remain subject to the automatic stay until further order of this Court.

3.   Debtor's counsel, Mark P. Stopa, Esq., is hereby directed to file a copy of this Order in the foreclosure case.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on October 31, 2012.

*/s/ K. Rodney May*
K. Rodney May
United States Bankruptcy Judge

Copies Furnished To:
Debtor
Debtor's Attorney
Chapter 13 Trustee
Shapiro, Fishman & Gache, LLP

**Shelly Flaherty**
Independent Professional

**Assignment No.**

For information about this assignment or other services, contact Veritext at:

2275 Main Street
Ft. Myers, FL 33901
P 239.334.7766
F 239.236.1893

SCHEDULING: calendarfla@veritext.com

**VERITEXT**
LEGAL SOLUTIONS

Email address on card incorrect, should be calendarfla@veritext.com