Presentment Date and Time:  December 12, 2013, 2013 at 2:00 p.m. (ET)
Objection Deadline:  December 12, 2013 at 11:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Joel C. Haims
Jonathan C. Rothberg

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
RESOLVING THE METLIFE CLAIMANTS' RMBS-RELATED CLAIMS**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Resolving the MetLife Claimants' RMBS-Related Claims* (the "Stipulation and Order"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **December 12, 2013 at 2:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No.

ny-1120912                                        1

141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 12, 2013 at 11:00 a.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Joel C. Haims and Jonathan C. Rothberg); (b) the Office of the United States Trustee for the Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (m) the MetLife Claimants, Legal Affairs – Investments, 10 Park Avenue, P.O. Box 1902, Morristown, NJ 07962-1902.

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: December 9, 2013
       New York, New York

Respectfully submitted,

/s/ Gary S. Lee
Gary S. Lee
Joel C. Haims
Jonathan C. Rothberg
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
In re:                                                          )   Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,                               )   Chapter 11
                                                                )
                                        Debtors.                )   Jointly Administered
                                                                )
----------------------------------------------------------------

**STIPULATION AND ORDER**
**RESOLVING THE METLIFE CLAIMANTS' RMBS-RELATED CLAIMS**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and the parties listed on Exhibit 1 attached hereto, (collectively, the "MetLife Claimants" and, together with the Debtors, the "Parties"), by and through their respective counsel, respectfully submit this stipulation (the "Stipulation") and agree and state as follows:

**RECITALS**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**WHEREAS**, from 2004 to 2007, the Debtors issued residential mortgage-backed securities ("RMBS") in 392 separate private label securitizations with an aggregate original principal balance of more than $26 billion. In these RMBS securitizations, the Debtors pooled together mortgage loans and conveyed them to trusts (the "RMBS Trusts") in exchange for certificates that were sold to investors. The RMBS certificates entitle holders to receive a share of the principal and interest collected on the mortgage loans held by the RMBS Trust.

ny-1106907

**WHEREAS**, various individual Debtor entities played different roles in the securitization process, including "originating" certain of the mortgages underlying the trusts, "servicing" the mortgages underlying the trusts, and "arranging" and issuing the certificates.

**WHEREAS**, for each Debtor-issued RMBS securitization, the Debtors and the trustee for each of the RMBS Trusts (the "RMBS Trustees") entered into a pooling and servicing agreement ("PSAs") governing the operations of the securitization, including the Debtors' rights and obligations as servicers.

**WHEREAS**, on August 29, 2012, the Court issued an Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date.

**WHEREAS**, on November 7, 2012, the Court issued an Order Extending Deadline for Filing Proofs of Claim [Docket No. 2093] (the "Extended Bar Date Order"), establishing November 16, 2012 as the general claims bar date.

**WHEREAS**, on November 16, 2012, the MetLife Claimants filed thirty-one claims in the Chapter 11 Cases related to MetLife's holdings of Debtor-issued RMBS certificates (the "MetLife Claims"). The MetLife Claims are set forth on <u>Exhibit 1</u>.

**WHEREAS**, on May 23, 2013 the Debtors filed a *Motion for an Order Under Bankruptcy Code Sections 105(A) and 363(B) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditor's Committee, and Certain Consenting Claimants* [Docket No.3814] (the "PSA Motion"). Attached to that motion is a plan support agreement and supplemental term sheet (the "Supplemental Term Sheet") embodying the terms of a Chapter 11 plan to be jointly filed by the Debtors and the committee of unsecured creditors appointed in these cases (the "Creditors' Committee").

WHEREAS, on June 27, 2013, the Court entered the *Memorandum Opinion Approving the Plan Support Agreement* [Docket No. 4102].

WHEREAS, on July 3, 2013, the Debtors and the Creditors' Committee filed the *Joint Proposed Chapter 11 Plan by Residential Capital LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). And on August 16, 2013, the Debtors and the Creditors' Committee filed a revised Disclosure Statement [Docket No. 4733], which was further revised on August 20, 2013 [Docket No. 4770]. The Court approved the Disclosure Statement on August 23, 2013 [Docket No. 4809]. On November 12, 2013, the Debtors and the Creditors' Committee filed the *First Amended Joint Proposed Chapter 11 Plan by Residential Capital LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 5722] as the same may be further amended or modified (the "Proposed Chapter 11 Plan"). The Debtors and the Creditors' Committee filed a revised Proposed Chapter 11 Plan on November 18, 2013 [Docket No. 5854].

WHEREAS, the Supplemental Term Sheet and the Proposed Chapter 11 Plan incorporate a settlement with the RMBS Trustees resolving all claims asserted by the RMBS securitization trusts against the Debtors.

WHEREAS, if the Proposed Chapter 11 Plan is confirmed and if the Plan Effective Date (as defined below) of the Proposed Chapter 11 Plan occurs, the RMBS Trusts shall have allowed as non-subordinated unsecured claims in the amount of $209.8 million against the GMACM Debtors and $7,091.2 million against the RFC Debtors (the "RMBS Trust Settlement"). In consideration for the RMBS Trust Settlement, the RMBS Trusts shall be

3

deemed to provide a full and complete discharge of the Debtors from any and all claims held by the RMBS Trusts.

**WHEREAS**, under the RMBS Trust Settlement, holders of Debtor-issued RMBS certificates, including the MetLife Claimants, will receive their share of the RMBS Trust Settlement through the Trusts in accordance with the terms and conditions of the Proposed Chapter 11 Plan.

**WHEREAS**, on July 1, 2013, the Debtors filed their 10th Omnibus Objection to Facially Defective and Time Barred Securities Claims [Docket No. 4119] (the "10th Omnibus Claims Objection"), objecting to the MetLife Claims, among others, as facially defective and time barred.

**WHEREAS**, for the reasons set forth in the 10th Omnibus Claims Objection, to the extent that the MetLife Claims purport to assert claims other than those being resolved through the RMBS Trust Settlement, the Debtors contend that such claims are facially defective, time barred, and otherwise unenforceable against the Debtors.

**WHEREAS**, the Debtors have discussed with the MetLife Claimants' counsel a resolution of the Claims without the need to expend the Debtors' limited resources to litigate the merits of the 10th Omnibus Claims Objection.

**WHEREAS**, on September 4, 2013, the Court entered an order approving the 10th Omnibus Claims Objection [Docket No. 4932] (the "10th Omnibus Order").

**WHEREAS**, certain of the MetLife Claims were erroneously included on the 10th Omnibus Order and were inadvertently disallowed and expunged as a result (the "Disallowed MetLife Claims").

**NOW THEREFORE**, it is hereby stipulated and agreed as between the Parties to this *Stipulation and Order Regarding the MetLife Claimants' RMBS-Related Claims*, by and through their undersigned counsel, that:

1. This Stipulation shall become effective upon the date it is "So Ordered" by the Bankruptcy Court.

2. Upon approval of this Stipulation by the Court, Kurtzman Carson Consultants LLC ("KCC"), the Debtors' claims and notice agent in these Chapter 11 cases, is authorized to restore the Disallowed MetLife Claims to the Debtors' official claims register.

3. Should the Proposed Joint Chapter 11 Plan, which contains the RMBS Trust Settlement, be approved by the Court, on the effective date of the Proposed Chapter 11 Plan (the "Plan Effective Date"), the MetLife Claims, including the Disallowed MetLife Claims, shall be disallowed and expunged in their entirety and KCC is authorized to expunge the MetLife Claims, including the Disallowed MetLife Claims, from the Debtors' official claims register. Upon the Plan Effective Date, the terms of the Proposed Joint Chapter 11 Plan shall be binding on the MetLife Claimants in all respects.

4. In the event the Plan Effective Date does not occur, then the Debtors, the MetLife Claimants, and all other parties in interest reserve all rights regarding the MetLife Claims and the disposition thereof, and the MetLife Claimants shall be afforded reasonable time to file a response to the 10th Omnibus Objection prior to any scheduled hearing thereon.

5. Nothing herein shall be construed or deemed to constitute (a) an admission of liability by the Debtors, with respect to the MetLife Claims or otherwise or (b) an admission by the MetLife Claimants with respect to the merits of the 10th Omnibus Claims Objection.

6. This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties in respect of the subject matter hereof.

7. This Stipulation may be executed in counterparts, each of which will deemed an original, but all of which together will constitute one and the same agreement.

8. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

9. This Stipulation shall not be modified, altered, amended or vacated without prior written consent of the Parties hereto. Any such modification, altercation, amendment or vacation, in whole or in part, shall be subject to the approval of the Court.

10. The Court shall retain jurisdiction (and the Parties consent to such retention of jurisdiction) to resolve any disputes or controversies arising from or related to this Stipulation and the Claims. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with relevant Bankruptcy Rules and Local Bankruptcy Rules.

**METROPOLITAN LIFE INSURANCE COMPANY**
By: /s/ Frank Monfalcone
Name:  Frank Monfalcone
Title:   Director

**METLIFE INVESTORS USA INSURANCE COMPANY**
**METLIFE INSURANCE COMPANY OF CONNECTICUT**
**METROPOLITAN TOWER LIFE INSURANCE
   COMPANY**

**The Debtors and Debtors in Possession**
By: /s/ Gary S. Lee
Gary S. Lee
Joel C. Haims
Jonathan C. Rothberg
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104 Telephone: (212) 468-8000
Facsimile: (212) 468-7900
*Counsel for the Debtors and Debtors in Possession*

6

ny-1106907

**NEW ENGLAND LIFE INSURANCE COMPANY**
**GENERAL AMERICAN LIFE INSURANCE COMPANY**
**METLIFE, INC.**
**METLIFE INVESTORS INSURANCE COMPANY**

   By:  Metropolitan Life Insurance Company, its
    investment manager

   By: /s/ Frank Monfalcone
      Name:  Frank Monfalcone
      Title:    Director


**METLIFE INVESTORS USA INSURANCE COMPANY**
**METLIFE INSURANCE COMPANY OF CONNECTICUT**
**METROPOLITAN TOWER LIFE INSURANCE**
   **COMPANY**
**NEW ENGLAND LIFE INSURANCE COMPANY**
**GENERAL AMERICAN LIFE INSURANCE COMPANY**
**METLIFE, INC.**
**METLIFE INVESTORS INSURANCE COMPANY**

   By:  Metropolitan Life Insurance Company, its
    investment manager

   By: /s/ Frank Monfalcone
      Name:  Frank Monfalcone
      Title:    Director


**METLIFE ALICO LIFE INSURANCE COMPANY K.K.**

   By:  MetLife Investment Management LLC, its
    investment manager

   By: /s/ Frank Monfalcone
      Name:  Frank Monfalcone
      Title:    Director



**SO ORDERED**
This __ day of December, 2013
in New York, New York


_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

7

12-12020-mg    Doc 6044    Filed 12/09/13    Entered 12/09/13 15:06:39    Main Document
Pg 11 of 11

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

Exhibit 1 to Stipulation And Order Resolving The Metlife Claimants' RMBS-Related Claims

| Claim Number | Name of Claimant | Debtor Claim Asserted Against | Claim Amount |
|---|---|---|---|
| 5551 | Metropolitan Tower Life Insurance Company | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5555 | Metropolitan Tower Life Insurance Company | Residential Asset Securities Corporation | UNLIQUIDATED |
| 5577 | Metropolitan Tower Life Insurance Company | Residential Asset Mortgage Products, Inc. | UNLIQUIDATED |
| 5579 | Metropolitan Tower Life Insurance Company | Residential Accredit Loans, Inc. | UNLIQUIDATED |
| 5584 | Metropolitan Tower Life Insurance Company | GMAC Mortgage, LLC | UNLIQUIDATED |
| 5586 | Metropolitan Tower Life Insurance Company | GMAC Mortgage USA Corporation | UNLIQUIDATED |
| 5592 | Metlife Inc. | Residential Asset Mortgage Products, Inc. | UNLIQUIDATED |
| 5593 | Metlife Investors Insurance Company | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5595 | New England Life Insurance Company | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5598 | Metropolitan Property and Casualty Insurance Company | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5601 | Metlife Inc. | Residential Accredit Loans, Inc. | UNLIQUIDATED |
| 5608 | Metropolitan Life Insurance Company | Residential Accredit Loans, Inc. | UNLIQUIDATED |
| 5611 | Metropolitan Life Insurance Company | GMAC Mortgage, LLC | UNLIQUIDATED |
| 5614 | Metropolitan Life Insurance Company | GMAC Mortgage USA Corporation | UNLIQUIDATED |
| 5618 | Metropolitan Life Insurance Company | Residential Asset Securities Corporation | UNLIQUIDATED |
| 5621 | Metropolitan Life Insurance Company | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5624 | Metropolitan Life Insurance Company | Residential Funding Mortgage Securities II, Inc. | UNLIQUIDATED |
| 5628 | Metropolitan Life Insurance Company | Residential Asset Mortgage Products, Inc. | UNLIQUIDATED |
| 5630 | General American Life Insurance Company | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5633 | General American Life Insurance Company | GMAC Mortgage USA Corporation | UNLIQUIDATED |
| 5637 | General American Life Insurance Company | GMAC Mortgage, LLC | UNLIQUIDATED |
| 5640 | General American Life Insurance Company | Residential Accredit Loans, Inc. | UNLIQUIDATED |
| 5645 | General American Life Insurance Company | Residential Asset Mortgage Products, Inc. | UNLIQUIDATED |
| 5648 | General American Life Insurance Company | Residential Asset Securities Corporation | UNLIQUIDATED |
| 5651 | Metlife Alico Life Insurance K.K. | Residential Accredit Loans, Inc. | UNLIQUIDATED |
| 5661 | MetLife Insurance Company of Connecticut | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5664 | MetLife Insurance Company of Connecticut | Residential Funding Mortgage Securities II, Inc. | UNLIQUIDATED |
| 5669 | MetLife Insurance Company of Connecticut | GMAC Mortgage USA Corporation | UNLIQUIDATED |
| 5672 | MetLife Insurance Company of Connecticut | Residential Accredit Loans, Inc. | UNLIQUIDATED |
| 5676 | MetLife Insurance Company of Connecticut | Residential Asset Securities Corporation | UNLIQUIDATED |
| 5679 | MetLife Insurance Company of Connecticut | Residential Asset Mortgage Products, Inc. | UNLIQUIDATED |
| 5681 | Metlife Investors USA Insurance Company | GMAC Mortgage USA Corporation | UNLIQUIDATED |
| 5687 | Metlife Investors USA Insurance Company | Residential Funding Mortgage Securities I, Inc. | UNLIQUIDATED |
| 5689 | Metlife Investors USA Insurance Company | Residential Accredit Loans, Inc. | UNLIQUIDATED |
| 5691 | Metlife Investors USA Insurance Company | GMAC Mortgage, LLC | UNLIQUIDATED |
| 5693 | Metlife Investors USA Insurance Company | Residential Asset Mortgage Products, Inc. | UNLIQUIDATED |
| 5696 | MetLife Insurance Company of Connecticut | GMAC Mortgage, LLC | UNLIQUIDATED |