RECORDING REQUESTED BY
TICOR TITLE COMPANY
FULLERTON BRANCH

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

**81.00**

**2004000976411 08:00am 10/29/04**
203 69 D11 26

0.00 0.00 0.00 0.00 0.00 78.00 0.00 0.00 0.00 0.00

Recording Requested By:
ALLIANCE BANCORP

And After Recording Return To:
ALLIANCE BANCORP
91 WESTBOROUGH BLVD., #200
SOUTH SAN FRANCISCO, CALIFORNIA 94080
Loan Number: 04-SC76481

_162(012-17_    ———————— [Space Above This Line For Recording Data] ————————

# DEED OF TRUST

MIN: 1000393-0200476481-0

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)  "Security Instrument" means this document, which is dated  OCTOBER 20, 2004    , together with all Riders to this document.
(B)  "Borrower" is JOHN CIRINO AND SEPIDEH CIRINO, HUSBAND AND WIFE AS COMMUNITY PROPERTY

Borrower is the trustor under this Security Instrument.
(C)  "Lender" is ALLIANCE BANCORP

Lender is a CALIFORNIA CORPORATION                                                    organized and existing under the laws of  CALIFORNIA
Lender's address is 91 WESTBOROUGH BLVD., #200, SOUTH SAN FRANCISCO, CALIFORNIA 94080

(D)  "Trustee" is TICOR TITLE COMPANY
1440 N. HARBOR BLVD, SUITE 108, FULLERTON , CALIFORNIA 92835

(E)  "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F)  "Note" means the promissory note signed by Borrower and dated  OCTOBER 20, 2004
The Note states that Borrower owes Lender ONE MILLION THREE HUNDRED TWENTY THOUSAND AND 00/100              Dollars (U.S. $ 1,320,000.00     ) plus interest.

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS          *DocMagic* *eForms* 800-649-1362
Form 3005 01/01                                    Page 1 of 14                                www.docmagic.com

Ca3005.mzd.1.tem

EXHIBIT A

Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than NOVEMBER 1, 2034.

(G)  "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H)  "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I)  "Riders" means all Riders to this Security Instrument that are executed by Borrower.  The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☒ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☒ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | INTEREST ONLY ADDENDUM TO RIDER, ADDENDUM TO ADJUSTABLE RIDER |

(J)  "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K)  "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L)  "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M)  "Escrow Items" means those items that are described in Section 3.

(N)  "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for:  (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O)  "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P)  "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q)  "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter.  As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R)  "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.  This Security Instrument secures to Lender:  (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY          of          ORANGE          :

[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N. #: 636-341-02

which currently has the address of  27495 HIDDEN TRAIL ROAD
                                                              [Street]

LAGUNA HILLS                      , California  92653        ("Property Address"):
[City]                                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements,
appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be
covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security
Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors
and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose
and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling
this Security Instrument.
    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right
to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.
Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any
encumbrances of record.
    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with
limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
    1.  Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall
pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late
charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due
under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other
instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid,
Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in
one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check,
treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured
by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.
    Payments are deemed received by Lender when received at the location designated in the Note or at such other
location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return
any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender
may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights
hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS      *DocMagic* 800-649-1362
Form 3005 01/01                              Page 3 of 14                          www.docmagic.com

Ca3005.mzm.3.tem

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
JOHN CIRINO                    -Borrower

_____ (Seal)    10/21/04
SEPIDEH CIRINO                -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

Witness:                      Witness:

_____     _____

CALIFORNIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT - MERS
Form 3005 01/01
                    Page 13 of 14

DocMagic eForms 800-649-1362
www.docmagic.com

Ca3005.mzd.13.tem



WWW.LUMINAQ.COM

E-mail: info@luminaq.com

Dear John & Sepideh Cirino c/o Joseph DeClue ,

Per your request, we have conducted the loan securitization search for specified loan to find the most probable securitized trust / loan pool or investor who claims the ownership of your loan on **07/07/2011 for the property:**. 27495 Hidden Trail Rd. Laguna Hills, CA 92653. LuminaQ securitization Search involves a series of searches using different Sources of Information.

We have searched the public records for any traces of loan ownership via means of the Loan Specific Title Search, Agency ownership claims (Freddie Mac, Fannie Mae, Ginny Mae), MERS report for loans under MERS as well as publicly traded loan pools.

The search of the above mentioned sources is summarized in the table below:

| LuminaQ Search Type | Source of Information | Trust / Ownership Claimed / Revealed (Yes, if checked) | Trust Name or Loan Ownership (if revealed) |
|---|---|---|---|
| Loan Specific Title Search | Public Records | ☐ | n/a |
| MERS Report    MIN# | MERS Link | ☒ | GMAC Mortgage, As Servicer |
| Freddie Mac | Freddie Mac | ☐ | Not Freddie Mac |
| Fannie Mae | Fannie Mae | ☐ | Not Fannie Mae |
| Ginnie Mae | Ginnie Mae | ☐ | Not Ginnie Mae |
| Public Deals Search *** | ABSNet /SEC / Bloomberg | ☒ | Impac Secured Assets Corp 2004-4 |
| Deal Bond Finder | Luminaq Proprietary DB | ☐ | n/a |
| Luminaq Database | Luminaq Proprietary DB | ☐ | n/a |
| Private Deals Search | Any Available Source | ☐ | n/a |

Based on LuminaQ's analysis of the loan characteristics inside the pool level data in comparison to the loan characteristics based on public data, the loan of interest is perceived to be in the following loan trust & pool below:

| | Public Deal Search (Loan Pool Matching to Public Data) Results | | |
|---|---|---|---|
| **Trust Name** | *Impac Secured Assets Corp 2004-4* | | |
| **Group / Pool #** | *ISAC04-4-1* | | |
| ABSNet Deal ID: | 34814 | Region: | United States |
| Asset Class/Collateral Type: | RMBS/ALT A | Issuer: | Impac Secured Assets Corp. |
| Deal Size: | 995,031,100 | Underwriter: | Bear Stearns & Co. Inc. |
| Remittance Frequency: | Monthly | Trustee: | Wells Fargo |
| Bloomberg Name: | IISA 2004-4 | Servicer: | GMAC |

*** The Public Deals search was performed using loan characteristics match method by LuminaQ team (described below). The results are shown in Exhibit A. The Trust Name

The Securitized Loan information is presented as an information only based on the reliable source of securitized mortgage-backed assets by means of matching loan characteristics inside a pool group to public records data. 6,660 Total Active Public Deals and 20,000 Total Public Deals. (Agency Deals, Commercial Loans and Private Deals not Covered)

Exhibit E



WWW.LUMINAQ.COM

E-mail: info@luminaq.com

match from Public Deal search is found based on loan characteristics from public records data (Loan Specific Characteristics from Title Search) cross referenced with the individual loan characteristics from the securitized loan-level pool data, using highly reliable source for asset pool loan information on securitized mortgage backed transactions (Loan Tapes from Servicers, Trustees and Lenders).

Positive match for loan to be inside the Securitized Loan Pool is claimed when majority of available distinct loan characteristics from public data are the same or similar to loan characteristics from asset pool.

The following fields are examined per list below:
*Loan ID number, Origination Date, Maturity Date, First Payment Date, Principle and Securitized Amount of Loan, Term of the Loan / Interest Rate / Type of the Loan, GEO Location / County / Zip Code, Servicer / Trustee Name / Trust Name, Status of the loan: Foreclosure, Bankruptcy, REO, Date of Foreclosure, Bankruptcy, REO.*

Detailed LuminaQ's data comparison table is shown below with the number of loan characteristics matches from the Public Deal search.

Thank you for your order,
LuminaQ Team

The Securitized Loan information is presented as an information only based on the reliable source of securitized mortgage-backed assets by means of matching loan characteristics inside a pool group to public records data. 6,660 Total Active Public Deals and 20,000 Total Public Deals. (Agency Deals, Commercial Loans and Private Deals not Covered)



E-mail: info@luminaq.com

## Exhibit A: Public Data relationship to Pool Loan Data

| Public Records Loan Data (Main Loan Characteristics) | | Securitized Pool Loan Data (Main Loan Characteristics) | | Characteristics Match (M) |
|---|---|---|---|---|
| Publicly Recorded Data | Characteristic | Pool Loan Data | Characteristic | |
| Geo Location (Zip Code) | 92653 | Geo Location (Zip Code) | 92653 | M |
| Loan Origination Date | 10/20/2004 | Loan Origination Date * | 10/20/2004 | M |
| Original Principle | $1,320,000 | Original Securitized Balance ** | $1,320,000 | M |
| Loan Maturity Date | 11/1/2034 | Loan Maturity Date | 11/1/2034 | M |
| Loan ID | 04-SC76481 | Loan ID | 1103334602 | M |
| Loan Originator | Alliance Bancorp | Trust Name Matches Loan Originator? | | |
| Servicer Name | US Bank | Servicer Name | | |
| Trustee Name | Impac Mortgage Holdings | Trustee Name | | |
| Loan Status | Bankruptcy | Loan Status (Active/Bankr/FC/REO) | Bankrupcy | M |
| Foreclosure Case Filing Date | | Loan reported in Foreclosure State | | |
| Bankruptcy Case Filing Date | | Loan reported in Bankruptcy State | | |
| REO Filing Date | | Loan reported in REO State | | |

Notes: * Loan Origination Date may not be exactly the same and within 0-4 weeks for the match, due to date tracking differences.
** Original Securitized Balance may not be exactly the same as Original Principle Balance for the positive match

| Public Records Loan Data (Secondary Loan Characteristics) | | Securitized Pool Loan Data (Secondary Loan Characteristics) | | Characteristics Match (M) |
|---|---|---|---|---|
| Publicly Recorded Data | Characteristic | Pool Loan Data | Characteristic | |
| MERS MIN# | | MIN Number Match Loan ID? | | |
| Original Interest Rate | | Original Interest Rate | | |
| Original Term | | Original Term | | |
| Loan Type | | Loan Type | | |
| Original Appraised Value | | Original Appraised Value | | |
| Lien Position | | Lien Position | | |
| First Payment Date | | First Payment Date | | |
| Ending Pool Balance | | Ending Pool Balance | | |
| | | Original Loan to Value | | |
| Delinquency Status | | Delinquency Status | | |

| Results of Securitized Loan Search Matching | |
|---|---|
| Number of Key Loan Characteristics Matched | 6 |

The Securitized Loan information is presented as an information only based on the reliable source of securitized mortgage-backed assets by means of matching loan characteristics inside a pool group to public records data. 6,660 Total Active Public Deals and 20,000 Total Public Deals. (Agency Deals, Commercial Loans and Private Deals not Covered)



**ProTitleUSA.com**

E-mail: info@protitleusa.com
Phone: (888) 878-8081
Fax:    (888) 878-8081

| Property and Ownership Information | | | |
|---|---|---|---|
| Current Owner's Name | Cirino, John Robert and Sepideh Sally | Completed Date | 7/6/11 |
| Order # 22991 | | Index Date | 6/20/11 |
| Property Address | 27495 Hidden Trail Road, Laguna Hills | Report Type | Current Owner Search |
| APN# / Parcel # / PIN# | 636-341-02 | County | Orange |
| Short Legal Description | | Full Legal Description | See attached Deed |

| Vesting Information | | | |
|---|---|---|---|
| Grantee(s)/Deed Owner | John Robert Cirino and Sepideh Sally Cirino, Trustee of the Cirino Family Trust dated April 25, 1995 | Deed Date | 10/21/04 |
| Grantor / Prior Owner | John Cirino and Sepideh Cirino | Recorded Date | 10/29/04 |
| Consideration Amount | 0 | Instrument | Book/Page# | 04-976413 |
| Sale Price | | Deed Type | Grant Deed |
| **Chain of Title (1)** | | | |
| Grantee(s)/Deed Owner | John Cirino and Sepideh Cirino, Husband and Wife as Community Property | Deed Date | 10/21/04 |
| Grantor / Prior Owner | John Robert Cirino and Sepideh Sally Cirino, Trustee of the Cirino Family Trust dated April 25, 1995 | Recorded Date | 10/29/04 |
| Consideration Amount | 0 | Instrument | Book/Page# | 04-976410 |
| Sale Price | | Deed Type | Grant Deed |
| **Chain of Title (2)** | | | |
| Grantee(s)/Deed Owner | John Robert Cirino and Sepideh Sally Cirino, Trustee of The Cirino Family Trust dated April 25, 1995 | Deed Date | 3/11/03 |
| Grantor / Prior Owner | John Robert Cirino and Sepideh Sally Cirino | Recorded Date | 3/31/03 |
| Consideration Amount | 0 | Instrument | Book/Page# | 03-347416 |
| Sale Price | | Deed Type | Grant Deed |
| **Chain of Title (3)** | | | |
| Grantee(s)/Deed Owner | John Robert Cirino and Sepideh Sally Cirino, Husband and Wife as Community Property | Deed Date | 12/18/02 |
| Grantor / Prior Owner | John Robert Cirino and Sepideh Sally Cirino, Trustees of the Cirino Family Trust dated April 25, 1995 | Recorded Date | 1/2/03 |
| Consideration Amount | 0 | Instrument | Book/Page# | 03-4648 |
| Sale Price | | Deed Type | Grant Deed |
| **Chain of Title (4)** | | | |
| Grantee(s)/Deed Owner | John Robert Cirino and Sepideh Sally Cirino, Trustees of the Cirino Family Trust dated April 25, 1995 | Deed Date | 7/8/96 |
| Grantor / Prior Owner | John Cirino and Sepideh Cirino | Recorded Date | 7/22/96 |
| Consideration Amount | 0 | Instrument | Book/Page# | 96-372565 |
| Sale Price | | Deed Type | Quitclaim Deed |
| **Chain of Title (5)** | | | |
| Grantee(s)/Deed Owner | John Cirino and Sepideh Cirino, Husband and Wife as Community Property | Deed Date | 12/4/95 |
| Grantor / Prior Owner | Michael J Quinn and Janis M Quinn | Recorded Date | 1/29/96 |
| Consideration Amount | 1177.00 | Instrument | Book/Page# | 96-42223 |
| Sale Price | | Deed Type | Grant Deed |
| **Chain of Title (6)** | | | |
| Grantee(s)/Deed Owner | Michael J Quinn and Janis M Quinn, Husband and Wife as Joint Tenants | Deed Date | 8/30/94 |
| Grantor / Prior Owner | Bruce V Curci and Evelyn M Curci | Recorded Date | 9/28/94 |

This title search report was performed in accordance with generally accepted standards. The report is provided for information of addressee only and liability hereunder is limited to the cost of the search. This report may _not_ contain information affecting above real estate property that can not be indexed due to different spelling of owner's name or incorrectly recorded parcel number or recorder clerk error. This report is subject to terms and conditions of ProTitleUSA.com.



**ProTitleUSA.com**

E-mail: info@protitleusa.com
Phone: (888) 878-8081
Fax:    (888) 878-8081

| Consideration Amount | 1127.50 | | Instrument | Book/Page# | 94-584674 |
|---|---|---|---|---|
| Sale Price | | | Deed Type | Grant Deed |
| Notes: | | | | |

## Open Mortgage Information (1)

| | | | | |
|---|---|---|---|---|
| Borrower | John Cirino and Sepideh Cirino | | Date Signed | 10/20/04 |
| Lender | Mers, Inc. for Alliance Bancorp | | Date Recorded | 10/29/04 |
| Trustee | Ticor Title Company | | Instrument | Book/Page# | 04-976411 |
| Mortgage Type | Deed of Trust | | Original Amount | 1,320,000 |
| Comments | Adjustable  Closed-End | | | |
| Mortgage Assigned to | Wells Fargo Bank, N.A., as Trustee for holders of Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2004-4 | | Assignment Doc # | 2011-28619 |
| Assignment Date | 1/6/2011 | | Assignment Recorded | 1/14/2011 |
| Substitution of Trustee | EXECUTIVE TR SERV LLC TR | | Recorded | 01/25/11 |
| Notice of Default | | | Recorded | 01/25/11 |
| Notice of Trustee's Sale | | | Recorded | 04/27/11 |

## Open Mortgage Information (2)

| | | | | |
|---|---|---|---|---|
| Borrower | John Cirino and Sepideh Cirino | | Date Signed | 10/20/04 |
| Lender | Mers, Inc. for Alliance Bancorp | | Date Recorded | 10/29/04 |
| Trustee | Ticor Title Company | | Instrument | Book/Page# | 04-976412 |
| Mortgage Type | Deed of Trust | | Original Amount | 400,000 |
| Comments | Closed-End | | | |
| Mortgage Assigned to | U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-3SL, Asset-Backed Certificates, TMTS Series 2005-3SL | | Assignment Doc # | 2011-99391 |
| Assignment Date | 2/17/11 | | Assignment Recorded | 2/23/11 |

## Open Mortgage Information (3)

| | | | | |
|---|---|---|---|---|
| Borrower | John Robert Cirino and Sepideh Sally Cirino, Trustees of the Cirino Family Trust dated April 25, 1995 | | Date Signed | 11/30/06 |
| Lender | Business Alliance Capital Company, a division of Sovereign Bank, a federal savings bank | | Date Recorded | 12/11/06 |
| Trustee | Chicago Title Insurance Company | | Instrument | Book/Page# | 06-825189 |
| Mortgage Type | Deed of Trust | | Original Amount | Not Stated |
| Comments | | | | |
| Mortgage Assigned to | Celtic Capital Corporation | | Assignment Doc # | 10-131904 |
| Assignment Date | 3/5/10 | | Assignment Recorded | 3/22/10 |
| Modification Agreement | - | | Modification Doc # | 10-249166 |
| Modification Date | 4/27/10 | | Modification Recorded | 5/27/10 |

## Active Judgments and Liens

| Doc # or Case# or Bk/Pg | Description | Date Recorded | Amount |
|---|---|---|---|
| 2009-455498 | Lien against Cirino, Sepideh and John Plaintiff: State of California Franchise Tax Board Address: 27495 Hidden Trail Road | 8/24/09 | 71,391 |

This title search report was performed in accordance with generally accepted standards. The report is provided for information of addressee only and liability hereunder is limited to the cost of the search. This report may not contain information affecting above real estate property that can not be indexed due to different spelling of owner's name or incorrectly recorded parcel number or recorder clerk error. This report is subject to terms and conditions of ProTitleUSA.com.



E-mail: info@protitleusa.com
Phone: (888) 878-8081
Fax:    (888) 878-8081

ProTitleUSA.com

| | | | |
|---|---|---|---|
| 2010-557278 | Lien against Cirino, Sepideh and John<br>Plaintiff: State of California Franchise Tax Board<br>Address: 27495 Hidden Trail Road | 10/25/10 | 38,494 |
| 2010-705334 | Lien against Cirino, Sepideh and John<br>Plaintiff: I.R.S.<br>Address: 27495 Hidden Trail Road | 12/29/10 | 123,760 |
| 2011-281246 | Judgment against Cirino, Sepideh S et al<br>Plaintiff: City National Bank<br>Address: 26071 Merit | 6/8/11 | 0 |
| 2010-66669 | Notice of Delinquent Assessment against Cirino, John Robert and Sepideh Sally – Plaintiff: Nellie Gail Ranch Owner Association Board of Directors<br>Address: 27495 Hidden Trail Road | 2/10/10 | 1,315 |

| Year | Property Tax Status | | Date | Amount |
|---|---|---|---|---|
| 10-11 | Paid | | 12/10/10 | 7152.77 |
| 10-11 | Paid | | 4/11/11 | 7152.77 |

| Year | Property Tax Assessed Value | | | Home Exemption | Total Amount |
|---|---|---|---|---|---|
| 10-11 | Land | $433,169 | Improvements $943,915 | $ | $1,377,084 |

| Additional Information or Documents | | |
|---|---|---|
| | | |

This title search report was performed in accordance with generally accepted standards. The report is provided for information of addressee only and liability hereunder is limited to the cost of the search. This report may not contain information affecting above real estate property that can not be indexed due to different spelling of owner's name or incorrectly recorded parcel number or recorder clerk error. This report is subject to terms and conditions of ProTitleUSA.com.



# INVESTIGATION REPORT

IMPAC SECURED ASSETS CORP.

MORTGAGE PASS-THROUGH CERTIFICATES,

## SERIES 2004-4

## POOL GROUP: ISACO4-4-1

## I.R.S EMPLOYER ID NO.

## 33-071-5871

### REPORT PREPERED FOR:

#### SEPIDEH CIRINO

PROPERTY LOCATION:

27495 HIDDEN TRAIL ROAD, LAGUNA HILLS, 92653

- *1* -



*INVESTIGATION & DISCOVERY REPORT*

## LOAN STATUS AS OF COMPLETION OF THE INVESTIGATION & DISCOVERY

CURRENT ON PAYMENTS ☐

NOTICE OF DEFAULT ☐

NOTICE OF TRUSTEE SALE ☐

BANKRUPTCY FILED ☑

ADMINISTRATIVE PROCESS ☐

PAHSE 1: ☑

PHASE 2: ☑

PHASE 3: ☑

LITIGATION FILED: ☐

SHORTSALE: ☐

FORECLOSURE COMPLETED: ☐



### *INVESTIGATION & DISCOVERY REPORT*

### Securitization Transaction Participants:

## INFORMATION BASED ON 424B5 REPORT DATED DECEMBER 29, 2004

| ORIGINAL LENDER / LOAN SERVICER | SPONSOR/SELLER | DEPOSITOR |
|---|---|---|
| LOAN ORIGINATOR: <br><br> ALLIANCE BANCORP. <br><br> LOAN SERVICER: <br><br> GMAC MORTGAGE LLC. | IMPAC FUNDING, CORP <br><br> **NOTE:** <br> SPONSER OF THE SECURITIES | BEAR, STEARNS & CO. INC. <br><br> **NOTE:** <br> BEAR , STEARNS & CO BECAME AN ACQUISITION OF CHASE JP MORGAN IN 2008 <br> http://en.wikipedia.org/wiki/Bear_Stearns |
| **TRUSTEE** | **ISSUING ENTITY** | **MASTER SERVICER – SECURITIES ADMINISTRATOR** |
| WELLS FARGO BANK. NA. <br><br> **NOTE:** <br><br> TRUSTEE OF THE TRUST | IMPAC SECURED ASSETS CORP. <br> 2004-4 <br><br> POOL GROUP: <br> ISAC04-4-1 <br> POOL SIZE: <br><br> BASED ON PROSPECTUS SUPPLEMENT DATED DECEMBER 29,2004 TO PROSPECTUS DATED AUGUST 30,2004 <br> REPORT 424B5 <br><br> $995,031,000.00 | IMPAC FUNDING, CORP <br><br> **NOTE:** <br> ADMINISTRATOR OF THE SECURITIES SPONSERED BY THE SAME ENTITY <br><br> IMPAC FUNDING, CORP |
| **CUSTODIAN** | **CUT- OFF DATE OF THE TRUST** | **CLOSING DATE OF THE TRUST** |
| WELLS FARGO BANK. NA. <br><br> **NOTE:** THE CUSTODIAN SHOULD MAINTAIN RECORDS FOR THE ISSUING ENTITY AND SHOULD HAVE RECORDS OF THE NOTES AND THE DEEDS THAT CORRESPOND WITH THE PROMISSERY NOTES. | 1/01/2005 <br><br> **NOTE:** <br> THE CUT-OFF DATE IS NORMALLY SOONER THAN THE CLOSING DATE OF THE TRUST , THIS COULD BE THE RESULT OF THE SUPPLEMENT FILED FOR THE PROSPECTUS | 12/31/2004 <br><br> **NOTE:** <br> THE CLOSING DATE IS CRITICAL TO THE SUBMISSION OR REPLACEMENT OF ANY ADDITIONAL LOANS OR TRAILING DOCUMENTS ENTERED INTO THE TRUST FUND |



## INVESTIGATION & DISCOVERY REPORT

## CHAIN OF TITLE:

The following information was derived from the title paperwork provided by the homeowner:

| ORIGINAL LENDER / NOTE HOLDER | ORIGINAL BENEFICIARY |
|---|---|
| LOAN ORIGINATOR: **ALLIANCE BANCORP. (MB)** <br><br> NOTE : RECORDED ON THE DEED OF TRUST AS THE ORIGINAL LENDER ON 10-20-2004 | ORIGINAL BENEFICIARY: <br><br> MERS ( MORTGAGE ELECTRONIC SYSTEM) <br><br> NOTE: RECORDED ON THE DEED OF TRUST AS THE 1ST BENEFICIARY OF THE SECURITY INTEREST Deed of Trust 10-29-2004 |
| **LOAN PURCHASER / NOTE HOLDER** | **ORIGINAL BENEFICIARY** |
| LOAN PURCHASER & SERVICER: **GMAC MORTGAGE** <br><br> NOTE : GMAC PURCHASED THE LOAN APPROXIMITLY 30 DAYS AFTER THE FUNDING OF THE ORIGINAL LOAN ON ON OR ABOUT 11-20-2004 FROM ALLIANCE BANCORP. AND SUBSEQUENTLY TRAVLING THE SECURITIZATION PATH THAT PUT THE NOTE IN THE TRUST ON OR ABOUT 12-20-2004 BEFORE THE CLOSING DATE OF THE TRUST ON 12-31-2004 | ORIGINAL BENEFICIARY: <br><br> MERS ( MORTGAGE ELECTRONIC SYSTEM) <br><br> NOTE: NO SUBESEQUENT TRANSFER OF THE DEED OF TRUST FROM MERS TO GMAC AT THIS POINT BETWEEN THE DATE RANGES OF 10-29-2004  TO THE CLOSING OF THE TRUST ON 12-31-2004 |
| **CURRENT NOTE HOLDER** | **CURRENT BENEFICIARY** |
| TRUSTEE OF THE TRUST: **WELLS FARGO BANK. NA.** of the Trust for the following **IMPAC SECUREDASSETS CORP.** **2004-4** <br><br> NOTE: THE TRUST HAS BEEN THE HOLDER OF THE NOTE AS OF THE CLOSING DATE 12-31-2004 AND CONTINUE TO BE TODAY | ORIGINAL BENEFICIARY: NOTE: THE ASSIGNMENT OF THE DEED OF TRUST WAS MADE FROM MERS TO WELLS FARGO BANK N.A AS TRUSTEE FOR HOLDERS OF IMPAC SECURED ASSET CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-4 BENEFICAL INTEREST FOR ALLEGED VALUE RECEIVED FROM WELLS FARGO BANK N.A ON 01-14-2011 7 YEARS AFTER THE CLOSING DATE OF THE TRUST |



*INVESTIGATION & DISCOVERY REPORT*

## Conclusion

1. There is **NO** evidence that the Note was ever "Endorsed in Blank" or any evidence of an Allonge to the Depositor and the **Trust**.

2. The Assignment of Deed of Trust was conveyed to **Trust** NOT by the Depositor, but by **MERS, as Nominee for ALLIANCE BANCORP**, the originating Lender, and that it was conveyed to the Trustee for the benefit of the Certificateholders of the Trust on or about **JANUARY 14, 2011**, approximately **5 YEARS** after the very last date any mortgage loan could have been conveyed and transferred to this Trust pursuant to the IRC regulations. Per the 424B5 Prospectus in the Assignment of the Mortgage Loans section, "The Seller will make certain representations and warranties as of the Closing Date as to the accuracy in all material respects of certain information furnished to the Trustee with respect to each Mortgage Loan." "Upon discovery of a breach of any such representation and warranty which materially and adversely affects the interests of the Certificateholders in the related Mortgage Loan and related documents, the Seller will have a period of **720 days** after the earlier of discovery or receipt of written notice of the breach to affect a cure."

3. This constitutes a prohibited transaction if it truly represents that the Note and Mortgage were conveyed to the Trust on the date of the Assignment. The Trustee simply has no vested power to accept such a prohibited transaction. It is a serious breach of trust and the **conveyance in null and void under New York trust law.**

4. The Pooling and Servicing Agreement is the governing document for this Trust and all parties. The PSA clearly defines the conveyance method and order for all mortgage loans in this Trust. The Trustee for the Trust has only the powers to act which are conferred on the Trustee by the PSA. The Trustee strictly violated Article II, Section 2.01 of the PSA when it accepted, if in fact it did, the Note and Mortgage via the Assignment of Mortgage, together with the Note, after **JANUARY 14, 2011.**

5. The "Assignment of Mortgage" filed by **MERS, as Nominee for ALLIANCE BANCORP**, and which <u>GMAC MORTGAGE LLC</u>. relies on, to substantiate its "owner and holder" status of the Note and Mortgage is IN DIRECT CONTRAVENTION to Section 2.01 of the PSA.
    a) The Mortgage Assignment was from **MERS, as Nominee for ALLIANCE BANCORP**, (not the Originating Lender) directly to the Trust, bypassing the Sponsor/Seller, and the Depositor
    b) The Mortgage Assignment was (dubiously) signed on **JAN 14 ,2011**, more than **7 years after the "Closing Date" per the PSA .**



**INVESTIGATION & DISCOVERY REPORT**

6. **Section 2.01** of the PSA specifically and absolutely dictates that **all Mortgage Loans selected for inclusion into this specific Trust MUST be conveyed to the Trustee without recourse by the DEPOSITOR through a true purchase and sale conveyance.**

7. **Section 2.01**, PSA states, "In connection with such transfer and assignment, the Depositor does hereby deliver to, and deposit with, the Trustee the following documents or instruments with respect to each Mortgage Loan so transferred and assigned, and the Depositor shall deliver or cause to be delivered to the Custodian the following documents or instruments."

   a) The original Mortgage, with evidence of recording thereon, and a copy, certified by the appropriate recording office, of the recorded power of attorney, if the Mortgage was executed pursuant to a power of attorney, with evidence of recording thereon;

   b) An original Assignment assigned in blank, without recourse;

   c) The original recorded intervening Assignment or Assignments showing a complete chain of assignment from the originator to the Person assigning the Mortgage to the Trustee as contemplated by the immediately preceding clause

   c) Or the original unrecorded intervening Assignments;

8. **Section 2.01** of the PSA in the instant case specifically requires the Depositor (*and only the Depositor*) to convey the mortgage loans to the Trustee. The PSA allows for absolutely no other form, method or chain of conveyance of mortgage loans to the Trust.

9. **Section 2.02**, the PSA states, "The Trustee or the Custodian on its behalf shall, for the benefit of the Trustee and the Certificateholders, review each Mortgage File within **30** days after execution and delivery of this Agreement, to ascertain that all required documents have been executed, received and recorded, if applicable, and that such documents relate to the Mortgage Loans."

10. The Pooling and Servicing Agreement (PSA) and the Underwriting Agreement for this **IMPAC SECURED ASSETS CORP, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-4 TRUST** are clear. No mortgage loan in this trust could be conveyed by any entity other than the Depositor, **BEAR, STEARNS & CO. INC.** and no later than **MARCH 31, 2005**, since the PSA specifically requires all parties to strictly adhere to Internal Revenue Code (the "IRC"), Section 860 provisions. The Depositor was under agreement to purchase all mortgage loans for this Trust from the Sponsor and Seller, **IMPAC FUNDING, CORP**

- 6 -



### INVESTIGATION & DISCOVERY REPORT

11. **ALLIANCE BANCORP was required by the PSA to sell the Mortgage Loan to the Seller, IMPAC FUNDING, CORP, then to the Depositor, BEAR, STEARNS &CO. INC. and not directly to the IMPAC SECURED ASSETS CORP, MORTGAGE PASS-THROUGH CERTIFICATES,SERIES 2004-4 TRUST**

12. The conveyance of the mortgage loan is null and void under New York Trust Law as it relates to the powers of the Trustee to accept and/or convey a mortgage loan for this trust in this manner.

13. The Trustee has no power, or authority to act outside of the scope of the powers conferred upon the Trustee under the PSA.

14. The Trustee has committed a serious breach of Trust and has also exposed the Trust to serious tax penalties and possible IRS and SEC audits of the entire conveyance practices of the Trust which jeopardizes the entire tax status of the Trust.

15. The subject Note and Mortgage likely did **NOT** get deposited or ultimately make it into this Trust and, therefore, another entity is likely to be found to be the true and actual owner and holder of the Note and Mortgage, however further discovery would need to be conducted to make a final determination of exactly who at this point does own the subject Note and Mortgage and to determine if the Note and Mortgage have been bifurcated or not.

16. **The signer on the Assignment of Deed of Trust, (JACOB RANDELL), is suspect as being an employee, officer or "Assistant Secretary of MERS, Inc. He is most likely an employee of ETS Services , LLC.  The signature of (JACOB RANDELL) looks very suspicious and untruthful .**

    http://shamethebanks.org/jorge/robo-signer-misdeeds-may-help-homeowners

    http://stopforeclosurefraud.com/2010/05/06/mortgage-servicing-companies-preparing-%E2%80%9C-replacement%E2%80%9D-mortgage-assignments-by-lynn-e-szymoniak-esq-ed/

17. The promissory note was made payable to **ALLIANCE BANCORP**.  No record document suggests that it has been endorsed to **MERS** or any other named entity. The Deed of Trust/Mortgage states that **MERS** is the beneficiary of it.  **MERS** was never the servicer or collector of any payments on this loan, and cannot claim to be the beneficiary of this loan.  There is of either no legal effect or it is an illegal conversion of the note. Any Assignment of the Deed of Trust by **MERS** is therefore void.



**INVESTIGATION & DISCOVERY REPORT**

18. Section 3.06 of the PSA states, "the Servicer shall make reasonable efforts in accordance with the customary and usual standards of practice of prudent mortgage servicers to collect all payments called for under the Mortgage Loans to extent the procedures are consistent with the foregoing, the Servicer may in its discretion

   (i)   Subject to Section 3.21, waive any Late Payment Fee or subject to Section 3.20, waive any Prepayment Charge in connection with the prepayment of a Mortgage Loan and

   (ii)  Extend the due dates for payments due on a Delinquent Mortgage Loan for a period not greater than 125 days. In connection with a Mortgage Loan that is in default, or with respect to which default is reasonable foreseeable, the Servicer may, consistent with the Servicing Standard, waive, modify or vary any term of that Mortgage Loan (including modifications that change the Mortgage Rate, forgive the payment of principal or interest or extend the final maturity date of that Mortgage Loan)"

19. Section 3.01 states the Servicer has latitude to conduct **LOAN MODIFICATIONS** as long as the tax status of the REMIC is not affected.

20. All authorized signers and agents are required to have a corporate of resolutions on file giving them the power to sign on the behalf of the corporation. All signers as attorney-in-fact or power of attorney have to prove this to the notary and attach the power of attorney to the document.

**INVESTIGATION & DISCOVERY
COMPLETED BY RAMIN REDJAI**

- 8 -



*INVESTIGATION & DISCOVERY REPORT*

## THE CORRECT (TRUE SALE) PROCESS OF SECURITIZATION

## <u>ORIGINATOR/LENDER</u>

### ALLIANCE BANCORP.

NOTE ENDORSED          DEED OF TRUST / MORTGAGE ASSIGNED

   

## <u>SPONSOR/SELLER</u>

### IMPAC FUNDING, CORP

NOTE ENDORSED          DEED OF TRUST / MORTGAGE ASSIGNED

   

## <u>DEPOSITOR</u>

### BEAR, STEARNS & CO. INC.

NOTE ENDORSED          DEED OF TRUST / MORTGAGE ASSIGNED

## <u>ISSUING ENTITY (TRUST)</u>

IMPAC SECURED ASSETS CORP. Mortgage Pass-Through <u>Certificates,</u>
<u>SERIES 2004-4</u>

- 9 -



*INVESTIGATION & DISCOVERY REPORT*

## THE INCORRECT PROCESS OF SECURITIZATION AND HOW THE ORIGINATOR/LENDER "SIDE STEPPED" THE PROCESS

## ORIGINATOR/LENDER

**ALLIANCE BANCORP.**

PROMISSERY NOTE



SEPERATION

**ALLIANCE BANCORP.**

DEED OF TRUST



**SPONSOR/SELLER**

| IMPAC FUNDING, CORP |
| NOTE, NO ASSIGNMENT |

**MERS as NOMINEE & BENEFICERY**

MERS IS THE BENEFICERY UNDER

THIS SECURITY INSTRUMENT.

MERS IS ALSO THE ACTING AS SOLELY

THE NOMINEE FOR THE LENDER(s),




**DEPOSITOR**

| BEAR, STEARNS & CO. INC. |
| NOTE, NO ASSIGNMENT |
| NO CONSIDERATION |



VIOLATION

**TRUSTEE OF THE TRUST**

**TRUST / ISSUING ENTITY**

| IMPAC SECURED ASSETS CORP. |
| Mortgage |
| Pass-Through Certificates, **SERIES 2004-4** |
| **CLOSING DATE: 12-31-2004** |



| WELLS FARGO BANK, NA |
| CUSTODIAN OF THE RECORD |
| ASSIGNMENT OF THE |
| DEED OF TRUST |
| **1-14-2011** |
| INVESTOR SERVICING |

- 10 -

ETS
PO Box 9032
Temecula, CA 92589-9032



2246270351

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

*Send Payments to:*
ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504

*Send Correspondence to:*
ETS
2255 N. Ontario Street
Suite 400
Burbank, CA 91504

JOHN ROBERT CIRINO, CO-TRUSTEE OF THE CIRINO
FAMILY TRUST DATED APRIL 25, 1995
27495 HIDDEN TRAIL RD
LAGUNA HILLS CA 92653-5875

20110128-56
CA10DAY_FirstClass



1096-v4

RECORDING REQUESTED BY:

LSI TITLE COMPANY, INC.

WHEN RECORDED MAIL TO:
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDING FEE:    **$12.00**

RECORDED ON:    **January 25, 2011**

AS DOCUMENT NO:    **2011-42959**

BY:    **s/ Jeremy Ruacho**

LSI TITLE COMPANY (CA)

---

TS No. : GM-274223-C    Loan No.: 0359106078

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$29,919.59** as of **1/24/2011,** and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact, WELLS FARGO BANK, N.A., AS TRUSTEE FOR HOLDERS OF IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-4
C/O ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
(818) 260-1600 phone



TS NO.: GM-274223-C          LOAN NO.: 0359106078

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Executive Trustee Services, LLC dba ETS Services, LLC** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **10/20/2004**, executed by **JOHN CIRINO AND SEPIDEH CIRINO, HUSBAND AND WIFE AS COMMUNITY PROPERTY**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ALLIANCE BANCORP A CALIFORNIA CORPORATION**, as beneficiary, recorded **10/29/2004**, as Instrument No. **2004000976411**, in Book **XX**, Page **XX**, of Official Records in the Office of the Recorder of **Orange** County, California describing land therein as:

AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including **ONE NOTE FOR THE ORIGINAL** sum of **$1,320,000.00** ; that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and Interest plus impounds and/or advances which became due on 9/1/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The undersigned declares that the beneficiary or its authorized agent has declared that they have complied with California Civil Code Section 2923.5 by making contact with the borrower or tried with due diligence to contact the borrower as required by California Civil Code Section 2923.5.

Dated: 1/24/2011

ETS Services, LLC as Agent for Beneficiary

BY: _____

Sandra Guevara
TRUSTEE SALE OFFICER

RECORDING REQUESTED BY
EXECUTIVE TRUSTEE SERVICES, INC

AND WHEN RECORDED MAIL TO:
EXECUTIVE TRUSTEE SERVICES, INC
2255 North Ontario Street, Suite 400
Burbank, CA 91504-3120

T.S. No. GM-274223-C
Loan No. 0359106078
Insurer No. 1103334602

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

||||||||||||||||||||||||||||||||||||||||||    12.00

2011000212403 11:57am 04/27/11
66 408 N34 2

0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00 0.00

---

10080140    NOTICE OF TRUSTEE'S SALE

SPACE ABOVE THIS LINE FOR RECORDERS Use

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 10/20/2004. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR: **JOHN CIRINO AND SEPIDEH CIRINO, HUSBAND AND WIFE AS COMMUNITY PROPERTY**
Recorded 10/29/2004 as Instrument No. 2004000976411 in Book XX, page XX of Official Records in the office of the Recorder of Orange County, California.
Date of Sale: 05/23/2011 at 12:00 P.M.
Place of Sale:    **At the North front entrance to the County Courthouse, 700 Civic Center Drive West, Santa Ana, CA 92701**
Property Address is purported to be:    27485 HIDDEN TRAIL ROAD
LAGUNA HILLS, CA 92653-0000

APN #: **636-341-02**

The total amount secured by said instrument as of the time of initial publication of this notice is $1,411,403.75, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;
[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or 2923.55.

T.S. No. GM-274223-C
Loan No. 0359106078
Insurer No. 1103334602

Date: 04/26/2011

EXECUTIVE TRUSTEE SERVICES, INC
2255 North Ontario Street, Suite 400
Burbank, CA 91504-3120
Sale Line: 714-730-2727

Digna Del Fonso, TRUSTEE SALE OFFICER