**LAW OFFICES OF STEPHEN R. WADE, P.C.**
W. Derek May, CA State Bar No. 246327
*Admitted Pro Hac Vice*
350 W. Fourth Street
Claremont, CA 91711
Phone: 909-985-6500
Fax: 909-399-9900

Counsel for Marlow Hooper and Monique Hooper

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**CREDITORS MARLOW HOOPER AND MONIQUE HOOPER'S OPPOSITION TO DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIM BASED UPON RES JUDICATA**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

      Creditors Marlow Hooper and Monique Hooper ("Creditors"), the filers of Claim No. 1007, filed on October 5, 2012, submit the following opposition to Debtors' Fifty First Omnibus Objection to Claim based upon Res Judicata:

<u>**RELIEF REQUESTED**</u>

      1.    Creditors request that the objection by the Debtors be overruled as pre-mature and without an adequate basis for objection under 11 U.S.C. Section 502 as Creditors possess a contingent claim.

      2.    The claim is contingent in that is dependent upon the outcome of an appeal that was pending at the time of the Debtors' bankruptcy filings and the claim was filed to preserve their rights to distribution in the event of a reversal.

## **BACKGROUND**

3.      The Creditors filed for protection under Chapter 7 of Title 11 of the U.S. Bankruptcy Code on October 15, 2008 in the bankruptcy court for the Central District of California, Riverside Division. (See Declaration of W. Derek May, filed concurrently herewith, ¶ 2)

4.      On June 11, 2009, Karl T. Anderson as Trustee initiated an Adversary Proceeding, Adv. No. 6:09-ap-01275 MJ (the "Adversary"), wherein Karl T. Anderson as trustee sought to avoid certain transfers to GMAC Mortgage, LLC ("GMAC") under Sections 547 and 550 of the Bankruptcy Code. (See Id. at ¶ 3)

5.      On September 15, 2009, GMAC, by an through its counsel, Wolfe and Wyman by Yaron Shalam Esq., filed a Proof of Claim, identified as Proof of Claim #3-1. (See Id. at ¶ 4)

6.      On December 21, 2010, the Chapter 7 Trustee filed a Motion for Order Authorizing Trustee's Global Compromise of the Adversary proceeding. Creditors opposed the Compromise by filing opposition on December 29, 2010 and already had an objection to the claim of GMAC on file on November 30, 2010. (See Id. at ¶ 5)

7.      The bankruptcy judge granted the Compromise and thereafter overruled the Debtor's objection to the claim of GMAC. (See Id. at ¶ 6)

8.      Two notices of appeal were filed, one of the Order Approving the Compromise and one of the Order Overruling Debtor's Objection. (See Id. at ¶ 7)

9.      The appeal of both orders proceeded before the Bankruptcy Appellate Panel for the Ninth Circuit. (See Id. at ¶ 8)

10.      The BAP affirmed the bankruptcy court orders in their entirety on February 14, 2012. (See Id. at ¶ 9)

11.      On March 10, 2012, the Creditors timely filed a notice of appeal of the BAP's decision to the Ninth Circuit Court of Appeals. (See Id. at ¶ 10)

12.      On May 14, 2012, the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.(See Id. at ¶ 11)

13.     The Creditors filed their proof of claim on October 5, 2012, Claim No. 1007 (See Id. at ¶ 12; See also Creditor's Proof of Claim No. 1007, attached as Exhibit "A" to the Declaration of W. Derek May).

14.     The appeal has been fully briefed and oral argument is scheduled for January 9, 2014. (See Id. at ¶13; See also Docket for Ninth Circuit Court of Appeals and the schedule for oral argument, attached as Exhibit "B" to the Declaration of W. Derek May; Appellants' Opening Brief, attached as Exhibit "C" to the Declaration of W. Derek May).

## RES JUDICATA CANNOT BE USED TO BAR A CONTINGENT CLAIM

15.     Section 502(b)(1) of the Bankruptcy Code provides in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."

16.     A contingent claim is defined in the case of Ogle v. Fidelity & Deposit Co. of Maryland, 586 F.3d 143, 146 (2nd Cir., 2009) :

> A "contingent" claim under the Code refers "to obligations that will become due upon the happening of a future event that was within the actual or presumed contemplation of the parties at the time the original relationship between the parties was created." In re Manville Forest Prods. Corp., 209 F.3d 125, 128-29 (2d Cir.2000) (internal quotation marks omitted). "A claim will be deemed to have arisen pre-petition if the relationship between the debtor and the creditor contained all of the elements necessary to give rise to a legal obligation — a right to payment — under the relevant non-bankruptcy law." Id. at 129

The contingent nature of the Creditor's claim in this case is evident. Only if the pending appeal is rendered in Creditor's favor on their claim objection, would GMAC be required to return proceeds previously distributed by the Creditor's Chapter 7 Trustee pursuant to the Compromise. The extrinsic event is the decision on appeal in the Creditor's favor. In the absence of a pending appeal, the claim would be non-contingent and the objection based upon res judicata grounds would be appropriate. However, since there is still a chance in this case that the contingency could be recognized, it is pre-mature to deny and expunge it on res judicata grounds.

17.     By the filing of their proof of claim, the Creditors are not requesting that this Court

3

re-litigate matters that have already been decided or will be decided on the appeal. The Creditors are asking that this Court not disallow or expunge their claim at this time so the appellate court that the issues are properly before can make that decision and there still be an avenue for the Creditor's or their estate to recover a portion of the funds distributed to GMAC. In the event of a loss on the appeal, the Creditors will withdraw their claim to prevent the need for a further objection.

18.    The use of the doctrine of res judicata should be limited. In In re Enewally, 368 F.3d 1165, 1172-73 (9th Cir., 2004), the Court stated "[w]e have recently observed that in the unique bankruptcy context, "the principle of res judicata should be invoked only after careful inquiry because it blocks unexplored paths that may lead to truth...." (Citing Latman v. Burdette, 366 F.3d 774 (9th Cir.2004)). In this particular case, the Creditors rights may be vindicated on appeal and in such an event, the Creditors, or their estate, may be entitled to a return of funds paid over to GMAC. Claim 1007 in this case was filed to preserve those rights.

## CONCLUSION

19.    Based on the analysis set forth above and the Declaration of W. Derek May, the Objection to Claim No. 1007 of the Creditors should be overruled without prejudice pending the outcome of the pending appeal.

Respectfully Submitted,

Dated: December 9, 2013                LAW OFFICES OF STEPHEN R. WADE, P.C.


By: _____
                    W. Derek May

4

## DECLARATION OF W. DEREK MAY IN SUPPORT OF CREDITORS MARLOW HOOPER AND MONIQUE HOOPER'S OPPOSITION TO DEBTORS' FIFTY-FIRST OMNIBUS OBJECTION TO CLAIM BASED UPON RES JUDICATA

I, W. Derek May, hereby declare that:

1.      I am an attorney licensed to practice law in the State of California and admitted to practice before this Court on a limited basis as attorney for Creditors Marlow Hooper and Monique Hooper pursuant to this Court's order entered on November 26, 2013, Docket #5952. I have personal knowledge of the facts contained herein and if called upon to testify thereon, I could competently testify regarding the same.

2.      The Creditors Marlow Hooper and Monique Hooper ("Creditors") filed for protection under Chapter 7 of Title 11 of the U.S. Bankruptcy Code on October 15, 2008 in the bankruptcy court for the Central District of California, Riverside Division.

3.      On June 11, 2009, Karl T. Anderson as Trustee initiated an Adversary Proceeding, Adv. No. 6:09-ap-01275 MJ (the "Adversary"), wherein Karl T. Anderson as trustee sought to avoid certain transfers to GMAC Mortgage, LLC ("GMAC") under Sections 547 and 550 of the Bankruptcy Code.

4.      On September 15, 2009, GMAC, by an through its counsel, Wolfe and Wyman by Yaron Shalam Esq., filed a Proof of Claim, identified as Proof of Claim #3-1.

5.      On December 21, 2010, the Chapter 7 Trustee filed a Motion for Order Authorizing Trustee's Global Compromise of the Adversary proceeding. Creditors opposed the Compromise by filing opposition on December 29, 2010 and already had an objection to the claim of GMAC on file on November 30, 2010.

6.      The bankruptcy judge granted the Compromise and thereafter overruled the Debtor's objection to the claim of GMAC.

7.      Two notices of appeal were filed, one of the Order Approving the Compromise and

one of the Order Overruling Debtor's Objection.

8.    The appeal of both orders proceeded before the Bankruptcy Appellate Panel for the Ninth Circuit.

9.    The BAP affirmed the bankruptcy court orders in their entirety on February 14, 2012.

10.    On March 10, 2012, the Creditors timely filed a notice of appeal of the BAP's decision to the Ninth Circuit Court of Appeals.

11.    On May 14, 2012, the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.

12.    The Creditors filed their proof of claim on October 5, 2012, Claim No. 1007. Attached hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of the Creditor's Proof of Claim No. 1007.

13.    The appeal has been fully briefed and oral argument is scheduled for January 9, 2014. Attached hereto as Exhibit "B" and incorporated herein by reference is a true and correct copy of the Docket for the Ninth Circuit Court of Appeals and the schedule for oral argument. Attached hereto as Exhibit "C" and incorporated herein by reference is a true and correct copy of the Appellants' Opening Brief.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Claremont, California

Dated: December 9, 2013

_____
W. Derek May

6

**EXHIBIT "A"**

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY **COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:**
### GMAC Mortgage, LLC, Case No. 12-12032

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Marlow Hooper and Monique Hooper

**Name and address where notices should be sent:**

## Marlow Hooper, 12471 Melon Drive, Rancho Cucamonga, CA 91739

Telephone number: 909-559-4949                    email:

**Name and address where payment should be sent (if different from above):**

Telephone number:                    email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

---

**1. Amount of Claim as of Date Case Filed: $** $460,000

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Contingent Entitlement to Sale Proceeds of Primary Residence-Pending Appeal-See Attachment
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** ___ ___ ___ ___ | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**
**Value of Property: $**_____ **Annual Interest Rate**_____% ☐ Fixed ☐ Variable
(when case was filed)
**Amount of arrearage and other charges, as of the time case was filed,** included in secured claim,

if any: $_____                    Basis for perfection: _____

**Amount of Secured Claim: $**_____        **Amount Unsecured: $**_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.    ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Marlow Hooper
Title:_____
Company:_____        (Signature)                    (Date) 10/3/12
Address and telephone number (if different from notice address above):

Telephone number:        Email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

COURT USE ONLY

## Attachment to Proof of Claim Form

1.    Marlow and Monique Hooper are currently appellants in a case pending in the Ninth Circuit Court of Appeals against GMAC Mortgage, LLC ("GMAC"). The case number of that pending appeal is Case No. 12-60013.

2.    Part of the appeal involves the opposition to a Compromise between GMAC and the Chapter 7 Trustee of Marlow and Monique Hooper's bankruptcy. The compromise involved the division of sales proceeds of Marlow and Monique Hooper's primary residence between the Chapter 7 Trustee's administrative fees, the Hooper's other creditors, and GMAC.

3.    In the event that GMAC Mortgage, LLC has already received the sales proceeds contemplated by the Compromise and that such Compromise is disallowed or modified on appeal, all or a portion of the proceeds received by GMAC Mortgage, LLC may need to be returned to the Marlow and Monique Hooper and/or their bankruptcy estate and they would be entitled to a claim in this case for that amount, which could be as large as $460,000, the amount of the proceeds purportedly turned over to GMAC Mortgage, LLC pursuant to the Compromise.

1  Thomas J. Polis, Esq. - SBN 119326
   **POLIS & ASSOCIATES**
2  **A PROFESSIONAL LAW CORPORATION**
   19800 MacArthur Boulevard, Suite 1000
3  Irvine, California 92612-2433
   Telephone: (949) 862-0040
4  Facsimile: (949) 862-0041
   E-Mail: tom@polis-law.com

5  Counsel for Chapter 7 Trustee, Karl T. Anderson

6

7                    **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**

9   **In re**                              ) **Case No. 6:08-bk-24094-MJ**
                                           )
10                                         ) **Chapter 7**
    **MARLOW   HOWARD   HOOPER   AND**     )
11  **MONIQUE L. HOOPER,**                 )
                                           ) **CHAPTER 7 TRUSTEE'S MOTION FOR**
12                                         ) **ORDER  AUTHORIZING  TRUSTEE'S**
                              **Debtors.** ) **GLOBAL COMPROMISE ADVERSARY**
                                           ) **PROCEEDING [ADV. PROC. 6:09-01275-**
13                                         ) **MJ]; DECLARATION OF CHAPTER 7**
                                           ) **TRUSTEE IN SUPPORT THEREOF**
14                                         )
                                           ) **Hearing Date:**
15                                         ) **Date:  January 11, 2011**
                                           ) **Time:  10:00 a.m.**
16                                         ) **Ctrm:  301, 3rd**
                                           )           **3420 Twelfth St.**
17                                         )           **Riverside, CA 92501**

18         Plaintiff, Karl T. Anderson, exclusively in his capacity as Chapter 7 Trustee ("Trustee")

19  of the bankruptcy estate of *In re Marlow Howard Hooper and Monique L. Hooper*, Case

20  No. 6:08-bk-24094-MJ ("Debtor") brings this *Motion For Order Authorizing Trustee's Settlement*

21  *Agreement And Global Compromise of Adversary Proceeding [Adv. Proc. 6:09-ap-01275-MJ]*.

22         The Trustee believes that the proposed settlement between the Debtors' estate, the

23  Trustee, GMAC Mortgage, LLC ("GMAC"), ETS Services, LLC ("ETS"), Mortgage Electronic

24  Registration Systems, Inc. ("MERS", and collectively with ETS and MERS, the "Lender") is in

25  the best interest of the Debtors' bankruptcy estate and its creditors, will avoid costly litigation

26  and allow for the most efficient and expeditious manner to settle the Trustee's claims.

27  ///

28  ///

**I.**

## FACTUAL SUMMARY

1.      On or about October 15, 2008, the Debtors filed a voluntary Bankruptcy Petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Bankruptcy Court"), assigned case number 6:08-bk-24094-MJ. Trustee, Karl T. Anderson was appointed initially as the interim Trustee and, upon the conclusion of the meeting of creditors, is now the permanent Chapter 7 Trustee in this case.

2.      The Schedules of Assets and Liabilities filed by the Debtors list secured claims against the Debtors' residential property located at 5455 Peppertree Place, Rancho Cucamonga, California, with a legal description of "Lot 19, Tract 16332, in the City of Rancho Cucamonga, County of San Bernardino, State of California, as per Plat recorded in Book 293 of Maps, page(s) 75 to 78, inclusive, records of said county" (the "Property") held by GMAC pursuant to: (1) a first deed of trust in the amount of approximately $1,077,217.96; and (2) a second deed of trust in the amount of approximately $163,791.03 (collectively, the "Lender Liens").

3.      On December 31, 2008, the Lender filed an amended motion [Docket No. 14] (the "*Stay Motion*") seeking relief from stay with respect to the Property. On February 5, 2009, the Court entered an order [Docket No. 18] granting the *Stay Motion*.

4.      On February 19, 2009, the Court entered an order [Docket No. 21] closing the Debtors' Chapter 7 case.

5.      On April 30, 2009, the Court entered an order [Docket No. 26] granting the Debtors' Motion to Re-open the Chapter 7 Bankruptcy Case.

6.      On June 11, 2009, Karl T. Anderson as Trustee initiated an Adversary Proceeding, Adv. No. 6:09-ap-01275-MJ (the "Adversary"), wherein Karl T. Anderson as Trustee sought to avoid the certain transfers related to the Lender Liens under Sections 547 and 550 of the Bankruptcy Code.

///

1      7.    On or about January 4, 2010, the Trustee filed its *Motion for Order Re: Summary*

2    *Judgment* ("*Motion for Summary Judgment*") in the Adversary Proceeding. After an initial

3    hearing on the *Motion for Summary Judgment*, supplemental briefing was requested by the

4    Court. The time for the Lender to file its supplemental reply brief, and the continued hearing

5    on the *Motion For Summary Judgment*, have been continued from time to time with the

6    agreement of Karl T. Anderson as Trustee and the Lender. The Lender's supplemental reply

7    brief currently is due to be filed on February 10, 2011, and the continued hearing on the *Motion*

8    *for Summary Judgment* currently is scheduled for February 24, 2011 at 10:00 a.m.

9      8.    On November 24, 2010 the Court entered an order [Docket No. 68] approving

10   the sale of the Property. The Property sale has closed and Karl T. Anderson as Trustee

11   is holding net proceeds for the benefit of the estate in the amount of $555,911 (the "Net

12   Proceeds") pending further order of the Court.

13     9.    Karl T. Anderson, Trustee and the Lender have entered in discussions

14   regarding a resolution of the Adversary and the distribution of the net proceeds of the

15   Property sale, and have reached agreement as set forth herein.

16                                          II.

17                  **SUMMARY TERMS OF THE SETTLEMENT AGREEMENT**

18     1.    Upon entry of a Court order approving the Stipulation: (a) the *Motion for*

19   *Summary Judgment* shall be taken off calendar; and (b) Karl T. Anderson as Trustee shall

20   lodge with the Court a *Stipulated Judgment* ("*Judgment*") providing for (i) a portion of the

21   Lender Liens in the amount of $95,000 to be avoided and preserved for the benefit of the estate

22   pursuant to Section 551 of the Bankruptcy Code, and (ii) the Adversary Proceeding otherwise

23   dismissed with prejudice as to all Defendants.

24     2.    Upon entry of the Judgment: (a) the Net Proceeds shall be disbursed as follows:

25   (i) the estate shall retain $95,000 for payment of (x) a distribution to creditors holding allowed

26   unsecured claims (excluding any deficiency or other claim of the Lender) in the amount of not

27   less than $10,000, and (y) allowed Chapter 7 administrative expenses and distribution in an

28   amount not to exceed $85,000; (ii) GMAC shall be allowed a claim in the amount of the

1   remaining Net Proceeds (not less than $460,000); and (iii) the remaining Net Proceeds (not

2   less than $460,000) shall be disbursed to GMAC; and (b) Karl T. Anderson as Trustee shall

3   promptly seek to have the Court close the Debtors' Chapter 7 case.

4       3.      Upon the later of entry of a final Court order approving the Stipulation and the

5   entry of the Judgment becoming final: (a) Karl T. Anderson in his capacity as Chapter 7

6   Trustee, irrevocably and unconditionally releases and forever discharges the Defendants from

7   any and all charges, complaints, claims, and liabilities of any kind, including, without limitation,

8   claims for the recovery of preferential transfers, fraudulent conveyances, or other avoidance

9   actions under federal or state law, including all attorneys' fees, interest, expenses, and costs

10  actually incurred or of any nature whatsoever, known or unknown, suspected or unsuspected,

11  which in any way arise from or relate to the Property; and (b) the Defendants irrevocably and

12  unconditionally release and forever discharges the Chapter 7 estate and Karl T. Anderson as

13  Trustee from any and all charges, complaints, claims, and liabilities of any kind, including,

14  without limitation, claims for the recovery of preferential transfers, fraudulent conveyances, or

15  other avoidance actions under federal or state law, including all attorneys' fees, interest,

16  expenses, and costs actually incurred or of any nature whatsoever, known or unknown,

17  suspected or unsuspected, which in any way arise from or relate to the Property.

18      4.      To the extent that the releases contained in the foregoing Section 3 are releases

19  to which Section 1542 of the California Civil Code or similar provisions of other applicable law

20  apply, the parties to this stipulation waive any and all rights and benefits conferred upon each

21  of them thereby.  Section 1542 provides as follows:

22          A general release does not extend to claims which the creditor does not

23          know or suspect to exist in his or her favor at the time of executing the release,

24          which if known by him or her must have materially affected his or her settlement

25          with the debtor.

26      5.      For avoidance of doubt, the Debtors shall not be entitled to receive any portion

27  of the Property sale proceeds, whether on account of any asserted homestead exemption or

28  otherwise.

1    <u>Note</u>: To the extent there is any discrepancy between the summary presented herein

2    and the express language of the Settlement Agreement, the Settlement Agreement shall

3    control.

4    III.

5    **BENEFITS OF THE PROPOSED SETTLEMENT AGREEMENT**

6    **TO THE DEBTORS' BANKRUPTCY ESTATE**

7    The Trustee believes the proposed Settlement is in the best interest of the Debtors'

8    bankruptcy estate and is the most expedient and cost effective method for resolving the above-

9    referenced controversy in that it will avoid costly litigation.  The expenses incurred in fully

10   litigating the bankruptcy estate's claims would most likely exceed any additional benefit the

11   estate may achieve from prosecuting any claims asserted against the estate.

12   IV.

13   **MEMORANDUM OF POINTS AND AUTHORITIES**

14   A.    APPROVAL OF COMPROMISE WITHOUT A HEARING IS PROPER

15   Local Bankruptcy Rule 9013 provides:

16   *"(a) Matters That May Be Determined Upon Notice and*
     *Opportunity to Request Hearing. (OPTIONAL PROCEDURE).*
17   *Upon not less than 15 days notice to such creditors and interested*
     *parties who are entitled to notice of the particular matter, orders*
18   *may be obtained on the following types of motions without a*
     *hearing unless one is specifically requested by filing and serving*
19   *a written response that complies with Local Bankruptcy Rule*
     *9013-1(1)(g) and request for hearing within fifteen (15) days of*
20   *service of the date of the notice ...*

21   *(xiv) Other motions.  The Court may determine other motions*
     *using this procedure provided that the motion specifies why this*
22   *procedure is appropriate under 11 U.S.C. Section 102(1)(B) given*
     *the facts of the case." (Emphasis added.)*

23
24   11 U.S.C. Section 102(1)(B) provides:

25   *"'After notice and a hearing,' or a similar phrase -*

26   *(B) authorizes an act without an actual hearing if such notice is*
     *given properly and if-*

27   *(I) such a hearing is not requested timely by a party in*
     *interest; or*

28

1             *(ii) there is insufficient time for a hearing to be*
*commenced before such act must be done, and the*
2             *court authorizes such act;"*

3       The Trustee believes Rule 9013 of the Local Bankruptcy Rules of the United States

4  Bankruptcy Court for the Central District of California provides an expeditious and efficient

5  opportunity and notice for hearing procedure which is appropriate for this Motion to approve a

6  favorable settlement.

7  **B.**     **UPON APPROVAL BY THE COURT, A TRUSTEE MAY COMPROMISE A CLAIM OF THE DEBTORS'**

8  **BANKRUPTCY ESTATE**

9       Bankruptcy Rule 9019(a) provides:

10            *"On motion by the Trustee and after notice and a hearing, the*
*court may approve a compromise or settlement. Notice shall be*
11            *given to creditors, the United States Trustee, the debtor, and*
*indenture trustees as provided in Rule 2002 and to any other*
12            *entity as the court may direct."*

13       Thus, upon notice to the Debtors' creditors, the United States Trustee, Debtor, and

14  indenture trustees, Trustee may compromise a claim of the estate.

15  **C.**     **THE BANKRUPTCY COURT MAY APPROVE A COMPROMISE WHICH IS FAIR AND EQUITABLE**

16       The purpose of a compromise and settlement between a trustee and a claimant is to

17  allow the parties to avoid the expenses and burdens associated with litigation. *Martin v. Kane*

18  (*In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. denied sub mon, Martin*

19  *v Robinson*, 479 U.S. 854 (1986). The bankruptcy court has great latitude in approving

20  compromise agreements as long as it finds that the compromise is fair and equitable. *Id.* at

21  1382; *See also, Woodson v Fireman's Fund Insurance Company* (*In re Woodson*, 839 F.2d

22  610, 620 (9th cir. 1988). In determining the fairness, reasonableness and adequacy of a

23  proposed settlement agreement, the Court must consider the following factors:

24       (a)     the probability of success in the litigation;

25       (b)     the difficulties, if any, to be encountered in the matter of

26            collection;

27       (c)     the complexity of the litigation involved, and the expense,

28            inconvenience, and delay necessarily attending it; and

1          (d)     the paramount interests of the creditors and a proper deference

2                  to their reasonable views.

3          *In re A & C Properties*, 784 F.2d 1381; *In re Woodson*, 839 F.2d 620. In other words,

4   the Court must weigh certain factors in order to determine whether the compromise is in the

5   best interests of the bankruptcy estate. *In re A & C Properties*, 784 F.2d 1382.

6          First and foremost the Trustee and Lenders, both through their counsel have considered

7   that either party could succeed at either the trial court level or a subsequent appellate court

8   level. Specifically, the critical issue of whether the incorrect lot number and assessor's parcel

9   number for the Pepper Tree Property is sufficient to put a bona fide purchaser on notice as

10  asserted under the Trustee's "strong arm powers" of Section 544 of the Bankruptcy Code could

11  sway in either direction, thus the likelihood of success of the litigation and the doubt both

12  Parties have to certain success in the litigation clearly dictates that compromise of the claims

13  makes the most economic sense.

14         Second factor of whether there would be collection problems does not really enter into

15  the present case since the net sales proceeds from the Pepper Tree Property are being held

16  in a blocked account maintained by the Chapter 7 Trustee until conclusion or settlement of the

17  above-captioned Adversary Proceeding.

18         Third factor, namely the complexity and costs involved were outlined in relation to the

19  first factor. Moreover, as the Court is well aware, both the Lenders and the Trustee have

20  devoted substantial sums of money litigating the legal issues and if the matter is not

21  compromised as proposed, the Parties' will be incurring substantial additional costs, both at the

22  trial court level and no doubt at the appellate court level. Unless compromised as proposed

23  by the Parties, the legal fees for both Parties will exceed the net recovery for the prevailing

24  party, regardless which party prevails.

25         Finally, not only does the compromise conclude the matter it allows the Trustee to

26  promptly begin the case closing process and distribute the net proceeds to the Debtors'

27  creditors as proposed in the Settlement. Overall, though the Adversary Proceeding involves

28  unique legal issues, the Trustee's primary objective of resolving the Debtors' estate in an

1    expeditious manner is achieved with this Settlement.

2    After discussion with counsel and reviewing all the relevant facts the Trustee has

3    determined that the settlement is fair and reasonable under the relevant circumstances. Thus,

4    Karl T. Anderson as Trustee believes the proposed global settlement is in the best interests of

5    the Debtor's bankruptcy estate.

6    The interests of the creditors would best be served if this Court were to approve the

7    Settlement Agreement between, the various Lenders and the Trustee as set forth above, in that

8    the Settlement Agreement will avoid costly litigation which is not likely to result in a judgment

9    net of additional estimated attorneys fees in an amount greater than that proposed in the

10    Settlement Agreement.

11                                        **V.**

12                                  **CONCLUSION**

13    Based on the foregoing, the Trustee respectfully requests that he be authorized to settle

14    and compromise the above-referenced Adversary Proceeding under the terms and conditions

15    set forth in the Settlement Agreement between the Trustee and the Lenders and for such other

16    and further relief as this Court deems just and proper.

17    **DATED: DECEMBER 21, 2010**          **POLIS & ASSOCIATES,**
                                           **A PROFESSIONAL LAW CORPORATION**

18

19                                         By:    **/s/ Thomas J. Polis**
                                                  **Thomas J. Polis**
20                                                **Counsel for Chapter 7 Trustee,**
                                                  **Karl T. Anderson**

21

22

23

24

25

26

27

28

## DECLARATION OF KARL T. ANDERSON

I, Karl T. Anderson, declare as follows:

1.      I am the Chapter 7 Trustee of the bankruptcy estate of *In re Marlow Howard Hooper and Monique L. Hooper*, Case No. 6:08-bk-24094-MJ ("Debtors"). I make this Declaration in support of the *Chapter 7 Trustee's Motion For Order Authorizing Trustee's Settlement Agreement And Global Compromise of Discharge Adversary Proceeding [Adv. Proc. 6:09-01275-MJ]*. I am competent to testify to the following on my own personal knowledge, information and belief.

2.      On or about October 15, 2008, the Debtors filed a voluntary Bankruptcy Petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Bankruptcy Court"), assigned case number 6:09-bk-24094-MJ. I was appointed initially as the interim Trustee and, upon the conclusion of the meeting of creditors, I am now the permanent Chapter 7 Trustee in this case.

3.      The Schedules of Assets and Liabilities filed by the Debtors list secured claims against the Debtors' residential property located at 5455 Peppertree Place, Rancho Cucamonga, California, with a legal description of "Lot 19, Tract 16332, in the City of Rancho Cucamonga, County of San Bernardino, State of California, as per Plat recorded in Book 293 of Maps, page(s) 75 to 78, inclusive, records of said county" (the "Property") held by GMAC pursuant to: (1) a first deed of trust in the amount of approximately $1,077,217.96; and (2) a second deed of trust in the amount of approximately $163,791.03 (collectively, the "Lender Liens").

4.      On December 31, 2008, the Lender filed an amended motion [Docket No. 14] (the "*Stay Motion*") seeking relief from stay with respect to the Property. On February 5, 2009, the Court entered an order [Docket No. 18] granting the *Stay Motion*.

5.      On February 19, 2009, the Court entered an order [Docket No. 21] closing the Debtors' Chapter 7 case.

///

6.    On April 30, 2009, the Court entered an order [Docket No. 26] granting the Debtors' motion to re-open the Chapter 7 case.

7.    On June 11, 2009, I initiated an Adversary Proceeding, Adv. No. 6:09-ap-01275-MJ (the "Adversary"), wherein I sought to avoid the certain transfers related to the Lender Liens under Sections 547 and 550 of the Bankruptcy Code.

8.    On or about January 4, 2010, I filed my *Motion for Order Re: Summary Judgment* ("*Motion for Summary Judgment*") in the Adversary. After an initial hearing on the *Motion for Summary Judgment*, supplemental briefing was requested by the Court. The time for the Lender to file its supplemental reply brief, and the continued hearing on the *Motion For Summary Judgment*, have been continued from time to time with the agreement of myself and the Lenders. The Lenders' supplemental reply brief currently due to be filed on February 10, 2011, and the continued hearing on the *Motion for Summary Judgment* currently is scheduled for February 24, 2011 at 10:00 a.m.

9.    On November 24, 2010 the Court entered an order [Docket No. 68] approving the sale of the Property. The Property sale has closed and I am holding the net proceeds for the benefit of the estate in the amount of $555,911 (the "Net Proceeds") pending further order of the Court.

10.    The Lenders and I have entered in discussions regarding a resolution of the Adversary and the distribution of the net proceeds of the Property sale, and have reached agreement as set forth herein.

11.    Attached hereto as Exhibit "A" is a true and correct copy of the final version of the Settlement Agreement, that upon complete execution will be filed and served pursuant to the Local Bankruptcy Rules and the Federal Rules of Bankruptcy Procedure.

12.    I believe as the Debtors' Chapter 7 Trustee of the bankruptcy estate that the proposed Settlement addresses all of the factors required by the Ninth Circuit in the *In re A& C Properties* case. Specifically, I believe that for the reasons detailed in the Compromise Motion that when I factor in: (1) the probability of success; (2) the issues related to collection; (3) the complexity of the litigation involved; and (4) most importantly the efficiency of

1    administering the Debtors' bankruptcy estate that the Settlement is by far the best option and

2    resolution of the Adversary Proceeding.

3        I declare under penalty of perjury under the laws of the United States of America that

4    the foregoing is true and correct.

5        Executed on December 21, 2010 at Palm Springs, California.

6

7                                                         /s/ Karl T. Anderson
                                                     Karl T. Anderson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| In re: Marlow Howard Hooper and Monique L. Hooper, | Chapter 7 |
|---|---|
| Debtor(s). | Case Number 6:08-bk-24094-MJ |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**POLIS & ASSOCIATES**
**A Professional Law Corporation**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California 92612-2433**

A true and correct copy of the foregoing document described **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING TRUSTEE'S GLOBAL COMPROMISE AND REVOCATION OF DISCHARGE ADVERSARY PROCEEDING [ADV. PROC. 6:09-01275-MJ]; DECLARATION OF CHAPTER 7 TRUSTEE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 21, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Office of the United States Trustee, Riverside Division - ustpregion16.rs.ecf@usdoj.gov
- Karl T Anderson edansie@hotmail.com
- Eddie R Jimenez ecfcacbla@pitedduncan.com
- Jerry LaCues jerry@lacueslaw.com
- Alyssa K McCorkle ecfcacb@piteduncan.com
- Josephine E Piranio ecfcacbrs@piteduncan.com
- Rabin J Pournazarian rabin@pricelawgroup.com
- Nathan A Schultz schultzn@gtlaw.com
- Yaron Shaham ys@severson.com
- Stephen R Wade dp@srwadelaw.com

☐    Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **December 21, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**SERVED VIA GOLDEN STATE OVERNIGHT**
- Honorable Judge Meredith A. Jury, United States Bankruptcy Court, Central District of California
  3420 Twelfth Street, Suite 345, Riverside, California 92501
- Marlow Hooper, 12471 Melon Dr., Rancho Cucamonga, CA 91739

☐    Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (**indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 21, 2010 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*                                                                                      **F 9013-3.1**

F:\CASES\Hooper\Pleadings\MtnSettle 122110.wpd

1   NATHAN A. SCHULTZ (State Bar No. 223539)
    WILLIAM MARK LEVINSON (State Bar No. 133002)
2   GREENBERG TRAURIG, LLP
    2450 Colorado Avenue, Suite 400E
3   Santa Monica, California  90404
    Telephone: (310) 586-7700
4   Facsimile: (310) 586-7800
    Email:  schultzn@gtlaw.com

5

6   Attorneys for GMAC Mortgage, LLC

7                    UNITED STATES BANKRUPTCY COURT
                     CENTRAL DISTRICT OF CALIFORNIA
8                          RIVERSIDE DIVISION

9   In re                          ) Case No. 6:08-bk-24094-MJ
                                    )
10  MARLOW HOWARD HOOPER AND        ) Chapter 7
    MONIQUE L. HOOPER,              )
11                                  )
                                    ) STIPULATION BETWEEN CHAPTER 7
12            Debtors.              ) TRUSTEE AND DEFENDANTS GMAC
                                    ) MORTGAGE, LLC, ETS SERVICES,
13                                  ) LLC, AND MORTGAGE ELECTRONIC
                                    ) REGISTRATION SYSTEMS, INC.
14                                  ) REGARDING: (I) DISTRIBUTION OF
                                    ) PROCEEDS FROM SALE OF PROPERTY;
15                                  ) AND (II) RESOLUTION OF
                                    ) PREFERENCE AVOIDANCE ACTION
16                                  )
                                    )
17                                  )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20                                  )
                                    )
21

22  TO THE HONORABLE MEREDITH JURY, UNITED STATES BANKRUPTCY JUDGE, THE

23  CLERK OF THE BANKRUPTCY COURT, AND ALL OTHER PARTIES IN INTEREST:

24

25       GMAC Mortgage, LLC ("GMAC"), ETS Services, LLC ("ETS"), and

26  Mortgage Electronic Registration Systems, Inc. ("MERS", and

27  collectively with ETS and MERS, the "Lender") and Karl T. Anderson,

28  the duly appointed and acting Chapter 7 Trustee (the "Trustee") for

1    the bankruptcy estate of Debtors Marlow and Monique Hooper (the

2    "Debtors") hereby request that the Court approve the within

3    stipulation between the parties.

4                              **RECITALS**

5           A.   On October 15, 2008, the Debtors filed a voluntary

6    petition under chapter 7 of the Bankruptcy Code.  The Trustee was

7    appointed as chapter 7 trustee for the Debtors' estate.

8           B.   The Schedules of Assets and Liabilities filed by the

9    Debtors list secured claims against the Debtors' residential

10   property located at 5455 Peppertree Place, Rancho Cucamonga,

11   California, with a legal description of "Lot 19, Tract 16332, in

12   the City of Rancho Cucamonga, County of San Bernardino, State of

13   California, as per Plat recorded in Book 293 of Maps, page(s) 75 to

14   78, inclusive, records of said county" (the "Property") held by

15   GMAC pursuant to: (1) a first deed of trust in the amount of

16   approximately $1,077,217.96; and (2) a second deed of trust in the

17   amount of approximately $163,791.03 (collectively, the "Lender

18   Liens").

19          C.   On December 31, 2008, the Lender filed an amended

20   motion [Docket No. 14] (the "Stay Motion") seeking relief from stay

21   with respect to the Property.  On February 5, 2009, the Court

22   entered an order [Docket No. 18] granting the Stay Motion.

23          D.   On February 19, 2009, the Court entered an order

24   [Docket No. 21] closing the Debtors' chapter 7 case.

25          E.   On April 30, 2009, the Court entered an order

26   [Docket No. 26] granting the Debtors' motion to re-open the chapter

27   7 case.

28

LA 128,940,123v4

1          F.    On June 11, 2009, the Trustee initiated an Adversary

2   Proceeding, Adv. No. 6:09-ap-01275-MJ (the "Adversary"), wherein

3   the Trustee sought to avoid the certain transfers related to the

4   Lender Liens under sections 547 and 550 of the Bankruptcy Code.

5          G.    On or about January 4, 2010, the Trustee filed its

6   Motion for Order Re: Summary Judgment ("Motion for Summary

7   Judgment") in the Adversary.  After an initial hearing on the

8   Motion for Summary Judgment, supplemental briefing was requested by

9   the Court.  The time for the Lender to file its supplemental reply

10  brief, and the continued hearing on the Motion For Summary

11  Judgment, have been continued from time to time with the agreement

12  of the Trustee and the Lender.  The Lender's supplemental reply

13  brief currently is due to be filed on February 10, 2011, and the

14  continued hearing on the Motion for Summary Judgment currently is

15  scheduled for February 24, 2011 at 10:00 a.m.

16         H.    On November 24, 2010 the Court entered an order

17  [Docket No. 68] approving the sale of the Property.  The Property

18  sale has closed and the Trustee is holding net proceeds for the

19  benefit of the estate in the amount of $555,911 (the "Net

20  Proceeds") pending further order of the Court.

21         I.    The Trustee and the Lender have entered in

22  discussions regarding a resolution of the Adversary and the

23  distribution of the net proceeds of the Property sale, and have

24  reached agreement as set forth herein.

25         WHEREFORE, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

26         1.    Upon entry of a Court order approving this

27  Stipulation: (a) the Motion for Summary Judgment shall be taken off

28  calendar; and (b) the Trustee shall lodge with the Court a

3

1  stipulated judgment ("Judgment") providing for (i) a portion of the

2  Lender Liens in the amount of $95,000 to be avoided and preserved

3  for the benefit of the estate pursuant to section 551 of the

4  Bankruptcy Code, and (ii) the Adversary otherwise to be dismissed

5  with prejudice as to all Defendants.

6         2.    Upon entry of the Judgment: (a) the Net Proceeds

7  shall be disbursed as follows: (i) the estate shall retain $95,000

8  for payment of (x) a distribution to creditors holding allowed

9  unsecured claims (excluding any deficiency or other claim of the

10 Lender) in the amount of not less than $10,000, and (y) allowed

11 chapter 7 administrative expenses and distribution in an amount not

12 to exceed $85,000; (ii) GMAC shall be allowed a claim in the amount

13 of the remaining Net Proceeds (not less than $460,000); and

14 (iii) the remaining Net Proceeds (not less than $460,000) shall be

15 disbursed to GMAC; and (b) the Trustee shall promptly seek to have

16 the Court close the Debtors' chapter 7 case.

17        3.    Upon the later of entry of a final Court order

18 approving this Stipulation and the entry of the Judgment becoming

19 final: (a) the Trustee, on behalf of the chapter 7 estate and in

20 his capacity as chapter 7 trustee, irrevocably and unconditionally

21 releases and forever discharges the Defendants from any and all

22 charges, complaints, claims, and liabilities of any kind,

23 including, without limitation, claims for the recovery of

24 preferential transfers, fraudulent conveyances, or other avoidance

25 actions under federal or state law, including all attorneys' fees,

26 interest, expenses, and costs actually incurred or of any nature

27 whatsoever, known or unknown, suspected or unsuspected, which in

28 any way arise from or relate to the Property; and (b) the

4

1  Defendants irrevocably and unconditionally releases and forever

2  discharges the chapter 7 estate and the Trustee from any and all

3  charges, complaints, claims, and liabilities of any kind,

4  including, without limitation, claims for the recovery of

5  preferential transfers, fraudulent conveyances, or other avoidance

6  actions under federal or state law, including all attorneys' fees,

7  interest, expenses, and costs actually incurred or of any nature

8  whatsoever, known or unknown, suspected or unsuspected, which in

9  any way arise from or relate to the Property.

10      4.  To the extent that the releases contained in the

11  foregoing Section 3 are releases to which Section 1542 of the

12  California Civil Code or similar provisions of other applicable law

13  apply, the parties to this stipulation waive any and all rights and

14  benefits conferred upon each of them thereby.  Section 1542

15  provides as follows:

16      A general release does not extend to claims

17      which the creditor does not know or suspect to exist in

18      his or her favor at the time of executing the release,

19      which if known by him or her must have materially

20      affected his or her settlement with the debtor.

21      5.  For avoidance of doubt, the Debtors shall not be

22  entitled to receive any portion of the Property sale proceeds,

23  whether on account of any asserted homestead exemption or

24  otherwise.

25

26  DATED: December 20, 2010

27                                    NATHAN A. SCHULTZ,
                                      GREENBERG TRAURIG, LLP
28                                    Counsel for GMAC MORTGAGE, LLC

5

LA 128,940,123v4

1

2

DATED:    December 20, 2010

3
                                        _____
4                                       YARON SHAHAM
                                        SEVERSON & WERSON, APC
                                        Counsel for ETS SERVICES, LLC AND
5                                       MORTGAGE ELECTRONIC REGISTRATION
                                        SYSTEMS, INC.
6

7

DATED: December 20, 2010

8
                                        _____
9                                       THOMAS J. POLIS, ESQ.
                                        POLIS & ASSOCIATES, APLC
                                        Counsel for Karl T. Anderson,
10                                      Chapter 7 Trustee

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| In re: MARLOW HOWARD HOOPER AND MONIQUE L. HOOPER,<br><br>                                                                  Debtors. | Chapter 7<br>Case No. 6:08-bk-24094-MJ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2450 Colorado Avenue, Suite 400E, Santa Monica, CA 90404

A true and correct copy of the foregoing document described **STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND DEFENDANTS GMAC MORTGAGE, LLC, ETS SERVICES, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. REGARDING: (I) DISTRIBUTION OF PROCEEDS FROM SALE OF PROPERTY; AND (II) RESOLUTION OF PREFERENCE AVOIDANCE ACTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On December 20, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

**Chapter 7 Trustee - Karl T Anderson**
edansie@hotmail.com, kanderson@ecf.epiqsystems.com

**Counsel for Debtor Marlow Hooper - Jerry LaCues**
jerry@lacueslaw.com

**Counsel for Chapter 7 Trustee - Thomas J Polis**
tom@polis-law.com

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
N/A
☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
N/A
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 20, 2010 | Nathan A. Schultz | /s/ Nathan A. Schultz |
|---|---|---|
| Date | Type Name | Signature |

1

## ADDITIONAL ECF SERVICE PARTIES

2

**Counsel for Creditor GMAC Mortgage, LLC - Nathan A. Schultz**
schultzn@gtlaw.com

3

**Counsel for  ETS Services LLC and Mortgage Electronic Registration Systems, Inc.- Yaron Shaham**
ys@severson.com

4

**United States Trustee**
ustpregion16.rs.ecf@usdoj.gov

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA 128,940,123v4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Thomas J. Polis, Esq. – CSBN 119326
**Polis & Associates, A Professional Law Corporation**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone:    (949) 862-0040
Facsimile:    (949) 862-0041
E-Mail: tom@polis-law.com

FILED & ENTERED

APR 20 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tolleson  DEPUTY CLERK

Counsel for Chapter 7 Trustee, Karl T. Anderson

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

In re

**MARLOW HOWARD HOOPER and
MONIQUE L. HOOPER**

Debtors.

Case No.  6:08-bk-24094-MJ

**Chapter 7**

**ORDER GRANTING CHAPTER 7 TRUSTEE'S
MOTION FOR GLOBAL COMPROMISE OF
ADVERSARY PROCEEDING [ADV. PROC.
6:09-ap-01275-MJ]**

Hearing:
Date:    **March 29, 2011**
Time:    **1:30 p.m.**
Ctrm:    **302, Third Floor
3420 Twelfth Street
Riverside, California 92501**

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

1

C:\Documents and Settings\tolleson\Local Settings\Temp\Order#4938698177c46f-b546-4b97-87ce-001e15215ead.doc

1     At the above-captioned time and place, the Honorable Meredith A. Jury, United States

2 Bankruptcy Judge, conducted the hearing on *Plaintiff's Karl T. Anderson's Motion For Order*

3 *Authorizing Trustee's Global Compromise Re: Adversary Proceeding [Adv. Proc. 6:09-01275-*

4 *MJ]*. (A true and correct copy of the *Stipulation By and Between Plaintiff Karl T. Anderson and*

5 *Defendants GMAC Mortgage, ETS Services, and Mortgage Electric Registration Systems'* is

6 attached hereto as Exhibit "A"). Plaintiff Karl T. Anderson, Chapter 7 Trustee, appeared through

7 his counsel of record, Thomas J. Polis, Esq. of Polis & Associates, APLC; GMAC Mortgage,

8 LLC appeared through its counsel of record, Nathan A. Schultz, Esq., of Greenberg Traurig,

9 LLP; ETS Services, LLC and Mortgage Electronic Registration Systems, Inc., appeared

10 through its counsel of record, Yaron Shamon, Esq. of Severson & Werson, APC, and Debtors

11 Marlow Howard Hooper and Monique L. Hooper, appeared through their counsel of record

12 Steven Wade. Pursuant to the findings made on the records, and for good cause;

13     **IT IS SO ORDERED** that *Chapter 7 Trustee's Motion For Order Authorizing Trustee's*

14 *Global Compromise Re: Adversary Proceeding [Adv. Proc. 6:09-01275-MJ]* **is granted.**

15                       ###

16

17

18

19

20

21

22

23

24

25

26 DATED: April 20, 2011                   _____
                                     United States Bankruptcy Judge

27

28

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
19800 MacArthur Blvd Ste1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

C:\Documents and Settings\tolleson\Local Settings\Temp\Order#49388#8177c46f-b546-4b97-87ce-901e19218ead.doc

2

| In re: Marlow Howard Hooper and Monique L. Hooper, | CHAPTER 7 |
|---|---|
| Debtor(s). | CASE NO.   6:08-bk-24094-MJ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is
**Polis & Associates**
**A Professional Law Corporation**
**19800 MacArthur Boulevard, Suite 1000**
**Irvine, California 92612-2433**
A true and correct copy of the foregoing document described as: **ORDER GRANTING CHAPTER 7 TRUSTEE'S ORDER AUTHORIZING TRUSTEE'S GLOBAL COMPROMISE RE: ADVERSARY PROCEEDING [ADV. PROC. 6:09-01275-MJ]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On                         , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **April 4, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.  *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

SERVED VIA GOLDEN STATE OVERNIGHT OVERNIGHT DELIVERY
- Honorable Meredith A. Jury, United States Bankruptcy Court, Central District of California
  3420 Twelfth Street, Suite 345, Riverside, California  92501-3819

SERVED VIA U.S. FIRST CLASS MAIL
- Nathan A. Schultz, Esq., Greenberg Traurig, LLP
  2450 Colorado Avenue, Suite 400E, Santa Monica, California 90404
- Yaron Shaham, Esq., Severson & Werson, APC
  19100 Von Karman, Suite 700, Irvine, California  92612
- Office of the United States Trustee, Riverside Division, 3685 Main Street, Suite 300, Riverside, California 92501
- Stephen R. Wade, Esq., Law Offices of Stephen Wade
  400 N. Mountain Avenue, Suite 214B, Upland, California 91786

☐    Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 4, 2011 | Cristina L. Allen | /s/ Cristina L. Allen |
|---|---|---|
| Date | Type Name | Signature |

| In re: Marlow Howard Hooper and Monique L. Hooper, | CHAPTER: 7 |
|---|---|
| Debtor(s). | CASE NO.   6:08-bk-24094-MJ |

## NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)** **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4)** **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING CHAPTER 7 TRUSTEE'S FOR ORDER AUTHORIZING TRUSTEE'S GLOBAL COMPROMISE RE: ADVERSARY PROCEEDING [ADV. PROC. 6:09-01275-MJ]** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **April 4, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Stephen R. Wade, Esq., Law Offices of Stephen R. Wade – dp@srwadelaw.com
- Thomas J. Polis, Esq. Polis & Associates –tom@polis-law.com
- Office of the United States Trustee, Riverside Division - ustpregion16.rs.ecf@usdoj.gov
- Karl T. Anderson, Chapter 7 Trustee – edansie@hotmail.com; kanderson@est.epiqsystems.com
- Josephine E. Piranio, Esq. Pite Duncan, LLP – ecfcacbrs@piteduncan.com
- Eddie R Jimenez, Esq., Pite Duncan – ecfcacbla@piteduncan.com
- Jerry LaCues, Esq., Law Offices of Jerry LaCues – jerry@lacueslaw.com
- Alyssa K McCorkle, Esq., Pite Duncan –ecfcacbla@piteduncan.com
- Rabin J. Pournazarian, Esq. – rabin@pricelawgroup.com
- Nathan A. Schultz, Esq. – schultzn@gtlaw.com
- Yaron Shaham, Esq. – ys@severson.com

☐   Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:**  A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

SERVED VIA U.S. FIRST CLASS MAIL
Marlow Howard Hooper and Monique L. Hooper
5455 Pepper Tree Place, Rancho Cucamonga, California 91737

☐   Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:**  Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐   Service information continued on attached page

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.