**EXHIBIT "B"**

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 12-60013 | **Docketed:** 03/13/2012 |

In re: Marlow Hooper, et al v. Karl Anderson, et al
**Appeal From:** BAP, Riverside Bankruptcy Court
**Fee Status:** Paid

**Case Type Information:**
    **1)** bankruptcy appellate panel
    **2)** other
    **3)** null

**Originating Court Information:**
    **District:** 0973-5 : 11-1269
    **Trial Judge:** Charles G. Case, II, Bankruptcy Judge
    **Trial Judge:** Meredith A. Jury, Bankruptcy Judge
    **Trial Judge:** Jim D. Pappas, Bankruptcy Judge
    **Date Filed:** 05/27/2011

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|---|
| 02/14/2012 | 02/14/2012 | 03/10/2012 | 03/10/2012 |

**Prior Cases:**
    None

**Current Cases:**
    None

---

In re: MARLOW HOWARD HOOPER, DBA Alta Loma Financial
        Debtor,

MONIQUE LORI HOOPER
        Debtor,

_____

| | |
|---|---|
| MARLOW HOWARD HOOPER<br>    Appellant, | W. Derek May, Esquire, Attorney<br>Direct: 909-985-6500<br>[COR LD NTC Retained]<br>LAW OFFICES OF STEPHEN R. WADE<br>Suite 214<br>400 N. Mountain Avenue<br>Upland, CA 91786<br><br>Stephen R. Wade, Attorney<br>Direct: 909-985-6500<br>[COR LD NTC Retained]<br>LAW OFFICES OF STEPHEN R. WADE<br>Suite 214<br>400 N. Mountain Avenue<br>Upland, CA 91786 |
| MONIQUE LORI HOOPER<br>    Appellant, | W. Derek May, Esquire, Attorney<br>Direct: 909-985-6500<br>[COR LD NTC Retained]<br><br>(see above)<br><br>Stephen R. Wade, Attorney<br>Direct: 909-985-6500<br>[COR LD NTC Retained]<br>(see above) |

v.

12/9/13    12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B and C and proof of service    Pg 3 of 36

12-12020 Docket

KARL T. ANDERSON, Chapter 7 Trustee
    Appellee,

Thomas J. Polis, Esquire
Direct: 949-862-0040
[COR LD NTC Retained]
POLIS & ASSOCIATES, APLC
19800 MacArthur Boulevard
Suite 1000
Irvine, CA 92612-2433

ETS SERVICES, LLC
    Appellee,

Kevin P. Garland
Direct: 310-586-7700
[COR LD NTC Retained]
Greenberg Traurig LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067

Yaron Shaham, Esquire
Direct: 949-442-7110
[COR LD NTC Retained]
Severson & Werson
Atrium Building
Suite 700
19100 Von Karman Avenue
Irvine, CA 92612

Adam Starr
Direct: 310-586-7700
[COR LD NTC Retained]
Greenberg Traurig LLP
1840 Century Park East
Suite 1900
Los Angeles, CA 90067

Jon D. Ives, Esquire, Attorney
Direct: 415-398-3344
[COR NTC Retained]
Severson & Werson
Suite 2600
One Embarcadero Center
San Francisco, CA 94111

GMAC MORTGAGE, LLC
    Appellee,

Kevin P. Garland
Direct: 310-586-7700
[COR LD NTC Retained]
(see above)

Jon D. Ives, Esquire, Attorney
Direct: 415-398-3344
[COR LD NTC Retained]
(see above)

Yaron Shaham, Esquire
Direct: 949-442-7110
[COR LD NTC Retained]
(see above)

Adam Starr
Direct: 310-586-7700
[COR LD NTC Retained]
(see above)

MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
    Appellee,

Kevin P. Garland
Direct: 310-586-7700
[COR LD NTC Retained]
(see above)

Jon D. Ives, Esquire, Attorney
Direct: 415-398-3344
[COR LD NTC Retained]
(see above)

Yaron Shaham, Esquire
Direct: 949-442-7110
[COR LD NTC Retained]
(see above)

Adam Starr
Direct: 310-586-7700
[COR LD NTC Retained]
(see above)

In re:  MARLOW HOWARD HOOPER, DBA Alta Loma Financial; MONIQUE LORI HOOPER,

        Debtors,

_____

MARLOW HOWARD HOOPER; MONIQUE LORI HOOPER,

        Appellants,

  v.

KARL T. ANDERSON, Chapter 7 Trustee; ETS SERVICES, LLC; GMAC MORTGAGE, LLC; MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

        Appellees.

| 03/13/2012 | □ 1<br>14 pg, 487.43 KB | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. SEND MQ: Yes. Setting schedule as follows: Fee due from Appellants Marlow Howard Hooper and Monique Lori Hooper on 03/27/2012. Mediation Questionnaire due on 03/20/2012. Appellants Marlow Howard Hooper and Monique Lori Hooper opening brief due 06/18/2012. Appellees Karl T. Anderson, ETS Services, LLC, GMAC Mortgage, LLC and Mortgage Electronic Registration Systems, Inc. answering brief due 07/18/2012 Appellant's optional reply brief is due 14 days after service of the answering brief. [8101075] (FB) |
| 03/13/2012 | □ 2<br>2 pg, 50 KB | Filed certificate of record on appeal. [8101101] (FB) |
| 03/13/2012 | □ 3<br>5 pg, 126.21 KB | Filed Appellants Marlow Howard Hooper and Monique Lori Hooper designation of record & statement of issues on appeal. Served on 03/10/2012. (CASE FILES) [8101113] (FB) |
| 03/13/2012 | □ 4 | Received notification from BAP re: payment of docket fee. Amount Paid: USD 455.00. Date paid: 03/13/2012. [8101993] (BY) |
| 03/16/2012 | □ 5<br>2 pg, 910.09 KB | Filed (ECF) - Marlow Howard Hooper, Monique Lori Hooper and Appellants Marlow Howard Hooper and Monique Lori Hooper Mediation Questionnaire. Date of service: 03/16/2012. [8106272] (SRW) |
| 04/05/2012 | □ 6 🖾<br>5 pg, 53.35 KB | Filed order MEDIATION (BS): The Mediation Program of the Ninth Circuit Court of Appeals facilitates settlement while appeals are pending. See Fed. R. App. P. 33 and Ninth Cir. R. 33-1. The court has scheduled a dial-in telephone settlement assessment conference, with counsel only, on April 19, 2012, at 1:00 p.m. PACIFIC (San Francisco) Time to discuss whether this case is appropriate for participation in the Mediation Program. See attachment for dial-in information. Please be available for the call at least five minutes before the scheduled time. [8128412] (AF) |
| 04/23/2012 | □ 7<br>2 pg, 24.89 KB | Filed order MEDIATION (MAC): The court has determined that this appeal will not be selected for inclusion in the Mediation Program. All further inquiries regarding this appeal, including requests for extensions of time, should be directed to the Clerk's office. [8148819] (AF) |
| 06/18/2012 | □ 8<br>17 pg, 105.78 KB | Submitted (ECF) Opening brief for review. Submitted by Appellants Marlow Howard Hooper and Monique Lori Hooper. Date of service: 06/18/2012. [8218461] (SRW) |
| 06/19/2012 | □ 9<br>2 pg, 81.86 KB | Filed clerk order: The opening brief [8] submitted by Marlow Howard Hooper and Monique Lori Hooper is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: blue. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8219933] (WP) |
| 06/21/2012 | □ 10 | Filed - Marlow Howard Hooper and Monique Lori Hooper excerpts of record in 1 volume. Served on 06/18/2012. [8223088] (WP) |
| 06/21/2012 | □ 11 | COURT DELETED INCORRECT/DUPLICATE ENTRY. Notice about deletion sent to case participants registered for electronic filing. Correct Entry: [12]. Original Text: Filed (ECF) notice of appearance of Jon D. Ives for Appellee GMAC Mortgage, LLC. Date of service: 06/21/2012. [8223802] (JDI) |
| 06/25/2012 | □ 12<br>2 pg, 199.69 KB | Filed (ECF) notice of appearance of Jon D. Ives for Appellee GMAC Mortgage, LLC. Date of service: 06/25/2012. [8226305] (JDI) |
| 06/25/2012 | □ 13 | Added attorney Jon D. Ives for GMAC Mortgage, LLC, in case 12-60013. [8226314] (EL) |
| 06/27/2012 | □ 14<br>4 pg, 102.35 KB | Filed (ECF) Appellee GMAC Mortgage, LLC response to motion (). Date of service: 06/27/2012. [8229691] (JDI) |
| 06/28/2012 | □ 15 | Received 7 paper copies of Opening brief [8] filed by Marlow Howard Hooper and Monique Lori Hooper. [8232067] (SD) |
| 07/11/2012 | □ 16<br>2 pg, 199.06 KB | Filed (ECF) notice of appearance of Jon D. Ives for Appellee ETS Services, LLC. Date of service: 07/11/2012. [8245932] (JDI) |
| 07/11/2012 | □ 17 | Added attorney Jon D. Ives for ETS Services, LLC, in case 12-60013. [8245945] (EL) |
| 07/11/2012 | □ 18<br>4 pg, 101.95 KB | Filed (ECF) Appellee ETS Services, LLC response to motion (). Date of service: 07/11/2012. [8245965] (JDI) |
| 07/12/2012 | □ 19<br>2 pg, 200.04 KB | Filed (ECF) notice of appearance of Jon D. Ives for Appellee Mortage Electronic Registration Systems, Inc.. Date of service: 07/12/2012. [8247695] (JDI) |
| 07/12/2012 | □ 20 | Added attorney Jon D. Ives for Mortage Electronic Registration Systems, Inc., in case 12-60013. [8247734] (EL) |

12/9/13

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service Pg 7 of 36
12-60013 Docket

| 07/12/2012 | ☐ 21<br>6 pg, 106.08 KB | Filed (ECF) Appellee Mortage Electronic Registration Systems, Inc. Motion for miscellaneous relief [Motion to be Excused From Filing Brief]. Date of service: 07/12/2012. [8247885] (JDI) |
|---|---|---|
| 07/19/2012 | ☐ 22<br>1 pg, 24.73 KB | Filed clerk order (Deputy Clerk: CAG): The court is in receipt of the appellee GMAC Mortgage, LLC's notice of bankruptcy. This appeal is stayed pursuant to 11 U.S.C. § 362(a). On or before October 11, 2012, the appellee shall file a status report regarding the bankruptcy proceedings, or file a motion for appropriate relief. Mortgage Electronic's Mortgage Electronic Registration Systems, Inc.'s motion to be excused from filing an answering brief is granted. [8256204] (AF) |
| 08/29/2012 | ☐ 23<br>29 pg, 522.54 KB | Filed (ECF) - Marlow Howard Hooper, Monique Lori Hooper and Appellants Marlow Howard Hooper and Monique Lori Hooper Motion to lift stay. Date of service: 08/29/2012. [8304497] (SRW) |
| 09/13/2012 | ☐ 24<br>5 pg, 104.53 KB | Filed (ECF) Appellees ETS Services, LLC, GMAC Mortgage, LLC and Mortage Electronic Registration Systems, Inc. response to motion (,motion to lift stay). Date of service: 09/13/2012. [8322758] (JDI) |
| 09/18/2012 | ☐ 25<br>1 pg, 23.28 KB | Filed clerk order (Deputy Clerk: CAG): The stay of appellate proceedings is lifted. The briefing schedule is as follows: the answering brief is due November 13, 2012; and the optional reply brief is due within 14 days after service of the answering brief. [8328663] (AF) |
| 10/10/2012 | ☐ 26<br>4 pg, 102.73 KB | Filed (ECF) Appellees ETS Services, LLC, GMAC Mortgage, LLC and Mortage Electronic Registration Systems, Inc. status report (as required by Court order dated 07/19/2012). Date of service: 10/10/2012 [8354407] (JDI) |
| 11/13/2012 | ☐ 27<br>40 pg, 1.63 MB | Submitted (ECF) Answering brief for review. Submitted by Appellees ETS Services, LLC and GMAC Mortgage, LLC. Date of service: 11/13/2012. [8399099] (AS) |
| 11/14/2012 | ☐ 28<br>2 pg, 83.48 KB | Filed clerk order: The answering brief [27] submitted by ETS Services, LLC and GMAC Mortgage, LLC is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. [8400419] (WP) |
| 11/14/2012 | ☐ 29<br>1 pg, 9.28 KB | Terminated William Mark Levinson for Mortage Electronic Registration Systems, Inc., GMAC Mortgage, LLC and ETS Services, LLC in 12-60013 [8400833] (PH) |
| 11/15/2012 | ☐ 30 | Received 7 paper copies of Answering brief [27] filed by ETS Services, LLC and GMAC Mortgage, LLC. [8403087] (DB) |
| 11/15/2012 | ☐ 31 | Filed Appellees ETS Services, LLC and GMAC Mortgage, LLC supplemental excerpts of record on appeal in 2 volumes. [8403693] (WP) |
| 11/27/2012 | ☐ 32 | Oral extension by phone of time to file Marlow Howard Hooper and Monique Lori Hooper optional reply brief. Appellants Marlow Howard Hooper and Monique Lori Hooper reply brief due 12/14/2012. [8415333] (BG) |
| 12/14/2012 | ☐ 33<br>2 pg, 11.02 KB | Filed (ECF) - Marlow Howard Hooper and Monique Lori Hooper correspondence to clerk re: notice of non-filing of reply brief. Date of service: 12/14/2012. [8440629]--[COURT UPDATE: Corrected filing type and text, resent notice. 12/14/2012 by ASW] (SRW) |
| 10/07/2013 | ☐ 34<br>1 pg, 85.19 KB | Sent Notice requesting electronic excerpts in 14 days. [8811942] (SOS) |
| 10/08/2013 | ☐ 35<br>286 pg, 9.25 MB | Submitted (ECF) excerpts of record. Submitted by Appellants Marlow Howard Hooper and Monique Lori Hooper. Date of service: 06/18/2012. [8813239] (SRW) |
| 10/09/2013 | ☐ 36<br>353 pg, 8.53 MB | Submitted (ECF) supplemental excerpts of record. Submitted by Appellees ETS Services, LLC and GMAC Mortgage, LLC. Date of service: 11/13/2012. [8816327] (AS) |
| 11/05/2013 | ☐ 37<br>9 pg, 720.08 KB | Notice of Oral Argument on JANUARY Calendar. Please return ACKNOWLEDGMENT OF HEARING NOTICE form to: PASADENA Office. Please open attached documents to view details about your case. [8851828] (LN) |
| 11/11/2013 | ☐ 38<br>1 pg, 84.21 KB | Filed (ECF) Acknowledgment of hearing notice. Location: Pasadena. Filed by Attorney Adam Starr for Appellees GMAC Mortgage, LLC, ETS Services, LLC and Mortage Electronic Registration Systems, Inc.. [8857670] (AS) |

Clear All

◉ **Documents and Docket Summary**
◯ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0        **Selected Size:** 0 KB
**Totals reflect accessible documents only and do not include unauthorized restricted documents.**

View Selected

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| U.S. Court of Appeals for the 9th Circuit - 12/09/2013 12:36:00 | | | |
| **PACER Login:** | sw0228 | **Client Code:** | |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 12-60013 |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

12-12020-mg   Doc 6046-1   Filed 12/09/13   Entered 12/09/13 15:58:56   Exhibits B
and C and proof of service   Pg 9 of 36
Case: 12-60013   11/05/2013   ID: 8851828   DktEntry: 37-1   Page: 1 of 8   (1 of 9)

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<u>LOCATION OF HEARING for JANUARY CALENDAR:</u>                   <u>Date of Notice:</u>

Richard H. Chambers Court of Appeals Building                   Nov. 5, 2013
U.S. Court of Appeals for the Ninth Circuit
125 South Grand Avenue
Pasadena, CA 91105

---

> > > Picture ID <u>required</u> to enter Courthouse < < <
COUNSEL WILL PLEASE CHECK-IN WITH THE DEPUTY IN THE COURTROOM
All CJA Counsel call (415) 355-7993  for travel authorization

---

Monday, January 06, 2014   9:30 am   Courtroom 1

| ( | ) | * | 09-72783 | Orosco Cortez v. Holder |
| ( | ) | * | 10-56845 | Unruh v. Hall |
| ( | ) | * | 11-50277 | United States v. Lopez-Chavez |
| ( | ) | ** | 11-50458 | United States v. Melgarejo |
| ( | ) | ** | 11-73433 | Ruiz-Vidal v. Holder |
| ( | ) | ** | 12-55040 | Davis v. Glendale Unified School District |

Monday, January 06, 2014   9:30 am   Courtroom 3

| ( | ) | ** | 11-56812 | United States v. Mincoff |
| ( | ) | ** | 12-50579) | United States v. Pena-Silva |
| | | | 12-50581) | United States v. Rodriguez-Manzo |
| | | | | |
| ( | ) | | 11-50152) | United States v. Wilkes |
| | | | 12-50257) | |
| | | | | |
| ( | ) | | 11-55820) | Chaudhry v. City of Los Angeles |
| | | | 11-55906) | 11-55907) |

Tuesday, January 07, 2014   9:30 am   Courtroom 1

| ( | ) | * | 09-73516 | He v. Holder |
| ( | ) | * | 11-56467 | Guzman v. Dexter |
| ( | ) | * | 11-70036 | Tran v. Holder |
| ( | ) | * | 11-50253 | United States v. Odachyan |
| ( | ) | ** | 12-50418) | United States v. Henrik Sardariani |
| | | | 12-50516) | United States v. Hamlet Sardariani |
| ( | ) | | 12-55289 | CPR v. City of Los Angeles |

* MAX ARGUMENT TIME 10 MINS/SIDE   ** MAX ARGUMENT TIME 15 MINS/SIDE
OTHER CASES 20 MINUTES PER SIDE
PLEASE RETURN ENCLOSED ACKNOWLEDGMENT NOTICE to PASADENA CLERK'S OFFICE

Tuesday, January 07, 2014   9:30 am   Courtroom 3

| | | | | |
|---|---|---|---|---|
| ( ) | ** | 12-50300 | United States v. Villalobos | |
| ( ) | ** | 12-55210 | Pacific Shores Hospital v. United Behavioral Health | |
| ( ) | ** | 12-56943 | Webceleb Inc. v. Procter & Gamble Co. | |
| ( ) | | 12-55750) | Kelly v. Beazer Homes United States | |

12-55751)   12-55752)   12-55761)   12-55773)   12-55776)   12-55778)   12-55779)

Wednesday, January 08, 2014   9:30 am   Courtroom 1

| | | | |
|---|---|---|---|
| ( ) | * | 10-70103 | Lim v. Holder |
| ( ) | * | 12-50186 | United States v. Kent |
| ( ) | * | 12-50302 | United States v. Morris |
| ( ) | ** | 12-55220 | Sweeney v. American Home Mortgage Servicing |
| ( ) | ** | 12-55225 | Robinson v. County of Los Angeles Office of Public Safety |
| ( ) | ** | 12-55234 | Sinibaldi v. Redbox Automated Retail |

Wednesday, January 08, 2014   9:30 am   Courtroom 3

| | | | |
|---|---|---|---|
| ( ) | * | 09-73950 | Mangasaryan v. Holder |
| ( ) | * | 10-70156 | El Barraj v. Holder |
| ( ) | * | 12-50440) | United States v. Alonso |
| | | 12-50441) | |
| ( ) | ** | 12-50485 | United States v. Nora |
| ( ) | ** | 12-55255 | Gallardo v. United States |
| ( ) | ** | 12-55285 | The Burlington Insurance Co v. Martinez |

Thursday, January 09, 2014   9:30 am   Courtroom 1

| | | | |
|---|---|---|---|
| ( ) | * | 09-72946 | Ghannudi v. Holder |
| ( ) | * | 10-70904 | Farahmandfar v. Holder |
| ( ) | * | 12-50582 | United States v. Ruiz-Bernal |
| ( ) | ** | 12-55295 | Grandy v. United States |
| ( ) | ** | 12-55302 | Hatto v. Home Depot United States |
| ( ) | ** | 12-55364 | Khachatourian v. Scanlon |

* MAXIMUM ARGUMENT TIME 10 MINUTES PER SIDE
** MAXIMUM ARGUMENT TIME 15 MINUTES PER SIDE
OTHER CASES 20 MINUTES PER SIDE

PLEASE RETURN ENCLOSED ACKNOWLEDGMENT
NOTICE to PASADENA CLERK'S OFFICE
[see **Filing Instructions** on the Acknowledgment Form]

Thursday, January 09, 2014   9:30 am   Courtroom 3

| ( | ) | * | 10-70857 | Zhang v. Holder |
| ( | ) | * | 13-50035 | United States v. Gonzales |
| ( | ) | * | 13-50048 | United States v. Flores-Curiel |
| ( | ) | ** | 12-55458 | Baghdassarian v. Baghdassarian |
| ( | ) | ** | 12-55464 | Hartford Life & Annuity Ins. v. Doris Barnes Family 2008 Irrevocable Trust |
| ( | ) | ** | 12-60013 | Hooper v. Anderson |

Thursday, January 09, 2014   2:00 pm   Courtroom 1

| ( | ) | ** | 11-56779 | ProCentury Insurance v. Ezor |

Friday, January 10, 2014   9:30 am   Courtroom 1

| ( | ) | * | 09-70953 | Lugo-Palomino v. Holder |
| ( | ) | * | 09-72454 | Mendiola v. Holder |
| ( | ) | ** | 12-72636 | Estrada-Corona v. Holder |
| ( | ) | * | 13-50059 | United States v. Rangel-Guzman |
| ( | ) | ** | 12-55470) | Thomas v. County of Riverside Sheriff's Dept. |
| | | | 12-55812) | |
| ( | ) | ** | 12-55481 | Cruz v. The City of Anaheim |

Friday, January 10, 2014   9:30 am   Courtroom 3

| ( | ) | * | 10-70899 | Demirchian v. Holder |
| ( | ) | * | 13-50061 | United States v. Espinoza-Estrada |
| ( | ) | * | 13-50074 | United States v. Mercado-Cuen |
| ( | ) | ** | 12-55555 | Cardenas v. UPS |
| ( | ) | ** | 12-55654 | Schmukler v. Farmers Insurance Exchange |
| ( | ) | ** | 12-55797 | Erlichman v. Stater Bros. Markets |

Tuesday, January 14, 2014   10:00 a.m.   Courtroom 1   Death Penalty

| ( | ) | + | 09-99015 | Medina v. Chappell |
| ( | ) | + | 09-99016 | Medina v. Chappell |

**\* MAXIMUM ARGUMENT TIME 10 MINUTES PER SIDE / \*\* MAXIMUM ARGUMENT TIME 15 MINUTES PER SIDE
+ MAXIMUM ARGUMENT TIME 30 MINUTES PER SIDE
OTHER CASES 20 MINUTES PER SIDE**

PLEASE RETURN ENCLOSED ACKNOWLEDGMENT
NOTICE to PASADENA CLERK'S OFFICE
[see **Filing Instructions** on the Acknowledgment Form]

Wireless Internet Connectivity is now available in the
Richard H. Chambers US Court of Appeals Bldg.
www.ca9.uscourts.gov

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 12 of 36
Case: 12-60013    11/05/2013        ID: 8851828    DktEntry: 37-1    Page: 4 of 8        (4 of 9)

<div style="border:1px solid black;">

OFFICE OF THE CLERK

U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT

95 SEVENTH STREET, P.O. BOX 193939

SAN FRANCISCO

</div>

## NOTICE OF CASES SET FOR HEARING

Your case has been set for hearing as indicated on the attached calendar. Please take special note of the time and place of hearing. In order that the court may make proper arrangements for oral argument, it is essential that you immediately complete the attached acknowledgment of hearing notice and return it to the Clerk's Office via the Appellate ECF system [ or by hardcopy for those granted an exemption from using the Appellate ECF system.]

In preparing for oral argument, the parties should be guided by Rule 34 of the Federal Rules of Appellate Procedure. The following information is provided to ensure the effectiveness of the hearing process:

**Possibility of Mootness or Settlement** - If your case has become moot or a settlement is imminent, immediately advise the Clerk's office in writing and **BY TELEPHONE**. For ECF-registered parties, this must be filed electronically as "Correspondence to Court."

**Notification of Related Cases** - If you are aware of other cases pending in this court which are related to and which should be calendared with your case(s) on the attached calendar, please notify this office.

**Admission for Oral Argument** - Any attorney who will be presenting oral argument must have been admitted to the bar of this court. **The forms necessary for admission may be obtained through the court's website [ www.ca9.uscourts.gov ] under Forms. If you have not been admitted, or need to verify you have applied, please call the Attorney Admissions Inquiry line at (415) 355-7800 and leave the requested information.** While admission in open court on the day of hearing is discouraged, you may elect such an admission procedure. Candidates for admission in open court must appear in the Clerk's Office with a sponsor who has already been admitted to the bar of the circuit, and who can orally move the admission before the calendar is called.

**Submission Without Oral Argument** - A party who feels that oral argument would not be of assistance to the court may present a written motion asking the court to submit the case on the briefs for decision without oral argument. Such a motion must be served on all parties. For ECF-registered parties, this motion must be filed electronically. The court may, on its own motion, determine that oral argument would not be of assistance. In such cases, all parties will be advised by separate notice pursuant to Fed. R. App. P. 34(a).

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 13 of 36
Case: 12-60013    11/05/2013    ID: 8851828    DktEntry: 37-1    Page: 5 of 8    (5 of 9)

**Appearing for Argument** - If oral argument is to be presented, please register with the courtroom deputy in the courtroom posted for your case 30 minutes before the time of the hearing. All parties for all cases must be registered and present at the time the session is convened.

**Hearing Order of Cases** - Cases are generally heard in the order in which they appear on the calendar. On the other hand, a panel may elect to poll the calendar prior to the commencement of argument and to rearrange the order of cases based on the projected length of the argument. Nevertheless, parties in the first case should be prepared to begin argument immediately after the court is convened in the event that the entire calendar is not polled.

**Time for Oral Argument** - Cases scheduled for oral argument will be assigned ten, fifteen, twenty, or occasionally thirty minutes per side. Check your Location of Hearing Notice to determine your time allotment.

**Subject of Oral Argument** - At the time of hearing, the judges of the panel will have studied the briefs and the excerpts of record and will be familiar with the facts and issues of the case. Argument should be devoted to clarifying issues as needed and to responding to questions raised by the judges of the panel.

**Presenting Additional Citations** - Additional citations of relevant decisions rendered since the filing of the party's last brief -or after oral argument but before decision- may be submitted by letter, showing proof of service on all counsel and parties not represented by counsel. For ECF-registered parties, this letter must be filed electronically, but if filed by paper, **only the** original must be submitted to the court. The letter must state the reasons for the citations, referring to either the page of the brief or to a point argued orally. The body of the letter must not exceed 350 words. Any response must be made promptly and similarly limited. [FRAP 28j, Cir. R. 28-6]

**Identity of Panel Members** - Not earlier than the week before the court week in which your case will be heard, the names of judges hearing the currently calendared cases will be announced. The names will be posted on the public bulletin board of the Clerk's Office of your local U.S. District Court and on this Court's web page. You may also determine the names of the judges by submitting with the enclosed acknowledgment form, a self-addressed, postage-paid envelope and a card listing the case number, date and time of hearing. We will write the names of the judges hearing your case on this card and mail it to you at the same time that the official calendars are mailed to the District Court Clerk's Offices for posting.    [ www.ca9.uscourts.gov ]

**Continuances** - After a case has been calendared, continuances are not granted except for a showing of extraordinarily good cause. If oral argument is essential but you find it impossible to be present, you must, immediately after receipt of this hearing notice, submit a formal motion and supporting affidavit for continuance. For ECF-registered parties, this motion must be filed electronically. Presentation of the motion does not ensure that the continuance is granted. The court will not consider the motion for continuance after the identity of the panel of judges has been divulged.

12-12020-mg   Doc 6046-1   Filed 12/09/13   Entered 12/09/13 15:58:56   Exhibits B
and C and proof of service   Pg 14 of 36
Case: 12-60013   11/05/2013   ID: 8851828   DktEntry: 37-1   Page: 6 of 8   (6 of 9)

## DRIVING DIRECTIONS TO COURTHOUSE

**The Richard H. Chambers U.S. Court of Appeals Building is
located at 125 South Grand Avenue, in Pasadena, California.**

From **downtown Los Angeles**, take the Pasadena Freeway (110) to
the Orange Grove Blvd. exit.  Go north on Orange Grove approximately two
miles and turn left on Maylin Street or Del Rosa Drive one block to Grand
Avenue.

From the **west via the Ventura Freeway** (134), exit Colorado/Orange
Grove Blvd. exit.  Go south (right) on Orange Grove to Green Street.  Turn
right one block to Grand Avenue.

From the **east via the Foothill Freeway** (210) exit at Orange Grove
Blvd., go south (left) on Orange Grove to Green Street.  Turn right one block
to Grand Avenue.



**Park** in the lot across from the Richard H. Chambers U.S. Court of
Appeals Building.

July 25, 2011

# Notice for Drivers of Electric Vehicles

Consistent with the government's policy of supporting <u>Zero-Emission Vehicles (ZEV's)</u>, the United States Court of Appeals for the Ninth Circuit has an <u>Electric Vehicle Charging Station</u> available at the Richard H. Chambers courthouse in Pasadena, California.

The charging station may be used by attorneys attending oral arguments and other visitors to the Pasadena Courthouse.  The charging station consists of a 20A power outlet, either 220V or 110V, and a <u>Level 2 charger</u>.

Drivers may use the available charger or bring their own portable charger.  Because availability is limited, please reserve a power outlet and charger at least 24 hours in advance by contacting Eve Fisher, Senior Deputy Clerk at <u>Eve_Fisher@ca9.uscourts.gov</u> or at 626-229-7251.

## U.S. Court of Appeals for the Ninth Circuit
## Electronic Devices Policy

This policy pertains to the use of electronic devices by the bar, media and the public in the courthouses and other dedicated spaces housing the United States Court of Appeals for the Ninth Circuit. These are the William K. Nakamura U.S. Courthouse in Seattle, the Pioneer U.S. Courthouse in Portland, the James R. Browning U.S. Courthouse in San Francisco, the Richard H. Chambers U.S. Courthouse in Pasadena, and the U.S. Court of Appeals for the Ninth Circuit in Honolulu. The policy also applies to other places in which the court holds session for special sittings. These include courtrooms in the district courthouses and spaces in law schools and other locations.

Visitors to any of the Ninth Circuit courthouses and dedicated spaces are allowed to carry and make use of various electronic devices as set out by this policy. Different rules may apply when the court meets in another venue, such as a district courthouse. Where conflicts between this policy and that of a district court become known, the chief circuit judge and chief district judge, or their designees, will confer to resolve such conflicts.

**General Rules:**

1.  Anyone may bring electronic devices, such as a Blackberry, smart phone, laptop computer or a similar functioning device having wireless communications capability into the courthouse.

2.  Except for courtrooms, persons may use such devices in public areas of the courthouse to make telephone calls and to transmit and receive data communications, such as email or text messages, or to access the Internet. For reasons of privacy, safety, and security, use of these devices to take photographs or for audio or video recording or transmission is prohibited in the courthouse (exceptions for court staff, authorized vendors or for educational or ceremonial events).

3.  In courtrooms, persons may use such devices to take notes, transmit and receive data communications, and access the Internet. This includes media members who are transmitting written accounts of the proceeding to a wider audience using various means. Persons may not use these devices for telephone calls, photographs or audio or video recording or transmission. Telephone ring tones and other functional sounds produced by devices must be disabled while in the courtroom. Only quiet keyboards may be used in the courtrooms.

4.  The presiding judge of a judicial panel may prohibit or further restrict use of such devices by all persons prior to or during a proceeding when necessary to protect the rights of the parties or to assure the orderly conduct of the proceedings.

5.  This policy will be prominently displayed wherever the court holds session and posted on the court's website. Failure to adhere to the policy may result in removal from the courtroom or other sanction.

Adopted June 23, 2010.

12-12020-mg   Doc 6046-1   Filed 12/09/13   Entered 12/09/13 15:58:56   Exhibits B
Case: 12-60013   and C and proof of service   Pg 17 of 36
11/05/2013   ID: 8851828   DktEntry: 37-2   Page: 1 of 1   (9 of 9)

# OFFICE OF THE CLERK
## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## ACKNOWLEDGMENT OF HEARING NOTICE (PASADENA)

**I acknowledge receipt of the notice of assignment showing my case:**

Case Number

Case Title

**assigned for hearing:**

Date          Time          Courtroom

Location

**Counsel to argue (or, if argument to be presented "in pro per" enter party information):**

Name

Address

City          State          Zip Code

Phone          Email Address

Party/parties represented

Special needs you may require in the courtroom

☛ **Counsel who have not entered an appearance in the case(s) listed above must file a separate Notice of Appearance using Appellate ECF.**

**Admission status (to be completed by attorneys only):**

○ I certify that I am admitted to practice before this Court.

○ I certify that I am generally qualified for admission to practice before the bar of the Ninth Circuit and that I will immediately apply for admission (forms available at http://www.ca9.uscourts.gov).

Signature (use "s/" format)          Date

**Filing Instructions**
*Electronically:* Print the filled-in form to PDF (File > Print > PDF Printer/Creator), then, in Appellate ECF, choose Forms/Notices/Disclosures > File an Acknowledgment of Hearing Notice.
-or-
*US Mail:* Office of the Clerk, U.S. Court of Appeals, P.O. Box 91510, Pasadena CA 91109-1510
*Overnight:* Richard H. Chambers U.S. Court of Appeals Building, 125 South Grand Avenue, Pasadena CA 91105
Phone: 626-229-7250

**EXHIBIT "C"**

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 19 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 1 of 14    (1 of 17)

### No. 12-60013

LAW OFFICES OF STEPHEN R. WADE, P.C.
STEPHEN R. WADE, CSB# 79219
W. DEREK MAY, CSB# 246327
400 N. MOUNTAIN AVE. SUITE 214
UPLAND, CA. 91786
PHONE (909)985-6500
FAX (909) 985-2865

Attorneys for: Appellants Marlow and Monique Hooper

### UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| In Re:<br><br>MARLOW HOOPER AND MONIQUE HOOPER,<br><br>DEBTORS.<br>_____<br><br>MARLOW HOOPER AND MONIQUE HOOPER,<br><br>APPELLANTS,<br><br>vs.<br>KARL T. ANDERSON, Chapter 7 Trustee, ETS SERVICES, LLC; GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>APPELLEES.<br>_____ | No. 12-60013<br><br>LEAD BAP NO.   CC-11-1269<br><br>REL BAP NO.   CC-11-1272<br><br>CHAPTER 7<br><br><br>**APPELLANTS' OPENING BRIEF** |

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 20 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 2 of 14    (2 of 17)

## I.    Jurisdiction

This Court has jurisdiction over the current appeal from an order of the 9th

Circuit Bankruptcy Appellant Panel ("BAP") pursuant to 28 U.S.C. Section 158(d)(1)

upon the filing of a timely notice of appeal in accordance with Rules 4(a)(1)(A) and

6(b)(1) of the Federal Rules of Appellate Procedure.

According to the BAP Docket in this case, the order of the BAP affirming the

bankruptcy court was entered on February 14, 2012 and the notice of appeal was filed

within thirty (30) days of that date, on March 10, 2012, which complies with Rule

Rules 4(a)(1)(A) and 6(b)(1) of the Federal Rules of Bankruptcy Procedure. (Excerpts

of Record Tab ("Excerpts") 22, V. 1, p. 618; Excerpts 23, V. 1, p. 624).

This Court has the authority to hear the current appeal from the BAP.

## II.    Statement of Issues Presented and Standard of Review

*A.    Did the bankruptcy judge and the Bankruptcy Appellate Panel err in
allowing the claim of GMAC Mortgage, LLC to stand when it was based upon
a fraudulently altered Deed of Trust attached as evidence in support of its
claim?*

Standard of Review

Appellate courts review a bankruptcy court's decision to allow or deny a proof

of claim for an abuse of discretion. Bitters v. Networks Elec. Corp. (In re Networks

Elec. Corp.), 195 B.R. 92, 96 (9th Cir. BAP 1996) ("the bankruptcy court has sole

jurisdiction and discretion to allow or disallow the claim under federal law.").

However, in applying the abuse of discretion standard, the Court must first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the correct legal rule was applied, the Court then considers whether its "application of the correct legal standard was (1)illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. Only in the event that one of these three apply are we then able to find that the bankruptcy court abused its discretion. Id.

    *B.   If allowance of the claim of GMAC Mortgage, LLC was an error, did the bankruptcy judge and the Bankruptcy Appellate Panel err in approving or affirming approval of the Compromise between the Chapter 7 Trustee and GMAC Mortgage, LLC et al.?*

Standard of Review

The bankruptcy court's approval of a compromise is reviewed for abuse of discretion. The same standard of review was discussed in the prior issue above.

**III.   Statement of the Case**

The Debtors filed for protection under Chapter 7 of Title 11 of the U.S. Bankruptcy Code on October 15, 2008. (Excerpts 1, V. 1, page 6). The original 341(a) meeting of creditors was held and concluded on November 21, 2008 and the Trustee, Karl Anderson, filed a report of no assets. (Excerpts 1, V. 1, page 6). The Debtors received a discharge on February 3, 2009 and the case was thereafter closed on

12-12020-mg   Doc 6046-1   Filed 12/09/13   Entered 12/09/13 15:58:56   Exhibits B
and C and proof of service   Pg 22 of 36
Case: 12-60013   06/18/2012   ID: 8218461   DktEntry: 8-1   Page: 4 of 14   (4 of 17)

February 19, 2009. (Excerpts 1, V. 1, p. 6).

On March 31, 2009, the Debtors filed a Motion to Reopen their case to amend schedules A, C, D, and F. (Excerpts 1, V.1, page 8; Excerpts 20, 13, page 565) The case was reopened on April 30, 2009, and on June 17, 2009 a Notice of Possible Dividend and Claims Bar Date Notice was issued and served. (Excerpts 1, V.1, page 8). On June 11, 2009, Karl T. Anderson as Trustee initiated an Adversary Proceeding, Adv. No. 6:09-ap-01275 MJ (the "Adversary"), wherein Karl T. Anderson as trustee sought to avoid certain transfers to the Appellees under Sections 547 and 550 of the Bankruptcy Code. (Excerpts 1, V. 1, p. 69) On September 15, 2009, GMAC, by an through its counsel, Wolfe and Wyman by Yaron Shalam Esq., filed a Proof of Claim, identified as Proof of Claim #3-1. (Excerpts 1, V. 1, p. 8).

On January 4, 2010, the Trustee filed a Motion for Summary Judgment in the Adversary. (Excerpts 1, V. 1, p. 70) After an initial hearing supplemental briefing was ordered and the Trustee granted the Lender numerous continuances. (Excerpts 1, V. 1, p. 70) During the continuance period, on November 24, 2010, the Court entered an order approving the sale of the Debtor's residence at 5455 Peppertree Place, Rancho Cucamonga, CA (hereinafter "Subject Property") (Excerpts 1, V. 1, pp. 69-70. Before supplemental briefs became due on February 24, 2011, specifically on December 21, 2010, the Chapter 7 Trustee filed a Motion for Order Authorizing

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 23 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 5 of 14    (5 of 17)

Trustee's Global Compromise of the Adversary proceeding. Appellant opposed the Compromise by filing opposition on December 29, 2010 and already had an objection to the claim of GMAC on file on November 30, 2010. (Excerpts 20, V. 1, pp. 574 and 576). The bankruptcy judge granted the Compromise and thereafter overruled the Debtor's objection to the claim of GMAC. (Excerpts 20, V. 3, pp. 578 and 580). A motion for reconsideration was filed on April 11, 2011 and subsequently denied by court order entered on May 23, 2011. (Excerpts 20, V. 1, pages 577 and 580). Two notices of appeal were filed, one of the Order Approving the Compromise and one of the Order Overruling Debtor's Objection (Excerpts 20, V. 1, p. 580). The BAP affirmed the bankruptcy court orders in their entirety.

## IV.    Statement of Facts

On or about December 11, 2008, GMAC Mortgage, Inc., the purported servicer for a note secured by a first priority deed of trust dated on or about April 20, 2006, and recorded with the Office of the County Recorder for the County of San Bernardino, (hereinafter the "Recorder") on or about April 20, 2006 as instrument number 2006-0296571 (hereinafter the "Original Deed of Trust") filed a Motion for Relief from the automatic stay in the case seeking relief to foreclose their Original Deed of Trust on Subject Property. (Excerpts 1, V.1, p.7) In that Motion for Relief, GMAC alleged that they had caused to be recorded a Notice of Default and Election to Sell the Subject

-5-

12-12020-mg   Doc 6046-1   Filed 12/09/13   Entered 12/09/13 15:58:56   Exhibits B
and C and proof of service   Pg 24 of 36
Case: 12-60013   06/18/2012   ID: 8218461   DktEntry: 8-1   Page: 6 of 14   (6 of 17)

Property under the private power of sale under the Original Deed of Trust on July 24, 2008. (Excerpts 1, V.1, p.7)  Relief from stay was granted by this bankruptcy judge pursuant to the Motion for Relief by an order entered on February 5, 2009.  (Excerpts 20, V.1, p. 565)

Prior to the filing of the Motion for Relief, GMAC had caused the following to occur:

a.  A notice of default and election to sell was recorded on July 24, 2008; (hereinafter the "Original NOD")

b.  On or about September 12, 2008 the Original Deed of Trust was altered without the Debtor/Trustor's knowledge or consent, forged, and re-recorded as instrument number 2008-0460313; (Hereinafter the "Forged Deed of Trust")

c.  In violation of the automatic stay, a new notice of default and election to sell under the Forged Deed of Trust was recorded on October 16, 2008;

d.  A Recission of the Original NOD was recorded on October 23, 2008.

(Excerpts 1, V.1, p.7)

After the filing of the case, the preparation of the Schedules and Statement of

-6-

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 25 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 7 of 14    (7 of 17)

Affairs and the discharge in that case, Debtors discovered that their lender had caused

the original of the Original Deed of Trust to be altered and "re-recorded" with the

Recorder shortly before the bankruptcy case was filed to change the legal description

on the Original Deed of Trust. (Excerpts 1, V.1, p.7) Such alteration and re-recording

was accomplished wholly without the Debtor's consent. (Excerpts 1, V.1, p.7) That

is, the Original Deed of Trust which executed on or about April 20, 2006 and which

encumbered the real property described in Exhibit A as "Lot 17, Tract No. 16632" was

altered, and simply "whited out" on the Original Deed of Trust, and changed to "Lot

19 of Tract No. 16632." (Excerpts 1, V.1, p.7-8)

GMAC filed a proof of Claim on September 15, 2009. (Excerpts 1, V. 1, pp. 19-

58) Attached as evidence to support the Proof of Claim are several documents,

including:

        a.     The Original Deed of Trust;

        b.     The Forged Deed of Trust. (Excerpts 1, V. 1, pp. 19-58)

The Proof of Claim failed to provide any Promissory Note or other evidence of

any indebtedness from the Debtors to GMAC, or any other entity (Excerpts Tab 1, V.

1, pp. 19-58).

Both the Original Deed of Trust and the Forged Deed of Trust purport to

identify the parties thereto as follows:

-7-

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 26 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 8 of 14    (8 of 17)

Borrower:    Marlow Hooper

Lender:    Greenpoint Mortgage Funding, Inc.

Trustee:    Marin Conveyance

Beneficiary:    Mortgage Electronic Registration Systems, Inc. ("MERS")

(Excerpts 1, V. 1, pp. 19-58).

At the hearing before the BAP, counsel for GMAC openly admitted the fraud

and illegality of the Forged Deed of Trust in the following exchange:

Judge Pappas: The bankruptcy judge actually said I'm not relying on the 2008
deed of trust at all in approving this.
Mr. Starr: Absolutely.
Judge Pappas: Because it was probably a fraud and illegal nullity, right?
Mr. Star: Absolutely.

(Excerpts 21, V. 1, pp. 606-607)

## V.    Argument

### A.    Disallowance of Claim is the Only Effective Method of Handling a Claim that Attaches Forged Documentation

GMAC used as evidence of it's claim, a Forged Deed of Trust.  Such action is

a clear violation of California Penal Code Section 470, which provides, in relevant

part, as follows:

c.    Every person who, with intent to defraud, falsely makes, alters,
forges....any...instrument, the record of which is by law evidence, is guilty of
a forgery.

Moreover, the use of a forged or fraudulently altered document as evidence in any

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 9 of 14    (9 of 17)
and G and proof of service    Pg 27 of 36

judicial proceeding is a felony. California Penal Code Section 132 provides that:

> Every person who upon any trial, proceeding inquiry or investigation whatever, authorized or permitted by law, offers into evidence, as genuine or true, any book, paper, document, record or other instrument in writing, knowing the same to have been forged or fraudulently altered, ante-dated, is guilty of a felony.

The submission of the Forged Deed of Trust as evidence of a secured claim on the Subject Property, is, itself a criminal action. To support its claim, in accordance with FRBP 3001(d), as a secured claim, a creditor is required to submit "evidence that the security interest has been perfected".    To establish this component, GMAC has presented to the bankruptcy court a forged document. In so doing, GMAC is asking the Court to base the allowance of its secured claim on evidence, submission of which is itself a criminal act.  Pursuant to 11 U.S.C. Section 502(a)(1), a bankruptcy court shall allow a claim "except to the extent that–(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured".  Without the use of the Forged Deed of Trust, the claim is not enforceable against the debtor and property of the debtor because the Original Deed of Trust did not adequately describe the property to which it applied.

A bankruptcy court can sanction inappropriate and illegal conduct as provided by relevant case law and the Bankruptcy Code.  Bankruptcy Code Section 105(a)

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 28 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 10 of 14    (10 of 17)

provides that:

> The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title. No provision of this title
> providing for the raising of an issue by a party in interest shall be construed to
> preclude the court from, sua sponte, taking any action or making any
> determination necessary or appropriate to enforce or implement court orders
> or rules, or to prevent an abuse of process.

According to In re Chaussee, 399 B.R. 225, 240-41 (B.A.P. 9th Cir. 2008),

> [B]ankruptcy courts possess authority pursuant to § 105(a)18 "to impose *241
> sanctions for a pattern of bad faith conduct that transcends conduct addressed
> by particular rules or statutes." Price v. Lehtinen (In re Lehtinen), 332 B.R.
> 404, 412 (9th Cir. BAP 2005) (citation omitted). While § 105(a) empowers
> bankruptcy courts to impose civil, but not criminal or punitive sanctions, Id.,
> if a purported creditor abuses the claims process, we are confident that § 105(a)
> provides an effective mechanism for addressing that misconduct.

The use of a fraudulently recorded deed of trust to support a secured claim is an abuse

of the claims process that can be sanctioned by the bankruptcy court pursuant to

Section 105(a). The bankruptcy court and the BAP failed to apply the appropriate

legal rule to the proof of claim at issue. The appropriate inquiry is whether the

conduct of attaching a forged instrument to the proof of claim constituted an abuse of

the claims process. Instead, the bankruptcy court and the BAP largely ignored the

conduct of GMAC in the claims process and instead focused on the validity of the

claim as if the attachment of a forged document never occurred. The use of a forged

instrument to support a proof of claim cannot and should not be ignored.

The bankruptcy court should not rest on the presence of potential criminal

sanctions as a reason to do nothing in the face of the use of a forgery to support a proof of claim. On every proof of claim, there is a statement "Penalty for presenting fraudulent claim-Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 357". Aside from the obvious criminal penalties that GMAC could potentially face for the filing of a claim that attaches as supporting evidence a fraudulent and forged deed of trust, GMAC can and should receive negative treatment through the disallowance by the bankruptcy court pursuant to its ability to sanction GMAC under 11 U.S.C. Section 105(a). It appears that, so far, GMAC can openly admit that it attached a fraudulent and illegal document to its proof of claim and suffer no consequences in the bankruptcy court as a result thereof. This sends an odd message to other creditors facing troublesome circumstances, such as lost, incomplete, or incorrect notes and deeds of trusts and other related deficiencies related to written documentation supporting their claims. The use of forged documentation to support a claim in any way should be met with strict sanctions, not just criminal but sanctions within the bankruptcy court pursuant to 11 U.S.C. Section 105(a) for abuse of the claims process.

**B.    Approval of Compromise Would Be Inappropriate if the Claim of GMAC is Disallowed**

According to the bankruptcy judge's own words in a hearing on the Objection to Claim in January, 11 2011:

-11-

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 30 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 12 of 14    (12 of 17)

> If GMAC is not a secured creditor, then the whole ball of wax changes. If GMAC is not secured creditor, then there is no security to be recovered by the estate under 55551. At best, assuming they can show their right to payment, GMAC is an unsecured creditor. The Debtors are correct. Their homestead exemption would trump the class of unsecured creditors and they would have a right to be paid from the proceeds that are being held from the sale.

(Excerpts 19, V. 1, p. 481). Therefore, the Debtor's objection, which challenged, among other things, the status of GMAC as a secured creditor and as a creditor period, was a vital matter to resolve before deciding to approve the compromise with GMAC. The disallowance of GMAC's claim would render the compromise between the estate and GMAC patently unfair, since GMAC would no longer be a creditor in the case and there would be nothing to compromise. As a result, if this Court decides to disallow GMAC's claim, then the Court should also disapprove the compromise.

Any approval of the compromise in light of a disallowance of GMAC's claim would be illogical and an abuse of discretion. The case of In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) provides for the following considerations for a compromise between the estate and a third party:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

In applying the very first factor, in light of a disallowance of GMAC's claim, the Court could not find that GMAC would have any probability of success in litigating its claim. Difficulties in collection is not an issue, the estate already had the proceeds of the sale of the residence in its possession. The complexities of litigation would be dispensed if a claim objection was sustained. Finally, the paramount interest of creditors who did not file fraudulent documentation in support of their claims would be taken into account as GMAC would not share in the distribution of proceeds of the estate leaving more for the remaining creditors.

## VI.    Conclusion

Based on the above stated arguments, Appellant requests that the decision of the bankruptcy court and BAP be reversed both with respect to the Overruling of the Debtor's Objection to Claim and the Approval of the Compromise. The validity of Debtors' objection to claim renders the Compromise between the Trustee and the other Appellee's unfair and fails to account for the Debtor's homestead exemption. This Court can make the legal decision as to whether or not GMAC's claim should be allowed in light of their use of an admittedly fraudulent and illegal document in support of such claim.

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 32 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-1    Page: 14 of 14    (14 of 17)

Dated: June 18, 2012

Respectfully Submitted,

The Law Offices of Stephen R. Wade, P.C.

By:    /S/ Stephen R. Wade

STEPHEN R. WADE

12-12020-mg    Doc 6046-1    Filed 12/09/13    Entered 12/09/13 15:58:56    Exhibits B
and C and proof of service    Pg 33 of 36
Case: 12-60013    06/18/2012    ID: 8218461    DktEntry: 8-2    Page: 1 of 3    (15 of 17)

**Form 6.**    **Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)
because:

☒ this brief contains <u>3069</u> words, excluding the parts of the brief exempted
by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains_____ lines of text,
excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)
and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name
and version of word processing program)* Wordperfect 12
*(state font size and name of type style)* Font Size 14, Times New Roman , *or*

☐ this brief has been prepared in a monospaced spaced typeface using *(state name
and version of word processing program)*
with *(state number of characters per inch and name of type style)*

_____

Signature

Attorney for    Appellants Marlow and Monique Hooper

Date    June 18, 2012

**Certification Required by CIRCUIT RULE 28-2.6**

**Statement of Related Cases**

[No. 12-60013, Hooper ]

The undersigned certifies that the following are known related

cases and appeals:

CC-11-1269 (9th Cir. BAP case being appealed)

CC-11-1272 (9th Cir. BAP case being appealed)

There are no other related cases.

Dated: June 18, 2012                    By:_____

                                              Stephen R. Wade

9th Circuit Case Number(s) | 12-60013

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | June 18, 2012 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)   /s/ N. Baca

*********************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)

## CERTIFICATE OF SERVICE

I, W. Derek May, on December 9, 2013, served the described documents:

CREDITORS MARLOW HOOPER AND MONIQUE HOOPER'S OPPOSITION TO DEBTORS'
FIFTY-FIRST OMNIBUS OBJECTION TO CLAIM BASED UPON RES JUDICATA;
DECLARATION OF W. DEREK MAY; EXHIBITS "A" THROUGH "C"

by means of electronic noticing delivery through the Bankruptcy Court's electronic case filing
system to the following parties:

All parties on the Electronic Mail Notice List for Case 12-12020-mg as of December 9, 2013

In addition to the electronic noticing delivery, on December 9, 2013, I also deposited envelopes
containing copies of the above-described documents into first class mail through the U.S. Postal
Service, postage pre-paid, addressed as follows:

Counsel for the Debtors
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Attn: Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

Counsel for the Committee of Unsecured Creditors
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
Attn: Kenneth Eckstein and Douglas Mannal

Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Attn: Tracy Hope Davis
Linda A. Riffkin
Brian S. Masumoto

Special Counsel for the Committee
SilvermanAcampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753
Attn: Ronald J. Friedman

I hereby declare under penalty of perjury under the laws of the United States that the
foregoing is true and correct. Executed in Claremont, California. Dated: December 9, 2013.

W. Derek May