**Hearing Date: December 11, 2013 at 10:00 a.m. (prevailing Eastern Time)**

**WINSTON & STRAWN LLP**
James Donnell (jdonnell@winston.com)
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

Nathan P. Lebioda (nlebioda@winston.com)
100 North Tryon Street
Charlotte, NC 28202-1078
Telephone: (704) 350-7700
Facsimile: (704) 350-7800

*Attorneys for WFNBA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020-MG |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OBJECTION OF WFBNA TO**
**(A) PLAN PROPONENTS' PROPOSED FINDINGS OF FACT;**
**(B) REVISED PROPOSED ORDER CONFIRMING SECOND AMENDED**
**JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL**
**CAPITAL, LLC,** *et al.* **AND THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS; (C) WAIVER OF THE 14-DAY STAY**
**IMPOSED BY RULE 3020(E); AND (D) SUPPLEMENTAL DECLARATION**
**OF LEWIS KRUGER IN SUPPORT OF PLAN CONFIRMATION**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

By its undersigned counsel, Wachovia Bank and Wachovia Bank of Delaware, now succeeded by Wells Fargo Bank, N.A., ("WFBNA") hereby objects to (a) the Plan Proponents' Proposed Findings of Fact filed in the above captioned bankruptcy cases on December 5, 2013 [Docket No. 6019] (the "Proposed Findings"); (b) entry of the Revised Proposed Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.*

-1-

and the Official Committee of Unsecured Creditors [Docket No. 6021] (the "Proposed Confirmation Order"); (c) waiver of the 14-day stay imposed by Rule 3020(e); and (d) Supplemental Declaration of Lewis Kruger in Support of Plan Confirmation [Docket No. 6018] (the "Kruger Declaration").[1]

## BACKGROUND

Residential Capital, LLC ("ResCap") and its direct and indirect subsidiaries, each as a chapter 11 debtor and debtor-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and the Official Committee of Unsecured Creditors (the "Creditors' Committee" or "Committee" and, together with the Debtors, the "Plan Proponents") filed the Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al*. and the Official Committee of Unsecured Creditors, dated August 23, 2013 (including all exhibits thereto, the "Disclosure Statement"), for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al*. and the Official Committee of Unsecured Creditors, dated August 23, 2013. By Order dated August 23, 2013 [Docket No. 4809], the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved the Disclosure Statement.

On October 21, 2013, WFBNA filed its Limited Objection to Confirmation of Joint Chapter 11 Plan Proposed by Residential Capital, LLC and the Official Committee of Unsecured Creditors [Docket No. 5411] (the "Plan Objection" and incorporated herein by reference in its entirety).

On November 12, 2013, the Plan Proponents filed the Plan Proponents' Omnibus Response to Objections to Confirmation of the Joint Chapter 11 Plan Proposed by Residential

---

[1] Capitalized terms used but not otherwise defined herein have the meaning given to such terms in the Proposed Findings.

Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 5718] (the "Omnibus Response" and incorporated herein by reference in its entirety).

On November 13, 2013, the Plan Proponents filed the First Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors [Docket No. 5722] and the Proposed Order Confirming First Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors [Docket No. 5723].

One November 18, 2013, the Plan Proponents filed Revised First Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors [Docket No. 5854] and the Revised Proposed Order Confirming First Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors [Docket No. 5855].

The Bankruptcy Court conducted a five-day hearing on confirmation of the Plan on November 19 through 22 and November 25, 2013 (the "Confirmation Hearing").

On November 20, 2013, the Plan Proponents, Ally, and WFBNA entered into Stipulated Facts in Connection with the Limited Objection of WFBNA to Confirmation of the Joint Chapter 11 Plan Proposed by Residential Capital, LLC and the Official Committee of Unsecured Creditors [Docket No. 5912] (the "Stipulation" and incorporated herein by reference in its entirety).

On December 3, 2013, the Plan Proponents filed the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors [Docket No. 5993].

On December 5, 2013, the Plan Proponents filed the Revised Proposed Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al*. and the Official Committee of Unsecured Creditors [Docket No. 6021].

Also on December 5, 2013, WFBNA filed its Post Confirmation Hearing Brief in Further Support of Limited Objection of WFBNA to Confirmation of Joint Chapter 11 Plan Proposed by Residential Capital, LLC and the Official Committee of Unsecured Creditors [Docket No. 6017] (the "Post Trial Brief" and incorporated herein by reference in its entirety).

On December 6, 2013, the Plan Proponents filed the Revised Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, *et al*. and the Official Committee of Unsecured Creditors [Docket No. 6030] (as may be amended, modified, or supplemented, the "Plan").

## LIMITED OBJECTION TO ENTRY OF PROPOSED CONFIRMATION ORDER

For the reasons set forth in WFBNA's Objection and Post-Trial Brief, and as set forth in additional detail herein, WFBNA hereby renews and reserves its limited objection to confirmation of the Plan and entry of the Proposed Confirmation Order. The Proposed Confirmation Order fails to adequately deal with WFBNA's Objection that: (1) the Plan does not comply with section 1129 of the Bankruptcy Code because the Plan fails to satisfy the best interests test codified at section 1129(a)(7) of the Bankruptcy Code with respect to WFBNA; (2) the Plan Proponents have failed to meet their evidentiary burden of establishing that the best interests test is satisfied with respect to WFBNA and such evidence in fact supports a finding that the best interest tests fails with respect to WFBNA; and (3) the Bankruptcy Court does not have jurisdiction over or the authority to impose the Third Party Release on claims held by WFBNA against Ally. See generally Objection and Post-Trial Brief.

## OBJECTIONS TO PROPOSED FINDINGS OF FACT

Objection to Proposed Findings ¶ 1

For the reasons set forth in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that the Plan complies with section 1129 of the Bankruptcy Code in that the Plan fails to satisfy the best interests test codified at section 1129(a)(7) of the Bankruptcy Code with respect to WFBNA. As set forth in WFBNA's Objection and Post-Trial Brief, the Plan Proponents have failed to meet their evidentiary burden of establishing that the best interests test is satisfied with respect to WFBNA and such evidence in fact supports a finding that the best interest tests fails with respect to WFBNA.

Objection to Proposed Findings ¶ 9 Footnote 4

While the Proposed Findings accurately describes entry in to the Stipulation, it fails to also expressly find that such Stipulation was also admitted into evidence. See Transcript of Record at 72:25; 73:1-11, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 22, 2013). WFBNA requests that any findings of fact expressly recognize that the Stipulation was entered into evidence at the Confirmation Hearing.

Objection to Proposed Findings ¶ 21; Plan Confirmation – Section 1129(a)

For the reasons set forth in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that the Plan complies with section 1129 of the Bankruptcy Code in that the Plan fails to satisfy the best interests test codified at section 1129(a)(7) of the Bankruptcy Code with respect to WFBNA. As set forth in WFBNA's Objection and Post-Trial Brief, the Plan Proponents have failed to meet their evidentiary burden of establishing that the best interests test is satisfied with respect to WFBNA and such evidence in fact supports a finding that the best interest tests fails with respect to WFBNA.

<u>Objection to Proposed Findings ¶ 23 Bullet 5; Contents of the Plan – Section 1129(a)(1)</u>

For the reasons set forth in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that the Plan complies with section 1123(a)(4) of the Bankruptcy Code in that the Plan Proponents have provided no evidentiary basis for discriminating against WFBNA on account of its claims against Ally under the Deposit Agreement or classifying such claims in a different class, and thus, WFBNA should be given the same option as was afforded other creditors under the Plan to preserve its claims against Ally by having WFBNA excluded from the Plan's third party release in favor of Ally.

<u>Objection to Proposed Findings ¶¶ 35 through 39; Best Interests of the Creditors – Section 1129(a)(7)</u>

For the reasons set forth in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that the Plan complies with section 1129 of the Bankruptcy Code in that the Plan fails to satisfy the best interests test codified at section 1129(a)(7) of the Bankruptcy Code with respect to WFBNA. As set forth in WFBNA's Objection and Post-Trial Brief, the Plan Proponents have failed to meet their evidentiary burden of establishing that the best interests test is satisfied with respect to WFBNA and such evidence in fact supports a finding that the best interest tests fails with respect to WFBNA.

WFBNA requests findings that: (a) Ally is solvent and can pay its claims as they come due in full in cash (see Transcript of Record at 95:20-25, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 20, 2013)); (b) WFBNA's claims under the Deposit Agreement were not included in the liquidation analysis offered by the Plan Proponents in support of the Plan (see Transcript of Record at 47:22-25; 48:1-3, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 21, 2013)); (c) the liquidation analysis did not include any value for any third party claims against Ally (see Transcript of Record at 221:19-25; 222:1-

2, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 20, 2013)); and (d) as such, the "best interests test" is not satisfied as to WFBNA because WFBNA would receive full recovery on its claims from Ally if the Debtors were liquidated in a chapter 7 bankruptcy.

Objection to Proposed Finding ¶ 54; Implementation of the Plan

For the reasons set forth above and in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that the Plan and consummation of each agreement related thereto is in the best interests of WFBNA because the Plan and the documents related thereto fail to satisfy the best interests test codified at section 1129(a)(7) of the Bankruptcy Code with respect to WFBNA.

For the reasons set forth in WFBNA's Objection and Post-Trial Brief, WFBNA further objects to the finding that the Plan Documents are fair and reasonable, and shall, upon execution and upon the occurrence of the Effective Date, constitute legal, valid, binding, enforceable, and authorized obligations of the respective parties and that such Plan Documents are enforceable notwithstanding any otherwise applicable non-bankruptcy law.  WFBNA reserves its continuing right to contest the legality, validity and enforceability of the third party release in favor of Ally contained in the Plan and the Confirmation Order as well as the Bankruptcy Court's jurisdiction to approve such nonconsensual release over the objection of WFBNA.

Objection to Proposed Finding ¶¶ 227 through 228; The Paramount Interests of the Estates' Creditors

For the reasons set forth above and in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that it was is in the best interests of WFBNA to coalesce around the Plan that, *inter alia*, has the effect of binding WFBNA to a nonconsensual release of certain claims it has against Ally.

Objection to Proposed Findings ¶ 239; The Plan's Release, Exculpation, Injunction, and Judgment Reduction Provisions

WFBNA objects to the characterization of parties bound by the release-related provisions of the Plan described in paragraph 239 of the Proposed Findings as "participation parties" to the extent it implies WFBNA is a voluntary participant to the Plan's third party release in favor of Ally. WFBNA continues to object to the Plan's mandatory third party release provisions in favor of Ally and requests a specific finding of fact recognizing that WFBNA does not consent to the imposition of such third party release in favor of Ally over WFBNA's continuing objection.

Objection to Proposed Findings ¶¶ 249 and 250; Third Party Releases

For the reasons set forth above and in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that the Third Party Release applies to claims against Ally held by WFBNA. WFBNA requests a specific finding that the Third Party Release does not release claims against Ally held by WFBNA under the Deposit Agreement and the Purported Amendment similar to the carve-out from the Third Party Release granted Freddie Mac, Fannie Mae, the United States, the DOJ-AG Settling States, and the State.

Objection to Proposed Findings ¶ 251; Jurisdictional Facts Regarding the Third-Party Claims

For the reasons set forth above and in WFBNA's Objection and Post-Trial Brief, WFBNA objects to the finding that the Bankruptcy Court has jurisdiction over or the authority to impose the Third Party Release on claims held by WFBNA against Ally. Additionally, Ally has failed to satisfy its burden of establishing the existence of valid indemnification claims against the Debtors on account of claims arising under or related to the Deposit Agreement. See Transcript of Record at 81:21-25; 82:1-3, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 25, 2013). Finally, as set forth in additional detail in WFBNA's Objection and Post-Trial Brief, to the extent Ally establishes the existence of such

indemnification rights, Ally has waived such claims for indemnity under the terms of the Purported Amendment to the Deposit Agreement.

<u>Objection to Proposed Findings ¶¶ 252 through 265; Indemnification and Contribution Obligations</u>

For the reasons set forth in its objection to Proposed Findings ¶ 251, WFBNA objects to Proposed Findings ¶ 252. The Plan Proponents and Ally have failed to offer any specific evidence that establishes Ally's right to assert indemnity or shared insurance claims against, or otherwise impose liability on the Debtors on account of claims WFBNA may assert against Ally under the Deposit Agreement and the Purported Amendment thereto. Furthermore, Ally has a expressly waived its ability to assert such indemnity claims against the Debtors.

<u>Objection to Proposed Findings ¶¶ 266 through 270; The Third Party Release is Overwhelmingly Consensual</u>

WFBNA requests that any findings of fact expressly recognize WFBNA's ongoing and timely filed objections, including those set forth herein and in WFBNA's Objection and the Post-Trial Brief, to the imposition of the nonconsensual Third Party Release on WFBNA contained in the Plan. Additionally, WFBNA requests an express finding that it voted *against* the Plan and has  The mere fact that other creditors have consensually agreed to be bound by the Third Party Release does not and should not obviate WFBNA's due process and other rights with respect to its Objection to the Third Party Release.

<u>Objection to Proposed Findings ¶¶ 271 through 288; The Third Party Release is Supported by Substantial Consideration and is Essential to the Plan</u>

WFBNA objects to such findings to the extent the records fails to establish that each specified item of consideration or form of support purportedly provided by Ally was expressly conditioned upon Ally's receipt of the Third Party Release at the time Ally obligated itself to provide such consideration or support. Ally and the Plan Proponents should be precluded from

justifying the imposition of the nonconsensual Third Party Release based upon consideration and other forms of support Ally purportedly provided without conditioning the provision of such consideration or support on the receipt of the Third Party Release.

<u>Objection to Proposed Findings ¶¶ 356 through 371; Findings Relevant to Wachovia</u>

WFBNA objects to the inclusion of specific findings of fact that recite only portions of the Stipulation. The Stipulation is already admitted in evidence and the Bankruptcy Court has already denied a request by the Plan Proponents' to "so order" the Stipulation. <u>See</u> Transcript of Record at 73:1-2, <u>In re Residential Capital, LLC</u>, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 22, 2013).

Should the Bankruptcy Court deem it appropriate to include excerpts from the Stipulation in its any findings of fact, WFBNA requests the inclusion of the entirety of the Stipulation including, but not limited to, the following findings omitted from Proposed Findings:

- As of May 14, 2013, the Ally Depositors maintained 40 accounts at WFBNA, and the Debtor Depositors maintained 33 accounts at WFBNA. (Stipulation at ¶ 3.)
- Winston is willing to provide unredacted copies of its invoices to the Court for in camera review. (<u>Id.</u> at ¶ 12).
- Winston did not respond to the December 18, 2012 letter Kirkland sent. (<u>Id.</u> at ¶ 13).
- Ally received WFBNA's December 21 letter on December 24, 2012. (<u>Id.</u> at ¶ 15).

Finally, WFBNA requests a finding clarifying that paragraph 4 of the Stipulation refer to May 14, *2012*, the petition date in the Bankruptcy Cases.

**OBJECTION TO PROPOSED FINDINGS ¶¶ 372 AND 373; WAIVER OF THE RULE 3020(E) STAY AND OBJECTION TO WAIVER OF RULE 3020(E) STAY**

WFBNA hereby objects to the waiver of the 14-day stay imposed by Bankruptcy Rule 3020(e) and objects to the finding that the waiver of the 14-day stay of effectiveness of the

Confirmation Order contained in Bankruptcy Rule 3020(e) is appropriate.  WFBNA is willing, however, to consent to a waiver of the 14-day stay under Rule 3020(e) to the extent the Plan Proponents agree or the Bankruptcy Court so orders that WFBNA's limited Objection to the Plan, which only objects to the release of WFBNA's rights under the Third Party Release against Ally and its non-debtor affiliates, is preserved and will not be mooted by the confirmation and occurrence of the effective date of the Plan.

WFBNA objects to any finding that no party has objected to the Plan Proponents' request for a waiver of the Rule 3020(e) stay.  WFBNA's counsel expressly reserved WBNA's right to object to the Rule 3020(e) waiver at the status conference held before the Bankruptcy Court on December 3, 2013.  See Transcript of Record at 36:6-9, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Dec. 3, 2013).  Given such reservation of rights and WFBNA's ongoing efforts in the Bankruptcy Cases to preserve claims against Ally in light of Ally's continuing attempt to bind WFBNA to a nonconsensual release of such claims (both of which are set forth in greater detail in WFBNA's Objection and Post-Trial Brief) WFBNA requests that the Court's findings regarding the applicability, if any, of a Rule 3020(e) waiver recognize such objection of WFBNA to confirmation and any Rule 3020(e) waiver.

### LIMITED OBJECTION TO SUPPLEMENTAL DECLARATION OF LEWIS KRUGER IN SUPPORT OF PLAN CONFIRMATION

WFBNA agrees with statement set forth in the Kruger Declaration that WFBNA is engaged in ongoing settlement discussions with Ally and the Plan Proponents, and WFBNA continues to be willing to waive any claim it may have against the Debtors for payment of unreimbursed fees and expenses solely to the extent WFBNA is able to preserve its claims against Ally and the non-debtor affiliates under the Deposit Agreement and the Purported Amendment, notwithstanding the Third Party Release.

WFBNA objects to the admission into evidence of the final sentence of paragraph 44 and the entirety of paragraph 45 of the Kruger Declaration (the "Objectionable Statements"). Specifically, Mr. Kruger was not retained by the Debtors until many months after the Petition Date and, as a disinterested party being hired as a debtor professional, had no involvement with Ally or the Debtors prior to his retention. Accordingly Mr. Kruger has no personal knowledge of his testimony contained in paragraph 45 of Kruger Declaration and such statements are hearsay, have no foundation and are speculative. The Objectionable Statements additionally contain legal conclusions, which is impermissible as evidence and is inconsistent with the Bankruptcy Court's direction at the Confirmation Hearing that Mr. Kruger not be asked nor provide answers to, questions that sought legal conclusions. See Transcript of Record at 194:4-9, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 19, 2013).

Further, the Objectionable Statement that the Purported Amendment was without Ally's consent contradicts the Stipulation, which clearly shows that deposit accounts of the Debtors and Ally remained open for more than 30 days period after WFBNA provided them with the Purported Amendment, and therefore, became effective by its terms. See Stipulation at ¶¶ 4, 5, and 8. In the case of Ally, its own accounts remained open over 18 months after notice of the effective date of the Purported Amendment. Id. at ¶¶ 5, 8.

Finally, the Objectionable Statements are outside the scope of any of Mr. Kruger's direct testimony, and WFBNA did not cross examine Mr. Kruger at the confirmation hearing because he offered no evidence with respect to WFBNA's claims. Neither Ally nor the Plan Proponents made any of the allegations Mr. Kruger is now making in their pleadings related to confirmation of the Plan. The "Direct AFI Obligations" (as defined in the WFBNA Objection) arising out of Ally's own deposit accounts should not be released, regardless of whether they also are found to

be "related to the Debtors." The Bankruptcy Court has already alluded to the Plan Proponents' recognition of this fact but questioned whether Ally similarly agreed. See Transcript of Record at 81:4-20, In re Residential Capital, LLC, No. 12-12020-mg (Bankr. S.D.N.Y. Nov. 25, 2013). Thus far, Ally has failed to respond to the Court's inquiry and thus the Court's question (like WFBNA's Objection) remains unresolved.

For the reasons set forth herein and in the Objection and Post-Trial Brief, Ally's "ResCap Guaranty Obligations" (as defined in the WFBNA Objection) should not be released by the Third Party Release despite any finding that they are "related to the Debtors." The Court should thus not confirm any plan that does not adequately deal with WFBNA's Objection.

## **NOTICE**

Notice of this Objection has been provided to all necessary parties in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141]. WFBNA submits that no other or further notice need be provided.

Dated: December 9, 2013
        New York, New York

**WINSTON & STRAWN LLP**

By: /s/ *Nathan P. Lebioda*
    James Donnell
    200 Park Avenue
    New York, NY  10166-4193
    Telephone:  (212) 294-6700
    Facsimile:  (212) 294-4700
    jdonnell@winston.com

    Nathan P. Lebioda
    100 North Tryon Street
    Charlotte, NC 28202-1078
    Telephone: (704) 350-7700
    Facsimile: (704) 350-7800
    nlebioda@winston.com

    *Attorneys for WFNBA*